

## ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
## UMBRELLA LIABILITY INSURANCE POLICY

**Policy No:  0305-8109**          **New/Renewal of: C012682/001**

## DECLARATIONS

ITEM 1:    A.       **NAMED INSURED:**    Lehman Brothers Holdings Inc.
           B.              ADDRESS:    1271 Avenue of the Americas
                                       New York, NY 10020

ITEM 2.                **POLICY PERIOD:**    INCEPTION DATE*: August 1, 2010
                                             EXPIRATION DATE*: August 1, 2011
                                             *12:01 A.M. STANDARD TIME AT THE ADDRESS STATED IN
                                             ITEM 1. B. ABOVE

ITEM 3.    LIMITS OF INSURANCE:
           A.         US$25,000,000    EACH OCCURRENCE LIMIT
           B.         US$25,000,000    GENERAL AGGREGATE LIMIT
           C.         US$25,000,000    PRODUCTS-COMPLETED OPERATIONS
                                       AGGREGATE LIMIT

ITEM 4.    NOTICES TO THE COMPANY:

           A.       ALL NOTICES OF    ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
                **OCCURRENCE**, CLAIM,    ATTN: CLAIMS DEPARTMENT
                       OR **SUIT**:    225 Franklin Street, 27th floor
                                       Boston, MA  02110

           B.    ALL OTHER NOTICES:    ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
                                       ATTN: GENERAL CASUALTY
                                       199 Water Street, 24th Floor
                                       New York, NY  10038

           C.    FACSIMILE (CLAIMS):    617-556-8060
           D.    E-MAIL (CLAIMS):    GenCasClaims@awac.com
           E.          FACSIMILE    646-794-0611
                      (ALL OTHER):

ITEM 5.    SELF-INSURED RETENTION    US$10,000

ITEM 6.    A.    ADVANCE PREMIUM:    REDACTED
           B.    MINIMUM PREMIUM:    BY COUNSEL
           C.    MINIMUM EARNED
                          PREMIUM:

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

ITEM 7.   A.   REPRESENTATIVE OF          Marsh USA Inc
               **INSURED:**
          B.   ADDRESS:                   1166 Avenue of the Americas
                                          New York, NY 10036

**IN WITNESS WHEREOF,** we have caused this policy to be executed and attested, but this policy will not
be valid unless countersigned by one of our duly authorized representatives, where required by law.

President                                  Asst. Secretary

**AUTHORIZED REPRESENTATIVE**

# FORMS SCHEDULE

The following forms and endorsements are made a part of this **policy**:

| Endorsement Number | Form Number | Title |
|---|---|---|
| | | |
| 1 | 00135 00 (11/05) | Schedule of Underlying Insurance |
| 2 | UM 00064 31 (07/08) | New York Amendatory Endorsement |
| 3 | UM 00006 00 (07/08) | Act of Terrorism Self-Insured Retention Endorsement |
| 4 | UM 00008 00 (07/08) | Industrial Aid Aircraft Limitation Endorsement |
| 5 | UM 00012 00 (07/08) | Designated Premises Limitation Endorsement |
| 6 | UM 00025 00 (07/08) | Lead Exclusion |
| 7 | UM 00029 00 (07/08) | Silica Exclusion Endorsement |
| 8 | UM 00036 00 (07/08) | Radioactive Matter Exclusion |
| 9 | UM 00045 00 (07/08) | Violation of Communication or Information Law Exclusion |
| 10 | UM 00046 00 (07/08) | Amendment of Various Personal Injury and Advertising Injury Exclusion |
| 11 | UM 00055 00 (07/08) | Construction Operations Exclusion (With Non-Structural Improvement Exception) |
| 12 | UM 00060 00 (07/08) | Directors and Officers Liability Exclusion |
| 13 | UM 00062 00 (07/08) | Knowledge of Occurrence Endorsement |
| 14 | UM 00066 00 (07/08) | Employee Benefits Liability Claims Made Version Endorsement Notice |
| 15 | UM 00068 00 (07/08) | Foreign Liability Limitation Endmt (W/Total Terrorism Exclusion Applicable to Specified Countries) |
| 16 | UM 00071 00 (07/08) | Employers' Liability Limitation Endorsement |
| 17 | UM 00074 00 (07/08) | Notice of Occurrence |
| 18 | UM 00081 00 (07/08) | Specified Operations Exclusion |
| 19 | UM 00085 00 (07/08) | Garagekeepers Legal Liability Limitation Endorsement |
| 20 | UM 00091 00 (10/08) | Auto Liability Limitation Endorsement |
| 21 | UM 00093 00 (10/08) | Aircraft Watercraft Exclusion Amendatory Endorsement |
| 22 | UM 00095 00 (10/08) | Additional Named Insured Endt |
| 23 | UM 00103 00 (11/08) | General Aggregate Per Location |
| 24 | UM 00130 00 (04/09) | Strategic Response Coverage Extension |
| 25 | UM 00145 00 (06/09) | Real Estate Suite Named Peril And Time Element Pollution Self-Insured Retention Endorsement |
| 26 | MANUSCRIPT | Broad Form Named Insured Endorsement |
| 27 | MANUSCRIPT | Commercial General Liability Limitation Endorsement (Applies only to Aurora bank) |
| 28 | MANUSCRIPT | Financial Institutions Exclusion Endorsement |
| 29 | MANUSCRIPT | Fungus Exclusion - Limited Exception for Good or Product Intended for Consumption |
| 30 | MANUSCRIPT | Professional Liability Exclusion (with limited exception for resultant BI PD) |

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS. | |

**Endorsement No: 1**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

# SCHEDULE OF UNDERLYING INSURANCE

| Type of Coverage | Insurer<br>Policy Number<br>Policy Period | Limits of Insurance | |
|---|---|---|---|
| General Liability | National Union Fire Insurance Company of Pittsburgh, Pa.<br>GL 457-30-23<br>August 1, 2010 - August 1, 2011 | US$1,000,000<br>US$2,000,000<br>US$2,000,000<br><br>US$1,000,000<br><br>US$1,000,000 | Each Occurrence<br>General Aggregate<br>Products-Completed Operations Aggregate<br>Employee Benefits Liability Each Claim<br>Employee Benefits Liability Annual Aggregate |
| Defense costs:<br>☐ Erode ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |
| General Liability | National Union Fire Insurance Company of Pittsburgh, Pa.<br>GL 457-30-24<br>August 1, 2010 - August 1, 2011 | US$1,000,000<br>US$2,000,000 | Each Common Cause<br>Aggregate |
| Defense costs:<br>☐ Erode ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Automobile Liability | National Union Fire Insurance Company of Pittsburgh, Pa.<br>CA 093-44-51<br>August 1, 2010 - August 1, 2011 | US$1,000,000 | Each Accident |
| Defense costs:<br>☐ Erode ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |

| | |
|---|---|
| **Risk Category 2** | **Risk Class Code: 2-13000** |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

| Employer Liability | National Union Fire Insurance Company of Pittsburgh, Pa. WC 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 & WC 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 August 1, 2010 - August 1, 2011 | US$1,000,000 US$1,000,000  US$1,000,000 | Bodily Injury Each Accident Bodily Injury By Disease - Each Employee Bodily Injury By Disease - Policy Aggregate |
|---|---|---|---|
| Defense costs:<br>☐ Erode  ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Foreign General Liability | ACE American Insurance Company PHFD37282236 November 30, 2009 - November 30, 2010 | US$1,000,000 US$1,000,000  US$1,000,000  US$1,000,000 | Each Occurrence Products-Completed Operations Aggregate Employee Benefits Liability Each Claim Employee Benefits Liability Annual Aggregate |
| Defense costs:<br>☐ Erode  ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Foreign Automobile Liability | ACE American Insurance Company PHFD37282236 November 30, 2009 - November 30, 2010 | US$1,000,000 | Each Accident |
| Defense costs:<br>☐ Erode  ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Foreign Employers Liability | ACE American Insurance Company PHFD37282236 November 30, 2009 - November 30, 2010 | US$1,000,000 US$1,000,000  US$1,000,000 | Bodily Injury Each Accident Bodily Injury By Disease - Each Employee Bodily Injury By Disease - Policy Aggregate |
| Defense costs:<br>☐ Erode  ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Foreign General Liability | ACE American Insurance Company TBD November 30, 2010 - November 30, 2011 | US$1,000,000 US$1,000,000  US$1,000,000  US$1,000,000 | Each Occurrence Products-Completed Operations Aggregate Employee Benefits Liability Each Claim Employee Benefits Liability Annual Aggregate |
| Defense costs:<br>☐ Erode  ☒ Do Not Erode<br>The Limits of Insurance listed in the policy above. | | | |
| | | | |

| Foreign Automobile Liability | ACE American Insurance Company TBD November 30, 2010 - November 30, 2011 | US$2,000,000 | Each Accident |
|---|---|---|---|
| Defense costs: ☐ Erode ☒ Do Not Erode The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Foreign Employers Liability | ACE American Insurance Company TBD November 30, 2010 - November 30, 2011 | US$1,000,000 US$1,000,000 US$1,000,000 | Bodily Injury Each Accident Bodily Injury By Disease - Each Employee Bodily Injury By Disease - Policy Aggregate |
| Defense costs: ☐ Erode ☒ Do Not Erode The Limits of Insurance listed in the policy above. | | | |
| | | | |
| Umbrella Aurora Bank f/k/a Lehman Brothers Bank and Woodlands Bank | National Union Fire Insurance Company of Pittsburgh, Pa. 71567252 July 1, 2010 - July 1, 2011 | US$30,000,000 US$30,000,000 | Each Occurrence General Aggregate |
| Defense costs: ☐ Erode ☒ Do Not Erode The Limits of Insurance listed in the policy above. | | | |
| | | | |
| General Liability Aurora Bank f/k/a Lehman Brothers Bank and Woodlands Bank | Great American Insurance Company TBD July 1, 2010 - July 1, 2011 | US$1,000,000 US$2,000,000 | Each Occurrence General Aggregate |
| Defense costs: ☐ Erode ☒ Do Not Erode The Limits of Insurance listed in the policy above. | | | |
| | | | |
| General Liability Aurora Bank f/k/a Lehman Brothers Bank and Woodlands Bank | Great American E & S Insurance Company TBD July 1, 2010 - July 1, 2011 | US$1,000,000 US$3,000,000 | Each Occurrence General Aggregate |
| Defense costs: ☐ Erode ☒ Do Not Erode The Limits of Insurance listed in the policy above. | | | |
| | | | |

All other terms and conditions of this policy remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

Endorsement No: 2

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. prevailing  time at the address of the **Named Insured** stated in Item 1. B. of the Declarations)

forms a part of Policy No.: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

By: Allied World Assurance Company (U.S.) Inc.


# NEW YORK AMENDATORY ENDORSEMENT

This endorsement modifies insurance coverage provided under the Umbrella Liability Insurance Policy.

A.  It is agreed that Paragraph D. **Cancellation** of Section **V. CONDITIONS** is deleted in its entirety and replaced by the following:

D.  **Cancellation**

   1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

   2.  We may cancel this policy. If we cancel because of non-payment of premium, we must mail or deliver to you and your authorized agent not less than twenty (20) days advance written notice stating when the cancellation is to take effect. If we cancel for any other reason, we must mail or deliver to you and your authorized agent not less than ninety (90) days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1. of the Declarations will be sufficient to prove notice.

   3.  If this policy has been in effect for sixty (60) days or is a renewal policy, we may only cancel the policy for the following reasons:

      a.  Nonpayment of premium;

      b.  Conviction of a crime arising out of acts increasing the hazard insured against;

      c.  Discovery of fraud or material misrepresentation in the obtaining of the policy or in the presentation of a claim thereunder;

      d.  After issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and that occurred subsequent to inception of the current **Policy Period**;

      e.  A determination by the Superintendent that continuation of our present premium volume would jeopardize our solvency or be hazardous to the interest of our policyholders, its creditors or the public;

      f.  A determination by the Superintendent that the continuation of the policy would violate, or would place us in violation of any provision of the Insurance Code; or

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

g.   There is a cancellation of one (1) or more underlying policies providing primary or intermediate coverage where the cancellation is based only upon one (1) of the aforementioned reasons.

4.   The **Policy Period** will end on the day and hour stated in the cancellation notice.

5.   If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the Minimum Premium shown in Item 6. of the Declarations.

6.   If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the short rate share of the Minimum Premium shown in Item 6. of the Declarations.

7.   Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter, but the cancellation will be effective even if we have not made or offered any refund of unearned premium. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

8.   The first **Named Insured** in Item 1. of the Declarations will act on behalf of all other **Insureds** with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

9.   Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law.

B.   The following is added to Section **V. CONDITIONS**:

**Nonrenewal**

If we decide not to renew this policy or conditionally renew this policy, we will mail or deliver written notice of nonrenewal to you not less than sixty (60) days but not more than one-hundred-twenty (120) days before the expiration date or anniversary if this is a continuous policy. Mailing that notice to you at your mailing address shown in Item 1. of the Declarations will be sufficient to prove notice.

The notice will include the specific reason(s) for nonrenewal or conditional renewal, including the amount of any premium increase for conditional renewal and description of any other changes.

All other terms and conditions of this policy remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 3**
This Endorsement, effective: August 1, 2010
                    (at 12:01 A.M. standard time at the address of the **Named Insured** as
                    shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

## ACT OF TERRORISM SELF-INSURED RETENTION ENDORSEMENT

Solely as respects **Act of Terrorism**, this policy is amended as follows:

A, ITEM 5. of the Declarations, SELF-INSURED RETENTION is amended to include the
following additional **Self Insured Retention**:

ACT OF TERRORISM SELF-INSURED RETENTION - $1,000,000 **Each Occurrence** (As
respects all liability covered under this policy arising out of any Act of Terrorism.) The Act of
Terrorism **Self-Insured Retention** will not be reduced or exhausted by **Defense Expenses**.

B. ITEM 6. of the Declarations, PREMIUM is amended to include the following:

ACT OF TERRORISM PREMIUM        $4,500

C. Section II. DEFENSE PROVISIONS, Paragraphs A.1., A.2. and C. are deleted in their
entirety, and Paragraph C. is replaced by the following:

C. We will have no duty to defend any claim or **Suit** against the **Insured**. We will, however,
have the right, but not the duty, to participate in the defense of any **Suit** and the
investigation of any claim to which this policy may apply. If we exercise this right, we will
do so at our own expense.

