UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
: Chapter 11
In re: :
: Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :
:
Debtors. :
------------------------------------------------------------- x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST CERTAIN MORTGAGE LOAN SELLERS

Upon the motion, dated May 29, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, for the establishment of alternative dispute resolution procedures for indemnification claims of the Debtors against mortgage loan sellers (the "Indemnification ADR Procedures") in the chapter 11 cases of LBHI and its affiliated debtors (collectively, the "Debtors"), all as more fully described in the Motion; and Amerifirst Financial Corp./Amerifirst Home Mortgage, Broadview Mortgage Corp., First California Mortgage, First Option Mortgage, LLC, Gateway Funding Diversified Mortgage Services, LP, Loan Simple, Inc. f/k/a Ascent Home Loans, Inc., Mountain West Financial, Inc., New Fed Mortgage Corp., PERL Mortgage, Inc., Republic Mortgage Home Loans, LLC, Simonich Corp. d/b/a Commerce Mortgage, Sterling National Mortgage Company, Inc., Sun American Mortgage Co., WR Starkey Mortgage, LLP and Arlington Capital Mortgage Corp. (each an "Objecting Seller" and, collectively, the "Objecting Sellers") having filed multiple objections and/or joinders in objections on or about June 12, 2014 (collectively, the "Objections"); and the hearing on the Objections having been adjourned until December 10, 2014; and the parties have conferred and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

have agreed to the Indemnification ADR Procedures set forth below; and the Objecting Sellers do not and have not waived their objections to LBHI's Motion as set forth in the Objections, and the Objecting Sellers do not stipulate to and reserve their rights with respect to paragraphs A through F under the "Hereby Found and Determined" heading, it is,

**HEREBY FOUND AND DETERMINED that:[2]**

A.      The Court has jurisdiction to enter this Order as the matter has a close nexus to the chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6, 2011 (the "Confirmation Order"). Pursuant to Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan, the Court retained jurisdiction over the matter. Venue in this Court for the Motion is appropriate pursuant to 28 U.S.C. § 1408.

B.      Due and proper notice of the Motion has been provided in accordance with the procedures set forth in the Court's amended Order entered June 17, 2010, governing case management and administrative procedures [Docket No. 9635].

C.      LBHI asserts that it holds contractual claims for indemnification and/or reimbursement against approximately 3,000 counterparties (the "Sellers") involving more than 11,000 mortgage loans by virtue of settlements between LBHI and the Federal National Mortgage Association [Docket No. 42153] and between LBHI and the Federal Home Loan Mortgage Corporation [Docket No. 42754] (the "Indemnification Claims"). Certain of the counterparties are the Objecting Sellers.

D.      Certain common issues exist regarding the Indemnification Claims, including questions involving reimbursement and indemnification rights.

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

2

E. LBHI asserts that substantial value may be recovered for the benefit of creditors and judicial efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can be achieved without the need for trial of adversary proceedings or other litigation.

F. Similar proceedings ordered in these and other complex chapter 11 cases have contributed to the effective administration of the proceedings and have reduced costs for all parties.

### RELIEF

The procedures described below are ORDERED to promote consensual recovery with respect to the Indemnification Claims, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation procedures between the affected parties.

1. <u>Standing Mediation Order</u>. All provisions of the General Order #M-452, adopted June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this order. To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

2. <u>Sellers</u>. To date, LBHI asserts that it has identified approximately 3,000 sellers, including the Objecting Sellers, involving more than 11,000 mortgage loans against whom LBHI asserts there is reasonable cause for it to believe that it holds Indemnification Claims.

3. <u>Indemnification ADR Disputes</u>.  LBHI will designate a dispute (an "<u>Indemnification ADR Dispute</u>") as to any Indemnification Claim by serving the following on an Objecting Seller:

    a.    A copy of this Order; and

    b.    An Indemnification ADR Notice (as defined below) (collectively, the "<u>Indemnification ADR Package</u>").

For purposes of the Indemnification ADR Procedures, service on or notice to an Objecting Seller shall be deemed adequate if such service or notice is provided to an Objecting Seller, the Objecting Seller's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

4. <u>Settlement of Disputes During the Indemnification ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Indemnification ADR Dispute at any time before, during, or following the designation of an Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

5. <u>Pre-Mediation Stage Confidentiality</u>.  All discussions between the parties, and the contents of any papers submitted prior to the Mediation Stage (as defined herein), shall remain confidential and privileged in accordance with Paragraph 13 of this Order.

6. <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order applicable to a particular Indemnification ADR Dispute, after service of an ADR Package on an Objecting Seller:

4

      a.      Compliance with the Indemnification ADR Procedures in this Order is mandatory in the specified Indemnification ADR Disputes for both LBHI and the Objecting Seller; and

      b.      No party is required to settle or compromise any dispute or enter into a particular settlement or compromise. However, once LBHI serves an Indemnification ADR Package upon an Objecting Seller, the Objecting Seller must serve the required responses. LBHI and the Objecting Seller must also engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Indemnification ADR Procedures specified below for all Indemnification ADR Disputes covered by such notice.

