CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
Franklin H. Top III (admitted *pro hac vice*)
Scott Lewis (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020-1708
Telephone: (212) 655-2522
Craig M. Price (CP 9039)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | CHAPTER 11 CASE NO. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *ET AL.*, | |
| Debtors. | (Jointly Administered) |

**AFFIDAVIT OF ROMAN VYSLOUKH IN CONNECTION WITH THE MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR APPROVAL OF SETTLEMENT AGREEMENT AMONG PUTNAM STRUCTURED PRODUCT CDO 2002-1 LTD., PUTNAM STRUCTURED PRODUCT CDO 2002-1 LLC, U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE, LEHMAN BROTHERS SPECIAL FINANCING INC., AND LEHMAN BROTHERS HOLDINGS INC.**

I, Roman Vysloukh, being first duly sworn on oath, and under penalties of perjury as provided for under the Federal Rules of Civil Procedure, depose and state as follows:

1.     I am presently employed by U.S. Bank National Association as a Vice President in our Corporate Trust Services Group based in our Chicago, Illinois, offices located at 190 South LaSalle Street, Chicago, Illinois 60603. U.S. Bank National Association serves as Trustee (*"U.S. Bank"* or the *"Trustee"*) under the terms of that Trust Deed dated as of May 29, 2003, as supplemented from time to time, by and among Putnam Structured Product CDO 2002-1, Ltd., as Issuer, Putnam Structured Product CDO 2002-1 LLC, as Co-Issuer, U.S. Bank National Association (as successor trustee to LaSalle Bank National Association, as Trustee (collectively, the *"Trust Deed,"* and the issuer and co-issuer of notes under the Trust Deed, the *"Issuer"* and *"Co-Issuer"*, and the trust established under the Trust Deed the *"Trust"*). Various classes of Notes (collectively the *"Notes"*) were issued under the Trust Deed.

2.     In my capacity at U.S. Bank, as Trustee, I have responsibility for administering the Trust Deed. Based on my own experiences and after review of the Trustee's business records, I have personal knowledge of the facts stated in this Affidavit and am competent to testify to these facts if called to do so. Capitalized terms not defined herein shall have the meaning ascribed in the Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Settlement Agreement Among Putnam Structured Product CDO 2002-1 Ltd., Putnam Structured Product CDO 2002-1 LLC, U.S. Bank National Association, as Successor Trustee, Lehman Brothers Special Financing Iinc., and Lehman Brothers Holdings Inc. (the *"Settlement Motion"*) [ECF No. 50217].

3.     The notes issued under the Trust Deed are generally held in "street name," meaning that the notes themselves are registered in the name of Cede & Company as the nominee for The Depository Trust Company (*"DTC"*) as the Holder, on behalf of the beneficial holders of such notes. As such, unless a beneficial holder of Notes elects to identify themselves, the Trustee lacks knowledge with respect to the identity of holders. As a result, each of the Notices (as defined below) provided by the Trustee to holders of Notes was transmitted to DTC with instructions to forward the notice to beneficial holders. Upon information and belief, DTC posted the Notices on its electronic bulletin board for beneficial holders to view.

4.     In addition, with assistance of others in my office, the Notices were posted on the Trustee's investor reporting website (http://www.usbank.com/abs), which provides Holders with access to certain information relating to the Trust Deed and the Trust.

5.     The Trust is known as a CDO squared transaction, meaning the Trust holds Notes issued by other CDOs. The Trust held notes (the *"Alta Note"*) issued by ALTA CDO SPC (*"Alta"*) for the account of the Series 2007-1 Segregated Portfolio and the Series 2007-2 Segregated Portfolio. On September 14, 2010, LBSF commenced Adversary Proceeding No. 10- 03547, captioned *Lehman Bros. Special Fin. Inc. v. Bank of Am. National Ass'n, et al. (In re Lehman Bros. Holdings Inc., et al.)*, Case No. 08-13547 (SCC) (the *"Adversary Proceeding"*), challenging, among other things, (a) the enforceability of certain provisions in the contracts governing Alta and the Alta Notes (as defined below) purporting to modify Lehman Brothers Special Financing's (*"LBSF"*) right to receive payment upon early termination of certain swap agreements between Alta and LBSF solely as a result of LBSF's or Lehman Brothers Holdings Inc.'s (*"LBHI"*) bankruptcy filings, and (b) Alta's distribution of funds to investors. The

Adversary Complaint has been amended from time to time, and ultimately the Debtors named the Issuer and Co-Issuer as Defendants to the Adversary Complaint as a result of the receipt by the Trust of funds with respect to Alta Notes held by the trust which LBSF alleges the Trust improperly received.

6.      On November 24, 2010, the Debtors filed a motion seeking to alter certain procedures for settling claims involving special purpose vehicle counterparties (the *"SPV ADR Motion"*).   On July 18, 2012, the Court entered the Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [ECF No. 29507] (the "SPV ADR Procedures Order").

7.      Upon the addition of the Issuer and the Co-Issuer to the Adversary Proceeding, the Trustee sent a notice to holders of Notes on May 6, 2013 advising investors of the institution of litigation with respect to the Alta Notes that had been held by the Trust. A copy of the Notice is attached as Exhibit A.

8.      The Issuer, Co-Issuer and Trust thereafter received an SPV ADR Mediation Notice. The Trustee sent a subsequent notice to Noteholders of the initiation of the mediation proceedings on June 11, 2013.  A true and correct copy of the Notice is attached hereto as *Exhibit B.*

9.      A mediation was held with respect to Alta Notes held by the Trust.  The Trustee, certain Noteholders and the Collateral Manager, Putnam Advisory Company, LLC, participated in mediation with LBSF as required by the Amended Order Providing For Alternative Dispute

Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Contracts with Special Purpose Vehicle Counterparties entered by the Bankruptcy Court on July 18, 2012 [ECF 29507]. The result of the mediation is a settlement agreement between, *inter alia*, the Trustee and LBSF, approval of which is pending before the Bankruptcy Court (the *"Settlement Agreement"*). A copy of the Notice of the Settlement Agreement and the Motion are attached hereto as Exhibit C.

10.    I am not aware of any formal or informal objection of a Holder in the Transaction to the Settlement Offer or Motion as of the date of this affidavit.

*[Remainder of the Page Intentionally Left Blank]*

FURTHER AFFIANT SAYETH NOT.

Roman Vysloukh
Roman D. Vysloukh
Vice President

State of Illinois:

County of Cook:

Subscribed and sworn to before me
this 30 day of JULY 2015.

By _____
    Notary Public

My Commission Expires: 4/15/2018

OFFICIAL SEAL
CHRISTOPHER J NUXOLL
Notary Public - State of Illinois
My Commission Expires Apr 15, 2018

# Exhibit A



Corporate Trust Services
190 S. LaSalle St.
Chicago, IL 60603

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

<u>NOTICE TO HOLDERS OF NOTES ISSUED BY</u>

**PUTNAM STRUCTURED PRODUCT CDO 2002-1 LTD. and PUTNAM STRUCTURED PRODUCT CDO 2002-1 LLC**

(CUSIP numbers for Transactions listed on <u>Exhibit A</u> attached hereto and made a part hereof.)

(Notice Date: May 6, 2013)

Reference is made to that certain Amended and Restated Trust Deed dated as of May 29, 2003, by and between Putnam Structured Product CDO 2002-1 Ltd., as Issuer, Putnam Structured Product CDO 2002-1 LLC, as Co-Issuer and U.S. Bank National Association, as successor indenture trustee (the "*Trustee*"). Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Glossary of Defined Terms.

**This notice is being provided to you because a lawsuit has been instituted by Lehman Brothers Special Financing Inc. ("*LBSF*") seeking the recovery of certain distributions made with respect to securities held by the Issuer involving credit derivative swaps or other swaps with LBSF. LBSF challenges the propriety of these distributions as set forth below. LBSF is interested in negotiating a settlement with respect to these distributions.**

The Putnam Structured Product CDO 2002-1 transaction is generally known as a CDO Squared transaction, meaning the Collateralized Debt Obligation transaction (a "*CDO*") holds assets that have been issued by other CDOs. Some of these assets consisted of synthetic loans or bonds issued by an original issuer (an "*Original Issuer*") under the terms of an original indenture (the "Indenture"). The original assets held by Putnam Structured Product CDO 2002-1 involved in the Pending Litigation (as defined below) include certain Notes issued by Alta CDO SPC for the accounts of the Series 2007-1 Segregated Portfolio and the Series 2007-2 Segregated Portfolio:

Alta CDO 2007-1 A – 021245AA3
Alta CDO 2007-2 A-1 – 81753CAA0

Under the terms of the Indenture, the Original Issuer entered into a credit derivatives transaction with LBSF, an affiliate of Lehman Brothers Holdings Inc. ("*LBHI*"), as counterparty documented by an ISDA Master Agreement (Multicurrency - Cross Border) by and between LBSF (collectively with LBHI the "*Debtors*") and the Original Issuer (a "*Master Agreement*"), one or more Schedules to the Master Agreement between LBSF and the Original Issuer (the "*Schedules*") and one or more Confirmations to the Original Issuer from LBSF (the "*Confirmations*" and collectively with the all of the Master Agreement and Schedules, a "*Swap Transaction*"). LBHI served as Credit Support Party for each of these transactions.

As you know, on September 15, 2008, LBHI filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "*Bankruptcy Code*"), and thereafter on October 3, 2008, LBSF filed a voluntary petition under the Bankruptcy Code. These proceedings are pending in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*", collectively these proceedings shall be referred to herein as the "*Lehman Bankruptcy Proceedings*").

Events of Default exist under each of the Swap Transactions by virtue of the voluntary bankruptcy proceedings filed first by LBHI and thereafter by LBSF. Generally, under the terms of these indentures and Swap Transactions, because LBSF was the sole Affected Party and Defaulting Party under the terms of each Swap Transaction, the relevant indenture provided that any termination payment due LBSF would be paid after payments made to the Noteholders (and certain Administrative Expenses and other amounts senior to Noteholders) (the "*Contractual Priority of Payments*"). Had LBSF not been the Defaulting Party, the indenture provides that any termination payment would be paid from available proceeds prior to applying such proceeds to payments to Noteholders. Each indenture is different, and the specific terms of the indenture for each asset need to be assessed. As a result of the Contractual Priority of Payments, the Issuer may have received final distributions from Original Issuers upon the termination of the relevant Swap Transaction.

LBSF alleges that the priority of payment provisions which would pay LBSF its termination payment after payments to Noteholders are unenforceable under various legal theories. As you are aware, LBSF filed an action in the United States Bankruptcy Court for the Southern District of New York against the Trustee and the Original Issuer; in addition recipients of the distributions have likewise been named in the Complaint, and to the extent it hasn't been named already, the Trustee anticipates that the Issuer will be added to the relevant Complaint. The Complaint is styled *Lehman Brothers Special Financing Inc. v. Bank of America, et al.*, Adversary Proceeding Number 10-03547 (the "*Pending Litigation*"), and the case is assigned to the Honorable Judge Peck. The Pending Litigation seeks to recoup these distributions from recipients thereof. At this stage, the only pleadings filed in the Pending Litigation are the Complaints, and the litigation has been stayed until July 20, 2013. No Answer or responsive pleading is currently due prior to September, 2013.

We have received correspondence from the Debtors in many of these CDO Squared type transactions that the Debtors would like to try and negotiate a resolution to the Pending Litigation. The Pending Litigation may affect your rights and recoveries. Please contact the

Trustee and instruct the Trustee in connection with (a) the Pending Litigation and (b) any attempt to negotiate a resolution with LBSF as provided below:

> U.S. Bank National Association, as Trustee
> RE: Putnam Structured Product CDO 2002-1 Ltd.
> Attn: Mamta Scott
> 190 South LaSalle Street
> Chicago, Illinois 60603
> mamta.scott@usbank.com

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, funds held under the relevant Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indenture unless adequate reassurance of payment and/or indemnity is provided to it.

The Trustee reserves all rights under the Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations, gives no investment, legal or tax advice. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.

**U.S. Bank National Association,**
**as Trustee**

3

## Exhibit A
### (CUSIPs)

| Class | CUSIP[1] |
| --- | --- |
| Class A-1LT-a | 746869AH9 / USG7301TAH35 / G7301TAH3 |
| Class A-1LT-b | 746869AK2 / USG7301TAK63 / G7301TAK6 |
| Class A-1LT-c | 746869AM8 / USG7301TAM20 / G7301TAM2 |
| Class A-1LT-d | 746869AP1 / USG7301TAP50 / G7301TAP5 |
| Class A-1LT-e | 746869AR7 / USG7301TAR17 / G7301TAR1 |
| Class A-1LT-f | 746869BA3 / USG7301TBC39 / G7301TBC3 |
| Class A-1LT-g | 746869BB1 / USG7301TBD12 / G7301TBD1 |
| Class A-1LT-h | 746869BC9 / USG7301TBE94 / G7301TBE9 |
| Class A-1LT-i | 746869BD7 / USG7301TBF69 / G7301TBF6 |
| Class A-1LT-j | 746869BE5 / USG7301TBG43 / G7301TBG4 |
| Class A-2 | 746869AF3 / USG7301TAF78 / G7301TAF7 |
| Class B | 746868AA6 / USG7301DAA30 / G7301DAA3 |
| Class C | 746868AB4 / USG7301DAB13 / G7301DAB1 |

---

[1] The CUSIP numbers appearing herein are included solely for the convenience of the Holders. The Trustee is not responsible for the selection or use of CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on any Notes or as indicated in this notice.

4

# Exhibit B



Corporate Trust Services
190 S. LaSalle St.
Chicago, IL 60603

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO HOLDERS

### PUTNAM STRUCTURED PRODUCT CDO 2002-1 LTD. and PUTNAM STRUCTURED PRODUCT CDO 2002-1 LLC

(CUSIP numbers for Transactions listed on <u>Exhibit A</u> attached hereto and made a part hereof.)

### <u>Notice of Initiation of Mediation Proceedings</u>

(Notice Date: June 11, 2013)

Reference is made to that certain Trust Deed dated as of May 29, 2003, by and between Putnam Structured Product CDO 2002-1 Ltd., as Issuer, Putnam Structured Product CDO 2002-1 LLC, as Co-Issuer and U.S. Bank National Association, as successor trustee (the *"Trustee"*). Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Trust Deed.

**This notice is being provided to you because the Debtors have recently initiated mediation proceedings with respect to the above referenced transaction as an alternative to litigation. Any mediation may affect your rights and interests as a holder of the Note set forth above. The Trustee would like to discuss with you the Trustee's participation in the mediation. Please contact the Trustee using the contact information set forth below.**

The Putnam Structured Product CDO 2002-1 transaction is generally known as a CDO Squared transaction, meaning the Collateralized Debt Obligation transaction (a "CDO") holds assets that have been issued by other CDOs. Some of these assets consisted of synthetic loans or bonds issued by an original issuer (an "Original Issuer") under the terms of an original indenture (the "Original Indenture"). The original assets held by Putnam Structured Product CDO 2002-1 involved in the Pending Litigation (as defined below) are:

Alta CDO 2007-1 A – 021245AA3
Alta CDO 2007-2 A-1 – 81753CAA0

Under the terms of the Original Indenture, the Original Issuer entered into a credit derivatives transaction with LBSF, an affiliate of Lehman Brothers Holdings Inc. ("*LBHI*"), as counterparty documented by an ISDA Master Agreement (Multicurrency - Cross Border) by and between LBSF (collectively with LBHI the "*Debtors*") and the Original Issuer (a "*Master Agreement*"), one or more Schedules to the Master Agreement between LBSF and the Original Issuer (the "*Schedules*") and one or more Confirmations to the Original Issuer from LBSF (the "*Confirmations*" and collectively with the all of the Master Agreement and Schedules, a "*Swap Transaction*"). LBHI served as Credit Support Party for each of these transactions.

As you know, on September 15, 2008, LBHI filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq*. (the "*Bankruptcy Code*"), and thereafter on October 3, 2008, LBSF filed a voluntary petition under the Bankruptcy Code. These proceedings are pending in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*", collectively these proceedings shall be referred to herein as the "*Lehman Bankruptcy Proceedings*").

Events of Default exist under each of the Swap Transactions by virtue of the voluntary bankruptcy proceedings filed first by LBHI and thereafter by LBSF. Generally, under the terms of these indentures and Swap Transactions, because LBSF was the sole Affected Party and Defaulting Party under the terms of each Swap Transaction, the relevant indenture provided that any termination payment due LBSF would be paid after payments made to the Noteholders (and certain Administrative Expenses and other amounts senior to Noteholders) (the "*Contractual Priority of Payments*"). Had LBSF not been the Defaulting Party, the indenture provides that any termination payment would be paid from available proceeds prior to applying such proceeds to payments to Noteholders. Each indenture is different, and the specific terms of the indenture for each asset need to be assessed. As a result of the Contractual Priority of Payments, the Issuer may have received final distributions from Original Issuers upon the termination of the relevant Swap Transaction.

LBSF alleges that the priority of payment provisions which would pay LBSF its termination payment after payments to Noteholders are unenforceable under various legal theories. As you are aware, LBSF filed an action in the United States Bankruptcy Court for the Southern District of New York against the Trustee and the Original Issuer; in addition recipients of the distributions have likewise been named in the Complaint, and to the extent it hasn't been named already, the Trustee anticipates that the Issuer will be added to the relevant Complaint. The Complaint is styled *Lehman Brothers Special Financing Inc. v. Bank of America, et al.*, Adversary Proceeding Number 10-03547 (the "*Pending Litigation*"), and the case is assigned to the Honorable Judge Peck. The Pending Litigation seeks to recoup these distributions from recipients thereof. At this stage, the only pleadings filed in the Pending Litigation are the Complaints, and the litigation has been stayed until July 20, 2013. No Answer or responsive pleading is currently due prior to September, 2013.

On May 13, 2013, the Debtors initiated a mediation proceeding under the SPV ADR Order with respect to the Putnam Structured Product CDO 2002-1 transaction. No schedule has yet been set for the mediation. The Trustee is (a) providing you notice that LBSF made a demand for a termination payment plus interest thereon, (b) seeking the identity of all

2

Noteholders in order to facilitate participation of Noteholders in the Derivatives ADR Procedures (as defined in the ADR Order) and facilitate direct communication with LBSF regarding these matters, and (c) seeking direction and instruction from the Noteholders with respect to participation by the Trustee in the Derivatives ADR Procedures. Further, the Trustee (a) invites you to participate in the Derivatives ADR Procedures as an alternative to litigation, (b) encourages you to communicate directly with the Debtors and (c) consistent with the Trust Deed and applicable law, offers to take your direction with regard to the Derivatives ADR Notice. Please contact the Trustee at your earliest convenience at the following address:

> U.S. Bank National Association, as Trustee
> RE: Putnam Structured Product CDO 2002-1
> Attn: Mamta Scott
> 190 South LaSalle Street
> Chicago, Illinois 60603
> mamta.scott@usbank.com

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Trust Deed to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, funds held under the relevant Trust Deed may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Trust Deed unless adequate reassurance of payment and/or indemnity is provided to it.

The Trustee reserves all rights under the Trust Deed. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations, gives no investment, legal or tax advice. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.

**U.S. Bank National Association,
as Trustee**

3

**Exhibit A**
(CUSIPs)

| Class | CUSIP[1] |
|---|---|
| Class A-1LT-a | 746869AH9 / USG7301TAH35 / G7301TAH3 |
| Class A-1LT-b | 746869AK2 / USG7301TAK63 / G7301TAK6 |
| Class A-1LT-c | 746869AM8 / USG7301TAM20 / G7301TAM2 |
| Class A-1LT-d | 746869AP1 / USG7301TAP50 / G7301TAP5 |
| Class A-1LT-e | 746869AR7 / USG7301TAR17 / G7301TAR1 |
| Class A-1LT-f | 746869BA3 / USG7301TBC39 / G7301TBC3 |
| Class A-1LT-g | 746869BB1 / USG7301TBD12 / G7301TBD1 |
| Class A-1LT-h | 746869BC9 / USG7301TBE94 / G7301TBE9 |
| Class A-1LT-i | 746869BD7 / USG7301TBF69 / G7301TBF6 |
| Class A-1LT-j | 746869BE5 / USG7301TBG43 / G7301TBG4 |
| Class A-2 | 746869AF3 / USG7301TAF78 / G7301TAF7 |
| Class B | 746868AA6 / USG7301DAA30 / G7301DAA3 |
| Class C | 746868AB4 / USG7301DAB13 / G7301DAB1 |

---

[1] The CUSIP numbers appearing herein are included solely for the convenience of the Holders. The Trustee is not responsible for the selection or use of CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on any Notes or as indicated in this notice.

4

# Exhibit C



All of **us** serving you®

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

<u>NOTICE TO HOLDERS</u>

**PUTNAM STRUCTURED PRODUCT CDO 2002-1, LTD. and PUTNAM STRUCTURED PRODUCT CDO 2002-1, LLC**

(CUSIP numbers for Transactions listed on <u>Exhibit A</u> attached hereto and made a part hereof.)

(Notice Date: July 7, 2015)

Reference is made to that certain Trust Deed dated as of May 29, 2003, as supplemented from time to time (the *"Trust Deed"*), by and among Putnam Structured Product CDO 2002-1, Ltd. as Issuer (the *"Issuer"*), Putnam Structured Product CDO 2002-1 LLC, as Co-Issuer and U.S. Bank National Association (as successor trustee to LaSalle Bank National Association), as trustee (the *"Trustee"*). Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Trust Deed.

**This notice is being provided to you because the Trustee has entered into a settlement agreement with Lehman Brothers Special Financing Inc. (*"LBSF"*), subject to approval of the Bankruptcy Court as described below.**

In prior notices, the Trustee informed Noteholders that LBSF disputed the priority of payment of termination payments allegedly due and payable to LBSF under the terms of two credit swap agreements (the *"Credit Swap Agreements"*) between LBSF and ALTA CDO SPC. Two of the Alta Notes (one in the 2007-1 Series and the other in the 2007-2 Series) were held in the Putnam Structured Product CDO 2002-1 transaction (the *"Putnam Owned Notes"*). Payments were received by the Trustee with respect to the Putnam Owned Notes, and subsequently distributed to Holders on account of the Notes.

As you will recall, LBSF commenced an adversary proceeding on September 14, 2010 styled *Lehman Brothers Special Financing Inc. v. Bank of America, et al.*, Adversary Proceeding Number 10-03547 (the *"Adversary Proceeding"*) in the United States Bankruptcy Court for the Southern District of New York (the *"Bankruptcy Court"*), seeking, among other things, to recoup the liquidation proceeds from the termination of the Credit Swap Agreements, which the Trustee has distributed to Noteholders.

The Trustee and the Collateral Manager, Putnam Advisory Company, LLC, participated in mediation with LBSF as required by the Amended Order Providing For Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Contracts with Special Purpose

**usbank.com**



All of **us** serving you®

Vehicle Counterparties entered by the Bankruptcy Court on July 18, 2012 [ECF 29507]. The result of the mediation is a settlement agreement between, *inter alia*, the Trustee and LBSF, approval of which is pending before the Bankruptcy Court (the *"Settlement Agreement"*). The Settlement Agreement, if approved, provides that the Trustee will pay a confidential amount to LBSF from Principal Proceeds to settle the dispute, and LBSF will dismiss with prejudice any and all claims made in the Adversary Proceeding relating to the Putnam Owned Notes and the Trust Deed. In addition, the Settlement Agreement provides that each of LBSF, Lehman Brothers Holdings Inc. (*"LBHI"*), as the credit support provider for LBSF under the Credit Swap Agreements and as bankruptcy plan administrator for LBSF and LBHI, releases, among others, U.S. Bank, individually and as Trustee, and any and all current or former Holders of the Notes, from any and all claims, whether known or unknown, arising from or related to the Putnam Owned Notes and covenants never to commence or assist in any action regarding the same.

The Settlement Agreement is confidential. However, the Trustee is permitted to share a copy of the Settlement Agreement with Holders of Notes who execute a confidentiality agreement. To obtain a copy of the confidentiality agreement, please contact the Trustee in writing as follows:

> Mamta Scott
> U.S. Bank National Association
> Global Corporate Trust Services
> 190 South LaSalle Street
> Chicago, Illinois 60603
> mamta.scott@usbank.com

A hearing is scheduled in the Bankruptcy Court in the case entitled *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555, on August 4, 2015 at 10:00 am (Prevailing Eastern Time) with respect to the motion seeking approval of the Settlement Agreement (the *"Motion"*). (ECF No. 50217). **ANY OBJECTIONS TO THE SETTLEMENT AGREEMENT MUST BE FILED WITH THE BANKRUPTCY COURT ON OR BEFORE 4:00 PM PREVAILING EASTERN TIME ON July 29, 2015** in accordance with the related Notice of Motion (ECF No. 50217), and served upon (i) the chambers of the Honorable Shelly C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard Levine, Esq. and Jacqueline Marcus, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2 (the *"U.S. Trustee"*), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; and (iv) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: Franklin H. Top, III, Esq., attorney for U.S. Bank National Association, as Trustee.

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Trust Deed to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

**usbank.com**



All of **us** serving you®

Prior to any distribution, funds held under the Trust Deed may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Holders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Trust Deed.

**The Trustee makes no recommendations and provides no investment, legal or tax advice with respect to the Settlement Agreement, in connection with the Notes, Trust Deed or otherwise. Each Holder should seek advice from an independent advisor based on such Holder's particular circumstances.**

The Trustee reserves all rights under the Trust Deed. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Holders is not consistent with equal and full dissemination of information to all Holders. Holders should not rely on the Trustee as their sole source of information.

U.S. Bank National Association,
as Trustee

**usbank.com**



All of **us** serving you®

### Exhibit A
(CUSIPs)

| Class | Cusip |
|-------|-------|
| Class A-1LT-a | 746869AH9 / USG7301TAH35 / G7301TAH3 |
| Class A-1LT-b | 746869AK2 / USG7301TAK63 / G7301TAK6 |
| Class A-1LT-c | 746869AM8 / USG7301TAM20 / G7301TAM2 |
| Class A-1LT-d | 746869AP1 / USG7301TAP50 / G7301TAP5 |
| Class A-1LT-e | 746869AR7 / USG7301TAR17 / G7301TAR1 |
| Class A-1LT-f | 746869BA3 / USG7301TBC39 / G7301TBC3 |
| Class A-1LT-g | 746869BB1 / USG7301TBD12 / G7301TBD1 |
| Class A-1LT-h | 746869BC9 / USG7301TBE94 / G7301TBE9 |
| Class A-1LT-i | 746869BD7 / USG7301TBF69 / G7301TBF6 |
| Class A-1LT-j | 746869BE5 / USG7301TBG43 / G7301TBG4 |
| Class A-2 | 746869AF3 / USG7301TAF78 / G7301TAF7 |
| Class B | 746868AA6 / USG7301DAA30 / G7301DAA3 |
| Class C | 746868AB4 / USG7301DAB13 / G7301DAB1 |

**usbank.com**