Exhibit 3

# DEPOSIT ACCOUNT CONTROL AGREEMENT

DEPOSIT ACCOUNT CONTROL AGREEMENT dated as of _____, among Lehman Brothers Holdings Inc. (the "**Lien Grantor**"), Lehman Brothers Special Financing Inc. (the "**Secured Party**"), and Citibank, N.A. (the "**Depositary Bank**").  All references herein to the "**UCC**" refer to the Uniform Commercial Code as in effect from time to time in the State of New York. Terms defined in the UCC have the same meanings when used herein.

W I T N E S S E T H:

WHEREAS, the Lien Grantor is the Depositary Bank's customer with respect to the Accounts (as defined below);

WHEREAS, the Accounts are subject to the Depositary Bank's standard terms and conditions as in effect from time to time, and are binding on the Lien Grantor and the Secured Party, as applicable;

WHEREAS, the Accounts are subject to various claims and defenses asserted by, among others, Lien Grantor and the Depositary Bank in that certain case captioned *Lehman Brothers Holdings Inc., et al.* v. *Citibank, N.A.., et al.*, Case No. 12-01044 (SCC) (Bankr. S.D.N.Y.) (the "**Bankruptcy Litigation**");

WHEREAS, the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") in the case captioned *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (SCC) (Bankr. S.D.N.Y.) (the "**General Bankruptcy Case**") has entered that certain [*Order Authorizing Lehman Brothers Special Financing Inc. To Invest Disputed Claims Reserves For Claim Number 67733 Pursuant to Section 8.4 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc.*, Docket No. [ ]] (the "**Investment Approval Order**");

WHEREAS, the Lien Grantor has granted to the Secured Party a security interest in the Accounts pursuant to a separate agreement entered into between the Lien Grantor and the Secured Party ("**Transaction Lien**")*.* The Depositary Bank is being requested to enter into this Agreement and is willing to do so.

NOW, THEREFORE, the parties hereto agree as follows:

Section 1.  *Establishment of Accounts*.  The Depositary Bank confirms that:

    (i) the Depositary Bank has established the account(s) set forth on Schedule I in the name of the Lien Grantor (such account(s) and any successor account(s), the "**Accounts**"); and

    (ii) each Account is a "deposit account" as defined in Section 9-102(a)(29) of the UCC.

Section 2. *Instructions*. From the date of this Agreement, and notwithstanding anything in this Agreement to the contrary, the Depositary Bank agrees to comply with any instructions originated by the Secured Party directing disposition of funds in the Accounts without further consent by the Lien Grantor or any other person, *provided* that such instructions are consistent with the Secured Party's interests in the Accounts as provided in the Investment Approval Order.

Section 3. *Limited Subordination of Lien; Limited Subordination of Set-off*.

    (i) Except for amounts referred to in Section 3(ii) and amounts arising in connection with the indemnification obligations described in Section 12, (a) the Depositary Bank subordinates any security interest, lien or right to make deductions or set-offs that it may now have or hereafter acquire in or with respect to the Accounts to the Transaction Lien, and (b) any amounts credited to the Accounts will not be subject to deduction, set-off, banker's lien, or any other right in favor of any person other than the Secured Party.

    (ii) Notwithstanding Section 3(i), the Depositary Bank, may charge or setoff the Deposit Account for:

        (A) all amounts due to it in respect of its customary fees and expenses for the routine maintenance and operation of the Accounts;

        (B) any adjustments or corrections of any posting or encoding errors;

        (C) the face amount of any checks, electronic credits, or other items that have been credited to the Accounts but at any time are subsequently returned, reversed, unpaid or otherwise uncollected, for any reason whatsoever; and

        (D) all amounts due to it, as determined by a Final Order (as defined in the Investment Approval Order), in the General Bankruptcy Case or the Bankruptcy Litigation.

Section 4. *Choice of Law and Waiver of Jury Trial*.

    (i) This Agreement shall be construed in accordance with and governed by the laws of the State of New York without regard to conflicts of law provisions that would require the application of the law of another jurisdiction. The State of New York shall be deemed to be the Depositary Bank's jurisdiction for purposes of the UCC (including, without limitation, Section 9-304 thereof).

2

    (ii) Each party waives all rights to trial by jury in any action, claim or proceeding (including any counterclaim) of any type arising out of or directly or indirectly relating to this Agreement.

Section 5. *Conflict with Other Agreements*. In the event of any conflict between this Agreement (or any portion hereof) and any other agreement between the Depositary Bank and the Lien Grantor with respect to the Accounts, whether now existing or hereafter entered into, the terms of this Agreement shall prevail; *provided, however,* that in the event of any conflict between this Agreement (or any portion hereof) and any provision of the Investment Approval Order, the terms of the Investment Approval Order shall prevail. Except as expressly set forth herein and as set forth in the Investment Approval Order, nothing in this Agreement is intended to modify the Amended Stipulation Establishing Distribution Reserves for Claims Filed by Citibank, N.A., Citigroup Global Markets Ltd., and Citigroup Global Markets, Inc. in Connection With the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated February 25, 2013, by and among Lehman Brothers Holdings Inc., as Plan Administrator, and Citibank, N.A., Citigroup Global Markets Ltd., and Citigroup Global Markets, Inc..

Section 6. *Amendments*. No amendment or modification of this Agreement or waiver of any right hereunder shall be binding on any party hereto unless it is in writing and is signed by all the parties hereto.

Section 7. *Notice of Adverse Claims*. Except for the claims and interests of the Secured Party, the Lien Grantor and the Depositary Bank that are subject to the Bankruptcy Litigation, the Depositary Bank does not know of any claim to, or interest in, the Accounts. If any person (other than the Secured Party, the Lien Grantor or the Depositary Bank) asserts any lien, encumbrance or adverse claim (including any writ, garnishment, judgment, attachment, execution or similar process) against any one or more of the Accounts, the Depositary Bank will promptly notify the Secured Party and the Lien Grantor thereof.

Section 8. *Representations, Warranties and Covenants of the Depositary Bank*. The Depositary Bank makes the following representations, warranties and covenants:

    (i) The Accounts have been established as set forth in Section 1 above and will be maintained in the manner set forth herein until this Agreement is terminated. The Depositary Bank will not change the name or account number of the Accounts without prior written notice to the Secured Party.

    (ii) This Agreement is a valid and binding agreement of the Depositary Bank.

    (iii) The Depositary Bank has not entered into, and until the termination of this Agreement will not enter into, any agreement with any person (other than the Secured Party) relating to the Accounts pursuant to which it has agreed, or will agree, to comply with any instructions of such person. The Depositary Bank has not entered into any other agreement with the Lien

Grantor or the Secured Party purporting to limit or condition the obligation of the Depositary Bank to comply with any instruction as agreed in Section 2 hereof.

Section 9.  *Successors and Transferees*.

(i) This Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns. Except as provided in Section 9(ii) below, a voluntary transfer of a party's rights or duties under this Agreement without the written consent of the other parties will be void.

(ii) The Depositary Bank may transfer or assign its rights and duties under this Agreement to an affiliate, subsidiary or successor in interest, by contract or operation of law, without consent of the Lien Grantor or Secured Party, and will promptly provide notice to the parties.

Section 10. *Notices*. Each notice, request or other communication given to any party hereunder shall be in writing (which term includes facsimile or other electronic transmission) and shall be effective (i) when delivered to such party at its address specified below, (ii) when sent to such party by facsimile or other electronic transmission, addressed to it at its facsimile number or electronic address specified below, and such party sends back an electronic confirmation of receipt or (iii) ten days after being sent to such party by certified or registered United States mail, addressed to it at its address specified below, with first class or airmail postage prepaid:

| | |
|---|---|
| Lien Grantor: | Lehman Brothers Holdings, Inc. |
| | [INSERT CONTACT INFO] |
| Secured Party: | Lehman Brothers Special Financing Inc. |
| | [INSERT CONTACT INFO] |
| Depositary Bank: | Citibank, N.A. **Implementation Services**<br>**One Penns Way**<br>**Ops 2/2**<br>**New Castle, DE 19270**<br>**Attention: Kelly Downey/Thomas Kane**<br>**Daca.serviceteam**@citi.com |
| | with a copy to: |

4

Any party may change its address, facsimile number and/or e-mail address for purposes of this Section by giving notice of such change to the other parties in the manner specified above.

Section 11. *Termination*. The rights and powers granted herein to the Secured Party have been granted in order to perfect the Transaction Lien, are powers coupled with an interest and will not be affected by any bankruptcy of the Lien Grantor or any lapse of time. This Agreement may be terminated (i) by the Secured Party at any time by notice to the other parties or (ii) by the Depositary Bank upon 30 days' notice to the other parties. Upon the effective date of termination by either the Secured Party or the Depositary Bank, the obligations of the Depositary Bank hereunder with respect to the operation and maintenance of the Accounts per this Agreement after the receipt of such notice shall terminate, and the Secured Party shall have no further right to originate instructions concerning the Accounts.

Section 12. *Indemnity; Depositary Bank's Responsibility*. The Lien Grantor and the Secured Party agree to indemnify, defend and hold harmless the Depositary Bank against any loss, liability or expense (including reasonable fees and disbursements of counsel) incurred in connection with this Agreement, including any action taken by the Depositary Bank pursuant to the instructions of the Secured Party, except to the extent due to the gross negligence or willful misconduct of the Depositary Bank or breach of its obligations hereunder. The Lien Grantor confirms and agrees that the Depositary Bank shall not have any liability to the Lien Grantor for wrongful dishonor of any items as a result of any instructions of the Secured Party. In no event shall the Depositary Bank have liability for any indirect, consequential, special, punitive, or other such losses, even if the Depositary Bank has been notified of the likelihood of such damages. The Secured Party agrees to reimburse the Depositary Bank for any amount listed in Section 3(ii) which remains unpaid by Lien Grantor for a period of 15 days from date of demand made by Depositary Bank or in the event that Depositary Bank is enjoined, stayed or prohibited from making demand. The Depositary Bank shall have no duty to inquire or determine whether the Secured Party is entitled to give any instructions related to the Account. The Depositary Bank is fully entitled to rely upon such instructions from the Secured Party without further inquiry into identity, authority, or right of the person issuing such instructions. Notwithstanding any other provision of this Agreement, the obligations of the Lien Grantor and the Secured Party pursuant to Section 12 hereof shall survive the termination of this Agreement by any party.

*{signatures appear on following page}*

IN WITNESS WHEREOF, the undersigned have duly executed and delivered this Agreement as of the date first set forth above.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
    Name:
    Title:

LEHMAN BROTHERS SPECIAL FINANCING INC.

By: _____
    Name:
    Title:

CITIBANK, N.A.

By: _____
    Name:
    Title:

**Schedule I**
**Effective as of [date]**

**ACCOUNTS**

| Account Number | Account Type | Entity |
|---|---|---|
| 20435400 | Deposit | Lehman Brothers Holdings Inc. |
| 30826233 | Deposit | Lehman Brothers Holdings Inc. |
| 30870189 | Deposit | Lehman Brothers Holdings Inc. |

LEHMAN BROTHERS HOLDINGS INC.

By: _____

Name; _____

Title: _____

LEHMAN BROTHERS SPECIAL FINANCING INC.

By: _____

Name: _____

Title: _____