---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------- x

## NOTICE OF HEARING ON FIVE HUNDRED FOURTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on July 31, 2015, Lehman Brothers Holdings Inc.

(the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint*

*Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities

in the above-referenced chapter 11 cases, filed the five hundred fourth omnibus objection to

claims (the "Five Hundred Fourth Objection to Claims"), and that a hearing (the "Hearing") to

consider the Five Hundred Fourth Omnibus Objection to Claims will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**,

or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred

Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers

of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004,

Courtroom 621; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail,

Esq. and Alexander Woolverton, Esq.); and (iii) the Office of the United States Trustee for

Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York

10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.);

so as to be so filed and received by no later than **August 31, 2015 at 4:00 p.m. (prevailing**

**Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:    July 31, 2015
          New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

WEIL:\95414041\2\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------- x

## PLAN ADMINISTRATOR'S FIVE HUNDRED FOURTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS OBJECTION
SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS
OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
MELISSA SIEGEL, AT (212) 310-8054.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced

Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

## Relief Requested

1.    The Plan Administrator files this five hundred fourth omnibus objection to

claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and

expungement of proofs of claim listed on Exhibit A annexed hereto (such claims, the "No

Liability Claims").

2.    The Plan Administrator has examined each of the No Liability Claims and

has determined that, in each case for the reasons identified more specifically herein and on

Exhibit A, LBHI and LBSF have no liability for any part of the claim.  The Plan Administrator,

therefore, requests that the No Liability Claims be disallowed and expunged.  The Plan

Administrator reserves all rights to object on any other basis to any No Liability Claims as to

which the Court does not grant the relief requested herein.

## Jurisdiction

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

## Background

4.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases.  [ECF No. 4271 at 2, 7–8].  The Bar Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." *Id.* at 9–10.

6.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.      On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## Legal Standard

8.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

A.     **Objection to Proofs of Claim 32542, 32321, 17279, 24634 – The Satisfied Claims**

9.     Claim numbers 32542, 32321, 17279, 24634, (the "Satisfied Claims") were filed against LBHI based on a purported guarantee of the obligations of Lehman Brothers Finance S.A. ("LBF") under certain swap agreements (the "Derivatives Contracts").  The Plan Administrator has determined that the amounts owed by LBF have been satisfied in full by LBF.  Claim numbers 32542 and 32321 did not assert an amount owed and claim numbers 17279 and 24634 asserted amounts greater than what the Plan Administrator has determined is owed by LBF.  In each case, based on the Plan Administrator's valuation, the relevant Derivatives Contract, and the distributions that LBF has made to its creditors, the Plan Administrator has determined that these claimants have received payment in full of what they are owed.  Having recovered in full against the primary obligor, the Satisfied Claims should be deemed satisfied in full and expunged.  *See In re United Cigar Stores*, 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the

underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged.  The obligee is entitled to only one aggregate performance.").

**B.      Objection to Proofs of Claim 30995, 32901, 23446, 23447, 30875, 30881, 30965, 30991 – The U.S. Bank Claims and Taylor Creek Claims**

10.      Claim numbers 23446, 32901, 30875, 30991 were filed by U.S. Bank National Association ("U.S. Bank") against Lehman Brothers Special Financing, Inc. ("LBSF") (the "U.S. Bank LBSF Claims") in connection with U.S. Bank's role as trustee for certain special purpose vehicles (the "SPVs") under certain indentures and trust agreements.  Claim numbers 30995, 23447, 30881, and 30965 were filed by U.S. Bank against LBHI based on LBHI's purported guarantee of the obligations of LBSF to pay U.S. Bank's fees and expenses in connection with certain transactions described therein (the "U.S. Bank Guarantee Claims," and together with the U.S. Bank LBSF Claims, the "U.S. Bank Claims").

11.      Claim number 15783 was filed by Taylor Creek Limited ("Taylor Creek") against LBSF for amounts owed in connection with certain indentures and trust agreements (the "Taylor Creek LBSF Claim").  Claim number 15784 was filed by Taylor Creek against LBHI based on LBHI's purported guarantee of the obligations of LBSF to pay Taylor Creek in connection with certain transactions described therein (the "Taylor Creek Guarantee Claim," and together with the Taylor Creek LBSF Claim, the "Taylor Creek Claims").

12.      Each of the transactions described in these claims has been wound-down and liquidated, and, upon information and belief, any amounts owed to U.S. Bank have been paid in full and no amounts are owed to Taylor Creek.  As set forth above, in no case can a creditor

WEIL:\95414041\2\58399.0011

recover from all sources more than the full amount of its claim. Accordingly, the U.S. Bank

Claims and Taylor Creek Claims should be expunged.

**C.**     **Objection to Proofs of Claim 28174 and 14181 – The Receivable Claims**

13.     Claim numbers 28174 and 14181 (the "Receivable Claims") were filed

against LBHI based on a purported guarantee of the obligations of LBF under certain Derivatives

Contracts.

14.     The Plan Administrator utilizes a thorough, multi-step process to review

claims filed against the Chapter 11 Estates based on Derivatives Contracts in order to determine

the fair, accurate, and reasonable value, if any, of such claims. Specifically, the Plan

Administrator: (i) collects and reviews documents related to the relevant Derivatives Claim

including, but not limited to, the relevant Derivatives Questionnaire and/or guarantee

questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted

collateral and any cash payments already received, made, or missed; and (iii) reviews the

valuation methodology used by the claimant to determine the value of the claim, including

verifying the legitimacy of quotes provided by the claimant in connection with its valuation

statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]

15.     After a review of the claimants' supporting documentation and LBHI's

books and records, the Plan Administrator has determined that, based on the fair, accurate, and

reasonable value of the underlying contracts and the netting provisions thereunder, LBF (and

therefore, LBHI) does not owe any amounts to the claimants. Rather, the Plan Administrator has

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

WEIL:\95414041\2\58399.0011

determined that the claimants owe amounts to LBF.  Accordingly, the Plan Administrator

requests that the Court disallow and expunge the Receivable Claims in their entirety.

**D.**      **Objection to Proof of Claim 28181 – The Books and Records Claim**

16.      Claim number 28181 provides no basis for LBSF's liability.  After a

review of the claimant's supporting documentation and LBSF's books and records, the Plan

Administrator has determined that, based on the fair, accurate, and reasonable value of the

underlying Derivatives Contract and the netting provisions thereunder, LBSF does not owe any

amounts to the claimant.  Accordingly, Claim number 28181 should be disallowed and

expunged.

**E.**      **Objection to Proof of Claim 22782 – The Sun Hung Kai Claim**

17.      Claim number 22782 was filed by a Sun Hung Kai Investment Services

Limited ("Sun Hung Kai"), a party that has no privity with LBHI or any of the other Chapter 11

Estate.  Accordingly, Claim number 22782 should be disallowed and expunged.

**F.**      **Objection to Proofs of Claim 16096, 19932, 56079, 56080 – The Invalid Guarantee**
**Claims**

18.      Claim numbers 16096, 19932, 56079, 56080 (the "Invalid Guarantee

Claims") assert that LBHI is liable as a guarantor for amounts purportedly owed by LBF.  In

support of the Invalid Guarantee Claims, claimants rely on a Resolution from the Board of

Directors of LBHI, dated June 9, 2005, (hereinafter referred to as the "Corporate Resolution")

purporting to guarantee LBF's obligations.

19.      A guaranty is a contractual undertaking by one party, the guarantor, to

satisfy the obligations of another party, the primary obligor, to a third party, the creditor, in the

event of a default by the primary obligor.  *See Nanjing Textiles IMP/EXP Corp. v. NCC*

WEIL:\95414041\2\58399.0011

*Sportswear Corp.*, No. 06 Civ. 52(JGK), 2006 WL 2337186, at *13 (S.D.N.Y. Aug. 11, 2006);

RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1 cmts. f, g (1996); BLACK'S LAW

DICTIONARY (9th ed. 2009); 38 AM. JUR. 2D *Guaranty* § 1 (2014).  Like all contracts, acceptance

is a crucial element in forming a valid guaranty contract.  The United States Supreme Court in

*Davis Sewing-Mach. Co. v. Richards*, 115 U.S. 524 (1885), explained:

> A contract of guaranty, like every other contract, can only be made by mutual
> assent of the parties. . . . [I]f the guaranty is signed by the guarantor without any
> previous request of the other party, and in his absence, for no consideration
> moving between them except future advances to be made to the principal debtor,
> the guaranty is in legal effect an offer or proposal on the part of the guarantor,
> *needing an acceptance by the other party to complete the contract.*

*Id.* at 525 (emphasis added).

      20.    General guaranties are offers that can be accepted by anyone to whom

they are presented, and do not necessarily specify the particular transactions that will be

guaranteed.  *See Evansville Nat'l Bank v. Kaufman*, 93 N.Y. 273, 276 (1883); 38 AM. JUR. 2D

*Guaranty* § 14; *see also Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876, 876 (N.Y. App. Div. 1939)

(guarantor provided a letter of credit for buying materials).  Acceptance of a general guaranty

may be indicated by a party extending credit in reliance on the guaranty—and the extension of

credit also qualifies as consideration for the guaranty.  *See Evansville Nat'l Bank*, 93 N.Y. at

279; 63 N.Y. JUR. 2D *Guaranty and Suretyship* § 78 (2014); *see also Union Carbide Corp. v.

Katz*, 489 F.2d 1374, 1376 (7th Cir. 1973); *Farmers' State Bank of York v. Brock*, 234 N.W. 92,

94 (Neb. 1931) (holding that extending credit in reliance on the guaranty provided consideration

for the guaranty).

      21.    Thus, in order to benefit from a general guaranty, a creditor must have

known of the existence of the guaranty and acted in reliance upon its terms when entering into

the transaction with the primary obligor. As the court in *Federal Deposit Insurance Corp. v. Schumacher*, 660 F. Supp. 6 (E.D.N.Y. 1984), explained:

> It is, of course, elementary that a creditor's right to enforce a contract of guaranty ***must be based upon knowledge of the existence of the guaranty*** and that the credit must be extended ***in reliance thereof***[.]

*Id.* at 8 (citations omitted) (emphasis added). Indeed, it is well-settled that:

> A "general" guaranty is addressed to persons generally and may be enforced by anyone to whom it is presented although it has been recognized that the person so acting ***must have had definite knowledge of the existence of the guaranty and acted in reliance on it***.

38 AM. JUR. 2D *Guaranty* § 14.

22.      Courts consistently require knowledge and reliance in enforcing claims based on general guarantees. *See, e.g., Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939); *see also Joe Balestrieri & Co.* v. *Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (recognizing the validity of guaranty claim where guaranty was made at the request of the prospective creditor and was delivered by the primary obligor); *J. C. Wattenbarger & Sons v. Sanders*, 30 Cal. Rptr. 910, 915 (Cal. Ct. App. 1963) (rejecting guaranty claim where there was "no proof that credit was extended with knowledge of it and reliance upon it"); *Calcot Ass'n v. Coast Cotton Mills*, 295 P.2d 1, 4 (Cal. Dist. Ct. App. 1956) (recognizing guaranty claim where court recognized that product was delivered to the primary obligor "only because the guaranties had been made").

23.      In *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939), for example, the primary obligor presented potential creditors with a general letter of credit from its guarantor that was intended by the guarantor (the defendant) to be used to secure debts for materials the primary obligor bought on credit. *Id.* at 876. The court, noting that the plaintiff acted "*in reliance upon that letter and promise of credit*" when the plaintiff sold materials to the

primary obligor, held that the plaintiff was "entitled to recover from defendant the agreed price of the materials." *Id.* (emphasis added).

24.    Similarly, *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 92–93 (Neb. 1931), concerned a general guaranty signed by the primary obligor's stockholders so that the primary obligor could obtain further extensions of credit.  The court granted judgment only to those guaranty claim creditors "who had knowledge of it and extended credit to the association on the faith and credit of it." *Id.* at 94.  As for the other creditors who provided insufficient evidence of knowledge and reliance, the court ruled that there was no consideration for the guaranty and denied judgment. *Id.*

25.    To the extent that the Corporate Resolution is deemed to be a guaranty at all, they would be, at best, general, rather than specific, guarantees.  The Corporate Resolution provides that LBHI "fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto."  The Corporate Resolution does not identify any particular counterparties or transactions to which it might apply, much less "with precision." *See Cavendish Traders, Ltd.*, 117 F. Supp. 2d at 400.  Accordingly, if the Corporate Resolution is deemed to be a guarantee at all, it would be enforceable only by those creditors that knew of and relied upon it when transacting business with LBF.[3]

26.    The Invalid Guarantee Claims fail to assert any basis to support their knowledge and reliance.  None of the Invalid Guarantee Claims provide any evidence that the claimants knew of the Corporate Resolution before entering into any of the relevant transactions or that they relied on the Corporate Resolution in deciding to transact with LBF.  As such, none of the claimants meet the basic threshold of proof necessary here: that they knew of the

---

[3] The Plan Administrator does not concede, and reserves all of its rights to argue that the Corporate Resolution is not a guaranty contract of any kind and that the Corporate Resolution would not satisfy the Statute of Frauds.

Corporate Resolution and relied upon it as a guaranty when entering into the transactions underlying the claims against LBF, as the law requires.

27.     In contrast to general guarantees, specific guaranties identify the benefiting creditor or, "with precision," the underlying agreements being guaranteed. *See, e.g.*, *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y. 2000) (stating that a valid guaranty must describe "with precision the obligation to which the person is bound"). Furthermore, under the New York Statute of Frauds, a guaranty contract must be in writing and signed by the guarantor. *See* N.Y. GEN. OBLIG. LAW § 5-701(a)(2) (McKinney 2002); *see also DeRosis v. Kaufman*, 641 N.Y.S.2d 831, 832–34 (N.Y. App. Div. 1996). The specific guarantees relied upon by the claimants are unexecuted and invalid under the New York Statute of Frauds.

28.     Consequently, the Claimants do not have valid guaranty claims against LBHI, and the Invalid Guarantee Claims must be disallowed and expunged from the claims register. If the Invalid Guarantee Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI.

## Conclusion

29.     The Effective Date has occurred and Distributions under the Plan have begun. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## Reservation of Rights

30.     The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein.

11

**Notice**

31.     No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator has served notice of this Five Hundred Fourth Omnibus Objection to Claims on (i)

the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

32.     Other than with respect to claim numbers 32542 and 32321,[4] no previous

request for the relief sought herein has been made by the Plan Administrator or the Chapter 11

Estates to this or any other Court.

---

[4] Claim numbers 32542 and 32321 were reclassified as unsecured claims in accordance with this Court's Order Granting Debtors One Hundred Eighty Sixth Omnibus Objection to Claims (Misclassified Claims) [ECF No. 21371] and were previously objected to pursuant to the Four Hundred Seventy-Second Omnibus Objection to Claims (No Liability) [ECF No. 44568], which was later withdrawn with respect to these claims pursuant to the Notice of Withdrawal of Four Hundred Seventy-Second Omnibus Objection to Claims (No Liability Claims) Solely As To Certain Claims [ECF No. 44618].

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:    July 31, 2015
        New York, New York

                                    /s/ Garrett A. Fail
                                    Garrett A. Fail

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    *Attorneys for Lehman Brothers Holdings Inc.
                                    and Certain of Its Affiliates*

WEIL:\95414041\2\58399.0011

**Exhibit A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 504: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | AMBER FINANCE LIMITED | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28181 | $12,273,688.14 * | $12,273,688.14* | Books and Records |
| 2 | BANK OF ALAND PLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16096 | $906,289.99 | $906,289.99 | Invalid Guarantee |
| 3 | BANKIA, S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28174 | $1,551,107.88 * | $1,551,107.88* | Receivable |
| 4 | BRK/A INVESTORS, L.L.C. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32542 | Undetermined | Undetermined | Satisfied |
| 5 | CCP CREDIT ACQUISITION HOLDINGS LUXCO, S.A.R.L. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17279 | $79,887.67 * | $79,887.67* | Satisfied |
| 6 | CSCP CREDIT ACQUISITION HOLDINGS LUXCO, S.A.R.L. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17279 | $5,417.36 * | $5,417.36* | Satisfied |
| 7 | CSCP II ACQUISITION LUXCO, SARL | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17279 | $37,259.67 * | $37,259.67* | Satisfied |
| 8 | DEXIA CREDIT LOCAL | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 19932 | $1,903,293.76 * | $1,903,293.76* | Invalid Guarantee |
| 9 | MIDLAND NATIONAL LIFE INSURANCE COMPANY | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56079 | $4,189,357.42 | $4,189,357.42 | Invalid Guarantee |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 504: EXHIBIT A - NO LIABILITY CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10  NATIONAL AUSTRALIA BANK LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24634 | $15,613.00 * | $15,613.00* | Satisfied |
| 11  NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56080 | $524,021.48 | $524,021.48 | Invalid Guarantee |
| 12  NRC PARTNERS, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32321 | Undetermined | Undetermined | Satisfied |
| 13  SUN HUNG KAI INVESTMENT SERVICES LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22782 | Undetermined | Undetermined | Sun Hung Kai Claim |
| 14  TAYLOR CREEK LIMITED | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15783 | Undetermined | Undetermined | Taylor Creek LBSF Claim |
| 15  TAYLOR CREEK LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15784 | Undetermined | Undetermined | Taylor Creek Guarantee Claim |
| 16  U.S. BANK NATIONAL ASSOCIATION | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23446 | $36,475.62 * | $36,475.62* | U.S. Bank Guarantee Claim |
| 17  U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23447 | $36,475.62 * | $36,475.62* | U.S. Bank Guarantee Claim |
| 18  U.S. BANK NATIONAL ASSOCIATION | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 30875 | Undetermined | Undetermined | U.S. Bank LBSF Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 504: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 19 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30881 | Undetermined | Undetermined | U.S. Bank Guarantee Claim |
| 20 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30965 | $17,873.35 * | $17,873.35* | U.S. Bank Guarantee Claim |
| 21 | U.S. BANK NATIONAL ASSOCIATION | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 30991 | Undetermined | Undetermined | U.S. Bank LBSF Claim |
| 22 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30995 | Undetermined | Undetermined | U.S. Bank Guarantee Claim |
| 23 | U.S. BANK NATIONAL ASSOCIATION | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 32901 | Undetermined | Undetermined | U.S. Bank LBSF Claim |
| 24 | UNICREDIT S.P.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14181 | $5,774,506.65 | $5,774,506.65 | Receivable |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (SCC)
                                                       :
                      Debtors.                         :    (Jointly Administered)

------------------------------------------------------------------ x

## ORDER GRANTING THE FIVE HUNDRED FOUTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred fourth omnibus objection to claims, dated July 31, 2015

(the "Five Hundred Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.,

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced

chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims, all as more fully described in the Five Hundred

Fourth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Fourth

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Five Hundred Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Five Hundred Fourth Omnibus Objection to Claims.

the Five Hundred Fourth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Five Hundred Fourth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2