HEARING DATE AND TIME: September 9, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 31, 2015 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FIVE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT (212) 310-8810.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (SCC)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------ x

### NOTICE OF HEARING ON FIVE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on July 31, 2015, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed the five hundred fifth omnibus objection to claims (the "Five Hundred Fifth Omnibus Objection to Claims"), and that a hearing

WEIL:\95407594\2\58399.0011

(the "Hearing") to consider the Five Hundred Fifth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY, 10004, on **September 9, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any response to the Five Hundred Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York, 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Katherine N. Doorley, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be filed and received by no later than **August 31, 2015 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

2

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the Five Hundred Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 31, 2015
      New York, New York

      /s/ Garrett A. Fail
      Garrett A. Fail

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      *Attorneys for Lehman Brothers Holdings Inc.*
      *and Certain of Its Affiliates*

**Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, : | 08-13555 (SCC) |
| : | |
| Debtors. : | (Jointly Administered) |

-------------------------------------------------------------------x

**FIVE HUNDRED FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FIVE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE N. DOORLEY, AT 212-310-8810.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this five hundred fifth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United State Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking entry of an order reducing and allowing the claims listed on Exhibit A hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A and has determined that the proofs of claim listed on Exhibit A (collectively, the "Valued Derivative Claims") should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and the Chapter 11 Estates' books and records. The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A in the row "Claim as Modified" and allow each such claim only to the extent of such modified amount.

3. The Plan Administrator reserves all rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

5

**Jurisdiction**

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.     Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.     On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [ECF No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7).  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also] . . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8).  A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.

7.     Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and

6

other costs associated with the claim pursuant to the derivative contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire, which required the claimant to, among other things, set forth the information forming the basis of the claimant's assertion of a guarantee.

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9. On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012.

10. Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Valued Derivative Claims Should be Reduced and Allowed In the Modified Amounts**

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims on Exhibit A as being claims that should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and the Chapter 11 Estates' books and records.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case

7

No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. Each of the Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amounts listed on Exhibit A in the row "Claim as Modified" because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the supporting documentation provided by the claimants and the Chapter 11 Estates' books and records.

14. The Plan Administrator has developed and currently utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates based on a Derivative Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable value of such claims. Specifically, the Plan Administrator: (i) collects and reviews documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2] The Plan Administrator also engages in, to the extent the holder is willing to so engage,

---

[1] "Derivative Contract" is defined in the Bar Date Order as "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Order at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to the Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

8

negotiations with the holder of the Derivative Claim that often include the exchange of very detailed information and may extend over a period of months.

15. The Plan Administrator has undertaken this analysis with respect to each of the Valued Derivative Claims, and has concluded based on its review of the relevant documentation, that a fair, accurate, and reasonable valuation of the Valued Derivative Claims is less than that reflected on the proof of claim submitted by the claimant. The Plan Administrator has made numerous efforts to contact the holders of the Valued Derivatives Claims, but has received no responses. Holders of the Valued Derivative Claims should not be allowed to recover more than the fair value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Plan Administrator requests that the Court reduce each Valued Derivative Claim to the amount listed on Exhibit A in the row "Claim as Modified" and allow each such claim only to the extent of such modified amount.[3]

## Notice

16. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to this Objection; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

---

[3] Notwithstanding the allowance of the Valued Derivative Claims in the modified amounts listed on Exhibit A, the Valued Derivative Claims remain subject to section 8.13 of the Plan.

9

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 31, 2015
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

**Exhibit A**

OMNIBUS OBJECTION 505: EXHIBIT A - VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | MODIFIED DEBTOR | AMOUNTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | TOTAL |
| 1 | AMTD STRATEGIC CAPITAL LIMITED | 12494 | 9/14/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $2,704,448.86 | $2,704,448.86* |
| | | | | CLAIM AS MODIFIED | | | | | $2,678,945.00 | $2,678,945.00 |
| 2 | BANCA IMI SPA | 15057 | 9/17/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $2,141,035.39 | $2,141,035.39* |
| | | | | CLAIM AS MODIFIED | | | | | $1,450,499.85 | $1,450,499.85 |
| 3 | UNICAJA BANCO S.A., F/K/A MONTES DE PIEDAD Y CAJA DE | 28171 | 9/22/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $801,907.00 | $801,907.00* |
| | | | | CLAIM AS MODIFIED | | | | | $653,585.29 | $653,585.29 |
| | | | | TOTAL AMOUNT SUBJECT TO OBJECTION | | | | | $5,647,391.25 | $5,647,391.25 |
| | | | | TOTAL CLAIMS AS MODIFIED | | | | | $4,783,030.14 | $4,783,030.14 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :     Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (SCC)
                                                               :
            Debtors.                                    :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FIVE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the five hundred fifth omnibus objection to claims, dated July 31, 2015 (the "Five Hundred Fifth Omnibus Objection to Claims"),[4] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Valued Derivative Claims, all as more fully described in the Five Hundred Fifth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Fifth Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[4] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Fifth Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) each Valued Derivative Claim listed on <u>Exhibit 1</u> annexed hereto is hereby modified and allowed as a prepetition non-priority general unsecured claim in the amount set forth on <u>Exhibit 1</u> in the row "Claim as Modified" and (ii) with respect to each Valued Derivative Claim, any asserted amount in excess of the modified amount is disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                                          _____
                                                                         UNITED STATES BANKRUPTCY JUDGE