Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (SCC)
                                                     :
                    Debtors.                         : (Jointly Administered)
------------------------------------------------------------------ x

### NOTICE OF HEARING ON FIVE HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)

**PLEASE TAKE NOTICE** that on July 31, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, filed the five hundred seventh omnibus objection to claims (the "Five Hundred Seventh Objection to Claims"), and that a hearing (the "Hearing") to

WEIL:\95414041\2\58399.0011

consider the Five Hundred Seventh Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Alexander Woolverton, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Seventh Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:   July 31, 2015
         New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :   08-13555 (SCC)
                                                                   :
                          Debtors.                                 :   (Jointly Administered)
------------------------------------------------------------------ x

**PLAN ADMINISTRATOR'S FIVE HUNDRED SEVENTH**
<u>**OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

---

WEIL:\95414041\2\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this five hundred seventh omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of proofs of claim listed on Exhibit A annexed hereto (such claims, the "Duplicate Claims").

2. The Plan Administrator has examined each of the Duplicate Claims and has determined that, in each case for the reasons identified more specifically herein and on Exhibit A, the Duplicate Claims are, in substance, duplicative of previously allowed claims (the "Surviving Claims"). The Plan Administrator, therefore, requests that the Duplicate Claims be disallowed and expunged and preserves the right to object to the Surviving Claims on any other basis.[2] The Plan Administrator reserves all rights to object on any other basis to any Duplicate Claims as to which the Court does not grant the relief requested herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

[2] This Five Hundred Seventh Omnibus Objection to Claims does not affect the Surviving Claim and does not constitute any admission or finding with respect to any the Surviving Claim. To the extent a creditor has filed different documentation in support of the Duplicate Claim and the Surviving Claim, the Plan Administrator will treat all documentation filed in support of the Duplicate Claim as having been filed in support of the Surviving Claim.

2

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases. [ECF No. 4271 at 2, 7–8]. The Bar Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." *Id.* at 9–10.

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

3

**Legal Standard**

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. Claim number 26480 was filed by Skandinaviska Enskilda Banken AB (publ) ("SEB AB") against LBHI and is based, in part, on a March 2008 credit agreement between LBHI, SEB AB, and various lenders (the "SEB Claim"). This objection only applies to that portion of claim 26480 relating to that March 2008 credit agreement.[3] A portion of claim number 26480 is duplicative of claim number 22077, filed by JPMorgan JPMCB Bank, N.A. ("JPMCB") in its capacity as administrative agent under the same March 2008 credit agreement, which was allowed against LBHI.

10. Claim number 22783 was filed by Sun Hung Kai Investment Services Limited ("Sun Hung Kai") against LBHI based on LBHI's purported guarantee of the obligations of Lehman Brothers Finance S.A. in connection with certain transactions described therein. Claim number 22783 is duplicative of claim number 20832 filed by Atlantic International Finance Limited, which was allowed against LBHI.

---

[3] Contemporaneously herewith, the Plan Administrator filed a separate objection to the remaining portion of claim number 26480.

4

11. The Duplicate Claims are, in substance, duplicative of the Surviving Claims. The Duplicate Claims were filed against the same Debtor on account of the same asserted obligation as the corresponding Surviving Claim. Courts routinely disallow and expunge duplicative claims filed against the same debtors. *See, e.g.*, *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim). Elimination of the Duplicate Claims will enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

12. A creditor cannot recover twice on the same obligation. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim.").

13. Accordingly, the Duplicate Claims should be disallowed and expunged.

### Conclusion

14. The Effective Date has occurred and Distributions under the Plan have begun. If the Duplicate Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Duplicate Claims.

5

**Reservation of Rights**

15. The Plan Administrator reserves all rights to object on any other bases to any Duplicate Claim as to which the Court does not grant the relief requested herein.

**Notice**

16. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this five hundred seventh omnibus objection to claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each Claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  July 31, 2015
        New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

6

WEIL:\95414041\2\58399.0011

**Exhibit A**

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

### OMNIBUS OBJECTION 507: EXHIBIT A – DUPLICATIVE CLAIMS

| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | SKANDINAVISKA ENSKILDA BANKEN AB (PUBL) | 09/22/2009 | 08-13555 (SCC) | 26480^ | $ 10,694.44* | JPMORGAN JPMCB BANK, N.A. | 09/21/2009 | 08-13555 (SCC) | 22077 | $427,778.00* |

^This objection only applies to that portion of Claim 26480 relating to the "March Facility Fees" referenced in the proof of claim.

| 2 | SUN HUNG KAI INVESTMENT SERVICES LIMITED | 09/21/2009 | 08-13555 (SCC) | 22783 | Undetermined | CVIC II LUX MASTER SARL TRANSFEROR: ROYAL BANK OF SCOTLAND, PLC, THE | 09/21/2009 | 08-13555 (SCC) | 20832 | Undetermined |

|  |  |  | **TOTAL** | **$ 10,694.44** |
|---|---|---|---|---|

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                               :
                    Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------ x

**ORDER GRANTING THE FIVE HUNDRED SEVENTH
OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

Upon the five hundred seventh omnibus objection to claims, dated July 31, 2015 (the "Five Hundred Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Duplicate Claims, all as more fully described in the Five Hundred Seventh Omnibus Objection to Claims; and due and proper notice of the Five Hundred Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Seventh Omnibus Objection to Claims.

the Five Hundred Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Five Hundred Seventh Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                            UNITED STATES BANKRUPTCY JUDGE

2