**Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)**

> **THIS OBJECTION SEEKS TO ALLOW A PORTION OF CLAIM NUMBER 26480. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAMEAND/OR CLAIM IS LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

### NOTICE OF HEARING ON PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 26480

**PLEASE TAKE NOTICE** that on July 31, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, filed its objection to claim number 26480 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Alexander Woolverton, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response

2

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  July 31, 2015
        New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

3

WEIL:\95414041\2\58399.0011

**Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: August 31, 2015 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------------ x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------ x | | |

## PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 26480

**THIS OBJECTION SEEKS TO ALLOW A PORTION OF CLAIM NUMBER 26480. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME AND/OR CLAIM IS LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

### Relief Requested

1. The Plan Administrator files this objection to claim number 26480 (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to allow the portion of the claim listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proof of claim identified on Exhibit A (the "Claim") and has determined that, for the reasons identified more specifically herein and on Exhibit A, a portion of the Claim should be liquidated and allowed in the amount set forth on Exhibit A. The Plan Administrator, therefore, requests that the Court allow that portion of the Claim in the amount listed on Exhibit A.

3. The Plan Administrator reserves all rights to object on any other basis to the Claim if the Court does not grant the relief requested herein.

### Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

2

**Background**

5.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.     By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases.  [ECF No. 4271 at 2, 7–8].  The Bar Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." *Id.* at 9–10.

7.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.     On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**Legal Standard**

9.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10.    After a review of the relevant documentation and the Chapter 11 Estates' books and records, the Plan Administrator has determined that Skandinaviska Enskilda Banken AB (publ) ("SEB AB") did not ascribe any particular value to the portion of claim number 26480 related to an April, 2007 credit facility.[2]

11.    The modified amount listed on Exhibit A represents the fair, accurate, and reasonable value of the portion of the Claim. SEB AB should not be allowed to recover more than that value.

## Conclusion

12.    The Effective Date has occurred and Distributions under the Plan have begun. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## Reservation of Rights

13.    The Plan Administrator reserves all rights to object on any other bases to claim number 26480 as to which the Court does not grant the relief requested herein.

---

[2] Contemporaneously herewith, the Plan Administrator filed a separate objection to the remaining portion of claim number 26480.

4

**Notice**

14. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) SEB AB; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

15. Other than with respect to the remaining portion of claim number 26480, which has been objected to on the Five Hundred and Seventh Omnibus Objection, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 31, 2015
       New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

5

**Exhibit A**

## EXHIBIT A - REDUCE AND ALLOW

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | MODIFIED DEBTOR | AMOUNTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | TOTAL |
| 1 | SKANDINAVISKA ENSKILDA BANKEN AB (PUBL) | 26480 | 9/22/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $5,718.75 * | $5,718.75 * |
| | | | | CLAIM AS MODIFIED | | | | | $5,718.75 | $5,718.75 |

This objection only applies to that portion of Claim 26480 relating to the "July Facility Fees" referenced in the proof of claim.

| | | | | TOTAL AMOUNT SUBJECT TO OBJECTION | | | | | $5,718.75 | $5,718.75 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | TOTAL CLAIMS AS MODIFIED | | | | | $5,718.75 | $5,718.75 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (SCC)
                                                                 :
                              Debtors.                           :    (Jointly Administered)
---------------------------------------------------------------- x

**ORDER GRANTING THE PLAN ADMINISTRATOR'S OBJECTION
TO CLAIM NUMBER 26480**

Upon the objection to claim number 26480, dated July 31, 2015 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to reduce and allow a portion of claim number 26480, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the portion of the Claim listed on <u>Exhibit 1</u> annexed hereto related to an April 2007 credit facility is allowed in the amount of $5,718.75; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                                       _____
                                                                         UNITED STATES BANKRUPTCY JUDGE