Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: September 3, 2015 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :    08-13555 (SCC)
                                                                   :
                              Debtors.                             :    (Jointly Administered)
------------------------------------------------------------------ x

### NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S OBJECTION TO PROOF OF CLAIM NUMBER 8952 (NO LIABILITY)

**PLEASE TAKE NOTICE** that on August 4, 2015, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, filed an objection to proof of claim number 8952 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

WEIL:\95415991\1\58399.0011

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Christopher Hopkins, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **September 3, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

WEIL:\95415991\1\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  August 4, 2015
        New York, New York

               */s/ Garrett A. Fail*
               Garrett A. Fail

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               *Attorneys for Lehman Brothers Holdings Inc.*
               *and Certain of Its Affiliates*

Hearing Date and Time: September 9, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: September 3, 2015 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :    08-13555 (SCC)
                                                                   :
                            Debtors.                               :    (Jointly Administered)
------------------------------------------------------------------ x

**PLAN ADMINISTRATOR'S OBJECTION
TO PROOF OF CLAIM NUMBER 8952 FILED BY MEGA
INTERNATIONAL COMMERCIAL BANK CO., LTD. (NO LIABILITY)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

**Relief Requested**

1.      The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the disallowance and expungement of proof of claim 8952 (the "Guarantee Claim") filed by Mega International

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

WEIL:\95415991\1\58399.0011

Commercial Bank Co., Ltd. (the "Claimant"). The Guarantee Claim is asserted against LBHI based on an alleged guarantee issued by LBHI for certain obligations owed to the Claimant by Lehman Brothers Commercial Corporation Asia Limited ("LBCCA") in connection with certain derivatives transactions (the "Direct Claim").

2. Upon information and belief, Claimant has withdrawn the Direct Claim against LBCCA. Claimant has failed to respond to any communication from the Plan Administrator seeking to resolve the Guarantee Claim without an objection. Accordingly, and upon information and belief, LBHI has no liability for the Guarantee Claim and the Guarantee Claim should be disallowed and expunged.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## Legal Standard

6. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's

2

essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

       7.      The Guarantee Claim should be disallowed and expunged in its entirety pursuant to section 502(b)(1) of the Bankruptcy Code.  It is indisputable that the holder of a guarantee claim cannot recover more than the singular amount of its damages from a primary obligor and guarantor of the same obligation. *See Bankers' Trust Co. v. Irving Trust Co. (In re United Cigar Stores)*, 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.*, 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (N.Y. App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the

principal obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance.").

8. Consistent with the authority cited above, section 8.13 of the Plan limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction. Similarly, "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions, that combined with Distributions or consideration provided on account of the corresponding Primary Claim, exceed the Allowed amount of such Guarantee Claim. *See id*. at § 8.13(b).

9. The Claimant has withdrawn the Direct Claim against LBCCA and the Claimant has not responded to any request of the Plan Administrator seeking to resolve the Guarantee Claim without an objection. Upon information and belief, the Plan Administrator believes that the Direct Claim has been satisfied in full, and, therefore, in accordance with Section 8.13 of the Plan, the Guarantee Claim should be disallowed and expunged in its entirety, with prejudice.

## Reservation of Rights

10. The Plan Administrator reserves all rights to object on any other bases to the Guarantee Claim to the extent that the Court does not grant the relief requested herein.

## Notice

11. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Claimant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these

4

cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 4, 2015
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :   08-13555 (SCC)
                                                                   :
                               Debtors.                            :   (Jointly Administered)
------------------------------------------------------------------ x

## ORDER GRANTING THE PLAN ADMINISTRATOR'S
## OBJECTION TO PROOF OF CLAIM NUMBER 8952 FILED BY
## MEGA INTERNATIONAL COMMERCIAL BANK CO., LTD. (NO LIABILITY)

Upon the objection to claim number 8952, dated August 4, 2015 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of the Bankruptcy Code and Rule 3007(a) of the Bankruptcy Rules seeking disallowance and expungement of claim number 8952, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Objection is granted; and it is further

        ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 8952 is disallowed and expunged with prejudice; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

WEIL:\95415991\1\58399.0011

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

WEIL:\95415991\1\58399.0011