UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             : Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      : 08-13555 (SCC)
                                                                  :
                                    Debtors.                      : (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER AUTHORIZING
LEHMAN BROTHERS SPECIAL FINANCING INC. TO INVEST DISPUTED
CLAIMS RESERVES PURSUANT TO SECTION 8.4 OF THE MODIFIED
THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

Upon the motion (the "Motion")[1] dated July 14, 2015 of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), together with the Official Committee of Unsecured Creditors (the "Creditors' Committee," and, together with LBHI, the "Movants") for entry of an order authorizing Lehman Brothers Special Financing Inc. ("LBSF") to invest the Investment Amount (as the same may be modified as a result of future Distributions or otherwise) with LBHI, on the terms and conditions described in the Motion; and the Plan Administrator having consulted with Citibank, N.A. concerning the terms of the Investment and relief requested in the Motion, and having agreed to modify and clarify the terms of the Investment as set forth in the Notice of Filing of (i) Proposed Form of Transaction Documents and (ii) Revised Proposed Form of Order (Docket No. 50488) (the "Supplemental Notice"); and due and proper notice of the Motion and the Supplemental Notice having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion, as modified and clarified in the Supplemental Notice, is in the best interests of the chapter 11 estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Supplemental Notice establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion, as modified by the Supplemental Notice and subject to the terms of this Order, is granted; and it is further

ORDERED that the Investment shall be an initial amount of $300 million in connection with the eighth interim Distribution under the Plan, *provided*, that the Investment Amount may be increased by (i) an amount equal to the Available Cash LBSF would be required to retain under Section 8.4 of the Plan on account of proof of claim number 67733 (the "Citibank LBSF Claim") on any future Distribution Date and (ii) the amount, estimated as of such Distribution Date, of LBHI's Subrogation Rights (as defined below) relating to Citibank's claim for fees allocable to the Citibank LBSF Claim in excess of $34.2 million, both of which shall be advanced under the Note and recorded on Exhibit A thereto; *provided further,* that any such additional amounts shall not exceed, in the aggregate, $150 million;[2] and it is further

ORDERED that LBSF is authorized but not directed to make the Investment and purchase the Note (substantially in the form annexed to the Supplemental Notice as Exhibit A) on the terms and conditions contained in the Motion, as modified by the Supplemental Notice and subject to the terms of this Order; and it is further

ORDERED that the Note shall be secured by (i) the granting by LBHI to LBSF of a security interest in the Collateral (as defined in the Note), pursuant to Section 8 of the Note (the "Security Agreement"), (ii) the filing of UCC-1 financing statements and continuation statements

---

[2] The face amount of the note ($300 million) includes $34.2 million that relates to Citibank's claims for fees allocable to the Citibank LBSF Claim and that was calculated using an estimate of the fees incurred as of the date hereof.

(as applicable) (the "UCC Filings") in respect of the Collateral, and (iii) execution of a deposit account control agreement among LBHI, LBSF and Citibank substantially in the form attached hereto as Exhibit B (the "Control Agreement," and together with the UCC Filings and the Security Agreement, the "Security Documents") in respect of LBHI deposit accounts at Citibank assigned account numbers 20435400, 30826233 and 30870189 (the "Deposit Accounts"); and it is further

ORDERED that no later than five (5) business days following entry of this Order, LBHI and LBSF shall, as applicable, take all such actions as may be necessary, including any actions reasonably requested by Citibank, to perfect the security interests in the Collateral including, without limitation, (i) undertaking any necessary UCC Filings, and (ii) entering into the Control Agreement to perfect LBSF's interest in the Deposit Accounts under Article 9 of the Uniform Commercial Code as in effect from time to time in the State of New York; and it is further

ORDERED that the Note, and LBSF's rights under the Security Documents, shall be deemed to constitute Cash equivalents held in reserve for Disputed Claims for the benefit of LBSF creditors as required under Section 8.4 of the Plan; and it is further

ORDERED that LBSF will, in addition to the Note, continue to reserve at least $243 million in Available Cash as a reserve in respect of the Citibank LBSF Claim; and it is further

ORDERED that in the event the Citibank LBSF Claim is determined by a Final Order to be an Allowed General Unsecured Claim against LBSF, then (i) LBSF shall pay Citibank Available Cash in accordance with Section 8.4 of the Plan as if LBSF had reserved for the Citibank LBSF Claim in the filed amount of such claim under Section 8.4(a) of the Plan, or (ii) Citibank may, in its sole discretion, prior to turning over to LBHI any funds in the Deposit

Accounts, (A) deduct from the Deposit Accounts the lesser of (1) the amount of any Distributions that would be distributable at such time to Citibank by LBSF on account of its Allowed Claim in accordance with Section 8.4 of the Plan as if LBSF had reserved for the Citibank LBSF Claim in the filed amount of such claim under Section 8.4(a) of the Plan, and (2) the aggregate outstanding amount of LBHI's obligations under the Note, and (B) apply such amount deducted from the Deposit Accounts to the amounts owing by LBSF to Citibank under Section 8.4 of the Plan on account of the Allowed Citibank LBSF Claim; and it is further

ORDERED that LBHI is authorized, but not directed, to distribute as Distributions under the Plan the borrowings under the Note; provided that notwithstanding the foregoing, LBHI shall be required to hold back from all Distributions as "restricted cash" (i.e., cash that is not Available Cash) an amount equal to the estimated interest accruing on the Note at the Investment Rate plus 0.50% per annum over the thirty-six (36) month period commencing on the date of the initial advance under the Note; and it is further

ORDERED that LBSF's interests in the Deposit Accounts shall not affect the Citi Setoff Rights (as defined in the Amended Stipulation Establishing Distribution Reserves For Claims Filed by Citibank, N.A., Citigroup Global Markets Ltd. and Citigroup Global Markets Inc., dated February 25, 2013 (the "Amended Reserve Stipulation")) before entry of (i) a Final Order determining the validity of such Citi Setoff Rights, and (ii) in the event the Citi Setoff Rights are determined to be valid by such Final Order, a Final Order determining the Allowed Amount of proof of claim number 67736 (the "Citibank Guarantee Claim"); and it is further

ORDERED that LBSF's interests in the Deposit Accounts are subordinated to the Citi Setoff Rights to the extent that the Citi Setoff Rights are determined to be valid by a Final Order, provided that Citibank will exercise such setoff rights within ten (10) days after the following two events shall have occurred: (i) the entry of such Final Order determining the

validity of the Citi Setoff Rights, and (ii) and the entry of a Final Order determining the Allowed Amount of the Citibank Guaranty Claim; and it is further

ORDERED that LBSF shall not take any action to enforce LBSF's rights under the Security Documents with respect to the Deposit Accounts until at least ten (10) business days following the entry of (i) a Final Order determining the validity of the Citi Setoff Rights against the Deposit Accounts, and (ii) in the event the Citi Setoff Rights are determined to be valid by such Final Order, a Final Order determining the Allowed Amount of the Citibank Guarantee Claim; and it is further

ORDERED that except as expressly provided herein, nothing herein shall modify or otherwise affect the rights or obligations of LBHI, LBSF or Citibank under the Amended Reserve Stipulation or any other Court order approving any stipulation among Citibank, LBHI or LBSF concerning the Deposit Accounts; and it is further

ORDERED that neither this Order, the Note and Security Agreement, or the Control Agreement, nor any provision(s) of any of the foregoing, nor any act performed or document executed pursuant to or in furtherance thereof, is or may be deemed to be or may be used as an admission with respect to, or waiver of any right, claim or defense asserted in the adversary proceeding styled <u>Lehman Brothers Holdings Inc. v. Citibank, N.A.</u>, Adv. Pro. No. 12-01044 (SCC), and all parties' rights, claims and defenses are reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  August 6, 2015
        New York, NY

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE