AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Pyrell Fund, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor in interest (collectively the "Proofs of Claim") against Lehman Brothers Holdings, Inc. ("Debtor") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Proceedings"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights or obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d) the "Transferred Claims"). For the avoidance of doubt, the Buyer shall not assume (and the Seller shall retain, timely perform and satisfy) any and all obligations and liabilities under or in respect of the Transferred Claims.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates that (i) with respect to the Transferred Claims, will give rise to any setoff, defense, or counterclaim, or (ii) will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors generally holding allowed LBHI Class 5 Claims against the Debtor in the Proceedings; (g) Seller has delivered to Buyer a true and correct copy of each Notice of Proposed Allowed Claim Amount for each of the Proofs of Claim (collectively, the "Notices") and no action was undertaken by Seller with respect to any of the Notices; (h) Seller has received, either directly or indirectly from the Debtor, the distributions in respect of the Transferred Claims in the amounts set forth on Schedule 1 (collectively, the "LBHI Distribution"); (i) Seller has received, either directly or indirectly from its predecessors in interest, distributions on or around October 14, 2014, relating to the Purchased Securities in the amounts proportional to distributions made generally to holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority (collectively, the "BV Distribution," and together with the LBHI Distribution, the "Distributions"); and (j) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities.

Error! Unknown document property name.
876203v.2 153/05435

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days after the later of the date of this Agreement and Evidence of Transfer of Claim or the date of receipt) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

876203v.2 153/05435

Error! Unknown document property name.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27 day of April 2015.

| GOLDMAN, SACHS & CO. | PYRELL FUND, L.L.C. |
|---|---|
| By: *[signature]* | By:_____ |
| Name: | Name: |
| Title: **Dennis Lafferty** | Title: |
| **Managing Director** | |

30 Hudson Street
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212) 934-3921

876203v.2 153/05435

Error! Unknown document property name.

Schedule 1

Transferred Claims

Purchased Claims

As set forth below.

Lehman Programs Securities to which Transfer Relates

| POC | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Allowed Amount (USD) | Seventh LBHI Distribution (USD) | Sixth LBHI Distribution (USD) |
|---|---|---|---|---|---|---|---|
| 58781 | XS0183360063 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 25,000.00 | $25,381.33 | $515.02 | |
| 58792 | XS0183360063 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 45,675,000.00 | $46,371,682.45 | $940,944.96 | |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 735,000.00 | $738,363.24 | $14,982.40 | $21,954.16 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 210,000.00 | $210,960.92 | $4,280.68 | $6,272.62 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 10,890,000.00 | $10,939,830.83 | $221,984.15 | $325,280.01 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,635,000.00 | $1,642,481.49 | $33,328.19 | $48,836.81 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,110,000.00 | $2,119,655.01 | $43,010.70 | $63,024.87 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,090,000.00 | $2,099,563.50 | $42,603.01 | $62,427.48 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 260,000.00 | $261,189.72 | $5,299.89 | $7,766.10 |
| 58883 | XS0242676285 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,070,000.00 | $2,079,471.98 | $42,195.33 | $61,830.08 |
| 59233 | CH0039308686 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,519,698.79 | $1,910,304.42 | $38,762.69 | |
| 59233 | CH0039308686 | Lehman Brothers | Lehman Brothers | USD 2,220,084.00 | $2,790,708.46 | $56,627.30 | |

Schedule 1–1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Treasury Co. B.V. | Holdings Inc. | | | | |
| 59233 | CH0039308686 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 15,630,301.21 | $19,647,731.24 | $398,679.38 | |
| 59233 | CH0039308686 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 479,916.00 | $603,268.00 | $12,241.13 | |
| 50285 | XS0348934893 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 7,875,000.00 | $7,875,000.00 | $159,794.53 | |
| 50285 | XS0348934893 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 4,625,000.00 | $4,625,000.00 | $93,847.58 | |
| 58792 | XS0297741539 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 12,110,000.00 | $12,110,000.00 | $245,728.49 | |
| 58781 | XS0297741539 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 90,000.00 | $90,000.00 | $1,826.22 | |
| 12414 | XS0181881474 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 6,700,000.00 | $6,805,245.83 | $138,087.76 | |
| 12414 | XS0181881474 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 3,300,000.00 | $3,351,837.50 | $68,013.37 | |
| N/A* | XS0350507959 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 16,000,000.00 | N/A | N/A | |

* There is no Proof of Claim associated with this Purchased Security.

876203v.2 153/05435

Error! Unknown document property name.