<u>**Exhibit E**</u>

**LBIE Settlement Agreement**

**EXECUTION VERSION**

**Lehman Brothers International (Europe) (in administration)**

and

**Maverick Capital, Ltd**

acting for and on behalf of

**Maverick Fund II, Ltd**

and

**Maverick Fund, LDC**

and

**Maverick Fund USA, Ltd**

and

**Maverick Neutral Levered Fund, Ltd**

and

**Maverick Neutral Fund, Ltd**

and

**Maverick Long Enhanced Fund, Ltd**

and

**Maverick Long Fund, Ltd**

# DEED OF SETTLEMENT

# Linklaters

Ref: PAA/TS

Linklaters LLP

A14601152

**This Deed of Settlement** (this "**Deed**") is dated the date set out at the end hereof and made between:

(1)     **Lehman Brothers International (Europe)** (in administration), a company incorporated in England and Wales with registered number 2538254 whose registered address is Level 23, 25 Canada Square, London E14 5LQ ("**LBIE**") acting by its administrators, Anthony Victor Lomas, Steven Anthony Pearson, Derek Anthony Howell, Paul David Copley and Russell Downs, each a partner of PricewaterhouseCoopers LLP, 7 More London Riverside, London SE1 2RT (the "**Administrators**") without personal liability; and

(2)     **Maverick Capital, Ltd**, a Texas limited partnership of 300 Crescent Court, 18F, Dallas, Texas 5201, United States of America (the "**Agent**"), acting solely in its capacity as agent for and on behalf of:

- **Maverick Fund II, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

- **Maverick Fund, LDC**, an exempted company incorporated under the laws of the Cayman Islands;

- **Maverick Fund USA, Ltd**, a Texas limited partnership;

- **Maverick Neutral Levered Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

- **Maverick Neutral Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

- **Maverick Long Enhanced Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands; and

- **Maverick Long Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands,

    (together the "**Principals**", and each a "**Principal**"),

together, the "**Parties**".

**Background:**

(A)     On 15 September 2008 (the "**Administration Date**") Anthony Victor Lomas and Steven Anthony Pearson, on 30 November 2009 Derek Anthony Howell and on 2 November 2011, Paul David Copley and Russell Downs were appointed as joint administrators of LBIE pursuant to orders of the High Court, Chancery Division of England and Wales.

(B)     LBIE and the Maverick Entities (as defined below) entered into the Relevant Agreements listed in Schedule 2 to this Deed.

(C)     In consideration of payment by the Maverick Entities of the Settlement Payment (as defined below), the receipt of the Deed of Assignment by LBIE, the transfer of title to the Collateral, the assignment of the LBI Claim and LBI Direct Claim to LBIE, the satisfaction of the conditions precedent and the mutual releases and discharges contained herein, LBIE and the Maverick Entities wish to release and discharge each other from any further claims between them, including without limitation any such claims arising under the Relevant Agreements and all transactions thereunder with effect from and including 30 March 2012 (or such later date as agreed in writing by LBIE and the Maverick Entities) (the "**Agreed Settlement Date**").

**It is agreed** as follows:

## 1  Definitions and Interpretation

**1.1**  **Definitions:** In this Deed:

"**Assignee**" means Laurifer Limited, a company incorporated under the laws of Jersey, having its registered office at Ogier House, The Esplanade, St Helier, Jersey JE4 9WG;

"**Bankruptcy Code**" means title 11 of the United States Code;

"**Bankruptcy Court**" means the Bankruptcy Court for the Southern District of New York;

"**Client Money Claim**" has the meaning set out in Schedule 4;

"**Client Money Collection Account**" has the meaning set out in Schedule 4;

"**Collateral**" means, in relation to each Maverick Entity, all cash, securities, contracts and other assets and property in relation to which such Maverick Entity has created a security interest in favour of LBIE or any other Lehman Brothers Entity under the Relevant Agreements, including the assets listed in Schedule 3;

"**Indemnified Parties**" means LBIE and each Administrator, and "**Indemnified Party**" means any one of them;

"**LBI**" means Lehman Brothers Inc.;

"**LBI Claim**" means the portion of the omnibus claim filed by LBIE on behalf of itself and its clients in the SIPA Proceeding docketed as Claim Nos. 900005782, 900007955, 900008199, 900005953, 900007941, 900005783, 900008003, 900005951 and 000006027, as supplemented, modified or amended from time to time, that relates to the Maverick Entities, including, without limitation, with respect to the cash and/or securities attributed to the account number/s 5600412, 5600413, 5600414, 5601300, 5601301, 5601302 and 5601303;

"**LBI Direct Claims**" means the claims filed by each Maverick Entity in the SIPA Proceedings docketed with customer claim numbers: 900005065; 900005180; 900005465; 900005418; 900005464; 900005179; 900005112, as supplemented, modified or amended from time to time, with respect to the cash and/or securities attributed to the account number/s 5600412, 5600413, 5600414, 5601300, 5601301, 5601302 and 5601303;

"**Lehman Brothers Entity**" means any of LBI, Lehman Brothers Japan Inc., Lehman Brothers Securities Asia Limited, LBIE, Lehman Brothers Finance S.A., Lehman Brothers Special Financing Inc., Lehman Brothers Holdings Inc. and any of their subsidiaries, parents, affiliates, divisions, officers, directors, agents and employees now existing or hereafter created, including successors and assigns;

"**Maverick Entities**" means the Principals, together, acting via the agency of the Agent, and "**Maverick Entity**" means any Principal acting via the agency of the Agent;

"**Relevant Agreement**" means each of the agreements set out in Schedule 2;

"**Settlement Payment**" means USD 30,000,000;

"**SIPA Proceeding**" means that certain liquidation proceeding commenced pursuant to an order of the United States District Court for the Southern District of New York dated 19 September 2008 (Civil Action No. 08-CIV-8119) granting the application of SIPC for the

issuance of a protective decree in accordance with SIPA in relation to LBI and currently pending before the Bankruptcy Court (Case No. 08- 01420 (JMP) SIPA);

"**SIPA**" means the Securities Investor Protection Act of 1970 as in effect upon the commencement of the SIPA Proceeding;

"**SIPC**" means the Securities Investor Protection Corporation;

"**Trustee**" means James W. Giddens in his capacity as trustee of LBI in the SIPA Proceeding; and

"**USD**" means the lawful currency of the United States of America.

| | |
|---|---|
| 1.2 | **Clauses:** In this Deed, unless the context otherwise requires, a reference to a Clause or Schedule is a reference to a Clause of, or Schedule to, this Deed. |
| 1.3 | **Plurals:** In this Deed, words in the plural include the singular, and words in the singular include the plural. |
| 1.4 | **Administrators:** A reference to the Administrators shall be construed as being to the Administrators both jointly and severally and to any other person who is appointed as an administrator in substitution for any administrator or as an additional administrator in conjunction with the Administrators. |
| 1.5 | **LBIE's sole cost:** where any action is to be taken or event is to occur "at LBIE's sole cost", the Maverick Entities acknowledge that they shall only be entitled to request payment from LBIE for their reasonable out of pocket expenses in relation to such action or event. |
| 1.6 | **Timeliness:** where a party undertakes or agrees in this Deed to take some action for the benefit of another party, the first party shall use reasonable endeavours to carry out that action on a timely basis and without undue delay. |

## 2    Settlement

2.1    Each Maverick Entity and LBIE agree that, notwithstanding the terms of the Relevant Agreements, subject to:

(i)    due receipt, on the Agreed Settlement Date, by LBIE of the Settlement Payment from the Agent acting on behalf of the Principals (without set-off, withholding, counterclaim or any deduction whatsoever) in accordance with Clause 3 of this Deed;

(ii)    due receipt, on the Agreed Settlement Date, by LBIE of an original copy of a fully executed assignment of the Maverick Entities' Client Money Claims (the "**Deed of Assignment**") in or substantially in the form set out in Schedule 4 (for the avoidance of doubt, LBIE agrees that such receipt shall constitute notice to it of the assignment of such Client Money Claims);

(iii)    transfer of title to the Collateral by each Maverick Entity to LBIE on or prior to the Agreed Settlement Date to LBIE's satisfaction in accordance with Clause 4 of this Deed;

(iv)    due receipt, on or prior to the Agreed Settlement Date, by LBIE of any proof of claim, claim determination, confirmation, agreements, proof of delivery and such other documents, agreements or information evidencing, affecting or relating or referred to in the LBI Direct Claim as LBIE may specify on or prior to the Agreed

Settlement Deed for the assignment by the Counterparty to LBIE of the LBI Direct Claim in accordance with Clause 5 of this Deed;

(v)    due receipt, on or prior to the Agreed Settlement Date, by LBIE of original copies of fully executed notice of transfer and evidence of transfer forms relating to the LBI Claim and the LBI Direct Claim in or substantially in the form set out in Schedule 5;

(vi)    due receipt (or waiver) by LBIE, on or prior to 12 noon New York time on the Agreed Settlement Date of all the documents and other evidence listed in Schedule 1, in each case in form and substance satisfactory to it; and

(vii)    the representations and warranties made by each Maverick Entity and the Agent in Clause 6 being true, accurate and not misleading on each of the date hereof and the Agreed Settlement Date,

with effect from the Agreed Settlement Date, but subject to the other provisions of this Deed, including without limitation Clause 2.6, 4 and 5:

(a)    the Relevant Agreements and all transactions thereunder (to the extent that they have not previously been terminated) are terminated as between LBIE and each Maverick Entity, provided that such terminations shall not affect such Maverick Entity's Client Money Claims (if any) and, to the extent (if any) necessary to preserve such Client Money Claims shall also not affect the obligations giving rise to such Client Money Claims, and provided that such terminations shall not affect LBIE's claims against the Maverick Entities solely to the extent (if any) necessary to preserve the liens in LBIE's favour in the Relevant Agreements as against Collateral under the control of any Lehman Brothers Entity other than LBIE but without any continuing liability on the Maverick Entities in connection with any such claims; and

(b)    this Deed shall be in full and final settlement of all rights, obligations, liabilities and claims (whether present or future, whether actual, prospective or contingent and whether as creditor or by way of proprietary claim by statute, at common law or in equity, howsoever arising and whether or not presently known or unknown) ("**Claims**") which LBIE and each Maverick Entity may have against one another, including, but not limited to, Claims against each other under or relating to the Relevant Agreements and all transactions thereunder and the Parties shall be released and discharged from all obligations and all Claims against each other, including, but not limited to, all obligations and Claims against each other under the Relevant Agreements and all transactions thereunder and shall relinquish all rights against each other, including, but not limited to, all rights against each other under the Relevant Agreements and all transactions thereunder (and the termination thereof) as of the Agreed Settlement Date (in each case including, for the avoidance of doubt, in respect of any Collateral).

2.2    The Maverick Entities agree that their previous submission of claims to be treated as creditors of LBIE shall be treated as being withdrawn and as having no further effect, and that they shall not submit or re-submit any proof of debt to LBIE on and after the Agreed Settlement Date.

2.3    For the avoidance of doubt, the Maverick Entities and LBIE release and discharge each other fully from any further claims and obligations that may be outstanding between them, including without limitation, any arising pursuant to: the Relevant Agreements; open trades;

- 4 -

prime brokerage agreements; and/or any further agreements that may be outstanding between the Parties as at the date of this Deed whether known or unknown on such date, and that any and all such claims and obligations are replaced solely by the terms of this Deed.

2.4     This Deed is without prejudice to any rights of any Lehman Brothers Entity other than LBIE against the Maverick Entities. Furthermore, this Deed is without prejudice to any right or claim of the Maverick Entities against any Lehman Brothers Entity other than LBIE.

2.5     Following receipt of the fully executed Deed of Assignment in respect of the Maverick Entities' Client Money Claims, in respect of each account of any Maverick Entity evidencing a Client Money Claim, LBIE shall note the effect of the Deed of Assignment.

2.6     Each of the Maverick Entities and the Agent:

2.6.1     undertakes that if, notwithstanding the assignment in clause 2 of the Deed of Assignment, it receives any amount or benefit in relation to a Client Money Claim, it shall (i) promptly upon receipt of such amount or benefit notify LBIE that it has received such amount or benefit; and (ii) promptly upon receipt of the details of the Client Money Collection Account from LBIE pay such amount or, as the case may be, transfer any non-cash assets to the Client Money Collection Account for the Assignee's account; and

2.6.2     agrees not to take any action in relation to any Client Money Claims save as provided in this Deed) or to waive, compromise, dispose of, charge, encumber or otherwise deal with the same except as so requested.

2.7     The Assignee shall be entitled to rely on, enforce and enjoy the benefit of this Clause 2 as if it were a party to this Deed.

3     **Payment Details**

3.1     **LBIE account details:** Any payment to LBIE under this Deed shall be made to:

| | |
|---|---|
| Account Name: | Lehman Brothers International Europe - In Administration |
| Currency: | USD |
| Intermediary: | HSBC USA |
| BIC: | MRMDUS33 |
| ABA: | 0210-0108-8 |
| Receiving Bank: | HSBC |
| BIC | MIDLGB22 |
| IBAN: | GB65MIDL40051568442691 |

3.2     **No set-off:** All amounts payable by (and all other obligations owed by) the Maverick Entities or, as the case may be, the Agent to LBIE under this Deed shall be calculated and made:

3.2.1     without (and free and clear of any deduction for) any set-off, netting, withholding, combination of accounts or retention in respect of any present or future moneys, debts or liabilities owing to any Maverick Entity or, as the case may be, the Agent

or incurred by LBIE or any Lehman Brothers Entity at any time including, without limitation, under any contracts entered into by LBIE prior to the appointment of the Administrators on 15 September 2008; and

3.2.2    immediately when due under this Deed regardless of any right of equity or counterclaim any Maverick Entity or, as the case may be, the Agent may have against LBIE or any Lehman Brothers Entity.

## 4    Transfer of Collateral

4.1    Effective on the Agreed Settlement Date, each Maverick Entity hereby transfers to LBIE all of its rights, title and interest in and to the Collateral, subject to the rights of any Lehman Brothers Entity in and to such Collateral under the Relevant Agreements, but free from any encumbrances whatsoever in favour of any other person and together with all rights and advantages attaching to such Collateral, subject to the rights of any Lehman Brothers Entity.

4.2    To the extent the provisions of the Uniform Commercial Code of the State of New York (the "**UCC**") govern the acceptance of any Collateral by LBIE in accordance with this Deed, each Maverick Entity (to the extent applicable):

4.2.1    hereby expressly consents to the acceptance of the Collateral by LBIE in accordance with this Deed for the purposes of Section 9-620(c) of the UCC;

4.2.2    represents that there is no secured party or lienholder in respect of it to whom a copy of or notice of the particulars of this Deed is required to be sent under Section 9-621(a)(2) or Section 9-621(a)(3) of the UCC;

4.2.3    represents that there is no secondary obligor (within the meaning of such term under Section 9-102(a)(71) of the UCC, "**Secondary Obligor**") with respect to it to whom a copy of or notice of the particulars of this Deed is required to be sent under Section 9-621(b) of the UCC; and

4.2.4    acknowledges that under Section 9-623(c)(3) of the UCC, its right of redemption under Section 9-623(a) of the UCC and the rights of redemption of any Secondary Obligor or other secured party or lienholder under Section 9-623(a) of the UCC terminate upon the effectiveness of this Deed.

## 5    Assignment of LBI Claim and the LBI Direct Claim to LBIE

5.1    Each Maverick Entity:

5.1.1    confirms that it authorised LBIE and the Administrators to file the LBI Claim on its behalf in the SIPA Proceeding pursuant to customer authorisation forms dated 30 January 2009;

5.1.2    confirms that it timely filed the LBI Direct Claim to preserve its right to obtain the maximum protection available under SIPA and has timely objected to any adverse determination received from the Trustee in relation to the LBI Direct Claim to preserve its rights in connection therewith in the SIPA Proceeding;

5.1.3    owns, has and is hereby selling, transferring and assigning good and sole legal and beneficial title to the LBI Direct Claim free and clear of any and all liens, security interests, encumbrances or claims of any kind whatsoever;

5.1.4    unconditionally and irrevocably sells, transfers and assigns to LBIE all of its present and future right, title and interest in and to the LBI Claim and the LBI Direct Claim, including, without limitation, any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the LBI Claim or the LBI Direct Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any way the LBI Claim or the LBI Direct Claim and any actions, claims, accounts, accounts receivable, voting rights and other rights and benefits of any nature whatsoever, lawsuits or causes of action of any nature whatsoever, whether against LBI or any other party, arising out of or in connection with the LBI Claim or the LBI Direct Claim;

5.1.5    unconditionally and irrevocably appoints LBIE as its true and lawful attorney and authorizes LBIE to act in its stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the LBI Claim or the LBI Direct Claim herein assigned; grants unto LBIE full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this assignment of the LBI Claim and the LBI Direct Claim; agrees that the powers granted by this paragraph are discretionary in nature and that LBIE may exercise or decline to exercise such powers at LBIE's sole option but, if exercising such powers might reasonably affect the reputation of any Maverick Entity, subject to LBIE making reasonable efforts to consult such Maverick Entity or, as the case may be, the Agent on its behalf, prior to exercising any such powers;

5.1.6    undertakes that if it receives any amount or benefit in relation to the LBI Claim or the LBI Direct Claim, it shall hold such amount or benefit in trust for LBIE and promptly upon receipt and without need for any demand, pay such amount or, as the case may be, transfer any non-cash assets to any account(s) nominated in writing by LBIE, together with any endorsements or documents necessary to transfer any such amount or benefit to LBIE and provide LBIE with a copy of any documentation provided to it with the amount or benefit received from LBI, any such endorsements, documents or copies to be provided at LBIE's sole cost;

5.1.7    waives any objection to the transfer of the LBI Claim or the LBI Direct Claim to LBIE on the books and records of LBI and the Bankruptcy Court and waives, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(c) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law and consents to the substitution of LBIE for it for all purposes in the SIPA Proceeding;

5.1.8    undertakes, at LBIE's sole cost, to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments, including, without limitation (i) a notice of transfer or partial transfer and an evidence of transfer or partial transfer, as applicable, in respect of the LBI Claim and the LBI Direct Claim in or substantially in the form set out in Schedule 5 or such other notice as LBIE, in its sole discretion, may file with the Bankruptcy Court in respect of the LBI Claim and the LBI Direct Claim and (ii) at LBIE's sole cost any receipt, supporting affidavit, release or assignment as the Trustee may require in accordance with section 78fff-2(b) of SIPA as a condition to the payment or delivery

of cash or property in connection with the LBI Claim and the LBI Direct Claim and (b) take or cause to be taken all such other and further actions as LBIE may reasonably request to effectuate the intent and purposes and carry out the terms of this assignment; and

5.1.9   undertakes, at LBIE's sole cost, to deliver any proof of claim, claim determination, confirmation, agreements, proof of delivery and such other documents, agreements or information evidencing, affecting or relating or referred to in the LBI Direct Claim  as LBIE may request for the assignment by the Counterparty to LBIE of the LBI Direct Claim in accordance with this Clause 5.

## 6      Representations and Warranties

6.1     **Basic Representations:** Each Maverick Entity hereby warrants and represents to LBIE and the Administrators that:

6.1.1   It is duly organised and validly existing under the laws of the jurisdiction of its organisation or incorporation and, if relevant under such laws, in good standing.

6.1.2   It has the power to execute this Deed and any other documentation relating to this Deed to which it is a party, to deliver this Deed and any other documentation relating to this Deed that it is required by this Deed to deliver and to perform its obligations under this Deed and has taken all necessary action to authorise such execution, delivery and performance, and that the signatories on its behalf are properly authorised to execute such documents.

6.1.3   Its obligations under this Deed constitute its legal, valid and binding obligations, enforceable in accordance with their respective terms (subject to applicable bankruptcy, reorganisation, insolvency, moratorium or similar laws affecting creditors' rights generally and subject, as to enforceability, to equitable principles of general application (regardless of whether enforcement is sought in a proceeding in equity or at law)).

6.1.4   The entry into and performance by it of this Deed does not and will not conflict with:

(i)     any law or regulation applicable to it;

(ii)    its constitutional documents; or

(iii)   any agreement or instrument binding upon it or any of its assets.

6.1.5   There is not pending or, to its knowledge, threatened against it or any of its affiliates any action, suit or proceeding at law or in equity or before any court, tribunal, governmental body, agency or official or any arbitrator that is likely to affect the legality, validity or enforceability against it of this Deed or its ability to perform its obligations under this Deed.

6.2     **No Insolvency Proceedings:** Each Maverick Entity hereby warrants and represents to LBIE and the Administrators that:

6.2.1   no petition for insolvency proceedings in respect of its assets has been filed, or is threatened to be filed;

6.2.2   it is not unable to honour its obligations as they fall due and is not over-indebted; and

**6.2.3**   it has not commenced negotiations with one or more of its creditors with a view to the general readjustment or rescheduling of its indebtedness.

**6.3**   **No Agency:** Each Maverick Entity hereby warrants and represents to LBIE and the Administrators that it entered into the Relevant Agreements in respect of which it is a party and all transactions and trades thereunder as principal and not as agent.

**6.4**   **Client Money:** Each Maverick Entity represents and warrants to LBIE that it has not made any assignment of any of its Client Money Claims and agrees that it will not do so except as provided in Clause 2.1(ii).

**6.5**   **Claims Against LBI:** Each Maverick Entity represents and warrants to LBIE that it has not filed a proof of claim against LBI in the SIPA Proceeding other than the LBI Claim which LBIE has informed the Maverick Entity that LBIE filed on its behalf or the LBI Direct Claim.

**6.6**   **Status as Sophisticated Investor:**   Each Maverick Entity represents and warrants to LBIE that it is a highly sophisticated investor and has the capacity to make an informed decision and protect its own interests and has such knowledge and experience in financial and business matters as to enable it to utilise the information made available to it in connection with the SIPA Proceeding and this Deed to evaluate the risks and merits of the assignment of the LBI Claim and the LBI Direct Claim.

**6.7**   **Reliance and Investment Decision:** Each Maverick Entity represents and warrants to LBIE that (A) it has not relied on any investigation that LBIE, any of its affiliates acting on its behalf or any person acting on behalf of LBIE or its affiliates may have conducted with respect to LBI, the SIPA Proceeding or the LBI Claim, the LBI Direct Claim, and none of such persons has made any representation to it, express or implied, with respect to LBI, the SIPA Proceeding, the LBI Direct Claim or the LBI Claim, except as explicitly provided in this Deed and in any documentation relating to the assignment of the LBI Claim and the LBI Direct Claim; (B) it has adequate information concerning the business and financial condition of LBI and the status of the SIPA Proceeding to make an informed decision regarding the value of the LBI Claim and the LBI Direct Claim and (C) it has independently made its own analysis and decision to enter into this Deed based on such information as it has deemed appropriate (including information available from the files of the Bankruptcy Court in the SIPA Proceeding) without any reliance on LBIE.

**6.8**   **MNPI Acknowledgment:** Each Maverick Entity acknowledges that LBIE may be in possession of material non-public information regarding LBI, the SIPA Proceeding, the LBI Direct Claim or the LBI Claim including, but not limited to, information regarding the potential treatment and disposition of LBIE's claims against LBI in connection with LBIE's ongoing settlement discussions which could impact, without limitation, the timing and magnitude of distributions made by the Trustee in respect of claims filed against LBI, which LBIE cannot disclose to the Maverick Entity, and the Maverick Entity acknowledges such non-disclosure and hereby waives any claim, under applicable securities laws or otherwise, that it (or any entity for which it is acting as a duly authorised fiduciary) may have or may hereafter acquire against LBIE, including any right to rescind or invalidate the assignment of the LBI Claim or the LBI Direct Claim or to seek any damages or other remuneration from LBIE or any of its successors based on the possession of any such information by LBIE and/or any of its advisors and other representatives or the lack of possession of such information by LBIE.

**6.9    Representation and warranty of the Agent**

The Agent hereby represents and warrants to LBIE and the Administrators that it is duly authorised to enter into this Deed as Agent and duly authorised to enter into this Deed for and on behalf of each Principal.

## 7    Indemnity for breach of representations and warranties

Each of the Maverick Entities and the Agent undertakes to each Indemnified Party that if such Indemnified Party or any of its respective directors, officers or employees incurs any liability, damages, cost, loss or expense (including, without limitation, legal fees, costs or expenses) (a "**Loss**") in respect of any breach by any Maverick Entity or (as the case may be) the Agent of any representation, warranty or agreement contained in this Deed, it shall pay to such Indemnified Party on demand an amount equal to such Loss.

## 8    Confidentiality

**8.1    Confidentiality:** Subject to Clause 8.2, each of the Maverick Entities and the Agent shall treat as strictly confidential and not disclose or use any information received or obtained as a result of entering into or performing this Deed which relates to:

**8.1.1**    the existence and the provisions of this Deed; or

**8.1.2**    the negotiations relating to this Deed.

**8.2    Exceptions:** Clause 8.1 above shall not prohibit disclosure or use of any information if and to the extent:

**8.2.1**    the disclosure or use is required by law, by any regulatory body or by any recognised stock exchange;

**8.2.2**    the disclosure or use is required for the purpose of any judicial proceedings;

**8.2.3**    the disclosure is made to investors of the Maverick Entities as part of the discharge of the Maverick Entities' duties to those investors;

**8.2.4**    the disclosure is made to professional advisers who need to know such information to discharge their duties, on terms that such professional advisers, officers or employees undertake to comply with the provisions of this Clause 8 in respect of such information as if they were a party to this Deed;

**8.2.5**    the information is or becomes publicly available (other than by breach of this Deed); or

**8.2.6**    LBIE has given prior written approval to the disclosure or use,

provided that prior to disclosure or use of any information pursuant to sub-Clause 8.2.1 or 8.2.2 above, notice is given (to the extent legally possible and reasonably practicable) by the party disclosing the information to LBIE of the disclosure, and the nature and extent of the disclosure.

## 9 General

**9.1** **Counterparts:** This Deed may be entered into in any number of counterparts, all of which taken together shall constitute one and the same instrument. Any party may enter into this Deed by executing any such counterpart.

**9.2** **Counterparty Acknowledgments:** Each Maverick Entity agrees that the terms and conditions of this Deed and the exclusions and limitations contained in it are fair and reasonable having regard to the following:

    **9.2.1** that this is an agreement by an insolvent company in circumstances where it is usual that no representations and warranties can be given by or on behalf of the LBIE or the Administrators;

    **9.2.2** that such Maverick Entity obtained all necessary independent individual legal advice in relation to all aspects of this Deed; and

    **9.2.3** that such Maverick Entity has relied solely upon its own opinions, and those of its professional advisors, concerning the transaction.

## 10 Third parties

A person who is not a party to this Deed shall not have any right by virtue of the Contracts (Rights of Third Parties) Act 1999 or otherwise to enforce or enjoy the benefit of any term (express or implied) of this Deed, except that the Administrators, their firm, members, partners, officers, employees and representatives shall each be entitled to rely on Clause 6 (*Representations and Warranties*), Clause 7 (*Indemnity for breach of representations and warranties*), Clause 8 (*Confidentiality*), Clause 11 (*Administrators' Liability*) and Clause 12 (*Governing Law and Jurisdiction*) as if they were a party to it and the Assignee shall be entitled to rely on Clause 2 (*Settlement*) as if it were a party to this Deed.

## 11 Administrators' Liability

**11.1** The Administrators have signed this Deed as agents for and on behalf of LBIE and neither they, their firm, members, partners, directors, officers, employees, agents, advisers or representatives shall incur any personal liability whatever in respect of any of the obligations undertaken by LBIE or in respect of any failure by LBIE to observe, perform or comply with any such obligations; or under or in relation to any associated arrangements or negotiations; or under any document or assurance made pursuant to this Deed.

**11.2** The exclusion of liability set out in Clause 11.1 above shall arise and continue notwithstanding the termination of the agency of the Administrators and shall operate as a waiver of any and all claims including, but not limited to, claims in tort, equity and common law as well as under the laws of contract.

## 12 Governing Law and Jurisdiction

**12.1** Any contractual or non-contractual obligations arising from or connected with this Deed shall be governed by English law.

**12.2** The courts of England have exclusive jurisdiction to settle any legal action or proceedings arising out of or in connection with this Deed (including proceedings relating to the

existence, validity or termination of this Deed or any non-contractual obligation arising out of or in connection with this Deed) ("**Proceedings**").

12.3    The parties to this Deed agree that the courts of England are the most appropriate and convenient courts to settle Proceedings and accordingly no party to this Deed will argue to the contrary.

12.4    Clauses 12.2 and 12.3 are for the benefit of LBIE and the Administrators only. LBIE and the Administrators shall not be prevented from taking Proceedings in any other courts with jurisdiction. To the extent allowed by law, LBIE and the Administrators may take concurrent Proceedings in any number of jurisdictions.

12.5    Each of the Maverick Entities and the Agent irrevocably appoints Maverick Capital UK Ltd at 1-3 Mount Street, London W1K 3NB to receive, for it and on its behalf, service of process in any Proceedings in England and Wales. Such service shall be deemed completed on delivery to such process agent (whether or not it is forwarded to and received by such Maverick Entity or, as the case may be, the Agent). If for any reason such process agent ceases to be able to act as such or no longer has an address in England & Wales, each of the Maverick Entities and the Agent irrevocably agrees to appoint a substitute process agent acceptable to the other parties to this Deed and shall immediately notify the other parties to this Deed of such appointment. Nothing in this Clause 12.5 shall affect the right to serve process in any manner permitted by law.

**In witness** whereof this Deed has been executed and delivered as a deed by the parties on the date which is the later of the dates on which LBIE and the Agent execute this Deed or if LBIE and the Agent execute this Deed on the same date, on such date.

SIGNED as a DEED for and on behalf of **Lehman Brothers International (Europe) (in administration**) by one of its Administrators acting as its agent and without personal liability in the presence of:

} *Paul Copley*

PAUL COPLEY

Witness name: PAMELA SEN-GUM

Witness address: 25 CANADA SQUARE CANARY WHARF LONDON E14 5LQ

Witness occupation: SOLICITOR

**Date:** 30 MARCH 2012

**Maverick Fund II, Ltd**

**Maverick Fund, LDC**

**Maverick Fund USA, Ltd**

**Maverick Neutral Levered Fund, Ltd**

**Maverick Neutral Fund, Ltd**

**Maverick Long Enhanced Fund, Ltd**

**Maverick Long Fund, Ltd**

by

**Maverick Capital, Ltd**

as Agent

By:

...................................................

**Date:**

In witness whereof this Deed has been executed and delivered as a deed by the parties on the date which is the later of the dates on which LBIE and the Agent execute this Deed or if LBIE and the Agentexecute this Deed on the same date, on such date.

SIGNED as a DEED for and on
behalf of **Lehman Brothers**
**International (Europe) (in**
**administration**) by one of its
Administrators acting as its
agent and without personal
liability in the presence of:

Witness name:

Witness address:

Witness occupation:

**Date**:


**Maverick Fund II, Ltd**

**Maverick Fund, LDC**

**Maverick Fund USA, Ltd**

**Maverick Neutral Levered Fund, Ltd**

**Maverick Neutral Fund, Ltd**

**Maverick Long Enhanced Fund, Ltd**

**Maverick Long Fund, Ltd**

by

**Maverick Capital, Ltd**

as Agent

By:

Date: 30 March 2012

- 13 -

## Schedule 1

## Conditions Precedent

(i)     An electronic copy of the counterpart of this Deed, executed by the Agent;

(ii)    Evidence of (A) authority of the Agent to execute this Deed on behalf of each Principal and (B) the authority, incumbency and specimen signature of each person signing this Deed on behalf of each of the Principals and the Agent;

(iii)   Evidence that the process agent(s) referred to in Clause 12.5 has accepted its appointment;

(iv)    Copies of the LBI Direct Claims (evidencing proof of receipt by Epiq, which acts as the Trustee's agent for service of claims), together with all exhibits, attachments and other supporting documentation submitted together therewith;

(v)     Copies of any amendments to or documentation of negotiation, settlement or resolution of the LBI Direct Claims, or confirmation no additional amendments or documentation were provided or negotiated; and

(vi)    Copies of the Trustee's Letter of Determination of each LBI Direct Claim and any responses thereto.

## Schedule 2

## Relevant Agreements

**Maverick Fund II, Ltd**

Customer Account Agreement – Prime Brokerage dated 12 November 2004;

Margin Lending Agreement dated 12 November 2004, as amended by a Letter Agreement dated as of 20 April 2006;

Global Master Securities Lending Agreement, effective 9 November 2004;

ISDA Master Agreement and Credit Support Annex dated as of 2 January 2001 as amended from time to time.

**Maverick Fund, LDC**

Customer Account Agreement – Prime Brokerage dated 12 November 2004;

Margin Lending Agreement dated 12 November 2004, as amended by a Letter Agreement dated as of 20 April 2006;

Global Master Securities Lending Agreement;

ISDA Master Agreement and Credit Support Annex dated as of 3 January 2001 as amended from time to time.

**Maverick Fund USA, Ltd**

Customer Account Agreement – Prime Brokerage dated 12 November 2004;

Margin Lending Agreement dated 12 November 2004, as amended by a Letter Agreement dated as of 20 April 2006;

Global Master Securities Lending Agreement, effective 9 November 2004;

ISDA Master Agreement and Credit Support Annex dated as of 3 January 2001 as amended from time to time.

**Maverick Neutral Levered Fund, Ltd**

Customer Account Agreement – Prime Brokerage dated 28 December 2004;

Margin Lending Agreement dated 28 December 2004, as amended by a Letter Agreement dated as of 20 April 2006;

Global Master Securities Lending Agreement;

**Maverick Neutral Fund, Ltd**

Customer Account Agreement – Prime Brokerage dated 28 December 2004;

Margin Lending Agreement dated 28 December 2004, as amended by a Letter Agreement dated as of 20 April 2006;

Global Master Securities Lending Agreement dated 28 December 2004;

**Maverick Long Enhanced Fund, Ltd**

Customer Account Agreement – Prime Brokerage dated 27 June 2005;

Margin Lending Agreement dated 27 June 2005, as amended by a Letter Agreement dated as of 20 April 2006;

Global Master Securities Lending Agreement dated 27 June 2005;

**Maverick Long Fund, Ltd**

Customer Account Agreement – Prime Brokerage dated 28 December 2004;

Margin Lending Agreement dated 28 December 2004;

Global Master Securities Lending Agreement.

**Schedule 3**

**Collateral under the control of LBIE**

| ISIN | Trust Records |
|---|---|
| Maverick Long Fund, Ltd. - 1507911 | |
| JP3726800000 | 3 |
| | |
| Maverick Fund LDC - 23083 | |
| JP3726800000 | 173 |
| JP3711200000 | 39,756 |
| | |
| Maverick Long Enhanced Fund Ltd - 1579098 | |
| JP3726800000 | 7 |
| JP3711200000 | 12,570 |
| | |
| Maverick Neutral Fund Ltd - 1507912 | |
| JP3726800000 | 8 |
| JP3711200000 | 7,915 |
| | |
| Maverick Neutral Levered Fund Ltd - 1507910 | |
| JP3711200000 | 9,545 |
| | |
| Maverick Fund USA - 23046 | |
| JP3711200000 | 19,738 |

**Schedule 4**

**Form of Deed of Assignment of the Maverick Entities' Client Money Claims**

**This Deed of Assignment** (this "**Deed**") is made by way of Deed Poll for the benefit of the Assignee, LBIE and the Administrators (each as defined in the Deed of Settlement), (together, the "**Beneficiaries**") on [●] by **Maverick Capital, Ltd**, a Texas limited partnership of 300 Crescent Court, 18F, Dallas, Texas 5201, United States of America (the "**Agent**"), acting solely in its capacity as agent for and on behalf of:

(1)    **Maverick Fund II, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

(2)    **Maverick Fund, LDC**, an exempted company incorporated under the laws of the Cayman Islands;

(3)    **Maverick Fund USA, Ltd**, a Texas limited partnership;

(4)    **Maverick Neutral Levered Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

(5)    **Maverick Neutral Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

(6)    **Maverick Long Enhanced Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands;

(7)    **Maverick Long Fund, Ltd**, an exempted company incorporated under the laws of the Cayman Islands,

(together the "**Principals**", and each a "**Principal**").

**Whereas**:

(A)    the Maverick Entities (as defined below) and the Agent and Lehman Brothers International (Europe) (in administration) ("**LBIE**") entered into a deed of settlement dated [●] March 2012 (the "**Deed of Settlement**"), which provided for the assignment by the Maverick Entities of all of their Client Money Claims to the Assignee.

(B)    Each Maverick Entity has entered into this Deed in order to assign all of its Client Money Claims to the Assignee.

(C)    This Deed will enure for the benefit of each Beneficiary.

**This deed witnesses and it is declared** as follows:

**1      Definitions**

"**Assignee**"                          Laurifer Limited, a company incorporated under the laws of Jersey, having its registered office at Ogier House, The Esplanade, St Helier, Jersey JE4 9WG;

"**CASS Rules**"                      the rules set out in Chapters 7 and 7A of the FSA's Client Assets Sourcebook (as amended);

"Claim"                     a claim in law or in equity of whatsoever nature:

(i)    including for (but not limited to) breach of contract, tort, restitutionary claims and breach of trust;

(ii)   whether arising by, amongst other things, reason of insolvency or the termination, whether voluntary or for cause, of any contractual obligation or for any failure of a person to perform any contractual, legal or regulatory obligation or otherwise; and

(iii)  for, amongst other things, the enforcement of any right to, or any liability in respect of a right to:

(a)    seek or enforce judgment;

(b)    exercise any remedy (for damages or otherwise), indemnity and contribution, whether for losses (including consequential loss, economic loss, loss of bargain, loss of value, or other losses computed by reference to value which may have been available had an obligation been duly performed in a timely manner, or otherwise), costs and expenses of any nature; or

(c)    apply any set-off, netting, withholding, combination of accounts or retention or similar rights in respect of any claim or liability whatsoever,

and "**Claimant**", "**to Claim**" and "**Claiming**" shall be construed accordingly;

"**Client Money**"          money which is client money pursuant to and as defined in the FSA Rules;

"**Client Money Claim**"    any Claim by a Maverick Entity in relation to Client Money including without limitation:

(i) any Claim by such Maverick Entity, whether against LBIE or any other person, for or in respect of Client Money held on the statutory trust created by the CASS Rules and whether such Client Money was received or held before or after the Time of Administration (or for or in respect of the proceeds of, or any substitute for,

such money or any assets over which a trust, charge or other proprietary right exists in respect of such money);

(ii) any Claim on whatever basis against LBIE for or in respect of a shortfall in such Maverick Entity's recovery of Client Money;

(iii) any Claim or entitlement (including any discretionary entitlement) of such Maverick Entity against any compensation scheme, insurer or other person in respect of Claims to or loss of Client Money;

(iv) any debt, contractual right or other Claim which has given rise to a Client Money Claim; and

(v) any right to waive, compromise, dispose of or otherwise deal with any of the foregoing,

| | |
|---|---|
| **"Client Money Collection Account"** | has the meaning set out in Clause 2 below; |
| **"FSA"** | the Financial Services Authority of the United Kingdom; |
| **"FSA Handbook"** | the handbook containing rules, principles and guidance made by the FSA under powers given to it by the FSMA as modified, amended or revised from time to time; |
| **"FSA Rules"** | the FSMA and the FSA Handbook; |
| **"Maverick Entities"** | the Principals, together, acting via the agency of the Agent, and **"Maverick Entity"** means any Principal acting via the agency of the Agent; |
| **"FSMA"** | Financial Services and Markets Act 2000; |
| **"Time of Administration"** | 7.56 a.m., London time, on 15 September 2008; |

## 2    Assignment of rights to Assignee

Each Maverick Entity hereby irrevocably:

2.1    effects an absolute assignment to the Assignee of all and any Client Money Claims and all of its rights with respect thereto; and

2.2    directs LBIE (or, as the case may be, the relevant compensation scheme, insurer or other person) to pay any Client Money or proceeds of a Client Money Claim that would, but for this Clause 2.2, have been made to such Maverick Entity, to a bank account opened in the name of the Assignee (such account, the **"Client Money Collection Account"**) or otherwise account for that money to the Assignee or as it may direct or as the Assignee and LBIE may from time to time agree and notify to such Maverick Entity and such Maverick Entity agrees that the Assignee shall be entitled to retain such amount absolutely for its own account without any obligation to account for it to such Maverick Entity.

**3    No assumption of liability for existence of Client Money Claims**

None of the Maverick Entities and the Agent gives any representation as to, and does not assume any liability for, the enforceability or validity of the assignment of Client Money Claims pursuant to Clause 2 above.

**4    Representations and Undertakings**

4.1    Each of the Maverick Entities and the Agent undertakes that if, notwithstanding the assignment in Clause 2 above, it receives any amount or benefit in relation to a Client Money Claim, it shall promptly upon receipt and without need for any demand pay such amount or, as the case may be, the fair value of such benefit if so received to the Client Money Collection Account for the Assignee's account.

4.2    Each of the Maverick Entities and the Agent undertakes not to assert any Claim from any compensation scheme, insurer or other person in respect of claims to or loss of Client Money.

4.3    Each of the Maverick Entities and the Agent irrevocably authorises the Assignee, LBIE, and the Administrators to take all such action as they may reasonably consider appropriate in the name of, and on behalf of, such Maverick Entity or, as the case may be, the Agent to establish, pursue or enforce any Client Money Claims, subject to the relevant party (or its agent or representative) making reasonable efforts to inform such Maverick Entity or, as the case may be, the Agent prior to taking any such action.

4.4    Each of the Maverick Entities and the Agent agrees to promptly render such assistance and take such action as the Assignee, LBIE or the Administrators may reasonably request in relation to any Client Money Claims including, without limitation, action to enforce any of the Client Money Claims to the extent that the assignment in Clause 2 above is, for any reason, ineffective, any such action to be undertaken at the sole cost of the requesting party.

4.5    Each of the Maverick Entities and the Agent agrees not to take any action in relation to any Client Money Claim (save as provided in this Deed) or to waive, compromise, dispose of, charge, encumber or otherwise deal with the same except as so requested.

4.6    Each of the Maverick Entities and the Agent has the capacity to enter into this Deed and has duly authorised the signatories to this Deed to enter into this Deed on its behalf.

**5    Contracts (Third Party) Rights**

Except for the Beneficiaries, any person who is not a party to this Deed shall have no right (whether under the Contracts (Rights of Third Parties) Act 1999 or otherwise) to enforce or enjoy the benefit of any term of this Deed.

**6    Governing law and Jurisdiction**

6.1    Any contractual or non-contractual obligations arising from or connected with this Deed shall be governed by English law.

6.2    The courts of England have exclusive jurisdiction to settle any legal action or proceedings arising out of or in connection with this Deed (including proceedings relating to the existence, validity or termination of this Deed or any non-contractual obligation arising out of or in connection with this Deed) ("**Proceedings**").

6.3    Each of the Maverick Entities and the Agent agrees that the courts of England are the most appropriate and convenient courts to settle Proceedings and accordingly it will not argue to the contrary.

6.4    Clauses 6.2 and 6.3 are for the benefit of the Assignee, LBIE and the Administrators only. The Assignee, LBIE and the Administrators shall not be prevented from taking Proceedings in any other courts with jurisdiction. To the extent allowed by law, the Assignee, LBIE and the Administrators may take concurrent Proceedings in any number of jurisdictions.

6.5    Each of the Maverick Entities and the Agent irrevocably appoints Maverick Capital UK Ltd at 1-3 Mount Street, London W1K 3NB to receive, for it and on its behalf, service of process in any Proceedings in England and Wales. Such service shall be deemed completed on delivery to such process agent (whether or not it is forwarded to and received by such Maverick Entity or, as the case may be, the Agent). If for any reason such process agent ceases to be able to act as such or no longer has an address in England & Wales, each of the Maverick Entities and the Agent (irrevocably agrees to appoint a substitute process agent acceptable to the Assignee, LBIE and the Administrators and shall immediately notify such parties of such appointment. Nothing in this Clause 6.5 shall affect the right to serve process in any manner permitted by law.

**This Deed is delivered as a deed poll on the date stated at the beginning and is intended to take effect by way of deed poll.**

Executed as a deed

**Maverick Fund II, Ltd**

**Maverick Fund, LDC**

**Maverick Fund USA, Ltd**

**Maverick Neutral Levered Fund, Ltd**

**Maverick Neutral Fund, Ltd**

**Maverick Long Enhanced Fund, Ltd**

**Maverick Long Fund, Ltd**

by

**Maverick Capital, Ltd**

as Agent

By:

..............................................

**Schedule 5**

**FORM OF TRANSFER FOR FILING WITH THE BANKRUPTCY COURT**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>**LEHMAN BROTHERS INC.,**<br><br>**Debtors.** | Case No. 08-01420 (JMP) |

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**PURSUANT TO RULE 3001(e)(2)**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice (the "**Transferred Claim**").

| | |
|---|---|
| Lehman Brothers International (Europe) (In Administration) acting by its administrators, Anthony V. Lomas, Steven A. Pearson, Derek A. Howell, Paul D. Copley and Russell Downs (the "**Administrators**") without personal liability | Maverick Fund II, Ltd /<br>Maverick Fund, LDC /<br>Maverick Fund USA, Ltd /<br>Maverick Neutral Levered Fund, Ltd /<br>Maverick Neutral Fund, Ltd /<br>Maverick Long Enhanced Fund, Ltd/<br>Maverick Long Fund, Ltd |
| Name of Transferee | Name of Transferor |
| All cash and securities as set forth in the Transferred Claim solely to the extent relating to the Transferors with respect to account numbers 5600412, 5600413, 5600414, 5601300, 5601301, 5601302 and 5601303 | The portion of claims docketed as claim nos. 900005782, 900007955, 900008199, 900005953, 900007941, 900005783, 900008003, 900005951, and 000006027, as supplemented, modified or amended from time to time, that relates to the Transferors, including, without limitation, with respect to the cash and/or securities |

- 23 -

| _____ | attributed to account numbers 5600412, 5600413, 5600414, 5601300, 5601301, 5601302 and 5601303 |
| --- | --- |
| Amount of Claim Transferred | Proof of Claim Nos. |

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Transferred Claim to the Transferee at the address below.

TRANSFEREE:   Lehman Brothers International (Europe) (In Administration)
Address:              Level 23, 25 Canada Square, London E14 5LQ
                          Fax number:  +44 (0) 20 7212 6000
                          Attn: The Joint Administrators

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

The Administrators have signed this evidence as agents for and on behalf of the Transferee and neither they, their firm, members, partners, employees or their representatives shall incur any personal liability under or in relation to this evidence. The exclusion of liability set out in this paragraph shall continue notwithstanding the termination of the agency of the Administrators, and shall operate as a waiver of any claims in tort as well as under the laws of contract. Each of the Administrators, their firm, members, partners, directors, officers, employees, agents, advisers and representatives shall be entitled to rely on this paragraph as if they were a party to this evidence.

For and on behalf of Lehman Brothers International (Europe) (in Administration) by one of the Administrators acting as its agent and without personal liability

Name:           ………………………….

Title:            ………………………….

Date:            ………………………….

**EVIDENCE OF PARTIAL TRANSFER OF CLAIM**

TO: CLERK, UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF
NEW YORK

AND TO: JAMES W. GIDDENS, TRUSTEE FOR LEHMAN BROTHERS INC.

Maverick Fund II, Ltd /Maverick Fund, LDC /Maverick Fund USA, Ltd /Maverick
Neutral Levered Fund, Ltd /Maverick Neutral Fund, Ltd /Maverick Long Enhanced Fund,
Ltd /Maverick Long Fund, Ltd**.** ("**Seller**"), for good and valuable consideration, the receipt
and sufficiency of which are hereby acknowledged and pursuant to the terms of the
Settlement Deed dated as of the date hereof and entered into, among others, between the
Seller and the Buyer, does hereby certify that it has unconditionally and irrevocably sold,
transferred and assigned to LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN
ADMINISTRATION) ("**Buyer**") acting by its administrators, Anthony Victor Lomas,
Steven Anthony Pearson, Derek Anthony Howell, Paul David Copley and Russell Downs
(the "**Administrators**") without personal liability, all right, title and interest in and to the
claims of Seller against LEHMAN BROTHERS INC. docketed as Claim Nos. 900005782,
900007955, 900008199, 900005953, 900007941, 900005783, 900008003, 900005951,
and 000006027, as supplemented, modified or amended from time to time (the
"**Transferred Claim**") in the United States Bankruptcy Court, Southern District of New
York, Case No. 08-01420 (JMP) (SIPA) in respect of all cash and securities as set forth in
the Transferred Claim solely to the extent relating to account numbers 5600412, 5600413,
5600414, 5601300, 5601301, 5601302 and 5601303.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the
Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered
recognizing this transfer and sale of the Transferred Claim as an unconditional assignment
and sale and Buyer herein as the valid owner of the Transferred Claim. You are hereby
requested to make all future payments and distributions, and to give all notices and other
communications, in respect to the Transferred Claim to Buyer.

The Administrators have signed this evidence as agents for and on behalf of the Buyer and
neither they, their firm, members, partners, employees or their representatives shall incur
any personal liability under or in relation to this evidence. The exclusion of liability set
out in this paragraph shall continue notwithstanding the termination of the agency of the
Administrators, and shall operate as a waiver of any claims in tort as well as under the
laws of contract. Each of the Administrators, their firm, members, partners, directors,
officers, employees, agents, advisers and representatives shall be entitled to rely on this
paragraph as if they were a party to this evidence.

IN WITNESS WHEREOF, dated as of the _____ day of _____, 2012.

**Maverick Fund II, Ltd /**
**Maverick Fund, LDC /**
**Maverick Fund USA, Ltd /**
**Maverick Neutral Levered Fund, Ltd /**
**Maverick Neutral Fund, Ltd /**
**Maverick Long Enhanced Fund, Ltd /**
**Maverick Long Fund, Ltd**, as Seller

WITNESS:

_____     By:_____

Name:_____     Name:_____

Title:_____     Title:_____

For and on behalf of **LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION)**, as Buyer, by one of the Administrators acting as its agent and without personal liability

WITNESS:

_____     By:_____

Name:_____     Name:_____

Title:_____     Title:_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re*

**LEHMAN BROTHERS INC.,**

**Debtors.**

Case No. 08-01420 (JMP)

---

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice (the "**Transferred Claim**").

| Lehman Brothers International (Europe) (In Administration) acting by its administrators, Anthony Victor Lomas, Steven Anthony Pearson, Derek Anthony Howell, Paul David Copley and Russell Downs (the "**Administrators**") without personal liability | Maverick Fund II, Ltd / Maverick Fund, LDC / Maverick Fund USA, Ltd / Maverick Neutral Levered Fund, Ltd / Maverick Neutral Fund, Ltd / Maverick Long Enhanced Fund, Ltd / Maverick Long Fund, Ltd |
|---|---|
| Name of Transferee | Name of Transferor |
| | |
| All cash and securities as set forth in the Transferred Claim | 900005065; 900005180; 900005465; 900005418; 900005464; 900005179; 900005112, as supplemented, modified or amended from time to time, with respect to the cash and/or securities attributed to the account |

| | number/s 5600412, 5600413, 5600414, 5601300, 5601301, 5601302 and 5601303; |
|---|---|
| Amount of Claim Transferred | Proof of Claim Nos. |

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Transferred Claim to the Transferee at the address below.

TRANSFEREE:   Lehman Brothers International (Europe) (In Administration)
Address:      Level 23, 25 Canada Square, London E14 5LQ
              Fax number:  +44 (0) 20 7212 6000
              Attn: The Joint Administrators

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

The Administrators have signed this evidence as agents for and on behalf of the Transferee and neither they, their firm, members, partners, employees or their representatives shall incur any personal liability under or in relation to this evidence. The exclusion of liability set out in this paragraph shall continue notwithstanding the termination of the agency of the Administrators, and shall operate as a waiver of any claims in tort as well as under the laws of contract. Each of the Administrators, their firm, members, partners, directors, officers, employees, agents, advisers and representatives shall be entitled to rely on this paragraph as if they were a party to this evidence.

For and on behalf of Lehman Brothers International (Europe) (in administration) by one of the Administrators acting as its agent and without personal liability

Name:        ………………………….

Title:        …………………………..

Date:        …………………………..

## EVIDENCE OF TRANSFER OF CLAIM

TO: CLERK, UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

AND TO: JAMES W. GIDDENS, TRUSTEE FOR LEHMAN BROTHERS INC.

Maverick Fund II, Ltd /Maverick Fund, LDC /Maverick Fund USA, Ltd /Maverick Neutral Levered Fund, Ltd /Maverick Neutral Fund, Ltd /Maverick Long Enhanced Fund, Ltd / Maverick Long Fund, Ltd ("**Seller**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ("**Buyer**") acting by its administrators, Anthony Victor Lomas, Steven Anthony Pearson, Derek Anthony Howell, Paul David Copley and Russell Downs (the "**Administrators**") without personal liability, all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS INC. docketed as claim numbers 900005065; 900005180; 900005465; 900005418; 900005464; 900005179; 900005112, as supplemented, modified or amended from time to time, with respect to the cash and/or securities attributed to the account number/s 5600412, 5600413, 5600414, 5601300, 5601301, 5601302 and 5601303 (the "**Transferred Claim**") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-01420 (JMP) (SIPA) in respect of all cash and securities as set forth in the Transferred Claim.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Transferred Claim as an unconditional assignment and sale and Buyer herein as the valid owner of the Transferred Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Transferred Claim to Buyer.

The Administrators have signed this evidence as agents for and on behalf of the Buyer and neither they, their firm, members, partners, employees or their representatives shall incur any personal liability under or in relation to this evidence. The exclusion of liability set out in this paragraph shall continue notwithstanding the termination of the agency of the Administrators, and shall operate as a waiver of any claims in tort as well as under the laws of contract. Each of the Administrators, their firm, members, partners, directors, officers, employees, agents, advisers and representatives shall be entitled to rely on this paragraph as if they were a party to this evidence.

IN WITNESS WHEREOF, dated as of the _____ day of _____, 201__

WITNESS:

**Maverick Fund II, Ltd /Maverick Fund, LDC /Maverick Fund USA, Ltd /Maverick Neutral Levered Fund, Ltd /Maverick Neutral Fund, Ltd /Maverick Long Enhanced Fund, Ltd / Maverick Long Fund, Ltd**, as Seller

_____

By:_____

Name:_____

Name:_____

Title:_____

Title:_____

WITNESS:

For and on behalf of **LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION)**, as Buyer, by one of the Administrators acting as its agent and without personal liability

_____

By:_____

Name:_____

Name:_____

Title:_____

Title:_____