**UNITED STAES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                                              :    **Chapter 11 Case No.**
                                                                                        :
**LEHMAN BROTHERS HOLDINGS, INC., et al.,**       :    **08-13555 (SCC)**
                                                                                        :
                        Debtors.                                              :    **(Jointly Administered)**
                                                                                        :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of LB Rose Ranch LLC ("Rose Ranch"), and Evanston Insurance Company ("Evanston"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

**RECITALS**

A.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Entities") commenced voluntary cases (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Rose Ranch commenced its Chapter 11 Case on February 9, 2009.

B.     On May 14, 2010, certain plaintiffs (collectively, the "Colorado Plaintiffs") commenced an action captioned Vaughn Counts, et al. v. Ironbridge Homes, LLC, et al., (Case No. 2010CV142) (the "Homeowners' Litigation") that currently is pending in the District Court for Garfield County, Colorado (the "Colorado Court") against Rose Ranch, Ironbridge Homes,

LLC ("Ironbridge") and others. The Homeowners' Litigation involves claims asserted by the Colorado Plaintiffs arising out of certain alleged defects in the residences that the Colorado Plaintiffs purchased from defendant Ironbridge Homes or one of its affiliates.

C. The Homeowners' Litigation is continuing pursuant to so-ordered stipulations entered by the Bankruptcy Court [ECF Nos. 22336 and 47130] providing for modification of the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") solely to the extent set forth therein.

D. Ironbridge Homes is the insured party under a Commercial Lines Policy, policy number 04GLP1007471 (the "Policy").[1] Rose Ranch is an additional insured under the Policy.

E. Both Ironbridge Homes and Rose Ranch have tendered their respective claims for payment of defense costs incurred in the Homeowners' Litigation[2] to Evanston.

F. Due to competing claims for coverage under the Policy, on December 31, 2014, Evanston commenced an action in the Colorado Court, assigned case number 2014CV30354 (the "Interpleader Action"), by the filing of a complaint (the "Complaint") against Rose Ranch, Ironbridge Homes and other defendants. The Complaint seeks (i) authority to interplead $299,708.77, the remaining amount available under the Policy (the "Interpleader Amount"), and (ii) a declaration from the Colorado Court with respect to Evanston's rights, duties, and obligations under the Policy.

G. Rose Ranch contends that the Interpleader Action may violate the Automatic Stay.

---

[1] A copy of the Policy is annexed hereto as "Exhibit A".

[2] The Colorado Plaintiffs' claims against Ironbridge Homes and certain of its affiliates were stayed in favor of arbitration.

2

H. In light of the foregoing, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in the Chapter 11 Cases of Rose Ranch shall be modified solely to the extent necessary to permit Evanston to proceed with the Interpleader Action solely to seek the relief set forth in the Complaint.

3. Notwithstanding paragraph 2 above, nothing contained herein shall be construed as a waiver by Rose Ranch of its right to (i) object to any and all claims of other defendants in the Interpleader Action to the Interpleader Amount; (ii) raise any cross claims, counterclaims or defenses in the Interpleader Action; or (iii) contest or object to the relief requested in the Complaint on any grounds other than that the commencement of the Interpleader Action and the relief requested in the Complaint constitutes a violation of the Automatic Stay.

4. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Interpleader Action, the Policy, or any other matter.

5. To the extent applicable, neither the post-discharge injunction of section 524 of the Bankruptcy Code nor the terms of the confirmed Modified Third Amended Joint Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors shall in any way be interpreted to

3

preclude or bar Evanston from proceeding with the Interpleader Action solely to seek the relief set forth in the Complaint.

6. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties, or by further Court order.

10. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: July 30, 2015
       New York, New York

| /s/ Suzanne M. Meintzer | /s/ Jacqueline Marcus |
|---|---|
| Joseph F. Bermudez | Jacqueline Marcus |
| Suzanne M. Meintzer | WEIL, GOTSHAL & MANGES LLP |
| Wilson, Elser, Moskowitz, Edelman & Dicker, LLP | 767 Fifth Avenue |
| 1225 17th Street, 27th Floor | New York, New York 10153 |
| Denver, Colorado 80202 | Telephone: (212) 310-8000 |
| Telephone: (303) 572-5300 | |
| | Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates |
| Attorneys for Evanston Insurance Company | |

SO ORDERED, this
27th day of August 2015

   /s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

5

**Exhibit A**

**Policy**