HEARING DATE AND TIME: September 9, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 31, 2015 at 4:00 p.m. (Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York  10020-1708
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)

*Attorneys for U.S. Bank National Association, as Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 08-13555 (SCC)<br><br>(Jointly Administered) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO PLAN ADMINISTRATOR'S FIVE HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

NOW COMES U.S. Bank National Association, as Trustee ("*U.S. Bank*" or the "*Trustee*"), by and through its counsel, Chapman and Cutler LLP, to respond (the "*Response*") to the Plan Administrator's Five Hundred Fourth Omnibus Objection to Claims (No Liability Claims) (the "*Objection*") [D.I. 50500].[1]  In support of its Response, the Trustee states as follows:

---
[1]    Capitalized terms not otherwise defined herein shall be ascribed the same meaning as in the Objection.

3846656.01.01.docx

**RESPONSE**

As set forth in the Objection, U.S. Bank serves as Trustee to a number of special purpose vehicles (the "*SPVs*") under certain indentures and trust agreements. Each of the SPVs entered into various swap and other derivative agreements with LBSF. LBSF's obligations were, in turn, guaranteed by LBHI. These transactions include the RACERS Series 2005-10-C and RACERS 2005-6-A.

Following the bankruptcy filings of both LBHI and LBSF, U.S. Bank asserted claims on behalf of the SPVs, including claims 23446, 32901, 30875, 30991 (the "*U.S. Bank LBSF Claims*") which were each filed against LBSF, and Claims 30995, 23447, 30881, 30965, which were each filed against LBHI based upon LBHI's guarantee of LBSF's obligations (the "*U.S. Bank Guarantee Claims*" and together with the U.S. Bank LBSF Claims, the "*U.S. Bank Claims*").

Pursuant to its Objection, the Plan Administrator seeks to have the U.S. Bank Claims disallowed and expunged. Specifically, in its Objection, the Plan Administrator states that, "[e]ach of the transactions described in [the U.S. Bank Claims have] been wound-down and liquidated, and, upon information and belief, any amounts owed to U.S. Bank have been paid in full …." *See* Objection at 5. This statement is not, however, entirely correct.

It is true that the various transactions at issue have largely been wound-down and liquidated. In each of the U.S. Bank Claims, however, in addition to asserting claims for amounts outstanding with respect to the various underlying swap and derivative agreements, U.S. Bank also asserted specific claims for the reimbursement of its fees and expenses incurred in its role as trustee. *See, e.g.*, Paragraph 2 of Claim 23446, relating to the RACERS 2005-10-C transaction, whereby, among other things, the Trustee asserts a claim for its fees and expenses. At this time, U.S. Bank's fee and expenses with respect to these transactions remain unliquidated and outstanding.

As a result, while, upon information and belief, no amounts are outstanding with respect to the various swap and derivative agreements, amounts continue to remain outstanding with respect to U.S. Bank's fees and expenses. Such claims may not be avoided by LBSF with respect to the U.S. Bank LBSF Claims, or by LBHI with respect to the U.S. Bank Guarantee Claims. At this time, U.S. Bank is diligently determining the amount of its fees and expenses with regard to the U.S. Bank Claims, and will work together with the Plan Administrator to determine the correct and final amount of the U.S. Bank Claims.

WHEREFORE, the Trustee respectfully requests that the Objection be denied with respect to the U.S. Bank Claims, or in the alternative, postponed with respect to the U.S. Bank Claims until such time as the parties can agree on the final amounts that should be asserted with respect to such claims for U.S. Bank's fees and expenses.

Dated: August 31, 2015
New York, New York

Respectfully submitted,

U.S. Bank National Association, as Trustee

By   s/ Craig M. Price
     One of Its Attorneys

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York  10020-1708
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)