**HEARING DATE AND TIME: October 8, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 1, 2015 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (SCC)
                                               :
                    Debtors.                   :    (Jointly Administered)
-----------------------------------------------------------------x
```

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S**
**OBJECTION TO CLAIM NUMBER 30427**

**PLEASE TAKE NOTICE** that on September 3, 2015, Lehman Brothers Holdings Inc.

("LBHI") and the ("Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases filed an objection claim number 30427

filed by State Street Bank and Trust Company (the "Objection"), and that a hearing (the

"Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman,

United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York, 10004, on

**October 8, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with

General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the

Bankruptcy Court's filing system, and (b) by all parties in interest, on a CD-ROM or 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format (with a hard copy delivered directly to Chambers), in accordance with

General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in

accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C.

Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for

LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:

Garrett A. Fail, Esq. and Katherine Doorley, Esq.); and (iii) the Office of the United States

Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B.

Schwartz, Esq.); so as to be so filed and received by no later than **October 1, 2015 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

3740256.2
WEIL:\95452817\3\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Objection, the Plan Administrator may submit to the Bankruptcy Court an

order substantially in the form of the proposed order annexed to the Objection, which order may

be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 3, 2015
      New York, New York

                                       /s/ Garret A. Fail
                                       Garrett A. Fail

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       Attorneys for Lehman Brothers Holdings Inc.
                                       and Certain of Its Affiliates

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | **08-13555 (SCC)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |

------------------------------------------------------------------x

<u>**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 30427**</u>

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "<u>Plan</u>") for the entities in the above-referenced chapter 11 cases

(collectively, the "<u>Chapter 11 Estates</u>"), respectfully represents as follows:

<u>**Relief Requested**</u>

1.    The Plan Administrator files this objection, pursuant to section 502(b) of title 11

of the United States Code (the "<u>Bankruptcy Code</u>"), and Rule 3007 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), seeking disallowance and expungement of

proof of claim number 30427 (the "<u>Claim</u>") filed by State Street Bank and Trust Company

("<u>Claimant</u>").

1

2.    The Claim violates this Court's July 2, 2009, order setting forth the procedures

and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF

No. 4271], as it was submitted with insufficient documentation and without an accompanying

guarantee questionnaire, and Claimant subsequently failed to produce specific documentation

upon request.  The Claim does not constitute a valid *prima facie* claim, and the Plan

Administrator requests that it be disallowed and expunged in its entirety.

### Jurisdiction

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

### Background

4.    Commencing on September 15, 2008 and periodically thereafter, (as applicable,

the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).

5.    On July 2, 2009, this Court entered the Bar Date Order, which requires, among

other things, that "each Proof of Claim must . . . (vi) include supporting documentation or an

explanation as to why documentation is not available."  (Bar Date Order at 6.)  The supporting

documentation requirement was specifically set forth on the face of the Court-approved proof of

claim form.  (*Id*. at Exhibit B.)  Furthermore, the Bar Date Order provides that "any holder of a

claim against the Debtors who is required, but fails to file a proof of such claim in accordance

with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other

requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such

2

claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id*. at 9-10). The Bar Date Order further provided that "each holder of a claim against a Debtor based on . . . a Guarantee must . . . complete the electronic Guarantee Questionnaire." Exhibit D to the Bar Date Order was a version of the Guarantee Questionnaire, which required the claimant to, among other things, set forth the information forming the basis of the claimant's assertion of a guarantee. A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

6.      Creditors also received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Notice at 4.)

7.      Creditors who filed a proof of claim prior to entry to the Bar Date Order were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly set forth the requirement that claimants provide supporting documentation with their claim form or an explanation as to why such documentation is unavailable. (*Id*. at 2.) The Bar Date Notice also prominently stated in bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting**

WEIL:\95452817\3\58399.0011

**such claim (and from filing a Proof of Claim with respect to such claim)."** (*Id.* at 6 (emphasis in original)).

8.    On December 6, 2011 the Court approved and entered an order confirming the Plan (the "<u>Confirmation Order</u>") [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "<u>Effective Date</u>").

9.    Paragraph 86 of the Confirmation Order provides that "[a]fter the Effective Date, other than a proof of Claim relating to an executory contract or unexpired lease that is rejected pursuant to the Plan, a proof of Claim relating to a prepetition Claim may not be filed or amended without authority of the Court."

10.    Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

<u>The Claim Should Be Disallowed and Expunged</u>

11.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-approved claims agent, the Plan Administrator has identified the Claim as a claim that should be disallowed and expunged on the basis that it was not in compliance with the Bar Date Order, it does not include sufficient supporting documentation, and Claimant has not produced sufficient documentation upon request.  The Claim, therefore, does not constitute a valid *prima facie* claim.

12.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case

4

No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.    The Bar Date Order specifically requires that "each Proof of Claim **must**: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added).)  This requirement for proofs of claim is not a unique one.  Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable.  (*See In re Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.), Oct. 20, 2009 Order [ECF No. 316] at 6; *see also In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.), Oct. 14, 2009 Order [ECF No. 554] at 2-3.)  The Bankruptcy Rules' official proof of claim form also includes this standard requirement.  The Claim was filed based on a purported guarantee of obligations of certain Lehman affiliates and subsidiaries.  The Claim did not specifically identify the underlying obligor and did not provide any documentation to support the existence of such a claim.  LBHI has reviewed its books and records and was also unable to identify any such claim.  Claimant has not produced sufficient documentation upon request.

14.    Claimant was specifically provided notice of the Bar Date Order's supporting documentation requirement via the Bar Date Notice.  The Bar Date Notice included instructions on how to complete the proof of claim forms and a warning that failure to comply with those instructions would result in claims being barred.  (*See* Bar Date Notice at 4, 6.)  Nevertheless, the Claim was submitted without the required supporting documentation.  Claimant also failed to complete a Guarantee Questionnaire for the Claim, as was required by the Bar Date Order.

5

15.    Prior to filing this Objection, the Plan Administrator requested that Claimant provide additional documentation and warned that a failure to do so likely would result in an objection to the Claim.  No additional documentation was provided by Claimant.

16.    Without additional information regarding the Claim, the Plan Administrator is unable to evaluate the merits and validity of the Claim.  Nothing in the books and records of the Chapter 11 Estates provides any information regarding the Claim.  Because the Claim fails to comply with the Bar Date Order's specific direction that claims include supporting documentation and that claims based on a purported guarantee be accompanied by a Guarantee Questionnaire, the Claim does not constitute a valid *prima facie* claim.  The Court has disallowed thousands of claims in these cases for the same reason and it would be unfair to treat Claimant differently.  Consequently, the Plan Administrator requests that the Court disallow and expunge the Claim in its entirety.

### <u>Notice</u>

17.    No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Thirty-Fourth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Claimant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

WEIL:\95452817\3\58399.0011

18.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE, the Plan Administrator respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: September 3, 2015
       New York, New York

                                        /s/ Garret A. Fail
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

7

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                            :    **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :    **08-13555 (JMP)**
                                                 :
                        **Debtors.**             :    **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 30427

Upon the objection to claim number 30427, filed by State Street Bank and Trust Company ("State Street"), dated September 3, 2015 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking to disallow and expunge the Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 30427 is hereby disallowed and expunged in its entirety with prejudice; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                             _____
                             UNITED STATES BANKRUPTCY JUDGE

WEIL:\95452817\3\58399.0011