Hearing Date and Time: October 8, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: October 1, 2015 at 4:00 p.m. (prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF HEARING ON FIVE HUNDRED EIGHTH
OMNIBUS OBJECTION TO CLAIMS (DISPUTED VALUATION CLAIMS)**

**PLEASE TAKE NOTICE** that on September 4, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, filed the five hundred eighth omnibus objection to claims (the "Five Hundred Eighth Objection to Claims"), and that a hearing (the

"Hearing") to consider the Five Hundred Eighth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 8, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Melissa Siegel, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **October 1, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:   September 4, 2015
         New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**Hearing Date and Time: October 8, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: October 1, 2015 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (SCC)
                                                                  :
                              Debtors.                            :    (Jointly Administered)
------------------------------------------------------------------- x

### PLAN ADMINISTRATOR'S FIVE HUNDRED EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (DISPUTED VALUATION CLAIMS)

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this five hundred eighth omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to either reduce and allow certain portions of or otherwise expunge the claims listed on Exhibit A annexed hereto (such claims, the "Reduced Claims").

2. The Plan Administrator has examined each of the Reduced Claims and has determined that, in each case for the reasons identified more specifically herein, a portion of the Reduced Claims should be liquidated and allowed in the amounts set forth on Exhibit A (the "Modified Amount"). The Plan Administrator, therefore, requests that the Court reduce and allow those portions of the Reduced Claims in the amounts listed on Exhibit A, or to the extent the Modified Amount is zero, expunge the Reduced Claims in their entirety.

3. The Plan Administrator reserves all rights to object on any other basis to any Reduced Claims as to which the Court does not grant the relief requested herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

2

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases. [ECF No. 4271 at 2, 7–8]. The Bar Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." *Id.* at 9–10.

7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

3

**Legal Standard**

9.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

**A.  Objection to Proof of Claim 26485 – The SEB AB Claim**

10.  Claim number 26485 was filed by Skandinaviska Enskilda Banken AB (publ) ("SEB") against LBHI based on LBHI's purported guarantee of the obligations of Lehman Brothers Finance S.A. ("LBF") under certain swap agreements (the "Derivatives Contracts"). SEB is holding certain amounts of LBHI in a deposit account.  After a review of the relevant documentation and the Chapter 11 Estates' books and records, the Plan Administrator has determined that claim number 26485 should be reduced to the Modified Amount listed on Exhibit A.  The Modified Amount listed on Exhibit A represents the fair, accurate, and reasonable value of the portion of claim number 26485.  SEB should not be allowed to recover more than that value.  Between amounts paid to SEB by LBF on account of SEB's primary claim and amounts, in the deposit account, SEB will be fully satisfied and LBHI will have no further liability on this claim.  Indeed, there will be additional amounts in the SEB deposit account that should be returned to LBHI.  Having recovered in full against the primary obligor based on LBF's valuation and amounts in the deposit account, SEB cannot recover against LBHI.  *See In*

4

*re United Cigar Stores*, 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance."). Accordingly, the SEB Claim should be reduced, allowed, and deemed satisfied in full in accordance with Section 8.13(a) of the Plan.

**B.  Objection to Proofs of Claim 17278 and 20242 – The Receivable Claims**

11. Claim numbers 17278 and 20242 (the "Receivable Claims") were filed against LBHI based on purported guarantees of the obligations of LBF under certain Derivatives Contracts.

12. The Plan Administrator utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates based on Derivatives Contracts in order to determine the fair, accurate, and reasonable value, if any, of such claims. Specifically, the Plan Administrator: (i) collects and reviews documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or guarantee questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including

5

verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]

13.     After a review of the claimants' supporting documentation and LBHI's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable value of the underlying contracts, LBF (and therefore, LBHI) does not owe any amounts to the claimants.  Rather, the Plan Administrator has determined that the claimants actually owe amounts to LBF.  Accordingly, the Plan Administrator requests that the Court reduce and allow the Receivable Claims to the Modified Amounts of $0 and expunge the Receivable Claims in their entirety.

C.     **Objection to Proof of Claim 67938 – The BNP Claim**

14.     After various settlements [ECF No. 27555] and withdrawals [ECF Nos. 47115, 35685, 39347], claim number 67938 filed by BNP Paribas asserts a claim of $114,684,282.14 against LBHI (the "BNP Claim").  The BNP Claim asserts, in part, purported guarantees of the obligations of LBF.  After a review of the claimant's supporting documentation and the Chapter 11 Estates' books and records, the Plan Administrator has determined that the portion of the BNP Claim related to the purported guarantee of LBF should be reduced based on the fair, accurate, and reasonable value of the underlying agreements.

15.     The Plan Administrator also objects to the portions of the BNP Claim relating to guarantees of claims for legal fees, and direct claims for legal fees, because underlying claims against the primary obligors were withdrawn, resolved pursuant to settlement,

---

[2] For a more comprehensive discussion of the valuation process, please see the *Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* (attached as "Exhibit C" to Debtors' *Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* [ECF No. 4113]).

6

or satisfied in full, and/or BNP has not otherwise provided sufficient information to establish LBHI's liability for the asserted claim. All portions of the BNP Claim relating to legal fees, should, therefore, be reduced to zero and disallowed and expunged.

## Conclusion

16. The Effective Date has occurred and Distributions under the Plan have begun. If the Reduced Claims remain on the claims register, the potential exists for incorrect recoveries against LBHI to the detriment of other creditors. Accordingly, the Plan Administrator respectfully requests that the Court reduce and allow or otherwise expunge the Reduced Claims.

## Reservation of Rights

17. The Plan Administrator reserves all rights to object on any other bases to any Reduced Claim as to which the Court does not grant the relief requested herein.

## Notice

18. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Five Hundred Eighth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

7

19. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 4, 2015
       New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

# **EXHIBIT A**

WEIL:\95450500\7\58399.0011

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL.**

**OMNIBUS OBJECTION 508: EXHIBIT A - DISPUTED VALUATION CLAIMS**

| NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | AMOUNTS | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | TOTAL |
| 1  BNP PARIBAS | 67938 | 3/2/12 | Lehman Brothers Holdings Inc. | | | | | |
| | | | AMOUNT SUBJECT TO OBJECTION | | | | $114,684,282.14 * | $114,684,282.14* |
| | | | CLAIM AS MODIFIED | | | | $24,173,756.00 | $24,173,756.00 |
| 2  DANSKE BANK PLC | 17278 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | |
| | | | AMOUNT SUBJECT TO OBJECTION | | | | $2,662,381.88 * | $2,662,381.88* |
| | | | CLAIM AS MODIFIED | | | | $0.00 | $0.00 |
| 3  MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC | 20242 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | |
| | | | AMOUNT SUBJECT TO OBJECTION | | | | $979,034.44 | $979,034.44 |
| | | | CLAIM AS MODIFIED | | | | $0.00 | $0.00 |
| 4  SKANDINAVISKA ENSKILDA BANKEN AB (PUBL) | 26485 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | |
| | | | AMOUNT SUBJECT TO OBJECTION | Undetermined | | | $6,057,320.19 * | $6,057,320.19* |
| | | | CLAIM AS MODIFIED | $0.00 | | | $0.00 | $0.00 |
| | | | TOTAL AMOUNT SUBJECT TO OBJECTION | $0.00 | | | $124,383,018.65 | $124,383,018.65 |
| | | | TOTAL CLAIMS AS MODIFIED | $0.00 | | | $24,173,756.00 | $24,173,756.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

**ORDER GRANTING THE FIVE HUNDRED EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)**

Upon the five hundred eighth omnibus objection to claims, dated September 4, 2015 (the "Five Hundred Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to reduce and allow or expunge the claims listed on Exhibit 1 annexed hereto, all as more fully described in the Five Hundred Eighth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Eighth Omnibus Objection to Claims.

bases set forth in the Five Hundred Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Five Hundred Eighth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the portions of the claims listed on Exhibit 1 annexed hereto shall be reduced and allowed in the amounts listed on Exhibit 1; and it is further

ORDERED that if the amount listed on Exhibit 1 in the row titled "*Claim as Modified*" is zero, the claim shall be disallowed and expunged in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE