HEARING DATE AND TIME: September 17, 2015 at 10:00 a.m. (Eastern Time)

| | |
|---|---|
| Franklin H. Top III (admitted *pro hac vice*) <br> CHAPMAN AND CUTLER LLP <br> 111 West Monroe Street <br> Chicago, Illinois  60603 <br> Telephone: (312) 845-3000 <br><br> *Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts* | M. William Munno <br> Daniel E. Guzmán <br> SEWARD & KISSEL LLP <br> One Battery Park Plaza <br> New York, New York  10004 <br> Telephone: (212) 574-1587 <br><br> *Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts* |
| John C. Weitnauer (admitted *pro hac vice*) <br> ALSTON & BIRD LLP <br> 1201 West Peachtree Street <br> Atlanta, Georgia  30309 <br> Telephone: (404) 881-7000 <br><br> *Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* | Richard C. Pedone (admitted *pro hac vice*) <br> NIXON PEABODY LLP <br> 437 Madison Avenue <br> New York, New York  10022 <br> Telephone: (212) 940-3085 <br><br> *Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br> Debtors. | Case No. 08-13555 (SCC) |

**SECOND STATUS REPORT OF RMBS TRUSTEES' IN CONNECTION WITH THE** *ORDER ESTABLISHING A PROTOCOL TO RESOLVE CLAIMS FILED BY RMBS TRUSTEES ON BEHALF OF CERTAIN ISSUERS OF RESIDENTIAL MORTGAGE-BACKED SECURITIES*

U.S. Bank National Association, Law Debenture Trust Company of New York, Wilmington Trust Company, Wilmington Trust, National Association, and Deutsche Bank National Trust Company, not individually but solely in their respective capacities as trustees for certain RMBS trusts (each a "*Trustee*" and collectively the "*RMBS Trustees*") submit this Second Status Report in connection with that certain *Order Establishing A Protocol To Resolve Claims Filed By Trustees On Behalf Of Certain Issuers Of Residential Mortgage-Backed Securities* (ECF 47569) (the "*RMBS Claims Protocol*" or "*Protocol*").[1]

**Introduction**

On December 29, 2014, the Court entered the RMBS Claims Protocol. The RMBS Trustees began complying with the RMBS Claims Protocol prior to its entry by requesting, in writing, that the master servicers (and later the servicers) provide the loan files for the Covered Loans[2] in the Covered Trusts. Thereafter the RMBS Trustees embarked upon a comprehensive process to review the individual loan files by: (a) vetting and retaining five loan review firms;[3]

---

[1] All terms that are not defined herein shall have the definition set forth in the RMBS Claims Protocol. All data and numerical information contained in this Status Report is through September 10, 2015, unless otherwise indicated, and relates solely to Covered Loans, as defined below.

[2] The term Covered Loans relates to those loans for which the Debtors admit they have sole potential liability for breaches of representations or warranties. These include certain loans that were originated by an affiliate of Lehman Brothers Holdings Inc. ("*LBHI*") (including but not limited to BNC, Finance America, Aurora Bank, Aurora Loan Services and Mortgage Lenders Network), and other originators that LBHI (or its affiliates) did not assign the origination representation and warranties on to the relevant Trust.

[3] Acknowledging the Court's comments last December, the RMBS Trustees retained five review firms to review loan files: (1) Digital Risk Advisory Services; (2) Opus Capital Market Consultants, LLC; (3) EdgeMac Mortgage Advisory Services, LLC; (4) CrossCheck Compliance LLC; and (5) The Oak Leaf Group, LLC (collectively the "*Loan Review Firms*"). Duff & Phelps, LLC ("*Duff & Phelps*") has, among other tasks, served (i) to oversee the efforts of the Loan Review Firms to ensure a review consistent with the RMBS Claims Protocol and each other, (ii) to prepare and submit RMBS Claims to the Debtors, and (iii) to coordinate with the Plan Administrator's professionals on the Protocol. In the aggregate, approximately 600 people are involved in fulfilling the requirements of the Protocol.

2

(b) collecting loan files from servicers; (c) collecting servicing documentation; (d) reviewing files for completeness; and (e) submitting claims to the Plan Administrator.

**The Initial 50,000 Loan Files**

The RMBS Trustees submitted to the Plan Administrator RMBS Claims arising from a loan-by-loan review of 50,000 loans on a rolling basis in ten deliveries from March 17 through June 29, 2015. *See* Exhibit A. The RMBS Trustees determined through their Loan Review Firms and Duff & Phelps that 25,368 of these loans had breaches of representations and warranties that materially and adversely affected the value of the loans to the trusts and/or the interests of certificateholders, and thus submitted RMBS Claims in respect of such loans to the Plan Administrator.

On August 31, 2015, the Plan Administrator responded to these 25,368 RMBS Claims as follows:[4]

- 705 Approved Claim Files (2.78%);[5]

- 18,484 Rejected Claim Files (72.86%); and

- 6,179 files deemed by the Plan Administrator to have insufficient documentation for review (24.36%).

The RMBS Trustees have 60 days from August 31, 2015 to rebut the Plan Administrator's responses regarding the Rejected Claim Files.[6]

The RMBS Trustees have made progress with respect to obtaining outstanding documents that the Plan Administrator has advised are missing from the 6,179 RMBS Claims.

---

[4] The RMBS Trustees reserve their rights with respect to the responses of the Plan Administrator.

[5] As to 6 of the 705 Approved Claim Files, the Plan Administrator adjusted the Purchase Price. The RMBS Trustees also have 60 days to object to the Purchase Price with respect to these 6 loans in the Approved Claim Files. The parties agree on the Purchase Price of the other 699 loans in the Approved Claim Files.

[6] By agreement, the parties resolved an issue regarding the interpretation of the Protocol. The RMBS Trustees interpreted the Protocol Order to provide that the Plan Administrator would respond to all RMBS Claims within 100 days of determining the completeness of each loan file and on a rolling basis. The Plan Administrator interpreted that, with respect to only the first 50,000 loans submitted by June 30, 2015, responses were due by August 31, 2015, and not on a rolling basis.

3

A.  **Collection of the Other Relevant Loan Files (Protocol Section I(e) or III(b)).**

The RMBS Trustees have actively continued their pursuit of the 213,639 loan files at issue from thirteen different servicers through e-mail and telephonic conversations with them and/or master servicers.[7] Thus far, the RMBS Trustees have obtained 188,096 loan files. For various reasons, the RMBS Trustees have declined to pursue 6,608 of the outstanding loan files. Thus, the RMBS Trustees have retrieved 91.6% of the loan files.

Approximately 17,935 loan files remain to be retrieved. There are also approximately 15,651 loan files received that are incomplete. The RMBS Trustees are continuing to pursue these loan files and missing documents.

The RMBS Trustees have recently received deliveries of approximately 10,551 loan files from Ocwen Loan Servicing, LLC (*"Ocwen"*), which appear to include portions of 7,065 former GMAC loan files that have been tied up in the ResCap bankruptcy proceeding. The GMAC loan files have not yet been submitted to be reviewed for completeness pending further production. The remaining 3,486 loan files are currently being reviewed for completeness. It may take considerable time to identify and image the remaining portions of the GMAC loan files that were delivered, as well as the remaining outstanding GMAC loan files.

The RMBS Trustees also recently received delivery of 10,723 loan files from Aurora which Iron Mountain has been imaging. The Plan Administrator has advised that an additional 516 loan files at Iron Mountain are expected to be delivered in the near future.[8]

(i) **Process upon Receipt of the Loan Files (Protocol Section III(b)).** Upon receipt of loan files, Duff & Phelps notifies the Plan Administrator of their receipt in compliance with Section III(b)(i) of the Protocol, and distributes the loan files to a Loan Review Firm to

---

[7] The loan servicers are Nationstar Mortgage LLC, Aurora Loan Services LLC, Ocwen Loan Servicing LLC, Citimortgage Inc., Wells Fargo, Chase, Select Portfolio Servicing, Bank of America, N.A., Colonial Savings, Midwest Loan Services, Inc., PHH Mortgage, Bank of Hawaii and Washington Mutual.

[8] Iron Mountain has been imaging the Aurora loan files for some time. Because each loan file was not necessarily stored in one box, loan files could not be delivered or reviewed until all boxes were imaged. However, the RMBS Trustees are now informed that delivery with respect to 10,723 loans is complete. There remain 18 loan files that Aurora has indicated will not be delivered.

review for completeness. The completeness data is submitted by the Loan Review Firms to Duff & Phelps, who aggregates the information and delivers a formal Notice of Completeness to the Plan Administrator as required by the Protocol in Section III (b)(ii) (the "*Notice of Completeness*"). Duff & Phelps has now delivered Notices of Completeness to the Plan Administrator with respect to 158,945 loan files. The RMBS Trustees have determined that 15,651 of the loan files reviewed for completeness are incomplete for purposes of the RMBS Trustee's review, and therefore are not subject to immediate review under the Protocol pending efforts to obtain missing documents from the relevant servicer.[9] The RMBS Trustees are working with the servicers to obtain such missing loan documents and the servicers to date have been generally cooperative in this effort.[10]

**(ii) Loan Files Not Yet Delivered.** Currently approximately 17,935 loan files still must be delivered by the servicers to the RMBS Trustees.

(a) As noted above, *Aurora* will deliver 516 additional loan files. Unlike the initial 51,000 loan files Aurora previously delivered, these loan files were not imaged. Because of the manner in which the loan files were stored, the loan files are not yet complete, and the completeness review will begin once Iron Mountain completes the loan file delivery with respect to these loan files.

(b) Approximately 15,855 loan files in aggregate are outstanding from **Ocwen**. As noted above, Ocwen purchased servicing rights from different servicers, including approximately 8,324 from GMAC Mortgage, which were not organized and are the subject of an adversary proceeding seeking compensation from the ResCap estate for the cost of retrieving and assembling these loan files.[11] Recently, portions of 7,065 of the 8,324 GMAC loan files were delivered, leaving approximately 1,259 GMAC loan files to be delivered. The complete GMAC

---

[9] The remaining 14,500 of the loan files received are under review for completeness.

[10] The RMBS Trustees have received additional documents on 6,682 incomplete loans and are under review for a reassessment of completeness.

[11] Judge Glenn has recently ruled that ResCap "segregate and deliver" GMAC loan files to Ocwen.

5

files apparently are not now available, and it is uncertain whether and when they might become available.

As reported in the initial RMBS Trustees' Status Report in Connection with the RMBS Claims Protocol filed on July 17, 2015 [ECF 50348], besides the GMAC loan files, there had been an additional 11,017 loan files due from Ocwen. Ocwen recently delivered a hard drive with approximately 3,486 of these 11,017 outstanding loan files. Ocwen expects to make further deliveries of loan files and to provide certain missing documents in files previously delivered. The RMBS Trustees are in the process of reviewing Ocwen's recent productions. Ocwen has been cooperating to retrieve all of the requested loan files and missing documents.

(c) The 457 loan origination files reported outstanding from *Colonial Savings* in the initial status report filed with the Court have been received.

(d) Finally, some loan files remain outstanding from other servicers. The RMBS Trustees continue to work with them to obtain loan files that still remain outstanding and to obtain missing documents necessary to complete both the RMBS Trustees' loan file review and the review of the Plan Administrator.

**B.     Review of Loan Files/Claim Submission (Protocol Section III(c)(i) and (ii)).**

To date, the RMBS Trustees have met each of the Protocol milestones for the review of loan files. Specifically, the RMBS Trustees reviewed (1) more than 10,000 loan files before March 31, 2015, (2) 50,000 loan files by June 30, 2015, and (3) 17,000 loans in each of July and August 2015.

As requested by the Plan Administrator, the RMBS Trustees are submitting claims twice a month—generally mid-month and end of month. The dates of submissions are attached as Exhibit A (Protocol Section III(c)(ii)).

As of August 31, 2015, a total of 86,374 loan files have been reviewed.

**(i)     Format of the Claims Submission (Protocol Section III (e) and Exhibit C).**

The RMBS Trustees have submitted claims in compliance with Section (III) (e) of the Protocol. The claims have been submitted on a loan-by-loan basis. As previously noted, the

June 30, 2015 milestone was duly met, and each claim was submitted with an RMBS Claim File. The RMBS Trustees have submitted a total of 39,807 RMBS Claims as of August 31, 2015. In determining whether to assert a claim, the RMBS Trustees, through their advisors, determined whether there was a defect with respect to a loan or loan file, determined whether such defect related to a representation and warranty contained in the relevant transaction document, whether such defect or deficiency breached such representation or warranty, and whether such breach had the requisite material and/or adverse effect contemplated by the underlying documents. Each RMBS Claim contains the materials received by the RMBS Trustees supporting the claim, sets forth the alleged defect(s) in the loan file, a statement of how the breach entitles the relevant Trustee to a claim, a calculation of the damages claim with documents the RMBS Trustees believe to be relevant, and the date of the discovery of the breach. The RMBS Claims have been submitted on a rolling basis along with a Claim Tracking Spreadsheet in form and substance similar to that attached to Exhibit C of the Protocol.

(iii) **Responses from the Plan Administrator. (Protocol Section III(c)(iii) and Protocol Section IV))** Under the terms of the RMBS Claims Protocol, once a claim is submitted the Plan Administrator has 30 days to review a loan file for completeness. The Plan Administrator has submitted completeness reviews identifying loans that are purported to be missing documents.

As noted, the Plan Administrator responded on August 31, 2015 to the RMBS Claims made by the RMBS Trustees on the initial 50,000 loans reviewed that the RMBS Trustees had submitted as of June 30, 2015. Since June 30, 2015, the RMBS Trustees have submitted RMBS Claims on 14,447 additional loan files.

C. **Servicing File Documents (Protocol Section IV).**

As noted, the RMBS Trustees are pursuing certain servicing information and documents requested by the Plan Administrator as provided in the Protocol Order.

D. **DISCLOSURE TO THIRD PARTIES.** *The RMBS Trustees, with input from their counsel and advisors, are reviewing Covered Loans for breaches of representations and*

7

*warranties. The Plan Administrator has the right to object to any claim submitted by the RMBS Trustees as provided in the RMBS Claims Protocol. While the RMBS Trustees have submitted claims, they make no representation or warranty that the Plan Administrator will agree with the claims or that the claims will ultimately be recoverable against the Estate.*

        Respectfully Submitted,

Dated: September 14, 2015

    U.S. BANK NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS

    BY: /s/ Franklin H. Top III
        ONE OF ITS ATTORNEYS

    LAW DEBENTURE TRUST COMPANY OF NEW YORK, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS

    BY: /s/ M. William Munno
        ONE OF ITS ATTORNEYS

    WILMINGTON TRUST COMPANY AND WILMINGTON TRUST, NATIONAL ASSOCIATION, EACH SOLELY IN ITS CAPACITY AS TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS

    BY: /s/ John C. Weitnauer
        ONE OF ITS ATTORNEYS

    DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS

    BY: Richard C. Pedone
        ONE OF ITS ATTORNEYS

## Exhibit A

Loan Files Reviewed

| Date | Loan Files |
|---|---|
| March 17, 2015 | 2,059 |
| March 27, 2015 | 471 |
| March 30, 2015 | 2,015 |
| March 31, 2015 | 5,765 |
| April 23, 2015 | 1,446 |
| April 30, 2015 | 8,930 |
| May 15, 2015 | 3,414 |
| May 29, 2015 | 12,156 |
| June 17, 2015 | 3,811 |
| June 29, 2015 | 12,307 |
| July 17, 2015 | 4,135 |
| July 31, 2015 | 12,865 |
| August 14, 2015 | 3,023 |
| August 31, 2015 | 13,977 |
| **Total** | **86,374** |