---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT (212) 310-8054.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

**NOTICE OF HEARING ON FIVE HUNDRED NINTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

> **PLEASE TAKE NOTICE** that on September 28, 2015, Lehman Brothers
Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third*
*Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for
certain entities in the above-referenced chapter 11 cases, filed the five hundred ninth omnibus
objection to claims (the "Five Hundred Ninth Objection to Claims"), and that a hearing (the

"Hearing") to consider the Five Hundred Ninth Omnibus Objection to Claims will be held before

the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **November 4, 2015 at 10:00 a.m. (Prevailing Eastern Time)**,

or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred

Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with

the customary practices of the Bankruptcy Court and General Order M-399, to the extent

applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers

of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004,

Room 615; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.

and Melissa Siegel, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S.

Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:

William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **October 28, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

(the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Five Hundred Ninth Omnibus Objection to Claims or any claim set

forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five

Hundred Ninth Omnibus Objection to Claims, which order may be entered with no further notice

or opportunity to be heard offered to any party.

Dated:   September 28, 2015
        New York, New York

                */s/ Jacqueline Marcus*
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                *Attorneys for Lehman Brothers Holdings Inc.*
                *and Certain of Its Affiliates*

WEIL:\95450500\7\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
In re                                                             :        Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :        08-13555 (SCC)
                                                                  :
                                        Debtors.          :        (Jointly Administered)
-------------------------------------------------------------------- x

### PLAN ADMINISTRATOR'S FIVE HUNDRED NINTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS OBJECTION
SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS
OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
MELISSA SIEGEL, AT (212) 310-8054.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced

Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

### Relief Requested

1.      The Plan Administrator files this five hundred ninth omnibus objection to

claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and

expungement of the claims asserted against LB Rose Ranch LLC ("LBRR") that are listed on

Exhibit A annexed hereto (such claims, the "No Liability Claims").

2.      The Plan Administrator has examined each of the No Liability Claims and

has determined that, in each case for the reasons identified more specifically on Exhibit A, the

damages asserted are inflated.  The Plan Administrator, therefore, requests that the No Liability

Claims be disallowed and expunged.

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

**Background**

4.        Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These Chapter 11 Cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.        By order dated July 2, 2009 (the "Bar Date Order"), the Court established

(a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for

the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar

Date Order) against the Debtors in these Chapter 11 Cases.  [ECF No. 4271 at 2, 7–8].  The Bar

Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of

claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined

from asserting such claim against the Debtors (or filing a Proof of Claim with respect

thereto) . . . ." *Id.* at 9–10.

6.        On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections, on various grounds, including those set forth in

Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.        On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").

Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections

to claims filed against the Chapter 11 Estates.

**Legal Standard**

8.        A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

WEIL:\95450500\7\58399.0011

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).

9.    The Plan Administrator has determined that the No Liability Claims are

inflated and include damages for which LBRR is not liable.  Accordingly, the Plan Administrator

requests that the Court disallow and expunge the No Liability Claims.

## Conclusion

10.    The Effective Date has occurred and Distributions under the Plan have

begun.  If the No Liability Claims remain on the claims register, the potential exists for incorrect

recoveries against LBRR to the detriment of other creditors.  Accordingly, the Plan

Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## Reservation of Rights

11.    The Plan Administrator reserves all rights to object on any other bases to

any No Liability Claim as to which the Court does not grant the relief requested herein.

## Notice

12.    No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator has served notice of this Five Hundred Ninth Omnibus Objection to Claims on

(i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

WEIL:\95450500\7\58399.0011

case management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

13.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated:     September 28, 2015
           New York, New York

                                        */s/ Jacqueline Marcus*
                                        Jacqueline Marcus

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys for Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

WEIL:\95450500\7\58399.0011

## EXHIBIT A

WEIL:\95450500\7\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

### OMNIBUS OBJECTION 509: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|------------------------------|--------------------------|----------------------------------|
| 1 | IRONBRIDGE ASPEN COLLECTION, LLC | 09-10560 (SCC) | LB Rose Ranch LLC | 09/22/2009 | 30849 | $388,841.00 * | $388,841.00* | Claim No. 30849 asserts alleged damages under the Affordable Homes Agreement, entered into between LBRR and Claimant (as successor in interest).  The damages asserted in the Claim are inflated and the Claim should be disallowed and expunged for several reasons.  First, Claimant failed to comply with the express requirements of the aforementioned agreement and engaged in unauthorized work.  Second, in contravention of the Affordable Homes Agreement, Claimant constructed homes outside of the required budget without obtaining LBRR's prior written consent.  Further, Claimant did not complete the construction of the homes and LBRR had to retain another developer to complete the project.  To the extent any amounts asserted in the Claim are for work not performed by Claimant, such amounts must be disallowed.  Third, Claimant has asserted duplicative claims relating to the Affordable Homes Agreement in connection with proofs of claim numbered 66154 and 30848 and should not be permitted to obtain a double recovery.  Accordingly, any duplicative claims should be disallowed.  Fourth, the Claim should be disallowed pursuant to section 502(d) of the Bankruptcy Code, as a result of LBRR's preference claim asserted against the Claimant.  LBRR further reserves its right to assert setoff rights or counterclaims. |

* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

### OMNIBUS OBJECTION 509: EXHIBIT A - NO LIABILITY CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 2   IRONBRIDGE HOMES, LLC | 09-10560 (SCC) | LB Rose Ranch LLC | 01/22/2010 | 66154 | $3,555,373.00 | $3,555,373.00 | Claim No. 66154 asserts alleged damages under both the Affordable Homes Agreement and the Purchase and Sale Agreement, in both instances entered into between LBRR and Claimant (as successor in interest).  The damages asserted in the Claim are inflated and the Claim should be disallowed and expunged for several reasons.  First, Claimant failed to comply with the express requirements of the aforementioned agreements and engaged in unauthorized work.  Second, in contravention of the Affordable Homes Agreement, Claimant constructed homes outside of the required budget without obtaining LBRR's prior written consent.  Further, Claimant did not complete the construction of the homes and LBRR had to retain another developer to complete the project.  To the extent any amounts asserted in the Claim are for work not performed by Claimant, such amounts must be disallowed.  Third, LBRR has no liability for any alleged claim for rejection damages under either agreement given Claimants' material breaches with respect thereto.  Fourth, Claimant has asserted duplicative claims relating to the Affordable Homes Agreement in connection with proofs of claim numbered 30849 and 30848 and should not be permitted to obtain a double recovery.  Accordingly, any duplicative claims should be disallowed.   LBRR further reserves its right to assert setoff rights or counterclaims. |

## OMNIBUS OBJECTION 509: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 3 | IRONBRIDGE MOUNTAIN COTTAGES, LLC | 09-10560 (SCC) | LB Rose Ranch LLC | 09/22/2009 | 30848 | $63,670.00 * | $63,670.00* | Claim No. 30848 alleged damages under the Affordable Homes Agreement, entered into between LBRR and Claimant (as successor in interest). The damages asserted in the Claim are inflated and the Claim should be disallowed and expunged for several reasons. First, Claimant failed to comply with the express requirements of the aforementioned agreement and engaged in unauthorized work. Second, in contravention of the Affordable Homes Agreement, Claimant constructed homes outside of the required budget without obtaining LBRR's prior written consent. Further, Claimant did not complete the construction of the homes and LBRR had to retain another developer to complete the project. To the extent any amounts asserted in the Claim are for work not performed by Claimant, such amounts must be disallowed. Third, Claimant has asserted duplicative claims relating to the Affordable Homes Agreement in connection with proofs of claim numbered 66154 and 30849 and should not be permitted to obtain a double recovery. Accordingly, any duplicative claims should be disallowed. LBRR further reserves its right to assert setoff rights or counterclaims. |
| 4 | IRONBRIDGE PROPERTY OWNERS ASSOCIATION | 09-10560 (SCC) | LB Rose Ranch LLC | 09/22/2009 | 31569 | Undetermined | Undetermined | LBRR has substantially performed its obligations under the operative agreements. To the extent damages remain, the claimant has provided insufficient documentation to establish damages. |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

In re                                                        :        Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :        08-13555 (SCC)
                                                             :
                        Debtors.                     :        (Jointly Administered)

--------------------------------------------------------------------- x

### ORDER GRANTING THE FIVE HUNDRED NINTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred ninth omnibus objection to claims, dated September 28,

2015 (the "Five Hundred Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced

chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability claims, all as more fully described in the Five Hundred

Ninth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Ninth

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Five Hundred Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Five Hundred Ninth Omnibus Objection to Claims.

the Five Hundred Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Five Hundred Ninth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2