Hearing Date and Time: November 4, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: October 28, 2015 at 4:00 p.m. (prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT (212) 310-8810.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------- x

### NOTICE OF HEARING ON FIVE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS (DISPUTED VALUATION CLAIMS)

**PLEASE TAKE NOTICE** that on September 29, 2015, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases, filed the five hundred tenth omnibus objection to claims (the "Five Hundred Tenth Omnibus Objection to Claims"), and that

a hearing (the "Hearing") to consider the Five Hundred Tenth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 4, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Tenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be filed and received by no later than **October 28, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Tenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Tenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  September 29, 2015
        New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

WEIL:\95472495\5\58399.0011

Hearing Date and Time: November 4, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: October 28, 2015 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :   08-13555 (SCC)
                                                   :
                        Debtors.                   :   (Jointly Administered)
------------------------------------------------------------------ x
```

# PLAN ADMINISTRATOR'S FIVE HUNDRED TENTH
# OMNIBUS OBJECTION TO CLAIMS (DISPUTED VALUATION CLAIMS)

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT (212) 310-8810.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

        1.    The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664] (the "Procedures Order"), seeking to either reduce and allow or otherwise expunge the claims listed on Exhibit A and Exhibit B annexed hereto.

        2.    The claims on Exhibit A and Exhibit B were filed by DEKA International S.A., or International Fund Management S.A. (collectively, "Deka" and the claims on Exhibit A and Exhibit B collectively, the "Deka Claims"). The Deka Claims assert, in the aggregate, more than $81 million based on LBHI's purported guarantee of the obligations of Lehman Brothers (Luxembourg) S.A. ("Lehman Luxembourg"), an affiliate of LBHI that is not a Debtor in these chapter 11 cases and that is subject to a separate liquidation proceeding in Luxembourg. Each Deka Claim relates to a separate securities lending transaction (each a "Transaction") entered into under a master securities lending agreement (the "Agreement"). Lehman Luxembourg borrowed securities under the Agreement and posted collateral to Deka in connection therewith. Certain of the Deka Claims, specifically, claim numbers 19989 and 19992 listed on Exhibit A annexed hereto (the "No Liability Claims"), incorrectly assert claims against LBHI with respect

5

to Transactions under which Lehman Luxembourg is actually a net creditor of Deka.  Certain other of the Deka Claims, specifically claim numbers 19985, 19990, and 19991 listed on <u>Exhibit B</u> annexed hereto (the "<u>Reduce and Allow Claims</u>"), were filed in amounts that fail to account for collateral posted by Lehman Luxembourg to Deka.  The Plan Administrator, therefore, requests that the No Liability Claims reflected on <u>Exhibit A</u> be disallowed and expunged and the Reduce and Allowed Claims be reduced and allowed in the amounts reflected on <u>Exhibit B</u> in the column entitled "<u>Modified Amount</u>."

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

## Background

4. Commencing on September 15, 2008 (the "<u>Petition Date</u>"), and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "<u>Effective Date</u>").  Pursuant to the

6

Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The No Liability Claims Should be Disallowed and Expunged

7.      Each of the No Liability Claims incorrectly asserts a claim against LBHI with respect to a Transaction under which Lehman Luxembourg is actually a net creditor of the relevant Deka entity.  Accordingly, LBHI has no liability to Deka in respect of any purported guarantee of Lehman Luxembourg's obligations under the Transactions.  The No Liability Claims should therefore be expunged.

8.      If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at * 15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.      The Plan Administrator undertook a thorough review of each of the No Liability Claims and determined that the No Liability Claims were improperly asserted against LBHI because Deka actually owed money to Lehman Luxembourg on account of each of the Transactions underlying the No Liability Claims.  Specifically, each No Liability Claim incorrectly asserts a gross amount owing under the Agreement and fails to net and reduce the gross amount by the amount of collateral posted by Lehman Luxembourg.  According to Deka's

7

own calculations in its settlement with Lehman Luxembourg, Lehman Luxembourg is a net creditor under each Transaction that underlies the No Liability Claims.[1]

10. Deka and Lehman Luxembourg engaged in settlement negotiations concerning Deka's primary claims against Lehman Luxembourg. As a result of those negotiations, Deka and Lehman Luxembourg entered into a settlement agreement (the "Settlement") on February 23, 2015. A copy of the Settlement is attached as Exhibit A to the Declaration of Martin Potts. (the "Declaration") filed concurrently herewith. Pursuant to the Settlement, Deka agreed that it owed Lehman Luxembourg money on account of, among other things, the primary claims that correspond to the Deka No Liability Claims, as a result of Lehman Luxembourg's right to setoff collateral posted by Lehman Luxembourg. The Settlement was admitted to the court in Luxembourg on April 22, 2015,[2] and on June 18, 2015, the Luxembourg court confirmed that no creditors had objected to the Settlement.[3] The Settlement is now effective, and indeed, Deka has already paid Lehman Luxembourg the amounts owed to Lehman Luxembourg on account of the Transactions underlying the No Liability Claims. Accordingly, the Plan Administrator requests that the No Liability Claims be disallowed and expunged in their entirety.

**The Reduce and Allow Claims Should be Allowed in Reduced Amounts**

11. Each of the Reduce and Allow Claims improperly asserts a guarantee claim against LBHI for amounts that Deka has conceded are not owed by Lehman Luxembourg. Accordingly, the Reduce and Allow Claims fail to accurately value the Reduce and Allow

---

[1] The Court recently entered the *Order Granting the Four Hundred Fifty-Fifth Omnibus Objection to Claims (No Liability Claims)* [ECF No. 50913], which disallowed and expunged four similarly situated claims also filed by Deka.

[2] *See* Declaration Exhibit B.

[3] *See* Declaration Exhibit C.

8

Claims as of the Petition Date. The amounts listed on <u>Exhibit B</u> under the column heading "<u>Modified Amount</u>" represent the fair and accurate amounts of the claims after netting out collateral posted by Lehman Luxembourg to Deka, and do not include any amount on account of interest that accrued after the Petition Date.

12. Claims against LBHI are required to be determined as of the Petition Date. 11 U.S.C. § 502(b). It is a black letter principal of bankruptcy law that interest on claims against a debtor ceases accruing on the petition date. Interest on claims against LBHI stopped accruing on September 15, 2008. 11 U.S.C. §502(b) ("[t]he court . . . shall allow such claim in such amount, except to the extent that . . . such claim is for unmatured interest"); *see also In re Oakwood Homes Corp.*, 449 F.3d 588, 600 (3rd Cir. 2006) ("Section 502(b) . . . contains two principles of present law. First, interest stops accruing at the date of the filing of the petition, because any claim for unmatured interest is disallowed under this paragraph. Second, bankruptcy operates as the acceleration of the principal amount of all claims against the debtor.") A claim that arises from the guarantee of obligations is treated no differently under section 502 of the Bankruptcy Code than a direct claim would be treated. *See In re Oakwood Homes*, 449 F.3d at 594 ("We do not accept [the] argument that simply because the claims technically arise from the Guarantee, we should not treat them like normal claims based on an instrument obligating the payor to make periodic distributions of principal and interest.").

### Reservation of Rights

13. LBHI reserves all rights to object on any other basis to any No Liability Claim or Reduce and Allow Claim as to which the relief requested herein is not granted.

WEIL:\95472495\5\58399.0011

**Notice**

14. No trustee has been appointed in the Chapter 11 Cases. Notice of this Five Hundred Tenth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Deka; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9625]. The Plan Administrator submits that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 29, 2015
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

# **EXHIBIT A**

WEIL:\95472495\5\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
**OMNIBUS OBJECTION 510: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | DEKA INTERNATIONAL S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 19989 | $1,925,389.48 * | $1,925,389.48* | No Liability |
| 2 | DEKA INTERNATIONAL S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 19992 | $1,482,336.82 * | $1,482,336.82* | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT B**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**
**OMNIBUS OBJECTION 510: EXHIBIT B - REDUCE AND ALLOW**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | DEKA INTERNATIONAL S.A. | 19985 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $57,938,709.69 | | $57,938,709.69 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$47,806,703.20** | | **$47,806,703.20** |
| 2 | DEKA INTERNATIONAL S.A. | 19990 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $17,916,568.37 | | $17,916,568.37 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$6,597,314.77** | | **$6,597,314.77** |
| 3 | INTERNATIONAL FUND MANAGEMENT S.A. | 19991 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $1,766,810.81 | | $1,766,810.81 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$280,991.22** | | **$280,991.22** |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $77,622,088.87 | $0.00 | $77,622,088.87 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 77,622,088.87 | 0.00 | 77,622,088.87 |
| | | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$54,685,009.19** | **$0.00** | **$54,685,009.19** |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :    08-13555 (SCC)
                                                                   :
                    Debtors.                                       :    (Jointly Administered)
------------------------------------------------------------------ x

# ORDER GRANTING THE FIVE HUNDRED TENTH
# OMNIBUS OBJECTION TO CLAIMS (DEKA CLAIMS)

Upon the five hundred tenth omnibus objection to claims, dated September 29, 2015 (the "Five Hundred Tenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to either reduce and allow or expunge the claims listed on Exhibit 1 and Exhibit 2 annexed hereto, all as more fully described in the Five Hundred Tenth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Tenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Tenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Five Hundred Tenth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Tenth Omnibus Objection to Claims.

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Five Hundred Tenth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that, each claim listed on Exhibit 2 annexed hereto is reduced and allowed in the amount set forth on Exhibit 2 under the column heading "Modified Amount" and any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A or Exhibit B annexed to the Five Hundred Tenth Omnibus Objection to Claims that is not listed on Exhibit 1 or Exhibit 2 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                  UNITED STATES BANKRUPTCY JUDGE