B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.   Case No. 08-13555 (JMP)
(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| FCI Holdings I Ltd | Drawbridge Special Opportunities Fund LP |
|---|---|
| Name of Transferor | Name of Transferee |

Name and Address where notices to transferor should be sent:

FCI Holdings I Ltd
c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 23rd Floor
New York, NY 10105
Attn: David Sharpe
Phone: (212) 479-7072
Fax: (646) 224-6716
Email: CreditOperations@fortress.com

Name and Address where transferor payments should be sent (if different from above): N/A

Court Claim # (if known): 26923
Total Amount of Claim as Filed: $218,134.00
Total Allowed Amount of Claim: $52,726.57
Allowed Amount of Claim to be Transferred: $52,726.57

Date Claim Filed: 9/22/2009
Debtor: Lehman Brothers Special Financing Inc.

Name and Address of Transferee:

Drawbridge Special Opportunities Fund LP
c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 23rd Floor
New York, NY 10105
Attn: David Sharpe
Phone: (212) 479-7072
Fax: (646) 224-6716
Email: CreditOperations@fortress.com

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**DRAWBRIDGE SPECIAL OPPORTUNITIES FUND LP**
By: Drawbridge Special Opportunities GP LLC, its
general partner

By: _____    Date: 9/30/15
Name of Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

**CONSTANTINE M. DAKOLIAS**
**PRESIDENT**

Exhibit A

Evidence of Transfer from Transferor to Transferee

Evidence of Transfer of LBSF Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Special Financing Inc.,    Case No. 08-13888

**EVIDENCE OF TRANSFER OF CLAIM**

**FCI Holdings I Ltd** ("Seller") and **Drawbridge Special Opportunities Fund LP** ("Buyer") hereby agree and acknowledge that Seller has unconditionally and irrevocably sold, transferred and assigned to Buyer all of Seller's rights, title and interest in and to Seller's claim (which was assigned proof of claim number 26923) in the allowed amount of $52,726.57 (the "Claim") against Lehman Brothers Special Financing Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Special Financing Inc., Case No. 08-13888.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated the 30th day of September, 2015.

SELLER:

**FCI Holdings I Ltd**

By _____
Name:
Title: MARC K. FURSTEIN
       DIRECTOR

BUYER:

**Drawbridge Special Opportunities Fund LP**
By: Drawbridge Special Opportunities GP LLC, its general partner

By _____
Name: CONSTANTINE M. DAKOLIAS
Title: PRESIDENT

Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | | **PROOF OF CLAIM** | |
|---|---|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000026923 | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 | | | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

FCI Holdings I Ltd.
c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
212-798-6100
Attention: James K. Noble III
Email: rnoble@fortress.com

Telephone number: See Above    Email Address: See Above

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ no less than $218,134 plus interest and expenses
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See addendum
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   Amount entitled to priority:
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

See addendum

| Date:<br>9-22-09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. FCI Holdings I LTD<br><br>Marc Furstein<br>Director |
|---|---|

FOR COURT USE ONLY

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                               :   Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   Case No. 08-13555 (JMP)
                                                    :
                    Debtors.                        :   (Jointly Administered)
                                                    :
-------------------------------------------------------------------x

### ADDENDUM TO PROOF OF CLAIM OF
### FCI HOLDINGS I LTD.

FCI Holdings I Ltd. (the "Claimant") hereby asserts claims (the "Claims") against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI"), each a debtor and debtor-in-possession in the above-captioned bankruptcy cases, as set forth in the attached official proof of claim form, this addendum and the Questionnaire (as defined below) to be submitted in connection therewith (collectively, the "Proof of Claim").

**Background**

1.  The Claimant and LBSF entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border), dated as of January 22, 2007, as amended and supplemented from time to time by and between LBSF and the Claimant (together with any Schedules thereto and Confirmations thereunder, the "Agreement").[1]

2.  The Agreement governed various Transactions entered into between LBSF and the Claimant.

---

[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Agreement.

1

3. LBHI served as "Credit Support Provider" to LBSF under the Agreement and executed a guarantee, dated as of May 8, 2007 (the "Transaction Guarantee"), in which LBHI, as guarantor, unconditionally guaranteed the obligations of LBSF in connection with the Transactions. In addition, LBHI, acting through the Executive Committee of its Board of Directors, guaranteed all obligations of LBSF, evidenced by, *inter alia*, that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated as of June 9, 2005 (the "Resolution Guarantee," and together with the Transaction Guarantee, the "Guarantee"). The Guarantee is further evidenced by the inclusion of LBSF on the "Corporate Guarantee" portion of LBHI's Schedule F. *See Amended Schedules of Assets and Liabilities for Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. filed June 15, 2009) [Dkt. No. 3918].

4. On September 15, 2008 (the "LBHI Petition Date"), LBHI and certain of its affiliates filed voluntary petitions under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). LBHI's bankruptcy filing, *inter alia*, constituted an "Event of Default" under Section 5(a)(vii)(4) of the Agreement. The Claimant is the Non-Defaulting Party as defined in Section 6(a) of the Agreement.

5. On September 15, 2008, the Claimant properly delivered a notice (the "Termination Notice") designating September 15, 2008 as the "Early Termination Date" with respect to all Transactions under the Agreement.

6. Following such termination of the Transactions, the Claimant sought payment of the Claims from LBSF under the Agreement. On April 1, 2009, pursuant to Section 6(d) of the Agreement, the Claimant properly delivered a statement of calculations setting forth the amounts owed to the Claimant. To the extent that the Guarantee requires that a written demand be made

2

on LBHI of LBSF's failure to timely pay amounts due under the Agreement, this Proof of Claim shall (a) constitute such demand and (b) be served on LBHI.

7. On October 3, 2008 (together with the LBHI Petition Date, the "Petition Date"), LBSF and certain other affiliates of LBHI filed voluntary petitions under chapter 11 of the Bankruptcy Code.

8. The bankruptcy cases of LBHI, LBSF and their affiliated debtors and debtors-in-possession (collectively, the "Debtors") are jointly administered for procedural purposes under *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

9. Copies of all relevant supporting documentation and information supporting the amount claimed herein, as well as the relevant derivative questionnaire(s) and/or guarantee questionnaire(s) (the "Questionnaire"), will be filed in electronic form on or before October 22, 2009 as required by the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order").

**The Claims**

10. The Claimant asserts its Claims against LBSF and LBHI, in an amount not less than $218,134, plus default interest and all out-of-pocket expenses and costs incurred by the Claimant in connection with enforcing and protecting its rights under the Agreement.

11. Except as otherwise set forth in this Proof of Claim, the Claims are filed as general unsecured claims without prejudice to any and all rights of the Claimant to assert that the Claims, or any portion thereof, are secured or entitled to administrative expense priority under Bankruptcy Code Sections 503 and/or 507.

12. Upon information and belief, no judgment has been rendered on the Claims.

13. The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim.

14. Upon information and belief, no portion of the Claims is subject to any setoffs, defenses or counterclaims by LBSF or LBHI, except as otherwise described herein.

**Reservations of Rights**

15. The Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

16. By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Claims or any claim that may be asserted against the Claimant by the Debtors, their estates, any successor to the Debtors, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Claimant or any right of the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant has or might have against the Debtors, their estates, any successor to the Debtors, or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly

reserves) any and all other rights that the Claimant may have pursuant to applicable law or agreement.

17. Nothing contained in this Proof of Claim shall be deemed an admission by the Claimant. The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had never been filed.

HAND DELIVERY

RECEIVED BY: [signature]

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

DATE

11:50 AM
TIME