# Exhibit A

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 2 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 1 of 15

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
In re:                                                                                                  : Chapter 11
                                                                                                          : Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.,*            :
                                                                                                          :
                   Debtors.                                                          :
------------------------------------------------------------------------X
LEHMAN BROTHERS HOLDINGS INC. and             :
OFFICIAL COMMITTEE OF UNSECURED                  :
CREDITORS OF LEHMAN BROTHERS HOLDINGS   :
INC., *et al.,*                                                                             :
                   Plaintiff and                                                 :
                   Plaintiff Intervenor                                      :
                                                                                                          :
   -against-                                                                          :
                                                                                                          : Adversary Proceeding
                                                                                                          :
JPMORGAN CHASE BANK, N.A.,                                      : No.: 10-03266 (JMP)
                                                                                                          :
                   Defendant.                                                    :
------------------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Lehman Brothers Holdings Inc. ("LBHI"), (b) the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee" and, together with LBHI, the "Plaintiffs") and (c) JPMorgan Chase Bank, N.A. ("JPMorgan" and, together with LBHI and the Committee, the "Parties" and each a "Party").

WHEREAS, on September 15, 2008 LBHI commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code as amended in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court");

03690.61377/3641565.1

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 3 of 16
10-03266-jmp    Doc 16    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
       Pg 2 of 15

WHEREAS, on May 26, 2010, LBHI and the Committee filed an adversary proceeding against JPMorgan, No. 10-03266 (JMP) (the "Litigation");

WHEREAS, the Parties have served or will serve each other and third parties with document requests and subpoenas seeking information related to the Litigation (all documents and information provided pursuant to such requests the "Discovery Materials");

WHEREAS, the Parties have agreed that certain Discovery Materials be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026, and Federal Rule of Civil Procedure 26 incorporated therein, to protect the confidentiality of sensitive information; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms;

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.  Confidential Information.  Any Party or third party producing documents (the "Producing Party") to any Party (the "Receiving Party") pursuant to a document request or subpoena may designate as "Confidential" that portion of the Discovery Materials that it in good faith believes meets any of the criteria below, provided that Confidential information shall not include: information that is publicly available in substantially the same form in which it was provided; information that was, is or becomes public knowledge, not in violation of this Protective Order; information that is voluntarily de-designated by the Producing Party; information rightfully acquired from an independent source without restrictions as to use; or information that is at any time

03690.61377/3641565.1                                2

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 4 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 3 of 15

independently developed by a Party without use of or reliance upon any Discovery Materials.  Subject to these conditions and limitations, any Producing Party may designate as "Confidential" any information that the Producing Party reasonably believes in good faith contains or constitutes non-public personal, confidential or commercially sensitive information that requires the protections provided in this Stipulation, including, but not limited to, non-public information about employee compensation, tax data, or personal financial information; information constituting confidential research or business development; information kept confidential pursuant to law or regulation; information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual; or financial, technical, or commercial information (all information designated as such, including the document itself as well as the information therein, the "Confidential Discovery Material").

        2.      <u>Highly Confidential Information</u>.  Any Producing Party may designate as "Highly Confidential" that portion of the Discovery Materials that it in good faith believes meets any of the criteria below, provided that "Highly Confidential" information shall not include:  information that is publicly available in substantially the same form in which it was provided; information that was, is or becomes public knowledge, not in violation of this Protective Order; information that is voluntarily de-designated by the Producing Party; information rightfully acquired from an independent source without restrictions as to use; or information that is at any time independently developed by a Party without use of or reliance upon any Discovery Materials.  Subject to these conditions and limitations, any Producing Party may designate as "Highly Confidential" any information that the Producing Party reasonably believes in good faith contains or

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 5 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 4 of 15

constitutes (a) non-public proprietary information about a Party, (b) non-public proprietary information about clients or customers of the Producing Party, other than information about Lehman Brothers Holding Inc. and its parents, subsidiaries and affiliates or JPMorgan Chase Bank, N.A. and its parents, subsidiaries and affiliates, including the banking activity of such clients or customers, (c) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, or any other or similar state or federal law regarding the protection of private customer information, and (d) any trade secret (all information designated as such, including the document itself as well as the information therein, the "<u>Highly Confidential Discovery Material</u>").

3.   <u>Designation of Documents</u>.   A Producing Party may designate Discovery Materials as Confidential Discovery Material by applying the legend "Confidential" to each page containing any Confidential Discovery Material. A Producing Party may designate Discovery Materials as Highly Confidential Discovery Material by applying the legend "Highly Confidential" to each page containing any Highly Confidential Discovery Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Materials. The failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced in

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 6 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 5 of 15

accordance with paragraph 9, with the effect that such document is subject thereafter to the protections of this Stipulation.

4. <u>Treatment of Highly Confidential Information</u>.  Any information designated as "Highly Confidential Discovery Material" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation.  Provided that disclosure is not otherwise prohibited by this Stipulation, and that prior to receipt a Non-Disclosure Declaration in the form annexed as an Exhibit hereto is executed by the Receiving Party, Highly Confidential Discovery Material shall only be disclosed to (a) current employees, officers, or directors of the Party designating the information as Highly Confidential Discovery Material; (b) former employees, officers or directors of the Party designating the information as Highly Confidential Discovery Material, provided that counsel has a good-faith basis for believing that such former employees, officers or directors had access to or knowledge of the Highly Confidential Discovery Material when they were current employees of the designating Party, and provided that counsel ascertain as soon as practicable whether such former employees, officers or directors had such access, and provided that upon the first indication that such former employees, officers or directors did not have such access, counsel must immediately refrain from any further disclosure to such former employees, officers or directors; (c) counsel for the Parties to the Litigation, in-house counsel of a Party, in-house counsel of a Committee member, outside counsel of record who has appeared in the Litigation on behalf of a Party, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with the

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 7 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 8 of 15

Litigation, but only to the extent that it is reasonably necessary to share Highly Confidential Discovery Material with counsel; (d) outside counsel designated to represent each Committee member on the Committee; (e) litigation support services, including outside copying services; (f) persons expected to be deponents, trial witnesses and hearing witnesses in the Litigation and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Discovery Material, and provided that counsel ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses; (g) any person identified as an author of a document, or any person to whom a copy of such document was sent prior to its production in the Litigation; (h) court officials involved in the Litigation; (i) court reporting personnel involved in taking or transcribing testimony in the Litigation; (j) any mediator or arbitrator engaged by the Parties to the Litigation, or appointed by the Court; and (k) outside consultants, financial advisors or experts retained for the purpose of assisting outside counsel of record who has appeared in the Litigation on behalf of a Party in the Litigation, including but not limited to Alvarez & Marsal, Houlihan Lokey, and FTI Consulting in their capacity as financial advisors to LBHI and the Committee, provided that they comply with the requirements of paragraph 12. Notwithstanding anything in the foregoing, draft or final pleadings that cite to or quote Highly Confidential Discovery Material (but not any attachments thereto designated as "Highly Confidential") may be shared with one non-attorney representative from each Committee Member who represents that member in Committee matters and agrees to

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 8 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 7 of 15

keep such pleadings confidential and not to share the pleadings with any other non-attorney in their organization, but only to the extent that sharing such draft or final pleadings that cite to or quote Highly Confidential Discovery Material is necessary to render advice to the Committee in the Litigation.

5.   Treatment of Confidential Information.  Any information designated as "Confidential Discovery Material" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation. Provided that disclosure is not otherwise prohibited by this Stipulation, Confidential Discovery Material shall only be disclosed to (a) Parties or persons to whom Highly Confidential Discovery Material may be disclosed as set forth in paragraph 4; (b) current and former employees, officers, or directors of the Parties, any party that joins or is joined to the Litigation that has satisfied the requirements of paragraph 13, provided that disclosure is reasonably necessary to the Litigation; and (c) persons expected to be deponents, trial witnesses, and hearing witnesses in the Litigation and counsel to such persons.

6.   Permitted Purposes.  All Discovery Materials disclosed in this Litigation (except such materials publicly available in substantially the same form), whether or not containing Confidential or Highly Confidential Discovery Materials, shall be used solely in connection with this Litigation (including appeals, retrials, counterclaims or crossclaims) and any investigations of, proceedings arising out of, or defenses of (or preparation of potential defenses of) any claims objections asserted by LBHI or its parents, subsidiaries or affiliates to any claims filed by JPMorgan or its parents,

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
10-03266-jmp    Doc 16    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 9 of 16
                                    Pg 8 of 15

subsidiaries or affiliates or any claims that JPMorgan or its parents, subsidiaries or affiliates may have against a Party or its parents, subsidiaries, affiliates, officers, directors or agents, in connection with the Lehman bankruptcy, and not in connection with any other litigation, judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.  Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential or Highly Confidential Discovery Material, and any electronic image or database containing Confidential or Highly Confidential Discovery Material shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image or database is derived.  No Confidential or Highly Confidential Discovery Material shall be used for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

7. <u>Court Filings</u>.  No Confidential or Highly Confidential Discovery Material shall be filed in the public record absent the consent of the Producing Party or an order of the Court so permitting.  In the event that a Receiving Party wants to file with the Court any Confidential or Highly Confidential Discovery Material and the Producing Party does not consent to such material being filed in the public record, the Receiving Party shall make an application to the Court, on no less than ten (10) business days' notice to the Producing Party, for (i) leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal, or (ii) a determination that such material should not be treated confidentially.

8. <u>Compelled Disclosure</u>.  Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 10 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
        Pg 9 of 15

investigative demand, or other similar legal or investigative process) to disclose any of the Confidential or Highly Confidential Discovery Material, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential or Highly Confidential Discovery Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Confidential or Highly Confidential Discovery Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Confidential or Highly Confidential Discovery Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly Confidential Discovery Material by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances.  In no event will a Receiving Party oppose action by a Producing Party to obtain a protective order or other relief to prevent the disclosure of the Confidential or Highly Confidential Discovery Material or to obtain reliable assurance that confidential treatment will be afforded the Confidential or Highly Confidential Discovery Material.

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 11 of 16
10-03266-jmp    Doc 16-15    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 10 of 15

9. <u>No Waiver</u>.  Neither this Stipulation nor disclosure of any Confidential or Highly Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery Material other than the right to use such Confidential or Highly Confidential Discovery Material solely in accordance with this Stipulation.  It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege pursuant to this Stipulation.  If at any time a Producing Party determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as "Confidential" or "Highly Confidential," the Producing Party may apprise the Parties in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential or Highly Confidential Discovery Materials under the terms of this Stipulation, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "Confidential" or "Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall promptly return to the Producing Party the copies of such substituted Discovery Materials.  Entry into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

03690.61377/3641565.1                                  10

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 12 of 16
10-03266-jmp    Doc 16    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 11 of 15

10. <u>Objections to Designation</u>.  In the event a Receiving Party objects to any designation of testimony or Discovery Materials as "Confidential" or "Highly Confidential," the Receiving Party shall so inform the Producing Party, stating the grounds of the objection, and they shall have seven (7) business days to attempt to resolve the objection, at the end of which the Receiving Party may seek a ruling from the Court, on no less than ten (10) business days' notice to the Producing Party, that such information should not be treated as Confidential or Highly Confidential Discovery Material, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record prior to such a determination by the Court, and provided further that the burden shall be on the Producing Party to justify the claim that disputed material has been properly designated.  Notwithstanding a Producing Party's designation of Discovery Materials as "Confidential" or "Highly Confidential," nothing in this Stipulation shall limit any third party's right to challenge such designation in the Court or any other court of competent jurisdiction.

11. <u>Use in Depositions</u>.  If Confidential or Highly Confidential Discovery Materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for one of the Parties (or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential Discovery Material, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 13 of 16
10-03266-jmp    Doc 16-15    Filed 09/01/10    Entered 09/01/10 17:16:22    Main Document
Pg 12 of 15

12. <u>Use by any Professional Firm or Individual Retained in Connection with the Litigation</u>. Counsel for the Party retaining any professional firm or individual in connection with the Litigation, including outside consultants, financial advisors or experts (collectively, the "<u>Permitted Recipients</u>," and each a "<u>Permitted Recipient</u>"), shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.

13. <u>Additional Parties</u>. In the event an additional party joins or is joined in the Litigation, it shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party has itself, or by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

14. <u>Rule 2004 Discovery</u>. Documents produced by JPMorgan to LBHI and/or the Committee pursuant to Rule 2004 are deemed to have been produced in this Litigation and may be used in accordance with the terms of this Stipulation. This Stipulation supersedes any and all previous agreements governing the confidentiality and use of documents produced by JPMorgan pursuant to Rule 2004.

15. <u>Third Party Beneficiaries</u>. Third parties (including but not limited to the members of the Committee) that produce documents pursuant to a subpoena or otherwise respond to discovery requests in the Litigation are intended third-party beneficiaries of this Stipulation and have the right to enforce the terms of this Stipulation, as necessary to,

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 14 of 16
10-03266-jmp    Doc 16-5    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 13 of 15

*inter alia*, protect the confidentiality of the Confidential or Highly Confidential Discovery Materials they produce.

16.     <u>Enforcement Pending Entry</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.  The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

17.     <u>Disposition of Confidential and Highly Confidential Discovery Material</u>.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving all Litigations among the Parties' hereto arising out of or relating to the Bankruptcy, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties.  Documents that have been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files.  This paragraph 15 applies to Confidential or Highly Confidential Discovery Material only, and does not require that counsel for the Parties destroy work product or correspondence.

03690.61377/3641565.1                        13

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 15 of 16
10-03266-jmp    Doc 16    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 14 of 15

Dated: August 19, 2010
New York, New York

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | WACHTELL, LIPTON, ROSEN & KATZ |
| By: /s/ Erica P. Taggart_____ | By: /s/ Ian Boczko_____ |
| Name: Erica P. Taggart<br>Title: Partner<br>*Counsel for the Official Committee of Unsecured Creditors* | Name: Ian Boczko<br>Title: Partner<br>*Counsel for JPMorgan Chase Bank, N.A.* |

CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP

By:   /s/ Michael Moscato_____

Name: Michael Moscato
Title: Partner
*Counsel for Lehman Brothers Holdings, Inc.*

**SO ORDERED:**

Dated: New York, New York
         September 1, 2010

                                              *s/ James M. Peck*
                                         UNITED STATES BANKRUPTCY JUDGE

03690.61377/3641565.1                          14

08-13555-mg    Doc 51157-2    Filed 10/13/15    Entered 10/13/15 12:10:41    Exhibit A to
Proposed Supplemental Confidentiality Stipulation and Protective Or    Pg 16 of 16
10-03266-jmp    Doc 16-1    Filed 09/01/10    Entered 09/01/10 17:16:12    Main Document
Pg 15 of 15

EXHIBIT

NON-DISCLOSURE DECLARATION

I, _____, declare under penalty of perjury, the following:

I reside at _____ in the City/ County of _____ and State of _____;

I have read the annexed Confidentiality Stipulation and Protective Order Between the LBHI, the Committee and JPMorgan, dated _____, 2010, in the matter entitled *Lehman Brothers Holdings Inc., and Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adversary Proceeding No. 10-03266 (JMP) which is pending in the United States Bankruptcy Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this Litigation (as defined in the Protective Order), any information designated as "Confidential" or "Highly Confidential."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

03690.61377/3641565.1            15