# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.    Case No. 08-13555 (JMP)
                                          Court ID (Court Use Only) _____

## NOTICE OF PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee: | Name of Transferor: |
|---|---|
| CRS Master Fund, L.P. | Tavira Securities Limited |
| Notices to Transferee should be sent to:<br>CRS Master Fund, L.P.<br>399 Park Avenue, 39th Floor<br>New York, New York 10022<br>212.380.5822<br>Attn: Svet Nikov<br>Email: snikov@cyruscapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor:<br>Tavira Securities Limited<br>88 Wood Street<br>London EC2V 7DA<br>England<br>Attn: Lisa Wheeler<br>Phone: + +44 203 642 2792 |
| Claim Amounts Transferred:<br>Claim 44585 - $34,792.63 Allowed Amount<br>Claim 44586 - $141,910.57 Allowed Amount<br>Claim 44605 - $213,561.98 Allowed Amount<br>Claim 56031 - $1,301,884.14 Allowed Amount<br>Claim 58649 - $19,949.88 Allowed Amount | *Note: This is a partial transfer of multiple claims.* |
| Court Claim Nos.:<br>*See above and attached Evidence of Transfer* | |
| Date Claims Filed:<br>On or before November 2, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.
CRS Master Fund, L.P.
By: Cyrus Capital Partners, L.P., its investment manager

By: _____    Date: _____
    Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*
As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

A/75522048.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Tavira Securities Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CRS Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **allowed claim amount** specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Numbers **44585, 44586, 44605, 56031, 58649** filed by or on behalf of **Seller's predecessors in interest** (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessors in interest acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claims, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any predecessors in interest against any predecessors in interest respect of the Purchased Claims; (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proof of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) to the extent received from Seller's predecessors in interest, Seller has provided to Purchaser true, correct and complete copies of the Notice of Proposed Allowed Claim Amounts ("Notices") for the Proofs of Claim, and no action was undertaken by Seller or any predecessor in interest with to respect the Notices; (h) the Transferred Claims are a Class 4A (claim 58649 or Class 5 claims (all other claims transferred herein) and other than distributions listed in Schedule II attached hereto which have been received by Seller or Seller's predecessors in interest, no distributions, payments or proceeds of any kind have been made in respect of the Transferred Claims.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller

acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall (subject to Seller being in receipt of the purchase price from the Buyer) promptly (but in any event no later than two (2) business days) remit or net any payments, distributions or proceeds received by Seller on or after October 6, 2015 in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of October 2015.

CRS MASTER FUND, L.P.
By: Cyrus Capital Partners, L.P., its investment manager

By: *(signature)*
Name: Jennifer M. Pulick
Title: Authorized Signatory

399 Park Avenue, 39th Floor
New York, NY 10022

TAVIRA SECURITIES LIMITED

By: *(signature)*
Name: SCOTT GOODFELLOW
Title: CEO

88 Wood Street
London EC2V 7DA

Schedule 1

Transferred Claims

Purchased Claims

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount in original currency | Currency | Proof of Claim | Allowed Claim Amount Transferred Herein in US$ |
|---|---|---|---|---|---|---|
| XS0204933997 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1,115,000.00 | US$ | 56031 | US$15,555,303.24 (of which US$ 1,135,426.37 is being transferred hereunder) |
| XS0186883798 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100,000.00 | US$ | 56031 | US$15,555,303.24 (of which US$ 100,000.00 is being transferred hereunder) |
| XS0302350888 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 150,000.00 | EUR | 44605 | US$ 2,156,976.06 (of which US$ 213,561.98 is being transferred hereunder) |
| CH0027120978 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100,000.00 | EUR | 44586 | US$ 510,878.08 (of which US$ 141,910.57 is being transferred hereunder) |
| XS0285769278 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 50,000.00 | EUR | 56031 | US$15,555,303.24 (of which US$ 66,457.77 is being transferred hereunder) |
| CH0027121034 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 55,000.00 | CHF | 44585 | US$4,943,717.21 (of which US$ 34,792.63 is being transferred hereunder) |
| CH0027121034 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 19,949.88 | US$ | 58649 | US$5,174,453.17 (of which US$ 19,949.88 is being transferred hereunder) |

Schedule II

Distributions

LBHI Distributions

| ISIN/CUSIP | Proof of Claim | Allowed Claim Amount (US$) | First Distribution (US$) April 17, 2012 | Second Distribution (US$) October 1, 2012 | Third Distribution (US$) April 4, 2013 | Fourth Distribution (US$) October 3, 2013 | Fifth Distribution (US$) April 3, 2014 | Sixth Distribution (US$) October 2, 2014 | Seventh Distribution (US$) April 2, 2015 | Eighth Distribution (US$) October 1, 2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0204933997 | 56031 | 1,135,426.37 | 40,980.10 | 27,654.20 | 34,929.30 | 41,439.90 | 44,983.70 | 33,760.30 | 23,036.31 | 17,575.55 |
| XS0186883798 | 56031 | 100,000.00 | 3,609.20 | 2,435.60 | 3,076.30 | 3,649.70 | 3,961.80 | 2,973.40 | 2,029.10 | 1,547.66 |
| XS0302350888 | 44605 | 213,561.98 | n/a | n/a | n/a | n/a | n/a | 6,350.00 | 4,333.50 | 3,305.22 |
| CH0027120978 | 44586 | 141,910.57 | n/a | n/a | n/a | n/a | n/a | 4,219.50 | 2,879.60 | 2,196.29 |
| XS0285769278 | 56031 | 66,457.77 | 2,398.60 | 1,618.60 | 2,044.50 | 2,425.50 | 2,632.90 | 1,976.00 | 1,348.50 | 1,028.54 |
| CH0027121034 | 44585 | 34,792.63 | n/a | n/a | n/a | n/a | n/a | 1,034.50 | 706.00 | 538.74 |
| na | 58649 | 19,948.88 | n/a | n/a | n/a | n/a | n/a | n/a | n/a | 394.68 |