

**Finecobank S.p.A.**
**Ufficio Back Office Titoli Estero**
Piazza durante, 11
20131 Milano Italy

**UNITED STATE BANKRUPTCY COURT**

Southern District of New York
One Bowling Green
New York, NY 10004 - 1408

**Object: Transfer Claim Lehman Brothers Holdings**

Attached we send No. 1 transfers of claim by ICCREA Banca S.P.A. to FinecoBank S.P.A.

Best regards

FinecoBank S.p.A.
Ufficio Titoli

Milan October 13, 2015



**FinecoBank S.p.A.**

Piazza Durante, 11
20131 Milano MI
n. verde 800.52.52.52
dal cell. e dall'estero
02.2899.2899
e-mail info@fineco.it

FinecoBank S.p.A. – Societa' Appartenente al Gruppo Bancario UniCredit iscritto all'Albo dei Gruppi bancari n° 02008.1 - Sede legale 20131 Milano - P.zza Durante, 11 – Direzione Generale 42123 Reggio Emilia via Rivoluzione d'Ottobre, 16 - Cap Soc 200.070.430,89 euro interamente versato, così come risultante dall'ultimo bilancio - Cod. ABI 3015.5 - P.Iva 12962340159 - Codice Fiscale e n. iscr. R.I. Milano 01392970404 - R.E.A. n. 1598155 – Aderente al Fondo Nazionale di Garanzia e al Fondo Interbancario di Tutela dei depositi. Fineco The New Bank è un marchio concesso in uso a FinecoBank S.p.A.

FinecoBank S.p.A.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS    Case No. 08-13555 (JMP) JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee<br>**FINECOBANK S.p.A.**<br><br>Name and Address where notices to transferee should be sent:<br>**FINECOBANK SPA**<br>**Piazza Durante, 11**<br>**20131 MILANO**<br>**Italy**<br><br>**Attn. Mr Ronny Scirè**<br>E-mail: **botestero@fineco.it**<br><br>Phone: **+ 39 02 2887 2844**<br><br>Last Four Digits of Acct #: N/A<br><br>EUROCLEAR MGTCBEBEECL<br> account **n. 16040** | Name of Transferor<br>**ICCREA Banca S.p.A.**<br>Court Claim # 58221<br>Amount of Claim (filled): $ 190,423,075.43<br>Date Claim Filed: 30Oct2009<br>Allowed Claim transferred: $ 56,764.23<br><br>Via Lucrezia Romana 41/47<br>00178 Roma<br>Italy<br><br>Attn. Mrs Marianna Ventre<br><br>E-mail: **mventre@iccrea.bcc.it**<br><br>Phone: +39 06 72075814 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

Name: Avv. Antonio Torre
Title: Head Legal Department



October 6, 2015

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

1

# EVIDENCE OF TRANSFER OF CLAIM

# TRANSFER AGREEMENT

**AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY**

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **ICCREA BANCA S.P.A.** ("Seller"), acting on behalf of one customer (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **FINECOBANK S.P.A.** (the "Purchaser"), acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"),, in Seller's right, title and interest in and to **Proof of Claim Number 58221** filed by or on behalf of Seller] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and its Customer' s right, title and interest in, to and under the transfer agreements, if any, under which Seller and its Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6th day of October 2015.

| ICCREA BANCA S.P.A. | FINECOBANK S.P.A. |
|---|---|
| By: _____ | By: _____ |
| Name: Antonio Torre | Name: Fabio Milanesi |
| Title: Head Legal Department | Title: Deputy General Manager |
| Via Lucrezia Romana, 41/47 | Piazza Durante, 11 |
| 00178 ROMA, Italy | 20131 MILANO, Italy |
| | |
| Attn. Marianna Ventre | Attn.   Ronny Sciré |
| Phone  0039 06 7207 5814 | Phone  0039 02 2887 2844 |
| Fax       0039 06 72075743 | Fax      0039 02 30348 2785 |
| e-mail  mventre@iccrea.bcc.it | e-mail  botestero@fineco.it |

Schedule 1

## Transferred Claims

Purchased Claim

33,33 % of XS0286535223 = USD 56,604.00 of USD 169,812.00 (i.e. the outstanding amount of *XS0286535223* as described in the Proof of Claim dated 30.10.2009 and filed on 30.10.2009,

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/ CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROS 15% 7/11 EUR | XS0286535223 | LEHMAN BROTHERS TREASURY BV | LBHI | EUR 40,000.00 (equivalent to USD 56,604.00) | 03/30/2011 | EUR 40,113.23 (equivalent to USD 56,764.23) |

ICCREA BANCA SPA

FINECOBANK S.P.A.

1