UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Lehman Brothers Holdings Inc., et al.

Debtors.

Chapter 11
Case No. 08-bk-13555 (JMP)

**SUPPLEMENTAL CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., JPMORGAN CHASE BANK, N.A., AND GIFFORD FONG ASSOCIATES**

This Supplemental Confidentiality Stipulation and Protective Order (the "Supplemental Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Lehman Brothers Holdings Inc. ("LBHI"), (b) the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee;" together with LBHI, the "Plaintiffs"), (c) JPMorgan Chase Bank, N.A. ("JPMorgan" and, together with the Plaintiffs, the "Parties" and each a "Party"), and (d) Gifford Fong Associates and its subsidiaries and affiliates ("GFA").

WHEREAS, on September 15, 2008, LBHI commenced a voluntary bankruptcy case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code as amended in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court"), with docket numbers 08-13555 (Bankr. S.D.N.Y.) (JMP) and 08-01420 (Bankr. S.D.N.Y.) (JMP) SIPA;

WHEREAS, the Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on May 26, 2010, LBHI and the Committee filed an adversary proceeding against JPMorgan, No. 10-03266 (Bankr. S.D.N.Y.) (JMP) (the "Adversary Proceeding");

WHEREAS, the Parties executed a Confidentiality Stipulation and Protective Order ("the Protective Order") in the Adversary Proceeding on August 19, 2010, which was so ordered by the Bankruptcy Court on September 1, 2010, a copy of which is attached hereto as Exhibit A;

WHEREAS, the Parties executed side letters to the Protective Order on April 25, 2013 and March 21, 2014 (the "Side Letters"), copies of which are attached hereto as Exhibits B and C, respectively;

WHEREAS, on August 31, 2011, the Plaintiffs filed an Objection to Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses, which alleges certain deficiencies in the proofs of claim filed by JPMorgan (the "Deficiency Objection");WHEREAS, in connection with the Deficiency Objection, Plaintiffs served a third-party subpoena upon GFA on August 11, 2015;

WHEREAS, GFA has requested that certain documents and information it produces in connection with the Deficiency Objection be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026, and Federal Rule of Civil Procedure 26 incorporated there, to protect the confidentiality of sensitive information;

WHEREAS, the Parties and GFA have entered into this Supplemental Order and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. The Parties agree that the entirety of the Protective Order applies with full force to the Deficiency Objection.

2. The provisions of the Protective Order, its Exhibit Non-Disclosure Declaration, and the Side Letters are incorporated in this Supplemental Order by reference.

3. GFA shall be treated as a Producing Party under the Protective Order for all purposes with respect to any information disclosed to the Parties by GFA and with respect to any information disclosed by any person pursuant to an authorization by GFA ("Discovery Materials"). The Parties, and any newly joined party, are required to comply with all of the provisions in the Protective Order with respect to the treatment of the Discovery Materials.

4. In the event a Party who has received Discovery Materials from GFA in good faith believes that providing materials designated Highly Confidential by GFA to a person other than those categories of persons described in paragraph 4 of the Protective Order, as amended by the Side Letters, in the context of a deposition or otherwise, would assist the Party in the instant litigation, the Party shall first inform GFA of the identity of the person in question and any entities with which that person is affiliated and provide notice to GFA of the materials the Receiving Party seeks to use. As soon as possible, and in any event within ten business days, the Party and GFA shall use their best efforts to allow the use of such material while protecting GFA's need for confidentiality, including, but not limited to, considering whether portions of such material can be redacted or

reevaluating whether such material must be protected as "Highly Confidential." In the event the Party and GFA cannot resolve an issue concerning the use of Highly Confidential information, the matter may be presented to the Northern District of California for resolution on an expedited basis. To the extent this paragraph contradicts paragraph 11 or any other provision of the Protective Order, this paragraph shall control.

5. If GFA inadvertently produces Discovery Materials that are subject to a good-faith claim of attorney-client privilege, work-product protection or any other privilege or immunity from discovery, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work-product protection or any other privilege or immunity from discovery to which GFA would otherwise be entitled, provided that GFA provides reasonably timely notification of such inadvertent production. If GFA inadvertently produces Discovery Materials that it believes are subject to the attorney-client privilege, work-product protection or any other privilege or immunity from discovery, GFA shall, in a reasonably timely manner, notify the Party to which it produced such material that its production contained an inadvertent disclosure of privileged or protected material, identify the allegedly privileged or protected material and demand return or destruction thereof. On such demand, all copies of such allegedly privileged or protected materials must be returned and/or destroyed. To the extent this paragraph contradicts any provision of the Protective Order, this paragraph shall control.

6.  This Supplemental Order and the Protective Order shall survive the termination of the Deficiency Objection. To the extent this paragraph contradicts any provision of the Protective Order, this paragraph shall control.

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN LLP | FARELLA BRAUN + MARTEL LLP |
| By: /s/Tyler G. Whitmer | By: /s/Carly O. Alameda |
| Tyler G. Whitmer<br>51 Madison Avenue<br>New York, New York 10010<br>*Counsel for the Official Committee of Unsecured Creditors* | Carly O. Alameda<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>*Counsel for Gifford Fong Associates* |
| CURTIS, MALLET-PREVOST, COLT & MOSLE LLP | WACHTELL, LIPTON, ROSEN & KATZ |
| By: /s/Michael J. Moscato | By: /s/ Ian Boczko |
| Michael J. Moscato<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel for Lehman Brothers Holdings, Inc.* | Ian Boczko<br>51 West 52nd Street<br>New York, New York 10019<br>*Counsel for JPMorgan Chase Bank, N.A.* |

*SO ORDERED:*

Dated: New York, New York
October 23, 2015

>   */S/ Shelley C. Chapman*
>   UNITED STATES BANKRUPTCY JUDGE