**EXHIBIT 1**

LEHMAN BROTHERS HOLDINGS, INC.
LEHMAN ALI, INC.
LEHMAN COMMERCIAL PAPER, INC.
LV RITTER RANCH LLC
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
39th Floor
New York, New York 10020

<u>VIA EMAIL AND FACSIMILE</u>

August 20, 2015

JAMS
1601 Cloverfield Boulevard
Suite 370-South
Santa Monica, California 90404
Attention: Hon. Daniel Weinstein (Ret.)

Re:  <u>Request for Arbitration with Hon. Daniel Weinstein (Ret.)</u>
     <u>(JAMS Reference #1100071706)</u>

Dear Judge Weinstein:

  You may recall that several years ago, certain affiliates of Lehman Brothers Holdings, Inc. ("Lehman") entered into global settlement agreements with Arch Insurance Company ("Arch") in connection with certain surety bonds issued by Arch with respect to various California land development projects then owned by affiliates of The SunCal Companies and, in certain instances, by Lehman as well. Lehman and Arch agreed in each of their settlement agreements that all disputes arising thereunder would be resolved through binding arbitration administered by JAMS before you or, if you were unavailable, before a jointly approved JAMS arbitrator.

  Disputes have arisen between the parties under the settlement agreement relating to the Ritter Ranch project (the "Settlement Agreement") and the parties are now seeking arbitration pursuant to the provisions of the Settlement Agreement. As background, please see attached a letter sent to Arch by Lehman requesting that the parties jointly request an arbitration proceeding with respect to the indicated disputes and Arch's response to that letter from its counsel, Gascou & Hopkins.

  As indicated in Arch's response, while the parties agree that arbitration is required under the Settlement Agreement, they disagree as to the scope of the dispute to be arbitrated. The parties disagree as to what work Arch must complete pursuant to its own settlement agreement

with the City of Palmdale. Arch's position is that the scope of that work is a matter to be determined solely between Arch and the City under the City/Arch settlement agreement and is not subject to arbitration under the Settlement Agreement. We disagree with that position. The Settlement Agreement expressly requires Arch to fulfill its performance obligations under the terms of the Arch/City settlement agreement. To the extent that the parties disagree about the scope of those obligations, then that dispute is subject to the binding arbitration agreement in the Settlement Agreement. The fact that Arch disputes its obligations with the City as well is no basis for excluding that issue from the agreed upon vehicle for resolving its disputes with Lehman. To do so, would indefinitely frustrate the purpose of the arbitration provision and impede Lehman's right to enforce Arch's obligation under the Settlement Agreement.

Accordingly, we hereby request that you order the parties to commence an arbitration proceeding, as soon as reasonably practicable and subject to your availability, in order to first determine the scope of the arbitration and then to resolve the substantive disputes between the parties that you have determined are subject to arbitration under the terms of the Settlement Agreement.

Please contact Dean Ziehl (as counsel to and on behalf of Lehman) and Ronald Hopkins (as counsel to and on behalf of Arch) to make further arrangements regarding the commencement of the arbitration proceeding. Their contact information is as follows:

Counsel to Lehman Parties:

Dean A. Ziehl, Esq.
Pachulski, Stang, Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Email: dziehl@pszjlaw.com

Counsel to Arch:

Ronald Hopkins, Esq.
Gascou Hopkins LLP
9696 Culver Blvd, Suite 302
Culver City, California 90232
Telephone: (310) 785-9341
Email: rhopkins@gascouhopkins.com

Please let us know if you require any additional information as a prerequisite to scheduling an arbitration proceeding. Your consideration of this matter is very much appreciated.

Sincerely,

WEIL:\95434518\3\58399.0054

Lehman Brothers Holdings, Inc.

By: _____
**Anthony Barsanti**
**Authorized Signatory**

Lehman ALI, Inc.

By: _____
Anthony Barsanti
Authorized Signatory

Lehman Commercial Paper Inc.

By: _____
Anthony Barsanti
Authorized Signatory

LV Ritter Ranch LLC

By: _____
Anthony Barsanti
Authorized Signatory

cc: Patrick K. Nails, Esq.
Susan D. Neff, Esq.
T. Scott Leo, Esq.
Ronald Hopkins, Esq.

Lehman Brothers Holdings, Inc.
Lehman ALI, Inc.
Lehman Brothers Commercial Paper Inc.
LV Ritter Ranch LLC
c/o Lehman Brothers Holdings, Inc.
1271 Avenue of the Americas
New York, New York 10020

VIA FEDEX DELIVERY

July 28, 2015

Arch Insurance Company
c/o Arch Insurance Group, Inc.
300 Plaza III, 3rd Floor
Jersey City, New Jersey 07311
Attn: Patrick K. Nails, Esq.
Senior Vice President and Associate General Counsel

Arch Insurance Company
c/o Arch Insurance Group, Inc.
865 S. Figueroa Street, Suite 2700
Los Angeles, California 90017
Attn: Susan D. Neff, Esq.
Senior Surety Counsel

Re:   Request for Arbitration Under Settlement Agreement

Ladies and Gentlemen:

      Reference is made to each of the following: (a) Settlement Agreement, dated as of September 27, 2011, together with the Joinder to Settlement Agreement, dated as of April 27, 2012, by and among Lehman Brothers Holdings, Inc. ("LBHI"), Lehman ALI, Inc. ("ALI"), Lehman Commercial Paper Inc. ("LCPI"), LV Ritter Ranch LLC ("LV Ritter" and, together with LBHI, ALI and LCPI, the "Lehman Parties"), on the one hand, and Arch Insurance Company ("Arch" and, together with the Lehman Parties, the "Parties"), on the other hand, as amended by that certain Amendment to Settlement Agreement, dated as of April 27, 2012 by and among the Lehman Parties and Arch (as so amended, the "Settlement Agreement"), (b) Escrow Agreement, dated as of January 17, 2012, by and among the Lehman Parties, Arch and Commonwealth Land Title Insurance Company, as escrow agent, together with the Joinder to Escrow Agreement, dated as of January 12, 2012 (the "Escrow Agreement"), and (c) Deed of Trust, Security Agreement and Fixture Filing, dated as of April 27, 2012, made by LV Ritter to Fidelity National Title Insurance Company, as trustee, for the benefit of Arch, as beneficiary, and recorded on

May 1, 2012 as Instrument No. 20120643463 in the Official Records of Los Angeles County (the "Deed of Trust").

Section 13 of the Settlement Agreement provides for the resolution of any dispute arising thereunder with respect to the performance, interpretation or enforcement of the Settlement Agreement or with respect to any claim arising thereunder through binding arbitration to be administered by JAMS before retired Judge Daniel Weinstein (or another mediator/arbitrator as JAMS may appoint and that the Parties may agree to if Judge Weinstein is unavailable). Further, the Parties agreed that they would request consideration of the dispute by Judge Weinstein (or other agreed upon mediator/arbitrator) within 48 hours following written notice from any Party to the other Parties that a dispute has arisen which cannot be resolved consensually and will request the issuance of an expedited written opinion from Judge Weinstein (or other agreed upon mediator/arbitrator) that will be fully binding on the Parties.

The Lehman Parties believe that certain disputes, as more particularly described on Exhibit A attached hereto, have arisen between Arch and the Lehman Parties under the Settlement Agreement which cannot be resolved consensually and for which the Parties are now required to seek resolution through binding arbitration as provided in the Settlement Agreement. Accordingly, the Lehman Parties request that Arch sign the attached request for binding arbitration in accordance with and as required pursuant to the terms of the Settlement Agreement for further delivery to JAMS.

If you have any questions regarding the foregoing, please let us know.

Sincerely,

Lehman Brothers Holdings, Inc.

By: _____
Jonas Stiklorius
Authorized Signatory

Lehman ALI, Inc.

By: _____
Jonas Stiklorius
Authorized Signatory

Lehman Commercial Paper Inc.

By: _____
Jonas Stiklorius
Authorized Signatory

2

LV Ritter Ranch LLC

By: _____

Jonas Stiklorius
Authorized Signatory

cc:  T. Scott Leo, Esq.
     Ronald Hopkins, Esq.

EXHIBIT A

Initially capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed thereto in the Settlement Agreement.

The ELR Settlement Agreement requires Arch to perform certain work relating to Elizabeth Lake Road in connection with the installation of certain road and streetlight improvements for which Arch had issued payment and performance bonds in favor of the City (the "ELR Work"). Among other things, pursuant to the Settlement Agreement, Arch agreed to continue to perform its obligations under the ELR Settlement Agreement including its obligation to complete the ELR Work, the cost of which would be reimbursed to Arch up to the ELR Payment Cap Amount of $1.1 million. The Settlement Agreement provides for a cash escrow in the amount of $1.5 million to be held pursuant to the terms of the Escrow Agreement and for the delivery of the Deed of Trust for the benefit of Arch (collectively, the "Arch Collateral") as collateral to Arch for certain reimbursement obligations of LV Ritter to Arch under the Settlement Agreement (including the reimbursement obligations pertaining to the ELR Work). Section 3.1 of the Settlement Agreement provides that upon the release, substitution, replacement or exoneration of the Ritter Ranch Bonds issued by Arch with respect to the Ritter Ranch Project, Arch is required to release the Arch Collateral. On or about November 10, 2014, LV Ritter delivered to the City certain lien contracts to secure the construction of certain improvements specified in the subdivision improvement agreements for which the Ritter Ranch Bonds served as security and to establish that prior to any commencement of construction with respect to the Ritter Ranch Project, that LV Ritter would be required to obtain replacement payment and performance bonds in place of such lien contracts. As a result, on or about December 18, 2014, all of the Ritter Ranch Bonds were released by the City. In mid-March, LV Ritter's counsel (Nellie Camerik) had a discussion with Arch's counsel (Scott Leo and Ronald Hopkins), regarding the release of the Arch Collateral on the basis that the Ritter Ranch Bonds had been released. After stating that they had conferred with their client, Arch's counsel responded back to Lehman's counsel that Arch would not release the Arch Collateral because there remained an unresolved issue regarding the completion of certain ELR Work, particularly the undergrounding of the street light wiring in connection with the installation of certain street lights on Elizabeth Lake Road (the "Undergrounding Work"). The Undergrounding Work is estimated to cost approximately $2.7 million and it is Arch's position that this work was not included among the ELR Work that Arch agreed to perform under the ELR Settlement Agreement. Subsequent discussions between the Lehman Parties and Arch proved unsuccessful in resolving this matter as Arch continued to take the position that it was unwilling to release the Arch Collateral absent a resolution regarding the completion of the Undergrounding Work. In May 2015, the Lehman Parties made a proposal to Arch to resolve the issue which Arch rejected. At a meeting in June 2015 among Arch, the City and the Lehman Parties, the Lehman Parties reiterated their proposal for resolving the dispute regarding the Undergrounding Work. Arch again rejected the proposal and stated that it was not responsible for any portion of the Undergrounding Work and would not contribute any amount to the payment of this work.

4

As detailed above, a dispute has arisen between Arch and the Lehman Parties as to (a) whether Arch is obligated under the ELR Settlement Agreement, and by reference therein, under the Settlement Agreement, to complete the Undergrounding Work at its sole expense (and if so, whether Arch is entitled to any reimbursement therefor under the Settlement Agreement beyond the ELR Payment Cap Amount of $1.1 million), and (b) whether Arch is required under the Settlement Agreement to release the Arch Collateral irrespective of the resolution of the issues described in clause (a).

REQUEST FOR ARBITRATION

VIA EMAIL AND FACSIMILE

July 28, 2015

JAMS
1601 Cloverfield Boulevard
Suite 370-South
Santa Monica, California 90404

Re:   Request for Arbitration with Hon. Daniel Weinstein (Ret.)

Gentlemen:

Reference is made to each of the following:

(a) Settlement Agreement, dated as of September 27, 2011, together with the Joinder to Settlement Agreement, dated as of April 27, 2012, by and among Lehman Brothers Holdings, Inc. ("LBHI"), Lehman ALI, Inc. ("ALI"), Lehman Commercial Paper Inc. ("LCPI"), LV Ritter Ranch LLC ("LV Ritter" and, together with LBHI, ALI and LCPI, the "Lehman Parties"), on the one hand, and Arch Insurance Company ("Arch" and, together with the Lehman Parties, the "Parties"), on the other hand, as amended by that certain Amendment to Settlement Agreement, dated as of April 27, 2012 by and among the Parties (as so amended, the "Settlement Agreement");

(b) Escrow Agreement, dated as of January 17, 2012, by and among the Parties and Commonwealth Land Title Insurance Company, as escrow agent, together with the Joinder to Escrow Agreement, dated as of January 12, 2012 (the "Escrow Agreement"); and

(c) Deed of Trust, Security Agreement and Fixture Filing, dated as of April 27, 2012, made by LV Ritter to Fidelity National Title Insurance Company, as trustee, for the benefit of Arch, as beneficiary, and recorded on May 1, 2012 as Instrument No. 20120643463 in the Official Records of Los Angeles County (the "Deed of Trust").

Copies of the Settlement Agreement, Escrow Agreement and Deed of Trust are enclosed herewith.

Section 13 of the Settlement Agreement provides for the resolution of any dispute arising thereunder with respect to the performance, interpretation or enforcement of the Settlement Agreement or with respect to any claim arising thereunder through binding arbitration to be

administered by JAMS before retired Judge Daniel Weinstein (or another mediator/arbitrator as JAMS may appoint and that the Parties may agree to if Judge Weinstein is unavailable). Further, the Parties agreed that they would request consideration of the dispute by Judge Weinstein (or other agreed upon mediator/arbitrator) within 48 hours following written notice from any Party to the other Parties (a "Dispute Notice") that a dispute has arisen which cannot be resolved consensually (an "Unresolved Dispute") and will request the issuance of an expedited written opinion from Judge Weinstein (or other agreed upon mediator/arbitrator) that will be fully binding on the Parties.

Enclosed herewith is a copy of a Dispute Notice from the Lehman Parties to Arch regarding the existence of an Unresolved Dispute for which the Parties now seek resolution pursuant to the binding arbitration process agreed to by the Parties under the terms of the Settlement Agreement.

The Parties hereby request that an arbitration proceeding be scheduled at the JAMS offices in Santa Monica, California to occur as soon as possible on a date on which Judge Weinstein is available (or, if Judge Weinstein is unavailable in the near future, on a date on which another arbitrator mutually acceptable to the Parties is available) and which is otherwise mutually convenient to the Parties, in order to resolve the Unresolved Dispute and the Parties further request that an expedited written opinion be issued in connection with the resolution of the Unresolved Dispute.

Please contact Dean Ziehl (as counsel to and on behalf of the Lehman Parties) and Ronald Hopkins (as counsel to and on behalf of Arch) to make further arrangements. Their contact information is as follows:

Counsel to Lehman Parties:

Dean A. Ziehl, Esq.
Pachulski, Stang, Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Email: dziehl@pszjlaw.com


Counsel to Arch:

Ronald Hopkins, Esq.
Gascou Hopkins LLP
9696 Culver Blvd, Suite 302
Culver City, California 90232
Telephone: (310) 785-9341
Email: rhopkins@gascouhopkins.com

2

      Any additional information regarding this matter will be provided by the Parties to JAMS following communication with counsel as provided above. Your consideration of this matter is very much appreciated.

Sincerely,

Lehman Brothers Holdings, Inc.

By: _____
Jonas Stiklorius
Authorized Signatory

Lehman ALI, Inc.

By: _____
Jonas Stiklorius
Authorized Signatory

Lehman Commercial Paper Inc.

By: _____
Jonas Stiklorius
Authorized Signatory

LV Ritter Ranch LLC

By: _____
Jonas Stiklorius
Authorized Signatory

Arch Insurance Company

By: _____

3

# GASCOU HOPKINS LLP

ATTORNEYS AND COUNSELORS AT LAW   9696 Culver Blvd Suite 302
Culver City CA 90232
Telephone: (310) 785-9116
Facsimile: (310) 785-9149
www.gascouhopkins.com

July 31, 2015

Lehman Brothers Holdings, Inc.
Lehman ALI, Inc.
Lehman Brothers Commercial paper Inc.
LV Ritter Ranch LLC
c/o Lehman Brothers Holdings, Inc.
1271 Avenue of the Americas
New York, New York 10020
Attention: Jonas Stiklorius

Re: Request for Arbitration Under Settlement Agreement

Dear Mr. Stiklorius:

I am writing on behalf of my client Arch Insurance Company ("Arch") in response to your correspondence of July 28, 2015, received by Arch on July 29, 2015, in which you request that Arch execute a draft joint Request for Arbitration with the Hon. Daniel Weinstein at JAMS pertaining to certain disputes arising between Arch and Lehman Brothers Holdings, Inc. ("LBHI"), Lehman ALI, Inc. ("ALI"), Lehman Commercial Paper, Inc. ("LCPI") and LV Ritter Ranch LLC (LV Ritter)—collectively the "Lehman Parties"—arising from the September 27, 2011 Settlement Agreement and the April 27, 2012 Joinder to Settlement Agreement.

Please be advised that Arch is amenable to submitting what it understands to be the main dispute between Arch and the Lehman Parties to arbitration at JAMS pursuant to Section 13 of the Settlement Agreement. However, Arch cannot agree to execute the specific Request for Arbitration Document that you have sent us to us—which attaches and references both a Dispute Notice and Exhibit A to the Dispute Notice—for the following reasons:

(1) Exhibit A is a lengthy narrative which contains a biased, one-sided, selective and inaccurate description of certain background facts to the dispute. The list of issues to be arbitrated should be described in a succinct and neutral manner.

(2) Exhibit A appears to request adjudication of a dispute which involves the interpretation and scope of performance of work under Arch's separate settlement agreement with the City of Palmdale to which the Lehman Parties are not parties. Specifically, you ask the arbitrator to determine: "...whether Arch is obligated under the ELR Settlement Agreement...to complete the Undergrounding Work at its sole expense." The Lehman Parties had no involvement whatsoever in the negotiations and formation of the separate ELR settlement agreement between Arch and the City of Palmdale. The Arbitrator simply does not have jurisdiction under Section 13 of the Settlement Agreement to adjudicate the scope of contractual obligations between ARCH and the City of Palmdale regarding interpretation of the ELR settlement agreement. The City of Palmdale is not a party to the Settlement Agreement between Arch and the Lehman Parties.

Arch objects to the inclusion of any such issues in the Request for Arbitration and will not stipulate to the submission of such issues to binding arbitration.

Arch respectfully requests that the Lehman Parties re-draft Exhibit A to the Dispute Notice before Arch will consider signing the "Request for Arbitration with Hon. Daniel Weinstein (Ret.)

Arch suggests that the dispute between Arch and the Lehman Parties could be succinctly stated as follows in a revised Exhibit A:

"Are the Lehman Parties presently entitled under the Settlement Agreement to demand that Arch consent to release of the $1.5MM in escrowed cash collateral and to release of the Deed of Trust."

As discussed above, Arch stands ready to submit the collateral release issue to arbitration, but simply cannot execute the Request for Arbitration as currently drafted. Please advise if the Lehman Parties are willing to revise Exhibit A to the Dispute Notice.

Very truly yours,

Ronald W. Hopkins

cc: Joelle Halperin—Lehman Brothers Holdings, Inc.
    Michael Bond, Esq.—Weil Gotshal & Manges LLP
    Dean Ziehl, Esq.—Pachulski, Stang & Ziehl LLP(also via email)
    Susan D. Neff, Esq—Arch Insurance Company
    T. Scott Leo, Esq.—Leo and Weber, P.C