HEARING DATE AND TIME: November 13, 2015 at 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: November 6, 2015 at 4:00 p.m. (Eastern Time)

Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178

Andrew J. Rossman
Diane C. Hutnyan
Scott C. Shelley
Lindsay M. Weber
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE
NEW YORK, NEW YORK 10010

*Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X
In re:                                                              :     Chapter 11
                                                                    :     Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                            :
                                                                    :
                          Debtors.                                  :
------------------------------------------------------------------------ X

**MOTION TO RENEW MOTION TO ALLOW DISCLOSURE OF
DERIVATIVES QUESTIONNAIRES PURSUANT TO
SECTION 107(a) OF THE BANKRUPTCY CODE**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), respectfully submits this motion (the "Renewal Motion") to renew the March 19, 2015 motion (the "Initial Motion") seeking entry of an order to permit disclosure of the derivatives questionnaires submitted in these cases (together with all documentation electronically uploaded to the Lehman claim website in support thereof, the "Derivatives Questionnaires") pursuant to section 107(a) of the Bankruptcy Code,

notwithstanding the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (as amended from time to time, the "Bar Date Order") and respectfully states as follows:

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2. On March 19, 2015, Lehman and the Official Committee of Unsecured Creditors (the "Creditors Committee," and together with Lehman "Movants") filed the Initial Motion seeking permission to allow disclosure of the Derivatives Questionnaires.[1] The vast majority of the affected parties – more than 4100 of them – did not object to the relief requested in the Initial Motion, and an order authorizing the disclosure of the Derivatives Questionnaires of these "Non-Objecting Parties" was entered on June 9, 2015 [Dkt. No. 49936]. The Movants thus are free to use the Derivative Questionnaires of the Non-Objecting Parties as discovery materials in any Lehman-related proceeding.

3. Movants received objections and joinders to objections relating to the Initial Motion from approximately fifty (50) parties (the "Objecting Parties"). The Objecting Parties have contended that their Derivatives Questionnaires contain commercially sensitive, proprietary and otherwise confidential information, and argued that full disclosure of the Derivatives Questionnaires was inappropriate. In light of the numerous objections, and in order to try to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Initial Motion.

2

formulate and negotiate an alternative approach to disclosure of the Derivatives Questionnaires that would address the Objecting Parties' concerns, the Movants adjourned the Initial Motion *sine die*.

4.    In the six months since the adjournment, Lehman has engaged in ongoing discussions with the Objecting Parties in an effort to reach a global solution that would appropriately balance the Objecting Parties' asserted interest in preserving the confidentiality of these materials, while still making them accessible to the Movants as discovery materials. To that end, Lehman formulated and circulated a proposal involving redaction and anonymization of the Derivatives Questionnaires. Although some of the Objecting Parties agreed to that proposal, Lehman was unable to obtain sufficient support to make that proposal workable. In addition, while some of the Objecting Parties made counterproposals, none of them sufficiently addressed the interests of the Estate and its counterparties in the various contested matters and adversary proceedings involving the Litigation Claims. Moreover, throughout the negotiations, none of the Objecting Parties provided sufficient evidentiary support for their position that information in their Derivatives Questionnaires – all of which was submitted at least six years ago – actually merits protection any more, and Lehman remains unpersuaded that any will be able to do so.

5.    In sum, Lehman's efforts to negotiate a consensual global resolution have reached an impasse. Lehman is under considerable pressure from certain Litigation Claimants, including Citibank and JP Morgan, whose adversary proceedings are nearing the end of the fact discovery period, to produce the Derivatives Questionnaires in the very near future. Accordingly, Lehman hereby renews the Initial Motion and seeks authorization to use the Objecting Parties' Derivatives Questionnaires as discovery materials in any action relating to Lehman free of any restrictions.

**RELIEF REQUESTED**

6. Lehman respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, allowing disclosure of the Objecting Parties' Derivatives Questionnaires.

**BASIS FOR RELIEF**

7. The legal and factual bases for the Renewal Motion are set forth at length in the Initial Motion and are incorporated herein by reference. In addition, Lehman notes that the information in the Derivatives Questionnaires is more than six years old. Disclosure of this dated information will have no conceivable impact on any Objecting Party's business operations. Even if this information were current – which it clearly is not – the Objecting Parties would have great difficulty establishing that disclosure of this information would unfairly benefit a competitor, or harm any of the Objecting Parties. Information concerning transactions that occurred *more than six years ago* is nothing more than a historical relic. This information is, quite simply, too old for its disclosure and use in Lehman-related proceedings to be harmful.

8. While the information in the Derivatives Questionnaires is too old to be harmful to any Objecting Party, those seeking its discovery believe it is relevant to their disputes. Thus, while Lehman understands the importance of protecting confidential commercial information, it is also important to make sure that such protection does not interfere with the claims objection process. *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007). Lehman therefore requests that the Court enter an order allowing use of the Derivatives Questionnaires of the Objecting Parties, without the need for redaction or filing under seal.

## NOTICE

9. Notice of this Renewal Motion has been provided in accordance with the Case Management Order, and notice has been given to: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) all other parties who have either requested notice or with a particularized interest in the matters set forth herein; and (v) each of the Objecting Parties. Lehman submits that no other notice is necessary.

10. No previous request for the relief sought herein has been made by Lehman to this or any other Court, except as set forth in the Initial Motion.

**WHEREFORE,** Lehman respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: October 30, 2015
New York, New York

Respectfully submitted,

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/Peter J. Behmke*
Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke

and

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/Andrew J. Rossman*
Andrew J. Rossman
Diane C. Hutnyan
Scott C. Shelley
Lindsay M. Weber

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

5