WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :    08-13555 (SCC)
                                                                   :
                              Debtors.                             :    (Jointly Administered)
------------------------------------------------------------------ x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING THE PLAN ADMINISTRATOR'S FIVE HUNDRED NINTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.    On September 28, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the Plan Administrator's Five Hundred Ninth Omnibus Objection to Claims (No Liability Claims) [**ECF No. 51006**] (the "Claims Objection") with the Court for hearing.

WEIL:\95451504\1\58399.0011

2. In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Claims Objection. The Response Deadline was set for October 28, 2015 at 4:00 p.m. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed with respect to claim number 31569. To the best of my knowledge and with respect to claim number 31569, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Claims Objection solely with respect to claim number 31569, annexed hereto as Exhibit A, be entered in accordance with the procedures described in the Second Amended Case Management Order. No changes have been made that would affect claim number 31569.

I declare that the foregoing is true and correct.

Dated: November 2, 2015
       New York, New York

                /s/ Jacqueline Marcus
                Jacqueline Marcus
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                *Attorneys for Lehman Brothers Holdings Inc.*
                *and Certain of Its Affiliates*

## Exhibit A

Proposed Order

WEIL:\95451504\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### ORDER GRANTING FIVE HUNDRED NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred ninth omnibus objection to claims, dated September 28, 2015 (the "Five Hundred Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the No Liability Claims, all as more fully described in the Five Hundred Ninth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Ninth Omnibus Objection to Claims with respect to claim number 31569 is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Ninth Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 31569 is disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE