HEARING DATE AND TIME: November 13, 2015 at 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: November 6, 2015 at 4:00 p.m (Eastern Time)

**OTTERBOURG P.C.**
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100
Peter Feldman, Esq.
Jennifer S. Feeney, Esq.

*Counsel for Mitsubishi UFJ Securities International plc*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | |

------------------------------------x

**OBJECTION OF MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC
TO DEBTORS' MOTION TO RENEW MOTION TO ALLOW DISCLOSURE
OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO
SECTION 107(a) OF THE BANKRUPTCY CODE**

Mitsubishi UFJ Securities International plc ("MUSI"), by its undersigned counsel, files this objection (the "Objection") to the Debtors' Motion to Renew its Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Dkt. No. 51312] (the "Motion").[1] In support of the Objection, MUSI respectfully states as follows[2]:

---

[1] The Motion renews a previously filed motion seeking the same relief [Dkt. No. 48939] (the "Initial Motion"). MUSI objected to the Initial Motion [Dkt. No. 49121]. Pursuant to the Notice of Hearing on the instant Motion [Dkt. No. 51311], any objections or responses that were submitted before October 30, 2015 to the Initial Motion, were required to be timely renewed with a new or renewed objection. Accordingly, MUSI files this objection and incorporates by reference its objection to the Initial Motion.

[2] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

3840196.2

1. MUSI holds allowed claims in these Chapter 11 proceedings by virtue of certain derivatives transactions with Lehman Brothers Special Financing, Inc. ("LBSF") and certain guarantees provided by Lehman Brothers Holdings Inc. ("LBHI").

2. Pursuant to the Bar Date Order, MUSI filed proofs of claim against LBSF and LBHI. The Bar Date Order additionally required creditors, like MUSI, that asserted claims based upon derivative contracts or guarantees thereof, to complete an online questionnaire and submit documentation in support of the derivative claims, including providing information on the method by which the derivative transactions were closed out and claims were valued. The information required went beyond what is customarily filed in support of a proof of claim. As required by the Bar Date Order, MUSI submitted seven (7) questionnaires, along with supporting documentation (collectively, the "MUSI Questionnaires").

3. Each of the MUSI Questionnaires contains confidential, proprietary information regarding the calculation of MUSI's derivatives claims, including the sources and process used by MUSI to calculate close-out amounts. This information would otherwise be considered confidential pursuant to Section 107(b)(1) of the Bankruptcy Code. At the time that the information was submitted to Lehman, MUSI had an expectation that the MUSI Questionnaires would remain confidential and not be made publicly available. Indeed, the Bar Date Order expressly limited the access to the MUSI Questionnaires:

> [T]he information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

Bar Date Order at 9.

4. Notwithstanding the passage of time, the information in the MUSI Questionnaires is still proprietary and MUSI has a strong interest in maintaining its confidentiality. The Bar

3840196.2                                    2

Date Order was entered and MUSI submitted the MUSI Questionnaires with the assurance that the highly confidential information contained therein would remain confidential. Nothing has changed to warrant any different treatment. The relief sought by the Debtors is solely for their convenience. The Debtors have been operating under the confidentiality restrictions of the Bar Date Order for all these years and it is unnecessary at this late date to alter the Bar Date Order solely to make it less burdensome to Lehman in adversary proceedings to which MUSI is not a party. Moreover, the statutory predicate for the Motion, Section 107(a) of the Bankruptcy Code, is inapplicable because the MUSI Questionnaires were not filed with the Court, do not appear on the docket, and are not publicly available on the claims agent's website.

WHEREFORE, and for all of the foregoing reasons, the Motion should be denied as it relates to MUSI and that the MUSI Questionnaires should remain confidential pursuant to the terms of the Bar Date Order.

Dated: November 6, 2015                    Respectfully submitted,

**OTTERBOURG P.C.**
*Counsel for Mitsubishi UFJ Securities International plc*
230 Park Avenue
New York, NY 10169-0075
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

*/s/ Peter Feldman*
Peter Feldman, Esq.
pfeldman@otterbourg.com