**HEARING DATE AND TIME: November 13, 2015 at 12:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: November 6, 2015 at 4:00 p.m. (Eastern Time)**

Bennette D. Kramer
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

*Attorneys for Citadel Energy Investments Ltd.*
*and Citadel Equity Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
In re                                                           :   Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                    :   08-13555 (JMP)
                                                                :
         Debtors.                                               :   (Jointly Administered)
----------------------------------------------------------------X

**OBJECTION OF CITADEL ENERGY INVESTMENTS LTD. AND**
**CITADEL EQUITY FUND LTD. TO MOTION TO RENEW MOTION TO ALLOW**
**DISCLOSURE OF DERIVATIVES QUESTIONNAIRES**
**PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

Citadel Energy Investments Ltd. and Citadel Equity Master Fund Ltd. (together, the "Citadel Entities"), by and through its undersigned counsel, hereby submits this objection (this "Objection")[1] to the Motion to Renew Motion to Allow Disclosure of Derivatives Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code (the "Motion"), as follows:

**BACKGROUND**

---

[1] Capitalized terms used but not defined herein shall have the definition ascribed to them in the Motion.

1. Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), together with the Official Committee of Unsecured Creditors (together with Lehman, the "Movants"), by their Motion seek an order "that, notwithstanding anything to the contrary in the Bar Date Order, Lehman is authorized to use and produce the Derivative Questionnaires (and supporting materials) as discovery materials…solely in connection with any Lehman-related litigation…." Motion Exhibit A.

2. The Motion seeks essentially the same relief the Movants originally asked for back in March, when they filed a prior iteration of the Motion that they now purport to "renew." The Citadel Entities, like many others, raised concerns then about the loss of certain protections they understood they had when they filed confidential and proprietary information in support of their proofs of claim. Specifically, when they filed the Derivatives Questionnaires (and supporting materials), the Citadel Entities believed that access to their confidential and proprietary information would be restricted to Lehman, its Creditors' Committee, and their respective advisors and counsel.

3. The Movants assert that Lehman has spent the past six months trying to "appropriately balance the Objecting Parties' asserted interest in preserving the confidentiality of these materials, while still making them accessible to [Lehman] as discovery materials." Motion ¶ 4. The Citadel Entities negotiated in good faith with the understanding that Lehman was doing so as well. Now Lehman has abruptly cut off negotiations stating that it was "unable to obtain sufficient support" to make it workable and that "Lehman's efforts to negotiate a consensual global resolution have reached an impasse." *Id*. ¶¶ 4-5. Moreover, the Movants now seek an

order allowing discovery of all Derivatives Questionnaires without narrowing the scope of such disclosure or permitting any opportunity for redaction, which completely disregards the concerns that the Objecting Parties, including the Citadel Entities, raised in their objections and during negotiations.

4. On July 2, 2009, this Court (Honorable James M. Peck) signed the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order required each holder of a claim arising from a Derivative Contract to complete an electronic Derivatives Questionnaire and upload specified documents supporting the claim. Following objections to the proposed Bar Date Order voicing concern by claimants about the potential disclosure of proprietary and commercially sensitive information contained in the Derivatives Questionnaires and supporting documents, Lehman agreed to amend the proposed Bar Date Order to provide that:

> [T]he information submitted on the website http://www.lehman-claims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

Bar Date Order at 9.

5. In the Motion the Movants seek to undo this negotiated provision of the Bar Date Order, claiming that: (1) the requirement of restricting accessibility has become too burdensome in light of claim objections and adversary proceedings; (2) numerous litigants have requested production of the Derivatives Questionnaires; (3) bankruptcy records are presumptively open to public inspection; (4) the data submitted with the Derivatives Questionnaires is from publicly

3

available market sources and is not confidential; and (5) the material is out of date, therefore any concerns about confidentiality are unwarranted.

## ARGUMENT

**I.    Information Filed with the Derivatives Questionnaires Is Not Outdated and Therefore the Limitation on Access Should be Maintained**

6.    The Movants argue, with no support, that the release of the Derivatives Questionnaires "will have no conceivable impact on any Objecting Party's business operations" and that "the Objecting Parties would have great difficulty establishing that disclosure of this information" would place Lehman's derivative counterparties at a commercial disadvantage with their competitors. Motion ¶ 7. Nothing could be further from the truth, as this Court recognized when it amended the Bar Date Order to limit accessibility to the Derivatives Questionnaires. Although the trade information and valuations compiled by the Citadel Entities to support their termination calculations are now nearly 6 years old, that information may reveal confidential information about the Citadel Entities' trading counterparties and proprietary trading strategies that may still be relevant today.

7.    The Movants contended in their Initial Motion that the market data submitted with the Derivatives Questionnaires comes from publicly available market sources and is not confidential. That may be true in a small number of cases, but in many cases the market data was obtained from third parties and was not publicly available. The compiled valuation data also included proprietary information about the calculation methods used for the valuation of trades.

8.    The Derivatives Questionnaires also included the Citadel Entities' negotiated ISDA Master Agreements with Lehman (the "Lehman ISDAs"). The Lehman ISDAs contain confidential commercial and legal terms that were carefully negotiated with Lehman for that specific trading relationship and some of which are considered to be proprietary by the Citadel

4

Entities. If the Lehman ISDAs were available to third party litigants – some of which include the industry's largest global swap dealers and competitors of the Citadel Entities – these litigants would have the ability to scrutinize and leverage their knowledge of the Lehman ISDAs' terms in their future negotiations with the Citadel Entities, thereby placing the Citadel Entities at a competitive disadvantage vis-à-vis those counterparties.

9. As the Movants pointed out in their Initial Motion, Bankruptcy Code Section 107(b) permits the Court to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." The information included in the Derivatives Questionnaires and related documentation remains as confidential and commercially sensitive today as it was when the Bar Date Order was negotiated.

10. The Movants' claim that restricting access to the Derivatives Questionnaires has become too burdensome in light of its many claim objections and adversary proceedings. However, the Court must balance that inconvenience against the concerns of the counterparties who sought the restrictions included in the Bar Date Order. The commercial reasons for protecting the confidential and proprietary information submitted in connection with the Derivatives Questionnaires heavily outweigh any inconvenience described by the Movants in their Motion.

**II.     Only the Information Included in the Calculation Statements That Is Relevant to the Valuation of Individual Trades Should be Disclosed to Third Party Litigants**

11. If the Court grants the Motion, the Citadel Entities request that the Court (a) narrow the disclosure of the Derivatives Questionnaires to only the information included in the calculation statements that is relevant to the valuation of individual trades and (b) allow claimants to redact all identifying, confidential and proprietary information from any calculation statement excerpts. Accordingly, any documents that are not relevant to the valuation of

individual trades, including but not limited to the Lehman ISDAs and CSAs, any amendments thereto, and any other individually negotiated agreements or ancillary documents, such as Guarantees, should remain confidential and not be disclosed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Citadel Entities respectfully request that this Court deny the Movants' Motion to Renew Motion to Allow Disclosure of Derivatives Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code, and, alternatively, if the Court grants the Motion, to (a) narrow the disclosure of the Derivatives Questionnaires to only the information included in the calculation statements that is relevant to the valuation of individual trades and (b) allow claimants to redact all identifying, confidential and proprietary information from any calculation statement excerpts, and grant such other, further or different relief as this Court deems just and proper.

Dated: New York, New York
       November 6, 2015

SCHLAM STONE & DOLAN LLP

By:    s/ Bennette D. Kramer

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

*Attorneys for Citadel Energy Investments Ltd. and Citadel Equity Master Fund Ltd.*

OF COUNSEL
Lauren Teigland-Hunt

6

Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lth@t-hllp.com