**Objection Deadline:  November 6, 2015 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time:  November 13, 2015 at 12:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>                      Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

### RENEWED OBJECTION OF CREDITORS TO THE DEBTORS' RENEWED MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES

The undersigned parties – creditors of Lehman Brothers Holdings Inc. ("LBHI")

and its affiliated debtors (the "Debtors") who have submitted Derivative Questionnaires[1] on

behalf of themselves, their current or past affiliates, or clients in the above-captioned proceeding

(the "Creditors"), by and through their undersigned counsel, submit this renewed objection (the

"Renewed Objection") to the motion (the "Renewed Disclosure Motion") [Dk. 51312] of LBHI

as Plan Administrator and on behalf of its affiliates, together with the Creditors Committee

("Movants"), to renew the March 19, 2015 motion (the "March Disclosure Motion") [Dk. 48939]

pursuant to section 107(a) of the Bankruptcy Code, to allow disclosure of the derivative

questionnaires, notwithstanding the Court's Order Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Renewed
Disclosure Motion and Initial Objection (as defined below).

Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim

Form [Dk. 4271] (the "Bar Date Order").

In support of their Renewed Objection, the Creditors respectfully state as follows:

## ARGUMENT

1.    The legal and factual bases for the Renewed Objection are set forth at length in

the Creditors' April 1, 2015 objection (the "Initial Objection") to the March Disclosure Motion.

Rather than burden the Court with a duplicative filing, the Creditors renew and incorporate those

objections here, and attach the Initial Objection, here renewed, as Exhibit A for the convenience

of the Court and parties.

2.    The Movants' March Disclosure Motion sought permission to strip the Derivative

Questionnaires submitted by the Creditors of any confidentiality protection, upending the Bar

Date Order negotiated by the Creditors and the estate, and so-Ordered by this Court, which treats

as confidential and protects from public disclosure the commercially sensitive, proprietary and

otherwise confidential information contained therein.  As set forth in the Initial Objection, the

relief requested in the March Disclosure Motion is objectionable:

- the Derivative Questionnaires reflect a massive amount of highly sensitive material, including the close-out valuations of derivative trades that were derived from proprietary methodologies, marks and models and ISDA agreements with bespoke features, that continues to be proprietary and in some instances is still in use by the Creditors, Initial Objection ¶¶ 15-16;

- the Creditors agreed to provide this information in reliance on the Debtors' agreement to afford the Derivative Questionnaires the protection set forth in the Bar Date Order, which in turn enabled the Debtors to obtain access to material far beyond what a proof of claim would normally require, *id.* ¶¶ 3-5, 12-13;

- the Debtors' and the Movants' subsequent course of conduct – until as recently as nine days prior to filing the March Disclosure Motion – demonstrates that they understood that the Derivative Questionnaires are confidential, *id.* ¶¶ 6-8;

- the Movants cannot meet the applicable burden for establishing a basis for relief from the Bar Date Order under Fed. R. Civ. P. 60(b), *id.* ¶¶ 9-11, nor can they overcome the heavy presumption against modifying confidentiality provisions by demonstrating a "compelling need" to modify the Bar Date Order, *id.* ¶¶ 12-17.

3.       Movants gave Creditors just nine business days (including a two-day extension) to respond to the March Disclosure Motion, insisting that it was necessary for the Creditors to make their objections by April 1, 2015 so as not to disturb the April 8, 2015 hearing date. Movants contend that it received objections and joinders to objections from approximately fifty parties. This is a gross understatement. The Initial Objection alone was signed by over 100 Creditors and was joined by over 80 additional creditors of the Debtors who submitted Derivative Questionnaires.

4.       One day after the Initial Objection was filed, Movants adjourned the hearing "*sine die* to permit Movants an opportunity to resolve objections to the Motion." Adjournment at 2.[2] On May 1, 2015, Movants filed a reply seeking to enter "an order approving the Motion as to all parties *other than* the Objecting Parties" with whom Movants "continu[ed] to engage in good faith discussions." Reply ¶ 2 (emphasis in original).[3]

5.       On September 16, 2015, *over four months* later, Movants finally provided to certain of the Creditors[4] their first formal written proposal (the "Proposal") to resolve the March Disclosure Motion. The Proposal, which would require the Creditors to undertake the burdensome process of redacting their own documents, mirrored a proposal that had been shared

---

[2] Notice of Adjournment of Hearing on Mot. to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankr. Code (the "Adjournment") (April, 2, 2015) [Dk. 49157].

[3] Reply in Support of Mot. to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankr. Code and Request to Enter Order as to Non-Objectors (the "Reply") (May 1, 2015) [Dk. 49377].

[4] Bank of America N.A, Barclays Bank plc, BNP Paribas SA, Citadel LLC, Deutsche Bank AG, Goldman Sachs Group Inc., Bank of America Corporation as successor by merger to Merrill Lynch & Co. Inc., Morgan Stanley, Royal Bank of Scotland PLC, Société Générale, UBS AG (the "Bank Group").

with some of the Creditors informally and which at least one of the Creditors had signaled to Movants at that time was unworkable.

6.    Acknowledging that nearly *six months* had passed since Movants filed the March Disclosure Motion and subsequently adjourned the hearing on the same, Movants suggested to the Bank Group that their consideration of the Proposal would not be prejudiced by Movants' own delay, writing: "I understand that given the lapse of time since the motion was filed, it may take some time for you to get feedback on this proposal."[5]  The Bank Group concluded after careful consideration that the Proposal was unworkable[6] and provided Lehman with a counterproposal (the "Counterproposal") on October 14, 2015 representing a "consensus of virtually all of the members of [that] group." [7]  Movants responded on October 26, 2015, requesting clarification on a single element of the Counterproposal.[8]

---

[5] *See* Emails between S. Shelley and J. Dorchak, dated September 16, 2015 – October 26, 2015 at p. 2-3 (Email from S. Shelley to J. Dorchak, dated September 16, 2015).  A copy of the Emails between S. Shelley and J. Dorchak, dated September 16, 2015 – October 26, 2015 is attached as Exhibit B; the Emails have been exhibited to show the timing of the parties' negotiations and redact the substance of the parties' settlement discussions.

[6] This Proposal would not only undo the protections of the Bar Date Order – which as set forth in the Initial Objection is presumptively unfair and harmful to the Creditors and is without legal basis – but also would be extremely burdensome and costly to the Creditors.  As set forth above, certain of the submitted information include close-out valuations of derivative trades that were derived from propriety methodologies, marks and models as well as ISDA agreements many of which reflect specific customizations.  As a result, "identifying information" goes well beyond the name of the Creditor that submitted the Derivative Questionnaire and each Creditor will be forced to comb through thousands of pages of documents that make up the Derivative Questionnaires to identify and redact information that could be used by knowledgeable market participants to ascertain the identity of the entity that submitted the Derivative Questionnaire.  This will impose an undue – and *impossible* – burden on the Creditors as even with such redactions there is no guarantee that the Derivative Questionnaires would indeed be "anonymous."

[7] *See* Exhibit B at p. 1 (Email from J. Dorchak to S. Shelley, dated October 14, 2015).  The time taken by the Bank Group to respond to Movants' Proposal was – unlike Movants – not the result of the Bank Group's dragging its feet.  Not only did the Proposal come right in the middle of the Jewish Holidays, but also before responding to Movants, sign-off was required from nearly all members of the Bank Group who have submitted Derivative Questionnaires on behalf of themselves as well as clients, all of whom are affected by any agreement.

[8] *See* Exhibit B at p. 1 (Emails between J. Dorchak and S. Shelley, dated October 26, 2015).

7.       Just as the Bank Group convened for a call on that issue four days later on October 30, 2015, it received an email from Movants stating their intention to renew the March Disclosure Motion as to the Objecting Parties citing an "impasse" in the parties' efforts to negotiate.[9]  While the Bank Group urged that far from being at an impasse, resolution was likely by November 6, 2015 – *i.e.*, the same day as the deadline for objections set by Movants – and that in light of that it would be "premature and inefficient" to renew the March Disclosure Motion, Movants filed the Renewed Disclosure Motion that is before this Court.[10]

---

[9] *See* Emails between D. Hutnyan, S. Shelley, and J. Dorchak, dated October 30, 2015.  A copy of the Emails between D. Hutnyan, S. Shelley, and J. Dorchak, dated October 30, 2015 is attached as Exhibit C.

[10] *Id.*

## CONCLUSION

8.    For the foregoing reasons, the Movants' Renewed Disclosure Motion should be

denied.


Dated:  November 6, 2015
        New York, New York
                                            Respectfully submitted,

| CADWALADER, WICKERSHAM & TAFT LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| /s/ Ellen M. Halstead<br>Howard R. Hawkins, Jr.<br>howard.hawkins@cwt.com<br>Ellen M. Halstead<br>ellen.halstead@cwt.com<br>One World Financial Center<br>New York, NY 10281<br>212-504-6000 (phone)<br>212-504-6666 (fax)<br><br>*Attorneys for Morgan Stanley and affiliates* | /s/ Carmine D. Boccuzzi, Jr.<br>Carmine D. Boccuzzi, Jr.<br>cboccuzzi@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for Goldman, Sachs & Co., Goldman Sachs Bank USA, Goldman Sachs Asset Management,  Goldman Sachs International, Goldman Sachs Lending Partners LLC, J. Aron & Company, and affiliates and clients listed on Schedule A* |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | MORGAN LEWIS & BOCKIUS LLP |
| /s/ Boaz S. Morag<br>Lindsee P. Granfield<br>lgranfield@cgsh.com<br>Boaz S. Morag<br>bmorag@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for Barclays Bank plc, Barclays Bank S.A., Barclays Capital Inc., Barclays Capital Securities Limited, Barclays Multi-Manager Fund PLC, Barclays Wealth Managers France SA and Absa Bank Limited* | /s/ Joshua Dorchak<br>Joshua Dorchak<br>joshua.dorchak@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178<br>212-309-6614 (phone)<br>212-309-6001 (fax)<br><br>*Attorneys for Deutsche Bank AG, Deutsche Bank AG, London Branch, DB Energy Trading LLC and UBS AG* |

| MAYER BROWN LLP | MAYER BROWN LLP |
|---|---|
| /s/ Christopher J. Houpt<br>Christopher J. Houpt<br>choupt@mayerbrown.com<br>1221 Avenue of the Americas<br>New York, NY 10020<br>212-506-2500 (phone)<br>212-849-5830 (fax)<br><br>*Attorneys for Société Générale* | /s/ Mark G. Hanchet<br>Mark G. Hanchet<br>mhanchet@mayerbrown.com<br>1221 Avenue of the Americas<br>New York, NY 10020<br>212-506-2500 (phone)<br>212-849-5830 (fax)<br><br>*Attorneys for BNP Paribas SA* |
| PROSKAUER ROSE LLP | SHEARMAN & STERLING LLP |
| /s/ Irena Goldstein<br>Irena Goldstein<br>igoldstein@proskauer.com<br>Eleven Times Square<br>New York, NY 10036<br>212-969-3000 (phone)<br>212-969-2900 (fax)<br><br>*Attorneys for The Royal Bank of Scotland plc.<br>And Royal Bank of Scotland N.V.* | /s/ Daniel H.R. Laguardia<br>Daniel H.R. Laguardia<br>daniel.laguardia@shearman.com<br>599 Lexington Avenue<br>New York, NY 10178<br>212-848-4731 (phone)<br>212-848-4731 (fax)<br><br>*Attorneys for Bank of America, N.A. and Bank<br>of America Corporation as successor by<br>merger to Merrill Lynch & Co., Inc.* |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| /s/ Sean A. O'Neal<br>Sean A. O'Neal<br>soneal@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for Magnetar Capital Master Fund,<br>Ltd, Magnetar Constellation Master Fund, Ltd,<br>Magnetar Constellation Fund II, Ltd,<br>Magnetar Constellation Master Fund III, Ltd,<br>Magnetar Structured Credit Fund, LP* | /s/ Thomas J. Moloney<br>Thomas J. Moloney<br>tmoloney@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for D. E. Shaw Composite Portfolios,<br>L.L.C., D. E. Shaw Dihedral Portfolios, L.L.C.,<br>D. E. Shaw Laminar Portfolios, L.L.C., D. E.<br>Shaw Oculus Portfolios, L.L.C., D. E. Shaw<br>Valence Portfolios, L.L.C.* |

# SCHEDULE A

AMP Capital Investors Limited on behalf of FD International Bond Fund 3 (103038)
The Babcock Pension Trust Limited acting as Trustee of the Babcock International Group plc
Group Pension Scheme (103042)
Bell Atlantic Master Trust
The Boeing Company Employee Retirement Plan Master Trust
BOC Pensions Limited acting as Trustee of the BOC Pension Investment Fund (100314)
Central States, Southeast & Southwest Areas Pension Fund
Coal Staff Superannuation Scheme Trustees Limited acting as Trustee of the British Coal Staff
Superannuation Scheme (100808) c/o Goldman Sachs Asset Management International
Coal Staff Superannuation Scheme Trustees Limited acting as Trustee of the British Coal Staff
Superannuation Scheme (Investment Grade Corporate Credit) (103285)
Commonwealth Bank Officers Superannuation Corporation Pty Limited as Trustee for the
Officers' Superannuation Corporation Fund (103254)
CR Firenze Gestion Internationale S.A. acting as Manager of the Giotto Lux Fund - Global
Credit Bond Portfolio (103232)
De La Rue Pension Trustee Limited acting as Trustee of the De La Rue Pension Scheme (103125)
The Foundation for Social Entrepreneurs acting as Trustee of the Millenium Awards Trust
(100665)
Goldman Sachs & Co. Profit Sharing Master Trust
Goldman Sachs Catastrophe Risk Premium Opportunities Master Fund II, L.P.
Goldman Sachs Credit Opportunities 2008 Master Fund, L.P.
Goldman Sachs Credit Opportunities Institutional 2008 Fund, L.P.
Goldman Sachs Dynamic Risk Master Fund Offshore, Ltd.
Goldman Sachs Emerging Markets Opportunities Fund Offshore, Ltd
Goldman Sachs Emerging Markets Opportunities Fund Offshore, Ltd.
Goldman Sachs Emerging Markets Opportunities Fund, LLC
Goldman Sachs Euro Core Liquidity Fund (100342)
Goldman Sachs Funds – Goldman Sachs Euro Fixed Income Plus Portfolio
Goldman Sachs Funds – Goldman Sachs Sterling Broad Fixed Income Plus
Goldman Sachs Funds SICAV -
Goldman Sachs Funds SICAV –
Goldman Sachs Funds SICAV – Goldman Sachs Global
Goldman Sachs Global Alpha Dynamic Risk Fund, LLC
Goldman Sachs Global Alpha Fund plc
Goldman Sachs Global Alpha Fund, L.P.
Goldman Sachs Global Currency Fund – Dollar Plus (100057)
Goldman Sachs Global Currency Fund – Euro Plus (100058)
Goldman Sachs Global Currency Fund (100050)
Goldman Sachs Global Opportunities Fund, LLC
Goldman Sachs Global Opportunities Fund Offshore, Ltd.
Goldman Sachs GSIP Master Company (Ireland) Limited
Goldman Sachs International Bank, Seoul Branch
Goldman Sachs Investment Partners Master Fund, L.P.
Goldman Sachs LIP Credit Opportunities 2008 Fund, L.P.
Goldman Sachs Liquidity Partners 2007 Offshore, L.P.

Goldman Sachs Liquidity Partners 2007, L.P.
Goldman Sachs Mortgage Credit Opportunities Fund, L.P.
Goldman Sachs Mortgage Credit Opportunities Offshore Fund, L.P.
Goldman Sachs Quantitative Commodities Master Fund Institutional, Ltd.
Goldman Sachs Quantitative Commodities Master Fund Offshore, Ltd.
Goldman Sachs Quantitative Commodities Master Fund, LLC
Goldman Sachs Quantitative Strategies Emerging Markets Master Fund, L.P.
Goldman Sachs SMC Credit Opportunities 2008 Fund, L.P.
Goldman Sachs Trust - Goldman Sachs Core Plus Fixed Income Fund (103172)
The Goldman Sachs Foundation (105002)
The Goldman Sachs Trust Company N.A. acting as Trustee of Goldman Sachs Collective Trust
Fixed Income Funds - Long Duration Plus Fixed Income Fund (103195)
Health Super Pty Ltd acting as Trustee of the Health Super Fund (103206)
HSBC Bank Pension Trust (UK) Limited acting as Trustee of the HSBC Bank (UK) Pension
Scheme (103196)
ICL Pension Trust Ltd acting as Trustee of the ICL Common Investment Fund (103186)
Intel Corporation Retirement Profit Sharing Plan
ITV Pension Scheme Limited acting as Trustee of the ITV Pension Scheme (103124)
JPMorgan Chase 401(k) Savings Plan (609343)
J Sainsbury Common Investment Fund Limited acting as Trustee of the J Sainsbury Pension &
Death Benefit Scheme and the J Sainsbury Executive Pension Scheme (100958)
Korea Investment Corporation (Enhanced Passive Global Fixed Income Plus Portfolio) (103225)
Liberty Harbor Master Fund I, L.P.
Marks & Spencer Pension Trust Limited (103123)
Ministry of Economy and Finance of the Republic of Panama (100592)
National Railroad Retirement Investment Trust (Active Country and Currency Strategy) (103637)
Northern Trust Fund Services (Ireland) Ltd. on behalf of the IBM Global Strategy Fund, Global
Bond Sub-Fund (103644)
Queensland Investment Corporation as Trustee of QIC Diversified Fixed Interest Fund No. 1
(103250)
South Africa Reserve Bank (100007)
State Board of Administration of Florida (103233)
State Street Cayman Trust Company, Ltd acting as Trustee of Global LIBOR Alpha Cayman
Unit Trust in respect of its sub-trust GMT LIBOR Alpha Cayman Unit Trust (103001)
Trustees of Hospital Authority Provident Fund Scheme acting as Trustee for Hospital Authority
Provident Fund Scheme (103025)
The Trustees of the Scotia Gas Networks Pension Scheme (103630)
The Trustees of the Serco Pension and Life Assurance Scheme (103184)
Trustees of The Tyco UK Pension Common Investment Fund (103066)
UBS Global Asset Management (Americas) Inc. acting as Manager of UBS PACE Select
Advisors Trust re UBS PACE Alternative Strategies Investments Portfolio (103224)
Verizon Veba Partnership Fundamental Currency Overlay - Trading Account (105064)

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

## OBJECTION OF CREDITORS TO THE DEBTORS' MOTION
## TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES

The undersigned parties – creditors of Lehman Brothers Holdings Inc. ("LBHI")

and its affiliated debtors (the "Debtors") who have submitted Derivative Questionnaires[2] on

behalf of themselves or clients in the above-captioned preceding (the "Creditors") – by and

through their undersigned counsel, hereby submit this objection (the "Objection") to the motion

(the "Disclosure Motion") [Dk. 48939] of LBHI as Plan Administrator and on behalf of its

affiliates, together with the Creditors Committee ("Movants"), pursuant to section 107(a) of the

Bankruptcy Code, to allow disclosure of the derivative questionnaires, notwithstanding the

Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule

3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and

Manner of Notice Thereof and Approving the Proof of Claim Form [Dk. 4271] (the "Bar Date

Order").

In support of their Objection, the Creditors respectfully state as follows:

---

[1] Extended by agreement of counsel to the Movants with respect to the Creditors (both as defined below).

[2] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Disclosure Motion (as defined below).

## PRELIMINARY STATEMENT

1.      The Derivative Questionnaires submitted by the Creditors in these

proceedings reflect a massive amount of commercially sensitive, proprietary and otherwise

confidential information.  Accordingly, the Bar Date Order negotiated by the Creditors and the

estate, and so-Ordered by this Court, protects that material from public disclosure and treats it as

confidential.  The Movants' Disclosure Motion, which seeks permission to strip the Derivative

Questionnaires of any confidentiality protection – providing for disclosure of those materials

with no confidentiality designation and for their public disclosure in Court filings – ignores the

Bar Date Order that the Creditors relied upon and should be denied for that reason alone.

2.      The Derivative Questionnaires were submitted to the Debtors in reliance

on the confidentiality protections provided by the Court's Bar Date Order, and they have been

subsequently produced to other parties in these proceedings subject to the strongest

confidentiality designations.  The Disclosure Motion provides no basis in law or fact for now

throwing away that regime.  The Movants' position is not only entirely inconsistent with both the

Bar Date Order itself and the Debtors' and Movants' own subsequent conduct, but also fails to

prove any basis for disturbing the Bar Date Order or otherwise to overcome – by failing to

demonstrate a "compelling need" to modify the confidentiality protections here – the

presumptive unfairness of making such an after-the-fact modification.

## ARGUMENT

I.      **The Bar Date Order Restricts Access To The Derivative Questionnaires, And The
        Creditors Relied On That Protection**

3.      The Debtors expressly agreed to keep the Derivative Questionnaires

confidential by restricting their disclosure to "the Debtors, the Creditors' Committee and their

respective advisors and counsel."  Bar Date Order at 9.  Although information submitted in

connection with proofs of claims is typically not filed under seal, because of the Debtors' "truly

unprecedented," requests for information in connection with the Derivative Questionnaires, *see,

e.g.*, Barclays Obj. at ¶ 28 & n.6,[3] the Debtors promised and agreed to afford the Derivative

Questionnaires this special protection, Debtors' Reply at Ex. A, ¶ 6.[4]  As a result, and having

determined that it was "in the best interests of the Debtors, its creditors and all parties in

interest," Bar Date Order at 2, the Court entered an Order providing that:

> [T]he information submitted on the website http://www. lehman-claims.com
> in respect of Derivative Contracts and Guarantees **will not be accessible** on
> the website ***other than by the party that submitted such information, the
> Debtors, the Creditors' Committee and their respective advisors and
> counsel***.

*Id.* at 9 (emphasis added).

4.       This language was included to address the Creditors' concerns over the

confidentiality of the Derivative Questionnaires.  As the Debtors themselves explained and

represented to the Court in urging the Court to so-Order the Bar Date Order, the above-quoted

language was included in response to Creditors' objections that the Debtors had "fail[ed] to

address whether the information uploaded to the website will be confidential, may be redacted

prior to submission to protect proprietary or confidential information, and whether such

information would be disclosed to other parties without a court order." [5]  Debtors' Reply at Ex.

---

[3] *See, e.g.*, Objection of Barclays Capital, Inc., Barclays Bank plc, and their affiliates to the Mot. Of the Debtors,
Pursuant to Section 502(b)(9) of the Bankr. Code and Bankr. Rule 3003(c)(3), for Establishment of the Deadline for
Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim
Form (the "Barclays Obj.") (June 11, 2009) [Dk. 3820].

[4] Debtors' Omnibus Reply to Objections to Mot. Pursuant to Section 502(b)(9) of the Bankr. Code and Bankr. Rule
3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of
Notice Thereof and Approval of the Proof of Claim Form (the "Debtors' Reply") (June 23, 2009) [Dk. 4113].

[5] The Movants admit that the confidentiality language was added to address the Creditor's objection "that the
proposed order failed to address whether the uploaded information could be redacted and/or would be disclosed to
other parties without court order," Disclosure Mot. ¶ 3, conspicuously omitting that they contemporaneously
characterized the objection as addressing "whether the information uploaded to the website **will be confidential**,"
Debtors' Reply at Ex. A., ¶ 6 (emphasis added).  Movants' omission of this language appears to be in furtherance of
their equivocation that "[n]o specific findings were made with respect to the confidential nature of the information

A, ¶ 6; June 26, 2009 Tr. at 94:10-25 ("[D]ue to many of the concerns received from

counterparties as to the derivative questionnaire specifically, the derivative questionnaire will be

a separate Web site . . . [and] will not be viewable or accessible . . . [s]o no party will be able to .

. . view the submissions information of another party.").[6]

5.      The Creditors accordingly relied on the protection set forth in the Bar Date

Order when they submitted the Derivative Questionnaires to the Debtors, which in turn enabled

the Debtors to obtain access to information beyond what a proof of claim would normally

require.

## II.    The Debtors' And Movants' Course Of Conduct Demonstrates That They Understood That The Derivative Questionnaires Are Confidential

6.      Further, the Movants' contention that the Derivative Questionnaires do not

contain confidential information, Disclosure Mot. at ¶¶ 3, 5, 13, cannot be reconciled with the

Debtors' and Movants' conduct following entry of the Bar Date Order, which establishes that

they understood that the information contained in the Derivative Questionnaires is confidential:

7.      *First*, the Debtors and Movants clearly recognized the need to maintain

confidentiality when they produced the Derivative Questionnaires of certain banks (the "Bank

Group"[7]) in response to discovery requests in adversary proceedings with Citibank[8] and JP

Morgan.[9]  Consistent with the Bar Date Order, in November 2012 and June 2014, LBHI noticed

---

submitted in connection with the Derivative Questionnaires," despite language significantly restricting to whom the Derivative Questionnaires could be disclosed.  *See* Disclosure Mot. ¶ 3.  This is a distinction without a difference.

[6] Hr'g Tr., *In re LBHI*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. June 26, 2009) (the "June 26, 2009 Tr.") [Dk. 4183]. A copy of the relevant portions of the June 26, 2009 Tr. is attached as Exhibit A.

[7] Bank of America N.A, Barclays Bank plc, BNP Paribas SA, Citadel LLC, Deutsche Bank AG, Goldman Sachs Group Inc., Merrill Lynch & Co. Inc., Morgan Stanley Capital Group Inc., Morgan Stanley Capital Services Inc., Morgan Stanley & Co. International plc, Royal Bank of Scotland PLC, Société Générale SA, UBS AG (the "Bank Group").

[8] *LBHI v. Citibank, N.A., et al.*, Adv. Proc. No. 12-01044 (SCC) (Bankr. S.D.N.Y.).

[9] *LBHI v. JPMorgan Chase Bank, N.A., et al.,* Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

the Bank Group of their intent to produce the Derivative Questionnaires – as "Highly

Confidential" – to Citibank and JP Morgan respectively.[10]  Further, in the Citibank proceeding,

the Bank Group entered into an agreement with the Debtors and the Creditors Committee

designating correspondence between LBHI and the Bank Group that reflected the Bank Group's

valuations of their derivatives claims as "Highly Confidential Bank Discovery Material," which

provided protection beyond what was given in the amended protective order in that action.

8.      *Second*, LBHI reaffirmed the confidentiality of the Derivative

Questionnaires until as recently as nine days prior to filing the Disclosure Motion; indeed, *LBHI*

*itself cited to and relied on the confidentiality of the Derivative Questionnaires to assert that*

*postpetition interest demands against certain solvent Debtors (the "PPI Demands") should not*

*be publicly accessible*.  *See* March 11, 2015 Tr. 20:24-22:4[11] (explaining that "derivatives

questionnaires were . . . not accessible on the public website where they [*sic*] claims docket is

available").   Moreover, LBHI argued that the PPI Demands should be kept confidential, noting

that that the information contained in those demands was "analogous to the derivatives

questionnaires."  *Id.* at 21:8-14.[12]  There is no principled basis on which LBHI can

simultaneously demand the confidentiality of the "much more limited" PPI Demands on the one

hand, and demand public disclosure of the Derivative Questionnaires on the other.  *Id.*

---

[10] *See, e.g.*, Letters from LBHI to various banks, dated November 30, 2012; Letters from LBHI to various banks, dated June 13, 2014.  LBHI similarly provided notice to the Bank Group in September 2013 of their intent to produce as "Highly Confidential."  *See, e.g.*, Letters from LBHI to various banks, dated September 4, 2013.  Copies of Letters from LBHI to various banks, dated November 30, 2012, September 4, 2013 and June 13, 2014 are attached as Exhibits B, C and D respectively.

[11] Hr'g Tr., *In re Lehman Bros. Inc.*, No. 08-1420 (SCC) SIPA (Bankr. S.D.N.Y. Mar. 11, 2015) (the "March 11, 2015 Tr.").  A copy of the relevant portions of the March 11, 2015 Tr. is attached as Exhibit E.

[12] In arguing against disclosure of the "analogous" PPI Demands, LBHI represented to the Court that "[t]here is no reason to require that [PPI Demands] be made publicly available" explaining that "derivative-based claims involve bespoke contracts between different counterparties" and that making the PPI Demands "publicly available would serve no purpose other than perhaps to facilitate claims trading or to advance certain parties' parochial litigation interests."  Omnibus Reply to Objections to Mot. of the Plan Administrator in Aid of Execution of the Plan to Establish a Bar Date for Postpetition Interest Against Lehman Brothers OTC Derivatives Inc. [("LOTC")] and Lehman Brothers Commercial Corporation [("LBCC")], ¶ 20 (the "LBHI PPI Reply") (March 9, 2015) [Dk. 48784].

### III.    The Movants Cannot Meet The Applicable Burden For Establishing A Basis For Relief From The Bar Date Order Under Fed. R. Civ. P. 60(b)

9.    With certain limited exceptions that are not present here, Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60 of the Federal Rules of Civil Procedure, which expressly governs "Relief from a Judgment or Order," applicable in bankruptcy proceedings.  Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.  Rule 60(b) provides for "extraordinary judicial relief," that may only be granted in "exceptional circumstances."  *In re Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd,* Nos. 10 Civ. 2493(AKH), 09-50002(AJG), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd, Mauro Motors Inc. v. Old Carco LLC*, 420 F. App'x 89 (2d Cir. 2011) (internal citations omitted).

10.    Here, where the Movants seek relief from the Bar Date Order, the Rule 60 standard is plainly applicable.  *See, e.g.*, Disclosure Mot. at ¶ 5 (pursuant to the Bar Date Order, Debtors have only been able to produce Derivative Questionnaires by providing notice of production to each of the affected counterparties"); *id.* at Ex. B ("ORDERED that, *notwithstanding anything to the contrary in the Bar Date Order*, Debtors are authorized to use and produce the Derivative Questionnaires as discovery materials in any Lehman-related adversary proceeding or claim objection . . .") (emphasis added).   As Judge Peck remarked at the time he entered the Bar Date Order:

> Any procedures that we adopt will be strictly enforced. There'll be no slippery slopes … [T]he procedures that I want to adopt are the procedures that everybody will comply with … I want to make sure that when I approve the procedures I don't, nine months from now, have a hearing like I had today on the sale hearing in which somebody says we didn't think of something we should have thought of.

June 26, 2009 Tr. at 112:13-16, 114:11-14; *see also In re U.S. Energy Sys., Inc.*, No. 12 Civ. 7107, 2013 WL 5204010, at *3-4 (S.D.N.Y. Sept. 16, 2013) (considering a motion for relief from a Bar Date Order under Rule 60(b)).

11.    In the Disclosure Motion, however, the Movants make no effort to
demonstrate how they meet their burden under Rule 60 leading to the inexorable conclusion that
they fail to satisfy its standards.  Indeed, pursuant to Rule 60(c)(1), "[a] motion under Rule 60(b)
must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year
after the entry of the judgment or order or the date of the proceeding."  Given that the Bar Date
Order was entered almost six years ago, it is impossible for the Movants to satisfy this
requirement.

## IV.    The Movants Cannot Overcome The Heavy Presumption Against Modifying Confidentiality Provisions

12.    Even if the Court finds that Rule 60 is not applicable, the Second Circuit
has long held that a protective order that "has been entered and relied upon . . . should not be
modified 'absent a showing of improvidence in the grant of the order or some extraordinary
circumstances or compelling need.'"  *Teligent, Inc. v. K&L Gates LLP (In re Teligent, Inc.)*, 640
F.3d 53, 59 (2d Cir. 2011) (citation omitted) (noting "strong presumption against the [order's]
modification"); *In re Almatis B.V.*, No. 10-12308 (MG), 2010 WL 4877868, at *6 (Bankr.
S.D.N.Y. Nov. 24, 2010) (same).  Moreover, it is "presumptively unfair for courts to modify
protective orders which assure confidentiality and upon which the parties have reasonably
relied."  *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (citation omitted).  In
such cases, "the mere fact the information was disclosed pursuant to a protective order suggests
that reliance can be presumed."  *Ionosphere Clubs, Inc. v. Am. Nat'l Bank and Trust Co. of Chi.
(In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 434 (S.D.N.Y. 1993).  The Movants have not, and
cannot, overcome this heavy presumption:

13.    *First*, the Creditors disclosed the Derivative Questionnaires in reliance on
the Bar Date Order's provision that the information would not be made publicly available, a

provision which the Debtors represented to the Creditors – and to the Court that granted the

Order – was included to address the Creditors' objection that the "Bar Date Motion[13] fails to

address whether the [Derivative Questionnaires] will be confidential."  Debtors' Reply at Ex. A,

¶ 6.  It was by agreeing to strictly protect the confidentiality of the Derivative Questionnaires that

the Debtors were able to obtain information that would otherwise have only been disclosed after

extensive discovery and litigation.  Further, "a party to the stipulations which became the basis

of the Protective Orders, . . . cannot now object to the Protective Orders." *Ionosphere Clubs*, 156

B.R. at 431 ("The parties voluntarily entered into [the stipulations] in order to facilitate discovery

. . . Plaintiffs are now attempting to abrogate that agreement . . . Plaintiffs cannot now attempt to

undo what they have willingly wrought." (citation omitted)).  Likewise, the Movants cannot now

seek to have undone the protection the Debtors agreed to provide the Creditors with respect to

their disclosures in the Derivative Questionnaires.

       14.    *Second*, the Movants' stated rationale for modifying the order and making

the documents public – to "avoid uncertainty" and to obviate the need for filing under seal – falls

far short of demonstrating a "compelling need."  *Med. Diagnostic Imaging, PLLC v. Carecore*

*Nat'l, LLC*, Nos. 06 Civ. 7764 (CS)(THK), 06 Civ. 13516 (VM)(THK), 2009 WL 2135294, at

*1, 2 (S.D.N.Y. July 16, 2009) (explaining that "the need for efficiency . . . is hardly an

extraordinary or compelling circumstance" and noting "stringent standard"); *cf. S.E.C. v.*

*TheStreet.Com,* 273 F.3d 222, 231-32 (2d Cir. 2001) (discussing, in comparison, strong interest

in public access to reports that assisted court "in the performance of its Article III function of

enforcing the consent decree [and were thus] 'judicial documents'") (citation omitted).  As

shown by the provisions of the Bar Date Order and by the statements of the Debtors and

---

[13] Mot. of the Debtors Pursuant to Section 502(b)(9) of the Bankr. Code and Bankr. Rule 3003(c)(3), for
Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and
Approval of the Proof of Claim Form (the "Bar Date Motion") (May 26, 2009) [Dk. 3654].

Movants on the record cited above, there is no "uncertainty" at all. Further, to the extent the Movants wish to ease their alleged administrative burdens, there are far less draconian ways to achieve that goal.

15.     *Third*, the Movants contend that the information is not confidential because "[m]ost of the data submitted . . . was originally obtained from publicly available market sources." *See* Disclosure Mot. ¶ 13. This is not correct. Although some of the data within the submitted information was from third-party sources and, thus, may have been public, as the Movants are well-aware, the information that each member of the Bank Group submitted was internal to each member and not publically available. For instance, certain of the submitted information included the close-out valuations of derivative trades that were derived from proprietary methodologies, marks and models as well as ISDA agreements (many of which reflect specific customizations). Members of the Bank Group submitted this sensitive commercial information in reliance on the Debtors' agreement in the Bar Date Order to treat the information as confidential. To allow sensitive commercial information derived from pricing methodologies, marks and models to become public would disclose the internal and propriety business practices of members of the Bank Group. For this reason, the Motion should be denied.

16.     *Fourth*, the Movants also contend that the information is not confidential because it is "more than six years old." *See* Disclosure Mot. ¶¶ 5, 13. The passage of time should not affect the confidential treatment of the information. The Bar Date Order did not contain an expiration date on the confidentiality protections of the information. It is common and accepted practice that confidentiality protections within protective orders do not expire unless expressly set forth in the order. This was not the case here. Furthermore, as set forth above, certain of the information reflects the close-out valuations of derivative trades that were derived from proprietary methodologies, marks and models as well as ISDA agreements with bespoke

features.  These methodologies, marks and models continue to be proprietary and in some

instances are still in use today by members of the Bank Group.  Thus, this information should

continue to be treated as confidential pursuant to the Bar Date Order.

17.      *Finally*, the Movants' attempt to reverse the presumption by arguing that

the Derivative Questionnaires are "judicial documents" is without merit; there is *no* colorable

argument that the highly technical commercial, financial, and proprietary information set forth in

the Derivative Questionnaires has been used in the performance of the judicial function of this

Court.  *See Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 163 (S.D.N.Y. 2003) (holding

that "motions, memoranda, and supporting documents relating to a discrete discovery issue . . .

are not judicial documents").[14]  To the extent information is used by the Court in its adjudication

of any of the remaining litigations to which the Debtors or Creditors are parties, the parties and

the Court can then conduct the analysis applicable to the ongoing confidential status of the

material at issue (as opposed to a wholesale de-designation of all of the material now, as the

Movants improperly request).

---

[14] The cases cited by the Movants stand for the general proposition that there is a preference for public access to
court records. *See, e.g.*, *Video Software Dealers Ass'n. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d
24, 28 (2d Cir. 1994) (denying motion to unseal promotional agreement holding that "courts interpreting § 107(b)
need not require that commercial information be equivalent of a trade secret before protecting such information");
*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978) (denying public access to subpoenaed Nixon tapes and
noting Court's "responsibility to exercise an informed discretion as to release of the tapes, with a sensitive
appreciation of the circumstances that led to their production").  The cases do not support the relief requested by the
Movants and in fact confirm that there is no preference whatsoever for making the Derivative Questionnaires
publicly available in order to – borrowing LBHI's words – "advance certain parties' parochial litigation interests."
LBHI PPI Reply at ¶ 20.

## CONCLUSION

18.    For the foregoing reasons, the Movants' Disclosure Motion should be

denied.


Dated: April 1, 2015
         New York, New York

                                              Respectfully submitted,

| CADWALADER, WICKERSHAM & TAFT LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| /s/ Ellen M. Halstead<br>Howard R. Hawkins, Jr.<br>howard.hawkins@cwt.com<br>Ellen M. Halstead<br>ellen.halstead@cwt.com<br>One World Financial Center<br>New York, NY 10281<br>212-504-6000 (phone)<br>212-504-6666 (fax)<br><br>*Attorneys for Morgan Stanley Capital Group Inc., Morgan Stanley Capital Services Inc. and Morgan Stanley & Co. International plc* | /s/ Carmine D. Boccuzzi, Jr.<br>Carmine D. Boccuzzi, Jr.<br>cboccuzzi@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for Goldman, Sachs & Co., Goldman Sachs Bank USA, Goldman Sachs Asset Management,  Goldman Sachs International, Goldman Sachs Lending Partners LLC, J. Aron & Company, and affiliates and clients listed on Schedule A* |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | MORGAN LEWIS & BOCKIUS LLP |
| /s/ Lindsee P. Granfield<br>Lindsee P. Granfield<br>lgranfield@cgsh.com<br>Boaz S. Morag<br>bmorag@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for Barclays Bank plc, Barclays Bank S.A., Barclays Capital Inc., Barclays Capital Securities Limited, Barclays Multi-Manager Fund PLC, Barclays Wealth Managers France SA and Absa Bank Limited* | /s/ Joshua Dorchak<br>Joshua Dorchak<br>joshua.dorchak@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178<br>212-309-6614 (phone)<br>212-309-6001 (fax)<br><br>*Attorneys for Deutsche Bank AG, Deutsche Bank AG, London Branch, DB Energy Trading LLC and UBS AG* |

| MAYER BROWN LLP | MAYER BROWN LLP |
|---|---|
| /s/ Christopher J. Houpt<br>Christopher J. Houpt<br>choupt@mayerbrown.com<br>1221 Avenue of the Americas<br>New York, NY 10020<br>212-506-2500 (phone)<br>212-849-5830 (fax)<br><br>*Attorneys for Société Générale* | /s/ Mark G. Hanchet<br>Mark G. Hanchet<br>mhanchet@mayerbrown.com<br>1221 Avenue of the Americas<br>New York, NY 10020<br>212-506-2500 (phone)<br>212-849-5830 (fax)<br><br>*Attorneys for BNP Paribas SA* |
| PROSKAUER ROSE LLP | SHEARMAN & STERLING LLP |
| /s/ Irena Goldstein<br>Irena Goldstein<br>igoldstein@proskauer.com<br>Eleven Times Square<br>New York, NY 10036<br>212-969-3000 (phone)<br>212-969-2900 (fax)<br><br>*Attorneys for The Royal Bank of Scotland plc.* | /s/ Daniel H.R. Laguardia<br>Daniel H.R. Laguardia<br>daniel.laguardia@shearman.com<br>599 Lexington Avenue<br>New York, NY 10178<br>212-848-4731 (phone)<br>212-848-4731 (fax)<br><br>*Attorneys for Bank of America, N.A. and Bank of America Corporation as successor by merger to Merrill Lynch & Co., Inc.* |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| /s/ Sean A. O'Neal<br>Sean A. O'Neal<br>soneal@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for Magnetar Capital Master Fund, Ltd, Magnetar Constellation Master Fund, Ltd, Magnetar Constellation Fund II, Ltd, Magnetar Constellation Master Fund III, Ltd, Magnetar Structured Credit Fund, LP* | /s/ Thomas J. Moloney<br>Thomas J. Moloney<br>tmoloney@cgsh.com<br>One Liberty Plaza<br>New York, NY 10006<br>212-225-2000 (phone)<br>212-225-3999 (fax)<br><br>*Attorneys for D. E. Shaw Composite Portfolios, L.L.C., D. E. Shaw Dihedral Portfolios, L.L.C., D. E. Shaw Laminar Portfolios, L.L.C., D. E. Shaw Oculus Portfolios, L.L.C., D. E. Shaw Valence Portfolios, L.L.C.* |

## SCHEDULE A

AMP Capital Investors Limited on behalf of FD International Bond Fund 3 (103038)
The Babcock Pension Trust Limited acting as Trustee of the Babcock International Group plc
Group Pension Scheme (103042)
Bell Atlantic Master Trust
The Boeing Company Employee Retirement Plan Master Trust
BOC Pensions Limited acting as Trustee of the BOC Pension Investment Fund (100314)
Central States, Southeast & Southwest Areas Pension Fund
Coal Staff Superannuation Scheme Trustees Limited acting as Trustee of the British Coal Staff
Superannuation Scheme (100808) c/o Goldman Sachs Asset Management International
Coal Staff Superannuation Scheme Trustees Limited acting as Trustee of the British Coal Staff
Superannuation Scheme (Investment Grade Corporate Credit) (103285)
Commonwealth Bank Officers Superannuation Corporation Pty Limited as Trustee for the
Officers' Superannuation Corporation Fund (103254)
CR Firenze Gestion Internationale S.A. acting as Manager of the Giotto Lux Fund - Global
Credit Bond Portfolio (103232)
De La Rue Pension Trustee Limited acting as Trustee of the De La Rue Pension Scheme (103125)
The Foundation for Social Entrepreneurs acting as Trustee of the Millenium Awards Trust
(100665)
Goldman Sachs & Co. Profit Sharing Master Trust
Goldman Sachs Catastrophe Risk Premium Opportunities Master Fund II, L.P.
Goldman Sachs Credit Opportunities 2008 Master Fund, L.P.
Goldman Sachs Credit Opportunities Institutional 2008 Fund, L.P.
Goldman Sachs Dynamic Risk Master Fund Offshore, Ltd.
Goldman Sachs Emerging Markets Opportunities Fund Offshore, Ltd
Goldman Sachs Emerging Markets Opportunities Fund Offshore, Ltd.
Goldman Sachs Emerging Markets Opportunities Fund, LLC
Goldman Sachs Euro Core Liquidity Fund (100342)
Goldman Sachs Funds – Goldman Sachs Euro Fixed Income Plus Portfolio
Goldman Sachs Funds – Goldman Sachs Sterling Broad Fixed Income Plus
Goldman Sachs Funds SICAV -
Goldman Sachs Funds SICAV –
Goldman Sachs Funds SICAV – Goldman Sachs Global
Goldman Sachs Global Alpha Dynamic Risk Fund, LLC
Goldman Sachs Global Alpha Fund plc
Goldman Sachs Global Alpha Fund, L.P.
Goldman Sachs Global Currency Fund – Dollar Plus (100057)
Goldman Sachs Global Currency Fund – Euro Plus (100058)
Goldman Sachs Global Currency Fund (100050)
Goldman Sachs Global Opportunities Fund, LLC
Goldman Sachs Global Opportunities Fund Offshore, Ltd.
Goldman Sachs GSIP Master Company (Ireland) Limited
Goldman Sachs International Bank, Seoul Branch
Goldman Sachs Investment Partners Master Fund, L.P.
Goldman Sachs LIP Credit Opportunities 2008 Fund, L.P.
Goldman Sachs Liquidity Partners 2007 Offshore, L.P.

Goldman Sachs Liquidity Partners 2007, L.P.
Goldman Sachs Mortgage Credit Opportunities Fund, L.P.
Goldman Sachs Mortgage Credit Opportunities Offshore Fund, L.P.
Goldman Sachs Quantitative Commodities Master Fund Institutional, Ltd.
Goldman Sachs Quantitative Commodities Master Fund Offshore, Ltd.
Goldman Sachs Quantitative Commodities Master Fund, LLC
Goldman Sachs Quantitative Strategies Emerging Markets Master Fund, L.P.
Goldman Sachs SMC Credit Opportunities 2008 Fund, L.P.
Goldman Sachs Trust - Goldman Sachs Core Plus Fixed Income Fund (103172)
The Goldman Sachs Foundation (105002)
The Goldman Sachs Trust Company N.A. acting as Trustee of Goldman Sachs Collective Trust
Fixed Income Funds - Long Duration Plus Fixed Income Fund (103195)
Health Super Pty Ltd acting as Trustee of the Health Super Fund (103206)
HSBC Bank Pension Trust (UK) Limited acting as Trustee of the HSBC Bank (UK) Pension
Scheme (103196)
ICL Pension Trust Ltd acting as Trustee of the ICL Common Investment Fund (103186)
Intel Corporation Retirement Profit Sharing Plan
ITV Pension Scheme Limited acting as Trustee of the ITV Pension Scheme (103124)
JPMorgan Chase 401(k) Savings Plan (609343)
J Sainsbury Common Investment Fund Limited acting as Trustee of the J Sainsbury Pension &
Death Benefit Scheme and the J Sainsbury Executive Pension Scheme (100958)
Korea Investment Corporation (Enhanced Passive Global Fixed Income Plus Portfolio) (103225)
Liberty Harbor Master Fund I, L.P.
Marks & Spencer Pension Trust Limited (103123)
Ministry of Economy and Finance of the Republic of Panama (100592)
National Railroad Retirement Investment Trust (Active Country and Currency Strategy) (103637)
Northern Trust Fund Services (Ireland) Ltd. on behalf of the IBM Global Strategy Fund, Global
Bond Sub-Fund (103644)
Queensland Investment Corporation as Trustee of QIC Diversified Fixed Interest Fund No. 1
(103250)
South Africa Reserve Bank (100007)
State Board of Administration of Florida (103233)
State Street Cayman Trust Company, Ltd acting as Trustee of Global LIBOR Alpha Cayman
Unit Trust in respect of its sub-trust GMT LIBOR Alpha Cayman Unit Trust (103001)
Trustees of Hospital Authority Provident Fund Scheme acting as Trustee for Hospital Authority
Provident Fund Scheme (103025)
The Trustees of the Scotia Gas Networks Pension Scheme (103630)
The Trustees of the Serco Pension and Life Assurance Scheme (103184)
Trustees of The Tyco UK Pension Common Investment Fund (103066)
UBS Global Asset Management (Americas) Inc. acting as Manager of UBS PACE Select
Advisors Trust re UBS PACE Alternative Strategies Investments Portfolio (103224)
Verizon Veba Partnership Fundamental Currency Overlay - Trading Account (105064)

# EXHIBIT A

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case Nos. 08-13555(JMP); 08-01420(JMP)(SIPA)

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS HOLDINGS, INC., et al.



            Debtors.

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


LEHMAN BROTHERS INC.



            Debtor.

- - - - - - - - - - - - - - - - - - - -x

            United States Bankruptcy Court

            One Bowling Green

            New York, New York


            June 24, 2009

            10:15 AM

B E F O R E :

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

1    precisely what we're dealing with today.

2           MR. WAISMAN:  Your Honor, on the blackline that I've

3    handed up to the Court, as well as the blackline that was

4    handed out to the parties before the commencement of the

5    hearing, the first change appears on page 2.  And there we have

6    a -- we pushed back the bar date for one week to accommodate

7    the fact that this hearing is now one week later.  And we do,

8    in fact, want to make sure we provide parties-in-interest with

9    at least sixty days' notice of the bar date, ultimately.

10          The next change would appear on page 4 of the

11   blackline.  And this is the carve-out as to entities that do

12   not have to file proofs of claim.  Paragraph G there was

13   modified just to add (i) and (ii) to make clear who this

14   applies to.

15          Paragraph (h) was a modification made at the request

16   of Wilmington Trust as indentured trustee, and to make clear

17   that the reason we have a master list of securities is that we

18   have been in discussions with several indentured trustees who

19   have represented to us that they intend to file proofs of claim

20   on behalf of an entire issuance and, therefore, there's no

21   reason for individual holders to file what would essentially

22   be, at that point, duplicative claims.

23          And to the extent we've been in those conversations

24   and we have proper representations that those proofs of claim

25   will indeed be filed, we've implemented a process that will

08-13555-scc    Doc 46182    Filed 08/20/14    Entered 08/20/14 15:27:30    Main Document
                                          Pg 31 of 78

91

1  avoid, hopefully avoid, probably hundreds of thousands, if not

2  millions, of proofs of claim.

3       I turn to page 5.  The modifications on page 5,

4  again, relate back to the master list of securities and go to a

5  number of the comments made in objections that people would

6  like a more formalized process by which they have to submit

7  inquiries as to whether their security is or can be listed on

8  the master list of securities and that the debtors have a

9  deadline by which they have to reply to folks so that they

10  indeed know whether or not they have to file a proof of claim.

11  And we set out here a clear process with deadlines and

12  ultimately a date by which the master list of securities, as

13  posted, is final, and no changes will be made.  So people do

14  know when they have to, if they have to, file proofs of claim

15  or they're exempt.

16       In addition, and this is one of the new changes, the

17  first Ordered paragraph subsequent to the larger one on page 5,

18  at the request of the creditors' committee we've inserted an

19  ordered paragraph here that the master list of securities, in

20  its initial form, will be published by no later than tomorrow

21  at noon.  In fact, we've represented that we'll endeavor to

22  file it today, but certainly by no later than noon tomorrow so

23  that people can start reviewing it and start submitting their

24  questions.  In response to a number of objections, we've made

25  clear that any security listed on the master list of securities

92

1    is not a derivative contract and therefore does not have to

2    comply with the derivative procedures; and the final ordered

3    paragraph that a holder of a security that is guaranteed by a

4    debtor must file a claim against that debtor, again, just

5    clarifying and consistent with the Bankruptcy Code.

6           On page 6, we've made clear that proofs of claim must

7    denominate claims in U.S. dollars.  And then in the next

8    addition, at the bottom of that page, in response to many, many

9    of the objections that we include a more precise definition of

10   derivative contract, we have revised the definition, included

11   it here.  And this is a definition we've come to in our

12   conversations with many of the objectors.

13          I will note that it's almost impossible to get

14   unanimity of views on this issue, but this definition is one

15   that the debtors believe clearly reflects what are derivative

16   contracts and seems to meet the concerns of many of the

17   parties.

18          There was one additional modification made last night

19   at the request of the creditors' committee, and that's in

20   romanette -- not romanette -- V in the parentheticals towards

21   the end of that paragraph.  And that's to insert a repurchase

22   agreement, that a repurchase agreement would be included in the

23   definition of a derivative contract.

24          Page 7, quite important here.  The changes on page 7

25   relate to the counterparties to derivative contracts and the

08-13555-scc   Doc 50406   Filed 04/06/15   Entered 04/06/15 15:52:18   Main Document
Pg 30 of 79

93

1    procedures they must follow in filing their claims.  And an

2    important, and hopefully very helpful, modification here and

3    one made at the request of many of the parties, which is, we

4    understand the procedures and that this information needs to be

5    submitted, but sixty days it not enough and we need additional

6    time.  The compromise there is the debtors will have a bar date

7    that will be subject to this Court's approval, a date, a fixed

8    date, hopefully September 1st, by which all parties must file

9    proofs of claim unless otherwise exempted, and that would

10   include counterparties on derivative contracts.

11        However, here, the debtors have given derivative

12   counterparties an additional thirty days to upload their

13   information onto the specialized Web site for derivative

14   contracts and, therefore, folks will not have to -- while

15   they'll have to submit their proof of claim by September 1st,

16   will not have to complete the questionnaire and upload it

17   until -- or will have to submit it and upload it before October

18   1st.  So a total of, really, ninety days' worth of notice to

19   comply with the procedures for derivative counterparties.

20        Page 8, modifications there, clarifying language that

21   if you have a claim against a debtor based on a guaranty of a

22   derivative contract that was not issued by a debtor, you do in

23   fact have to complete both the guaranty questionnaire and the

24   derivative questionnaire, but of course you have the

25   additional -- you're afforded the additional thirty days to

94

1    complete the derivative questionnaire.

2         On page 9, in order to accommodate the numerous

3    international protocols and the general cooperative nature

4    among the various administrators, the debtors do require that

5    such administrators file proofs of claim by September 1st, but

6    they will not need to complete the derivative questionnaire.

7    And those administrators will continue to work through the

8    protocol process in providing information to the debtors and

9    quantifying those claims.

10        The next paragraph, inserted paragraph, on page 9,

11   the claims process we're all familiar with involves a claims

12   agent that has a publicly attestable Web site where one's

13   proofs of claim are submitted; they're available on the Web

14   site to any member of the public.  The general proof of claim

15   Web site here maintained by Epiq Systems will not be any

16   different.  Proofs of claim that are filed need to be, as part

17   of the Court's records, publicly available.  But due to many of

18   the concerns received from counterparties as to the derivative

19   questionnaire specifically, the derivative questionnaire will

20   be a separate Web site.  And as parties upload information, it

21   will not be viewable or accessible other than by the party

22   making the submission and by the debtors and the creditors'

23   committee.  So no party will be able to go onto the derivative

24   questionnaire Web site and view the submissions information of

25   another party.

1    procedures as to one narrow type of claim are appropriate and

2    necessary.

3            But that aside, the declaration is submitted in

4    response to the objections that were filed, objections that --

5    objectors that had every opportunity to submit their own

6    declarations, their own evidence, elected not to, instead made

7    assertions of counsel as to factual matters.  And the debtors

8    offer a declaration on those narrow points.

9            The declaration is not -- cannot serve as the reason

10   to delay the implementation of a bar date and the continued

11   forward progress of these cases.  And, I submit, Your Honor

12   very well knows the manner in which things happen in these

13   cases.  Any delay as to a declaration which ultimately likely

14   isn't necessary but, if it is, is submitted in response and is

15   very narrow, will lead to full-blown discovery on a bar date

16   motion, which wouldn't be appropriate, but there's no doubt

17   that that's where this will end up.

18           THE COURT:  Let me break in and just mention that, in

19   effect, we define away the problem by talking about this as if

20   it's just a bar date motion.  The evidentiary problem, I think,

21   is that the premise underlying the debtors', in my view,

22   reasonable request that there be some extraordinary procedures

23   applicable to proofs of claim relating to derivatives

24   nonetheless, as they used to say on Perry Mason, assumes a fact

25   not in evidence.  It assumes that, in fact, the procedures that

1   you have cobbled together, I'm confident with the utmost of

2   good faith, and having called upon a tremendous amount of

3   skillful and knowledgeable people, in fact represent the right

4   approach under the circumstances.

5          The fact that there are so many objections that have

6   been generated by this process can lead to a number of possible

7   conclusions on my part, and I'm not going to assume the

8   motivation of the parties who have objected.  I assume that

9   parties object in good faith because they're concerned that the

10  procedures that are being proposed are either inappropriate,

11  contrary to law, require a level of effort that's not required

12  under applicable rules, changes the burden.

13         And so it seems to me that the evidentiary issue that

14  we're talking about is not quite as narrowly drawn as you've

15  just articulated.  I actually think that in order for me to

16  give you the order that you want, and I recognize that a

17  tremendous amount of work has gone into adjusting the form of

18  relief to accommodate objections, you also need to demonstrate

19  that extraordinary provisions are appropriate in the case of

20  derivatives and guaranty claims.  I'm confident you're right.

21  The problem is, as with most people in the room, I was trained

22  as a lawyer.  I didn't spend any of my adult life on Wall

23  Street.  I know what a derivative is, I think.

24         MR. WAISMAN:  You're ahead of me.

25         THE COURT:  But in terms of the actual work

112

1    associated with the six-step derivatives unwind processes

2    described in the affidavit, and whether or not six steps as

3    opposed to four steps as opposed to ten steps may be the right

4    approach, I don't have good answers.  Additionally, what I

5    don't know, because there's no evidence on it, and maybe

6    there's no need for evidence on it, is the burden, if any,

7    which is being imposed on counterparties in having to comply

8    with this questionnaire.

9         And since I've already indicated that I understand

10   the philosophy that underlies that saving paragraph that you

11   stuck into the order, I think the saving paragraph about

12   substantial compliance is an invitation to gaming the system,

13   and I don't like it.  Any procedures that we adopt will be

14   strictly enforced.  There'll be no slippery slopes so that the

15   procedures that I want to adopt are the procedures that

16   everybody will comply with.  But in order to develop those

17   procedures, I need to be assured that they're right and

18   appropriate and that they balance, under the circumstances of

19   this case, the relative burden.

20        I'm fully comfortable that under 105 and other

21   applicable provisions, given the unique circumstances of this

22   case, I have the authority to adopt specific procedures

23   relative to derivatives and guaranty claims and to deviate from

24   the standard proof-of-claim form.  That's not the issue.  The

25   issue is making sure that we do it right and that the right

113

1    input has been put into the mix.  I recognize that there has

2    been dialogue with the creditors' committee, that, no doubt,

3    you've had dialogue with various aggressive objectors, and that

4    the ultimate order may in fact be, under the circumstances, if

5    not perfect, close to workable.

6         I have questions whether we can get where we want to

7    get today because the record that I want to have established is

8    more than just the declaration on the six-step process.  I want

9    a record in which the debtor proves up the extraordinary nature

10   of the derivatives claims, the million transactions, the ten

11   thousand counterparties, the extraordinary burden on the estate

12   if procedures specially crafted to deal with the problem are

13   not adopted.

14        The nature of the derivative transactions that we're

15   talking about here, what's involved conventionally in

16   determining breakage associated with such transactions?  What

17   are the varying approaches to value?  What are the varying

18   approaches to claims articulation?  What proof is ordinarily

19   required in connection with presenting such claims?  What

20   happens in a nonbankruptcy setting when parties in the market

21   are involved in swap termination or derivative termination or

22   whatever may be the terminated contract?  I suspect that it may

23   be possible to analogize, from the free market approach, how

24   parties actually value these things when a party is out of the

25   money and exposed to a claim.  But I also expect that there may

1    be differences when parties are alive and functioning and have

2    multiple transactions.  So you can give a little on one in the

3    hope of getting one on another.

4         Here we're talking about dead Lehman Brothers.  This

5    is your one-time shot to maximize your recovery.  And it raises

6    questions in my mind as to how counterparties are going to

7    approach this process.  I want to know what Lehman's people

8    think about that process and how it can be most efficiently

9    managed, because we're not just talking about a questionnaire;

10   we're talking about the biggest administrative headache in this

11   case.  And for that reason, I want to make sure that when I

12   approve the procedures I don't, nine months from now, have a

13   hearing like I had today on the sale hearing in which somebody

14   says we didn't think of something we should have thought of.

15        So I'm not suggesting for a moment that a tremendous

16   amount of topflight work hasn't gone into where we are right

17   now.  I want a record that allows me to comfortably approve

18   those procedures.  And I don't think we're going to get it

19   today if all we're doing is cross-examining the witness whose

20   declaration I have.  Now, it could happen, and if everybody

21   consents to it we can do it at 2 o'clock, but that means that

22   the parties who have sought an adjournment of today's hearing

23   will all waive their objections.  And I'm prepared to have an

24   evidentiary hearing at 2.  I'll be here all afternoon.  But I'm

25   also prepared to do it another day when everybody who's

115

1    involved in this process can give some thought not only to

2    things I've said pretty much off the top of my head but also to

3    things that maybe I didn't think of, and maybe to the things

4    that I did wrong, so that we actually have a record relating to

5    proof of claim procedures as it relates to the derivative and

6    guaranty claims that supports the entry of an order that

7    provides for some extraordinary requirements which I view as

8    appropriate in concept but I need to be assured are appropriate

9    in application.

10           MR. WAISMAN:  Based upon Your Honor's comments, it's

11   clear Your Honor understands many of the issues that the

12   parties have struggled with and that have been of concern to

13   the debtors but not necessarily aired in connection with the

14   original presentation, and that's very much appreciated.

15   Perhaps the best way to proceed would be to adjourn to 2

16   o'clock, give the debtors an opportunity to consider the

17   Court's comments --

18           MS. GRANFIELD:  Can we just have a --

19           MR. WAISMAN:  Can I consult for a moment?

20           THE COURT:  Do you want to confer?

21       (Pause)

22           THE COURT:  So what came out of that huddle?

23           MR. WAISMAN:  That I'm overruled as to the request to

24   an adjournment to 2:00.  The recommendation here, Your Honor,

25   would be, to the extent Your Honor's offer of the 29th is open,

# EXHIBIT B

## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | KUWAIT CITY | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| BUENOS AIRES | MILAN | | FACSIMILE 212-697-1559 |
| DUBAI | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| FRANKFURT | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| HOUSTON | WASHINGTON, D.C. | | |
| ISTANBUL | | | |

WRITER'S DIRECT:
TEL.: 212-696-6132
E-MAIL: MMCGUFFEY@CURTIS.COM

November 30, 2012

## VIA FEDERAL EXPRESS

Ernest C. Goodrich, Jr., Esq.
Managing Director & Senior Counsel
Deutsche Bank AG
60 Wall Street
New York, NY 10005

> Re:  **Notice Pursuant to Section 2(c) of the Amended and Restated Settlement**
> **Negotiations Agreement Between Lehman and Deutsche Bank**

Dear Mr. Goodrich:

We are counsel to Lehman Brothers Holdings Inc. ("LBHI"), and represent LBHI in an adversary proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively, "Citibank") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), captioned *Lehman Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-13555 (JMP), Adv. Proc. No. 12-01044 (JMP) (Bankr. S.D.N.Y.).

We write to advise you that LBHI has received from Citibank requests for documents and information concerning settlement communications produced to LBHI by Deutsche Bank AG and Deutsche Bank Energy Trading LLC (collectively, "Deutsche Bank"), subject to the Amended and Restated Settlement Negotiations Agreement entered into as of April 25, 2011. These requests were made pursuant to Federal Rule of Civil Procedure 26 and Bankruptcy Rule 7026, and impose on LBHI a legal requirement to produce the requested documents and information. LBHI has identified documents, originally provided by Deutsche Bank, in its possession, custody and control that are responsive to Citibank's document requests.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW                  Page 2                  November 30, 2012

Please accept this letter as notice, pursuant to Section 2(c) of the Amended and
Restated Settlement Negotiations Agreement (the "Settlement Negotiations Agreement"), of
LBHI's intention to produce responses, documents, and supporting information submitted by
Deutsche Bank under the terms of the Settlement Negotiations Agreement in response to the
Lehman Brothers Derivatives Questionnaire.  The production will begin on August 22, 2012.
Please further note that the contemplated production would be deemed "Highly Confidential"
under the terms of the Confidentiality Stipulation and Protective Order ("Protective Order") in
this proceeding.  The Protective Order is enclosed for your review.

Sincerely,

Mitch McGuffey

Enc.

cc:    Christian Artmann, Esq.
       Director & Counsel
       Deutsche Bank AG
       60 Wall Street
       New York, NY 10005

13597835

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | KUWAIT CITY | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | **ATTORNEYS AND COUNSELLORS AT LAW** | TELEPHONE 212-696-6000 |
| BUENOS AIRES | MILAN | | FACSIMILE 212-697-1559 |
| DUBAI | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| FRANKFURT | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| HOUSTON | WASHINGTON, D.C. | | |
| ISTANBUL | | | |

WRITER'S DIRECT:
TEL.: 212-696-6132
E-MAIL: MMCQUFFEY@CURTIS.COM

November 30, 2012

## VIA FEDERAL EXPRESS

Mr. Kevin M. Behan
Senior Vice President
Bank of America, N.A.
Bank of America Tower
115 West 42nd Street
New York, NY 10036

Re: **Notice Pursuant to Section 2(c) of the Settlement Negotiations
Agreement Between Lehman and Bank of America**

Dear Mr. Behan:

      We are counsel to Lehman Brothers Holdings Inc. ("LBHI"), and represent LBHI in an adversary proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively, "Citibank") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), captioned *Lehman Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-13555 (JMP), Adv. Proc. No. 12-01044 (JMP) (Bankr. S.D.N.Y.).

      We write to advise you that LBHI has received from Citibank requests for documents and information produced to LBHI by Bank of America, N.A. ("Bank of America") and Merrill Lynch[1] (collectively, the "Counterparties"), subject to the Settlement Negotiations Agreement entered into as of March 10, 2010 and Supplement 1 executed on October 21, 2010. These requests were made pursuant to Federal Rule of Civil Procedure 26 and Bankruptcy Rule 7026, and impose on LBHI a legal requirement to produce the requested documents and

---

[1] Merrill Lynch covered entities include: Merrill Lynch Bank & Trust Co. FSB, Merrill Lynch Bank USA, Merrill Lynch Capital Services, Merrill Lynch Commodities (Europe) Limited, Merrill Lynch Commodities Inc., Merrill Lynch International, and Merrill Lynch International Bank Limited.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW                    Page 2                    November 30, 2012

information.  LBHI has identified documents, originally provided by the Counterparties, in its possession, custody and control that are responsive to Citibank's document requests.

Please accept this letter as notice, pursuant to Section 2(c) of the Settlement Negotiations Agreement, of LBHI's intention to produce responses, documents, and supporting information submitted by the Counterparties under the terms of the Settlement Negotiations Agreement in response to the Lehman Brothers Derivatives Questionnaire.  The production will begin on August 22, 2012.  Please further note that the contemplated production would be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order ("Protective Order") in this proceeding.  The Protective Order is enclosed for your review.

Sincerely,

Mitch McGuffey

Enc.

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON
ISTANBUL

KUWAIT CITY
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.   .

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

WRITER'S DIRECT:
TEL.: 212-696-6132
E-MAIL: MMCGUFFEY@CURTIS.COM

November 30, 2012

**VIA DHL**

Mr. Christopher Nicoll
Co-Head of Foreign Exchange Trading
Morgan Stanley & Co. International PLC
25 Cabot Square
Canary Wharf
London E14 4QA, England
United Kingdom

  **Re: Notice Pursuant to Section 2(c) of the Settlement Negotiations**
    **Agreement Between Lehman and Morgan Stanley**

Dear Mr. Nicoll:

    We are counsel to Lehman Brothers Holdings Inc. ("LBHI"), and represent LBHI
in an adversary proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd.,
Citigroup Financial Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively,
"Citibank") in the United States Bankruptcy Court for the Southern District of New York (the
"Court"), captioned *Lehman Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-
13555 (JMP), Adv. Proc. No. 12-01044 (JMP) (Bankr. S.D.N.Y.).

    We write to advise you that LBHI has received from Citibank requests for
documents and information concerning settlement communications produced to LBHI by
Morgan Stanley & Co. International PLC, Morgan Stanley & Co. Incorporated, Morgan Stanley
Capital Group Inc., and Morgan Stanley Capital Services Inc. (collectively, "Morgan Stanley"),
subject to the Settlement Negotiations Agreement between the Lehman entities and Morgan
Stanley.  These requests were made pursuant to Federal Rule of Civil Procedure 26 and
Bankruptcy Rule 7026, and impose on LBHI a legal requirement to produce the requested
documents and information.  LBHI has identified documents, originally provided by Morgan

Stanley, in its possession, custody and control that are responsive to Citibank's document requests.

Please accept this letter as notice, pursuant to Section 2(c) of the Settlement Negotiations Agreement, of LBHI's intention to produce responses, documents, and supporting information submitted by Morgan Stanley under the terms of the Settlement Negotiations Agreement in response to the Lehman Brothers Derivatives Questionnaire. The production will begin on December 14, 2012. Please further note that the contemplated production would be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order ("Protective Order") in this proceeding. The Protective Order is enclosed for your review.

Sincerely,

Mitch McGuffey

Enc.

# EXHIBIT C

## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | ISTANBUL | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| BUENOS AIRES | MILAN | | FACSIMILE 212-697-1559 |
| DUBAI | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| FRANKFURT | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| HOUSTON | WASHINGTON, D.C. | | |

WRITER'S DIRECT:
TEL.: 212-696-8829
E-MAIL: DMIZE@CURTIS.COM

September 4, 2013

## VIA FEDERAL EXPRESS

Mr. Christopher Nicoll
Co-Head of Foreign Exchange Trading
Morgan Stanley & Co. International PLC
25 Cabot Square
Canary Wharf
London E14 4QA, England
United Kingdom

> **Re:    Notice of Intent to Produce**
> **Correspondence Related to Derivatives Claims**

Dear Mr. Nicoll:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary
proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial
Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively, "Citibank") in the
United States Bankruptcy Court for the Southern District of New York, captioned *Lehman
Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-13555 (JMP), Adv. Proc. No.
12-01044 (JMP) (Bankr. S.D.N.Y.).

We write to provide notice of the contemplated production of documents relating
to the proofs of claim submitted by Morgan Stanley & Co. International PLC, Morgan Stanley &
Co. Incorporated, Morgan Stanley Capital Group Inc., and Morgan Stanley Capital Services Inc.
(collectively, "Morgan Stanley"), in the LBHI bankruptcy proceeding. Citibank has made a
number of requests regarding these claims pursuant to Federal Rule of Civil Procedure 26 and
Bankruptcy Rule 7026, including the following:

> • "All documents submitted by any of Lehman's Derivatives counterparties (other
> than Citi) in connection with the Derivatives Questionnaire Response or any
> Proof of Claim;"

16199277v1

- "All documents provided to Lehman in connection with the Derivatives Claims Settlement Framework, including documents provided by Derivatives counterparties other than Citi;"

- "All documents constituting market information received by Lehman from Derivatives counterparties other than Citi (whether or not received in connection with the Derivatives Questionnaire Response, Proofs of Claim, Derivatives Claims Settlement Framework, bilateral negotiations, mediations, or settlement negotiations), including without limitation Derivatives Trades, dealer quotes, midmarket prices, screen shots, broker runs, responses to OWICs/BWICs, bid/offer adjustments, liquidity adjustments, and portfolio aggregation"; and

- "All documents relating to any mediation of Derivatives Claims with any Derivatives counterparty to Lehman."

In response to these requests, LBHI hereby notifies you that it intends to produce correspondence between LBHI and Morgan Stanley reflecting Morgan Stanley's valuation of derivatives claims following the submission of its Derivatives Questionnaire response. The contemplated production, which we anticipate will occur on or after October 1, 2013, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.

Please let us know by September 23, 2013 if you have any questions or concerns regarding this matter. You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Regards,

J. Derek Mize

Enc.

## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

WRITER'S DIRECT:
TEL.: 212-696-8829
E-MAIL: DMIZE@CURTIS.COM

September 4, 2013

**VIA FEDERAL EXPRESS**

Mr. Kevin M. Behan
Senior Vice President
Bank of America, N.A.
Bank of America Tower
115 West 42nd Street
New York, NY 10036

Re:    **Notice of Intent to Produce**
       **Correspondence Related to Derivatives Claims**

Dear Mr. Behan:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively, "Citibank") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-13555 (JMP), Adv. Proc. No. 12-01044 (JMP) (Bankr. S.D.N.Y.).

We write to provide notice of the contemplated production of documents relating to the proofs of claim submitted by by Bank of America, N.A. ("Bank of America") and Merrill Lynch[1] (collectively, the "Counterparties"), in the LBHI bankruptcy proceeding. Citibank has made a number of requests regarding these claims pursuant to Federal Rule of Civil Procedure 26 and Bankruptcy Rule 7026, including the following:

- "All documents submitted by any of Lehman's Derivatives counterparties (other than Citi) in connection with the Derivatives Questionnaire Response or any Proof of Claim;"

---

[1] Merrill Lynch covered entities include: Merrill Lynch Bank & Trust Co. FSB, Merrill Lynch Bank USA, Merrill Lynch Capital Services, Merrill Lynch Commodities (Europe) Limited, Merrill Lynch Commodities Inc., Merrill Lynch International, and Merrill Lynch International Bank Limited.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

September 4, 2013

- "All documents provided to Lehman in connection with the Derivatives Claims Settlement Framework, including documents provided by Derivatives counterparties other than Citi;"

- "All documents constituting market information received by Lehman from Derivatives counterparties other than Citi (whether or not received in connection with the Derivatives Questionnaire Response, Proofs of Claim, Derivatives Claims Settlement Framework, bilateral negotiations, mediations, or settlement negotiations), including without limitation Derivatives Trades, dealer quotes, midmarket prices, screen shots, broker runs, responses to OWICs/BWICs, bid/offer adjustments, liquidity adjustments, and portfolio aggregation"; and

- "All documents relating to any mediation of Derivatives Claims with any Derivatives counterparty to Lehman."

In response to these requests, LBHI hereby notifies you that it intends to produce correspondence between LBHI and Counterparties reflecting Counterparties' valuation of derivatives claims following the submission of its Derivatives Questionnaire response. The contemplated production, which we anticipate will occur on or after October 1, 2013, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.

Please let us know by September 23, 2013 if you have any questions or concerns regarding this matter. You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Regards,

J. Derek Mize

Enc.

16201139v1

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | ISTANBUL | | |
| ASHGABAT | LONDON | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| ASTANA | MEXICO CITY | | FACSIMILE 212-697-1559 |
| BUENOS AIRES | MILAN | 101 PARK AVENUE | WWW.CURTIS.COM |
| DUBAI | MUSCAT | NEW YORK, NEW YORK 10178-0061 | |
| FRANKFURT | PARIS | | |
| HOUSTON | WASHINGTON, D.C. | | |

WRITER'S DIRECT:
TEL.: 212-696-8829
E-MAIL: DMIZE@CURTIS.COM

September 4, 2013

## VIA FEDERAL EXPRESS

Christopher J. Houpt
Mayer Brown LLP
1675 Broadway
New York, New York 10019

> Re:    **Notice of Intent to Produce**
>        **Correspondence Related to Derivatives Claims**

Dear Mr. Houpt:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively, "Citibank") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-13555 (JMP), Adv. Proc. No. 12-01044 (JMP) (Bankr. S.D.N.Y.).

We write to provide notice of the contemplated production of documents relating Société Générale's proof of claim in the LBHI bankruptcy proceeding. Citibank has made a number of requests regarding these claims pursuant to Federal Rule of Civil Procedure 26 and Bankruptcy Rule 7026, including the following:

- "All documents submitted by any of Lehman's Derivatives counterparties (other than Citi) in connection with the Derivatives Questionnaire Response or any Proof of Claim;"

- "All documents provided to Lehman in connection with the Derivatives Claims Settlement Framework, including documents provided by Derivatives counterparties other than Citi;"

16180977v1

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Christopher J. Houpt
September 3, 2013

- "All documents constituting market information received by Lehman from Derivatives counterparties other than Citi (whether or not received in connection with the Derivatives Questionnaire Response, Proofs of Claim, Derivatives Claims Settlement Framework, bilateral negotiations, mediations, or settlement negotiations), including without limitation Derivatives Trades, dealer quotes, midmarket prices, screen shots, broker runs, responses to OWICs/BWICs, bid/offer adjustments, liquidity adjustments, and portfolio aggregation"; and

- "All documents relating to any mediation of Derivatives Claims with any Derivatives counterparty to Lehman."

In response to these requests, LBHI hereby notifies you that it intends to produce correspondence between LBHI and Société Générale reflecting Société Générale's valuation of derivatives claims following the submission of its Derivatives Questionnaire response. The contemplated production, which we anticipate will occur on or after October 1, 2013, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.

Please let us know by September 23, 2013 if you have any questions or concerns regarding this matter. You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Regards,

J. Derek Mize

cc:
Mr. Jean-Francois Gregoire
Head of Trading for Global Markets
Société Générale Corporate & Investment Banking
1221 Avenue of the Americas
New York, NY 10020

Enc.

16180977v1

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

WRITER'S DIRECT:
TEL.: 212-696-6629
E-MAIL: DMIZE@CURTIS.COM

September 4, 2013

## VIA FEDERAL EXPRESS

Robert Elliott
BNP Paribas
Corporate and Investment Banking
Managing Director, Legal Department
Head of Litigation / Legal Investigations, Americas
787 Seventh Avenue, 37th floor
New York, NY 10019

Re:    Notice of Intent to Produce
       Correspondence Related to Derivatives Claims

Dear Counsel:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial Products Inc., Citigroup Energy Inc., and Citi Canyon Ltd. (collectively, "Citibank") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. Citibank, N.A., et al.*, Case No. 08-13555 (JMP), Adv. Proc. No. 12-01044 (JMP) (Bankr. S.D.N.Y.).

We write to provide notice of the contemplated production of documents relating to BNP Paribas' proof of claim in the LBHI bankruptcy proceeding. Citibank has made a number of requests regarding these claims pursuant to Federal Rule of Civil Procedure 26 and Bankruptcy Rule 7026, including the following:

- "All documents submitted by any of Lehman's Derivatives counterparties (other than Citi) in connection with the Derivatives Questionnaire Response or any Proof of Claim;"

16180741v1

- "All documents provided to Lehman in connection with the Derivatives Claims Settlement Framework, including documents provided by Derivatives counterparties other than Citi;"

- "All documents constituting market information received by Lehman from Derivatives counterparties other than Citi (whether or not received in connection with the Derivatives Questionnaire Response, Proofs of Claim, Derivatives Claims Settlement Framework, bilateral negotiations, mediations, or settlement negotiations), including without limitation Derivatives Trades, dealer quotes, midmarket prices, screen shots, broker runs, responses to OWICs/BWICs, bid/offer adjustments, liquidity adjustments, and portfolio aggregation"; and

- "All documents relating to any mediation of Derivatives Claims with any Derivatives counterparty to Lehman."

In response to these requests, LBHI hereby notifies you that it intends to produce correspondence between LBHI and BNP Paribas reflecting BNP Paribas' valuation of derivatives claims following the submission of its Derivatives Questionnaire response. The contemplated production, which we anticipate will occur on or after October 1, 2013, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.

Please let us know by September 23, 2013 if you have any questions or concerns regarding this matter. You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Regards,

J. Derek Mize

cc: Mark Hanchet, Esq.
Enc.

EXHIBIT D

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BEIJING
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

**Writer's Direct:**
Tel.: 212-696-8829
E-Mail: DMize@curtis.com

June 13, 2014

**VIA FEDERAL EXPRESS & E-MAIL**

Joshua Dorchak, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

> Re:   **Notice of Intent to Produce Derivatives Questionnaire Response,
> Accompanying Data, and Related Correspondence**

Dear Counsel:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan Securities Ltd., J.P. Morgan Ventures Energy Corporation, JP Morgan Chase and Co., JPMorgan Bank Dublin, Bear Stearns Credit Products Inc., and Bear Stearns Forex Inc. (collectively, "JPMorgan") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A., et al.*, Case No. 08-13555 (SCC), Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

We write to provide notice of the anticipated production of the Lehman Brothers Derivatives Questionnaire response submitted by Deutsche Bank. We also write to provide notice of the anticipated production of additional data that was provided to LBHI by Deutsche Bank in response to the Derivatives Questionnaire, including Deutsche Bank's Trade Identifiers, mid-market valuations and final valuations. Finally, we write to provide notice of the anticipated production of correspondence between LBHI and Deutsche Bank following the submission of Deutsche Bank's Derivatives Questionnaire response which supplement or amend the Derivatives Questionnaire. These documents are responsive to document requests JPMorgan has served on LBHI in the above-referenced adversary proceeding.

The contemplated production, which we anticipate will occur on or after June 23, 2014, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW
                              Page 2                              June 13, 2014

and Protective Order in this proceeding.  Please let us know by June 18, 2014 if you have any
questions or concerns regarding this matter.  You may contact me at the number or email above,
or Ada Añon at (212) 696-6944 or aanon@curtis.com.

        We appreciate your continued assistance with this matter.

                                Sincerely,

                                J. Derek Mize

18871880

## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | ISTANBUL | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 2 I 2-696-6000 |
| BEIJING | MILAN | | FACSIMILE 2 I 2-697-1 559 |
| BUENOS AIRES | MUSCAT | I O I PARK AVENUE | WWW.CURTIS.COM |
| DUBAI | PARIS | NEW YORK, NEW YORK I O I 78-006 I | |
| FRANKFURT | WASHINGTON, D.C. | | |
| HOUSTON | | | |

**Writer's Direct:**
Tel.: 212-696-8829
E-Mail: DMize@curtis.com

June 13, 2014

**VIA FEDERAL EXPRESS & E-MAIL**

Irena Goldstein, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Re:    Notice of Intent to Produce Derivatives Questionnaire Response,
       Accompanying Data, and Related Correspondence

Dear Counsel:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan Securities Ltd., J.P. Morgan Ventures Energy Corporation, JP Morgan Chase and Co., JPMorgan Bank Dublin, Bear Stearns Credit Products Inc., and Bear Stearns Forex Inc. (collectively, "JPMorgan") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A., et al.*, Case No. 08-13555 (SCC), Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

We write to provide notice of the anticipated production of the Lehman Brothers Derivatives Questionnaire response submitted by The Royal Bank of Scotland PLC and ABN AMRO Bank NV (collectively, "RBS"). We also write to provide notice of the anticipated production of additional data that was provided to LBHI by RBS in response to the Derivatives Questionnaire, including RBS' Trade Identifiers, mid-market valuations and final valuations. Finally, we write to provide notice of the anticipated production of correspondence between LBHI and RBS following the submission of RBS' Derivatives Questionnaire response which supplement or amend the Derivatives Questionnaire. These documents are responsive to document requests JPMorgan has served on LBHI in the above-referenced adversary proceeding.

The contemplated production, which we anticipate will occur on or after June 23, 2014, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW                    Page 2                                    June 13, 2014

and Protective Order in this proceeding.  Please let us know by June 18, 2014 if you have any
questions or concerns regarding this matter.  You may contact me at the number or email above,
or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Sincerely,

J. Derek Mize

18872173

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | ISTANBUL | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| BEIJING | MILAN | | FACSIMILE 212-697-1559 |
| BUENOS AIRES | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| DUBAI | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| FRANKFURT | WASHINGTON, D.C. | | |
| HOUSTON | | | |

**Writer's Direct:**
Tel.: 212-696-8829
E-Mail: DMize@curtis.com

June 13, 2014

## VIA FEDERAL EXPRESS & E-MAIL

Carmine D. Boccuzzi, Jr.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

> Re:  **Notice of Intent to Produce Derivatives Questionnaire Response,
> Accompanying Data, and Related Correspondence**

Dear Counsel:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan Securities Ltd., J.P. Morgan Ventures Energy Corporation, JP Morgan Chase and Co., JPMorgan Bank Dublin, Bear Stearns Credit Products Inc., and Bear Stearns Forex Inc. (collectively, "JPMorgan") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A., et al.*, Case No. 08-13555 (SCC), Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

We write to provide notice of the anticipated production of the Lehman Brothers Derivatives Questionnaire response submitted by Goldman Sachs International, Goldman Sachs & Co., Goldman Sachs Capital Markets LLP, and J. Aron & Company (collectively, "Goldman Sachs"). We also write to provide notice of the anticipated production of additional data that was provided to LBHI by Goldman Sachs in response to the Derivatives Questionnaire, including Goldman Sachs' Trade Identifiers, mid-market valuations and final valuations. Finally, we write to provide notice of the anticipated production of correspondence between LBHI and Goldman Sachs following the submission of Goldman Sachs' Derivatives Questionnaire response which supplement or amend the Derivatives Questionnaire. These documents are responsive to document requests JPMorgan has served on LBHI in the above-referenced adversary proceeding.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW                  Page 2                              June 13, 2014

 

        The contemplated production, which we anticipate will occur on or after June 23, 2014, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.  Please let us know by June 18, 2014 if you have any questions or concerns regarding this matter.  You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

        We appreciate your continued assistance with this matter.

                      Sincerely,

                      J. Derek Mize

18871885

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BEIJING
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

**Writer's Direct:**
Tel.: 212-696-8829
E-Mail: DMize@curtis.com

June 13, 2014

**VIA FEDERAL EXPRESS & E-MAIL**

Melissa Godwin, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

>           Re:    **Notice of Intent to Produce Derivatives Questionnaire Response,**
>                  **Accompanying Data, and Related Correspondence**

Dear Counsel:

          We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary
proceeding pending against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P.
Morgan Securities Ltd., J.P. Morgan Ventures Energy Corporation, JP Morgan Chase and Co.,
JPMorgan Bank Dublin, Bear Stearns Credit Products Inc., and Bear Stearns Forex Inc.
(collectively, "JPMorgan") in the United States Bankruptcy Court for the Southern District of
New York, captioned *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A., et
al.*, Case No. 08-13555 (SCC), Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

          We write to provide notice of the anticipated production of the Lehman Brothers
Derivatives Questionnaire response submitted by Bank of America, N.A. and Merrill Lynch[1]
(collectively, the "Counterparties"). We also write to provide notice of the anticipated
production of additional data that was provided to LBHI by Counterparties in response to the
Derivatives Questionnaire, including Counterparties' Trade Identifiers, mid-market valuations
and final valuations. Finally, we write to provide notice of the anticipated production of
correspondence between LBHI and Counterparties following the submission of Counterparties'
Derivatives Questionnaire response which supplement or amend the Derivatives Questionnaire.

---

[1] Merrill Lynch covered entities include: Merrill Lynch Bank & Trust Co. FSB, Merrill Lynch Bank USA, Merrill
Lynch Capital Services, Merrill Lynch Commodities (Europe) Limited, Merrill Lynch Commodities Inc., Merrill
Lynch International, and Merrill Lynch International Bank Limited.

These documents are responsive to document requests JPMorgan has served on LBHI in the above-referenced adversary proceeding.

   The contemplated production, which we anticipate will occur on or after June 23, 2014, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.  Please let us know by June 18, 2014 if you have any questions or concerns regarding this matter.  You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

   We appreciate your continued assistance with this matter.

       Sincerely,

       J. Derek Mize

18871798

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BEIJING
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

**Writer's Direct:**
Tel.: 212-696-8829
E-Mail: DMize@curtis.com

June 13, 2014

**VIA FEDERAL EXPRESS & E-MAIL**

Ellen Halstead, Esq.
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

> Re:  **Notice of Intent to Produce Derivatives Questionnaire Response,**
>      **Accompanying Data, and Related Correspondence**

Dear Counsel:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary proceeding pending against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P. Morgan Securities Ltd., J.P. Morgan Ventures Energy Corporation, JP Morgan Chase and Co., JPMorgan Bank Dublin, Bear Stearns Credit Products Inc., and Bear Stearns Forex Inc. (collectively, "JPMorgan") in the United States Bankruptcy Court for the Southern District of New York, captioned *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A., et al.*, Case No. 08-13555 (SCC), Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

We write to provide notice of the anticipated production of the Lehman Brothers Derivatives Questionnaire response submitted by Morgan Stanley & Co. International PLC, Morgan Stanley & Co. Incorporated, Morgan Stanley Capital Group Inc., and Morgan Stanley Capital Services Inc. (collectively, "Morgan Stanley"). We also write to provide notice of the anticipated production of additional data that was provided to LBHI by Morgan Stanley in response to the Derivatives Questionnaire, including Morgan Stanley's Trade Identifiers, mid-market valuations and final valuations. Finally, we write to provide notice of the anticipated production of correspondence between LBHI and Morgan Stanley following the submission of Morgan Stanley's Derivatives Questionnaire response which supplement or amend the Derivatives Questionnaire. These documents are responsive to document requests JPMorgan has served on LBHI in the above-referenced adversary proceeding.

The contemplated production, which we anticipate will occur on or after June 23, 2014, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order in this proceeding.  Please let us know by June 18, 2014 if you have any questions or concerns regarding this matter.  You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Sincerely,

J. Derek Mize

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BEIJING
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

**Writer's Direct:**
Tel.: 212-696-8829
E-Mail: DMize@curtis.com

June 13, 2014

**VIA FEDERAL EXPRESS & E-MAIL**

Christopher J. Houpt, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820

> Re:     **Notice of Intent to Produce Derivatives Questionnaire Response,**
> **Accompanying Data, and Related Correspondence**

Dear Counsel:

We represent Lehman Brothers Holdings Inc. ("LBHI") in an adversary
proceeding pending against JPMorgan Chase Bank, N.A., J.P. Morgan Markets Limited, J.P.
Morgan Securities Ltd., J.P. Morgan Ventures Energy Corporation, JP Morgan Chase and Co.,
JPMorgan Bank Dublin, Bear Stearns Credit Products Inc., and Bear Stearns Forex Inc.
(collectively, "JPMorgan") in the United States Bankruptcy Court for the Southern District of
New York, captioned *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A., et
al.*, Case No. 08-13555 (SCC), Adv. Proc. No. 12-01874 (SCC) (Bankr. S.D.N.Y.).

We write to provide notice of the anticipated production of the Lehman Brothers
Derivatives Questionnaire response submitted by Société Générale.  We also write to provide
notice of the anticipated production of additional data that was provided to LBHI by Société
Générale in response to the Derivatives Questionnaire, including Société Générale's Trade
Identifiers, mid-market valuations and final valuations.  Finally, we write to provide notice of the
anticipated production of correspondence between LBHI and Société Générale following the
submission of Société Générale's Derivatives Questionnaire response which supplement or
amend the Derivatives Questionnaire.  These documents are responsive to document requests
JPMorgan has served on LBHI in the above-referenced adversary proceeding.

The contemplated production, which we anticipate will occur on or after June 23,
2014, will be deemed "Highly Confidential" under the terms of the Confidentiality Stipulation

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

June 13, 2014

and Protective Order in this proceeding.  Please let us know by June 18, 2014 if you have any questions or concerns regarding this matter.  You may contact me at the number or email above, or Ada Añon at (212) 696-6944 or aanon@curtis.com.

We appreciate your continued assistance with this matter.

Sincerely,

J. Derek Mize

18872181

# EXHIBIT E



Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 08-01420 (SCC)

4   Case No. 08-13555 (SCC) (SIPA)

5   - - - - - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7   LEHMAN BROTHERS HOLDINGS INC., et al.,

8            Debtors.

9   - - - - - - - - - - - - - - - - - - - - - - - - - -x

10  In the Matter of:

11  LEHMAN BROTHERS INC.,

12            Debtors.

13  - - - - - - - - - - - - - - - - - - - - - - - - - -x

14

15                  U.S. Bankruptcy Court

16                  One Bowling Green

17                  New York, New York 10004

18

19                  Wednesday, March 11, 2015

20                  10:08 AM & 10:21 AM

21

22

23  B E F O R E :

24  THE HONORABLE SHELLEY C. CHAPMAN

25  U.S. BANKRUPTCY JUDGE

1    just asking them to provide--

2             JUDGE CHAPMAN: But you could ask for it, without

3    the citation to the Federal Rules, couldn't you?

4             MR. MILLER: Of course, Your Honor. I'm just saying

5    that they're now going to argue to you, Your Honor, that

6    this is drastic and burdensome, and that they should not be

7    required to provide it, and all I'm saying, Your Honor, is,

8    this is what basically every civil litigant has to provide,

9    and I'm going to explain why.

10            JUDGE CHAPMAN: And what I'm saying is that, even

11   without citation to that--

12            MR. MILLER: Of course. Of course.

13            JUDGE CHAPMAN: --just within the context of this

14   case and what's gone before, and what is necessary for the

15   plan administrator to do its job--

16            MR. MILLER: Absolutely, Your Honor, Sections

17   105(a) and 142 of the Bankruptcy Code, and Section 14.13 of

18   the Plan, authorize this Court to do this, and this is a

19   simplified variant of requirements that Judge Peck

20   established with regard to derivatives claims, the so-called

21   derivatives questionnaires, and Paragraph 15 of the motion

22   contains citations to a number of bankruptcy cases with a

23   similar requirements have been--

24            JUDGE CHAPMAN: Just so I understand, with respect

25   to the original--the big bar date, proofs of claim were

Page 21

1    required to be filed on the--filed with the claims agent,

2    right?

3              MR. MILLER: Yes, Your Honor.

4              JUDGE CHAPMAN: But not--but the derivatives

5    questionnaires were not?

6              MR. MILLER: That's correct, Your Honor.

7              JUDGE CHAPMAN: Okay.

8              MR. MILLER: The derivatives--and these--the

9    additional information here is really analogous to the

10   derivatives questionnaires, just--but it's--they're actually

11   much more limited.

12             JUDGE CHAPMAN: But it's much, much more limited,

13   correct?

14             MR. MILLER: Much more limited than the derivatives

15   questionnaires.

16             JUDGE CHAPMAN: Mr. Fail wants to say something.

17             MR. FAIL: Your Honor, can I just clarify for the

18   record, they were filed on a website that was hosted, I

19   believe, by the claims agent and the same mechanism and the

20   same website would be used for the proposed bar date here.

21             JUDGE CHAPMAN: For the Proofs of Claim, but not

22   the derivatives questionnaires.

23             MR. FAIL: The derivatives questionnaires were

24   uploaded electronically, but they were not accessible on the

25   public website where they claims docket is available.

1           JUDGE CHAPMAN: Okay. Thank you.

2           MR. MILLER: And the same would be true here of

3   this--this upload information, Your Honor.

4           JUDGE CHAPMAN: Okay. Okay.

5           MR. MILLER: Now, I want to turn for a minute to

6   the objections. There's a central theme for both objections,

7   and that is, that a routine derivatives transaction would

8   not normally require this information for demand for default

9   interest, but of course, the routine claim for default

10  interest in a derivatives contract is not in the context of

11  implementing bankruptcy plan, and it doesn't deal, as almost

12  all of these claims do, with assignments that occurred after

13  the Payor was in Chapter 11. So, for example, the standard

14  ISDA agreement does not contemplate it to the possibility of

15  the automatic stay, has an impact on an assignment, which is

16  an issue that the plan administrator has to deal with, nor

17  consider the possibility that there may be a release, which

18  impacts the outcome, and that's one of the things that has

19  to be considered.

20          And, these are all factors that the plan

21  administrator must consider as it deals with competing

22  Creditor interest in multiple liquidating estates. The plan

23  administrator must focus not only on a contractual

24  interpretation of Creditor rights, but also on outcomes

25  where Creditor recoveries reflect a fair approximation of

**EXHIBIT B**

## Dorchak, Joshua

| | |
|---|---|
| **From:** | Scott Shelley <scottshelley@quinnemanuel.com> |
| **Sent:** | Monday, October 26, 2015 6:01 PM |
| **To:** | Dorchak, Joshua |
| **Subject:** | RE: Lehman Derivative Questionnaires |

Thanks.

**From:** Dorchak, Joshua [mailto:joshua.dorchak@morganlewis.com]
**Sent:** Monday, October 26, 2015 5:47 PM
**To:** Scott Shelley <scottshelley@quinnemanuel.com>
**Subject:** RE: Lehman Derivative Questionnaires

Scott -  I'll check on this and circle back, thanks -  Josh.

**From:** Scott Shelley [mailto:scottshelley@quinnemanuel.com]
**Sent:** Monday, October 26, 2015 4:25 PM
**To:** Dorchak, Joshua
**Subject:** RE: Lehman Derivative Questionnaires

Hi Josh – Would the Highly Confidential treatment of the DQs under your proposal be similar to the HC treatment in the attached agreement?  So that a limited number of business people and consultants could see the DQs provided they executed confidentiality agreements?

Please let me know.  Thanks.

**From:** Dorchak, Joshua [mailto:joshua.dorchak@morganlewis.com]
**Sent:** Wednesday, October 14, 2015 4:50 PM
**To:** Scott Shelley <scottshelley@quinnemanuel.com>
**Subject:** FW: Lehman Derivative Questionnaires

FSPO - FRE 408

Scott -

As discussed, below is a counterproposal on the DQ disclosure issue.  This represents the consensus of virtually all of the members of our group, slightly reworked to conform to our discussion just now.

<div style="border:1px solid black; text-align:center; padding:40px;">

# REDACTED

</div>

If you have any questions, just let me know.  Thanks -

Josh.

**Joshua Dorchak**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue | New York, NY  10178
Phone: 212.309.6700 | Fax: 212.309.6001
joshua.dorchak@morganlewis.com

**From:** Scott Shelley [mailto:scottsshelley@quinnemanuel.com]
**Sent:** Tuesday, September 29, 2015 7:29 PM
**To:** Dorchak, Joshua
**Cc:** Scott Shelley
**Subject:** FW: Lehman Derivative Questionnaires

* Settlement Discussions -- Subject to FRE 408 *

Hi Josh –

I'm writing to follow up on the email below, concerning the proposal for resolving objections to the Motion to Allow Disclosure of Derivatives Questionnaires.

Please let us know if you or your clients have any questions or concerns.  I realize you may not have a definitive answer yet as to whether the proposal is acceptable to your client(s), but we would appreciate a general update on where things stand.  Are you available on Wednesday for a brief call to discuss?

Thanks in advance.


**From:** Scott Shelley
**Sent:** Wednesday, September 16, 2015 7:20 PM
**To:** 'joshua.dorchak@morganlewis.com'
**Cc:** Scott Shelley
**Subject:** FW: Lehman Derivative Questionnaires

* Settlement Discussions -- Subject to FRE 408 *

Hi Josh –

Further to the voice message I left for you a few minutes ago, attached please find a proposal for resolving objections to the Motion to Allow Disclosure of Derivatives Questionnaires.

REDACTED

I understand that given the lapse of time since the motion was filed, it may take some time for you to get feedback on this proposal.  Accordingly, I will plan to follow up with you in a week or so.  In the meantime, please feel free to contact me if you or your clients have any questions.  Thank you.

**Scott Shelley**
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7358 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
scottshelley@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**EXHIBIT C**

## Dorchak, Joshua

| | |
|---|---|
| **From:** | Dorchak, Joshua |
| **Sent:** | Friday, October 30, 2015 5:32 PM |
| **To:** | 'Scott Shelley' |
| **Cc:** | Diane Hutnyan |
| **Subject:** | RE: Motion to Allow Disclosure of Derivatives Questionnaires |

Scott and Diane -

I was not trying to say that Scott had made a binding commitment to anything.  I'll call Diane on Monday.  Thanks -

Josh.

**Joshua Dorchak**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue **|** New York, NY  10178
Phone: 212.309.6700 **|** Fax: 212.309.6001
joshua.dorchak@morganlewis.com

**From:** Scott Shelley [mailto:scottsshelley@quinnemanuel.com]
**Sent:** Friday, October 30, 2015 5:21 PM
**To:** Dorchak, Joshua
**Cc:** Diane Hutnyan
**Subject:** FW: Motion to Allow Disclosure of Derivatives Questionnaires

Josh –

I asked for clarification on the non-lawyer review issue merely so I could report back to the estate, but I thought I was clear that all I could do was take your proposal to Lehman, and that I was not authorized to accept or agree to anything.  If you have any questions concerning Diane's email, please direct them to Diane.  Thanks.

**Scott Shelley**
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7358 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
scottsshelley@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Dorchak, Joshua [mailto:joshua.dorchak@morganlewis.com]
**Sent:** Friday, October 30, 2015 3:36 PM

**To:** Scott Shelley <scottshelley@quinnemanuel.com>
**Subject:** FW: Motion to Allow Disclosure of Derivatives Questionnaires

Scott -

I was surprised, as were the other lawyers for the bank group, by Diane's message below.

I did not think we were at an impasse.  I thought we were on the brink of resolving our only open issue, which is whether the banks are OK with a number of nonlawyers viewing the materials, along the lines of the side deal on the Citi subpoena.

I expect to give you a concrete, collective response to that question on Tuesday, and I further expect that, one way or the other, that last open issue will be resolved by the end of next week.

Let me know if you don't want to continue that discussion, but assuming you do, going back to the Court seems premature and inefficient to me.

Please share this with Diane and others as you think appropriate.  I'm glad to discuss with any one or more of you, if you'd like.

Thanks -

Josh.

**Joshua Dorchak**
**Morgan, Lewis & Bockius LLP**
101 Park Avenue **|** New York, NY  10178
Phone: 212.309.6700 **|** Fax: 212.309.6001
joshua.dorchak@morganlewis.com

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Friday, October 30, 2015 2:47 PM
**To:** Diane Hutnyan
**Cc:** 'wclareman@paulweiss.com'; 'chammerman@paulweiss.com'; 'jwood@paulweiss.com'; 'lvelazquez@paulweiss.com'; 'gkroup@paulweiss.com'; 'nkelly@paulweiss.com'; 'bkarp@paulweiss.com'; 'MGAbraham@wlrk.com'; 'CLHeavey@wlrk.com'; 'HSNovikoff@wlrk.com'; 'gordower@wlrk.com'; 'rclary@cravath.com'; 'dslifkin@cravath.com'; 'mpaskin@cravath.com'; lehmanciti; pbehmke@curtis.com; Mazanitis, Nicole; Lauri W Sawyer; jtambe-JonesDay.com
**Subject:** Motion to Allow Disclosure of Derivatives Questionnaires

Dear Objecting Parties --

I write to follow up on our prior discussions concerning the Motion to Allow Disclosure of Derivatives Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Dkt. No. 48939].

As you know, we have been negotiating for months with all the Objecting Parties to see if we could agree upon a suitable alternative approach to disclosure of the Derivatives Questionnaires that would address all their myriad concerns, while still making the Derivatives Questionnaires accessible for Lehman's use in Lehman-related litigation.  Unfortunately, our efforts to negotiate a consensual global resolution have reached an impasse.  In addition, Lehman is under considerable pressure from certain Litigation Claimants, including Citibank and JP Morgan, whose adversary proceedings are nearing the end of the fact discovery period, to produce the Derivatives Questionnaires in the very near future; Citibank in fact has threatened to bring a motion to compel disclosure.

For all these reasons, we need to go back to the Court at this point and renew our motion as to the Objecting Parties, which we plan to do later today.  **Please note** that the Court may or may not consider your earlier-submitted objections, and so if you plan to maintain an objection, please make sure to do so in the timeframe (and using the procedure) set forth in the renewal motion.

Please feel free to call me with any questions.


# Diane Cafferata Hutnyan | partner | quinn emanuel urquhart & sullivan, llp

865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dianehutnyan@quinnemanuel.com
Web:  www.quinnemanuel.com

Linked In:  http://www.linkedin.com/in/dianehutnyan

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.