David L. Dubrow, Esq.
George P. Angelich, Esq.
Jordana L. Renert, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

*Counsel for The Vanguard Group, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

In re

LEHMAN BROTHERS HOLDINGS, INC., *et al.*,

                        Debtors.

Chapter 11

Case No. 08-13555 (SCC)

(Jointly Administered)

--------------------------------------------------------------- x

**OBJECTION OF THE VANGUARD GROUP, INC. TO MOTION TO
RENEW MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE
QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

The Vanguard Group, Inc.[1] and certain of its affiliates, and certain funds, trusts, and accounts under their management (collectively, "Vanguard"), creditors of Lehman Brothers Holdings Inc. and its affiliates (collectively, the "Debtors"), by and through their undersigned counsel, hereby files this objection (the "Renewed Objection") to the Motion to Renew Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Docket No. 51312] (the "Renewal Motion").[2]  In support hereof, Vanguard respectfully submits as follows:

---

[1] The Vanguard Group, Inc. was a member of the Official Committee of Unsecured Creditors (the "Committee") and remains a member of the post-effective date litigation and derivatives subcommittees of the Committee authorized under section 15.1 of the Debtors' chapter 11 plan.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Renewal Motion.

AFDOCS/11938137.2

**OBJECTION**

1. The Bar Date Order, and its procedure for submission of claims relating to derivative contracts, was the product of extensive negotiation with the express goal of protecting the confidential information of each of the derivative counterparties. Indeed, the Bar Date Order established a bifurcated process for derivative counterparties to submit claims by requiring each party to complete both (a) a proof of claim form (that was publicly available), and (b) a Derivative Questionnaire containing sensitive proprietary information which was to remain confidential. In reliance on the confidentiality protections of the Bar Date Order, Vanguard timely filed its proofs of claims and Derivative Questionnaires. The more than 6,000 counterparties, including Vanguard, who submitted Derivative Questionnaires under the expectation that their information would remain confidential, are now being swept into litigation unrelated to their claims.[3]

2. In the Renewal Motion, the Movants assert that "Lehman engaged in discussions with the Objecting Parties in an effort to reach a global solution that would appropriately balance the Objecting Parties' asserted interest in preserving confidentiality of these materials, while still making them accessible to the Movants." *See* Renewal Motion at ¶ 4. Negations apparently reached an impasse.[4] Rather than moving forward with a disclosure protocol that satisfied some of the Objecting Parties' concerns (*i.e.,* a proposal permitting the redaction and anonymization of the Derivatives Questionnaires with respect to the Objecting Parties), through the Renewal Motion, the Movants seek the identical relief requested in the Initial Motion – relief that has already been the subject of close to fifty objections by the Objecting Parties, including

---

[3] A majority of the counterparties did not object (the "Non-Objecting Parties") to the relief requested in the Initial Motion and, as a result, the Movants have been free to use the Derivative Questionnaires of the Non-Objecting Parties as discovery materials in the litigation proceedings.

[4] The Movants fail to disclose the steps taken to reach a resolution and why the proposals were not workable.

AFDOCS/11938137.2

Vanguard.[5] Specifically the Renewal Motion seeks the authorization to not only "freely exchange" the Objecting Parties' Derivative Questionnaires as discovery materials, but to authorize the sensitive information contained in the Derivative Questionnaires to later be filed with the Court without the need to redact and/or file the sensitive information under seal. Vanguard continues to object to the Movants' attempt to retroactively lift the confidentiality protections of the Bar Date Order with respect to Vanguard.

3.   If the Court were to rule that disclosure of Vanguard's Derivative Questionnaires is appropriate, and it should not, Vanguard continues to request that the Court require that a protocol be established to protect the confidential and proprietary information of the Objecting Parties from being publicly disclosed and ensure that anonymity of the counterparties is maintained.

## RESERVATION OF RIGHTS

4.   Vanguard reserves the right to supplement, modify and amend this Objection in writing or orally at the hearing on the Renewal Motion.

Dated: New York, New York  
November 6, 2015

ARENT FOX LLP

*Counsel for The Vanguard Group, Inc.*

By:   */s/ David L. Dubrow*  
David L. Dubrow, Esq.  
George P. Angelich, Esq.  
Jordana L. Renert, Esq.  
1675 Broadway  
New York, NY 10019  
(212) 484-3900

---

[5] On April 1, 2015, Vanguard filed its Objection of the Vanguard Group, Inc. to Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Docket No. 49135]. Because the Renewal Motion required the Objecting Parties to file new or renew their previous objections, Vanguard files this Renewed Objection.

AFDOCS/11938137.2

## CERTIFICATE OF SERVICE

  I, Lisa Indelicato, hereby certify that on November 6, 2015, I served a true and correct copy of the attached *Renewed Objection of the Vanguard Group, Inc. to Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code* upon the parties listed below via U.S. first class mail.

                By: */s/ Lisa Indelicato*
                   Lisa Indelicato

Andrea B. Schwartz
Andrew D. Velez-Rivera
Office of the United States Trustee
201 Varick Street
Suite 1006
New York, New York 10014
*US Trustee*

Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
*Attorneys for Lehman Brothers Holdings Inc. and*
*Certain of Its Affiliates*

Andrew J. Rossman
Diane C. Hutnyan
Lindsay M. Weber
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, New York 10010
*Attorneys for Official Committee of Unsecured Creditors of*
*Lehman Brothers Holdings Inc.*

With a courtesy copy to:

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

AFDOCS/11938137.2