HEARING DATE AND TIME: November 13, 2015 @ 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: November 6, 2015 @ 4:00 p.m. (Eastern Time)

**McCARTER & ENGLISH, LLP**
David J. Adler
245 Park Avenue
New York, New York 10167
Telephone:  (212) 609-6847
Facsimile:  (212) 609-6921
E-mail:  dadler@mccarter.com
-and-
Katharine L. Mayer (DE Bar I.D. 3758)
Renaissance Centre
405 N. King Street, Suite 800
Wilmington, Delaware 19801
Telephone:  (302) 984-6300
Facsimile:  (302) 984-6399
E-mail:  kmayer@mccarter.com

*Counsel for Occidental Energy Marketing, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., *et al.* | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**OBJECTION AND JOINDER OF OCCIDENTAL ENERGY MARKETING, INC. TO MOTION TO RENEW MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

Occidental Energy Marketing, Inc. ("OEMI"), by and through its undersigned counsel, hereby objects and joins in the objections of the Derivative Questionnaire Respondents, Pentwater Growth Fund Ltd. and Pentwater Credit Partners Fund Ltd. to the *Motion to Renew Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code* (the "Motion") [ECF Doc. # 51312], as follows:

## BACKGROUND

1. Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), together with the Official Committee of Unsecured Creditors (together with Lehman, the "Movants"), by their Motion seek an order (a) "that, notwithstanding anything to the contrary in the Bar Date Order, Movants are authorized to use and produce the Derivative Questionnaires as discovery materials in any Lehman-related adversary proceeding or claim objection" and (b) "that in the event information contained in the Derivative Questionnaires is subsequently filed with the Court, such information shall not be entitled to sealed treatment."

2. On July 2, 2009, this Court signed the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") [ECF Doc. # 4271]. The Bar Date Order required each holder of a claim arising from a Derivative Contract to complete an electronic Derivative Questionnaire and upload specified documents supporting the claim. Following objections to the proposed Bar Date Order voicing concern by claimants about the potential disclosure of proprietary and commercially sensitive information contained in the Derivative Questionnaires and supporting documents, Lehman agreed to amend the proposed Bar Date Order to provide that:

> [T]he information submitted on the website http://www.lehman-claims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

Bar Date Order at 9.

3. The Movants now seek to undo this provision of the Bar Date Order, claiming

that: (a) the requirement of restricting accessibility has become too burdensome in light of claim objections and adversary proceedings; (b) numerous litigants have requested production of the Derivative Questionnaires; (c) bankruptcy records are presumptively open to public inspection; (d) the data submitted with the Derivative Questionnaires is from publicly available market sources and is not confidential; and (e) the material is out of date, therefore any concerns about confidentiality are unwarranted.

## ARGUMENT[1]

### I. Information Included In The Derivative Questionnaires Is Confidential And Should Be Protected.

4. OEMI believes that the information included in the Derivative Questionnaires is highly confidential. OEMI relied on Lehman's assurances of confidentiality and the protections afforded parties under the Bar Date Order in completing the Derivative Questionnaires and providing confidential information that it would not have otherwise disclosed had it believed that this information could be made public. OEMI maintains that the information included in the Derivative Questionnaire falls squarely within the exception to disclosure set forth in Section 107(b)(1) of the Bankruptcy Code which "protect[s] an entity with respect to a trade secret or confidential research, development, or commercial information ... ." 11 U.S.C. § 107(b)(1).

5. OEMI objects to the purported disclosure of the information included in the Derivative Questionnaires to third parties in breach of the protections afforded under the Bar Date Order. The terms of the Bar Date Order assured OEMI – to which OEMI reasonably relied – that the information provided in the Derivative Questionnaires would not be made public. If

---

[1] OEMI joins in the following objections to the Motion: (a) Objection by Pentwater Growth Fund Ltd. and Pentwater Credit Partners Fund Ltd. to Debtors' Renewed Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [ECF Doc. # 51349]; and (b) Objection of Derivative Questionnaire Respondents to Renewed Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [ECF Doc. # 51363].

OEMI had reason to believe that this confidential information could be disclosed, it may have responded to the Derivative Questionnaires differently or omitted confidential information altogether. OEMI maintains that any difficulty that Lehman is or has experienced in producing the information in certain adversary proceedings does not equal the certain, irreparable damage that OEMI will suffer if its confidential information is made public, especially given the representations of confidentiality made directly by Lehman to the Court. Accordingly, the information included in the Derivative Questionnaires should remain confidential; shielded from disclosure to third parties; and subject to the protections afforded the parties under the Bar Date Order.

**II.    Information Filed With The Derivative Questionnaires Is Not Outdated And Therefore The Limitation On Access Should Be Maintained.**

6.    The Movants argue, without providing a factual basis of support, that "it is highly unlikely, and entirely speculative" that the release of the Derivative Questionnaires would place Lehman's derivative counterparties at a commercial disadvantage with their competitors. Nothing could be further from the truth, as this Court recognized when it amended the Bar Date Order to limit accessibility to the Derivative Questionnaires. The information provided reveals confidential information about trading counterparties and proprietary trading strategies that may still be relevant.

7.    The Derivative Questionnaires also included OEMI's negotiated ISDA Master Agreements with Lehman (the "Lehman ISDAs"). The Lehman ISDAs contain confidential commercial and legal terms that were carefully negotiated with Lehman for that specific trading relationship and some of which are considered to be proprietary by OEMI. If the Lehman ISDAs were made available to third party litigants – some of which include the industry's largest global swap dealers as well as competitors – these litigants would have the ability to scrutinize and

4

leverage their knowledge of the terms of the Lehman ISDAs in future negotiations with OEMI, thereby placing OEMI at a competitive disadvantage and exposing it to financial harm.

### III. The Movants Have Not Satisfied Their Legal Burden Under Bankruptcy Rule 9024.

8. The Movants essentially seek relief from an order entered by this Court six (6) years ago. Bankruptcy Rule 9024 provides for the application of Federal Rule 60 which governs applications for relief from judgments or orders. *See* FED. R. BANKR. P. 9024. Federal Rule 60 allows for relief from a court order under limited circumstance, such as mistake, excusable neglect, fraud or newly discovered evidence. *See* FED. R. CIV. P. 60(b). The Motion fails to show how or in what manner the Movants are entitled to relief, and thus, the Motion should be denied.

### IV. Equitable Considerations Weigh In Favor Of Denying The Motion.

9. Principles of equity also dictate that the Movants should be denied relief. First, as stated above, the release of proprietary information included in the Derivative Questionnaires exposes OEMI and similar-situated parties to financial harm through the disclosure of such information to market participants and competitors. Second, OEMI supplied the information in the Derivative Questionnaires based on representations made by Lehman to the Court and the inclusion of protective language in the Bar Date Order which created an expectation of privacy. Third, the disclosure of this confidential information alters the landscape of the bankruptcy case after the fact, in which a number of parties, like OEMI, would have wanted to know – prior to filing a proof of claim in the bankruptcy case – if there was a risk of public disclosure of its confidential information. Fourth, in entering the Bar Date Order, Judge Peck emphasized the need for finality in establishing procedures for the Derivative Questionnaires which the Court had established, but the Movants now seek to uproot. Finally, OEMI was not the defaulting

party in its derivative contracts, and equity should run in favor of those parties who honored their contractual obligations.

### V. At The Very Least, Proprietary Commercial Information Should Be Redacted Or Removed From Any Information Disclosed To Third Party Litigants.

10. If the Court grants the Motion, OEMI requests that the Court require the redaction of all identifying, confidential and proprietary information. In addition, the Court should narrow the disclosures to the specific data requests made by third party litigants, or should require Lehman to redact in their entirety, the Lehman ISDAs and any other individually negotiated agreements.

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, OEMI respectfully requests that this Court deny the Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code, and, alternatively, if the Court grants the Motion, direct Movants to redact all identifying, confidential and proprietary information from any documents disclosed, including any negotiated agreement such as the Lehman ISDAs and any guarantees, and grant such other, further or different relief as this Court deems just and proper.

Dated: New York, New York
November 6, 2015

**McCARTER & ENGLISH, LLP**

/s/ David J. Adler
David J. Adler
245 Park Avenue
New York, New York 10167
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
E-mail: dadler@mccarter.com