**Objection Deadline: November 6, 2015 at 4:00 p.m. (Eastern Time)**

**Hearing Date and Time:  November 13, 2015 at 12:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>*Debtors.* | Chapter 11<br>Case No. 08-13555 (SCC) |

## SANKATY FUNDS' RENEWED JOINDER AND OBJECTION TO THE DEBTORS' RENEWED MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVES QUESTIONNAIRES[*]

Sankaty Beacon Investment Partners, L.P.; Sankaty Credit Opportunities Grantor Trust; Sankaty Credit Opportunities II, L.P.; Sankaty Credit Opportunities III, L.P.; and Sankaty Special Situations I Grantor Trust (the "Sankaty Funds" or "Sankaty"), past creditors of LBHI and its affiliated debtors (the "Debtors") who have submitted DQs,[1] respectfully join in the renewed objection (the "Creditors' Renewed Objection") [Dk. 51406] of certain creditors (the "Objecting Creditors") to the motion (the "Renewed Motion") [Dk. 51312] filed on behalf of LBHI as plan administrator and on behalf of its affiliates, together with the Creditors Committee ("Debtors" or "Movants"), to renew the March 19, 2015 motion (the "March Disclosure Motion") [Dk. 48939] to allow disclosure of the DQs pursuant to Section 107(a) of the Bankruptcy Code, notwithstanding the Court's Order

---

[*] The factual and legal basis explaining why the Court should accept this Renewed Joinder and Objection are set forth at note 2 *infra* and accompanying text.  Movants have agreed not to object to the filing of this Renewed Joinder and Objection.

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in this Renewed Disclosure Motion, the Creditors' Renewed Objection, and the Initial Joinder and Objection.

Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Dk. 4271] (the "Bar Date Order"). Sankaty also writes separately to renew its independent objection (the "Initial Joinder and Objection") [Dks. 49150, 49159] to the Renewed Motion.

In support of its Renewed Joinder and Objection, Sankaty respectfully states as follows:

## ARGUMENT

1.     The legal and factual bases for the Renewed Joinder and Objection are set forth in (A) the Initial Joinder and Objection and (B) the Creditors' Renewal of their April 1, 2015 objection (the "Initial Objection") to the March Disclosure Motion. *See also* note 2 *infra* and accompanying text. Rather than burden the Court with a duplicative filing, Sankaty renews and incorporates its objections here, and attaches the Initial Joinder and Objection, as amended (Dk. 49159) as Exhibit A for the convenience of the Court and parties.

2.     In the Initial Joinder and Objection, Sankaty joined the arguments set forth in the Creditors' Initial Objection. It also set forth two additional bases for denial not made in the accompanying documents (nor, to our knowledge, have they been made in any other objection to the Renewed Motion). As set forth in those papers:

- Because Movants admit that the DQs are discovery materials, they have *no* right, whether constitutional, statutory or as a matter of court rules, to use them for the purposes they now seek. Notably, the Movants did not cite—nor do they address in the Renewed Motion—dispositive precedent of the United States Supreme Court. That precedent requires the Renewed Motion be denied on the current record. ***Movants have not met their heavy burden to make discovery materials public or to use them in what amounts to related—but different—proceedings. Rather, movants have simply assumed that they are permitted to transfer wholesale categories of information they acquired for one specific purpose early in the bankruptcy, under rules that barred the use of that information long ago, and use them later for their convenience in order***

*to discharge a set of foreseeable litigation obligations to other adversaries*. In the process, they would take from Sankaty and the other objectors the long-standing right to individualized review by courts of discovery requests made in other proceedings.   (*See* Initial Joinder and Objection [Dk. 49159] ¶¶ 1, 8-13; emphasis added.)

- If Movants prevail, they will generate perverse incentives to increase costs, settle early (at a discount off of their claim for the estate's benefit) and initiate satellite litigation.  (*See* Initial Joinder and Objection [Dk. 49159] ¶¶ 1, 14-18.)  "Any creditor who agreed to provide information to a general database at the outset of the case in order to help maximize the value of the estate (and thus its claim) by reducing costs/settling will have inadvertently donated their private information to any creditor who later found it … cost efficient not to settle their claims, or do so early. *The Motion, therefore, silently punishes settling creditors my making their information widely available long after they thought they had paid for repose (at a discount)*."  (*Id*. ¶ 16; emphasis added.)

3.     The Movants' course of conduct as to Sankaty over the past several months reinforces the assertions made in the Creditors' Renewed Objection that tend to imply the Renewed Motion has been made suddenly and on an accelerated timetable for purely tactical reasons in their negotiations with a subset of Creditors (and excluding Sankaty). (Dk. 51406 ¶ 2)

4.     Sankaty has thus far not been afforded an equivalent level of transparency to the negotiations toward a resolution of this disputed issue as have the Creditors.  On May 20, 2015, Sankaty learned that Debtors' counsel had mistakenly included Sankaty on the list of *non*-objecting parties that would have excluded Sankaty from what the Movants represented were to be "good faith discussions."  Had Sankaty not caught the error—the second such error—it would have been subject to the Court's subsequent June 29, 2015, order permitting automatic disclosure of their proprietary information.  *See* Ex. B at pp. 3-4; Creditors' Renewed Objection ¶ 4.  After we pointed out their inadvertent error, Debtors' counsel agreed that Sankaty was (and has since treated Sankaty as) an objecting party entitled to the benefit of any resolution of the Motion.  Counsel stated:  "We will remove Sankaty from

the list of non-objecting parties. Sorry for the mix up." Ex. B at p. 3. Over the next several weeks, Sankaty's counsel attempted to communicate with Movants to participate in the promised "good faith discussions," with little success. *See, e.g.,* Ex. B at p. 5 ("Scott, see below. I never heard from you. Our client very much would like to know the status so we can see any proposal [to resolve the DQ issues]."). On June 5, 2015, Movants' counsel promised to notify Sankaty once the parties had worked out a proposal. (*Id.*)

5.      Sankaty, like the Creditors (*see* Creditors' Renewed Objection ¶ 5), heard nothing until September, albeit after the Debtors had contacted the Creditors. Acknowledging the "lapse of time," Debtors' counsel told Sankaty that it understood that "it may take some time for you to get feedback on this proposal." Sankaty long ago settled its claims, as explained in its Initial Joinder and Amendment. [Dk. 49159 ¶ 6] In light of Debtors' implied representation that there was no urgency after its multi-month delay, Sankaty's counsel asked on September 29, 2015, that Debtors' counsel to let Sankaty know "if you require a response" and to provide "a bit of notice, if possible." Ex. B at p. 1. Debtors' counsel responded with a generic "Thanks" and "We'll look forward to hearing from you." Ex. B at p. 1 In the absence of even a hint of a reservation of rights, Sankaty understood that the agreement to protect it against just this kind of unforeseen circumstance—sudden, inexplicably fast tracked litigation.

6.      For reasons unbeknownst to Sankaty—but which appear from recent filings to be reflected in its dealings with the Creditors and its so-called "Bank Group" (*see* Creditors Renewed Objection ¶¶ 6-7 [including footnotes] & Ex. C thereto) and which Debtor's counsel has characterized to Sankaty only as "outside pressure" in connection with adversary proceedings—it has without warning pressed the speed dial button. Before it did so, Sankaty:

- •      Was not invited to participate in any discussions with other objectors, and did

not know those discussions were ongoing;

- Was unaware there was a counterproposal (and still has not seen that counterproposal);

- Had been preparing a series of questions to understand the impact of certain parts of the Debtors' proposal, in the expectation that the Debtor was interested in what Sankaty had to say; and

- Has no knowledge of any other adversary proceedings for which the Debtor wishes to use Sankaty's confidential information.

7.    Out of nowhere—and conceivably forgetting its discussions with Sankaty's counsel—Debtors' counsel (A) disregarded Sankaty's reliance on its agreement to provide a fair opportunity to be heard with some advance notice if events warranted; and (B) took a step that neither it nor its past behavior seemed *possible* in its private dealings with Sankaty: without warning, it raced this matter before the Court.  Sankaty in fact learned about the Renewed Motion after the deadline for any additional or renewed objections, to the extent necessary: last Friday, November 6 at approximately 5:00 P.M.  We have moved as quickly as possible to put together a response in two business days.[2]

---

[2] Movants, we assume on the basis that they believed our representations that we learned about the Motion only late last Friday, have been gracious in stating that they would not object to this filing, so long as we made it today, and we worked to submit it as early as possible.  Nor have Movants been prejudiced by the delay in filing; Sankaty makes no new arguments but merely incorporates the same substantive arguments made in our Initial Joinder and Objection.  Movants have already acknowledged that that was timely.  (*See* paragraph 4 *supra*.)  The principal reason that Sankaty did not learn of the Motion until Friday night is that Sankaty asked for and Movants counsel agreed to provide some extra notice "if possible" before any sudden change in direction; the entire point of asking for that extra benefit was to protect Sankaty against the downside of having been excluded from the inside group of Creditors that negotiated on behalf of the Bank Group with Movants toward the end of September.  To be sure, Sankaty's lawyer was blind copied on a "heads' up" e-mail from one of Movant's lawyers the day Movant's filed, as well as the filing itself (early Friday evening on Halloween weekend).  But that occurred long after Sankaty's counsel believed that Movant had agreed to provide materially more robust notice of the sudden shift back to active litigation of this issue.  Given the context, particularly the lack of prejudice, the procedural safeguard of the objection/joinder deadline has arguably been waived.  *See In re Refino*, 288 B.R. 320, 321 n.4 (Bankr. D. Conn. 2003) (finding debtor's waiver of procedural rights in the context of a failure to provide additional notice to creditor

8.      For the reasons set forth herein and its prior filings and those of the Creditors, Sankaty respectfully requests that the Court deny the Renewed Motion.  Alternatively, Sankaty respectfully requests that in the event that the Court grants any part of the Debtors' requested relief, that the Court stay enforcement of any disclosure order for no more than thirty (30) days.[3]

## CONCLUSION

For the foregoing reasons, the Movants' Renewed Disclosure Motion should be denied.

---

sufficient for court to accept a written objection filed late on the grounds that the failure to provide the notice "deprived [creditors] of the opportunity to raise (or waive) certain other issues [in response]".).

So that there is no misunderstanding: Sankaty apologizes to the Court and to the other objectors for the delay in filing.  We regret the timing and we acted as quickly as we could when we uncovered the delay.  (There is no other reason to explain this filing.)  In light of the lack of prejudice, we respectfully request that the Court accept the objection.

[3] This will permit Sankaty (and all parties) a fair opportunity (A) to learn fully the context in which the confidential information will be used; and (B) to object to the specific use, as appropriate.  (*E.g.,* How will the information be used?  Can Sankaty provide the information in ways other than disclosure of the DQs?  What parties, precisely, will have access to Sankaty's information?  Its competitors?  Its adversaries in other matters?) *See* Fed. R. Civ. P. 45 & 45(d); Fed. R. Bankr. P. 9016 (permitting all third parties to object to subpoenas for testimony and documents; imposing the burden of proof on party seeking information from third party to explain why the information is needed; permitting third parties to rebut party showing on grounds of burden, confidentiality, trade secrets, and the particulars of each use).

Dated: November 10, 2015

Respectfully submitted,

/s/ Jonathan H. Sherman

Jonathan D. Schiller (Bar No. JD8311)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

-and-

Jonathan H. Sherman (Bar No. 2488765)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, DC 20015
(202) 237-2727

Attorneys for Sankaty Beacon Investment Partners, L.P.; Sankaty Credit Opportunities Grantor Trust; Sankaty Credit Opportunities II, L.P.; Sankaty Credit Opportunities III, L.P.; and Sankaty Special Situations I Grantor Trust

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10th, 2015 the forgoing **RENEWED JOINDER AND**

**OBJECTION TO THE DEBTORS' RENEWED MOTION TO ALLOW DISCLOSURE**

**OF THE DERIVATIVES QUESTIONNAIRES** was filed electronically through the Court's

Electronic Filing System (ECF)**.**

On November 11th, 2015, Copies were served **BY COURIER** to the Parties as described

below:

**Honorable Judge Shelley C. Chapman**
U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
COURTROOM 623
NEW YORK, NEW YORK 10004
*Chambers*

**Andrea B. Schwartz**
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE
U.S. FEDERAL OFFICE BUILDING
201 VARICK STREET, ROOM 1006
NEW YORK, NY 10004
*Office of the U.S. Trustee*

**Peter J. Behmke**
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178
*Attorneys for Lehman Brothers Holdings Inc. and*
*Certain of Its Affiliates*

**Andrew J. Rossman**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE
NEW YORK, NEW YORK 10010

*Attorneys for Official Committee of Unsecured Creditors of*
*Lehman Brothers Holdings Inc.*

/s/ Jonathan Sherman
Jonathan Sherman
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, DC 20015
(202) 237-2727

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

## AMENDED OBJECTION/JOINDER OF SANKATY FUNDS IN CONNECTION WITH DEBTORS' MOTION TO PERMIT DISCLOSURE OF THE DERIVATIVES QUESTIONNAIRES[*]

Sankaty Beacon Investment Partners, L.P.; Sankaty Credit Opportunities Grantor Trust; Sankaty Credit Opportunities II, L.P.; Sankaty Credit Opportunities III, L.P.; and Sankaty Special Situations I Grantor Trust (the "Sankaty Funds" or "Sankaty") respectfully joins in the objection (the "Objection") [Dk. 49132]) of certain creditors (the "Creditors") to the motion (the "Motion") [Dk. 48939] of LBHI as Plan Administrator and on behalf of its affiliates, together with the Creditors Committee ("Movants"), pursuant to section 107(a) of the Bankruptcy Code, to allow disclosure of the derivative questionnaires, notwithstanding the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Dk. 4271] (the "Bar Date Order").   Sankaty also writes separately to object to the Motion.

In support of its joinder and objection, Sankaty respectfully states as follows:

---

[*]    This Amendment is substantively identical to Sankaty's Objection/Joinder of April 1, 2015.  [Dk. 49150] We submit it to correct typographical errors contained therein, as well as to make changes for clarity and style and to add cross-references and minimal additional authority.

## PRELIMINARY STATEMENT AND BRIEF FACTUAL BACKGROUND

1.     The Motion should be denied for two overall reasons—in addition to those set forth in the Objection (which we incorporate in full).  First, the Motion rests on flawed legal theory:  that the Derivative Questionnaires[1] ("DQ") are presumptively public.  That is wrong. The DQs, as Movants admit, are discovery materials.  Discovery materials are presumptively ***not*** public. Movants fail to cite dispositive Supreme Court case law decided thirty years ago that all but requires the Motion to be denied for that reason alone.  (*See* ¶¶ 8-11 *infra*.) Second, Movants' policy argument that the DQs should be made available to all creditors to make discovery more efficient would have the perverse effect of massively increasing costs and satellite litigation.  (*See* ¶¶ 14-18 *infra*.)

2.     Sankaty is a creditor of the Debtors.  Each of the five Sankaty Funds entered into certain derivative contracts with Lehman Brothers Special Financing Inc. ("Lehman") prior to the commencement of these chapter 11 cases.  On or about September 21, 2009, the Sankaty Funds timely filed proofs of claim seeking payment with respect to certain derivatives.

3.     On or about October 21, 2009, the Sankaty Funds each submitted a DQ, as required by the Bar Date Order, to the secure website http://www. lehman-claims.com.[2]

4.     There is no dispute on this Motion that proofs of claim constitute a legal requirement that a creditor set forth specific information and are to be "filed" pursuant to Bankruptcy Rule 3001, whereas the information contained in the DQ constitutes mere discovery.[3]

---

[1]     Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Disclosure Motion (as defined below).

[2]     Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Dk. 4271].

[3]     *Compare* Motion ¶ 14 *and* Credit Suisse and JPMorgan Response to Motion [Dk. 49028] ("CS Resp.") ¶¶

2

5.    Sankaty, like the Creditors, understood and relied on the protections of the Bar Date Order, that the DQs would remain confidential as between the Debtors, the Creditors' Committee, their advisors and Sankaty.   (Bar Date Order at 2, 9; Objection ¶¶ 3-5)    The Movants and Debtors, too, understood that the Derivatives Questionnaires would remain confidential.  (Objection ¶¶ 6-8)

6.    In or about July 2014, Sankaty settled its claims with the Debtors.

## ARGUMENT

7.    The Motion is without factual, legal or functional merit.

8.    First, the core premise of the Motion is that that, like proofs of claim, the DQs and the information they contain are "presumptively public under the law."    (Motion ¶ 5;  *see id*. ¶¶ 8, 10).  The assumption is wrong, and Movants cite no case that stands for the proposition that any information supporting proofs of claim is either presumed to be public, or indeed, ordinarily filed with the Court.  None of the cases cited in paragraphs 10-12 of the Motion involves a DQ or its equivalent.  (Objection ¶ 17 & n.14)

---

5, 10 *with* Objection Barclays Capital Inc., Barclays Bank PLC and affiliates to the Motion [D.I. 3654] Of The Debtors Pursuant To Section 502(B)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(C)(3), For Establishment Of The Deadline For Filing Proofs Of Claim, Approval Of The Form And Manner Of Notice Thereof And Approval Of The Proof Of Claim Form [Dk. 3820] ("Barclays Bar Date Order Response") ¶¶ 2, 4:

> "Bankruptcy Rule 3001 … accords prima facie validity to a proof of claim filed in accordance with the Bankruptcy Rules. The Bankruptcy Rules, as well as case law interpreting these Rules, do not impose at the initial stage of filing a proof of claim the obligation to provide the mountain of information the Debtors would require with respect to Derivative Contracts and Guarantees of Derivative Contracts. …

> "The proposed Derivative and Guarantee Questionnaires the Debtors seek to impose one-sided discovery in the form of interrogatories and document requests on claimants, again in violation of the Bankruptcy Rules. Such one-sided discovery concerning derivative contracts through the mechanism of a bar date order is, of course, unprecedented, even in the largest of chapter 11 cases, and is in any event improper under the Bankruptcy Rules. Discovery relating to such claims, if any, may only be had after the Debtors file an objection to the claim, thereby initiating a contested matter pursuant to Bankruptcy Rule 9014, or by objecting to the claim as part of an adversary proceeding. In either case, discovery would be conducted pursuant to the protections of the Federal Rules and such discovery would operate in both directions (that is, creditors could also request additional information from the debtor)."

9.      In fact, Movants admit that they seek the relief purportedly to make the discovery process more efficient:  "To be clear, the Derivative Questionnaires would not become publicly accessible on the Lehman claims website.  Instead, ***Movants are seeking authorization to freely exchange the Derivative Questionnaires as discovery materials*** in connection with any Lehman-related adversary proceeding or claim objection."  (Motion ¶ 14; emphasis added))  The DQs were not, like proofs of claim, "filed" with the Court.  They now sit on a secure website—akin to a discovery vendor's platform.  The Court ordered them to be placed there much in the way a court, for example, might require a party to comply with a discovery request.

10.     Under those circumstances, there is no presumptive right on which Movant may rely.  Section 107 of the Bankruptcy Code protects "paper filed in a case under" the Bankruptcy Code.  11 U.S.C § 107(a).   But the Derivatives Questionnaires do not constitute "paper[s] filed in a case," just as discovery is not "filed" simply because it occurs.  In fact, the Supreme Court long ago held that there is *no* constitutional right of access to discovery materials. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)   (public and press have no presumptive right to deposition transcripts not filed in court).

11.     Because the DQs and related information are not presumptively available to the public (or to any other creditors, who are not parties[4], the Court need not address the central legal question Movants raise—whether the "limited exceptions" to Section 107(a), including that the DQs no longer contain "confidential commercial information."  11 U.S.C. § 107(b)(1).   The

---

[4]      Other creditors—whether they have settled or not—are not "co-parties" in the sense of a multiparty lawsuit. They have individual interests and must pursue the their own discovery materials on their own merits.  *See, e.g., Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 713, 724-26 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, No. 13 CIV. 4332 ALC, 2014 WL 1302660 (S.D.N.Y. Mar. 31, 2014) (denying discovery request by creditor involved in adversary proceedings to as irrelevant when seeking unfettered access to a database of co-creditor information maintained by a third party).

answer to that question is, simply stated, irrelevant because there is no right from which anyone

could seek an exception.[5]

12.     Even if the DQ's did constitute "papers filed" or "judicial records," this Court

should nevertheless deny the Motion—for at least four reasons.  *First*, the Creditors and Sankaty

easily meet the statutory exceptions and overcome the common law presumption.  *Valley Broad.*

*Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (The Court must

"weigh the interests advanced by the parties in the light of the public interest and the duty of the

courts."); *Hagestad v. Tragresser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (Factors relevant to this

balancing test "include the public interest in understanding the judicial process and whether

disclosure of the material could result in improper use of the material for scandalous or libelous

purposes or infringement upon trade secrets." ).  As we make clear below (*see* ¶¶ 13-18), the

costs to all affected parties and the interests of the bankruptcy process itself far outweigh the

alleged cost savings (and largely to the benefit of those few creditors who chose not to settle).

13.     *Second*, it is fundamentally unfair to change the rules of the game six years into

the process.  In that time, hundreds of creditors such as Sankaty (if not more) chose to settle and

compromise their claims by relying in part on the representation of confidentiality in making

their own individual calculations.   The costs of seeking discovery, particularly of other

counterparty-Lehman interaction, surely figured into those analyses.

14.     *Third,* because the DQs constitute discovery material, Sankaty and the Creditors

are entitled, under the Federal Rules of Civil Procedure, to individualized reviews of a question

the Movants causally shrug off (Motion ¶¶ 5, 13): whether the material in the DQs no longer

constitutes commercially sensitive confidential information, *see* 11 U.S.C. § 107(b)(1), merely

---

[5]        For the same reason, the DQs are not "judicial records" and so are not subject to the common law right of
access; the Court therefore need to consider whether the Creditors (including Sankaty) have rebutted the common
law presumption of access.

because of its age.  The applicable rules permit creditors in adversarial proceedings to obtain

individualized review of discovery disputes—"for good cause shown"; a "justice requires," Fed.

R. Civ. P. 26(c); *see* Fed. R. Bankr. P. 7026—of material should remain confidential.  It is not

possible on this Motion to address the issues raised by what PACER reflects are 213 adversarial

proceedings filed thus far—and the interests of the "more than 6,000 creditors" who submitted

DQs.  (Motion ¶ 5)

15.    Finally, entering Movants' proposed order[6] would cause predictable and

lamentable consequences.  What creditor in any future bankruptcy will ever willingly provide

information to e-databases ordered to be "secure" and "confidential", such as the one Movants

now ask the Court to permit it and its opponents in adversary proceedings to use as a generally

accessible discovery database for all such proceedings?

16.    Movants complain that it is "time consuming and expensive" to "provid[e] notice

of production" to "each of the affected" Creditors whose DQ(s) other counterparties seek as part

of the discovery in that process.  (Motion ¶ 5)  Granting the Motion would constitute an end run

around the limitations imposed by the rules applicable to third party discovery.  The rules protect

third parties such as the Creditors and Sankaty, for example, by permitting them to object to

subpoenas for documents and testimony and obtain their own specific assessments of relevance

and burden considerations and the like.  *See* Fed. R. Civ. P. 45 & 45(d); Fed. R. Bankr. P. 9016.

Any creditor who agreed to provide information to a general database at the outset of the case in

order to help maximize the value of the estate (and thus its claim) by reducing costs/settling will

have inadvertently donated their private information to any creditor who later found it—

unsurprisingly, given the relief sought, for example, by Credit Suisse and JPMorgan—cost

---

[6]      Or, even more broadly, the proposed order of Credit Suisse and J.P. Morgan Chase, both of whom are now
parties to adversarial proceedings and which would make available correspondence and other information related to
the DQs but not contained in them.  (CS Resp., Ex. A [Dk. 49028-1], at 2.)

efficient not to settle their claims, or do so early.   The Motion, therefore, silently punishes early settling creditors by making their information widely available long after they thought they had paid for repose (at a discount).

17.    That, in turn, will have the perverse incentive of encouraging their descendants in later bankruptcy proceedings to try to lower the costs of obtaining discovery, or at least hold off settling until they determine how economies of scale (such as the DQ database) develop over the years.   Alternatively, they might resist up front proposals for economies of scale by litigating aggressively against them to prevent those with greater resources or whose assets may last longer from benefitting later.   Either way, the Motion is not a solution to "time consuming and expensive" work.

18.    Finally, Movants nowhere address the obvious question in this case of granting the relief they seek: whether other creditors such as Sankaty will re-open, or try to re-open, settlements.   Those many creditors relied on the Bar Date Order in evaluating the marginal costs of settling versus litigating.   If they do find themselves with plausible arguments to re-open settlements—or to litigate to seek the status to do so—the Motion invites "time consuming and expensive" motions practice, satellite litigations and imposes burdens on the estate that will not occur if the Motion is denied.

**CONCLUSION**

For the foregoing reasons, the Debtors' Disclosure Motion should be denied.

Dated:  April 2, 2015[7]                                    Respectfully submitted,


                                                 /s/ Jonathan H. Sherman
                                                 _____

                                                 Jonathan D. Schiller (Bar No. JD8311)
                                                 BOIES, SCHILLER & FLEXNER LLP
                                                 575 Lexington Avenue
                                                 New York, NY 10022
                                                 (212) 446-2300

                                                 -and-

                                                 Jonathan H. Sherman (Bar No. 2488765)
                                                 BOIES, SCHILLER & FLEXNER LLP
                                                 5301 Wisconsin Avenue, N.W.
                                                 Washington, DC 20015
                                                 (202) 237-2727

                                                 Attorneys for Sankaty Beacon Investment
                                                 Partners, L.P.; Sankaty Credit Opportunities
                                                 Grantor Trust; Sankaty Credit Opportunities
                                                 II, L.P.; Sankaty Credit Opportunities III,
                                                 L.P.; and Sankaty Special Situations I
                                                 Grantor Trust

---

[7]      Extended to April 1, 2015 (as to Sankaty's Objection/Joinder [Dk. 49150]) by agreement of counsel to the Debtors with respect to Sankaty.

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing _____ has been made

through the Court's Electronic Filing System (ECF) on this 1ˢᵗ day of April 2015.


/s/ Jonathan H. Sherman

Jonathan D. Schiller (Bar No. JD8311)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

-and-

Jonathan H. Sherman (Bar No. 2488765)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, DC 20015
(202) 237-2727

Attorneys for Sankaty Beacon Investment
Partners, L.P.; Sankaty Credit Opportunities
Grantor Trust; Sankaty Credit Opportunities
II, L.P.; Sankaty Credit Opportunities III,
L.P.; and Sankaty Special Situations I
Grantor Trust

# Exhibit B

**Tuesday, November 10, 2015 at 4:50:09 PM Eastern Standard Time**

**Subject:** Re: Lehman Derivative Questionnaires
**Date:** Tuesday, September 29, 2015 at 7:58:40 PM Eastern Daylight Time
**From:** Scott Shelley
**To:** Jonathan Sherman

Thanks Jonathan. We'll look forward to hearing from you shortly.

Sent from my iPhone

On Sep 29, 2015, at 12:11 PM, Jonathan Sherman <JSherman@BSFLLP.com> wrote:

> Scott,
>
> We are still reviewing the proposal we will get back to you shortly. If you require a response, let me
> know with a bit of notice if possible. Thanks.
>
> Jonathan.
>
>
>
> Sent with Good (www.good.com)
>
>
> -----Original Message-----
> **From:** Scott Shelley [scottshelley@quinnemanuel.com]
> **Sent:** Friday, September 18, 2015 01:26 PM Eastern Standard Time
> **To:** Jonathan Sherman
> **Subject:** FW: Lehman Derivative Questionnaires
>
>
> * Settlement Discussions -- Subject to FRE 408 *



NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

**Tuesday, November 10, 2015 at 4:51:07 PM Eastern Standard Time**

**Subject:** RE: URGENT--Lehman Derivatives Questionnaires

**Date:**     Wednesday, May 20, 2015 at 11:25:02 AM Eastern Daylight Time

**From:**     Scott Shelley

**To:**       Jonathan Sherman

**CC:**       Andrew J. Rossman

We will remove the Sankaty entities from the list of non-objecting parties we submit with the order. Sorry for the mix-up.

-----Original Message-----
From: Jonathan Sherman [mailto:JSherman@BSFLLP.com]
Sent: Wednesday, May 20, 2015 11:22 AM
To: Scott Shelley
Cc: Andrew J. Rossman
Subject: URGENT--Lehman Derivatives Questionaires
Importance: High

Dear Scott,

I am writing on behalf of the Sankaty entities in connection with the attached Reply concerning non-objecting parties on the Derivative Questionnaire Motion.

I understand that there is a hearing today concerning a "non-obejecting parties" to the Debtors' Derivatives Questionaires' Motion. I also understand that you have included my clients, the Sankaty Entites, on the list of "non-objeting parties" to whom today's hearing is directed.

You and I spoke for 45 minutes on April 30 about this very subject. You told me that Sankaty had originally been listed internally as an objecting party-which is consistent with the communication this firm received from your firm (shortly after all of the objections were filed) in which QE informed all objecting parties (including Sankaty) that the original hearing date had been adjourned.

On our April 30 call you told me that your internal team had made a classification mistake, and that Sankaty's position as an objecting party would be noted and changed. You and I then proceeded to have a detailed discussion in which you explained the Debtors' plans for a "global resolution for" the objecting parties. You stated that you would get back to me when within "a week or so" to discuss that "global plan," the outlines of which you had described. I did not hear from you but followed up with a phone call last week.

Approximately ten minutes ago, I learned - from my client - that Sankaty entities had been placed on the "non-objecting parties" list for today's hearing. (See attached.)

Please confirm for me that this, too, is an inadvertent error; and that Sankaty's Derivative Questionnaires will not be the subject of any order entered by the Court. Please also let me know what the plans are to deal with the Objecting Parties.

Finally, and in all events, neither the Debtor nor the Creditors' Committee has permission or authority from Sankaty to release to Sankaty's Derivative Questionnaires to anyone at any time until this error is fixed or until Sankaty has the opportunity to move for protection from the Court. If any such information is released, our client will hold both, as well as your firm, responsible for any damage including any costs incurred in making a motion for protection from the Court including seeking sanction for your statement to me-upon which my client relied-to let me know the details of the "Objecting Party" global plan (which, by implication, included changing Sankaty's status from objecting to non-objecting party without disclosing it to us despite our 45 minute call on April 30 and my follow up call last week).

Please respond promptly to this email and my call (which I will make again this morning.

Sincerely,

Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
www.bsfllp.com<http://www.bsfllp.com/>

From: Jonathan Sherman <jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>>
Date: Thursday, April 30, 2015 at 5:16 PM
To: Scott Shelley <scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>>
Subject: Sankaty

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
www.bsfllp.com<http://www.bsfllp.com/>

_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Tuesday, November 10, 2015 at 4:51:29 PM Eastern Standard Time

**Subject:** Lehman Derivatives Questionnaires
**Date:** Friday, June 5, 2015 at 4:10:45 PM Eastern Daylight Time
**From:** Scott Shelley
**To:** Jonathan Sherman
**CC:** Andrew J. Rossman

The estate is still formulating and refining the proposal. There are numerous parties involved, so it is a laborious process. We will reach out to DQ filers once the proposal is ready. Thanks.


-----Original Message-----
From: Jonathan Sherman [mailto:JSherman@BSFLLP.com]
Sent: Friday, June 05, 2015 3:22 PM
To: Scott Shelley
Cc: Andrew J. Rossman
Subject: FW: URGENT--Lehman Derivatives Questionnaires


Scott, see below. I never heard from you. Our client very much would like to know the status so we can see any proposal. Thanks, Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015?202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
jsherman@bsfllp.com<mailto:jsherman@bsfllp.com><mailto:jsherman@bsfllp.com>
http://www.bsfllp.com<http://www.bsfllp.com>




From: Jonathan Sherman <jsherman@bsfllp.com<mailto:jsherman@bsfllp.com><mailto:jsherman@bsfllp.com>>
Date: Thursday, May 28, 2015 at 3:49 PM
To: 'Scott Shelley' <scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>
<mailto:scottshelley@quinnemanuel.com>>
Subject: RE: URGENT--Lehman Derivatives Questionnaires

Hi Scott, just checking in on this to see where a global deal stands and generally to get an update. Let me know a good time to talk, thanks, JS




Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015?202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
jsherman@bsfllp.com<mailto:jsherman@bsfllp.com><mailto:jsherman@bsfllp.com>
http://www.bsfllp.com<http://www.bsfllp.com>

-----Original Message-----
From: Scott Shelley [scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>
<mailto:scottshelley@quinnemanuel.com>]
Sent: Wednesday, May 20, 2015 11:25 AM Eastern Standard Time
To: Jonathan Sherman
Cc: Andrew J. Rossman
Subject: RE: URGENT--Lehman Derivatives Questionnaires

We will remove the Sankaty entities from the list of non-objecting parties we submit with the order. Sorry for the mix-up.

-----Original Message-----
From: Jonathan Sherman [mailto:JSherman@BSFLLP.com]
Sent: Wednesday, May 20, 2015 11:22 AM
To: Scott Shelley
Cc: Andrew J. Rossman
Subject: URGENT--Lehman Derivatives Questionaires
Importance: High

Dear Scott,

I am writing on behalf of the Sankaty entities in connection with the attached Reply concerning non-objecting parties on the Derivative Questionnaire Motion.

I understand that there is a hearing today concerning a "non-obejecting parties" to the Debtors' Derivatives Questionaires' Motion. I also understand that you have included my clients, the Sankaty Entites, on the list of "non-objeting parties" to whom today's hearing is directed.

You and I spoke for 45 minutes on April 30 about this very subject. You told me that Sankaty had originally been listed internally as an objecting party-which is consistent with the communication this firm received from your firm (shortly after all of the objections were filed) in which QE informed all objecting parties (including Sankaty) that the original hearing date had been adjourned.

On our April 30 call you told me that your internal team had made a classification mistake, and that Sankaty's position as an objecting party would be noted and changed. You and I then proceeded to have a detailed discussion in which you explained the Debtors' plans for a "global resolution for" the objecting parties. You stated that you would get back to me when within "a week or so" to discuss that "global plan," the outlines of which you had described. I did not hear from you but followed up with a phone call last week.

Approximately ten minutes ago, I learned - from my client - that Sankaty entities had been placed on the "non-objecting parties" list for today's hearing. (See attached.)

Please confirm for me that this, too, is an inadvertent error; and that Sankaty's Derivative Questionnaires will not be the subject of any order entered by the Court. Please also let me know what the plans are to deal with the Objecting Parties.

Finally, and in all events, neither the Debtor nor the Creditors' Committee has permission or authority from Sankaty to release to Sankaty's Derivative Questionnaires to anyone at any time until this error is fixed or until Sankaty has the opportunity to move for protection from the Court. If any such information is released, our client will hold both, as well as your firm, responsible for any damage including any costs incurred in making a motion for protection from the Court including seeking sanction for your statement to me-upon which my client relied-to let me know the details of the "Objecting Party" global plan (which, by implication, included changing Sankaty's status from objecting to non-objecting party without disclosing it to us despite our 45 minute call on April 30 and my follow up call last week).

**Page 2 of 4**

Please respond promptly to this email and my call (which I will make again this morning.

Sincerely,

Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
www.bsfllp.com<http://www.bsfllp.com><http://www.bsfllp.com<http://www.bsfllp.com>>
<http://www.bsfllp.com/<http://www.bsfllp.com/><http://www.bsfllp.com/<http://www.bsfllp.com/>>>

From: Jonathan Sherman <jsherman@bsfllp.com<mailto:jsherman@bsfllp.com><mailto:jsherman@bsfllp.com>
<mailto:jsherman@bsfllp.com>>
Date: Thursday, April 30, 2015 at 5:16 PM
To: Scott Shelley <scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>
<mailto:scottshelley@quinnemanuel.com><mailto:scottshelley@quinnemanuel.com>>
Subject: Sankaty

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
www.bsfllp.com<http://www.bsfllp.com><http://www.bsfllp.com<http://www.bsfllp.com>>
<http://www.bsfllp.com/<http://www.bsfllp.com/><http://www.bsfllp.com/<http://www.bsfllp.com/>>>

_____
The information contained in this electronic message is confidential information intended only for the use of the
named recipient(s) and may contain information that, among other protections, is the subject of attorney-client
privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic
message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you
are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly
prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the
sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

_____
The information contained in this electronic message is confidential information intended only for the use of the
named recipient(s) and may contain information that, among other protections, is the subject of attorney-client
privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic
message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you

are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

----------------------------------------------------------------

**Tuesday, November 10, 2015 at 4:52:04 PM Eastern Standard Time**

**Subject:** RE: Returning yours
**Date:** Thursday, April 30, 2015 at 3:36:34 PM Eastern Daylight Time
**From:** Scott Shelley
**To:** Jonathan Sherman

5 pm ET is fine.

---

**From:** Jonathan Sherman [mailto:JSherman@BSFLLP.com]
**Sent:** Thursday, April 30, 2015 3:36 PM
**To:** Scott Shelley
**Subject:** RE: Returning yours

Scott, thanks. Any chance for 5? Or 9.30 tomorrow am?

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015?202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
jsherman@bsfllp.com
http://www.bsfllp.com

-----Original Message-----
**From:** Scott Shelley [scottshelley@quinnemanuel.com]
**Sent:** Thursday, April 30, 2015 03:29 PM Eastern Standard Time
**To:** Jonathan Sherman
**Subject:** RE: Returning yours

Jonathan -- I am available now if you'd like to call.  Alternatively, we could speak
at 4 pm ET if that is more convenient.  Thanks.

**Scott Shelley**
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7358 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
scottshelley@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Jonathan Sherman [mailto:JSherman@BSFLLP.com]
Sent: Thursday, April 30, 2015 2:21 PM
To: Scott Shelley
Subject: FW: Returning yours
Importance: High

Scott,

I am just following up on this and also on your voicemail.  I am out of the office but
would like to talk to you today.  Is there a set time I can call you or we can speak?

Thanks, Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>
http://www.bsfllp.com<http://www.bsfllp.com/>


From: Jonathan Sherman <jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>>
Date: Friday, April 17, 2015 at 6:38 AM
To: Christopher Clark
<christopherclark@quinnemanuel.com<mailto:christopherclark@quinnemanuel.com>>
Cc: Andrew Rossman
<andrewrossman@quinnemanuel.com<mailto:andrewrossman@quinnemanuel.com>>, Scott Shelley
<scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>>, Lindsay Weber
<lindsayweber@quinnemanuel.com<mailto:lindsayweber@quinnemanuel.com>>, Carl Owens
<COwens@BSFLLP.com<mailto:COwens@BSFLLP.com>>
Subject: Re: In re Lehman Brothers Holdings Inc. et al., 08-13555 (SCC)

Dear Mr. Clark:

I am writing on behalf of the Sankaty entities on the status of the motion adjourned
below.  Do you or one of your colleagues have 10 minutes to discuss the status of the
motion of adjourned below?

Many thanks, Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
www.bsfllp.com<http://www.bsfllp.com/>

**Page 2 of 5**

From: Christopher Clark
<christopherclark@quinnemanuel.com<mailto:christopherclark@quinnemanuel.com>>
Date: Thursday, April 2, 2015 at 11:34 PM
To: "bdk@schlamstone.com<mailto:bdk@schlamstone.com>"
<bdk@schlamstone.com<mailto:bdk@schlamstone.com>>,
"mgburke@sidley.com<mailto:mgburke@sidley.com>"
<mgburke@sidley.com<mailto:mgburke@sidley.com>>,
"apropps@sidley.com<mailto:apropps@sidley.com>"
<apropps@sidley.com<mailto:apropps@sidley.com>>,
"DiConzaM@gtlaw.com<mailto:DiConzaM@gtlaw.com>"
<DiConzaM@gtlaw.com<mailto:DiConzaM@gtlaw.com>>,
"CShesky@kingstreet.com<mailto:CShesky@kingstreet.com>"
<CShesky@kingstreet.com<mailto:CShesky@kingstreet.com>>,
"DHong@kingstreet.com<mailto:DHong@kingstreet.com>"
<DHong@kingstreet.com<mailto:DHong@kingstreet.com>>,
"jbienstock@coleschotz.com<mailto:jbienstock@coleschotz.com>"
<jbienstock@coleschotz.com<mailto:jbienstock@coleschotz.com>>,
"mwarner@coleschotz.com<mailto:mwarner@coleschotz.com>"
<mwarner@coleschotz.com<mailto:mwarner@coleschotz.com>>, "jmr@msf-
law.com<mailto:jmr@msf-law.com>" <jmr@msf-law.com<mailto:jmr@msf-law.com>>,
"dadler@mccarter.com<mailto:dadler@mccarter.com>"
<dadler@mccarter.com<mailto:dadler@mccarter.com>>,
"kmayer@mccarter.com<mailto:kmayer@mccarter.com>"
<kmayer@mccarter.com<mailto:kmayer@mccarter.com>>,
"ken.coleman@allenovery.com<mailto:ken.coleman@allenovery.com>"
<ken.coleman@allenovery.com<mailto:ken.coleman@allenovery.com>>,
"daniel.guyder@allenovery.com<mailto:daniel.guyder@allenovery.com>"
<daniel.guyder@allenovery.com<mailto:daniel.guyder@allenovery.com>>,
"jonathan.cho@allenovery.com<mailto:jonathan.cho@allenovery.com>"
<jonathan.cho@allenovery.com<mailto:jonathan.cho@allenovery.com>>,
"pfeldman@otterbourg.com<mailto:pfeldman@otterbourg.com>"
<pfeldman@otterbourg.com<mailto:pfeldman@otterbourg.com>>,
"howard.hawkins@cwt.com<mailto:howard.hawkins@cwt.com>"
<howard.hawkins@cwt.com<mailto:howard.hawkins@cwt.com>>,
"ellen.halstead@cwt.com<mailto:ellen.halstead@cwt.com>"
<ellen.halstead@cwt.com<mailto:ellen.halstead@cwt.com>>,
"cboccuzzi@cgsh.com<mailto:cboccuzzi@cgsh.com>"
<cboccuzzi@cgsh.com<mailto:cboccuzzi@cgsh.com>>,
"lgranfield@cgsh.com<mailto:lgranfield@cgsh.com>"
<lgranfield@cgsh.com<mailto:lgranfield@cgsh.com>>,
"bmorag@cgsh.com<mailto:bmorag@cgsh.com>" <bmorag@cgsh.com<mailto:bmorag@cgsh.com>>,
"joshua.dorchak@morganlewis.com<mailto:joshua.dorchak@morganlewis.com>"
<joshua.dorchak@morganlewis.com<mailto:joshua.dorchak@morganlewis.com>>,
"choupt@mayerbrown.com<mailto:choupt@mayerbrown.com>"
<choupt@mayerbrown.com<mailto:choupt@mayerbrown.com>>,
"mhanchet@mayerbrown.com<mailto:mhanchet@mayerbrown.com>"
<mhanchet@mayerbrown.com<mailto:mhanchet@mayerbrown.com>>,
"igoldstein@proskauer.com<mailto:igoldstein@proskauer.com>"
<igoldstein@proskauer.com<mailto:igoldstein@proskauer.com>>,
"daniel.laguardia@shearman.com<mailto:daniel.laguardia@shearman.com>"
<daniel.laguardia@shearman.com<mailto:daniel.laguardia@shearman.com>>,
"soneal@cgsh.com<mailto:soneal@cgsh.com>" <soneal@cgsh.com<mailto:soneal@cgsh.com>>,
"tmoloney@cgsh.com<mailto:tmoloney@cgsh.com>"
<tmoloney@cgsh.com<mailto:tmoloney@cgsh.com>>,
"chammerman@paulweiss.com<mailto:chammerman@paulweiss.com>"
<chammerman@paulweiss.com<mailto:chammerman@paulweiss.com>>, Jonathan Sherman
<jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>>,

"<u>tsmith@curtis.com<mailto:tsmith@curtis.com></u>"
<<u>tsmith@curtis.com<mailto:tsmith@curtis.com></u>>,
"<u>lharrison@curtis.com<mailto:lharrison@curtis.com></u>"
<<u>lharrison@curtis.com<mailto:lharrison@curtis.com></u>>,
"<u>pbehmke@curtis.com<mailto:pbehmke@curtis.com></u>"
<<u>pbehmke@curtis.com<mailto:pbehmke@curtis.com></u>>, Carl Owens
<<u>COwens@BSFLLP.com<mailto:COwens@BSFLLP.com></u>>
Cc: Andrew Rossman
<<u>andrewrossman@quinnemanuel.com<mailto:andrewrossman@quinnemanuel.com></u>>, Scott Shelley
<<u>scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com></u>>, Lindsay Weber
<<u>lindsayweber@quinnemanuel.com<mailto:lindsayweber@quinnemanuel.com></u>>
Subject: RE: In re Lehman Brothers Holdings Inc. et al., 08-13555 (SCC)


Attached please find the Notice of Adjournment of Hearing on Motion to Allow
Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the
Bankruptcy Codefiled today by Quinn Emanuel Urquhart & Sullivan, LLP in the above
referenced proceeding.




Christopher Clark
Contract Attorney,
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7000 Direct
212.849.7000 Main Office Number
212.849.7100 FAX
<u>christopherclark@quinnemanuel.com<mailto:christopherclark@quinnemanuel.com></u>
<u>www.quinnemanuel.com<http://www.quinnemanuel.com></u>

NOTICE: The information contained in this e-mail message is intended only for the
personal and confidential use of the recipient(s) named above. This message may be an
attorney-client communication and/or work product and as such is privileged and
confidential. If the reader of this message is not the intended recipient or agent
responsible for delivering it to the intended recipient, you are hereby notified that
you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited. If you have received
this communication in error, please notify

_____

The information contained in this electronic message is confidential information
intended only for the use of the named recipient(s) and may contain information that,
among other protections, is the subject of attorney-client privilege, attorney work
product or exempt from disclosure under applicable law. If the reader of this
electronic message is not the named recipient, or the employee or agent responsible to
deliver it to the named recipient, you are hereby notified that any dissemination,
distribution, copying or other use of this communication is strictly prohibited and no
privilege is waived. If you have received this communication in error, please

immediately notify the sender by replying to this electronic message and then deleting
this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain
information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable
law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you
are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If
you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this
electronic message from your computer. [v.1]

**Tuesday, November 10, 2015 at 4:52:34 PM Eastern Standard Time**

**Subject:** RE: Returning yours

**Date:** Thursday, April 30, 2015 at 3:29:35 PM Eastern Daylight Time

**From:** Scott Shelley

**To:** Jonathan Sherman

Jonathan -- I am available now if you'd like to call.  Alternatively, we could speak at 4 pm ET if that is more convenient.  Thanks.

**Scott Shelley**
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7358 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
scottshelley@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Jonathan Sherman [mailto:JSherman@BSFLLP.com]
Sent: Thursday, April 30, 2015 2:21 PM
To: Scott Shelley
Subject: FW: Returning yours
Importance: High

Scott,

I am just following up on this and also on your voicemail.  I am out of the office but would like to talk to you today.  Is there a set time I can call you or we can speak?

Thanks, Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>
http://www.bsfllp.com<http://www.bsfllp.com/>

From: Jonathan Sherman <jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>>
Date: Friday, April 17, 2015 at 6:38 AM
To: Christopher Clark
<christopherclark@quinnemanuel.com<mailto:christopherclark@quinnemanuel.com>>

**Page 1 of 4**

Cc: Andrew Rossman
<andrewrossman@quinnemanuel.com<mailto:andrewrossman@quinnemanuel.com>>, Scott Shelley
<scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>>, Lindsay Weber
<lindsayweber@quinnemanuel.com<mailto:lindsayweber@quinnemanuel.com>>, Carl Owens
<COwens@BSFLLP.com<mailto:COwens@BSFLLP.com>>
Subject: Re: In re Lehman Brothers Holdings Inc. et al., 08-13555 (SCC)

Dear Mr. Clark:

I am writing on behalf of the Sankaty entities on the status of the motion adjourned
below.   Do you or one of your colleagues have 10 minutes to discuss the status of the
motion of adjourned below?

Many thanks, Jonathan

Jonathan Sherman
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C.  20015
202.237.2727
202.237.9605 (direct)
202.237.6131 (fax)
202.669.8758 (mobile)
www.bsfllp.com<http://www.bsfllp.com/>

From: Christopher Clark
<christopherclark@quinnemanuel.com<mailto:christopherclark@quinnemanuel.com>>
Date: Thursday, April 2, 2015 at 11:34 PM
To: "bdk@schlamstone.com<mailto:bdk@schlamstone.com>"
<bdk@schlamstone.com<mailto:bdk@schlamstone.com>>,
"mgburke@sidley.com<mailto:mgburke@sidley.com>"
<mgburke@sidley.com<mailto:mgburke@sidley.com>>,
"apropps@sidley.com<mailto:apropps@sidley.com>"
<apropps@sidley.com<mailto:apropps@sidley.com>>,
"DiConzaM@gtlaw.com<mailto:DiConzaM@gtlaw.com>"
<DiConzaM@gtlaw.com<mailto:DiConzaM@gtlaw.com>>,
"CShesky@kingstreet.com<mailto:CShesky@kingstreet.com>"
<CShesky@kingstreet.com<mailto:CShesky@kingstreet.com>>,
"DHong@kingstreet.com<mailto:DHong@kingstreet.com>"
<DHong@kingstreet.com<mailto:DHong@kingstreet.com>>,
"jbienstock@coleschotz.com<mailto:jbienstock@coleschotz.com>"
<jbienstock@coleschotz.com<mailto:jbienstock@coleschotz.com>>,
"mwarner@coleschotz.com<mailto:mwarner@coleschotz.com>"
<mwarner@coleschotz.com<mailto:mwarner@coleschotz.com>>, "jmr@msf-
law.com<mailto:jmr@msf-law.com>" <jmr@msf-law.com<mailto:jmr@msf-law.com>>,
"dadler@mccarter.com<mailto:dadler@mccarter.com>"
<dadler@mccarter.com<mailto:dadler@mccarter.com>>,
"kmayer@mccarter.com<mailto:kmayer@mccarter.com>"
<kmayer@mccarter.com<mailto:kmayer@mccarter.com>>,
"ken.coleman@allenovery.com<mailto:ken.coleman@allenovery.com>"
<ken.coleman@allenovery.com<mailto:ken.coleman@allenovery.com>>,
"daniel.guyder@allenovery.com<mailto:daniel.guyder@allenovery.com>"
<daniel.guyder@allenovery.com<mailto:daniel.guyder@allenovery.com>>,
"jonathan.cho@allenovery.com<mailto:jonathan.cho@allenovery.com>"
<jonathan.cho@allenovery.com<mailto:jonathan.cho@allenovery.com>>,
"pfeldman@otterbourg.com<mailto:pfeldman@otterbourg.com>"
<pfeldman@otterbourg.com<mailto:pfeldman@otterbourg.com>>,

"howard.hawkins@cwt.com<mailto:howard.hawkins@cwt.com>"
<howard.hawkins@cwt.com<mailto:howard.hawkins@cwt.com>>,
"ellen.halstead@cwt.com<mailto:ellen.halstead@cwt.com>"
<ellen.halstead@cwt.com<mailto:ellen.halstead@cwt.com>>,
"cboccuzzi@cgsh.com<mailto:cboccuzzi@cgsh.com>"
<cboccuzzi@cgsh.com<mailto:cboccuzzi@cgsh.com>>,
"lgranfield@cgsh.com<mailto:lgranfield@cgsh.com>"
<lgranfield@cgsh.com<mailto:lgranfield@cgsh.com>>,
"bmorag@cgsh.com<mailto:bmorag@cgsh.com>" <bmorag@cgsh.com<mailto:bmorag@cgsh.com>>,
"joshua.dorchak@morganlewis.com<mailto:joshua.dorchak@morganlewis.com>"
<joshua.dorchak@morganlewis.com<mailto:joshua.dorchak@morganlewis.com>>,
"choupt@mayerbrown.com<mailto:choupt@mayerbrown.com>"
<choupt@mayerbrown.com<mailto:choupt@mayerbrown.com>>,
"mhanchet@mayerbrown.com<mailto:mhanchet@mayerbrown.com>"
<mhanchet@mayerbrown.com<mailto:mhanchet@mayerbrown.com>>,
"igoldstein@proskauer.com<mailto:igoldstein@proskauer.com>"
<igoldstein@proskauer.com<mailto:igoldstein@proskauer.com>>,
"daniel.laguardia@shearman.com<mailto:daniel.laguardia@shearman.com>"
<daniel.laguardia@shearman.com<mailto:daniel.laguardia@shearman.com>>,
"soneal@cgsh.com<mailto:soneal@cgsh.com>" <soneal@cgsh.com<mailto:soneal@cgsh.com>>,
"tmoloney@cgsh.com<mailto:tmoloney@cgsh.com>"
<tmoloney@cgsh.com<mailto:tmoloney@cgsh.com>>,
"chammerman@paulweiss.com<mailto:chammerman@paulweiss.com>"
<chammerman@paulweiss.com<mailto:chammerman@paulweiss.com>>, Jonathan Sherman
<jsherman@bsfllp.com<mailto:jsherman@bsfllp.com>>,
"tsmith@curtis.com<mailto:tsmith@curtis.com>"
<tsmith@curtis.com<mailto:tsmith@curtis.com>>,
"lharrison@curtis.com<mailto:lharrison@curtis.com>"
<lharrison@curtis.com<mailto:lharrison@curtis.com>>,
"pbehmke@curtis.com<mailto:pbehmke@curtis.com>"
<pbehmke@curtis.com<mailto:pbehmke@curtis.com>>, Carl Owens
<COwens@BSFLLP.com<mailto:COwens@BSFLLP.com>>
Cc: Andrew Rossman
<andrewrossman@quinnemanuel.com<mailto:andrewrossman@quinnemanuel.com>>, Scott Shelley
<scottshelley@quinnemanuel.com<mailto:scottshelley@quinnemanuel.com>>, Lindsay Weber
<lindsayweber@quinnemanuel.com<mailto:lindsayweber@quinnemanuel.com>>
Subject: RE: In re Lehman Brothers Holdings Inc. et al., 08-13555 (SCC)


Attached please find the Notice of Adjournment of Hearing on Motion to Allow
Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the
Bankruptcy Codefiled today by Quinn Emanuel Urquhart & Sullivan, LLP in the above
referenced proceeding.




Christopher Clark
Contract Attorney,
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7000 Direct
212.849.7000 Main Office Number
212.849.7100 FAX

christopherclark@quinnemanuel.com<mailto:christopherclark@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify

_____

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]