HEARING DATE AND TIME: December 17, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 10, 2015 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FIVE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE N. DOORLEY, AT 212-310-8810.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    08-13555 (SCC)
                                                :
            Debtors.                            :    (Jointly Administered)
------------------------------------------------------------------x

## NOTICE OF HEARING ON THE FIVE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (DISPUTED VALUATION CLAIMS)

**PLEASE TAKE NOTICE** that on November 13, 2015, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

WEIL:\95528167\4\58399.0011

the entities in the above-referenced chapter 11 cases, filed the five hundred twelfth omnibus objection to claims (the "Five Hundred Twelfth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Five Hundred Twelfth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, on **December 17, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Twelfth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Katherine N. Doorley, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and

WEIL:\95528167\4\58399.0011

received by no later than **December 10, 2015 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Twelfth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Twelfth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 13, 2015
       New York, New York

            /s/ Garrett A. Fail
            Garrett A. Fail

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            *Attorneys for Lehman Brothers Holdings Inc.*
            *and Certain of Its Affiliates*

**HEARING DATE AND TIME: December 17, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: December 10, 2015 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**FIVE HUNDRED TWELFTH OMNIBUS**
**OBJECTION TO CLAIMS (DISPUTED VALUATION CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FIVE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE N. DOORLEY, AT 212-310-8810.**

---

WEIL:\95528167\4\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1.  The Plan Administrator files this objection to claims pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking entry of an order reducing and allowing, or disallowing and expunging, the claims listed on Exhibit A annexed hereto.

2.  The Plan Administrator has determined that the proofs of claim listed on Exhibit A (collectively, the "Disputed Claims") assert amounts greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and the Plan Administrator's own valuations. The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A in the row "Claim as Modified" and allow each such claim only to the extent of such modified amount, or to the extent the "Claim as Modified" amount is zero, to disallow and expunge the claim.

3.  The Plan Administrator reserves all rights to object on any other basis to any Disputed Valuation Claim as to which the Court does not grant the relief requested herein.

2

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

**Background**

5.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7). The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id*. at 8.) A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.

7.  Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid

3

amounts, collateral, and other costs associated with the claim pursuant to the derivative contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire, which required the claimant to, among other things, set forth in the information forming the basis of the claimant's assertion of a guarantee.

8.       The Bar Date Notice also prominently stated in bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)."** (*Id.* at 6 (emphasis in original)). To date, the Court has entered orders expunging hundreds of claims based on the fact that the claimants failed to provide either a Guarantee Questionnaire or a Derivatives Questionnaire, or both, as required by the Bar Date Order.

9.       On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012.

10.      Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Disputed Claims Should Be Reduced Or Disallowed

11.      Proofs of claim are only entitled to *prima facie* validity if they meet certain minimum standards. If properly asserted, a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re*

4

*Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

**DNB Nor Bank Claim (Claim Number 27279)**

12. Claim 27279 was filed by DNB Nor Bank (the "DNB Claim") on September 22, 2009 in the amount of $2,197,256.00.

13. The DNB Claim is based on a guaranty by LBHI of the obligations of Lehman Brothers Finance S.A. ("LBF") under and ISDA Master Agreement dated March 25, 1997. Because the DNB Claim was based on both a guaranty and a derivatives contract, DNB Nor Bank was required to file both a Guarantee Questionnaire and a Derivatives Questionnaire in support of the DNB Claim. DNB, however, only filed a Guarantee Questionnaire in contravention of the Bar Date Order.

14. In addition to failing to comply with the Bar Date Order, DNB Nor Bank improperly valued the DNB Claim. Specifically, DNB Nor Bank valued the DNB Claim as of September 24, 2008, rather than September 15, 2008, the early termination date under the relevant derivatives contract. The proper value of the DNB Claim is $1,411,365.00, thirty-five percent (35%) lower than asserted by DNB Nor Bank.

15. Section 562 of the Bankruptcy Code specifically provides that if an ISDA counterparty terminates the contract or agreement, damages shall be measured as of the date of such termination. 11 U.S.C. § 562. The ISDA submitted by DNB Nor Bank had an automatic termination provision, which provides that in the event of a bankruptcy or insolvency, the early terminate date would arise automatically for all outstanding transactions without notice to the defaulting party. Accordingly, the ISDA automatically terminated on the Petition Date and the

5

Petition Date is the proper date to measure damages under the ISDA. While replacement trades can be utilized to mitigate damages, replacement trades obtained after the termination date are not the proper basis on which to value a claim. *See* 11 U.S.C. §562. Accordingly, the Plan Administrator seeks to reduce and allow the DNB Claim to an amount reflecting the Plan Administrator's valuation of the claim.

**Granite Finance Claims (Claim Numbers 27822, 27823 and 27873)**

16. Granite Finance filed, among others, claims 27822, 27823 and 27873 (the "Granite Finance Claims") on September 22, 2009. Each of the Granite Finance Claims is based on a guaranty by LBHI of certain obligations of LBF. Claim numbers 27822 and 27873 were filed in unliquidated amounts and no valuation information or other supporting documentation was ever provided by Granite Finance. Creditors had until the Effective Date of the Plan, March 6, 2012 to amend their claims without leave from the Court. Granite Finance never amended these claims to assert a specific valuation, and Granite Finance did not provide the required valuation or other supporting information in violation of the Bar Date Order. Consequently, these claims do not constitute valid *prima facie* claims.

17. The Bar Date Order specifically requires that "each Proof of Claim ***must***: . . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added).). This requirement for proofs of claim is not a unique one. Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable. *See In re Finlay Enters., Inc.,* No. 09-14873 (JMP), Oct. 20, 2009 Order [ECF No. 316] at 6; *In re AGT Crunch Acquisition LLC*, No. 09-12889 (REG), Oct. 14, 2009 Order [ECF No. 554] at 2-3. The Bankruptcy Rules' official proof of

6

claim form also includes this standard requirement. These claims were filed in unliquidated amounts and no valuation information was provided despite the requirements of the Derivatives Questionnaire and the Bar Date Order providing that claimants should submit, among other things, a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract. While Granite Finance did submit a calculation statement on account of claim number 27823, it provided no details or other valuation information or support for the calculation statement. Claim number 27823 was also filed in an unliquidated amount. Creditors had until the Effective Date of the Plan, March 6, 2012 to amend their claims without leave from the Court. Granite Finance never amended this claim to assert a specific valuation, and Granite Finance failed to submit a Derivative Questionnaire for claim number 27823. As discussed above, the failure to file a Derivatives Questionnaire is an independent basis for disallowing this claim.

18. The Plan Administrator conducted its own valuation of the Granite Finance Claims by reviewing the trade-level details, taking into account foreign exchange rates, close of business valuations, market rates, stock prices and stock volatility. The Plan Administrator has determined the amounts owed by LBF have been satisfied in full by LBF. Having recovered in full against the primary obligor, the Granite Finance Claims should be deemed satisfied in full and expunged. *See In re United Cigar Stores*, 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing*

7

*Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligor is also discharged.  The obligee is entitled to only one aggregate performance.").  Consequently, the Plan Administrator requests that the Court disallow and expunge the Granite Finance Claims in their entirety.

19. Holders of the Disputed Claims should not be allowed to recover more than the fair value of their claims.  Accordingly, the Court should reduce the DNB Claim and disallow and expunge the Granite Finance Claims.

**Notice**

20. No trustee has been appointed in these chapter 11 cases.  The Plan Administrator has served notice of this omnibus objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached hereto; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

8

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 13, 2015
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

9

**EXHIBIT A**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**
**OMNIBUS OBJECTION 512: EXHIBIT A - DISPUTED VALUATION CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | | AMOUNTS UNSECURED | TOTAL |
|---|---|---|---|---|---|---|---|
| 1 | ANDORRA BANC AGRICOL REIG, S.A. | 27822 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| 2 | ANDORRA BANC AGRICOL REIG, S.A. | 27823 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| 3 | ANDORRA BANC AGRICOL REIG, S.A. | 27873 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| 4 | DNB NOR BANK ASA | 27279 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | $2,197,256.00 | $2,197,256.00 |
| | | | | | **CLAIM AS MODIFIED** | **$1,411,365.00** | **$1,411,365.00** |
| 5 | GRANITE FINANCE LIMITED | 27822 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| 6 | GRANITE FINANCE LIMITED | 27823 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| 7 | LEHMAN BROTHERS BANKHAUS AG I INS. | 27822 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| 8 | LEHMAN BROTHERS BANKHAUS AG I INS. | 27873 | 9/22/09 | Lehman Brothers Holdings Inc. | | | |
| | | | | | TOTAL ASSERTED AMOUNT | Undetermined | Undetermined* |
| | | | | | **CLAIM AS MODIFIED** | **None** | **$0.00** |
| | | | | | TOTAL ASSERTED | $2,197,256.00 | $2,197,256.00 |
| | | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 |
| | | | | | TOTAL SUBJECT TO OBJECTION | 2,197,256.00 | 2,197,256.00 |
| | | | | | **TOTAL CLAIM AS MODIFIED** | **$1,411,365.00** | **$1,411,365.00** |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                      :     Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :     08-13555 (SCC)
                                                           :
                    Debtors.                               :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FIVE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the five hundred twelfth omnibus objection to claims, dated November 13, 2015 (the "Five Hundred Twelfth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow or disallow and expunge the Disputed Valuation Claims, all as more fully described in the Five Hundred Twelfth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Twelfth Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Twelfth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Twelfth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Twelfth Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Twelfth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) claim 27279 is hereby reduced and allowed as a prepetition non-priority general unsecured claim in the amount set forth on Exhibit 1 in the row "Claims as Modified" and any asserted amount in excess of the modified amount is disallowed and expunged; and (ii) claim numbers 27822, 27873 and 27823 are hereby disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE