Hearing Date and Time: December 17, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: December 10, 2015 at 4:00 p.m. (prevailing Eastern Time)

---

**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEM.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CHRISTOPHER HOPKINS, AT (212) 310-8203.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                            :    Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (SCC)
                                                 :
                    Debtors.                     :    (Jointly Administered)
------------------------------------------------------------------ x

### NOTICE OF HEARING ON FIVE HUNDRED THIRTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on November 13, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, filed the five hundred thirteenth omnibus objection to claims (the "Objection"), and that a hearing (the "Hearing") to consider the

WEIL:\95526407\1\58399.0011

Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 17, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Christopher Hopkins, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **December 10, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may,

2

on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:   November 13, 2015
         New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

Hearing Date and Time: December 17, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: December 10, 2015 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| Debtors. | : | (Jointly Administered) |

**PLAN ADMINISTRATOR'S FIVE HUNDRED THIRTEENTH
<u>OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>**

**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CHRISTOPHER HOPKINS, AT (212) 310-8203.**

WEIL:\95526407\1\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

**Relief Requested**

1.      The Plan Administrator files this five hundred thirteenth omnibus objection to claims (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge certain proofs of claim listed on Exhibit A annexed hereto (such claims, the "No Liability Claims").

2.      The Plan Administrator has examined each of the No Liability Claims and has determined that, in each case for the reasons identified more specifically on Exhibit A hereto, the Plan Administrator has no liability on account of the No Liability Claims. Accordingly, the Plan Administrator requests that the No Liability Claims be disallowed and expunged.

3.      The Plan Administrator reserves all rights to object on any other basis to any No Liability Claims as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

2

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**Legal Standard**

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

3

9. The Plan Administrator has determined that it has no liability for the No Liability Claims for the reasons set forth on Exhibit A hereto. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

### Conclusion

10. The Effective Date has occurred and Distributions under the Plan have begun. If the No Liability Claims remain on the claims register, the potential exists for incorrect recoveries against LBHI to the detriment of other creditors. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

### Reservation of Rights

11. The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein.

### Notice

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator to the Chapter 11 Estates to this or any other Court.

4

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:   November 13, 2015
         New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

5

**EXHIBIT A**

**IN RE LEHMAN BROTHERS HOLDINGS INC. ET AL., CASE NO. 08-13555 (SCC)**

**OMNIBUS OBJECTION 513: EXHIBIT A – NO LIABILITY CLAIMS**

| Claimant | Claim No. | Asserted Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| E-Capital Profits Limited | 65989 | $1,633,447.56 | Claim No. 65989 (the "Guarantee Claim") was filed against LBHI based on a purported guarantee of the obligations of LBF under certain derivatives contracts.  After a review of the claimant's supporting documentation and LBHI's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable value of the underlying contracts and the netting provisions thereunder, LBF (and therefore, LBHI) does not owe any amounts to the claimant. Rather, the Plan Administrator has determined that the claimants owe amounts to LBF. Notwithstanding LBF's in-the-money position under such contracts on the relevant termination date, which exceed the asserted amount of the Guarantee Claim, the claimant valued these positions at zero and failed to setoff such amounts against its claim.<br><br>The Plan Administrator utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates based on Derivatives Contracts in order to determine the fair, accurate, and reasonable value, if any, of such claims.  Specifically, the Plan Administrator: (i) collects and reviews documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.<br><br>The Plan Administrator requests that the Court disallow and expunge the Guarantee Claim in its entirety. |

| Claimant | Claim No. | Asserted Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| Granite Finance Limited | 27818 | Unliquidated | Claim Nos. 27818 and 27819 (together the "Settled Claims") were filed against LBHI and Lehman Brothers Special Financing Inc. ("LBSF"), respectively, on account of amounts relating to certain Series 2005-7B EUR 10,000,000 Credit Linked MTM Triggered Leveraged Synthetic Portforlio Notes due 2011 (ISIN: XS0223336156), with an effective date of July 7, 2005, as evidenced by a confirmation of a credit default swap transaction and a confirmation of an asset swap transaction, each dated July 7, 2005, which supplement, form part of and are subject to the 1992 ISDA Master Agreement and Schedule thereto dated as of July 7, 2005, as amended, and a certain guarantee of LBHI dated or about July 5, 2005 of LBSF's obligations thereunder (collectively, the "Transaction Documents").  Pursuant to a Termination and Settlement Agreement, dated September 29, 2015, entered into by, among other parties, LBSF, Granite Finance Limited ("Granite"), and LBHI (collectively, the "Parties"), the Parties agreed to "generally and irrevocably release[] . . . each other Party . . . from: (i) any and all obligations to each other Party with respect to the [Transaction] Documents and any document or documents related thereto . . . ."  Accordingly, LBHI and LBSF can have no further liability to Granite under the Transaction Documents and the Settled Claims should be disallowed and expunged. |
| Granite Finance Limited | 27819 | Unliquidated | |

2

WEIL:\95526407\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
In re                                                               :    Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                            :    08-13555 (SCC)
                                                                    :
                                      Debtors.                      :    (Jointly Administered)
------------------------------------------------------------------- x

## ORDER GRANTING THE FIVE HUNDRED THIRTEENTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred thirteenth omnibus objection to claims, dated November 13, 2015 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to reduce and allow or expunge the claims listed on Exhibit 1 annexed hereto, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

WEIL:\95526407\1\58399.0011

2

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto shall be disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

                                                                                               _____
                                                                            UNITED STATES BANKRUPTCY JUDGE

2