**Objection Deadline: November 16, 2015 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date and Time: November 23, 2015 at 10:00 a.m. (prevailing Eastern Time)**

**MOYE WHITE LLP**
1400 16th Street, Sixth Floor
Denver, CO, 80206
(303) 292-2900
(303) 292-4510 *facsimile*
*Attorneys for Cherry Creek Mortgage Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.,* <br><br> Debtors. | Chapter 11 <br> Case No. 08-13555 (JMP) <br> (Jointly Administered) |

**RESPONSE AND OBJECTION TO LEHMAN BROTHERS HOLDING INC.'S MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

Cherry Creek Mortgage Company, Inc., a Colorado corporation ("CCMC"), respectfully submits this Response and Objection (the "Objection") to Lehman Brothers Holding Inc.'s ("LBHI") Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion").[1] (Docket No. 51241). In support of its Objection, CCMC states as follows:

**SUMMARY OF ARGUMENT**

LBHI's Motion should be denied because it is not properly before the Court. LBHI's Motion ignores due process, concepts of jurisdiction, violates countless rules of procedure and

---
[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ultimately will be a waste of judicial resources, time and money. If the Court looks past this procedural defect, LBHI's Motion should also be denied because it is based, by its own words, on unsupported assumptions, speculation, and almost no facts. As to CCMC, the scant facts found in the Motion are misstated. The Motion describes a scenario by which some Sellers refuse to participate in the mediation process because they refuse to accept LBHI's self-serving and unsupported proposition that they are Successors. LBHI's Motion reveals that it has no idea whether or not CCMC is a Successor using language like "may be liable" when describing the alleged Successors and even admits that "LBHI cannot conclusively determine the existence of successor liability prior to the ADR process or the initiation of litigation." (*See* Motion at ¶¶ 2 and 16). Having ignored all relevant procedure, having admitted its Motion is based entirely on speculation, and having admitted that there has been no determination of successor liability, LBHI asks the Court to bootstrap the Successors into mandatory mediation on loans that absolutely were not part of the ADR Order. This request is novel, to say the least. If, however, the Court is inclined to grant the Motion, CCMC requests discovery, as authorized by Fed. R. Bankr. P. 9014(c), and an evidentiary hearing on whether or not mediation is appropriate, as to CCMC, on the theory that they are Successors.

## FACTS

1.  On May 29, 2014, LBHI, as Plan Administrator for the Debtors in this Chapter 11 case, filed their Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "ADR Procedures Motion"). (Docket No. 44450). The ADR Procedures Motion requested that the Court adopt the various Indemnification ADR Procedures so that LBHI could adequately pursue its potential Indemnification Claims against alleged Sellers of mortgage loans to LBHI.

2

2. Specifically, the ADR Procedures Motion stated:

> As a result of the settlements [with Fannie Mae and Freddie Mac], LBHI may assert contractual or other rights to require banks and other mortgage lending institutions from which LBHI or its affiliates purchased mortgage loans (collectively, the "Sellers") to reimburse and indemnify LBHI pursuant to related transaction documents that contain indemnification provisions, wherein the Sellers agreed to hold the Debtors harmless from any losses or damages suffered with respect to the mortgage loans (the "Indemnification Claims"). The proposed ADR procedure will benefit the Debtors' creditors by expediting the resolution and recovery on account of such claims and by increasing distributions to creditors.

(Docket No. 44450 at p. 2, ¶ 1).

3. On May 29, 2014, the ADR Procedures Motion was allegedly served upon CCMC. (Docket No. 44559 at p. 25).

4. On July 18, 2014, the Court entered an order (the "ADR Order") granting the ADR Procedures Motion and approving the various Indemnification ADR Procedures. (Docket No. 45277).

5. The salient points of the Indemnification ADR Procedures require, *inter alia*, that Sellers—who receive: (i) a copy of the ADR Order; and (ii) an Indemnification ADR Notice—be compelled to negotiate with LBHI a resolution of potential Indemnification Claims, and, if unsuccessfully resolved, participate in mandatory mediation. (*Id*.). Regarding the mandatory mediation, the mediator is selected by LBHI unilaterally (with both parties splitting the costs of the mediator) and the mediation is to take place in New York City, where the Seller is required to appear in person at the mediation. If the Seller refuses to participate in the Indemnification ADR Procedures in good faith, the Court is authorized to assess sanctions against the Seller.

6. CCMC did not object to the ADR Procedures Motion prior to the entry of the ADR Order and is, therefore, bound by the Indemnification ADR Procedures, but only as to

3

the loans described in the ADR Procedures Motion. CCMC denies any liability to LBHI for any of the loans which it is subject to mandatory mediation.

7. On October 22, 2015, LBHI filed the Motion. (Docket No. 51241). The Motion paints a picture to the Court that certain entities, who have been uncooperative, are bound under the terms of the ADR Order on the basis that they are Successors in interest to various Sellers by merger, assumption of liabilities, by the "mere continuation" doctrine, and/or fraud, are refusing to submit to the terms of ADR Order. (*Id.*). LBHI requests the Court's assistance in clarifying that each of these uncooperative Successors expressly knew they were bound by the ADR Order. Essentially, the Motion purports to be a motion to compel the uncooperative Successors into compliance with the ADR Order.

8. However, as explained below, CCMC submits that the Motion seeks entirely new relief against the Successors than what was contemplated in the ADR Procedures Motion, and, in fact, constitutes an impermissible expansion of alleged Successors into the ADR Order.

9. With respect to CCMC, the Motion contains three vague sentences:

American Mortgage Alliance, Inc. ("AMA") Cherry Creek Mortgage Co., Inc. ("Cherry Creek") Information obtained by LBHI indicates the following: The original entity, AMA, was administratively dissolved. AMA was purchased by or otherwise merged into Cherry Creek, and now operates as a division therein. AMA's officers and directors are now branch managers in that Cherry Creek Division, which continues to operate at AMA's former address.

*See* Motion at Exhibit A, p. 1.

10. Other than the preceding three sentences, LBHI makes no other allegations or references regarding CCMC, AMA, or CCMC being a Successor to AMA. Notwithstanding, LBHI seeks to expand CCMC's mediation obligation, on the basis that it is somehow a Successor, into the ADR Order.

4

**REQUESTED RELIEF**

11. CCMC requests that this Court deny the Motion, and find that CCMC is not subject to the terms of the ADR Order as to the Successor loans. In the alternative, if the Court finds that the issue of whether or not CCMC should be made to participate in mediation on a theory of successor liability, CCMC requests discovery, as authorized by Fed. R. Bankr. P. 9014(c), and an evidentiary hearing on whether or not mediation is appropriate, as to CCMC, on the theory that they are Successors.

**ARGUMENT**

**I. LBHI'S MOTION IGNORES THE RULES OF PROCEDURE AND DUE PROCESS.**

**A.     The Motion Violates General Order M-452.**

LBHI's Motion is subject to the Local Rules, Orders and Procedures of this Court, yet it ignores General Order M-452. General Order M-452 entitled "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings," and provides that a motion to assign a matter to mediation must be filed "after filing the initial document in the matter." This makes sense. Litigants should not be forced to expend significant resources prior to actually being forced with defending a case. Moreover, the mediation process is likely to be a waste of time if litigants do not have proper notice regarding what they are ligating.

In this case, LBHI's Motion ignores the strictures of General Order M-452, and asks the Court to avoid filing an "initial document", instead opting to bypass the Court's procedure for mediation. Rather than filing an adversary proceeding (as it is required to do and discussed in greater detail below), alleging facts and claims—consistent with rules of Federal Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure—establishing CCMC as a

5

Successor, LBHI acknowledges that it has no idea if in fact CCMC is indeed a Successor. General Order M-452 also provides that the Court may order mediation "on its own motion". However, this provision should not be construed to authorize the Court *sua sponte* to order a non-party that is not otherwise properly before the Court, *i.e.*, a defendant in an adversary proceeding or other contested matter, to mediate. LBHI should not be permitted to expand the scope of the ADR Order and bootstrap nonparties into mandatory mediation not properly before the Court by claiming that the Court may authorize the relief *sua sponte*. Accordingly, LBHI's Motion must be denied, as it fails to follow the requirement of General Order M-452 that it not seek mediation prior to filing an initial document against CCMC.

### B.    THE MOTION IGNORES CCMC'S DUE PROCESS RIGHTS.

As one litigant pointed out previously, "regardless of how a confirmation order may read, it does not confer jurisdiction—a bankruptcy court does not have the power to create its own jurisdiction." (Docket No. 44704 at p. 4) (citing *Savoy Senior Housing Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 597 (S.D.N.Y. 2009)). In essence, LBHI's Indemnification Claims against the Successors are *de facto* collection proceedings. Until an action has been commenced, a federal district court does not have any jurisdiction to act. *In re Market Basket, Inc.,* 122 F. Supp. 321, 322 (W.D. Mo. 1954) (interpreting Rule 3, Fed. R. Civ. P.); *see also In re Marion*, Case No. 05-67816 JPK, 2006 Bankr. LEXIS 4231, at *13 (Bankr. N.D. Ind. May 1, 2006) ("Absent the filing of a valid initiating document, a federal court has no jurisdiction with respect to anything[.]"). An adversary proceeding is a proceeding filed in a bankruptcy case to recover money or property. *See* Fed. R. Bankr. P. 7001(1) ("The following are adversary proceedings . . . a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule

6002. . . ."); *see* generally 10 Collier on Bankruptcy ¶ 7001.02 (Alan N. Resnick and Henry J. Sommer eds., 16th ed.). An adversary proceeding is commenced by the filing of a complaint. *See* Fed. R. Bankr. P. 7003 (incorporating Fed. R. Civ. P. to adversary proceedings; Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court").

LBHI has not brought an adversary proceeding or any other legal proceeding against CCMC to determine whether it is a Successor to AMA, but instead requests that the Court assume—without setting forth any facts—that it is a Successor and thereby force CCMC into the ADR Indemnification Procedures as to the Successor loans. LBHI should not be permitted an end run around the fundamental step of having to file an adversary proceeding in order to bring CCMC's status as a successor to AMA before the Court. If the Motion is granted, LBHI will have been able to thwart the fundamental requirement of having to file an action on the basis that these Chapter 11 cases are unprecedented in size and complexity, and require economical resolution of disputes. LBHI should not be relieved of the obligations which all other parties are litigation parties are bound by.

Furthermore, it would be wholly inappropriate to force CCMC—a Colorado corporation with no offices or employees in New York City—to incur the substantial expense of having to prepare for an expanded mediation, travel to New York City (possibly twice), participate in the mediation, and split the costs of the mediation with LBHI when there is no pending lawsuit against CCMC. In the absence of a pending adversary proceeding or other action, the Court cannot, and should not, grant such extraordinary relief by exerting jurisdiction over CCMC when it is not before the Court.

C.  **THE COURT DOES NOT HAVE JURISDICTION TO ENTER A FINAL JUDGMENT ON ANY SUCCESSOR CLAIMS LBHI MAY BRING AGAINST CCMC.**

Ignoring LBHI's failure to abide by General Order M-452 and procedural due process requirements, this Court would not have jurisdiction—absent knowing and voluntary consent of

7

CCMC—to enter a final judgment as to CCMC's status as a Successor to AMA (and any subsequent indemnification claims) as such claims are "non-core" claims.[2] *See* 28 U.S.C. § 157(c)(1)-(2) (authorizing the bankruptcy court to issue proposed findings of fact and conclusions of law in "non-core" proceedings to the district court for *de novo* review unless the parties consent).

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), the Supreme Court held that bankruptcy courts, as Non-Article III courts, lacked the requisite jurisdiction to decide state law contract claims against third parties not otherwise part of the bankruptcy case. In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the Supreme Court rejected a bankruptcy trustee's argument that a fraudulent conveyance action filed on behalf of a bankruptcy estate against a noncreditor in a bankruptcy proceeding fell within the "public rights" exception, and resembles a state law contract claim brought by a bankrupt corporation rather than they do with creditors' hierarchically ordered claims to a share of the estate assets. *See Granfinanciera*, 109 S.Ct. 2782. In *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Supreme Court held that bankruptcy courts lack constitutional authority to enter final judgments on a debtor's counterclaim to a proof of claim—even where the counterclaim is a core proceeding. In particular, the Court held that Congress could not grant such authority to bankruptcy courts because the counterclaim represented a "private right" entitled to adjudication in an Article III Court.

In this case, like the parties in *Northern Pipeline*, *Granfinanciera*, and *Stern* CCMC is not a creditor of the bankruptcy estate and has not filed a proof of claim. Additionally, the issue of whether CCMC is a Successor to AMA does not fall within the "public rights" exception. *See Northern Pipeline*, 458 U.S. at 64-70 (plurality opinion). Contrary to LBHI's assertion that the

---

[2] To the extent that this Court determines that the issue of successor liability is properly before the Court and constitutes a *Stern* claim, CCMC reserves its right to consent to this Court's entry of a final judgment. *See Wellness Int'l Network, Ltd., et al v. Sharif*, 135 S.Ct. 1932 (U.S. 2015); and 28 U.S.C. § 157(c)(1).

8

Motion is a "core" proceeding, any proceeding that determines whether CCMC is a Successor to AMA is premised entirely on state law, and is meant for the sole purpose of helping LBHI pursue its potential Indemnification Claims against CCMC.[3] Accordingly, even assuming that CCMC were properly before the Court, this Court is without jurisdiction to enter a final order on LBHI's purported theories of successor liability and breach of any indemnification obligations.

### D. THE MOTION FAILS TO SATISFY FED. R. BANKR. P. 9011.

Again, even if the Court were to assume that the Motion has properly brought CCMC before the Court's jurisdiction, LBHI has failed to satisfy its obligations under Rule 11 of the Federal Rules of Civil Procedure (as incorporated through Fed. R. Bankr. P. 9011). In this case, LBHI seeks to impose the Indemnification ADR Procedures upon alleged Successors because it has a "reasonable basis to assert that each of the Successors *may be liable* to LBHI under applicable state law successor liability doctrines to the same extent as the former Sellers." (*See* Motion at ¶ 2) (emphasis added). Noticeably absent from the Motion is any description of LBHI's investigation which has given it a reasonable basis. For instance, with respect to CCMC, how does the allegation that "AMA was purchased by or otherwise merged into [CCMC], and now operates as a division therein" translate to CCMC being a Successor? Furthermore, the allegations fall well short of satisfying the pleading standards of *Twombly* and *Iqbal*, not to mention the heightened pleading standard under Fed. R. Civ. P. 9(b) to the extent CCMC is an alleged Successor as a recipient of an actual fraudulent transfer. At a minimum, LBHI should be required to set forth what information it has, with respect to CCMC, before the Court assumes that CCMC is an alleged Successor to AMA and requires CCMC to participate in costly mandatory mediation.

---

[3] Moreover, this Court is required to make its own determination of whether the proceeding is "core" or "non-core". *See* 28 U.S.C. § 158(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding . . .").

E.    **THE MOTION IMPROPERLY EXPANDS THE SCOPE OF THE ADR ORDER.**

The Motion, although couched as a motion to aid in the operation of the ADR Order, seeks to improperly expand the scope of the ADR Order in an effort to bootstrap Successors to the ADR Order. Specifically, the ADR Procedures Motion applied only to Sellers of mortgages to LBHI who held a corresponding indemnification obligation to LBHI. (*See* Docket No. 44450 at p. 2, ¶ 1). It was nowhere contemplated by LBHI that the ADR Procedures Motion, and now the ADR Order, apply to entities who "may" be Successors to certain Sellers. In fact, LBHI acknowledges that it the ADR Order does not apply to Successors as those Successors are not explicitly bound to the confidentiality provisions of the ADR Order. (*See* Motion at ¶¶ 4 and 20). If Successors were actually bound by the ADR Order, LBHI would not be in the position of having to file the present Motion and could, instead, seek to have the Court impose Sanctions as permitted by the ADR Order. Notwithstanding the foregoing, LBHI now seeks to include the Successors—with almost no factual support—in the ADR Order. Such a request must be denied as it improperly seeks to expand the scope of the ADR Order.

II.    **ASSUMING THE COURT OVERLOOKS THE FOREGOING PROCEDURAL DEFECTS, LBHI HAS NOT ESTABLISHED WHETHER CCMC SHOULD BE MADE TO PARTICIPATE IN A MEDIATION BASED ON A THEORY OF SUCCESSOR LIABILITY.[4]**

In the Motion, LBHI fails to set forth, under Colorado law, the appropriate standard regarding successor liability and to allege facts which demonstrate that CCMC has met the particular standard to be AMA's successor. The only factual allegations LBHI states with respect to CCMC are:

---

[4] Consistent with LBHI's failure to be specific, it states that "each of the Successors may be found liable for the debts and obligations of the Sellers, including the Indemnification Claims, *in accordance with the general doctrines for successor liability listed above that are recognized in varying degree in all 50 states and the District of Columbia.*" (*See* Motion at p. 9, ¶ 23) (emphasis added). Since LBHI fails to identify which state's law applies to CCMC's successor in interest analysis, CCMC will analyze the successor in interest principles under Colorado law as Colorado legal authority is extensively cited in the Motion. To the extent the issue of successor liability is ever properly before the Court, CCMC reserves the right to analyze the issue under other applicable law.

> The original entity, AMA, was administratively dissolved. AMA was purchased by or otherwise merged into [CCMC], and now operates as a division therein. AMA's officers and directors are now branch managers in that [CCMC] Division, which continues to operate at AMA's former address.

(*See* Motion at Ex. A).

Other than the preceding sentences, LBHI makes no other allegations with respect to CCMC being a Successor to AMA.[5] It is only these facts that LBHI proceeds with on purportedly carrying its burden to demonstrate CCMC being a Successor. LBHI even admits that AMA was administratively dissolved, which would seem to argue against CCMC being a successor in interest to AMA.

Generally, when a corporation acquires the assets of another corporation it does not become liable for the debts of the selling corporation. *Alcan Aluminum Corp. v. Elec. Metal Prods.*, Inc., 837 P.2d 282, 283 (Colo. App. 1992). However, successor corporations have been held liable if: (1) there is an express or implied assumption of liability; (2) the transaction results in a merger or consolidation of the two corporations; (3) the purchaser is a mere continuation of the seller; or (4) the transfer is for the fraudulent purpose of escaping liability. *Id.*; *Ruiz v. ExCello Corp.*, 653 P.2d 415 (Colo. App. 1982). In this case, LBHI has not set forth any facts which demonstrate that CCMC has expressly or impliedly assumed liability of any obligation of AMA. LBHI fails to allege with any certainty that CCMC merged into AMA, but instead guesses that "AMA was purchased by or otherwise merged into [CCMC], and now operates as a division therein." (*See* Motion at Ex. A).

It appears that given the lack of factual allegations contained in the Motion, LBHI seeks to prove successor liability on the basis of the "mere continuation" doctrine. Under the "mere continuation" doctrine, Colorado law looks to whether the purchasing corporation is, in

---

[5] Moreover, LBHI cannot assert facts that CCMC is a Successor to AMA because CCMC never entered into any agreement to purchase, nor did CCMC purchase, any assets from AMA.

11

effect, a continuation of the selling corporation, and not whether there is a continuation of the seller's business operation. *CMCB Enters. v. Ferguson*; 114 P.3d 90. 93-94 (Colo. App. 2005). However, the vague allegations set forth by LBHI raise more questions than help establish whether CCMC is a Successor to AMA. Specifically, which officers and directors are the same? Has there been a co-mingling of assets between AMA and CCMC? Has CCMC paid any of AMA's debts? How are AMA's operations continued by CCMC? Are AMA's customers now CCMC's customers? Instead, CCMC is left to guess as to how it is a Successor to AMA.[6]

Moreover, as acknowledged by Colorado case law cited by LBHI, the determination of successor liability is a highly factual exercise where the alleging party ***must prove facts*** supporting the claim. *See Alcan Aluminum Corp. v. Elec. Metal Prods.*, Inc., 837 P.2d 282, 283 (Colo. App. 1992) (District Court granted summary judgment, after discovery, and judgment was affirmed based on review of the evidence and trial court record); *Florom v. Elliott Mfg.*, 867 F.2d 570 (10th Cir. 1989) (District Court granted summary judgment, after discovery, to defendant on the ground that plaintiff failed to establish an exception to the corporate successor liability rule and appellate court reversed and remanded for further factual findings); *Ruiz v. ExCello Corp.*, 653 P.2d 415, 417 (Colo. App. 1982) (reversing a trial courts granting of defendant's motion on the pleadings and remanding the case for further proceedings). Given the minimal allegations in the Motion, LBHI cannot sustain its burden of proof with respect to CCMC's alleged Successor status and their request to mediate on this theory should be denied.

---

[6] Contrary to the allegations made by LBHI, CCMC has never entered an asset purchase agreement with AMA.

III. **TO THE EXTENT THE COURT BELIEVES THE ISSUE OF MEDIATION OF SUCCESSOR LIABILITY IS PROPERLY BEFORE IT, CCMC REQUESTS DISCOVERY, AND AN EVIDENTIARY HEARING.**

To the extent the Court finds that the issue of whether or not CCMC should be made to participate in mediation on a theory of successor liability is before it, CCMC requests discovery, as authorized by Fed. R. Bankr. P. 9014(c), and an evidentiary hearing on whether or not mediation is appropriate, as to CCMC, on the theory that they are Successors. Accordingly, CCMC hereby requests that the Court enter an order setting a detailed discovery schedule, and an evidentiary hearing.

IV. **CONCLUSION AND RESERVATION OF RIGHTS.**

CCMC reserves its rights to seek discovery on, present any defenses it may have, and obtain an evidentiary hearing with respect to whether CCMC is a Successor to AMA when, and if, the issue is properly brought before this Court or any other court of competent jurisdiction. CCMC further reserves its rights with respect to expressing its consent, as required under *Wellness*, with respect to all applicable issues. For the foregoing reasons, LBHI requests that the Court deny the relief requested in the Motion, and grant such other and further relief as is just and proper.

Dated: Denver, Colorado
November 16, 2015

                         MOYE WHITE LLP

                     By: /s/ *Paul R. Franke*
                         Paul R. Franke (paul.franke@moyewhite.com)
                         Timothy M. Swanson (tim.swanson@moyewhite.com)
                         1400 16th Street, 6th Floor
                         Denver, Colorado 80202
                         (303) 292-2900
                         (303) 292-4510 *facsimile*

                 *Attorneys for Cherry Creek Mortgage Company, Inc.*

14