**Hearing Date and Time: November 23, 2015, at 2:00 p.m. (Eastern Time)**
**Related to ECF Number 51241**

**HINSHAW & CULBERTSON LLP**
800 Third Avenue, 13th Floor
New York, New York 10022
Telephone: (212) 471-6200
Alan F. Kaufman, Esq.
akaufman@hinshawlaw.com

*Attorneys for Freedom Mortgage Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 08-13555 (SCC) |
| LEHMAN BROTHER HOLDINGS INC., et al., | Chapter 11 |
| Debtors. | |

**OBJECTION OF FREEDOM MORTGAGE CORPORATION TO
MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS
OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

# TABLE OF CONTENTS

*Page(s)*

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................3

ARGUMENT ..................................................................................................................................6

    I.    The ADR Order, On Its Face,
Does Not Apply To The Purported Successors .......................................................6

    II.    LBHI Has Failed To Provide Critical Information
Required By Freedom To Respond To The Motion ................................................6

        A.    Freedom Does Not Have The Information Necessary To
Address Whether The Court Has Jurisdiction To Require
Freedom To Participate In ADR ...................................................................7

        B.    Freedom Knows Nothing About The Loans At Issue
So It Cannot Assess Its Available Defenses .................................................8

    III.    LBHI's Own Allegations
Do Not Provide A Basis For Successor Liability .....................................................8

    IV.    Freedom Should Not Be Forced Into A Time Consuming, Unfair
And Costly Procedure That Cannot Lead To Meaningful ADR ..............................9

RESERVATION OF RIGHTS ......................................................................................................10

CONCLUSION .............................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ace Securities Corp. v. DB Structured Prods., Inc.,
    25 N.Y.3d 581 ............................................................................................................... 8

AT&T Mobility LLC v. Concepcion,
    563 U.S. 333 (2011) ....................................................................................................... 7

Cantor v. American Banknote Corp., No. 06 Civ. 1392, 2007 WL 3084966
    (S.D.N.Y. Oct. 22, 2007) ............................................................................................... 7

Executive Benefits, Inc. Agency v. Arkinson,
    134 S. Ct. 2165 (2014) ................................................................................................... 7

Stern v. Marshall,
    131 S. Ct. 2594 (2011) ................................................................................................... 7

United Students Aid Funds, Inc. v. Espinosa,
    559 U.S. 260 (2010) ....................................................................................................... 6

Freedom Mortgage Corporation ("Freedom"), by and through their undersigned counsel, hereby makes and files this objection (the "Objection") to the Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, filed by the Debtors of Lehman Brothers Holdings, Inc. ("LBHI"), et al. (the "Debtors") on October 22, 2015 [Docket No. 51241] (the "Motion").

## PRELIMINARY STATEMENT

1. Freedom's only involvement in this matter is that it acquired certain assets from First Mortgage Corp. ("First Mortgage") in July 2015. Freedom expressly did not assume the liabilities at issue. Neither Freedom nor First Mortgage acquired stock of the other. Freedom did not hire any of First Mortgage's directors or principals. First Mortgage is an existing entity that apparently has been engaged in mediation with LBHI, as Plan Administrator, in the same case in the recent past.

2. The same considerations that led to this Court's entry of alternative dispute resolution ("ADR") procedures in July 2014 do not apply with respect to (unproven) purported successors ("Purported Successors"), who are strangers to (and lack knowledge of) the underlying transactions and these proceedings. The Court should, therefore, deny the Motion or at least require LBHI to provide – as Freedom already requested without response – meaningful and complete information **before** Freedom is required to respond to the Motion.

3. Given that Freedom is not in privity with and has not been a party to, any of the proceedings with LBHI, LBHI's failure to provide information -- despite Freedom's request -- unfairly renders Freedom unable to provide a meaningful response to the Motion on the law or the facts. For example, LBHI asserts that this Court has already decided that it may compel a non-party -- or more tenuous here, a purported successor to non-party First Mortgage -- to

1

participate in a lengthy and costly ADR process. However, other than being able to obtain a copy of the Court's July 18, 2014 ADR Order, Freedom does not have access to the basis of the Court's decision, which LBHI claims was stated at this Court's June 19, 2014 hearing. Although LBHI makes several references to the transcript from that hearing, it does not attach a copy to the Motion. It also appears that a copy of the transcript is not available on the ECF system. Therefore, Freedom cannot even address its concerns about the jurisdiction of this Court because it is unaware of the Court's previous determination on that point.

4. Similarly, Freedom currently has no information concerning the loans supposedly sold by First Mortgage to LBHI -- several years before the July 2015 asset purchase transaction (again, which did not involve any stock of either company). Freedom does not even know the amounts at stake. As such, Freedom cannot assess its available defenses, including (for example) whether there is a statute of limitations defense.

5. The lack of information available to Freedom will obviously hinder any attempt at ADR. Freedom cannot be expected blindly to pay money just because LBHI may be able to force Freedom to participate in ADR or just because it has (incorrectly) stated in conclusory form that Freedom is a successor to First Mortgage. The fact that LBHI's mediation with First Mortgage was apparently unsuccessful indicates that it is unlikely that Freedom's involvement will be able to bridge what is likely a significant gap between LBHI and First Mortgage.

6. The ADR procedures proposed by LBHI only provide for limited discovery and would not allow for any type of meaningful ADR. Meanwhile, those same procedures are time consuming and costly, as well as unfair (e.g., LBHI alone gets to select the mediator and also possesses pursue a threat of sanctions if it does not get what it wants).

2

7. Accordingly, Freedom respectfully requests that the Court either deny the Motion or at least adjourn the deadline for Freedom to respond to the Motion until after LBHI has provided all information reasonably requested by Freedom.

**BACKGROUND**

8. Beginning on or about September 15, 2008 (the "Petition Date"), the Debtors commenced voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

9. On May 29, 2014, LBHI filed its *Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers* [Docket No. 44450] (the "2014 ADR Motion"). The 2014 ADR Motion sought Court authority to establish ADR procedures and included a proposed Order (the "Proposed ADR Order") with respect to purported indemnification claims (the "Indemnification Claims") by LBHI against 3,000 counterparties in relation to more than 11,000 mortgage loans that mortgage loan sellers and other institutions (such as brokers) that sold or delivered defective loans to LBHI (collectively, the "Sellers").

10. On June 12, 2014 and June 13, 2014, certain Sellers filed separate responses and objections (collectively, the "Sellers' Objections") to the 2014 ADR Motion. Certain of the Sellers' Objections assert that this Court lacks the power into the Proposed ADR Order either because of Constitutional limitations on court power to enter final judgment in non-core matters under Stern v. Marshall or because those disputes lacks the close nexus to the bankruptcy needed to exercise post-confirmation jurisdiction. All of the Sellers' Objections raised issues in some form about being forced to mediate in an unfair process.

3

11. On June 17, 2014, LBHI filed an omnibus reply in further support of the 2014 ADR Motion. [Docket No. 44728].

12. On June 19, 2014, the Court held a hearing on the 2014 ADR Motion (the "June 19, 2014 Hearing"). At that hearing, the Court considered whether it did have the jurisdiction and authority to compel the Sellers to participate in ADR, even though LBHI had not filed claims against some or all of the Sellers.

13. On July 18, 2014, the Court entered the Alternative Dispute Resolutions Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers [Docket No. 45277] (the "ADR Order"). By its terms, the ADR Order sets forth a mandatory non-binding mediation process for the "3,000 counterparties" to agreements with LBHI (i.e., the Sellers).

14. Section 8 of the ADR Order provides a limited mechanism for the exchange of information by and between LBHI and the Sellers. For example, LBHI must only "make the Seller aware of the nature of LBHI's affirmative claim and of its demand for settlement . . . ." After receiving a Seller's response to LBHI's demand, LBHI **may** choose to "provide additional information or briefing in support of its demands . . . ."

15. Pursuant to Section 10 of the ADR Order, if the Indemnification Claim is not resolved at the demand stage, the matter is sent to mandatory non-binding mediation. LBHI has the exclusive ability to select the mediator. All participants in the mediation must appear in person. Section 17 of the ADR Order requires that the parties share equally in the reasonable fees and costs charged by the Mediator. Section 12 provides for sanctions if a party does not cooperate in good faith.

4

16. After entry of the ADR Order in July 2014, LBHI began instituting ADR proceedings against many of the Sellers, including First Mortgage. Apparently, LBHI's mediation with First Mortgage was unsuccessful.

17. Approximately one year later, in July 2015, Freedom acquired only certain assets from First Mortgage, but did not assume any of the liabilities with respect to loans at issue. Freedom did not acquire any stock in First Mortgage. First Mortgage did not acquire any stock in Freedom. Freedom did not hire any of First Mortgage's directors or principals.

18. LBHI filed the Motion on October 22, 2015. Exhibit A to the Motion (incorrectly) in total states with respect to First Mortgage: "Information obtained by LBHI indicates the following: The original entity, First Mortgage, was purchased by or otherwise merged into Freedom. Freedom appears to have continued First Mortgage operations with numerous former First Mortgage employees."

19. On November 10, 2015, counsel for Freedom requested of counsel for LBHI that he provide, among other things, evidentiary support for LBHI's of successor liability against Freedom and information concerning the First Mortgage loans at issue in the dispute. Freedom did not receive a response or the requested information.

20. By this Objection, Freedom objects to the Motion and the ADR Order as it may apply to Purported Successors and specifically to Freedom. Freedom respectfully requests that the Court deny the Motion, or at least adjourn Freedom's time to respond to the Motion pending its receipt of additional and substantive information from LBHI.

**ARGUMENT**

I. **The ADR Order, On Its Face, Does Not Apply To The Purported Successors**

21. Although LBHI states its belief "the ADR Order already requires participation . . . ." by the Purported Successors (Motion ¶ 20), LBHI never explains the foundation for that belief other than saying that "they are already bound (through their predecessor Sellers) . . . ." (Id. ¶ 21).

22. As an initial point, at the time the Court issued the July 18, 2014 Order, Freedom had no connection with First Mortgage -- the asset purchase transaction occurred in July 2015. If anything, that 2014 Order could only affect the Purported Successors known and existing as of July 18, 2014. LBHI does not have the benefit of retroactively applying the 2014 ADR Order to non-parties who had no relationship whatsoever to this matter.

23. In any event, LBHI's assertion is woefully premature in that it naturally assumes that the Purported Successors are in fact successors of the Sellers. That determination, of course, has not yet been made; LBHI is simply wrong. Freedom reserves all rights.

II. **LBHI Has Failed To Provide Critical Information Required By Freedom To Respond To The Motion**

24. LBHI possesses critical information that Freedom requires to respond to the Motion. In failing to provide that **requested** information, Freedom is being deprived of due process. See United Students Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) ("Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, (1950). In fact, Freedom currently has no information concerning the loans supposedly sold by

6

First Mortgage to LBHI -- several years before its July 2015 asset purchase transaction with Freedom -- and was not provided any prior notice of repurchase demands.

25.     The proposed ADR procedures do not remedy this problem.  Section 8 of the ADR Order provides only a limited mechanism for the exchange of information by and between LBHI and the Sellers.  For example, LBHI must only "make the Seller aware of the nature of LBHI's affirmative claim and of its demand for settlement . . . ."  After receiving a Seller's response to LBHI's demand, LBHI **may** choose to "provide additional information or briefing in support of its demands . . . ."

26.     Accordingly, although Freedom has numerous potential legal and factual arguments, it is unable to do so without the requisite information in the possession of LBHI. Certain (non-exhaustive) examples follow.

### A.     Freedom Does Not Have The Information Necessary To Address Whether The Court Has Jurisdiction To Require Freedom To Participate In ADR

27.     In connection with the 2014 ADR Motion, certain Sellers raised issues relating to Constitutional limitations on court power to enter final judgment in non-core matters under Stern v. Marshall or because those disputes lack the close nexus to the bankruptcy needed to exercise post-confirmation jurisdiction.  See, e.g. Executive Benefits, Inc. Agency v. Arkinson, 134 S. Ct. 2165 (2014); AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011); Stern v. Marshall, 131 S. Ct. 2594 (2011); Cantor v. American Banknote Corp., No. 06 Civ. 1392, 2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007).  Given the fact that the Court entered the ADR Order, it necessarily addressed those objections and issues in some way.

28.     Although LBHI makes various references to the transcript from the June 19, 2014 Hearing (see, e.g., Motion ¶¶ 43, 45, 47), it failed to provide a copy or otherwise make one available.  Because LBHI did not provide a copy of the transcript from the June 19, 2014

7

Hearing and one is not available on ECF, Freedom does not know what, if anything, is the law of the case and what arguments it can make to address the Court's ruling.

29.   Therefore, Freedom is unable to provide a meaningful response at this point at this time, but reserves all rights to do so as additional information becomes available.

**B.   Freedom Knows Nothing About The Loans At Issue So It Cannot Assess Its Available Defenses**

30.   Given that Freedom knows nothing about the relevant First Mortgage loans at issue, Freedom cannot assess any possible defenses, including, for example, whether there is a statute of limitations defense. See Ace Securities Corp. v. DB Structured Prods., Inc., 25 N.Y.3d 581 (2015 (New York's six-year statute of limitations for breach of contract claims begins to run on date that representations and warranties were first made).

**III.   LBHI's Own Allegations Do Not Provide A Basis For Successor Liability**

31.   As stated above, Freedom acquired certain assets from First Mortgage in July 2015 -- long after First Mortgage sold loans to LBHI -- but did not assume any liabilities with respect to loans that First Mortgage may have sold to LBHI.  Freedom did not acquire any stock in First Mortgage. First Mortgage did not acquire any stock in Freedom.  Freedom did not hire any of First Mortgage's directors or principals.

32.   LBHI's sole basis for alleging that Freedom is a successor to First Mortgage appears to be as stated in Exhibit A to the Motion: "Information obtained by LBHI indicates the following: The original entity, First Mortgage, was purchased by or otherwise merged into Freedom.  Freedom appears to have continued First Mortgage operations with numerous former First Mortgage employees."

8

33. However, even by LBHI's legal recitation in the Motion, assuming <u>arguendo</u> that Freedom did hire former First Mortgage employees, it does not give rise to successor liability as a matter of law.[1] (<u>See</u> Motion ¶¶ 22-36.)

34. If LBHI has evidence or other theories to support its assertions with respect to Freedom, it should be required to provide them before Freedom substantively responds to the Motion. Again, Freedom reserves all rights.

## IV. Freedom Should Not Be Forced Into a Time Consuming, Unfair and Costly Procedure That Cannot Lead To Meaningful ADR

35. LBHI has already unsuccessfully mediated with First Mortgage, which is a presently existing entity. LBHI fails to explain why it believes that Freedom's involvement would change that outcome. In reality, LBHI is fishing for additional funds.

36. In any event, the proposed ADR procedure cannot lead anywhere. As stated above, LBHI has failed to provide Freedom with sufficient information even to respond to this Motion, let alone to participate meaningfully in mediation.

37. Given that Freedom did not assume the liabilities at issue, it has no reason to make any type of substantial concession. Freedom cannot be expected blindly to pay money just because LBHI may be able to force Freedom to participate in ADR or just because it has (incorrectly) stated in conclusory form that Freedom is a successor to First Mortgage.

38. Yet, LBHI wants to force Freedom to devote substantial time, resources and money toward ADR -- and split the costs of the mediator it chooses. If Freedom disagrees and/or has no basis to make an offer that LBHI considers significant, LBHI may cause Freedom to incur more expense by seeking sanctions under the current version of the ADR Order.

---

[1] Freedom does not concede that New York law would apply to any purported successor liability claim.

9

39.    In short, Freedom should not be forced blindly into a time consuming, unfair and costly procedure that will likely not be productive

## RESERVATION OF RIGHTS

40.    Freedom expressly reserves all rights remedies, claims and defenses, including but not limited to the right to revise, supplement and amend this Objection, to seek discovery with respect to same, to introduce evidence at any hearing relating to this Objection, and to object to any other application filed in this action.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Freedom respectfully requests that the Court (1) deny the Motion or alternatively adjourn Freedom's time to respond to the Motion until after LBHI has provided all information reasonably requested by Freedom, and (2) award such other and further relief as is just and proper.

Dated: New York, New York
November 16, 2015

HINSHAW & CULBERTSON LLP

/s/ Alan F. Kaufman
Alan F. Kaufman, Esq.
800 Third Avenue, 13th Floor
New York, New York 10022
Telephone: (212) 471-6200
Email: akaufman@hinshawlaw.com

*Attorneys for Freedom Mortgage Corporation*

10