B210A (Form 210A) (12/09)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.   Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

**BKM HOLDINGS (CAYMAN) LTD.**
Name of Transferee

**CANTOR FITZGERALD SECURITIES**
Name of Transferor

**BKM HOLDINGS (CAYMAN) LTD.**
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan
Name and address where transferee payments should be sent (if different from above):

Court Claim # (if known):
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Blocking Number:
Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____   Date: 10-26-2015
Transferee/Transferee's Agent
Conor Bastable
Manager

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Cantor Fitzgerald Securities** (the "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim No. specified in Schedule 1 filed by or on behalf of Seller or a predecessor-in-interest (collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed on or after September 14, 2015 (the "Trade Date") with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements (including the immediate predecessor transfer agreement, dated as of the date hereof, by and between Rapax OC Master Fund, Ltd. (the "Prior Seller") and Seller, which is attached hereto as Exhibit A (the "Prior Agreement"), if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (the "Purchased Securities") relating to the Purchased Claims and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims, the Purchased Securities or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) based on the representations of the Prior Seller set forth in the Prior Agreement, the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) based on the representations of the Prior Seller set forth in the Prior Agreement, the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) solely to the extent received by the Prior Seller pursuant to the Prior Agreement, Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) based on the representations of the Prior Seller set forth in the Prior Agreement, the Proof of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates that will result in Purchaser receiving in respect of a Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claims; (g) solely to the extent delivered by Prior Seller to Seller pursuant to the Prior Agreement, Seller has delivered to Purchaser true and correct copies of certain the Notices of Proposed Allowed Claim Amount which relate to certain Proofs of Claim (i) received by Seller from Debtor and (ii) in the same form received from a predecessor-in-interest, in each case, to the extent in the possession of Seller and there have not been any revisions, amendments or modifications thereto; (h) no action was undertaken by Seller with respect to such Notices of Proposed Allowed Claim Amount which relate to the Proofs of Claim; (i) based on the representations of the Prior Seller set forth in the Prior Agreement, Prior Seller or an Affiliated Fund (as such term is defined in the Prior Agreement) received the distributions made in respect of the Transferred Claims in the amounts specified on Schedule 2 (such distributions, the "LBHI Distributions"); (j) based on the representations of the Prior Seller set forth in the Prior Agreement, Prior Seller or an Affiliated Fund received the distributions made in respect of the Purchased Securities in the amounts set forth on

Schedule 3 (such distributions, the "LBT Distributions", and together with the LBHI Distributions, the "Distributions"), (k) solely to the extent delivered by Prior Seller to Seller, Seller has delivered to Purchaser true and correct copies of the notices of distributions received from Prior Seller relating to the LBHI Distributions made with respect to the Transferred Claims specified on Schedule 4 or about April 17, 2012, October 1, 2012, April 4, 2013, and October 3, 2013 and there have not been any revisions, amendments or modifications thereto; (l) Seller has not received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims or Purchased Securities; and (m) the Prior Agreement has been duly executed and delivered by the Prior Seller and Seller and on the date hereof the Seller has filed a Notice of Transfer with the Court to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, including the Prior Agreement.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within ten (10) business days of the date of this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims or Purchased Securities to Purchaser (including, for the avoidance of doubt, any distributions Seller received after the Trade Date). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(signature page follows)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 26th day of October, 2015.

| BKM HOLDINGS (CAYMAN) LTD. | CANTOR FITZGERALD SECURITIES |
|---|---|
| By Midtown Acquisitions L.P., its sole shareholder | |
| By Midtown Acquisitions GP LLC, its general partner | |

By: *(signature)*
Name: Conor Bastable
Title: Manager

c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

By: *(signature)*
Name: James Bond
Title: Chief Operating Officer

Cantor Fitzgerald Securities
110 E. 59th Street
New York, NY 10022
Telephone: (212) 829-4889
Facsimile: (646) 219-1180
Email: NHorning@Cantor.com
Attn: Nils Horning



KL2 2920849.2 055311/00018

**Schedule 1**

Transferred Claim

Lehman Programs Securities to which Transfer Relates

| ISIN | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|
| XS0339677139 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 4,730,000.00 | USD | 59598.00 | 818,983.23 |
| XS0350764337 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 945,000.00 | USD | 55837.10 | 945,724.50 |
| XS0350764337 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 40,000.00 | USD | 59577.00 | 40,030.67 |
| XS0373609295 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3,440,000.00 | USD | 59565.00 | 2,197,087.15 |
| XS0287119480 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 152,000.00 | USD | 51244.02 | 152,000.00 |
| XS0287119480 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 700,000.00 | USD | 51636.03 | 700,000.00 |
| XS0322153270 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3,115,000.00 | CHF | 67117 | 2,778,712.93 |
| XS0325550472 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 500.00 | CHF | 67116.02 | 446.02 |
| XS0328873681 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1,754,000.00 | CHF | 67116.02 | 1,564,642.85 |
| XS0200265709 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6,507,000.00 | CHF | 67115.01 | 5,858,954.06 |
| XS0200265709 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 14,605,000.00 | CHF | 67116.01 | 13,150,457.05 |
| XS0200265709 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 9,048,000.00 | CHF | 67117 | 8,146,890.47 |
| XS0234123650 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1,670,000.00 | CHF | 67116.02 | 1,492,701.75 |
| XS0248620899 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 70.00 | CHF | 67116.02 | 62.44 |
| XS0251180906 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 470.00 | CHF | 67116.02 | 440.71 |
| XS0352483746 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 650,000.00 | USD | 63653.06 | 581,946.95 |
| XS0368783477 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2,323,000.00 | SGD | 63661.1 | 1,628,238.39 |

88164 v1

**Schedule 2**

**LBHI Distributions**

| ISIN | POC# | Allowed Amount | 17-Apr-12 | 1-Oct-12 | 4-Apr-13 | 3-Oct-13 | 3-Apr-14 | 2-Oct-14 | 2-Apr-15 | 2-Oct-15 |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0339677139 | 59598.00 | $818,983.23 | | | | | $32,446.77 | $24,351.28 | $16,618.29 | $12,675.08 |
| XS0350764337 | 55837.10 | $945,724.50 | | | | | $37,468.05 | $28,119.75 | $19,190.05 | $14,636.61 |
| XS0350764337 | 59577.00 | $40,030.67 | | | | | $1,585.95 | $1,190.25 | $812.28 | $619.54 |
| XS0373609295 | 59565.01 | $2,197,087.15 | | | | | $87,044.99 | $65,327.20 | $44,581.91 | $34,003.46 |
| XS0287119480 | 51244.02 | $152,000.00 | | $9,188.11[1] | $4,676.00 | $5,543.92 | $6,021.99 | $4,519.50 | $3,084.29 | $2,352.44 |
| XS0287119480 | 51636.03 | $700,000.00 | | $42,313.66[2] | $21,534.21 | $25,531.22 | $27,732.85 | $20,813.49 | $14,203.96 | $10,833.63 |
| XS0322153270 | 67117 | $2,778,712.93 | $100,290.11 | $67,677.75 | $85,481.96 | $101,348.47 | $110,088.05 | $82,621.00 | $56,383.89 | $43,005.06 |
| XS0325550472 | 67116.02 | $446.02 | $16.10 | $10.86 | $13.72 | $16.27 | $17.67 | $13.26 | $9.05 | $6.90 |
| XS0328873681 | 67116.02 | $1,564,642.85 | $56,471.54 | $38,108.11 | $48,133.34 | $57,067.48 | $61,988.58 | $46,522.39 | $31,748.75 | $24,215.37 |
| XS0200265709 | 67115.01 | $5,858,954.06 | $211,463.07 | $142,699.45 | $180,239.88 | $213,694.63 | $232,122.15 | $174,207.50 | $118,886.20 | $90,676.75 |
| XS0200265709 | 67116.01 | $13,150,457.05 | $474,630.11 | $320,289.77 | $404,549.48 | $479,638.86 | $520,999.54 | $391,009.77 | $266,840.79 | $203,524.50 |
| XS0200265709 | 67117 | $8,146,890.47 | $294,039.93 | $198,423.95 | $250,624.01 | $297,142.92 | $322,766.44 | $242,235.98 | $165,311.57 | $126,086.25 |
| XS0234123650 | 67116.02 | $1,492,701.75 | $53,875.02 | $36,355.93 | $45,920.21 | $54,443.56 | $59,138.40 | $44,383.32 | $30,288.96 | $23,101.96 |
| XS0248620899 | 67116.02 | $62.44 | $2.25 | $1.52 | $1.92 | $2.28 | $2.47 | $1.86 | $1.27 | $0.97 |
| XS0251180906 | 67116.02 | $440.71 | $15.91 | $10.73 | $13.56 | $16.07 | $17.46 | $13.10 | $8.94 | $6.82 |
| XS0352483746 | 63653.06 | $581,946.95 | $21,003.80 | $14,173.78 | $17,902.52 | $21,225.45 | $23,055.78 | $17,303.35 | $11,808.50 | $9,006.57 |
| XS0368783477 | 63661.1 | $1,628,238.39 | $58,766.85 | $39,657.03 | $50,089.74 | $59,387.02 | $64,508.13 | $48,413.31 | $33,039.19 | $25,199.61 |

---

[1] Catch-up distribution which includes payments from 17-Apr-12 distribution
[2] Catch-up distribution which includes payments from 17-Apr-12 distribution

**Schedule 3**

**LBT Distributions**

| ISIN | ISIN CCY | Principal / Notional Amount | 8-May-13 | 28-Oct-13 | 28-Apr-14 | 27-Oct-14 | 28-Apr-15 |
|---|---|---|---|---|---|---|---|
| XS0200265709 | CHF | 30,160,000.00 | 2,906,933.39 | 1,148,311.84 | 1,221,087.92 | 996,776.87 | 678,569.84 |
| XS0234123650 | CHF | 1,670,000.00 | 152,360.59 | 60,212.60 | 64,001.08 | 52,243.89 | 35,564.32 |
| XS0248620899 | CHF | 70.00 | 7.00 | 2.77 | 2.94 | 2.40 | 1.63 |
| XS0251180906 | CHF | 470.00 | 48.10 | 19.01 | 20.20 | 16.49 | 11.23 |
| XS0287119480 | USD | 852,000.00 | 98,088.21 | 39,917.90 | 43,220.26 | 33,101.05 | 22,288.32 |
| XS0322153270 | CHF | 3,115,000.00 | 297,327.33 | 117,503.17 | 124,895.93 | 101,952.46 | 69,405.32 |
| XS0325550472 | CHF | 500.00 | 47.73 | 18.85 | 20.05 | 16.36 | 11.14 |
| XS0328873681 | CHF | 1,754,000.00 | 167,419.63 | 66,163.90 | 70,326.63 | 57,407.58 | 39,080.87 |
| XS0339677139 | USD | 4,730,000.00 | 97,393.28 | 39,637.40 | 42,915.29 | 32,868.77 | 22,131.67 |
| XS0350764337 | USD | 985,000.00 | 135,351.42 | 55,082.19 | 59,638.80 | 45,676.42 | 30,755.64 |
| XS0352483746 | USD | 650,000.00 | 85,050.62 | 34,613.73 | 37,475.46 | 28,701.64 | 19,325.80 |
| XS0368783477 | SGD | 2,323,000.00 | 241,824.08 | 98,904.20 | 108,700.14 | 84,211.26 | 60,273.27 |
| XS0373609295 | USD | 3,440,000.00 | 366,494.04 | 149,148.08 | 161,487.36 | 123,678.32 | 83,275.52 |

**Schedule 4**

**Delivered Notices of LBHI Distributions**

| ISIN | POC# | USD Allowed Amount |
|---|---|---|
| XS0339677139 | 59598.00 | 818,983.23 |
| XS0350764337 | 55837.10 | 945,724.50 |
| XS0350764337 | 59577.00 | 40,030.67 |
| XS0373609295 | 59565.01 | 2,197,087.15 |