UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. |  |

**ORDER IN AID OF ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF
THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

Upon the motion, dated October 22, 2015 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, for an order in aid of the *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, dated June 24, 2014 [Dkt. No. 45277] (the "ADR Order"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein, except with respect to the Informal Objectors and the Objectors (as defined below); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the Court's amended Order entered June 17, 2010, governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is withdrawn, without prejudice, as to Access National Bank ("ANB") and Access National Mortgage ("ANM"), which is described as a division of ANB in Exhibit A of the Motion; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that the motion is withdrawn, without prejudice, as to Santa Cruz Home Finance (and together with ANB and ANM, the "Informal Objectors"); and it is further

ORDERED that for purposes of the Motion, the definition of Successors shall not include the Informal Objectors and the Objectors (as defined below); and it is further

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that all Successors are bound by the terms of the ADR Order and are thereby required to, among other things, participate in the mediation of LBHI's Indemnification Claims in good faith; and it is further

ORDERED that the ADR Order shall remain in full force and effect notwithstanding the filing of the Motion and the entry of this Order; and it is further

ORDERED that service of the ADR Package on the Successors and the exchange of documents and other information concerning the Indemnification Claim at issue between the respective Successor and LBHI shall not constitute a violation of the ADR Order, including but not limited to, any provision governing confidentiality; and it is further

ORDERED that any purchaser of assets from any Seller whose purchase has been approved by a court of competent jurisdiction, and which immunizes the asset purchaser from successor liability to the Seller's creditors either by its terms or under applicable law will not be subject to the terms of this Order or the ADR Order; and it is further

ORDERED that notwithstanding the foregoing, the Hearing Date for the Motion solely with respect to the objectors (identified in **Exhibit A** annexed hereto (the "Objectors")) is adjourned until **February 23, 2016, at 10:00 a.m. (E.S.T.)**; and it is further

ORDERED that all of the Objectors' defenses that they may hold with respect to the Motion are reserved, including but not limited to those relating to the jurisdiction of this Court

with respect to the Objectors and this Court's ability to require the Objectors to participate in alternative dispute resolution; and it is further

ORDERED that this Order shall not have any res judicata or collateral estoppel effect as to the Objectors; and it is further

ORDERED that notwithstanding that the Objectors are not Successors as defined in the Motion, the exchange of documents and other information concerning the Indemnification Claim at issue between the respective Objector and LBHI shall not constitute a violation of the ADR Order, including but not limited to, any provision governing confidentiality; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: December 1, 2015
       New York, New York

                                       /S/ Shelley C. Chapman
                                       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Exhibit A – List of Objectors

1. Cherry Creek Mortgage Company, Inc. **[Dkt. No. 51335]**

2. Freedom Mortgage Corporation **[Dkt. No. 51462]**

3. Gateway Funding Diversified Mortgage Services, L.P., First Mortgage Corporation, Bank of Commerce Mortgage, Apex Home Loans, Inc., Hartland Mortgage Centers, Inc., and Pacor Mortgage Corporation **[Dkt. No. 51464]**