Hearing Date and Time: January 21, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: January 14, 2016 at 4:00 p.m. (Prevailing Eastern Time)

**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th St.
New York, NY 10019
(212) 265-6888 Telephone
(212) 957-3983 Facsimile
Attorney Appearing:   Robert M. Schechter (RS-0601)
                     Rachel A. Parisi (RP-3786)

*Attorneys for Aadit Seshasayee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*. | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**AADIT SESHASAYEE'S MOTION FOR RECONSIDERATION, PURSUANT TO 11 U.S.C. § 502(j), FED. R. BANKR. P. 3008 AND 9024, AND LOCAL BANKRUPTCY RULE 3008-1, OF THE DISALLOWANCE OF HIS CLAIM**

TO:   THE HONORABLE SHELLEY C. CHAPMAN
      UNITED STATES BANKRUPTCY JUDGE

Aadit Seshasayee (Claim No. 0000005132) ("Mr. Seshasayee"), submits this motion for reconsideration (the "Reconsideration Motion"), pursuant to 11 U.S.C. § 502(j), Fed. R. Bankr. P. 3008 and 9024, and Local Bankruptcy Rule 3008-1, of the disallowance of his claim pursuant to the Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims) [Dkt. No. 27107] (the "Claim Objection Order"), and respectfully states as follows:

1

3220999

**PRELIMINARY STATEMENT**

In 2008, LBHI (defined below) withheld funds from Mr. Seshasayee's paycheck for payment of taxes, yet LBHI failed to remit the withheld funds to the taxing authorities. Mr. Seshasayee timely filed a proof of claim in the LBHI bankruptcy case to recover the withheld funds. Mr. Seshasayee has now learned that LBHI objected to his proof of claim in an objection served at a wrong address and based upon an incorrect assertion that LBHI has no liability today for the monies it withheld from Mr. Seshasayee in 2008. At present, Mr. Seshasayee is being pursued by the IRS for an asserted deficiency, penalties and interest approximating a crushing $468,128.77 due to LBHI's continuing failure to remit funds withheld from Mr. Seshasayee.

Upon learning of LBHI's unserved objection to his proof of claim, Mr. Seshasayee contacted LBHI to advise of LBHI's failure to serve its objection at a correct address and of the erroneous and contradictory basis upon which LBHI asserted its objection, as further detailed herein. LBHI has responded that it will continue to object to the allowance of Mr. Seshasayee's claim despite LBHI's plain contradictions to its present position contained in its own prior filings made with this Honorable Court and despite LBHI's failure to serve its objection or the corresponding order.

**FACTUAL BACKGROUND**

1.   On or about June 21, 1994, Mr. Seshasayee began working for Lehman Brothers Holdings Inc. ("LBHI" or "Lehman Brothers") in New York. *See* Certification of Aadit Seshasayee in Support of the Reconsideration Motion (the "Seshasayee Cert."), ¶ 1.

2.   On or about May 2, 2002, after approximately 8 years of working in New York, Mr. Seshasayee was transferred by Lehman Brothers to Tokyo, Japan where he worked for the Global Real Estate Group through a Lehman Brothers expatriate program. *See* id., ¶ 2.

2

3220999

3. Prior to and as part of the "expatriate" assignment, LBHI employed a seamless and centralized process for handling its obligations to Mr. Seshasayee as an employee, including payroll, taxes and other key aspects of employment, whether in New York or abroad. Through its structure and design of Mr. Seshasayee's employment relationship, Mr. Seshasayee was assured by LBHI of its full faith and credit behind obligations due and owing to him as an employee. *See* id., ¶ 3.

4. In or around April 2008, Mr. Seshasayee was transferred by LBHI to Hong Kong, where he was stationed until he was laid off in August 2008 shortly before LBHI's September 2008 bankruptcy filing. *See* id., ¶ 4.

5. In December 2008, when Mr. Seshasayee could no longer afford to keep his family in Hong Kong due to his loss of employment, he moved his family to Bangkok where they lived in hotel rooms for approximately 7 months. During this time, Mr. Seshasayee traveled back and forth to Hong Kong seeking employment. *See* id., ¶ 5.

6. In July 2009, Mr. Seshasayee planned to move his family back to Hong Kong for a short period of time, during which time he would make a final attempt to obtain employment. Mr. Seshasayee's plan was that after this return to Hong Kong, he would move his family into his parents' home in India if he was unsuccessful in obtaining employment. Two days prior to moving his family to India, Mr. Seshasayee was offered a 3 month contract employment position. Mr. Seshasayee accepted the 3 month contract employment position, but due to the continued uncertainty, Mr. Seshasayee's family temporarily moved into his parents' home in India. *See* id., ¶ 6.

3220999

7. Shortly after the end of Mr. Seshasayee's 3 month contract employment, he successfully obtained a full-time position and his family was able to move out of Mr. Seshasayee's parents' home in India and live together with Mr. Seshasayee again. *See* id., ¶ 7.

## RELEVANT PROCEDURAL BACKGROUND

8. Commencing on September 15, 2008 (the "Filing Date"), and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

9. On July 2, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Dkt. No. 4271], which established September 22, 2009 as the bar date to file proofs of claim based on prepetition claims against the Debtors.

10. On July 6, 2009, Mr. Seshasayee timely filed his proof of claim, Claim Number 5132 (the "Proof of Claim"), in the amount of $199,108.28 for tax related withholdings taken by LBHI from Mr. Seshasayee and not remitted to the appropriate taxing authorities. *See* Proof of Claim attached to the Seshasayee Cert. as **Exhibit A**. The Proof of Claim was marked "filed / received" by LBHI on July 6, 2009. *See* id.

11. The Seshasayee Proof of Claim provided the following mailing address: Aadit Seshasayee c/o Sangini Shroff, 21D Branksome Grande, 3 Tregunter Path, Mid Levels, Hong Kong. *See* Seshasayee Cert., ¶ 8. Notwithstanding, and unbeknownst to Mr. Seshasayee, LBHI incorrectly recorded Mr. Seshasayee's mailing address as Aadit Seshasayee c/o Sangini Shroff, 21D Branksome Grande, 3 *Tecgunter* Path, Mid Levels, Hong Kong. See Seshasayee Cert., ¶

4

3220999

12; *see also* http://dm.epiq11.com/LBH/Claim and LBHI Case No. 08-13555 (SCC), Dkt. Nos. 25059 & 25290.

12. On January 14, 2010, the Court entered an order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases [Dkt. No. 6664], which authorized the Debtors to file omnibus objections to no more than 500 claims at a time, on various grounds.

13. On February 7, 2012, LBHI filed its Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims) [Dkt. No. 25059] (the "Claim Objection"). LBHI objected to Mr. Seshasayee's Proof of Claim on the alleged grounds that his claim was a "non-debtor employee claim."

14. The Affidavit of Service to the Claim Objection, Dkt. No. 25290, states that Mr. Seshasayee was served with the Claim Objection via first-class mail at the incorrect address recorded by LBHI. *See* Dkt. No. 25290, compare with Proof of Claim No. 5132. Mr. Seshasayee does not recall receiving and has no record of receiving the Claim Objection. *See* Seshasayee Cert., ¶ 9.

15. On March 22, 2012, the Court entered the Claim Objection Order.

16. There does not appear to be any affidavit of service on the docket linked to the Claim Objection Order, but the address listed for Mr. Seshasayee in the Claim Objection Order itself is also the incorrect address recorded by LBHI and used to purportedly attempt service on Mr. Seshasayee with respect to the Claim Objection. Mr. Seshasayee similarly does not recall receiving and has no record of receiving the Claim Objection Order. *See* Seshasayee Cert., ¶ 9; *see also* Seshasayee Cert., ¶ 12, **Exhibits B** & **C**.

5

17. The IRS has now contacted Mr. Seshasayee and asserted a deficiency, penalties and interest due and owing to the IRS for 2008 as a result of LBHI's continuing failure to remit funds it withheld from Mr. Seshasayee to the IRS or other appropriate taxing authority. *See* Seshasayee Cert., ¶ 11. The IRS asserts a deficiency, penalties and interest due and owing in the total amount of approximately $468,128.77. *See* Seshasayee Cert., ¶ 11. As a result, Mr. Seshasayee has recently engaged U.S. counsel and has learned of both the full magnitude of the amount sought by the IRS and of LBHI's unfounded and unserved objection to his Proof of Claim. *See* Seshasayee Cert., ¶ 12. Although Mr. Seshasayee, through counsel, has contacted LBHI regarding the lack of service of its Claim Objection and inaccurate basis for same, LBHI maintains that it will not honor Mr. Seshasayee's Proof of Claim and that despite lack of service of the Claim Objection, LBHI will seek to have the Claim Objection Order stand. *See* Seshasayee Cert., ¶ 12. As a result, Mr. Seshasayee, with counsel, conducted a thorough review of the voluminous docket and substantive filings in order to assess the merits of LBHI's assertion, if any, and the best course of action with respect to Mr. Seshasayee's claim against LBHI.

18. During this review, Mr. Seshasayee discovered that LBHI filed contradictory pleadings with this Court, recognizing its agreement with Mr. Seshasayee in its Schedules of Assets and Liabilities and then later denying the existence of that same agreement when seeking to eliminate its obligations to Mr. Seshasayee through the unserved Claim Objection. *See* Debtors' Schedules of Assets and Liabilities, Executory Contracts and Unexpired Leases, G: Expatriate Agreements, **Exhibit D** to Seshasayee Cert.; *compare* Debtors' Claim Objection, Exhibit B to Seshasayee Cert.; *see also* Seshasayee Cert., ¶ 13.

3220999

19. During this review, Mr. Seshasayee also discovered that LBHI allowed the alike claim of Mr. Seshasayee's similarly situated colleague, yet continues to deny liability for Mr. Seshasayee's Proof of Claim. *See* Seshasayee Cert., ¶ 14; *compare* Proofs of Claim Nos. 5132 & 3015. Both Mr. Seshasayee and the LBHI creditor that filed Proof of Claim No. 3015 have paystubs which include the name and address of the same entity, Lehman Bros Global Svcs Ltd, which the Debtors' attorneys appear to have filed a claim on behalf of in the Lehman Brothers Inc. SIPA proceeding, Case No. 08-01420 (JMP), Proof of Claim No. 5437. Moreover, pursuant to the 9019 Order (defined below) approving a settlement between the LBHI and Lehman Brothers Inc. ("LBI") estates, LBHI has received or is receiving $240,000,000 from LBI on account of tax related liabilities, presumably associated with tax related obligations such as those owed to Mr. Seshasayee.

20. LBHI should not be permitted a windfall while Mr. Seshasayee, an employee of 14 years, carries a crushing tax burden that exists solely as a result of LBHI's unsatisfied obligation.

## RELIEF REQUESTED

21. Mr. Seshasayee seeks entry of an order reconsidering the Claim Objection Order and allowing his Proof of Claim as amended pursuant hereto.

## RELEVANT LAW

*i. Reconsideration of a Disallowed Claim*

22. Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Federal Rule of Bankruptcy Procedure 3008 provides that reconsideration of an allowed or disallowed claim shall be by

7

motion of a party in interest and that the court after hearing on notice shall enter an appropriate order. Local Bankruptcy Rule 3008-1 provides: "No oral argument shall be heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion and specifically orders that the matter be reconsidered upon oral argument. If a motion to reconsider is granted, notice and a hearing shall be afforded to parties in interest before the previous action taken with respect to the claim may be vacated or modified." As neither Bankruptcy Rule 3008 nor Local Bankruptcy Rule 3008-1 nor section 502(j) specify any procedural deadline, motions for reconsideration can therefore presumably be filed at any time. *See In re Enron Corp.*, 352 B.R. 363, 367 (Bankr. S.D.N.Y. 2006).

23. "Cause" under section 502(j) is not defined by the Bankruptcy Code, but courts in this jurisdiction have found that determining "cause" and the "equities of the case" under section 502(j) "falls upon the equitable judgment of the court and is within the sound discretion of the court." *In re Coudert Bros. LLP*, 2013 WL 4478824, at *8 (Bankr. S.D.N.Y. Aug. 19, 2013)(internal quotations omitted). When deciding a motion under 502(j), courts in this jurisdiction have also applied the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant sought reconsideration within fourteen (14) days after the entry of the order disallowing the claim, or did so only later. *In re Enron Corp.*, 352 B.R. at 367–68 (if a motion to reconsider an order disallowing a claim is filed within ten days after entry of the order (the time previously required by Rule 9023), it is analogous to a motion under Fed. R. Bankr. P. 9023 and should be governed by the same principles as a motion under Fed. R. Civ. P. 59; if filed later, it should be considered as if it were a motion under Fed. R. Civ. P. 60).

24. Here, Mr. Seshasayee is filing outside of the fourteen (14) day deadline pursuant to Bankruptcy rule 9023, and therefore, the standards under Fed. R. Civ. P. 60 will apply.

25. Fed. R. Civ. P. 60(b) permits a court to grant relief from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Whether to grant a motion for relief under Fed. R. Civ. P. 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Fed. R. Civ. P. 60(b)(6) "should be liberally construed when substantial justice will thus be served." *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir. 1963). However, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *US v. Int'l Bhd. Of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001).

   *ii. Cause Exists to Reconsider the Disallowance of Mr. Seshasayee's Claim*

26. The equities of this case weigh greatly in favor of this Court reconsidering Mr. Seshasayee's disallowed claim. LBHI's unserved Claim Objection and Claim Objection Order, mailed to the wrong address by LBHI and never received by Mr. Seshasayee, are invalid due to an unsupportable basis and lack of proper service. The substance of LBHI's objection to the Seshasayee Proof of Claim and the cavalier position of LBHI as to its liability to Mr. Seshasayee does not withstand scrutiny on reconsideration.

27. For 14 years, LBHI employed Mr. Seshasayee in a seamless and centralized fashion, giving Mr. Seshasayee the comfort of LBHI's full faith and credit behind obligations due and owing to him as an employee. Indeed, LBHI's own Schedules of Assets and Liabilities

9

filed with this Court recognize LBHI's agreement with Mr. Seshasayee. LBHI's unexplained and sudden about-face as to its agreement with and obligation to Mr. Seshasayee, where LBHI may be seeking to hide behind the complexity and convoluted nature of the self-created Lehman corporate structure, does not withstand a review of over a decade of practice, LBHI's own Schedule of Assets and Liabilities, and other post-petition actions contrary to the position LBHI now takes with respect to Mr. Seshasayee's Proof of Claim.

28. On February 26, 2013, the Trustee in the Lehman Brothers Inc. SIPA case filed a Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Entry of Order Approving Settlement Agreement Between the Trustee and the LBHI Entities [Dkt. No. 5784 in Lehman Brothers Inc. SIPA case] (the "<u>9019 Motion</u>"). The 9019 Motion states that LBHI, certain of its affiliates, and other non-debtor entities (the "<u>LBHI Entities</u>") filed claims against Lehman Brothers Inc. on account of, *inter alia*, **tax liability**. *See* 9019 Motion, Dkt. No. 5784 in Lehman Brothers Inc. SIPA case, at page 14 ("During May and June 2009, the LBHI Entities also submitted over fifty General Claims asserting that they were entitled to general creditor status with respect to billions of dollars in cash and securities and additional unliquidated amounts based on, *inter alia*, intercompany balances, tax liability, pension settlement, audit contributions, repayments of advanced funds, restricted stock awards, SEC lending funds, intercompany not interest, repurchase and reverse repurchase transactions, derivatives, and other transactions."). After negotiations between the parties, the SIPA Trustee agreed that the LBHI Entities would receive an allowed claim at a level of priority equivalent to the priority afforded a taxing authority in the amount of $240,000,000.00. *See id.*, at page 24, and order approving same, Dkt. No. 6020 (the "<u>9019 Order</u>"). As a result, it appears that Lehman Brothers Inc. acknowledged debts owed to LBHI on account of **tax liability**, presumably for taxes due and owing on account

10

3220999

of employees such as Mr. Seshasayee, and has either paid such monies or will pay such monies to LBHI in the near future. That money, however, does not belong to LBHI. LBHI has never made the appropriate payment with respect to Mr. Seshasayee's tax obligations, notwithstanding that these monies were withheld by LBHI for such purpose. Therefore, LBHI should not receive a windfall, since a portion of the money LBHI receives on account of its allowed claim against LBI is in all likelihood due and owing to Mr. Seshasayee for tax withholdings that were never properly remitted by LBHI to the taxing authorities.

29. Moreover, LBHI has allowed the alike proof of claim of one of Mr. Seshasayee's former colleagues and LBHI's counsel themselves appear to have filed a claim in the LBI SIPA case on behalf of the entity, Lehman Bros Global Svcs Ltd, that appears on certain paystubs of both Mr. Seshasayee and his similarly situated colleague whose claim LBHI allowed.

30. Based upon LBHI's failure to serve the Claim Objection and Claim Objection Order on Mr. Seshasayee, LBHI's prepetition relationship with Mr. Seshasayee acknowledged in LBHI's own Schedules of Assets and Liabilities, and LBHI's own post-petition contradictions to the basis for its challenge to Mr. Seshasayee's Proof of Claim, Mr. Seshasayee respectfully requests that this Court enter an Order granting the reconsideration of the Claim Objection Order and allowing Mr. Seshasayee's Proof of Claim as amended herein.

## NOTICE

31. The Claimant has served the Notice of this Motion, the Motion and all exhibits hereto, on all ECF Notice parties and: (i) the Chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, NY 10004-1408, Courtroom 623; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq. and Jacqueline Marcus, Esq.; (iii) Milbank, Tweed, Hadley &

3220999

McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.; (iv) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (v) all parties listed on the Master Service List in accordance with the Court's Second Amended Case Management Order [Dkt. No. 9635].

## CONCLUSION

**WHEREFORE**, Mr. Seshasayee respectfully requests the Court enter an Order substantially in the form attached hereto granting reconsideration of the Claim Objection Order with respect to Mr. Seshasayee's Proof of Claim and allowing Mr. Seshasayee's Proof of Claim in the amended amount of $468,128.77.

Dated:     December 7, 2015

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Aadit Seshasayee*

By:   */s/ Robert M. Schechter*
         Robert M. Schechter

3220999