Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (SCC)
(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Deutsche Bank AG, London Branch

Name of Transferor

The Varde Fund VI-A, L.P.

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton
E-mail:  Michael.sutton@db.com

Court Claim # (if known): 58568

Amount of Claim (transferred):

EUR 2,674,000.00 in principal amount of ISIN DE000A0MJHE1 (plus all interest, costs and fees relating to this claim)

Date Claim Filed: 30 October 2009

Tel: N/A

Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____

Date: 4 DECEMBER 2015

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Duncan Robertson**
**Managing Director**

Alex Darbyshire
Vice President

*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **The Värde Fund VI-A, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amount specified in Schedule 1 hereto, in Seller's right, title and interest in and to the Proof of Claim Number set forth on Schedule 1 filed by or on behalf of Seller or any of Seller's predecessors-in-title (a copy of which is attached at Schedule 4 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such securities, the "Purchased Securities") relating to the Purchased Portion and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims, Purchased Securities or the Proceedings.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim include the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are Class 5 claims against the Debtor in the Proceedings; (h) on or around the dates set forth on Schedule 2, Seller received the distributions in the amounts set forth on Schedule 2 relating to the Transferred Claims; (i) on or about the dates set forth on Schedule 3, Seller received the distributions in the amounts set forth on Schedule 3 made by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims; and (j) other than the distributions set out in Schedule 2 and Schedule 3, Seller has not received any other distributions in respect of the Transferred Claims or the Purchased Securities.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

DB Ref: [ ]

Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after January 9, 2015 in respect of the Transferred Claims or the Purchased Securities to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _4th_ day of December 2015.

The Värde Fund VI-A, L.P.
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: _____
Name:
Title:    **Scott T. Hartman**
          **Managing Director**

Address:
8500 Normandale Lake Blvd., Suite 1500
Minneapolis, MN 55437
Attn: Edwina Steffer
Email: esteffer@varde.com

DEUTSCHE BANK AG, LONDON BRANCH

By: _____
Name:
Title:    **Alex Darbyshire      Duncan Robertson**
          **Vice President        Managing Director**
Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

Schedule 1

Transferred Claims

Lehman Programs Securities and Purchased Portion to which Transfer Relates

| ISIN / CUSIP | Blocking Number | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|---|
| DE000A0MJHE1 | 1336014 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 2,674,000.00 | EUR | 58568 | 2,850,874.36 |

Schedule 1–1

Schedule 2

LBHI DISTRIBUTIONS

| ISIN / CUSIP | POC # | USD Allowed Amount | 2-Oct-14 | 2-Apr-15 | 1-Oct-15 |
|---|---|---|---|---|---|
| DE000A0MJHE1 | 58568 | 2,850,874.36 | 84,766.61 | 57,848.15 | 44,121.87 |

Schedule 1-1

DB Ref: 11

Schedule 3

## LBI DISTRIBUTIONS

| ISIN | ISIN CCY | Principal / Notional Amount | 27-Oct-14 | 28-Apr-15 | 29-Oct-15 |
|---|---|---|---|---|---|
| DE000A0MJHE1 | EUR | 231,946,000.00 | 67,245.82 | 53,881.10 | 39,200.84 |

Schedule 4

Proof of Claim

| *United States Bankruptcy Court/Southern District of New York* | **LEHMAN SECURITIES PROGRAMS** |
|---|---|

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**LEHMAN SECURITIES PROGRAMS
PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000058568

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Commerzbank AG
60261 Frankfurt/Main
Germany
Attention: Martin Hannoever

Telephone number: +49 69 26352287    Email Address: GM-L_Lehman@Commerzbank.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ ___Please see attachment___ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): DE000A0MJHE1    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

___Please see attachment___ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
___Please see attachment___ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:
2009-10-26

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

on behalf of Commerzbank AG

### ATTACHMENT TO PROOF OF CLAIM OF COMMERZBANK AG AGAINST LEHMAN BROTHERS HOLDINGS INC.

1.        Commencing on September 15, 2008 (the *Petition Date*) and periodically thereafter, Lehman Brothers Holdings Inc. (*LBHI*), and certain of its subsidiaries (LBHI, together with such subsidiaries, the *Debtors*), filed voluntary petitions (the *Chapter 11 Cases*) for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the *Bankruptcy Code*). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.        On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the *Bar Date Order*) which, among other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the *Bar Date*) for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Programs Security, as identified on the Debtors' website, against the Debtors (the *Securities Programs Bar Date*).

3.        Commerzbank AG (the *Claimant*) accordingly files this Lehman Programs Securities Proof of Claim (the *Proof of Claim*) for various amounts owing to Claimant by LBHI in respect of Lehman Programs Securities held by Claimant in a proprietary capacity on Claimant's own behalf and/or in a custodial capacity on behalf of one or more of Claimant's

customers.[1] As of the filing of this Proof of Claim, Claimant is the record holder of or represents

the record holder of the following Lehman Programs Securities:[2]

| International Securities Identification Number (ISIN) | Depository Blocking Reference Number | Depository Participant Account Number | Number of filed securities | Principal Component | Interest Component (up to and including September 15, 2008) | Amount of Claim |
|---|---|---|---|---|---|---|
| DE000A0MJ1IE1 | 7427 20091014 1336014 | 7427 | 207,829 | $294,597,607.50 | $12,499,776.49 | $307,097,383.99 |
| DE000A0MJHE1 | 7004 20091015 0409919 | 7004 | 1,608 | $2,279,340.00 | $96,712.40 | $2,376,052.40 |
| DE000A0MJHE1 | 7427 20090930 1332089 | 7427 | 20 | $28,350.00 | $1,202.89 | $29,552.89 |
| DE000A0MJHE1 | 7427 20090930 1332090 | 7427 | 7 | $9,922.50 | $421.01 | $10,343.51 |
| DE000A0MJHE1 | 7427 20091009 1332177 | 7427 | 100 | $141,750.00 | $6,014.45 | $147,764.45 |
| DE000A0MJHE1 | 7427 20090923 1332028 | 7427 | 10 | $14,175.00 | $601.45 | $14,776.45 |
| DE000A0MJHE1 | 7427 20090923 1332021 | 7427 | 21 | $29,767.50 | $1,263.04 | $31,030.54 |
| DE000A0MJHE1 | 7427 20090923 1332033 | 7427 | 10 | $14,175.00 | $601.45 | $14,776.45 |
| DE000A0MJHE1 | 7427 20090923 1332037 | 7427 | 10 | $14,175.00 | $601.45 | $14,776.45 |
| DE000A0MJHE1 | 7427 20090923 1332022 | 7427 | 2 | $2,835.00 | $120.29 | $2,955.29 |
| DE000A0MJHE1 | 7427 20091002 1332116 | 7427 | 10 | $14,175.00 | $601.45 | $14,776.45 |
| DE000A0MJHE1 | 7427 20090930 1332091 | 7427 | 15 | $21,262.50 | $902.17 | $22,164.67 |
| DE000A0MJHE1 | 7427 20090923 1332025 | 7427 | 13 | $18,427.50 | $781.88 | $19,209.38 |

---

[1]  The Bar Date Order provides "claims based on any Lehman Programs Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

[2]  The Bar Date Order provides "persons or entities that file claims based on any Lehman Programs Security are not required to attach or submit any documentation supporting any claim based on such Lehman Programs Security." Bar Date Order at p. 14.

| | | | | | | |
|---|---|---|---|---|---|---|
| DE000A0MJHE1 | 7427 20091006 1332151 | 7427 | 25 | $35,437.50 | $1,503.61 | $36,941.11 |
| DE000A0MJHE1 | 7427 20090930 1332095 | 7427 | 25 | $35,437.50 | $1,503.61 | $36,941.11 |
| DE000A0MJHE1 | 7427 20090925 1332079 | 7427 | 50 | $70,875.00 | $3,007.23 | $73,882.23 |
| DE000A0MJHE1 | 7427 20091002 1332118 | 7427 | 2 | $2,835.00 | $120.29 | $2,955.29 |
| DE000A0MJHE1 | 7427 20090925 1332056 | 7427 | 10 | $14,175.00 | $601.45 | $14,776.45 |
| DE000A0MJHE1 | 7427 20091002 1332119 | 7427 | 10 | $14,175.00 | $601.45 | $14,776.45 |
| DE000A0MJHE1 | 7427 20090923 1332038 | 7427 | 7 | $9,922.50 | $421.01 | $10,343.51 |
| DE000A0MJHE1 | 7427 20090930 1332097 | 7427 | 19 | $26,932.50 | $1,142.75 | $28,075.25 |
| DE000A0MJHE1 | 7427 20090923 1332040 | 7427 | 3 | $4,252.50 | $180.43 | $4,432.93 |
| Total: | | | 209,806 | $297,400,005.00 | $12,618,682.21 | $310,018,687.21 |

4.     Claimant is the record holder or representative of the record holder of Lehman Programs Securities in the aggregate principal amount of USD 297,400,005.00 and aggregate accrued and unpaid interest amount or other return (up to and including September 15, 2008) of USD 12,618,682.21. LBHI either issued, or guaranteed the full and punctual payment of all obligations related to, the Lehman Programs Securities. Accordingly, LBHI remains liable to Claimant for no less than **USD 310,018,687.21** (the *Lehman Programs Securities Claim*). For reference, attached as Annex A hereto is a computation of the foregoing claim amount. The foregoing amounts have been converted from EUR to US dollars using the exchange rate prevailing on the Petition Date (EUR 1 = USD 1.4175 based on the Federal Reserve Statistical Releases; Internet-link: www.federalreserve.gov/releases/h10/Hist/).

5.     Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of

the Securities Programs Bar Date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

6.      The filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

7.      Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, or other return, or the principal-protected amount, on any Lehman Programs Security. Additionally, nothing contained in this Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on any valuation method that is ultimately used to value any Lehman Programs Security.

8.      Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action

the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

12.    All notices regarding this Proof of Claim should be sent to: Commerzbank AG, 60261 Frankfurt/Main, Germany, Attention: Martin Hannoever, with copies to Freshfields Bruckhaus Deringer US LLP, 520 Madison Avenue, 34th Floor, New York, New York 10022, Telephone number: 212-277-4000, Attention: Jerome Ranawake and Yehuda Herbst.

ANNEX A

# Lovells

Lovells LLP
Untermainanlage 1
60329 Frankfurt am Main
Tel: +49 (0) 69 962 36-0
Fax: +49 (0) 69 962 36-100

**Eckart Wilcke**
**Notary**

Direct line: +49 (0) 69 962 36-161
eckart.wilcke@lovells.com

Our ref: WI/ag
FRALIB01/FRAAGB/479853.01

October 23, 2009

**NO. 209** OF THE ROLL OF DOCUMENTS FOR **2009**

### Notarial Certificate

I confirm in accordance with Sec. 21 of the German Law of Notaries and pursuant to an inspection of the commercial Register kept with the Municipal Court in Frankfurt am Main - HRB 32000 - for COMMERZBANK Aktiengesellschaft, Frankfurt am Main (the "Company"), that

1.  Mr. Heiko Beck *22 September 1966 and
2.  Mr. Martin Hannöver *27 July 1962

are registered as Prokurists (holders of commercial proxy).

Each of the Prokurists represents the Company jointly with a member of the Board of Managing Directors or with another Prokurist in any transactions and legal matters occurring in any type of business with the exception of the sale, transfer and encumbrance of real estate.

Frankfurt am Main, this 23 October 2009

Eckart Wilcke
N o t a r y

Lovells LLP ist als Limited Liability Partnership unter OC 323639 in England und Wales registriert. Registersitz: Atlantic House, Holborn Viaduct, London EC1A 2FG.
Die Bezeichnung Partner bezieht sich auf Mitglieder der Lovells LLP oder Mitarbeiter mit entsprechender Stellung und Qualifikation.

Lovells LLP und zugehörige Büros: Alicante Amsterdam Brüssel Chicago Dubai Düsseldorf Frankfurt am Main Hamburg Ho Chi Minh Stadt Hongkong London Madrid Mailand Moskau München New York Paris Peking Prag Rom Schanghai Singapur Tokio Warschau Kooperationsbüros: Budapest Zagreb

HAND DELIVERY

RECEIVED BY: _____    DATE: 10/30/09    TIME: 245p