HEARING DATE AND TIME:   December 17, 2015 at 10:00 am (New York Time)

Tally M. Wiener
**LAW OFFICES OF TALLY M. WIENER, ESQ.**
119 West 72nd Street, PMB 350
New York, NY 10023
(212) 574-7975 (Telephone)
(212) 496-4170 (Facsimile)
tally.wiener@thecomi.com

*Attorneys for Wong Chin Pang Alex*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**In re**                                                    :

                                                       :   **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :   **08-13555 (SCC)**
                                                       :
              **Debtors.**                       :
------------------------------------------------------------x

**OBJECTION OF WONG CHIN PANG ALEX**
**TO THE RELIEF REQUESTED BY LEHMAN BROTHERS HOLDINGS INC.,**
**AS PLAN ADMINISTRATOR, IN THE "OMNIBUS REPLY TO RESPONSES TO**
**OMNIBUS OBJECTIONS TO CLAIMS" [DOCKET NO. 51445] AND**
**JOINDER IN RESPONSES FILED BY SIMILARLY SITUATED CLAIMANTS**

        Wong Chin Pang Alex (the "Claimant"), a creditor in the above-captioned chapter 11 proceedings, by and through his undersigned counsel, hereby submits his Objection to the relief requested by Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, in the *Omnibus Reply to Responses to Omnibus Objections to Claims* [Docket No. 51445] (the "Omnibus Reply") and, in support thereof, respectfully states as follows:

        1.        On September 16, 2011, the Debtors filed the *Debtors' Two Hundred Sixteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim* [Docket 20105] (the "Two Hundred Sixteenth Omnibus Claim Objection"), seeking to disallow and expunge, or in the alternative, reclassify as equity, certain claims arising out of LBHI's guarantees. As LBHI notes in the Omnibus Reply, the relief requested in the

Debtors' Two Hundred Thirteenth through Two Hundred Sixteenth omnibus claim objections concerns the treatment of LBHI's guarantees of obligations of Lehman Brothers UK Capital Funding IV L.P. or Lehman Brothers UK Capital Funding V L.P.

2. On November 17, 2011, the Claimant filed a Response and Joinder in the Responses filed by the various similarly situated claimants [Docket 22262].[1]

3. A hearing on the relief requested was scheduled to take place on November 30, 2011. The hearing was subsequently adjourned to January 26, 2012 at the Debtors' initiative [Docket No. 22686] with respect to creditors including the Claimant who had filed responses. Other claimants lost the claim objection by default by Order entered December 5, 2011. [Docket No. 22938]. After that Order was entered, the hearing was adjourned again at the Debtors' initiative [Docket Nos. 24308, 25137, 26869].

4. On April 21, 2012, the Debtors filed their *Omnibus Reply to Responses to Debtors' Two Hundred Sixteenth Omnibus Objection to Claims* [Docket No. 27543]. Therein the Debtors withdrew, without prejudice, the request to disallow the guarantee claims with respect to which responses had been filed, and presented arguments in support of their position that the guarantee claims should be subordinated. At that point the Two Hundred Sixteenth Omnibus Claim Objection was fully briefed.

---

[1] Approximately one month ago, via Order entered on November 6, 2015, the Court separated the Claimant's portion of proof of claim 56671 from consolidated proof of claim 56671 filed by HSBC Private Bank (Suisse) SA, Singapore Branch for certain of its customers including Claimant, and subsequently transferred to Hong Kong and Shanghai Banking Corporation Ltd., Singapore Branch. [Docket 51370] (noting "All rights of Wong Chin Pang Alex [and another claimant] Hsu Li Teh in opposition to the [Debtors' Two Hundred Sixteenth Omnibus Claim Objection] are preserved."). The Court further (1) "ORDERED that [the Order entered on November 6, 2015] shall not affect in any way any portion of the Remaining Disputed Claim other than the Unopposed Portion or any other proof of claim" and (2) that the Chapter 11 Estates' Court-appointed claims agent is authorized to modify the claims register to reflect this Order."

2

5. The Court held a hearing on April 26, 2012. A true and correct copy of the hearing transcript is included as <u>Exhibit A</u> and incorporated herein by reference. The Claimant respectfully disagrees with the Plan Administrator's characterizations of what transpired, and notes that Judge Peck was presiding over the Lehman Brothers bankruptcy at the time and entered a bench ruling that is contrary to the manner in which the Plan Administrator now wishes to proceed. The bench ruling was not appealed and is the law of the case.

6. During the April 26, 2012 hearing, Judge Peck posed the question to the Debtors:

> I'd be interested in your views on this as to how rationally we can deal with a class of claimants that is diverse in number, international in character, includes some represented by counsel, some pro se, some who are here to observe in person, some who are simply listening on crackling phone lines, how do we deal with this in a fair and reasonable way so that everybody is able at the end to have an Order which is then either accepted or is the subject to final appeal.

[Exhibit A, April 26, 2012 Hearing Transcript, 53:12-19]. A colloquy ensued during which the Court posed additional questions, to wit:

> I'm not getting into the question of whether or not there may be some other claimants out there. I'm getting into something that's more fundamental, which is just this particular group, this particular identified class, not in a class action sense, but in the sense that there are certain parties that are the subject of four currently pending omnibus objections who have responded. Some with overlapping arguments and in the case of Banque Privée and one party who has almost identical positions that has gotten the benefit of an adjournment, there is at least as to that example an issue of, what I call, fair treatment.

[Exhibit A, April 26, 2012 Hearing Transcript, 54:22-55:7].

3

7. Ultimately the Court ruled as follows:

> Here is what I think makes sense at this point. Unless there is someone in Court who wishes to speak at this juncture, I'm going to treat this as, effectively, oral argument with respect to the written positions that have been submitted by the various parties who are affected by these four omnibus objections. I'm also going to treat all of the objections as if they're being made on behalf of all of the objectors. I'm not going to segregate, for example, an argument about ambiguity and treat that as applicable to only the objector who raised that point, because in dealing with this issue, effectively, with what is a legal question. And so everybody is going to -- everybody who is objecting to the omnibus treatment is going to be supporting one another and their arguments will apply across the board. That said, I'm [not] deciding this question until we've heard from the group to be heard at the omnibus hearing or whenever their claims are to be heard and it is more likely than not that I will take this under advisement and I need to reflect on this rather than simply rule from the bench….

> Well, I don't know what arrangements have been made with those attorneys who requested adjournments, but I'm assuming that they'll be heard on a common date. Well the parties who participated in today's hearing will have notice of that date and will have an opportunity, should they wish to participate to participate, either to listen or to make additional comments. Moreover, to the extent that any party has a desire for targeted discovery of an informal nature with regard to the existence of guarantees that may be applicable to these claims, I presume that that will take place during the interval between this hearing and the next hearing, whenever that is, so that, at least at that point, we'll not have any issues of unanswered questions and I will suggest, that at the next hearing, those attorneys in particular who wish to make legal arguments will have an opportunity to make those arguments for a last and final time before this -- this is to be decided. So this will be adjourned to that date to be determined. Notice will be provided.

[Exhibit A, April 26, 2012 Hearing Transcript, 65:6-66:23].

8. As the Plan Administrator notes, targeted discovery of an informal nature

4

took place thereafter. However the balance of the ruling has not yet been effectuated. The Debtors filed Notices of Adjournment on May 29, 2012 [Docket No. 28140], June 7, 2012 [Docket No. 28516], and June 25, 2012 [Docket No. 28965] such that the hearing that had been scheduled to take place on May 31, 2012 did not go forward as planned. On August 17, 2012, the Debtors filed a Notice of Adjournment, adjourning the hearing with respect to the Debtors' Two Hundred Sixteenth Omnibus Claim Objection *sine die.* [Docket No. 30193]. This final Notice of Adjournment contemplated that a hearing would be held at a future date to be determined. *See id.*

9.  Pursuant to the Court's ruling, quoted above, for purposes of the hearing and subsequent adjudication of the matter heard, the Court was to treat the various responses to the Two Hundred Thirteenth to Two Hundred Sixteenth omnibus claim objections "as if they're being made on behalf of all of the objectors." [Exhibit A, April 26, 2012 Hearing Transcript, 65:12-13]. Recognizing the complexity of the subordination issue, the Court stated: "I'm [not] deciding this question until we've heard from the group to be heard at the omnibus hearing or whenever their claims are to be heard and it is more likely than not that I will take this under advisement and I need to reflect on this rather than simply rule from the bench…." [Exhibit A, April 26, 2012 Hearing Transcript, 65:19-24].

10. Over three years have passed since the subordination issue was ripe for adjudication, subject only to a further hearing during which "those attorneys in particular who wish to make legal arguments [were to] have an opportunity to make those arguments for a last and final time before this -- this is to be decided." [Exhibit A, April 26, 2012 Hearing Transcript, 66:7-11].

5

11. In the interim, according to the Plan Administrator, the issue of the treatment of certain guarantee claims based on the obligations of Lehman Brothers UK Capital Funding IV L.P. or Lehman Brothers UK Capital Funding V L.P., was adjudicated, in the context of other omnibus claim objections. *See* Omnibus Reply, ¶ 11. According to the Plan Administrator, the deadline for the holders of five claims to object to the Five Hundred Eleventh omnibus claim objection had not passed, as of when the Omnibus Reply was filed. *See* Omnibus Reply, ¶ 12.

12. The Claimant respectfully requests that the relief requested by the Plan Administrator in the Omnibus Reply be denied and that, in keeping with this Court's prior ruling, the Plan Administrator provide the Court with a list of the various responses filed by the similarly situated claimants so that the complex and important subordination issues addressed therein can be taken under advisement and adjudicated.

13. For the avoidance of repetition, and in keeping with the Court's prior ruling, the Claimant incorporates by reference and joins in the various responses filed by claimants concerning the guarantee claims at issue.

**WHEREFORE**, based upon the foregoing, the Claimant respectfully requests entry of an Order (i) denying the relief requested in the Omnibus Reply to Responses to Omnibus Objections to Claims [51445] and (ii) granting such other and further relief as the Court deems just and proper.

Dated: December 10, 2015

/s/ Tally M. Wiener
Tally M. Wiener
Law Offices of Tally M. Wiener, Esq.
119 West 72nd Street, PMB 350
New York, New York 10023
(212) 574-7975
tally.wiener@thecomi.com