UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re Lehman Brothers Holdings Inc., et. al.,         Case No. 08-13555(SCC)
                                                      (Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee | Name of Transferor |
| Barclays Bank PLC | PP Opportunities Ltd. |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 50497<br>Amount of Claim Transferred: USD 1,054,395.59<br>Debtor against claim filed: Lehman Brothers Holdings Inc. |
| Barclays Bank PLC<br>745 Seventh Avenue<br>New York, NY 10019<br>Attn: Khalil AbuManneh | |

With a copy to:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Jenna Yoo / Authorized Signatory    Date: __December 14, 2015__
Transferee/Transferee's Agent

*Penalty for making false statement.-* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **PP Opportunities Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **Applicable Percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50497 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (d) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors that hold claims of the same class and type as the Purchased Claim; (g) a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "Notice") has been provided to Purchaser, and Seller has not entered into any supplements, amendments or revisions thereto, and no action was undertaken by Seller with respect to the Notice; (h) to the extent and in the same form received by Seller from its predecessor-in-interest, Seller has delivered to Purchaser a true and correct copy of the disbursement notice from the Debtor (which have not been supplemented, amended or revised) that set forth the third distribution paid by the Debtor on or about April 4, 2013 in the amount of $32,436 (the "Third Distribution"); (i) Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) that set forth (i) the fourth distribution on or about October 3, 2014 in the amount of $38,457.14 (the "Forth Distribution"), (ii) the fifth distribution on or about April 3, 2014 in the amount of $41,773.41 (the "Fifth Distribution"), (iii) the sixth distribution on or about October 2, 2014 in the amount of $31,350.91 (the "Sixth Distribution"), (iv) the seventh distribution on or about April 2, 2015 in the amount of $21,395.12 (the "Seventh Distribution") and (v) the eighth distribution on or about October 1, 2015 in the amount of $16,318.46 (the "Eighth Distribution", together with the Third Distribution, the Fourth Distribution, the Fifth Distribution, the Sixth Distribution and the Seventh

Distribution, the "Distributions"), each of which has been distributed on or account of the Transferred Claims; (j) on or about October 22, 2015 the Debtor confirmed in writing that the Purchased Claim was allowed as a Class 5 Claim of the Debtor and that (i) an initial distribution in an amount equal to 3.609229% of the Purchased Claim was distributed on account of the Purchased Claim on or about April 17, 2012 and (ii) a second distribution in an amount equal to 2.435579% of the Purchased Claim was distributed on account of the Purchased Claim on or about October 1, 2012; and (k) Seller or its predecessors-in-interest has received distributions paid (i) on or about May 9, 2013 in the amount of EUR 134,344.85, (ii) on or about October 25, 2013 in the amount of EUR 52,630.9, (iii) on or about April 29, 2014 in the amount of EUR 56,567.56, (iv) on or about October 28, 2014 in the amount of EUR 46,768.12 and (v) on or about April 27, 2015 in the amount of EUR 37,468.00 by Lehman Brothers Treasury Co. BV (collectively, the "BV Distributions"), with respect to the security relating to the Purchased Security; (k) other than the Distributions and the BV Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims and the Purchased Security1.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

---

1 For the avoidance of doubt, the Third Distribution was paid by Debor to Seller's predecessor-in-title and Seller's predecessor-in-title credited the Third Distribution to Seller.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14th day of December 2015.

**Barclays Bank PLC**

By: _____
Name:
Title: Jenna Yoo, Authorized Signatory
745 Seventh Ave
New York, NY 10019

**PP Opportunities Ltd.**
By: Paulson & Co. Inc., its Investment Advisor

By: _____
Name:
Title: Stuart Merzer, Authorized Signatory
c/o Paulson & Co. Inc.
1251 Avenue of the Americas
50th Floor
New York, NY 10020

Schedule 1

Transferred Claims

Purchased Claim

1.486000% ("Applicable Percentage") of the Proof of Claim relating to ISIN XS0210715289 = $1,054,395.59 (in allowed amount)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim | Allowed Amount |
|---|---|---|---|---|---|---|
| 10NC1 SNOWBALL NOTE | XS0210715289 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | EUR 743,000.00 | 50497 | USD 1,054,395.59 |

15 470 2 12 - Lehman Program Security (50497) - Assignment of Claim - PP Opportunities to Barclays.DOC