# **EXHIBIT B-1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MARTIN E. BEELER IN SUPPORT OF (I) AMENDED OMNIBUS APPLICATION OF CERTAIN INDIVIDUAL COMMITTEE MEMBERS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES AND (II) SUPPLEMENTAL APPLICATION OF WILMINGTON TRUST COMPANY FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

Martin E. Beeler declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.  I am Of Counsel at Covington & Burling LLP ("**Covington**"), an international law firm that maintains an office for the practice of law at The New York Times Building, 620 Eighth Avenue, New York, New York 10018, as well as offices in Washington, DC, Los Angeles, San Francisco, Silicon Valley, Beijing, Brussels, London, Seoul, and Shanghai.  Except as otherwise provided herein, the facts set forth in this declaration are based upon my personal knowledge.  I am competent to testify to these facts.

2.  I make this declaration in support of (i) the Amended Omnibus Application Of Individual Committee Members for Payment of Fees and Reimbursement of Expenses (the "**Amended Application**") and (ii) the Supplemental Application of Wilmington Trust Company, as Co-Chair of the Committee and Indenture Trustee, for Payment of Fees and Reimbursement of Expenses (the "**Supplemental Application**").[1]

3.  Covington was retained by Wilmington Trust Company ("**Wilmington Trust**") to

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Amended Application or the Supplemental Application, as applicable.  As set forth in the Amended Omnibus Application, Wilmington Trust reserves its right to appeal the District Court Decision following the conclusion of this Court's proceedings on remand.

represent and advise Wilmington Trust in connection with its role as indenture trustee for the senior unsecured notes issued by Lehman Brothers Holdings Inc. and as Co-Chair of the Official Committee of Unsecured Creditors (the "**Committee**") of Lehman Brothers Holdings Inc., et al (collectively, the "**Debtors**").

4.  Under the terms of the Fee Order, Wilmington Trust was paid $8,081,813.56 (the "**Original Fee Award**") as reimbursement of its expenses with respect to legal services rendered by Covington in connection with the Chapter 11 Cases through the Effective Date of the Plan.[2] As reflected in the Covington time records previously submitted to the Debtors and attached to the Original Application, the work performed by Covington was on behalf of Wilmington Trust in its capacity both as indenture trustee and as a member and Co-Chair of the Committee.

5.  The Fee Order authorized the payment of the Original Fee Award under Bankruptcy Code §§ 1123(b)(6) and 1129(a)(4) and pursuant to Section 6.7 of the Plan. As this Court is aware, the District Court reversed the Fee Order, and remanded the dispute to this Court for further factual findings regarding the qualification of the Original Fee Award (or any portion thereof) for payment as a substantial contribution award under Bankruptcy Code § 503(b).

6.  I submit this Declaration to describe the process by which Covington identified and segregated the fees and expenses for which Wilmington Trust is seeking reimbursement under the substantial contribution standards set forth in the Amended Application and the Supplemental Application.

7.  Wilmington Trust seeks payment of its fees and expenses as a substantial

---

[2] The Original Application only included fees and expenses incurred through December 31, 2011 because it was filed several months before the Effective Date of the Plan. The Fee Order entered by this Court, however, awarded fees and expenses incurred through March 6, 2012, the Effective Date of the Plan. In the Amended Application and the Supplemental Application, Wilmington Trust seeks payment of fees and expenses incurred through the Effective Date.

- 2 -

contribution award with respect to certain categories of services provided by Wilmington Trust (with Covington's assistance and advice), in such capacity and as identified below:

    a.    Co-Chair services;

    b.    Wilmington Trust's service on each of the following Subcommittees: (i) Derivatives Subcommittee, (ii) Private Equity Subcommittee, (iii) Loan Subcommittee, (iv) Bank Platform Subcommittee (collectively, "**Subcommittees**");

    c.    Wilmington Trust's service on the Structured Securities or EMTN Working Group;

    d.    The contributions made by Wilmington Trust with respect to formulation and negotiation of the consensual Plan;

    e.    Committee deliberations; and

    f.    Wilmington Trust's defense of third party discovery sought from it as a member of the Committee (subparagraphs a-f above, "**Substantial Contribution Categories**").

8. Covington's time records were generally maintained in accordance with its standard practices, but sometimes included time entries describing multiple activities. To identify and isolate the time records allocable to the Substantial Contribution Categories, Covington professionals extensively reviewed and evaluated each time entry for every Covington timekeeper working on this matter during the period September 17, 2008 through the Effective Date of the Plan. All time entries that did not fall within one of the Substantial Contribution Categories identified above have been excluded in the Amended Application. The excluded time entries include fees related to, among other things: (a) internal administrative matters; (b) preparation of Wilmington Trust's Proof of Claim; (c) attendance at court hearings; and (d) communications and correspondence with Senior Noteholders.

9. To the extent possible, Covington allocated each substantial contribution time entry to one of the Substantial Contribution Categories. The time entries do not always allow for

the fees incurred on a given day to be allocated precisely to only one of the Substantial Contribution Categories. In such cases, Covington made a good faith effort to allocate the time among the relevant Substantial Contribution Categories.

10. Time entries relating to services performed in Committee meetings and deliberations could not always be allocated with precision because of the multiple substantive topics identified in the time entries—some of which would relate to substantial contribution activities and some not—and the absence of specific contemporaneous internal time allocations for each topic. Much of the time spent in Committee meetings and deliberation was devoted to matters that fall within a Substantial Contribution Category, but some of the time was spent on more ordinary Committee activities for which Wilmington Trust is not seeking a substantial contribution award.

11. In recognition of the fact that Committee meetings covered both sorts of matters and the impracticability of precisely allocating the time associated with Committee meetings, Covington has reduced its fee request for time associated with Committee meetings by 30% in the Amended Application. Covington believes that this reduction represents a reasonable and fair method for allocating the fees associated with Committee meetings. Covington's fees that are allocated to services performed in connection with the Substantial Contribution Categories have been included at 100% in the Amended Application.

12. After Covington's exhaustive review and allocation of its time records as described above, the amount of Covington's fees and expenses for which Wilmington Trust seeks approval as a substantial contribution award is $4,582,739.51 which results in a reduction in the amount of $3,499,074.05, or approximately 43.3%, from the Original Fee Award.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 18, 2015, in New York, New York.

By: <i>/s/ Martin E. Beeler</i><br>Martin E. Beeler