# **EXHIBIT B-3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re ) | Chapter 11 Case No. |
| ) | 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., et al., ) |  |
| ) | Jointly Administered |
| Debtors. ) |  |
| ) |  |

**DECLARATION OF DAVID D'AMOUR IN SUPPORT OF AMENDED OMNIBUS APPLICATION OF CERTAIN INDIVIDUAL COMMITTEE MEMBERS FOR REIMBURSEMENT OF FEES AND EXPENSES**

David D'Amour declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1. I am an associate with the law firm of Sheppard, Mullin, Richter & Hampton LLP, counsel for The Bank of New York Mellon ("BNYM") in their capacity as a member of the Official Committee of Unsecured Creditors ("Committee") of Lehman Brothers Holdings, Inc., et. al. (collectively, the "Debtors"). I make this declaration in that capacity. Except as otherwise provided herein, the facts set forth in this declaration are based on my personal knowledge. I am competent to testify to these facts.

2. This declaration is submitted in support of the Omnibus Application of Individual Members of Official Committee of Unsecured Creditors and Indenture Trustees Pursuant to Section 1129(a)(4), Or Alternatively, Sections 503(b)(D)(3) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Reimbursement of Expenses filed herein on January 30, 2010, as Docket No. 24762 (the "Application"). This declaration is also in support of the Amended Omnibus Application of Certain Individual Committee Members for Reimbursement of Fees and Expenses, filed concurrently herewith ("Amended Application").

SMRH:224400019.2                                -1-

A.  **Background and Summary of this Declaration**

3.  BNYM was appointed to the Committee on September 17, 2008, and served continuously since that date as a member of the Committee. Since September 17, 2008, I have been involved while at Sheppard Mullin as one of the counsel for BNYM, representing them in their capacity as a member of the Committee. I am familiar with the Application. I am also familiar with the voluminous time and expense records of Sheppard Mullin and BNYM that were submitted to the Court in connection with the Application. Due to their voluminous nature, all time and expense records of the Individual Applicants were not filed with the Court. As set forth in the Application, all such records were delivered to the Court, the U. S. Trustee, the Debtors, and counsel for the Debtors.

4.  I am familiar with the Memorandum and Order of the Hon. Richard J. Sullivan dated March 31, 2014, in which he reversed a certain order of the Bankruptcy Court and remanded the Application to the Bankruptcy Court with certain instructions (the "Remand Order"). In the Remand Order Judge Sullivan remanded the matter to the Bankruptcy Court to determine whether the professional fees of the Individual Members of the Committee qualify for payment as a substantial contribution under Bankruptcy Code Section 503(b)(3)(D) and 503(b)(4). Judge Sullivan stated in the Remand Order that to the extent official committee members perform extraordinary work to benefit the estate, above and beyond normal committee duties, they may seek reimbursement for a substantial contribution.

5.  I submit this declaration to explain the portion of the Sheppard Mullin fees and expenses that we feel qualify as a substantial contribution under the Remand Order.

6.  I am familiar with the time records of Sheppard Mullin submitted to the Court in connection with this Application. I have also reviewed the time records of BNYM and

the declaration of John Guiliano filed concurrently herewith with respect to such BNYM time records ("Guiliano Supplemental Declaration"). In order to analyze what portion of the services are entitled to a substantial contribution it is necessary to break the time records into different categories before an analysis can be made as to what services constitute a substantial contribution. Being familiar with this matter, I broke down the time records of Sheppard Mullin so that such analysis could be conducted. I also reviewed the breakdown of the BNYM time records. As will be set forth in this declaration, both BNYM and Sheppard Mullin feel that only a portion of the fees and expenses of Sheppard Mullin and BNYM qualify for payment as a substantial contribution under the Remand Order.

7. As will be explained in this declaration and the Guiliano Supplemental Declaration, BNYM and Sheppard Mullin suggest that only 72.9% of their combined approved fees and expenses qualify as a substantial contribution under the Remand Order. As explained in such declarations, BNYM and Sheppard Mullin seek an order that they are entitled between them to retain as a substantial contribution a total of $3,341,929.70 out of the $4,580,284.31 that was paid to Sheppard Mullin and BNYM under Judge Peck's order.

**B.    Reservation of Rights**

8. It is the position of BNYM that it is entitled to have its fees and expenses allowed under Bankruptcy Code Section 1129(a)(4) and Section 6.7 of the Plan as long as such fees and expenses are "reasonable." However, BNYM has filed the Amended Application in order to comply with the requirements of the Remand Order. As set forth in the Amended Application, BNYM reserves its right to appeal the Remand Order and the decision of Judge Sullivan following the conclusion of this Court's proceedings on this remand. In addition, BNYM is filing its "Supplemental Motion of Bank of New York Mellon for Allowance of

General Unsecured Claim and Deemed Distribution on Unsecured Claim". ("Supplemental Motion"). In the Supplemental Motion BNYM seeks an order that those portions of its fees and expenses that do not qualify as a substantial contribution are entitled to recovery as an unsecured claim. All rights are reserved with respect to the relief requested in that Supplemental Motion.

**C.     Sheppard Mullin's Time Records and Breakdown of Portions of Sheppard Mullin's Time and Expenses that Qualify for Payment as a Substantial Contribution**

9.     In the original Application the Applicants sought approval of their fees and expenses incurred under the provisions of paragraph 6.7 of the Plan. Such provision was defined in the original Application as the "Fee Payment Provision." As set forth in the original Application, Applicants felt that their fees and expenses in the total sum of approximately $26 million were reasonable and should be approved under the Fee Payment Provision and the provisions of Section 1129(a)(4) of the Bankruptcy Code.

10.     As part of the original Application BNYM sought compensation under the Fee Payment Provision for the reasonable fees and expenses of its counsel, Sheppard Mullin. We recognize that on this remand under the Remand Order we are only entitled to recover fees and expenses for the portion of the fees and expenses of Sheppard Mullin that can be proven to be a substantial contribution under the Remand Order. Following is a chart that sets forth the amount of Sheppard Mullin's fees and expenses allowed by Judge Peck as reasonable compensation under the Fee Payment Provision, and the portion of the Sheppard Mullin fees and expenses that are justified to be awarded as a substantial contribution under the Remand Order. In calculating the portion of the Sheppard Mullin fees and expenses that are entitled to a substantial contribution payment, I have relied in part on the testimony in the Guiliano Supplemental Declaration. BNYM and Sheppard Mullin agree to accept reduced amounts under the Remand Order as a substantial contribution.

SMRH:224400019.2                                          -4-

# SHEPPARD MULLIN FEES AND EXPENSES

**Sheppard Mullin Fees & Expenses Approved as Reasonable Under Fee Payment Provision**

| | | | |
|---|---|---|---|
| (a) | Fees | | $4,054,024.45 |
| (b) | Expenses | | $ 35,519.86 |
| | **Total Approved:** | | **$4,089,544.31** |

**Portion of Sheppard Mullin Fees and Expenses Entitled to Substantial Contribution Recovery**

| | | |
|---|---|---|
| (a) | Time for Derivatives Subcommittee | $ 1,411,816.83 |
| (b) | Time for Private Equity Subcommittee | $ 316,862.50 |
| (c) | Time - Committee | $ 1,258,972.40 |
| (d) | Time-Indenture Trustee Work | $0 |
| (e) | Time-Mistaken Entries | $0 |
| (f) | Expenses | $26,177.50 |

| | |
|---|---|
| **Total Fees Substantial Contribution** | $2,987,652.24 |
| **Total Expenses Substantial Contribution** | **$ 26,177.50** |

      11.    The Sheppard Mullin Invoices submitted in connection with the Application totaled $4,089,544.31 for fees and expenses. The fees sought to be approved as reasonable were $4,054,024.45, and expenses sought were $35,519.86. The total of $4,089,544.31 sought by Sheppard Mullin was approved by Judge Peck as reasonable under the Fee Payment Provision and paid.

      12.    In connection with the Amended Application I have prepared a detailed breakdown of Sheppard Mullin's time records, breaking down all of our fees totaling $4,054,024 into different categories. ("Sheppard Mullin Fee Breakdown") I understand that the Sheppard

Mullin Fee Breakdown will be made available to the court and the U.S. Trustee. Following is a summary of the billing categories that were adopted in the Sheppard Mullin Fee Breakdown, together with the dollars that were billed in each respective category.

Category 1. <u>Derivatives Subcommittee Time</u>: Time preparing for the Derivatives Subcommittee meetings and participating in such meetings. [$506,307.40]

Category 2. <u>Private Equity Subcommittee Time</u>: Time preparing for the Private Equity Subcommittee meetings and participating with me in such meetings. [$113,633.60]

Category 3. <u>Unsecured Creditors Committee Time</u>: Time preparing for the Committee meeting and participating in such meetings. [$644,991.90]

Category 4. <u>Miscellaneous Time</u>: Time related to preparation for Committee or Subcommittee meetings. [$2,262,279.15]

Category 5. <u>Mistaken Time Entries</u>: In analyzing the invoices for this declaration and the Amended Application we discovered that Sheppard Mullin erroneously charged time to Committee Matters. Sheppard Mullin represented BNYM on other matters related to the Lehman bankruptcy case and these charges should have been included on other invoices to BNYM unrelated to the Lehman Committee. Sheppard Mullin will reimburse Lehman for these mistaken billings. [$135,227]

Category 6. <u>Indenture Trustee Time</u>: Time that Sheppard Mullin spent advising BNYM about Indenture Trustee matters, including filing claims, responding to questions of noteholders, preparing notices to noteholders, etc. [$391,585.40]

13. Sheppard Mullin allocated the "Miscellaneous Time" category 4 on a pro rata basis to Categories 1, 2, and 3 since such time was spent on the Derivatives Subcommittee (category 1), Private Equity Committee (category 2) and Committee (category 3) matters respectively. After such allocation, following is dollar amounts in each category:

a. Derivatives Subcommittee time: $1,411,816.83.

b. Private Equity Subcommittee time: $316,862.50.

c. Unsecured Creditors Committee time: $1,798,532.71.

d. Indenture Trustee time: $391,585.40.

e. Mistaken Time Entries: $135,227.

14. Except for the Mistaken Time Entries, all of the time spent on the above matters by Sheppard Mullin benefited creditors of the estate. However, I recognize that not all of that time will qualify as a substantial contribution claim under the Remand Order. As testified to in the Guiliano Supplemental Declaration all of the time for service on Derivatives Subcommittee and Private Equity Subcommittee work is a substantial contribution well beyond normal committee matters. Consistent with the testimony in the Guiliano Supplemental Declaration Sheppard Mullin will discount that Unsecured Creditors Committee time by 30%. Hence, the total substantial contribution claim for Unsecured Creditors Committee Time should be $1,258,972.40. When added to the time for the Derivatives Subcommittee and Private Equity

Subcommittee time, the total substantial contribution time for Sheppard Mullin's time should be $2,987,652.24.

15.    The Indenture Trustee Time is a valid claim against the estate, and Sheppard Mullin benefited creditors of the estate, however, BNYM will not seek a substantial contribution claim for any of the Indenture Trustee work.

16.    I therefore feel that of the total of $4,054,024.45 of Sheppard Mullin's fees approved by Judge Peck and paid, a substantial contribution of $2,987,652.24 should be retained.

17.    It is difficult to attribute the third party expenses of Sheppard Mullin in the amount of $35,519.86 between the "substantial contribution" time and the other time. Since the substantial contribution time sought by Sheppard Mullin amounts to 73.7% of the court approved fees, BNYM seeks only 73.7% of those expenses, or $26,177.50.

**D.    Relief Sought**

18.    BNYM therefore seeks an order that it is entitled to retain a total of $3,341,929.70 as a substantial contribution claim out of the $4,580,284.31 that was paid to Sheppard Mullin and BNYM. This consists of the total of the following: (a) $328,100 as a substantial contribution by BNYM which is explained in the Guiliano declaration; (b) $2,987,652.24 for Sheppard Mullin's fees that constituted a substantial contribution; and (c) $26,177.50 for a portion of the expenses of Sheppard Mullin related to its substantial contribution.

19. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of December, 2015.

_____
David D'Amour