# **EXHIBIT B-6**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                                                  :

In re:                                                           :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,   :         08-13555 (SCC)

                     Debtors.                   :         (Jointly Administered)

------------------------------------------------------------- x

**DECLARATION OF JEANNE P. DARCEY IN SUPPORT OF
AMENDED OMNIBUS APPLICATION OF CERTAIN INDIVIDUAL COMMITTEE
MEMBERS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

Jeanne P. Darcey declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am a partner in the law firm of Sullivan & Worcester, LLP (S&W), with a business address at One Post Office Square, Boston, Massachusetts. I am making this declaration in support of the *Amended Omnibus Application Of Certain Individual Committee Members For Payment Of Fees and Reimbursement Of Expenses* (the "Amended Application") as it relates to the fees and expenses incurred by S&W's client, U.S. Bank National Association ("U.S. Bank"). Except as otherwise provided herein, the facts set forth in this declaration are based upon my personal knowledge and I am competent to testify to these facts. As to facts based on information and belief, I believe them to be true.

2.    U.S. Bank was asked to serve as a member of the Official Committee (the "Committee") of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. (collectively, the "Debtors") in early 2010, after the resignation from the Committee of two previously-appointed members. At that time, U.S. Bank retained Richard Hiersteiner and me when we were partners at the law firm then known as Edwards Angell Palmer & Dodge LLP ("EAPD") to assist it with

{B1957193; 3}

its duties as a member of the Committee. In March, 2010, Richard Hiersteiner and I changed law firms and moved to S&W, and continued the representation of U.S. Bank in connection with its services as a member of the Committee.

**Nature of U.S. Bank's Claims**

3. U.S. Bank serves in various trust capacities in hundreds of collateralized loan obligation issues, collateral debt obligation issues and other transactions involving one or more of the Debtors or their affiliates and, as such, holds claims against one or more of the Debtors in the tens of billions of dollars in the aggregate, including claims against LBSF, LBT, or non-debtor trusts, guarantied by LBHI. In addition, U.S. Bank serves as successor to Chemical Bank, as indenture trustee, for (i) the 5.707% Remarketable Junior Subordinated Debentures due 2043, issued pursuant to the Eleventh Supplemental Indenture, dated as of May 17, 2007, in the original outstanding principal amount of $1,000,000,000; and (ii) the Floating Rate Remarketable Junior Subordinated Debentures due 2043, issued pursuant to the Twelfth Supplemental Indenture, dated as of May 17, 2007, in the original outstanding principal amount of $475,000,000. Each of the 5.707% and the Floating Rate Remarketable Junior Subordinated Debentures were issued in connection with LBHI's Mandatory Capital Advantaged Preferred Securities program (collectively, the "MCAPS Bonds").

**U.S. Bank's Original Application**

4. In the Original Application, U.S. Bank sought reimbursement for fees and expenses incurred in connection with its role as Indenture Trustee for the MCAPS Bonds or as a member of the Committee, in accordance with a provision of the Debtors' confirmed chapter 11 plan (the "Plan"). The Original Application covered fees and expenses incurred from February,

{B1957193; 3}

2010 through December 31, 2011. The fees and expenses incurred by U.S. Bank and its counsel and paid pursuant to the Plan were as follows:

    A.    **Trust Administration**:

| | |
|---|---|
| Annual Administration Fees: | $ 54,000.00 |
| Counsel Fees: | $ 58,449.56 |
| Total: | $112,449.56 |

    B.    **Committee Member Fees**:

| | |
|---|---|
| U.S. Bank: | $1,051,412.50 |
| Counsel Fees: | $1,817,165.00 |
| Counsel Expenses: | $    15,649.72 |
| Total: | $2,884,227.22 |

**Total (A + B):**      **$2,996,676.78**

**Other Pre-Effective Date Fees and Expenses**

5.   After the Original Application was filed, U.S. Bank incurred additional fees that fall within the purview of the Plan provision, as incurred post-Original Application, but pre-Effective Date (the "Stub Period Fees"). Because the Stub Period Fees were not previously filed, they are included in the Amended Application as follows:

| | |
|---|---|
| U.S. Bank: | $   50,231.25 |
| Counsel Fees: | $ 101,315.00 |
| Total: | $ 151,546.25 |

6.   The Debtors paid the full amount of the fees set forth in the Original Application and the Stub Period Fees in accordance with the decision of this Court, per Peck, J., and embodied in an Order dated May 31, 2013 approving payment (the "Fee Order"). For purposes of the Amended Application the total amount of fees paid to U.S. Bank under the Fee Order relating to the Original Application and the Stub Period is $3,148,223.03.

{B1957193;3}

**U.S. Bank's Amended Application**

7. Although the fees and expenses of U.S. Bank and its counsel set forth in the Original Application were approved by Judge Peck in accord with the confirmed Plan, and not objected to by any creditor in the case, the Fee Order was appealed by the Office of the United States Trustee. On appeal, the United States District Court reversed the Fee Order as to payment of such fees under the Plan provision and remanded the matter to this Court for a determination as to whether the fees and expenses of U.S. Bank satisfy a "substantial contribution" standard (the "SC Standard"), independent of the Plan provision (the "District court Decision").

8. The Amended Application seeks reimbursement of fees and expenses under the SC Standard for the period from February, 2010, through February, 2012. U.S. Bank now seeks reimbursement only for such fees and expenses that, in U.S. Bank's view, would satisfy the SC Standard. As set forth in the Amended Application, however, U.S. Bank maintains that it is entitled to reimbursement of all of its fees and expenses pursuant to the Plan, and reserves its right to appeal the District Court Decision regarding the Original Application, following the conclusion of this Court's proceedings on remand.

9. In order to determine whether the fees and expenses of U.S. Bank satisfy the SC Standard, I undertook a review of all of the invoices submitted by counsel to U.S. Bank as well as the invoices prepared by U.S. Bank. Such review included an exhaustive review of the descriptions of work set forth in the time entries set forth on such invoices (collectively, the "Invoices").

{B1957193; 3}

**Description of Fees and Expenses Sought in Amended Application**

10. <u>Trust Administration</u>. As an initial matter, and for purposes of the Amended Application only, U.S. Bank is not seeking reimbursement of fees and expenses for Trust Administration, in the amount of $112,449.56.

11. <u>Fee Application</u>. In addition, U.S. Bank is not seeking any pre-Effective Date fees and expenses incurred in connection with the preparation of the Original Application. Such fees and expenses are, in the aggregate, $36,164.75

12. <u>Third-Party Litigation</u>. U.S. Bank was served with no fewer than four document subpoenas and one witness subpoena (and the Committee itself received other subpoenas) in connection with litigation brought by the Debtors in which the Committee joined (the "<u>Third-Party Litigation</u>"). Defense of the Third-Party Litigation was necessary to preserve potentially valuable rights and claims of the Debtors against others. The fees and expenses incurred for services in defending U.S. Bank in Third-Party Litigation, in the aggregate amount of $482,402.50, have been included in the Amended Application in their entirety.

13. <u>Subcommittees</u>. U.S. Bank sat as a member of each of the Subcommittees created by the Committee (other than the Fee Committee) in order to effectively and efficiently manage and liquidate the assets of the Debtors. A description of each of the Subcommittees is set forth in the Amended Application and is incorporated herein by reference. U.S. Bank and its counsel, including both EAPD and S&W, maintained detailed, contemporaneous records of their time spent in connection with their work on each of the Subcommittees in these cases. In reviewing the Invoices for purposes of the Amended Application, I undertook a good faith effort to allocate time entries to each of the Subcommittees where appropriate to do so. U.S. Bank has reviewed those allocations and maintains that the amount of fees and expenses devoted to each of the

{B1957193; 3}

Subcommittees, in the aggregate amount of $1,746,151.75, is compensable in full and satisfies the SC Standard.

14. <u>General</u>. Finally, it was necessary to create a "general category" for certain of the fees and expenses incurred. The general category is made up of three components. First, to the extent I was unable to allocate time entries to a particular Subcommittee, such time entries were moved into a general category. Second, the general category includes fees and expenses incurred in connection with Lehman Asset Management Company ("<u>LAMCO</u>"), General Litigation and general Committee meetings where many topics may have been covered, or meetings in which the members of the Committee may have been provided updates by Committee Counsel. Third, to the extent the amount of fees and expenses for certain Subcommittees were *de minimis* in relation to the extensive work done on behalf of the major asset classes and development of the Plan, such amounts were placed in the general category.

15. Although U.S. Bank maintains that the time and expenses incurred in connection with services allocated to the general category were, in fact, necessary in order to understand the asset classes and make informed decisions as to how to best monetize the assets in each class, we determined that some discount to a general category would be necessary in order to eliminate time devoted to general updates or otherwise ordinary Committee duties. Accordingly, U.S. Bank determined that an appropriate discount to fees and expenses allocated to a general category, in the aggregate amount of $775,404.75, is 30%. U.S. Bank therefore requests approval of reimbursement for such category in the amount of $528,783.33.

16. Upon allocation to the various categories, the fees and expenses for which U.S. Bank seeks reimbursement under the SC Standard are as follows:

{B1957193; 3}

| | | |
|---|---|---|
| a. | Trust Administration: | $ 0.00 |
| b. | Fee Preparation and Review: | $ 0.00 |
| c. | Subcommittees: | $1,746,151.75 |
| d. | Third-Party Litigation: | $ 482,402.50 |
| e. | General: ($755,404.75 - 30%): | $ 528,783.33 |
| f. | Out of Pocket Disbursements: | $ 15,649.72 |
| TOTAL: | | $2,772,987.30 |

17. As a result of all of the foregoing, after eliminating the fees and expenses for Trust Administration in full ($112,449.56), eliminating the fees and expenses for Fee Preparation and Review in full ($36,164.75) and reducing the General Category by 30% ($226,621.42), it is the position of U.S. Bank that it is entitled to fees and expenses as a substantial contribution, meeting the SC standard, in the amount of $2,772,987.30.

18. Accordingly, based on the extraordinary work performed by U.S. Bank in these cases, the Amended Application reduces the Original Application (inclusive of the Stub Period Fees) by $375,235.73.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of December, 2015.

_____
Jeanne P. Darcey

{B1957193; 3}