# **EXHIBIT B-7**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                      :

In re:                                                    :          Chapter 11 Case No.
                                                      :

LEHMAN BROTHERS HOLDINGS INC., et al.,   :          08-13555 (SCC)
                                                       :

                        Debtors.                 :          (Jointly Administered)
                                                       :
---------------------------------------------------------------- x

**DECLARATION OF JAMES H. BYRNES IN SUPPORT OF**
**AMENDED OMNIBUS APPLICATION OF CERTAIN INDIVIDUAL COMMITTEE**
**MEMBERS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

JAMES H. BYRNES declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed as a Vice President in the Corporate Trust Services Division of U.S. Bank National Association ("U.S. Bank"), with a business address at One Federal Street, Boston, Massachusetts. I am making this declaration in support of the *Amended Omnibus Application Of Certain Individual Committee Members For Payment Of Fees and Reimbursement Of Expenses* (the "Amended Application") as it relates to the fees and expenses incurred by U.S. Bank. Except as otherwise provided herein, the facts set forth in this declaration are based upon my personal knowledge and I am competent to testify to these facts. As to facts based on information and belief, I believe them to be true.

2. U.S. Bank was asked to serve as a member of the Official Committee (the "Committee") of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. (collectively, the "Debtors") in early 2010, after the resignation from the Committee of two previously-appointed members. The work-load of the Committee was so extensive that almost immediately I was asked to assist in the work of the Committee on behalf of U.S. Bank.

{B1960261; 1}

3. U.S. Bank previously filed a declaration (the "Initial Declaration") in support of the Omnibus Application Pursuant To Sections 1129(A)(4), Or, Alternatively, Sections 503(B)(D)(3) And 503(B)(4) Of Bankruptcy Code For Payment Of Fees and Reimbursement Of Expenses (the "Original Application"), [Docket No 24762].[1]

4. In the Original Application, U.S. Bank sought reimbursement for fees and expenses incurred solely in connection with its role as Indenture Trustee for the MCAPS Bonds or as a member of the Committee, in accordance with a provision of the Debtors' confirmed chapter 11 plan (the "Plan"). The amount of the fees and expenses requested in the Original Application (and ultimately paid by the Debtors pursuant to an Order, dated as of May 31, 2012, the "Fee Order") was, in the aggregate, $2,996.676.68. In addition, pursuant to the Fee Order, the Debtors paid U.S. Bank the amount of $151,546.25, for fees and expenses incurred after the filing of the Original Application and prior to the Effective Date of the Plan (the "Stub Period Fees"). For purposes of the Amended Application the total amount of fees paid to U.S. Bank under the Fee Order is $3,148,223.03.

5. Although the fees and expenses of U.S. Bank and its counsel set forth in the Original Application were approved by Judge Peck in accordance with the confirmed Plan, and not objected to by any creditor in the case, it is my understanding that U.S. Bank must again seek reimbursement of such fees and expenses under a "substantial contribution" standard (the "SC Standard"), independent of the Plan provision. The Amended Application seeks reimbursement of fees and expenses under the SC Standard.

---

[1] The Initial Declaration summarized (i) the nature of U.S. Bank's claims against the Debtors; (ii) its status as trustee for a variety of transactions involving Lehman Brothers Holdings, Inc. ("LBHI") or one of its Debtor or non-Debtor affiliates, including as indenture trustee for more than $2 billion in MCAPS Bonds (as defined herein) issued or guaranteed by LBHI ; (iii) the length of its service on the Committee; (iv) its subcommittee appointments; (v) the identity and qualifications of its individual counsel; (vi) the general scope of services provided by its individual counsel; and (vii) generally the contributions made by U.S. Bank as a member of the Committee, with the assistance of its counsel.

{B1960261; 1}

6. U.S. Bank has reviewed its Original Application and, as set forth in the Amended Application, now seeks reimbursement only for such fees and expenses that, in U.S. Bank's view, would satisfy the SC Standard. As also set forth in the Amended Application, U.S. Bank reserves its right to appeal the District Court Decision regarding the Original Application, following the conclusion of this Court's proceedings on remand.

7. U.S. Bank submits the Amended Application to seek approval under Sections 503(b)(3)(D), 503(b)(4) and 503(b)(5) of the Bankruptcy Code for reimbursement of U.S. Bank's fees and expenses incurred in connection with the substantial contribution U.S. Bank made to the Chapter 11 Cases, in its capacity as a Committee Member, from the date that U.S. Bank was appointed to the Committee through the Effective Date of the Plan for a total award of $2,772,987.30.

8. As more fully discussed in the Declaration of Jeanne P. Darcey in Support of the Amended Omnibus Application of Certain Individual Committee Members for Payment of Fees and Reimbursement of Expenses (the "Darcey Declaration"), this renewed request, based on extraordinary work performed by U.S. Bank in these cases, reduces the Original Application request (inclusive of the Stub Period Fees) by $375,235.73.

9. I have read the Darcey Declaration and agree that the fees and expenses stated therein accurately reflect the fees and expenses incurred in making a substantial contribution in these Chapter 11 Cases.

{B1960261; 1}

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of December, 2015

_____
James H. Byrnes