# **EXHIBIT B-8**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

**DECLARATION OF DAVID L. DUBROW IN SUPPORT OF THE AMENDED OMNIBUS APPLICATION OF CERTAIN INDIVIDUAL COMMITTEE MEMBERS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

I, David L. Dubrow, declare under penalty of perjury:

1. I am a partner at Arent Fox LLP ("Arent Fox"), a law firm which employs approximately 400 attorneys and maintains an office for the practice of law at 1675 Broadway, New York, NY 10019 as well as offices in Washington, DC, Los Angeles, CA, San Francisco, CA, and St. Louis, MO.

2. Arent Fox was retained by The Vanguard Group Inc. ("Vanguard"), in connection with its position as a member of the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc., et al (collectively, the "Debtors").

3. I make this declaration in support of the Amended Omnibus Application Of Individual Committee Members for Payment of Fees and Reimbursement of Expenses (the "Amended Application") .[1]

4. On January 30, 2012, Vanguard, along with other current and former Committee Members, filed the Original Application [Docket No. 24762], which sought payment of Vanguard's fees and expenses in the amount of $1,367,455.67 under Section 6.7 of the Plan, as

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Amended Application. As set forth in the Amended Application, Vanguard reserves its right to appeal the District Court Decision of Judge Sullivan following the conclusion of this Court's proceedings on remand.

authorized by Section 1123(b)(6) and 1129(a)(4) of the Bankruptcy Coe, or, alternatively, as substantial contribution awards under Sections 503(b)(3)(D) and (4) of the Bankruptcy Code. The fees and expenses sought in the Original Application only included the fees and expenses incurred by Arent Fox in its representation of Vanguard in its capacity as a Committee Member and did not include time spent in preparing proofs of claim or other services provided to Vanguard in its capacity as a creditor of the Debtors' estates.

5.     The Court concluded that the voluntary reimbursement of the fees pursuant to a provision in the Plan was not inconsistent with Section 503(b) of the Bankruptcy Code, and in any case, was governed by Sections 1123(b)(6) and 1129(a)(4). Accordingly, the Court approved the Original Application by order dated May 31, 2013 [Docket No. 37674] (the "<u>Approval Order</u>").

6.     In accordance with the terms of the Approval Order, Vanguard was paid $1,367,455.67 in reimbursement for payments made by Vanguard to Arent Fox relating to services rendered in connection with Committee activities through the Effective Date of the Plan, as reflected in the time records previously submitted to the Debtors and annexed to the Original Application.[2]

7.     As set forth in the Amended Application, Vanguard maintains its position that the fees and expenses approved in the Approval Order should be affirmed by the Second Circuit Court of Appeals as permissible consensual "plan payments" under Sections 1123(b)(6) and

---

[2] The Original Application was submitted several months before the Effective Date of the Plan occurred. The exhibits to the Original Application provided backup for fees and expenses paid by Vanguard through the end of 2011. The Approval Order permitted, among other things, the payment by the Debtors of additional fees and expenses that relate to the period between January 1, 2012 and the Effective Date upon the submission by Vanguard to the Debtors of a request, including appropriate backup. The relevant period for fees and expenses sought by Vanguard in the Amended Application covers the entire period of Vanguard's service on the Committee, through the Effective Date, and thus goes beyond the period detailed specifically in the Original Application and its exhibits.

1129(a)(4) of the Bankruptcy Code. The allocations discussed herein are solely in support of Vanguard's alternative position, for the purposes of this proceeding on remand, that a substantial portion of Vanguard's fees and expenses should be reimbursed by the Debtors as a result of Vanguard's membership on the Committee and its substantial contribution to the Chapter 11 Cases.

8. Consistent with the position set forth in the Amended Application, Arent Fox has reviewed the fees and expenses incurred in its representation of Vanguard as a member of the Committee to determine which of the services performed by Arent Fox's professionals correspond to the District Court's interpretation of the substantial contribution standard, which governs this Court's review on remand. In connection with such review,

9. At my direction and under my supervision, Arent Fox professionals reviewed and evaluated each of Arent Fox's time entries for the period October 1, 2008 through the Effective Date of the Plan, and allocated each of the entries into categories. To the extent possible, Arent Fox professionals allocated Arent Fox's fees and expenses (i) to the work of the various Subcommittees on which Vanguard served, including the Plan Subcommittee, (ii) for services rendered in defending Vanguard in certain litigation commenced against the Committee Members in their capacity as Committee Members, and (iii) for the work performed on matters relating to general meetings and business of the Committee.

10. Arent Fox's time records were maintained in accordance with its standard time entry convention which could include entries describing multiple activities and hence the diary entries do not always enable one to easily break out the services performed on a given day among the above-described categories. In such cases a good faith effort was made to apportion the time among the relevant categories and where that was not possible either (i) the entire time

entry was allocated to general meetings of the Committee, or (ii) time was split evenly between Subcommittee work and general Committee meetings.

11. Time associated with services performed in connection with general meetings of the Committee, presents a special difficulty for the allocation effort. Much of that time was devoted to matters, such as the plan of reorganization or the matters reviewed in the first instance by one of the Subcommittees, that would be considered Subcommittee work had it occurred in a clearly identified special meeting of the Committee. But some of the time was devoted to more ordinary Committee activities that might not satisfy the substantial contribution standard. Arent Fox has not been able to precisely allocate the time associated with general Committee meetings. Accordingly, in recognition of the fact that general Committee meetings covered both sorts of matters, and based upon my good faith best recollections of meetings that took place years ago, Arent Fox has applied a general multiplier of 70% to time associated with general Committee meetings for the purposes of these proceedings on remand.

12. Time allocated to services performed in connection with the various Subcommittees and in defending Vanguard in third-party litigation has been included in the Amended Application in its entirety.

13. Time falling outside of the three project categories described in Paragraph 9 have not been submitted for approval as substantial contribution.

14. Accordingly, Vanguard submits for approval as a substantial contribution a total of $976,719.77 consisting of (a) $955,498.60 in fees paid to Arent Fox for professional services rendered to Vanguard from the date that Vanguard was appointed to the Committee through the Effective Date, and (b) $21,122.17 in expenses incurred by Arent Fox in connection with such services. This renewed request, based on the extraordinary work performed by Vanguard in the

Pg 6 of 6

Chapter 11 Cases, reduces the Original Application by over $369,514.73.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

    Executed on December 18, 2015, in New York, New York.

                                                    By:    */s/ David L. Dubrow*
                                                                   David L. Dubrow