# **<u>EXHIBIT D</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                :
In re                                           : Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        : 08-13555 (JMP)
                                                :
            Debtors.                            : (Jointly Administered)
                                                :
------------------------------------------------------------------x

**ORDER GRANTING OMNIBUS APPLICATION OF (I) INDIVIDUAL
MEMBERS OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND (II) INDENTURE TRUSTEES PURSUANT TO
SECTION 1129(a)(4), OR, ALTERNATIVELY, SECTIONS
503(b)(3)(D) AND 503(b)(4) OF BANKRUPTCY CODE FOR
PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the omnibus application, dated January 30, 2012, and amended on February 1, 2012 (the "Omnibus Application"),[1] of (i) the individual members of the Official Committee of Unsecured Creditors (the "Committee Members") and (ii) the indenture trustees (the "Indenture Trustees" and, together with the Committee Members, the "Applicants") pursuant to section 1129(a)(4), or, alternatively, sections 503(b)(3)(D) and 503(b)(4) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for the payment of fees and reimbursement of expenses incurred by them in the performance of their respective responsibilities as Committee Members and Indenture Trustees [ECF Nos. 24762 and 24881]; and the Court having jurisdiction to consider the Omnibus Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); and venue being proper before this Court in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Omnibus Application.

accordance with 28 U.S.C. §§ 1408 and 1409; and after due and proper notice of the Omnibus Application having been provided to (i) the Debtors, (ii) counsel to the Debtors, and (iii) the United States Trustee for Region 2 (the "U.S. Trustee") in accordance with the procedures set forth in the second amended order entered June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]; and upon the objection of the U.S. Trustee to the Omnibus Application (the "UST Objection") [ECF No. 25394]; and upon the response of the Applicants in further support of the Omnibus Application [ECF No. 32129]; and a hearing on the Omnibus Application having been held on December 19, 2012; and upon this Court's memorandum decision, dated February 15, 2013, granting the Omnibus Application and directing the Applicants and the U.S. Trustee to meet and confer regarding the reasonableness of the fees and expenses requested in the Omnibus Application (the "Memorandum Decision") [ECF No. 34720]; and upon the U.S. Trustee having withdrawn the portion of the UST Objection objecting to the reasonableness of the fees and expenses sought in the Omnibus Application [ECF No. 35661]; and upon the U.S. Trustee having filed, on March 1, 2013, the Notice of Appeal of Memorandum Decision Granting Omnibus Application for Payment of Fees and Reimbursement of Expenses Claimed by Individual Members of Official Committee of Unsecured Creditors entered February 15, 2013 (the "U.S. Trustee Appeal") [ECF No. 35662]; and after due deliberation and for the reasons stated in the Memorandum Decision, it is hereby

ORDERED that the Omnibus Application is granted as provided herein; and it is further

ORDERED that pursuant to section 1129(a)(4) of the Bankruptcy Code and Section 6.7 of the Debtors' Modified Third Amended Chapter 11 Plan, dated December 5, 2011 (as amended, the "Plan"), the fees and expenses requested are allowed as administrative expense

claims in the amounts set forth in Schedule A hereto (collectively, the "Administrative Claim Amounts") representing fees and expenses incurred by the Applicants in their respective capacities as a Committee Member or Indenture Trustee from the Petition Date through and including December 31, 2011; and it is further

ORDERED that the Debtors are authorized and directed to pay the Applicants the Administrative Claim Amounts in full within thirty (30) days after the date of entry of this Order; and it is further

ORDERED that, as provided in the Plan, the Debtors are authorized to pay the Applicants, as administrative expense claims, the fees and expenses incurred in their respective capacities as a Committee Member or Indenture Trustee from December 31, 2011 through and including the effective date of the Plan (the "Effective Date") that are determined to be reasonable by the Debtors; and it is further

ORDERED that, in accordance with Section 6.7 of the Plan and subject to section 15.1 of the Plan, the Applicants may submit to the Debtors monthly fee statements for the payment of any reasonable fees and expenses incurred by the Applicants in their respective capacities as a Committee Member or Indenture Trustee after the Effective Date (the "Post-Effective Date Fees"); and it is further

ORDERED that the Debtors are authorized to pay to the Applicants the Post-Effective Date Fees that are determined to be reasonable by the Debtors without further order of the Court; and it is further

ORDERED that if this Order or the Memorandum Decision is reversed, vacated, or modified as to the payment of any fees or expenses as a result of the entry of a final order in any subsequent proceeding, then the Applicants shall refund and pay to the Debtors any amounts

paid to the Applicants under Section 6.7 of the Plan to the extent affected by any reversal, vacatur, or modification within five (5) business days from the date such order becomes a final order reversing, vacating, or modifying the Memorandum Decision or this Order; and it is further

ORDERED that this Order shall not constitute or result in any waiver of or affect in any way the respective rights of the U.S. Trustee or the Applicants in the U.S. Trustee Appeal or in any subsequent proceeding; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order, including any dispute over the reasonableness of fees or expenses incurred by an Applicant from and after December 31, 2011.

Dated: New York, New York  
      May 31, 2013

/s/ James M. Peck  
_____  
Honorable James M. Peck  
United States Bankruptcy Judge

# SCHEDULE A

**SUMMARY OF FEES AND EXPENSES IN CONNECTION WITH OMNIBUS APPLICATION OF (I) INDIVIDUAL MEMBERS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND (II) INDENTURE TRUSTEES PURSUANT TO SECTION 1129(a)(4), OR, ALTERNATIVELY, SECTIONS 503(b)(3)(D) AND 503(b)(4) OF BANKRUPTCY CODE FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

| Committee Member | Fees | Expenses | Total Fees and Expenses |
|---|---|---|---|
| Wilmington Trust Company | $2,569,577.50 | $696,949.14 | $3,266,526.64 |
| Wilmington Trust Company – Loeb & Loeb, LLP | $394,029.00 | $8,208.25 | $402,237.25 |
| Wilmington Trust Company – Covington & Burling | $7,788,744.00 | $68,759.56 | $7,857,503.56 |
| Wilmington Trust Company – Citibank | $96,000.00 | $0 | $96,000.00 |
| The Bank of NY Mellon – Administration Fee | $490,740.00 | $0 | $490,740.00 |
| The Bank of NY Mellon – Sheppard Mullin | $4,054,024.45 | $35,519.86 | $4,089,544.31 |
| Mizuho Corporate Bank, Ltd. – Stroock & Stroock & Lavan | $2,863,196.00 | $17,742.29 | $2,880,938.29 |
| The Vanguard Group –Arent Fox LLP | $1,346,234.50 | $21,221.17 | $1,367,455.67 |
| U.S. Bank National Association | $1,051,412.50 | $0 | $1,051,412.50 |
| U.S. Bank National Association – Shipman & Goodwin, LLP | $111,232.50 | $1,217.06 | $112,449.56 |
| U.S. Bank National Association – Edwards Angell Palmer & Dodge, LLP | $64,796.00 | $2,721.33 | $67,517.33 |
| U.S. Bank National Association – Sullivan Worcester, LLP | $1,752,369.00 | $12,928.39 | $1,765,297.39 |
| Elliott Management Corp – Greenberg Traurig, LLP | $1,308,655.60 | $53,841.86 | $1,362,497.46 |
| Elliot Management Corp – Kleinberg, Kaplan, Wolff & Cohen, P.C. | $1,142,094.00 | $11,425.69 | $1,153,519.69 |
| Shinsei Bank, Limited –Vinson & Elkins LLP | $71,460.00 | $1,614.06 | $73,074.06 |
| **Total** | $25,104,565.05 | $932,148.66 | $26,036,713.71 |