# **EXHIBIT B-2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (SCC)<br><br>(Jointly Administered) |

**DECLARATION OF PETER F. FINKEL IN SUPPORT OF (I) AMENDED OMNIBUS APPLICATION OF CERTAIN INDIVIDUAL COMMITTEE MEMBERS FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES AND (II) SUPPLEMENTAL APPLICATION OF WILMINGTON TRUST COMPANY FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

Peter F. Finkel declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am employed as a Vice President in the Global Capital Markets group of Wilmington Trust, N.A., an affiliate of Wilmington Trust Company ("**Wilmington Trust**"). Except as otherwise provided herein, the facts set forth in this declaration are based upon my personal knowledge. I am competent to testify to these facts.

2. I make this declaration in support of (i) the Amended Omnibus Application Of Individual Committee Members for Payment of Fees and Reimbursement of Expenses (the "**Amended Application**") and (ii) the Supplemental Application of Wilmington Trust Company, as Co-Chair of the Committee and Indenture Trustee, for Payment of Fees and Reimbursement of Expenses (the "**Supplemental Application**").[1]

3. During the Lehman Chapter 11 Cases, Wilmington Trust served (and continues to serve) as indenture trustee under the Indenture, dated as of September 1, 1987 (as amended,

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Amended Application or the Supplemental Application, as applicable. As set forth in the Amended Application, Wilmington Trust reserves its right to appeal the District Court Decision following the conclusion of this Court's proceedings on remand.

supplemented, or modified, the "**Senior Indenture**"), between Lehman Brothers Holdings Inc. and Wilmington Trust.[2] Wilmington Trust also served as Co-Chair of the Official Committee of Unsecured Creditors (the "**Committee**") of Lehman Brothers Holdings Inc., et al (collectively, the "**Debtors**") during the Chapter 11 Cases.

4. Under the terms of the Fee Order, Wilmington Trust was paid $3,339,405.64 (the "**Original Fee Award**") with respect to its internal fees and expenses (excluding the fees and expenses of its counsel) that had accrued during the Chapter 11 Cases through the Effective Date of the Plan as well as certain fees and expenses incurred by Citibank, N.A., in its capacity as predecessor indenture trustee and securities registrar in the amount of $96,000.[3] As reflected in the Wilmington Trust time records previously submitted to the Debtors and attached to the Original Application, the fees and expenses paid under the Original Fee Award related to services performed by Wilmington Trust in its capacities both as indenture trustee and as a member and Co-Chair of the Committee.

5. This Declaration describes the process that Wilmington Trust undertook to identify the portion of its total fees and expenses for which Wilmington Trust is seeking reimbursement solely under the substantial contribution standards set forth in the Amended Application and the Supplemental Application.

---

[2] Wilmington Trust succeeded to Citibank, N.A., as indenture trustee under the Indenture pursuant to Sections 610 and 611 of the Indenture and the Agreement of Resignation, Appointment and Acceptance, dated as of May 14, 2008, by and among LBHI, Wilmington Trust, as Successor Trustee, and Citibank, as Resigning Trustee.

[3] The Original Application only included fees and expenses incurred through December 31, 2011 because it was filed several months before the Effective Date of the Plan. The Fee Order entered by this Court, however, awarded fees and expenses incurred through March 6, 2012, the Effective Date of the Plan. In the Amended Application and the Supplemental Application, Wilmington Trust seeks payment of fees and expenses incurred through the Effective Date.

6. Wilmington Trust's time records were generally maintained in accordance with its standard practices; however, the time records were not prepared with the prospect of a substantial contribution application in mind. Many entries thus describe multiple activities and do not allow for the fees accrued on a given day to be allocated precisely to specific activities.

7. At my direction and under my supervision, Covington professionals reviewed and evaluated each time entry for each Wilmington Trust timekeeper for the period September 17, 2008 through the Effective Date of the Plan, to identify the fees and expenses that qualify for inclusion in Wilmington Trust's request for a substantial contribution award under the Amended Application and the Supplemental Application.

8. As a result of this review, Wilmington Trust eliminated time entries that include fees related to Wilmington Trust's internal administration, the filing and prosecution of the Proof of Claim, and communications and correspondence with the Senior Noteholders, among other things. The removal of these time entries results in a reduction of Wilmington Trust's requested substantial contribution fees and expenses in the amount of $53,635.75.

9. The remainder of Wilmington Trust's time entries included entries regarding multiple topics, some of which related to activities that provided a substantial contribution and others which did not. Because it was not able to precisely allocate the fees accrued under a single such time entry to specific activities, Wilmington Trust has applied a general reduction of 20% to all such entries. Wilmington Trust believes that the application of this percentage reduction is a reasonable and fair method for allocating its fees for purposes of the substantial contribution request under the Amended Application and Supplemental Application. The application of this percentage reduction results in the reduction of Wilmington Trust's requested substantial contribution fees and expenses in the amount of $517,764.15.

10. Wilmington Trust has identified expense invoices that do not relate to services for which a substantial contribution award is being sought and has eliminated these invoices from its substantial contribution request. The removal of these invoices results in a reduction of Wilmington Trust's requested substantial contribution fees and expenses in the amount of $618,267.04.

11. Wilmington Trust has not included the fees and expenses paid to Citibank under the Fee Order, totaling $96,000, in Wilmington Trust's substantial contribution request.

12. After application of the reductions described above, Wilmington Trust submits for approval as a substantial contribution as set forth in the Amended Application and the Supplemental Application its fees and expenses (excluding the fees and expenses of its counsel) in the amount of $2,149,738.70. This substantial contribution request represents a total reduction in the amount paid to Wilmington Trust under the Original Fee Award by $1,189,666.94, or approximately 36%.

13. I have reviewed the Declaration of Martin E. Beeler of Covington in support of the Amended Application and the Supplemental Application (the "**Beeler Declaration**"). I agree that the fees and expenses described in the Beeler Declaration are appropriately included in Wilmington Trust's request for a substantial contribution award.[4]

---

[4] Wilmington Trust was also required to retain Loeb & Loeb LLP as special counsel to represent it in connection with the discovery faced by Wilmington as a result of its serving as a member of the Committee. All of Loeb's fees relate to the services described in paragraph 7(f) of the Beeler Declaration and the full amount of Loeb's fees have been included in the Amended Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 17, 2015, in Minneapolis, Minnesota.

By: _____
Peter F. Finkel