# **EXHIBIT B-5**

Hearing Date:  TBD
Objection Deadline: TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
In re:                                                        :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,    :    08-13555 (SCC)
                                                              :
            Debtors.                                          :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**DECLARATION OF MATTHEW J. GOLD IN SUPPORT**
**OF AMENDED APPLICATION OF CERTAIN INDIVIDUAL**
**COMMITTEE MEMBERS FOR REIMBURSEMENT OF FEES AND EXPENSES**

MATTHEW J. GOLD declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.   I am a partner with the law firm Kleinberg Kaplan Wolff and Cohen, P.C., which serves as counsel to Elliott Management Corp. ("Elliott"), a former member of the Official Committee (the "Committee") of Unsecured Creditors of Lehman Brothers Holdings Inc., *et al*. (collectively, the "Debtors").  I represented Elliott during the period of time during which Elliott served on the Committee.  Except as otherwise provided herein, the facts set forth in this declaration are based upon my personal knowledge.  I am competent to testify to these facts.

2.   I make this declaration in support of the Amended Application of Certain Individual Committee Members For Reimbursement of Fees and Expenses (the "Amended Application").

3.   This declaration supplements the declaration of Didric Cederholm dated January 24, 2012, submitted by Elliott in support of the original application of individual committee

members (the "Application"), which declaration was attached as an exhibit thereto (docket no. 24762).[1]

4.   As set forth in the Amended Application, Elliott reserves its right to appeal the District Court Decision of Judge Sullivan following the conclusion of this Court's proceedings on remand.

### A.   Service on the Committee and Subcommittees

5.   Elliott serves as an investment adviser on behalf of certain client accounts that beneficially own securities or other claims or interests in the Lehman chapter 11 cases.

6.   Elliott was appointed to the Committee on February 9, 2010, and served for nearly three years, through January 25, 2013.

7.   Elliott served on (i) the Derivatives Subcommittee; (ii) the Real Estate Subcommittee; (iii) the Private Equity Subcommittee; (iv) the Loan Book Subcommittee; (v) the Tax Subcommittee; (vi) the Litigation Subcommittee; and the EMTN valuation working group (the EMTN valuation working group will be considered a subcommittee for the purposes of this Declaration).

### B.   Identity and Qualifications of Counsel

8.   In connection with its service on the Committee, Elliott retained two law firms – (i) Kleinberg, Kaplan, Wolff & Cohen, P.C. ("Kleinberg Kaplan"), as general counsel; and (ii) Greenberg Traurig, LLP ("Greenberg Traurig"), as special counsel with respect to selected matters.

---

[1] This declaration also discusses certain events that were discussed in greater depth in declarations filed previously in this litigation, including the declarations of Noel Purcell, dated November 12, 2012, and of Julie Becker, dated November 13, 2012, both exhibits to the Reply of (I) Individual Members of the Official Committee of Unsecured Creditors and (II) Indenture Trustees in Further Support of Omnibus Application Pursuant to Section 1129(a)(4), or Alternatively, Sections 503(b)(3)(D) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Reimbursement of Expenses, docket 32129.

2

MGOLD\297824.3 - 12/18/15

C. **Reimbursement of Fee and Expenses Requested in Proceedings on Remand**

9.     Following the approval of the Application by this Court (the "Approval Order") Elliott was paid approximately $2.55 million in reimbursement for payments made by Elliott to Kleinberg Kaplan and Greenberg Traurig relating to services rendered in connection with Committee activities through the Effective Date of the Lehman Plan, as reflected in the time records previously submitted to Lehman and annexed to the Application.[2]

10.    As set forth in the Amended Application, Elliott maintains its position that the Approval Order should be affirmed, and reserves its right to appeal the District Court's determination in that regard. The allocations below are solely in support of Elliott's alternative position, for the purposes of this proceeding on remand, that a portion of those fees and expenses should be affirmed as a substantial contribution.

11.    Consistent with the position set for in the Amended Application, I reviewed the time records of Elliott's counsel to determine which of the services performed by counsel correspond best to the District Court's interpretation of the substantial contribution standard, which governs this Court's review on remand. The activities of counsel were divided into three categories:

- Category 1 - matters that, consistent with the Amended Application, are categorized as providing a substantial contribution, including those associated with the formulation and negotiation of the Lehman plan of reorganization, those associated with Subcommittee activities, and those associated with defense of

---

[2]    The Application was submitted several months before the Effective Date occurred. The exhibits to the Application provided backup for fees and expenses paid by Elliott through the end of 2011. The Approval Order permitted, among other things, the payment by Lehman of additional fees and expenses that relate to the period between January 1, 2012 and the March 9, 2012 Effective Date upon the submission by Elliott to Lehman of a request, including appropriate backup. The relevant period for fees and expenses sought by Elliott herein covers the entire period of Elliott's service on the Committee through the Effective Date, and thus includes the nearly 10 week period beyond the period detailed specifically in the Application and its exhibits.

3

  third party subpoenas issued to Committee members,[3] but excluding those in Category 3.

- Category 2 - matters that Elliott will not put forward, for the purposes of this Declaration and the Amended Application, as providing a substantial contribution, including advice provided to Elliott regarding the scope of its fiduciary duties as a member of the Committee and fees associated with the litigation concerning the Application[4];

- Category 3 - matters relating to general meetings of the Committee, which are treated as set forth below.

12. In making these allocations, events with the same subject matter were grouped together. For example, a meeting of the Derivatives Subcommittee might be associated with a pre-meeting review of materials in preparation for the meeting and discussions with Elliott before, during or after the meeting, all of which would be included in Category 1.

13. As described generally above, Greenberg Traurig was retained for the specific purpose of dealing with issues relating to substantive consolidation and the plan of reorganization, so all of the Greenberg Traurig fees fall into Category 1. Kleinberg Kaplan's services covered all three categories, so Kleinberg Kaplan's fees have been allocated among them.

14. One issue that complicates the allocation of the Kleinberg Kaplan time is that the Kleinberg Kaplan time records were not maintained in anticipation of a substantial contribution application, and hence the diary entries do not contain sufficient detail to always enable one to break out the services performed on a given day among those three categories. In such cases I attempted to apportion the time among the relevant categories fairly and accurately.

---

[3] For the reasons set forth in the Amended Application, Elliott submits that the activities of most of the Subcommittees (including the EMTN Valuation Working Group) satisfy the substantial contribution standard. However, in the exercise of its discretion, and to be conservative, Elliott has placed professional time associated with the activities of the Tax Subcommittee into Category 2.

[4] As noted elsewhere, Elliott contends that these services fall within the fees approved in the Application Order, and reserves its right to seek approval of those fees on appeal.

4

15. Time associated with general meetings of the Committee, including the review of materials distributed in anticipation of those meetings, presents a special difficulty in allocation. Much of the time in those meetings was devoted to matters, such as the plan of reorganization or the matters reviewed in the first instance by one of the Subcommittees, that would be considered Category 1 (substantial contribution) had it occurred in a clearly identified special meeting of the Committee. But some of the time in those meetings was devoted to more ordinary Committee activities that might not satisfy the substantial contribution standard. I have not been able to rigorously allocate the time associated with general committee meetings. Accordingly, in recognition of the fact that general Committee meetings covered both sorts of matters, and based upon my good faith best recollections of meetings that took place years ago, Elliott has applied an across the board reduction of the fees associated with such meetings by applying a general multiplier of 70% to time associated with general Committee meetings for the purposes of these proceedings on remand.

16. Of the $2,541,408 received by Elliott, $1,308,655 relates to fees paid to Greenberg Traurig and $1,240,753 relates to fees paid to Kleinberg Kaplan, for professional services rendered to Elliott in connection with its service on the Committee. The Kleinberg Kaplan fees have been allocated as follows: $835,770 in Category 1, $167,735 in Category 2, and $237,248 in Category 3. Based on the across the board reduction described above, Elliott is reducing the amount sought as a substantial contribution for Category 3 by $71,174, in addition to reducing the amount sought as a substantial contribution by the $167,735 in Category 2, for a total reduction of $238,909.

17. Accordingly, Elliott submits for approval as a substantial contribution fees total in the amount of $2,310,498.

5

18.     In addition to the fees described above, Elliott's professionals were reimbursed for disbursements in the amounts of $3,841.86 (Greenberg Traurig) and $11,680.74 (Kleinberg Kaplan), which Elliott submits is appropriately included in its substantial contribution request.

19.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of December, 2015

>     /s/ Matthew J. Gold
>     Matthew J. Gold