Hearing Date: TBD
Objection Deadline: TBD

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br> Debtors. | Case No.  08-13555 (SCC) <br><br> Chapter 11 <br><br> (Jointly Administered) |

**NOTICE OF FILING OF SUPPLEMENTAL MOTION OF THE BANK OF
NEW YORK MELLON FOR ALLOWANCE OF GENERAL UNSECURED
CLAIM AND DEEMED DISTRIBUTION ON UNSECURED CLAIM**

PLEASE TAKE NOTICE that The Bank of New York Mellon, as indenture trustee for various notes issued by Lehman Brothers Holdings, Inc., has filed its *Supplemental Motion Of The Bank Of New York Mellon For Allowance Of General Unsecured Claim And Deemed Distribution On Unsecured Claim* ("**Supplemental Motion**").  Additional notice will be provided when the date and time for a hearing to consider the Supplemental Motion has been scheduled and a deadline for objections to the Supplemental Motion has been set.

| | |
|---|---|
| Dated:  San Francisco, CA <br>           December 18, 2015 | SHEPPARD MULLIN RICHTER & HAMPTON LLP <br><br> */s/ Michael H. Ahrens* <br> Michael H. Ahrens (*pro hac vice*) <br> Four Embarcadero Center, 17th Floor <br> San Francisco, CA 94111 <br> Tel.: (415) 434-9100 <br> Fax: (415) 434-3947 <br> Email: mahrens@sheppardmullin.com <br><br> - and - <br><br> Blanka K. Wolfe, Esq. <br> 30 Rockefeller Plaza <br> New York, NY 10112 <br> Tel.: (212) 653-8700 <br> Fax: (212) 653-8701 <br> Email: bwolfe@sheppardmullin.com <br><br> *Counsel to The Bank of New York Mellon* |

-1-

Michael H. Ahrens (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel.: (415) 434-9100
Fax: (415) 434-3947
Email: mahrens@sheppardmullin.com

- and -

Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
Email: bwolfe@sheppardmullin.com

*Counsel for The Bank of New York Mellon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Case No.   08-13555 (SCC)<br><br>Chapter 11<br><br>(Jointly Administered) |

### SUPPLEMENTAL MOTION OF THE BANK OF NEW YORK MELLON FOR ALLOWANCE OF GENERAL UNSECURED CLAIM AND DEEMED DISTRIBUTION ON UNSECURED CLAIM

The Bank of New York Mellon ("**BNY**"), as indenture trustee for various notes issued by Lehman Brothers Holdings, Inc. ("**LBHI**"), by and through its undersigned counsel, and pursuant to sections 502(a) and 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), hereby files this supplemental motion (this "**Supplemental Motion**"), in connection with the *Amended Omnibus Application of Individual Committee Members and Indenture Trustees for Payment of Fees and Reimbursement of Expenses* (the "**Amended Substantial Contribution Application**"), filed concurrently herewith by BNY and certain other parties. The

-2-

Amended Substantial Contribution Application seeks to substantiate certain fees and expenses previously approved by this Court as reasonable and paid to the Debtor under Bankruptcy section 1129(a)(4) (the "**BNY Fee Award**") under the doctrine of substantial contribution set forth in Bankruptcy Code section 503(b), following the District Court's reversal of this Court's approval of the BNY Fee Award under Section 1129(a)(4). To the extent that the District Court's order is not reversed or modified on appeal to the Second Circuit, and to the extent the amount of fees and expenses of BNY approved in the Amended Substantial Contribution Application is less than the amount of the BNY Fee Award previously approved and paid, BNY may be required to repay a portion of the BNY Fee Award to the Debtors once all relevant orders have become final (the "**Repayment Obligations**"). At the same time, if the Debtors had not already paid the BNY Fee Award to BNY, BNY would have received distributions on account of its incurred fees and expenses under its unsecured claims in these cases (the "**Pro Rata Distributions**").

By this Supplemental Motion, BNY seeks an order of the Court: (x) deeming a portion of the BNY Fee Award equal to the amount of the Pro Rata Distributions BNY would have received absent the BNY Fee Award to have been distributions on account of BNY's unsecured claims, such that BNY does not have to repay such amounts as part of its Repayment Obligations; and (y) determining that BNY has an allowed unsecured claim in Class 7 against LBHI for the amount of any Repayment Obligations, and that as holder of an allowed, unsubordinated unsecured claim in such class, BNY is entitled to future distributions on the amount of its claim represented by the Repayment Obligations. In support of the Supplemental Motion, BNY respectfully represents as follows:

# I.
# Preliminary Statement

1.      On May 31, 2013, this Court entered an order (the "**May 31 Order**") approving the payment of the fees and expenses of BNY and its outside counsel (the "BNY Fee Award" described above) pursuant to Bankruptcy Code section 1129(a)(4) and Section 6.7 of the confirmed Third Amended Joint Chapter 11 Plan in these cases (the "**Plan**").  BNY's fees and expenses were then paid by LBHI.  The May 31 Order also provided that if its approval were reversed by a final order, that BNY would have to repay such fees and expenses approved under said Order.

2.      This Court's May 31 Order ruling was subsequently reversed by the District Court on appeal.  On remand in this Court, BNY and certain other Committee Members are now seeking in the Amended Substantial Contribution Application to justify retention of certain amounts paid under the May 31 Order under Bankruptcy Code section 503(b)'s substantial contribution provisions.  After the substantial contribution litigation takes place in this Court, there will likely be an appeal by certain Committee Members of the District Court's ruling.

3.      To the extent that any fees and expenses previously paid to BNY are not approved as substantial contribution payments under Section 503(b), BNY may eventually be obligated to repay them as a post-petition obligation – the "Repayment Obligations" defined above.[1]

4.      Even though the fees and expenses were incurred post-petition, BNY's fees and expenses were also owed to it as part of its pre-petition unsecured claim asserted in its thirteen proofs of claim filed in these cases pursuant to applicable law.  *Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143 (2d Cir. 2009).  Had BNY not received payment of the BNY Fee Award

---

[1] BNY also reserves all rights to appeal the District Court's order reversing the Bankruptcy Court's approval of Section 6.7 of the Plan after the hearing on the Substantial Contribution Application concludes.

-4-

under this Court's May 31 Order, BNY would have pursued its claims for said fees and costs as part of its prepetition unsecured claims, and would have received unsubordinated distributions as a general unsecured claim for said fees and costs (the "Pro Rata Distributions" defined above).

5. Thus, BNY requests that the Court deem a portion of the amounts it received under the May 31 Order to have been Pro Rata Distributions on account of its unsecured claims for fees and expenses in these cases, such that it is entitled to retain those amounts. In addition, BNY requests that the Court order that going forward, BNY is entitled to receive distributions as part of its allowed claims under Class 7 for the amount of the Repayment Obligations actually repaid to the Debtors.

## II.
## Jurisdiction and Venue

6. This Motion is brought pursuant to 11 U.S.C. §§ 105(a) and 502(a). The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## III.
## Factual Background

7. BNY incorporates the factual background set forth in the concurrently filed Substantial Contribution by this reference, and will only repeat the few facts directly relevant to this Supplemental Motion here.

### A. Background of Payments of and Applications for BNY's Fees and Expenses.

8. This Court entered an Order confirming the Plan on December 6, 2011. (Dkt. No. 23023). Section 6.7 of the Plan authorized and directed LBHI to pay the reasonable fees and expenses of indenture trustees for certain notes issued by LBHI and the individual members of the Official Committee of Unsecured Creditors (the "**Committee**"). Such payment was made subject only to a reasonableness review by the Court under Bankruptcy Code section 1129(a)(4).

9. BNY and certain other indenture trustees and Committee members submitted an application for payment under Section 1129(a)(4) of the Code and Section 6.7 of the Plan on January 30, 2012, and subsequently amended it on February 1, 2012 (the "**Original Application**"). The Original Application also included an alternative request for approval of the fees and expenses sought therein as substantial contribution payments under Section 503(b).

10. This Court issued a Memorandum Decision approving the Original Application on February 15, 2013. *See*, *In re Lehman Bros. Holdings Inc.*, 487 B.R. 181 (Bankr. S.D.N.Y. 2013). That Memorandum Decision was then implemented by the May 31 Order, which authorized the Debtors to make payment of the requested fees and expenses to BNY and the other applicants. LBHI subsequently paid BNY all such fees and expenses. The total amount of the BNY Fee Award was $4,580,284.31, as set forth on Schedule A to the May 31 Order.

11. The May 31 Order provides that if it is "reversed, vacated or modified as to the payment of any fees or expenses as a result of the entry of a final order in any subsequent proceeding, then the Applicants [including BNY] shall refund and pay to the Debtors any amounts paid to the Applicants under Section 6.7 of the Plan to the extent affected by any reversal, vacatur, or modification within five (5) business days from the date such order becomes a final order…"

12. Subsequently, the District Court reversed the approval of the fees and expenses under Section 1129(a)(4). *See*, *Davis v. Elliott Management Corp., et al. (In re Lehman Brothers Holdings Inc.),* 508 B.R. 283 (S.D.N.Y 2014). Specifically, the District Court (i) reversed the May 31 Order insofar as it awarded the fees as permissible consensual "plan payments" under sections 1123(b)(6) and 1129(a)(4) of the Bankruptcy Code; (ii) held that the fees could be paid under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, to the extent that BNY and

-6-

the other applicants could demonstrate that they had made a "substantial contribution" to the Debtors' chapter 11 cases; and (iii) ordered a remand of the matter to the Bankruptcy Court to determine whether the applicants had, in fact, made a substantial contribution.

13. On remand, this Court permitted BNY and the other applicants that submitted the Original Application to amend the Original Application in order to further substantiate that certain fees and expenses are compensable under the substantial contribution provisions of Bankruptcy Code section 503(b). BNY and certain other applicants are making that showing in the Amended Substantial Contribution Application filed concurrently herewith.

### B. BNY's Unsecured Claims in these Cases.

14. BNY, as indenture trustee, has filed the following thirteen proofs of claim in these cases (collectively, the "**BNY Proofs of Claim**"):

| POC # | Amount on POC |
|---|---|
| 21797 | $ 1,264,375,000.00 |
| 21798 | $ 2,051,666,666.67 |
| 21799 | $ 1,516,614,583.33 |
| 21800 | $ 1,933,352,666.67 |
| 21801 | $ 766,500,000.00 |
| 21802 | $ 1,521,656,250.00 |
| 21803 | $ 233,469,683.43 |
| 21804 | $ 255,540,800.06 |
| 21805 | $ 314,207,499.10 |
| 21806 | $ 17,796,035.41 |
| 21807 | $ 201,949,500.00 |
| 22122 | $ 311,742,937.05 |
| 22123 | $ 416,013,746.69 |
| *TOTALS* | *$10,804,885,368.41* |

15. Each of the BNY Proofs of Claim contain a substantially identical addendum which explains the basis for the claims. Section B(1)(b) of each addendum provides that: "In

-7-

addition to the claim for principal and interest described above, the Trustee makes a claim for fees and costs (including attorneys' fees) incurred or to be incurred by the Trustee in performing its duties under the Indenture . . . Pursuant to Section 607 of the Standard Multiple-Series Indenture Provisions, which are incorporated by reference into the Indenture, the Debtor agreed to pay the Trustee for all reasonable expenses, disbursements and advances incurred or to be made by the Trustee in accordance with any provision of the Indenture (including the reasonable compensation of its agents and counsel) and to indemnify the Trustee and hold it harmless against any loss, liability or expense incurred arising out of or in connection with the administration of the trust." Paragraph A of the indentures attached to the BNY Proofs of Claim incorporate "Articles One through Thirteen of the Shearson Lehman Brothers Holdings Inc. Standard Multiple-Series Indenture Provisions dated and filed with the Securities and Exchange Commission ('Commission') on July 30, 1987 and as amended and refiled with the Commission on November 16, 1987 . . ." Said Standard Multiple-Series Indenture Provisions are attached to the BNY Proofs of Claim, following the indentures. As referenced in the addenda to the BNY Proofs of Claim, Section 607 of said Standard Multiple-Series Indenture Provisions provides among other things that the Debtor agrees: "(2) … to reimburse the Trustee in Dollars for the Securities of any series upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of the Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel) ...; and (3) to indemnify the Trustee and each predecessor Trustee in Dollars for the Securities of any series for, and to hold it harmless against, any loss, liability or expense incurred without negligence or bad faith on its part, arising out of or in connection with the acceptance or administration of the trust or trusts hereunder …".

16. The principal and interest components of various of the BNY Proofs of Claim are subject to subordination provisions, and receive the following treatment under the Plan: Claim 21804 is included in LBHI Class 10A, Claims 21805, 22122, 22123, 21803, 21797, 21801, 21800, 21799, 21802, 21798 are included in in LBHI Class 10B, and the Guaranty Claims (Claims 21806 and 21807) are included in Class 5. For the sake of simplicity, the principal and interest portions of these claims will be referred to herein as the "**Subordinated Claims**."

17. While the principal and interest portions of the indentures underlying the Subordinated Claims are subject to certain subordination provisions, the fees of and expenses of BNY and its counsel are owed under separate provisions described in paragraph 15 above, and are not subordinated under the indentures. As a result, the fees and expenses owing under the BNY Proofs of Claim are not subordinated, but are instead allowed unsubordinated claims properly classified in Class 7 against LBHI under the Plan.[2]

18. As unsubordinated Class 7 LBHI claims, if the fees and expenses had not been paid to BNY pursuant to the May 31 Order, BNY would have received pro rata distributions of approximately 34.7%, along with the other Class 7 LBHI claims in these cases. To date, distributions on Class 7 LBHI claims have been 34.7%, and such distributions are continuing. *See*, Notice Regarding Eighth Distribution, Dkt. No. 50984, Exh. A. Such distributions are made under the Plan in April and September each year.

19. In this Supplemental Motion, BNY requests the Court to enter an order: (x) deeming a portion of the BNY Fee Award equal to the amount of the Pro Rata Distributions BNY would have received absent the BNY Fee Award to have been distributions on account of

---

[2] Under the Plan, claims and interests against LBHI are classified in 17 different classes and subclasses, ranging from Class 1 (Priority Non-Tax Claims) to Class 12 (Equity Interests). *See*, Plan, § 3.1. General unsecured claims against LBHI are placed in Class 7. *Id.*

BNY's unsecured claims, such that BNY does not have to repay such amounts as part of its Repayment Obligations; and (y) determining that BNY has an allowed unsecured claim in Class 7 against LBHI for the amount of any Repayment Obligations, and that as holder of an allowed, unsubordinated unsecured claim in such class, BNY is entitled to future distributions on the amount of its claim represented by the Repayment Obligations.

## IV.
## Argument

### A. BNY Has a Valid, Unsubordinated, Pre-Petition Claim for its Fees and Costs Under the Indentures

20. BNY has a valid prepetition claim for its post-petition fees and costs incurred under the terms of its indentures. Under the Second Circuit's holding in *Ogle*, 586 F.3d 143, an unsecured creditor entitled to recover its fees and costs under the terms of its pre-petition agreement may recover said fees and costs as part of its pre-petition claim even if the fees and costs were incurred post-petition. *Id*. at 146 ("We join the Ninth Circuit's recent decision in *SNTL* and hold that the Bankruptcy Code does not bar an unsecured claim for post-petition attorneys' fees authorized by a pre-petition contract valid under state law."). The *Ogle* case followed the Supreme Court's opinion in *Travelers Casualty and Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 451-456 (2007) (overruling prior case law which had held that post-petition attorney's fees are not recoverable under Bankruptcy Code section 502(b)(1) for litigating issues peculiar to bankruptcy law).

21. Courts have specifically applied this principal to indenture trustees seeking recovery of post-petition fees owed to them under the terms of indentures as part of their pre-petition unsecured claims. For example, in *In re Flight Transportation Corp. Securities Litigation*, 874 F.2d 576 (8th Cir. 1989), the Eighth Circuit Court of Appeals reversed a District Court order allowing an indenture trustee an unsecured claim only for reimbursement of fees

-10-

actually incurred in the pre-petition period. In reversing, the Court explained, that: "Under § 607 of the Indenture Agreement, MHT had a contractual right to payment for its services and to reimbursement of its expenses, including its attorney's fees. This right to payment arose when the Indenture Agreement was executed. The petition in bankruptcy was not filed until about two weeks later. Thus, as of the date of the filing of the petition in bankruptcy, MHT had a right to payment but the amount due was unknown." *Id*. at 583.

22.     The indentures underlying each of the BNY Proofs of Claim provide that BNY is entitled to reimbursement for its fees and costs. *See, e.g.,* Claim 21797, Exhibit A, Indenture, § 607 (indenture trustee is entitled to reimbursement for "all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel) . . .)."

23.     Further, while the indentures for the Subordinated Claims provide that the principal and interest of the underlying notes are subordinated to other unsecured debt of LBHI, the indentures of the Subordinated Claims do not provide that the obligation to reimburse BNY for its fees and costs is also subordinated. *See, e.g.,* Claim 21797, Exhibit A, Indenture, § 1401 ("the payment of the principal of (and premium, if any) and interest, if any on the Securities and related coupons is subordinated, to the extent and in the manner provided in this Article, to the prior payment in full when due of the principal of (and premium, if any) and interest, if any, on all Senior Debt."). Thus, even on the Subordinated Claims, the obligation to repay BNY for its fees and costs incurred post-petition remains a valid, unsubordinated claim which has not been objected to and therefore is allowed under Bankruptcy Code section 502(a).

### B. This Court Has the Power to Deem a Portion of the BNY Fee Award to Have Been a Distribution on the BNY Proofs of Claim.

24. This Court has the inherent power to enforce its own orders, including the May 31 Order. The May 31 Order did not specifically address the current situation – whether the Repayment Obligations in the event of reversal of the Approved Order would preclude BNY and similarly situated creditors from receiving catch-up distributions on account of their proofs of claim for fees and costs. Certainly, there is nothing in the May 31 Order or the Plan that suggests BNY and other similarly situated creditors should be barred from receiving such catch-up distributions. Further, paying such catch-up distributions to BNY and others similarly situated would be consistent with the overall goal of equitable distribution to similarly situated creditors. *See, e.g., Union Bank v. Wolas*, 502 U.S. 151, 161 (1991) (citing to "the prime bankruptcy policy of equality of distribution among creditors of the debtor") (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 177-78 (1977)). Since BNY has already received payment on the BNY Fee Award, this Court should simply deem a portion of the BNY Fee Award equal to the amount of Pro Rata Distributions BNY would have received for fees and costs owing under the BNY Proofs of Claim to have been distributions on account of those claims, and permit BNY to retain those amounts when satisfying its Repayment Obligations. Doing so would not harm other unsecured creditors, as the Court would merely be recharacterizing money already paid to BNY instead of paying additional amounts to BNY.

## V.
## Conclusion

WHEREFORE, BNY respectfully requests that this Court enter an order granting this Supplemental Motion.

-12-

Dated: San Francisco, CA
December 18, 2015      SHEPPARD MULLIN RICHTER & HAMPTON LLP

*/s/ Michael H. Ahrens*
Michael H. Ahrens (*pro hac vice*)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel.: (415) 434-9100
Fax: (415) 434-3947
Email: mahrens@sheppardmullin.com

- and -

Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 653-8700
Fax: (212) 653-8701
Email: bwolfe@sheppardmullin.com

*Counsel to The Bank of New York Mellon*
Michael H. Ahrens (*pro hac vice*)