UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (SCC)
                                                :
                    Debtors.                    :    (Jointly Administered)
------------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING
## DEBTORS' THREE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS

Upon the three hundred seventy-ninth omnibus objection to claims [ECF No. 32652] (the "Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]; and responses to the Objection and other similar objections having been filed by parties (the "Respondents"), including the one identified on Exhibit A attached hereto; and the Debtors having filed replies to the responses [*see* ECF No. 51444 (citing earlier replies)]; and due and proper notice having been provided to the Respondents; and it appearing that no other or further notice need be provided; and the Court having conducted a hearing to consider the Objection and all responses thereto; and the Court having found and determined that the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, for the reasons set forth in the Objection and the Debtors' replies and as set forth by the Court on the record at the hearing, it is

ORDERED that the relief requested in the Objection is granted to the extent

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

provided herein; and it is further

ORDERED that the claims or portions thereof listed on Exhibit 1 annexed hereto (the "Reclassified Claims") shall not be classified under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") in LBHI Class 1, LBHI Class 2, LBHI Class 3, LBHI Class 4A, LBHI Class 4B, LBHI Class 5, LBHI Class 6A, LBHI Class 6B, LBHI Class 7, LBHI Class 8, LBHI Class 9A, LBHI Class 9B, LBHI Class 10A, LBHI Class 10B, or LBHI Class 10C of the Plan (collectively, "LBHI Classes 1-10C"), or as an Administrative Expense Claim or Priority Tax Claim against LBHI, or as a Claim against or Equity Interest in any Debtor other than LBHI; and it is further

ORDERED that no Distributions (as such term is defined in the Plan) shall be made on account of a Reclassified Claim unless and until all holders of Allowed Claims (as such term is defined in the Plan) in LBHI Classes 1-10C are satisfied in full in accordance with the Plan; and it is further

ORDERED that the Reclassified Claims shall be deemed to be classified in either LBHI Class 11 or LBHI Class 12 and that in the event that all holders of Allowed Claims in LBHI Classes 1-10C are satisfied in full in accordance with the Plan, absent agreement between the Debtors and the Respondent with regard to the Reclassified Claim, the Court shall determine (a) whether the Reclassified Claim shall be classified in LBHI Class 11 or LBHI Class 12 and (b) the relative priority of the Reclassified Claims compared to other claims or interests within such class; and it is further

ORDERED that the respective rights of all affected parties in interest, including each of the Debtors, the Plan Administrator, and the Respondent, to argue or dispute the amount of or the relative priority of the Reclassified Claims between and among the Claims in LBHI Class 11 and

the Equity Interests in LBHI Class 12 shall be fully preserved; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this Order; and it is further

ORDERED that any responses or objections to the Objection are denied and overruled; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: December 22, 2015
       New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**
**OMNIBUS OBJECTION 379: EXHIBIT 1 - SUBORDINATED GUARANTEE CLAIMS**

| | NAME | CLAIM # | CASE NUMBER | ISIN^ | AMOUNTS TO BE SUBORDINATED |
|---|---|---|---|---|---|
| 1 | JOSE RUIVO DRAGAO, JOAO | 64556 | 08-13555 (SCC) | XS0301813522 | $ 51,015.83 |
| | | | | TOTAL | $ 51,015.83 |

\* Indicates claim contains unliquidated and/or undetermined amounts

^ Only those portions of the claim related to the ISINs listed are subject to the Plan Administrators' Three Hundred Seventy-Ninth Omnibus Objection.

Page 1 of 1