

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

**Form 210A**

FILED / RECEIVED

**DEC 0 1 2015**

EPIQ BANKRUPTCY SOLUTIONS, LLC

**United States Bankruptcy Court**

**SOUTHERN DISTRICT OF NEW YORK**

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP) JOINTLY ADMINISTERED

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Name of Transferee**
Cassa di Risparmio di Ravenna S.p.A.

**Name of Transferor**
Cassa di Risparmio di Cento S.p.A.

Name and Address where notices to transferee should be sent:

Court Claim # 56123
Amount of Claim: $ 2,058,234.72

Cassa di Risparmio di Ravenna S.p.A.
Piazza Garibaldi 6
48121 Ravenna - Italy
Attn: Claudio Pulazzi
E-mail: cpulazzi@carira.it
Phone: 00390544480348

Date Claim Filed: Oct 29, 2009

*Partion of allowed claim transferred* $10,187.48

Phone: 0039 0516833449
Email marco.biondi@crcento.it
Last Four Digits of Acct. #: N/A

Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct #: N/A

| STANDARD SETTLEMENT INSTRUCTIONS | MT202 MANDATORY FIELDS |
|---|---|
| Payment to: Jp Morgan Chase Bank swift code CHASUS33XXX | Field 57A:/ CHASUS33XXX |
| In favour of: Cassa di Risparmio di Ravenna S.p.A.swift code CRRAIT2RXXX | Field 58A:/ CRRAIT2RXXX |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Cassa di Risparmio di Ravenna S.p.A.
Direzione Generale
Un Dirigente
By: _____
(Maurizio Ravaioli)
Transferee/Transferee's Agent

Date: 25/11/2015

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**



AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, CASSA DI RISPARMIO DI CENTO S.P.A. ("Seller"), acting on behalf of one or more of its customers (the "Customers"), hereby unconditionally and irrevocably sells, transfers and assigns to CASSA DI RISPARMIO DI RAVENNA S.p.A... (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage (together with the relevant allowed amount) specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56123 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of [Seller/its Customers] relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding distributions received by Seller on behalf of its Customer (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for the Proof of Claim.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the



Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.        Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.        Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.        Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of the 25 November 2015.

SELLER
**CASSA DI RISPARMIO DI CENTO S.P.A.**

By: _____
Name: Marco Biondi
Title: Head of Back Office
Via Giacomo Matteotti 8/B
44042 Cento FE (Italy)

Attn
Tel. 0039 051 6833449
Email: marco.biondi@crcento.it

BUYER
**CASSA DI RISPARMIO DI RAVENNA S.P.A.**
Direzione Generale

By: _____
Name: Maurizio Ravaioli
Title: Head of Accounting
Piazza Garibaldi, 6
48121 Ravenna

Attn. Claudio Pulazzi
Piazza Garibaldi, 6 - 48121 Ravenna

Tel 0039 0544 480 348
e-mail cpulazzi@carira.it

Schedule 1

Transferred Claims

Purchased Claim

0,8642% of isin XS0176153350 as described in the Proof of Claim, which relates to an allowed amount of USD 1,178,778.30 of isin XS0176153350;

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN Code | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) * |
|---|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY BV 10/10/2013 | XS0176153350 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc. | 7,000.00 | 9,905.70 | 199.12 | 281.78 | 10,187.48 |

*Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by [the European Central Bank/Bloomberg] for September 15, 2008: 1 EUR = 1.4151 USD.

CASSA DI RISPARMIO DI CENTO S.P.A

CASSA DI RISPARMIO DI RAVENNA S.P.A.
Cassa di Risparmio di Ravenna S.p.A.
Direzione Generale
Un Dirigente

Schedule 1-1



La Cassa

CASSA DI RISPARMIO DI RAVENNA S.P.A.
Privata e Indipendente dal 1840

Gruppo Bancario Cassa di Risparmio di Ravenna S.p.A.

LEHMAN BROTHERS HOLDINGS CLAIM PROCESSING
c/o EPIQ BANKRUPTCY SOLUTION, LLC
FDR STATION, P.O. BOX 5286
NEW YORK, NEW YORK 10150 - 5076

CRCRAV 000000000713 - 90.000 - 01/09 - SM



EXPRESS WORLDWIDE    DOX    _DHL_
Ship (7.1) 17-1402

From CASSA DI RISPARMIO DI RAVENNA
MUSACCHI 3; 0544480464
PZA GARIBALDI 3
42100 RAVENNA
IT Italy

Origin
BLQ

Phone

To    LEHMAN BROTHERS HOLDINGS CLAIM
PROCESSING

FRD STATION
C/O EPIQ BANKRUPTCY SOLUTIONS
10150 NEW YORK New York
US United States of America

US-ZYP-TSS

Day    Time

Ref code    UFF. TESORERIA I
            NTEGRATA
Account No  101144698

Piece Weight  0.5 kg
Pickup date: 2015-11-27

Piece
1/1

Content / Commerce Control Statement / RC
DOCUMENTS

WAYBILL 81 0905 7036

(2L)US10150+42000000

(J)JD01 4600 0026 1332 9967

Origin:
BLQ

Day    Time

Weight  Piece
KG      1/1

Content
description:

0

9967

Maximum weight 3 kg/5.6 lbs