HEARING DATE AND TIME: TBD
RESPONSE DEADLINE: TBD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    08-13555 (SCC)
                                                             :
                    Debtors.                                 :    (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x

## NOTICE OF FILING OF SUPPLEMENTAL APPLICATION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR ALLOWANCE OF GENERAL UNSECURED CLAIM, DEEMED DISTRIBUTION AND CREDIT OF UNSECURED CLAIM AND ENFORCEMENT OF CHARGING LIEN

PLEASE TAKE NOTICE that U.S. Bank has filed its Supplemental Application of U.S. Bank National Association, as Trustee, for Allowance of General Unsecured Claim, Deemed Distribution and Credit of Unsecured Claim and Enforcement of Charging Lien (the "**U.S. Bank Supplemental Application**"). Additional notice will be provided when the date and time for a hearing to consider the U.S. Bank Supplemental Application has been scheduled and a deadline for objections to the U.S. Bank Supplemental Application has been set.

Dated: December 22, 2015                    Respectfully submitted,

                                            SULLIVAN & WORCESTER LLP

                                            _____
                                            Richard Hiersteiner
                                            Jeanne P. Darcey (admitted *pro hac vice*)
                                            One Post Office Square
                                            Boston, MA 02109
                                            Telephone: (617) 338-2800
                                            Facsimile: (617) 338-2880
                                            *Counsel for U.S. Bank National Association,
                                            As Indenture Trustee*

{B1962249; 1}

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
Tel: (617) 338-2800
Fax: (617) 338-2880
Counsel for U.S. Bank National Association,
As Indenture Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
: 
In re:                                                        :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (SCC)
                                                              :
                    Debtors.                                  :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**SUPPLEMENTAL APPLICATION OF U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, FOR ALLOWANCE OF GENERAL UNSECURED
CLAIM, DEEMED DISTRIBUTION AND CREDIT OF UNSECURED
<u>CLAIM AND ENFORCEMENT OF CHARGING LIEN</u>**

TO THE HONORABLE JUDGE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

U.S. Bank National Association ("**U.S. Bank**" or the "**Trustees**"), in its capacity as indenture trustee with respect to certain notes issued by Lehman Brothers Holdings Inc. ("**LBHI**") or its other above-captioned debtors (collectively, the "**Debtors**" and with the Debtors' non-debtor and foreign affiliates, "**Lehman**"), hereby submits this Supplemental Application ("**Supplemental Application**"),[1] for allowance of general unsecured claim, deemed distribution and credit of unsecured claim and enforcement of charging lien, with respect to

---

[1] U.S. Bank and certain other members of the Official Committee of Unsecured Creditors ("**Committee**") have contemporaneously filed an *Amended Omnibus Application for Payment of Fees and Reimbursement of Expenses Pursuant to Sections 503(b)(3)(D), 503(b)(4) and 503(b)(5) of the Bankruptcy Code* ("**Amended Application**") [Docket No. 51685]. Capitalized terms not otherwise defined in this Supplemental Application have the meaning given to them in the Amended Omnibus Application.

{B1957868; 4}

certain fees and expenses incurred by the Trustees in connection with the above-captioned Chapter 11 cases ("**Chapter 11 Cases**"). In support of the Supplemental Application, U.S. Bank respectfully states as follows:

## PRELIMINARY STATEMENT

U.S. Bank seeks allowance of unsecured claims under the Indentures (as defined below) in the full amount of its unpaid postpetition fees and expenses. U.S. Bank seeks allowance of these unsecured claims solely to the extent that such fees and expenses are not paid or retained either as substantial contribution award under the Amended Application or under Section 6.7 of the Confirmed Plan following a successful appeal of Judge Sullivan's decision in *Davis v. Elliott Mgt. Corp. (In re Lehman Brothers Holdings Inc.)*, 508 B.R. 283, 295-96 (S.D.N.Y. 2014) ("**District Court Decision**"). Because U.S. Bank has been paid its postpetition fees and expenses (the "**Fee Award**") under this Court's Order, dated May 31, 2013 (the "**Fee Order**"), U.S. Bank does not seek current payment of its unsecured claims. Rather, U.S. Bank requests that the Court direct that amounts previously paid to it under the Fee Order be deemed distributions on account of its allowed unsecured claims, up to an amount equal to its projected recovery on such claims, based on the distribution percentage provided to holders of Class 7 General Unsecured Claims under the Plan, and that such deemed distribution amounts be deducted from any amounts that U.S. Bank may be required to refund to the Debtors under the Fee Order (the "**Repayment Obligations**").

## JURISDICTION AND VENUE

This Court has jurisdiction over these cases and the Supplemental Application under 28 U.S.C. 157 and 1334 and pursuant to Section 14.1(b), (g) and (o) of Article XIV of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated

{B1957868; 4}                                                2

Debtors ("**Plan**"). Venue of these proceedings and this Supplemental Application is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Section 502 of the Bankruptcy Code.

## FACTUAL BACKGROUND

1. U.S. Bank serves as indenture trustee on behalf of the holders of (i) the 5.707% Remarketable Junior Subordinated Debentures due 2043 (the "**5.707% Notes**"), issued pursuant to that certain Eleventh Supplemental Indenture dated as of May 17, 2007 (the "**5.707% Indenture**"); and as indenture trustee on behalf of holders of the Floating Rate Remarketable Junior Subordinated Debentures due 2043 (the "**Floating Rate Notes**" and, together with the 5.707% Notes, the "**Notes**"), issued pursuant to that certain Twelfth Supplemental Indenture, dated as of May 17, 2007 (the "**Floating Rate Indenture**" and, together with the 5.707% Indenture, the "**Indentures**").[2]

2. On behalf of the holders of the Notes, U.S. Bank timely filed proofs of claims (the "**Claims**") for principal, interest and, in accord with the governing Indentures, for fees and expenses, including the fees and expenses of its counsel, incurred and to be incurred in the Debtors' chapter 11 proceedings. The Claims were subsequently bifurcated by the Debtors to create allowed claims for principal and interest (for which Plan Distributions would be made) and allowed claims for fees and expenses, to be paid under Section 6.7 of the Plan.

3. The office of the U.S. Trustee (the "**UST**") objected to the payment of the fees and expenses as a permissible payment under the Plan. Upon entry of the Fee Order, the UST filed an appeal to the District Court. Notwithstanding such objection and appeal, the UST, conceded that the amount of fees and expenses set forth in the Fee Award were reasonable.

---

[2] Due to their voluminous nature copies of the Indentures have not been attached hereto, but will be made available upon request.

{B1957868; 4}                                      3

4. U.S. Bank is filing this Supplemental Motion to protect its rights to general unsecured claims for its fees and expenses should the District Court Decision be upheld upon further appeal of the Fee Order. U.S. Bank therefore seeks an order of the Court: (x) confirming U.S. Bank has allowed unsubordinated, unsecured claims for the amount of any Repayment Obligations; (y) crediting distributions to which U.S. Bank is entitled on account of such claims as payment against the Repayment Obligation, if any; and (z) directing that a portion of further distributions on account of the Notes be held as a reserve by LBHI or U.S. Bank so that U.S. Bank might rightfully assert its charging liens for any remaining Repayment Obligation.

## REQUESTED RELIEF

### A. U.S. Bank's Fees and Expenses Should be Allowed as an Unsecured Claim

5. The Indentures contain several provisions entitling the Trustees to payment of fees and expenses (including counsel fees). First, Section 607 provides, among other things, that LBHI must pay the Trustees compensation for services rendered by them in their capacities as Trustee under the Indentures and reimburse the Trustees for all reasonable expenses, disbursements and advances incurred or made by it in accordance with any provision of the Indentures (including the reasonable compensation and the expenses and disbursements of their agents and counsel). Indentures, §607, at 62-63.[3]

---

[3] Section 607 of each Indentures provides:

The Company [i.e., LBHI] agrees:

(1) to pay to the Trustee from time to time such compensations in Dollars for all services rendered by it hereunder as may be mutually agreed in writing between the Company and the Trustee (which compensation shall not be limited by any provision of law in regard to the compensation of a trustee of an express trust);

(2) except as otherwise expressly provided herein, to reimburse the Trustee in Dollars for the Securities of any series upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and

6. Section 503 of each Indenture also authorizes U.S. Bank to take appropriate action after an "Event of Default," and extends the Company's payment obligations stating that "the Company will, upon demand of the Trustee, pay to it . . . such further amount as shall be sufficient to cover the costs and expenses of collection including the compensation, expenses, disbursements and advances of the Trustee, *its agents and counsel*."[4]

7. Further, each Indenture grants to its respective Trustee a lien for payment of such reasonable fees and expenses, senior to the rights of the holders of the Notes. Indentures, §607, at 63.[5] The right to payment of fees and expenses, moreover, is not subordinated to any other party.

8. As set forth above, U.S. Bank timely filed its Claims for principal, interest and fees and expenses incurred and to be incurred, all as provided under the Notes and the respective Indentures. Because the Notes and Indentures were pre-petition debt instruments, the obligations thereunder constitute general unsecured obligations of LBHI.

9. As a result of Section 6.7 of the Plan, however, the fees and expenses incurred by U.S. Bank (as set forth in the Fee Award and paid pursuant to the Fee Order) were bifurcated from the Claims, to permit the Debtors to make appropriate allocations and distributions under the Plan. Notwithstanding that bifurcation, however, the amounts set forth in the Fee Award did

---

disbursements of its agents and counsel), except any such expense, disbursement or advances as may be attributable to its negligence or bad faith; and

(3) to indemnify the Trustee and each predecessor Trustee in Dollars for the Securities of any series for, and to hold it harmless against, any loss, liability or expense incurred without negligence. or bad faith on its part, arising out of or in connection with the acceptance or administration of the trust or trusts hereunder, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder.

[4] Indentures, Section 503(3) (emphasis added).

[5] Section 607 provides: "[a]s security for the performance of the obligations of the Company under this Section 607, the Trustee shall have a lien prior to the Securities …"

{B1957868;4}                                   5

not lose their characteristics as general, unsecured obligations properly payable by LBHI as part of the Claims. U.S. Bank asserts its claims for fees and expenses as an alternative source of payment for any of its fees and expenses not paid as a substantial contribution award *or* under Bankruptcy Code §§ 1123(b) and 1129(a)(4) following a successful appeal of the District Court Decision.

### B.   U.S. Bank's Fees and Expenses Are Not Subordinated to Senior Debt

10.   The Notes are subordinated to certain other debt of LBHI as specifically described in the Indentures ("**Senior Debt**"), and the Plan provides for payment over to Wilmington Trust Company ("**WTC**"), as indenture trustee for the holders of such Senior Debt, of plan consideration distributable on account of the Notes. According to Section 6.4 of the Plan, "distributions shall be calculated as if each holder were to receive its pro rata share" after which those amounts are re-allocated for the benefit of holders of Senior Debt. As set forth below, however, U.S. Bank's claims for the payment of its fees and expenses are not subordinated to Senior Debt and, to the extent the Fee Order is reversed, U.S. Bank is entitled to assert is lien on distributions otherwise allocable to the Notes, prior to any reallocation of Plan consideration to Senior Debt.

## ARGUMENT

### A.   Distributions on Account of U.S. Bank's Fees and Expenses Should be Credited Against any Repayment Obligations as Allowed Unsecured Claims

11.   U.S. Bank holds a valid pre-petition claim for fees and expenses incurred post-petition under the terms of the Indentures. Under controlling Second Circuit authority, an unsecured creditor is entitled to recover its postpetition fees and costs as an unsecured claim if recovery of the fees and costs is authorized under a valid prepetition contract. *Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143, 146 (2d Cir. 2009) ("[T]he Bankruptcy Code does not

{B1957868; 4}                                                6

bar an unsecured claim for postpetition attorneys' fees authorized by a valid prepetition contract valid under state law."); *see also SN Insurance Servs. v. Centre Insurance Co. (In re SNTL Corp.)*, 571 F.3d 826, 844 (9th Cir. 2009) (attorney's fees arising out of a prepetition contract but incurred postpetition fall within Bankruptcy Code's broad definition of "claim" and are allowable under Section 502(b)); *see also Travelers Casualty and Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 451-56 (2007) (claim under prepetition contract for postpetition attorneys' fees "must be allowed under § 502(b)(1) unless it is unenforceable within the meaning of § 502(b)(1)").

12. This principle has been applied to the claims of indenture trustees seeking recovery of post-petition fees and expenses under the terms of prepetition indentures as part of their pre-petition unsecured claims. See *In re Flight Transp.Corp. Sec. Lit.*, 874 F.2d 576 (8th Cir. 1989).

13. This Court has discussed the contractual nature of the relationship created by an indenture. *See U.S. Trust Co. of N.Y. v. Pardo (In re W.T. Grant Co.)*, 119 B.R. 898 (S.D.N.Y. 1990) *aff'd*, 935 F.2d 1277 (2d Cir. 1991) (holding indenture trustee was contractually entitled to payment for performance of its duties). Courts applying New York law have also enforced the plain language of an indenture to determine that an indenture trustee's right to compensation took priority over payment of principal and interest. See *Bluebird Partners, L.P. v. First Fid. Bank, N.A., New Jersey*, 248 A.D.2d 219, 224, 671 N.Y.S.2d 7, 12 (App. Div. 1998) (enforcing provision in indenture granting indenture trustee priority lien for fees and expenses). Moreover, such results reflect courts' practice of enforcing indentures according to their terms. *See, e.g., In re AMR Corp.*, 730 F.3d 88, 98 (2d Cir. 2013) *cert. denied sub nom. U.S. Bank Trust Nat. Ass'n v. AMR Corp.*, 134 S. Ct. 1888, 188 L. Ed. 2d 913 (2014) (citing *PaineWebber Inc. v. Bybyk*, 81

{B1957868; 4}    7

F.3d 1193, 1199 (2d Cir. 1996); *W.W.W. Assocs., Inc. v. Giancontieri*, 566 N.E.2d 639, 642 (1990)).

14.   At present, U.S. Bank is not seeking any distribution on its Claims for fees and expenses because the Fee Award has already been paid pursuant to the Fee Order. U.S. Bank is seeking, however, a credit equal to the *pro rata* amount of distributions paid (and to be paid) on account of general unsecured claims against the amount of any Repayment Obligation, should the Fee Order ultimately and finally be reversed. To this point, distributions totaling not less than 29.4815% have been made on account of allowed general unsecured claims in these cases, and additional distributions are expected.

15.   At minimum, therefore, and to the extent U.S. Bank has any Repayment Obligations, such Repayment Obligations must be offset against the amounts U.S. Bank would otherwise have received as a general unsecured creditor on account of the Repayment Obligations, up to the percentage distributions being made under the Plan to general unsecured creditors.

    **B.**    **U.S. Bank's Fees and Expenses Are Not Subordinated to Senior Debt and U.S. Bank is Entitled to Assert its Charging Lien on Distributions Allocable to the Notes**

16.   Although U.S. Bank's Claims for principal and interest under the Notes and the Indentures is subordinated to "Senior Debt", the payment of fees and expenses is not so subordinated. Each of the Indentures, in Article 14 thereof (regarding subordination) provide that "the provisions of this Article are and are intended solely for the purpose of defining the relative rights of the Holders of the Securities and any related coupons on the one hand, and the holders of the Senior Debt on the other hand." There is no suggestion that amounts owing to U.S. Bank should, or would, be similarly subordinated. Furthermore, pursuant to the Indentures,

U. S. Bank has a lien prior to payment to the holders of the Notes, for all fees and expenses of U.S. Bank, including the *reasonable* fees and expenses of their counsel and other professionals, to the extent not paid by LBHI, or the estate.

17.     As indicated above, U.S. Bank's claims for principal and interest are subordinated to "Senior Debt", as defined in the Indentures. The Plan, as confirmed, gives effect to the subordination pursuant to Article VI, Section 6.4, by redirecting payment otherwise payable on account of the Notes to holders of Senior Debt. Thereunder, distributions made by LBHI "shall be calculated as if each holder…were to receive its Pro-Rata Share" after which such amounts are to be re-allocated to holders of Senior Debt. This is in accord with standard practice as reflected in the Revised Model Simplified Indenture.[6] This practice permits U.S. Bank, as trustee for subordinated debt, to recover fees and expenses from the distributions otherwise payable to the subordinated Securityholders prior to passing the distributions up to the holders of Senior Debt.

18.     In light of the provisions of Section 6.7 of the Plan, and the subsequent grant and payment of the Fee Award, the direct payment under Section 6.4 of distributions to Senior Debt without the intermediate payment to the Trustees was of no consequence. However, if there is a Repayment Obligation not satisfied by the crediting of deemed general unsecured distributions, the Trustees seek enforcement of the charging lien to which they are entitled under the terms of

---

[6] The Revised Model Simplified Indenture provides that, properly, subordination operates in a manner that "distributions [are] made equally to the holders of Senior Debt and subordinated debt, with the Holders of subordinated debt then being required to turn over [or reallocate] their distributions to holders of Senior Debt to the extent necessary to pay Senior Debt in full. The notes to Section 11.02 of the Revised Model Simplified Indenture further state that "*The effect … is apparent in . . . the right of the trustee for the subordinated debt to recover its fees and expenses from the distributions to the subordinated Securityholders prior to passing the distributions up to the holders of Senior Debt*"[6] (emphasis added). *See* Revised Model Simplified Indenture, 55 Bus. Law 1115 (2000).

{B1957868; 4}                                        9

08-13555-mg    Doc 51726    Filed 12/23/15    Entered 12/23/15 16:50:08    Main Document
Pg 11 of 12

the Indentures.

19. Accordingly, the Trustees request that the Debtors bifurcate the subsequent distributions on account of the Notes, so that an amount not less than $3.5 million can be paid over to the Trustees as a reserve for fees and expenses, with the balance paid over to the Trustee for the benefit of the holders of Senior Debt.

20. Alternatively, the Trustees request the entry of an order granting WTC authority, and directing it, to establish a reserve for the Trustees' fees and expenses, out of distributions reallocated (or yet to be reallocated) from the Plan consideration paid on account of the Notes. The Trustees previously sought establishment of a reserve at WTC in order to avoid any change in the distribution mechanic under the Plan. Presently, WTC has so far suggested that it has no authority under its governing documents to do so. A court order, however, will permit WTC to establish such a reserve.[7]

WHEREFORE, the U.S. Bank respectfully requests that this Court:

1. Enter an order crediting against any Repayment Obligation an amount equal to the percentage distributions being paid on account of general unsecured claims;

2. Enter an Order directing the Debtors to bifurcate any and all upcoming distributions on account of the Notes first, to the Trustees for unpaid fees and expenses, and the balance to WTC, on account of the Senior Debt;

3. Alternatively, enter an order directing WTC to establish the reserve requested by the Trustees; and

---

[7] Whether paid directly to the Trustees, or reserved at WTC, the Trustees commit that such fees shall be held as a reserve pending the determination of a balance of Repayment Obligation, if any.

4. Grant such other and further relief as this Court deems just and proper.

SULLIVAN & WORCESTER LLP

/s/ Jeanne P. Darcey
Richard Hiersteiner
Jeanne P. Darcey (admitted *pro hac vice*)
One Post Office Square
Boston, MA 02109
Telephone: (617) 338-2800
Facsimile: (617) 338-2880
*Counsel for U.S. Bank National Association,
As Indenture Trustee*

{B1957868; 4}                                11