WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050
William A. Maher
James N. Lawlor
Adam M. Bialek

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., <br><br> Plaintiff, <br> - against - <br><br> STEARNS LENDING, LLC, <br><br> Defendant. | Adversary Proceeding <br><br> No. _____ |

## ADVERSARY COMPLAINT

Plaintiff Lehman Brothers Holdings Inc. ("LBHI"), the Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), for its Complaint against Defendant Stearns Lending, LLC,

formerly known as First Pacific Financial, Inc. and Stearns Lending, Inc. ("Stearns Lending"),

alleges upon knowledge as to itself and its own conduct, and upon information and belief as to

all other matters, as follows:

**NATURE OF ACTION**

1.      In this action, LBHI seeks to enforce its right to contractual indemnification for liabilities, losses, damages, claims, judgments and any other costs, fees and expenses LBHI incurred as a result of Stearns Lending's sale of eighteen defective mortgage loans in breach of Stearns Lending's representations, warranties, and covenants (the "Defective Loans").

2.      LBHI sold the Defective Loans to the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") under agreements that included representations and warranties about the Defective Loans that were co-extensive with those made by Stearns Lending.  LBHI retained the right to seek indemnification from Stearns Lending in the event it became liable for certain indemnification events.  After Fannie Mae and Freddie Mac discovered that the mortgage loans breached certain of those representations and warranties, Fannie Mae and Freddie Mac made claims upon LBHI for losses suffered on the Defective Loans.  In January and February 2014, respectively, the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved settlements between (i) LBHI and Fannie Mae (ECF No. 42153), and (ii) LBHI and Freddie Mac (ECF No. 42754), triggering LBHI's right to indemnification under the Agreement, as defined below, with Stearns Lending.

3.      By this action, LBHI seeks to recover money damages from Stearns Lending for the indemnification claim.

**PARTIES**

4.      On September 15, 2008, Plaintiff LBHI commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  LBHI is a Delaware corporation with its principal place of business in New York, New York.

2

5.      Upon information and belief, Defendant Stearns Lending is a California limited

liability company with its principal place of business in Santa Ana, California.

## JURISDICTION AND VENUE

6.      This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.      This Court has subject-matter jurisdiction to consider and determine this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and as the matter has a close nexus with the Plan, which

was confirmed by Order of the Bankruptcy Court dated December 6, 2011 (the "Confirmation

Order"), and became effective on March 6, 2012.  The Court has retained post-confirmation

jurisdiction over this matter pursuant to section 14.1 of the Plan and paragraph 77 of the

Confirmation Order.

8.      Venue is proper under 28 U.S.C. §§ 157(a), 1408, and 1409.

9.      This Court has personal jurisdiction over Stearns Lending.

## FACTUAL BACKGROUND

10.     At all relevant times, LBHI engaged in the purchase and sale of mortgage loans

directly or through affiliates, including Lehman Brothers Bank, FSB ("LBB"), then sold the

loans to third parties, including Fannie Mae and Freddie Mac.

11.     Stearns Lending engages, and at all relevant times engaged, in mortgage

origination, as well as the sale of mortgage loans on the secondary market to entities such as

LBB and LBHI.

**A.      The Governing Agreements**

12.     This dispute arises out of Stearns Lending's sale of residential mortgage loans to

LBHI's assignor, LBB, under the Loan Purchase Agreement between LBB and Stearns Lending,

dated September 8, 2004 (the "LPA").  A true and correct copy of the LPA is attached hereto as

Exhibit A.

13.     The LPA specifically incorporates the terms and conditions of the Seller's Guide

of Lehman's loan administrator, Aurora Loan Services LLC (individually, the "Seller's Guide,"

and together with the LPA, the "Agreement") which sets forth additional duties and obligations

of Stearns Lending.[1]

14.     The Seller's Guide in its entirety is valid and binding on Stearns Lending.

Attached hereto as Exhibit B are the specific sections most directly pertinent to the claims in this

Complaint.

15.     The Agreement sets forth the duties and obligations of the parties with respect to

the purchase and sale of mortgage loans, including but not limited to purchase price, delivery,

and conveyance of the mortgage loans and mortgage loan documents; examination of mortgage

loan files and underwriting; representations and warranties concerning the parties and individual

mortgage loans purchased or sold; and Stearns Lending's indemnification obligations.

16.     Pursuant to the Agreement, Stearns Lending sold to LBB the Defective Loans

described in paragraphs 17-34.

17.     Stearns Lending sold Loan ******4188 to LBB pursuant to the terms of the

Agreement on November 1, 2004.

18.     Stearns Lending sold Loan ******0636 to LBB pursuant to the terms of the

Agreement on April 12, 2005.

---

[1] The operative Seller's Guide for each of the Defective Loans is the version in effect at the time
Defendant sold the loan to LBB.  Although the language of certain sections referenced throughout this
Complaint may vary slightly from Seller's Guide to Seller's Guide, it is generally consistent in all
material respects.

19.     Stearns Lending sold Loan ******7548 to LBB pursuant to the terms of the Agreement on August 4, 2005.

20.     Stearns Lending sold Loan ******6183 to LBB pursuant to the terms of the Agreement on September 9, 2005.

21.     Stearns Lending sold Loan ******7875 to LBB pursuant to the terms of the Agreement on October 3, 2005.

22.     Stearns Lending sold Loan ******3310 to LBB pursuant to the terms of the Agreement on November 17, 2005.

23.     Stearns Lending sold Loan ******4979 to LBB pursuant to the terms of the Agreement on December 21, 2005.

24.     Stearns Lending sold Loan ******0425 to LBB pursuant to the terms of the Agreement on June 1, 2006.

25.     Stearns Lending sold Loan ******7593 to LBB pursuant to the terms of the Agreement on June 5, 2006.

26.     Stearns Lending sold Loan ******3150 to LBB pursuant to the terms of the Agreement on July 7, 2006.

27.     Stearns Lending sold Loan ******3481 to LBB pursuant to the terms of the Agreement on September 20, 2006.

28.     Stearns Lending sold Loan ******2334 to LBB pursuant to the terms of the Agreement on March 29, 2007.

29.     Stearns Lending sold Loan ******6317 to LBB pursuant to the terms of the Agreement on March 29, 2007.

30.     Stearns Lending sold Loan ******6877 to LBB pursuant to the terms of the Agreement on March 29, 2007.

31.     Stearns Lending sold Loan ******3160 to LBB pursuant to the terms of the Agreement on April 12, 2007.

32.     Stearns Lending sold Loan ******1681 to LBB pursuant to the terms of the Agreement on May 3, 2007.

33.     Stearns Lending sold Loan ******2218 to LBB pursuant to the terms of the Agreement on May 29, 2007.

34.     Stearns Lending sold Loan ******6272 to LBB pursuant to the terms of the Agreement on July 2, 2007.

35.     The parties agreed that Stearns Lending's obligations would extend to any subsequent purchasers and/or assignees of the loans, such as, in this case, LBHI.  The Seller's Guide defines the "Purchaser" as LBB and, among others, its "successors and/or assigns." *See* Seller's Guide § 8.  In conjunction with the sale by LBB to LBHI of the Defective Loans, LBB assigned to LBHI all of its rights and remedies under the Agreement pertaining to the Defective Loans ******4188, ******0636, ******7548, ******6183, ******7875, ******3310, ******4979, ******0425, ******7593, ******3150, ******3481, ******2334, ******6317, ******6877, ******3160, ******1681, ******2218, and ******6272.

36.     Further, the Seller's Guide provides that LBHI, as a subsequent holder of any Mortgage Loan, "shall be a third party beneficiary" of the Agreement. *See* Seller's Guide § 711. Accordingly, LBHI as a "subsequent holder" (and third-party beneficiary) of the Defective Loans is entitled to all of the benefits of the Agreement, including the right to indemnification.

**B.**     **Stearns Lending's Representations**

37.     With respect to each of the loans sold to LBHI under the Agreement, Stearns

Lending made a number of representations, warranties, and covenants concerning the quality of

the mortgage loans.

38.     Specific examples of Stearns Lending's representations, warranties and covenants

concerning the quality of the mortgage loans include, but are not limited to the following:

a) No document, report or material furnished to Purchaser in any
Mortgage Loan File or related to any Mortgage Loan (including,
without limitation, the Mortgagor's application for the Mortgage
Loan executed by the Mortgagor), was falsified or contains any
untrue statement of fact or omits to state a fact necessary to make
the statements contained therein not misleading.  Seller's Guide
§ 703(1).

b) Seller . . . has duly and faithfully complied with and will continue
to comply with: (i) all applicable laws, rules, regulations, decrees,
pronouncements, directives, orders and contractual requirements
with respect to the origination, closing, underwriting, processing
and servicing of each Mortgage Loan . . . .  Seller's Guide §
703(8).

c) The documents, instruments and agreements submitted for loan
underwriting were not falsified and contain no untrue statement
of material fact or omit to state a material fact required to be
stated therein or necessary to make the information and
statements therein not misleading. No fraud was committed in
connection with the origination of the Mortgage Loan. The Seller
has reviewed all of the documents constituting the Mortgage
Loan File and has made such inquiries as it deems necessary to
make and confirm the accuracy of the representations set forth
herein.  Seller's Guide § 703(12).

d) The LTV/CLTV/HCLTV of each Mortgage Loan does not
exceed the maximum LTV/CLTV/HCLTV permitted by the
Underwriting Guidelines. All provisions of each PMI Policy have
been and are being complied with, and such policy is written with
a private mortgage insurance company acceptable to Purchaser,
is the binding obligation of such insurer, is in full force and effect,
and all premiums due thereunder have been paid. Seller, and if
applicable, Seller's correspondent, has not engaged in any act or

omission, and Seller has no knowledge of an act or omission by or on behalf of the Mortgagor of any other person, which act or omission would impair the coverage or validity of any such policy. The Mortgage Loan subject to a PMI Policy obligates the Mortgagor thereunder to maintain such PMI Policy and to pay all premiums and charges in connection therewith. The Mortgage interest rate for the Mortgage Loan is net of any such insurance premiums.  Seller's Guide § 703(16).

e) The Mortgage Loan has been originated and processed by Seller or Seller's correspondent in accordance with, and conforms with, the terms of this Seller's Guide and the Loan Purchase Agreement, and the Mortgage Loan has been underwritten in accordance with Underwriting Guidelines in effect as of the date of the Delivery Commitment applicable to the Mortgage Loan. The Mortgage Loan complies with all the requirements of the related Program Profile applicable to such Mortgage Loan . . . . Seller's Guide § 703(21).

f) The Mortgaged Property is lawfully occupied under applicable law, unless properly disclosed to Purchaser. All inspections, licenses and certificates required to be made or issued with respect to all occupied portions of the Mortgaged Property, or with respect to the use and occupancy of the same (including, without limitation, certificates of occupancy and fire underwriting certificates), have been made or obtained by Seller or Seller's correspondent from the appropriate authorities. The Mortgagor represented at the time of origination of the Mortgage Loan that the Mortgagor would occupy the Mortgaged Property as the Mortgagor's primary residence, if applicable.  Seller's Guide § 703(24).

g) Seller hereby represents and warrants that all appraisals and other forms of real estate valuation conducted in connection with each Mortgage Loan comply with applicable federal and state law, including without limitation, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 as applicable, and the requirements of Fannie Mae or Freddie Mac and the Seller's Guide and were conducted and delivered prior to approval of the Mortgage Loan application by either (i) in the case of an appraisal, by a qualified appraiser, duly appointed by the Seller, or (ii) a valuation method meeting the requirements of the Seller's Guide.  Seller's Guide § 703(36).

8

39.     In certain instances, Stearns Lending was also the underwriter of loans as

permitted under the Seller's Guide.  With respect to those loans, Stearns Lending additionally

represented, warranted and covenanted in Section 717(1) of the Seller's Guide that:

> All underwriting performed by Seller hereunder shall be in strict
> compliance with the underwriting guidelines and product
> descriptions contained in the Seller's Guide and such other
> guidelines and requirements as may be provided to Seller in writing
> from time to time.

40.     Stearns Lending represented and/or warranted that it had the ability to perform its

obligations under, and satisfy all requirements of, the Agreement.  *See* Seller's Guide § 702(5).

41.     LBHI relied upon the representations and warranties contained in the Agreement in

purchasing the Defective Loans.  Specifically, Section 701 of the Seller's Guide provides that:

> Seller acknowledges that Mortgage Loans are purchased in reliance
> upon: (i) the truth and accuracy of Seller's representations and
> warranties set forth in the Loan Purchase Agreement and this
> Seller's Guide, each of which representations and warranties relates
> to a matter material to such purchase; and (ii) Seller's compliance
> with each of the agreements, requirements, terms, covenants and
> conditions set forth in the Loan Purchase Agreement and this
> Seller's Guide.

42.     Stearns Lending agreed to indemnify LBHI from liabilities, claims, judgments,

losses and expenses it might sustain as a result of the Defective Loans, including attorneys' fees.

Section 711 of the Seller's Guide, entitled "Indemnification and Third Party Claims," provides,

in pertinent part, as follows:

> In addition to any repurchase and cure obligations of Seller, . . .
> Seller shall indemnify Purchaser and Purchaser's designee
> (including, without limitation, any subsequent holder of any Note)
> from and hold them harmless against all claims, losses, damages,
> penalties, fines, claims, forfeitures, lawsuits, court costs, reasonable
> attorney's fees, judgments and any other costs, fees and expenses
> that the Purchaser may sustain in any way related to or resulting
> from any act or failure to act or any breach of any warranty,
> obligation, representation or covenant contained in or made

9

pursuant to this Seller's Guide or the Loan Purchase Agreement by any agent, employee, representative or officer of Seller or Seller's correspondent. In addition to any and all other obligations of Seller hereunder, Seller agrees that it shall pay the reasonable attorney's fees of Purchaser incurred in enforcing Seller's obligation hereunder, including, without limitation, the repurchase obligation set forth above.

## C.    LBHI's Settlement With Fannie Mae and Freddie Mac

43.    Fannie Mae and Freddie Mac discovered breaches of representations, warranties and/or covenants in the Defective Loans that were co-extensive with the representations, warranties, and covenants contained in the Agreement.

44.    Fannie Mae and Freddie Mac filed proofs of claim in LBHI's bankruptcy proceeding to recover for losses on breaching mortgage loans sold to them by LBHI.

45.    LBHI examined Fannie Mae and Freddie Mac's claims, and determined that the Defective Loans contained various defects which violated the representations, warranties and/or covenants under the Agreement, including but not limited to the representations and warranties that all the information provided in the loan files were true and correct and that the loans met certain origination and underwriting requirements. Thus, Stearns Lending's breaches, acts and omissions resulted in LBHI incurring liability to Fannie Mae and Freddie Mac, which liability was settled.

46.    The Bankruptcy Court approved LBHI's settlements with Fannie Mae and Freddie Mac.

47.    The settlements triggered LBHI's right to indemnification under the Agreement with Stearns Lending.

**D.**     **Stearns Lending's Obligation to Indemnify LBHI**

48.     Stearns Lending agreed to indemnify LBHI from liabilities, claims, judgments,

losses and expenses it might sustain as a result of the Defective Loans.  *See* Seller's Guide § 711.

49.     LBHI demanded that Stearns Lending indemnify LBHI, which demand was

refused by Stearns Lending.

50.     Stearns Lending's failure and refusal to indemnify LBHI for LBHI's liability to

Fannie Mae and Freddie Mac constitutes a breach of Stearns Lending's contractual

indemnification obligations.

51.     There may be additional breaches of Stearns Lending's representations,

warranties and covenants concerning the quality of the Defective Loans for which LBHI has not

provided written notice to Stearns Lending's, or that LBHI may identify in the course of this

adversary proceeding.

52.     Pursuant to Section 8 of the LPA and Section 713 of the Seller's Guide, the laws

of the State of New York govern this contract action.

53.     All conditions precedent to bringing this action have been met, occurred or have

been waived.

<strong>FIRST CLAIM FOR RELIEF</strong>

<strong>(Contractual Indemnification)</strong>

54.     LBHI hereby incorporates by reference the allegations set forth above as though

fully set forth herein.

55.     The Agreement is a valid and enforceable contract that is binding upon Stearns

Lending.

56.     LBHI has substantially performed all of its obligations under the Agreement.

57.     Stearns Lending breached the Agreement by failing to indemnify LBHI for its

liabilities, losses, claims, judgments and any other costs, fees and expenses as to the Defective

Loans.

58.     Stearns Lending's breaches of the Agreement as to the Defective Loans resulted

in actual and consequential damages to LBHI in an amount to be determined at trial, plus

prejudgment interest pursuant to New York law, attorneys' fees, litigation costs, and all other

fees and costs provided by the Agreement.

### **PRAYER FOR RELIEF**

WHEREFORE, LBHI respectfully requests that this Court enter judgment in its favor and

against defendant Stearns Lending as follows:

a)     For damages arising from or relating to Stearns Lending's indemnification

obligation and breaches of contract, in an amount to be determined at trial;

b)     For recoverable interest;

c)     For the costs and expenses incurred by LBHI in enforcing Stearns

Lending's obligations under the Agreement, including attorneys' fees and costs and any

expert witness fees incurred in litigation; and

d)     Providing for such other relief as the Court deems just and proper.

Dated: New York, New York
      January 5, 2016

           /s William A. Maher
          William A. Maher
          James N. Lawlor
          Adam M. Bialek

          Wollmuth Maher & Deutsch LLP
          500 Fifth Avenue
          New York, New York 10110
          Telephone:  (212) 382-3300
          Facsimile:   (212) 382-0050

          *Counsel for Lehman Brothers Holdings Inc.*