SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Tel.: (216) 479-8500
Fax: (216) 479-8580
G. Christopher Meyer
christopher.meyer@squirepb.com

30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 872-9800
Fax: (212) 872-9815
Stephen D. Lerner
stephen.lerner@squirepb.com
Elliot M. Smith
elliot.smith@squirepb.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, | : | 08-13555 (SCC) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: Docket No. 51692 |

### RESPONSE OF BUCKEYE TOBACCO SETTLEMENT FINANCING AUTHORITY WITH RESPECT TO CLAIM NOS. 22666 AND 22667, OPPOSING THE PLAN ADMINISTRATOR'S FIVE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

The Buckeye Tobacco Settlement Financing Authority (the "Authority") files this response (this "Response") to the "Plan Administrator's Five Hundred Fifteenth Omnibus Objection to Claims (No Liability Claims)" [Docket No. 51692] (the "Omnibus Objection"), and respectfully states as follows:

1. The Authority is the holder of derivative contract claims against Lehman Brothers Holdings, Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF," and together

with LBHI, the "Debtors"), each of whom is a debtor in the above-captioned cases.  On or about September 18, 2009 the Authority filed Proofs of Claim designated as Claim No. 22267 against LBHI (the "LBHI Claim") and Claim No. 22266 against LBSF (the "LBSF Claim," and together with the LBHI Claim, the "Claims").  Each of the Claims is in the amount of $29,442,000.

2.    On December 21, 2015 (the "Objection Date"), LBHI, as the Plan Administrator, filed the Omnibus Objection.  The Omnibus Objection seeks to disallow the Claims in full and relies solely on the unsupported conclusion that "[t]he Plan Administrator has reviewed the Reserve Fund Agreement, the claims, and questionnaires filed by Buckeye Tobacco…and based on the Plan Administrator's valuation, has determined that LBSF, and therefore LBHI, has no liability to the Claimants" Omnibus Objection at ¶8.

3.    The Plan Administrator offers no factual support or evidence of any kind for its objection to the Claims.  The objection fails to raise or identify any issue of law or fact to call into question the validity, enforceability or amount of the Claims, which are supported by the documents filed with the Claims and by the questionnaire responses submitted separately to the Debtors in accordance with the Court's *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271].[1]  In fact, the Plan Administrator does not even attempt to proffer an alternative calculation of the Claims to support the reduced amounts listed in the Omnibus Objection, merely stating that it undertook a wholly self-serving process to determine that the Debtors had no liability with respect to the Claims.  *See* Omnibus Objection at ¶¶ 9-10.

4.    "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the

---

[1] The Claims are incorporated herein by reference.

claim." Fed. R. Bankr. P. 3001(f). A claim for which a proof of claim is filed is deemed allowed unless a party-in-interest objects. 11 U.S.C. § 501(a). An objecting party cannot overcome the *prima facie* validity of a properly filed proof of claim merely by stating that the claim is too large; the evidence supporting the objection must at least rise to the level of the evidence submitted in support of the claim. *See In re Jensen,* Case No. 09-14830 (MG), 2010 Bankr. LEXIS 229, *7-8 (Bankr. S.D.N.Y. Feb. 3, 2010) ("A properly filed proof of claim is prima facie evidence of the validity and the amount of the claim. The party objecting to the claim has the burden of introducing evidence sufficient to rebut the presumption of validity. Debtor must marshal evidence sufficient to demonstrate a true dispute with probative force equal to the contents of the Claim.") (citations omitted) *See also Fullmer v. United States (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. Only then is the ultimate burden of persuasion with the proponent of the proof of claim.") (citations omitted).

5. The Omnibus Objection fails to rebut in any respect the *prima facie* case established by the Claims and supported by the Authority's responses to the Questionnaire. Indeed, the Omnibus Objection is even more obviously insufficient to overcome the *prima facie* validity of the Claims in light of the fact that the Debtors imposed an extraordinary burden on the Authority, not otherwise imposed by the Bankruptcy Code or the Bankruptcy Rules, by requiring completion of the questionnaires. The Plan Administrator cannot now, after requiring extensive

3

evidence to support the Claims, attempt to substantially reduce the Claims without presenting any evidence whatsoever to rebut the Claims.

6. The Claims are sufficient to support entitlement to allowance on their face and nothing contained in the Omnibus Objection provides any basis for the Court to reduce or disallow the Claims. The Court should therefore overrule the Omnibus Objection insofar as it relates to the Claims and enter an order allowing the Claims in the full amounts asserted therein.

7. Finally, the Omnibus Objection mischaracterizes the procedural history regarding the Claims by stating that "[n]o previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court." *See* Omnibus Objection at ¶ 14. In fact, the Claims were the subject of prior objections asserted by the Debtors as part of Debtors' One hundred Ninety-First Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 19888] (the "Original Objection"). Following numerous adjournments, the Original Objection was withdrawn. In the interim, the parties have engaged in mediation and direct negotiations in efforts to resolve the issues regarding the Claims.

8. The Authority reserves all of its rights with respect to the Claims, including, without limitation, the right to supplement this Response in connection with any further objection of the Debtors or the Plan Administrator or otherwise.

WHEREFORE, the Authority respectfully requests that this Court overrule the Omnibus Objection in its entirety as it relates to the Claims and enter an order allowing the Claims in the amounts asserted therein.

| | |
|---|---|
| Dated: January 12, 2016<br>       Cleveland, Ohio | Respectfully Submitted,<br><br> /s/ G. Christopher Meyer<br>G. Christopher Meyer (Ohio No. 0016268)<br>Squire Patton Boggs (US) LLP<br>4900 Key Tower, 127 Public Square<br>Cleveland, Ohio 44114<br>Tel.: (216) 479-8500<br>Fax: (216) 479-8580<br>Email: christopher.meyer@squirepb.com<br><br>Stephen D. Lerner (Ohio No. 2067841)<br>Elliot M. Smith (Ohio No. 0078506)<br>Squire Patton Boggs (US) LLP<br>30 Rockefeller Plaza<br>New York, New York  10112<br>Tel.: (212) 872-9800<br>Fax: (212) 872-9815<br>Email:   stephen.lerner@squirepb.com<br>            elliot.smith@squirepb.com<br><br>*Counsel for the Buckeye Tobacco Settlement Financing Authority* |