WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (SCC)
                                                    :
              Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------ x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING THE PLAN ADMINISTRATOR'S (I) REPLY TO RESPONSE TO AND
(II) SUPPLEMENTAL OBJECTION TO CERTAIN CLAIMS LISTED ON DEBTORS'
TWO HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.  On December 21, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the *Plan Administrators' (I) Reply to Response to and (II) Supplemental Objection to Certain Claims Listed on Debtors'*

*Two Hundred Seventeenth Omnibus Objection* [ECF No. 51691] (the "Supplemental Objection") with respect to the claims listed on Exhibit A hereto (the "Claims").

        2.       In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Supplemental Objection. The Response Deadline was set for January 14, 2016 at 4:00 p.m. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed with respect to the Claims. To the best of my knowledge and with respect to the Claims, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Supplemental Objection annexed hereto as Exhibit B, be entered in accordance with the procedures described in the Second Amended Case Management Order. No changes have been made that would affect the Claims.

I declare that the foregoing is true and correct.

Dated:  January 15, 2016
        New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**Exhibit A**

| Claimant | Claim Number |
|---|---|
| Falcon Leven | 62826 |
| ASR Levensverzekering N.V. | 62827 |
| N.V. Amersfoortse Levensverzekering Maatschappij | 62828 |

**<u>Exhibit B</u>**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (SCC)
                                                     :
                         Debtors.                    : (Jointly Administered)
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING PLAN ADMINISTRATOR'S
(I) REPLY TO RESPONSE TO AND (II) SUPPLEMENTAL OBJECTION
TO CERTAIN CLAIMS LISTED ON DEBTORS' TWO HUNDRED
SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**

Upon the *Plan Administrator's (I) Reply to Response to and (II) Supplemental Objection to Certain Claims Listed on Debtors' Two Hundred Seventeenth Omnibus Objection to Claims*, dated December 21, 2016 (the "Supplemental Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Claims, all as more fully described in the Supplemental Objection; and due and proper notice of the Supplemental Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Supplemental Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Supplemental Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Objection.

ORDERED that the relief requested in the Supplemental Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, all portions of the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

| Claimant | Claim Number |
|---|---|
| Falcon Leven | 62826 |
| ASR Levensverzekering N.V. | 62827 |
| N.V. Amersfoortse Levensverzekering Maatschappij | 62828 |