Hearing Date and Time: January 21, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: January 14, 2016 at 4:00 p.m. (Prevailing Eastern Time)

**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th St.
New York, NY 10019
(212) 265-6888 Telephone
(212) 957-3983 Facsimile
Attorney Appearing:   Robert M. Schechter (RS-0601)
                     Rachel A. Parisi (RP-3786)

*Attorneys for Aadit Seshasayee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*. | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**AADIT SESHASAYEE'S REPLY TO LEHMAN BROTHERS HOLDINGS INC.'S OBJECTION TO THE MOTION OF AADIT SESHASAYEE FOR RECONSIDERATION, PURSUANT TO 11 U.S.C. § 502(j), FED. R. BANKR. P. 3008 AND 9024, AND LOCAL BANKRUPTCY RULE 3008-1, OF THE DISALLOWANCE OF HIS CLAIM**

TO:   THE HONORABLE SHELLEY C. CHAPMAN
       UNITED STATES BANKRUPTCY JUDGE

Aadit Seshasayee (Claim No. 0000005132) ("Mr. Seshasayee"), in reply to the objection (the "Objection") [Dkt. No. 51824] of Lehman Brothers Holdings Inc. ("LBHI") to Mr. Seshasayee's motion for reconsideration [Dkt. No. 51601] and supplement thereto [Dkt. No. 51751] (together, the "Reconsideration Motion"), pursuant to 11 U.S.C. § 502(j), Fed. R. Bankr. P. 3008 and 9024, and Local Bankruptcy Rule 3008-1, of the disallowance of his claim pursuant to the Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims

1

3271660

(Employment-Related Claims) [Dkt. No. 27107] (the "Claim Objection Order"), respectfully states as follows:

1. Without citation to law or factual certification, LBHI argues in response to Mr. Seshasayee's Reconsideration Motion that the unserved Claim Objection[1] sent to an incorrect address, and the related unserved Claim Objection Order, which was either sent to the same incorrect address or not sent at all (as there does not appear to be any affidavit of service on the docket linked to the Claim Objection Order), should stand.[2] Simply put, the applicable rules and law, and notion of due process, do not support LBHI's position and Mr. Seshasayee's Reconsideration Motion should be granted.

2. "The party asserting the validity of service bears the burden of proof on that issue." Ignition Media Grp., LLC v. Pantel Sys., Inc., 2007 WL 2728662, at *1 (E.D. Pa. Sept. 14, 2007) (internal citation omitted); see also In re Metzger, 346 B.R. 806, 815 (Bankr. N.D. Cal. 2006) ("The party attempting service is responsible for proper service and bears the burden of proof that it has been accomplished."). Despite this well settled principle, LBHI has failed to satisfy – or even attempt to satisfy – its burden. LBHI, instead, lists questions for the hypothetical situation wherein it did not use an incorrect address. This smoke and mirrors strategy does not satisfy LBHI's burden. Moreover, service to an *almost* correct address has been found insufficient to effectuate service. See In re Gordon, 2013 WL 1187561, at *2 (Bankr. D. Nev. Mar. 21, 2013) (noting that service was insufficient wherein, *inter alia*, mail was sent to an attorney at the address of 208 South Jones Blvd., Suite 110, and the correct address for the attorney was 212 South Jones Boulevard, Suite 100.).

---

[1] Capitalized terms defined herein shall have the meaning ascribed to such terms in the Reconsideration Motion.
[2] Notably, LBHI has not responded in its Objection to the issue that there does not appear to be any affidavit of service on the docket linked to the Claim Objection Order.

3. It must also be noted here that LBHI makes a general assertion in its Objection, without support, that "Mr. Seshasayee has not met his burden to establish cause to justify reinstatement of his claim." Despite this bald assertion, LBHI's Objection does not contest <u>any</u> of the substantive circumstances relating to Mr. Seshasayee's rights and claims against LBHI documented in the Reconsideration Motion, which further support reinstatement of Mr. Seshasayee's claim, and include, *inter alia*, Mr. Seshasayee's fourteen year employment relationship with LBHI, LBHI's recognition of its expatriate agreement with Mr. Seshasayee in its own Schedules of Assets and Liabilities, and LBHI's failure to satisfy its obligations to Mr. Seshasayee including its failure to prepare his tax returns.

4. For the reasons set forth above and in Mr. Seshasayee's Reconsideration Motion, Mr. Seshasayee respectfully requests that the Court enter an Order substantially in the form attached to the Reconsideration Motion granting reconsideration of the Claim Objection Order with respect to Mr. Seshasayee's Proof of Claim and allowing Mr. Seshasayee's Proof of Claim, as amended.

**<u>NOTICE</u>**

5. Mr. Seshasayee has served this Reply on all ECF Notice parties and: (i) the Chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, NY 10004-1408, Courtroom 623; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq. and Jacqueline Marcus, Esq.; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.; (iv) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian

Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (v) all parties listed on the Master Service List in accordance with the Court's Second Amended Case Management Order [Dkt. No. 9635].

Dated:     January 19, 2016

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Aadit Seshasayee*

By:    */s/ Robert M. Schechter*
       Robert M. Schechter