WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :   08-13555 (SCC)
                                                                   :
                              Debtors.                             :   (Jointly Administered)
------------------------------------------------------------------ x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING THE PLAN ADMINISTRATOR'S FIVE HUNDRED FIFTEENTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.   On December 21, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the Plan Administrator's Five Hundred Fifteenth Omnibus Objection to Claims (No Liability Claims) [**ECF No. 51692**] (the "Claims Objection") with the Court for hearing.

2.   In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Claims Objection.  The Response Deadline was set for January 14, 2016 at 4:00 p.m.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.   The Response Deadline has now passed with respect to claim numbers 31014 and 31015.  To the best of my knowledge and with respect to claim numbers 31014 and 31015, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator.  Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Claims Objection solely with respect to claim numbers 31014 and 31015, annexed hereto as Exhibit A, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:   January 19, 2016
        New York, New York

    /s/ Garrett A. Fail
    Garrett A. Fail

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    *Attorneys for Lehman Brothers Holdings Inc.*
    *and Certain of Its Affiliates*

**<u>Exhibit A</u>**

Proposed Order

WEIL:\95451504\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                  :    Chapter 11 Case No.
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (SCC)
                                                                       :
                            Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

# ORDER GRANTING FIVE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred fifteenth omnibus objection to claims, dated December 21, 2015 (the "Five Hundred Fifteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to expunge claim numbers 31014 and 31015, all as more fully described in the Five Hundred Fifteenth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Fifteenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Fifteenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Fifteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Fifteenth Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Fifteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim numbers 31014 and 31015 are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

                                                      _____
                                                      UNITED STATES BANKRUPTCY JUDGE