**HEARING DATE AND TIME: February 23, 2016 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 16, 2016 at 4:00 p.m. (Eastern Time)**

> **THE FIVE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT 212-310-8054.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FIVE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on January 21, 2016 Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-

referenced chapter 11 cases, filed the five hundred sixteenth omnibus objection to claims (the

"Five Hundred Sixteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Five Hundred Sixteenth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 23, 2016 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Sixteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., and Melissa Siegel, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 16, 2016 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Sixteenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Sixteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 21, 2016
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: February 23, 2016 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 16, 2016 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :     Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :     08-13555 (SCC)
                                                    :
                    Debtors.                        :     (Jointly Administered)
------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FIVE HUNDRED SIXTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FIVE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT 212-310-8054.**

1

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

## RELIEF REQUESTED

1. The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims").

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.  General Background**

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for

2

the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases. [ECF No. 4271 at 2, 7–8]. The Bar Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." *Id.* at 9–10.

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011 the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

3

**A.     Claim Number 27010 filed by Sparkasse Pforzheim Calw ("Sparkasse")**

8.     Claim number 27010, filed by Sparkasse, asserts a claim for $1,425,009.95 based on a purported guarantee of the obligations of LBF arising under a German master agreement governing derivative transactions entered into between Sparkasse and LBF, dated September 15, 2000 (the "Master Agreement"); however, Sparkasse did not describe or provide any specific guarantee by LBHI of LBF's liabilities arising under the Master Agreement and LBHI is not aware of any such guaranty. Accordingly, Sparkasse has failed to state a claim against LBHI and claim number 27010 should be disallowed and expunged in its entirety.

**B.     Claim Numbers 17063 and 23565 (the "Intercompany Claims")**

9.     Claim number 17063 was filed by Amadeus (Holdings) U.K. Ltd. ("Amadeus"). Amadeus asserts no amounts owed by LBHI and says in its proof of claim "[a]ccording to Amadeus' records, the intercompany account . . . currently shows no amount owing to Amadeus by LBHI." (*See* claim number 17063 ¶ 7.)

10.    Claim number 23565 was filed by Lehman Brothers Nominees Limited ("LBNL"). This proof of claim likewise asserts no amount owed and states that "[a]ccording to [LBNL's] records, the intercompany account . . . currently shows no amount owing to [LBNL] by LBHI." (*See* claim number 23565 ¶ 7.)[1]

11.    The Intercompany Claims failed to state claims against LBHI and should be disallowed and expunged in their entirety.

---

[1] In a questionnaire submitted with its claim, LBNL stated that LBHI is indebted to LBNL in an amount not less than $175.00 as a guarantor of Lehman Brothers International (Europe) ("LBIE"), but LBNL did not provide any support for any such amounts and, to date, LBIE has satisfied its creditors in full.

4

## RESERVATION OF RIGHTS

12.     The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein.  The Plan Administrator reserves the right to conduct discovery as to the No Liability Claims and any matters raised by Claimants and to supplement this and other filings as a result thereof.

## NOTICE

13.     No trustee has been appointed in these chapter 11 cases.  Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

14.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.[2]

---

[2] Claim number 27010 was previously reclassified as an unsecured claim pursuant to the Order Granting Debtors' One Hundred and Eighty Sixth Omnibus Objection to Claims (Misclassified Claims) (ECF No. 21371).

5

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: January 21, 2016
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

WEIL:\95589434\4\58399.0011

# EXHIBIT A

WEIL:\95589434\4\58399.0011

# IN RE: LEHMAN BROTHERS HOLDINGS INC., et al., CASE NO: 08-13555 (SCC)
## OMNIBUS OBJECTION 516: NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | AMADEUS (HOLDINGS) U.K. LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17063 | Undetermined | Undetermined | No Liability |
| 2 | LEHMAN BROTHERS NOMINEES LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23565 | Undetermined | Undetermined | No Liability |
| 3 | SPARKASSE PFORZHEIM CALW | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27010 | $1,425,009.95 * | $1,425,009.95 * | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                     :     Chapter 11 Case No.
                                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :     08-13555 (SCC)
                                                                               :
                              Debtors.                               :     (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING FIVE HUNDRED SIXTEENTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILTY CLAIMS)

Upon the five hundred sixteenth omnibus objection to claims, dated January 21, 2016 (the "Five Hundred Sixteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Five Hundred Sixteenth Omnibus Objection to Claims; and due and proper notice of the Five Hundred Sixteenth Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Sixteenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Sixteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Sixteenth Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Sixteenth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2