# SETTLEMENT AGREEMENT

AGREEMENT dated as of January 25, 2016 between JPMorgan Chase Bank, N.A., in its own capacity ("JPMCB") and as successor in interest to Bear Stearns Credit Products Inc. (as successor in interest, "BSCP") and as successor in interest to Bear Stearns Forex Inc. (as successor in interest, "BSF"), J.P. Morgan Markets Limited (f/k/a Bear Stearns International Limited) ("JPMML"), J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.) ("JPMSL"), J.P. Morgan Ventures Energy Corporation ("JPMVEC"), JPMorgan Chase & Co. ("JPMC"), J.P. Morgan Dublin plc (f/k/a J.P. Morgan Bank Dublin plc) ("JPMBD" and collectively with JPMCB, BSCP, BSF, JPMML, JPMSL, JPMVEC and JPMC, "JPMorgan"), Lehman Brothers Holdings Inc., in its individual capacity and as Plan Administrator ("LBHI"), Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commodity Services Inc. ("LBCS"), Lehman Brothers Commercial Corp. ("LBCC" and collectively with LBHI, LBSF and LBCS, "Lehman") and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee") (each a "Party" and collectively the "Parties").    Reference is made to Section 1 below for the meaning of certain capitalized terms used herein without definition.

## Background

A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, as amended, before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) at Case No. 08-13555 (SCC).  The Committee is the official committee of unsecured creditors appointed in the Chapter 11 Cases.

B.    On December 6, 2011, the Bankruptcy Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of LBHI and Its Affiliated Debtors (the "Plan"), Case No. 08-13555 at Dkt. 23023.  LBHI was appointed as Plan Administrator under the Plan, with the powers and authority stated in the Plan.  Pursuant to the Plan, the litigation subcommittee of the Committee (the "Subcommittee") has a continuing role with respect to the Avoidance Action and Derivatives Action referred to below.

C.    LBHI and the Committee commenced an adversary proceeding in the Bankruptcy Court against JPMCB on May 26, 2010, Case No. 10-03266 at Dkt. 1, amended on September 15, 2010, Case No. 10-03266 at Dkt. 19 (the "Amended Complaint"), which was removed to the District Court for the Southern District of New York in 2014, Case No. 11-cv-6760 at Dkt. 45 (the "Avoidance Action").  JPMCB also asserted counterclaims against LBHI in the Avoidance Action on December 1, 2010, Case No. 10-03266 at Dkt. 33, amended on February 17, 2011, Case No. 10-03266 at Dkt. 63 (as amended, the "Counterclaims").

D.    LBHI and the Committee asserted forty-nine claims in the Amended Complaint in the Avoidance Action.  Twenty of these claims were dismissed on May 4, 2012, Case No. 10-03266 at Dkt. 139.  Twenty-three of the remaining claims were dismissed on September 30, 2015, Case

No. 11-cv-6760 at Dkt. 100. Six of the claims remain. There are no pending motions in the Avoidance Action.

E.      JPMCB asserted eight claims in the Counterclaims in the Avoidance Action. One of the Counterclaims was voluntarily dismissed, Case No. 11-cv-6760 at Dkt. 100, n.8. None of the remaining Counterclaims has been dismissed. There are no pending motions on the Counterclaims.

F.      Lehman and the Committee as a Proposed Plaintiff Intervenor commenced an adversary proceeding and claims objection in the Bankruptcy Court against several of the JPMorgan Parties on September 14, 2012, Case No. 12-01874 at Dkt. 1, amended on November 16, 2012, Case No. 12-01874 at Dkt. 6 (as amended, the "Derivatives Action"). The claims to which Lehman and the Committee objected are derivatives claims (both direct and guaranties) included in Claim Nos. 66451, 66453, 66454, 66455, 66462, 66470, 66472, 66473, 66474 and 66476. There are no pending motions in the Derivatives Action.

G.      LBHI commenced a claims objection in the Bankruptcy Court against JPMCB and JPMML on January 7, 2015, Case No. 08-13555 at Dkt. 47718 (the "LBF/LBI Derivatives Action"). The claims to which LBHI objected are guaranties of derivatives claims included in Claim Nos. 66462 and 66474. There are no pending motions in the LBF/LBI Derivatives Action.

H.      LBHI and LBSF commenced a claims objection in the Bankruptcy Court against JPMCB on January 7, 2015, Case No. 08-13555 at Dkt. 47716 (the "WaMu Derivatives Action"). The claims to which LBHI and LBSF objected are derivatives claims (both direct and guaranties) included in Claim Nos. 66462 and 66455. There are no pending motions in the WaMu Derivatives Action.

I.      LBHI filed a motion in the Bankruptcy Court on July 25, 2014 seeking an order determining, among other things, (a) that the automatic stay in its chapter 11 case remains in full force and effect, (b) the applicability of state law tolling statutes and 11 U.S.C. § 108(c) to state law fraudulent conveyance claims of individual creditors against JPMorgan ("SLCFC Actions"), and (c) that upon resolution, including settlement, of the Avoidance Action, "such resolution would finally dispose of any and all litigation challenging the subject obligations and transfers, including any SLCFC [Actions] of individual creditors," Case No. 08-13555 at Dkt. 45406. JPMCB and LBHI resolved JPMCB's potential objections to such motion by entering into a Tolling Agreement and Stipulated Order Relating to Fraudulent Transfer Claims of Individual LBHI Creditors, which was endorsed by the Bankruptcy Court on August 11, 2014, providing, among other things, that "LBHI retains exclusive power to settle the [Avoidance Action] on behalf of all creditors of the LBHI estate, and to the extent LBHI settles the [Avoidance Action], such settlement shall be binding on individual creditors with respect to any SLCFC [Actions] asserted or assertable against [JPMCB]." Case No. 08-13555 at Dkt. 45685.

J.      Lehman has represented to JPMorgan that it has objected to all of the JPMorgan Parties' claims in the Chapter 11 Cases to which it will object and will not object to any other claims of the JPMorgan Parties.

K.      JPMCB and LBHI are parties to a Collateral Disposition Agreement dated March 16, 2010 (as amended and supplemented from time to time, the "CDA"), which was authorized by the Bankruptcy Court by order dated March 24, 2010, Case No. 08-13555 at Dkt. 7619, 7785. Section 6 of the CDA obligates the Parties to pay adjustments in respect of certain changes to the Subrogated Claims (as defined in the CDA) acquired by LBHI from JPMorgan pursuant to the CDA, all subject to and in accordance with the terms and conditions of the CDA. LBHI has made deposits into the Debtor Deposit (as defined in the CDA) in respect of accrued and potential adjustments under Section 6 of the CDA, the current balance of which is approximately $76 million.

L.      JPMCB and LBHI are parties to letter agreements amending and supplementing the CDA dated March 31, 2010, July 12, 2010, April 1, 2011, February 21, 2012, April 5, 2012, November 26, 2013 (the "November 26 Letter"), April 29, 2014 (the "April 29 Letter"), June 13, 2014 (the "June 13 Letter"), September 4, 2014 (the "September 4 Letter") and March 12, 2015 (the "March 12 Letters"). JPMorgan's obligations under Section 6 of the CDA in respect of each "Adjustment" as such term is defined respectively in each of the November 26 letter ($2,994,315.35), the April 29 Letter ($2,388,117.00) and the June 13 Letter ($1,683,983.12), as well as the obligations under Part I of the September 4 Letter and the obligations under Sections 3 and 4 of each of the March 12 Letters with the word "Count" in the title, are hereinafter referred to collectively as the "Letter Agreement True-up Obligations."

M.      JPMCB and the Trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI") are parties to a Settlement Agreement dated as of April 20, 2011, which was approved by the Bankruptcy Court in the LBI SIPA proceeding in an order dated June 23, 2011, Case No. 08-01420 at Dkt. 4356, which provided, among other things, for the reversal of the application of $43,228,106.95 of LBI cash to claims asserted by JPMCB against LBI that were guaranteed by LBHI, Case No. 08-01420 at Dkt. 4242. LBHI's obligations under Section 6 of the CDA in respect of such reversal are hereinafter referred to as the "LBI Settlement True-up Obligation."

N.      The claim that is the subject of the WaMu Derivatives Action ($80,313,435) and a claim arising from securities options transactions that JPMCB acquired from WaMu ($2,179,688) have been determined by Binding Determinations (as defined in the CDA) not to have been validly secured by cash collateral posted by LBHI. Both of these claims are Subrogated Claims under the CDA. JPMCB's obligations under Section 6 of the CDA in respect of such Binding Determinations are hereinafter referred to as the "WaMu True-up Obligations," and LBHI's obligations under Section 6 of the CDA to transfer to JPMCB such Subrogated Claims and any prior distributions thereon are hereinafter referred to as the "WaMu Re-transfer Obligations."

O.      Any Binding Determination (as defined in the CDA) reducing the amount of claims that are the subject of the Derivatives Action, the LBF/LBI Derivatives Action or the WaMu Derivatives Action could give rise to obligations on the part of the relevant JPMorgan entity to pay adjustments under Section 6 of the CDA. All such obligations, whether actual or contingent, are hereinafter referred to collectively as the "Derivatives True-up Obligations." The Letter Agreement True-up Obligations, the LBI Settlement True-up Obligation, the WaMu True-up Obligations and the Derivatives True-up Obligations are hereinafter referred to collectively as the "Settled True-up Obligations."

P.      Lehman and JPMorgan have numerous disputes regarding the Settled Actions, and desire to provide now for the treatment of the Settled True-up Obligations and WaMu Re-transfer Obligations.  JPMCB and LBHI have engaged in extensive discussions and negotiations in a good faith attempt to reach a consensual resolution of the Settled Actions, with the mutual intent and understanding that the only remaining disputes among them after implementation of this settlement will be those arising in the Excluded Actions.

Q.      The Parties desire to provide for the resolution of all of the Settled Actions, and the treatment of the Settled True-up Obligations and the WaMu Re-transfer Obligations, all on the terms and conditions set forth below.

**THEREFORE, IT IS AGREED**, for good and valuable consideration, the receipt and sufficiency of which are acknowledged:

### Terms and Conditions

1.      <u>Defined Terms</u>.   In this Settlement Agreement, the following terms shall have the following respective meanings.

"<u>Actions</u>" means all claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"<u>Approval Order</u>" means an order of the Bankruptcy Court authorizing and implementing this Settlement Agreement in the form of Exhibit A hereto (with only such changes to which each of the Parties may agree in their sole discretion).

"<u>Consummation Date</u>" means the date on which the wire transfer contemplated by Section 2 shall have been made.

"<u>Effective Date</u>" means the date on which the Approval Order shall have become final and no longer subject to appeal.

"<u>Excluded Actions</u>" means the LBSF Action, the Tassimo Action, the Other Objections and the Non-CDA Claims.

"<u>Execution Date</u>" means the date on which this Settlement Agreement shall have been executed and delivered by all of the Parties.

"<u>JPMorgan Party</u>" means any of JPMCB, BSCP, BSF, JPMML, JPMSL, JPMVEC, JPMC, and JPMBD.

"<u>Lehman Party</u>" means any of LBHI, LBSF, LBCS and LBCC.

"LBSF Action" means the adversary proceeding commenced by LBSF in the Bankruptcy Court against various parties, on September 14, 2010, Case No. 10-03547 at Dkt. 1, to which JPMCB and JPMSL (originally incorrectly named) were added as parties in the second amended complaint filed on July 23, 2012, Case No. 10-03547 at Dkt. 303-1, last amended on October 13, 2015, Case No. 10-03547 at Dkt. 1156, and any related defenses belonging to JPMCB and JPMSL.  There are pending motions in the LBSF Action.

"Non-CDA Claims" means any claims filed by JPMorgan for a customer, as agent, as trustee, in any other representative capacity, or otherwise in respect of which JPMorgan did not assert in the relevant proofs of claim that such claims were secured by the collateral posted by LBHI pursuant to its August and September 2008 Guaranties and Security Agreements in favor of JPMorgan.

"Settled Actions" means any and all Actions relating to the matters, facts and circumstances described in, or arising from, or related in any way to any of the matters, facts and circumstances underlying or related to the Actions described in, paragraphs C through I of the Background section of this Settlement Agreement, other than the Excluded Actions.  For the avoidance of doubt, the Settled Actions include, without limitation, the Avoidance Action, the Derivatives Action, the LBF/LBI Derivatives Action, the WaMu Derivatives Action and the SLCFC Actions, but exclude the Excluded Actions.

"Tassimo Action" means the claims objection commenced by LBHI in the Bankruptcy Court against JPMCB on August 31, 2011, Case No. 08-01420 at Dkt. 4528, amended on October 11, 2011, Case No. 08-01420 at Dkt. 4630, and any related defenses belonging to JPMCB.  The claims to which LBHI objected were included in Claim Nos. 66462 (against LBHI) and 4939 (against Lehman Brothers Inc.).  There are no pending motions in the Tassimo Action.

"Other Objections" means the 492nd Omnibus Objection commenced by LBHI in the Bankruptcy Court against several JPMorgan Parties regarding insufficient documentation claims on January 7, 2015, Case No. 08-13555 at Dkt. 47715 and the claims objection commenced by LBHI in the Bankruptcy Court against JPMCB regarding securities lending claims on January 7, 2015, Case No. 08-13555 at Dkt. 47719, and any related defenses belonging to said JPMorgan Parties.

2.      Transfer of Funds to LBHI; Dismissal of Avoidance Action.  Within 5 business days after the Effective Date, JPMCB shall transfer and deliver to LBHI $1,420,000,000 for itself and the benefit of the other Lehman Parties by wire transfer of immediately available funds to the following account:

> Branch: Citibank New York
> SWIFT: CITIUS33
> ABA: 021000089
> Address: 111 WALL STREET
> NEW YORK, NEW YORK 10043 (USA)

Account Number: 3078-4686
Account Name: Lehman Brothers Holdings Inc.

Within one business day after such transfer, LBHI, the Committee and JPMCB shall execute, and LBHI shall file, a notice of dismissal of the Avoidance Action and Counterclaims, with prejudice, in the form of Exhibit B hereto, with the court presiding over the Avoidance Action and Counterclaims.

3.    <u>Mutual Releases</u>.

(a)    Automatically upon the Consummation Date, all of the Lehman Parties and the Committee and each of its members, in its capacity as such, hereby do and shall be deemed to forever generally release, waive and discharge each and every of the JPMorgan Parties, all of their parents, subsidiaries and affiliates and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives (collectively, the "JPMorgan Releasees") from and in respect of all Settled Actions, *except* that (a) the foregoing release, waiver and discharge shall not release, waive or discharge (i) any Excluded Action and (ii) the right to enforce this Settlement Agreement, and (b) with respect to the derivatives claims objected to in the Derivatives Action, the LBF/LBI Derivatives Action and the WaMu Derivatives Action, the derivatives claim asserted by JPMCB against LBSF in Proof of Claim No. 66455 will be reduced and allowed in the amount of $566,506,000 against LBSF and assigned to LBHI on a final basis, and the remaining such derivatives claims will be assigned to LBHI on a final basis and reconciled in amounts set forth in a joint instruction letter submitted to the claims agent retained in the Chapter 11 Cases.

(b)    Automatically upon the Consummation Date, all of the JPMorgan Parties hereby do and shall be deemed to forever generally release, waive and discharge each and every of the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such), all of their parents, subsidiaries and affiliates (in each case who are debtors in the Chapter 11 Cases) and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives from and in respect of the Settled Actions, *except* that (a) the foregoing release, waiver and discharge shall not release, waive or discharge (i) any Excluded Action or any claim filed by any of the JPMorgan Releasees (other than the derivatives claims described in clause (b) immediately below to the extent such claims exceed the amounts allowed pursuant to such clause (b)), and (ii) the right to enforce this Settlement Agreement, and (b) with respect to the derivatives claims objected to in the Derivatives Action, the LBF/LBI Derivatives Action and the WaMu Derivatives Action, the derivatives claim asserted by JPMCB against LBSF in Proof of Claim No. 66455 will be reduced and allowed in the amount of $566,506,000 against LBSF and assigned to LBHI on a final basis, and the remaining such derivatives claims will be assigned to LBHI on a

6

final basis and reconciled in amounts set forth in a joint instruction letter submitted to the claims agent retained in the Chapter 11 Cases.

(c)    Each Lehman Party and the Committee and each of its members (solely in their capacities as such) confirms and agrees that it will commence no further Actions against any of the JPMorgan Releasees (other than any Action in the LBSF Action to the extent permitted under existing agreements among the relevant Parties), including that it will not object to or otherwise challenge claims (other than those objected to in the Excluded Actions) filed by any of the JPMorgan Releasees in the Chapter 11 Cases, and releases and waives any such further Action, objection or challenge.

(d) All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in Sections 3(a), (b) and (c).  Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

(e)    Each Party represents and warrants that it has not sold, assigned, transferred or otherwise disposed of (other than by release or pursuant to the CDA), and will not sell, assign, transfer or otherwise dispose of (other than by release or pursuant to the CDA), any Action purported to be released by such Party pursuant to Sections 3(a), (b) or (c) (a "Released Action") or, for the avoidance of doubt, any Action that, if not for any such sale, assignment, transfer or other disposition, would constitute a Released Action.

(f)    For the avoidance of doubt, nothing in this Settlement Agreement (including the releases provided herein) waives, alters or otherwise changes the Parties' obligations under the Confidentiality Stipulation and Protective Order in the Avoidance Action (Case No. 10-3266, Dkt. 16) or the Confidentiality Stipulation and Protective Order in the Derivatives Action (Case No. 12-01874, Dkt. No. 17).

4.    <u>CDA</u>.  Automatically upon the Consummation Date, the rights and obligations of the Parties under the CDA shall be modified as follows:

(a)    Lehman shall no longer have an obligation to make a Debtor Deposit, and JPMorgan shall no longer have an obligation to make a JPMC Deposit (in each case as such terms are defined in the CDA) in respect of any current or future obligation under Section 6 of the CDA.  Lehman may withdraw any amount deposited as a Debtor Deposit, and JPMorgan may withdraw any amount deposited as a JPMC Deposit. JPMorgan shall execute and deliver such documents as may be reasonably necessary to permit LBHI to withdraw and liquidate the funds and investments in the Debtor Deposit, including executing and delivering the termination letter attached hereto as Exhibit C. All prior agreements between Lehman Parties (or any of them) and JPMorgan Parties (or

any of them) regarding the treatment of the Debtor Deposit, JPMC Deposit and/or disputed claims reserves are hereby superseded and terminated.

(b)    The Settled True-up Obligations and the WaMu Re-transfer Obligations shall be released and extinguished, and any future determinations under Section 6 of the CDA shall be made without reference to the Settled True-up Obligations and the WaMu Re-transfer Obligations.

(c)    For purposes of the CDA, (a) this Settlement Agreement shall constitute a Binding Determination (as such term is defined in the CDA) to the effect that each JPMorgan Party had a valid security interest in all Collateral (as such term is defined in the CDA) applied to its Claims (as such term is defined in the CDA), and (b) other than the wire transfer provided for in Section 2, no JPMorgan Party shall have any obligation under Section 6 of the CDA in respect of any reduction of the allowed amount of any Claim (as so defined) included in the Settled Actions.

Each JPMorgan Party and Lehman Party confirms that any obligations owed to and owed by such Party under Section 6 of the CDA may be offset and paid on a net basis.  Except as expressly modified above in this Section 4, the CDA shall remain in full force and effect.

5.    <u>Bankruptcy Court Approval</u>.

(a)    The obligations of the Lehman Parties to this Settlement Agreement are subject to Bankruptcy Court approval, except that LBHI's obligations under this Section 5(a) are effective upon the Execution Date.  Effective upon the Execution Date, LBHI shall promptly file a motion with the Bankruptcy Court seeking entry of the Approval Order, and shall reasonably endeavor to obtain the entry and finality of the Approval Order. LBHI shall consult in good faith with JPMCB as to such motion and any related pleadings and any changes to the Approval Order.  JPMCB shall cooperate in good faith with LBHI's efforts to obtain the entry and finality of the Approval Order; and all of the JPMorgan Parties, the Lehman Parties and the Committee and each of its members (solely in their capacity as such such), their counsel and other agents and representatives, shall in good faith and to the full extent reasonably possible (i) cooperate with each other's reasonable requests regarding such motions and related pleadings, (ii) refrain from issuing any press releases relating to this Settlement Agreement or the Settled Actions, (iii) refrain from making disparaging statements about the other in such motion, pleadings and any other written or oral statements (including without limitation public statements and statements to the media) relating to this Settlement Agreement or the Settled Actions (other than in connection with any action, suit or proceeding to enforce the terms hereof), and (iv) refrain from publicly characterizing the settlement as more favorable to Lehman or to JPMorgan, or as being other than fair, reasonable, equitable, comparable to other derivatives settlements or the like.

(b)    In the event that the Bankruptcy Court declines to enter the Approval Order (or a court enters an order precluding the entry of an order that would qualify as the Approval Order or overturning any Approval Order entered by the Bankruptcy Court, and such order has become final and no longer subject to appeal), this Settlement Agreement shall

terminate and be of no further force or effect.  If this Settlement Agreement terminates in accordance with the preceding sentence, each provision contained in this Settlement Agreement shall be of no further force and effect from and after such date of termination and (without limiting the generality of the foregoing) the mutual releases and contractual modification provided for in Sections 3 and 4 shall be void *ab initio*; provided, however, that Section 8 shall survive any termination of this Settlement Agreement.

(c)    All litigation activity of whatever nature in connection with the Settled Actions (except steps necessary to effectuate the Settlement Agreement) shall be suspended unless and until this Settlement Agreement is terminated in accordance with Section 5(b).

6.    Further Assurances.  Each Party shall execute and deliver at its own expense such writings as may reasonably be requested by another Party to effectuate the terms of this Settlement Agreement.

7.    Entire Agreement.  This Settlement Agreement constitutes the entire contract among the Parties relative to the subject matter hereof.  This Settlement Agreement supersedes any previous agreements or understandings among the Parties, express or implied, with respect to the subject matter hereof.  No amendment, supplement or modification of this Settlement Agreement, or waiver of rights hereunder, shall be binding unless executed in writing by the Party affected thereby.

8.    No Admissions.    Nothing in this Settlement Agreement or any negotiations or proceedings in connection herewith shall be claimed to be evidence of an admission by any Party or its affiliates of any liability, violation of law or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party.  Neither this Settlement Agreement, nor any negotiations or proceedings in connection herewith, may be used in any proceeding against any Party or its affiliates for any purpose except with respect to the validity, effectuation and enforcement of this Settlement Agreement.  Nothing contained herein shall be deemed an admission by any Party of any assertions made herein by any other Party.

9.    Counterparts; Signatures.  This Settlement Agreement may be executed in one or more counterparts, all of which taken together shall constitute one instrument.  This Settlement Agreement may be executed and delivered manually, by facsimile transmission or by email transmission.

10.    Governing Law; Jurisdiction.    THIS SETTLEMENT AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF.  Each Party hereby irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the New York state court located in the Borough of Manhattan, City of New York, the United States District Court for the Southern District of New York or the Bankruptcy Court (as applicable, the "New York Court"), and any appellate court from any such court, in any proceeding arising out of or relating to this Settlement Agreement, or for recognition or enforcement of any judgment resulting from any such proceeding, and each Party hereby irrevocably and unconditionally agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in the New York

Court.  Each Party hereby knowingly, voluntarily, intentionally, irrevocably and unconditionally waives, to the full extent it may legally and effectively do so, (i) any objection which it may now or hereafter have to the laying of venue of any proceeding arising out of or relating to the Settlement Agreement in the New York Court or the Bankruptcy Court, as applicable, specified above, (ii) the defense of an inconvenient forum to the maintenance of such proceeding in any such court, (iii) the right to object, with respect to such proceeding, that such court does not have jurisdiction over such Party and (iv) any right to a trial by jury with respect to any such proceeding.

11.    <u>Binding Effect</u>.  This Settlement Agreement shall bind, and be for the benefit of, the Parties hereto and their respective successors and assigns.  Nothing in this Settlement Agreement, expressed or implied, is intended to confer upon any person or entity other than the Parties hereto any rights, remedies, obligations or liabilities under or by reason of this Settlement Agreement, *except* that all persons and entities released pursuant to Sections 3 and 4 of this Settlement Agreement are intended beneficiaries of such release (provided that this Settlement Agreement in any event may be amended, supplemented or modified in the manner set forth in Section 7).

12.    <u>Construction; No Reliance</u>.  This Settlement Agreement has been negotiated by the Parties and their respective legal counsel, and legal or equitable principles that might require the construction of this Settlement Agreement or any of its provisions against the Party responsible for drafting this Settlement Agreement will not apply in any construction or interpretation of this Settlement Agreement.  All Section references in this Settlement Agreement refer to Sections of this Settlement Agreement, unless otherwise specified.  The Parties acknowledge and agree that they have been represented by their own counsel and advisors in connection with this Settlement Agreement, have conducted their own investigations of the relevant facts and circumstances, and are not relying on any representations or warranties of any other Party except for the representations and warranties expressly set forth herein.

13.    <u>Full Power and Authority</u>.  LBHI hereby represents and warrants that it has full power and authority, in its capacity as Plan Administrator, to execute, deliver and perform this Settlement Agreement on behalf of each Lehman Party.  Each JPMorgan Party hereby represents and warrants that it has full power and authority to execute, deliver and perform this Settlement Agreement.  Pursuant to the Plan, the Subcommittee has full power and authority, in its capacity as the litigation subcommittee of the Committee, to execute, deliver and perform this Settlement Agreement on behalf of the Committee.

IN WITNESS WHEREOF the Parties have executed this Settlement Agreement as of the date first set forth above.

[Remainder of page intentionally left blank]

*Signature Page to January 2016 Settlement Agreement*

JPMORGAN CHASE BANK, N.A., in its own capacity and as successor in interest to BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC

By_____

J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED)

By_____

J.P. MORGAN SECURITIES PLC (F/K/A J.P. MORGAN SECURITIES LTD.)

By_____

J.P. MORGAN VENTURES ENERGY CORPORATION

By_____

JPMORGAN CHASE & CO.

By_____

J.P. MORGAN DUBLIN PLC (F/K/A J.P. MORGAN BANK DUBLIN PLC)

By_____

*Signature Page to January 2016 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.


By_____


LEHMAN BROTHERS SPECIAL FINANCING INC.


By_____


LEHMAN BROTHERS COMMODITY SERVICES INC.


By_____


LEHMAN BROTHERS COMMERCIAL CORP.


By_____


OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____

*Signature Page to January 2016 Settlement Agreement*

MIZUHO CORPORATE BANK, LTD., AS AGENT

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By_____

*Signature Page to January 2016 Settlement Agreement*

JPMORGAN CHASE BANK, N.A., in its own capacity and as successor in interest to BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC

By _Patrick A. Clent_

PATRICK DANIELLO
MANAGING DIRECTOR

J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED)

By_____

J.P. MORGAN SECURITIES PLC (F/K/A J.P. MORGAN SECURITIES LTD.)

By_____

J.P. MORGAN VENTURES ENERGY CORPORATION

By_____

JPMORGAN CHASE & CO.

By_____

J.P. MORGAN DUBLIN PLC (F/K/A J.P. MORGAN BANK DUBLIN PLC)

By_____

*Signature Page to January 2016 Settlement Agreement*

JPMORGAN CHASE BANK, N.A., in its own capacity and as successor in interest to BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC

By_____


J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED)

By_____
     Rebecca Smith

J.P. MORGAN SECURITIES PLC (F/K/A J.P. MORGAN SECURITIES LTD.)

By_____
     Rebecca Smith

J.P. MORGAN VENTURES ENERGY CORPORATION


By_____


JPMORGAN CHASE & CO.


By_____


J.P. MORGAN DUBLIN PLC (F/K/A J.P. MORGAN BANK DUBLIN PLC)


By_____

*Signature Page to January 2016 Settlement Agreement*

JPMORGAN CHASE BANK, N.A., in its own capacity and as successor in interest to BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC

By_____


J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED)


By_____

J.P. MORGAN SECURITIES PLC (F/K/A J.P. MORGAN SECURITIES LTD.)


By_____

J.P. MORGAN VENTURES ENERGY CORPORATION


By _____
        Mark Lenczowski

JPMORGAN CHASE & CO.


By_____

J.P. MORGAN DUBLIN PLC (F/K/A J.P. MORGAN BANK DUBLIN PLC)


By_____

*Signature Page to January 2016 Settlement Agreement*

JPMORGAN CHASE BANK, N.A., in its own capacity and as successor in interest to BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC

By_____


J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED)

By_____


J.P. MORGAN SECURITIES PLC (F/K/A J.P. MORGAN SECURITIES LTD.)

By_____


J.P. MORGAN VENTURES ENERGY CORPORATION

By_____


JPMORGAN CHASE & CO.

By_____
    Anthony Horan


J.P. MORGAN DUBLIN PLC (F/K/A J.P. MORGAN BANK DUBLIN PLC)

By_____

*Signature Page to January 2016 Settlement Agreement*

JPMORGAN CHASE BANK, N.A., in its own capacity and as successor in interest to BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC

By_____


J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED)


By_____

J.P. MORGAN SECURITIES PLC (F/K/A J.P. MORGAN SECURITIES LTD.)


By_____

J.P. MORGAN VENTURES ENERGY CORPORATION


By_____

JPMORGAN CHASE & CO.


By_____

J.P. MORGAN DUBLIN PLC (F/K/A J.P. MORGAN BANK DUBLIN PLC)


By_____
           JONATHON LOWEY

*Signature Page to January 2016 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.

By

LEHMAN BROTHERS SPECIAL FINANCING INC.

By

LEHMAN BROTHERS COMMODITY SERVICES INC.

By

LEHMAN BROTHERS COMMERCIAL CORP.

By

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By

WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By

*Signature Page to January 2016 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.


By_____


LEHMAN BROTHERS SPECIAL FINANCING INC.


By_____


LEHMAN BROTHERS COMMODITY SERVICES INC.


By_____


LEHMAN BROTHERS COMMERCIAL CORP.


By_____


OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____

*Signature Page to January 2016 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.


By_____


LEHMAN BROTHERS SPECIAL FINANCING INC.


By_____


LEHMAN BROTHERS COMMODITY SERVICES INC.


By_____


LEHMAN BROTHERS COMMERCIAL CORP.


By_____


OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
AS A MEMBER OF THE LITIGATION SUBCOMMITTEE
By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE
AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By_____

*Signature Page to January 2016 Settlement Agreement*

MIZUHO CORPORATE BANK, LTD., AS AGENT
AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By _____

## **EXHIBIT A**

[FORM OF APPROVAL ORDER]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
In re:                                                      :        Chapter 11
                                                            :        Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                    :
                                                            :
                    Debtors.                                :
------------------------------------------------------------------------ X
LEHMAN BROTHERS HOLDINGS INC., LEHMAN            :
BROTHERS SPECIAL FINANCING INC., LEHMAN          :
BROTHERS COMMODITY SERVICES INC., LEHMAN         :
BROTHERS COMMERCIAL CORPORATION, and             :
OFFICIAL COMMITTEE OF UNSECURED                  :
CREDITORS OF LEHMAN BROTHERS HOLDINGS            :        Adversary Proceeding
INC., *et al.*                                   :        No.: 12-01874 (SCC)
                    Plaintiffs,                  :
                                                 :
                    v.                           :
                                                 :
JPMORGAN CHASE BANK, N.A., J.P. MORGAN MARKETS   :
LIMITED (F/K/A BEAR STEARNS INTERNATIONAL        :
LIMITED), J.P. MORGAN SECURITIES LTD., J.P. MORGAN  :
VENTURES ENERGY CORPORATION, JP MORGAN CHASE     :
AND CO., JPMORGAN BANK DUBLIN (F/K/A BEAR        :
STEARNS BANK PLC), BEAR STEARNS CREDIT           :
PRODUCTS INC. and BEAR STEARNS FOREX INC.        :
                                                 :
                    Defendants.                  :
------------------------------------------------------------------------ X

### ORDER GRANTING MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 105(A), FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT WITH JPMORGAN CHASE BANK, N.A. AND CERTAIN OF ITS AFFILIATES WITH RESPECT TO AVOIDANCE ACTION AND <u>DERIVATIVES CLAIMS OBJECTIONS AND GRANTING RELATED RELIEF</u>

Upon the motion, dated January 25, 2016 (the "<u>Motion</u>")[1], of Lehman Brothers Holdings Inc.

("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

[ECF No. 23023-1], on behalf of itself, Lehman Brothers Special Financing Inc. ("<u>LBSF</u>"),

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Lehman Brothers Commercial Corp. ("LBCC"), and Lehman Brothers Commodity Services Inc.

("LBCS," and, with LBHI, LBSF, LBCC and LBCS, the "Lehman Parties"), together with the

Official Committee of Unsecured Creditors, through its Litigation Subcommittee (the

"Committee," and together with LBHI, the "Movants"), pursuant to Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") for approval of a settlement agreement among the

Plan Administrator, on behalf of the Lehman Parties, and JPMorgan Chase Bank, N.A.

("JPMCB") and the other JPMorgan Parties, all as more fully described in the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in

the amended order entered February 13, 2009 governing case management and administrative

procedures [ECF No. 2837]; and the Court having found and determined that the relief sought in

the Motion is in the best interests of the Lehman Parties, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, entry into the Settlement by the Lehman

Parties and the Committee is approved; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Lehman Parties and the Committee are authorized to enter into and implement the Settlement; and it is further

ORDERED that the Derivatives Claim asserted against LBSF in Claim No. 66455, which is held by LBHI, shall be reduced and allowed in the amount of $566,506,000; the Claims Agent is authorized and directed to note the allowance of the claim in the reduced amount in the claims register maintained in these cases; and it is further

ORDERED that the derivatives claims asserted in Claim Nos. 66451, 66453, 66454, 66470, 66472, and 66476, as well as the derivatives claims asserted in Claim Nos. 66455, 66462, 66473 and 66474, shall be assigned to certain of the Lehman Parties on a final basis and reconciled in amounts not to exceed $200 million, as set forth in a joint instruction letter to be submitted to the Claims Agent as provided in the Settlement Agreement; and it is further

ORDERED that the Derivatives Action (as defined in the Motion) is hereby withdrawn with prejudice; and it is further

ORDERED that the LBF/LBI Derivatives Action (as defined in the Motion) is hereby withdrawn with prejudice; and it is further

ORDERED that the WaMu Derivatives Action (as defined in the Motion) is hereby withdrawn with prejudice; and it is further

ORDERED that LBHI retains exclusive power to settle the SLCFC Claims on behalf of all creditors of the LBHI estates; and it is further

ORDERED that the Settlement Agreement fully and fairly resolves and releases all SLCFC Claims (as defined in the Motion) on behalf of all creditors of the LBHI estate and is binding on

individual creditors with respect to any SLCFC Claims asserted or assertable against JPMCB;

and it is further

ORDERED that the tolling provisions in the Tolling Agreement and Stipulated Order Relating to

Fraudulent Transfer Claims of Individual LBHI Creditors [ECF No. 45685] are hereby

terminated; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation and/or interpretation of this Order.


Dated: _____, 2016
      New York, New York


                  _____
                  HONORABLE SHELLEY C. CHAPMAN
                  UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

[STIPULATION TO BE FILED IN DISTRICT COURT RE: AVOIDANCE ACTION]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC. and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., *et al*., | Case No.  11-CV-6760 (RJS) |
| Plaintiff and Plaintiff Intervenor, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| - against - | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their respective counsel that, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, this action is dismissed in its entirety with prejudice (including all claims and counterclaims), with each side to bear its own fees and costs.

Dated: _____, 2016
        New York, New York

By:

---

Joseph D. Pizzurro
CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:  (212) 696-6000

*Counsel for Plaintiff/Counterclaim-defendant,*
*Debtor Lehman Brothers Holdings Inc.*

Andrew J. Rossman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000

*Counsel for Plaintiff Intervenor, the Official*
*Committee of Unsecured Creditors of Lehman*
*Brothers Holdings Inc., et al.*

Paul Vizcarrondo, Jr.
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000

*Counsel for Defendant/Counterclaimant*
*JPMorgan Chase Bank, N.A.*

## **EXHIBIT C**

[TERMINATION LETTER]

_____, 2016


<u>VIA EMAIL AND POST</u>

Katherine Lukas
Director, Financial Institutions Relationship
Management
Citibank, N.A.
388 Greenwich Street -- 24th Floor
New York, NY 10013
E-mail: katherine.lukas@citi.com

Re:    <u>Securities Account Control Agreement (Account Number 208584)</u>

Dear Ms. Lukas:

Pursuant to section 13 of the Securities Account Control Agreement[2] dated as of April 5, 2012 among JPMorgan Chase Bank, N.A., for itself and J.P. Morgan Securities Ltd. and J.P. Morgan Ventures Corporation, as "Secured Party", Lehman Brothers Holdings Inc., as "Pledgor", and Citibank N.A., New York Offices, as "Securities Intermediary", governing Account Number 208584, JPMorgan Chase Bank, N.A. hereby notifies Citibank N.A. that the Secured Party's security interest in the Account (as defined in the Securities Account Control Agreement) and all of the financial assets therein has terminated, and the Securities Account Control Agreement should terminate immediately.

Best regards,
JPMORGAN CHASE BANK, N.A.



By_____


Cc:    William Olshan (William.Olshan@lehmanholdings.com)
       Janet Birney (Janet.Birney@lehmanholdings.com)
       Jason Haggins (jhaggins@alvarezandmarsal.com)
       Harold S. Novikoff (hsnovikoff@wlrk.com)

---

[2]   The Securities Account Control Agreement is attached hereto for ease of reference.