# <u>EXHIBIT 1</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In Re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (SCC) |
| | : | |
| | : | |
| Debtors. | : | |
| | : | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| In Re | : | |
| | : | |
| LEHMAN BROTHERS, | : | |
| | : | |
| | : | Case No. 08-01420 (SCC) SIPA |
| Debtor. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

### AFFIDAVIT

| | |
|---|---|
| CARACAS | ) |
| | ) SS: |
| VENEZUELA | ) |

BEFORE ME, the undersigned authority, personally appeared Maria Gracia Rando Socorrowho, under oath deposes and states as follows:

1.     I am the President of the Fondo de Protección Social de losDepósitosBancarios ("FOGADE"), which was formerly known as Fondo de Garantía de Depósitos y ProtecciónBancaria in the Bolivarian Republic of Venezuela.  I am authorized to execute this affidavit on behalf of FOGADE and the entities for which it serves as liquidator: Banco Canarias de Venezuela, C.A. ("Banco Canarias") and Credican S.A. ("Credican").

2.     The Superintendencia de las Instituciones de Sector Bancario ("SUDEBAN") is the Bolivarian Republic of Venezuela's regulatory institution that supervises Venezuelan

financial institutions.  SUDEBAN has the authority to intervene in failing financial institutions in Venezuela.

     3.     SUDEBAN intervened in Banco Canarias and Credican.

     4.     On November 27, 2009, SUDEBAN appointed FOGADE as theliquidator of Banco Canarias.  A true and correct copy with translation of the GACETAOFICIAL DE LA REPUBLICABOLIVARIANA DE VENEZUELAdated November 27, 2009, is attached hereto as Exhibit A.

     5.     On May 19, 2014, SUDEBAN appointed FOGADE as the liquidator of Banco Canarias affiliate Credican.  A true and correct copy with translation of the GACETAOFICIAL DE LA REPUBLICABOLIVARIANA DE VENEZUELAdated May 19, 2014, is attached hereto as Exhibit B.

     6.     As the liquidator, FOGADE is entitled to all monies payable to Banco Canarias and Credican (collectively, the "Institutions").  FOGADE will then use the monies collected to pay the depositors and creditors of the Institutions.  Consequently, any distributions payable to Credican or Banco Canarias should be distributed to FOGADE who controls the Institutions.

     7.     Credican and Banco Canarias have filed the following claims in *In re Lehman Holdings, Inc.*, Case No. 08-13555 (SCC) (Bankr. S.D.N.Y.):

| *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 | |
| --- | --- |
| Date | Claim No. |
| 11/2/2009 | 62726 |
| 11/2/2009 | 62722 |
| 11/2/2009 | 64729 |

     8.     Credican and Banco Canarias have also filed the following claims in *In re Lehman Inc.*, 08-01420, Case No. 08-01420 (SCC) (Bankr. S.D.N.Y.):

*In re Lehman Brothers Inc.*

| Case No. 08-01420 | |
|---|---|
| Date | Claim No. |
| 1/29/2009 | 90003945 |

9.    FOGADE retained the law firm of Homer Bonner Jacobs P.A. (located at 1200 Four Seasons Tower, 1441 Brickell Avenue, Miami, FL 33131) to represent and serve as the sole agent for FOGADE in *In re Lehman Holdings, Inc.*, Case No. 08-13555 (SCC) (Bankr. S.D.N.Y.) and in *In re Lehman Inc.*, Case No. 08-01420 (SCC) (Bankr. S.D.N.Y.) (collectively, the "Bankruptcy Proceedings").

10.    To be clear, Homer Bonner Jacobs is the only counsel authorized to represent FOGADE in the Bankruptcy Proceedings.Homer Bonner Jacobs is the only institution with the authority to realize, recover, and receive the assets belonging to the Institutions in the Bankruptcy Proceedings.

11.    As such, any and all distributions or payments on any claims made by Credican and Banco Canarias should be directed to and deposited in the law firm of Homer Bonner Jacobs' Trust account.  Homer Bonner Jacobs will then deposit the funds with FOGADE.

12.    Furthermore, Homer Bonner Jacobs is the only counsel authorized to prosecute and negotiate the resolution of any claims held by the Institutions in the Bankruptcy Proceedings and is the only agent authorized to bind FOGADE with respect to the claims held bythe Institutions.  Notwithstanding the foregoing, Homer Bonner Jacobs,may retain the services of local, New York counsel to assist in its representation of FOGADE in the Bankruptcy Proceedings, who shall also be authorized to act upon FOGADE's behalf.

13.    No other counsel or agents are authorized to act on FOGADE's or the Institutions' behalf or receive any payments or distributions on any of their claims.

14.    The law firm of Diaz Reus &Targ, LLP, no longer represents FOGADE or the Institutions in the Bankruptcy Proceedings and is not authorized to receive any distributions or payments made on the Institutions' claims.    Furthermore, Diaz Reuz&Targ, LLP, has no authority to prosecute claims or bind FOGADE and the Institutions.

15.    I declare the under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Affiant:  MARIA GRACIA RANDO SOCORRO

Signature:

Sworn to and subscribed before me
this 28 day of January, 2016.

Personally known

Produced identification
Type of identification produced

_____
Signature of Notary Public

_____
Stamp of Notary Public

# EXHIBIT A

# GACETA OFICIAL

## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

AÑO CXXXVII   MES II   Caracas, viernes 27 de noviembre de 2009   Número 39.316

### SUMARIO

**Ministerio del Poder Popular
para Relaciones Interiores y Justicia**
Resoluciones mediante las cuales se designa a los ciudadanos que en ellas se mencionan, para ocupar los cargos que en ellas se señalan.

**Ministerio del Poder Popular
para Economía y Finanzas**
Resolución mediante la cual se ordena la liquidación del Banco Canarias de Venezuela, Banco Universal, C.A., en los términos que en ella se indica.

Resolución mediante la cual se acuerda la rehabilitación de Bolívar Banco, C.A., y se ordena el cese de intermediación financiera, en los términos que en ella se indica.

Resolución mediante la cual se ordena la liquidación del Banco Provivienda, C.A., Banco Universal (Banpro), en los términos que en ella se indica.

Resolución mediante la cual se acuerda la rehabilitación del Banco Confederado, S.A., y se ordena el cese de intermediación financiera, en los términos que en ella se indica.

Resolución por la cual se designa al ciudadano Ygnacio Lara Ceballos, como Director de Programación Financiera de la Oficina Nacional del Tesoro, adscrita a este Ministerio.

**CADIVI**
Providencia mediante la cual se establecen los requisitos, controles y trámites para la solicitud de autorización de adquisición de Divisas destinadas al pago de consumos en el extranjero.

**Superintendencia de Cajas de Ahorro**
Providencia mediante la cual se mantiene en pleno vigor la aplicación del artículo 34 de la Ley de Cajas de Ahorro, Fondos de Ahorro y Asociaciones de Ahorro Similares.

**Ministerio del Poder Popular para el Turismo**
**INATUR**
Providencia por la cual se designa a la ciudadana Betty Margarita Tovar Villamizar, Gerente de Capacitación y Formación de este Instituto, a partir del día 25 de julio de 2009.

**Ministerio del Poder Popular
para la Agricultura y Tierras**
**INSOPESCA**
Providencias mediante las cuales se delega en los ciudadanos que en ellas se indican, la firma de los actos y documentos que en ellas se especifican.

**Ministerio del Poder Popular para la Salud**
Resolución por la cual se designa a la ciudadana Nelly del Valle Vázquez, como Directora (E) del Banco Municipal de Sangre, adscrita a la Dirección Estadal de Salud del Distrito Capital.

**Tribunal Supremo de Justicia**
**Dirección Ejecutiva de la Magistratura**
Resoluciones por las cuales se designa a los ciudadanos que en ellas se indican, para ocupar los cargos que en ellas se mencionan.

**Comisión de Funcionamiento
y Reestructuración del Sistema Judicial**
Sentencia dictada por esta Comisión - (Dra. Alexa Josefina Gamardo Rivero).

## MINISTERIO DEL PODER POPULAR
## PARA RELACIONES
## INTERIORES Y JUSTICIA

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL PODER POPULAR PARA
RELACIONES INTERIORES Y JUSTICIA
DESPACHO DEL MINISTRO
199° y 150°

N° 564   Fecha 26 NOV. 2009

RESOLUCIÓN

El Ministro del Poder Popular para Relaciones Interiores y Justicia, designado según Decreto N° 6.398 de fecha 09 de septiembre de 2008, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.012 de fecha 09 de septiembre de 2008, en ejercicio de las atribuciones que le confiere lo dispuesto en los numerales 2, 13 y 19 del artículo 77 del Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública; en concordancia con lo establecido en los artículos 5 numeral 2 y 20 numeral 9 de la Ley del Estatuto de la Función Pública y con lo previsto en los artículos 12 y 15 de la Ley de Registro Público y del Notariado, designa al ciudadano Douglas Alexis Linares Veliz, titular de la cédula de identidad N° V-10.056.797, Registrador Interino del Municipio Pao Estado Cojedes.

Comuníquese y Publíquese.
Por el Ejecutivo Nacional.

TARECK EL AISSAMI
MINISTRO DEL PODER POPULAR
PARA RELACIONES INTERIORES Y JUSTICIA

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL PODER POPULAR PARA
RELACIONES INTERIORES Y JUSTICIA
DESPACHO DEL MINISTRO
199° y 150°

N° 565   Fecha 26 NOV. 2009

RESOLUCIÓN

El Ministro del Poder Popular para Relaciones Interiores y Justicia, designado según Decreto N° 6.398 de fecha 09 de septiembre de 2008, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.012 de fecha 09 de septiembre de 2008, en ejercicio de las atribuciones que le confiere lo dispuesto en los numerales 2, 13 y 19 del artículo 77 del Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública; en concordancia con lo establecido en el artículo 5 numeral 2 y 20 numeral 9 de la Ley del Estatuto de la Función Pública y con lo previsto en los artículos 12 y 70 de la Ley de Registro Público y del Notariado, designa al ciudadano LUIS FERNANDO TURMERO BARRIOS, titular de la cédula de identidad N° V-587.978, como NOTARIO PÚBLICO VIGÉSIMO SÉPTIMO DEL MUNICIPIO LIBERTADOR.

Comuníquese y Publíquese.
Por el Ejecutivo Nacional.

TARECK EL AISSAMI
MINISTRO DEL PODER POPULAR
PARA RELACIONES INTERIORES Y JUSTICIA

08-13555-mg   Doc 51970-1   Filed 02/05/16   Entered 02/05/16 09:55:59   Exhibit 1.
08-13555-scc   Doc 46173-1   Filed 08/28/14   Entered 08/26/14 19:31:00   Exhibit A
Pg 5 of 6

373.264         GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA         Viernes 27 de noviembre de 2009

Superintendencia de Bancos y
Otras Instituciones Financieras

# MINISTERIO DEL PODER POPULAR
# PARA ECONOMÍA Y FINANZAS

Superintendencia de Bancos y
Otras Instituciones Financieras

## RESOLUCIÓN

FECHA: 27 de Noviembre de 2009          NÚMERO: 627.09

Visto que el Banco Canarias de Venezuela, Banco Universal, C.A., es una institución financiera bajo la inspección, supervisión, vigilancia, regulación y control de esta Superintendencia de Bancos y Otras Instituciones Financieras de conformidad con lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras.

Visto que el 19 de noviembre de 2009, mediante Resolución N° 598.09, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 19.310, de esa misma fecha, oída la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión N° 4.236 de fecha 19 de noviembre de 2009 y, del Consejo Superior, la cual consta en Acta N° 0012-2009 del 19 de noviembre del presente año, esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, la estabilidad del sistema financiero nacional y los derechos e intereses de los ahorristas, depositantes, clientes y acreedores del citado Banco; de conformidad con los numerales 5 y 15 del artículo 235 en concordancia con los artículos 387 y 392 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras; resolvió intervenir sin cese de intermediación financiera al Banco Canarias de Venezuela, Banco Universal, C.A.

Visto que de acuerdo con informe de la Junta Interventora designada mediante Resolución Nro. 598.09 del 19 de noviembre de 2009, Banco Canarias de Venezuela, Banco Universal, C.A., al cierre de las operaciones del 27 de noviembre de 2009, registra un descalce entre sus activos liquidables y pasivos exigibles, que adicionalmente, considerando el total captaciones y otros financiamientos presenta una brecha importante, incluido el mantenimiento de certificados de depósitos de grandes proporciones en bancos intervenidos; todo lo cual se ha evidenciado del seguimiento constante que le ha efectuado esta Superintendencia.

Visto que esta Superintendencia de Bancos y Otras Instituciones Financieras, en virtud de la inviabilidad operativa del Banco Canarias de Venezuela, Banco Universal, C.A., considera que existen razones técnicas, financieras y legales para aplicar la medida de liquidación del Banco Canarias de Venezuela, Banco Universal, C.A., prevista en el numeral 3 del artículo 397 de Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, por lo que estima viable la liquidación del mismo.

Vista la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión N° 4.239 de fecha 27 de noviembre de 2009 y del Organismo de conformidad con lo establecido en el numeral 4 del artículo 255 ejusdem, sometió a la consideración del Consejo Superior, cuya opinión favorable consta en Acta N° 0013-2009 del 27 de noviembre del presente año.

Esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, y la estabilidad del sistema financiero nacional; de conformidad con el numeral 5 del artículo 235, y el numeral 3 del artículo 397 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras;

### RESUELVE

1° Ordenar la Liquidación del Banco Canarias de Venezuela, Banco Universal, C.A.

2° Notificar al Banco Canarias de Venezuela, Banco Universal, C.A.

3° Notificar al Fondo de Garantía de Depósitos y Protección Bancaria, a los fines que de conformidad con lo previsto en los artículos 400 y 401 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, ejerza las funciones atribuidas a los liquidadores y establezca las normas mediante las cuales debe procederse a la liquidación.

Contra esta decisión de conformidad con los artículos 451 y 456 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, podrá ejercerse el Recurso de Reconsideración ante esta Superintendencia de Bancos y Otras Instituciones Financieras, dentro de los diez (10) días hábiles bancarios siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela; o el Recurso de Anulación ante cualesquiera de las Cortes de lo Contencioso Administrativo, dentro de los cuarenta y cinco (45) días siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela, o de aquella mediante la cual se resuelva el Recurso de Reconsideración, si éste fuera interpuesto, de acuerdo con el artículo 452 ejusdem.

Comuníquese y Publíquese

Edgar Hernández Behrens
Superintendente

---

Superintendencia de Bancos y
Otras Instituciones Financieras

## RESOLUCIÓN

FECHA: 27 de Noviembre de 2009          NÚMERO: 628.09

Visto que bolívar Banco, C.A., es una institución financiera bajo la inspección, supervisión, vigilancia, regulación y control de esta Superintendencia de Bancos y Otras Instituciones Financieras de conformidad con lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras.

Visto que 19 de noviembre de 2009, mediante Resolución N° 596.09, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.310 de esa misma fecha, oída la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión N° 4.236 de fecha 19 de noviembre de 2009 y del Consejo Superior, la cual consta en Acta N° 0012-2009 del 19 de noviembre del presente año, esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, la estabilidad del sistema financiero nacional y los derechos e intereses de los ahorristas, depositantes, clientes y acreedores del citado Banco; de conformidad con los numerales 5 y 15 del artículo 235 en concordancia con los artículos 387 y 392 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, resolvió intervenir sin cese de intermediación financiera a bolívar Banco, C.A.

Visto que el 27 de noviembre de 2009, con ocasión a las facultades conferidas en el artículo 392 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, y con el objeto de dar cumplimiento a los fines de la medida de intervención impuesta mediante la Resolución antes identificada, los interventores de conformidad con lo dispuesto en el primer aparte del artículo 395 ejusdem, presentaron ante esta Superintendencia de Bancos y Otras Instituciones Financieras el plan de rehabilitación del cual será objeto bolívar Banco, C.A., el cual incluye entre otras acciones la reposición de las pérdidas existentes, el ajuste del capital social, las reformas estatutarias que fueran pertinentes, el traspaso accionario a accionistas que sean calificados por esta Superintendencia y la recuperación de la cartera de créditos, en aras de darle continuidad a la actividad financiera de la institución, el cual se da aquí por reproducido.

Visto que esta Superintendencia de Bancos y Otras Instituciones Financieras en virtud de la facultad legalmente establecida de acordar la rehabilitación de bancos, entidades de ahorro y préstamo y otras instituciones financieras, cuyo objeto es la superación de situaciones de dificultad patrimonial la preservación de la confianza del público en el sistema bancario nacional, consideró viable los planteamientos señalados por los interventores y solicitó la opinión por parte del Ente Emisor, de conformidad con lo establecido en el primer aparte del artículo 235 del citado Decreto Ley.

Vista la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión N° 4.239 de fecha 27 de noviembre de 2009 y, del Consejo Superior, la cual consta en Acta N° 013-2009 del 27 de noviembre del presente año.

Esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, la estabilidad del sistema financiero nacional y los derechos e intereses de los ahorristas, depositantes, clientes y acreedores del citado Banco; de conformidad con el numeral 5 del artículo 235 en concordancia con el artículo 395 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras;

### RESUELVE

1° Acordar la rehabilitación de bolívar Banco, C.A., y en atención a ello y en aras de proteger los intereses del público en general, se ordena el cese de intermediación financiera.

2° La ejecución del plan de rehabilitación, se deberá realizar en término perentorio, conforme lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras

Contra esta decisión de conformidad con los artículos 451 y 456 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, podrá ejercerse el Recurso de Reconsideración ante esta Superintendencia de Bancos y Otras Instituciones Financieras, dentro de los diez (10) días hábiles bancarios siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela; o el Recurso de Anulación ante cualesquiera de las Cortes de lo Contencioso Administrativo, dentro de los cuarenta y cinco (45) días siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela, o de aquella mediante la cual se resuelva el Recurso de Reconsideración, si éste fuera interpuesto, de acuerdo con el artículo 452 ejusdem.

Comuníquese y Publíquese

Edgar Hernández Behrens
Superintendente

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA
## DE VENEZUELA
### DEPÓSITO LEGAL: ppo 187207DF1

AÑO CXXXVII — MES II                Número 39.316
Caracas, viernes 27 de noviembre de 2009

*Esquina Urapal, edificio Dimase, La Candelaria*
*Caracas - Venezuela*
Tarifa sujeta a publicación de fecha 14 de noviembre de 2003
en la Gaceta Oficial Nº 37.818
www.minci.gob.ve

Esta Gaceta contiene 16 Págs. costo equivalente
a 6,85 % valor Unidad Tributaria

LEY DE PUBLICACIONES OFICIALES
(22 DE JULIO DE 1941)

*Artículo 11.* La GACETA OFICIAL, creada por Decreto Ejecutivo del 11 de octubre de 1872, continuará editándose en la Imprenta Nacional con la denominación GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA.
*Artículo 12.* La GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicará todos los días hábiles, sin perjuicio de que se editen números extraordinarios siempre que fuere necesario:    y deberán insertarse en ella sin retardo los actos oficiales que hayan de publicarse.
*Parágrafo único.* Las ediciones extraordinarias de la GACETA OFICIAL tendrán una numeración especial.
*Artículo 13.* En la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicarán los actos de los Poderes Públicos que deberán insertarse y aquellos cuya inclusión sea conveniente por el Ejecutivo Nacional.
*Artículo 14.* Las leyes, decretos y demás actos oficiales tendrán carácter de públicos por el hecho de aparecer en la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA, cuyos ejemplares tendrán fuerza de documentos públicos.

**El SERVICIO AUTÓNOMO IMPRENTA NACIONAL Y GACETA OFICIAL de la República Bolivariana de Venezuela advierte que esta publicación se procesa por reproducción fotomecánica directa de los originales que recibe del Consejo de Ministros, en consecuencia esta Institución no es responsable de los contenidos publicados.**

procedimiento en ese sentido, por cuanto su actuación configuró la falta disciplinaria prevista en el numeral 7 del artículo 38 de la Ley de Carrera Judicial, que contempla la sanción de amonestación, al incurrir en retraso injustificado en la tramitación de la causa Nº BP01-V-2005-000001. Así se declara.

### DECISIÓN

Por las razones expuestas, esta Comisión de Funcionamiento y Reestructuración del Sistema Judicial, administrando justicia en nombre de la República Bolivariana de Venezuela por autoridad de ley, AMONESTA a la ciudadana ALEXA JOSEFINA GAMARDO RIVERO, titular de la cédula de identidad Nº 5.078.248, por actuaciones durante su desempeño como Jueza del Juzgado Segundo de Primera Instancia en Funciones de Juicio del Circuito Judicial Penal del estado Anzoátegui, al incurrir en las faltas disciplinarias contenidas en los artículos 37, numeral 10 de la Ley Orgánica del Consejo de la Judicatura y 38, numeral 7 de la Ley de Carrera Judicial.

Contra la presente decisión podrá ejercerse recurso de reconsideración dentro de los quince (15) días hábiles siguientes a su publicación, o recurso contencioso de anulación ante la Sala Político Administrativa del Tribunal Supremo de Justicia dentro de los treinta (30) días continuos siguientes a su publicación.

Publíquese en Gaceta Oficial de la República Bolivariana de Venezuela.

Remítase copia certificada de presente decisión a la Dirección General de Recursos Humanos de la Dirección Ejecutiva de la Magistratura.

Dada, firmada y sellada en la Comisión de Funcionamiento y Reestructuración del Sistema Judicial. En Caracas a los (23 = ) días del mes de noviembre de dos mil nueve (2009). Años 199° de la Independencia y 150° de la Federación.

Comuníquese,

ANA LUISA GARCÍA DE NICHOLLS
Presidenta

BELKIS USECHE DE FERNÁNDEZ
Ponente

FLOR VIOLETA MONTELL ARAB

EURIDA LISETH HERNÁNDEZ URRIBARRÍ
Secretaria

se publicó la anterior decisión la cual queda registrada bajo el Nº 123-2009

373.264                                                    Friday, November 27, 2009

## OFFICIAL GAZETTE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA

---

## MINISTRY OF THE PEOPLE'S POWER FOR
## THE ECONOMY AND FINANCE

Superintendence of Banks and
Other Financial Institutions
[Illegible seals at margin]

### DECISION

**DATE: November 27, 2009**                    **NUMBER: 627.09**

Whereas Banco Canarias de Venezuela, Banco Universal, C.A., is a financial institution under the inspection, supervision, oversight, regulation and control of this Superintendence of Banks and Other Financial Institutions in accordance with provisions in the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions;

Whereas on November 19, 2009, pursuant to Decision No. 598.09, published in Official Gazette of the Bolivarian Republic of Venezuela No. 39.310, on even date, having heard the Banco Central de Venezuela favorable opinion issued by the Board in meeting No. 4,235 dated November 19, 2009 of this year, this Superintendence of Banks and Other Financial Institutions, for the purpose of preserving the interests of the Republic, the stability of the national financial system and the rights and interests of savings account holders, depositors, customers and creditors of the referenced Bank; pursuant to Article 235 paragraphs 5 and 15, in concurrence with Articles 387 and 392 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, decided to intervene Banco Canarias de Venezuela, Banco Universal, C.A., without staying financial intermediation;

Whereas in accordance with the Report of the Board of Receivers appointed pursuant to Decision No. 598.09 dated November 19, 2009, Banco Canarias de Venezuela, Banco Universal, C.A., as of the closing of operations on November 27, 2009 reflects a gap between realizable assets and liabilities payable on demand; and that, additionally, considering total deposits and other financing reflects a significant gap, including holding large certificates of deposit in intervened banks; all of which has been evidenced by the constant follow-up this Superintendence has done;

Whereas this Superintendence of Banks and Other Financial Institutions, by virtue of the operational unviability of Banco Canarias de Venezuela, Banco Universal, C.A., considers there are technical, financial and legal reasons for applying the liquidation measure to Banco Canarias de Venezuela, Banco Universal, C.A. as set forth under Article 397 paragraph 3 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions; therefore, considers liquidation thereof is viable;

Whereas the Banco Central de Venezuela Board issued a favorable opinion in meeting No. 4.239 on November 27, 2009, this Body, in accordance with provisions in Article 255 paragraph 4, ejusdem, submitted [this] to the Board of Trustees for consideration, whose favorable opinion is documented in Minutes No. 0013-2009 on November 27 of this year.

This Superintendence of Banks and Other Financial Institutions, for the purpose of preserving the interests of the Republic and the stability of the national financial system in accordance with Article 235 paragraph 5, and Article 397 paragraph 3 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions:

## DECIDES

1.   To order the liquidation of Banco Canarias de Venezuela, Banco Universal, C.A.

2.   To notify Banco Canarias de Venezuela, Banco Universal, C.A.

3.   To notify *Fondo de Garantia de Depositos y Proteccion Bancaria* in accordance with provisions in Articles 400 and 401 in the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, to exercise the duties attributed to liquidators and to establish the regulations whereby the liquidation must be done.

In accordance with Articles 451 and 456 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, an Appeal for Reconsideration may be filed on this decision before this Superintendence of Banks and Other Financial Institutions within ten (10) banking days following publication of this Decision in the Official Gazette of the Bolivarian Republic of Venezuela; or the Appeal for Nullification before any of the Administrative Law Courts within forty-five (45) days, subsequent to publication of this Decision in the Official Gazette of the Bolivarian Republic of Venezuela, or one whereby the Appeal for Reconsideration is decided, if imposed in accordance with Article 452, *ejusdem*.

Serve and Publish

/s/ Illegible                    [Illegible seal]
Edgar Hernandez Behrens
Superintendent

_____

# CERTIFICATE OF ACCURACY

I, **Esther Cecilia Crespo**, an interpreter certified by the Administrative Office of the United States Courts, for and on behalf of **Liaison Services, Inc.**, hereby certify that the foregoing translation from Spanish into English, attached hereto and consisting of   2   page(s), is a true and correct translation of the original document.

Esther Cecilia Crespo
Miami, Florida

373.264                                                            Friday, November 27, 2009

## OFFICIAL GAZETTE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA

### MINISTRY OF THE PEOPLE'S POWER FOR
### THE ECONOMY AND FINANCE

Superintendence of Banks and
Other Financial Institutions
[Illegible seals at margin]

### DECISION

**DATE: November 27, 2009**                    **NUMBER: 627.09**

Whereas Banco Canarias de Venezuela, Banco Universal, C.A., is a financial institution under the inspection, supervision, oversight, regulation and control of this Superintendence of Banks and Other Financial Institutions in accordance with provisions in the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions;

Whereas on November 19, 2009, pursuant to Decision No. 598.09, published in Official Gazette of the Bolivarian Republic of Venezuela No. 39.310, on even date, having heard the Banco Central de Venezuela favorable opinion issued by the Board in meeting No. 4,235 dated November 19, 2009 of this year, this Superintendence of Banks and Other Financial Institutions, for the purpose of preserving the interests of the Republic, the stability of the national financial system and the rights and interests of savings account holders, depositors, customers and creditors of the referenced Bank; pursuant to Article 235 paragraphs 5 and 15, in concurrence with Articles 387 and 392 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, decided to intervene Banco Canarias de Venezuela, Banco Universal, C.A., without staying financial intermediation;

Whereas in accordance with the Report of the Board of Receivers appointed pursuant to Decision No. 598.09 dated November 19, 2009, Banco Canarias de Venezuela, Banco Universal, C.A., as of the closing of operations on November 27, 2009 reflects a gap between realizable assets and liabilities payable on demand; and that, additionally, considering total deposits and other financing reflects a significant gap, including holding large certificates of deposit in intervened banks; all of which has been evidenced by the constant follow-up this Superintendence has done;

Whereas this Superintendence of Banks and Other Financial Institutions, by virtue of the operational unviability of Banco Canarias de Venezuela, Banco Universal, C.A., considers there are technical, financial and legal reasons for applying the liquidation measure to Banco Canarias de Venezuela, Banco Universal, C.A. as set forth under Article 397 paragraph 3 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions; therefore, considers liquidation thereof is viable;

Whereas the Banco Central de Venezuela Board issued a favorable opinion in meeting No. 4.239 on November 27, 2009, this Body, in accordance with provisions in Article 255 paragraph 4, ejusdem, submitted [this] to the Board of Trustees for consideration, whose favorable opinion is documented in Minutes No. 0013-2009 on November 27 of this year.

This Superintendence of Banks and Other Financial Institutions, for the purpose of preserving the interests of the Republic and the stability of the national financial system in accordance with Article 235 paragraph 5, and Article 397 paragraph 3 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions:

## DECIDES

1.  To order the liquidation of Banco Canarias de Venezuela, Banco Universal, C.A.

2.  To notify Banco Canarias de Venezuela, Banco Universal, C.A.

3.  To notify *Fondo de Garantia de Depositos y Proteccion Bancaria* in accordance with provisions in Articles 400 and 401 in the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, to exercise the duties attributed to liquidators and to establish the regulations whereby the liquidation must be done.

In accordance with Articles 451 and 456 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, an Appeal for Reconsideration may be filed on this decision before this Superintendence of Banks and Other Financial Institutions within ten (10) banking days following publication of this Decision in the Official Gazette of the Bolivarian Republic of Venezuela; or the Appeal for Nullification before any of the Administrative Law Courts within forty-five (45) days, subsequent to publication of this Decision in the Official Gazette of the Bolivarian Republic of Venezuela, or one whereby the Appeal for Reconsideration is decided, if imposed in accordance with Article 452, *ejusdem*.

Serve and Publish

/s/ Illegible              [Illegible seal]
Edgar Hernandez Behrens
Superintendent

# CERTIFICATE OF ACCURACY

I, **Esther Cecilia Crespo**, an interpreter certified by the Administrative Office of the United States Courts, for and on behalf of **Liaison Services, Inc.**, hereby certify that the foregoing translation from Spanish into English, attached hereto and consisting of   2   page(s), is a true and correct translation of the original document.

Esther Cecilia Crespo
Miami, Florida

# EXHIBIT B

# GACETA OFICIAL

## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

| AÑO CXLI — MES VIII | Caracas, lunes 9 de junio de 2014 | Número 40.429 |

## SUMARIO

**PRESIDENCIA DE LA REPÚBLICA**
Decreto Nº 1.021, mediante el cual se nombra al ciudadano Rodolfo Clemente Marco Torres, en su carácter de Ministro del Poder Popular de Economía, Finanzas y Banca Pública, como Director del Banco Central de Venezuela.

Decreto Nº 1.022, mediante el cual se ordena la transferencia a título gratuito, al Gobierno del Distrito Capital, de todos los bienes que conforman el patrimonio de la Fundación Poliedro de Caracas.

**VICEPRESIDENCIA DE LA REPÚBLICA**
Fondo de Compensación Interterritorial
Providencia mediante la cual se designa a la ciudadana Joali Gabriela Moreno Pinto, como Gerente de la Gerencia de Control y Seguimiento de este Organismo.

**MINISTERIO DEL PODER POPULAR DE ECONOMÍA, FINANZAS Y BANCA PÚBLICA**
ONAPRE
Providencia mediante la cual se procede a la publicación del Traspaso Presupuestario de Gastos Corrientes para Capital del Ministerio del Poder Popular para Relaciones Exteriores, por la cantidad que en ella se indica.

SUDEBAN
Resolución mediante la cual se constituye la Comisión de Contrataciones de esta Superintendencia, integrada por los ciudadanos y ciudadanas que en ella se señalan.

Resolución mediante la cual se acuerda la liquidación de la sociedad mercantil Credican, C.A.

SENIAT
Providencia mediante la cual se establece la tasa aplicable para el cálculo de los intereses moratorios correspondiente al mes de abril 2014.

FOGADE
Providencias mediante las cuales se designa a la ciudadana y al ciudadano que en ellas se mencionan, como Gerentes en las Oficinas que en ellas se especifican, de este Organismo.

Providencia mediante la cual se designa a las ciudadanas y al ciudadano que en ella se mencionan, como integrantes de la Junta Coordinadora del proceso de liquidación de las instituciones del sector bancario y de las personas jurídicas que en ella se señalan, pertenecientes al Grupo Financiero Maracaibo.

Providencia mediante la cual se participa de la finalización del proceso de liquidación administrativa y extinción de la personalidad jurídica de las sociedades mercantiles que en ella se mencionan, vinculadas a los Grupos Financieros que en ella se indican.

**MINISTERIO DEL PODER POPULAR PARA LA DEFENSA**
Resolución mediante la cual se crea y activa el Regimiento Guardia del Pueblo Nueva Esparta, adscrito al Comando Nacional Guardia del Pueblo, con sede en Mata Siete, Municipio Arismendi del estado Nueva Esparta.

Resolución mediante la cual se crea y activa el Destacamento Guardia del Pueblo (Este), adscrito al Regimiento Guardia del Pueblo Nueva Esparta, con sede en Porlamar, Municipio Mariño del estado Nueva Esparta.

Resolución mediante la cual se crea y activa el Destacamento Guardia del Pueblo (Oeste), adscrito al regimiento Guardia del Pueblo Nueva Esparta, con sede en Punta de Piedras, Municipio Tubores del estado Nueva Esparta.

**MINISTERIO DEL PODER POPULAR PARA LA EDUCACIÓN UNIVERSITARIA**
FAMES
Providencia mediante la cual se designa a los Miembros de la Comisión de Contrataciones de esta Fundación, integrada por los ciudadanos y ciudadanas que en ella se indican.

**MINISTERIO DEL PODER POPULAR PARA LA EDUCACIÓN**
Resolución mediante la cual se autoriza la suscripción de contratos de «Alianzas Estratégicas» en el procedimiento de contrataciones públicas, cuyo objeto es la prestación del «Servicio de Impresión, Reproducción y Ensamblaje de los Textos Escolares que conforman la Colección Bicentenario Correspondiente al Año Escolar 2014-2015».

**MINISTERIO DEL PODER POPULAR PARA LA SALUD Y PARA VIVIENDA Y HÁBITAT**
Resolución Conjunta mediante la cual se dicta las Normas que establecen los Requisitos Mínimos para la Construcción, Remodelación/Reparación y Equipamiento de Consultorios Populares.

**MINISTERIO DEL PODER POPULAR PARA LA ALIMENTACIÓN**
FUNDAPROAL
Providencia mediante la cual se delega en la Presidenta de esta Fundación, ciudadana María de Lourdes Rodríguez González, la facultad para autorizar las modificaciones presupuestarias que en ella se indican.

Providencia mediante la cual se constituye la Comisión de Contrataciones Públicas de este Organismo, integrada por los ciudadanos y ciudadanas que en ella se mencionan.

**REPÚBLICA BOLIVARIANA DE VENEZUELA**
DEFENSA PÚBLICA
Resoluciones mediante las cuales se otorga el beneficio de Pensión por Invalidez Laboral, a los ciudadanos y ciudadanas que en ella se señalan.

Resoluciones mediante las cuales se otorga el beneficio de Jubilación a las ciudadanas y ciudadanos que en ellas se especifican.

**MINISTERIO PÚBLICO**
Resolución mediante la cual se cambia la denominación de la Coordinación de Peritaje, por la de «Coordinación de Actuaciones Periciales», de este Organismo.

Resolución mediante la cual se cambia la adscripción de la Coordinación de Actuaciones Periciales y sus Divisiones, de la Dirección Técnico Científica y de Investigaciones, a la Dirección de Laboratorios Criminalísticos.

Resolución mediante la cual se designa a la ciudadana Dulce Escalona Pacheco, Jefe de División de la Unidad Administrada Desconcentrada del Ministerio Público del estado Yaracuy (Encargada).

Resolución mediante la cual se crea la Fiscalía Municipal Cuarta del Ministerio Público de la Circunscripción Judicial del estado Guárico, con competencia territorial en el Municipio Sebastián Francisco de Miranda y sede en la localidad de Calabozo, adscrita a la Fiscalía Superior del Ministerio Público de la citada Circunscripción Judicial.

Resoluciones mediante las cuales se designa a la ciudadana y al ciudadano que en ellas se señalan, como Fiscales Superiores (E), de este Organismo, en las Circunscripciones Judiciales que en ellas se especifican.

República Bolivariana de Venezuela
Superintendencia de las Instituciones
del Sector Bancario

## RESOLUCIÓN

**NÚMERO: 066.14**

**FECHA:** 19 de mayo de 2014
204°, 155° y 15°

Visto que en fecha 27 de agosto de 2010, mediante Resolución N° 468.10, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.498 del 30 de agosto de 2010, esta Superintendencia de las Instituciones del Sector Bancario (anteriormente Superintendencia de Bancos y Otras Instituciones Financieras) resolvió intervenir la sociedad mercantil Credican, C.A., inscrita por ante el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda en fecha 3 de enero de 2002, bajo el N° 23, Tomo 622-A-Qto., por existir unidad de decisión y gestión con respecto al Banco Canarias de Venezuela C.A. (en proceso de liquidación).

Visto que conforme a lo previsto en el artículo 251 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley de Instituciones del Sector Bancario, el lapso dispuesto para el proceso de intervención culminó, y siendo atribución y potestad de este Ente Supervisor, cuando lo considere conveniente tomar la decisión de concluir dicho proceso.

Visto que de conformidad con los informes presentados por los respectivos Interventores, se evidenció que la liquidación de la sociedad mercantil Credican, C.A., coadyuvará en el proceso de recuperación de acreencias del Banco Canarias de Venezuela C.A. (en proceso de liquidación).

Visto que de conformidad con lo establecido en el artículo 5 del artículo 172 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley de Instituciones del Sector Bancario, esta Superintendencia obtuvo la opinión favorable del Órgano Superior del Sistema Financiero Nacional (OSFIN), según se evidencia en el punto de información de fecha 22 del abril de 2014.

Visto que esta Superintendencia concedió la audiencia prevista en el artículo 246 ejusdem y los elementos anteriores, esta Superintendencia de las Instituciones del Sector Bancario, de conformidad con lo establecido en el numeral 3 del artículo 260 del mencionado Decreto Ley,

### RESUELVE

1.- Acordar la liquidación de la sociedad mercantil Credican, C.A.

2.- Notificar a la sociedad mercantil Credican, C.A., lo acordado en la presente Resolución.

3.- Notificar al Fondo de Protección Social de los Depósitos Bancarios, lo acordado en la presente Resolución, a los fines que de conformidad con lo establecido en los artículos 264, 265, 266 del Decreto con Rango Valor y Fuerza de Ley de Reforma Parcial de la Ley de Instituciones del Sector Bancario, ejerza las funciones atribuidas a los liquidadores y establezca las normas, mediante las cuales deba proceder a la liquidación de la mencionada sociedad mercantil, relacionada al Banco Canarias de Venezuela C.A.

Contra la presente decisión, de conformidad con los artículos 233, 239 Ibídem, podrá ejercer el Recurso de Reconsideración, dentro de los diez (10) días hábiles bancarios, contados a partir de la notificación de la presente Resolución o el Recurso de Anulación ante los Juzgados Nacionales de la Jurisdicción Contenciosa Administrativa de la Región Capital, dentro de los cuarenta y cinco (45) días continuos siguientes a la notificación de esta decisión o de aquella mediante la cual se resuelva el Recurso de Reconsideración, si éste fuera interpuesto, de acuerdo con los artículos 234 y 240 ejusdem.

Comuníquese y Publíquese

Mary Luisa Espinoza de Robles
Superintendente de las Instituciones del Sector Bancario
Decreto Presidencial N° 772 de fecha 5 de febrero de 2014
Publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 40.370 de fecha 12 de marzo de 2014

---

**REPÚBLICA BOLIVARIANA DE VENEZUELA**
**MINISTERIO DEL PODER POPULAR DE ECONOMÍA, FINANZAS Y BANCA PÚBLICA**
**SERVICIO NACIONAL INTEGRADO DE ADMINISTRACIÓN ADUANERA Y TRIBUTARIA**

**N° SNAT/2014/0023**

Caracas, 22 de Mayo de 2014
AÑOS 204° Y 155°

**PROVIDENCIA ADMINISTRATIVA**

El Superintendente del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT), en uso de las facultades previstas en los numerales 1 y 7 del artículo 4 de la Ley del Servicio Nacional Integrado de Administración Aduanera y

---

Tributaria, publicada en Gaceta Oficial de la República Bolivariana de Venezuela N° 37.320 de fecha 08/11/2001, y de conformidad con lo dispuesto en el artículo 66 del Código Orgánico Tributario, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 37.305 de fecha 17/10/2001.

Dicta lo siguiente:

**PROVIDENCIA ADMINISTRATIVA QUE ESTABLECE LA TASA APLICABLE PARA EL CÁLCULO DE LOS INTERESES MORATORIOS CORRESPONDIENTE AL MES DE ABRIL DE 2014**

**Artículo Único.** La tasa de interés activa promedio ponderada de los seis (6) principales bancos comerciales y universales del país con mayor volumen de depósitos, excluidas las carteras con intereses preferenciales, fijada por el Banco Central de Venezuela para el mes de Abril de 2014, es de 18,29%.

En consecuencia, para el cálculo de los intereses moratorios causados durante el mes de Abril de 2014, se aplicará dicha tasa incrementada en uno punto dos (1.2) veces.

Dado en Caracas a los _____ días del mes de _____ de 2014. Años 204° de la Independencia, 155° de la Federación y 15° de la Revolución

Comuníquese y Publíquese

JOSÉ DAVID CABELLO RONDÓN
Superintendente del Servicio Nacional
Integrado de Administración Aduanera y Tributaria
Providencia N° 4.881 del 01-02-2008
Gaceta Oficial N° 38.863 del 01-02-2008

---

**REPÚBLICA BOLIVARIANA DE VENEZUELA.**
**MINISTERIO DEL PODER POPULAR DE ECONOMÍA, FINANZAS Y BANCA PÚBLICA.**
**FONDO DE PROTECCIÓN SOCIAL DE LOS DEPÓSITOS BANCARIOS.**
**PRESIDENCIA.**

204°, 155° Y 15°

Caracas, 23 de abril de 2014.

**PROVIDENCIA N° 365**

La Presidenta del Fondo de Protección Social de los Depósitos Bancarios, **MARÍA GRACIA RANDO SOCORRO**, titular de la cédula de identidad N° V-14.233.896, de conformidad con lo previsto en el numeral 4 del artículo 113 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley de Instituciones del Sector Bancario, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.627, de fecha 2 de marzo de 2011 y, el artículo 20 del Estatuto Funcional del Fondo de Garantía de Depósitos y Protección Bancaria, ahora denominado Fondo de Protección Social de los Depósitos Bancarios, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.589, de fecha 21 de diciembre de 2006, decidió a partir del 01 de abril de 2014, designar a la ciudadana **ISABEL GRANADILLO**, titular de la cédula de identidad N° 4.372.959, como Gerente General de la Gerencia General de Administración y Finanzas de este Instituto.

Comuníquese y Publíquese/



MARÍA GRACIA RANDO SOCORRO
Presidenta
Designada mediante Decreto N° 771, de fecha 05/02/2014, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 40.349 de fecha 05/02/2014, reimpreso en la Gaceta Oficial de la República Bolivariana de Venezuela N° 40.353 de fecha 11/02/2014.

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA
## DE VENEZUELA
### DEPÓSITO LEGAL: ppo 187207DF1

AÑO CXLI — MES VIII    Número 40.429
Caracas, lunes 9 de junio de 2014

*Esquina Urapal, edificio Dimase, La Candelaria*
*Caracas – Venezuela*
Tarifa sujeta a publicación de fecha 14 de noviembre de 2003
en la Gaceta Oficial N° 37.818
http://www.minci.gob.ve

**Esta Gaceta contiene 24 Págs. costo equivalente
a 10,05 % valor Unidad Tributaria**

## LEY DE PUBLICACIONES OFICIALES
(22 DE JULIO DE 1941)

*Artículo 11*. La GACETA OFICIAL, creada por Decreto Ejecutivo del 11 de octubre de 1872, continuará editándose en la Imprenta Nacional con la denominación GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA.

*Artículo 12*. La GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicará todos los días hábiles, sin perjuicio de que se editen números extraordinarios siempre que fuere necesario; y deberán insertarse en ella sin retardo los actos oficiales que hayan de publicarse.

*Parágrafo único*: Las ediciones extraordinarias de la GACETA OFICIAL tendrán una numeración especial

*Artículo 13*. En la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicarán los actos de los Poderes Públicos que deberán insertarse y aquellos cuya inclusión sea considerada conveniente por el Ejecutivo Nacional.

*Artículo 14*. Las leyes, decretos y demás actos oficiales tendrán carácter de públicos por el hecho de aparecer en la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA, cuyos ejemplares tendrán fuerza de documentos públicos.



**DILE NO A LOS GESTORES**

## Estimados usuarios

El Servicio Autónomo
Imprenta Nacional y Gaceta Oficial
facilita a todas las personas naturales,
jurídicas y nacionalizadas
la realización de los trámites
legales para la solicitud
de la Gaceta Oficial
sin intermediarios.

Recuerde que a través
de nuestra página usted puede
consultar o descargar
de forma rápida y gratuita
la Gaceta Oficial visite:

http://www.
imprentanacional.gob.ve

**Conoce Nuestros Servicios**
(+58212) 576-80-86 / 576-43-92.

**Síguenos en Twitter**
@oficialgaceta
@oficialimprenta

Gobierno Bolivariano
de Venezuela

Ministerio del Poder Popular
para la Comunicación y la Información

Servicio Autónomo
Imprenta Nacional y Gaceta Oficial

Juventud
BICENTENARIA

Monday, June 9, 2014                                                                                           412.335
## OFFICIAL GAZETTE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA

**Bolivarian Republic of Venezuela**
**Superintendence of Banking Sector Institutions**
[Illegible]

## DECISION

**NUMBER: 066.14**                                              **DATE: MAY 19, 2014**
                                                               **204th, 155th and 15th**

Whereas, on August 27, 2010, pursuant to Decision No. 468.10, published in Official Gazette of the Bolivarian Republic of Venezuela No. 39.498 dated August 30, 2010, this Superintendence of Banking Sector Institutions (formerly Superintendence of Banks and Other Financial Institutions), decided to intervene the business corporation Credican, C.A., registered before the Fifth Commercial Registry for the Capital District Judicial Circuit and the State of Miranda on January 3, 2002, under No. 23, Book 622-A-Qto., inasmuch as there is unity on decision and management with respect to Banco Canarias de Venezuela, C.A. (under liquidation).

Whereas, pursuant to provisions in Article 251 of the Decree-Law on the Partial Reform of Banking Sector Institutions, the period established for the intervention process has lapsed, and this Supervisory body has the authority and power when deemed appropriate to decide to conclude such process.

Whereas, in accordance with reports filed by the respective Receivers there is evidence that liquidation of the business corporation Credican, C.A. will assist in recovering Banco Canarias de Venezuela, C.A. (under liquidation) credit balances.

Whereas, pursuant to provisions in Article 172 paragraph 5 of Decree-Law on the Partial Reform of Banking Sector Institutions this Superintendence obtained the favorable opinion of the National Financial System Superior Body (OSFIN), as set forth under the information item dated April 22, 2014.

Whereas, this Superintendence granted the hearing set forth in Article 246 *ejusdem*, and having considered the foregoing elements, this Superintendence of Banking Sector Institutions, in accordance with provisions in Article 260 paragraph 3 of the referenced Decree-Law,

## DECIDES

1.-    To agree to liquidate the business corporation Credican, C.A.

2.-    To notify the business corporation Credican, C.A., what has been agreed in this Decision.

3.-    Notify Fondo de Proteccion Social de los Depositos Bancarios of this Decision,  in accordance with provisions in Articles 264, 265, 266 of Decree-Law on Partial Reform of the Law on Banking Sector Institutions, to proceed to perform the duties vested to liquidators and establish the rules to proceed to liquidate the referenced business corporation, related to Banco Canarias de Venezuela, C.A.

In accordance with Articles 233, 239 ibid, an Appeal for Reversal may be filed within ten (10) banking days, as of notice of this Decision, or the Appeal for Nullity before the jurisdiction of the National Administrative Law Courts for the Capital Region within forty-five (45) continuous days subsequent to notice of this decision, or the [order] that decides the Appeal for Reversal, if filed, in accordance with Article 234 and 240 *ejusdem*.

[Seal:] Bolivarian Republic of Venezuela
Coat of Arms
SUDEBAN
[remainder illegible]

Enter and Publish,
/s/ Illegible
**Mary Rosa Espinoza de [Illegible]**
**Superintendent of Banking Sector Institutions**
Presidential Decree No. 772 dated February 5, 2014
Published in Official Gazette of the Bolivarian Republic of Venezuela No. 40.370 dated March 12, 2014

# CERTIFICATE OF ACCURACY

I, **Esther Cecilia Crespo**, an interpreter certified by the Administrative Office of the United States Courts, for and on behalf of **Liaison Services, Inc.**, hereby certify that the foregoing translation from Spanish into English, attached hereto and consisting of   2   page(s), is a true and correct translation of the original document.

Esther Cecilia Crespo
Miami, Florida