B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc, et al, Debtors    Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPOTATED** | **MERRILL LYNCH INTERNATIONAL** |

Name and Address where notices to transferee
Should be sent:
c/o 214 North Tryon Street, 15th Floor,
Charlotte, N.C. 28255, USA

Attn: Gregory Ponder
Tel: 001 980 386 8308
Email: gregory.w.ponder@baml.com

Court Claim Number: **Multiple; see attached schedule.**
Claim Amount: **see attached schedule.**

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _[signature]_    Date: 12 February 2016
SETH DENSON
DIRECTOR
**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

SCHEDULE

Transferred Claims

| ISIN | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|
| XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 6,000,000.00 | EUR | 56865 | 8,514,634.62 |
| XS0331488014 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 3,000,000.00 | USD | 59150 | 3,000,000.00 |
| XS0270184244 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 5,000,000.00 | USD | 60481 | 5,000,000.00 |

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged **Merrill Lynch International** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claims</u>"), in Seller's right, title and interest in and to Proof of Claim Number(s) set forth at <u>Schedule 1</u> hereto (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claims and specified in <u>Schedule 1</u> attached hereto and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b) and (c), the "<u>Transferred Claims</u>"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claims specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Notices of Proposed Allowed Claim Amount, dated (i) 22 December 2011 in respect of Claim No 59150, (ii) 24 August 2011 in respect of Claim No 60481.02 and Claim No. 60481 and (iii) 24 August 2011 in respect of Claim Nos 56865 (together, the "<u>Notices</u>") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notices; (h) with respect to the Purchased Claims, Seller or a predecessor in interest has received from Lehman Brothers Holdings Inc. ("<u>LBHI</u>") (A) the initial LBHI distribution on or about April 17, 2012, in the amount set forth in <u>Schedule 1</u> (the "<u>Initial LBHI Distribution</u>, (B) the second LBHI distribution on or about October 1, 2012, in the amount set forth in <u>Schedule 1</u> (the "<u>Second LBHI Distribution</u>"), (C) the third LBHI distribution, on or about April 3, 2013, in the amount set forth in <u>Schedule 1</u> (the "<u>Third LBHI Distribution</u>"), (D) the fourth LBHI distribution on or about October 3, 2013, in the amount set forth in <u>Schedule 1</u> (the "<u>Fourth LBHI Distribution</u>"), (E) the fifth LBHI distribution on or about April 3, 2014, in the amount set forth in <u>Schedule 1</u> (the "<u>Fifth LBHI Distribution</u>"), (F) the sixth LBHI distribution on or about October 2, 2014 in the amount set forth in <u>Schedule 1</u> ((the "<u>Sixth LBHI Distribution</u>"), (G) the seventh LBHI distribution on or about April 2, 2015, in the amount set forth in <u>Schedule 1</u> ((the "<u>Seventh LBHI Distribution</u>"), and (H) the eighth distribution on or about October 1, 2015, in the amount set forth in <u>Schedule 1</u> (the "<u>Eighth LBHI Distribution</u>"); (i)

with respect to the Purchased Security, Seller or a predecessor in interest has received from Lehman Brothers Treasury Co. B.V. ("LBT") (A) the initial LBT distribution on or about May 8, 2013, in the amount set forth in Schedule 1 (the "Initial LBT Distribution"); (B) the second LBT distribution on or about October 24, 2013, in the amount set forth in Schedule 1 (the "Second LBT Distribution"); (C) the third LBT distribution on or about April 28, 2014, in the amount set forth in Schedule 1 (the "Third LBT Distribution"); (D) the fourth LBT distribution on or about October 28, 2014, in the amount set forth in Schedule 1 (the "Fourth LBT Distribution"); (E) the fifth LBT distribution on or about April 27, 2015, in the amount set forth in Schedule 1 (the "Fifth LBT Distribution") and (F) the sixth LBT distribution on or about October 29, 2015, in the amount set forth in Schedule 1 (the "Sixth LBT Distribution and, together with the Initial LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Seventh LBHI Distribution, the Eighth LBHI Distribution, the Initial LBT Distribution, the Second LBT Distribution, the Third LBT Distribution, the Fourth LBT Distribution and the Fifth LBT Distribution, the "Distributions"); (j) Seller has delivered to Purchaser true and correct copies of the distribution notices relating to the Fifth LBHI Distribution, Sixth LBHI Distribution, Seventh LBHI Distribution and Eighth LBHI Distribution with respect to ISIN No: XS0270184244, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Seventh LBHI Distribution and the Eighth LBHI Distribution with respect to ISIN No: XS0331488014, and the Eighth LBHI Distribution with respect to ISIN No: XS0211244941, and there have not been any revisions, amendments or modifications thereto, and (k) other than the Distributions, neither Seller nor a predecessor in interest has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller received after the trade date of 24 September 2015, including without limitation, the Eighth LBHI Distribution, and the Sixth LBT Distribution). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

2

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is dated as of 12 February 2016.

| MERRILL LYNCH INTERNATIONAL | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED |
|---|---|
| By: *[signature]* <br> Name: <br> Title: **Simon Orr** <br> **Authorised Signatory** | By: *[signature]* <br> Name: <br> Title: **SETH DENSON** <br> **DIRECTOR** |

Address:

2 King Edward Street
London, EC1A 1HQ

Attn: Simon Orr
Tel: 00 44 20 7995 8017
Email: simon.orr@baml.com

c/o 214 North Tryon Street,
15th Floor,
Charlotte, NC 28255
Attn: Meredith R. Smith
Tel: (980) 388-4526
Email: meredith.r.smith@baml.com

4

## SCHEDULE 1

Transferred Claims

Purchased Claim

The Purchased Claim represents **US$8,514,634.62** of the total Proposed Allowed Claim Amount with respect to **XS0211244941** as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number **56865**)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount transferred | Coupon | Maturity | Allowed Amount |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue TBC | XS0211244941 | Lehman Brothers Treasury BV | Lehman Brothers Holdings, Inc | EUR 6,000,000.00 | N/A | September 2009 | US$ 8,514,634.62 |

KL2 2923928.2

Purchased Claim Distribution Amounts  (Claim Number 56865)

**LBHI Distributions:**

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | US$ 8,514,634.62 | US$ 307,312.66 |
| Second Distribution | US$ 8,514,634.62 | US$ 207,380.65 |
| Third Distribution | US$ 8,514,634.62 | US$ 261,938.98 |
| Fourth Distribution | US$ 8,514,634.62 | US$ 310,555.72 |
| Fifth Distribution | US$ 8,514,634.62 | US$ 337,335.86 |
| Sixth Distribution | US$ 8,514,634.62 | US$ 253,170.31 |
| Seventh Distribution | US$ 8,514,634.62 | US$ 172,773.60 |
| Eighth Distribution | US$ 8,514,634.62 | US$ 131,777.68 |

**LBT Distributions:**

| Distribution | Purchased Claim Allowed Amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | EUR 6,541,962.00 | EUR 791,598.39 |
| Second Distribution | EUR 6,541,962.00 | EUR 310,116.34 |
| Third Distribution | EUR 6,541,962.00 | EUR 333,313.47 |
| Fourth Distribution | EUR 6,541,962.00 | EUR 275,571.17 |
| Fifth Distribution | EUR 6,541,962.00 | EUR 220,773.15 |
| Sixth Distribution | EUR 6,541,962.00 | EUR 160,632.00 |

6

The Purchased Claim represents **US$3,000,000.00** of the total Proposed Allowed Claim Amount with respect to **XS0331488014** as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number **59150**)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount transferred | Coupon | Maturity | Allowed Amount |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., Issue of US$ 3,000,000 Nikkei 225 Index Linked Redemption Notes due November 21, 2022 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc under the U.S$ 100,000,000,000 Euro Medium-Term Note Program | XS0331488014 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | US$ 3,000,000.00 | Fixed Rate and Index-Linked Interest | 21 November, 2022 | US$ 3,000,000.00 |

7

Purchased Claim Distribution Amounts (Claim Number 59150)

**LBHI Distributions**

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | US$ 3,000,000.00 | US$ 108,276.87 |
| Second Distribution | US$ 3,000,000.00 | US$ 73,067.37 |
| Third Distribution | US$ 3,000,000.00 | US$ 92,289.45 |
| Fourth Distribution | US$ 3,000,000.00 | US$ 109,419.51 |
| Fifth Distribution | US$ 3,000,000.00 | US$ 118,855.08 |
| Sixth Distribution | US$ 3,000,000.00 | US$ 89,200.65 |
| Seventh Distribution | US$ 3,000,000.00 | US$ 60,874.11 |
| Eighth Distribution | US$ 3,000,000.00 | US$ 46,429.83 |

**LBT Distributions:**

| Distribution | Purchased Claim Allowed Amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | US$ 3,000,000.00 | US$ 303,215.52 |
| Second Distribution | US$ 3,000,000.00 | US$ 123,410.34 |
| Third Distribution | US$ 3,000,000.00 | US$ 133,623.02 |
| Fourth Distribution | US$ 3,000,000.00 | US$ 102,320.84 |
| Fifth Distribution | US$ 3,000,000.00 | US$ 68,904.00 |
| Sixth Distribution | US$ 3,000,000.00 | US$ 52,995.28 |

8

The Purchased Claim represents **US$5,000,000.00** of the total Proposed Allowed Claim Amount with respect to XS0270184244 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number **60481**)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount transferred | Coupon | Maturity | Allowed Amount |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., | XS0270184244 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | US$ 5,000,000.00 | N/A | 30 September 2009 | US$ 5,000,000.00 |

9

Purchased Claim Distribution Amounts (Claim Number 60481)

**LBHI Distributions**

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | US$ 5,000,000.00 | US$ 180,461.45 |
| Second Distribution | US$ 5,000,000.00 | US$ 121,778.95 |
| Third Distribution | US$ 5,000,000.00 | US$ 153,815.75 |
| Fourth Distribution | US$ 5,000,000.00 | US$ 182,365.85 |
| Fifth Distribution | US$ 5,000,000.00 | US$ 198,091.80 |
| Sixth Distribution | US$ 5,000,000.00 | US$ 148,667.75 |
| Seventh Distribution | US$ 5,000,000.00 | US$ 101,456.85 |
| Eighth Distribution | US$ 5,000,000.00 | US$ 77,383.05 |

**LBT Distributions:**

| Distribution | Purchased Claim Allowed Amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | US$ 5,000,000.00 | US$ 650,078.42 |
| Second Distribution | US$ 5,000,000.00 | US$ 264,585.40 |
| Third Distribution | US$ 5,000,000.00 | US$ 286,480.86 |
| Fourth Distribution | US$ 5,000,000.00 | US$ 219,395.00 |
| Fifth Distribution | US$ 5,000,000.00 | US$ 147,725.00 |
| Sixth Distribution | US$ 5,000,000.00 | US$ 113,619.14 |

10