| | |
|---|---|
| Susheel Kirpalani<br>Andrew J. Rossman<br>James C. Tecce<br>Tyler G. Whitmer<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>*Counsel to Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.* | Joseph D. Pizzurro<br>Michael J. Moscato<br>Peter J. Behmke<br>**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**<br>*Counsel to Lehman Brothers Holdings Inc. and Certain of Its Affiliates* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- X
In re:                                                                  :   Chapter 11
                                                                        :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                :
                                                                        :
                                Debtors.                                :
------------------------------------------------------------------------- X

### OPPOSITION TO APPLICATION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE A NOTICE OF APPEAL FROM JPM SETTLEMENT AGREEMENT

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. And Its Affiliated Debtors [Docket No. 23023-1] (the "Plan"), on behalf of itself, Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commercial Corp. ("LBCC"), and Lehman Brothers Commodity Services Inc. ("LBCS" and, with LBHI, LBSF, and LBCC, the "Lehman Entities"), and the Official Committee of Unsecured Creditors, through its Litigation Subcommittee (the "Committee"), submit this opposition (the "Opposition") to the *Motion For Enlargement Of Time Within Which To File An* [sic] *Notice Of Appeal To The JPM Settlement Agreement* (the "Enlargement Application")[1] filed by William Kuntz and, in support thereof, respectfully state as follows:[2]

---

[1]   A copy of the Enlargement Application is attached hereto as **Exhibit 2**.
[2]   For the Court's convenience, a copy of a proposed order denying the Enlargement Motion has been attached hereto as **Exhibit 1**.

1

**BACKGROUND**

1. On January 25, 2016, the Plan Administrator and the Committee filed the *Motion, Pursuant To Fed. R. Bankr. P. 9019 And 11 U.S.C. § 105(a), For Entry Of Order Approving Settlement Agreement With JPMorgan Chase Bank, N.A. And Certain Of Its Affiliates With Respect To Avoidance Action And Derivatives Claims Objections And Granting Related Relief* (the "Settlement Motion").

2. The Settlement Motion requested approval of an agreement with JPMorgan Chase Bank, N.A. and certain of its affiliates (collectively, "JPMorgan") that resolved certain disputes among JPMorgan and the estates and that will result in the estates' receipt of sufficient cash to fund a $1.496 billion distribution to creditors.

3. On January 30, 2016, William Kuntz sent correspondence to the Court (and others) which references the Settlement Agreement and suggests the matter should be stayed so an examiner can be appointed to investigate the loss of stockholder equity.[3] A copy of Mr. Kuntz's correspondence is attached hereto as **Exhibit 3**.[4] Mr. Kuntz's correspondence acknowledges and admits that all claims he filed against the estates have been expunged.[5]

4. On February 8, 2016, the Court conducted a hearing on the Settlement Motion at which the Settlement Agreement was approved. Mr. Kuntz did not attend the hearing, by

---

[3] As the Court is well aware, an examiner was appointed in these chapter 11 cases and submitted an extensive report examining, among other things, the transactions that formed the basis for the Avoidance Action (as defined in the Settlement Motion). See Order Directing Appointment Of An Examiner Pursuant To Section 1104(c)(2) of the Bankruptcy Code, Jan. 16, 2009, ECF 2569; Examiner Report, Volume 4 (examining pre-petition transfers involving JPMorgan).

[4] On February 3, 2016, Mr. Kuntz's correspondence was filed on the docket [Docket No. 51973].

[5] See Exhibit 2 at 1 ("I had my prior claims expunged . . . ."); Exhibit 3 at 1 (acknowledging the "expungement" of his claims). A copy of the relevant portions of the Claims Register reflecting the expungement of Mr. Kuntz's claims (Nos. 10509, 10510, 10511, 33550, 33551, 33552, 35120, 35121, 35122, 35123, 35430) is attached hereto as **Exhibit 4**.

2

telephone or otherwise.  The Court signed the *Order Granting Settlement Agreement* (the "Settlement Order") on the same day and entered it on the docket in the Adversary Proceeding [Adv. Proc. ECF No. 39].

5. On February 9, 2016, Mr. Kuntz sent via facsimile copies of the Enlargement Application.

6. On February 11, 2016, the Court docketed the Settlement Order in the Chapter 11 Cases [Ch. 11 ECF No. 52002].

7. On February 13, 2016, Mr. Kuntz sent via facsimile copies of the *Brief Memorandum In Support Of Motion To Enlarge Time* (the "Enlargement Memorandum").  A copy of the Enlargement Memorandum is attached hereto as **Exhibit 5**.  Within the Enlargement Memorandum, Mr. Kuntz once again acknowledges, see supra ¶ 3, that he lacks standing to appeal the Settlement Order and to seek the relief requested within the Enlargement Application.  See Exhibit 5 at 2 ("[I]t is unclear that Movant is still 'a party in interest'").

## ARGUMENT

8. Bankruptcy Rule 8002(d)(1) permits a bankruptcy court to "extend the time to file a notice of appeal upon a party's motion that is filed . . . within the time prescribed." Fed. R. Bankr. P. 8002(d)(1) (providing that "the bankruptcy court *may* extend the time to file a notice of appeal") (emphasis added).  As the language of the rule makes clear, however, "[s]uch motions are not to be automatically or routinely granted."  In re Pangburn, 226 B.R. 109, 110 (Bankr. D. Idaho 1998).  Rather these motions must be considered "in light of the specific circumstances in the case."  In re B. Tate Ogle Golf, Inc., 154 B.R. 787, 789 (Bankr. M.D. Fla. 1993); see also Lovelace v. Higgins (In re Higgins), 220 B.R. 1022, 1025 (10th Cir. B.A.P. 1998).  Further, in

3

considering requests to extend time, courts have recognized "the need for speed and expedition in the administration of bankruptcy cases." Ogle Golf, 154 B.R. at 789.

9. Motions to extend time which "allege no special circumstances . . . to justify an extension" are insufficient. Id.; Pangburn, 226 B.R. at 110 (stating that "[movant] . . . failed to show that there are the sort of special circumstances, not found in virtually every other case, which justify the exercise of the Court's discretion [to extend the time to appeal]").

10. Such special circumstances may include evidence that "the [movant's] principals are and have been out of town or otherwise unavailable, or that events have otherwise precluded the [movant] from considering the matter before." Ogle Golf, 154 B.R. at 789. Thus, the bankruptcy court in Ogle Golf denied a motion to extend where the motion before it was "notably silent as to any facts that might warrant an extension of time." Id. Similarly, the court in Pangburn denied a motion to extend time where the "[movant] allege[d] only that he 'wishes to more extensively research the law applicable to the [c]ourt's decision and consider all options prior to appeal.'" 226 B.R. at 110. The court noted that "it is hard to understand how these desires are unlike those held by any party whether or not to appeal an adverse ruling." Id.

11. The Enlargement Application contains no allegations of "special circumstances" to justify the relief requested. The only purported bases for any extension is a vague assertion that Mr. Kuntz has received no reply to inquires he made of the New York State Comptroller. Exhibit 2 at 2. The relationship between Mr. Kuntz's inquiries to the New York State Comptroller and the relief requested under the Settlement Motion is entirely unclear.[6] Moreover,

---

[6] Mr. Kuntz's penchant for frivolous litigation in this case has been well-documented. *Memorandum Decision Granting Debtors' Objection To Claims 33550, 33551, 33552, 35121 And 35430 Of William Kuntz III* [Docket No. 12662] at 2–3 ("Mr. Kuntz is a seasoned *pro se* litigation veteran who seems to relish coming to court to articulate provocative positions and to take issue with the retained professionals."); id. at 3–4 ("Mr. Kuntz's propensity to raise questions and to litigate has been a complicating factor that has added to the length of certain

4

just as a desire to conduct additional legal research was found to be an insufficient justification for an extension, see Panburn, 226 B.R. at 110, a desire to conduct additional factual investigations is equally insufficient.

12. Lastly, time is of the essence. Once consummated, the Settlement Agreement will enable the estates to make a creditor distribution of approximately $1.496 billion. Any delay in that distribution would significantly harm creditors. Mr. Kuntz has not identified a single reason to set aside the Settlement Motion. Indeed, Mr. Kuntz cannot claim to be a person "aggrieved" by the Settlement Motion when he is not a creditor of the estates and therefore lacks standing to object to the Settlement Motion or appeal from the order granting it. By his own admission, which is substantiated by the Claims Register and an opinion from the Court referring to Mr. Kuntz's litigation of the objections to his claims as "vexatious," Mr. Kuntz's claims have been expunged—underscoring the sheer frivolity of the Enlargement Application. See, e.g., DISH Network Corporation v. DBSB N. Am. (In re DBSH N. Am.), 634 F.3d 79, 89 (2d Cir. 2011) (noting that "in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court."); Ace Am. Ins. Co. v. Old HB, Inc. (In re Old HB,

---

hearings. No doubt these activities . . . have been a source of some incremental administrative expenses."); id. at 10 ("To permit the hearing proposed by Mr. Kuntz in the context of these cases would be unnecessary, unreasonable and, in the Court's view, vexatious."); see also *Lehman Pro Se Gadfly Appeals Judge's Dismissal*, LAW360, Nov. 19, 2010, *available at* http://www.law360.com/articles/210408/lehman-pro-se-gadfly-appeals-judge-s-dismissal. Such conduct is not limited to the present case, however. See e.g., Kuntz v. Pardo, 160 B.R. 35, 39 (S.D.N.Y. 1993) ("Kuntz's dilatory conduct throughout his participation in the Grant case evinces bad faith. Apart from the lack of merit to his appeals, he has repeatedly failed to abide by the rules of the court and repeatedly fails to prosecute the appeals that he has filed."); In re Commercial Financial Services, Inc., 238 B.R. 479, 484 n.7 (Bankr. N.D. Okla. 1999) (collecting cases); Kuntz v. Saul, Ewing, Remick & Saul, 200 B.R. 101 (D. Del. 1996) (Kuntz sanctioned for pursuing a frivolous appeal, notwithstanding his *pro se* status, because of Kuntz's extensive appellate experience – listing failed federal and state appeals).

5

Inc.), 525 B.R. 218, 222 (S.D.N.Y. 2015) (noting standard is "stricter than Article III's injury in fact test, and its stringency is rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters.'") (quoting Drawbridge Special Opp. Fund LP v. Barnet (In re Barnet), 737 F.3d 238, 242 (2d Cir. 2013)).

WHEREFORE, the Movants respectfully request that the Court enter an Order substantially in the form attached hereto as **Exhibit 1** (a) sustaining the Opposition; (b) denying the Enlargement Application; and (c) awarding such other, further relief as is deemed appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: February 16, 2016
New York, New York

        Respectfully submitted,

        CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/ Joseph D. Pizzurro*
    Joseph D. Pizzurro
    Michael J. Moscato
    Peter J. Behmke

*Attorneys for LBHI and Certain of Its Affiliates*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Andrew J. Rossman*
    Susheel Kirpalani
    Andrew J. Rossman
    James C. Tecce
    Tyler G. Whitmer

*Attorneys for Committee*