George Hofmann (10005)
Joshua K. Peterman (10248)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| iFREEDOM DIRECT CORPORATION fka New Freedom Mortgage Corp.<br><br>Plaintiff,<br><br>-vs-<br><br>LEHMAN BROTHERS HOLDINGS, INC.,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil No. 2:15-cv-00869-DN<br>JUDGE: David Nuffer |

iFreedom Direct Corporation ("IFD") brings this action against Lehman Brothers Holdings, Inc. ("LBHI") and for causes of action, alleges as follows:

**JURISDICTION AND VENUE**

1.      IFD brings this action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purposes of determining a question of actual controversy between the parties.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. A substantial

{00254617.DOC / 4}

part of the events giving rise to the claims at issue occurred in this district.

## THE PARTIES

4.      Plaintiff IFD is a corporation organized and existing under the laws of the State of Utah with its principal place of business located in Salt Lake City, Utah.

5.      Defendant LBHI is a corporation organized and existing under the laws of the State of Delaware.

## BACKGROUND

6.      On or about July 8, 2004, IFD and Lehman Brothers Bank ("LBB") entered into two virtually identical Loan Purchase Agreements (collectively referred to herein as the "Agreements") pursuant to which IFD would sell LBB certain residential mortgage loans. True and correct copies of the Agreements are attached hereto as Exhibit **"A."**

7.      Paragraph 2 of the Agreements incorporated a Seller's Guide that contained terms and conditions in addition to those found in the Agreements.

8.      Throughout the time relevant to this Complaint, LBB solicited IFD to sell LBB certain categories of loans. The loan at issue in this case was within the loan categories sought by LBB. These types of loans were presumably more profitable to LBB, although they were also known to LBB to carry more risk than a traditional mortgage loan. LBB knowingly sought and assumed the risks inherent in the loan which is at issue in this case.

9.      On or about July 13, 2006, IFD sold LBB a mortgage loan on which the borrower was an individual named Jesus Guerra. This loan has been identified by LBHI as loan #33037771 (the "Loan").

{00254617.DOC / 4}                                      2

10. LBHI has represented that LBB sold the Loan to LBHI. LBHI has represented that it subsequently sold or transferred rights to the Loan to Freddie Mac, and in conjunction with such sale or transfer made its own covenants, representations and warranties to Freddie Mac pursuant to agreements to which IFD is not a party.

11. LBHI has alleged that Freddie Mac subsequently discovered defects in the Loan and demanded that LBHI compensate it for damages resulting from the defects.

12. Upon information and belief, the allegations by Freddie Mac were that LBHI, and/or certain LBHI subsidiaries, including but not limited to non-debtor subsidiaries, had breached the terms of its separate agreements with Freddie Mac.

13. Upon information and belief, Freddie Mac notified LBHI of its claim(s) of breach, and/or made these demands on or prior to September 22, 2009.

14. LBHI has alleged that the defects in the Loan were the result of IFD breaching the representations and warranties set forth in the Seller's Guide.

15. Upon information and belief, LBHI entered into a settlement agreement with Freddie Mac pursuant to which it resolved Freddie Mac's claim that the Loan was defective.

16. Upon information and belief, LBHI was not found to be liable to Freddie Mac relative to the subject Loan nor was it legally obligated to make the settlement payment. Any payments made by LBHI to Freddie Mac were voluntary in nature.

17. LBHI did not provide IFD timely notice of Freddie Mac's claims, an opportunity to repurchase the Loan, or an opportunity to participate in defending and/or resolving Freddie Mac's claims at any time prior to its settlement with Freddie Mac.

{00254617.DOC / 4}   3

18. LBHI has alleged that LBB assigned it all of its rights under the Agreements.

19. Pursuant to this alleged assignment, LBHI has demanded that IFD indemnify it for an amount greater than the amount that LBHI allegedly paid Freddie Mac pursuant to the aforementioned settlement.

## First Cause of Action
(Statute of Limitations – Breach of Contract Claims)

20. IFD incorporates by reference all preceding paragraphs of this Complaint.

21. LBHI's claim for indemnification is predicated upon IFD's alleged breach of the Agreements when it sold the Loan to LBB or about July 13, 2006.

22. IFD is entitled to a declaration that any breach of contract claims that may be asserted by LBHI are barred by the applicable statutes of limitations.

## Second Cause of Action
(Statute of Limitations – Indemnity Claims)

23. IFD incorporates by reference all preceding paragraphs of this Complaint.

24. IFD's duty of indemnification, if any, arose as of July 13, 2006 or no later than September 22, 2009.

25. IFD is entitled to a declaration that any indemnity claims that may be asserted by LBHI are barred by the applicable statutes of limitations.

## Third Cause of Action
(No Right to Indemnification)

26. IFD incorporates by reference all preceding paragraphs of this Complaint.

27. LBHI failed to provide IFD with notice of Freddie Mac's claims which deprived IFD of an opportunity to defend and/or resolve those claims.

{00254617.DOC / 4}            4

28. LBHI was not legally obligated to pay Freddie Mac and the settlement agreement was strictly a voluntary payment.

29. At the time LBHI settled with Freddie Mac, LBHI had made no analysis concerning whether it had any indemnification liability to Freddie Mac with respect to the Loan. LBHI has not, and indeed cannot, establish that it had no good defenses to Freddie Mac's claims with respect to the Loan at the time LBHI settled with Freddie Mac.

30. IFD is entitled to a declaration that it has no duty to indemnify LBHI.

### Fourth Cause of Action
(No Breach of Contract or Duty to Indemnify)

31. IFD incorporates by reference all preceding paragraphs of this Complaint.

32. IFD fully performed all of its obligations under the Agreements and Seller's Guide and did not breach any of the representations and warranties.

33. Any alleged damages suffered by LBHI were the result of its own breach of separate agreements with Freddie Mac to which IFD was not a party and/or breaches by third parties such as a loan servicer.

34. LBHI is unable to establish a causal connection between its alleged damages and conduct by IFD.

35. IFD is entitled to a declaration that it has no liability to LBHI either under breach of contract or indemnification claims.

36. IFD is further entitled to a declaration that any claims for breach of contract asserted by LBHI are barred on several distinct grounds, including but not limited to, LBHI's failure to mitigate its damages, estoppel, laches and/or waiver, lack of

{00254617.DOC / 4}                                      5

privity of contract, and/or lack of proximate cause.

**WHEREFORE**, IFD requests judgment against LBHI as follows:

1. For a declaratory judgment that any breach of contract claims are time-barred;

2. For a declaratory judgment that any claims for indemnification are time-barred;

3. For a declaratory judgment that IFD has no duty to indemnify LBHI;

4. For a declaratory judgment that IFD has no contractual liability to LBHI or duty to indemnify LBHI; and

5. For any other relief the Court deems just and proper.

**DATED**:   December 10, 2015

                                        **COHNE KINGHORN, P.C.**

                                        /s/ George Hofmann
                                       George Hofmann
                                       Joshua K. Peterman

                                       Attorneys for iFreedom Direct Corporation

79392.01