George Hofmann (10005)
Joshua K. Peterman (10248)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| iFREEDOM DIRECT CORPORATION fka New Freedom Mortgage Corp.<br><br>Plaintiff,<br><br>-vs-<br><br>LEHMAN BROTHERS HOLDINGS, INC.,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil No. 2:15-cv-00877-JNP<br><br>Judge: Jill N. Parrish |

iFreedom Direct Corporation ("IFD") brings this action against Lehman Brothers Holdings, Inc. ("LBHI") and for causes of action, alleges as follows:

### JURISDICTION AND VENUE

1.      IFD brings this action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purposes of determining a question of actual controversy between the parties.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.  A substantial

part of the events giving rise to the claims at issue occurred in this district.

## THE PARTIES

4.     Plaintiff IFD is a corporation organized and existing under the laws of the State of Utah with its principal place of business located in Salt Lake City, Utah.

5.     Defendant LBHI is a corporation organized and existing under the laws of the State of Delaware.

## BACKGROUND

6.     On or about July 9, 2004, IFD and Lehman Brothers Bank ("LBB") entered into a Broker Agreement ("Agreement") pursuant to which IFD would submit loan applications which appeared to fit LBB's mortgage loan programs to LBB for its consideration and, if approved, possible closing and funding.  A true and correct copy of the Agreement is attached hereto as Exhibit **"A."**

7.     Throughout the time relevant to this Complaint, LBB solicited IFD to submit to LBB loan applications for certain categories of loans.  The loan at issue in this case is within the loan categories sought by LBB.  These types of loans were presumably more profitable to LBB, although they were also known to LBB to carry more risk than a traditional mortgage loan.  LBB knowingly sought and assumed the risks inherent in the loan which is at issue in this case.

8.     In prior communications, LBHI has alleged that a subsequent broker agreement dated September 27, 2005 is controlling; however, that agreement was never executed by LBHI and pursuant to its terms, not effective.   A true and correct copy of this agreement is attached hereto as Exhibit **"B."**

9. On or about March 28, 2006, IFD received a loan application from a potential borrower named Eric Rude and submitted the loan application to LBB for processing and consideration for underwriting approval under LBB loan program(s).

10. Upon information and belief, LBB processed the application, and based on its verification, investigation, and due diligence underwriting consideration of the applicant's qualifications, approved and offered the mortgage loan to the borrower. The loan was closed and funded by LBB. This loan has been identified by LBHI as loan number 37916277 (the "Loan").

11. LBHI has represented that LBB sold the Loan to LBHI. LBHI has represented that it subsequently sold or transferred rights to the Loan to Fannie Mae, and in conjunction with such sale or transfer made its own covenants, representations and warranties to Fannie Mae pursuant to agreements to which IFD is not a party.

12. At no time did IFD ever own or hold a beneficial interest in the Loan.

13. LBHI has alleged that Fannie Mae subsequently discovered defects in the Loan and demanded that LBHI compensate it for damages resulting from the defects.

14. Upon information and belief, the allegations by Fannie Mae were that LBHI, and/or certain LBHI subsidiaries, including but not limited to non-debtor subsidiaries, had breached the terms of its separate agreements with Fannie Mae.

15. Upon information and belief, Fannie Mae notified LBHI of its claim(s) of breach, and/or made these demands on or prior to September 22, 2009.

16. LBHI has alleged that the defects in the Loan were the result of IFD breaching the representations and warranties set forth in the Agreement.

17. Upon information and belief, LBHI entered into a settlement agreement with Fannie Mae pursuant to which it resolved Fannie Mae's claim that the Loan was defective.

18. Upon information and belief, LBHI was not found to be liable to Fannie Mae relative to the subject Loan, nor was it legally obligated to make the settlement payment. Any payments made by LBHI to Fannie Mae were voluntary in nature.

19. LBHI did not provide IFD timely notice of Fannie Mae's claims, an opportunity to purchase the Loan, or an opportunity to participate in defending and/or resolving Fannie Mae's claims at any time prior to its settlement with Fannie Mae.

20. LBHI has alleged that LBB assigned it all of its rights under the Agreement.

21. Pursuant to this alleged assignment, LBHI has demanded that IFD indemnify it for an amount greater than the amount that LBHI allegedly paid Fannie Mae pursuant to the aforementioned settlement.

22. Paragraph 20 of the Agreement provides that IFD's duty to indemnify LBB arises "upon LBB's receipt of a repurchase demand…"

**First Cause of Action**
(Statute of Limitations – Breach of Contract Claims)

23. IFD incorporates by reference all preceding paragraphs of this Complaint.

24. LBHI's claim for indemnification is predicated upon IFD's alleged breach of the Agreement when it originated the Loan and transmitted it to LBB in or before March 2006.

25. IFD is entitled to a declaration that any breach of contract claims that may

be asserted by LBHI are barred by the applicable statutes of limitations.

## Second Cause of Action
(Statute of Limitations – Indemnity Claims)

26. IFD incorporates by reference all preceding paragraphs of this Complaint.

27. IFD's duty of indemnification, if any, arose as of March 2006 or no later than September 22, 2009.

28. IFD is entitled to a declaration that any indemnity claims that may be asserted by LBHI are barred by the applicable statutes of limitations.

## Third Cause of Action
(No Right to Indemnification)

29. IFD incorporates by reference all preceding paragraphs of this Complaint.

30. LBHI failed to provide IFD with notice of Fannie Mae's claims which deprived IFD of an opportunity to defend and/or resolve those claims.

31. LBHI was not legally obligated to pay Fannie Mae and the settlement agreement was strictly a voluntary payment.

32. At the time LBHI settled with Fannie Mae, LBHI had made no analysis concerning whether it had any indemnification liability to Fannie Mae with respect to the Loan. LBHI has not, and indeed cannot, establish that it had no good defenses to Fannie Mae's claims with respect to the Loan at the time LBHI settled with Fannie Mae.

33. IFD is entitled to a declaration that it has no duty to indemnify LBHI.

## Fourth Cause of Action
(No Breach of Contract or Duty to Indemnify)

34. IFD incorporates by reference all preceding paragraphs of this Complaint.

35. IFD fully performed all of its obligations under the Agreement and did not

{00256709.DOC /} 5

breach any of the representations and warranties.

36. Any alleged damages suffered by LBHI were the result of its own breach of separate agreements with Fannie Mae to which IFD was not a party and/or breaches by third parties such as a loan servicer.

37. LBHI is unable to establish a causal connection between its alleged damages and conduct by IFD.

38. IFD is entitled to a declaration that it has no liability to LBHI either under breach of contract or indemnification claims.

39. IFD is further entitled to a declaration that any claims for breach of contract asserted by LBHI are barred on several distinct grounds, including but not limited to, LBHI's failure to mitigate its damages, estoppel, laches and/or waiver, lack of privity of contract, and/or lack of proximate cause.

**WHEREFORE**, IFD requests judgment against LBHI as follows:

1. For a declaratory judgment that any breach of contract claims are time-barred;

2. For a declaratory judgment that any claims for indemnification are time-barred;

3. For a declaratory judgment that IFD has no duty to indemnify LBHI;

4. For a declaratory judgment that IFD has no contractual liability to LBHI or duty to indemnify LBHI; and

5. For any other relief the Court deems just and proper.

**DATED**:    December 11, 2015

                                      **COHNE KINGHORN, P.C.**

                                      /s/ George Hofmann
                                    George Hofmann
                                    Joshua K. Peterman

                                    Attorneys for iFreedom Direct Corporation

79392.01