**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7282**

WRITER'S INTERNET ADDRESS
**andrewrossman@quinnemanuel.com**

February 19, 2016

**VIA E-MAIL AND HAND DELIVERY**

Hon. Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 623
New York, New York 10004-1408
scc.chambers@nysb.uscourts.gov

Re:  ***In re Lehman Brothers Holdings Inc.* (Case No. 08-13555): Motion for Sanctions Against William Kuntz III**

Dear Judge Chapman:

We are counsel to the debtor, Lehman Brothers Holdings Inc. ("LBHI"), and write to seek a status conference concerning LBHI's recently-filed *Motion for Sanctions Against William Kuntz III* [Dkt. #52113] (the "Sanctions Motion").

As the Sanctions Motion makes clear, the requested sanctions relate to Mr. Kuntz's purported "objection" to the *Motion, Pursuant To Fed. R. Bankr. P. 9019 And 11 U.S.C. § 105(a), For Entry Of Order Approving Settlement Agreement With JPMorgan Chase Bank, N.A. And Certain Of Its Affiliates With Respect To Avoidance Action And Derivatives Claims Objections And Granting Related Relief* (the "Settlement Motion" and the agreement at issue therein the "Settlement Agreement") and a purported notice of appeal of the Court's order granting the Settlement Motion (the "Settlement Order") received by LBHI via facsimile.

LBHI does not bring this motion lightly, but Mr. Kuntz's actions threaten to delay JPMorgan's payment of cash to LBHI pursuant to the Settlement Agreement, which is set to take place "[w]ithin five business days after the Effective Date," defined as "the date on which the Approval Order shall have become final and no longer subject to appeal." Settlement Agreement §§ 1-2. As the Court knows, that payment is very large—$1.496 billion. If Mr. Kuntz's actions prevent LBHI from including that sum in the next distribution to creditors, it will cost creditors at least tens of millions of dollars.

We have attempted to reach Mr. Kuntz by telephone but have been unable to find a

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

working number, after trying two that research revealed to be associated with him. We sent Mr. Kuntz an email at an address he has used to communicate with the Court, asking for a working telephone number, warning him that LBHI feels compelled to take this step, and offering him the opportunity to obviate the need for the Sanctions Motion by standing down from his opposition to the Settlement Motion and the Settlement Order. Mr. Kuntz has not responded to that email. Having been unable to reach Mr. Kuntz, LBHI feels compelled to address his actions in the Sanctions Motion. That said, LBHI would much rather resolve this issue without pursuing the Sanctions Motion to an order. To that end, LBHI respectfully requests that the Court set a conference, in the hope that LBHI, the Court, and Mr. Kuntz (or his separate counsel, which we invite him to retain) can work together to prevent any delay to the funding of the JPMorgan Settlement and obviate the need for LBHI to prosecute the Sanctions Motion.

    We are available at the Court's earliest convenience.

Respectfully submitted,

*/s/ Andrew J. Rossman*

Andrew J. Rossman

cc:     Harold S. Novikoff, Esq.
       William Kuntz III (via email and post)