HEARING DATE AND TIME: March 29, 2016 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 23, 2016 at 4:00 p.m. (Eastern Time)

---

**THE FIVE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MELISSA SIEGEL, AT 212-310-8054.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                          :      Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :      08-13555 (SCC)
                                               :
                     Debtors.                  :      (Jointly Administered)
------------------------------------------------------------------x
```

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FIVE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

PLEASE TAKE NOTICE that on February 23, 2016 Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-

referenced chapter 11 cases, filed the five hundred seventeenth omnibus objection to claims (the

"Five Hundred Seventeenth Omnibus Objection to Claims"), and that a hearing (the "Hearing")

to consider the Five Hundred Seventeenth Omnibus Objection to Claims will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **March 29, 2016 at 10:00 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

     **PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred

Seventeenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General

Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green,

New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., and Melissa

Siegel, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K.

Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and

received by no later than **March 23, 2016 at 4:00 p.m. (Eastern Time)** (the "Response

Deadline").

WEIL:\95627054\4\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Five Hundred Seventeenth Omnibus Objection to Claims or any claim

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five

Hundred Seventeenth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: February 23, 2016
      New York, New York

                          /s/ Garrett A. Fail
                          Garrett A. Fail

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Lehman Brothers Holdings Inc.
                          and Certain of Its Affiliates

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FIVE HUNDRED SEVENTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FIVE
HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS
SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE
OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
MELISSA SIEGEL, AT 212-310-8054.**

---

WEIL:\95627054\4\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases

(collectively, the "Chapter 11 Estates"), respectfully represents as follows:

## RELIEF REQUESTED

1.      The Plan Administrator files this objection pursuant to section 502(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the

"Procedures Order") [ECF No. 6664], seeking disallowance and expungement of each of the

proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims").

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.      General Background**

3.      Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On July 2, 2009, this Court entered an order setting forth the procedures

and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF

WEIL:\95627054\4\58399.0011

No. 4271], which requires, among other things, that "each Proof of Claim must . . . (vi) include

supporting documentation or an explanation as to why documentation is not available." (Bar

Date Order at 6.)  The supporting documentation requirement was specifically set forth on the

face of the Court-approved proof of claim form. (*Id.* at Exhibit B.)  Furthermore, the Bar Date

Order provides that "any holder of a claim against the Debtors who is required, but fails to file a

proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . .

specifying the applicable Debtor and other requirements set forth herein, shall forever be barred,

estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim

with respect thereto)." (*Id.* at 9-10).  The Bar Date Order further provided that "each holder of a

claim against a Debtor based on . . . a Guarantee must . . . complete the electronic Guarantee

Questionnaire."  Exhibit D to the Bar Date Order was a version of the Guarantee Questionnaire,

which required the claimant to, among other things, set forth the information forming the basis of

the claimant's assertion of a guarantee.

5.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds,

including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in

the Procedures Order.

6.      On December 6, 2011 the Court approved and entered an order confirming

the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.  Pursuant to the Plan,

the Plan Administrator is authorized to interpose and prosecute objections to claims filed against

the Chapter 11 Estates.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

7.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the

Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement

or applicable law."  11 U.S.C. § 502(b)(1).

**A.**     **Claim Number 12699 filed by Kerstin Becker**

8.       Claim number 12699, filed by Kerstin Becker, asserts a claim for

$64,431.00 based on LBHI's purported guarantee of the obligations of Lehman Brothers

Bankhaus AG ("LBB") arising under a guaranty dated November 21, 2002.  Upon information

and belief, Ms. Becker withdrew her primary claim against the primary obligor, LBB.

Accordingly, the Plan Administrator seeks to disallow and expunge claim number 12699.  LBHI,

as guarantor, has no liability where there is no guarantee and primary obligation.

**B.**     **Claim Number 23936 filed by MLC Investments Limited  ("MLC")**

9.       Claim number 23936, filed by MLC, asserts a guaranty claim for

$229,331.37 against LBHI; however MLC does not definitively identify the primary obligor,

specific guaranty, or underlying contract with a primary obligor.  MLC did not provide

supporting documentation with its claim or any derivative or guarantee questionnaire.  Without

any such information, MLC failed to state a valid claim and the Plan Administrator is unable to

assess the basis and merits of a claim.  Accordingly, claim number 23936 should be disallowed

and expunged.

WEIL:\95627054\4\58399.0011

10.     The Bar Date Order, Bankruptcy Rules, and orders of this Court and

others in the Second Circuit have held that "claims can be disallowed for failure to support the

claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is

not sufficient for the objector to concede the validity of the claim." *In re Minbatiwalla*, 424 B.R.

104, 119 (Bankr. S.D.N.Y. 2010) (relying on Bankruptcy Rule 3001(c), which requires that

proofs of claim include supporting information to establish their prima facie validity); accord *In

re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).  Unless claim number 23936 is disallowed and

expunged, a claimant who does not hold valid claim against LBHI may nonetheless recover from

its estate.

## RESERVATION OF RIGHTS

11.     The Plan Administrator reserves all rights to object on any other bases to

any No Liability Claim as to which the Court does not grant the relief requested herein.  The

Plan Administrator reserves the right to conduct discovery as to the No Liability Claims and any

matters raised by Claimants and to supplement this and other filings as a result thereof.

## NOTICE

12.     No trustee has been appointed in these chapter 11 cases.  Notice of this

omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi)

all other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or

further notice need be provided.

WEIL:\95627054\4\58399.0011

13.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: February 23, 2016
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

**EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 517: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 1 | BECKER,KERSTIN | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12699 | $64,431.00 | $64,431.00 |
| 2 | MLC INVESTMENTS LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23936 | $229,331.37 | $229,331.37 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (SCC)**
                                                   :
                            **Debtors.**           :        **(Jointly Administered)**
---------------------------------------------------------------x

## ORDER GRANTING FIVE HUNDRED SEVENTEENTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred seventeenth omnibus objection to claims, dated February

23, 2016 (the "Five Hundred Seventeenth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge

the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664], all as more fully described in the Five Hundred Seventeenth Omnibus Objection to

Claims; and due and proper notice of the Five Hundred Seventeenth Omnibus Objection to

Claims having been provided as stated therein, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the Five

Hundred Seventeenth Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Five Hundred Seventeenth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms
in the Five Hundred Seventeenth Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Seventeenth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No

Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety

with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE

WEIL:\95627054\4\58399.0011