HEARING DATE AND TIME: March 29, 2016 at 10:00 a.m. (Eastern Time)
OBJECTION DEADLINE: March 7, 2016 at 4:00 p.m. (Eastern Time)

Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178

Andrew J. Rossman
Diane C. Hutnyan
Scott C. Shelley
Lindsay M. Weber
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE
NEW YORK, NEW YORK 10010

*Attorneys for Lehman Brothers Holdings Inc. and*
*Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- X
In re:                                                    :    Chapter 11
                                                          :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :
                                                          :
                    Debtors.                              :
--------------------------------------------------------- X

**NOTICE OF HEARING ON SUPPLEMENTAL MOTION FOR ORDER**
**(I) ALLOWING DISCLOSURE OF DERIVATIVE QUESTIONNAIRES**
**PURSUANT TO SECTION 107(A) OF THE BANKRUPTCY CODE**
**AND (II) MODIFYING THE TREATMENT AFFORDED TO THE**
**DERIVATIVE QUESTIONNAIRES OF CERTAIN PARTIES**

**PLEASE TAKE NOTICE** that on February 26, 2016 Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates

(collectively, "Lehman"), filed a Supplemental Motion to For an Order (i) Allowing Disclosure

of Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code and (ii)

modifying the treatment afforded to the Derivative Questionnaires of Certain Parties (the

"Supplemental Motion").

**PLEASE TAKE FURTHER NOTICE,** that a copy of the Supplemental Motion may be obtained from the official court electronic document filing system of the United States Bankruptcy Court for the Southern District of New York at *http://www.nysb.uscourts.gov*. Copies of the Supplemental Motion will also be available (i) on the Lehman website at *http://www.lehman-docket.com*, (ii) by written request to Epiq Systems, 757 Third Avenue, New York, New York 10017 or via facsimile at (646) 282-2501, Attn: Angharad Bowdler, or (iii) by calling Epiq Systems at (646) 282-2400.

**PLEASE TAKE FURTHER NOTICE,** that a hearing (the "Hearing") to consider the relief requested in the Supplemental Motion and entry of the proposed Order attached thereto shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004 on **March 29, 2016 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE,** that objections or responses, if any, to the Supplemental Motion and the relief requested therein must be in writing; shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York; shall be made with specificity as to the name of the objector and the legal and factual grounds for the objection; shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and shall be served in accordance with General Order M-399 upon: (a) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, Courtroom 623, New York, New York 10004; (b) attorneys for Lehman, Curtis, Mallet-Prevost, Colt & Mosle LLP,

2

101 Park Avenue, New York, NY 10178 (Attn: Turner P. Smith and Peter J. Behmke), and Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Andrew J. Rossman); and (c) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Susan Golden and Andrea B. Schwartz); so as to be so filed and received by no later than **March 7, 2016 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE,** that if no objections or responses are received by the Objection Deadline, the relief requested may be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing or further notice to any party.

Dated: February 26, 2016
New York, New York

        CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

        By: */s/ Peter J. Behmke*
        Turner P. Smith
        L.P. Harrison 3rd
        Peter J. Behmke

        and

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        By: */s/ Andrew J. Rossman*
        Andrew J. Rossman
        Diane C. Hutnyan
        Scott C. Shelley
        Lindsay M. Weber

        *Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178

Andrew J. Rossman
Diane C. Hutnyan
Scott C. Shelley
Lindsay M. Weber
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE
NEW YORK, NEW YORK 10010

*Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | |
| Debtors. | |

**SUPPLEMENTAL MOTION FOR ORDER (I) ALLOWING
DISCLOSURE OF DERIVATIVE QUESTIONNAIRES
PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE
AND (II) MODIFYING THE TREATMENT AFFORDED TO THE
DERIVATIVE QUESTIONNAIRES OF CERTAIN PARTIES**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), respectfully submits this supplemental motion (this "Supplemental Motion") seeking entry of an order (i) allowing disclosure of Derivative Questionnaires pursuant to section 107(a) of the Bankruptcy Code, and (ii) modifying the treatment afforded to the Derivative Questionnaires of certain parties under the

1

orders entered in respect of Lehman's Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Dkt. No. 48939] (the "Initial Motion")[1] and/or the Motion to Renew Motion to Allow Disclosure of Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Dkt. No. 51312] (the "Renewal Motion"), and respectfully states as follows:

## INTRODUCTION

1.  Lehman recently learned that of the more than four thousand (4,000) parties that filed Derivative Questionnaires in connection with its bankruptcy proceedings, eight (8) were inadvertently excluded from Exhibit A to, and thus did not receive proper service of, the Initial Motion. This error occurred when the names of Lehman's counterparties were electronically exported from the database on which the Derivative Questionnaires are stored. As a result, Lehman has not yet produced these eight (8) Derivative Questionnaires to the Litigation Claimants requesting them. Instead, Lehman files this Supplemental Motion to afford these eight (8) counterparties proper notice of the Initial Motion and for authorization to use their Derivative Questionnaires as discovery materials in accordance with this Court's prior orders.

2.  Since filing the Renewal Motion, Lehman has also identified a number of administrative issues with respect to the listing of parties on schedules attached to the various orders authorizing production of the Derivative Questionnaires. Most significantly, Lehman has identified forty-one (41) parties that received proper notice of the Initial Motion and did not file objections, but are not included on any order. In an abundance of caution, Lehman has withheld these forty-one (41) Derivative Questionnaires from production as well.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Initial Motion.

2

3. Further, certain parties have recently requested that their Derivative Questionnaires be governed by an order other than the order on which their Derivative Questionnaires appear. In accordance with those requests, Lehman respectfully seeks approval of the amendments and modifications as set forth in detail below.

## JURISDICTION & VENUE

4. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

5. On March 19, 2015, Lehman filed the Initial Motion seeking permission to allow disclosure of the Derivative Questionnaires. The vast majority of the affected parties—more than 4100—did not object to the relief requested in the Initial Motion, and an order authorizing the disclosure of the Derivative Questionnaires of these "Non-Objecting Parties" was entered on June 9, 2015 [Dkt. No. 49936] (the "Non-Objecting Parties Order").

6. Approximately fifty (50) objections and joinders to objections were filed to the Initial Motion opposing the disclosure of approximately five hundred (500) Derivative Questionnaires (the "Objecting Parties"). In light of these objections, and in order to try to formulate and negotiate an alternative approach to disclosure of the Derivative Questionnaires to address the Objecting Parties' concerns, Lehman adjourned the Initial Motion *sine die*.

7. In the six months following the adjournment, Lehman engaged in ongoing discussions with the Objecting Parties in an effort to reach a global solution that would appropriately balance the Objecting Parties' asserted interest in preserving the confidentiality of these materials, while still making them accessible as discovery materials. To that end, Lehman

3

formulated and circulated a proposal involving redaction and anonymization of the Derivative Questionnaires (the "Redaction Proposal").

8.      On October 30, 2015, Lehman filed the Renewal Motion. Approximately forty-one (41) objections and joinders to objections were filed in response to the Renewal Motion. In the course of further discussions with those parties, Lehman developed an alternative proposal setting forth certain use and confidentiality procedures to apply to the use of Derivative Questionnaires (the "Confidentiality Procedures"). Ultimately, each party that filed an objection to the Renewal Order agreed to either the Redaction Proposal or the Confidentiality Procedures, and on November 25, 2015, the Court entered orders approving (i) the Redaction Proposal as to certain parties [Dkt. No. 51556] (the "Redaction Order"), (ii) the Confidentiality Procedures as to certain other parties [Dkt. No. 51557] (the "Confidentiality Procedures Order"), and (iii) the Renewal Motion as to parties that failed to renew their objections to the Initial Motion [Dkt. No. 51558] (the "Default Order", and together with the Redaction Order and the Confidentiality Procedures Order, the "DQ Orders").

9.      Following entry of the DQ Orders, Lehman learned that eight (8) parties that submitted Derivative Questionnaires were inadvertently excluded from Exhibit A to the Initial Motion due to an electronic exporting error. As a result, those eight (8) counterparties did not receive notice of the Initial Motion. Lehman files this Supplemental Motion to afford those parties proper notice and to obtain authorization to use their Derivative Questionnaires in accordance with the Non-Objecting Parties Order.

10.     Since entry of the DQ Orders, Lehman has also identified forty-one (41) counterparties—identified on **Schedule I** to this Supplemental Motion—who received notice of the Initial Motion and did not file objections, either in response to the Initial Motion or in

response to the Renewal Motion, but due to administrative error were not included in the Non-Objecting Parties Order or the Default Order. By this Supplemental Motion, Lehman respectfully seeks to add those parties to the list of parties attached to the Non-Objecting Parties Order.

11. Following entry of the DQ Orders, certain other parties contacted Lehman to request that their Derivative Questionnaires be governed by a DQ Order other than the DQ Order on which they appear. Through those discussions, Lehman also identified a number of administrative errors with respect to the listing of certain counterparties. To fix these issues, Lehman respectfully requests approval of the amendments and modifications set forth below.

## RELIEF REQUESTED

12. Lehman respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**, (i) allowing disclosure of the Derivative Questionnaires of the additional entities, and (ii) modifying the treatment afforded to the Derivative Questionnaires of certain parties under the DQ Orders.

## BASIS FOR RELIEF

13. The legal and factual bases for this Supplemental Motion are set forth at length in the Initial Motion and the Renewal Motion and are incorporated herein by reference.

## THE EIGHT ADDITIONAL DERIVATIVE QUESTIONNAIRES

14. As set forth in the Initial Motion, Lehman seeks authorization to freely exchange the Derivative Questionnaires of its counterparties for use as discovery materials in connection with any Lehman-related adversary proceeding or claim objection, notwithstanding the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3)

5

Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271].

15. The eight (8) Derivative Questionnaires listed below were inadvertently excluded from Exhibit A to the Initial Motion:

1. A.H.W.M. Bruins
2. Adventist Health System/Sunbelt, Inc., on its own behalf and on behalf of the Members of the Counterparty Group (see attachment to POC)
3. Conway Hospital, Inc.
4. Diamond Finance Public Limited Company
5. Municipal Corrections Finance, L.P.
6. Municipal Corrections Finance, LP
7. National Bank of Greece SA
8. Wockhardt.

16. Lehman has served notice of this Supplemental Motion on each of the above-listed parties, along with copies of the Initial Motion and Renewal Motion. If any party believes it has a compelling need to protect from disclosure information contained in its Derivative Questionnaire, it can timely file an objection to this Supplemental Motion. Lehman notes that it is willing to offer any party seeking to file an objection this Supplemental Motion the protections afforded by the Redaction Order and/or the Confidentiality Procedures Order upon request. If no objections are filed within the objection deadline or any such requests made, Lehman respectfully requests that the eight (8) counterparties listed above be added to the list of parties annexed to the Non-Objecting Parties Order.

## **CORRECTIONS TO THE DQ ORDERS**

17. As noted above, the forty-one (41) parties listed on **Schedule I** to this Supplemental Motion received proper notice of the Initial Motion and never filed objections. Their names, however, were inadvertently excluded from the Non-Objecting Parties Order.

Lehman therefore respectfully requests that the parties listed on **Schedule I** be added to the list of parties annexed to the Non-Objecting Parties Order.

18. Following entry of the DQ Orders, certain other parties contacted Lehman to request that their Derivative Questionnaires be governed by a DQ Order other than the DQ Order on which they appear. In the course of these discussions, Lehman also identified a few administrative errors with respect to the classification of certain parties. In accordance with those discussions, Lehman respectfully seeks approval of the following amendments and modifications:

- Remove EXCO Operating Company, LP and Hayman Capital Master Fund, L.P. from the Redaction Order and add them to the Non-Objecting Parties Order;

- Remove Saudi Arabian Monetary Agency from the Redaction Order and add Saudi Arabian Monetary Agency (DQ Number 5016033) to the Redaction Order and Saudi Arabian Monetary Agency (DQ Number 5010200) to the Non-Objecting Parties Order;

- Remove Goldman Sachs & Co. Profit Sharing Master Trust from the Confidentiality Procedures Order and add it to the Redaction Order;

- Remove The Boeing Company Employee Retirement Plan Master Trust and Railway Pension Trustee Company Limited from the Redaction Order because they already appear on one of the other governing DQ Orders;

- Remove ASBL Fonds De Pension et de Prevoyance de la S.A. IBM Belgium; Pacific Gas & Electric Corporation Post Retirement Medical Trust; Stichting Bedrijfstakpensioenfonds Zorgveraekeraars; Gordel Holdings Limited; Prospect Harbor Credit Partners, L.P.; Nestle in the USA Pension Trust (DQ Number 5010490) (previously listed on the Non-Objecting Parties Order as Rohan, Phansalkar); and Nestle USA, Inc. Master Retirement Trust (previously listed on the Non-Objecting Parties Order as Ronnie B. Getz Revocable Trust) from the Non-Objecting Parties Order and add them to the Redaction Order;

- Remove BNP Paribas from the Non-Objecting Parties Order (previously listed therein as Carillon Limited) and add it to the Confidentiality Procedures Order; and

- Modify the Industry Designation category "Retirement/Pension Funds (Private)" on the Redaction Order to include charitable foundations.

7

19.     The amendments and modifications set forth above are reflected in the schedules attached to the proposed form of order that is submitted herewith as **Exhibit 1**. Lehman submits that entry of this order (with the accompanying schedules) will rectify the administrative issues noted above, will afford all counterparties the proper classification of their Derivative Questionnaires, and will provide parties seeking to determine the proper treatment of any Derivative Questionnaire a single, definitive point of reference.

## NOTICE

20.     Notice of this Supplemental Motion has been provided in accordance with the Case Management Order, and notice has been given to: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; and (iv) all other parties who have either requested notice or with a particularized interest in the matters set forth herein. Lehman submits that no other notice is necessary.

21.     No previous request for the relief sought herein has been made by Lehman to this or any other Court.

*[signature page follows]*

**WHEREFORE,** Lehman respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 26, 2016
      New York, New York

Respectfully submitted,

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/Peter J. Behmke*
    Turner P. Smith
    L.P. Harrison 3rd
    Peter J. Behmke

and

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/Andrew J. Rossman*
    Andrew J. Rossman
    Diane C. Hutnyan
    Scott C. Shelley
    Lindsay M. Weber

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

9

## **Schedule I**

1. 1199 SEIU Health Care Employees Pension Fund
2. 1199 SEIU Health Care Employees Pension Fund Index Plus
3. AMP Capital Investors Limited - EFM International Share Fund 4
4. Anthracite Balanced Company (46) Limited
5. Anthracite Investments (Cayman) Limited
6. Anthracite Investments (Ireland) Plc - Series 12
7. Anthracite Investments (Ireland) Plc - Series 18
8. Anthracite Investments (Ireland) Plc - Series 19
9. Anthracite Investments (Ireland) Plc - Series 23
10. Anthracite Investments (Ireland) Plc - Series 27
11. Anthracite Investments (Ireland) Plc - Series 7
12. Anthracite Investments (Ireland) Plc - Series 8
13. Anthracite Investments (Ireland) Plc - Series 9
14. Anthracite Rated Investments (Cayman) Limited
15. Anthracite Rated Investments (Jersey) Limited
16. Anthracite Reference Company (12) Limited
17. Ball Corporation Master Pension Trust
18. Eaton Vance CDO IX, Ltd.
19. Eaton Vance Corp.
20. Eaton Vance Credit Opportunities Fund
21. Eaton Vance Floating-Rate Income Trust
22. Eaton Vance Limited Duration Income Fund
23. Eaton Vance Senior Floating-Rate Trust
24. Eaton Vance Senior Income Trust
25. Eaton Vance Short Duration Diversified Income Fund
26. Elliott Associates LP
27. Elliott International, L.P.
28. Emerging Markets Local Income Portfolio
29. Floating Rate Portfolio
30. Global Macro Portfolio
31. International Income Portfolio
32. Nestle in the USA Pension Trust (DQ Numbers 5008043 and 5008052)
33. Parmenides Master Fund, L.P.
34. Senior Debt Portfolio
35. Structured Servicing Holdings Master Fund, L.P.
36. The Gallery QMS Master Fund Ltd.
37. U.S. Bank National Association, as Trustee, for the Conseco Finance Home Loan Equity Loan Trust 2001-D (Class B-1)
38. Vitol Asia Pte. Ltd.
39. Vitol Inc.
40. Vitol S.A.
41. Vitol, Inc.