UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re                                                                                    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,           Case No. 08-13555 (SCC)

                   Debtors.                                           Jointly Administered
-----------------------------------------------------------------------x

# ORDER

On March 1, 2016, the *pro se* party William Kuntz III[1] docketed a letter [ECF No. 52232] suggesting that I recuse myself from this case because of my alleged "very angry comments" during a status conference in connection with a pending motion requesting that sanctions be imposed against him. *See* Motion for Sanctions Against William Kuntz III [ECF No. 52113] (the "Sanctions Motion"). Construing Mr. Kuntz's letter as a motion for recusal, it is **denied**.

Pursuant to 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pursuant to 28 U.S.C. § 455(b)(1), a federal judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." "Discretion is confided in the district judge in the first instance to determine whether to disqualify himself." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), *cert. denied*, 490 U.S. 540 (1989) (citation omitted). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, such as circumstances showing a "deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or

---

[1] Mr. Kuntz, as described by Lehman in the Sanctions Motion, is a "well-known serial litigant" who has no standing in this proceeding. *See* Sanctions Motion at 7; *see also* Memorandum Decision Granting Debtors' Objection to Claims 33660, 33551, 33552, 35121, and 35430 of William Kuntz [ECF No. 12662] (Peck, J.) at 4.

partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

The suggestion of recusal is based on my comments during a status conference held on March 1, 2016, during which I spoke sternly to Mr. Kuntz about his conduct in the *Lehman* cases; Mr. Kuntz, for reasons that are unclear to the Court, declined to address the Court from the podium and instead elected to make comments from the rear of the courtroom. A hearing to consider the Sanctions Motion has been scheduled for March 4, 2016 at 3:00 p.m.

Mr. Kuntz now argues that I should recuse myself because he believes that I displayed anger toward him during the status conference. Even taking as true Mr. Kuntz's allegations that I made "very angry" comments at him during the conference, he has nevertheless failed to show that I possess the sort of "deep-seated antagonism" that will preclude a fair ruling on the Sanctions Motion. *See Jones v. Hirschfeld*, 348 F. Supp. 2d 50, 57 (S.D.N.Y. 2004) (holding that "the Court's expressions of irritation toward the defendant and his lawyer" were insufficient to merit recusal, and instead were appropriate "admonishments to the defendant to take the case seriously and cease his haphazard behavior"); *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1316 (observing that some "sharpness in colloquy between judge and counsel" can be "well within the acceptable boundaries of courtroom exchange"). Mr. Kuntz also has not shown, nor even tried to show, "any personal connection, relationship or extrajudicial incident which accounts for the alleged personal animus of [this court]." *Clemmons v. Comm'r of Soc. Sec.*, No 11-CV-1645 KAM, 2011 WL 6130926, at *6 (E.D.N.Y. Dec. 8, 2011) (quoting *In re Int'l Bus. Machines Corp.*, 618 F.3d 923, 928 (2d Cir. 1980)) (alterations in original). Moreover, the opinions that a judge forms in the course of the proceedings do not constitute the basis for a bias or partiality motion unless they display a deep-seated antagonism that makes fair judgment

2

impossible. *Liteky*, 510 U.S. at 555; *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996). Thus, expressions of impatience, dissatisfaction or annoyance, or critical or disapproving remarks about counsel, a party, or the case will not support a charge of bias unless they derive from "an extra-judicial source or display such a high degree of favoritism or antagonism as to make fair judgment impossible." 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 63.21[3], at 63-38 to 63-39 (15 ed. Rev. 2004); *Liteky*, 510 U.S. at 555-56.

Accordingly, Mr. Kuntz's request for recusal is wholly without merit and is therefore **denied**.

Dated: March 2, 2016
New York, New York

                                              /s/ Shelley C. Chapman
                                              UNITED STATES BANKRUPTCY JUDGE