# **EXHIBIT 5**

Wachtell, Lipton, Rosen & Katz Fax 212.403.2000

Attn: Harold S. Novikoff and Ian Boczk

LEHMAN BROTHERS HOLDINGS INC., *et al.*
Chapter 11 Case No. 08-13555
JPM CHASE SETTLEMENT MATTER

GENTLEMEN:

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

LEHMAN BROTHERS HOLDINGS INC., *et al.*
　　　　　　　　　　　　DEBTOR　　　　　　Chapter 11 Case No. 08-13555 (SCC)

BRIEF MEMORANDUM IN SUPPORT OF MOTION TO ENLARGE TIME

IT MIGHT BE SUGGESTED THAT MOVANTS RECENT RE-ENTRY INTO THESE PROCEEDINGS IS NOTHING MORE THAN A CASE OF 'SOUR GRAPES' OVER THE DISMISSAL OF HIS CLAIMS[1] AND SOMEHOW BOOTSTRAP HIS CLAIMS BACK INTO THE TO BE PAID CLASSIFICATION. IT MIGHT BE ALSO SUGGESTED THAT THIS IS AN ATTEMPT TO EXTRACT/EXTORT A SETTLEMENT WITH JPM CHASE OVER SEVERAL UNRESOLVED LEGACY ISSUES[2] WITH THE ANTECEDANTS OF JPM CHASE.

<u>NEITHER IS TRUE</u>.

MOVANT RECOGNIZES THAT THE APPOINTMENT OF AN SUCESSOR EXAMINER IS AN UNORTHODOX REQUEST IN THAT THE BANKRUPTCY CODE PROVIDED FOR THE APPOINTMENT PRIOR TO THE CONFIRMATION OF A PLAN.

<http://www.pamb.uscourts.gov/content/appointment-trustee-or-Examiner> On request of a party in interest or the UST at any time after the commencement of the case but before confirmation of a plan, they may request an order for the appointment of a trustee or examiner in a Chapter 11 reorganization case.

---

[1] In so far as the respective successor indenture trustee's <US Bank and HSBC> of Grand Union Capital Corp 0% Notes have never come to a realization much less satisfaction of the obvious as well as the not insignificant remaining assets of the Grand Union Capital Corp, there are ample assets outside of this case to pay the outstanding balances on the Notes. Further, it seems that wherein 99.7% of the original underwriting by Goldman Sachs were more or less wiped out, the matter still begs the attention of the respective NY Attorney General or Westchester County DA to prosecute under the Martin Act. In judge Pecks Decision dismissing his Claims it was stated that "The Kuntz Claims are founded on pure speculation" Pg 8. Yet it is undisputable that some $700 Million was lost when the proceeds of the underwriting where handed over to Solomon Brothers.

[2] Winters National Bank and Trust Company of Dayton, Ohio, < a nice smash and grab over the so called Chinese Wall > Bank 1,< the yet unexplained loss of a Deed to 25 Acres of Land in Columbia County, NY> and the WaMu Collapse < wherein Movant who was a depositor was reclassified into the so called CHEX system over a lost Deposit in the form of an Offical Check from Movants Greek Bank account @ Eurobank on Naxos>

EXAMINER IN BANKRUPTCY CASES http://www.stroock.com/SiteFiles/Pub1225.pdf

HOWEVER, IT MUST FOLLOW THAT IN A 'MEGA-CASE' LIKE LEHMAN, THAT CONSTRICTION MAY FALL TO PRUDENT JUDGEMENT TO PROTECT THE OVERALL PROCESS AND AUTHORITY OF THE COURT. THE OBVIOUS AND PUBLIC CONDUCT OF JPM CHASE IN ROLLING UP BOTH WAMU AND BEAR STEARNS AND BANKRUPTING LEHMAN < A NOT INSIGINFICANT COMPETITOR OF BEAR STEARNS> MERITS EXTERNAL REVIEW, PERHAPS NOT EVEN A LAWYER.
"a complex interrelationship among the debtor, its management, and non-debtor entities"
http://www.potteranderson.com/newsroom-publications-142.html

IN THAT THE NY STATE COMPROLLER HAS YET TO DISCLOSE THE EXACT NATURE OF IT'S HOLDING IN LEHMAN IT IS UNCLEAR THAT MOVANT IS STILL 'A PARTY IN INTEREST'

FURTHER, AS THE COURT MAY NOTE IN A LETTER DOCKETED ON JUNE 7, 2010 THE HOLDER OF THE RECORDS MOVANT NEEDED TO ADVANCE HIS PRIOR CLAIMS REFUSED ANY ASSISTANCE AND NO WONDER IF MOVANTS THEORY OF THE COLLAPSE OF GRAND UNION IS CORRECT. <attached>
IN THIS CASE WHICH HAS GENERATED HUNDREDS OF THOUSANDS IF NOT MILLIONS IN LEGAL FEE'S IT HARDLY SURPRISING THAT THE SO CALLED 'PROFESSIONALS' WOULD SUBMIT THIS SETTLEMENT ON JUST A FEW DAYS NOTICE. IT WOULD TAKE AT LEAST 2 HOURS READING JUST TO GO THRU THE 70 PAGES OF PAPERS AND MOVANT COULD HARDLY EXPECT THAT THERE WOULD BE ANY EASY WAY TO SEE LOOSE ENDS SO TO SPEAK.

IT GOES WITHOUT SAYING THAT MOVANT DOES NOT SHARE THE ESTABLISHED VIEWS ABOUT THE ADMINISTRATION OF THE LEHMAN ESTATE.

FOR EXAMPLE

THE CARELESS WAY THAT CLAIMS TRADING DOCUMENTS HAVE SO CLOUDED THE DOCKET AT TO MAKE FOLLING DEVELOPMENTS NEARLY IMPOSSIBLE FOR THOSE INTERESTED ETC.

I TRUST THIS WILL HAVE THE COURTS PROMPT ATTENTION.

RESPECTFULLY,

WILLIAM KUNTZ, III
INDIA ST PO BOX 1801
NANTUCKET ISLAND, MA 021554-1801

FEB 13, 2016
CHAZY, NY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

TO THE CLERK
PLEASE DOCKET THE ATTACHED

*original* [handwritten]



## C&S Wholesale Grocers

April 21, 2010



William Kuntz, III
India Street
P.O. Box 1801
Nantucket Island, Massachusetts 02554-1801

Re: Request for Information

Dear Mr. Kuntz:

I am writing this letter in response to our prior conversation and your request for information related to a transaction involving C&S Wholesale Grocers, Inc. ("C&S") and Grand Union Markets, LLC (the "Transaction"). Please be advised that C&S is not a party to, or otherwise involved in, the matter entitled *In Re: Lehman Brothers Holdings, Inc.*, which is pending in the New York Southern District Court. As such, C&S is neither required nor willing to provide you with the information you have requested concerning the Transaction. You may avail yourself of the publicly available bankruptcy court records for any and all information relative to the Transaction.

In addition, I respectfully request that you cease and desist from contacting C&S, its senior representatives, and C&S' counsel related to the Transaction, Landis Rath & Cobb, LLP. Your repeated communication with C&S, senior representatives of C&S, and Richard S. Cobb, Esq., is unwelcome and constitutes interference with our normal business operations. To the extent you insist on communicating with any of the aforementioned persons or entities regarding the Transaction, C&S will consider taking legal action against you to prevent such further harassment.

Thank you for your time and attention to this matter.

Sincerely,

Linda M. Peruzzi
Corporate Counsel

Copies to:
Richard S. Cobb, Esq.