# EXHIBIT 13

## Tyler Whitmer

| | |
|---|---|
| **From:** | william kuntz <kuntzwm1@yahoo.com> |
| **Sent:** | Tuesday, February 23, 2016 4:34 AM |
| **To:** | Andrew J. Rossman; Tyler Whitmer; James Tecce; Lois Weiss; andrew kuntz; William Pugh; wreeder@osc.state.ny.us |
| **Subject:** | have you really thought clearly just about what you are doing? for example, just where is the email you allege i sent the court? otherwise how do you spell perjury? you created this mudpile so why are you now crying about it? |

email to quinn emanuel lawyers

FindLaw's United States Second Circuit case and opinions.



### FindLaw's United States Second Circuit case and opinions...

FindLaw's searchable database of United States Second Circuit decisions since

View on **caselaw.findl...**          Preview by Yahoo

KUNTZ III v. NEW YORK STATE SENATE 99-7678

A Font size:

United States Court of Appeals,Second Circuit.
William KUNTZ, III, Plaintiff-Appellant, v. NEW YORK STATE SENATE, Defendant, The Board of Elections of the State of New York, Jane Does, 1 thru 99, John Does, 1 thru 99, William M. Davis, sued as John Doe, John M. McHugh, sued as John Doe, William Powers, McHugh Independent Petition Does, 1, 2, and 3, Clinton County, New York, Russell J. Trombloy, Sheriff of Clinton County, New York, Deputy Sheriff Does 1, 2 & 3, Clinton County Fair Association, Mr. LaPage, Clinton County Does 1, 2 and 3, Defendants-Appellees.
No.  883, Docket 96-7678.
Decided: May 12, 1997
Before WINTER, CABRANES, and PARKER, Circuit Judges. William Kuntz, III, pro se, Westport, NY, for Plaintiff-Appellant. Veronica Carrozza O'Dell, Fitzgerald Morris Baker Firth, P.C., Glens Falls, NY, for Defendants-Appellees Clinton County, Sheriff Russell J. Trombloy, and Deputy Sheriff Does 1, 2 & 3. Carl J. Madonna, Madonna, Saxer, Anderson & Wolinsky, Plattsburgh, NY, for Defendants-Appellees William LePage and The Agricultural & Industrial Fair of Clinton County. Patricia Murray, New York State Board of Elections, Albany, NY, for Defendant-Appellee New York State Board of Elections. Todd Valentine, Albany, NY, for Defendant-Appellee William Davis. Jeffrey T. Buley, Cusik Hacker Law Firm, Latham, NY, for Defendant-Appellee William Powers. John M. McHugh, pro se, Washington, DC, for Defendant-Appellee John M. McHugh.
William Kuntz, III, pro se, appeals from Chief Judge McAvoy's decision granting appellees' motion for summary judgment and dismissing Kuntz's complaint.   Kuntz was an independent candidate for the United States House of Representatives from the 24th Congressional District of New York in the 1992 election.   Kuntz alleges that New York Election Law Sections 6-136(2)(g) and 6-142(2)(e) violate the Equal Protection Clause of the Fourteenth Amendment by requiring a larger number of nominating petition signatures from independent congressional candidates than from party-sponsored congressional candidates to be placed on the ballot form.   Kuntz also alleges that appellees violated his First Amendment rights by restricting his collection of signatures at a county agricultural fair.   We disagree.
The Supreme Court has recognized that a state has a legitimate interest in limiting the names printed on a ballot to candidates who have demonstrated some degree of support:

There is surely an important state interest in requiring some preliminary showing of a significant modicum of support before printing the name of a political organization's candidate on the ballot-the interest, if no other, in avoiding confusion, deception and even frustration of the democratic process.

Jenness v. Fortson, 403 U.S. 431, 442, 91 S.Ct. 1970, 1976, 29 L.Ed.2d 554 (1971);  see also Schulz v. Williams, 44 F.3d 48, 57 (2d Cir.1994).   Jenness also held that the "preliminary showing" that states may demand need not be the same for independent candidates as for party-sponsored candidates.    Jenness upheld a Georgia statute in which nonparty candidates could be listed on the ballot only by filing a nominating petition signed by at least five percent of those eligible to vote in the last election for the office in question.    The independent candidate had 180 days to gather the required signatures.    However, candidates winning a primary of a "political party"-defined under the Georgia statute as a political organization receiving twenty percent or more of the vote at either the last gubernatorial or presidential election-would automatically be listed on the ballot.    Jenness, 403 U.S. at 433, 91 S.Ct. at 1971-72.   Jenness, therefore, upheld the differential treatment of party-sponsored and independent candidates.

The rationale underlying Jenness 's holding was that candidates who win the primaries of recognized political parties can be said to already have made "some preliminary showing of a modicum of support," Jenness, at 442, 91 S.Ct. at 1976.   The Supreme Court reasoned:

The fact is that there are obvious differences in kind between the needs and potentials of a political party with historically established broad support, on the one hand, and a new or small political organization on the other.    Sometimes the grossest discrimination can lie in treating things that are different as though they were exactly alike.

Id.

In 1992, New York congressional party candidates-"party" being defined in New York Election Law Section 1-104(3) as "any political organization which at the last preceding election for governor polled at least fifty thousand votes for its candidate for governor"-were required to collect signatures on their designating petitions from the lesser of 2.5 percent of enrolled party voters residing within the district or 625 signatures from that group of voters.[1]   Independent congressional candidates, however, were required to collect in their nominating petitions the lesser of five percent of the number of votes cast for governor from that district in the last gubernatorial election or 3,500 signatures from that group of voters.    See N.Y.Elec.L. §  6-142(2)(e) (McKinney Supp.1997).    New York's 1992 provisions also contained a disparity in terms of the rate at which independent and party congressional candidates were required to collect their petition signatures.    The law required independent candidates to collect their maximum of 3,500 signatures in 42 days and party candidates to collect their maximum of 625 signatures in 19 days.    See N.Y.Elec.L. §§  6-138(4) & 6-142(2)(e) (McKinney Supp.1997);  1992 N.Y. Session Laws, Election Law-Designating, Nominating and Electing Candidates for 1992-Special Provisions;  ch. 135, §§  1 & 2.    See Konst v. State of New York, No. 92-CV-615E, 1992 WL 281092, at *3 (W.D.N.Y. Oct.7, 1992).    This timetable required independent candidates to collect signatures at a rate of 83 per day while party candidates were required to collect signatures only at the slower rate of 33 per day.

   However, the differential treatment in terms of both the number of signatures required and the rate at which signatures must be collected is not dissimilar from the differential treatment upheld in Jenness and is justified by the same rationale. Candidates who have won their party's primary have already demonstrated a substantial level of support, unlike independent candidates.    Indeed, in Jenness, Georgia imposed no petition requirement on party-nominated candidates. Furthermore, the requirements that New York's independent congressional candidates face cannot be said to be so burdensome as to freeze the status quo unconstitutionally.    See Jenness, 403 U.S. at 439-40, 91 S.Ct. at 1974-75; Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (striking down as unconstitutional an Ohio election law that required petitions signed by 15 percent of the relevant electorate in addition to several other burdensome procedures in order for a new party's candidate to be placed on the ballot).

We therefore affirm the dismissal of Kuntz's Equal Protection claim.    We also affirm the dismissal of Kuntz's remaining federal and state claims, including his First Amendment claim, for substantially the reasons stated by Chief Judge McAvoy, Kuntz v. New York State Bd. of Elections, 924 F.Supp. 364 (N.D.N.Y.1996).

FOOTNOTES

1.    New York Election Law Section 6-136(2)(g) requires congressional candidates of a party to collect on their designating petitions the lesser of five percent of enrolled party voters residing within the district or 1,250 signatures from that group of voters.    Election Law Section 6-142(2)(e) requires independent congressional candidates to collect on their nominating petitions the lesser of five percent of the number of votes cast for governor from that district in the last gubernatorial election or 3,500 signatures from that group of voters.    For the 1992 elections, the New York legislature passed a special amendment to the Election Law that, among other matters, modified Section 6-136 to allow 1992 congressional party candidates to collect on their designating petitions the lesser of 2.5 percent of enrolled party voters residing within the district or 625 signatures from that group of voters.    See 1992 N.Y. Session Laws, Election Law-Designating, Nominating and Electing Candidates for 1992-Special Provisions, ch. 135, § 2.

WINTER, Circuit Judge:

- See more at: FindLaw's United States Second Circuit case and opinions.



### FindLaw's United States Second Circuit case and opinions...

FindLaw's searchable database of United States Second Circuit decisions since

View on **caselaw.findl...**                                    Preview by Yahoo