# EXHIBIT 24

## Ben Odell

| | |
|---|---|
| **From:** | william kuntz <kuntzwm1@yahoo.com> |
| **Sent:** | Wednesday, February 24, 2016 7:06 PM |
| **To:** | Andrew J. Rossman; Tyler Whitmer; James Tecce; andrew kuntz; Lois Weiss; wreeder@osc.state.ny.us; William Pugh; Susheel Kirpalani; andrew kuntz; Harold S. Novikoff; Joseph D. Pizzurro; ustp.bankruptcy.fraud@usdoj.com; Ian Boczko; Olshan William A. (Lehman Brothers Holdings Inc.); Cantor Matthew A. (Lehman Brothers Holdings Inc.); Ben Odell; Paul Vizcarrondo; pbehmke@curtis.com; mmoscato@curtis.com; Andrew Kuntz; Davidsbutt |
| **Subject:** | On Considering the Public Interest in Bankruptcy:Who Decides What Best Serves the Public Interest? Noneconomic Interests in Bankruptcy: Standing on the Outside Looking In |

http://www.repository.law.indiana.edu/cgi/viewcontent.cgi?article=1895&context=ilj
-
"International Comparisons: Creditor Rights and the Public Interest". 2003. "International Comparisons: Creditor Rights and the Public Interest". In*Creditor Rights and the Public Interest: Restructuring Insolvent Corporations*, 229–68. University of Toronto Press. http://www.jstor.org/stable/10.3138/9781442673595.13.
-

In this Article, Professor Martin challenges traditional notions of bankrnttcy court standing and concludes that the current majority view of such standing, which limits participation in bankruptcy cases to persons with pecuniary interests or claims in the debtor, is too narrow. Professor Martin reviews current case law, statutory law, and bankrptcy policy, and asks whether the people who are regularly granted the right to be heard in bankruptcy cases are the same people who are substantially affected by bankritcy cases. Ultimately, she concludes that limiting standing to persons with pecuniary rights fails to provide a voice to all people substantially affected by bankruptcy cases. In so concluding, she identifies situations in which unique bankruptcy entitlements permit debtors and creditors to shift financial losses to third parties, some of whom are not even parties to the bankruptcy proceeding and who thus have no opportunity to protect their rights in these cases. Professor Martin goes on to explore the practical ramifications of expanding standing, recognizing that bankruptcy courts may not be wellequipped to address "nonpecuniary" claims. She argues that caisidering nonpecuniary interests is economically efficient because it preserves existing social, economic, and familial structures. She argues that, because a truly accurate economic analysis must measure notjust present dollars, but all things that we value as a society, there really are no such things as "noneconomic" or "nonpecuniary" interests. She further argues that typical Law and Economics models used in bankruptcy underestimate the societal costs of business
-
https://kb.osu.edu/dspace/bitstream/handle/1811/64952/OSLJ_V59N2_0429.pdf