March 4, 2016

original
chambers

Honorable Judge Chapman USBC SDNY

Re:

**08-13555-scc Lehman Brothers Holdings Inc.** *Ch. 11*

Your Honor:

With respect to my "suggestion of recusal" it is with mild regret that I see your Honor made an order with respect to that. I would have preferred to see you take it 'under advisement' but that was I am sure your decision. While it may turn out to be the worst in your Legal Career, time will tell. I have been searching the EPIQ docket for papers sent last month which the US Post Office Confirms arrived on the 26th of Feb, 2016 as attached. The do not seem to appear anywhere, perhaps on PACER but as your Honor may recall, I am not a subscriber.

I also enclose a time stamped copy of my submission to USDC early this week.

I also enclose a copy of my 'Acknowledgement of Service' of a folder of papers handed over to me in the Weather Lobby of 1 Bowling Green. I had intended to offer them for filing with the Bankruptcy Court Clerk today, but it seems that having to leave upstate NY @ 4 am to catch the 6:55 Amtrak Express from Albany, NY that I left them in my old Volvo.

I see on EPIQ any number[1] of 'incoming' items of wisdom from the

Committee Professional's who continue to rely upon email when I have

made it clear that I am not a party to the  Case Management Order

or otherwise. The fact that I may have in the last 7 + years sent a few emails

to several of the lawyers does not give them carte blanche[2] to not follow the Rules.

I deplore the use of printout's of email to bolster some kind of legal reasoning.

Emails are not signed documents and from my point of view, used to foster

clear and unfettered discussions that may lead to a settlement.

I sure your Honor is somewhat familiar with the concept that any settlement type

discussions are inadmissible for any purpose.

I am a bit amazed at your Honor's inclusion in your Recusal Order about

me standing in the back of your Courtroom. It should not be for me to

remind the Court of the thousand year traditions of the Court's of Normandy

which came to England upon the defeat of the English @ the Battle of Hasting.

As I am not the Debtor, and still have no 'papers' in hand, I am not compelled

to come before the Court. I offered and asked your honor to Order me to appear

and you declined and then berated me for not following what has been

Cornerstone of Common Law Jurisprudence, both the right of Public Access to

Courts as well as the so called 'right of audience'.

---

[1] Docket 52253
[2] https://en.wikipedia.org/wiki/Carte_blanche

To this end, I have requested by telefax to the Committee's Professionals that they be so kind as to provide me with a complete copy of the Feb 18/19th papers upon which todays proceedings are based. <attached>

With respect to the most recent filings by the Committee it appears that they are in fact 'out of time' by the Terms of the Notice they made just a day or two ago.

so as to be so filed and received by no later than **March 3, 2016 at 4:00 p.m. (Eastern Time)**

With all due respect, I continue to marvel @ the direction the Committee's Professional's are taking. It seems that they have taken many pages out of Weil,Gotshal's playbook proceed on short notice and present incredibly thick papers that no single human could read within the time allowed. It seems to however, that when they did lift the pages that they forgot the book of instructions on just how and when to proceed. Had I crafted this 'settlement', I would have Noticed it for June and given myself ample time to adjust as needed to any impediments instead of what is now clearly a desperation kind of Kamakazi[3] approach. I doubt that will win any friends in the 2nd Circuit.

---

[3] It also reminds me of the Battle of Trebia in Roman Times
Hannibal got the better of the Romans by exercising the careful and innovative planning for which he was famous. The impetuous and short-sighted opposing general, the consul Tiberius Sempronius Longus, allowed himself to be provoked into a frontal assault under physically difficult circumstances and failed to see that he was being led into a trap.
https://en.wikipedia.org/wiki/Battle_of_the_Trebia
-

As I indicated before, the so called 'conference' really accomplished nothing

constructive,  There is nothing in the way of proposed witness testimony, problem

documents, etc and each misstep grows yet another weed for appellate review.

I thank you in advance,

William Kuntz, III
India St PO Box 1801
Nantucket Island, Ma 02554-1801

NYC


UNITED STATES
POSTAL SERVICE

Date: March 4, 2016

william kuntz:

The following is in response to your March 4, 2016 request for delivery information on your Priority Mail Express® item number EL203770241US. The delivery record shows that this item was delivered on February 26, 2016 at 10:39 am in NEW YORK, NY 10004. The recipient's signature is not available because the waiver of signature that you authorized was exercised at the time of delivery.

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

# USPS

# Tracking Number: EL203770241US

## delivered

- Updated Delivery Day: Saturday, February 27, 2016
- Scheduled Delivery Day: Friday, February 26, 2016, 12:00 pm
- Money Back Guarantee
- Signed for By: WAIVED // NEW YORK, NY 10004 // 10:39 am

### Product & Tracking Information

**Postal Product:**

- Priority Mail Express 1-Day™

**Features:**

- Insured
- PO to Addressee
- Up to $100 insurance included

Restrictions Apply Priority Mail Express Insurance info icon

| Date & Time | Status of Item | Location |
|---|---|---|
| February 26, 2016 , 10:39 am | Delivered, In/At Mailbox | NEW YORK, NY 10004 |
| Your item was delivered in or at the mailbox at 10:39 am on February 26, 2016 in NEW YORK, NY 10004. | | |
| February 26, 2016 , 10:30 am | Tendered to Final Delivery Agent | NEW YORK, NY 10004 |
| February 26, 2016 , 10:25 am | Arrived at Post Office | NEW YORK, NY 10004 |
| February 26, 2016 , 5:21 am | Arrived at USPS Destination Facility | NEW YORK, NY 10199 |
| February 25, 2016 , 5:06 pm | Departed Post Office | HOPKINTON, MA 01748 |
| February 25, 2016 , 3:28 pm | Acceptance | HOPKINTON, MA 01748 |



**USDC SDNY**

**In Re: Lehman Brothers** **No. 16-cv-01379 Sullivan**

**Debtor**

---

**William Kuntz III v. Lehman Brothers Holdings Inc. and Official Committee of Unsecured Creditors**

**Acknowledgment of Service of Papers**

**The undersigned, Willam Kuntz, III hereby acknowledges receipt of certain papers contained in a folder in the forenoon @ the US Bankruptcy Courthouse @ 1 Bowling Green NYC in the Weather Lobby from a person, who is believed to be one of the Lawyers for the Creditors Committee, today on the First of March, 2016.**

**Respectfully,**

**William Kuntz, III PO Box 1801 Nantucket Island, Ma 02554-1801**

**March 1, 2016**

**100 William St, NYC**



**USDC SDNY**

**In Re: Lehman Brothers** **No. 16-cv-01379 Sullivan**

**Debtor**

**William Kuntz III v. Lehman Brothers Holdings Inc. and Official Committee of Unsecured Creditors**

---

**Now comes Appellant, William Kuntz, III and submits the following for the Court's Consideration.**

**Consolidated Reply**

**1. The self-described 'emergency' seems to be in fact an An effort to distract attention to what might be called ill-advised drafting. The alleged 'injury' appears to be some kind of delay in a distribution to the creditors which is really nothing more that counting one's chicken's before they have hatched.**

**2. There is a statement that 'creditors will be harmed by tens of millions of dollars. Upon a close examination and rough calculation based upon the now very low Federal Funds Rate the entire sum of interest could earn just $5 million USD per annum, or perhaps what Argentina is paying's it's New York Lawyers every month.**

**3. To try to make an Article III Federal Judge a so called chore boy on expedited pleadings is clearly pushing the limit of the acceptable.**

**For example, it appears that this is an effort to hi-jack Appellant's Appeal rather than filing a cross Appeal. The Court may note, that despite crying about this sum of money being delayed, the Appellee's never bothered to pay the filing fee to the Clerk of the Bankruptcy Court. ($298.00)**

**4. That sum of money, while it appears impressive in fact represents less than 1% of the NY State Budget. It is however about on a going forward Basis what the so called 'professional's' expect to bill the estate. It is reported that the 'professionals' have already collected somewhere in the range of $2.2**

**billion. It's no wonder the 'professional's' are in a panic that the forward looking 'feed bag' might just go away.**

**5. It was never my intention that this matter went into a supernova so to speak. I made what I thought was a thoughtful and constructive submission, timely filed by us mail with the Court. <lehman docket 51973> Within a few days, the Committee and Debtor's 'professionals' filed a**

| | Document | |
|---|---|---|
| 51963 | 02/04/2016 | Statement of No Objection /Certificate of No Objection Under 28 U.S.C. 1746 |

**which stated that**

On January 30, 2016, William Kuntz sent an email to the Court [1]

**Page 3.**

---

[1] Guidelines for Communicating with the Court…By contrast, formal court filings are not considered ex parte communications because all parties in the case have access to and the ability to contest them.
**http://www.iasb.uscourts.gov/v2_general/guidelines4communicating.shtm**

**That statement was not true and is unsupported by the Appellee's own record submitted to the that and perhaps this Court.**

**From there, things went from bad to work for the Committee and the Debtor's Counsel.**

**To allege such communications, is in my mind worse than repeated threats of sanctions.**

6. **After all, what are sanctions, except the modern version of the**

**dunking[2] chair? Or an application of the so called 'english' rule that taxes legal fee's and expenses on the loser. As I recall, however, the English system provides for what is called a taxing master. Thus while the merits of a matter, and here a so called "emergency" are heard by one jurist in England 'costs' are heard by another. I assume that the temptation proved so great that**

**"A Taxing Master provides an independent and impartial process of assessment of legal costs which endeavours to achieve a balance between the costs involved and the services**

---

[2] ***Dunking*** **is a form of punishment that was mainly reserved for supposed witches.** ***www.medievality.com/water-torture.html***

**rendered."... A Taxing Master performs a function of a judicial nature in relation to costs. The Court Officers Act, 1926 provides that there should be attached to the High Court the Taxing Masters Office.[3]**

**Here, the Appellant's want both a ruling on the properity of my appeal before it is even docketed but not bring on a cross-appeal which seems more appropriate.**

**7. The Appellee's Counsel states in dismissive terms that Appellant has no standing and accordingly... However they have overlooked certain otherwise Insignificant facts such as documents filed in Lehman long ago. < Ex 1,2,3> which establish that there is a deposit of unknown quality and quantity with the New York State Comptroller's Office.**

**8. What I find remarkable, and perhaps it will never be known as most of the fee application is kept in a so called 'black box' out of public view is most likely that the Committee Professional have most likely already billed the estate and been paid**

---

**[3] http://www.courts.ie/offices.nsf/lookuppagelink/8AFDD6975A6F081380256E7B004D9971**

**for reviewing these papers. Of course, it would not be the first time a lawyer billed for work never done.**

3340 04/10/2009 First Application for Interim Professional Compensation First Interim Application Of Quinn Emanuel Urquhart

**The Quinn firm states on page 11 that**

Daily monitoring of dockets in the Chapter 11 Cases, SIPA proceeding and certain of the adversary proceedings;

**So clearly, at some time this sliver of fact was known**

**or should have been known to the Appellee's.**

**9. To be candid, Appellant is really not 110% sure just what it might in fact be, but clearly sufficient to suggest to the Bankruptcy Court that the it consider something.**

**10. However, the Appellee's rely upon the Decision of Judge Peck, which expunged 3 Claims filed as opposed to something that had already been 'internal' to Lehman.**

**Of Course then, none of the other professional's raised the Obvious, and it was not discussed in Judge Peck's Expungement Order. Ie the role of Weil, Gotshal in Grand Union as outlined in USDJ NDNJ from Judge Martini. <Ex 4>**

**I do not recall if the Committee supported the Weil Gotshal Motion.**

**11. Appellant relies upon the basic federal rules of procedure, which provide for service by mail. Appellant also keeps track of Lehman by using what is commonly known as EPIQ which is free and does not require any registration unlike PACER. I do not recall ever seeing a copy of the Feb 8, 2016 Order in the US Mail. I did see, on EPIQ the docketing of the Feb 8, 2016 Order, so I made a request to expand the time within which to file an appeal. This was denied by the Court. In papers filed with the Court in Opposition to Appellant's Motion to enlarge time, the Appellee's stated in a footnote that Appellant has been sanctions in the Grand Union Proceedings by USDJ DEL McKelvie. It almost looked like the footnote has been 'photoshopped'. The exact portion of Judge McKelvie's follows.**

**"This Memorandum Opinion shall serve as notice to appellant that he faces sanctions under FRAP 38 for filing this frivolous appeal. The court will schedule a hearing at which appellant may be heard on these issues and appellees may present evidence of their attorney fees and costs. http://www.leagle.com/decision/1996301200BR101_1279/IN%20RE%20GRAND%20UNION%20CO.**

**At that point in time, those professionals pocketed the $750,000 in fee's and were never heard from again. It is interested but distressing that Judge McKelvie showed more interest in protecting the fee's of the professionals than the $700,000,000 lost by investors. I need not suggest to this court just what the implications of fabrications are in legal papers, but the apparent absence of the Docket in that Delaware Case in the half-dozen give in support of this emergency motion pretty much tells a tale, that the Committee and the Debtor wish the Court to think Appellant has been previously sanctioned when in fact he has not been. The Court's do not seem to welcome objective criticism.[4]**

---

**http://scholarlycommons.law.hofstra.edu/cgi/viewcontent.cgi?article=1474&context=faculty_scholarship**

**12. Docketed on March 1, 2016 is an "acknowledgement of service" which was delivered to the ProSe office in accordance with SDNY Rules. While Appellant has thumbed thru the papers, there was insufficient time given the March 2, 2016 due date to do more. While it seems that Appellee's determined as early as Feb 24, 2016 that they were going to proceed, no papers were even consigned to the US Mail. In fact the Motion Papers filed in USBC SDNY filed on or about the 19th of Feb, 2016 has of yet to arrive anywhere in the mail. That Motion for Sanctions has now been moved up to this Friday[5]. Forum Shopping>?**

**I had wished to submit a bit more, but time constraints alone require I complete and copy this before closing time. It was extremely difficult[6] to locate anywhere that could assist me in preparing this reply, short of returning to my more established local in either upstate NY or Cape Cod.**

**[5] Amended Notice of Hearing on Motion for Sanctions Against William Kuntz III (related document(s)[52107]) filed by Andrew J. Rossman on behalf of Lehman Brothers Holdings Inc.. with hearing to be held on 3/4/2016 at 10:00 AM at Courtroom 623 (SCC) Objections due by 3/3/2016**

**[6] and expensive**

**Conclusion**

**Short of sua sponte withdrawing the Reference, I know of no way this Court can exercise Jurisdiction. The Creditor's Committee and the Debtor are in hot pursuit of Appellant in several courts because they made a series of fairly serious misjudgments compounding that with legal documents that would earn lesser mortals free tickets to Attica.**

**Holding money for a few weeks or months is no 'emergency' to a US Court. In fact, I was prepared to offer a stipulation that the Funds be deposited into the USBC SDNY Registry Account which has been spurned. I cannot think of safer hands that having the Court and not the parties control the Funds. I undertstand JPM Chase's point not to convey the funds to the Debtor but cannot see how they could object the Bankruptcy Court holding the funds until the end of the Case or otherwise ordered.**

**Respectfully,**

**William Kuntz, III PO Box 1801**

**Nantucket Island,**

**Ma 02554-1801**

**March 1, 2016** **100 William St, NYC**

New York State
Office of the State Comptroller

Thomas P. DiNapoli
State Comptroller

# Office of Unclaimed Funds

Claim Form

**Part I. Account Information**

| | |
|---|---|
| Name: KUNTZ WILLIAM A | Address: BOX 461, LAKE PLACID, NY 12946 |
| Account #: 033073395/027130763 | Reported By: LEHMAN BROTHERS HOLDINGS INC |

Claim Form

New York State
Office of the State Comptroller

Thomas P. DiNapoli
State Comptroller

# Office of Unclaimed Funds

Claim Form

**Part I. Account Information**

| Name: KUNTZ WILLIAM A | Address: BOX 461, LAKE PLACID, NY 12946 |
|---|---|
| Account #: 033073395/027130763 | Reported By: LEHMAN BROTHERS HOLDINGS INC |

**Part II. Claimant Information** *(Please print or type the following information)*

Your Full Name: Kuntz (Last Name) William (First Name) MI

Current Address: 225 Mprucet (Street Address (Include Apt. #)) Farm Rd Lbpaanky (City) MASS (State) 01248 (Zip)

E-Mail Address: Telephone:

If you are not currently residing at the address shown in Part I. Account Information, but once lived at that address, provide the following information about that address:

Check One: ☐ Owned Home ☒ Rented Occupancy Dates: PO Bx Rented

If your name is different from the name shown in Part I. Account Information, please explain why.

Check One: ☐ Marriage/Divorce ☐ Owner is Deceased ☐ Other Please explain:

NOTE: If the property being claimed or any additional property identified by OUF in its claim review is a security (stock) valued at less than $5,000, OUF will pay the cash value unless the owner initials the box below:

I prefer to receive actual securities if available, rather than cash value. I realize this will require additional time to process my claim and that a fee may be charged to me by a broker in the future, should I wish to sell my securities. I also realize that any security transaction may have tax consequences.

I hereby make claim for the above referenced funds held by the NYS Office of Unclaimed Funds. I hold the NYS Comptroller harmless from any loss due to the payment of this claim. I attest to the fact that I, or the deceased owner, used the address shown in Part I. Account Information. Under penalty of perjury, I certify that the information I provided on this form is correct.

X ______ (Claimant's Signature) ______ (Claimant's SSN) Sworn to me this ____ day of ______ 20__ ______ (Notary Public)

To claim this account, you must:

- ✓ Sign the form and have your signature notarized by a licensed notary public.
- ✓ Mail claim form to: **Unclaimed Funds, Office of the State Comptroller, 110 State St, Albany, NY 12236**

If you need additional assistance, please visit our web site at www.osc.state.ny.us or call our Communication Center at 800-221-9311. Our mailing address is Unclaimed Funds, Office of the State Comptroller, 110 State Street, Albany, NY 12236.

The New York State Comptroller's Office has access to Federal, State, and local databases to verify reported information. All claims are subject to audit. Any person knowingly submitting a fraudulent claim will be subject to ALL LEGAL PENALTIES.

Personal Privacy Protection Law: In accordance with the Personal Privacy Protection Law, you are advised that the information requested is necessary to determine entitlement to certain unclaimed funds held by the New York State Comptroller. Failure to provide this information may result in denial of the claim. This information will be retained by the Director of Services, Office of Unclaimed Funds, 110 State Street, Albany, NY 12236

Kuntz Affidavit #

AS Faxed

Thomas Exhibit 4

015 NEE 1 3092 00 05/20/08
NOTIFY SENDER OF NEW ADDRESS
KUNTZ WILLIAM
PO BOX 1801
NANTUCKET MA 02554-1801

BC 02554180101 *1469-10141-05-

TA





THOMAS P. DINAPOLI
STATE COMPTROLLER

110 STATE STREET
ALBANY, NEW YORK 12236-0001

STATE OF NEW YORK
OFFICE OF THE STATE COMPTROLLER
Office of Unclaimed Funds

October 3, 2008

REFERENCE NUMBER: 10575162

GRAND UNION CAPITAL CORP
ATTN WILLIAM KUNTZ III
INDIA STREET
PO BOX 1801
NANTUCKET ISLAND, MA 02554-1801

**RE: LEHMAN BROTHERS BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK. UNCLAIMED FUNDS**

DEAR ,

On behalf of the New York State Comptroller's Office, I am writing to thank you for your inquiry regarding unclaimed funds

We currently hold over $9 billion in unclaimed funds, involving more than 23 million accounts. The Comptroller is committed to returning these funds to the rightful owners, and we anticipate that your claim will be reviewed in about 90 days. At that time we will either approve the claim for payment or we will notify you in writing if we need additional documentation to complete your claim. Please note that claims involving large dollar amounts, estates and securities may take longer to process.

No further action is required on your part at this time. Please notify us in writing if your mailing address changes while this claim is in process. Include the "REFERENCE NUMBER" at the top of this letter with any correspondence regarding this claim

You can visit our website at **http://www.osc.state.ny.us/ouf/faq.htm** for answers to frequently asked questions. If you need additional assistance or would like a status update, you may call our Communications Center at 1-800-221-9311.

In the meantime, we thank you for your patience.

Sincerely,

STATE OF NEW YORK
OFFICE OF THE STATE COMPTROLLER
110 STATE STREET
ALBANY NY 12236-0001

Address Service Requested

2

USBC SDNY

**Lehman Brothers Holdings Inc. (Chapter 11)**

08-13555

To The Clerk
please Docket The attached





**THOMAS P. DiNAPOLI**
STATE COMPTROLLER

**LUKE BIERMAN**
GENERAL COUNSEL

**HELEN M. FANSHAWE**
DEPUTY COUNSEL

STATE OF NEW YORK
**OFFICE OF THE STATE COMPTROLLER**
110 STATE STREET
P. O. BOX 10337
ALBANY, NEW YORK 12201-5337

September 29, 2009

Grand Union Capital Corp.
Unclaimed Funds
Ref. No. 10267649
File No. 05-2280

William Kuntz, III
P.O. Box 1801
Nantucket, Massachusetts 02554

Dear Mr. Kuntz:

This is in response to your recent email regarding Lehman Brothers bankruptcy. This Office will not be entering a motion in the Bankruptcy Court to compel the reporting of abandoned funds. Please note that it is our understanding that all creditor claims were barred as of September 22, 2009.

Please send any correspondence, being sure to include the above captioned reference number and file number, to me at the following address:

Wendy H. Reeder
OSC Legal Services Division
P.O. Box 10337
Albany, New York 12201-5337

Very truly yours,

Wendy H. Reeder
Associate Attorney



UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

June 10, 2005

**LETTER OPINION**

**VIA REGULAR MAIL**

Ravin, Greenberg & Marks, P.A.
Sheryll S. Tahiri, Esq.
101 Eisenhower Pkwy.
Roseland, NJ 07068

*(Attorneys for The Grand Union Company)*

Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.
Thomas G. Aljian, Jr., Esq.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

*(Attorney for Americe, Inc.)*

Re: **The Grand Union Co. v. Americe, Inc.**
**Docket No.: 04-5669 (WJM)**

Dear Counsel:

This matter comes before the Court on The Grand Union Company's ("Grand Union") motion pursuant to Federal Rules of Civil Procedure 59 and 60 and Local Civil Rule 7.1(g) for reconsideration of the Court's April 18, 2005 Order dismissing Grand Union's bankruptcy appeal for want of prosecution. For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

Bankruptcy Judge Novalyn L. Winfield entered an Order on August 6, 2004 that, among other things, denied bankruptcy debtor Grand Union's motion for summary judgment and granted Americe, Inc. ("America") leave to file an administrative claim request. Six days later, on August 12, 2004, Grand Union, through counsel Ravin Greenberg P.C. ("Ravin Greenberg") and Weil, Gotshal & Manges LLP ("Weil Gotshal"), filed a notice of appeal and shortly thereafter (on August 23, 2004) filed a designation of items to be included in the record and statement of issues to be presented on appeal pursuant to Bankruptcy Rule 8006. The bankruptcy court transmitted these filings to this Court on November 17, 2004. Although Grand Union was



required by rule to submit appellate briefs to this Court within fifteen days of its appeal having been docketed, Fed. R. Bankr. P. 8009(a)(1), the notation of this transmission on the docket indicates that Grand Union was given until December 27, 2004. Despite this generous briefing schedule, Grand Union never filed any appellate brief. This Court exercised its discretion and dismissed Grand Union's appeal by Order dated April 18, 2005 for want of prosecution.

Counsel for Grand Union—specifically, Ravin Greenberg, not Weil Gotshal—now asks the Court to reconsider this dismissal on the ground that Grand Union's failure to submit any appellate brief was attributable to counsel's "mistake and excusable neglect." (*See* Memorandum of Law in Support of Motion for Reconsideration [*hereinafter* "App. Br."].) Specifically, counsel for Grand Union points out that the attorney who was primarily in charge of handling Grand Union's appeal, Allan Harris ("Mr. Harris") of Ravin Greenberg, left the firm December 31, 2004 and that "[i]t was only after [Mr. Harris] left, much past the deadline set forth in Rule 8009, that [Howard S. Greenberg ("Mr. Greenberg"), also of Ravin Greenberg] became aware that a brief had not been filed." (*See* Cert. of Howard S. Greenberg ¶10.) Because the December 27, 2004 deadline ran several days before Mr. Harris left Ravin Greenberg, counsel for Grand Union also notes that "[d]uring the time of filing of the appeal, several complications made it difficult for [Ravin Greenberg] to file a brief on Appellant's behalf, and to proceed with the appeal." (*Id.* ¶ 8.)

**ANALYSIS**

Although dismissal of bankruptcy appeals for want of prosecution is discretionary, courts must at least consider less severe sanctions for a litigant's failure to prosecute its case. *See Jewelcor, Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 397 (3d Cir. 1993). Counsel for Grand Union argues, therefore, that this Court, rather than dismissing Grand Union's appeal for want of prosecution, should have resorted to the less severe sanction of either issuing an Order to Show Cause setting forth an expedited briefing schedule or, instead, simply issuing another briefing schedule. (*See* App. Br. at 4.) The Court fails to see how giving appellant additional time to submit an appellate brief *which at the time of dismissal was already almost four months late* is an effective "sanction." Indeed, that would be no sanction at all.

The Court can discern no other effective sanction for failure to submit an appellate brief. As this Court has already explained, the bankruptcy rules require appellant to file a brief with this Court within fifteen days of an appeal having been docketed. Fed. R. Bankr. P. 8009(a)(1). The purpose of the briefing schedule in Bankruptcy Rule 8009 is to provide for the expeditious resolution of bankruptcy proceedings. *See Jewelcor*, 11 F.3d at 397. It is clear that the purpose of the rule would be completely thwarted were the Court to allow Grand Union to delay indefinitely the filing of its appellate brief, without which the Court cannot even begin to review the merits of its appeal.

Grand Union's failure to prosecute its appeal is the result of its own neglect. Indeed, Ravin Greenberg acknowledges as much. (*See* App. Br. at 4.) Unable to dispute that it had notice of the December 27, 2004 deadline, Ravin Greenberg offers only the vague excuse that "several complications made it difficult for [Ravin Greenberg] to file a brief on Appellant's

behalf." This neglect is all the more inexplicable considering that Grand Union appears to have been represented in bankruptcy proceedings not by one but in fact by two different law firms, the other—Weil Gotshal—being known for the strength of its bankruptcy practice. (*See* Notice of Appeal dated Aug. 12, 2004).

Finally, there is evidence suggesting that Grand Union's failure to prosecute its appeal simply reflects its history of proceeding in a dilatory manner. That is, during the bankruptcy court's October 4, 2004 telephone conference with counsel for Americe and with Ravin Greenberg regarding, among other things, the instant appeal, Judge Winfield stated: "I actually find this issue of appeal a little bit frustrating. [Grand Union] has had an astonishing disinclination to try this case. It's been difficult to get this to final conclusions. . . . I'm tired of fooling around. . . . . [I] implore both parties to act with all due speed to get [Grand Union's appeal] before the district court and adjudicated . . . . This is an old adversary and it shouldn't hang around." (Transcript of October 4, 2004 Telephone Status Conference before Honorable Novalyn L. Winfield at 8:6–11, 10:22–24, 11:4–5.) In response to Judge Winfield's request that Grand Union diligently prosecute its appeal, Mr. Greenberg, who now asks the Court to excuse Grand Union's failure to file any appellate brief because the Ravin Greenberg attorney primarily handling Grand Union's bankruptcy case left the firm four days *after* the December 27, 2004, stated: "We're trying to, Your Honor." (*Id.* at 11:3.) Grand Union nevertheless failed to prosecute its appeal despite Mr. Greenberg's representation to Judge Winfield that it would do so with all due speed.

## CONCLUSION

For the foregoing reasons, Grand Union's motion for reconsideration of the Court's April 18, 2005 Order dismissing Grand Union's bankruptcy appeal for want of prosecution is **DENIED**.

An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

cc: The Honorable Ronald J. Hedges, U.S.M.J.

**USDC SDNY**

**In Re: Lehman Brothers** **No. 16-cv-01379 Sullivan**

**Debtor**

RECEIVED
2016 MAR -1 P 10:05
U.S DISTRICT COURT SDNY

**William Kuntz III v. Lehman Brothers Holdings Inc. and Official Committee of Unsecured Creditors**

FROM: William Kuntz (000) 000-0000
PO BOX 1801
NANTUCKET MA 02554
US

SHIP DATE: 02MAR16
ACTWGT: 0.30 LB
CAD: 6990962/SSF01621
DIMMED: 12 X 9 X 1 IN

TO Attn: Harold S. Novikoff
Wachtell, Lipton, Rosen & Katz
51 west 52nd Street
New york NY 10019 (US)
(000) 000-0000 REF:
INV:
PO: DEPT:

FROM: William Kuntz (000) 000-0000
PO BOX 1801
NANTUCKET MA 02554
US

SHIP DATE: 02MAR16
ACTWGT: 0.30 LB
CAD: 6990962/SSF01621
DIMMED: 12 X 9 X 1 IN

TO Attn: William K Harrington
U.S Federal Office Bldg
201 Varick Street
Ste 1006
New york NY 10014 (US)
(000) 000-0000 REF:
INV:
PO: DEPT:

FROM: William Kuntz (000) 000-0000
PO BOX 1801
NANTUCKET MA 02554
US

SHIP DATE: 02MAR16
ACTWGT: 0.30 LB
CAD: 6990962/SSF01621
DIMMED: 12 X 9 X 1 IN

TO Attn: Joseph D Pizzurro
Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New york NY 10178 (US)
(212) 697-1559 REF:
INV:
PO: DEPT:

FedEx Ground G

TRK# 7824 9969 7119 1017

9622 0019 0 (000 447 8057) 6 00 7824 9969 7119

FROM: William Kuntz (000) 000-0000
PO BOX 1801
NANTUCKET MA 02554
US

SHIP DATE: 02MAR16
ACTWGT: 0.30 LB
CAD: 6990962/SSF01621
DIMMED: 12 X 9 X 1 IN

TO Attn: Susheel Kirpalani
Quinn Emanuel Urquhart&Sullivan LLP
51 Madison Avenue
22nd Floor
New york NY 10010 (US)
(212) 849-7000 REF:
INV:
PO: DEPT:

FedEx Ground G

TRK# 7824 9970 3390 1001

9622 0019 0 (000 447 8057) 6 00 7824 9970 3390

March 4, 2016

**Quinn Emanuel Urquhart & Sullivan fax 212-** 849-7100

Re: Lehman

Sir/Madam:

With respect to the above captioned , would you be so kind as to arrange to provide me with a copy of the papers which I understand you filed on the 18/19th of Feb, 2016.

Having those papers in hand before the 3PM hearing would allow me to acknowledge service of same on the Record.

I trust this will have your prompt attention

William Kuntz, III

India St PO Box 1801

Nantucket Island, Ma 02554-1801

NYC

copies as needed