**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BY AND AMONG JAMES W. GIDDENS, AS TRUSTEE FOR THE LIQUIDATION OF LEHMAN BROTHERS, INC. UNDER THE SECURITIES INVESTOR PROTECTION ACT AND LEHMAN BROTHERS HOLDINGS, INC.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (the "Stipulation") is made and entered into on the date hereof, by and among (i) James W. Giddens, as Trustee (the "Trustee") for the Liquidation of Lehman Brothers, Inc. ("LBI") under the Securities Investor Protection Act ("SIPA") and (ii) Lehman Brothers Holdings Inc. ("LBHI" and together with the Trustee, the "Parties"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases.

**RECITALS:**

A.     Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) at Case No. 08-13555 (SCC).

B. On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI. By order dated September 19, 2008 of the United States District Court for the Southern District of New York, the SIPA proceeding was removed to the Bankruptcy Court.

C. On September 19, 2008, LBI had a maturing position credited to its Participant Account #636 with respect to 22,500,000 shares of CUSIP 8265Q0SX1 (the "Security"); the Trustee has advised LBHI that the Security was pledged to Bank of New York, Participant Account #855 ("BONY") and that BONY performed a demand of collateral with respect to the Security from LBI Participant Account #636 to JPMorgan Securities, Participant Account #060 ("JPM").

D. On October 22, 2009, JPM transferred its position with respect to the Security to JPMorgan Chase Bank, N.A., Participant Account #2740 ("JPMC").

E. On March 31, 2010 or April 1, 2010, JPMC transferred its position with respect to the Security to Citibank, Participant #908.

F. The Security remains in Citibank's Participant Account #908 as of the date of this Stipulation and Citibank holds its position with respect to the Security on behalf, and for the benefit, of LBHI.

G. The maturity proceeds of $22,500,000 (the "Maturity Proceeds") with respect to the Security have been held by the Depository Trust Company (the "DTC") in Internal Settlement Account #1202.

H. The Parties have now agreed to the release of the Maturity Proceeds to LBHI pursuant to the terms set forth in that certain Instruction, Release and Indemnity Letter, dated March 3, 2016 (the "Letter"),[1] attached hereto as **Exhibit A**.

---

[1] Unless otherwise specified, all capitalized terms used herein without definition shall have the respective meanings given such terms in the Letter.

**AGREED ORDER:**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. Due and proper notice of the Stipulation and the relief requested herein has been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].

2. The terms of the Letter are hereby approved and are hereby incorporated herein by reference and made a part hereof.

3. Any and all claims by and interests of any third-parties with respect to the Security, the Maturity Proceeds and the Remaining Funds (the "Third-Party Claims") are hereby released and extinguished; and

4. The Parties shall instruct DTC to transfer the Maturity Proceeds and the Remaining Funds to LBHI in the manner set forth in the Letter.

5. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Stipulation.

6. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

| | |
|---|---|
| Dated: New York, NY<br>March 3, 2016 | Dated: New York, NY<br>March 3, 2016 |
| **CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP** | **HUGHES, HUBBARD & REED LLP** |
| By: /s/ L.P. Harrison 3rd<br>    L.P. Harrison 3rd<br>    Cindi Eilbott Giglio<br>101 Park Avenue<br>New York, New York 10178<br>Telephone:  (212) 696-6000<br>Facsimile:   (212) 697-1559 | By:  /s/ Gabrielle Glemann<br>    Christopher Kiplok<br>    Gabrielle Glemann<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone:  (212) 837-6000<br>Facsimile:   (212) 422-4726 |
| *Counsel for Lehman Brothers Holdings Inc.<br>  and Certain of Its Affiliates* | *Counsel for the Trustee* |

**IT IS SO ORDERED.**

Dated: New York, New York
         March 11, 2016

/S/ Shelley C. Chapman    _____
UNITED STATES BANKRUPTCY JUDGE

4

24858905

## EXHIBIT A

24858905

LEHMAN BROTHERS HOLDINGS, INC.
-AND-
JAMES W. GIDDENS, AS TRUSTEE
FOR THE LIQUIDATION OF LEHMAN BROTHERS, INC.
UNDER THE SECURITIES INVESTOR PROTECTION ACT

March 3, 2016

The Depository Trust Company
Attn: Isaac Montal, Esq.
570 Washington Blvd.
Jersey City, NJ 07310

Re:   **Instruction, Release and Indemnity Letter (the "Letter")**

Dear Mr. Montal:

James W. Giddens, as Trustee (the "Trustee") for the Liquidation of Lehman Brothers, Inc. ("LBI") under the Securities Investor Protection Act ("SIPA") and Lehman Brothers Holdings, Inc. ("LBHI," together with the Trustee, the "Parties") hereby agree and instruct The Depository Trust Company ("DTC") as of the date of the Letter as follows:

1. **Background**:

    a. On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI (the "Commencement Date"). By order dated September 19, 2008 of the United States District Court for the Southern District of New York, the SIPA proceeding was removed to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

    b. On September 19, 2008, LBI had a maturing position credited to its DTC Participant Account #636 with respect to 22,500,000 shares of CUSIP 8265Q0SX1 (the "Security"); the Trustee has advised LBHI that the Security was pledged to Bank of New York's DTC Participant Account #855 ("BONY") and that BONY performed a demand of collateral with respect to the Security from LBI's DTC Participant Account #636 to JPMorgan Securities' DTC Participant Account #060 ("JPM");

    c. On October 22, 2009, JPM transferred its position with respect to the Security to JPMorgan Chase Bank, N.A.'s DTC Participant Account #2740 ("JPMC");

    d. On March 31, 2010 or April 1, 2010, JPMC transferred its position with respect to the Security to Citibank, N.A.'s ("Citibank") DTC Participant Account #908;

24477614v6

    e. As set forth in a Certification from Citibank dated March 3, 2016, a copy of which is attached hereto as Exhibit A, the Security remains in Citibank's DTC Participant Account #908 as of the date of the Letter and Citibank holds its position with respect to the Security on behalf, and for the benefit, of LBHI. The Certification also sets forth that Citibank otherwise has no legal or equitable interest in the Security or its maturity proceeds and that Citibank does not object to any of the provisions of this Letter, including without limitation, the provisions of paragraphs 2 through 4 ; and

    f. The maturity proceeds of $22,500,000 with respect to the Security have been held by DTC in Internal Settlement Account #1202 (the "DTC Internal Account").

**2. Instructions to DTC**

    a. DTC is hereby instructed to:

        i. wire, as soon as is practicable after the execution date of the Letter (the "Execution Date"), $18,500,000 credited to the DTC Internal Account with respect to the Security to LBHI using the following wire instructions (the "Wire Instructions")

        Citibank USD Bank Accounts
        ABA #: 021-000-089
        SWIFT Code: CITIUS33
        Citibank N.A. New York
        388 Greenwich Street
        New York, NY 10013
        Legal Entity: Lehman Brothers Holdings Inc.
        Currency: USD
        Account Number: 3078-4686
        Account Name: Lehman Brothers Holdings Inc. - DIP - Cash Concentration

        ii. wire the remaining $4,000,000 credited to the DTC Internal Account with respect to the Security (the "Remaining Funds") to LBHI as follows:

            1. On the earlier of (i) the date that is twelve (12) months from the Execution Date or (ii) upon the entry by the Bankruptcy Court of a final, non-appealable stipulation and agreed order made on required notice to all parties in the bankruptcy proceeding in the form annexed hereto as "Exhibit B" (the "First Distribution Date"), DTC shall wire to LBHI using the Wire Instructions $2,000,000 less the Losses (defined in Sec. 4.a. below) incurred by the DTC Parties (defined in Sec. 3.a. below) between the Commencement Date and the First Distribution Date (the "First Period Losses"); and

24477614v6

2. On the date that is five (5) months from the First Distribution Date (the "Final Distribution Date"), DTC shall wire to LBHI using the Wire Instructions $2,000,000 less (i) the Losses incurred by the DTC Parties between the First Distribution Date and the Final Distribution Date and (ii) any First Period Losses in excess of $2,000,000.

3. Notwithstanding the foregoing, if the DTC Parties are continuing to incur Losses arising out of or related to subpoenas, regulatory inquiries and/or threatened or asserted claims against them as of the Final Distribution Date: (i) the Parties shall suspend the transfer of the Remaining Funds to LBHI; (ii) the Indemnity set forth in paragraph 4 below in respect of the DTC Parties shall remain in full force and effect; and (iii) the Parties shall negotiate in good faith with DTC over the extension of the Final Distribution Date.

**3. Joint Release**

a. The Parties hereby release DTC and its parents, and its and its parents' subsidiaries, affiliates, successors, officers, directors, employees, attorneys, agents, nominees and assigns (the "DTC Parties") from any and all Claims[1] that have been, could have been, or could ever be asserted by the Parties against the DTC Parties with respect to or in connection with the Security and the events described in the Background Section hereof. Without limitation, LBHI agrees that the foregoing release has been made on behalf of itself and its clearing and custodian banks (including Citibank) with respect to the matters set forth in the Letter.

**4. Indemnity Until the Final Distribution Date**

a. LBHI agrees that, until the Final Distribution Date, the DTC Parties shall be indemnified, defended and held harmless with respect to any and all Losses[2] arising out of or related to the Security or any breach by the Parties of this Letter (the "Indemnity"), provided, however, that recourse with respect to the Indemnity shall be limited to the amount of the Remaining Funds. LBHI also agrees that the Indemnity covers, without limitation, Losses arising out of or related to Claims between the Parties and the DTC Parties.

---

[1] "Claims" means and includes any claim, counterclaim, demand, action, suit, countersuit, arbitration, inquiry, proceeding or investigation, including Claims brought before any federal, state or foreign court or other tribunal or authority, or any investigative or regulatory agency or self-regulatory organization. By way of example, but not by way of limitation, "Claims" means and includes any Claims between and/or among the Parties and the DTC Parties.

[2] "Losses" means and includes all losses, liabilities, damages, judgments, payments, obligations, costs and expenses (including, without limitation, any costs of investigation and legal fees and expenses incurred in connection with, resulting from, relating to, arising out of or in connection with the Security), regardless of whether or not any liability, payment, obligation or judgment is ultimately imposed against the DTC Parties.

24477614v6

5. <u>**Authorizations**</u>

    a. No authorizations, approvals, consents or waivers by, or notifications to, a governmental authority, or other third party (including but not limited to licenses, notifications, registrations or declarations, or any approval of the Bankruptcy Court) (collectively, "Authorizations") are required for the execution, delivery, satisfaction or performance by any party to the Letter, or the satisfaction of any of the obligations of any party contemplated hereby, or, if required, all such Authorizations have been obtained.

James W. Giddens, as Trustee
for the Liquidation of Lehman Brothers, Inc.
under the Securities Investor Protection Act

Hughes Hubbard & Reed LLP, Counsel for the Trustee

By: _____ [signature]

Lehman Brothers Holdings, Inc.

By.: _____

24477614v6

5. **Authorizations**

   a. No authorizations, approvals, consents or waivers by, or notifications to, a governmental authority, or other third party (including but not limited to licenses, notifications, registrations or declarations, or any approval of the Bankruptcy Court) (collectively, "Authorizations") are required for the execution, delivery, satisfaction or performance by any party to the Letter, or the satisfaction of any of the obligations of any party contemplated hereby, or, if required, all such Authorizations have been obtained.

James W. Giddens, as Trustee
for the Liquidation of Lehman Brothers, Inc.
under the Securities Investor Protection Act

Hughes Hubbard & Reed LLP, Counsel for the Trustee

By: _____

Lehman Brothers Holdings, Inc.

By.: *[signature]*
Richard Katz

24477614v6

Exhibit A

24477614v6

## CERTIFICATION REGARDING CUSIP 8265Q0SX1

The Depository Trust Company                                    March 3, 2016
Attn: Isaac Montal, Esq.
570 Washington Blvd.
Jersey City, NJ 07310

Re:   Certification By Citibank, N.A. Regarding CUSIP 8265Q0SX1

Dear Mr. Montal:

This certification concerns the 22,500,000 shares of CUSIP 8265Q0SX1 (the "Position") credited to Citibank, N.A.'s ("Citibank") DTC Participant Account # 908. Citibank hereby certifies that it:

1. holds the Position on behalf of and for the benefit of Lehman Brothers Holdings, Inc. ("LBHI");

2. has held the Position on behalf of and for the benefit of LBHI since March 31, 2010 or April 1, 2010;

3. has no legal or equitable interest in the Position or its maturity proceeds except as set forth in 1. and 2.

Citibank also has reviewed a copy of instructions to The Depository Trust Company dated March 3, 2016 from LBHI and James W. Giddens, as Trustee for the Liquidation of Lehman Brothers, Inc. under the Securities Investor Protection Act (the "Letter") concerning the transfer of maturity proceeds with respect to the Position to LBHI pursuant to wire transfer instructions. Citibank does not object to the instructions set forth in the Letter, has no entitlement to any distributions in respect of the Position or its maturity proceeds and agrees that any claims by it with respect thereto have been released by the terms of the Letter.

24491642v1

Very truly yours,

**Citibank N.A.**

By: _michael alcruz_
Name: MICHAEL ALCRUZ
Title: DIRECTOR