**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X
In re:                                                                   :    Chapter 11
                                                                         :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                 :
                                                                         :
            Debtors.                                                     :
------------------------------------------------------------------------ X

**ORDER APPROVING SUPPLEMENTAL MOTION FOR ORDER**
**(I) ALLOWING DISCLOSURE OF DERIVATIVE QUESTIONNAIRES**
**PURSUANT TO SECTION 107(A) OF THE BANKRUPTCY CODE**
**AND (II) MODIFYING THE TREATMENT AFFORDED TO THE**
**DERIVATIVE QUESTIONNAIRES OF CERTAIN PARTIES**

Upon the Supplemental Motion for Order (I) Allowing Disclosure of Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code and (II) Modifying the Treatment Afforded to the Derivative Questionnaires of Certain Parties (the "Supplemental Motion"),[1] dated February 26, 2016, of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"); and the Court having previously entered an order dated June 9, 2015 [Docket No. 49936] (the "Non-Objecting Parties Order") allowing disclosure of derivative questionnaires as to parties that did not object (the "Non-Objecting Parties") to the Motion to Allow Disclosure of Derivatives Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Docket No. 48939] (the "Initial Motion"); and the Court having previously entered a series of orders approving the Motion to Renew Motion to Allow Disclosure of Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Docket No. 51312] (the "Renewal Motion"), including (a) the Order Approving (I) Motion to Renew Motion Allow Disclosure of Derivatives Questionnaires

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

Pursuant to Section 107(a) of the Bankruptcy Code and (II) Use and Confidentiality Procedures [Docket No. 51517] (the "Confidentiality Procedures Order"), (b) the Order Approving (I) Motion to Renew Motion to Allow Disclosure of Derivatives Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code and (II) Redaction Procedures Applicable to Certain Parties [Docket No. 51556] (the "Redaction Order"), and (c) the Order Approving Motion to Renew Motion to Allow Disclosure of Derivatives Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code As to Remaining Objecting Parties [Docket No. 51558] (the "Default Order"); and the Court having jurisdiction to consider the Supplemental Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, Loretta C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion having been provided in accordance with the procedures set forth in the Second Amended Order Implementing Certain Notice and Case Management Procedures entered June 17, 2010 [Dkt. No 9635] (the "Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) all parties whose Derivative Questionnaires may be impacted by the Supplemental Motion; and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Supplemental Motion and any exhibits filed in support thereof, the responses and objections thereto, if any; and Lehman having been contacted by counsel for Adventist Health System/Sunbelt, Inc., on its own behalf and on behalf of the Members of the Counterparty Group ("Adventis"), and having agreed to include Adventis in the Confidentiality Procedures Order, rather than the Non-Objecting Parties Order (as had been

2

requested in the Initial Motion; and the Court having determined that the relief sought in the Motion is in the best interest of all parties in interest, and that the legal and factual bases set forth in the Supplemental Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Supplemental Motion is granted on the terms and conditions set forth herein; and it is further

ORDERED that, except as expressly set forth herein, nothing in this order shall modify the relief granted by the Non-Objecting Parties Order, the Confidentiality Procedures Order, the Redaction Order or the Default Order;[2] and it is further

ORDERED that the following parties shall be deemed added to, and the Derivative Questionnaires submitted by such parties shall be governed by, the Non-Objecting Parties Order:

1. 1199 SEIU Health Care Employees Pension Fund
2. 1199 SEIU Health Care Employees Pension Fund Index Plus
3. A.H.W.M. Bruins
4. AMP Capital Investors Limited - EFM International Share Fund 4
5. Anthracite Balanced Company (46) Limited
6. Anthracite Investments (Cayman) Limited
7. Anthracite Investments (Ireland) Plc - Series 12
8. Anthracite Investments (Ireland) Plc - Series 18
9. Anthracite Investments (Ireland) Plc - Series 19
10. Anthracite Investments (Ireland) Plc - Series 23
11. Anthracite Investments (Ireland) Plc - Series 27
12. Anthracite Investments (Ireland) Plc - Series 7
13. Anthracite Investments (Ireland) Plc - Series 8
14. Anthracite Investments (Ireland) Plc - Series 9
15. Anthracite Rated Investments (Cayman) Limited
16. Anthracite Rated Investments (Jersey) Limited
17. Anthracite Reference Company (12) Limited
18. Ball Corporation Master Pension Trust
19. Conway Hospital, Inc.

---

[2] For ease of reference, attached to this Order as Exhibit A is a composite list of counterparties governed by the Non-Objecting Parties Order; as Exhibit B is a composite list of counterparties governed by the Confidentiality Procedures Order; as Exhibit C is a composite list of counterparties governed by the Redaction Order; and as Exhibit D is a composite list of counterparties governed by the Default Order, each of which incorporates and reflects the amendments and modifications made herein.

20. Diamond Finance Public Limited Company
21. Eaton Vance CDO IX, Ltd.
22. Eaton Vance Corp.
23. Eaton Vance Credit Opportunities Fund
24. Eaton Vance Floating-Rate Income Trust
25. Eaton Vance Limited Duration Income Fund
26. Eaton Vance Senior Floating-Rate Trust
27. Eaton Vance Senior Income Trust
28. Eaton Vance Short Duration Diversified Income Fund
29. Elliott Associates LP
30. Elliott International, L.P.
31. Emerging Markets Local Income Portfolio
32. Floating Rate Portfolio
33. Global Macro Portfolio
34. International Income Portfolio
35. Municipal Corrections Finance, L.P.
36. Municipal Corrections Finance, LP
37. National Bank of Greece SA
38. Nestle in the USA Pension Trust (DQ Numbers 5008043 and 5008052)
39. Parmenides Master Fund, L.P.
40. Senior Debt Portfolio
41. Structured Servicing Holdings Master Fund, L.P.
42. The Gallery QMS Master Fund Ltd.
43. U.S. Bank National Association, as Trustee, for the Conseco Finance Home Loan Equity Loan Trust 2001-D (Class B-1)
44. Vitol Asia Pte. Ltd.
45. Vitol Inc.
46. Vitol S.A.
47. Vitol, Inc.
48. Wockhard

and it is further

ORDERED that the following modifications to the Non-Objecting Parties Order, the Confidentiality Procedures Order, and the Redaction Order shall take effect upon the entry of this Order:

    a. the following parties shall be removed from the Redaction Order and added to the Non-Objecting Parties Order:

        i. EXCO Operating Company, LP; and
        ii. Hayman Capital Master Fund, L.P.; and

b. Saudi Arabian Monetary Agency shall be removed from the Redaction Order and Saudi Arabian Monetary Agency (DQ Number 5016033) shall be added to the Redaction Order and Saudi Arabian Monetary Agency (DQ Number 5010200) shall be added to the Non-Objecting Parties Order;

c. the following party shall be removed from the Confidentiality Procedures Order and added to the Redaction Order: Goldman Sachs & Co. Profit Sharing Master Trust;

d. the following party shall be removed from the Redaction Order because it properly belongs on the Non-Objecting Parties Order and already appears on that order: Railway Pension Trustee Company Limited;

e. the following party shall be removed from the Redaction Order because it properly belongs on the Confidentiality Procedures Order and already appears on that order: The Boeing Company Employee Retirement Plan Master Trust;

f. the following parties shall be removed from the Non-Objecting Parties Order and added to the Redaction Order:

   i. ASBL Fonds De Pension et de Prevoyance de la S.A. IBM Belgium;
   ii. Nestle in the USA Pension Trust (DQ Number 5010490) (previously listed on the Non-Objecting Parties Order as Rohan, Phansalkar); and
   iii. Nestle USA, Inc. Master Retirement Trust (previously listed on the Non-Objecting Parties Order as Ronnie B. Getz Revocable Trust);

g. the following parties shall be removed from the Non-Objecting Parties Order and added to the Redaction Order:

   i. Pacific Gas & Electric Corporation Post Retirement Medical Trust;
   ii. Stichting Bedrijfstakpensioenfonds Zorgveraekeraars;
   iii. Gordel Holdings Limited; and
   iv. Prospect Harbor Credit Partners, L.P.;

5

  h. the following party shall be removed from the Non-Objecting Parties Order and added to the Confidentiality Procedures Order: BNP Paribas (previously listed on the Non-Objecting Parties Order as Carillon Limited); and

  i. the following party shall be added to the Confidentiality Procedures Order: Adventist Health System/Sunbelt, Inc., on its own behalf and on behalf of the Members of the Counterparty Group (see attachment to POC).

and it is further

  ORDERED that the Industry Designation category "Retirement/Pension Funds (Private)" on the Redaction Order is hereby amended to include charitable foundations; and it is further

  ORDERED that this Order shall be effective and enforceable immediately upon entry; and it is further

  ORDERED that this Order is without prejudice to the rights of the claimants in litigation currently pending with Lehman to seek additional discovery from Lehman; and it is further

  ORDERED that this Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

Dated: March 16, 2016
   New York, New York      /S/ Shelley C. Chapman
                 HONORABLE SHELLEY C. CHAPMAN
                 UNITED STATES BANKRUPTCY JUDGE