Hearing Date and Time: May 10, 2016 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: April 29, 2016 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S**
**OBJECTION TO CLAIM NUMBER 28176**

**PLEASE TAKE NOTICE** that on March 30, 2016, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, filed the objection to claim number 28176 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 10, 2016 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch

WEIL:\95642618\2\58399.0011

disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Kate Doorley, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be filed and received by no later than **April 29, 2016 at 4:00 p.m. (prevailing Eastern Tim**e) (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:   March 30, 2016
         New York, New York

    /s/ Garrett A. Fail
    Garrett A. Fail
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

Hearing Date and Time: May 10, 2016 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: April 29, 2016 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   08-13555 (SCC)
                                                             :
                    Debtors.                                 :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 28176**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking to deem proof of claim number 28176 satisfied in full in accordance with the Plan.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

2. Claim number 28176 was originally filed in an unliquidated amount by Anthracite Rated Investments (Jersey) ("Anthracite") and was subsequently transferred to Banca Monte dei Paschi di Siena SPA ("MPS"). Anthracite, and subsequently MPS, asserted a claim against LBHI based on LBHI's purported guarantee of the primary obligations of Lehman Brothers Finance, SA ("LBF"). Anthracite and LBF were parties to an ISDA Agreement dated as of March 29, 2006.

3. Claim number 28176 was previously objected to pursuant to the Five Hundred Second Omnibus Objection to Claims (Insufficient Documentation Claims) [ECF No. 49999] (the "Prior Objection") on the basis that Anthracite had not provided sufficient documentation to allow the Plan Administrator to identify the underlying primary claim against LBF. In response to the Prior Objection, MPS provided the Plan Administrator with documentation identifying the primary claim and providing MPS's view of the value of that claim. The Plan Administrator used the information provided to perform an independent valuation of the claim. After a review of the relevant documentation and distributions made by LBF, the Plan Administrator has determined that when properly valued, claim number 28176 has been satisfied in full by LBF in accordance with section 8.13 of the Plan. Accordingly, this claim should not receive Plan Distributions from LBHI.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

4

Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

### Legal Standard

6. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *Id.* at § 502(b)(1).

7. Using the information provided in response to the Prior Objection, the Plan Administrator has conducted its own valuation of the transactions between Anthracite and LBF underlying claim number 28176. The Plan Administrator has determined that LBF owed Anthracite, and thus the proper value of claim 28176 is, $453,000. Upon information and belief, MPS has already received distributions from LBF totaling approximately $2.6 million on account of its primary claim. Having recovered more than the allowable amount of a guarantee claim, MPS cannot recover against LBHI. Section 8.13 of the Plan clearly provides:

> "[a]n . . . Allowed Guarantee Claim that received Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . equal the Allowed amount of such Guarantee Claim (or such amount as may be agreed to by a holder and the Debtors) shall, in each case, be deemed satisfied in full as to such Allowed Claim or Allowed Guarantee Claim against the applicable Debtor."

Plan § 8.13. This is consistent with well-established law *See In re United Cigar Stores*, 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amounts of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer*

5

*v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance.").

8. The Plan specifically retained for LBHI the right to challenge guarantee claims regardless of the treatment of the underlying primary claims, providing, in relevant part:

> The Debtors' rights to object to, oppose and defend against all Claims on any basis are fully preserved. Notwithstanding that a Primary Claim is Allowed against a Primary Obligor, the Debtors reserve the right to object to, oppose and defend against all Guarantee Claims.

Plan § 9.1; *see also* Disclosure Statement Section X.D.4.

9. The Plan Administrator's rights to challenge the amount of a guarantee claim exist under and as a matter of applicable U.S. law. "[E]ven though the language of [a] guaranty purports to waive all defenses, this does not foreclose a challenge to the calculation of the amount owed." *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, No. 01 CIV 4788 RJH/HBP, 2006 WL 587483 at *15 (S.D.N.Y. Mar. 8, 2006) (internal citation and quotation marks omitted). *See, e.g., L & B 57th Street, Inc. v. E.M. Blanchard, Inc.*, 143 F.3d 88, 92 (2d Cir. 1998) (finding that a guarantor who waived defenses in an unconditional guarantee did not waive its right to challenge the calculation of the amount owed) (citing *Puntillo Assocs. v. Land*, 222 A.D.2d 425, 634 N.Y.S.2d 546, 546-47 (2d Dep't 1995) (remanding to determine the amount of damages owed under an unconditional guarantee); *Rusch Factor v. Sheffler*, 58 A.D.2d 557, 396 N.Y.S.2d 374, 376 (1st Dep't 1977) (remanding on the issue of damages despite finding that the guarantor waived the right to assert defenses to its liability under the guaranty)). The Plan Administrator has not challenged the validity of the purported guarantee or

6

asserted a defense to liability under the guarantee; this Objection challenges only the calculation of the amount owed by LBHI.

10. Likewise, under Swiss law, guarantors have the right to challenge the amount of a guarantee claim where a primary claim is allowed in the Swiss Proceeding. Claims against LBF were allowed pursuant to a "collocation proceeding," whereby LBF's Swiss liquidators published a "collocation plan" setting forth the claims that the liquidators either allowed or disallowed, or, as in the case of MPS's primary claim against LBF, allowed pursuant to a settlement agreement. The collocation plan became effective without any judicial proceedings, court order, showings, or admissions by LBF. Under Swiss law, the disposition of a claim in the LBF's proceeding is not binding on any party other than LBF, the Swiss debtor. Additionally, the disposition of claims in a collocation proceeding is not binding in any other proceeding, even where a Swiss court makes a judicial assessment—and here, there was no judicial assessment.[2]

**Notice**

11. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) MPS; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these

---

[2] Under U.S. law, judgments against primary obligors are binding on guarantors only to the extent that they reflect an actual judgment against the obligor and only to the extent that the guarantor has an opportunity to and/or actually participated in that proceeding. A judgment obtained against the principal obligor by consent, on the other hand, is not conclusive against the guarantor. *See, e.g.*, 63 N.Y. JUR. 2D GUARANTY AND SURETYSHIP § 386; *Foo Long v. American Surety Co.*, 146 N.Y. 251 (1895); *see also Angel v. Bank of Tokyo-Mitsubishi, Ltd.*, 39 A.D.3d 368, 371 (N.Y. App. Div. 1st 2007).

7

cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:   March 30, 2016
        New York, New York

    /s/ Garrett A. Fail
    Garrett A. Fail
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
In re                                                               :     Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                            :     08-13555 (SCC)
                                                                    :
            Debtors.                                                :     (Jointly Administered)
                                                                    :
------------------------------------------------------------------- x

## ORDER GRANTING THE PLAN ADMINISTRATOR'S
## OBJECTION TO CLAIM NUMBER 28176

Upon the objection, dated March 30, 2016 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking to expunge proof of claim number 28176, all as more fully described in the Objection; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, claim number 28176 is deemed satisfied in full in accordance with the Plan; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95642618\2\58399.0011