# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, ) | Case No. 08-13555 (JMP) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (Lehman Brothers Holdings, Inc., Debtor, Case No. 08-13555) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Pyrell Fund, L.L.C. | Goldman, Sachs & Co. |
| Name of Transferee | Name of Transferor |
| | |
| $1,571,170.58 | 55247 |
| Amount of Claim Transferred | Proof of Claim Number |

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:   Pyrell Fund, L.L.C.
Address:            Mark N. Parry
                         Moses & Singer LLP
                         The Chrysler Building
                         405 Lexington Avenue
                         New York, New York 10174-1299

37730658_1

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.


By:  /s/_____          Date:  _April 7, 2016_____

Name:  Mark N. Parry
Title:   Moses & Singer LLP, Counsel for Transferee

37730658_1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Pyrell Fund, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor in interest (collectively the "Proofs of Claim") against Lehman Brothers Holdings, Inc. ("Debtor") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Proceedings"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights or obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d) the "Transferred Claims").  For the avoidance of doubt, the Buyer shall not assume (and the Seller shall retain, timely perform and satisfy) any and all obligations and liabilities under or in respect of the Transferred Claims.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates that (i) with respect to the Transferred Claims, will give rise to any setoff, defense, or counterclaim, or (ii) will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors generally holding allowed LBHI Class 5 Claims against the Debtor in the Proceedings; (g) Seller has delivered to Buyer a true and correct copy of each Notice of Proposed Allowed Claim Amount for each of the Proofs of Claim (collectively, the "Notices") and no action was undertaken by Seller with respect to any of the Notices; (h) Seller has received, either directly or indirectly from the Debtor or its predecessors in interest, the distributions in respect of the Transferred Claims in the amounts set forth on Schedule 1 (collectively, the "LBHI Distribution"); (i) to the extent Seller owned the Purchased Securities on October 28, 2014 and April 27, 2015, Seller has received, either directly or indirectly from Lehman Brothers Treasury Co. BV or its predecessors in interest, distributions on or around October 28, 2014 and April 27, 2015 respectively, relating to the Purchased Securities in the amounts proportional to distributions made generally to holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority (collectively, the "BV Distribution," and together with the LBHI Distribution, the "Distributions"); and (j) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities.

52407849_4

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days after the later of the date of this Agreement and Evidence of Transfer of Claim or the date of receipt) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

52407849_4

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  September 4, 2015.

**GOLDMAN, SACHS & CO.**  **PYRELL FUND, L.L.C.**

By: _____
Name:
Title:  Thomas A. Tormey
        Managing Director

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  September 4  , 2015.

**GOLDMAN, SACHS & CO.**                           **PYRELL FUND, L.L.C.**


By:_____
Name:
Title:

52407849_4

Schedule 1

Transferred Claims

Purchased Claims

As set forth below.

Lehman Programs Securities to which Transfer Relates

| POC | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Allowed Amount (USD) | Seventh LBHI Distribution (USD) |
|---|---|---|---|---|---|---|
| 62476 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 25,000.00 | $37,863.18 | $768.30 |
| 62489 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 62490 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 300,000.00 | $454,358.18 | $9,219.55 |
| 62499 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 500,000.00 | $757,263.63 | $15,365.92 |
| 62503 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 100,000.00 | $151,452.73 | $3,073.18 |
| 62507 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 35,000.00 | $53,008.45 | $1,075.61 |
| 62509 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 40,000.00 | $60,581.09 | $1,229.27 |
| 62515 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 57,000.00 | $86,328.05 | $1,751.71 |
| 62516 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 40,000.00 | $60,581.09 | $1,229.27 |
| 62566 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 60,000.00 | $90,871.64 | $1,843.91 |
| 62568 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 75,000.00 | $113,589.54 | $2,304.89 |

Schedule 1–1

| | | | | | | |
|---|---|---|---|---|---|---|
| 62570 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 62700 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 96,000.00 | $145,394.62 | $2,950.26 |
| 62707 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 10,000.00 | $15,145.27 | $307.32 |
| 62709 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 62711 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 100,000.00 | $151,452.73 | $3,073.18 |
| 48670 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 146,000.00 | $221,120.98 | $4,486.85 |
| 52932 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 250,000.00 | $378,631.81 | $7,682.96 |
| 52955 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 53183 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 53586 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 54269 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.36 | $1,536.59 |
| 54430 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000.00 | $75,726.3695 | $1,536.59 |
| 55247 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,037,400.00 | $1,571,170.58 | $31,881.20 |
| 58792 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 15,556,000.00 | $23,559,986.05 | $478,064.39 |
| 64031 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 374,500.00 | $567,190.46 | $11,509.07 |
| 59650 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,083,000.00 | $1,640,233.02 | $33,282.58 |
| 62710 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 150,000.00 | $227,179.09 | $4,609.77 |

| 50338 | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 100.00 | $151.45[1] | $3.07 |

---

[1] Solely with respect to claim 50338 and in addition to the Seventh LBHI Distribution and the BV Distribution, Seller represents and warrants to Buyer that Seller has received, either directly or indirectly from the Debtor, the following distributions: (i) on or about April 17, 2012, a distribution in the amount of $5.47, on or about October 1, 2012, a distribution in the amount of $3.69, on or about April 4, 2013, a distribution in the amount of $4.66, on or about October 3, 2013, a distribution in the amount of $5.52, on or about April 3, 2014, a distribution in the amount of $6.00, and on or about October 2, 2014, a distribution in the amount of $4.50; and (ii) Seller has received, either directly or indirectly from Lehman Brothers Treasury Co. BV, distributions on or around May 8, 2013, October 24, 2013 and April 28, 2014 in the amounts proportional to distributions made generally to holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority.

52407849_4