**HEARING DATE AND TIME**: May 10, 2016 at 10:00 a.m. (Eastern Time)
**RESPONSE DEADLINE**: May 9, 2016 at 4:00 p.m. (Eastern Time)

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Michael J. Moscato
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (SCC)
                                               :
                     Debtors.                  :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S OBJECTION TO
DEMANDS FOR POSTPETITION INTEREST RELATED TO CLAIM NO. 28308**

**PLEASE TAKE NOTICE** that on April 7, 2016, Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to demands for postpetition interest related to claim number 28308 (the "Claim Objection"), and that a hearing (the "Hearing") to consider the Claim Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 10, 2016 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Claim Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.); (iii) conflicts counsel for LBHI and certain of its affiliates, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be filed and received by no later than **May 9, 2016 at 4:00 p.m. (Eastern Time**) (the "Response Deadline").

[*Remainder of Page Left Blank Intentionally*]

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Claim Objection or any claim set forth therein, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Claim Objection, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: April 7, 2016
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:    */s/ L. P. Harrison 3rd*
        L. P. Harrison 3rd
        Michael J. Moscato
        Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**HEARING DATE AND TIME: May 10, 2016 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 9, 2016 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Michael J. Moscato
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                     :     Chapter 11 Case No.
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :     08-13555 (SCC)
                                                          :
                    Debtors.                          :     (Jointly Administered)
----------------------------------------------------------------x

### THE PLAN ADMINISTRATOR'S OBJECTION TO DEMANDS
### FOR POSTPETITION INTEREST RELATED TO CLAIM NO. 28308

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

1. The Plan Administrator files this objection and the accompanying declaration (the "Giglio Declaration") pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking to reduce and allow the demands for postpetition

interest from Lehman Brothers Commercial Corporation ("LBCC") by the holders (the "Claimants") of proof of claim number 28308 (the "Lehman Re Claim"), a non-ISDA-based Affiliate Claim originally held by Lehman Re Ltd. ("Lehman Re").[1]

2. Claimants argue that a prepetition intercompany cash-management protocol (the "GCCM") entitles them to postpetition interest on the Lehman Re Claim at a fixed interest rate of 5.37875%, based on the one-week British Pound LIBOR (the "GBP LIBOR") in effect on the date LBCC commenced its chapter 11 case. Alternatively, Claimants argue that if the GCCM does not apply, Claimants are entitled to interest at the English statutory rate of 8%.

3. Assuming, arguendo, that for purposes of the Lehman Re Claim, Claimants can rely on the GCCM as governing their right to postpetition interest, the proper interest rate under the GCCM is a **floating** rate of one-week U.S. Dollar LIBOR (the "USD LIBOR"); such floating rate averaged 0.26% over the applicable period. Claimants' alternative argument is completely without merit: if the GCCM does not apply to the Lehman Re Claim, the proper statutory rate of interest is the federal judgment rate of 1.59% in effect on the date that LBCC commenced its chapter 11 case. For the reasons set forth below, postpetition interest on the Lehman Re Claim should be calculated at 0.26%, or alternatively, at a rate no greater than 1.59%.

## JURISDICTION

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5. Beginning on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

---

[1] The Lehman Re Claim is now held by CCP Credit Acquisition Holdings, LLC, Centerbridge Special Credit Partners II, L.P., Chase Lincoln First Commercial Corp. and Recovery Partners Holdings I, LLC.

Bankruptcy Code. Specifically, on October 5, 2008, LBCC commenced its case under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.     On December 6, 2011, the Court entered an order confirming the Plan, [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates. Additionally, under section 6.1 of the Plan, the Plan Administrator is authorized, among other things, "to carry out and implement all provisions of the Plan."

7.     On February 16, 2012, Lehman Re, LBCC, and certain other parties entered into a settlement agreement resolving, among other things, a dispute between LBCC and Lehman Re over Lehman Re's asserted rights to approximately $89.9 million in cash held by LBCC (the "Lehman Re Settlement") [ECF No. 25864]. The Lehman Re Settlement also resolved disputes related to a custody agreement between Lehman Re and Lehman Brothers International (Europe) dated March 19, 1999 (the "Custody Agreement"). The Lehman Re Settlement provided for, among other things, the allowance of the Lehman Re Claim as an $87,621,000.00 unsecured Class 5C Claim in LBCC's case. On March 22, 2012, the Court entered an order approving the Lehman Re Settlement [ECF No. 27085].

8.     Section 8.13(c) of the Plan allows for claimants to receive postpetition interest on the Allowed amount of such Claims at the rate applicable in the contract or contracts upon which such Allowed Claim is based (or, absent such contractual rate, at the statutory rate). Plan § 8.13(c).

- 3 -

22818192

9. On March 24, 2015, the Court approved and entered an order establishing a bar date for demands for postpetition interest against LBCC [ECF No. 48966]. The Claimants demanded postpetition interest on the Lehman Re Claim and submitted certain documents in support of such demands.

## ARGUMENT

### I. The GCCM Requires Interest at a Floating Rate Based On USD LIBOR

10. The GCCM provides that interest accrues at a floating rate based on the one-week USD LIBOR as it was reset from time to time during LBCC's chapter 11 case – *i.e.*, an average of 0.26%. While the Claimants selectively quote from the GCCM to support their claim for a fixed rate of 5.37875%, they fail to reproduce the language that makes it clear that interest would "float" by being "reset daily," "charged daily," and calculated "on a daily basis." The GCCM states, in relevant part:

> The cost of funding the Firm's payment activity is claimed from business by charging debit interest to entities borrowing from Treasury, that is where the intercompany position is the Treasury entity's books is a debit. [*sic*] In turn credit interest is paid to entities by Treasury as an incentive to have entities return funds to the holding company.
>
> The rates at which credit and debit interest is paid are set within ALM and the default rate is the Treasury Index rate. Currently the Index rate is 1 week LIBOR flat; **reset daily** and there is no difference between credit and debit rates . . . .
>
> Interest is generally **charged daily** so that the standard period to be used in the interest calculation will be a single day or three days at the weekend.

GCCM at 144 (emphasis added). The GCCM also states that "intercompany interest" is to be calculated "**on a daily basis**." *Id*. (emphasis added).

11. Given these provisions, Claimants' assertion that they are entitled to postpetition interest at a fixed rate is misplaced. Centerbridge PPI Demand Annex at ¶ 12, Exhibit A to the Giglio Declaration; CCP Credit Acquisition Holdings PPI Demand Annex at ¶ 12, Exhibit B to

- 4 -

22818192

the Giglio Declaration; Chase Lincoln PPI Demand Questionnaire at ¶¶ 2-4, <u>Exhibit</u> C to the Giglio Declaration; Lehman Re Demand Annex at ¶ 12, <u>Exhibit D</u> to the Giglio Declaration. The GCCM provides for a floating rate of "1 week LIBOR flat; reset daily," and Claimants have no basis under the GCCM to demand a different, higher rate.

12. Claimants' argument that the appropriate LIBOR index is GBP LIBOR is equally unavailing. Claimants' argument is solely based on the fact that the funds held in the United States based LBCC account were denominated in British Pounds Sterling. However, the Lehman Re Claim was settled in United States Dollars. As such, USD LIBOR should control. Nonetheless, even assuming *arguendo* that GBP LIBOR were the applicable index, the fact remains, as demonstrated above, that the GCCM would provide for a **floating** rate, resulting in an average interest rate applicable to the Lehman Re Claim of 0.69%.

13. As demonstrated above, the proper rate of interest for the Lehman Re Claim is 0.26% based upon the Claimants' argument that the GCCM establishes a contractual rate.

## II. <u>Claimants Are Not Entitled to the English Statutory Rate of Interest</u>

14. Claimants alternatively argue, without the benefit of any authority, that if the GCCM does not apply, they are entitled to the English statutory rate of 8% because the Custody Agreement was governed by the laws of England. As a threshold matter, this argument is irrelevant because the Plan Administrator does not presently contest the applicability of the GCCM for purposes of establishing the rate of postpetition interest applicable to the Lehman Re Claims. Second, Claimants neglect to explain why a choice of law provision in the Custody Agreement, to which LBCC was never a party, would control the rate of interest in a dispute between Lehman Re and LBCC over the funds held in a LBCC account. There is no reason to believe the Custody Agreement has any application here.

15. In any event, even if a statutory rate of interest were to be applied to the Lehman Re Claim, the overwhelming weight of authority holds that the applicable statutory rate would be the federal judgment rate set forth in 28 U.S.C. § 1961(a) that was in effect on the date LBCC commenced its chapter 11 case. This rate is 1.59%. The majority of courts to consider the issue have held that the statutory rate applicable to claims for postpetition interest is the federal judgment rate, regardless of whatever rate may have been available on the claim under nonbankruptcy law. *See, e.g.*, *Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231, 1236 (9th Cir. 2002) (holding that a judgment creditor of a solvent chapter 11 debtor was entitled to postpetition interest at the federal judgment rate rather than the rate applicable under nonbankruptcy law); *Beguelin v. Volcano Vision, Inc. (In re Beguelin)*, 220 B.R. 94, 101 (B.A.P. 9th Cir. 1998) (holding that a creditor was entitled to postpetition interest on its claim to be calculated according to the federal judgment rate regardless of the rate that would apply under nonbankruptcy law); *Cadle Co. of Ohio, Inc. v. Kravitz (In re Kravitz)*, Nos. MW 00-070, MW 00-071, 2001 WL 36381905, at *3 (B.A.P. 1st Cir. BAP Feb. 16, 2001) (*per curiam*) (finding that post-judgment interest under section 726(a)(5) of the Bankruptcy Code should be paid at the federal judgment rate); *In re Wash. Mut., Inc.*, 442 B.R. 314, 358-59 (Bankr. D. Del. 2011); *In re Dow Corning Corp.*, 237 B.R. 380, 412 (Bankr. E.D. Mich. 1999) (containing extensive discussion of the reasoning underlying the use of the federal judgment rate); *In re Godsey*, 134 B.R. 865, 867 (Bankr. M.D. Tenn. 1991); *In re Gaines*, 178 B.R. 101, 106 (Bankr. W.D. Va. 1995) (stating that a solvent debtor liquidating under chapter 11 was obligated to pay postpetition interest to unsecured creditors at the federal judgment rate); *In re David Green Prop. Mgmt.*, 164 B.R. 92, 99 (Bankr. W.D. Mo. 1994); *In re Chiapetta*, 159 B.R. 152, 160, 161 (Bankr. E.D. Penn. 1993).

## RESERVATION OF RIGHTS

16.  The Plan Administrator reserves all rights to object on any other basis to the Claimants' demands for postpetition interest as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct further discovery as to the Claimants' demands for postpetition interest and any matters raised by the Claimants and to supplement this and other filings as a result thereof.

## NOTICE

17.  No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of the Claim Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Claimants; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635. The Plan Administrator submits that no other or further notice need be provided.

18.  No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

[*Remainder of Page Left Blank Intentionally*]

22818192

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court enter an order determining that the interest rate applicable to Claimants' demands for postpetition interest is 0.26% and granting such other and further relief as is just and appropriate.

Dated:   April 7, 2016
         New York, New York

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**

By:   */s/ L. P. Harrison 3rd*
       L. P. Harrison 3rd
       Michael J. Moscato
       Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                          :     **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :     **08-13555 (SCC)**
                                                               :
                            Debtors.             :     **(Jointly Administered)**
------------------------------------------------------------------x

**ORDER GRANTING THE PLAN ADMINISTRATOR'S OBJECTION TO DEMANDS
FOR POSTPETITION INTEREST RELATED TO CLAIM NO. 28308**

Upon the objection to demands for postpetition interest related to claim number 28308, dated [DATE] (the "<u>Claim Objection</u>"),[2] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to reduce and allow the Lehman Re Claim pursuant to section 502(b) the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules, all as more fully described in the Claim Objection; and due and proper notice of the Claim Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Claim Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claim Objection is granted; and it is further

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Claim Objection.

- 2 -

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the rate of interest applicable to the Lehman Re Claim is 0.26%; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

                                                            _____
                                                            UNITED STATES BANKRUPTCY JUDGE