UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re Lehman Brothers Holdings Inc.,            Case No. 08-13555 (SCC)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee: Goldman, Sachs & Co.

Name of Transferor: Cyrus Heartland, LP

Name and Address where notices to transferee should be sent:

200 West Street
New York, NY 10282-2198
Fax: (646) 769-7700
Attn: Adam Savarese and Melissa Brown
E-mail: adam.savarese@gs.com
        melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
gsd.link@gs.com
gs-sbd-admin-contacts@ny.email.gs.com

Court Claim #: <u>multiple – see Schedule 1 attached to the Agreement and Evidence of Transfer</u>

Date Claim Filed: <u>multiple</u>

Amount of Claim Transferred: <u>multiple – see "Allowed Amount in USD Being Transferrred Hereunder" column on Schedule1 attached to the Agreement and Evidence of Transfer</u>

Debtor: Lehman Brothers Holdings Inc.

Name and Address where notices to transferor should be sent:

399 Park Avenue, 39th Floor
New ork, NY 10022
212-380-5822
Attn: Svet Nikov
E-mail: snikov@cyruscapital.com

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: 4/8/2016
Transferee/Transferee's Agent

Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name.     Schedule 1–1     Error! Unkn

Error! Unknown document property name.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **CYRUS HEARTLAND, LP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **GOLDMAN SACHS & CO.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the allowed amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claim"), in Seller's right, title and interest in and to the Proofs of Claim related to the Purchased Claim as specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessors in interest (the "Proofs of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) Seller has provided to Purchaser true and correct copies of Notices of Proposed Allowed Claim Amount for the Proofs of Claim, to the extent provided to Seller by Seller's predecessors in interest, and Seller has no notice of any supplements, amendments or revisions thereto, and no action was undertaken by Seller, or to Seller's knowledge, by a predecessor in interest, with respect thereto; (h) Seller has delivered to Purchaser (x) true and correct copies of distribution notices from the Debtor to Seller's predecessors in interest that purport to set forth the distribution paid by the Debtor to Seller's predecessors in interest on account of the Transferred Claims, to the extent provided to Seller by Seller's predecessors in interest (and Seller has no notice of any supplements, amendments or revisions thereto), and (y) true and correct copies of distribution notices from the Debtor to Seller (which have not been supplemented, amended or revised) that set forth the distributions paid by the Debtor to Seller on account of the Transferred Claims; (i) Seller has received the distributions paid by the Debtor in respect of the Transferred Claims (collectively, the "LBHI Distributions") reflected in Schedule 2 attached hereto; (j) Seller has received the distributions paid by Lehman Brothers Treasury Co. B.V. ("Lehman BV") in respect of the Transferred Claims (collectively, the "BV Distributions") reflected in

919882v.5 153/05435

Schedule 2 attached hereto; (k) other than the LBHI Distributions and the BV Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims; and (l) the Agreement and Evidence of Transfer of Claim (the "Upstream EOT") that was filed with the Court on June 10, 2014 under each of the docket numbers 44623, 44625 and 44626 is the true and correct copy of the Upstream EOT.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of January 29, 2016 in respect of the Transferred Claims to Purchaser (including, without further limitation, the distribution made by the Debtor on or around March 31, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page intentionally blank.]*

919882v.5 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  8  day of April, 2016.

**CYRUS HEARTLAND, LP**

By: *[signature]*
Name: Jennifer M. Pulick
Title: Authorized Signatory

399 Park Avenue
New York, NY 10022
Attn: SNikov@cyruscapital.com

**GOLDMAN SACHS & CO.**

By: _____
Name:
Title:

200 West Street
New York, NY 10282-2198
Fax:    (646) 769-7700
Attn:   Thomas Tormey and Melissa Brown
E-mail: thomas.tormey@gs.com
        melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
        gsd.link@gs.com
        gs-sbd-admin-contacts@ny.email.gs.com

919882v.5 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  8  day of April, 2016.

| CYRUS HEARTLAND, LP | GOLDMAN SACHS & CO. |
|---|---|
| By:_____ | By:_____ |
| Name: | Name: Adam Savarese |
| Title: | Title: Managing Director |
| 399 Park Avenue | 200 West Street |
| New York, NY 10022 | New York, NY 10282-2198 |
| Attn: SNikov@cyruscapital.com | Fax: (646) 769-7700 |
| | Attn: Thomas Tormey and Melissa Brown |
| | E-mail: thomas.tormey@gs.com |
| | melissa.v.brown@gs.com |
| | With copies to: |
| | E-mail: ficc-ny-closers@gs.com |
| | gsd.link@gs.com |
| | gs-sbd-admin-contacts@ny.email.gs.com |

919882v.5 153/05435

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim consists of the Allowed Amounts in U.S. Dollars of the Securities under the Proofs of Claim set forth below.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim Number | Principal/Notional Amount of Security Purchased | Allowed Amount in USD Being Transferred Hereunder |
|---|---|---|---|---|---|
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 56209 | EUR 684,000.00 | $820,214.64 |
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 56210 | EUR 14,857,000.00 | $17,762,628.19 |
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 56211 | EUR 40,000.00 | $0.00 |
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 209,000.00 | $249,909.41 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62813 | USD $1,357,000.00 | $1,276,163.19 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62814 | USD $740,000.00 | $695,918.02 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62815 | USD $5,609,000.00 | $5,274,870.54 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62816 | USD $100,000.00 | $94,042.98 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62818 | USD $1,492,000.00 | $1,403,121.21 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62820 | USD $100,000.00 | $94,042.98 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62821 | USD $602,000.00 | $566,138.72 |
| CH0027120622 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | USD $450,000.00 | $450,000.00 |
| XS0256934000 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 300,000.00 | $425,731.73 |
| XS0306179168 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | CHF 350,025.00 | $355,104.08 |
| XS0358176468 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 200,000.00 | $290,318.26 |
| XS0295698947 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 200,000.00 | $283,821.15 |

919882v.5 153/05435

Schedule 2

LBHI Distributions Received by Seller

| ISIN/CUSIP | Proof of Claim Number | Claim Amount (USD) | First Distribution (USD) April 17, 2012 | Second Distribution (USD) October 1, 2012 | Third Distribution (USD) April 4, 2013 | Fourth Distribution (USD) October 3, 2013 |
|---|---|---|---|---|---|---|
| XS0276619805 | 56209 | $820,214.64 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0276619805 | 56210 | $17,762,628.19 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0276619805 | 59233 | $249,909.41 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62813 | $1,276,163.19 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62814 | $695,918.02 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62815 | $5,274,870.54 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62816 | $94,042.98 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62818 | $1,403,121.21 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62820 | $94,042.98 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256257907 | 62821 | $566,138.72 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| CH0027120622 | 59233 | $450,000.00 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0256934000 | 59233 | $425,731.73 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0306179168 | 59233 | $355,104.08 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0358176468 | 59233 | $290,318.26 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |
| XS0295698947 | 59233 | $283,821.15 | Not received by Seller | Not received by Seller | Not received by Seller | Not received by Seller |

| ISIN/CUSIP | Proof of Claim Number | Claim Amount (USD) | Fifth Distribution (USD) April 3, 2014 | Sixth Distribution (USD) October 2, 2014 | Seventh Distribution (USD) April 2, 2015 | Eighth Distribution (USD) October 1, 2015 |
|---|---|---|---|---|---|---|
| XS0276619805 | 56209 | $820,214.64 | Not received by Seller | $24,387.85 | $16,643.23 | $12,694.10 |
| XS0276619805 | 56210 | $17,762,628.19 | Not received by Seller | $528,145.96 | $360,428.04 | $274,905.23 |
| XS0276619805 | 59233 | $249,909.41 | Not received by Seller | $7,430.65 | $5,070.95 | $3,867.71 |
| XS0256257907 | 62813 | $1,276,163.19 | $50,559.49 | $37,944.86 | $25,895.09 | $19,750.67 |
| XS0256257907 | 62814 | $695,918.02 | $27,571.13 | $20,692.11 | $14,121.13 | $10,770.45 |
| XS0256257907 | 62815 | $5,274,870.54 | $208,981.72 | $156,840.62 | $107,034.34 | $81,637.11 |
| XS0256257907 | 62816 | $94,042.98 | $3,725.83 | $2,796.23 | $1,908.26 | $1,455.46 |
| XS0256257907 | 62818 | $1,403,121.21 | $55,589.36 | $41,719.77 | $28,471.25 | $21,715.55 |
| XS0256257907 | 62820 | $94,042.98 | $3,725.83 | $2,796.23 | $1,908.26 | $1,455.46 |
| XS0256257907 | 62821 | $566,138.72 | $22,429.49 | $16,833.31 | $11,487.73 | $8,761.90 |
| CH0027120622 | 59233 | $450,000.00 | $17,828.26 | $13,380.09 | $9,131.12 | $6,964.47 |
| XS0256934000 | 59233 | $425,731.73 | $16,866.79 | $12,658.51 | $8,638.68 | $6,588.88 |
| XS0306179168 | 59233 | $355,104.08 | $14,068.64 | $10,558.50 | $7,205.54 | $5,495.80 |
| XS0358176468 | 59233 | $290,318.26 | $11,501.93 | $8,632.19 | $5,890.95 | $4,493.14 |
| XS0295698947 | 59233 | $283,821.15 | $11,244.52 | $8,439.01 | $5,759.11 | $4,392.58 |

919882v.5 153/05435

| ISIN/CUSIP | Proof of Claim Number | Claim Amount (USD) | Ninth Distribution (USD) March 31, 2016 |
|---|---|---|---|
| XS0276619805 | 56209 | $820,214.64 | $3,522.71 |
| XS0276619805 | 56210 | $17,762,628.19 | $76,286.72 |
| XS0276619805 | 59233 | $249,909.41 | $1,073.27 |
| XS0256257907 | 62813 | $1,276,163.19 | $5,480.85 |
| XS0256257907 | 62814 | $695,918.02 | $2,988.82 |
| XS0256257907 | 62815 | $5,274,870.54 | $22,654.46 |
| XS0256257907 | 62816 | $94,042.98 | $403.89 |
| XS0256257907 | 62818 | $1,403,121.21 | $6,026.11 |
| XS0256257907 | 62820 | $94,042.98 | $403.89 |
| XS0256257907 | 62821 | $566,138.72 | $2,431.44 |
| CH0027120622 | 59233 | $450,000.00 | $1,932.65 |
| XS0256934000 | 59233 | $425,731.73 | $1,828.42 |
| XS0306179168 | 59233 | $355,104.08 | $1,525.09 |
| XS0358176468 | 59233 | $290,318.26 | $1,246.85 |
| XS0295698947 | 59233 | $283,821.15 | $1,218.95 |

Lehman BV Distributions Received by Seller

| ISIN/CUSIP | Claim Amount Notional (local) | First Distribution May 8, 2013 | Second Distribution October 24, 2013 | Third Distribution April 28, 2014 | Fourth Distribution October 2, 2014 |
|---|---|---|---|---|---|
| XS0276619805 | EUR 15,790,000 | Not received by Seller | EUR 341,900.87 | EUR 367,471.20 | EUR 303,810.65 |
| XS0256257907 | USD 10,000,000 | Not received by Seller | Not received by Seller | USD $556,136.00 | USD $425,931.00 |
| CH0027120622 | USD 450,000 | Not received by Seller | Not received by Seller | USD $22,806.68 | USD $17,467.07 |
| XS0256934000 | EUR 300,000 | Not received by Seller | Not received by Seller | EUR 15,285.03 | EUR 12,637.05 |
| XS0306179168 | CHF 350,025 | Not received by Seller | Not received by Seller | CHF 15,235.19 | CHF 12,436.42 |
| XS0358176468 | EUR 200,000 | Not received by Seller | Not received by Seller | EUR 10,631.72 | EUR 8,790.00 |
| XS0295698947 | EUR 200,000 | Not received by Seller | Not received by Seller | EUR 9,280.20 | EUR 7,672.52 |

| ISIN/CUSIP | Claim Amount Notional (local) | Fifth Distribution April 27, 2015 | Sixth Distribution October 29, 2015 |
|---|---|---|---|
| XS0276619805 | EUR 15,790,000 | EUR 243,398.11 | EUR 177,095.29 |
| XS0256257907 | USD 10,000,000 | USD 286,794.00 | USD $220,578.61 |
| CH0027120622 | USD 450,000 | USD 11,761.20 | USD $9,045.00 |
| XS0256934000 | EUR 300,000 | EUR 10,124.16 | EUR 7,366.30 |
| XS0306179168 | CHF 350,025 | CHF 8,466.16 | CHF 6,527.84 |
| XS0358176468 | EUR 200,000 | EUR 7,042.02 | EUR 5,123.74 |
| XS0295698947 | EUR 200,000 | EUR 6,146.82 | EUR 4,472.41 |

919882v.5 153/05435