<u>United States Bankruptcy Court</u>
<u>Southern District of New York</u>

In re <u>Lehman Brothers Holdings Inc., et al.</u>,                Case No. <u>08-13555 (SCC)</u>

(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>BKM Holdings (Cayman) Ltd.</u>                <u>Goldman Sachs & Co.</u>
Name of Transferee                              Name of Transferor

                                                Court Claim #: <u>multiple; see attached schedule</u>
                                                Claim Amount: <u>see attached schedule</u>

Name and Address where notices to Transferee
should be sent:

BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, NY 10022
Attn.: Jennifer Donovan
Telephone: (212) 446-4018
Email: jdonovan@dkpartners.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By: Midtown Acquisitions LP, its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By: _____                       Date: __April 18, 2016__
Name: __Avram Friedman__
Title: __Manager__

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

KL2 2949204.2

## Schedule

| ISIN/CUSIP | Proof of Claim Number | Allowed Claim Amount |
|---|---|---|
| XS0276619805 | 56209 | $820,214.64 |
| XS0276619805 | 56210 | $17,762,628.19 |
| XS0276619805 | 56211 | $0.00 |
| XS0276619805 | 59233 | $249,909.41 |
| XS0256257907 | 62813 | $1,276,163.19 |
| XS0256257907 | 62814 | $695,918.02 |
| XS0256257907 | 62815 | $5,274,870.54 |
| XS0256257907 | 62816 | $94,042.98 |
| XS0256257907 | 62818 | $1,403,121.21 |
| XS0256257907 | 62820 | $94,042.98 |
| XS0256257907 | 62821 | $566,138.72 |
| CH0027120622 | 59233 | $450,000.00 |
| XS0256934000 | 59233 | $425,731.73 |
| XS0306179168 | 59233 | $355,104.08 |
| XS0358176468 | 59233 | $290,318.26 |
| XS0295698947 | 59233 | $283,821.15 |

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **GOLDMAN SACHS & CO.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM HOLDINGS (CAYMAN) LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the allowed amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claim"), in Seller's right, title and interest in and to the Proofs of Claim related to the Purchased Claim as specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessors in interest (the "Proofs of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) Seller has provided to Purchaser copies of Notices of Proposed Allowed Claim Amount for the Proofs of Claim, to the extent provided to Seller by Seller's predecessors in interest (and, to Seller's knowledge, there have been no supplements, amendments or revisions thereto), and no action was undertaken by Seller, or to Seller's knowledge, by a predecessor in interest, with respect thereto; (h) Seller has delivered to Purchaser copies of distribution notices from the Debtor to Seller's predecessors in interest concerning Debtor's distributions on account of the Transferred Claims, to the extent provided to Seller by Seller's predecessors in interest (and, to Seller's knowledge, there have been no supplements, amendments or revisions thereto); and (i) Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the

920006v.6 153/05435

Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of January 29, 2016 in respect of the Transferred Claims to Purchaser (including, without further limitation, the distribution made by the Debtor on or around March 31, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page intentionally blank.]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this day of _April 15_, 2016.

BKM Holdings (Cayman) Ltd.
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____
Name: Avram Friedman
Title: Manager

Address:
BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

GOLDMAN SACHS & CO.

By: _____
Name:
Title:

Address:
200 West Street
New York, NY 10282-2198
Fax:   (646) 769-7700
Attn:  Thomas Tormey and Melissa Brown
E-mail: thomas.tormey@gs.com
         melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
         gsd.link@gs.com
         gs-sbd-admin-contacts@ny.email.gs.com

920006v.6 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this day of _____April 15_____, 2016.

BKM Holdings (Cayman) Ltd.
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By:_____
Name:
Title:

Address:
BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

GOLDMAN SACHS & CO.

By:_____
Name: Adam Savarese
Title: Managing Director

Address:
200 West Street
New York, NY 10282-2198
Fax:     (646) 769-7700
Attn:   Thomas Tormey and Melissa Brown
E-mail: thomas.tormey@gs.com
         melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
         gsd.link@gs.com
         gs-sbd-admin-contacts@ny.email.gs.com

920006v.6 153/05435

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim consists of the Allowed Amounts in U.S. Dollars of the Securities under the Proofs of Claim set forth below.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim Number | Principal/Notional Amount of Security Purchased | Allowed Amount in USD Being Transferred Hereunder |
|---|---|---|---|---|---|
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 56209 | EUR 684,000.00 | $820,214.64 |
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 56210 | EUR 14,857,000.00 | $17,762,628.19 |
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 56211 | EUR 40,000.00 | $0.00 |
| XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 209,000.00 | $249,909.41 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62813 | USD $1,357,000.00 | $1,276,163.19 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62814 | USD $740,000.00 | $695,918.02 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62815 | USD $5,609,000.00 | $5,274,870.54 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62816 | USD $100,000.00 | $94,042.98 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62818 | USD $1,492,000.00 | $1,403,121.21 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62820 | USD $100,000.00 | $94,042.98 |
| XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62821 | USD $602,000.00 | $566,138.72 |
| CH0027120622 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | USD $450,000.00 | $450,000.00 |
| XS0256934000 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 300,000.00 | $425,731.73 |
| XS0306179168 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | CHF 350,025.00 | $355,104.08 |
| XS0358176468 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 200,000.00 | $290,318.26 |
| XS0295698947 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59233 | EUR 200,000.00 | $283,821.15 |

920006v.6 153/05435