# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., et al.        Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Knighthead Annuity & Life Assurance Company | Deutsche Bank AG, London Branch |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Knighthead Annuity & Life Assurance Company
  c/o Knighthead Capital Management, LLC
  1140 Avenue of the Americas, 12th Floor
  New York, NY  10036
  Attention: Laura L. Torrado
  Telephone: +1 (212) 356-2914
  Fax:      212-356-3933
  Email: ltorrado@knighthead.com

**WITH A COPY TO Northern Trust Hedge Fund Services at:**
HFS_Bank_Debt_Ops@ntrs.com
Facsimile: 312-267-3698

Last Four Digits of Acct. #:

Court Claim # (if known): 41195

Amount of Claims Transferred: $2,705,969.20, plus all accrued interest, fees and recoveries due thereon

Phone:
Last Four Digits of Acct. #:

I declare under **penalty** of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Knighthead Annuity & Life Assurance Company
By: Knighthead Capital Management, LLC,
its Investment Advisor

By: _____        Date: 4/20/16
Name:
Title:  Laura Torrado
        Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

463-318/COURT/4957351.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., et al.          Case No. 08-13555 (SCC) (Jointly Administered)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 41195 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on         .

| **Deutsche Bank AG, London Branch**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br><br>Deutsche Bank AG, London Branch<br>London EC2N 2DB<br>England | **Knighthead Annuity & Life Assurance Company**<br>Name of Transferee<br><br>Address of Transferee:<br><br>Knighthead Annuity & Life Assurance Company<br>  c/o Knighthead Capital Management, LLC<br>  1140 Avenue of the Americas, 12th Floor<br>  New York, NY 10036<br>  Attention: Laura L. Torrado<br>  Telephone: +1 (212) 356-2914<br>  Fax:    212-356-3933<br>  Email: ltorrado@knighthead.com |
|---|---|

### DEADLINE TO OBJECT TO TRANSFER

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                  CLERK OF THE COURT

463-318/COURT/4957351.1

*PARTIAL Transfer of LBHI Claim # 41195*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **KNIGHTHEAD ANNUITY & LIFE ASSURANCE COMPANY** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage and amount (the "Purchased Portion") specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 41195 filed by or on behalf of any of Seller's predecessors-in-title (a copy of which is attached at Schedule 4 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), as guarantor of the Purchased Security (as defined below), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding allowed LBHI Class 5 Senior Third Party Guarantee Claims; (g) on or about the dates set forth in Schedule 2, Seller or any of Seller's predecessors-in-title or any of such predecessors-in-title's affiliates received the distributions in the amounts set forth in Schedule 2 relating to the Transferred Claims (the "Claim Distributions"); (h) on or about the dates set forth in Schedule 3, Seller or any of Seller's predecessors-in-title or any of such predecessors-in-title's affiliates received the distributions in the amounts set forth in Schedule 3 relating to the Purchased Securities (the "Security Distributions"); and (i) no distributions have been received by Seller in respect of the Transferred Claims or the Purchased Securities other than the Claim Distributions and the Security Distributions.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

*DB Ref: 16638(1)*                Confidential

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days after the date hereof) remit to Purchaser any payments, distributions or proceeds in respect of the Transferred Claims which were received by Seller from 27 February 2015 onwards. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2_5 day of *Apr* 2016.

DEUTSCHE BANK AG, LONDON BRANCH

By: _____
Name:
Title: **Alex Darbyshire**
**Vice President**

By: _____
Name:
Title: **Duncan Roberts**
**Managing Director**

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

KNIGHTHEAD ANNUITY & LIFE ASSURANCE COMPANY

By: Knighthead Capital Management, L.L.
Its Investment Advisor

By: _____
Name: Laura Torrado
Title: Authorized Signatory

By: _____N/A_____
Name:
Title:

Knighthead Annuity & Life Assurance Company
c/o Knighthead Capital Management, LLC
1140 Avenue of the Americas, 12th Floor
New York, NY 10036
Attention: Michael Friedberg
Telephone: 212-356-2919
Fax:        212-356-3921
Email: ops@knighthead.com

WITH A COPY TO Northern Trust Hedge Fund Services at:
HFS_Bank_Debt_Ops@ntrs.com
Facsimile: 312-267-3698

*DB Ref: 16638(1)*

Confidential

Schedule 1

Transferred Claims

Purchased Portion

53.6000% of that claim that is referenced in line item number 6 of the Proof of Claim (as highlighted in the copy of the Proof of Claim attached at Schedule 2 hereto), all of which relates to the Purchase Security described below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | Maturity |
|---|---|---|---|---|---|---|---|
| MTN9724 | XS0343872734 | 9554889 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $2,680,000.00 | $2,705,969.20 | 2/7/2018 |

ConfidentialSchedule 1-1

DB Ref: 16638(1)

Schedule 2

Claim Distributions

| ISIN/CUSIP | POC # | USD Allowed Amount | 17/4/12 | 1/10/12 | 4/4/13 | 3/10/13 | 3/4/14 | 2/10/14 | 2/4/15 | 2/10/15 | 31/3/16 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0343872734 | 41195 | $2,705,969.20 | $97,664.63 | $65,906.02 | $83,244.14 | $98,695.27 | $107,206.06 | $80,458.07 | $54,907.82 | $41,879.23 | $11,621.56 |

ConfidentialSchedule 1–1

*DB Ref: 16638(1)*

Security Distributions

Schedule 3

| ISIN/CUSIP | POC # | Principal/Notional Amount | 8/5/13 | 24/10/13 | 28/4/14 | 28/10/14 | 28/4/15 | 30/10/15 |
|---|---|---|---|---|---|---|---|---|
| XS0343872734 | 41195 | $2,680,000.00 | $361,224.85 | $147,003.36 | $159,165.20 | $121,899.80 | $82,080.36 | $63,130.08 |

Confidential

*DB Ref: 16638(1)*

Schedule 4

Copy of Proof of Claim 41195

Confidential

*DB Ref: 166.38(1)*