K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901
Lani A. Adler

COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
George Hofmann

*Attorneys for iFreedom Direct Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | |
| Debtors. | Case No. 08-13555 (SCC) |

**DECLARATION OF KEVIN GATES IN SUPPORT OF iFREEDOM DIRECT
CORPORATION'S OBJECTION TO MOTION OF LEHMAN BROTHERS HOLDINGS
INC. TO ENFORCE THE AUTOMATIC STAY, THE PLAN, AND THE
CONFIRMATION ORDER AGAINST iFREEDOM DIRECT CORPORATION AND
SECURITYNATIONAL MORTGAGE COMPANY**

Kevin Gates hereby declares the following under penalty of perjury pursuant to 28 U.S.C.

§ 1746:

1.    I am the President, Chief Executive Officer, and sole shareholder of iFreedom

Direct Corporation, formerly known as New Freedom Mortgage Corporation. I am over the age

of eighteen (18) years, familiar with the contents of this Declaration, and competent to testify as

to the matters set forth herein. I make this Declaration on my own personal knowledge or based

{00276964.DOC / 3}                                    -1-

upon my review of iFreedom's records.

2.      On or about July 8, 2004, iFreedom and Lehman Brothers Bank ("LBB") executed a Loan Purchase Agreement ("LPA") pursuant to which iFreedom would sell existing mortgage loans to LBB.

3.      On or about July 9, 2004, iFreedom and LBB executed a Broker Agreement (the "Broker Agreement"), and pursuant to the Broker Agreement iFreedom sent four residential mortgage loan applications to LBB – which LBB subsequently processed, underwrote, closed, and funded.  iFreedom never owned or held any beneficial interest in these four loans.  A copy of the Broker Agreement is attached as Exhibit A.

4.      iFreedom is, and was at all times, a Utah corporation with its principal place of business located in Salt Lake City, Utah.  The six mortgage loans at issue related to borrowers in Utah, Arizona, California and Texas; the loans were secured by real property located in Utah, Arizona, Texas and Florida; were originated in branch or broker's offices in Utah or Arizona; and were directed to LBB through iFreedom's headquarters in Utah.  The loans were closed in late 2005 to mid-2006.  The individuals involved in processing these loans and in overseeing the relationships with LBB are in Utah and Arizona.  Many of these individuals are no longer employed by iFreedom, and therefore are not subject to compulsory process in New York.  The dispute between LBHI and iFreedom has no nexus at all with this Court, other than the happenstance of LBHI's filing of a Chapter 11 petition in this Court in 2008.

5.      iFreedom did file a proof of claim in LBHI's bankruptcy case (attached as Exhibit B).  That proof of claim had nothing whatsoever to do with the loans at issue in this case.  Indeed, the proof of claim pertains to unrelated loans in a pool of loans sold by LBHI to

{00276964.DOC / 3}                                -2-

iFreedom, and then by iFreedom to Wells Fargo, and iFreedom has received distributions from LBHI on account of this claim.

6.      In late 2014, many years after the six loans at issue closed, iFreedom received ADR demand letters for payment of over a million dollars to LBHI related to these six loans.  No actions were filed.  Before receiving these demand letters in late 2014, iFreedom had no idea that LBHI would assert claims against iFreedom related to these six loans.

7.      In an attempt to resolve their differences, the parties attempted mediation in September 2015 pursuant to this Court's ADR procedures.  The mediation failed.

8.      Three months later, in December 2015 iFreedom filed five separate complaints against LBHI in the United States District Court for the District of Utah (the "Utah District Court") to determine that LBHI's claims against iFreedom were precluded by applicable statutes of limitation, and also to determine that iFreedom had no contractual or other obligation to indemnify LBHI with respect to these six loans. Through the complaints iFreedom requests only declaratory relief; it does not seek a money judgment against LBHI.

9.      Subsequently, those five cases were consolidated by the Utah District Court into a single dispute (the "Utah Case").  There is presently a pending motion by LBHI in the consolidated Utah Case to stay that case in favor of the later-filed New York case against iFreedom.  That motion to stay is fully briefed and ready for decision by the Utah District Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of April 2016.

_____
Kevin Gates