United States Bankruptcy Court
Southern District of New York

In re Lehman Brothers Holdings Inc., et al.,          Case No. 08-13555 (SCC)

                                                                      (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

BKM Holdings (Cayman) Ltd.                     Credit Suisse Securities (USA) LLC
Name of Transferee                                  Name of Transferor

                                                                 Court Claim #: multiple; see attached schedule
                                                                  Claim Amount: see attached schedule

Name and Address where notices to Transferee
should be sent:

BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, NY 10022
Attn.: Jennifer Donovan
Telephone: (212) 446-4018
Email: jdonovan@dkpartners.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By: Midtown Acquisitions LP, its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By: _____                   Date: April 25, 2016
Name: Anthony Yoseloff
Title: Manager

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

KL2 2949767.1

## Schedule 1

| ISIN/CUSIP | Proof of Claim No. | Allowed Claim Amount |
|---|---|---|
| XS0225326858 | 55809 | $5,949,924.64 |
| XS0301705041 | 55809 | $14,191,057.71 |
| XS0339944943 | 55809 | $16,900,000.00 |
| XS0342751905 | 55809 | $25,390,842.06 |
| XS0349857317 | 55829 | $670,000.00 |
| XS0246082043 | 55829 | $971,047.61 |
| XS0204933997 | 55829 | $842,150.37 |
| XS0262353831 | 55829 | $1,201,725.13 |
| XS0336151088 | 55829 | $1,573,788.30 |
| XS0322153270 | 55829 | $2,777,820.89 |
| XS0234123650 | 55829 | $2,856,691.49 |
| XS0326086716 | 55829 | $316,914.85 |
| XS0326086716 | 55829 | $4,690,886.18 |
| XS0326086716 | 55829 | $721,254.48 |
| XS0251180906 | 55829 | $9,441,588.05 |
| XS0248620899 | 55829 | $11,390,492.92 |
| XS0326086716 | 55829 | $1,402,439.28 |
| XS0181945972 | 56715 | $58,102,528.18 |
| XS0272545434 | 59154 | $1,793,297.56 |
| XS0286894380 | 59154 | $1,800,700.00 |
| XS0186883798 | 64079 | $256,000.00 |
| XS0186883798 | 64080 | $2,252,000.00 |
| XS0137335468 | 66572 | $1,000,000.00 |

Execution Version

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIMS
## LEHMAN PROGRAM SECURITIES

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Credit Suisse Securities (USA) LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof: (a) an undivided interest, to the extent of the **amounts** specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor and debtor-in-possession (together with each of its affiliated debtors and-debtors in possession, the "Debtors") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC); (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to such Purchased Claims; (c) the securities (the "Purchased Securities") issued by Lehman Brothers Treasury Co. B.V. ("LBT") relating to the Purchased Claims, the International Securities Identification Numbers for which are specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

Notwithstanding anything to the contrary set forth herein and for the avoidance of doubt, and without prejudicing or limiting any right of Purchaser (or Purchaser's successors and assigns) to assert any cause of action, including without limitation any cause of action for breach of representation, against Seller or any third party (including any prior seller), all of which right shall remain retained by Purchaser or its successors and assigns, as applicable, Purchaser acknowledges and agrees that Seller hereby expressly reserves and retains all rights of indemnification against all prior sellers arising under common law or based on any and all representations, warranties, covenants and agreements previously made to Seller or for Seller's benefit in connection with Seller's acquisition of the Transferred Claims for any losses which may result from Purchaser (and/or its successors and assigns) seeking to assert and/or to enforce against Seller any representation, warranty, covenant or agreement made by Seller in connection with Purchaser's acquisition of any of the Transferred Claims, it being understood and agreed that Seller may only assert said rights in response to, and only to the extent of, Purchaser's assertion of its rights against Seller, and may do so by impleading such third party (including any prior seller) in any action or proceeding brought against Seller, or through a plenary action initiated by Seller against said third party (including any prior seller).

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were filed timely in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Securities specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less

NYC:357147.3

favorable treatment than other unsecured creditors; (g) to the extent, and in the form received from (as applicable) the Debtor or Seller's predecessor in interest, Seller has delivered to Purchaser true and correct copies of the Notices of Proposed Allowed Claim Amount which relate to the Proofs of Claim (the "Notices") (which have not been supplemented, amended or revised), and no action was undertaken by Seller with respect to the Notices; (h) Seller has delivered to Purchaser true and correct copies of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) in connection with the LBHI Distributions (as defined below) on account of the Transferred Claims (except for the first, second, third, and fourth LBHI Distributions delivered on Claim Nos. 64079.00 and 64080.00); (i) except as provided in clause (j), Seller or its predecessor in interest has received the first, second, third, fourth, fifth, sixth, seventh, and eighth distributions relating to the Transferred Claims made by the Debtors pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011, in each case, in the amounts indicated on the respective disbursement notices provided to Purchaser, including, without limitation, the distributions set forth on Schedule 2 attached hereto (collectively, the "LBHI Distributions"); (j) to the best of Seller's knowledge, the first, second, third, and fourth LBHI Distributions delivered on Claim Nos. 64079.00 and 64080.00 were in the amounts set forth on Schedule 2; (k) Seller or its predecessor in interest has received the first, second, third, fourth, fifth, and sixth distributions made by LBT pursuant to the Composition Plan of LBT, dated December 5, 2012, each in the same time, manner and amount as other holders of the Purchased Securities (collectively, the "BV Distributions"); and (l) other than the LBHI Distributions and the BV Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities since September 15, 2008 and October 8, 2008, respectively.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than the third (3rd) business day following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. For the avoidance of doubt, any distributions received by Seller on or after February 22, 2016, are for the benefit of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page left intentionally blank]*

NYC:357147.3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIMS is executed this 25th day of April, 2016.

Credit Suisse Securities (USA) LLC

By: *[signature]*
Name: Christopher S. Compock
Title: Director

Credit Suisse Securities (USA) LLC
Eleven Madison Avenue
New York, NY 10010-3629
Attn: Ashwinee Sawh
Telephone: (212) 538-2905
Email: americas.loandocs@credit-suisse.com

BKM Holdings (Cayman) Ltd.
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____
Name:
Title:

Address:
BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022

NYC:357147.3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIMS is executed this 25th day of April, 2016.

| Credit Suisse Securities (USA) LLC | BKM Holdings (Cayman) Ltd.<br>By Midtown Acquisitions L.P., its sole shareholder<br>By Midtown Acquisitions GP LLC, its general partner |
|---|---|
| By:_____<br>Name:<br>Title: | By: /s/ [signature]<br>Name: Anthony Yoseloff<br>Title: Manager |
| Credit Suisse Securities (USA) LLC<br>Eleven Madison Avenue<br>New York, NY 10010-3629<br>Attn: Ashwinee Sawh<br>Telephone: (212) 538-2905<br>Email: americas.loandocs@credit-suisse.com | Address:<br>BKM Holdings (Cayman) Ltd.<br>c/o Davidson Kempner Capital Management<br>520 Madison Avenue, 30th Floor<br>New York, New York 10022 |

NYC:357147.3

Schedule 1

Transferred Claims

Purchased Security Description:

|  | ISIN | Issuer | Guarantor | Notional Amount Transferred | Proof of Claim No. | Allowed Claim Amount |
|---|---|---|---|---|---|---|
| 1. | XS0349857317 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $670,000 | 55829.01 | $670,000.00 |
| 2. | XS0246082043 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €676,000 | 55829.01 | $971,047.61 |
| 3. | XS0204933997 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $827,000 | 55829.01 | $842,150.37 |
| 4. | XS0262353831 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €846,000 | 55829.01 | $1,201,725.13 |
| 5. | XS0272545434 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | £1,000,000 | 59154.01 | $1,793,297.56 |
| 6. | XS0286894380 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | £1,000,000 | 59154.03 | $1,800,700.00 |
| 7. | XS0137335468 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,000,000 | 66572.01 | $1,000,000.00 |
| 8. | XS0336151088 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €1,109,000 | 55829.01 | $1,573,788.30 |
| 9. | XS0186883798 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,508,000 | 64079 | $256,000.00 |
| 10. | XS0186883798 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. |  | 64080 | $2,252,000.00 |
| 11. | XS0322153270 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 3,114,000 | 55829.01 | $2,777,820.89 |

Schedule 1-1

NYC:357147.3

| # | ISIN | Issuer | Guarantor | Amount | Code | USD Value |
|---|---|---|---|---|---|---|
| 12. | XS0234123650 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 3,196,000 | 55829.01 | $2,856,691.49 |
| 13. | XS0225326858 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 6,670,000 | 55809.01 | $5,949,924.64 |
| 14. | XS0326086716 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 7,881,000 | 55829.45 | $316,914.85 |
| 15. | XS0326086716 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | 55829.52 | $1,402,439.28 |
| 16. | XS0326086716 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | 55829.53 | $4,690,886.18 |
| 17. | XS0326086716 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | 55829.54 | $721,254.48 |
| 18. | XS0301705041 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €10,000,000 | 55809.01 | $14,191,057.71 |
| 19. | XS0251180906 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 10,069,000 | 55829.01 | $9,441,588.05 |
| 20. | XS0248620899 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 12,769,000 | 55829.01 | $11,390,492.92 |
| 21. | XS0339944943 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $16,900,000 | 55809.01 | $16,900,000.00 |
| 22. | XS0342751905 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $25,000,000 | 55809.01 | $25,390,842.06 |
| 23. | XS0181945972 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €40,000,000 | 56715.03 | $58,102,528.18 |

NYC:357147.3

Schedule 2

Certain LBHI Distributions Received by Seller or a predecessor in interest

| ISIN/CUSIP | Proof of Claim No. | Claim Amount | First Distribution April 17, 2012 | Second Distribution October 1, 2012 | Third Distribution April 4, 2013 | Fourth Distribution October 3, 2013 | Fifth Distribution April 3, 2014 | Sixth Distribution October 2, 2014 |
|---|---|---|---|---|---|---|---|---|
| XS0186883798 | 64079.00 | $256,000.00 | $9,239.63 | $6,235.08 | $7,875.37 | $9,337.13 | $10,142.30 | $7,611.79 |
| XS0186883798 | 64080.00 | $2,252,000.00 | $81,279.84 | $54,849.24 | $69,278.61 | $82,137.58 | $89,220.55 | $66,959.95 |

NYC:357147.3