Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,                    Case No. 08-13555 (SCC)
                                                               **(Jointly Administered)**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Name of Transferee</u>                                      <u>Name of Transferor</u>

Deutsche Bank AG, London Branch                               The Värde Fund V-B, L.P.

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch                  Court Claim # and Date Claim Filed:
Winchester House, 1 Great Winchester Street
London EC2N 2DB                                  (i)     44569 – October 23, 2009
Tel: +44 20 7547 2400                            (ii)    44605 – October 23, 2009
Fax: +44 113 336 2010                            (iii)   62819 – November 02, 2009
Attention: Michael Sutton                        (iv)    62819 – November 02, 2009
E-mail: Michael.sutton@db.com


Amount of Claim (transferred):

(i)     EUR 12,000.00  in principal amount of ISIN
        CH0027120689 (plus all interest, costs and
        fees relating to this claim)
(ii)    EUR 13,000.00 in principal amount of ISIN
        XS0302350888 (plus all interest, costs and
        fees relating to this claim)
(iii)   EUR 3,000.00 in principal amount of ISIN
        CH0043088647 (plus all interest, costs and
        fees relating to this claim)
(iv)    USD 5,000.00 in principal amount of ISIN
        CH0043088654 (plus all interest, costs and
        fees relating to this claim)


Tel: N/A

Last Four Digits of Acct. #:  N/A              Last Four Digits of Acct. #:  N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: _27 APRIL 2016_____

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*PROGRAM SECURITY*

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, The Värde Fund V-B, L.P. ("<u>Seller</u>") hereby unconditionally sells, transfers and assigns to Deutsche Bank AG, London Branch (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in <u>Schedule 1</u> hereto, in Seller's right, title and interest in and to the Proof of Claim Numbers set forth on <u>Schedule 1</u> filed by or on behalf of Seller or any of Seller's predecessors-in-title (copies of which are attached at Schedule 4 hereto) (the "<u>Proofs of Claim</u>") as is specified in <u>Schedule 1</u> hereto (the "<u>Purchased Portion</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such securities, the "<u>Purchased Securities</u>") relating to the Purchased Portion and specified in <u>Schedule 1</u> attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims, Purchased Securities or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Portion specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are Class 5 claims against the Debtor in the Proceedings; (h) on or around the dates set forth on <u>Schedule 2</u>, Seller received the distributions in the amounts set forth on <u>Schedule 2</u> relating to the Transferred Claims; (i) on or about the dates set forth on <u>Schedule 3</u>, Seller received the distributions in the amounts set forth on <u>Schedule 3</u> made by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims; and (j) other than the distributions set out in <u>Schedule 2</u> and <u>Schedule 3</u>, Seller has not received any other distributions in respect of the Transferred Claims or the Purchased Securities.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

DB Ref: [ ]

Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after May 7, 2015 in respect of the Transferred Claims or the Purchased Securities to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27th day of April 2016.

**THE VÄRDE FUND V-B, L.P.**
By Värde Fund V GP, LLC, Its General Partner
By Värde Partners, L.P., Its Managing Member
By Värde Partners, Inc., Its General Partner

By: _____
Name: _____Matt Mach_____
Title: ___Managing Director___

Address:
901 Marquette Ave S. Suite 3300
Minneapolis, MN 55402
Attn: Edwina Steffer
Email: esteffer@varde.com

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name: _____
Title:

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

Schedule 1

Transferred Claims

Lehman Programs Securities and Purchased Portion to which Transfer Relates

| ISIN / CUSIP | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|
| CH0027120689 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 12,000.00 | EUR | 44569 | 17,029.26 |
| XS0302350888 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 13,000.00 | EUR | 44605 | 18,508.71 |
| CH0043088647 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 3,000.00 | EUR | 62819 | 3,965.73 |
| CH0043088654 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 5,000.00 | USD | 62819 | 4,687.14 |

Schedule 1-1

DB Ref: [ ]

Schedule 2

## LBHI DISTRIBUTIONS

| ISIN / CUSIP | POC # | USD Allowed Amount | 17-Apr-12 | 1-Oct-12 | 4-Apr-13 | 3-Oct-13 | 3-Apr-14 | 2-Oct-14 | 2-Apr-15 | 2-Oct-15 | 31-Mar-16 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CH0027120689 | 44569 | 17,029.26 | 614.62 | 414.76 | 523.87 | 621.11 | 674.67 | 506.34 | 345.54 | 263.55 | 73.13 |
| XS0302350888 | 44605 | 18,508.71 | 668.02 | 450.79 | 569.38 | 675.07 | 733.28 | 550.32 | 375.56 | 286.45 | 79.49 |
| CH0043088647 | 62819 | 3,965.73 | 143.13 | 96.58 | 121.99 | 144.64 | 157.11 | 117.91 | 80.47 | 61.37 | 17.03 |
| CH0043088654 | 62819 | 4,687.14 | 169.16 | 114.15 | 144.19 | 170.95 | 185.69 | 139.36 | 95.10 | 72.54 | 20.13 |

Schedule 1-1

DB Ref: [ ]

Schedule 3

LBT DISTRIBUTIONS

| ISIN | ISIN CCY | Principal / Notional Amount | 8-May-13 | 28-Oct-13 | 28-Apr-14 | 27-Oct-14 | 28-Apr-15 | 29-Oct-15 |
|---|---|---|---|---|---|---|---|---|
| CH0027120689 | EUR | 12,000.00 | 1,419.54 | 556.12 | 597.72 | 494.17 | 395.90 | 288.00 |
| XS0302350388 | EUR | 13,000.00 | 1,578.86 | 618.54 | 664.80 | 549.63 | 440.34 | 320.39 |
| CH0043068647 | EUR | 3,000.00 | 390.00 | 152.79 | 164.22 | 135.77 | 108.77 | 79.14 |
| CH0043088654 | USD | 5,000.00 | 587.57 | 239.12 | 258.90 | 198.28 | 133.51 | 102.70 |

Schedule 4

Proofs of Claim

subject to future amendment

<table>
<tr><td>

United States Bankruptcy Court/Southern District of New York

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

In Re:
Lehman Brothers Holdings Inc., et al.,
Debtors.

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

</td><td>

**LEHMAN SECURITIES PROGRAMS
PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000044605

THIS SPACE IS FOR COURT USE ONLY

</td></tr>
</table>

| | |
|---|---|
| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Luzerner Kantonalbank AG<br>Legal & Compliance Department<br>Pilatusstrasse 12<br>CH-6002 Luzern<br>T: +41 41 206 24 86 / Mail: peter.felder@lukb.ch<br><br>Telephone number:          Email Address:<br>Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:          Email Address: | Please send all notices also to:<br>Baker & McKenzie LLP<br>att. Ira A. Reid<br>1114 Avenue of the Americas<br>New York, 10036, US<br>T: +1 212 626 4100 / Mail: ira.a.reid@bakernet.com<br><br>☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br>Filed on: _____<br><br>☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1.  Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $    3'796'997.40    (Required)        plus accrued and accruing interest to the extent permitted by agreement or by law

☒  Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.  Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0302350888        (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and other depository blocking reference number:

Blocking numbers see attachment        (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers. Euroclear Bank S.A., BE-Brussels

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

Account number 94218        (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
**FILED / RECEIVED**

OCT 2 3 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date.<br><br>2009, Oct. 23 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Baker & McKenzie LLP   Ira A. Reid |
|---|---|

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

By:  Ira A. Reid, as authorized representative and attorney-in-fact

**Attachment to Proof of Claim ISIN XS0302350888**

| Blocking Reference Number |
| --- |
| 6037671 |
| 6037674 |
| 6037709 |
| 6037710 |
| 6037711 |
| 6037712 |
| 6037713 |
| 6037714 |
| 6037715 |
| 6037716 |
| 6037717 |
| 6037718 |
| 6037719 |
| 6037720 |
| 6037722 |
| 6037723 |
| 6037725 |
| 6037728 |
| 6037731 |
| 6037734 |
| 6026458 |
| 6026457 |
| 6037871 |
| 6037872 |
| 6037873 |
| 6037874 |
| 6037875 |
| 6037876 |
| 6037877 |
| 6037878 |
| 6037879 |
| 6037880 |
| 6037881 |
| 6037882 |
| 6037883 |
| 6037884 |
| 6037885 |
| 6037886 |
| 6037887 |
| 6037888 |
| 6037889 |
| 6037890 |
| 6037891 |
| 6037892 |
| 6037893 |
| 6037894 |
| 6037895 |
| 6037896 |
| 6037898 |
| 6037899 |
| 6037900 |
| 6037901 |
| 6037902 |

**Attachment to Proof of Claim ISIN XS0302350888**

| Blocking Reference Number |
|---|
| 6037945 |
| 6037944 |
| 6037943 |
| 6037942 |
| 6037941 |
| 6037940 |
| 6037939 |
| 6037938 |
| 6037937 |
| 6037936 |
| 6037935 |
| 6051590 |
| 6037934 |
| 6037933 |
| 6037932 |
| 6052175 |

H
A
N
D

D
E
L
I
V
E
R
Y

_TP_

---
RECEIVED BY:

_10-23-09_

---
DATE

_11:15AM_

---
TIME

subject to future amendment

| United States Bankruptcy Court/Southern District of New York | LEHMAN SECURITIES PROGRAMS |
|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | **PROOF OF CLAIM** |

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)   0000044569 |
|---|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Luzerner Kantonalbank AG
Legal & Compliance Department
Pilatusstrasse 12
CH-6002 Luzern
T: +41 41 206 24 86 / Mail: peter.felder@lukb.ch
Telephone number:          Email Address:

Please send all notices also to:
Baker & McKenzie LLP
att. Ira A. Reid
1114 Avenue of the Americas
New York, 10036, US
T: +1 212 626 4100 / Mail: ira.a.reid@bakernet.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which the claim relates.

Amount of Claim: $ 1'686'133.90   (Required)

plus accrued and accruing interest to the extent permitted by agreement or by law

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** CH0027120689   (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Blocking numbers see attachment                    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.   SIX SIS AG, Baslerstrasse 100, CH-4600 Olten

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

Account number 20090537                    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

FILED / RECEIVED

OCT 23 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. 2009, Oct. 23 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   Baker & McKenzie LLP   *Ira A. Reid* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

By: Ira A. Reid, as authorized representative and attorney-in-fact

## Attachment to Proof of Claim ISIN CH0027120689

| Blocking Reference Number |
| --- |
| 2720854538161510 |
| 4726024554130810 |
| 7173083654130810 |
| 1320142133161510 |
| 9961263054130810 |
| 6350342354130810 |
| 3691311654130810 |
| 4561110454130810 |
| 9849235653130810 |
| 6705820533161510 |
| 0434745253130810 |
| 8307284553130810 |
| 9706873753130810 |
| 7722783053130810 |
| 0000742453130810 |
| 4653401053130810 |
| 9500360153130810 |
| 0483565452130810 |
| 0362944952130810 |
| 7862204152130810 |
| 4020973652130810 |
| 6616882352130810 |

H
A
N
D

D
E
L
I
V
E
R
Y

_____
**RECEIVED BY:**

_____
**DATE**

_____
**TIME**

United States Bankruptcy Court/Southern District of New York

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

**LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)            0000062819

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

~~FOR COURT USE ONLY~~

Name and address of Creditor (and name and address where notices should be sent if different from Creditor)

The Värde Fund V-B, L.P.
c/o Brown Rudnick LLP
Seven Times Square
New York, NY 10036
Attn: Howard Steel, Esq.

Telephone number:  212.209.4800          Email Address: hsteel@brownrudnick.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
   (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Värde Management, L.P. (agent for The Värde Fund V-B, L.P.)
8500 Normandale Lake Blvd, Suite 1500
Minneapolis, MN 55437
Attn: Liquid Operations / Operations@varde.com / 952.374.5122
Attn: Scott Hartman / shartman@varde.com / 952.820.1160

Telephone number:  (provided above)          Email Address:      (provided above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1.    Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $        See Exhibit A, attached        (Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): _____ See Schedule 1, attached _____ (Required)**

3.    Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

      See Schedule 1, attached                **(Required)**

4.    Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

      See Schedule 1, attached                **(Required)**

5.    **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| FOR COURT USE ONLY |

**FILED / RECEIVED**

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

Nathan J. Geske          (see payment address above)
Vice President

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## EXHIBIT A

### ADDENDUM TO
### PROOF OF CLAIM OF THE VÄRDE FUND V-B, L.P.

1.    This Proof of Claim is, and shall be deemed to be, filed, submitted and asserted by The Värde Fund V-B, L.P. ("Värde") against Lehman Brothers Holdings Inc. ("LBHI") and its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") in each of their respective chapter 11 cases.  Värde is filing this Proof of Claim in order to set forth the claims of Värde relating to "Lehman Programs Securities" against LBHI and the Debtors, as more fully described below.

2.    Värde is a noteholder in several notes series issued by Lehman Brothers Treasury Co. B.V. ("LBT") and LBHI (collectively, the "Notes"), and is also a holder of certificates issued by Lehman Brothers Securities N.V. ("LBS") and LBT (collectively, the "Certificates"), as more fully described on the attached Schedule 1.

3.    Värde asserts this claim against LBHI for any and all prepetition and postpetition amounts and liabilities in respect of the Notes, Certificates and any other documents related thereto, including, without limitation, any and all principal, premiums, interest, additional interest, periodic payments, coupon payments, fees, costs, expenses, attorneys' and professionals' fees and disbursements, any final redemption amounts, automatic redemption amounts, cash settlement amounts, physical settlement amounts, fractional share amounts, cancellation amounts, early redemption amounts, any other amounts owed, and any and all indemnification obligations owed under the Notes and Certificates (as applicable), and to the extent allowed by law.

4.    Pursuant to that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated June 9, 2005 (the "2005 Guarantee"), a copy of which

1

is attached hereto as Exhibit B, LBHI has guaranteed the payment of all liabilities, obligations

and commitments of certain subsidiaries, including LBT and LBS. Pursuant to that certain

Guarantee Agreement in respect of LBT, dated July 24, 2008 (the "2008 Guarantee"), a copy of

which is attached hereto as Exhibit C, LBHI unconditionally and irrevocably guaranteed the

performance of all of LBT's obligations in the Notes, including, without limitation, the payment

of principal and interest, together with all other sums payable by LBT under the Notes. The

2008 Guarantee extends to the ultimate balance of the Notes notwithstanding any settlement of

accounts, or other matter whatsoever, and remains in full force and effect until all obligations

have been irrevocably paid and satisfied in full. Värde thus asserts its claim with respect to the

Notes and Certificates against LBHI on the basis of the 2005 Guarantee, the 2008 Guarantee, and

any other guarantees, contractual or otherwise, by LBHI for the benefit of LBT and LBS.

5.      As certain of the damages described above are contingent, unliquidated and likely

to continue, the exact amount of Värde's total claim as set forth herein is unknown at this time.

Värde reserves the right to amend or supplement this Proof of Claim, and any schedule or exhibit

attached hereto, as it may deem necessary and proper.

6.      Värde reserves all of its rights and defenses, whether under title 11 of the United

States Code or other applicable law, as to any claims that may be asserted against Värde by

LBHI and the Debtors, including, without limitation, any rights of setoff and/or recoupment not

expressly observed above. Värde reserves the right to file additional proofs of claim for

additional claims which may be based on the same or additional documents. Värde reserves the

right to file additional proofs of claim for administrative expenses or other claims entitled to

priority. Värde reserves the right to file claims for the payment of interest (subject to applicable

law) and for the reimbursement of all reasonable expenses (including attorneys' fees and

collection fees) incurred by Värde in connection with the claims described herein.  Värde further reserves all of its rights as against the other debtors in these Chapter 11 proceedings and against other Lehman entities in any other Lehman proceeding in the United States or overseas.

7.    This Proof of Claim is filed under the compulsion of the bar date set in this case and is filed to protect Värde from forfeiture of its claim by reason of said bar date.  The filing of this Proof of Claim shall not constitute: (a) a waiver, release, or limitation of Värde's rights against any person, entity or property (including, without limitation, LBHI or any other person or entity that is or may become a debtor in a case pending in this Court) in which Värde has a security interest or lien, (b) a consent by Värde to the jurisdiction or venue of this Court or any other court with respect to the proceedings, if any, commenced in any case against or otherwise involving Värde with respect to the subject matter of the claims set forth in this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving Värde, (c) a waiver, release, or limitation of the right of Värde to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution, (d) a consent by Värde to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver, release, or limitation of Värde's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge, (f) a waiver of the right to move to withdraw the reference with respect to the subject

3

matter of this claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Värde, (g) a consent to the termination of LBHI's liability to Värde by any particular court, including, without limitation, this Court, (h) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c), or (i) an election of remedies. No judgment has been rendered on this claim. This claim is not subject to any setoff or counterclaim rights by LBHI.

8.    Copies of any documents that underlie or evidence the obligations of LBHI, the Debtors, and any issuer to Värde that are not attached hereto are available upon written request to Värde.

9.    All notices and distributions in respect of this claim should be forwarded to: The Värde Fund V-B, L.P. c/o Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: Howard S. Steel, Esq.

4

## **SCHEDULE 1**

## EXHIBIT B

**2005 GUARANTEE**

# UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

**RESOLVED**, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED**, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED**, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED**, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED**, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

Richard S. Fuld, Jr.                                   John D. Macomber

2

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

|  | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3

## EXHIBIT C

## 2008 GUARANTEE

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE LLP

**EXECUTION COPY**

**LEHMAN BROTHERS HOLDINGS INC.**
**LEHMAN BROTHERS TREASURY CO. B.V.**
**LEHMAN BROTHERS BANKHAUS AG**

**U.S.$100,000,000,000**
**EURO MEDIUM-TERM NOTE PROGRAM**

*Unconditionally and irrevocably guaranteed, as to Notes to be issued by*
*Lehman Brothers Treasury Co. B.V. and Lehman Brothers Bankhaus AG, by*

**LEHMAN BROTHERS HOLDINGS INC.**

---

**GUARANTEE AGREEMENT**

*in respect of*

**LEHMAN BROTHERS TREASURY CO. B.V.**

---

24 July 2008

# CONTENTS

| Clause | | Page |
|---|---|---|
| 1. | Definitions | 2 |
| 2. | Guarantee | 3 |
| 3. | Status | 4 |
| 4. | Continuing Guarantee | 5 |
| 5. | Reinstatement | 5 |
| 6. | Immediate Recourse | 5 |
| 7. | Covenants | 5 |
| 8. | Deposit Of Guarantee | 5 |
| 9. | Stamp Duties | 5 |
| 10. | Partial Invalidity | 6 |
| 11. | Notices | 6 |
| 12. | Governing Law | 6 |

**THIS GUARANTEE AGREEMENT** is made as of 24 July 2008

---

**BY**

(1)     **LEHMAN BROTHERS HOLDINGS INC.** (the "**Guarantor**")

**IN FAVOUR OF**

(2)     **HOLDERS** (as defined below); and

(3)     **THE ACCOUNTHOLDERS** (as defined below):

**WHEREAS**

(A)     **LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY
        CO. B.V.** and **LEHMAN BROTHERS BANKHAUS AG** (each an "**Issuer**" and
        together the "**Issuers**") have established a Program (the "**Program**") for the issuance of
        medium-term notes (the "**Notes**").  In connection with the Program the Issuers have
        entered into an Amended and Restated Fiscal Agency Agreement dated 24 July 2008 (as
        supplemented and amended from time to time, the "**Fiscal Agency Agreement**") with
        the Bank of New York Mellon, acting through its London Branch, as Fiscal Agent, the
        Bank of New York Mellon, acting through its New York Branch, as Registrar and the
        other parties referred to therein.  Notes in bearer form may be represented initially by (in
        the case of Issuers other than Lehman Brothers Holdings Inc.) a permanent global Note
        (the "**Permanent Global Note**") or by a temporary global Note (the "**Temporary
        Global Note**") exchangeable in accordance with its terms for a Permanent Global Note
        or, as the case may be, definitive notes in bearer form ("**Definitive Notes**") and/or
        registered Notes ("**Registered Notes**") represented by definitive Notes in registered form
        ("**Definitive Registered Notes**"), global Notes in registered form ("**Global Registered
        Notes**") or Notes in registered uncertified form.  Permanent Global Notes are, in
        accordance with their respective terms, exchangeable for Definitive Notes.  Registered
        Notes may be represented initially by Definitive Registered Notes and/or Global
        Registered Notes. Global Registered Notes, are themselves exchangeable, in accordance
        with their terms, for Definitive Registered Notes.  References herein to "**Global Notes**"
        shall be to Permanent Global Notes, Temporary Global Notes and Global Registered
        Notes.  A Global Note will be delivered to a depositary or a common depositary or a
        common safekeeper or a custodian, as the case  may be, for any one or more of the
        Clearing Systems (as defined below) for credit to such securities clearing (or any other)
        account or accounts with any Clearing System as may be determined by the terms and
        conditions and operating procedures or management regulations of the relevant Clearing
        System with its respective participants and/or accountholders.  Notes denominated in
        Australian dollars may be issued in the domestic Australian capital markets ("**Australian
        Domestic Notes**") and Notes denominated in New Zealand dollars that may be cleared
        through the Austraclear New Zealand System ("**New Zealand Domestic Notes**") may be
        issued by Lehman Brothers Treasury Co. B.V. ("**LBTCBV**"), in each case pursuant to a
        deed poll to be executed by LBTCBV (the "**Deed Poll**"), and such Australian Domestic
        Notes and New Zealand Domestic Notes will be issued in registered, uncertificated and
        dematerialised book-entry form and take the form of entries on a register to be

maintained by an Australian or New Zealand registrar, as applicable, to be appointed by LBTCBV.

(B)    The Guarantor has agreed to guarantee irrevocably the payment of principal and interest together with all other sums payable by LBTCBV under the Notes issued by LBTCBV (the "**Guaranteed Issuer**") and to guarantee irrevocably the performance by the Guaranteed Issuer of its obligations under the Deed of Covenant, dated 24 July 2008, by the Guaranteed Issuer in favour of the parties identified therein (as supplemented, amended or replaced from time to time, the "**Deed of Covenant**") and the performance by the Guaranteed Issuer of its obligations under the Deed Poll.

**NOW THIS GUARANTEE WITNESSES** as follows:

1.    **DEFINITIONS**

1.1    In this Guarantee the following words and expressions shall have the following meanings:

"**Accountholder**" shall bear the meaning ascribed thereto in the Deed of Covenant in respect of Guaranteed Notes;

"**Clearing System**" means each of Euroclear, Clearstream, Luxembourg, DTC and any other clearing system specified in the relevant Final Terms;

"**Conditions**" means the terms and conditions of the relevant Notes, as the same may be modified or supplemented in accordance with the terms thereof, and any reference to a numbered "**Condition**" is to the correspondingly numbered provision thereof;

"**DTC**" means The Depositary Trust Company;

"**Guaranteed Note**" shall mean a Note issued by the Guaranteed Issuer (including an Australian Domestic Note and a New Zealand Domestic Note) and shall include any related Coupon, Talon or Receipt;

"**Holder**" shall bear the meaning ascribed thereto in the Conditions, in respect of any Guaranteed Note;

"**Relevant Date**" means either (i) the date on which payment of the relevant Note first becomes due or (ii) if the full amount of the moneys payable has not been received by the Fiscal Agent (or any other paying agent in respect of the relevant Note) on or prior to such due date, the date on which all moneys then due for payment shall have been so received and notice to that effect shall have been duly given to the Holders or Accountholders; and

"**this Guarantee**" shall mean this Guarantee Agreement as amended or supplemented from time to time.

1.2    Headings used in this Guarantee are for each of reference only and shall not affect its construction.

1.3    Unless otherwise defined herein, terms defined in the Conditions have the same respective meanings when used in this Guarantee.

2.      **GUARANTEE**

2.1     The Guarantor hereby irrevocably and unconditionally guarantees to the Holders and the Accountholders the performance by the Guaranteed Issuer of all its obligations pursuant to the Conditions of the Notes including without limitation:

     (a)     the due and punctual payment of each amount payable in respect of any Guaranteed Note, the Deed of Covenant and the Deed Poll as and when the same become due and payable; and

     (b)     any obligation to deliver or procure the delivery of any securities pursuant to such Conditions,

     so that the Guarantor shall, if the Guaranteed Issuer shall fail punctually to perform any such obligation forthwith perform or procure the performance of the obligation in accordance with the applicable Conditions upon written demand by such Holder or Accountholder including (without limitation) the due and punctual payment of any such amount in the manner and currency prescribed by such Guaranteed Note which the Guaranteed Issuer shall be liable to pay under and pursuant to such Guaranteed Note, the Deed of Covenant or the Deed Poll or the delivery of any securities pursuant to such Conditions and which the Guaranteed Issuer shall have failed to pay or deliver (as the case may be) at the time such demand is made.

2.2     This Guarantee is one of payment and not collection. The Guarantor acknowledges that its obligations hereunder are several and independent obligations of the Guaranteed Issuer and that the Guarantor shall be liable as sole principal debtor, with the consequence that such liability will not be discharged, impaired or otherwise affected by anything which would not so discharge, impair or otherwise affect its liability if it were a sole principal debtor, including without limitation:

     (a)     any time, indulgence, waiver or consent at any time given to the Guaranteed Issuer or any other person;

     (b)     any amendment to the Conditions in respect of the Guaranteed Notes, the Deed of Covenant or the Deed Poll or to any security or other guarantee or indemnity;

     (c)     the making or absence of any demand on the Guaranteed Issuer or any other person;

     (d)     the enforcement or absence of enforcement of any Guaranteed Notes, the Deed of Covenant or the Deed Poll or of any security or other guarantee or indemnity;

     (e)     the release of any such security, guarantee or indemnity;

     (f)     the dissolution, amalgamation, reconstruction or reorganisation of the Guaranteed Issuer or any other person;

     (g)     the winding up of the Guaranteed Issuer or the bringing of any analogous proceeding in any jurisdiction or any change in its status, function, control or ownership; and

(h)     the illegality, invalidity, irregularity or unenforceability of, or any defect in, any provision of any Guaranteed Note, the Deed of Covenant or the Deed Poll or any of the Guaranteed Issuer's obligations in respect thereof.

2.3     As a separate and alternative stipulation, the Guarantor irrevocably agrees that any sum expressed to be payable by the Guaranteed Issuer under any Guaranteed Note, the Deed of Covenant or the Deed Poll which is for any reason (including, without limitation, by reason of any provision of any Guaranteed Note, the Deed of Covenant or the Deed Poll being or becoming void, unenforceable or otherwise invalid under any applicable law) (whether or not now known or becoming known to the Guaranteed Issuer, the Guarantor, the Holder(s), the Accountholder(s) or any other person) not recoverable from it on the basis of a guarantee, will nevertheless be recoverable from it as if it were the sole principal debtor and will be paid by it to the Holder(s) or the Accountholder(s) on written demand. This indemnity constitutes a separate and independent obligation from the other obligations in this Guarantee, gives rise to a separate and independent cause of action and will apply irrespective of any indulgence granted by the Holder(s), the Accountholder(s) or any other person.

3.      **STATUS**

3.1     The claims of the Holders and Accountholders against the Guarantor in respect of senior Guaranteed Notes will constitute direct, unconditional and (subject to the provisions of Condition 11 (*Negative Pledge with respect to Senior Notes*) and the provisions of the Fiscal Agency Agreement) unsecured obligations of the Guarantor and rank *pari passu* in right of payment among the Guarantee, prior to the equity securities of the Guarantor and equally with all other unsecured and unsubordinated debt obligations of the Guarantor (subject, in the event of insolvency, to laws affecting creditors' rights generally).

3.2     The claims of the Holders and the Accountholders against the Guarantor in respect of subordinated Guaranteed Notes constitute direct, unsecured and subordinated obligations of the Guarantor and rank *pari passu* among themselves and *pari passu* will all other present and future unsecured, unconditional and subordinated indebtedness of the Guarantor and will be subordinated, in the event of the winding-up of the Guarantor, to the claims of its Senior Creditors. Amounts payable under the Guarantee shall be due and payable by the Guarantor in such winding-up only if and to the extent that all claims against the Guarantor by its Senior Creditors have been paid in full.

3.3     Subject to applicable law, no Holder or Accountholder may be granted any security by the Guarantor or any third party or claim any right of set-off in respect of any amount owed to it by the Guarantor under this Guarantee in connection with subordinated Guaranteed Notes and each Holder or relevant Accountholder shall be deemed to have waived all such rights.

3.4     Subsequent agreements which limit the subordination effected pursuant to Clause 3.2 or which accelerate payments under this Guarantee in respect of subordinated Guaranteed Notes are not permitted by law. Should payments be effected in respect of subordinated Guaranteed Notes by the Guarantor before the maturity date without legal preconditions

being fulfilled, the amount paid shall be refunded to the Guarantor notwithstanding any agreement to the contrary.

4.    **CONTINUING GUARANTEE**

This Guarantee is a continuing guarantee and shall extend to the ultimate balance of all the obligations of the Guaranteed Issuer under any Guaranteed Note notwithstanding any settlement of account or other matter or thing whatsoever. It shall remain in full force and effect until all such obligations have been irrevocably paid and satisfied in full. Furthermore, such obligations are additional to, and not in substitution for, any security or other guarantee or indemnity at any time existing in favour of any person.

5.    **REINSTATEMENT**

If any payment received by a Holder or Accountholder shall, on the subsequent bankruptcy, insolvency, corporate reorganisation or other similar event of the Guaranteed Issuer, be avoided or set aside under any laws relating to such events, such payment shall not be considered as discharging or diminishing the liability of the Guarantor and this Guarantee shall continue to apply as if such payment had at all times remained owing by the Guaranteed Issuer, provided that the obligations of the Guaranteed Issuer and/or the Guarantor under this Clause 5 shall, as regards each payment made to the Holder or Accountholder which is avoided or set aside, be contingent upon such payment being reimbursed to the Guaranteed Issuer or other persons entitled through the Guaranteed Issuer.

6.    **IMMEDIATE RECOURSE**

The Guarantor waives any right it may have of first requiring a Holder or Accountholder to proceed against or enforce any other rights or security against the Guaranteed Issuer or any other person before claiming from the Guarantor hereunder.

7.    **COVENANTS**

The Guarantor covenants in favour of the Holders and the Accountholders that it will duly perform and comply with the obligations expressed to be undertaken by it in the Conditions.

8.    **DEPOSIT OF GUARANTEE**

This Guarantee shall be deposited with and held by the Fiscal Agent until all obligations of the Guaranteed Issuer and/or in respect of the Guaranteed Notes have been discharged in full. The Guarantor hereby acknowledges the right of every Holder and Accountholder to the production of this Guarantee.

9.    **STAMP DUTIES**

The Guarantor shall pay all stamp, registration and other taxes and duties (including any interest and penalties thereon or in connection therewith) which may be payable upon or in connection with the execution and delivery of this Guarantee, and shall indemnify each Holder and Accountholder against any claim, demand, action, liability, damages, cost, loss or expense (including, without limitation, reasonably legal fees and any

applicable value added tax) which it incurs as a result of or arising out of or in relation to any failure of the Guarantor to pay or delay in paying any of the same.

10.  **PARTIAL INVALIDITY**

If at any time any provisions hereof is or becomes illegal, invalid or unenforceable in any respect under the laws of any jurisdiction, neither the legality, validity or enforceability of the remaining provisions hereof nor the legality, validity or enforceability of such provision under the laws of any other jurisdiction shall in any way be affected or impaired thereby.

11.  **NOTICES**

All notices, demands or other communications by any Holder or Accountholder upon the Guarantor shall be duly served upon the Guarantor if served on the Guarantor by letter at 745 Seventh Avenue, New York, New York 10019.

12.  **GOVERNING LAW**

This Guarantee shall be governed by, and construed in accordance with, the law of the State of New York.

**IN WITNESS** whereof the Guarantor has executed this Guarantee the day and year first above written.

**EXECUTED**                                      )
by **LEHMAN BROTHERS HOLDINGS INC.**   )
acting by                                         )
                                     PAOLO TONUCCI

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____

DATE _____

TIME __3:01__