FENSTERSTOCK & PARTNERS LLP
100 Broadway, 8th Floor
New York, New York 10005
Telephone: (212) 785-4100
Facsimile: (212) 785-4040
Blair C. Fensterstock
Evan S. Fensterstock

*Counsel for K & B Capital Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | |

**K & B CAPITAL CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO LBHI'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY COURT

K & B Capital Corp. ("K & B") opposes Lehman Brothers Holdings Inc.'s ("LBHI") Second Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers ("ADR Order") ("Motion") for the reasons that follow. K & B's opposition to LBHI's Motion, appearance at a hearing to defend against LBHI's Motion, or any other appearance in this core proceeding or in the Adversary Proceeding No. 16-01019 (SCC) shall not constitute a waiver of any of K & B's rights or defenses, all of which are expressly reserved.

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ............................................................................................................ iii

**INTRODUCTION** ............................................................................................................................. 1

**BACKGROUND** .............................................................................................................................. 1

**ARGUMENT** .................................................................................................................................... 2

**CONCLUSION** ................................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**

Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,
    421 U.S. 240 (1975) ............................................................................................................ 3

Browning Debenture Holders' Comm. v. DASA Corp.,
    560 F.2d 1078 (2d Cir. 1977) ............................................................................................. 3

City of Syracuse v. Loomis Armored US, LLC,
    900 F.Supp.2d 274 (N.D.N.Y. 2012) .................................................................................. 2

Colon v. Multi-Pak Corp.,
    477 F. Supp. 2d 620 (S.D.N.Y. 2007) ................................................................................. 3

Hall v. Cole,
    412 U.S. 1 (1973) ................................................................................................................ 3

Hayden Capital USA, LLC v. Northstar Agri Indus., LLC,
    No. 11 Civ. 594 (DAB), 2012 WL 1449257 (S.D.N.Y. Apr. 23, 2012) ......................... 2-3

In re New York Skyline, Inc.,
    471 B.R. 69 (Bankr. S.D.N.Y. 2012) .................................................................................. 3

Martin Hilti Family Trust v. Knoedler Gallery, LLC,
    No. 13 CIV. 0657 PGG, 2015 WL 5773895 (S.D.N.Y. Sept. 30, 2015) ........................... 2

New York v. Town of Clarkstown,
    95 F.Supp.3d 660 (S.D.N.Y. 2015) .................................................................................... 2

**INTRODUCTION**

The Motion presents the sole question of whether certain alleged successor entities should be bound to the ADR Order and, as a result, be required to participate in mediation. LBHI argues that Choice Mortgage Bank, Inc. ("CMBI") is a successor entity to K & B, an original mortgage seller, and should be bound to the ADR Order. LBHI's argument fails because CMBI is not a successor to K & B—in truth and in fact, K & B was an original mortgage seller, Lehman Brothers Bank, FSB ("Lehman Bank") purchased loans from K & B pursuant to a Loan Purchase Agreement ("LPA"), K & B never sold, assigned, or transferred any of its interests, assets, obligations, or debts to CMBI, and, as LBHI admits, K & B "is still an active entity in Florida" today. Motion Exhibit A at 2. There is no reason to bind a completely different entity, CMBI, to whom K & B transferred nothing, to any alleged indemnification claims LBHI purports to have against K & B. LBHI's involving K & B in the instant Motion is without any merit in law or in fact, and was brought in bad faith and for no other purpose than to harass, injure, and cause unnecessary expense to K & B. Accordingly, K & B respectfully requests this Court deny LBHI's Motion in its entirety, grant K & B its attorney's fees and costs associated with defending against the Motion, and grant any other and further relief as this Court deems just, proper, and equitable.

**BACKGROUND**

K & B has been a Florida Profit Corporation since August 2, 1996 and has been a licensed mortgage lender for close to two decades. K & B has filed publicly available annual reports since 1996 and published its most recent annual report on February 10, 2016. K & B owned the trade names Choice Mortgage Bank and/or Choice Mortgage Bank, Inc. from 2005 to the present. On January 6, 2005, K & B entered into a Loan Purchase Agreement ("LPA") with

Lehman Bank and sold certain loans to Lehman Bank pursuant to the LPA. K & B has never sold, transferred, or assigned any of its assets, interests, obligations, debts, or otherwise to CMBI. K & B continues to operate in full force and effect today in the same manner as it did when it entered into the LPA with Lehman Bank.

On March 4, 2015, LBHI sent K & B an Indemnification ADR Notice. K & B issued its Statement of Position to LBHI via letter dated August 6, 2015. On August 19, 2015, LBHI sent a letter to K & B replying to its Statement of Position. Since that time, K & B has operated in good faith, but the parties have not been successful in coming to a resolution.

Now, for no other purpose but to injure, harass, cause unnecessary expense, and try to put additional pressure on K & B to settle LBHI's meritless claims, without any basis in law or in fact, LBHI seeks to involve CMBI in these proceedings under the auspices of a successor in liability argument. Regardless of the arguments LBHI makes, successor liability cannot exist— K & B has never sold, transferred, or assigned any of its assets, interests, obligations, debts, or otherwise to CMBI, and, as LBHI admits, K & B "is still an active entity in Florida" today.

## ARGUMENT

"To state a claim based on successor liability, a plaintiff must plead enough facts for the Court to infer that one of the exceptions to the general rule finding that a business entity acquiring the assets from another business generally results in no successor liability." See, e.g., Martin Hilti Family Trust v. Knoedler Gallery, LLC, No. 13 CIV. 0657 PGG, 2015 WL 5773895, at *16 (S.D.N.Y. Sept. 30, 2015) (internal quotation marks omitted); New York v. Town of Clarkstown, 95 F.Supp.3d 660, 682 (S.D.N.Y. 2015); City of Syracuse v. Loomis Armored US, LLC, 900 F.Supp.2d 274, 288 (N.D.N.Y. 2012); Hayden Capital USA, LLC v. Northstar Agri Indus., LLC, No. 11 Civ. 594 (DAB), 2012 WL 1449257, at *4 (S.D.N.Y. Apr.

2

23, 2012); Colon v. Multi-Pak Corp., 477 F. Supp. 2d 620, 626 (S.D.N.Y. 2007).  LBHI cites to four well recognized exceptions in its Motion where liability may vest in a successor, each of which exceptions relies on the existence of some transfer of assets, rights, obligations, debts, or otherwise.  See Motion at 11-19.  The problem with LBHI's argument is that such facts simply do not exist with respect to K & B and CMBI.

K & B was an original mortgage seller and Lehman Bank purchased loans from K & B pursuant to the LPA.  K & B has never sold, assigned, or transferred any of its interests, assets, obligations, debts, or otherwise to CMBI, and, as LBHI admits, K & B "is still an active entity in Florida" today.  Motion Exhibit A at 2.  K & B continues to operate in full force and effect today in the same manner as it did when it entered into the LPA with Lehman Bank.  Thus, LBHI fails to allege sufficient facts, because they do not exist, to bind CMBI as a successor to K & B.

It is well established that a party is entitled to its attorney's fees when defending against bad faith litigation.  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-59 (1975); Hall v. Cole, 412 U.S. 1, 5 (1973); Browning Debenture Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977); In re New York Skyline, Inc., 471 B.R. 69, 89 (Bankr. S.D.N.Y. 2012).  LBHI's bad faith Motion, which lacks any facts to support it, serves no other purpose than to harass, injure, and cause unnecessary expense to K & B, and put pressure on K & B to settle LBHI's meritless claims against it.  Such actions by LBHI should not be tolerated by this Court.

Accordingly, K & B respectfully requests the Court deny LBHI's Motion in its entirety, grant K & B its attorney's fees, and grant any other and further relief as this Court deems just, proper, and equitable.

## CONCLUSION

For the foregoing reasons, K & B respectfully submits that LBHI's Motion be denied in its entirety, and respectfully requests that this Court grant K & B its attorney's fees and costs associated with defending this Motion as well as any other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
       May 2, 2016

Respectfully submitted,

 /s/ Evan S. Fensterstock
Blair C. Fensterstock
Evan S. Fensterstock
FENSTERSTOCK & PARTNERS LLP
100 Broadway, 8th Floor
New York, New York 10005
Telephone: (212) 785-4100
Facsimile: (212) 785-4040

*Counsel for K & B Capital Corp.*