Eric J. Kiley, OSB # 025802
Associate General Counsel
SELCO Community Credit Union
1050 High Street
Eugene, OR 97401
Telephone: (541) 686-5356
Facsimile:   (541) 686-5356
ekiley@selco.org
Of Attorneys for SELCO Community Credit Union

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHER HOLDINGS INC., et al,    **Chapter 11**

Debtors                                  **Case No. 08-13555 (SCC)**

## OBJECTION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

Page 1 of 11    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

Steven L. McIntire-General Counsel
Eric J. Kiley-Associate General Counsel – ekiley@selco.org
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

**COMES NOW** SELCO Community Credit Union (hereinafter "SELCO"), an Oregon State Chartered Credit Union, by and through its Associate General Counsel, Eric J. Kiley, and Objects to Lehman Brothers Holdings Inc.'s (hereinafter "LBHI") Second Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (hereinafter "Second Motion"). SELCO files this objection with a pending motion before the court for *pro hac vice* admission of its Counsel, Eric J. Kiley, in order to meet the filing deadline of May 3, 2016 at 4:00 p.m. (Eastern Standard Time).

For the reasons provided in the Memorandum in Support below, SELCO contends that LBHI's Second Motion is fatally flawed, and therefore should not require SELCO, who is not a party to this adversary proceeding, to participate in costly and time consuming mediation for a matter in which LBHI has produced no admissible evidence that SELCO should have any involvement in the ADR process associated with this adversary proceeding.

## MEMORANDUM IN SUPPORT

### INTRODUCTION

SELCO is a credit union based in Eugene, Oregon. Although LBHI admittedly "cannot conclusively determine the existence of successor liability", they baldly assert that SELCO is a potential successor in interest to Frontier Investment Company (hereinafter "Frontier"), because SELCO "continued Frontier's mortgage lending operations" and "[o]ne or more officers and managers of Frontier are now listed as employees of SELCO." Second Motion, Exhibit A p. 2.  LBHI now seeks an order requiring SELCO participate in mandatory mediation with LBHI, at SELCO's own expense and despite the fact that LBHI

**Page 2 of 11**    **OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

has not presented even a modicum of admissible evidence to indicate SELCO is a successor in interest to Frontier. SELCO is not named as a defendant in this adversary proceeding, and has no relationship, contractual or otherwise, with LBHI regarding their claims in the underlying adversary proceeding, and thus has no ability to mount a meaningful defense to LBHI's claims or to have any basis for negotiating settlement in the ADR process.

LBHI's Second Motion, like its First Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (hereinafter "First Motion"), ignores due process, jurisdictional requirements, violates procedural rules, and would require entities that were never in privity with LBHI to expend significant resources to mediate based solely on LBHI's inaccurate and wholly unsubstantiated assertions that the entities listed *may* be a *potential* successor in interest to the named Defendants in the adversary proceeding.

**FACTS**

1. On May 29, 2014, LBHI, the Plan Administrator, filed a Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtor's Against Mortgage Loan Sellers which was granted by the court on July 18, 2014 (the Order granting that motion hereinafter referred to as "ADR Order.") (Docket Nos. 44450 and 45277 respectively).

2. The ADR Order requires, *inter alia*, that the banks and other mortgage lending institutions from which LBHI or its affiliates purchased mortgage loans (hereinafter collectively the "Sellers") be compelled to negotiate with LBHI a potential

Page 3 of 11    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

resolution of LBHI's indemnity claims through participation in mandatory mediation. Participation requires Sellers to appear in person in New York City, and subjects them to sanctions if they refuse to participate. (Docket No. 45277).

3. On October 22, 2015, LBHI filed its First Motion. In that First Motion, LBHI claims that some Sellers have been uncooperative or refused to participate in mediation as required by the ADR Order. LBHI named numerous new entities, who were never listed as defendants, and asked the court to extend the ADR Order to require any named successors in interest to participate in mediation or face sanctions. (Docket No. 51241).

4. On October 16, 2015, three Objections to the First Motion were filed (hereinafter collectively "First Objections".) Similar arguments were brought in each of the First Objections. (Docket Nos. 51459, 51462, and 51464).

5. On December 1, 2015, the Court filed its Order in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtor's Against Mortgage Loan Sellers (hereinafter "First Order"), with the exception that the entities that filed the First Objections were excluded from the definition of "Successors" for purposes of the First Motion. (Docket No. 51575).

6. On April 22, 2016, LBHI filed its Second Motion, seeking to adhere the ADR Order to a new list of alleged successors in interest to the Sellers. (Docket No. 52574). SELCO is listed in Exhibit A to the Second Motion as a successor to Frontier.

///

**Page 4 of 11**    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

**REQUESTED RELIEF**

SELCO hereby respectfully requests that the Court deny the Second Motion as to SELCO. Alternatively, SELCO requests that the Court exclude SELCO from the definition of "Successors" as used in the Second Motion, in the same manner that the Court did for the Objectors to the First Motion in its First Order.

**ARGUMENT**

**The Second Motion Violates Due Process, Lacks Jurisdiction, and Fails to State a Claim**

SELCO is not and has never been a party to this action. SELCO was not served with a summons and complaint. SELCO is not listed as a defendant in any proceeding brought by LBHI. Rather, LBHI is now attempting to force SELCO into costly mediation by naming it in an exhibit to a motion on baseless and bald assertions that SELCO *might* be a *potential* successor to a business that has been dissolved for eight years. LBHI presents no colorable evidence that SELCO is a successor in interest, instead opting to guess at whether it meets a strict exception to the successor liabilities laws without so much as providing a declaration that it has reason to believe the "facts" it sets forth have merit.

SELCO has never had a contractual relationship with LBHI in relation to this proceeding, nor has LBHI provided even a shred of evidence that SELCO has any obligation to LBHI, contractual or otherwise. Not only is it inequitable to force SELCO to expend significant costs and resources to prove it is not a successor in interest, this attempted shift in the burden of proof is unsupported by case law.  This attempt by LBHI

Page 5 of 11    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

to bootstrap SELCO into an ADR agreement simply by mentioning it in an exhibit to a motion is a meritless position that would result in significant costs to SELCO based on nothing more than mere allegations with no admissible evidence introduced to justify such an action.

Federal courts do not have inherent jurisdiction. Until an action has been commenced, federal district courts have no jurisdiction to act. *In re Market Basket, Inc.*, 122 F. Supp. 321, 322 (W.D. Mo. 1954) (interpreting Rule 3, Fed. R. Civ. P.); *see also In re Marion*, Case No. 05-67816 JPK, 2006 Bankr. LEXIS 4231, at *13 (Bankr. N.D. Ind. May 1, 2006) ("Absent the filing of a valid initiating document, a federal court has no jurisdiction with respect to anything[.]"). LBHI filed an adversary proceeding in which Frontier is listed as a defendant. Thus, the Court has jurisdiction over Frontier, but LBHI has not established that the court has jurisdiction over SELCO who is not a named party to this proceeding.

The burden is on LBHI to establish that SELCO is a successor in interest to Frontier. *Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 52 (2nd Cir. 2011) ("the proponent of successor liability must offer proof that one of the . . . exceptions to the general rule [that purchasers of assets do not assume their predecessor's liabilities] applies.") However, LBHI includes no evidence whatsoever, admissible or otherwise, that SELCO is a successor in interest to Frontier. In fact, LBHI admits it "cannot conclusively determine the existence of successor liability." Second Motion at ¶ 22. Rather, LBHI points to "indicia giving rise to reasonable grounds to assert that the Successors *may* be legally responsible." *Id (emphasis added)*.

**Page 6 of 11    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

At no time does LBHI indicate how it came to this "reasonable" conclusion. At no point does it assert that the "indicia" specific to SELCO is sufficient to establish liability. Rather, LBHI seeks to have SELCO expend time and expense to travel to New York to prove in mediation that SELCO is not liable as a successor. This burden shift is unsupported by any factual allegations or case law, and the "indicia" listed specific to SELCO is both inaccurate and inconsequential to establish liability.

LBHI fails to even file a declaration stating under oath that the assertions have some basis in truth, or were the product of firsthand knowledge. Quite simply, there is no evidence in the record to support LBHI's claim that SELCO is a successor in interest to Frontier.

**The Second Motion Fails to State Facts Sufficient to Establish Successor Liability Under Oregon State Law**

Even if LBHI's Second Motion somehow survives its many procedural failings, LBHI has failed to allege any fact which under Oregon law would open SELCO to successor liability. The first and only mention of SELCO, or allegation that it is a successor, can be found in Exhibit 1 to the Second Motion, which reads:

> Information obtained by LBHI indicates the following: The original entity, Frontier, was acquired by and operated as a wholly owned subsidiary of SELCO. Although Frontier eventually dissolved, SELCO and/or another of its subsidiaries continued Frontier's mortgage lending operations. One or more officers and managers of Frontier's are now listed on the SELCO website as part of its mortgage team.

Even taken at face value, this brief paragraph fails to allege sufficient facts to establish successor liability under Oregon law.  It appears that LBHI is asserting SELCO is

Page 7 of 11    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

a mere continuation of Frontier. Even a cursory review of successor liability law in Oregon would have alerted LBHI to the fact that operational continuity alone does not establish liability. Additionally, LBHI's unsubstantiated claims of continuity of management falls far short of case law cited by LBHI defining the "mere continuation" exception.

Oregon follows the traditional rule of successor liability; when one corporation transfers all of its assets to another, the latter is not liable for the debts and liabilities of the other. *Erikson v. Grande Ronde Lbr. Co.,* 162 Or. 556, 568 (Or, 1939) *see also Gonzalez v. Standard Tools and Equipment Co.,* 270 Or. App. 394, 397 (Or, 2015). Oregon recognizes only the four basic exceptions to this rule:

> 1) Where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporations; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts. *Id*.

Oregon has explicitly and repeatedly refused to adopt the product line exception. See *Dahlke v. Cascade Acoustics Inc.,* 171 P.3d 992, 998 (Or., 2007); *Gonzalez,* 270 Or App at 398. Thus, a successor company which continues to produce the same type of product as the original company does not assume successor liability under Oregon law. *Gonzalez,* 270 Or App at 398-399.

LBHI never asserts that SELCO impliedly or expressly assumed Frontier's debts. LBHI never asserts that SELCO expressly or *de facto* merged with Frontier. LBHI never asserts that SELCO entered into a fraudulent transfer with Frontier. The closest to an actual

**Page 8 of 11**  **OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

08-13555-mg    Doc 52673    Filed 05/03/16    Entered 05/03/16 15:03:06    Main Document
                                            Pg 9 of 11

allegation that SELCO in any way meets an exception to the general rule of successor liability is under the "mere continuation" exception.

LBHI asserts that SELCO "continued Frontier's mortgage lending operations." This assertion is untrue, and unsubstantiated. Additionally, because Oregon has expressly rejected the product line exception, the mere fact that the surviving entity produces the same "product" as the entity that dissolved does not establish successor liability. *See Gonzalez,* 270 Or App at 398.

LBHI seeks to mislead the court that there was significant continuity of managers or employees between SELCO and Frontier, enough to make SELCO a "mere continuation" of Frontier. This is not the case. The best LBHI does is claim "[o]ne or more officers and managers of Frontier's are now listed on the SELCO website as part of its mortgage team." LBHI does not elaborate, does not cite the names of any single officer, manager or employee or if they're in the same or similar positions. LBHI fails to even cite the web page it references.

According to LBHI's Second Motion, the "mere continuation" exception applies "when the corporation merely changes its corporate form, but otherwise continues operations with the same management and shareholders." Second Motion ¶ 35. Based on the case law LBHI cites, it applies "where purchaser had essentially same management and employees as seller, produced and sold similar product, used same facility, and selling corporation was dissolved." *Id*. at 36, *citing Fiber-Lite Corp. V. Molded Acoustical Products of Easton, Inc.*, 186 B.R. 603, 609 (E.D. Pa 1994).

**Page 9 of 11     OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

As LBHI states, Frontier was dissolved, however LBHI does not assert that Frontier and SELCO ever shared a facility, nor did they.  Frontier and SELCO both made mortgages, however, as stated above, the product line exception has expressly been rejected in Oregon, so that fact is irrelevant on its own to establish liability.  Thus, LBHI must be asserting that because "one or more officers and managers of Frontier are now listed on the SELCO website as part of its mortgage team," eight years after Frontier dissolved, there is "essentially the same management and employees."

LBHI makes no mention of who these alleged employees are, what positions they held at either company, when they were hired by SELCO, or when the ceased working for Frontier. The mere fact that at least one person who worked at Frontier happens to have taken a position in their chosen field at SELCO, at some point in the past eight years since Frontier dissolved, in no way establishes "essentially the same management and employees." Both SELCO and Frontier were centered in Eugene, Oregon. Eugene is a small town with a small financial industry. It is not uncommon for persons to work at more than one company throughout their career. Absent significantly more factual allegations, LBHI's assertions are wholly insufficient to show a continuity of management or employees sufficient to establish successor liability under the mere continuation exception.

## CONCLUSION

The Second Motion is procedurally flawed. It seeks to bootstrap SELCO, a party unrelated to the current litigation, into a costly ADR process without following due process of law and without establishing jurisdiction.  In addition, LBHI fails to produce even a single piece of admissible evidence to support its conclusions that SELCO is a successor in

Page 10 of 11    OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

**Steven L. McIntire-General Counsel**
**Eric J. Kiley-Associate General Counsel – ekiley@selco.org**
Telephone/Facsimile: (541) 686-5356
PO Box 7487
Springfield, OR 97475-0487

interest to a named party, instead relying on unsubstantiated and bald assertions to force a stranger to this controversy to fly a representative across the country and "share" in the costs of the ADR process. It would be highly inequitable to force SELCO to participate and pay for mediation for a case to which it is not a party and has no knowledge enough to negotiate a settlement based on an indemnification agreement to which SELCO was never a party. Additionally, allowing the Second Motion would effectively switch the burden of proof from requiring LBHI to show SELCO is a successor in interest, to forcing SELCO to prove that it is not in costly mediation.

**WHEREFORE, BASED ON THE FOREGOING,** SELCO respectfully requests that the Court deny LBHI's Second Motion which would require SELCO to participate in mandatory ADR, and refrain from enforcing the July 18, 2014 ADR Order against SELCO. In the alternative, SELCO requests that the Court define "Successors" as it applies to the Second motion to exclude SELCO from that definition.

Respectfully submitted this 3rd day of May, 2016

   /s/ Eric J. Kiley

Eric J. Kiley, OSB #025802
299 East 11$_{th}$ Avenue
P.O. Box 7487
Springfield, OR 97475-0487
Telephone: (541) 686-5356
Facsimile: (541) 686-5356
ekiley@selco.org
Of Attorneys for SELCO
Community Credit Union

Page 11 of 11   OBJETION TO LEHMAN BROTHERS HOLDINGS INC.'S SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS