# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | **Chapter 11** |
| **In Re:** | ) | |
| | ) | **Case No.: 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et. al.*, | ) | |
| | ) | |
| *Debtors.* | ) | |
| _____ | ) | |

## <u>SKYLINE FINANCIAL CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO DEBTORS' SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMENFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS</u>

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………ii

INTRODUCTION…………………………………………………………………….1

ARGUMENT…………………………………………………………………………1

CONCLUSION……………………………………………………………………..3

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

<u>Colon v. Multi-Pak Corp.</u>, 477 F. Supp. 2d 620 (S.D.N.Y. 2007)………………………............2

<u>Hayden Capital USA, LLC v. Northstar Agri Indus., LLC,</u> No. 11 Civ. 594,
    2012 WL 1449257 (S.D.N.Y. Apr. 23, 2012)…………………………………………..2

<u>New York v. Town of Clarkstown</u>, 95 F. Supp. 3d 660 (S.D.N.Y. 2015)………………………….2

Skyline Financial Corp. ("Skyline") opposes Lehman Brothers Holdings Inc.'s ("LBHI") Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers for the reasons set forth herein. Skyline's opposition to LBHI's motion, or any other appearance in this core proceedings, shall not constitute a waiver of any of Skyline's rights or defenses, all of which are expressly reserved.

## INTRODUCTION

LBHI's motion presents the question of whether alleged successor entities shall be bound to the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers ("ADR Order") and, as a result, be required to participate in mediation. LBHI argues that Skyline is a successor entity to Security Pacific Home Loans, Inc. ("Security Pacific"), and should be bound to the ADR Order. LBHI's argument fails because Skyline is not a successor to Security Pacific. Security Pacific never sold, assigned or transferred any of its interests, assets, obligations, or debts to Skyline. Skyline and Security Pacific have not had a business relationship since October 25, 2013, and, at the commencement of the business relationship, it was expressly agreed that Skyline was not assuming any liabilities of Security Pacific. (Ex. 1, Letter Agreement dated Nov. 1, 2009). There is no reason to bind a completely different entity, Skyline, to any alleged indemnification claims LBHI alleges to have against Security Pacific. Accordingly, Skyline respectfully requests this Court deny LBHI's motion as it relates to Skyline in its entirety, and grant any other and further relief as this Court deems just, proper and equitable.

## ARGUMENT

To state a claim based on successor liability, a plaintiff must plead enough facts for the Court to infer that one of the exceptions to the general rule finding that a business entity acquiring

the assets from another business generally results in no successor liability. *See New York v. Town of Clarkstown*, 95 F. Supp. 3d 660, 682 (S.D.N.Y. 2015); *Hayden Capital USA, LLC v. Northstar Agri Indus., LLC*, No. 11 Civ. 594, 2012 WL 1449257, at *4 (S.D.N.Y. Apr. 23, 2012).

Here, Skyline did not acquire Security Pacific's assets. Skyline has been a California corporation since September 5, 1985. In 2009, Skyline and Security Pacific entered a business relationship memorialized by a Letter Agreement. (*Id.*). The Letter Agreement provided that certain employees of Security Pacific would become employees of Skyline. (*Id.*). The Letter Agreement was terminated on October 25, 2013, and Security Pacific and Skyline have not had a relationship since then. Security Pacific did not sell, transfer, or assign any of its assets, interests, obligations or debts to Skyline. Accordingly, successor liability does not exist.

Given that Skyline did not acquire Security Pacific's assets, in order to establish successor liability, LBHI must prove that one of the following exceptions applies: (i) the successor expressly or impliedly assumes the liabilities of the predecessor; (ii) the underlying transaction constituted a *"defacto* merger;" (iii) the successor is the "mere continuation" of the predecessor; or (iv) the underlying transaction is a constructive or actual fraud in order to escape liabilities. *Colon v. Multi-Pak Corp.,* 477 F. Supp. 2d 620, 626 (S.D.N.Y. 2007).

None of these exceptions apply. First, there was no agreement – express or implied – that Skyline would assume the liabilities of Security Pacific. Second, the business relationship between to the two entities was not a *defacto* merger, as Skyline did not have the same owners as Security Pacific and there was no continuity of Security Pacific's management. Third, Skyline is not a mere continuation of Security Pacific. Skyline was a corporate entity conducting business for more than 20 years before commencing its business relationship with Security Pacific. Finally, LBHI has failed to set forth any evidence of fraud and no facts to support this exception exist. Indeed, the only evidence submitted by LBHI that Skyline was a successor of Security Pacific are vague

2

assertions that Skyline "appears" to have continued Security Pacific Home Loans. This is not true. As explained above, Skyline did not continue Security Pacific's business. LBHI also claims that Security Pacific's website redirects to New Leaf Lending, a division of Skyline Financial Corp. Again, this allegation is false and Skyline was unable to find any website whatsoever for Security Pacific. Finally, the founder of Security Pacific never became an officer of Skyline, as inaccurately alleged by LBHI. Clearly, LBHI fails to allege sufficient facts to bind Skyline as a successor to Security Pacific.

## **CONCLUSION**

For the foregoing reasons, Skyline respectfully requests that LBHI's Motion be denied in its entirety and for any other and further relief as this Court deems just, proper and equitable.

Dated: May 3, 2016                                    Respectfully submitted,

                                                                 */s/ April Rancier*_____
                                                                 APRIL RANCIER
                                                                 OFFIT KURMAN
                                                                 300 E. Lombard Street
                                                                 Baltimore, MD 21202
                                                                 410-209-6426
                                                                 410-209-6435 (fax)
                                                                 arancier@offitkurman.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May 2016, a copy of the foregoing was electronically filed and thereby served upon:

All counsel of record.

*/s/ April Rancier*_____

APRIL RANCIER