**Hearing Date: May 10, 2016 at 10:00 A.M. EST**
        **Objection Deadline: March 23, 2016 at 4:00 PM EST**

Duncan E. Barber *(Pro Hac Vice Motion Pending)* (Colo. Bar No. 16768)
4582 S. Ulster St. Pkwy., Suite 1650
Denver, CO  80237
Phone:  720-488-0220
Fax:  720-488-7711
Email:  dbarber@sbbolaw.com
*Attorneys for Ironbridge Homes, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
In re:

LEHMAN BROTHERS HOLDINGS
INC. and LB ROSE RANCH LLC
      :
      Debtors.             :
-----------------------------------------------------------

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

**SUPPLEMENT TO OBJECTION TO PLAN ADMINISTRATOR'S FIVE HUNDRED
NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)
BY HOLDER OF CLAIM NO. 66154**

    Creditor, Ironbridge Homes, LLC ("Claimant"), hereby supplements its Objection [Docket No. 52324] to Plan Administrator's Five Hundred Ninth Omnibus Objection to Claims (No Liability Claims) by Holder of Claim No. 66154 (the "Response").

    In support hereof, Claimant states as follows:

    1.    Capitalized terms used in this Supplement and defined in the Response have the meanings given those terms in the Response.

    2.    Plan Administrator's Objection is currently barred by the Tolling and Forbearance Agreement (the "Tolling Agreement") entered into by the parties and others.  A copy of the

00419713.DOCX

Tolling Agreement is attached to this Supplement as **Exhibit 1**.[1]

3. The Objection to Claim No. 66154 is encompassed within the terms and conditions of the Tolling Agreement. See Third "Whereas Clause" on page 2 and ¶¶ 5 and 6 of the Tolling Agreement.

4. Neither party has terminated the Tolling Agreement. LRBB's most recent Status Report filed in the Garfield County Action is also attached to this Supplement as **Exhibit 2**. The current status of the Tolling Agreement, that it remains operable, is acknowledged by LBRR in ¶ 2 of the Status Report.

5. Accordingly, the Objection should be dismissed, albeit without prejudice.

WHEREFORE, Claimant requests the Court enter an order either dismissing the Objection and granting such other and further relief as the Court deems just and proper.

Dated: May 4, 2016

   Denver, Colorado

SHAPIRO BIEGING BARBER OTTESON LLP

By:   /s/ Duncan E. Barber
     Duncan E. Barber, Colorado Bar #16768
     4582 South Ulster St. Parkway, Suite 1650
     Denver, CO  80237
     Tel:  (720) 488-0220
     Fax:  (720) 488-7711
     E-mail dbarber@sbbolaw.com

*Attorneys for Ironbridge Homes, LLC*

---

[1] Claimant and Debtor entered into *another* tolling and forbearance agreement, which deals solely with causes of action arising under Chapter 5 of the Bankruptcy Code.

419713            2

Execution Copy

## TOLLING AND FORBEARANCE AGREEMENT

This Tolling and Forbearance Agreement (the "Agreement") is executed as of the Effective Date[1] between the Debtors,[2] the Ironbridge Entities,[3] the Hansen Entities,[4] and Sunrise Company (a/k/a Sunrise Construction) ("Sunrise"). The Debtors, the Ironbridge Entities, the Hansen Entities and Sunrise shall each be referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, commencing on September 15, 2008, and periodically thereafter, each of the Debtors commenced a case (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") [Case Nos. 08-13555 and 09-10560], and are authorized to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, certain of the Ironbridge Entities have filed proofs of claim in the Chapter 11 Cases asserting certain claims against Rose Ranch (the "Ironbridge Claims"); and

WHEREAS, certain of the Ironbridge Entities, the Hansen Entities and Sunrise are defendants in a construction defect lawsuit pending in the District Court for Garfield County, Colorado, brought by certain homeowners in the Ironbridge development, captioned *Jamin Cook,*

---

[1] As used herein, the "Effective Date" shall be November 30, 2011.

[2] As used herein, the "Debtors" refer to and include Lehman Brothers Holdings Inc. ("LBHI") and LB Rose Ranch LLC ("Rose Ranch").

[3] As used herein, the "Ironbridge Entities" refer to and include Ironbridge Homes, LLC, Ironbridge Mountain Cottages, LLC, Ironbridge Aspen Collection, LLC, Ironbridge Management LLC, and Dirk Gosda and Steven A. Hansen in their capacities as members of the Ironbridge Entities. For the purpose of this Agreement, the Ironbridge Entities also includes Dirk Gosda in his individual capacity.

[4] As used herein, the "Hansen Entities" refer to and include Steven A. Hansen (in all capacities other than as a member of any of the Ironbridge Entities) and Hansen Construction, Inc.

**EXHIBIT 1**

et al. *v. Ironbridge Homes, LLC* et al. [Case No. 2010CV142] (the "Construction Defect Lawsuit"); and

WHEREAS the Plaintiffs in the Construction Defect Lawsuit recently obtained relief from the automatic stay pursuant to stipulation to assert claims against LBHI and Rose Ranch in the Construction Defect Lawsuit to the extent of available insurance proceeds; and

WHEREAS the Parties anticipate that there may be claims asserted between them in the Construction Defect Lawsuit (the "Construction Defect Claims"); and

WHEREAS, on November 30, 2011, Rose Ranch filed a complaint in the District Court for Garfield County, Colorado (the "Garfield County Action") asserting certain claims against the Ironbridge Entities, the Hansen Entities and Sunrise (the "Rose Ranch Claims"), which, together with the Ironbridge Claims and the Construction Defect Claims, are referred to herein as the "Claims;" and

WHEREAS, on December 7, 2011, the Ironbridge Entities and the Hansen Entities filed a motion seeking relief from the automatic stay (the "Automatic Stay Motion") to assert certain of the Ironbridge Claims as cross claims or counterclaims against the Debtors in the Construction Defect Lawsuit and/or the Garfield County Action; and

WHEREAS, the Parties wish to discuss a consensual resolution of the Claims, during which time it is desirable that the Parties forbear from pursuing the Claims; and

WHEREAS, the Parties agree to toll any applicable statutes of limitations, statutes of repose, or any other time-related defense that might exist in regards to the Claims, during the period from the Effective Date until the Termination Date (as defined below).

EXHIBIT 1

NOW, THEREFORE, the Parties agree as follows:

1. Any statutes or periods of limitations, statutes of repose, periods of time for service of process, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation to the Claims, is hereby tolled from the Effective Date until the Termination Date (as defined below). Nothing in this Agreement shall operate to revive or extend the time for filing any claim that is now time barred or barred by any applicable statutes or periods of limitations, statutes of repose or other time-related defense as of the Effective Date.

2. This Agreement may be terminated by any Party by providing written notice of such termination (the "Termination Notice") to the other Party or Parties in the manner provided in paragraph 12 below, in which event termination shall be effective on the date that is 30 calendar days after the delivery of the Termination Notice (as applicable, the "Termination Date").

3. The Parties agree that the Automatic Stay Motion shall be held in abeyance through the Termination Date, except that following a Termination Notice, the Ironbridge Entities and the Hansen Entities may file a notice to set a preliminary hearing on the Automatic Stay Motion for a date no earlier than the Termination Date.

4. The parties also agree that the Debtors may serve their complaint in the Garfield County Action at any time following the Termination Date; provided, however, that the Debtors agree to abate all deadlines in the Garfield County Action (unless the District Court refuses to

EXHIBIT 1

permit such deadlines to be abated) until a date that is at least 30 calendar days after the date on which the Bankruptcy Court enters a Final Order disposing of the Automatic Stay Motion.[5]

5. The Parties shall not assert or prosecute any Claims in any forum during the period from the Effective Date through the Termination Date (such period, the "Forbearance Period").[6]

6. In return for each Party's agreement to forbear from asserting Claims during the Forbearance Period, the other Parties agree not to assert, plead, or raise in any fashion any defense to a Claim that relies in whole or in part on the passage of time during the Forbearance Period.

7. Except as provided in paragraphs 5 and 6 above, the Parties reserve all rights and defenses they may have under applicable law, to prosecute or defend any Claims. Nothing herein shall affect the right of any Party to assert any right, claim, or defense against any person or entity not a Party to this Agreement.

8. This Agreement does not constitute an admission of fact, liability, wrongdoing, or responsibility by any Party to any other Party, person, or entity, or any admission or acknowledgment by any Party that any statute of limitations, statute of repose, or other time-based defense applies to any of the Claims.

9. This Agreement may not be enlarged, modified, or altered except in writing signed by the Party against whom enforcement of the Agreement is sought.

---

[5] As used herein, "Final Order" shall mean an order of the Bankruptcy Court that has not been reversed, modified, amended or stayed, and the time for appeal or to seek review or rehearing thereof, has expired and as to which no appeal, review or rehearing is pending.

[6] Rose Ranch's motion for extension to complete service of complaint, which was filed in the Garfield County Action on February 28, 2012, is permitted by this Agreement.

EXHIBIT 1

10.  The Ironbridge Entities, the Hansen Entities and Sunrise agree that this Agreement shall apply to and be binding upon them, their predecessors, successors and assigns, and any parent, subsidiary, employee, affiliated entities or persons, and any entity into which any Ironbridge Entity, any Hansen Entity or Sunrise may be merged or consolidated. No change in ownership, corporate status, or the control of an Ironbridge Entity, a Hansen Entity or Sunrise shall alter or affect the terms and conditions of this Agreement. The Debtors agree that this Agreement shall apply to and be binding upon them, their predecessors, successors and assigns, and any parent, controlled subsidiary, employee, controlled affiliated entities or persons, and any entity into which a Debtor may be merged or consolidated. No change in ownership, corporate status, or the control of a Debtor shall alter or affect the terms and conditions of this Agreement.

11.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

12.  Notice required hereunder shall be sent by hand, overnight delivery service, facsimile or electronic transmission to the addresses set forth below:

If to the Debtors:

Weil, Gotshal & Manges LLP
Attorneys for Debtors
767 Fifth Avenue
New York, New York 10153
Facsimile: 212-310-8007
Attn: Jacqueline Marcus

If to the Ironbridge Entities:

Bieging Shapiro & Barber LLP
Attorneys for the Ironbridge Entities
4582 S. Ulster Street Parkway
Suite 1650
Denver, Colorado 80237
Facsimile: 720-488-7711
Attn: Duncan E. Barber

EXHIBIT 1

<u>If to the Hansen Entities</u>:

    Garfield & Hecht PC
    Attorneys for the Hansen Entities
    601 E. Hyman Ave.
    Aspen, CO 81611
    Facsimile: 970-925-3008
    Attn: David Lenyo

<u>If to Sunrise</u>:

    Greenberg, Glusker, Fields, Claman & Machtinger LLP
    Attorneys for Sunrise
    1900 Avenue of the Stars, Suite 2100
    Los Angeles, CA 90067-4590
    Facsimile: 310-553-0687
    Attn: Steve Claman

13. This Agreement is severable, and the illegality or unenforceability of any part or provision of this Agreement shall not affect the enforceability of any other part or provision of this Agreement, and this Agreement shall be construed as if such illegal or unenforceable part or provision were omitted.

14. The Parties agree that there are no third-party beneficiaries to this Agreement.

15. This Agreement comprises the entire agreement of the Parties with respect to the tolling of the statutes or periods of limitations, periods of time for service of process, statutes of repose, laches, waiver, or other defense based on the lapse of time. This Agreement may not be contraverted, modified, or altered based on any oral communications that occurred prior to the Effective Date, or thereafter.

16. Each person signing this Agreement represents that by signing for the Party indicated, he or she has the authority to bind the Party and the entities identified in paragraph 10 hereof, and each recognizes that the other Party is relying on such representation.

**EXHIBIT 1**

17. This Agreement shall be governed by the laws of the State of Colorado, without regard to conflicts of laws principles.

18. The Parties agree that any disputes under this Agreement shall be subject to the exclusive jurisdiction and venue of the District Court of Garfield County, Colorado, and each submits themselves to such jurisdiction and further each agrees to waive any argument that District Court of Garfield County, Colorado, is an improper or inconvenient forum.

19. Each Party acknowledges that this Agreement was drafted jointly by the Parties, that each Party has consulted with attorneys of its choosing and fully understands the terms hereof. This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

20. This Agreement and the communications in connection with its negotiation will not be introduced into evidence in the trial of or in any deposition relating to the Claims between the Parties, or be used in any manner in any litigation or otherwise, except to enforce the terms of the Agreement.

Dated: 3/27/12
New York, New York

_Jacqueline Marcus_
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Dated: 3/26/2012
Denver, Colorado

_Duncan E. Barber_
Duncan E. Barber

BIEGING SHAPIRO & BARBER LLP
4582 South Ulster St. Parkway, Suite 1650
Denver, Colorado 80237
Telephone: (720) 488-0220
Facsimile: (720) 488-7711

Attorneys for the Ironbridge Entities

EXHIBIT 1

Dated: _____
      Aspen, Colorado

_____
David Lenyo

GARFIELD & HECHT PC
601 E. Hyman Ave.
Aspen, CO 81611
Telephone: (970) 925-1936
Facsimile: (970) 925-3008

Attorneys for the Hansen Entities

Dated: 3/26/12
      Los Angeles, California

*/s/ Stephan Claman*
Stephan Claman

Greenberg, Glusker, Fields, Claman &
Machtinger LLP
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067-4590
Telephone: (310) 201-7474
Facsimile: 310-553-0687

Attorneys for Sunrise

EXHIBIT 1

Dated: 3/22/12
Aspen, Colorado

*[signature]*

David Lenyo

GARFIELD & HECHT PC
601 E. Hyman Ave.
Aspen, CO 81611
Telephone: (970) 925-1936
Facsimile: (970) 925-3008

Attorneys for the Hansen Entities

Dated: _____
Los Angeles, California

_____
Stephan Claman

Greenberg, Glusker, Fields, Claman & Machtinger LLP
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067-4590
Telephone: (310) 201-7474
Facsimile: 310-553-0687

Attorneys for Sunrise

EXHIBIT 1

| | |
|---|---|
| **DISTRICT COURT, GARFIELD COUNTY, COLORADO**<br>109 8th St., Suite 104<br>Glenwood Springs, CO 81601<br>Tel.: 970-945-8635 | |
| **Plaintiff:** LB ROSE RANCH, LLC<br><br>v.<br><br>**Defendants:** IRONBRIDGE HOMES, IRONBRIDGE MOUNTAIN COTTAGES, LLC, IRONBRIDGE ASPEN COLLECTION, LLC, IRONBRIDGE MANAGEMENT LLC, SUNRISE COMPANY, DIRK GOSDA, individually, HANSEN CONSTRUCTION, INC., and STEVEN HANSEN, Individually. | ▲ COURT USE ONLY▲ |
| | Case Number: **2011CV310** |
| Attorneys:<br>THE MADDEN LAW FIRM<br>John W. Madden, III, No. 5125<br>999 18th Street, Suite 1500 S<br>Denver, CO 80202<br>(303) 436-1111<br>madden@themaddenfirm.com<br>Counsel for LB ROSE RANCH, LLC | Div.: C |
| **PLAINTIFF'S STATUS REPORT** ||

COMES NOW Plaintiff LB Rose Ranch, LLC ("LB Rose"), and pursuant to the Court's Order, dated July 29, 2012, submits its Status Report regarding the Stay of the Action entered thereunder.

1.     Civil Action No. 2010 CV 142, Garfield County District Colorado, entitled <u>Jamin Cook, et al. v. Ironbridge Homes, LLC</u>, et al., the action on which the granting of the Stay this Action was based, is still pending. More specifically, upon trial, jury verdicts were issued on behalf of the Plaintiffs on July 28, 2015. On or about August 25, 2015, the defendant LB Rose Ranch filed its motion for collateral source

**EXHIBIT 2**

reduction of the verdicts. On March 1, 2016, the Plaintiffs filed their Status Report and requested an expedited status conference with the Court. In their report, the Plaintiffs noted that, a) on or about October 5, 2015, the Court granted the Plaintiffs' and LB Rose Ranch's Stipulated Motion to Rebrief LB Rose Ranch's Motion for Collateral Source Reduction, b) such rebriefing had been completed, and c) the Motion was now ripe for the Court's ruling. In addition, the Plaintiffs filed on or about March 21, 2016 their Response and Opposition to LB Rose Ranch's pending Motion to Stay of Plaintiffs' Motion for Award of Costs and Attorney Fees.

2. The Tolling and Forbearance Agreement, dated March 27, 2012, entered into by the parties herein upon which the granting the Stay of this Action was based, is still in full and effect.

3. For the reasons as stated in its Motion for Stay of Action and under the status of the related matters, as stated above, LB Rose believes that the Stay of Action should continue.

Respectfully submitted this 28th day of March, 2016.

THE MADDEN LAW FIRM

*s/ John W. Madden, III*
John W. Madden, III, No. 5125
*Attorney for the Plaintiff*

EXHIBIT 2

Pg 14 of 14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Plaintiff's Status Report was served by US Mail addressed to the following persons on March 28th, 2016:

*s/ Elke J. Kervin*
Elke J. Kervin, Legal Assistant

Duncan E. Barber, Esq.
Bieging Shapiro & Barber
4582 S. Ulster St., Parkway, Ste. 1650
Denver, CO 80237

*Attorneys for Defendants Ironbridge Homes, LLC*
*Ironbridge Mountain Cottages, LLC,*
*Ironbridge Aspen Collection,*
*Management LLC, Dirk Gosda*

David Lenyo, Esq.
Garfield & Hecht, PC
601 E. Hyman Avenue
Aspen, CO 81611
*Attorneys for Defendants Steven A. Hansen*
*and Hansen Construction, Inc.*

Stephan Claman, Esq.
Greenberg, Glusker, Fields, Claman
& Machtinger, LLP
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067-4590
*Attorneys for Defendants Sunrise Company*

**EXHIBIT 2**