# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                     :
In re                                                                :   Chapter 11
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,                               :
                                                                     :   Case No.: 08-13555 (JMP)
          Debtors.                                                   :
                                                                     :   (Jointly Administered)
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)

1.　　TO:　　　　Macquarie Bank Limited ("Transferor")
　　　　　　　　c/o Macquarie Group
　　　　　　　　125 West 55th Street
　　　　　　　　New York, NY 10019

　　　　　　　　Attn:　Takkai Wang
　　　　　　　　E-mail: loan.closing@macquarie.com

2.　　Please take notice that your claims specified in the "Agreement and Evidence of Transfer of Claim" attached hereto as Exhibit A against Lehman Brothers Holdings Inc. have been transferred to:

　　　　　　　　Silver Point Capital Fund, L.P. ("Transferee")
　　　　　　　　c/o Silver Point Capital, L.P.
　　　　　　　　2 Greenwich Plaza, First Floor
　　　　　　　　Greenwich, CT 06830
　　　　　　　　Attn: David F. Steinmetz

　　　　All distributions and notices regarding the transferred portion of the claims should be sent to the Transferee at the above address, with a copy to:

　　　　　　　　Davis Polk & Wardwell LLP ("Davis Polk")
　　　　　　　　450 Lexington Avenue
　　　　　　　　New York, NY 10017-3904
　　　　　　　　Fax: 212-701-5800
　　　　　　　　Attn: Aryeh Ethan Falk

3. No action is required <u>if you do not object</u> to the partial transfer of your claims. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN <u>21 DAYS</u> OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--   **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

> United States Bankruptcy Court
> Southern District of New York
> Attn: Clerk of Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

--   **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIMS.**

CLERK

----

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2016.

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___


_____
Clerk of the Court

# **EXHIBIT A**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Macquarie Bank Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Silver Point Capital Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the allowed amount specified in Schedule 1 attached hereto (collectively, the "Purchased Claim"), in Seller's right, title and interest in and to Proofs of Claim Numbers 62813, 62814, 62815, 62816, 62817, 62818, 62820 and 62821, each filed by or on behalf of Seller's predecessor in interest (each a "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed from and after March 17, 2016 (the "Trade Date") with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing from and after the Trade Date (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (collectively, the "Purchased Securities") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim collectively include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claim; (g), a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "Notice") has been provided to Purchaser, and there have been no supplements, amendments or revisions thereto, and no action was undertaken by Seller or any of Seller's predecessors in interest with respect to the Notice; (h) Seller has received distributions in connection with the Transferred Claims and the Purchased Securities in the amounts and on the dates set forth in Schedule 2 attached hereto (the "Prior Distributions"); and (i) other than the Prior Distributions, Seller has not received any payment or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Securities.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

2

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the Trade Date in respect of the Transferred Claims to Purchaser. For the avoidance of doubt, the distributions received by Seller on or about March 31, 2016 in respect of the Transferred Claims shall be credited to the purchase price owed by Purchaser in respect of the Transferred Claims and Purchased Securities. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser the Purchased Securities to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 19th day of April 2016.

| SILVER POINT CAPITAL FUND, LP | MACQUARIE BANK LIMITED |
|---|---|
| By: _____ *David Steinmetz* Authorized Signatory<br>Name:<br>Title:<br>Silver Point Capital<br>Two Greenwich Plaza,<br>Greenwich, CT 06830 | By: _____<br>Name:<br>Title:<br><br>50 Martin Place<br>Sydney NSW 2000<br>Australia |

#20641824

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the Trade Date in respect of the Transferred Claims to Purchaser. For the avoidance of doubt, the distributions received by Seller on or about March 31, 2016 in respect of the Transferred Claims shall be credited to the purchase price owed by Purchaser in respect of the Transferred Claims and Purchased Securities. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser the Purchased Securities to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 19th day of April 2016.

| SILVER POINT CAPITAL FUND, LP | MACQUARIE BANK LIMITED |
|---|---|
| By:_____ | By: _____  *Mary Famularo* |
| Name: | Name: Takkai Wang     Mary Famularo |
| Title: | Title: Senior Vice President     Executive |
| | (Macquarie POA Ref: # 2027 dated September 28, 2015, signed in New York) |
| Silver Point Capital | 50 Martin Place |
| Two Greenwich Plaza, | Sydney NSW 2000 |
| Greenwich, CT 06830 | Australia |

#20641824

<u>Schedule 1</u>

<u>Transferred Claims</u>

<u>Purchased Claim</u>

As set forth below.

<u>Lehman Programs Securities to which Transfer Relates</u>

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62813 | XS0281219385 | $98,508.50 | $42,339.49 |
| | XS0283819562 | $98,508.50 | $33,287.70 |
| | XS0285639141 | $98,508.50 | $54,702.56 |
| | XS0366668381 | $122,896.80 | $66,487.17 |
| | XS0375027074 | $147,513.33 | $66,879.34 |

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62814 | XS0281219385 | $55,615.50 | $23,903.85 |
| | XS0283819562 | $55,615.50 | $18,793.42 |
| | XS0285639141 | $55,615.50 | $30,883.73 |
| | XS0366668381 | $69,447.60 | $37,571.15 |

#20641824

|  | XS0375027074 | $83,203.33 | $37.722.58 |

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62815 | XS0281219385 | $403,121.50 | $173,263.84 |
| | XS0283819562 | $403,121.50 | $136,221.61 |
| | XS0285639141 | $403,121.50 | $223,856.59 |
| | XS0366668381 | $504,313.20 | $272,833.44 |
| | XS0375027074 | $604,586.67 | $274,106.45 |

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62816 | XS0281219385 | $7,270.00 | $3,124.69 |
| | XS0283819562 | $7,270.00 | $2,456.66 |
| | XS0285639141 | $7,270.00 | $4,037.09 |
| | XS0366668381 | $9,090.00 | $4,917.69 |
| | XS0375027074 | $10,900.00 | $4,941.82 |

#20641824

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62817 | XS0281219385 | $3,635.00 | $1,562.34 |
|  | XS0283819562 | $3,635.00 | $1,228.33 |
|  | XS0285639141 | $3,635.00 | $2,018.54 |
|  | XS0366668381 | $4,726.80 | $2,557.00 |
|  | XS0375027074 | $5,450.00 | $2,470.91 |

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62818 | XS0281219385 | $105,415.00 | $45,307.94 |
|  | XS0283819562 | $105,415.00 | $35,621.52 |
|  | XS0285639141 | $105,415.00 | $58,537.79 |
|  | XS0366668381 | $131,623.20 | $71,208.15 |
|  | XS0375027074 | $158,050.00 | $71,656.44 |

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62820 | XS0281219385 | $7,270.00 | $3,124.69 |

#20641824

6

| | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| | XS0283819562 | $7,270.00 | $2,456.66 |
| | XS0285639141 | $7,270.00 | $4,037.09 |
| | XS0366668381 | $9,090.00 | $4,917.69 |
| | XS0375027074 | $10,900.00 | $4,941.82 |

| Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount (USD) | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|
| 62821 | XS0281219385 | $46,164.50 | $19,841.76 |
| | XS0283819562 | $46,164.50 | $15,599.77 |
| | XS0285639141 | $46,164.50 | $25,635.52 |
| | XS0366668381 | $57,812.40 | $31,276.51 |
| | XS0375027074 | $69,396.67 | $31,462.94 |

#20641824

Schedule 2

Distributions

**LBHI distributions (USD)**

| ISIN | Notional quantity | 7th Distribution April 2, 2015 | 8th Distribution October 1, 2015 | 9th Distribution March 31, 2016 |
|---|---|---|---|---|
| XS0283819562 | 727,000.00 | 4,984.89 | 3,802.07 | 1,055.08 |
| XS0281219385 | 727,000.00 | 6,340.41 | 4,835.95 | 1,341.99 |
| XS0375027074 | 1,090,000.00 | 10,027.64 | 7,648.27 | 2,122.41 |
| XS0366668381 | 909,000.00 | 9,978.67 | 7,610.92 | 2,112.04 |
| XS0285639141 | 727,000.00 | 8,191.81 | 6,248.05 | 1,733.84 |

**LBV distributions (USD)**

| ISIN | Notional quantity | *5th Distribution April 28, 2015* | *6th Distribution October 29, 2015* |
|---|---|---|---|
| XS0283819562 | 727,000.00 | 12,554.17 | 9,655.71 |
| XS0281219385 | 727,000.00 | 12,522.79 | 9,631.57 |
| XS0375027074 | 1,090,000.00 | 20,863.13 | 16,046.32 |
| XS0366668381 | 909,000.00 | 18,493.98 | 14,224.16 |
| XS0285639141 | 727,000.00 | 14,722.71 | 11,323.58 |

#20641824