<u>United States Bankruptcy Court</u>
<u>Southern District of New York</u>

In re Lehman Brothers Holdings Inc., et al.,        Case No. 08-13555 (SCC)

(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>BKM Holdings (Cayman) Ltd.</u>                <u>Barclays Bank PLC</u>
Name of Transferee                              Name of Transferor

Court Claim #: 59098
Claim Amount: $1,940,853.44 relating to
ISIN XS0343872494

Name and Address where notices to Transferee
should be sent:

BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, NY 10022
Attn.: Jennifer Donovan
(212) 446-4018
jdonovan@dkpartners.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By: Midtown Acquisitions LP, its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By: _____                             Date: May 18, 2016
Name: Avram Friedman
Title: Manager

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

KL2 2956233.1

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **Allowed Claim Amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59098 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc. (the "Debtor"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "Notice") dated August 24, 2011 has been provided to Purchaser, and there have been no supplements, amendments or revisions thereto, and no action was undertaken by Seller with respect to the Notice; (h) Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) that set forth the initial distribution relating to the Transferred Claims paid by the Debtor on or about April 17, 2012 in the amount of $70,049.84 (the "Initial LBHI Distribution"), the second distribution relating to the Transferred Claims paid by the Debtor on or about October 1, 2012 in the amount of $47,251.02 (which includes a $20 deduction for a wire fee) (the "Second LBHI Distribution"), the third distribution relating to the Transferred Claims paid by the Debtor on or about April 4, 2013 in the amount of $59,686.77 (which includes a $20 deduction for a wire fee) (the "Third LBHI Distribution"), the fourth distribution relating to the Transferred Claims on or about October 3, 2014 in the amount of $70,769.08 (which includes a $20 deduction for a wire fee) (the "Fourth LBHI Distribution"), the fifth distribution relating to the Transferred Claims on or about April 3, 2014 in the amount of $76,873.43 (which includes a $20 deduction for a wire fee) (the "Fifth LBHI Distribution"), the sixth distribution relating to the Transferred Claims on or about October 2, 2014 in the amount of $57,688.46 (which

includes a $20 deduction for a wire fee) (the "Sixth LBHI Distribution"), the seventh distribution relating to the Transferred Claims on or about April 2, 2015 in the amount of $39,362.58 (which includes a $20 deduction for a wire fee) (the "Seventh LBHI Distribution"), the eighth distribution relating to the Transferred Claims on or about October 1, 2015 in the amount of $30,017.83 (which includes a $20 deduction for a wire fee) (the "Eighth LBHI Distribution"), and the ninth distribution relating to the Transferred Claims on or about March 31, 2016 in the amount of $8,335.56 (the "Ninth LBHI Distribution" and together with the Initial LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Seventh LBHI Distribution and the Eighth LBHI Distribution, the "LBHI Distributions"); (i) Seller or its predecessor in interest has received a distribution relating to the Purchased Security paid by Lehman Brothers Treasury Co. B.V. ("Lehman BV") on or about May 8, 2013 in the amount of $241,548.57 (the "Initial BV Distribution"), a distribution on or about October 24, 2013 in the amount of $98,300.28 (the "Second BV Distribution"), a distribution on or about April 28, 2014 in the amount of $106,432.43 (the "Third BV Distribution"), a distribution on or about October 28, 2014 in the amount of $81,514.28 (the "Fourth BV Distribution"), a distribution on or about April 27, 2015 in the amount of $54,886.24 (the "Fifth BV Distribution"), a distribution on or about October 29, 2015 in the amount of $42,213.99 (the "Sixth BV Distribution"), and a distribution on or about April 28, 2016 in the amount of $11,794.18 ("the Seventh BV Distribution, and together with the Initial BV Distribution, the Second BV Distribution, the Third BV Distribution, the Fourth BV Distribution, the Fifth BV Distribution and the Sixth BV Distribution, collectively, the "BV Distributions"); (j) other than the LBHI Distributions and the BV Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims and the Purchased Security and (k) to the best of Seller's knowledge the Agreement and Evidence of Transfer of Claim (the "Upstream EOT") that was filed with the Court on March 16, 2010 under docket number 7585 is the true and correct copy of the Upstream EOT.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of January 28, 2016, in respect of the Transferred Claims to Purchaser (including, without limitation, the distribution made by the Debtor on or around March 31, 2016 and made by Lehman BV on or around April 28, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and

KL2 2956229.2

carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of Page left intentionally blank]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __18__ day of __May__ 2016.

| Barclays Bank PLC | BKM Holdings (Cayman) Ltd. |
|---|---|
| | By Midtown Acquisitions L.P., its sole shareholder |
| | By Midtown Acquisitions GP LLC, its general partner |

By: _____  (Authorized Signatory / Elnorma ... Bai ... / Assistant Vice President)
Name:
Title:

By: _____
Name: Avram Friedman
Title: Manager
Address:
c/o Walkers Corporate Limited
Cayman Corporate Centre
27 Hospital Road
George Town, Grand Cayman KY1-9008
Cayman Islands

745 Seventh Ave
New York, NY 10019

*With a copy to:*
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

KL2 2956230.2

Schedule 1

## Transferred Claims

<u>Purchased Claim</u>

On the original Proof of Claim filed on October 30, 2009, the position in Security/ISIN XS0343872494 below represented a principal filed amount of $2,000,000.00 of the total principal filed amount of $669,387,079.91 for Proof of Claim number 59098.

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the position in Security/ ISIN XS0343872494 below represents an Allowed Claim Amount of $1,940,853.44 for Proof of Claim number 59098.

<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN/CUSIP | Proof of Claim | Issuer | Guarantor | Principal/Notional Amount | Allowed Claim Amount Transferred |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0343872494 | 59098.37 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $2,000,000.00 | $1,940,853.44 |

Schedule 1-1

KL2 2956229.2