B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.            Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

**BKM HOLDINGS (CAYMAN) LTD.**            **CITIGROUP FINANCIAL PRODUCTS INC.**
Name of Transferee                          Name of Transferor

**BKM HOLDINGS (CAYMAN) LTD.**              Court Claim # (if known): 55408
c/o Davidson Kempner Capital Management     Amount of Claim Transferred: See Schedule 1
520 Madison Avenue, 30th Floor              ISIN/CUSIP: See Schedule 1
New York, New York 10022                    Blocking Number:
Telephone: 212 446 4018                     Date Claim Filed: 10/27/2009
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____/s/_____            Date: May 18, 2016
    Transferee/Transferee's Agent

Schedule 1

| ISIN/CUSIP | Proof of Claim No. | Allowed Claim Amount Transferred ($) |
|---|---|---|
| XS0195333447 | 55408.07 | $61,021.55 |
| XS0278450027 | 55408.07 | $198,674.81 |
| XS0321299868 | 55408.07 | $7,095.53 |
| XS0331878404 | 55408.07 | $1,016,320.04 |
| XS0335226659 | 55408.07 | $1,647,121.41 |
| XS0340417251 | 55408.07 | $1,339,504.13 |
| XS0358366325 | 55408.07 | $699,512.92 |
| | | $4,969,250.39 |

EXECUTION COPY

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** (the "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor-in-interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed on or after January 12, 2016 with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claim"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claim or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proof of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claim; (g) (x) to the extent received by Seller or one of its affiliates from the Debtor or Epiq, Seller has delivered to Purchaser true and correct copies of distribution notices relating to the third distribution on or about April 4, 2013, the fourth distribution on or about October 3, 2013, the fifth distribution on or about April 3, 2014, the sixth distribution on or about October 2, 2014, the seventh distribution on or about April 2, 2015, the eighth distribution on or about October 1, 2015 and the ninth distribution on or about March 31, 2016 (which have not been supplemented, amended or revised) that set forth the distributions paid by the Debtor to Seller or its affiliate on account of the Transferred Claim and (y) on or about April 17, 2012 and October 1, 2012, Seller's predecessor-in-interest received distributions from the Debtor in respect of the particular Purchased Claim(s) in the amounts set forth on Schedule 2 attached hereto (such distributions, together with the distributions evidenced by the notices described in clause 2(h)(x) above, collectively, the "LBHI Distributions"); (h) with respect to the Purchased Security, Seller or a predecessor in interest received from Lehman Brothers Treasury Co. B.V. (I) the initial distribution on or about May 8, 2013 (the "Initial LBT Distribution"); (II) the second distribution on or about October 24, 2013 (the "Second LBT Distribution"); (III) the third distribution on or about April 28, 2014 (the "Third LBT Distribution"); (IV) the fourth distribution on or about October 28, 2014 (the "Fourth LBT Distribution"); (V) the fifth distribution on or about April 27, 2015 (the "Fifth LBT Distribution"); (VI) the sixth distribution on or about October

29, 2015 (the "Sixth LBT Distribution"); and (VII) the seventh distribution on or about April 28, 2016 (the "Seventh LBT Distribution", and, together with the Initial LBT Distribution, the Second LBT Distribution, the Third LBT Distribution, the Fourth LBT Distribution, the Fifth LBT Distribution, the Sixth Distribution and the LBHI Distributions, the "Distributions") in the amounts set forth on Schedule 2 attached hereto; and (i) other than the Distributions, neither Seller nor, to the best of Seller's knowledge, a predecessor in interest has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claim.

3. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within ten (10) business days of the date of this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of the Transferred Claim (including in connection with any interim distribution or otherwise) for the account and sole benefit of Purchaser and shall promptly (but in any event no later than five (5) business days of receipt in the case of cash and no later than ten (10) business days of receipt in the case of securities) remit any such payments, distributions or proceeds to Purchaser in the same form received, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser (including, for the avoidance of doubt, any distributions the Seller receives or has received after the trade date of January 12, 2016 or January 14, 2016, as applicable, including the distributions received by Seller from the Debtor on or around March 31, 2016 and from Lehman Brothers Treasury Co. B.V. on or around April 28, 2016). Seller has transferred, or shall cause to be transferred as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(signature page follows)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of May, 2016.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
*By Midtown Acquisitions GP LLC, its general partner*

By: _____
Name: Avram Friedman
Title: Manager

c/o Walkers Corporate Limited
Cayman Corporate Centre
27 Hospital Road
George Town, Grand Cayman KY1-9008
Cayman Islands

*With a copy to:*
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____
Name:
Title:

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
Attn: Kenneth Keeley

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16th day of May, 2016.

| BKM HOLDINGS (CAYMAN) LTD. | CITIGROUP FINANCIAL PRODUCTS INC. |
|---|---|
| By Midtown Acquisitions L.P., its sole shareholder | |
| By Midtown Acquisitions GP LLC, its general partner | |

By:_____
Name:
Title:

By: *(DocuSigned by: Joelle Gavlick — 240CDA98C9F64D3...)*
Name:
Title: Joelle Gavlick - Authorized Signatory

c/o Walkers Corporate Limited
Cayman Corporate Centre
27 Hospital Road
George Town, Grand Cayman KY1-9008
Cayman Islands

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
Attn: Kenneth Keeley

*With a copy to:*
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

Schedule 1

Transferred Claim

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim | Allowed Amount of Claim Transferred Hereunder |
|---|---|---|---|---|---|
| XS0195333447 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 43,000.00 | 55408.07 | USD 61,021.55 |
| XS0278450027 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 140,000.00 | 55408.07 | USD 198,674.81 |
| XS0321299868 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000.00 | 55408.07 | USD 7,095.53 |
| XS0331878404 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 702,000.00 | 55408.07 | USD 1,016,320.04 |
| XS0335226659 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,140,000.00 | 55408.07 | USD 1,647,121.41 |
| XS0340417251 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 929,000.00 | 55408.07 | USD 1,339,504.13 |
| XS0358366325 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 489,000.00 | 55408.07 | USD 699,512.92 |

Schedule 2

Distributions

| ISIN/CUSIP | Initial LBT Distribution | Second LBT Distribution | Third LBT Distribution | Fourth LBT Distribution | Fifth LBT Distribution | Sixth LBT Distribution | Seventh LBT Distribution | April 17, 2012 LBHI Distribution | October 1, 2012 LBHI Distribution |
|---|---|---|---|---|---|---|---|---|---|
| XS0195333447 | EUR 6,867.76 | EUR 2,690.51 | EUR 2,891.76 | EUR 2,390.80 | EUR 1,915.39 | EUR 1,393.63 | EUR 390.09 | USD 2,202.41 | USD 1,486.23 |
| XS0278450027 | EUR 16,940.45 | EUR 6,636.59 | EUR 7,133.01 | EUR 5,897.31 | EUR 4,724.61 | EUR 3,437.61 | EUR 962.21 | USD 7,170.63 | USD 4,838.88 |
| XS0321299868 | EUR 634.44 | EUR 248.55 | EUR 267.14 | EUR 220.86 | EUR 176.94 | EUR 128.74 | EUR 36.04 | USD 256.09 | USD 172.82 |
| XS0331878404 | EUR 86,806.51 | EUR 34,007.29 | EUR 36,551.08 | EUR 30,219.07 | EUR 24,209.94 | EUR 17,615.04 | EUR 4,930.59 | USD 36,681.32 | USD 24,753.28 |
| XS0335226659 | EUR 139,203.84 | EUR 54,534.45 | EUR 58,613.71 | EUR 48,459.63 | EUR 38,823.31 | EUR 28,247.67 | EUR 7,906.74 | USD 59,448.38 | USD 40,116.94 |
| XS0340417251 | EUR 114,341.00 | EUR 44,794.19 | EUR 48,144.86 | EUR 39,804.38 | EUR 31,889.18 | EUR 23,202.43 | EUR 6,494.54 | USD 48,345.77 | USD 32,624.68 |

| ISIN/CUSIP | Initial LBT Distribution | Second LBT Distribution | Third LBT Distribution | Fourth LBT Distribution | Fifth LBT Distribution | Sixth LBT Distribution | Seventh LBT Distribution | April 17, 2012 LBHI Distribution | October 1, 2012 LBHI Distribution |
|---|---|---|---|---|---|---|---|---|---|
| XS0358366325 | EUR 59,747.40 | EUR 23,406.62 | EUR 25,157.47 | EUR 20,799.26 | EUR 16,663.27 | EUR 12,124.12 | EUR 3,393.64 | USD 25,247.02 | USD 17,037.19 |