**HEARING DATE AND TIME: July 12, 2016 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 5, 2016 at 4:00 p.m. (Eastern Time)**

---

**THE FIVE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FIVE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED GUARANTY CLAIMS)**

**PLEASE TAKE NOTICE** that on June 6, 2016 Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed the five hundred eighteenth omnibus objection to claims (the "Five

Hundred Eighteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Five Hundred Eighteenth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 12, 2016 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Eighteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., and Kate Doorley, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 5, 2016 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

2

served with respect to the Five Hundred Eighteenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Eighteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 6, 2016
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

Hearing Date and Time: July 12, 2016 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: July 5, 2016 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :   Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :   08-13555 (SCC)
                                                    :
                        Debtors.                    :   (Jointly Administered)
------------------------------------------------------------------x

**PLAN ADMINISTRATOR'S FIVE HUNDRED EIGHTEENTH
OMNIBUS OBJECTION TO CLAIMS (SATISFIED GUARANTY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FIVE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
KATHERINE DOORLEY, AT 212-310-8810.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

WEIL:\95716575\2\58399.0011

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

**Relief Requested**

1. Each proof of claim identified on Exhibit A hereto (each a "Relevant Guaranty Claim") is a Guarantee Claim that corresponds to a Primary Claim asserted against Lehman Brothers Asia Holdings Limited ("LBAH"), a foreign, Non-Controlled Affiliate. LBAH has allowed and made distributions on account of each of the relevant Primary Claims. In addition, pursuant to the settlement between LBHI and LBAH approved by this Court, additional amounts have been paid on account of each of the relevant Primary Claims. As a result of those payments, each of the Relevant Guarantee Claims has been deemed satisfied in full in accordance with Section 8.13 of the Plan, and no Distributions may be made by LBHI on account of the Relevant Guarantee Claims.

2. The Plan Administrator therefore files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), seeking the disallowance and expungement of each Relevant Guarantee Claim. The relief requested is consistent with prior orders of this Court, *see* ECF Nos. 50166 and 50298, and will enable the Plan Administrator to release reserves of more than $4.9 million for Distributions to creditors of LBHI that have not yet been satisfied in full.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

5

**Jurisdiction**

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

A.     **Chapter 11 Case Background**

4.     On September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections on various grounds, including those set forth in Bankruptcy Rule 3007(d).

6.     On December 6, 2011, the Court entered an order confirming the Plan, ECF No. 23023. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

B.     **Relevant Plan Provisions**

7.     Section 8.13 of the Plan limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction. Specifically, it provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives consideration on account of the Primary Claim equal to the Allowed amount of the Guarantee Claim. *See* Plan § 8.13(a). The Plan further provides that "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions that combined with consideration provided on

6

account of the corresponding Primary Claim would exceed the Allowed amount of such Guarantee Claim. *See id.* at § 8.13(b).

8. Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date." Plan at § 8.13(d).

C. **LBAH's Hong Kong Liquidation**

9. On September 19, 2008, provisional liquidators were appointed for LBAH and seven other Lehman Brothers group companies in Hong Kong. On March 23, 2009, the Court of First Instance of the High Court of Hong Kong (the "Hong Kong Court") approved the appointment of the provisional liquidators to continue in office as LBAH liquidators. On November 19, 2008, LBAH was placed into a liquidation in Hong Kong not controlled by the Plan Administrator (the "Liquidation").

10. On July 31, 2011, LBAH and LBHI, among other Lehman U.S. and Hong Kong entities, executed a settlement and plan support agreement pursuant to which, *inter alia*, LBHI agreed that a portion of all dividends payable to LBHI from LBAH would be directed, as a top up payment (a "Top Up Amount") through a trust structure to third party creditors of LBAH who are not, and at no time were, affiliates of Lehman U.S. or Hong Kong entities (the "Third Party Creditors"). The settlement was incorporated into the Plan and approved by this Court in connection with confirmation thereof. *See* Plan §6.5, ECF No. 23023 ¶13.

WEIL:\95716575\2\58399.0011

11. On September 22, 2015, an explanatory statement was filed in the Liquidation summarizing the proposed scheme of arrangement between LBAH and the scheme creditors (the "Scheme"). On October 15, 2015, a letter was sent to Scheme creditors amending the projected distributions to be made under the Scheme. On October 27, 2015, the Scheme was unanimously approved by the Scheme creditors, and on January 8, 2016, the Scheme was sanctioned by the Hong Kong Court.

12. By on or about May 13, 2016, claims of Third Party Creditors against LBAH were satisfied in full by a combination of direct payments from LBAH and Top Up Amounts.

**Objection**

13. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) permits omnibus objections to disallow claims on the basis that "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order . . . ." FED. R. BANKR. P. 3007(d)(5).

14. The Relevant Guarantee Claims should be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code. The holder of a guarantee claim cannot recover more than the singular amount of its damages from a primary obligor and

guarantor of the same obligation.[2]  As set forth above, Section 8.13 of the Plan therefore limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction.

15. Each Relevant Guarantee Claim would be deemed satisfied in full in accordance with Section 8.13(a) of the Plan if it was Allowed in the amount asserted. The Primary Claims against LBAH have been satisfied in full by a combination of direct payments from LBAH and Top Up Amounts. When converted from Hong Kong Dollars to United States Dollars in accordance with Section 8.13(d) of the Plan, the amounts paid on account of each Primary Claim exceed the filed amount of each Relevant Guarantee Claim. Accordingly, pursuant to the Plan and well-settled principles of suretyship law, LBHI has no liability on account of the Relevant Guarantee Claims.

16. LBHI is maintaining reserves on account of the Relevant Guarantee Claims. Maintaining the Relevant Guarantee Claims on the claims register serves no valid purpose, but prejudices holders of Allowed Claims against LBHI that have yet to be satisfied in full. The Plan Administrator should not be required to expend additional resources on Claims that are precluded from receiving Distributions from LBHI pursuant to the Plan. Accordingly,

---

[2] *See Bankers' Trust Co. v. Irving Trust Co.* (*In re United Cigar Stores*), 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (N.Y. App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance.").

9

the Plan Administrator respectfully requests that the Court disallow and expunge the Relevant Guarantee Claims.

## Reservation of Rights

17. The Plan Administrator reserves all rights to object on any other bases to any Relevant Guarantee Claim as to which the Court does not grant the relief requested herein.

## Notice

18. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the record holder of each Relevant Guarantee Claim; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:    June 6, 2016
         New York, New York

                                        /s/ Garrett A. Fail
                                        Garrett A. Fail
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

**EXHIBIT A**

WEIL:\95716575\2\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
OMNIBUS OBJECTION 518: EXHIBIT A - SATISFIED GUARANTY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | DEUTSCHE BANK AG, LONDON (HK) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/26/2009 | 46947 | $1,020,699.44 | $1,020,699.44 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 2 | E. SUN COMMERCIAL BANK, LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19415 | $5,080,275.01 | $5,080,275.01 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 3 | E. SUN COMMERCIAL BANK, LTD., OFFSHORE BANKING BRANCH | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19414 | $10,140,283.33 | $10,140,283.33 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 4 | JPMORGAN CHASE BANK, N.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18898 | $4,000,000.00 * | $4,000,000.00* | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 5 | LOOMIS STREET, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18898 | $25,432,277.79 * | $25,432,277.79* | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 6 | SUNNY BANK, LTD., | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/27/2009 | 50143 | $14,053,808.12 | $14,053,808.12 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 7 | TAISHIN INTERNATIONAL BANK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12922 | $3,047,489.47 | $3,047,489.47 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 8 | VARDE INVESTMENT PARTNERS LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18898 | $1,000,000.00 * | $1,000,000.00* | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :    08-13555 (SCC)
                                                                   :
                        Debtors.                                   :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**ORDER GRANTING THE PLAN ADMINISTRATOR'S FIVE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED GUARANTY CLAIMS)**

Upon the five hundred eighteenth omnibus objection to claims, dated June 6, 2016 (ECF No. __) (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664), seeking disallowance of certain claims that have been deemed satisfied in full in accordance with the Plan, all as more fully described in the Objection; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

      _____
      UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

WEIL:\95716575\2\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
OMNIBUS OBJECTION 518: EXHIBIT 1 - SATISFIED GUARANTY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | DEUTSCHE BANK AG, LONDON (HK) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/26/2009 | 46947 | $1,020,699.44 | $1,020,699.44 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 2 | E. SUN COMMERCIAL BANK, LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19415 | $5,080,275.01 | $5,080,275.01 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 3 | E. SUN COMMERCIAL BANK, LTD., OFFSHORE BANKING BRANCH | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19414 | $10,140,283.33 | $10,140,283.33 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 4 | JPMORGAN CHASE BANK, N.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18898 | $4,000,000.00 * | $4,000,000.00* | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 5 | LOOMIS STREET, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18898 | $25,432,277.79 * | $25,432,277.79* | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 6 | SUNNY BANK, LTD., | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/27/2009 | 50143 | $14,053,808.12 | $14,053,808.12 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 7 | TAISHIN INTERNATIONAL BANK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12922 | $3,047,489.47 | $3,047,489.47 | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |
| 8 | VARDE INVESTMENT PARTNERS LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18898 | $1,000,000.00 * | $1,000,000.00* | SATISFIED IN FULL IN ACCORDANCE WITH THE PLAN |

\* - Indicates claim contains unliquidated and/or undetermined amounts