**Objection Deadline: July 5, 2016, at 4:00 p.m. (Eastern Time)**
**Hearing Date: July 12, 2016, at 10:00 a.m. (Eastern Time)**

HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Robin E. Keller, Esq.
John D. Beck, Esq.
Email:  robin.keller@hoganlovells.com
         john.beck@hoganlovells.com

*Attorneys for QVT Fund LP and Quintessence Fund L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                      :
**In re**                                             :          **Chapter 11**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,**                    :
*et al.*                                              : **Case No.: 08-13555 (SCC)**
                                                      :
                             **Debtors.**             :          **(Jointly Administered)**
-------------------------------------------------------------------x

**NOTICE OF MOTION OF QVT FUND LP AND QUINTESSENCE FUND L.P.**
**FOR LEAVE TO AMEND AND REDUCE**
**PROOFS OF CLAIM NOS. 20421, 21140, 21146, AND 21217**

    **PLEASE TAKE NOTICE** that on June 7, 2016, QVT Fund LP and Quintessence Fund

L.P. (collectively "**QVT**"),  filed a *Motion for Leave to Amend and Reduce Proofs of Claim Nos.*

*20421, 21140, 21146 and 21217* (the "**QVT Claims**") together with proposed order, and that a

hearing (the "**Hearing**") for entry of an such order granting the Motion will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling

Green, New York, New York 10004, **on July 12, 2016, at 10:00 a.m.** (**Prevailing Eastern Time**), or such

other time as the Court may determine.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF) (with a hard copy delivered directly to Chambers) in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov) and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623;  (ii) counsel to Lehman Brothers Holdings, Inc. as Plan Administrator, (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Richard P. Krasnow, Esq., Jacqueline Marcus, Esq.,  Shai Y. Waisman, Esq., Alfredo R. Perez, Esq., Robert J. Lemons, Esq., Garrett  A. Fail, Esq. and Lori R. Fife, Esq.);  (iii) Jones Day LLP, 250 Vesey Street, New York, New York 10281 (Attn: Jayant W. Tambe, Esq., and Laura W. Sawyer, Esq.;  (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.);  (v) Epiq Bankruptcy Solutions, LLC, 777 Third Avenue, New York, New York  10022 (the "Claims Agent") and (vi) counsel for the movants, Hogan Lovells US LLP, 875 Third Avenue, New York, NY  10022 (Attn: Robin E. Keller, Esq. and John D. Beck Esq.), so as to be so filed and received by no later than **July 5, 2016, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion or any relief requested therein, QVT may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
June 7, 2016

HOGAN LOVELLS US LLP

By: */s/ John D. Beck*
    Robin E. Keller
    John D. Beck
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100
    Email: robin.keller@hoganlovells.com
           john.beck@hoganlovells.com

*Attorneys for QVT Fund LP and*
*Quintessence Fund L.P.*

**Objection Deadline: July 5, 2016 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: July 12, 2016 at 10:00 a.m. (Prevailing Eastern Time)**

**HOGAN LOVELLS US LLP**
Robin E. Keller
John D. Beck
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: robin.keller@hoganlovells.com
          john.beck@hoganlovells.com

*Attorneys for QVT Fund LP and Quintessence Fund L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **(Jointly Administered)** |
| **Debtors.** | |

**MOTION OF QVT FUND LP AND QUINTESSENCE FUND L.P. FOR LEAVE TO
AMEND AND REDUCE PROOFS OF CLAIM NOS. 20421, 21140, 21146, AND 21217**

QVT Fund LP ("QVT Fund") and Quintessence Fund L.P. ("Quintessence Fund", and together with QVT Fund, "QVT") hereby move this Court (the "Motion") for the entry of an order, in substantially the form attached hereto as Exhibit A, granting (i) QVT Fund leave to amend and reduce its previously filed proof of Claim No. 21217 against Lehman Brothers Special Financing ("LBSF") and Claim No. 21140 against Lehman Brothers Holdings International ("LBHI") and (ii) Quintessence Fund leave to amend and reduce its previously filed proof of Claim No. 20421 against LBSF and Claim No. 21146 against LBHI, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and section 86 of the *Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Confirmation Order") [Dkt. No. 23023]. In support of the Motion, QVT respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A) and (O). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The Motion is made pursuant to section 105(a) of the Bankruptcy Code and section 86 of the Confirmation Order.

## BACKGROUND

2.      On September 21, 2009, QVT Fund filed a proof of claim against LBSF [Claim No. 21217] in the amount of not less than $257,669,148, plus interest, fees, costs and other expenses arising under a certain ISDA Master Agreement, dated February 26, 2005, and a claim in the same amount against LBHI [Claim No. 21140] as guarantor of LBSF's obligations.

3.      On September 21, 2009, Quintessence Fund filed a proof of claim against LBSF [Claim No. 20421] in the amount of not less than $28,959,067, plus interest, fees, costs and other expenses arising under a certain ISDA Master Agreement, dated June 18, 2007, and a claim in the same amount against LBHI [Claim No. 21146] as guarantor of LBSF's obligations.  Claim Nos. 21217, 21140, 20421 and 21146 are collectively referred to herein as the "QVT Claims".

4.      LBHI and LBSF (collectively, "Lehman") objected to the QVT Claims in the *Debtor's One Hundred Fifty-Fifth Omnibus Objection to Claims (Valued Derivative Claims)* [Dkt. No. 17468] dated June 7, 2011.  Lehman and QVT subsequently engaged in years of informal discussions regarding the basis for the QVT Claims.  On January 30, 2014, the Debtor issued a *Notice of ADR Procedures and Scheduling of Claims Objection Hearing* [Dkt. No. 42391].  The parties then engaged in a lengthy mediation that was ultimately unsuccessful.  Since the mediator terminated the mediation in November, 2014, the parties

2

have proceeded to litigate the claims objection, including seventeen months of discovery, and are scheduled for a two week trial before this Court commencing on January 18, 2017.

5.     As part of its ongoing review of its Claims in light of Lehman's objections, QVT concluded that the original claims contained minor mathematical errors, and an inadvertent double-counting of margin collateral which was offset against the Claim amounts. QVT first advised Lehman of the claim revisions in informal discussions in 2010, and since that time the parties have always referred to the QVT Claims in the revised reduced claim amounts, including during the course of the mediation. On March 25, 2016, for the first time, Lehman requested that QVT formally amend its proofs of claim, which QVT agreed to do.

6.     As revised, QVT Fund submits it is owed $237,941,254.57 (after the application of collateral) – a total reduction of $19,727,893.43, and Quintessence Fund is owed $27,057,420.54 (after the application of collateral) – a total reduction of $1,901,646.46.[1] As a result, QVT requests permission to amend and reduce the QVT Claims to reflect these revisions. If the court approves, QVT will submit amended proofs of claim shortly after entry of an order granting the Motion.

## **RELIEF REQUESTED**

7.     QVT seeks entry of an order pursuant to section 105 of the Bankruptcy Code and section 86 of the Confirmation Order permitting QVT to amend and reduce the QVT Claims.

8.     Specifically, QVT Fund requests leave from the Court to amend and reduce Claims No. 21217 and 21140 from $257,669,148.00 to $237,941,254.57, and

---

[1] The amounts of the claims against LBHI—which are based on a guarantee—are calculated identically to the claims against LBSF. Thus, the proposed amount of the amended claims against LBHI are the same as the proposed amount of the amended claims against LBSF.

Quintessence Fund seeks to amend and reduce Claims No. 20421 and 21146 from $28,959,067.00 to $27,057,420.54.

9.      The requested amendments in this case are appropriate. "It is well-settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge." *In re McLean Industries, Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990). Furthermore, the leading Second Circuit case addressing amendment of claims specifically lists the correction of a defect as a basis for amendment of the claim. *In re G.L. Miller & Co.*, 45 F.2d 115, 116 (2d Cir. 1930). In addition, the proposed amendments to the QVT Claims are reasonably related to the QVT Claims as filed, and are not a veiled attempt to file a new claim. *See Bishop v. Leonard (In re Leonard)*, 112 B.R. 67, 71 (Bankr. D. Conn. 1990) (collecting cases); *see In re G.L. Miller & Co.*, 45 F.2d 115, 116-17 (2d Cir. 1930).

10.     Lehman has been well aware of the revised claim amounts, and there can be no prejudice to it or to these estates if the Court allows the amendment and reduction of the Claims; it can only benefit the estates by permitting the release of a small amount of reserves that are otherwise held on account for the QVT Claims.

11.     The requested amendments are also appropriate because QVT reserved its right to amend its claim amounts in the riders to the QVT Claims.  Specifically, each of the QVT Claims provides "QVT reserves all rights to further adjust, amend or withdraw this Proof of Claim or to set forth its claim with more particularity, including (without limitation, as a result of future events) to reflect the discovery and analysis of additional information, the correction of any errors, the resolution of disputes, the calculation of legal fees and/or other costs incurred by QVT in connection with the enforcement and protection of its rights under the Credit Documents and the assertion of any rights of setoff or recoupment."  QVT Claims at § E.  QVT continues to maintain its right to further amend the QVT Claims on the same

4

grounds as previously stated, including with respect to the calculation and assertion of legal fees and other costs to which it is entitled as part of its Claims under the ISDA Agreements.

## NOTICE

12.     QVT has provided notice of the Motion to (i) the chambers of the Honorable  Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) counsel to Lehman Brothers Holdings, Inc. as Plan Administrator, Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Richard P. Krasnow, Esq., Jacqueline Marcus, Esq.,  Shai Y. Waisman, Esq., Alfredo R. Perez, Esq., Robert J. Lemons, Esq., Garrett  A. Fail, Esq. and Lori R. Fife, Esq.);  (iii)  Jones Day LLP, 250 Vesey Street, New York,  New York 10281 (Attn: Jayant W. Tambe, Esq., and Laura W. Sawyer, Esq.); (iv) the Office of the United States Trustee for the Southern  District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (v) Epiq Bankruptcy Solutions, LLC, 777 Third Avenue, New York, New York  10022 (the "Claims Agent") and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended  order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  QVT submits that no other or further notice need be given.

## NO PRIOR REQUEST

13.     No prior motion for the relief requested herein has been made to this Court or any other U.S. court.

WHEREFORE, QVT respectfully moves this Court to enter an order in the form annexed hereto as **<u>Exhibit A</u>**, (i) permitting QVT to file amended proofs of claim, reducing the QVT Claims against LBSF and LBHI and (ii) granting such other and further relief as this Court deems just and equitable.

Dated: June 7, 2016
New York, New York

HOGAN LOVELLS US LLP

By: /s/John D. Beck
**HOGAN LOVELLS US LLP**
Robin E. Keller
John D. Beck
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100
Email: robin.keller@hoganlovells.com
      john.beck@hoganlovells.com

*Attorneys for QVT Fund LP and*
*Quintessence Fund LP*

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | **(Jointly Administered)** |
| **Debtors.** | |

**ORDER GRANTING MOTION OF QVT FUND LP AND QUINTESSENCE FUND**
**LP FOR LEAVE TO AMEND AND REDUCE PROOFS OF**
**CLAIM NOS. 20421, 21140, 21146, AND 21217**

Upon the *Motion of QVT Fund LP And Quintessence Fund LP for Leave to Amend and Reduce Proofs of Claim Nos. 20421, 21140, 21146, and 21217* (the "Motion"),[2] pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and section 86 of the Confirmation Order, seeking to amend and reduce Proofs of Claim Nos. 20421, 21140, 21146, and 21217; and due and proper notice of the Motion having been provided to (i) Lehman Brothers Holdings, Inc. as Plan Administrator; (ii) the United States Trustee; (iii) Epiq Bankruptcy Solutions, LLC (the "Claims Agent") and (iv) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and its subsidiary reorganized debtors, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the Motion is granted as provided herein; and it is further

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that QVT Fund is permitted to file and the Claims Agent is directed to accept, an amended proof of claim amending and reducing Claim No. 21217 against LBSF; and it is further

ORDERED that QVT Fund is permitted to file and the Claims Agent is directed to accept, an amended proof of claim amending and reducing Claim No. 21140 against LBHI; and it is further

ORDERED that Quintessence Fund is permitted to file and the Claims Agent is directed to accept, an amended proof of claim amending and reducing Claim No. 20421 against LBSF; and it is further

ORDERED that Quintessence Fund is permitted to file and the Claims Agent is directed to accept, an amended proof of claim amending and reducing Claim No. 21146 against LBHI; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
            _____ __, 2016


_____
UNITED STATES BANKRUPTCY JUDGE