B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re       Lehman Brothers Holdings Inc, et al, Debtors       Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **MERRILL LYNCH INTERNATIONAL** | **MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** |

Name and Address where notices to transferee
Should be sent:
c/o 2 King Edward Street,
London, EC1A 1HQ, United Kingdom

Court Claim Number: **Multiple; see attached schedule.**
Claim Amount: **see attached schedule.**

Attn: Simon Orr
Tel: 00 44 20 7995 8017
Email: simon.orr@baml.com


Name and Address where transferee payments
should be sent (if different from above):


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Simon Orr_       Date: 9 June 2016
    Simon Orr
    Authorised Signatory
**MERRILL LYNCH INTERNATIONAL**


*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

SCHEDULE

Transferred Claims

| ISIN | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|
| XS0258715456 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 100,000.00 | EUR | 62870 | 143,156.34 |
| XS0372842202 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 50,000.00 | EUR | 62870 | 73,788.10 |
| XS0208459023 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 95,000.00 | EUR | 62870 | 137,784.09 |
| XS0340222750 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 80,000.00 | USD | 62870 | 80,970.67 |
| XS0353187478 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 38,000.00 | USD | 62870 | 38,560.76 |
| | | | Total Allowed Amount of Claim being Transferred | | | 474,259.96 |

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged **Merrill Lynch, Pierce, Fenner & Smith Incorporated** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch International** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Number(s) set forth at Schedule 1 hereto (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"; provided however that the parties agree that the Transferred Claims do not include any rights, title or interest in or to the Distributions (as defined below) other than the Ninth LBHI Distribution and the Seventh LBT Distribution). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim provided to the Buyer by the Seller is a true, accurate and complete copy and includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claims; (g) the Notice of Proposed Allowed Claim Amount, dated August 24, 2011 (the "Notice") for the Proof of Claim provided to Purchaser is a true and correct copy (subject to redactions unrelated to the Purchased Claims), and there have been no revisions thereto, and no action was undertaken by Seller or any predecessor in interest with respect to the Notices; (h) with respect to the Purchased Claims, Seller or a predecessor in interest has received from Lehman Brothers Holdings Inc ("LBHI") (A) the initial LBHI distribution on or about April 17, 2012 in the amount set forth in Schedule 2 (the "Initial LBHI Distribution"), (B) the second LBHI distribution on or about October 1, 2012 in the amount set forth in Schedule 2 (the "Second LBHI Distribution"), (C) the third LBHI distribution on or about April 3, 2013 in the amount set forth in Schedule 2 (the "Third LBHI Distribution"), (D) the fourth LBHI distribution on or about October 3, 2013, in the amount set forth in Schedule 2 (the "Fourth LBHI Distribution"), (E) the fifth LBHI distribution on or about April 3, 2014, in the amount set forth in Schedule 2 (the "Fifth LBHI Distribution"), (F) the sixth LBHI distribution on or about October 2, 2014 in the amount set forth in Schedule 2 (the "Sixth LBHI Distribution"), (G) the seventh LBHI distribution on

or about April 2, 2015 in the amount set forth in Schedule 2 (the "Seventh LBHI Distribution"), (H) the eighth LBHI distribution on or about October 1, 2015 in the amount set forth in Schedule 2 (the "Eighth LBHI Distribution") and (I) the ninth LBHI Distribution on or about March 31, 2016 in the amount set forth in Schedule 2 (the "Ninth LBHI Distribution");; (i) with respect to the Purchased Security, the Seller or a predecessor in interest has received from Lehman Brothers Treasury Co., B.V. ("LBT") (A) the initial LBT distribution on or about May 8, 2013 in the amount set forth in Schedule 2 (the "Initial LBT Distribution"), (B) the second LBT distribution on or about October 24, 2013 in the amount set forth in Schedule 2 (the "Second LBT Distribution"), (C) the third LBT distribution on or about April 24, 2014 in the amount set forth in Schedule 2 (the "Third LBT Distribution"), (D) the fourth LBT distribution on or about October 28, 2014 in the amount set forth in Schedule 2 (the "Fourth LBT Distribution"), (E) the fifth LBT distribution on or about April 27, 2015 in the amount set forth in Schedule 2 (the "Fifth LBT Distribution"), (F) the sixth LBT distribution on or about October 29, 2015 in the amount set forth in Schedule 2 (the "Sixth LBT Distribution", and (G) the seventh LBT distribution on or about April 28, 2016 in the amount set forth in Schedule 2 (the "Seventh LBT Distribution") and together with the Initial LBHI Distribution, Second LBHI Distribution, Third LBHI Distribution, Fourth LBHI Distribution, Fifth LBHI Distribution, Sixth LBHI Distribution, Seventh LBHI Distribution, Eighth LBHI Distribution, the Ninth LBHI Distribution, the Initial LBT Distribution, the Second LBT Distribution, the Third LBT Distribution, the Fourth LBT Distribution, the Fifth LBT Distribution, the Sixth LBT Distribution and the Seventh LBT Distribution (the "Distributions"); (j) Seller has delivered to Purchaser true and correct copies of the distribution notices (subject to redactions unrelated to the Purchased Claims) relating to the Initial LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Seventh LBHI Distribution,the Eighth LBHI Distribution and the Ninth LBHI Distribution,, and there have not been any revisions, amendments or modifications thereto, and (k) other than the Distributions, neither Seller nor a predecessor in interest has received any payment or distribution, whether directly or indirectly, on account of the Purchased Claims or Purchased Security.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit to Buyer any payments, distributions or proceeds received by Seller after the trade date of January 14, 2016 in respect of the Transferred Claims. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and

carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is dated as of 9th June 2016

| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED | MERRILL LYNCH INTERNATIONAL |
|---|---|
| By: [signature] | By: [signature] |
| Name: | Name: |
| Title: HENDERSON DIRECTOR | Title: Simon Orr, Authorised Signatory |
| Address | Address |
| 214 North Tryon Street, 15th Floor, Charlotte, N.C. 28255, USA Attn: Gregory W Ponder Tel: 001 980 386 8308 Email: gregory.w.ponder@baml.com | 2 King Edward Street, London, EC1A 1HQ, United Kingdom Attn: Simon Orr Tel: 00 44 20 7995 8017 Email: simon.orr@baml.com |

## SCHEDULE 1

Transferred Claims

Lehman Programs Securities and Purchased Portion to which Transfer relates

| ISIN / CUSIP | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Claim Amount Transferred |
|---|---|---|---|---|---|---|
| XS0258715456 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | 100,000.00 | EUR | 62870 | 143,156.34 |
| XS0372842202 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | 50,000.00 | EUR | 62870 | 73,788.10 |
| XS0208459023 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | 95,000.00 | EUR | 62870 | 137,784.09 |
| XS0340222750 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | 80,000.00 | USD | 62870 | 80,970.67 |
| XS0353187478 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | 38,000.00 | USD | 62870 | 38,560.76 |

KL2 2923928.2

SCHEDULE 2

**LBHI Distributions**

| ISIN / Cusip | POC# | ISIN CCY | CCY Notional | USD Allowed Claim Amount | 17-Apr-12 0.03609229 | 01-Oct-12 0.02435579 | 04-Apr-13 0.03076315 | 03-Oct-13 0.03647317 | 03-Apr-14 0.03961836 | 02-Oct-14 0.02973355 | 02-Apr-15 0.02029137 | 02-Oct-15 0.01547661 | 31-Mar-16 0.00429479 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0258715456 | 62870 | EUR | 100,000.00 | 143,156.34 | $ 5,166.84 | $ 3,486.69 | $ 4,403.94 | $ 5,221.37 | $ 5,671.62 | $ 4,256.55 | $ 2,904.84 | $ 2,215.58 | $ 614.83 |
| XS0372842202 | 62870 | EUR | 50,000.00 | 73,788.10 | $ 2,663.18 | $ 1,797.17 | $ 2,269.96 | $ 2,691.29 | $ 2,923.36 | $ 2,193.98 | $ 1,497.26 | $ 1,141.99 | $ 316.90 |
| XS0208459023 | 62870 | EUR | 95,000.00 | 137,784.09 | $ 4,972.94 | $ 3,355.84 | $ 4,238.67 | $ 5,025.42 | $ 5,458.78 | $ 4,096.81 | $ 2,795.83 | $ 2,132.43 | $ 591.75 |
| XS0340222750 | 62870 | USD | 80,000.00 | 80,970.67 | $ 2,922.42 | $ 1,972.11 | $ 2,490.91 | $ 2,953.26 | $ 3,207.93 | $ 2,407.55 | $ 1,643.01 | $ 1,253.15 | $ 347.75 |
| XS0353187478 | 62870 | USD | 38,000.00 | 38,560.76 | $ 1,391.75 | $ 939.18 | $ 1,186.25 | $ 1,406.43 | $ 1,527.71 | $ 1,146.55 | $ 782.45 | $ 596.79 | $ 165.61 |

**LBT Distributions**

| ISIN / Cusip | POC# | ISIN CCY | CCY Notional | USD Allowed Claim Amount | 08-May-13 0.110143 | 24-Oct-13 0.04315 | 24-Apr-14 0.046377 | 28-Oct-14 0.038343 | 27-Apr-15 0.030718 | 29-Oct-15 0.022351 | 28-Apr-16 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0258715456 | 62870 | EUR | 100,000.00 | 143,156.34 | €12,349.98 | €4,838.20 | €5,200.10 | €4,299.30 | €3,444.40 | €2,479.10 | €701.49 |
| XS0372842202 | 62870 | EUR | 50,000.00 | 73,788.10 | €6,417.45 | €2,514.10 | €2,702.15 | €2,234.05 | €1,789.80 | €1,239.55 | €364.50 |
| XS0208459023 | 62870 | EUR | 95,000.00 | 137,784.09 | €11,392.16 | €4,463.00 | €4,796.84 | €3,965.87 | €3,177.18 | €2,571.88 | €647.05 |
| XS0340222750 | 62870 | USD | 80,000.00 | 80,970.67 | $10,444.64 | $4,250.56 | $4,602.16 | $3,524.72 | $2,373.28 | $1,631.50 | $510.00 |
| XS0353187478 | 62870 | USD | 38,000.00 | 38,560.76 | $4,826.91 | $1,964.37 | $2,126.86 | $1,628.91 | $1,096.79 | $774.96 | $235.68 |