UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
In re:                                                            :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (JMP)
                                                                  :
                                Debtors.                          :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**ANTHONY NAHUM**                               **BANK LEUMI LE-ISRAEL B.M.**
Name of Transferee                              Name of Transferor

Name and Address where notices to transferee should     Court Claim # (if known): 68115
be sent:                                                Amount of Claim: $6,500,000.00
                                                        Date Claim Filed: July 13, 2012
  Anthony Nahum
  56 North Gate                                 Name and Address of Transferor:
  Prince Albert Road
  London NW8 7EH                                Bank Leumi Le-Israel B.M.
  United Kingdom                                35 Yehuda Halevi Street
  E-mail: Anthony.nahum@LTSAM.com               Tel-Aviv 65136, Israel
                                                Email: daniel.tsiddon@bankleumi.co.il

Name and Address where transferee payments
should be sent (if different from above):
Same as above

                                                **PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**ANTHONY NAHUM**

____/s/ Nahum_____           Date: June 15, 2016

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## **EXHIBIT A**

Proof of Claim

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc , Et Al.<br>08-13555 (JMP)   0000068115 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Bank Leumi le-Israel B.M.     w/ a copy to: Davis Polk & Wardwell LLP
35 Yehuda Halevi Street                        450 Lexington Avenue
65136 Tel Aviv, Israel                              New York, NY 10017
Att: Prof. Daniel Tsiddon                      Att: Benjamin S. Kaminetzky
Tel: 972-3-5147098                                Tel: (212) 450-4259
Email: danielts@bll.co.il                         benjamin.kaminetzky@dpw.com

Telephone number:          Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 28333
*(If known)*

Filed on: 9/22/09

FILED / RECEIVED
JUL 13 2012
EPIQ BANKRUPTCY SOLUTIONS, LLC

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 39,894,746.54
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached addendum
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
3a. Debtor may have scheduled account as: N/A
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date:<br>7/13/12 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



Prof. Daniel Tsiddon
Head, Capital Markets Division

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re:                                                : Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC.,     : 08-13555 (JMP)

           Debtor.                                 :

------------------------------------- x

### ADDENDUM TO PROOF OF CLAIM
### OF BANK LEUMI LE-ISRAEL B.M.

1. *Debtor.* On September 15, 2008 (the "**Petition Date**"), **Lehman Brothers Holdings Inc.** ("**LBHI**") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. *Creditor.* This amended proof of claim ("**Amended Proof of Claim**") is filed by **Bank Leumi le – Israel, B.M.** (the "**Creditor**") and amends the Creditor's Proof of Claim filed against LBHI on September 22, 2009 (Claim No. 28333) ("**Original Proof of Claim**"). The Amended Proof of Claim seeks recovery with respect to a resolution of the Board of Directors of LBHI dated June 9, 2005, pursuant to which LBHI fully guaranteed all liabilities, obligations and commitments of certain of its subsidiaries, including **Lehman Brothers International (Europe)** ("**LBIE**"), and a Guarantee of Lehman Brothers Holdings Inc. dated January 4, 2008 pursuant to which LBHI absolutely and unconditionally guaranteed payment when due without limitation of all of the liabilities, obligations, and commitments to any counterparty of LBIE (the "**Guarantees**").

3. *Amount of Claim.* As of the Petition Date, LBHI was, and remains, responsible to the Creditor under the Guarantees in an amount not less than the amount arising out of LBIE's breach of its obligation to purchase the Certificates, as defined below, for $102.17 million, after certain transactions, totaling $62,275,253.46, that have mitigated Bank Leumi's losses, as set forth below, which unrecovered amount now stands at not less than $39,894,746.54. This amount

consists of the difference between the $102.17 million contract price for the Certificates and amounts already recovered by Bank Leumi, equaling $44,775,253.46 in amounts paid pursuant to a settlement with LBIE and $17.5 million from the transfer of a separate claim against LBHI to Deutsche Bank AG, London Branch, for a total unrecovered amount of not less than $39,894,746.54. In addition, the Creditor claims all accrued and unpaid interest thereon to the extent provided for in the applicable documents and under applicable law and for costs, expenses and other amounts payable by LBHI under the Guarantees to the extent provided therein (all amounts so set forth in this paragraph 3, collectively referred to as the "**Claim Amount**").

4. *Basis for Claims*. LBIE is liable to Creditor for breach of contract damages resulting from a failed transaction between Creditor and LBIE for the purchase of one thousand certificates entitled "Certificate Linked to the Lehman Brothers US Dollar Liquidity Fund" and numbered ISIN ANN5214R3875 (the "**Certificates**"),[1] issued by **Lehman Brothers Securities, N.V.** ("**LBS**") for $100 million, for which payment on the Certificate was guaranteed by LBHI (together with LBIE and LBS, the "**Lehman Entities**"), and for which LBIE served as market maker.

5. Prior to the Petition Date, on February 1, 2007, Creditor purchased the Certificates for $100 million from LBS. On September 12, 2008, Creditor entered into an agreement with LBIE in which LBIE agreed to purchase the Certificates on September 17, 2008, for approximately $102.17 million (the "**Transaction**"). Pursuant to the terms of the Transaction, on September 12, Creditor took the necessary steps to cause the transfer of the Certificates to LBIE through Euroclear. In exchange, LBIE was obligated to transfer the purchase price, $102.17 million, to Creditor on September 17. To complete the Transaction, LBIE sold a proportionate part of the fund underlying

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Certificates, a copy of which will be filed with the Guarantee Questionnaire submitted in connection with the Creditor's claim in accordance with the Bar Date Order.

2

the Certificates, deducted management and redemption fees, and held the remaining balance of $102.17 million within the Lehman Entities' cash management system in trust for Creditor for transmission to Creditor in accordance with the prescribed timing (in this case three (3) business days subsequent to Transaction completion) and mechanics of the applicable documentation. As is customary for a transaction of this type, both LBIE and Creditor gave notice to Euroclear memorializing the closing of the Transaction and Euroclear duly confirmed same. However, the Commencement Dates intervened, and the funds designated or otherwise intended for transfer to Creditor in payment of the purchase price under the Transaction were not transferred to Creditor and, instead, remained in the Lehman Entities' cash management system. As such, on the Commencement Date, such funds remained held in trust by LBHI for (or otherwise designated for) Creditor. As a result of LBIE's breach and its ensuing failure to pay the funds to Euroclear, the Certificates were subsequently returned by Euroclear to Bank Leumi. Based on the foregoing, Creditor also gives notice of and/or otherwise asserts its ownership of and/or rights in and to funds of (or held by) LBHI, based on theories of constructive trust, equitable ownership or other similar theories.

6.   On July 1, 2011, Bank Leumi and LBIE entered into a settlement agreement relating to LBIE's breach of contract, pursuant to which LBIE agreed to admit Bank Leumi's claim against LBIE in the amount of $86,273,909 million, and on which Bank Leumi was ultimately paid an amount of $44,775,253.46 (the "**Settlement Agreement**"). On July 15, 2011, Bank Leumi transferred in full the Lehman Program Securities Claim and the Certificates to Deutsche Bank AG, London Branch, for the price of $17.5 million (the "**Transfer Agreement**"). The same day, Bank Leumi filed a notice of transfer with this Court pursuant to Fed. R. Bankr. P. 3001(e)(2) [Docket No. 18540]. With this Amended Proof of Claim, Bank Leumi seeks recovery of the difference

3

between the unpaid purchase price for the Certificates, plus accrued and unpaid interest thereon to the extent provided for in the applicable documents and under applicable law and for costs, expenses and other amounts payable under the applicable documents, and amounts already recovered by Bank Leumi under the Settlement Agreement and Transfer Agreement – i.e., $102.17 million - $44,775,253.46 million - $17.5 million, for a total unrecovered amount of at least $39,894,746.54.

7. This Amended Proof of Claim is filed in respect of the Claim Amount and any and all other amounts, liabilities and obligations (including without limitation, all indemnification obligations) under, or in connection with, the Guarantees.

8. *Documents.* The Creditor hereby refers to and incorporates by reference the Original Proof of Claim and the Guarantee Questionnaire.

9. *Prior Credits.* The amount of all payments on the claims set forth in this Amended Proof of Claim has been credited and deducted for the purpose of making this Amended Proof of Claim.

10. *No Judgment.* No judgment has been rendered on the claims set forth in this Amended Proof of Claim.

11. *Bar Date Order.* On July 2, 2009, this Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claims, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**") establishing September 22, 2009, as the deadline for filing proofs of claim against the Debtors.

12. *Effect of Filing; Reservations of Rights.* The Creditor is filing this Amended Proof of Claim under compulsion of the Bar Date Order to protect itself from forfeiture of these claims

4

against the Debtor by reason of the entry of the Bar Date Order. The filing of this Amended Proof of Claim does not constitute: (i) a waiver of any of the Creditor's rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate of the Debtor, an assignee, a guarantor or otherwise; (ii) a waiver of any obligation owed to the Creditor, or any right to any security that may be determined to be held by them or for their benefit; (iii) a waiver of any past, present or future defaults (or events of default) by the Debtor or others in connection with the Agreement; (iv) an election of remedies (including, but not limited to, an election of remedies that waives or otherwise affects any other remedies); (v) consent by the Creditor to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving the Creditor; (vi) consent by the Creditor to the treatment of any non-core claim against it as a core claim; (vii) a waiver of the right to move to withdraw the reference with respect to the claims or otherwise, including, without limitation, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving the Creditor; (viii) a waiver of any right to the subordination, in favor of the Creditor, of indebtedness or liens held by other creditors of the Debtor; (ix) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is, or becomes, available; (x) consent by the Creditor to a jury trial, or waiver of the Creditor's right to a trial by jury, in each case, in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto; (xi) a waiver of the Creditor's right to have final orders in non-core matters entered only after *de novo* review by a District Court judge; (xii) an admission by the Creditor that any property held by the Debtor constitutes property of the Debtor's estate or (xiii) a waiver or limitation of any procedural or substantive rights, or any procedural or substantive defenses, to any claim that may be asserted against the Creditor. In addition, the Creditor reserves

5

the right to withdraw this Amended Proof of Claim with respect to any or all of the claims set forth herein and/or with respect to the Debtor, for any reason whatsoever. The Creditor does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. The Creditor: (a) expressly reserves and does not waive any right or remedy, at law or in equity, of the Creditor, or any of the Creditor's affiliates (as that term is defined in the Bankruptcy Code) including, without limitation, any and all rights of setoff, recoupment or counterclaim with respect to the Claim Amount, howsoever arising, including such rights of setoff exercisable by agreement or applicable law by the Creditor or any of the Creditor's affiliates against the Debtor or any of the Debtor's affiliates, any right to any security held by or for it or them pursuant to the Agreement and related documents, or any right to claim an interest in specific assets or any other rights or causes of action that the Creditor has, or may have, against the Debtor, or any other persons or entities, and expressly reserves all such rights; (b) reserves the right to file additional proofs of claim and to amend or supplement this Amended Proof of Claim in any respect, including without limitation by (1) asserting claims arising from, or relating to, the avoidance of transfers made to the Creditor or any other entity, (2) amending, quantifying or correcting the dollar amount of any part of the claims, (3) adding or including any other debtor entity or any other entity, including but not limited to any entity that may become a debtor or debtor-in-possession in these jointly administered bankruptcy cases, (4) providing additional detail regarding the claims set forth herein, (5) adding or amending categories of payments or liabilities; and (c) reserves the right to assert that all or any part of the claim described herein is administrative expenses entitled to a first-priority under sections 507(a)(2) and 507(b) of the Bankruptcy Code, including, but not limited to, costs and expenses (including attorneys' fees and disbursements) incurred by the Creditor that remain unpaid. This Amended Proof of Claim is filed without prejudice to the filing by the Creditor

or any of its affiliates of additional proofs of claim with respect to any other liability or indebtedness of the Debtor.

13. *Notice.* All notices with respect to this Amended Proof of Claim should be sent to:

> Bank Leumi le – Israel B.M.
> 35 Yehuda Halevi Street
> 65136 Tel Aviv, Israel
> Att: *Prof. Daniel Tsiddon, Head of Capital Markets Division*
>
> with a copy to:
> Davis Polk & Wardwell LLP
> 450 Lexington Ave.
> New York, New York 10017
> Att: *Benjamin S. Kaminetzky*

14. *Headings.* Section headings used herein are for convenience only and are not to affect the construction of, or to be taken into consideration in interpreting, this Amended Proof of Claim.

* * *

**HAND DELIVERY**

_(signature)_
_____
RECEIVED BY:

**FILED / RECEIVED**
JUL 13 2012
EPIQ BANKRUPTCY SOLUTIONS, LLC
_____
DATE

3:10
_____
TIME

**EXHIBIT B**

Evidence of Transfer from Transferor to Transferee

EVIDENCE OF TRANSFER OF CLAIM

TO:   Clerk, United States Bankruptcy Court, Southern District of New York

Bank Leumi Le-Israel B.M. ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim Agreement dated as of the date hereof, does hereby certify that Seller has unconditionally and irrevocably sold, transferred and assigned to Anthony Nahum, its successors and assigns ("Buyer"), all rights, title and interest in and to the claim of Seller against **Lehman Brothers Holdings Inc.** (Claim No.: 68115) in the amount of $6,500,000 (the "Claim") in the In re: Lehman Brothers Holdings, Inc. et. al., Chapter 11 Case No. 08-13555 (SCC) (Jointly Administered)).

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned have duly executed this Evidence of Transfer of Claim by their duly authorized representatives as of the 14th day of June, 2016.

BANK LEUMI LE-ISRAEL B.M.

By: _____
Name: Prof. Daniel Tsiddon
Title: Deputy Chief Executive Officer


**ANTHONY NAHUM**

_____