WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
Attorneys for John L. Scott, Inc.
1133 Westchester Avenue
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Attn:   Peter A. Meisels, Esq.
      David Tillem, Esq.
      Allison M. Holubis, Esq.
      Gracie C. Wright, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
In re:                                                                   :  **CHAPTER 11**
                                                                         :  Case No. 08-13555-scc
**LEHMAN BROTHERS HOLDINGS INC., et al.,**                               :
                                                                         :
                  **Debtors.**                                     :
------------------------------------------------------------------------ X

**JOHN L. SCOTT, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO THE SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for John L. Scott, Inc.
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

6051600v.1

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................1

PRELIMINARY STATEMENT .....................................................................................................1

ARGUMENT...................................................................................................................................3

    I.    SCOTT IS A STRANGER TO THE UNDERLYING TRANSACTIONS AND IS NOT A SUCCESSOR ENTITY UNDER WASHINGTON LAW............3

        A.    Scott is a Complete Stranger to the Underlying Transactions and Should Not Be Required to Participate in Mediation ...................................3

        B.    The Conclusory Allegations Regarding Scott's Status as a Successor Do Not Give Rise to Liability Under Washington Law ..............4

    II.   THE COURT LACKS JURISDICTION OVER THIS CONTESTED MATTER...................................................................................................................7

        A.    LBHI Has Not Satisfied the "Close Nexus" Test For Establishing Subject Matter Jurisdiction. ...................................................................................7

        B.    Final Judgment May Not Be Entered by This Court as the Determination of Successor Liability is a Non Core Claim. ......................11

CONCLUSION .............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................................. 9

*Bert Kuty Revocable Living Trust ex rel. Nakano v. Mullen,*
  175 Wash. App. 292 (Wash. Ct. App. 2013) ........................................................................ 6, 7

*Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.,*
  635 F.3d 48 (2d Cir. 2011) ....................................................................................................... 3

*Cambridge Townhomes, LLC v. Pacific Star Roofing, Inc.,*
  166 Wash.2d 475 (2009) ....................................................................................................... 5, 6

*Cantor v. American Banknote Corp.,*
  2007 WL 3084966 (Bankr. S.D.N.Y. Oct. 22, 2007) ............................................................... 7

*In re 610 W. 142 Owners Corp.,*
  219 B.R. 363 (Bankr. S.D.N.Y. 1998) ....................................................................... 11, 12, 13

*In re Century Brass Prods., Inc.,*
  1992 WL 22191 (D. Conn. Jan. 7, 1992) ............................................................................... 12

*In re Cuyahoga Equip. Corp.,*
  980 F.2d 110 (2d Cir. 1992) ................................................................................................... 12

*In re Enron Corp.,*
  2004 WL 1197243 (S.D.N.Y. May 28, 2004) ........................................................................ 11

*In re General Media, Inc.,*
  335 B.R. 66 (Bankr. S.D.N.Y. 2005) ....................................................................................... 8

*In re Hagerstown Fiber Ltd. Partnership,*
  277 B.R. 181 (Bankr. S.D.N.Y. 2002) ................................................................................... 10

*In re Indicon,*
  499 B.R. 395 (Bankr. D. Conn. 2013) ..................................................................................... 9

*In re Kassover,*
  336 B.R. 74 (Bankr. S.D.N.Y. 2006) ....................................................................................... 7

*In re New England Nat., LLC,*
  2012 WL 3987648 (Bankr. D. Conn. Sept. 11, 2012) ............................................................. 9

*In re Park Ave. Radiologists, P.C.,*
  450 B.R. 461 (Bankr. S.D.N.Y. 2011) ................................................................................. 7, 8

*In re Seatrain Lines, Inc.*,
   198 B.R. 45 (Bankr. S.D.N.Y. 1996) ..................................................................................11

*In re Sosa*,
   277 B.R. 263 (Bankr. D.R.I. 2011) ....................................................................................10

*Martin v. Abbott Laboratories*,
   102 Wash.2d 581 (1984) ......................................................................................................5

*Matter of Sergeant Farms, Inc.*,
   224 B.R. 842 (Bankr. M.D. Fla. 1998) ..............................................................................10

*McMahon v. Providence Capitol Enter., Inc.*,
   222 B.R. 205 (S.D.N.Y. 1998) ...........................................................................................12

*Meisel v. M&N Modern Hydraulic Press Co.*,
   97 Wash.2d 407 (1982) ........................................................................................................6

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
   458 U.S. 50 (1982) .......................................................................................................12, 13

*Orion Pictures Corp. v. Showtime Networks, Inc.*,
   4 F.3d 1095 (2d Cir. 1993) ...........................................................................................12, 13

*Ta Chong Bank Ltd. v. Hitachi High Technologies America, Inc.*,
   610 F.3d 1063 (9th Cir. 2010) ............................................................................................10

**Statutes**

11 U.S.C. .....................................................................................................................................12

11 U.S.C. § 105(a) .................................................................................................................2, 10

28 U.S.C. § 1334 ..........................................................................................................................7

28 U.S.C. § 157(b) .....................................................................................................................11

28 U.S.C. § 157(c) .....................................................................................................................11

28 U.S.C. § 157(c)(1) .................................................................................................................11

**Rules**

FRCP 8(a)(2) ................................................................................................................................9

## INTRODUCTION

John L. Scott, Inc. ("Scott"), hereby makes and files this memorandum of law in opposition to the Second Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, filed by the Debtors of Lehman Brothers Holdings, Inc. ("LBHI"), et al., (the "Debtors") on April 22, 2016 [Docket No. 52574] (the "Motion in Aid").

## PRELIMINARY STATEMENT

Scott is one of the alleged entities that LBHI, as Plan Administrator, is seeking to compel to participate in a mandatory mediation of indemnification claims, which claims, it asserts, have been assigned by Lehman Brothers Bank, FSB ("LBB") for alleged breaches of representations and warranties contained in Loan Purchase Agreements. LBHI's claims, however, are not asserted directly against Scott, which is a stranger to the Loan Purchase Agreements and the underlying transactions. Instead, LBHI's claims are directed toward the entity that actually sold LBB the mortgages. LBHI now, in a conclusory manner, asserts that Scott is a potential successor to the original seller, Response Mortgage Services, Inc. ("Response"), which is an entity that is still registered with the Washington Secretary of State. On this basis, LBHI is seeking to enforce this Court's ADR Order dated July 18, 2014 against Scott, and thereby compel Scott to participate in costly and time-consuming mediation regarding the liability of a completely separate entity, Response.

LBHI's Motion in Aid is based upon mere speculation and conclusion, and sets forth no factual or evidentiary basis in support of its theory of successor liability against Scott. Indeed, LBHI's allegations against Scott are contained in a single paragraph within a chart, and are not accompanied by a single piece of supporting evidence. Moreover, LBHI admits that it does not

1

possess the facts necessary to conclusively establish that Scott is in fact liable as a successor. As such, LBHI's attempt to force Scott into a mandatory mediation should fail.

In addition, LBHI's bare, conclusory allegations concerning Scott and Response do not give rise to liability under Washington law. The general rule that a corporation purchasing the assets of another corporation does not become liable for the debts and liabilities of the selling corporation has four exceptions, all of which place the burden on LBHI to establish the applicability thereof. Here, however, LBHI does not allege or provide any evidence that Scott purchased Response's assets. Moreover, the Declaration of Phil McBride, Chief Operating Officer of Scott, which accompanies this opposition, establishes that Scott did not purchase or receive all or substantially all of Response's assets. Because LBHI fails to assert any plausible theory of liability as to Scott, it is respectfully submitted that LBHI fails to establish jurisdiction over the complete stranger to the alleged transactions, Scott.

In addition, the Bankruptcy Court lacks subject matter jurisdiction over this contested matter, as LBHI fails to establish either of the two requirements necessary to invoke this Court's limited post-confirmation jurisdictional powers. Indeed, it is clear that this matter does not affect the interpretation, implementation, or consummation of the confirmed plan, nor does the plan provide that the Court retains exclusive jurisdiction over the claims involved in this dispute. Moreover, 11 U.S.C. § 105(a) does not authorize the Court to entertain this contested matter. Finally, this Court lacks the ability to issue a final order or judgment as the determination of successor liability is a non-core claim.

# ARGUMENT

## I. SCOTT IS A STRANGER TO THE UNDERLYING TRANSACTIONS AND IS NOT A SUCCESSOR ENTITY UNDER WASHINGTON LAW

### A. Scott is a Complete Stranger to the Underlying Transactions and Should Not Be Required to Participate in Mediation

Scott is not and has never been a party to this proceeding. Scott was not served with a summons and complaint, nor is it listed as a defendant in any adversary proceeding brought by LBHI. Rather, LBHI asserts its claim against Scott only by naming it in an exhibit to its Motion in Aid. LBHI is thus attempting to force Scott into costly mediation based upon bald, conclusory assertions that Scott *might* be a potential successor to a business LBHI transacted with in 2005.

The burden is on LBHI to establish that Scott is a successor in interest to Response. *Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 52 (2d Cir. 2011) ("the proponent of successor liability must offer proof that one of the . . . exceptions to the general rule [that purchasers of assets do not assume their predecessor's liabilities] applies"). LBHI presents no evidence that Scott is a successor in interest, instead, opting to guess at whether it meets one of four exceptions to the successor liabilities laws without so much as providing a declaration that it has reason to believe the "facts" it sets forth have merit. Indeed, LBHI admits that it "cannot conclusively determine the existence of successor liability." Motion in Aid, ¶ 22. Instead, LBHI points to the conclusory allegation that it possesses "indicia giving rise to reasonable grounds to assert that the Successors may be legally responsible." *Id.* However, the "indicia" consists of a single paragraph, without citation to any evidence, containing conclusory allegations that Scott is a successor to Response. *See* Motion in Aid, Ex. A at 3. Despite the lack of any colorable allegations at to Scott's liability, LBHI, seeks to have Scott expend time and expense to prove in mediation that Scott is not liable as a successor in

interest. This burden shift is wholly unsupported by any factual allegations or case law, and, as explained in detail in Point III, the "indicia" listed specific to Scott is both inaccurate and inconsequential to establishing liability.

Although LBHI asserts that Scott signed a guaranty agreement that guaranteed Response's full performance of and compliance with all the agreements between Response and LBB, LBHI fails to attach that guaranty to the Motion in Aid. In addition, despite counsel's numerous attempts to obtain a copy of the alleged guaranty from LBHI, LBHI has failed to produce it. As set forth in the Declaration of Phil McBride, dated June 17, 2016, a search has been conducted for the existence of the alleged guaranty, and no guaranty has been found. McBride Decl. at ¶13. Moreover, it was not Scott's normal business practice to provide a guaranty for transactions such as those taking place between Response and LBB. *Id.* at ¶14. Without any indication that the purported guaranty actually exists, LBHI's attempt to bootstrap Scott into an Alternative Dispute Resolution ("ADR") agreement is meritless, and would result in significant costs to Scott.

Because LBHI fails to assert any plausible theory of liability as to Scott, it is respectfully submitted that LBHI fails to establish jurisdiction over the complete stranger to the alleged transactions, Scott.

### B. The Conclusory Allegations Regarding Scott's Status as a Successor Do Not Give Rise to Liability Under Washington Law

LBHI fails to plausibly allege the existence of successor liability against Scott under Washington law. The only mention of Scott appears in Exhibit A, where LBHI claims that:

> Information obtained by LBHI indicates the following: Response is a wholly owned subsidiary of [Scott], shares several officers, directors, and/or owners, and operates at the same principal place of business. At the time that Response became a correspondent, [Scott] signed a Guaranty Agreement that guaranteed Response's

4

> full performance of and compliance with all of the agreements
> between Response and LBB, including all the representations and
> warranties contained in the Seller's Guide.

*See* Motion in Aid, Ex. A, 3. This paragraph alleges no facts that could establish Scott's successor liability under Washington law.

"Washington adheres to the general rule that a corporation purchasing the assets of another corporation does not become liable for the debts and liabilities of the selling corporation." *Cambridge Townhomes, LLC v. Pacific Star Roofing, Inc.*, 166 Wash.2d 475, 481-82 (2009) (internal citations omitted); *see also Martin v. Abbott Laboratories*, 102 Wash.2d 581, 609 (1984) ("Traditionally, a corporation purchasing the assets of another corporation does not, by reason of the purchase of the assets, become liable for the debts and liabilities of the selling corporation."). "An exception to this rule may exist, however, where (1) there is an express or implied agreement for the purchaser to assume liability; (2) the purchase is a de facto merger or consolidation; (3) the purchaser is a mere continuation of the seller; or (4) the transfer of assets is for the fraudulent purpose of escaping liability." *Cambridge Townhomes, LLC*, 166 Wash.2d at 482 (internal citations and quotations omitted).

Although LBHI's theory of liability is not articulated in its motion papers, it appears that LBHI is relying on the "mere continuation" exception to Washington's general rule against imposing liabilities on a purchasing company. "Washington courts rely on several factors to determine whether a successor business is a mere continuation of a seller." *Id.* at 482. "These include a common identity between the officers, directors, and stockholders of the selling and purchasing companies, and the sufficiency of the consideration running from the seller corporation in light of the assets being sold." *Id.* However, when there is no sale or transfer of assets, there is no "successor" company, and thus the mere continuation analysis is both

5

inappropriate and inapplicable. *Bert Kuty Revocable Living Trust ex rel. Nakano v. Mullen*, 175 Wash. App. 292, 314-15 (Wash. Ct. App. 2013).

In *Bert Kuty Revocable Living Trust ex rel. Nakano*, the plaintiff alleged that defendant D.C. Inc. participated in an equity stripping scheme. It also named defendant Columbia River Properties as a defendant, contending that Columbia was liable as D.C.'s successor company. The Court held:

> [U]nder the facts of this case, the Kuty Trust did not present any evidence demonstrating that D.C. Inc. made a meaningful transfer of assets to Columbia River Properties. Without a transfer of assets, Columbia River Properties is not a successor company of D.C. Inc. *See Meisel,* 97 Wash.2d at 407, 645 P.2d 689 (recognizing that the general rule of no successor liability and the exceptions to the general rule presuppose a transfer, in some form, of assets from one business to another). Because Columbia River Properties is not a successor company of D.C. Inc., application of the "mere continuation" analysis is inappropriate and flawed. *See Meisel,* 97 Wash.2d at 405, 407, 409, 645 P.2d 689. For example, the first factor, which compares the identity of officers, directors, and stockholders, presupposes that the comparison will be between the "selling" and "purchasing" corporations. *Cambridge Townhomes,* 166 Wash.2d at 482, 209 P.3d 863. Moreover, the second factor is whether the selling corporation received adequate consideration for the transfer of its assets. *See Cambridge Townhomes,* 166 Wash.2d at 482, 209 P.3d 863. When there is no sale or transfer of assets, these factors do not apply. Thus, we hold that the trial court did not err by finding that Columbia River Properties was not liable as a successor corporation to D.C. Inc.

175 Wash. App. at 314-15.

Similarly, here, it is not alleged that Scott purchased or acquired all or substantially all of Response's assets. Indeed, that allegation is completely absent from LBHI's papers. Moreover, the Declaration of Phil McBride establishes that Scott did not purchase or acquire any of Response's assets, other than nominal tangible assets, such as furniture, equipment or software. McBride Dec. at ¶10. Thus, without LBHI's demonstration that Response made a meaningful transfer of assets to Scott, there is no basis for imposing liability based upon the "mere

continuation" doctrine, or any other exception sufficient to establish successor liability. *See Bert Kuty Revocable Living Trust ex rel. Nakano,* 175 Wash. App. at 314-15.

## II. THE COURT LACKS JURISDICTION OVER THIS CONTESTED MATTER

### A. LBHI Has Not Satisfied the "Close Nexus" Test For Establishing Subject Matter Jurisdiction.

Even if successor liability was plausibly alleged, which it was not, LBHI has not satisfied the "close nexus" text for establishing subject matter jurisdiction. "[O]nce confirmation occurs, the bankruptcy court's jurisdiction [under Section 1334] shrinks." *In re Park Ave. Radiologists, P.C.*, 450 B.R. 461, 467 (Bankr. S.D.N.Y. 2011). Indeed, a party invoking the bankruptcy court's post-confirmation jurisdiction must satisfy two requirements: (1) the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, or consummation of the confirmed plan, and (2) the plan must provide for the retention of jurisdiction over the dispute. *Cantor v. American Banknote Corp.*, 2007 WL 3084966, at *3 (Bankr. S.D.N.Y. Oct. 22, 2007); *In re Kassover*, 336 B.R. 74, 79 (Bankr. S.D.N.Y. 2006).

In *Cantor*, the confirmation order and reorganization plan at issue merely authorized the debtor to enter into an agreement with plaintiff entitling him to bring an action against the debtor for employment benefits. 2007 WL 3084966, at *4. When the bankruptcy court's subject matter jurisdiction over the plaintiff's action for employment benefits was called into question, the district court held that the bankruptcy court lacked post-confirmation subject matter jurisdiction over that action since the benefits agreement was not part of the reorganization plan, and because the benefits action did not require interpretation of that plan. *Id.*

As in *Cantor*, LBHI is unable to establish either of the two requirements necessary to invoke this Court's post-confirmation jurisdiction. First, this proceeding does not affect any

7

aspect of the Confirmed Plan. While LBHI attempts to argue that the ADR Order is encompassed by the Confirmed Modified Third Amended Plan of Reorganization of Lehman Brothers Holding, Inc. and Its Affiliated Debtors (the "Confirmed Plan"), effective March 6, 2012, it fails to demonstrate how this contested matter with Scott "affects the interpretation, implementation or consummation" of the ADR Order, let alone the Confirmed Plan. *See In re General Media, Inc.*, 335 B.R. 66, 74 (Bankr. S.D.N.Y. 2005) ("Broadly speaking, the proceeding must affect some aspect of the plan – its meaning, its implementation or its consummation – to come within the Court's post-confirmation jurisdiction."). Tellingly, LBHI does not ask this Court to interpret any language in the ADR Order as a matter of law, but rather seeks resolution of questions of law and fact as to whether Scott has assumed the liabilities of Response. Thus, there is no "close nexus" between this proceeding against Scott and the Confirmed Plan. *See In re Park Ave. Radiologists, P.C.*, 450 B.R. at 469 (finding no post-confirmation jurisdiction when state law claims lacked a close nexus to any provision in the confirmed plan).

Moreover, through this proceeding against Scott, LBHI does not seek to "implement or consummate" the ADR Order or the Confirmed Plan. LBHI claims that it has preserved its assigned claims for breaches of contractual warranties and representations in the underlying loan purchase agreements between Response and LBB, citing Section 13.8 of the Confirmed Plan. However, the purpose of this contested matter is not to prosecute those claims. None of the alleged successors, including Response, have been joined as a defendant, or substituted for another party, in any proceeding instituted by LBHI, as assignee of LBB, asserting those claims. Indeed, Response has not been named in the adversary proceeding. Nor does LBHI affirmatively demonstrate – as it is required to do – that there are grounds for such a joinder or substitution

based upon a successor liability theory. *See In re Indicon*, 499 B.R. 395, 400 (Bankr. D. Conn. 2013) ("[T]he party asserting the court's subject matter jurisdiction has the burden of proving it by a preponderance of the evidence."). In fact, LBHI presents no factual analysis based upon admissible evidence in an attempt to demonstrate that Scott has potential liability for any contract or indemnification claim contemplated by the Confirmed Plan. *See In re New England Nat., LLC*, 2012 WL 3987648, at *6 (Bankr. D. Conn. Sept. 11, 2012) (declining to determine post-confirmation jurisdiction over proceeding until parties submitted statements of material facts with supporting evidence regarding whether the proceeding had a close nexus to the bankruptcy plan). It is thus apparent that LBHI's true motive is to haul Scott, a third-party who is a stranger to the underlying transaction between Response and LBB, and who has no privity of contract with either LBHI or LBB, into the Bankruptcy Court when the Court's jurisdiction has been considerably reduced.

LBHI also fails to demonstrate that the second factor required to invoke this Court's jurisdiction, namely, whether the Confirmed Plan provides for the retention of jurisdiction over this dispute, has been satisfied. LBHI relies on a provision in the ADR Order which confirms the Confirmed Plan. In particular, LBHI alleges that this provision confers upon the Bankruptcy Court exclusive jurisdiction over LBHI's assigned claims. However, contrary to LBHI's assertion, there are no claims currently pending against Scott over which this Court retains exclusive jurisdiction pursuant to this provision. The lack of facts and admissible evidence presented in this contested matter indicates that LBHI cannot state a cognizable claim against Scott, i.e., claims that are plausible on their face and raise the right to LBHI's relief above the "speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (FRCP 8(a)(2)

9

requires a plaintiff to plead factual matter sufficient to state a claim for relief that is plausible on its face and raises "a right to relief above the speculative level.").

LBHI's citation to *In re Hagerstown Fiber Ltd. Partnership*, 277 B.R. 181, 204-15 (Bankr. S.D.N.Y. 2002) in an attempt to establish jurisdiction is readily distinguishable. That case does not involve a bankruptcy court's authority to implement court-approved ADR against third-parties who have no involvement in any transaction that could lead to a claim against them. Instead, it addressed the permissibility of enforcing a contractual arbitration clause against a debtor in an adversary proceeding. There is no contractual arbitration clause here, nor is Scott named in an adversary proceeding. Thus, *In re Hagerstown* is inapplicable here. *In re Sosa*, 277 B.R. 263, 264 (Bankr. D.R.I. 2011) and *Matter of Sargeant Farms, Inc.*, 224 B.R. 842, 844 (Bankr. M.D. Fla. 1998), also cited by LBHI, are similarly inapposite. *In re Sosa* addresses the joint motion of a debtor and secured creditor to facilitate the resolution of various issues by a mediator, while *Matter of Sergeant Farms* addresses the permissibility of compelling a secured creditor to participate in a loss mitigation program. As secured creditors, the parties in those cases were subject to the bankruptcy court's jurisdiction. *See Ta Chong Bank Ltd. v. Hitachi High Technologies America, Inc.*, 610 F.3d 1063, 1068 (9th Cir. 2010) ("when a creditor files a claim against a bankruptcy estate, the creditor subjects itself to the bankruptcy court's equitable power"). Scott, however, is not a secured creditor. Thus, *In re Sosa* and *Matter of Sergeant Farms* have no applicability here.

Finally, LBHI's argument that 11 U.S.C. § 105(a) authorizes the Bankruptcy Court to entertain this contested matter and compel Scott to participate in mandatory mediation is unavailing. Section 105(a) only authorizes the Court to issue orders or enter judgments that are "necessary or appropriate" – hardly applicable to the instant relief requested here. Indeed, it is

10

6051600v.1

telling that LBHI has failed to commence an independent proceeding against any of the alleged successors. Rather, LBHI seeks to have this Court compel Scott and the other alleged successors to participate in mediation without plausibly alleging that those entities actually are alleged successors.

In sum, LBHI fails to satisfy the "close nexus" test that it concedes it must meet in order to establish this Court's subject matter jurisdiction over this contested matter. LBHI's Motion in Aid should be accordingly dismissed.

### B. Final Judgment May Not Be Entered by This Court as the Determination of Successor Liability is a Non Core Claim.

In addition, "[t]he relevance of the core/non-core distinction is the extent of the bankruptcy court's authority." *In re 610 W. 142 Owners Corp.*, 219 B.R. 363, 367 (Bankr. S.D.N.Y. 1998); *In re Seatrain Lines, Inc.*, 198 B.R. 45, 50 (Bankr. S.D.N.Y. 1996). Thus, this Court may not enter final judgment as to the determination of Scott's successor liability.

"Core" proceedings are matters "arising under" the Bankruptcy Code or "arising in" bankruptcy cases; "non-core" proceedings are merely "related-to" bankruptcy cases." 28 U.S.C. § 157(b), (c). Absent the consent of all parties, a bankruptcy court may not issue final orders and judgments on "non-core" claims. 28 U.S.C. § 157(c)(1); *In re 610 W. 142 Owners Corp.*, 219 B.R. at367 ("The bankruptcy court may issue final orders and judgments in core proceedings . . .[h]owever, in non-core 'related-to' matters, the bankruptcy court may submit proposed findings of fact and conclusions of law to the district court.); *see also In re Enron Corp.*, 2004 WL 1197243, at *3 (S.D.N.Y. May 28, 2004) ("[T]he Seventh Amendment to the United States Constitution proscribes a bankruptcy court from issuing final orders or presiding over jury trials in proceedings involving non-core claims."). A non-core claim may be "related to" the

11

bankruptcy case only when the "outcome might have any conceivable effect on the bankruptcy estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992).

The time the cause of action arose is "directly relevant" to the core/non-core analysis. *In re 610 W. 142 Owners Corp.*, 219 B.R. 363, 370 (D.N.J. 1998) (quoting *In re Century Brass Prods., Inc.*, 1992 WL 22191 at *2-3 (D. Conn. Jan. 7, 1992)). Non-core claims include state law causes of action that existed prior to the filing of the bankruptcy case and those that would continue independently of the provisions of Title 11. *In re 610 W. 142 Owners Corp.*, 219 B.R. at 370.

The seminal case on pre-petition contract claims is *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). There, the Supreme Court ruled that it is unconstitutional for "a bankruptcy court to adjudicate a state breach of contract claim brought by a debtor against a defendant who has not filed a claim with the Bankruptcy Court, when the contract was executed prior to the filing of the bankruptcy petition. 458 U.S. at 50; *see also McMahon v. Providence Capitol Enter., Inc.*, 222 B.R. 205, 207 (S.D.N.Y. 1998) ("[F]ollowing [*Northern Pipeline*], it is well-settled that [the Constitution] prohibits bankruptcy courts from adjudicating pre-petition contract claims – that is, claims arising prior to the commencement of the debtor's bankruptcy – against a nonparty to the bankruptcy"). The Second Circuit has further held that "a breach of contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core." *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1102 (2d Cir. 1993).

Also illustrative is *610 W. 142 Owners Corp.*, 219 B.R. 66 ( There, the Court determined that the state law causes of action for breach of fiduciary duty and negligence arose pre-petition and did not involve the application of bankruptcy law. Therefore, the Court ruled that such

12

causes of action were non-core, and that the Court's jurisdiction was limited to submitting proposed findings of fact and conclusions of law to the district court. 219 B.R. at 70. Indeed, the Court acknowledged the district court's "full jurisdiction over the[] claims" and noted that the district court "may be a more suitable arena for the resolution of this adversary proceeding" because the objecting party may be entitled to a jury trial. *Id.* So too here.

Preliminarily, Scott is not a creditor of the bankruptcy estate nor has it filed a proof of claim. The contract between Response and LBB, for which LBHI contends that Scott is liable, occurred on or about June 5, 2005. Thus, the contract clearly predates the bankruptcy petition, which was filed in 2008.

The contract at issue is just that, a contract. Any claims related thereto thus do not "arise under" the Bankruptcy Code nor did they "arise in" the bankruptcy proceeding. LBHI admits that the successors "may be liable to LBHI under applicable *state successor liability doctrines.*" Therefore, as established by *Northern Pipeline* and *Orion Pictures Corp.*, this Court lacks core jurisdiction to fully adjudicate this pre-petition contract claim, against a nonparty to the bankruptcy case, as no final judgment may be entered. LBHI's Motion in Aid should be accordingly dismissed.

## CONCLUSION

For all of the foregoing reasons, Scott respectfully requests that this Court deny LBHI's Motion in its entirety.

Dated: White Plains, New York
       June 17, 2016

                            WILSON, ELSER, MOSKOWITZ,
                            EDELMAN & DICKER, LLP
                            *Attorneys for John L. Scott, Inc.*

                            By:    /s/ David L. Tillem
                                  Peter A. Meisels
                                  David L. Tillem
                                  Allison M. Holubis
                                  Gracie C. Wright

                            1133 Westchester Avenue
                            White Plains, New York 10604
                            (T) (914) 872-7156
                            (F) (914) 323-7001
                            Peter.Meisels@wilsonelser.com
                            David.Tillem@wilsonelser.com
                            Allison.Holubis@wilsonelser.com
                            Gracie.Wright@wilsonelser.com

6051600v.1