WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP
Attorneys for John L. Scott, Inc.
1133 Westchester Avenue
White Plains, NY 10604
Tel: (914) 323-7000
Fax: (914) 323-7001
Attn:  Peter A. Meisels, Esq.
       David Tillem, Esq.
       Allison M. Holubis, Esq.
       Gracie C. Wright, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
In re:                                                              :    **CHAPTER 11**

                                                                    :    Case No. 08-13555-scc
**LEHMAN BROTHERS HOLDINGS INC., et al.,**
                                                                    :
                                                                         **DECLARATION OF**
                    **Debtors.**                                    :    **PHIL MCBRIDE**


------------------------------------------------------------------- X

PHIL MCBRIDE, hereby declares, pursuant to 28 U.S.C. §1746 and under penalty of perjury, as follows:

1. I am the Secretary and Treasurer of John L. Scott, Inc. ("Scott") and I am authorized to legally bind Scott and to execute documents on behalf of Scott.

2. I submit this declaration in support of Scott's Objection to Lehman Brothers Holdings Inc.'s ("LBHI") Second Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") based upon my personal knowledge and familiarity to the facts and circumstances herein.

3. I joined Scott in 2007 as its Chief Financial Officer. I also currently hold the title of Chief Operating Officer. As a senior executive at Scott, I am responsible for managing the

company's financial policies, practices, and procedures, as well as operational oversight of the Finance, Human Resources, Legal, Information Technology and Facilities departments.

4. I am also the Secretary and Treasurer of Response Mortgage Services, Inc. ("Response"). Response was a small, closely-held mortgage company which was an affiliate of Scott. While it was an entity related to Scott, the two were separate companies and all corporate formalities were strictly followed.

5. Contrary to LBHI's assertion, Response is not a wholly owned subsidiary of Scott. Both Scott and Response are independent subsidiaries of a separate entity, JLS Corporation.

6. In 2009, Response ceased operating and its registration as a mortgage broker with the Washington State Department of Financial Institutions expired.

7. Although Response is still legally in existence, in that in maintains its corporate entity registration with the Washington Secretary of State, the entity has been mostly non-operational since 2009. Indeed, Response has only a single performing loan, which holds an outstanding balance of $32,178.38 as of March 31, 2016.

8. Neither Scott nor any of Scott's parents, subsidiaries, predecessors, successors, or affiliates ("Scott Affiliates") have been determined to be a successor or alter ego of Response in any judicial order, court proceeding, arbitration or administrative proceeding.

9. Neither Scott nor any Scott Affiliate has absorbed or otherwise merged with Response.

10. Neither Scott nor any Scott Affiliate has purchased or received all or substantially all of Response's assets. Instead, Scott purchased only nominal tangible assets, such as furniture, equipment and software, as part of Response's winding down process.

6050791v.1

11. Neither Scott nor any Scott Affiliate has continued Response's business operations after it ceased operations in 2009.

12. LBHI alleges that Scott signed a guaranty for the underlying transaction between Lehman Brothers Bank, FSB ("LBB") and Response.

13. Based upon my knowledge of the financial workings of both Scott and Response and a diligent search of the files and financial records, neither Scott nor any Scott Affiliate has signed a guaranty for the underlying transaction between LBB and Response.

14. Based upon my knowledge as a senior executive of Scott, it is not in Scott's normal business practice to sign a guaranty on behalf of any company, including Response.

15. Counsel for Scott has been in communication with LBHI's counsel and has repeatedly requested that LBHI produce the alleged guaranty. To date, LBHI has not produced the alleged guaranty, nor did LBHI attach it to the Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of June, 2016.

_____
PHIL MCBRIDE

6050791v.1