Evans Prieston, Esq. 3062098
James W. Brody, Esq. 212967
Tracy L. Henderson, Esq. 252888
American Mortgage Law Group
75 Rowland Way, Suite 350
Novato, CA 94945
(415) 878-0300

*Attorneys for Republic Mortgage Home Loans, LLC, Academy Mortgage Corporation, Churchill Mortgage Corporation, and Summit Mortgage Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS, INC., et al.,** | ) | **Case No. 08-13555-scc** |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF REPUBLIC MORTGAGE HOME LOANS, LLC., ACADEMY MORTGAGE CORPORATION, CHURCHILL MORTGAGE CORPORATION, AND SUMMIT MORTGAGE CORPORATION TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION ........................................................................................ 1

II.     LBHI'S SECOND MOTION MUST BE DENIED BECAUSE LBHI HAS
        FAILED TO SUBMIT ANY EVIDENCE THAT COMPLETE STRANGERS
        TO THE UNDERLYING TRANSACTIONS OR AGREEMENTS SHOULD
        BE REQUIRED TO MEDIATE LBHI'S CLAIMS AGAINST OTHER
        ENTITIES; EXHIBIT A TO THE MOTION MUST BE STRIKEN AS
        CONCLUSORY, ARGUMENTATIVE AND LACKING FOUNDATION ..................... 3

III.    THE CONCLUSORY ASSERTIONS MADE IN EXHIBIT A, EVEN IF
        ACCEPTED AS TRUE, WOULD NOT GIVE RISE TO SUCCESSOR
        LIABILITY UNDER APPLICABLE NEW YORK LAW ................................. 6

        A.      Academy Mortgage Corporation ("Academy") is Not Successor In
                Interest To Republic Mortgage Home Loans, LLC ("Republic") ................... 7

        B.      Academy Mortgage Corporation ("Academy") is Not Successor In
                Interest To American Lending Network ("ALN") ........................................... 9

        C.      Churchill Mortgage Corporation is Not Successor In Interest to
                Nations Home Funding, Inc. ........................................................................ 11

        D.      Summit Mortgage Corporation is not the Successor in Interest to
                Winstar Mortgage Partners, LLC .................................................................. 12

IV.     THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION
        OVER THIS CONTESTED MATTER OR *IN PERSONAM* JURISDICTION
        OVER THE ALLEGED SUCCESSORS .......................................................... 14

        A.      LBHI Has Not Satisfied the "Close Nexus" Test for Establishing
                Subject Matter Jurisdiction ........................................................................... 14

        B.      The Alleged Successors' Due Process Rights Would Be Violated If
                This Court Exercised Personal Jurisdiction Over Them .................................. 16

V.      CONCLUSION ............................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.*,

635 F.3d 48 (2d Cir. 2011) ................................................................. 4, 18

*Cantor v. American Banknote Corp.*,

2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007) ........................................ 14

*Cargo Partner AG v. Albatrans, Inc.*,

352 F.3d 41 (2d Cir. 2003) ....................................................... 7, 8, 9, 11, 13

*Daimler AG v. Bauman*, ___ U.S. ___,

134 S.Ct. 746 (2013) ........................................................................ 17

*Decius v. Action Collection Serv., Inc.*,

105 P.3d 956 (2005) ......................................................................... 10

*Doktor v. Werner Co.*,

762 F. Supp. 2d 494 (E.D.N.Y. 2011) ........................................ 7, 8, 9, 13

*Finkel v. E.A. Technologies, Inc.*,

2014 WL 436475759 (E.D.N.Y. Sept. 3, 2014) ................................. 9, 12

*Gucci America, Inc. v. Weixing Li*,

768 F.3d 122 (2d Cir. 2014) ............................................................. 16

*Heights v. U.S. Electrical Tool Co.*,

138 A.D.2d 369 N.Y.S.2d 653 (2d Dep't 1988) ............................... 4, 18

*In re DPH Holdings Corp.*,

448 Fed. Appx. 134 (2d Cir. 2011) .................................................... 15

*In re General Media, Inc.*,

335 B.R. 66 (S.D.N.Y. 2005) ............................................................ 14

*In re Indicon*,

499 B.R. 395 (D. Conn. 2013) ........................................................... 15

*In re McGuire*,

450 B.R. 68 (D.N.J. 2011) .................................................................. 3

*In re Metro-Goldwyn-Mayer Studios Inc.*,

459 B.R. 550 (S.D.N.Y. 2011) ........................................................... 15

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

*In re Petrie Retail, Inc.,*

   304 F.3d 223 (2d Cir. 2002) ............................................................................................. 15

*In re Zumbrum,*

   88 B.R. 250 (9th Cir. BAP 1988) ..................................................................................... 19

*Ladjevardian v. Laidlaw-Coggeshall, Inc.,*

   431 F. Supp. 834 (S.D.N.Y. 1977) ............................................................................ 10, 11

*MBIA Ins. Corp. v. Countrywide Home Loans, Inc.,*

   *40 Misc. 3d 643 N.Y.S.2d 284 (Sup. Ct. 2013)* ............................................................... 6

*Polius v. Clark Equip. Co.,*

   802 F.2d 75 (3d Cir.1986) ................................................................................................. 9

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,*

   119 F.3d 935 (11th Cir. 1997) ......................................................................................... 17

*Shannon* v. Samuel Langston Co.,

   379 F.Supp. 797 (W.D.Mich.1974) ................................................................................... 9

*Travelers Indemnity Co. v. Bailey,*

   557 U.S. 137 (2009) ......................................................................................................... 15

*Travis v. Harris Corp.,*

   565 F.2d 443 (7th Cir.1977) ........................................................................................... 10

*Walden v. Fiore,* ___ U.S. ___,

   134 S.Ct. 1115 (2014) ..................................................................................................... 17

*Zoological Soc. of Buffalo, Inc. v. CarvedRock, LLC,*

   2011 WL 6329872 (W.D.N.Y. Dec. 19, 2011.) .............................................................. 17

## Statutes

11 U.S.C.

   § 105(a) ............................................................................................................................ 16

## Rules

Federal Rules of Bankruptcy Procedure

   Rule 7004 ......................................................................................................................... 16

   9006(d) ............................................................................................................................... 3

   Rule 9014 ......................................................................................................................... 19

   Rule  9017 ........................................................................................................................... 3

Federal Rules of Civil Procedure

    Rule 25(c)..................................................................................................................... 14

New York Debtor and Creditor Law

    § 270....................................................................................................................... 10, 13

    § 273.................................................................................................................... 9, 10, 13

**Treatises**

Fitzgerald, Gonzalez, & Walrath, *Bankruptcy, National ed.: The Rutter Group Practice Guide*

    (The Rutter Group 2015) ............................................................................................ 3

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

## I.    INTRODUCTION

Academy Mortgage Corporation, Churchill Mortgage Corporation and Summit Mortgage Corporation ("Alleged Successors") are three[1] of the 28 entities that Lehman Brothers Holdings, Inc. ("LBHI"), as Plan Administrator, is attempting to compel to participate in a mandatory mediation of its indemnification claims for alleged breaches of representations and warranties of various Loan Purchase or Broker Agreements ("Agreements").  LBHI's claims do <u>not</u> directly exist against these entities, all of whom are complete strangers to the Agreements and to the underlying transactions.  The Alleged Successors are not in privity of contract with either LBHI or its purported assignor, Lehman Brothers Bank, FSB ("LBB"), were possibly not even in business at the time of the alleged transactions, did not sell any loans to LBB, and have not been served with a complaint or joined in any adversary proceedings brought to prosecute these claims.  Nevertheless, LBHI seeks to enforce this Court's July 18, 2014 ADR Order against the Alleged Successors and mandate that these complete strangers to LBHI's claims appear in New York to negotiate liability for claims against *other* entities, of which they have no knowledge.  LBHI seeks to place the Alleged Successors under threat of sanctions based exclusively on inadmissible evidence, such as speculation and hearsay.  Unreasonably, LBHI contends that it has no burden of proof in this motion and asks the Court to draw unreasonable inferences that these entities may somehow be liable to LBHI under the limited exceptions to the general rule of successor liability.

LBHI contends that the Court should grant this requested relief based on LBHI's mere belief and conjecture that there *may* be facts that somehow subject these strangers to these Agreements and transactions, irrespective of the rule that a purchaser of assets does not assume a seller's liability.  Further, LBHI seeks to hold each of the Alleged Successors liable for LBHI's

---

[1] There are two claims of successor liability against Academy Mortgage.

claims against alleged predecessors and/or the actual mortgage loan sellers and to compel the Alleged Successors to defend themselves against claims of successor liability during mediation. LBHI's motion fails to establish, given the clear lack of admissible evidence, sufficient factual grounds to compel these strangers to the transactions to participate in mediation.  In fact, in its very own motion, LBHI <u>admits</u> that it does not possess sufficient facts to "conclusively determine the existence of successor liability."   Notwithstanding its failure to provide any sufficient proof, LBHI nonetheless urges the Court to force the Alleged Successors into this forum on the basis that, after the Alleged Successors have expended considerable expense, these entities can *then* assert a "generalized defense based on successor liability law" in the mediation, all while subject to high pressure negotiation tactics.  This is, in the most classic sense, putting the cart before the horse and an attempt to conduct an end run around due process.

In their motion, LBHI shows a fundamental misunderstanding of the law and the burdens of proof applicable here and should not be seriously entertained by this Court.  Without question, LBHI bears the affirmative burden of proving successor liability in a contested matter before any liability to a stranger entity can be attached.  Further, pursuant to the Federal Rules of Evidence and Federal Rules of Bankruptcy Procedure, LBHI is required to prove it through facts supported by admissible evidence, as a finding in support of successor liability is one that can only be made after conducting a fact intensive analysis.   Absent such a factual showing, the Alleged Successors are complete strangers to LBHI's claims for alleged breaches and should no more answer to them than any other unrelated business entity in the United States.  Thus, as to these alleged Successors, the Court's exercise of subject matter jurisdiction over this contested matter and *in personam* jurisdiction would be in excess of the Court's powers and an infringement of their due process rights under the Fifth Amendment to the U.S. Constitution in this instance.

For all the foregoing reasons, as explained in greater detail below, the Alleged Successors respectfully request that this Court deny LBHI's Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers ("LBHI's Second Motion" or "Motion").

## II.    LBHI'S SECOND MOTION MUST BE DENIED BECAUSE LBHI HAS FAILED TO SUBMIT ANY EVIDENCE THAT COMPLETE STRANGERS TO THE UNDERLYING TRANSACTIONS OR AGREEMENTS SHOULD BE REQUIRED TO MEDIATE LBHI'S CLAIMS AGAINST OTHER ENTITIES; EXHIBIT A TO THE MOTION MUST BE STRIKEN AS CONCLUSORY, ARGUMENTATIVE AND LACKING FOUNDATION

LBHI initiated this contested matter by a motion. Under Fed. R. Bankr. P. 9017, the Federal Rules of Evidence apply to all proceedings in the bankruptcy court, including contested matters. "Thus, all motions involving factual issues must include a declaration proving the facts in issue by admissible evidence." Fitzgerald, Gonzalez, & Walrath, *Bankruptcy, National ed.: The Rutter Group Practice Guide* (The Rutter Group 2015), ¶¶ 19:40, 19:135 ("A motion involving factual contentions (most do) must include admissible evidence establishing the relevant facts to meet the burden of proof"); Fed. R. Bankr. P. 9006(d) (affidavits or declarations under penalty of perjury supporting a motion must be filed and served with the motion). Factual contentions raised in a memorandum of points and authorities are *argument* and *do not* constitute evidence. *Bankruptcy, National. ed.*, ¶ 19:127.1 (emphasis added). Where a motion attempts to argue relevant facts in its memorandum of points and authorities, but fails to include a declaration proving those facts, the motion may be opposed on the ground that it is not supported by admissible evidence. *Id.* at ¶ 19:222.[2]

---

[2] See, e.g., *In re McGuire*, 450 B.R. 68, 71-73 (D.N.J. 2011) (where defendant in adversary proceeding moved for relief from default entered against him, Court denied motion on ground that is was not supported by any proper evidence; self-styled "Verified Application" filed in support of motion, in lieu of brief and supporting declarations under penalty of perjury, was defective because it was not made under penalty of perjury and made factual assertions in the third person and on information and belief suggesting that they were not within defendant's personal knowledge).

LBHI's motion is fatally flawed on this very ground and should be denied. The availability of the relief LBHI seeks, an order compelling the Alleged Successors to participate in a mandatory mediation of purported indemnification claims, turns on a factual showing that LBHI bears the burden to make. To justify the entry of an order compelling the Alleged Successors to appear into New York to mediate, LBHI must prove that each Alleged Successor may potentially be liable as the successor of a seller of an allegedly defective mortgage loan to LBB. As the Second Circuit stated in *Call Center Technologies, Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 52 (2d Cir. 2011): "[b]ecause the 'general rule' is that a purchaser of assets does not assume the predecessor's liability, it follows that the *proponent of successor liability* must offer proof that one of the aforementioned exceptions to the general rule applies." (emphasis added); see also *Heights v. U.S. Electrical Tool Co.*, 138 A.D.2d 369, 370, 525 N.Y.S.2d 653 (2d Dep't 1988) (dismissing complaint where plaintiff failed to show how defendant could be liable as corporate successor). Despite the fact-intensive nature of this showing, LBHI fails to include any declaration attesting to the existence of information or documents available via public record and otherwise fails to include the requisite evidentiary support.

In lieu of introducing admissible evidence (or any evidence at all for that matter), LBHI makes naked assertions within its Motion, which appear to be based on mere belief, that the Alleged Successors "may" meet one of the four exceptions to the general rule against successor liabilityby cobbling together random facts mostly found on the internet. (LBHI's Motion, p. 7, ¶ 17) ("Based on LBHI's initial investigation, LBHI *believes* that each of the Successors set forth in Exhibit A – Potential Successors List - are or *may* be liable for the related Seller's debts and obligations in accordance with applicable state successor liability law" (emphasis added). LBHI

accompanies its motion with the self-styled "Exhibit A," in which LBHI tentatively claims to have reached certain factual conclusions concerning each Alleged Successor's relationship with a seller of an allegedly defective mortgage loan.[3]    Exhibit A sheer, conclusory, unsubstantiated argument based exclusively on hearsay should be disregarded.    It is riddled with vague assertions, lacking any factual foundation, that certain entities "purchased or *otherwise* merged" with others entities. (Emphasis added.)    Furthermore, each entry under the column entitled "Links Between Counterparty and Potential Successor" is prefaced by the argumentative assertion that "[i]nformation by LBHI indicates the following . . ."    Since the source and nature of this information is undisclosed, it is impossible to determine whether it satisfies the requirements of the Federal Rules of Evidence, as it must.

LBHI cannot be permitted to make an end-run around the Federal Rules of Evidence, as incorporated by the Federal Rules of Bankruptcy Procedure, as plainly applicable here.    This is a threshold issue.    While the Alleged Succesors are mindful that this Court previously rejected jurisdictional attacks to the ADR proffered by mortgage loan sellers who were in privity with LBB, here LBHI's failure to prove admissible facts to establish that these complete strangers to the transactions are successors pursuant any exceptions to the general rule that purchasers of assets are not liable fails to establish jurisdiction over these entities.    Accordingly, as LBHI's claim of successor liability is unsupported by admissible evidenceLBHI has failed to establish jurisdiction over the Alleged Successors.

///

///

///

---

[3] LBHI admits in its motion that it "cannot conclusively determine the existence of successor liability prior to the ADR process or the initiation of litigation" and has merely "discovered indicia giving rise to reasonable grounds to assert that certain Successors may be legally responsible for the liability of certain sellers."    (LBHI's Motion, p. 5, ¶ 16.)

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

## III.  THE CONCLUSORY ASSERTIONS MADE IN EXHIBIT A, EVEN IF ACCEPTED AS TRUE, WOULD NOT GIVE RISE TO SUCCESSOR LIABILITY UNDER APPLICABLE NEW YORK LAW

Under New York law, a corporation may be held liable for the debts of its predecessor if (1) there was a merger, (2) it assumed the predecessor's liability, (3) it is a mere continuation of the predecessor corporation (i.e. a de facto merger), or (4) the transaction is entered into fraudulently to escape such obligations. *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.,* 40 Misc. 3d 643, 648, 965 N.Y.S.2d 284, 291 (Sup. Ct. 2013).  As LBHI does not allege that any of the Alleged Successor's assumed the alleged predecessor's liability, or set forth specified allegations that any of the Alleged Successors were formed as a result of a fraudulent transaction, LBHI presumably rests its theory of potential liability on a merger or a de facto merger.

Assuming, *arguendo*, that this Court had subject matter jurisdiction over this contested matter and personal jurisdiction over the Alleged Successors and assuming, *arguendo*, that the conclusory assertions LBHI made in Exhibit A could be accepted as true, LBHI has failed to allege a *prima facie* case that any of Alleged Successors could possibly be liable for LBHI's claims under any of the four exceptions recognized by New York courts to the general rule that a corporation that purchases the assets of another is not liable for the seller's liabilities.[4]  Whether or not there is a de facto merger, or the continuation of the selling corporation, under the concept of de facto merger is a question of fact. *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, *supra*, at p. 55 None of the supposed "links" alleged by LBHI between the following sellers and corresponding Alleged Successors are sufficient to establish a *prima facie* case that the Alleged Successor should bear the responsibility of the claimed liability and come to New York to negotiate.

---

## A. Academy Mortgage Corporation ("Academy") is Not Successor In Interest To Republic Mortgage Home Loans, LLC ("Republic")

LBHI claims that Academy is the successor of Republic because:

"The original entity, Republic was acquired by Academy. Academy appears to have continued Republic's operations and operates a branch at Republic's former address. The president of Republic is now a Senior Manager of Academy." (Doc 52574-1) Ex A p. 4 of 4

Based on the foregoing, LBHI essentially *argues* that there is a "de facto merger" between Academy and Republic or "mere continuation" of Republic.[5] LBHI seems to be attempting to cobble together facts to create the picture that they satisfy the inquiry of "continuity of management, personnel, physical location, assets, and general business operation." *Doktor v. Werner Co.*, supra, at p. 498 (E.D.N.Y. 2011) LBHI's claim, even if accepted as true, is by law insufficient to establish successor liability, as it fails to allege any facts suggesting that there was a continuation of ownership, a requisite component of a de facto merger.

LBHI's attempt to establish "continuity" by claiming that *one of* Republic's *twenty three* owners became a "Senior Manager" of one of Academy's branches simply does not establish the exception under the general rule. Further, it is factually incorrect. There is no information in this entry to sufficiently establish under the requisite burden of proof that there was a continuity of ownership such that the Republic's shareholders became shareholders of Academy nor there is a continuity of management of the corporation including officers and directors, corporate principal places of business were the same personnel, or that Academy continued Republic's company. Simply put, the evidence contradicts LBHI's naked assertion of an "acquisition" of Republic by Academy.

Academy simply purchased the assets of Republic. A mere asset sale, absent any hallmarks of a de facto merger, cannot suffice to confer successor liability. *Cargo Partner AG,*

---

[5] *Cargo Partner AG v. Albatrans, Inc.* 352 F.3d 41, 45 n. 3 (2d Cir.2003).

7

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

352 F.3d at 47.    Academy informed LBHI that the Asset Purchase agreement governing its purchase of Republic's assets contains a clause pursuant to which Academy expressly disclaimed liabilities of the seller that accrued or arose prior to the closing date of the sale.    One of the owners of Republic is now consulting for Academy under an employment contract and his role does not involve participation at the level of officer or director.    LBHI was also provided with evidence of stock ownership of both Republic and Academy which evinced no commonality. Simply, no employee from Republic owns any stock in Academy nor did Academy acquire Republic with shares of its stock.    These omissions preclude LBHI from prevailing against Academy based on the *de facto* merger and mere continuation exceptions to the general rule against successor liability.[6]

There is also no information in LBHI's speculative entry from which to conclude that Academy expressly or impliedly assumed the corresponding seller's liabilities.    There are no agreements between Republic and Academy that expressly provide that Academy would be liable for the Republic's alleged liabilities related to the mortgage loans that form the basis of LBHI's current claims.    In fact, the agreement between Republic and Academy expressly disclaims any of Republic's liability in Section 1.3 a fact of which LBHI is aware.    The nature of an asset sale is such that the seller's ownership interest in an entity is given up in exchange for consideration; the parties do not become owners together of what formerly belonged to each. *Cargo Partner AG v. Albatrans*, Inc., 352 F.3d 41, 47 (2d Cir. 2003)

---

[6] Under New York law, continuity of ownership "describes a situation where the parties to a transaction become owners together of what formerly belonged to each." *Van Nocker*, 15 A.D.3d at 256, 789 N.Y.S.2d 484. This hallmark has been deemed "essential" to a de facto merger finding, as ownership continuity "is the essence of a merger." Id. at 258, 789 N.Y.S.2d 484; *Cargo Partner AG*, 352 F.3d at 47; See *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45-46 (2d Cir. 2003); *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 499 (E.D.N.Y. 2011) (mere continuation theory of successor liability requires plaintiff to prove continuity of ownership); *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 498 (E.D.N.Y. 2011)

Finally, Academy purchased the assets of Republic for valuable consideration. There is no information provided by LBHI that establishes that the alleged "acquisition", which is unsubstantiated as it was a mere asset purchase, was lacking fair consideration. As this is an essential prerequisite to a constructive fraudulent conveyance under New York Debtor and Creditor Law § 273[7] any such claim would fail. Successor liability then cannot be based on an actual fraudulent conveyance of the sellers' property or assets either. *Id.* at *12-13.

Finally, where seller under an asset purchase agreement continues to exist "as a distinct, albeit meager entity" mere continuation theory of successor liability is defeated) as cited in *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 499 (E.D.N.Y. 2011). Republic still exists and with dwindling assets is actually trying to resolve these claims with LBHI.

Thus, the foregoing renders LBHI's claims meritless, and its continued prosecution of the Motion in Aid, as against Academy, frivolous.

### B. Academy Mortgage Corporation ("Academy") is Not Successor In Interest To American Lending Network ("ALN")

LBHI claims that Academy is the successor of American Lending Network because:

> The original entity, ALN, was purchased or otherwise merged into Academy. Academy continued the operations of ALN, operating at the same office and using the same phone and fax numbers as ALN. One of ALN's owners became branch manager of Academy and several ALN loan officers continued at Academy. (Doc. No. 52574-1, Ex. A., at 2.).

Based on the foregoing, LBHI baldly contends that there is a "mere continuation" of ALN[8] based on "continuity of management, personnel, physical location, assets, and general business operation.".[9]

---

[7] *Finkel v. E.A. Technologies, Inc.*, 2014 WL 436475759 at *11 (E.D.N.Y. Sept. 3, 2014) ("Under § 273 of the DCL, a conveyance by a debtor is deemed constructively fraudulent if (1) it is made without fair consideration and (2) the transferor is insolvent or will be rendered insolvent by the transfer in question").

[8] *Cargo Partner AG v. Albatrans, Inc.* 352 F.3d 41, 45 n. 3 (2d Cir.2003).

[9] The second exception, the "de facto merger," considers whether the business operations and management continued and requires that the buyer paid for the asset purchase with its own stock. See *Shannon v. Samuel Langston Co.*, 379 F.Supp. 797, 801 (W.D.Mich.1974). In contrast, the third exception, the "mere continuation," considers not whether the "business operation[s]" but whether the "corporate entity" continued. *Polius v.*

9

LBHI misconstrues the requisite burden of proof and applicable law. The successor liability law requires a transaction that resulted in owners of the former entities becoming owners together of one new entity. LBHI's allegations fail as a matter of law as LBHI has not even alleged continuity of ownership. Further, under Utah law, the acquired assets *must be* paid for with the successor's own stock. Per the Utah Secretary of State, Scott Crockett, Mike Riley and Stephanie Bevard own ALN. Ms. Bevard now simply runs a branch of Academy Mortgage Corporation, as an employee, and does not own any stock in Academy. ALN's owners have no interest in Academy as it is owned by Duane Shaw, two family trusts, Adam Kessler and Kelle Smart. LBHI has been provided documentation showing that there is no common identity of stock, directors, or shareholders between ALN and Academy giving them actual knowledge that their proffered evidence failed to meet the requisite evidentiary burden.

Further, the absence of any admissible evidence of a transfer of ALN's property or assets to Academy also rules out a constructive or actual fraudulent conveyance. N.Y. DCD. Law §§ 270, 273 (requiring a "conveyance" for a fraudulent transfer, which is defined as including "every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance").

Lastly, successor liability cannot be based on Academy's express or implied assumption of ALN's liabilities as there is no evidence of any transaction let alone any agreement between them, pursuant to which Academy assumed ALN's liabilities, nor any conduct or representations by Academy that indicated its intention to do so. *Ladjevardian v. Laidlaw-Coggeshall, Inc*, 431 F. Supp. at 839-40 (S.D.N.Y. 1977).

---

*Clark Equip. Co.*, 802 F.2d 75, 86 (3d Cir.1986) (Mansmann, J., dissenting) (quoting *Travis v. Harris Corp.*, 565 F.2d 443, 447 (7th Cir.1977)). "A continuation demands 'a common identity of stock, directors, and stockholders and the existence of only one corporation at the completion of the transfer.' " Id. (quoting Travis, 565 F.2d at 447). *Decius v. Action Collection Serv., Inc.*, 2004 UT App 484, ¶ 8, 105 P.3d 956, 959

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

### C. Churchill Mortgage Corporation is not Successor In Interest To Nations Home Funding, Inc.

LBHI claims that Churchill Mortgage Corporation ("Churchill") is the successor to Nations Home Funding, Inc. ("Nations") because:

> The original entity, Nations was merged out of existence.  Churchill appears to have continued Nations Operations at one or more of the same locations.  Nations and Churchill share in common one or more current or former officers, directors or owners.

Simply, LBHI's allegations lack any basis in  fact and therefore LBHI cannot establish liability under any theory, whether under New York Law or Tennessee law (the state in which Churchill is incorporated).  There has never been a transaction between these two entities such that any theory of successor liability under any exception can be established.  Further, as this entry does not establish that NHM has been dissolved, rather than merely forfeited, or that there is a continuity of ownership post-merger, the *de facto* merger exception does not apply.  *Cargo Partner AG*, 352 F.3d at 45-46.  LBHI has no evidence of any asset sale agreements or assumption of liability agreement between the two entities as none exists.  There is no conduct or representations that indicate Churchill's intention to assume same.  *Ladjevardian*, 431 F. Supp. at 839-40.

NHM and Churchill were, from the outset, two distinct companies with a distinct focus; each company was formed by separate articles of incorporation, had separate audits and financials.  NHM was formed in 1997, but dissolved in 2008; and Churchill was formed in 1992 and continues to conduct business.

Churchill is a call-center based company that serviced leads generated through radio advertising, and operated in the Southeastern/Midwestern states primarily (TN, AL, IN, OK, MS, AR, KY, GA).  Churchill's operations and employees were based exclusively in Tennessee, and did not have additional retail branches located outside of that state.  Churchill originated

primarily fixed rate agency loans. NHM had a more traditional referral and realtor-based origination strategy, and operated in the mid-Atlantic and western states (AZ, CA, VA, DE, DC, FL, MD, MA, NV, NM, NC, OR, SC, UT, VA, WA, WV).  NHM's originations were more heavily focused on Alt-A business. NHM had retail branches throughout the country (MD, VA, PA, NV, WA, CA, AZ, & NC).  LBHI's blanket allegations of "merger" and continuity of business operations fail under the requisite burden of proof on this claim.

Lastly, there is no information upon which to find a constructive or actual fraudulent conveyance of NHM's property or assets, i.e., as there was simply no transaction between NHM and Churchill. *Finkel*, 2014 WL 436475759 at *11-13. In sum, LBHI's blanket allegations of "merger" and continuity of business operations lack merit.

### D. Summit Mortgage Corporation is not the Successor in Interest to Winstar Mortgage Partners, LLC

LBHI claims that Summit Mortgage Corporation ("Summit") is the successor of Winstar Mortgage Partners, LLC ("Winstar") because:

> The original entity, WinStar, is no longer active and ceased operations in 2007 and was administratively dissolved in 2009. Summit appears to have continued WinStar's mortgage operations, and several officers, directors, and/or shareholders of WinStar continued as officers, directors, and/or shareholders of Summit.

LBHI is mistaken in its claims.  First, there is no admissible evidence in this entry to establish that establishes LBHI's hearsay statement that "Summit appears to have continued Winstar's operations" or facts that establish there was even a continuity of ownership after Winstar's cessation of operations. LBHI claims there exists a commonality of officers, directors and shareholders, but does not establish these facts with evidence.  These omissions preclude

LBHI from prevailing against Summit based on the *de facto* merger and mere continuation exceptions to the general rule against successor liability.[10]

The fact is Winstar sold its assets to American Sterling Bank.  No assets were ever transferred from Winstar to Summit. Summit did not take over any of the business or employees when WinStar closed its doors in 2007.   Winstar and Summit are separate Minnesota corporations and each have separate licenses.   SAmerican Sterling hired some of Winstar's employees, shared some of the office facilities, and then continued the business of Winstar when Winstar closed.  The absence of any transaction between Winstar and Summit or continuity of any aspect of Winstar by Summit whatsoever precludes LBHI from prevailing against Summit based on the de facto merger and mere continuation exceptions to the general rule against successor liability.

The absence of a transfer of Winstar's property or assets to Summit rules out a constructive or actual fraudulent conveyance.   N.Y. DCD. Law §§ 270, 273 (requiring a "conveyance" for a fraudulent transfer, which is defined as including "every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance").   Simply hiring an employee from American Sterling after they left does not a successor in interest make.

///

///

///

///

///

---

[10]  See *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45-46 (2d Cir. 2003); *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 499 (E.D.N.Y. 2011) (mere continuation theory of successor liability requires plaintiff to prove continuity of ownership).

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

IV.    **THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS CONTESTED MATTER OR *IN PERSONAM* JURISDICTION OVER THE ALLEGED SUCCESSORS**

A.    **LBHI Has Not Satisfied the "Close Nexus" Test for Establishing Subject Matter Jurisdiction**

A party invoking the bankruptcy court's post-confirmation jurisdiction must satisfy two requirements: (1) the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, or consummation of the confirmed plan, and (2) the plan must provide for the retention of jurisdiction over the dispute. *Cantor v. American Banknote Corp.*, 2007 WL 3084966, *3 (S.D.N.Y. Oct. 22, 2007) (district court held that bankruptcy court lacked post-confirmation subject matter jurisdiction over plaintiff's action for benefits since agreement was not part of reorganization plan and action did not require interpretation of plan.) Here, neither requirement is met.

In an attempt to satisfy the first factor, LBHI argues that the ADR Order is encompassed by the confirmed Modified Third Amended Plan of Reorganization of Lehman Brothers Holding, Inc. and Its Affiliated Debtors ("Confirmed Plan") effective on March 6, 2012. As previously argued, LBHI has not demonstrated how this contested matter affects the meaning, implementation or consummation of the ADR Order, let alone the Confirmed Plan as to these alleged successors. *In re General Media, Inc.*, 335 B.R. 66, 74 (S.D.N.Y. 2005) LBHI does not ask the Court to construe any language in the ADR Order, as a matter of law. Rather it asks the Court to resolve factual questions as to whether the Alleged Successors come within one of the four exceptions to the general rule that a purchaser of assets does not assume the seller's liabilities.

The simple fact is that none of the Alleged Successors has been joined as a defendant or substituted as a party, pursuant to Fed. R. Civ. P. 25(c), in any action instituted by LBHI, as

LBB's assignee, asserting those claims. LBHI fails even to make an affirmative factual showing—as it must to bear its burden of proving subject matter jurisdiction—that there would be grounds for such a joinder or substitution based on a successor liability theory. *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) ("the party asserting the court's subject matter jurisdiction has the burden of proving it by a preponderance of the evidence"). LBHI's prolix argument and web of citations to the Confirmed Plan and U.S. Bankruptcy Code do not conceal the real purpose of this contested matter—to hale into the Bankruptcy Court, post-confirmation when the Court's jurisdiction is significantly diminished, third parties who were not involved in the original mortgage loan sale transactions, have no privity of contract to either LBB or LBHI, may not have even been active at the time of the transactions or involved in any way in the bankruptcy case, any adversary proceeding therein, or any claim preserved by the Confirmed Plan.[11]

Regarding the second factor, whether the Confirmed Plan provides for the retention of jurisdiction over this dispute, LBHI relies on a provision in the order confirming the Confirmed Plan, which it construes as conferring upon the Bankruptcy Court exclusive jurisdiction over LBHI's assigned claims. This argument is a red herring. There are no claims currently pending against the Alleged Successors over which this Court retains exclusive jurisdiction pursuant to

---

[11] The decisions cited by LBHI are all distinguishable or unhelpful to LBHI. In *In re DPH Holdings Corp.*, 448 Fed. Appx. 134, 136-37 (2d Cir. 2011), the Court held that there was a close nexus between a bankruptcy plan and an adversary proceeding seeking declaratory relief where resolution of the adversary proceeding would determine whether claims asserted against the bankruptcy estate would be allowed or disallowed. In *In re Metro-Goldwyn-Mayer Studios Inc.*, 459 B.R. 550, 557-58 (S.D.N.Y. 2011), the Court concluded that it *lacked* post-confirmation subject matter jurisdiction to grant the debtor's motion seeking approval of certain asset purchase transactions. In *re Petrie Retail, Inc.*, 304 F.3d 223, 229-230 (2d Cir. 2002), the Court held that the bankruptcy court had subject matter jurisdiction over a post-confirmation dispute between two non-debtors concerning a pre-petition lease on the ground, inter alia, that the dispute was based on rights established in a bankruptcy-approved sale order, required an interpretation of that order, and sought enforcement of an injunction issued as part of that order, the reorganization plan and the confirmation order. Lastly, in *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009), the Court held that the bankruptcy court had subject matter jurisdiction to interpret the scope of its earlier bar order, incorporated by reference in the reorganization plan of a bankrupt manufacturer of asbestos-based products, to determine whether the order authorized an injunction against claims brought against non-debtor insurers that were not derivative of the debtor's wrongdoing.

this provision.

Contrary to LBHI's representations, it is not within the Bankruptcy Court's powers under to 11 U.S.C. § 105(a) to entertain this contested matter and compel the Alleged Successors to participate in mandatory mediation. Section 105(a) only authorizes the Court to issue orders or enter judgments that are "necessary or appropriate," adjectives that hardly describe the unwarranted relief requested here. The decisions LBHI cites to support this argument are also unavailing as already outlined in the opposition to LBHI's First Motion in AID.

LBHI has failed to satisfy the two-prong "close nexus" test that it admits it must meet to establish this Court's subject matter jurisdiction over this contested action. This deficiency provides another independent reason to deny LBHI's motion.

## B.   The Alleged Successors' Due Process Rights Would Be Violated If This Court Exercised Personal Jurisdiction Over Them

LBHI asserts that this Court has personal jurisdiction over the Alleged Successors because they were served with notice of this motion in the manner required by Fed. R. Bankr. P. 7004 and have minimum contacts with the United States. This argument stands on a shaky foundation as it is unsettled in the Second Circuit whether the federal minimum contacts test applies in this instance. As the Second Circuit stated in *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 142, n. 21 (2d Cir. 2014):

> Several of our sister circuits have endorsed the position that, when a civil case arises under federal law and a federal statute authorizes nationwide service of process, the relevant contacts for determining personal jurisdiction are contacts with the United States as a whole . . . *[t]his Court has not yet decided that issue.*"

(Emphasis added.)

Even if the federal minimum contacts test were applicable here and the forum were the United States as a whole, LBHI's motion does not allege any facts, much less introduce admissible evidence, to establish minimum contacts that create general *in personam* or specific

jurisdiction over each Alleged Successor, i.e., that the Alleged Successor is domiciled in the United States or has such continuous and systematic contacts with the American forum as to render it essentially at home there. *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 751, 755 (2013).[12] LBHI merely makes the conclusory assertion that "all the Successors do [have minimum contacts with the United States]." To establish specific jurisdiction, LBHI must establish that each Alleged Successor's "suit-related conduct" creates the necessary connection to the forum. *Walden v. Fiore*, ___ U.S. ___, 134 S.Ct. 1115, 1121 (2014) ("To establish specific *in personam* jurisdiction, the defendant's 'suit-related conduct' must create the necessary connection to the forum state"). As previously explained, LBHI has not remotely made such a showing. LBHI merely states its "belief" based on inconclusive "indicia" that each Alleged Successor may be liable for a seller's obligations, without advancing any relevant facts supported by admissible evidence. "[A] plaintiff cannot be permitted to effect service of process on an out-of-state defendant on the mere basis that such plaintiff hopes somehow and somewhere to find enough facts to create grounds for jurisdiction." *Zoological Soc. of Buffalo, Inc. v. CarvedRock, LLC*, 2011 WL 6329929 at *3 (W.D.N.Y. Oct. 12, 2011), Report and Recommendation Adopted by *Zoological Soc. of Buffalo, Inc. v. CarvedRock, LLC*, 2011 WL 6329872 (W.D.N.Y. Dec. 19, 2011.)

Even assuming, *arguendo*, that LBHI established the requisite minimum contacts, the Due Process Clause of the Fifth Amendment to the U.S. Constitution would require that the exercise of jurisdiction over the Alleged Successors be "reasonable" and not offend "traditional notions of fair play and substantial justice." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946-948 (11th Cir. 1997)

---

[12] A court can exercise two types of personal jurisdiction over a defendant:  general jurisdiction and specific jurisdiction. *Daimler*, 134 S.Ct. at 754. General or all-purpose jurisdiction permits a court to hear any and all claims against an entity when its affiliations with the state in which the suit is brought are so constant and pervasive as to render it essentially at home in the state. *Id.* at 751.

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS

The balance of the requisite factors overwhelmingly tilts in favor of finding that it would be unreasonable for the Court to exercise personal jurisdiction over the Alleged Successors and, contrary to LBHI's representations, such an exercise of jurisdiction would run afoul of the Due Process Clause of the Fifth Amendment as argued in the First Motion in AID opposition.

The Alleged Successors would be subjected to the inconvenience and expense of attending a mandatory mediation in a distant forum in which they would be required to attempt to negotiate a settlement in good faith or face sanctions for claims that have not yet been established to be properly charged to them.  The Alleged Successors, who are strangers to the underlying agreements and transactions on which LBHI bases its claims would simply attend the mediation as required, but not having any true liability based on the filing of a Court after submission of competent admissible evidence, enter into a fiscally wasteful proceeding.  That burden would be grave and undue since LBHI has failed to make a factual showing that the Alleged Successors have potential liability, under any theory of successor liability.  LBHI turns the law on its head when it contends that the relief it seeks would not burden the Alleged Successors because they could assert their "generalized defense" based on successor liability law" in the mediation.  As previously explained, it is firmly settled law that the proponent of successor liability, LBHI here, carries the burden of proving the applicability of one of the exceptions to the general rule that an alleged successor does not assume the seller's liability. *Call Center Technologies, Inc.*, 635 F.3d at 52; *Heights*, 138 A.D.2d at 370.

LBHI argues that due process considerations are not implicated in this contested matter because it does not pose the "threat of a binding order or judgment" on the Alleged Successors. This argument is incomprehensible since the order that LBHI seeks will, by its express terms, bind the Alleged Successors to the provisions of the ADR Order and require them to participate in the mediation of the claims assigned to LBHI in good faith or risk the imposition of sanctions.

In addition, it is apparent from the clear requirements of Fed. R. Bankr. P. 9014 that the fundamental requisites of due process must be satisfied in a contested matter. *In re Zumbrum*, 88 B.R. 250, 252 (9th Cir. BAP 1988) (in light of Rule 9014's clear requirements, "the fundamental requisites of due process must be satisfied in a contested matter in the same manner as in an adversary proceeding"). In sum, LBHI's arguments fail as a matter of law.

## V.    CONCLUSION

For all the foregoing reasons, the Alleged Successors, Academy, Churchill, and Summit, respectfully request that this Court deny LBHI's motion and refrain from enforcing the July 18, 2014 ADR Order against them.

Dated: June 17, 2016

/s/ James Brody
Evans Prieston, Esq
James Brody, Esq
Tracy L. Henderson, Esq
American Mortgage Law Group
75 Rowland Way, Suite 350
Novato, CA 94945
Telephone: (415) 878-0300
Facsimile: (415) 878-0035

*Attorneys for Attorneys for Republic Home Loans, LLC., Academy Mortgage Corporation, Churchill Mortgage Corporation, Summit Mortgage Corporation*

RESPONSE TO SECOND MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST LOAN SELLERS