AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Botticelli L.L.C.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts set forth in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number (see Schedule 1) filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) ("LBHI" or the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) to the extent and in the form received from (as applicable) the Debtor or Seller's predecessor in interest, prior to the date hereof a true and correct copy of the Notice of Proposed Allowed Claim Amount which relates to the Proof of Claim (the "Notice") has been provided to Purchaser, and there have not been any supplements, amendments, modifications or revisions thereto, and no action was undertaken by Seller, or to Seller's actual knowledge, or a predecessor in interest with respect to the Notice; (h) to the extent and in the form received from (as applicable) the Debtor or Seller's predecessor in interest, Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) in connection with the LBHI Distributions (as defined below) on account of the Transferred Claims, provided however that such disbursement notices have been redacted of information unrelated to the Transferred Claims; (i) Seller or its predecessor in interest has received the distributions paid by the Debtor in respect of the Transferred Claims (collectively, the "LBHI Distributions") reflected in Schedule 2 attached hereto; (j) Seller or its predecessor in interest has received the distributions paid by

KL2 2938497.3
NY 1790438.2

Lehman Brothers Treasury Co. B.V. ("Lehman BV") in respect of the Transferred Claims (collectively, the "BV Distributions"), reflected in Schedule 2 attached hereto; (k) other than the LBHI Distributions and the BV Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Security; and (l) Seller has delivered to Purchaser true and correct copies of the fully executed Agreements and Evidences of Transfers of Claims by and between (i) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 10712 on 8/9/10 (which has not been supplemented, amended or revised); (ii) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 10714 on 8/9/10 (which has not been supplemented, amended or revised) and (iii) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 13604 on 12/21/10 (which has not been supplemented, amended or revised).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller received after the trade date of January 7, 2016, including, without further limitation, the distributions made by the Debtor on or around March 31, 2016 and by Lehman BV on or around April 28, 2016 and scheduled to be made by the Debtor on or around June 16, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature page follows]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __7__ day of __June__ 2016.

Botticelli, L.L.C.
By Angelo Gordon & Co., L.P.
Manager

By: _____
Name: Gavin Baiera
Title: Authorized Signatory

Address:
Attn: Thomas Fuller
Angelo, Gordon & Co., L.P.
245 Park Avenue, 26th Fl
New York, NY 10167
Telephone: 212-692-2885
Facsimile: 866-550-5340
Email: tfuller@angelogordon.com

Barclays Bank PLC

By: _____
Name:
Title: Jenna Yoo
Authorized Signatory

Address:
745 Seventh Ave
New York, NY 10019

Schedule 1

Transferred Claims

Purchased Claim

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0160491584 | 50315.14 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,883,384.00 | $2,687,837.24 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0160491584 | 50316.14 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 9,976,714.00 | $14,238,088.00 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0160491584 | 63604.04 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 397,500.00 | $567,285.00 |

Schedule 1-1

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0161241418 | 50315.11 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,553,576.00 | $5,070,957.94 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0161241418 | 50316.11 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 18,824,108.00 | $26,862,030.04 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0161241418 | 63604.04 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,165,000.00 | $3,089,458.19 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0162196140 | 50315.10 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,899,031.35 | $8,417,926.42 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0162196140 | 50316.10 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 31,248,520.97 | $44,591,685.41 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0162196140 | 63604.04 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,397,500.00 | $3,421,236.03 |

Schedule 2

LBHI Distributions

| ISIN | POC | First Distribution (USD) April 17, 2012 | Second Distribution (USD) October 1, 2012 | Third Distribution (USD) April 4, 2013 | Fourth Distribution (USD) October 3, 2013 | Fifth Distribution (USD) April 3, 2014 | Sixth Distribution (USD) October 2, 2014 | Seventh Distribution (USD) April 2, 2015 | Eighth Distribution (USD) October 1, 2015 | Ninth Distribution (USD) March 31, 2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0160491584 | 63604.04 | 20,474.61 | 13,816.67 | 17,451.47 | 20,690.68 | 22,474.90 | 16,867.40 | 11,510.99 | 8,779.65 | 2,436.37 |
| XS0160491584 | 50315.14 | 97,010.20 | 65,464.40 | 82,686.34 | 98,033.94 | 106,487.70 | 79,918.94 | 54,539.90 | 41,598.61 | 11,543.70 |
| XS0160491584 | 50316.14 | 513,885.20 | 346,779.88 | 438,008.44 | 519,308.20 | 564,089.70 | 423,348.90 | 288,910.31 | 220,357.34 | 61,149.60 |
| XS0161241418 | 50315.11 | 183,022.48 | 123,507.19 | 155,998.64 | 184,953.91 | 200,903.04 | 150,777.58 | 102,896.68 | 78,481.24 | 21,778.70 |
| XS0161241418 | 50316.11 | 969,512.18 | 654,245.96 | 826,360.66 | 979,743.39 | 1,064,229.58 | 798,703.51 | 545,067.39 | 415,733.16 | 115,366.78 |
| XS0161241418 | 63604.04 | 111,505.62 | 75,246.19 | 95,041.47 | 112,682.33 | 122,399.27 | 91,860.56 | 62,689.34 | 47,814.34 | 13,268.57 |
| XS0162196140 | 50315.10 | 303,822.24 | 205,025.25 | 258,961.93 | 307,028.46 | 333,504.44 | 250,294.84 | 170,811.26 | 130,280.96 | 36,153.23 |
| XS0162196140 | 50316.10 | 1,609,416.04 | 1,086,065.73 | 1,371,780.71 | 1,626,400.12 | 1,766,649.45 | 1,325,869.11 | 904,826.39 | 690,128.12 | 191,511.92 |
| XS0162196140 | 63604.04 | 123,480.24 | 83,326.91 | 105,248.00 | 124,783.32 | 135,543.76 | 101,725.49 | 69,421.57 | 52,949.14 | 14,693.49 |

Lehman BV Distributions

| ISIN | First Distribution (EUR) May 8, 2013 | Second Distribution (EUR) October 24, 2013 | Third Distribution (EUR) April 28, 2014 | Fourth Distribution (EUR) October 28, 2014 | Fifth Distribution (EUR) April 27, 2015 | Sixth Distribution (EUR) October 29, 2015 | Seventh Distribution (EUR) April 28, 2016 |
|---|---|---|---|---|---|---|---|
| XS0160491584 | 1,497,696.31 | 586,737.04 | 630,625.78 | 521,377.92 | 417,700.61 | 303,917.13 | 85,067.73 |
| XS0161241418 | 2,998,730.48 | 1,174,781.72 | 1,262,657.02 | 1,043,917.81 | 836,332.13 | 608,511.58 | 170,326.23 |
| XS0162196140 | 4,831,784.24 | 1,892,898.29 | 2,034,489.71 | 1,682,040.33 | 1,347,562.39 | 980,480.47 | 274,442.66 |

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Botticelli L.L.C.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts set forth in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **(see Schedule 1)** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) ("LBHI" or the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) to the extent and in the form received from (as applicable) the Debtor or Seller's predecessor in interest, prior to the date hereof a true and correct copy of the Notice of Proposed Allowed Claim Amount which relates to the Proof of Claim (the "Notice") has been provided to Purchaser, and there have not been any supplements, amendments, modifications or revisions thereto, and no action was undertaken by Seller, or to Seller's actual knowledge, or a predecessor in interest with respect to the Notice; (h) to the extent and in the form received from (as applicable) the Debtor or Seller's predecessor in interest, Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) in connection with the LBHI Distributions (as defined below) on account of the Transferred Claims, provided however that such disbursement notices have been redacted of information unrelated to the Transferred Claims; (i) Seller or its predecessor in interest has received the distributions paid by the Debtor in respect of the Transferred Claims (collectively, the "LBHI Distributions") reflected in Schedule 2 attached hereto; (j) Seller or its predecessor in interest has received the distributions paid by

KL2 2938497.3
NY 1790438.2

Lehman Brothers Treasury Co. B.V. ("Lehman BV") in respect of the Transferred Claims (collectively, the "BV Distributions"), reflected in Schedule 2 attached hereto; (k) other than the LBHI Distributions and the BV Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Security; and (l) Seller has delivered to Purchaser true and correct copies of the fully executed Agreements and Evidences of Transfers of Claims by and between (i) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 13601 on 12/21/10 (which has not been supplemented, amended or revised); (ii) Deutsche Bank AG, London Branch and Botticelli L.L.C., in connection with the filing made with the Court with docket number 13595 on 12/21/10 (which has not been supplemented, amended or revised); (iii) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 14594 on 2/22/11 (which has not been supplemented, amended or revised); (iv) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 10217 on 7/14/10 (which has not been supplemented, amended or revised); (v) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 19596 on 8/31/11 (which has not been supplemented, amended or revised); (vi) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 19598 on 8/31/11 (which has not been supplemented, amended or revised); (vii) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 10716 on 8/9/10 (which has not been supplemented, amended or revised) and (viii) Barclays Bank PLC and Botticelli L.L.C., in connection with the filing made with the Court with docket number 10721 on 8/9/10 (which has not been supplemented, amended or revised).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller received after the trade date of January 7, 2016, including, without further limitation, the distributions made by the Debtor on or around March 31, 2016 and by Lehman BV on or around April 28, 2016 and scheduled to be made by the Debtor on or around June 16, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature page follows]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  7  day of   June   2016.

Botticelli, L.L.C.
By Angelo Gordon & Co., L.P.
Manager

By: _____
Name:
Title:    Gavin Baiera
          Authorized Signatory

Address:
Attn: Thomas Fuller
Angelo, Gordon & Co., L.P.
245 Park Avenue, 26th Fl
New York, NY 10167
Telephone: 212-692-2885
Facsimile: 866-550-5340
Email: tfuller@angelogordon.com

Barclays Bank PLC

By: _____
Name:     Jenna Yoo
Title:    Authorized Signatory

Address:
745 Seventh Ave
New York, NY 10019

KL2 2938497.3
NY 1790438.2

Schedule 1

Transferred Claims

Purchased Claim

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0100490084 | 51235.03 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,200,000 | $4,541,138.47 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0270495160 | 55741.02 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 8,400,000.00 | $11,920,488.48 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0268040192 | 58797 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | SGD 4,500,000 | $3,211,347.26 |

Schedule 1-1

KL2 2938497.3
NY 1790438.2

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0258962975 | 55744.08 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 7,580,000.00 | $9,623,123.30 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0251832662 | 55744.07 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 37,902,000.28 | $48,208,143.01 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0225771079 | 58781.03 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,575,000.00 | $2,235,091.59 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0225771079 | 58792.03 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,675,000 | $5,215,213.71 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0258581403 | 58980.02 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 7,217,000 | $10,361,079.38 |

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | POC | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0258581403 | 58982.02 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 13,283,000 | $19,069,726.67 |

Schedule 2

LBHI Distributions

| ISIN | POC | First Distribution (USD) April 17, 2012 | Second Distribution (USD) October 1, 2012 | Third Distribution (USD) April 4, 2013 | Fourth Distribution (USD) October 3, 2013 | Fifth Distribution (USD) April 3, 2014 | Sixth Distribution (USD) October 2, 2014 | Seventh Distribution (USD) April 2, 2015 | Eighth Distribution (USD) October 1, 2015 | Ninth Distribution (USD) March 31, 2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0100490084 | 51235.03 | 163,900.09 | 110,603.01 | 139,699.72 | 165,629.72 | 179,912.46 | 135,024.17 | 92,145.92 | 70,281.43 | 19,503.24 |
| XS0270495160 | 55741.02 | 430,237.73 | 290,332.91 | 366,711.78 | 434,778.00 | 472,270.20 | 354,438.44 | 241,883.04 | 184,488.75 | 51,195.99 |
| XS0268040192 | 58797.00 | 115,904.88 | 78,214.90 | 98,791.16 | 117,128.01 | 127,228.31 | 95,484.75 | 65,162.64 | 49,700.77 | 13,792.06 |
| XS0258962975 | 55744.08 | 347,320.56 | 234,378.77 | 296,037.59 | 350,985.81 | 381,252.36 | 286,129.62 | 195,266.36 | 148,933.33 | 41,329.29 |
| XS0251832662 | 55744.07 | 1,739,942.28 | 1,174,147.41 | 1,483,034.33 | 1,758,303.80 | 1,909,927.56 | 1,433,399.23 | 978,209.27 | 746,098.63 | 207,043.85 |
| XS0225771079 | 58781.03 | 80,669.57 | 54,437.42 | 68,758.46 | 81,520.88 | 88,550.66 | 66,457.21 | 45,353.07 | 34,591.64 | 9,599.25 |
| XS0225771079 | 58792.03 | 188,229.01 | 127,020.65 | 160,436.40 | 190,215.38 | 206,618.21 | 155,066.82 | 105,823.83 | 80,713.83 | 22,398.25 |
| XS0258581403 | 58980.02 | 373,955.08 | 252,352.27 | 318,739.44 | 377,901.41 | 410,488.97 | 308,071.67 | 210,240.50 | 160,354.38 | 44,498.66 |
| XS0258581403 | 58982.02 | 688,270.11 | 464,458.26 | 586,644.86 | 695,533.38 | 755,511.30 | 567,010.67 | 386,950.88 | 295,134.72 | 81,900.47 |

Lehman BV Distributions ((EUR) unless otherwise noted)

| ISIN | First Distribution | Second Distribution | Third Distribution | Fourth Distribution | Fifth Distribution | Sixth Distribution | Seventh Distribution |
|---|---|---|---|---|---|---|---|
|  | May 8, 2013 | October 24, 2013 | April 28, 2014 | October 28, 2014 | April 27, 2015 | October 29, 2015 | April 28, 2016 |
| XS0100490084 | 427,362.64 | 167,423.46 | 179,946.96 | 148,773.45 | 119,189.47 | 86,721.73 | 24,275.20 |
| XS0270495160 | 1,059,067.00 | 414,899.76 | 445,934.83 | 368,682.32 | 295,368.91 | 214,909.12 | 60,152.40 |
| XS0268040192 (SGD) | 469,253.00 | 191,834.89 | 210,928.11 | 163,409.65 | 116,946.20 | 92,791.91 | 24,961.50 |
| XS0258962975 | 876,927.29 | 343,544.76 | 369,242.39 | 305,275.86 | 244,570.98 | 177,948.77 | 49,808.18 |
| XS0251832662 | 4,384,867.86 | 1,717,814.47 | 1,846,309.38 | 1,526,459.84 | 1,222,919.47 | 889,790.83 | 249,054.04 |
| XS0225771079 | 722,248.69 | 282,947.93 | 304,112.82 | 251,429.16 | 201,431.83 | 146,560.92 | 41,023.50 |
| XS0258581403 | 2,618,183.01 | 1,025,698.56 | 1,102,422.23 | 911,411.65 | 730,199.19 | 531,289.72 | 148,707.00 |