# EXHIBIT F

ORIGINAL

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 |

UNIQUE IDENTIFICATION NUMBER:

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side).

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Highland CDO Opportunity Master Fund, L.P.
13455 Noel Road, Suite 800
Dallas, TX 75240
(972)628-4100

Scott Everett
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
(214) 651-5000
scott.everett@haynesboone.com

Telephone number:     Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:     Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 10,026,061.00
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached Addendum
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____   Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____
Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction...)

7. **Credits:** The...
8. **Documents:** ...orders, invoices, it... Attach redacted co... on reverse side.) If DO NOT SEND O... SCANNING. If the documents or...

Date: 9/15/09 [signature]

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$ _____

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000016838

FOR COURT USE ONLY
**FILED / RECEIVED**
SEP 18 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Patrick Boyce
# CFO

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              :
                                                   :
LEHMAN BROTHERS HOLDINGS, INC.                     :   Case No. 08-13555
                                                   :
                Debtor.                            :
------------------------------------------------------------x

### ADDENDUM TO PROOF OF CLAIM OF HIGHLAND
### CDO OPPORTUNITY MASTER FUND, L.P.

1. On September 15, 2008, Lehman Brothers Holdings, Inc. ("***LBHI***") filed its voluntary petition for bankruptcy protection under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the Bankruptcy Court for the Southern District of New York (the "***Court***"). Additionally, on September 15, 2008 (the "***Administration Date***"), LBHI subsidiary, Lehman Brothers International (Europe) ("***LBIE***") was placed into administration in the United Kingdom.

2. Prior to the Commencement and Administration Dates, LBIE and Highland CDO Opportunity Master Fund, L.P. ("***Highland CDO***") entered into that certain Global Master Repurchase Agreement (2000 version) dated as of May 31, 2007, and each of the Annexes related thereto and all Confirmations and Transactions thereunder, in each case, as such documents were amended and supplemented from time to time (collectively, the "***Agreement***") with LBIE.[1] A copy of the Agreement is attached hereto as **Exhibit A**.

3. LBIE's obligations under the Agreement are guaranteed by LBHI pursuant to that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated as of June 9, 2005, attached hereto as **Exhibit B**.

---

[1] Capitalized terms not otherwise defined shall have the meanings given in the Agreement.

D-1787106_1.DOC

4. On September 17, 2008, Highland CDO issued the Default Notice (the "***Default Notice***") whereby Highland CDO declared an Event of Default under Paragraphs 10(a)(vi) and (b) of the Agreement. A copy of the Default Notice is attached hereto as **Exhibit C**. Through the Default Notice, Highland CDO designated September 15, 2008 as the Repurchase Date for all Transactions under the Agreement.

5. On September 26, 2008, Highland CDO provided to LBIE its Default Valuation Notice Under Global Master Repurchase Agreement (the "***Original Valuation Statement***"), as amended by that certain Amendment Default Valuation Notice Under Global Master Repurchase Agreement (together with the Original Valuation Statement, the "***Valuation Statement***"), pursuant to Paragraph 10(c)(i) of the Agreement as a result of the early designation of the Repurchase Date. A copy of the Valuation Statement and supporting documents are attached hereto as **Exhibit D**.

6. Pursuant to Paragraph 10(c) of the Agreement, the amount of $10,026,061.00 is due and payable from LBIE as described in the Valuation Statement.

7. Highland CDO is filing this proof of claim with full reservation of rights, including the right to further amend or supplement the proof of claim at a later date.

8. Nothing provided for herein shall limit Highland CDO's rights under the Agreement.