WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (SCC)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**_EX PARTE_ MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9018 FOR AUTHORITY TO (I) FILE
DOCUMENTS UNDER SEAL AND (II) REDACT NONPUBLIC INFORMATION**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases, respectfully represents as follows:

**RELIEF REQUESTED**

1. At the request of claimant SRM Global Master Fund Limited Partnership ("SRM"), the Plan Administrator requests authorization, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to redact and seal information considered by

SRM to be confidential and commercially sensitive in the following documents: (a) the *Plan Administrator's Objection to Claim Number 29606* (the "Objection"); and (b) the *Declaration of Sir John Chadwick in Respect of English Law Issues Arising in Relation to the Recovery of Damages Claimed by SRM Global Master Fund Limited Partnership* (the "Chadwick Declaration").

2. At the further request of SRM, the Plan Administrator also seeks an order of the Court directing that the redacted and sealed information (the "Redacted Information") shall remain under seal and not be made available to anyone, except as specifically provided in the Proposed Order (as defined herein), without the consent of SRM and the Plan Administrator or further order of the Court.

## JURISDICTION

3. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

## BACKGROUND

4. SRM filed proof of claim number 29606 asserting several claims (each a "Claim" and, together, the "Claims") against LBHI asserting guaranty liability based on alleged underlying obligations of Lehman Brothers International (Europe) ("LBIE") owed in connection with contracts entered into between SRM and LBIE.

5. SRM and the Plan Administrator are parties to a confidentiality agreement (the "Confidentiality Agreement") which restricts the ability of the parties to disclose certain non-public commercial information.

6. On May 20, 2016, the Plan Administrator served a copy of the Objection and the Chadwick Declaration on SRM. A hearing to consider the Objection has been scheduled for July 28, 2016 at 10:00 a.m. (Eastern Time).

2

7. SRM has informed the Plan Administrator that the Objection and the Chadwick Declaration include what SRM asserts is confidential commercial information, including information made confidential by an agreement between SRM and LBIE. SRM has requested that the Plan Administrator only publicly file redacted copies of the Objection and the Chadwick Declaration (the "Redacted Documents") to protect such assertedly confidential commercial information. The Plan Administrator believes that the information proposed to be redacted (the "Redacted Information") is essential to the contested matter commenced by the Objection and the Plan Administrator believes the Court will be aided in its consideration of the Objection by considering such information.

8. Accordingly, the Plan Administrator seeks entry of the proposed order, attached hereto as Exhibit A (the "Proposed Order"), granting the relief requested herein.

### BASIS FOR RELIEF REQUESTED

9. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

10. In addition, pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

WEIL:\95757584\3\58399.0011

11. These provisions of the Bankruptcy Code and the Bankruptcy Rules are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). In granting relief under section 107(b), "[t]he court determines whether the subject documents fall within the provisions § 107(b) and the appropriate protective remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once a court determines that a party in interest is seeking protection of information that falls within section 107(b), it "is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

12. Courts have recognized that the term "commercial information" is broad, including information that could "have a chilling effect on negotiations, ultimately affecting the viability of the Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991). The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." *Orion*, 21 F.3d at 28. Indeed, the Second Circuit has stated that an interested party need only show that the information it wishes to seal is "'confidential' and 'commercial' in nature", and no showing of "good cause" is necessary. *Id.*

13. Thus, a bankruptcy court may enter a sealing order where necessary to protect commercial information. *See Global Crossing*, 295 B.R. at 725 (the "whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

4

14. SRM has informed the Plan Administrator that it believes the Redacted Information falls within the parameters of section 107(b) and has requested that the Plan Administrator seek entry of the Proposed Order authorizing the filing of the Redacted Documents under seal and the redaction of the Redacted Information.

15. To ensure the Court has the benefit of the Redacted Information in considering the contested matter commenced by the filing of the Objection, the Plan Administrator will deliver unredacted versions of the Redacted Documents to the Court for *in camera* review.

**NOTICE**

16. Bankruptcy Rule 9018 provides that, on motion, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of confidential commercial information. The Plan Administrator submits that no notice of this Motion thus need be provided and it is filed at the request, and with the consent, of SRM.

17. No previous request for the relief sought herein has been made by the Plan Administrator with this or any other Court.

WHEREFORE, the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 29, 2016
     New York, New York

                                             /s/ Richard L. Levine
                                             Richard L. Levine
                                             Garrett A. Fail
                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York 10153
                                             Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007

                                             *Attorneys for Lehman Brothers Holdings Inc.*
                                             *and Certain of Its Affiliates*

WEIL:\95757584\3\58399.0011

# EXHIBIT A

**Proposed Order**

WEIL:\95757584\3\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :   08-13555 (SCC)
                                                               :
        Debtors.                                          :   (Jointly Administered)
                                                               :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING (I) THE FILING OF DOCUMENTS UNDER SEAL AND (II) THE REDACTION OF CONFIDENTIAL COMMERCIAL INFORMATION

Upon the motion, dated June 28, 2016 (the "Motion"),[1] of the Plan Administrator pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, for entry of an order (i) granting the Plan Administrator the authority to (a) redact confidential commercial information in the Redacted Documents, and (b) file unredacted versions of the Redacted Documents under seal; and (ii) directing that the sealed and redacted information shall remain under seal and not be made available to anyone, except as specifically provided in this Order, without the consent of SRM and the Plan Administrator or further order of the Court, all as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Plan Administrator is authorized to file unredacted copies of the Redacted Documents under seal and to redact portions of the Redacted Documents; and it is further

ORDERED that the unredacted copies of the Redacted Documents shall remain under seal and shall not be made available to anyone, other than as provided for in this Order, without the consent of SRM and the Plan Administrator or without further order of the Court; and it is further

ORDERED that the Clerk of the Court shall treat the unredacted copies of the Redacted Documents as confidential, and counsel for the Plan Administrator shall contact the Clerk's Office regarding the return or disposition of the Redacted Documents at the close of this case; and it is further

ORDERED that this Order is without prejudice to the rights of any party in interest or the Office of the United States Trustee to seek to make public any portion of the pleadings and/or documents filed under seal pursuant to this Order by filing an appropriate motion with the Court on proper notice to the Plan Administrator and SRM; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2016
       New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE