# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York | PROOF OF CLAIM |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)         0000022639

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Citibank, N.A., in its capacity as trustee
c/o Michael A. Fagone, Esq.
Bernstein Shur
100 Middle Street, P.O. Box 9729
Portland, ME  04104-5029

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   (*If known*)

Filed on: _____

Telephone number: (207) 774-1200    Email Address: mfagone@bssn.com

Name and address where payment should be sent (if different from above)
Citibank, N.A., Agency & Trust
24221 Calle De La Louisa, Suite 308
Laguna Hills, CA 92653
Telephone number: (949) 206-8960    Email Address: jennifer.cupo@citi.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ Contingent; see Addendum
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached Addendum
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
Describe: See attached Addendum
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(2_).

**Amount entitled to priority:**
$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 9/17/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Jennifer Cupo, Director |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 08-13555 (JMP) |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS INC.,** | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | Judge James M. Peck |

## ADDENDUM TO PROOF OF CLAIM OF
## CITIBANK, N.A. IN ITS CAPACITY AS TRUSTEE

Citibank, N.A., in its capacity as indenture trustee, (the "Trustee") files this Proof of

Claim against Lehman Brothers Holdings Inc. (the "Seller," the "Debtor," or, together with the

other debtors in the above-referenced jointly administered chapter 11 cases, the "Debtors").

All notices, objections, and other pleadings relating to this Proof of Claim should be

addressed as follows:

> Citibank, N.A.
> Attention: Jennifer Cupo
> Agency & Trust
> 24221 Calle De La Louisa, Suite 308
> Laguna Hills, CA 92653
>
> and
>
> Bernstein, Shur, Sawyer & Nelson
> Attention: Michael A. Fagone, Esq.
> 100 Middle Street, P.O. Box 9729
> Portland, ME 04104-5029

## I.    Overview of Claim

1.    The Debtor, as seller, and Structured Asset Securities Corporation (the

"Depositor") as purchaser entered into mortgage loan sale and assignment agreements (each a

"Mortgage Loan Agreement" and collectively, the "Mortgage Loan Agreements") under which

SASCO Reverse Mortgage--Seller

the Debtor sold certain mortgage loans to the Depositor. The Depositor, Structure Asset

Securities Corporation Reverse Mortgage Loan Trust 2007-RM1 (the "Issuer") as issuer and the

Trustee, *inter alia*, are parties to a certain transfer and servicing agreements (each a "Transfer

Agreement" and collectively, the "Transfer Agreements") under which certain mortgage loans

and other rights, obligations and property were assigned from the Depositor to the Issuer. The

Issuer and the Trustee entered into certain indentures (each, an "Indenture" and collectively, the

"Indentures") under which certain mortgage loans and other rights, obligations and property

were granted to the Trustee.[1]  In connection with the Mortgage Loan Agreements, Indentures and

Transfer Agreements, as of June 30, 2009, the Trustee holds claims against the Debtor in an

amount not less than $927,988.327.14 in addition to the unliquidated claims described below

(each, a "Claim" and collectively, the "Claims"). A portion of the Claim is contingent and a

portion of the Claim may be entitled to administrative priority. The Claims are specifically made

up of the items set forth below.

## II.    Components of Claim

### A.    Repurchase, Purchase, or Substitution of Mortgage Loans

2.    In the event of a material breach of certain representations and warranties

made by the Depositor with respect to a Mortgage Loan, or a material breach of certain

representations and warranties with respect to a Mortgage Loan made by the Seller or any

Transferor, the benefit of which was assigned to the Trustee, the Depositor, the Seller, or the

Transferor, as applicable, is required to (a) cure such breach in all material respects; (b) cause the

material breach to be cured by another party, or (c) repurchase such Mortgage Loan or any

property acquired in respect thereof at the Purchase Price. In general, with respect to a

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the Indenture and the Transfer Agreement.

Mortgage Loan, the Purchase Price is defined as the sum of (x) the Outstanding Amount of such

Mortgage Loan as of the date of repurchase, plus any interest accrued thereon at the related

Mortgage Rate and not previously added to such Outstanding Amount, and (y) any costs and

damages incurred by the Trust in connection with any violation of any anti-predatory or anti-

abusive lending laws with respect to such Mortgage Loan. **Exhibit A** attached hereto lists the

number of Mortgage Loans that constitute Trust Account Property as of June 30, 2009 and the

aggregate unpaid principal balance of such Mortgage Loans as of such date.

      3.      The conveyance of the Seller and the Depositor's right, title, and interest

in and to the property constituting the Trust Account Property under the Transfer Agreement and

Indenture was intended by the parties to constitute a sale of such property, not a grant of a

security interest to secure a loan.   However, in the event such conveyance is deemed to be in the

nature of a loan, the Depositor granted to the Issuer and the Issuer granted to the Trustee, for

benefit of the Holders and the Certificate Insurer, a first priority security interest in all of the

Debtor's right, title, and interest in or to all property constituting the Trust Account Property and

certain other property as set forth in the granting clauses of the Indenture in order to secure the

obligations in connection with such loan.   The Trustee reserves all of its rights as the holder of a

secured claim in the event that the conveyance is determined to be in respect of a loan.

      B.      <u>Reimbursement of Certain Fees and Expenses</u>

      4.      Pursuant to Section 6.07 of the Indenture, the Trustee is entitled to

reimbursement of reasonable expenses, disbursements, and advances incurred or made by the

Trustee in accordance with the Indenture, including the fees and expenses of the Trustee's

agents, counsel, accountants and experts.   As of June 30, 2009, the fees and expenses, and certain

other expenses of the Trustee, are not less than $1,662.24.

      5.      In connection with the transactions described in the Indenture and Transfer

Agreement, the Trustee entered into one or more custodial agreements, whereby a custodian

agreed to hold documents on behalf of the Trustee and to cooperate with the Master Servicer in

the performance of certain duties of the Master Servicer under the Indenture, Transfer

Agreement and other agreements (each such agreement, a "Custodial Agreement"). Pursuant to

the Custodial Agreement, the fees and expenses of the custodian are to be paid by the Seller on

behalf the Depositor. The fees and expenses of the custodians, as of June 30, 2009, are not less

than the amounts shown on **Exhibit A** attached hereto. Additional fees and expenses will

continue to accrue during the term of the transactions described in the Indenture and Transfer

Agreement, and such additional fees and expenses are part of this Claim.

      C.    Additional Unliquidated Claim

          6.    If it is determined that the Seller has engaged in any fraud or other

improper acts (including, without limitation, accounting or financial irregularities, errors, or

misstatements) that placed the Seller in economic distress or otherwise directly or indirectly

damaged the Trust Fund, the Trustee reverses the right to amend this Proof of Claim.

## III.    Set-Off and Counterclaim

          7.    No judgment has been rendered on the Claim. The amount of all

payments on this claim has been credited and deducted for the purpose of making this Proof of

Claim. The Claim is not subject to any setoff or counterclaim.

**IV.    Supporting Documents**

8.    Due to their voluminous nature, copies of the Indentures and Transfer Agreements and the related agreements are not attached hereto.  The Depositor should have copies of these documents in its possession.  Such documents will, nevertheless, be made available on a confidential basis as required.

**V.    Reservation of Rights and/or Remedies**

9.    Nothing contained herein, nor the filing of this Proof of Claim, shall constitute or be construed as an admission by the Trustee of any liability or an election by the Trustee of any remedy or any acknowledgment of the positions of the Trustee with respect to any issue that is the subject of this Proof of Claim. The Trustee has filed this Proof of Claim under compulsion of the bar date established in these chapter 11 cases and to protect the Trust Fund from forfeiture of its claim against the Debtor by reason of such bar date.  This Proof of Claim is in addition to, and not in lieu of, any other proof of claim filed by the Trustee or by Citibank, N.A. in its individual capacity, in these chapter 11 cases.  The Trustee reserves the right to assert an administrative expense claim under 11 U.S.C. § 503 for obligations arising out of Depositor's post-petition activities and/or the Indenture and Transfer Agreement and/or any agreement, instrument, certificate, or document executed in connection with the Indenture and Transfer Agreement, as in effect post-petition. The Trustee reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, including for purposes of fixing the amount of the claim described above together with interest, fees (including legal fees) and expenses due to the Trustee or the Trust Fund, and/or to file additional proofs of claim for any additional claims against Debtor or any of its affiliates which may be based on the same or additional documents or grounds of liability.

10.    The filing of this Proof of Claim is not and shall not be deemed or construed as : (a) a waiver or release of the Trustee's rights against any person, entity, or property, or a waiver of the right to compel Seller to return property of the Trustee currently in the possession of Seller; (b) a consent by the Trustee to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Trustee or the Trust Account Property; (c) a waiver or release of the Trustee's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by the Trustee to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of the Trustee's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by the United States District Court; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving the Trustee; or (g) an election of remedies.

From:   Origin ID: SFMA  (207) 228-7380
Mike Fagone

100 Middle Street

Portland, ME 04101



Ship Date: 18SEP09
ActWgt: 1.0 LB
CAD: 101066837/INET9060
Account#: S *********

SHIP TO:   (646) 282-2500        BILL SENDER
**Lehman Bros Hldgs Claims Processing**
**Epiq Bankruptcy Solutions, LLC**
**757 3RD AVE FRNT 3**

**NEW YORK, NY 10017**

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

SEP 21 2009

TRK#  7969 5809 6366
0201

MON - 21SEP        A1
PRIORITY OVERNIGHT



**XA OGSA**

10017
NY-US
EWR

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

| | |
|---|---|
| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000022775

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| **Name of Debtor Against Which Claim is Held**<br>Structured Assets Securities Corp. | **Case No. of Debtor**<br>09-10558 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor:)

Citibank, N.A., in its capacity as trustee
c/o Michael A. Fagone, Esq.
Bernstein Shur
100 Middle Street, P.O. Box 9729
Portland, ME 04104-5029

Telephone number: (207) 774-1200   Email Address: mfagone@bssn.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
   (If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Citibank, N.A., Agency & Trust
24221 Calle De La Louisa, Suite 308
Laguna Hills, CA 92653

Telephone number: (949) 206-8960   Email Address: jennifer.cupo@citi.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.   Amount of Claim as of Date Case Filed:** $ _Dpouj ohf ou< t f f   Beef oevn_

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** See attached Addendum
   (See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other

Describe: See attached Addendum

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( 2 ).

**Amount entitled to priority:**

$_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 21 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/17/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Jennifer Cupo, Director   _[signature]_

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim form and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

# DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

# INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 08-13555 (JMP) |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | Judge James M. Peck |

### ADDENDUM TO PROOF OF CLAIM OF
### CITIBANK, N.A. IN ITS CAPACITY AS TRUSTEE

Citibank, N.A., in its capacity as indenture trustee, (the "Trustee") files this Proof of

Claim against Structured Asset Securities Corporation (the "Depositor," the "Debtor," or,

together with the other debtors in the above-referenced jointly administered chapter 11 cases, the

"Debtors").

All notices, objections, and other pleadings relating to this Proof of Claim should be

addressed as follows:

> Citibank, N.A.
> Attention: Jennifer Cupo
> Agency & Trust
> 24221 Calle De La Louisa, Suite 308
> Laguna Hills, CA 92653
>
> and
>
> Bernstein, Shur, Sawyer & Nelson
> Attention: Michael A. Fagone, Esq.
> 100 Middle Street, P.O. Box 9729
> Portland, ME 04104-5029

## I.    Overview of Claim

1.    Citibank, N.A., as indenture trustee, and Structured Asset Securities

Corporation Reverse Mortgage Loan Trust 2007-RM1, as issuer (the "Issuer"), are parties to

SASCO Reverse Mortgage--Depositor

certain indentures (each, an "Indenture" and collectively, the "Indentures").[1] The Debtor, the

Issuer and the Trustee, *inter alia*, are parties to certain transfer and servicing agreements (each a

"Transfer Agreement" and collectively, the "Transfer Agreements"). In connection with the

Indentures and the Transfer Agreements, as of June 30, 2009, the Trustee holds claims against

the Debtor in an amount not less than $927,988,327.14 in addition to the unliquidated claims

described below (each, a "Claim" and collectively, the "Claims"). A portion of the Claim is

contingent and a portion of the Claim may be entitled to administrative priority. The Claims are

specifically made up of the items set forth below.

## II.   Components of Claim

### A.   Repurchase, Purchase, or Substitution of Mortgage Loans

2.      Pursuant to the Mortgage Loan Sale and Assignment Agreement, the

Depositor acquired certain Mortgage Loans from Lehman Brothers Holdings Inc. (the "Seller").

The Depositor conveyed those Mortgage Loans, the Depositor's rights and interest under the

Mortgage Loan Sale and Assignment Agreement, and certain other property, as described in

Section 2.01(a) of the Transfer Agreement, to the Issuer. The Issuer granted the Issuer's rights

under the Transfer Agreement, the Mortgage Loans and certain other property, as described in

the granting clauses of the Indenture, to the Trustee. In the event of a material breach of certain

representations and warranties made by the Depositor with respect to a Mortgage Loan, or a

material breach of certain representations and warranties with respect to a Mortgage Loan made

by the Seller or any Transferor, the benefit of which was assigned to the Trustee, the Depositor,

the Seller, or the Transferor, as applicable, is required to (a) cure such breach in all material

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the Indenture and the Transfer Agreement.

respects; (b) cause the material breach to be cured by another party, or (c) repurchase such

Mortgage Loan or any property acquired in respect thereof at the Purchase Price.   In general,

with respect to a Mortgage Loan, the Purchase Price is defined as the sum of (x) the Outstanding

Amount of such Mortgage Loan as of the date of repurchase, plus any interest accrued thereon at

the related Mortgage Rate and not previously added to such Outstanding Amount, and (y) any

costs and damages incurred by the Trust in connection with any violation of any anti-predatory

or anti-abusive lending laws with respect to such Mortgage Loan.   **Exhibit A** attached hereto

lists the number of Mortgage Loans that constitute Trust Account Property as of June 30, 2009

and the aggregate unpaid principal balance of such Mortgage Loans as of such date.

   3. The conveyance of the Depositor's right, title, and interest in and to the

property constituting the Trust Account Property under the Transfer Agreement and Indenture

was intended by the parties to constitute a sale of such property, not a grant of a security interest

to secure a loan.   However, in the event such conveyance is deemed to be in the nature of a loan,

the Depositor granted to the Issuer and the Issuer granted to the Trustee, for benefit of the

Holders and the Certificate Insurer, a first priority security interest in all of the Depositor's right,

title, and interest in or to all property constituting the Trust Account Property and certain other

property as set forth in the granting clauses of the Indenture in order to secure the Depositor's

obligations in connection with such loan.   The Trustee reserves all of its rights as the holder of a

secured claim in the event that the conveyance is determined to be in respect of a loan.

   B. Reimbursement of Certain Fees and Expenses

   4. Pursuant to Section 6.07 of the Indenture, the Trustee is entitled to

reimbursement of reasonable expenses, disbursements, and advances incurred or made by the

Trustee in accordance with the Indenture, including the fees and expenses of the Trustee's

agents, counsel, accountants and experts.  As of June 30, 2009, the fees and expenses, and certain

other expenses of the Trustee, are not less than $1,662.24.

        5.      In connection with the transactions described in the Indenture and Transfer Agreement, the Trustee entered into one or more custodial agreements, whereby a custodian agreed to hold documents on behalf of the Trustee and to cooperate with the Master Servicer in the performance of certain duties of the Master Servicer under the Indenture, Transfer Agreement and other agreements (each such agreement, a "Custodial Agreement"). Pursuant to the Custodial Agreement, the fees and expenses of the custodian are to be paid by the Seller on behalf the Depositor. The fees and expenses of the custodians, as of June 30, 2009, are not less than the amounts shown on **Exhibit A** attached hereto. Additional fees and expenses will continue to accrue during the term of the transactions described in the Indenture and Transfer Agreement, and such additional fees and expenses are part of this Claim.

      C.     Certain Other Obligations of the Depositor

        6.      Pursuant to the Transfer Agreement, the Depositor has certain other duties and obligations, including, without limitation, the obligation to (i) take reasonable actions so that if a security interest is created pursuant to the Transfer Agreement, such security interest would be deemed to be a perfected security interest of first priority; and (ii) waive any stay or extension law whenever enacted. The Trustee holds a claim against the Depositor for any losses, liabilities, damages, penalties, fees or expenses incurred by the Trustee or the Trust Account Property directly or indirectly as a result of the Depositor's failure to perform any such obligations in a timely manner.

### D.   Additional Unliquidated Claim

7.     If it is determined that the Depositor has engaged in any fraud or other improper acts (including, without limitation, accounting or financial irregularities, errors, or misstatements) that placed the Depositor in economic distress or otherwise directly or indirectly damaged the Trust Fund, the Trustee reverses the right to amend this Proof of Claim.

## III.   Set-Off and Counterclaim

8.     No judgment has been rendered on the Claim.  The amount of all payments on this claim has been credited and deducted for the purpose of making this Proof of Claim.  The Claim is not subject to any setoff or counterclaim.

## IV.   Supporting Documents

9.     Due to their voluminous nature, copies of the Indentures and Transfer Agreements and the related agreements are not attached hereto.  The Depositor should have copies of these documents in its possession.  Such documents will, nevertheless, be made available on a confidential basis as required.

## V.   Reservation of Rights and/or Remedies

10.     Nothing contained herein, nor the filing of this Proof of Claim, shall constitute or be construed as an admission by the Trustee of any liability or an election by the Trustee of any remedy or any acknowledgment of the positions of the Trustee with respect to any issue that is the subject of this Proof of Claim. The Trustee has filed this Proof of Claim under compulsion of the bar date established in these chapter 11 cases and to protect the Trust Fund from forfeiture of its claim against the Debtor by reason of such bar date.  This Proof of Claim is in addition to, and not in lieu of, any other proof of claim filed by the Trustee or by Citibank,

N.A. in its individual capacity, in these chapter 11 cases. The Trustee reserves the right to assert

an administrative expense claim under 11 U.S.C. § 503 for obligations arising out of Depositor's

post-petition activities and/or the Indenture and Transfer Agreement and/or any agreement,

instrument, certificate, or document executed in connection with the Indenture and Transfer

Agreement, as in effect post-petition. The Trustee reserves the right to amend and/or supplement

this Proof of Claim at any time, including after any bar date, in any manner, including for

purposes of fixing the amount of the claim described above together with interest, fees (including

legal fees) and expenses due to the Trustee or the Trust Fund, and/or to file additional proofs of

claim for any additional claims against Debtor or any of its affiliates which may be based on the

same or additional documents or grounds of liability.

        11.     The filing of this Proof of Claim is not and shall not be deemed or

construed as: (a) a waiver or release of the Trustee's rights against any person, entity, or

property, or a waiver of the right to compel Depositor to return property of the Trustee currently

in the possession of Depositor; (b) a consent by the Trustee to the jurisdiction of this Court or

any other court with respect to proceedings, if any, commenced in any case against or otherwise

involving the Trustee or the Trust Account Property; (c) a waiver or release of the Trustee's right

to trial by jury in this Court or any other court in any proceeding as to any and all matters so

triable herein, whether or not the same be designated legal or private rights or in any case,

controversy, or proceeding related hereto, notwithstanding the designation or not of such matters

as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is

pursuant to statute or the United States Constitution; (d) a consent by the Trustee to a jury trial in

this Court or any other court in any proceeding as to any and all matters so triable herein or in

any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise;

(e) a waiver or release of the Trustee's right to have any and all final orders in any and all non-

core matters or proceedings entered only after de novo review by the United States District

Court; (f) a waiver of the right to move to withdraw the reference with respect to the subject

matter of this Proof of Claim, any objection thereto or other proceeding which may be

commenced in this case against or otherwise involving the Trustee; or (g) an election of

remedies.

## Exhibit A to Addendum to Proof of Claim
### of Citibank, N.A. in its Capacity as Trustee

| Deal Name | Mortgage Loan Count as of June 30, 2009 | Unpaid Principal Balance as of June 30, 2009 | Fees & Expenses of Trustee as of June 30, 2009 | Custodial Fees as of June 30, 2009 | Total |
|---|---|---|---|---|---|
| Structured Asset Securities Corporation 2006-RM1 (SASCO06RM1) | 669 | $ 309,825,158.00 | $ 831.12 | $ 1,509.90 | $ 309,827,499.02 |
| Structured Asset Securities Corporation 2007-RM1 (SASCO07RM1) | 1387 | $ 618,159,997.00 | $ 831.12 | $ - | $ 618,160,828.12 |
| TOTAL | | $ 927,985,155.00 | $ 1,662.24 | $ 1,509.90 | $ 927,988,327.14 |

SASCO Reverse Mortgage - Depositor

207 774-1200 main
207 774-1127 facsimile
bernsteinshur.com

100 Middle Street
PO Box 9729
Portland, ME 04104-5029

**BERNSTEIN SHUR**

COUNSELORS AT LAW

Michael A. Fagone
207 228-7280 direct
mfagone@bernsteinshur.com

September 18, 2009

**VIA FEDERAL EXPRESS, OVERNIGHT DELIVERY**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

RE:    Structured Assets Securities Corp., Case No. 09-10558

To Whom It May Concern:

Enclosed please find eight (8) separate Proofs of Claim for filing on behalf of Citibank, N.A., it its capacity as trustee, in the above referenced bankruptcy matter.

Please do not hesitate to contact me if you should have any questions regarding the enclosed. Thank you.

Sincerely,

Michael A. Fagone

MAF/als
Enclosure
cc:    Jennifer Cupo, Director

From: Origin ID: SFMA (207) 228-7380
Mike Fagone

100 Middle Street

Portland, ME 04101

**FedEx** Express

**E**

SHIP TO: (646) 282-2500    BILL SENDER
**Lehman Bros Hldgs Claims Processing**
**Epiq Bankruptcy Solutions, LLC**
**757 3RD AVE FRNT 3**

**NEW YORK, NY 10017**

Ship Date: 18SEP09
ActWgt: 1.0 LB
CAD: 101068837/NET9060
Account#: S *********

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #



SEP 2 1 2009

TRK# 7979 4580 7557
0201

MON - 21SEP          A1
**PRIORITY OVERNIGHT**

**10017**
NY-US
EWR

**XA OGSA**

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

From:    Origin ID: PIZA   (703) 288-8590
Dan Ungerleider
Aviation Facilities Company
7600 Colshire Drive
Suite 240
McLean, VA 22102



**FedEx.**
Express

**E**

J0120090016202J

SHIP TO:    (503) 350-5944         BILL SENDER
**Lehman Brothers Holdings Claims Pro**
**Epiq Bankruptcy Solutions, LLC**
**757 3RD AVE FRNT 3**

**NEW YORK, NY 10017**



Ship Date: 18SEP09
ActWgt: 2.0 LB
CAD: 5285382/INET9060
Account#: S *********

Delivery Address Bar Code

Ref #     PIT
Invoice #
PO #
Dept #

SEP 21 2009

MON - 21SEP         A1

TRK#
0201    7969 5819 4274     **STANDARD OVERNIGHT**

**10017**
NY-US
EWR

**SB OGSA**

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.