United States Bankruptcy Court
Southern District of New York

In re Lehman Brothers Holdings Inc., et al.,                Case No. 08-13555 (JMP)

                                                           (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

BKM Holdings (Cayman) Ltd.                         Merrill Lynch, Pierce, Fenner & Smith
                                                   Incorporated
Name of Transferee                                 Name of Transferor

                                                   Court Claim #: multiple – see Schedule 1
                                                   Claim Amount: multiple – see Schedule 1

Name and Address where notices to Transferee
should be sent:

BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, NY 10022
Attn.: Jennifer Donovan
(212) 446-4018
jdonovan@dkpartners.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By: Midtown Acquisitions L.P., its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By: _____                        Date: _July 13, 2016_
Name: _Anthony Yoseloff_
Title: _Manager_

_Penalty for making a false statement:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

KL2 2963247.1

Schedule 1

| | Proof of Claim Number | ISIN/CUSIP | Allowed Claim Amount |
|---|---|---|---|
| 1. | 56932 | XS0121503774 | $8,147,768.80 |
| 2. | 59415 | XS0335576475 | $11,149,645.56 |
| 3. | 63111 | XS0335576475 | $3,869,134.10 |
| 4. | 63124 | XS0335576475 | $1,194,901.16 |
| 5. | 63135 | XS0335576475 | $2,024,483.55 |

- 2 -

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Merrill Lynch, Pierce, Fenner & Smith Incorporated** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Numbers set forth on Schedule 1 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) on or around the dates set forth on Schedule 2, Seller or its predecessor in interest received the distributions in the amounts set forth on Schedule 2 made by the Debtor, with respect to the Transferred Claims; (h) on or about the dates set forth on Schedule 3, Seller or its predecessor in interest received the distributions in the amounts set forth on Schedule 3 made by Lehman Brothers Treasury Co. B.V. ("Lehman B.V.") with respect to the securities relating to the Transferred Claims; (i) other than the distributions set forth on Schedule 2 and Schedule 3, Seller has not received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims, and (j) Seller has delivered to Purchaser true and correct copies of the fully executed Agreements and Evidences of Transfer of Claims by and between (i) Bank of America Securities LLC and AG Super Fund International Partners, L.P. in connection with the filing made with the Court with Docket number 10686 on August 6, 2010 (which has not been supplemented, amended or revised); (ii) Barclays Bank PLC and AG Super Fund International Partners, L.P. in connection with the filing made with the Court with Docket number 12480 on November 2, 2010 (which has not been supplemented, amended or revised); (iii) Barclays Bank PLC and Botticelli, L.L.C. in connection with the filing made with the Court with Docket number 12485 on November 2, 2010 (which has not been supplemented, amended or revised) and (iv) Barclays Bank PLC and Botticelli, L.L.C. in connection with the filing made with the Court with Docket number 12486 on November 2, 2010 (which has not been

supplemented, amended or revised)'.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller received after the trade date of 29 January 2016, including, without limitation, the distributions made by the Debtor on or around March 31, 2016 and June 16, 2016 and by Lehman B.V. on or around April 28, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(intentionally left blank)



IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __13__ day of June, 2016.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

By: _____
Name:
Title: SETH DENSON
       DIRECTOR

Address:

c/o 214 North Tryon Street,
15th Floor,
Charlotte, NC 28255 Attn: Meredith R. Smith
Tel: (980) 388-4526
Email: meredith.r.smith@baml.com

BKM HOLDINGS (CAYMAN) LTD.
By: Midtown Acquisitions L.P., its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By: _____
Name: Anthony Yoseloff
Title: Manager

Address:
c/o Walkers Corporate Limited,
Cayman Corporate Centre,
27 Hospital Road
George Town, Grand Cayman KY1-9008
Cayman Islands

With a copy to:
c/o Davidson Kempner Capital Management,
520 Madison Avenue, 30th Floor,
New York, NY 10022

Tel: 212 446 4018
Fax: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

3

032-5732/AGR/4987463.1
KL2 2962331.1

**SCHEDULE 1**

Transferred Claims

Purchased Claim

The allowed amounts set forth below relating to the Proofs of Claim set forth below together with all interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | Description of Security | ISIN/CUSIP | Principal / Notional Amount | ISIN CCY | Issuer | Guarantor | Allowed Amount Transferred Herein |
|---|---|---|---|---|---|---|---|
| 59415 | Lehman Program Security | XS0335576475 | 7,856,889.64 | EUR | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $11,149,645.56 |
| 63111 | Lehman Program Security | XS0335576475 | 2,726,486.64 | EUR | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $3,869,134.10 |
| 63124 | Lehman Program Security | XS0335576475 | 842,018.39 | EUR | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,194,901.16 |
| 63135 | Lehman Program Security | XS0335576475 | 1,426,605.33 | EUR | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,024,483.55 |
| 56932 | Lehman Program Security | XS0121503774 | 5,545,000.00 | EUR | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $8,147,768.80 |

Schedule 2

LBHI DISTRIBUTIONS

| Proof of Claim Number | ISIN/CUSIP | USD Allowed Amount | April 3, 2014 | October 2, 2014 | April 2, 2015 | October 2, 2015 | March 31, 2016 | June 16, 2016 |
|---|---|---|---|---|---|---|---|---|
| 59415 | XS0335576475 | $11,149,645.56 | $441,730.67 | $331,518.54 | $226,241.58 | $172,558.72 | $47,885.39 | $71,307.56 |
| 63111 | XS0335576475 | $3,869,134.10 | $153,288.75 | $115,043.09 | $78,510.03 | $59,881.08 | $16,617.12 | $24,745.05 |
| 63124 | XS0335576475 | $1,194,901.16 | $47,340.02 | $35,528.65 | $24,246.18 | $18,493.02 | $5,131.85 | $7,641.99 |
| 63135 | XS0335576475 | $2,024,483.55 | $80,206.72 | $60,195.08 | $41,079.54 | $31,332.14 | $8,694.73 | $12,947.58 |
| 56932 | XS0121503774 | $8,147,768.80 | $322,801.24 | $242,262.09 | $165,329.39 | $126,099.84 | $34,992.96 | $52,109.06 |

5

Schedule 3

### LEHMAN B.V. DISTRIBUTIONS

| ISIN | ISIN CCY | Principal / Notional Amount | April 28, 2014 | October 28, 2014 | April 27, 2015 | October 29, 2015 | April 28, 2016 |
|------|----------|------------------|----------------|------------------|----------------|------------------|----------------|
| XS0335576475 | EUR | 12,852,000.00 | 676,673.90 | 559,448.79 | 448,200.99 | 326,109.07 | 91,280.44 |
| XS0121503774 | EUR | 5,545,000.00 | 197,059.18 | 162,921.19 | 130,523.91 | 94,968.62 | 26,582.45 |

6