B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                     Case No. 08-13555 (SCC)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the
partial transfer, other than for security, of an undivided interest in the claim referenced in this
evidence and notice.

**BKM HOLDINGS (CAYMAN) LTD.**                     **CITIGROUP FINANCIAL PRODUCTS INC.**
Name of Transferee                                Name of Transferor

Name and Address where notices to Transferee      Court Claim # (if known): See Schedule 1
should be sent:                                   Amount of Claim Transferred: See Schedule 1
                                                  ISIN/CUSIP: See Schedule 1

**BKM HOLDINGS (CAYMAN) LTD.**
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Attn: Jennifer Donovan
Telephone: 212 446 4018
Email: jdonovan@dkpartners.com

I declare under penalty of perjury that the information provided in this notice is true and correct to
the best of my knowledge and belief.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____                     Date: July 13 , 2016

Name: _Anthony Yoseloff_

Title: _Manager_

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Schedule 1

| ISIN/CUSIP | Proof of Claim | Allowed Amount of Claim Transferred |
| --- | --- | --- |
| XS0183025609 | 67671 | $5,008,833.33 |
| XS0349911387 | 55744 | $40,050,139.70 |

EXECUTION COPY

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** (the "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of any and all the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor-in-interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed on or after March 3, 2016 with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claim"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claim or the Proceedings. Seller acknowledges that, to the extent applicable, Seller purchased the Purchased Claims from its predecessor-in-interest in the amounts set forth on Schedule 3 hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proof of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claim; (g) to the extent received by Seller from its predecessor in interest, Seller has delivered to Purchaser true and correct copies of (I) the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.), which relates to the Proof of Claim (the "Notice") and Seller has not received any notice that there have been any revisions, amendments or modifications thereto and no action was undertaken by Seller or, to the best of Seller's knowledge, any of its predecessors in interest with respect to the Notice and (II) distribution notices relating to the first distribution on or about April 17, 2012, the second distribution on or about October 1, 2012, the third distribution on or about April 4, 2013, the fourth distribution on or about October 3, 2013, the fifth distribution on or about April 3, 2014, the sixth distribution on or about October 2, 2014, the seventh distribution on or about April 2, 2015, the eighth distribution on or about October 1, 2015, the ninth distribution on or about March 31, 2016 and the tenth distribution on or about June 16, 2016 (the distributions evidenced by such notices, collectively, the "LBHI Distributions") (which have not been supplemented, amended or revised) that set forth the distributions paid by the Debtor to Seller's predecessor-in-interest on account of the Transferred Claim; (h) with respect to the Purchased Security, Seller

received from Lehman Brothers Treasury Co. B.V. the seventh distribution on or about April 28, 2016 (the "Seventh
LBT Distribution", and, together with the LBHI Distributions, the "Distributions") in the amounts set forth on
Schedule 2 attached hereto; and (i) other than the Distributions and, to the best of Seller's knowledge, the distributions
paid by Lehman Brothers Treasury Co. B.V. on or about May 8, 2013, October 24, 2013, April 28, 2014, October 28,
2014, April 27, 2015 and October 29, 2015, neither Seller nor, to the best of Seller's knowledge, a predecessor in
interest has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claim.

3.      Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the
books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or
right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the
Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by
Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect
to the Transferred Claim.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of
Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within ten (10) business
days of the date of this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and
hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser
the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that
all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to
Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and
performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser
shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to
indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and
controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities,
including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its
representations and warranties made herein.

5.      Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of
the Transferred Claim (including in connection with any interim distribution or otherwise) for the account and sole
benefit of Purchaser and shall promptly (but in any event no later than five (5) business days of receipt in the case of
cash and no later than ten (10) business days of receipt in the case of securities) remit any such payments, distributions
or proceeds to Purchaser in the same form received, together with (a) any statements received from Debtor and/or Epiq
describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to
Purchaser (including, for the avoidance of doubt, any distributions the Seller receives or has received after the trade
date of March 3, 2016, as applicable, including the distributions received by Seller from Seller's predecessor in
interest with respect to distributions paid by the Debtor on or around March 31, 2016 and June 16, 2016 and from
Lehman Brothers Treasury Co. B.V. on or around April 28, 2016).  Seller has transferred, or shall cause to be
transferred as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via
Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This
Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically
generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect
to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and
delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such
other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out
the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure
the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and
determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that
would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction
of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of
process by certified mail at its address listed on the signature page below.

(signature page follows)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13 day of July, 2016.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By:
Name: Anthony Yoselof
Title: Manager

c/o Walkers Corporate Limited
Cayman Corporate Centre
27 Hospital Road
George Town, Grand Cayman KY1-9008
Cayman Islands

*With a copy to:*
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

**CITIGROUP FINANCIAL PRODUCTS INC.**

DocuSigned by:
Joelle Gavlick
240CDA98C9F04D3...

By:
Name: Joelle Gavlick - Authorized Signatory
Title:

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
Attn: Kenneth Keeley

Schedule 1

Transferred Claim

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim | Allowed Amount of Claim Transferred Hereunder |
|---|---|---|---|---|---|
| XS0183025609 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD5,000,000 | 67671 | USD 5,008,833.33 |
| XS0349911387 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR27,500,000 | 55744 | USD 40,050,139.70 |

Distributions

| ISIN/CUSIP | Seventh LBT Distribution |
|---|---|
| XS0183025609 | USD 28,864.50 |
| XS0349911387 | EUR 197,453.29 |

Schedule 3

| ISIN/CUSIP | Proof of Claim | Allowed Amount of Claim Transferred Hereunder |
|---|---|---|
| XS0183025609 | 67671 | USD 5,008,833.32 |