# Exhibit 1

**5**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

*FILED*

MAY 18 2004

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

In Re:

**DOW CORNING CORPORATION,**

Debtor.

**Case No. 01-CV-71843-DT
Bankruptcy Case No. 95-20512
Chapter 11
HON. DENISE PAGE HOOD**

_____/

## <u>MEMORANDUM OPINION AND ORDER</u>
## <u>REGARDING CALCULATION OF PENDENCY INTEREST DUE</u>

On March 31, 2004, this Court affirmed the April 29, 2001 ruling of the bankruptcy court

fixing the interest rate to be used to calculate pendency interest for the duration of the Chapter 11

bankruptcy proceedings. *See* Case No. 01-CV-71843-DT, *March 31, 2004 Memorandum Opinion

and Order; In re Dow Corning Corp.,* 237 B.R. 380 (Bankr. E.D. Mich. 1999); *In re Dow Corning

Corp.,* 244 B.R. 678 (Bankr. E.D. Mich. 1999); Bankruptcy Case No. 95-20512, May 3, 2001 Order.

The Court affirmed that the interest rate to be used was the rate in effect on the date the bankruptcy

petition was filed by the Debtor Dow Corning, Inc., May 15, 1995.[1] The Court further found that

default interest rates would not apply and that the interest would be compounded annually on the

anniversary date of the petition, despite other methods of compounding found in some of the

contracts.

For some contracts the calculation of pendency interest is easily determined as the non-

default interest rate which is a fixed rate. The Debtor and the Official Committee of Unsecured

_____

[1]A full recitation of the facts underlying this bankruptcy may be found in this Court's opinion
affirming the bankruptcy court's order confirming the plan. *See In re Dow Corning Corp.,* 244 B.R.
445 (E.D. Mich. 2000).

Creditors ("Creditor's Committee" or "Class 4 Claimants") do not disagree on these rates. Despite argument to the contrary, the Court again finds that this interest will be compounded annually on the date of the petition. It is also undisputed that where there is no interest rate stated, the federal judgment rate will apply, also to be compounded annually on the date of the petition, as originally provided for in § 1.24 of the Amended Plan of Reorganization.

At issue is the calculation of the pendency interest where the contract rate was a floating or variable rate.[2] The Debtor now argues that the contract rate where the interest is variable or floating is a formula based on the application of the relevant benchmark LIBOR rate over the pendency of the bankruptcy, from the filing of the petition to the effective date of the plan of reorganization, now set for June 1, 2004. The Debtor has calculated this amount and upon the Court's request provided a sample of that calculation.[3] Because this case now has the opportunity for historical view, it can be seen that the calculation of the floating or variable rate over the course of the bankruptcy results in a different rate than that of either the floating rate *fixed* as of the date of the filing of the petition or the application of the federal judgment rate set in the plan. The Court notes here that the Debtor concedes that the bankruptcy court opinion of July 1999 required that the pendency interest

---

[2]Although not raised by either party, the Court considers this issue timely raised as a motion for reconsideration or clarification of the Court's March 31, 2004 Order under E.D. Mich. LR 7.1(g) or Fed. R. Civ. P. 59(e), since the "Statement By Dow Corning Corporation Regarding Calculation of Pendency Interest Due" was filed on April 14, 2004. In any event, this Court has jurisdiction over the issue as the district judge over the bankruptcy action, having withdrawn the order of reference in December 2001.

[3]Submission by letter dated May 3, 2004 over the signature of Mr. George H. Tarpley, counsel for the Debtor, illustrating the application of the LIBOR index.

calculation must equal the amount determined in accordance with the federal judgment rate existing on the date of the petition, which also triggers a difference from the variable or floating contract rate.

Much has been made of the amounts to be paid, but this Court resolves this matter by focusing on the decision of the bankruptcy court below and this Court's affirmation thereof. The Court also notes that the parties have provided the Court with background regarding the arguments before the bankruptcy court on the issue of whether the default or non-default rate would apply.

Having fully reviewed the parties' submissions, the Court finds that the contract rate of a contract with floating or variable rates was *"fixed"* or *set* at the specific rate in effect on the date of the filing of the petition for the purpose of determining the pendency interest rate. The Debtor makes a good argument to support its position that the floating rate should continue to vary during the bankruptcy, but that is just not what the bankruptcy court determined nor what this Court affirmed. Nor is that what the law supports. The case law supports the application of a *set* rate, more often than not, an interest rate set by statute, such as the federal judgment rate. *See In re Dow Corning Corp.*, 237 B.R. at 402 (citing various cases holding that the statutory interest rate where there is no contract rate or where the debtor is insolvent). The law of this case is that the federal judgment rate applies where there is no stated contract rate or where the rate is below the federal judgment rate. It is clear in the bankruptcy judge's decision that the intent behind allowing the pendency interest rate at the contract rate was to provide the Class 4 Claimants with some of the benefit of their bargains by application of the fair and equitable provision of the bankruptcy code. *See In re Dow Corning Corp.*, 244 B.R at 696. Even the Debtor in its Statement Regarding Calculation of Pendency Interest Due states, "[i]t was finally determined in July 1999 that the 'best interest' test required that the

3

pendency interest be calculated to yield an amount at least equal to the federal judgment rate."[4] (Statement by Dow Corning Corporation Regarding Calculation of Pendency Interest Due, at p. 3.) This is not a penalty to the Debtor, just as it is not a penalty to the Class 4 Claimants that the compounding provisions of some contracts are precluded by the courts' decisions to compound interest annually on the date of the petition pursuant to § 1.24 of the Amended Plan. *See In re Dow Corning Corp.*, 237 B.R. at 409 ("Thus, the payment of post-petition interest at the federal judgment rate does not provide a windfall to debtors and its use cannot be seen as being inequitable to unsecured creditors."). As the bankruptcy court noted, "post-petition interest does not serve to continue the contractual rights which formed the basis of the underlying claim," but, rather, "serves to compensate the successful party for any delay that occurs between the time of entitlement and the time of payment." *Id.*

Accordingly,

IT IS HEREBY ORDERED THAT the pendency interest rate affirmed by this Court in its March 31, 2004 order, is that contract rate of interest existing on the date of the petition, May 15, 1995, for both those contracts where the rate is fixed and for those where the rate is variable or floating, but not less than the federal judgment rate, compounded annually on the date of the filing of the petition. Where the contract rate is variable or floating, the rate is *"fixed"* or *set* at the rate

---

[4]The Court is aware that the Debtor makes this statement historically noting that it was before the bankruptcy judge permitted the Plan to be amended to allow pendency interest at the contract rate, then ultimately determining that rate to be the rate as of the filing of the petition.

4

existing on the date of the petition and that rate applies as the pendency interest rate during the course of the bankruptcy proceedings, from May 15, 1995 until the Effective Date.


DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: __MAY 1 8 2004__