# Exhibit 2

| United States Bankruptcy Court/Southern District of New York | | |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000028308 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Commercial Corporation | Case No. of Debtor<br>08-13901 (JMP) | [barcode] |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Lehman Re Ltd.
c/o Peter C.B. Mitchell and D. Geoffrey Hunter
As Joint Provisional Liquidators
PricewaterhouseCoopers Advisory Limited
Dorchester House
7 Church Street
Hamilton, Bermuda HM11

Telephone number: (441) 295-2000    Email Address: peter.c.mitchell@bm.pwc.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 89,912,687.14
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Annex
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
   Describe: setoff: intercompany accounts payable, if any
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ n/a
   (See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: SEPT. 22, 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
[signature] D. GEOFFREY HUNTER, AS JOINT PROVISIONAL LIQUIDATOR

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                           :
                                                                 :  Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :  Case No. 08-13555 (JMP)
                                                                 :
                                                                 :  (Jointly Administered)
                            Debtors.                         :
                                                                 :
-----------------------------------------------------------------x

### ANNEX TO PROOF OF CLAIM FILED BY LEHMAN RE LTD. (IN PROVISIONAL LIQUIDATION) AGAINST LEHMAN BROTHERS COMMERCIAL CORPORATION

1.   On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. and several of its subsidiaries commenced a voluntary proceeding (the "LBHI Proceeding") under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.   On October 5, 2008 (the "LBCC Petition Date"), Lehman Brothers Commercial Corporation ("LBCC") commenced a voluntary proceeding (the "LBCC Proceeding") in the Bankruptcy Court under chapter 11 of title 11 of the United States Code. The LBHI Proceeding and the LBCC Proceeding have been consolidated for administrative purposes.

3.   On March 12, 2009, LBCC filed schedules of its assets and liabilities. On June 15, 2009, LBCC filed amended schedules of its assets and liabilities (the "Schedules").

4.   On September 23, 2008, a winding-up proceeding was commenced on behalf of Lehman Re Ltd. ("Lehman Re") in the Supreme Court of Bermuda (the "Bermuda Court"). By order of the Bermuda Court dated September 23, 2008, Peter C.B. Mitchell and D. Geoffrey Hunter were appointed as the joint provisional liquidators (the "JPLs") for Lehman Re. A copy of the Bermuda Court order appointing the JPLs is attached hereto as Exhibit A. Pursuant to the

terms of the Bermuda Court order, the JPLs are authorized to pursue claims in the bankruptcy of any person or entity indebted to Lehman Re.

5.     The JPLs, on behalf of Lehman Re, hereby file this annex to Lehman Re's proof of claim (the "<u>Proof of Claim</u>") against LBCC for claims arising prior to the LBCC Petition Date.

6.     Prior to the LBCC Petition Date, Lehman Re and LBCC entered into one or more intercompany transactions or arrangements, pursuant to which Lehman Re funds were deposited with LBCC. Specifically, between July 2007 and August 2008, monies belonging to Lehman Re were deposited in an account with LBCC in Lehman Re's name. These funds deposited at LBCC were the proceeds from a Lehman Re account at Lehman Brothers International (Europe) that had been pledged to one or more Lehman Re creditors. Attached as Exhibit B are LBCC account statements dated September 12 and September 18, 2008, indicating balances of $89,792,421.65 and $91,022,251.87, respectively in Lehman Re's account with LBCC. These intercompany transactions therefore give rise to an intercompany account receivable owed by LBCC to Lehman Re (the "<u>Claim</u>"), or alternatively, such funds held by LBCC are the property of Lehman Re and are subject to a constructive trust for the benefit of Lehman Re and certain creditor-beneficiaries.

7.     In the Schedules, LBCC lists the Claim as an unsecured nonpriority claim in the amount of $89,912,687.14 as of the Petition Date. The Schedules indicate that the Claim is unliquidated but is neither contingent nor disputed.

8.     Lehman Re reserves the right, as may be permitted under applicable law, to set off its claims against amounts owed to LBCC, if any. Thus, Lehman Re files this claim as secured to the extent such a right of set-off may exist. Further, Lehman Re reserves its rights to contest any such intercompany claims as may be asserted by LBCC against Lehman Re.

9. Pursuant to their duties under Bermuda law, the JPLs have been conducting an investigation of the affairs of Lehman Re. The JPLs continue to seek access to or possession of all of Lehman Re's business records, and as a result, their investigation of Lehman Re's business activities is continuing. Thus, additional information relating to Lehman Re's claims against LBCC may be identified in the future. Once the JPLs complete their investigation of the affairs of Lehman Re, they may amend this Proof of Claim to reflect any additional claims that are identified.

10. The Proof of Claim is filed without prejudice to any and all of the rights of Lehman Re to assert that any and all claims asserted in the Proof of Claim, including any portions thereof, are entitled to administrative priority or secured status. Further, the Proof of Claim is filed by Lehman Re without prejudice to its right to request payment of any additional administrative expense claims that it may have against LBCC including, without limitation, administrative expenses not described in this Proof of Claim, and Lehman Re reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court.

11. In filing the Proof of Claim, the JPLs, on behalf of Lehman Re, expressly reserve all rights and causes of action, including, without limitation, contingent or unliquidated rights that Lehman Re may have against LBCC. The description of claims and the classification thereof herein by Lehman Re is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of Lehman Re. Furthermore, Lehman Re, by the JPLs, expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claims set forth herein, or to file additional proofs of claim for additional claims, including, without

limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

12.    The Proof of Claim is filed without prejudice to the filing by Lehman Re of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of LBCC. Lehman Re reserves its rights to pursue the claims described herein against LBCC based upon alternative legal theories including, but not limited to, asserting that funds held by LBCC are subject to a constructive trust in relation to the Claim.

13.    In executing and filing this Proof of Claim, neither Lehman Re nor the JPLs submit themselves to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to the claims asserted in this Proof of Claim against LBCC and do not waive or release: (a) any rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of LBCC, an assignee, guarantor or otherwise, (b) any obligation owed to them, or any right to any security that may be determined to be held by one of them or for their benefit, (c) any past, present or future defaults (or events of default) by LBCC or others, or (d) any right to the subordination, in favor of Lehman Re, of indebtedness or liens held by other creditors of LBCC. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

14.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of either the JPLs or Lehman Re to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of Lehman Re or the JPLs to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Lehman Re or the JPLs to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or any other proceeding which may be commenced in either the LBHI

Proceeding or the LBCC Proceeding against or otherwise involving Lehman Re or the JPLs, including without limitation, any adversary proceeding that was or may be commenced by any party or committee in either the LBHI Proceeding or in the LBCC Proceeding; (iv) the right of Lehman Re or the JPLs to have any unliquidated portions of its claims determined by applicable state courts; or (v) any other rights, claims, actions, defenses, set-offs or recoupments to which Lehman Re, by the JPLs, is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, set-offs and recoupments are expressly reserved.

15.    To the extent the Debtor asserts claims against Lehman Re of any kind, Lehman Re reserves its right to assert that such claims by the Debtor are subject to the right of set-off or recoupment (the "Set-off Rights"), which rights are treated as secured claims under the Bankruptcy Code.

16.    To the extent the Claim set forth herein, in whole or in part, or any component thereof, arises or relates in any manner to the period on or after the LBCC Petition Date, Lehman Re asserts that the Claim (or any portions thereof) is entitled to priority pursuant to sections 503 and 507 of the Bankruptcy Code.

17.    To the extent any of the Claim, in whole or in part, or any component thereof, arises or relates in any manner to the period prior to the LBCC Petition Date and is entitled to priority classification, Lehman Re asserts that the Claim is entitled to priority pursuant to section 507 of the Bankruptcy Code.

18.    Solely to the extent that the value, within the meaning of section 506(a) of the Bankruptcy Code, of any property securing the Claim or the Set-off Rights, if any, is less than the allowed amount of the Claim, the Claim may be treated, in part, as a general unsecured claim under the Bankruptcy Code, and in such event, and solely to such extent, the Claim asserted

herein, or the relevant part thereof, as the case may be, shall constitute an unsecured claim and this Proof of Claim shall constitute a Proof of Claim for both the secured portion of Lehman Re's Claim and for any such unsecured portion of Lehman Re's Claim. The foregoing shall not be deemed an admission regarding the amount of the Claim nor regarding the value of any property securing the Claim or the Set-off Rights.

19. All notices with respect to the Proof of Claim should be sent to:

Lehman Re Ltd.
c/o Peter C.B. Mitchell
D. Geoffrey Hunter
As Joint Provisional Liquidators
PricewaterhouseCoopers Advisory Limited
Dorchester House
7 Church Street
Hamilton, Bermuda HM11
Telephone:   (441) 295-2000
Facsimile:   (441) 295-1242
Email:       geoff.hunter@bm.pwc.com
             peter.c.mitchell@bm.pwc.com

with copies to:

| Kirkland & Ellis LLP | Cadwalader, Wickersham & Taft LLP |
|---|---|
| 300 North LaSalle | One World Financial Center |
| Chicago, Illinois 60654 | New York, New York 10281 |
| Attention: Jeffrey Gettleman | Attention: Ingrid Bagby |
| Telephone: (312) 862-2000 | Telephone: (212) 504-6000 |
| Facsimile: (312) 862-2200 | Facsimile: (212) 504-6666 |
| Email: Jeffrey.Gettleman@kirkland.com | Email: Ingrid.Bagby@cwt.com |

# EXHIBIT A

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL LIST

COMPANIES (WINDING UP)

2008 : No.

IN THE MATTER OF LEHMAN RE LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

AND IN THE MATTER O THE INSURANCE ACT 1978

---

ORDER

---

**UPON THE PRESENTATION OF THE PETITION** of Lehman Re Ltd. (the "Company")

**THE APPLICATION** of the "Company by ex parte summons

**AND UPON READING** the Petition filed herein and the First Affidavit of Douglas McBeth dated 21st September 2008 and the exhibit thereto

**IT IS HEREBY ORDERED** as follows:

1.  That Peter C B Mitchell and D Geoffrey Hunter of PricewaterhouseCoopers Advisory Limited, Bermuda, be and are hereby appointed as joint provisional liquidators ("JPLs") of the Company with the following powers:

    (a)  to continue the business of the Company and under the supervision of this Court in so far as is necessary to preserve value of the Company;

1

(b) to review, secure, take possession of and copy any books, papers, writings, financial records, documents and records relating to the accounts or audit of the Company's accounts that are located in the offices of its auditors or any other person both in this jurisdiction and in any other jurisdiction;

(c) to open and operate any bank accounts in the name of the JPLs or the Company as may be necessary;

(d) to conduct such investigations and obtain such information as is necessary to locate, protect, secure, take possession of, collect the assets and determine the liabilities of the Company, or to enable these proceedings to move forward in an expeditious manner; to do all such things as may be necessary or expedient for the protection of the Company's assets or property;

(e) to surrender any lease or tenancy of any of the property of the Company and to take a lease or tenancy of any property required or convenient for the business of the Company;

(f) to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company (including, but not limited to, employment contracts);

(g) to effect insurance in connection with the management and maintenance of the business, property and assets of the Company;

(h) to rank and claim in the bankruptcy, liquidation or insolvency of any person (including but not limited to any corporate entity) indebted to the Company and to receive dividends, distributions and to accede to trust deeds for the creditors of any such person;

(i) to carry out in particular the following where deemed appropriate:

(i) the payment of payroll, payroll taxes, employment benefits and expenses;

      (ii)    the maintenance of the Company's existing bank accounts, existing cash management systems (including the funding out of the assets of the Company of the operation of the Company and its subsidiaries) and, so far as permissible under Bermuda law, the continued use of the Company's existing business forms;

      (iii)    the employment of professionals used in the ordinary course of business;

      (iv)    the transfer, novation or commutation of any contracts of insurance or reinsurance to which the Company is a party;

      (iv)    the sale or other disposition of any business operation, subsidiary, division or other significant asset of the Company; and

      (v)    the incurrence of indebtedness or borrowed money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions and/or to grant security in respect of same and/or to guarantee such indebtedness or borrowed money of affiliates;

(l)    to retain and employ barristers, attorneys or solicitors and/or such other agents, brokers or other professional persons as the JPLs deem fit, in Bermuda, the United States and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers;

(m)    to render and pay invoices out of the assets of the Company for their own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys, and all other agents, managers, accountants or other person that the JPLs may employ);

(n)    if deemed necessary and/or appropriate, to seek the assistance of the Bankruptcy Court in the US under the provisions of Chapter 15 of the United States Bankruptcy Code or take such other action in the US or elsewhere as deemed necessary and appropriate to secure the assets of the

Company in that jurisdiction;

(o) to do all things incidental to the exercise of the foregoing powers.

2. In respect of any act which, under the Companies Act 1981, is required to be done by a liquidator or to be authorised by him, each of the JPLs may do such act or give such authorisation.

3. For the avoidance of doubt, no payment or disposition of the Company's property shall be made or effected without the direct or indirect approval of the JPLs, but no such payment or other disposition made or effected by or with the authority of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

4. In addition to the powers as are specifically set out herein the JPLs will have all of the powers set out in s. 175 of the Companies Act 1981.

5. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges and expenses themselves and of those persons or firms employed by them and such taxation shall be on an attorney and own client basis with respect to attorneys and on an equivalent basis for all managers, accountants or other persons.

Dated this 23rd day of September 2008

_____
Chief Justice/Puisne Judge

# EXHIBIT B

```
LEHMAN BROTHERS
COMMERCIAL CORP
745 7TH AVE
NEW YORK, NY  10019

                                                                    SEP 12, 2008
LEHMAN BROTHERS REINSURANCE                                       Salesman  Account
STG INTEREST ACCOUNT                                              6127009   27090007
ATTN JAMES HRASKA
745 SEVENTH AVENUE, 5TH FLOOR
NEW YORK, NY 10019-6801

US NON-SEGREGATED ACCOUNT                                         Page     1

- - - - OPENING ACCOUNT BALANCES - - - -
POUND STG          50,052,102.98CR
- - - - CLOSING ACCOUNT BALANCES - - - -
POUND STG          50,052,102.98CR*
- - - - M A R G I N   R E Q U I R E M E N T   S U M M A R Y - - - - - - - - - - -
          Margin Requirement        Equity             Margin
          Initial                   Excess/Deficit     Call/Excess
GBP       0CR                       50,052,102.98CR    50,052,102.98CR
Total Value in Base Currency
USD       0CR                       89,792,421.65CR    89,792,421.65CR
- - - - A C C O U N T   V A L U E   S U M M A R Y - - - - - - - - - - - - - - - - -
          Account          Unrealized G/L   Net Present Value   Net Option    Collateral     Net Liquidating
          Balance          on Futures       on Forwards         Value         Market Value   Value
GBP       50,052,102.98CR  0CR              0CR                 0CR           0CR            50,052,102.98CR
Total Value in Base Currency
USD       89,792,421.65CR  0CR              0CR                 0CR           0CR            89,792,421.65CR
********* CURRENCY CONVERSION RATES *********
*  Base Currency - USD                      *
*       POUND STG        GBP    1.7939790   *
*********************************************
```

09/12/2008

```
LEHMAN BROTHERS
COMMERCIAL CORP
745 7TH AVE
NEW YORK, NY  10019
                                                                                                09/18/2008

                        LEHMAN BROTHERS REINSURANCE                              SEP 18, 2008
                        STG INTEREST ACCOUNT
                        ATTN JAMES HRASKA                                     Salesman  Account
                        745 SEVENTH AVENUE, 5TH FLOOR                         63270099  27090007
                        NEW YORK, NY  10019-6801

            US NON-SEGREGATED ACCOUNT                                     Page    1


            - - - - - OPENING  ACCOUNT  BALANCES - - - -
            POUND STG          50,052,102.98CR
            - - - - CLOSING  ACCOUNT  BALANCES - - - - -
            POUND STG          50,052,102.98CR*
            - - - - - M A R G I N   R E Q U I R E M E N T   S U M M A R Y - - - - - - - - - - - - - - -
                          Margin Requirement                  Equity                  Margin
                                Initial                   Excess/Deficit           Call/Excess
            GBP                   0CR                     50,052,102.98CR         50,052,102.98CR
            Total Value in Base Currency
                                  0CR
            - - - - - A C C O U N T   V A L U E   S U M M A R Y - - - - - - - - - - - - - - - - - - - -
                          Account        Unrealized G/L      Net Present Value   Net Option    Collateral    Net Liquidating
                          Balance          on Futures          on Forwards         Value      Market Value       Value
            GBP         50,052,102.98CR        0CR                  0CR             0CR           0CR         50,052,102.98CR
            Total Value in Base Currency
            USD         91,022,251.87CR        0CR                  0CR             0CR           0CR         91,022,251.87CR
            ********* CURRENCY CONVERSION RATES *********
            *  Base Currency - USD                      *
            *                                           *
            *  POUND STG        GBP         1.8185500   *
            *********************************************
```

H
A
N
D

D
E
L
I
V
E
R
Y

| RECEIVED BY: | DATE | TIME |
|---|---|---|
| [signature] | FILED / RECEIVED<br>SEP 2 2 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC | 11:56 |