# Exhibit 19

Page 1

IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

IN THE MATTER OF

IN RE:

LEHMAN BROTHERS HOLDINGS INC.,

et al.,

               Debtors.

---------------------------------x

               December 22, 2015

               9:28 a.m.

    Deposition of STEVEN KOTARBA, held at the offices of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, before Roberta Caiola, a Shorthand Reporter and Notary Public within and for the State of New York.

```
 1   A P P E A R A N C E S:

 2

 3   Appearing for Lehman Brothers:

 4   MAURICE HORWITZ, ESQ.

 5   DENISE ALVAREZ, ESQ.

 6   WEIL, GOTSHAL & MANGES LLP

 7        767 Fifth Avenue

 8        New York, New York 10153-0119

 9

10   Appearing for Dr. Thomas Marsoner:

11   M. SHANE JOHNSON, ESQ.

12   PIETER VAN TOL, ESQ.

13   HOGAN LOVELLS LLP

14        875 Third Avenue

15        New York, New York 10022

16

17

18

19

20

21

22

23

24

25
```

Page 14

```
 1                Steven Kotarba (12-22-15)
 2       Q.      If you identify a person as going
 3   on the master mailing address and you find
 4   another address for them, would you include that
 5   as well?
 6               MR. HORWITZ:  Objection to form.
 7       A.      Typically we would, yes.
 8       Q.      Why wouldn't you in all instances?
 9       A.      Again, it's hard to give absolute
10   answers.  If for some reason there was an
11   indication that that address, you know, wasn't
12   accurate or shouldn't be used we wouldn't
13   include it.  But I agree with your earlier
14   statement, that typically if we have two
15   addresses we would serve both addresses.
16       Q.      In compiling this master mailing
17   address you said that you spoke with Lehman
18   Brothers' employees?
19               MR. HORWITZ:  Objection to form.
20       A.      Certain employees with respect to
21   the filing debtors, yes.
22       Q.      Does this also include former
23   employees?
24       A.      I don't believe.  It's difficult to
25   recall.  I don't believe we talked to former
```

```
 1                Steven Kotarba (12-22-15)
 2   from.
 3        Q.    Do you see the person listed in the
 4   from?
 5        A.    I do.
 6        Q.    That's a Lehman Brothers' employee?
 7              MR. HORWITZ:  Objection to form.
 8        A.    It appears to be, yes.
 9        Q.    So wouldn't this be in Lehman
10   Brothers' records?
11              MR. HORWITZ:  Objection to form.
12        A.    I have no way to tell that sitting
13   here today.  It likely would be, but I don't
14   know.
15        Q.    Wouldn't emails from employees be
16   in the records?
17              MR. HORWITZ:  Objection to form.
18        A.    I don't handle Lehman's email
19   systems.
20        Q.    Do you have any reason to doubt
21   that this came from Lehman Brothers' files?
22        A.    No.
23        Q.    I believe you testified earlier
24   that when you compile names and addresses for
25   the master mailing list, you include every
```

Page 41

```
 1              Steven Kotarba (12-22-15)
 2   address that Alvarez comes across for an
 3   individual?
 4         A.    I would say as a rule that's
 5   accurate, yes.
 6         Q.    So this address should have been
 7   listed in the master mailing list?
 8              MR. HORWITZ:  Objection to form.
 9         A.    If we would have come across it we
10   likely would have included it.
11         Q.    You testified earlier that Alvarez
12   checks Lehman Brothers' books and records for
13   addresses?
14         A.    Yes, the books and records are the
15   filing entities.
16         Q.    If you can turn back to Behnke's
17   declaration, Exhibit 4?
18         A.    I'm there.
19         Q.    Turn to paragraph 6.  It says,
20   "Since the commencement of LBCC's Chapter 11
21   case, Marsoner has never contacted LBCC with
22   respect to an executory contract, the Trade
23   Confirm or any other contract or transaction."
24   Do you see where it says that?
25         A.    I do.
```

Page 48

1  Steven Kotarba (12-22-15)

2  MR. JOHNSON: Who headed those two
3  categories I guess.
4  Q. Earlier I believe you also
5  testified that the criteria for including
6  somebody on the master mailing list was any
7  interaction with the debtors, is that correct?
8  A. I don't know if I would categorize
9  it that way. We ask certain questions of
10 certain people to prepare the mailing list, if
11 we receive responsive information we would then
12 include them on the master mailing list.
13            (Record read.)
14 Q. So then it's true that interactions
15 were the key to being on the master mailing
16 list?
17            MR. HORWITZ: Objection to form.
18 A. Interactions that were identified
19 to us were one of the criteria that would lead
20 to being listed on the mailing list, that's
21 correct.
22 Q. I believe earlier you also
23 testified that when Alvarez found an address it
24 would be included, unless the address were
25 incorrect?

Page 51

```
 1                Steven Kotarba (12-22-15)
 2   expect that they would have done that, yes.
 3        Q.     So Alvarez doesn't check to
 4   determine if an address is a vacation address?
 5        A.     That's correct.
 6        Q.     It doesn't check if it's a working
 7   address, is that correct?
 8        A.     Other than my previous comments,
 9   that's correct.
10        Q.     If you could turn back to the
11   Corrected Affidavit of Service, Exhibit 3.
12               Do you see on the last page, page
13   611 of 1048, an entry for Marsoner Thomas, S. is
14   listed at the very bottom?
15        A.     I see that.
16        Q.     The address is listed as One
17   Broadgate, 5th floor, London, EC2M 7HA United
18   Kingdom?
19        A.     That's correct.
20        Q.     Isn't this LBEL's former address?
21        A.     I believe that's correct, yes.
22        Q.     So they were no longer at that
23   address in 2009?
24        A.     I don't believe they were.
25        Q.     Yet, this address was still
```