WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re** :  **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :  **08-13555 (SCC)**
:
**Debtors.** :  **(Jointly Administered)**
:
---------------------------------------------------------------x

*EX PARTE* **MOTION PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9018 FOR AUTHORITY TO (I) FILE**
**DOCUMENTS UNDER SEAL AND (II) REDACT NONPUBLIC INFORMATION**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases,

respectfully represents as follows:

**RELIEF REQUESTED**

1.      At the request of claimant SRM Global Master Fund Limited Partnership

("SRM"), the Plan Administrator requests authorization, pursuant to section 107(b) of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), to redact and seal information considered by

SRM to be confidential and commercially sensitive in the following documents: (a) the *Reply in Support of Plan Administrator's Objection to Claim Number 29606* (the "Reply"); and (b) the *Supplemental Declaration of Sir John Chadwick in Respect of English Law Issues Arising in Relation to the Recovery of Damages Claimed by SRM Global Master Fund Limited Partnership* (the "Supplemental Chadwick Declaration").

2.      At the further request of SRM, the Plan Administrator also seeks an order of the Court directing that the redacted and sealed information (the "Redacted Information") shall remain under seal and not be made available to anyone, except as specifically provided in the Proposed Order (as defined herein), without the consent of SRM and the Plan Administrator or further order of the Court.

## JURISDICTION

3.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

## BACKGROUND

4.       SRM filed proof of claim number 29606 asserting several claims (each a "Claim" and, together, the "Claims") against LBHI asserting guaranty liability based on alleged underlying obligations of Lehman Brothers International (Europe) ("LBIE") owed in connection with contracts entered into between SRM and LBIE.

5.      SRM and the Plan Administrator are parties to a confidentiality agreement (the "Confidentiality Agreement") which restricts the ability of the parties to disclose certain non-public commercial information.

6.      On July 26, 2016, the Plan Administrator served a copy of the Reply and the Supplemental Chadwick Declaration on SRM.   A hearing to consider the *Plan*

2

*Administrator's Objection to Claim Number 29606* (the "Objection") has been scheduled for July

28, 2016 at 10:00 a.m. (Eastern Time).

7.      SRM has informed the Plan Administrator that the Reply and the

Supplemental Chadwick Declaration include what SRM asserts is confidential commercial

information, including information made confidential by an agreement between SRM and LBIE.

SRM has requested that the Plan Administrator publicly file only redacted copies of the Reply

and the Supplemental Chadwick Declaration (the "Redacted Documents") to protect such

assertedly confidential commercial information.   The Plan Administrator believes that the

information proposed to be redacted (the "Redacted Information") is essential to the contested

matter commenced by the Objection and the Plan Administrator believes the Court will be aided

in its consideration of the Objection by considering such information.

8.      Accordingly, the Plan Administrator seeks entry of the proposed order,

attached hereto as Exhibit A (the "Proposed Order"), granting the relief requested herein.

## BASIS FOR RELIEF REQUESTED

9.      Section 107(b) of the Bankruptcy Code authorizes the Court to issue

orders to protect entities from potential harm caused by the disclosure of confidential

information.  In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may—(1)
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

10.     In addition, pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires . . . to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

3

Fed. R. Bankr. P. 9018.

11.      These provisions of the Bankruptcy Code and the Bankruptcy Rules are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  In granting relief under section 107(b), "[t]he court determines whether the subject documents fall within the provisions § 107(b) and the appropriate protective remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).   Once a court determines that a party in interest is seeking protection of information that falls within section 107(b), it "is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

12.      Courts have recognized that the term "commercial information" is broad, including information that could "have a chilling effect on negotiations, ultimately affecting the viability of the Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991).  The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." *Orion*, 21 F.3d at 28.  Indeed, the Second Circuit has stated that an interested party need only show that the information it wishes to seal is "'confidential' and 'commercial' in nature", and no showing of "good cause" is necessary. *Id*.

13.      Thus, a bankruptcy court may enter a sealing order where necessary to protect commercial information. *See Global Crossing*, 295 B.R. at 725 (the "whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

4

14.     SRM has informed the Plan Administrator that it believes the Redacted

Information falls within the parameters of section 107(b) and has requested that the Plan

Administrator seek entry of the Proposed Order authorizing the filing of the Redacted

Documents under seal and the redaction of the Redacted Information.

15.     To ensure the Court has the benefit of the Redacted Information in

considering the contested matter commenced by the filing of the Objection, the Plan

Administrator will deliver unredacted versions of the Redacted Documents to the Court for *in

camera* review.

## NOTICE

16.     Bankruptcy Rule 9018 provides that, on motion, with or without notice,

the court may make any order which justice requires to protect the estate or any entity in respect

of confidential commercial information.  The Plan Administrator submits that no notice of this

Motion thus need be provided and it is filed at the request, and with the consent, of SRM.

17.     No previous request for the relief sought herein has been made by the Plan

Administrator with this or any other Court.

WHEREFORE, the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: July 28, 2016
       New York, New York

/s/ Richard L. Levine
Richard L. Levine
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

5

# **EXHIBIT A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                      :

**In re**                                  :        **Chapter 11 Case No.**
                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (SCC)**
                                        :

                    **Debtors.**        :        **(Jointly Administered)**
                                        :

-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING (I) THE FILING OF DOCUMENTS UNDER SEAL AND (II) THE REDACTION OF CONFIDENTIAL COMMERCIAL INFORMATION

Upon the motion, dated July 27, 2016 (the "Motion"),[1] of the Plan Administrator

pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, for entry of an

order (i) granting the Plan Administrator the authority to (a) redact confidential commercial

information in the Redacted Documents, and (b) file unredacted versions of the Redacted

Documents under seal; and (ii) directing that the sealed and redacted information shall remain

under seal and not be made available to anyone, except as specifically provided in this Order,

without the consent of SRM and the Plan Administrator or further order of the Court, all as more

fully described in the Motion; and the Court having reviewed the Motion; and the Court having

jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C.

§§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Court having found that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Plan Administrator is authorized to file unredacted copies of

the Redacted Documents under seal and to redact portions of the Redacted Documents; and it is

further

ORDERED that the unredacted copies of the Redacted Documents shall remain

under seal and shall not be made available to anyone, other than as provided for in this Order,

without the consent of SRM and the Plan Administrator or without further order of the Court;

and it is further

ORDERED that the Clerk of the Court shall treat the unredacted copies of the

Redacted Documents as confidential, and counsel for the Plan Administrator shall contact the

Clerk's Office regarding the return or disposition of the Redacted Documents at the close of this

case; and it is further

ORDERED that this Order is without prejudice to the rights of any party in

interest or the Office of the United States Trustee to seek to make public any portion of the

pleadings and/or documents filed under seal pursuant to this Order by filing an appropriate

motion with the Court on proper notice to the Plan Administrator and SRM; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from the interpretation or implementation of this Order.


Dated:   _____, 2016
        New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

3

WEIL:\95801869\2\58399.0011