HEARING DATE AND TIME: September 20, 2016 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 6, 2016 at 4:00 p.m. (Eastern Time)

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
And Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : 08-13555 (SCC) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON THE**
**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 32164**

**PLEASE TAKE NOTICE** that, on August 5, 2016, Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above referenced chapter 11 cases, filed the Plan Administrator's Objection to Claim Number 32164 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 20, 2016 at 10:00 a.m. (Eastern Time)** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Rollin Braswell Fisher LLC, 8350 East Crescent Pkwy., Suite 100, Greenwood Village, Colorado 80111 (Attn: Michael A. Rollin, Esq. and Maritza Dominguez Braswell, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **September 6, 2016 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 5, 2016 /s/ Michael A. Rollin
Michael A. Rollin
ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468

*Attorneys for Lehman Brothers Holdings Inc.
And Certain of Its Affiliates*

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
And Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*  :    08-13555 (SCC)
                                         :
                    Debtors.             :    (Jointly Administered)
---------------------------------------------------------------x

**PLAN ADMINISTRATOR'S OBJECTION TO**
**CLAIM NO. 32164 (INSUFFICIENT DOCUMENTATION)**

TO THE HONORABLE SHELLY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

1.      The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the disallowance and expungement of claim number 32164 (the "Claim," filed by Wells Fargo Bank, N.A. ("Claimant")).

2. The Claim does not comply with this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271], as it was not submitted with necessary and sufficient supporting documentation to enable Debtors to evaluate the Claim, and Claimant has subsequently failed to produce specific documentation upon request. The Claim does not constitute a valid *prima facie* claim, and the Plan Administrator requests the Claim be disallowed and expunged in its entirety.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.    The Bar Date Order and Notice**

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On July 2, 2009, this Court entered the Bar Date Order, which requires, among other things, that "each Proof of Claim must: . . . (v) set forth with specificity the legal and factual basis for the alleged claim; [and] (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." Bar Date Order at 6. The supporting documentation requirement was specifically set forth on the face of the Court-approved proof of claim form. *Id*. at Exhibit B. Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other

2

08-13555-mg    Doc 53451    Filed 08/05/16    Entered 08/05/16 18:05:43    Main Document
Pg 6 of 14

requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." *Id*. at 9-10. A copy of the Bar Date Order is publicly available at http://www.lehman-docket.com.

      6.      Claimant received notice of the Bar Date Order via mail and as posted on the docket. *See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").[1] The Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, specifically instructs claimants that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." Bar Date Notice at 4.

      7.      The Bar Date Notice also prominently states in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) . . . ." *Id*. at 6.

      8.      On December 6, 2011 the Court approved and entered an order confirming the Plan (the "Confirmation Order") [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). The Confirmation Order provides that "[a]fter the Effective Date, other than a proof of Claim relating to an executory contract or unexpired lease that is rejected pursuant to the Plan, a proof of Claim relating to a prepetition Claim may not be filed or amended without authority of the Court." Confirmation Order at ¶ 86. Pursuant to the

---

[1] The Bar Date Notice was attached as Exhibit B to the Bar Date Order.

3

Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

B.  **The 109th Omnibus Objection to Proof of Claims**

9. On March 14, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors (the "LBHI Debtors") filed Debtors' One Hundred Ninth Omnibus Objection to Claims (Insufficient Documentation) (the "Omnibus Objection") in the above-captioned case [ECF No. 15008]. Through the Omnibus Objection, the LBHI Debtors sought to disallow and expunge numerous proofs of claim, including the Claim, because they were "submitted without sufficient supporting documentation or an explanation as to why such documentation was unavailable" in violation of the Bar Date Order. Omnibus Objection at 3.

10. On June 7, 2011, the LBHI Debtors filed the Notice of Withdrawal of Debtor's One Hundred and Ninth Omnibus Objection to Claims (Insufficient Documentation) as to Certain Claimants (the "Notice of Withdrawal") [ECF No. 17471]. Through the Notice of Withdrawal, the LBHI Debtors withdrew without prejudice the objections set forth in the Omnibus Objection for certain claims, including the Claim. Notice of Withdrawal at 1. The Notice of Withdrawal expressly provided that Debtors "reserve their rights to object to the claims listed on Exhibit A [which included the Claim] on any grounds in the future." *Id*.

11. Through the Notice of Withdrawal, the LBHI Debtors sought to allow Claimant another opportunity to provide supporting documentation for the Claim as required under the Bar Date Order. Claimant has failed to do so and, for the reasons more fully described below, the Plan Administrator seeks through this Motion to disallow and expunge the Claim.

4

## SUMMARY OF THE CLAIM

12. Claimant filed the Claim on or around September 22, 2009, as trustee for the Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2008-3 Trust (the "Trust"). SASCO was Depositor for the Trust, pursuant to the May 1, 2008 Trust Agreement (the "Trust Agreement") between SASCO and Claimant, as trustee. In its role as Depositor, SASCO conveyed certain residential mortgage backed securities ("RMBS") to the Trust.

13. The Claim[2] does not allege any specific breaches, but instead broadly states that SASCO "*may have* various liabilities" arising from the Trust Agreement, including "reimbursement and other obligations" and "liability for breaches of representations and warranties" relating to the RMBS. Claim at Exhibit A (emphasis added). The Claim does not state the monetary value of any debts owed by, or damages caused by SASCO. Instead, it merely states that the amount of any damages "remains unknown, and will remain unknown until the discovery of any breaches… [or] any repurchase obligations arise, or the Trustee discovers any other breaches of SASCO's duties under the Trust Agreement." *Id*.

14. Claimant also states that it will amend the Claim "*if it discovers* any breaches of representations and warranties by SASCO, if SASCO becomes liable on account of any reimbursement or other obligations, or *if it discovers* any other breaches of SASCO's duties under the Trust Agreement, and the amount of SASCO's liability can be determined." *Id*. (emphases added). No such amendments were ever filed for the Claim.

15. As set forth above, the Claim alleges no specific breaches, was filed without any supporting evidence or documentation, and acknowledges that the amount of any damages is "unknown." Moreover, in almost seven years since filing, Claimant has never supplemented the

---

[2] The Claim was filed with an attachment labeled "EXHIBIT A TO PROOF OF CLAIM (Amount and Basis for Claim)".

5

Claim, has not filed any supporting documentation, and has not provided an explanation as to why such documentation was then, or is now, unavailable. The Plan Administrator has contacted Claimant on several occasions requesting supporting documentation, but to date none has been provided.

## THE CLAIM SHOULD BE DISALLOWED AND EXPUNGED

16. In reviewing the claims filed on the claims register in these cases and maintained by the Court-approved claims agent, the Plan Administrator has identified the Claim as a claim that should be disallowed and expunged because it does not include sufficient documentation supporting the existence of a debt or an explanation as to why such documentation is unavailable and, therefore, does not constitute a valid *prima facie* claim.

17. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.,* Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.,* 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18. Courts in the Second Circuit and elsewhere recognize that failure to support a claim with the documentation mandated by Bankruptcy Rule 3001(c) deprives the claim of a presumption of validity. *See In re Minbatiwalla,* 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) ("Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim."); *In re Porter,* 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("If . . . the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), . . . [the claim]

is . . . deprived of any prima facie validity which it could otherwise have obtained.") (internal citations omitted).

19. The Bar Date Order specifically requires that "each Proof of Claim must: … (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." Bar Date Order at 6. This requirement for documentation not a unique one. Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable. *See In re Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.), Oct. 20, 2009 Order [ECF No. 316] at 6; *see also In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.), Oct. 14, 2009 Order [ECF No. 554] at 2-3.

20. As noted above, Claimant was specifically provided notice of these documentation requirements in the Bar Date Notice, which included instructions on how to complete a proof of claim form and a warning that failure to comply with those instructions would result in claims being barred. *See* Bar Date Notice at 4, 6. Nevertheless, Claimant filed the Claim without including sufficient documentation supporting the validity of the Claim or an explanation as to why such documentation is unavailable.

21. Courts have also held that where a claimant refuses to support its claim after a debtor's request for more information, the claim should be disallowed and expunged. *See In re Chateaugay*, No. 89 Civ. 5994 (CSH), 1991 WL 60527 (S.D.N.Y. Apr. 8, 1991). The district court in *Chateaugay* affirmed the bankruptcy court's decision to expunge 149 claims on the grounds that they were not sufficiently specific, and where the claimant had failed to comply with the debtor's request, lodged "over a year earlier," for more information about the claims. *Id.* at *2-5.

7

22. Here, the Plan Administrator has contacted Claimant on multiple occasions to request supporting information and documentation for the Claim. Despite these requests, Claimant has not amended or supplemented the Claim, nor provided any additional documentation that could enable the Plan Administrator to determine the validity of the Claim.

23. Because the Claim fails to comply with the Bar Date Order's specific direction that claims include supporting documentation or an explanation as to why such documentation is unavailable, and does not provide enough information to permit the Plan Administrator to determine the Claim's validity, the Claim violates the Bar Date Order and does not constitute a valid *prima facie* claim. Therefore, the Plan Administrator requests that the Court disallow and expunge the Claim in its entirety.

## RESERVATION OF RIGHTS

24. The Plan Administrator reserves all rights to object on any other bases to the Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to the Claim and any matters raised by Claimant and to supplement this and other filings as a result thereof.

## NOTICE

25. No trustee has been appointed in these chapter 11 cases. Notice of the Claim has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Claimant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

26. Except as set forth herein, no previous request for the relief sought herein has been made to this or any other Court.

27. The Plan Administrator has cited to the authorities upon which it relies within the body of this Motion. Accordingly, the Plan Administrator respectfully submits that this Motion satisfies the requirement of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted herewith.

## CONCLUSION

WHEREFORE the Plan Administrator respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 5, 2016

/s/ Michael A. Rollin
Michael A. Rollin
ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (SCC)
                                                         :
                    Debtors.                             :    (Jointly Administered)
------------------------------------------------------------------x

ORDER GRANTING
PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 32164

Upon the Plan Administrator's Objection to Claim Number 32164 (Insufficient Documentation), filed by Wells Fargo, N.A. ("Claimant") dated August 5, 2016 (the "Objection"),[3] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking to disallow and expunge the Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim

---

[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

number 32164 is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE