**HEARING DATE AND TIME: September 20, 2016 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 6, 2016 at 4:00 p.m. (Eastern Time)**

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468
Michael A. Rollin

*Attorneys for Lehman Brothers Holdings Inc.*
*And Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | |
|---|---|
| **In re** | **:** **Chapter 11 Case No.** |
| | **:** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | **:** **08-13555 (SCC)** |
| | **:** |
| **Debtors.** | **:** **(Jointly Administered)** |

----------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' MOTION TO
## DISALLOW AND EXPUNGE CLAIM NUMBER 32168

    **PLEASE TAKE NOTICE** that, on August 5, 2016, Lehman Brothers Holdings Inc.

("LBHI" or the "Plan Administrator") and Structured Assets Securities Corporation ("SASCO")

(together, "Lehman," and collectively with their affiliated debtors in the above-captioned cases,

the "Debtors"), filed their Motion to Disallow and Expunge Claim Number 32168 (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that a hearing will be held on the Motion before

the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, Courtroom 623, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court") on **September 20, 2016 at 10:00 a.m.**

**(Eastern Time)** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest (with a hard-copy delivered directly to the Judge's Chambers), and be served in accordance with General Order M-399, and upon the following: (a) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 23; (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and Andrea B. Schwartz,, Esq.); (c) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur F. Foster, Jr., Esq., Dennis C. O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of unsecured creditors; and (d) Rollin Braswell Fisher LLC, 8350 East Crescent Parkway, Suite 100, Greenwood Village, Colorado 80111 (Attn: Michael A. Rollin, Esq. and Maritza Dominguez Braswell, Esq.), attorneys for LBHI and certain of its affiliates, so as to be actually filed and received no later than **September 6, 2016 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

2

Dated: August 5, 2016  /s/ Michael A. Rollin
       Michael A. Rollin
       ROLLIN BRASWELL FISHER LLC
       8350 E. Crescent Parkway, Suite 100
       Greenwood Village, CO 80111
       Telephone: (303) 945-7415
       Facsimile: (303) 974-7468

       *Attorneys for Lehman Brothers Holdings Inc.*
       *And Certain of Its Affiliates*

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
And Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

## DEBTORS' MOTION TO DISALLOW
## AND EXPUNGE CLAIM NUMBER 32168

**TO THE HONORABLE SHELLY C. CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE:**

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") and Structured

Assets Securities Corporation ("SASCO") (together, "Lehman," and collectively with their

affiliated debtors in the above-captioned cases, the "Debtors"), submit this motion (the "Motion"),

pursuant to (a) section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (b) this

Court's Order Establishing A Protocol To Resolve Claims Filed By Trustees On Behalf Of Certain

Issuers Of Residential Mortgage-Backed Securities (the "Protocol Order" and the protocol

approved thereby, the "RMBS Claims Protocol" or "Protocol") (ECF 47569), and (c) this Court's

Order Granting the Motion of RMBS Trustees to Extend the Overall Claim File Cut-Off Date for

Certain Loans Under the Protocol Order and Related Relief (the "Protocol Extension Order") (EFC

52367), to (i) disallow and expunge Claim Number 32168. In support of this Motion, the Plan

Administrator has filed the Declaration of Zachary Trumpp, annexed hereto as Exhibit A, and

respectfully states as follows:

## INTRODUCTION

1.      Pursuant to the Protocol Order, the Court established a claims resolution procedure

pursuant to which certain trustees (the "RMBS Trustees") were required to review and assert

claims (the "RMBS Claims") against the Debtors relating to trusts consisting of residential

mortgage-backed securities (the "RMBS Trusts").   Section III.d.iii of the Protocol required the

submission of all claims by March 31, 2016 (the "Overall Claim File Cut-Off Date"), and expressly

provided that any claim not asserted by such date shall be deemed waived and released by the

RMBS Trustees and disallowed and expunged from the bankruptcy case.

2.      By motion dated March 24, 2016 (the "Protocol Extension Motion") (ECF 52342),

the RMBS Trustees requested entry of an order extending the Overall Claim File Cut- Off Date

for a limited and defined universe of loans (as scheduled in the Protocol Extension Motion, the

"Remaining Covered Loans").   Pursuant to the Protocol Extension Order, this Court granted the

Protocol Extension Motion and extended the Overall Claim File Cut-Off Date to May 31, 2016

(the "Extended Claim File Cut-Off Date) for that limited universe of loans. The Protocol Extension

Order also provided that:

> (i) the RMBS Trustees shall not be entitled to assert any RMBS
> Claims (for Covered Loans or otherwise) under the Protocol
> Order not already submitted pursuant to the Protocol Order by
> March 31, 2016, other than RMBS Claims that they may
> determine to submit under the Protocol Order prior to the
> extended Overall Claims Cut- Off Date solely with respect to
> the Remaining Covered Loans, and
> (ii) as provided in Section III(d)(iii) of Exhibit A of the
> Protocol Order, any such RMBS Claims shall be deemed

waived and release by the RMBS Trustees and disallowed and expunged upon entry of this Order.  (Protocol Order at 2).

3.      By this Motion, the Debtors seek entry of an order disallowing and expunging Claim Number 32168, which does not include any claim submitted prior to the Overall Claim File Cut-Off Date or the Extended Claim File Cut-Off Date pursuant to the Protocol Extension Order. Accordingly, disallowance and expungement of this claim is appropriate.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Article XIV of the Debtors' confirmed plan (the "Plan"), and paragraph 77 of the order confirming the Plan.  This Motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b).  Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      By order dated July 2, 2009 (ECF 4271), this Court established September 22, 2009 (the "Bar Date") as the deadline to file proofs of claim against the Debtors. On or around the Bar Date, the RMBS Trustees filed approximately 300 proofs of claim related to private label RMBS Claims.

6.      On December 29, 2014, the Court entered the Protocol Order, approving the Debtors' proposed protocol for resolving the RMBS Claims. The Protocol Order established deadlines for the completion of various tasks related to reconciling and determining the RMBS Claims. Specifically, the Protocol Order required the RMBS Trustees' to review the entire population of loan files and assert claims by the March 31, 2016 Overall Claim File Cut-Off Date. The Protocol Order also expressly provided that any claims not asserted by that date would be deemed waived and released by the RMBS Trustees and disallowed and expunged in the bankruptcy case. (*See* Exhibit A of the Protocol Order, § III(d)(iii)).  The RMBS Trustees asserted

3

thousands of RMBS Claims against LBHI under the Protocol Order, but no claims were asserted

on account of transferor trusts and no claims were asserted against SASCO.

       7.      Shortly before the Overall Claim File Cut-Off Date, the RMBS Trustees contacted

the Plan Administrator t0 request an extension of the cut-off date in order to submit approximately

3,900 additional loan files that the RMBS Trustees had mistakenly identified as transferor loan

files rather than covered loan files, as well as a smaller number of loans the RMBS Trustees already

had requested from servicers but not received. The Plan Administrator agreed to the extension and

the RMBS Trustees confirmed that claims arising from any other files that had not been submitted

by the Overall Claims File Cut-Off Date would be disallowed. Thereafter, the RMBS Trustees

moved to extend the cut-off date from March 31, 2016 to May 31, 2016 solely as to the Remaining

Covered Loans. The Plan Administrator supported the motion.  In their motion, the RMBS

Trustees represented that:

> Except with respect to the RMBS Claims submitted, or to be
> submitted by March 31, 2016 (the existing Overall Claims Cut-Off
> Date), the RMBS Trustees will not submit any additional RMBS
> Claims (for Covered Loans or otherwise) under the Protocol other
> than RMBS Claims that they may determine to submit under the
> Protocol prior to the extended Overall Claims Cut-Off Date solely
> with respect to the Remaining Covered Loans.  Further, as provided
> in Section III(d)(iii) of Exhibit A of the Protocol Order, any such
> RMBS Claims shall be deemed waived and released by the RMBS
> Trustees and disallowed and expunged upon entry of the order
> granting the Motion.  (Protocol Extension Motion ¶ 1).

       8.      On March 30, 2016, the Court entered the Protocol Extension Order, extending the

Overall Claim File Cut-Off Date from March 31, 2016 to May 31, 2016 solely as to the scheduled

Remaining Covered Loans, preserving the original Overall Claim File Cut-Off Date as to RMBS

Claims arising out of all other loans, and providing that, just as the RMBS Trustees had requested

(and consistent with their representation that they would not pursue any such claims), any such

claims not already submitted under the Protocol Order by March 31 (whether for Covered Loans

or otherwise) were "waived and released by the RMBS Trustees and disallowed and expunged."

(Protocol Order at 2).

## RELIEF REQUESTED

9.      By this Motion, Lehman respectfully requests that (a) the Court disallow and

expunge Claim Number 32168. As described above, no RMBS Claim was asserted by the Overall

Claim File Cut-Off Date for this proof of claim, and this proof of claim was not submitted on

account of trusts containing Remaining Covered Loans. In addition, no loan files were submitted

that could support a claim against SASCO. Although claims on account of this proof of claim

already have been disallowed and expunged by operation of the Protocol Order and the Protocol

Extension Order, as described above, the Plan Administrator seeks entry of an order specifically

identifying this affected proof of claim so that the official claims register in this case can be

appropriately adjusted to reflect its prior disallowance.

## NOTICE

10.     No trustee has been appointed in these Chapter 11 cases. Lehman has or will

provide notice of this Motion on (i) the U.S. Trustee for Region 2; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys

for each of the RMBS Trustees; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the Second Amended Order, entered on June 17, 2010, governing case

management and administrative procedures for these cases (ECF 9635). The Plan Administrator

submits that no other or further notice is necessary or required.

11.     Except as set forth herein, no previous request for the relief sought herein has been

made to this or any other Court.

12.     The Plan Administrator has cited to the authorities upon which it relies within the body of this Motion. Accordingly, the Plan Administrator respectfully submits that this Motion satisfies the requirement of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted herewith.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form of annexed hereto as Exhibit B, granting the relief requested herein and such other and such other and further relief as the Court may deem just and proper.

Dated: August 5, 2016

/s/ Michael A. Rollin
Michael A. Rollin
ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468

*Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its
Affiliates*

# EXHIBIT A

## Declaration of Zachary Trumpp

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                       :          **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :          **08-13555 (SCC)**
                                                            :
                          **Debtors.**                      :          **(Jointly Administered)**
--------------------------------------------------------------------x

### DECLARATION OF ZACHARY TRUMPP IN SUPPORT OF
### DEBTORS' MOTION TO DISALLOW AND EXPUNGE CLAIM NUMBER 32168

I, Zachary Trumpp, hereby certify and declare as follows based upon my own personal information and knowledge:

1.      I am an employee in Claims Management at Lehman Brothers Holdings Inc. ("LBHI"). I am of sound mind and in all respects qualified to make this Declaration.

2.      I submit this Declaration in support of the Debtors' Motion to Disallow and Expunge Claim Number 32168.

3.      I have reviewed the Motion and the statements and assertions therein are true and correct, to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: August 5, 2016

                                        /s/ Zachary Trumpp
                                        Zachary Trumpp

# EXHIBIT B

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                          :          **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :          **08-13555 (SCC)**
                                                               :
                                          **Debtors.**      :          **(Jointly Administered)**
----------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION TO DISALLOW AND EXPUNGE CLAIM NUMBER 32168

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for entry of an order granting Debtors' Motion to Disallow and Expunge Claim Number 32168; and upon the Declaration of Zachary Trumpp; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, Article XIV of the Plan and paragraph 77 of the order confirming the Plan; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. §157(b); and sufficient notice of the Motion having been given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted.

2.      Claim Number 32168 is disallowed and expunged in its entirety.

3.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

5.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
New York, New York

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE