UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-11-16

WILLIAM KUNTZ III,

           Appellant,

-v-

LEHMAN BROTHERS HOLDINGS, INC.
and OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,

           Appellees.

No. 16-cv-1379 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court are the emergency motions of Appellees Lehman Brothers Holdings, Inc. (collectively with its subsidiaries, "Lehman") and the Official Committee of Unsecured Creditors to dismiss with prejudice the appeal of Appellant William Kuntz III pursuant to Federal Rule of Bankruptcy Procedure 8013 (Doc. No. 3) and for sanctions against Appellant pursuant to Federal Rule of Bankruptcy Procedure 8020 (Doc. No. 8). For the reasons set forth below, Appellees' motion to dismiss the appeal with prejudice is granted and Appellant is ordered to show cause as to why he should not be sanctioned and enjoined from making further filings without permission of the Court.

I. BACKGROUND

    On January 25, 2016, the Court received a letter from the parties in a case related to this one, *Lehman Brothers Holdings Inc., et al. v. JPMorgan Chase Bank, N.A.*, No. 11-cv-6760 (RJS) (the "*Lehman* case"), stating that they had reached a settlement (the "Settlement"). (Doc. No. 111.) The Settlement was submitted to the bankruptcy court for review.

    Appellant – who seeks to block the Settlement – has previously filed a number of claims in

the Lehman bankruptcy. All these claims have been expunged or disallowed. (*See, e.g.*, 08-bk-1355, Doc. Nos. 7828, 9234, 9990, 12662, 28377.) On January 30, 2016, Appellant submitted a letter to the bankruptcy court regarding this Settlement, in which he acknowledged that he "had his prior claims expunged," but stated that he had "learned that the New York State Comptroller's Office of Unclaimed Funds is holding some kind of interest [he has] in Lehman" and suggested that "the Court should consider staying this matter and consider the appointment of a Successor Examiner to further review the events that led to the loss of huge sums of stockholder equity." (Doc. No. 5, Declaration of Tyler G. Whitmer, dated February 23, 2016 ("Whitmer Decl."), Ex. B.) On February 8, 2016, after conducting a hearing on the Settlement – which Appellant did not attend – the bankruptcy court signed the Settlement, and, on February 11, 2016, the Settlement was docketed in the Lehman bankruptcy cases. (*See* 08-bk-13555, Doc. No. 52002.)

On February 9, 2016, Appellant sent a faxed motion to the bankruptcy court "for enlargement of time" in which to appeal the Settlement. (08-bk-13555, Doc. No. 52027, Ex. 2.) On February 13, 2016, in a faxed brief supporting the motion, Appellant, referencing his "theory of the collapse of Grand Union," alleged that the "NY State Comptroller has yet to disclose the exact nature of it's [*sic*] holding in Lehman." (Whitmer Decl., Ex. D, at 3.) Appellant seems to perceive some connection between the bankruptcy of Grand Union, a supermarket chain, and the Lehman bankruptcy, but his papers do not articulate the basis of that connection.

On February 18, 2016, the bankruptcy court denied Appellant's motion. (08-bk-13555, Doc. No. 52086.) That same day, Appellant filed a notice of appeal. (08-bk-13555, Doc. No. 52096.) On February 23, 2016, the notice of appeal appeared on the docket of the Southern District of New

2

York and this Court accepted the appeal as related to the *Lehman* case, which had been resolved by the Settlement. (Doc. No. 1.)

Appellant subsequently appeared before the bankruptcy court on March 1, 2016 for a status conference about a motion by Appellees for sanctions against him in that court. At that hearing, the bankruptcy court told Appellant: "You are a stranger to the Lehman Brothers proceeding. You have no standing. You have no . . . right to be holding up a $1.4 billion settlement to the legitimate creditors of the Lehman estate who have been waiting for over seven years for these monies to be distributed to them." (Doc. No. 14 (quoting Transcript, Conference, March 1, 2016, at 9:24-10:7).) Then, on March 4, 2016, after a hearing, the bankruptcy court granted Appellees' motion for sanctions against Appellant and enjoined him from making further filings in that court relating to the Lehman bankruptcy cases without prior approval. (Doc. No. 17.)

II. DISCUSSION

A. Dismissal of the Appeal

If an appellant lacks standing to appeal, his appeal must be dismissed. *See Licensing by Paolo, Inc. v. Sinatra (in re Paolo Gucci)*, 126 F.3d 380, 387–88 (2d Cir. 1997) ("Whether a claimant has standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))); *see also Wallach v. Kirschenbaum*, No. 11-cv-0795 (SJF), 2011 WL 2470609, at *3 (E.D.N.Y. June 16, 2011) (dismissing a bankruptcy appeal for lack of standing). While the law mandates dismissal if Appellant does not have standing, the Court is also obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims]

3

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

"[I]n order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 89 (2d Cir. 2011) (internal quotation marks omitted). This standard requires that "an appellant show both 'injury in fact' under Article III, and that the injury suffered is direct and financial." *In re DPH Holdings Corp.*, 468 B.R. 603, 612 (S.D.N.Y. 2012). As a result, "[t]he aggrieved person standard is stricter than Article Ill's injury in fact test." *In re Old HB, Inc.*, 525 B.R. 218, 222 (S.D.N.Y. 2015) (internal quotation marks omitted).

Here, Appellant has made no showing that he has standing to pursue this appeal, nor does his response to Appellees' motion to dismiss even attempt to argue that he does. (*See* Doc. No. 16.) As stated above, this is not Appellant's first attempt to intervene in Lehman bankruptcy proceedings. In 2010, the bankruptcy court expunged his claims, finding that Appellant had not shown that his claims were "sufficiently plausible on their face" to allow him to call witnesses and proceed with his case. *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (JMP), 2010 WL 4818173, at *3 (Bankr. S.D.N.Y. Nov. 10, 2010). In so concluding, the court noted that "[h]is standing as a creditor has been suspect for some time," *id.* at *1, and that his claims "are quite obviously devoid of any documentary support and fail to state facts that show how anything that occurred in the Grand Union cases would give Mr. Kuntz a right to payment from [Lehman Commercial Paper Inc.] or any other Lehman entity," *id.* at *2. On a motion for reconsideration in that case, the court reiterated that Appellant "ha[d] not shown and, in practical terms is incapable of showing, any facts

4

consistent with his contention that Debtors are somehow liable to him for claims arising out of the Grand Union bankruptcy." *In re Lehman Bros. Holdings, Inc.*, No. 08-13555 (JMP), 2012 WL 1933806, at *4 (Bankr. S.D.N.Y. May 29, 2012).

Here, Appellant once again seeks to block a Lehman settlement based on objections that seem to relate to an entirely different proceeding, an action by the New York State Comptroller related to the Grand Union bankruptcy. (*See* Doc. No. 16 at 5.) Appellant's opposition to Appellees' motion to dismiss offers no explanation as to why he has standing to contest this Settlement other than to state that Appellees "have overlooked certain otherwise insignificant facts such as documents filed in Lehman long ago . . . which establish that there is a deposit of unknown quality and quantity with the New York State Comptroller's Office." (*Id.*). This vague statement is insufficient for the Court to conclude that Appellant is an aggrieved person who will suffer a direct and financial injury. Appellant does not allege that he is a creditor to the Lehman bankruptcy, nor does he demonstrate that he will suffer an injury from the Settlement. Accordingly, the Court concludes that Appellant has no standing to bring this appeal and, thus, the appeal must be dismissed.

B. Sanctions

Under Federal Rule of Bankruptcy Procedure 8020, a court may award costs and damages to a party for a frivolous appeal. Fed. R. Bankr. P. 8020. "When reviewing a request for Rule 8020 sanctions, a district court must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure." *In re Negosh*, No. 06-cv-5617 (JS), 2007 WL 2445158, at *6 (E.D.N.Y. Aug. 22, 2007). Under this standard, a party may be sanctioned "'where the appeal taken is found to be groundless, without foundation, and without merit, even though appellant did not bring it in

5

bad faith.'" *In re Davis*, No. 03-cv-7926 (LAK), 2004 WL 1336233, at *1 (S.D.N.Y. June 15, 2004) (quoting *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 119 (2d Cir.2000)). A *pro se* litigant may still be sanctioned. *Cf. Malley v. NYC Bd. Of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y.2002) ("The fact that a litigant appears *pro se* does not shield him from Rule 11 sanctions.").

Based on Appellant's actions before this Court and the bankruptcy court, the Court is inclined to impose monetary sanctions on Appellant and to require that he seek permission from the Court before making any future filings. However, as Appellant has not previously received notice of sanctions in this particular proceeding, the Court must first give him an opportunity to be heard as to why sanctions should not be ordered. *See Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 36 (2d Cir. 2012) (noting that sanctioned party must have notice of possible sanctions based on "specific conduct in the present proceeding" (internal quotation marks omitted)). Accordingly, the Court orders Appellant to show cause as to why he should not be required to pay Appellees' reasonable attorneys' fees and costs in this meritless action and why the Court should not enjoin Appellant from making additional filings "without first obtaining leave of the district court" given his pattern of making frivolous filings before both this Court and the bankruptcy court. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986).

### III. CONCLUSION

IT IS HEREBY ORDERED THAT Appellees' motion to dismiss the appeal is GRANTED. IT IS FURTHER ORDERED THAT Appellant shall appear for a hearing before the Court on March 24, 2016 at 11 a.m. to show cause as to why he should not be sanctioned and enjoined from making future filings relating to the Lehman bankruptcy without permission from the Court. The

Clerk of the Court is respectfully directed to terminate the motions located at docket numbers 3 and 8. The Clerk of the Court is also respectfully directed to mail a copy of this Order to Appellant.

SO ORDERED.

Dated:   March 11, 2016
         New York, New York

                                                          RICHARD J. SULLIVAN
                                                          UNITED STATES DISTRICT JUDGE