



SC Lowy Primary Investments, Ltd.
c/o SC Lowy Asset Management (HK) Limited
Suite 1401, 14/F, Central Tower, 28 Queen's Road Central, Hong Kong
Tel: +852 3405 1300 | Fax: +852 3405 1400
www.sclowy.com

VIA COURIER

July 26, 2016

US Bankruptcy Court
Southern District of NY
One Bowling Green
New York, NY 10004-1408

Re:   Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

To the US Bankruptcy Court:

Pursuant to the Transfer of Claim Agreement dated July 8, 2016 (the "Transfer of Claim Agreement"), between The Royal Bank of Scotland N.V. ("Transferor") and SC Lowy Primary Investments, Ltd. ("Transferee"), Transferor transferred certain claims to Transferee.

Please find attached a copy of Form 3001(e) relating to a Transfer of Claim Other than for Security in relation to the Transfer of Claim Agreement. Please mark your records accordingly to reflect such transfer and please have these forms posted on the docket of Lehman Brothers Holdings Inc.

If you should have any questions, please feel free to contact the Transferor at:

Tel:  +852 3405 1300
Fax: +852 3405 1400
E-mail: steve.lyons@sclowy.com
Address:  Suite 1403, 14/F, Nine Queen's Road, Central, Hong Kong, attn: Steve Lyons

Regards,

SC Lowy Primary Investments, Ltd.

By: _____
Name:  Steve Lyons
Title:  Authorized Signatory



## United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc     Case No.    08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **SC LOWY PRIMARY INVESTMENTS, LTD.** | **THE ROYAL BANK OF SCOTLAND N.V.** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

c/o SC Lowy Asset Management (HK) Limited
Suite 1401-02, 14/F, Central Tower, 28 Queen's Road
Central, Hong Kong SAR

e-mail: steve.lyons@sclowy.com /
SCLOps@wellsfargo.com

Tel:    +852 3405 1300

Court Claim # (if known):    See Schedule 1

Amount of Claim:  See Schedule 1

Date Claim Filed:  See Schedule 1

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 8th July 2016
     Transferee/Transferee's Agent

Title: Authorised Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, THE ROYAL BANK OF SCOTLAND N.V. (the "Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to SC LOWY PRIMARY INVESTMENTS, LTD. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers set forth on Schedule 1 attached hereto filed by or on behalf of the Original Claimants specified on Schedule 1 (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller, or, alternatively, Seller has been duly authorized to sell, transfer and assign the Transferred Claims by the owner of Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) on or about April 17, 2012, October 1, 2012, April 4, 2013, October 3, 2013, April 3, 2014, October 2, 2014, April 2, 2015, October 1, 2015, March 31, 2016 and June 16, 2016 Seller received Class 5 distributions from Lehman Brothers Holdings, Inc in respect of the Purchased Claims for periods relevant to Seller being the owner of the Purchased Claims; (h) on or about May 8, 2013, October 24, 2013, April 28, 2014, October 28, 2014, April 27, 2015, October 29, 2015 and April 28, 2016 Seller received distributions from Lehman Brothers Treasury Co B.V. in respect of the Purchased Security for periods relevant to Seller being the owner of the Purchased Security; and (i) other than the distributions set out above in subclauses (g) and (h) (the "Initial Distributions"), Seller has not received any distributions in respect of the Transferred Claims and/or Purchased Security. The Seller was not the owner of the Purchased Security and Purchased Claims for some of the earlier distribution periods in subclauses (g) and (h) as such was not eligible for distributions prior to it being

the owner of the Purchased Security and Purchased Claims. As evidenced in the data room, Notice of Transfer of Claim dates for the Purchased Claims with respect to the Seller is on February 6, 2014.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the Trade Date (21 June 2016) in respect of the Transferred Claims to Purchaser, whether from the Debtor or any prior seller, provided, however, that Seller shall be entitled to retain any distributions it received in connection with the Initial Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Additional responsibilities of the Seller and Purchaser applicable to the period between Trade Date and 60 days after the date on which all Transferred Claims have been fully transferred to the Purchaser: (a) Seller agrees to forward to Purchaser all notices it receives with respect to the Transferred Claims; unless advised by Seller, all notices received will be provided through the "Project Jacqueline" Intralinks data room, (b) Purchaser shall, on a best effort basis, notify the Seller of potential gaps in the notices provided, and Seller shall promptly address the potential gaps (if any) no later than three (3) business days, (c) Seller agrees to vote the Transferred Claims in a timely manner and in accordance with Purchaser's instructions, which the Purchaser must provide in writing, with written confirmation from Seller no later than three (3) business days prior to the last voting date of concern, and (d) Seller agrees to take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time reasonably request, with any related costs to be payable by Purchaser.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page intentionally left blank; signatures follow on next page]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8th July 2016.

| THE ROYAL BANK OF SCOTLAND N.V. | By: SC LOWY PRIMARY INVESTMENTS, LTD. |
|---|---|
| By: *Ubaille* | By: *[signature]* |
| Name: Yves BARBEAU | Name: Michel Lowy |
| Title: Director | Title: Authorized Signatory |
|  | By: *[signature]* |
|  | Name: Steve Lyons |
|  | Title: Authorized Signatory |

Schedule 1

Purchased Claims

100% of Claim Transfer of Proof of Claim per Claim Numbers relating to corresponding ISINs per ISIN which equals Nominal Amounts (CCY) and Claim Allowed Amounts as described in Table 1 of Schedule 1

Table 1: Lehman Programs Securities to which Claims Transfer Relates

Issuer: Lehman Brothers Treasury Co. B.V.
Guarantor: Lehman Brothers Holdings Inc.
Previous Notice of Transfer of Claim Date with respect to Seller (MM/DD/YYYY): 02/06/2014

| Purchased Security | | | | | | Transferred Claims / Purchased Claims | | |
|---|---|---|---|---|---|---|---|---|
| Description of Security | ISIN | CCY | Issuer | Guarantor | Nominal Amounts (CCY) | Claim Numbers | Filed Date (MM/DD/YYYY) | Claim Allowed Amounts (USD) |
| LB 3Y USD Range Accrual Note S834 05NOV10 | XS0328209720 | USD | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 4,150,000.00 | 57483 | 10/30/2009 | 977,266.20 |
| LB 3Y USD Range Accrual Note S847 05NOV10 | XS0328587240 | USD | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1,000,000.00 | 50337 | 10/28/2009 | 227,432.58 |
| LB 2Y HKD Range Accrual Note S985 04JAN10 | XS0338765307 | HKD | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 7,200,000.00 | 45915<br>43051<br>44191<br>50895<br>57261 | 10/26/2009<br>10/21/2009<br>10/22/2009<br>10/28/2009<br>10/30/2009 | 48,318.28<br>193,273.13<br>4,831.83<br>53,150.11<br>48,318.28 |
| LB 2Y HKD Range Accrual Note S985 04JAN10 | XS0338765307 | HKD | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3,000,000.00 | n.a. | n.a. | n.a. |
| LB 3Y USD Range Accrual Note S012 24JAN11 | XS0339764028 | USD | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2,900,000.00 | 45279 | 10/23/2009 | 1,234,469.21 |
| LB 2Y HKD Alring Range Accrual Note S905 30NOV09 | XS0332136620 | HKD | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 600,000.00 | n.a. | n.a. | n.a. |

Schedule 1–1

76291.000006 EMF_US 44191412v2