B 210A (Form 210A) (12/09)

# United States Bankruptcy Court

## Southern District of New York

In re Lehman Brothers Holdings Inc., et al.,

                          Debtors,

Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

King Street Acquisition Company. L.L.C.
Name of Transferee

Morgan Stanley Capital Services LLC (f/k/a Morgan Stanley Capital Services Inc.)
Name of Transferor

Name and Address where notices to transferee should be sent:

65 East 55th Street, 30th Floor
New York, NY 10022
Attn: Bank Debt
Phone: 212-812-3140
Fax: 201-215-9407

Court Claim # (if known): 11306
Amount of Claim: $1,010,080,751.00 (as allowed)

Amount of Claim Transferred: $9,356,234.48
Date Claim Filed: September 10, 2009
Debtor: Lehman Brothers Holdings Inc.

Phone: _____
Last Four Digits of Acct #: _____.

Phone: (212) 761-1069
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
    Transferee/Transferee's Agent

Date: August 16, 2016

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

939240v.5 892/04738

## EVIDENCE OF PARTIAL TRANSFER OF CLAIM

## TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley Capital Services LLC** (f/k/a Morgan Stanley Capital Services Inc.) ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **King Street Acquisition Company, L.L.C.** ("Assignee") its right, title, interest, claims and causes of action in and to, or arising under or in connection with, **$9,356,234.48** of its allowed claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against **Lehman Brothers Holdings Inc.** (the "Debtor"), the debtor in chapter 11 Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim (**No. 11306**) filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim, recognizing Assignee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 16th day of August 2016.

Morgan Stanley Capital Services LLC

By: _John Ragusa_

Name: John Ragusa

Title: Authorized Signatory

King Street Acquisition Company, L.L.C.

By: King Street Capital Management, L.P.,
Its Manager

By: _____

Name: Howard Baum

Title: Authorized Signatory

ORIGINAL

| | |
|---|---|
| **United States Bankruptcy Court/Southern District of New York** | **PROOF OF CLAIM** |

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

In Re:
Lehman Brothers Holdings Inc., et al.    Chapter 11
Debtors.    Case No. 08-13555 (JMP)
(Joint Administered)

Name of Debtor Against Which Claim is Held    Case No. of Debtor
Lehman Brothers Holdings Inc.    08-13555-JMP

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000011306

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Morgan Stanley Capital Services Inc.

(For addresses and telephone numbers, see attached annex)

Telephone number:    Email Address:

Name and address where payment should be sent (if different from above)

(See attached annex)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as.

1.    **Amount of Claim as of Date Case Filed:** $ (For additional details, see attached annex)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract*
☒ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2.    **Basis for Claim:**    (See attached annex)
(See instruction #2 on reverse side.)

3.    **Last four digits of any number by which creditor identifies debtor:**    N/A
3a. Debtor may have scheduled account as:
(See instruction #3a on reverse side.)

4.    **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☒ Other
Describe: ___ (For all information requested in this part 4, see attached annex)

Value of Property: $ _____    Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____    Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

6.    **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $    N/A
(See instruction #6 on reverse side.)

7.    **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.    **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: (See attached annex)

5.    **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$    N/A

FOR COURT USE ONLY
FILED / RECEIVED

SEP 10 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:    Signature:
9-10-2009    Morgan Stanley Capital Services Inc.
By: *Charmaine Fearon*    **Charmaine Fearon**
Title: **Authorized Signatory**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1 Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the creditor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|  |  |
| In re: | : |
|  | : |  **Chapter 11**
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : |  **Case No. 08-13555 (JMP)**
|  | : |
|  | : |  **(Jointly Administered)**
| **Debtors.** | : |
|  | : |
-------------------------------------------------------------------x

### ANNEX TO PROOF OF CLAIM HELD BY
### MORGAN STANLEY CAPITAL SERVICES INC.

This is an Annex to the proof of claim (as it may be amended, modified or supplemented, this "Proof of Claim") filed by Morgan Stanley Capital Services Inc. (the "Claimant"). The Claimant is the holder of claims (the "Claims") against Lehman Brothers Holdings Inc. (the "Debtor") described on this Proof of Claim to which this Annex relates and as set forth in further detail herein.

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE. Copies of certain supporting documents relating to the Claims set forth below are attached hereto and are also incorporated by reference into this Proof of Claim. Copies of certain additional supporting documentation (including but not limited to the Agreement (as defined herein)) are voluminous, contain proprietary business information and are readily available to the Debtor and, accordingly, are not attached hereto. The Claimant has furnished or will furnish the Debtor with copies of any pertinent available documentation upon request or as otherwise required by order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1.      Basis for Claims:  On September 15, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code"), in the Bankruptcy Court. The Debtor is and may become liable to the Claimant for the Claims described herein.

(a)      Lehman Brothers Special Financing Inc. ("LBSF") has obligations, liabilities and indebtedness to the Claimant (the "LBSF Obligations") arising from and in connection with the ISDA Master Agreement dated as of June 23, 1988, by and between LBSF and the Claimant (as subsequently amended or supplemented and together with any Schedules, Exhibits and Annexes thereto and Confirmations thereunder, the "Agreement").

(b)      In connection with the Agreement, the Debtor agreed to act as Guarantor of the LBSF Obligations for the benefit of Claimant under the Guarantee dated June 23, 1988 (the "Guarantee").

(c)     The Claims asserted herein arise from or are related to the Debtor's guarantee under the Guarantee of the LBSF Obligations. The Claims are based upon obligations, liabilities and indebtedness owing by the Debtor to the Claimant (collectively, the "Obligations"), which Obligations arise under and in connection with the Guarantee.

(d)     Without limiting the generality of the foregoing, the Claims include, without limitation, the Obligations described below.

2.     Claims:   For a further description of the Claims, see the termination statement of the Claimant, dated June 3, 2009 (the "Termination Statement Date"), relating to the Agreement and attached as Exhibit 2 to the demand letter from the Claimant to the Debtor dated August 5, 2009, demanding payment under the Guarantee, a copy of which is attached as Exhibit A hereto.

3.     Total Amount of Claims at Time of Bankruptcy Filing:  Liquidated Claims of not less than $1,019,588,693.07 in the aggregate (which includes interest and legal expenses accrued as of the Termination Statement Date, plus contingent unliquidated claims as described herein).

Without limiting any of the foregoing, the Claimant reserves all of its rights to assert claims for interest (including, without limitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of this Proof of Claim), that existed or arose prior to, or that exist or arise on or after, the date of the first filing of this Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Guarantee or the Agreement, any supporting documentation and under applicable law.

4.     Secured Claim:  The Claims of the Claimant against the Debtor for amounts due and owing as of the Petition Date are unsecured claims to the extent of any deficiency following any exercise by the Claimant of any rights of setoff that it may have against the Debtor.  The Claimant hereby asserts any and all rights of setoff it may have in respect of the Claims, including, without limitation, the right to setoff its Claims against any claims that the Debtor (or any successor, assignee or person claiming through the Debtor) may assert against the Claimant or any affiliate of the Claimant.

5.     Reservation of Rights:  (a) In filing this Proof of Claim, the Claimant expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.  Furthermore, the Claimant expressly reserves all rights to amend, modify and/or supplement this Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees).  (b) This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor.

The Claimant does not, by the Claims or any amendment or other action, waive any rights with respect to any scheduled claim. (c) By filing this Proof of Claim, the Claimant does not waive any rights under chapter 5 of the Bankruptcy Code. (d) In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to the Claims and does not waive or release: (i) rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise (a "Liable Party"); (ii) any obligation owed to it, or any right to any security that may be determined to be held by any Liable Party or for the Claimant's benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of the Claimant, of indebtedness or liens held by other creditors of the Debtor. The filing of this Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies. (e) Nothing contained in this Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of the Claimant to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of the Claimant to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of the Claimant to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of the Claimant to have any unliquidated portions of their claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which the Claimant is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

6.    Payment Information:  Payments should be made with the following wire transfer information:

Citibank, NY (SWIFT: CITIUS33)

Morgan Stanley Capital Services (MSCSUS33)

7.    Notices:  All notices with respect to the Claims should be sent to:

MORGAN STANLEY CAPITAL SERVICES INC.
1585 Broadway
New York, New York 10036-8293
Attention:    CHIEF LEGAL OFFICER
Phone:        212-761-4000
Facsimile:    212-507-4622

with copies to:

Morgan Stanley Capital Services Inc.
1585 Broadway, 3rd Floor
New York, NY 10036-8293
Attention:  Counterparty Portfolio Management Group

-3-

and

Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001
Attention:    Mark C. Ellenberg, Esq.
Phone:    202-862-2238
Facsimile:    202-862-2400

and

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attention:    Howard R. Hawkins, Esq.
Phone:    212-504-6422
Facsimile:    212-504-6666

Dated: September 10, 2009

EXHIBIT A

# Morgan Stanley

August 5, 2009

*BY HAND DELIVERY AND FACSIMILE*

Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 40th Floor
New York, New York 10020
Attn: Derivatives Legal
Telecopier: 212-526-7672

Re:  Demand for Payment under Guarantees

Ladies and Gentlemen:

Reference is made to (i) each guarantee listed in Exhibit 1 hereto (each a "Guarantee") of Lehman Brothers Holdings Inc. (the "Guarantor") in favor of Morgan Stanley Capital Services Inc. ("Morgan Stanley"); and (ii) the statement attached as Exhibit 2 hereto (the "Termination Statements") delivered by Morgan Stanley in connection with the LB Master Agreement (as defined in Exhibit 1 hereto). Unless otherwise defined herein, including in Exhibit 1 hereto, capitalized terms shall have the meanings ascribed to such terms in the LB Master Agreement, as applicable.

Morgan Stanley hereby makes a demand to the Guarantor under the Guarantee for immediate payment of the amount listed opposite such Guarantee in Exhibit 3 hereto, as such amount may be increased or decreased in accordance with the terms thereof and as further set forth in the Termination Statement.

Neither this demand nor any failure or delay by Morgan Stanley or any of Morgan Stanley's Affiliates in exercising any right (including any right of Set-off), power, privilege or remedy in respect of the LB Master Agreement, any other agreement between Morgan Stanley or any of Morgan Stanley's Affiliates and each applicable counterparty to the LB Master Agreement or each such applicable counterparty's Affiliates or under applicable law will be deemed to constitute a waiver or forbearance of any such right, power, privilege or remedy.

Furthermore, Morgan Stanley hereby reserves, on behalf of itself and its Affiliates, all other rights and remedies, including, without limitation, with respect to Set-off, that it may have at law, in equity, under the LB Master Agreement or any other agreement between Morgan Stanley or any of its Affiliates and each applicable counterparty to such LB Master Agreement or each such applicable counterparty's Affiliates, or otherwise.

This notice shall be governed by and construed in accordance with the law of the State of New York.

Very truly yours,

MORGAN STANLEY CAPITAL SERVICES INC.

By: _____

Name: Charmaine Feana
Title: Authorized Signatory

cc:  *VIA COURIER*

Lehman Brothers Special Financing Inc.
c/o Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 40th Floor
New York, New York 10020
Attn: Derivatives Legal
Telecopier: 212-526-7672

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
Attention: Jacqueline Marcus

**Exhibit 1**
**Morgan Stanley Capital Services Inc.**

1.  Guarantee dated June 23, 1988 by Lehman Brothers Holdings Inc. in favor
    of Morgan Stanley in reference to the ISDA Master Agreement dated as of
    June 23, 1998 (as subsequently amended and together with any Schedules,
    Exhibits and Annexes thereto and Confirmations thereunder) between
    Morgan Stanley and Lehman Brothers Special Financing Inc. (the "LB
    Master Agreement")

**Exhibit 2**

**Termination Statement[1]**

---

[1] Please note that Exhibit B to Termination Statement includes only summary information and not detailed closeout values for each trade given the large numbers of trades. That level of detail has been provided to Lehman Brothers Special Financing Inc. and can be provided upon request.

# Morgan Stanley

June 3, 2009

*BY HAND DELIVERY*

TO:     Lehman Brothers Special Financing Inc.
        c/o Lehman Brothers Holdings Inc.
        1271 Sixth Avenue, 40th Floor
        New York, NY 10020
        Attention: Derivatives Legal
        Telecopier: 212-526-7672

RE:     ISDA Master Agreement dated as of June 23, 1988 (as subsequently amended or supplemented
        and together with any Schedules, Exhibits and Annexes thereto and Confirmations thereunder, the
        "MSCS ISDA") between Morgan Stanley Capital Services Inc. ("MSCS") and Lehman Brothers
        Special Financing Inc. (formerly known as Shearson Lehman Hutton Special Financing Inc.)
        ("Counterparty").

        ISDA Master Agreement dated as of January 18, 2000 (as subsequently amended or
        supplemented and together with any Schedules, Exhibits and Annexes thereto and Confirmations
        thereunder, the "MSIP ISDA") between Morgan Stanley & Co. International plc (formerly known
        as Morgan Stanley & Co. International Limited) ("MSIP") and Counterparty.

        ISDA Master Agreement dated as of January 8, 2007 (as subsequently amended or supplemented
        and together with any Schedules, Exhibits and Annexes thereto and Confirmations thereunder, the
        "MSCGI ISDA") between Morgan Stanley Capital Group Inc. ("MSCGI") and Counterparty

Ladies and Gentlemen:

A.   MSIP ISDA.

     Pursuant to a Notice of Event of Default under ISDA Master Agreement dated September 15,
2008, MSIP notified Counterparty that, as result of Counterparty's default under Section 5(a)(vii) of the
MSIP ISDA, it had exercised its rights under Section 6(a) thereof and designated September 15, 2008 as
the Early Termination Date under and as defined therein in respect of all outstanding Transactions under
such agreement. Capitalized terms used, but not otherwise defined, in this Part A and in Exhibit A hereto
have the respective meanings assigned thereto in the MSIP ISDA.

In accordance with the MSIP ISDA, MSIP has calculated the following amounts to be due and payable with respect to the MSIP ISDA:

| | MSIP Payable ( ) | MSIP Receivable/Credit |
|---|---|---|
| Net Close-out Amount payable by Counterparty pursuant to Section 6(e) of the MSIP ISDA | | $475,393,198.61 |
| Unpaid Amounts payable by Counterparty prior to and including Early Termination Date of September 15, 2008 (including interest on amounts payable by Counterparty at Default Rate from (and including) payment date to (but excluding) Early Termination Date of September 15, 2008) | | $1,763,143.31 |
| Unpaid Amounts payable by MSIP prior to and including Early Termination Date of September 15, 2008 (including interest on amounts payable by MSIP at MSIP funding rate from (and including) payment date to (but excluding) Early Termination Date of September 15, 2008) | ($2,127,494.80) | |
| Net Unpaid Amounts payable by MSIP | ($664,351.49) | |
| Early Termination Amount (total of net Close-out Amount and net Unpaid Amounts) payable by Counterparty | | $474,728,847.12 |
| Interest on Early Termination Amount payable by Counterparty at the Default Rate from (and including) Early Termination Date to (but excluding) the date hereof pursuant to Section 6(e) of the MSIP ISDA | | $13,604,509.14 |
| Value of collateral, including interest, posted to MSIP by Counterparty under the MSIP ISDA | ($145,786,190.38) | |
| Expenses payable by Counterparty to MSIP pursuant to Section 11 of the MSIP ISDA | | $42,362.00 |
| Net Amount payable by Counterparty to MSIP in respect of the MSIP ISDA | | $342,589,527.88 |

Further details supporting the calculations in this Section A are set forth in Exhibit A hereto.

B. MSCS ISDA.

Pursuant to a Notice of Event of Default under ISDA Master Agreement dated September 15, 2008, MSCS notified Counterparty that, as result of Counterparty's default under Section 5(a)(vii) of the MSCS ISDA, it had exercised its rights under Section 6(a) thereof and designated September 15, 2008 as the Early Termination Date under and as defined therein in respect of all outstanding Transactions under such agreement. Capitalized terms used, but not otherwise defined, in this Part B and in Exhibit B hereto have the respective meanings assigned thereto in the MSCS ISDA.

In accordance with the MSCS ISDA, MSCS has calculated the following amounts to be due and payable with respect to the MSCS ISDA.

| | MSCS Payable ( ) | MSCS Receivable Credit |
|---|---|---|
| Net Close-out Amount payable by Counterparty to MSCS pursuant to Section 6(e) of the MSCS ISDA | | $1,922,205,329.47 |
| Unpaid Amounts payable by Counterparty prior to and including Early Termination Date of September 15, 2008 (including interest on amounts payable by Counterparty at Default Rate from (and including) payment date to (but excluding) Early Termination Date of September 15, 2008) | | $299,331,326.79 |
| Other amounts payable by Counterparty for Transactions maturing prior to Early Termination Date but having settlements after Early Termination Date | | $36,443,788.79 |
| Unpaid Amounts payable by MSCS prior to and including Early Termination Date of September 15, 2008 (including interest on amounts payable by MSCS at MSCS funding rate from (and including) payment date to (but excluding) Early Termination Date of September 15, 2008) | ($310,525,729.58) | |
| Other amounts payable by MSCS for Transactions maturing prior to Early Termination Date but having settlements after Early Termination Date | ($36,082,633.93) | |
| Net Unpaid and Other Amounts payable by MSCS | ($10,833,247.93) | |
| Early Termination Amount (total of net Close-out Amount and net Unpaid and Other Amounts) payable by Counterparty | | $1,911,372,081.54 |
| Interest on Early Termination Amount payable by Counterparty at the Default Rate from (and including) Early Termination Date to (but excluding) the date hereof pursuant to Section 6(e) of the MSIP ISDA | | $54,774,945.28 |

| | | |
|---|---|---|
| Value of collateral, including interest, posted to MSCS by Counterparty under the MSCS ISDA | ($946,600,695.75) | |
| Expenses payable by Counterparty to MSCS pursuant to Section 11 of the MSCS ISDA | | $12,362.00 |
| Net amount payable by Counterparty to MSCS in respect of the MSCS ISDA | | $1,019,588,693.07 |

Further details supporting the calculations in this Section B are set forth in Exhibit B hereto.

C. MSCGI ISDA

Pursuant to a Notice of Event of Default under ISDA Master Agreement dated September 15, 2008, MSCGI notified Counterparty that, as result of Counterparty's default under Section 5(a)(vii) of the MSCGI ISDA, it had exercised its rights under Section 6(a) thereof and designated September 15, 2008 as the Early Termination Date under and as defined therein in respect of all outstanding Transactions under such agreement. Capitalized terms used, but not otherwise defined, in this Part C and in Exhibit C hereto have the respective meanings assigned thereto in the MSCGI ISDA.

In accordance with the MSCGI ISDA, MSCGI has calculated the following amounts to be due and payable with respect to the MSCGI ISDA:

| | MSCGI Payable ( ) | MSCGI Receivable / Credit |
|---|---|---|
| Close-out Amount (Early Termination Amount) payable by MSCGI to Counterparty pursuant to Section 6(e) of the ISDA | ($3,409,470.95) | |
| Interest owed on Early Termination Amount payable by MSCGI at MSCGI funding rate from (and including) the Early Termination Date to (but excluding) the date hereof pursuant to Section 6(e) of the MSCGI ISDA | ($72,373.03) | |
| Expenses payable by Counterparty pursuant to Section 11 of the MSCGI ISDA | | $42,362.00 |
| Net amount payable by MSCGI in respect of the MSCGI ISDA | ($3,439,481.98) | |

Further details supporting the calculations in this Section C are set forth in Exhibit C hereto.

D. Setoff

Pursuant to rights to setoff amounts under the MSCS ISDA and the MSCGI ISDA, and as otherwise provided under applicable law, the following net amount has been calculated to be due and payable:

| MSCGI Amount | MSCGI Payable ( ) | MSCGI Receivable |
|---|---|---|
| Net amount payable by MSCGI to Counterparty in respect of the MSCGI ISDA | ($3,439,481.98) | |

| MSCS Amount | MSCS Payable ( ) | MSCS Receivable |
|---|---|---|
| Net Amount payable by Counterparty to MSCS in respect of the MSCS ISDA | | $1,019,588,693.07 |

| Net MSCGI Payable after Set-off against the Net MSCS Amount | MSCGI Payable ( ) | MSCGI Receivable |
|---|---|---|
| Net Amount payable by MSCGI to Counterparty with respect to the ISDA after set-off of the MSCS Amount pursuant to Part 5(i)(1) of the Schedule to the MSCS ISDA | $0.00 | |

| Net MSCS Receivable after Set-off against the MSCGI Amount | MSCS Payable ( ) | MSCS Receivable |
|---|---|---|
| Net Amount payable by Counterparty to MSCS with respect to the ISDA after set-off of the MSCS Amount pursuant to Part 5(i)(1) of the Schedule to the MSCS ISDA | | $1,016,149,211.09 |

In addition, MSIP is owed a net amount payable of $342,589,527.88 by Counterparty in respect of the MSIP ISDA as set forth in Section A.

E. Contact For Payment Instruction.

In accordance with Sections A, B and C above, each of MSIP, MSCS and MSCGI requests that the Counterparty contact each of the parties listed below, pursuant to Section 6(d)(i) of the MSIP ISDA, MSCS ISDA or the MSCGI ISDA, as applicable, for details of the relevant account to which the amount set forth above is to be paid by the Counterparty.

For each of MSIP, MSCS and MSCGI:

Nancy Beleski
1585 Broadway, 3rd Floor
New York, New York 10036
Telephone: 212-761-3456
Facsimile: 212-507-3584

Christopher Bucchino
1585 Broadway, 3rd Floor
New York, New York 10036
Telephone: 212-761-2536
Facsimile: 212-507-1402

F. Miscellaneous.

Each of MSIP, MSCS and MSCGI is responsible solely for the lettered part of this statement relating to the agreement between it and Counterparty (and the corresponding attachments hereto) and shall have no responsibility for the lettered parts of this statement relating to agreements between the other entities and Counterparty (and the corresponding attachments hereto). This statement may be executed in any number of counterparts, and all the counterparts taken together shall be deemed to constitute one and the same instrument.

Without limiting the next paragraph, each of MSIP, MSCS and MSCGI reserves the right to make any and all claims that it may now have or may have in the future against the Counterparty, including without limitation additional claims for interest, attorney's fees and disbursements and other expenses arising or accruing on or after this date, and to offset the amount owed by each of MSIP, MSCS and MSCGI against such claims.

Each of MSIP, MSCS and MSCGI reserves its rights and remedies on behalf of itself and its affiliates (including with respect to set-off) provided at law, in equity or under the MSIP ISDA, the MSCS ISDA and the MSCGI ISDA, respectively, or any other agreement to which it is a party, or otherwise.

This notice shall be governed by and construed in accordance with the applicable law governing the MSIP ISDA, the MSCS ISDA or the MSCGI ISDA, as applicable.

Very truly yours,

[Signatures on the next page]

With respect to Section A, D, E and F only.
Morgan Stanley & Co. International plc

By: _____
Name:
Title:        Jason Pugh
              Authorised Signatory

With respect to Sections B, D, E and F only:
Morgan Stanley Capital Services Inc

By: _Charmaine Fearon_
Name:        Charmaine Fearon
Title:        Authorized Signatory

With respect to Sections C, D, E and F only:
Morgan Stanley Capital Group Inc.

By: _____

Name:   Deborah L. Hart

Title:   Vice President

CC:    Lehman Brothers Holdings Inc.
Attention: Corporate Counsel
1301 Avenue the Americas, 5th Floor
New York, NY 10022
Facsimile: (212) 526-7672

Lehman Brothers Holdings Inc.
745 Seventh Avenue
New York, NY 10019

Lehman Brothers Holdings Inc.
Attn: Locke R. McMurray
1271 Avenue of the Americas, 43rd Floor
New York, NY 10020

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
Attention: Jacqueline Marcus

Attachments

EXHIBIT B

# Morgan Stanley Capital Services Inc. ("MSCS")

LEHMAN BROTHERS SPECIAL FINANCING INC. ("LBSF")

Early Termination Amount & Related Calculations

in USD

June 2, 2009

| | MS Rec / (Pays) Total |
|---|---|
| **Derivative Transactions closed-out on Early Termination Date of Sept 15, 2008 by product type for Close-out Amount of each Terminated Transaction:** | |
| Interest rate swaps & options | 715,405,000.60 |
| ABS credit derivatives | 1,268,312,732.39 |
| Corporate credit derivatives | (222,786,464.06) |
| Municipal credit derivatives | 33,187,590.65 |
| Emerging market derivatives | 130,943,439.01 |
| Sovereign CDS | (2,856,969.12) |
| **Net Close-out Amount:** | **1,922,205,329.47** |
| | |
| Amounts payable by LBSF prior to and including Early Termination Date | 299,317,489.39 |
| Interest on amounts payable by LBSF at Default Rate from (and including) payment date up to (but excluding) Early Termination Date | 13,837.40 |
| Amounts payable by MSCS prior to and including Early Termination Date | (310,520,043.17) |
| Interest on amounts payable by MSCS at Non-default Rate from (and including) payment date up to (but excluding) Early Termination Date | (36,443,788.19) |
| Other amounts payable by LBSF for trades maturing prior to Early Termination Date but having settlements after Early Termination Date | 36,443,788.79 |
| Other amounts payable by MSCS for trades maturing prior to Early Termination Date but having settlements after Early Termination Date | (36,082,633.93) |
| **Net Unpaid and Other Amounts:** | **(10,833,247.93)** |
| | |
| **Early Termination Amount (total of net Close-out Amount and net Unpaid and Other Amounts):** | **1,911,372,081.54** |
| | |
| Accrued Interest on Early Termination Amount at Default Rate from (and including) Early Termination Date to (but excluding) the date hereof | 54,774,945.28 |
| **Total of Early Termination Amount and Interest:** | **1,966,147,026.82** |
| | |
| Cash collateral balance posted to MSCS by LBSF | 943,319,081.00 |
| Interest on cash collateral at USD Fed Funds Rate through but excluding the date hereof | 3,281,614.75 |
| **Total of cash collateral balance and Interest:** | **946,600,695.75** |
| | |
| **Subtotal net amount due to MSCS after Set-off of collateral:** | **1,019,546,331.07** |
| | |
| Legal Expenses[2] | 42,362.00 |
| | |
| **Total net amount due** | **1,019,588,693.07** |

**Notes:**

[1] Further detail regarding individual Transactions is set forth in Exhibit B (Schedule 1), a copy of which is enclosed on CD-ROM with this statement.

[2] See Section 11 of the ISDA.

**Exhibit 3**

**Morgan Stanley Capital Services Inc.**

**Amount Owed Under Guarantee[1]**

| | |
|---|---|
| Guarantee with respect to the ISDA Master Agreement dated as of June 23, 1998 between Morgan Stanley and Lehman Brothers Special Financing Special Inc. | $1,019,588,693.07[2] |

---

[1] The amounts in this Exhibit 3 may be increased or decreased in accordance with the terms of the LB Master Agreement and as further set forth in the Termination Statement. In addition, interest calculation is as of the date of the Termination Statement and interest continues to accrue in accordance with the terms of the Master Agreement.

[2] Gross sum of claim under the agreement without taking into account setoff.



HAND DELIVERY

RECEIVED BY          DATE          TIME