# Exhibit 1

**Settlement Agreement**

**EXECUTION VERSION**

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Settlement Agreement"), dated as of August 25, 2016, is entered into by and among Lehman Brothers Holdings Inc. ("LBHI"), for itself and as Plan Administrator; Structured Asset Securities Corporation ("SASCO"), through its Plan Administrator; and U.S. Bank National Association ("U.S. Bank"), individually and: (1) as the Indenture Trustee under the Indenture dated August 1, 2006 between the GreenPoint Mortgage Funding Trust 2006-HE1 (the "Trust") and the Indenture Trustee (the "Indenture") as stated and asserted in the claims made in Proofs of Claim Nos. 20586 and 20587; (2) in its capacity as the Custodian under the Custodial Agreement among the Trust, the Indenture Trustee and U.S. Bank as Custodian (the "Custodian"), dated August 1, 2006, as stated and asserted in the claims made in Proof of Claim No. 30872; and (3) in its capacity as stated and asserted in the claims made in Proof of Claim No. 27161, solely as it relates to the Trust (collectively, individually and in its capacities as Indenture Trustee, Custodian, and otherwise as stated in this paragraph, the "Indenture Trustee").  Each of LBHI, SASCO, and the Indenture Trustee may be referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, LBHI was the Seller and Sponsor for the GreenPoint Mortgage Funding Trust 2006-HE1 residential mortgage-backed securitization (the "2006-HE1 Securitization");

WHEREAS, SASCO was the Depositor for the 2006-HE1 Securitization;

WHEREAS, pursuant to the Indenture, among other things, the Trust issued the Class Ax Notes and the Class Ac Notes, as part of the 2006-HE1 Securitization;

WHEREAS, Syncora Guarantee, Inc. ("Syncora") (formerly known as XL Capital Assurance Inc.) issued an irrevocable financial guaranty insurance policy for the benefit of the

holders of the Class Ax Notes issued by the Trust (the "Ax Notes Policy") and is the

"Controlling Insurer" under the Indenture;

WHEREAS, CIFG Assurance North America, Inc. ("CIFG") (now known as Assured

Guaranty Corp. ("Assured"), the successor by merger to CIFG), issued an irrevocable financial

guaranty insurance policy for the benefit of the holders of the Class Ac Notes issued by the Trust

(the "Ac Notes Policy");

WHEREAS, pursuant to certain of the Operative Documents[1], SASCO deposited certain

loans originated by GreenPoint Mortgage Funding, Inc. ("GreenPoint") and Impac Funding

Corporation ("Impac") (collectively, the "Loans") into the Trust;

WHEREAS, on September 15, 2008, LBHI commenced a bankruptcy proceeding in the

United States Bankruptcy Court for the Southern District of New York styled *In re Lehman*

*Brothers Holdings, Inc.*, Chapter 11 Case No. 08-13555 (the "LBHI Bankruptcy Proceeding");

WHEREAS, on February 9, 2009, SASCO commenced a bankruptcy proceeding in the

United States Bankruptcy Court for the Southern District of New York styled *In re Structured*

*Asset Securities Corp.*, Chapter 11 Case No. 09-10558 (the "SASCO Bankruptcy Proceeding"

and, together with the LBHI Bankruptcy Proceeding and Chapter 11 Case Nos. 08-13600, 08-

---

[1]     For purposes of this Settlement Agreement, "Operative Documents" shall mean (i) the Flow Revolving Credit
Loan Purchase and Warranties Agreement between GMAC Mortgage Corporation ("GMAC") and
GreenPoint, dated as of September 26, 2005; (ii) the Flow Mortgage Loan Purchase and Warranties
Agreement between GMAC and GreenPoint, dated as of July 26, 2006; (iii) any purchase price and terms
letter concerning any of the Loans; (iv) the several Assignment, Assumption and Recognition Agreements
(each an "AAR") between GMAC, Lehman Bank, and GreenPoint, including, without limitation, those AARs
entered into as of July 28, 2006; (v) the Assignment and Assumption Agreement between Lehman Bank and
LBHI, dated as of August 1, 2006; (vi) the Assignment and Assumption Agreement between Aurora
Commercial Corp. (as successor in interest to Aurora Bank, FSB, formerly known as Lehman Bank) and
LBHI, dated as of May 11, 2015; (vii) the Mortgage Loan Sale and Assignment Agreement between LBHI
and SASCO, dated as of August 1, 2006 (the "MLSAA"); (viii) the Transfer and Servicing Agreement
between the Trust, SASCO, GMAC, and the Indenture Trustee, dated as of August 1, 2006 ("Transfer &
Servicing Agreement"); (ix) the Insurance and Indemnity Agreement between Syncora, LBHI, SASCO, the
Trust, GMAC, and the Indenture Trustee, dated as of August 28, 2006; (x) the Indenture; (xi) the Insurance
and Indemnity Agreement between Assured, LBHI and SASCO, dated as of August 21, 2006;and (xii) the
Custodial Agreement among the Trust, the Indenture Trustee and the Custodian, dated as of August 1, 2006.

13664, 08-13885, 08-13893, 08-13899, 08-13900, 08-13901, 08-13902, 08-13903, 08-13904, 08-13905, 08-13906, 08-13907, 09-10108, 09-10137, 09-10560, 09-12516, 09-17331, 09-17503, and 09-17505, the "Lehman Bankruptcy Proceedings");

WHEREAS, the Lehman Bankruptcy Proceedings are pending before the Honorable Shelley C. Chapman of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, U.S. Bank filed Proofs of Claim Nos. 20586 and 20587 (collectively, the "U.S. Bank Claims") in the Lehman Bankruptcy Proceedings on September 21, 2009, with respect to several trusts, and the U.S. Bank Claims include the claims of the Indenture Trustee relating to or arising out of the Trust (such claims, only as they relate to the Trust, the "2006-HE1 Claims");

WHEREAS, U.S. Bank filed Proofs of Claim Nos. 27161 and 30872 on behalf of numerous trusts (collectively, the "Additional U.S. Bank Claims") in the Lehman Bankruptcy Proceedings on September 22, 2009;

WHEREAS, the Additional U.S. Bank Claims assert claims pertaining to the Trust as well as certain other trusts (such Additional U.S. Bank Claims solely as they relate to the Trust are referred to herein as, the "Additional 2006-HE1 Claims");

WHEREAS, on December 29, 2014, the Bankruptcy Court entered an Order Establishing a Protocol to Resolve Claims Filed by the Trustees on Behalf of Certain Issuers of Residential Mortgage-Backed Securities, which sets forth a protocol for the review of certain mortgage loan files, the assertion of claims by the trustees of certain trusts, the responses of LBHI and SASCO to such claims, and a mechanism for resolving disputes regarding such claims (the "RMBS Protocol");

WHEREAS, on May 20, 2015, LBHI and SASCO commenced an adversary proceeding captioned *Lehman Brothers Holdings Inc. et al. v. U.S. Bank N.A. et al. (In re Lehman Brothers Holdings Inc. et al.)*, 15-AP-01112 (Bankr. S.D.N.Y.) (the "2015 Adversary Proceeding"), and filed an *Adversary Complaint And Further Objections Seeking (I) The Disallowance Of The Claims Of U.S. Bank, N.A., And Syncora Guarantee Inc.; (II) Subordination Of The Syncora Claim To The U.S. Bank Claim; (III) Estimation Of Those Claims At Zero Dollars For Reserve Purposes; (IV) An Injunction Staying A Related Third-Party Action; (V) A Declaration That The Assignment Of Certain Repurchase Rights Was Valid; And (VI) A Declaration That GreenPoint Mortgage Funding, Inc. Must Indemnify Lehman Brothers Holdings Inc. For Its Liability, If Any, To U.S. Bank And Syncora In Connection With The Claims* (the "Adversary Complaint");

WHEREAS, in the Adversary Complaint, LBHI and SASCO asserted causes of action seeking, among other things, to disallow the 2006-HE1 Claims and certain claims alleged by Syncora in Proof of Claim No. 66099 (the "Syncora Claim"), pursuant to 11 U.S.C. § 502; to estimate the 2006-HE1 Claims and Syncora Claim at zero dollars for reserve purposes pursuant to 11 U.S.C. § 502; to subordinate the Syncora Claim to the 2006-HE1 Claims pursuant to 11 U.S.C. § 509; and to compel the Indenture Trustee to prove the 2006-HE1 Claims on a loan-by-loan basis through the RMBS Protocol;

WHEREAS, the Indenture Trustee answered the Adversary Complaint and asserted certain affirmative defenses on November 4, 2015;

WHEREAS, on April 11, 2016, the Indenture Trustee made the *Submission of the Indenture Trustee Concerning Its Proofs of Claim Against Debtors Lehman Brothers Holdings Inc. and SASCO* (the "Indenture Trustee Submission"), in which it identified certain claims it contends it asserted in the 2006-HE1 Claims;

WHEREAS, on April 28, 2016, LBHI and SASCO filed in the Lehman Bankruptcy Proceedings *Debtors' Motion to (a) Disallow and Expunge Certain RMBS Claims and (b) Release Certain Related Claims Reserves*, in which they asked the Court to disallow, among other claims, the U.S. Bank Claims (the "Protocol Disallowance Motion");

WHEREAS, on June 27, 2016, the Bankruptcy Court entered an Order Granting Debtor's Motion to Disallow and Expunge Certain RMBS Claims and Release Certain Related Claims Reserves (the "Expungement Order");

WHEREAS, the U.S. Bank Claims were disallowed and expunged pursuant to the Expungement Order;

WHEREAS, on July 11, 2016, U.S. Bank, among others, filed a Notice of Appeal and Statement of Election regarding the Expungement Order (the "Notice of Appeal");

WHEREAS, LBHI, SASCO, and the Indenture Trustee have come to an agreement as to the resolution of their disputes, without any admission of liability and without conceding the validity or merit of any claims or defenses on the part of any Party;

WHEREAS, the Indenture Trustee is acting solely in the capacities identified in the preamble and in accordance with the applicable provisions of the Indenture; and

WHEREAS, the Indenture Trustee does not purport to have asserted in the U.S. Bank Claims or the Additional U.S. Bank Claims—and does not purport to be releasing—any claim that Syncora, Assured, or any holder of the Trust's Class Ac Notes, Class Ax Notes, Class B Certificates, Class L Certificates, or Class R Certificates may have against any of the Lehman Released Parties (defined below);

NOW, THEREFORE, for good and valuable consideration, including the consideration provided in Paragraph 3 below which is captioned State Court Action Cooperation, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to the following terms:

1.   <u>Mutual Releases</u>.

(a)   <u>Release of LBHI and SASCO by the Indenture Trustee</u>.   Upon the Effective Date, the Indenture Trustee, in its individual capacity, and in each capacity identified in the preamble to this Settlement Agreement ("<u>Releasor</u>"), hereby releases, waives, and forever discharges (i) LBHI, SASCO, and their respective current or former directors, officers, employees, managers, auditors, advisors (including financial advisors), legal counsel, representatives, and agents and (ii) the affiliates and subsidiaries of LBHI and/or SASCO, and their respective current or former directors, officers, employees, managers, auditors, advisors (including financial advisors), legal counsel, representatives, and agents (collectively, the "<u>Lehman Released Parties</u>") from any and all claims (as defined in section 101 of the Bankruptcy Code) arising out of or relating to the Trust or the 2006-HE1 Securitization, including but not limited to (i) any and all claims arising out of or relating to the matters alleged, or that could have been alleged, in the 2006-HE1 Claims, the Additional 2006-HE1 Claims, the Lehman Bankruptcy Proceedings, and/or the 2015 Adversary Proceeding and (ii) any and all claims against the Lehman Released Parties arising out of or relating to the Operative Documents or any Lehman Released Party's performance thereunder, in each case, solely to the extent they arise out of or relate to the Trust or the 2006-HE1 Securitization.   For the avoidance of doubt, and notwithstanding the forgoing, the Releasor in this paragraph is NOT RELEASING and DOES NOT RELEASE (i) GreenPoint, Impac, and/or any of their respective affiliates, parents, subsidiaries, predecessors, successors, divisions, subdivisions, departments, shareholders,

insurers, owners, members, partners, joint venturers, principals, creditors, attorneys, auditors,

advisors (including financial advisors), representatives, employees, managers, directors, officers,

and agents, and/or any other party (excluding the Lehman Released Parties) from any claims

relating to the origination and/or sale of the Loans, as that term is defined in the MLSAA, sold or

securitized by LBHI or SASCO in the 2006-HE1 Securitization, including those claims asserted

against GreenPoint in the action known as *U.S. Bank, N.A. v. GreenPoint Mortgage Funding,*

*Inc.*, No. 600352/2009 (Sup. Ct. N.Y. Cty.) (the "State Court Action"); (ii) GMAC, Ocwen Loan

Servicing, LLC, GreenPoint, Impac, and/or their successors, and any other entity that has or is

servicing the Loans (in each case excluding the Lehman Released Parties) from any and all

claims arising out of the servicing of the Loans held by the Trust, and any and all obligations of

any servicer or master servicer pertaining to the servicing of the Loans held by the Trust; (iii)

any repurchase and indemnity claim the Indenture Trustee or U.S. Bank may have against any

entity (including GreenPoint), other than the Lehman Released Parties; (iv) any party to any

Operative Document from any existing obligation under the Operative Documents to provide

and/or procure, as applicable, documents needed to cure document defects, provided, however,

that LBHI and SASCO shall have no obligation other than providing and/or procuring

documents needed to cure document defects and, irrespective of the terms of any of the

Operative Documents, including, without limitation, the Transfer & Servicing Agreement,

neither LBHI nor SASCO shall have any obligation to repurchase any Loan for any reason, and

any past, present, or future claim on behalf of the Indenture Trustee for monetary damages

against LBHI and/or SASCO based on the failure to cure document defects or repurchase any

Loan shall be included in the claims against the Lehman Released Parties released by the

Releasor in this paragraph, and further provided that nothing in this paragraph is intended to or

shall be interpreted to create new obligations on the part of any Party; and/or (v) any claim to enforce the terms of this Settlement Agreement.

(b)    Release of the Indenture Trustee by LBHI and SASCO.  Upon the Effective Date, LBHI and SASCO hereby release, waive, and forever discharge (i) the Indenture Trustee, individually, and in each capacity identified in the preamble to this Settlement Agreement, and its current or former directors, officers, employees, managers, auditors, advisors (including financial advisors), legal counsel, representatives, and agents and (ii) the Indenture Trustee's affiliates and subsidiaries, and their respective current or former directors, officers, employees, managers, auditors, advisors (including financial advisors), legal counsel, representatives, and agents (collectively, the "Indenture Trustee Released Parties") from any and all claims (as defined in section 101 of the Bankruptcy Code) arising out of or relating to the Trust or the 2006-HE1 Securitization, including but not limited to (i) any and all claims against the Indenture Trustee Released Parties arising out of or relating to the matters alleged, or that could have been alleged, in the 2006-HE1 Claims, the Additional 2006-HE1 Claims, the Lehman Bankruptcy Proceedings, and/or the 2015 Adversary Proceeding and (ii) any and all claims arising out of or relating to the Operative Documents or any Indenture Trustee Released Party's performance thereunder, in each case, solely to the extent they arise out of or relate to the Trust or the 2006-HE1 Securitization.  For the avoidance of doubt, LBHI and SASCO are not releasing and do not release the Indenture Trustee Released Parties from any claim to enforce the terms of this Settlement Agreement.

2.    No Waiver of Claims Against Non-Parties.  Nothing herein shall be construed as a waiver, release, or compromise of any Party's claims, demands, damages, actions, causes of action, or suits against GreenPoint, Impac, GMAC, or Ocwen, and/or any of their respective

current or former directors, officers, employees, managers, auditors, advisors (including financial advisors), legal counsel, representatives, agents, affiliates, subsidiaries, or any other party (excluding, in each case, the Lehman Released Parties and the Indenture Trustee Released Parties).

3.     <u>State Court Action Cooperation</u>.  Until the earlier of (i) entry of a final decree closing the Lehman Bankruptcy Proceedings or (ii) entry of a final, non-appealable order or judgment resolving all claims and counterclaims asserted in the State Court Action (the "<u>Cooperation Period</u>"), LBHI, SASCO, any bankruptcy trustee acting on behalf of LBHI or SASCO, and/or any other agents or successor entities of LBHI or SASCO shall reasonably cooperate with the Indenture Trustee, as plaintiff in the State Court Action, and its prosecution of its claims against GreenPoint and defense of the counterclaim(s) brought by GreenPoint in the State Court Action.  LBHI and SASCO agree and acknowledge that this cooperation with the Indenture Trustee is the consideration given to the Indenture Trustee in exchange for the Indenture Trustee agreeing to enter into this Settlement Agreement.  LBHI and SASCO's cooperation shall include, but not be limited to, accepting service of any nonparty discovery served by the Indenture Trustee in the State Court Action and making reasonable efforts to facilitate or provide access to witnesses, documents, and/or information as part of discovery or in preparation for trial or any hearing in the State Court Action.  Willkie Farr & Gallagher LLP, counsel for LBHI and SASCO, shall be authorized to accept and shall accept on their behalf any subpoena that is served by the Indenture Trustee in connection with the State Court Action and calls for either the production of documents by LBHI and/or SASCO or the production of a current LBHI or SASCO employee as a witness.  LBHI and SASCO also expressly reserve their right to object to any subpoena, document request, notice of deposition, or other discovery

request served by any party in the State Court Action for any reason. During the Cooperation

Period, LBHI and SASCO shall make a good-faith effort to make their respective current and

former employees available for depositions and/or for the signing of affidavits at the request of

the Indenture Trustee. Additionally, for the avoidance of doubt, the Indenture Trustee

acknowledges that certain witnesses it may seek access to or may seek to have produced as

witnesses may not be under the control of LBHI and SASCO and that LBHI and SASCO cannot

compel their production. Pursuant to the terms of an agreement between LBHI, SASCO and

Syncora dated August 25, 2016 (the "Syncora Agreement"), Syncora has agreed to reimburse

LBHI and SASCO for the actual, out-of-pocket costs and attorney's fees they incur in connection

with the cooperation outlined in this paragraph. To the extent Syncora fails to reimburse LBHI

and/or SASCO as required by Paragraph 4 of the Syncora Agreement, LBHI and SASCO shall

have a claim against Syncora for such costs and expenses that it may assert in any federal or state

court in New York. LBHI and SASCO shall have no obligation to cooperate with the Indenture

Trustee pursuant to this paragraph if Syncora fails to reimburse LBHI and/or SASCO, in

accordance with Paragraph 4 of the Syncora Agreement, within 90 days of the date on which

Syncora receives an invoice for the actual costs and attorney's fees LBHI and Syncora have

incurred in connection with the cooperation outlined in this paragraph.

     4.    Settlement Approval and Effective Date. After execution of this Settlement

Agreement by the Parties, LBHI and SASCO shall use their reasonable best efforts to promptly

obtain entry of an order of the Bankruptcy Court (substantially in the form of the proposed order

annexed hereto as Exhibit A) approving this Settlement Agreement (the "Bankruptcy Court

Order"). The Indenture Trustee shall use its reasonable best efforts to cooperate with and

support LBHI and SASCO's efforts to obtain entry of the Bankruptcy Court Order. If for any

reason a Bankruptcy Court Order is not entered by the Bankruptcy Court, this Settlement

Agreement is expressly not approved by the Bankruptcy Court, or the Bankruptcy Court Order is

vacated on appeal, this Settlement Agreement shall be deemed void *ab initio* and the Parties shall

return to the positions they held immediately prior to the execution of the Settlement Agreement.

This Settlement Agreement shall become effective automatically upon the date that the

Bankruptcy Court Order becomes final and non-appealable (the "Effective Date").

     5.    Dismissal of 2015 Adversary Proceeding.  Within seven (7) business days of the

Effective Date, LBHI and SASCO shall cause to be filed a dismissal with prejudice of the 2015

Adversary Proceeding as against the Indenture Trustee (in the form annexed hereto as Exhibit

B), except that LBHI and SASCO's causes of action against GreenPoint shall be dismissed

without prejudice (in the form annexed hereto as Exhibit C).

     6.    Withdrawal of the 2006-HE1 Claims and the Additional 2006-HE1 Claims.

Within seven (7) business days of the Effective Date, the Indenture Trustee shall withdraw the

2006-HE1 Claims and the Additional 2006-HE1 Claims.  The Indenture Trustee shall do so by

requesting (in the form annexed hereto as Exhibit D) that the claims agent in the Lehman

Bankruptcy Proceedings withdraw with prejudice the 2006-HE1 Claims and the Additional

2006-HE1 Claims.

     7.    Agreement Not to Appeal Expungement Order.  The Indenture Trustee shall

withdraw the Notice of Appeal of the Expungement Order to the extent it concerns the 2006-

HE1 Claims (in the form annexed hereto as Exhibit E).  The Indenture Trustee shall take no

further action to appeal the Expungement Order to the extent it concerns the 2006-HE1 Claims.

     8.    Rights and Obligations of Indenture Trustee.  The provisions of this Settlement

Agreement shall not affect the rights and obligations of the Indenture Trustee under the Indenture

and related governing documents, which shall apply to the Indenture Trustee's rights and

obligations under the Settlement Agreement.  Nothing in this Settlement Agreement shall be

construed to imply that the Indenture Trustee owes any greater duties under the Indenture and

other governing documents than it would otherwise owe under those agreements.

9.    <u>No Admission of Liability</u>.  This Settlement Agreement is not, and shall not

constitute, an express or implied admission of any fault; liability; guilt; wrongdoing;

noncompliance with any federal, state, or local law, statute, order, or regulation, including the

Bankruptcy Code; tortious act; breach of contract; or violation of the common law. The Parties

expressly deny any action or omission on their part that would give rise to damages to each

other. The Parties acknowledge that this Settlement Agreement is entered into to avoid the costs

and uncertainties of litigation and constitutes a full compromise and settlement of all Claims

released or identified herein.

10.    <u>Breach or Failure to Perform; Enforcement</u>.  The obligations of each of the Parties

hereunder are expressly conditioned upon the full and complete performance of the obligations

of the other Parties hereunder.  Should any Party fail to satisfy its obligations under this

Settlement Agreement, any other Party or third-party beneficiary shall, in its sole discretion, have

the option of taking action to enforce the terms of this Settlement Agreement.  Any Party that

successfully obtains a judgment in any action or proceeding to enforce this Settlement

Agreement shall be entitled to recover all costs of the suit, including actual attorney's fees and

court costs.

11.    <u>Governing Law</u>.  This Settlement Agreement and the rights and duties of the

Parties hereunder shall be governed by, construed, enforced, and performed in accordance with

the laws of the State of New York, without giving effect to any choice of law or conflict of law

provision or rule that would cause or require the application of the law of any other jurisdiction.

12.    <u>Severability</u>.  This Settlement Agreement is intended to be performed in

accordance with and only to the extent permitted by all applicable laws, ordinances, rules, and

regulations. If any provision of this Settlement Agreement is determined to be invalid, illegal, or

unenforceable, the remaining provisions of this Settlement Agreement shall remain in force.

13.    <u>Successors and Assigns</u>.  This Settlement Agreement shall be binding upon any

successors or assigns of LBHI, SASCO, or the Indenture Trustee.

14.    <u>Costs and Expenses</u>.  Each Party shall bear its own costs and expenses, including

attorney's fees, related to this Settlement Agreement, the Lehman Bankruptcy Proceedings, and

the 2015 Adversary Proceeding.

15.    <u>No Assignment of Claims</u>.  Each of the Parties  represents and warrants that, as of

the date of this Settlement Agreement, it is the only party which has any interest in any of the

Claims released by this Settlement Agreement, except that with respect to the Indenture Trustee,

the holders of Notes and Certificates and the insurers of the Notes may have an interest in the

Claims released hereby, and that none of the Claims released by this Settlement Agreement or

any part thereof has been assigned, hypothecated, granted, or transferred in any way by such

Party to any other party. Any assignment of Claims released hereby shall be subject to the terms

of this Settlement Agreement, and each of the Parties hereby agrees to cause its assignee of such

Claims, if any, to become obligated hereunder. Any purported assignment not in accordance with

this provision shall be null and void without further action.

16.    <u>Entire Agreement</u>.  This Settlement Agreement constitutes the entire agreement

between the Parties with respect to the subject matter hereof. This Settlement Agreement

supersedes, merges, and replaces all prior oral or written negotiations, offers, representations, and agreements with respect to the subject matter hereof. It is expressly understood and agreed that the Parties are not relying upon any agreements, understandings, representations, or warranties other than those expressly set forth herein. This Settlement Agreement may not be altered, amended, or otherwise modified in any respect except by a writing, duly executed by all of the Parties.

17.     <u>Continuing Jurisdiction of Bankruptcy Court</u>.  The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine any matters or disputes arising from or relating to this Settlement Agreement; provided, however, that if the Bankruptcy Court is unwilling or unable to hear any such matter or dispute, the courts of the state of New York located in New York County and the United States District Court for the Southern District of New York shall have sole jurisdiction over any and all matters or disputes between or among the Parties, whether in law or equity, arising out of or relating to this Settlement Agreement.

18.     <u>Understanding of Agreement</u>.  The Parties covenant, warrant, and represent that they (a) have carefully read this Settlement Agreement and know the contents thereof; and (b) thoroughly understand and consent to all provisions hereof.

19.     <u>Captions</u>.  Titles and captions contained in this Settlement Agreement are used for convenience or reference only and are not intended to and shall not in any way enlarge, define, limit, extend, or describe the rights or obligations of the Parties or affect the meaning or construction of this Settlement Agreement, or any provision hereof.

20.     <u>Construction</u>.  The Parties have had an equal opportunity to review and revise this Settlement Agreement and have participated equally in its drafting and revision.  The Parties agree that any rule of construction to the effect that any ambiguities in this Settlement

Agreement are to be resolved against the drafting party shall not be employed in the construction or interpretation of this Settlement Agreement.

21.    <u>Counterparts</u>.  Each Party may accept this Settlement Agreement by executing the applicable signature page and delivering an original or copy thereof to counsel for the other Parties subject to the Bankruptcy Court's entry of a final, non-appealable Bankruptcy Court Order.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Settlement Agreement.  All counterparts so executed shall constitute one Settlement Agreement binding on all of the Parties, notwithstanding that all of the Parties are not signatory to the same counterpart. A signed fax or .pdf of this Settlement Agreement shall be as effective and enforceable as a signed original.

22.    <u>Authority of Signatories</u>.  The respective signatories below acknowledge that they have read and fully understand the terms and conditions of this Settlement Agreement, and any required document attached hereto; that they have been afforded a reasonable opportunity to consider the terms and conditions of this Settlement Agreement; that they have been given an opportunity to consult with their respective counsel prior to executing this Settlement Agreement; that they are executing this Settlement Agreement voluntarily and understand that this Settlement Agreement contains a release of all Claims identified herein; and that each is fully authorized to enter into and execute this Settlement Agreement.

Dated: August 25, 2016

LEHMAN BROTHERS HOLDINGS, INC., individually
and as Plan Administrator

By: _____

Its: _MATT CANTOR   EVP LEGAL AFFAIRS_

Dated: August 25, 2016

STRUCTURED ASSET SECURITIES CORPORATION

By: Lehman Brothers Holdings, Inc., as Plan Administrator

By: _____

Its: _MATT CANTOR   EVP LEGAL AFFAIRS_

Dated: August 25, 2016

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE AND IN THE OTHER
CAPACITIES IDENTIFIED IN THE PREAMBLE

By: _____

Its: _____

Dated: August 25, 2016

LEHMAN BROTHERS HOLDINGS, INC., individually and as Plan Administrator

By: _____

Its: _____


Dated: August 25, 2016

STRUCTURED ASSET SECURITIES CORPORATION

By: Lehman Brothers Holdings, Inc., as Plan Administrator

By: _____

Its: _____


Dated: August 25, 2016

U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE AND IN THE OTHER CAPACITIES IDENTIFIED IN THE PREAMBLE

By: _____

Its: VICE PRESIDENT

- 16 -

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
                                 :

In re:                         :     Chapter 11 Case No.
                             :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (SCC)
                             :

               Debtors.     :     (Jointly Administered)
                             :

----------------------------------------------------------------------x
                             :

LEHMAN BROTHERS HOLDINGS INC. AND  :     Adv. No. 15-01112 (SCC)
STRUCTURED ASSET SECURITIES
CORPORATION,                 :
                             :

             Plaintiffs,     :

      - against -              :

U.S. BANK NATIONAL ASSOCIATION, AS  :
INDENTURE TRUSTEE FOR GREENPOINT
MORTGAGE FUNDING TRUST 2006-HE1,  :
SYNCORA GUARANTEE INC., AND
GREENPOINT MORTGAGE FUNDING, INC.,  :

            Defendants.    :
----------------------------------------------------------------------x

**[PROPOSED] ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE
APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG LEHMAN
BROTHERS HOLDINGS INC., STRUCTURED ASSET SECURITIES CORPORATION,
AND U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE AND IN
<u>CERTAIN OTHER CAPACITIES</u>**

        Upon the motion, dated August 26, 2016 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>" or the "<u>Plan Administrator</u>") as Plan Administrator under the *Modified*

*Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated*

*Debtors*, on behalf of itself and Structured Asset Securities Corporation ("<u>SASCO</u>"), pursuant to

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and section

105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for approval of the

settlement agreement dated as of August 25, 2016 (the "Settlement Agreement"), among LBHI,

SASCO, and U.S. Bank National Association ("U.S. Bank"), individually and in its capacities as

(1) the Indenture Trustee (the "Trustee") under the Indenture dated August 1, 2006 between the

GreenPoint Mortgage Funding Trust 2006-HE1 (the "Trust") and the Indenture Trustee (the

"Indenture") as stated and asserted in the claims made in Proofs of Claim Nos. 20586 and 20587;

(2) in its capacity as the Custodian under the Custodial Agreement among the Trust, the

Indenture Trustee and U.S. Bank as Custodian (the "Custodian"), dated as of August 1, 2006, as

stated and asserted in the claims made in Proof of Claim No. 30872; and (3) in its capacity as

stated and asserted in the claims made in Proof of Claim No. 27161, solely as it relates to the

Trust (collectively, in all capacities identified in this paragraph (including individually), the

"Indenture Trustee"), all as more fully described in the Motion; and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the Second Amended Order Pursuant To Section 105(a) Of The

Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And

Case Management Procedures, entered on June 17, 2010 [ECF No. 9635], to (i) the U.S. Trustee;

(ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United

States Attorney for the Southern District of New York; (v) the attorneys for Syncora Guarantee

Inc. ("Syncora"); (vi) the attorneys for the Indenture Trustee; (vii) the attorneys for GreenPoint;

and (viii) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no

other or further notice need be provided; and a hearing having been held to consider the relief
requested in the Motion; and the Indenture Trustee having provided reasonable notice to Assured
Guaranty Corp. (successor by merger to CIFG Assurance North America, Inc.) ("Assured"), and
each holder of any of the Trust's Class Ac Notes, Class Ax Notes, Class B Certificates, Class L
Certificates, and Class R Certificates (each a "Securityholder"); and the Court having found and
determined that the relief sought in the Motion is in the best interests of LBHI and SASCO, their
estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in
the Motion establish just cause for the relief granted herein; and after due deliberation and
sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is
approved; and it is further

ORDERED that, to the extent not already authorized, LBHI and SASCO, acting
through the Plan Administrator, are authorized to execute, deliver, implement and fully perform
any and all obligations, instruments, documents and papers and to take any and all actions
reasonably necessary or appropriate to consummate the Settlement Agreement and to perform
any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the
Indenture Trustee is authorized and directed to take such actions as it reasonably deems
necessary or appropriate to consummate the Settlement Agreement and to perform any and all
obligations contemplated therein, including without limitation to release the Lehman Released
Parties, withdraw the 2006-HE1 Claims and the Additional 2006-HE1 Claims and to withdraw

the Notice of Appeal of the Expungement Order to the extent it concerns the 2006-HE1 Claims, as provided for in the Settlement Agreement; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, SASCO, the Indenture Trustee, Syncora, Assured, and all current and future Securityholders, as well as any successor to any of the forgoing. The Plan Administrator, SASCO, the Indenture Trustee, Syncora, Assured, and all of their respective current and former officers, directors, shareholders, employees, managers, auditors, advisors (including financial advisors), representatives, agents, attorneys, successors, and assigns shall be and hereby are, fully exculpated and shall not have liability to each other or any current or future Securityholder arising out of, relating to, or in connection with the Motion, the Settlement Agreement or this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed, and except that nothing in the Settlement Agreement or this Order shall affect or abridge any rights, protections, and immunities of the Indenture Trustee under the Indenture and related Operative Agreements that are not affected by the Settlement Agreement; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
      New York, New York

                                    _____
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                            :
In re:                                                      :        **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :        **08-13555 (SCC)**
                                                            :
                    **Debtors.**                            :        **(Jointly Administered)**
                                                            :
--------------------------------------------------------------------x
                                                            :
**LEHMAN BROTHERS HOLDINGS INC. AND**                       :        **Adv. No. 15-01112 (SCC)**
**STRUCTURED ASSET SECURITIES**                             :
**CORPORATION,**                                            :
                                                            :
                    **Plaintiffs,**                         :
                                                            :
        **- against -**                                     :
                                                            :
**U.S. BANK NATIONAL ASSOCIATION, AS**                      :
**INDENTURE TRUSTEE FOR GREENPOINT**                        :
**MORTGAGE FUNDING TRUST 2006-HE1,**                        :
**SYNCORA GUARANTEE INC., AND**                             :
**GREENPOINT MORTGAGE FUNDING, INC.,**                      :
                                                            :
                    **Defendants.**                         :
--------------------------------------------------------------------x

<u>**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE**</u>

Plaintiffs Lehman Brothers Holdings Inc. and Structured Asset Securities Corporation

and Defendants U.S. Bank National Association, as Indenture Trustee for GreenPoint Mortgage

Funding Trust 2006-HE1 ("<u>Indenture Trustee</u>"), and Syncora Guarantee Inc. ("<u>Syncora</u>"), by

their undersigned counsel, hereby stipulate and agree that the above-captioned action, as against

Indenture Trustee and Syncora, be dismissed in its entirety and with prejudice, with each party to

bear its own costs, attorney fees, and expenses.

Dated: September ____, 2016

WILLKIE FARR & GALLAGHER LLP

By: /s/_____

    Todd G. Cosenza
    787 Seventh Avenue
    New York, New York 10019
    (212) 728-8000

    *Attorneys for Lehman Brothers
    Holdings Inc. and Structured Asset
    Securities Corporation*

KLEHR HARRISON HARVEY
BRANZBURG LLP

By: /s/_____

    Francis M. Correll, Esq. (*pro hac vice*)
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    (215) 569-2700

    *Attorneys for Syncora Guarantee Inc.*

NIXON PEABODY LLP

By: /s/_____

    Constance M Boland
    437 Madison Ave.
    New York, NY 10022
    Telephone: (212) 940-3000
    Facsimile: (212) 940-3111

    and

    Franklin H. Top, III
    CHAPMAN AND CUTLER LLP
    111 West Monroe St.
    Chicago, IL 60603
    Telephone: (312) 845-3000
    Facsimile: (312) 701-2361

    *Attorneys for U.S. Bank N.A., as Indenture
    Trustee for GreenPoint Mortgage Funding
    Trust 2006-HE1*

SO ORDERED THIS ___ DAY
OF SEPTEMBER _____, 2016

_____
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (SCC)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **LEHMAN BROTHERS HOLDINGS INC. AND STRUCTURED ASSET SECURITIES CORPORATION,** | : | **Adv. No. 15-01112 (SCC)** |
|  | : |  |
|  | : |  |
| **Plaintiffs,** | : |  |
|  | : |  |
| - against - | : |  |
|  | : |  |
| **U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST 2006-HE1, SYNCORA GUARANTEE INC., AND GREENPOINT MORTGAGE FUNDING, INC.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |

---------------------------------------------------------------------x

### <u>NOTICE OF VOLUNTARY DISMISSAL</u>

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Federal Rule of

Bankruptcy Procedure 7041, Plaintiffs Lehman Brothers Holdings, Inc. and Structured Asset

Securities Corporation hereby voluntarily dismiss their claims against Defendant GreenPoint

Mortgage Funding, Inc. ("<u>GreenPoint</u>") without prejudice.  GreenPoint has not filed an answer to

the Plaintiffs' claims, nor has it moved for summary judgment.

Dated: September ___, 2016

WILLKIE FARR & GALLAGHER LLP

By: /s/

Todd G. Cosenza
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Lehman Brothers
Holdings Inc. and Structured Asset
Securities Corporation*

# EXHIBIT D

[ ], 2016
HERB BAER
EPIQ BANKRUPTCY SOLUTIONS LLC
EMAIL: HBAER@EPIQSYSTEMS.COM

VIA EMAIL

Re:     In re Lehman Brothers Holdings Inc. et al., Case No. 08-13555 (JMP)
        Notice and Request for Partial Expungement of Claims

Dear Mr. Baer:

U.S. Bank National Association, in the capacities asserted in the proofs of claim listed on Schedule 1 (the "Indenture Trustee"), recently entered into a settlement agreement (the "Settlement") with the debtors appearing on Schedule 1 (the "Debtors") with respect to GreenPoint Mortgage Funding Trust 2006-HE1 (the "GreenPoint 2006-HE1 Trust").

Pursuant to the Settlement—approved by the Honorable Shelley C. Chapman of the United States Bankruptcy Court for the Southern District of New York in an order that was entered on September __, 2016, and became final and non-appealable on October __, 2016—the Indenture Trustee and the Debtors have agreed that the claims listed on Schedule 1 (the "Claims") filed by the Indenture Trustee against the Debtors in the above-referenced proceedings, certain of which are at issue in Adversary Proceeding No. 15-01112, are to be expunged from the claims register, to the extent, and only to the extent, that such claims relate to the GreenPoint 2006-HE1 Trust.  For the avoidance of doubt, except with respect to the GreenPoint 2006-HE1 Trust, the Claims are to remain on the claims register.

The Plan Administrator requests that you update the claims register to reflect that the Claims are expunged solely with respect to the GreenPoint 2006-HE1 Trust and not otherwise.

LEHMAN BROTHERS HOLDINGS INC., as Plan Administrator for the Debtor(s)

By:
Name:
Title:

U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee and Custodian

By:
Name:
Title:

SCHEDULE 1

| Claim No. | Creditor | Debtor |
|-----------|----------|--------|
| 20586 | U.S. Bank National Association | Structured Asset Securities Corporation |
| 20587 | U.S. Bank National Association | Lehman Brothers Holdings Inc. |
| 27161 | U.S. Bank National Association | Structured Asset Securities Corporation |
| 30872 | U.S. Bank National Association | Lehman Brothers Holdings Inc. |

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                        :
In re:                                                  :      **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :      **08-13555 (SCC)**
                                                        :
                        Debtors.                        :      **(Jointly Administered)**
                                                        :
---------------------------------------------------------------------x

### NOTICE OF PARTIAL WITHDRAWAL OF NOTICE OF APPEAL AND <u>STATEMENT OF ELECTION</u>

U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain

Mortgage-Backed Securities Trusts, including GreenPoint Mortgage Funding Trust 2006-HE1

(the "<u>Trust</u>"), hereby withdraws the Notice of Appeal and Statement of Election (ECF No.

53308) it filed in the above-captioned action on July 11, 2016, to the extent the Notice of Appeal

and Statement of Election concerns claims pertaining to the Trust, including, but not limited to,

those claims pertaining to the Trust asserted in Proofs of Claim Nos. 20586 and 20587.  For the

avoidance of doubt, U.S. Bank is not withdrawing the Notice of Appeal and Statement of

Election with respect to any other claims, whether asserted in Proofs of Claim Nos. 20586 or

20587 or otherwise.

Dated: September ___, 2016

CHAPMAN AND CUTLER LLP

By: <u>/s/</u>
    Franklin H. Top III (admitted *pro hac vice*)
    111 West Monroe Street
    Chicago, Illinois 60603
    (312) 845-3000

    *Attorneys for U.S. Bank National*
    *Association, solely in its capacity as*
    *Indenture Trustee for Certain Mortgage*
    *Backed Securities Trusts*