**Hearing Date and Time: March 29, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 28, 2016 at 12:00 p.m. (Noon) (Prevailing Eastern Time)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

Debtors.

Case No. 08-13555 (SCC)

# NOTICE OF STATUS REPORT OF THE RMBS TRUSTEES' WITH RESPECT TO COMPLIANCE WITH THE PROTOCOL AND MOTION TO EXTEND THE OVERALL CLAIM FILE CUT-OFF DATE FOR CERTAIN LOANS UNDER THE PROTOCOL ORDER

Franklin H. Top III (admitted *pro hac vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000

*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts*

M. William Munno
Daniel E. Guzmán
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1587

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts*

John C. Weitnauer (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000

*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

Richard C. Pedone (admitted *pro hac vice*)
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3085

*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

3955828.01.05.docx

**PLEASE TAKE NOTICE** that, on March 29, 2016, at 10:00 a.m. (Prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the Honorable Shelley C. Chapman at 10:00 a.m, in Courtroom 621, United States Bankruptcy Court, Alexander Custom House, One Bowling Green, New York, New York 10004 (the *"Hearing"*), the aforementioned RMBS Trustees for certain residential mortgage backed securitization transactions will move pursuant to that Status Report of the RMBS Trustees' with Respect to Compliance with the Protocol and Motion to Extend the Overall Claim File Cut-Off Date for Certain Loans under the Protocol Order (the *"Motion"*) for an order substantially in the form of the (Proposed) Order annexed hereto granting a two month extension, from March 31, 2016 to May 31, 2016, of the Overall Claim File Cut-Off Date (as defined in the Protocol Order) for reviewing loan files with respect to Remaining Covered Loans (as defined in the Motion) under that Order Establishing A Protocol To Resolve Claims Filed By Trustees On Behalf Of Certain Issuers Of Residential Mortgage-Backed Securities (ECF 47569) (the *"Protocol Order"* and the protocol established thereunder the *"Protocol"*), to enable the RMBS Trustees to complete Steps 0 and 1 of the Protocol for purposes of establishing their claims.

**PLEASE TAKE FURTHER NOTICE** that any objection or response to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (General Order M-399 can be found at http://www.nysb.uscourts.gov., the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (*"PDF"*), WordPerfect, or any other Windows-based word processing format; and (ii) a hardcopy of such objection or response shall be served in accordance with General Order M-399, upon (A) the chambers of the

- 2 -

Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (B) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Jacqueline Marcus, Esq., and Shai Y. Waisman, Esq.), attorneys for Debtors; (C) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and Andrea B. Schwartz, Esq.); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur F. Foster, Jr., Esq., Dennis C. O'Donnell, Esq., and Evan R. Fleck. Esq.), attorneys for the official committee of unsecured creditors; (E) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603 (Attn: Franklin H. Top III, Scott A. Lewis), attorneys for U.S. Bank National Association, as Trustee; (F) Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309 (Attn: John C. Weitnauer, Jason Solomon), attorneys for Wilmington Trust Company, as Trustee, and Wilmington Trust, National Association, as Trustee; (G) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004 (Attn: M. William Munno), attorneys for Law Debenture Trust Company of New York, as Trustee; (H) Nixon Peabody LLP, 437 Madison Avenue, New York, New York 10022 (Attn: Richard C. Pedone), attorneys for Deutsche Bank National Trust Company, as Trustee; (I) the attorneys for any other official committee(s) that may be appointed in these cases; and (H) any person or entity with a particularized interest in this Motion; and so as to be actually filed and received no later than March 28, 2016, at 12:00 p.m. (Noon) (Prevailing Eastern Time) (the *"Objection Deadline"*).

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

- 3 -

- 4 -

     **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York  
       March 24, 2016

Respectfully, submitted,

CHAPMAN AND CUTLER LLP

By: /s/ Franklin H. Top III  
    Franklin H. Top III  
    CHAPMAN AND CUTLER LLP  
    111 West Monroe Street  
    Chicago, Illinois 60603  
    Telephone: (312) 845-3000

    Attorneys for U.S Bank National  
    Association, as Trustee

**Hearing Date and Time: March 29, 2016 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 28, 2016 at 12:00 p.m. (Noon) (Prevailing Eastern Time)**

| | |
|---|---|
| Franklin H. Top III (admitted *pro hac vice*)<br>CHAPMAN AND CUTLER LLP<br>111 West Monroe Street<br>Chicago, Illinois 60603<br>Telephone: (312) 845-3000<br><br>*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts* | M. William Munno<br>Daniel E. Guzmán<br>SEWARD & KISSEL LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 574-1587<br><br>*Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts* |
| John C. Weitnauer (admitted *pro hac vice*)<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br><br>*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* | Richard C. Pedone (admitted *pro hac vice*)<br>NIXON PEABODY LLP<br>437 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 940-3085<br><br>*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Case No. 08-13555 (SCC) |

3960798.01.03.docx

**STATUS REPORT OF THE RMBS TRUSTEES' WITH RESPECT TO COMPLIANCE WITH THE PROTOCOL AND MOTION TO EXTEND THE OVERALL CLAIM FILE CUT-OFF DATE FOR CERTAIN LOANS UNDER THE PROTOCOL ORDER AND GRANT RELATED RELIEF**

The RMBS Trustees submit this Status Report on compliance with the Protocol.[1] They also move to extend the Overall Claim File Cut-Off Date under the Protocol Order to May 31, 2016 with respect to a limited category of loans defined herein (the *"Motion"*).[2][3] Nothing contained herein is intended to alter the rights of any of the parties in the adversary proceeding styled *Lehman Brothers Holdings Inc., et al. v. U.S. Bank National Association, as Trustee et al.*, Adversary Proceeding No. 15-01112-SCC pending in the United States Bankruptcy Court for the Southern District of New York (the "*Green Point Adversary*"), including any right to seek the application or contest the application of the Protocol to the loans which are the subject of the Green Point Adversary.

1. The purpose of this Status Report and Motion is to update the Court on the progress the RMBS Trustees have made under the Protocol, and to request a brief extension of time to (a) obtain and review a relatively small number of loan files that were not part of the original list of "Covered Loans" but which the RMBS Trustees recently discovered as a result of the Protocol process that may constitute Covered Loans, and (b) obtain and review certain Covered Loans with loan files that the RMBS Trustees understand the relevant servicer will

---

[1] The RMBS Trustees are U.S. Bank National Association, Law Debenture Trust Company of New York, Wilmington Trust Company, Wilmington Trust, National Association, and Deutsche Bank National Trust Company, not individually but solely in their respective capacities as trustees for certain RMBS trusts (each an *"RMBS Trustee"* and collectively the *"RMBS Trustees"*).

[2] *See Order Establishing A Protocol To Resolve Claims Filed By Trustees On Behalf Of Certain Issuers Of Residential Mortgage-Backed Securities* (ECF 47569) (the *"Protocol Order"* and the protocol approved thereby, the *"RMBS Claims Protocol"* or *"Protocol"*).

[3] All terms that are not defined herein shall have the definition set forth in the RMBS Claims Protocol. All data and numerical information contained in this Status Report is through February 29, 2016, unless otherwise noted, and relates solely to Covered Loans.

2

deliver shortly (the loans set forth in (a) and (b) above shall be referred to as the "*Remaining Covered Loans*"). The RMBS Trustees request an extension of the Overall Claim File Cut-Off Date to May 31, 2016 solely with respect to the Remaining Covered Loans, a schedule of which is annexed hereto as Exhibit A. Except with respect to the RMBS Claims submitted, or to be submitted, by March 31, 2016 (the existing Overall Claims Cut-Off Date), the RMBS Trustees will not submit any additional RMBS Claims (for Covered Loans or otherwise) under the Protocol other than RMBS Claims that they may determine to submit under the Protocol prior to the extended Overall Claims Cut-Off Date solely with respect to the Remaining Covered Loans. Further, as provided in Section III(d)(iii) of Exhibit A of the Protocol Order, any such RMBS Claims shall be deemed waived and released by the RMBS Trustees and disallowed and expunged upon entry of the order granting the Motion.

**BACKGROUND**

2.     Under the Protocol, the RMBS Trustees are to complete their review of both Aurora Loan Files and all Other Loan Files by March 31, 2016 (the *"Overall Claim File Cut-Off Date"*). The RMBS Trustees have met or exceeded loan file review milestones in the RMBS Claim Protocol. They have obtained and reviewed over 188,000 mortgage loan files through February 29, 2016. Out of an abundance of caution, however, the RMBS Trustees seek an additional two months within which to obtain and review the Remaining Covered Loans which fall into 2 distinct categories (a) mortgage loans that were not on the original list of Covered Loans but that the RMBS Trustees believe may constitute Covered Loans, and (b) certain Covered Loans with loan files that the RMBS Trustees understand the relevant servicer will deliver shortly. The Remaining Covered Loans that fall into these two categories are limited to the loans identified on Exhibit A hereto.

3

**I.    STATUS UNDER THE RMBS CLAIMS PROTOCOL THROUGH FEBRUARY 29, 2016**

3.    Through February 29, 2016, the RMBS Trustees have submitted to the Plan Administrator RMBS Claims arising from a loan-by-loan review of 188,374 loans. The RMBS Claims have been submitted on a rolling basis in twenty-four deliveries from March 17, 2015 through February 29, 2016. *See* Exhibit B. As reflected on Exhibit B, the RMBS Trustees met their initial milestone of reviewing 50,000 loans by June 30, 2015, and thereafter have reviewed at least 17,000 loans each month thereafter.

4.    The RMBS Trustees alleged through their Loan Review Firms and Duff & Phelps that 76,891 of these loans materially breached representations and warranties made by LBHI, materially and adversely affecting the value of the mortgage loans to the trusts and/or the interests of certificateholders. The RMBS Trustees submitted RMBS Claims regarding such loans to the Plan Administrator.

5.    Through February 29, 2016, the Plan Administrator responded to 52,450 RMBS Claims as follows:[4]

- 937 Approved Claim Files;
- 40,735 Rejected Claim Files;[5] and
- 10,598 files deemed by the Plan Administrator to have insufficient documentation for review.

6.    As of February 29, 2016, the RMBS Trustees have accepted the rejections of 618 Rejected Claim Files, and resubmitted 37,169 Rejected Claim Files to the Plan Administrator

---

[4]    The RMBS Trustees reserve their rights with respect to the responses of the Plan Administrator.

[5]    There were 180 Rejected Claim Files that were submitted as non-liquidated loans that have since liquidated with zero loss and thus these claims were rescinded.

4

with the RMBS Trustees' rebuttal. The RMBS Trustees are currently in the process of reviewing the remaining 2,948 Rejected Claim Files.[6]

> **A.  Collection of the Other Relevant Loan Files (Protocol Section I(e) or III(b)).**

7. The RMBS Trustees have continued their pursuit of all 213,639 loan files on the original list of Covered Loans from thirteen different servicers or their successors through e-mail and telephonic conversations with them and/or master servicers.[7] Thus far, the RMBS Trustees have obtained 205,687 of the 213,639 loan files. For various reasons, the RMBS Trustees have declined to pursue 6,760 of the outstanding loan files. Thus, the RMBS Trustees have received 99.4% of the relevant 213,639 loan files.

8. The RMBS Trustees have requested an additional 9,346 loan files from servicers that were not on the original list of the 213,639 Covered Loans because they believe these loans may constitute Covered Loans. To date, the RMBS Trustees have received 8,032 of these additional loan files.

9. In summary, 1,192 of the relevant loan files have not yet been delivered to the RMBS Trustees and 4,058 of the loan files that the RMBS Trustees have received are incomplete. In addition, 1,314 of the additional 9,346 which the RMBS Trustees have discovered may be Covered Loans remain outstanding. The RMBS Trustees are continuing to pursue from the servicers these loan files and those documents needed to complete the incomplete files, and such servicers have been generally cooperative.

---

[6] The RMBS Trustees have 20 days from the date of receipt of rejections to rebut the Plan Administrator's responses regarding the Rejected Claim Files.

[7] The loan servicers are Nationstar Mortgage LLC, Aurora Loan Services LLC, Ocwen Loan Servicing LLC, Citimortgage Inc., Wells Fargo, Chase, Select Portfolio Servicing, Bank of America, N.A., Colonial Savings, Midwest Loan Services, Inc., PHH Mortgage, Bank of Hawaii, and Washington Mutual.

5

      **(i)**      **Process upon Receipt of the Loan Files (Protocol Section III(b)).**

10. Upon receipt of loan files, Duff & Phelps notifies the Plan Administrator of their receipt in compliance with Section III(b)(i) of the Protocol, and distributes the loan files to a Loan Review Firm to review for completeness. The completeness data is submitted by the Loan Review Firms to Duff & Phelps, who aggregates the information and delivers a formal Notice of Completeness to the Plan Administrator as required by the Protocol in Section III (b)(ii) (the "*Notice of Completeness*"). The RMBS Trustees have determined that 4,058 of the loan files reviewed for completeness are incomplete for purposes of the RMBS Trustee's review, and therefore are not subject to immediate review under the Protocol pending efforts to obtain missing documents from the relevant servicer. The RMBS Trustees are working with the servicers to obtain such missing loan documents, and as noted, the servicers to date have been generally cooperative in this effort.

      **(ii)**      **Loan Files Not Yet Delivered from the Original list of Covered Loans**

11. As noted, 1,192 loan files have not yet been delivered by the servicers. The servicers have been cooperating to retrieve all of the requested loan files and missing documents. The RMBS Trustees, however, request additional time to receive these files.

    **B.**    **Review of Loan Files/Claim Submission (Protocol Section III(c)(i) and (ii))**

12. The RMBS Trustees have met each of the Protocol milestones for the review of loan files.

13. As requested by the Plan Administrator, the RMBS Trustees are submitting claims twice per month—generally mid-month and end of month. The dates of submissions are attached as Exhibit B (Protocol Section III(c)(ii)).

6

14. As of February 29, 2016, a total of 188,374 loan files have been reviewed.

    **(i)    Format of the Claims Submission (Protocol Section III (e) and Exhibit C)**

15. The RMBS Trustees have submitted claims in compliance with Section (III) (e) of the Protocol. The claims have been submitted on a loan-by-loan basis. As previously noted, the February 29, 2016 milestone was duly met, and each claim was submitted with an RMBS Claim File. The RMBS Trustees have submitted 76,891 RMBS Claims as of February 29, 2016.

16. In determining whether to assert a claim, the RMBS Trustees, through their advisors, determined (a) whether or not there was a defect with respect to a loan or loan file, (b) whether such defect related to a representation and warranty with respect to such loan file, (c) whether such defect or deficiency breached such representation or warranty, and (d) whether such breach had the requisite material and/or adverse affect on the value of the mortgage loan to the trust and/or the interests of certificateholders.

17. Each RMBS Claim contains (a) the materials received by the RMBS Trustees supporting the claim, (b) the alleged defect(s) in the loan file, (c) a statement of how the breach entitles the relevant Trustee to a claim, (d) a calculation of the damages claim with documents the RMBS Trustees believe to be relevant, and (e) the date of the discovery of the breach. The RMBS Claims have been submitted on a rolling basis along with a Claim Tracking Spreadsheet in form and substance similar to that attached to Exhibit C of the Protocol.

    **(ii)    Responses from the Plan Administrator (Protocol Section III(c)(iii) and Protocol Section IV).**

18. Under the RMBS Claims Protocol, once a claim is submitted, the Plan Administrator has 30 days to review a loan file for completeness. The Plan Administrator has submitted completeness reviews identifying loans that are purported to be missing documents.

7

    C.  **Servicing File Documents (Protocol Section IV)**

19.    As noted, the RMBS Trustees are pursuing certain servicing information and documents requested by the Plan Administrator as provided in the Protocol Order.

**II.**    **AS PART OF THE PROTOCOL PROCESS THE RMBS TRUSTEES HAVE IDENTIFIED OTHER LOANS WHICH MAY QUALIFY AS COVERED LOANS FOR PURPOSES OF THE PROTOCOL**

20.    In pursuing the Protocol, the RMBS Trustees continued to review the relevant transaction documents to confirm whether the list of Covered Loans was complete. The RMBS Trustees believe that a relatively small number of additional loans may qualify as loans for which the Debtors are primarily obligated for breaches of representations and warranties.

21.    The RMBS Trustees have requested that servicers provide an additional 9,346 mortgage loan files. This includes up to 3,511 loans that, while not originated by the Debtors, were deemed for purposes of the relevant agreements to be "Bank Originated Loans". This includes loans from American Home Mortgage (an entity which filed its own bankruptcy petition in the District of Delaware). The RMBS Trustees have identified other loans that appear to be Covered Loans.[8]

**III.**    **THE RMBS TRUSTEES ARE SEEKING A BRIEF EXTENSION OF THE OVERALL CLAIM FILE CUT-OFF DATE WITH RESPECT TO REMAINING COVERED LOANS**

22.    As set forth above, the RMBS Trustees have worked diligently to comply with the Protocol, meeting all of the milestones through February 29, 2016. The servicers of the loans have been cooperative in obtaining loan and servicing files with respect to more than 98% of the Covered Loan files to date. However, some loans remain outstanding according to the Debtor's

---

[8]    The representation and warranty section in the applicable mortgage loan sale agreement does not appear to have the provision excluding LBHI from liability if a third party originator was liable.

8

review.  The RMBS Trustees request an additional two months to ensure ample time to receive and review the Remaining Covered Loan files.

23. The deadlines – and the RMBS Trustees' ability to point to them with servicers – have proven to be instrumental in obtaining an unprecedented number of loan files.  But some loan files have proven more difficult to obtain.

24. At this juncture (and subject solely to the reservation of rights with respect to the loans in the Green Point Adversary), the RMBS Trustees are not seeking to make any additional requests to servicers for loan files for additional mortgage loans other than those that have already been made.  The two-month extension will not cause prejudice to the Debtors.  The Debtors are still reviewing the loan files the Trustees have submitted.  Thereafter, the Trustees and the Plan Administrator are required to meet and confer, and if not successful, begin the process of mediating the RMBS Claims.  The claims evaluation process will in no way hamper the parties' ability to meet and confer and mediate.

25. Finally, it is unlikely that the review of the remaining loan files will give rise to any "new" issues with respect to breaches of representations and warranties that have not already been identified in the process to date.[7]

WHEREFORE, the RMBS Trustees respectfully request a two month extension to May 31, 2016 of the Overall Claim File Cut-Off Date (as defined in the Protocol) to obtain and review solely the Remaining Covered Loans.

---

[7] **DISCLOSURE TO THIRD PARTIES.** *The RMBS Trustees, with input from their counsel and advisors, are reviewing Covered Loans for breaches of representations and warranties. The Debtors have the right to object to any claim submitted by the RMBS Trustees as provided in the RMBS Claims Protocol. While the RMBS Trustees have submitted claims, they make no representation or warranty that the Debtors will agree with the claims or that the claims will ultimately be recoverable against the Estate.*

9

Dated: March 24, 2016

        Respectfully Submitted,

**U.S. BANK NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

BY: /s/ Franklin H. Top III

**LAW DEBENTURE TRUST COMPANY OF NEW YORK, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

BY: /s/ M. William Munno

**WILMINGTON TRUST COMPANY AND WILMINGTON TRUST, NATIONAL ASSOCIATION, EACH SOLELY IN ITS CAPACITY AS TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

BY: /s/ John C. Weitnauer

**DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

BY: Richard C. Pedone

10