UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. |  |

**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER
FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST ALLEGED
MORTGAGE LOAN SELLERS PHH HOME LOANS, LLC; PHH HOME LOANS, LLC
D/B/A SUNBELT LENDING SERVICES, INC.; RMR FINANCIAL LLC;
AND AXIOM FINANCIAL LLC**

Upon the motion, dated May 29, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, for the establishment of alternative dispute resolution procedures for indemnification claims of the Debtors against mortgage loan sellers (the "Indemnification ADR Procedures") in the chapter 11 cases of LBHI and its affiliated debtors (collectively, the "Debtors"), all as more fully described in the Motion, it is,

**HEREBY FOUND AND DETERMINED that:**[2]

A.  The Court has jurisdiction to enter this Order as the matter has a close nexus to the chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6, 2011 (the "Confirmation Order"). Pursuant to Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan, the Court retained jurisdiction over the matter. Venue in this Court for the Motion is appropriate pursuant to 28 U.S.C. § 1408.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

B. Due and proper notice of the Motion has been provided in accordance with the procedures set forth in the Court's amended Order entered June 17, 2010, governing case management and administrative procedures [Docket No. 9635].

C. LBHI holds contractual claims for indemnification and/or reimbursement against approximately 3,000 counterparties (the "Sellers") involving more than 11,000 mortgage loans (collectively, "Loans" or, individually, a "Loan") by virtue of settlements between LBHI and the Federal National Mortgage Association [Docket No. 42153] and between LBHI and the Federal Home Loan Mortgage Corporation [Docket No. 42754] (the "Indemnification Claims") and, in particular, LBHI claims that it holds Indemnification Claims against PHH Home Loans, LLC, PHH Home Loans, LLC d/b/a Sunbelt Lending Services, Inc.; RMR Financial, LLC; and Axiom Financial LLC (together the "PHH Sellers" and individually, a "PHH Seller").

D. Certain common issues exist regarding the Indemnification Claims, including questions involving reimbursement and indemnification rights.

E. Substantial value may be recovered for the benefit of creditors and judicial efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can be achieved without the need for trial of adversary proceedings or other litigation.

F. Similar proceedings ordered in these and other complex chapter 11 cases have contributed to the effective administration of the proceedings and have reduced costs for all parties.

G. On February 3, 2016, LBHI filed a complaint against several Sellers (the "Adversary Complaint"), currently pending under adversary proceeding number 16-01019 (SCC) (the "Adversary Proceeding"). LBHI has advised the PHH Sellers that the Adversary Complaint asserts claims against the PHH Sellers relating to the following Loans: a loan identified by LBHI as "LESTER/-7328," a loan identified by LBHI as "ALEJOS/-1438," a loan identified by LBHI as

"MARTIN/-5334," a loan identified by LBHI as "O'NEAL/-2423," a loan identified by LBHI as "TOWNSEND/-4799" (collectively, the "Alleged PHH Loans").

H.    As of the date hereof, no case-management order has been proposed or entered in the Adversary Proceeding, and LBHI has extended the deadline for all defendants in the Adversary Proceeding to answer or otherwise respond to the Adversary Complaint.

**RELIEF**

The procedures described below are ORDERED to encourage effective communication, consultation, negotiation, and, when necessary, mediation procedures between the affected parties and to the extent appropriate, promote consensual recovery with respect to the Indemnification Claims.

1.    Standing Mediation Order.  All provisions of the General Order #M-452, adopted June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order") shall apply to the mediations to be conducted under this order.  To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

2.    Sellers.  To date, LBHI has identified approximately 3,000 Sellers including PHH Sellers, involving more than 11,000 mortgage loans against whom there is reasonable cause for LBHI to believe that it holds Indemnification Claims.  Through the Adversary Complaint, LBHI asserts that the Alleged PHH Loans are subject to Indemnification Claims.

3. <u>Indemnification ADR Disputes</u>.  LBHI will designate a dispute (an "<u>Indemnification ADR Dispute</u>") as to any Indemnification Claim relating to an Alleged PHH Loan by serving the following on a PHH Seller:

    a. A copy of this Order; and

    b. An Indemnification ADR Notice (as defined below) (collectively, the "<u>Indemnification ADR Package</u>").

For purposes of the Indemnification ADR Procedures, service on or notice to a PHH Seller shall be deemed adequate if such service or notice is provided to PHH Sellers' counsel and a business person (if known) by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

4. <u>Settlement of Disputes During the Indemnification ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Indemnification ADR Dispute at any time before, during, or following the designation of an Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

5. <u>Pre-Mediation Stage Confidentiality</u>.  All discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined herein) shall remain confidential and privileged in accordance with Paragraph 13 of this Order and shall not be discoverable or admissible as evidence in any subsequent litigation of the Indemnification ADR Dispute or elsewhere, except as provided by further order of this Court.

6. <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order applicable to a particular Indemnification ADR Dispute or a particular PHH Seller, after service of an Indemnification ADR Package on a PHH Seller:

      a.      Compliance with the Indemnification ADR Procedures in this Order is mandatory in the specified Indemnification ADR Disputes for both LBHI and the PHH Seller; and

      b.      No party is required to settle or compromise any dispute or enter into a particular settlement or compromise. However, once LBHI serves an Indemnification ADR Package upon a PHH Seller, the PHH Seller must serve the required responses. LBHI and the PHH Seller must also engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Indemnification ADR Procedures specified below for all Indemnification ADR Disputes covered by such notice.

      7.      <u>No Substitute for Adversary Proceeding or Lawsuit</u>: The Indemnification ADR Procedures are not intended and shall not be utilized as a substitute for LBHI's assertion of claims or causes of action, if any, against a PHH Seller through the Adversary Proceeding or other litigation in a court of competent jurisdiction. The PHH Sellers retain any and all rights, defenses, and arguments to oppose such litigation. Specifically, and without limitation, notwithstanding any other provision of this Order, the PHH Sellers reserve the right to oppose this Court's or any other court's exercise of subject matter jurisdiction, personal jurisdiction, and juridical authority. To the extent that any case-management order relating to the PHH Sellers in the Adversary Proceeding is entered in the future, and such case-management order conflicts with this Order in any manner, LBHI and the PHH Sellers shall confer and may submit a further proposed order remedying the conflict; if the parties cannot resolve the conflict, LBHI shall list the matter as a status conference in the agenda for the next available omnibus hearing at which counsel for the PHH Sellers and LBHI are available, and the Court will resolve the conflict.

**NOTICE/RESPONSE STAGE**

8. <u>Notice/Response</u>.  The initial stage of the Indemnification ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve an Indemnification ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The Notice/Response Stage shall include:

   a.  <u>Indemnification ADR Notice</u>.  LBHI shall serve upon a PHH Seller a notice containing sufficient information regarding the Indemnification ADR Dispute to make the PHH Seller aware of the nature of LBHI's affirmative claim on a loan-by-loan basis and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise (an "<u>Indemnification ADR Notice</u>").  The Indemnification ADR Notice shall include, at a minimum, for all Alleged PHH Loans: (i) the name and address of the borrower; (ii) the date and amount of the Alleged PHH Loan; (ii) the address of the property which serves as collateral for the repayment of each Alleged PHH Loan; and (iv) access to a copy of each agreement by which the PHH Seller allegedly sold or transferred an Alleged PHH Loan.

   b.  <u>Sellers's Response to Notice</u>.  The PHH Sellers must respond to the Indemnification ADR Notice in writing through a "Statement of Position" within thirty (30) calendar days from the date of service of the Notice.  The response options available to a PHH Seller are as follows (the "<u>Responses</u>"):

   i.  <u>Agreeing to Settle the Demand</u>.  If a PHH Seller agrees to settle the demand in the Indemnification ADR Notice, the PHH Seller shall state in writing

        that the offer of settlement in the Indemnification ADR Notice is accepted. The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, LBHI shall dismiss any applicable claims in a lawsuit or adversary proceeding (including the Adversary Proceeding) with prejudice upon execution of the release and receipt of the settlement payment; or

    ii. <u>Denying the Demand</u>. A PHH Seller may decline to settle for the amount stated in the demand in the Indemnification ADR Notice, in which case the PHH Seller must include a brief explanation in the Response to the Indemnification ADR Notice setting forth the reason(s) for such denial. In addition, the PHH Seller may provide a counteroffer to the demand in the Indemnification ADR Notice, in which case the PHH Seller must include a brief explanation setting forth the reason(s) for such counteroffer.

c. <u>Failure to Respond</u>. Failure to provide a timely Response to the Indemnification ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option of LBHI, in an application to the Court for Sanctions as set forth below, including fees and costs, termination of the mediation and, at LBHI's discretion, institution of an action against the PHH Seller, or immediate entry into the mediation stage. This paragraph is without prejudice to any PHH Sellers' rights to oppose such application. A PHH Seller may request more information from LBHI in response to the Statement of Position if, in good faith, it is unable to respond to some or all of the Statement of Position, and such good faith request for more information shall not be deemed a "failure to respond," provided, however, said PHH Seller shall be

required to timely respond to that portion of the Statement of Position for which it has the needed information and shall respond to the remainder within seven (7) calendar days after receipt of responsive information from LBHI.

    d.    <u>Reply to Response</u>.  LBHI shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Indemnification ADR Notice, in which LBHI may (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information or briefing in support of its demands in the Indemnification ADR Dispute, or (iv) reject any counteroffer in which case the Indemnification ADR Dispute will automatically proceed to the Mediation Stage. If LBHI fails to respond within this period, the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.

    9.    <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either LBHI or a PHH Seller may request an initial telephonic settlement conference by written request, to be held within five (5) calendar days.  Within two (2) calendar days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this Paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or

series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10. <u>Mediation</u>. Indemnification ADR Disputes that are not resolved through the Notice/Response Stage will proceed to non-binding mediation (the "<u>Mediation Stage</u>").

   a. <u>Initializing Mediation</u>. LBHI and the PHH Seller together shall contact the mediator to schedule the initial mediation date.

   b. <u>Powers of Mediator</u>. The mediator shall have the broadest possible discretion consistent with the Standing Order.

   c. <u>Choice of Mediator</u>.

   (i) Melanie L. Cyganowski,

   (ii) Eric Haber, and

   (iii) Martin G. Bunin

   are APPOINTED as the mediators (the "<u>Proposed Mediators</u>") for Indemnification ADR Disputes involving the PHH Sellers reaching the Mediation Stage. If none of the Proposed Mediators are available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by LBHI and the PHH Sellers from the list attached as Schedule A to LBHI's motion. Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by LBHI and PHH Seller participating in the applicable Indemnification ADR Dispute or Disputes. If the parties cannot agree upon an alternative mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the Court shall appoint one or more mediators.

    d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York.

    e.    <u>Mediation Materials</u>.  LBHI shall submit to the mediator the (i) Indemnification ADR Package, (ii) Statement of Position, (iii) the Reply, if any, and (iv) any other materials exchanged by the parties reflecting the parties' relative positions ("<u>Mediation Materials</u>").  No additional papers shall be submitted to the mediator unless so requested by the mediator.  All mediation materials will be delivered at least ten (10) days prior to the scheduled mediation proceeding and will not be filed with the Court.

    f.    <u>Appearance at Mediations</u>.  All participants in the mediation for the applicable Indemnification ADR Dispute must appear in person at the designated mediation location, which shall be the location set forth above unless otherwise agreed to by the parties, with a business principal who has settlement authority. Counsel may also be present and participate.

## **OTHER PROVISIONS**

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of LBHI and the PHH Seller or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  LBHI and each PHH Seller must participate in good faith with these Indemnification ADR Procedures with regard to the ADR Disputes specified in the applicable Indemnification ADR Notice.  If, after notice and a hearing, the Court determines that LBHI or the PHH Seller have not complied with the Indemnification ADR Procedures in good faith in connection with any Indemnification ADR Dispute, LBHI or the PHH Seller may be subject to

such sanctions as the Court deems appropriate (the "Sanctions"). If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the mediation procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions. Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions shall include, but are not limited to:

    a.    Against LBHI: (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) termination of the Indemnification ADR Procedures as to one or more Indemnification Claims; and/or (iii) rejection of some or all claims asserted by LBHI in the applicable Indemnification ADR Dispute.

    b.    Against PHH Sellers: (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) immediate initiation of the mediation stage, provided the matter has not yet reached that point; and/or (iv) termination of the mediation with the right for LBHI to elect to commence an action against a defaulting PHH Seller.

    13.    Confidentiality. The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order. No statements or arguments made or positions taken by the mediator, LBHI, or PHH Seller during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party. Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving is such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible. In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided,

however, the mediator may report to the Court the status of the mediation efforts but shall not disclose the content thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Indemnification ADR Procedures including Settlement Conferences and the Mediation Stage.

14.    <u>Removal</u>.  If a PHH Seller has commenced any action or proceeding in any other court or forum, or commences any other action or proceeding in any other court or forum following service upon it of an Indemnification ADR Package, LBHI may seek to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect LBHI's creditors, despite the incomplete status of the steps prescribed under the Indemnification ADR Procedures.  This paragraph is without prejudice to the PHH Sellers' rights to oppose such removal.

17.    <u>No Waiver of Defenses</u>.  The parties' participation in the Indemnification ADR Procedures set forth herein, including the Notice/Response Stage and the Mediation Stage, shall not cause either LBHI or any individual PHH Seller to waive or release any claims, defenses, or remedies that the individual parties would otherwise hold, except to the extent that the parties enter into a settlement providing for the consensual waiver or release of claims, defenses, and/or remedies.  Specifically, and without limitation, the consent by the PHH Sellers to participate in the ADR process does not constitute a waiver of any rights or defenses under any agreement by which any Alleged PHH Loan was sold, transferred, or assigned by a PHH Seller, and does not constitute a waiver of any rights or defenses in connection with the Adversary Proceeding.  Nothing contained herein, however, shall prevent a PHH Seller from asserting, and LBHI from contesting, in any respect to an Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute a right to assert valid and enforceable setoff rights with respect to

LBHI's claim of an Indemnification Claim or any other valid defense to a LBHI demand thereunder.

18. <u>Jury Trials Unaffected</u>.  Participation in the Indemnification ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

19. <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own costs and counsel fees in connection with Mediation, and LBHI shall pay the reasonable fees and costs charged by the Mediator.

20. For the avoidance of doubt, notwithstanding the foregoing, this Order shall only apply to the Indemnification ADR Procedures between LBHI and the PHH Seller and has no impact on the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, dated June 24, 2014 [Docket No. 44846].

**SO ORDERED:**

September 14, 2016
New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE