UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

| | : | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. AND STRUCTURED ASSET SECURITIES CORPORATION, | : : : : | Adv. No. 15-01112 (SCC) |
| Plaintiffs, | : : | |
| - against - | : : | |
| U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST 2006-HE1, SYNCORA GUARANTEE INC., AND GREENPOINT MORTGAGE FUNDING, INC., | : : : : : : | |
| Defendants. | : | |

---------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG LEHMAN BROTHERS HOLDINGS INC., STRUCTURED ASSET SECURITIES CORPORATION, AND U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE AND IN CERTAIN OTHER CAPACITIES**

Upon the motion, dated August 26, 2016 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Structured Asset Securities Corporation ("SASCO"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for approval of the

settlement agreement dated as of August 25, 2016 (the "Settlement Agreement"), among LBHI, SASCO, and U.S. Bank National Association ("U.S. Bank"), individually and in its capacities as (1) the Indenture Trustee (the "Trustee") under the Indenture dated August 1, 2006 between the GreenPoint Mortgage Funding Trust 2006-HE1 (the "Trust") and the Indenture Trustee (the "Indenture") as stated and asserted in the claims made in Proofs of Claim Nos. 20586 and 20587; (2) in its capacity as the Custodian under the Custodial Agreement among the Trust, the Indenture Trustee and U.S. Bank as Custodian (the "Custodian"), dated as of August 1, 2006, as stated and asserted in the claims made in Proof of Claim No. 30872; and (3) in its capacity as stated and asserted in the claims made in Proof of Claim No. 27161, solely as it relates to the Trust (collectively, in all capacities identified in this paragraph (including individually), the "Indenture Trustee"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the Second Amended Order Pursuant To Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And Case Management Procedures, entered on June 17, 2010 [ECF No. 9635], to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for Syncora Guarantee Inc. ("Syncora"); (vi) the attorneys for the Indenture Trustee; (vii) the attorneys for GreenPoint; and (viii) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no

other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Indenture Trustee having provided reasonable notice to Assured Guaranty Corp. (successor by merger to CIFG Assurance North America, Inc.) ("Assured"), and each holder of any of the Trust's Class Ac Notes, Class Ax Notes, Class B Certificates, Class L Certificates, and Class R Certificates (each a "Securityholder"); and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and SASCO, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that, to the extent not already authorized, LBHI and SASCO, acting through the Plan Administrator, are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Indenture Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein, including without limitation to release the Lehman Released Parties, withdraw the 2006-HE1 Claims and the Additional 2006-HE1 Claims and to withdraw

the Notice of Appeal of the Expungement Order to the extent it concerns the 2006-HE1 Claims, as provided for in the Settlement Agreement; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, SASCO, the Indenture Trustee, Syncora, Assured, and all current and future Securityholders, as well as any successor to any of the forgoing. The Plan Administrator, SASCO, the Indenture Trustee, Syncora, Assured, and all of their respective current and former officers, directors, shareholders, employees, managers, auditors, advisors (including financial advisors), representatives, agents, attorneys, successors, and assigns shall be and hereby are, fully exculpated and shall not have liability to each other or any current or future Securityholder arising out of, relating to, or in connection with the Motion, the Settlement Agreement or this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed, and except that nothing in the Settlement Agreement or this Order shall affect or abridge any rights, protections, and immunities of the Indenture Trustee under the Indenture and related Operative Agreements that are not affected by the Settlement Agreement; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 20, 2016
      New York, New York

                                 /S/ Shelley C. Chapman
                                 HONORABLE SHELLEY C. CHAPMAN
                                 UNITED STATES BANKRUPTCY JUDGE