IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Form 210A**

United States Bankruptcy Court

**SOUTHERN DISTRICT OF NEW YORK**

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS     Case No. 08-13555 (JMP) JOINTLY ADMINISTERED

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee<br>CA-Indosuez Wealth (Europe)<br><br>Name and Address where notices to transferee should be sent:<br>**39 Allée Scheffer**<br>**2520 Luxembourg**<br>**LUXEMBOURG**<br><br>Attn. Jérome Da Costa<br><br>E-mail: jerome,dacosta@ca-indosuez.lu<br><br>Phone: +352 24 57 51 76<br><br>Last Four Digits of Acct #: N/A | Name of Transferor<br>**BANCA AKROS SPA**<br>Court Claim # 56041<br>Amount of Claim: $ 25.885.801.92<br>Date Claim Filed: 29/10/2009<br>Allowed Claim transferred: $ 138153,32<br><br>Via Eginardo 29<br>20149 Milano, Italy<br><br>**Attn. Sandro Baccaini**<br>**Email: sandro.baccaini@bancaakros.it**<br>Phone: +39 02 4344 4007 |
|---|---|

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

**23 September 2016**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S C. §1152 & 3571.

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

SEP 3 0 2016

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Banca Akros S.p.A. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CA- Indosuez Wealth (Europe) Succursale Italia** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Numbers **56041** as specified in Schedule 1 hereto filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of July 4th, 2012 the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the

books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any prior seller on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any prior seller on and after the Trade Date, or (ii) the Seller shall pay such amounts received by seller or any prior seller on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14 jenuary 2015.

**BUYER**
**CA - INDOSUEZ WEALTH (EUROPE)**
**Succursale Italia**

By: _____
Name: Jerome Da Costa
Title: Operation manager

Address:
Allée Scheffer 39
2520 LUXEMBURG
LUXEMBOURG

**SELLER**
Banca Akros S.p.A

By: _____
Name: Mr Sandro Baccaini
Title: Nominee

Address:
Via Eginardo, 29
20149 Milan
ITALY

3

## Schedule 1

### Transferred Claims

Purchased Claims

**2,208788654**% of XS0283497005 as described in the Proof Claim n° 56041, which relates to an allowed amount of USD 6.254.709,83 of isin XS0283497005.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Maturity | Notional Amount in EUR | Notional Amount in USD | Accrued Ammount EUR | Accrued Ammount USD | Allowed Ammount USD |
|---|---|---|---|---|---|---|---|---|---|
| LEHMAN BROS TSY 01/31/2017 | XS0283497005 | LEHMAN B. TRASURY BV | Lehman B. Holding Inc. | 01/31/2017 | 95000 | 134434,50 | 2627,95644 | 3718,821159 | 138153,32 |

*\* Amounts due in EUR have been converted to USD Dollars using the exchange reference rate published by the European Central Bank / Bloomberg for September 15, 2008- 1 EUR = 1.4151 USD*



4



UNITED STATES BANKRUPTCY COURT
Southern District of New York
One Bowling Green
NEW YORK, NY 10004 - 1408

Luxembourg, the 29th September 2016

Concern : transfer of claim for Lehman Brothers

Dear all,

Please find in attachment the agreement and evidence of transfer of claim Lehman program security signed.

Best regards.

Sylvianne MERNIER
CA-Indosuez Wealth (Europe)

e-mail sylviane.mernier@ca-indosuez.lu
Tel : +352 24 67 32 29
Fax : +352 24 67 83 14



CA Indosuez Wealth (Europe) - société anonyme

39, Allée Scheffer            T +352 24 67 1
L-2520 Luxembourg             F +352 24 67 8000
Adresse postale BP 1104       Adr. Swift AGRILULA
L-1011 Luxembourg             R.C.S. Luxembourg B91986

www.ca-indosuez.com

CRÉDIT AGRICOLE GROUP