Honorable Shelley C. Chapman
United States Bankruptcy Judge
One Bowling Green
**Courtroom: 623**
New York, NY 10004-1408

RE:
Chapter 11

Case No 98-13555(SCC)

MOTION TO CHANGE VENUE/TRANSFER CASE
MOTION TO DISMISS/STATUTE OF LIMITATIONS
Memorandum

RECEIVED
OCT - 6 2016
U.S. BANKRUPTCY COURT, SDNY

October 3, 2016

Dear Honorable Judge Chapman,

I have enclosed Motions, MOTION TO DISMISS FOR SUMMARY JUDGMENT/STATUTE OF LIMITATIONS and MOTION FOR CHANGE OF VENUE/TRANSFER OF CASE.

**Motion Change Venue/Transfer of Case**

Background

Las Olas Mortgage Center, Inc (LOMCI). was a Florida Corporation, (dissolved 9/14/2007) licensed in Florida and conducted all business in Florida. The properties in the complaint of Lehman Brothers Holdings, Inc. (LBHI) are located in Florida, Fort Lauderdale to be exact, of which LBHI was well aware.

LOMCI is a very small mortgage company, two officers; Elizabeth and Donald were the officers. Mortgage origination was conducted by an independent contractor and processing by an independent processing company. In short LOMCI had no employees and was not what you would call a "Big Hitter" in the mortgage business. I, Donald was the broker of record, I have lived in Florida since 1972, at the time of LOMCI operation I lived in Fort Lauderdale, Florida as did Elizabeth.

Our company was established because we were both realtors, the Real Estate Broker we worked for wanted to offer full service to his customers therefore he requested we place our small company in his offices at 945 E. Las Olas Boulevard, Fort Lauderdale, Fl 33301. Galleria Collection of Fine Homes was the premier Real Estate office in Fort Lauderdale at the time and business was booming. Few of the mortgages for this business were written by LOMCI but providers chosen by the Real Estate Agents themselves. At one time before

the real estate bust this was almost a one billion dollar business. LOMCI was located in the office but did almost no mortgage work for the Galleria Collection of Fine Homes.

LOMCI maintained approximately 10 x 10 office space of this two story building; however it did give Galleria Collection of Fine Homes a complete one stop opportunity for its customers.  ALL BUSINESS WAS CONDUCTED IN THIS SMALL OFFICE IN FORT LAUDERDALE.

LOMCI conducted no business outside of the Fort Lauderdale area, ever.

The properties listed below are the properties mentioned in LBHI unproven or alleged Demand for Payment. All properties carry the Fort Lauderdale, Florida address and all are located in the State of Florida.

2881 NE 32 STREET 111, FORT LAUDERDALE, FLORIDA  33306

2881 NE 32 STREET 119, FORT LAUDERDALE, FLORIDA, 33306

2881 NE 32 STREET 317. FORT LAUDERDALE, FLORIDA 33306

Presently this case is scheduled for New York, New York which has absolutely nothing to do as to where these cases occurred.  The present filing was done for the express convenience of LHBI without out consideration as to location of property or business. The location presents a hardship on LOMCI.

LOMCI is requesting this case be transferred to Bankruptcy Court, Fort Lauderdale Florida.

LOMCI was dissolved 9/14/2007 and since that time there has been no other business conducted by LOMCI.

I am a 78 year old man, retired Police Lieutenant who is living on my pension and social security. I have had two cancer surgeries, a detached retina, two knee surgeries in the past few years. I still live in Florida.

Elizabeth is 61 years old, surviving on a limited Real Estate career that is severely limited due to many physical ailments. Two major surgeries, plus various other ailments. Travel to and from NY is expensive and difficult for both of us and limits our ability to properly defend ourselves against these alleged accusations. Especially since the entire case occurred in Florida where we both reside and have resided for many years. And LOMCI was a licensed corporation in Florida.

### Statute of Limitations, Florida (Separate motion enclosed)

The statute of limitations of the State of Florida clearly state that at the outset a company has the right to file a case against a company for a maximum of five years from the time the incident could have been discovered. Statute attached for your review.

LOMCI presented these mortgages, (3 listed above) on or about June 8 &9 of the year 2006. The mortgages were funded by LBHI since that time and have been available to LBHI for review and editing since 2006.

The mentioned mortgages were acted upon as follows: Per the records of the Clerk of the Court Broward County Florida. (attached)

2881 NE 32 Street 111, Fort Lauderdale, Florida 33301

| | | |
|---|---|---|
| 6/8/2006 | Sold (Original Sale) | $419,900 original sale |
| 5/3/2012 | Foreclosure | $141,300 |
| 11/14/2014 | Sold | $325,000 |

2881 NE 32 Street 119, Fort Lauderdale, Florida 33301

| | | |
|---|---|---|
| 6/8/2006 | Sold | $275,800 |
| 3/2/2010 | Foreclosure | $ ? |
| 2./18/2011 | Short Sale | $130,000 |
| 10.15.2014 | Sold | $170,000 |

2881 NE 32 Street 317, Fort Lauderdale, Florida 33301

| | | |
|---|---|---|
| 6/9/2006 | Sold | $271,400 |
| 5/14/2008 | Short Sale | $200,000 |
| 4/18/2016 | Unknown entry | $ 100.00 |

The last mortgage written of this group was 6/9/2006. The action by LBHI was served to Donald and Elizabeth Arney on 9/13/2016 which is 10 years and three months following their ability to review and file an action. The statute of limitations allows a 5 year maximum time limit.

LOMCI was dissolved 9/14/2007. The statue of Limitations prohibits this action.

Respectfully submitted,

_____ Date: 10-3-/6
Donald Arney for
Elizabeth and Donald Arney
2958 Burnett Terrace
The Villages, Florida 32163
954-868-3875
donaldarney@gmail.com

Attachments (2)

**Copy to:**
John Baker
**Lehman Brothers Holdings, Inc.**
**7807 E. Peakview Avenue**
**Suite 410**
**Centennial, Co 80111**

**Title VIII**
LIMITATIONS

**Chapter 95**
LIMITATIONS OF ACTIONS; ADVERSE POSSESSION

**View Entire Chapter**

95.11  Limitations other than for the recovery of real property.—Actions other than for recovery of real property shall be commenced as follows:
(1)  WITHIN TWENTY YEARS.—An action on a judgment or decree of a court of record in this state.
(2)  WITHIN FIVE YEARS.—
(a)  An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.
(b)  A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of paragraph (5)(e), s. 255.05(10), s. 337.18(1), or s. 713.23(1)(e), and except for an action for a deficiency judgment governed by paragraph (5)(h).
(c)  An action to foreclose a mortgage.
(d)  An action alleging a willful violation of s. 448.110.
(e)  Notwithstanding paragraph (b), an action for breach of a property insurance contract, with the period running from the date of loss.
(3)  WITHIN FOUR YEARS.—
(a)  An action founded on negligence.
(b)  An action relating to the determination of paternity, with the time running from the date the child reaches the age of majority.
(c)  An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
(d)  An action to recover public money or property held by a public officer or employee, or former public officer or employee, and obtained during, or as a result of, his or her public office or employment.
(e)  An action for injury to a person founded on the design, manufacture, distribution, or sale of personal property that is not permanently incorporated in an improvement to real property, including fixtures.

(f)  An action founded on a statutory liability.
(g)  An action for trespass on real property.
(h)  An action for taking, detaining, or injuring personal property.
(i)  An action to recover specific personal property.
(j)  A legal or equitable action founded on fraud.
(k)  A legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts.
(l)  An action to rescind a contract.
(m)  An action for money paid to any governmental authority by mistake or inadvertence.
(n)  An action for a statutory penalty or forfeiture.
(o)  An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided in subsections (4), (5), and (7).
(p)  Any action not specifically provided for in these statutes.
(q)  An action alleging a violation, other than a willful violation, of s. 448.110.
(4)  WITHIN TWO YEARS.—
(a)  An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
(b)  An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4-year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred, except that this 7-year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday. This paragraph shall not apply to actions for which ss. 766.301-766.316 provide the exclusive remedy.
(c)  An action to recover wages or overtime or damages or penalties concerning payment of wages and overtime.
(d)  An action for wrongful death.
(e)  An action founded upon a violation of any provision of chapter 517, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred.
(f)  An action for personal injury caused by contact with or exposure to phenoxy herbicides while serving either as a civilian or as a member of the Armed Forces of the United States during the period January 1, 1962, through May 7, 1975; the period of limitations shall run from the time the cause of action is discovered or should have been

discovered with the exercise of due diligence.
(g)   An action for libel or slander.
(5)   WITHIN ONE YEAR.—
(a)   An action for specific performance of a contract.
(b)   An action to enforce an equitable lien arising from the furnishing of labor, services, or material for the improvement of real property.
(c)   An action to enforce rights under the Uniform Commercial Code—Letters of Credit, chapter 675.
(d)   An action against any guaranty association and its insured, with the period running from the date of the deadline for filing claims in the order of liquidation.
(e)   Except for actions governed by s. 255.05(10), s. 337.18(1), or s. 713.23(1)(e), an action to enforce any claim against a payment bond on which the principal is a contractor, subcontractor, or sub-subcontractor as defined in s. 713.01, for private work as well as public work, from the last furnishing of labor, services, or materials or from the last furnishing of labor, services, or materials by the contractor if the contractor is the principal on a bond on the same construction project, whichever is later.
(f)   Except for actions described in subsection (8), a petition for extraordinary writ, other than a petition challenging a criminal conviction, filed by or on behalf of a prisoner as defined in s. 57.085.
(g)   Except for actions described in subsection (8), an action brought by or on behalf of a prisoner, as defined in s. 57.085, relating to the conditions of the prisoner's confinement.
(h)   An action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit. The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure.
(6)   LACHES.—Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay. This subsection shall not affect application of laches at an earlier time in accordance with law.
(7)   FOR INTENTIONAL TORTS BASED ON ABUSE.—An action founded on alleged abuse, as defined in s. 39.01, s. 415.102, or s. 984.03, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.
(8)   WITHIN 30 DAYS FOR ACTIONS CHALLENGING CORRECTIONAL DISCIPLINARY PROCEEDINGS.—Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.
(9)   SEXUAL BATTERY OFFENSES ON VICTIMS UNDER AGE 16.—An action related to an act constituting a violation of s. 794.011 involving a victim who was under the age of 16 at the time of the act may be commenced at any time. This subsection applies to any such action other than one which would have been time barred on or before July 1, 2010.
(10)   FOR INTENTIONAL TORTS RESULTING IN DEATH FROM ACTS DESCRIBED IN S. 782.04 OR S. 782.07.—Notwithstanding paragraph (4)(d), an action for wrongful death seeking damages authorized under s. 768.21 brought against a natural person for an

intentional tort resulting in death from acts described in s. 782.04 or s. 782.07 may be commenced at any time. This subsection shall not be construed to require an arrest, the filing of formal criminal charges, or a conviction for a violation of s. 782.04 or s. 782.07 as a condition for filing a civil action.

(11)  COURT COSTS AND FINES.—Notwithstanding subsection (1), an action to collect court costs, fees, or fines owed to the state may be commenced at any time.

History.—s. 10, ch. 1869, 1872; s. 1, ch. 3900, 1889; RS 1294; GS 1725; s. 10, ch. 7838, 1919; RGS 2939; CGL 4663; s. 1, ch. 21892, 1943; s. 7, ch. 24337, 1947; s. 24, ch. 57-1; s. 1, ch. 59-188; s. 1, ch. 67-284; s. 1, ch. 71-254; s. 30, ch. 73-333; s. 7, ch. 74-382; s. 7, ch. 75-9; s. 1, ch. 77-174; s. 11, ch. 78-435; s. 1, ch. 80-322; s. 34, ch. 83-38; s. 1, ch. 84-13; s. 1, ch. 85-63; s. 139, ch. 86-220; s. 1, ch. 86-231; s. 1, ch. 86-272; s. 1, ch. 88-397; s. 20, ch. 90-109; s. 1, ch. 92-102; s. 520, ch. 95-147; s. 2, ch. 95-283; s. 4, ch. 96-106; s. 1, ch. 96-167; s. 15, ch. 98-280; s. 2, ch. 99-5; s. 12, ch. 99-137; s. 2, ch. 2001-211; s. 15, ch. 2005-230; s. 1, ch. 2005-353; s. 1, ch. 2006-145; s. 2, ch. 2010-45; s. 1, ch. 2010-54; s. 1, ch. 2011-39; s. 13, ch. 2012-100; s. 1, ch. 2012-211; s. 1, ch. 2013-137; s. 18, ch. 2016-24.

© 1995-2016 The Florida Legislature • Privacy Statement • Contact Us

# The Statute of Limitations for a Breach of Contract Claim Does Not Apply to All Contracts Equally

February 12, 2014 by Hans C. Wahl, Esq.

By: Hans C. Wahl, Esq.

The statute of limitations refers to the period of time in which a potential plaintiff is allowed to bring a legal claim against a potential defendant. Chapter 95, Florida Statutes, provides the statute of limitations period for all possible causes of action under Florida law. For a breach of contract claim, Section 95.11(2)(b), Florida Statutes, makes clear that the statute of limitations is five years for most contracts (contracts for the improvement of real property have a 4 year statute of limitations). This means that if suit is filed five years and one day after the breached occurred, the defendant could raise a statute of limitations defense and have the suit dismissed. However, not all contracts are the same and, therefore, the statute of limitations does not apply to all contracts equally. This blog post discusses how the statute of limitations for claims involving a breach of contract applies to what is known as installment contracts.