Danielle P. Gordon, Pro Se
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431 (fax/manual)
216-337-4143



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | |
| Debtors | : | 08-13555(SCC) |
| : | : | (Jointly Administered) |

-------------------------------------------------------------------x

**Response to Motion to Disallow and Expunge (Doc. 53260) Filed 08/30/16:**
**Brief In Support of Motion to Allow Administrative Claim Instanter Or Partial Transfer**
**and Amendment of Existing Claim 15989, Loan File Number 45268737 (or entry effecting**
**the same result)**

### Preliminary Statement

Danielle Gordon, appearing pro se, was denied due process, and therefore unable to

timely represent her interests. Movant hereby explains the circumstances that entitle her to  a

partial transfer of claim **15989**, with reference to  loan file number **45268737.**  This represents

one residential loan, for a single family home, belonging to the Movant.  The  loan file is  found

within a claim which has been listed in a motion to disallow and expunge, **(Doc. 53620, filed**

**08/30/16)** , and was also listed in exhibit "A"**(Doc. 53621, Filed 08/30/16)**  supporting the

motion. Movant has learned that the trust is part of  [SASCO]  LXS 2007 8H, Estate,  which is a

joint debtor in the bankruptcy, although the bar date to file claims has long since passed. This

1

matter should be given consideration due to the fact that the loan was not identified as such, and did not have any indication of being an asset or a liability of SASCO prior to a foreclosure being completed in January of 2015.

Claim 15989 is held U.S. Bank, the Trustee. The exhibit describes it as *either* an active or unliquidated loan. **It is not an active loan, having been in default and accellerated since 2008,** when first it was attempted to be foreclosed. (The second foreclosure was 2012 and succeeded by default judgment, after appeals.) Loan payments were not made, and no payment has been demanded.

### Jurisdiction and Venue

Movant has standing as a claimant. Loan number **(45268737)** is the same loan number which is listed as of record for her home. That number has been used to describe this loan across each different platform. **(45268737)** is listed in the County records, where it is identified as a MERS/Lehman Brothers Bank owned Mortgage under borrower Jon Gordon/Jon S. Gordon. *There is no record of any Private Label Securitaztion assignment as to loan.*

It is identified as **(45268737)** in the trust prospectus from inception to closure as a trust owned loan. There it states that the originator is Aurora Loan Services.

This court has jurisdiction because the loan file was listed as part of a claim as of September of 2009. The claim **(15989)** was filed by Bank of America (Trustee) within the

2

SASCO Bankruptcy. That claim was transferred to U.S. Bank as Trustee. Trustee is also transferee of quit claim warranty deed, a result of the foreclosure auction purchase of the servicer, Nationstar Mortgage. **(3572 Lytle Road, Shaker Heights, Ohio 44122).**

Jon S. Gordon passed away on May 23, 2009. Movant, is Danielle Pauer Gordon, his surviving spouse, appearing pro se.

### Movant is a Creditor of this Estate, who did not Receive Notice

**A known creditor is one whose identity is either known or reasonably ascertainable by the debtor; a creditor's identity is reasonably ascertainable if that creditor can be identified through reasonably diligent efforts.**

There is a litigation history in the Cuyahoga County Court of Common Pleas, and the record is available to review online. The Case numbers are:

| | | | |
|---|---|---|---|
| GORDON DANIELLE PAUER | 3572 LYTLE ROAD | DEFENDANT CV-08-676071 | AURORA LOAN SERVICES LLC v JON S. GORDON, ET AL |
| GORDON DANIELLE | 3572 LYTLE ROAD | DEFENDANT CV-08-646210 | AURORA LOAN SERVICES LLC v JON GORDON AKA JON S. GORDON ET.AL. |
| GORDON DANIELLE | 4212 WHITMAN AVENUE | DEFENDANT CV-08-646210 | AURORA LOAN SERVICES LLC v JON GORDON AKA JON S. GORDON ET.AL. |
| GORDON DANIELLE | 3572 LYTLE ROAD | DEFENDANT CV-07-644884 | AURORA LOAN SERVICES v JON GORDON ETAL |
| GORDON DANIELLE | PO BOX 33699 | DEFENDANT CV-08-677322 | AURORA LOAN SERVICES LLC v JON GORDON AKA JON S. GORDON ETAL |
| GORDON DANIELLE | 3572 LYTLE ROAD | DEFENDANT CV-08-677322 | AURORA LOAN SERVICES LLC v JON GORDON AKA JON S. GORDON ETAL |
| GORDON DANIELLE P | 3572 LYTLE ROAD | PLAINTIFF CV-10-716493 | DANIELLE P. GORDON v LEHMAN BROTHERS BANK, FSB, ET AL |

3

| GORDON | | AURORA BANK FSB v DANIELLE |
| DANIELLE | 3572 LYTLE RD DEFENDANT CV-12-773416 | |
| POWER | | POWER GORDON ETAL |

Movant should have received notice as a known creditor, because she is listed in the

debtors' schedule with a loan secured by the property. **(45268737)**

She also filed suit against Debtors, and dismissed without prejudice in 2010. The lawsuit

was for fraud and recession of the mortgage. **(45268737)**

**Movant filed a complaint in Ohio Attorney General's office in 2009.**

The Debtors gave no response directly to Mrs. Gordon. The complaint demanded the complete

refund of payments, interest, and satisfaction of mortgage, **(45268737)** and assurance no cloud

would remain on the title. It was based on violations of Ohio and Federal laws, including

predatory lending, fraud, filing a lawsuit without a license, and unlicensed mortgage lending .

**Debtor Liability – The Covered Loans**

The current holder, of the claim is U.S. Bank (Indenture Trustee).

The claims are contractual, based upon a repurchase provision for certain loans.  While

this loan is listed and covered, that does not mean to imply  movant derives her own rights

through  the benefit of that bargain. Although she is not ruling that implication out, either.

**According to the footnote on Page 11 of the motion:**
(Doc. 53260, filed 08/30/16)

    " Purchase Price: With respect to the repurchase of a Mortgage Loan pursuant to this
    Agreement, an amount equal to the sum of (a) 100% of the unpaid principal balance
    of such Mortgage Loan, (b) accrued interest thereon at the Mortgage Rate, from the
    date as to which interest was last paid to (but not including) the Due Date

4

immediately preceding the related Distribution Date, (c) any unreimbursed Servicing
Advances with respect to such Mortgage Loan and (d) any costs and damages
incurred by the Trust Fund in connection with any violation by such Mortgage Loan
of any predatory- or abusive-lending law.  The Master Servicer or the applicable
Servicer (or the Trustee, if applicable) shall be reimbursed from the Purchase Price
for any Mortgage Loan or related REO Property for any Advances made with respect
to such Mortgage Loan that are reimbursable to the Master Servicer or such Servicer
under this Agreement or the applicable Servicing Agreement, as well as any
unreimbursed Servicing Advances and accrued and unpaid Master Servicing Fees or
Servicing Fees, as applicable."

This demonstrates that the Debtors estate is **liable** for the repurchase cost of the listed

mortgage loan. If it is dissallowed, the loan will not be an allowed claim, since the claim will be

expunged. If the claim is disallowed it will cause the claim to be abandonded to the Trustee. This

would result in a windfall benefit to the trustee, currently in posession of a quit-claim deed to the

Movants property, by virtue of the foreclosure. There are no provisions are outlined to protect the

homeowner.

This loan, is found within a trust which is complicated by three separate swap

transactions, a reverse waterfall feature  and other contractual rights, or liabilities, and which was

listed as a REMIC for one year.

It changed indenture trustees several times. It is also convoluted by  Trustee

recieverships.  SASCO is also a debtor within this case, and is or was listed as part of certain

securities lawsuits.

The original trustee to file a claim was The Bank of America. (or the last claim which

survived claim eliminations) due to duplicative filings. Although the loan **(45268737)**  had been

5

in default and accellerated since 2008, the trustee continued to include it within the trust and it clearly remains a constant in the reports issued by U.S. Bank in its charts and spreadsheets.

The relationship of the trust to the loan (**45268737**) can only be ascertained by someone with access to the mortgage and the trust. The trust data contains descriptors which are not correct. For example, this loan is described as a cash out refinance, and the file address is a single family home. The home was purchased in 1998. The trust describes it as a purchase money loan for a low-rise condo. Likewise, there is no reference in the mortgage to the trust. (see attached excerpts)

### Debtor Liability

**In a recent letter, made available to the public, at**:
www.warren.senate.gov/files/documents/2016-9-15_Referral_DOJ_IG_letter.pdf,        Senator Elizabeth Warren, acting in her role as Ranking minority Member of the Subcommittee on Economic Policy asked the Department of Justice to comment on the dearth of actions in response to the FCIC's referrals arising from it's report in 2011. This FCIC information has only been available to the general public since March of 2016. Ms. Warren's Staff has made a throrough review of the volumnous (albeit redacted record), according to her report. As one of her findings, she states that the FCIC referred Lehman along with other companies, as early as the first report that was issued in 2010.

> "1. Potential Fraud: False and Misleading Representations of Loan Underwriting
> Standards by UBS and Other Issuers." *(page 3 of report) Under*
> *the Legal Standard:*
> Violation of Securities Act of 1933 and the Securities Exchange Act of Lehman
> Loan Underwriting Standards 1934; Mail or Wire Fraud *(illustrative chart/table*
> *within report)*

The fact that a lender reduced underwriting standards, and did so in a manner or extent rising to a criminal reference is not only of interest to the investor. It is also evidentiary in demonstrating harm to the borrower, and a non-signing spouse. Failsafes within an institutional system were reduced or ignored, and but for those they would not have suffered the loss of their home. *Had the bank maintained the published safe standard, this loan (all of the loans in this situation) would have been rejected. The property would not be at risk of foreclosure by this bank, or at the epicenter of a securities case, complicating foreclosure litigation. It would not have been litigated in both a Bankruptcy, and a foreclosure case at the same time, under two different descriptions.*

### The Movant's File Specifically (45268737)

According to the County Court records as of January 2015, the Servicer purchased the house, using a credit bid. Nationstar filed a fraudulent 1099-A. It was filed against a fictitious "Estate of Jon Gordon", using the personal social security number. (Exhibit - 1099-A Nationstar) The house was then titled to the Trustee. However, Nationstar was never a titled owner.
As things stand today, the Trustee is about to have a claim denied as to the repurchase of a loan for which it had no legitimate claim. If that happens, the trustee will then be free to sell Movants house, and retain the profit from the sale. Or to dispose of the title as it chooses.

According to the prospectus characteristics of this specific loan, the beneficiary was the debtor. The loan was in a group that only returned interest payments for a short time. It did not include anything else. It was not sold outside of the trust. Those characterisics are that it is an

7

interest only, balloon payment loan, with a no-ratio borrower, and adjustable rate. (According to
the supplement there are no such loans in the trust). Those loans were not offered for sale. They
were held due to high risk and a significant investment in credit enhancements to ensure the trust
was not undercollaterallized.

Who is the rightful beneficiary of repurchase rights, when the basis of the repurchase demand is
due to predatory lending? Surely not the lender, or securitizer, or any agent - for then it would be
a beneficiary of its own fraud. That would be an absurd result, and it violates public policy. It is
the essence of moral hazard.

### The mortgage was unconscionable

The only written agreement with the borrower of the loan is the mortgage, and note, but
that does not give any indication of filing with the SEC. It does not explain securitization.

The mortgage does not disclose binding the loan into other restrictive covenants or use of the note
and mortgage, and mortgage servicing rights as collateral for additional securitizations. The true
agreement should have disclosed the fact that the mortgage would prevent reasonable and
customary negotiations between borrowers and servicers, or the lenders. It does not clarify that in
the event of a default communication with borrowers will be limited to a self serving servicer,
whose interests are counter to the interests of the borrower. Or even that a default would be
preferred over any other outcome. The default provisions were self serving. It does not explain the
real value of the mortage/note is many, many times the face value after it is sold and resold. It
should disclose that insurance products are guaranteed to repay it in the event of a default. Failing
to puts the non-liable surviving spouse at an unfair disadvantage.

8

This **(45268737)** was not a customary mortgage, and it should have disclosed the true contractual terms. It was deceptive. It violated the statute of frauds, in being so deceptive. The real contract was not in any writing signed by the borrower. The mortgage signed by the borrower claimed to be "standard", but omitted so much that it was unconscionable, unfair and deceptive. This was a practice that was common to many if not all loans in securitzed vehicles, in private trusts. It was an unfair and deceptive act, and it was a practice. This was the foundation of the case in the foreclosure of Movants' home. Movant was essentially accused of breaching a contract she had never read, never signed, and could not have understood without specialized training.

The mortgage by virtue of the circumstances, personal to Movant was, in this case, deceptive, abusive, illegal, and predatory. The note was not per se, a negotiable instrument, but was presented to the court as though it were. The note, a balloon, interest only, 30 year, high cost loan which was at face value over 100% of the value of the home, contained terms which were illegal, may have been usurious. The loan itself was predatory by the definition, circumstances, and its features. It is an illegal contract, contains an illegal notarization, an unauthorized signature and the mortgage should have been rendered void. It was illegal to attempt to collect it, or foreclose it.

### The mortgage is defective

Movant has addressed the issues regarding the defects in the mortgage as it was presented within the foreclosure case. The obvious fact that her name is misspelled. She has always maintained that she did not sign this document, and did not authorize anyone else to sign. It is also notarized. It is not possible for a notary to have checked identification and verified that

9

spelling of Mrs. Gordon's name. A review of her other signatures on file show that she *never* signed using the written out version of her middle name thus the mortgage in this case is an outlier. The Plaintiff did not at any point defend this issue, or attempt to bring evidence to support the notarization.

The mortgage is an outlier for other reasons, too. It was not witnessed, and there is no indication of any local escrow or title agent on the recorded document. The mortgage was *not* dated the same date as the note. Nothing about this mortgage is authentic.

There have been at least three different versions of copies of the original note presented in court. Movant raised the issue of inconsistent notes, based on the sequence of the notes, and number of endorsements in the later filed case. There were more in the first case than the second case. (Aurora Loan Services endorsement had been deleted, although it was present in the 2008 foreclosure case.) Now, it is obvious that only a note with an endorsment per the terms of trust is authentic, and all notes were fraudulent exhibits.

This mortgage did not place the borrower in a better position than he was before he got the loan. It was a calamity.

### Vicarious Liability

The attorneys, and plaintiffs, servicers, did not admit to their complicity in this obvious fraud, as they allowed Mrs. Gordon to spend money which deprived her of day to day needs, because she had to defend the foreclosures. Movant suffered years of anxiety worried that she would be evicted from her home. She was humiliated by the stigma of foreclosure. Movant was

no longer able to attend community meetings, or join the local association, and felt ashamed to go to the annual block party. The loss of social connections was isolating and debilitating.

Movant has become the focus of a cyber stalker, who keeps track of all of the activity in her case, and is relentless about contacting her after each one. The stalking behavior has spread to another family member as well. This is yet another horrific consequence of being the defendant in a case.

### Aurora Loan Services

Aurora as originator. Unlicensed in Ohio. Mortgage(**45268737**) and loan are described briefly above.

Aurora as servicer. Did not admit to being the originator, unlicensed in Ohio when foreclosure was filed. No capacity to sue. Part of each swap transaction; obviously had knowledge of trust status of loan. Failed to disclose same.

Claimed to be holder of note and mortgage. Said it was holder in due course.

Did not give homeowner the same degree or information in which to make an informed decision about the contract, which was found in the trust, as the other parties to that trust, or the investors who purchased shares of the trust. Ultimately, however, the trust controlled when it had mortgage related provisions, instead of the mortgage, which was not as detailed.

Aurora Loans was part of a national settlement because of its improper mortgage servicing practices. Movant received $600.00 as her share of the settlement. Movant did not receive any assistance with foreclosure relief. Aurora Loans agreed to stop committing fraud, when it filed foreclosures. Aurora Loan Services transferred its mortgage servicing rights and stopped filing

foreclosures. One stipulation was that the transferee upholds the agreement in its mortgage servicing consent order.


**Aurora Bank FSB**
Servicer
        Claimed to be holder of note endorsed in blank. In the previous foreclosure case, the blank had been endorsed by Aurora Loans.

 In January of 2012, when the foreclosure was refiled, Aurora Bank was awaiting approval of the charter that would allow it to become Aurora Bank FSB (a Federal Savings Association.) Until the point when its charter was approved as recorded in March of 2012, in the Ohio Secretary of States' office. Aurora Bank FSB closed in 2013. Being closed did not stop Aurora Bank from ordering a writ of possession on Movant's home. It did not stop Aurora Bank from filing a number of pleadings long after it ceased to be a going concern or a Plaintiff in the case. In 2012 foreclosure, intentional misrepresention and omission of the facts. Nationstar eventually admitted the name of the trust owner of the loan, but not until the case was over and not to the Court, to the CFPB. This did not alter the outcome of the foreclosure. Aurora Bank, FSB should also have disclosed the information, as should all other parties.

**Aurora Commercial Corp.**
        Supposedly Master Servicer. The letter accompanying the check from Rust Consulting stated that Aurora Commercial Corp. is the Master Servicer of this loan. It also stated that as a surviving spouse, Movant could contact this company for additional information regarding the loan, by reaching the Rust Website. The Rust Website contained a link to the Aurora Commercial Corporation Website. The Aurora Commercial Corporation Website redirected to Nationstar. Nationstar would not give Movant any information because she had not opened an

12

Estate.

## Nationstar Mortgage LLC
Fraud, Servicing fraud, TCPA, etc.

Filed 1099-A claiming to be Lender. Was not listed on copy of any version of note or

mortgage as lender. Did not respond to qualified written request with disclosure. Identity theft;

taxed a non-existant party. The 1099-A was grossly inflated, and should be revised. It did not

comply with the IRS guidelines. Taxed party who was not listed as owner of home, and used

incorrect social security number for an estate. Possible intention to file deficiency claim agianst

estate. (Exhibit - Nationstar 1099-A, Exhibit – Nationstar Q.W.R., Exhibit – Response to

Q.W.R.)

Aurora Bank transferred rights to Nationstar. In 2012 foreclosure, intentional misrepresention and

omission of the facts. Nationstar eventually admitted the name of the trust owner of the loan, but

not until the case was over and not to the Court. This did not alter the outcome of the foreclosure.

Aurora Bank, FSB should also have disclosed the information, as should the other parties.

Disclosure of a material fact, that was omitted, should be made to the Court, not in the CFPB

Portal, an agency that does not interevene in ongoing litigation. (CFPB does not even read

responses –they only note if there is a response and whether or not it is within a designated time

frame.) (Exhibit – Welcome Letter Series)

Per the "Welcome Letter Series" (See Exhbit), Aurora Loans transferred the servicing to

Nationstar, in July of 2012, on behalf of the LXS 2007 8H Trust, and it also states that the

Trustee is U.S. Bank National Association. This was not disclosed to the Court at all, is not

recorded, and Movant did not receive the documents until summer of 2015. Long after the

property was sold. It is not certain which transfer was effective or if either transfer was effective. In addition, Aurora Loans would not have been authorized to use the obsolete post office box notice address found in the welcome letter series, due to the fact that they had already been put on notice to communicate to Movant at the residence, so the letters are problematic.
They are also marked as raise a question of authenticity, since they have been red stamped "Internet reprint" and "reconstructed document".


Nationstar violated Movants right to a qualified written request, by failing to acknowledge in a timely manner, failing to answer the request, and when it did finally answer, failing to answer the request or to investigate the errors within the request, as boilerplate in responses always denied that the error existed, even when it contradicted that denial with supplemental documents. Nationstar often took more than 6 months to submit the supplemental documents, and by doing so, withheld information which would have altered the outcome of the case. The documents that it supplemented with should have been submitted to the Court, but never were, and were always timed as to be too late for admission. It also did not respond to a request demanding it to explain the intentional delay in making information availabe.
Nationstar harrassed Movant to open an Estate, and dispensed legal advice, with no license to practice law in Ohio, by non-attorney customer service representatives located in Texas. Letters included the phrase "you have the right.." One letter included an analysis of Ohio Dower law, but cited only part of the statute. (The letter was purportedly addressed to Movant's attorney, however, was filed in the CFPB portal, so only Movant could retrieve it.) Telephone coversations were advisory toward opening estate. There was no indication of motivation, or benefit to Movant in following this course. Even if sound, the tone of the relationship caused

advice to be met with distrust. Nationstar refused to acknowledge rights of a surviving spouse,

despite Ohio law to the contrary. Nationstar proceeded to foreclose nevertheless, without joining

the estate. Even after the foreclosure ended, this pressure to open the estate was maintained for

another full year. Nationstar claimed that it was not obligated to uphold the consent order in a

SEC filing to its shareholders. It did not uphold the consent order.


Nationstar violated the TCPA, despite receiving at least three letters, cc'd to Plaintiff's

attorney. One letter was filed in court as an exhibit with a telephone log. No less than 30 calls

were received after the letters were received, extending two months after the last letter. Since

according to Nationstar's own written letters, Movant was not its customer these calls represent

serious violations of the act. The calls were all automated messages to which came to her cell

phone. The TCPA is, similar FDCPA, and if found to be in violation, the offender is charged in

order to stop a behavior which is serious and harmful to a number of people. It is also an

examplary fine, however, often much higher than actual damages. Nationstar does not list

Movant as a customer. Mr. Gordon's telephone number is not in its records, because it does not

have any account information prior to a default. Nationstar would not communicate with

Movant, but harrassed her with robo-calls. That is a TCPA violation. That violation amounts to a

minimum of $45,000. ($1,500/call x 30).

Nationstar is a bottom feeder.


**U.S. Bank National Association, Trustee**

Intentional Omission of information, failed to respond to qwr in 2015, with adequate

information. In 2012 foreclosure, and omission of the facts. U.S. Bank did not inform movant

about the SASCO claim, was not a party to the foreclosure case, and in fact, in the Sheriffs deed, named a trust that does not exist.

U.S. Bank refers all communication to the servicer, and states decisions and liability are the servicers. U.S. Bank states that it has no control. Nationstar says the same thing about U.S. Bank.

### Danielle Gordon is entitled to this claim

Possessory interest since 1998
Residence
3572 Lytle Road, Shaker Heights, Ohio, 44122
– Permanent Parcel No. 736-29-013-

Deed in fee simple
Claim through Marriage to owner of record on Deed;
Deed is Warranty in Fee Simple, With Right of Survivorship
Deed Held by Jon S. Gordon
Owner of this deed by virtue of intestate succession.
Not in dispute.

Ohio Revised Code 2329.66 Bankruptcy and/or Ohio commonlaw exemption
Movant is entitled to retain the residential home based on Bankruptcy or commonlaw, Exemptions (Ohio Revised Code, 2329.66)

Intestate Succession of Surviving Spouse
   The interest due a Surviving Spouse, through intestate succession. (death certificate copy enclosed) **(See Exhibit  –Death Certificate)**

Holder of note which has superior priority to the debtors Property
is the collateral for the note.

### Secured claim (?) (including setoff)

The setoff is $132,000.00
(per Ohio revised code 2329.66) (Ohio Homestead Exemption)
Nationstar Purchased the house for $66,00.00 and transferred it to U.S. Bank, trustee).

## Unsecured Claims

– First Lien Secured Note against property
Face value is 130,000. Ohio City Property Mgmt. Note 135,000.00
x   yrs. x    % = .

| | |
|---|---|
| Legal fees: Second Foreclosure Case, 2012 | 25,000.00 (does |
| not include pro se hours) | |
| Legal Fees: First foreclosure case, 2008 | 7,500.00 (Does |
| not include pro se hours,) | |
| Fees for research, subscriptions, filing, running,  and consultations | 3,000.00 |
| Fees for Taxes and Insurance:      - | 4,000.00 |
| Fees for property preservation: (since 2015), $50 x 19 | 950.00  Repair |
| on Boiler............................................. | 1,300.00 |

## Damages

The relief movant seeks as to damages, represents the sum of the two boxes from
Nationstar's 1099-A, multiplied x four. This was arrived at by adding Box 2, *Balance of
Principal Outstanding*, which was inflated because nothing was reduced from the purchase price,
face value of the note should have been reduced by $66,600 : (**$249,999.05**) And Box 4, *Fair
Market Value of Property*, (**$414,358.60**), the property was purchased by Nationstar for a
$66,600 after having been given a FMV of $100,000. It is valued by the Auditor at $145,000.
Nationstar has been attempting to sell the property for between $63,000 and $140,000 since
purchasing with no success. It is also representative of the fraud within the entire case; it is taxed
to a party who was not joined in the case, (one that does not exist), it is identity theft, and it is a
benefit claimed by a party not entitled to it. It represents another out of pocket expense to
Movant, to attempt to unwind it, and it was calculated as such.

| | |
|---|---|
| Proposed  Damages | $2,657,430.06 |
| Other relief | Release of mortgage/note or transfer of claim |

**Irreperable Harm will result if relief is denied; has already resulted**

This was the second of three loans which Aurora and a mortgage broker arranged for Mr. Gordon. These represented the cash out equity in all of the property that we owned. Since Ohio is a dower state, both before and after his death, it caused the movant to suffer the consequences of numerous foreclosure cases, all for loans that she did not have anything to do with. (Due to a number of them being dismissed and refiled repeatedly, and relisted on the docket differently). Under Mr. Gordon's name it may be closer to 15 different cases, due to some being listed as corporate owned property, or having been sued in the name of the company. All of the cases except the residential home which she has defended resulted in default judgments.

Danielle Gordon did not appear on the record title of any of the  property that was foreclosed, but she was named as a defendant in each case. This caused loss of credibility when she was attempting to defend the foreclosure of her residential home. Loan **(45268737)** It is also, and more to the point, a true testament to the predatory loan industry that Mr. Gordon was able to get loan after loan from the same lender. He was afraid that his company was on the brink of insolvency at the time, essentially, but had a great deal of equity in the real estate. Mr. Gordon was diagnosed with stage III metastatic (recurrent) cancer in August of 2006, and had convinced himself it was a death sentence. He also suffered from rapid cycling bipolar disorder, which was not well controlled after his chemotherapy from the initial cancer diagnosis. The combination, of these stressors created a mental state which was at times paranoid. He refused a surgical option and opted for palliative care. It is possible undetected tumor had invaded his brain, it is not been definitively interpreted, one PET scan indicates this possibility. Tumor was soon found in two

distal points in the front orbital area and in the medulla. (The primary tumor was in the left brachia).

It is clear that he was not making rational decisions, and Movant also suspects that he was manipulated by someone who fostered the paranoia. This is not an attempt to excuse whatever did happen, since it is obvious that Mr. Gordon played a large role in creating the situation. But it does explain his uncharachteristic behavior. Which is also why Movant is so interested in finding the ultimate recipient of the funds from the loans. He did not retain the funds. He may have just given them away to a person intent on committing fraud against him and the debtors. He did not use the funds to finance his living arrangements in New York. Mr. Gordon had other financial resources at his disposal, namely, a trust which he inherited from his mother. He cashed in several IRA's that he owned, and used credit cards. He had COBRA health insurance for one year, and then became eligible for other coverage due to his diagnosis.

### Focus is on Movant's Residence

Although her home has been removed from active sale listings, she has the unsettling assurance of the broker who is listing agent that "it will be sold one way or another". This indicates that the involuntary sale is planned to go through, and the eviction will move forward, but has been temporarily postponed.

### Potentially Secured portion of claim, alternately, the aspect to which setoff applies

Is a debt owed within this case? Did the Bankruptcy violate notice requirements or was it res judicata to the State Court action?

If it is valid, and a debt remains, the setoff should be applied.

Was the State Court Res Judicata? Did it violate the automatic Stay?

If the State Court case was not void for the reasons in Movants objections, or reasons which arise from conflicts of the identification of the loan, then it may be that a debt is owed and as such a setoff should be considered.

Nationstar Purchased the house for $66,00.00 (two thirds of the value that County appraisers found) and transferred it to U.S. Bank, trustee. No cash was transferred in the purchase, a receipt was given. The final judgment was for $250,000.

There was no analysis of the the exemption either before or after liens against the property were marshalled and foreclosed. All liens against the property were not considered in the judgment, as it is not customary to do so in an Ohio foreclosure. However, if the exemption were analysed, the house would be under water.

Ohio's Exemption (R.C. 2329.66) is also the Federal Bankruptcy exemption which applies for State residents. However, Ohio has an additional provision in the Statute which allows the rule to apply out of Bankruptcy as well, and thus it is available to all Ohioans. A Bankruptcy case is not required in order to claim the exemption. There are certain issues which may determine the allowance of the exemption; whether or not the lien was voluntary, whether or not the lien is capable of being satisfied by the sale of the collateral if a first lien, whether or not lien is purchase money, and the extent of the equity in property. Movant believes that the rules favor her with regard to this, as the exemption is to be applied liberally, and in favor of the homeowner claiming the exemption. It is also important to note that one does not need to be listed or named on a title to property to claim the exemption, but does need to prove residency and a right to the home in controversy.

### Legal Standards in Support of Motion

Some legal standards which may support this Motion are below. Movant is not an attorney, and has no experience with complex law such as this. Movant attempted to find these standards as best she could but admits they may be deficient, just as the form and substance of the entire motion is in all likeliehood defective. Movant asks the Court to allow leeway due to the situation, and the short deadline. There was no way to find representation in this matter, as Movant cannot afford an attorney.

### § 501(c) (debtor or trustee may file proof of claim if creditor does not file timely)

If the Debtor or Trustee filed a claim on the Creditor's behalf, there was no prior notice, and it was not available to all of the parties in interest to review prior to this motion. Therefore, The Trustee, (U.S. Bank) who held the last valid claim as it is known for the loan, and who's claim is poised to be expunged, may have overlooked this requirement. It will not suffer any prejudice if the claim is transferred at this point.

The parties have withheld information from the Cuyahoga County Court, and the Movant. Movant is the owner of the collateral for the loan file making up this claim. She was entitled to notice, but did not receive any while the other parties engaged her in a foreclosure even as they used their superior information to gain an unfair advantage or questionable payout in filing the claim. (Nationstar is also a claim holder for RMBS claims).

### Amendment of Claim

**Amendment of claims. Should be freely permitted, and amendment** not creating new or additional claim **may be filed after expiration of normal time limits.** *See Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, **954 F.2d 1 (1st Cir. 1992);** *In re Unroe*, **937 F.2d 346 (7th Cir. 1991);** *In re Donovan Wire & Iron Co.)*, **822 F.2d 38 (8th Cir. 1987);** *In re International Horizons,*

*Inc.*, 751 F.2d 1213 (11th Cir. 1985); *In re Dietz*, 136 B.R. 459 (Bankr. E.D. Mich. 1992); *In re Walls & All, Inc.*, 127 B.R. 115 (W.D. Pa. 1991).

Movant is not asking for a new claim to be opened, or to share in any distribution of the general creditors. Movant is not a Shareholder. This application represents strictly the partial transfer of one claim. Granting the motion would result the prevention of an impending eviction, and the closure of years of foreclosure litigation, and in fee ownership of her property. It is the most important thing to her.

> **"The crucial inquiry is whether the opposing party would be unduly prejudiced by the amendment."** *Roberts Farms Inc. v. Bultman (In re Roberts Farms Inc.)*, 980 F.2d 1248, 1251 (9th Cir. 1992); *see also Matter of Alliance Operating Corp.*, 60 F.3d 1174 (5th Cir. 1995) (Changing the type of claim from unsecured to priority sets forth a new claim and is not permitted through amendment of an existing proof of claim.); *In re Brown*, 159 B.R. 710 (Bankr. D.N.J. 1993).

The Claim is unsecured. It would require an amendment to change it to secured. Movant is only asking for an entry that would effect the substance of the request. She is not trying to tell the Court how to accomplish this, if there is any other way.

### Alternative – Administrative Claim

An alternate method of considering this application, is to consider it as an untimely proof of claim. Although she did not bring up SASCO within the Attorney General Complaint in 2009, or the lawsuit in 2010, she had no way to have known that it was an interested party. Furthermore, there was a valid claim listed for this mortgage the entire time within the SASCO schedules. It could be considered to relate those as misfiled proofs of claim.(See Exhibit –

**Attorney General Complaint)**

22

There is at least one precedent for an untimely proof of claim using the misfiled claim justification. That precedent follows the same fact pattern as this case and application of a precedent to apply a filed and dismissed without prejudice lawsuit against Lehman Brothers as a misfiled claim.

## Excusable Neglect

**Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file claims "where the failure to act was the result of excusable neglect." Pioneer Investment Services Company v. Brunswick Associates L.P., 507 U.S. 380 (1993)." the Supreme Court interpreted "excusable neglect" to be a flexible standard which can include "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." However, the Supreme Court also held that the determination "is at bottom an equitable one" and must take into account all relevant circumstances surrounding the party's omission. Id.**

**[1] the danger of prejudice to the debtor,** In re Enron, 419 F.3d 115, 121 (2d Cir. 2005).
*(emphasis in bold added to distinguish citation)*

This Claim, which represents a new claim to this individual filer, should not prejudice the Debtor at all. Information is included as to the party who sold the loan to the purchaser, a mortgage broker; and the loan file is listed within a class of transferor loans which qualify for this treatment, as transferred loans. Therefore, any expenses can be attributed to the responsible party.

**[2] the length of the delay and its potential impact on judicial proceedings,** (id.)
Admittedly, the delay is not in the Applicant's favor. The Lehman Debtors, however, have had an immense number of complexities, many never before seen, in this case, which have delayed the case. Original bar dates appear to have been changed, or were waived, or have been subject to different deadlines, based on the reason that the filer was late.

It also seems to be possible that the Automatic Stay has been violated in certain situations,
although it is not clear if this is one of them.

**[3] the reason for the delay, including whether it was within the reasonable control of the
movant, and** (id)
        Aurora Loans did not otherwise indicate that this was a trust owned loan, or was in a
securitized trust. Movant had no way to know until about 4 months after she was able to make
contact with U.S. Bank in the Trust Department, (February of 2015) and even then, was not able
to discern the true name of the trust until email was exchanged with the SEC. The trust named in
the Sheriffs deed does not exist in any public record as it is listed. Movant did not receive any
notice at all.

**[4] whether the movant acted in good faith.** (id)
        As soon as movant realized where the loan stood in relation to the Debtors Estate,
Movant prepared and filed this motion.  The preparation of this claim was time consuming as she
is unrepresented by Counsel, and has no experience in this complex area of the law. She was
during certain times in the State foreclosure, represented by Counsel, but there was never any
indication that the loan was owned by SASCO until after the case concluded. Months after the
case concluded.

> In applying Pioneer, the Second Circuit has adopted what has been
> characterized as a "hard line" test for determining whether a party's neglect is
> excusable. In re Enron, 419 F.3d 115, 121 (2d Cir. 2005).

Aurora Loans, and Aurora Bank are not debtors, and they were the parties claiming ownership of
the note and mortgage.  Movant had been collecting information, as her main occupation since the
first foreclosure. It has been her driving compulsion to find evidence of being wrongfully

foreclosed and to clear the title to her home. She has sent qualified written requests, searched online, and attempted to work with the Mortgage Servicer. Movant immediately notified Aurora Loans when her husband died, to inform them of that, and so that they would be on notice to send correspondence to the residence, rather than the post office box. The reply was the last time she ever got any writing from them until the 2012 foreclosure. It stated that they had received my notice, and that "if appropriate, a follow up response would be sent". **(See Exhibit – Suggestion of Death)**

Danielle Gordon is an entitled claimant who was denied the same benefit that other claim holders now enjoy: a claim and right to defend it based on the proof thereof. She did not receive any notice of her right to file a claim. Until after her home was sold in a foreclosure, Movant did not know the name of the Debtor filing the Bankruptcy, (SASCO), that applied to her mortgage loan. Until she saw the motion this motion refers to, movant was not certain of her right to file a claim in the Bankruptcy. It was logical to infer, as she had, that her loan was owned by a non-filing subsidiary of the debtor.

### Summary

Movant did not receive any money or benefit from this loan, or any loan. This loan did not satisfy any pre-existing lien. Movant has no agreement and no contract with any Lehman party or agent. Movant did not have any involvment with her husbands business properties, and was not a signer on those loans in any capacity. She may have a surviving spouse claim as to the properties, but has

not had the financial resources necessary to find probate Counsel for a complex case. As the matter stands, the Debtors or their subsidiaries have foreclosed and sold all of the remaining property.

The relief requested is in exchange for a full release.

Movant prays for relief in the form of damages in the amount of $2,657,430.06, or any amount the Court deems just and proper. Also, Movant prays for a transfer of the claim representing the loan file below now clouding the title of the residential home.

Proposed Damages                    $2,657,430.06 Other relief
Transfer of loan number (45268737) within claim 15989 (partial transfer of claim). Or, in the alternative, entry effecting the same result.

This claim reflects the known liability of the debtor to the undersigned creditor. Movant reserves the right to amend this claim if necessary to provide additional supporting exhibits or statements, and to assert subsequently discovered liabilities. This creditor holds subject to setoff against this claim a debt owed to the debtor of (unknown, if any). The identification of any sums held subject to setoff is without prejudice to any other right to set off, against this claim, debts.

Movant declares that her motion is based on her personal knowledge or experience, and that the statements are factual, and are the truth and Movant, being aware of the penalties of perjury, would testify under oath to the same.

September 26, 2016 Respectfully
Submitted By:


 s/Danielle Gordon
Danielle P. Gordon, Pro Se
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431(manual fax)
216-337-4143 (phone)
Daniellepg@outlook.com Certificate of Service:
On September 26, 2016, I sent a copy of this motion to the following by hand delivered:

(a) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New
York, New York 10004, Courtroom 23;

And by United States Mail, Postage Prepaid:

(b) the Office of the United States Trustee for the
Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006,
New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and
Andrea B. Schwartz., Esq.);

(c) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan
Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur F. Foster, Jr., Esq.,
Dennis C. O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of
unsecured creditors;

(d) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New
York 10019 (Attn: Paul V. Shalhoub, Esq., Todd G. Cosenza, Esq., and Benjamin P. McCallen,
Esq.), attorneys for LBHI and certain of its affiliates; and

(e) Rollin Braswell Fisher LLC, 8350
East Crescent Parkway, Suite 100, Greenwood Village, Colorado 80111 (Attn: Michael A.
Rollin, Esq. and Maritza Dominguez Braswell, Esq.)


By:

/s/ Danielle Gordon
Danielle P. Gordon, Pro Se
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431(manual fax)
216-337-4143 (phone)
Daniellepg@outlook.com

Danielle P. Gordon, Pro Se
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431 (fax/manual)
216-337-4143

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
    In re                                      :        Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., et al.,         :
                             Debtors           :        08-13555(SCC)
    :        .        .                        :        (Jointly Administered)
------------------------------------------------------------------x

## Exhibits in support of Motion in Response to Motion to Dismiss (Doc. 53260)
**(Response to Motion to Disallow and Expunge (Doc. 53260) Filed 08/30/16:
Motion to Allow Administrative Claim Instanter Or Partial Transfer and Amendment of
Existing Claim 15989, Loan File Number 45268737 (or entry effecting the same result))**

**Description**                                                                    **Page**
Prospectus/ supplement excerpts, and various items which describe or identify loan or other characteristic features of
loan and LXS 2007-8I1 trust...... ............................................................................................... 2-6
Also excerpts from U.S. Bank Trustinvestorreporting website.................................... 2-6
IRS Form 938 From 2008 (It was not reported in 2009 or thereafter)...............................2
  Amended Death Certificate, received in April of 2016, which was filed with request for Judicial
notice of original suggestion of death, along with file stamped copy of same, from
2009......................................................................................................................7
Timely Titles Title Search, at Movant's Expense; Title Examination in 2016.....................11
  Qualified written request to Nationstar, September 2014...........................................12
Welcome letters one, two and three................................................................14
Reply letter from Nationstar of October 2014.......................................................17
Reply letter from Nationstar of May 2015............................................................18
Attorney General Complaint of 2009..................................................................19
1099-A to the Estate of Jon Gordon.................................................................22
Proposed Judgment Entry..............................................................................23

I

**Exhibit One**

**Supporting Exhibits, Excerpted**

```
See "Origination of the Mortgage Loans and Underwriting Guidelines" in
this prospectus supplement for information regarding the originators and the
related underwriting guidelines for the mortgage loans.
Swap Counterparty
      HSBC Bank USA, National Association.
Cap Counterparty
      HSBC Bank USA, National Association.
```

**The Swap Agreement: *These describe three distinct transactions***

68. LXS     Trust Agreement dated as May 1, 2007, by and among SASCO, ALS (as Master Servicer) and
    2007-8H   LaSalle (now U.S. Bank), relating to SASCO Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-8H.

Servicing Agreement dated as May 1, 2007, by and among ALS (as Servicer), LBHI and ALS (as Master Servicer), relating to SASCO Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-8H.

Servicing Agreement dated as of May 1, 2007, by and among ALS (as Servicer), LBHI (as Seller) and ALS (as Master Servicer), relating to SASCO, Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2007-8H.

**RESIDENTIAL SERVICING ASSET PURCHASE AGREEMENT BY AND AMONG AURORA BANK FSB, AURORA LOAN SERVICES LLC, AND NATIONSTAR MORTGAGE LLC DATED AS OF MARCH 6, 2012**

168 LXS   Trust Agreement dated as May 1, 2007, by and among SASCO, ALS (as Master Servicer) and LaSalle
.   2007   (now U.S. Bank), relating to SASCO Lehman XS Trust Mortgage Pass-Through Certificates, Series
  -8H   2007-8H.
     https://www.sec.gov/Archives/edgar/data/1507951/000119312512098150/d309325dex101.htm

**IRS Form 938 From 2008 (It was not reported in 2009 or thereafter)**

Lehman XS Trust Mortgage
Steven M. Hutchins, Senior Vice
135 South LaSalle Street Suite 1625
Pass-Through Certificates, Se- ries 2007-8H
U.S. Bank National Associatio
Corporate Trust Tax Manager
CUSIP:
Class A1: 52524T*AA2;
Tel:(714) 259-6200
President Steven M. Hutchins, Senior Vice
CUSIP:

2

The next document is from the loan on 3572 Lytle. In order to find this information, or to verify the data, search the registration number, below, and scroll down to line number 526.

Lxs 2007 8H ...  3572 Lytle Road, Shaker Heights Ohio, based on the characteristics of the description below.

```
SEQID 526  CITY SHAKER HEIGHTS                              STATE OH
ZIP  44122     ORIGBAL 250000        CURBAL 250000            ORIGDATE
20070125          FPDATE 20070301        MTDATE20370201
FRADATE20120201        FPADATE 20120301        NRADATE20120201
NFADATE 20120301        PTDATE 20070401        NDUEDATE 20070501
ORIGTERM 360    AMTERM360        STDRTM 357      SEASON 3
PANDI1630.21              ORIGRATE7.825        RATE7.825        SFEE0.25
LOANTYPE CONVENTIONAL        * BALLOON N        RATETYPE ADJUSTABLE
PRODUCT TYPE 5/6 ARM (LIBOR        INDEX6MO LIBOR              FLOOR
7.825    MARGIN2.75          FPERCAP6        PERCAP  2        MAXRATE 13.825
LIFECAP6        RFREQ 6        PFREQ  6    LIENPOS 1          APPVAL 250000
PRPRICE0
```

## FWP 1 v077446_fwp.htm

Filed Pursuant to Rule 433
Registration Statement No. 333-133985
June 4, 2007

*from us bank trust investor reporting xls spreadsheet document

loan_id 45268737  pool_id LXS 2007-8H

loan_closing_date 1/25/2007    deal_closing_date 5/31/2007    credit_score 757
 documentation_type NO RATIO        occupancy_type Owner Occupied
original_interest_rate 7.825  original_loan_bal 250000   original_securitized_bal 250000
 original_amoritization_term 360   ltv_rat 100 dti_rate pp_flag  Y       prepayment_penalty_term 36
 product_type 6 Month LIBOR    property_state  OH property_type Low Rise Condo        loan_purpose_
Purchase type    risk_grade_score 1St    lien_position_type  1St    cltv_rate  1
   cutoff_date 7/31/2015  loanage_count 103  mss_count 99        interest_rate 7.825    beg_prin_bal 249
999.1    loan_status REO    delq_bucket  90+    prepayment_amount 0    liquidation_bal 0        current_g
ain_loss_amount  0    end_prin_bal 249999.1  sched_prin  0    originator  AURORA LOAN SERVICES
LLC        servicer Nationstar Mortgage  intcalctype Interest
Only      ratetype ARM    ioterm 117 margin2.75   origterm  360    rterm 258        zfraperiod
mthroll initratecp  6      perratecp   6      perpaycp  0    liferatecp 13.825        ratemax 13.825
    ratemin 7.825
ngmType      ngmAmt      ratefreq      payfreq      dnextrate      currltv 1
PropZip 44122  pmitype
Silent2nd      simultaneous2nd N      blntype 1    group N  pldgtype      pldgamt        eltv    sv
crate 0.375 otherrate   0    heloc n     modtype   y    cnvtype PI    Next_Due 7/1/2008    Payoff
Date    Act_Bal 249999.1

3

1.  From trust spreadsheet (Trustinvestorreporting) U.S. Bank Website

45268737    LXS 2007-8H    1/25/2007    5/31/2007    757    NO RATIO    Owner
Occupied 7.825 250000 250000 360    100    Y    36    6 Month LIBOR    OH    Low Rise
Condo  Purchase    1St    1    7/31/2015    103    99    7.825  249999.1
    REO    90+    0    0    0    249999.1    0    AURORA LOAN SERVICES LLC    Nationstar Mortgage    Interest
Only    ARM    117    2.75    360    258    6    6    0    13.825 13.825
7.825    1    44122    N    1    N    0.375 0 N
Y    1630.2 7/1/2008    249999.1 0    0 0 0 0
0    0    2951

*Excerpts from Prospectus Supplement:

Approximately 2.25%, 4.27%, 0.44%, 5.08%, 7.68%, 12.64% and 13.21% of the Mortgage Loans in Pool 1, Pool 2, Pool 3, Pool 4, Pool 5, Pool 6 and Pool 7, respectively, were originated under no documentation"programs and approximately 7.26%, 5.55%, 2.63%, 1.66%, 6.18% and 8.24% of the Mortgage Loans in Pool 1, Pool 2, Pool 3, Pool 4, Pool 5 and Pool 6, respectively, were originated under **"no ratio documentation"programs, pursuant to which no information was obtained regarding borrowers'income or employment and there was no verification of the borrowers'assets. Certain documentation with respect to some Mortgage Loans, including in some cases, the related Mortgage Note, Mortgage or title insurance policy, is unavailable. Except as otherwise noted below, the Seller will make only limited representations and warranties with respect to the Mortgage Loans. See "Trust Agreement -Assignment of Mortgage Loans"herein** (emphasis added)

Risks Related to Balloon
  Loans ...................... None of the adjustable rate mortgage loans and approximately 0.12% of the fixed rate mortgage loans are balloon loans. Balloon loans pose a special payment risk because the borrower must make a large lump sum payment of principal at the end of the loan term and because the ability of a borrower to make the final payment on these types of mortgage loans typically depends on the ability to refinance the loan or sell the related mortgaged property.

—            See "Risk Factors--Balloon Loans" in the prospectus.

4

Risks Related to Mortgage
 Loans under Stated Income
 and No Documentation
 Programs ................... Approximately 56.66% and 2.47% of the Mortgage
 Loans were originated under "stated income" and
 "no documentation" programs, respectively.
 "Stated income" programs generally verify
 employment but do not verify income information
 given by the borrowers. "No documentation"
 programs generally do not require information
 regarding the borrowers' income or employment
 or verification of the borrowers' assets. If a
 significant amount of mortgage loans are
 originated under these programs, it may
 increase the risk that the borrowers may not
 have sufficient income or assets or may have
 overstated their income and assets and will be
 unable to make their monthly mortgage loan
 payments. You should consider the risk that
 mortgage loans originated under these programs
 may be subject to increased delinquencies and
 defaults.

 See "Risk Factors--Aspects of the Mortgage Loan
 Origination Process May Result in Higher
 Expected Delinquencies" in the prospectus for
 further information on risks relating to the
 origination process.

5

**Exhibit two** – Death Certificate (final amended version received in April of 2016) and Sugg. Of death also filed w/request for Judicial Notice, in 2016, with 2009 file stamped copy.



Certificate of Death — New York City Department of Health and Mental Hygiene

Y 600497 — Certificate No. 156-09-020929

Decedent's legal name: JON GORDON

February 11, 2016

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

AURORA LOANS LLC )

)

Plaintiff

Vs.

Jon S. Gordon aka Jon Gordon, et Al.

CASE NO. CV    08-676071

JUDGE: LANCE T. MASON

Magistrate Jim L. Jackson

) NOTICE OF DEATH OF DEFENDANT

Please see attached copy of Death Certificate of Jon Seth Gordon along with a copy of

the Paid Death Notice published in The Cleveland Plain Dealer and the New York Times.

Respectfully submitted,

Danielle Pauer Gordon
3572 Lytle Rd.
Shaker Hts, OH 44122
216 752 0431



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing information was sent to the
following by ordinary U.S. Mail, on the date indicated below.

Richard A. Baumgart
1801 East Ninth Street
1100 Amtrust Bank Center Cleveland, OH  44114-3169

Thomas M. Gaese
Atty. For Home Savings and Loan
Of Youngstown Ohio
P.O. Box 1111
Youngstown, OH 44501-1111

Michael S. Tucker
Atty. For First Southwestern Financial Services
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1448

Cleveland One LLP
3645 Warrensville Center Road, #224
Shaker Heights, OH 44122

Sherwin Williams
1733 Pearl Road
Brunswick, OH 44212

David F. Hanson
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Danielle P. Gordon
July 27, 2009

GORDON–Jon. The trustees and staff of JBFCS all mourn the death of Jon Gordon, youngest son of our beloved Medical Director, Dr. Bruce Gordon. Jon struggled and won many personal battles but ultimately his life was cut short at the young age of 40. From Jon's father, we have all watched courage in action as he faced this tragedy with deep love and honesty. Our hearts go out to Bruce, Louis and all members of the Gordon family. Surely Jon's memory will be for a blessing. The Jewish Board of Family & Children's Services John A Herrmann, Chairman of the Board Paul Levine, Exec. V.P. and CEO

Published in the New York Times on 5/26/2009

---

The Plain Dealer | Thursday, June 4, 2009

## hts and Memories Online

... death notices listed in today's paper.

### THE PLAIN DEALER
MISS A DAY, MISS A LOT

... PM • Sunday: 1 PM - 6 PM) or  E-mail: deathnotice@plaind.com

**Death Notices**

### GORDON
JAMES C. GORDON, age 62. Cherished husband of Kathy (nee Yeddy) for 39 years; loving father of Christopher (Kimberly); dearest son of Henry and the late Betty Ford; brother of Ellen Hart (Russell) and the late Fred Lidial; brother-in-law of Bonnie ... Robert), Connie Beckwith (Les), ... Puleo (Cheryl) and Peggy Puleo; dearest uncle of many; companion of his best friend Lady. Jim was faithfully cared ... angels Betty Hendricks and Joan ... Friends may call at THE PERPETUA FUNERAL HOME, 356 WEST ... RD (OH RT 87), SAGAMORE

### GORDON
... SETH GORDON passed away May ... 2009. Dearly Beloved Husband of ... nee Pauer) for the last ten years ... Loving Father of Gabrielle. Son of ... A. Gordon (nee Acker) (deceased). ... by his Father Dr. I. Bruce Gordon ... NY and Brother of Louis (Julie) of ... WA. Services were held on May ... 2009 at the Plaza Jewish Community ... New York, NY.

... Burial 10:30 a.m. Friday, at Im-... te Conception Catholic Church. ... L'P.M. CALL 330-745-1111.

**Death Notices**

### HOLOCKER
MATTHEW HOLOCKER, 38. Beloved husband of Julie (nee Corcoran). Loving father of Amanda. Devoted son of Christine (nee Jakubisin) and Harvey. Dear brother of Michele Londrico, Michael (Cilla), Mark (Sabrina) and Melanie Holocker. Loving uncle, nephew, great nephew and cousin to many. Funeral Services Saturday, June 6, 2009 at 9:30 a.m. at the funeral home and Divine Liturgy at 10:00 a.m. at Holy Spirit Byzantine Catholic Church, 5500 West 54th St, Parma 44129. Interment Holy Cross Cemetery. Family will receive friends at THE YURCH FUNERAL HOME, 5618 ...OADVIEW ROAD, PARMA, OH (be-...t Snow and Brookpark), FRIDAY 4-9 ... PARASTAS FRIDAY 7:30 P.M.

### HOUCK
DAPHNA A. HOUCK (nee Scott), age 100, of South Carolina, formerly of Oakwood Village. Beloved wife of the late Howard; ...ving mother of Betty S. (late Harold) ...00), Joann (Clarence) Short of ...sed) (Pat) Houck and the ... st grandmother of ... Patty (Tony) ... Harold McVey, ... Kevin Kalatta (de-... of seven; great-... dear sister-in-law ... ends received at ... AL HOME, 923 ... D (ONE MILE ... ADWAY EXIT OF ... M where services ... e 6 at 11:00 a.m... n Hill Cemetery.

### RVIS
VILLIAMS Notice

... KELLY (nee Rundle), age 91, passed away June 1, 2009. Beloved wife of Ralph Richard (deceased). Dear mother of Kenneth (deceased); (Carol) and Roger

# Timely Searches

250 S. CHESTNUT ST. #24
RAVENNA, OHIO  44266
www.TimelySearches.com

**Order#**  207667

**Client Ord#**

**Type of Search**  42 Year

**Date Received**  4/25/2016

**Effective Date**  4/21/16

**Client ID**  120

**OWNERS:**  JON S GORDON          **COUNTY:** CUYAHOGA

**ADDRESS:**  3572 LYTLE

SHAKER          OH          44122

**COMMENTS:**

---

## Schedule Sheet

TITLE VESTED IN:  US Bank National Association

SOURCE OF TITLE:  201506120449

BUYERS:  TBD

SUBJECT TO:

1. Taxes (F/H 15, paid)
2. Rest 6069-35

Nationstar Mortgage
*Attn: Customer Relations Officer*
*P.O. Box  630348*
*Irving Tx 75063*

*Notice of error/Information Request*
*P.O. Box 630348*
*Irving Tx 75063*

*Insurance Renewals/Bills*
*P.O. Box  7729*
*Springfield, Ohio 45501-6551*

*Tax Notices/Bills*
*P.O. Box 961229*
*Fort Worth Tx 76161-0229*

September 21, 2014

*Account Name:    Estate of Jon Gordon*
*Account Address:        3572 Lytle Road*
*Shaker Heights, Ohio 44122*

*PPN:            736-29-013*

*Nationstar Acct. No.: 0600015267*

*Foreclosure Case No: CV-12-773416*
*CV-08-676071*

From:
*Danielle Pauer Gordon*
*Surviving Spouse of Jon Seth Gordon*
*3572 Lytle Road*
*Shaker Heights, Ohio 44122*

RE: Information Request

Mortgage Loan Number:  *0600015267*

I am writing to request the information described below in regard to the mortgage on my property at *3572 Lytle Road, Shaker Heights, Ohio 44122.*

*I received a statement dated August 19, 2014. This is the first, and, in fact only statement which I have ever seen relevant to the above-referenced mortgage.*

*I called the number for more information, however, I was not "authorized" to have access to the account. Following is a list of both information requests, and error correction resolution requests. 12 C.F.R. 1024.38. and 12 C.F.R. 1024.35, et. Seq. specifically entitle me to this, but I have only inserted them to prevent you from rejecting my letter whole, not because I believe I am limited to those regulations or narrowed in any way. Therefore, here  is the information I am requesting:*

*identify the name of the owner or investor, and/ or "trustee" of this loan; and*
*the amount of actual dollars paid to purchase the loan when it was sold, and the date it was sold; and*
*who, or what gave you the authority to transfer it from my husband's name into the name of his purported "estate" without my permission, and/or outside of a probate court; and*
*a copy of any and all executory documents you have that gave you such authority.*
*a copy of the entire payment history of this loan, from a zero balance to the last statement date, including fees, and;*

12

the name, and address of the contractor who is conducting some sort of "property preservation" on your behalf, since I feel this party is invading my privacy and trespassing, and;.

the name of the agent who changed my tax mailing address each time it has been changed, and on the basis of what authority and;.

Why my homeowners insurance payments were refunded, and how this decision was reviewed when I repeatedly disputed it, in favor of the servicer.

Finally, there is a discrepancy in that correspondence (or those semi-annual interest rate letters), with regard to the mortgage comes in care of The Estate of Jon Gordon. However, currently, your company is suing neither that entity nor my Late Husband, but me personally. Can you somehow explain why there is such a problem getting the right name in the right place? To make matters much more confusing, my name is not even spelled right. The court doesn't even have it spelled right. I simply find this unbelievable. It was spelled right on the first foreclosure court case. This is causing a gigantic headache for me, because, of course, it starts to generate a whole false credit report in my wrongly spelled name. Which I have no access to, because it's not my name. But as you know, it still affects my credit.

The attorney who represents your company is adamant about keeping my name spelled the same way. I am a complete victim on this point. I hope you will try to correct some or all of this. It won't change the past, but it could certainly help in putting the future together.


I also want to mention that when I called in, the gentleman who took my call was a breath of fresh air compared to some of the people I've talked to in the past. I really got the impression that he didn't have a rude bone in his body. I do hope you keep hiring people like that. You might stand a chance at actually changing your image, and once that happens, who knows?

If you need to contact me to discuss this request, please do so in writing, at the above address. I thank you in advance for your assistance.


Sincerely,

*/S/ Danielle Gordon*
*Surviving Spouse*
*3572 Lytle Road*
*Shaker Heights, Ohio 44122*

cc: See Dist. List on Separate Page

13

2

REPRESENTATION OF PRINTED DOCUMENT


www.MyNationstarMtg.com

July 15, 2012

03332 0302655

ESTATE OF JON GORDON
PO BOX 33699
N ROYALTON OH 44133-0699

New Nationstar Loan Number: 0600015267

**NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS**

Dear Estate Of Jon Gordon:

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from: AURORA LOAN SERVICES LLC to Nationstar Mortgage LLC, effective 07-01-12.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires Nationstar Mortgage sends you this notice no later than 15 days after the effective date of the transfer.

Your new servicer is Nationstar Mortgage LLC

Nationstar Mortgage's business address is:

Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, Texas 75067
**www.MyNationstarMTG.com**

Nationstar Mortgage's toll free number is 1-888-850-9398. If you have any questions relating to the transfer of servicing to Nationstar Mortgage, call 1-888-850-9398 between 8 a.m and 8 p.m on the following days Monday - Thursday, 8 a m and 5 p m on Friday, or email us anytime at **www.MyNationstarMTG.com.**

The date that Nationstar Mortgage will start accepting payments from you is 07-01-12. You can pay online via the Nationstar Mortgage website at **www.MyNationstarMTG.com,** or you can send all payments due on or after that date to

Nationstar Mortgage, LLC
PO Box 650783
Dallas, Texas 75265

Your mortgage life insurance, disability insurance and/or other optional products will not continue. If you wish to retain optional products, you will need to contact your current optional product/service provider.

Enclosed is your Welcome Letter which includes a payment coupon with detailed loan information.

**You should also be aware of the following information, which is set out in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):**

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

Nationstar Mortgage, LLC
Attention Research Department
350 Highland Drive
Lewisville, Texas 75067
**www.MyNationstarMTG.com**

Not later than 30 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written certification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is any day on which the offices of the business are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

**Important Loan Transfer "Home Affordable Modification Program" Information**

**Home Affordable Modification Program:** If you are currently participating in or being considered for a loan modification program, we will be transferring all your documentation to the new servicer. Until then under that date, you should continue to make your payments (e.g. trial payments if attempting to qualify) for a modification under the Home Affordable Modification Program) to Aurora Loan Services Llc. After transfer, you should make all payments to Nationstar until such time that you are provided additional direction. Decisions regarding qualification will be made by Nationstar. All information regarding other loss mitigation activities if forbearance agreements, short sales, refinances and deed-in-lieu of foreclosure) will be forwarded to Nationstar for processing. Please be advised that this transfer may extend the time needed for a final decision.

Sincerely,
Nationstar Mortgage LLC



3

REPRESENTATION OF PRINTED DOCUMENT



**Nationstar** 150 Highland Drive
MORTGAGE Lewisville, TX 75067

July 15, 2012

63532 0002655                                    RE: Nationstar Mortgage LLC Loan Number: 0600015267

ESTATE OF JON GORDON
PO BOX 33699
N ROYALTON OH 44133-0699

Dear ESTATE OF JON GORDON

Welcome to Nationstar Mortgage!

We look forward to servicing your loan on behalf of U.S. BANK, TRUSTEE, LXS SERIES 2007-8H.

- Your total debt at the time of the transfer is $362,421.82. This amount includes your outstanding Unpaid Principal Balance of $249,999.05, $89,205.84 in Interest, $326.04 from Fees, and $2,235.00 from expenses paid on your behalf.

- This debt is owed to U.S. BANK, TRUSTEE, LXS SERIES 2007-8H, but is being serviced by Nationstar.

- Unless you dispute the validity of this debt, or any portion thereof, in writing within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Nationstar.

- If you notify Nationstar in writing within this thirty (30) day period that the debt, or any portion thereof, is disputed, Nationstar will obtain verification of the debt and a copy of such verification will be sent to you.

We welcome you to Nationstar Mortgage and look forward to being your mortgage servicer.

> Mail written disputes to
> Nationstar Mortgage LLC
> Attn: Research Department
> 350 Highland Drive
> Lewisville, TX 75067

For Customer Service Inquiries, call toll free at 1-888-850-9398.

Sincerely,

Nationstar Mortgage LLC

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.*

REPRESENTATION OF PRINTED DOCUMENT

 **Nationstar** MORTGAGE   PO BOX 650783 DALLAS, TX 75265

www.MyNationstarMtg.com

July 15, 2012

63532  0002655  001
ESTATE OF JON GORDON
PO BOX 33699
N ROYALTON OH  44133-0699

**Re: New Nationstar Loan Number 0600015267**
**Principal Balance $249,999.05**
**Escrow Balance $0.00**

**Dear Estate Of Jon Gordon:**

Welcome to Nationstar Mortgage! Effective 07/01/12 Nationstar Mortgage is now the servicer for your mortgage account. We're excited about the opportunity to serve you. You can count on Nationstar Mortgage to meet your needs, whether you're looking to make a payment or refinance your loan. We offer many exciting features including 24-hour account access through our Internet website at www.MyNationstarMtg.com, various payment options, and a toll free line 1-888-850-9398 with automated account information. You will be receiving a "Welcome Call" sometime over the next few weeks to welcome you to our company and to answer any immediate questions you may have.

Every month you will receive a billing statement detailing your loan information, payment amount, and important messages. In addition, the back of your billing statement includes helpful hints and important information. Each billing statement will include a remittance coupon. Expect to receive your billing statement approximately 7-10 days prior to each scheduled payment due date. Important payment information and other notices are included on the reverse of this letter for your reference.

To ensure accuracy, please verify the following loan information:

| | | |
|---|---|---|
| Name: | ESTATE OF JON GORDON | · Home Phone Number: 216-752-0431 |
| Property Address: | 3572 LYTLE RD SHAKER HEIGHTS OH 44122 | Work Phone Number: 000-000-0000 |
| Mailing Address: | PO BOX 33699 N ROYALTON OH 44133-0699 | |

If you find any of the information listed above to be incorrect, please contact us immediately at 1-888-850-9398.

Based on the information we have received from your previous mortgage servicer, we believe you may be experiencing a financial hardship. We want to help you stay in your home. Nationstar Mortgage may have modification programs and other workout solutions that have not been made available to you. If you would like to discuss some of your options please contact us at 1-888-850-9398

Over the next few weeks you should receive your monthly billing statement. In the event that you do not receive your billing statement as scheduled, please do not delay in making your payment. Be sure to indicate your loan number, as referenced above, on your payment and allow adequate mailing time. Simply mail your payment to:

Nationstar Mortgage
P.O. Box 650783
Dallas, Texas 75265-0783

**IF YOU'RE HAVING TROUBLE MAKING YOUR PAYMENT,** please call us immediately so we can find a solution that meets your needs. If you are in the process of applying for or providing information related to a workout (including modifications) with your prior mortgage servicer, we anticipate that your information will be transferred to Nationstar Mortgage, but feel free to contact us to verify we have what we need to move forward.

If you would like to enroll in our automatic payment program, please complete the form available on our website at www.MyNationstarMtg.com under Payment Options.

You will continue to receive your monthly billing statements in the same method you chose with your previous servicer. If this method was paperless, you will receive an email notifying you that your statement is ready with a link to view your statement online. Visit www.mynationstarmtg.com to create your user profile today. If you wish to change this at any time, simply contact customer service.

At Nationstar Mortgage, your business and total satisfaction are important to us. Any time you have questions regarding your account, do not hesitate to contact us at 1-888-850-9398 8:00 a.m. to 8:00 p.m. CST Mon - Thurs and 8:00 a.m. to 5:00 p.m. CST on Fri. We look forward to a long and lasting relationship with you.

Sincerely, Nationstar Mortgage

---

***Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.***

DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY.

**Nationstar** MORTGAGE  www.MyNationstarMtg.com

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR PHONE NUMBER HAS CHANGED. ENTER CHANGES ON BACK OF COUPON.

| LOAN NUMBER | TOTAL CURRENT AMOUNT DUE | |
|---|---|---|
| 0600015267 | $111,031.79 | 07/01/2012 |
| WRITE YOUR LOAN NUMBER ON YOUR CHECK OR MONEY ORDER AND MAKE PAYABLE TO NATIONSTAR MORTGAGE. | **LATE PAYMENT IF RECEIVED ON OR AFTER** | |
| | $111,113.30 | 07/17/2012 |

NATIONSTAR MORTGAGE
PO BOX 650783
DALLAS TX 75265-0783

| | |
|---|---|
| ADDITIONAL ESCROW | _____ |
| TOTAL AMOUNT OF YOUR CHECK *DO NOT SEND CASH* | $ _____ |
| ** CHECK FOR ADDITIONAL FUNDS TO BE APPLIED TO FUTURE PAYMENTS | ☐ |

** Additional principal reduction can be made when all amounts due are paid in full.

Estate of Jon Gordon
3572 Lytle Road
Shaker Heights, OH 44122

RE:  ·  Nationstar Reference Number – NSM-10-14-82591
        Mortgagor – Estate of Jon Gordon
        Property Address – 3572 Lytle Road, Shaker Heights, OH 44122
        Loan Number – 0600015267
        CFPB Case Number – 141029-001663

Dear Danielle Gordon:

Nationstar Mortgage LLC (Nationstar) is in receipt of your correspondence submitted through the Consumer Financial Protection Bureau (CFPB) on October 29, 2014, regarding the above referenced account. We appreciate you bringing this to our attention, as we take all matters such as this seriously.

We have conducted an investigation, and it was determined the error asserted within your correspondence did not occur on the account. After further review, our records do not reflect that you are authorized to receive full account access. In your correspondence, you mentioned you are the surviving spouse. Please note, as your signature is present on the Security Instrument, dated January 25, 2007, we are able to provide you with limited access to the mortgage loan account.

Please be advised effective November 3, 2014, the amount necessary to bring the account current is $175,147.07. The Reinstatement Quote will expire on November 30, 2014. We have enclosed the Payment History Transaction Report for review.

In order to gain complete access to the mortgage loan account, we require one of the documents listed below. These forms may be faxed to our Research Department at 1.972.459.1611 for review.

• Copy of the letter of Testamentary
• Copy of the Probated Last Will and Testament
• Copy of the Executor of Estate Documents
• Copy of the Living Trust Documents naming the Successor Trustee and proof that the property was deeded to the trust after the funding of the loan

As of the date of this correspondence, the account is approximately 77 payments delinquent and contractually due for the July 1, 2008 monthly installment.

You have the right to access the documents relied upon in this investigation. We have included those documents for your records and review.

• Payment Transaction History Report

• Mortgage

At Nationstar, customer concerns are important to us. Should you have any general questions other than those referenced in your correspondence, please contact:

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.*



www.NationstarMtg.com
NER051

Danielle Gordon
3572 Lytle Road
Shaker Heights, OH 44122

RE:    Nationstar Reference Number – NSM-05-15-15636
       Mortgagor – Estate of Jon Gordon
       Property Address – 3572 Lytle Road, Shaker Heights, OH 44122
       Loan Number – 0600015267
       CFPB Case Number – 150516-000109

Dear Danielle Gordon:

Nationstar Mortgage LLC (Nationstar) is in receipt of your correspondence submitted through the Consumer Financial Protection Bureau (CFPB) on May 19, 2015, regarding the above referenced account. We appreciate you bringing this to our attention, as we take all matters such as this seriously.

Unfortunately, Nationstar can not attest to the practices of U.S. Bank National Association America or comment on any errors they may have made concerning communication with you as well as their handling of the mortgage loan.

We have conducted an investigation, and it was determined the error asserted within your correspondence did not occur on the account. Our records indicate the servicing responsibilities of the mortgage loan account transferred from Aurora Loan Services, LLC (Aurora), effective July 1, 2012. Records reflect the status of the mortgage loan account was delinquent upon transfer and next due for the July 1, 2008 monthly installment. Our records indicate the enclosed Mortgage, dated January 25, 2007, was signed by both you and Jon Gordon. As such, you were designated as a person whom held interest in the property. The mortgage loan account was in active foreclosure upon transfer from Aurora.

In reference to your concern regarding the communication with Nationstar, please note Nationstar representatives have spoken to you on several occasions in which our representative advised of the status of the account and potential assistance options. Nationstar received correspondence from you, dated February 28, 2013 in which you requested Nationstar only make contact with you in writing. As such, the account was coded to reflect your request to cease telephone communication.

In reference to your concerns regarding property preservation, please be advised, Nationstar may enter upon and conduct an inspection of your property. The purposes of such an inspection are to observe the physical condition of the property, verify that the property is occupied, and determine the identity of the occupant. If the default status of a loan is not cured prior to the inspection, other actions to protect the mortgagee's interest in the property including but no limited to winterization, securing the property, and valuation services may be taken. The costs of the above described inspections and property preservation efforts will be charged to the account as provided in the Mortgage as permitted by law.

Records indicate the aforementioned property was sold in a foreclosure sale on January 5, 2015. The property status is Real Estate Owned.

You have the right to access the documents relied upon in this investigation. We have included those documents for your records.

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.*



www.NationstarMtg.com
NER051

18

## ABOUT THE TRANSACTION

Product/service involved: _LOANS_

Date of purchase: _1 / 09 / 2007_ (mm/dd/yyyy)

Did you sign a contract?    Yes ____    No ✔ _husband did_

Are you making payments?    Yes ____    No ✔

Total cost of product/service: $ _not sure_

Method of payment: _"_

Amount paid so far: $ _?_    Disputed amount: $ _3 C C_

Is the product/service under warranty?    Yes ____    No ✔

If yes, warranty company name: _____

**How did the first contact with the company occur?**

- [ ] E-mail
- [ ] Fax _thru (word) friends_
- [ ] Home visit _friends_
- [ ] Infomercial
- [ ] Internet auction
- [ ] Internet banner/Web site
- [ ] Magazine/Newspaper
- [ ] Mail
- [ ] Radio
- [ ] Store visit
- [ ] Telephone call
- [ ] Television
- [ ] Word of mouth
- [✔] Other: _____

Describe the transaction and your complaint: _My husband (deceased) signed (alledgedly) A loan with A mortgage broker, for 3,500.00 — Express mortgage. Violation at 1322.062, 1322.07(B)(C)(E)(G) 1322.073_ _And Pre-arranged to have the loan serviced by Aurora loans, After financing via lehmans or possibly Another bank. Aurora loans surrendered lic (1903.17(D) ~~~~~~~~ And nevertheless is/has foreclosed on property. My signature is not on the note, And is forged on the mortgage. (Name spelled wrong)_

Briefly describe what you would consider a reasonable resolution to your complaint: _It is not initialed by me, either the wart + otherer. Clear Title of my home + All other foreclosed properties pertaining to same companies. (There are at least 7) And Restitution of payments fees + punitive damages, if Applicable. Also note My American financial_

## MOTOR VEHICLE COMPLAINTS ONLY:

Complete this section **only** if your complaint regards a motor vehicle:

Make: _____    Model: _____    Purchase / Lease (circle one)

Vehicle Identification Number (VIN – **not your license plate number**): _____

Year of vehicle: _____    New / Used (circle one)    Under warranty / "AS IS" (circle one)

Mileage at purchase or lease: _____    Current mileage: _____

## ACKNOWLEDGMENT OF TERMS AND CONDITIONS

- [ ] By checking this box I acknowledge that the information given above is true to the best of my knowledge and belief. I understand that any information I submit to the Ohio Attorney General's Office is considered public information and may be released in a public records request. I understand a copy of this form and all documents relating to my complaint will be forwarded to the company that is the subject of my complaint. I understand that the Ohio Attorney General cannot serve as my private attorney.    · Date submitted: _8 / 8 / 07_ (mm/dd/yyyy)

19



# RICHARD CORDRAY
OHIO ATTORNEY GENERAL

## CONSUMER COMPLAINT FORM, PART 2

| Office Use Only: |
|---|
| Complaint #: 549501 |

When you file a consumer complaint with the Ohio Attorney General's Office, you also must submit copies of documents related to your complaint, such as contracts and receipts. Submitting these documents helps ensure that you will get the best possible results from our complaint resolution process. Failure to provide required documentation may prevent or delay our ability to help you.

**Please send this form and copies of any documents related to your complaint to the Attorney General's Office:**
Consumer Protection Section, 30 E. Broad St., 14th floor, Columbus, OH 43215-3400
DO NOT SEND ORIGINALS. Any documents sent to our office will be scanned electronically and then destroyed.

> **PLEASE NOTE: Any information you submit with your complaint is considered public and may be released as part of a public records request. Remove Social Security numbers, credit card numbers, debit card numbers and other bank account numbers from any documents you submit with your complaint.**

### DOCUMENTS TO SUBMIT WITH YOUR COMPLAINT

Check below to indicate which documents/items you are submitting with your complaint (check all that apply):

- [✓] Contract / Purchase Agreement
- [ ] Warranty / Service Agreement
- [ ] Invoice / Billing Statement
- [ ] Payment Record / Receipt
- [ ] Advertisement
- [✓] Estimate / Proposal
- [ ] Loan Application

- [ ] HUD-1 Settlement Statement (*Residential Mortgage Transactions Only*)
- [ ] Debt Collection Account Number* (*Debt Collection Complaints Only*) _____
- [✓] Other: _____

*DO NOT SUBMIT YOUR BANK ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER.

### ADDITIONAL INFORMATION ABOUT YOU

- [ ] Over the age of 60

$ _____ $92,528



# RICHARD CORDRAY
### OHIO ATTORNEY GENERAL

## CONSUMER COMPLAINT FORM

**Office Use Only:**
Complaint #: 539502

The Ohio Attorney General's Consumer Protection Section provides a complaint resolution process to resolve disputes between consumers and businesses. If you have a complaint regarding a consumer transaction (a purchase or advertisement of a product or service used for the home or personal use), you may file a complaint with our office.

### YOU MAY FILE A COMPLAINT ONE OF THREE WAYS:

| By mail: | By phone: | Online: |
|---|---|---|
| Complete this form in dark ink and mail to:<br>**Consumer Protection Section**<br>**30 E. Broad St., 14th floor**<br>**Columbus, OH 43215-3400** | Call 1-800-282-0515<br>Our help center associates will assist you in filing your complaint. | Visit **www.OhioAttorneyGeneral.gov**<br>On our Web site, you can file a complaint, sign up for our e-newsletter and learn about your consumer rights. |

### PRE - COMPLAINT QUESTIONS

- Have you contacted the company about your complaint?    Yes ___ No ✓ *(re)*
- Have you hired an attorney to represent you in this matter?    Yes ___ No ✓

    If yes, provide: Attorney's name: _____    Attorney's phone number: ( )_____
- Are you involved in a lawsuit regarding this issue?    Yes ✓ No ___    *legal AED, HUD, United Way,*
- Have you contacted any other agencies regarding this issue?    Yes ✓ No ___

    If yes, please list the agencies: *Yours Office, The Cuyahoga Special Master for the lawsuit*

> **PLEASE NOTE:** Any information you submit with your complaint is considered public and may be released as part of a public records request. Remove Social Security numbers, credit card numbers, debit card numbers and other bank account numbers from any documents you submit with your complaint.

### INFORMATION ABOUT YOU (THE CONSUMER)

First name: *Danielle*    MI: *P*    Last name: *Gordon*    Suffix: *(Blank)*
Address: *3592 Lytle RD*
City: *Shaker Hts*    State: *OH*    Zip Code: *44122*    County: *Cuyahoga*    Country: *USA*
Daytime phone: (*216*) *835 1 4143*    Alternate phone: ( )_____
E-mail address: ▓▓▓▓▓▓▓▓    Fax: ( )_____

### SUBJECT OF THE COMPLAINT — BUSINESS INFORMATION

Name of business you're complaining about (supplier): *Aurora Loan Services*
Address: *10350 Park Meadows Dr.*
City: *Littleton*    State: *CC*    Zip Code: *80124*    County: _____    Country: *USA*
Telephone: ( )_____    Toll-free: ( )_____    Fax: ( )_____
E-mail address: _____    Web address: _____
Name of business owner/salesperson: *Scott Prosdick*

☐ CORRECTED (if checked)

| LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | OMB No. 1545-6877 |
|---|---|
| NATIONSTAR MORTGAGE<br>RETURN SERVICE ONLY<br>PLEASE DO NOT SEND MAIL TO THIS ADDRESS<br>PO BOX 619063<br>DALLAS, TX 75261-9063<br>CUSTOMER SERVICE : 1-888-480-2432 | **2015**<br>Form **1099-A** |

**Acquisition or Abandonment of Secured Property**

| 1 Date of lender's acquisition or knowledge of abandonment | 2 Balance of principal outstanding |
|---|---|
| 05-15-15 | $ 249,999.05 |

| 3 | 4 Fair market value of property |
|---|---|
| | $ 414,355.60 |

| BORROWER'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code |
|---|
| 5-692-46092-0006384-000-1-000-000-000-000 |
| ESTATE OF JON GORDON<br>3572 LYTLE RD<br>SHAKER HEIGHTS    OH 44122 |

5 If checked, the borrower was personally liable for repayment of the debt . . . . ▶ ☒

| 6 Description of property |
|---|
| 3572 LYTLE RD |

| Lender's federal identification no. | BORROWER'S identification no. |
|---|---|
| 75-2921540 | XXX-XX-XXXX |

Account number (see instructions)
0600013267

**Copy B**
**For Borrower**

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

Form **1099-A**          (Keep for your records)          www.irs.gov/form1099a          Department of the Treasury - Internal Revenue Service

Danielle P. Gordon, Pro Se
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431 (fax/manual)
216-337-4143

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | |
| Debtors | : | 08-13555(SCC) |
| : . . | : | (Jointly Administered) |

-------------------------------------------------------------------x

## (PROPOSED) Order Finding Motion for Administrative Claim or Partial Transfer of Existing Claim 15989; Loan File 45268737 Well Taken

Upon the motion of Danielle Pauer Gordon, a claimed party in interest, of Lehman

Brothers Holdings Inc. and its Affiliated Debtor, SASCO, dated September 23, 2016, seeking to

partially transfer and amend claim number 15989, loan file 45268737 all as more fully described

in the Motion and Supporting Brief;

and it appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Motion is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest,

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein;

23

and after due deliberation and sufficient cause appearing therefor, it is ORDERED that the relief

requested in the Motion is granted;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2016 New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT :**
**SOUTHERN DISTRICT OF NEW YORK**          **NOTICE OF ORDER**

Vito Genna, Clerk of Court
Southern District of New York          PLEASE SEND A COPY TO
One Bowling Green                      THE FOLLOWING:
New York, NY 10004-1408

(A) the Office of the United States Trustee for the
Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006,
New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and
Andrea B. Schwartz,, Esq.);

(B) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan
Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur F. Foster, Jr., Esq.,
Dennis C. O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of
unsecured creditors;

(C) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New
York 10019 (Attn: Paul V. Shalhoub, Esq., Todd G. Cosenza, Esq., and Benjamin P. McCallen,
Esq.), attorneys for LBHI and certain of its affiliates; and

(D) Rollin Braswell Fisher LLC, 8350
East Crescent Parkway, Suite 100, Greenwood Village, Colorado 80111 (Attn: Michael A.
Rollin, Esq. and Maritza Dominguez Braswell, Esq.)


(e)Danielle P. Gordon
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431(manual fax)
216-337-4143 (phone)
Daniellepg@outlook.com



Date_____    _____    2016___



Clerk of Court_____



25

Certificate of Service:
On September 26, 2016, I sent a copy of these exhibits to the following by hand delivered:

 (a) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 23;

And by United States Mail, Postage Prepaid:

 (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and Andrea B. Schwartz,, Esq.);

(c) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur F. Foster, Jr., Esq., Dennis C. O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of unsecured creditors;

(d) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Paul V. Shalhoub, Esq., Todd G. Cosenza, Esq., and Benjamin P. McCallen, Esq.), attorneys for LBHI and certain of its affiliates; and

(e) Rollin Braswell Fisher LLC, 8350 East Crescent Parkway, Suite 100, Greenwood Village, Colorado 80111 (Attn: Michael A. Rollin, Esq. and Maritza Dominguez Braswell, Esq.)

By:

/s/ Danielle Gordon
Danielle P. Gordon, Pro Se
Surviving Spouse of Jon S. Gordon
3572 Lytle Road
Shaker Heights, Ohio 44122
216-752-0431(manual fax)
216-337-4143 (phone)
Daniellepg@outlook.com

26