B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.     Case No. <u>08-13555 (SCC)</u>
(Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>MORGAN STANLEY SENIOR FUNDING, INC.</u><br>Name of Transferee | <u>HF CANYON MASTER, LTD.</u><br>Name of Transferor |
|---|---|
| Name and Address where notices to transferee should be sent:<br><br>1585 Broadway, 2nd Floor<br>New York, New York 10036<br>Attn: John Ragusa<br>Email: <u>nydocs@morganstanley.com</u><br>Tel: (212) 761-2991 | Court Claim # (if known):  <u>multiple—please see Schedule 1 to attached Agreement and Evidence of Transfer</u><br>Amount of Claim Transferred:  <u>please see Schedule 1 to attached Agreement and Evidence</u><br>Date Claim Filed:  <u>multiple</u><br>Debtor:  <u>Lehman Brothers Holdings Inc.</u> |
| Phone:<br>Last Four Digits of Acct #: | Phone:<br>Last Four Digits of Acct. #: |

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct #:

**Error! Unknown document property name.**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

MORGAN STANLEY SENIOR FUNDING, INC.

By: _____ /s/ John Ragusa _____          Date:   October 11, 2016
Name of Transferor/Transferee's Agent
John Ragusa
Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Error! Unknown document property name.**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **HF CANYON MASTER, LTD.** (**F/K/A CITI CANYON LTD.**) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **MORGAN STANLEY SENIOR FUNDING, INC.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Numbers **67870** and **67871** (the "Proofs of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc. (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (collectively, the "Purchased Claim"),

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim,

(c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

(d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) each Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the Debtor of the same class and type as the Purchased Claim; (f) Seller has delivered to Purchaser true and correct copies of distribution notices relating to the fourth distribution on or about October 3, 2013, the fifth distribution on or about April 3, 2014, the sixth distribution on or about October 2, 2014, the seventh distribution on or about April 2, 2015, the eighth distribution on or about October 1, 2015 and the ninth distribution on or about March 31, 2016 (which distributions are documented on the

942792v.2 892/04740

same notice), the tenth distribution on or about June 16, 2016 and the eleventh distribution on or about October 6, 2016 (which notices have not been supplemented, amended or revised) that set forth the distributions paid by the Debtor to Seller on account of the Transferred Claims; (g) Seller or its predecessor in interest has received the distributions paid by the Debtor in respect of the Transferred Claims (collectively, the "LBHI Distributions") reflected in Schedule 2 attached hereto; and (h) other than the LBHI Distributions, no payment or other distribution has been received by or on behalf of Seller, directly or indirectly, in full or partial satisfaction of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of the Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments distributions or proceeds received by Seller after the trade date of August 3, 2016 in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claims. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

942792v.2 892/04740

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of ___October___ 2016.

**MORGAN STANLEY SENIOR FUNDING, INC.**

By: *John Ragusa* _____
Name: John Ragusa
Title: Authorized Signatory

1585 Broadway, 2nd Floor
New York, New York 10036
Attn: John Ragusa
Email: nydocs@morganstanley.com
Tel: (212) 761-2991

**HF CANYON MASTER, LTD.**

**By: Canyon Capital Advisors LLC, its Investment Advisor**

By:_____
Name:
Title:

c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Attention: Jonathan M. Kaplan
Email: jkaplan@canyonpartners.com
Tel: (310) 272-1000

- 3 -

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of October 2016.

| MORGAN STANLEY SENIOR FUNDING, INC. | HF CANYON MASTER, LTD. |
|---|---|
| | By: Canyon Capital Advisors LLC, its Investment Advisor |
| By: _____<br>Name:<br>Title: | By: _/s/ John P Plaga_<br>Name: John P Plaga<br>Title: Authorized Signatory |
| 1585 Broadway, 2nd Floor<br>New York, New York 10036<br>Attn: John Ragusa<br>Email: nydocs@morganstanley.com<br>Tel: (212) 761-2991 | c/o Canyon Capital Advisors LLC<br>2000 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067<br>Attention: Corporate Actions<br>Email: corpactions@canyonpartners.com<br>Tel: (310) 272-1400 |

<u>Schedule 1</u>

<u>Transferred Claims</u>

<u>Purchased Claim</u>

The Purchased Claim consists of the allowed amounts in U.S. dollars of the securities under the Proofs of Claim set forth below.

Description of the Purchased Security:

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Security Purchased | Proof of Claim Number | Allowed Amount in USD Being Transferred Hereunder |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $68,000.00 | 67870 | $69,272.39 |
| LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $272,000.00 | 67871 | $277,089.57 |
| | | | **Total** | **$340,000.00** | | **$ 346,361.95** |

942792v.2 892/04740

Schedule 2

LBHI Distributions:

| ISIN/CUSIP | Proof of Claim Numbers | Allowed Amount (USD) | First Distribution (USD) April 17, 2012 | Second Distribution (USD) October 1, 2012 | Third Distribution (USD) April 4, 2013 | Fourth Distribution (USD) October 3, 2013 |
|---|---|---|---|---|---|---|
| 52525KAD4 | 67870 | $69,272.39 | $4,172.85 | $2,642.46 | $3,445.09 | $3,976.99 |
| 52525KAD4 | 67871 | $277,089.57 | $16,691.38 | $10,569.84 | $13,780.38 | $15,907.96 |

| ISIN/CUSIP | Proof of Claim Numbers | Allowed Amount (USD) | Fifth Distribution (USD) April 3, 2014 | Sixth Distribution (USD) October 2, 2014 | Seventh Distribution (USD) April 2, 2015 | Eighth Distribution (USD) October 1, 2015 |
|---|---|---|---|---|---|---|
| 52525KAD4 | 67870 | $69,272.39 | $4,413.77 | $3,208.22 | $2,204.68 | $1,649.84 |
| 52525KAD4 | 67871 | $277,089.57 | $17,655.09 | $12,832.91 | $8,818.74 | $6,599.35 |

| ISIN/CUSIP | Proof of Claim Numbers | Allowed Amount (USD) | Ninth Distribution (USD) March 31, 2016 | Tenth Distribution (USD) June 16, 2016 | Eleventh Distribution (USD) October 3, 2016 |
|---|---|---|---|---|---|
| 52525KAD4 | 67870 | $69,272.39 | $470.89 | $690.29 | $1,169.57 |
| 52525KAD4 | 67871 | $277,089.57 | $1,883.54 | $2,761.16 | $4,678.28 |

942792v.2 892/04740