WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS, INC., et al.,**  :    **08-13555 (SCC)**
                                                             :
             Debtors.                                        :    **(Jointly Administered)**
                                                             :
------------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtor*, on behalf of LB Rose Ranch LLC ("Rose Ranch"), and Hansen Construction, Inc. ("Hansen Construction" and, together with the Plan Administrator, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

### RECITALS

A.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Entities") commenced voluntary cases (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  Rose Ranch commenced its Chapter 11 Case on February 9, 2009.

B.    On July 2, 2009, this Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure establishing September 22, 2009, as the deadline for parties in interest to file proofs of claim (each a "Proof of Claim") against the Debtors (the "Bar Date Order") [ECF No. 4271].

C.    On September 22, 2009, each of Ironbridge Aspen Collection, LLC ("Ironbridge Aspen"), Ironbridge Homes, LLC ("Ironbridge Homes"), and Ironbridge Mountain Cottages, LLC ("Ironbridge Mountain Cottages" and collectively with Ironbridge Aspen and Ironbridge Homes, the "Ironbridge Entities") filed Proofs of Claim (claim numbers 30848, 30849, and 66154) against Rose Ranch (collectively, the "Ironbridge Claims").

D.    On May 14, 2010, certain plaintiffs (the "Colorado Homeowner Plaintiffs") commenced the litigation captioned *Jamin Cook, et al. v. Ironbridge Homes, LLC, et al.*, (Case No. 2010CV142, the "Homeowner Defect Litigation") that is currently pending in the District Court, Garfield County, Colorado (the "Colorado Court"), by filing a complaint (as amended from time to time, the "Complaint") against, *inter alia*, Rose Ranch, Hansen Construction, Steven A. Hansen (individually and, together with Hansen Construction, "Hansen"), Dirk Gosda (individually, "Gosda"), and the Ironbridge Entities.  The Homeowner Defect Litigation involves claims asserted by the Colorado Homeowner Plaintiffs arising out of certain alleged construction defects resulting in property damage in the residences that the Colorado Homeowner Plaintiffs purchased from defendant Ironbridge Homes or one of its affiliates.

E.    On November 30, 2011, Rose Ranch commenced an action in the Colorado Court, assigned case number 2011CV310, against the Ironbridge Entities, Hansen, Ironbridge Management LLC ("Ironbridge Management"), Sunrise Company (a/k/a Sunrise Construction,

2

"Sunrise"), and Gosda (the "Colorado Developers Litigation").  The Colorado Developers Litigation has been stayed and currently is pending before the Colorado Court.  The defendants named in the Colorado Developers Litigation deny liability to Rose Ranch and the other Chapter 11 Entities or their respective insurers.

F.    On December 19, 2011, Hansen, the Ironbridge Entities, Ironbridge Management, and Gosda filed a motion in the Chapter 11 Cases seeking relief from the automatic stay (the "Stay Relief Motion") to, *inter alia*, assert claims against the Debtors in the Colorado Developers Litigation and the Homeowner Defect Litigation [ECF No. 23551].

G.    On March 27, 2012, the parties to the Colorado Developers Litigation entered into that certain Tolling and Forbearance Agreement effective November 30, 2011 (the "Initial Tolling Agreement").  The Initial Tolling Agreement tolled any applicable statutes of limitations, statutes of repose, or any other time-related defenses that might exist with regard to the claims that the parties to the Tolling Agreement may assert against each other.

H.    On November 18, 2011 and December 2, 2014, Rose Ranch and the Colorado Homeowner Plaintiffs entered into stipulations (ECF Nos. 2236 and 47375), pursuant to which the Colorado Homeowner Plaintiffs agreed that in the event any judgment or other relief was allowed against Rose Ranch in the Homeowner Defect Litigation, the execution or recovery thereon shall be limited to any insurance available to Rose Ranch under the policies provided to it by its Insurers.

I.    Beginning January 6, 2015 through February 2, 2015, Hansen, the Ironbridge Entities, Gosda, and others not including Rose Ranch, as Respondents, and the Colorado Homeowner Plaintiffs, as Claimants, participated in an arbitration proceeding before Joel A. Kolody, Esq., as arbitrator.  On March 19, 2015, the arbitrator entered interim arbitration awards in favor of the Colorado Homeowner Plaintiffs. In June, 2015, the arbitrator entered final

3

arbitration awards in favor of the Colorado Homeowner Plaintiffs and against the Respondents, including Hansen, Gosda and the Ironbridge Entities, totaling approximately $9,416,525.00 (the "Arbitration Award").

J.      On July 28, 2015, the jury in the Homeowner Defect Litigation returned verdicts (the "Jury Verdicts") in favor of each Colorado Homeowner Plaintiffs and against Rose Ranch on the claims asserted in the Complaint.

K.      On October 7, 2015, the Colorado Court entered judgments on the Arbitration Award in favor of the Colorado Homeowner Plaintiffs and against Hansen, Ironbridge Homes, Ironbridge Mountain Cottages, and Gosda (the "Hansen Judgment"). Pursuant to an Order entered by the Colorado Court on October 22, 2015, Hansen Construction paid $9,218,911.60 into the Registry of the Colorado Court in October, 2015 to satisfy the Hansen Judgment (the "Satisfaction Payment").

L.      On May 19, 2016, Rose Ranch served notice of termination of the Initial Tolling Agreement, effective as of June 18, 2016.

M.      On July 8, 2016, *nunc pro tunc* to July 28, 2015, the Colorado Court entered its Judgment on Jury Verdicts in favor of the Colorado Homeowner Plaintiffs and against Rose Ranch (the "Rose Ranch Judgment").

N.      Hansen Construction asserts that by virtue of the Hansen Judgment, the Rose Ranch Judgment, and the Satisfaction Payment, it has a right of contribution and/or indemnity (the "Contribution Claims") from Rose Ranch and/or the insurers that issued insurance policies in which either or both of LBHI and Rose Ranch is an insured, or in which either or both of Rose Ranch and LBHI possesses an interest (collectively, the "Insurers"). The Plan Administrator, Rose Ranch and the Insurers contest such assertion.

4

O. On August 17, 2016, the Colorado Homeowner Plaintiffs filed a notice of settlement in the Homeowner Defect Litigation stating that a settlement of all claims between themselves and Rose Ranch had been reached and that a joint stipulation and motion to dismiss Rose Ranch from the Homeowner Defect Litigation with prejudice will be forthcoming.

P. On September 15, 2016, Rose Ranch and Hansen entered into that certain Tolling and Forbearance Agreement (the "Second Tolling Agreement"). The Second Tolling Agreement tolled any applicable statutes of limitations, statutes of repose, or any other time-related defenses that might exist with regard to the claims that the parties to the Second Tolling Agreement may assert against each other until 12:01 a.m. (Eastern Time) on the earlier of (i) October 7, 2016 and (ii) the date on which the Bankruptcy Court enters an order approving the Stay Relief Stipulation.

Q. Contemporaneous with this Stipulation, Agreement and Order, Rose Ranch, the Ironbridge Entities, Ironbridge Management, and Hansen entered into a settlement agreement memorializing their resolution of the Colorado Developers Litigation, the Ironbridge Claims, and the Stay Relief Motion (the "Settlement Agreement").

R. Pursuant to the Settlement Agreement, the Parties agree, *inter alia*, that the Ironbridge Entities, Ironbridge Management, Gosda, and Hansen shall withdraw the Stay Relief Motion with prejudice and the Automatic Stay shall be modified solely to the extent necessary to: (i) permit Hansen Construction to assert its alleged Contribution Claims in the Homeowner Defect Litigation and prosecute such claims against Rose Ranch and/or its Insurers, provided that Hansen Construction shall seek to collect any damages, award or judgment against Rose Ranch only from the proceeds of any applicable insurance policy or policies under which Rose Ranch is an insured, or in which Rose Ranch possesses an interest (the "Insurance Policies and Proceeds"), (ii) permit Hansen Construction to settle the Contribution Claims asserted in the

5

Homeowner Defect Litigation with Rose Ranch's Insurers, if appropriate, (iii) permit Hansen Construction to execute or collect upon any judgment or award rendered in its favor with respect to the Contribution Claims against any Insurance Policies and Proceeds without the need to seek further Court approval, and (iv) permit any one or more of Hansen Construction, Gosda, Steven A. Hansen, Ironbridge Homes, Ironbridge Mountain Cottages, Ironbridge Aspen Collection, and/or Ironbridge Management to defend any claim by Rose Ranch and/or its Insurers arising out of the Homeowner Defect Litigation, the Colorado Developer Litigation, the Hansen Judgment, and/or the Rose Ranch Judgment whether or not those claims are released in the Settlement Agreement.

S.    In light of the foregoing, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Approval Date"), except with respect to Paragraph 4 herein which shall be immediately effective upon the filing of this Stipulation, Agreement and Order.

2.    Upon the Approval Date, the Automatic Stay extant in the Chapter 11 Cases of Rose Ranch shall be modified solely to the extent necessary to: (i) permit Hansen Construction to assert and prosecute any Contribution Claim against Rose Ranch and/or its relevant Insurers, (ii) permit Hansen Construction to settle the Contribution Claims with Rose Ranch's Insurers, if appropriate, (iii) permit Hansen Construction to execute or collect upon any judgment or award rendered in its favor with respect to the Contribution Claims against the Insurance Policies and

6

Proceeds without the need to seek further Bankruptcy Court approval in order to recover any judgment or award from Rose Ranch's Insurance Policies and Proceeds, and those LBHI Insurance Policies and Proceeds under which Rose Ranch is a covered subsidiary, and (iv) permit any one or more of Hansen Construction, Steven A. Hansen, Ironbridge Homes, Ironbridge Mountain Cottages, Ironbridge Aspen Collection, and Ironbridge Management, to defend any claim by Rose Ranch and/or its Insurers arising out of or related to the Homeowner Defect Litigation, the Colorado Developer Litigation, the Hansen Judgment, and/or the Rose Ranch Judgment, whether or not those claims are released in the Settlement Agreement, and such permission shall extend to Gosda only if he signs the Settlement Agreement indicating his consent to paragraph 5.a. therein; *provided*, *however*, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Rose Ranch or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim, other than through Rose Ranch's Insurance Policies and Proceeds, that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

    3.    Rose Ranch and Hansen Construction agree to toll any applicable statutes of limitations, statutes of repose, or any other time-related defenses that might exist in regard to the claims the Parties have against each other during the period from the Effective Date of the Settlement Agreement or the date of filing of this Stipulation, Agreement and Order, whichever occurs first, and continuing until fourteen (14) days after the Approval Date or the date on which the Court enters an Order rejecting or disapproving this Stipulation, Agreement and Order. Notwithstanding any contrary provision herein, Rose Ranch and Hansen Construction further

7

agree that the tolling agreement in this Paragraph 3. and referenced in the Settlement Agreement shall be effective whether or not this Stipulation, Agreement and Order is approved by the Court.

4. Notwithstanding anything herein to the contrary and the consent of Rose Ranch to the limited relief described herein, Hansen Construction hereby covenants and agrees that in the event that any judgment or other relief is allowed against Rose Ranch in the Homeowner Defect Litigation with respect to the Contribution Claims, (a) execution or recovery thereon shall be limited to any available Rose Ranch Insurance Policies and Proceeds, and (b) Hansen Construction shall reimburse Rose Ranch or agree to a credit against judgment for any deductibles or similar obligations incurred as a direct result of the Contribution Claims or for which Rose Ranch may be liable under the applicable insurance policies before Hansen Construction recovers any amounts from Rose Ranch Insurance Policies and Proceeds.

5. Except as otherwise provided in the Settlement Agreement, notwithstanding Paragraph 2 above, nothing contained herein shall be construed as a waiver by Rose Ranch or its Insurers of its right to raise any cross claims, counterclaims or defenses in the Homeowner Defect Litigation, including, without limitation, contesting or objecting to the Contribution Claims on any grounds other than that the filing of the Contribution Claims constitutes a violation of the Automatic Stay.

6. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities, any of their non-debtor affiliates or their insurers regarding any claim or cause of action arising from or in relation to the Homeowner Defect Litigation or any other matter.

7. This Stipulation, Agreement and Order shall not limit any rights of Hansen to seek payment for the Contribution Claims from persons or entities other than the Chapter 11

8

Entities, or from any sources of insurance other than the Rose Ranch Insurance Policies and Proceeds.

8. To the extent applicable, neither the post-discharge injunction of section 524 of the Bankruptcy Code nor the terms of the confirmed *Modified Third Amended Joint Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* shall in any way be interpreted to preclude or bar Hansen from exercising any of its rights or remedies provided for under this Stipulation, Agreement and Order, and shall not prevent it from recovering against Rose Ranch's Insurance Policies and Proceeds and those LBHI insurance policies and proceeds under which Rose Ranch is a covered subsidiary.

9. The Settlement Agreement, the Second Tolling Agreement, and this Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

10. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

11. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties, or by further Court order.

13. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: October 6, 2016
New York, New York

/s/ Tracy L. Klestadt
Tracy L. Klestadt
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000

Attorneys for Hansen Construction, Inc.

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

SO ORDERED, this
18th day of October 2016

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE