UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING THE MOTION OF GORAN
PULJIC, T.K. NARAYAN, SCOTT SNELL, CYNTHIA ZAMORA DANIEL, AND
CHRISTOPHER MONTALVO FOR A DETERMINATION THAT THE
AUTOMATIC STAY DOES NOT APPLY [OR] [ALTERNATIVELY,
(II) RELIEF FROM THE AUTOMATIC STAY]**

Goran Puljic, T.K. Narayan, Scott Snell, Cynthia Zamora Daniel, and Christopher Montalvo (the "Arbitration Respondents") have filed a motion (the "Motion") pursuant to Sections 105(a) and 362(d) of Title 11 of the United States Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure seeking an order (1) that the automatic stay does not apply to a special proceeding that Arbitration Respondents would commence in New York State Supreme Court to stay or enjoin an arbitration proceeding (the "Arbitration") commenced against them by Lehman Brothers Holdings Inc. ("LBHI"); or (2) in the alternative, if the automatic stay applies, granting relief from the automatic stay to permit Arbitration Respondents to file a petition to stay or enjoin the Arbitration in New York State Supreme Court. Pursuant to Rule 9006 the Arbitration Respondents also sought a reduction of time to provide notice for this Motion.

After due consideration given to the Motion, the Declaration of Edward P. Boyle in support of the Motion, dated November 9, 2016, and the exhibits affixed thereto, and any responses or objections to the Motion; and a hearing on the Motion having been held before the Court; and upon a record of such hearing, which is incorporated by reference herein and made a

part hereof; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

    A.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    Proper, timely, adequate and sufficient notice of the Motion and the hearing thereon has been given under the circumstances and no further notice is necessary.

    C.    The automatic stay does not apply to the special proceeding that Arbitration Respondents seek to commence in New York State Supreme Court to stay (*i.e.*, enjoin) an arbitration proceeding (the "Arbitration") commenced by Lehman Brothers Holdings Inc.

[or]

[Cause exists for lifting the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to allow Arbitration Respondents to commence in New York State Supreme Court to stay (*i.e.*, enjoin) the Arbitration commenced by Lehman Brothers Holdings Inc.]

[or]

[The debtors in this jointly administered bankruptcy do not have equity in the property at issue in the Arbitration, and that such property is not necessary to the effective reorganization of the debtors' estates in this jointly administered bankruptcy. Consequently, the automatic stay is lifted pursuant to section 362(d)(2) of the Bankruptcy Code to allow Arbitration Respondents to commence in New York State Supreme Court to stay (*i.e.*, enjoin) the Arbitration commenced by Lehman Brothers Holdings Inc.]

    D.    Upon the record herein after due deliberation thereon, good and sufficient cause exists for granting of the relief as set forth herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is granted.

2. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases in New York State Supreme Court to stay an arbitration proceeding Arbitration commenced by Lehman Brothers Holdings Inc.

[or]

[Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases is hereby modified to the extent necessary to allow Arbitration Respondents to commence a special proceeding in New York State Supreme Court to stay an arbitration proceeding Arbitration commenced by Lehman Brothers Holdings Inc.]

3. The Arbitration Respondents are hereby authorized to take any and all necessary actions to effectuate the provisions of this Order.

4. The relief granted herein is without prejudice to Arbitration Respondents' rights to assert any claims they may have against the Debtors, their estates, or any third parties.

5. This Order shall be effective immediately upon its entry.

6. [This modification of the automatic stay shall not be stayed by operation of the 14-day stay of effectiveness under Rules 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.]

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2016

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE