VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Flr.
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Edward P. Boyle
David N. Cinotti
Michael A. Guerra
*Counsel for Goran Puljic, T.K. Narayan, and Scott Snell*

HOGUET NEWMAN REGAL & KENNEY, LLP
10 East 40th Street
New York, New York 10016
Telephone: (212) 689-8808
Fascimile: (212) 689-5101
John P. Curley
*Counsel for Cynthia Zamora Daniel and Christopher Montalvo*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.**, ***et al.***, | **Case No. 08-13555 (SCC)** |
| **Debtors.** | **(Jointly Administered)** |

**MOTION OF GORAN PULJIC, T.K. NARAYAN, SCOTT SNELL, CYNTHIA ZAMORA DANIEL, AND CHRISTOPHER MONTALVO FOR AN ORDER SHORTENING TIME FOR NOTICE OF THE HEARING TO CONSIDER THEIR MOTION FOR (I) A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY, OR, ALTERNATIVELY, (II) RELIEF FROM THE AUTOMATIC STAY**

Arbitration Respondents Goran Puljic, T.K. Narayan, Scott Snell, Cynthia Zamora Daniel, and Christopher Montalvo, individuals ("Arbitration Respondents"), having filed contemporaneously herewith the *Motion of Goran Puljic, T.K. Narayn, Scott Snell, Cynthia Zamora Daniel, and Christopher Montalvo for (I) a Determination that the Automatic Stay Does not Apply, or, alternatively, (II) Relief from the Automatic Stay* (the "Stay Motion"), hereby file this motion (the "Motion to Shorten"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), shortening time for notice of the hearing to consider the Stay Motion, such

that a hearing can be held on **November 22, 2016 at 10:00 a.m. (prevailing Eastern Time)**, with any objections to be filed and served by **November 17, 2016 at 4:00 p.m. (prevailing Eastern Time)**. In support of the Motion to Shorten, the Arbitration Respondents respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are § 105(a) of the Bankruptcy Code and Rule 9006(c) of the Bankruptcy Rules.

**BACKGROUND RELEVANT TO THIS MOTION**

3. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain affiliates commenced voluntary bankruptcy proceedings under Chapter 11 of the Bankruptcy Code (the "Lehman Bankruptcy"). *See, e.g.*, *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (SCC), ECF No. 1 (Voluntary Pet., dated Sept. 15, 2008).

4. On October 27, 2016, LBHI filed a Demand for Arbitration and Statement of Claim in its capacity as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors, on behalf of non-debtors LB I Group Inc. and Lehman Brothers CDO Associates 2004 L.P. *See* Declaration of Edward P. Boyle, Esq., dated Nov. 9, 2016 ("Boyle Decl."),[1] Ex. A (Statement of Claim), p. 1; Ex. B (Demand for Arbitration), p. 1.

5. For reasons addressed in more detail in the Stay Motion, Arbitration Respondents contend that no arbitration agreement exists between the parties. *See, e.g.*, Stay Mot., ¶ 13; *see*

[1] Arbitration Respondents filed the Boyle Declaration contemporaneously with their Stay Motion.

*also* Boyle Decl., ¶ 3. Arbitration Respondents intend to commence a special proceeding in New York Supreme Court, New York County to stay or enjoin the Arbitration on the basis that no agreement to arbitrate exists. *See id.*

6. On November 2, 2016, the Arbitration Respondents' counsel spoke by telephone with counsel for LBHI. *See id.* During this call, Arbitration Respondents' counsel told LBHI's counsel that the Arbitration Respondents intended to commence a special proceeding in the New York State Supreme Court to seek to stay or enjoin the Arbitration. *See id.* ¶ 5. Arbitration Respondents' counsel also informed LBHI's attorney that Arbitration Respondents would ask this Court to lift the automatic stay to allow the Arbitration Respondents to file the special proceeding. *See id.* Arbitration Respondents' counsel asked LBHI to stipulate to a proposed order lifting the automatic stay. *See id.* Arbitration Respondents' counsel also asked LBHI to consent to extend the Arbitration deadlines to allow LBHI and the Arbitration Respondents time for the courts to decide the Stay Motion and special proceeding. *See id.* The extension of the Arbitration deadlines is important because, for example, under the American Arbitration Association's procedural rules, Arbitration Respondents' must answer LBHI's Demand for Arbitration on or before **November 15, 2016.** *See id.* ¶ 8. Arbitration Respondents' counsel followed up on the November 2 call by sending an email to Mr. Bennett memorializing the discussion. *See id.*; *see also id.*, Ex. F (Email among parties, dated Nov. 2, 2016).

7. Arbitration Respondents' counsel had a further discussion with LBHI's counsel on November 4, at which time Arbitration Respondents' counsel asked LBHI's counsel whether LBHI would also stipulate to a proposed order determining that the automatic stay did not apply. *Id.* ¶ 6.

8. On November 8, LBHI's counsel informed Arbitration Respondents' counsel that LBHI refused to stipulate that the automatic stay did not apply to the planned special proceeding, or that the automatic stay should be lifted. *Id.*, ¶ 7. LBHI also refused to consent to Arbitration Respondents' request for relief from the upcoming Arbitration deadlines, which only increases the need for the Court to reduce the notice period for this Motion. *See id.* ¶¶ 7-8.

9. Arbitration Respondents believe that the automatic stay is inapplicable to their planned special proceeding. *See generally* Stay Motion. Out of an abundance of caution, Arbitration Respondents have filed the Stay Motion seeking this Court's determination that the automatic stay is inapplicable to their defensive petition to stay the Arbitration the day after LBHI refused to consent to a stipulation. *See* Boyle Decl., ¶ 9.

**RELIEF REQUESTED**

10. By this Motion to Shorten, the Arbitration Respondents respectfully request that, for cause shown, the Court enter the Order, pursuant to Rule 9006(c) of the Bankruptcy Rules, setting the hearing on the Stay Motion on **November 22, 2016 at 10:00 a.m. (prevailing Eastern Time)** and allowing parties to object to the Stay Motion by **November 17, 2016 at 4:00 p.m. (Prevailing Eastern Time)**.

11. The Arbitration Respondents filed the Stay Motion contemporaneously with the filing of this Motion to Shorten. By the Stay Motion, the Arbitration Respondents seek entry of an order, substantially in the form filed contemporaneously with the Stay Motion, pursuant to Sections 105(a) and 362(d) of Title 11 of the United States Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, (1) determining that the automatic stay does not apply to a special proceeding that Arbitration Respondents seek to commence in New York State Supreme Court to stay (*i.e.*, enjoin) the Arbitration; or (2) in the alternative, if the

automatic stay applies, granting relief from the automatic stay to permit Arbitration Respondents to file a petition to stay or enjoin the Arbitration.

**ARGUMENT**

12. The Arbitration Respondents respectfully request that the Court enter the Order, pursuant to Rule 9006(c) of the Bankruptcy Rules, setting the hearing on the Stay Motion for **November 22, 2016 at 10:00 a.m. (prevailing Eastern Time)** and allowing parties to object to the Stay Motion by **November 17, 2016 at 4:00 p.m. (Prevailing Eastern Time)**.

13. Bankruptcy Rule 9006(c) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Bankruptcy Rule 9006(c).

14. This Court's Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated June 17, 2010 [ECF No. 9635] (the "Second Amended Procedures"), also permits the Arbitration Respondents to seek a shortening of the notice period. *See* Second Am. Procedures [ECF No. 9635], ¶ 29 ("[N]othing in the Second Amended Procedures shall prejudice the right of any party to move the court to request a[] . . . reduction of any time period under Bankruptcy Rules . . . 9006(c).").

15. Arbitration Respondents have demonstrated that cause exists to shorten the applicable notice period for the Stay Motion. Where, like here, "time is of the essence, the [movant] may request a reduction in time required to effectuate the motion pursuant to Rule 9006(c)." *In re Carrow*, 315 B.R. 8, 20 (Bankr. N.D.N.Y. 2004). Arbitration Respondents must secure a stay of the Arbitration (i.e., injunction) from the New York Supreme Court to prevent

the Arbitration from proceeding in their absence. To do so, however, the Arbitration Respondents must first secure this Court's guidance regarding the applicability of the automatic stay. *See, e.g.*, *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 (2d Cir. 1990) (creditor with a good faith belief that the automatic stay did not apply still "should have sought the advice of the bankruptcy court as to the applicability of the automatic stay"); *see generally* 11 U.S.C. § 362(k)(1) ("[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").

16. Pursuant to the American Arbitration Association's procedural rules, Arbitration Respondents' must answer LBHI's Demand for Arbitration on or before **November 15, 2016.** *See* Boyle Decl., ¶ 8. The next hearing date available for the Court to hear the Stay Motion is November 22. *See* Epiq Website for LBHI (Ch. 11), *available at* http://dm.eqip11.com/#/case/LBH/info. If the Arbitration Respondents are not heard on that date, the next hearing date thereafter is December 13, or otherwise, Arbitration Respondents would need to seek to bring the Stay Motion by order to show cause. Arbitration Respondents intend to ask the American Arbitration Association not to proceed with the Arbitration or at least to extend the deadlines so that Arbitration Respondents have sufficient time to seek relief from the courts, but it is uncertain whether the Association will grant these requests over LBHI's refusal. Boyle Decl., ¶ 8.

17. Granting this Motion to Shorten is the simplest and most equitable way for the Court, the Arbitration Respondents, and LBHI to resolve the automatic stay issue raised in the Stay Motion. Particularly here, where LBHI refused to consent to an adjournment of the

Arbitration deadlines, equity is in favor of the Court granting this Motion to Shorten to resolve these matters, including the application of the automatic stay, as soon as possible.

18. The reduced notice period will not prejudice LBHI because Arbitration Respondents verbally notified LBHI's counsel about the Stay Motion on November 2, 2016. *See id.*, ¶¶ 5-6; Ex. F (Email among parties, dated Nov. 2, 2016). During that call and a follow-up call on November 4, the Arbitration Respondents sought LBHI's consent to (a) the relief requested in the Stay Motion, and (b) an extension of the upcoming Arbitration deadlines. *See id.*, ¶¶ 5-6; Ex. F (Email among parties, dated Nov. 2, 2016). LBHI's counsel refused all of the consent sought by Arbitration Respondents on November 8. *See id.*, ¶ 5. If LBHI had consented to the stipulations sought regarding the automatic stay, or to the requested relief from the Arbitration deadlines, this Motion to Shorten would be significantly less urgent.

19. For the reasons discussed in the Stay Motion, the shortened notice will also not prejudice any of the other parties that have appeared in the Lehman Bankruptcy. *See, e.g.*, Stay Mot., ¶¶ 19-25.

**NO PREVIOUS REQUEST**

20. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

**NOTICE**

21. Pursuant to the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated June 17, 2010 [ECF No. 9635], and Bankruptcy Rule 2002, Arbitration Respondents will provide notice of this Motion to (i) counsel for the Lehman Bankruptcy debtors, (ii) the Creditors' Committee; (iii) the Office of the United States Trustee for the Southern District of New York, and (vi) LBHI's Arbitration counsel. Arbitration

Respondents will also email a copy of these motion papers to counsel for LBHI in this Arbitration. In light of the nature of the relief requested herein, Arbitration Respondents will notify all other parties requesting notice under Bankruptcy Rule 2002 via the ECF Filing System. Arbitration Respondents respectfully submit that no other or further notice need be given and that the notice that Arbitration Respondents will provide is sufficient for purposes of this Motion.

**CONCLUSION**

WHEREFORE, the Arbitration Respondents respectfully request entry of the Order, substantially in the form attached hereto as Exhibit A, (i) setting the hearing on the Stay Motion on **November 22, 2016 at 10:00 a.m. (prevailing Eastern Time)**; (ii) and allowing parties to object to the Stay Motion by **November 17, 2016 at 4:00 p.m. (Prevailing Eastern Time)**; and (iii) granting such further relief as is necessary or appropriate.

Dated: New York, New York
November 9, 2016

HOGUET NEWMAN REGAL & KENNEY, LLP

By: /s/
John P. Curley
10 East 40th Street
New York, New York 10016
Telephone: (212) 689-8808
Fascimile: (212) 689-5101

*Counsel for Cynthia Zamora Daniel and Christopher Montalvo*

Dated: New York, New York
November 9, 2016

VENABLE LLP

By: [signature]
Edward P. Boyle
David N. Cinotti
Michael A. Guerra
Rockefeller Center
1270 Avenue of the Americas, 24th Flr.
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

*Counsel for Goran Puljic, T.K. Narayan, and Scott Snell*