Hearing Date: November, 22, 2016 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: November 17, 2016 at 4:00 p.m.  (Prevailing Eastern Time)

VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Flr.
New York, New York 10020
Telephone:   (212) 307-5500
Facsimile:    (212) 307-5598
Edward P. Boyle
David N. Cinotti
Michael A. Guerra
*Counsel for Goran Puljic, T.K. Narayan,*
*and Scott Snell*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (SCC)**<br><br>**(Jointly Administered)** |

**DECLARATION OF EDWARD P. BOYLE, ESQ.**

Pursuant to 28 U.S.C. § 1746, Edward P. Boyle, Esq. declares as follows:

1.  I am an attorney admitted to practice before this Court and a partner at the law firm Venable LLP, attorneys for the movants Goran Puljic, T.K. Narayan, and Scott Snell, individuals.  I respectfully submit this declaration in support of (a) the Motion of Goran Puljic, T.K. Narayan, Scott Snell, Cynthia Zamora Daniel, and Christopher Montalvo ("Arbitration Respondents") for (I) a Determination that the Automatic Stay does not Apply, or, Alternatively, (II) relief from the Automatic Stay (the "Stay Motion"), and (b) the Arbitration Respondents' Motion for an Order Shortening Time for Notice of the Hearing to Consider their Motion for (I) a Determination that the Automatic Stay does not Apply, or, Alternatively, (II) relief from the

Automatic Stay (the "Motion to Shorten"), which was filed contemporaneously with the Stay Motion.

2. On October 27, 2016, Lehman Brothers Holdings Inc. ("LBHI"), the principal debtor in the above-captioned, jointly administered Chapter 11 cases, filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association against Arbitration Respondents (the "Arbitration"). A true and correct copy of LBHI's Statement of Claim, dated October 27, 2016, is attached as **Exhibit A**. A true and correct copy of LBHI's Demand for Arbitration, also dated October 27, is attached as **Exhibit B**.

3. Arbitration Respondents are not bound to arbitrate because the contract provision LBHI relies upon to compel the arbitration is an incomplete and unsigned draft of a limited-partnership agreement for Lehman Brothers CDO Associates 2004 L.P. (the "Draft LP Agreement"), which does not reflect a final binding agreement. A true and correct copy of the Draft LP Agreement, which was attached to the Statement of Claim as Exhibit 1, is attached as **Exhibit C.** Among other things, Arbitration Respondents never signed or agreed to the terms of the Draft LP Agreement, and the Draft LP Agreement is an incomplete draft document that was never ultimately finalized. Arbitration Respondents never reached consensus with Lehman Brothers regarding final terms of the Draft LP Agreement. Accordingly, Arbitration Respondents intend to commence a special proceeding in the New York State Supreme Court, which would seek to stay or enjoin the Arbitration because no arbitration agreement exists.

4. LBHI did not commence the Arbitration on its own behalf, but on behalf of two other entities, LB I Group, Inc. and Lehman Brothers CDO Associates 2004, L.P. A true and correct copy of Public Access to Court Electronic Records ("PACER") search for "LB I Group" in the PACER Case Locator Bankruptcy Party Search, which was conducted on November 8,

2016 is attached hereto as **Exhibit D** ("LBIG Pacer Search").  A true and correct copy of Public Access to Court Electronic Records ("PACER") search for "CDO Associates" in the PACER Case Locator Bankruptcy Party Search, which was conducted on November 8, 2016 is attached hereto as **Exhibit E** ("L.P. Pacer Search").

5. On November 2, 2016, I participated in a telephone call with John Curley (counsel for Arbitration Respondents Cynthia Zamora Daniel and Christopher Montalvo) and Joshua Bennett (counsel for Lehman Brothers Holdings Inc.).  During this call, Mr. Curley and I told Mr. Bennett that the Arbitration Respondents intended to commence a special proceeding in the New York State Supreme Court, which would seek to stay or enjoin the Arbitration.  We also informed Mr. Bennett that the Arbitration Respondents would ask this Court to lift the automatic stay to allow the Arbitration Respondents to file the special proceeding, and asked Mr. Bennett whether LBHI would stipulate to a proposed order from this Court lifting the stay.  We also asked Mr. Bennett whether LBHI would consent to hold the Arbitration in abeyance or at least extend the Arbitration deadlines to allow sufficient time for courts to decide the Stay Motion and special proceeding.  Later on November 2, Mr. Curley sent Mr. Bennett an email memorializing the discussion.  A true and correct copy of that email is attached as **Exhibit F**.

6. On November 4, 2016, I spoke again by telephone with Mr. Bennett concerning the matters discussed on November 2.  In that call, I asked whether LBHI would stipulate to a proposed order determining that the automatic stay does not apply to the Arbitration.

7. In a telephone call on the afternoon of November 8, Mr. Bennett informed me that LBHI would not agree to any of the requested stipulations regarding the automatic stay, and also would not agree to the requested relief from deadlines in the Arbitration.

3

8. LBHI's refusal to agree to hold the Arbitration in abeyance or to extend the Arbitration deadlines increases the need for the Court to reduce the notice period for the Stay Motion. According to a notice from the American Arbitration Association, the first deadline in the Arbitration is November 15, 2016, by which time Arbitration Respondents are supposed to answer LBHI's Demand for Arbitration. Arbitration Respondents intend to ask the American Arbitration Association not to proceed with the Arbitration or at least to extend the deadlines sufficiently so that Arbitration Respondents have sufficient time to seek relief from the courts, but it is uncertain whether the Association will grant these requests over LBHI's refusal.

9. Arbitration Respondents are filing the Stay Motion the day after LBHI (1) refused to agree to a stipulation regarding the Stay Motion, and (2) refused to agree to hold the Arbitration in abeyance or extend the Arbitration deadlines.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 9, 2016

_____
EDWARD P. BOYLE