# Exhibit F

## Boyle, Edward P.

| | |
|---|---|
| From: | John Curley <jcurley@hnrklaw.com> |
| Sent: | Wednesday, November 02, 2016 7:55 PM |
| To: | Bennett, Joshua M. |
| Cc: | Boyle, Edward P.; Cinotti, David N. |
| Subject: | LBHI v. Puljic et al. |

Josh,

As discussed this evening, the respondents in the arbitration (Puljic, Narayan, Snell, Daniel, Montalvo) intend to file a motion in NY Supreme to stay the arbitration, on the ground that there is no agreement to arbitrate. Because we would be moving against LBHI (claimant in the arbitration), we need to ask the bankruptcy court to lift the automatic bankruptcy stay for the limited purpose of allowing petitioners to make this motion.

We think the quickest and most cost-efficient way to get this issue resolved in the bankruptcy court would be for LBHI and respondents in the arbitration to stipulate to a proposed order lifting the stay for this limited purpose. We would submit this stipulation to the bankruptcy court with our motion papers. Please let us know if LBHI would agree to a stipulation. If so, we will draft one for you to review. If not, please let us know the reasons, so we may set them forth in our motion.

We also request that LBHI agree to hold the arbitration in abeyance, or at least agree to extend the arbitration deadlines, pending the NY Supreme Court's decision on whether there is an agreement to arbitrate. This will save both parties from costly motion practice to obtain emergency relief pending a decision on the motion to stay the arbitration. Please let us know if LBHI will agree to this request. If LBHI will not, please let us know the reasons.

Both proposals are good faith efforts to cooperate and avoid unnecessary legal fees. We appreciate LBHI's consideration.

Ed, John

John P. Curley

HOGUET NEWMAN
REGAL & KENNEY, LLP

10 East 40th Street
New York, New York 10016
T 212.689.8808 | F 212.689.5101

website | bio | vCard | email

This email transmission constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient(s) intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-

1