Hearing Date and Time: December 13, 2016 at 10:00 a.m.
Response Deadline: December 2, 2016 at 4:00 p.m.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------------x

**NOTICE OF HEARING ON PLAN ADMINISTRATOR'S**
**OBJECTION TO PROOF OF CLAIM NUMBER 12803**

**PLEASE TAKE NOTICE** that a hearing on the annexed objection (the "Objection") of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors to proof of claim 12803 will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 13, 2016 at 10:00 a.m. (Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the response, and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn; Garrett A. Fail, Esq., attorneys for LBHI and certain of its affiliates; and (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq., so as to be so filed and received no later than **December 2, 2016 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if a response to the Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 11, 2016
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

Hearing Date and Time: December 13, 2016 at 10:00 a.m.
Response Deadline: December 2, 2016 at 4:00 p.m.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------x
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
------------------------------------------------------------------------------x

### PLAN ADMINISTRATOR'S OBJECTION TO PROOF OF CLAIM NUMBER 12803

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), files this objection and respectfully represents:

**Preliminary Statement**

1. Pursuant to section 510(b) of title 11 of the United States Code (the "Bankruptcy Code"), the claim asserted by Monique M. Fong, Alex Rinehart, Jo Anne Buzzo, Maria DeSousa and Linda Demizio (collectively, the "Fong Claimants") on behalf of themselves and unnamed other participants in the Lehman Brothers Savings Plan (the "Savings Plan") must be classified as equity because the claim arises out of, relates to, and is in connection with

WEIL:\95921044\4\58399.0011

investments in LBHI common stock.  Pursuant to section 510(b) and the Plan, the claim is properly classified in LBHI Class 12 — Equity Interests.

## Jurisdiction

2. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against LBHI.

5. Pursuant to the Plan, claims arising out of, relating to, or in connection with shares of common stock, preferred stock, other forms of ownership interest, or any other equity security in LBHI are classified in LBHI Class 12 — "Equity Interests in LBHI."  Plan at §§ 1.51, 4.17.

## The Fong Claim

6. The Fong Claimants filed proof of claim number 12803 (the "Fong Claim") on or about September 15, 2009.

4

7. The Fong Claim seeks "recovery for losses incurred by [the Fong Claimants] in connection with their own investments in Lehman common stock through the [Savings] Plan." Fong Claim Ex. A at 1. It further seeks recovery for a class of "all persons . . . who were participants in or beneficiaries of the [Savings Plan] . . . and who allocated [Savings Plan] contributions to the Company Stock Fund." *Id.*

8. The Fong Claim bases its claim against LBHI on alleged breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA") and the doctrine of *respondeat superior* for the alleged breaches of fiduciary duty committed by LBHI's directors, officers, and employees. *Id.* The thrust of the Fong Claim is that parties "allowed the [Savings] Plan to acquire and hold Lehman common stock ("Company Stock")." *Id.* at ¶ 4 of Ex. 1 of Ex. A.

## Relief Requested

9. The Plan Administrator seeks to classify the Fong Claim as equity and to subordinate the claim to general unsecured creditors of LBHI pursuant to section 510(b) of the Bankruptcy and the Plan. A proposed form of order is annexed hereto as **Exhibit A**.

## The Fong Claim Must Be Classified in LBHI Class 12 — Equity Interests

10. The Bankruptcy Code mandates the subordination of claims for damages arising from the purchase or sale of securities of a debtor or an affiliate of the debtor. 11 U.S.C. § 510(b). Specifically, section 510(b) of the Bankruptcy Code states:

> [A] claim . . . for damages arising from the purchase or sale of [a security of the debtor or an affiliate of the debtor] or for reimbursement or contribution allowed under section 502 on account of such claim . . . shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

5

WEIL:\95921044\4\58399.0011

*Id.* Section 101(49) of the Bankruptcy Code defines "security" broadly to include notes, stocks, bonds, debentures, and any other claim or interest commonly referred to as a security. 11 U.S.C. § 101(49).

11. As detailed below, the Fong Claim falls squarely within the plain text of section 510(b) of the Bankruptcy Code. Common stock of LBHI is clearly a "security of the debtor." The alleged "acquisition" and continued holdings of LBHI common stock by the Savings Plan clearly constitutes a "purchase or sale" of a security. Subordination of the Fong Claim to unsecured creditors in this case is mandatory.

12. This Court has already disallowed or classified as equity and subordinated numerous similar claims pursuant to section 510(b) of the Bankruptcy Code. *See, e.g.*, Order Granting Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims [ECF No. 20631] (disallowing and expunging 401(k) claims); Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims [ECF No. 21382] (in part, classifying 401(k) claims as equity interests); First Supplemental Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims [ECF No. 25816] (same); Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims [ECF No. 27107] (same); Order Granting Debtors' Three Hundred Forty-Second Omnibus Objection to Claims [ECF No. 38483] (same); Supplemental Order Granting Debtors' Three Hundred Forty-Second Omnibus Objection to Claims [ECF No. 39020] (same).

13. The Fong Claim's allegations of breach of fiduciary duty under an ERISA plan do not remove the Fong Claim from the scope of section 510(b). *See In re Med Diversified*, 461 F.3d 251, 256 (2d Cir. 2006) (concluding that section 510(b) requires mandatory subordination of claims "arising from the purchase or sale of a security of the debtor" and

6

subordinating claim of employee electing to participate in company stock in lieu of cash compensation); *In re Delta Airlines, Inc.*, 05-17923 (CGM) [ECF No. 7473] (finding "no reason why an ERISA claim is shielded from mandatory subordination under § 510(b)" where subordination was sought of a breach of fiduciary duty claim against a plan fiduciary under ERISA); *In re Touch Am. Holdings, Inc.*, 381 B.R. 95, 102 (Bankr. D. Del. 2008) (subordinating claims by former officers and directors of chapter 11 debtor for indemnification in pending action brought under ERISA because underlying claim in the ERISA suit was based on purchase or sale of securities within the meaning of section 510(b)).

    14.  As the Court is aware, section 510(b) is to be interpreted broadly, and this Court has previously ruled that numerous similar claims should be subordinated pursuant to section 510(b). *See In re Lehman Bros. Inc.*, 503 B.R. 778, 782, 787 (Bankr. S.D.N.Y. 2014); *In re Lehman Bros. Holdings, Inc.*, 519 B.R. 47, 50 (Bankr. S.D.N.Y. 2014). *See also In re Wireless Corp., Inc.*, 384 B.R. 713, 718 (Bankr. D. Del. 2008) ("Courts interpreting section 510(b) have read the term 'purchase' broadly."). Other courts have agreed with the courts in this district that section 510(b) should be ready expansively to encompass many types of claims related to the purchase or sale of securities, including claims for breach of fiduciary duty. *See, e.g., Mid-American Waste*, 228 B.R. 816, 825 n.5 (Bankr. D. Del. 1999)("[T]he claims contemplated by section 510(b) can also be based on other case law and statutory law dealing with fraudulent conduct generally, breach of fiduciary duty and similar types of misconduct"); *In re Touch Am. Holdings, Inc.*, 381 B.R. at 104) (adopting a broad reading of the term "purchase" and noting that "stock given to an employee as compensation nonetheless involves a 'bargain and exchange of value'"); *see also* COLLIER ON BANKRUPTCY 510.04[3] (16th ed. 2009) (acknowledging that courts have adopted a broad reading of the term "arising from" and that

"under this broad reading, the claim need not flow directly from the securities transaction or arise contemporaneously with the purchase or sale of the security . . . if the transaction is part of the causal link leading to the injury").

15. The term "arising from" has been granted an expansive reading by courts in this district. *See, e.g. In re Enron Corp.*, 341 B.R. 141, 159-62 (Bankr. S.D.N.Y. 2006) (subordinating breach of contract claims, among others, pursuant to section 510(b)); *In re WorldCom, Inc.*, 329 B.R. 10, 15 (Bankr. S.D.N.Y. 2005) ("From the perspective of section 510(b), it makes no difference whether the stockholder's loss in the value of his stock was caused by a pre-purchase fraud which induced his purchase, or a post-purchase fraud, embezzlement, looting, or other corporate misconduct which undermined the value of his stock.").

16. Consistent with this black letter law, the Plan classifies all claims against LBHI subject to section 510(b) in LBHI Class 11, other than claims "arising out of, relating to, or in connection with Equity Interests in LBHI," which the Plan requires be classified separately in LBHI Class 12. Plan §§ 1.51, 1.140, 4.16, 4.17.

17. Each element of section 510(b) is present here, and accordingly, the Fong Claim should be subordinated pursuant to the provisions of the Bankruptcy Code and classified as an Equity Interest in LBHI (as such term is defined in the Plan).

## Reservation of Rights

18. The Plan Administrator reserves all rights to object to the validity of, liability for, or amount of the Fong Claim. The Plan Administrator denies all liability for the Fong Claim[1] and the validity of the Fong Claim as a class claim, but further judicial and estate

---

[1] Complaints filed by the Fong Claimants against non-debtor defendants have been dismissed by the United States District Court for the Southern District of New York and the orders dismissing the complaints have been affirmed

8

resources ought not be expended on these arguments unless and until recoveries will be made by LBHI on account of its Equity Interests.[2]

## Notice

19.  No trustee has been appointed in the Chapter 11 Cases. The Plan Administrator has served notice of this Objection in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] on, among others, counsel to the Fong Claimants. The Plan Administrator submits that no other or further notice need be provided.

20.  No previous request for the relief sought herein has been made by LBHI or the Plan Administrator to this or any other court.

---

by the United States Court of Appeals for the Second Circuit.  *See In re Lehman Brothers Secs. and ERISA Litig.*, 15-cv-2229, ECF No. 103 (2d Cir. May 31, 2016); *In re Lehman Brothers Secs. and ERISA Litig.*, No. 08-cv-5598, 09-md-2017 (S.D.N.Y. July 10, 2015).  Litigation pending since 2008 continues, though, as the Fong Claimants recently petitioned for writ of certiorari in the Supreme Court of the United States.

[2] The Fong Claimants did not — at any time over the course of the eight years of these Chapter 11 Cases — seek Court approval for application of Bankruptcy Rule 7023 to the Fong Claim pursuant to Bankruptcy Rule 9014. The Fong Claimants have not satisfied the requisite procedural requirements to bring a class claim.  *See In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 7 (S.D.N.Y. 2005) (affirming that the need for a Rule 9014 motion clearly follows from an attempt to apply Rule 23 to a proof of claim). Further, even if the Fong Claimants had complied with the provisions of Rule 9014, a class claim should not be allowed in these Chapter 11 Cases. "[N]othing in the Bankruptcy Code or Rules expressly permits a creditor to file a proof of claim not only for himself but also on behalf of all other creditors similarly situated." *Id.* at 4. As this Court has previously recognized, bankruptcy courts should only sparingly allow class claims in the context of a chapter 11 case. *See* Tr. at 77:12-22, Adv. Pro. No. 09-01482 (Bankr. S.D.N.Y. Jan. 21, 2010) (ECF No. 13) ("Ordinarily, Rule 23 provisions [allowing class claims] are applied sparingly in Chapter 11 cases. The reason for that is that the bankruptcy process itself allows for a multitude of claimants to have their claims heard and determined by a single court . . . . Under these circumstances, without prejudice to the rights of plaintiffs, a class action is, in the Court's view, an entirely unnecessary and inappropriate procedure."). As noted above, members of the putative class did file their own individual claims for the loss related to LBHI Equity Interests and the Savings Plan, and the Court already has classified their claims as Equity Interests.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 11, 2016
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re                                                                                :    Chapter 11 Case No.
                                                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (SCC)
                                                                                          :
                                            Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO PROOF OF CLAIM NUMBER 12803

Upon the objection, dated November 11, 2016 (the "Objection")[1], of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to sections 502(b) and 510(b) of title 11 of the United States Code (the "Bankruptcy Code"), seeking to subordinate proof of claim number 12803 (the "Fong Claim") and classify the Fong Claim as an Equity Interest in LBHI (as such term is defined in the Plan), all as more fully described in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

ORDERED that the Fong Claim is subordinated pursuant to section 510(b) of the Bankruptcy Code; and it is further

ORDERED the Plan Administrator is authorized to classify the Fong Claim in LBHI Class 12; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
       New York, New York

                                                     UNITED STATES BANKRUPTCY JUDGE