UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Lehman Brothers Holdings Inc.         Case No. 08-13555 (SCC)
                                         Court ID (Court Use Only) _____

## NOTICE OF TRANSFER OF CLAIMS OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a) pursuant to Bankruptcy Rule 3001(e)(2). Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee:<br>Macquarie US Trading LLC | Name of Transferor:<br>Seaport Global Securities LLC |
|---|---|
| Notices to Transferee should be sent to:<br>Macquarie US Trading LLC<br>125 West 55th Street, 20th Floor<br>New York, New York 10019<br>(212) 231-2216<br>Attn: Takkai Wang<br>Email: takkai.wang@macquarie.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor:<br>Seaport Global Securities LLC<br>360 Madison Avenue, 22nd Floor<br>New York, New York 10017<br>(212) 616-7713<br>Attn : Jonathan Silverman<br>Email: jsilverman@seaportglobal.com |
| Claim Amount Transferred:<br>$12,158,311.82 aggregate allowed amount | *Note: See Schedule 1 to the attached Evidence of Transfer* |
| Court Claim No.<br>42611 | |
| Date Claim Filed:<br>October 20, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____      Sara Lustgarten
      Authorized Signatory      Assistant Vice President     Date: 11-15-16

Takkai Wang
Senior Vice President

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
*LEHMAN BROTHERS PROGRAM SECURITY*

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Seaport Global Securities LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Macquarie US Trading LLC** (the "Purchaser"), and Purchaser hereby purchases, as of 14 November 2016 (the "Effective Date"), (a) an undivided interest in Seller's right, title and interest in and to the Proof of Claim Numbers listed on Schedule 1 (the "Purchased Claim") filed by or on behalf of Seller (collectively, the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of Lehman Program Securities; (g) Seller's immediate prior seller has received distributions in connection with the Transferred Claims and the Purchased Securities in the amounts and on the dates set forth in Schedule 2 hereto (the "Prior Distributions") and Seller has delivered to Purchaser a true and correct copy of each disbursement notice from the Debtor (which have not been supplemented, amended or revised) for the Prior Distributions; (h) the Prior Distributions have not been proportionately less than the distributions concurrently received by other holders of Lehman Program Securities; (i) other than the Prior Distributions received by Seller's immediate prior seller, Seller has not received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims or the Purchased Securities; and (j) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Purchased Claim.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the

case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following the Effective Date or the date of receipt) remit any payments, distributions or proceeds in respect of the Transferred Claims to Purchaser. Seller shall transfer on the Effective Date to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14 day of November, 2016.

| Seaport Global Securities LLC | Macquarie US Trading LLC |
|---|---|
| By: _____ | By: _____ |
| Name: | Name: Takkai Wang |
| Title: Jonathan Silverman | Title: Senior Vice President |
| General Counsel | Sara Lustgarten |
|  | Assistant Vice President |
| Address: | Address: |
| 360 Madison Avenue, 22nd Floor | 125 West 55th Street, 20th Floor |
| New York, New York 10017 | New York, New York 10019 |

Schedule 1

Purchased Claim

100% of claim under proof of claim number 42611, which amount totals an allowed amount of USD $12,158,311.82 (which is the equivalent of EUR €10,000,000.00 based on the applicable calculation date) the outstanding allowed amount of the Proof of Claim as of November [ ], 2016, plus all accrued interest, fees and other recoveries due

Lehman Program Securities to which Transfer Relates

| ISIN | Issuer | Guarantor | Transferred Amounts | Proof of Claim Number | Euroclear Blocking Number |
|---|---|---|---|---|---|
| XS0226254547 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $12,158,311.82 which is the equivalent of EUR €10,000,000.00 based on the applicable calculation date | 42611 | 6046157 |

Schedule 2

Distributions

LBHI distributions (USD)

| ISIN | XS0226254547 |
|---|---|
| Notional Quantity | 12,158,311.82 |
| 1st Distribution April 17, 2012 | 438,801.31 |
| 2nd Distribution October 1, 2012 | 296,105.28 |
| 3rd Distribution April 4, 2013 | 374,007.97 |
| 4th Distribution October 3, 2013 | 443,432.17 |
| 5th Distribution April 3, 2014 | 481,672.37 |
| 6th Distribution October 2, 2014 | 361,489.77 |
| 7th Distribution April 2, 2015 | 246,688.80 |
| 8th Distribution October 1, 2015 | 188,149.45 |
| 9th Distribution March 31, 2016 | 52,197.39 |
| 10th Distribution June 16, 2016 | 77,738.48 |
| 11th Distribution October 6, 2016 | 136,687.08 |

LBV distributions (EUR)

| ISIN | XS0226254547 |
|---|---|
| Notional Quantity | 10,000,000.00 |
| 1st Distribution May 8, 2013 | 1,204,028.85 |
| 2nd Distribution October 24, 2013 | 471,689.97 |
| 3rd Distribution April 28, 2014 | 506,973.03 |
| 4th Distribution October 28, 2014 | 419,146.42 |
| 5th Distribution April 27, 2015 | 335,798.11 |
| 6th Distribution November 04, 2015 | 244,330.00 |
| 7th Distribution April 28, 2016 | 68,390.00 |
| 8th Distribution July 14, 2016 | 102,412.78 |