WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (646) 365-6849
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.
Email: wmaher@wmd-law.com
Email: pdefilippo@wmd-law.com
Email: jgiampolo@wmd-law.com
Email: abialek@wmd-law.com

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:    (303) 945-7415
Facsimile:    (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (pro hac vice)

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ――――――――――――――――――― x | | |
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| ――――――――――――――――――― x | | |

**LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR ENTRY OF AN**
**OMNIBUS ORDER (I) TO ENFORCE AGAINST NONCOMPLIANT MORTGAGE**
**LOAN SELLERS, AND TO COMPEL THEM TO COMPLY WITH, THE**
**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR**
**INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN**
**SELLERS, AND (II) FOR CIVIL CONTEMPT SANCTIONS AGAINST SUCH**
**NONCOMPLIANT MORTGAGE LOAN SELLERS FOR THEIR VIOLATION OF**
**THE ORDER**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or "Plan Administrator"), as Plan

Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers*

*Holdings Inc. and Its Affiliated Debtors* (the "Plan"), confirmed by Order entered December 6,

2011 [ECF No. 23023] (the "Confirmation Order"), for the entities (together with LBHI, each a

"Debtor") in the above-captioned jointly administered Chapter 11 cases (the "Chapter 11

Cases"), brings this motion (the "Motion") for entry of an omnibus order substantially in the

form of the accompanying proposed order (the "Proposed Order") (i) to enforce against

noncompliant mortgage loan sellers (each an "Noncompliant Seller"), and to compel them to

comply with, the June 24, 2014 *Alternative Dispute Resolution Procedures Order for*

*Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, entered July 18, 2014

[ECF No. 45277] (the "ADR Order") in the Chapter 11 Cases, and (ii) for civil contempt

sanctions against such Noncompliant Sellers for their violation of the ADR Order, and, in

support of the Motion, the Plan Administrator submits the accompanying declaration of Scott

Drosdick, Esq. (the "Drosdick Dec." or the "Declaration"), and all exhibits thereto,[1] and

respectfully represents as follows:

## PRELIMINARY STATEMENT[2]

1.    This Motion arises from the ADR Order, which established alternative

dispute resolution procedures, including a mediation process (the "Indemnification ADR

Procedures") to resolve hundreds of contractual indemnification claims (the "Indemnification

---

[1] Any reference to an "Exhibit" or "Exh." refers to the exhibits annexed to the Declaration.

[2] All capitalized terms in the Preliminary Statement not otherwise defined herein or in the preamble above are
defined in the Background section below.

Claims") that LBHI holds against loan originators of allegedly defective residential mortgage

loans (each a "Seller").  LBHI's Indemnification Claims accrued, at the earliest, in early 2014,

when LBHI entered into multi-billion dollar settlements with Federal National Mortgage

Association ("Fannie Mae") and Federal Home Loan Mortgage Corp. ("Freddie Mac" and

together with Fannie Mae, the "GSEs").  The ADR Order (i) directed the Sellers that received

notice providing supporting information regarding LBHI's indemnification claims and settlement

demand (each an "Indemnification ADR Notice") to participate, in good faith, in the ADR

Order's mandatory alternative dispute resolution procedures, and (ii) permitted LBHI to seek

sanctions and/or orders to compel compliance with the procedures in the ADR Order against any

loan Seller who violates them.

2.        Since the ADR Order was entered, LBHI and this Court have adopted the

consolidated, coordinated, and uniform approach to efficient prosecution and resolution of

LBHI's Indemnification Claims, including LBHI's commencement of a consolidated action to

prosecute such claims while simultaneously pursuing mediation under the Indemnification ADR

Procedures.  To that end, LBHI has served hundreds of Sellers with Indemnification ADR

Notices, undertaken dozens of mediations with Sellers while simultaneously negotiating pre-

mediation with many more.

3.        The Noncompliant Sellers identified in the accompanying Declaration,

have violated the ADR Order because (i) they refused to respond to Indemnification ADR

Notices, as required by the ADR Order, even though their respective response deadlines expired,

and/or (ii) they refused to participate in the mandatory mediation process as required by the ADR

Order.  In an effort to resolve this matter without Court intervention, LBHI warned the

Noncompliant Sellers that LBHI would move to compel and seek sanctions if those Sellers

continued to fail to respond to the Indemnification ADR Notices.  To date, none of those

Noncompliant Sellers have responded, offered to participate, withdrawn their refusal to

participate or even explained their continuing failure to comply with the ADR Order.

4.    Accordingly, LBHI brings this Motion seeking entry of an omnibus order

to compel all Noncompliant Sellers identified in the accompanying Declaration to comply with

the ADR Order's procedures and seeking sanctions for their non-compliance.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and pursuant to paragraph A of the ADR Order, Paragraph 77 of the

Confirmation Order and Section 14.1 of the Plan wherein this Court retained jurisdiction over

this matter.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue in this Court is

appropriate pursuant to paragraph A of the ADR Order and 28 U.S.C. § 1408.

## BACKGROUND

6.    Commencing on September 15, 2008, and periodically thereafter, the

Debtors commenced with this Court the above-captioned voluntary Chapter 11 Cases, which

have been consolidated for procedural purposes and are being jointly administered pursuant to

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.    By the December 6, 2011 Confirmation Order, this Court confirmed the

Debtors' Plan, which became effective on March 6, 2012.  *See* Notice of Occurrence of Effective

Date of the Debtors' Third Amended Reorganization Plans [ECF No. 26039].

**A.    Debtors' Indemnification Claims and the Indemnification ADR Procedures**

8.    On May 29, 2014, LBHI filed its *Motion for Alternative Dispute*

*Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan*

4

*Sellers* [ECF No. 44450] (the "ADR Motion").  The ADR Motion sought Court authority to

establish the Indemnification ADR Procedures to address the Indemnification Claims LBHI held

(and continues to hold) against approximately 3,000 loan Sellers involving more than 11,000

mortgage loans.  These claims were triggered by LBHI's multi-billion dollar settlements with

Fannie Mae and Freddie Mac related to mortgage loans sold from LBHI to the GSEs.[3]  As a

result of the settlement of the GSEs' claims against LBHI, LBHI became entitled to seek

reimbursement and indemnification from the mortgage loan sellers and other institutions (such as

brokers) that sold or delivered the defective mortgage loans to LBHI (all collectively defined as

the "Sellers" in the ADR Order).  LBHI's Indemnification Claims arise specifically from the

Sellers' contractual agreement to indemnify the Debtors with respect to any third-party liability,

judgments, or damages suffered as a result of the mortgage loans.[4]  The ADR Motion sought

entry of the ADR Order providing the Indemnification ADR Procedures for the resolution and

recovery by the Debtors on account of the Indemnification Claims on an expedited and cost-

effective basis.

---

[3] *See* Settlement Agreement, dated January 22, 2014, by and among LBHI, *et al*., and Fannie Mae  [ECF No.
42153] (the "Fannie Settlement"); Settlement and Assignment Agreement, dated February 12, 2014, by and among
LBHI, *et al*., and Freddie Mac [ECF No. 42754] (the "Freddie Settlement" and together with the Fannie Settlement,
the "Settlement Agreements").  The Settlement Agreements were approved by Orders dated January 31, 2014 [ECF
No. 42420] and February 19, 2014 [ECF No. 42918].

[4] For example, one LBHI agreement contains the following broad indemnification language:

> 711.  INDEMNIFICATION AND THIRD PARTY CLAIMS.  . . . Seller shall
> indemnify Purchaser and Purchaser's designee (including, without limitation,
> any subsequent holder of any Note) from and hold them harmless against all
> claims, losses, damages, penalties, fines, claims, forfeitures, lawsuits, court
> costs, reasonable attorney's fees, judgments and any other costs, fees and
> expenses that the Purchaser may sustain in any way related to or resulting from
> any act or failure to act or any breach of any warranty, obligation, representation
> or covenant contained in or made pursuant to this Seller's Guide or the Loan
> Purchase Agreement by any agent, employee, representative or officer of Seller
> or Seller's correspondent.

Seller's Guide, § 711, dated April 15, 2005 referenced in the ADR Motion.

9.      On June 12, 2014 and June 13, 2014, various Sellers filed eleven separate objections to the ADR Motion and on June 17, 2014, LBHI filed an omnibus reply in further support of the ADR Motion [ECF No. 44728].

10.     After a hearing ("ADR Motion Hearing") on June 19, 2014, on July 18, 2014, the Court entered the ADR Order which it signed on June 24, 2014.  The ADR Order sets forth the Indemnification ADR Procedures, which is the mandatory alternative dispute resolution process for the Sellers' participation in non-binding mediation related to the Indemnification Claims (each such proceeding, an "ADR Mediation").  *See* ADR Order ¶ 6.[5]  A copy of the ADR Order is attached as Exhibit A to the Drosdick Dec.

11.     After entry of the ADR Order, LBHI served hundreds of Sellers with Indemnification ADR Notices instituting the Indemnification ADR Procedures against them in accordance with the ADR Order and undertook several dozen mediations with Sellers while simultaneously negotiating pre-mediation with many more.  Those ADR proceedings remain ongoing.  *See* Drosdick Dec. ¶ 3.

12.     LBHI also commenced lawsuits asserting Indemnification Claims against Sellers, including the omnibus adversary proceeding entitled *Lehman Brothers Holdings, Inc. v. First Advantage Mortgage, L,L.C., et al.*, Adv. Pro. No. 16-01019 (the "Omnibus Adversary Proceeding").  LBHI commenced this consolidated action in this Court to, among other reasons, avoid the increased expense and burden of duplicative litigation and to avoid inconsistent outcomes in similar cases, and to reduce the potential for inconsistent rulings around the country in multi-jurisdiction litigation.  *See* Drosdick Dec. ¶ 4.

---

[5]  Subsequently, certain modified versions of the ADR Order were entered with respect to some of the objectors to the ADR Motion.  However, none of the Unresponsive Sellers were among those objectors and such modified versions of the ADR Order do not apply to them.

**B.**     **Noncompliant Sellers Violated the ADR Order by Failing and Refusing to Timely Respond to Indemnification ADR Notices or by Failing and Refusing to Participate in the Mandatory Mediation Process**

13.     The ADR Order provides, among other things, that LBHI will designate a dispute (an "ADR Dispute") as to any Indemnification Claim by serving upon a Seller a copy of the ADR Order with an Indemnification ADR Notice "containing sufficient information regarding the Indemnification ADR Dispute to make the Seller aware of the nature of LBHI's affirmative claim and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise" ("ADR Package").  *See* ADR Order ¶¶ 3, 8(a).  The ADR Order further provides that "[f]or purposes of the ADR Procedures, service on or notice to a Seller shall be deemed adequate if such service or notice is provided to the Seller, the Seller's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail."  *See id.*

14.     Pursuant to the ADR Order, the Indemnification ADR Procedures begin with a "Notice/Response Stage," pursuant to which LBHI serves an Indemnification ADR Notice upon a Seller and that "Seller must respond to the Indemnification ADR Notice in writing through a 'Statement of Position' within (20) twenty calendar days from the date of service of the Indemnification ADR Notice" (each a "Response Deadline").  *See id.* ¶ 8(a)-(b).  The ADR Order provides that a Seller's "[f]ailure to provide a timely Response to the Indemnification ADR Notice, as described in Paragraphs 8(b)(i) and (ii) [of the ADR Order], may result, at the option of LBHI, in an application to the Court for Sanctions as set forth [in the ADR Order], including fees and costs, termination of the mediation and, at LBHI's discretion, institution of an action against the Seller, or immediate entry into the mediation stage."  *See id.* ¶ 8(c).

7

15.    After a Seller serves a response to an Indemnification ADR Notice, LBHI

has 15 days to reply or accept any counteroffer from the Seller, otherwise that ADR will

"automatically proceed to the Mediation Stage."  *See id.* ¶ 8(d).  As the ADR Order further

provides, "Indemnification ADR Disputes that are not resolved through the Notice/Response

Stage will proceed to mediation (the "Mediation Stage")," *see id.* ¶ 10, and both LBHI and the

Seller must participate in any such mediation in good faith and otherwise comply with the

Indemnification ADR Procedures, *see id.* ¶ 6(b).

16.    Paragraph 12 of the ADR Order provides, in pertinent part:

> LBHI and each Seller must participate in good faith with these
> [Indemnification] ADR Procedures with regard to the ADR
> Disputes specified in the applicable Indemnification ADR
> Notice.  If, after notice and a hearing, the Court determines that
> LBHI or the Seller have not complied with the Indemnification
> ADR Procedures in good faith in connection with any
> Indemnification ADR Dispute, LBHI or the Seller may be
> subject to such sanctions as the Court deems appropriate (the
> "Sanctions"). …  Sanctions shall include, but are not limited to:
> …
>
> b. Against Sellers: (i) attorneys' fees; (ii) fees and costs of the
> mediator; (iii) immediate initiation of the mediation stage,
> provided the matter has not yet reached that point; and/or (iv)
> termination of the mediation with the right for LBHI to elect to
> commence an action against a defaulting Seller.

ADR Order ¶ 12.

17.    Based upon prior experience and the evidence collected in LBHI's

preliminary investigation, each Noncompliant Seller identified in Exhibits C and D of the

Declaration filed in support of this Motion is among the hundreds of Sellers LBHI identified that

are the subject of the ADR Order and are liable for Indemnification Claims.  LBHI caused a copy

of the ADR Order along with the appropriate Indemnification ADR Notice documents to be

served upon each of the Noncompliant Sellers identified in Exhibits C and D. *See* Drosdick Dec. ¶ 6, Exhs. C, D.

18.    Set forth in Exhibit C are the details of LBHI's service of the ADR Order and appropriate Indemnification ADR Notice documents upon each Noncompliant Seller identified in Exhibit C. Copies of the cover letters reflecting service of the ADR Order and Indemnification ADR Notice documents are attached to the Declaration as Exhibits C-1 through C-29. *See id.* ¶ 8, Exhs. C, C-1 through C-29. The Indemnification ADR Notice documents themselves are confidential and subject to the mediation privilege as between LBHI and each Noncompliant Seller pursuant to the terms of the ADR Order.[6] When the Noncompliant Sellers in Exhibit C failed to serve written responses to their Indemnification ADR Notices within their Response Deadlines, as required by the ADR Order, LBHI caused letters to be served upon each of those the Noncompliant Sellers warning that LBHI would move to compel them to comply with the ADR Order and would seek sanctions against them for failing to comply. Set forth in Exhibit C are the details of LBHI's service of warning letters upon each Noncompliant Seller identified in Exhibit C. Copies of the warning letters served on them are attached to the Declaration as Exhibits C-30 through C-58. *See id.* ¶ 9, Exhs. C, C-30 through C-58.

19.    The ADR Order and each of the Indemnification ADR Notice documents and warning letters identified in Exhibit C were served upon the Noncompliant Sellers at the addresses identified in Exhibit C, which include the addresses and contact information for them currently listed on their respective official websites and/or the last known addresses for them and

---

[6] Pursuant to paragraphs 5, 6, 8(a), 9 and 13 of the ADR Order, (i) the Indemnification ADR Notice materials contain LBHI's demand for settlement, including an amount of monetary recovery LBHI would accept in settlement of same, as well as information designated as "Confidential" and credentials enabling each recipient to access certain documents designated as "Confidential" from a secure data repository website, (ii) "Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the [Indemnification] ADR Procedures," and (iii) "[a]ll discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined [in the ADR Order]) shall remain confidential and privileged…." *See* ADR Order ¶¶ 5, 6, 8(a), 9 and 13.

any of their attorneys, legal guardians, estate representatives, or other representatives, to best of

LBHI's knowledge, information and belief at the time each document was served after LBHI

exhausted a diligent search for all current addresses and contact information for those

Noncompliant Sellers.  *See id.*  ¶ 11, Exh. C.  As of the date of this Motion, none of the

Indemnification ADR Notice documents or warning letters identified in Exhibit C have been

returned as undeliverable and each of the Noncompliant Sellers identified therein have still failed

and refused to serve written responses to the Indemnification ADR Notices.  *See id.*  ¶ 12, Exh.

C.

      20.    Each Noncompliant Seller identified in Exhibit D received the ADR Order

and appropriate Indemnification ADR Notice documents and sent LBHI a written response to

same.  After expiration of the 15 day period under paragraph 8(d) of the ADR Order, each

Noncompliant Seller identified in Exhibit D was directed to proceed to the Mediation Stage and

mediators were selected for their ADR Disputes several months before this Motion.  However,

those Noncompliant Sellers have either failed or refused to attend or even schedule the

mandatory mediation. [7]  As of the date of this Motion, none of the Noncompliant Sellers

identified in Exhibit D have attended or scheduled mediations or withdrawn their refusal to do

so, or even offered any valid reason for failing or refusing to do.  *See* Drosdick Dec. ¶ 13, Exh.

D.

---

[7] For each of the Noncompliant Sellers identified in Exhibit D, who have failed or refused to participate in the mandatory mediation required by the ADR Order, Exhibit D identifies their latest addresses and contact information and the name of the mediators assigned to their ADR Disputes.  Exhibit D also identifies the date on which those Noncompliant Sellers were initially directed to proceed to the Mediate Stage pursuant to paragraph 10 of the ADR Order and describes the current status of their mediations reflecting their failure or refusal to participate in mediation.  *See* Drosdick Dec. ¶ 13, Exh. D.

## RELIEF REQUESTED

21.     Given the Noncompliant Sellers' continued failure and refusal to serve a

response to the Indemnification ADR Notices or continued failure and refusal to participate in

the mandatory mediation process, as required by the ADR Order, LBHI seeks an order to compel

the Noncompliant Sellers to provide the required responses and to otherwise participate in and

comply with the ADR Order's procedures, and for an award of sanctions against each

Noncompliant Seller for its failure and refusal to timely comply with the ADR Order.

## ARGUMENT

**A.     The Court Has Authority and Jurisdiction to Enforce the ADR Order Against
        the Noncompliant Sellers by Compelling Them to Comply With the ADR Order
        and Sanctioning Them for Their Failure to Timely Comply**

22.     This Motion merely seeks an order enforcing this Court's ADR Order, and

this Court has inherent authority and jurisdiction to enforce its own orders.  This Court also has

post-confirmation jurisdiction to grant this Motion because, as this Court previously ruled, the

subject matter of this Motion has a close nexus to LBHI's Chapter 11 Cases and its confirmed

Plan, and its confirmed Plan explicitly contemplates that this Court will retain post-confirmation

jurisdiction over this matter.

23.     Bankruptcy courts also have inherent authority to interpret and enforce

their own prior orders.  *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (upholding

the bankruptcy court's jurisdiction to enter a "clarifying order," interpreting the scope of an

injunction in a prior order confirming a chapter 11 plan); *In re Petrie Retail, Inc.*, 304 F.3d 223,

230 (2d Cir. 2002) ("bankruptcy court retains post-confirmation jurisdiction to interpret and

enforce its own orders").  This Court's ADR Order, imposes the procedures upon all Sellers,

including the Noncompliant Sellers, and provides for sanctions against them in the event they

fail to comply.  This Motion merely seeks to enforce the ADR Order against the Noncompliant

Sellers and this Court has the inherent authority and jurisdiction to do so.

24.      Additionally, this Court has post-confirmation jurisdiction to grant this

Motion because the subject matter of this Motion (*i.e.*, the Indemnification Claims, the ADR

Order and the Indemnification ADR Procedures therein) has a "close nexus" to LBHI's Chapter

11 Cases and its confirmed Plan.  *See Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH*

*Holdings Corp.)*, 448 Fed. Appx. 134, 137 (2d Cir. 2011); *see also In re Metro-Goldwyn-Mayer*,

459 B.R. 550, 556 (Bankr. S.D.N.Y. 2010) ("'close nexus' test is met when a matter affects the

interpretation, implementation, consummation, execution, or administration of the confirmed

plan") (citation and internal quotation marks omitted).  This Court has ruled that the

Indemnification ADR Procedures and the Indemnification Claims have "a close nexus to the

chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors …, confirmed by Order dated December 6, 2011 …."

*See* ADR Order ¶ A.

25.      This Court also has post-confirmation jurisdiction to grant this Motion.

Both LBHI's Plan and Confirmation Order explicitly provides that this Court may retain and

exercise post-confirmation jurisdiction over this matter. *See ADR Order* ¶ A; Confirmation Order

¶ 77; *see also* Plan § 14.1.

26.      Pursuant to § 14.1(i) of LBHI's confirmed Plan, this Court retained

jurisdiction to "issue injunctions, enter and implement other orders, and take such other actions

as may be necessary or appropriate to enforce or to restrain interference by any person with the

consummation, implementation or enforcement of . . . any [] order of the Bankruptcy Court."

Plan § 14.1(i).  Additionally, under § 13.8 of the Plan, LBHI retains Litigation Claims, which are

defined as "liquidated or unliquidated, fixed or contingent, matured or unmatured" causes of action "based in whole or in part upon any act or omission or other event occurring prior to the Effective Date." This definition plainly encompasses the Indemnification Claims that LBHI will prosecute and mediate pursuant to the Indemnification ADR Procedures.

27.    The Confirmation Order provides that the Bankruptcy Court shall, upon the "Effective Date," retain "exclusive jurisdiction over all matters arising under or related to, the Chapter 11 Cases, including, without limitation, the matters set forth in Article XIV of the Plan." *See* Confirmation Order ¶ 77. Article XIV of the Plan in turn contains a list of matters over which the Bankruptcy Court retained exclusive jurisdiction. *See* Plan § 14.1 (b), (i), (k). The Plan and Confirmation Order expressly preserve Indemnification Claims for the benefit of creditors and provide for the Court's jurisdiction over the "consummation, implementation or enforcement" of any Court order, such as the ADR Order. *See* Plan § 14.1(i).

28.    Thus, the Plan and Confirmation Order granted this Court jurisdiction to adjudicate LBHI's Indemnification Claims (as well as enter orders with such adjudications, as is the case here). "Where the plan contains broad jurisdictional provisions, the 'Bankruptcy Court's post-confirmation jurisdiction is as broad as the statutory grant – that is, it extends to all proceedings 'related to' the bankruptcy.'" *See Eastern Airlines, Inc. v. General Mills, Inc. (In re Ionosphere Clubs, Inc.)*, No. 89 B 10448, 1999 Bankr. LEXIS 1875, at *21 (Bankr. S.D.N.Y. May 12, 1999) (*quoting Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 638-39 (S.D.N.Y. 1997)). Accordingly, both the Plan and Confirmation Order grant this Court's jurisdiction to consider this Motion and enter the Proposed Order.

29.    In addition, section 105(a) of the Bankruptcy Code grants the Bankruptcy Court broad authority and discretion to take such actions and implement such procedures as are

necessary to oversee court-approved ADR. 11 U.S.C. § 105(a); *see also In re Sosa*, 443 B.R. 263, 267 (Bankr. D.R.I. 2011) ("it is within a district court's inherent powers to order even non-consensual mediation in those cases in which the step seems reasonably likely to serve the interests of justice") (citations omitted); *In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (recognizing "court's power" to enter order related to pending arbitration which "flows from its inherent power to control its docket"); *Matter of Sargeant Farms, Inc.*, 224 B.R. 842, 847 (Bankr. M.D. Fla. 1998) ("bankruptcy court has the authority and power to promulgate rules associated with court-annexed mediation and, where necessary, to require the parties to participate in same"). Accordingly, the Court has the authority to interpret and enforce the Indemnification ADR Procedures against the Noncompliant Sellers.

30.    The Court's power to enforce its order includes the power to hold in contempt – and award sanctions against – a party that violates its order. *See Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 445 (1st Cir. 2000) ("§ 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have. . . . Those contempt powers inherently include the ability to sanction a party."). In addition, this Court has the power to sanction Sellers for failing to timely respond to Indemnification ADR Notices or for failing to participate in mandatory mediation, as expressly provided in the ADR Order. *See* ADR Order ¶¶ 8(c)-(d), 12.

31.    The Court may also exercise personal jurisdiction over the Noncompliant Sellers. As above, LBHI identified the Noncompliant Sellers as among the Sellers that are subject to the ADR Order, which requires them to participate in mediation and comply with the Indemnification ADR Procedures. Each Noncompliant Seller was served with the foregoing ADR Order and Indemnification ADR Notice documents and subsequently served with related

warning letters, or with communications directing mediation.  Having properly served the ADR

Order and Indemnification ADR Notice documents, as well as written warnings that failure to

respond and comply with them would result in application for sanctions or written direction to

proceed to mandatory mediation to avoid sanctions, LBHI now brings this Motion seeking to

compel the Noncompliant Sellers to comply with the ADR Order.

32.    In addition, this Court has personal jurisdiction pursuant to Rule 7004.  In

a contested matter such as this one, Rule 9014(a) provides for service "in the manner provided

for service of a summons and complaint by Rule 7004."  In turn, Rule 7004 provides that this

Court has jurisdiction over any party which has minimum contacts with the United States, as all

the Noncompliant Sellers do.  *See Warfield v. KR Entertainment, Inc.* (*In re Fed. Fountain, Inc.*),

165 F.3d 600, 602 (8th Cir. 1999); *J.T. Moran Fin. Corp. v. American Consol. Fin. Corp. (In re*

*J.T. Moran Fin. Corp.)*, 124 B.R. 931, 934 (S.D.N.Y. 1991) ("In a Chapter 11 [proceeding, the

court] has nationwide personal jurisdiction over the defendants."); *In re Ismael Longoria*, 400

B.R. 543, 551-52 (W.D. Tex. 2009) (where party to contested matter has been properly served

under Bankruptcy Rules, court can exercise nationwide personal jurisdiction).

**B.    The Noncompliant Sellers Should Be Compelled to Comply With the**
**ADR Order and Sanctioned for Their Failure to Timely Comply**

33.    This Court should enter the Proposed Order compelling the Noncompliant

Sellers to serve the responses to the Indemnification ADR Notices and to participate in good

faith in the Indemnification ADR Procedures and mandatory ADR Mediation, as the ADR Order

requires.  In particular, the Proposed Order seeks to compel the Noncompliant Sellers identified

on Exhibit C of the Declaration to serve a response to their Indemnification ADR Notices within

10 days after entry and service of the Proposed Order.  The Proposed Order also seeks to compel

the Noncompliant Sellers identified on Exhibit D of the Declaration to attend, fully participate in

and complete the Mediation Stage of their ADR Disputes pursuant to paragraph 10 of the ADR

Order within 30 days after entry and service of the Proposed Order.  Schedule A of the Proposed

Order includes all Noncompliant Sellers identified on Exhibit C of the Declaration and Schedule

B of the Proposed Order includes all Noncompliant Sellers identified on Exhibit D of the

Declaration.

34.    The ADR Order mandates participation in ADR notwithstanding any

defenses that the parties may purportedly hold.  *See* ADR Order ¶ 6 (providing that upon receipt

of ADR Package, participation in ADR is "mandatory").  Indeed, when it approved the ADR

Order, this Court rejected objections to the ADR Motion that were based upon alleged individual

defenses, which Sellers argued protected them from being forced to participate.

35.    Rather, the ADR Order expressly provides that participation in mediation

does not prejudice any defense.  *See* ADR Order ¶ 15 (stating that participation in ADR will not

cause any defenses to be waived); *see also* ADR Motion Hearing Tr. at 67 (stating that entry of

ADR Order would not "prejudice any arguments" raised by defendants concerning certain

defenses); at 68 ("you're not waiving any rights by participating in mediation").[8]  A

Noncompliant Seller's assertion of a defense to the Indemnification Claims does not preclude it

from participation in mediation and does not justify its failure and refusal to comply with the

ADR Order.  Compelling the Noncompliant Sellers to participate in the ADR process, and

sanctioning them for their failure to timely do so, does not run afoul of due process.  Due process

concerns only arise when there is the threat of a binding order or judgment on a party.  *See*

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (due process concerns

---

[8] A true and correct copy of relevant pages from the official transcript from the ADR Motion Hearing is attached as
Exhibit B to the Declaration.

arise in context of "power to render a *valid judgment*" over out of state defendants) (emphasis added); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a *judgment to be binding on a litigant* who was not a party or a privy and therefore has never had an opportunity to be heard.") (emphasis added); *Woods v. Holy Cross Hospital*, 591 F.2d 1164, 1176-77 (5th Cir. 1979) (held mandatory mediation process "do not violate the federal right to due process of law of law").  Mediation is non-binding, and the ADR Order explicitly states that Sellers cannot be forced to accept any specific settlement or compromise.  *See* ADR Order ¶ 6(b) ("[n]o party is required to settle or compromise any dispute or enter into a particular settlement or compromise").

36.    The Noncompliant Sellers are already bound by the ADR Order, which expressly provides for the sanctions sought in the event of Sellers' failure to timely comply with the Indemnification ADR Procedures.  In lieu of this Motion to enforce the ADR Order, LBHI could simply commence or continue lawsuits prosecuting Indemnification Claims against Noncompliant Sellers[9] without the ADR Mediation, which would contravene the coordinated approach adopted by LBHI and this Court, which favors use of cost-effective and expedited alternative dispute resolution process.  *See Fisher v. SmithKline Beecham Corp.*, No. 07–CV–347A(F), 2009 WL 899433, at *2 (W.D.N.Y. Mar. 26, 2009); *Grey v. F.D.I.C.*, No. 88 Civ.7452(THK), 2002 WL 959564, at *5 (S.D.N.Y. May 8, 2002).  This Court previously – rejected the argument of certain Sellers it would be more cost-effective or less burdensome on the parties for LBHI to simply prosecute lawsuits against each Seller without use of the ADR process under the ADR Order.  *See* ADR Motion Hearing Tr. at 46-48.[10]

---

[9]  *See* ADR Order ¶¶ 8(c), 12.

[10] Of course, in some circumstances, LBHI has been forced to litigate before ADR mediation, but that is not the desired approach.

37.    LBHI submits that this Court should compel the Noncompliant Sellers to participate in good faith in the Indemnification ADR Procedures and mandatory mediation process required by the ADR Order.  The ADR Mediation process is the most cost-effective, expedient and least burdensome means of asserting and potentially resolving LBHI's Indemnification Claims against the Noncompliant Sellers, as opposed to terminating that process and only prosecuting lawsuits against each Noncompliant Seller.  Moreover, LBHI submits that granting this Motion may have the additional benefit of deterring other Sellers from failing or refusing to comply with the ADR Order.

38.    Pursuant to paragraphs 8(c) and 12 of the ADR Order and applicable law, this Court should hold the Noncompliant Sellers in civil contempt and sanction them for their failure to respond to the Indemnification ADR Notices or for their failure to participate in mandatory mediation, in violation of the ADR Order.

39.    A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedia Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (citation omitted); *Bank of N.Y. v. Meridian Biao Bank Tanzania Ltd. (In re Treco)*, Nos. 95-44326, 00-8137, 96-44240 (SMB), 2001 WL 1566709, at *5 (Bankr. S.D.N.Y. Dec. 10, 2001) (citation omitted);[11] *In re Castle Home Builders, Inc.,* 520 B.R. 98 (Bankr. N.D. Ill. Oct. 24, 2014) (granting reorganized Chapter

---

[11] Alternatively, courts in this circuit have articulated the test as a two-part inquiry: "(1) did the party know of the lawful order of the court, and (2) did the defendant comply with it." *Nicholas v. Oren (In re Nicholas)*, 457 B.R. 202, 225 (Bankr. E.D.N.Y. 2011).  However articulated, the test is easily met here.

11 debtors' post-confirmation motion to enforce their confirmation order and for imposition of

sanctions against a mortgage loan servicer for failing to comply with the order).

40.    "[S]anctions for civil contempt serve two purposes: to coerce future

compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v.*

*Stein*, 98 F.3d 717, 719 (2d Cir. 1996).  Though courts are "vested with wide discretion" to

fashion a proper remedy to achieve future compliance, "[t]he compensatory goal, by contrast,

can only be met by awarding to the [contempt victim] any proven damages." *Id*.  When faced

with an instance of willful contempt, a court *must* award reasonable attorneys' fees and legal

costs to compensate the contempt victim unless there are "persuasive grounds" for the denial of

fees. *Id*.

41.    A violation of a court order is willful when the "contemnor [1] had actual

notice of the court's order, [2] was able to comply with it, [3] did not seek to have it modified,

and [4] did not make a good faith effort to comply." *N.Y. State Nat'l Org. for Women v. Terry*,

952 F. Supp. 1033, 1044 (S.D.N.Y. 1997); *see also Bear U.S.A., Inc. v. Kim*, 71 F. Supp. 2d 237,

249-50 (S.D.N.Y. 1999).

42.    Here, this Court's ADR Order, including the requirement of a timely

written Response to an Indemnification ADR Notice and requiring participation in mediation, is

all clear and unambiguous.  *See* ADR Order ¶ 8(b), (d).  The Declaration submitted with this

Motion and the exhibits thereto clearly and convincingly demonstrate that each Noncompliant

Seller was properly served with the ADR Order and Indemnification ADR Notice documents.

The Declaration and its exhibits further demonstrate that each Noncompliant Seller in Exhibit C

thereto provided no written response to the Indemnification ADR Notices served upon them and

each Noncompliant Seller in Exhibit D of the Declaration failed or refused to participate in

mandatory mediation, clearly violating the ADR Order, despite which directed the Noncompliant Sellers to mediate months before this Motion.

43.     The Noncompliant Sellers' violation of the ADR Order is willful since (i) they received actual notice of the ADR Order and Indemnification ADR Notices, (ii) they identified no reason they could not provide written response to the Indemnification ADR Notices or why they could not participate in mandatory mediation, and (iii) they have made no effort to modify the ADR Order or otherwise comply with it.

44.     Moreover, under paragraphs 8(c) and 12 of the ADR Order, a Seller's failure to timely respond to the Indemnification ADR Notice, or to its failure to otherwise comply with the ADR Order, may result in an application for sanctions, including fees and costs. Accordingly, even if the Noncompliant Sellers' violation of the Court's ADR Order is not found to be willful,[12] they should all be found in contempt of, and sanctioned for, violating the ADR Order.   For any Noncompliant Seller that still fails to comply within 30 days of receiving an Order granting this Motion to compel its compliance, the Court should award LBHI its attorneys' fees and costs in connection with prosecution of this Motion.   This Court should also sanction Noncompliant Sellers in an amount to be determined by the Court for each day they continue failing or refusing to comply with an Order granting this Motion to compel their compliance.

45.     Furthermore, to date, LBHI has identified only the Noncompliant Sellers as proper defendants to this Motion for enforcement and sanctions.   However, if LBHI identifies additional Sellers that fail to comply with the ADR Order, it reserves the right to make additional applications for relief.

---

[12] *See Shady Records, Inc. v. Source Enters., Inc.*, 351 F. Supp. 2d 64, 67 (S.D.N.Y. 2004) (finding an award of attorneys' fees an appropriate sanction for a party held in civil contempt, whether or not the contempt was willful).

## NOTICE

46.     No trustee has been appointed in these Chapter 11 Cases.  LBHI has

served notice of this Motion on (i) the United States Trustee; (ii) all Noncompliant Sellers at the

last known addresses for each identified in the accompanying Declaration; and (iii) all other

parties entitled to notice in accordance with the procedures in the second amended Order entered

on June 17, 2010 governing case management and administrative procedures for the Chapter 11

Cases [ECF No. 9635].  LBHI submits that no other or further notice need be provided.

47.     While the ADR Motion was granted with the Court's entry of the ADR

Order, no previous request for the relief sought has been made by LBHI to this or any other

court.

## **CONCLUSION**

WHEREFORE, LBHI respectfully requests that the Court grant the relief requested by

entering the Proposed Order, and grant such other and further relief as it deems just and proper.

Dated:  New York, New York
         November 16, 2016

*/s/ James N. Lawlor*
James N. Lawlor, Esq.
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:          (212) 382-3300
Facsimile:          (646) 365-6849

*and*

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:          (303) 945-7415
Facsimile:          (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (pro hac vice)

*Counsel for Lehman Brothers Holdings Inc.*