WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:      (212) 382-3300
Facsimile:      (646) 365-6849
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.
Email: wmaher@wmd-law.com
Email: pdefilippo@wmd-law.com
Email: jgiampolo@wmd-law.com
Email: abialek@wmd-law.com

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:      (303) 945-7415
Facsimile:      (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (*pro hac vice*)

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | x | |

**DECLARATION OF SCOTT DROSDICK IN SUPPORT OF LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR ENTRY OF AN OMNIBUS ORDER (I) TO ENFORCE AGAINST NONCOMPLIANT MORTGAGE LOAN SELLERS, AND TO COMPEL THEM TO COMPLY WITH, THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS, AND (II) FOR CIVIL CONTEMPT SANCTIONS AGAINST SUCH NONCOMPLIANT MORTGAGE LOAN SELLERS FOR THEIR VIOLATION OF THE ORDER**

Pursuant to 28 U.S.C. § 1746, SCOTT DROSDICK declares as follows:

1.      I am Vice President and Counsel for Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, confirmed by Order entered December 6, 2011 [ECF No. 23023], for the entities (together with LBHI, each a "Debtor") in the above-captioned jointly administered Chapter 11 cases (the "Chapter 11 Cases"), with an office located at 4600 S. Syracuse Street, Ninth Floor, Denver, Colorado 80237.  At all times relevant, I have headed the LBHI department responsible for serving notices and commencing mediations pursuant to the June 24, 2014 *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers* entered July 18, 2014 [ECF No. 45277] (the "ADR Order") in the Chapter 11 Cases.  As such, I make the statements set forth herein based on my personal knowledge, my review of LBHI's records and my review the documents referenced herein.  I make this declaration to support LBHI's motion (the "Motion")[1] for entry of an omnibus order (i) to enforce against noncompliant mortgage loan sellers (each an "Noncompliant Seller"), and to compel them to comply with, the ADR Order, and (ii) for civil contempt sanctions against such Noncompliant Sellers for their violation of the ADR Order.

2.      Annexed as **Exhibit "A"** and **Exhibit "B"**, respectively, are true and correct copies of the ADR Order and relevant pages from the official transcript from the ADR Motion Hearing.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      Since the ADR Order was entered, LBHI has served hundreds of Sellers

with Indemnification ADR Notices and undertaken dozens of mediations under the ADR Order

while simultaneously negotiating pre-mediation with many more.  Such ADR proceedings

remain ongoing.

4.      LBHI also commenced lawsuits asserting Indemnification Claims against

Sellers, including the omnibus adversary proceeding entitled *Lehman Brothers Holdings, Inc. v.

First Advantage Mortgage, L,L.C., et al.*, Adv. Pro. No. 16-01019 (the "Omnibus Adversary

Proceeding").  LBHI commenced this consolidated action in this Court to, among other reasons,

avoid the increased expense and burden of duplicative litigation and to reduce the potential for

inconsistent outcomes in similar cases in multi-jurisdiction litigation around the country.

5.      LBHI strives to prosecute and resolve its Indemnification Claims

efficiently and cost-effectively as possible.  Thus, adopting a consolidated, coordinated and

uniform approach, LBHI prosecuted numerous Indemnification Claims in a consolidated

Omnibus Adversary Proceeding while it simultaneously used the ADR Order's procedures to

seek resolution of over a hundred loan-level Indemnification Claims, to date, prior to litigation or

during its early stages.

6.      LBHI has discovered that certain Sellers, including the Noncompliant

Sellers subject to the Motion, have violated the ADR Order because (i) they were served with

Indemnification ADR Notices but failed and refused to serve any timely responses to them, as

required by the ADR Order, and/or (ii) they unilaterally failed or refused to participate in the

mandatory mediation process as required by the ADR Order.  Based upon prior experience and

the evidence collected in LBHI's preliminary investigation, each Noncompliant Seller identified

3

in the Motion and its supporting papers is among the hundreds of Sellers LBHI identified that are

subject to the ADR Order and liable for the Indemnification Claims.

7.    Under the ADR Order, LBHI may engage in motion practice to compel

compliance with the ADR Order's procedures, including seeking sanctions against Sellers which

fail to timely respond when served with an Indemnification ADR Notice, or otherwise violate the

ADR Order's procedures.

8.    Under the ADR Order and the procedures therein, LBHI caused each

Noncompliant Seller identified in **Exhibit "C"** to be served on or about each of the dates

identified in Exhibit C with the ADR Order and the appropriate Indemnification ADR Notice

documents required by the ADR Order.  Attached as **Exhibits "C-1"** through **"C-29"** are true

and correct copies of the cover letters reflecting service of the ADR Order and Indemnification

ADR Notice documents (the Indemnification ADR Notice documents themselves are

confidential and subject to the mediation privilege as between LBHI and each Noncompliant

Seller pursuant to the terms of the ADR Order).[2]  The ADR Order and Indemnification ADR

Notice documents were served upon those Noncompliant Sellers using the methods of service

identified in Exhibit C, which was approved by the ADR Order.

9.    In accordance with paragraph 8(b) of the ADR Order, the Response

Deadlines identified in Exhibit C are the deadlines for each of the Noncompliant Sellers therein

to serve written responses to their Indemnification ADR Notices pursuant to the ADR Order's

---

[2] Pursuant to paragraphs 5, 6, 8(a), 9 and 13 of the ADR Order, (i) the Indemnification ADR Notice materials
contain LBHI's demand for settlement, including an amount of monetary recovery LBHI would accept in settlement
of same, as well as information designated as "Confidential" and credentials enabling each recipient to access
certain documents designated as "Confidential" from a secure data repository website, (ii) "Rule 408 of the Federal
Rules of Evidence shall apply to all aspects of the  [Indemnification] ADR Procedures," and (iii) "[a]ll discussions
between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined [in the ADR
Order]) shall remain confidential and privileged…." *See* ADR Order ¶¶ 5, 6, 8(a), 9 and 13.

procedures.[3]  When the Noncompliant Sellers' Response Deadlines expired without responses

from the Noncompliant Sellers to the applicable Indemnification ADR Notice, LBHI then caused

each of those Noncompliant Sellers to be served with written letters on or about each of the dates

identified in Exhibit C warning that their continued failure to respond to the Indemnification

ADR Notices would result in motion practice to compel their compliance and to seek sanctions

against them for failing to comply.  Each of those warning letters are identified in Exhibit C and

are attached hereto as **Exhibits "C-30"** through **"C-58".**[4]  As documents provided to

counterparties in the context of mediation, the foregoing warning letters may arguably be

deemed confidential and/or privileged pursuant to paragraph 5 of the ADR Order.  Therefore, the

copies attached hereto have had their content redacted out of an abundance of caution.

Contemporaneous with this Motion, LBHI has filed an application for authorization to file such

exhibits under seal.

> 10.  Those warning letters were served upon those Noncompliant Sellers using

the method of service identified in Exhibit C, which was approved by the ADR Order.

> 11.  The ADR Order and each of the Indemnification ADR Notice documents

and warning letters were served upon the Noncompliant Sellers at the addresses identified in

Exhibit C, which include the addresses and contact information for them currently listed on their

respective official websites and/or the last known addresses for them and any of their attorneys,

legal guardians, estate representatives, or other representatives, to best of LBHI's knowledge,

---

[3] Once a Seller has been served with an Indemnification ADR Notice that Seller must provide a response to it in
writing within twenty calendar days from the date of service.  *See* ADR Order ¶ 8(b).

[4] Many of the warning letters were served along with an additional copy of the ADR Order and Indemnification
ADR Notice documents identified in Exhibit C and attached as Exhibits C-1 through C-29.  The warning letters
attached as Exhibits C-30 through C-58 are attached without such enclosures to avoid redundancy.

information and belief at the time each document was served after LBHI exhausted a diligent

search for all current addresses and contact information for those Noncompliant Sellers.[5]

12.     As of the date of this Declaration, each Noncompliant Seller identified in

Exhibit C has failed to serve written responses to the Indemnification ADR Notices served on it,

in violation of the ADR Order.  As of the date of this Declaration, none of the Indemnification

ADR Notice documents or warning letters have been returned as undeliverable, and each

Noncompliant Seller has failed to serve a response to the Indemnification ADR Notice served

upon them, as required by the ADR Order.

13.     Each of the Noncompliant Sellers identified in **Exhibit "D"** hereto

received the ADR Order and appropriate Indemnification ADR Notice documents pursuant to the

ADR Order and each sent LBHI a written response to same.  After expiration of the 15 day

period under paragraph 8(d) of the ADR Order, each Noncompliant Seller was directed to

proceed to the Mediation Stage and mediators were selected for their ADR Disputes several

months prior to this Motion but, as of the date of this Declaration, each has failed or refused to

participate in the ADR Order's mandatory mediation process.  Exhibit D hereto identifies each

Noncompliant Seller, its latest address and contact information and identifies the mediator

assigned to its ADR Dispute.  Exhibit D also identifies the date on which each of the

Noncompliant Sellers therein were initially directed to proceed to the Mediation Stage of their

ADR Disputes, pursuant to paragraph 10 of the ADR Order.  Exhibit D also describes the latest

communication received from each of those Noncompliant Sellers and describes the current

status of each of their mediations setting forth their failure or refusal to participate in the ADR

---

[5] To the extent LBHI became aware of a new address for a Noncompliant Seller after serving the ADR Order and
Indemnification ADR Notice documents, LBHI caused the Noncompliant Seller's warning letter to be served upon
that new address.

Order's mandatory mediation.  As of the date of this Declaration, none of the Noncompliant

Sellers identified in Exhibit D have attended or scheduled mediations or withdrawn their refusal

to do so and none have offered any valid reason for failing or refusing to do so in violation of the

ADR Order.

14.    Accordingly, LBHI brings the Motion seeking to compel the

Noncompliant Sellers to comply with the ADR Order and its procedures and seeking to hold the

Noncompliant Sellers in contempt and to sanction them for their failure to comply. As set forth

in Exhibits C and D, each Noncompliant Seller is located in the United States.

[*Remainder Of Page Intentionally Left Blank*]

I declare under penalty of perjury that the information contained in this declaration is true

and correct to the best of my knowledge, information and belief.

Dated: November 14  2016                                    Scott Drosdick, Esq.