# EXHIBIT B

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

In Re: CHAPTER 11

LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555(SCC)

ET AL, (Jointly Administered)

Debtors.

- - - - - - - - - - - - - - - - - x

In Re:

LEHMAN BROTHERS, INC., CASE NO.

Debtor. 08-08-1420(SCC)(SIPA)

- - - - - - - - - - - - - - - - - x

U.S. Bankruptcy Court

One Bowling Green

New York, New York

June 19, 2014

10:06 AM

B E F O R E :

HON. SHELLY C. CHAPMAN

U.S. BANKRUPTCY JUDGE

ECRO - MARIA R. and FRANCES FERGUSON

HEARING Re Trustee's Motion for an Order pursuant to Sections 105(a), 502(a), 502(c) and 726 of the Bankruptcy Code and Bankruptcy Rule 3009 (I) Establishing a final reserve for secured, administrative and priority claims, (II) Allowing certain secured, administrative and priority claims, (III) Authorizing the trustee to satisfy allowed secured, administrative and priority claims, and related relief (LBI ECF No. 8885)

HEARING Re Fifteenth Application of Hughes Hubbard & Reed LLP for allowance of interim compensation for services rendered and reimbursement of actual and necessary expenses incurred from December 1, 2013 through March 31, 2014 (LBI ECF No. 9004)

HEARING Re Joint notice of presentment of Seventh amended order pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 establishing procedures governing interim monthly compensation of trustee and Hughes Hubbard & Reed LLP (LBI ECF No. 9003)

HEARING Re Trustee's Two Hundred Tenth Omnibus Objection to general creditor claims (no liability claims) (LBI ECF No. 8284)

HEARING Re Motion for alternative dispute resolution procedures order for indemnification claims of the debtors against mortgage loan sellers (ECF No. 44450)

HEARING Re Two Hundred Fifth-Fourth Omnibus Objection to Claims (ECF No. 25059)

HEARING Re Stonehill's Motion to re-file proofs of claim to fix previously unliquidated claim amounts or alternatively for leave to file amended claims (ECF No. 43988)

HEARING Re Plan administrator's objection to proof of claim No. 33514 filed by Frank Tolin, Jr. (ECF No. 37839)

HEARING Re Lehman Brothers Special Financing, Inc. v Federal Home Loan Bank of Cincinnati (Adversary proceeding No. 13-01330), Pre-Trial conference

TRANSCRIPTIONISTS: SHEILA ORMS AND SHERRI BREACH

A P P E A R A N C E S:

DECHERT LLP
Attorneys for (Unknown)
1095 Avenue of the Americas
New York, NY 10036

BY: ALLAN S. BRILLIANT, ESQ.
SHMUEL VASER, ESQ.

LAW OFFICES OF
Attorneys for Heidi Steiger, Steiger Associates
51 East 42nd Street
11th Floor
New York, NY 10017

BY: DONALD E. WATNICK, ESQ.

JONES & KELLER
Attorneys for LBHI
1999 Broadway
Suite 3150
Denver, CO 80202

BY: MICHAEL A. ROLLIN, ESQ.

WEIL, GOTSHAL & MANGES, LLP
Attorneys for LBHI
767 Fifth Avenue
New York, NY 10153

BY: GARRETT A. FAIL, ESQ.

WEIL, GOTSHAL & MANGES, LLP
Attorneys for LBHI
1300 Eye Street, N.W.
Suite 800
Washington, D.C. 20005

BY: RALPH I. MILLER, ESQ.

PROSKAUER ROSE LLP
Attorneys for Federal Home Loan Bank of Cincinnati
Eleven Times Square
New York, NY 10036

BY: MARTIN J. BIENENSTOCK, ESQ.
STEVE RATNER, ESQ.
PHIL ABELSON, ESQ.

JONES DAY
Attorneys for Debtors
222 East 41st Street
New York, NY 10017

BY: JAYANT W. TAMBE, ESQ.

SECURITIES INVESTOR PROTECTION CORPORATION
805 15th Str., N.W.
Suite 800
Washington, D.C. 20005

BY: KENNETH J. CAPUTO, ESQ.

HUGHES HUBBARD
Attorneys for SIPA Trustee
One Battery Park Plaza
New York, NY 10004

BY: JEFFREY S. MARGOLIN, ESQ.
CHRISTOPHER GARTMAN, ESQ.
JASON C. BENTON, ESQ.
JAMES B. KOBAK, JR., ESQ.

MILBANK, TWEED, HADLEY & MCCLOY, LLP
Attorneys for (Unknown)
One Chase Manhattan Plaza
New York, NY 10005

BY: GERARD UZZI, ESQ.

WEINER BRODSKY KIDER, P.C.
Attorneys for (Unknown)

BY: TESSA K. SOMERS, ESQ.

WOLLMUTH MAHER & DEUTSCH LLP
Attorneys for LBHI
500 Fifth Avenue
New York, NY 10110

BY: PAUL R. DEFILIPPO, ESQ.

WOLLMUTH MAHER & DEUTSCH LLP
Special Counsel for LBHI
One Gateway Center
Newark, NY 07102

BY: JAMES N. LAWLOR, ESQ.

SHER TREMONTE, LLP
Attorneys for (Unknown)
80 Broad Street
Suite 1301
New York, NY 10004

BY: JUSTIN M. SHER, ESQ.

SIMPSON THACHER & BARTLETT, LP
Attorneys for (Unknown)
425 Lexington Avenue
New York, NY 10017

BY: ISAAC RETHY, ESQ.
DAVID J. WOLL, ESQ.

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for Security National Mortgage Co.
425 Park Avenue
New York, NY 10022

BY: ARTHUR GOLDSTEIN, ESQ.

GIBBONS, P.C.
Attorneys for (Unknown)
One Pennsylvania Plaza
37th Floor
New York, NY 10119

BY: DANIEL F. MARKHAM, ESQ.

ALSO PRESENT:

FRANK TOLIN, PRO SE

TELEPHONIC APPEARANCES:
GABRIEL GLAZER, PACHULSKI STANG ZIEHL & JONES
RAJ V. IYER, CANYON PARTNERS
HANNA MORIKAMI, NOMURA SECURITIES
AUSTIN SAYPOL, SILVERPOINT CAPITAL LP
HAROLD KIM, BLACKSTONE
JASON B. SANJANA, REORG RESEARCH
MATTHEW UNDERWOOD, HBK CAPITAL

agenda and take the ADR motion before the Credencial matter.

MR. BENTON: I have no problem with that, Your Honor.

THE COURT: Is everyone here who has something to say about the ADR motion?

MR. DEFILIPPO: Debtor is ready, Your Honor.

THE COURT: Why don't we do that. All right. If you don't mind.

MR. BENTON: No, of course not.

MR. DEFILIPPO: Your Honor, may I approach?

THE COURT: Yes, sure.

(Pause)

THE COURT: How are you? Sure.

MR. DEFILIPPO: Good morning, Your Honor.

THE COURT: Good morning.

MR. DEFILIPPO: Paul DeFilippo for LBHI as plan administrator.

We are requesting the entry of an order establishing a mandatory but non-binding ADR procedure with respect to indemnification claims, we believe the estate, the debtor holds against approximately 2,500 to 3,000 sellers with about 11,000 mortgage loans to the debtors or their affiliates, which were subsequently resold to Fannie Mae and Freddie Mac.

Over the last several days, we have attempted to

the same task, except red larger for the last five years and have handled it quite differently.

At least 1,110 lenders or thereabouts, and far more than 3,000 loans have been put forward by the debtors in courts all across the country, federal and state courts.

THE COURT: But I'm not -- this is not going to be a, you know, Moroccan bizarre where you're going to try to convince me that you've got a better idea. They're the fiduciary, they proposed a procedure that's worked structurally so to speak with respect to other large groups of claims in these cases.

So I want to hear about why what they've proposed I can't order, because it has worked and it's worked well, and now they've come back again promptly upon the accrual of these indemnification claims subsequent to the settlement with Fannie and Freddie.

So what is it about -- other than the fact that you don't want to do it, you would rather put them to the expense of filing the lawsuits than having to respond to the mediation notice and engage in what frankly is the more minimal activity involved with participating in the mediation program. And then if that doesn't work, if they elect to proceed, they will sue you.

But we're talking about very narrowly circumscribed, cost-efficient, nonburdensome procedures that

are tailored for this situation. And other than the fact that you just would rather them have to sue you, well, what's your objection?

MR. STEIN: Your Honor, they're not more minimal for the parties to which they're directed. Many of those parties are already facing claims, pending claims, current claims by Lehman Brothers Holdings, Inc. in other courts across the country. We now are faced with the specter of dealing with them on multiple fronts. This one being a particularly inconvenient one for my clients.

THE COURT: But so they would have to sue you again. In other words, I don't -- I can't get past the Lehman has a dispute with you, they make you aware of a dispute. Either they make you aware of the dispute because they file a complaint against you that requires you to answer or to move to dismiss it and/or engage in discovery, or they put you in this mediation program, they send you a notice, and you respond to the notice. Either by saying, my claim was settled, we think we shouldn't have to do this, we're going to write a letter to the Judge, et cetera.

Action/reaction. I just -- I'm sorry, and I don't mean to be difficult, I just don't understand the difference in those two worlds, other than the fact that you would rather they have to spend more money and launch more litigations because that's more burdensome on them, so

burden on them is a disincentive for them to come after you. But that's not the way it works.

MR. STEIN: Your Honor, we, the targets of the motion would rather spend less money ourselves, we're not focused on how many money Lehman is spending, we're focused on how much money we're spending.

THE COURT: And I understand that. And I just outlined for you why in the scenario in which the ADR is implemented, I'm not seeing the defendants, the punitive defendants having to spend a lot of money. I just -- I don't see it.

MR. STEIN: Okay. Well, let's talk about the process itself, and what it is they're advocating. While it's correct, as was suggested to you earlier that we're not here to discuss the substantive merits of the claim, I think one thing Your Honor does need to factor in in evaluating what's being requested here is kind of the track record of where we stand today.

These claims are almost certainly time barred, notwithstanding the fact that they're being presented to you as new indemnification claims that only accrued once they reached the settlement with Fannie or Freddie Mac.

When a particular variation of the statute of limitations argument has been made in cases brought by Lehman and adjudicated by federal and state courts thus far,

But among other things, there's also -- I believe there's one about, you know, this is a core matter, or this is a close nexus to the events that have happened.

THE COURT: Well, but the close nexus finding is part of the predicate for my having the ability to order the mediation. But that doesn't prejudice any arguments. For example, I've not really invited a lot of discussion about Stern versus Marshall, but to the extent that if and when you ever got to the merits of a claim, if you felt you had a Stern versus Marshall argument, it's totally this order will totally not prejudice your ability to make that argument then.

So that close nexus finding solely has to do with the ADR, has no bearing, afforded no weight ultimately if and when we would ever get to the merits of these suits, so you're protected in that regard.

MS. SOMERS: Okay. Well -- and that's hopeful too.

THE COURT: Okay.

MS. SOMERS: That's another section where it's ordered and affirmed that this is the case. And I believe that LBHI has committed to amending some of the language to explicitly preserve all rights, all defenses, all --

THE COURT: Sure.

MS. SOMERS: And so as long as we can get that in

there, I think --

THE COURT: Absolutely.

MS. SOMERS: -- that will help us along the road to agreeing to this.

THE COURT: Never -- that was never a question in my mind to the extent --

MS. SOMERS: So that's one of the -- sorry.

THE COURT: It was a lot of -- a couple of the objections raised that, and that's not on the table, you're not waiving any rights by participating in mediation.

MS. SOMERS: Well, and that was something that had been removed from prior motions of theirs. So seeing sort of this progression from motion-to-motion and then to ours where they've removed some of these safeguards, they've added in that we have to pay for the mediator. You know, it sort of -- it led us to a dark place --

THE COURT: Okay.

MS. SOMERS: -- where we questioned where this was going.

So it's certainly good to get some reassurances this morning from you. We didn't want to wait a month and then have found out subsequent --

THE COURT: Sure.

MS. SOMERS: -- that we should've known now.

THE COURT: Okay.