WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (646) 365-6849
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.
Email: wmaher@wmd-law.com
Email: pdefilippo@wmd-law.com
Email: jgiampolo@wmd-law.com
Email: abialek@wmd-law.com

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:    (303) 945-7415
Facsimile:    (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (pro hac vice)

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**MOTION BY LEHMAN BROTHERS HOLDINGS INC.
FOR AUTHORITY TO FILE UNDER SEAL AND REDACT CONFIDENTIAL
AND PRIVILEGED INFORMATION FROM DOCUMENTS PURSUANT
TO (I) BANKRUPTCY CODE SECTION 107(b), (II) BANKRUPTCY RULE 9018,
AND (III) THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER
FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE
LOAN SELLERS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for the entities in the above captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, respectfully submits this motion (the "Motion" or "Motion to Seal"), pursuant to (i) Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (iii) the June 24, 2014 *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, entered July 18, 2014 [ECF No. 45277] (the "ADR Order")[1] in the Chapter 11 Cases, seeking entry of the proposed order attached hereto (the "Proposed Order") authorizing LBHI to file under seal, and redact confidential or privileged information from, several documents annexed as Exhibits C-30 through C-58 to the declaration of Scott Drosdick (the "Drosdick Dec") filed in support of *Lehman Brothers Holdings Inc.'s Motion for Entry of an Omnibus Order (I) to Enforce Against Noncompliant Mortgage Loan Sellers, and to Compel Them to Comply with, the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, and (II) for Civil Contempt Sanctions Against Such Noncompliant Mortgage Loan Sellers for Their Violation of the Order* which is filed in the Chapter 11 Cases (the "Omnibus Motion to Compel") simultaneously with this Motion to Seal. Those exhibits include true and correct copies of letters LBHI served upon mortgage loan sellers identified in the Drosdick Dec who are subject to the ADR Order and who failed to comply with it (each a "Noncompliant Seller"), which letters warned that Noncompliant Sellers' continued failure to comply with the ADR Order's

---

[1] A copy of the ADR Order is attached hereto as **Exhibit "A"**.

2

procedures would result in a motion, such as the Omnibus Motion to Compel, seeking to compel their compliance and seeking sanctions against them.

## BACKGROUND AND RELIEF REQUESTED[2]

1. This Motion to Seal and the related Omnibus Motion to Compel both arise from the ADR Order, which established mandatory alternative dispute resolution ("ADR") procedures to resolve hundreds of contractual indemnification claims that LBHI holds against loan originators of allegedly defective residential mortgage loans (each a "Seller"). The ADR Order (i) directed that Sellers who receive Indemnification ADR Notices (as defined in the ADR Order), which provide supporting information regarding LBHI's indemnification claims and settlement demands, must participate, in good faith, in the ADR Order's mandatory ADR procedures, and (ii) permitted LBHI to seek sanctions and/or orders to compel compliance with the procedures in the ADR Order against any Sellers who fail to comply.

2. The Noncompliant Sellers are among the Sellers subject to the ADR Order. LBHI served the appropriate Indemnification ADR Notice materials on the Noncompliant Sellers and when they failed to timely respond to same in violation of the ADR Order's procedures, LBHI served a warning letter on each Noncompliant Seller warning that their continued failure to respond and comply would result in motion practice to compel their compliance and to seek sanctions against them for failing to comply with the ADR Order. Thereafter, LBHI brought the Omnibus Motion to Compel against the Noncompliant Sellers to compel their compliance with the ADR Order's procedures and to seek sanctions against them for their failure to comply.

---

[2] The factual background regarding LBHI's Omnibus Motion to Compel and the exhibits to it which this Motion seeks authority to file under seal and redact, are all set forth more fully in the Omnibus Motion to Compel itself which is incorporated herein by reference.

3

3. Copies of each warning letter LBHI served on Noncompliant Sellers are filed attached as Exhibits C-30 through C-58 to the Drosdick Dec accompanying the Omnibus Motion to Compel. Those exhibits (collectively, the "Confidential Exhibits") are filed with their content redacted because the ADR Order provides that the content of any such documents submitted to Sellers in connection with the ADR procedures are confidential and privileged. *See* ADR Order ¶¶ 5, 6, 8(a), 9 and 13. Accordingly, this Motion to Seal seeks entry of the attached Proposed Order, pursuant to Bankruptcy Code section 107(b), Bankruptcy Rule 9018 and the ADR Order, granting permission to file the Confidential Exhibits under seal, with their content redacted, with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## JURISDICTION AND VENUE

4. As this Motion to Seal is brought in connection with enforcement of the ADR Order, this Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to paragraph A of the ADR Order, Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan wherein this Court retained jurisdiction over this matter. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue in this Court is appropriate pursuant to paragraph A of the ADR Order and 28 U.S.C. § 1408.

## BASIS FOR THE RELIEF REQUESTED

5. Section 107(b) of the Bankruptcy Code provides the Court with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides, in relevant part:

4

    (b)    On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

        (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

        (2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

6. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires [to accomplish the goals of section 107(b)]." Fed. R. Bankr. P. 9018.

7. To qualify for protection under Section 107(b), an interested party only needs to show that the information it seeks to file under seal is "confidential" and "commercial" in nature. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

8. Once a court determines that a party in interest is requesting protection of information that fits within one of the enumerated categories of Section 107, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* (emphasis in original).

9. As documents provided to counterparties in the context of the ADR Order's mediation process, the warning letters at issue may arguably be deemed confidential and/or privileged pursuant to paragraph 5 of the ADR Order or otherwise[3] and the warning letters

---

[3] Pursuant to paragraphs 5, 6, 8(a), 9 and 13 of the ADR Order, (i) the Indemnification ADR Notice materials contain LBHI's demand for settlement, including an amount of monetary recovery LBHI would accept in settlement

were sent in reference to the commercially sensitive nonpublic information contained in the corresponding Indemnification ADR Notices which include information underlying LBHI's indemnification claim against each Noncompliant Seller and its settle demands. Therefore, the warning letters attached as Exhibits C-30 through C-58 of the Drosdick Dec have had their content redacted out of an abundance of caution and this Motion is filed contemporaneous with the Omnibus Motion to Compel.

10. Therefore, pursuant to Bankruptcy Code section 107(b), Bankruptcy Rule 9018 and the ADR Order, LBHI requests that the Court enter the Proposed Order permitting the filing of the Confidential Exhibits under seal with their contents redacted. LBHI has provided copies of the Confidential Exhibits to the Court for *in camera* review for the purpose of this Court's determination of this Motion.

## NOTICE

11. Bankruptcy Rule 9018 provides that, on motion, with or without notice, the Court may make any order which justice requires to protect the estate or any entity in respect of confidential commercial information. LBHI submits that no notice of this Motion thus need be provided.

12. No previous request for the relief sought herein has been made by LBHI to this or any other Court.

---

of same, as well as information designated as "Confidential" and credentials enabling each recipient to access certain documents designated as "Confidential" from a secure data repository website, (ii) "Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the [Indemnification] ADR Procedures," and (iii) "[a]ll discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined [in the ADR Order]) shall remain confidential and privileged…." *See* ADR Order ¶¶ 5, 6, 8(a), 9 and 13.

## CONCLUSION

WHEREFORE, LBHI respectfully requests entry of the Proposed Order authorizing LBHI to file the Confidential Exhibits under seal and with their contents redacted and granting LBHI such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 16, 2016

*/s/ James N. Lawlor*
James N. Lawlor, Esq.
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (646) 365-6849

*and*

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:    (303) 945-7415
Facsimile:    (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (pro hac vice)

*Counsel for Lehman Brothers Holdings Inc.*