WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (SCC)**
:
Debtors. : **(Jointly Administered)**
-----------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING
THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 28520**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [**ECF No. 9635**] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On October 18, 2016, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the Plan Administrator's Objection to Claim Number 28520 [**ECF No. 53821**] (the "Claim Objection") with the Court for hearing.

2. In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Claim Objection. The Response Deadline was set for November 14, 2016 at 4:00 p.m. (Eastern Time). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed. To the best of my knowledge, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced chapter 11 cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Claim Objection, annexed hereto as Exhibit A, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:   November 16, 2016
         New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**Exhibit A**

Proposed Order

WEIL:\95935531\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re                                                              :   Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                       :   08-13555 (SCC)
                                                                   :
              Debtors.                                             :   (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**ORDER GRANTING PLAN ADMINISTRATOR'S**
**OBJECTION TO PROOF OF CLAIM NUMBER 28520**

Upon the objection (the "Objection"),[1] dated October 18, 2016 to proof of claim number 28520 (the "Fried Claim") filed by Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator and Its Affiliated Debtors (the "Plan"), seeking to disallow and expunge the Fried Claim pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), all as more fully described in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Review Service; (iv) the United States Attorney for the Southern District of New York; (v) the Ad Hoc Committee of LBREP III Limited Partners; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Objection; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, claim number 28520 is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         _____, 2016

                                                  _____
                                                  Honorable Shelley C. Chapman
                                                  United States Bankruptcy Judge