# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.                    Case No. 08-13555 (JMP)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee: | Name of Transferor: |
| **HOF Hoorneman Investment Funds NV** | **The Seaport Group Europe LLP** |
| | |
| Name and address where notices to transferee should be sent: | Court Claim #: 59233 |
| | Amount of Claim: $256,000.00, plus all accrued interest, fees and other recoveries due. |
| | |
| | Date Claim Filed: October 30, 2009 |
| | |
| Oosthaven 52, | Ground Floor West |
| 2801 PE | One Finsbury Circus |
| Gouda | London |
| The Netherlands | EC2M 7EB |
| | |
| Attn: Frank Eikelenboom | |
| Email: Eikelenboom@hofhoorneman.nl | |
| Phone:  +31 182 597732 | Phone: |
| Last Four Digits of Acct #: | Last Four Digits of Acct. #: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____            Date:  _21 November 2016_
        Transferee / Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

      1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **The Seaport Group Europe LLP** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **HOF Hoorneman Investment Funds NV** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 59233 filed by or on behalf of UBS AG (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

      2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; (f) neither Seller nor UBS AG (the "<u>Prior Seller</u>") has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Prior Seller has represented and warranted to Seller that on or about April 17, 2012, October 1, 2012, April 4, 2013, and October 3, 2013,  Prior Seller received distributions from Lehman Brothers Holdings Inc., in respect of the Transferred Claims (the "<u>LBHI Distribution</u>") and that other than the LBHI Distribution, neither Prior Seller, nor any third party on its behalf, has received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (h) Prior Seller has represented and warranted to Seller that on or about July 8, 2013 and November 12, 2013 Prior Seller received distributions from Lehman Brothers Securities NV in respect of the Purchased Security (the "<u>LBSNV Distribution</u>"), and other than the LBSNV Distribution, neither Prior Seller, nor any third party on its behalf, has received any payments or distributions, whether directly or indirectly, in respect of the Purchased Security; and (i) assuming the truth and accuracy of the representations and warranties made by Prior Seller, the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "<u>Notice</u>") dated 30 October 2009 (a copy of which Seller provided to Purchaser) is true and correct, and Prior Seller did not file a written response to the Notice per the terms of the Notice.

      3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

574-030/AGR/4110341.5

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

574-030/AGR/41103415

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 31st day of January 2014.

| | |
|---|---|
| **The Seaport Group Europe LLP** | **HOF Hoorneman Investment Funds NV**<br>For subfund Phoenix Fund |
| By: _____<br>Name: Jay Constantin<br>Title: Managing Director | By: _____<br>Name:<br>Title: |
| Address :<br>Ground Floor West<br>One Finsbury Circus<br>London, EC2M 7EB | Address :<br>Oosthaven 52<br>2801 PE<br>Gouda<br>The Netherlands |
| Attn: Jatinder Bahia<br>Tel: +44 (0) 20 76149114<br>Fax: +44 (0) 20 76149199<br>Email: jbahia@theseaportgroup.com | Attn: Frank Eikelenboom<br>Tel: +31 182 597732<br>Fax: +31 182 597754<br>Email: eikelenboom@hofhoorneman.nl /<br>settlements@hofhoorneman.nl |

574-030/AGR/4110341.5

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is
executed this ____ day of _____ 2014.

The Seaport Group Europe LLP                  HOF Hoorneman Investment Funds NV
                                              For subfund Phoenix Fund


By:_____                                   By _____
Name:                                         Name
Title:                                        Title,

                                                    J.P. Warduin
                                                    Managing Director

Address :                                     Address :
Ground Floor West                             Oosthaven 52
One Finsbury Circus                           2801 PE
London, EC2M 7EB                              Gouda
                                              The Netherlands


Attn: Jatinder Bahia                          Attn: Frank Eikelenboom
Tel: +44 (0) 20 76149114                      Tel: +31 182 597732
Fax: +44 (0) 20 76149199                      Fax: +31 182 597754
Email: jbahia@theseaportgroup.com             Email: eikelenboom@hofhoorneman.nl /
                                              settlements@hofhoorneman.nl


574-030/AGR/4110341.5

Schedule I

Transferred Claims

Purchased Claim

[124.6098]% of the Proposed Allowed Claim Amount related to ISIN XS0324192243 on proof of claim 59233 which totals an allowed claim amount of USD 205,441.28 for total Purchased Allowed Amount of Proof of Claim of USD 256,000.00

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Purchased Principal/Notional Amount in EUR | Purchased Allowed Amount of Proof of Claim in USD |
|---|---|---|---|---|---|
| 59233 | XS0324192243 | Lehman Brothers Securities NV | Lehman Brothers Holdings Inc | 200,000.00 | 256,000.00 |

Seller's EUR Wire Information

Account name: The Seaport Group Europe LLP
Account Number: 10522689
Sort Code: 18 00 91
IBAN: GB09 COUT 1800 9110 5226 89
Ref: Lehman Brothers Securities NV.

Schedule 1-1

574-030/AGR/4110341.5