TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339
Telephone:  (770) 434-6868
Facsimile:   (770) 434-7376
Ilene W. Berman, Esq.
*Counsel for Home Lenders of Georgia, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISYTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re:                                  :     Chapter 11
:
**LEHMAN BROTHERS HOLDINGS,**            :     Case No. 08-13555(SCC)
**INC., et al.,**                        :
:
   Debtors.                              :
:
---------------------------------------------------------x

**RESPONSE OF HOME LENDERS OF GEORGIA, LLC TO LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR ENTRY OF AN ORDER (1) TO ENFORCE AGAINST NON-COMPLIANT MORTGAGE LOAN SELLERS, AND TO COMPEL THEM TO COMPLY WITH THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR THE INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS, AND (II) FOR CIVIL CONTEMPT SANCTIONS AGAINST SUCH NONCOMPLIANT MORTGAGE LOAN SELLERS FOR THEIR VIOLATION OF THE ORDER**

COMES NOW, Home Lenders of Georgia, LLC (HLG), specially, reserving and without waiving objections to lack of service, lack of process, defective process, personal jurisdiction, and venue and all other available defenses, and hereby responds to the above captioned Motion and states as follows:

-1-

1. HLG is not a Seller and is not subject to the ADR Order (ECF 45277). The ADR Order references the Motion (ECF 44450) that resulted in the ADR Order. The Order expressly states that "Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion." (Doc 45277 at fn. 1). The term "Sellers," as used in the ADR Order is not defined in that document. It is, however, defined in the Motion on page 2. ("…LBHI may assert contractual or other rights to require banks and other mortgage lending institutions **from which LBHI or its affiliates purchased mortgage loans** (collectively the "Sellers"…) (emphasis supplied). HLG **NEVER** sold a loan to LBHI or any of its affiliates. LBHI has offered no evidence to the contrary.

    HLG is not "a bank or other mortgage lending institution **from which LBHI or its affiliates purchased mortgage loans." HLG never sold a loan to LBHI or any of its affiliates. Thus, HLG is not a Seller.** The ADR Order upon which LBHI relies (Doc 45277) applies only to Sellers, as that term is defined in the Motion (Doc 44450). More specifically, the Order requires LBHI to serve a "Seller." (Doc 45277 at p. 3). Paragraph 6 of the Order makes clear that it is mandatory on LBHI and "the Seller." More to the point, paragraph 10 of the Order describes mediation between LBHI and "Sellers." In short, the ADR Order simply does not apply to HLG.

2. Presumably LBHI and its counsel knew before initiating the ADR process against HLG that the ADR Order did not apply to HLG. LBHI have made material misrepresentations to HLG, to this Court and presumably to others similarly situated to HLG. This Court should sanction LBHI and its counsel in such manner as the Court deems appropriate. The Court gave LBHI a broad and sweeping ADR Order. Presumably the Court expected LBHI to use that ADR Order responsibly and legally and not as a bludgeon to extort small mortgage brokers until they paid rather than submit to unaffordable ADR procedures intended for much larger "banks and other mortgage lending institutions from which LBHI or its affiliates purchased mortgage loans (collectively the "Sellers")…" LBHI have violated the Court's trust.

3. It is beyond dispute that LBHI and its counsel knew before filing the instant Motion for Sanctions and Contempt that the ADR Order does not apply to HLG. Counsel for LBHI and counsel for HLG exchanged the emails attached as Exhibit 1, months ago. On June 2, 2016 at 11:24 am, HLG counsel wrote to LBHI counsel stating in relevant part, "The ADR Order does not apply to my client. HLG is not a bank. HLG is not a mortgage lending institution. And neither LBHI nor any of its affiliates ever purchased a mortgage loan from HLG. If you attempt to enforce the ADR Order against HLG, you can expect

that we will expose this attempted misuse of the Court's Order. Our client will seek appropriate sanctions."

4. The Court should notice that LBHI identify the target of the current Motion as "Noncompliant Seller's". Neither LBHI nor any of its affiliates ever purchased any mortgage loan from HLG.

5. On pages 2 and 3 of the subject Motion, LBHI falsely asserts that "This Motion arises from the ADR Order, which established alternative dispute resolution procedures…to resolve hundreds of contractual indemnification claims…that LBHI holds against loan originators…" LBHI's representation is false on its face. The ADR Order has nothing to do with "loan originators." The ADR Order applies only to "Sellers," defined in LBHI's Motion (ECF 44450) as "…banks and other mortgage lending institutions **from which LBHI or its affiliates purchased mortgage loans** (collectively the "Sellers"…) (Emphasis supplied).

6. On page 4 of its Motion, LBHI falsely assert that "To date, none of those Noncompliant Sellers have responded, offered to participate, withdrawn their refusal to participate or even explained their continuing failure to comply with the ADR Order." Please see Exhibit 1, to this Response. HLG has "responded." HLG did "offer to participate." HLG did "explain" its position.

-4-

7. On page 5 of its Motion, LBHI further falsely asserted that "LBHI became entitled to seek reimbursement and indemnification from the mortgage loan sellers and other institutions (such as brokers) that sold or delivered the defective Mortgage loans to LBHI. LBHI's explanation makes clear its deliberate effort to redefine "Sellers." This explanation makes clear LBHI's deliberate attempt to use the ADR Order to bludgeon those like HLG, who are not subject to the ADR Order.

8. On page 10 of its Motion, LBHI falsely assert that "As of the date of this Motion none of the Noncompliant Sellers identified in Exhibit D have attended or scheduled mediations or withdrawn their refusal to do so, or even offered any valid reason for failing or refusing to do (sic)." See Exhibit 1 to this Response. HLG have offered to mediate and have explained their position.

9. In addition to the procedural discussion that is the subject of Exhibit 1, HLG have also addressed why the claims asserted by LBHI against HLG that are the subject of this Motion are meritless. See Exhibit "2," attached hereto.

10. This Court should note that contrary to LBHI's position, HLG, through counsel, emailed LBHI counsel on June 2, 2016 at 11:24 am. HLG explained

its position, but nevertheless offered to mediate. LBHI never responded before filing the instant Motion for Sanctions and contempt wherein LBHI has flatly misrepresented HLG's failure to respond and cooperate.

11. This Court should note the likelihood that LBHI deliberately timed the filing of this Motion and the response date (the Monday following the Thanksgiving holiday) to maximize aggravation to respondents and to make it as difficult as possible for Respondents to arrange for a timely response.

For the foregoing reasons, HLG respectfully requests as follows:

A. This Court should deny LBHI's Motion as to HLG in its entirety and with prejudice;

B. This Court should require LBHI and its counsel, jointly and severally, to reimburse HLG for all fees and costs incurred by HLG resulting from LBHI's false assertions of the 3 claims on which LBHI sought indemnification, including but not limited to the response to the instant Motion:

C. This Court should relieve HLG from any requirement to appear at a hearing in this case. If the Court will not relieve the requirement to appear at a hearing, the Court should allow HLG to appear by telephone.

D. As a sanction, this Court should bar LBHI or any of its affiliates or assignees from asserting any claims against HLG concerning or in any way related to the 3 claims on which LBHI sought indemnification; and

E. This Court should impose on LBHI and its counsel such other and further sanctions and relief as the Court deems just and appropriate to prevent further abuse as to others.

This 28th day of November, 2016.

Respectfully submitted,

/s/ Ilene Weisbard Berman
Ilene Weisbard Berman, Atty. No. 8224
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone:  (770) 434-6868
Facsimile:   (770) 434-7376
Email:  iberman@taylorenglish.com

*Counsel for Home Lenders of Georgia, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the foregoing *Response of Home Lenders of Georgia, LLC to Lehman Brothers Holdings Inc.'s Motion for Entry of an Order (1) To Enforce Against Non-Compliant Mortgage Loan Sellers, and To Compel Them to Comply with the Alternative Dispute Resolution Procedures Order for the Indemnification Claims of the Debtors against Mortgage Loan Sellers, And (II) For Civil Contempt Sanctions Against Such Noncompliant Mortgage Loan Sellers For Their Violation Of The Order* with the US Bankruptcy Court of the Southern District of New York using the CM/ECF system, which will automatically serve all counsel of record via email.

This 28th day of November, 2016.

Respectfully submitted,

/s/ Ilene Weisbard Berman
Ilene Weisbard. Berman, Atty. No. 8224
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone:   (770) 434-6868
Facsimile:   (770) 434-7376
Email:  iberman@taylorenglish.com

*Counsel for Home Lenders of Georgia, LLC*