# EXHIBIT 1

Sunday, November 27, 2016 at 10:48:10 AM Eastern Standard Time

| | |
|---|---|
| **Subject:** | Re: Home Lenders of Georgia |
| **Date:** | Thursday, June 2, 2016 at 11:24:12 AM Eastern Daylight Time |
| **From:** | Louis Cohan |
| **To:** | Michael Rollin |
| **CC:** | Erin Krinsky, Shannon Clutter |
| **BCC:** | Dawn Munoz |
| **Attachments:** | image001.png, image002.png |

Michael:

    Thank you for your email.  The ADR Order does not apply to my client.  HLG is not a bank.  HLG is not a mortgage lending institution.  And neither LBHI nor any of its affiliates ever purchased a mortgage loan from HLG.  If you attempt to enforce the ADR Order against HLG, you can expect that we will expose this attempted misuse of the Court's Order.  Our client will seek appropriate sanctions.

    Moreover, the 3 claims that you and your client are threatening to assert are frivolous – meaning that they are without basis in fact or law.

    Given the foregoing, my client is perfectly happy to participate in a short (30 minutes or less) mediation by video conference at the expense of your client.  Because the claims have no merit, my client will simply tell you, your client and the mediator what I have already told you – that my client is unwilling to pay any money to resolve the claims and that your client can file suit if it chooses to do so.  But, if your client does file suit, know that my client will seek to recover all fees and costs incurred to date and going forward to defend against the frivolous claims.  My client will seek to recover those fees and costs from your client and from and all attorneys who participate in the frivolous litigation.

    To be practical, enough is enough.  Your client should be done with this and move on.

    Let me know.  Thanks.

Louis

_____
Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
p: 404-891-1770 | c: 404-513-3711 | f: 404-891-5094
Email: lcohan@cohanlawgroup.com
Twitter:  @CohanLawGroup

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named
above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message.
Thank you.

**From:** Michael Rollin <mrollin@rbf.law>
**Date:** Tuesday, May 31, 2016 at 6:39 PM
**To:** Louis Cohan <lcohan@cohanlawgroup.com>
**Cc:** Erin Krinsky <ekrinsky@cohanlawgroup.com>, Shannon Clutter <sclutter@cohanlawgroup.com>
**Subject:** RE: Home Lenders of Georgia

Louis-

Without waiving LBHI's rights to require HLG to participate in ADR pursuant to the ADR Order, LBHI will agree to mediation by video-conference provided that the parties share all costs of the mediation, as required by the ADR Order. Please advise whether HLG agrees.

Michael A. Rollin
ROLLIN BRASWELL FISHER LLC
8350 East Crescent Parkway, Suite 100
Greenwood Village, Colorado 80111
Main   303.945.7415
Mobile 303.319.8346
mrollin@RBF.law

The information contained in or attached to this e-mail transmission is intended only for use of the individual or entity to whom this transmission is addressed.  This transmission contains information from the law firm of Rollin Braswell Fisher LLC, a Professional Company, which may be confidential or privileged.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained in this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by reply e-mail and destroy the original message in its entirety.

**From:** Louis Cohan [mailto:lcohan@cohanlawgroup.com]
**Sent:** Thursday, May 19, 2016 5:47 PM
**To:** Michael Rollin <mrollin@rbf.law>
**Cc:** Erin Krinsky <ekrinsky@cohanlawgroup.com>; Shannon Clutter <sclutter@cohanlawgroup.com>
**Subject:** Re: Home Lenders of Georgia

Michael:

Thanks for your email.  Presumably the 3000 counterparties are the Sellers – as defined in the Motion.  It seems unlikely the Court would award relief that was never requested.  Don't you think?

Please explain.

Louis

---

Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
p: 404-891-1770 | c: 404-513-3711 | f: 404-891-5094
Email: lcohan@cohanlawgroup.com
Twitter:  @CohanLawGroup


Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named
above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message.
Thank you.

---

**From:** Michael Rollin <mrollin@rbf.law>
**Date:** Thursday, May 19, 2016 at 3:42 PM
**To:** Louis Cohan <lcohan@cohanlawgroup.com>
**Cc:** Erin Krinsky <ekrinsky@cohanlawgroup.com>, Shannon Clutter <sclutter@cohanlawgroup.com>
**Subject:** RE: Home Lenders of Georgia

Louis-

I do not agree with your analysis.  The ADR Order defines "Sellers" as any of the approximately 3,000 counterparties against whom "LBHI holds contractual claims for indemnification and/or reimbursement." ADR Order at 2, ¶ C.  HLG is such a counterparty.  HLG is therefore covered by the ADR Order.

Again, I request that you make a definitive statement as to whether your client will or will not comply with the terms of the ADR Order.

Thank you,

Michael A. Rollin
ROLLIN BRASWELL FISHER LLC
8350 East Crescent Parkway, Suite 100
Greenwood Village, Colorado 80111
Main    303.945.7415
Mobile 303.319.8346

mrollin@RBF.law

The information contained in or attached to this e-mail transmission is intended only for use of the individual or entity to whom this transmission is addressed.  This transmission contains information from the law firm of Rollin Braswell Fisher LLC, a Professional Company, which may be confidential or privileged.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained in this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by reply e-mail and destroy the original message in its entirety.

**From:** Louis Cohan [mailto:lcohan@cohanlawgroup.com]
**Sent:** Tuesday, May 17, 2016 4:17 PM
**To:** Michael Rollin <mrollin@rbf.law>
**Cc:** Erin Krinsky <ekrinsky@cohanlawgroup.com>; Shannon Clutter <sclutter@cohanlawgroup.com>
**Subject:** Re: Home Lenders of Georgia

Michael

Before my client makes a decision about mediation, I need a little help from you.  You have lived this case and you are obviously far more familiar than I am.

While I disagree with much of your email, below, it has prompted me to conduct further review of the relevant pleadings.  It would appear that Home Lender's of Georgia (HLG) is not subject to the Order upon which you seek to rely.  See the attached Motion and Order for reference.

Specifically, the Order (Doc 45277) references the Motion (Doc 44450).  The Order expressly states that "Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion." (Doc 45277 at fn. 1).  The term "Sellers," first used in Doc. 45277 is not defined in that document.  It is, however, defined in Doc 44450 on page 2. (""…LBHI may assert contractual or other rights to require banks and other mortgage lending institutions **from which LBHI or its affiliates purchased mortgage loans** (collectively the "Sellers"…) (Emphasis supplied).

HLG is  not "a bank or other mortgage lending institution **from which LBHI or its affiliates purchased mortgage loans.**  Thus, HLG is not a Seller.  I think you would agree with me that the Order upon which you now seek to rely (Doc 45277) applies only to Sellers, as that term is defined in (Doc 44450).  More specifically, the Order requires LBHI to serve a "Seller." (Doc 45277 at p. 3).  Paragraph 6 of the Order makes clear that it is mandatory on LBHI and the Seller.  More to the point, paragraph 10 of the Order describes mediation between LBHI and Sellers.

So far as I am aware LBHI nor its affiliates ever purchased a mortgage loan from HLG.  Furthermore, HLG is not a bank or other mortgage lending institution and never was.

Given the foregoing, can you please explain to me how the subject Order requires HLG to participate in the mediation upon which you are insisting.   It seems clear to me now that the Order was never intended to apply to a small family owned mortgage broker like HLG.  It was intended to apply to banks and other mortgage lending institutions.  Upon review of your explanation, we will determine next steps.

Thank you.

Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
p: 404-891-1770 | c: 404-513-3711 | f: 404-891-5094
Email: lcohan@cohanlawgroup.com
Twitter:  @CohanLawGroup

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named
above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message.
Thank you.

**From:** Michael Rollin <mrollin@rbf.law>
**Date:** Friday, May 13, 2016 at 3:18 PM
**To:** Louis Cohan <lcohan@cohanlawgroup.com>
**Cc:** Erin Krinsky <ekrinsky@cohanlawgroup.com>, Shannon Clutter <sclutter@cohanlawgroup.com>
**Subject:** RE: Home Lenders of Georgia

Louis –

The ADR Order calls for mediation in New York and cost-sharing.  The Court did not suggest that LBHI would bear the cost of mediation, and LBHI declines to do so.  Your clients are subject to the Order, and the Court stated directly that your theory that the Court does not have jurisdiction over your clients was wrong.  I wish to schedule mediation in New York pursuant to the Order.  Please make a definitive statement in response whether your client will or will not comply with the terms of the ADR Order.

Second, your claims of silliness and frivolity are unproductive.  LBHI has valid indemnification claims against your clients and has provided the factual bases therefor.  If you wish to discuss the merits, attend the mediation.  If that fails, you have the right to defend against the claims in Court.

Regards,

Michael A. Rollin
**ROLLIN BRASWELL FISHER LLC**
8350 East Crescent Parkway, Suite 100
Greenwood Village, Colorado 80111
Main    303.945.7415
Mobile 303.319.8346
mrollin@RBF.law

The information contained in or attached to this e-mail transmission is intended only for use of the individual or entity to whom this transmission is addressed.  This transmission contains information from the law firm of Rollin Braswell Fisher LLC, a Professional Company, which may be confidential or privileged.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained in this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by reply e-mail and destroy the original message in its entirety.

**From:** Louis Cohan [mailto:lcohan@cohanlawgroup.com]
**Sent:** Wednesday, May 4, 2016 10:18 AM
**To:** Michael Rollin
**Cc:** Erin Krinsky ; Shannon Clutter
**Subject:** Re: Home Lenders of Georgia

Michael:

The Judge offered a very practical solution – participation in mediation via video conference.  I thought I was clear, but let me again confirm, in writing, my client's willingness to participate in mediation via video conference.  The cost of the mediation would be born by your client as the judge explicitly mentioned the only possible cost to my client for mediation in New York would be the cost of a plane ticket.

I also offered to discuss the claims with you.

Finally, given that the claims are baseless and frivolous, I invited your client to simply withdraw its contentions and to move on.  I do think that makes the most sense and will be the most beneficial to creditors who have an interest in maximizing recovery.

Please let me know which of the options, your client chooses.

Thank you.

_____
Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
p: 404-891-1770 | c: 404-513-3711 | f: 404-891-5094
Email: lcohan@cohanlawgroup.com
Twitter:  @CohanLawGroup

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named
above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message.
Thank you.

**From:** Michael Rollin <mrollin@rbf.law>
**Date:** Wednesday, May 4, 2016 at 10:09 AM
**To:** Louis Cohan <lcohan@cohanlawgroup.com>
**Cc:** Erin Krinsky <ekrinsky@cohanlawgroup.com>, Shannon Clutter <sclutter@cohanlawgroup.com>
**Subject:** Re: Home Lenders of Georgia

Mr. Cohan

I understand your email to say that notwithstanding the Court's guidance on our telephone conference, the answer to my question in the underlying email is "no" as to both options.

I don't want any misunderstandings, so if I have read your email incorrectly, and your clients intend to either participate in ADR pursuant to the ADR order or make complete financial disclosures, please inform me of that immediately.

Thank you,
Mike

On May 3, 2016, at 11:56 AM, Louis Cohan <lcohan@cohanlawgroup.com> wrote:

> Michael:
>
> Good morning.  Here is our perspective.
>
> First, my client has never been served with any process and disputes that the Bankruptcy Court in New York has any jurisdiction over it.
>
> Second, the so-called claims are silly, at best, and I am not using that word lightly.  My client is not the guarantor of the three loans – which seems to be the position of LBHI.  LBHI have identified nothing with specificity that my client was required by the agreement to do that my client failed to do, nor vice versa.  There is a good reason.  My client did all that was required of it.
>
> The easiest example is that your client points to what appears to be nothing more than an error in a document and utilizes that as a basis to allege that the borrower never occupied the residence (Johnson loan).  LBHI is just plain wrong.  Odd that LBHI would make such a serious accusation, attempt to bully my client into an expensive mediation in New York to lever a settlement with such an empty claim.
>
> The other two claims are no less absurd, just a little more involved to address.
>
> So, whether my client is here in Atlanta, participating by video conference or in person in New York, it is willing to pay nothing to resolve these spurious claims.  I am happy to discuss the claims with you, though I would think the merits would be obvious upon even a cursory review.
>
> I cannot even imagine how much money that would otherwise be available to creditors has been spent in pursuit of this and I shutter to think how many may have paid money just to be done with LBHI.
>
> The Judge mentioned good and evil.  I never brought it up.  But since it is on the table, Lehman Brothers was largely responsible for the 2008 economic melt down and almost single handedly destroyed our US economy.  I guess they are not yet done wasting money and doing damage.  In contrast, the husband and wife who own my

client are simply trying to pay their bills and raise their kids. LBHI threaten to bankrupt them.

So, bottom line, the claims have no merit and my client is not paying to settle.

Please advise what your client wants to do and we will deal with it.  What your client should do is apologize and withdraw the claims.  The Judge suggested a video conference for the mediation.  If your client wants to pay for mediation and conduct it by video conference, just to hear my client say no – in person, then so be it.

Let me know.

Thanks.

_____
Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
p: 404-891-1770 | c: 404-513-3711 | f: 404-891-5094
Email: lcohan@cohanlawgroup.com
Twitter:  @CohanLawGroup


Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named
above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message.
Thank you.

---

**From:** Michael Rollin <mrollin@rbf.law>
**Date:** Friday, April 29, 2016 at 11:50 AM
**To:** Louis Cohan <lcohan@cohanlawgroup.com>
**Subject:** Home Lenders of Georgia

Mr. Cohan-

I will be your point of contact for the rest of this matter.  I understand from Ms. Lieber that you're busy today.  At your earliest convenience, will you please advise whether Home Lenders of Georgia intends to (1) participate in ADR and/or (2) make full financial disclosures regarding their financial condition?  If the latter, you may, as the Court suggested, send the information to Mr. Moldovan or work with LBHI' business representatives directly.  I can put you in touch with the right LBHI personnel.

Regards,

Michael A. Rollin
**ROLLIN BRASWELL FISHER LLC**
8350 East Crescent Parkway, Suite 100
Greenwood Village, Colorado 80111
Main   303.945.7415
Mobile 303.319.8346
mrollin@RBF.law

The information contained in or attached to this e-mail transmission is intended only for use of the individual or entity to whom this transmission is addressed.  This transmission contains information from the law firm of Rollin Braswell Fisher LLC, a Professional Company, which may be confidential or privileged.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained in this transmission is prohibited.  If you have received this transmission in error, please notify us immediately by reply e-mail and destroy the original message in its entirety.