# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

November 30, 2016

VIA HAND DELIVERY & EMAIL

The Honorable Shelley C. Chapman
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   In re: Lehman Brothers Holding Inc. No. 08-13555 (SCC)
      Plan Administrator's Response to Mortgage Experts' Letter [ECF No. 53970]

Dear Judge Chapman:

      Our firm represents Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* confirmed by Order entered December 6, 2011, for LBHI and its affiliated Debtors in the above-referenced jointly administered Chapter 11 cases (the "Chapter 11 Cases"). LBHI hereby responds to the letter from Stephen R. Williams[1] on behalf of Mortgage Experts ("ME"), dated November 1, 2016, received by the Court on November 9, 2016, and entered on the docket on November 18, 2016 with exhibits thereto [ECF Nos. 53970, 53970-1 through 53970-10] (the "Letter"). ME's Letter impermissibly asks the Court to (i) re-write the *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, entered July 18, 2014 [ECF No. 45277] (the "ADR Order"); (ii) find that LBHI violated this new re-written ADR Order; and (iii) then impose sanctions against LBHI. ME's allegations in the Letter are false and ME has no right to any of the relief it purportedly seeks.[2]

---

[1] Mr. Williams does not identify himself as a lawyer. LBHI notes that a corporation is prohibited from representing itself *pro se*. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993) ("[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel") (citing cases); *Dial–A–Mattress Franchise Corp. v. Page*, 880 F.2d 675, 677 (2d Cir.1989) ("[u]nder the rules of this circuit, a corporation may not appear *pro se*"); *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir.1980) ("[t]he rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread") (citing cases).

[2] In addition to ME improperly representing itself, the letter is also procedurally defective because the relief that it demands cannot be sought in a mere letter to the Court. Further, it is ME that is subject to sanctions, as set out in LBHI's Omnibus Sanctions Motion. *See Motion by Lehman Brothers Holdings Inc. for Entry of an Omnibus Order (I) to Enforce Against Noncompliant Mortgage Loan Sellers, and to Compel Them to Comply with, the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers,*

1

Background

As the Court is aware, the ADR Order established alternative dispute resolution procedures ("ADR"), including a mediation process to resolve hundreds of contractual indemnification claims that LBHI holds against originators of allegedly defective residential mortgage loans (each a "Seller"). Those indemnification claims were triggered by LBHI's multi-billion dollar settlements with Fannie Mae and Freddie Mac. ME is a Seller subject to LBHI's indemnification claims. *See* Omnibus Sanctions Motion, Exh. D. As such, ME was duly served with LBHI's motion for entry of the ADR Order. *See* [ECF Nos. 44450, 44559]. Thereafter, LBHI served ME with the ADR Order and the Indemnification ADR Notice documents (as defined in the ADR Order) requiring ME's participation in the ADR Order's mandatory ADR process. On behalf of ME, Stephen R. Williams participated in the ADR process by serving a written response to ME's Indemnification ADR Notice. Under the ADR Order, on or about May 11, 2015 a mediator was assigned to LBHI's dispute with ME and ME was directed to schedule, attend and fully participate in a mediation. *See* Omnibus Sanctions Motion, Exh. D. Since May 2015, Mr. Williams has repeatedly refused to participate in a mediation, citing his wife's health and his demand for Fannie Mae records as excuses for refusing to comply with the ADR Order's mandatory mediation. While neither is a valid excuse for violating the ADR Order, LBHI agreed to adjourn ME's mediation for nearly one year. Over a year later, Mr. Williams still refuses to cause ME to participate in the mediation that the ADR Order mandates.

In late October 2016, both LBHI and the assigned mediator warned Mr. Williams that ME's repeated failure and refusal to comply with the ADR Order's mandatory mediation could cause LBHI to seek sanctions against ME. In response to that warning, Mr. Williams engaged in a frivolous delay tactic by filing ME's Letter, which is just another collateral and untimely attack against the ADR Order.

ME's Allegations Are Frivolous

*First*, ME argues that LBHI's claims regarding the loans at issue are incorrect. If ME believes it has a defense (legal or factual), it should be raised at mediation so the mediator can evaluate the argument and value the litigation, thereby enhancing the prospect for settlement without further litigation expense.

*Second*, ME argues that LBHI did not act in good faith, because it (i) provided "false documents," (ii) refused to request documents from Fannie Mae; and (iii) "made false statements." ME's allegations are baseless.

---

*and (II) for Civil Contempt Sanctions Against Such Noncompliant Mortgage Loan Sellers for Their Violation of the Order* and Exhibit D thereto filed November 16, 2016 in the Chapter 11 Cases [ECF Nos. 53946, 53946-64] ("Omnibus Sanctions Motion") against ME and other counterparties. In the Omnibus Sanctions Motion, LBHI seeks sanctions for ME's willful violation of the procedures in the ADR Order. Curiously, ME failed to submit an objection or response to the Omnibus Sanctions Motion, which was due November 28, 2016.

2

- <u>LBHI never provided false documents</u>. Exhibit 6 to the Letter cites a Confidential document that was part of the loan file produced. The document was not falsified.

- <u>LBHI has no obligation under the ADR Order to conduct pre-litigation discovery</u>. ME's allegation that LHBI has "[r]efused since 8/19/14 to make a simple written request to Fannie Mae," is not relevant. As LBHI and the assigned mediator have repeatedly informed Mr. Williams, ME has no right to demand such Fannie Mae records from LBHI, much less to condition its compliance with the mandatory mediation process upon such an impermissible discovery demand. The ADR Order attempts to allow LBHI and counterparties to resolve disputes consensually, minimizing the time and expense devoted to costly discovery. Here, LBHI has provided ME with information about its claims. However, LBHI refuses to conduct full-blown discovery in pre-litigation mediation.

- <u>LBHI made no statement that Fannie Mae documents would not be available after January 1, 2017</u>. ME cites to the Settlement Agreement between LBHI and Fannie Mae, dated January 22, 2014. However, ME misinterprets the provision regarding access to information. The provision does not mean that Fannie Mae's documents will no longer be available after January 1, 2017.

In sum, LBHI has acted in good faith regarding ME and the ADR Order.

*Finally*, ME requests this Court modify the ADR Order by (i) ordering LBHI to provide discovery; (ii) allowing ME to select the mediator; and (iii) ordering LBHI to pay the mediator. However, the ADR Order (i) does not allow for pre-mediation discovery; (ii) allows LBHI to select the mediator from a Court approved list; and (iii) requires the parties to split the cost of the mediation. ME failed to object to the ADR Motion at the appropriate time, and thus ME should be subject to the same ADR procedures as other similarly situated Sellers.

<u>ME Violated the ADR Order</u>

ME violated the ADR Order by failing to attend mediation. *See* Omnibus Sanction Motion. ME has also failed to file a timely response to the Omnibus Sanction Motion.

In addition to ME's failure and refusal to comply with the ADR Order's mandatory mediation, ME has breached the ADR Order by filing Confidential Information with the Court without redaction in blatant disregard of the "Confidential" designation which LBHI placed on nearly each page of those documents. The documents attached to the Letter are confidential under the ADR Order and not to be disclosed. *See e.g.,* ADR Order ¶¶ 5, 6, 8(a), 9 and 13 ((i) "*[a]ll discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined [in the ADR Order]) shall remain confidential and privileged....*"; and (ii) "*Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the [Indemnification] ADR Procedures*").

3

The information contained in ME's attachments is confidential and its submission in unredacted form violates the ADR Order. For example:

- loan identification numbers and disputed amounts from the Indemnification ADR Notice materials LBHI served on ME, which appear in the Letter and in Exhibit 2 to the Letter, *see* [ECF Nos. 53970, 53970-2];

- tax returns, loan applications, and other loan underwriting documents associated with underlying loans, which LBHI produced in confidence for the ADR process, which are designated as "Confidential" on each page, included in Exhibits 3 and 4 to the Letter, *see* [ECF Nos. 53970-3, 53970-4];

- written correspondence between LBHI and ME for the ADR process and documents LBHI produced in confidence for the ADR process, which are designated as "Confidential" on each page in Exhibits 5 and 6 to the Letter, *see* [ECF Nos. 53970-5, 53970-6];

- written correspondence between LBHI and ME for the ADR process in Exhibit 7 to the letter, *see* [ECF Nos. 53970-7, 8 and 9]; and

- written correspondence between LBHI and ME for the process and documents LBHI produced in confidence for the ADR process designated as "Confidential" on each page in Exhibit 8 to the letter, *see* [ECF No. 53970-10].

ME also violated Rule 9037 of the Federal Rules of Bankruptcy Procedure by filing Exhibits 3 and 4 to the letter, *see* [ECF Nos. 53970-3, 53970-4], which contain the complete unredacted social security numbers of borrowers and other individuals and other personal identification information not to be included in filings under Rule 9037 unless the Court orders otherwise.

\*   \*   \*

ME has no basis for the relief that it seeks. LBHI respectfully requests that the Court (i) deny ME's Letter request in its entirety and (ii) seal or otherwise remove the Confidential Information from the docket, which ME filed in violation of the ADR Order and Rule 9037. To the extent the Court requires a hearing on this frivolous Letter, LBHI notes that the Omnibus Sanction Motion is scheduled for December 8, 2016. However, LBHI respectfully submits this Letter could also be dealt with via telephone conference like similar letters in the past.

Respectfully submitted,

Adam M. Bialek

cc:   Mortgage Experts (by email: steve.williams@dvpca.com)