B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc.,</u>    Case No. <u>08-13555</u>

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Name of Transferee** | **Name of Transferor** |
|---|---|
| HBK Loan I LLC | HBK Master Fund L.P. |

Name and Address where notices to transferee should be sent:

**HBK Loan I LLC**
c/o Virtus Group, LP
5400 Westheimer Court, Ste 760
Houston, Texas 77056
Attention: Paul Plank
Telephone: (713) 993-4300
Email: hbkloan1llc@virtusllc.com
Last Four Digits of Acct #: **N/A**

Name and Address where transferee payments should be sent (if different from above):

Telephone: [ ]
Last Four Digits of Acct #: N/A

Court Claim # (if known): Claim No. 58095
Amount of Claim with respect to ISIN XS0235076097 to be Transferred: $17,900,713.76
Date Claim Filed: November 2, 2009

Court Claim # (if known): Claim No. 49613
Amount of Claim with respect to ISIN XS0327717855 to be Transferred: $22,117,638.89
Date Claim Filed: October 27, 2009

Court Claim # (if known): Claim No. 49612
Amount of Claim with respect to ISIN XS0327716881 to be Transferred: $22,117,638.89
Date Claim Filed: October 27, 2009

Court Claim # (if known): Claim No. 49614
Amount of Claim with respect to ISIN XS0327717939 to be Transferred: $22,117,638.89
Date Claim Filed: October 27, 2009

Court Claim # (if known): Claim No. 49611
Amount of Claim with respect to ISIN XS0327717343 to be Transferred: $48,759,340.28
Date Claim Filed: October 27, 2009

Telephone: N/A
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: December 1, 2016
Transferee/Transferee's Agent – HBK Loan I LLC
By: Beauregard A. Fournet, Vice President

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

EXECUTION VERSION

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **HBK Master Fund L.P.** ("Transferor") hereby unconditionally and irrevocably transfers and assigns to **HBK Loan I LLC** (the "Transferee"), and Transferee hereby agrees to accept and receive, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Transferred Claims"), in Transferor's right, title and interest in and to Proof of Claim Numbers **58095, 49611, 49612, 49613, and 49614** (the "Proofs of Claim") filed against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Transferor relating to the Transferred Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Transferred Claims on or after the date hereof or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Transferred Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Transferred Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Transferred Claims, and (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor or any prior Transferor acquired the rights and obligations underlying or constituting a part of the Transferred Claims, but only to the extent related to the Transferred Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Rights"), and (d) the security or securities (any such security, a "Transferred Security") relating to the Transferred Claims and specified in Schedule 1 attached hereto. For the avoidance of doubt, Transferee does not assume and shall not be responsible for any obligations or liabilities of the Transferor related to or in connection with the Transferred Rights or the Proceedings.

2. Transferor hereby represents and warrants to Transferee that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009, in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Transferor or against Transferor; (d) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim includes the Transferred Claims specified in Schedule 1 attached hereto; (f) Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Transferred Claims; (g) to the extent received by Transferor from its predecessor in interest, if applicable, Transferor has made available to Transferee true and correct copies of distribution notices relating to the following distributions from the Debtor in respect of the Transferred Claims: (x) with respect to Claim Number **58095** only, the initial distribution on or about April 17, 2012 and the second distribution on or about October 1, 2012 and (y) with respect to Claim Numbers **58095, 49611, 49612, 49613, and 49614**, the third distribution on or about April 4, 2013, the fourth distribution on or about October 3, 2013, the fifth distribution on or about April 3, 2014, the sixth distribution on or about October 2, 2014, the seventh distribution on or about April 2, 2015, the eighth distribution on or about October 1, 2015, the ninth distribution on or about March 31, 2016, the tenth distribution on or about June 16, 2016 and the eleventh distribution on or about October 6, 2016 (the distributions described in (x) and (y) collectively, the "LBHI Distributions"), which distribution notices have not been supplemented, amended or revised and which set forth the distributions paid by the Debtor to Transferor or a predecessor in interest; (h) with respect to the Transferred Securities, Transferor or, to the best of Transferor's knowledge, a predecessor in interest received from Lehman

1

Brothers Treasury Co. B.V. ("LBT") the initial distribution on or about May 8, 2013, the second distribution on or about October 24, 2013, the third distribution on or about April 28, 2014, the fourth distribution on or about October 28, 2014, the fifth distribution on or about April 27, 2015, the sixth distribution on or about October 29, 2015, the seventh distribution on or about April 28, 2016, and the eighth distribution on or about July 14, 2016 (collectively, the "LBT Distributions" and together with the LBHI Distributions, the "Distributions") made pursuant to the Composition Plan of LBT, dated December 5, 2012, each in the same time, manner and amount as other holders of the Transferred Security, and (i) other than the Distributions and, to the best of Transferor's knowledge, with respect to each of Claim Numbers **49611, 49612, 49613, and 49614**, the distributions paid by the Debtor on or about April 17, 2012 and October 1, 2012, in amounts no less favorable than those received by other unsecured creditors of the same class and type as the Transferred Claims, neither Transferor nor, to the best of Transferor's knowledge, a predecessor in interest, has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims; and (j) the Agreement and Evidence of Transfer of Claim (the "Upstream EOT") that was filed with the Court on (x) December 16, 2014 under docket number 47421 and on June 4, 2014 under docket number 44518 with respect to Claim Number **58095** and (y) April 26, 2013 under docket number 36899 with respect to each of Claim Numbers **49611, 49612, 49613, and 49614** is the true and correct copy of each Upstream EOT.

3. Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor. Transferor hereby agrees to indemnify, defend and hold Transferee, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Transferor's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Transferor shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Transferee. Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method), as Transferee may designate in writing to Transferor. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Transferred Security.

6. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Transferor and Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each

party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __1__ day of December 2016.

| HBK Master Fund L.P. | HBK Loan I LLC |
|---|---|
| By:  HBK Services LLC<br>      Investment Advisor | |
| By: _____<br>Name:  Beauregard A. Fournet<br>Title:   Authorized Signatory | By: _____<br>Name:  Beauregard A. Fournet<br>Title:   Vice President |
| 2101 Cedar Springs Road, Suite 700<br>Dallas, Texas 75201<br>Telephone: (214) 758-6107<br>Facsimile: (214) 758-1207<br>Attention: General Counsel<br>legal@hbk.com | c/o Virtus Group, LP<br>5400 Westheimer Court, Ste 760<br>Houston, Texas 77056<br>Telephone: (713-993-4300<br>Facsimile: (877) 718-2507<br>Attention: Paul Plank<br>Email: hbkloan1llc@virtusllc.com |

3

EXECUTION VERSION

Schedule 1

Transferred Claims

Purchased Claim Amount: **$133,012,970.71.**

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount of Claim Transferred | Proof of Claim |
|---|---|---|---|---|---|
| XS0235076097 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $17,898,039.00 | $17,900,713.76 | 58095 |
| XS0327717855 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $22,000,000.00 | $22,117,638.89 | 49613 |
| XS0327716881 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $22,000,000.00 | $22,117,638.89 | 49612 |
| XS0327717939 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $22,000,000.00 | $22,117,638.89 | 49614 |
| XS0327717343 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $48,500,000.00 | $48,759,340.28 | 49611 |

Schedule 2-1