December 2, 2016

The Honorable Shelley C. Chapman
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Re:    In re: Lehman Brothers Holding Inc. No. 08-13555 (SCC)
       Mortgage Experts' Response Plan Administrators November 30, 2016 Letter

Dear Judge Chapman,

        In 2005, Mortgage Experts ("ME") was not a loan Seller only a Broker and only provided the initial loan application forms, credit report and initial borrower disclosures to Lehman Brothers Bank ("LBB").  LBB obtained their own credit report and did their own independent verification of employment (in addition to numerous other under writing steps) before they funded LBHI Loan # 36357533 and then sold it directly to Fannie Mae.

        In 2005 ME did not misrepresent the income or employment in the initial loan application, transmittal summaries (support for this has already been provided).

        The alleged indemnification claim made by Fannie Mae in 2014 against ME is only stated in their one line summary (the one line summary states; LBHI Loan # 36357533; Seller Loan # 36357533; 410 Acacia Ave., Manteca, CA 95336; Claim Reason #1 "..Misrepres – Income/Employ.."; Claim Reason #2 is Blank ("SO LOAN"). This is the only relevant item that accuses ME of any wrong doing.  I have shown that the loan application and transmittal summary had left the income box blank (as designed by LBB) and that the employment at Amtrak was correct in 2005 and 2008 (via LBHI documents).

        In order to have a meaningful mediation the Fannie Mae findings and supporting documents need to be provided, if they exists and will show LBB or LBHI misstated the income and / or employment.

        The LBHI November 30, 2016 letter notes an ADR dated July 18, 2014, while we have only been provided with the June 24, 2014 (ADR Alternative Dispute Resolution Procedure Order for Indemnification Claims of the Debtors against Mortgage Loan Sellers (case 08-13555-scc; doc 44846; filed 06/24/14; entered 06/24/14; 11:22:40 – see Attachment #1 -("ADR"))).

        We are not requesting any modifications to this ADR order. We have complied with the ADR and are now at the mediation stage.  The mediation has been delayed many times with LBHI approval until recently when it came to our attention that the critical Fannie Mae findings and supporting documents would no longer be available after 1/1/2017 (see page 6 item 3.4 of the 1/22/2014 Settlement Agreement – copy provided 11/01/2016). LBHI stated several times that these documents would be available in the event of litigation while knowing LBHI would not have availability to access these documents after 1/1/2017 and has refused to request them from Fannie Mae and pressed for a mediation date (related LBHI emails were provided 11/1/2016).

1

The sanctions ME has requested are included in the ADR (please see Item number 12 of the ADR - Sanctions for Parties begins with "...LBHI and each seller must participate in good Faith with these Indemnification ADR Procedures..." and later notes "...Sanctions shall include, but not be limited to: a. Against LBHI (i) attorneys' fees; (II) fees and costs of the mediator; termination of the Indemnification ADR Procedures as to one or more Indemnification Claims; and/or (iii) rejection of some or all claims asserted by LBHI in the applicable ADR Dispute..."

The November 1, 2016 ME letter is not Frivolous.  The LBHI November 30, 2016 letter notes four additional points starting on page 2:

First that "... ME argues that LBHI's claims regarding the loans at issue are incorrect. If ME believes it has a defense (legal or factual), it should be raised at mediation so the mediator can evaluate the argument and value the litigation, thereby enhancing the prospect for settlement without further litigation expense..."

The November 1, 2016 ME request for sanctions (i). did not make this broad statement: (ii). There is only one loan not loans; (iii). it did note that LBHI's entire Indemnification claim relies on the 1/22/2014 Fannie Mae findings and supporting documents. It did also note it was not possible for the Fannie Mae findings / supporting documents to show the ME loan file that was submitted to LBB for underwriting and funding misrepresented the income or employment for the SO LOAN.  It is not possible to have a meaningful mediation without the Fannie Mae findings / supporting documents.

Second that "...ME argues that LBHI did not act in good faith, because it (i) provided "false documents," refused to request documents from Fannie Mae; and (iii) made false statements." ME's allegations are baseless.  LBHI never provided false Documents. Exhibit 6 to the letter cites a Confidential document that was part of the loan file produced. The document was not falsified..."

LBHI provided ME 1285 documents numbered LEH-ME_0000001 to LEH-ME_0001285 per LBHI Indemnification ADR Notice No.; 945-1590 (see attachment #2).  Exhibit 6 included LBH-ME_0001155 to LEH-ME_0001181 (i) these were not part of the SO LOAN file; (ii) they are not part of the ME / LBB broker agreement: (iii) they are loan seller/correspondent documents and are one of the main documents analyzed in the current case law.  The inclusion of these documents in the 1285 ME documents attempts to make them relevant in the mediation process and later litigation. These are false documents that are not relevant to a Broker.

Third that "...LBHI has no obligation under the ADR order to conduct pre-litigation discovery. ME's allegation that LHBI has "(r)efused since 8/19/14 to make a simple request to Fannie Mae, "is not relevant. As LBHI and the assigned mediator have repeatedly informed Mr. Williams, ME has no right to demand such Fannie Mae records from LBHI, much less to condition its compliance with the mandatory process upon such an impermissible discovery demand. The ADR order attempts to allow LBHI and counterparties to resolve disputes consensually, minimizing the time and expense devoted to costly discovery, Here, LBHI has provided ME with information about its claims. However, LBHI refuses to conduct full-blown discovery in pre-litigation mediation..."

2

The November 1, 2016 ME request for sanctions has shown the critical nature of the Fannie Mae Findings and supporting documents (not "...full-blown discovery...") and that these documents will no longer be available to LBHI after 1/1/2017. The ADR order does requires "...Seller and its agents, including council, have a duty to take affirmative steps to preserve all documents and other evidentiary materials related to the Indemnification ADR Dispute..." this would certainly cover the Fannie Mae findings and supporting documents which are now available to LBHI (only requiring a simple request) and will not be available after 1/1/2017. These documents are critical to a meaningful mediation.

Fourth that "...LBHI made no statement that Fannie Mae documents would not be available after January 1, 2017. Me cites to the Settlement Agreement between LBHI and Fannie Mae, dated January 22, 2014. However, ME misinterprets the provision regarding access to information. The provision does not mean that Fannie Mae's documents will no longer be available after January 1, 2017.

LBHI has made statements that the Fannie Mae findings and supporting documents would be available after 1/1/2017. The Settlement Agreement between LBHI and Fannie Mae covers 11,000 loans, some originated over 11 years ago. The agreement can only be analyzed by the words used and it clearly states 1/1/2017 as the last date Fannie Mae was willing to spend time and money to review and provide documents for these loans. There is no information that can be relied upon that the findings and supporting documents would be available after 1/1/2017 and that Fannie Mae would agree to discovery from ME for these findings and documents in the event of litigation between LBHI and ME.

The November 30, 2016 LBHI letter continues to (i) review the ADR order and the sanctions ME requested. The sixth paragraph of this letter notes ME is not requesting any modification of the ADR order and the sanctions requested are named in the ADR order; (ii) Suggest ME has violated the ADR order. ME has acted in good faith, has not violated the ADR order and will attend the mediation.

We have shown that the November 1, 2016 ME request for sanctions is well documented and reasonable. We have also noted that the ADR order requires LBHI to "... take affirmative steps to preserve all documents..." including the requested Fannie Mae findings and supporting documents..."

Please order the sanctions requested.

Sincerely,

*Stephen R. Williams*
Stephen R. Williams
2050 Diablo Road
Danville, CA 94506


3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | |

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

Upon the motion, dated May 29, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, for the establishment of alternative dispute resolution procedures for indemnification claims of the Debtors against mortgage loan sellers (the "Indemnification ADR Procedures") in the chapter 11 cases of LBHI and its affiliated debtors (collectively, the "Debtors"), all as more fully described in the Motion, it is,

**HEREBY FOUND AND DETERMINED that:[2]**

A. The Court has jurisdiction to enter this Order as the matter has a close nexus to the chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6, 2011 (the "Confirmation Order"). Pursuant to Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan, the Court retained jurisdiction over the matter. Venue in this Court for the Motion is appropriate pursuant to 28 U.S.C. § 1408.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

B.      Due and proper notice of the Motion has been provided in accordance with the procedures set forth in the Court's amended Order entered June 17, 2010, governing case management and administrative procedures [Docket No. 9635].

C.      LBHI holds contractual claims for indemnification and/or reimbursement against approximately 3,000 counterparties (the "Sellers") involving more than 11,000 mortgage loans by virtue of settlements between LBHI and the Federal National Mortgage Association [Docket No. 42153] and between LBHI and the Federal Home Loan Mortgage Corporation [Docket No. 42754] (the "Indemnification Claims").

D.      Certain common issues exist regarding the Indemnification Claims, including questions involving reimbursement and indemnification rights.

E.      Substantial value may be recovered for the benefit of creditors and judicial efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can be achieved without the need for trial of adversary proceedings or other litigation.

F.      Similar proceedings ordered in these and other complex chapter 11 cases have contributed to the effective administration of the proceedings and have reduced costs for all parties.

## RELIEF

The procedures described below are ORDERED to promote consensual recovery with respect to the Indemnification Claims, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation procedures between the affected parties.

1.      Standing Mediation Order. All provisions of the General Order #M-452, adopted June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and

2

Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order") shall apply to the mediations to be conducted under this order. To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

2.      Sellers. To date, LBHI have identified approximately 3,000 Sellers involving more than 11,000 mortgage loans against whom there is reasonable cause for LBHI to believe that it holds Indemnification Claims.

3.      Indemnification ADR Disputes. LBHI will designate a dispute (an "Indemnification ADR Dispute") as to any Indemnification Claim by serving the following on a Seller:

a.      A copy of this Order; and

b.      An Indemnification ADR Notice (as defined below) (collectively, the "Indemnification ADR Package").

For purposes of the Indemnification ADR Procedures, service on or notice to a Seller shall be deemed adequate if such service or notice is provided to the Seller, the Seller's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

4.      Settlement of Disputes During the Indemnification ADR Procedures. Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Indemnification ADR Dispute at any time before, during, or following the designation of an Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

3

5.    <u>Pre-Mediation Stage Confidentiality</u>.  All discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined herein) shall remain confidential and privileged in accordance with Paragraph 13 of this Order and shall not be discoverable or admissible as evidence in any subsequent litigation of the Indemnification ADR Dispute or elsewhere, except as provided by further order of this Court.

6.    <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order applicable to a particular Indemnification ADR Dispute or a particular Seller, after service of an ADR Package on a Seller:

a.    Compliance with the Indemnification ADR Procedures in this Order is mandatory in the specified Indemnification ADR Disputes for both LBHI and the Seller; and

b.    No party is required to settle or compromise any dispute or enter into a particular settlement or compromise.  However, once LBHI serves an Indemnification ADR Package upon a Seller, the Seller must serve the required responses.  LBHI and the Seller must also engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Indemnification ADR Procedures specified below for all Indemnification ADR Disputes covered by such notice.

7.    <u>No Substitute for Claims Procedures</u>.  The Indemnification ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.  Nothing contained herein, however, shall prevent a Seller from asserting in any respect to an Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute a right to assert valid and enforceable setoff rights with respect to LBHI's claim of an Indemnification Claim or any other valid defense to a LBHI demand thereunder.

4

## NOTICE/RESPONSE STAGE

8.     Notice/Response.  The initial stage of the Indemnification ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve an Indemnification ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

a.     Indemnification ADR Notice.  LBHI shall serve upon a Seller a notice containing sufficient information regarding the Indemnification ADR Dispute to make the Seller aware of the nature of LBHI's affirmative claim and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise (an "Indemnification ADR Notice").

b.     Sellers's Response to Notice.  A Seller must respond to the Indemnification ADR Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of service of the Notice.  The response options available to a Seller are as follows (the "Responses"):

i.     Agreeing to Settle the Demand.  If a Seller agrees to settle the demand in the Indemnification ADR Notice, the Seller shall state in writing that the offer of settlement in the Indemnification ADR Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, LBHI shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release and receipt of the settlement payment; or

5

    ii.   <u>Denying the Demand</u>. A Seller may decline to settle for the amount stated in the demand in the Indemnification ADR Notice, in which case the Seller must include a brief explanation in the Response to the Indemnification ADR Notice setting forth the reason(s) for such denial. In addition, the Seller may provide a counteroffer to the demand in the Indemnification ADR Notice, in which case the Seller must include a brief explanation setting forth the reason(s) for such counteroffer.

   c.   <u>Failure to Respond</u>. Failure to provide a timely Response to the Indemnification ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option of LBHI, in an application to the Court for Sanctions as set forth below, including fees and costs, termination of the mediation and, at LBHI's discretion, institution of an action against the Seller, or immediate entry into the mediation stage.

   d.   <u>Reply to Response</u>. LBHI shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Indemnification ADR Notice, in which LBHI may (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information or briefing in support of its demands in the Indemnification ADR Dispute, or (iv) reject any counteroffer in which case the Indemnification ADR Dispute will automatically proceed to the Mediation Stage. If LBHI fails to respond within this period, the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.

   9.   <u>Request for Initial Settlement Conference</u>. At any time in the Notice/Response Stage, either LBHI or a Seller may request an initial telephonic settlement conference by written request, to be held within five (5) calendar days. Within two (2) calendar days of a receipt of

such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request. If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage. At least one hour shall be reserved for the initial conference to discuss settlement. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this Paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10.   _Mediation._ Indemnification ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").

a.   _Initializing Mediation._ LBHI and the Seller together shall contact the mediator to schedule the initial mediation date.

b.   _Powers of Mediator._ The mediator shall have the broadest possible discretion consistent with the Standing Order.

c.   _Choice of Mediator._ The mediators identified on Schedule A are APPOINTED as the mediators for Indemnification ADR Disputes reaching the Mediation Stage. LBHI shall select a mediator from the foregoing list. If the initially selected mediator is unwilling and/or unavailable to serve, then LBHI shall select an alternate mediator from Schedule A. If none of the foregoing are available to

serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Indemnification ADR Dispute or group of related Indemnification ADR Disputes. Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by LBHI and Sellers participating in the applicable Indemnification ADR Dispute or Disputes. If the parties cannot agree upon a selection of mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the Court shall appoint one or more mediators.

d.      <u>Mediation Sites</u>. All mediation proceedings will take place in New York, New York.

e.      <u>Mediation Materials</u>. LBHI shall submit to the mediator the (i) Indemnification ADR Package, (ii) Statement of Position, (iii) the Reply, if any, and (iv) any other materials exchanged by the parties reflecting the parties' relative positions ("Mediation Materials"). No additional papers shall be submitted to the mediator unless so requested by the mediator. All mediation materials will be delivered at least ten (10) days prior to the scheduled mediation proceeding and will not be filed with the Court.

f.      <u>Appearance at Mediations</u>. All participants in the mediation for the applicable Indemnification ADR Dispute must appear in person at the designated mediation location, which shall be the location set forth above unless otherwise agreed to by the parties, with a business principal who has settlement authority. Counsel may also be present and participate.

## OTHER PROVISIONS

11.    <u>Deadlines</u>. Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of LBHI and the Seller or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>. LBHI and each Seller must participate in good faith with these Indemnification ADR Procedures with regard to the ADR Disputes specified in the applicable Indemnification ADR Notice. If, after notice and a hearing, the Court determines that LBHI or the Seller have not complied with the Indemnification ADR Procedures in good faith in connection with any Indemnification ADR Dispute, LBHI or the Seller may be subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>"). If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the mediation procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions. Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions shall include, but are not limited to:

a.    <u>Against LBHI</u>: (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) termination of the Indemnification ADR Procedures as to one or more Indemnification Claims; and/or (iii) rejection of some or all claims asserted by LBHI in the applicable Indemnification ADR Dispute.

b.    <u>Against Sellers</u>: (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) immediate initiation of the mediation stage, provided the matter has not yet reached that point; and/or (iv) termination of the mediation with the right for LBHI to elect to commence an action against a defaulting Seller.

9

13.    <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing

Order are hereby incorporated by reference into this Order. No statements or arguments made or

positions taken by the mediator, LBHI, or Sellers during any part of the alternative dispute

resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed

by the mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving is such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible. In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

provided, however, the mediator may report to the Court the status of the mediation efforts but

shall not disclose the content thereof. Rule 408 of the Federal Rules of Evidence shall apply to

all aspects of the Indemnification ADR Procedures including Settlement Conferences and the

Mediation Stage.

14.    <u>Removal</u>. If a Seller has commenced any action or proceeding in any other court

or forum, or commences any other action or proceeding in any other court or forum following

service upon it of an Indemnification ADR Package, LBHI may seek to remove to this Court any

such lawsuit, proceeding, or claim and to defend or take action in any such other court or

proceeding to protect LBHI's creditors, despite the incomplete status of the steps prescribed

under the Indemnification ADR Procedures.

15.    <u>No Waiver of Defenses</u>. The parties' participation in the Indemnification ADR

Procedures set forth herein, including the Notice/Response Stage and the Mediation Stage, shall

not cause either LBHI or any individual Seller to waive or release any claims, defenses, or

remedies that the individual parties would otherwise hold, except to the extent that the parties

10

enter into a settlement providing for the consensual waiver or release of claims, defenses, and/or remedies.

16.    Jury Trials Unaffected. Except to the extent a Seller affirmatively chooses the mediation option set forth herein, participation in the Indemnification ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

17.    Fees. Except as otherwise provided herein, each party to the Mediation shall bear its own costs and counsel fees in connection with Mediation and share equally in the reasonable fees and costs charged by the Mediator.

18.    Notwithstanding the foregoing, the Hearing Date for the Motion solely with respect to the objectors (identified in **Exhibit A** annexed hereto (the "Objectors")) is adjourned until **July 16, 2014, at 10:00 a.m. (E.S.T.)**.

19.    All of the Objectors' rights, defenses, remedies, and claims that they may hold with respect to the Motion are reserved, and this Order shall not have any res judicata or collateral estoppel effect as to the Objectors.

**SO ORDERED:**

Dated: June 24, 2014
New York, New York

                            */s/ Shelley C. Chapman*
                            HONORABLE SHELLEY C. CHAPMAN
                            UNITED STATES BANKRUPTCY JUDGE

11

# EXHIBIT A

## Exhibit A – List of Objectors

1.  Allied Mortgage Group, Inc., CTX Mortgage Company, LLC, Direct Mortgage, Corp., PrimeLending, a PlainsCapital Company, Shea Mortgage, Inc., Standard Pacific Mortgage, Inc., Universal American Mortgage Company, LLC [Dkt. No. 44680]

2.  Amerifirst Financial Corp., First Options Mortgage, Broadview Mortgage Corporation, New FED Mortgage Corporation, Loan Simple, Inc. f/k/a Ascent Home Loans, Inc., Arlington Capital Mortgage Corporation, Gateway Funding Diversified Mortgage Services, L.P., WR Starkey Mortgage, LLP, Sterling National Mortgage Company, Inc., Sun American Mortgage Company [Dkt. No. 44684]

3.  DHI Mortgage Company, Ltd. [Dkt. No. 44682]

4.  First California Mortgage Corporation [Dkt. No. 44679]

5.  MortgageIT, Inc. [Dkt. No. 44704]

6.  Mountain West Financial, Inc. [Dkt. No. 44677]

7.  PERL Mortgage, Inc. and Simonich Corporation d/b/a Commerce Mortgage [Dkt. No. 44740]

8.  Republic Mortgage Home Loans, LLC [Dkt. No. 44681]

9.  SecurityNational Mortgage Company [Dkt. No. 44672]

10. Stearns Lending, Inc. [Dkt. No. 44747]

# ATTACHMENT C

## ATTACHMENT C
### (Obligation to Preserve Evidence)

Seller and its agents, including counsel, have a duty to take affirmative steps to preserve all documents and other evidentiary materials relating to the Indemnification ADR Dispute.

The term "document(s)," as used in this letter, has the meaning defined in Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, any and all written or graphic material, however produced or reproduced, and of every kind or description. It encompasses correspondence, checks, invoices, notes, cellular or land-line telephone records, prebills, bills, deposit slips, bank statements, memoranda, accounting records, contracts, financing statements, and all other writings of any type whatsoever, photographs, slides, videotapes, video recordings, and films or other visual, audio, or electronic recordings, regardless of source or author. The term "document(s)" also encompasses electronic data of any kind and on any storage media, including, without limitation, e-mail and other electronic communications, e-mail attachments, word processing documents, spreadsheets, databases, PDF documents, TIFF documents, QuickBooks documents or data, accounting or bookkeeping data, instant messages, calendars, telephone logs, contact manager information, Internet usage files, network access information, records on Personal Digital Assistants or cellular telephones, laptop or desktop computers.

Electronically stored information is an important and irreplaceable source of discovery and/or evidence. Discovery requests that may be served in litigation are likely to seek information from computer systems, removable electronic media, networked computers and servers, laptop computers, and personal digital assistant devices.

You must take reasonable steps to preserve the above information until the final resolution of the Indemnification ADR Dispute, including resolution of any related litigation. This includes, but is not limited to, an obligation to discontinue all data destruction and backup tape recycling policies, and any data stored on internal or external hard drives, CDs, DVDs, 3.5" diskettes, USB drives, flash memory, or other electronic storage devices. If you make use of laptop or desktop computers, personal digital assistants, or cellular telephones, and intend to continue using such devices, please immediately create an archival copy of the data on those devices. Computers, servers, hard drives, and personal digital assistant devices have limited lifespans. Their failure or need for replacement is not only foreseeable but inevitable. Therefore, if you do not already have backup copies of any documents or other evidentiary materials on such devices, please do so now. Similarly, if documents or other evidentiary material, such as email, is stored on computers controlled by third-parties, such as an internet service provider (ISP), America On-Line, Yahoo, Google, Microsoft, or the like, please make copies of such documents or evidentiary material immediately, as loss of such material over time is foreseeable.

Internet websites may be the source of relevant information in litigation. If you plan to discontinue or make any changes to websites over which you have control, you should have an information technology specialist or website hosting company make an archival copy of the website beforehand.

Additionally, and to ensure that you or your counsel does not jeopardize any applicable insurance coverage, please promptly notify your professional liability insurer of the Indemnification ADR Dispute. Please also provide LBHI with a complete copy of any professional liability insurance policies you may have, including endorsement and the declaration page(s).

## LEHMAN BROTHERS HOLDINGS INC.'S
## INDEMNIFICATION ALTERNATIVE DISPUTE RESOLUTION NOTICE
## ("INDEMNIFICATION ADR NOTICE")

### Pursuant to the attached Order entered by the United States Bankruptcy Court for the Southern District of New York, you, the Broker identified below, are required to respond to the Debtor on or before the Response Due Date set forth herein

Indemnification ADR Notice No.: 945-1590

| | |
|---|---|
| Debtor: | Lehman Brothers Holdings Inc. ("LBHI") |
| Broker: | Mortgage Experts ("Broker") |
| Loan(s) Information: | See Attachment A (the "Loan(s)") |
| Parties to Mediation: | LBHI and Broker |
| Subject of Mediation: | LBHI's indemnification claims against Broker |

**Documents**

Mortgage Broker Agreement made by and between Lehman Brothers Bank, FSB, ("LBB") and Broker (the "Broker Agreement"), [1] and the Assignment Agreement between LBB and LBHI (the "Assignment Agreement"), and other related documents and materials.

Documents and materials concerning the above-referenced loans, bearing production stamps LEH-ME_0000001 to LEH-ME_0001285, are available for download through a secure data repository website. For security purposes, instructions and credentials for accessing the website will be provided separately. These documents have been stamped "Confidential" pursuant to Paragraph 13 of the attached *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers* (ECF No. 45277), dated June 24, 2014 (the "Order"), annexed hereto as Attachment B.

The "Fannie Mae-LBHI Settlement Agreement" and "Freddie Mac-LBHI Settlement Agreement" (together "GSE Settlement Agreements"), referenced in Attachment A, are exhibits to the following documents filed in Case No. 08-13555 in the Southern District of New York Bankruptcy Court:

- Docket No. 42153 (Fannie Mae Settlement Agreement attached as Annex A)
- Docket No. 42754 (Freddie Mac Settlement Agreement attached as Annex A)
- Docket No. 42907 (Amendments to Freddie Mac Settlement Agreement)

The GSE Settlement Agreements are available at www.lehman-docket.com and may be accessed by clicking on the "Docket" heading and entering each Docket No. in the "General Criteria,"

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Broker Agreement.

{JK00656582.1 }

"Docket Number(s)" box located on the left-hand side of the web page.

## Settlement Demand

LBHI seeks payment in the amount of $296,974.19, which represents the total amount to satisfy Broker's indemnification obligation arising from LBHI's resolution of bankruptcy claims brought by the Federal National Mortgage Association ("Fannie Mae") and/or the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "GSEs"), to whom LBHI sold loans originated and/or sold by Broker to LBHI (the "Disputed Amount").

LBHI also seeks $17,867.27 in prejudgment interest ("Prejudgment Interest") on the Disputed Amount at the statutory rate of nine percent (9%) from the date of LBHI's initial demand letter, dated August 1, 2014, to the date of this Notice. Interest will continue to accrue until LBHI receives actual payment.

In addition to the Disputed Amount and Prejudgment Interest, LBHI is entitled to its Attorneys' Fees in connection with enforcing Broker's obligation for indemnification.  In an effort to resolve these matters in ADR as opposed to litigation, LBHI is not seeking its attorneys' fees at this time. However, LBHI reserves the right to seek Attorneys' Fees.

## Explanation of Basis for Settlement Demand

1.      Disputed Amount.  Broker submitted the Loans for underwriting and funding to LBB pursuant to the Broker Agreement.  LBB subsequently sold the Loans to LBHI and assigned to LBHI its contractual rights with respect to the Loans, including its right to indemnification. LBHI, in turn, sold the Loans to one or more of the GSEs, and retained the contractual right to seek indemnification from Broker in the event LBHI became liable for an indemnified event or circumstance.  The Indemnification provision in the Broker's Agreement, provides, in pertinent part, as follows:

> Broker shall indemnify and hold Lender, its successors and assigns, and their respective officers, directors, employees, shareholders, members, agents, contractors, affiliates and subsidiaries (collectively, the "Lender Indemnitees") harmless from and against, and shall reimburse Lender Indemnitees with respect to, any and all claims, demands, losses, damages, interest, penalties, fines, forfeitures, judgments and expenses (including, without limitation, reasonable fees and disbursements of counsel and any court costs) . . . resulting from, relating to or arising out of, whether the result of negligent or intentional conduct or otherwise (i) any breach of any representation or warranty made by Broker pursuant to this Agreement or Lender's Guidelines; (ii) any breach or failure to perform any covenant or obligation of Broker in this Agreement or Lender's Guidelines . . ..

As a result of Broker's breaches, LBHI incurred liability to Fannie Mae.  It has settled that liability under the January 22, 2014 settlements with Fannie Mae.  The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved that settlement, and with it, the allowed loan-level claims made by the GSEs in LBHI's bankruptcy.  Among

those claims are claims concerning the loan number(s) identified in Attachment A in an amount equal to the Disputed Amount. The allowed claims are based on events or circumstances for which the Broker is liable as LBHI's indemnitor. *See* Attachment A and related documents.[2] LBHI's settlements with Fannie Mae have now triggered Broker's duty to indemnify LBHI.

2.        Prejudgment Interest. In addition to the Disputed Amount, under governing law, LBHI is owed prejudgment interest at the statutory rate of 9% per annum. N.Y.C.P.L.R. 5001; 5004. Interest will continue to accrue on the outstanding balance until payment is made to LBHI.

**Notice**

LBHI hereby designates the dispute concerning the above-referenced loans as an Indemnification ADR Dispute pursuant to Paragraph 3 of the attached *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, dated June 24, 2014 (the "Order"). *See* Attachment B.

In accordance with the Order, participation in the Indemnification ADR Procedures set forth therein is mandatory. Order ¶ 6.

The Order identifies two stages in the Indemnification ADR Procedures: 1) the Notice/Response Stage, and 2) the Mediation Stage. Order ¶¶ 8-10.

This Notice serves to trigger the Notice/Response Stage as described in Paragraphs 8 and 9 of the Order, which require that Broker respond to this Indemnification ADR Notice with a written Statement of Position within twenty (20) days from the date of service of this Indemnification ADR Notice. Order ¶ 8. The response options available to the Broker are described in Paragraph 8(b) of the Order. Failure to provide a timely response may lead to sanctions being imposed against the Broker. Order ¶ 8.

Once Broker submits its written Statement of Position to LBHI, LBHI will have the option of providing a reply within fifteen (15) days of the date of the receipt of Broker's response, or proceeding to the Mediation Stage. Order ¶ 8(d). The Mediation Stage is described in Paragraph 10 of the Order.[3]

| | |
|---|---|
| Date of Indemnification ADR Notice: | April 2, 2015 |
| Date of Service: | April 3, 2015 |
| Response Due Date: | April 23, 2015 |

---

[2] LBHI does not forfeit or waive the right to disclose or identify additional claims and/or additional bases for its claims, and hereby expressly reserves all rights, claims, and defenses against Broker associated with the above-referenced loan(s).

[3] Broker is also obligated to preserve evidence as set forth in Attachment C to this Notice.

{JK00656582.1 }

3

Lehman Brothers Holdings Inc. Contacts:

R. Charles Dix
Assigned ADR Counsel
Lehman Brothers Holdings Inc.
7807 East Peakview Ave., Suite 410
Centennial, CO 80111
720-945-3933
charles.dix@lehmanholdings.com

Scott Drosdick
Senior Vice President & Counsel
Lehman Brothers Holdings Inc.
7807 East Peakview Ave., Suite 410
Centennial, CO 80111
720-945-4540
scott.drosdick@lehmanholdings.com

Lawrence S. Brandman
Managing Director
Head of Bankruptcy Strategic Advisory
Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 40th Floor
New York, NY 10020
646-285-9650
lawrence.brandman@lehmanholdings.com