WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (646) 365-6849
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:     (303) 945-7415
Facsimile:     (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (*pro hac vice*)

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x
                                       :  **Chapter 11**
**In re:**                             :
                                       :  **Case No. 08-13555 (SCC)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :
                                       :  **(Jointly Administered)**
              **Debtors.**             :
_____ x  Related Doc 53946, 54013

**LEHMAN BROTHERS HOLDINGS INC.'S MEMORANDUM IN REPLY TO THE RESPONSE OF HOME LENDERS OF GEORGIA, LLC TO LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR ENTRY OF AN OMNIBUS ORDER (I) TO ENFORCE AGAINST NONCOMPLIANT MORTGAGE LOAN SELLERS, AND TO COMPEL THEM TO COMPLY WITH, THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS, AND (II) FOR CIVIL CONTEMPT SANCTIONS AGAINST SUCH NONCOMPLIANT MORTGAGE LOAN SELLERS FOR THEIR VIOLATION OF THE ORDER**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, confirmed by Order entered December 6, 2011 [ECF No. 23023], for the entities in the above-captioned jointly administered Chapter 11 cases, respectfully submits this memorandum, with the accompanying declaration of Adam M. Bialek, Esq. ("Bialek Dec."), in reply (this "Reply") to the objection [ECF No. 54013] (the "Objection"), which Home Lenders of Georgia, LLC ("HLG") filed on November 28, 2016 in response to LBHI's motion, dated November 16, 2016 [ECF No. 53946] (the "Omnibus Sanctions Motion" or the "Motion"), for entry of an omnibus order (i) to enforce against noncompliant mortgage loan sellers, and to compel them to comply with, the June 24, 2014 *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers*, entered July 18, 2014 [ECF No. 45277] (the "ADR Order" or the "Order"), and (ii) for civil contempt sanctions against such noncompliant sellers for their violation of the ADR Order, and to support this Reply, LBHI respectfully represents:

## PRELIMINARY STATEMENT[1]

1.  In light of its flagrant disregard for the Court's ADR Order and the Court's directions via telephone conference in April 2016, HLG may be the most egregious offender of any counterparty subject to LBHI's Omnibus Sanctions Motion. In short, after it was served with the ADR Motion and the ADR Order, HLG failed to object or move to vacate or modify the ADR Order. Then, after disregarding a notice from LBHI compelling HLG to

---

[1] All capitalized terms used in the Preliminary Statement but not otherwise defined herein or in the preamble above are defined in the Argument section below.

2

participate in the ADR Order's mandatory mediation process, HLG submitted a letter to the Court seeking to excuse it from mandatory mediation. During a conference on April 29, 2016, the Court directed HLG to comply with mandatory mediation and instructed HLG that it is subject to the Court's ADR Order. Since then HLG has repeatedly informed LBHI that it will not participate in mediation under the ADR Order. HLG stated that it will only appear for mediation by video conference "just to say no" to any settlement proposal and will only do so if LBHI bears all costs of mediation. This position violates the ADR Order, which requires "good faith" in-person mediation in New York with each party sharing costs.

2. HLG's months of refusal and frivolous delay tactics required LBHI to include HLG in its Omnibus Sanctions Motion seeking to (i) compel HLG to participate in mediation and (ii) sanction HLG for its violation of the ADR Order. Showing further disregard and contempt for the ADR Order and this Court's directions, HLG now submits its Objection -- the only written objection to the Motion filed to date[2] -- which is based upon nothing but a *misinterpretation of the ADR Order*.

3. For all the reasons set forth below, LBHI's Motion should be granted as to HLG and all the non-objecting counterparties or "Sellers" who are subject to the Motion, and HLG's Objection should be denied in its entirety.

---

[2] To date, only one of the thirty-six noncompliant counterparties or "Sellers" subject to the Motion filed an objection to it. However, a number of such Sellers contacted LBHI and have attempted to resolve the Motion without further Court involvement. *See* Bialek Dec. ¶ 2.

3

# ARGUMENT

## A.    HLG Violated the ADR Order by Refusing to Attend Mediation

4.    HLG is subject to the ADR Order and must comply with the alternative dispute resolution ("ADR") procedures to mediate the indemnification claims LBHI asserts against HLG.  If HLG had disagreed with the ADR procedures, HLG had ample opportunity to object to LBHI's May 29, 2014 motion [ECF No. 44450] (the "ADR Motion") seeking entry of the ADR Order.[3]  HLG failed to object and is now subject to the ADR Order.

5.    HLG was also served with the ADR Order and the Indemnification ADR Notice (as defined in the Order) compelling HLG to participate in the ADR process.[4]  HLG failed to even attempt to bring a motion to vacate or modify the ADR Order.

6.    Knowing it is a counterparty subject to the ADR Order, HLG responded to its Indemnification ADR Notice and on January 21, 2016 HLG submitted a letter to the Court requesting to be excused from the ADR Order's mandatory mediation process.  *See* HLG's January 21, 2016 letter to the Court included under Exhibit 2 to HLG's Objection [ECF No. 54013-2].  On April 29, 2016, this Court denied HLG's request, found that HLG is subject to the ADR Order and directed HLG to attend mediation.  *See* Bialek Dec. ¶ 5.

7.    Thereafter, in flagrant disregard for the ADR Order and the directions of this Court, on May 3, 2016 HLG's counsel emailed LBHI's counsel disputing the Court's

---

[3] On May 29, 2014, LBHI caused HLG to be duly served with the ADR Motion.  Attached to the Bialek Dec. as Exhibit A is a copy of the affidavit of service [ECF No. 44559] for the ADR Motion which reflects service upon HLG.  While HLG's Objection does not waive defenses based on lack of service, HLG does not deny in its Objection that it was, in fact, duly served with the ADR Motion, the ADR Order and the Indemnification ADR Notice compelling HLG to participate in the ADR process.

[4] Attached to Bialek Dec. as Exhibit B is a copy of the affidavit of service [ECF No. 46692] for the ADR Order which reflects that LBHI caused the Order to be served upon HLG on July 21, 2014.  In HLG's January 21, 2016 letter to the Court which is included under Exhibit 2 to HLG's Objection, see [ECF No. 54013-2], HLG admits that on November 12, 2015 it received its Indemnification ADR Notice.

4

jurisdiction[5] over HLG and stating that HLG would only participate in a mediation "[i]f [LBHI] wants to pay for mediation and conduct it by video conference, just to hear [HLG] say no …" *See* HLG's counsel's May 3, 2016 email included under Exhibit 1 to HLG's Objection [ECF No. 54013-1].

8. In a May 13, 2016 email, which is included under Exhibit 1 to HLG's Objection [ECF No. 54013-1], LBHI's counsel reminded HLG's counsel that the ADR Order requires mediation in person in New York with each party to share equally in the cost of mediation, *see* ADR Order ¶¶ 10(d)-(f), 17. Notwithstanding the ADR Order's in person requirement, in an act of good faith, LBHI's counsel emailed HLG's counsel on May 31, 2016 and agreed to mediate with HLG by video conference provided that each party share the costs of mediation, as the ADR Order requires. *See* LBHI's counsel's May 31, 2016 email included under Exhibit 1 to HLG's Objection [ECF No. 54013-1]. By email of June 2, 2016, HLG's counsel responded saying that HLG refuses to share in the cost of mediation, as the ADR Order requires, and will not participate in mediation unless it is "at the expense of [LBHI]." *See* HLG's counsel's June 2, 2016 email included under Exhibit 1 to HLG's Objection [ECF No. 54013-1]. HLG's counsel further stated that even if his client appeared for a video conference mediation, HLG would do nothing more than "simply tell [LBHI] and the mediator … that [HLG] is unwilling to pay any money to resolve the claims …" *See id*.

9. HLG is subject to the ADR Order and must participate in mediation under the ADR Order's terms—not on HLG's own terms. The ADR Order requires each party to "participate in good faith", *see* ADR Order ¶ 12, and HLG confirmed that it is not willing to do so and will only appear at a mediation "just to say no."

---

[5] The Court had previously noted a great deal of skepticism over HLG's counsel's challenge to the Bankruptcy Court's jurisdiction over HLG. *See* Bialek Dec. ¶ 5.

5

10. HLG's Objection makes the new argument (which it did not raise when it first spoke to this Court during the April 29, 2016 telephone conference) that HLG is not included in the definition of "Sellers" who are subject to the ADR Order. This argument misinterprets the ADR Order. "Sellers" is the defined term used to include all counterparties who are subject to LBHI's mortgage loan indemnification claims and who are subject to the ADR Order's procedures for resolution of those claims. *See* ADR Order ¶ C.

11. Specifically, the ADR Order defines "Sellers" as follows:

> LBHI holds contractual claims for indemnification and/or reimbursement against approximately 3,000 counterparties (the "Sellers") involving more than 11,000 mortgage loans by virtue of settlements between LBHI and the Federal National Mortgage Association [Docket No. 42153] and between LBHI and the Federal Home Loan Mortgage Corporation [Docket No. 42754] (the "Indemnification Claims").

*See* ADR Order ¶ C.

12. In addition, the proposed ADR Order that was attached and served with the ADR Motion defined "Seller" the same way as the final ADR Order that was entered. *See* ADR Order [ECF No. 45277], ¶ C; *see also* proposed ADR Order included under the ADR Motion [ECF No. 44450-1], ¶ C.

13. HLG incorrectly cites the definition of the term "Seller" in the ADR Motion. However, the ADR Order expressly requires adherence to the definition set out in the ADR Order itself. The ADR Order states that "[c]apitalized terms used *but not defined herein* shall have the meanings ascribed to them in the Motion." *See* ADR Order, fn 1 (emphasis added). As defined in the ADR Order, the term "Sellers" encompasses all "counterparties" subject to LBHI's indemnification claims and contains none of the language upon which HLG relies to restrict that definition to "banks" or "mortgage lending institutions," etc.

6

14. Tellingly, HLG admits in its January 21, 2016 letter to the Court that it is "one of the counterparties LBHI has identified" and that it received the Indemnification ADR Notice asserting LBHI's indemnification claims against HLG arising from its "Broker Agreement" with LBHI regarding some of the mortgages at issue. *See* HLG's January 21, 2016 letter to the Court included under Exhibit 2 to HLG's Objection [ECF No. 54013-2].

15. HLG's Objection represents to the Court that HLG has a valid excuse for violating the ADR Order and that HLG nonetheless offered to participate in mediation in good faith. *See* HLG's Objection ¶¶ 1, 6. That is untrue. The Court previously informed HLG that it is subject to the ADR Order and directed it to comply with mediation, and, despite LBHI's good faith compromise to mediate via video conference, HLG refused (and continues to refuse) to mediate in good faith pursuant to the terms of the ADR Order.

**B.    HLG Violated the ADR Order by Attaching Confidential Documents**

16. In addition to HLG's failure and refusal to comply with the ADR Order's mandatory mediation, HLG breached the ADR Order by filing a confidential document with the Court without redaction in blatant disregard of the "CONFIDENTIAL - SUBJECT TO F.R.E. 408" designation which LBHI placed on the document. The document attached under "Exhibit B" to HLG's January 21, 2016 letter to the Court which filed as "Exhibit 2" to its Objection, see [ECF No. 54013-2] (the "Confidential Document"), is part of the loan file information and settlement communication which LBHI served with HLG's Indemnification ADR Notice and it is confidential under the ADR Order and not to be disclosed. *See e.g.,* ADR Order ¶¶ 5, 6, 8(a), 9 and 13 ((i) "*[a]ll discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined [in the ADR Order) shall remain confidential and*

7

*privileged....*"; and (ii) "Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the [Indemnification] ADR Procedures") (emphasis added)).

WHEREFORE, LBHI respectfully requests that the Court (i) deny HLG's Objection in its entirety, (ii) grant the Omnibus Sanctions Motion as to HLG, (iii) seal or otherwise remove the Confidential Document from the docket, which HLG filed in violation of the ADR Order, and (iv) grant such other and further relief as it deems just and proper.

Dated: New York, New York
December 5, 2016

*/s/ Adam M. Bialek*
William A. Maher, Esq.
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
John D. Giampolo, Esq.
Adam M. Bialek, Esq.

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (646) 365-6849

*and*

ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Pkwy., Suite 100
Greenwood Village, Colorado 80111
Telephone:    (303) 945-7415
Facsimile:    (303) 974-7468
Michael A. Rollin, Esq.
Maritza Dominguez Braswell, Esq. (*pro hac vice*)

*Counsel for Lehman Brothers Holdings Inc.*

8