B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.,</u> Debtors.          Case No. <u>08-13555 (JMP)</u>
                                                                      (Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Goldman, Sachs & Co.</u>                                             <u>Permal Canyon Fund, Ltd.</u>
Name of Transferee                                                     Name of Transferor

Name and Address where notices to transferee                           Court Claim # (if known): <u>See Schedule 1</u>
should be sent:                                                        Amount of Claim Transferred: <u>As set forth on
                                                                           Schedule 1 to the attached Agreement
Goldman, Sachs & Co.                                                       and Evidence of Transfer of Claim</u>
30 Hudson Street, 4th                                                  Date Claim Filed: <u>See Schedule 1</u>
Floor Jersey City, NJ 07302                                            Debtor: <u>Lehman Brothers Holdings Inc.</u>
Contact: Thierry C. Le Jouan
Phone: 212-934-3921
Email: gsd.link@gs.com

Name and Address where transferee payments
should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___[signature]___                                                  Date: <u>December 5, 2016</u>
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **PERMAL CANYON FUND, LTD.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **GOLDMAN SACHS & CO.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper and pass-through notes (to the extent applicable, as indicated on Schedule 1 attached hereto) issued by the Debtor (as defined below) specified in Schedule 1 attached hereto, (collectively, the "Purchased Claim"), in Seller's right, title and interest in and to the the Proofs of Claim related thereto the Purchased Claim as specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessors in interest (the "Proofs of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (d) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (f) Seller has delivered to Purchaser true and correct copies of distribution notices relating to the second distribution on or around October 1, 2012, the third distribution on or around April 4, 2013, the fifth distribution on or about April 3, 2014, the sixth distribution on or about October 2, 2014, the seventh distribution on or about April 2, 2015, the eighth distribution on or about October 1, 2015, the ninth distribution on or about March 31, 2016, the tenth distribution on or about June 16, 2016 and the eleventh distribution on or around October 6, 2016 (which have not been supplemented, amended or revised) that set forth the distributions paid by the Debtor to Seller on account of the Transferred Claims; (g) Seller or its predecessor in interest has received the distributions paid by the Debtor in respect of the Transferred Claims (collectively, the "LBHI Distributions") reflected in Schedule 2 attached hereto; and (i) other than the LBHI Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims.

940680v.3 153/05435

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the respective trade date of each of the Transferred Claims (as indicated on <u>Schedule 1</u> attached hereto) in respect of the Transferred Claims to Purchaser, provided, that, the aggregate amount of the distributions made by the Debtor on or around March 31, 2016, on or around June 16, 2016 and on or around October 6, 2016 shall be credited against the purchase price to be paid by Buyer for the Transferred Claim. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via DTC, Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of DTC, Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. For the avoidance of doubt, Purchaser shall be entitled to the distributions made by Lehman BV and received by Purchaser on or around April 28, 2016 and on or around July 14, 2016 in respect of the Transferred Claims.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page intentionally blank.]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __ 5th___ day of December, 2016.

**PERMAL CANYON FUND, LTD.**

By: Canyon Capital Advisors LLC, its Investment Advisor

By: _____
Name: John P Plaga
Title: Authorized Signatory

**GOLDMAN SACHS & CO.**

By: _____
Name: Adam Savarese
Title: Managing Director

200 West Street
New York, NY 10282-2198
Fax:    (646) 769-7700
Attn:   Melissa Brown
E-mail: melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
        gsd.link@gs.com
        gs-sbd-admin-contacts@ny.email.gs.com

940680v.3 153/05435

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim consists of the Allowed Amounts in U.S. Dollars of the Securities under the Proofs of Claim set forth below.

Lehman Programs Securities to which Transfer Relates

| Trade Date | ISIN/CUSIP | Issuer | Security Type | Proof of Claim Number | Date Claim Filed | Principal/Notional Amount of Security Purchased | Allowed Amount in USD Being Transferred Hereunder |
|---|---|---|---|---|---|---|---|
| 2/4/16 | 52525MKA5 | Lehman Brothers Holdings Inc. | Commercial Paper | 67903.06 | February 21, 2012 | $ 160,711.91 | $160,377.11 |
| 2/4/16 | 52525MKA5 | Lehman Brothers Holdings Inc. | Commercial Paper | 67903.15 | February 21, 2012 | $ 910,715.09 | $908,817.89 |
| 2/4/16 | 52525MKV9 | Lehman Brothers Holdings Inc. | Commercial Paper | 67903.06 | February 21, 2012 | $80,855.52 | $80,488.91 |
| 2/4/16 | 52525MKV9 | Lehman Brothers Holdings Inc. | Commercial Paper | 67903.15 | February 21, 2012 | $454,858.48 | $452,796.09 |
| 2/5/16 | 524908WQ9 | Lehman Brothers Holdings Inc. | Pass-Through Note | 22878.00 | September 21, 2009 | $401,816.41 | $201,796.40 |
| 2/5/16 | 524908WQ9 | Lehman Brothers Holdings Inc. | Pass-Through Note | 22879.01 | September 21, 2009 | $914,086.87 | $459,063.98 |
| 2/5/16 | 524908WQ9 | Lehman Brothers Holdings Inc. | Pass-Through Note | 23008.00 | September 21, 2009 | $23,181.72 | $11,642.10 |

946436v.3

Schedule 2

LBHI Distributions

| ISIN/CUSIP | Proof of Claim Number | Allowed Amount (USD) | First Distribution (USD) April 17, 2012 | Second Distribution (USD) October 1, 2012 | Third Distribution (USD) April 4, 2013 | Fourth Distribution (USD) October 3, 2013 |
|---|---|---|---|---|---|---|
| 52525MKA5 | 67903.06 | $160,377.11 | $9,660.83 | $6,117.73 | $7,975.97 | $9,207.40 |
| 52525MKA5 | 67903.15 | $908,817.89 | $54,745.57 | $34,667.69 | $45,197.86 | $52,176.06 |
| 52525MKV9 | 67903.06 | $80,488.91 | $4,848.51 | $3,070.32 | $4,002.92 | $4,620.94 |
| 52525MKV9 | 67903.15 | $452,796.09 | $27,275.63 | $17,272.32 | $22,518.72 | $25,995.44 |
| 524908WQ9 | 22878.00 | $201,796.40 | $12,155.86 | $7,697.71 | $10,035.86 | $11,585.31 |
| 524908WQ9 | 22879.01 | $459,063.98 | $27,653.20 | $17,511.42 | $22,830.44 | $26,355.28 |
| 524908WQ9 | 23008.00 | $11,642.10 | $701.30 | $444.10 | $578.99 | $668.38 |

| ISIN/CUSIP | Proof of Claim Number | Allowed Amount (USD) | Fifth Distribution (USD) April 3, 2014 | Sixth Distribution (USD) October 2, 2014 | Seventh Distribution (USD) April 2, 2015 | Eighth Distribution (USD) October 1, 2015 |
|---|---|---|---|---|---|---|
| 52525MKA5 | 67903.06 | $160,377.11 | $10,218.62 | $7,427.58 | $5,104.21 | $3,819.65 |
| 52525MKA5 | 67903.15 | $908,817.89 | $57,906.41 | $42,090.30 | $28,924.34 | $21,645.00 |
| 52525MKV9 | 67903.06 | $80,488.91 | $5,128.45 | $3,727.70 | $2,561.67 | $1,916.98 |
| 52525MKV9 | 67903.15 | $452,796.09 | $28,850.44 | $20,970.45 | $14,410.84 | $10,784.09 |
| 524908WQ9 | 22878.00 | $201,796.40 | $12,857.70 | $9,345.85 | $6,422.44 | $4,806.11 |
| 524908WQ9 | 22879.01 | $459,063.98 | $29,249.81 | $21,260.74 | $14,610.32 | $10,933.37 |
| 524908WQ9 | 23008.00 | $11,642.10 | $741.79 | $539.18 | $370.53 | $277.28 |

| ISIN/CUSIP | Proof of Claim Number | Allowed Amount (USD) | Ninth Distribution (USD) March 31, 2016 | Tenth Distribution (USD) June 16, 2016 | Eleventh Distribution (USD) October 6, 2016 |
|---|---|---|---|---|---|
| 52525MKA5 | 67903.06 | $160,377.11 | $1,090.18 | $1,598.14 | $2,707.74 |
| 52525MKA5 | 67903.15 | $908,817.89 | $6,177.78 | $9,056.26 | $15,344.15 |
| 52525MKV9 | 67903.06 | $80,488.91 | $547.13 | $802.06 | $1,358.94 |
| 52525MKV9 | 67903.15 | $452,796.09 | $3,077.93 | $4,512.06 | $7,644.84 |
| 524908WQ9 | 22878.00 | $201,796.40 | $1,371.73 | $2,010.88 | $3,407.05 |
| 524908WQ9 | 22879.01 | $459,063.98 | $3,120.53 | $4,574.52 | $7,750.67 |
| 524908WQ9 | 23008.00 | $11,642.10 | $79.14 | $116.01 | $196.56 |

946436v.3