Hearing Date and Time: **January 11, 2017 at 10:00 a.m.**
Response Deadline: **December 21, 2016 at 4:00 p.m.**

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 230-7701
Kurt W. Hansson
Joshua M. Bennett

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, <br><br> **Debtors.** | Chapter 11 Case <br><br> Case No. 08-13555 (SCC) <br><br> (Jointly Administered) |

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S**
**OBJECTION TO PROOF OF CLAIM NUMBER 16219**

**PLEASE TAKE NOTICE** that a hearing on the annexed objection (the "Objection") of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, to proof of claim number 16219 will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 11, 2017 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court, shall set forth the basis for the response and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kurt W. Hansson, Esq., and Joshua M. Bennett, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **December 21, 2016 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if a response to the Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

    **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 7, 2016
     New York, New York

/s/ Joshua M. Bennett
Kurt W. Hansson
Joshua M. Bennett

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 230-7701

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

Hearing Date and Time:  January 11, 2017 at 10:00 a.m.
Response Deadline:  December 21, 2016 at 4:00 p.m.

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 752-2859
Kurt W. Hansson
Joshua M. Bennett

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,<br><br>Debtors. | Chapter 11 Case<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**PLAN ADMINISTRATOR'S OBJECTION TO PROOF OF CLAIM NUMBER 16219**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc., and in its capacity as Plan Administrator on behalf of Lehman Brothers Special Financing Inc. ("LBSF"), files this objection to proof of claim number 16219 ("Claim Number 16219") and respectfully represents:

**RELIEF REQUESTED**

1. The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking disallowance and expungement of Claim Number 16219. A proposed form of order is annexed hereto as **Exhibit A**.

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On December 6, 2011 the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against entities in the above-captioned chapter 11 cases (the "Chapter 11 Estates"), including but not limited to LBSF.

## CLAIM NUMBER 16219 SHOULD BE DISALLOWED AND EXPUNGED

5. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

2

"such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

6. In Claim Number 16219, ACTS Retirement-Life Communities, Inc. ("ACTS") alleges that it is owed by LBSF $293,464.80 in connection with a reserve fund agreement among ACTS, LBSF, and U.S. Bank National Association ("U.S. Bank"), dated December 1, 1996 (the "Reserve Fund Agreement" or "RFA").

7. The Plan Administrator has reviewed Claim Number 16219 and relevant documents thereto, including but not limited to the Reserve Fund Agreement, and based on the Plan Administrator's analysis and valuation, has determined that LBSF has no liability to ACTS or, if the Court determines there is liability, that liability is set off by the amount owed to LBSF by ACTS in connection with a terminated basis swap transaction between ACTS and LBSF that is at issue in a pending adversary proceeding (Adv. Proc. No. 15-01430 (SCC)). Accordingly, the Plan Administrator requests that the Court disallow and expunge Claim Number 16219.

8. The Plan Administrator utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates in order to determine the fair, accurate, and reasonable value, if any, of such claims. For example, the Plan Administrator: (i) collects and reviews documents related to the claim; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim.

9. After a thorough review of Claim Number 16219, the Plan Administrator has determined that LBSF does not owe any amounts to ACTS in connection with Claim Number 16219.

3

10. Specifically, under the RFA, LBSF provided a put option on certain underlying bonds. In connection with the put option, LBSF was required to post securities into a bond debt service reserve fund. The reserve fund was initially funded by ACTS in the amount of $1.2 million with two securities that LBSF sold to the underwriter of the bonds, who then delivered the securities to the trustee. Under the RFA, if the trustee delivers to LBSF both (a) a notice of sale with respect to the two securities in the reserve fund and (b) a demand for payment, LBSF is thereafter required to pay any shortfall to ACTS if the securities are sold for less than a specified amount in the RFA, namely $1.2 million. On or about September 18, 2008, LBSF received a notice of sale from the trustee with respect to the securities, but never received any demand for payment for any shortfall.

11. Additionally, the Plan Administrator has learned that, as of the date of this filing, the two securities in the reserve fund have never been sold by the trustee.

12. Moreover, ACTS filed Claim Number 16219 alleging a shortfall of $293,464.80, based on the market value of the securities in the reserve fund as of July 2009. As of the date of this filing, however, the two securities are worth more than $1.2 million. As a result, there can be no shortfall and, thus, the claim is not valid.

13. Finally, even if Claim Number 16219 was valid, any liability would be set off by the amount owed to LBSF by ACTS in connection with the terminated basis swap transaction at issue in Adversary Proceeding Number 15-01430 (SCC).

**RESERVATION OF RIGHTS**

14. The Plan Administrator reserves all rights to object on any other bases to Claim Number 16219 as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to Claim Number 16219 and any matters

4

raised by ACTS in connection therewith, and to supplement this and other filings as a result thereof.

## NOTICE

15.  No trustee has been appointed in these chapter 11 cases. Notice of this objection has been provided to counsel for ACTS and all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

16.  No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 7, 2016
       New York, New York

/s/ Joshua M. Bennett
Kurt W. Hansson
Joshua M. Bennett

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 230-7701

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,<br><br>**Debtors.** | Chapter 11 Case<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**ORDER GRANTING THE PLAN ADMINISTRATOR'S**
**OBJECTION TO CLAIM NUMBER 16219**

Upon the objection to proof of claim number 16219 ("Claim Number 16219"), dated December 7, 2016 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc., and on behalf of Lehman Brothers Special Financing ("LBSF"), seeking to disallow and expunge that claim pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Claim Number 16219 is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2016
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2