**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————————— x
                                  :       **Chapter 11**

**In re:**                            :

                                    :       **Case No. 08-13555 (SCC)**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :

                                    :

            **Debtors.**               :
—————————————————————————— x

**ORDER GRANTING LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR ENTRY OF AN ORDER AGAINST HOME LENDERS OF GEORGIA, LLC (I) TO ENFORCE AGAINST HOME LENDERS OF GEORGIA, LLC, AND TO COMPEL IT TO COMPLY WITH, THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS, AND (II) FOR CIVIL CONTEMPT SANCTIONS AGAINST HOME LENDERS OF GEORGIA, LLC FOR ITS VIOLATION OF THE ORDER**

Upon the motion dated November 16, 2016 (the "<u>Motion</u>")[1] filed in the above-captioned jointly administered Chapter 11 Cases by Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, confirmed by Confirmation Order entered December 6, 2011 [ECF No. 23023], for the Debtors in the Chapter 11 Cases, seeking entry of an omnibus order (i) to enforce against Noncompliant Sellers, and to compel them to comply with, the June 24, 2014 *Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers* entered July 18, 2014 [ECF No. 45277] (the "<u>ADR Order</u>") in the Chapter 11 Cases, and (ii) for civil contempt sanctions against such Noncompliant Sellers for their violation of the ADR Order, as set forth in the Motion and in the Declaration filed therewith; and, the Court having jurisdiction to consider the Motion and the relief it requests; and due and proper notice of the Motion having been provided in accordance

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

with the ADR Order and the Court's amended Order entered June 17, 2010 [ECF No. 9635]; and

Home Lenders of Georgia, LLC ("Home Lenders") having been identified in the Motion as one

of the parties included in the definition of "Noncompliant Sellers" subject to the Motion; and

Home Lenders having filed a response to the Motion [ECF No. 54013] and LBHI having filed a

reply [ECF No. 54087] to Home Lenders' response; and LBHI having adjourned the Motion as

to the following Noncompliant Sellers pursuant to that certain Notice of Adjournment [ECF No.

54091]: America One Mortgage Corporation, American Pacific Mortgage Corporation, Atlantic

Trust Mortgage Corp., California Home Investments, Inc., Comstock Mortgage, Cornerstone

Mortgage, Inc., Family Mortgage Inc., K&B Capital Corp., Parkside Lending, LLC, and

Sacramento 1st Mortgage, Inc. (collectively, the "Adjourned Parties"); and the Court having

conducted a hearing for the Motion on December 8, 2016 with respect to Home Lenders and all

other Noncompliant Sellers identified in the Motion other than the Adjourned Parties; and the

Court having granted separate relief as to Home Lenders and separate Orders having been

entered with respect to the other Noncompliant Sellers subject to the December 8, 2016 hearing;

and the Court having found and determined that the relief sought against Home Lenders in the

Motion, as modified in this Order, is in the best interests of LBHI, its creditors, and all parties in

interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED with respect to Home Lenders as set

forth herein; and it is further

ORDERED that within thirty (30) days of service of this Order, Home Lenders

shall immediately comply with the ADR Order, and all applicable ADR Procedures therein, shall

immediately proceed to the Mediation Stage (as defined in the ADR Order) and shall attend and

fully participate in mediation of its ADR Dispute on one of the dates scheduled by the assigned mediator after entry of this Order; and it is further

ORDERED that Home Lenders may attend the mediation of its ADR Dispute via video conference (instead of the "in person" attendance required in the ADR Order) and Home Lenders shall not be required to advance any amount of the costs associated with mediation of its ADR Dispute however LBHI reserves all its rights under the ADR Order to seek reimbursement from Home Lenders for its share of any and all such mediation costs following completion of Home Lenders' mediation and Home Lenders reserves all its rights to dispute its obligation to pay its share of such mediation costs; and it is further

ORDERED that to the extent Home Lenders fails to fully and timely comply with this Order after service of it, LBHI may certify same in a certification to be filed with the Court and served upon Home Lenders and thereafter the Court may, without further motion or hearing, enter an order granting the full relief sought in the Motion against Home Lenders, including holding Home Lenders in contempt of and sanctioning it for violating this Court's ADR Order and directing Home Lenders to reimburse LBHI for Home Lenders' pro rata share of the costs and expenses, including reasonable attorneys' fees incurred by LBHI in making the Motion, as well as any subsequent motion practice resulting from Home Lenders' further non-compliance with this Order and the ADR Order, and Home Lenders shall have fifteen (15) days to respond to LBHI's foregoing certification, and LBHI shall have seven (7) days to reply to Home Lenders' response; and it is further

ORDERED that the ADR Order shall remain in full force and effect; and it is further

ORDERED that notwithstanding any provision in the Federal Rules of

Bankruptcy Procedure to the contrary, this Order shall be immediately effective and enforceable

upon its entry; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the interpretation and implementation of this Order.


Dated: New York, New York
       December 15, 2016

                                            /S/ Shelley C. Chapman
                                            UNITED STATES BANKRUPTCY JUDGE