**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ————————————————————— x | | |
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | |
| | : | |
| **Debtors.** | : | |
| ————————————————————— x | | |

**ORDER GRANTING LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR ENTRY
OF AN ORDER AGAINST MORTGAGE EXPERTS (I) TO ENFORCE AGAINST
MORTGAGE EXPERTS, AND TO COMPEL IT TO COMPLY WITH, THE
ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN
SELLERS, AND (II) FOR CIVIL CONTEMPT SANCTIONS AGAINST MORTGAGE
EXPERTS FOR ITS VIOLATION OF THE ORDER**

Upon the motion dated November 16, 2016 (the "Motion")[1] filed in the above-

captioned jointly administered Chapter 11 Cases by Lehman Brothers Holdings Inc. ("LBHI"),

as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors*, confirmed by Confirmation Order entered

December 6, 2011 [ECF No. 23023], for the Debtors in the Chapter 11 Cases, seeking entry of

an omnibus order (i) to enforce against Noncompliant Sellers, and to compel them to comply

with, the June 24, 2014 *Alternative Dispute Resolution Procedures Order for Indemnification

Claims of the Debtors Against Mortgage Loan Sellers* entered July 18, 2014 [ECF No. 45277]

(the "ADR Order") in the Chapter 11 Cases, and (ii) for civil contempt sanctions against such

Noncompliant Sellers for their violation of the ADR Order, as set forth in the Motion and in the

Declaration filed therewith; and, the Court having jurisdiction to consider the Motion and the

relief it requests; and due and proper notice of the Motion having been provided in accordance

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

with the ADR Order and the Court's amended Order entered June 17, 2010 [ECF No. 9635]; and

Mortgage Experts having been identified in the Motion as one of the parties included in the

definition of "Noncompliant Sellers" subject to the Motion; and Mortgage Experts having filed

letter requests with the Court in connection with the Motion [ECF Nos. 53970, 54066] (the

"Letter Requests") and LBHI having filed a letter in reply [ECF No. 54018] to same; and LBHI

having adjourned the Motion as to the following Noncompliant Sellers pursuant to that certain

Notice of Adjournment [ECF No. 54091]: America One Mortgage Corporation, American

Pacific Mortgage Corporation, Atlantic Trust Mortgage Corp., California Home Investments,

Inc., Comstock Mortgage, Cornerstone Mortgage, Inc., Family Mortgage Inc., K&B Capital

Corp., Parkside Lending, LLC, and Sacramento 1st Mortgage, Inc. (collectively, the "Adjourned

Parties"); and the Court having conducted a hearing for the Motion on December 8, 2016 with

respect to Mortgage Experts and all other Noncompliant Sellers identified in the Motion other

than the Adjourned Parties; and the Court having granted separate relief as to Mortgage Experts

and separate Orders having been entered with respect to the other Noncompliant Sellers subject

to the December 8, 2016 hearing; and the Court having found and determined that the relief

sought against Mortgage Experts in the Motion, as modified in this Order, is in the best interests

of LBHI, its creditors, and all parties in interest; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is GRANTED with respect to Mortgage Experts as

set forth herein and Mortgage Experts' Letter Requests are denied and overruled; and it is further

ORDERED that within thirty (30) days of service of this Order, Mortgage Experts

shall immediately comply with the ADR Order, and all applicable ADR Procedures therein, shall

immediately proceed to the Mediation Stage (as defined in the ADR Order) and shall attend and

fully participate in mediation of its ADR Dispute on one of the dates scheduled by the assigned

mediator after entry of this Order; and it is further

ORDERED that Mortgage Experts may attend the mediation of its ADR Dispute

via video conference instead of the "in person" attendance required in the ADR Order; and it is

further

ORDERED that to the extent Mortgage Experts fails to fully and timely comply

with this Order after service of it, LBHI may certify same in a certification to be filed with the

Court and served upon Mortgage Experts and thereafter the Court may, without further motion or

hearing, enter an order granting the full relief sought in the Motion against Mortgage Experts,

including holding Mortgage Experts in contempt of and sanctioning it for violating this Court's

ADR Order and directing Mortgage Experts to reimburse LBHI for Mortgage Experts' pro rata

share of the costs and expenses, including reasonable attorneys' fees incurred by LBHI in

making the Motion, as well as any subsequent motion practice resulting from  Mortgage Experts'

further non-compliance with this Order and the ADR Order, and Mortgage Experts shall have

fifteen (15) days to respond to LBHI's foregoing certification, and LBHI shall have seven (7)

days to reply to Mortgage Experts' response; and it is further

ORDERED that the ADR Order shall remain in full force and effect; and it is

further

ORDERED that notwithstanding any provision in the Federal Rules of

Bankruptcy Procedure to the contrary, this Order shall be immediately effective and enforceable

upon its entry; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the interpretation and implementation of this Order.

Dated: New York, New York
December 15, 2016

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE