UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.          Case No. 08-13555 (SCC)
                                                Court ID (Court Use Only) _____

### NOTICE OF TRANSFER OF CLAIMS OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee: | Name of Transferor: |
|---|---|
| King Street Capital Master Fund, Ltd. | King Street Capital, Ltd. |
| Notices to Transferee should be sent to:<br><br>King Street Capital Master Fund, Ltd.<br>Trade Claims<br>65 East 55th Street, 30th Floor<br>New York, NY 10022<br>Phone: 212-812-3140<br>Fax:    646-289-7696<br>E-mail: tradeclaims@kingstreet.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | |
| Transferred Claim Amount: $39,014,884.79 | |
| Court Claim No.: 66963 | |

As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**KING STREET CAPITAL MASTER FUND, LTD.**
By: King Street Capital Management, L.P.
Its Investment Manager

By: _____
    Name:  Howard Baum
    Title: Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

EVIDENCE OF TRANSFER OF CLAIM

TO: United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
Attn: Clerk

AND TO: Lehman Brothers Holdings Inc. (the "Debtor")
Case No. 08-13555 (SCC) (Jointly Administered) (the "Case")

Proof of Claim Number 66963

**KING STREET CAPITAL, LTD.** and its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**KING STREET CAPITAL MASTER FUND, LTD.**
65 East 55th Street, 30th Floor
New York, NY 10022
Phone: 212-812-3140
Fax:    646-289-7696
Attn: Trade Claims

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim Number 66963, solely to the extent of $39,014,884.79, (the "Claim") against Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated December ___19___, 2016.

| **KING STREET CAPITAL, LTD.** | **KING STREET CAPITAL MASTER FUND, LTD.** |
|---|---|
| By: King Street Capital Management, L.P. | By: King Street Capital Management, L.P. |
| Its Investment Manager | Its Investment Manager |
| By: _____ | By: _____ |
| Name: | Name: |
| Title: Howard Baum, Authorized Signatory | Title: Howard Baum, Authorized Signatory |

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** | |
|---|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000066963 | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

King Street Capital, Ltd.
c/o King Street Capital Management, L.P.
Attn: General Counsel
65 East 55th Street, 30th Floor
New York, New York 10022

Telephone number: (212) 812-3100   Email Address: legal@kingstreet.com

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 19717 (If known)

Filed on: 9/21/2009

**Name and address where payment should be sent** (if different from above)
King Street Capital, Ltd, c/o King Street Capital Management, L.P.
Attn: Chief Financial Officer
65 East 55th Street, 30th Floor, New York, New York 10002

Telephone number: (212) 812-3140   Email Address: backoffice@kingstreet.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 39,014,884.79

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** see Attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____
Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____**
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain:

FOR COURT USE ONLY

JUL [illegible]

| Date:<br>7-26-10 | King Street Capital, Ltd.<br>By: King Street Capital Management, L.P.<br>  Its Investment Manager<br>By: King Street Capital Management GP, L.L.C.<br>  Its General Partner<br>By: Bruce S. Darringer, Chief Operating Officer | /s/ [signature] |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT TO AMENDED PROOF OF CLAIM OF KING STREET CAPITAL, LTD. AGAINST LEHMAN BROTHERS HOLDINGS INC.

1. This amended proof of claim (the "Proof of Claim") is filed by and on behalf of King Street Capital, Ltd. (the "Claimant"), by its Investment Manager, King Street Capital Management, L.P.,[1] for various obligations owing to it by Lehman Brothers Holdings Inc. ("LBHI"). This Proof of Claim amends claim number 19717, which Claimant filed on September 21, 2009 (the "Original Claim").

2. Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, LBHI and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

3. On July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, *inter alia*, establishes September 22, 2009 at 5:00 pm (ET) as the deadline (the "Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate,

---

[1] Effective January 1, 2009, King Street Capital Management, L.L.C. converted from a Delaware limited liability company to a Delaware limited partnership and was renamed "King Street Capital Management, L.P."

Doc#: US1:6465003v1                                    1

trust and governmental unit) to file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors.

4. LBHI is liable to Claimant for various obligations arising under: (a) that certain guarantee (the "ISDA Guarantee")[2] by LBHI of all obligations owing to Claimant by Lehman Brothers Special Financing Inc. ("LBSF") under that certain ISDA Master Agreement dated as of March 27, 2006 by and between Lehman Brothers Special Financing Inc. and King Street Capital, Ltd. (the "ISDA Master Agreement"); (b) that certain guarantee by LBHI of all liabilities, obligations and commitments of LBSF as provided in that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005 (the "Guarantee by Unanimous Written Consent"); and (c) that certain Termination Agreement entered into between Claimant, LBHI and LBSF, dated April 29, 2010 (the "Termination Agreement").

5. In connection with the ISDA Master Agreement, Claimant and LBSF entered into that certain Schedule to the Master Agreement dated as of March 27, 2006 (the "Schedule") and that certain Credit Support Annex to the Schedule (the "Credit Support Annex," and together with the ISDA Master Agreement and the Schedule, the "ISDA Agreements").[3]

6. From time to time and at any given time, Claimant entered into a number of transactions (the "Transactions") with LBSF under the ISDA Agreements. Among other

---

[2] The Bar Date Order requires holders of claims against a Debtor based on amounts owed pursuant to a guarantee to complete an electronic Guarantee Questionnaire (as such term is defined in the Bar Date Order). Bar Date Order at p. 7. The Bar Date Order further provides that any such claimant "electronically upload supporting documentation and evidence of the underlying claim amount on the website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim." Bar Date Order at pp. 7-8.

[3] The Bar Date Order requires holders of claims against a Debtor based on amounts owed pursuant to a derivative contract to complete an electronic Derivative Questionnaire (as such term is defined in the Bar Date Order). Bar Date Order at pp. 6-7. The Bar Date Order further provides that any such claimant "electronically upload supporting documentation on the website (as required in the Derivative Questionnaire) rather than attaching such documents to the Proof of Claim." Bar Date Order at p. 7.

things, the ISDA Guarantee provides that LBHI unconditionally guarantees to Claimant the due and punctual payment of all amounts payable by LBSF under the Transactions, as well as any interest, reasonable expenses and fees incurred by Claimant in connection with, as a consequence of, or arising or resulting from the occurrence of the close-out or early termination of all Transactions.

7. The Executive Committee of the Board of Directors of LBHI executed a unanimous written consent pursuant to which it issued the Guarantee by Unanimous Written Consent. Among other things, the Guarantee by Unanimous Written Consent provides a full guarantee of the payment of all liabilities, obligations and commitments of certain of LBHI's subsidiaries, including LBSF.

8. Claimant is a swap participant and has contractual rights under the ISDA Agreements to terminate the Transactions, and to offset and net out all termination values and payment amounts arising under or in connection with such Transactions. On September 15, 2008, pursuant to that certain Notice Designating an Early Termination Date under 1992 ISDA Master Agreement (the "Termination Notice") delivered by Claimant to LBSF, Claimant designated September 15, 2008 as the Early Termination Date under the ISDA Master Agreement.

9. On April 29, 2010, Claimant, LBSF and LBHI entered into the Termination Agreement, fixing the amount of Claimant's claim against LBHI in the amount of $39,014,884.79 in respect of the claims arising under the ISDA Agreements (the "Settlement Amount"). Pursuant to the Termination Agreement, Claimant, LBSF and LBHI acknowledged and agreed that, among other things: (i) each Transaction was terminated as of September 15, 2008; (ii) the Settlement Amount of $39,014,884.79 is owed to Claimant; and (iii) Claimant is

entitled to an allowed general unsecured claim equal to the Settlement Amount (the "Allowed Claim") against each of LBSF and LBHI in their respective chapter 11 cases.

10. As of the filing of this Proof of Claim, Claimant has not received the Settlement Amount or any distribution with respect to Claimant's Allowed Claim, or any portion thereof, from LBHI.

11. Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and Termination Agreement and to protect Claimant from forfeiture of its claims against the Debtors by reason of the Bar Date. Subject to the terms of the Termination Agreement, Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

12. With the exception of the Original Claim, the filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim filed against Lehman Brothers Inc. ("LBI") under compulsion of that certain *Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Creditors; and Fixing Interim Reporting Pursuant to SIPA* [Docket No. 241] (the "LBI Bar Date Order") which, *inter alia*, established: (a) January 30, 2009 as the deadline by which all customers of LBI had to file proofs of customer claim in LBI's liquidation proceeding in order to receive the maximum possible protection under the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et*

*seq.* as amended ("SIPA"); and (b) June 1, 2009 as the deadline by which all creditors of LBI had to file proofs of general claims in LBI's liquidation proceeding.

13. In the event that any payment to, or setoff by, Claimant prior to the Petition Date is later reversed, avoided, or invalidated, in whole or in part, or must be repaid in whole or in part (each of the foregoing, a "Reversal"), Claimant, subject to the terms of the Termination Agreement, hereby asserts and reserves its right to assert a claim against LBHI in the amount of any such Reversal and any related amount; provided that in no way shall the foregoing reservation of rights constitute an admission by Claimant of any wrongdoing prior to the Petition Date.

14. Claimant does not waive, and this Proof of Claim shall not be deemed or construed to waive, subject to the terms of the Termination Agreement, any claims or right to assert any claims, or preserve any remedies, Claimant has against any of the Debtors, LBI, Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

15. Subject to the terms of the Termination Agreement, the filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of

such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

16. All notices regarding this Proof of Claim should be sent to: King Street Capital, Ltd., c/o King Street Capital Management, L.P., 65 East 55th Street, 30th Floor, New York, New York 10022, Attention: Joshua Feldman, General Counsel, with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone number: (212) 373-3000, Attention: Brian S. Hermann and Andrew N. Rosenberg.

**H A N D   D E L I V E R Y**



RECEIVED BY: _____

DATE: JUL 2 S 2010

TIME: 1:25 PM