# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*   Case No. 08-13555 (SCC) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| **Värde Investment Partners, L.P.** | **Seaport Global Securities LLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

901 Marquette Avenue South
Suite 3300
Minneapolis, MN 55402
Attn: Edwina P.J. Steffer
E-mail: esteffer@varde.com

Last Four Digits of Acct. #:

Court Claim No.: 32145

Amount of Claim Transferred: $23,870,234.00 (as more specifically set forth on the attached Agreement and Evidence of Transfer of Claim), plus all interest, fees and other recoveries due.

Date Claim Filed: September 22, 2009

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE INVESTMENT PARTNERS, L.P.**

By Värde Investment Partners G.P., LLC,
Its General Partner
By Värde Partners, L.P.,
Its Managing Member
By Värde Partners, Inc.,
Its General Partner

By: _____/s/_____     Date: _____December 29, 2016_____
Name:    Scott Hartman
Title:    Senior Managing Director

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*        Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 32145 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on         .

| **Seaport Global Securities LLC**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>360 Madison Avenue<br>22nd Floor<br>New York, NY 10017<br>Attention: Jonathan Silverman | **Värde Investment Partners, L.P.**<br>Name of Transferee<br><br>Address of Transferee<br>901 Marquette Avenue South<br>Suite 3300<br>Minneapolis, MN  55402<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com |
|---|---|
| | |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.


Date: _____                    _____
                                                  CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Seaport Global Securities LLC (the "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Värde Investment Partners, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof for the purchase. price specified in a separate communication by and between Seller and Purchaser dated as of the date hereof (the "Purchase Price"), (a) an undivided 100% interest to the extent relating to Seller's record and beneficial ownership in the securities (each, a "Purchased Security") specified in Schedule 1 attached hereto (each, a "Purchased Claim"), (b) all Seller's right, title and interest in and to Proof of Claim Number 32145 (the "RIC 111 Proof of Claim") originally filed by RIC III plc The U.S. Dollar Cash Plus Fund against Lehman Brothers Holdings Inc. (the "Debtor") in the proceedings for reorganization of Debtor (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08- 13555 (SCC), but only to the extent related to each Purchased Claim, (c) all rights and benefits of Seller relating to each Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to each Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way each Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101 (5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with each Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to each Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the Agreement and Evidence of Transfer of Claim dated as of October 7, 2010 (the "Farallon Agreement") between JPMorgan Chase Bank, N.A. ("JP Morgan") and an affiliate of Farallon Capital Partners, LP ("Prior Seller"), together with the transfer agreements, if any, under which Prior Seller, JP Morgan or any other prior seller acquired the rights and obligations underlying or constituting a part of each Purchased Claim, (v) any and all of Seller's right, title and interest in, to and under those certain Agreements and Evidences of Transfer of Claims, each dated as of December 29, 2016 (collectively, the "Immediate Prior Agreement") listed on Schedule 2 hereto, together with the transfer agreements, if any, under which Seller and Prior Seller acquired the rights and obligations underlying or constituting a part of each Purchased Claim,  (d) any and all proceeds of any of the foregoing, and-relating to each Purchased Claim (all of the foregoing, collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims"). The Transferred Claims shall exclude the Prior Distributions (as hereinafter defined), and Seller shall retain all right, title and interest therein.  In addition, Purchaser is not assuming any liabilities or obligations of the Seller.

2.   Seller hereby represents and warrants to Purchaser that: (A) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim ("Agreement"); (B) Seller has not engaged, and will not engage, in any acts, conduct or omissions, or had, has or will have any relationship with the Debtor or its affiliates, that will result in Purchaser receiving In respect of the Transferred Claims proportionately less in payments or distributions or less favorable treatment than other general unsecured creditors of the Debtor; and (C) Seller has provided to Purchaser a true and complete copy of the Prior Agreement.

3.  Seller hereby further represents and warrants to Purchaser that: (a) assuming the truth and accuracy of the representations of Prior Seller in the Prior Agreement, the RIC III Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271 ); (b) to the extent it received such title to the Transferred Claims pursuant to the Prior Agreement Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) assuming the truth and accuracy of the representations of Prior Seller in the Prior Agreement, the RIC III Proof of includes each Purchased Claim specified in Schedule 1 attached hereto; and (d) other than the distributions set forth on Schedule 3 hereto (the "Prior Distributions") and the distribution totaling $403,016.41 ("Eleventh Distribution") and received on or about October 6, 2016, which Eleventh Distribution shall be credited to the Purchase Price, no payment or distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims.

4.  Seller represents and warrants to Purchaser, and Purchaser, by its acceptance of this Agreement and the payment of the Purchase Price, represents and warrants to Seller, that (i) it is a sophisticated buyer or seller (as the case may be) with respect to the Transferred Claims, (ii) it has, or has access to, such information as it deems appropriate under the circumstances concerning, among other things, the business and financial condition of the Debtor to make an informed decision regarding the Transferred Claims, and (iii) it has independently and without reliance on the other party hereto, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement, except that each of Seller and Purchaser has relied upon the express representations and warranties made by the other party hereto in this Paragraph 2.  Each of Seller and Purchaser acknowledges that the other has not given it any investment advice or opinion on whether this Agreement is prudent. Purchaser has not relied, and will not rely, on Seller to furnish or make available any documents or other information regarding the credit, affairs, financial condition or business of the Debtor. Each of Seller and Purchaser acknowledges that (i) the other currently may have, and later may come into possession of, information regarding the Transferred Claims that is not known to it and that may be material to a decision to enter into this Agreement ("Excluded Information"), (ii) it has determined to enter into this Agreement notwithstanding its lack of knowledge of the Excluded Information, and (iii) the other party hereto shall have no liability to it, and it hereby, to the extent permitted by law, waives and releases any claims it may have against the other of Seller and Purchaser, with respect to the nondisclosure of the Excluded Information, provided, however, that each party's Excluded Information shall not and does not affect the truth or accuracy of such party's representations or warranties in this Agreement.

5.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Seller acknowledges and understands that Purchaser may file a copy of this Agreement with the Court, and hereby stipulates that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing the Debtor, the Court and all other interested parties that all further notices relating to the Transferred Claims, and all payments or distributions of money or property in respect of the Transferred Claims, shall be delivered or made to the Purchaser; provided, however that the Purchaser shall promptly provide notice to the Seller upon entry of such order.

6. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein.

7. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account as Purchaser may designate in writing to Seller against payment by Purchaser of the Purchase Price. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms of this Agreement. Seller shall promptly (but in any event no later than three (3) business days following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed in the signature page below.

IN WITNESS WHEREOF, this Agreement and Evidence of Transfer of Claim is executed on this 29th day of December 2016.

| SEAPORT GLOBAL SECURITIES LLC | VÄRDE INVESTMENT PARTNERS, L.P<br>By: Värde Investment Partners G.P., LLC, Its General Partner<br>By: Värde Partners, L.P., Its Managing Member<br>By: Värde Partners, Inc., Its General Partner |
|---|---|
| By: _____<br>Name: JONATHAN SILVERMAN<br>Title: GENERAL COUNSEL<br>Address: 360 Madison Avenue<br>New York, NY 10017 | By: _____<br>Name: Scott Hartman<br>Title: Senior Managing Director<br>Address: 901 Marquette Ave S. Suite 3300<br>Minneapolis, MN 55402 |

Schedule 1

**Purchased Claim**

$1,348,291.00 of $100,533,412.85 (the accrued amount of the RIC III Proof of Claim).

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Allowed Claim amount transferred hereunder |
|---|---|---|---|---|---|---|
| Commercial Paper, issued 02/13/2008 | 52525KAB8 | Lehman Brothers Holdings Inc. | $1,348,291.00 | 2.875% (which Prior Seller assumes to have been the last rate set under the Security) | 03/11/2009 | $1,348,291.00 |

$ 22,521,943.00 of $100,533,412.85 (the outstanding amount of the RIC 111 Proof of Claim as of October 7, 2010).

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Commercial Paper | 52525MJF6 | Lehman Brothers Holdings Inc. | $ 22.521.943.00 | 0% | 09/15/2008 | $ 22,521,943.00 |

**Schedule 2**

1. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Partners, LP and Seller

2. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Institutional Partners, LP and Seller

3. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Institutional Partners II, LP and Seller

4. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Offshore Investors II, LP and Seller

5. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital (AM) Investors, LP and Seller

6. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Institutional Partners III, LP and Seller

7. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Noonday Offshore Inc. and Seller

**Schedule 3**

Prior Distributions

| Claim | Cusip | Date of Distribution | Rate of Distribution | Amount of Distribution |
|---|---|---|---|---|
| 32145 | 52525KAB8 | 4/17/2012 | 6.023822% | $81,218.62 |
| 32145 | 52525KAB8 | 10/1/2012 | 3.814592% | $51,431.76 |
| 32145 | 52525KAB8 | 4/4/2013 | 4.973258% | $67,053.95 |
| 32145 | 52525KAB8 | 10/3/2013 | 5.741091% | $77,406.59 |
| 32145 | 52525KAB8 | 4/3/2014 | 6.371619% | $85,907.93 |
| 32145 | 52525KAB8 | 10/2/2014 | 4.631324% | $62,443.68 |
| 32145 | 52525KAB8 | 4/2/2015 | 3.182633% | $42,911.13 |
| 32145 | 52525KAB8 | 10/1/2015 | 2.381665% | $32,111.75 |
| 32145 | 52525KAB8 | 3/31/2016 | 0.679760% | $9,165.12 |
| 32145 | 52525KAB8 | 6/16/2016 | 0.996488% | $13,435.53 |

| Claim | Cusip | Date of Distribution | Rate of Distribution | Amount of Distribution |
|---|---|---|---|---|
| 32145 | 52525MJF6 | 4/17/2012 | 6.023822% | $1,356,681.72 |
| 32145 | 52525MJF6 | 10/1/2012 | 3.814592% | $859,120.20 |
| 32145 | 52525MJF6 | 4/4/2013 | 4.973258% | $1,120,074.29 |
| 32145 | 52525MJF6 | 10/3/2013 | 5.741091% | $1,293,005.20 |
| 32145 | 52525MJF6 | 4/3/2014 | 6.371619% | $1,435,012.37 |
| 32145 | 52525MJF6 | 10/2/2014 | 4.631324% | $1,043,064.11 |
| 32145 | 52525MJF6 | 4/2/2015 | 3.182633% | $716,790.77 |
| 32145 | 52525MJF6 | 10/1/2015 | 2.381665% | $536,397.20 |
| 32145 | 52525MJF6 | 3/31/2016 | 0.679760% | $153,095.14 |
| 32145 | 52525MJF6 | 6/16/2016 | 0.996488% | $224,428.43 |