# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*　　　Case No. 08-13555 (SCC) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| **Värde Investment Partners, L.P.** | **Seaport Global Securities LLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

901 Marquette Avenue South
Suite 3300
Minneapolis, MN 55402
Attn: Edwina P.J. Steffer
E-mail: esteffer@varde.com

Last Four Digits of Acct. #:

Court Claim No.: 67902

Amount of Claim Transferred: $49,810,044.97 (as more specifically set forth on the attached Agreement and Evidence of Transfer of Claim), plus all interest, fees and other recoveries due.

Date Claim Filed: February 21, 2012

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE INVESTMENT PARTNERS, L.P.**

By Värde Investment Partners G.P., LLC,
Its General Partner
By Värde Partners, L.P.,
Its Managing Member
By Värde Partners, Inc.,
Its General Partner

By: _____[signature]_____　　　　Date: ____December 29, 2016____
Name:
Title:　**Scott Hartman**
　　　Senior Managing Director

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1947/CERTS/5190822.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*        Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 67902 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on     .

| **Seaport Global Securities LLC**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>360 Madison Avenue<br>22nd Floor<br>New York, NY 10017<br>Attention: Jonathan Silverman | **Värde Investment Partners, L.P.**<br>Name of Transferee<br><br>Address of Transferee<br>901 Marquette Avenue South<br>Suite 3300<br>Minneapolis, MN 55402<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com |
|---|---|

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____        _____
                                                                CLERK OF THE COURT

119-1947/CERTS/5190822.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Seaport Global Securities LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Värde Investment Partners, L.P. ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof: (a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper, issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 67902 (as such claim number amends the previously filed proof of claim 17319) (the "Proof of Claim") originally filed by or on behalf of Primary Fund, a series of The Reserve Fund, a Massachusetts business trust ("Original Claimant") against Lehman Brothers Holdings, Inc., (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (SCC) (the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code)), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) Seller's right, title and interest in, to and under that certain Agreement and Evidence of Transfer of Claim dated as of April 14, 2010 (the "Prior Agreement"), between an affiliate of Farallon Capital Partners, LP ("Farallon") and Goldman, Sachs & Co. ("Goldman Sachs"), under which Farallon acquired the rights and obligations underlying or constituting a part of the Purchased Claim, (v) any and all of Seller's right title and interest in, to and under those certain Agreements and Evidences of Transfer of Claims, each dated December 29, 2016 (collectively, the "Immediate Prior Agreement"), listed on Schedule 2 hereto, and (c) any and all proceeds of any of the foregoing, excluding any Retained Distributions (as defined below) (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security described in Section 2 of the Proof of Claim and specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to proof of claim number 17321 filed by Original Claimant or any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever. Furthermore, the Transferred Claims shall exclude, and Seller shall retain all right, title and interest in and to, all distributions received in respect of the Transferred Claims and Purchased Securities prior to September 8, 2016 (the "Retained Distributions"). This assignment shall be deemed an absolute and unconditional assignment of the Transferred Claims. In addition, Purchaser is not assuming any liabilities or obligations of the Seller.

3. Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) assuming the truth and accuracy of the representations and warranties of the Prior Seller in the Prior Agreement, the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to

Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(0(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dicta No. 4271); (b) to the extent that it received such title from Prior Seller pursuant to the Prior Agreement, Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) assuming the truth and accuracy of the representations and warranties of the Prior Seller in the Prior Agreement, the Proof of Claim includes the Purchased Claim specified in Schedule l attached hereto; (e) Seller has not engaged, and will not engage in any acts, conduct or omissions, or has, had or will have any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; and (f) other than the distributions set forth on Schedule 3 hereto (the "Prior Distributions") and the distribution totaling $840,974.84 ("Eleventh Distribution") and received on or about October 6, 2016, which Eleventh Distribution shall be credited to the Purchase Price, no payment or distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims.

4. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Chaim be delivered or made to Purchaser.

5. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold. Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless front and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein.

6. Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents, and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and. Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State. of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to the service of process by certified mail at its address listed on the signature page below.

[Continued on following page]

IN WITNESS WHEREOF, this Agreement and Evidence of Transfer of Claim is executed on this 29th day of December, 2016.

SEAPORT GLOBAL SECURITIES LLC

By: _____
Name: JONATHAN SILVERMAN
Title: GENERAL COUNSEL
Address: 360 Madison Avenue
New York, NY 10017

VÄRDE INVESTMENT PARTNERS, L.P
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: _____
Name: Scott Hartman
Title: Senior Managing Director
Address: 901 Marquette Ave S. Suite 3300
Minneapolis, MN 55402

**Schedule 1**

Transferred Claims

Purchased Claim

- 18.83% of CUSIP 52525MKV9, or $34,841,294.54 of $185,000,000.00 (the principal amount of CUSIP 52525MKV9 due at maturity of the Purchased Security) and as further described in the Proof of Claim, plus all interest related thereto.
- 9.98% of CUSIP 52525MKA5, or $14,968,750.43 of $150,000,000.00 (the principal amount of CUSIP 52525MKA5 due at maturity of the Purchased Security) and as further described in the Proof of Claim, plus all interest related thereto.

Description of the Purchased Security

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Allowed Claim amount transferred hereunder |
|---|---|---|---|---|---|---|
| Floating Rate Note | 52525MKV9 | Lehman Bros. Holdings Inc. | None | $34,841,294.54 | 3.71% | $34,841,294.54 |
| Floating Rate Note | 52525MKA5 | Lehman Bros. Holdings Inc. | None | $14,968,750.43 | 3.00% | $14,968,750.43 |

**Schedule 2**

1. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Partners, LP and Seller

2. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Institutional Partners, LP and Seller

3. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Institutional Partners II, LP and Seller

4. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Offshore Investors II, LP and Seller

5. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital (AM) Investors, LP and Seller

6. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Farallon Capital Institutional Partners III, LP and Seller

7. Agreement and Evidence of Transfer of Claim, dated December 29, 2016, between Noonday Offshore Inc. and Seller

Schedule 3

Prior Distributions

| Claim | Cusip | Date of Distribution | Rate of Distribution | Amount of Distribution |
|---|---|---|---|---|
| 67902 | 52525MKA5 | 4/17/2012 | 6.023822% | $901,690.85 |
| 67902 | 52525MKA5 | 10/1/2012 | 3.814592% | $570,996.72 |
| 67902 | 52525MKA5 | 4/4/2013 | 4.973258% | $744,434.55 |
| 67902 | 52525MKA5 | 10/3/2013 | 5.741091% | $859,369.55 |
| 67902 | 52525MKA5 | 4/3/2014 | 6.371619% | $953,751.71 |
| 67902 | 52525MKA5 | 10/2/2014 | 4.631324% | $693,251.29 |
| 67902 | 52525MKA5 | 4/2/2015 | 3.182633% | $476,400.35 |
| 67902 | 52525MKA5 | 10/1/2015 | 2.381665% | $356,505.46 |
| 67902 | 52525MKA5 | 3/31/2016 | 0.679760% | $101,751.54 |
| 67902 | 52525MKA5 | 6/16/2016 | 0.996488% | $149,161.76 |

| Claim | Cusip | Date of Distribution | Rate of Distribution | Amount of Distribution |
|---|---|---|---|---|
| 67902 | 52525MKV9 | 4/17/2012 | 6.023822% | $2,098,777.54 |
| 67902 | 52525MKV9 | 10/1/2012 | 3.814592% | $1,329,053.20 |
| 67902 | 52525MKV9 | 4/4/2013 | 4.973258% | $1,732,747.44 |
| 67902 | 52525MKV9 | 10/3/2013 | 5.741091% | $2,000,270.39 |
| 67902 | 52525MKV9 | 4/3/2014 | 6.371619% | $2,219,954.51 |
| 67902 | 52525MKV9 | 10/2/2014 | 4.631324% | $1,613,613.20 |
| 67902 | 52525MKV9 | 4/2/2015 | 3.182633% | $1,108,870.50 |
| 67902 | 52525MKV9 | 10/1/2015 | 2.381665% | $829,802.88 |
| 67902 | 52525MKV9 | 3/31/2016 | 0.679760% | $236,837.15 |
| 67902 | 52525MKV9 | 6/16/2016 | 0.996488% | $347,189.27 |