**United States Bankruptcy Court**
**Southern District of New York**

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § llll(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| Morgan Stanley & Co. LLC | Credit Suisse Loan Funding LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

1585 Broadway, 2nd Floor
New York, New York 10036
Attn: John Ragusa
Telephone Number: (212) 761-2991
John. Ragusa@morganstanley.com

Last Four Digits of Acct. #: _____

Court Claim No.: 62783

Amount of Claim Transferred:

$949,806.24 with respect to ISIN XS0335621875
$941,043.78 with respect to ISIN XS0344830608
$3,765,426.88 with respect to ISIN XS0351650964

Date Claim Filed: November 2, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Morgan Stanley & Co. LLC**

By: _____    Date: 12/29/16
Transferee/Transferee's Agent
Rich VanderMass
Authorized Signatory

*Penalty for making a false statement*: fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 & 3571

NYC:372525.4

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDIT SUISSE LOAN FUNDING LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 62783 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.Lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that with respect to the Transferred Claim, will give rise to an setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g)(i) pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, Seller received, whether from the Debtor or from Seller's predecessor in interest, distributions on account of the Purchased Claim and (ii) Seller received distributions on account of each Purchased Security, in each case  on the dates and in the amounts specified on Schedule 1 attached hereto (the "Distributions"); and (h) other than the

NYC:372525.4

Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 300l(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

NYC:372525.4

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27 day of December 2016.

**MORGAN STANLEY & CO. LLC**

By: _____
Name:
Title: Rich VanderMass
Authorized Signatory

Address: 1585 Broadway, 2nd Floor
New York, New York 10036
Attn: John Ragusa
Telephone Number: (212) 761-2991
John.Ragusa@morganstanley.com

**CREDIT SUISSE LOAN FUNDING LLC**

By: _____
Name: Ronald Cotz
Title: Authorized Signatory

By: _____
Name: Ian Landow
Title: Authorized Signatory

Address: 11 Madison Avenue
New York, New York 10010
Attn: Douglas DiBella
Tel: (917) 284-6071
Fax: (845) 213-2022
E-mail: douglas.dibella@credit-suisse.com

NYC:372525.4

Schedule 1

Transferred Claims

Purchased Claim

1. JPY 100,000,000.00 of ISIN XS0335621875 in the Proof of Claim = USD 949,806.24
2. JPY 100,000,000.00 of ISIN XS0344830608 in the Proof of Claim = USD 941,043.78
3. JPY 400,000,000.00 of ISIN XS0351650964 in the Proof of Claim = USD 3,765,426.88

Distributions by Issuer of the Purchased Security

| ISIN | Issuer | Principal/Notional Amount | 11/29/16 Distribution | 7/14/16 Distribution | 4/28/16 Distribution | 10/30/15 Distribution | 4/27/15 Distribution | 10/28/14 Distribution | 4/28/14 Distribution | 10/24/13 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0335621875 | Lehman Brothers Treasury Co. B.V. | JPY 100,000,000.00 | JPY 494,425.00 | JPY 254,683.00 | JPY 188,543.00 | JPY 741,135.00 | JPY 960,300.00 | JPY 1,275,304.00 | JPY 1,598,247.00 | JPY 1,406,567.00 |
| XS0344830608 | Lehman Brothers Treasury Co. B.V. | JPY 100,000,000.00 | JPY 460,088.00 | JPY 236,996.00 | JPY 175,449.00 | JPY 689,665.00 | JPY 893,600.00 | JPY 1,186,736.00 | JPY 1,487,251.00 | JPY 1,308,884.00 |
| XS0351650964 | Lehman Brothers Treasury Co. B.V. | JPY 400,000,000.00 | JPY 1,957,544.00 | JPY 1,008,353.00 | JPY 746,448.00 | JPY 2,934,331.00 | JPY 3,802,000.00 | JPY 5,049,234.00 | JPY 6,327,843.00 | JPY 5,568,936.00 |

Distributions by Guarantor of the Purchase Securitys related to the Purchased Claim

| ISIN | Guarantor | Allowed Amount | 10/6/16 Distribution | 6/16/2016 Distribution | 3/31/2016 Distribution | 10/1/2015 Distribution | 4/2/15 Distribution | 10/2/14 Distribution | 4/3/14 Distribution | 10/3/13 Distribution** |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0335621875 | Lehman Brothers Holdings, Inc. | USD 949,806.24 | USD 10,679.54 | USD 6,074.48 | USD 4,079.21 | USD 14,699.78 | USD 19,272.86 | USD 28,241.11 | USD 37,629.76 | USD 34,642.44 |
| XS0344830608 | Lehman Brothers Holdings, Inc. | USD 941,043.78 | USD 10,581.02 | USD 6,018.44 | USD 4,041.58 | USD 14,564.16 | USD 19,095.06 | USD 27,980.57 | USD 37,282.61 | USD 34,322.85 |
| XS0351650964 | Lehman Brothers Holdings, Inc. | USD 3,765,426.88 | USD 42,338.14 | USD 24,081.78 | USD 16,171.71 | USD 58,276.04 | USD 76,405.67 | USD 111,959.50 | USD 149,180.03 | USD 137,337.05 |

** Received from Seller's predecessor in interest

NYC:372525.4