James H. Millar
Richard J.L. Lomuscio
**DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas
41st Floor
New York, New York 10036
Telephone:  (212) 248-3140
Facsimile:  (212) 248-3141

*Attorneys for ACTS Retirement-Life Communities, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC. *et al.*,<br><br>                                             Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br>(Jointly Administered) |

**RESPONSE OF ACTS RETIREMENT-LIFE COMMUNITIES, INC. TO PLAN ADMINISTRATOR'S OBJECTION TO PROOF OF CLAIM NUMBER 16219**

ACTS Retirement-Life Communities, Inc. ("ACTS"), hereby files this response to the objection of Lehman Brothers Holdings, Inc. ("LBHI"), in its capacity as Plan Administrator on behalf of Lehman Brothers Special Financing, Inc. ("LBSF"), to proof of claim number 16219 ("Claim Number 16219") and respectfully represents as follows.

**PRELIMINARY STATEMENT**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**FACTUAL BACKGROUND**

2.    ACTS, LBSF, and U.S. Bank, National Association ("U.S. Bank"), as successor to LaSalle Bank National Association, a national banking association, in its capacity as Master Trustee under the Master Indenture dated as of December 1, 1996, are parties to that certain

Reserve Fund Agreement, dated as of December 18, 2002. *See* Lomuscio Decl.[1] Ex. F (Claim Number 16219).

3. ACTS, LBSF, and LBHI are parties to that certain 1992 ISDA Master Agreement, Credit Support Annex, and Confirmation, dated November 27, 2001 (collectively, the "Swap Agreement"). *See* Lomuscio Decl. Ex. A (Swap Agreement).

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On September 17, 2008, ACTS delivered to U.S. Bank, as Master Trustee, a Direction to Deliver Notice (the "Direction to Deliver Notice") directing U.S. Bank to notify LBSF in writing that the Master Trustee, under the provisions of the Reserve Fund Agreement, intends to sell the Reserve Securities (as defined in the Reserve Fund Agreement) unless LBSF, within ten days of receipt of such notice from the Master Trustee, shall have assigned its rights and obligations under the Reserve Fund Agreement. *See* Lomuscio Decl. Ex. F (Claim Number 16219).

6. On September 18, 2008, U.S. Bank, as Master Trustee, delivered to LBSF a copy of the Direction to Deliver Notice, together with a letter stating that if, after ten days from its receipt of the letter, LBSF has not assigned its rights and obligations under the Reserve Fund Agreement, the Master Trustee may sell the Reserve Securities (as defined in the Reserve Fund Agreement). *See* Lomuscio Decl. Ex. F (Claim Number 16219).

---

[1] References to "Lomuscio Decl." are to the Declaration of Richard J.L. Lomuscio in Support of Response of ACTS Retirement-Life Communities, Inc. to Plan Administrator's Objection to Proof of Claim Number 16219.

7. By letter dated July 2, 2009 ACTS (i) informed LBSF that a Bankruptcy Event of Default (as defined in the Swap Agreement) of the Swap Agreement had occurred and was continuing, and (ii) designated July 2, 2009 as the Early Termination Date (as defined in the Swap Agreement) with respect to all Transactions (as defined in the Swap Agreement) under the Swap Agreement. *See* Lomuscio Decl. Exhibit B (July 2, 2009 Letter).

8. By letter dated July 9, 2009, ACTS provided LBSF its calculation of the Settlement Amount (as defined in the Swap Agreement) and explained that, pursuant to the provisions of the Swap Agreement, LBSF owed ACTS an aggregate amount of $352,036.32, representing the Settlement Amount ($0), plus all outstanding amounts due and owing under the Swap Agreement ($34,264.92), plus reasonable out-of-pocket expenses, including legal fees incurred by ACTS in connection with the early termination of the Swap Agreement ($24,305.60), plus ACTS's loss as of July 9, 2009 arising from LBSF's failure to honor its obligations under the Reserve Fund Agreement ($293,464.80). *See* Lomuscio Decl. Ex. C (July 9, 2009 Letter).

9. On September 18, 2009, ACTS filed proof of claim number 16217 ("Claim Number 16217") against LBHI in the amount of $58,571.52. The proof of claim form noted that the basis for the claim was a "Guarantee on interest rate swap agreement." *See* Lomuscio Decl. Ex. D (Claim Number 16217).

10. Also on September 18, 2009, ACTS filed proof of claim number 16218 ("Claim Number 16218") against LBSF in the amount of $58,571.52. The proof of claim form noted that the basis for the claim was an "Interest Rate Swap Agreement." *See* Lomuscio Decl. Ex. E (Claim Number 16218).

11. Also on September 18, 2009, ACTS filed Claim Number 16219 against LBSF in the amount of $293,464.80. The proof of claim form noted that the basis for the claim was the "Reserve Fund Agreement." *See* Lomuscio Decl. Ex. F (Claim Number 16219).

12. On October 17, 2011, the Debtors filed Debtors' Two Hundred Twenty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims) [ECF No. 20886] (the "Omnibus Objection"), requesting, *inter alia*, that the Court disallow and expunge Claim Number 16217 and Claim Number 16218.

13. On November 17, 2011, ACTS filed its Response of ACTS Retirement-Life Communities, Inc. to Debtors' Two Hundred Twenty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims) and Notices of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code [ECF No. 22252] opposing the relief requested in the Omnibus Objection.

14. On December 23, 2015, LBHI, in its capacity as Plan Administrator on behalf of LBSF, filed an Adversary Complaint against ACTS (i) asserting breach of contract with respect to the Swap Agreement, and (ii) seeking declaratory judgment disallowing and expunging Claim Number 16217 and Claim Number 16218.

15. On December 7, 2016, LBHI, in its capacity as Plan Administrator on behalf of LBSF, filed Plan Administrator's Objection to Proof of Claim Number 16219 [ECF No. 54106] (the "Objection") requesting that the Court disallow and expunge Claim Number 16219.

**RESPONSE TO OBJECTION**

16. Proofs of claim are "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim is *prima*

- 4 -

*facie* evidence of the validity and amount of a claim. Fed. R. Bankr. P. 3001(f). A party objecting to a proof of claim "bears the initial burden of persuasion." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (citations omitted). If the objector produces "evidence equal in force to the prima facie case … which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency," the burden shifts to the claimant to prove by a preponderance of the evidence "that under applicable law the claim should be allowed." *Id.* (citations omitted).

17. LBHI submits that Claim Number 16219 should be disallowed pursuant to § 502(b)(1) of the Bankruptcy Code, which provides, in relevant part, that a court may disallow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). LBHI states that the Objection is based on its review of Claim Number 16219 "and relevant documents thereto." Objection ¶ 7. However, the Objection amounts to nothing more than bald assertions (i) regarding the status of the securities in the reserve fund established under the Reserve Fund Agreement, and (ii) that any liability established by ACTS under Claim Number 16219 "would be set off by the amount owed to LBSF by Acts in connection with" the Swap Agreement. Objection ¶¶ 10, 11, 12, 13. These bald assertions do not constitute "evidence equal in force to the prima facie case." *Oneida*, 400 B.R. at 389.

18. Claim Number 16219 is based on ACTS's good faith calculation of its losses under the Reserve Fund Agreement as of July 9, 2009. ACTS duly and timely filed Claim Number 16219 in accordance with this Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving Proof of Claim Form

[ECF No. 4271]. Accordingly, under the Federal Rules of Bankruptcy Procedure and applicable law, Claim Number 16219 is *not* "unenforceable against the debtor and property of the debtor"; rather, it is *prima facie* evidence of the amount and validity of ACTS's claim against LBSF in connection with the Reserve Fund Agreement. 11 U.S.C. § 502(b)(1).

19. Moreover, it would be premature to disallow and/or expunge a claim based upon an assertion that any amounts owed by LBSF on the claim would be set off by claims allegedly owed to LBSF under another agreement – an assertion that currently is in dispute in litigation that has been underway for more than a year but has not yet been heard by this Court.

## CONCLUSION

20. For the reasons stated, the Court should deny the Plan Administrator's request to disallow and expunge Claim Number 16219.

Dated: January 11, 2017
New York, New York

**DRINKER BIDDLE & REATH LLP**

*/s/ Richard J.L. Lomuscio*
James H. Millar
Richard J.L. Lomuscio
1177 Avenue of the Americas
41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141

*Attorneys for ACTS Retirement-Life Communities, Inc.*