HEARING DATE AND TIME:                                                                TBD
RESPONSE DEADLINE:  January 13, 2017 at 4:00 p.m. (Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Franklin H. Top, III (admitted *pro hac vice*)
Scott Lewis (admitted *pro hac vice*)

*Attorneys for U.S. Bank National Association, as Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS INC., *et al*.,<br><br>                                                    Debtor. | Case No. 08-13555 (SCC) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO THE 4001(A)(1) MOTION FOR RELIEF FROM STAY AND TO PRESERVE THE STATUS QUO (NUNC PRO TUNC) FILED BY DANIELLE GORDON**

NOW COMES U.S. Bank National Association, not individually but as trustee (*"U.S. Bank"*), by and through its counsel, Chapman and Cutler LLP, to respond (the *"Response"*) to the 4001(a)(1) Motion for Relief From Stay and To Preserve the Status Quo (Nunc Pro Tunc) [ECF No. 54420] filed by Danielle Gordon (the "*Lift Stay Motion*").  In support of its Response, U.S. Bank, as trustee, states as follows:

Danielle Gordon alleges that she is a borrower and a defendant in a foreclosure action relating to a mortgage on a residence located in Shaker Heights, Ohio 44122.  The mortgage

4127606.01.02.docx

allegedly is one of the mortgages that were contributed into one of the RMBS trusts that is the subject of the Protocol Order [ECF No. 47569]. The fact that the mortgage and loan happened to be contributed into an RMBS trust appears to be the sole nexus between these bankruptcy cases and Ms. Gordon. The foreclosure action was apparently brought by the servicer in Ohio, and Ms. Gordon alleges that she has been served with a writ requiring her to vacate the premises on or before January 24, 2017.

While it is not clear from the Lift Stay Motion why the Lift Stay Motion is appropriate or how a motion to lift the automatic stay entitles Ms. Gordon to the relief she is seeking from this Court (a stay or abeyance of an execution of a writ obtained by the servicer of the mortgage loan in Ohio), it is clear that her allegations are based upon a note and mortgage that were executed in Ohio and are the subject of legal proceedings pending (or concluded) in the State of Ohio brought by a third party servicer. The defenses and allegations raised by Ms. Gordon are all based on Ohio law, and have nothing to do with the administration of these bankruptcy proceedings, and must be asserted, if at all, in Ohio. As a result, Mrs. Gordon's Lift Stay Motion (and her requests in the pleadings found at the following ECF references [ECF Nos. 53755, 53852, 53863, 53939, 53973]) should be denied.

## CONCLUSION

For the reasons stated above, the Lift Stay Motion should be denied in its entirety.

DATED:    January 13, 2017

                                        Respectfully submitted,

                                        U.S. BANK NATIONAL ASSOCIATION, not
                                            individually but as Trustee


                                        By:  /s/ Franklin H. Top III
                                                Franklin H. Top III