**K&L GATES**

January 17, 2017

Lani A. Adler
lani.adler@klgates.com

T 212-536-3923
F 212-536-3901

**BY ECF and E-Mail**

Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408
E-Mail: SCCChambers@nysb.uscourts.com

> In re Lehman Brothers Holdings Inc., et al.
> Chapter 11, Case No. 08-13555 (SCC)
> Lehman Brother Holdings, Inc. v. 1st Advantage Mortgage, LLC. et al,
> Adv. Proceeding No. 16-01019 (SCC) (Master Docket)
> Lehman Brothers Holdings Inc. v. Suburban Mortgage, Inc.,
> Adversary Proceeding No. 16-01295 (SCC)

Dear Judge Chapman:

We represent Suburban Mortgage, Inc. ("SMI"), the named defendant in the above-captioned adversary proceeding, in which Lehman Brothers Holdings Inc. ("LBHI") served a "Second Amended Adversary Complaint" ("SAC") on December 22, 2016, asserting its entitlement to contractual indemnification for each of twelve allegedly defective mortgage loans sold by SMI to non-debtor Lehman Brothers Bank, FSB ("LBB").

Among other things, litigation of this matter requires adjudication of the state law issues concerning whether SMI breached any representations with respect to each of the twelve loans at issue at the time they were sold in 2006-2007. All of these loans were for properties located in Arizona. None of the relevant documents, borrowers, individuals involved in preparing the loans and obtaining the loan information, and other third-party witnesses, such as appraisers familiar with the particular properties and market(s), are located in New York or subject to compulsory process here.

SMI does not consent to a trial of this matter in this Court, and on January 6, 2017, filed a demand for a trial by jury. (Doc. 54446 on No. 08-13555-SCC).

I write, subject to SMI's reservation of all rights, pursuant to Paragraph 15 of the Case Management Order ("CMO"), entered by the Court on November 1, 2016, to request a pre-motion conference because SMI intends to make a motion to transfer venue under 28 U.S.C. §§ 1404 and/or 1412, made applicable to this matter by Bankruptcy Rules 7012 and 7087, in the event that (i) either the Court denies the consolidated motion to dismiss for improper venue

pursuant to Fed.R.Civ. Pro 12(b)(3); or (ii) the Court alternatively orders SMI to make the motion while the consolidated motion is pending or at some other time.

SMI is an Arizona corporation, with its principal place of business in Phoenix, Arizona. It has offices only in Arizona. LBB had its home office in Delaware until 2012, at which time its home office moved to Colorado. On information and belief, the individuals employed by, or on behalf of, LBHI with the most knowledge of the documents and specific information possessed by LBHI involved in adjudicating this matter are located in Colorado, as are the documents themselves.

Under 28 U.S.C. § 1404(a), the Court may transfer this action, "[f]or the convenience of parties and witnesses, in the interest of justice…to any other district or division where it could have been brought." Here, the district of Arizona, where SMI is located, is one in which this action could have been brought since jurisdiction over SMI could have been obtained there at the time this proceeding was initiated. *See Sentegra, LLC v. ASUS Computer Internat'l*, No. 1:15-cv-3768-GHW, 2016 WL 3093988, at *2 (S.D.N.Y. June 1, 2016). Further, consideration of the following factors the Court evaluates on a § 1404(a) motion supports granting SMI's proposed motion to transfer venue:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Id. See N.Y. Marine & Gen. Ins Co. v. Lafarge N.Am.*, 599 F.3d 102, 112 (2d Cir. 2010); *Ribail v. Bank of America, N.A.*, 16-cv-04678, 2016 WL 64962581 at *2 (S.D.N.Y. Nov. 1, 2016).

Alternatively, as this Court has noted, 28 U.S.C. § 1412 "is written in the disjunctive, meaning that each of [its] two prongs - 'in the interest of justice' or 'for the convenience of the parties' -- constitutes an independent ground for transferring venue." *In re Patriot Coal Corp.*, 482 B.R. 718, 738-739 (Bankr. S.D.N.Y. 2012).

Here, that the critical non-party witnesses, such as the borrowers, appraisers, and former SMI employees involved with the loans, are not subject to compulsory process in this district; that the locus of operative facts occurred in Arizona; the disparity in the relative means of the parties; that the state law issues are involved which do not require bankruptcy expertise; and that the operative facts here have few "meaningful connections" to plaintiff's chosen forum (and that LBHI itself was not a party to the alleged agreement at issue with SMI), all warrant -- at the very least -- the Court granting SMI permission to make the motion

Respectfully submitted,

*Lani Adler*

Lani A. Adler

cc:    (All counsel)

2

January 17, 2017