HEARING DATE AND TIME: February 23, 2017 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 9, 2017 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                        :        Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**  :        08-13555 (SCC)
                                             :
                    Debtors.                 :        (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S OBJECTION
TO THE PORTION OF CLAIM NUMBER 15846 HELD BY
STONEHILL INSTITUTIONAL PARTNERS, LP**

**PLEASE TAKE NOTICE** that on January 23, 2017, Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to claim number 15846 (the "Claim Objection"), and that a hearing (the "Hearing") to consider the Claim Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 23, 2017 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Claim Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedures and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court

1

(a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 9, 2017 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Claim Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Claim Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 23, 2017
    New York, New York

    /s/ Garrett A. Fail
    Garrett A. Fail

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

HEARING DATE AND TIME: February 23, 2017 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 9, 2017 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :     Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :     08-13555 (SCC)
                                               :
                         Debtors.              :     (Jointly Administered)
------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S OBJECTION TO THE PORTION OF CLAIM**
**NUMBER 15846 HELD BY STONEHILL INSTITUTIONAL PARTNERS LP**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking to reduce and allow the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

3

portion of claim number 15846 (the "<u>Claim</u>") held by Stonehill Institutional Partners LP ("<u>Stonehill</u>").

## **Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. By order dated July 2, 2009 (the "<u>Bar Date Order</u>"), the Court established (a) September 22, 2009 as the Bar Date and (b) October 22, 2009 at 5:00 p.m. as the deadline for the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases. [ECF No. 4271 at 2, 7-8]. The Bar Date Order requires, among other things, that "each Proof of Claim must . . . include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.) The supporting documentation requirement was specifically set forth on the face of the Court-approved proof of claim form. (*Id.* at Exhibit B.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id.* at 9-10).

4

5. The Bar Date Order further provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website. . . . ." (Bar Date Order at 7.) The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.) A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.

6. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire, which required the claimant to, among other things, set forth information forming the basis of the claimant's assertion of a guarantee.

7. On December 6, 2011 the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "<u>Confirmation Order</u>"). The Plan became effective on March 6, 2012 (the "<u>Effective Date</u>"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates. The Confirmation Order provides that after the Effective Date, no proof of claim relating to a prepetition claim may be amended without the authority of the Court. *See* Confirmation Order ¶ 86.

## **The Claims Should Be Reduced and Allowed in the Reduce Amount**

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.  This Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) (relying on Bankruptcy Rule 3001(c), which requires that proofs of claim include supporting information to establish their prima facie validity); accord *In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).

10. Proof of claim number 15486 was filed by CVI GVF (Lux) Master S.a.r.l. ("CVI") in the amount of not less than $3,408,039.36 and claimed unliquidated amounts for accrued and unpaid interest and certain costs, expenses, and other amounts payable under a derivatives agreement. *See* Addendum to Claim, ¶ 3. CVI subsequently transferred both a $1,704,019.68 portion and an unliquidated portion to Stonehill. *See* ECF No. 22294. Neither CVI nor Stonehill provided any information or documentation to support a prima facie claim for the alleged unliquidated amounts.

6

11. Creditors had until the Effective Date of the Plan, March 6, 2012—approximately two and a half years after the Bar Date—to amend their claims without leave from the Court. Neither CVI nor Stonehill ever amended the Claim to assert a specific valuation for the unliquidated amounts.

12. The Bar Date Order specifically requires that "each Proof of Claim *must*: . . . . include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added).) This requirement for proofs of claim is not a unique one. Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable. The Bankruptcy Rules' official proof of claim form also includes this standard requirement. The Claim was filed with partially unliquidated amounts and no supporting documentation was provided despite the requirements of the Bar Date Order. The failure to comply with the Bar Date Order is an independent reason to disallow the claim.

13. Here, no reserves are being maintained for the unliquidated portion of the Claim, where no support has been provided after more than eight years after the commencement of these cases, more than seven years after the Bar Date, and more than five years after confirmation of the Plan. Accordingly, the Plan Administrator seeks to reduce the Claim to a fixed amount equal to $1,704,019.68 and to allow the Claim at that reduced amount.

### Reservation of Rights

14. The Plan Administrator reserves all rights to object on any other bases to the Claims.

WEIL:\95995121\3\58399.0011

**Notice**

15.  No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Services; (iv) the United States Attorney for the Southern District of New York; (v) Stonehill; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

16.  No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 23, 2017
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

9

# Exhibit A

# Proposed Order

08-13555-mg    Doc 54590    Filed 01/23/17    Entered 01/23/17 21:09:17    Main Document
Pg 10 of 12

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                                                              :         Chapter 11 Case No.
                                                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :         08-13555 (SCC)
                                                                                                        :
                                    Debtors.                                     :         (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING PLAN ADMINISTRATOR'S OBJECTION TO THE PORTION OF CLAIM NUMBER 15846 HELD BY STONEHILL INSTITUTIONAL PARTNERS LP**

Upon the objection to the portion of claim number 15846 held by Stonehill Institutional Partners LP, dated January 23, 2017 (the "Claim Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to reduce and allow the Claim pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), all as more fully described in the Claim Objection; and due and proper notice of the Claim Objection having been provided as stated therein; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Claim Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claim Objection is granted; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Claims Objection.

2

ORDERED that the portion of claim 15846 held by Stonehill Institutional Partners LP is hereby modified and allowed as a prepetition non-priority general unsecured claim in the amount of $1,704,019.68 and any asserted amount in excess of this modified amount is disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2017
      New York, New York

                                                       _____
                                                       UNITED STATES BANKRUPTCY JUDGE