LAW OFFICES
# INCORVAIA & ASSOCIATES
A PROFESSIONAL CORPORATION
445 MARINE VIEW AVENUE, SUITE 295
DEL MAR, CALIFORNIA 92014

JOEL L. INCORVAIA  (858) 259-2220
EHRICH LENZ  FAX (858) 259-3131
E-MAIL JOEL@INCORLAW.COM

January 24, 2017

Hon. Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York (Manhattan)
One Bowling Green
New York, New York 10004-1408
Email: SCCChambers@nysb.uscourts.com

**Re:  Letter Request Pursuant to Case Management Order**
<u>In re Lehman Brothers Holdings, Inc.</u>, Chapter 11 Case No. 08-13555 (SCC)
<u>Lehman Brothers Holdings, Inc., v. Guild Mortgage Company</u>
Adversary Proceeding No. 17-01001 (SCC)

Dear Judge Chapman:

This law firm represents Guild Mortgage Company ("Guild"). Guild was served with a Summons and Second Amended Adversary Complaint by Lehman Brothers Holdings, Inc. ("LBHI") on January 5, 2017, in the above-referenced adversary proceeding (the "Lawsuit"). Accompanying the Complaint was the Court's November 1, 2016 Case Management Order ("CMO"). Guild submits this letter pursuant to paragraph 15 of the CMO, to address issues that are unique to Guild which we believe justify an Individual Motion to change venue to the Southern District of California pursuant to 28 U.S.C. §1404 and/or §1412.

    1.   <u>Reasons Why the Letter Request is Submitted After the January 17, 2016 Deadline.</u>

Initially, we note that the CMO does not appear to apply to Guild. The CMO defines the term "Defendants" as only those defendants who were existing defendants in the Actions. Further, the CMO does not address how the CMO is to be applied by defendants who are subsequently sued by LBHI, particularly after certain filing deadlines have passed. Since Guild was not an existing defendant in the Actions at the time the CMO was entered, Guild is arguably not bound by it. Nevertheless, Guild has informally agreed with Plaintiff's counsel to be bound by the CMO provided that Guild will be permitted to file the Letter Request after the January 17, 2017 deadline. Further, while Guild's counsel timely submitted their pro hac vice applications, the applications were not granted until January 19, 2017. Accordingly, Guild's compliance with the January 17, 2017 deadline provided in the CMO was not feasible.

    2.   <u>Unique Issues Justifying Individual Motion to Dismiss/Transfer.</u>

The Lawsuit seeks damages against Guild for the breach of representations and warranties contained in a Broker Agreement between Guild and Lehman Brothers Bank, FSB ("LBB") with regard to two loans that Guild brokered to LBB. In addition, the Lawsuit seeks damages against Guild for three loans (the "Liberty Loans") that were sold to LBB by Liberty Financial Group, Inc. ("Liberty") based upon the <u>successor liability theory of *de facto merger*.</u> The Lawsuit will require adjudication of state law issues regarding whether Guild and/or Liberty breached any of their representations and warranties under the relevant agreements at issue, and whether Guild may be held liable under <u>Washington law</u> under the de facto merger theory of successor liability for any of Liberty's alleged breaches.

Hon. Shelley C. Chapman
January 24, 2017
Page 2

Liberty was a mortgage company with its principal place of business located in the State of Washington. Liberty dissolved on November 16, 2009. Guild purchased the assets of Liberty on April 30, 2008, pursuant to a written asset purchase agreement ("APA"). Under the APA, Guild did not assume any of the liabilities of Liberty related to loans that were originated by Liberty before the close of the APA, as were all of the Liberty Loans in this case. Guild's potential liability as a successor of Liberty will be governed by the law of the State of Washington. Guild has previously informed LBHI that there is no basis for holding it liable as the successor of Liberty because of the lack of continuity of ownership, and the fact that Guild paid adequate cash (not stock) consideration for the assets it purchased, among other things.[1]

In this case, the loans originated by Liberty that are the subject of LBHI's adversary claim are loans to three borrowers: Root, Ramirez and Bement. The Root loan concerned a borrower who resided in Anchorage, Alaska, and real property located in Fairbanks, Alaska. LBHI alleges that the borrower in the Root loan misrepresented his debts. The Ramirez loan concerned a borrower residing in Las Vegas, Nevada and real property located in Las Vegas, Nevada. LBHI claims that the borrower in the Ramirez loan misrepresented his debts, income, and employment. The Bement Loan concerned a borrower located in Issaquah, Washington and real property located in Scottsdale, Arizona. LBHI contends that the Bement loan contains misrepresentations of debts, income, employment and occupancy.

LBHI's adversary complaint is also based in part on two loans brokered directly by Guild to LBB. One loan involves a borrower located in San Diego, California (Jones) and real property located in Cave Creek, Arizona. LBHI claims that the borrower in the Jones loan misrepresented his income and employment. The other loan concerns a borrower, located in Arizona (Sanchez), and property located in Florence, Arizona. LBHI claims that the borrower in the Sanchez loan misrepresented his income and employment. Guild is a California corporation with its principal place of business located in San Diego, California. Accordingly, all of the potential witnesses are located primarily in the western states of California, Arizona, Washington, and Nevada.

In this case, all of the relevant witnesses (loan officers, loan processors, borrowers and employers) are most likely located in the western states. Further, it is unlikely that these witnesses will voluntarily travel to the state of New York, and the current venue is beyond the scope of subpoena power to compel these witnesses to attend and testify in the current venue. (FRCP 45) The Lawsuit could have been brought in the Southern District of California, where Guild is located. Therefore, a transfer of this action to the Southern District of California under 28 U.S.C. §1404(a) and/or §1412, for the convenience of the parties, witnesses and in the interests of justice is appropriate. Guild respectfully requests that a pre-hearing conference be set under the CMO for it to bring a motion to transfer venue under 28 U.S.C. §1404 and/or 1412.

Sincerely,

Joel L. Incorvaia
INCORVAIA & ASSOCIATES

---

[1] It is noteworthy that LBHI filed a lawsuit against Guild in the U.S. District Court, Southern District of California on June 10, 2009, Case No. 09CV1260, asserting almost identical successor liability claims with respect to another loan previously sold by Liberty to LBHI. After being provided with a copy of the APA by counsel, LBHI agreed to voluntarily dismiss its complaint without prejudice because it recognized successor liability did not exist. Nothing has changed over the last 8 years to change that conclusion with respect to the Liberty Loans.