B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.,</u> Debtors.    Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Goldman, Sachs & Co.</u>    <u>Permal York Ltd.</u>
Name of Transferee    Name of Transferor

Name and Address where notices to transferee should be sent:

Goldman, Sachs & Co.
30 Hudson Street, 4th
Floor Jersey City, NJ 07302
Contact: Thierry C. Le Jouan
Phone: 212-934-3921
Email: gsd.link@gs.com

Court Claim # (if known): <u>See Schedule 1</u>
Amount of Claim Transferred: <u>As set forth on Schedule 1 to the attached Agreement and Evidence of Transfer of Claim</u>
Date Claim Filed:
<u>October 29, 2009 with respect to Claim 55529</u>
<u>November 2, 2009 with respect to Claim 62748</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: <u>January 24, 2017</u>
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

   1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **Permal York Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **GOLDMAN SACHS & CO.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers specified in Schedule 1 filed by or on behalf of Seller or Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

   2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g)(i) Seller has delivered to Buyer a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim number 62748.05 ("Notice") and no action was undertaken by Seller with respect to the Notice, and (ii) no Notice of Proposed Allowed Claim Amount for the Proof of Claim number 55529.02 was issued by the Debtors and such Transferred Claims are Class 5 claims against the Debtor in the Proceedings; (h) on April 17, 2012, Seller or its predecessor in interest received the first distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "First Distribution"), on October 1, 2012, Seller or its predecessor in interest received the second distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Second Distribution"), on April 4, 2013, Seller or its predecessor in interest received the third distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Third Distribution"), on October 3, 2013, Seller or its predecessor in interest received the fourth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Fourth Distribution"), on April 3, 2014, Seller or its predecessor in interest received the fifth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively,

779553v.6 153/05435

the "Fifth Distribution"), on October 2, 2014, Seller or its predecessor in interest received the sixth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Sixth Distribution"), on April 2, 2015, Seller or its predecessor in interest received the seventh distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Seventh Distribution", on October 1, 2015, Seller or its predecessor in interest received the eighth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Eighth Distribution"), on March 31, 2016, Seller or its predecessor in interest received the ninth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Ninth Distribution"), on June 16, 2016, Seller or its predecessor in interest received the tenth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Tenth Distribution"), on October 06, 2016, Seller or its predecessor in interest received the eleventh distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Eleventh Distribution"), and together with the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution, Fifth Distribution, Sixth Distribution, Seventh Distribution, Eighth Distribution, Ninth Distribution, Tenth Distribution and Eleventh Distribution, the "LBHI Distributions"); (i) on May 8, 2013, October 24, 2013, April 28, 2014, October 14, 2014, April 27, 2015, October 29, 2015, April 28, 2016 and July 14, 2016, Seller or its predecessor in interest received the distributions relating to the Purchased Securities in the amounts indicated on Schedule 1 attached hereto (collectively, the "BV Distribution," and together with the LBHI Distributions, the "Distributions"); and (j) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. Seller and Purchaser acknowledge that the distributions relating to the Purchased Securities made on or about November 29, 2016 was received by Purchaser. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 24 day of January 2017.

| Permal York Ltd. | GOLDMAN SACHS & CO. |
|---|---|
| By: _(signature)_<br>Name: John J. Fosina for/on behalf of York Managed Holdings, LLC<br>Title: CFO | By: _____<br>Name:<br>Title: |
| 767 Fifth Avenue, 17TH Floor<br>New York, NY 10153 | 200 West Street<br>New York, NY 10282-2198<br>Fax:   (646) 769-7700<br>Attn:  Melissa Brown<br>E-mail: melissa.v.brown@gs.com<br>With copies to:<br>E-mail: ficc-ny-closers@gs.com<br>         gsd.link@gs.com<br>         gs-sbd-admin-contacts@ny.email.gs.com |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 24 day of January 2017.

**Permal York Ltd.**

By:_____
Name: John J. Fosina for/on behalf of York Managed Holdings, LLC
Title: CFO

767 Fifth Avenue, 17TH Floor
New York, NY 10153

**GOLDMAN SACHS & CO.**

By:_____
Name: Adam Savarese
Title: Managing Director

200 West Street
New York, NY 10282-2198
Fax:    (646) 769-7700
Attn:   Melissa Brown
E-mail: melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
         gsd.link@gs.com
         gs-sbd-admin-contacts@ny.email.gs.com

Schedule 1

Transferred Claims

Purchased Claim

As set forth below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|
| 55529.02 | XS0283497005 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 66,000.00 | USD 96,222.44 |
| 62748.05 | XS0298899450 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 12,000 | USD 17,029.27 |
| 55529.02 | XS0306251967 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 28,000 | USD 39,734.96 |
| 55529.02 | XS0329879588 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 417,000 | USD 337,641.37 |
| 55529.02 | XS0330133967 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 417,000 | USD 337,641.37 |
| 55529.02 | XS0339479841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 8,000 | USD 8,072.50 |

LBHI Distributions

| ISIN/CUSIP | XS0283497005 | XS0298899450 | XS0306251967 | XS0329879588 | XS0330133967 | XS0339479841 |
|---|---|---|---|---|---|---|
| **Proof of Claim Number** | 55529.02 | 62748.05 | 55529.02 | 55529.02 | 55529.02 | 55529.02 |
| **Allowed Amount** | $96,222.44 | $17,029.27 | $39,734.96 | $337,641.37 | $337,641.37 | $8,072.50 |
| **First Distribution** | $3,472.89 | $614.63 | $1,434.13 | $12,186.25 | $12,186.25 | $291.36 |
| **Second Distribution** | $2,343.57 | $414.76 | $967.78 | $8,223.52 | $8,223.52 | $196.61 |
| **Third Distribution** | $2,960.11 | $523.87 | $1,222.37 | $10,386.91 | $10,386.91 | $248.34 |
| **Fourth Distribution** | $3,509.54 | $621.11 | $1,449.26 | $12,314.85 | $12,314.85 | $294.43 |
| **Fifth Distribution** | $3,812.18 | $674.67 | $1,574.23 | $13,376.80 | $13,376.80 | $319.82 |
| **Sixth Distribution** | $2,861.03 | $506.34 | $1,181.46 | $10,039.28 | $10,039.28 | $240.02 |
| **Seventh Distribution** | $1,952.49 | $345.55 | $806.28 | $6,851.21 | $6,851.21 | $163.80 |
| **Eighth Distribution** | $1,489.20 | $263.56 | $614.96 | $5,225.54 | $5,225.54 | $124.93 |
| **Ninth Distribution** | $413.26 | $73.14 | $170.65 | $1,450.10 | $1,450.10 | $34.67 |
| **Tenth Distribution** | $615.39 | $108.91 | $254.12 | $2,159.39 | $2,159.39 | $51.63 |
| **Eleventh Distribution** | $1,081.92 | $191.48 | $446.78 | $3,796.41 | $3,796.41 | $90.77 |

Schedule 1–1

BV Distributions

| ISIN | Principal/Notional Amount | CCY | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0283497005 | 66,000.00 | EUR | 8,335.20 | 3,265.39 | 3,509.65 | 2,901.65 | 2,324.65 | 1,691.40 | 473.44 | 708.98 |
| XS0298899450 | 12,000 | EUR | 1,421.75 | 556.99 | 598.65 | 494.94 | 396.52 | 288.51 | 80.76 | 120.93 |
| XS0306251967 | 28,000 | EUR | 3,388.09 | 1,327.32 | 1,426.60 | 1,179.46 | 944.92 | 687.52 | 192.44 | 288.19 |
| XS0329879588 | 417,000 | AUD | 34,629.45 | 15,137.60 | 16,912.28 | 13,811.02 | 10,551.09 | 8,707.21 | 2,247.81 | 3,426.31 |
| XS0330133967 | 417,000 | AUD | 34,629.45 | 15,137.60 | 16,912.28 | 13,811.02 | 10,551.09 | 8,707.21 | 2,247.81 | 3,426.31 |
| XS0339479841 | 8,000 | USD | 1,014.99 | 413.06 | 447.23 | 342.53 | 230.63 | 177.38 | 49.56 | 72.50 |