# EXHIBIT A

## Lori Murray

| | |
|---|---|
| **From:** | Koosed, Brian D. <Brian.Koosed@klgates.com> |
| **Sent:** | Wednesday, April 20, 2016 3:49 AM |
| **To:** | Ralph Mabey |
| **Cc:** | Bicks, John A.; Shin, Henry; Chadha, Priya |
| **Subject:** | RE: Lehman/Shinhan ADR #902 -- EXTENSION OF RETURN DEADLINE |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Judge Mabey,

We appreciate your consideration in allowing Shinhan Bank additional time to consider your settlement proposal in this matter, which we are pleased to report that Shinhan has agreed to accept. We look forward to hearing back from you once you have Lehman's response.

Thanks and best regards,

BDK

---

**From:** Ralph Mabey [mailto:rmabey@kmclaw.com]
**Sent:** Tuesday, April 12, 2016 3:09 PM
**To:** Koosed, Brian D.; 'Cox, Christopher'
**Cc:** 'Jessica.Raynor@weil.com'; Bicks, John A.; Shin, Henry; Chadha, Priya; Lori Murray; 'Brandman, Lawrence'
**Subject:** Lehman/Shinhan ADR #902 -- EXTENSION OF RETURN DEADLINE

Dear Counsel,

The deadline for responding to my settlement recommendation is extended to noon EDT, Wednesday, April 20, 2016.

I am happy to respond to any questions respecting this extension.

Cordially,

Ralph R. Mabey

**KIRTON ǀ McCONKIE**
50 E. South Temple, Suite 400 | Salt Lake City, UT 84111
Office: 801-239-3145 | Cell: 801-599-3300
rmabey@kmclaw.com

Professor of Law

S.J. QUINNEY
COLLEGE OF LAW
THE UNIVERSITY OF UTAH

ralph.mabey@law.utah.edu

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Brian.Koosed@klgates.com.

# EXHIBIT B

**Lori Murray**

| | |
|---|---|
| **From:** | Ralph Mabey |
| **Sent:** | Wednesday, April 20, 2016 1:03 PM |
| **To:** | 'Koosed, Brian D.'; 'Cox, Christopher'; 'Brandman, Lawrence'; 'Chadha, Priya'; 'Shin, Henry'; 'Bicks, John A.'; 'Jessica.Raynor@weil.com' |
| **Cc:** | Lori Murray |
| **Subject:** | Lehman/Shinhan ADR #902 -- SETTLEMENT |

Dear Parties and Counsel,

I am pleased to report that the parties have agreed to settle this dispute:  Shinhan Bank will pay Lehman $███████ in full and complete settlement.  Because Lehman has routine settlement documentation, I ask Lehman to provide the documentation to Shinhan for its review.  Please conclude this matter promptly.  Inform me of any problems or delays.

Thank you for your conscientious—and very constructive--work to bring this matter to a mutually agreeable resolution.

With best wishes,


Ralph R. Mabey

**KIRTON | McCONKIE**
50 E. South Temple, Suite 400 | Salt Lake City, UT 84111
Office:  801-239-3145 | Cell:  801-599-3300
rmabey@kmclaw.com

Professor of Law
S.J. QUINNEY
COLLEGE OF LAW
THE UNIVERSITY OF UTAH
ralph.mabey@law.utah.edu

# EXHIBIT C

**From:** Cucolo, Matthew
**Sent:** Thursday, June 30, 2016 4:43 PM
**To:** Koosed, Brian D.
**Cc:** Chadha, Priya; Bicks, John A.; Christopher Cox
**Subject:** Re: Shinhan/Lehman Release Agreement

Brian,


I do not see how the decision affects our agreement.  We had a final agreement with your client as you confirmed on Tuesday, so the wire should be made.

Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
646-285-9666

On Jun 30, 2016, at 3:32 PM, Koosed, Brian D. <Brian.Koosed@klgates.com> wrote:

Matt,

Thanks for following up.  A few hours after we exchanged emails on Tuesday morning, we received Judge Chapman's decision on the defense group's motions to dismiss.  As we and our client are still evaluating the decision and expect to continue to do so over the next few days, we will get back to you on this sometime next week.  Thanks and have a good holiday.


Best regards,


BDK

**From:** Cucolo, Matthew [mailto:matthew.cucolo@lehmanholdings.com]
**Sent:** Thursday, June 30, 2016 1:42 PM
**To:** Koosed, Brian D.
**Cc:** Chadha, Priya; Bicks, John A.
**Subject:** Re: Shinhan/Lehman Release Agreement

Brian,

We have not seen the wire come in yet today. Please let me know which bank Shinhan has used to wire the Settlement Amount. If the wire doesn't come in today I want to leave instructions with my

settlements team for tomorrow. Thanks

Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
646-285-9666

On Jun 28, 2016, at 10:39 AM, Koosed, Brian D. <Brian.Koosed@klgates.com> wrote:

> Yes, good timing Matt.  Shinhan just confirmed that they have completed their internal
> approval process and the Settlement Agreement will be signed by Thursday June 30
> (Korea time), after which they will remit the Settlement Amount.  We will keep you
> posted as we receive further updates.  Thanks.

BDK

Brian D. Koosed
K&L Gates
599 Lexington Ave.
New York, New York 10022
Tel  212.536.4891
Fax 212.536.3901
brian.koosed@klgates.com

Sent from my iPhone

On Jun 28, 2016, at 10:31 AM, Cucolo, Matthew
<matthew.cucolo@lehmanholdings.com> wrote:

> Any updates?

> Matthew Cucolo
> Senior Vice President
> Lehman Brothers Holdings Inc.
> 1271 Avenue of the Americas, 40th Floor
> 646-285-9666
> Matthew.Cucolo@LehmanHoldings.com

**From:** Koosed, Brian D. [mailto:Brian.Koosed@klgates.com]
**Sent:** Friday, June 17, 2016 1:20 PM
**To:** Cucolo, Matthew; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Matt,

Shinhan was not able to complete its internal approval process this week.  With some of the higher-ups out next week, it looks like the week of June 27 is most likely for signature/payment.  We'll keep you posted if/when we hear anything further.

Thanks and have a good weekend.


BDK

**From:** Koosed, Brian D.
**Sent:** Tuesday, June 14, 2016 10:51 AM
**To:** Cucolo, Matthew; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Hi Matt,

Shinhan is trying to get everything signed up and payment remitted by end of this week, particularly because some of the higher-ups there will be out next week.  We will seek a further update and let you know if there's any more detail on timing.  Thanks.


BDK

**From:** Cucolo, Matthew [mailto:matthew.cucolo@lehmanholdings.com]
**Sent:** Tuesday, June 14, 2016 10:48 AM
**To:** Koosed, Brian D.; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Brian,

Have you heard anything from Shinhan on their execution of the agreement?


Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 40th Floor
646-285-9666
Matthew.Cucolo@LehmanHoldings.com

**From:** Koosed, Brian D. [mailto:Brian.Koosed@klgates.com]
**Sent:** Friday, May 27, 2016 11:05 AM
**To:** Cucolo, Matthew; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Matt -- I got your voicemail and have advised Shinhan the package is on
its way and about the resolutions you mentioned.  Have a good holiday
weekend.


BDK

**From:** Cucolo, Matthew [mailto:matthew.cucolo@lehmanholdings.com]
**Sent:** Thursday, May 19, 2016 5:00 PM
**To:** Chadha, Priya; Koosed, Brian D.
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

I'll get going on this. It may take a day or two.


Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 40th Floor
646-285-9666
Matthew.Cucolo@LehmanHoldings.com


**From:** Chadha, Priya [mailto:Priya.Chadha@klgates.com]
**Sent:** Thursday, May 19, 2016 4:57 PM
**To:** Koosed, Brian D.; Cucolo, Matthew
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Hi Matt,

Shinhan got back to us and provided the documents they previously
received when settling with another Lehman affiliate, which I have
attached here.  Accordingly, they have requested that LBHI and LBSF
provide the following documents:

1. Two original signed copies of the Release Agreement;
2. One original signed copy of settlement instructions;
3. One original notarized copy of an incumbency certificate for
   each signatory to the Release Agreement;
4. One original notarized copy of the incumbency certificate of
   the signatory of the settlement instructions;
5. One original signed copy of a LBHI board resolution showing
   that the LBHI signatories of the above documents have the
   authority to sign said documents;

6.  One original signed copy of a LBSF board resolution showing that the LBSF signatories of documents #1-4 have the authority to sign said documents; and

7.  If LBHI and/or LBSF does not have a board of directors in place, any other signed document demonstrating the authority of the LBHI/LBSF signatories.

Please let us know if you have any questions, or if there's anything you'd like to discuss. We will similarly let you know if Shinhan informs us that they need additional documents.

Best,
Priya

---

**From:** Koosed, Brian D.
**Sent:** Wednesday, May 18, 2016 3:00 PM
**To:** Cucolo, Matthew; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

We are still waiting to hear back from them on that and have just pinged them again. Will let you know as soon as we hear.

BDK

---

**From:** Cucolo, Matthew [mailto:matthew.cucolo@lehmanholdings.com]
**Sent:** Wednesday, May 18, 2016 2:57 PM
**To:** Koosed, Brian D.; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Any news on Shinhan and their requirements for Lehman's authority to sign etc?





**From:** Koosed, Brian D. [mailto:Brian.Koosed@klgates.com]
**Sent:** Monday, May 16, 2016 11:27 AM
**To:** Cucolo, Matthew; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Matt,

We are following up with Shinhan on this and hope to get back to you in the next few days. ████████████████████████████████████████
████████████████████████████████████████████

BDK

**From:** Cucolo, Matthew [mailto:matthew.cucolo@lehmanholdings.com]
**Sent:** Thursday, May 12, 2016 11:55 AM
**To:** Chadha, Priya; Koosed, Brian D.
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

This is fine. When Shinhan confirms what other documents it needs on our authority, I'll circulated an execution copy with LBSF's mailing address included.

Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 40th Floor
646-285-9666
Matthew.Cucolo@LehmanHoldings.com


**From:** Chadha, Priya [mailto:Priya.Chadha@klgates.com]
**Sent:** Wednesday, May 11, 2016 11:44 AM
**To:** Cucolo, Matthew; Koosed, Brian D.
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Matt,

Please find attached Shinhan's proposed changes to the Release Agreement.  Shinhan has made two revisions.  First, they have increased the period of time Shinhan has to pay the Settlement Amount from five business days to ten business days.  Second, they revised Section 4 to require that the parties execute hard copies of the Release Agreement as opposed to electronic copies due to internal regulations.  In accordance with that change, they have revised the date of the Release Agreement so that the Agreement is dated as of the date that Shinhan executes its respective hard copies.

Please let us know if you have any questions or comments about either of these changes, and if Lehman is amenable to these changes.  Also, as we discussed this morning, once Shinhan gets back to us regarding what kinds of documents they need for proof of Lehman's authority, we will let you know.

Thanks,
Priya

**From:** Cucolo, Matthew [mailto:matthew.cucolo@lehmanholdings.com]
**Sent:** Tuesday, May 10, 2016 3:29 PM
**To:** Koosed, Brian D.; Chadha, Priya
**Cc:** Bicks, John A.
**Subject:** RE: Shinhan/Lehman Release Agreement

Has Shinhan provided comments?


Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 40th Floor
646-285-9666
Matthew.Cucolo@LehmanHoldings.com

**From:** Cucolo, Matthew
**Sent:** Thursday, April 21, 2016 11:55 AM
**To:** Koosed, Brian D. (Brian.Koosed@klgates.com)
**Cc:** 'Bicks, John A.'; 'Chadha, Priya'
**Subject:** Shinhan/Lehman Release Agreement

Release for Shinhan is attached. thanks

Matthew Cucolo
Senior Vice President
Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 40th Floor
646-285-9666
Matthew.Cucolo@LehmanHoldings.com

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Priya.Chadha@klgates.com.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Brian.Koosed@klgates.com.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in

error, please notify the sender immediately and delete all copies
from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The
contents may be privileged and confidential and are intended for the use of the intended
addressee(s) only. If you are not an intended addressee, note that any disclosure, copying,
distribution, or use of the contents of this message is prohibited. If you have received this e-
mail in error, please contact me at Priya.Chadha@klgates.com.

Confidentiality Notice: The contents of this email, all related
responses and any files and/or attachments transmitted with it are
CONFIDENTIAL and are intended solely for the use of the
individual or entity to whom they are addressed. This email may
contain legally privileged or confidential information and may not
be disclosed or forwarded to anyone else without authorization
from the originator of this email. If you have received this email in
error, please notify the sender immediately and delete all copies
from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The
contents may be privileged and confidential and are intended for the use of the intended
addressee(s) only. If you are not an intended addressee, note that any disclosure, copying,
distribution, or use of the contents of this message is prohibited. If you have received this e-
mail in error, please contact me at Brian.Koosed@klgates.com.

Confidentiality Notice: The contents of this email, all related
responses and any files and/or attachments transmitted with it are
CONFIDENTIAL and are intended solely for the use of the
individual or entity to whom they are addressed. This email may
contain legally privileged or confidential information and may not
be disclosed or forwarded to anyone else without authorization
from the originator of this email. If you have received this email in
error, please notify the sender immediately and delete all copies
from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The
contents may be privileged and confidential and are intended for the use of the intended
addressee(s) only. If you are not an intended addressee, note that any disclosure, copying,
distribution, or use of the contents of this message is prohibited. If you have received this e-
mail in error, please contact me at Priya.Chadha@klgates.com.

Confidentiality Notice: The contents of this email, all related
responses and any files and/or attachments transmitted with it are
CONFIDENTIAL and are intended solely for the use of the
individual or entity to whom they are addressed. This email may
contain legally privileged or confidential information and may not
be disclosed or forwarded to anyone else without authorization
from the originator of this email. If you have received this email in
error, please notify the sender immediately and delete all copies
from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The
contents may be privileged and confidential and are intended for the use of the intended
addressee(s) only. If you are not an intended addressee, note that any disclosure, copying,
distribution, or use of the contents of this message is prohibited. If you have received this e-
mail in error, please contact me at Brian.Koosed@klgates.com.

Confidentiality Notice: The contents of this email, all related
responses and any files and/or attachments transmitted with it are
CONFIDENTIAL and are intended solely for the use of the
individual or entity to whom they are addressed. This email may
contain legally privileged or confidential information and may not

be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Brian.Koosed@klgates.com.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Brian.Koosed@klgates.com.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Brian.Koosed@klgates.com.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

# EXHIBIT D

RELEASE AGREEMENT

This Release Agreement (the "Release Agreement") is made and entered into by and among Shinhan Bank ("Counterparty"), Lehman Brothers Special Financing Inc.("Lehman"), acting through its Plan Administrator, Lehman Brothers Holdings Inc. (solely in its capacity as such, the "Plan Administrator") and Lehman Brothers Holdings Inc. (solely in its capacity as credit support provider of Lehman, "Holdings") (each of the foregoing a "Party" and collectively the "Parties"). For the avoidance of doubt, whenever Lehman is required hereunder to take any actions or assume any obligations, the Plan Administrator shall cause Lehman to take such actions or assume such obligations.

RECITALS:

WHEREAS, Lakeview CDO SPC for the account of the Series 2007-1 Segregated Portfolio (the "Issuer"), Lakeview CDO LLC (the "Co-Issuer"), and U.S. Bank National Association (the "Trustee") entered into that certain indenture dated June 20, 2007 (the "Indenture").

WHEREAS, under the Indenture, the Issuer issued certain notes, among them the $20,000,000 Class B Notes due 2014 (the "Notes").

WHEREAS, Lehman and the Issuer entered into one or more transactions (each a "Transaction" and, together, the "Transactions") that were governed by a 1992 ISDA Master Agreement, dated as of June 20, 2007, which included certain schedules, documents, confirmations and a guaranty of the obligations of Lehman by Holdings (collectively, the "Agreement Documents").

WHEREAS, commencing on September 15, 2008 and thereafter, Holdings and certain of its affiliates, including Lehman (collectively, the "Chapter 11 Entities"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (collectively, the "Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS, the Trustee, terminated the Transactions between the Issuer and Lehman on September 18, 2008.

WHEREAS, at the time of termination of the Transactions and the proceeding liquidation of the Issuer's assets to its noteholders (the "Liquidation Proceeds"), Counterparty owned $10,000,000 in original principal amount of the Notes (the "Counterparty Notes").

WHEREAS, Counterparty received Liquidation Proceeds on the Notes amounting to $10,094,583 (the "Counterparty Proceeds").

WHEREAS, Lehman filed Adversary Proceeding No.: 10-03547 on September 14, 2010 in the Bankruptcy Court (the "Adversary Proceeding") challenging, among other things, the method in which the Issuer and Trustee distributed the Liquidation Proceeds and

1

specifically naming Counterparty, among others, as the wrongful recipient of a portion of the Liquidation Proceeds.

WHEREAS, on December 6, 2011, the Bankruptcy Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. And Its Affiliated Debtors (the "Plan"), and the Plan became effective on March 6, 2012.

WHEREAS, pursuant to Sections 13.1 and 6.1 of the Plan, Holdings was appointed as Plan Administrator for each of the Chapter 11 Entities, and is authorized on behalf of each of the Chapter 11 Entities to prosecute, elect not to pursue, compromise, settle, abandon, dismiss or otherwise dispose of all causes of action, controversies, liabilities, obligations, rights, suits, damages, judgments, claims, and demands whatsoever belonging to or assertable by each of the Chapter 11 Entities free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

WHEREAS, as of the date hereof, the Parties have agreed to a settlement amount in favor of Lehman in the amount of $ (the "Settlement Amount") in respect of the claims made by Lehman against Counterparty solely with respect to the Notes and Counterparty Proceeds in the Adversary Proceeding.

NOW, THEREFORE, in consideration of the recitals set forth above and promises made herein, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

Section 1.    Payment and Release. Counterparty shall pay the Settlement Amount, without deduction, set-off or counterclaim, to Lehman within ten (10) Korean business days of the date hereof. In consideration of each other Party's execution of this Release Agreement and payment of the Settlement Amount without deduction, set-off or counterclaim to Lehman, each Party on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges and acquits each other Party, and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, owners, beneficiaries, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have, or now has or claims to have presently or at any future date, against any Released Party arising under or related to the Adversary Proceeding solely with respect to the Notes, the Counterparty Proceeds, the Agreement Documents, or the Transactions thereunder, their negotiation, execution, performance, any breaches thereof, or their termination. For the avoidance of doubt, the

2

foregoing releases shall not apply to any Liquidation Proceeds other than the Counterparty Proceeds received by the Counterparty directly from the Notes.

Section 2.    Representations. Each Party represents and warrants to each other Party that (i) the execution, delivery, and performance by such Party of this Release Agreement are within the powers of such Party and have been duly authorized by all necessary action on the part of such Party, (ii) this Release Agreement has been duly executed and delivered by such Party and constitutes a valid and binding obligation of such Party, enforceable against such Party in accordance with the terms hereof, (iii) it is not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Release Agreement, (iv) it has had the opportunity to be represented and advised by legal counsel in connection with this Release Agreement, which it enters voluntarily and of its own choice and not under coercion or duress, (v) it has made its own investigation of the facts and is relying upon its own knowledge and the advice of its counsel and service providers, (vi) it had and has no expectation that any of the other Parties will disclose facts material to the Agreement Documents or matters resolved by this Release Agreement and (vii) it knowingly waives any and all claims, other than those related to or arising from representations made by the Parties in this Release Agreement, that this Release Agreement was induced by any misrepresentation or non-disclosure and knowingly waives any and all rights to rescind or avoid this Release Agreement based upon presently existing facts, known or unknown (other than to the extent any representation made in this Release Agreement proves to be false). Counterparty represents that (i) the Counterparty Proceeds represent the total amount received from the Issuer and Trustee from Liquidation Proceeds, and (ii) it has not received payments with respect to any other class of notes issued by any named Defendant in the Adversary Proceeding. Additionally, Lehman and Holdings represent and warrant to Counterparty that this Release Agreement is being entered into in accordance with and pursuant to the authority granted to Lehman and the Plan Administrator by the Plan. The Parties agree and stipulate that each Party is relying upon the representations and warranties in this Section in entering into the Release Agreement. Furthermore, the Parties agree that these representations and warranties are a material inducement for entering into this Release Agreement. These representations and warranties shall survive the execution of this Release Agreement indefinitely without regard to statutes of limitations.

Section 3.    Dismissal of Claims. Within seven (7) business days after Lehman's receipt of the Settlement Amount, Lehman shall promptly dismiss any and all claims, if any, against the Counterparty arising under, related to, or in connection with the Counterparty Proceeds, the Notes, the Agreement Documents, or the Transactions thereunder, their negotiation, execution, performance, any breaches thereof, or their termination, including, if applicable, any claims made in the Adversary Proceeding.

Section 4.    Execution in Counterparts. This Release Agreement may be executed in any number of counterparts and by different Parties in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument. Lehman shall sign two hard copies of this Release Agreement and deliver the copies to Counterparty at the address below via certified or express

3

mail service, and, upon receipt of the copies, Counterparty shall sign each of the copies and return one of the copies to Lehman at the address below via certified or express mail service:

Address of Counterparty:

Shinhan Bank
Financial Engineering Center
Attn: Joo Han Park
20, Sejong-daero 9-gil, Jung-gu
Seoul 04513, Republic of Korea

Address of Lehman:

Lehman Brothers Special Financing Inc.
Attention: Derivatives Legal
1271 Avenue of the Americas
New York, NY 10020

The date of execution of this Release Agreement shall be the date that Counterparty signs this Release Agreement as provided above, and this Release Agreement shall become effective and valid upon such execution.

Section 5.     Effectiveness.     This Release Agreement shall become effective upon execution hereof by each of the Parties and the payment, without deduction, set-off or counterclaim, of the Settlement Amount to Lehman.

Section 6.     Governing Law. This Release Agreement will be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of New York (including Section 5-1401 of the New York General Obligations Law), without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.     The Bankruptcy Court shall have exclusive jurisdiction over any action or proceeding with respect to this Release Agreement and each Party agrees to submit to such jurisdiction and to waive any defense based on the location or jurisdiction of such court.

Section 7.     Special Provision for Unknown Claims. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the Release in Section 1. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

4

Section 8.    Confidentiality.    Neither Lehman nor Counterparty shall disclose this Release Agreement or its terms, including the Settlement Amount ("Confidential Information"), to any person other than to its respective directors, officers, employees, counsel and other advisors (hereinafter, each a "Related Party" and, collectively, the "Related Parties"), in each case who need to know such information solely for the purpose of effecting this Release Agreement (it being understood that Lehman and Counterparty shall ensure that such Related Parties will be informed in advance of the confidential nature of the Confidential Information and will be directed to maintain the confidentiality of such Confidential Information and that Lehman and Counterparty shall be responsible if any such Related Party fails to comply with any such confidentiality obligations), except as may be required by law, including but not limited to as may be required by United States federal securities and bankruptcy laws. Counterparty agrees that, when it enters into a confidentiality agreement with respect to Confidential Information, it shall promptly provide Lehman with a copy of said agreement. Similarly, Lehman agrees that, when it enters into a confidentiality agreement with respect to Confidential Information, it shall promptly provide Counterparty with a copy of said agreement.

If Lehman, Counterparty, or any Related Party becomes legally obligated (whether by court or regulatory order or otherwise), other than due to compliance with United States federal securities or bankruptcy laws, to disclose any of the Confidential Information, Lehman, Counterparty, or such Related Party, as the case may be, will promptly provide the other Parties, if permitted by law, with notice of such proposed disclosure so that such other Parties may seek a protective order or other appropriate remedy. If such a protective order or other protective remedy is not obtained, Lehman, Counterparty, or such Related Party, as the case may be, will disclose only that portion of the Confidential Information which is legally required, in the opinion of each's own counsel, and Lehman, Counterparty, or such Related Party, as the case may be, will exercise reasonable efforts to obtain reliable assurances that confidential treatment will be accorded the Confidential Information.

Section 9.    Successors and Assigns.    The provisions of this Release Agreement will be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

Section 10.    Amendment.    This Release Agreement may only be amended, modified, superseded or canceled and any of the terms, covenants, representations, warranties or conditions hereof may be waived only by an instrument in writing signed by each of the Parties.

Section 11.    Entire Agreement.    This Release Agreement constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

Section 12.    Capacity.    Each of the Parties acknowledges and agrees that Holdings is executing this Release Agreement on behalf of Lehman in Holdings' capacity as Plan Administrator of Lehman and shall not be subject to any liability or be responsible to take any action on its own behalf by virtue of signing this Release Agreement in such capacity.

Section 13.    Construction.    This Release Agreement has been negotiated by the Parties and their respective legal counsel, and legal or equitable principles that might require the

construction of this Release Agreement or any of its provisions against the Party responsible for drafting this Release Agreement will not apply in any construction or interpretation of this Release Agreement.

IN WITNESS WHEREOF, the undersigned have executed, or have caused to be executed, this Release Agreement on the date first written above.

SHINHAN BANK

By: _____

Name:

Title:

Date:

LEHMAN BROTHERS SPECIAL FINANCING
INC. acting through its Plan Administrator,
Lehman Brothers Holdings Inc.

By: _____

Name: Christopher O'Meara

Title: Chief Executive Officer and President

Date: May 25, 2016

LEHMAN BROTHERS HOLDINGS INC.

By: _____

Name: Christopher O'Meara

Title: Chief Executive Officer and President

Date: May 25, 2016

7

STATE OF NEW YORK        )
                                                )        SS:
COUNTY OF NEW YORK  )

On 26th day of May, 2016, before me personally appeared Christopher O'Meara, known to me
(or satisfactorily proven) to be the person whose names are subscribed to the within instrument,
and acknowledged that he executed the same for the purposes therein contained.

In witness hereof, I hereunto set my hand and official seal.

Ashita B. Sanghavi
Notary Public

**ASHITA B. SANGHAVI**
Notary Public, State of New York
No. 01SA6293066
Qualified in Queens County
Commission Expires 11/18/2017

# EXHIBIT E

# LEHMAN BROTHERS

May 25, 2016

## BY OVERNIGHT MAIL

Shinhan Bank
Financial Engineering Center
Attn: Joo Han Park
20, Sejong-daero 9-gil, Jung-gu
Seoul 04513, Republic of Korea

>    **Re:    Certification of Lehman Brothers Special Financing Inc. Settlement
>            Instructions**

Dear Sir:

I am the Chief Executive Officer of Lehman Brothers Holdings Inc. ("Holdings") and its
affiliated debtors, including Lehman Brothers Special Financing Inc. ("LBSF") (collectively,
"Lehman"). On September 15, 2008 and periodically thereafter, Holdings and certain of its
subsidiaries commenced with the United States Bankruptcy Court for the Southern District of
New York voluntary cases under chapter 11 of title 11 of the United States Code (the
"Bankruptcy Code"). LBSF commenced its voluntary chapter 11 case on October 3, 2008.

On January 14, 2009, LBSF's then current Chief Financial Officer, Treasurer, and Controller
issued the settlement instructions attached hereto (the "LBSF Settlement Instructions"). I hereby
certify that the LBSF Settlement Instructions have not changed as of the date of this letter, and
will remain valid through June 30, 2016.

Very truly yours,

Christopher O'Meara
Chief Executive Officer

STATE OF NEW YORK
COUNTY OF NEW YORK

Sworn before me on
this 25th day of may, 2016.

Ashita B. Sanghavi

**ASHITA B. SANGHAVI**
Notary Public, State of New York
No. 01SA6293066
Qualified in Queens County
Commission Expires 11/18/2017

# LEHMAN BROTHERS

ON BEHALF OF LEHMAN BROTHERS HOLDINGS INC.

January 14, 2009

### To: Counterparties to Lehman Brothers Special Financing Inc

### Re: LBSF Standard Settlement Instructions – IMMEDIATE ACTION REQUIRED

Effective immediately, please ensure the beneficiary wire information for settlement transactions with Lehman Brothers Special Financing Inc. are directed to the settlement accounts listed on the following pages. Your prompt attention and implementation is greatly appreciated.

**Please make sure to follow these specific directions when remitting funds. Failure to comply with these instructions may cause your remittance to be returned by the bank.**

> **Include your entity's name and trade identifier, if available, in the Reference field.**

> **For all FX transfers other than CAD, EUR, GBP and JPY, instruct "For further credit to: Lehman Brothers Special Financing a/c 152308786598" in the routing instructions (in addition to listing your entity's name and trade identifier in the Reference field).**

To the extent any funds are transferred to a Lehman entity in satisfaction of an amount that has been calculated by a counterparty, kindly be advised that unless otherwise specifically agreed Lehman is not able at this time to verify such calculations and must reserve its right to request further funds if its calculations later show a greater amount due, and also reserves any other rights that it may have under applicable law.

If you have any questions, please contact Yuliya Martiak at Yuliya.Martiak@lehman.com or Helen Chu at Helen.Chu@lehman.com.

By: _____

David Coles

Chief Financial Officer, Treasurer and Controller:

    Lehman Brothers Special Financing, Inc.

# LEHMAN BROTHERS

ON BEHALF OF LEHMAN BROTHERS HOLDINGS INC.

**AED (UAE Dirhams)**
Pay   National Bank of Abu Dhabi, Abu Dhabi
      Swift NBADAEAAVOS

For   US Bank, Minneapolis, MN
      Swift USBKUS44FEX
      a/c 250009440
      Attn STL FX
      For further credit to:  Lehman Brothers Special Financing a/c 152308786598
      Reference: [Include your counterparty name and applicable trade identifier]

**AUD (Australian Dollar)**
Pay   National Australia Bank Limited, Melbourne
      Swift NATAAU33033

For   US Bank, Minneapolis, MN
      Swift USBKUS44FEX
      a/c 1803005789500
      Attn STL FX
      For further credit to:  Lehman Brothers Special Financing a/c 152308786598
      Reference: [Include your counterparty name and applicable trade identifier]

**CAD (Canadian Dollar)**
Pay   Citibank N.A., London (direct via MT103)
      Swift CITIGB2L

For   Lehman Brothers Special Financing - DIP
      a/c 001-2136333
      Reference: [Include your counterparty name and applicable trade identifier]

Send  Separate cover message (MT202) via your correspondent bank to Citibank Canada, Toronto
      (CITICATT)

**CHF (Swiss Franc)**
Pay   UBS AG, Zurich
      Swift UBSWCHZH80A

For   US Bank, Minneapolis, MN
      Swift USBKUS44FEX
      a/c 02300000078890050000N
      Attn STL FX
      For further credit to:  Lehman Brothers Special Financing a/c 152308786598
      Reference: [Include your counterparty name and applicable trade identifier]

**CZK (Czeck Koruna)**
Pay   BAWAG Bank CZ AS, Prague
      Swift BAWACZPP

For   US Bank, Minneapolis, MN
      Swift USBKUS44FEX
      a/c 4049215502CZK
      Attn STL FX
      For further credit to:  Lehman Brothers Special Financing a/c 152308786598
      Reference: [Include your counterparty name and applicable trade identifier]

# LEHMAN BROTHERS

ON BEHALF OF LEHMAN BROTHERS HOLDINGS INC.

**DKK (Danish Kroner)**
Pay    Danske Bank, Copenhagen
       Swift DABADKKK

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 39963007504713
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

**EUR (Euro)**
Pay    Citibank N.A., London (without deduction via direct clearing linkage)
       Swift CITIGB2L

For    Lehman Brothers Special Financing Inc - DIP
       a/c 001-2136325
       Reference: [Include your counterparty name and applicable trade identifier]

**GBP (British Pound)**
Pay    Citibank N.A., London (without deduction via direct clearing linkage)
       Swift CITIGB2L
       Sort Code 18-50-08

For    Lehman Brothers Special Financing Inc - DIP
       a/c 001-2136368
       Reference: [Include your counterparty name and applicable trade identifier]

**HKD (Hong Kong Dollar)**
Pay    Hang Seng Bank Limited, Hong Kong
       Swift HASEHKHH

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 250012507001
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

**HUF (Hungary Forint)**
Pay    Magyar Kulkereskedelmi Bank RT, Budapest
       Swift MKKBHUHB

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 10300002-2052049000003285
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

# LEHMAN BROTHERS

ON BEHALF OF LEHMAN BROTHERS HOLDINGS INC.

**ILS (Israeli Shekel)**
Pay     Bank Hapoalim B.M., Tel Aviv
         Swift POALILIT

For     US Bank, Minneapolis, MN
         Swift USBKUS44FEX
         a/c 517375
         Attn STL FX
         For further credit to:  Lehman Brothers Special Financing a/c 152308786598
         Reference: [Include your counterparty name and applicable trade identifier]

**INR (Indian Rupees)**
Pay     Bank of Nova Scotia, Bombay
         Swift NOSCINBB

For     US Bank, Minneapolis, MN
         Swift USBKUS44FEX
         a/c 012/12/921180
         Attn STL FX
         For further credit to:  Lehman Brothers Special Financing a/c 152308786598
         Reference: [Include your counterparty name and applicable trade identifier]

**JPY (Japanese Yen)**
Pay     Citibank N.A., London (direct via MT103)
         Swift CITIGB2L

For     Lehman Brothers Special Financing Inc - DIP
         a/c 001-2136341
         Reference: [Include your counterparty name and applicable trade identifier]

Send    Separate cover message (MT202) via your correspondent bank to Citibank N.A., Tokyo
         (CITIJPJT). Favour acct number a/c 0201109418.

**KRW (Korean Won)**
Pay     Standard Chartered Bank, Seoul
         Swift SCBLKRSE

For     US Bank, Minneapolis, MN
         Swift USBKUS44FEX
         a/c 5038967254
         Attn STL FX
         For further credit to:  Lehman Brothers Special Financing a/c 152308786598
         Reference: [Include your counterparty name and applicable trade identifier]

**MXN (Mexican Peso)**
Pay     Banamex, Mexico City
         Swift CITIUS33MER

For     US Bank, Minneapolis, MN
         Swift USBKUS44FEX
         a/c 00028075053
         Attn STL FX
         For further credit to:  Lehman Brothers Special Financing a/c 152308786598
         Reference: [Include your counterparty name and applicable trade identifier]

# LEHMAN BROTHERS

ON BEHALF OF LEHMAN BROTHERS HOLDINGS INC.

**NOK (Norwegian Kroner)**
Pay    Den Norske Bank ASA, Oslo
       Swift DNBANOKK

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 7001-02-42965
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

**NZD (New Zealand Dollar)**
Pay    Bank of New Zealand, Wellington
       Swift BKNZNZ22985

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 2435190001
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

**PLN (Polish Zloty)**
Pay    Bank Pekao SA, Warsaw
       Swift PKOPPLPW

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 1458601112
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

**SAR (Saudi Riyals)**
Pay    National Commercial Bank, Jeddah
       Swift NCBKSAJE

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 55531159000108
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

**SEK (Swedish Kroner)**
Pay    Skandinaviska Enskildabanken, Stockholm
       Swift ESSESESS

For    US Bank, Minneapolis, MN
       Swift USBKUS44FEX
       a/c 52018513680
       Attn STL FX
       For further credit to:  Lehman Brothers Special Financing a/c 152308786598
       Reference: [Include your counterparty name and applicable trade identifier]

# LEHMAN BROTHERS

ON BEHALF OF LEHMAN BROTHERS HOLDINGS INC.

**SGD (Singapore Dollar)**
Pay     United Overseas Bank, Singapore
        Swift UOVBSGSG

For     US Bank, Minneapolis, MN
        Swift USBKUS44FEX
        a/c 101-399-071-4
        Attn STL FX
        For further credit to:  Lehman Brothers Special Financing a/c 152308786598
        Reference: [Include your counterparty name and applicable trade identifier]

**THB (Thailand Baht)**
Pay     Standard Chartered Bank, Bangkok
        Swift SCBLTHBX

For     US Bank, Minneapolis, MN
        Swift USBKUS44FEX
        a/c 100201482
        Attn STL FX
        For further credit to:  Lehman Brothers Special Financing a/c 152308786598
        Reference: [Include your counterparty name and applicable trade identifier]

**TRY (Turkish Lira)**
Pay     Garanti Bank, Istanbul
        Swift TGBATRIS093

For     US Bank, Minneapolis, MN
        Swift USBKUS44FEX
        a/c 930-6499679
        Attn STL FX
        For further credit to:  Lehman Brothers Special Financing a/c 152308786598
        Reference: [Include your counterparty name and applicable trade identifier]

**USD (US Dollar)**
Pay     Citibank N.A., New York
        Swift CITIUS33
        ABA 021-000-089

For     Lehman Brothers Special Financing Inc. - DIP
        a/c 3078-4731
        Reference: [Include your counterparty name and applicable trade identifier]

**ZAR (South African Rand)**
Pay     Nedbank, Johannesburg
        Swift NEDSZAJJ

For     US Bank, Minneapolis, MN
        Swift USBKUS44FEX
        a/c 1986250784
        Attn STL FX
        For further credit to:  Lehman Brothers Special Financing a/c 152308786598
        Reference: [Include your counterparty name and applicable trade identifier]

# EXHIBIT F

## SECRETARY'S CERTIFICATE

The undersigned, an Assistant Secretary of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), does hereby certify that:

1.     (i) Attached hereto as <u>Exhibit 1</u> is a true and correct copy of an excerpt of resolution duly adopted by the Board of Directors of the Corporation at a meeting held on March 17, 2016; and (ii) the provisions so excerpted have not been amended, rescinded or modified in any way and are in full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand this 27th day of May, 2016.

Lehman Brothers Holdings Inc.

By: _Bethany Cooper_
Name: Bethany Cooper
Title: Assistant Secretary

State of New York    )
                     )    ss:
County of New York   )

Sworn before me on this
27th day of May, 2016.

_Ashita B. Sanghavi_
Notary Public

**ASHITA B. SANGHAVI**
**Notary Public, State of New York**
**No. 01SA6293066**
**Qualified in Queens County**
**Commission Expires 11/18/2017**

## Exhibit 1

RESOLVED, that effective immediately, the individuals set forth on Exhibit A hereto are hereby elected as officers of this Corporation in the capacities indicated beside their respective names, to serve or hold such corporate offices at the pleasure of the Board of Directors, provided that any such officership shall immediately cease without the necessity or acceptance of a resignation or relinquishment in the event that such individual is removed from office or ceases to be employed (if so employed at the time of this election) by the Corporation (or its successor) or its subsidiaries, or by Alvarez & Marsal Holdings, LLC or any affiliates thereof wholly owned by Alvarez & Marsal Holdings, LLC and any of its employees, as the case may be, whether by death, retirement, termination of employment with or without cause or otherwise.

## Exhibit A

## LEHMAN BROTHERS HOLDINGS INC.
## OFFICERS

Christopher O'Meara          Chief Executive Officer and President

[Remainder of the list is omitted]

# EXHIBIT G

## CERTIFICATE OF INCUMBENCY AND SIGNATURE

I, Bethany Cooper, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby certify that:

1. The person listed below holds the title in the Corporation indicated opposite his name on the date hereof and that the signature appearing opposite his name is a specimen signature of such person; and

2. The person listed below is authorized and empowered to execute and deliver:

   i. The Release Agreement between Shinhan Bank, Lehman Brothers Special Financing Inc., and Lehman Brothers Holdings Inc. settling the dispute concerning the Lakeview 2007-1 Class B Notes; and

   ii. The Letter of Certification dated May 25, 2015 confirming the settlement instructions of Lehman Brothers Special Financing Inc.

| Name | Title | Signature |
|------|-------|-----------|
| Christopher O'Meara | Chief Executive Officer and President | /T Meara |

IN WITNESS WHEREOF, I have hereunto set my hand this 26th day of May, 2016.

Bethany Cooper

Name: Bethany Cooper
Title:   Assistant Secretary

State of New York        )
                         )   ss:
County of New York       )

Sworn before me on this
26th day of May, 2016.

Ashita B. Sanghavi
Notary Public

ASHITA B. SANGHAVI
Notary Public, State of New York
No. 01SA6293066
Qualified in Queens County
Commission Expires 11/18/2017

# EXHIBIT H

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS SPECIAL FINANCING INC.<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION *et al.*,<br><br>Defendants. | Adversary Proceeding<br><br>No. 10-03547 (SCC) |

## DECLARATION OF JOO HAN PARK:

I, Joo Han Park, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am Joo Han Park.  Since July 23, 2014, I have been Deputy General Manager at Shinhan Bank ("Shinhan"), a defendant in the captioned adversary proceeding.  I have personal knowledge of the facts set forth herein and am authorized to submit this Declaration on behalf of Shinhan.

2.      On or about May 30, 2016, Shinhan received a draft agreement, entitled "Release Agreement," by and between Lehman Brothers Special Financing Inc. ("LBSF") and Shinhan (the "Agreement"), which was signed by LBSF on or about May 26, 2016.

3.      As of the date of this Declaration, Shinhan has not signed the Agreement, nor has Shinhan paid LBSF the "Settlement Amount" as that term is defined in the Agreement.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C.

§ 1746) that the foregoing is true and correct.


Dated:  January 26, 2017


_____

Joo Han Park
Deputy General Manager
Financial Engineering Center
Shinhan Bank
20, Sejong-daero 9-gil, Jung-gu
Seoul 04513
Republic of Korea