# EXHIBIT A

## SETTLEMENT AGREEMENT

AGREEMENT dated as of January 31, 2017 among JPMorgan Chase Bank, N.A., in its own capacity ("JPMCB") and as successor in interest to J.P. Morgan Markets Limited (f/k/a Bear Stearns International Limited) ("JPMML"), J.P. Morgan Securities plc (f/k/a J.P. Morgan Securities Ltd.) ("JPMSL"), and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.) ("JPMSI" and collectively with JPMCB, JPMML, and JPMSL, "JPMorgan"), Lehman Brothers Holdings Inc., in its individual capacity and as Plan Administrator ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF" and together with LBHI "Lehman") and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee"), through its litigation subcommittee (the "Subcommittee") (each a "Party" and collectively the "Parties").  Reference is made to Section 1 below for the meaning of certain capitalized terms used herein without definition.

### Background

A.     Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, as amended, before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) at Case No. 08-13555 (SCC).  The Committee is the official committee of unsecured creditors appointed in the Chapter 11 Cases.

B.     On December 6, 2011, the Bankruptcy Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of LBHI and Its Affiliated Debtors (the "Plan"), Case No. 08-13555 at Dkt. 23023.  LBHI was appointed as Plan Administrator under the Plan, with the powers and authority stated in the Plan.  Pursuant to the Plan, the Subcommittee has a continuing role with respect to certain litigation conducted by LBHI as Plan Administrator, including the Tassimo Action.

C.     LBHI and the Committee commenced a claims objection in the Bankruptcy Court against JPMCB on August 31, 2011, Case No. 08-13555 at Dkt. 19604, amended on October 11, 2011, Case No. 08-13555 at Dkt. 20723 (as amended, the "Tassimo Action").  The claims to which LBHI and the Committee objected were included in Claim Nos. 66462 (against LBHI) and 4939 (against Lehman Brothers, Inc. ("LBI")).

D.     LBSF commenced an adversary proceeding in the Bankruptcy Court against various parties on September 14, 2010, Case No. 10-03547 at Dkt. 1, to which JPMCB and JPMSL (originally incorrectly named) were added as parties in the second amended complaint filed on July 23, 2012, Case No. 10-03547 at Dkt. 303-1, last amended on October 13, 2015, Case No. 10-03547 at Dkt. 1156 (as amended, the "LBSF Action").  LBSF, JPMCB and JPMSL have heretofore entered into several agreements that partially settled the claims asserted against JPMCB and JPMSL in the LBSF Action, and on June 28, 2016 the Bankruptcy Court granted a motion to dismiss certain of the claims asserted in that Action, Case No. 10-03547 at Dkt. 1360.

1

E.      LBHI commenced its 492nd Omnibus Objection in the Bankruptcy Court against JPMCB, JPMML and JPMSI regarding certain claims it asserted were insufficiently documented on January 7, 2015, Case No. 08-13555 at Dkt. 47715 (the "492nd Omnibus Objection").

F.      LBHI commenced a claims objection in the Bankruptcy Court against JPMCB regarding securities lending claims on January 7, 2015, Case No. 08-13555 at Dkt. 47719 (the "Securities Lending Objection").  The claims to which LBHI objected were included in Claim Nos. 66462 (against LBHI) and 4939 (against LBI).

G.      Lehman and other of the debtors in the Chapter 11 Cases have represented to JPMorgan that they have objected to all of the JPMorgan Entities' claims in the Chapter 11 Cases to which they will object and will not object to any other claims of any JPMorgan Entity.

H.      JPMCB and LBHI are parties to a Collateral Disposition Agreement dated March 16, 2010 (as amended and supplemented from time to time, the "CDA"), which was authorized by the Bankruptcy Court by order dated March 24, 2010, Case No. 08-13555 at Dkt. 7619, 7785. Section 6 of the CDA obligates the Parties to pay adjustments in respect of certain changes to the Subrogated Claims (as defined in the CDA) acquired by LBHI from JPMorgan pursuant to the CDA, all subject to and in accordance with the terms and conditions of the CDA (all true-up and other remaining obligations, of whatever nature, under the CDA, the "CDA Obligations").  The Parties have heretofore entered into several agreements that partially resolved their obligations under the CDA.

I.      JPMCB and the Trustee for the SIPA liquidation of LBI are parties to a Settlement Agreement dated as of April 20, 2011, which was approved by the Bankruptcy Court in the LBI SIPA proceeding in an order dated June 23, 2011, Case No. 08-01420 at Dkt. 4356.  That Settlement Agreement resolved, as between JPMCB and LBI, *inter alia*, all disputes with respect to the commercial reasonableness of the sale of securities collateral posted by LBI in favor of JPMCB and the allowed amount of JPMCB's claims against LBI for the extension of clearance-related credit.

J.      Lehman and JPMorgan have disputes regarding the Settled Matters, and desire to resolve those disputes.  The Parties have engaged in extensive discussions and negotiations in a good faith attempt to reach a consensual resolution of the Settled Matters, with the mutual intent and understanding that the only remaining disputes or claims among them after implementation of this settlement will be those arising in the Unaffected Matters.

K.      The Parties desire to provide for the resolution of all of the Settled Matters on the terms and conditions set forth below.

**THEREFORE, IT IS AGREED**, for good and valuable consideration, the receipt and sufficiency of which are acknowledged:

### Terms and Conditions

1.      Defined Terms.  In this Settlement Agreement, the following terms shall have the following respective meanings.

"Actions" means all claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"Approval Order" means an order of the Bankruptcy Court in the form of Exhibit A hereto (with only such changes to which each of the Parties may agree in its sole discretion).

"Consummation Date" means the date on which the wire transfer contemplated by Section 2 shall have been made.

"Effective Date" means the date on which the Approval Order shall have become final and no longer subject to appeal or petition for certiorari (and is not being appealed or petitioned for certiorari)

"Execution Date" means the date on which this Settlement Agreement shall have been executed and delivered by all of the Parties.

"JPMorgan Entity" means JPMorgan Chase & Co. and any of its subsidiaries.

"JPMorgan Party" means any of JPMCB, JPMML, JPMSL, and JPMSI.

"Lehman Party" means any of LBHI and LBSF.

"Settled Matters" means any and all Actions between the parties, including without limitation, any and all Actions relating to the matters, facts and circumstances described in, or arising from, or related in any way to any of the matters, facts and circumstances underlying or related to the Actions and CDA Obligations described in paragraphs C through H of the Background section of this Settlement Agreement, other than the Unaffected Matters. For the avoidance of doubt, the Settled Matters include, without limitation, the Tassimo Action, the LBSF Action, the 492nd Omnibus Objection, the Securities Lending Objection, and the CDA Obligations, but exclude the Unaffected Matters.

"Unaffected Matters" means claims filed by or on behalf of any JPMorgan Entity or any affiliates or funds of a JPMorgan Entity, or in which any JPMorgan Entity or any affiliates or funds of a JPMorgan Entity has an interest, that are not Settled Matters, including without limitation claims filed by or on behalf of a JPMorgan Entity as agent, for a customer or for a fund that it manages, claims relating to Canary Wharf, claims held from time to time by a JPMorgan Entity's distressed claims trading desk, and any other claims that JPMorgan did not assert were covered by LBHI's August and September 2008 guaranties and security agreements in favor of JPMCB's subsidiaries and affiliates.

For the avoidance of doubt, claims relating to the LBSF Action are not Unaffected Matters.  Lehman reserves all objections and defenses to the Unaffected Matters.

2.      <u>Transfer of Funds to LBHI; Dismissal and Withdrawal of Settled Matters</u>.  Within ten business days after the Effective Date, JPMCB shall transfer and deliver to LBHI $797,500,000 for itself and LBSF by wire transfer of immediately available funds to the following account (the "<u>Settlement Payment</u>"):

> Branch: Citibank New York
> SWIFT: CITIUS33
> ABA: 021000089
> Address: 111 WALL STREET
> NEW YORK, NEW YORK 10043 (USA)
>
> Account Number: 3078-4686
> Account Name: Lehman Brothers Holdings Inc.

Within one business day of the Consummation Date, LBHI, JPMCB and JPMSL shall execute, and LBHI shall file, a stipulation dismissing, with prejudice, the LBSF Action as to JPMCB and JPMSL, in the form of Exhibit B hereto.

3.      <u>Mutual Releases</u>.

(a)      Automatically upon the Consummation Date, all of the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such) hereby do and shall be deemed to forever generally release, waive and discharge each and every one of the JPMorgan Parties, all of their parents, subsidiaries and affiliates and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives (collectively, the "JPMorgan Releasees") from and in respect of all Settled Matters, *except* that the foregoing release, waiver and discharge shall not release, waive or discharge (i) any right, claim or defense with respect to any Unaffected Matter or (ii) the right to enforce this Settlement Agreement.

(b)      Automatically upon the Consummation Date, all of the JPMorgan Parties hereby do and shall be deemed to forever generally release, waive and discharge each and every of the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such), all of their parents, subsidiaries and affiliates (in each case who are debtors in the Chapter 11 Cases) and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives from and in respect of the Settled Matters, *except* that the foregoing release, waiver and discharge shall not release, waive or discharge (i) any Unaffected Matter or (ii) the right to enforce this Settlement Agreement.

(c)     Each Lehman Party and the Committee and each of its members (in each case solely in their capacities as such) confirms and agrees that it will commence no further Actions against any of the JPMorgan Releasees, including that it will not object to or otherwise challenge claims (other than those objected to in the Unaffected Matters) filed by any of the JPMorgan Releasees in the Chapter 11 Cases, and releases and waives any such further Action, objection or challenge.

(d)     All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in Sections 3(a), (b), and (c).   Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

(e)     Each Lehman Party and the Committee and each of its members (in each case solely in their capacities as such) further confirms and agrees that it is not aware of any actual or potential Action held by any of the Lehman Parties or any other subsidiaries of LBHI (other than LBI) against any JPMorgan Entity that would not be released by the releases above.

(f)     Each Party represents and warrants that it has not sold, assigned, transferred or otherwise disposed of (other than by release or pursuant to the CDA), and will not sell, assign, transfer or otherwise dispose of (other than by release or pursuant to the CDA), any Action purported to be released by such Party pursuant to Sections 3(a), (b) or (c) (a "Released Action") or, for the avoidance of doubt, any Action that, if not for any such sale, assignment, transfer or other disposition, would constitute a Released Action.

(g)     LBHI has provided JPMCB with a list of names of possible Lehman accountholders.  Prior to payment of the Settlement Payment, the JPMorgan Parties will take reasonable steps to determine whether there are any previously unidentified accounts maintained at JPMorgan Entities for the benefit of any such accountholders and in which no JPMorgan Entity has an interest, and engage in good faith discussions with the appropriate Lehman Party to determine whether and to what extent any property in any such accounts should be remitted simultaneously with payment of the Settlement Payment.  No JPMorgan Entity shall have any obligations under this provision after payment of the Settlement Payment.

(h)     For the avoidance of doubt, nothing in this Settlement Agreement (including the releases provided herein) waives, alters or otherwise changes the Parties' obligations under the Confidentiality Stipulation and Protective Order in Case No. 10-3266 at Dkt. 16, or the Stipulation and Order Regarding Discovery Related to Objection to Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman

Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses in Case No. 08-1420 at Dkt. 4907.

4.    <u>CDA</u>.  Automatically upon the Consummation Date, all CDA Obligations shall terminate and be discharged.

5.    <u>Bankruptcy Court Approval</u>.

(a)    The obligations of the Lehman Parties to this Settlement Agreement are subject to Bankruptcy Court approval, except that LBHI's obligations under this Section 5(a) are effective upon the Execution Date.  Effective upon the Execution Date, LBHI shall promptly file a motion with the Bankruptcy Court seeking entry of the Approval Order, and shall reasonably endeavor to obtain the entry and finality of the Approval Order. LBHI shall consult in good faith with JPMCB as to such motion and any related pleadings and any changes to the Approval Order.  JPMCB shall cooperate in good faith with LBHI's efforts to obtain the entry and finality of the Approval Order; and all of the JPMorgan Parties, the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such such), their counsel and other agents and representatives, shall in good faith and to the full extent reasonably possible (i) cooperate with each other's reasonable requests regarding such motions and related pleadings, (ii) refrain from issuing any press releases relating to this Settlement Agreement or the Settled Matters, (iii) refrain from making disparaging statements about the other in such motion, pleadings and any other written or oral statements (including without limitation public statements and statements to the media) relating to this Settlement Agreement or the Settled Matters (other than in connection with any action, suit or proceeding to enforce the terms hereof), and (iv) refrain from publicly characterizing the settlement as more favorable to Lehman or to JPMorgan, or as being other than fair, reasonable, equitable, or the like.

(b)    In the event that the Bankruptcy Court declines to enter the Approval Order (or a court enters an order precluding the entry of an order that would qualify as the Approval Order or overturning any Approval Order entered by the Bankruptcy Court, and such order has become final and no longer subject to appeal or certiorari proceeding), this Settlement Agreement shall terminate and be of no further force or effect.  If this Settlement Agreement terminates in accordance with the preceding sentence, each provision contained in this Settlement Agreement shall be of no further force and effect from and after such date of termination and (without limiting the generality of the foregoing) the mutual releases and contractual modification provided for in Sections 3 and 4 shall be void *ab initio*; <u>provided</u>, <u>however</u>, that Section 8 shall survive any termination of this Settlement Agreement.

(c)    All litigation activity of whatever nature in connection with the Settled Matters (except steps necessary to effectuate the Settlement Agreement) shall be suspended unless and until this Settlement Agreement is terminated in accordance with Section 5(b).

6.     <u>Further Assurances</u>.   Each Party shall execute and deliver at its own expense such writings as may reasonably be requested by another Party to effectuate the terms of this Settlement Agreement.

7.     <u>Entire Agreement</u>.  This Settlement Agreement constitutes the entire contract among the Parties relative to the subject matter hereof.  This Settlement Agreement supersedes any previous agreements or understandings among the Parties, express or implied, with respect to the subject matter hereof, but all prior settlement agreements among the Parties and their affiliates shall remain in full force and effect.  No amendment, supplement or modification of this Settlement Agreement, or waiver of rights hereunder, shall be binding unless executed in writing by the Party affected thereby.

8.     <u>No Admissions</u>.    Nothing in this Settlement Agreement or any negotiations or proceedings in connection herewith shall be claimed to be evidence of an admission by any Party or its affiliates of any liability, violation of law or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party.  Neither this Settlement Agreement, nor any negotiations or proceedings in connection herewith, may be used in any proceeding against any Party or its affiliates for any purpose except with respect to the validity, effectuation and enforcement of this Settlement Agreement.  Nothing contained herein shall be deemed an admission by any Party of any assertions made herein by any other Party.

9.     <u>Counterparts; Signatures</u>.  This Settlement Agreement may be executed in one or more counterparts, all of which taken together shall constitute one instrument.  This Settlement Agreement may be executed and delivered manually, by facsimile transmission or by email transmission.

10.     <u>Governing Law; Jurisdiction</u>.    THIS SETTLEMENT AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF.  Each Party hereby irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the New York state court located in the Borough of Manhattan, City of New York, the United States District Court for the Southern District of New York or the Bankruptcy Court (as applicable, the "<u>New York Court</u>"), and any appellate court from any such court, in any proceeding arising out of or relating to this Settlement Agreement, or for recognition or enforcement of any judgment resulting from any such proceeding, and each Party hereby irrevocably and unconditionally agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in the New York Court.  Each Party hereby knowingly, voluntarily, intentionally, irrevocably and unconditionally waives, to the full extent it may legally and effectively do so, (i) any objection which it may now or hereafter have to the laying of venue of any proceeding arising out of or relating to the Settlement Agreement in the New York Court or the Bankruptcy Court, as applicable, specified above, (ii) the defense of an inconvenient forum to the maintenance of such proceeding in any such court, (iii) the right to object, with respect to such proceeding, that such court does not have jurisdiction over such Party and (iv) any right to a trial by jury with respect to any such proceeding.

11.    <u>Binding Effect</u>.    This Settlement Agreement shall bind, and be for the benefit of, the Parties hereto and their respective successors and assigns.    Nothing in this Settlement Agreement, expressed or implied, is intended to confer upon any person or entity other than the Parties hereto any rights, remedies, obligations or liabilities under or by reason of this Settlement Agreement, *except* that all persons and entities released pursuant to Sections 3 and 4 of this Settlement Agreement are intended beneficiaries of such release (provided that this Settlement Agreement in any event may be amended, supplemented or modified in the manner set forth in Section 7).

12.    <u>Construction; No Reliance</u>.    This Settlement Agreement has been negotiated by the Parties and their respective legal counsel, and legal or equitable principles that might require the construction of this Settlement Agreement or any of its provisions against the Party responsible for drafting this Settlement Agreement will not apply in any construction or interpretation of this Settlement Agreement.    All Section references in this Settlement Agreement refer to Sections of this Settlement Agreement, unless otherwise specified.    The Parties acknowledge and agree that they have been represented by their own counsel and advisors in connection with this Settlement Agreement, have conducted their own investigations of the relevant facts and circumstances, and are not relying on any representations or warranties of any other Party except for the representations and warranties expressly set forth herein.

13.    <u>Full Power and Authority</u>.    LBHI hereby represents and warrants that it has full power and authority, in its capacity as Plan Administrator, to execute, deliver and perform this Settlement Agreement on behalf of each Lehman Party.    Each JPMorgan Party hereby represents and warrants that it has full power and authority to execute, deliver and perform this Settlement Agreement.    Pursuant to the Plan, the Subcommittee has full power and authority, in its capacity as the litigation subcommittee of the Committee, to execute, deliver and perform this Settlement Agreement on behalf of the Committee.

IN WITNESS WHEREOF the Parties have executed this Settlement Agreement as of the date first set forth above.

[Remainder of page intentionally left blank]

*Signature Page to January 2017 Settlement Agreement*

JPMORGAN CHASE BANK, N.A.

By _Patrick A. Clent_

J.P. MORGAN MARKETS LIMITED
(F/K/A BEAR STEARNS INTERNATIONAL LIMITED)


By_____

J.P. MORGAN SECURITIES PLC
(F/K/A J.P. MORGAN SECURITIES LTD.)


By_____

J.P. MORGAN SECURITIES LLC
(F/K/A J.P. MORGAN SECURITIES INC.)


By_____

*Signature Page to January 2017 Settlement Agreement*

JPMORGAN CHASE BANK, N.A.


By_____


J.P. MORGAN MARKETS LIMITED
(F/K/A BEAR STEARNS INTERNATIONAL LIMITED)

By_____


J.P. MORGAN SECURITIES PLC
(F/K/A J.P. MORGAN SECURITIES LTD.)

By_____


J.P. MORGAN SECURITIES LLC
(F/K/A J.P. MORGAN SECURITIES INC.)

By_____

*Signature Page to January 2017 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.

By_____
MATHEW CANTOR
EVP-LEGAL AFFAIRS

LEHMAN BROTHERS SPECIAL FINANCING INC.

By_____
MATTHEW CANTOR
EVP-LEGAL AFFAIRS

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


MIZUHO CORPORATE BANK, LTD., AS AGENT

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____

*Signature Page to January 2017 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.


By_____


LEHMAN BROTHERS SPECIAL FINANCING INC.


By_____


OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE

By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


MIZUHO CORPORATE BANK, LTD., AS AGENT

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____

*Signature Page to January 2017 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.


By_____


LEHMAN BROTHERS SPECIAL FINANCING INC.


By_____


OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


MIZUHO CORPORATE BANK, LTD., AS AGENT

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


10

*Signature Page to January 2017 Settlement Agreement*

LEHMAN BROTHERS HOLDINGS INC.


By_____


LEHMAN BROTHERS SPECIAL FINANCING INC.


By_____


OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

BY THE LITIGATION SUBCOMMITTEE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____


MIZUHO CORPORATE BANK, LTD., AS AGENT

AS A MEMBER OF THE LITIGATION SUBCOMMITTEE


By_____

10

**<u>EXHIBIT A</u>**

[FORM OF APPROVAL ORDER]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | |
| | : | |
| Debtors. | : | |

-------------------------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | SIPA |
| | : | Case No. 08-01420 (SCC) |
| LEHMAN BROTHERS INC., | : | |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------------------------- X

## ORDER GRANTING MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 105(A), FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH JPMORGAN CHASE BANK, N.A. AND CERTAIN OF ITS <u>AFFILIATES</u>

Upon the motion, dated February 1, 2017 (the "<u>Motion</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors [ECF No. 23023-1], on behalf of itself, Lehman Brothers Special Financing Inc.

("<u>LBSF</u>"), Lehman Brothers Derivative Products Inc. ("<u>LBDP</u>"), Lehman Brothers Commercial

Paper Inc. ("<u>LCPI</u>"), Lehman Brothers OTC Derivatives Inc. ("<u>LBOD</u>"), Lehman Brothers

Financial Products Inc. ("<u>LBFP</u>"), and Lehman Brothers Commodity Services Inc. ("<u>LBCS</u>,"

and, with LBHI, LBSF, LBDP, LCPI, LBOD, and LBFP, the "<u>Lehman Parties</u>"), together with

the Official Committee of Unsecured Creditors, through its Litigation Subcommittee (the

"<u>Committee</u>" and, together with LBHI, the "<u>Movants</u>"), pursuant to Rule 9019 of the Federal

---

[1]    Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") for approval of a Settlement Agreement (defined

below) among the Plan Administrator, on behalf of the Lehman Parties, and JPMorgan Chase

Bank, N.A. ("JPMCB") and the other JPMorgan Parties, all as more fully described in the

Motion, and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended orders entered February 13, 2009 governing case

management and administrative procedures [ECF No. 2837] and July 18, 2012 governing

settlement of claims [ECF No. 29505]; and each Lehman Party and the Committee and each of

its members (in each case solely in their capacities as such) having confirmed and represented

that it is not aware of any actual or potential Action (as defined in the Settlement Agreement)

held by any of the Lehman Parties or any other subsidiaries of LBHI (other than LBI) against

any JPMorgan Entity (as defined in the Settlement Agreement) that would not be released by the

Settlement Agreement above; and the Court having found and determined that the relief sought

in the Motion is in the best interests of the Lehman Parties, their estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted; and it is further

2

ORDERED that, pursuant to Bankruptcy Rule 9019, entry into the Settlement by the Lehman Parties and the Committee is approved; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Lehman Parties and the Committee are authorized to enter into the Settlement; and it is further

ORDERED that, upon this Order becoming final and no longer subject to appeal or petition for certiorari, JPMorgan shall, within 10 business days, pay LBHI $797.5 million (the "Settlement Payment"); and it is further

ORDERED that, the settlement agreement attached hereto as Exhibit A (the "Settlement Agreement") is approved and incorporated herein by reference as if set forth completely herein

ORDERED that, upon receipt by LBHI of the Settlement Payment, Claim No. 66462 by JPMCB against LBHI shall be reduced and allowed in an amount consistent with the Settlement Payment, the settlement of the LBSF Action and the settlement of the 492nd Omnibus Objection, as set forth in an instruction letter to be submitted to the Claims Agent (the "Instruction Letter"); the Claims Agent is authorized and directed to note the allowance of the claim in the reduced amount in the claims register maintained in these cases; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, Claim Nos. 66474, 66452, 66455, 66465, 66466, 66468, 66469, and 66473, shall be assigned to certain of the Lehman Parties on a final basis and reconciled in amounts not to exceed $200 million, as set forth in the Instruction Letter; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, the Tassimo Action (as defined in the Settlement Agreement) is hereby withdrawn with prejudice; and it is further

3

ORDERED that, upon receipt by LBHI of the Settlement Payment, the Securities Lending Objection (as defined in the Settlement Agreement) is hereby withdrawn with prejudice; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, the 492nd Omnibus Objection (as defined in the Settlement Agreement) is hereby withdrawn with prejudice; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, LBSF shall cause JPMCB and JPMSL to be dismissed with prejudice from the adversary proceeding Case No. 10-03547 commenced by LBSF against various parties in the Bankruptcy Court on September 14, 2010; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, all true-up and other remaining obligations of the parties of whatever nature under the Collateral Disposition Agreement [ECF No. 7619] shall terminate and be discharged; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, all of the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such) are hereby and shall be deemed to forever generally release, waive and discharge each and every one of the JPMorgan Parties (as defined in the Settlement Agreement), all of their parents, subsidiaries and affiliates and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives from and in respect of any and all Actions between the parties, including without limitation, any and all Actions relating to the matters, facts and circumstances described in, or arising from, or related in any

4

way to any of the matters, facts and circumstances underlying or related to the Actions and CDA

Obligations (as defined in the Settlement Agreement) described in paragraphs C through H of the

Background section of the Settlement Agreement, other than the Unaffected Matters (as defined

in the Settlement Agreement), *except* that the foregoing release, waiver and discharge shall not

release, waive or discharge (i) any right, claim or defense with respect to any Unaffected Matter

or (ii) the right to enforce the Settlement Agreement; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, all of the

JPMorgan Parties (as defined in the Settlement Agreement) are hereby and shall be deemed to

forever generally release, waive and discharge each and every of the Lehman Parties and the

Committee and each of its members (in each case solely in their capacities as such), all of their

parents, subsidiaries and affiliates (in each case who are debtors in the Chapter 11 Cases) and (in

each case solely in their capacities as such) all of their respective property, current and former

officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants,

investment bankers, investment advisors, actuaries, professionals, agents, successors,

predecessors and representatives from and in respect of any and all Actions between the parties,

including without limitation, any and all Actions relating to the matters, facts and circumstances

described in, or arising from, or related in any way to any of the matters, facts and circumstances

underlying or related to the Actions and CDA Obligations (as defined in the Settlement

Agreement) described in paragraphs C through H of the Background section of the Settlement

Agreement, other than the Unaffected Matters (as defined in the Settlement Agreement), *except*

that the foregoing release, waiver and discharge shall not release, waive or discharge (i) any

Unaffected Matter or (ii) the right to enforce this Settlement Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

5

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.


Dated: _____, 2017
      New York, New York


_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

[STIPULATION TO BE FILED RE: LBSF ACTION]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————— X | Chapter 11 |
| In re: : | |
| | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* : | |
| Debtors. : | |
| ———————————————— X | |
| | Adversary Proceeding |
| LEHMAN BROTHERS SPECIAL FINANCING INC., : | No.: 10-03547 (SCC) |
| | : |
| Plaintiff, : | **STIPULATION AND NOTICE DISMISSING WITH PREJUDICE DEFENDANTS JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AND J.P. MORGAN SECURITIES PLC** |
| - against - : | |
| BANK OF AMERICA NATIONAL ASSOCIATION, *et al*. : | |
| Defendants. : | |
| ———————————————— X | |

   **PLEASE TAKE NOTICE THAT IT IS HEREBY STIPULATED AND AGREED** by

and between the undersigned through their respective counsel that, pursuant to Rule 41 of the

Federal Rules of Civil Procedure and Rule 7041 of the Federal Rules of Bankruptcy Procedure,

this action is dismissed with prejudice as to defendants JPMorgan Chase Bank, N.A. and J.P.

Morgan Securities plc, with each party to bear its own fees and costs.

Dated: _____, 2017
          New York, New York

By:

_____        _____
Paul R. DeFilippo                          Ian Boczko
WOLLMUTH MAHER & DEUTSCH LLP               WACHTELL, LIPTON, ROSEN & KATZ
500 Fifth Avenue                           51 West 52nd Street
New York, New York 10110                   New York, New York 10019
Telephone: (212) 382-3300                  Telephone: (212) 403-1000

*Counsel for Lehman Brothers Special*      *Counsel for Defendants JPMorgan Chase*
*Financing Inc.*                           *Bank, N.A. and J.P. Morgan Securities plc*