

February 8, 2017

Lani A. Adler
lani.adler@klgates.com

T 212-536-3923
F 212-536-3901

**BY ECF and HAND**

Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, New York 10004-1415

> In re Lehman Brothers Holdings Inc., et al.
> Chapter 11, Case No. 08-13555 (SCC)
> Lehman Brother Holdings, Inc. v. 1st Advantage Mortgage, LLC. et al,
> Adv. Proceeding No. 16-01019 (SCC) (Master Docket)
> Lehman Brothers Holdings Inc. v. Suburban Mortgage, Inc.,
> Adversary Proceeding No. 16-01295 (SCC)

Dear Judge Chapman:

    I represent Suburban Mortgage, Inc. ("SMI"), a small Phoenix mortgage originator, which is the defendant in the adversary proceeding No. 16-01295 (SCC), one of the adversary proceedings consolidated on Master Docket No. 16-01019 (the "Individual Adversary Proceedings"), in which LBHI seeks reimbursement pursuant to a theory of contractual indemnification for the amounts it purportedly paid to settle claims with Fannie Mae and Freddie Mac based on breaches of selling representations and warranties made by LBHI. LBHI alleged that the reps and warranties it made were "coextensive with" the reps and warranties each of the defendants in the Individual Adversary Proceedings made when each sold particular loans to non-debtor Lehman Brothers Bank, FSB ("LBB"). LBB, in turn, sold the loans to LBHI, which allegedly then sold them to Fannie and Freddie.

    I write to oppose the motion filed by LBHI to "administratively consolidate" the Individual Adversary Proceeding dockets, so that "the Court's decision, Orders and other filings entered on the docket of Lehman Brothers Holdings Inc., et al v. 1st Advantage Mortgage, L.L.C., Adv. Pro., 16-01019, will apply with full force and effect to all [the Individual Adversary Proceedings] Actions unless otherwise indicated by the Court and need not be entered on the docket of any other Action." LBHI Motion, 16-01019-SCC, Doc. 336, ¶ 27.

    The relief LBHI sought in the motion squarely contradicts the express provisions of Paragraph 20 of the Case Management Order entered with respect to the Master Docket which

applies to the Individual Adversary Proceedings; violates due process; and seeks to treat approximately 140 individual actions which each require LBHI to prove its state law claims that each defendant breached each separate loan as a collective proceeding -- though each loan requires particular proof of particular facts, facts that differ for every loan, not only for every defendant.

While at the behest of the Court, the defendants agreed, in those instances possible, to collectively brief certain apparently common issues with respect to a motion to dismiss, the defendants expressly did *not* agree that each would be bound by determinations involving other parties and other facts or to be bound by the Court's decision on motions in which that defendant did not join. As the Court has recognized, due process may not be set aside in the name of judicial efficiency.

Paragraph 20 of the CMO, 16-01019-SCC, Doc. 305, states:

No Defendant shall be required to join in whole or in part, the Omnibus MTD, any Individual Motions, or any other Motions in the Coordinated Actions. Any Defendant who does not expressly join any motion, in whole or in part, neither waives any rights to the matter in the motion nor is bound by the Court's ruling as to any part[y] of that motion to which the Defendant does not expressly join.

Further, it makes no sense that legal determinations tied to specific facts should necessarily be stretched, or assumed to fit, and dispose of, other facts. Indeed, when it settled with Fannie Mae and Freddie Mac, LBHI explicitly acknowledged and represented to this Court that it would have to prove each defendant's loan-by-loan liability in order to conceivably recover any "contractual indemnification" amount it paid, with respect to each loan, to settle Fannie Mae's and Freddie Mac's claims alleging breach of that loan.

With respect to the proposed Order submitted by counsel for LBHI and for certain of the defendants, SMI does not object to the Court entering, in the "Central Docket," orders concerning motions or applications as to which more than one defendant is a party. However, SMI does not agree that such a procedure furthers "judicial efficiency" with respect to adjudicating the particular Individual Adversary Proceedings or SMI's action; and SMI has no knowledge of whether the facts at issue in the approximately 139 other Individual Adversary Proceedings are "similar" to those in SMI's action, such that LBHI's claims against the other Individual Adversary Proceeding defendants are "similar" in any substantive way to LBHI's claims against SMI. SMI does not agree that it should bear the burden or expense of becoming familiar with the particular facts, and possibly, other legal issues, involved in LBHI's claims against the other Individual Adversary Proceeding defendants.

This letter is sent subject to SMI's reservation of all rights.

Respectfully submitted,

*Lani Adler*

Lani A. Adler

2

February 8, 2017