**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile:  (212) 506-5151

ATTORNEYS FOR TRANSFEROR
ICCREA BANCA S.p.A., as Agent

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR
SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE by ICCREA Banca S.p.A, as Agent ("ICCREA" or "Transferor") against Lehman Brothers Holdings Inc. (the "Debtor") in amount of at least $190,423,075.43, which has been designated as claim no. 58221 (the "Claim"). Transferor hereby gives notice, pursuant to Fed. R. Bankr. P. 3001(E)(2), of the transfer, other than for security, of a ratable portion of 0.9972% of XS0162289663 ($35,377.50 of $3,547,655.70), the outstanding amount of XS0162289663 held by Transferor on behalf of B.C.C Del Garda – Banca Di Credito Cooperativo Colli Morenici Del Garda Societa' Cooperativa, as agent on behalf of Gustinelli Massimo. A copy of the evidence of transfer of claim (the "Evidence of Transfer") is attached hereto as Exhibit "A" and is incorporated herein by this reference.

**Name of Assignee**: BANCA PASSADORE & C.S.p.A.

Name and Address Where
    Notices to Assignee Should be sent to:
    VIA ETTORE VERNAZZA, 27
    16121 GENOVA
    ITALY

**Name of Transferor**: ICCREA BANCA S.p.A.

        The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001(E)(2), to receive from the Clerk of the Court notice of the filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period. The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the transferred portion as an unconditional transfer; and (ii) the Assignee is the valid owner of the Transferred Portion.

Dated: New York, New York          **ORRICK, HERRINGTON & SUTCLIFFE LLP**
      February 8, 2017

                                              By:  s/Lorraine S. McGowen
                                                   Lorraine S. McGowen, Esquire
                                                   51 West 52nd Street
                                                   New York, NY 10019-6142
                                                   Telephone: (212) 506-5000
                                                   Facsimile: (212) 506-5151

                                                   ATTORNEYS FOR TRANSFEROR
                                                   ICCREA BANCA, S.p.A., as Agent

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

BANCA PASSADORE & C. S.p.A...........

Name and Address where notices to transferee should be sent:
BANCA PASSADORE & C. S.p.A.
Via Ettore Vernazza, 27
16121 Genova, Italy

Attn: Mr. Mauro Gatti.................
E-mail: mauro.gatti@bancapassadore.it.....
Phone:00390105393235................

Name of Transferor:

ICCREA BANCA S.p.A................

Court Claim: 58221.......................

Avv. ........ TORRE
Responsabile del Legale
Amount of Claim:

Allowed Claim

Date Claim Filed: ......................

Via. _Lucrezia Romana 41/67 Rome_

Attn: .....................................

Phone: ...................................
Last Four Digits of Acct. ...............

Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above):

SGSS S.p.A. - Italy

Phone Last Four Digits of Acct #: N/A
Account number: 36249238
BIC Code:CITIUS33

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _[signature]_
Transferee/Transferee's Agent
Name: Francesco Passadore
Title: Chief Executive Officer

Date: ....**3 NOV. 2016**....

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S.C. §1152 & 3571.



# EVIDENCE OF TRANSFER OF CLAIM

## TRANSFER AGREEMENT

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, upon the instruction of **GUSTINELLI MASSIMO** (the "Customer"), **B.C.C. DEL GARDA - BANCA DI CREDITO COOPERATIVO COLLI MORENICI DEL GARDA SOCIETA' COOPERATIVA** (the "Beneficial Holder"), as agent on behalf of Customer, among others, hereby instructs **ICCREA BANCA S.p.A.** ("Seller"), as agent on behalf of Beneficial Holder, to unconditionally and irrevocably sell, transfer and assign to **BANCA PASSADORE & C. S.p.A.** (the "Purchaser"), acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to the security identified by ISIN code XS0162289663 (the "Purchased Claim") specified as being held by Beneficial Holder in Seller's proof of claim filed on 10/30/2009, on behalf of Beneficial Holder, among others, having Claim Number **58221** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

1

OHSEUROPE 551259983.1



4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Customer hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 04 day of 10 2016.

ICCREA BANCA S.p.A.
Name: Avv. Antonio Torre
Title: Responsabile del Legale
Via Lucrezia Romana 41/47
00178 Roma, Italy

Attn. Marianna Ventre
Phone 00390672075814
Fax 0039
e-mail mventre@iccrea.bcc.it

B.C.C. DEL GARDA -
BANCA DI CREDITO COOPERATIVO
COLLI MORENICI DEL GARDA
SOCIETA' COOPERATIVA
Name: Avv. Alessandro Azzi
Title: Presidente

Attn. Manuele Martani
Phone 00390309654313
Fax 0039
e-mail manuele.martani@garda.bcc.it

BANCA PASSADORE & C. S.p.A.
Name: Francesco Passadore
Title: Chief Executive Officier
Via Ettore Vernazza 27
16121 Genova, Italy

Attn. Mauro Gatti
Phone 00390105393235
Fax 0039
e-mail mauro.gatti@bancapassadore.it



2

Schedule 1

## Transferred Claims

**Purchased Claim**

0,9972% $ 35.377,50 of $ 3.547.655,70 ( the outstanding amount of 35.858,47 [XS0162289663 isin code]as described in the Proof of Claim dated 30.10.2009 and filed on 30.10.2009

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount(USD) | Accrued Amount (EUR) | Accrued Amount (USD) | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|
| Lehman Brothers 28/02/2003 28/02/2010 5% Eur | XS0162289663 | Lehman BrothersTreasury Co. B.V. | Lehman Brothers Holdings Inc. | 25.000,00 | 35.377,50 | 25.000,00 | 35.377,50 | 35.858,47 |

B.C.C. DEL GARDA -
BANCA DI CREDITO COOPERATIVO
COLLI MORENICI DEL GARDA
SOCIETA' COOPERATIVA
Il Presidente
Avv. Alessandro Azzi

Avv. ANTONIO TORRE
Responsabile del Legale
ICCREA BANCAS.p.A.

Schedule 1-1