UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :     Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :     08-13555 (SCC)
                                                       :
                       Debtors.                        :     (Jointly Administered)
------------------------------------------------------------x

**STIPULATION AND ORDER REGARDING WITHDRAWAL OF CERTAIN CLAIMS FILED BY CITIBANK CANADA, CITIBANK EUROPE PLC, HUNGARY BRANCH AND CITIBANK JAPAN LTD.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Order (the "Stipulation") is made and entered into on the date hereof, by and among Citibank N.A. ("Citibank"), on behalf of itself and on behalf of Citibank Canada (n/k/a Citibank, N.A., Canada) ("Citi Canada"), Citibank Europe PLC, Hungary Branch ("Citi Hungary"), and Citibank Japan Ltd ("Citi Japan"), and Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases ("LBHI" and together with Citibank, the "Parties").

RECITALS:

A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, as amended before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) at Case No. 08-13555 (SCC).

26650246v1

B.   On September 18, 2009, Citi Canada filed proof of claim number 17935 ("Claim 17935") against Lehman Brothers Commodity Services Inc. ("LBCS").

C.   On September 18, 2009, Citi Hungary filed proof of claim number 17916 ("Claim 17916") against LBCS.

D.   On September 18, 2009, Citi Hungary filed proof of claim number 17917 ("Claim 17917") against LBHI.

E.   On September 18, 2008, Citi Japan filed proof of claim number 17922 ("Claim 17922" and collectively with Claim 17935, Claim 17916 and Claim 17917, the "Claims") against LBCS.

F.   On July 21, 2011, the Bankruptcy Court so-ordered that certain *Stipulation and Order Regarding (1) Transfer and Turnover of Certain Deposits, (2) Preservation of Citibank's Setoff Rights, if any, in Respect of Deposits Transferred or Turned Over, (3) Maintenance of Certain Deposit Accounts, (4) Indemnification of Citibank in Respect of any Third Party Claims Arising from the Turnover of Deposits and (5) Payment of Account Fees* (the "Turnover Stipulation") [Docket No. 18687].  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Turnover Stipulation.

G.   Each of the Claims were filed to preserve Setoff Rights, if any, in certain LBHI and LBCS Deposit Accounts maintained at Citi Canada, Citi Hungary and Citi Japan. Pursuant to the Turnover Stipulation, such Deposit Accounts were transferred to a Transfer Account maintained by Citibank.

H.   Citibank, on behalf of itself and on behalf of Citi Canada, Citi Hungary and Citi Japan, has agreed to withdraw the Claims on the terms and conditions set forth in this Stipulation and Order.

**AGREED ORDER:**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The Claims shall be deemed withdrawn and expunged from the claims register in the Chapter 11 Cases.

2. Citibank shall have no greater or lesser Setoff Rights (and the Debtors shall have no greater or lesser rights to dispute and object to the Setoff Rights) against the Prepetition Deposits, and any income or interest earned thereon, after the withdrawal of he Claims than Citibank possessed against the Prepetition Deposits, and would have possessed against interest or income earned thereon, before the withdrawal of the Claims.

3. Nothing in this Stipulation shall alter the effect or enforceability of the Turnover Stipulation.

4. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Stipulation.

5. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

| Dated: New York, NY<br>February 1, 2017 | Dated: New York, NY<br>February 1, 2017 |
|---|---|
| **CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP** | **PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP** |
| By: */s/ Cindi Eilbott Giglio*<br>   L.P. Harrison 3rd<br>   Cindi Eilbott Giglio<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 696-6000<br>Facsimile: (212) 697-1559 | By: */s/ Stephen J. Shimshak*<br>   Stephen J. Shimshak<br>   Claudia L. Hammerman<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990 |
| *Counsel for Lehman Brothers Holdings Inc.<br>  and Certain of Its Affiliates* | *Counsel for Citibank* |

**IT IS SO ORDERED.**

Dated: New York, New York
       February 15, 2017

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

4