**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- X
In re:                                                                          :   Chapter 11
                                                                                :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                        :
                                                                                :
          Debtors.                                                             :
------------------------------------------------------------------------------- X
In re:                                                                          :   SIPA
                                                                                :   Case No. 08-01420 (SCC)
LEHMAN BROTHERS INC.,                                                           :
                                                                                :
          Debtor.                                                              :
------------------------------------------------------------------------------- X

**ORDER GRANTING MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 105(A), FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH JPMORGAN CHASE BANK, N.A. AND CERTAIN OF ITS AFFILIATES**

Upon the motion, dated February 1, 2017 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [ECF No. 23023-1], on behalf of itself, Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Derivative Products Inc. ("LBDP"), Lehman Brothers Commercial Paper Inc. ("LCPI"), Lehman Brothers OTC Derivatives Inc. ("LBOD"), Lehman Brothers Financial Products Inc. ("LBFP"), and Lehman Brothers Commodity Services Inc. ("LBCS," and, with LBHI, LBSF, LBDP, LCPI, LBOD, and LBFP, the "Lehman Parties"), together with the Official Committee of Unsecured Creditors, through its Litigation Subcommittee (the "Committee" and, together with LBHI, the "Movants"), pursuant to Rule 9019 of the Federal

---

[1]     Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for approval of a Settlement Agreement (defined below) among the Plan Administrator, on behalf of the Lehman Parties, and JPMorgan Chase Bank, N.A. ("<u>JPMCB</u>") and the other JPMorgan Parties, all as more fully described in the Motion, and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended orders entered February 13, 2009 governing case management and administrative procedures [ECF No. 2837] and July 18, 2012 governing settlement of claims [ECF No. 29505]; and each Lehman Party and the Committee and each of its members (in each case solely in their capacities as such) having confirmed and represented that it is not aware of any actual or potential Action (as defined in the Settlement Agreement) held by any of the Lehman Parties or any other subsidiaries of LBHI (other than LBI) against any JPMorgan Entity (as defined in the Settlement Agreement) that would not be released by the Settlement Agreement above; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Lehman Parties, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, entry into the Settlement by the Lehman Parties and the Committee is approved; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Lehman Parties and the Committee are authorized to enter into the Settlement; and it is further

ORDERED that, upon this Order becoming final and no longer subject to appeal or petition for certiorari, JPMorgan shall, within 10 business days, pay LBHI $797.5 million (the "Settlement Payment"); and it is further

ORDERED that, the settlement agreement attached hereto as Exhibit A (the "Settlement Agreement") is approved and incorporated herein by reference as if set forth completely herein

ORDERED that, upon receipt by LBHI of the Settlement Payment, Claim No. 66462 by JPMCB against LBHI shall be reduced and allowed in an amount consistent with the Settlement Payment, the settlement of the LBSF Action and the settlement of the 492nd Omnibus Objection, as set forth in an instruction letter to be submitted to the Claims Agent (the "Instruction Letter"); the Claims Agent is authorized and directed to note the allowance of the claim in the reduced amount in the claims register maintained in these cases; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, Claim Nos. 66474, 66452, 66455, 66465, 66466, 66468, 66469, and 66473, shall be assigned to certain of the Lehman Parties on a final basis and reconciled in amounts not to exceed $200 million, as set forth in the Instruction Letter; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, the Tassimo Action (as defined in the Settlement Agreement) is hereby withdrawn with prejudice; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, the Securities Lending Objection (as defined in the Settlement Agreement) is hereby withdrawn with prejudice; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, the 492nd Omnibus Objection (as defined in the Settlement Agreement) is hereby withdrawn with prejudice; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, LBSF shall cause JPMCB and JPMSL to be dismissed with prejudice from the adversary proceeding Case No. 10-03547 commenced by LBSF against various parties in the Bankruptcy Court on September 14, 2010; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, all true-up and other remaining obligations of the parties of whatever nature under the Collateral Disposition Agreement [ECF No. 7619] shall terminate and be discharged; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, all of the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such) are hereby and shall be deemed to forever generally release, waive and discharge each and every one of the JPMorgan Parties (as defined in the Settlement Agreement), all of their parents, subsidiaries and affiliates and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives from and in respect of any and all Actions between the parties, including without limitation, any and all Actions relating to the matters, facts and circumstances described in, or arising from, or related in any

way to any of the matters, facts and circumstances underlying or related to the Actions and CDA Obligations (as defined in the Settlement Agreement) described in paragraphs C through H of the Background section of the Settlement Agreement, other than the Unaffected Matters (as defined in the Settlement Agreement), *except* that the foregoing release, waiver and discharge shall not release, waive or discharge (i) any right, claim or defense with respect to any Unaffected Matter or (ii) the right to enforce the Settlement Agreement; and it is further

ORDERED that, upon receipt by LBHI of the Settlement Payment, all of the JPMorgan Parties (as defined in the Settlement Agreement) are hereby and shall be deemed to forever generally release, waive and discharge each and every of the Lehman Parties and the Committee and each of its members (in each case solely in their capacities as such), all of their parents, subsidiaries and affiliates (in each case who are debtors in the Chapter 11 Cases) and (in each case solely in their capacities as such) all of their respective property, current and former officers, directors, employees, divisions, branches, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, successors, predecessors and representatives from and in respect of any and all Actions between the parties, including without limitation, any and all Actions relating to the matters, facts and circumstances described in, or arising from, or related in any way to any of the matters, facts and circumstances underlying or related to the Actions and CDA Obligations (as defined in the Settlement Agreement) described in paragraphs C through H of the Background section of the Settlement Agreement, other than the Unaffected Matters (as defined in the Settlement Agreement), *except* that the foregoing release, waiver and discharge shall not release, waive or discharge (i) any Unaffected Matter or (ii) the right to enforce this Settlement Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February 16, 2017
      New York, New York

                                       /S/ Shelley C. Chapman
                                       HONORABLE SHELLEY C. CHAPMAN
                                       UNITED STATES BANKRUPTCY JUDGE