Milano, 07th February 2017

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
)
In re: ) Chapter 11
)
LEHMAN BROTHERS HOLDINGS, INC. ) Case No. 08-13555 (JMP)
)
)
Debtor. ) (Jointly Administered)
-------------------------------------------------------------- x

NOTICE OF [PARTIAL][1] TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: BANCA FIDEURAM  ("Transferor") Attn:

**Name: Emanuele Castro**
**Title: Legal Department**
**Piazzale G. Douhet 31**
**Roma 00143, Italy**
**Phone 0039 06 5902 7565**
**Fax 0039 06 5902 7211**
e-mail : dir-legale@bancafideuram.it

With a copy to:

2. Please take notice of the transfer of an undivided interest in the amount of
**USD 30,124.63 (EUR 21,287.99) ISIN XS0200284247**
**USD  36,528.29 ( EUR 25,813.22)  ISIN XS0213971210**
of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 (JMP) in the above-referenced consolidated proceedings, arising from and relating to the guaranty of certain underlying securities described in Claim No. [**51229**] (attached as Exhibit A hereto), to: ("Transferee")

**DEUTSCHE BANK S.P.A.**
**Backoffice Titoli**
**Piazza del Calendario, 3**
**20126 – Milano (Italy)**

**Attn.: Ravesi Lucia**
**Phone: 0039.0240242794**

---

[1] *Da eliminare nel caso di Domanda di Insinuazione individuale ovvero di Trasferimento di tutto il credito insinuato con la Domanda di Insinuazione*

**Fax : 0039.0240242790**

**e-mail : corpact.italy @db.com**

An evidence of transfer of claim (including details as to the underlying securities) is attached hereto as Exhibit B. All notices regarding the transferred portion of the claim should be sent to the Transferee at the address attached in Exhibit C.

1.    No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

-- FILE A WRITTEN OBJECTION TO THE TRANSFER with:
United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.

-- Refer to INTERNAL CONTROL NO. _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING WITH RESPECT TO THE TRANSFERRED PORTION.

                                    CLERK

---

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.

INTERNAL CONTROL NO. _____

Copy: (check) Claims Agent ____ Transferee ____ Debtor's Attorney ____

Deputy Clerk

---

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **FIDEURAM S.P.A.** ("Seller"), acting on behalf of one customer (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **DEUTSCHE BANK S.P.A** (the "Purchaser"), acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"),, in Seller's right, title and interest in and to **Proof of Claim Number 51229** filed by or on behalf of Seller] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and its Customer' s right, title and interest in, to and under the transfer agreements, if any, under which Seller and its Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.



4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 07th day of February 2017.

DEUTSCHE BANK S.P.A
By: _____
Name: Antonio Roscia
Title: Vice President – Head of GSO Italy
Piazza del Calendario, 3
20126 – Milano (Italy)

DEUTSCHE BANK S.P.A
By: _____
Name: Gianfranco Bonfanti
Title: Vice President – Deputy
Piazza del Calendario, 3
20126 – Milano (Italy)

FIDEURAM S.P.A.
By: _____
Name: Emanuele Castro
Title: Legal Department
Piazzale G. Douhet 31
Roma 00143, Italy

Attn.: Ravesi Lucia
Phone: 0039.0240242794
Fax : 0039.0240242790
e-mail : corpact.italy @db.com

Attn. Emanuele Castro
Phone 0039 06 5902 7565
Fax 0039 06 5902 7211
e-mail : dir-legale@bancafideuram.it

schedule 1

## Transferred Claims

Purchased Claim
Lehman Programs Securities to which Transfer Relates

| 0.380300 % of XS0200284247 = USD 30,124.63 of USD 7,921,272.34 (i.e. the outstanding amount of XS0200284247 as described in the Proof of Claim dated 26 October, 2009 and filed on 28 October, 2009) | | | | | | |
|---|---|---|---|---|---|---|
| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
| Issue of EUR 125,000,000 European Inflation Linked Notes under the U.S.$25,000,000,000 EMTN Program | XS0200284247 | LEHMAN BROTHERS TREASURY BV | Lehman Brothers Holdings Inc. | EUR 20,000.00 (equivalent to USD 28,302.00) | 22/09/2014 | EUR 21,287.99 (equivalent to USD 30,124.63) |

| 15.822785% of XS0213971210 = USD 36,528.29 of USD 230,858.80 (i.e. the outstanding amount of XS0213971210 as described in the Proof of Claim dated 10/26/2009 and filed on 10/28/2009) | | | | | | |
|---|---|---|---|---|---|---|
| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
| Issue of EUR50,000,000 Twister Notes due March 2015 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 EMTN Program | XS0213971210 | Lehman Brothers Treasury Bv | Lehman Brothers Holdings Inc. | EUR 25,000.00 (equivalent to USD 35,377.50) | 18/03/2015 | EUR 25,813.22 (equivalent to USD 36,528.29) |

**DEUTSCHE BANK S.P.A.**

By: _____
Name: Antonio Roscia

By: _____
Name: Gianfranco Bonfanti

**FIDEURAM S.P.A.**

By: _____
Name: Emanuele Castro