B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.,                Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Deutsche Bank AG, London Branch** | **Caspian SC Holdings L.P.** |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 50375 |
| c/o Deutsche Bank Securities Inc.<br>60 Wall Street<br>New York, NY 10005<br>Attn : Rich Vichaidith<br>Email : richard.vichaidith@db.com | Transferred Claim Amount: $122,270.51<br>Date Claim Filed:<br>Last Four Digits of Acct #: N/A<br><br>ISIN: XS0283497005 |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
     Transferee/Transferee's Agent

By: _____
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

*PARTIAL Transfer of LBHI Claims*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **CASPIAN SC HOLDINGS L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **DEUTSCHE BANK AG, LONDON BRANCH** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 hereto, in Seller's right, title and interest in and to the Proof of Claim Numbers filed by Seller's predecessors-in-title (the "Proofs of Claim") as are specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc. (the "Debtor"), as guarantor of the Purchased Securities (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such securities, "Purchased Securities") relating to the Purchased Portion and specified in Schedule 1 attached hereto. Except to the extent set forth herein, Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Transferred Claims, Purchased Securities or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or any of its affiliates (including, without limitation, Caspian Select Credit Master Fund, Ltd. and Caspian Capital Partners, L.P.) or against Seller or any of its affiliates (including, without limitation, Caspian Select Credit Master Fund, Ltd. and Caspian Capital Partners, L.P.); (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) neither Seller nor any of its affiliates (including, without limitation, Caspian Select Credit Master Fund, Ltd. and Caspian Capital Partners, L.P.) have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding claims of the same class and type; (g) on or around the dates set forth in Schedule 2, Seller or any of its predecessors-in-title received the distributions in the amounts set forth in Schedule 2 relating to the Transferred Claims; (h) on or about the dates set forth in Schedule 3, Seller or any of its predecessors-in-title received the distributions in the amounts set forth in Schedule 3 made by Lehman Brothers Treasury Co. B.V. ("LBT") relating to the Purchased Securities; and (i) other than the distributions set out in Schedules 2 and 3 hereto, neither Seller nor any of its predecessors-in-title has received any distributions in respect of the Transferred Claims and/or Purchased Securities.

3. Seller further represents and warrants to Purchaser that:

(a) the Evidences of Partial Transfer of Claim (the "Caspian Capital Upstream EOTs") that were each entered into by and between Caspian Capital Partners, L.P. ("Caspian Capital"), as seller, and Seller, as buyer, that were each filed with the Court on August 23, 2013, under docket numbers 39777, 39778, 39779, 39775, and 39776 (collectively, the "Caspian Capital Filed Transfer Documentation") are the only transfer documents entered into between Caspian Capital and Seller with respect to the claims referenced in the Caspian Capital Filed Transfer Documentation;

(b) the Evidences of Partial Transfer of Claim (the "Caspian Select Upstream EOTs") that were each entered into by and between Caspian Select Credit Master Fund, Ltd. ("Caspian Select"), as seller, and Seller, as buyer, that were each filed with the Court on August 23, 2013, under docket numbers 39780 (as amended as filed with the Court on February 13, 2017, under docket number 54770), 39781, 39784, 39782, 39785, 39788, 39789, and 39791 (collectively, the "Caspian Select Filed Transfer Documentation") are the only transfer documents entered into between Caspian Select and Seller with respect to the claims referenced in the Caspian Select Filed Transfer Documentation;

(c) the amount set forth in the "Principal/Notional Amount" column of Schedule 1 to the Agreement and Evidence of Partial Transfer of Claim that was filed with the Court on January 15, 2013, under docket number 33913 is the Debtor's allowed claim amount;

(d) the Agreements and Evidences of Transfer of Claim that were filed with the Court on April 23, 2010, under docket numbers 8619 and 8622 are the true and correct copies of such Agreements and Evidences of Transfer of Claim; and

(e) the Agreements and Evidences of Transfer of Claim that were filed with the Court on October 10, 2011, under docket numbers 20676, 20677, 20679, 20680, and 20681 are the true and correct copies of such Agreements and Evidences of Transfer of Claim.

4. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

5. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

6. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of November 2, 2016, in respect of the Transferred Claims and Purchased Securities to Purchaser (including, for the avoidance of doubt, any distributions received by the Seller on or after the trade date of November 2, 2016, including, without limitation, the distributions made by LBT on or around November 29, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Securities to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of

Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signatures appear on following page]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __22nd__ day of February, 2017

**CASPIAN SC HOLDINGS L.P.**

By: *[signature]*
Name:
Title:

Chris Manz
Caspian Capital LP
767 Fifth Avenue, 45th Floor
New York, New York 10153
Tel (212) 826 – 7546
Email: cmanz@caspianlp.com

**DEUTSCHE BANK AG, LONDON BRANCH**

By: *[signature]*
Name:
Title:

By: *[signature]*
Name:
Title:

c/o Deutsche Bank Securities Inc.
60 Wall Street
New York, NY 10023
Attn: Rich Vichaidith
Email: Richard.vichaidith@db.com

*PARTIAL Transfer of LBHI Claims*
*PROGRAM SECURITY*

Schedule 1

Transferred Claims

Purchased Portion

As set forth below

| Proofs of Claim | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of the Purchased Security | | Purchased Portion of Allowed Claim Amount | |
|---|---|---|---|---|---|---|---|
| 50375 | XS0283497005 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR | 28,949.72 | USD | 42,206.35 |
| 50375 | | | | EUR | 54,916.74 | USD | 80,064.16 |
| 55169 | | | | EUR | 54,390.36 | USD | 79,296.74 |
| 55169 | | | | EUR | 96,411.30 | USD | 140,559.86 |
| 55169 | | | | EUR | 17,215.96 | USD | 25,099.48 |
| 60596 | | | | EUR | 68.82 | USD | 100.33 |
| 60596 | | | | EUR | 57,723.97 | USD | 84,156.86 |
| 60596 | | | | EUR | 102,288.98 | USD | 149,129.03 |
| 44629 | | | | EUR | 18,334.81 | USD | 26,730.67 |
| 44629 | | | | EUR | 160,363.85 | USD | 233,797.48 |
| 44630 | | | | EUR | 275,285.42 | USD | 401,343.82 |
| 44630 | | | | EUR | 147,994.43 | USD | 215,763.87 |
| | | | | EUR | 254,055.64 | USD | 370,392.51 |

Schedule 1

ISIN: XS0283449700S

Schedule 2

| Proof of Claim Number | USD Allowed Claim Amount | First Distribution 4/17/2012 | Second Distribution 10/1/2012 | Third Distribution 4/4/2013 | Fourth Distribution 10/3/2013 | Fifth Distribution 4/3/2014 | Sixth Distribution 10/2/2014 | Seventh Distribution 4/2/2015 | Eighth Distribution 10/1/2015 | Ninth Distribution 3/31/2016 | Tenth Distribution 6/16/2016 | Eleventh Distribution 10/6/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 50375 | USD 42,206.35 | USD 1,523.32 | USD 1,027.97 | USD 1,298.40 | USD 1,539.40 | USD 1,672.15 | USD 1,254.94 | USD 856.42 | USD 653.21 | USD 181.27 | USD 269.93 | USD 474.56 |
| 50375 | USD 80,064.16 | USD 2,889.70 | USD 1,950.03 | USD 2,463.03 | USD 2,920.19 | USD 3,172.01 | USD 2,380.59 | USD 1,624.61 | USD 1,239.12 | USD 343.86 | USD 512.05 | USD 900.23 |
| 55169 | USD 100.33 | USD 3.62 | USD 2.44 | USD 3.09 | USD 3.66 | USD 3.97 | USD 2.98 | USD 2.04 | USD 1.55 | USD 0.43 | USD 0.64 | USD 1.12 |
| 55169 | USD 25,099.48 | USD 905.90 | USD 611.32 | USD 772.14 | USD 915.46 | USD 994.40 | USD 746.30 | USD 509.30 | USD 388.45 | USD 107.80 | USD 160.52 | USD 282.21 |
| 55169 | USD 140,559.86 | USD 5,073.13 | USD 3,423.45 | USD 4,324.06 | USD 5,126.66 | USD 5,568.75 | USD 4,179.34 | USD 2,852.15 | USD 2,175.39 | USD 603.68 | USD 898.95 | USD 1,580.44 |
| 55169 | USD 79,296.74 | USD 2,862.00 | USD 1,931.33 | USD 2,439.42 | USD 2,892.20 | USD 3,141.61 | USD 2,357.77 | USD 1,609.04 | USD 1,227.24 | USD 340.56 | USD 507.14 | USD 891.60 |
| 60596 | USD 26,730.67 | USD 964.77 | USD 651.05 | USD 822.32 | USD 974.95 | USD 1,059.03 | USD 794.80 | USD 542.40 | USD 413.70 | USD 114.80 | USD 170.96 | USD 300.55 |
| 60596 | USD 84,156.86 | USD 3,037.41 | USD 2,049.71 | USD 2,588.93 | USD 3,069.47 | USD 3,334.16 | USD 2,502.28 | USD 1,707.66 | USD 1,302.46 | USD 361.44 | USD 538.23 | USD 946.25 |
| 60596 | USD 149,129.03 | USD 5,382.41 | USD 3,632.16 | USD 4,587.68 | USD 5,439.21 | USD 5,908.25 | USD 4,434.14 | USD 3,026.03 | USD 2,308.01 | USD 640.48 | USD 953.75 | USD 1,676.79 |
| 44629 | USD 233,797.48 | USD 8,438.29 | USD 5,694.32 | USD 7,192.35 | USD 8,527.34 | USD 9,262.67 | USD 6,951.63 | USD 4,744.07 | USD 3,618.39 | USD 1,004.11 | USD 1,495.25 | USD 2,628.80 |
| 44629 | USD 401,343.82 | USD 14,485.42 | USD 9,775.05 | USD 12,346.60 | USD 14,638.28 | USD 15,900.58 | USD 11,933.38 | USD 8,143.82 | USD 6,211.44 | USD 1,723.69 | USD 2,566.79 | USD 4,512.67 |
| 44630 | USD 215,763.87 | USD 7,787.41 | USD 5,255.10 | USD 6,637.58 | USD 7,869.59 | USD 8,548.21 | USD 6,415.43 | USD 4,378.14 | USD 3,339.29 | USD 926.66 | USD 1,379.92 | USD 2,426.03 |
| 44630 | USD 370,392.51 | USD 13,368.31 | USD 9,021.20 | USD 11,394.44 | USD 13,509.39 | USD 14,674.34 | USD 11,013.08 | USD 7,515.77 | USD 5,732.42 | USD 1,590.76 | USD 2,368.85 | USD 4,164.66 |

Schedule 3

ISIN: XS0283497005

| Notional Amount | First Distribution | Second Distribution | Third Distribution | Fourth Distribution | Fifth Distribution | Sixth Distribution | Seventh Distribution | Eighth Distribution | Ninth Distribution |
|---|---|---|---|---|---|---|---|---|---|
| | 5/8/2013 | 10/24/2013 | 4/28/2014 | 10/28/2014 | 4/27/2015 | 10/29/2015 | 4/28/2016 | 7/14/2016 | 11/29/2016 |
| EUR 1,268,000.00 | EUR 160,136.80 | EUR 62,735.14 | EUR 67,427.82 | EUR 55,746.81 | EUR 44,661.42 | EUR 32,495.45 | EUR 9,095.73 | EUR 13,620.98 | EUR 25,059.67 |