ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
And Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,** : **08-13555 (SCC)**
:
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION
UNDER 28 U.S.C. § 1746 REGARDING THE
PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 32167**

Pursuant to 28 U.S.C. § 1746, the undersigned hereby certifies as follows:

1. On February 3, 2017, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed Plan Administrator's Objection to Claim Number 32167 [**ECF No. 54707**] (the "Objection") with the Court for hearing.

2. In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Claims Objection. The Response Deadline was set for March 6, 2017, at 4:00 p.m. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on

or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed. To the best of my knowledge, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced case in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Claims Objection, annexed hereto as Exhibit A, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: March 10, 2017

*/s/ Michael A. Rollin*
Michael A. Rollin
ROLLIN BRASWELL FISHER LLC
8350 E. Crescent Parkway, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 945-7415
Facsimile: (303) 974-7468

*Attorneys for Lehman Brothers Holdings Inc.*
*And Certain of Its Affiliates*

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------x
                                                                              :
**In re**                                                                     :    **Chapter 11 Case No.**
                                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                                  :    **08-13555 (SCC)**
                                                                              :
                                        Debtors.                              :    **(Jointly Administered)**
                                                                              :
------------------------------------------------------------------------------x

**ORDER GRANTING**
**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 32167**

Upon the Plan Administrator's Objection to Claim Number 32167 (Insufficient Documentation), filed by Wells Fargo, N.A. ("Claimant"), dated February 3, 2017 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking to disallow and expunge the Claim, all as more fully described in the Objection; and notice of the Objection having been provided to the Claimant, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the relief requested in the Objection is granted; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 32167 is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2017
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2