**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,<br><br>Debtors. | Chapter 11 Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |
| **In re:**<br><br>**LEHMAN BROTHERS INC.,**<br><br>Debtor. | Case No. 08-01420 (SCC) SIPA |

**STIPULATION AND AGREED ORDER BETWEEN THE CERTIFIED CLASS AND CLASS COUNSEL IN *AUSTIN v. CHISICK*, LEHMAN COMMERCIAL PAPER, INC., AND THE TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC. TO MODIFY THE AUTOMATIC STAYS**

This Stipulation and Agreed Order is entered into by and between (i) the certified class ("Certified Class") and counsel for the Certified Class ("Class Counsel") in *Austin v. Chisick*, No. SA-CV-01-0971 DOC (C.D. Cal.); (ii) Lehman Commercial Paper, Inc. ("LCPI"); and (iii) James W. Giddens, as trustee for the liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA Trustee").

**RECITALS**

A.    WHEREAS, on or about August 10, 2001, a class action complaint was filed in the adversary proceeding captioned *Aiello v. Lehman Commercial Paper Inc.*, Case No. 8:01-ap-01463-JB, in the United States Bankruptcy Court for the Central District of California, asserting claims arising out of alleged fraudulent lending practices by First Alliance Mortgage Company ("First Alliance") in originating mortgage loans;

1

B.    WHEREAS, on or about October 16, 2001, plaintiffs in the *Aiello* action moved to withdraw the reference of the *Aiello* action from the bankruptcy court. By order dated November 5, 2001, the United States District Court for the Central District of California ("California District Court") granted the motion and the action was subsequently re-captioned *Austin v. Chisick*, Case No. SA-CV-01-0971 DOC;

C.    WHEREAS, on August 22, 2002, lead plaintiffs in *Austin v. Chisick* filed their Second Amended Complaint, asserting claims against LBI and LCPI (collectively, "Lehman") for (i) equitable subordination pursuant to 11 U.S.C. § 510(c); (ii) aiding and abetting First Alliance's alleged fraudulent scheme; and (iii) unfair competition in violation of California Business & Professions Code § 17200 et seq. ("UCL"). Plaintiffs sought compensatory and punitive damages, equitable and injunctive relief (including equitable subordination), and costs and attorneys' fees;

D.    WHEREAS, by order dated November 25, 2002, the California District Court certified, in accordance with Federal Rule of Civil Procedure 23(a) and (b)(3), a class consisting of "all persons who acquired mortgage loans from First Alliance from May 1, 1996 through March 31, 2000, which were used as collateral for First Alliance's warehouse credit line with Lehman Commercial Paper, Inc. or were securitized in transactions underwritten by Lehman Brothers, Inc." In the same order, the California District Court designated Michael and Barbara Austin, Walter and Harriet Berringer, and George Jerolemon as representatives for the Class and appointed Lead Counsel and Class Counsel, including Lieff Cabraser Heimann & Bernstein, LLP;

E.    WHEREAS, by order dated February 7, 2003, the California District Court granted Lehman's motion for summary judgment with respect to plaintiffs' UCL claim and for

2

partial summary judgment with respect to plaintiffs' aiding and abetting claim, i.e., to the extent it encompassed the period from January 1, 1997 to December 30, 1998. Accordingly, plaintiffs' aiding and abetting claim (to the extent it had not been dismissed) and their equitable subordination claim remained for trial;

      F.      WHEREAS, plaintiffs' aiding and abetting claim was tried to a jury from February 14, 2003 to May 12, 2003, and their equitable subordination claim was tried concurrently to the California District Court;

      G.      WHEREAS, by order dated May 12, 2003 and entered on June 16, 2003, the California District Court granted Lehman summary judgment as to plaintiffs' claim for punitive damages;

      H.      WHEREAS, on June 16, 2003, the jury returned a verdict, setting $50,913,928 as plaintiffs' damages and allocating 10% of fault to Lehman;

      I.      WHEREAS, on July 30, 2003, in *In re First Alliance Mortgage Co.*, 298 B.R. 652 (C.D. Cal. 2003), the California District Court issued its findings of fact and conclusions of law, finding Lehman had aided and abetted First Alliance's fraud but denying plaintiffs' equitable subordination claim;

      J.      WHEREAS, on November 19, 2003, the California District Court entered judgment, ordering and adjudging, "All persons who acquired mortgage loans from First Alliance Mortgage Company ('First Alliance') from May 1, 1996 through March 31, 2000, which were used as collateral for First Alliance's warehouse credit line with Lehman Commercial Paper, Inc. or were securitized in transactions underwritten by Lehman Brothers, Inc., except for those individuals who have requested to be excluded from the Class, are members of the Plaintiff Class in the Austin v Chisick matter." The California District Court

further ordered and adjudged, "The members of the Class who acquired mortgage loans from First Alliance from December 30, 1998 through March 23, 2000, shall recover the sum of $5,091,392.80 from Defendants [LBI and LCPI] on their claim for aiding and abetting fraud" and the Class would "recover nothing on its other claims";

K. WHEREAS, on December 8, 2006, the Ninth Circuit Court of Appeals issued its decision in *Aiello v. Lehman Commercial Paper, Inc. (In re First Alliance Mortgage Co.)*, 471 F.3d 977 (9th Cir. 2006), which addressed plaintiffs' and Lehman's cross-appeals. The Ninth Circuit, among other things, affirmed the California District Court's holding imposing liability on Lehman for aiding and abetting a classwide fraud perpetrated by First Alliance but vacated the damages verdict and remanded for further proceedings on the proper calculation of damages;

L. WHEREAS, subsequent to the Ninth Circuit's decision, the parties engaged in arm's-length negotiations, which resulted in a settlement ("Settlement") memorialized in a settlement agreement dated August 15, 2007 ("Settlement Agreement");

M. WHEREAS, under the Settlement, LBI and LCPI agreed to provide relief to Class members in the amount of $2,000,000 and to pay for reimbursement of up to $1,500,000 of the costs and expenses Class Counsel have incurred on behalf of the Class; Class Counsel agreed not to seek attorneys' fees; and any award of costs and expenses would not come from the $2,000,000 recovery. As consideration for Lehman's payment under the Settlement, plaintiffs agreed to seek dismissal of the action with prejudice as to Lehman and to release and discharge Lehman from claims as set forth in the Settlement Agreement;

N. WHEREAS, following preliminary approval of the Settlement by the California District Court on June 6, 2008, claims administrator CPT Group, Inc. ("CPT Group") distributed

4

the Notice to Class Members of Settlement and of Class Plaintiffs' Counsel's Request for Reimbursement of Costs and Expenses ("Notice") and claim forms to approximately 7,300 Class members who were believed to be eligible to receive a recovery pursuant to the Settlement;

O. WHEREAS, subsequent to the California District Court's preliminary approval of the Settlement, LBI became the subject of a liquidation proceeding initiated by the Securities Investor Protection Corporation in the United States District Court for the Southern District of New York, and a September 19, 2008 order issued by that court imposed a stay of litigation under 11 U.S.C. § 362 against LBI and transferred the case to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") (Case No. 08-01420 ("SIPA Proceeding"));

P. WHEREAS, on October 5, 2008, LCPI filed a voluntary bankruptcy petition in the Bankruptcy Court (Case No. 08-13900) ("LCPI Bankruptcy Proceeding"), which conferred an automatic stay of litigation against LCPI pursuant to 11 U.S.C. § 362. By Order of the Bankruptcy Court dated October 6, 2008, Case No. 08-13900 was deemed related to *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555;

Q. WHEREAS, by Order dated October 15, 2008, the California District Court stayed the proceedings in *Austin v. Chisick* in accordance with the automatic stays in effect as to LBI and LCPI, vacated the October 27, 2008 hearing to determine whether to grant final approval to the Settlement, and ordered that the parties "shall submit a request and proposed order when it is appropriate to lift the stay";

R. WHEREAS, on November 7, 2008, the Bankruptcy Court in the SIPA Proceeding entered the Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication

of Claims; Fixing a Meeting of Customers and Other Creditors; and Fixing Interim Reporting Pursuant to SIPA ("Claims Process Order," ECF No. 241);

S.  WHEREAS, on January 28, 2009, the Bankruptcy Court entered the Stipulation and Agreed Order between the Certified Class in *Austin v. Chisick*, Lehman Commercial Paper, Inc., and the Trustee for the SIPA Liquidation of Lehman Brothers Inc. to Permit Limited Modification of the Automatic Stays (the "January 2009 Stipulation and Agreed Order," ECF No. 620), which provided for a limited modification of the automatic stays to allow the California District Court to (i) determine whether to grant final approval of the Settlement, including the amount of costs and expenses payable by LBI and LCPI to Class Counsel pursuant to the Settlement; and (ii) enter final judgment with respect to the Certified Class's claims against LBI and LCPI;

T.  WHEREAS, in accordance with the Claims Process Order, on January 30, 2009, Class Counsel timely filed a customer proof of claim form in the SIPA Proceeding on behalf of the Certified Class, represented by number 900004786 ("First Certified Class Claim"), seeking an undetermined amount estimated to be not less than $3,500,000;

U.  WHEREAS, in accordance with the Claims Process Order, on January 30, 2009, Class Counsel timely filed a customer proof of claim form in the SIPA Proceeding on behalf of Class Counsel, represented by number 900004495 ("First Class Counsel Claim"), seeking an undetermined amount estimated to be $1,500,000;

V.  WHEREAS, by order of March 11, 2009, the California District Court lifted in part the stay imposed in *Austin v. Chisick*, granted final approval of the Settlement, including the $2,000,000 recovery to the Certified Class, and awarded $1,500,000 to Class Counsel for reimbursement of their costs and expenses (collectively, the "Settlement & Costs Amounts");

6

W. WHEREAS, on April 1, 2009, the California District Court entered final judgment in *Austin v. Chisick* with respect to the Certified Class's claims against LBI and LCPI (a copy of the final judgment is attached as <u>Exhibit A</u> to this Stipulation and Agreed Order);

X. WHEREAS, on April 27, 2009, the SIPA Trustee issued a Notice of Trustee's Determination of Claim to Class Counsel denying customer treatment of the First Class Counsel Claim under SIPA and converting the First Class Counsel Claim to a general unsecured creditor claim, represented by number 9004495;

Y. WHEREAS, in accordance with the Claims Process Order and the January 2009 Stipulation and Agreed Order, on April 28, 2009, Class Counsel submitted a notice on behalf of the Certified Class and Class Counsel to counsel for the SIPA Trustee and counsel for LCPI that was treated as a general unsecured creditor proof of claim form in the SIPA Proceeding for the Certified Class and Class Counsel, represented by number 4395 ("Final Claim"), in the amount of $3,500,000;

Z. WHEREAS, the Certified Class and Class Counsel, by the Final Claim, did "revoke and withdraw" the First Certified Class Claim and the First Class Counsel Claim without prejudice in favor of the Final Claim;

AA. WHEREAS, on December 21, 2009, the SIPA Trustee issued a Notice of Trustee's Determination of Claim to the Certified Class denying customer treatment of the First Certified Class Claim under SIPA and converting the First Certified Class Claim to a general unsecured creditor claim, represented by number 9004786;

BB. WHEREAS, on March 11, 2013, the Bankruptcy Court in the SIPA Proceeding entered the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules

7

3007 and 9019(b) for Approval of General Creditor Claim Settlement Procedures (ECF No. 5847);

CC.    WHEREAS, the Certified Class and Class Counsel have an allowed claim in the LCPI Bankruptcy Proceeding for the Settlement & Costs Amounts in the amount of $3,500,000 ("LCPI Claim No. 4809");

DD.    WHEREAS, as of December 31, 2013, the Certified Class and Class Counsel had received aggregate distributions of $1,748,543.47 from LCPI with respect to LCPI Claim No. 4809;

EE.    WHEREAS, on December 31, 2013, the Certified Class and the SIPA Trustee entered into a Stipulation Regarding the Proofs of Claim of the Certified Class and Class Counsel in *Austin v. Chisick* (the "December 2013 Stipulation") providing, *inter alia*, that (i) the Certified Class thereby withdrew with prejudice the First Certified Class Claim (represented by number 9004786) and authorized the SIPA Trustee's claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), to reflect the withdrawal of the First Certified Class Claim on the official claims register; (ii) Class Counsel thereby withdrew with prejudice the First Class Counsel Claim (represented by number 9004495) and authorized Epiq to reflect the withdrawal of the First Class Counsel Claim on the official claims register; (iii) as of December 31, 2013, the Certified Class and Class Counsel collectively had an allowed, general unsecured creditor claim against the LBI estate in the amount of $1,751,456.53 (representing the difference between the Settlement & Cost Amounts and the amount received on LCPI Claim No. 4809 as of December 31, 2013) (the "Allowed LBI Claim") with respect to the Final Claim, which would constitute the full and final settlement of any and all claims that the Certified Class or Class Counsel have asserted against the LBI estate under or in connection with the transactions, accounts, and litigation that are the

subject of *Austin v. Chisick*, the First Certified Class Claim, the First Class Counsel Claim, and the Final Claim;

FF.    WHEREAS, the December 2013 Stipulation further provided that the Allowed LBI Claim would receive proportionately the same in payments or distributions (including with respect to the time and type of payments or distributions) for the Allowed LBI Claim as is or has been generally received by holders of allowed, general unsecured creditor claims against the LBI estate; *provided*, however, that the Certified Class and Class Counsel shall not be entitled to an aggregate distribution on account of the Allowed LBI Claim that is in excess of the Settlement & Costs Amounts less the total of distributions the Certified Class and Class Counsel have received from LCPI with respect to LCPI Claim No. 4809 and any additional distributions the Certified Class and Class Counsel may receive from LCPI with respect to LCPI Claim No. 4809 (collectively, "Total LCPI Distributions"), and if at any point the Certified Class and Class Counsel receive aggregate distributions from the LBI estate on account of the Allowed LBI Claim that together with the Total LCPI Distributions exceed the Settlement & Costs Amounts, Class Counsel shall promptly notify the SIPA Trustee's counsel and return the excess to the SIPA Trustee;

GG.    WHEREAS, since the December 2013 Stipulation, the Certified Class and Class Counsel have received additional distributions with respect to LCPI Claim No. 4809, bringing the total received with respect to LCPI Claim No. 4809 as of the date of this Stipulation and Agreed Order to $2,549,214.86;

HH.    WHEREAS, as of the date of this Stipulation and Agreed Order, the Certified Class and Class Counsel have received a total of $665,553.48 with respect to the Allowed LBI Claim, bringing the combined amount received with respect to LCPI Claim No. 4809 and the

9

Allowed LBI Claim as of the date of this Stipulation and Agreed Order to $3,214,768.34 (collectively, the "Received Settlement Proceeds");

II.     WHEREAS, it is possible the Certified Class and Class Counsel will receive additional distributions with respect to the Allowed LBI Claim and/or LCPI Claim No. 4809 ("Potential Additional Settlement Proceeds");

JJ.     WHEREAS, Class Counsel believes that, as it has been nearly eight years since the California District Court entered final judgment in *Austin v. Chisick* and as the SIPA Trustee reported on or about October 31, 2016 that the winding down of the LBI estate is in a phase of substantial completion, now is an appropriate time to move the California District Court for an order allowing for distribution of the Received Settlement Proceeds and Potential Additional Settlement Proceeds (collectively, the "Settlement Proceeds") to eligible members of the Certified Class and Class Counsel, and to allow those distributions to proceed in accordance with any such order;

KK.     WHEREAS, LCPI and the SIPA Trustee do not object to the distribution of the Settlement Proceeds in a manner approved by the California District Court, but assume no responsibility or liability with respect to any such distribution, as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties, subject to the approval of the Bankruptcy Court, that:

1.     Upon entry of this Stipulation and Agreed Order, the automatic stays currently in effect as to LBI and LCPI shall be modified solely to allow Class Counsel to move the California District Court for distribution of the Settlement Proceeds; for the California District Court to rule

on Class Counsel's motion; and for Class Counsel, in coordination with CPT Group, to cause the Settlement Proceeds to be distributed as ordered by the California District Court.

2. The modification of the automatic stays shall take effect immediately upon entry of this Stipulation and Agreed Order and shall not be subject to the 10-day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3).

3. Neither this Stipulation and Agreed Order nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary to (a) obtain approval of or to enforce this Stipulation and Agreed Order; (b) seek damages or injunctive relief in connection therewith; or (c) prove that the automatic stays have been temporarily modified to allow *Austin v. Chisick* to proceed in the California District Court on the terms and conditions set forth herein.

4. The Bankruptcy Court shall retain jurisdiction (and the Certified Class and Class Counsel consent to such retention of jurisdiction) to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to the Stipulation and Agreed Order shall be brought on proper notice and in accordance with relevant Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Southern District of New York, and any orders of the Bankruptcy Court.

5. This Stipulation and Agreed Order is subject to the approval of the Bankruptcy Court, and the terms and provisions of the agreement contained herein shall be void and of no further force and effect if such approval is not granted.

6. Each of the undersigned counsel represents that he or she is authorized to execute this Stipulation and Agreed Order on behalf of his or her respective client(s).

7. This Stipulation and Agreed Order may be executed in multiple counterparts, any of which may be transmitted by e-mail or facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without written consent of all parties hereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

**AGREED AS SET FORTH BELOW:**

**THE CERTIFIED CLASS and CLASS COUNSEL in *AUSTIN v. CHISICK***

By: /s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000

Steven E. Fineman
Michael J. Miarmi
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
(212) 355-9500

*Counsel for the Certified Class in* Austin v. Chisick

**LEHMAN COMMERCIAL PAPER, INC.**

By:  /s/ Jacqueline Marcus
Jacqueline Marcus
Garrett A. Fail
**WEIL GOTSHAL & MANGES, LLP**
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Counsel for Lehman Commercial Paper, Inc.*

**JAMES W. GIDDENS, TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC.**

By:  /s/ Jordan E. Pace
James B. Kobak, Jr.
Christopher K. Kiplok
Jordan E. Pace
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

*Counsel for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.*


**SO ORDERED**:


Dated:  March 20, 2017

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE