# WILLKIE FARR & GALLAGHER LLP

PAUL SHALHOUB
212 728 8764
pshalhoub@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 30, 2017

**BY ECF AND EMAIL**

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
  Southern District of New York
One Bowling Green
New York, NY 10004

Attn:   Jamie M. Eisen, Esq.

Re:   Lehman Brothers Holdings Inc., et al.
      Case No. 08-13555 (SCC) (the "LBHI Debtors")

Dear Ms. Eisen:

Attached for the Court's information please find a copy of a letter agreement regarding that certain RMBS Trust Settlement Agreement entered into as of November 30, 2016, and modified as of March 17, 2017 (the "Settlement Agreement"), by and among the LBHI Debtors, the Institutional Investors and, upon acceptance as described in the Settlement Agreement, the Accepting Trustees (each as defined in the Settlement Agreement). A copy of the Settlement Agreement was attached as Exhibit B to Docket No. 55096 in the above-referenced cases.

Please do not hesitate to contact me if you have any questions.

Respectfully submitted,

Paul V. Shalhoub

Attachment

cc:   Robert Madden, Esq.
      Each of the parties to the attached letter

# WILLKIE FARR & GALLAGHER LLP

PAUL SHALHOUB
212 728 8764
pshalhoub@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 28, 2017

**By Email Transmission**

| | |
|---|---|
| Franklin H. Top III<br>Scott A. Lewis<br>CHAPMAN AND CUTLER LLP<br>111 West Monroe Street<br>Chicago, Illinois 60603 | M. William Munno<br>Daniel E. Guzmán<br>SEWARD & KISSEL LLP<br>One Battery Park Plaza<br>New York, New York 10004 |
| Michael S. Kraut<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Ave.<br>New York, New York 10178<br><br>*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts* | *Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts* |
| John C. Weitnauer<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br><br>*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* | Dennis Drebsky<br>NIXON PEABODY LLP<br>437 Madison Avenue<br>New York, New York 10022<br><br>*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* |

Dear Gentlemen:

Reference is made to that certain RMBS Trust Settlement Agreement entered into as of November 30, 2016, and modified as of March 17, 2017 (the "Settlement Agreement"), by and among the LBHI Debtors, the Institutional Investors and, upon acceptance as described in the Settlement Agreement, the Accepting Trustees. Capitalized terms used but not defined herein have the meanings given them in the Settlement Agreement.

Pursuant to Section 2.01 of the Settlement Agreement, the parties contemplated that a chambers conference would be held to inform the Bankruptcy Court of the existence and terms of the Settlement Agreement. Section 2.01 of the Settlement Agreement further provided that, at the

chambers conference, the Plan Administrator and the Trustees would inform the Bankruptcy Court that they believe it is appropriate to suspend the Protocol until the earlier of the conclusion of the Estimation Hearing or the termination of the Settlement Agreement.

On March 22, 2017, the LBHI Debtors filed the Scheduling Motion contemplated by Section 2.03(a) of the Settlement Agreement. [Docket No. 55096] A copy of the Settlement Agreement was attached as Exhibit B to the Scheduling Motion.

Because the Settlement Agreement is attached to the Scheduling Motion, the Bankruptcy Court knows of its existence and terms. Thus, the undersigned hereby acknowledge and agree that the chambers conference contemplated by Section 2.01 of the Settlement Agreement is not necessary.

In addition, the undersigned also hereby acknowledge and agree that the Protocol shall be suspended until the earlier of the conclusion of the Estimation hearing or the termination of the Settlement Agreement; *provided, however,* that such suspension of the Protocol shall not in any way impact or affect the Trustees' appeal of the District Court's affirmation [Docket No. 54934] of the Bankruptcy Court's order [Docket No. 53163] which, among other things, disallowed and expunged the Transferor Loans.

Please indicate your confirmation and agreement to the above by countersigning below and returning your signature pages to me. We will file this letter on the docket of the Bankruptcy Court upon receiving executed signature pages from each of the parties below.

Very truly yours,

Paul V. Shalhoub


cc: Robert Madden

Page 3 of 3
March 28, 2017

ACKNOWLEDGED AND AGREED:

_____
Franklin H. Top III
Scott A. Lewis
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603

Michael S. Kraut
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, New York 10178

*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts*

_____
John C. Weitnauer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

_____
M. William Munno
Daniel E. Guzmán
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts*

_____
Dennis Drebsky
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022

*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*