B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.,                    Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Deutsche Bank AG, London Branch** | **Super Caspian Cayman Fund Limited** |

Name and Address where notices to transferee should be sent:

c/o Deutsche Bank Securities Inc.
60 Wall Street
New York, NY 10005
Attn : Rich Vichaidith
Email : richard.vichaidith@db.com

Court Claim # (if known): 63582

Transferred Claim Amount: $406,385.68
Date Claim Filed:
Last Four Digits of Acct #: N/A

ISIN: AU300LBTC011

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
    Transferee/Transferee's Agent

By: _____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*PARTIAL Transfer of LBHI Claim # 63582*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **SUPER CASPIAN CAYMAN FUND LIMITED** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **DEUTSCHE BANK AG, LONDON BRANCH** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 63582 filed by Seller's predecessors-in-title (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc. (the "Debtor"), as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto. Except to the extent set forth herein, Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Transferred Claims, Purchased Security or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or any of its affiliates (including, without limitation, Caspian Alpha Long Credit Fund, L.P.) or against Seller or any of its affiliates (including, without limitation, Caspian Alpha Long Credit Fund, L.P.); (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) neither Seller nor any of its affiliates (including, without limitation, Caspian Alpha Long Credit Fund, L.P.) have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding claims of the same class and type; (g) (x) (i) on or about April 17, 2012 Seller or any of its predecessors-in-title received the first distribution from the Debtor relating to the Transferred Claims totaling the amount of **$14,667.39**, (ii) on or about October 1, 2012 Seller or one of its predecessors-in-title received the second distribution from the Debtor relating to the Transferred Claims totaling the amount of **$9,897.84**, (iii) on or about April 4, 2013 Seller or one of its predecessors-in-title received the third distribution from the Debtor relating to the Transferred Claims totaling the amount of **$12,501.70**, (iv) on or about October 3, 2013 Seller or one of its predecessors-in-title received the fourth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$14,822.17**, (v) on or about April 3, 2014 Seller or one of its predecessors-in-title received the fifth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$16,100.33**, (vi) on or about October 2, 2014 Seller or one of its predecessors-in-title received the sixth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$12,083.29**, (vii) on or about April 2, 2015 Seller or one of its predecessors-in-title received the seventh

distribution from the Debtor relating to the Transferred Claims totaling the amount of **$8,246.12**, (viii) on or about October 2, 2015 Seller or one of its predecessors-in-title received the eighth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$6,289.47**, (ix) on or about March 31, 2016 Seller or one of its predecessors-in-title received the ninth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$1,745.34**, (x) on or about June 16, 2016 Seller or one of its predecessors-in-title received the tenth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$2,599.04**, (xi) on or about October 6, 2016 Seller or one of its predecessors-in-title received the eleventh distribution from the Debtor relating to the Transferred Claims totaling the amount of **$4,569.36** and (y) (i) on or about May 8, 2013 Seller or one of its predecessors-in-title received the first distribution from Lehman Brothers Treasury Co. B.V. ("LBT") relating to the Purchased Security totaling the amount of **AUD 43,784.09**, (ii) on or about October 28, 2013 Seller or one of its predecessors-in-title received the second distribution from LBT relating to the Purchased Security totaling the amount of **AUD 19,139.37**, (iii) on or about April 28, 2014 Seller or one of its predecessors-in-title received the third distribution from LBT relating to the Purchased Security totaling the amount of **AUD 21,383.21**, (iv) on or about October 28, 2014 Seller or one of its predecessors-in-title received the fourth distribution from LBT relating to the Purchased Security totaling the amount of **AUD 17,462.09**, (v) on or about April 27, 2015 Seller or one of its predecessors-in-title received the fifth distribution from LBT relating to the Purchased Security totaling the amount of **AUD 13,340.38**, (vi) on or about October 29, 2015 Seller or one of its predecessors-in-title received the sixth distribution from LBT relating to the Purchased Security totaling the amount of **AUD 11,009.05**, (vii) on or about April 28, 2016 Seller or one of its predecessors-in-title received the seventh distribution from LBT relating to the Purchased Security totaling the amount of **AUD 2,842.04**, (viii) on or about July 14, 2016 Seller or one of its predecessors-in-title received the eighth distribution from LBT relating to the Purchased Security totaling the amount of **AUD 4,332.09**, and (ix) on or about November 29, 2016 Seller or one of its predecessors-in-title received the ninth distribution from LBT relating to the Purchased Security totaling the amount of **AUD 7,778.18**; (h) other than the distributions set out herein, neither Seller nor any of its predecessors-in-title has received any distributions in respect of the Transferred Claims and/or Purchased Security; and (i) the Evidence of Transfer of Claim that was entered into by and between Caspian Alpha Long Credit Fund, L.P. ("Caspian Alpha"), as seller, and Seller, as buyer, that was filed with the Court on March 16, 2012, under docket number 26642 (the "Filed Transfer Documentation") is the only transfer documentation entered into between Caspian Alpha and Seller with respect to the claims referenced in the Filed Transfer Documentation

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of November 2, 2016, in respect of the Transferred Claims and Purchased Security to Purchaser (including, for the avoidance of doubt, any distributions received by Seller on or after the trade date of November 2, 2016, including, without limitation, the distributions made by LBT on or around November 29, 2016). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar

transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signatures appear on following page]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **22nd** day of February, 2017.

| SUPER CASPIAN CAYMAN FUND LIMITED | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: *[signature]* <br> Name: <br> Title: <br><br> Chris Manz <br> Caspian Capital LP <br> 767 Fifth Avenue, 45th Floor <br> New York, New York 10153 <br> Tel (212) 826 – 7346 <br> Email: cmanz@caspianlp.com | By: *[signature]* <br> Name: <br> Title: <br><br> By: *[signature]* <br> Name: <br> Title: <br><br> c/o Deutsche Bank Securities Inc. <br> 60 Wall Street <br> New York, NY 10023 <br> Attn: Rich Vichaidith <br> Email: Richard.vichaidith@db.com |

Schedule 1

Transferred Claims

Purchased Portion

As set forth below

| Proof of Claim | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of the Purchased Security | Purchased Portion of Allowed Claim Amount |
|---|---|---|---|---|---|
| 63582 | AU300LBTC011 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 500,000.00 | USD 406,385.68 |

Schedule 1