UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                : Chapter 11
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    : Case No. 08-13555 (SCC)
                                                                     :
                        Debtors.                             : (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO THE FOUR HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS) AND GRANTING CLAIMANTS LEAVE TO AMEND CLAIMS

Upon (i) the four hundred thirty-first omnibus objection to claims (reduce and allow claims) (the "Four Hundred Thirty-First Omnibus Objection"), dated August 20, 2013 [ECF No. 39569], of Lehman Brothers Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], and (ii) the Plan Administrator's Supplemental Objection to the Four Hundred Thirty-First Omnibus Objection to Claims (Reduce and Allow Claims) [ECF No. 50054] (the "Supplemental Objection" and, together with the Four Hundred Thirty-First Omnibus Objection, the "Plan Administrator's Objection"),[1] seeking to (A) disallow: (i) damages for defamation, (ii) compensatory damages for the period subsequent to October 22, 2007, and (iii) punitive damages, asserted in proofs of claim numbers 5222, 5223, 5224, 5225, 5226 and 5227 (collectively, the "Claims" and each a "Claim"), and (B) approve the Claim Reduction Procedures and direct Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda Howard-

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Supplemental Objection.

James, Isabel Guajardo, and Coleen Denise Colombo (collectively, the "Claimants") to comply with such procedures, as more fully described in the Plan Administrator's Objection; and upon the responses filed by Claimants to the Four Hundred Thirty-First Omnibus Objection [ECF No. 40127] and the Supplemental Objection [ECF No. 50457]; and the Court having held a hearing on the Plan Administrator's Objection on August 4, 2015 (the "Hearing"); and due and proper notice of the Plan Administrator's Objection and the Hearing having been provided, and it appearing that no other or further notice need be provided; and upon the Court's consideration of the Plan Administrator's Objection and the record of the Hearing [ECF No. 51194]; and after due deliberation, for the reasons set forth in the decision of the Court read into the record at the hearing held on April 13, 2017 (the "Bench Decision") [ECF No. 55175]; it is hereby

ORDERED that the relief requested in the Plan Administrator's Objection is granted to the extent set forth in the Bench Decision, which is incorporated herein by reference; and it is further

ORDERED that each Claim fails to state a claim for defamation; and it is further

ORDERED that the Claimants' Claims for lost wages from BNC Mortgage Inc. after October 22, 2007 (the "Post Oct. 22 Lost Wages") are denied with prejudice; and it is further

ORDERED that Claimants' Claims for punitive damages are denied with prejudice; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and Rule 7012 of the Federal Rules of Bankruptcy Procedure, each Claim is disallowed to the degree and the extent of any asserted (i) damage for Post Oct. 22 Lost Wages, and (ii) punitive damages; and it is further

ORDERED that the following procedures (the "Claim Reduction Procedures") are approved:

- Each Claimant shall have thirty (30) calendar days from entry of this Order to deliver a written notice (a "Claim Reduction Notice") to the Plan Administrator (c/o Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq.) amending her Claim to eliminate any claims for (i) punitive damages, (ii) Post Oct. 22 Lost Wages, and (iii) defamation; provided however, that each Claimant may further amend her Claim to (A) replead her cause of action for defamation if she pleads the substance of any allegedly defamatory statements made, and (B) assert a claim for damages on account of alleged loss of earning capacity if she pleads the basis for such claim. Each Claimant shall include in any amended Claim a brief description of the basis for the amounts sought therein.

- Upon the Plan Administrator's timely receipt of a Claim Reduction Notice, the corresponding Claim listed on such notice shall be deemed amended and the claims agent for these Chapter 11 Cases, Epiq Bankruptcy Solutions LLC, shall be directed to update the claims register to reflect the reduced amount of the Claim.

- Notwithstanding anything contained in the Claim Reduction Procedures or a Claim Reduction Notice to the contrary, the Plan Administrator reserves all rights to object on any other basis to any of the Claims reduced or otherwise amended pursuant to a Claim Reduction Notice.

- In the event that the Claim Reduction Notice is not timely submitted, absent an extension agreed upon between the Plan Administrator and the Claimant or an order entered by the Court, the corresponding Claim shall be expunged and disallowed in its entirety with prejudice.

; and it is further

ORDERED that the Claimants are directed to comply with the Claim Reduction Procedures; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: May 8, 2017
       New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE