UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re                                                           :   Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS, INC., et al.,   :   08-13555 (SCC)
                                                                :
              Debtors.                                      :   (Jointly Administered)
                                                                :
----------------------------------------------------------------x

### ORDER MODIFYING THE AMENDED ORDER PROVIDING FOR ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

The Court having entered the *Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No. 29507] (the "Amended SPV Derivatives ADR Order") on July 21, 2012, and the Amended SPV Derivatives ADR Order having imposed certain monthly reporting requirements; and the volume of Disputed SPV Transactions[1] having substantially decreased; and LBHI and its affiliated debtors having requested that the Court reduce the frequency of the reporting required by the Amended SPV Derivatives Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that paragraph 13 of the Amended SPV Derivatives ADR Order is hereby amended to delete the stricken text and to add the double-underlined text, as set forth below:

> Confidentiality. The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order. No oral or written statements or

---

[1] All capitalized terms used but not defined herein shall the meaning ascribed to such terms in the Amended SPV Derivatives ADR Order.

arguments made or positions taken by the mediator or the Parties during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such Parties or their attorneys and advisors to the Court or any third party; *provided*, *however*, that SPV Trustees may disclose such statements, arguments and positions as may become necessary with their respective Noteholders and advisors subject to these same confidentiality provisions, *provided* that such Noteholders and their advisors agree to maintain the confidentiality of any such information received. Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible. In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order, ~~the mediator or a designee~~ <u>LBHI</u> shall ~~continue of a monthly basis~~<u>,</u> <u>in June and December of each year</u>, ~~to~~ report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of SPV Derivatives ADR Notices served, the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached following service of ADR Notices. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and the Mediation Stage. Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

; and it is further

ORDERED that, except as provided herein, the Amended SPV Derivatives Order shall remain in full force and effect.

Dated: New York, New York
        May 10, 2017

                                       /S/ Shelley C. Chapman
                                       Honorable Shelley C. Chapman
                                       United States Bankruptcy Judge