# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al*.    Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **Värde Investment Partners, L.P.** | **Deutsche Bank AG, London Branch** |
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim No.: 25450 |
| | Amount of Claim Transferred: $236,349,400.00, plus all interest, fees and other recoveries due. |
| 901 Marquette Avenue South<br>Suite 3300<br>Minneapolis, MN 55402<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com | Date Claim Filed: September 21, 2009 |
| | Phone: |
| Last Four Digits of Acct. #: | Last Four Digits of Acct. #: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE INVESTMENT PARTNERS, L.P.**

By Värde Investment Partners G.P., LLC,
Its General Partner
By Värde Partners, L.P.,
Its Managing Member
By Värde Partners, Inc.,
Its General Partner

By: _____[signature]_____        Date: _____May 11, 2017_____
Name:    **Scott Hartman**
Title:    **Senior Managing Director**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-2005/CERTS/5298372.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*          Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 25450 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on        .

| **Deutsche Bank AG, London Branch** | **Värde Investment Partners, L.P.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor:<br>c/o Deutsche Bank Securities Inc.<br>60 Wall Street, 3rd Floor<br>New York, New York 10005<br>Attn: Rich Vichaidith<br>Email: richard.vichaidith@db.com<br>Tel: 212-250-5760 | Address of Transferee<br>901 Marquette Avenue South<br>Suite 3300<br>Minneapolis, MN 55402<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com |
|  |  |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                                            CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH**("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **VÄRDE INVESTMENT PARTNERS, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 25450 filed by Seller's predecessors-in-title (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Claim") against Lehman Brothers Holdings, Inc. (the "Debtor"), as issuer of the Purchased Security specified on Schedule 1 hereto and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims").  Except to the extent set forth herein, Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Transferred Claims, Purchased Security or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or any of its affiliates or against Seller or any of its affiliates; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding claims of the same class and type; (f) (i) on or about April 17, 2012 Seller or any of its predecessors-in-title received the first distribution from the Debtor relating to the Transferred Claims totaling the amount of **$14,237,267.15**, (ii) on or about October 1, 2012 Seller or any of its predecessors-in-title received the second distribution from the Debtor relating to the Transferred Claims totaling the amount of **$9,015,765.30**, (iii) on or about April 4, 2013 Seller or any of its predecessors-in-title received the third distribution from the Debtor relating to the Transferred Claims totaling the amount of **$11,754,265.44**, (iv) on or about October 3, 2013 Seller or any of its predecessors-in-title received the fourth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$13,569,014.13**, (v) on or about April 3, 2014 Seller or any of its predecessors-in-title received the fifth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$15,059,283.27**, (vi) on or about October 2, 2014 Seller or any of its predecessors-in-title received the sixth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$10,946,106.49**, (vii) on or about April 2, 2015 Seller or any of its predecessors-in-title received the seventh distribution from the Debtor relating to the Transferred Claims totaling the amount of **$7,522,114.00**, (viii) on or about October 2, 2015 Seller or any of its predecessors-in-title received the eighth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$5,629,050.94**, (ix) on or about March 31, 2016 Seller or any of its predecessors-in-title the ninth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$1,606,588.68**, (x) on or about June 16, 2016 Seller or any of its predecessors-in-title received the tenth distribution from the Debtor relating to the Transferred

Claims totaling the amount of **$2,355,134.62**, (xi) on or about October 6, 2016 Seller or any of its predecessors-in-title received the eleventh distribution from the Debtor relating to the Transferred Claims totaling the amount of **$3,990,408.55** and (xii) on or about April 6, 2017 Seller or any of its predecessors-in-title received the twelfth distribution from the Debtor relating to the Transferred Claims totaling the amount of **$3,084,553.47**; and (g) other than the distributions set out herein, neither Seller nor any of its predecessors-in-tile or any entity on their behalf has received any distributions in respect of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event, except for the April Distribution (as hereafter defined), no later than three (3) business days) remit any payments, distributions or proceeds received by Seller or any of its predecessors in title on or after October 27, 2016, in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions received by Seller on or about April 6, 2017, which total at least the sum of $3,084,553.47 (the "April Distribution")). Purchaser acknowledges receipt of the April Distribution.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___11th___ day of May, 2017.

| | |
|---|---|
| **VÄRDE INVESTMENT PARTNERS, L.P.**<br>By: Värde Investment Partners G.P., LLC, Its General Partner<br>By: Värde Partners, L.P., Its Managing Member<br>By: Värde Partners, Inc., Its General Partner<br><br>By: _[signature]_<br>Name:<br>Title:  **Scott Hartman**<br>         **Senior Managing Director**<br>Address:<br>901 Marquette Ave S., Suite 3300<br>Minneapolis, MN 55402<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com | **DEUTSCHE BANK AG, LONDON BRANCH**<br><br>By:_____<br>Name:<br>Title:<br><br>By:_____<br>Name:<br>Title:<br><br>Address:<br>c/o Deutsche Bank Securities Inc.<br>60 Wall Street, Floor 3<br>New York, NY 10023<br>Attn:  Rich Vichaidith<br>Email:  Richard.Vichaidith@db.com |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___11th___ day of May, 2017.

| VÄRDE INVESTMENT PARTNERS, L.P. | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: Värde Investment Partners G.P., LLC, Its General Partner | |
| By: Värde Partners, L.P., Its Managing Member | By: _____ |
| By: Värde Partners, Inc., Its General Partner | Name:<br>Title: |
| By: _____<br>Name:<br>Title: | By: _____<br>Name:<br>Title: |
| Address:<br>901 Marquette Ave S., Suite 3300<br>Minneapolis, MN 55402<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com | Address:<br>c/o Deutsche Bank Securities Inc.<br>60 Wall Street, Floor 3<br>New York, NY 10023<br>Attn: Rich Vichaidith<br>Email: Richard.Vichaidith@db.com |

Schedule 1

Transferred Claims

Purchased Claim

As set forth below

| Proof of Claim | ISIN/CUSIP | Issuer | Principal/Notional Amount of the Purchased Security | Purchased Claim |
|---|---|---|---|---|
| Senior Note | US52522L4344 | Lehman Brothers Holdings Inc. | USD 235,760,000.00 / 4,000,000.00 Units | USD 236,349,400.00 |