**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x
:   **Chapter 11**
**In re:**                               :
:   **Case No. 08-13555 (SCC)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :
:
**Debtors.**                         :
_____ x

# LEHMAN BROTHERS HOLDINGS INC.'S MOTION TO ESTIMATE PROOF OF CLAIM 29759 FOR PURPOSES OF ALLOWANCE

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Counsel for Lehman Brothers Holdings Inc.*

May 11, 2017

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

JURISDICTION .............................................................................................................................2

BACKGROUND .............................................................................................................................2

    A.    The Letter of Credit and Related Agreements .........................................................2

    B.    SCB's Claim ............................................................................................................4

RELIEF REQUESTED ....................................................................................................................5

BASIS FOR RELIEF REQUESTED ..............................................................................................7

    A.    The Court Should Estimate the Claim Pursuant to 502(c).......................................7

    B.    Liquidation of the Contingent Claim is Not Feasible
          and Would Unduly Delay Administration of the Cases...........................................9

    C.    The Plan Administrator's Proposed Schedule Is Appropriate ...............................10

CONCLUSION..............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Case**                                                                                          **Page(s)**

*Croton River Club, Inc. v. Half Moon Bay Homeowners Assoc. Inc. (In re Croton River Club, Inc.)*, 52 F.3d 41 (2d Cir. 1995) .................................................................................10

*Fostvedt v. Dow (In re Fostvedt)*,
823 F.2d 305 (9th Cir. 1987) ..........................................................................................9

*In re Adelphia Business Solutions, Inc.*,
341 B.R. 415 (Bankr. S.D.N.Y. 2003) ............................................................................7

*In re Alper Holdings USA,*
No. 07-12148, 2008 WL 4186333 (Bankr. S.D.N.Y. Sept. 10, 2008) .............................9

*In re Chemtura Corp.*,
448 B.R. 635 (Bankr. S.D.N.Y. 2011) ............................................................................8

*In re Club Ventures Investment LLC*,
Case No. 11-10891, 2012 WL 6139082 (Bankr. S.D.N.Y. Dec. 11, 2012) ..............7, 10

*In re Delta Air Lines, Inc.*,
No. 05-17923, 2010 WL 423279 (Bankr. E.D.N.Y. Feb. 3, 2010) ..................................8

*In re Eagle Bus Manufacturing, Inc.*,
158 B.R. 421 (S.D. Tex. 1993) .......................................................................................8

*In re Enron Creditors Recovery Corp.*,
370 B.R. 64 (Bankr. S.D.N.Y. 2007) ..............................................................................9

*In re Lionel L.L.C.*,
No. 04-17324, 2007 WL 2261539 (Bankr. S.D.N.Y. Aug. 3, 2007) ....................7, 8, 10

*In re Thomas McKinnon Securities, Inc.*,
191 B.R. 976 (Bankr. S.D.N.Y. 1996) ............................................................................8

*In re Windsor Plumbing Supply Co.*,
170 B.R. 503 (Bankr. E.D.N.Y. 1994) ............................................................................8

*Nicholes v. Johnny Appleseed of Wash. (In re Nicholes)*,
184 B.R. 82 (9th Cir. BAP 1995) ...................................................................................9

**Other Authorities**

11 U.S.C. § 502(c) ........................................................................................................1, 5, 7, 10, 11

11 U.S.C. § 502(a) ........................................................................................................................10

28 U.S.C. § 1334 ............................................................................................................................2

28 U.S.C. § 157(b) .........................................................................................................................2

28 U.S.C. § 1408 ............................................................................................................................2

28 U.S.C. § 1409 ............................................................................................................................2

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of LBHI and Its Affiliated Debtors, for LBHI and certain of its subsidiaries, together with the Declaration of Michael Ferraro, dated May 8, 2017 (the "Ferraro Decl."), moves to Estimate Proof of Claim 29759 for Purposes of Allowance (the "Motion"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Section 502(c) of the Bankruptcy Code requires the Court to estimate any contingent and unliquidated claim, the liquidation of which would unduly delay the administration of a bankruptcy estate. *See* 11 U.S.C. § 502(c). LBHI is in the process of completing the administration of the balance of the estates, and seeks to estimate the Claim[1] so that it does not have to delay completion of administration until 2024, the scheduled expiration of the letter of credit on which the Claim is based.

2. The unliquidated portion of the Claim is based on a letter of credit securing against early Termination of the lease on the New York headquarters of the international law firm, Cadwalader, Wickersham & Taft, LLP ("CWT") at 200 Liberty Street. If —and only if— CWT either defaults on its lease or enters bankruptcy and rejects it, then the landlord at 200 Liberty Street may draw on the letter of credit.

3. Failure to estimate the Claim would undoubtedly "unduly delay" the "administration of the case." 11 U.S.C. § 502(c). LBHI is attempting to complete its administration under the Plan that has been effective for five years, and it would be impractical and wasteful to wait until 2024 to fix or liquidate the Claim with certainty.

---

[1] Capitalized terms are defined below.

4.  An estimation of the Claim will require the Court to evaluate the probability that the LC will be drawn upon, and in what amount, prior to expiration in 2024. To provide an evidentiary basis for the Court to make an estimation of the Claim for purposes of allowance, the Plan Administrator requests this Court permit limited discovery and briefing prior to a hearing to estimate the Claim. The Plan Administrator believes that estimation in this matter may be accomplished by documentary submissions, including facts learned in discovery, possible expert reports and testimony, and argument of the parties. This process would preserve judicial and estate resources while still providing the Court with the information it will need to estimate the Claim.

## JURISDICTION

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan.

6.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.  The Letter of Credit and Related Agreements**

8.  On June 26, 1998, Standard Chartered Bank ("SCB") entered a letter of credit agreement with LBHI, Lehman Brothers Inc. ("LBI"), and Lehman Brothers International ("LBIE") (as amended by Amendment No. 1 on March 8, 2004) which provided that SCB would issue letters of credit for the account of, *inter alia*, LBHI under its terms and conditions (the "LC Agreement"). Ferraro Decl.,[2] ¶ 6.

---

[2] Citations to the Declaration of Michael Ferraro in Support of Lehman Brothers Holdings Inc.'s Motion to Estimate Proof of Claim 29759 for Purposes of Allowance, dated May 8, 2017, are in the form "Ferraro Decl., ¶ __."

2

9. WFP Tower A Co. Limited Partnership ("WFP Tower") leased to LBI part of the building at 200 Liberty Street, New York, New York. *Id.*, ¶ 9. After litigation ensued between WFP Tower and LBHI, the lease was amended on March 15, 2004 (the "Third Amendment"). *Id.* Under the Third Amendment, a portion of the premises demised to LBI was leased to CWT (the "CWT Lease"). *Id.*, ¶ 10. Under the Third Amendment, LBI was required to post a letter of credit with WFP Tower to secure a portion of the CWT Lease. *Id.*

10. Based on publicly available information, CWT is an international law firm with over 450 lawyers and the leased premises constitute its headquarters and the office in which the majority of its attorneys work. *See id.* ¶ 18.

11. Upon the application of LBHI, SCB issued an Irrevocable Standby Letter of Credit, dated March 10, 2004, in favor of WFP Tower in the amount of $36,114,000.00 (the "LC"). *See* Claim,[3] Exs. A; C, § 7.

12. As set forth in Third Amendment § 7(b), upon the 10th anniversary of the Commencement Date of the CWT Lease, which occurred in 2014, the LC was reduced to $18,057,000.00. *See* Claim, Ex. C, § 7(b). WFP Tower still holds the LC which renews annually until July 30, 2024. On the 15th anniversary of the commencement date of the CWT Lease in 2019, the LC will further reduce to $9,028,500.00. *See id.*

13. The LC Agreement provides that LBHI, as borrower, will reimburse SCB for any drawing on the LC if any beneficiary makes a drawing. *See* Claim, Ex. B, § 2.

14. WFP Tower may only draw on the LC under limited circumstances, the only relevant one for purposes of this Motion being Termination, which is defined as termination by a

---

[3] A copy of the Claim (as defined below) is attached to the Ferraro Declaration as Exhibit 1. Citations to the exhibits attached to the Claim as in the form "Claim, Ex. __."

3

default by CWT or a rejection of the CWT lease in a bankruptcy proceeding. *See* Ferraro Decl. ¶ 14.

15.     To date, upon information and belief, there has been no Termination of the CWT Lease and LBHI has received no notice that the CWT Lease is in default and subject to termination. *See* Ferraro Decl., ¶ 14.

16.     The LC expires on July 30, 2024, coincident with the scheduled expiration of the CWT Lease. *See id.* ¶ 16.

**B.     SCB's Claim**

17.     On September 15, 2008, LBHI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was continued in the operation of its businesses and possession of its assets as a debtor in possession. *See id.* ¶ 3.

18.     On December 6, 2011, the Court approved and entered an order (ECF No. 23023) confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"). *See id.* ¶ 4. The Plan became effective on March 6, 2012. Under the Plan, LBHI was appointed Plan Administrator for itself and the other reorganized debtors.

19.     On September 22, 2009, SCB filed Proof of Claim 29759 (the "Claim"). *See* Ferraro Decl., Ex. 1.

20.     The Claim seeks reimbursement for (i) SCB's outstanding fees under the LC Agreement with respect to the LC, and (ii) any future drawing that may be made under the LC. *Id.* at 2-4.

4

21. Based upon information currently available to it, the Plan Administrator believes that there is virtually no risk that CWT will terminate and default on the CWT Lease, or that the CWT Lease would be rejected in a bankruptcy proceeding. *See id.* ¶ 18.

22. However, to obtain financial information with respect to CWT that confirms LBHI's belief, LBHI requests the opportunity to conduct limited discovery prior to the hearing on this Motion. Specifically, LBHI intends to seek document discovery, and possibly a deposition, from SCB, concerning its internal accounting treatment of the contingent liability reflected by the LC, of CWT, concerning its financial condition and likely ability to avoid Termination of the CWT Lease, and of WFP Tower, concerning any agreements with CWT, CWT's financial condition and CWT's likely ability to avoid Termination of the CWT Lease. LBHI also believes expert discovery may be required.

## RELIEF REQUESTED

23. The Plan Administrator requests the Court enter an order (the "Order Directing Estimation"), substantially in the form attached as Exhibit A, (i) determining that SCB holds a contingent and unliquidated claim against the Plan Administrator subject to estimation under Section 502(c) of the Bankruptcy Code; (ii) setting a scheduling order that provides for (x) the Plan Administrator to take limited discovery of SCB, CWT and WFP Tower, (y) expert discovery, and (z) pre-hearing submissions; and (iii) providing that after completion of pre-hearing discovery the Court will estimate the Claim.

24. To facilitate the estimation of the Claim, LBHI requests that the Court enter a scheduling order to provide for discovery and pre-hearing submissions. The Plan Administrator proposes the following:

- Confidentiality and Document Requests

    o Within 30 days after the Plan Administrator and SCB execute confidentiality stipulation, LBHI may serve upon SCB, CWT, and WFP Tower requests and/or subpoenas for documents and/or interrogatory requests.

- Fact Depositions

    o Within 60 days after documents have been received, LBHI may serve upon SCB, CWT, and WFP Tower Federal Rule of Civil Procedure 30(b)(6) notices for depositions on these topics:

        - On SCB: (i) status of the LC; (ii) amount of LC fees accrued; and (iii) SCB's assessment of the potential for a Termination of the CWT Lease or default prior to LC expiry.

        - On CWT: (i) current and projected financial condition and financial results; (ii) the importance of the CWT Lease to the firm's strategic direction; and (iii) any facts which bear upon the potential for a Termination or default of the CWT Lease prior to LC expiry.

        - On WFP Tower: Information it has on CWT's (i) current and projected financial condition and financial results; and (ii) any facts which bear upon the potential for a Termination or default of the CWT Lease prior to LC expiry.

- Expert Reports and Depositions

    o Within 15 days after fact depositions are complete, parties shall identify experts, if any.

    o Within 30 days after the identification of an expert, initial expert reports shall be exchanged.

    o Any rebuttal expert reports shall be served within 30 days after the initial expert reports are exchanged.

    o Expert depositions shall be concluded within 30 days after rebuttal expert reports are exchanged.

- Briefing Schedule

    o Within 45 days after completing expert depositions (or fact depositions if no experts are used), LBHI and SCB will each provide the Court with their

> written submissions concerning the appropriate amount at which to estimate the Claim (the "Initial Submissions").
>
> o Reply submissions in response to the Initial Submissions may be filed not later than 30 days after the Initial Submissions are filed.
>
> - Hearing
>
>   o The Court will hold a hearing on the Motion on a date chosen by the Court (the "Hearing"). LBHI submits that any evidence considered by the Court at such Hearing should be contained in documents or the product of discovery obtained by the parties, and that live testimony at such Hearing, other than potential expert testimony, should not be required.

25. This proposed schedule affords the parties ample time to conduct discovery while ensuring the prompt estimation of the Claim under section 502(c).

26. Assuming the Court enters the Order Directing Estimation, the Plan Administrator will seek the entry of a second order estimating SCB's Claim for allowance in the amount determined after the Hearing.

## BASIS FOR RELIEF REQUESTED

**A.      The Court Should Estimate the Claim Pursuant to 502(c)**

27. Section 502(c) provides that "[t]here shall be estimated for purpose of allowance under this section . . . any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c).

28. Estimation ensures the timely and just resolution of a creditor's claim in bankruptcy. *See In re Adelphia Business Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003) ("Estimation, authorized under section 502(c) of the Code, provides a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that would take a very long time to determine.").

29. Further, the Bankruptcy Code's directive to estimate unliquidated claims is mandatory—the Court must estimate an unliquidated claim if the fixing or liquidation of such claim would unduly delay the administration of the case. *See e.g.*, *In re Lionel L.L.C.*, No. 04-17324, 2007 WL 2261539, at *2 (Bankr. S.D.N.Y. Aug. 3, 2007) (because 502(c) uses the term "shall," the Bankruptcy Court must estimate an unliquidated claim if the fixing or liquidating of such claim would delay the administration of the case); *In re Club Ventures Investment LLC*, Case No. 11-10891, 2012 WL 6139082, at *4 (Bankr. S.D.N.Y. Dec. 11, 2012) (same).

30. Courts have broad discretion to fashion estimation procedures using "whatever method is best suited to the circumstances." *In re Eagle Bus Manufacturing, Inc.*, 158 B.R. 421, 437 (S.D. Tex. 1993) (citation omitted); *see also In re Lionel L.L.C*, 2007 WL 2261539 at *5 (same); *In re Windsor Plumbing Supply Co.*, 170 B.R. 503, 520 (Bankr. E.D.N.Y. 1994) ("[t]he methods used by courts have run the gamut from summary trials to full-blown evidentiary hearings to a mere review of pleadings, briefs, and a one-day hearing involving oral argument of counsel") (citations omitted).[4]

31. In this district, courts frequently estimate claims based on the probability of various potential outcomes. *In re Thomas McKinnon Securities, Inc.*, 191 B.R. 976, 989-90 (Bankr. S.D.N.Y. 1996) ("the Court opts for an approach which anticipates possible jury awards . . . The estimated value of a claim is then the amount of the claim diminished by probability that it may be sustainable only in part or not at all (citation omitted)); *In re Chemtura Corp.*, 448 B.R. 635, 669 (Bankr. S.D.N.Y. 2011) (same).[5]

---

[4] *In re Thomas McKinnon Securities*, 191 B.R. at 979, 989-90 (the procedure for claim estimation is subject to the Court's discretion as the "bankruptcy judge is [only] bound by the legal rules which may govern the ultimate value of the claim") (internal quotation marks and citation omitted).

[5] *See also In re Windsor Plumbing*, 170 B.R. at 521 ("An *expected value* can then be found by multiplying a number of possible recovery values by the probability of their occurrence and taking the sum of these products") (emphasis in original).

8

32.     Moreover, a Court need not conduct an evidentiary hearing but can rule based on documentary submissions and expert testimony. *See In re Delta Air Lines, Inc.*, No. 05-17923, 2010 WL 423279, at *8 (Bankr. E.D.N.Y. Feb. 3, 2010) (noting that an evidentiary hearing is not required and that a court can estimate a claim based on "briefings and . . . hearings"); *In re Lionel*, 2007 WL 2261539 at *5 (noting that instead of "a full-blown trial on the merits" courts can "utilize[] a procedure . . . where [there is] . . . live testimony by one witness per party [and] a discovery cutoff date").

33.     Here, the Plan Administrator believes that estimation in this matter may be accomplished, after limited discovery, by documentary submissions, possible expert testimony and argument of the parties.

**B.     Liquidation of the Contingent Claim is Not Feasible and Would Unduly Delay Administration of the Cases**

34.     It is undisputed that the Claim is contingent and unliquidated and that liquidation of the Claim will take years, unduly delaying the administration of the Debtors' bankruptcy cases.

35.     "[I]t is generally agreed that a claim is contingent if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event." *In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *5 (Bankr. S.D.N.Y. Sept. 10, 2008) (internal quotation marks and citations omitted).

36.     The term "unliquidated" is not defined in the Bankruptcy Code. However, courts have consistently defined an unliquidated claim as one not subject to "ready determination and precision in computation of the amount due" or "capable of ascertainment by reference to an agreement or by simple computation." *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 206 (9th

9

Cir. 1987); *Nicholes v. Johnny Appleseed of Wash. (In re Nicholes)*, 184 B.R. 82, 90 (9th Cir. BAP 1995).

37. Here, the Plan Administrator will only have a duty to pay if monies are drawn on the LC. *See* Claim, at 2 ("LBHI . . . is responsible [to SCB] . . . [s]hould such a drawing be made"). Until monies are paid on the LC, the portion of the Claim for reimbursement under the LC Agreement for the undrawn LC is a contingent claim. *See In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 87 (Bankr. S.D.N.Y. 2007), *aff'd in part and reversed on other grounds in part*, 380 B.R. 307 (holding that letters of credit not drawn upon constitute a contingency).

38. SCB's Claim under the LC Agreement is also unliquidated because until money is drawn on the LC, SCB's Claim cannot be precisely calculated. LBHI does not, however, dispute the portion of SCB's Claim for fees for maintenance of the LC.

39. Because the portion of SCB's Claim related to drawing on the LC Agreement is contingent and unliquidated, *see* ¶¶ 34-38, *supra*, the Court must estimate that portion of SCB's Claim under section 502(c). *See In re Lionel L.L.C.*, 2007 WL 2261539, at *2; *In re Club Ventures Investment LLC*, 2012 WL 6139082, at *4.

40. Without estimation, these Chapter 11 cases would be unduly delayed. The Claim was filed approximately eight years ago. Under the CWT Lease, CWT has another seven years to Terminate its lease during which time a Claim under the LC Agreement could be made. LBHI's estate is winding down, and waiting seven years is an unnecessarily long time to wait for the Claim to be fixed given the tools available in section 502(c) to accelerate that result. Consequently, estimation is mandatory.

    **C.**    **The Plan Administrator's Proposed Schedule Is Appropriate**

41. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any

10

order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), the Court has expansive equitable powers to achieve fairness and justice in the reorganization process. *See*, *e.g.*, *Croton River Club, Inc. v. Half Moon Bay Homeowners Assoc. Inc. (In re Croton River Club, Inc.*), 52 F.3d 41, 45 (2d Cir. 1995) (bankruptcy courts have broad equity power to manage affairs of debtors).

42. The relief requested (pp. 5-6, *supra*) provides the best method for the Court to estimate the Claim. The Third Amendment provides that WFP Tower may only draw on the LC in limited circumstances, such as when the CWT Lease "is terminated by reason of a default under the CWT Lease" or "the CWT Lease is rejected [in a bankruptcy proceeding]." *See* Claim, Ex. C, § 7(c). Because SCB's Claim relies upon a draw on the LC if certain events happen in the future, obtaining discovery on the likelihood of those events is essential for an estimation of that Claim. Once the discovery is obtained and the parties can better predict the potential outcomes, they can provide written submissions to the Court that will allow the Court to estimate the Claim.

43. The proposed timing of discovery also comports with the purpose of section 502(c) of the Bankruptcy Code. Actions under section 502(c) are simple contested matters and not adversary proceedings. The proposed scheduling order, which proposes a schedule of several months, is fair and in the best interest of the estate. Further, this process preserves judicial resources as it avoids an unnecessary costly evidentiary hearing while presenting the Court with sufficient evidence to estimate the Claim.

## CONCLUSION

For the foregoing reasons, the Plan Administrator respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested, and such other and further relief to the Plan Administrator as the Court may deem proper.

11

Dated: New York, New York
       May 11, 2017

                    By: /s/ Paul R. DeFilippo
                         Paul R. DeFilippo
                         Adam M. Bialek
                         Mara R. Lieber

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
*Counsel for Plaintiff Lehman Brothers Holdings Inc.*

12