UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x
:           **Chapter 11**
**In re:**                                                                      :
:           **Case No. 08-13555 (SCC)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :
:
Debtors.                     :
_____ x

### DECLARATION OF MICHAEL FERRARO IN SUPPORT OF LEHMAN BROTHERS HOLDINGS INC.'S MOTION TO ESTIMATE PROOF OF CLAIM 29759 FOR PURPOSES OF ALLOWANCE

Michael Ferraro under penalty of perjury, declares:

1. I am a Managing Director of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"). I am over the age of eighteen years, familiar with the contents of this Declaration and competent to testify on the matters set forth. I submit this Declaration on my own personal knowledge, based upon review of LBHI's records, or based upon information I have learned in the course of my duties at LBHI from other LBHI employees.

2. I submit this Declaration in support of LBHI's Motion to Estimate Proof of Claim 29759 for Purposes of Allowance, dated May 11, 2017 (the "Motion").

3. LBHI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 15, 2008, and was continued in the operation of its business and possession of its assets as a debtor in possession.

4. On December 6, 2011, the Court approved and entered an order (ECF No. 23023) confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"). The plan became effective on March 6, 2012. Under the Plan, LBHI was appointed Plan Administrator for itself and the other reorganized debtors.

5.  On September 22, 2009, Standard Chartered Bank ("SCB") filed Proof of Claim 29759 (the "Claim"). A copy of the Claim is attached as Exhibit 1.

6.  The Claim is based upon a Letter of Credit Agreement between SCB, LBHI, Lehman Brothers Inc. ("LBI") and Lehman Brothers International ("LBIE"), dated June 26, 1998, as amended by Amendment No. 1, dated as of March 8, 2004 (the "LC Agreement"), which provided that SCB would issue letters of credit for the account of, *inter alia*, LBHI under its terms and conditions. A copy of the LC Agreement is attached as Exhibit B to the Claim.

7.  Under the LC Agreement, LBHI is responsible for any drawings on any letters of credit issued under the LC Agreement and any of SCB's fees charged for issuance and maintenance of a letter of credit issued under the LC Agreement. *See* Claim, Ex. B, §§ 1, 2.

8.  The Claim seeks reimbursement for (i) SCB's outstanding fees under the LC Agreement with respect to the letter of credit described below, and (ii) any future drawing that may be made under such letter of credit. *See* Claim, pp. 2-4.

9.  WFP Tower A Co. Limited Partnership ("WFP Tower") leased to LBI part of the building at 200 Liberty Street, New York, New York (the "Lease"). After litigation ensued between WFP Tower and LBI with respect to the Lease, the litigation was ultimately settled, and the Lease was amended on March 15, 2004 (the "Third Amendment"). A copy of the Third Amendment is attached to the Claim as Exhibit C.

10. Under the Third Amendment, a portion of the premises demised to LBI were let to the international law firm of Cadwalader, Wickersham & Taft, LLP ("CWT") (the "CWT Lease"). *See* Claim, Ex. C, p. 1. Under the Third Amendment, LBI was required to post a letter of credit with WFP Tower to secure a portion of the CWT Lease.

2

11. Upon the application of LBHI, SCB issued an Irrevocable Standby Letter of Credit, dated March 10, 2004, in favor of WFP Tower in the amount of $36,114,000.00 (the "LC"). *See* Claim, Ex. C, § 7. A copy of the LC is attached to the Claim as Exhibit A.

12. As set forth in the Third Amendment § 7(b), upon the 10th anniversary of the Commencement Date of the CWT Lease, which occurred in 2014, the LC was reduced to $18,057,000.00. *See id.*, § 7(b). WFP Tower still holds the LC, which renews annually until July 30, 2024. On the 15th anniversary of the Commencement Date of the CWT Lease in 2019, the LC will further reduce to $9,028,500.00. *Id.*

13. The LC Agreement provides that LBHI, as borrower, will reimburse SCB for any drawing on the LC if any beneficiary makes a drawing. *See* Claim, Ex. B, § 2.

14. WFP Tower may only draw on the LC under limited circumstances, the only relevant one for purposes of this Motion being Termination, which is defined as a termination by reason of a default by CWT or a rejection of the CWT Lease in a bankruptcy proceeding. *See* Claim, Ex. C, § 7(c).

15. Upon information and belief, to date, there has been no Termination of the CWT Lease, and LBHI has received no notice that the CWT Lease is in default and subject to termination.

16. The LC expires on July 30, 2024, coincident with the scheduled expiration of the CWT Lease. *See* Claim, Ex. A.

17. Upon information and belief, there have been no drawings on the LC to date. Regarding potential liability on the LC, the Claim is a contingent and unliquidated claim. LBHI does not object to allowance of the portion of the Claim that represents fees charged or to be charged through expiration by SCB for issuance and maintenance of the LC, provided, however,

that to the extent SCB contends that the CWT Lease will be the subject of a Termination before LC expiration then that portion of the Claim should be reduced by the probability that a Termination will occur.

18. Based upon publicly available information, CWT is an international law firm with over 450 lawyers and the 200 Liberty Street premises constitute its headquarters and the office in which the majority of its attorneys are employed. Based upon information currently available to it, LBHI has no reason to believe that there is a risk of Termination of the CWT Lease prior to the expiry of the LC, and that the Claim should be estimated for purposes of allowance at zero. However, to obtain information relevant to the Court's estimation determination, LBHI requests the opportunity to conduct limited discovery prior to the hearing on this Motion. Specifically, LBHI intends to seek document discovery, and possibly a deposition, from SCB, concerning its internal accounting treatment of the contingent liability reflected by the LC, of CWT, concerning its financial condition and likely ability to avoid Termination of the CWT Lease, and of WFP Tower, concerning any agreements with CWT, CWT's financial condition and CWT's likely ability to avoid Termination of the CWT Lease. LBHI also believes expert discovery may be required.

19. The discovery schedule set forth in the Proposed Order affords the parties ample time to conduct discovery while ensuring the prompt estimation of the Claims under section 502(c).

20. LBHI is winding down and liquidating the balance of the estate. The Claim must be estimated for allowance under 11 U.S.C. § 502(c) for LBHI to complete its administration and close the bankruptcy cases. Waiting until LC expiry in 2024 to determine the Claim will unduly delay the administration of the case.

4

21. LBHI further relies on the matters set forth in the accompanying Memorandum of Law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 8, 2017

_____
Michael Ferraro