0000000728

FILED / RECEIVED
MAR 28 2017
EPIQ BANKRUPTCY SOLUTIONS, LLC

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, BANCO DI DESIO E DELLA BRIANZA S.P.A. ("Seller"), acting on behalf of one or more of its customers (the "Customers"), hereby unconditionally and irrevocably sells, transfers and assigns to CASSA RURALE ED ARTIGIANA DI CANTU' B.C.C. SOC. COOP. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage (together with the relevant allowed amount) specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 48783 filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of [Seller/its Customers] relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding the distributions received by Seller on behalf of its Customer (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for the Proof of Claim.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties

made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as March ......2017

BANCO DI DESIO E DELLA BRIANZA SPA

By_____

Name: Sandro Ascani
Title: Manager

Via Rovagnati, 1
20832 Desio (MB)

Attn. Maurizio Mengana
Via Rovagnati, 1 20832 Desio (MB)

Phone: 0039 0362 613 614
e-mail: settlement@bancodesio.it

CASSA RURALE ED ARTIGIANA DI CANTU'
B.C.C. SOC. COOP.

By_____

Name: Antonio Galli
Title: Head Office Bank officer

Corso Unità d'Italia, 11
22063 Cantù (CO)

Attn. Paola Mutton
Corso Unità d'Italia, 11
22063 Cantù (CO)
Phone: 0039 031 719111
e-mail: finanzabackoffice@cantu.bcc.it

Schedule 1

## Transferred Claims

Purchased Claim

0,386548125 % of XS0200284247 = USD 14,689.55 USD of USD 3,800,186.13 (i.e. the outstanding amount of XS0200284247 as described in the Proof of Claim dated 10/23/09 and filed on 10/27/09),

Which equals 0,0390736 % of the Proof of Claim = USD 14,689.55 of USD 37,594,608.70 (the outstanding amount of the Proof of Claim dated 10/23/09 and filed on 10/27/09).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Eur Fl. R. Lehman Bros.Treas 2014 7% | XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 10,000.00 (equivalent to USD 14,264.00) | 30/12/2016 | EUR 10,298.34 (equivalent to USD 14,689.55) |

BANCO DI DESIO E DELLA BRIANZA S.p.A.

CASSA RURALE ED ARTIGIANA DI CANTU'
Banca di Credito Cooperativo Soc. Coop.



**Banco Desio** Banco di Desio e della Brianza S.p.A.
Gruppo Banco Desio: iscritto all'Albo dei Gruppi Creditizi al n. 3440/5

EPIQ BANKRUPTCY SOLUTIONS

ATTN. LEHMAN BALLOT PROCESSING ENTER

757 THIRD AVENUE, 3RD FLOOR

NEW YORK, 10017 NEW YORK





**COPY** Document Control

# FedEx US Airbill Express

FedEx Tracking Number: 8736 4232 7370

Form ID No. 0200

**FedEx Retrieval Copy**

**1 From**
Date: 5-5-17
Sender's FedEx Account Number: 1994 9755 3

Sender's Name: UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Company:
Address:
City:       State:       ZIP:

**2 Your Internal Billing Reference** LBH / H3C / SV2

**3 To**
Recipient's Name: EPIQ BANKRUPTCY SOLUTIONS   Phone: 646 282 7800
Company: 10300 SW ALLEN BLVD
Address: CLAIMS PROCESSING
City: BEAVERTON   State:    USA

Tracking: 8736 4232 7370

**4a Express Package Service** — Packages up to 150 lbs.
01 ☒ FedEx Priority Overnight
05 ☐ FedEx Standard Overnight
06 ☐ FedEx First Overnight
03 ☐ FedEx 2Day
20 ☐ FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.
70 ☐ FedEx 1Day Freight
80 ☐ FedEx 2Day Freight
83 ☐ FedEx 3Day Freight

**5 Packaging**
06 ☐ FedEx Envelope
02 ☒ FedEx Pak
03 ☐ FedEx Box
04 ☐ FedEx Tube
01 ☐ Other

**6 Special Handling and Delivery Signature Options**
☐ SATURDAY DELIVERY
☐ No Signature Required
10 ☐ Direct Signature
34 ☐ Indirect Signature
01 ☐ HOLD Weekday
31 ☐ HOLD Saturday

Does this shipment contain dangerous goods?
No 04 ☒   Yes (as per attached Shipper's Declaration)   Yes (Shipper's Declaration not required) 06 ☐ Dry Ice

☐ Cargo Aircraft Only

**7 Payment** Bill to:
1 ☒ Sender   2 ☐ Recipient   3 ☐ Third Party   4 ☐ Credit Card   5 ☐ Cash/Check

Total Packages: 3   Total Weight: ___ lbs.

606

RECEIVED MAY 12 2017 LEGAL SERVICES