**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- X
In re:                                                                   : Chapter 11
                                                                         : Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                                 :
                                                                         :
        Debtors.                                                         :
------------------------------------------------------------------------- X
In re:                                                                   : SIPA
                                                                         : Case No. 08-01420 (SCC)
LEHMAN BROTHERS INC.,                                                    :
                                                                         :
        Debtor.                                                          :
------------------------------------------------------------------------- X
LEHMAN BROTHERS HOLDINGS INC. and                                        : Adversary Proceeding
OFFICIAL COMMITTEE OF UNSECURED                                          : Case No. 10-03266 (SCC)
CREDITORS OF LEHMAN BROTHERS HOLDINGS                                    :
INC., *et al.*,                                                          :
                                                                         :
                Plaintiff and                                  :
                Plaintiff Intervenor,                          :
                                                                         :
    -against-                                                           :
                                                                         :
JPMORGAN CHASE BANK, N.A.,                                               :
                                                                         :
                Defendant.                                     :
------------------------------------------------------------------------- X

```
------------------------------------------------------------------- X
LEHMAN BROTHERS HOLDINGS INC., LEHMAN              :   Adversary Proceeding
BROTHERS SPECIAL FINANCING INC., LEHMAN            :   Case No. 12-01874 (SCC)
BROTHERS COMMODITY SERVICES INC., LEHMAN           :
OFFICIAL COMMITTEE OF UNSECURED                    :
CREDITORS OF LEHMAN BROTHERS HOLDINGS              :
INC., et al.,                                      :
                                                   :
                    Plaintiffs,                    :
                                                   :
          -against-                                :
                                                   :
JPMORGAN CHASE BANK, N.A., J.P. MORGAN             :
MARKETS LIMITED (F/K/A BEAR STEARNS                :
INTERNATIONAL LIMITED), J.P. MORGAN                :
SECURITIES LTD., J.P. MORGAN VENTURES              :
ENERGY CORPORATION, JP MORGAN CHASE                :
AND CO., JPMORGAN BANK DUBLIN (F/K/A               :
BEAR STEARNS BANK PLC), BEAR STEARNS               :
CREDIT PRODUCTS INC. and BEAR STEARNS              :
FOREX INC.,                                        :
                                                   :
                    Defendants.                    :
------------------------------------------------------------------- X
```

## STIPULATION AND ORDER AMENDING PROTECTIVE ORDERS

This Stipulation is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Lehman Brothers Holdings Inc. ("LBHI") and (b) JPMorgan Chase Bank, N.A. ("JPMorgan" and, together with LBHI, the "Parties" and each a "Party").

WHEREAS, on September 15, 2008, LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code, as amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court" and the proceeding the "LBHI Bankruptcy Case");

WHEREAS, on September 19, 2008, the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order

Commencing Liquidation pursuant to the provisions of the Securities Investor Protection Corporation Act with respect to Lehman Brothers Inc. ("LBI" and the resulting proceeding the "LBI SIPA Proceeding");

WHEREAS, on May 26, 2010, LBHI and the Official Committee of Unsecured Creditors of LBHI (the "Committee") initiated an adversary proceeding against JPMorgan, No. 10-03266 (the "2010 Adversary Proceeding");

WHEREAS, on September 14, 2012, Lehman and the Committee filed an adversary proceeding against JPMorgan, No. 12-01874 (the "2012 Adversary Proceeding");

WHEREAS, on September 1, 2010, the Court entered a Confidentiality Stipulation and Protective Order in the 2010 Adversary Proceeding [Case No. 10-03266, Dkt. # 16] (the "2010 Adversary Proceeding Protective Order");

WHEREAS, on February 15, 2012, the Court entered a Stipulation and Order Regarding Discovery Related to Objection to Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses [Case No. 08-01420, Dkt. # 4907; Case No. 08-13555, Dkt. # 25353] (the "Deficiency Protective Order");

WHEREAS, the Deficiency Protective Order makes the 2010 Adversary Proceeding Protective Order applicable to certain discovery produced by the Parties in the context of the claim objection known as the "Deficiency Objection" or the "Tassimo Action";

WHEREAS, on November 7, 2013, the Court entered a Confidentiality Stipulation and Protective Order in the 2012 Adversary Proceeding [Case No. 12-01874, Dkt. # 17] (the "2012 Adversary Proceeding Protective Order");

WHEREAS, Paragraph 17 of the 2010 Adversary Proceeding Protective Order and Paragraph 15 of the 2012 Adversary Proceeding Protective Order provide that within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the subject litigations among the Parties arising out of or relating to the LBHI Bankruptcy Case, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Party[1];

WHEREAS, the Parties agreed to extend by thirty (30) days the time by which a receiving party must comply with the requirements set forth by Paragraph 17 of the 2010 Adversary Proceeding Protective Order and Paragraph 15 of the 2012 Adversary Proceeding Protective Order and entered into a Stipulation and [Proposed] Order Amending Protective Orders (the "Extension Stipulation") to that effect on April 28, 2017;

WHEREAS, on May 1, 2017, the Court so-ordered the Extension Stipulation;

WHEREAS, the LBHI estate has represented that the complete compliance by LBHI with the terms governing return or destruction of Confidential or Highly Confidential Discovery Material in Paragraph 17 of the 2010 Adversary Proceeding Protective Order and Paragraph 15 the 2012 Adversary Proceeding Protective Order as they relate to electronic copies of documents stored on LBHI servers would impose extreme costs on the LBHI estate and disrupt other critical work of the estate, there exist technical means of restricting access to such electronic copies of documents that impose very little burden on the LBHI estate while fully protecting JPMorgan from any further use or dissemination of Confidential or Highly

---

[1] Defined terms used by not defined herein shall have the meanings ascribed to them by the 2010 Adversary Proceeding Protective Order.

- 4 -

Confidential Discovery Material, and such electronic copies of documents will be deleted and destroyed in the ordinary course upon completion of the LBHI estate's work; and

WHEREAS, the Parties have entered into this Stipulation and agree to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

Paragraph 17 of the 2010 Adversary Proceeding Protective Order and Paragraph 15 of the 2012 Adversary Proceeding Protective Order are hereby replaced in their entirety by the following:

"Within one-hundred and twenty (120) days after receiving notice of entry of an order, judgment, or decree finally disposing of or resolving all Litigations among the Parties hereto arising out of or relating to the Bankruptcy, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material (with the exception of the LBHI Estate, as detailed further below) shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties; the certification from the LBHI Estate shall state that it complied with the steps set forth in this paragraph.  Documents that have been received electronically and that cannot be returned or destroyed must be electronically deleted and then deleted from "trash" files.  This paragraph applies to Confidential and Highly Confidential Discovery Material only, and does not require that counsel for the Parties destroy work product or correspondence.  Given representations made by the LBHI estate concerning the extreme costs associated with compliance of this provision as it relates to electronic documents, the LBHI

estate – but not including any counsel for the parties (subject to the exception for work product or correspondence referenced above), financial advisors, vendors, experts, consultants or other advisers to the LBHI estate in receipt of Confidential or Highly Confidential Discovery material – shall be permitted to maintain electronic copies of Confidential or Highly Confidential Discovery Material on databases and systems with access removed from all users except Administrative Users until such time as LBHI finally resolves all litigation to which it is or becomes a party.  "Administrative Users" are defined as users that maintain and support the technology infrastructure and are entrusted with the responsibility to assign and manage access (grant and deny) to the technology infrastructure.  Administrative Users may not access, use or disseminate Confidential or Highly Confidential Discovery material for any purpose.

Within sixty (60) days of resolving all litigation being undertaken or to be undertaken by LBHI, whether by settlement, judgment, order or decree, including (if applicable) the exhaustion of all possible appeals and other review, and in any event prior to the issuance of a final decree by the Court concluding Case No. 08-13555 (SCC), LBHI shall either return all Confidential or Highly Confidential Discovery Material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties."

The above-referenced extension shall also apply to the Deficiency Protective Order.

DATED: May 26, 2017          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  *s/ Tyler G. Whitmer*
   Tyler G. Whitmer
   *Counsel for Lehman Brothers Holdings Inc.*

DATED: May 26, 2017          WACHTELL, LIPTON, ROSEN & KATZ

By *s/ Ian Boczko*
   Ian Boczko
   *Counsel for JPMorgan Chase Bank, N.A.*

**IT IS SO ORDERED:**

Dated: May 31, 2017

/S/ Shelley C. Chapman
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE