Presentment Date: June 26, 2017 at 12:00 noon (EDT)
Objection Deadline: June 23, 2017 at 4:00 p.m. (EDT)
Hearing Date in the Event of a Timely Objection: July 6, 2017 at 10:00 a.m. (EDT)

BECKER, GLYNN, MUFFLY
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255
Chester B. Salomon
Alec P. Ostrow

GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
Kathy D. Patrick (*pro hac vice* pending)
Robert J. Madden (*pro hac vice* pending)
David Sheeren (*pro hac vice* pending)

*Attorneys for the Institutional Investors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC., et al.,** | : | Case No. 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**THE INSTITUTIONAL INVESTORS' MOTION TO INTERVENE
IN SUPPORT OF: (A) THE RMBS SETTLEMENT, (B) THE PLAN
ADMINISTRATOR'S 9019 MOTION (ECF 55232), AND (C) ENTRY
BY THE COURT OF THE TRUSTEE FINDINGS AND BAR ORDER**

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND................................................. **Error! Bookmark not defined.**

II. ARGUMENT AND AUTHORITIES ....................................................................... 3

    A. The Standard for Intervention ................................................................... 3

    B. The Institutional Investors Should Be Permitted to Intervene ................................... 4

        1. The Institutional Investors Have "Cause" to Intervene ................................... 4

        2. Intervention Will Not Cause Undue Delay ....................................................... 4

        3. The Adequate Representation Inquiry Supports Intervention ......................... 5

III. RELIEF REQUESTED ............................................................................................ 8

IV. NOTICE .................................................................................................................... 8

V. CONCLUSION .......................................................................................................... 9

i


# TABLE OF AUTHORITIES

**Cases**

*Allco Fin. Ltd. v. Etsy*,
  300 F.R.D. 83 (D. Conn. 2014) .................................................................................. 5

*Candelaria v. Greifinger*,
  1997 WL 176314 (N.D.N.Y. 1997) ............................................................................ 5

*Center for Biological Diversity v. Kelly*,
  2014 WL 3445733 (D. Idaho 2014) ........................................................................... 6

*In re Adilace Holdings, Inc.*,
  548 B.R. 458 (Bankr. W.D. Tex. 2016) ..................................................................... 5

*In re PM Cross, LLC*,
  2013 WL 6048810 (Bankr. D.N.H. 2013) .................................................................. 5

*In re Public Serv. Co. of New Hampshire*,
  88 B.R. 546 (Bankr. D. N.H. 1988) ............................................................................ 6

*In re Pulp Finish 1 Company*,
  2014 WL 201482 (Bankr. S.D.N.Y. 2014) ............................................................. 3, 4

*In re Residential Capital, LLC*,
  2013 WL 3286198 (Bankr. S.D.N.Y. 2013) ............................................................... 7

*In the Matter of the Bank of New York Mellon*,
  127 A.D.3d 120 (1st Dep't 2015) ............................................................................... 6

*In the Matter of U.S. Bank, N.A.*,
  51 Misc.3d 273 (N.Y. Sup. Ct, N.Y. Cnty 2015) ....................................................... 6

*Southern Blvd., Inc. v. Martin Paint Stores*,
  207 B.R. 57 (S.D.N.Y. 1997) ..................................................................................... 3

*State of N.Y. v. Reilly*,
  143 F.R.D. 487 (N.D.N.Y. 1992) ............................................................................... 5

*U.S. Bank Nat'l Ass'n v. Federal Home Loan Bank of Boston*,
  2015 WL 11438983 (N.Y. Sup. Ct, N.Y. Cnty 2016) ................................................ 6

*U.S. v. Columbia Pictures Indus., Inc.*,
  88 F.R.D. 186 (S.D.N.Y. 1980) ................................................................................. 5

**Other Authorities**

8 COLLIER ON BANKRUPTCY
  ¶ 2018.03[3] (15th ed. 1988) .................................................................................................. 4

Fed. R Civ. P. 24 ............................................................................................................................ 5

Fed. R. Bankr. P. 2018(a) ......................................................................................................... 1, 3

**Periodicals**

Adam Clark Estes, *Everybody Wins in Bank of America's $8.5 Billion Settlement*, The Wire,
  News from the Atlantic (June 29, 2011) ................................................................................. 6

Pursuant to Fed. R. Bankr. P. 2018(a), the Institutional Investors[1] request leave of Court to intervene in this proceeding for the limited purpose of supporting: (i) the RMBS Settlement Agreement,[2] (ii) the 9019 Motion, and (iii) entry by the Court of the Trustee Findings and an order barring investors in the Participating Trusts from asserting claims against the Accepting Trustees with respect to their evaluation and acceptance of the Settlement Agreement, and implementation of the agreement in accordance with its terms.

# I.
# FACTUAL BACKGROUND

1.  The Institutional Investors are holders, and/or authorized investment managers for holders, of approximately $6 billion in certificates in 191 of the 238 Participating Trusts.[3] As such, they have a direct, substantial, and immediate interest in a fair, expeditious, and efficient resolution of the claims at issue in the RMBS Settlement Agreement.

---

[1] The "Institutional Investors" are a diverse group of large institutional holders, and authorized investment managers for holders of, residential mortgage backed securities. The Institutional Investor group is led by a steering committee consisting of Pacific Investment Management, LLC (PIMCO), Blackrock Financial Management, Inc., (Blackrock), the Metropolitan Life Insurance Company (MetLife), and Voya Investment Management (Voya, formerly known as ING Investment Management), and represented by Gibbs & Bruns, LLP. The other members of the Institutional Investor group vary from case to case, depending on the various members' holdings in the securities issued by the issuer in question. Here, the Institutional Investor group for Lehman issued RMBS consists of: AEGON USA Investment Management, LLC, Blackrock, Cascade Investment, L.L.C., The Federal Home Loan Bank of Atlanta, Goldman Sachs Asset Management, L.P., Invesco Advisers, Inc., Kore Advisors, L.P., Metlife, PIMCO, SeaLink Funding Limited, The TCW Group, Inc., Thrivent Financial for Lutherans, Voya, and Western Asset Management Company.

[2] Unless otherwise indicated, capitalized terms used herein have the meanings assigned to them in the Motion of Lehman Brothers Holdings Inc. Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(A) for Entry of Order (A) Approving RMBS Settlement Agreement, (B) Making Certain Required Findings Regarding Decision of RMBS Trustees and LBHI Debtors to Enter Into RMSB Settlement Agreement, (C) Scheduling Estimation Proceeding to Determine RMBS Claims and Approving Related Procedures Regarding Conduct of Hearing, and (D) Granting Related Relief (ECF 55232) (hereafter the "9019 Motion").

[3] *See* Declaration of Robert Madden at ¶ 2.

1

2.   The Institutional Investors negotiated the November 30, 2016 RMBS settlement agreement and binding settlement offer, with the Plan Administrator, that was presented to and thereafter accepted by the Accepting Trustees (as modified as of March 17, 2017) on June 1, 2017.[4]  In this role, the Institutional Investors are parties to the RMBS Settlement Agreement.[5]

3.   The Institutional Investors seek leave to intervene in this proceeding because they support the RMBS Settlement Agreement.  They believe that it represents a fair and reasonable method for finally resolving the RMBS claims at issue, and an invaluable opportunity for certificate holders in the Participating Trusts to obtain value on the settled claims without unnecessary additional costs and delay, both of which injure certificate holders.[6]  For these reasons, the Institutional Investors support the RMBS Settlement Agreement and believe that the Participating Trustees have acted reasonably, in good faith, and in the best interest of certificate holders in entering into the agreement.

4.   In addition, the RMBS Settlement Agreement calls for and requires the Institutional Investors to seek leave of this Court to intervene in this proceeding to support approval and finalization of the agreement:

> Intervention in Court Approval Process. Following the filing of the 9019 Motion (as defined in Section 2.03(a) below), the Institutional Investors shall jointly file a motion for leave to intervene (or a similar pleading) in the Bankruptcy Court (and, at the appropriate time, the District Court (or such other court of competent jurisdiction) in connection with such court's consideration of the entry of the

---

[4] *Id.* at ¶ 3.

[5] *See* RMBS Settlement Agreement (Exhibit B to the 9019 Motion) at 1 (identifying the Institutional Investors as parties to the agreement).

[6] The delay and costs associated with attempting to resolve the Covered Loan Claims through continued litigation, as opposed to under the terms of the RMBS Settlement Agreement, would be highly prejudicial to trust certificate holders in that they would not only bear the costs of the Trustees' pursuit of the claims through continued litigation, they would also be deprived of the significant time value of being paid on their claims now, as opposed to years in the future.

2

Trustee Findings Order), to evidence their support for the Settlement, the Settlement Agreement, the Trustee Findings Order, the entry of an order by the court barring Investors in the Participating Trusts from asserting claims against the Trustees for the Participating Trusts with respect to their evaluation and acceptance of the Settlement Agreement and implementation of the Settlement Agreement in accordance with its terms, and Final Court Approval. Each of the Institutional Investors shall use its reasonable best efforts to prosecute the intervention, to support the Settlement, and to obtain Final Court Approval of the Settlement Agreement and entry of the Trustee Findings Order.[7]

## II.
## ARGUMENT AND AUTHORITIES

### A.
### The Standard for Intervention

5.    Fed. R. Bankr. P. 2018(a) provides that "[i]n a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." Rule 2018(a) "provides for permissive intervention by an entity not otherwise entitled to do so under the Code . . . [and] provides the Bankruptcy Courts with a mechanism to allow entities that do not technically qualify as 'parties in interest' to participate in proceedings."[8] The decision on a motion to intervene "is committed to the Court's discretion."[9] In exercising its discretion, the Court is to consider "whether intervention will cause undue delay or prejudice and whether the proposed intervener's interests are already protected by a party in the case."[10]

---

[7] *See* RMBS Settlement Agreement (Exhibit B to the 9019 Motion) at § 2.02(b).

[8] *In re Calor Corp.*, 303 F.3d 161, 172 n. 9 (2d Cir. 2002).

[9] *In re Pulp Finish 1 Company*, 2014 WL 201482, at *8 (Bankr. S.D.N.Y. 2014).

[10] *Id*. *Accord Southern Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 62 (S.D.N.Y. 1997) ("The factors to be considered [under Rule 2018(a)] include whether intervention would result in undue delay or prejudice, and whether the proposed intervenor's interests are adequately represented by a party already present in the case.")

3

B.
**The Institutional Investors Should Be Permitted to Intervene**

1.
*The Institutional Investors Have "Cause" to Intervene*

6.       Under Rule 2018(a), a proposed intervenor has "cause" to intervene if it has "an economic or similar interest in the case or an aspect of the case."[11]  The Institutional Investors are holders, and/or authorized investment managers for holders, of over $6 billion in certificates in 191 of the 238 Participating Trusts.[12]  As such, they have a direct economic interest in seeing that these claims are allowed in a fair and equitable amount.  The Institutional Investors also have an economic interest in seeing that the claims are resolved in as efficient and cost-effective manner as possible, given that the costs and expenses involved in the continued litigation of the claims are paid (on the Trustee side) from Trust assets held for their benefit and (from the Plan Administrator's side) from the limited estate assets from which the RMBS Trusts' claims will ultimately be paid.

2.
*Intervention Will Not Cause Undue Delay*

7.       No delay will result from allowing the Institutional Investors to intervene.  To the contrary, the entire purpose of their proposed intervention is to avoid delay by supporting the expeditious resolution of the RMBS claims at issue through implantation of the RMBS Settlement Agreement.

---

[11] *In re Pulp Finish*, 2014 WL 201482, at *8. *Accord* 8 COLLIER ON BANKRUPTCY ¶ 2018.03[3] at 2018–7 (15th ed. 1988) ("The cause [required by Rule 2018(a)] is an economic or similar interest in the case or one of its aspects.")

[12] *See* Declaration of Robert Madden at ¶ 2.

4

3.
*The Adequate Representation Inquiry Supports Intervention*

8. In deciding whether to exercise its discretion to permit intervention under Rule 2018(a), one factor for the Court to consider is "whether the proposed intervenor's interests are adequately represented by a party already present in the case."[13] However, as has been explained in the related context of permissive intervention under Fed. R Civ. P. 24,[14] "it is well-established that the *primary* issue remains undue delay or prejudice, *while adequacy of representation is, at most, a minor factor.*"[15] Consistent with this view, courts have recognized that "while existing adequate representation may militate against allowing permissive intervention, such intervention may still be appropriate if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties."[16] For this reason, courts have allowed intervention where the proposed intervenor brings "expertise and perspective [that] could speed the adjudication of the action as well as aid in shaping the judicial remedy."[17]

---

[13] *Southern Blvd.*, 207 B.R. at 62.

[14] Cases decided under Fed. R. Civ. P. 24 are relevant to the application of Fed. R. Bankr. P. 2108. *See e.g. In re Adilace Holdings, Inc.*, 548 B.R. 458, 462 (Bankr. W.D. Tex. 2016) ("The standards under Rule 2018 and FRCP 24 overlap."); *In re PM Cross, LLC*, 2013 WL 6048810, at *3 (Bankr. D.N.H. 2013) ("Given the similarities between the issues in deciding whether to permit intervention in bankruptcy cases under Rule 2018 and in civil actions under Federal Rule of Civil Procedure 24, the Court finds helpful cases discussing intervention under Rule 24.")

[15] *State of N.Y. v. Reilly*, 143 F.R.D. 487, 490 (N.D.N.Y. 1992) (emphasis added). *Accord U.S. v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980); *Candelaria v. Greifinger*, 1997 WL 176314, at * 13 (N.D.N.Y. 1997).

[16] *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 88 (D. Conn. 2014).

[17] *Columbia Pictures*, 88 F.R.D. at 189 (S.D.N.Y. 1980) (rejecting adequate representation as a basis for denying permissive intervention, because "the opponent to intervention outlines no specific likelihood for delay or prejudice, and, indeed, it is possible that the proposed intervenor's expertise and perspective could speed the adjudication of the action as well as aid in shaping the judicial remedy. . . . Permissive intervention is chiefly a matter committed to the broad discretion of the court. This Court, in its discretion, finds that there is more to be gained than to

5

9. Here, these considerations weigh strongly in favor of permitting the Institutional Investors to intervene in this proceeding. The Institutional Investors have been industry leaders in achieving landmark, platform wide resolutions of RMBS trust repurchase claims. In 2011, the Institutional Investors negotiated and obtained trustee approval for an $8.5 billion RMBS settlement with Bank of America,[18] which was approved in New York state court.[19] In 2013, the Institutional Investors negotiated, and obtained trustee and court approval for, a $4.5 billion RMBS repurchase settlement with JPMorgan.[20] In 2014, the Institutional Investors negotiated and obtained trustee approval for a $1.125 billion RMBS repurchase settlement with Citibank.[21]

---

be lost in permitting [the proposed intervenor] to intervene as a defendant in this action."). *Accord In re Public Serv. Co. of New Hampshire*, 88 B.R. 546, 557 (Bankr. D. N.H. 1988) ("I believe that these two entities can provide some aid to this court by evaluating various reorganization proposals from their respective viewpoints and special expertise. For that reason, each of these entities will be granted limited intervention rights under Bankruptcy Rule 2018(a) in order that they may provide the court with advice and information regarding the effect on the rates of their particular constituencies of proposals otherwise before the court in these proceedings."); *Center for Biological Diversity v. Kelly*, 2014 WL 3445733, at *7 (D. Idaho 2014) (granting permissive intervention where "the intervenors represent large and varied interests whose unique perspectives would aid the Court in reaching an equitable resolution in this proceeding.").

[18] *See* Adam Clark Estes, *Everybody Wins in Bank of America's $8.5 Billion Settlement*, The Wire, News from the Atlantic (June 29, 2011), http://www.thewire.com/business/2011/06/everybody-wins-bank-americas-85-billion-settlement/39405/

[19] *See In the Matter of the Bank of New York Mellon*, 127 A.D.3d 120 (1st Dep't 2015) ("we approve the settlement in its entirety").

[20] *See U.S. Bank Nat'l Ass'n v. Federal Home Loan Bank of Boston*, 2015 WL 11438983 (N.Y. Sup. Ct, N.Y. Cnty 2016) ("This Agreement was initially entered into as of November 13, 2013 by and among the Institutional Investors and JPMorgan . . . [it] was executed by the Trustee on or around August 1, 2014 on behalf of numerous trusts . . . the court holds that the Trustees exercised their discretion reasonably and in good faith in approving the Proposed Settlement.")

[21] *See In the Matter of U.S. Bank, N.A.*, 51 Misc.3d 273 (N.Y. Sup. Ct, N.Y. Cnty 2015) ("The agreement was initially entered into as of April 7, 2014, by and among the Institutional Investors and Citigroup . . . [it was] accepted by the trustees in December 2014 . . . the court holds that the

6

Each of these settlements was approved in New York state court where the Institutional Investors were granted leave to intervene to appear. In addition, in 2012 the Institutional Investors were permitted to appear in the *In re Residential Capital, LLC* bankruptcy, presided over by United States Bankruptcy Judge Martin Glenn, where they again played a central role in negotiating the resolution and final allowance of the RMBS trust claims at issue in that proceeding.[22]

10. If permitted to intervene in this proceeding, the Institutional Investors would bring the same "expertise and perspective" they have developed over the last six years in facilitating the resolution of large scale, trust-based repurchase claims to bear to support the approval and implementation of the RMBS Settlement..

11. Moreover, as significant holders of certificates in the Participating Trusts, the Institutional Investors have a direct interest in seeing that the RMBS Settlement Agreement is approved and implemented. As a result, the Institutional Investors have a direct interest in being heard in this proceeding in support of the settlement and in response to any objections asserted by certificate holders who disagree with the Accepting Trustees' exercise of discretion in entering in the RMBS Settlement Agreement.

---

trustees exercised their discretionary power reasonably and in good faith in accepting the RMBS Trust Settlement Agreement.")

[22] *In re Residential Capital, LLC*, 2013 WL 3286198, at *4 (Bankr. S.D.N.Y. 2013) ("The [plan support] Agreement provides a framework for the resolution of these highly litigious and factional Chapter 11 cases and an expeditious emergence from Chapter 11. The PSA reflects a heavily negotiated resolution regarding the terms of a Plan supported by a substantial majority of the Debtors' major claimant constituencies . . . and the Institutional Investor groups.")

7

## III.
## RELIEF REQUESTED

12. The Institutional Investors respectfully request that they be permitted to intervene in this proceeding for the limited purpose of supporting: (i) the RMBS Settlement Agreement, (ii) the 9019 Motion, and (iii) entry by the Court of the Trustee Findings and an order barring investors in the Participating Trusts from asserting claims against the Accepting Trustees with respect to their evaluation and acceptance of the Settlement Agreement, and implementation of the agreement in accordance with its terms. A proposed order granting the Intervention Motion is annexed hereto as Exhibit A.

## IV.
## NOTICE

13. No trustee has been appointed in these Chapter 11 cases. The Institutional Investors have or will provide notice of this Motion on the attorneys for (i) Lehman Brothers Holdings Inc., as Plan Administrator and certain of its affiliates; (ii) each of the RMBS Trustees; (iii) the Investor Group, which has filed a preliminary objection to the 9019 Motion; (iv) the U.S. Trustee for Region 2; and (v) all other parties entitled to notice in accordance with the procedures set forth in the Second Amended Order, entered on June 17, 2010, governing case management and administrative procedures for these cases (ECF 9635). The Institutional Investors submit that no other or further notice is necessary or required.

14. Except as set forth herein, no previous request for the relief sought herein has been made to this or any other Court.

# V.
# CONCLUSION

WHEREFORE, the Institutional Investors respectfully request entry of an order, substantially in the form of annexed hereto as Exhibit A, granting the relief requested herein and such other and such other and further relief as the Court may deem just and proper.

Dated: June 9, 2017
New York, New York

            By: /s/ Alec P. Ostrow_____
              Alec P. Ostrow
              Chester B. Salomon
              BECKER, GLYNN, MUFFLY,
              CHASSIN & HOSINSKI, LLP
              299 Park Avenue
              New York, New York 10171
              Telephone: (212) 888-3033
              Facsimile: (212) 888-0255

              /s/ Robert J. Madden_____
              Kathy D. Patrick (*pro hac vice pending*)
              Robert J. Madden (*pro hac vice pending*)
              David Sheeren (*pro hac vice pending*)
              GIBBS & BRUNS, LLP
              1100 Louisiana, Suite 5300
              Houston, Texas 77002
              Telephone: (713) 650-8805
              Facsimile: (713) 750-0903

              *Attorneys for the Institutional Investors*