| | |
|---|---|
| STROOCK & STROOCK & LAVAN LLP<br>Kristopher M. Hansen<br>Michael C. Keats<br>Jonathan D. Canfield<br>180 Maiden Lane<br>New York, NY 10038-4982<br>(212) 806-5400 | Hearing Date: **July 6, 2017 at 10:00 a.m. (ET)**<br>Objection Deadline: **June 22, 2017 at 12:00 noon (ET)**<br>Related ECF No. 55232 |

*Counsel to Five Points, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
**In re:**                                                    :   Case No. 08-13555 (SCC)
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                  :   Chapter 11
                                                              :
**Debtors.**                                                  :   Jointly Administered
                                                              :
------------------------------------------------------------- x

**LIMITED OBJECTION OF FIVE POINTS, LLC TO THE MOTION OF
LEHMAN BROTHERS HOLDINGS INC. TO (A) APPROVE THE RMBS
SETTLEMENT AGREEMENT, (B) MAKE CERTAIN REQUIRED
FINDINGS IN CONNECTION THEREWITH, (C) SCHEDULE THE
ESTIMATION PROCEEDING AND APPROVE THE RELATED
PROCEDURES, AND (D) GRANT RELATED RELIEF**

To The Honorable Judge Shelley C. Chapman, United States Bankruptcy Judge:

Five Points, LLC ("Five Points"), as a beneficial owner of certificates, notes or other securities (collectively, "Certificates") issued by various residential mortgage-backed securities ("RMBS") trusts set forth on Exhibit A to the RMBS Settlement Agreement[1] (the "Covered Trusts"), by and through its undersigned counsel, Stroock & Stroock & Lavan LLP ("Stroock"), hereby submits this limited objection (this "Objection") to the *Motion of Lehman Brothers Holdings Inc. Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(a) for Entry of Order (A) Approving RMBS Settlement Agreement, (B) Making Certain Required Findings Regarding*

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the RMBS Settlement Motion (as defined below) and/or RMBS Settlement Agreement.

*Decision of RMBS Trustees and LBHI Debtors to Enter Into RMBS Settlement Agreement, (C) Scheduling Estimation Proceeding to Determine RMBS Claims and Approving Related Procedures Regarding Conduct of Hearing, and (D) Granting Related Relief* [Docket No. 55232] (the "<u>RMBS Settlement Motion</u>"), and in support hereof, respectfully states as follows:

**<u>OBJECTION</u>**

1. The RMBS Settlement Agreement incorporates language, including in section 3.06 thereof, regarding distributions to certificateholders that could be used to modify the payment "waterfall" set forth in the underlying RMBS trust documents that govern the Certificates (the "<u>Trust Documents</u>"). This language is substantially similar to that contained in other global settlements and has been the source of significant interpretive disputes and additional time-consuming and expensive litigation which, in turn, has had dramatic effects on the recoveries to investors by significantly extending distribution timelines and creating contractual uncertainties. *See*, *e.g.*, *In re Bank of N.Y. Mellon*, 51 N.Y.S.3d 356 (N.Y. Sup. Ct. 2017); *In re Bear Stearns Mortg. Funding Trust*, No. 62-TR-CV-16-35, 2016 WL 6330665 (Minn. Dist. Ct. Oct. 13, 2016); *U.S. Bank Nat. Ass'n v. Federal Home Loan Bank of Bos.*, No. 652382, 2016 WL 9110399 (N.Y. Sup. Ct. Aug. 12, 2016).

2. This Court should not allow the RMBS Settlement Agreement to serve as a mechanism by which certificateholders' bargained-for rights contained in the underlying Trust Documents are inappropriately modified. Instead, the Plan Administrator and/or the Accepting Trustees should only be able to modify the waterfall provisions contained in the Trust Documents in accordance with the relevant procedures set forth therein. Accordingly, Five Points objects to, and opposes the inclusion of, any language in the RMBS Settlement

2

Agreement to the extent that such language amends, modifies or otherwise alters the distribution waterfall set forth in the Trust Documents.

3. Likewise, the RMBS Settlement Agreement should not be approved until certificateholders have been given a full and fair opportunity to evaluate the merits of the proposed settlement and make a proper determination as to whether their respective Covered Trusts should terminate the RMBS Settlement Agreement and not participate in the claim estimation procedures.[2] Although section 2.03(c) of the RMBS Settlement Agreement provides a mechanism by which an Accepting Trustee may terminate the RMBS Settlement Agreement with respect to one or more Accepting Trusts, such termination requires that certificateholders (with the requisite power and authority) direct their respective Accepting Trustee to initiate a withdrawal in a manner acceptable to the Accepting Trustee, including the provision of a satisfactory indemnity, prior to the 9019 Objection Deadline (which is today). However, neither the Plan Administrator, nor any of the Accepting Trustees, have provided sufficient information to certificateholders to enable them to make a reasonable determination as to whether or not to direct their respective Accepting Trustee to terminate the RMBS Settlement Agreement and withdraw from the protocol.[3]

4. Importantly, the issues raised in this Objection are further compounded by the fact that the order approving the RMBS Settlement Agreement requires the Court to make certain findings related to the conduct of the Accepting Trustees, including that each of the Accepting Trustees "acted within the bounds of its discretion, reasonably, and in good faith with respect to

---

[2] Five Points is a significant holder of Certificates and has a controlling interest in several Covered Trusts.

[3] The various notices posted to the official "RMBS Trustees' Website" on March 20, 2017, April 21, 2017 and June 1, 2017 provide only trivial information regarding the proposed settlement, and are of little utility to certificateholders to evaluate the economic implications of the estimation protocol.

3

its evaluation and acceptance of the RMBS Settlement Agreement concerning the applicable Accepting Trust(s)." Proposed Order, ¶ 4. What's more, section 2.07 of the RMBS Settlement Agreement also requires the LBHI Debtors, the Accepting Trustees and the Institutional Investors to request entry of an order barring Investors from asserting claims against the Accepting Trustees with respect to the trustees' evaluation, acceptance and implementation of the RMBS Settlement Agreement. This two-pronged attack on the rights of certificateholders is not only unfair, it is inappropriate given the informational disadvantage such holders face. Accordingly, this Court should not approve the RMBS Settlement Agreement and reward the Plan Administrator and other LBHI Debtors, the Accepting Trustees and the Institutional Investors for creating a construct that assures participation is a *fait accompli*.[4]

WHEREFORE, for the reasons set forth herein, Five Points objects to the RMBS Settlement Motion and approval of the RMBS Settlement Agreement in its present form, and hereby reserves all rights and remedies at law, in equity or otherwise, in connection therewith, including raising additional objections at the hearing to approve the RMBS Settlement Agreement.

Dated: June 22, 2017　　　　　　　　　　　　STROOCK & STROOCK & LAVAN LLP
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　By:　/s/ Kristopher M. Hansen
　　　　　　　　　　　　　　　　　　　　　Kristopher M. Hansen
　　　　　　　　　　　　　　　　　　　　　Michael C. Keats
　　　　　　　　　　　　　　　　　　　　　Jonathan D. Canfield
　　　　　　　　　　　　　　　　　　　　　180 Maiden Lane
　　　　　　　　　　　　　　　　　　　　　New York, NY 10038-4982
　　　　　　　　　　　　　　　　　　　　　(212) 806-5400

　　　　　　　　　　　　　　　　　　　　　*Counsel to Five Points, LLC*

---

[4] It is unclear to Five Points whether the Court has jurisdiction to make such findings, or to issue the requested bar order.

4