**Hearing Date: July 6, 2017 at 10:00 a.m. (ET)**
**Objection Deadline: June 22, 2017 at 12:00 noon (ET)**

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
ARTHUR C. LEAHY
STEVEN W. PEPICH
LUCAS F. OLTS
DARRYL J. ALVARADO
HILLARY B. STAKEM
J. MARCO JANOSKI GRAY
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

*Bankruptcy Counsel to Royal Park Investments SA/NV*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF ROYAL PARK INVESTMENTS SA/NV TO MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO FED. R. 9019 AND 11 U.S.C § 105(A) FOR ENTRY OF ORDER (A) APPROVING RMBS SETTLEMENT AGREEMENT, (B) MAKING CERTAIN REQUIRED FINDINGS REGARDING DECISION OF RMBS TRUSTEES AND LBHI DEBTORS TO ENTER INTO RMBS SETTLEMENT AGREEMENT, (C) SCHEDULING ESTIMATION PROCEEDING TO DETERMINE RMBS CLAIMS AND APPROVING RELATED PROCEDURES REGARDING CONDUCT OF HEARING, AND (D) GRANTING RELATED RELIEF**

Royal Park Investments SA/NV ("Royal Park"), the named plaintiff and proposed class representative in the class action styled as *Royal Park Investments SA/NV, Individually and on Behalf of All Others Similarly Situated v. U.S. Bank National Association, as Trustee*, Civ. No. 1:14-cv-02590-VM-JCF (S.D.N.Y.) (the "Class Action"), pending in the United States District Court for the Southern District of New York (the "District Court"), for itself and the putative class it represents in the Class Action (the "Class"), hereby submits this limited objection (the "Limited Objection") to the motion (the "Trustee 9019 Motion') [Doc. No. 55232] of Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the confirmed chapter 11 plan (the "Plan") of the Plan Administrator and its affiliated chapter 11 debtors (collectively with the Plan Administrator, the "LBHI Debtors"), for approval of a settlement (the "Proposed Settlement") pursuant to the settlement agreement attached to the Trustee 9019 Motion as Exhibit B (the "Settlement Agreement") among the LBHI Debtors, certain institutional holders of residential mortgage-backed securities issued by 244 securitization trusts (the "Trusts"), and (subject to such trustees' acceptance) the trustees of the Trusts (the "Accepting Trustees").   As and for its Limited Objection, Royal Park respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Royal Park does not generally oppose approval of the Settlement or dispute the mechanism proposed in the Settlement Agreement for estimating and allocating the Accepting Trustees' claims against the LBHI Debtors on behalf of the Trusts.  Although the actions of U.S. Bank National Association ("U.S. Bank"), as trustee of certain of the Trusts, during the LBHI Debtors' chapter 11 cases may have squandered substantial value that *could have* been recovered from the LBHI Debtors on behalf of the Trusts, Royal Park, individually and on behalf of the

Class, recognizes that, under the circumstances that presently exist, the Settlement likely represents an acceptable – yet unfortunate – outcome. However, Royal Park is extremely concerned that the Proposed Settlement, whether intentionally or not, attempts to improperly shield U.S. Bank from liability in the Class Action that has been pending since 2014 and which is in active discovery.

2.     Specifically, Royal Park's concerns with respect to the Settlement are the potential unintended consequences of the Trustee Findings and the Bar Order (each as defined below) required by the Settlement Agreement. The language of the Trustee Findings and the Bar Order do not expressly reference the Class Action or any of the claims and causes of action presently asserted (or that could be asserted) in the Class Action. Given the absence of any limiting language in the proposed order granting the Trustee 9019 Motion (the "Proposed Order"), Royal Park believes that U.S. Bank may later attempt to assert that the effects of the Trustee Findings and the Bar Order extend beyond their apparently intended limited scope. As discussed below, the addition of very straightforward limiting language in the Proposed Order will foreclose the possibility of such an improper result in the first instance. Indeed, what is tantamount to a such a release of claims by a non-debtor against another non-debtor is not authorized by the Plan, the Bankruptcy Code, or (to the extent ordered solely by this Court) the United States Constitution as interpreted by the United States Supreme Court, *see generally Stern v. Marshall*, 564 U.S. 462 (2011) nor would this Court or the District Court have subject-matter jurisdiction to effectuate such a result. *See* 28 U.S.C. §1334(b).

## BACKGROUND

**A.    The Class Action**

3.    The Class Action was filed on April 11, 2014 against U.S. Bank, in its capacity as trustee of certain of the Trusts.  On August 31, 2015, U.S. Bank answered the complaint.

4.    In the complaint, Royal Park alleges, among other things, that U.S. Bank breached certain duties as trustee by failing to take appropriate action after discovering material breaches of representations and warranties by parties that sold loans to certain of the Trusts and other issues with the servicing of the loans in several of the Trusts covered by the Proposed Settlement – specifically the Trusts known as BNC 2007-2, LXS 2006-10N, LXS 2006-15, LXS 2007-7N and SARM 2006-9 (the "Trusts at Issue").  In essence, Royal Park alleges that U.S. Bank intentionally took virtually no action to enforce loan sellers' obligations to repurchase defective loans or loan servicers' obligations to properly service the loans, resulting in billions of dollars in losses to the trusts alleged in the Class Action, including the five above Trusts at Issue which are part of the Settlement Agreement.

5.    On December 21, 2016, Royal Park filed a motion (the "Class Certification Motion") to appoint itself as class representative for the Class, appoint Robbins Geller Rudman & Dowd LLP as class counsel, and certify the Class, defined as all persons and entities who held certificates in certain trusts, including the Trusts at Issue, at any time between the date of issuance to no later than 60 days after notice of class certification and opportunity to opt out is issued, and who were damaged as a result of U.S. Bank's conduct alleged in the complaint in the Class Action.  Briefing on the Class Certification Motion is completed and the parties are awaiting a ruling by the District Court.

-4-

**B.    The Trustee 9019 Motion**

6.    The Plan Administrator, for itself and on behalf of the other LBHI Debtors, filed the Trustee 9019 Motion on April 27, 2017.  Pursuant to the Trustee 9019 Motion, the LBHI Debtors seek, among other related relief, entry of an order approving the Settlement Agreement. Two provisions of the Proposed Order are the subject of this Limited Objection.

7.    First, the Settlement Agreement calls for the Court to recommend, and the District Court to approve, certain findings of fact with respect to the Accepting Trustees' conduct, as set forth in Exhibit F to the Settlement Agreement, including (among others) the following finding ("Trustee Finding #4"):

> Each of the Accepting Trustees acted within the bounds of its discretion, reasonably and in good faith with respect to its evaluation and acceptance of the Trust Settlement Agreement dated as of November 30, 2016 and modified as of March 17, 2017 (the "Settlement Agreement") concerning the applicable Accepting Trust(s).

See Settlement Agreement, Art. 1.36, 1.37, 2.03, and Ex. F.  The proposed language of Trustee Finding #4 is mirrored in paragraph 4 of the Proposed Order.

8.    Second, the Settlement Agreement requires the imposition of a bar order (the "Bar Order") precluding investors in the Trusts (like Royal Park and members of the Class as to the Trusts at Issue) from asserting certain claims against the Accepting Trustees.    Settlement Agreement, Art. 2.07.  The Bar Order is incorporated into the Proposed Order, as follows:

> Investors in the Accepting Trusts shall be barred from asserting claims against the Accepting Trustees with respect to their evaluation and acceptance of the RMBS Settlement Agreement and implementation of the RMBS Settlement Agreement in accordance with its terms.

Proposed Order, ¶ G.

## LIMITED OBJECTION

9.    Royal Park maintains that to avoid any potential impact of the Trustee Findings and the Bar Order on the Class Action and the Trusts at Issue, these provisions must be appropriately limited by the express language of the Proposed Order.

10.    Neither Trustee Finding #4 nor the Bar Order appears on its face to be expressly intended to extend to conduct of the Accepting Trustees predating or post-dating the Proposed Settlement.  However, it is not difficult to foresee an attempt to construct an argument that because the Accepting Trustees' conduct in entering into the Proposed Settlement has been deemed reasonable by this Court and the District Court, the actions that eventually placed the Accepting Trustees in the position of entering into the Proposed Settlement in the first instance were, perforce, reasonable.

11.    Following that same logic, it does not stretch the imagination to envision U.S. Bank (whether in the Class Action or in any future matter) asserting that the Bar Order bars claims against it that relate in any way to the claims being settled through the Proposed Settlement, or that the Proposed Settlement somehow fixes the amount of damages that can be recovered from U.S. Bank on account of its own wrongdoing.  Clearly, that would be an inequitable and unjust – and legally impermissible[1] – result.

12.    The simplest way to eliminate any possibility of an improper future attempt to utilize Trustee Finding #4, the Bar Order, and the Court's approval of the Proposed Settlement to foreclose or limit any claims or causes of action in the Class Action is to include language in any

---

[1]    To the extent the parties to the Proposed Settlement intend for Trustee Finding #4, the Bar Order, or any other provision of the Proposed Order or the Settlement Agreement to release, preclude, or otherwise adversely impact the claims and causes of action of Royal Park or the Class against U.S. Bank, both this Court and the District Court lack jurisdiction to enter the Proposed Order under the auspices of the Debtors' bankruptcy cases because such claims and causes of action do not arise under the Bankruptcy Code, did not arise in the LBHI Debtors' bankruptcy cases, and do not relate to the LBHI Debtors' bankruptcy cases. *See* 28 U.S.C. §1334(b).

order granting the Trustee 9019 Motion expressly circumscribing the scope thereof. Royal Park

respectfully submits that including the following language (the "Protective Language") in the

Proposed Order would adequately resolve its concerns:

> Nothing in this Order is intended to, does, or shall release, enjoin, preclude, or otherwise adversely impact any claim or cause of action, asserted or unasserted, that any current or former investor in any of the Accepting Trusts has against any Accepting Trustee or any other person or entity, other than claims specifically arising out of the Accepting Trustee's evaluation and acceptance of the Settlement Agreement and implementation of the Settlement Agreement in accordance with its terms. For the avoidance of doubt, this Order does not and is not intended to (a) extinguish or (b) provide any finding or determination that prevents the continued prosecution of the claims and causes of action asserted in the cases styled as Royal Park Investments SA/NV v. U.S. Bank National Association, as Trustee, No. 14-cv-02590-VM (S.D.N.Y.) and Royal Park Investments SA/NV v. Wells Fargo Bank, N.A., as Trustee, No. 14-cv-09764-KPF-SN (S.D.N.Y.)

## CONCLUSION

WHEREFORE, Royal Park respectfully submits that the Trustee 9019 Motion should not

be granted unless the order issued in connection therewith includes the Protective Language.

Dated: June 22, 2017
     New York, New York

**ROBBINS GELLER RUDMAN & DOWD LLP**

 /s/    Samuel H. Rudman
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, New York 11747
631.367.7100 Telephone
631.367.1173 Facsimile

ARTHUR C. LEAHY
STEVEN W. PEPICH
LUCAS F. OLTS
DARRYL J. ALVARADO
HILLARY B. STAKEM
J. MARCO JANOSKI GRAY

1280132_1

JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, California 92101-3301
619.231.1058  Telephone
619.231.7423  Facsimile

*Counsel to Royal Park Investments SA/NV*

1280132_1