**Hearing Date: July 6, 2017 at 10:00 a.m. (ET)**
**Objection Deadline: June 22, 2017 at 12:00 noon (ET)**

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10022
212.262.6700 (Telephone)
212.262.7402 (Facsimile)

Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Royal Park Investments SA/NV*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF ROYAL PARK INVESTMENTS SA/NV TO MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO FED. R. 9019 AND 11 U.S.C § 105(A) FOR ENTRY OF ORDER (A) APPROVING RMBS SETTLEMENT AGREEMENT, (B) MAKING CERTAIN REQUIRED FINDINGS REGARDING DECISION OF RMBS TRUSTEES AND LBHI DEBTORS TO ENTER INTO RMBS SETTLEMENT AGREEMENT, (C) SCHEDULING ESTIMATION PROCEEDING TO DETERMINE RMBS CLAIMS AND APPROVING RELATED PROCEDURES REGARDING CONDUCT OF HEARING, AND (D) GRANTING RELATED RELIEF**

Royal Park Investments SA/NV ("Royal Park"), named plaintiff and proposed class representative in the class action styled as *Royal Park Investments SA/NV, Individually and on Behalf of All Others Similarly Situated v. Wells Fargo Bank, N.A., as Trustee*, Civ. No. 1:14-cv-09764-KPF-SN (S.D.N.Y.) (the "Class Action"), pending in the United States District Court for the Southern District of New York (the "District Court"), for itself and the putative class it represents in the Class Action (the "Class"), hereby submits this limited objection (the "Limited

Objection") to the motion (the "Trustee 9019 Motion') [Doc. No. 55232] of Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the confirmed chapter 11 plan (the "Plan") of the Plan Administrator and its affiliated chapter 11 debtors (collectively with the Plan Administrator, the "LBHI Debtors"), for approval of a settlement (the "Proposed Settlement") pursuant to the settlement agreement attached to the Trustee 9019 Motion as Exhibit B (the "Settlement Agreement") among the LBHI Debtors, certain institutional holders of residential mortgage-backed securities issued by 244 securitization trusts (the "Trusts"), and (subject to such trustees' acceptance) the trustees of the Trusts (the "Accepting Trustees"). As and for its Limited Objection, Royal Park respectfully states as follows:

## PRELIMINARY STATEMENT

1. Royal Park does not generally oppose approval of the Settlement or dispute the mechanism proposed in the Settlement Agreement for estimating and allocating the Accepting Trustees' claims against the LBHI Debtors on behalf of the Trusts. Although the actions of Wells Fargo (as defined below), as trustee of certain of the Trusts, during the LBHI Debtors' chapter 11 cases may have squandered substantial value that *could have* been recovered from the LBHI Debtors on behalf of the Trusts, Royal Park, individually and on behalf of the Class, recognizes that, under the circumstances that presently exist, the Settlement likely represents an acceptable – yet unfortunate – outcome. However, Royal Park is extremely concerned that the Proposed Settlement, whether intentionally or not, attempts to improperly shield Wells Fargo from liability in the Class Action that has been pending since 2014 and recently survived a motion to dismiss.

2. Specifically, Royal Park's concerns with respect to the Settlement are the potential unintended consequences of the Trustee Findings and the Bar Order (each as defined

-2-

below) required by the Settlement Agreement. The language of the Trustee Findings and the Bar Order do not expressly reference the Class Action or any of the claims and causes of action presently asserted (or that could be asserted) in the Class Action. Given the absence of any limiting language in the proposed order granting the Trustee 9019 Motion (the "Proposed Order"), Royal Park believes that Wells Fargo may later attempt to assert that the effects of the Trustee Findings and the Bar Order extend beyond their apparently intended limited scope. As discussed below, the addition of very straightforward limiting language in the Proposed Order will foreclose the possibility of such an improper result in the first instance. Indeed, what is tantamount to a release of claims by a non-debtor against another non-debtor is not authorized by the Plan, the Bankruptcy Code, or (to the extent ordered solely by this Court) the United States Constitution as interpreted by the United States Supreme Court, see generally Stern v. Marshall, 564 U.S. 462 (2011), nor would this Court or the District Court have subject-matter jurisdiction to effectuate such a result. See 28 U.S.C. § 1334(b).

## BACKGROUND

**A.    The Class Action**

3.    The Class Action was filed on December 11, 2014 against Wells Fargo Bank, National Association, in its capacity as trustee of various RMBS trusts ("Wells Fargo").[1] Royal Park filed an amended complaint (the "Amended Complaint") on March 13, 2015.

---

[1] Law Debenture Trust Company of New York ("LDT") was appointed as separate trustee of certain Trusts by order of the State of Minnesota District Court, Fourth Judicial District, County of Hennepin, entered on July 24, 2013 (the "Separate Trustee Order"). Pursuant to the Separate Trustee Order, LDT was responsible for taking actions to enforce claims on behalf of the Trusts against various entities that sold, transferred, or assigned mortgage loans to the relevant Trusts or may be liable to the Trusts for breaches of representations and warranties related to the mortgage loans in the relevant Trusts. LDT is not currently a defendant in the Class Action. However, to the extent that Royal Park later determines that LDT should be named as a defendant, Royal Park's concerns regarding the Proposed Settlement apply equally to any claims it might assert (both individually and on behalf of the Class) against LDT with respect to any of the Trusts.

4. In the Amended Complaint, Royal Park alleges, among other things, that Wells Fargo breached certain duties as trustee by failing to take appropriate action after discovering material breaches of representations and warranties by parties that sold loans to the Trusts, and other issues with the servicing of the loans in one of the Trusts identified in the Proposed Settlement, known as SASCO 2007-BC1. In essence, Royal Park alleges that Wells Fargo took virtually no action to enforce loan sellers' obligations to repurchase defective loans or properly service the loans, resulting in billions of dollars in losses to the Trusts.

5. On January 6, 2017, the District Court entered an order directing that any motion for class certification in the Class Action was required to be filed no later than fourteen days after Wells Fargo filed its answer.

6. On March 30, 2017, the District Court entered an order denying in part and granting in part Wells Fargo's motion to dismiss the Class Action and three related actions.

7. On May 12, 2017, Wells Fargo filed its answer in the Class Action. Accordingly, on May 26, 2017, Royal Park filed a motion (the "Class Certification Motion") to appoint itself as class representative for the Class, appoint Robbins Geller Rudman & Dowd LLP as class counsel, and certify the Class, defined as follows:

> All persons and entities who held Certificates in (1) ABFC 2006-OPT1 and (2) Structured Asset Securities Corporation Mortgage Loan Trust 2007-BC1 (collectively, the "Covered Trusts") at any time between the date of issuance to no later than 60 days after notice of class certification and opportunity to opt out is issued and were damaged as a result of Wells Fargo Bank, N.A.'s conduct alleged in the Complaint.

Briefing on the Class Certification Motion is currently scheduled to be completed on or about July 17, 2017.

**B.     The Trustee 9019 Motion**

8.     The Plan Administrator, for itself and on behalf of the other LBHI Debtors, filed the Trustee 9019 Motion on April 27, 2017. Pursuant to the Trustee 9019 Motion, the LBHI Debtors seek, among other related relief, entry of an order approving the Settlement Agreement. Two provisions of the Proposed Order are the focus of this Limited Objection.

9.     First, the Settlement Agreement calls for the Court to recommend, and the District Court to approve, certain findings of fact with respect to the Accepting Trustees' conduct, as set forth in Exhibit F to the Settlement Agreement, including (among others) the following finding ("Trustee Finding #4"):

> Each of the Accepting Trustees acted within the bounds of its discretion, reasonably and in good faith with respect to its evaluation and acceptance of the Trust Settlement Agreement dated as of November 30, 2016 and modified as of March 17, 2017 (the "Settlement Agreement") concerning the applicable Accepting Trust(s).

See Settlement Agreement, Art. 1.36, 1.37, 2.03, and Ex. F.  The proposed language of Trustee Finding #4 is mirrored in paragraph 4 of the Proposed Order.

10.    Second, the Settlement Agreement requires the imposition of a bar order (the "Bar Order") precluding investors in the Trusts (like Royal Park and members of the Class, as to the SASCO 2007-BC1 Trust) from asserting certain claims against the Accepting Trustees. Settlement Agreement, Art. 2.07. The Bar Order is incorporated into the Proposed Order, as follows:

> Investors in the Accepting Trusts shall be barred from asserting claims against the Accepting Trustees with respect to their evaluation and acceptance of the RMBS Settlement Agreement and implementation of the RMBS Settlement Agreement in accordance with its terms.

Proposed Order, ¶ G.

**LIMITED OBJECTION**

11. Royal Park maintains that to avoid any potential impact of the Trustee Findings and the Bar Order on the Class Action, these provisions must be appropriately limited by the express language of the Proposed Order.

12. Neither Trustee Finding #4 nor the Bar Order appears on its face to be expressly intended to extend to any conduct of the Accepting Trustees other than directly in connection with the Proposed Settlement. However, it is not difficult to foresee an attempt to construct an argument that because the Accepting Trustees' conduct in entering into the Proposed Settlement has been deemed reasonable by this Court and the District Court, the actions that eventually placed the Accepting Trustees in the position of entering into the Proposed Settlement in the first instance were, perforce, reasonable.

13. Following that same logic, it does not stretch the imagination to envision Wells Fargo (whether in the Class Action or in any future matter) asserting that the Bar Order bars claims against it that relate in any way to the claims being settled through the Proposed Settlement, or that the Proposed Settlement somehow fixes the amount of damages that can be recovered from Wells Fargo on account of its own wrongdoing. Clearly, that would be an inequitable and unjust – and legally impermissible – result.

14. To the extent the parties to the Proposed Settlement *do* intend for Trustee Finding #4, the Bar Order, or any other provision of the Proposed Order or the Settlement Agreement to release, preclude, or otherwise adversely impact the claims and causes of action of Royal Park or the Class against Wells Fargo, the first proposed finding contained in paragraph 1 of the Proposed Order is inappropriate because (a) both this Court and the District Court lack jurisdiction to enter the Proposed Order under the auspices of the Debtors' bankruptcy cases

because such claims and causes of action do not arise under the Bankruptcy Code, did not arise in the LBHI Debtors' bankruptcy cases, and do not relate to the LBHI Debtors' bankruptcy cases, see 28 U.S.C. § 1334(b), and to the extent an order on the Trustee 9019 Motion is entered solely by this Court, the provisions thereof exceed this Court's constitutional adjudicatory authority pursuant to Stern.

15. The simplest way to eliminate any possibility of an improper future attempt to utilize Trustee Finding #4, the Bar Order, and the Court's approval of the Proposed Settlement to foreclose or limit any claims or causes of action in the Class Action is to include language in any order granting the Trustee 9019 Motion expressly circumscribing the scope thereof. Royal Park respectfully submits that including the following language (the "Protective Language") in the Proposed Order would adequately resolve its concerns:

> Nothing in this Order is intended to, does, or shall release, enjoin, preclude, or otherwise adversely impact any claim or cause of action, asserted or unasserted, that any current or former investor in any of the Accepting Trusts has against any Accepting Trustee or any other person or entity, other than claims against the Accepting Trustees specifically arising out of the Accepting Trustees' evaluation and acceptance of the Settlement Agreement and implementation of the Settlement Agreement in accordance with its terms. For the avoidance of doubt, this Order does not and is not intended to (a) extinguish or (b) provide any finding or determination that prevents the continued prosecution of the claims and causes of action asserted in the case styled as *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A., as Trustee*, No. 14-cv-09764-KPF-SN (S.D.N.Y.).

*[ signature page follows ]*

## CONCLUSION

WHEREFORE, Royal Park respectfully submits that the Trustee 9019 Motion should not be granted unless the order issued in connection therewith includes the Protective Language.

Dated: June 22, 2017
      New York, New York

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| /s/ Michael S. Etkin | Arthur C. Leahy |
| Michael S. Etkin, Esq. | Steven W. Pepich |
| 1251 Avenue of the Americas, 17th Floor | Lucas F. Olts |
| New York, New York 10022 | Darryl J. Alvarado |
| 212.262.6700 Telephone | Hillary B. Stakem |
| 212.262.7402 Facsimile | J. Marco Janoski Gray |
| metkin@lowenstein.com | Juan Carlos Sanchez |
| | 655 West Broadway, Suite 1900 |
| Andrew Behlmann, Esq. | San Diego, California 92101-3301 |
| 65 Livingston Avenue | |
| Roseland, New Jersey 07068 | 619.231.1058 Telephone |
| 973.597.2500 Telephone | 619.231.7423 Facsimile |
| 973.597.2400 Facsimile | |
| abehlmann@lowenstein.com | Samuel H. Rudman |
| | 58 South Service Road, Suite 200 |
| | Melville, New York 11747 |
| | 631.367.7100 Telephone |
| | 631.367.1173 Facsimile |
| *Bankruptcy Counsel to Royal Park Investments SA/NV* | *Counsel to Royal Park Investments SA/NV* |