FENSTERSTOCK & PARTNERS, LLP
100 Broadway, 8th Floor
New York, New York 10005-4514
Telephone: (212) 785-4100
Facsimile: (212) 785-4040
Lani A. Adler

COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
George Hofmann

*Attorneys for iFreedom Direct Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC) |

**iFREEDOM DIRECT CORPORATION'S LIMITED OBJECTION AND RESERVATION OF RIGHTS CONCERNING MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. §105(A) FOR ENTRY OF ORDER (A) APPROVING RMBS SETTLEMENT AGREEMENT, (B) MAKING CERTAIN REQUIRED FINDINGS REGARDING DECISION OF RMBS TRUSTEES AND LBHI DEBTORS TO ENTER INTO RMBS SETTLEMENT AGREEMENT, (C) SCHEDULING ESTIMATION PROCEEDING TO DETERMINE RMBS CLAIMS AND APPROVING RELATED PROCEDURES REGARDING CONDUCT OF HEARING, AND (D) GRANTING RELATED RELIEF**

iFreedom Direct Corporation ("iFreedom"), through its undersigned counsel, hereby submits this limited objection and reservation of rights concerning the Motion of Lehman Brothers Holdings Inc. Pursuant to Fed. R. Bankr. P. 9019 And 11 U.S.C. §105(A) for Entry of Order (A) Approving RMBS Settlement Agreement, (B) Making Certain Required Findings Regarding Decision of RMBS Trustees and LBHI Debtors to Enter Into RMBS Settlement Agreement, (C) Scheduling Estimation Proceeding to Determine RMBS Claims and Approving Related Procedures Regarding Conduct of Hearing, and (D) Granting Related Relief (referred to herein as the "Motion") as follows:

1. iFreedom is a Salt Lake City, Utah based mortgage originator. iFreedom has both brokered and sold certain mortgage loans to Lehman Brothers Bank ("LBB"), which loans LBHI claims were then purportedly transferred and/or assigned to LBHI.

2. iFreedom and LBHI are currently involved in litigation in the United States District Court for the District of Utah.[1] At issue in this litigation is whether iFreedom has a duty to indemnify LBHI for amounts that LBHI paid to Fannie Mae and Freddie Mac pursuant to settlement agreements LBHI entered into with each of Fannie Mae and Freddie Mac. LBHI has also filed an adversary proceeding against iFreedom in this Court asserting indemnification claims arising out of the Fannie Mae and Freddie Mac settlements.[2]

3. Paragraph 2.03(a) of the proposed Settlement Agreement (as defined in the Motion) requires that notice of the Settlement Agreement shall be provided to "all known mortgage originators (including all known brokers, bulk sellers, and correspondents against whom the LBHI Debtors may have indemnity claims arising from the Settlement Agreement)."

4. iFreedom has been advised by LBHI that there are loans outside of the Fannie

---

[1] Case No. 2:15-CV-00868-TC
[2] Adversary No. 15-01426 (SCC)

-2-

Mae and Freddie Mac settlements for which it may seek indemnification. Because iFreedom received notice of the Settlement Agreement, it appears that LBHI believes that LBHI may assert indemnity claims against iFreedom for certain loans covered by the Settlement Agreement ("Possible Indemnity Claim Loans").

5. The Motion and Settlement Agreement do not provide sufficient information to enable iFreedom to determine if some, all, or none of the Possible Indemnity Claim Loans would be covered by the Settlement Agreement. iFreedom has no knowledge, and LBHI has not provided it with any information, of the terms and conditions of transfers made by LBB to LBHI of the loans LBB acquired or obtained by brokerage from iFreedom, which loans LBHI may have transferred or assigned to RMBS Trustees, or of the transfers of such loans by LBHI to any of the RMBS Trustees. However, it is possible that iFreedom has defenses to any claims which allege that iFreedom has, or caused, any liability with respect to any loans that are covered by the Settlement Agreement, but LBHI has not provided iFreedom with any information as to whether any claims by the RMBS Trustees that are to be addressed under the Settlement Agreement allege any liability with respect to loans originated or brokered by iFreedom or what the allegations of the RMBS Trustees are with respect to any Possible Indemnity Claim Loans.

6. To the extent that Possible Indemnity Claim Loans are included in the proposed Settlement Agreement and LBHI could assert claims for indemnification against iFreedom based thereon, iFreedom is entitled to an opportunity to participate in the settlement discussions regarding, and/or to potentially assume – if appropriate after consideration of whether the claim against LBHI is based on allegations on which LBHI could assert claims for indemnification against iFreedom– the defense of the RMBS Trustees' claims covering the Possible Indemnity Claim Loans if necessary.

7. Under New York law, "an indemnitee who fails to provide an indemnitor notice of a settlement cannot recover reimbursement without establishing that there was liability, without a good defense, and that the amount of the settlement was reasonable. However, if the indemnitor does receive notice of the underlying action, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make." *In re Residential Capital, LLC,* 536 B.R. 132, 146 (Bankr. S.D.N.Y. 2015) (internal citations and alterations omitted).

8. "Fundamentally, the importance of notice is based on the objective of giving an indemnitor the opportunity to defend or settle a claim. *Combustion Eng'g, Inc. v. Imetal*, 235 F. Supp. 2d 265, 273 (S.D.N.Y. 2002). "Notice sufficient to give the indemnitor a meaningful opportunity to defend is the indispensable element to be proven by the party seeking indemnity..." *Atlantic Richfield Co. v. Interstate Oil Transport Co.,* 784 F.2d 106, 113 (2d Cir. 1986).

9. At a minimum, if iFreedom is not provided an opportunity to participate in the settlement discussions or defend the claims as they pertain to Possible Indemnity Claim Loans, then, for that reason alone, iFreedom does not have sufficient notice of the RMBS settlement. iFreedom does not waive any other arguments with respect to notice of the proposed RMBS settlement.

10. iFreedom files this objection to place the Court and all parties on notice that it objects to approval of the Settlement Agreement to the extent that it covers any Possible Indemnity Claim Loans and – unless LBHI waives any right to seek indemnification thereof – affirmatively requests that it be permitted to participate in the settlement negotiations and, if appropriate, assume the defense on a loan by loan basis of the RMBS Trustees' claims, as to

which claims, LBHI believes it will be entitled to indemnification from iFreedom.

11.  This objection is not to be construed as an admission by iFreedom that it has a duty to indemnify LBHI and iFreedom reserves all rights and defenses that it may possess related to the Possible Indemnity Claim Loans. Without limiting the generality of the foregoing, iFreedom reserves its right to a jury trial and an adjudication by an Article III court of any disputes with LBHI, and iFreedom disputes the subject matter jurisdiction of this Court to adjudicate any claims LBHI might assert against iFreedom related to the Possible Indemnity Claim Loans. Until iFreedom has a meaningful opportunity to review the Possible Indemnity Claim Loans covered by the Settlement Agreement, if any, and make an informed decision on settlement and potential duty to indemnify, it cannot be bound by the Settlement Agreement and objects to this Court's approval of the same.

Dated:  June 22, 2017
        New York, New York

Respectfully submitted,

FENSTERSTOCK & PARTNERS, LLP

By    /s/ Lani A. Adler
FENSTERSTOCK & PARTNERS, LLP
100 Broadway, 8th Floor
New York, NY  10005-4514
Telephone: (212) 785-4100
Facsimile: (212) 785-4040

and

George Hofmann
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

*Attorneys for iFreedom Direct Corporation*