**Hearing Date: July 6, 2017 at 9:00 a.m. (EDT)**

BECKER, GLYNN, MUFFLY
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255
Chester B. Salomon
Alec P. Ostrow

GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
Kathy D. Patrick (admitted *pro hac vice*)
Robert J. Madden (admitted *pro hac vice*)
David Sheeren (admitted *pro hac vice*)

*Attorneys for the Institutional Investors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC., et al.,** | : | **Case No. 08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**THE INSTITUTIONAL INVESTORS' RESPONSE IN SUPPORT
OF THE RMBS SETTLEMENT 9019 MOTION (ECF 55232)
AND ENTRY OF THE TRUSTEE FINDINGS AND BAR ORDER**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 2

II.     FACTUAL BACKGROUND ...................................................................................... 2

III.    ARGUMENT AND AUTHORITIES ......................................................................... 4

        A.      The Trustee Findings ........................................................................... 4

                1.      The Relevant Standard ................................................................ 4

                2.      Application of the Facts Presented Here to the Controlling Law
                        Demonstrates that the Court Should Enter the Trustee Findings ................ 7

        B.      The Bar Order ...................................................................................... 8

IV.     CONCLUSION ............................................................................................................ 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In the Matter of the Bank of New York Mellon*,
    127 A.D.3d 120 (1st Dep't 2015) ............................................................6, 7, 8, 9, 10

*In re Residential Capital, LLC*,
    2013 WL 3286198 (Bankr. S.D.N.Y. 2013) ..............................................................7

*In the Matter of U.S. Bank, N.A.*,
    51 Misc.3d 273 (N.Y. Sup. Ct, N.Y. Cty 2015) .................................6, 7, 8, 9, 10, 14

*U.S. Bank Nat'l Ass'n v. Federal Home Loan Bank of Boston*,
    2016 WL 9110399 (N.Y. Sup. Ct, N.Y. Cty 2016) ...........................6, 7, 8, 9, 10, 14

**Other Authorities**

RESTATEMENT (THIRD) OF TRUSTS § 77 cmt. b[2].................................................8, 9, 10

RESTATEMENT (THIRD) OF TRUSTS § 93 cmt. c.................................................................9

The Institutional Investors[1] file this response in support of the RMBS Settlement 9019 Motion (ECF 55232) (the "9019 Motion"), and in support of entry by the Court of: (i) the Trustee Findings[2] and (ii) an order barring investors in the Participating Trusts from asserting claims against the Accepting Trustees with respect to their evaluation and acceptance of the Settlement Agreement, and implementation of the agreement in accordance with its terms (the "Bar Order") (collectively the "Trustee Relief").[3]

For the reasons stated below, the Institutional Investors ask that that the Court grant the 9019 Motion, and enter the Trustee Findings and Bar Order.

---

[1] The Institutional Investors are: AEGON USA Investment Management, LLC, Blackrock Financial Management, Inc., Cascade Investment, L.L.C., The Federal Home Loan Bank of Atlanta, Goldman Sachs Asset Management, L.P., Invesco Advisers, Inc., Kore Advisors, L.P., the Metropolitan Life Insurance Company, Pacific Investment Management, LLC, SeaLink Funding Limited, The TCW Group, Inc., Thrivent Financial for Lutherans, Voya Investment Management (formerly known as ING Investment Management), and Western Asset Management Company.

[2] Unless otherwise indicated, capitalized terms used herein have the meanings assigned to them in the 9019 Motion.

[3] Two objections remain to the 9019 Motion. The first, by iFreedom Direct Corporation ("iFreedom"), a mortgage originator, is concerned solely with the notice that iFreedom received of the Settlement, and the effect it may have in the future should the Plan Administrator assert an indemnity claim against iFreedom, arising out of the Settlement. *See* ECF 55616. The second objection is asserted by Claimants Vega-Suftin, et al. ("Vega-Suftin"), claimants in the Lehman estate. *See* ECF 55609. This objection is concerned solely with the question of which of the Lehman debtors will satisfy the sums paid on the allowed claim in favor of the Trusts that will result from implementation of the Settlement. *Id*. Neither of these objections is lodged on behalf of a certificateholder in the Trusts, and neither objects to the Court granting the Trustee Relief. These objections have no bearing on the Court's consideration of the Trustee Relief, and are therefore not otherwise addressed in this response, which is directed primarily to entry of the Trustee Relief (the Institutional Investors understand LBHI intends to address these objections in its reply).

## I.
## INTRODUCTION

1.      The Institutional Investors are holders and/or authorized investment managers for holders, of approximately $6 billion in certificates in 191 of the 237 Participating Trusts.[4]  They have intervened in this proceeding to support the 9019 Motion and the RMBS Trustees' exercise of discretion in entering into the RMBS Settlement Agreement, because they believe that the settlement sets out a fair and reasonable method for fully and finally resolving the Trusts' RMBS claims without unnecessary cost, expense, and delay, and therefore is in the best interest of certificateholders in the Trusts.[5]  The Institutional Investors therefore support all aspects of the settlement and entry by the Court of the relief requested in the 9019 Motion, including the Trustee Findings and the Bar Order.

2.      Specifically with respect to the Trustee Findings and the Bar Order, as explained below, under the well-established standard for reviewing the conduct of an RMBS trustee who seeks to settle trust claims, and on the facts presented here, this relief is appropriate and should be entered by the Court.

## II.
## FACTUAL BACKGROUND

3.      As explained in the 9019 Motion, the RMBS Settlement Agreement was presented to the RMBS Trustees on March 17, 2017, as a binding offer from the LBHI Debtors for the RMBS Trustees to accept or reject by June 1, 2017.[6]

---

[4] *See* The Institutional Investors' Disclosure of Economic Interests (ECF 55665).

[5] The Institutional Investors were granted to leave to intervene on June 27, 2017 (ECF 55667).

[6] *See* 9019 Motion at ¶ 30.

4.      As set forth in the RMBS Trustees' response in support of the 9019 Motion and

supporting affidavits and exhibits,[7] the RMBS Trustees made their decision to accept the RMBS

Settlement Agreement in reliance on and after completing the following process:

a.      On March 20, the RMBS Trustees sent a notice to certificateholders in the Trusts: (i) informing them of the settlement offer; (ii) informing them that the Trustees had retained the Honorable Judith Fitzgerald (Ret.) ("Judge Fitzgerald") as their expert to assist them with an independent evaluation of the settlement offer; and (iii) inviting them to ask questions or provide comments or opinions regarding the settlement offer to the Trustees for them to consider in making their decision.[8]

b.      On April 21, 2017, the RMBS Trustees sent a second notice to certificateholders providing access to additional information regarding the settlement offer and the claims proposed to be settled.[9]

c.      On May 28, 2017 Judge Fitzgerald provided the RMBS Trustees with a an expert report detailing her work and advising them of her conclusion that the RMBS Settlement Agreement constituted a fair and reasonable resolution of the RMBS claims.[10]  Judge Fitzgerald's report explains that in arriving at her conclusion, in addition to relying on her 25 years of experience as a Bankruptcy Judge, along with her knowledge of the law from teaching as well as her experience in practice since leaving the bench, she considered (among other things): (i) the litigation positions of LBHI in disputing the claims, (ii) the cost, time and efforts of the RMBS Trustees in pursuit of the claims, (iii) the opinions of other experts retained by the RMBS Trustees, (iv) applicable law regarding residential mortgage backed securitization trusts, (v) other settlements by RMBS trustees, (vi) the representations and warranties alleged to have been breached, (vii) the difficulty, time and expense required to prove breaches without the settlement, (viii) the actions undertaken by the RMBS Trustees to ascertain the value of the claims, (ix) changes made to the terms of the Settlement Agreement obtained by the RMBS Trustees, (x) the views of the Institutional Investors, and (vii) the views, comments, and concerns raised by other certificateholders.[11]

---

[7] The affidavits and exhibits offered by the RMBS Trustees in support of entry of the Trustee Relief are incorporated herein by reference.

[8] *See also* June 1, 2017 Notice Regarding Acceptance of the Proposed RMBS Trust Settlement Agreement, available at http://www.lbhirmbssettlement.com/pdflib/Notice_of_Acceptance.pdf

[9] *Id.*

[10] *Id.*

[11] *See also* May 28, 2017 Report Regarding Expert Opinion of Judith K. Fitzgerald, available at http://www.lbhirmbssettlement.com/pdflib/Report_Regarding_Expert_Opinion_of_Judith_K_Fit zgerald_and_JK_Fitzgerald_CV.pdf

3

5.      On June 1, 2017, the RMBS Trustees accepted the RMBS Settlement Agreement on behalf of 238 of the 244 Trusts to which it was offered.

### III.
### ARGUMENT AND AUTHORITIES

10.      As explained below, the request for this Court to enter the Trustee Findings and the Bar Order is well supported by the facts presented and by the governing law, and therefore they should be granted.

### A.
### The Trustee Findings

### 1.
### The Relevant Standard

11.      The law governing this Court's decision whether to grant the Trustee Findings is well-established.  This is so because, since the financial crisis of 2008, numerous RMBS trustees have entered into settlements with the issuers of RMBS securities to resolve the issuers' potential mortgage repurchase liabilities, and in connection with these settlements, it has been customary for the trustees to seek, and for courts to issue, judicial findings that the trustees acted reasonably and in good faith in entering into the settlements, in order to protect the trustees from claims by dissenting certificateholders that the trustees breached their duties in compromising and resolving trust claims.[12]

---

[12] *See, e.g. In the Matter of the Bank of New York Mellon*, 127 A.D.3d 120, 125, 128 (1st Dep't 2015) (Countrywide/Bank of America settlement) ("The ultimate issue for determination here is whether the trustee's discretionary power was exercised reasonably and in good faith … we approve the settlement in its entirety"); *U.S. Bank Nat'l Ass'n v. Federal Home Loan Bank of Boston*, 2016 WL 9110399, at *16 (N.Y. Sup. Ct, N.Y. Cty 2016) (JPMorgan settlement) ("[T]he court holds that the Trustees exercised their discretion reasonably and in good faith in approving the Proposed Settlement"); *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d 273, 288 (N.Y. Sup. Ct, N.Y. Cty 2015) (Citigroup settlement) ("[T]he court holds that the trustees exercised their

12.     As a result of these judicial proceedings, New York courts[13] have had the opportunity to make clear "the nature and extent of the scrutiny a court may properly apply to a trustee's settlement of claims of misconduct on the part of the originator and servicer of residential mortgage backed securities."[14]   The courts considering this issue have instructed that, in a proceeding such as this one: (i) "[t]he ultimate issue for determination … is whether the trustee's discretionary power was exercised reasonably and in good faith;[15] (ii) "[i]t is not the task of the court to decide whether we agree with the trustee's judgment;"[16] and (iii) the role of the Court in making its decision "is limited to ensuring that the trustee has not acted in bad faith such that his conduct constituted an abuse of discretion."[17]

13.     Thus, the inquiry before this Court on the issue of entry of the Trustee Findings is a narrow one.   The issue is not whether, on the merits, the Court agrees with Trustees' decision, or believes that it was the "right" one under the circumstances presented.     Rather, the sole

---

discretionary power reasonably and in good faith in accepting the RMBS Trust Settlement Agreement"); *In re Residential Capital, LLC*, 2013 WL 3286198, at \*21 (Bankr. S.D.N.Y. 2013) (Residential Capital settlement) ("The findings of fact that … the RMBS Trustees have acted in good faith and in the best interests of its respective constituencies in entering into the PSA [which included the RMBS settlement] are appropriate now and supported by the record.").

[13] The Trusts at issue are governed by New York law.  *See, e.g.*, LMT 2006-8 Trust Agreement at § 11.06 ("This Agreement shall be governed by and construed in accordance with the laws of the State of New York . . . and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws."), available at:
https://www.sec.gov/Archives/edgar/data/1379513/000114420406052549/v060171_ex4-1.htm

[14] *In the Matter of the Bank of N.Y. Mellon*, 127 A.D.3d at 122-23.

[15] *Id.* at 125.  *Accord U.S. Bank v. Federal Home Loan Bank of Boston*, 2016 WL 9110399 at \*4; *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d at 278.

[16] *Id.*

[17] *Id.*

inquiry is whether, in making their decision, the Trustees acted in good faith and employed a reasonable process to arrive at their result.

14.     Moreover, where as here RMBS trustees make their decision to settle repurchase claims based upon the opinion of a highly qualified expert, the inquiry narrows even further, such that "all that is required is a determination that it was reasonable to rely on" the expert's judgment.[18]  This standard was first set out in the *Countrywide* case, where the New York Appellate Division, First Department, held that:

> a party challenging the decisions of a trustee who followed the advice of a highly regarded specialist in the relevant area of law can prevail only upon a showing that, based on the particular circumstances, the reliance on such counsel's assessment was unreasonable and in bad faith.  Court approval of the settlement does not require that the court agree with counsel's judgment or assessment; all that is required is a determination that it was reasonable for the trustee to rely on counsel's expert judgment.[19]

15.     Thereafter, courts applying the *Countrywide* standard held that it applied, not only to reliance on the advice of counsel, but also to reliance on the advice of other types of "highly regarded specialists."[20]  As one court explained it:

> The focus of the Appellate Division in the *Countrywide* Article 77 proceeding was on the trustee's reliance on the plausible advice of counsel, whereas the focus here is on the trustees' reliance on the advice of outside experts. However, the reasoning underlying the *Countrywide* Court's finding that reliance on counsel was "significantly probative of prudence" applies with equal force where a trustee has relied reasonably and in good faith on other "highly-regarded specialists." Indeed, the Comments to the most recent Restatement of Trusts articulate a rule

---

[18] *In the Matter of the Bank of N.Y. Mellon*, 127 A.D.3d at 126 (*citing* RESTATEMENT (THIRD) OF TRUSTS § 77 cmt. b[2]).  *Accord U.S. Bank v. Federal Home Loan Bank of Boston*, 2016 WL 9110399 at *10-11; *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d at 285-87.

[19] *In the Matter of the Bank of N.Y. Mellon*, 127 A.D.3d at 126.

[20] *U.S. Bank v. Federal Home Loan Bank of Boston*, 2016 WL 9110399 at *10; *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d at 286.

6

that parallels the rule enunciated in *Countrywide* concerning a trustee's reliance on counsel, but which applies to professional advice generally.[21]

16.    Thus, where as here an RMBS trustee seeks a finding that it acted reasonably and in good faith in settling trust claims in reliance on the opinion of a "highly regarded specialist," the sole issue before the Court is whether it was reasonable for the trustee to rely on the expert's advice.    With respect to this narrow issue, the focus of the Court is on whether the trustee selected its expert "prudently and in good faith, and has relied on plausible advice on a matter within [the expert's] expertise," without regard to whether, on the merits, "the court agree[s] with [the expert's] judgment or assessment."[22]    As a result of this narrow scope of review, questions regarding the Trustees' request for entry of the Trustee Findings that are concerned whether the Trustees' decision, on the merits, was "wrong" or imprudent have no relevance, because they raise issues would call for the the Court to step outside of the appropriate scope of review.

## 2.
### Application of the Facts Presented Here to the Controlling Law
### <u>Demonstrates that the Court Should Enter the Trustee Findings</u>

17.    Here, as described in Part II, *supra*, the RMBS Trustees made their decision to enter into the RMBS Settlement Agreement after carefully considering its merits, and ultimately acting in reliance on the opinion of a highly qualified expert, Judge Fitzgerald.    As discussed in Part III(A)(1), *supra*, where an RMBS trustee makes a settlement decision in this manner, the sole inquiry for the Court is whether the trustee selected its expert "prudently and in good faith,

---

[21] *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d at 286 (*citing* RESTATEMENT (THIRD) OF TRUSTS § 93 cmt. c).  *Accord U.S. Bank v. Federal Home Loan Bank of Boston*, 2016 WL 9110399 at *10.

[22] *In the Matter of the Bank of N.Y. Mellon*, 127 A.D.3d at 126 (*citing* RESTATEMENT (THIRD) OF TRUSTS § 77 cmt. b[2]).  *Accord U.S. Bank v. Federal Home Loan Bank of Boston*, 2016 WL 9110399 at *10-11; *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d at 285-87.

and has relied on plausible advice on a matter within [the expert's] expertise," without regard to whether, on the merits, "the court agree[s] with [the expert's] judgment or assessment."[23]

18.    Here, the RMBS Trustees have demonstrated their good faith by offering evidence that they made each of their decisions regarding the settlement, including their decision to retain Judge Fitzgerald, with the goal of acting in the best interest of certificateholders. Moreover, no certificateholder has questioned the good faith of any of the RMBS Trustees' in evaluating the settlement, retaining Judge Fitzgerald, or entering into the RMBS Settlement Agreement.  Thus, under the relevant standard, the RMBS Trustees have met their burden, and the Court should enter the Trustee Findings.

## B.
## The Bar Order

27.    The Institutional Investors support entry of the Bar Order requested in the 9019 Motion.  An order barring certificateholders – who have had notice and an opportunity to be heard in this proceeding – from later bringing suit contesting the Trustees' good faith and reasonableness in entering in the RMBS Settlement Agreement is an appropriate protection for a trustee who, as here, has acted prudently, in the best interest of certificateholders, and subjected its decision-making to judicial scrutiny as part of a settlement.  That is why, in both the recent JPMorgan RMBS settlement and the Citigroup RMBS settlement, the court granted bar orders essentially identical to the relief requested here.[24]

---

[23] *In the Matter of the Bank of N.Y. Mellon*, 127 A.D.3d at 126 (*citing* RESTATEMENT (THIRD) OF TRUSTS § 77 cmt. b[2]).  *Accord U.S. Bank v. Federal Home Loan Bank of Boston*, 2016 WL 9110399 at *10-11; *In the Matter of U.S. Bank, N.A.*, 51 Misc.3d at 285-87.

[24] *See* Order and Judgment in *In the Matter of U.S. Bank, N.A.* (Citigroup settlement) available at: https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=wq_PLUS_Yz2TM T17x_PLUS_fQfLeSJUA==&system=prod ; Final Order and Judgment in *U.S. Bank Nat'l Ass'n v. Federal Home Loan Bank of Boston* (JPMorgan settlement) available at:

28.     Moreover, the Institutional Investors support entry of the Bar Order because it serves as a protection, not only for the Trustees, *but also for certificateholders*.  If, following this proceeding, a disgruntled certificateholder – who sat silently in the face of this proceeding – were to file suit against an RMBS trustee for entering into the RMBS Settlement Agreement (or implementing it in accordance with its terms) certificateholders in the trust would suffer a direct injury by being forced to pay the defense costs of the trustee, from trust funds, in responding to such a frivolous suit.

29.     Accordingly, the Institutional Investors support entry of the Bar Order, both for the protection of the RMBS Trustees, and for the protection of certificateholders in the Trusts.

## IV.
## CONCLUSION

WHEREFORE, the Institutional Investors respectfully request that the Court approve the RMBS Settlement Agreement and enter an order making the Trustee Findings and barring investors in the Participating Trusts from asserting claims against the Accepting Trustees with respect to their evaluation and acceptance of the Settlement Agreement, and implementation of the agreement in accordance with its terms, together with such other and further relief as the Court may deem just and proper.

Dated: June 29, 2017
New York, New York

https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=/i5T8kQcEO5pN1k0umDqDg==&system=prod

By:    /s/ Alec P. Ostrow
      Alec P. Ostrow
      Chester B. Salomon
      BECKER, GLYNN, MUFFLY,
      CHASSIN & HOSINSKI, LLP
      299 Park Avenue
      New York, New York 10171
      Telephone: (212) 888-3033
      Facsimile: (212) 888-0255

      /s/ Robert J. Madden
      Kathy D. Patrick (admitted *pro hac vice*)
      Robert J. Madden (admitted *pro hac vice*)
      David Sheeren (admitted *pro hac vice*)
      GIBBS & BRUNS, LLP
      1100 Louisiana, Suite 5300
      Houston, Texas 77002
      Telephone: (713) 650-8805
      Facsimile: (713) 750-0903

      *Attorneys for the Institutional Investors*