# HOLWELL SHUSTER & GOLDBERG LLP

750 Seventh Avenue, 26th Floor
New York, New York 10019
Tel: (646) 837-5151
Fax: (646) 837-5150
www.hsgllp.com

*Michael S. Shuster*
*646-837-5153*
*mshuster@hsgllp.com*

June 30, 2017

**VIA EMAIL AND ECF**

Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:   *In re Lehman Brothers Holdings Inc.* RMBS Claims Estimation Hearing

Dear Judge Chapman:

     Pursuant to Your Honor's practices, we write on behalf of the RMBS Trustees to request a conference concerning certain discovery disputes in advance of the Estimation Hearing described in Exhibit G to the RMBS Trust Settlement Agreement. The RMBS Trustees have made a good faith effort to resolve the disputes consistent with Local Rule 7007-1(a), including participating in several meet and confers with the Plan Administrator. The second and last meet and confer was on Thursday, June 22. During that call, the Plan Administrator agreed to a follow-up meet and confer to take place on Monday, June 26. However, notwithstanding four different written requests to schedule that call, the last two of which were ignored outright, the Plan Administrator has not made itself available. As the parties are at impasse, and lacking any other recourse, the RMBS Trustees seek relief from the Court.

     On May 5, the RMBS Trustees served discovery requests on the Plan Administrator. In its June 5 responses and objections, the Plan Administrator stated that it would not provide *any* documents or information. During the meet and confer process, the parties reached agreement on several issues (pertaining to requests for information by both sides). Disputes remain, however, concerning: (i) identification of the key personnel involved in LBHI's and its affiliates' handling of mortgage loan repurchase requests (whether made to or by LBHI), and (ii) LBHI's and its affiliates' policies and procedures for addressing incoming and outgoing repurchase requests. It is standard practice for RMBS sponsors to maintain such policies and procedures, and the Plan Administrator does not deny that LBHI did so. As to names of personnel with knowledge, Exhibit G to the Settlement Agreement specifically allows each side to depose three witnesses in addition to hearing witnesses. That right would be rendered meaningless if the Plan Administrator can refuse to identify personnel with knowledge.

The Plan Administrator has asserted that providing copies of repurchase policies and procedures and the names of key personnel who handled repurchases would be "burdensome." It has refused to undertake any inquiry as to whether it possesses the requested documents or what would be involved in providing them. As to the identity of personnel with knowledge, the Plan Administrator offered only Zachary Trumpp, and again invokes "burden" as a basis for declining to provide the names of any other witnesses. Inasmuch as the Plan Administrator is expected to call Mr. Trumpp to testify at the hearing, providing his name is of no value and fails to enable the RMBS Trustees to exercise their negotiated right under Exhibit G to depose three *non-hearing* Plan Administrator witnesses. It is hard to conceive how it would be burdensome, let alone unduly so, to provide the names of personnel with knowledge.

There can be no serious argument as to whether either the documents or the names requested by the RMBS Trustees are within the proper scope of discovery. The documents are likely to bear upon, and the witnesses are likely to possess knowledge concerning, various issues raised by the Plan Administrator during the Protocol process and in its expert reports, including among other things what types of evidence (whether in the loan file or extrinsic to it) is sufficient to establish a breach, what documents are necessary for purposes of evaluating breaches and establishing a purchase price, and other matters.

Additionally, the Plan Administrator on June 22 promised, but thus far has failed to provide, the following information: (i) data necessary for the RMBS Trustees to verify the purchase price calculations of the Plan Administrator's expert, Bradford Cornell, including clarification of the source of the loan-level data on which Dr. Cornell relied, identification of certain loans that Dr. Cornell excluded from his calculation on Table 2 of his report, and calculation of a servicing error reflected on Table 9 of his report; (ii) the "publicly available data sources" that its expert Daniel I. Castro, Jr. relied upon; (iii) the underwriting guidelines that its expert Charles H. Grice relied upon, with an index matching guidelines to loans; (iv) mortgage loan schedules for the trusts at issue; and (v) calculations of interest earned on the disputed claims holdback pursuant to the Plan.

Considering the deadline for rebuttal expert reports (July 14), the RMBS Trustees ask the Court to set a firm deadline for the production of this material. The RMBS Trustees reserve the right to seek an extension of their deadline for submitting rebuttal expert reports.

Respectfully submitted,

Michael S. Shuster

cc:    All counsel (via email)

2