# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 4, 2017

**VIA EMAIL AND ECF**

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:   *In re Lehman Brothers Holdings Inc., et al.*, Ch. 11 Case No. 08-13555 (SCC)

Dear Judge Chapman:

I am counsel to Lehman Brothers Holdings Inc. ("Lehman," or the "Plan Administrator"). I write to respond to the June 30, 2017 letter of Michael S. Shuster ("June 30 Letter"), counsel for the RMBS Trustees ("Trustees").

The June 30 Letter is premature. After many years of proceedings, at the eleventh hour, the Trustees served document requests and interrogatories on LBHI on May 5, 2017. These document requests demanded production of, among other things, "[e]ach Document concerning LBHI's policies, procedures, guidelines, and practices relating to Breach Claims, Breach Notices, and/or Breach Analyses" and "each employee at LBHI or a third party who substantively participated in conducting Breach Analyses or in analyzing, responding to, preparing, generating, or pursuing Breach Claims or Breach Notices" between January 1, 2003 and the present.

Exhibit G does not permit the discovery the Trustees are pursuing, and the June 30 Letter fails to articulate any basis for the discovery demanded. The Plan Administrator has made these objections, and others, plain to the Trustees throughout the meet and confer process. However, in order to ensure that the estimation proceeding proceeds on schedule and without the delay occasioned by disruptive discovery disputes, the Plan Administrator has negotiated in good faith to resolve the matter without Court intervention, and has been working to respond to the Trustees' demands to the extent feasible and reasonable.

The June 30 Letter, filed on Friday afternoon before a holiday weekend, claims that the parties are at an "impasse" with respect to various discovery disputes. But the letter lists only two actual areas of dispute: the Trustees' demand for "LBHI's and its affiliates' policies and procedures for addressing

July 4, 2017
Page 2

incoming and outgoing repurchase requests," and their insistence that the Plan Administrator identify an unspecified number of "key personnel involved in LBHI's and its affiliates' handling of mortgage loan repurchase requests." (June 30 Letter, at 1.)

Lehman believes that these requests are objectionable because, among other reasons, this litigation does not concern Lehman or its affiliates' prior practices concerning the handling of repurchase requests, but rather whether the Trustees have satisfied their burden to show that Lehman has a repurchase obligation with respect to the roughly 73,000 loans that are still at issue in the case. However, in order to resolve these disputes without burdening the Court, Lehman has located policies and procedures that would be responsive to the Trustees' request, and will agree to produce the names of several persons who "substantively participated" in Lehman's handling of incoming and outgoing repurchase requests, without making any representation as to whether these persons are "key personnel."

The Trustees also claim that the Plan Administrator has refused to turn over documents and information it agreed to produce as part of a meet and confer on June 22, 2017, but omit that the Trustees produced what they had agreed to send the Plan Administrator only one day before sending the June 30 Letter. Lehman plans to produce these documents on Tuesday, July 4, 2017.

Therefore, the Plan Administrator fully expects that the parties will resolve all issues raised in the June 30 Letter without the need for the Court's intervention. The Plan Administrator respectfully requests that the unexplained "relief" sought in the June 30 Letter be denied as premature.

           Respectfully submitted,

           /s/ Todd G. Cosenza

           Todd G. Cosenza

cc: All counsel (*via* email)