B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.,</u> Debtors.   Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>Goldman Sachs & Co. LLC</u> | <u>Baupost Group Securities, L.L.C.</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Goldman Sachs & Co. LLC
30 Hudson Street, 4th
Floor Jersey City, NJ 07302
Contact: Thierry C. Le Jouan
Phone: 212-934-3921
Email: gsd.link@gs.com

Court Claim # (if known):  <u>See Schedule 1</u>
Amount of Claim Transferred:  <u>As set forth on Schedule 1 to the attached Agreement and Evidence of Transfer of Claim</u>
Date Claim Filed:  <u>Multiple</u>
Debtor:  <u>Lehman Brothers Holdings Inc.</u>

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: __June 26, 2017__
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, each of the entities listed on <u>Schedule 1</u> attached hereto (each a "<u>Seller</u>" and collectively, the "<u>Sellers</u>"), hereby unconditionally and irrevocably sells, transfers and assigns to **GOLDMAN SACHS & CO. LLC** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in <u>Schedule 1</u> attached hereto (collectively, the "<u>Purchased Claims</u>"), in such Seller's right, title and interest in and to the Proofs of Claim Numbers specified in <u>Schedule 1</u> attached hereto filed by or on behalf of such Seller or such Seller's predecessor in interest, as applicable (collectively, the "<u>Proofs of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of such Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of the Sellers' right, title and interest in, to and under the transfer agreements, if any, under which the Sellers or any prior sellers acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claims and specified in <u>Schedule 1</u> attached hereto.

2.      Each Seller, severally and not jointly, hereby represents and warrants to Purchaser that, in respect of the Transferred Claims and Purchased Securities sold by each such Seller hereunder: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such Seller or against such Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the respective Purchased Claims specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated; (g) Seller has received, either directly or indirectly from the Debtor, on or around April 6, 2017, distributions in respect of the Transferred Claims in the amounts set forth on <u>Schedule 1</u> (collectively, the "12th <u>LBHI Distribution</u>"); (h) Seller has received, either directly or indirectly from Lehman Brothers Treasury Co. BV, distributions on or around May 4, 2017 relating to the Purchased Securities in the amounts proportional to distributions made generally to holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority; and (i) all other payments or distributions received by Seller, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities have been proportional to distributions made generally to holders of claims against the Debtor of the same class, type and priority or holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority, respectively.

3.      Each Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer

pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of such Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the respective Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Each Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to such Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of such Transferred Claims, and directing that all payments or distributions of money or property in respect of such Transferred Claim be delivered or made to Purchaser.

4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of any Seller. Each Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. Each of the representations, warranties, covenants, indemnities and agreements of Sellers hereunder are several and not joint and relate solely to the Purchased Claims sold by each Seller. No Seller shall be liable for any breach of any representations, warranties, covenants, indemnities or agreements by any other Seller.

5.     Each Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by such Seller in respect of the Transferred Claims to Purchaser. Each Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to such Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each Seller and Purchaser agree to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.     Each Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Each Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **7th** day of June 2017, by each Seller, severally and not jointly, and Purchaser.

**Sellers:**

**Sellers (con'td):**

**Sellers (cont'd):**

BAUPOST GROUP SECURITIES, L.L.C.

**Purchaser:**

**GOLDMAN SACHS & CO. LLC**

By: _____
Name: Adam Savarese
Title: Managing Director

**Address:**
200 West Street
New York, NY 10282-2198
Fax: (646) 769-7700
Attn: Melissa Brown
E-mail: melissa.v.brown@gs.com
With copies to:
E-mail: ficc-ny-closers@gs.com
gsd.link@gs.com
gs-sbd-admin-contacts@ny.email.gs.com

Schedule 1

Transferred Claims

Purchased Claims

Lehman Programs Securities to which Transfer Relates

| Seller | POC | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | 12th LBHI Distribution (USD) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

|  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Baupost Group Securities, L.L.C. | 13114 | XS0264737726 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | MXN 117,000,000.00 | $11,196,503.33 | $95,883.38 |
| Baupost Group Securities, L.L.C. | 67475 | XS0264737726 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | MXN 40,000,000.00 | $3,827,864.38 | $32,780.64 |

| Baupost Group Securities, L.L.C. | 55741 | XS0287860265 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 30,000,000.00 | $42,948,344.78 | $367,796.31 |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

|  |  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |