B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Lehman Brothers Holdings Inc, et al, Debtors          Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

**MERRILL LYNCH INTERNATIONAL**

Name of Transferor

**CREDIT SUISSE LOAN FUNDING LLC**

Name and Address where notices to transferee
Should be sent:
2 King Edward Street,
London, EC1A 1HQ, United Kingdom

Court Claim Number: **44616**

Claim Amount: **USD 3,765,948.46**

Attn: Simon Orr
Tel: 00 44 20 7995 8017
Email: simon.orr@baml.com

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____          Date: 11 July 2017
Simon Orr
Authorised Signatory

**MERRILL LYNCH INTERNATIONAL**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDIT SUISSE LOAN FUNDING LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **MERRILL LYNCH INTERNATIONAL** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44616 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.Lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that with respect to the Transferred Claim, will give rise to an setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) (i) pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Debtor"), on or around the dates set forth in Schedule 2, Seller's predecessor in interest received distributions on account of the Purchased Claim on or about April 17, 2012 (the "Initial Distribution"), October 1, 2012 (the "Second Distribution"), and

NYC 374314 3

April 4, 2013 (the "Third Distribution"), (ii) Seller's predecessor in interest also received a distribution on or about May 8, 2013 from Lehman Brothers Treasury Co. B.V., ("LBT B.V."), (iii) on or around the dates set forth in Schedule 2, Seller received the distributions in the amounts set forth in Schedule 2 made by the Debtor with respect to the Transferred Claims and (iv) on or around the dates set forth on Schedule 3, Seller received the distributions in the amounts set forth on Schedule 3 made by LBT B.V., with respect to the securities relating to the Transferred Claims, (h) to the extent and in the form received by Seller, from the Debtor, the Seller has delivered to the Purchaser a true and correct copy of the disbursement notices, relating to the Transferred Claims, from the Debtor and (h) other than the distributions set forth on Schedules 2 and 3, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims or on account of any securities relating thereto.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received after November 16, 2016 (including, without limitation, the distribution made by Lehman B.V. on or around November 29, 2016) by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

NYC 374314 3

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

NYC 374314.3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6th day of J~~une~~ July, 2017.

MERRILL LYNCH INTERNATIONAL

By: /s/ Simon Orr
Name: Simon Orr
Title: Authorised Signatory

Address:

2 King Edward Street,
London, EC1A 1HQ
United Kingdom
Attn: Simon Orr
Tel: +44 2-7995 8017
Email: simon.orr@baml.com

CREDIT SUISSE LOAN FUNDING LLC

By: /s/ Robert Healey
Name: Robert Healey
Title: Authorized Signatory

By:
Name:
Title:

Address: 11 Madison Avenue
New York, New York 10010
Attn: Douglas DiBella
Tel: (917) 284-6071
Fax: (845) 213-2022
E-mail: douglas.dibella@credit-suisse.com

Schedule 1

Description of Claims

Lehman Programs Securities and Purchased Portion to which Transfer relates

| ISIN / CUSIP | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Claim Amount Transferred |
|---|---|---|---|---|---|---|
| XS0292221008 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | 400,000,000 | JPY | 44616 | 3,765,948.46 |

NYC 374314 3

SCHEDULE 2

LBHI DISTRIBUTION AMOUNTS (in USD)

| ISIN / Cusip | POC# | USD Allowed Claim Amount | 17 Apr 12 | 01 Oct 12 | 03 Oct 13 | 04 Apr 13 | 03 Apr 14 | 02 Oct 14 | 02 Apr 15 | 01 Oct 15 | 31 Mar 16 | 16 Jun 16 | 06 Oct 16 | 06 Apr 17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0292021008 | 44016 | 3,785,948.46 | 135,961.70 | 91,720.65 | 137,336.07 | 119,862.44 | 149,200.70 | 111,975.01 | 78,415.25 | 58,264.11 | 16,173.95 | 24,085.12 | 42,344.02 | 32,230.41 |

SCHEDULE 3

LBT DISTRIBUTION AMOUNTS (in JPY)

| ISIN / Cusip | CCY | CCY Notional | 08 May 13 | 24 Oct 13 | 28 Apr 14 | 28 Oct 14 | 27 Apr 15 | 29 Oct 15 | 28 Apr 16 | 14 Jul 16 | 29 Nov 16 | 04 May 17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0292021008 | JPY | 450,000,000.00 | 21,767,778 | 8,890,870 | 10,102,467 | 8,061,194 | 6,049,916 | 4,864,690 | 1,191,778 | 1,609,846 | 3,125,248 | 2,371,732 |