[Hapoalim as Seller]

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Bank Hapoalim B.M.** ("Transferor"), acting on behalf of one or more of its customers (the "Customer"), hereby unconditionally and irrevocably transfers and assigns to **Renmax Corredor de Bolsa S.A.** (the "Transferee") as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55854 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller or its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's or Customer's right, title and interest in, to and under the transfer agreements, if any, under which Seller, Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller's Customer is the beneficial owner of the Purchased Securities relating to the Purchased Claim and specified in Schedule 1 attached hereto; (d) Seller or its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of **PARTIAL** Transfer of Claim; (f) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (g) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) in the form attached as Exhibit A hereto, including this Agreement and Evidence of **PARTIAL** Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

[Hapoalim as Seller]

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of PARTIAL Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Purchaser and Seller), as Purchaser may designate in writing to Seller. This Agreement and Evidence of PARTIAL Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 06 day June, 2017.

{Transferor}:

BANK HAPOALIM B.M. Miami

By: _____
Name: Oscar Rodriguez
Title: Investment Ops Manager

By: _____
Name: Miguel Orozco
Title: FIRST VP Banking SR. Operations Manager

Address:

18851 NE 29th Ave, Suite 800
Aventura, FL 33180
USA

{Transferee}:

Renmax Corredor de Bolsa S.A.

By: _____
Name: Gabriel Naman
Title: Director

By: _____
Name:
Title:

Address:

Zabala 1327 of 103
Montevideo. CP 11000
URUGUAY

Doc#: US1:5895542v1

2

Schedule 1

## Transferred Claims

### Purchased Claim

$100,000.00 of $107,993,120.00 (the outstanding amount of the Proof of Claim as of October 29th, 2009).

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Euroclear Blocking Number | Settlement Date |
|---|---|---|---|---|---|---|---|---|
| 3P0844 LEHM SMPL STEP 3/18/15 | XS0346466781 | LEHMAN BROTHERS TSRY CO B.V. | LEHMAN BROTHERS HOLDINGS INC | 100,000.00 | N/A | 03/18/15 | 6049850 | N/A |

B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                  Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Renmax Corredor de Bolsa S.A. | Bank Hapoalim B.M. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Gabriel Mamán

Renmax Corredor de Bolsa S.A.

Zabala 1327 of 103

Montevideo. CP 11.000

Uruguay

Court Claim # (if known): 55854
Total Amount of Claim Filed: $107,993,120.00
Amount of Claim Transferred: 100.000
ISIN/CUSIP: XS0346466781
Blocking Number:
Date Claim Filed: 10/29/2009

Phone: +5982-9161326
Last Four Digits of Acct #: __4186__

Name and address where transferee payments should be sent (if different from above):

Bank OF New York, New York
ABA 021 000 018
Banco Santander
Montevideo - Uruguay
Swift: BSCHUYMM
NAME: Renmax Corredor de Bolsa S.A.
ACCT: 3108593406

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____                  Date: 06/28/17
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

**CERTIFICATION REGARDING STATUS**

Creditor Name: Renmax Corredor de Bolsa
Claim Number(s): 55854

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "Creditor"), and hereby certify that neither the Creditor nor, to the best of the Creditor's knowledge, any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the Office of Foreign Asset Control (OFAC) sanctions regulations and the list of Specially Designated Nationals and Blocked Persons.

Dated: 06-28-2017

Signature: [signed]

Print Name: Gabriel Maman

Title (if applicable): Director

Form **W-8IMY**
(Rev. September 2016)
Department of the Treasury
Internal Revenue Service

**Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding and Reporting**
▶ Section references are to the Internal Revenue Code.
▶ Information about Form W-8IMY and its separate instructions is at *www.irs.gov/formw8imy*.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

**Do not use this form for:** | **Instead, use Form:**
--- | ---
• A beneficial owner solely claiming foreign status or treaty benefits | W-8BEN or W-8BEN-E
• A hybrid entity claiming treaty benefits on its own behalf | W-8BEN-E
• A foreign person claiming that income is effectively connected with the conduct of a trade or business in the United States | W-8ECI
• A disregarded entity with a single foreign owner that is the beneficial owner of the income to which this form relates. Instead, the single foreign owner should use | W-8BEN, W-8ECI, or W-8BEN-E
• A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b) | W-8EXP
• U.S. entity or U.S. citizen or resident | W-9
• A foreign person documenting itself for purposes of section 6050W | W-8BEN, W-8BEN-E, or W-8ECI

**Part I   Identification of Entity**

1 Name of individual or organization that is acting as intermediary
**Renmax Corredor de Bolsa S.A.**

2 Country of incorporation or organization
**Uruguay**

3 Name of disregarded entity (if applicable), see instructions

4 Chapter 3 Status (entity type) (Must check one box only.):
☑ Qualified intermediary. Complete Part III.
☐ Nonqualified intermediary. Complete Part IV.
☐ Territory financial institution. Complete Part V.
☐ U.S. branch. Complete Part VI.
☐ Withholding foreign partnership. Complete Part VII.
☐ Withholding foreign trust. Complete Part VII.
☐ Nonwithholding foreign partnership. Complete Part VIII.
☐ Nonwithholding foreign simple trust. Complete Part VIII.
☐ Nonwithholding foreign grantor trust. Complete Part VIII.

5 Chapter 4 Status (FATCA status) (See instructions for details and complete the certification below for the entity's applicable status.) (Must check one box only.):
☐ Nonparticipating FFI (including a limited FFI or an FFI related to a Reporting IGA FFI other than a deemed-compliant FFI, participating FFI, or exempt beneficial owner). Complete Part IX (if applicable).
☑ Participating FFI.
☐ Reporting Model 1 FFI.
☐ Reporting Model 2 FFI.
☐ Registered deemed-compliant FFI (other than a reporting Model 1 FFI, sponsored FFI, or nonreporting IGA FFI covered in Part XIX).
☐ Territory financial institution. Complete Part V.
☐ Sponsored FFI (other than a certified deemed-compliant sponsored, closely held investment vehicle). Complete Part X.
☐ Certified deemed-compliant nonregistering local bank. Complete Part XII.
☐ Certified deemed-compliant FFI with only low-value accounts. Complete Part XIII.
☐ Certified deemed-compliant sponsored, closely held investment vehicle. Complete Part XIV.
☐ Certified deemed-compliant limited life debt investment entity. Complete Part XV.
☐ Certified deemed-compliant investment advisors and investment managers. Complete Part XVI.
☐ Owner-documented FFI. Complete Part XI.
☐ Restricted distributor. Complete Part XVII.
☐ Foreign central bank of issue. Complete Part XVIII.
☐ Nonreporting IGA FFI. Complete Part XIX.
☐ Exempt retirement plans. Complete Part XX.
☐ Excepted nonfinancial group entity. Complete Part XXI.
☐ Excepted nonfinancial start-up company. Complete Part XXII.
☐ Excepted nonfinancial entity in liquidation or bankruptcy. Complete Part XXIII.
☐ Publicly traded NFFE or NFFE affiliate of a publicly traded corporation. Complete Part XXIV.
☐ Excepted territory NFFE. Complete Part XXV.
☐ Active NFFE. Complete Part XXVI.
☐ Passive NFFE. Complete Part XXVII.
☐ Direct reporting NFFE.
☐ Sponsored direct reporting NFFE. Complete Part XXVIII.

6 Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address (other than a registered address).**
**Zabala 1327 of 103**

City or town, state or province. Include postal code where appropriate.
**Montevideo, CP 11000**

Country
**Uruguay**

7 Mailing address (if different from above)

City or town, state or province. Include postal code where appropriate.

Country

8 U.S. taxpayer identification number, if required ▶ **98-0242572**
☑ QI-EIN    ☐ WP-EIN    ☐ WT-EIN    ☐ EIN    ☐ SSN or ITIN

9 GIIN (if applicable)
**GCZB27.99999.SL.858**

10 Reference number(s) (see instructions)

**For Paperwork Reduction Act Notice, see separate instructions.**    Cat. No. 25402Q    Form **W-8IMY** (Rev. 9-2016)

Form W-8IMY (Rev. 9-2016)                                                                                                              Page **2**

| Part II | Disregarded Entity or Branch Receiving Payment. (Complete only if a disregarded entity with a GIIN or a branch of an FFI in a country other than the FFI's country of residence. See instructions.) |

**11**   Chapter 4 Status (FATCA status) of disregarded entity or branch receiving payment.
   ☐ Limited branch (see instructions).         ☐ Reporting Model 1 FFI.         ☐ U.S. Branch.
   ☐ Participating FFI.                         ☐ Reporting Model 2 FFI.

**12**   Address of branch (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address (other than a registered address).**

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
|   |   |

**13**   GIIN (if any) ▶

## Chapter 3 Status Certifications

| Part III | Qualified Intermediary |

**14a** ☑ (All qualified intermediaries check here.) I certify that the entity identified in Part I (or branch, if relevant):
   • Is a qualified intermediary with respect to the account(s) identified on line 10 or in a withholding statement associated with this form (as required) that is either:
   (i)   not acting for its own account;
   (ii)  a qualified derivatives dealer; and/or
   (iii) a qualified intermediary assuming primary withholding responsibility for payments of substitute interest, as permitted by the QI Agreement.
   • Has provided or will provide a withholding statement, as required, for purposes of chapters 3 and 4 that is subject to the certifications made on this form.

**Check all that apply.**

**b** ☐ I certify that the entity identified in Part I of this form is not providing a withholding statement associated with this form because it assumes primary withholding responsibility for purposes of chapters 3 and 4, and either:
   • Primary Form 1099 reporting and backup withholding responsibility; or
   • Reporting responsibility as a participating FFI or registered deemed-compliant FFI with respect to accounts that it maintains and that are held by specified U.S. persons as permitted under Regulations sections 1.6049-4(c)(4)(i) or (c)(4)(ii) in lieu of Form 1099 reporting.

**c** ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility under chapters 3 and 4 with respect to payments made to each account identified on this line 14c (or on an attachment to this form) ▶ _____

**d** ☐ I certify that the entity identified in Part I of this form assumes primary Form 1099 reporting and backup withholding responsibility with respect to payments made to each account identified on this line 14d or on an attachment to this form or reporting responsibility as a participating FFI or registered deemed-compliant FFI with respect to accounts that it maintains and that are held by specified U.S. persons as permitted under Regulations sections 1.6049-4(c)(4)(i) or (c)(4)(ii) in lieu of Form 1099 reporting ▶ _____

**e** ☑ I certify that the entity identified in Part I of this form does **NOT** assume primary Form 1099 reporting and backup withholding responsibility. Check all that apply.
   (i)   ☐ I certify that the entity identified in Part I of this form is using this form to transmit Forms W-9 with respect to each account(s) not covered by the certification in (ii) held by a U.S. nonexempt recipient identified on this line 14e or in a withholding statement associated with this form ▶ _____
   (ii)  ☐ If the entity identified on Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, I certify that the entity meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account it maintains that is included in a withholding rate pool of U.S. payees provided on a withholding statement associated with this form.
   (iii) ☐ If the entity identified on Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, to the extent the entity is providing a withholding statement that includes a chapter 4 withholding rate pool of U.S. payees that are account holders of an intermediary or flow-through entity receiving a payment from the entity identified on line 1, I certify that the entity on line 1 has obtained or will obtain documentation sufficient to establish each such intermediary or flow-through entity's status as a participating FFI, registered deemed-compliant FFI, or FFI that is a qualified intermediary.

**f** ☐ I certify that the entity identified in Part I of this form is acting as qualified securities lender with respect to payments associated with this form that are U.S. source substitute dividends received from the withholding agent.

**g** ☐ I certify that the entity identified in Part I of this form meets the requirements to act as a qualified derivatives dealer and assumes primary withholding responsibility for the payments associated with this form and/or identified on a withholding statement.

**h** ☐ I certify that the entity identified in Part I of this form is acting as a qualified intermediary and assumes primary withholding responsibility under chapters 3 and 4 and primary Form 1099 reporting and backup withholding responsibility for all payments of substitute interest associated with this form as permitted by the QI Agreement.

Form **W-8IMY** (Rev. 9-2016)

Form W-8IMY (Rev. 9-2016)     Page **8**

### Part XXVI   Active NFFE

**37**   ☐   I certify that:
- The entity identified in Part I is a foreign entity that is not a financial institution;
- Less than 50% of such entity's gross income for the preceding calendar year is passive income; **and**
- Less than 50% of the assets held by such entity are assets that produce or are held for the production of passive income (calculated as a weighted average of the percentage of passive assets measured quarterly). See the instructions for the definition of passive income.

### Part XXVII   Passive NFFE

**38**   ☐   I certify that the entity identified in Part I:
- Is a foreign entity that is not a financial institution (this category includes an entity organized in a possession of the United States that engages (or holds itself out as being engaged) primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest in such security, partnership interest, commodity, notional principal contract, insurance contract or annuity contract); **and**
- Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required.

### Part XXVIII   Sponsored Direct Reporting NFFE

**39**   Name of sponsoring entity: ▶ _____

      GIIN of sponsoring entity: ▶ _____

**40**   ☐   I certify that the entity identified in Part I is a direct reporting NFFE that is sponsored by the entity identified on line 39.

### Part XXIX   Certification

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income for which I am providing this form or any withholding agent that can disburse or make payments of the amounts for which I am providing this form.

I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.

**Sign Here** ▶ _____     06-28-17 _____
                     Signature of authorized official                       Date (MM-DD-YYYY)