FILED / RECEIVED

JUL 19 2017

EPIQ BANKRUPTCY SOLUTIONS, LLC

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, HYPO ALPE-ADRIA-BANK S.p.A. ("Seller"), acting on behalf of one or more of its customers (the "Customers") hereby unconditionally and irrevocably sells, transfers and assigns to **VENETO BANCA S.p.A.** acting on behalf of one or more of its customers (Intesa together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55238 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customers relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller and its Customers' right, title and interest in, to and under the transfer agreements, if any, under which Seller and Customer(s) or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing

Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 31 day of March, 2017.

HYPO ALPE-ADRIA-BANK S.p.A.
Via Alpe Adria, 6
HYPO ALPE-ADRIA-BANK S.p.A.
(33010 Tavagnacco (UD))

By: _____
Name: Maurizio Valfrè
Title: Direttore Generale

Via Alpe adria 6
33010 Tavagnacco (Udine)

Attn:   Enzo Soldat
phone  0039 0432 537236
e-mail   enzo.soldat@hypo-alpe-adria.it

VENETO BANCA SpA

By: _____
Name: Stefano Possamai
Title: Responsabile Ufficio Amministrazione Titoli

Via Feltrina Sud 250
31044 Montebelluna Treviso Italy

Attn:   Emanuela Semenzin
phone  0039 0423/283228
e-mail   emanuela.semenzin@venetobanca.it



Schedule 1

## Purchased Claim

54.54% of XS0208459023 = USD 43,404.60 of USD 79,575.10 (i.e. the outstanding amount of XS0208459023 as described in the Proof of Claim dated 10/28/2009 and filed on 10/29/2009).

Which equals 54.54% of the Proof of Claim = USD 79,575.10 of USD 1,075,438.54 (the outstanding amount of the Proof of Claim dated 10/28/2009 and filed on 10/29/2009).

Lehman Programs Securities to which Transfer Relates

## Transferred Claims

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed amount of Claim transferred to Purchaser |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY HICP 2016/12/30 | XS0208459023 | LEHMAN BROTHERS TREASURY CO BV | Lehman Brothers Holdings Inc. | EUR 30,000.00 (equivalent to USD 42,453.00) | 2016/12/30 | EUR 672.46 (equivalent to USD 951.60) | EUR 30,747.65 (equivalent to USD 43,511.00) |

Veneto Banca SpA

Hypo-Alpe-Adria SpA

HYPO ALPE-ADRIA-BANK S.p.A.
Via Alpe Adria, 6
33010 TAVAGNACCO (UD)

## Avviso di ricevimento

— compilazione a cura del mittente —

☐ Raccomandata    ☐ Pacco

☐ Assicurata    Euro _____

Numero: 15261004421-6

Data di spedizione _____    Dall'ufficio di _____

— compilazione a cura del mittente —

Destinatario: **HYPO ALPE ADRIA BANK SPA**
Via: **VIA ALPE ADRIA, 6**
C.A.P. _____ Località: **33010 TAVAGNACCO (UD)**
**DAMILANO**

3 1 MAG 2017

Data    Firma dell'incaricato alla distribuzione

Bollo dell'ufficio di distribuzione

☐ Consegna effettuata ai sensi dell'art. 21 della Delibera AGCom 385/12/CONS del 20 giugno 2013:
• Invii multipli a un unico destinatario
• Sottoscrizione rifiutata

---

**Posteitaliane ITALIE**

AVVISO di ricevimento/di consegna/di pagamento/d'iscrizione
AVIS de réception/de livraison/de paiement/d'inscription

CN 07/Bil
Mod. 01302A - Ed. 9/07 - EP1429/EP1531 - St. [4]
Servizio delle Poste
Service des Postes

Ufficio di impostazione - Bureau de dépôt

Data - Date

**A.R.**
Prioritario / Prioritaire
Via Aerea / Par Avion

Timbro dell'ufficio che rinvia l'avviso
Timbre du bureau renvoyant l'avis

DAMILANO
US BANKRUPTCY COURT SOUTHERN
DISTRICT OF NEW YORK
ONE BOWLING GREEN   10004-1408    NEW YORK

Da restituire a: / Renvoyer à:

Natura dell'invio - Nature de l'envoi    Importo - Montant

☒ Raccomandato / Recommandé    ☐ Pacco / Colis    ☐ Valore dichiarato / Valeur déclarée

Importo contrassegno - Montant du remboursement

☐ Vaglia / Mandat international    ☐ Assegno di assegnazione / Chèque d'assignation

BANCA INTERMOBILIARE S.p.A.
Via Gramsci 7 - 10121 TORINO

N° invio / N° de l'envoi: **RR 0275 5864 5 IT**

Da completare a destinazione / A remplir par le bureau de destination

L'invio sopra indicato è stato debitamente
L'envoi mentionné ci-dessus a été dûment    ☐ Rimesso/Remis    ☐ Pagato/Payé    ☐ Accreditato su CCP / Inscript en CCP

Data - Date    Firma* - Signature*

Nome del destinatario in stampatello (o altro mezzo chiaro d'identificazione)
Nom du destinataire en lettres majuscules (ou autre moyen claire d'identification)*

* Questo avviso potrà essere firmato dal destinatario o, se i regolamenti del paese di destinazione lo prevedono, da altra persona autorizzata. / Cet avis pourra être signé par le destinataire ou, si les règlements du pays de destination le prévoient, par une autre personne autorisée.