Hearing Date and Time: September 14, 2017 at 10:00 a.m. (Prevailing Eastern Time)
Response Deadline: August 28, 2017 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                            :    Chapter 11 Case
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**  :    No. 08-13555 (SCC)
                                                 :
                    Debtors.                     :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF MOTION
OF PLAN ADMINISTRATOR PURSUANT
TO SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY
CODE TO ESTABLISH PROCEDURES FOR DISTRIBUTIONS ON
ACCOUNT OF GUARANTEE CLAIMS CORRESPONDING TO CERTAIN
PRIMARY CLAIMS AGAINST LEHMAN BROTHERS TREASURY CO. B.V.**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion")

of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code to

establish procedures governing Distributions on account of Guarantee Claims corresponding to

certain Primary Claims against Lehman Brothers Treasury Co. B.V., all as more fully described

in the Motion, will be held before the Honorable Shelley C. Chapman, United States Bankruptcy

Judge, in Courtroom 623, United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

**September 14, 2017 at 10:00 a.m. (Eastern Time)** (the "Hearing").

WEIL:\96229974\4\58399.0011

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, attorneys for LBHI and certain of its affiliates; and (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq., so as to be so filed and received no later than **August 28, 2017 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 11, 2017
      New York, New York

    /s/ Garrett A. Fail
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Garrett A. Fail

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

Hearing Date and Time: September 14, 2017 at 10:00 a.m. (Prevailing Eastern Time)
Response Deadline: August 28, 2017 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                      :    Chapter 11 Case
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,               :    No. 08-13555 (SCC)
                                                           :
               Debtors.                                    :    (Jointly Administered)
------------------------------------------------------------------x

**MOTION OF PLAN ADMINISTRATOR PURSUANT**
**TO SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY**
**CODE TO ESTABLISH PROCEDURES FOR DISTRIBUTIONS ON**
**ACCOUNT OF GUARANTEE CLAIMS CORRESPONDING TO CERTAIN**
**PRIMARY CLAIMS AGAINST LEHMAN BROTHERS TREASURY CO. B.V.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-captioned chapter 11 cases (the "Estates"), files this motion and respectfully represents:

**Relief Requested**

1.     The Plan Administrator requests that the Court establish procedures to govern the deemed satisfaction of Allowed Guarantee Claims or portions thereof corresponding

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

to Primary Claims against Lehman Brothers Treasury Co. B.V. ("LBT") based on a relatively small number of International Securities Identification Numbers ("ISIN") of structured securities (each, an "ISIN Primary Claim", and each such Guarantee Claim, an "ISIN Guarantee Claim"). Absent the relief requested, there will be overpayments to certain Claim holders and increased costs of Estate administration at the expense of creditors of LBHI that have yet to be satisfied in full.

2. The LBT Procedures (defined below) will provide adequate notice and opportunity to object to holders of ISIN Guarantee Claims before their ISIN Guarantee Claims are deemed satisfied. The LBT Procedures establish a 100% cash reserve for Distributions on such ISIN Guarantee Claims prior to the entry by the Court of a separate order deeming such ISIN Guarantee Claims satisfied. For the reasons set forth below, establishment of the LBT Procedures will significantly reduce risk and costs to LBHI without increasing risk or costs to, or creating any prejudice against, the holders of ISIN Guarantee Claims.

3. A proposed order establishing the LBT Procedures is attached hereto as Exhibit A.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

**A.    Chapter 11 Cases**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter

2

11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

6. On August 10, 2011, the Court entered an order approving procedures for, among other things, determining, for distribution purposes and on an ISIN-by-ISIN basis, the Allowed amounts of portions of Claims (including Guarantee Claims) based on Lehman-based structured securities (ECF No. 19120) (the "Structured Securities Procedures Order").

**B.    LBHI's Chapter 11 Plan**

7. On December 6, 2011, the Court approved the Plan and entered the Confirmation Order (ECF No. 23023).  The Plan became effective on March 6, 2012.

8. Under Section 14.1(e) of the Plan, the Court has retained jurisdiction "[t]o issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code[.]"

9. Section 8.13(a) of the Plan ("Maximum Distribution") provides:

> An . . . (ii) Allowed Guarantee Claim that receives Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . equal the Allowed amount of such Guarantee Claim . . . shall . . . be deemed satisfied in full as to such . . . Allowed Guarantee Claim against the applicable Debtor.

Section 8.13(b) of the Plan further provides: "In no event shall . . . (ii) an Allowed Guarantee Claim receive Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . are in excess of the Allowed amount of the Guarantee Claim . . . ."[2]

---

[2] Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted

3

**C.     LBT's Liquidation**

10.    LBT is a subsidiary of LBHI that is not a debtor in the Chapter 11 Cases. On October 8, 2008, LBT was declared bankrupt by the Amsterdam District Court. Bankruptcy trustees for LBT were appointed beginning on that date.

11.    On March 13, 2013, the Amsterdam District Court issued a decision approving LBT's composition plan. The composition plan became effective on April 3, 2013.

12.    LBT's primary asset is its Claim against LBHI. LBT's composition plan provides in relevant part: "To the extent reasonably possible, LBT will make such distributions within 13 business days after receipt of any payments from LBHI on the LBT Intercompany Claim, which payments are expected to take place semi-annually on March 30 and September 30 of each year . . . ." (LBT Composition Plan § 3.1.)

13.    On April 12, 2013, LBT published final valuations for Primary Claims against LBT on an ISIN-by-ISIN basis. Certain Primary Claims (the ISIN Primary Claims) were allowed in substantially higher amounts than the corresponding ISIN Guarantee Claims were allowed by LBHI.

14.    On or about May 4, 2017, LBT made a tenth distribution on account of ISIN Primary Claims.

15.    As of that distribution, certain ISIN Primary Claims had received consideration sufficient to satisfy LBHI's obligations on the corresponding ISIN Guarantee Claims under sections 8.13(a) and (b) of the Plan. Contemporaneously herewith, LBHI filed an objection to deem certain ISIN Guarantee Claims satisfied in full in accordance with the Plan.

---

to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date."

4

16. LBT is expected to make future distributions on account of ISIN Primary Claims.

**D.  The LBT Procedures**

17. Additional ISIN Guarantee Claims will be satisfied upon future distributions by LBT and/or LBHI. Without procedures to coordinate LBHI's Plan Distributions with LBT's distributions, however, it is certain that ISIN Guarantee Claims will be overpaid. An overpayment will result in increased costs of administering the Estates, including for pursuit of collection actions. Administration of the Plan would significantly benefit from establishment of the following procedures (the "<u>LBT Procedures</u>"):

a. At least five business days prior to each Distribution, the Plan Administrator will file a notice listing the ISINs and ISIN Guarantee Claims that it estimates will be satisfied by the following distribution by LBT alone or the combination of that distribution and the next LBHI Plan Distribution (an "<u>ISIN Notice</u>").

b. The Plan Administrator will withhold from LBHI's upcoming Distribution any amount that it believes would, together with its estimate of the following distribution from LBT, result in the holder of an ISIN Guarantee Claim receiving more consideration on account of such ISIN Guarantee Claim than is permitted by Section 8.13(b) of the Plan.

c. Within 30 days after the following distribution by LBT, the Plan Administrator will file a claims objection seeking a determination by this Court that such ISIN Guarantee Claims have been satisfied and are entitled to no further Distributions by the Plan Administrator.

d. Until the time at which an ISIN Guarantee Claim is deemed satisfied in full by an order of the Court, the Plan Administrator will reserve 100% of the Cash that would otherwise be distributable on account of such ISIN Guarantee Claim (such reserve, the "<u>ISIN Reserve</u>").

e. If the distribution by LBT does not satisfy an ISIN Guarantee Claim identified on an ISIN Notice or the Court overrules an above-described claims objection with respect to such ISIN Guarantee Claim, LBHI will, within 30 days of such LBT distribution or entry of an order overruling such claims objection becoming a final order, distribute Cash held in the ISIN Reserve on account of such ISIN Guarantee Claim in the amount that is the lesser of (i) the amount necessary to render such ISIN Guarantee Claim satisfied in full under Section 8.13 of the Plan

5

and (ii) the amount that would otherwise have been distributable on account of such ISIN Guarantee Claim in the Plan Administrator's preceding Distribution.

18. The LBT Procedures are designed to benefit all LBHI creditors and reduce risk to LBHI's Estate without imposing risk on holders of ISIN Guarantee Claims.

**E.     Limited Scope of Relief**

19. In general, ISIN Primary Claims are based on a vast number of structured securities that were issued by LBT and guaranteed by LBHI.  In the Chapter 11 Cases, the Structured Securities Procedures Order established an ISIN-by-ISIN method of valuing and allowing the ISIN Guarantee Claims that correspond to the ISIN Primary Claims.  Accordingly, the Plan Administrator has utilized an ISIN-by-ISIN method of valuing and allowing such ISIN Guarantee Claims in the course of winding down LBHI's Estate.

20. This Motion affects only a small percentage of ISIN Guarantee Claims—namely, the ones that correspond to ISIN Primary Claims that LBT allowed in amounts greater than the ISIN Guarantee Claims.  The relief requested herein does not apply to other claims based on LBT-issued structured securities because there is no potential for overpayment of such corresponding Guarantee Claims.  The Plan Administrator will consider the effect of existing settlement agreements before filing objections to ISIN Guarantee Claims.

## The LBT Procedures Are Appropriate and Should Be Established

21. The Court has broad authority to issue any order necessary to implement the provisions of the Plan or the Bankruptcy Code.  *See* 11 U.S.C. §§ 105(a), 1142(b); Fed. R. Bankr. P. 3020(d); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court

retains jurisdiction under 11 U.S.C. § 1142(b)… and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

22. Here, Section 8.13 of the Plan limits recoveries on account of the same claim for damages from LBT and LBHI as guarantor to a single satisfaction. Specifically, Section 8.13(a) of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives Distributions from LBHI that, combined with Distributions or consideration provided on account of the corresponding Primary Claim, equal the Allowed amount of such Guarantee Claim. Similarly, "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions that, combined with Distributions or consideration provided on account of the corresponding Primary Claim, exceed the Allowed amount of such Guarantee Claim. (*Id.* § 8.13(b).)

23. The LBT Procedures are designed to achieve compliance with Section 8.13 of the Plan and maximize Available Cash for Distributions to LBHI creditors at no risk to holders of ISIN Guarantee Claims. First, the LBT Procedures provide abundant notice to holders of ISIN Guarantee Claims of the treatment of their Claims by the Plan Administrator. The LBT Procedures require that the Plan Administrator file on the Court's docket ISIN Notices to put holders of ISIN Guarantee Claims on notice of the ISIN Guarantee Claims expected to be satisfied by LBT distributions. The LBT Procedures also require that the Plan Administrator file an omnibus claim objection (with its own required notice period), and that this Court enter an order sustaining such objection, before an ISIN Guarantee Claim may be deemed satisfied. The LBT Procedures are designed to eliminate the risk that holders of ISIN Guarantee Claims find their Guarantee Claims satisfied by "surprise."

7

24. Second, the LBT Procedures provide holders of ISIN Guarantee Claims with the opportunity to contact the Plan Administrator or formally respond to a claims objection and appear before this Court before their ISIN Guarantee Claims are deemed satisfied. There is no prejudice to holders of ISIN Guarantee Claims that results from implementing the LBT Procedures.

25. Third, and most significantly, the LBT Procedures require that the Plan Administrator reserve the amount of Available Cash that would otherwise be distributable on account of the ISIN Guarantee Claims identified in an ISIN Notice until this Court enters an order deeming such ISIN Guarantee Claims to be satisfied. There is thus no risk that the Available Cash otherwise payable to the holders of such ISIN Guarantee Claims will be used for other purposes.

26. Finally, the LBT Procedures provide for prompt payment of Distributions from the ISIN Reserve on account of ISIN Guarantee Claims that are not satisfied by LBT.

27. The alternative to the LBT Procedures—forcing the Plan Administrator to make Distributions that would certainly result in overpayments on account of certain ISIN Guarantee Claims—is unreasonable and inefficient. The Plan Administrator should not be required to make Distributions that result in overpayments to a creditor and then seek to recover overpaid amounts. Doing so would require a costly and lengthy process with uncertain results. Without the LBT Procedures, the vast majority of Distributions to LBHI's creditors will be reduced unfairly.

## Notice

28. No trustee has been appointed in the Chapter 11 Cases. The Plan Administrator has served notice of this motion on (i) the United States Trustee for Region 2;

8

(ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the record holder of each ISIN Guarantee Claim; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635).  The Plan Administrator submits that no other or further notice need be provided.

      WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: August 11, 2017
      New York, New York

      /s/ Garrett A. Fail
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007
      Garrett A. Fail

      Attorneys for Lehman Brothers Holdings Inc.
      and Certain of Its Affiliates

**Exhibit A**

Proposed Order

WEIL:\96229974\4\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                         :     Chapter 11 Case
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :     No. 08-13555 (SCC)
                                              :
                    Debtors.                  :     (Jointly Administered)
------------------------------------------------------------x

ORDER PURSUANT TO
SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY
CODE ESTABLISHING PROCEDURES FOR DISTRIBUTIONS ON
ACCOUNT OF GUARANTEE CLAIMS CORRESPONDING TO CERTAIN
PRIMARY CLAIMS AGAINST LEHMAN BROTHERS TREASURY CO. B.V.

Upon the motion (the "Motion"),[1] dated August 11, 2017, of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") to establish procedures governing Distributions on account of Guarantee Claims corresponding to certain Primary Claims against Lehman Brothers Treasury Co. B.V., all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the record holder of each ISIN Guarantee Claim; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635); and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the LBT Procedures shall be effective as of the date hereof:

a. At least five business days prior to each Distribution, the Plan Administrator will file a notice listing the ISINs and ISIN Guarantee Claims that it estimates will be satisfied by the following distribution by LBT alone or the combination of that distribution and the next LBHI Plan Distribution (an "ISIN Notice").

b. The Plan Administrator will withhold from LBHI's upcoming Distribution any amount that it believes would, together with its estimate of the following distribution from LBT, result in the holder of an ISIN Guarantee Claim receiving more consideration on account of such ISIN Guarantee Claim than is permitted by Section 8.13(b) of the Plan.

c. Within 30 days after the following distribution by LBT, the Plan Administrator will file a claims objection seeking a determination by this Court that such ISIN Guarantee Claims have been satisfied and are entitled to no further Distributions by the Plan Administrator.

d. Until the time at which an ISIN Guarantee Claim is deemed satisfied in full by an order of the Court, the Plan Administrator will reserve 100% of the Cash that would otherwise be distributable on account of such ISIN Guarantee Claim (such reserve, the "ISIN Reserve").

e. If the distribution by LBT does not satisfy an ISIN Guarantee Claim identified on an ISIN Notice or the Court overrules an above-described claims objection with respect to such ISIN Guarantee Claim, LBHI will, within 30 days of such LBT distribution or entry of an order overruling such claims objection becoming a final order, distribute Cash held in the ISIN Reserve on account of such ISIN Guarantee Claim in the amount that is the lesser of (i) the amount necessary to

2

render such ISIN Guarantee Claim satisfied in full under Section 8.13 of the Plan and (ii) the amount that would otherwise have been distributable on account of such ISIN Guarantee Claim in the Plan Administrator's preceding Distribution.

; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2017

Honorable Shelley C. Chapman
United States Bankruptcy Judge

3