[Hapoalim as Seller]

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Bank Hapoalim B.M.** ("<u>Transferor</u>"), acting on behalf of one or more of its customers (the "<u>Customer</u>"), hereby unconditionally and irrevocably transfers and assigns to **Oscar Oseroff and Claudio Oseroff C/O Wells Fargo Advisors**(the "<u>Transferee</u>") as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 55854 filed by or on behalf of Seller (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller or its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's or Customer's right, title and interest in, to and under the transfer agreements, if any, under which Seller, Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller's Customer is the beneficial owner of the Purchased Securities relating to the Purchased Claim and specified in Schedule 1 attached hereto; (d) Seller or its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of **PARTIAL** Transfer of Claim; (f) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (g) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) in the form attached as Exhibit A hereto, including this Agreement and Evidence of **PARTIAL** Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

[Hapoalim as Seller]

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of PARTIAL Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Purchaser and Seller), as Purchaser may designate in writing to Seller. This Agreement and Evidence of PARTIAL Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 21st day of July 2017.

Transferor:
BANK HAPOALIM B.M.

By: _____
Name: Oscar Rodriguez
Title: FID Manager

By: _____
Name: Miguel Orozco
Title: EVP/Ops Mgr.

Address:
18851 NE 29th Ave
Aventura, FL 33180
USA

Transferee:
Oscar Oseroff and Claudio Oseroff C/O Wells Fargo Advisors:

By: _____
Name: Oscar Oseroff
Title: OWNER

By: _____
Name: Claudio Oseroff
Title: OWNER

Address:
_____
_____
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE FOR FILING OFAC CERTIFICATION

You are receiving this notice because you have not submitted a certification (an "OFAC Certification") to the Plan Administrator confirming that neither you nor any person for which you may be acting or who may be the beneficial holder of proof of claim number(s) [_____] against Lehman Brothers Holdings Inc. or its affiliated chapter 11 debtors (the "Debtors") is a person or entity with whom it is illegal for a U.S. person to transact pursuant to regulations issued by the Office of Foreign Assets Control.

**PLEASE TAKE NOTICE THAT**, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "Court"), **September 4, 2015** (the "OFAC Certification Deadline") is the last date that you may timely file the OFAC Certification with the Plan Administrator in order to receive any Distribution made to date or reserved on account of your claims.

A copy of the required OFAC Certification is attached to this notice.

1. **WHEN AND HOW TO FILE OFAC CERTIFICATION**

    An OFAC Certification may be provided to the Plan Administrator by mail at:

    If by first-class mail:

    Lehman Brothers Holdings Claims Processing
    c/o Epiq Bankruptcy Solutions, LLC
    FDR Station, P.O. Box 5076
    New York, NY 10150-5076

    If by Hand Delivery or Overnight mail:

    Epiq Bankruptcy Solutions, LLC
    Attn: Lehman Brothers Holdings Inc.
    757 Third Avenue, 3rd Floor
    New York, NY 10017

    or

    electronic mail to:

    LBHI-Noticing@epiqsystems.com

In order to be accepted, the OFAC Certification must be **received** by the Plan Administrator on or before the OFAC Certification Deadline Order.

## 2. CONSEQUENCES OF FAILURE TO FILE AN OFAC CERTIFICATION IN ACCORDANCE WITH THESE PROCEDURES

**Any entity that fails to provide the OFAC Certification on or before the OFAC Certification Deadline will be forever barred, estopped, and enjoined from asserting, and shall forever forfeit, any right to receive Distributions[1] previously made on account of any claim against any of the Debtors.**

Entities receiving this notice should consult an attorney with any questions regarding this notice.

Dated: _____, 2015        BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliate Debtors* (ECF No. 23023, Ex. A).

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (SCC) <br><br> (Jointly Administered) |

**ORDER ESTABLISHING DEADLINE FOR FILING OFAC**
**CERTIFICATION AND APPROVING RELATED PROCEDURES**

Upon the motion (the "Motion") dated April 21, 2015 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"),[1] pursuant to, *inter alia*, section 14.1(e) of the Plan and sections 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), to establish a deadline and related procedures for filing certifications in the form annexed hereto as Exhibit 1 (such certification, an "OFAC Certification") and to approve the form and manner of notice of such deadline, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that **September 4, 2015** is established as the deadline (the "OFAC Certification Deadline") for all holders of OFAC Claims other than holders of OFAC Claims that are known by the Plan Administrator to be prohibited from receiving Distributions pursuant to OFAC regulations (each, a "Prohibited Claimant") to provide a completed OFAC Certification to the Plan Administrator in accordance with this Order; and it is further

ORDERED that an executed OFAC Certification may be provided to the Plan Administrator (i) by mail at Lehman Brothers Holdings Claims Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5076, New York, NY 10150-5076 (if by first-class mail) or Epiq Bankruptcy Solutions, LLC, Attn: Lehman Brothers Holdings Inc., 757 Third Avenue, 3rd Floor, New York, NY 10017 (if by hand delivery or overnight mail) or (ii) by email at LBHI-Noticing@epiqsystems.com, so as to be received on or before the OFAC Certification Deadline; and it is further

ORDERED that, if an executed OFAC Certification is not received by the OFAC Certification Deadline by holders of OFAC Claims other than Prohibited Claimants, (a) the non-compliant holder (and its successors and assigns) shall be forever barred, estopped, and enjoined from asserting any right to Distributions against the Debtors payable on account of its OFAC Claims for the first through seventh Distributions (the "Forfeited Distributions"), (b) the Debtors shall be forever discharged from any and all indebtedness or liability with respect to the first

through seventh Distributions on account of the Forfeited Distributions, and (c) the Forfeited Distributions shall revert to the applicable Debtor and become Available Cash for distribution to other holders of Allowed Claims against such Debtor in accordance with the Plan; and it is further

**ORDERED** the OFAC Procedures described in the Motion are approved such that if a holder of an OFAC Claim (other than a Prohibited Claimant) fails to submit an OFAC Certification within 180 days of a mailing by Epiq requesting such certification, (a) the non-compliant holder (and its successors and assigns) shall be forever barred, estopped, and enjoined from asserting any right to Distributions payable on account of its OFAC Claims for the applicable Distribution referred to in the notice, (b) the Debtors shall be forever discharged from any and all indebtedness or liability with respect to the applicable Distribution on account of the OFAC Claims for which an executed OFAC Certification is not timely received, and (c) the applicable Distribution amount shall be deemed a Forfeited Distribution that shall revert to the applicable Debtor and become Available Cash for distribution to other holders of Allowed Claims against such Debtor in accordance with the Plan; and it is further

**ORDERED** that the Plan Administrator is authorized to retain any Distributions payable to Prohibited Claimants and treat such Distributions as "blocked" in accordance with OFAC regulations or pending further guidance from OFAC; and it is further

**ORDERED** that notice of the entry of this Order and of the OFAC Certification Deadline substantially in the form attached as Exhibit 2 hereto (the "OFAC Certification Deadline Notice") is approved in all respects and shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, within seven business days of entry of this Order upon all record holders of OFAC Claims; and it is further

   **ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    May 12, 2015
          New York, New York

                                            /S/ Shelley C. Chapman
                                            HONORABLE SHELLEY C. CHAPMAN
                                            UNITED STATES BANKRUPTCY JUDGE

B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.          Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Wells Fargo Advisors | Bank Hapoalim B.M. |
| --- | --- |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Wells Fargo Clearing Services
Mail Code H0006-085
One North Jefferson Ave
St. Louis MO 63103

FBO: Oscar Oseroff +
Claudio Oseroff
A/C # 5438-2289

Court Claim # (if known):
Total Amount of Claim Filed: 150,000
Amount of Claim Transferred: 150,000
ISIN/CUSIP: XS0346466781
Blocking Number:
Date Claim Filed:

Phone:
Last Four Digits of Acct #: 9389

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___[signature]___ OFFICER   Date: 8/9/17
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

**Schedule 1**

Transferred Claims

Purchased Claim

**$150,000.00 of $107,993,120.00** (the outstanding amount of the Proof of Claim as of October 29th, 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Euroclear Blocking Number |
|---|---|---|---|---|---|---|---|
| 3P0844 LEHM SMPL STEP 3/18/15 | XS0346466781 | LEHMAN BROTHERS TSRY CO B.V. | LEHMAN BROTHERS HOLDINGS INC | 150,000 | N/A | 03/18/15 | 6052929, 6049850, 6043275, 6047419 |

| Substitute Form **W-8BEN** (Rev. January 2017) Department of the Treasury Internal Revenue Service | **Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding and Reporting (Individuals)** ▶ For use by individuals. Entities must use Form W-8BEN-E. ▶ Information about Form W-8BEN and its separate instructions is at www.irs.gov/formw8ben. ▶ Give this form to the withholding agent or payer. Do not send to the IRS. | OMB No. 1545-1621 |

Do NOT use this form if: | Instead, use Form:
- You are NOT an individual ............................................................. W-8BEN-E
- You are a U.S. citizen or other U.S. person, including a resident alien individual ......................... W-9
- You are a beneficial owner claiming that income is effectively connected with the conduct of trade or business within the U.S. (other than personal services) ....................................... W-8ECI
- You are a beneficial owner who is receiving compensation for personal services performed in the United States ........... 8233 or W-4
- A person acting as an intermediary ....................................................... W-8IMY

Note: If you are resident in a FATCA partner jurisdiction (i.e., a Model 1 IGA jurisdiction with reciprocity), certain tax account information may be provided to your jurisdiction of residence.

**Part I    Identification of Beneficial Owner (see instructions)**

1 Name of individual who is the beneficial owner
CLAUDIO OSEROFF

2 Country of citizenship
ARGENTINA

3 Permanent residence address (street, apt. or suite no., or rural route). Do not use a P.O. box or in-care-of address.
BILLINGHURST 2143 17G

City or town, state or province. Include postal code where appropriate.
BUENOS AIRES

Country
ARGENTINA

4 Mailing address (if different from above)
MARK ROSOFF, 10 KODAK DR

City or town, state or province. Include postal code where appropriate.
WOODBURY, NY 11797

Country
UNITED STATES

5 U.S. taxpayer identification number (SSN or ITIN), if required (see instructions)

6 Foreign tax identifying number (see instructions)

7 Reference number(s) (see instructions) <Account Number(s) - for office use only>

8 Date of birth (MM-DD-YYYY) (see instructions)
10/06/1951

**Part II    Claim of Tax Treaty Benefits (for chapter 3 purposes only) (see instructions)**

9 I certify that the beneficial owner is a resident of ARGENTINA ........................ within the meaning of the income tax treaty between the United States and that country.

10 Special rates and conditions (if applicable - see instructions): The beneficial owner is claiming the provisions of Article and paragraph _____ of the treaty identified on line 9 above to claim a _____ % rate of withholding on (specify type of income): _____

Explain the additional conditions in the Article and paragraph the beneficial owner meets to be eligible for the rate of withholding:

**Part III    Certification**

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:

- I am the individual that is the beneficial owner (or am authorized to sign for the individual that is the beneficial owner) of all the income to which this form relates or am using this form to document myself for chapter 4 purposes,
- The person named on line 1 of this form is not a U.S. person,
- The income to which this form relates is:
  (a) not effectively connected with the conduct of a trade or business in the United States,
  (b) effectively connected but is not subject to tax under an applicable income tax treaty, or
  (c) the partner's share of a partnership's effectively connected income,
- The person named on line 1 of this form is a resident of the treaty country listed on line 9 of the form (if any) within the meaning of the income tax treaty between the United States and that country, and
- For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner. I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.

Sign Here ▶ _Signature_    Date (MM-DD-YYYY) 06/29/2017
Signature of beneficial owner (or individual authorized to sign for beneficial owner)

CLAUDIO OSEROFF    OWNER
Print Name    Capacity in which acting (if form is not signed by beneficial owner)

**AFFIDAVIT OF UNCHANGED STATUS - SIGNATURE REQUIRED**
Under penalties of perjury, I further declare that:
The certification, including the certification of foreign status of the beneficial owner and any claim of tax treaty benefits, indicated above on this Form W-8 was effective beginning January 1, 2013, and for Chapter 4 FATCA purposes effective beginning July 1, 2014, or if later, the date the account to which this form applies was opened and that status has remained the same and unchanged from that date until the current date this new form is provided. If there have been any changes to the above information, I have checked the following box and provided an attachment of the changes and the period the changes are applicable.
☐ No changes attached.

Sign Here ▶ _Signature_    Date (MM-DD-YYYY) 06/29/2017
Signature of individual or official authorized to sign for the beneficial owner or entity listed on Line 1

CLAUDIO OSEROFF    OWNER
Print Name    Capacity in which acting (if form is not signed by beneficial owner)

For Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 25047Z    Form **W-8BEN** (Rev. 1-2017)
669235 (Rev 09 - 05/17)

Page 1 of 3

**Substitute Form**
**W-8BEN**
(Rev. January 2017)
Department of the Treasury
Internal Revenue Service

**Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding and Reporting (Individuals)**
▶ For use by individuals. Entities must use Form W-8BEN-E.
▶ Information about Form W-8BEN and its separate instructions is at www.irs.gov/formw8ben.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

**Do NOT use this form if:**    Instead, use Form:
- You are NOT an individual . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8BEN-E
- You are a U.S. citizen or other U.S. person, including a resident alien individual . . . . . . . . . . . . . . . . . W-9
- You are a beneficial owner claiming that income is effectively connected with the conduct of trade or business within the U.S. (other than personal services) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8ECI
- You are a beneficial owner who is receiving compensation for personal services performed in the United States . . . . . . . . 8233 or W-4
- A person acting as an intermediary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8IMY

Note: If you are resident in a FATCA partner jurisdiction (i.e., a Model 1 IGA jurisdiction with reciprocity), certain tax account information may be provided to your jurisdiction of residence.

**Part I    Identification of Beneficial Owner (see instructions)**

| 1 Name of individual who is the beneficial owner | 2 Country of citizenship |
|---|---|
| OSCAR OSEROFF | ARGENTINA |

| 3 Permanent residence address (street, apt. or suite no., or rural route). Do not use a P.O. box or in-care-of address. |
|---|
| BILLINGHURST 2143 17G |

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| BUENOS AIRES | ARGENTINA |

| 4 Mailing address (if different from above) |
|---|
| MARK ROSOFF, 10 KODAK DR |

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| WOODBURY, NY 11797 | UNITED STATES |

| 5 U.S. taxpayer identification number (SSN or ITIN), if required (see instructions) | 6 Foreign tax identifying number (see instructions) |
|---|---|
| | |

| 7 Reference number(s) (see instructions) <Account Number(s) - for office use only> | 8 Date of birth (MM-DD-YYYY) (see instructions) |
|---|---|
| | 02/01/1948 |

**Part II    Claim of Tax Treaty Benefits (for chapter 3 purposes only) (see instructions)**

9 I certify that the beneficial owner is a resident of ARGENTINA within the meaning of the income tax treaty between the United States and that country.

10 Special rates and conditions (if applicable - see instructions): The beneficial owner is claiming the provisions of Article and paragraph _____ of the treaty identified on line 9 above to claim a _____ % rate of withholding on (specify type of income): _____.

Explain the additional conditions in the Article and paragraph the beneficial owner meets to be eligible for the rate of withholding:

**Part III    Certification**

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:
- I am the individual that is the beneficial owner (or am authorized to sign for the individual that is the beneficial owner) of all the income to which this form relates or am using this form to document myself for chapter 4 purposes,
- The person named on line 1 of this form is not a U.S. person,
- The income to which this form relates is:
  (a) not effectively connected with the conduct of a trade or business in the United States,
  (b) effectively connected but is not subject to tax under an applicable income tax treaty, or
  (c) the partner's share of a partnership's effectively connected income,
- The person named on line 1 of this form is a resident of the treaty country listed on line 9 of the form (if any) within the meaning of the income tax treaty between the United States and that country, and
- For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner. I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.

Sign Here ▶ _(signature)_    Date: 06/24/2017
Signature of beneficial owner (or individual authorized to sign for beneficial owner)

OSCAR OSEROFF    OWNER
Print Name    Capacity in which acting (if form is not signed by beneficial owner)

**AFFIDAVIT OF UNCHANGED STATUS – SIGNATURE REQUIRED.**
Under penalties of perjury, I further declare that:
The certification, including the certification of foreign status of the beneficial owner and any claim of tax treaty benefits, indicated above on this Form W-8 was effective beginning January 1, 2013, and for Chapter 4 FATCA purposes effective beginning July 1, 2014, or if later, the date the account to which this form applies was opened and that status has remained the same and unchanged from that date until the current date this new form is provided. If there have been any changes to the above information, I have checked the following box and provided an attachment of the changes and the period the changes are applicable.
☐ Noted changes attached

Sign Here ▶ _(signature)_    Date: 06/24/2017
Signature of individual or official authorized to sign for the beneficial owner or entity listed on Line 1

OSCAR OSEROFF    OWNER
Print Name    Capacity in which acting (if form is not signed by beneficial owner)

For Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 25047Z    Form **W-8BEN** (Rev. 1-2017)
569235 (Rev 09 – 05/17)    Page 1 of 3

## CERTIFICATION REGARDING STATUS
### OFAC Certification

Creditor Name: **WELLS FARGO ADVISORS/WELLS FARGO CLEARING SERVICES**

Claim Number(s):

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "Creditor"), and hereby certify that neither the Creditor nor, to the best of the Creditor's knowledge, any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the Office of Foreign Assets Control ("OFAC") sanctions laws and regulations and the list of Specially Designated Nationals and Blocked Persons.

Dated: **8/9/17**

Signature: *[signed]*

Print Name: **MARK STOREY**

Title (if applicable): **OFFICER**

# SECRETARY'S CERTIFICATE
# WELLS FARGO CLEARING SERVICES, LLC

I, Beverly W. Jackson, Assistant Secretary of Wells Fargo Clearing Services, LLC (the "Entity") hereby certify that the following is a true and complete copy of resolutions adopted by the Board of Managers of the Entity by unanimous written consent to action and that such resolutions are in full force and effect and have not been amended, rescinded or revoked:

## Resolution Regarding Officer Authority and Execution of Documents

RESOLVED, that the President and any Vice President (however designated), Managing Director, Director, Associate or persons holding other such equivalent titles with the Entity, or any one of said officers, together with the Secretary or any Assistant Secretary of the Entity, if required, be and they are hereby fully authorized to sign, execute, acknowledge, verify, deliver or accept on behalf of and in the name of the Entity, all agreements, indentures, mortgages, deeds, conveyances, transfers, certificates, declarations, receipts, discharges, releases, satisfactions, settlements, undertakings, petitions, schedules, accounts, affidavits, bonds, proxies, and other instruments or documents (collectively, hereinafter referred to as "Documents") that may arise in connection with or relate to the conduct of the business of the Entity; provided, however, that where required, any Document shall be attested by one of said officers other than the officer executing such Document; and provided, further, that any Document may also be executed, acknowledged, verified, delivered, or accepted on behalf of the Entity in such other manner and by such other officers as the Board or other governing body of the Entity may from time to time direct; and provided, further, that the provisions of this resolution are supplementary to any pertinent provisions of the Entity's governing documents; and that the President and any Vice President (however designated), Managing Director, Director, Associate or persons holding other such equivalent titles shall have, by virtue of their office, the authority from time to time to act as an Assistant Secretary of the Entity, and to such extent, said officers are appointed to the office of Assistant Secretary;

RESOLVED FURTHER, that to the extent necessary, desirable or convenient in connection with the execution and delivery of any Document that may arise in connection with or relate to the conduct of the business of the Entity, a duly elected Managing Director of the Entity may execute and deliver a Document as a Senior Vice President of the Entity, a duly elected Director of the Entity may execute a Document as a Vice President of the Entity, and a duly elected Associate of the Entity may execute a Document as an Assistant Vice President of the Entity.

10323813

**Certification**

Wells Fargo Clearing Services, LLC hereby certifies that it is the clearing firm for, is the clearing firm for the successor of or is the successor of the following companies:

| A.G. Edwards & Sons, Inc. | A.G. Edwards & Sons, LLC | Atlas Securities, Inc |
|---|---|---|
| Atlas Securities, LLC. | Bowles Hollowell Conner & Co | Captrust Financial Advisors, LLC |
| CoreStates Securities Corp | EVEREN Securities, Inc | First Albany Corporation |
| First Clearing Corporation / First Clearing Corp, LLC / First Clearing, LLC / First Clearing / FCC Clearing / FCC LLC / FCC | First Union Brokerage Services, Inc. | First Union Capital Markets Corp |
| First Union Securities Financial Network, Inc | First Union Securities, Inc | IJL Financial, Inc |
| IJL Holdings, Inc | JW Genesis Financial Services, Inc | Prudential Securities Incorporated |
| Prudential-Bache Securities, Inc | SouthTrust Securities, Inc | SouthTrust Securities, LLC |
| Wachovia Securities Financial Network, Inc | Wachovia Securities Financial Network, LLC | Wachovia Securities, Inc |
| Wachovia Securities, LLC | Wells Fargo Advisors, LLC | Wells Fargo Investments, LLC |
| Wexford Clearing Services Corporation | Wexford Clearing Services, LLC | Wheat First Securities, Inc |

Wells Fargo Clearing Services, LLC

By: _[signature]_ OFFICER

I FURTHER CERTIFY THAT the following individuals are duly elected officers of the Entity, holding the title indicated opposite their name, and that the signature set forth opposite their name is their genuine signature.

| Name | Title | Signature |
|---|---|---|
| Lisa Braden | First Vice President | *[signed]* |
| Aaron Mathis | Assistant Vice President | *[signed]* |
| Roderick W. Mikus | Senior Vice President | *[signed]* |
| Pattie L. Schuchman | First Vice President | *[signed]* |
| Richard Stiebel | Vice President | *[signed]* |
| Mark Storey | Officer | *[signed]* |

IN WITNESS WHEREOF, I have hereunto subscribed my name on this 8th day of February 2017.

*[signed]* Beverly W. Jackson
Beverly W. Jackson
Assistant Secretary

(SEAL)