UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Lehman Brothers Holdings, Inc., et al.,*   Case Number: 08-13555

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **CVI CVF III Lux Master S.A.R.L.** | **Lehman Brothers (Luxembourg) Equity Finance S.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Scheduled Claim #: _____
Scheduled Amount: $ _____
Proof of Claim #: **33059**

11-13 Boulevard de La Foire
L-1528 Luxembourg, Luxembourg

w/copy to:

CVI CVF III Lux Master S.A.R.L.
c/o Carval Investors, LLC
Attn: Jeremiah Gerhardson
9320 Excelsior Boulevard, 7th Floor
Hopkins, MN 55343

POC Amount: **$14,553,045.00**
Debtor: **Lehman Brothers Holdings, Inc.**

Phone: 952.444.4917
Last Four Digits of Acct #: _N/A_

Phone: _____
Last Four Digits of Acct #: _N/A_

Name and Address where transferee
Payments should be sent (if
different from above):
**SAME ADDRESS AS ABOVE**

Phone: 952.444.4917
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____ by Carval Investors, LLC
    Transferee/Transferee's Agent    its attorney-in-fact

Date: _____

CVI CVF III Lux Master S.A.R.L.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Lehman Brothers Holdings, Inc., et al.,*   Case Number: 08-13555

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **CVI CVF III Lux Master S.A.R.L.** | **Lehman Brothers (Luxembourg) Equity Finance S.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

11-13 Boulevard de La Foire
L-1528 Luxembourg , Luxembourg

w/copy to:

CVI CVF III Lux Master S.A.R.L.
c/o Carval Investors, LLC
Attn: Jeremiah Gerhardson
9320 Excelsior Boulevard, 7th Floor
Hopkins, MN 55343

Scheduled Claim #: _____
Scheduled Amount: _____

Proof of Claim #: **33061**
POC Amount: **$67,025,603.00**
Debtor: **Lehman Brothers Holdings, Inc.**

Phone: 952.444.4917
Last Four Digits of Acct #: _N/A_

Phone: **Lehman Brothers Holdings, Inc.**
Last Four Digits of Acct #: _N/A_

Name and Address where transferee
Payments should be sent (if different from above):
**SAME ADDRESS AS ABOVE**

Phone: 952.444.4917
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  by Carval Investors, LLC
Transferee/Transferee's Agent       its attorney-in-fact

Date: _____

CVI CVF III Lux Master S.A.R.L.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re Lehman Brothers Holdings, Inc., et al.,*  Case Number: 08-13555

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **CVI CVF III Lux Master S.A.R.L.** | **Lehman Brothers (Luxembourg) Equity Finance S.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Scheduled Claim #: _____
Scheduled Amount: $_____
Proof of Claim #: **33057**

11-13 Boulevard de La Foire
L-1528 Luxembourg ., Luxembourg

w/copy to:

CVI CVF III Lux Master S.A.R.L.
c/o Carval Investors, LLC
Attn: Jeremiah Gerhardson
9320 Excelsior Boulevard, 7th Floor
Hopkins, MN 55343

POC Amount: **$700,837.00**
Debtor: **Lehman Brothers Holdings, Inc.**

Phone: 952.444.4917
Last Four Digits of Acct #: N/A

Phone: _
Last Four Digits of Acct #: N/A

Name and Address where transferee
Payments should be sent (if
different from above):
**SAME ADDRESS AS ABOVE**

Phone: 952.444.4917
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  by Carval Investors, LLC
Transferee/Transferee's Agent    its attorney-in-fact

Date: _____

CVI CVF III Lux Master S.A.R.L.



## SALE AND ASSIGNMENT AGREEMENT ("Assignment")

Seller (as noted in the signature block below) in consideration of the payment of the "Purchase Price" (as computed below), the sufficiency of which is hereby acknowledged, hereby sells, transfers and assigns unto CVI CVF III Lux Master S.A.R.L. ("Buyer") all of Seller's rights, title and interests in and to Seller's claim related to the allowed claims set forth on the attached and incorporated Schedule A that it holds against Lehman Brothers Holdings, Inc. ("Debtor") in the bankruptcy proceedings of *In re Lehman Brothers Holdings Inc., et al.*, Jointly Administered Case Number 2008-13555 (the "Proceedings") pending in the United States Bankruptcy Court for the Southern District of New York (the "Court") (collectively, the "Claim"). Notwithstanding anything herein to the contrary, both parties hereby agree that the Seller will retain the twelve prior distributions paid on each Claim, the total respective values of which are set forth on the attached and incorporated Schedule A (the "Prior Distributions").

Seller represents and warrants that: (a) On 3rd February, 2017, the Luxembourg District Court authorized the trustees of the Proceedings (the "Trustees") to sell any claim or part of any claim or claims in accordance with the terms of the attached Court Order n° 161/17 (Exhibit A)(b) the Claims are general unsecured claims allowed in their respective amounts as set forth on Schedule A; (c) Seller has not previously assigned, sold, factored, or pledged the Claims to any third party(ies), in whole or in part; (d) Seller is the sole legal and beneficial owner and has title to the Claims free and clear of any and all liens, security interests or encumbrances of any kind; (e) to the best of Seller's knowledge and belief, the Claims are not subject to any right of claim of set-off, reduction, avoidance, disallowance, subordination, preference, or any other defense of any kind that has been or may be asserted by Debtor or any other party to reduce the amount of the Claims or to impair their value; (e) that Seller has no liabilities or obligations in connection with the Claims and; (g) no payments have been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction of the Claims, except for Prior Distributions; (h) Seller is a bankrupt affiliate of the Debtor. The Trustees have no knowledge of the affairs of the Seller before the Seller was declared bankrupt; (i) this Assignment constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (j) Seller and Trustee have not engaged and will not engage in any acts or conducts that might result in Buyer receiving less payments or distributions or less favorable treatment than other creditors of the same class

Seller stipulates and agrees that: (i) Seller is aware that the Purchase Price may differ from the amount ultimately distributed with respect to the Claims and Seller has adequate information concerning the status of the Proceedings and the Claims to make an informed decision regarding the sale of the Claims; (ii) Buyer is not assuming any liabilities or obligations whatsoever of Seller or any other person or on account of the allowed Claims (other than the payment of the Purchase Price); and (iii) any distribution in excess of the Prior Distributions noted above, received by Seller on account of the Claims, whether in the form of cash, securities, instruments, or any other property, shall constitute property of Buyer to which Buyer has an absolute right, and that Seller will hold such property in trust and will, at its own expense, deliver to Buyer within five business days any such property in the same form as received, together with any endorsement or documents necessary to transfer such property to Buyer.

Seller hereby irrevocably appoints Buyer as its true and lawful attorney and authorizes Buyer to act in Seller's stead, to demand, file claims, sue for, compromise, update administrative contacts and payment instructions and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claims herein assigned. To the extent the Debtor, the Court, or any other party refuses to recognize the powers hereby granted by Seller to Buyer in the preceding sentence, Seller hereby agrees to perform such tasks as may be reasonably requested by Buyer to complete the intent of this Assignment. Without limiting the generality of the foregoing, Seller acknowledges and agrees that Buyer may deposit into Buyer's account any and all checks, the amounts of which are rightfully owned by Buyer pursuant to this Assignment but are made payable to Seller, received in connection with future distributions on the Claims.

Buyer and Seller (each a "Party" and together the "Parties") agree not to disclose the price and terms of this Assignment to other parties except to their professional advisors, the supervisory judge in charge of the bankruptcy proceedings of the Seller or in the context of any proceedings before the Luxembourg District Court, and that this Assignment constitutes the entire agreement and understanding between the Parties, and the Parties further agree that there are no warranties, representations or other agreements between them, except as set forth herein.

Seller hereby waives its right to receive any notice that it might otherwise be afforded pursuant to the Proceedings and any objection to the transfer of the Claims to the Buyer on the books and records of the Debtor and the Court. This Assignment shall be governed by, and construed in accordance with, the substantive laws of the State of New York without regard to the conflict of law rules thereof. In any action commenced hereunder to enforce one or more provisions of this Assignment, the Parties agree: (a) that venue shall be exclusive to a competent jurisdiction in New York County, New York; (b) to waive the defenses of improper venue and *forum non*

*conveniens*; (c) to waive the right to a trial by jury; and (d) the prevailing Party shall be entitled to the recovery of its reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, Seller has duly executed this Assignment on this 20th day of July, 2017.

SELLER: Lehman Brothers (Luxembourg) Equity Finance S.A. (EN FAILLITE)

By: _____
Name: Jacques Delvaux
Title: Joint Curateur


SELLER: Lehman Brothers (Luxembourg) Equity Finance S.A. (EN FAILLITE)

By: _____
Name: Laurent Fisch
Title: Joint Curateur


BUYER: CVI CVF III Lux Master S.A.R.L.
by Carval Investors, LLC
its attorney-in-fact

By: _____
Name: Jeremiah Gerhardson
Title: Authorized Signer


Schedule A



| Claim Number | Class | Allowed Claim Amount | Total Prior Distribution Rate | Total Prior Distribution Amount |
|---|---|---|---|---|
| 33061 | 4A | $67,025,603.00 | 33.731074% | $22,608,455.75 |
| 33059 | 4B | 14,553,045.00 | 32.907352% | 4,789,021.74 |
| 33057 | 8 | 700,837.00 | 30.987610% | 217,172.64 |