# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Michael S. Shuster*
*646-837-5153*
*mshuster@hsgllp.com*

August 29, 2017

**VIA EMAIL**

Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:   *In re Lehman Brothers Holdings Inc. RMBS Claims Estimation Proceeding*

Dear Judge Chapman:

  We are trial counsel to the RMBS Trustees for purposes of presenting their breach claims at the estimation hearing scheduled to commence October 16, 2017. We write to request a 30-day continuance of the hearing. Despite the parties' best efforts, it has now become apparent that a continuance is necessary to enable them to complete depositions as well as other pre-trial work. The parties have identified and submitted reports from a total of 14 experts. Each side also has thus far identified one fact witness, for a total of 16 trial witnesses, all of whom have to be deposed. Under the existing case schedule, all 16 of those depositions are required to be completed in September. None of the witnesses has indicated any availability before September 11, and many of them are available only later in the month. Add to that the fact that the Jewish Holidays take many of the lawyers and witnesses out of pocket for three business days in September, and the job of scheduling, not to mention actually taking, the depositions by October 1 (as Exhibit G requires) is simply proving impracticable.

  In addition to completion of depositions, the schedule calls for exchange of trial exhibit lists on September 16 and pre-hearing briefs on October 1. Given that many depositions will necessarily take place late in September because witnesses are unavailable before, completing exhibit lists and pre-trial briefs would be required prior to completion of depositions, which seems inefficient at best and will mean that the parties are identifying their trial exhibits and briefing the Court without the benefit of the full deposition record. A reasonable continuance of the trial date will enable the parties to complete their pre-trial work in an orderly way and to hone their trial presentations and arguments so as to make for a more efficient and streamlined trial. I have discussed these issues with counsel for the Plan Administrator and advised them that I would be sending this letter to the Court.

I understand that the Plan Administrator will be contacting the Court to schedule a pre-trial conference.  Given that the Court has set aside time on its trial docket for the hearing, the time pressures to which all parties are subject and the demands the parties are making on the schedules of witnesses, I thought it appropriate to raise with Your Honor the issue of an adjournment now rather than wait for that conference.

      The RMBS Trustees are available at Your Honor's convenience for a telephonic or in-person conference.

      Respectfully submitted,

      Michael S. Shuster

cc:    All counsel (via email)