# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Michael S. Shuster*
*(646) 837-5153*
*mshuster@hsgllp.com*

September 7, 2017

**VIA EMAIL AND ECF**

Honorable Shelley C. Chapman
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

*Re: In re Lehman Brothers Holdings Inc. RMBS Claims Estimation Proceeding*

Dear Judge Chapman:

  We write on behalf of the RMBS Trustees to address a serious issue of prejudice caused by the Plan Administrator's untimely amendment to the Grice rebuttal expert report. This report, submitted to the Court September 1, differs materially from the one that was provided to the Trustees and contains substantial new information never previously provided to or seen by the Trustees. That information should have been provided by Mr. Grice in his affirmative expert report served June 1, not in a submission to the Court on September 1.

  The parties went to great lengths to negotiate the pre-trial schedule and obligations set forth in Exhibit G to the Settlement Agreement. That document provides for the exchange of affirmative, rebuttal and reply expert reports, and requires that each expert report contain "a complete statement" of the expert's opinions "and the basis for such opinions," as well as all "facts and data relied upon by the witness." (Ex. G, III.ii.)

  As the Court may know, Mr. Grice is the Plan Administrators's re-underwriting expert. In his affirmative expert report, served June 1, Mr. Grice claimed to have to reviewed a "sample" of some 1,879 breaches and, based substantially on that review, to have concluded that the Trustees' loan review supporting their breach claims was "unreliable." Mr. Grice did not (1) explain the method by which his sample was selected, (2) identify the documents he relied upon for his conclusions or (3)

provide any disclosure on a breach by breach basis, of the basis for his opinions on any of the 1,879 breaches (other than to say he "agreed" with the Plan Administrator or the breach required "further review").

The Trustees promptly and repeatedly demanded that Mr. Grice disclose the methodology by which his sample was selected, the identity of the documents he relied upon, and, most importantly, the bases for his opinions concerning each of the breaches he reviewed. After the Trustees threatened to raise these issues with the Court, the Plan Administrator identified certain of the documents Mr. Grice relied upon. The Plan Administrator did not, however, disclose the methodology that Mr. Grice used in selecting his loan samples until August 25, 2017, a mere *three days* before *reply* expert reports were due. These late disclosures violated Exhibit G and prejudiced the Trustees.

Now, however, the Plan Administrator has gone beyond the pale. In the copies of the rebuttal expert report that the Plan Administrator provided to the Court on the Friday afternoon before Labor Day, Mr. Grice *for the first time* sets forth a "Grice Review Narrative," namely, the detailed basis for his opinions on over 1,100 breaches. The Court can find those newly produced narratives at columns J and M, respectively, of Appendix D to Mr. Grice's rebuttal and reply expert reports.

By providing at this late date the bases for Mr. Grice's expert opinions, the Plan Administrator has all but precluded the fair evaluation of those opinions. The Plan Administrator should have disclosed its intention to provide this new information when the parties and the Court were discussing the trial schedule last week. It chose to remain silent. Whether the timing of the Plan Administrator's late compliance with its obligations under Exhibit G was intentional or not, the prejudice to the Trustees remains substantial.

The Trustees' underwriting consultants have advised that review and analysis of the now disclosed bases for Mr. Grice's opinions as to each identified breach requires a reopening of each loan file and is, in the best of circumstances, a six to eight-week project. The Trustees should not have been put in this position seven weeks before trial and we respectfully submit that Mr. Grice should be precluded from testifying about these breaches. In the alternative, and mindful of the Court's crowded trial calendar, we request a further adjournment of the trial. Neither alternative is to the Trustees' liking but, we submit, fairness requires either that Mr. Grice's opinion on these breaches be stricken for failure to comply with Exhibit G, or that the trial be further adjourned to the earliest possible date available to the Court which affords the Trustees sufficient time to evaluate the bases for his opinions and to respond thereto. The Trustees are available at the Court's convenience for a telephonic or in-person conference.

Respectfully submitted,

*[signature]*

Michael S. Shuster

cc: All counsel (via email)