# Exhibit 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
       :
In re       :       **Chapter 11 Case No.**
       :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**  :      **08-13555 (SCC)**
       :
**Debtors.**       :       **(Jointly Administered)**
       :
------------------------------------------------------------------x

**[PROPOSED] ORDER PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE
BANKRUPTCY CODE APPROVING SETTLEMENT AGREEMENT
AMONG CITIBANK, N.A. AND CERTAIN OF ITS AFFILIATES, AND LEHMAN
<u>BROTHERS HOLDINGS INC. AND CERTAIN OF ITS AFFILIATES</u>**

Upon the motion (as supplemented by the Supplement,[1] the "<u>Motion</u>")[2] of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the

*Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "<u>Plan</u>"), on behalf of itself, Lehman Brothers Special Financing Inc.

("<u>LBSF</u>") and the other Lehman Entities, together with the Official Committee of Unsecured

Creditors (the "<u>Creditors' Committee,</u>" and together with LBHI, the "<u>Movants</u>"), seeking the

entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

---

[1]    As used herein, the term "Supplement" refers to the Supplement to Motion to Approve Settlement Agreement Among Citibank, N.A. and Certain of Its Affiliates, and Lehman Brothers Holdings Inc., and Certain of Its Affiliates, dated October 3, 2017 [ECF No. _____] (the "Supplement"), wherein LBHI clarified that (i) by the Motion it is seeking reduction and allowance of the Claim set forth in proof of claim number 67733, which Citibank is assigning to LBHI, and (ii) Citibank does not take a position on the allowed amount of any claim assigned to LBHI pursuant to the Settlement or Lehman's proposed allocation of value under the Settlement.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the settlement agreement dated as of September 29, 2017, by and among the Plan Administrator, on behalf of LBHI, LBSF and the other Lehman Entities, and Citibank, N.A. ("Citibank"), on behalf of itself and the other Citibank Entities, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for the Chapter 11 Cases [ECF No. 9635] and the order governing settlement of claims [ECF No. 29505]; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having reviewed the Motion and having considered the entire record before the Court, including the Declaration of Steven Mullaney in Support of the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the Settlement is the product of good faith, arm's length negotiations, that the Settlement is fair and reasonable, and that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

2

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that any objections to the Motion that have not heretofore been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Rules 6004 and 9019 of the Bankruptcy Rules, the Settlement is approved and the Lehman Entities and the Committee are duly authorized to consummate the transactions contemplated under the Settlement Agreement, and to execute and deliver such documents and instruments, and take such other actions as may be reasonably necessary, to consummate the Settlement Agreement, it being understood that any actions described in this paragraph taken by the Lehman Entities may be taken without the necessity of any further Court proceedings or approval, or any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that, the Settlement Agreement is approved and incorporated herein by reference as if set forth completely herein; and it is further

ORDERED that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision; and it is further

ORDERED that, any applicable stay is hereby modified solely to allow Citibank to debit the Debit Amount in accordance with the terms of the Settlement Agreement; and it is further

ORDERED that, on the Turnover Date, the Assigned Claims and Subrogated Claims (each as defined in the Settlement Agreement) shall be assigned to LBHI on a final basis and in accordance with the terms of the Settlement Agreement; and it is further

ORDERED that, Citibank shall be entitled to an allowed administrative expense claim against LBHI to the extent provided in Section 4(d) of the Settlement Agreement; and it is further

ORDERED that following the assignment by Citibank to LBHI, pursuant to the Settlement Agreement, of the Claim set forth in proof of claim number 67733 asserted by Citibank against LBSF ("Claim 67733"), Claim 67733 shall be, and hereby is, reduced and allowed as a general unsecured claim against LBSF in the amount of $256.4 million, with such reduction and allowance of, and allocation of value to, Claim 67733 having been made solely by LBHI and the other Lehman Entities, consistent with their rights under the Settlement Agreement; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that the Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: New York, New York
           October _____, 2017

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

4