# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Richard L. Levine
+1 (212) 310-8286
richard.levine@weil.com

October 4, 2017

<u>Via E-mail and ECF</u>

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Room 623
New York, New York 10004-1408
scc.chambers@nysb.uscourts.gov

Re: *In re Lehman Brothers Holdings Inc.*, Ch. 11 Case No. 08-13555
    Claim No. 29606 (the "<u>SRM Claim</u>")

Dear Judge Chapman:

We write on behalf of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "<u>Plan</u>") in response to the letter to Your Honor from SRM Global Master Fund Limited Partnership ("<u>SRM</u>") dated September 15, 2017 (ECF No. 56273).

In its letter, SRM seeks special leave to serve discovery on LBHI concerning six broad categories of information (*see* SRM Ltr. 3–4) notwithstanding the pendency of the Sufficiency Hearing to consider LBHI's objection seeking to disallow and expunge all significant parts of the SRM Claim except for the ISDA claim (ECF No. 53215) (the "<u>Objection</u>"). SRM's request for a special exception from the well-established practice in these cases should be denied.

<u>First</u>, discovery of LBHI is, at a minimum, premature. Under well-established law, after LBHI interposed the Objection, SRM had the burden to establish the validity of the SRM Claim.[1] The

---

[1] *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd.*, Bankr. No. 06-B-10489, Adv. No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 145 (B.A.P. 10th Cir. 2003); *In re Lenz*, 110 B.R. 523, 525 (D. Colo. 1990); *In re Alleghany Int'l, Inc.*, 954 F.2d 167, 173–74 (3rd Cir. 1992); *United States v. Arndt (In re Arndt)*, 201 B.R. 853, 857 (M.D. Fla. 1996); *Stone Hedge Props. v. Phoenix*

The Honorable Shelley C. Chapman  
October 4, 2017  
Page 2

**Weil, Gotshal & Manges LLP**

Objection has been fully briefed and argued before the Court. (ECF Nos. 53250, 53515.) SRM now stands in the shoes of a plaintiff whose complaint is the subject of a pending motion to dismiss. (ECF No. 8474, Claims Hr'g P. ¶ 4(a) (the purpose of a Sufficiency Hearing is to determine "whether [a] Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012"), ¶ 4(a)(i) ("The standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim"). Whether SRM even has stated a plausible claim will not be known until Your Honor rules on the Objection, and for that reason discovery is not appropriate when an objection has been fully briefed and argued and remains *sub judice*. It could cause a complete waste of estate resources if the Court were to grant the Objection.[2]

Second, and consistent with the foregoing, SRM's proposed discovery requests are prohibited by the plain language of the Claims Hearing Procedures (ECF No. 8474), which prohibit discovery prior to the Court's disposition of a claims objection after a sufficiency hearing (the "Temporary Litigation Injunction"). (ECF No. 8474, Claims Hr'g P. ¶ 8.) As the Debtors stated in proposing the Claims Hearing Procedures in March 2010:

> Without [the Temporary Litigation Injunction], Claimants may attempt to commence litigation or take discovery while they are subject to a Sufficiency Hearing . . . , potentially defeating the purpose of such procedures. A litigation or discovery free-for-all would defeat the purpose of the Claims Hearing Procedures . . . and burden the resources of both the Court and the Debtors. Moreover, litigation of discovery issues would divert value that would otherwise be recoverable by creditors. The Temporary Litigation Injunction promotes cost savings and enforces the streamlined procedures for resolving Claims as provided for in the Claims Hearing Procedures . . . , while respecting the due process rights of the Claimants.

(ECF No. 7581, Claims Hr'g Mot. ¶ 21.) Neither the passage of time nor the resolution of numerous other claims affects this rationale. The relief SRM requests—and, indeed, this very letter-writing dispute—is what the Claims Hearing Procedures were *specifically* designed to prevent, for the benefit of all parties in interest. Countenancing SRM's request would only incentivize other parties to engage in similar value-destructive discovery litigation.

Now SRM argues that its discovery requests are not strictly barred by the Claims Hearing Procedures because "[m]uch of the limited discovery SRM seeks is related to SRM's claims against LBIE." (SRM

---

*Capital Corp. (In re Stone Hedge Props.)*, 191 B.R. 59, 64–65 (Bankr. M.D. Pa. 1995); *In re FRG, Inc.*, 121 B.R. 451, 456-57 (Bankr. E.D. Pa. 1990).

[2] The record does not support SRM's suggestion that Your Honor indicated "at least some aspects of the Claim" would survive (SRM Ltr. 3), and discovery could be limited by even a partial grant of the Objection.

The Honorable Shelley C. Chapman  **Weil, Gotshal & Manges LLP**
October 4, 2017
Page 3

Ltr. 2.) This is a disingenuous argument. As the Court is aware, ███████████████████ ███ SRM thus is not seeking discovery to pursue claims against, or defend claims by, a foreign affiliate, as per the exception in the Claims Hearing Procedures SRM purports to rely on. (*See id.*) Indeed, SRM *admits* that the purpose of its requested discovery is "to refute LBHI's arguments." (*Id.*) And SRM's theory would excuse *every* holder of a Guarantee Claim relating to a Primary Claim against a Non-Controlled Affiliate from the discovery prohibitions in the Claims Hearing Procedures.[3]

SRM's styling of its discovery requests as related to an ISDA Guarantee Claim that was not subject to the Objection is belied by the six requests themselves: five of six are wholly irrelevant to the ISDA Guarantee Claim. One—the request for information relating to a corporate resolution as a purported guarantee (SRM Ltr. 4)—could have been relevant if SRM's ISDA-related Guarantee Claim relied on the corporate resolution, but SRM received a specific written guaranty for the ISDA Guarantee Claim. Moreover, one of the issues briefed in the Objection is whether SRM expressly *waived* the right to rely on things like the corporate resolution.

Third, SRM is misleading when it claims that it complied with its obligations under Bankruptcy Rule 2004 by providing the documents it refers to as "Without Prejudice Discovery" to LBHI. (SRM Ltr. 1–2.) As the Court is aware, on February 13, 2017, LBHI submitted a letter (discussed in fn. 3) requesting a conference to discuss SRM's unjustified withholding of the Without Prejudice Discovery, ███████ ████████████████████████████████████████████████████████████ (LBHI Feb. 13 Ltr. 2.) SRM subsequently sent LBHI copies of such documents only as a purported "settlement communication," leaving LBHI unable to use such documents for claims-objection purposes and continuing its violation of Bankruptcy Rule 2004. Although the Without Prejudice Discovery relates to a claim that is not the subject of the Objection, SRM's continued refusal to comply with its own discovery obligations in these cases and its misleading claims with respect thereto are sufficient grounds to deny SRM's request for special leave.

Fourth, SRM's requested discovery would plainly be unduly burdensome to LBHI and likely result in little, if any, information of use to SRM. For example, LBHI does not reconcile claims against LBIE

---

[3] It also is blatantly false that "LBHI has also sought and obtained discovery from SRM concerning SRM's claims against LBIE—the Without Prejudice Discovery—long after filing the objection . . . and [thereby] availed itself of this exception to the Claims Hearing Procedures discovery stay." (SRM Ltr. 2.) As SRM well knows, LBHI's discovery requests pursuant to Bankruptcy Rule 2004 were served and pursued prior to the filing of the Objection. (*See* Obj. Ex. A–B (letters predating the Objection discussing the adequacy of SRM's responses to Bankruptcy Rule 2004 subpoena).) LBHI plainly did not rely on an exception to the Temporary Litigation Injunction because the Claims Hearing Procedures were not applicable. And LBHI's February 13, 2017 letter to Your Honor expressly sought "a status conference to discuss a motion the Plan Administrator would like to make concerning SRM's ISDA claim, which was not a subject of the Objection" (LBHI Feb. 13 Ltr. 1), so the Claims Hearing Procedures again were inapplicable.

The Honorable Shelley C. Chapman  
October 4, 2017  
Page 4

**Weil, Gotshal & Manges LLP**

and does not coordinate with LBIE to reconcile claims. SRM should seek documents from LBIE, not LBHI, relating to SRM's claims against LBIE in its administration ▮▮▮▮▮▮ in the first instance. Similarly, SRM should seek from LBIE in the first instance documents concerning LBIE's handling of SRM's assets after LBIE's entry into administration or LBIE's pre-administration solicitation of SRM's business. As for discovery relating to purported general guarantees, if LBHI is correct as asserted in the Objection—that SRM expressly waived any such reliance—the discovery sought would be completely irrelevant. And while the Court did make an inquiry at the Sufficiency Hearing concerning the reserve allocation (SRM Ltr. 3), there is no dispute before the Court involving the adequacy of such reserves, which are made in accordance with the Court's prior orders. The Plan Administrator regularly publishes statements providing public information on its reserves; SRM is not entitled to additional, non-public information regarding the reserves.

For all of these reasons, LBHI requests that the Court deny SRM permission to take discovery of LBHI pending the Court's ruling on the Objection.

Respectfully submitted,

*/s/ Richard L. Levine*

Richard L. Levine

cc:   Gregory M. Starner, Esq. (White & Case LLP) (via email)  
      Garrett A. Fail, Esq. (Weil, Gotshal & Manges LLP) (via email)