B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

**Morgan Stanley & Co. LLC**
Name of Transferee

1585 Broadway, 2nd Floor
New York, New York 10036
Attn: John Ragusa
Telephone Number: (212) 761-2991
John.Ragusa@morganstanley.com

**Serengeti Opportunities MM L.P.**
Name of Transferor

Court Claim # (if known):
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1

Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. LLC**

By: _____     Date: 9/12/17
Transferee/Transferee's Agent
**Rich VanderMass**
**Authorized Signatory**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Serengeti Opportunities MM L.P.** (the "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim No. specified in Schedule 1 filed by or on behalf of Seller or a predecessor-in-interest (collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed on or after August 24, 2017 (the "Trade Date") with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (the "Purchased Securities") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates that will result in Purchaser receiving in respect of a Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claims; (g) Seller, or an entity advised or managed by Serengeti Asset Management LP that is a predecessor-in-interest (such fund an "Affiliated Fund") received the distributions made in respect of the Transferred Claims in the amounts specified on Schedule 2 (such distributions, the "LBHI Distributions"); (h) Seller or an Affiliated Fund received the distributions made in respect of the Purchased Securities in the amounts set forth on Schedule 3 (such distributions, the "LBT Distributions", and together with the LBHI Distributions, the "Distributions"); and (i) other than the Distributions, neither Seller nor any Affiliated Fund has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims or Purchased Securities.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller

transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller received after the Trade Date, other than the distribution expected to be in the amount of $214.09 in respect of the distributions on or about April 6, 2017, which was not paid to Seller due to the Debtor's minimum distribution amount threshold). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(signature page follows)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of September, 2017.

**Morgan Stanley & Co. LLC**

By: _____
Name:
Title: **Rich VanderMass**
**Authorized Signatory**
1585 Broadway, 2nd Floor
New York, New York 10036
Attn: John Ragusa
Telephone Number: (212) 761-2991
John.Ragusa@morganstanley.com

**Serengeti Opportunities MM L.P.**
By: Serengeti Asset Management LP,
as the Investment Advisor

By: _____
Name:
Title: Marc Baum
Director
c/o Serengeti Asset Management LP
632 Broadway, 12th Floor
New York, NY 10012
Attn: Jim Johnston
Tel: 212.672.2250
sam.tradeclaims@serengeti-am.com

**Schedule 1**

Transferred Claim

Purchased Claim: As set forth below.

Lehman Programs Securities to which Transfer Relates

| ISIN | Issuer | Guarantor | Principal / Notional Amount | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|
| XS0250416582 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 25,000 | USD | 56717 | 25,000 |

Schedule 2

## LBHI Distributions

| ISIN | XS0250416582 |
|---|---|
| POC# | 56717 |
| Allowed Amount | $25,000.00 |
| 17-Apr-12 | $902.31 |
| 1-Oct-12 | $608.89 |
| 4-Apr-13 | $769.08 |
| 3-Oct-13 | $911.83 |
| 3-Apr-14 | $990.46 |
| 2-Oct-14 | $743.34 |
| 2-Apr-15 | $507.28 |
| 1-Oct-15 | $386.92 |
| 31-Mar-16 | N/A |
| 16-Jun-16 | $267.25 |
| 6-Oct-16 | $281.09 |
| 6-Apr-17 | N/A |

Schedule 3

**LBT Distributions**

| ISIN | XS0250416582 |
|---|---|
| ISIN CCY | USD |
| Principal / Notional Amount | 25,000.00 |
| 8-May-13 | $2,795.56 |
| 28-Oct-13 | $1,137.68 |
| 28-Apr-14 | $1,231.80 |
| 27-Oct-14 | $943.40 |
| 28-Apr-15 | $635.04 |
| 29-Oct-15 | $488.58 |
| 28-Apr-16 | $136.50 |
| 14-Jul-16 | $199.69 |
| 29-Nov-16 | $352.48 |
| 4-May-17 | $267.59 |