*The request for discovery conference is denied. The parties are directed to appear for a status conference before the Court on October 23, 2017 at 2:00pm.*

*Dated: New York, NY*
*October 10, 2017*

/s/ Shelley C. Chapman
_____
USBJ

**WHITE & CASE**

September 15, 2017

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Honorable Shelley C. Chapman
United States Bankruptcy Judge, Southern District of New York
One Bowling Green, Rm. 623
New York, NY 10004-1408
scc.chambers@nysb.uscourts.gov

Re: In re Lehman Brothers Holdings Inc., Case No. 08-13555 (SCC); Claim Number 29606 (SRM)

Dear Judge Chapman:

We submit this letter on behalf of SRM Global Master Fund Limited Partnership ("SRM") in connection with the above-referenced claim (the "Claim").[1]

As the Court may recall, after extensive briefing and a hearing on July 28, 2016 regarding LBHI's objection [ECF No. 53215] (the "Objection") to SRM's Claim, the parties were directed to mediation and the parties engaged the Honorable Joseph J. Farnan to mediate their dispute on February 1, 2017. Unfortunately, the mediation was unsuccessful.

SRM subsequently wrote to the Court on February 2, 2017 to request that the Court schedule a conference to discuss the status of the Objection to SRM's Claim and any open issues from the July 28, 2016 sufficiency hearing (the "Sufficiency Hearing"). [ECF No. 54691] SRM remains ready to offer the Court any further information or briefing the Court may deem necessary or helpful in ruling on the Objection.

In the interim, SRM has made efforts to advance this matter and now seeks permission from the Court to take further steps to move this matter forward.

As the Court may recall, LBHI sought Rule 2004 discovery from SRM, and SRM produced a large amount of discovery regarding the Claim. During the course of this one-sided discovery, LBHI raised issue with SRM's refusal to produce certain "without prejudice" communications between SRM and LBIE ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (the "Without Prejudice Discovery"). The letter submitted by LBHI to this Court on February 13, 2017 requested, among other things, a conference to discuss the production of the Without Prejudice Discovery. SRM believes LBHI's position regarding the Without Prejudice Discovery is without merit, as "without prejudice" settlement communications are subject to confidentiality

---

[1] SRM has redacted portions of the public version of this letter, as required by certain confidentiality restrictions. An unredacted version has been submitted to the Court's chambers.

Americas 93406605

**WHITE & CASE**

September 15, 2017

restrictions under UK law ███████████████
██████████ Nonetheless, to avoid burdening the Court with a discovery dispute, SRM produced the previously withheld "without prejudice" documents to LBHI on March 30, 2017. Thus, at this point SRM has completed its production of relevant documents to LBHI.

SRM now seeks leave from this Court to obtain certain reciprocal, limited discovery from LBHI. This Court enjoys "broad authority to oversee the sequence and manner of discovery." *Breeden v. Arkin, Schaffer & Supino (In re Bennett Funding Grp., Inc.)*, No. 96-61376, 2000 Bankr. LEXIS 1563, at *16 (U.S. Bankr. N.D.N.Y. Oct. 30, 2000). While the Claims Hearing Procedures [ECF No. 8474] generally provide that discovery concerning claims against LBHI will be stayed pending resolution of an objection to a proof of claim, SRM respectfully submits that a limited exception is warranted here to allow the narrowly tailored discovery outlined below.

*First*, much of the limited discovery SRM seeks is related to SRM's claims against LBIE, which is not barred by the Claims Hearing Procedures. The Claims Hearing Procedures provide that the temporary stay of discovery following an objection to a proof of claim "shall not apply to any Claimant with respect to the investigation, prosecution, or defense of its claims or rights as against Lehman Brothers Inc., any other identity affiliated with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a foreign jurisdiction, or any entity not affiliated with the Debtors." [ECF No. 8474 at ¶ 8] In its objection to SRM's claim, LBHI has, among other things, disputed the amount and validity of SRM's underlying claims against LBIE, and SRM should be permitted to obtain discovery to refute LBHI's arguments. Further, LBHI has also sought and obtained discovery from SRM concerning SRM's claims against LBIE – the Without Prejudice Discovery – long after filing the Objection. Accordingly, LBHI has put at issue SRM's claims against LBIE, and availed itself of this exception to the Claims Hearing Procedures discovery stay. SRM respectfully requests that this Court allow such discovery, as outlined in topic nos. 1-4 below.[2]

*Second*, the temporary stay of discovery contemplated by the Claims Hearing Procedures was intended to streamline the claims objection process at a time when LBHI was faced with over one hundred thousand claims. At this point, LBHI is at a much different stage with the majority of claims having been resolved. Indeed, we understand that SRM's Claim is one of only a few remaining active litigation matters in these proceedings. Accordingly, permitting the narrowly tailored discovery contemplated below will not unduly tax LBHI or open the floodgates of discovery on other claims. Indeed, SRM only seeks leave to obtain limited discovery of LBHI on two narrow topics: LBHI's guarantees and the reserves allotted for SRM's claim. Both topics involve issues exclusively in LBHI's control, and SRM has not yet been successful in ascertaining LBHI's position on these issues. LBHI has thus far refused to even address the threshold question of the guarantees' enforceability as it litigates guarantee claims before this Court. Guarantee claimants such as SRM should not be forced to litigate their guarantee claims piecemeal as the Debtors duck whether they can, or will, dispute the guarantees' enforceability.

---

[2] While SRM believes that this LBIE-related discovery is presently permissible under the Claims Hearing Procedures, SRM nonetheless requests this Court's permission to proceed with such discovery.

2

**WHITE & CASE**

September 15, 2017

In the interests of streamlining this dispute and economizing both parties' (and the Court's) resources, SRM should be permitted discovery regarding the guarantees now in order to litigate all aspects of its Claim. As for the reserve allocation, SRM has repeatedly requested this information and been rebuffed (notwithstanding this Court also raising the issue at the Sufficiency Hearing), and now requests this Court's assistance to obtain such information through discovery.

*Third*, allowing SRM to obtain the proposed limited discovery from LBHI will serve the interests of efficiency and advance this matter while this Court is otherwise occupied with LBHI's litigation docket. For the reasons set forth in SRM's written submissions and at the Sufficiency Hearing, SRM believes the Claim must be allowed to go forward. The Court also indicated during the hearing that at least some aspects of the Claim would likely be permitted to proceed to discovery. Accordingly, there is a reasonable likelihood that at least some of the Claim will be permitted to proceed and SRM will be entitled to obtain discovery from LBHI. Given the passage of time since the Objection was filed and the parties' mutual interest in advancing this matter towards a resolution, allowing SRM to obtain limited discovery will help to move this case forward and put the parties in a better position to either pursue a negotiated resolution or proceed to an evidentiary hearing on the merits of SRM's Claim.

*Fourth*, SRM's ISDA claim (as defined in ¶ 26 of SRM's Response to LBHI's Objection [ECF No. 53250]) is not a subject of the Objection pending before the Court. Accordingly, at a minimum, SRM should be permitted to seek discovery from LBHI regarding the ISDA claim (including the enforceability of the guarantees). Notably, LBHI refuses to state its position with respect to SRM's ISDA claim and has ignored SRM's repeated requests to confirm the allowable amount of such claim, further weighing in favor of allowing SRM to obtain tailored discovery from LBHI regarding the validity of the ISDA claim and the allowable amount of such claim.

\*\*\*

SRM proposes to seek limited and narrowly tailored discovery from LBHI, thus limiting the burden on LBHI and allowing for a streamlined discovery process. Specifically, SRM respectfully requests permission to obtain limited discovery from LBHI regarding the following topics:

1. Documents or communications between LBIE and LBHI regarding SRM's claims against LBIE, ████████████████;

2. Documents or communications regarding the Segregated Assets (as defined in SRM's Response to LBHI's Objection [ECF No. 53250]), including the disposition of SRM's collateral and assets (including the various securities) during the relevant period;

3. Documents or communications regarding the establishment of LBIE as a prime broker and efforts to solicit the business of SRM (and other similarly situated funds);

3

**WHITE & CASE**

September 15, 2017

4. Documents sufficient to show any transfers of SRM's collateral and assets among LBIE, LBHI, LBI, or any other affiliates of LBIE, LBHI, and LBI, during the relevant period;

5. Documents or communications regarding the scope and enforceability of the Global Guarantee and S&P Guarantee (as defined in SRM's Response to LBHI's Objection [ECF No. 53250]), including communications or documents regarding LBHI's guarantee of the obligations of its subsidiaries including LBIE; and

6. Documents sufficient to show the amount reserved for SRM's claims, including LBHI's method for calculating such reserve amount.

\*\*\*

We are available at the Court's convenience to answer any questions the Court may have.

Respectfully submitted,

/s/ *Gregory M. Starner*

Gregory M. Starner

cc: Richard L. Levine, Esq. (via email and ECF)
    Garrett A. Fail, Esq. (via email and ECF)