B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.,</u> Debtors.    Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>GOLDMAN SACHS & CO. LLC</u>    THE CANYON VALUE REALIZATION
Name of Transferee                 <u>MASTER FUND, L.P.</u>
                                   Name of Transferor

Name and Address where notices to transferee    Court Claim # (if known): <u>67903</u>
should be sent:                                  Amount of Claim Transferred: <u>As set forth on</u>
                                                         <u>Schedule 1 to the attached Agreement</u>
Goldman Sachs & Co. LLC                                  <u>and Evidence of Transfer of Claim</u>
30 Hudson Street, 4th                            Date Claim Filed: <u>Multiple</u>
Floor Jersey City, NJ 07302                      Debtor: <u>Lehman Brothers Holdings Inc.</u>
Contact: Thierry C. Le Jouan
Phone: 212-934-3921
Email: gsd.link@gs.com

Name and Address where transferee payments
should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: <u>October 11, 2017</u>
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

985353v.1 3091/00713

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, each seller (severally, but not jointly) as set forth on Schedule 1 attached hereto (each, "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to GOLDMAN, SACHS & CO. LLC ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof:  (a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number **67903** (the "Amended Proof of Claim") filed by or on behalf of The Reserve International Liquidity Fund Ltd. ("Original Creditor"), and which Amended Proof of Claim amended and superseded the originally filed claim number 17320 (the "Original Proof of Claim"), against Lehman Brothers Holdings, Inc. (the "Debtor" or "LBHI") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"); (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or  other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements under which Seller and each prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim (including, without limitation, the Agreement and Evidence of Transfer of Claim, dated as of May 7, 2012, by and between J.P. Morgan Securities LLC (as seller) and Seller (as buyer) and the "Predecessor Transfer Agreements" set forth as Exhibit A thereto);  (c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"); and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.  For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security described in Section 2 of the Original Proof of Claim and specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

2.      Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that:  (a) the Original Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof

- 7 -

and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Amended Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; (g) Seller has delivered to Purchaser true and correct copies of distribution notices relating to the eighth distribution on or about October 1, 2015, the ninth distribution on or about March 31, 2016, the tenth distribution on or about June 16, 2016, the eleventh distribution on or around October 6, 2016, the twelfth distribution on or around April 6, 2017 and the thirteenth distribution on or around October 5, 2017 (which have not been supplemented, amended or revised) that set forth the distributions paid by the Debtor to Seller on account of the Transferred Claims; (h) Seller or its predecessor in interest has received the distributions paid by the Debtor in respect of the Transferred Claims (collectively, the "LBHI Distributions") reflected in Schedule 2 attached hereto; and (i) other than the LBHI Distributions, Seller and Sellers' predecessors in interest have not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments distributions or proceeds received by Seller after the date of this Agreement in respect of the Transferred Claims to Purchaser. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claims. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security. For the avoidance of doubt, all LBHI Distributions reflected in Schedule 2 attached hereto have been paid in respect of the Purchased Claim and are being retained by Seller and are not being transferred to the Purchaser, and are expressly excluded from the Transferred Claims.

- 8 -

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Amended Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.      For the avoidance of doubt, each Seller and Purchaser acknowledge and understand that each Seller is executing this agreement solely in its individual capacity with respect to its Purchased Claim, and that all obligations and/or liabilities of each Seller hereunder with are enforceable solely against such Seller and such Seller's assets (severally, and not joint and severable). The agreements made by each Seller hereunder and all obligations and liabilities of each Seller shall be several (and not joint and several) in accordance with each Seller's respective Purchased Claim.

[Remainder of page intentionally blank.]

- 9 -

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of October 2017.


**PURCHASER:**

**GOLDMAN, SACHS & CO. LLC**


By:_____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Thierry C. Le Jouan
Email: gsd.link@gs.com
Tel: (212)934-3921


**SELLERS, severally (and not jointly):**

**CANYON-BLUE CREDIT INVESTMENT FUND L.P.**
**MANAGED FUND / CANYON VALUE REALIZATION FUND LIMITED**
**CANYON BALANCED MASTER FUND, LTD.**
**CANYON VALUE REALIZATION MAC 18 LTD.**
**THE CANYON VALUE REALIZATION MASTER FUND, L.P.**
**CANYON VALUE REALIZATION FUND, L.P.**
in each case, by: Canyon Capital Advisors LLC, each Seller's Investment Advisor

By:_____
Name: Jonathan M. Kaplan
Title: Authorized Signatory

985353v.1 3091/00713

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of October 2017.

**PURCHASER:**

**GOLDMAN, SACHS & CO. LLC**

By: _____
Name:  Adam Saverese
Title:  Managing Director

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn:  Thierry C. Le Jouan
Email: gsd.link@gs.com
Tel: (212)934-3921

**SELLERS, severally (and not jointly):**

**CANYON-BLUE CREDIT INVESTMENT FUND L.P.**
**MANAGED FUND / CANYON VALUE REALIZATION FUND LIMITED**
**CANYON BALANCED MASTER FUND, LTD.**
**CANYON VALUE REALIZATION MAC 18 LTD.**
**THE CANYON VALUE REALIZATION MASTER FUND, L.P.**
**CANYON VALUE REALIZATION FUND, L.P.**
in each case, by: Canyon Capital Advisors LLC, each Seller's Investment Advisor

By: _____
Name:
Title:

985353v.1 3091/00713

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim consists of the Allowed Amounts in U.S. Dollars of the Securities under the Proofs of Claim set forth below.

Description of the Purchased Security:

|  | Seller | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal / Notional Amount | Amended Proof of Claim # | Allowed Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 1. | Canyon Blue Credit Investment Fund L.P. | Commercial Paper | 52525MKA5 | LBHI | N/A | 20,000.00 | 67903 | $19,958.33 |
| 2. | Canyon Blue Credit Investment Fund L.P. | Commercial Paper | 52525MKV9 | LBHI | N/A | 50,000.00 | 67903 | $49,773.28 |
| 3. | Managed Fund/Canyon Value Realization Fund Limited | Commercial Paper | 52525MKA5 | LBHI | N/A | 523,571.00 | 67903 | $522,480.24 |
| 4. | Managed Fund/Canyon Value Realization Fund Limited | Commercial Paper | 52525MKV9 | LBHI | N/A | 261,787.00 | 67903 | $260,599.94 |
| 5. | Canyon Balanced Master Fund, Ltd. | Commercial Paper | 52525MKA5 | LBHI | N/A | 910,000.00 | 67903 | $908,104.19 |
| 6. | Canyon Balanced Master Fund, Ltd. | Commercial Paper | 52525MKV9 | LBHI | N/A | 2,245,000.00 | 67903 | $2,234,820.18 |
| 7. | Canyon Value Realization MAC 18 Ltd. | Commercial Paper | 52525MKA5 | LBHI | N/A | 15,000.00 | 67903 | $14,968.75 |
| 8. | Canyon Value Realization MAC 18 Ltd. | Commercial Paper | 52525MKV9 | LBHI | N/A | 40,000.00 | 67903 | $39,818.62 |
| 9. | The Canyon Value Realization Master Fund, L.P. | Commercial Paper | 52525MKA5 | LBHI | N/A | 2,521,429.00 | 67903 | $2,516,176.09 |
| 10. | The Canyon Value Realization Master Fund, L.P. | Commercial Paper | 52525MKV9 | LBHI | N/A | 1,643,213.00 | 67903 | $1,635,761.95 |
| 11. | Canyon Value Realization Fund, L.P. | Commercial Paper | 52525MKA5 | LBHI | N/A | 1,010,000.00 | 67903 | $1,007,895.86 |
| 12. | Canyon Value Realization Fund, L.P. | Commercial Paper | 52525MKV9 | LBHI | N/A | 760,000.00 | 67903 | $756,553.82 |

Schedule 1–1

Schedule 2

LBHI Distributions

| Seller | Allowed Claim Amount | First Distribution (USD) April 17, 2012 | Second Distribution (USD) October 1, 2012 | Third Distribution (USD) April 4, 2013 | Fourth Distribution (USD) October 3, 2013 | Fifth Distribution (USD) April 3, 2014 | Sixth Distribution (USD) October 2, 2014 | Seventh Distribution (USD) April 2, 2015 |
|---|---|---|---|---|---|---|---|---|
| Canyon-Blue Credit Investment Fund L.P. | $69,731.61 | $4,200.51 | $2,659.98 | $3,467.93 | $4,003.36 | $4,443.03 | $3,229.50 | $2,219.30 |
| Managed Fund / Canyon Value Realization Fund Limited | $783,080.18 | $47,171.36 | $29,871.31 | $38,944.60 | $44,957.35 | $49,894.89 | $36,266.98 | $24,922.57 |
| Canyon Balanced Master Fund, Ltd. | $3,142,924.37 | $189,324.17 | $119,889.74 | $156,305.74 | $180,438.15 | $200,255.17 | $145,559.01 | $100,027.75 |
| Canyon Value Realization MAC 18 Ltd. | $54,787.37 | $3,300.29 | $2,089.91 | $2,724.72 | $3,145.39 | $3,490.84 | $2,537.38 | $1,743.68 |
| The Canyon Value Realization Master Fund, L.P. | $4,151,938.04 | $250,105.36 | $158,379.50 | $206,486.59 | $238,366.54 | $264,545.67 | $192,289.70 | $132,140.95 |
| Canyon Value Realization Fund, L.P. | $1,764,449.68 | $106,287.31 | $67,306.56 | $87,750.63 | $101,298.66 | $112,424.01 | $81,717.38 | $56,155.96 |

| Seller | Allowed Claim Amount | Seventh Distribution (USD) April 2, 2015 | Eighth Distribution (USD) October 1, 2015 | Ninth Distribution (USD) March 31, 2016 | Tenth Distribution (USD) June 16, 2016 | Eleventh Distribution (USD) October 6, 2016 | Twelfth Distribution (USD) April 6, 2017 | Thirteenth Distribution (USD) October 5, 2017 |
|---|---|---|---|---|---|---|---|---|
| Canyon-Blue Credit Investment Fund L.P. | $69,731.61 | $2,219.30 | $1,660.77 | $474.01 | $694.87 | $1,177.32 | $910.05 | $614.60 |
| Managed Fund / Canyon Value Realization Fund Limited | $783,080.18 | $24,922.57 | $18,650.35 | $5,323.07 | $7,803.30 | $13,221.24 | $10,219.84 | $6,901.96 |
| Canyon Balanced Master Fund, Ltd. | $3,142,924.37 | $100,027.75 | $74,853.93 | $21,364.34 | $31,318.86 | $53,064.00 | $41,017.74 | $27,701.30 |
| Canyon Value Realization MAC 18 Ltd. | $54,787.37 | $1,743.68 | $1,304.85 | $372.42 | $545.95 | $925.01 | $715.02 | $482.89 |
| The Canyon Value Realization Master Fund, L.P. | $4,151,938.04 | $132,140.95 | $98,885.26 | $28,223.21 | $41,373.56 | $70,099.83 | $54,186.20 | $36,594.60 |
| Canyon Value Realization Fund, L.P. | $1,764,449.68 | $56,155.96 | $42,023.28 | $11,994.02 | $17,582.53 | $29,790.33 | $23,027.52 | $15,551.61 |