CHAPMAN AND CUTLER LLP
Franklin H. Top III (*admitted pro hac vice*)
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts ("US Bank")*

SEWARD & KISSEL LLP
M. William Munno
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1587
*Counsel for TMI, successor to Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts ("TMI"*

ALSTON & BIRD LLP
John C. Weitnauer (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7780
*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Residential Mortgage-Backed Securities Trusts ("WTC")*

NIXON PEABODY LLP
Dennis J. Drebsky
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3085
*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts ("DB")*

HOLWELL SHUSTER & GOLDBERG LLP
Michael S. Shuster
750 Seventh Avenue, 26th Floor
New York, New York 10019
(646) 837-5153
*Special Litigation Counsel for US Bank, TMI, WTC and DB*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS INC., *et al.,* <br><br> Debtors | Case No. 08-13555 (SCC) <br><br> Re: Doc. No. 56324 |

**LIMITED OBJECTION OF RMBS TRUSTEES TO "MOTION OF PLAN ADMINISTRATOR FOR AN ORDER IN AID OF EXECUTION OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS"**

1

The RMBS Trustees[1] respectfully submit this limited objection to the *Motion of Plan Administrator for an Order in aid of Execution of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (ECF No. 56324) (the "**Motion**").

1. In the Motion, Lehman Brothers Holdings Inc. ("**LBHI**" and the "**Plan Administrator**"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, ECF No. 34348 (the "**Plan**"), requests authority to:

> **establish December 7, 2017 as a Distribution Date** to distribute more than $1.7 billion to the Debtors' creditors nearly four months in advance of the next scheduled, semi-annual Distribution Date, if the Settlement described in the Citi Settlement Motion (each as defined below) is approved by the Court and becomes effective. The Plan Administrator further requests authority to **establish October 15, 2017 as the Record Date** for such Distribution.

Motion ¶ 1 (emphasis in original).

2. Currently, the RMBS Trustees are the holders of claims that are Disputed (as that term is defined in the Plan), but by virtue of (i) this Court's *Order Approving RMBS Settlement Agreement and Including Certain Proposed Findings of Fact and Conclusions of Law*, Docket 55706 (the "**Approval Order**"), (ii) the **RMBS Settlement Agreement**[2] entered into by the RMBS Trustees on behalf of certain RMBS Trusts and the Plan Administrator, and (iii) the

---

[1] The "**RMBS Trustees**" are U.S. Bank National Association, TMI Trust Company, as successor to Law Debenture Trust Company of New York, Wilmington Trust Company and Wilmington Trust, National Association, and Deutsche Bank National Trust Company, each solely in its capacity as trustee or separate trustee for certain residential mortgage-backed securities trusts.

[2] The "**RMBS Settlement Agreement"** is attached as Exhibit B to *Motion of Lehman Brothers Holdings Inc. Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C § 105(a) for Entry of Order (A) Approving RMBS Settlement Agreement, (B) Making Certain Required Findings Regarding Decision Of RMBS Trustees And LBHI Debtors to Enter Into RMBS Settlement Agreement, (C) Scheduling Estimation Proceeding to Determine RMBS Claims and Approving Related Procedures Regarding Conduct of Hearing, and (D) Granting Related Relief*, ECF No. 55232 (the "**9019 Motion**").

2

**Estimation Proceeding**[3] that will begin on October 30, 2017 (and is currently scheduled to conclude on December 11, 2017), the claims of the **Participating Trusts**[4] will soon become Allowed Claims (as that term is used in the Plan).

    3. The Plan provides that:

> On the date of the first Distribution that is at least forty-five (45) days (or such fewer days as may be agreed between the applicable Debtor and the holder of the applicable Disputed Claim) after the date on which a Disputed Claim becomes an Allowed Claim against a Debtor, such Debtor shall remit to the holder of such Allowed Claim Available Cash equal to the amount that would have been distributed from the Effective Date through and including the date of such Distribution on account of such Allowed Claim had such Claim been Allowed as of the Effective Date, together with any interest earned on the lesser of (i) such amount and (ii) the amount retained with respect to such Claim pursuant to this provision, in each case, but only to the extent that such interest is attributable to the amount of the Allowed Claim; *provided*, that (x) such amount shall be paid first out of the Available Cash retained on account of such Allowed Claim and second out of Available Cash other than Available Cash retained on account of other Disputed Claims and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holder pursuant to this sentence, such holder shall receive the amount of such insufficiency on the next subsequent date(s) of Distribution before the holders of any other Claims against such Debtor receive any further Distributions out of Available Cash (other than Available Cash retained on account of other Disputed Claims) from such Debtor.

Plan § 8.4 (the "**Catch-Up Provision**").

    4. The inevitable result of the Motion, if granted without modification, will be an immediate reduction of Available Cash in the amount of $1.743 billion that would otherwise be available for distribution on the (soon to be) Allowed Claims of the Participating Trusts to the

---

[3] The "**Estimation Proceeding**" is defined at paragraph 32 of the 9019 Motion.

[4] Under the RMBS Settlement Agreement, a **Participating Trust** is "any Accepting Trust that is not an Excluded Trust." An **Excluded Trust** is any Trust that is not an Accepting Trust (as that term is defined in the RMBS Settlement Agreement), any Accepting Trust not included within Final Court Approval, or any Accepting Trust not included within the Estimation and Estimation Proceeding (whether because it has become a Terminated Trust or for any other reason). See RMBS Settlement Agreement at § 3.02. Because some Trusts became Excluded Trusts, the "$2.416 billion will be reduced by an amount equal to $2.416 billion multiplied by the sum of the Initial Allocated Percentages (as defined in Section 3.04 below) of the Excluded Trusts)." *Id*.

extent required for the Plan Administrator to comply with the Catch-Up Provision. Given the large size of the claims of the Participating Trusts – claims that the Plan Administrator is asking this court to have allowed at approximately $2.38 billion, *Lehman Brothers Holdings Inc.'s Pretrial Brief and Summary of Evidence in Support of Estimation of the Remaining Covered Loan Claims at $2.38 Billion,* ECF No. 56842, and that the RMBS Trusts will be seeking to have allowed at $11.4 billion, RMBS Trustees Pre-Trial Brief, ECF No. 56843,[5] the RMBS Trustees believe that an early distribution of $1.743 billion of Available Cash will unfairly delay the ability of the Participating Trusts to be "caught up" as the Plan contemplates.

5. For the foregoing reasons, the RMBS Trustees ask this Court (i) to establish the Record Date for any distribution of the $1.743 billion that is not part of the usual semi-annual distribution dates (within five business days of March 30 and September 30, (Plan § 8.3) as the day *after* the date that this Court enters an order in which it estimates the Allowed Claims of the Participating Trusts as provided by the RMBS Settlement Agreement and the Approval Order, and (ii) to establish the Distribution Date on the date that is one week later.

DATED: October 20, 2017

Respectfully Submitted,

**U.S. BANK NATIONAL ASSOCIATION**, solely in its capacity as Indenture Trustee for certain Mortgage-Backed Securities Trusts

By:   /s/ Franklin H. Top III

**ONE OF ITS ATTORNEYS**

---

[5] See n. 4. As stated in the Approval Order:

> In sum, the Plan Administrator has determined to seek to have this Court estimate and allow the Covered Loan Claims at $2.416 billion, rather than at some lesser amount that the Plan Administrator believes it may be able to achieve (*Id.* at ¶ 25), but subject to the Accepting Trustees' right to seek a higher amount, because the Plan Administrator believes this is a fair resolution after taking into account all of the foregoing. This Court agrees.

Approval Order at ¶ 13.

**TMI TRUST COMPANY**, as successor to Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for certain Mortgage-Backed Securities Trusts

**By:** /s/ M. William Munno
  **ONE OF ITS ATTORNEYS**

**WILMINGTON TRUST COMPANY AND WILMINGTON TRUST, NATIONAL ASSOCIATION,** each solely in its capacity as Trustee for certain Mortgage-Backed Securities Trusts

**By:** /s/ John C. Weitnauer
  **ONE OF ITS ATTORNEYS**

**DEUTSCHE BANK NATIONAL TRUST COMPANY**, solely in its capacity as Trustee for certain Mortgage-Backed Securities Trusts

**By:** Dennis J. Drebsky
  **ONE OF ITS ATTORNEYS**

**HOLWELL SHUSTER & GOLDBERG LLP**

By: Michael S. Shuster
750 Seventh Avenue, 26th Floor
New York, New York 10019
(646) 837-5153

*Special Litigation Counsel for US Bank, TMI, WTC and DB.*

5

## CERTIFICATE OF SERVICE

I hereby certify, that on October 20, 2017, a true and correct of the foregoing pleading was served on Garret A. Fail of Wei, Gotshal & Manges LLP at 767 Fifth Avenue, New York, New York 10153 via email and overnight mail.

**:**/s/ John C. Weitnauer
John C. Weitnauer