# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Michael S. Shuster*
*646-837-5153*
*mshuster@hsgllp.com*

October 23, 2017

**VIA EMAIL AND ECF**

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10014

Re:   In re Lehman Brothers Holdings Inc., et al., Ch. 11 Case No. 08-13555 (SCC)

Dear Judge Chapman:

      We write on behalf of the RMBS Trustees to respectfully request leave to file a short reply memorandum of law addressing new and incorrect legal arguments raised for the first time by the Plan Administrator ("PA") in its pretrial brief. Under uniform federal and state case law, the repurchase protocol in the Governing Agreements does not require that the Trustees prove "loss causation" to recover for breaches of representations and warranties. For the first time, the PA now tries to impose a "loss causation" requirement by other means, arguing that because the Governing Agreements are "executory" and have been rejected, their terms no longer apply and therefore the elements of the Trustees' prepetition cause of action for breach are retroactively revised, supposedly opening the door to importing a "loss causation" requirement under New York common law.

      But as the Trustees would address in a responsive memorandum, whether the contracts are executory is beside the point because rejection has no effect on the standards governing the Trustees' claims. As the Second Circuit holds, rejection of an executory contract does not alter its terms or change the elements of the cause of action; the parties have the same substantive rights before and after rejection: "Rejection merely frees the estate from the obligation to perform; it does not make the contract disappear. . . . The debtor's obligations are unaffected . . . ." *In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997) (quotation marks omitted). Even if an agreement is executory, rejection "does not retroactively invalidate its provisions" and "would not affect the enforceability of [its] terms". *In re Lehman Bros. Inc.*, No. 08-01420 (SCC) SIPA, 2017 WL 2992496, at *8 (Bankr. S.D.N.Y. July 13, 2017) (Chapman, J.). Accordingly, the PA is bound by the terms of the Governing Agreements and the New York cases that have conclusively determined the meaning of those terms. *See* Trustees' Pretrial Br. at 35–41, 44.

      The Trustees are mindful that Exhibit G to the Settlement Agreement does not provide for responsive briefing on legal issues; however, they feel dutybound to respond to the PA's new (and incorrect) arguments. The Trustees seek leave to submit their proposed memorandum of no more than six pages by tomorrow at 10:00 a.m.

Respectfully Submitted,

*/s/ Michael S. Shuster*

Michael S. Shuster

cc:    All counsel (via email)