UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (SCC)
                                                                   :
                              Debtors.                             :    (Jointly Administered)
------------------------------------------------------------------x

# DECLARATION OF RICHARD KATZ IN SUPPORT OF MOTION OF THE PLAN ADMINISTRATOR FOR AN ORDER IN AID OF EXECUTION OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

I, Richard Katz, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 years and make these statements of my own personal knowledge, based on my review of the business records of Lehman Brothers Holdings Inc. ("LBHI") and my consultation with employees and advisors of LBHI and its affiliates. If called to testify, I could testify to the truth of the factual matters set forth herein.

2. I am a Managing Director of LBHI, which maintains its headquarters at 277 Park Avenue, 46th Floor, New York, New York 10172. I have been working for LBHI, as either a consultant or employee, since May 2012. I reside in San Francisco, California.

3. Since joining LBHI in May 2012, I have assisted the Chapter 11 Estates in various activities including, by way of example, (a) the valuation, liquidation and/or restructuring of a multi-billion dollar portfolio of corporate loans and securities and residential mortgage loans and securities, (b) unwinding the Chapter 11 Estates' claims against other Lehman entities (such as Lehman Brothers Inc.), and (c) valuing and negotiating certain derivatives-related claims.

4. I submit this declaration in support of the *Motion of the Plan Administrator for an Order in Aid of Execution of the Modified Third Amended Joint Chapter 11*

*Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Motion"), filed concurrently herewith. By the Motion, LBHI, as Plan Administrator (the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"),[1] requests authority to cause LBHI to issue preferred stock so that such stock is available to substitute for equity securities (the "ECAPS") previously issued by five non-debtor partnerships. The relief requested will enable LBHI's creditors to realize the value of those five partnerships to which they are contractually entitled. It will ensure that both LBHI and the holders of the ECAPS remain in the economic positions and recover in the priorities to which they contractually agreed prepetition, preventing a windfall to third parties at the expense of creditors of LBHI.

## The Partnerships and the ECAPS

5. Issuance of the ECAPS was a cost-effective means of raising funds that qualified as capital for regulatory purposes.

6. On March 22, 2005, LBHI and a number of parties entered into a Limited Partnership Agreement ("LB UK I Agreement") establishing Lehman Brothers UK Capital Funding LP ("LB UK I"), a limited partnership organized under the Limited Partnerships Act 1907 of England. On August 25, 2005, February 17, 2006, January 3 and May 10, 2007, respectively, LBHI and a number of other parties entered into agreements substantially similar to the LB UK I Agreement, establishing Lehman Brothers UK Capital Funding II LP ("LB UK II"), Lehman Brothers UK Capital Funding III LP ("LB UK III"), Lehman Brothers UK Capital Funding IV LP ("LB UK IV"), and Lehman Brothers UK Capital Funding V LP ("LB UK V"; each of the foregoing and LB UK I, a "Partnership"; each such agreement, a "Partnership

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

Agreement"). An LBHI affiliate, LB GP No. 1 Ltd. (the "GP"), was the general partner of each Partnership. Another LBHI affiliate, LB Investment Holdings Ltd., was the "Preferential Limited Partner" of each Partnership.

7.      The Partnerships were created to increase regulatory capital for LBHI and for Lehman Brothers Holdings plc ("LBH PLC"), another one of LBHI's Non-Controlled Affiliates, by purchasing LBHI's or LBH PLC's subordinated debt (which debt was treated in a similar way to preferred equity for such purposes). LBHI and LBH PLC raised funds through the Partnerships by way of back-to-back subordinated arrangements. Specifically, pursuant to each Partnership Agreement, investors entered into a subscription agreement for the issuance of equity interests in such Partnership known as ECAPS: Enhanced Capital Advantaged Preferred Securities. LB UK I, LB UK II, and LB UK III used the proceeds of their issuances of ECAPS to purchase subordinated debt issued by LBH PLC. LB UK IV and LB UK V used the proceeds of their ECAPS issuances to purchase subordinated debt issued by LBHI. (The subordinated debt issued by LBH PLC and LBHI is collectively referred to herein as the "Subordinated Notes.")[2] The value of the ECAPS was broadly equal to the value of the applicable Partnership Assets less the costs associated with administering the applicable Partnership and any distribution rights of certain other partners.

8.      Certain obligations under the Partnership Agreements of LB UK I, LB UK II, and LB UK III were guaranteed by LBH PLC. Certain obligations under the Partnership Agreements of LB UK IV and LB UK V were guaranteed by LBHI. In each case, the priority of the guaranteed obligations was subordinated.

---

[2] LB UK III, LB UK IV, and LB UK V also invested in certain liquidity funds, aggregating $26 million and €22 million, although it remains uncertain whether these funds are the rightful property of the Partnerships. The Subordinated Notes and any rightful interest in such funds constitute the "Partnership Assets."

9. Thus, ECAPS investments in the Partnerships were, in substance, indirect, subordinated investments in LBHI or LBH PLC, as applicable. As discussed below and as was made clear in the prospectus for each Partnership's ECAPS, certain events triggered the substitution of LBHI preferred stock for ECAPS.

10. After the Commencement Date, on June 22, 2010, the GP was dissolved. As a result, each Partnership was also dissolved. As of the dissolution of the GP in June 2010, LBHI believed that the Subordinated Notes had no value.

11. Starting on or about June 20, 2016, a holder of ECAPS issued by each Partnership took steps to reconstitute the Partnerships under English law. The holder of such ECAPS stated that it did so because it believes that the Partnership Assets now may have value.

12. The Plan Administrator now also believes that, depending on the resolution of certain matters in connection with the estates of LBHI's UK-based Non-Controlled Affiliates, the Partnership Assets now may have value.

13. The GP, the Partnerships, and, therefore, the Partnership Assets, currently are under the control of joint liquidators Bruce Mackay and Matthew Haw of RSM Restructuring Advisory LLP (the "Joint Liquidators").

14. The ECAPS Terms impose on the GP the obligation to substitute preferred stock in LBHI (the "Substituted Preferred Stock") for the ECAPS under certain circumstances.[3] The substitution provisions are substantially identical in each Partnership Agreement. (*See* ECAPS Terms § 5.1.)

---

[3] "Substituted Preferred Stock" is defined as "fully-paid non-cumulative preferred stock issued directly by LBHI bearing a right to dividends calculated in the same manner as the [ECAPS], having no voting rights (except as required by law) and being subject to optional redemption in the same manner as the [ECAPS]." (*See* § 1 of the Description of the Preferred Securities in each prospectus (the "ECAPS Terms").)

15. A "Trigger Event" occurs "if LBHI is placed into bankruptcy, reorganisation, conservatorship or receivership" or fails to meet certain capital-adequacy requirements. (*See* ECAPS Terms § 1.) Here, a Trigger Event occurred on the Commencement Date when "LBHI [wa]s placed into bankruptcy," thereby contractually permitting the Preferred Securities Substitution to occur. (*See* ECAPS Terms §§ 1, 5.1.)

**The Substituted Preferred Stock and the Proposed Substitution**

16. Prior to the Commencement Date and until the Effective Date, Section 4.1 of LBHI's corporate charter (the "Charter") authorized LBHI to issue blank-check preferred stock. As set forth in LBHI's prepetition filings with the Securities and Exchange Commission, and as of the Effective Date, more than 17,000,000 shares of LBHI preferred stock remained available for issuance. The Preferred Securities Substitution would require only a small fraction of the available shares.

17. LBHI did not take any steps to effect a Preferred Securities Substitution prior to the Effective Date. Had LBHI issued the Substituted Preferred Stock prior to the Effective Date, it would have been treated as LBHI Class 12 Equity Interests under the Plan.[4]

18. If authorized, LBHI intends to issue the Substituted Preferred Stock under the Charter and instruct that the GP deliver them to the holders of ECAPS, which will then no longer have any rights or interest in respect of the ECAPS. After its issuance, the Substituted Preferred Stock would be compromised pursuant to the Plan as if it had been issued on the Commencement Date for all purposes in these Chapter 11 Cases. Among other things, each

---

[4] The Plan Trust now holds the Plan Trust Stock "for the benefit of holders of such former LBHI Stock consistent with their former relative priority and economic entitlements." Under Section 7.4(a) of the Plan: "The sole purpose of the Plan Trust shall be to hold the Plan Trust Stock as provided in Section 4.17(b). . . . Any distribution from assets of LBHI that is made to the Plan Trust as holder of such [Plan Trust Stock] shall be for the benefit of the holders of Equity Interests in accordance with Section 4.17(b)."

ECAPS holder would be entitled to a portion of any residual value of the Plan Trust up to the value of the liquidation preference of such holder's Substituted Preferred Stock.  Upon the substitution, the net value of the Partnership Assets would ultimately inure to the creditors of LBHI through its ownership of the GP and certain non-Debtor intermediate subsidiaries that own the Preferential Limited Partner.  Treatment consistent with LBHI's preferred equity is exactly what the ECAPS holders bargained for when they invested in the ECAPS.  ECAPS holders were compensated for their investment risk that LBHI preferred stock would be substituted for their ECAPS in the event of, among other things, LBHI's commencement of a chapter 11 case.  The substitution aligns parties' economic entitlements with their expectations *ex ante*.  Further, to ensure that a Preferred Securities Substitution is in the best interests of the Chapter 11 Estates, the Plan Administrator plans to seek confirmation from the Internal Revenue Service that the substitution will not result in adverse tax consequences to the Chapter 11 Estates.

19.    The circumstances of these complex Chapter 11 Cases are unusual: the administration of the Chapter 11 Estates continues long after the Effective Date of the Plan and depends on the Plan Administrator's continued operations including collecting on claims against and interests in Non-Controlled Affiliates, the current value of which could not have been imagined on the Effective Date.  The Debtors are seeking to effectuate the Preferred Securities Substitution as soon as reasonably practicable after the Commencement Date, bearing in mind the unique size and complexity of these Chapter 11 Cases, coupled with the myriad cross-border affiliate transactions and tax considerations that had to be analyzed.  The ECAPS holders have suffered no prejudice as a result of any delay in issuing the Substituted Preferred Stock.

20.    The Preferred Securities Substitution is in the best interests of LBHI and its creditors because it enables LBHI to preserve substantial value for the benefit of its creditors.

Absent the Preferred Securities Substitution, the holders of ECAPS could receive a windfall at the expense of LBHI's creditors. The holders of ECAPS expected to receive LBHI preferred stock in the event of an LBHI bankruptcy. They could not reasonably have expected to receive recoveries on ECAPS based on the Partnership Assets contrary to the plain language of the ECAPS Terms. A Preferred Securities Substitution will provide holders of the ECAPS with the securities that they expected to receive following the Commencement Date—preferred stock in LBHI—and its corresponding Plan treatment and equity value.

### ECAPS Transaction Documents

21. <u>Exhibits A–J</u> attached hereto are true and correct copies from the business records of LBHI of the ECAPS transaction documents described below.

22. <u>Exhibit A</u> is that certain Limited Partnership Agreement, dated as of March 22, 2005, by and among the GP, Chase Nominees Limited ("<u>Chase</u>"), the Preferential Limited Partner, LBH PLC, and LBHI, establishing LB UK I.

23. <u>Exhibit B</u> is that certain prospectus for the issuance by LB UK I of €225,000,000 in aggregate principal amount of ECAPS.

24. <u>Exhibit C</u> is that certain Limited Partnership Agreement, dated as of August 25, 2005, by and among the GP, Chase, the Preferential Limited Partner, LBH PLC, and LBHI, establishing LB UK II.

25. <u>Exhibit D</u> is that certain prospectus for the issuance by LB UK II of €200,000,000 in aggregate principal amount of ECAPS.

26. <u>Exhibit E</u> is that certain Limited Partnership Agreement, dated as of February 17, 2006, by and among the GP, Chase, the Preferential Limited Partner, LBH PC, and LBHI, establishing LB UK III.

27. <u>Exhibit F</u> hereto is that certain prospectus for the issuance by LB UK III of €500,000,000 in aggregate principal amount of ECAPS.

28. <u>Exhibit G</u> is that certain Limited Partnership Agreement, dated as of January 3, 2007, by and among the GP, The Bank of New York Depository (Nominees) Limited ("<u>BNY</u>"), the Preferential Limited Partner, and LBHI, establishing LB UK IV.

29. <u>Exhibit H</u> is that certain prospectus for the issuance by LB UK IV of €200,000,000 in aggregate principal amount of ECAPS.

30. <u>Exhibit I</u> is that certain Limited Partnership Agreement, dated as of May 10, 2007, by and among the GP, BNY, the Preferential Limited Partner, and LBHI, establishing LB UK V.

31. <u>Exhibit J</u> is that certain prospectus for the issuance by LB UK V of $500,000,000 in aggregate principal amount of ECAPS.

I hereby declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: November 21, 2017
San Francisco, California

/s/ Richard Katz
Richard Katz