HEARING DATE AND TIME: To be scheduled if a response is filed
RESPONSE DEADLINE: December 18, 2017 at 4:00 p.m. (Eastern Time)

---

**THE PLAN ADMINISTRATOR'S FIVE-HUNDRED TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DEEM SATISFIED ALL OR PORTIONS OF CERTAIN PROOFS OF CLAIM.  PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL SCOTT R. BOWLING AT (212) 310-8097.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                        :    Chapter 11 Case
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                 :    No. 08-13555 (SCC)
                                                             :
                         Debtors.                            :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN
ADMINISTRATOR'S FIVE-HUNDRED TWENTY-SECOND
OMNIBUS OBJECTION TO CLAIMS (SATISFIED GUARANTEE CLAIMS)**

**PLEASE TAKE NOTICE** that on November 22, 2017, Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the in the

above-referenced chapter 11 cases, filed the five-hundred twenty-second omnibus objection to claims (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be scheduled if a response is filed.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail and Scott R. Bowling, attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; so as to be so filed and received by no later than **December 18, 2017 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may,

on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 22, 2017
      New York, New York

                      /s/ Garrett A. Fail
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007
                      Garrett A. Fail

                      Attorneys for Lehman Brothers Holdings Inc.
                      and Certain of Its Affiliates

**HEARING DATE AND TIME: To be scheduled if a response is filed**
**RESPONSE DEADLINE: December 18, 2017 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                          :    Chapter 11 Case
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    No. 08-13555 (SCC)
                                               :
            Debtors.                           :    (Jointly Administered)
-------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FIVE-HUNDRED TWENTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (SATISFIED GUARANTEE CLAIMS)**

---

**THE PLAN ADMINISTRATOR'S FIVE-HUNDRED TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DEEM SATISFIED ALL OR PORTIONS OF CERTAIN PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL**
**SCOTT R. BOWLING AT (212) 310-8097.**

WEIL:\96345428\2\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings In. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. Each proof of claim or portion thereof identified on Exhibit 1 to the proposed order attached hereto as Exhibit A (the "Proposed Order") is a Guarantee Claim asserted against LBHI that corresponds to a Primary Claim asserted against Lehman Brothers Treasury Co. B.V. ("LBT"), a foreign Non-Controlled Affiliate, based on certain International Securities Identification Numbers ("ISIN") of Lehman-issued structured securities (each, a "Satisfied ISIN Claim"). LBT has allowed and made Distributions on account of such Primary Claims, and LBHI has allowed and made Distributions on account of such Satisfied ISIN Claims. Satisfied ISIN Claims have now received consideration that render them satisfied in full in accordance with Section 8.13 of the Plan. Accordingly, pursuant to the Plan, no further Distributions should be made by LBHI on account of Satisfied ISIN Claims.

2. Pursuant to sections 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664) (the "Procedures Order"), the Plan Administrator requests that the Court enter the Proposed Order deeming satisfied the Satisfied ISIN Claims.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**Jurisdiction**

3.  This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.  Pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, those set forth in Article XIV of the Plan. (Confirmat'n Order ¶ 77.) Section 14.1 of the Plan, in turn, provides for the retention by the Court of exclusive jurisdiction to, among other things, "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code" and "enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce . . . the Plan, the Confirmation Order or any other order of the Bankruptcy Court." (Plan § 14.1(e), (i).)

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On October 8, 2008, LBT was declared bankrupt by the Amsterdam District Court. Bankruptcy trustees for LBT were appointed beginning on that date.

7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.  On August 10, 2011, the Court entered an order approving procedures for, among other things, determining, for distribution purposes and on an ISIN-by-ISIN basis, the

Allowed amounts of portions of Claims (including Guarantee Claims) based on Lehman-based structured securities (ECF No. 19120).

9.   On December 6, 2011, the Court entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

10.   On April 12, 2013, LBT published final valuations for Primary Claims on an ISIN-by-ISIN basis. Certain Primary Claims were allowed in substantially higher amounts than the corresponding Satisfied ISIN Claims.

11.   On September 19, 2017, the Court entered an order (ECF No. 56274) establishing procedures for deeming Guarantee Claims corresponding to LBT Primary Claims satisfied. The Court also entered an order (ECF No. 56275) deeming Guarantee Claims substantially identical to the Satisfied ISIN Claims satisfied in full.

12.   On October 4, 2017, the Plan Administrator filed a notice (ECF No. 56311) that certain Distributions on account of the Satisfied ISIN Claims would be withheld from the Thirteenth Distribution in these chapter 11 cases.

13.   On October 23, 2017, LBT made its eleventh distribution pursuant to its composition plan approved by the Amsterdam District Court.

## Objection

14.   Section 8.13(a) of the Plan ("Maximum Distribution") provides:

> An . . . (ii) Allowed Guarantee Claim that receives Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . equal the Allowed amount of such Guarantee Claim . . . shall . . . be deemed satisfied in full as to such . . . Allowed Guarantee Claim against the applicable Debtor.

Section 8.13(b) of the Plan further provides: "In no event shall . . . (ii) an Allowed Guarantee Claim receive Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . are in excess of the Allowed amount of the Guarantee Claim . . . ."

15.     Here, Section 8.13 of the Plan limits recoveries on account of the same claim for damages from LBT and LBHI as guarantor to a single satisfaction. Specifically, Section 8.13(a) of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives Distributions from LBHI that, combined with Distributions or consideration provided on account of the corresponding Primary Claim, equal the Allowed amount of such Guarantee Claim. Similarly, "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions that, combined with Distributions or consideration provided on account of the corresponding Primary Claim, exceed the Allowed amount of such Guarantee Claim. (*Id.* § 8.13(b).)[2] The Court has broad authority, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, over the property administered under the Plan and to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property

---

[2] Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date."

dealt with by a confirmed plan, and to perform any other act . . . that is necessary to the consummation of the plan[.]"); 11 U.S.C. § 105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

16. The Satisfied ISIN Claims correspond to Primary Claims against LBT that have been Allowed by and against LBT. Each such Primary Claim was allowed by LBT in an amount that exceeded the allowed amount of the corresponding Satisfied ISIN Claim(s). Distributions on account of each Satisfied ISIN Claim from LBHI combined with distributions from LBT on the corresponding Primary Claim equal the Allowed amount of such Satisfied ISIN Claims. Accordingly, pursuant to the Plan, LBHI has no further liability to make Plan Distributions on account of the Satisfied ISIN Claims.

**Reservation of Rights**

17. The Plan Administrator reserves all rights to recover any amounts paid on account of Satisfied ISIN Claims in excess of amounts permitted by the Plan.

**Notice**

18. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Five-Hundred Twenty-Second Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) each claimant listed on <u>Exhibit 1</u> to the Proposed Order; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: November 22, 2017
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# **Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (SCC)
                                                               :
                        Debtors.                         :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE PLAN ADMINISTRATOR'S FIVE-HUNDRED TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (STRUCTURED SECURITIES GUARANTEE CLAIMS)

Upon the five-hundred twenty-second omnibus objection to claims, dated November 22, 2017 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to sections 105(a) and 1142 of title 11 of the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664), seeking to deem satisfied in full in accordance with the Plan Satisfied ISIN Claims, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Satisfied ISIN Claims listed on <u>Exhibit 1</u> annexed hereto are deemed satisfied in full in accordance with the Plan; and it is further

ORDERED that neither the Plan Administrator nor LBHI shall make any further Distribiutions on account of the Satisfied ISIN Cliams listed on <u>Exhibit 1</u> annexed hereto; and

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____
       New York, New York

                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1 to Proposed Order

Satisfied ISIN Guarantees

**Exhibit 1**
*Satisfied ISIN Claims*
$ in Actual

| ISIN | Blocking Number | Claim Number |
|---|---|---|
| XS0319724851 | 6031239 | 45880 |
| XS0336623516 | CA14636 | 39543 |
| XS0252816755 | CA30462 | 44616 |
| XS0252816755 | CA30465 | 44616 |
| XS0311855729 | CA31387 | 44616 |
| XS0252816755 | CA30464 | 44616 |