B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Lehman Brothers Holdings Inc, et al, Debtors  Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| MERRILL, LYNCH, PIERCE, FENNER & SMITH INCORPORATED | AMUNDI ABSOLUTE RETURN CANYON FUND P.L.C., in respect of AMUNDI ABSOLUTE RETURN CANYON REFLECTION FUND |

Name and Address where notices to transferee
Should be sent:
c/o 214 North Tryon Street, 15th Floor,
Charlotte, N.C. 28255, USA

Attn: Meredith R. Smith
Tel: 001 980 388 4526
Email: Meredith.r.smith@baml.com

Court Claim Number: See attached schedule.
Claim Amount: **See attached schedule.**

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _[signed]_  Date: 12 December 2017
SETH DENSON
DIRECTOR
MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Schedule of Transferred Claims - Amundi Absolute Return Canyon Fund P.L.C. to Merrill Lynch, Pierce, Fenner & Smith Incorporated

| ISIN / Cusip | Issuer | Guarantor | Claim # | USD Allowed Amount |
|---|---|---|---|---|
| XS0350109475 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc | 55393.08 | 1,203,419.03 |
| XS0350109475 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc | 55393.11 | 648,765.00 |
| XS0352912611 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc | 58781.07 | 1,000,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc | 58792.07 | 1,500,000.00 |

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged **Amundi Absolute Return Canyon Fund P.L.C., in respect of Amundi Absolute Return Canyon Reflection Fund** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Number(s) set forth at Schedule 1 hereto (the "Proof of Claim") against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property paid on or after the Trade Date (defined below), which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing paid on or after the Trade Date (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"; provided however that the parties agree that the Transferred Claims do not include any rights title or interest in or to the Distributions (as defined below) (other than the Twelfth LBHI Distribution and the Tenth LBT Distribution (each, as defined below)). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) each Proof of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Transferred Claims; (g) with respect to each Transferred Claim, Seller or a predecessor in interest has received from LBHI (A) the initial LBHI distribution on or about April 17, 2012 in the amount set forth in Schedule 2 attached hereto (the "Initial LBHI Distribution"), (B) the second LBHI distribution on or about October 1, 2012 in the amount set forth in Schedule 2 attached hereto (the "Second LBHI Distribution"), (C) the third LBHI distribution on or about April 4, 2013 in the amount set forth in Schedule 2 attached hereto (the "Third LBHI Distribution"), (D) the fourth LBHI distribution on or about October 3, 2013, in the amount set forth in Schedule 2 attached hereto (the "Fourth LBHI Distribution"), (E) the fifth LBHI distribution on or about April 3, 2014 in the amount set forth in Schedule 2 attached hereto (the "Fifth LBHI Distribution"), (F) the sixth LBHI distribution on or about October 2, 2014 in the amount set forth in Schedule 2 attached hereto (the "Sixth LBHI Distribution"), (G) the seventh LBHI distribution on or about April 2, 2015 in the amount set forth in Schedule 2 attached hereto (the "Seventh LBHI Distribution"), (H) the eighth LBHI distribution on or about October 1, 2015 in the amount set forth in Schedule 2 attached hereto (the "Eighth LBHI Distribution"); (I) the ninth LBHI Distribution

on or about March 31, 2016 in the amount set forth in Schedule 2 attached hereto (the "Ninth LBHI Distribution"); (J) the tenth LBHI distribution on or about June 16, 2016 in the amount set forth in Schedule 2 attached hereto (the "Tenth LBHI Distribution"); (K) the eleventh LBHI distribution on or about October 6, 2016 in the amount set forth in Schedule 2 attached hereto (the "Eleventh LBHI Distribution"); (L) the twelfth LBHI distribution on or about April 6, 2017 in the amount set forth in Schedule 2 attached hereto (the "Twelfth LBHI Distribution"); and (M) the thirteenth LBHI distribution on or about October 6, 2017 in the amount set forth in Schedule 2 attached hereto (the "Thirteenth LBHI Distribution"); (i) with respect to each Purchased Security, the Seller or a predecessor in interest has received from Lehman Brothers Treasury Co., B.V. ("LBT") (A) the initial LBT distribution on or about May 8, 2013 in the amount set forth in Schedule 3 attached hereto (the "Initial LBT Distribution"), (B) the second LBT distribution on or about October 24, 2013 in the amount set forth in Schedule 3 attached hereto (the "Second LBT Distribution"), (C) the third LBT distribution on or about April 28, 2014 in the amount set forth in Schedule 3 attached hereto (the "Third LBT Distribution"), (D) the fourth LBT distribution on or about October 28, 2014 in the amount set forth in Schedule 3 attached hereto (the "Fourth LBT Distribution"), (E) the fifth LBT distribution on or about April 27, 2015 in the amount set forth in Schedule 3 attached hereto (the "Fifth LBT Distribution"), (F) the sixth LBT distribution on or about October 29, 2015 in the amount set forth in Schedule 3 attached hereto (the "Sixth LBT Distribution"), (G) the seventh LBT distribution on or about April 28, 2016 in the amount set forth in Schedule 3 attached hereto (the "Seventh LBT Distribution"), (H) the eighth LBT distribution on or about July 14, 2016 in the amount set forth in Schedule 3 attached hereto (the "Eighth LBT Distribution"); (I) the ninth LBT distribution on or about November 29, 2016 in the amount set forth in Schedule 3 attached hereto (the "Ninth LBT Distribution"; (J) the tenth LBT distribution on or about May 4, 2017 in the amount set forth in Schedule 3 attached hereto (the "Tenth LBT Distribution"); and (K) the eleventh LBT distribution on or about October 6, 2017 in the amount set forth in Schedule 3 attached hereto (the "Eleventh LBT Distribution") and together with the Initial LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Seventh LBHI Distribution, the Eighth LBHI Distribution, the Ninth LBHI Distribution, the Tenth LBHI Distribution, the Eleventh LBHI Distribution, the Twelfth LBHI Distribution, the Thirteenth LBHI Distribution, the Initial LBT Distribution, the Second LBT Distribution, the Third LBT Distribution, the Fourth LBT Distribution, the Fifth LBT Distribution, the Sixth LBT Distribution, the Seventh LBT Distribution, the Eighth LBT Distribution, the Ninth LBT Distribution, the Tenth LBT Distribution and the Eleventh LBT Distribution, (the "Distributions"); and (j) other than the Distributions, neither Seller nor a predecessor in interest has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims or Purchased Securities.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit to Buyer any payments, distributions or proceeds received by Seller after the trade date of September 26, 2017 (the "Trade Date") in respect of the Transferred Claims (including, without limitation, the Thirteenth LBHI Distribution, the Fourteenth LBHI Distribution and the Eleventh LBT Distribution). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar

2

transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below. This Agreement may be executed in one or more counterparts, and all counterparts taken together shall be deemed to constitute one and the same instrument. Signatures may be exchange over email transmission.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is dated as of 7 ~~November~~, 2017
December

AMUNDI ABSOLUTE RETURN CANYON FUND P.L.C.,
an umbrella investment company with variable capital and segregated liability between sub-funds, incorporated with limited liability under the laws of the Republic of Ireland, and acting solely in respect of Amundi Absolute Return Canyon Reflection Fund

By: Canyon Capital Advisors LLC, its Trading Manager

By: _____
Name: John P. Plaga
Title: Authorized Signatory

Address:
2000 Avenue of the Stars, 11th Floor,
Los Angeles, CA 90067
Attn: Jonathan Kaplan
Tel: 310-247-2700
Email: legal@canyonpartners.com

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

By: _____
Name:
Title: SETH DENSON
DIRECTOR

Address:
c/o 214 North Tryon Street,
15th Floor,
Charlotte, NC 28255
Attn: Meredith R. Smith
Tel: (980) 388-4526
Email: meredith.r.smith@baml.com

3

Schedule 1

Transferred Claims

| Proof of Claim # | ISIN | Issuer | Guarantor | ISIN CCY | Principal / Notional Amount (CCY) | Allowed Amount Transferred |
|---|---|---|---|---|---|---|
| 55393.08 | XS0350109475 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | USD | 1,202,000.00 | 1,203,419.03 |
| 55393.11 | XS0350109475 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | USD | 648,000.00 | 648,765.00 |
| 58781.07 | XS0352912611 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | USD | 1,000,000.00 | 1,000,000.00 |
| 58792.07 | XS0352912611 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | USD | 1,500,000.00 | 1,500,000.00 |

SCHEDULE 2

LBHI DISTRIBUTION DATES AND AMOUNTS RECEIVED

| ISIN / Cusip | Proof of Claim # | USD Allowed Amount | 17-Apr-12 (USD) | 01-Oct-12 (USD) | 04-Apr-13 (USD) | 03-Oct-13 (USD) | 03-Apr-14 (USD) | 02-Oct-14 (USD) | 02-Apr-15 (USD) | 01-Oct-15 (USD) | 31-Mar-16 (USD) | 16-Jun-16 (USD) | 06-Oct-16 (USD) | 06-Apr-17 (USD) | 06-Oct-17 (USD) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0350109475 | 55393.08 | 1,203,419.03 | 43,434.15 | 29,310.22 | 37,020.96 | 43,892.49 | 47,677.47 | 35,781.91 | 24,419.01 | 18,624.84 | 5,168.42 | 7,696.46 | 13,531.13 | 10,305.70 | 6,592.92 |
| XS0350109475 | 55393.11 | 648,765.00 | 23,415.41 | 15,801.18 | 19,958.06 | 23,662.51 | 25,703.00 | 19,290.08 | 13,164.33 | 10,040.68 | 2,786.30 | 4,149.17 | 7,294.66 | 5,555.82 | 3,554.25 |
| XS0352912611 | 58781.07 | 1,000,000.00 | 36,092.29 | 24,355.79 | 30,763.15 | 36,473.17 | 39,618.36 | 29,733.55 | 20,291.37 | 15,476.61 | 4,294.79 | 6,395.50 | 11,243.92 | 8,563.69 | 5,478.49 |
| XS0352912611 | 58792.07 | 1,500,000.00 | 54,138.44 | 36,533.69 | 46,144.72 | 54,709.75 | 59,427.54 | 44,600.32 | 30,437.05 | 23,214.91 | 6,442.18 | 9,593.25 | 16,865.88 | 12,845.53 | 8,217.74 |

08-13555-mg    Doc 57144    Filed 12/12/17    Entered 12/12/17 05:07:51    Main Document
Pg 8 of 8

SCHEDULE 3

LBT DISTRIBUTION DATED AND AMOUNTS RECIEVED

| ISIN / Cusip | ISIN CCY | CCY Notional | 08-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-16 | 04-May-17 | 23-Oct-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0350109475 | USD | 1,850,000.00 | 245,992.33 | 100,108.70 | 108,389.65 | 83,013.89 | 55,895.90 | 42,990.60 | 12,011.15 | 17,571.06 | 31,015.96 | 23,546.36 | 15,064.94 |
| XS0352912611 | USD | 2,500,000.00 | 292,683.61 | 119,110.13 | 128,963.83 | 98,770.59 | 66,505.48 | 51,150.56 | 14,290.97 | 20,906.18 | 36,903.03 | 28,015.64 | 17,924.38 |