B2100A (Form 2100A) (12/15)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.      Case No. 08-13555 (SCC)

OMNIBUS TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claims referenced in this evidence and notice.

| BKM HOLDINGS (CAYMAN) LTD. | CITIGROUP FINANCIAL PRODUCTS INC. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

Court Claim # (if known): See Schedule 1
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Blocking Number:
Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: December 12, 2017
    Transferee/Transferee's Agent

## Schedule 1

| Proof of Claim | ISIN/CUSIP | Principal/Notional Amount Transferred | LBHI Allowed Amount Transferred |
|---|---|---|---|
| 50315 | XS0128700274 | EUR 1,619,204.01 | $2,304,068.15 |
| 50316 | XS0128700274 | EUR 8,577,295.00 | $12,205,177.09 |
| 46978 | XS0280725978 | EUR 10,000,000.00 | $11,800,139.09 |
| 62743 | XS0285045943 | EUR 150,000.00 | $215,072.62 |
| 67181 | XS0285045943 | EUR 5,000,000.00 | $7,169,087.28 |
| 49737 | XS0296282386 | EUR 12,300,000.00 | $17,785,762.05 |
| 58781 | XS0309485729 | EUR 9,000.00 | $12,771.95 |
| 58792 | XS0309485729 | EUR 8,181,000.00 | $11,609,704.32 |
| 60638 | XS0312463184 | EUR 15,227,999.68 | $14,325,417.07 |
| 60652 | XS0312463184 | EUR 372,000.00 | $349,951.09 |
| 55937 | XS0312463184 | EUR 2,616,999.94 | $2,461,887.08 |
| 62744 | XS0315504323 | EUR 29,000,000.00 | $41,314,506.02 |
| 59233 | CH0039308686 | USD 19,850,000.00 | $24,952,012.12 |

\* \* \*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, Citigroup Financial Products Inc. (the "Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to BKM Holdings (Cayman) Ltd. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of Seller or Seller's predecessor in interest, as applicable (collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of the Seller's right, title and interest in, to and under the transfer agreements, if any, under which the Seller or any prior sellers (the "Predecessors in Interest") acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims (the "Precedessor Transfer Agreements"), (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto. Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller or any Predecessor in Interest related to or in connection with the Transferred Claims, the Purchased Securities or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that, in respect of the Transferred Claims and Purchased Securities sold by Seller hereunder that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) (i) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or any Predecessor in Interest or against Seller and any Predecessor in Interest and (ii) all Predecessors in Interest owned and had good and marketable title to the Transferred Claims on the date of their respective Predecessor Transfer Agreements (as sellers), free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such Predecessors in Interest; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer and all Predecessors in Interest were duly authorized and empowered to execute and perform their obligations under the Predecessor Transfer Agreements; (e) the Proofs of Claim include the respective Purchased Claims specified in Schedule 1 attached hereto; (f) neither Seller nor any Predecessor in Interest has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated; (g) Seller or a Predecessor in Interest has received, either directly or indirectly from the Debtor, on or around April 6, 2017, and on or around October 5, 2017, distributions in respect of the

3

Transferred Claims in the amounts set forth on Schedule 1 (the "12th LBHI Distribution" and the "13th LBHI Distribution", respectively); (h) Seller or a Predecessor in Interest has received, either directly or indirectly from Lehman Brothers Treasury Co. BV, distributions on or around May 4, 2017 relating to the Purchased Securities in the amounts proportional to distributions made generally to holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority; (i) Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities in excess of distributions made generally to holders of the Purchased Securities; (j) all other payments or distributions received by Seller or Seller's immediate Predecessor in Interest, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities have been proportional to distributions made generally to holders of claims against the Debtor of the same class, type and priority or holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority, respectively; (k) (i) the Agreement and Evidence of Transfer of Claim that was filed with the Court on October 13, 2017 (the "Pyrell Transfer Agreement") pursuant to which the Transferred Claims and Purchased Securities have been sold, transferred and assigned to Seller (as buyer) by Pyrell Fund, L.L.C. ("Pyrell") (as seller) has been redacted by or on behalf of Pyrell to (A) remove certain claims from Schedule 1 (and Schedule 1 to the corresponding notice of transfer to the Court pursuant to the Federal Rule of Bankruptcy Procedure 3001(e)) and (B) remove Pyrell's signature blocks and signatures and (ii) the Pyrell Transfer Agreement has been fully executed by Pyrell and includes the Transferred Claims and Purchased Securities and, other than for the redactions referenced in Section 2(k)(i) herein, is the true and correct copy of such Agreement and Evidence of Transfer of Claim; and (l) (i) the Agreements and Evidences of Transfer of Claim that were filed with the Court on (x) August 21, 2015 under docket numbers 50742, 50749, 50751, 50757 and 50762 and (y) April 7, 2016 under docket numbers 52416, 52417, 52418, 52428, 52429, 52431, 52433 and 52434 (the "Pyrell Predecessor Transfer Agreements") have been fully executed by Pyrell (as buyer) and the respective sellers under the Pyrell Precedessor Transfer Agreements (as sellers), and, other than the redactions referenced in Section 2(l)(ii) herein, are the true and correct copies of such Agreements and Evidences and Transfer of Claim and (ii) the Pyrell Predecessor Transfer Agreements (and Schedule 1 to the corresponding notice of transfer with the Court pursuant to the Federal Rule of Bankruptcy Procedure 3001(e) to the Pyrell Predecessor Transfer Agreements) have been redacted by or on behalf of Pyrell to remove Pyrell's signature blocks and signatures.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the respective Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of such Transferred Claims, and directing that all payments or distributions of money or property in respect of such Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt and without limitation, the distribution scheduled to be made by the Debtor in respect of the Transferred Claims on or around December 7, 2017 (the "14th LBHI Distribution") and true and correct copies of any statements received from the Debtor and or Epiq describing such 14th LBHI Distribution). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This

Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Signature page follows]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is dated as of October 16, 2017.

CITIGROUP FINANCIAL PRODUCTS INC.,
as Seller

By: /s/ Joelle Gavlick (DocuSigned, 240CDA98C9F64D3...)
Name: Joelle Gavlick - Authorized Signatory
Title:
Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
Attn: Kenneth Keeley

BKM HOLDINGS (CAYMAN) LTD.,
as Purchaser
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: /s/
Name: Avram Friedman
Title: Manager
c/o Walkers Corporate Limited
Cayman Corporate Centre
27 Hospital Road
George Town, Grand Cayman KY1-9008
Cayman Islands

With a copy to:
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

[Signature Page for CFPI to BKM Holdings (Cayman) Ltd. Transfer Agreement]

Schedule 1

## Transferred Claims

Purchased Claims and Lehman Programs Securities to which Transfer Relates

| POC | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | LBHI Allowed Amount | 12th LBHI Distribution (USD) | 13th LBHI Distribution (USD) |
|---|---|---|---|---|---|---|---|
| 50315 | XS0128700274 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 1,619,204.01 | $2,304,068.15 | $19,731.27 | $12,622.78 |
| 50316 | XS0128700274 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 8,577,295.00 | $12,205,177.09 | $104,521.32 | $66,865.91 |
| 46978 | XS0280725978 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 10,000,000.00 | $11,800,139.09 | $101,052.73 | $64,646.94 |
| 62743 | XS0285045943 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 150,000.00 | $215,072.62 | $1,841.81 | $1,178.27 |
| 67181 | XS0285045943 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 5,000,000.00 | $7,169,087.28 | $61,393.83 | $39,275.76 |
| 49737 | XS0296282386 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 12,300,000.00 | $17,785,762.05 | $152,311.74 | $97,439.11 |
| 58781 | XS0309485729 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 9,000.00 | $12,771.95 | $109.37 | $69.97 |
| 58792 | XS0309485729 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 8,181,000.00 | $11,609,704.32 | $99,421.90 | $63,603.64 |
| 60638 | XS0312463184 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 15,227,999.68 | $14,325,417.07 | $122,678.42 | $78,481.64 |
| 60652 | XS0312463184 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 372,000.00 | $349,951.09 | $2,996.86 | $1,917.19 |
| 55937 | XS0312463184 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 2,616,999.94 | $2,461,887.08 | $21,082.82 | $13,487.41 |
| 62744 | XS0315504323 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 29,000,000.00 | $41,314,506.02 | $353,804.61 | $226,341.09 |
| 59233 | CH0039308686 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 19,850,000.00 | $24,952,012.12 | $213,681.28 | $136,699.32 |

\*   \*   \*