UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/18

In re LEHMAN BROTHERS HOLDINGS, INC., *et al.*,

Debtors.

No. 08-13555 (SCC)
ORDER

SYLVIA VEGA-SUTFIN, MICHELLE SEYMOUR, CHERYL MCNEIL, LINDA HOWARD-JAMES, ISABEL GUAJARDO, and DENISE COLOMBO,

Appellants,

-v-

LEHMAN BROTHERS HOLDINGS, INC.,

Appellee.

No. 17 Civ. 4034 (RJS)

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Appellants' motion pursuant to 28 U.S.C. § 158(a)(3) seeking leave for this Court to review an interlocutory appeal of the Bankruptcy Court's May 9, 2017 order dismissing Appellants' punitive damages claims. For the reasons set forth below, the motion is denied.

I. BACKGROUND

Appellants are six former employees of BNC Mortgage LLC ("BNC") who, on November 18, 2005, brought nine employment-related claims against BNC in California state court. (*See* Doc. No. 10-1.)[1] On January 11, 2009, while Appellants' state court action was still pending, BNC filed for Chapter 11 bankruptcy in this district. On July 7, 2009, each Appellant filed a proof of claim against debtor BNC for an aggregate value of $35 million, including punitive damages, based on their employment

---

[1] Unless otherwise noted, all docket numbers refer to documents filed in the instant appeal, 17-cv-4034 (RJS), not the underlying bankruptcy proceeding, *Lehman Brothers Holdings, Inc., et al.*, 08-bk-13555 (SCC).

claims. (*See* Doc. No. 10-2.) On April 13, 2017, the Bankruptcy Court held a hearing at which it orally dismissed Appellants' punitive damages claims with prejudice. (08-bk-13555, Doc. No. 55175 (the "Bench Ruling").) Thereafter, the Bankruptcy Court issued a written order memorializing its oral ruling. (08-bk-13555, Doc. No. 55327 (the "Order").) On May 23, 2017, Appellants filed a motion for leave to appeal the Order pursuant to 28 U.S.C. § 158(a)(3) (08-bk-13555, Doc. Nos. 55369, 55370), and filed their brief support of their one week later (Doc. No. 3). On June 15, 2017, Lehman Brothers Holdings, Inc. – which owned 100% of the equity in BNC when BNC filed for Chapter 11 bankruptcy and is the plan administrator of the instant bankruptcy – filed its brief in opposition (Doc. No. 9).

## II. LEGAL STANDARD

District courts have discretionary appellate jurisdiction over interlocutory bankruptcy court orders. *See* 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the Court, from . . . interlocutory orders and decrees."). Courts in the Second Circuit apply the standard found in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts appeals, to determine whether interlocutory review of a bankruptcy court order is proper. *See, e.g., Dynegy Mktg. & Trade v. Enron Corp.*, 316 B.R. 767, 771–72 (S.D.N.Y. 2004). Thus, a district court may certify an immediate appeal of an interlocutory order if the court finds (1) that the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Litigants are generally required to wait for a final judgment before they may appeal, *see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990), and "'interlocutory appeals from bankruptcy courts' decisions' are 'disfavored in the Second Circuit,'" *In re Residential Capital, LLC*, No. 14-cv-9711 (RJS), 2015 WL 5729702, at *4 (S.D.N.Y. Sept. 30, 2015) (quoting *In re Lyondell Chem. Co.*, No. 11-mc-387 (JPO), 2012 WL 163192, at *4 (S.D.N.Y. Jan. 18, 2012)).

2

With regard to the first factor of the Section 1292(b) standard, a question of law is "controlling" if "reversal of the district court's order would terminate the action." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-cv-15375 (KMK), 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (quoting *Klinghoffer*, 921 F.2d at 24); *see also Sec. Exch. Comm'n v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("In determining whether a controlling question of law exists[,] the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action[; or] the certified issue has precedential value for a large number of cases."). Additionally, "the 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (quoting *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). As for the second factor, "[f]or there to be a 'substantial ground for difference of opinion' under the law . . . there must be substantial doubt that the district court's order was correct." *SPL Shipping Ltd.*, 2007 WL 1119753, at *2 (internal quotation marks omitted). The third factor – whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation" – is primarily concerned with judicial efficiency and is the "most important" of the three factors. *Sec. Exch. Comm'n v. Gruss*, No. 11-cv-2420 (RWS), 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012). To satisfy this standard, "it is not enough that the interlocutory appeal would not delay the action; it must advance the time for trial or . . . shorten the time required for trial." *Id.* (internal quotation marks omitted). These three criteria are "conjunctive, not disjunctive," and courts may only certify an interlocutory appeal where all three are satisfied. *Id.* at *1 (internal quotation marks omitted).

Significantly, "district court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370–71 (S.D.N.Y. 2008) (internal quotation marks omitted). Indeed, "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer*, 921 F.2d at 25 (internal quotation marks omitted). The Second Circuit has noted that "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record." *Weber v. U.S. Tr.*, 484 F.3d 154, 159 (2d Cir. 2007) (internal quotation marks omitted). Therefore, interlocutory appeal is "'a rare exception' where, in the discretion of the district judge, it 'may avoid protracted litigation.'" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996)). Consequently, "federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *Id.*

### III. DISCUSSION

Applying the Section 1292(b) factors to this case, it is obvious that Appellants have failed to establish that interlocutory appeal is warranted. With respect to the first factor – whether the relevant issue is a controlling question of law – the appeal does involve a pure question, much less a controlling question that would terminate the action or significantly affect its outcome. In an effort to characterize the Order as involving a "pure question of law," Appellants repeatedly claim that the Order "categorically disallow[ed] punitive damages in a liquidating Chapter 11 case." (Doc. No. 3 at 8.) However, the Order did no such thing. Rather, the Bankruptcy Court found that the "policy goals of punitive damages would not be achieved in the instant case [because] [t]here is no longer a wrongdoer to

deter here." (Bench Ruling 16:15–17.) Although the Bankruptcy Court considered the fact that the proceeding was a Chapter 11 case, it clearly also considered the fact that "the unsecured creditors who would effectively bear the cost of a punitive damages award are not the alleged wrongdoers" (*id.* 16:17–19), analogizing the case to the facts and reasoning of *In re Motors Liquidation Co.*, No. 09-50026, 2012 WL 10864205, *11 (Bankr. S.D.N.Y. Aug. 6, 2012) (finding that disallowance of punitive damages was appropriate where "there is no future conduct to deter; the people guilty of the misconduct would not be punished for it; and the victims of the punitive damages would in reality be only other, wholly innocent, creditors") and *In re Johns-Manville Corp.*, 68 B.R. 618, 627 (Bankr. S.D.N.Y. 1986) (enjoining award of punitive damages where such damages would neither punish nor deter tortfeasors, but serve only to deplete a trust at the expense of future victims and "visit a hardship on [future victims] for wrongs attributable to others") (*see* Bench Ruling 15:15–16:20). Interlocutory review is thus inappropriate here, where the issue is not a "pure question of law" but involves "application of the appropriate legal standard to the facts alleged." *Benfield v. Mocatta Metals Corp.*, No. 91-cv-8255 (LJF), 1993 WL 148978, at *7 (S.D.N.Y. May 5, 1993).

Moreover, the Order does not involve a *controlling* question of law, since reversal would not "result in dismissal of the action," "significantly affect the conduct of the action," or have "precedential value for a large number of cases." *Credit Bancorp, Ltd.*, 103 F. Supp. 2d at 227. Indeed, Appellants make no attempt to argue that reversal would terminate or significantly affect the action, and argue conclusorily that reversal would have precedential value, an argument which in any event is premised upon a misinterpretation of the Order as one involving a pure question of law.

Similarly, Appellants' insistence that the Bankruptcy Court's "categorical order" creates "substantial ground for difference of opinion" – because it violates limits set by the Supreme Court on bankruptcy courts' equitable powers (Doc. No. 3 at 10) and "invades Congress' power to determine

what categories of claims may be disallowed" (*id.* at 11) – mischaracterizes the Order, which was not a "categorical" disallowance of punitive damages in a Chapter 11 bankruptcy, but a fact-specific determination that such damages are not appropriate in this instance. Appellants point to no federal statute, state law, or court decision indicating that a bankruptcy court may not disallow punitive damages in light of relevant facts and circumstances. Moreover, Appellants' argument that the Bankruptcy Court failed to consider the deterrent effect of punitive damages on third parties is not sufficient to create "substantial doubt that the [Order] was correct," *SPL Shipping Ltd.*, 2007 WL 1119753, at *2, particularly in light of Appellants' failure to address the factors considered by the Bankruptcy Court that *do* support the disallowance of punitive damages.

Appellants have also failed to demonstrate that immediate appeal would materially advance this litigation. Since Appellants are "also seeking compensatory damages," *In re Anderson*, 550 B.R. 228, 237 (S.D.N.Y. 2016), *leave to appeal denied*, No. 15-cv-4227 (NSR), 2016 WL 8715935 (S.D.N.Y. Aug. 5, 2016), "reversal and remand following an interlocutory appeal would not . . . affect the likelihood of trial in this matter," *In re Adelphia Commc'ns Corp.*, Nos. 02-41729 (REG), 07-cv-999 (NRB), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 11, 2008). Furthermore, Appellants' fear that lack of review would result in having to present the same evidence at two different trials is overblown, since it is far from obvious that, in the unlikely event that a follow-on trial for punitive damages becomes necessary, the trial would require a full evidentiary record.

Finally, even if Appellants could satisfy all of the Section 1292(b) factors, this case does not present the sort of "exceptional circumstances" that would justify interlocutory appeal. Appellants make no attempt to identify a reason to "contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 28 (S.D.N.Y. 1995). As the Court is similarly

6

unable to identify any such exceptional circumstances, leave for interlocutory appeal is properly denied on these grounds as well.

### IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Appellants' motion for leave to appeal is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 3 and to close this case.

SO ORDERED.

Dated:	January 10, 2017
	New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE