# EXHIBIT A

# WILLKIE FARR & GALLAGHER

787 Seventh Avenue<br>
New York, NY 10019-6099<br>
Tel: 212 728 8000<br>
Fax: 212 728 8111

June 27, 2017

**BY ECF AND EMAIL**

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, NY 10004

Attn:   Jamie M. Eisen, Esq.

Re:   Lehman Brothers Holdings Inc. ("LBHI"), et al.
       Case No. 08-13555 (SCC) (the "LBHI Debtors")

Dear Ms. Eisen:

As you know, by motion dated April 27, 2017 [Docket 55232] (the "Motion"), LBHI moved for entry of an order approving that certain RMBS Trust Settlement Agreement entered into as of November 30, 2016, and modified as of March 17, 2017 (the "Settlement Agreement"), by and among the LBHI Debtors, the Institutional Investors and the Accepting Trustees (each as defined in the Settlement Agreement). On June 6, 2017, certain investors (represented by Kasowitz Benson Torres LLP) in various of the Trusts subject to the Settlement Agreement filed a preliminary objection to the Motion [Docket 55432] (the "Preliminary Objection"). In order to resolve the Preliminary Objection, LBHI, the Institutional Investors and the Accepting Trustees have agreed to, among other things, the terms reflected in the attached. The Preliminary Objection will be withdrawn in advance of the hearing on the Motion.

Please do not hesitate to contact me if you have any questions.

Respectfully submitted,


/s/ Paul V. Shalhoub
Paul V. Shalhoub

Attachment

The Honorable Shelley C. Chapman
Attn: Jamie Eisen, Esq.
June 27, 2017
Page 2

cc: Robert Madden, Esq.
 Counsel to the Accepting Trustees
 Dan Fliman, Esq.

The Debtors and other parties to the Settlement Agreement have engaged in discussions with the Investor Group that filed a preliminary objection to the Settlement Motion on June 6, 2017 [Docket No. 55432]. In the course of those discussions, the Investor Group expressed concerns with Exhibit E to the Settlement Agreement and opposed introduction into evidence of the Institutional Investors' statement in Exhibit E "that a settlement at [$2.416 billion] is fair and reasonable." The Investor Group contends that admitting Exhibit E into evidence would be unfairly prejudicial unless (a) the Investor Group is permitted to take discovery of the Institutional Investors' bases and motivations for making the statement in Exhibit E; and (b) the Investor Group is permitted to file a statement addressing the bases and motivations for the Institutional Investors' statement and expressing the Investor Group's belief that settlement at $2.416 billion is neither fair nor reasonable. The Debtors disagree with the Investor Group's views and believe that introduction of Exhibit E into evidence, which was negotiated by the parties to the Settlement Agreement, is fair and appropriate. Nonetheless, in consideration of the Investor Group withdrawing its objection to the Motion, the Debtors, the Trustees and the Institutional Investors have agreed: (i) to strike Exhibit E from the Settlement Agreement; (ii) that neither Exhibit E, nor the Institutional Investors' views on what constitutes a fair or reasonable settlement of the Claims, shall be admissible for any purpose in connection with the Motion or the proposed Estimation Proceeding; (iii) that the Institutional Investors shall express no position, in connection with the hearing on the Motion or the Estimation Proceeding, concerning the claim amount that they believe is fair and reasonable; (iv) that the agreements set forth in the foregoing clauses (i), (ii) and (iii) are not and shall not be deemed to be admissions of liability or concessions of any argument or defense by any party in connection with either the Motion or the Estimation Proceeding and were agreed to in order to resolve the Investor Group's preliminary objection; (v) that the parties to the Estimation Proceeding may offer into evidence before the Court, at any hearing or otherwise, and without objection as to admissibility by any other party, the RMBS Trust Settlement Agreement entered into by and between the LBHI Debtors and the Institutional Investors dated October 26, 2015, which shall be admissible in the Estimation Proceeding; and (vi) with respect to the foregoing clause (v), the parties to the Estimation Proceeding agree that although such settlement agreement will be admitted into evidence, they reserve all rights to present arguments as to reliability, competency, weight, relevance, timeliness or any other arguments concerning the Court's consideration of such evidence.