# EXHIBIT D

KASOWITZ BENSON TORRES LLP

MICHAEL A. HANIN
DIRECT DIAL: (212) 506-1788
DIRECT FAX: (212) 835-5088
MHANIN@KASOWITZ.COM

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

October 24, 2017

Via Email

Todd Cosenza
Willkie Farr & Gallagher
787 Seventh Avenue
New York, New York 10019
tcosenza@willkie.com

Re:   *In re Lehman Brothers Holdings Inc.*, No. 08-13555

Dear Todd:

As you know, we represent the Investor Group,[1] which entered into an agreement, dated June 27, 2017 [Docket No. 55650] ("Agreement"), with the Plan Administrator, the Institutional Investors, and the Trustees to resolve the Investor Group's objection to the Plan Administrator's motion to approve the RMBS Settlement Agreement ("Settlement"). We understand that the Plan Administrator intends to introduce evidence at the upcoming Estimation Proceeding that directly violates the Agreement, and that the Plan Administrator has rejected the Trustees' request, made by letter dated October 3, 2017, that the Plan Administrator comply with the Agreement. The Plan Administrator's refusal is deeply troubling and unacceptable. We write to demand that the Plan Administrator immediately confirm that it does not intend to attempt to violate our Agreement – and withdraw the offending portions of its expert's report – so that we may avoid seeking relief from the Court for the Plan Administrator's non-compliance.

The Agreement is succinct and unambiguous. "[I]n consideration of the Investor Group withdrawing its objection to the Motion . . . neither Exhibit E, ***nor the Institutional Investors' views on what constitutes a fair or reasonable settlement of the Claims,*** shall be admissible for ***any*** purpose in connection with the Motion or the proposed Estimation Proceeding." The Investor Group, Debtors, Trustees and Institutional Investors further agreed that such agreement would not "be deemed to be [an] admission[] of liability or ***concession[] of any argument*** or defense by any party in connection with either the Motion or the Estimation Proceeding." The Investor Group complied fully with the Agreement and withdrew its objection to the Settlement [Docket No.

---

[1]   The Investor Group includes, each on behalf of itself or its advisory clients; Whitebox Advisors LLC, Deer Park Road Management Company, LP, Tilden Park Capital Management LP, Prophet Capital Asset Management, LP, Tricadia Capital Management, LLC, BlueMountain Capital Management, LLC, Poet Advisors, FFI Fund Ltd., FYI Ltd., Olifant Fund, Ltd., and StrongBow Fund Ltd.

Todd Cosenza
October 24, 2017
Page 2

55670]). With the objection deadline behind it, the Plan Administrator is failing to hold up its end of the bargain.

Specifically, we understand that the Plan Administrator intends to use expert testimony as a conduit for evidence unequivocally barred by the Agreement concerning the Institutional Investors' "views" on what constitutes a "fair or reasonable settlement" of the Claims. *See* Rebuttal Report of Daniel R. Fischel, dated July 27, 2017 ("Fischel Report"). According to the Fischel Report, Mr. Fischel intends to opine as to the Institutional Investors' purported "views" regarding "allow[ing] a claim of $2.4 billion" under the October 2015 settlement, and places "great weight on the determination by the Institutional Investors . . . that an allowed claim of approximately $2.4 billion would be a fair and reasonable outcome." (Fischel Report ¶¶ 26, 31.) Mr. Fischel's recent deposition testimony confirms that the Plan Administrator intends to introduce this evidence. (*See, e.g.*, Fischel Deposition Transcript ("Fischel Dep. Tr.") 232:20-24 (referring to "the view of the institutional investors that the plan administrator's proposed allowed claim is fair and reasonable"); 235:14-24 (referring to "the view of the institutional investors that the amount is fair and reasonable," "what the institutional investors are saying currently is fair and reasonable," and "conclusion reached by the institutional investors"); 241:5-12 ("the institutional investors, that their view that the amount of the settlement that they previously entered into is fair and reasonable").) Even the Plan Administrator's pre-trial brief relies on the Institutional Investors' "assess[ment]" concerning the "fairness and reasonableness" of a proposed allowed claim amount. [Docket No. 56842 at 45-46.] The Agreement explicitly bars evidence regarding the Institutional Investors' "views" of what is "fair and reasonable," and Mr. Fischel's proposed testimony and the Plan Administrator's briefing on precisely these issues is inadmissible.[2]

We see no merit in your attempt to rationalize breaching the Agreement in your October 8, 2017 letter to the Trustees. That the proposed October 2015 RMBS Settlement rejected by the Trustees (the "Rejected 2015 Agreement") is presumptively admissible under Exhibit G of the RMBS Settlement Agreement is neither a basis nor an excuse for breaching the Agreement. Admissibility of such evidence under Exhibit G is explicitly subject to a reservation of "all rights to present arguments as to reliability, competency, weight, relevance, timeliness or any other arguments concerning the Court's consideration of such evidence." The Agreement is one such limitation, barring the introduction of the Rejected 2015 Agreement for the purpose of illustrating "the Institutional Investors' views on what constitutes a fair or reasonable settlement of the Claims." The Rejected 2015 Agreement may be admissible for other purposes, but is not admissible to negate our Agreement.

The opinions expressed in the Fischel Report are problematic for another important reason. Mr. Fischel opines that the Investor Group's decision to withdraw its objection to the Settlement in exchange for the concessions received in the Agreement "casts doubt on the strength of, and the Investor Group's commitment to, their position." (Fischel Report ¶ 32; *see also* Fischel Dep. Tr. 241:6-8 (drawing conclusion from "the fact that the Kasowitz clients are not objecting and not

---

[2] The Agreement likewise prohibits quotations of the Institutional Investors' views reported in the news (Fischel Report ¶ 26 n.53).

Todd Cosenza
October 24, 2017
Page 3

appearing at the proceeding itself"); 238:14-239:11.) Such speculative nonsense masquerading as expert opinion is inadmissible under the Agreement, which expressly provides that the terms of the negotiated resolution "are not and shall not be deemed to be admissions of liability or concessions of any argument or defense by any party in connection with either the Motion or the Estimation Proceeding." We remind you that the parties added this language, which applies to all parties to the Agreement, at *your and/or your clients' insistence*.

Moreover, this opinion is inadmissible under any evidentiary standard. You mischaracterize Mr. Fischel's opinion on this issue as an "*analysis of the behavior* of the Kasowitz group, including the decision of the Kasowitz group not to pursue their objection." Mr. Fischel is not a behavioral analyst, and he is not providing an "analysis of behavior." Indeed, Mr. Fischel draws prohibited (and entirely baseless) conclusions from his incomplete recitation of the Investor Group's behavior – namely that withdrawing its objection "casts doubt on the strength of, and the Investor Group's commitment to, their position." This conclusion clearly seeks to construe the Investor Group's conduct as some "concession" concerning the "argument[s]" in its objection. The Agreement expressly forbids your clients from making such extrapolations from the compromise reached with the Investor Group, and, by seeking to introduce Mr. Fischel's statements into evidence, your clients are in direct contravention of the Agreement.

\*   \*   \*

Having (just recently) negotiated the Agreement to resolve our objection with you and others in good faith, the Plan Administrator's gambit to subvert the Agreement after our objection was resolved – and refusal to confirm compliance with the Agreement after the Trustees advised you of the violation – is disappointing and unprofessional. As explained herein, Mr. Fischel's putative expert opinions – namely, paragraphs 25-32, the first bullet point of paragraph 24, and those portions of paragraph 48 and footnote 108 concerning the Institutional Investors, from the Fischel Report, as well as any related exhibits, opinions, testimony, or briefing, including the above-referenced portions of the Plan Administrator's pre-trial brief – breach the Agreement. Please confirm as soon as possible but no later than by 5 pm EST on October 25, 2017 that you will not seek to introduce the opinions or assertions reflected in these paragraphs of the Fischel Report at or in connection with the Estimation Hearing. Otherwise, we will be compelled to contact Judge Chapman directly to address these issues and seek redress for your clients' willful misconduct. In the meantime, all rights, claims and defenses are reserved.

Very truly yours,

*/s/ Michael A. Hanin*

Michael A. Hanin

cc:   Michael S. Shuster