# EXHIBIT E

# WILLKIE FARR & GALLAGHER LLP

TODD G. COSENZA
212 728 8677
tcosenza@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 27, 2017

**VIA EMAIL**

Michael A. Hanin
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019

Re: *In re Lehman Brothers Holdings Inc., et al.*, Ch. 11 Case No. 08-13555 (SCC)

Dear Michael:

    We write on behalf of the Plan Administrator in response to your letter, dated October 24, 2017, regarding the estimation proceeding ("Estimation Proceeding") that is set to begin on November 20. As a threshold matter, the Investor Group has no standing to appear or object in the Estimation Proceeding. The Investor Group's interests, like those of other certificateholders, are represented in these proceedings by the RMBS Trustees. Holwell Shuster, as litigation counsel for the RMBS Trustees, is more than capable of making any objections it believes are appropriate in the Estimation Proceeding.

    In any event, in addition to your clients' lack of standing, we believe that there are a number of errors in your letter. First, Exhibit G to the RMBS Settlement Agreement and the settlement reached in connection with the Investor Group's objection (the "Investor Group Settlement") expressly allow the October 2015 RMBS Settlement with the Institutional Investor Group into evidence. The Plan Administrator and its experts are thus expressly permitted to use that settlement agreement in the Estimation Proceeding.

    Second, your letter also asserts that the Plan Administrator's expert, Professor Daniel R. Fischel, is barred by the Investor Group Settlement from opining on "the Institutional Investors' . . . 'views'" regarding various aspects of the RMBS Settlement Agreement and what would be a fair and reasonable outcome of the Trusts' claims here. The Investor Group Settlement contains no such limitation. The parties agreed in the Investor Group Settlement filed with the Court, (i)

to strike Exhibit E of the RMBS Settlement Agreement, (ii) that neither Exhibit E, nor the Institutional Investors' views on what constitutes a fair or reasonable settlement of the claims, shall be admissible for any purpose in connection with the Estimation Proceeding, and (iii) that the Institutional Investors would express no further position on the claim amount that they believe is fair and reasonable, among other things. (*See* Letter from P. Shalhoub to J. Chapman, June 27, 2017 at 3.) To be clear, the Plan Administrator is not seeking to introduce Exhibit E. Nor is the Plan Administrator seeking to admit into evidence the Institutional Investors' views on what constitutes a fair or reasonable settlement of the claims. The Institutional Investors are not participating in the Estimation Proceeding and are not expressing any position on the claim amount they believe is fair and reasonable.

You also criticize Professor Fischel's opinion about the implications of the Investor Group Settlement. While we disagree with this critique, it is not a valid ground to allege a breach of the Investor Group Settlement. Indeed, as you are likely aware from reviewing the transcript, that topic was a basis for cross examination of Professor Fischel by the Holwell Shuster firm at his deposition. Moreover, nothing precludes counsel for the RMBS Trustees from further cross-examining him on the subject at the Estimation Proceeding, or from making arguments concerning the "reliability, competency, weight, relevance, timeliness or any other arguments concerning the Court's consideration of such evidence," as the Investor Group Settlement provides.

Further, the Plan Administrator has always been able to use any publicly available information. Nowhere in the Investor Group Settlement were the parties precluded from offering such information in the Estimation Proceeding or having their experts rely on such information. Indeed, while the parties agreed in the Investor Group Settlement to the specific items addressed therein and discussed above, the settlement did not address or preclude the Plan Administrator's experts from opining on the Institutional Investors' behavior or continued support of the RMBS Settlement Agreement in all respects, nor the introduction of the October 2015 settlement agreement. Indeed, the Institutional Investors' continued support was extensively discussed on the record at the 9019 Hearing on July 6. At that hearing, Daniel A. Fliman of your firm appeared on behalf of the Investor Group. (July 6 Hr'g Tr. at 30:15-25.) Counsel for the Plan Administrator stated, without objection by your firm:

- "The parties agreed that the – have agreed that October 26, 2015 agreement will be admitted into evidence during the estimation proceeding." (Hr'g Tr. at 15:15-17).

- "The RMBS settlement agreement according to – at least to the Plan Administrator is fair and equitable, it provides an estimation process that allows the plan administrator to request allowance of the trustees' claims *at a level the institutional investors will accept*. The institutional investors support all aspects of the settlement." (Hr'g Tr. at 16:21-17:2)(emphasis added).

- "[I]n this case the plan administrator, negotiated a settlement with meaningful economic stakeholders back in October 2015. For a number of reasons that settlement was not consummated. In an effort to reach the same result for the

2

   estate and these economic stakeholders the plan administrator has agreed the Court to conduct an estimation proceeding *to allow these claims at the same level negotiated with the stakeholders*." (Hr'g Tr. at 20:22-21:5)(emphasis added).

These statements reflect the parties' understanding of the Investor Group Settlement at the time it was entered into in July. And, Professor Fischel's reliance on the import of such information is totally appropriate.

As you may be aware, the parties and the Court are fully engaged in preparing for the Estimation Proceeding. We sincerely hope that you do not burden the Court with this issue, and that you should direct, in the first instance, any complaints you may have with the Plan Administrator's expert reports to Mr. Shuster.

  The Plan Administrator reserves all of its rights.

                Sincerely,

                */s/ Todd G. Cosenza*

                Todd G. Cosenza

cc: Michael Shuster (via email)