AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY ("Agreement")

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, HSBC PRIVATE BANK SUISSE SA ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to Southey Capital Ltd ("Purchaser") and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 51762 (the "Proof of Claim") filed by or on behalf of Seller against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim and/or Purchased Security (defined below), including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim and/or Purchased Security or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim and/or Purchased Security, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and/or Purchased Security, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim and/or Purchased Security, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and the security or securities relating to the Purchased Claim and specified on Schedule 1 attached hereto, including but not limited to any of the Seller's rights to assert claims against Lehman Brothers Treasury, B.V. and/or any other affiliates of the Debtor (the "Purchased Security").

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities;" (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller is the record holder of the Purchased Security relating to the Transferred Claims and specified in Schedule 1 attached hereto; (d) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (f) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (g) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller with Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e). Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

RESTRICTED - 1

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than seven (7) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, *via* Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Purchaser and Seller), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim and/or filing of any additional proofs of debt related to the Transferred Claims.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below. In any action commenced hereunder to enforce one or more provisions of this Agreement, Buyer and Seller agree the prevailing party shall be entitled to the recovery of its reasonable attorneys' fees and direct costs subject to the defaulting Party having been negligent.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of January, 2018.

| Seller: | Purchaser: |
|---|---|
| **HSBC PRIVATE BANK SUISSE SA** | **SOUTHEY CAPITAL LTD** |
| By: _[signature]_ | By: _[signature]_ |
| Name: Cyril FRESNAY | Name: Robert Southey |
| Title: | Title: Director |
| Address: | Address: |
| Giorgio Gagliani | Ensign House, Suite 17 |
| Associate Director | 2 Admirals Way, London |
| HSBC Private Bank (Suisse) SA | E14 9XQ, United Kingdom |
| Quai des Bergues 9-17 - PO Box 2888 | |
| 1211 Geneva 1 Switzerland | |

RESTRICTED - 2

Schedule 1

Transferred Claims

Transferred Claims

| ISIN/CUSIP | Court Claim # | Date Claim Filed | Issuer | Currency and nominal amounts or Units |
|---|---|---|---|---|
| XS0296595910 | 51762 | 10/28/2009 | LEHMAN BROTHERS SECURITIES NV | 200,000.00 |

RESTRICTED

Exhibit A

RESTRICTED

## Notice Pursuant to Bankruptcy Rule 3001

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re: Lehman Brothers Holdings Inc.　　　Case No.: 08-13555 (JMP
　　　　　　　　　　　　　　　　　　　　　Court ID (Court Use Only) _____

### NOTICE OF TRANSFER OF CLAIMS OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee:<br>Southey Capital Ltd | Name of Transferor:<br>HSBC PRIVATE BANK SUISSE SA |
|---|---|
| Notices to Transferee should be sent to:<br>Southey Capital Ltd<br>Ensign House, Suite 17<br>2 Admirals Way, London<br>E14 9XQ, United Kingdom<br>Attn: Robert Southey<br>rs@southeycapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor<br>HSBC PRIVATE BANK SUISSE SA<br>ATTN: Quai de Bergues 9-17<br>P.O. Box 2688<br>1211 Geneve |
| Amount of Claim Being Transferred:<br>EUR See Schedule 1<br>(face amount of securities) | *NOTE: THIS IS A PARTIAL TRANSFER OF CLAIM ONLY --- SEE ATTACHED EVIDENCE OF TRANSFER FOR DETAILS* |
| Court Claim No. (if known): 51762 | |
| Date Claim Filed: October 28, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ illegible signature_　　　　　　　　　　　Date: 15.01.2018
Robert Southey, Director of
Southey Capital Ltd
Ensign House, Suite 17
2 Admirals Way, London
E14 9XQ, United Kingdom

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.* As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

RESTRICTED

Schedule 1

## Transferred Claims

Transferred Claims

| ISIN/CUSIP | Court Claim # | Date Claim Filed | Issuer | Currency and nominal amounts or Units |
|---|---|---|---|---|
| XS0296595910 | 51762 | 10/28/2009 | LEHMAN BROTHERS SECURITIES NV | 200,000.00 |

RESTRICTED - 6

**Evidence of Transfer**

**EVIDENCE OF TRANSFER OF CLAIM**

TO: United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
One Bowling Green
New York, New York 10004
Attention: Clerk of the Court

AND TO: Lehman Brothers Holdings Inc. (the "Debtor")

*Case Name and Number:* In re Lehman Brothers Holdings Inc., No. 08-13555 (JMP)

*Proof of Claim Number:* 51762 (the "*Proof of Claim*")

Portion of the Claim Subject to Transfer (the "Transferred Claim"):

This Evidence of Transfer of Claim relates solely to that portion of the Proof of Claim that is based on the following Lehman Programs Securities:

| ISIN/CUSIP | Court Claim # | Date Claim Filed | Issuer | Currency and nominal amounts or Units |
|---|---|---|---|---|
| XS0296595910 | 51762 | 10/28/2009 | LEHMAN BROTHERS SECURITIES NV | 200,000.00 |

The aggregate amount of the Transferred Claim is To Be Determined. For the avoidance of doubt, these Lehman Programs Securities are described on the Addendum to the Proof of Claim.

**HSBC PRIVATE BANK SUISSE SA**, ("Transferor") hereby acknowledges to have unconditionally and irrevocably transferred and assigned to:

Southey Capital Ltd
Ensign House, Suite 17
2 Admirals Way, London
Telephone: +44 203 745 7940
Attention: Robert Southey

("Transferee") all rights, title and interest in and to the Transferred Claim against the Debtor in Case No. 08-13555 (JMP) in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Transferor hereby waives any objection to the transfer of the Transferred Claim to Transferee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Transferor acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring the Transferred Claim to Transferee and recognizing the Transferee as the sole holder of the Transferred Claim.

RESTRICTED

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Transferred Claim to Transferee.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated January 15, 2018.

HSBC PRIVATE BANK SUISSE SA
Transferor

By: _____
Name:
Title:    Cyril FRESNAY

Giorgio Gagliani
Associate Director

ACKNOWLEDGED BY:

Southey Capital Ltd
Transferee

By: _____
Name: Robert Southey
Title:  Director
        Southey Capital Ltd

RESTRICTED - 8