**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

**LEHMAN BROTHERS HOLDINGS INC., et al.**

**Debtors.**
-----------------------------------------------------------------x

Chapter 11
Case No. 08-13555 (SCC)

## MOTION FOR ORDER DIRECTING THE RELEASE OF DOCUMENTS

White & Wolnerman, PLLC Fondo de Proteccion Social de los Depositos Bancarios, f/k/a Fondo de Proteccion Social de los Depositos Bancarios y Proteccion Bancaria ("FOGADE"), by its attorneys White & Wolnerman, PLLC submits this motion in support of the entry of an order in the form annexed hereto as Exhibit "A," directing that the Post Confirmation Debtors, their agents, servants and employees, including the Plan Administrator, Debtors' counsel and Epiq Systems, Inc. (Collectively the "Debtors") release all settlement agreements and any related documents pertaining to the allowed claims 62722 and 62726 (the "Settlement Documents") to FOGADE and FOGADE's counsel, White & Wolnerman, PLLC.

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBH") and 22 of its affiliates filed voluntary bankruptcy cases (collectively, the "Case" or "LBH Case") under Chapter 11 of 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") in the bankruptcy court for the Southern District of New York[1]. In connection therewith, Banco Canarias de Venezuela, C.A. ("Banco Canarias") and Banco Canarias' affiliate Credican, S.A. ("Credican") filed claim numbers 62726, 62722 and 64729 in the LBH Case (the "Claims"). The Claims were thereafter allowed pursuant to Stipulations of Settlement and distributions have been made thereon. However, and as is set forth in detail in the accompanying Declaration of FOGADE's

---

[1] Shortly thereafter, on September 19, 2008, Lehman Brothers, Inc. filed under the Securities Investor Protection Act of 1970, 15 U.S.C. §78aaa *et seq.*, in the bankruptcy court for the Southern District of New York under Case No. 08-01420 (SCC) (the "SIPA Case").

International Representative, Gustavo Soto M. dated February 14, 2018 FOGADE following its appointment as liquidator of Credican was only able to locate one poor copy of the two Stipulations of Settlement, after diligent search. This Application is in support of FOGADE's Motion for an order directing the release to FOGADE and its counsel of the Settlement Documents, which upon information and belief includes both Stipulations of Settlement and any related documents resolving the Claims.

2.  The Motion followed good faith efforts to obtain the documents without involving this Court. We ascertained that the Settlement Documents are in the possession of the Claims Agent, Epiq Systems, Inc. ("Epiq"). However, after conferring with counsel both Epiq and the Debtors have taken the position not to release the documents to FOGADE or FOGADE's counsel without a court order. This Application follows and should be granted as a matter of comity and law. The Settlement Documents represent assets of FOGADE, the liquidator of Credican, and FOGADE has both a legal right and compelling governmental interest in obtaining them.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Upon information and belief this Court has also retained Court has jurisdiction over this matter pursuant to the terms of the Settlement Documents and in connection with the Claims allowance processes implemented under the Debtors' Plan.

## BACKGROUND

4. As is set forth in the Soto Declaration, FOGADE is the Venezuelan authority charged with regulating and where necessary taking over failed financial institutions. It is a Creditor in this case in that capacity.

5. The appointment as liquidator under Venezuelan law generally follows a two-step process. First The Superintendencia de las Instituciones del Sector Bancario ("SUDEBAN") has the power to intervene and supervise the operations of troubled financial institutions. Then, should SUDEBAN determine it to be necessary, it can appoint FOGADE to take control of the bank and its assets for the benefit of creditors and depositors. Under that authority, following the filing of the LBH case, FOGADE was appointed as the liquidator of Banco Canarias on November 27, 2009, and on May 19, 2014 FOGADE was appointed as the liquidator of Credican.

6. As is also set forth in the Soto Declaration, the Claims were filed by Credican shortly prior to SUDEBAN's appointment and were settled under SUDEBAN'S supervision of Credican. Thereafter, FOGADE, upon its appointment, took necessary and appropriate steps to secure the assets of Credican, including the distributions on the Claims in this case. By Order dated October 28, 2014 this Court granted FOGADE's motion to designate Diaz Reus & Targ, LLP ("DRT") as its agent for receipt of all distributions in the Bankruptcy Cases. Following this, on FOGADE's motion, this Court entered an Order dated February 25, 2016 (the "LBH Agency Order") substituting Homer Bonner Jacobs, P.C. ("HBJ") and Otterbourg, P.C. as FOGADE's counsel and appointed HBJ as Distribution Agent. Most recently, following HBJ's notice of withdrawal, FOGADE retained its present counsel, White & Wolnerman, PLLC

3

("W&W") by Stipulation and Order entered on January 26, 2018 [Doc. No. 57560]. FOGADE's paramount rights in the Claim have been recognized and enforced in the proceedings before this Court.

7. After being retained as FOGADE's counsel we attempted on FOGADE's behalf to obtain clean and complete copies of the Settlement Documents. After a docket search proved unsuccessful we contacted Epiq, and were informed that the documents were available and would be produced. However, after the entry of this Court's January 26, 2018 order substituting W&W as counsel and Soto & Associates as Distribution Agent for FOGADE, Epiq advised us of a change of heart and that the documents would no longer be released. A suggestion was made that we should get them from FOGADE, which of course made no sense since it is FOGADE that is requesting the documents and we would not be asking for them if they were already in its possession.

8. Following this we communicated in writing and by phone with the Debtors' counsel in an attempt to secure the release of the Settlement Documents on a voluntary basis. However, Debtors' counsel, citing prior proceedings in this Court concerning the Claims, the proper recipients of distributions, and as we understood it concerns of confidentiality, confirmed the Debtors' decision not to release them without a court order.[2] The present Application follows.

**THE MOTION SHOULD BE GRANTED**

9. As has been amply demonstrated: (i) FOGADE's right title and interest in the Claims has been determined by prior order of this Court; (ii) it has received and will continue to

---

[2] We have been unable to ascertain the basis for the claim of confidentiality as it does not appear within the Stipulation of Settlement, or as part of the Procedures Orders allowing for the settlement of claims in this Case.

4

receive distributions on the Claims through its designated agents, again in conformity with this Court's orders; and (iii) it has a compelling and good faith basis for receiving the Settlement Documents in order to fully and completely perform its functions as liquidator of Credican.  By contrast there does not appear to be either a legal or equitable reason for withholding the documents; to the contrary their release will benefit FOGADE, a creditor holding allowed claims, in keeping with the Plan's objectives.  It will also allow a sovereign power to exercise its rights over a failed banks assets, which may include selling its position if it is determined that such a sale will be of benefit to the creditors of Credican. The Motion is entirely meritorious and should be granted.

10.     Notice of this Motion will be served upon Debtors' Counsel, Epiq Systems Inc. and by the ECF filing of the same.  It is respectfully requested that filing of a Memorandum of Law be waived as no novel questions of law are presented.

WHEREFORE, FOGADE respectfully requests that this Court enter the Proposed Order directing the release of the Settlement Documents and that this Court grant FOGADE such other and further relief as it deems just and proper

Dated: New York, New York
       February 15, 2018

                            WHITE & WOLNERMAN, PLLC

                            By: /s/ Randolph E. White
                                Randolph E. White, Esq.
                                950 Third Avenue, 11th Floor
                                New York, New York 10022
                                Phone: (212) 308-0667