UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

LEHMAN BROTHERS HOLDINGS INC., et al.

Debtors.

---------------------------------------------------------------x

DECLARATION

Chapter 11
Case No. 08-13555 (SCC)

Gustavo Soto M. declares the following under penalty of perjury:

1. I am the International representative of Fondo de Proteccion Social de los Depositos Bancarios, f/k/a Fondo de Proteccion Social de los Depositos Bancarios y Proteccion Bancaria ("FOGADE"). This Declaration is submitted in support of FOGADE's motion for an order authorizing and directing the Debtors, by their agents or counsel, to release to FOGADE and its counsel the settlement documents executed in settlement of the claims filed by Banco Canarias de Venezuela, C.A. ("Banco Canarias") and Banco Canarias' affiliate Credican, S.A. ("Credican").

2. As has already been demonstrated in prior proceedings before this Court, FOGADE as governmental liquidator of Banco Canarias and Credican, is the holder of allowed claims 62726, 62722 and 64729 in this case (the "Claims"). The Claims were allowed pursuant to certain settlement documents that are the subject of this motion (the "Settlement Documents") and FOGADE has received and will continue to receive distributions on the Claims. Notwithstanding this, Lehman Brothers Holdings Inc. ("LBH"), through its counsel, has denied FOGADE's request for the release of the Settlement Documents and is requiring a court order before releasing them. The reasons apparently proffered are the allegedly confidential nature of the documents and the fact that FOGADE was not a party to the agreements at the time they were executed. However, there is no substantive basis for denying FOGADE the documents

which establish and support its claims. Accordingly, FOGADE is bringing the instant motion with the expectation that upon entry of an Order of this Court they will be promptly released to FOGADE, a body with both a legal right and compelling governmental interest in obtaining them.

## BACKGROUND

3. The Superintendencia de las Instituciones del Sector Bancario ("SUDEBAN") is Venezuela's regulatory institution that supervises Venezuelan financial institutions. SUDEBAN has the authority to intervene in failing financial institutions in Venezuela.

4. FOGADE is a Venezuelan governmental agency, akin to the FDIC. It is responsible for the liquidation of failed financial institutions (and their affiliated entities) in order to pay depositors and satisfy approved debts of the failed institutions. As the International Representative of FOGADE my responsibilities include overseeing the collection and administration of foreign assets

5. On September 15, 2008 (the "Filing Date"), LBH and 22 of its affiliates filed voluntary bankruptcy cases (collectively, the "Bankruptcy Cases") under Chapter 11 of 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York[1].

6. On November 2, 2009, a little over a year after the Filing Date, Banco Canarias and its affiliate, Credican filed the Claims. Shortly thereafter, on November 19, 2009, SUDEBAN intervened in Banco Canarias. On November 27, 2009 SUDEBAN appointed FOGADE as the liquidator of Banco Canarias but no appointment was made at that time for the

---

[1] Shortly thereafter, on September 19, 2008, Lehman Brothers, Inc. filed under the Securities Investor Protection Act of 1970, 15 U.S.C. §78aaa *et seq.*, in the Bankruptcy Court for the Southern District of New York under Case No. 08-01420 (SCC) (the "SIPA Case").

2

liquidation of Credican. As a consequence, Credican continued to operate under SUDEBAN's supervision. Over four and one half years later, on May 19, 2014, SUDEBAN appointed FOGADE as the liquidator of Credican.

7. The resolution of the Claims occurred after SUBEDAN intervened but before it was liquidated. FOGADE had no direct involvement in settling the Claims and was not a party to any of the Settlement Documents.

8. Following FOGADE's appointment it took all appropriate and necessary steps to liquidate Credican in an orderly fashion. These included proceedings in this Court with respect to the Claims, resulting in an order dated October 28, 2014 granting FOGADE's motion to designate Diaz Reus & Targ, LLP ("DRT") as its agent for receipt of all distributions in the Bankruptcy Cases. A copy of the October 28, 2014 Order [Doc. No. 46796] is annexed hereto as Exhibit "A."

9. Thereafter, FOGADE terminated DRT as its agent. This Court, on FOGADE's motion, entered an Order dated February 25, 2016 (the "LBH Agency Order") substituted Homer Bonner Jacobs, P.C. ("HBJ") and Ottebourg, P.C. as FOGADE's counsel and appointed HBJ as Distribution Agent. A copy of the LBH Agency Order is annexed hereto as Exhibit "B.[2]" FOGADE has since this time received all Distributions on the Claims. See attached hereto as Exhibit "C" the most recent Notice of Distribution dated December 7, 2017.

10. The liquidation of Banco Canarias and Credican, of course, involved much more than simply securing its rights as a creditor in this case. FOGADE attempted to identify all assets of these institutions, including all financial instruments and other documents constituting or

---

[2] An identical Agency Order was entered in the SIPA Case with respect to Claim 900003945. We have been advised by Epiq that all distributions have been made in that case.

3

evidencing the assets under its charge. Unfortunately, in performing these functions we were unable to locate the original Settlement Documents allowing the Claims.

11.    We did locate a poor copy of the Settlement Agreement dated as of June 5, 2013 between Credican and the LBH Plan Administrator. As is evident on the face of the document, it was entered into before FOGADE's appointment, while Credican was still operating under the supervision of SUDEBAN. For the limited purpose of demonstrating our possession of that document, and in order to preserve such confidentiality, if any, as may pertain to it, a redacted copy is annexed hereto as Exhibit "D."[3] That document appears to be the agreement settling Claim 62726. However, we never located, after numerous good faith efforts, a similar document settling Claim 62722 (payments for which are being received as demonstrated by the Notice).

12.    Most recently, in late 2017, HBJ gave notice of its intention to withdraw from its representation of FOGADE in the Bankruptcy Cases. FOGADE retained its present counsel, White & Wolnerman, PLLC ("W&W") by Stipulation and Order entered on January 26, 2018 [Doc. No. 57560].

13.    Following this, as is set out in the underlying Motion for the Release of the Settlement Documents, W&W requested the Settlement Documents from Epiq and thereafter directly from the Debtors' counsel. However the request was denied and we are now advised that they will not be turned over without a Court order. Those documents are needed for two reasons: A) FOGADE is a government agency, and for administrative and legal reasons must have complete and detailed control of all assets under its jurisdiction and an ability to fully account for all monies received and spent; and B) Should FOGADE decide to sell its interest in the Claims it would require the disclosure of the documents backing up its position.

---

[3] Our copy, without redactions, is available should it be requested or required for review by the Court.

## THE MOTION SHOULD BE GRANTED

14. It has already been demonstrated in prior proceedings before this Court that FOGADE is the holder of the Claims. It has received all distributions on them since 2014. However, due to the circumstances recited by me in this Declaration, only one poor copy of a settlement agreement was located following FOGADE's appointment as the liquidator of Credican. This necessitated FOGADE's request that copies of the Settlement Documents in the Debtors' possession be released to it. There is simply no basis for withholding documents from FOGADE that relate to the allowance of the Claims.

15. It appears that the Debtors do not contest this, but nevertheless will not do so without a court order. Rather than debate this, FOGADE is moving for the release of the documents. It is respectfully submitted that the Motion is meritorious and should be granted.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Panama City, Panama.
      February 14th, 2018.

                                              Gustavo Soto M.