Execution Version

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into as of June 5, 2013 by and between Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the chapter 11 cases described in the recitals below (the "Chapter 11 Estates"), and Credican C.A. (the "Claimant" and together with the Plan Administrator, the "Parties").

### RECITALS:

A.   Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 08-13555 (JMP). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.   By order, dated July 2, 2009 [ECF No. 4271] (the "Bar Date Order"), the Bankruptcy Court established November 2, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") arising from securities included on the Lehman Programs Securities List (as defined in the Bar Date Order) against the Chapter 11 Estates.

C.   The Claimant filed a Proof of Claim against LBHI on November 2, 2009, which was assigned claim number 62726 by the court-approved claims and noticing agent (the "Claims Agent"), asserting an unsecured claim in an amount of $392,500,000 (the "Claim"), based on LBHI's guarantee of two structured notes issued by Lehman Brothers Treasury Co. B.V. and held by the Claimant. The amount of $392,500,000 is inclusive of: (i) a claim for $142,500,000 in respect of ISIN XS0258731909 (the "1909 Claim"); and (ii) a claim for $250,000,000 in respect of ISIN XS0295087042 (the "7042 Claim").

D.   In accordance with the *Order Pursuant to Section 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [ECF No. 19120] (the "Structured Securities Valuation Procedures Order"), LBHI (i) determined a proposed allowed claim amount for each of the 1909 Claim and the 7042 Claim by applying the Structured Securities Valuation Methodology (as defined in the Structured Securities Valuation Procedures Order), and (ii) sent a notice of each proposed allowed claim amount to Claimant. In accordance with the Structured Securities Valuation Procedures Order, Claimant disputed each proposed allowed claim amount by submitting a response to LBHI.

E.   Pursuant to Resolution No. 058.11, dated February 15, 2011, Rafael José Moreno Franco and Rosa María Jiménez Urrutia (each a "Joint Administrator" and together, the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

US_ACTIVE:\44254312\6\58399.0011

Execution Version

"Joint Administrators") were appointed to the positions of Administrators of Credican, C.A. by the *Superintendencia de las Instituciones del Sector Bancario*, the Bolivarian Republic of Venezuela's Superintendent of Banking Institutions (Sudeban).

F. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Confirmation Order provides that the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) [ECF No. 7936] (the "First Settlement Procedures Order") shall continue to apply and be binding on all parties following the effective date of the Plan through the date upon which all of the Chapter 11 Cases have been closed in accordance with Section 6.6 of the Plan. On March 6, 2012, the Plan became effective.

G. On July 18, 2012, the Court entered the Order Modifying Certain Existing Claims Orders, approving claims settlement procedures [ECF No. 29505] (the "Second Settlement Procedures Order"). The Second Settlement Procedures Order superseded the First Settlement Procedures Order. As of the date hereof, the Second Settlement Procedures Order has not been appealed, stayed or vacated, in whole or in part.

H. After good-faith, arms'-length negotiations, the Parties have agreed to resolve their disputes concerning the Claim pursuant to the terms and conditions set forth in this Settlement Agreement.

I. Pursuant to the Plan and the Second Settlement Procedures Order, the Plan Administrator is authorized to enter into this Settlement Agreement without approval of the Court or any other party in interest. *See* Second Settlement Procedures Order, ¶1.

## AGREEMENT:

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Recitals set forth above form an integral part of this Settlement Agreement and are incorporated fully herein.

2. This Settlement Agreement shall become effective once (i) it has been executed by all Parties and (ii) each of the Joint Administrators executes the annexed Certifications (the date that both such conditions have been satisfied, the "Effective Date").

3. Upon the Effective Date, the Claim shall be reduced and allowed as a general unsecured claim against LBHI in the aggregate liquidated amount of ▓▓▓▓▓ and included in LBHI Class 5 of the Plan (the "Allowed Claim"). The Allowed Claim shall not be subject to any setoffs or offsets, including without limitation any setoff or offset which may be asserted by the Claimant Parties (as defined below) or the Lehman Parties (as defined below) against the Allowed Claim or any distributions made by LBHI in respect of the Allowed Claim, and the Claimant Parties and the Lehman Parties hereby irrevocably and unconditionally waive any and all rights to do so, whether such rights arise by virtue of contract or law. Claimant authorizes the Plan Administrator to provide a copy of this Settlement Agreement to the Claims Agent with instructions to update the claims registry accordingly and to direct the Claims Agent

Execution Version

to make any distributions to the Claimant in accordance with the terms of the Plan, at the appropriate time.

4.

**REDACTED**

5.

**REDACTED**

6.     This Settlement Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7.     This Settlement Agreement may not be modified other than by a signed writing executed by the Parties hereto.

US_ACTIVE:\44254312\4\58399.0011

Execution Version

8. Each person who executes this Settlement Agreement represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Settlement Agreement.

9. Each Party represents and warrants to the other Party that the execution and delivery by it of, and the performance by it of its obligations under, this Settlement Agreement are within its corporate powers, have been duly authorized by all necessary action, and will not contravene any constitutional document or other instrument or agreement binding on it, or any law, regulation, judgment, order or administrative action binding on it.

10. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged. Delivery of an executed counterpart of a signature page by facsimile or PDF transmission shall be as effective as delivery of a manually executed counterpart.

11. For each of the annexed Certifications, it shall constitute sufficient proof of such Certification to present any copy, copies, or facsimiles signed by the applicable Joint Administrator, and delivery of an executed Certification by facsimile or PDF transmission shall be as effective as delivery of a manually executed Certification.

12. This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

13. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in Paragraph 5. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

14. This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of law principles thereof.

15. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

Execution Version

THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.

LEHMAN BROTHERS HOLDINGS INC.,　　CREDICAN, C.A.
as Plan Administrator on behalf of
the Chapter 11 Estates

By: _____Daniel Ehrmann_____　　By: _____
Print Name: _____　　Print Name: Rosa María Jiménez Urrutia
Title: _____　　Title: Administrator

　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　Print Name: Rafael José Moreno Franco
　　　　　　　　　　　　　　　　Title: Administrator

US_ACTIVE:\44254312\4\58399.0011

THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.

| LEHMAN BROTHERS HOLDINGS INC., as Plan Administrator on behalf of the Chapter 11 Estates | CREDICAN, C.A. |
|---|---|
| By: _____ <br> Print Name: _____ <br> Title: _____ | By: *[signature]* <br> Print Name: Rosa Maria Jiménez Urrutia <br> Title: Administrator <br><br> By: *[signature]* <br> Print Name: Rafael José Moreno Franco <br> Title: Administrator |