HOLWELL SHUSTER & GOLDBERG LLP
750 Seventh Avenue, 26th Floor
New York, New York 10019
Telephone:     (6464) 837-5151
Facsimile:     (646) 637-5150
Michael S. Shuster
Dwight A. Healy
Neil R. Lieberman
Lani A. Perlman

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone:     (404) 881-7000
John C. Weitnauer (admitted *pro hac vice*)
Jason Solomon (admitted *pro hac vice*)

*Counsel for Wilmington Trust Company and*
*Wilmington Trust, National Association,*
*each solely in its capacity as Trustee for*
*SASCO 2006-S4*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | **x** |
| **In re:** | : **Chapter 11** |
| | : |
| | : **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : |
| | : **(Jointly Administered)** |
| **Debtors.** | : |
| | **x** |

**MOTION BY WILMINGTON TRUST, NATIONAL ASSOCIATION FOR AUTHORITY TO FILE UNDER SEAL PERSONALLY IDENTIFYING INFORMATION FROM DOCUMENTS PURSUANT TO (I) BANKRUPTCY CODE SECTION 107(C)(1) AND (II) BANRUPTCY RULE 9037**

TO THE HONORABLE SHELLEY C. CHAPMAN, UNITED
STATES BANKRUPTCY JUDGE:

Wilmington Trust, National Association, solely in its capacity as Trustee (the "Trustee") of

the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-S4

Trust (the "Trust"), by and through its undersigned counsel, respectfully submits this motion (the

"Motion" or "Motion to Seal"), pursuant to (i) Section 107(c)(1) of Title 11 of the United States

Code (the "Bankruptcy Code") and (ii) Rule 9037 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), seeking entry of the proposed order attached hereto (the "Proposed

Order") authorizing the Trustee to file under seal (a) the document annexed as Exhibit 1 to the

declaration of James H. Aronoff (the "Aronoff SASCO Declaration"), (b) the documents annexed as

Exhibits 1 through 6 to the declaration of Edmond Esses (the "Esses SASCO Declaration"), (c) the

documents annexed as Exhibits 1 and 2 to the declaration of Karl N. Snow (the "Snow SASCO

Declaration") and the document annexed as Exhibit 5 to the declaration of Neil R. Lieberman (the

"Lieberman Declaration"), filed in support of *Objection of Wilmington Trust, National Association,*

*as Trustee for Structured Assets Securities Corporation Mortgage Pass-Through Certificates,*

*Series 2006-S4, to Lehman Brothers Holdings Inc.'s Motion to Estimate RMBS Claims of SASCO*

*2006-S4 for Reserve Purposes Pursuant to 11 U.S.C. § 502 (c), and Cross-Motion to Estimate*

*RMBS Claims for SASCO 2006-S4 for Reserve Purposes and for Relief from the Protocol Order* (the

"Reserve Motions") simultaneously with this Motion to Seal.  These exhibits include true and

correct copies of the affirmative expert report submitted by Mr. Aronoff in connection with the

RMBS Settlement Agreement and Estimation Hearing in the above-captioned matter dated as of

June 1, 2017 and summaries of the loans and breach findings for the loans in the Trust, which

contain the loan numbers for the loans in the Trust.

## BACKGROUND AND RELIEF REQUESTED[1]

1.      This Motion to Seal and the related Reserve Motions arise from Lehman Brothers Holdings Inc.'s ("LBHI") motion to estimate the Trust's claims for reserve purposes and pursuant to 11 U.S.C. § 502(c), pursuant to which LBHI seeks estimation of the Trust's claims at a deep discount from the claim amount.  The Trustee objects to LBHI's motion and is cross-moving for estimation of its claims for reserve purposes at their full value and for relief from the Protocol Order.

2.      As described in more detail in the Reserve Motions, the Trust exercised its right to opt out of the Settlement Agreement that was approved by the Court on July 6, 2017 (D.E. 55706). The Court subsequently held a 23-day estimation hearing which concluded on February 9, 2018. Initial expert reports submitted in connection with the Estimation Hearing were exchanged on June 1, 2017, before the Trust exercised its opt-out right.  Accordingly, 2,831 loans from the Trust were addressed in the opening expert report of Mr. Aronoff, the Trustees' loan review expert.

3.      A copy of Mr. Aronoff's initial report is attached as Exhibit 1 to the Aronoff SASCO Declaration; summaries of the loans and breach findings for the loans in the Trust are attached as Exhibits 1 through 5 to the Esses SASCO Declaration; loan-by-loan purchase price calculations are attached as Exhibits 1 and 2 to the Snow SASCO Declaration; and a deed of trust for  loan number XXXXXX0477 is attached as Exhibit 5 to the Lieberman Declaration.  These exhibits (the "Confidential Exhibits") contain personal identifying information that would permit the identity of individual borrowers to be reasonably inferred by either direct or indirect means. Accordingly, this Motion to Seal seeks entry of the attached Proposed Order, pursuant to Bankruptcy Code section 107(c)(1), granting permission to file the Confidential Exhibits under seal, with the Clerk of this Court in an envelope clearly indicating that the same has been filed

---

[1] The factual background regarding the Trust's Reserve Motions and the exhibits to it which this Motion  seeks authority to file under seal and redact, are all set forth more fully in the Reserve Motions itself  which is incorporated herein by reference.

under seal by Order of the United States Bankruptcy Court for the Southern District of New York

and may not be unsealed until and unless permitted by further order of this court.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334, and pursuant to Section 14.1 of the Plan wherein this Court retained jurisdiction over this

matter.  This is a  core proceeding pursuant to 28 U.S.C. § 157(b), and venue in this Court is

appropriate pursuant  to 28 U.S.C. § 1408.

## BASIS FOR THE RELIEF REQUESTED

5.      Section 107(c)(1) of the Bankruptcy Code provides the Court with the power  to

issue orders that will protect individuals from the disclosure of certain types of identifying

information.  Section 107(c)(1) provides, in relevant part:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court finds
> that disclosure of such information would create undue risk of identity theft
> or other unlawful injury to the individual or the individual's property:
>> (A) Any means of identification (as defined in section 1028(d) of
>> title 18) contained in a paper filed, or to be filed, in a case under this
>> title.
>> (B) Other information contained in a paper described in
>> subparagraph (A).

11 U.S.C. § 107(c)(1).

6.      The term "means of identification" is defined, in relevant part, to mean "any name

or number that may be used, alone or in conjunction with any other information, to identify a

specific individual," including their name.  18 U.S.C. § 1028(d)(7).

7.      Bankruptcy Rule 9037 provides that "[t]he court may order that a filing be made

under seal without redaction" and "[f]or cause, the court may by order in a case under the

Code…limit or prohibit a nonparty's remote electronic access to a document filed with the court."

Fed. R. Bankr. P. 9037(c) and (d).

8.      The Confidential Exhibits contain the loan numbers for the loans in the Trust and the name and address of an individual borrower, which are "means of identification" for the purposes of 18 U.S.C. § 1028 and are therefore protected under Section 107(c)(1) of the Bankruptcy Code.  *U.S. v. Williams*, 355 F.3d 893, 899 (6th Cir. 2003) ("As a bank loan number is an account number that can be used to obtain moan…it is a 'means of identification' as that term is defined in 18 U.S.C. § 1028"); *U.S. v. Cooks*, 589 F.3d 173 (5th Cir. 2009) ("A mortgage loan number is similar to a bank account number… each mortgage loan number, like a bank account number, is presumably unique, and thus traceable to the mortgagor").  Public access to this personally identifying information would create an undue risk of identity theft or other unlawful injury to the individual borrowers or their property.  Therefore, pursuant to Bankruptcy Code section 107(c)(1) and Bankruptcy Rule 9037, the Trustee requests that the Court enter the Proposed Order permitting the filing of the Confidential Exhibits under seal.  The Trustee has provided copies of the Confidential Exhibits to the Court for *in camera* review for the purposes of the Court's determination of this Motion.

## NOTICE

9.      Bankruptcy Rule 9037 provides that, on motion, with or without notice, the court may order that a filing be made under seal without redaction and, for cause, may by order limit or prohibit a nonparty's remote electronic access to a document filed with the court.  The Trustee submits that no notice of this Motion need be provided.

10.     No previous request for the relief sought herein has been made by the Trustee with this or any other court.

## **<u>CONCLUSION</u>**

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order authorizing the Trustee to file the Confidential Exhibits under seal and granting the Trustee such other and further relief as the Court deems just and proper.

Dated:        February 28, 2018

HOLWELL SHUSTER & GOLDBERG LLP

By:____/s/ Michael S. Shuster_____
    Michael S. Shuster
    Dwight A. Healy
    Neil R. Lieberman
    Lani A. Perlman
    750 Seventh Avenue, 26th Floor
    New York, NY 10019
    Tel.: (646) 837-5151
    Fax: (646) 637-5150

ALSTON & BIRD LLP

    John C. Weitnauer (admitted *pro hac vice*)
    Jason Solomon (admitted *pro hac vice*)
    1201 West Peachtree Street
    Atlanta, Georgia  30309
    Telephone: (404) 881-7000

*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for SASCO 2006-S4*