WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
**In re**                                                        :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
:
Debtors.                                 :    **(Jointly Administered)**
:
-------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING MOTION PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE
BANKRUPTCY CODE FOR APPROVAL OF GLOBAL RELEASE AGREEMENT
WITH THE BANK OF NEW YORK MELLON AND CERTAIN AFFILIATES**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* (the "Second Amended Case Management Order") [ECF No. 9635], the undersigned hereby certifies as follows:

1. On February 20, 2018, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed with this

Court the *Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Global Release Agreement with the Bank of New York Mellon and Certain Affiliates* (the "Motion") [ECF No. 57695].

2. In accordance with the Second Amended Case Management Order, February 28, 2018 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

4. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed order annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

      5.    I declare that the foregoing is true and correct.

Dated: March 1, 2018
       New York, New York

                                    <u>/s/ Jacqueline Marcus</u>
                                    Jacqueline Marcus
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    *Attorneys for Lehman Brothers Holdings Inc.*
                                    *and Certain of Its Affiliates*

# **EXHIBIT A**

**Proposed Order**

WEIL:\96468206\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (SCC)
                                            :
         Debtors.                           :    (Jointly Administered)
                                            :
------------------------------------------------------------x
```

**ORDER PURSUANT TO RULE 9019 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE AND**
**SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING THE**
**GLOBAL RELEASE AGREEMENT WITH THE BANK OF**
**NEW YORK MELLON AND CERTAIN AFFILIATES**

Upon the motion, dated February 20, 2018 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the Global Release Agreement (the "Global Release Agreement") among (i) LBSF, (ii) LBHI, (iii) The Bank of New York Mellon, (iv) The Bank of New York Mellon, London Branch, (v) The Bank of New York Mellon Trust Company, National Association, and (vi) BNY Mellon Corporate Trustee Service Limited *f/k/a* BNY Corporate Trustee Services Limited ((iii)-(vi) collectively, the "BNYM Entities") involving resolutions of issues, *inter alia*, pertaining to the (a) Series 2007-1 Federation A-1 Notes[1] and the Series 2007-1 Federation A-2 Notes, and (b) Dante Programme, all as more fully described in the Motion; and the Court having jurisdiction to

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the BNYM Entities; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LBSF, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Global Release Agreement is approved; and it is further

ORDERED that LBSF and LBHI, acting through the Plan Administrator, are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to

consummate the Global Release Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the BNYM Entities are authorized and directed to take such actions as they reasonably deem necessary or appropriate to consummate the Global Release Agreement and to perform any and all obligations contemplated therein, including, without limitation, to pay the Global Release Amount thereunder using proceeds held by the BNYM Entities, in their respective capacities as trustees under the Indentures; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, LBHI and its subsidiaries that commenced the Chapter 11 Cases, including LBSF (collectively, the "Chapter 11 Entities"), the BNYM Entities, as well as any successor trustees under the Indentures. The Plan Administrator, the Chapter 11 Entities, and the BNYM Entities, in their services as trustees, custodian and/or paying agent in connection with any of the Credit Default Transactions, and all of their respective current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other or the Chapter 11 Entities, arising out of, relating to, or in connection with the Motion, the Global Release Agreement or this Order, except to the extent of any obligations set forth in the Global Release Agreement that have not been performed; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE