Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-13555-scc

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    LEHMAN BROTHERS HOLDINGS INC.,

8

9              Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   Case No. 17-12442-scc

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   In the Matter of:

14

15   LEHMAN BROTHERS U.K. HOLDINGS (DELAWARE) INC.,

16

17             Debtor.

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19

20

21

22

23

24

25

```
 1                    United States Bankruptcy Court

 2                    One Bowling Green

 3                    New York, NY   10004

 4

 5                    March 8, 2018

 6                    9:58 AM

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON SHELLEY C. CHAPMAN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  JONATHAN
```

Page 3

1    HEARING re Doc #57682 Motion to Estimate RMBS Claims of

2    SASCO 2006-S4 For Reserve Purposes filed by Paul V. Shalhoub

3    on behalf of Lehman Brothers Holdings Inc

4

5    HEARING re Combined Hearing Approving Disclosure Statement

6    and Confirmation of Plan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   WEIL, GOTSHAL & MANGES LLP

 4        Attorneys for the Debtors

 5        767 Fifth Avenue

 6        New York, NY 10153

 7

 8   BY:  SCOTT R. BOWLING

 9        GARRETT FAIL

10

11   KIRKLAND & ELLIS LLP

12        Attorneys for Brookfield

13        601 Lexington Avenue

14        New York, NY 10022

15

16   BY:  CHRISTOPHER MARCUS

17        ANNELYSE GIBBONS

18

19   ROLLIN BRASWELL FISHER LLC

20        Attorneys for the Debtors

21        8350 E. Crescent Parkway, Suite 100

22        Greenwood Village, CO 80111

23

24   BY:  MICHAEL ROLLING

25        MARITZA DOMINGUEZ BRASWELL
```

```
1   HOWELL SHUSTER & GOLDBERG LLP
2        Attorneys for SASCO Trustee
3        750 Seventh Avenue, 26th Floor
4        New York, NY 10019
5
6   BY:  NEIL R. LIEBERMAN
7        MICHAEL S. SHUSTER
8        DWIGHT A. HEALY
9
10  WILLKIE FARR & GALLAGHER LLP
11       Attorneys for Plan Administrator, LBHI
12       787 Seventh Avenue
13       New York, NY 10019
14
15  BY:  TODD G. COSENZA
16
17  WILLKIE FARR & GALLAGHER LLP
18       Attorneys for Plan Administrator, LBHI
19       1875 K Street, NW
20       Washington, DC 20006
21
22  BY:  JOSEPH G. DAVIS
23
24
25
```

Page 6

1   ALSO PRESENT TELEPHONICALLY:

2   PATRICK MOHAN

3   TIFFANY KARY

4   JANE STROBEL

5   ALEXANDER TERVOOREN

6   ROBERT MADDEN

7   JOSHUA ROSENTHAL

8   CHRISTOPHER DESIDERIO

9   STEVE CARAVAJAL

10  MARTHA JOHNS

11  SAGE SIGLER

12  JOHN WEITNAUER

13  GRANT STEIN

14  ALEXANDER KLIPPER

15  KYLE BURNS

16  LOREN HARMAN

17  BENJAMIN HEIDLAGE

18  URI ITKIN

19  JULIA WINTERS

20  SCOTT LEWIS

21  TRACY HENDERSON

22  ALEX FLAMM

23  GARRETT FAIL

24  ANNELYSE GIBBONS

25  AMANDA DARWIN

Page 7

1                      P R O C E E D I N G S

2              THE COURT:  Okay.  Thank you for making yourself

3      available the day after thundersnow day.  Mr. Fail.

4              MR. FAIL:  Thank you.  Good morning, Your Honor.

5      I'm going to turn the podium over to my colleague, Scott

6      Bowling, who will walk us through the agenda this morning.

7              THE COURT:  Okay, great.

8              MR. FAIL:   Thank you.

9              MR. BOWLING:  Good morning, Your Honor.

10             THE COURT:  Good morning.

11             MR. BOWLING:  Scott Bowling, Weil, Gotshal &

12     Manges for the Debtors.  Lehman Brothers U.K. Holdings

13     (Delaware) Inc. and Lehman Pass-Through Securities Inc. are

14     the Debtors in these cases.  We refer to them as LUK and

15     LPSI for simplicity's sake.

16             With me at counsel table is Mr. Garrett Fail, also

17     Mr. Christopher Mosher and several other of his colleagues

18     at Lehman are in the Courtroom today.

19             THE COURT:  Okay.

20             MR. BOWLING:  There is only one item on today's

21     agenda.

22             THE COURT:  Right.

23             MR. BOWLING:  We are pleased to be requesting

24     approval of the disclosure statement and confirmation of the

25     plan on an uncontested basis.  With the Court's permission,

Page 8

1    I'd like to provide a very brief status update on these

2    cases, and then speak to what the Debtors have filed in

3    support of confirmation.

4          THE COURT:  Please, go ahead.

5          MR. BOWLING:  Thank you.  As you will recall, the

6    Debtors commenced these cases just over six months ago on

7    August 31, 2017.  These cases are part of a complex

8    transaction among the Debtors of EHI and affiliates of

9    Brookfield that began prior to the petition date.

10         As contemplated by that transaction as Mr. Mosher

11    stated in his first-day declaration, the Debtors had a

12    number of objectives for these Chapter 11 cases, including:

13    establishing that the liabilities on their balance sheets

14    are their only liabilities; identifying any previously

15    unknown claims, executory contracts, or unexpired leases;

16    providing appropriate treatment for their obligations under

17    the plan; and preserving the value of their assets.

18         I'm pleased to report that the Debtors have

19    accomplished all of these objections here, other than

20    confirmation of the plan, which is for today.

21         In particular, nine claims were filed in these

22    cases.  The Debtors worked with each of the claimants to

23    consensually resolve those claims based on their books and

24    records.  All the claims were subsequently withdrawn.  No

25    notices of executory contracts or unexpired leases were

Page 9

1    filed.

2           More recently in mid-January, the Debtors filed

3    the plan, the disclosure statement, and related documents.

4    The plan provides for three impaired classes: Class 3,

5    Brookfield claims; Class 5, existing Brookfield interests;

6    and Class 6, existing Lehman interests.

7           On account of his claims, Class 3 is receiving, as

8    applicable, 38.67 percent of the common equity of

9    reorganized LUK, or 42.55 percent of the common equity

10   reorganized LPSI.   Class 5 is receiving 61.33 percent of

11   the common equity or reorganized LUK, or 57.45 of percent of

12   the common equity of reorganized LPSI.  And on account of

13   its interest, Class 6 is receiving, as applicable, 100

14   percent of the preferred stock of reorganized LUK or

15   reorganized LPSI, with the liquidation as set forth in the

16   plan.

17          On January 16th, the Court granted conditional

18   approval of the disclosure statement to permit solicitation

19   and votes on the plan.  As reflected in the affidavit of

20   solicitation mailing of Jane Sullivan, Docket #52, Epiq

21   transmitted solicitation packages and notices of this

22   hearing and the objection deadline to all parties and

23   interests in these cases.

24          All of the parties entitled to vote on the plan,

25   specifically LBHI and affiliates of Brookfield, voted to

Page 10

1    accept the plan, and is shown in the voting certification of

2    Jane Sullivan, Docket #62.

3              The Debtors also gave notice of this hearing and

4    the objection deadline by publication, both throughout the

5    United States in the "Wall Street Journal" and abroad in the

6    "Financial Times."  The affidavits of publication notice are

7    at Docket #63.  Those publications were calculated to reach

8    all parties that could potentially be interested in these

9    Chapter 11 cases.  No party has objected to confirmation of

10   the plan or approval of the disclosure statement.

11             Now, as Your Honor is aware, the Debtors have

12   filed a number of declarations and other documents in

13   support of approval of the disclosure statement and

14   confirmation of the plan.  In addition to the ones already

15   mentioned, the affidavits include the first-day declaration

16   of Christopher Mosher, Docket #6, and the combined

17   declaration of Christopher Mosher in support of approval of

18   the disclosure statement and plan confirmation, Docket #46.

19             The Court admitted the first-day declaration into

20   evidence at the first-day hearing.  As for the remaining

21   declarations, Mr. Mosher and Ms. Sullivan are here in Court

22   this morning.  At this time, I would move for the admission

23   of the declarations into evidence.

24             THE COURT:  Okay.  Any objection?  Anyone wish to

25   cross-examine?  Okay, very good.

Page 11

1           MR. BOWLING:  Thank you, Your Honor.  As you are

2    also aware and could take judicial notice of the fact the

3    Debtors have filed a plan at Docket #43, the disclosure

4    statement at Docket #44, the plan supplement at Docket #45,

5    as amended at Docket #66, a memorandum of law in support of

6    approval of the disclosure statement and confirmation of the

7    plan at Docket #67, and the proposed form of confirmation

8    order at Docket #68.

9           That brings us to the Debtors' request that the

10   Court approve the disclosure statement on a final basis,

11   confirm the plan, and waive the 14-day stay of effectiveness

12   of the confirmation order under Bankruptcy Rule 3020(e).

13          As is set forth in the Debtors' confirmation

14   brief, the applicable legal standards are satisfied here.

15   The disclosure statement provided adequate information under

16   the circumstances of these cases.  Here, all of the parties

17   that were entitled to vote on the plan understood the

18   transactions contemplated by the plan and have consented to

19   the approval of the disclosure statement.

20          The plan satisfies the requirement of Section

21   1129(a) of the Bankruptcy Code for all the reasons set forth

22   in the Debtors' confirmation brief.  I'm happy to report

23   that no party has objected to either.  As a result, the

24   Debtors believe that entry of the Debtors' confirmation

25   order is appropriate and warranted.

1    With that, I'm happy to answer any questions Your

2    Honor might have.  Otherwise, the Debtors request that the

3    Court approve the disclosure statement and confirm the plan.

4    THE COURT:  All right.  Does anyone else wish to

5    be heard?  Mr. Marcus, no?

6    MR. MARCUS:  Nothing, Your Honor.

7    THE COURT:  Right.

8    MR. MARCUS:  I think Mr. Bowling said it well.

9    THE COURT:  All right.  I think he said it well as

10   well.  All right.  Based on the entirety of the record

11   before me, including the very well-prepared pleadings that

12   you've presented, I'm pleased to confirm -- pleased to

13   approve the disclosure on a final basis and confirm the

14   plan.

15   Have there been any changes to the form of order

16   from the form that we have received?

17   MR. BOWLING:  No, Your Honor.

18   THE COURT:  Okay, very good.  So once we get

19   through our long day today, we will get those entered on the

20   docket.

21   MR. BOWLING:  Thank you very much, Your Honor.

22   THE COURT:  All right?  Thank you for the very

23   nice presentation.  All right.  Thank you, Mr. Fail.

24   MR. FAIL:  Thank you very much, Your Honor.  May

25   we be excused?

                                                              Page 13

1              THE COURT:  Yes, you may.

2              MR. FAIL:  Thank you.

3              MR. BOWLING:  Thank you very much, Your Honor.

4         (Recess)

5              THE COURT:  Brief hearing on the reserve motion,

6    and then we're going to turn to the decision on the

7    estimation proceeding.

8              We're going to switch out the tape after this

9    concludes, and then our real-time reporter can begin, and we

10   will have a separate transcript for the main hearing.

11             But just by way of preview, I will tell you it's

12   going to be a very long day, so I'd like to keep this part

13   as brief as possible.  All right?

14             MR. COSENZA:  Sure.  Should I approach, Your

15   Honor?

16             THE COURT:  Yeah.  As you can see, we took back

17   our Courtroom, got rid of all of your technology and all of

18   your wires.

19             MR. COSENZA:  Good morning, Your Honor.

20             THE COURT:  Good morning, Mr. Cosenza.

21             MR. COSENZA:  Todd Cosenza from Willkie Farr &

22   Gallagher for the plan administrator, Lehman Brothers

23   Holdings, Inc.

24             Your Honor, we apologize for burdening the Court

25   with what we thought as a dispute that should have been

Page 14

1    resolved consensually.

2            Just, as a matter of background, you know, we

3    filed this motion because we wanted the decision that Your

4    Honor will issue -- rule on later today to sort of then be

5    the turnkey to releasing the reserve that's set up for the

6    remainder of these claims.

7            And obviously our motion, we filed this motion on

8    February 19th.  It relates to one opt-out trust, and we

9    sought to see the reserve for that opt-out trust, which is

10   the SASCO 2006-S4 Trust, at the greater of $2.38 billion.

11   Or if Your Honor were to determine that the -- based on the

12   estimation proceeding, that the Trustees are entitled to a

13   higher claim, such amount as this Court determines for a

14   total value of the claims at the estimation proceeding.

15           The Trustee has objected.  They claim that they

16   should -- that somehow this trust is very different from all

17   the other trusts that have been put forward in the

18   estimation proceeding, as is evidenced by the submissions of

19   the Trustee that the Trustee has put forward: it's the same

20   evidence; it's the same experts; it's the same information

21   that was part of the estimation proceeding.

22           We believe it's only reasonable, frankly, Your

23   Honor, to even wait until we hear from Your Honor's ruling

24   on the estimation proceeding --

25           THE COURT:  Oh, yes, you are going to wait.  I am

1    not going to --

2              MR. COSENZA:  -- before --

3              THE COURT:  -- listen to you now and tell you, as

4    you know, I've read everything that was submitted on this,

5    and I have no intention of giving you a decision on the

6    reserve motion until the other side of the ruling on the

7    estimation.

8              MR. COSENZA:  And, Your Honor, from our

9    perspective, that's perfectly fine.  Just one other point

10   the Trustee's, based on their submission, they would seek a

11   claim reserve for this claim of 191.7 --

12             THE COURT:  Yes.

13             MR. COSENZA:  -- which is full value of every loan

14   to full purchase price, and we think that's really out of

15   line with what we saw.  But, Your Honor, we're more than

16   happy to take this up after and that's sufficient for our

17   current purposes.

18             THE COURT:  Okay.  I may have some more questions

19   later.

20             MR. COSENZA:  Sure.

21             THE COURT:  But for now, that's fine.

22             MR. COSENZA:  Thank you.

23             THE COURT:  All right, thank you, Mr. Cosenza.

24   Mr. Shuster.

25             MR. SHUSTER:  Thank you, Your Honor.  I'll be

Page 16

1    brief.  Michael Shuster, Your Honor.

2              THE COURT:  Just let me say, with no small amount

3    of irony, that it was our fault that there was a snowstorm

4    yesterday.  It was just the final --

5              MR. SHUSTER:  Yes, no, it's in keeping with our --

6              THE COURT:  It was in keeping with the tradition

7    that we've developed in our case --

8              MR. SHUSTER:  Of things going wrong, yes, and I'll

9    agree.

10             THE COURT:  -- of things happening.

11             MR. SHUSTER:  Yeah, I hope it's not a karmic

12   thing.  So I'll be very brief.  Mr. Cosenza say that the

13   Trustees believe this trust is very different.  It is very

14   different.  It opted out; it opted out of the settlement.

15   It has a claim; it has the right to seek to prove its claim.

16             The evidence that the plan administrator adduced

17   in support of its position in the estimation hearing.  To

18   the extent it relates to the views of institutional

19   investors or other settlements simply don't apply here

20   because this isn't a settlement.  There's no agreed

21   estimation proceeding; there's no agreement that otherwise

22   inadmissible evidence would come in.

23             The value of the claim is $191 million.  The claim

24   consists of claims for breaches of reps and warranties

25   relating to income debt, employment occupancy.  There's also

Page 17

1    a substantial missing document claim that, unlike the ones

2    that were the -- some of the ones that were the subject of

3    the estimation hearing, relate almost entirely to Aurora

4    loan files that are deemed completed, and there are

5    vanishingly few on-hold loans.

6            So for all of those reasons and others that we

7    stated in our papers, we think that -- I'll just quickly on

8    prejudice.  I know that other creditors want to get paid,

9    but if a reserve is set at a certain level and the claim

10   comes in below that level, they will get paid their

11   proportionate share; they'll just have to wait a while.

12           But if the reserve here is set too low, then

13   there's a risk of actual prejudice where this creditor would

14   not get paid its proportionate share that we think is

15   unnecessary.

16           Thank you, Your Honor.

17           THE COURT:  Okay.  Thank you, Mr. Shuster.  Okay.

18   As I said, we can take this up further when we get on the

19   other side of the opinion.

20           So let's now conclude this hearing for now.

21   Jonathan, if you would put in a new tape.

22

23

24

25

Page 18

1                    C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    Sonya

6    Ledanski Hyde

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital@veritext.com, c=US
Date: 2018.03.15 11:33:46 -04'00'

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  March 12, 2018