BECKER, GLYNN, MUFFLY
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255
Chester B. Salomon
Alec P. Ostrow

GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
Kathy D. Patrick (admitted *pro hac vice*)
David Sheeren (admitted *pro hac vice*)

*Attorneys for the Institutional Investors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | : | Case No. 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------------x

**THE INSTITUTIONAL INVESTORS' MOTION
UNDER SECTION 105(a) TO ENJOIN THE RMBS TRUSTEES AND
RELATED TRANSACTION PARTIES FROM EVADING THIS COURT'S
<u>EXCLUSIVE JURISDICTION OVER THE RMBS SETTLEMENT AGREEMENT</u>**

*346867v1*

The Institutional Investors[1] file this Motion Under Section 105(a) to Enjoin the RMBS Trustees and Related Transaction Parties[2] from Evading This Court's Exclusive Jurisdiction Over the RMBS Settlement Agreement, and respectfully show as follows:

## I.
## FACTUAL BACKGROUND

1. On June 28, 2017, the Court ordered that the Institutional Investors are authorized to intervene and appear in all matters in this bankruptcy case that relate to, among other things, the RMBS Settlement Agreement, modified as of March 17, 2017 and accepted by the RMBS Trustees on June 1, 2017. *See* Dkt. 55667.

2  On July 6, 2017, this Court entered an Order Approving RMBS Settlement Agreement and Including Certain Proposed Findings of Fact and Conclusions of Law (Dkt. No. 55706) (the "9019 Order"). A copy of the 9019 Order is annexed hereto as Exhibit A. The 9019 Order provided that the "Court retains *exclusive* jurisdiction to hear and determine any dispute regarding the interpretation or enforcement of the RMBS Settlement Agreement until the closing of the LBHI Debtors' bankruptcy cases" and that the "Court otherwise retains jurisdiction with respect to all matters arising from or related to the implementation of this Order." (emphasis added)

---

[1] The Institutional Investors are: AEGON USA Investment Management, LLC, Blackrock Financial Management, Inc., Cascade Investment, L.L.C., The Federal Home Loan Bank of Atlanta, Goldman Sachs Asset Management, L.P., Invesco Advisers, Inc., Kore Advisors, L.P., the Metropolitan Life Insurance Company, Pacific Investment Management, LLC, SeaLink Funding Limited, The TCW Group, Inc., Thrivent Financial for Lutherans, Voya Investment Management (formerly known as ING Investment Management), and Western Asset Management Company.

[2] The Trustees who filed the Article 77 Petition and are parties to the RMBS Settlement Agreement are U.S. Bank National Association and Wilmington Trust, National Association. In addition, Citibank, N.A. and Wells Fargo Bank, National Association joined the Article 77 Petition in their capacities as securities administrator, paying agent, and/or calculation agent for the trusts.

*346867v1*

3. On March 8, 2018, following a 22-day estimation proceeding, this Court issued a decision from the bench, setting an allowed claim in favor of the underlying Lehman-sponsored RMBS trusts in an aggregate amount of approximately $2.38 billion. *See* Dkt. No. 57791 (transcript of March 8 hearing).

4. On March 15, 2018, the Court issued an Order Estimating Allowed Claim Pursuant to RMBS Settlement Agreement (Dkt. No. 57785) (the "Estimation Order"). A copy of the Estimation Order is annexed hereto as Exhibit B. The Estimation Order states, among other things, that "the <u>allocation and distribution</u> of the Allowed Claim shall be conducted in accordance with the terms of the RMBS Settlement Agreement" and that the Court "<u>shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order</u>." *Id.* (emphasis added)

5. On the evening of April 4, 2018—without notice to this Court, the Institutional Investors, or apparently anyone else—the Trustees filed a petition (the "Article 77 Petition") in New York Supreme Court in a special proceeding entitled *In re application of U.S. Bank Nat'l Assoc. et al.*, Index No. 651625/2018 (the "Article 77 Proceeding"), seeking judicial instructions under Article 77 concerning the interpretation of the RMBS Settlement Agreement in connection with the distribution of the Allowed Claim to investors. A copy of the Article 77 Petition (without exhibits) is annexed hereto as Exhibit C.

6. The Article 77 Petition extensively quotes the RMBS Settlement Agreement, including its detailed provisions governing how the Settlement Payment is required to be distributed to investors. *See* Petition ¶¶ 2-3, 12, 13, 19-26, 29-33, 64. The Institutional Investors learned that the Article 77 Petition was filed at approximately 7:00 p.m. ET on April 5, 2018—only after they affirmatively asked the Trustees whether any such proceeding had been filed.

7.  Through the Article 77 Petition and accompanying Order to Show Cause in the Article 77 Proceeding, the Trustees also sought interim relief in New York Supreme Court on an *ex parte* basis, including entry of escrow orders permitting the Trustees to divert the Allowed Claims away from the RMBS Trusts pending resolution of the issues raised in the Petition. A copy of the proposed Order to Show Cause in the Article 77 Proceeding is annexed hereto as Exhibit D. The Trustees attached the Estimation Order to the Petition, but failed to cite the jurisdictional provisions of the Estimation Order in their Petition or accompanying Memorandum of Law. The Trustees did not even attach the 9019 Order to their Petition, much less cite its exclusive jurisdictional provision in their Petition or accompanying Memorandum of Law.

8.  The New York Supreme Court has not yet signed the Trustees' requested interim relief or the proposed Order to Show Cause in the Article 77 Proceeding, and has set a hearing on such relief this Wednesday, April 11, at 10:00 a.m. The Institutional Investors have appeared in that matter, stated that they oppose the interim relief sought by the Trustees, and intend to appear at the April 11 hearing to challenge the New York State Supreme Court's jurisdiction over the matters raised in the Article 77 Petition and to oppose the interim relief sought by the Trustees. A copy of the letter submitted by counsel to the Institutional Investors in the New York Supreme Court is annexed hereto as Exhibit E.

## II.
## LEGAL STANDARD

9.  Pursuant to Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "Bankruptcy courts retain jurisdiction to enforce and interpret their own orders." *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005) (citing *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002)); *see also Travelers Indem. Co. v. Bailey*,

346867v1

4

557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009) ("[A]s the Second Circuit recognized ... the Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders.") (citation omitted).

10.  A Section 105(a) injunction may be used "to enjoin proceedings in other courts when [the bankruptcy court] is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it." *McHale v. Alvarez (In re 1031 Tax Group, LLC)*, 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008) (quoting *Johns-Manville Corp. v. Colo. Ins. Guar. Ass'n (In re Johns-Manville Corp.)*, 91 B.R. 225, 228 (Bankr. S.D.N.Y. 1988)).

11.  Moreover, Section 105(a) injunctions are appropriate to "assure the orderly conduct of the reorganization proceedings" and to stay an action that would "embarrass, burden, delay or otherwise impede the reorganization proceedings." *Garrity v. Leffler (In re Newman)*, 71 B.R. 567, 571, 572 (S.D.N.Y. 1987) (separately quoting *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985) and *Jaytee-Penndel Co. v. Bloor (In re Investors Funding Corp.)*, 547 F.2d 13, 16 (2d Cir. 1976)).  Section 105(a) injunctions "are authorized by statute, the usual equitable grounds for relief, such as irreparable damage, need not be shown." *Garrity v. Leffler* (*In re Newman*), 71 B.R. 567, 571 (S.D.N.Y. 1987); *accord McHale v. Alvarez* (*In re 1031 Tax Group, LLC*), 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008).

### III.
### ARGUMENT

**1.  The Trustees violated this Court's exclusive jurisdiction by filing the Article 77 Petition in New York Supreme Court.**

12.  On its face, the Article 77 Petition violates the jurisdictional provisions of this Court's 9019 Order and Estimation Order.  Remarkably, the Trustees did not even *cite* the

jurisdictional provisions in those Orders to the New York Supreme Court, much less abide by them.

13. Interpretation of the RMBS Settlement Agreement in connection with the distribution of the Allowed Claim to investors is the core relief sought by the Trustees in New York Supreme Court. In their Petition, the Trustees extensively quote numerous provisions in the RMBS Settlement Agreement that they allege create ambiguities concerning how to distribute the Allowed Claim to investors. Among the provisions of the RMBS Settlement Agreement cited by the Trustees include Section 3.01 (requiring the Trustees and related transaction parties to promptly distribute the Allowed Claim to investors) (Petition ¶¶ 12, 29-30); 3.06(a) (requiring distribution of the Allowed Claim as though it were a subsequent recovery) (Petition ¶¶ 12, 31, 34); and 3.06(b) (requiring a write-up of certificate balances in connection with the distribution of the Allowed Claim) (Petition ¶¶ 13, 33-34).

14. The Article 77 Petition violates this Court's 9019 Order, which provides that the "<u>Court retains *exclusive* jurisdiction to hear and determine any dispute regarding the interpretation or enforcement of the RMBS Settlement Agreement</u>."  Dkt. No. 55706. The Article 77 Petition also violates this Court's Estimation Order, which provides that "the <u>allocation and distribution</u> of the Allowed Claim shall be conducted in accordance with the terms of the RMBS Settlement Agreement" and that the Court "<u>shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.</u>" Dkt. No. 57785.

15. As the Court well knows, the Trustees have spent untold sums of investors' money litigating the RMBS claims over the past six years. In the end, the RMBS Trusts received an allowed claim of $2.38 billion—approximately the same claim size *rejected* by the Trustees in

February 2016, despite having significant support at that time from the Trusts' certificateholders, the true economic beneficiaries of the claims and creditors of the Lehman estates.

16. Now, nearly ten years after these bankruptcy cases were filed, and on the eve of investors *finally* receiving their recoveries, the Trustees threaten to spend *even more* of investors' money seeking (i) "clarification" of the terms of an RMBS Settlement Agreement which *the Trustees negotiated and accepted in June 2017*, and (ii) guidance concerning basic waterfall provisions in trust agreements *they have administered for over 10 years*.

17. In that context, the Trustees' attempt to circumvent this Court's exclusive jurisdiction over the RMBS Settlement Agreement should not be permitted. The Article 77 proceeding filed by the Trustees will further delay payment to the true economic creditors of the Lehman estate, and will thereby "embarrass, burden, delay or otherwise impede the reorganization proceedings." *Garrity v. Leffler (In re Newman)*, 71 B.R. 567, 571.

18. It is time for the true economic creditors here to receive their distributions, and it is beyond time for the Trustees to stop spending even more of investors' money belatedly seeking "clarification" of the meaning of their own contracts.

**2.    The Trustees were required to first seek relief in this Court.**

19. While the New York Supreme Court has previously afforded the Trustees an opportunity for relief under Article 77 concerning the distribution of RMBS settlements to investors, each of those prior actions have concerned issuers who were not bankrupt.[3] Here, however, this Court has (i) exercised jurisdiction over the underlying RMBS repurchase claims for nearly ten years, (ii) approved the RMBS Settlement Agreement through the Rule 9019

---

[3] *See, e.g.*, *In re Bank of New York Mellon*, Index No. 150973/2016 (N.Y. Sup. Ct.) (Article 77 proceeding concerning distribution of $8.5 billion settlement paid by Bank of America and Countrywide); *In the matter of the application of Wells Fargo Bank, National Association, et al.*, Index No. 657387/2017 (N.Y. Sup. Ct.) (Article 77 proceeding concerning distribution of $4.5 billion settlement paid by JPMorgan).

*346867v1*

7

process; (iii) conducted a 22-day estimation proceeding; (iv) ordered the RMBS Trustees to distribute the $2.38 billion Allowed Claim in accordance with the RMBS Settlement Agreement, and (v) retained exclusive jurisdiction over all matters pertaining to the RMBS Settlement Agreement. For those reasons, the Article 77 Petition uniquely threatens to "defeat or impair [this Court's] jurisdiction." *See McHale v. Alvarez (In re 1031 Tax Group, LLC)*, 397 B.R. 670, 684.

20. Accordingly, the Institutional Investors believe that the Trustees were required to submit their request for relief to this Court in the first instance. If this Court decides to abstain from exercising the jurisdiction it retained, the RMBS Trustees can proceed in the New York Supreme Court. If this Court retains jurisdiction, then the Court can decide—among other things—whether the Trustees are entitled to relief or whether, among other things, they waived their right to seek that relief by failing to raise the issues earlier in these bankruptcy proceedings, including in connection with briefing on the debtors' 9019 motion for approval of the RMBS Settlement Agreement from April to June 2017, or in connection with the 22-day estimation proceeding.

## CONCLUSION

WHEREFORE, the Institutional Investors respectfully request that the Court enter an order pursuant to Section 105(a): (i) enjoining the RMBS Trustees from seeking judicial instructions concerning the distribution of the Allowed Claim to investors pursuant to the RMBS Settlement Agreement in New York Supreme Court, (ii) further ordering any such proceeding to be brought before this Court, which retained exclusive jurisdiction to hear such disputes under the Estimation Order and the 9019 Order, and (iii) granting the Institutional Investors such other and further relief as is just.

Dated: April 10, 2018
New York, New York

                                                 By:  /s/ Alec P. Ostrow
                                                      Alec P. Ostrow
                                                        Chester B. Salomon
                                                        BECKER, GLYNN, MUFFLY,
                                                        CHASSIN & HOSINSKI, LLP
                                                        299 Park Avenue
                                                        New York, New York 10171
                                                        Telephone: (212) 888-3033
                                                        Facsimile: (212) 888-0255

                                                   /s/ Kathy D. Patrick
                                                        Kathy D. Patrick (admitted *pro hac vice*)
                                                        David Sheeren (admitted *pro hac vice*)
                                                        GIBBS & BRUNS, LLP
                                                        1100 Louisiana, Suite 5300
                                                        Houston, Texas 77002
                                                        Telephone: (713) 650-8805
                                                        Facsimile: (713) 750-0903

                                                        *Attorneys for the Institutional Investors*

## List of Exhibits

A – This Court's 9019 Order

B – This Court's Estimation Order

C -  Article 77 Petition

D – Proposed Order to Show Cause in Article 77 Proceeding

E – Letter to Justice Friedman on Behalf of Institutional Investors

*346867v1*