At IAS Part ____ of the Supreme Court of the State of New York, held in and of the County of New York, at the Courthouse located at 60 Centre Street, New York, New York, on the ____ day of April 2018.

**PRESENT:**

_____
                         Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the matter of the application of<br><br>U.S. BANK NATIONAL ASSOCIATION, WELLS FARGO BANK, NATIONAL ASSOCIATION, WILMINGTON TRUST, NATIONAL ASSOCIATION, WILMINGTON TRUST COMPANY, and CITIBANK, N.A. (as Trustees, Indenture Trustees, Securities Administrators, Paying Agents, and/or Calculation Agents of Certain Residential Mortgage-Backed Securitization Trusts),<br><br>                        Petitioners,<br><br>For Judicial Instructions under CPLR Article 77 on the Administration and Distribution of a Settlement Payment. | Index No. _____/2018<br>Mot. Seq. 001<br><br>**ORDER TO SHOW CAUSE** |

UPON reading and filing the annexed Petition, the Affidavit of Robert L. Schnell, Jr. dated April 4, 2018 (the "Schnell Affidavit"), the exhibits annexed thereto, and the Affidavit of Glenn Hubbard, in which (1) it is alleged that Petitioners U.S. Bank National Association; Wells Fargo Bank, National Association; Wilmington Trust, National Association; Wilmington Trust Company; and Citibank, National Association (collectively, the "Petitioners") act as trustees, indenture trustees, successor trustees, securities administrators, paying agents, and/or calculation agents of the residential mortgage-backed securitization trusts identified in <u>Exhibit A</u> and <u>Exhibit D</u> to the Petition (collectively, the "Settlement Trusts"); (2) it is alleged that each of the Settlement Trusts is entitled to an "Allocable Share" of certain Covered Loan Settlement Payments and Transferor Loan Settlement Payments (the "Settlement Payments"); and (3) the

Petitioners request the Court's direction on matters of contractual construction pertaining to the distribution or administration of the Allocable Share of the Settlement Payments to holders of the certificates, notes, or other securities issued by the Subject Settlement Trusts listed on Exhibit A to the Petition (the beneficial owners thereof, "Certificateholders"),

SUFFICIENT CAUSE THEREFOR BEING ALLEGED, IT IS

ORDERED that Certificateholders and any other person claiming an interest in any of the Settlement Trusts (each, an "Interested Person," and all such persons collectively, "Interested Persons") show cause at IAS Part 60 in Room ____ of New York County Courthouse, 60 Centre Street, New York, New York at _____ A.M./P.M. on _____, 2018 (the "Final Hearing")[1], why an order and judgment should not be entered granting the Petition; directing the release of each Allocable Share of the Settlement Payments from each escrow described below and the transfer of each Allocable Share into the appropriate account of each Subject Settlement Trust as such Allocable Share may be increased by any interest earnings accrued thereon in escrow; resolving the questions presented by the Petition and directing the Petitioners as the Court may so order; permanently barring litigation outside of the context of this proceeding on any question, issue, objection, claim, or concern related to the receipt, escrow, investment, distribution, and administration of the Settlement Payments; and for such other and further relief as this Court deems just and proper; and it is further

ORDERED, as an interim measure necessary to permit the Court to direct the Petitioners on the administration and distribution of the Allocable Shares to the Certificateholders for each Subject Settlement Trust, that each Petitioner is directed to cause the Allocable Shares of the Settlement Payments for each Subject Settlement Trust for which such Petitioner acts as trustee, indenture trustee, successor trustee, paying agent, or securities administrator to be maintained as

---

[1] This date is subject to reconsideration and adjournment by the Court.

a deposit in escrow pursuant to the escrow agreements applicable to such Petitioner (each an "Escrow Agreement" and collectively, the "Escrow Agreements") attached as Exhibit 1 to the Schnell Affidavit and to use commercially reasonable efforts to keep the Settlement Payment for the Settlement Trust invested and reinvested in the high quality money market funds described in Exhibit 2 to the Schnell Affidavit until such time as this Court enters an order concerning the Settlement Payment Application Process and directs the transfer the Settlement Payments to the applicable collection or distribution accounts for the related Subject Settlement Trusts or until such time as the Court rules otherwise; and it is further

ORDERED that within twenty-one (21) days of the entry of this Order to Show Cause, the Petitioners shall cause notice of this proceeding of the Final Hearing to be provided by: (a) mailing, by first class, registered mail, a copy of a notice in substantially the form submitted as Exhibit 3 to the Schnell Affidavit (the "Notice"), as well as the Order to Show Cause, the Petition, the Memorandum of Law dated April 4, 2018, and all other papers filed contemporaneously with the Petition (other than the compact disc containing electronic copies of the Governing Agreements) to all Certificateholders listed on the certificate registry for each of the Settlement Trusts and to any certificateholder in a Settlement Trust (or its counsel) that has requested such papers from any Petitioner; (b) electronically transmitting the Notice to The Depository Trust Company, which will post the Notice in accordance with its established procedures; (c) electronically posting, as soon as reasonably practical but no later than twenty-one (21) days from the date hereof, any of the following (or causing the related securities administrator, paying agent, or calculation agent to electronically post any of the following as such party may so choose):  (x) a notice on the investor reporting website for the applicable Settlement Trusts referring investors to http://www.lbhirmbssettlement.com for information

about this proceeding; or (y) the Notice on the investor reporting website for the applicable Settlement Trusts; and (d) electronically posting, as soon as reasonably practical but no later than twenty-one (21) days from the date hereof, a copy of the Notice, as well as the Order to Show Cause, the Petition, the Memorandum of Law dated April 4, 2018; and all other papers filed contemporaneously with the Petition (other than the compact disc containing electronic copies of the Governing Agreements) to www.lbhirmbssettlement.com, and subsequently electronically posting all papers filed in this proceeding to the same website (collectively, the "Notice Program"); and it is further

ORDERED that the Notice Program is approved, is the best notice practicable, is reasonably calculated to put interested parties on notice of this action, and constitutes due and sufficient notice of this special proceeding in satisfaction of federal and state due process requirements and other applicable law; and it is further

ORDERED that a preliminary status conference with counsel will be held on _____ _____, 2018, at _____, to discuss scheduling of future proceedings herein and that no Interested Person (other than Interested Persons who are natural persons) will be heard at the conference unless such Interested Person's counsel has served a notice of appearance prior to the date of the conference; and it is further

ORDERED that any Interested Person who wishes to be heard on the merits of the questions presented by the Petition may appear by counsel or (subject to the limitations imposed by CPLR 321(a)) in person at the Final Hearing and present such evidence or argument as may be proper and relevant; provided, however, that, except for good cause shown, no Interested Person shall be heard and nothing submitted by any Interested Person shall be considered by the Court unless such Interested Person serves an answer to the Petition, together with any

supporting papers (a "Submission"), on or before _____, 2018; and it is further

ORDERED that responses to Submissions shall be served within ten (10) days after the deadline for filing Submissions; and it is further

ORDERED that all papers required or permitted to be served by Petitioners or any party who appears shall be served by filing on the court e-filing system NYSCEF, unless a party or recipient is exempt, and by overnight mail or personal delivery; and it is further

ORDERED that any written notice of intention to appear and any other written motions and papers required or permitted to be filed for any purpose in this proceeding shall be double-spaced and shall not exceed a total of fifteen (15) pages, not including documentary evidence, unless an expansion of the page limit is granted by the Court in advance of filing of the papers. (For example, a notice of intention to appear, statement of grounds for the appearance, and a memorandum of law in support shall together not exceed fifteen (15) pages); and it is further

ORDERED that any Interested Person who fails to appear at the Final Hearing in the manner described herein or fails to answer the Petition in the manner described herein shall be deemed to have waived the right to be heard on the questions presented by the Petition and from appealing any order, resolution, or judgment issued in this proceeding and shall be forever and finally barred from raising the right to be heard on such questions in this or any other action or proceeding, unless the Court orders otherwise; and it is further

ORDERED that two hard copies of all papers served by any person, with proof of service thereof, shall also be filed with the Clerk of Part 60 by the date on which such papers are required to be filed. For any paper for which this Order to Show Cause does not specify a service and filing date, the two hard copies shall be filed with the Part 60 Clerk in advance of the

return date and, if possible, at least seven days before the return date. Except for good cause shown, no request to be heard will be granted unless such hard copies are filed pursuant to this paragraph.

**ENTER:**

_____
                              J.S.C.