BECKER, GLYNN, MUFFLY
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
Telephone: (212) 888-3033
Facsimile: (212) 888-0255
Chester B. Salomon
Alec P. Ostrow

GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903
Kathy D. Patrick (admitted *pro hac vice*)
David Sheeren (admitted *pro hac vice*)

*Attorneys for the Institutional Investors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re                                           :      Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS, INC., et al.,         :      Case No. 08-13555 (SCC)
                                                :
                              Debtors.          :      (Jointly Administered)
------------------------------------------------------------------------x

**AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1 IN SUPPORT
OF ORDER TO SHOW CAUSE WHY RMBS TRUSTEES SHOULD NOT BE
ENJOINED FROM PROCEEDING IN NEW YORK STATE COURT TO
INTERPRET A SETTLEMENT APPROVED BY THIS COURT AS TO
WHICH THIS COURT RETAINED EXCLUSIVE JURISDICTION
<u>AND TEMPORARY RESTRAINING ORDER</u>**

STATE OF NEW YORK         )
                          ) SS.:
COUNTY OF NEW YORK        )

      Alec P. Ostrow, being duly sworn, deposes and says:

1. I am a partner in the firm of Becker, Glynn, Muffly, Chassin & Hosinski LLP, which serves as local counsel to Gibbs & Bruns, LLP, which is lead counsel to the Institutional Investors.[1] I make this affidavit pursuant to Local Bankruptcy Rule 9077-1 in support of the Institutional Investors' proposed Order to Show Cause and Temporary Restraining Order to commence their motion under 11 U.S.C. § 105(a), seeking to enjoin the RMBS Trustees[2] and related transaction parties[3] from evading this Court's exclusive jurisdiction over the RMBS settlement agreement (the "Motion"). I am fully familiar with the facts set forth herein.

2. On June 28, 2017, the Court ordered that the Institutional Investors are authorized to intervene and appear in all matters in this bankruptcy case that relate to, among other things, the RMBS Settlement Agreement, modified as of March 17, 2017 and accepted by the RMBS Trustees on June 1, 2017. *See* Dkt. 55667.

3. As set forth at length in the accompanying Motion, the Institutional Investors seek to enforce this Court's Order Approving RMBS Settlement Agreement and Including Certain Proposed Findings of Fact and Conclusions of Law, entered July 6, 2017 (Dkt. No. 55706) (the "9019 Order"). The 9019 Order provided that the "<u>Court retains *exclusive* jurisdiction to hear and determine any dispute regarding the interpretation or enforcement of the RMBS Settlement Agreement</u> until the closing of the LBHI Debtors' bankruptcy cases" and that the "Court

---

[1] The Institutional Investors are AEGON USA Investment Management, LLC, Blackrock Financial Management, Inc., Cascade Investment, L.L.C., The Federal Home Loan Bank of Atlanta, Goldman Sachs Asset Management, L.P., Invesco Advisers, Inc., Kore Advisors, L.P., Metropolitan Life Insurance Company, Pacific Investment Management Company LLC, SeaLink Funding Limited, The TCW Group, Inc., Thrivent Financial for Lutherans, Voya Investment Management, and Western Asset Management Company.

[2] The RMBS Trustees who are the subject of this motion are U.S. Bank National Association and Wilmington Trust, National Association.

[3] The related transaction parties who are the subject of this motion are Citibank, N.A. and Wells Fargo Bank, National Association.

*346774v1*

<u>otherwise retains jurisdiction with respect to all matters arising from or related to the implementation of this Order</u>." (emphasis added).

4. On the evening of April 4, 2018—without notice to this Court, the Institutional Investors, or apparently anyone else—the Trustees filed a petition in New York Supreme Court seeking judicial instructions under Article 77 concerning the interpretation of the RMBS Settlement Agreement in connection with the distribution of the Allowed Claim to investors (the "Article 77 Petition"). *See In re application of U.S. Bank Nat'l Assoc. et al.*, Index No. 651625/2018.

5. The Article 77 Petition extensively quotes the RMBS Settlement Agreement, including its detailed provisions governing how the Settlement Payment is required to be distributed to investors. *See* Petition ¶¶ 2-3, 12, 13, 19-26, 29-33, 64. The Institutional Investors learned that the Article 77 Petition was filed at approximately 7:00 p.m. ET on April 5, 2018—only after they affirmatively asked the Trustees whether any such proceeding had been filed.

6. Through the Article 77 Petition and accompanying Order to Show Cause, the Trustees also sought interim relief in New York Supreme Court on an *ex parte* basis, including entry of escrow orders permitting the Trustees to divert the Allowed Claims away from the RMBS Trusts pending resolution of the issues raised in the Petition. The Trustees attached the Estimation Order to the Petition, but failed to cite the jurisdictional provisions of the Estimation Order in their Petition or accompanying Memorandum of Law. The Trustees did not even attach the 9019 Order to their Petition, much less cite its exclusive jurisdictional provision in their Petition or accompanying Memorandum of Law.

7. The New York Supreme Court has not yet signed the Trustees' requested interim relief, and has set a hearing on such relief this Wednesday, April 11, at 10:00 a.m. The

Institutional Investors have appeared in that matter, stated that they oppose the interim relief sought by the Trustees, and intend to appear at the April 11 hearing to challenge the New York State Supreme Court's jurisdiction over the matters raised in the Article 77 Petition and to oppose the interim relief sought by the Trustees.

8.  The Institutional Investors are requesting that this Court sign the proposed Order to Show Cause with the Temporary Restraining Order to preserve and enforce this Court's exclusive jurisdiction. Unless the RMBS Trustees and related transaction parties are prevented from proceeding further in the Article 77 Proceeding, there is a risk that preliminary relief will be granted in the Article 77 Proceeding to the prejudice of the Institutional Investors, and more important, in derogation of this Court's exclusive jurisdiction.

9.  The Institutional Investors have considered the removal of the Article 77 Proceedings, pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452, but because of the procedure in article 77 proceedings, the Institutional Investors are not yet parties, and only parties may remove a claim or cause of action pursuant to the removal statute. As a consequence, a temporary restraining order from this Court is the only viable option.

**WHEREFORE,** I respectfully request that this Court enter the proposed Order to Show Cause with the Temporary Restraining Order, and grant the Institutional Investors such other and further relief as is just.

_____
Alec P. Ostrow

Sworn to before me this 10th
Day of April, 2018

_____
Notary Public

MAYA I. GHOSE
Notary Public, State of New York
No. 01GH6370417
Qualified in New York County
Commission Expires 1/29/2022

346774v1

4