### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDITO EMILIANO SPA** ("Seller"), acting on behalf of one customer (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **CASSA DI RISPARMIO DI PARMA E PIACENZA SPA**, now Crédit Agricole Cariparma SPA, (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to **Proof of Claim Number 62892** filed by or on behalf of Seller] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any all of its Customers' s right, title and interest in, to and under the transfer agreements, if any, under which Customers or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer own and good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.



4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of February 2018.

| CREDITO EMILIANO SPA | CASSA DI RISPARMIO DI PARMA E PIACENZA SPA (Now Crédit Agricole Cariparma SPA) |
|---|---|
| By: _____ | By: _____ |
| Name: Giorgio Ferrari | Name: Aldo Viganò |
| Title: Chairman of the board | Title: Chief of Legal Department |
| Via Emilia San Pietro, n.4 | Via Langhirano n. 51/a |
| 42121 Reggio Emilia, Italy | Parma, 43124 Italy |
| | |
| Attn. Efisio Bertrand | Attn.: Alessandro Sbalbi |
| Phone 0039 0522 582601 | Phone: 0039 0521 974514 |
| Fax 0039 0522 583129 | |
| e-mail ebertrand@credem.it | e-mail: Alessandro.Sbalbi@credit-agricole.it |

Schedule 1

Transferred Claims

Purchased Claim

0,1512739% of XS0211093041 EUR = USD 27,198.38 of USD 17,979,558.47 (i.e. the outstanding amount of XS0211093041 as described in the Proof of Claim dated 29 October, 2009 and filed on 2 November, 2009),

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREAS.BV 7,5%/VAR.RATE 16.02.05/15 | XS0211093041 | LEHMAN BROTHERS TREASURY BV | Lehman Brothers Holdings Inc. | EUR 19,000.00 (equivalent to USD 26,886.90) | 16/02/2015 | EUR 19,220.11 (equivalent to USD 27,198.38) |

CREDITO EMILIANO S.P.A.

...Ferreri...

CASSA DI RISPARMIO DI PARMA E PIACENZA SpA

............................

B 2100A (Form 2100A) (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

United States Bankruptcy Court

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS | Case No. 08-13555 (JMP) JOINTLY ADMINISTERED |

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee
**Cassa di Risparmio di Parma e Piacenza SpA**
now Crédit Agricole Cariparma SpA

Name and Address where notices to transferee
should be sent:

Crédit Agricole Cariparma SpA

Serv. Consulenza Legale
Via La Spezia, 138/A
43126 Parma
Italy
**Email: Alessandro.Sbalbi@credit-agricole.it**
**Phone: 0039 0521 974514**
Last Four Digits of Acct #: N/A

*Name and Address where transferee payments
should be sent (if different from above):*
*Creditor name: Crédit Agricole Cariparma SpA (CRPPIT2P)*
*Beneficiary Bank: Crédit Agricole SA Paris*
*Beneficiary Bic-Bank identification code AGRIFRPP*
*Intermediary bank: JPMORGAN CHASE BANK NEW YORK*
*Intermediary Bic-Bank Identification Code: CHASUS33*
*Beneficiary account number c/o Crédit Agricole SA Paris:*
**FR7630006000012114734500061**

*Phone: 0039 02 87133400*
*Attn: Ferruccio Farinelli*

Name of Transferor
**Credito Emiliano S.p.A.**

Court Claim: 62892
Amount of Claim: $152,505,272.33

Portion of Claim Transferred: $27,198.38
(see Schedule I attached)

Date Claim Filed: 2nd November 2009

Attn: Stefania Catellani
Phone: +39 0522 582464
Last Four Digits of Acct. #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

By: _____[signature]_____          Date: 12th February 2018
       Transferee

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

1

**Exhibit C**

**[address and name of Transferee]**

Address for Notices:

Cassa di Risparmio di Parma e Piacenza SpA (now Crédit Agricole Cariparma SpA)
Servizio Consulenza Legale
Via La Spezia, 138/A
43126 Parma
Italy

Attn. Alessandro Sbalbi
Tel 0039 0521 974514
Email Alessandro.Sbalbi@credit-agricole.it