# Exhibit D

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Glenn E. Siegel<br>John C. Goodchild, III (*pro hac vice*)<br>James O. Moore<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>*Counsel to The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank National Trust Company, and Deutsche Bank Trust Company Americas as Trustee of Certain Mortgage-Backed Securities Trusts* | ALSTON & BIRD LLP<br>John C. Weitnauer (*pro hac vice*)<br>90 Park Avenue<br>New York, New York 10016<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br>*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts* |
| SEWARD & KISSEL LLP<br>Mark D. Kotwick<br>Arlene R. Alves<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 574-1200<br>Facsimile: (212) 480-8421<br>*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts* | DECHERT LLP<br>Mauricio A. España<br>Craig P. Druehl<br>1095 Avenue of the Americas<br>New York, New York 10036-6797<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br>*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts* |
| ALLEN & OVERY LLP<br>John Kibler<br>1221 Avenue of Americas<br>New York, New York 10020<br>Telephone: (212) 610-6300<br>Facsimile: (212) 610-6399<br>*Counsel to HSBC Bank USA, N.A., as Trustee of Certain Mortgage-Backed Securities Trust* | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| | Related to ECF Nos. 8674, 8675 & 8931 |

**SUPPLEMENTAL MEMORANDUM OF LAW OF**
**THE RMBS TRUSTEES IN FURTHER SUPPORT**
**OF THEIR MOTION FOR APPROVAL OF**
**CERTAIN NON-MATERIAL PLAN MODIFICATIONS**

DB1/ 84254084

## **TABLE OF CONTENTS**

Table of Authorities .................................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT AND AUTHORITY ............................................................................................2

    I.   The Relief Requested in the Motion Does Not Constitute a "Modification" Because It Is Merely Designed to Aid in the Implementation of the Plan, and the Plan Itself Expressly Authorizes the Court to Grant Such Relief as Needed. .......................................................................................................................2

    II.  The Relief Requested in the Motion Does Not Constitute a "Modification" Because It Does Not Substantially Change the Plan and Will Not Alter the Legal Relationships among the Parties in Interest or Affect the Rights of Claimholders ...........................................................................................................5

    III. The Court's Authority to Grant the Motion Derives from the Plan Itself, Not From § 1127(b). ..........................................................................................................6

CONCLUSION ...........................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages(s)**

*In re Boylan Int'l, Ltd.*,
   452 B.R. 43 (Bankr. S.D.N.Y. 2011) ............................................................................... *passim*

*Doral Ctr., Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*,
   208 B.R. 812 (Bankr. S.D.N.Y. 1997) ..................................................................................................6

*Hawkins v. Chapter 11 Tr.*,
   2009 WL 701115 (N.D.N.Y. Mar. 13, 2009) ......................................................................7

*In re Johns-Manville Corp.*,
   920 F.2d 121 (2d Cir. 1990) ................................................................................. *passim*

*In re Joint E. & S. Dist. Asbestos Litig.*,
   982 F.2d 721 (2d Cir. 1992) .............................................................................................3, 5

*In Sea Island Co.*,
   486 B.R. 559 (S.D. Ga. 2013) .............................................................................. *passim*

*SCH Corp. v. CFI Class Action Claimants*,
   597 F. App'x 143 (3d Cir. 2015) ......................................................................................3

**Statutes**

11 U.S.C. § 1127 ............................................................................................................... *passim*

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Through their undersigned counsel, the RMBS Trustees[1] file this Supplemental Memorandum of Law in Further Support of their Motion for Approval of Certain Non-Material Plan Modifications filed June 1, 2015 (ECF No. 8675) (the "**Motion**") seeking entry of an order making certain nonmaterial clarifications and changes to the provisions of the Plan concerning the distributions to the RMBS Trusts under Article IV.C of the Plan. In further support of the Motion, the RMBS Trustees respectfully represent as follows:

## PRELIMINARY STATEMENT

1. At the July 30, 2015 hearing on the Motion, the Court asked the RMBS Trustees to address the extent of the Court's authority to make the requested changes to the Plan under 11 U.S.C. § 1127(b), particularly in light of the Court's opinion in *In re Boylan Int'l, Ltd.*, 452 B.R. 43 (Bankr. S.D.N.Y. 2011) (Glenn, J.). In *Boylan*, the Court found that the proposed change to the plan constituted a "modification" for purposes of § 1127(b), which is the operative Bankruptcy Code provision for modifying a plan of reorganization. The Court therefore looked to the requirements of the statute to determine whether the "modification" was warranted. 452 B.R. at 47-48.

2. Section 1127(b) authorizes post-confirmation "modifications" to a reorganization plan, provided that certain statutory requirements are met. Not all post-confirmation revisions to a plan, however, rise to the level of "modifications" within the meaning of the Bankruptcy Code. For example, in *In re Johns-Manville Corp.*, the Second Circuit found that the changes proposed after confirmation did not constitute a "modification" of the plan within the meaning of the

---

[1] Capitalized terms used in this Supplemental Memorandum of Law and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or in the Motion.

DB1/ 84254084                                    1

Bankruptcy Code and thus the court "need not address" the requirements of § 1127. 920 F.2d 121, 128 (2d Cir. 1990) (concerning changes sought by a trustee to free amounts to pay claims).

3. The RMBS Trustees respectfully submit that the relief sought in the Motion does not constitute a "modification" under the meaning of the Bankruptcy Code for two reasons: (i) the Motion merely seeks relief to aid in the implementation of the Plan, and the Plan itself expressly authorizes the Court to grant such relief; and (ii) the relief sought does not include any significant or substantive changes to the Plan, and it will not alter the legal relationships among the parties in interest or affect the legal rights of claimholders in any way. Therefore, unlike in *Boylan*, this Court's authority to grant the Motion derives from the Plan itself, rather than from § 1127(b).[2]

### ARGUMENT AND AUTHORITY

I. The Relief Requested in the Motion Does Not Constitute a "Modification" Because It Is Merely Designed to Aid in the Implementation of the Plan, and the Plan Itself Expressly Authorizes the Court to Grant Such Relief as Needed.

4. The Bankruptcy Code does not define what constitutes a "modification." *Boylan*, 452 B.R. at 47 (citing 7 Collier on Bankruptcy ¶ 1127.03 (16th ed. rev. 2011). As a result, "courts determine what constitutes a 'modification' on a case-by-case basis." *Id.* "[C]ourts that have analyzed the issue of whether a subsequent change to a confirmed plan of reorganization constitutes a 'modification' distinguish between the courts' inability to '*modify*' a plan and their

---

[2] As discussed below in paragraph 12, the Plan appears to have been substantially consummated by its terms and, if so, cannot be modified under § 1127. The RMBS Trustees believe that the Plan is unique because of its complexities, particularly in light of the varied and numerous distributions contemplated under the Plan. At least as it relates to the distributions of the proceeds of the RMBS Settlement, the Plan remains in flux and should be clarified as necessary to effectuate its intended purpose. Moreover, as stated herein and in the Motion, the Plan contemplates the need for clarifications such as the ones requested in the Motion. Nevertheless, for the reasons stated herein, the RMBS Trustees respectfully submit that the Court need not address the requirements of § 1127.

2

ability to '*clarify* a plan where it is silent or ambiguous'; and/or '*interpret*' plan provisions to further equitable concerns.'" *SCH Corp. v. CFI Class Action Claimants*, 597 F. App'x 143, 148 (3d Cir. 2015) (emphasis added) (internal citations omitted) (finding that "turning a five-year plan into an eight-year plan constitutes a modification.").

5. The Second Circuit has held that the "substance of the change" controls whether it constitutes a "modification." *In re Joint E. & S. Dist. Asbestos Litig.*, 982 F.2d 721, 748 (2d Cir. 1992), *opinion modified on reh'g*, 993 F.2d 7 (2d Cir. 1993). The relief requested in the Motion clarifies the Plan language and facilitates distributions already allocated and determined under the Plan. The RMBS Trustees filed the Motion to further equitable concerns because, without the relief sought in the Motion, some Certificateholders may not receive the distributions to which they are entitled.

6. The Second Circuit also has drawn a distinction regarding post-confirmation changes that are expressly authorized under the plan or under a pre-consummation order from the bankruptcy court. *Compare Johns–Manville Corp.*, 920 F.2d at 129 (finding relief requested did not constitute a "modification" under § 1127(b) where it "was well grounded on explicit modification authority" in the plan) *with Joint E. & S. Dist. Asbestos Litig.*, 982 F.2d at 749 (finding relief requested constituted a "modification" under § 1127(b) where "[n]o comparable authority in Plan documents or in pre-consummation Court approval existed"); *see also In re Sea Island Co.*, 486 B.R. 559, 571 (S.D. Ga. 2013) (finding post-consummation request for extension of claim objection deadline and initial distribution date did not constitute "modification" of plan and "more appropriately can be characterized as the bankruptcy court exercising its Plan-granted authority to set the objection deadline date in order to streamline the objection and allowance process"). The Plan contemplates the need for the particular clarifications and changes that the

3

RMBS Trustees are seeking and, like in *Johns-Manville*, provides a method by which the parties may modify, supplement, or amend the Plan after confirmation with authorization from the Court.

7. As stated in the Motion, the RMBS Trustees anticipated that, because of the many hundreds of RMBS Trusts and Loan Groups involved in the RMBS Settlement and the existence of variations among the governing agreements, the provisions of the Plan concerning the distribution of the proceeds of the RMBS Settlement would need to be revisited. Therefore, the Plan authorizes this Court to find that certain non-material, conforming changes to the Plan provisions governing the distribution of the proceeds are necessary. *See* Plan, Art. IV.C.(3)(e) ("[S]hould the Bankruptcy Court determine that a different treatment is required to conform the distributions to the requirements of the governing agreements, that determination shall govern and shall not constitute a material change to this Plan.").

8. The relief requested in the Motion is necessary to effect distributions to Certificateholders contemplated by the Plan. Accordingly, the requested relief is not an improper modification of the Plan, but rather is consistent with and contemplated by the provisions of the Plan. *See Johns-Manville*, 920 F.2d at 125 (finding proposed changes did not constitute improper "modification" under § 1127(b), but rather were "entirely consistent with and pursuant to the provisions of the reorganization plan"); *Sea Island Co.*, 486 B.R. at 571 (finding proposed changes did not constitute "modification" of plan, but rather "more appropriately can be characterized as the bankruptcy court exercising its Plan-granted authority").

9. Furthermore, like in *Johns-Manville*, this Court's order confirming the Plan expressly retains post-confirmation jurisdiction for the purpose of curing any defect or omission

4

in the Plan. *See* Confirmation Order ¶ 66 ("Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan."); Plan, Art. XXI.(j) (providing that this Court shall retain jurisdiction for certain purposes, including "to consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order"). Both the Plan and the Confirmation Order, therefore, expressly provide this Court the authority and the jurisdiction to grant the Motion. Therefore, the Court can exercise its Plan-granted authority to approve the necessary changes pursuant to Article IV.C.(3)(e) of the Plan. *See Johns-Manville*, 920 F.2d at 125; *Sea Island Co.*, 486 B.R. at 571.

II. The Relief Requested in the Motion Does Not Constitute a "Modification" Because It Does Not Substantially Change the Plan and Will Not Alter the Legal Relationships among the Parties in Interest or Affect the Rights of Claimholders.

10. The Second Circuit has noted that the concept of "modification" under § 1127(b) may imply "some distinction between significant changes of substance, which are prohibited, and minor changes of procedure, which might be allowed." *Joint E. & S. Dist. Asbestos Litig.*, 982 F.2d at 747; *see also Sea Island Co.*, 486 B.R. at 571 (finding the proposed revision to the plan did not constitute a "modification" where "if anything" it "constitutes a minor change in procedure, not a major change in substance"). Following a similar analysis, this Court held that that a "modification" occurred when the change to the plan "effectively alter[ed]" a creditor's payment right. *Boylan*, 452 B.R. at 47 (citing *Joint E. & S. Dist. Asbestos Litig.*, 982 F.2d at 747-48). Other courts also have found that a "modification" of a plan occurred "when there was an alteration of 'the legal relationships among the debtor and its creditors and other parties in interest' or when the change to the plan affected the legal relationships among them." *Id.* (citing

5

*In re Doral Ctr., Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*, 208 B.R. 812, 815 (Bankr. S.D.N.Y. 1997)); *Sea Island Co.*, 486 B.R. at 571 ("Quite unlike cases where courts have found modifications, paragraph 1 effects no change in the legal relationship between the Trustee and [the objecting creditor].").

11. As described above and in more detail in the Motion, the relief that the RMBS Trustees are seeking is largely administrative and, by the terms of the Plan, non-material. Plan, Art. IV.C.(3)(e) (providing that the relief requested "shall not constitute a material change to this Plan"). The requested relief would not result in any significant or substantive revisions to the Plan nor would it alter the legal relationships among parties in interest, much less adversely affect creditors' interests in any way. Indeed, the GCG affidavit of service (ECF No. 8931) shows the lengths to which the RMBS Trustees noticed the Motion, including a standalone notice to all Certificateholders and parties in interest, and no one has expressed any opposition to the relief requested in the Motion.

III. The Court's Authority to Grant the Motion
     Derives from the Plan Itself, Not From § 1127(b).

12. Because the relief requested in the Motion does not constitute a "modification" of the Plan under the Bankruptcy Code, the Court need not address the requirements of § 1127 as it did in *Boylan*. *See Johns-Manville*, 920 F.2d at 128 (noting that the court "need not address" the requirements of § 1127 where the proposed changes do not constitute a "modification"). For instance, the Plan appears to have been substantially consummated pursuant to its terms. *See* Plan, Art. XIII.F ("On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code."). Nevertheless, because the requested changes do not constitute a "modification" of the Plan, it is irrelevant whether substantial consummation has occurred. *See Johns-Manville*, 920 F.2d at 128 ("We

6

need not address the question of consummation, because we agree with the district court that 'the proposed lowering of the voltage in the processing of claims is not a modification pursuant to the terms of the . . . bankruptcy statute.'"); *Hawkins v. Chapter 11 Tr.*, No. BKR 03-60071, 2009 WL 701115, at *3 (N.D.N.Y. Mar. 13, 2009) ("Because there was no impermissible modification of the Plan, the Court need not address whether the Plan had been substantially consummated or not."). Therefore, the RMBS Trustees request that the Court approve the relief requested in the Motion using its Plan-granted authority under Article IV.C.(3)(e) of the Plan.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in the Motion, the RMBS Trustees respectfully request that this Court enter the Proposed Order approving the necessary, non-material changes to the Plan.

Dated: New York, New York
September 4, 2015

MORGAN, LEWIS & BOCKIUS LLP

By: s/ Glenn E. Siegel
Glenn E. Siegel
John C. Goodchild, III (*pro hac vice*)
James O. Moore
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212 309-6001

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts, and Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as Trustee of Certain Mortgage-Backed Securities Trusts*

DECHERT LLP

By: s/ Mauricio A. España
Mauricio A. España
Craig P. Druehl
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

SEWARD & KISSEL LLP

By: s/ Mark D. Kotwick
Mark D. Kotwick
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

ALSTON & BIRD LLP

By: s/ John C. Weitnauer
John C. Weitnauer (*pro hac vice*)
90 Park Avenue
New York, NewYork 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

ALLEN & OVERY LLP

By: s/ John Kibler
John Kibler
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

*Counsel to HSBC Bank USA, N.A., as Trustee of Certain Mortgage-Backed Securities Trust*

8