# Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

## ORDER APPROVING CERTAIN NON-MATERIAL PLAN MODIFICATIONS

Upon the motion (the "**Motion,**" ECF Doc. # 8675)[1] filed by the RMBS Trustees, for an order making certain nonmaterial modifications to the provisions of the Plan, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the RMBS Trustees having filed a supplemental memorandum of law in support of the Motion (the "Supplemental Brief," ECF Doc. # 9117); and the relief requested in the Motion being in the best interests of the RMBS Trusts, and the Certificateholders; and the Court having reviewed the Motion and Supplemental Brief; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. In accordance with the Motion, the Court approves the non-material modifications to the Plan attached hereto as **Annex 1** (the "**Non-Material Plan Modifications**").

3. All parties, including the ResCap Liquidating Trust, are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. The Relying Parties (as defined in the Plan Modifications) are authorized to treat cash distributions from the RMBS Claims Trust to the RMBS Trustees for the benefit of the RMBS Trusts in accordance with the Plan as modified by this Order.

5. Nothing herein shall prejudice the rights of the RMBS Trustees to request further modifications to the Plan, including the implementation of non-material modifications on the terms of the Plan and the Confirmation Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction relating to the interpretation and implementation of this Order.

**IT IS SO ORDERED.**

Dated: September 11, 2015
       New York, New York

                                                         **/s/Martin Glenn**
                                                       MARTIN GLENN
                                      United States Bankruptcy Judge

## Annex 1

**Non-Material Plan Modifications**

A. Article IV.C of the Plan is modified to add a new subsection 9, as follows:

**9.** *Definitions Applicable Only to Article IV. C. of the Plan.* The following defined terms are applicable only to Article IV.C. of the Plan:

"**Asset Sale**" means the sale of all of the assets of an RMBS Trust, or of the assets of one or more Loan Groups of an RMBS Trust, to a third party, including, if required by the terms of the Governing Agreements or otherwise required in connection with such sale to comply with applicable law, the sale of the right of an RMBS Trust to receive future distributions of Claims Trust Cash.

"**Certificateholder**" means the holder of any certificate issued by an RMBS Trust.

"**Claims Trust Cash**" means any distributions of cash from the RMBS Claims Trust to the RMBS Trustees for the benefit of an RMBS Trust.

"**Credit Support Depletion Date**" means the date that the principal balance of all classes of subordinate certificates in an RMBS Trust is reduced to zero such that the senior certificates in such RMBS Trust start taking losses.

"**Governing Agreements**" means the agreements, indentures, pooling and servicing agreements and other documents governing an RMBS Trust.

"**Calculation Agent**" means any party to, or subject to, a Governing Agreement that calculates waterfall payments and loss allocations to the relevant Certificateholders for such RMBS Trust.

"**Relying Party**" means any Calculation Agent or RMBS Trustee for an RMBS Trust and any agent of such RMBS Trustee or Calculation Agent.

"**Recycled Funds**" means Claims Trust Cash that is designated as Recycled Funds pursuant to Article IV.C.3.e of the Plan and any other Claims Trust Cash remaining that would not be distributable to RMBS Trust Certificateholders pursuant to the Governing Agreements after application of Article IV.C.3.e of the Plan.

"**Residual Certificate Class**" means (i) any class of certificates issued by an RMBS Trust that represents the residual interest in a REMIC (typically known as class R certificates) or (ii) any class of regular interest certificates in an RMBS Trust that is structured as a credit enhancement class intended to provide overcollateralization support to other classes of certificates.

"**Sale Documents**" means the documents evidencing an Asset Sale.

"**Subsequent Recoveries**" means recoveries by an RMBS Trust on mortgage loans that have been liquidated with outstanding unreimbursed realized losses.

i

"**Terminated Loan Group**" means any Loan Group in an RMBS Trust where all the loans in the Loan Group have been or are being sold, paid off or charged off before the applicable date on which any Relying Party calculates and makes a distribution of Claims Trust Cash.

"**Terminated RMBS Trust**" means any RMBS Trust that was or will be terminated before the applicable date on which any Relying Party calculates and makes a distribution of Claims Trust Cash.

B. <u>Article IV.C.3.e of the Plan is modified in its entirety by deleting the current section and replacing it with the following:</u>

All Claims Trust Cash distributed for the benefit of an RMBS Trust shall be treated in the same way as the Governing Agreements for such RMBS Trust treat recoveries on mortgage loans that have been liquidated with outstanding unreimbursed realized losses (whether the Governing Agreements use a defined term such as "Subsequent Recoveries," "Recoveries," "Recoveries on a Prior Loss" or some other defined term); but in the event that the Governing Agreements for such RMBS Trust do not contain such provisions or concepts similar to Subsequent Recoveries, or contain such provisions or concepts but such provisions or concepts are incomplete, all Claims Trust Cash may, in accordance with industry practice, be treated in the same way as if the Governing Agreements included complete provisions for the treatment of Subsequent Recoveries (*e*.g., (a) the Subsequent Recoveries are paid to certificateholders as principal, and (b)(i) the certificate principal balance of the most senior class(es) (based on reverse priority of loss allocations) of certificates having unreimbursed realized losses shall be increased by the amount of Subsequent Recoveries distributed (a "**Write-Up**")), or (b)(ii) the previously allocated realized loss will otherwise be reversed. In addition, certificates with a zero balance at the time of the distribution of Claims Trust Cash shall be eligible to be written up unless the Governing agreements expressly prohibit writing up zero balance certificates), *provided however*,

if a Relying Party determines that:

(i) a Write-up would reinstate classes of subordinate certificates that were previously reduced to zero and thereby reverse the Credit Support Depletion Date (such that the pre-Credit Support Depletion Date waterfall would apply), the Claims Trust Cash will be held in escrow by the Relying Parties until the earlier of (x) the first future distribution date for such RMBS Trust when the distribution of such Claims Trust Cash or any portion of such Claims Trust Cash can be processed without reversing the Credit Support Depletion Date in which case the Claims Trust Cash or portion thereof will be distributed as set forth above (i.e. the escrowed funds will be used to cover losses allocated to the senior certificates in the future), and (y) the termination of an RMBS Trust or a Loan Group in which case such Claims Trust Cash will be distributed as a Subsequent Recovery

ii

(without regard to the reversal of the Credit Support Depletion Date) with the final distribution effected by the termination of the RMBS Trust,

(ii) treating Claims Trust Cash as Subsequent Recoveries would result in a distribution to a Residual Certificate Class, the Relying Parties will hold such Claims Trust Cash until the earlier of (x) the first future distribution date for such RMBS Trust when the distribution of such Claims Trust Cash or any portion of such Claims Trust Cash will not result in a distribution to a Residual Certificate Class in which case the Claims Trust Cash or portion thereof will be distributed as set forth above, and (y) the termination of an RMBS Trust or a Loan Group in which case such Claims Trust Cash will become Recycled Funds to which such RMBS Trust or Loan Group has no further interest or entitlement, and/or

(iii) as of any date that Claims Trust Cash is to be distributed, an RMBS Trust has not yet incurred any losses or the losses incurred are less than the Claims Trust Cash to be distributed, then the Relying Party will hold such Claims Trust Cash, until the earlier of (x) such RMBS Trust incurs losses to which the Claims Trust Cash or any portion of such Claims Trust Cash can be applied as Subsequent Recoveries in which case the Claims Trust Cash or portion thereof will be distributed on the first future distribution date for such RMBS Trust to the extent of such losses and (y) the termination of an RMBS Trust or a Loan Group in which case such Claims Trust Cash will become Recycled Funds to which such RMBS Trust or Loan Group has no further interest or entitlement.

*Provisions Applicable to a Terminated or Terminating RMBS Trust.* In the event an RMBS Trust has terminated, future distributions of Claims Trust Cash shall be treated as Recycled Funds; *provided, however*, if there was an Asset Sale in connection with the termination of the RMBS Trust and the Sale Documents include provisions regarding the distribution of such Claims Trust Cash after the closing of the Asset Sale, then such Claims Trust Cash will be distributed in accordance with the provisions of such Sale Documents. The net proceeds from any sale of the right to receive future Claims Trust Cash will be distributed to the Certificateholders of that RMBS Trust as Subsequent Recoveries. In the event an RMBS Trust is terminating, the RMBS Trustee of such RMBS Trust may liquidate future distributions of Claims Trust Cash through an Asset Sale at fair market value determined by an advisor, upon which value the RMBS Trustee may conclusively rely. In connection with the sale of future distributions of Claim Trust Cash, notwithstanding the foregoing, if the cost of valuing and documenting the sale of future distributions of Claims Trust Cash is reasonably determined by the RMBS Trustee to exceed the future distributions of Claims Trust Cash allocable to such RMBS Trust, such future distributions of Claim Trust Cash shall be treated as Recycled Funds.

*Provisions Applicable to a Terminated or Terminating Loan Group.* In the event a Loan Group becomes a Terminated Loan Group or in the event the certificates associated with a Loan Group have been paid off and have no outstanding unreimbursed realized losses, Claims Trust Cash that is distributable to an RMBS

iii

Trustee in respect of either circumstance shall be (x) distributed in accordance with any applicable provisions of the Governing Agreements (including any provisions that would use such Claims Trust Cash for the benefit of other Loan Groups in such RMBS Trust by way of cross-collateralization or otherwise), or (y) if there are no such provisions in the Governing Agreements, treated as Recycled Funds *provided, however*, if there was an Asset Sale by such Terminated Loan Group and the Sale Documents include provisions regarding the distribution of such Claims Trust Cash after the closing of the Asset Sale that apply to such future Claims Trust Cash, then such Claims Trust Cash will be distributed in accordance with such the provisions of the Sale Documents. The net proceeds from the sale of the right to receive future Claims Trust Cash will be distributed to the Certificateholders associated with that Loan Group as Subsequent Recoveries. In the event that a Loan Group is terminating, and if the RMBS Trustee of the RMBS Trust with such Loan Group plans to liquidate future distributions of Claims Trust Cash of such Loan Group through an Asset Sale, the RMBS Trustee may liquidate such future distributions of Claims Trust Cash at fair market value as determined by an advisor, upon which value the RMBS Trustee may conclusively rely. In connection with the sale of future distributions of Claim Trust Cash, notwithstanding the foregoing, if the cost of valuing and documenting the sale of future distributions of Claims Trust Cash is reasonably determined by the RMBS Trustee to exceed the future distributions of Claims Trust Cash allocable to such Loan Group, such future distributions of Claim Trust Cash shall be treated in accordance with clauses (x) and (y) above.

*Treatment of Recycled Funds.* From time to time the RMBS Trustees shall aggregate Recycled Funds and re-distribute such funds to any and all other RMBS Trusts for which there was no determination that such RMBS Trusts' allocable share of Claims Trust Cash should be treated as Recycled Funds, based on calculations made by Duff. If such Recycled Funds cannot be distributed to other RMBS Trusts as described in the previous sentence such Recycled Funds shall be treated in a manner consistent with applicable escheatment law.

Notwithstanding anything to the contrary herein, should the Bankruptcy Court determine that a different treatment is required to conform the distributions to the requirements of the Governing Agreements of any RMBS Trust, such determination shall govern and shall not constitute a material change to this Plan.

Notwithstanding the foregoing or anything to the contrary in any Governing Agreement, no distributions of Claims Trust Cash shall be paid over or distributed to any Monoline.