**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS, INC., et al.,            :        Case No. 08-13555 (SCC)
                                                   :
                              Debtors.             :        (Jointly Administered)
------------------------------------------------------------------------x
```

### ORDER DETERMINING MOTION OF INSTITUTIONAL INVESTORS
### SEEKING TO ENJOIN ARTICLE 77 PROCEEDING

Upon the motion, dated April 10, 2018 (the "Motion"), of the Institutional Investors[1]

under 11 U.S.C. § 105(a), seeking to enjoin the RMBS Trustees[2] and related transaction parties[3]

from continuing further proceedings in the Article 77 proceeding commenced in the Supreme

Court of the State of New York, Country of New York, Index No. 651625/2018 (the "Article 77

Proceeding") [ECF No. 57838]; and this Court having entered an order to show cause on April

10, 2018 [ECF No. 57840], setting a hearing on the Motion; and the Court having held a

preliminary hearing on the Motion on April 10, 2018; and the Institutional Investors and the

---

[1] The Institutional Investors are AEGON USA Investment Management, LLC, Blackrock
Financial Management, Inc., Cascade Investment, L.L.C., The Federal Home Loan Bank of
Atlanta, Goldman Sachs Asset Management, L.P., Invesco Advisers, Inc., Kore Advisors, L.P.,
Metropolitan Life Insurance Company, Pacific Investment Management Company LLC, SeaLink
Funding Limited, The TCW Group, Inc., Thrivent Financial for Lutherans, Voya Investment
Management, and Western Asset Management Company.

[2] The RMBS Trustees who are the subject of this motion are U.S. Bank National Association and
Wilmington Trust, National Association.

[3] The related transaction parties who are the subject of this motion are Citibank, N.A. and Wells
Fargo Bank, National Association.

*347899v2*

Trust Administrators[4] having filed memoranda of law in support of their positions on April 17,

2018 [ECF Nos. 57880 and 57890, respectively]; and the Court, after having held a final hearing

on April 19, 2018; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court after due

deliberation having announced its decision on the record of the hearing on April 19, 2018, the

Motion is determined as follows and it is hereby

**ORDERED** that the Court abstains from exercising jurisdiction over the interpretation of

any the Governing Agreements referred to in the RMBS Settlement Agreement which was

approved by this Court's Order Approving RMBS Settlement Agreement and including Certain

Proposed Findings of Fact and Conclusions of Law [ECF No. 55706] (the "9019 Order"); and it

is further

**ORDERED** that in light of such abstention, the Court declines to enjoin the parties from

continuing the Article 77 Proceeding; and it is further

**ORDERED** that in light of paragraph L of this Court's 9019 Order, which is still in full

force and effect, stating that "this Court retains exclusive jurisdiction to hear and determine any

dispute regarding the interpretation or enforcement of the RMBS Settlement Agreement under

the closing of the [Lehman Brothers Holdings Inc.] Debtors' bankruptcy cases," the Court

respectfully requests of the Supreme Court, New York County (*per* Friedman, J.) that if issues

arise during the Article 77 Proceeding regarding the interpretation of the RMBS Settlement

Agreement, such issues be referred to this Court for determination; and it is further

---

[4] The Trust Administrators are Wells Fargo Bank, National Association, U.S. Bank National
Association, Citibank, N.A., Wilmington Trust Company and Wilmington Trust, National
Association.

*347899v2*

**ORDERED** that except with respect to the matters described herein as to which this Court has abstained from exercising jurisdiction, this Order is not intended to, and does not, modify any other order of this Court, including without limitation, the 9019 Order and the Order Estimating Allowed Claim Pursuant to RMBS Settlement Agreement [ECF No. 57785]; and it is further

**ORDERED** that the terms of the RMBS Settlement Agreement shall be strictly enforced, including without limitation Sections 3.06(a)-(c) of the RMBS Settlement Agreement; and it is further

**ORDERED** that except as determined herein, the rights of the Institutional Investors and any other parties under the RMBS Settlement Agreement are reserved.

Dated: New York, New York
May 7, 2018

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE