B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**          Case No. 08-13555 (SCC)
                                                 **(jointly administered)**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Banc of America Credit Products, Inc.** | **Lataj Group LLC** |
|---|---|
| Name of Transferee | Transferor |

Name and Address where notices to transferee          Court Claim # (if known):  _see attached_
should be sent:                                        Total Amount of Claim Transferred:
                                                       USD $ _see attached_

Banc of America Credit Products, Inc.
c/o Bank of America Merrill Lynch
Bank of America Tower – 3rd Floor
One Bryant Park
New York, NY 10036
Attn: Ryan Weddle / Ante Jakic
Telephone: (646) 855-7450
Fax: (646) 834-9780 / (804) 264-1108
E-mail: ryan.weddle@baml.com / ante.jakic@baml.com
Email: bas.infomanager@bankofamerica.com

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/Seth Denson_                    Date:  _5/23/2018_
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Lataj Group LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Banc of America Credit Products, Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, for the respective purchase prices set forth on Schedule 1 attached hereto, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor in interest (the "Proofs of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor" or "LBHI"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the respective Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has received from the Debtor distributions in respect of the Transferred Claims in the amounts set forth on Schedule 2 attached hereto; and (h) Seller has delivered to Purchaser true and correct copies of the disbursement notices from the Debtor (which have not been supplemented, amended, modified or revised) in connection with the distributions made by the Debtor on or around October 5, 2017, December 7, 2017 and April 5, 2018 on account of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

133449682v1

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller received on or after the trade date of April 18, 2018). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendments to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

133449682v1

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 23 day of May 2018.

LATAJ GROUP LLC,
as Seller

By: _____
Name: Anthony Yoseloff
Title: Manager

c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

BANC OF AMERICA CREDIT PRODUCTS, INC.,
as Purchaser

By: _____
Name:
Title:

One Bryant Park, 3rd Floor
New York, New York 10036
Attention: Ante Jakic / Ryan Weddle
Telephone: (646) 855-7450
Email: Ante.Jakic@baml.com / Ryan.Weddle@baml.com

133449682v1

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 23 day of May 2018.

| | |
|---|---|
| **LATAJ GROUP LLC,**<br>as Seller | **BANC OF AMERICA CREDIT PRODUCTS, INC.,**<br>as Purchaser |
| By:_____<br>Name:<br>Title: | By: _[signature]_<br>Name: SETH DENSON<br>Title: DIRECTOR |
| c/o Davidson Kempner Capital Management<br>520 Madison Avenue, 30th Floor<br>New York, New York 10022<br>Telephone: 212 446 4018<br>Facsimile: 212 371 4318<br>Email: jdonovan@dkpartners.com<br>Attn: Jennifer Donovan | One Bryant Park, 3rd Floor<br>New York, New York 10036<br>Attention: Ante Jakic / Ryan Weddle<br>Telephone: (646) 855-7450<br>Email: Ante.Jakic@baml.com / Ryan.Weddle@baml.com |

133449682v1

Schedule 1

Transferred Claims

Purchased Claims

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Notional Amount/ Principal Amount/Units (Currency) | Allowed Claim Amount (USD) |
|---|---|---|---|---|---|
| 60638 | XS0287521131 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | 8,352,000 (EUR) | $9,258,184.48 |
| 60652 | XS0287521131 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | 42,000 (EUR) | $46,556.96 |
| 58574 | ANN5214A4914 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | 180,000 units (USD) | $4,779,017.79 |
| 58575 | ANN5214A5259 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | 175,000 units (USD) | $3,825,804.63 |

Schedule 2

**LEHMAN BROTHERS HOLDINGS INC. DISTRIBUTIONS**

| Proof of Claim Number | ISIN/CUSIP | April 17, 2012 | October 1, 2012 | April 4, 2013 | October 3, 2013 | April 3, 2014 | October 2, 2014 | April 2, 2015 |
|---|---|---|---|---|---|---|---|---|
| 60638 | XS0287521131 | $334,149.07 | $225,490.39 | $284,810.91 | $337,675.33 | $366,794.08 | $275,278.69 | $187,861.24 |
| 60652 | XS0287521131 | $1,680.34 | $1,133.93 | $1,432.23 | $1,698.07 | N/A | N/A | N/A |
| 58574 | ANN5214A4914 | $172,485.69 | $116,396.75 | $147,017.64 | $174,305.92 | $189,336.84 | $142,097.16 | $96,972.81 |
| 58575 | ANN5214A5259 | $138,082.05 | $93,180.49 | $117,693.80 | $139,539.22 | $151,572.10 | $113,754.75 | $77,630.81 |

| Proof of Claim Number | ISIN/CUSIP | October 1, 2015 | March 31, 2016 | June 16, 2016 | October 6, 2016 | April 6, 2017 | October 5, 2017 | December 7, 2017 | April 5, 2018 |
|---|---|---|---|---|---|---|---|---|---|
| 60638 | XS0287521131 | $143,285.31 | $39,761.95 | $59,210.71 | $104,098.28 | $79,284.22 | $50,720.87 | $72,180.41 | $29,130.41 |
| 60652 | XS0287521131 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| 58574 | ANN5214A4914 | $73,962.99 | $20,524.87 | $30,564.20 | $53,734.89 | $40,926.02 | $26,181.80 | $37,259.08 | $15,036.94 |
| 58575 | ANN5214A5259 | $59,210.48 | $16,431.02 | $24,467.93 | $43,017.04 | $32,763.00 | $20,959.63 | $29,827.46 | $12,037.70 |

133449682v1