HEARING DATE AND TIME: August 14, 2018 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 30, 2018 at 4:00 p.m. (Eastern Time)

> **THE FIVE HUNDRED TWENTY SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ELI BLECHMAN, AT 212-310-8073.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                             :   Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :   08-13555 (SCC)
                                                  :
                    Debtors.                      :   (Jointly Administered)
------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FIVE HUNDRED TWENTY SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on June 14, 2018, Lehman Brothers Holdings

Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in

the above-referenced chapter 11 cases, filed the five hundred twenty seventh omnibus objection to claims (the "Five Hundred Twenty Seventh Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Five Hundred Twenty Seventh Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 14, 2018 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Twenty Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 30, 2018 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Twenty Seventh Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Twenty Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 14, 2018
      New York, New York

                    /s/ Jacqueline Marcus
                    Jacqueline Marcus
                    Garrett A. Fail

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc.
                    and Certain of Its Affiliates

**HEARING DATE AND TIME: August 14, 2018 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 30, 2018 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FIVE HUNDRED TWENTY SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FIVE HUNDRED TWENTY SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ELI BLECHMAN, AT 212-310-8073.**

---

1

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

## RELIEF REQUESTED

1. The Plan Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking entry of an order disallowing and expunging each of the proofs of claim listed on Exhibit 1 to the proposed order annexed hereto as Exhibit A (collectively, the "Claims" or "No Liability Claims").

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On July 2, 2009, the Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim

2

and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order specifically requires that "each Proof of Claim *must*: . . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added)). Moreover, the Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7). A copy of the Bar Date Order was made publicly available at http://lehman-docket.com. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.

        5.      The Bar Date Notice also prominently stated in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)." (*Id.* at 6 (emphasis in original)). To date, the Court has entered orders expunging hundreds of claims based on the fact that the claimants failed to provide a Derivatives Questionnaire or other supporting documentation, as required by the Bar Date Order.

        6.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds,

3

including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011 the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

8. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

9. Proofs of claim are only entitled to *prima facie* validity if they meet certain minimum standards. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. Each of the No Liability Claims was filed by Bank of New York Mellon ("BNYM"), in its capacity as indenture trustee on behalf of certain issuers, as listed on Exhibit 1 to the proposed order annexed hereto as Exhibit A (the "Issuers"), and asserted contingent and unliquidated claims against LBHI and Lehman Brothers Special Financing Inc. No valuation or any other supporting documentation was ever provided by the Issuers. The Issuers have not at any time since filing the Claims sought to amend, modify or supplement the Claims. Furthermore, because the Claims were primarily based on a derivatives contract, the Issuers were

4

required to file a Derivatives Questionnaire in support of these Claims and provide additional information in support thereof, such as copies of the relevant agreement, a copy of the termination notice, a valuation statement, individual trade-level detail, trade value methodology and quotations, and unpaid amounts, collateral, and other costs associated with the Claims pursuant to the derivative contracts. The Issuers did not at any time since the filing of the Claims file a Derivatives Questionnaire or any other supporting documentation in connection with any of the Claims. The failure to file a Derivatives Questionnaire or any supporting documentation is a sufficient and independent basis for disallowing these Claims.

11. Accordingly, the Plan Administrator seeks to disallow and expunge the No Liability Claims.

## RESERVATION OF RIGHTS

12. The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to the No Liability Claims and any matters raised by Claimants and to supplement this and other filings as a result thereof.

## NOTICE

13. No trustee has been appointed in these chapter 11 cases. Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) BNYM; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of the proposed order annexed hereto as <u>Exhibit A</u> and such other and further relief as is just.

Dated: June 14, 2018
      New York, New York

/s/ *Jacqueline Marcus*
Jacqueline Marcus
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A
**Proposed Order**

WEIL:\96574332\5\58399.0011\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                    :    Chapter 11 Case No.
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                                              :
                                    Debtors.                     :    (Jointly Administered)
------------------------------------------------------------x

## ORDER GRANTING FIVE HUNDRED TWENTY SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the five hundred twenty seventh omnibus objection to claims, dated June 14, 2018 (the "Five Hundred Twenty Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the No Liability Claims listed on Exhibit 1 annexed hereto pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Five Hundred Twenty Seventh Omnibus Objection to Claims; and due and proper notice of the Five Hundred Twenty Seventh Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Twenty Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Twenty Seventh Omnibus

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Twenty Seventh Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Five Hundred Twenty Seventh Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018
  New York, New York

UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to Proposed Order**
**No Liability Claims**

3

WEIL:\96574332\5\58399.0011\58399.0011

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

### OMNIBUS OBJECTION 527: NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | BANK OF NEW YORK MELLON ON BEHALF OF KINGS RIVER LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15765 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 2 | BANK OF NEW YORK MELLON ON BEHALF OF KINGS RIVER LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15768 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 3 | BANK OF NEW YORK MELLON ON BEHALF OF SUNSET PARK CDO LIMITED SPC | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15775 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 4 | BANK OF NEW YORK MELLON ON BEHALF OF SUNSET PARK CDO LIMITED SPC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15776 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 5 | BANK OF NEW YORK MELLON ON BEHALF OF SUNSET PARK CDO LIMITED SPC | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15777 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 6 | BANK OF NEW YORK MELLON ON BEHALF OF SUNSET PARK CDO LIMITED SPC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15778 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 7 | BANK OF NEW YORK MELLON ON BEHALF OF TAVARES SQUARE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/15/2009 | 15779 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 8 | BANK OF NEW YORK MELLON ON BEHALF OF TAVARES SQUARE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15780 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 9 | BANK OF NEW YORK MELLON ON BEHALF OF TAVARES SQUARE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15781 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 10 | BANK OF NEW YORK MELLON ON BEHALF OF TAVARES SQUARE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15782 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 11 | BANK OF NEW YORK MELLON ON BEHALF OF VOX PLACE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15785 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 12 | BANK OF NEW YORK MELLON ON BEHALF OF VOX PLACE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15786 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 13 | BANK OF NEW YORK MELLON ON BEHALF OF VOX PLACE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15787 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 14 | BANK OF NEW YORK MELLON ON BEHALF OF VOX PLACE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15788 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 15 | BANK OF NEW YORK MELLON ON BEHALF OF SUNSET PARK CDO LIMITED SPC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 46927 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 16 | BANK OF NEW YORK MELLON ON BEHALF OF SUNSET PARK CDO LIMITED SPC | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 46928 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 17 | BANK OF NEW YORK MELLON ON BEHALF OF FULLERTON DRIVE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 46929 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 18 | BANK OF NEW YORK MELLON ON BEHALF OF FULLERTON DRIVE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 46930 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 19 | BANK OF NEW YORK MELLON ON BEHALF OF FULLERTON DRIVE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 46931 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |
| 20 | BANK OF NEW YORK MELLON ON BEHALF OF FULLERTON DRIVE CDO LIMITED | 08-13555 (SCC) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 46932 | Contingent and Unliquidated | Contingent and Unliquidated | No Liability / Insufficient Documentation |