# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*          Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| **Whitefort Capital Master Fund, LP** | **Lataj Group LLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

c/o Whitefort Capital Management, LP
780 Third Avenue, 26th Floor
New York, New York 10017
Attention: David L. Salanic
Telephone: (212) 259-4375
E-mail: David@whitefortcapital.com

Last Four Digits of Acct. #:

Court Claim No.: 50506

Amount of Claim Transferred: $21,417,993.20 (as more specifically set forth on the attached Agreement and Evidence of Transfer of Claim), plus all interest, fees and other recoveries due.

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**WHITEFORT CAPITAL MASTER FUND, LP**

By: Whitefort Capital Management, LP,
its Investment Advisor

By: _____          Date: 6/12/2018
Name: David Salanic
Title: Co-Managing Partner

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

710-007/COURT/5605577.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*    Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 50506 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on        .

| **Lataj Group LLC** <br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br><br> c/o Davidson Kempner Capital Management <br> 520 Madison Avenue, 30th Floor <br> New York, New York 10022 <br> Attention: Jennifer Donovan <br> Telephone: 212-446-4018 <br> Facsimile: 212-371-4318 <br> Email: jdonovan@dkpartners.com | **Whitefort Capital Master Fund, LP** <br> Name of Transferee <br><br> Address of Transferee: <br><br> c/o Whitefort Capital Management, LP <br> 780 Third Avenue, 26th Floor <br> New York, New York 10017 <br> Attention: David L. Salanic <br> Telephone: (212) 259-4375 <br> E-mail: David@whitefortcapital.com |
|---|---|

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____        _____
                                                                   CLERK OF THE COURT

710-007/COURT/5605577.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Lataj Group LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Whitefort Capital Master Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Number specified in Schedule 1 attached hereto filed by or on behalf of a Predecessor-in-Interest (as defined below) (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller (each, a "Predecessor-in-Interest") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.  Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Transferred Claims.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns, will deliver to Purchaser, and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the respective Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor any Predecessor-in-Interest has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has received, either directly or indirectly from the Debtor, on or around October 5, 2017, December 7, 2017 and April 5, 2018, distributions in respect of the Transferred Claims in the amounts set forth on Schedule 2 attached hereto (the "13th LBHI Distribution", the "14th LBHI Distribution" and the "15th LBHI Distribution", respectively); (h) Seller has received, either directly or indirectly from Lehman Brothers Treasury Co. B.V., on or around October 23, 2017, January 16, 2018 and May 2, 2018, distributions in respect of the Purchased Security in the amounts set forth on Schedule 3 attached hereto ; and (i) Seller has delivered to Purchaser true and correct copies of the disbursement notices from the Debtor (which have not been supplemented, amended, modified or revised) in connection with the 13th LBHI Distribution, the 14th LBHI Distribution and the 15th LBHI Distribution on account of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the

Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims and the Purchased Security to Purchaser (including, for the avoidance of doubt, any distributions Seller or a Predecessor-in-Interest received after the trade date of May 29, 2018). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendments to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13th day of June 2018.

| Seller: | Purchaser: |
|---|---|
| **Lataj Group LLC** | **Whitefort Capital Master Fund, LP** |
| | By: Whitefort Capital Management, LP, its Investment Advisor |
| By: _____ | |
| Name: Avram Z. Friedman | By: _____ |
| Title: Manager | Name: David Salanic |
| | Title: Co-Managing Partner |
| c/o Davidson Kempner Capital Management | |
| 520 Madison Avenue, 30th Floor | c/o Whitefort Capital Management, LP |
| New York, New York 10022 | 780 Third Avenue, 26th floor |
| Telephone: 212 446 4018 | New York, New York 10017 |
| Facsimile: 212 371 4318 | Telephone: (212) 259-4375 |
| Email: jdonovan@dkpartners.com | Attn: David L. Salanic |
| Attn: Jennifer Donovan | |

KL2 3046748.3

Schedule 1

## Transferred Claims

Purchased Claim

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Claim Amount |
|---|---|---|---|---|---|
| 50506.03 | XS0197088296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 15,000,000.00 | USD 21,417,993.20 |

Schedule 1-1

KL2 3046748.3

Printed by hmazanec at Jun 11, 2018 2:00:05 PM (6e50fcdab611c23239dd79eb9c8c8a7c)

Schedule 2

## LEHMAN BROTHERS HOLDINGS INC. DISTRIBUTIONS

| ISIN | Proof of Claim Number | Allowed Amount (USD) | October 5, 2017 (USD) | December 7, 2017 (USD) | April 5, 2018 (USD) |
|---|---|---|---|---|---|
| XS0197088296 | 50506.03 | 21,417,993.20 | 117,338.26 | 166,983.02 | 67,390.64 |

KL2 3046748.3

Printed by hmazanec at Jun 11, 2018 2:00:05 PM (6e50fcdab611c23239dd79eb9c8c8a7c)

Schedule 3

## LEHMAN BROTHERS TREASURY & CO. B.V. DISTRIBUTIONS

| ISIN | Currency | Principal/Notional Amount | October 23, 2017 | January 16, 2018 | May 2, 2018 |
|---|---|---|---|---|---|
| XS0197088296 | EUR | EUR 15,000,000.00 | EUR 115,723.55 | EUR 162,678.76 | EUR 61,391.46 |

KL2 3046748.3

Printed by hmazanec at Jun 11, 2018 2:00:05 PM (6e50fcdab611c23239dd79eb9c8c8a7c)