# EXHIBIT C

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010-1603
*Counsel for Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X
In re:                                                                   :    Chapter 11
                                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                 :    Case No. 08-13555 (SCC)
                                                                         :
                           Debtors.                                      :    (Jointly Administered)
------------------------------------------------------------------------ X
LEHMAN BROTHERS HOLDINGS INC., LEHMAN                                    :
BROTHERS SPECIAL FINANCING INC., LEHMAN                                  :
BROTHERS COMMODITY SERVICES INC. and                                     :
LEHMAN BROTHERS COMMERCIAL CORP.,                                        :
                                                                         :
                                                                         :
              Plaintiffs,                                                :
                                                                         :    Adversary Proceeding
                   -against-                                             :    No. 13-01676 (SCC)
                                                                         :
                                                                         :
CREDIT SUISSE, CREDIT SUISSE INTERNATIONAL,                              :
CREDIT SUISSE ENERGY LLC and CREDIT SUISSE                               :
SECURITIES (EUROPE) LTD.,                                                :
                                                                         :
                                                                         :
              Defendants.                                                :
------------------------------------------------------------------------ X

## PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7034, Plaintiffs, by and through their undersigned counsel, hereby request that Credit Suisse (n/k/a Credit Suisse AG) ("CS"), Credit Suisse International ("CS International"), Credit Suisse Energy LLC ("CS Energy"), and Credit Suisse Securities (Europe) Ltd. ("CS Europe") (together, "Defendants") produce for inspection and copying the documents and things requested herein (the "Requests") at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, by September 28, 2016, in accordance with the definitions and instructions set forth below.

## DEFINITIONS

A.     "Acquisition Agreement" means any agreement concerning the Citi Transaction, including any exhibits, schedules, attachments, appendices, side letters, or other Document or Communication setting forth the terms, conditions, representations, warranties, understandings, covenants, rights, or other information concerning the Citi Transaction.

B.     "Category" means the type of Trade, and includes without limitation single-name credit default swaps, index credit default swaps, swaptions, and basis swaps.

C.     "Citi" means Citibank, N.A., and each of its members, parents, subsidiaries, affiliates, or current or former officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, advisors, bankers, experts, consultants, contractors, sub-contractors, or any other person acting on its behalf.

D.     "Citi Transaction" means the acquisition by Citi of the Credit Suisse Portfolio in or around the three months ending June 30, 2016.

E.  "Communication" means any oral or written statement, dialogue, discussion, exchange, conversation, disclosure, or transmittal of information whether in-person, by telephone, any form of video transmission, mail, e-mail, facsimile, personal delivery, computer transmission, or otherwise.

F.  "Concerning" means regarding, relating to, referring to, reflecting, discussing, describing, analyzing, supporting, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, or mentioning.

G.  "Credit Suisse," "You," and "Your" means CS, CS International, CS Energy, and CS Europe, and each of their members, parents, subsidiaries, affiliates, or current or former officers, partners, members, directors, trustees, employees, representatives, agents, attorneys, associates, auditors, advisors, bankers, experts, consultants, contractors, sub-contractors, or any other person acting on their behalf.

H.  "Credit Suisse Portfolio" means the group of credit derivatives comprising approximately 54,000 Trades acquired by Citi from Credit Suisse in or around the three months ending June 30, 2016.

I.  "Documents" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and means the original or copies all written, printed, typed, electronically stored, recorded, or graphic matter, photographic matter, or sound reproduction, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the foregoing, the term "Document" includes correspondence, communications, reports,

tests, analyses, studies, contracts, agreements, term sheets, spreadsheets, letters, telegrams, mailgrams, memoranda, inter-office or intra-office communications, memoranda for files, memoranda of telephone or other conversations or meetings, any type of transcript (including conference calls and television interviews), press releases, statements, financial models, calendars, appointment books, schedules, bulletins, checks, invoices, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, notebooks, work papers, drawings, graphs, charts, photographs, phone records, video or voice recordings, electronic tapes, printouts, data cards, and other data compilations from which information can be obtained, which are in the possession, custody or control of You or your counsel.  "Documents" also shall include all electronic data including e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents listed above, whether stored on a personal computer, network computer system, backup computer tape, server, and/or disk, or by some other storage mechanism or database.

      J.      "Document Requests" means the requests for production of Documents set forth herein.

      K.      "Including" means "including but not limited to."

      L.      "Price" means any consideration or value, whether monetary or non-monetary, to be paid or received by any person in relation to the Citi Transaction, including without limitation any consideration or value actually paid or received, or to be paid or received, by Citi and/or Credit Suisse pursuant to the Acquisition Agreement, at any time.

M.    "Trade" means any derivative trade including, but not limited to, credit derivatives, interest rate derivatives, equity derivatives, foreign exchange derivatives, emerging market derivatives, securitized product derivatives, and commodity derivatives.

N.    "Trade Parameters" means the identifying characteristics of a Trade, including but not limited to: (a) date; (b) time; (c) Category; (d) Trade Subject; (e) seniority of Trade Subject; (f) notional amount; (g) maturity; (h) parties; (i) amount of any margin or cash security exchanged in connection with the Trade; (j) amount of upfront cash paid or received in conjunction with such Trade with identification of paying/receiving entity; (k) price, rate, or level at which the Trade is executed; (l) terms of any master agreement, netting agreement, credit support agreement, or any other agreement governing the Trade; and (m) any other terms or conditions governing the parties' obligations in connection with the Trade.

O.    "Trade Subject" means the obligation, curve, or other instrument that is the subject of a Trade.

## **INSTRUCTIONS**

A. Unless otherwise specified in a particular request, each request herein seeks all Documents that were dated, prepared, modified, sent, or received in the period from January 1, 2015 to August 29, 2016, and any Documents related to that period whenever generated.

B. Produce all Documents in the manner in which they are maintained in the usual course of your business or organize and label the Documents to correspond with the categories in this Schedule A.  A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

C. If and to the extent Documents are maintained in a database or other electronic format, produce along with the Document(s) software that will enable access to the electronic Document(s) or database as you would access such electronic Document(s) or database in the ordinary course of your business.

D. Copies of Documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals, copies, or drafts, shall be considered to be separate Documents.

E. Produce Documents in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

F. Any Document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of Document, (2) the general subject matter of the Document, (3) the date of the Document, and (4) such other information as is sufficient to identify the Document including the author of the Document, the addressee of the Document,

6

and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

G.  Documents attached to each other should not be separated.

H.  In producing Documents and other materials, you are requested to furnish all Documents or things in your possession, custody or control, regardless of whether such Documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

I.  In collecting material in response to this discovery request, you are requested to search the electronic, e-mail, and hard copy files of all individuals, groups, or departments likely to have possessed responsive materials.

J.  If you object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

K.  Each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

L.  Responsive Documents shall be produced as (a) multi-page, 300dpi group IV TIFF images with extension ".tif" and (b) full text or OCR text files, named after the bates number of the Document, with extension ".txt" and (c) a load file with a ".dat" file extension and ASCII 020 and 254 delimiters for column break and text qualifier. The first line shall be the

7

header with field names and each subsequent line shall contain the fielded data for each Document. The load file shall include the following metadata, where available:

| Field | Description |
| --- | --- |
| BegBates | Page ID of first page in a Document. |
| EndBates | Page ID of last page in a Document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached Document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a Document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |

8

## DOCUMENTS REQUESTED

1. The Acquisition Agreement.

2. Documents sufficient to show the Price of the Citi Transaction, including the identity of the paying and receiving parties.

3. All Documents and Communications reflecting or concerning the Price of the Citi Transaction and any Price proposed, contemplated, or considered for the Citi Transaction.

4. All Documents and Communications reflecting or concerning the methodology used by Credit Suisse to calculate the Price of the Citi Transaction and any Price proposed, contemplated, or considered for the Citi Transaction, including but not limited to the identification and description of all models, formulas, assumptions, and inputs used in the calculation of such Prices.

5. Documents sufficient to show:

    a. the Trades comprising the Credit Suisse Portfolio; and

    b. the Trade Parameters of the Trades comprising the Credit Suisse Portfolio.

6. All Documents and Communications reflecting or concerning Credit Suisse's evaluation, analysis, due diligence, or review of the Citi Transaction, the Acquisition Agreement, the Credit Suisse Portfolio, or any Trade or Trades forming a part of the Credit Suisse Portfolio.

7. All Documents and Communications reflecting or concerning Citi's evaluation, analysis, due diligence, or review of the Citi Transaction, the Acquisition Agreement, the Credit Suisse Portfolio, or any Trade or Trades forming a part of the Credit Suisse Portfolio.

8. All Documents and Communications reflecting or concerning the negotiation of the Citi Transaction.

9.  All Communications between Citi and Credit Suisse concerning the Citi Transaction, the Acquisition Agreement, the Credit Suisse Portfolio, or any Trade or Trades forming a part of the Credit Suisse Portfolio, and all Documents received from, transmitted by, or prepared by Citi concerning the Citi Transaction, the Acquisition Agreement, the Credit Suisse Portfolio, or any Trade or Trades forming a part of the Credit Suisse Portfolio.

10. All Documents and Communications reflecting or concerning the valuation, revenue, cost, profitability, or riskiness of the Citi Transaction, the Credit Suisse Portfolio, and any Trade or Trades forming a part of the Credit Suisse Portfolio, on any basis, including without limitation notional value, mark-to-market value, revenue, capital cost, profit and loss, balance-sheet value, current exposure, potential future exposure, value-at-risk, scenario analyses, market risk, or credit risk, regardless of when such Documents and Communications were created.

11. All Documents and Communications reflecting or concerning the valuation, revenue, cost, profitability, or riskiness of any of Credit Suisse's accounts, portfolios, trading books, or businesses containing the Trades comprising the Credit Suisse Portfolio, on any basis, including without limitation notional value, mark-to-market value, revenue, capital cost, profit and loss, balance-sheet value, current exposure, potential future exposure, value-at-risk, scenario analyses, market risk, or credit risk, created from January 1, 2016 to the present inclusive.

12. All Documents and Communications reflecting or concerning any values recorded for the purpose of accounting, financial reporting, financial control, risk management, risk reporting, or regulatory reporting in relation to the Citi Transaction, the Credit Suisse Portfolio, any Trade or Trades forming a part of the Credit Suisse Portfolio, regardless of when such Documents and Communications were created.

13. All Documents and Communications reflecting or concerning any values recorded for the purpose of accounting, financial reporting, financial control, risk management, risk reporting, or regulatory reporting in relation to any of Credit Suisse's accounts, portfolios, trading books, or businesses containing the Trades comprising the Credit Suisse Portfolio, created from January 1, 2016 to the present inclusive.


DATED: New York, NY
August 29, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By: */s/ David Mader*
   Andrew J. Rossman
   Daniel P. Cunningham
   Christopher Kercher
   David Mader
    51 Madison Avenue, 22nd Floor
    New York, New York 10010-1603
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100


Diane L. Cafferata
  865 S. Figueroa Street, 10th Floor
  Los Angeles, CA 90017
  Telephone: (213) 443-3000
  Facsimile: (213) 443-3100

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that, on August 29, 2016, a true and correct copy of the foregoing Requests was served via electronic mail on the parties listed below:

Peter Barbur - pbarbur@cravath.com
Trevor Broad - tbroad@cravath.com

Cravath, Swaine & Moore, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

*Counsel for Credit Suisse*

　　　　　　　　　　　　　　　　　　　　　_____*/s/ Haley Plourde-Cole*_____
　　　　　　　　　　　　　　　　　　　　　　　　Haley Plourde-Cole