**Definitions**

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Federal Rules of Civil Procedure (the "Federal Rules") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the document request (the "Requests", and each a "Request") provided herein.

1. The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2. The term "Banco Canarias" shall mean Venezuelan bank, Banco Canarias de Venezuela, C.A.

3. The term "Bankruptcy Code" shall mean title 11 of the United State Code.

4. The terms "Bankruptcy Case" shall mean the Chapter 11 bankruptcy case of Lehman Brothers Holdings Inc, et al., Case No. 08-13555 (SCC) filed in the United States Bankruptcy Court for the Southern District of New York.

5. The term "Claims" shall mean FOGADE's allowed claims in the LBH case: claim numbers 62726, 62722 and 64729 in the Bankruptcy Case.

6. The term "Communication" shall have the broadest definition and scope possible under applicable law and shall include, without limitation, any transmittal of information, in the form of facts, ideas, inquiries, pictures or otherwise.

7. The term "Concerning" shall have the broadest definition and scope possible under applicable law and shall include, without limitation, constituting, comprising, containing, consisting of, embodying, including, setting forth, proposing, showing, evidencing, disclosing,

describing, discussing, explaining, summarizing, concerning, reflecting, regarding, authorizing, relating to or referring to, directly or indirectly.

8. The term "Credican" shall mean Banco Canarias de Venezuela, C.A.'s affiliate Credican, S.A.

9. The term "Debtors" shall mean Lehman Brothers Holdings Inc. and its Affiliates, the Debtors in the Bankruptcy Case, and their respective Representatives.

10. The term "Document" shall have the broadest definition and scope permissible under applicable law and shall include all original documents, or if not available, true copies thereof, together with each and every draft and non-identical copy thereof (whether by reason of revisions, notations made thereon or otherwise). It includes, but is not limited to, plans, administrative orders or agreements, letters, Communications, memoranda, reports, evaluations, correspondence, electronic mail, intra-office communications, inter-office communications, internal trade documents, agreements, contracts, invoices, checks, journals, ledgers, leases, telegrams, photocopies, telephone message slips, calendars, diaries, time records, periodicals, pamphlets, computer or business machine printouts, facsimiles, consultants' or accountants work papers, consultants' or accountants' statements and writings, handwritten or electronic notes, minutes, records of meetings, printers' galleys, books, papers, speeches, advertising material, material filed with governmental agencies, office manuals, employee manuals, or office rules and regulations, reports of experts, any other written matter, tape recordings (including video tapes, compact discs, dvds, flash drives or other medium) or other sound or visual reproduction materials, computer data, metadata, computer databases, computer back-up tapes, computer back-up discs, other forms of computer back-ups, or any tangible or physical objects, however

2

produced or reproduced, upon which words or other information are affixed or recorded or from which, by appropriate transcription, written matter or a tangible document may be produced.

11. The term "FOGADE" shall mean Fondo de Proteccion Social de los Depositos Bancarios, f/k/a Fondo de Proteccion Social de los Depositos Bancarios y Proteccion Bancaria, liquidator of Banco Canarias and Credican and owner of certain allowed Claims in the Bankruptcy Case.

12. The term "including" means "including but not limited to."

13. The term "LBH" shall mean Lehman Brothers Holdings Inc,. the debtor in the Bankruptcy Case.

14. The term "Person" shall have the broadest definition and scope permissible under applicable law and shall include, without limitation, any natural person, male or female, or any business, legal or governmental entity or association.

15. The term "Representative" means, for any party or person, any current or former agent, consultant, owner, director, officer, employee, temporary employee, independent contractor, partner, member, attorney, accountant, corporate parent, Affiliate or subsidiary, acting or purporting to act on behalf of any such party or Person.

16. The term "Rule 2004 Order" shall mean the order authorizing FOGADE to seek discovery pursuant to Bankruptcy Rules 2004, a copy of which accompanies this subpoena.

17. The term "Smith Rocke" means Smith Rocke Ltd., a British Virgin Island Company who claimed to be a shareholder of Credican and commenced the Smith Rocke Action.

18. The term "Smith Rocker Action" is an action commenced by Smith Rocke in the United States District Court, Southern District of New York, Case No. 12-07316 against, among others, the Republic of Venezuela, FOGADE, and SUDEBAN.

19. The term "SUDEBAN" means the Superintendencia de las Instituciones del Sector Bancario, a governmental agency of Venezuela which appointed FOGADE as the liquidator of Credican.

20. The term "Treasury" means Lehman Brothers Treasury Co., LBH's Dutch affiliate.

21. The term "Treasury Distributions" shall mean the LBH distributions on structured notes.

22. The terms "You" and "Your" shall mean the person to whom this subpoena is directed.

## Instructions

1. Unless otherwise stated, the relevant time period for the Requests shall be the period commencing on January 1, 2008 through and including the present date (the "Relevant Time Period").

2. Unless otherwise stated with respect to a particular Request, responses to each Request shall include all responsive Documents and Communications dated, created, modified, reviewed, sent or received during the Relevant Time Period.

3. In responding to these Requests, You are requested to furnish all Documents that are available to You or are in Your Possession, custody or control, including Documents in the possession of Your attorneys and any other professional retained by You in the Bankruptcy Case.

4. The Requests call for the production of responsive Documents in their entirety, without abbreviation or deletion.

5. All drafts of responsive Documents must be produced, as well as non-identical copies. Identical copies of produced Documents need not be produced.

6.   Documents shall be produced organized and labeled to correspond with the Request(s) to which the Documents are responsive.

7.   Documents attached to each other (physically or via email) should be attached in the same way when produced.

8.   Electronically stored information must be produced in both native and searchable formats.

9.   Whenever used herein, the singular for of any word includes the plural, and vice versa.

10.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

11.  The terms "all", "any" and "each" shall each be construed as encompassing any and all.

12.  Each page of every Document produced in response to these Requests must be marked with a unique Bates number to allow for accurate identification.

13.  To the extent that any requested Document are withheld from inspection and copying because the Document is no longer in Your possession, custody or control, or based upon a claim of privilege, You are required to provide together with Your production of Documents responsive to these Requests a list setting forth as to each such withheld Document the following:

   (a) The title, date and type of document;

   (b) Its subject matter;

   (c) The name of each author, writer and/or sender of the Document;

5

(d) The name of each recipient, addressee or other party to whom the Document or a copy thereof was sent or directed.

(e) The specific Request(s) to which the Document is responsive;

(f) To the extent the Document is withheld based upon a claim of lack of possession, custody and control, (i) when the Document was most recently in Your possession, custody or control, (ii) the date of and reason for the disposition of the Document(s), and (iii) the identity of any Person who has possession, custody or control of the Document; and

(g) To the extent the Document is withheld based upon a claim of lack of privilege, (i) the specific privilege claimed; and (ii) the basis thereof.

14. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege may be redacted from the Document and the remainder of the Document shall be produced.

15. If an objection is made with respect to any Request or portion thereof, the objection shall state all grounds on which it is based with specificity. Any ground not stated in the objection within the time provided by the Rule 2004 Order shall be deemed waived.

**Requests for Production**

1. All structured notes and related securities and instruments concerning Smith Rocke's beneficial interest in the promissory notes and other assets in the Bankruptcy case bearing ISIN XS0258731909, ISIN XS0295087042 and ISIN XS0295087125.

2. All documents concerning the amounts due and owing under the ISDA Master Agreement and Credit Support Annex Entered into by Banco Canarias and Lehman Brothers International (Europe) on June 28, 2007 and the three related confirmations dated April 14, 2008, May 22, 2008, and June 5, 2008 in the Smith Rocke Action.

3. All documents concerning Lehman Brothers Inc. Account No. 940-90592, including approximately 1,300,000 shares in Lehman Brothers US Dollar Liquidity Fund Service and any bonds and deposits therein in the Smith Rocke Action.

4. All documents concerning Smith Rocke's acquisition of Credican shares.

5. All indentures, structured notes or other securities issued by the Debtors or Treasury, Banco Canarias, or Credican or in which Banco Canarias or Credican possess a beneficial interest.

6. All guarantees by Debtors of the structured notes or other instruments.

7. All documents and communications concerning the settlement of the allowed Claims.

8. All documents concerning any alleged transfers of the structured notes or other instruments.

9. All documents concerning any alleged transfer of the allowed Claims.

10. All documents concerning the Treasury Distributions including the identity of the persons receiving the Treasury Distributions and the amounts thereof.

11. All documents concerning the basis and authority of any distributions made on the Claims.

12. All documents concerning which entity, other than LBH, is making disbursements on the Claims.

13. All documents concerning the amount of the Claims that have been paid.

14. All documents concerning how much of the Claims have been paid and how much is due.

15. All documents concerning the amount left on the Claims and the timeframe on when that balance will be liquidated.

16. All documents concerning the history of all payments made from any LBH entities to FOGADE/Credican and the corresponding wire/payment confirmations.

17. All documents concerning the Treasury Distributions made to clearing institutions including the identity of the clearing institutions and which of the clearing institutions is acting as a direct or indirect custodian of the securities.