D. Section III. LIMITS OF INSURANCE, Paragraph G. is deleted in its entirety and replaced by
the following:

G. The Act of Terrorism **Self Insured Retention** applies whether or not there is any
applicable underlying insurance listed in the **Scheduled Underlying Insurance** or
applicable limits of any other insurance providing coverage to the **Insured**. If there is
applicable underlying insurance listed in the **Scheduled Underlying Insurance** or other
insurance providing coverage to the **Insured**, amounts received through such underlying
insurance or other insurance for payment of the **Loss** may be applied to reduce or
exhaust the Act of Terrorism **Self Insured Retention**. However, in no event will amounts
received through such underlying insurance or other insurance for the payment of
**Defense Expenses** reduce the Act of Terrorism **Self Insured Retention**.

E. Section VI. DEFINITIONS is amended to include the following additional definitions:

**Act of Terrorism** means:

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

1.   any act which is verified or recognized by the United States Government as an act of terrorism, including a certified "act of terrorism" defined by Section 102. Definitions., of the Terrorism Risk Insurance Act as amended; or

2.   the use or threatened use of force or violence against person or property, or commission of an act dangerous to human life or property, or commission of an act that interferes with or disrupts an electronic or communication system, undertaken by any person or group, whether or not acting on behalf of or in connection with any organization, government, power, authority or military force, when the effect is to intimidate, coerce or harm a government, the civilian population or any segment thereof, or to disrupt any segment of the economy.

**Defense Expenses** means any payment allocated to a specific **Loss**, claim or **Suit** for its investigation, settlement or defense, including but not limited to:

1. Attorney's fees and all other investigation, loss adjustment and litigation expenses;

2. Premiums on bonds to release attachments;

3. Premiums on appeal bonds required by law to appeal any claim or **Suit**;

4. Costs taxed against the Insured in any claim or **Suit**;

5. Pre-judgment interest awarded against the **Insured**; or

6. Interest that accrues after entry of judgment.

It is understood and agreed that if any other endorsement to this policy excludes terrorism liability arising in one or more specified countries, the provisions of such exclusion shall supersede this endorsement.

All other terms and conditions of this policy remain unchanged.

By: _____

**Todd Germano**

Title:    **President, U.S. Property and Casualty**

Date:    **November 8, 2010**

**Endorsement No: 4**
This Endorsement, effective: August 1, 2010
                            (at 12:01 A.M. standard time at the address of the **Named Insured** as
                            shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.


# INDUSTRIAL AID AIRCRAFT LIMITATION ENDORSEMENT


It is agreed that this policy is amended as follows:

1.    ITEM 5. SELF-INSURED RETENTION of the Declarations is amended to include the following
    additional **Self-Insured Retention**:

    $500,000,000 Industrial Aid Aircraft Self-Insured Retention/Each Occurrence. (As respects claims
    and **Suits** seeking damages for **Bodily Injury** or **Property Damage** arising out of the ownership,
    maintenance use, or entrustment to others of any **Industrial Aid Aircraft** owned or operated by or
    rented or loaned to any **Insured**. Use includes operation and loading and unloading).


2.  For the purpose of this endorsement only, Section II., "Defense Provisions", Paragraphs A. 1. and A.
    2., and D. are deleted in their entirety, and paragraph A. is replaced by the following:

    A.  We will have no duty to defend any **Suit** against the **Insured**. We will, however, have the right,
        but not the duty, to participate in the defense of any **Suit** and the investigation of any claim to
        which this policy may apply. If we exercise this right, we will do so at our own expense.


3.  Section III. "Limits of Insurance", is amended to include the following additional provision:

    The **Industrial Aid Aircraft Self-Insured Retention** applies whether or not there is any available
    **Scheduled Underlying Insurance** or **Other Insurance**. If there is **Scheduled Underlying
    Insurance** or **Other Insurance** applicable to the **Loss**, amounts received through such **Scheduled
    Underlying Insurance** or **Other Insurance** for payment of the **Loss** may be applied to reduce or
    exhaust the **Industrial Aid Aircraft Self-Insured Retention**. However, in no event will amounts
    received through such **Scheduled Underlying Insurance** or **Other Insurance** for the payment of
    **Defense Expenses** reduce the **Industrial Aid Aircraft Self-Insured Retention**.

    The **Industrial Aid Aircraft Self-Insured Retention** will not be reduced by **Defense Expenses**.


4.  For the purpose of this endorsement only and solely with respect to any and all references to aircraft,
    Section IV., "Exclusions", Paragraph A. **Aircraft and Watercraft** is deleted in its entirety and replaced
    by the following:

    A.  **Aircraft and Watercraft**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

This policy does not provide coverage for **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, use, or entrustment to others of any aircraft owned or operated by or rented or loaned to any **Insured**. Use includes operation and loading and unloading.

This exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**, if the **Occurrence** which caused the **Bodily Injury** or **Property Damage** involved the ownership, maintenance, use or entrustment to others of any aircraft that is owned or operated by or rented or loaned to any **Insured**.

This exclusion does not apply to **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance use, or entrustment to others of any **Industrial Aid Aircraft** owned or operated by or rented or loaned to any **Insured**. Use includes operation and loading and unloading.

This policy does not provide coverage for **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, use or entrustment to others of any watercraft owned or operated by or rented or loaned to any **Insured.** Use includes operation and loading and unloading.

This exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured,** if the **Occurrence** which caused the **Bodily Injury** or **Property Damage** involved the ownership, maintenance, use or entrustment to others of any watercraft that is owned or operated by or rented or loaned to any **Insured.**

This exclusion does not apply to a watercraft you do not own that is:

1.  less than 26 feet long; and

2.  not being used to carry persons or property for a charge.

5.  For the purpose of this endorsement only, the following definitions are added to Section VI., "Definitions":

**Defense Expenses** means any payment allocated to a specific **Loss**, claim or **Suit** for its investigation, settlement or defense, including but not limited to:

1. attorney's fees and all other investigation, loss adjustment and litigation expenses;

2. premiums on bonds to release attachments;

3. premiums on appeal bonds required by law to appeal any claim or **Suit**;

4. costs taxed against the **Insured** in any claim or **Suit**;

5. pre-judgment interest awarded against the **Insured**; and

6. interest that accrues after entry of judgment.

**Industrial Aid Aircraft** means aircraft with a maximum passenger capacity of twenty (20) persons (including crew) used solely for business travel of employees and their non fee paying passenger guests.

All other terms and conditions of this policy remain unchanged.

**By:**

Todd Germano

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 5**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

## DESIGNATED PREMISES LIMITATION ENDORSEMENT

It is agreed that the following paragraph is added under Section I., "Insuring Agreement-Commercial Umbrella Liability":

This insurance will apply to **Bodily Injury**, **Property Damage**, or **Personal Injury and Advertising Injury** arising out of:

1.  the ownership,  maintenance or use of the designated premises listed below or any property located on the premises listed below; or

2.  operations on the premises listed below or operations elsewhere that are necessary or incidental to the ownership, maintenance or use of the premises listed below.

Description and Location of Premises: As provided under endorsement CG 21 44 to the Primary National Union Fire Insurance Company of Pittsburgh, Pa. General Liability policy # GL 457-30-23, effective August 1, 2010-2011 and subject to all subsequent quarterly adjustments to be remitted to Allied World Assurance Company.

All other terms and conditions of this policy remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
| --- | --- |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 6**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.


# LEAD EXCLUSION

A.  It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Lead**

This policy does not provide coverage for:

Any liability arising out of **Lead** or any product(s) containing **Lead**.


B.  It is agreed that the following definition is added under Section VI., "Definitions":

**Lead** means:

1.   The substance commonly known as **Lead**; and

2.   Any substance or product which has the same or substantially similar chemical formulation, structure or function as **Lead**, by whatever name manufactured, formulated, structured, sold or distributed.

It is understood that to the extent any coverage may otherwise be provided under this policy or any of its endorsements, the provisions of this exclusion will supercede.


All other terms and conditions of this policy remain unchanged.

**By:**

_____
**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 7**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# SILICA EXCLUSION ENDORSEMENT

A.  It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Silica**

This policy does not provide coverage for:

Any liability arising out of **Silica**, **Silica** fiber(s) or **Silica Dust** or any products containing **Silica**, **Silica** fiber(s) or **Silica Dust**.

B.  It is agreed that the following definitions are added under Section VI., "Definitions":

**Silica** means:

1.  The substance commonly known as **Silica**; and

2.  Any substance or product which has the same or substantially similar chemical formulation, structure or function as **Silica**, by whatever name manufactured, formulated, structured, sold or distributed.

**Silica Dust** means:

1.  Dust comprising of **Silica** only; and

2.  Dust comprising of **Silica** mixed with other dust or fiber(s) including, but not limited to, asbestos fibers.

It is understood that to the extent any coverage may otherwise be provided under this policy or any of its endorsements, the provisions of this exclusion will supersede.

All other terms and conditions of this policy remain unchanged.

**By:**

_____
**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 8**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# RADIOACTIVE MATTER EXCLUSION

It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Radioactive Matter**

This policy does not provide coverage for any liability arising out of radioactive matter or any form of radiation.

It is understood that to the extent that any coverage may otherwise be provided under this policy or any of its endorsements, the provisions of this exclusion will supersede.

All other terms and conditions of this policy remain unchanged.

**By:**

_Todd J. Germano_

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 9**
This Endorsement, effective: August 1, 2010
                          (at 12:01 A.M. standard time at the address of the **Named Insured** as
                          shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.


## VIOLATION OF COMMUNICATION OR INFORMATION LAW EXCLUSION


It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Violation of Communication or Information Law**

This policy does not provide coverage for any liability arising out of any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, which prohibits or limits the sending, transmitting or communicating of material or information.

It is understood that to the extent any coverage may otherwise be available under this policy or any of its endorsements, the provisions of this exclusion will supersede.


All other terms and conditions of this policy remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**


| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** ||

**Endorsement No: 10**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

## AMENDMENT OF VARIOUS PERSONAL INJURY AND
## ADVERTISING INJURY EXCLUSION ENDORSEMENT

It is agreed that Paragraph 2. of Exclusion U. **Various Personal Injury and Advertising Injury** under
Section IV., "Exclusions" is deleted in its entirety and replaced by the following:

2.   arising out of oral, written or electronic publication, in any manner, of material if done by or at the
     direction of the **Insured** with knowledge of its falsity;

All other terms and conditions of this policy remain unchanged.

**By:**

_____
     **Todd Germano**

**Title:**     **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 11**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# CONSTRUCTION OPERATIONS EXCLUSION
## (WITH NON-STRUCTURAL IMPROVEMENT EXCEPTION)

A.  It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Construction Operations (With Non-Structural Improvement Exception)**

This policy does not provide coverage for any liability arising out of **Construction Operations**. This exclusion applies whether or not the **Construction Operations** have been completed or are ongoing.

However, this exclusion does not apply to **Bodily Injury** or **Property Damage** arising out of **Non-Structural Improvements** performed by or on behalf of the **Insured**.

B.  It is agreed that the following definitions are added under Section VI., "Definitions":

**Construction Operations** means any activity by or on behalf of any **Insured**, in any capacity, regarding, related to, or in support of the erection, remodeling, or structural repairing of a building on land.

**Non-Structural Improvements** means **Construction Operations** that do not relate to the erection, repair, improvement, or replacement of:

1.  building frames;

2.  building foundations;

3.  load-bearing walls;

4.  columns, girders, trusses, beams and spandrels that are necessary to the stability of the building structure; or

5.  any other element or component of a building necessary to the stability of the building structure.

**Non-Structural Improvements** include the installation, repair, improvement, and replacement of fixtures.

All other terms and conditions of this policy remain unchanged.

| Risk Category 2 | Risk Class Code: 2-13000 |
| --- | --- |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**By:**

      **Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 12**
This Endorsement, effective: August 1, 2010
                              (at 12:01 A.M. standard time at the address of the **Named Insured** as
                              shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# DIRECTORS AND OFFICERS LIABILITY EXCLUSION

It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Directors and Officers Liability**

This policy does not provide coverage for any liability of the **Named Insured** or of a director or officer of
the **Named Insured** arising out of any actual or alleged breach of duty, neglect, error, misstatement,
misleading statement, omission or act by such directors or officers in their respective capacities as such,
or any matter claimed against them solely by reason of their status or capacity as directors or officers of
the **Named Insured**.


All other terms and conditions of this policy remain unchanged.


**By:**

_____
     **Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH
FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE
LAW AND REGULATIONS.**

**Endorsement No: 13**
This Endorsement, effective: August 1, 2010
                              (at 12:01 A.M. standard time at the address of the **Named Insured** as
                              shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

## KNOWLEDGE OF OCCURRENCE ENDORSEMENT

It is agreed that the following condition is added under Section V., "Conditions":

**Knowledge of Occurrence Endorsement**

Notwithstanding any other provisions(s) in this policy to the contrary, and solely as respects any loss reporting requirements under this policy, it is understood that knowledge of **Occurrence** by the agent, servant, or employee of the **Insured** or any other person shall not in itself constitute knowledge by the **Insured**, unless the Risk Manager or Risk Management Department received notice from said agent, servant, employee or any other person.

All other terms and conditions of this policy remain unchanged.

**By:**

_Todd J. Germano_ (signature)

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

**Endorsement No: 14**
This Endorsement, effective: August 1, 2010
                              (at 12:01 A.M. standard time at the address of the **Named Insured** as
                              shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.


# EMPLOYEE BENEFITS LIABILITY LIMITATION CLAIMS MADE VERSION ENDORSEMENT

**NOTICE:** Please read this endorsement carefully. This endorsement provides coverage on a claims made basis. Except to the extent as may otherwise be provided herein, the coverage of this insurance is limited to liability for only those **Claims** that are first made during the **Policy Period** and reported in writing to us.

A.  It is agreed that the ITEM 2. of the Declarations is amended to include the following:

ITEM 2a.    RETROACTIVE DATE: August 1, 2002

B.  It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Employee Benefits Liability**

This insurance does not apply to any liability arising out of:

1.  any violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by **ERISA** or any similar law regarding workers' compensation, unemployment insurance, Social Security or any government-mandated disability benefits; or

2.  any act, error or omission committed by or on behalf of the **Insured** solely in the performance of one or more of the following administrative duties or activities:

a.  giving counsel to employees with respect to a **Plan**;

b.  interpreting a **Plan**;

c.  handling of records in connection with a **Plan**;

d.  effecting enrollment, termination or cancellation of employees under a **Plan**; or

e.  any **Claim** against an **Insured** solely by reason of his, her or its status as an administrator, the **Plan** or you as sponsor of the **Plan**.

However, this exclusion will not apply only if and to the extent that coverage for such liability is provided by **Scheduled Underlying Insurance**.

Solely as respects this endorsement, this policy will only provide coverage for a **Claim** made against the **Insured** during the **Policy Period**:

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

1.  If the insurance provided by **Scheduled Underlying Insurance** provides coverage for **Occurrences** occurring on or after a specified **Retroactive Date** for a **Claim** for damages because of **Bodily Injury**, **Property Damage**, or **Personal Injury and Advertising Injury** first made in writing against any **Insured** in accordance with Paragraph b) below during the **Policy Period** or any extended reporting period we provide and written notice is received by us during the **Policy Period** or extended reporting period (if applicable).

2.  A **Claim** by any person or organization seeking damages will be deemed to have been made at the earlier of the following times:

    a.  When notice of such **Claim** is received and recorded by any **Insured** in writing and reported to us during the **Policy Period** or any applicable extended reporting period; or

    b.  When we make settlement in accordance with Paragraph 1. above.

Notwithstanding the above, this insurance shall not apply to:

1.  any **Claim** alleging or arising out of an **Occurrence** committed on or after the **Retroactive Date** set forth in the **Schedule Underlying Insurance**, if the **Insured**, an officer, manager in your risk management, insurance or legal department or an employee who was authorized by you to give or receive notice of an **Occurrence**, knew as of the effective date shown above that such **Occurrence** could result in a **Claim**.

2.  any **Claim** alleging or arising out the same **Occurrence** or series of continuous, repeated or related **Occurrences** or alleging the same or similar facts, alleged or contained in any **Claim** which has been reported, or any **Occurrence** of which notice has been given, under any policy of which this policy is a renewal, replacement or succeeds in time.

3.  any **Claim** alleging or arising out of any **Claim** or **Suit** pending as of the effective date; or alleging or arising out of or relating to any fact, circumstance, situation or **Occurrence** alleged in such **Claim** or **Suit**.

Coverage under this policy for such liability will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

C.  It is agreed that the following definition is added under Section VI., "Definitions":

**Claim** means a written demand upon the **Insured** for compensatory damages or services and shall include the service of **Suit** or institution of arbitration proceedings against the **Insured**.

**ERISA** means the Employee Retirement Income Security Act of 1974 (including amendments relating to the Consolidated Omnibus Budget Reconciliation Act of 1985), and including any amendment or revisions thereto, or any similar common or statutory law of the United States, Canada or any state or jurisdiction anywhere in the world to which a plan is subject.

**Plan** means any plan, fund or program established anywhere in the world, regardless of whether it is subject to regulation under Title 1 of ERISA or meets the requirements for qualification under Section 401 of the Internal Revenue Code of 1986, as amended and which is:

1.  a welfare plan, as defined in **ERISA** or any similar law regarding  workers' compensation, unemployment insurance, Social Security or any government-mandated disability benefits;

2.  a pension plan as defined in **ERISA** or any similar law regarding workers' compensation, unemployment insurance, Social Security or any government-mandated disability benefits; or

3.  a combination of 1. and 2. above.

All other terms and conditions of this policy remain unchanged.

**By:**

_____

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 15**
This Endorsement, effective: August 1, 2010
                                (at 12:01 A.M. standard time at the address of the **Named Insured** as
                                shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.


# FOREIGN LIABILITY LIMITATION ENDORSEMENT
# (WITH TOTAL TERRORISM EXCLUSION APPLICABLE
# TO SPECIFIED COUNTRIES)

A.  It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Foreign Liability**

This policy does not provide coverage for **Bodily Injury**, **Property Damage,** or **Personal Injury and Advertising Injury** that occurs outside the United States of America, its territories and possessions, Puerto Rico and Canada.

However, if insurance for such **Bodily Injury**, **Property Damage**, or **Personal Injury and Advertising Injury** is provided by a policy listed in the **Scheduled Underlying Insurance**:

1.  This exclusion shall not apply; and

2.  Coverage under this policy for such **Bodily Injury**, **Property Damage**, or **Personal Injury and Advertising Injury** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

Notwithstanding 1. and 2. above, this policy does not apply to **Loss**, injury, damage, claim or **Suit**, arising directly or indirectly as a result of or in connection with **Terrorism** that occurs in the following countries:

Afghanistan, Algeria, Bahrain, Bangladesh, Bosnia-Herzegovina, Burma, Burundi, Central African Republic, Colombia, Comoros, Congo (Brazzaville), Congo (DRC), Cote d' Ivoire, Cuba, Egypt, Georgia, Guinea-Bissau, Haiti, India, Indonesia, Iran, Iraq, Israel, Jordan, Kenya, Kuwait, Kyrgyzstan, North Korea, Lebanon, Liberia, Libya, Macedonia, Morocco, Nepal, Niger, Nigeria, Pakistan, Palestinian Authority, Peru, Philippines, Qatar, Russia, Saudi Arabia, Serbia-Montenegro, Somalia, Spain, Sri Lanka, Sudan, Syria, Thailand, Turkey, Uganda, United Kingdom, Uzbekistan, Venezuela, Yemen or Zimbabwe.

It is understood that to the extent any coverage may otherwise be provided for these above listed countries under this policy or any of its endorsements, the provisions of this exclusion will supersede.

B.  It is agreed that the following definition is added under Section VI., "Definitions":

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Terrorism** means the use or threatened use of force or violence against person or property, or commission of an act dangerous to human life or property, or commission of an act that interferes with or disrupts an electronic or communication system, undertaken by any person or group, whether or not acting on behalf of or in any connection with any organization, government, power, authority or military force, whether the effect is to intimidate, coerce or harm:

1. A government;

2. The civilian population of a country, state or community; or

3. To disrupt the economy of a country, state or community.

All other terms and conditions of this policy remain unchanged.

**By:**

_____

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 16**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

## EMPLOYERS' LIABILITY LIMITATION ENDORSEMENT

It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Employers' Liability**

This policy does not provide coverage for any **Bodily Injury** to any employee of the **Insured** arising out of and in the course of the employee's employment by the **Insured**.

However, if insurance for such **Bodily Injury** is provided by a policy listed in the **Scheduled Underlying Insurance**:

1.  This exclusion shall not apply; and

2.  Coverage under this policy for such **Bodily Injury** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

All other terms and conditions of this policy remain unchanged.

**By:**

_Todd J. Germano_ (signature)
_____

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

**Endorsement No: 17**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

# NOTICE OF OCCURRENCE

It is agreed that Section V., "Conditions", Paragraph G. **Duties in the Event of an Occurrence, Claim or Suit** is amended to include the following provision:

5.  Your failure to give first report of a claim to us will not invalidate coverage under this policy if the **Loss** was inadvertently reported to another insurer. However, you will report any such **Occurrence** to us within a reasonable time once you become aware of such error.

All other terms and conditions of this policy remain unchanged.

**By:**

Todd Germano

**Title:    President, U.S. Property and Casualty**

**Date:    November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 18**

This Endorsement, effective: August 1, 2010

> (at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

# SPECIFIED OPERATIONS EXCLUSION

It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Specified Operations**

This policy does not provide coverage for any liability arising out of the following operations of the **Insured**:

---

**Description of Operations:** "Energy Trading Operations"

"Energy Trading Operations" shall mean the actual and direct trading or ownership of energy products including, but not limited to, electric, oil, gas, wind, natural gas or coal products, securities, futures or commodities. "Energy Trading Operations" do not include activities incidental to such trading operations, premises liability or liability which is not caused by the insured's actual or direct trading or ownership of energy products.

---

All other terms and conditions of this policy remain unchanged.

**By:**

Todd J. Germano (signature)

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 19**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# GARAGE KEEPERS LEGAL LIABILITY LIMITATION ENDORSEMENT

It is agreed that Exclusion E. **Damage to Property** under Section IV., "Exclusions" is amended to include
the following additional provision:

Subparagraph 4. of this exclusion does not apply to any liability arising out of **Property Damage** to
an **Auto** while such vehicle is on the **Insured's** premises or in any other way in the care, custody or
control of the **Insured** if such coverage is provided by **Scheduled Underlying Insurance**.
Coverage under this policy for such **Property Damage** will follow the terms, definitions, conditions
and exclusions of **Scheduled Underlying Insurance,** subject to the **Policy Period,** Limits of
Insurance, premium and all other terms, definitions, conditions and exclusions of this policy.
Provided, however, that coverage provided by this policy will be no broader than the coverage
provided by **Scheduled Underlying Insurance.**

All other terms and conditions of this policy remain unchanged.

**By:**

_____
**Todd Germano**

**Title:**   **President, U.S. Property and Casualty**

**Date:**   **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 20**
This Endorsement, effective: August 1, 2010
(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the
Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

## AUTO LIABILITY LIMITATION ENDORSEMENT

It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Auto Liability**

This policy does not provide coverage for any liability arising out of the ownership, maintenance, use or
entrustment to others of any **Auto** owned or operated by or rented or loaned to any **Insured**. Use
includes the operation and the loading and unloading of the **Auto**.

However, this exclusion will not apply if coverage is provided by a policy listed in the **Scheduled
Underlying Insurance**.

Coverage under this policy for such **Bodily Injury** or **Property Damage** will follow the terms, definitions,
conditions and exclusions of such **Scheduled Underlying Insurance**, subject to the **Policy Period**,
Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy.
Provided, however, that coverage provided by this policy will be no broader than the coverage provided
by **Scheduled Underlying Insurance**.

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

All other terms and conditions of this policy remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 21**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

# AIRCRAFT AND WATERCRAFT EXCLUSION AMENDATORY ENDORSEMENT

It is agreed that this policy is amended as follows:

Section **IV. EXCLUSIONS**, Paragraph A. **Aircraft and Watercraft** is deleted in its entirety and replaced by the following:

A. **Aircraft and Watercraft**

This policy does not provide coverage for **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, use, or entrustment to others of any aircraft or watercraft owned or operated by or rented or loaned to any **Insured**. Use includes the operation and the loading and unloading of the aircraft or watercraft.

This exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**, if the **Occurrence** which caused the **Bodily Injury** or **Property Damage** involved the ownership, maintenance, use or entrustment to others of any aircraft or watercraft that is owned or operated by or rented or loaned to any **Insured**.

However, if insurance for such **Bodily Injury** or **Property Damage** for watercraft is provided by **Scheduled Underlying Insurance**:

1. this exclusion shall not apply with respect to watercraft only; and

2. coverage for watercraft under this policy for such **Bodily Injury** or **Property Damage** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

This exclusion does not apply to a watercraft you do not own that is:

1. less than 100 feet long; and

2. not being used to carry persons or property for a charge.

| Risk Category 2 | Risk Class Code: 2-13000 |
| --- | --- |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

All other terms and conditions of this policy remain unchanged.

**By:**

_____

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 22**

This Endorsement, effective: August 1, 2010

          (at 12:01 A.M. standard time at the address of the **Named Insured** as
          shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

## ADDITIONAL NAMED INSURED ENDORSEMENT

It is agreed that ITEM 1. of the Declarations is amended to include the following entity(ies) listed below as
**Named Insured(s)** under this policy:

| Entity(ies): |
| --- |
| Lehman Brothers Holdings Inc. as a Debtor-in-Possession as used in Chapter 11 of the United States Bankruptcy Code, but only if such entity is a Named Insured under applicable Scheduled Underlying Insurance and not for broader coverage than would be afforded by such Scheduled Underlying Insurance. |

All other terms and conditions of this policy remain unchanged.

**By:**

_____

     **Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
| --- | --- |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**Endorsement No: 23**
This Endorsement, effective: August 1, 2010
                              (at 12:01 A.M. standard time at the address of the **Named Insured** as
                              shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

## GENERAL AGGREGATE LIMIT OF INSURANCE PER LOCATION ENDORSEMENT

It is agreed that Section III., "Limits of Insurance" Paragraph B. is amended to include the following additional provision:

The General Aggregate Limit of Insurance shown in Item 3.B. of the Declarations applies separately to each location for which coverage applies under this policy if:

1.   You are obligated by written contract to procure a separate Limit of Insurance for such location(s); and

2.   The **Scheduled Underlying Insurance** also provides a separate Limit of Insurance for such location(s).

However, the insurance provided under this policy will not exceed the lesser of the Limits of Insurance of this policy or the minimum Limits of Insurance you agreed to procure in such written contract.

All other terms and conditions of this policy remain unchanged.

**By:**

_____
      **Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

**Endorsement No: 24**
This Endorsement, effective: August 1, 2010
                            (at 12:01 A.M. standard time at the address of the **Named
                            Insured** as shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# STRATEGIC RESPONSE COVERAGE EXTENSION

I.  It is agreed that Section **I. INSURING AGREEMENT – COMMERCIAL UMBRELLA LIABILITY**
    is amended by adding the following:

    **INSURING AGREEMENT – STRATEGIC RESPONSE**

    A.  We will pay on behalf of the **Insured Strategic Response Costs** arising from a **Strategic Management Event** first commenced during the **Policy Period**, up to the amount of the **Strategic Response Costs** Limit of Liability set forth in this Endorsement.

    B.  We will pay **Strategic Management Loss** directly to third parties at the request of and on behalf of the **Insured** arising from a **Strategic Management Event** first commenced during the **Policy Period**, up to the amount of the **Strategic Management Loss** Limit of Liability set forth in this Endorsement.

    C.  A **Strategic Management Event** will be deemed to first commence at the time during the **Policy Period** when an **Executive** first becomes aware of an **Occurrence** that gives rise to a **Strategic Management Event** and will end when we determine that any one of the necessary elements listed in the definition of a **Strategic Management Event** no longer exists or when the **Strategic Management Loss** Limit of Liability has been exhausted.

    D.  There will be no **Retained Limit** applicable to **Strategic Response Costs** or **Strategic Management Loss**.

    E.  Any payment by us of **Strategic Response Costs** or **Strategic Management Loss** pursuant to the terms of this Endorsement will not (1) constitute a determination of any of our rights or obligations under any other part of this policy; (2) create any duty to defend any claim or **Suit** under any other part of this policy; or (3) create a waiver of any right or defense we have with respect to the coverage provided by any part of this policy, including those set forth in Condition G. of this policy.

II.  It is agreed that ITEM 3. LIMITS OF INSURANCE of the Declarations is amended by adding the following:

        D.    US$250,000 **Strategic Response Costs** Limit of Liability

        E.    US$50,000   **Strategic Management Loss** Limit of Liability

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

III.  It is agreed that Section **III. LIMITS OF INSURANCE** is amended by adding the following:

**LIMITS OF INSURANCE – STRATEGIC RESPONSE**

   A.  The **Strategic Response Costs** Limit of Liability stated in Item 3. D. of the Declarations is the most we will pay for all **Strategic Response Costs** under this policy regardless of the number of **Strategic Management Events** first commenced during the **Policy Period**.

   B.  The **Strategic Management Loss** Limit of Liability stated in Item 3. E. of the Declarations is the most we will pay for all **Strategic Management Loss** under this policy regardless of the number of **Strategic Management Events** first commenced during the **Policy Period**.

   C.  The **Strategic Response Costs** Limit of Liability and the **Strategic Management Loss** Limit of Liability are in addition to, and are not part of, the Aggregate Limit of Insurance shown in Item 3. of the Declarations.

IV.  It is agreed that Section **V. CONDITIONS**, Paragraph G. is amended by adding the following:

**CONDITIONS – STRATEGIC RESPONSE**

You must report any **Strategic Management Event** to us  as soon as practicable, but no later than thirty (30) days after an **Executive** first becomes aware of an **Occurrence** that gives rise to a **Strategic Management Event** to be eligible for the payment of **Strategic Response Costs** and **Strategic  Management Loss**.

Notice of a **Strategic Management Event** may be given by calling 1-877-300-AWAC. If notice is given by telephone, written notice will be given as soon as practicable thereafter. Written notice should include:

1.  how, when and where the **Strategic Management Event** is taking or took place;

2.  the names and addresses of any injured persons and any witnesses; and

3.  the nature and location of any injury or damage arising out of the **Strategic Management Event**.

Written notice should be mailed or delivered to:

Allied World Assurance Company (U.S.) Inc.
199 Water Street, 24th Floor
New York, NY 10038
Attention:  General Casualty Claims Supervisor

V. It is agreed that Section **VI. DEFINITIONS** is amended by adding the following:

**DEFINITIONS – STRATEGIC RESPONSE**

A. **Executive** means the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, President, General Counsel or general partner (if the **Named Insured** is a partnership) or sole proprietor (if the **Named Insured** is a proprietorship) of the **Named Insured**.    **Executive** also means any other person holding a title designated by you, approved by us and shown by endorsement to this policy.

B. **Strategic Management Event** means an **Occurrence** that in the absence of **Strategic Management Services** and in the good faith opinion of an **Executive** of the **Named Insured** has or may result in:

    1.    damages covered by this policy that are in excess of the total applicable limits of **Scheduled Underlying Insurance** or the **Self-Insured Retention**; and

    2.    significant adverse regional or national media coverage.

    **Strategic Management Event** will include man-made disasters such as explosions, major crashes, multiple deaths, burns, dismemberment, traumatic brain injury, permanent paralysis, or contamination of food, drink or pharmaceuticals, provided that the damages arising out of any of the aforementioned are reasonably likely to be covered under this policy.

C. **Strategic Management Firm** means:

    1.    any firm that is listed in Schedule A – Strategic Management Firms,  attached to and forming part of this policy; or

    2.    any firm for which we, in our sole discretion, have provided prior written approval to the **Named Insured**,

    which is hired by you to perform **Strategic Management Services** in connection with a **Strategic Management Event**.

D. **Strategic Management Loss** means the following amounts incurred during a **Strategic Management Event**:

    1.    amounts for the reasonable and necessary fees and expenses incurred by a **Strategic Management Firm** in the performance of **Strategic Management Services** for the **Named Insured,** solely arising from a covered **Strategic Management Event**; and

    2.    amounts for reasonable and necessary printing, advertising, mailing of materials, or travel by directors, officers, employees or agents of the **Named Insured** or a **Strategic Management Firm** incurred at the direction of a **Strategic Management Firm**, solely arising from a covered **Strategic Management Event**.

E. **Strategic Management Services** means those services performed by a **Strategic Management Firm** in advising the **Named Insured** on minimizing potential harm to the **Named Insured** from a covered **Strategic Management Event** by maintaining and restoring public confidence in the **Named Insured**.

F. **Strategic Response Costs** means the following reasonable and necessary expenses incurred during a **Strategic Management Event** directly caused by a **Strategic Management Event**, provided that such expenses have been pre-approved by us and may be associated with damages that are reasonably likely to  be covered by this policy:

   1.    medical expenses;

   2.    funeral expenses;

   3.    psychological counseling;

   4.    travel expenses;

   5.    temporary living expenses;

   6.    expenses to secure the scene of a **Strategic Management Event**; and

   7.    any other expenses pre-approved by us.

**Strategic Response Costs** does not include defense costs or **Strategic Management Loss**.


All other terms and conditions of this policy remain unchanged.


**By:**

_____

   **Todd Germano**

**Title:**   **President, U.S. Property and Casualty**

**Date:**   **November 8, 2010**

**Schedule A**

**Strategic Management Firms***

**Communications / Public Relations Firms**

| FIRM/ADDRESS | CONTACT INFORMATION |
| --- | --- |

| **The Abernathy MacGregor Group, Inc.** |
| --- |

| New York Office: | Jim MacGregor |
| 501 Madison Avenue | Vice Chairman |
| New York, NY 10022 | Office: (212) 371-5999 |
| www.abmac.com | Cell: (646) 236-3271 |
| | Home: (212) 343-0818 |
| | Office Fax: (212) 752-0723 |
| | Home Fax: (646) 613-7033 |
| | Email: jtm@abmac.com |
| | |
| | Rhonda Barnat |
| | Managing Director |
| | Office: (212) 371-5999 |
| | Cell: (917) 912-6378 |
| | Home: (646) 478-8740 |
| | Office Fax: (212) 752-0723 |
| | Email: rb@abmac.com |
| | |
| | Mike Pascale |
| | Managing Director |
| | Office: (212) 371-5999 |
| | Cell: (917) 860-2048 |
| | Home: (914) 472-0810 |
| | Office Fax: (212) 752-0723 |
| | Home Fax: (914) 472-0559 |
| | Email: mmp@abmac.com |
| | |
| Los Angeles Office: | Ian Campbell |
| 707 Wilshire Boulevard | Managing Director |
| Suite 3950 | Office: (213) 630-6550 |
| Los Angeles, CA 90017 | Cell: (213) 422-7958 |
| | Home: (818) 957-5650 |
| | Office Fax: (213) 489-3443 |
| | Home Fax: (818) 541-0954 |
| | Email: idc@abmac.com |

| FIRM/ADDRESS | CONTACT INFORMATION |
|---|---|

**Singer Associates, Inc.**

140 Second Street
Sixth Floor
San Francisco, CA 94105
www.singer-associates.com

Sam Singer
President
Office: (415) 227-9700 x 101
Cell: (415) 336-4949
Home: (510) 644-3636
Email:  singer@singersf.com

Adam Alberti
Executive Vice President
Office: (415) 227-9700 x 105
Cell: (415) 225-2443
Home: (650) 620-9120
Email: adam@singersf.com

Courtney Lodato
Vice President
Office: (415) 227-9700 x 109
Cell: (415) 378-4382
Home: (650) 931-4694
Email: courtney@singersf.com

Jason Barnett
Vice President
Office: (415) 227-9700 x 106
Cell: (415) 999-0917
Home: (415) 644-0800
Email: barnett@singersf.com

Charles Goodyear
Senior Account Supervisor
Office: (415) 227-9700 x 111
Cell: (415) 637-8671
Home: (415) 409-6909
Email: charlie@singersf.com

**Zeno Group**

<u>Washington, D.C. Office</u>:
3222 N Street, NW
Suite 500
Washington, DC  20007

Phil Armstrong
Chief Operating Officer
Main: (202) 965-7801
Cell: (202) 669-9926
Home:  202) 333-0589
Fax: (202) 298-5611
Email: phil.armstrong@zenogroup.com

<u>New York City Office</u>:
200 Park Avenue South
Suite 1603
New York, NY  10003

Main: (212) 299-8955

**Investigative and Security Firm**

| FIRM/ADDRESS | CONTACT INFORMATION |
|---|---|
| **Kroll** | |

1166 Avenue of the Americas
New York, NY 10036
www.kroll.com

Timothy V. Horner
Managing Director
Office:  (212) 833-3366
Cell: (646) 739-9428
Fax: (212) 948-4222
Email:  thorner@kroll.com

\* We do not endorse the firms listed nor warrant the services they provide.

**Endorsement No: 25**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

# REAL ESTATE SUITE[SM]
## NAMED PERIL AND TIME ELEMENT POLLUTION
## SELF-INSURED RETENTION ENDORSEMENT

It is agreed that this policy is amended as follows:

A.  Section IV. **EXCLUSIONS**, Paragraph Q. **Pollution** is deleted in its entirety and replaced by the following:

Q.  **Pollution**

This policy does not provide coverage for:

1.  any **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **Pollutants** anywhere at any time;

2.  any loss, cost or expense arising out of any request, demand, order or statutory or regulatory requirement that the **Insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **Pollutants**; or

3.  any loss, cost or expense arising out of any claim or **Suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **Pollutants**.

However, Paragraph 1. of this exclusion will not apply to:

1)  **Bodily Injury** or **Property Damage** arising out of any discharge, dispersal, seepage, migration, release or escape of **Pollutants** directly or indirectly caused by fire (including heat, smoke or fumes from a **Hostile Fire**), explosion, lightning, windstorm, vandalism or malicious mischief, riot or civil commotion, flood, earthquake, automatic sprinkler leakage, collision or upset of an **Auto** or **Mobile Equipment** or aircraft;

2)  **Bodily Injury** sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment used to heat water for personal use, by the building's occupants or their guests or arising out of carbon dioxide or carbon monoxide inhalation due to improper circulation of air;

3)  **Bodily Injury** or **Property Damage** arising out of the escape of fuels, lubricants or other operating fluids that are needed to perform normal electrical, hydraulic or mechanical

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

functions necessary for the operation of **Mobile Equipment** or its parts if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them.  This exception does not apply if the **Bodily Injury** or **Property Damage** arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured contractor or subcontractor;

4) **Bodily Injury** or **Property Damage** sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor;

5) **Bodily Injury** or **Property Damage** arising out of fuels, lubricants, fluids, exhaust gases or other similar **Pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of an **Auto** or its parts, if:

   a. the **Pollutants** escape, seep, migrate, or are discharged, dispersed or released directly from an **Auto** part designed by its manufacturer to hold, store, receive or dispose of such **Pollutants**; and

   b. the **Bodily Injury** or **Property Damage** does not arise out of the operation of any equipment shown in Paragraphs 6b and 6c of the definition of **Mobile Equipment**;

6) **Bodily Injury** or **Property Damage** arising out of any chemical, compound or material used for the maintenance of a swimming pool, whirlpool, or spa, including but not limited to: chlorine, hydrochloric acid, bromine, sodium hydroxide, sodium bicarbonate, soda ash, diatomaceous earth, muriatic acid;

7) **Bodily Injury** sustained within a building and caused by materials or equipment used or installed for the purpose of complying with generally accepted green building standards.

8) **Bodily Injury** or **Property Damage** arising out of any discharge, dispersal, seepage, migration, release or escape of **Pollutants** and included within the **Products-Completed Operations Hazard** provided that **Your Product** or **Your Work** has not at any time been:

   a. discarded, dumped, abandoned, thrown away; or

   b. transported, handled, stored, treated, disposed of or processed as waste;

   by anyone;

9) **Bodily Injury** or **Property Damage** arising out of any discharge, dispersal, seepage, migration, release or escape of **Pollutants** directly caused by pesticide, herbicide, or fungicide application, but only when applied solely for the purpose of building maintenance and upkeep and only when applied by a licensed contractor(s), other than the **Insured**, in compliance with applicable local, state and federal environmental laws and/or regulations; or

10) **Bodily Injury** or **Property Damage** arising out of any discharge, dispersal, seepage, migration, release or escape of **Pollutants** that meets all of the following conditions:

   a. It was accidental and neither expected nor intended by the **Insured**.  This condition would not serve to deny coverage for a non-routine incident where such discharge, dispersal, seepage, migration, release or escape of pollutants was a result of an attempt by the **Insured** to mitigate or avoid a situation where substantial third party **Bodily Injury** or **Property Damage** could occur;

b.  It was demonstrable as having commenced on a specific date during the **Policy Period**;

c.  Its commencement became known to the **Insured** within thirty (30) calendar days;

d.  Its commencement was reported in writing to us within ninety (90) calendar days of becoming known to any officer of the **Insured**; any manager in your risk management, insurance or legal department; any employee who was authorized by you to give or receive notice of an **Occurrence**, claim or **Suit**; or any **Insured** authorized or responsible to report the commencement; and

e.  Reasonable effort was expended by the **Insured** to terminate the discharge, dispersal, seepage, migration, release or escape of **Pollutants** as soon as conditions permitted.

However, nothing contained in this endorsement will operate to provide any coverage with respect to:

1.  Any site or location principally used by the **Insured**, or by others on the **Insured's** behalf, for the handling, storage, disposal, dumping, processing or treatment of waste material;

2.  Any fines or penalties;

3.  Any clean up **Loss**, cost or expense arising out of any governmental request, demand, order or statutory or regulatory requirement.  However, this provision c. will not apply to third party clean up **Loss**, cost or expense otherwise covered by this endorsement that are also the subject of a governmental request, demand, order or statutory or regulatory requirement;

4.  Acid rain or acid runoff;

5.  Clean-up, removal, containment, treatment, detoxification or neutralization of **Pollutants** situated on premises which the **Insured** owns, rents or occupies at the time of the actual discharge, dispersal, seepage, migration, release or escape of said **Pollutants**; or

6.  Any **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury**, or any **Loss**, cost or expense arising out of any discharge, dispersal, seepage, migration, release or escape of **Pollutants** in knowing violation of or non compliance with governmental permits.

B.  ITEM 5. SELF-INSURED RETENTION of the Declarations, is amended to include the following additional provision:

$1,000,000 Each Occurrence (As respects all damages arising out of any discharge, dispersal, seepage, migration, release or escape of **Pollutants** covered under this endorsement).  This **Self-Insured Retention** will not be reduced by **Defense Expenses**.

The above **Self-Insured Retention** applies whether or not there is any available **Scheduled Underlying Insurance** or **Other Insurance**.  If there is **Scheduled Underlying Insurance** or **Other Insurance** applicable to a **Loss**, amounts received through such **Scheduled Underlying Insurance** or **Other Insurance** for payment of the **Loss** may be applied to reduce or exhaust the above **Self-Insured Retention** if such policies were purchased by the **Named Insured** to specifically apply as underlying insurance to this policy.  However, in no event will amounts received through such **Scheduled Underlying Insurance** or **Other Insurance** for the payment of **Defense Expenses** reduce the above **Self-Insured Retention**.

C. **Section II. DEFENSE PROVISIONS**, Paragraphs A. and D. are deleted in their entireties and Paragraph A. is replaced by the following:

A. We will have no duty to defend any **Suit** against the **Insured** until the above **Self-Insured Retention** is exhausted by payment of **Loss.** We will, however, have the right, but not the duty, to participate in the defense of any **Suit** and the investigation of any claim to which this endorsement may apply. If we exercise this right, we will do so at our own expense.

D. For the purpose of this endorsement only, **Section VI. DEFINITIONS** is amended to include the following additional definition:

**Defense Expenses** means a payment allocated to defend a specific **Suit**, including but not limited to:

1. attorneys' fees and all other investigation, loss adjustment and litigation expenses;

2. premiums on bonds to release attachments;

3. premiums on appeal bonds required by law to appeal any claim or **Suit**;

4. court costs taxed against the **Insured** in any **Suit**;

5. pre-judgment interest awarded against the **Insured**; and

6. interest that accrues after entry of judgment.

All other terms and conditions of this policy remain unchanged.

By:

_____
**Todd Germano**

Title: **President, U.S. Property and Casualty**

Date: **November 8, 2010**

**Endorsement No: 26**

This Endorsement, effective: August 1, 2010
                               (at 12:01 A.M. standard time at the address of the **Named Insured** as
                               shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# BROAD FORM NAMED INSURED ENDORSEMENT

It is agreed that Section **VI. DEFINITIONS,** Paragraph J. **Named Insured** is deleted in its entirety and
replaced by the following:

J.  **Named Insured** means:

    1.  the person or organization first named as the **Named Insured** in Item 3. of the Declarations (the
        "First Named Insured");

    2.  any other person or organization named as a **Named Insured** in Item 3. of the Declarations;

    3.  all entities that are wholly or partially owned by any **Named Insured;**

    4.  any entity (including any entity over which the Named Insured does not exercise active
        managerial control but in which it has a financial or operational interest) described in a . through f.
        below, as now or hereafter formed or acquired:

          a.  subsidiaries,
          b.  affiliates,
          c.  associated or allied companies,
          d.  limited liability companies,
          e.  corporations, and
          f.  partnership or joint ventures;

    5.  any subsidiary of an entity described in paragraph 4. above.

    Solely as respects paragraphs 4. and 5. of this endorsement:

    a.  Coverage is provided only for the real estate operations of either the entity formed or the entity
        covered pursuant to a written obligation, As used in this definition, "real estate operations" means
        the ownership, management or maintenance of the premises, and operations on the premises or
        elsewhere which are necessary or incidental to the ownership, management or maintenance of
        the premises; and

    b.  No person or organization is an **Insured** by virtue of the provisions of this endorsement who is
        not an **Insured** under applicable **Scheduled Underlying Insurance.**

| Risk Category 2 | Risk Class Code: 2-13000 |
| --- | --- |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** ||

All other terms and conditions of this **policy** remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 27**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as
shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

## COMMERCIAL GENERAL LIABILITY LIMITATION ENDORSEMENT
## (LIMITED APPLICABILITY)

Solely with respect to Aurora Bank, FSB, it is agreed that the following exclusion is added under Section
IV., "Exclusions":

**Commercial General Liability**

This policy does not provide coverage for Commercial General Liability.

However, if insurance for Commercial General Liability is provided by **Scheduled Underlying Insurance**
policy number 71567252 and its renewal issued by National Union Fire Insurance Company of Pittsburgh,
PA. :

1.  This exclusion shall not apply; and

2.  Coverage under this policy will follow the terms, definitions, conditions and exclusions of **Scheduled
    Underlying Insurance** policy number 71567252 and its renewal issued by National Union
    Fire Insurance Company of Pittsburgh, PA, subject to the **Policy Period**, Limits of Insurance, premium
    and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that
    coverage provided by this policy will be no broader than the coverage provided by **Scheduled
    Underlying Insurance** policy number 71567252 and its renewal issued by National Union Fire
    Insurance Company of Pittsburgh, PA.

All other terms and conditions of this **policy** remain unchanged.

**By:**

_____

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

| Risk Category 2 | Risk Class Code: 2-13000 |
| --- | --- |
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** ||

**Endorsement No: 28**

This Endorsement, effective: August 1, 2010

(at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

## FINANCIAL INSTITUTIONS EXCLUSION ENDORSEMENT

It is agreed that the following exclusion is added under Section IV., "Exclusions":

**Financial Institutions**

A.  This policy does not provide coverage for:

1.  **Bodily Injury** or **Property Damage** to or arising out of any property held by or in the care, custody or control of the **Insured** while the **Insured** is acting in any **Fiduciary Capacity**;

2.  **Property Damage** to money; currency; coin; bank notes; Federal Reserve notes; postage and revenue stamps; savings stamps; savings bonds; bullion; precious metals of all kinds and in any form; articles made from such precious metals; jewelry; watches; necklaces; bracelets; gems; precious and semi-precious stones; bonds; securities; evidences of debts; debentures; script; certificates; receipts; warrant rights; transfers; coupons; drafts; bills of exchange; acceptances; notes; checks; withdrawal orders; money orders; travelers checks; letters of credit; bills of lading; abstracts of title; insurance policies and assignments of such policies; deeds; mortgages upon real estate and/or upon chattels and upon interests therein and assignments of such mortgages and instruments; other valuable papers and documents and all other instruments similar to or in the nature of the foregoing; or

3.  Any damages arising out of any act, error, mistake or omission of any **Insured** or any agent or sub-agent of any Insured while acting in any **Fiduciary Capacity**.

B.  The following definition is added under Section VI., "Definitions":

**Fiduciary Capacity** means, but is not limited to, the following:

1.  Administrator; executor; trustee under will or personal trust agreement; committee for incompetents; guardian; any agent or sub-agent for any of the foregoing; custodian of securities; or

2.  Interest or divided disbursing agent; paying agent; fiscal agent; transfer agent; Registrar; agent for voting trustee; warrant agent; depository; agent or committee of holders of stock or securities; escrow agent; trustee under bond indenture; sinking fund agent; receiver or trustee appointed by any court in receivership, bankruptcy or re-organization proceedings; or any similar trust or representative capacity.

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

All other terms and conditions of this **policy** remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 29**
This Endorsement, effective: August 1, 2010
         (at 12:01 A.M. standard time at the address of the **Named Insured** as
         shown in Item 1. B. of the Declarations)
forms a part of Policy No: 0305-8109
Issued to: Lehman Brothers Holdings Inc.
by: Allied World Assurance Company (U.S.) Inc.

# FUNGUS EXCLUSION –
# LIMITED EXCEPTION FOR GOOD OR PRODUCT INTENDED FOR CONSUMPTION

A. It is agreed that the following exclusion is added under Section IV., "Exclusions":

  **Fungus**

  This policy does not provide coverage for **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** or any other **Loss**, injury, damage, cost or expense, including but not limited to, **Losses**, costs or expenses related to, arising from or associated with clean-up, remediation, containment, removal or abatement, caused directly or indirectly, in whole or in part, by:

  a. any **Fungus(i)**, **Mold(s)**, mildew or yeast;

  b. any **Spore(s)** or toxins created or produced by or emanating from such **Fungus(i)**, **Mold(s)**, mildew or yeast;

  c. any substance, vapor, gas, or other emission or organic or inorganic body or substance produced by or arising out of any **Fungus(i)**, **Mold(s)**, mildew or yeast; or

  d. any material, product, building component, building or structure, or any concentration of moisture, water or other liquid within such material, product, building component, building or structure, that contains, harbors, nurtures or acts as a medium for any **Fungus(i)**, **Mold(s)**, mildew, yeast, or **Spore(s)** or toxins emanating therefrom, regardless of any other cause, event, material, product and/or building component that contributed concurrently or in any sequence to that **Loss**, injury, damage, cost or expense.

  However, if insurance for **Bodily Injury** or **Property Damage** resulting from **Fungus(i), Mold(s)** or bacteria that are, are on, or are contained in, a good or product intended for consumption is provided by **Scheduled Underlying Insurance**:

  1. this exclusion shall not apply; and

  2. coverage under this policy for such **Bodily Injury** or **Property Damage** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

B. For the purposes of this exclusion, the following definitions are added to the policy:

  **"Fungus(i)"** includes, but is not limited to, any of the plants or organisms belonging to the major group **Fungi**, lacking chlorophyll, and including **molds**, rusts, mildew, smuts and mushrooms.

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

**"Mold(s)"** includes, but is not limited to, any superficial growth produced on damp or decaying organic matter or on living organisms, and **Fungi** that produce **molds**.

**"Spore(s)"** means any dormant or reproductive body produced by or arising or emanating out of any **Fungus(i)**, **Mold(s)**, mildew, plants, organisms or microorganisms.

All other terms and conditions of this **policy** remain unchanged.

**By:**

**Todd Germano**

**Title:**    **President, U.S. Property and Casualty**

**Date:**    **November 8, 2010**

**Endorsement No: 30**

This Endorsement, effective: August 1, 2010

> (at 12:01 A.M. standard time at the address of the **Named Insured** as shown in Item 1. B. of the Declarations)

forms a part of Policy No: 0305-8109

Issued to: Lehman Brothers Holdings Inc.

by: Allied World Assurance Company (U.S.) Inc.

## PROFESSIONAL LIABILITY EXCLUSION
## (WITH LIMITED EXCEPTION FOR RESULTANT BODILY INJURY AND PROPERTY DAMAGE AND INCIDENTAL MEDICAL MALPRACTICE)

It is agreed that this policy is amended as follows:

SECTION **IV. EXCLUSIONS** is amended to include the following additional exclusion:

**Professional Liability**

This policy does not provide coverage for any liability arising out of any act, error, omission, malpractice or mistake of a professional nature committed by the **Insured** or any person for whom the **Insured** is legally responsible. It is understood this exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**.

However,

a)   if coverage for resultant **Bodily Injury** or **Property Damage** arising out of professional services performed by or on behalf of the **Insured** is provided by **Scheduled Underlying Insurance**:

   1.   this exclusion shall not apply to such resultant **Bodily Injury** or **Property Damage**; and

   2.   coverage under this policy for such resultant **Bodily Injury** or **Property Damage** will follow the terms, definitions, conditions, and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium, and all other terms, definitions, conditions and exclusions of this policy. Coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

b)   if for coverage for liability arising out of **Incidental Medical Malpractice** is provided by **Scheduled Underlying Insurance**:

   1.   this exclusion shall not apply to such liability; and

   2.   coverage under this policy for such liability will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| **NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.** | |

Notwithstanding a) and b) above, this policy does not provide coverage for professional liability with respect to nursing homes, assisted living facilities, rehabilitation facilities, clinics, healthcare facilities, hospitals, or any other similar facilities.

SECTION **VI. DEFINITIONS** is amended to include the following additional definition:

**Incidental Medical Malpractice** means injury arising out of the rendering of or failure to render the following services:

1. medical, surgical, dental, x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

2. the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;

so long as the **Named Insured** is not engaged in the business or occupation of providing any of the services, food or beverages, drugs or supplies described in 1 and 2 above.

All other terms and conditions of this **policy** remain unchanged.

By:

_____
  **Todd Germano**

Title:     **President, U.S. Property and Casualty**

Date:     **November 8, 2010**

## POLICYHOLDER DISCLOSURE STATEMENT
## UNDER THE
## TERRORISM RISK INSURANCE ACT

The **Insured** is hereby notified that under the federal Terrorism Risk Insurance Act, as amended, (the "Act"), the **Insured** has a right to purchase insurance coverage for **Losses** arising out of an Act of Terrorism, which is defined in the Act as an act certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, (i) to be an act of terrorism, (ii) to be a violent act or an act that is dangerous to (A) human life; (B) property; or (C) infrastructure, (iii) to have resulted in damage within the United States, or outside of the United States in case of an air carrier or vessel or the premises of a U.S. mission and (iv) to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. The **Insured** should read the Act for a complete description of its coverage.  The Secretary's decision to certify or not to certify an event as an Act of Terrorism covered by the Act is final and not subject to review.

Coverage provided by this policy for **Losses** caused by an Act of Terrorism may be partially reimbursed by the United States Government under a formula established by federal law.  Under this formula, the United States Government will generally pay 85% of terrorism **Losses** exceeding a statutorily established deductible that must be met by us, and which deductible is based on a percentage of our direct earned premiums for the year preceding the Act of Terrorism.

Be advised that there is a $100 billion cap on all losses resulting from Acts of Terrorism.  If aggregate insured losses attributable to Acts of Terrorism exceed $100 billion in a Program Year (January 1 through December 31), the United States Government shall not make any payment for any portion of the amount of such loss that exceeds $100 billion. If aggregate insured losses attributable to Acts of Terrorism exceed $100 billion in a Program Year and we have met our deductible under the Act, we shall not be liable for payment of any portion of the **Losses** that exceeds $100 billion, and in such case, insured **Losses** up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

Coverage for "insured losses" as defined in the Act is subject to the coverage terms, conditions, amounts and limits in this policy applicable to **Losses** arising from events other than Acts of Terrorism.

The **Insured** should know that under federal law, the **Insured** is not required to purchase coverage for losses caused by Acts of Terrorism.

Please indicate the selection of the Insured below.

_____    The **Insured** hereby elects to purchase coverage in accordance with the Act for a premium of $4,500.

_____    The **Insured** hereby rejects coverage and accepts reinstatement of the exclusion in accordance with the Act.

_____    Insured Name: Lehman Brothers Holdings Inc.
Signature of **Insured**

_____    Policy Number: 0305-8109
Print/Title

_____
Date

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|
| NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS. | |



## ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.
## Umbrella Liability Insurance Policy

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the **Named Insured** shown in the Declarations and any other person or organization qualifying as a **Named Insured** under this policy.

The words "we," "us" and "our" refer to the company providing this insurance. The word **Insured** means any person or organization qualifying as such under Section VI., "Definitions."

Except for headings, words that appear in **bold print** have special meaning. See Section VI., "Definitions."

In consideration of the payment of the premium and in reliance upon the statements in the Declarations, we agree to provide coverage as follows:

**I. INSURING AGREEMENT - COMMERCIAL UMBRELLA LIABILITY**

A. We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance applies or because of **Bodily Injury** or **Property Damage** to which this insurance applies assumed by the **Insured** under an **Insured Contract.**

The amount we will pay for damages is limited as described in Section III., "Limits of Insurance."

B. This policy applies, only if:

1. the **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** or **Property Damage** occurs during the **Policy Period;** and

2. the **Personal Injury and Advertising Injury** is caused by an **Occurrence** that takes place anywhere arising out of your business, but only if the **Occurrence** was committed during the **Policy Period.**

C. This policy applies to **Bodily Injury** or **Property Damage**, only if prior to the **Policy Period**, no **Insured** listed under subparagraphs 2.a., 2.b., 2.c. or 2.e. of Paragraph F. of Section VI., "Definitions," no executive officer or director listed under subparagraph 2.d. of Paragraph F. of Section VI. and no employee authorized by you to give or receive notice of an **Occurrence,** claim or **Suit,** knew that the **Bodily Injury** or **Property Damage** had occurred, in whole or in part. If such an **Insured** or authorized employee knew, prior to the **Policy Period,** that the **Bodily Injury** or **Property Damage** had occurred, then any continuation, change or resumption of such **Bodily Injury** or **Property Damage** during or after the **Policy Period** will be deemed to have been known prior to the **Policy Period.**

**Bodily Injury** or **Property Damage** which occurs during the **Policy Period** and was not, prior to the **Policy Period,** known to have occurred by any **Insured** listed under subparagraphs 2.a., 2.b., 2.c. or 2.e. of Paragraph F. of Section VI., "Definitions," any executive officer or director listed

| Risk Category 2 | Risk Class Code: 2-13000 |
|---|---|

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

under subparagraph 2.d. of Paragraph F. of Section VI. or any employee authorized by you to give or receive notice of an **Occurrence** or claim, includes any continuation, change or resumption of that **Bodily Injury** or **Property Damage** after the end of the **Policy Period.**

D. **Bodily Injury** or **Property Damage** will be deemed to have been known to have occurred at the earliest time when any **Insured** listed under subparagraphs 2.a., 2.b, 2.c. or 2.e. of Paragraph F. of Section VI., "Definitions," any executive officer or director listed under subparagraph 2.d. of Paragraph F. of Section VI. or any employee who was authorized by you to give or receive notice of an **Occurrence,** claim or **Suit:**

   1. reports all, or any part, of the **Bodily Injury** or **Property Damage** to us or any other insurer;

   2. receives a written or verbal demand or claim for damages because of the **Bodily Injury** or **Property Damage**; or

   3. becomes aware by any other means that **Bodily Injury** or **Property Damage** has occurred or has begun to occur.

E. Damages because of **Bodily Injury** include damages claimed by any person or organization for care, loss of services or death resulting at any time from the **Bodily Injury**.

F. If we are prevented by law or statute from paying damages covered by this policy on behalf of the **Insured**, then we will indemnify the **Insured** for those sums in excess of the **Retained Limit**.

## II. DEFENSE PROVISIONS

A. We will have the right and duty to defend any **Suit** against the **Insured** that seeks damages for **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** covered by this policy, even if the **Suit** is groundless, false or fraudulent when:

   1. the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by payment of **Loss** to which this policy applies and the total applicable limits of **Other Insurance** have been exhausted; or

   2. the damages sought because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** would not be covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance,** even if the total applicable limits of either the **Scheduled Underlying Insurance** or any applicable **Other Insurance** had not been exhausted by the payment of **Loss**.

If we are prevented by law or statute from assuming the obligations specified under this provision, we will pay any expenses incurred with our consent.

B. We will have no duty to defend the **Insured** against any **Suit** seeking damages for **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance does not apply.

C. When we assume the defense of any **Suit** against the **Insured** that seeks damages covered by this policy, we will:

   1. investigate, negotiate and settle the **Suit** as we deem expedient; and

   2. pay the following supplementary payments to the extent that such payments are not covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance**:

a.  premiums on bonds to release attachments for amounts not exceeding the applicable Limits of Insurance of this policy, but we are not obligated to apply for or furnish any such bond;

b.  premiums on appeal bonds required by law to appeal a judgment in a **Suit** for amounts not exceeding the applicable Limits of Insurance of this policy, but we are not obligated to apply for or furnish any such bond;

c.  all court costs taxed against the **Insured** in the **Suit**;

d.  pre-judgment interest awarded against the **Insured** on that part of the judgment within the applicable Limits of Insurance of this policy we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest accruing after we make such offer;

e.  post-judgment interest that accrues after entry of judgment on that part of the judgment within the applicable Limits of Insurance of this policy we pay and before we have paid, offered to pay or deposited in court that part of the judgment that is within the applicable Limits of Insurance of this policy; and

f.  the **Insured's** expenses incurred at our request or with our consent.

D.  Except as provided in Paragraph A. above, we will have no duty to defend any **Suit** against the **Insured**. We will, however, have the right, but not the duty, to participate in the defense of any **Suit** and the investigation of any claim to which this policy may apply. If we exercise this right, we will do so at our own expense.

E.  We will not defend any **Suit**, or pay any attorney fees or litigation expenses including, without limitation, the expenses described in Paragraph C. above that accrue after the applicable Limits of Insurance of this policy have been exhausted by the payment of **Loss** and we will have the right to withdraw from the further defense of such **Suit** by tendering control of said defense to the **Insured.**

## III.  LIMITS OF INSURANCE

A.  The Limits of Insurance shown in Item 3. of the Declarations and the rules below state the most we will pay for all damages under this policy regardless of the number of:

1.  **Insureds;**

2.  claims made or **Suits** brought;

3.  persons or organizations making claims or bringing **Suits**; or

4.  coverages provided under this policy.

B.  The General Aggregate Limit stated in Item 3. of the Declarations is the most we will pay for all damages under this policy, except for:

1.  damages included within the **Products-Completed Operations Hazard;** and

2.  damages because of **Bodily Injury** or **Property Damage** to which this policy applies, caused by an **Occurrence** and resulting from the ownership, maintenance or use of an **Auto** covered under **Scheduled Underlying Insurance.**

C.  The Products-Completed Operations Aggregate Limit stated in Item 3. C. of the Declarations is the most we will pay for all damages included in the **Products-Completed Operations Hazard.**

D.  Subject to Paragraphs B. and C. above, the Each Occurrence Limit stated in Item 3. A. of the Declarations is the most we will pay for the sum of all damages arising out of any one **Occurrence.**

E.  Subject to Paragraphs B. and C. above, the most we will pay for damages under this policy on behalf of any person or organization to whom you are obligated by written **Insured Contract** to provide insurance such as is afforded by this policy is the lesser of the Limits of Insurance shown in Item 3. of the Declarations or the minimum Limits of Insurance you agreed to procure in such written **Insured Contract.**

F.  This policy applies only in excess of the **Retained Limit.** If however, a policy shown in the Schedule of Underlying Insurance forming a part of this policy has a limit of insurance:

1.  greater than the amount shown in such schedule, this policy will apply in excess of the greater amount of valid and collectible insurance; or

2.  less than the amount shown in such schedule, this policy will apply in excess of the amount shown in the Schedule of Underlying Insurance forming a part of this policy.

G.  If the total applicable limits of **Scheduled Underlying Insurance** are reduced or exhausted by the payment of **Loss** to which this policy applies and the total applicable limits of applicable **Other Insurance** are reduced or exhausted, we will:

1.  in the event of reduction, pay excess of the remaining total applicable limits of **Scheduled Underlying Insurance** and any applicable **Other Insurance;** and

2.  in the event of exhaustion, continue in force as underlying insurance.

H.  Expenses incurred to defend any **Suit** or to investigate any claim will be in addition to the applicable Limits of Insurance of this policy. Provided, however, that if such expenses reduce the applicable limits of **Scheduled Underlying Insurance,** then such expenses will reduce the applicable Limits of Insurance of this policy.

I.  The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than twelve (12) months, beginning with the inception date of the **Policy Period** shown in the Declarations, unless the **Policy Period** is extended after issuance for an additional period of less than twelve (12) months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance of this policy.

J.  We will not make any payment under this policy unless and until:

1.  the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by the payment of **Loss** to which this policy applies and any applicable **Other Insurance** has been exhausted by the payment of **Loss**; or

2.  the total applicable **Self-Insured Retention** has been satisfied by the payment of **Loss** to which this policy applies.

When the amount of **Loss** has been determined by an agreed settlement or a final judgment, we will promptly pay on behalf of the **Insured** the amount of such **Loss** falling within the terms of this policy. An agreed settlement means a settlement and release of liability signed by us, the **Insured** and the claimant or the claimant's legal representative.

## IV.  EXCLUSIONS

### A.  **Aircraft and Watercraft**

This policy does not provide coverage for **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft or watercraft owned or operated by or rented or loaned to any **Insured.** Use includes operation and loading and unloading.

This exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured,** if the **Occurrence** which caused the **Bodily Injury** or **Property Damage** involved the ownership, maintenance, use or entrustment to others of any aircraft or watercraft that is owned or operated by or rented or loaned to any **Insured.**

This exclusion does not apply to a watercraft you do not own that is:

1.  less than 26 feet long; and

2.  not being used to carry persons or property for a charge.

### B.  **Asbestos**

This policy does not provide coverage for any liability arising out of:

1.  the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos containing products or materials, asbestos fibers or asbestos dust;

2.  any obligation of the **Insured** to indemnify any party because of damages arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust; or

3.  any obligation to defend any **Suit** or claim against the **Insured** that seeks damages if such **Suit** or claim arises as the result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust.

### C.  **Contractual Liability**

This policy does not provide coverage for any liability for which the **Insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

1.  that the **Insured** would have in the absence of a contract or agreement; or

2.  assumed in an **Insured Contract**, provided **Bodily Injury** or **Property Damage** occurs subsequent to the execution of the **Insured Contract**. Solely for the purposes of liability assumed in an **Insured Contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an **Insured** are deemed to be damages because of **Bodily Injury** or **Property Damage** and included in the Limits of Insurance of this policy, provided:

    a.   liability to such party for, or for the cost of, that party's defense has also been assumed in the same **Insured Contract**; and

    b.   such attorney fees and litigation expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this policy applies are alleged.

### D.   Damage to Impaired Property or Property Not Physically Injured

This policy does not provide coverage for **Property Damage** to **Impaired Property** or property that has not been physically injured, arising out of:

1.   a defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work**; or

2.   a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.

### E.   Damage to Property

This policy does not provide coverage for **Property Damage** to:

1.   property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

2.   premises you sell, give away or abandon, if the **Property Damage** arises out of any part of those premises;

3.   property loaned to you;

4.   personal property in the care, custody or control of the **Insured**;

5.   that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **Property Damage** arises out of those operations; or

6.   that particular part of any property that must be restored, repaired or replaced because **Your Work** was incorrectly performed on it.

Subparagraph 2. of this exclusion does not apply if the premises are **Your Work** and were never occupied, rented or held for rental by you.

Subparagraphs 3., 4., 5. and 6. of this exclusion do not apply to liability assumed under a sidetrack agreement.

Subparagraph 6. of this exclusion does not apply to **Property Damage** included in the **Products-Completed Operations Hazard**.

### F.   Damage to Your Product

This policy does not provide coverage for **Property Damage** to **Your Product** arising out of it or any part of it.

G. **Damage to Your Work**

This policy does not provide coverage for **Property Damage** to **Your Work** arising out of it or any part of it and included in the **Products-Completed Operations Hazard**.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

H. **Electronic Chatrooms or Bulletin Boards and Electronic Data**

This policy does not provide coverage for **Personal Injury and Advertising Injury** arising out of an electronic chatroom or bulletin board any **Insured** hosts, owns, or over which any **Insured** exercises control. Additionally, this insurance does not apply to damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, "electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

I. **Employees and Volunteers**

This policy does not provide coverage for liability of any employee or volunteer qualifying as an **Insured** under this policy arising out of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury**:

1. to you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to an employee of yours while in the course of his or her employment or performing duties related to the conduct of your business, or to another volunteer of yours while performing duties related to the conduct of your business;

2. to the spouse, child, parent, brother or sister of such injured employee or volunteer as a consequence of subparagraph 1. above;

3. for which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in subparagraphs 1. or 2. above; or

4. arising out of his or her providing or failing to provide professional health care services.

Subparagraphs 1., 2. and 3. above do not apply to any liability arising out of **Bodily Injury** or **Personal Injury and Advertising Injury** if such coverage is provided by **Scheduled Underlying Insurance.** Coverage under this policy for **Bodily Injury** or **Personal Injury and Advertising Injury** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance,** subject to the **Policy Period,** Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance.**

J. **Employment Practices**

This policy does not provide coverage for any liability arising out of:

1. failure to hire any prospective employee or any applicant for employment;

2.  dismissal, discharge or termination of any employee;

3.  failure to promote or advance any employee; or

4.  employment-related practices, policies, acts, omissions or misrepresentations directed at a present, past, future or prospective employee, including, but not limited to:

    a.  coercion, harassment, humiliation or discrimination;

    b.  demotion, evaluation, reassignment, discipline, or retaliation;

    c.  libel, slander, humiliation, defamation, or invasion of privacy; or

    d.  violation of civil rights.

This exclusion applies:

1.  whether an **Insured** may be liable as an employer or in any other capacity; and

2.  to any obligation to share damages with or repay someone else who must pay damages because of the injury.

K.  **Expected or Intended Injury**

This policy does not provide coverage for **Bodily Injury** or **Property Damage** expected or intended from the standpoint of the **Insured.** However, this exclusion does not apply to **Bodily Injury** or **Property Damage** resulting from the use of reasonable force to protect persons or property.

L.  **Infringement of Copyright, Patent, Trademark or Trade Secret**

This policy does not provide coverage for **Personal Injury and Advertising Injury** arising out of the infringement of copyright, patent, trade secret or other intellectual property rights. However, this exclusion does not apply to infringement, in your **Advertisement,** of copyright, trade dress or slogan.

M.  **Liquor Liability**

This policy does not provide coverage for **Bodily Injury** or **Property Damage** for which any **Insured** may be held liable by reason of:

1.  causing or contributing to the intoxication of any person;

2.  the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

3.  any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

However, this exclusion will not apply if coverage is provided for such **Bodily Injury** or **Property Damage** by **Scheduled Underlying Insurance.**

Coverage under this policy for such **Bodily Injury** or **Property Damage** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance,** subject to the **Policy Period,** Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of

this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance.**

N.  **Media and Internet Type Businesses**

This policy does not provide coverage for **Personal Injury and Advertising Injury** committed by any **Insured** whose business is:

1.  advertising, broadcasting, publishing or telecasting;

2.  designing or determining content of web-sites for others; or

3.  an Internet search, access, content or service provider.

However, this exclusion does not apply to subparagraphs M.1., M.2. and M.3. of Section VI., "Definitions."

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

O.  **No-Fault, Uninsured Motorist or Underinsured Motorist Laws**

This policy does not provide coverage for any obligation of the **Insured** under any No-Fault, Uninsured Motorist or Underinsured Motorist law, or any similar law.

P.  **Nuclear Liability**

This policy does not provide coverage for:

1.  any liability:

    a.  with respect to which the **Insured** is also an insured under a nuclear energy liability policy issued by the Nuclear Energy Liability-Property Insurance Association, Mutual Atomic Energy Liability Underwriters or the Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability;

    b.  resulting from the hazardous properties of nuclear material and with respect to which (1) any person or any organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any amendment or revision thereto, or any similar law; (2) the **Insured** is, or had this policy not been available would be, entitled to indemnity from the United States of America or any agency thereof under any agreement entered into by the United States of America or an agency thereof with any person or organization;

    c.  for **Bodily Injury** or **Property Damage** resulting from the hazardous properties of nuclear material if:

        i)  the nuclear material (1) is at any nuclear facility owned by the **Insured** or operated by the **Insured** or on the **Insured's** behalf or (2) has been discharged or dispensed therefrom;

        ii)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by the **Insured** or on the **Insured's** behalf; or

iii) the **Bodily Injury** or **Property Damage** arises out of the furnishing by the **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion c. applies only to **Property Damage** to such nuclear facility and any property thereat.

2. As used in this exclusion:

a. "hazardous properties" includes radioactive, toxic or explosive properties;

b. "nuclear material" means source material, special nuclear material or by-product material;

c. "source material," "special nuclear material" and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or any amendment or revision thereto;

d. "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

e. "waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of a nuclear facility included within the definition of nuclear facility below;

f. "nuclear facility" means:

i) any nuclear reactor;

ii) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel or (3) handling, processing or packaging wastes;

iii) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the **Insured's** custody at the premises where such equipment or device is located consists of or contains more than twenty-five (25) grams of plutonium or uranium 233 or any combination thereof, or more than two-hundred-fifty (250) grams of uranium 235; or

iv) any structure, basin, excavation, premises or place prepared or used for storage or disposal of waste, and

includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

g. "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material; and

h. **Property Damage** includes all forms of radioactive contamination of property.

Q. **Pollution**

This policy does not provide coverage for:

1. Any **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **Pollutants** anywhere at any time;

2.  Any loss, cost or expense arising out of any request, demand, order or statutory or regulatory requirement that the **Insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **Pollutants**; or

3.  Any loss, cost or expense arising out of any claim or **Suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of **Pollutants**.

However, Paragraph 1. of this exclusion will not apply if coverage for such **Bodily Injury** or **Property Damage** as is described in subparagraphs 1) through 6) below is provided by **Scheduled Underlying Insurance**:

1)  **Products-Completed Operations Hazard**

    Paragraph 1. of this exclusion does not apply with respect to **Bodily Injury** or **Property Damage** included within the **Products-Completed Operations Hazard** provided that **Your Product** or **Your Work** has not at any time been:

    a)  discarded, dumped, abandoned, thrown away; or

    b)  transported, handled, stored, treated, disposed of or processed as waste;

    by anyone.

2)  **Hostile Fire**

    Paragraph 1. of this exclusion does not apply with respect to **Bodily Injury** or **Property Damage** arising out of heat, smoke or fumes from a **Hostile Fire**.

3)  **Equipment to Cool, Dehumidify, or Heat the Building and Contractor/Lessee Operations**

    Paragraph 1. of this exclusion does not apply to:

    a)  **Bodily Injury** sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment used to heat water for personal use, by the building's occupants or their guests;

    b)  **Bodily Injury** or **Property Damage** for which you may be held liable if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional **Insured** with respect to your ongoing operations performed for that additional **Insured** at such premises, site or location, and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any **Insured**, other than the additional **Insured**.

4)  **Fuels, Lubricants and Other Operating Fluids - Mobile Equipment**

    Paragraph 1. of this exclusion does not apply to:

    a)  **Bodily Injury** or **Property Damage** arising out of the escape of fuels, lubricants or other operating fluids that are needed to perform normal electrical, hydraulic or mechanical functions necessary for the operation of **Mobile Equipment** or its parts if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the **Bodily Injury** or **Property Damage**

arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured contractor or subcontractor; or

b) **Bodily Injury** or **Property Damage** sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

5) **Fuels, Lubricants, Fluids, etc. – Auto**

Paragraph 1. of this exclusion does not apply to fuels, lubricants, fluids, exhaust gases or other similar **Pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of an **Auto** covered by **Scheduled Underlying Insurance** or its parts, if:

a) the **Pollutants** escape, seep, migrate, or are discharged, dispersed or released directly from an **Auto** part designed by its manufacturer to hold, store, receive or dispose of such **Pollutants**; and

b) the **Bodily Injury** or **Property Damage** does not arise out of the operation of any equipment described in subparagraphs 6.b. and 6.c. of the definition of **Mobile Equipment**.

6) **Upset, Overturn or Damage of an Auto**

Paragraph 1. of this exclusion does not apply to **Occurrences** that take place away from premises owned by or rented to an **Insured** with respect to **Pollutants** not in or upon an **Auto** covered by **Scheduled Underlying Insurance** if:

a) the Pollutants or any property in which the **Pollutants** are contained are upset, overturned or damaged as a result of the maintenance or use of an **Auto** covered by **Scheduled Underlying Insurance**; and

b) the discharge, dispersal, seepage, migration, release or escape of the **Pollutants** is caused directly by such upset, overturn or damage.

Coverage under this policy for such **Bodily Injury** or **Property Damage** as is described in subparagraphs 1) through 6) above will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy. Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

R. **Recall of Your Product, Your Work or Impaired Property**

This policy does not provide coverage for damages claimed for any **Loss**, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

1. **Your Product**;

2. **Your Work**; or

3. **Impaired Property**;

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

S. **Securities**

This policy does not provide coverage for any liability arising out of:

1. any violation of any securities law or similar law or any regulation promulgated thereunder;

2. the purchase, sale, offer of sale or solicitation of any security, debt, insurance policy, bank deposit or financial interest or instrument;

3. any representations made at any time in relation to the price or value of any security, debt, insurance policy, bank deposit or financial interest or instrument; or

4. any depreciation or decline in price or value of any security, debt, insurance policy, bank deposit or financial interest or instrument.

T. **Unauthorized Use of Another's Name or Product**

This policy does not provide coverage for **Personal Injury and Advertising Injury** arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

U. **Various Personal Injury and Advertising Injury**

This policy does not provide coverage for **Personal Injury and Advertising Injury**:

1. caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **Personal Injury and Advertising Injury**;

2. arising out of oral, written or electronic publication, in any manner, of material if done by or at the direction of any **Insured** with knowledge of its falsity;

3. arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the **Policy Period**;

4. arising out of a criminal act committed by or at the direction of the **Insured**;

5. for which the **Insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the **Insured** would have in the absence of the contract or agreement;

6. arising out of a breach of contract, except an implied contract to use another's advertising idea in your **Advertisement**;

7. arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your **Advertisement**; or

8. arising out of the wrong description of the price of goods, products or services stated in your **Advertisement**.

V. **Various Laws**

This policy does not provide coverage for any obligation of the **Insured** under any of the following:

1. the Employee Retirement Income Security Act of 1974 (including amendments relating to the Consolidated Omnibus Budget Reconciliation Act of 1985), or any amendment or revision thereto, or any similar law; or

2. any workers' compensation, disability benefits or unemployment compensation law, or any similar law.

W. **Violation of Communication or Information Law**

This policy does not provide coverage for any liability arising out of any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws that prohibits or limits the sending, transmitting or communicating of material or information.

X. **War**

This policy does not provide coverage for any **Loss**, costs, injury, damage, claim, dispute and/or or **Suit** arising therefrom, caused directly or indirectly, in whole or in part, as a result of or in connection with war, whether declared or not, or any act or condition incident to war. War includes:

1. Civil war;

2. Armed conflict between two or more nations, armed conflict between military forces of any origin, or warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

3. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## V. CONDITIONS

A. **Appeals**

If the **Insured** or the **Insured's** underlying insurers do not appeal a judgment in excess of the total applicable limits of **Scheduled Underlying Insurance**, we may elect to do so. If we appeal, we will be liable for, in addition to the applicable Limits of Insurance of this policy, all court costs, expenses incurred and interest on that amount of any judgment which does not exceed the applicable Limits of Insurance of this policy incidental to such an appeal.

B. **Audit**

We may audit and examine your books and records as they relate to this policy at any time during the **Policy Period** of this policy and for up to three (3) years after the expiration or termination of this policy.

C. **Bankruptcy or Insolvency**

Your bankruptcy, insolvency or inability to pay or the bankruptcy, insolvency or inability to pay of any of your underlying insurers will not relieve us from the payment of **Loss** covered by this

policy. But under no circumstances will such bankruptcy, insolvency or inability to pay require us to drop down, replace or assume any obligation under **Scheduled Underlying Insurance**.

**D.  Cancellation**

1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.  We may cancel this policy. If we cancel because of non-payment of premium, we must mail or deliver to you not less than ten (10) days advance written notice stating when the cancellation is to take effect. If we cancel for any other reason, we must mail or deliver to you not less than ninety (90) days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1. of the Declarations will be sufficient to prove notice.

3.  The **Policy Period** will end on the day and hour stated in the cancellation notice.

4.  If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the Minimum Premium shown in Item 6. of the Declarations.

5.  If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the short rate share of the Minimum Premium shown in Item 6 of the Declarations.

6.  Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter, but the cancellation will be effective even if we have not made or offered any refund of unearned premium. Our check or our representative's check, mailed or delivered, will be sufficient tender of any refund due you.

7.  The first **Named Insured** in Item 1. of the Declarations will act on behalf of all other **Insureds** with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

8.  Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law.

**E.  Change In Control**

If during the **Policy Period**:

1.  the first **Named Insured** designated in Item 1. of the Declarations consolidates with or merges into, or sells all or substantially all of its assets to any person or entity; or

2.  any person or entity acquires an amount of the outstanding ownership interests representing more than fifty percent (50%) of the voting or designation power for the election of directors of the first **Named Insured** designated in Item 1. of the Declarations, or acquires the voting or designation rights of such an amount of ownership interests;

this policy will continue in full force and effect as to **Bodily Injury** and **Property Damage** that occur prior to the effective date of such transaction and **Personal Injury and Advertising Injury** caused by an **Occurrence** that takes place prior to the effective date of such transaction.

Coverage will be afforded by this policy for **Bodily Injury** or **Property Damage** that occurs on or after the effective date of such transaction and **Personal Injury and Advertising Injury** caused

by an **Occurrence** that takes place on or after the effective date of such transaction if the **Named Insured** notifies us of the transaction no later than ninety (90) days after the effective date of the transaction.

If the **Named Insured** fails to notify us within ninety (90) days of the effective date of such transaction coverage afforded by this policy will cease on the ninetieth (90th) day after the effective date of such transaction at 12:01 am standard time of the address of the **Named Insured** shown in Item 1. of the Declarations or the end of the **Policy Period,** whichever is earlier.

The provisions of paragraph E. shall only apply to transactions with third parties not under control or ownership of the **Named Insured** on the inception date of this policy.

F. **Changes**

Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or change in any part of this policy. This policy can be changed only by a written endorsement that we make to this policy.

G. **Duties in the Event of an Occurrence, Claim or Suit**

1. You must see to it that we are notified as soon as practicable of an **Occurrence** that may result in a claim or **Suit** under this policy. To the extent possible, notice should include:

   a. how, when and where the **Occurrence** took place;

   b. the names and addresses of any injured persons and any witnesses; and

   c. the nature and location of any injury or damage arising out of the **Occurrence.**

2. If a claim is made or **Suit** is brought against any **Insured** which is reasonably likely to involve this policy, you must notify us in writing as soon as practicable.

   Written notice should be mailed, delivered, faxed or e-mailed to us at the addresses designated in the Declarations.

3. You and any other involved **Insured** must:

   a. immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **Suit**;

   b. authorize us to obtain records and other information;

   c. cooperate with us in the investigation, settlement or defense of the claim or **Suit**; and

   d. assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

4. No **Insured** will, except at that **Insured's** own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

H. **Headings**

The descriptions in the headings of this policy are solely for convenience and form no part of the terms and conditions of coverage.

I.   **Inspection**

We have the right, but are not obligated, to inspect your premises and operations at any time. Our inspections are not safety inspections. They relate only to the insurability of your premises and operations and the premiums to be charged. We may give you reports on the conditions that we find. We may also recommend changes. We do not, however, undertake to perform the duty of any person or organization to provide for the health or safety of your employees or the public. We do not warrant the health and safety conditions of your premises or operations or represent that your premises or operations comply with laws, regulations, codes or standards.

J.   **Legal Actions Against Us**

No person or organization has a right under this policy:

1.   to join us as a party or otherwise bring us into a **Suit** asking for damages from an **Insured**; or

2.   to sue us under this policy unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an **Insured**; but we will not be liable for damages that are not payable under this policy or that are in excess of the applicable Limits of Insurance of this policy. An agreed settlement means a settlement and release of liability signed by us, the **Insured** and the claimant or the claimant's legal representative.

K.   **Maintenance of Scheduled Underlying Insurance**

You agree that during the **Policy Period**:

1.   you will keep **Scheduled Underlying Insurance** in full force and effect;

2.   the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance** will not materially change;

3.   the total applicable limits of **Scheduled Underlying Insurance** will not decrease, except for any reduction or exhaustion of aggregate limits by payment of **Loss** to which this policy applies; and

4.   any renewals or replacements of **Scheduled Underlying Insurance** will provide equivalent coverage to and afford limits of insurance equal to or greater than the policy being renewed or replaced.

If you fail to comply with these requirements, we will be liable only to the same extent that we would have, had you fully complied with these requirements.

L.   **Other Insurance**

If other valid and collectible insurance applies to damages that are also covered by this policy, this policy will apply excess of the **Other Insurance.** However, this provision will not apply if the **Other Insurance** is specifically written to be excess of this policy.

M.   **Premium**

The first **Named Insured** designated in Item 1. of the Declarations will be responsible for payment of all premiums when due. The premium for this policy will be computed on the basis set

forth in Item 6. of the Declarations. At the beginning of the **Policy Period,** you must pay us the Advance Premium shown in Item 6. of the Declarations.

When this policy expires or if it is cancelled, we will compute the earned premium for the time this policy was in force. If this policy is subject to audit adjustment, the actual exposure base will be used to compute the earned premium. If the earned premium is greater than the Advance Premium, you will promptly pay us the difference. If the earned premium is less than the Advance Premium, we will return the difference to you. But in any event, we will retain the Minimum Premium as shown in Item 6. of the Declarations for each twelve months of the **Policy Period.**

N.  **Separation of Insureds**

Except with respect to the Limits of Insurance of this policy and rights or duties specifically assigned to the first **Named Insured** designated in Item 1. of the Declarations, this insurance applies:

    1.  as if each **Named Insured** were the only **Named Insured;** and

    2.  separately to each **Insured** against whom claim is made or **Suit** is brought.

O.  **Transfer of Rights of Recovery**

    1.  If any **Insured** has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The **Insured** must do nothing after loss to impair these rights and must help us enforce them.

    2.  Any recoveries will be applied as follows:

        a.  any person or organization, including the **Insured,** that has paid an amount in excess of the applicable Limits of Insurance of this policy will be reimbursed first;

        b.  we then will be reimbursed up to the amount we have paid; and

        c.  lastly, any person or organization, including the **Insured** that has paid an amount over which this policy is excess is entitled to claim the remainder.

Expenses incurred in the exercise of rights of recovery will be apportioned among the persons or organizations, including the **Insured,** in the ratio of their respective recoveries as finally settled.

    3.  If, prior to the time of an **Occurrence**, you waive any right of recovery against a specific person or organization for injury or damage as required under an **Insured Contract**, we will also waive any rights we may have against such person or organization

P.  **Transfer of Your Rights and Duties**

Your rights and duties under this policy may not be transferred without our written consent. If you die or are legally declared bankrupt, your rights and duties will be transferred to your legal representative, but only while acting within the scope of duties as your legal representative. However, notice of cancellation sent to the first **Named Insured** designated in Item 1.A. of the Declarations and mailed to the address designated in Item 1.B. of the Declarations of this policy will be sufficient notice to effect cancellation of this policy.

Q.  **Unintentional Failure to Disclose**

Your failure to disclose all hazards existing as of the inception date of the policy will not prejudice you with respect to the coverage afforded by this policy, provided that any such failure or omission is not intentional.

R. **Violation of Economic or Trade Sanctions**

If coverage for a claim or **Suit** under this policy is in violation of any United States of America economic or trade sanctions, including but not limited to, sanctions administered and enforced by the United States Treasury Department's Office of Foreign Assets Control ("OFAC"), then coverage for that claim or **Suit** will be null and void.

## VI. DEFINITIONS

A. **Advertisement** means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

1. notices that are published include material placed on the internet or on similar electronic means of communication; and

2. regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an **Advertisement**.

B. **Auto** means:

1. a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

2. any other land vehicle that is subject to a compulsory or financial responsibility law in the state where it is licensed or principally garaged. However, **Auto** does not include **Mobile Equipment**.

C. **Bodily Injury** means bodily injury, sickness or disease sustained by any person, including death, mental anguish, mental injury, shock or humiliation resulting from any of these at any time.

D. **Hostile Fire** means a fire that becomes uncontrollable or breaks out from where it was intended to be.

E. **Impaired Property** means tangible property, other than **Your Product** or **Your Work**, that cannot be used or is less useful because:

1. it incorporates **Your Product** or **Your Work** that is known or thought to be defective, deficient, inadequate or dangerous; or

2. you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

1. the repair, replacement, adjustment or removal of **Your Product** or **Your Work**; or

2. your fulfilling the terms of the contract or agreement.

F. **Insured** means:

1. the **Named Insured**;

2. if you are designated in the Declarations as:

   a. an individual, you and your spouse are **Insureds**, but only with respect to the conduct of
   a business of which you are the sole owner;

   b. a partnership or joint venture, you are an **Insured**. Your members, your partners, and
   their spouses are also **Insureds**, but only with respect to the conduct of your business;

   c. a limited liability company, you are an **Insured**. Your members are also **Insureds**, but
   only with respect to the conduct of your business. Your managers are **Insureds**, but only
   with respect to their duties as your managers;

   d. an organization other than a partnership, joint venture or limited liability company, you are
   an **Insured**. Your executive officers and directors are **Insureds**, but only with respect to
   their duties as your officers or directors. Your stockholders are also **Insureds**, but only
   with respect to their liability as stockholders;

   e. a trust, you are an **Insured**. Your trustees are also **Insureds**, but only with respect to
   their duties as trustees;

3. your employees other than your executive officers (if you are an organization other than a
   partnership, joint venture or limited liability company) or your managers (if you are a limited
   liability company), but only for acts within the scope of their employment by you or while
   performing duties related to the conduct of your business;

4. your volunteer workers only while performing duties related to the conduct of your business;

5. any person (other than your employee or volunteer worker) or organization while acting as
   your real estate manager;

6. your legal representative if you die, but only with respect to duties as such. That
   representative will have all your rights and duties under this policy;

7. any person or organization, other than the **Named Insured,** included as an Additional Insured
   under **Scheduled Underlying Insurance,** but not for broader coverage than would be
   afforded by such **Scheduled Underlying Insurance.**

Notwithstanding any of the above:

   a. no person or organization is an **Insured** with respect to the conduct of any current, past or
   newly formed partnership, joint venture or limited liability company that is not designated as a
   **Named Insured** in Item 1. of the Declarations; and

   b. no person or organization is an **Insured** under this policy who is not an **Insured** under
   applicable **Scheduled Underlying Insurance.** This provision shall not apply to any
   organization set forth in the definition of **Named Insured** in subparagraphs J. 2 and 3.

G. **Insured Contract** means that part of any contract or agreement pertaining to your business
under which any **Insured** assumes the tort liability of another party to pay for **Bodily Injury** or
**Property Damage** to a third person or organization. Tort liability means a liability that would be
imposed by law in the absence of any contract or agreement.

**Insured Contract** does not include that part of any contract or agreement:

1.   that indemnifies a railroad for **Bodily Injury** or **Property Damage** arising out of construction or demolition operations, within fifty (50) feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

2.   that indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    a.   preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    b.   giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

3.   under which the **Insured**, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the **Insured's** rendering or failure to render professional services, including those shown in subparagraph 2. above and supervisory, inspection, architectural or engineering activities.

H.  **Loss** means those sums actually paid as judgments or settlements, provided, however, that if expenses incurred to defend a **Suit** or to investigate a claim reduce the applicable limits of **Scheduled Underlying Insurance**, then **Loss** shall include such expenses.

I.  **Mobile Equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

1.   bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2.   vehicles maintained for use solely on or next to premises you own or rent;

3.   vehicles that travel on crawler treads;

4.   vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

    a.   power cranes, shovels, loaders, diggers or drills; or

    b.   road construction or resurfacing equipment such as graders, scrapers or rollers;

5.   vehicles not described in subparagraphs 1., 2., 3. or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    a.   air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

    b.   cherry pickers and similar devices used to raise or lower workers;

6.   vehicles not described in subparagraphs 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **Mobile Equipment**, but will be considered **Autos**:

    a.   equipment designed primarily for:

       i)   snow removal;

    ii)  road maintenance, but not construction or resurfacing; or

    iii)  street cleaning;

  b.  cherry pickers and similar devices mounted on auto or truck chassis and used to raise or lower workers; and

  c.  air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, **Mobile Equipment** does not include any land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law are considered **Autos.**

J.  **Named Insured** means:

  1.  any person or organization designated in Item 1. of the Declarations;

  2.  as of the inception date of this policy, any organization, except for a partnership, joint venture or limited liability company, in which you maintain an interest of more than fifty percent (50%) as of the effective date of this policy, provided that coverage provided to such organization under this paragraph does not apply to any **Bodily Injury** or **Property Damage** that occurred or any **Personal Injury and Advertising Injury** that was caused by an **Occurrence** that was committed before you acquired or formed such organization or after you ceased to maintain an interest of more than fifty percent (50%) in such organization; and

  3.  after the inception date of this policy, any organization, except for a partnership, joint venture or limited liability company, that you acquire or form during the **Policy Period** in which you maintain an interest of more than fifty percent (50%), provided that:

    a.  coverage provided to such organization under this paragraph does not apply to any **Bodily Injury** or **Property Damage** that occurred or any **Personal Injury and Advertising Injury** that was caused by an **Occurrence** that was committed before you acquired or formed such organization or after you ceased to maintain an interest of more than fifty percent (50%) in such organization; and

    b.  you give us prompt notice after you acquire or form such organization.

    Subject to the provisions of subparagraphs 3. a. and 3. b. above, a partnership, joint venture or limited liability company that you acquire or form during the **Policy Period** may be added as an **Insured** only by a written endorsement that we make a part of this policy.

    We may, at our option, make an additional premium charge for any organization that you acquire or form during the **Policy Period**.

You agree that any organization to which subparagraphs 2. and 3. above apply, will be required to be included as an **Insured** under applicable **Scheduled Underlying Insurance.** If you fail to comply with this requirement, coverage under this policy will apply as though the organization was included as an **Insured**, under the highest applicable limit of **Scheduled Underlying Insurance**.

K.  **Occurrence** means:

    1.   as respects **Bodily Injury or Property Damage,** an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **Occurrence.**

    2.   as respects **Personal Injury and Advertising Injury,** an offense arising out of your business that causes **Personal Injury and Advertising Injury.** All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one **Occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

L.   **Other Insurance** means a valid and collectible policy of insurance providing coverage for damages covered in whole or in part by this policy.

However, **Other Insurance** does not include **Scheduled Underlying Insurance**, the **Self-Insured Retention** or any policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

M.   **Personal Injury and Advertising Injury** means injury arising out of your business, including consequential **Bodily Injury**, arising out of one or more of the following offenses:

    1.   false arrest, detention or imprisonment;

    2.   malicious prosecution;

    3.   the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;

    4.   oral or written publication, in any manner, of material that slanders or libels a person or organization, or disparages a person's or organization's goods, products or services;

    5.   oral or written publication, in any manner, of material that violates a person's right of privacy;

    6.   the use of another's advertising idea in your **Advertisement**; or

    7.   infringement upon another's copyright, trade dress or slogan in your **Advertisement**.

N.   **Policy Period** means the period of time from the inception date shown in Item 2. of the Declarations to the earlier of the expiration date shown in Item 2. of the Declarations or the effective date of termination of this policy.

O.   **Pollutants** means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

P.   **Products-Completed Operations Hazard** means all **Bodily Injury** and **Property Damage** occurring away from premises you own or rent and arising out of **Your Product** or **Your Work** except:

    1.   products that are still in your physical possession; or

    2.   work that has not yet been completed or abandoned. However, **Your Work** will be deemed completed at the earliest of the following times:

       a.   when all of the work called for in your contract has been completed;

    b.   when all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

    c.   when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**Products-Completed Operations Hazard** does not include **Bodily Injury** or **Property Damage** arising out of:

1.   the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you and that condition was created by the loading or unloading of that vehicle by any **Insured**; or

2.   the existence of tools, uninstalled equipment or abandoned or unused materials.

Q.  **Property Damage** means:

1.   physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

2.   loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the **Occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, "electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

R.  **Retained Limit** means the greater of the following amounts:

1.   the total applicable limits of **Scheduled Underlying Insurance** and any applicable **Other Insurance** providing coverage to the **Insured**; or

2.   the **Self-Insured Retention** applicable to each **Occurrence** that results in damages not covered by **Scheduled Underlying Insurance** nor any applicable **Other Insurance** providing coverage to the **Insured**.

S.  **Scheduled Underlying Insurance** means:

1.   the policy or policies of insurance and limits of insurance shown in the Schedule of Underlying Insurance forming a part of this policy; and

2.   automatically any renewal or replacement of any policy in subparagraph 1. above, provided that such renewal or replacement provides equivalent coverage to and affords limits of insurance equal to or greater than the policy being renewed or replaced.

**Scheduled Underlying Insurance** does not include a policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

T.  **Self-Insured Retention** means the amount that is shown in Item 5. of the Declarations.

U.  **Suit** means a civil proceeding in which damages because of **Bodily Injury, Property Damage,** or **Personal Injury and Advertising Injury** to which this policy applies are alleged. **Suit** includes:

1.  an arbitration proceeding in which such damages are claimed and to which the **Insured** must submit or does submit with our consent; or

2.  any other alternative dispute resolution proceeding in which such damages are claimed and to which the **Insured** submits with our consent.

V.  **Your Product** means:

1.  any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    a.  you;

    b.  others trading under your name; or

    c.  a person or organization whose business or assets you have acquired; and

2.  containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **Your Product** includes:

1.  warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product;** and

2.  the providing of or failure to provide warnings or instructions. **Your Product** does not include vending machines or other property rented to or located for the use of others but not sold.

W.  **Your Work** means:

1.  work or operations performed by you or on your behalf; and

2.  materials, parts or equipment furnished in connection with such work or operations.

    **Your Work** includes:

1.  warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work**; and

2.  the providing of or failure to provide warnings or instructions.