7.      <u>No Substitute for Claims Procedures</u>. The Indemnification ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures. Nothing contained herein, however, shall prevent an Objecting Seller from asserting in any respect to an Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute a right to assert valid and enforceable setoff rights with respect to LBHI's claim of an Indemnification Claim or any other valid defense to a LBHI demand thereunder.

### NOTICE/RESPONSE STAGE

8.      <u>Notice/Response</u>. The initial stage of the Indemnification ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve an Indemnification ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>"). The Notice/Response Stage shall include:

5

a. <u>Indemnification ADR Notice</u>.  LBHI shall serve upon an Objecting Seller a notice containing sufficient information regarding the Indemnification ADR Dispute to make an Objecting Seller aware of the nature of LBHI's affirmative claim and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise (an "<u>Indemnification ADR Notice</u>").

b. <u>The Objecting Sellers' Response to Notice</u>.  An Objecting Seller must respond to the Indemnification ADR Notice in writing through a "Statement of Position" within thirty (30) calendar days from the date of service of the Notice.  The response options available to an Objecting Seller are as follows (the "<u>Responses</u>"):

   i. <u>Agreeing to Settle the Demand</u>.  If the Objecting Seller agrees to settle the demand in the Indemnification ADR Notice, an Objecting Seller shall state in writing that the offer of settlement in the Indemnification ADR Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, LBHI shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release and receipt of the settlement payment; or

   ii. <u>Denying the Demand</u>.  An Objecting Seller may decline to settle for the amount stated in the demand in the Indemnification ADR Notice, in which case the Objecting Seller must include a brief explanation in the Response to the Indemnification ADR Notice setting forth reason(s) for such denial.  In addition, the Objecting Seller may provide a counteroffer to the demand in the Indemnification ADR Notice, in which case the Objecting Seller

6

    must include a brief explanation setting forth the reason(s) for such counteroffer.

  c. <u>Failure to Respond</u>.  Failure to provide a timely Response to the Indemnification ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option of LBHI, in an application to the Court for Sanctions as set forth below, including fees and costs, termination of the mediation and, at LBHI's discretion, institution of an action against the Objecting Seller, or immediate entry into the mediation stage.

  d. <u>Reply to Response</u>.  LBHI shall have fifteen (15) calendar days from the date of the receipt of the Response to serve a reply to the Response to the Indemnification ADR Notice, in which LBHI may (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information or briefing in support of its demands in the Indemnification ADR Dispute, or (iv) reject any counteroffer in which case the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.  If LBHI fails to respond within this period, the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.

9. <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either LBHI or the Objecting Seller may request an initial telephonic settlement conference by written request, to be held within fourteen (14) calendar days.  Within three (3) business days of a receipt of such a request, the other party must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than fourteen (14) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation

7

Stage. At least one hour shall be reserved for the initial conference to discuss settlement. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this Paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10. Mediation. Indemnification ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").

   a. Initializing Mediation. LBHI and the Objecting Seller together shall contact the mediator to schedule the initial mediation date.

   b. Powers of Mediator. The mediator shall have the broadest possible discretion consistent with the Standing Order.

   c. Choice of Mediator. The mediators identified on Schedule A are APPOINTED as the mediators for Indemnification ADR Disputes reaching the Mediation Stage. The Objecting Seller shall select a mediator from the foregoing list. If the initially selected mediator is unwilling and/or unavailable to serve, then the Objecting Seller shall select an alternate mediator from Schedule A. If none of the foregoing are available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Indemnification ADR Dispute or group of related Indemnification ADR Disputes. Any such alternative

8

shall be deemed to have been appointed upon entry into a written stipulation to that effect by LBHI and the Objecting Seller participating in the applicable Indemnification ADR Dispute or Disputes.  If the parties cannot agree upon a selection of mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the Court shall appoint one or more mediators.

d. Mediation Sites.  All mediation proceedings will take place in New York, New York.

e. Mediation Materials.  LBHI shall submit to the mediator the (i) Indemnification ADR Package, (ii) Statement of Position, (iii) the Reply, if any, and (iv) any other materials exchanged by the parties reflecting the parties' relative positions ("Mediation Materials").  No additional papers shall be submitted to the mediator unless so requested by the mediator, or agreed to by the parties.  All mediation materials will be delivered at least ten (10) days prior to the scheduled mediation proceeding and will not be filed with the Court.

f. Appearance at Mediations.  All participants in the mediation for the applicable Indemnification ADR Dispute must appear in person at the designated mediation location, which shall be the location set forth above unless otherwise agreed to by the parties, with a business principal who has settlement authority. Counsel may also be present and participate.

## OTHER PROVISIONS

11. Deadlines.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of LBHI and an Objecting Seller or (ii) the Bankruptcy Court, for cause shown.

12. <u>Sanctions for Parties</u>.  LBHI and an Objecting Seller must participate in good faith with these Indemnification ADR Procedures with regard to the ADR Disputes specified in the applicable Indemnification ADR Notice.  If, after notice and a hearing, the Court determines that LBHI or the Objecting Seller have not complied with the Indemnification ADR Procedures in good faith in connection with any Indemnification ADR Dispute, LBHI or the Objecting Seller may be subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the mediation procedures, the Court may, without the need for further motion by any party, schedule a hearing, and if the Court determines that LBHI or the Objecting Seller is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

   a. <u>Against LBHI</u>:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) termination of the Indemnification ADR Procedures as to one or more Indemnification Claims; and/or (iii) rejection of some or all claims asserted by LBHI in the applicable Indemnification ADR Dispute.

   b. <u>Against the Objecting Sellers</u>:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) immediate initiation of the mediation stage, provided the matter has not yet reached that point; and/or (iv) termination of the mediation with the right for LBHI to elect to commence an action against a defaulting Objecting Seller.

13. <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No statements or arguments made or

10

positions taken by the mediator, LBHI, or an Objecting Seller during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, the mediator may report to the Court the status of the mediation efforts but shall not disclose the content thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Indemnification ADR Procedures including Settlement Conferences and the Mediation Stage.

14. <u>Removal</u>.  This Order does not affect any rights of removal under applicable statutory law including 28 U.S.C. § 1452, as well as any rights under any applicable Federal or Bankruptcy Rules of Civil Procedure, and abstention requirements under 28 U.S.C. § 1334 are not affected.  Further, all defenses relative to removal are not affected.

15. <u>No Waiver of Defenses</u>.  The parties' participation in the Indemnification ADR Procedures set forth herein, including the Notice/Response Stage and the Mediation Stage, shall not cause either LBHI or the Objecting Seller to waive or release any claims, defenses, or remedies that the individual parties would otherwise hold, except to the extent that the parties enter into a settlement providing for the consensual waiver or release of claims, defenses, and/or remedies.

16. <u>Jury Trials Unaffected</u>.  Participation in the Indemnification ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

11

17.  <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own costs and counsel fees in connection with Mediation, and LBHI shall pay the reasonable fees and costs charged by the Mediator.

18.  For the avoidance of doubt, notwithstanding the foregoing, this Order shall only apply to the Indemnification ADR Procedures between LBHI and the Objecting Sellers and has no impact on the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, dated June 24, 2014 [Docket No. 44846].  For the further avoidance of doubt, notwithstanding the foregoing, this Order shall not apply to loans at issue in <u>Lehman Brothers Holdings, Inc. v. First California Mortgage</u>, Case No. 13-cv-02113 (Dist. Ct. Co.), <u>Lehman Brothers Holdings, Inc. v. Gateway Funding</u>, Case No. 2:11-cv-06089-AB (Dist. Ct. E.D. Pa.), <u>Aurora Bank, FSB (f/k/a Lehman Brothers Bank, FSB) v. Simonich Corporation, d/b/a BWC Mortgage Services</u>, Case No. 13-cv-344 (Dist. Ct. Co.) and <u>Lehman Brothers Holdings, Inc. v. Republic Mortgage Home Loans, LLC</u>, Case No. 1:13-cv-01730 (Dist. Ct. Co.) or to certain loans covered by previous settlements entered by the Objecting Sellers (the "Settled Loans") as follows:

- Mountain West Financial, Inc. Settled Loans numbered ****2105, ****0065, ****4175, ****2778, ****6909, ****4404, ****3316, ****5112, ****0023, ****8047, ****0232, ****1228, ****1045, ****2197, ****2373, ****2156, ****1303, ****3025, ****4054, ****4169, ****4483, ****5111 and any and all other loans settled pursuant to the Settlement Agreement & Release of Claims dated August 2, 2013 by and between Aurora Commercial Corp., as successor by merger to Aurora Bank FSB f/k/a Lehman Brothers Bank FSB and Aurora Loan Services LLC f/k/a Aurora Loan Services, Inc., and Mountain West Financial, Inc.;

- Broadview Mortgage Corp. Settled Loan numbered ******3472;

- Sun American Mortgage Co. Settled Loans numbered ******1827 and ******9057;

08-13555-scc    Doc 50465    Filed 07/28/15    Entered 07/28/15 15:01:14    Main Document
Pg 13 of 13

- Loan Simple, Inc. Settled Loans numbered \*\*\*\*\*\*7078, \*\*\*\*\*\*7128, \*\*\*\*\*\*8221, \*\*\*\*\*\*9584; and

- Sterling National Mortgage Company, Inc. Settled Loans numbered \*\*\*\*5664 and \*\*\*\*5477.

**SO ORDERED:**

July 28, 2015
New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE
