Execution Version

# SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is entered into as of June 5, 2013 by and between Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the chapter 11 cases described in the recitals below (the "Chapter 11 Estates"), and Credican C.A. (the "Claimant" and together with the Plan Administrator, the "Parties").

## RECITALS:

A.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 08-13555 (JMP).  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.  By order, dated July 2, 2009 [ECF No. 4271] (the "Bar Date Order"), the Bankruptcy Court established November 2, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") arising from securities included on the Lehman Programs Securities List (as defined in the Bar Date Order) against the Chapter 11 Estates.

C.  The Claimant filed a Proof of Claim against LBHI on November 2, 2009, which was assigned claim number 62726 by the court-approved claims and noticing agent (the "Claims Agent"), asserting an unsecured claim in an amount of $392,500,000 (the "Claim"), based on LBHI's guarantee of two structured notes issued by Lehman Brothers Treasury Co. B.V. and held by the Claimant.  The amount of $392,500,000 is inclusive of: (i) a claim for $142,500,000 in respect of ISIN XS0258731909 (the "1909 Claim"); and (ii) a claim for $250,000,000 in respect of ISIN XS0295087042 (the "7042 Claim").

D.  In accordance with the *Order Pursuant to Section 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [ECF No. 19120] (the "Structured Securities Valuation Procedures Order"), LBHI (i) determined a proposed allowed claim amount for each of the 1909 Claim and the 7042 Claim by applying the Structured Securities Valuation Methodology (as defined in the Structured Securities Valuation Procedures Order), and (ii) sent a notice of each proposed allowed claim amount to Claimant.  In accordance with the Structured Securities Valuation Procedures Order, Claimant disputed each proposed allowed claim amount by submitting a response to LBHI.

E.  Pursuant to Resolution No. 058.11, dated February 15, 2011, Rafael José Moreno Franco and Rosa María Jiménez Urrutia (each a "Joint Administrator" and together, the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

"Joint Administrators") were appointed to the positions of Administrators of Credican, C.A. by the *Superintendencia de las Instituciones del Sector Bancario*, the Bolivarian Republic of Venezuela's Superintendent of Banking Institutions (Sudeban).

F.    On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Confirmation Order provides that the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) [ECF No. 7936] (the "First Settlement Procedures Order") shall continue to apply and be binding on all parties following the effective date of the Plan through the date upon which all of the Chapter 11 Cases have been closed in accordance with Section 6.6 of the Plan. On March 6, 2012, the Plan became effective.

G.    On July 18, 2012, the Court entered the Order Modifying Certain Existing Claims Orders, approving claims settlement procedures [ECF No. 29505] (the "Second Settlement Procedures Order"). The Second Settlement Procedures Order superseded the First Settlement Procedures Order. As of the date hereof, the Second Settlement Procedures Order has not been appealed, stayed or vacated, in whole or in part.

H.    After good-faith, arms'-length negotiations, the Parties have agreed to resolve their disputes concerning the Claim pursuant to the terms and conditions set forth in this Settlement Agreement.

I.    Pursuant to the Plan and the Second Settlement Procedures Order, the Plan Administrator is authorized to enter into this Settlement Agreement without approval of the Court or any other party in interest. *See* Second Settlement Procedures Order, ¶1.

## AGREEMENT:

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1.    The Recitals set forth above form an integral part of this Settlement Agreement and are incorporated fully herein.

2.    This Settlement Agreement shall become effective once (i) it has been executed by all Parties and (ii) each of the Joint Administrators executes the annexed Certifications (the date that both such conditions have been satisfied, the "Effective Date").

3.    Upon the Effective Date, the Claim shall be reduced and allowed as a general unsecured claim against LBHI in the aggregate liquidated amount of $64,395,134 and included in LBHI Class 5 of the Plan (the "Allowed Claim"). The Allowed Claim shall not be subject to any setoffs or offsets, including without limitation any setoff or offset which may be asserted by the Claimant Parties (as defined below) or the Lehman Parties (as defined below) against the Allowed Claim or any distributions made by LBHI in respect of the Allowed Claim, and the Claimant Parties and the Lehman Parties hereby irrevocably and unconditionally waive any and all rights to do so, whether such rights arise by virtue of contract or law. Claimant authorizes the Plan Administrator to provide a copy of this Settlement Agreement to the Claims Agent with instructions to update the claims registry accordingly and to direct the Claims Agent

Execution Version

to make any distributions to the Claimant in accordance with the terms of the Plan, at the appropriate time.

4.      Other than the right to receive distributions on account of the Allowed Claim, the Claimant and its affiliates, successors and assigns, and their respective past, present and future members, officers, directors, shareholders, partners, principals, agents, insurers, servants, employees, representatives, administrators, including the Joint Administrators, executors, trustees and attorneys (collectively, the "Claimant Parties"), shall following the Effective Date have no further right to payment from the Plan Administrator, LBHI or any of the remaining Chapter 11 Estates, the affiliates controlled by the Chapter 11 Estates, or their respective successors or assigns (collectively, the "Lehman Parties") in respect of the Claim. Following the Effective Date, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debt, liens, losses, demands, damages, costs and causes of action of whatever nature arising out of or relating to the Claim (collectively, the "Claimant Released Claims") against all of the Lehman Parties, and shall be barred from asserting any and all Claimant Released Claims whatsoever, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Settlement Agreement; *provided*, *however*, that the releases granted in this clause shall not apply to obligations, rights, remedies or actions arising or accruing pursuant to this Settlement Agreement (including, without limitation, the right to receive distributions on the Allowed Claim); provided, further, and for the avoidance of doubt that the releases granted in this clause shall not apply to any claim the Claimant may have against Lehman Brothers Treasury Co. B.V.

5.      The Lehman Parties hereby waive any and all rights to object to the Allowed Claim for any reason, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Settlement Agreement.  Following the Effective Date, the Lehman Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debt, liens, losses, demands, costs and causes of action of whatever nature arising out of or relating to the Claim (collectively, the "Lehman Party Released Claims") against all of the Claimant Parties, and shall be barred from asserting any and all Lehman Party released Claims whatsoever, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Settlement Agreement; provided, however, that the releases granted in this clause shall not apply to obligations, rights, remedies or actions arising or accruing pursuant to this Settlement Agreement.

6.      This Settlement Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7.      This Settlement Agreement may not be modified other than by a signed writing executed by the Parties hereto.

Execution Version

8.      Each person who executes this Settlement Agreement represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Settlement Agreement.

9.      Each Party represents and warrants to the other Party that the execution and delivery by it of, and the performance by it of its obligations under, this Settlement Agreement are within its corporate powers, have been duly authorized by all necessary action, and will not contravene any constitutional document or other instrument or agreement binding on it, or any law, regulation, judgment, order or administrative action binding on it.

10.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.  Delivery of an executed counterpart of a signature page by facsimile or PDF transmission shall be as effective as delivery of a manually executed counterpart.

11.     For each of the annexed Certifications, it shall constitute sufficient proof of such Certification to present any copy, copies, or facsimiles signed by the applicable Joint Administrator, and delivery of an executed Certification by facsimile or PDF transmission shall be as effective as delivery of a manually executed Certification.

12.     This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

13.     All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in Paragraph 5.  Section 1542 of the California Civil Code reads as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."**

14.     This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of law principles thereof.

15.     The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

Execution Version

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.,
as Plan Administrator on behalf of
the Chapter 11 Estates

By: _____ Daniel Ehrmann _____
Print Name: _____
Title: _____

CREDICAN, C.A.

By: _____
Print Name: Rosa María Jiménez Urrutia
Title: Administrator

By: _____
Print Name: Rafael Josè Moreno Franco
Title: Administrator

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.,
as Plan Administrator on behalf of
the Chapter 11 Estates

By: _____
Print Name: _____
Title: _____

CREDICAN, C.A.

By: _____
Print Name: Rosa María Jiménez Urrutia
Title: Administrator

By: _____
Print Name: Rafael José Moreno Franco
Title: Administrator

## CERTIFICATION

Pursuant to Resolution No. 058.11, dated February 15, 2011, I, Rafael José Moreno Franco, was appointed to the position of Administrator of Credican, C.A. by the *Superintendencia de las Instituciones del Sector Bancario*, the Bolivarian Republic of Venezuela's Superintendent of Banking Institutions (Sudeban), and, as such, am duly authorized to execute this certification on behalf of Credican C.A. ("Credican"). Given my position as Administrator of Credican, I am familiar with the matters discussed in this certification. I make this certification under 28 U.S.C. § 1746, and state:

1.        Credican is the current and sole holder of the securities represented by ISIN Nos. XS0295087042 and XS0258731909 (the "Securities").

2.        Pursuant to the assignment agreement attached hereto as Exhibit A, Credican acquired the entirety of the security represented by ISIN No. XS0295087042 ("ISIN 7042") on or before April 15, 2009 from Banco Canarias de Venezuela, Banco Universal, C.A. ("Banco Canarias"). Additional evidence of the assignment of ISIN 7042 from Banco Canarias to Credican is attached hereto as Exhibit B. Since acquiring ISIN 7042 to the present, Credican has not sold, transferred, granted rights in or otherwise assigned any portion of ISIN 7042. No entity other than Credican has any right, title, or interest in any portion of ISIN 7042.

3.        Pursuant to the assignment agreement attached hereto as Exhibit C, Credican acquired the entirety of the security represented by ISIN No. XS0258731909 ("ISIN 1909") on or before December 31, 2008 from Banco Canarias. Additional evidence of the assignment of ISIN 1909 from Banco Canarias to Credican is attached hereto as Exhibit D. Since acquiring ISIN 1909 to the present, Credican has not sold,

transferred, granted rights in or otherwise assigned any portion of ISIN 1909. No entity other than Credican has any right, title, or interest in any portion of ISIN 1909.

4.      On November 2, 2009, Credican filed in Lehman Brothers Holdings Inc.'s chapter 11 case, Case No. 08-13555, proof of claim number 62726, which seeks a distribution on account of the Securities.  I am not aware of any party, other than Credican, that has filed a proof of claim against Lehman Brothers Holdings Inc. ("LBHI") on account of the Securities, and Credican did not authorize or direct any party, other than its representatives, to file a proof of claim against LBHI on account of the Securities.

5.      Since September 15, 2008, Credican has not received any distributions or payments from LBHI, LBI, any broker, custodian, or agent, or any other party on account of the Securities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 5ᵗʰ day of June    , 2013.

By: _____
Rafael José Moreno Franco

2

**EXHIBIT A**





SERVICIO AUTÓNOMO
**DE REGISTROS
Y NOTARÍAS**
MINISTERIO PARA EL PODER POPULAR PARA
RELACIONES INTERIORES Y JUSTICIA

# REPÚBLICA BOLIVARIANA DE VENEZUELA

# NOTARÍA PÚBLICA CUARTA

# DEL MUNICIPIO CHACAO DEL ESTADO MIRANDA

Dra. Hermelinda Rivas Rodriguez

NOTARIO TITULAR

URB. EL ROSAL CALLE ALAMEDA
(DETRAS DEL EDIFICIO EXA)
TELFS.: (0212) 953.68.67 FAX: 952.9578

Entre, la Sociedad Mercantil **"CREDICAN, C.A.",** inscrita por ante el Registro Mercantil

Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda el día doce (3)

de enero de 2002 bajo el Nº 23, Tomo 662-A Qto., representada en este acto por **MANUEL**

**HERRERA CASTILLA,** venezolano, mayor de edad, de este domicilio y titular de la

cédula de identidad número V- 4.438.105, suficientemente autorizado por la Asamblea

General Extraordinaria de Accionistas de fecha veinticinco (25) de Marzo de 2009, (en lo

sucesivo denominada **"Credican")** y la entidad bancaria **BANCO CANARIAS DE**

**VENEZUELA, BANCO UNIVERSAL, C.A.,** antes denominado LA MARGARITA,

ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., Sociedad Mercantil anteriormente

domiciliada en la ciudad de Porlamar, Municipio Autónomo Mariño del estado Nueva

Esparta, actualmente domiciliada en la ciudad de Caracas, Torre Banco Canarias, Avenida

Tamanaco, El Rosal, Teléfono: 2101313, inscrita por ante el Registro de Información Fiscal

bajo el Nº J-08003532-1, constituida por Acta inscrita por ante la Oficina del Registro

Publico del Municipio Autónomo Mariño del Estado Nueva Esparta, en fecha veintiocho

(28) de noviembre de 1966, bajo el Nº 73, Folios 126 al 129, Protocolo Primero, Tomo

Segundo, sucesor a título universal del patrimonio de la Sociedad Mercantil Banco Canarias

de Venezuela, C.A., la cual fue absorbida por fusión, y cuya última reforma de Estatutos

Sociales fue la realizada mediante Asamblea General Extraordinaria de Accionistas

celebrada el veintidós (22) de septiembre de 2004, inscrita por ante el Registro Mercantil

Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha seis

(6) de febrero de 2006 anotado bajo el Nº 69, Tomo 1258 A, representada en este acto por

su presidente **ALVARO GORRIN,** venezolano, mayor de edad, de este domicilio y

portador de la cédula de identidad N° V-5.406.105, en lo sucesivo denominada ("**EL Banco**"): Acuerdan celebrar el presente contrato de compraventa a tenor de lo siguiente:

### Considerando que:

La Superintendencia de Bancos y Otras Instituciones Financieras, mediante oficio signado con el número SBIF-DSB-II-GGI-G13-23420, de fecha 24 diciembre de2008, autorizó expresamente a "**Credican**" a adquirir, mediante le pago en efectivo, las remanentes Notas Estructuradas propiedad del Banco.

Considerando que en Fecha 25 de marzo de 2009, "**Credican**", celebró una Asamblea Extraordinaria de Accionistas, la cual, entre otras cosas, resolvió la compra de la Nota Estructurada aquí vendida, en los términos en que se perfecciona la presente compraventa;

Se resolvió lo siguiente:

"El Banco" vende en este acto de manera irrevocable a "Credican" un Instrumento Financiero denominado TEN-Year Callable Venezuelan Bolivar Portfolio Note, (Nota Estructurada) con las siguientes características:

a) *Número de identificación:* ISIN: XS0295087042

b) *Ente emisor:* Lehman Brothers Treasury Co., BV

c) *Agente colocador:* Lehman Brothers

d) *Agente custodio:* Clearstream Banking

e) *Tipo de instrumento:* Ten-Year Callable Venezuelan Bolivar Porfolio Note

f) *Tasa de rendimiento:* 10% anual, base 30/360

g) *Valor de adquisición:* 100%

h) *Valor nominal:* VEF537.500.000

i) *Valor en libros:* VEF537.500.000

j) *Intereses Causados:* VEF103.767.361,11

k) *Precio de Venta:* VEF526.786.877,36

El precio de esta compraventa es de Quinientos veintiséis millones setecientos ochenta y

seis mil ochocientos setenta y siete Bolívares Fuertes con 36/100 (VEF526.786.877,36), el

cual deberá ser pagado en efectivo y de manera indefectible por "**Credican**" a " **El Banco**",

en un plazo que en ningún caso excederá del día 15 de abril de 2009.

Con el pago del precio aquí pactado, se garantiza que el Banco no sufra daño financiero ni

patrimonial alguno, por el contrario, efectivamente se ratifica el compromiso de los

accionistas de "El Banco" con el continuo desarrollo y fortalecimiento del Banco.

Para todos los efectos de este Contrato, las partes eligen como domicilio especial a la

ciudad de Caracas, a la jurisdicción de cuyos Tribunales convienen en someterse. Se hacen

dos (2) ejemplares de un mismo tenor y a un solo efecto, en Caracas, a la fecha de su

otorgamiento

Ministry of Popular Power
Internal Relations and Justice

SAREN    AUTONOMOUS SERVICE
OF RECORDS AND NOTARIES
MINISTRY FOR POPULAR POWER
FOR INTERNAL RELATIONS AND JUSTICE

# BOLIVARIAN REPUBLIC OF VENEZUELA

# FOURTH NOTARY PUBLIC

# OF THE MUNICIPALITY OF CHACAO, MIRANDA STATE

Dr. Hermelinda Rivas Rodriguez

HEAD NOTARY

URB. EL ROSAL CALLE ALAMEDA
(BEHIND THE EXA BUILDING)
TELS: (0212) 953.68.67  FAX: 952.9578

*Luna Martina Maestre M.*
BANCO CANARIAS
Venezuelan Bar Association no. 36,863

By and between the Trading Company "**CREDICAN, C.A.**", registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on January twelfth (3[sic]), 2002, under No. 23, Volume 662-A 5th, represented in this act by **MANUEL HERRERA CASTILLA**, Venezuelan, of legal age, domiciled here and bearer of identity card number V- 4.438.105, with sufficient authorization from the Extraordinary General Meeting of Shareholders on March twenty-fifth (25), 2009, (hereinafter known as "**Credican**") and the banking entity **BANCO CANARIAS DE VENEZUELA, BANCO UNIVERSAL, C.A.**, previously named LA MARGARITA, ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., a Trading Company previously domiciled in the city of Porlamar, Autonomous Municipality of Mariño, Nueva Esparta State, currently domiciled in the city of Caracas, Torre Banco Canarias, Avenida Tamanaco, El Rosal, Telephone: 2101313, registered in the Tax Information Register under No. J-08003532-1. incorporated by a record registered in the Public Records Office of the Autonomous Municipality of Mariño, Nueva Esparta State, dated November twenty-eighth (28), 1966, under number 73, folios 126 to 129, First Protocol, Second Volume, Fourth Quarter of the aforementioned year, universal successor of the assets of trading company Banco Canarias de Venezuela, C.A., which was acquired by a merger and whose most recent amendment to its corporate bylaws was that made during the Extraordinary General Meeting of Shareholders held on March 31, 2004, registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda, dated February sixth (6), 2006, noted under number 69, Volume 1258 A, represented in this act by its president **ÁLVARO GORRÍN**, Venezuelan, of legal age, domiciled here and

bearer of Identity Card No. V-5.406.105, hereinafter known as ("**The Bank**"): hereby agreed to enter into this sale/purchase contract in accordance with the following:

**Whereas:**

The Superintendency of Banks and Other Financial Institutions, by means of an official letter signed with number SBIF-DSB-II_GGI_G13-23420, dated December 24, 2008, expressly authorized "**Credican**" to acquire, through a cash payment, the remaining Structured Notes belonging to the Bank.

Whereas on March 25, 2009, "**Credican**", held an Extraordinary Meeting of Shareholders which, among other aspects, decided on the purchase of the Structured Note sold herein, under the terms set out in this sale/purchase agreement:

The following was decided:

In this act, "The Bank" hereby irrevocably sells to "Credican" a financial instrument known as a TEN-Year Callable Venezuelan Bolivar Portfolio Note, (Structured Note) with the following characteristics:

a)  *Identification Number*:  ISIN: XS0295087042

b)  *Issuing Body*:  Lehman Brothers Treasury Co., BV

c)  Inve*stment Agent*:  Lehman Brothers

d)  *Escrow Agent*:  Clearstream Banking

e)  *Type of Instrument*:  Ten-Year Callable Venezuelan Bolivar Portfolio Note

f)  *Rate of Return*:  10% annual, 30/360 base

g)  *Acquisition Value*:  100%

h)  *Par Value*:  VEF537,500,000

i)  *Book Value*:  VEF537,500,000

j)  *Unpaid Accrued Interest*:VEF103,767,361.11

k)  *Sale Price*:  VEF526,786,877.36

[Stamp: Illegible]

The price of this sale/purchase is Five Hundred Twenty-Six Million Seven Hundred Eighty-Six Thousand Eight Hundred Seventy-Seven Bolívares Fuertes, 36/100 (VEF526,786,877.36), which, in an unfailing manner, must be paid in cash by "**Credican**" to "**The Bank**" within a period that in no case shall not exceed April 15, 2009.

With the payment of the price agreed herein, it is guaranteed that the Bank shall not suffer any financial or property damage; on the contrary, the commitment of the shareholders of "The Bank" to its ongoing development and strengthening is effectively ratified.

For all effects of this Agreement, the parties hereby choose the city of Caracas as a special domicile, the jurisdiction of whose Courts they hereby agree to submit themselves. This is made in two (2) counterparts and to one sole effect, in Caracas, on the date on which it is entered into

[Signature]        [Signature]

**EXHIBIT B**

```
BANCO CANARIAS DE VENEZUELA, C.A. (01-01) Fecha 08/06/2012
DISPONIBLE PARA LA V ENTA              Pos   24047/No-09C21252896
                                       Ref   249896/249896
   ACTIVO                              Carga 27/03/2009


          DEAL   TICKET
          ----------------


R. FIJA  (Venta)

ContraParte : CREDICAN, C.A.    (CRE001 )
Sucursal    :   1-TORRE FINANCIERA
Atencion    : LUIS EDUARDO FERNANDEZ         Fax  02127623290
Cedula/Rif  : J0000308814385/               Tlf  00000709396
Inversion   : TEN YEAR CALLABLE VENEZUELAN BOLIVAR PORFOLIO NOTE  (TENYEA)
Cupon %     :  10.0000  Dias  691 + 0
Rend        :  11.3846 %                Base  30/360 ISMA
Cierre      :  27/03/2009               Dias  2895
Valor       :  27/03/2009               Venc  12/04/2017
Nominal VEB :  537,500,000.00           Precio %  :        78.8124
Ult Cupon   :  26/04/2007               Capit VEB :  423,616,650.00
   teres VEB :  103,170,138.89          Total VEB :  526,786,788.89
-- ------------------------------------------------------------------------
Venta                                   Hora   15:47: 27/03/2009
 Precio Costo:    100.00000000  26/04/2007
 Util Capital: -113,883,350.00
 Util Financi:    4,031,250.00
 Cust/Comis  : 1-BCV 01400002 PROPIA /
 Isin/C.Code : XS0295087042 / SICET / Origen: Deb
 Observacion :
               EL MONTO EFECTIVO ACORDADO CON LA
               CONTRAPARTE ES DE VEF 526,786,877.36 SIN
               EMBARGO EN DEAL REFLEJA UN MONTO
               MENOR YA QUE NO CABEN LOS DECIMALES EN
               EL PRECIO ACORDADO.
 Forma  Pago : 2-NOTA DE DEBITO Cuenta No : 01400014310000026380
 Div Efectiva: 0-VEB



Ing    999-CRUCE CONTABLE DEBIT              526,786,877.36  27/03 27/03


          --------------------              --------------------
               Operador                        Aprobado por
          SERAFINA SCANNELLA  VACANTE
```

Junta Coordinadora de Liquidación
BANCO CANARIAS DE VENEZUELA
BANCO UNIVERSAL, C.A.

```
BANCO CANARIAS
```

**EXHIBIT C**

Nº A 3...

NOTARIA PUBLICA CUARTA DEL MUNICIPIO ... CHACAO DEL DISTRITO CAPITAL Y ESTADO MIRANDA, NOTARIO Y TITULAR ... I ... A. RIVAS RODRÍGUEZ. El Rosal, ... seis (26) de Marzo del año Dos Mil Nueve (200 ) 19 ... 1519. El anterior documento redactado por el Abogado LIGIA MARTINA MAESTRE inscrita en el inpreabogado bajo el Nº 51.053 fue presentado para su Autenticación y Devolución según Planilla de Autenticación ... Recibo 16/03/2009. Presente sus o organos dijeron llamarse: **MANUEL HERRERA** CASTILLA Y ALVARO GUERIN mayores de edad y domiciliados en: Caracas de nacionalidad: **VENEZOLANOS**, de estado civil: **Viudo, Casado** titulares de la Cédula de Identidad Nos. V-4.438.105, V-5.406.105, respectivamente. Leído y confrontado el documento con sus fotocopias y firmadas estas y el presente original en presencia del Notario los otorgantes expusieron: "SU CONTENIDO ES CIERTO y NUESTRAS LAS FIRMAS QUE APARECEN AL PIE DEL INSTRUMENTO". La Notario en tal virtud da FE PUBLICA, a solicitud de las partes interesadas del acto o negocio jurídico otorgado en su presencia y de las copias firmadas en original que formarán el Tomo Principal y el Tomo Duplicado, quedando inserto bajo el Nº 02  TOMO 82  de los Libros de Autenticaciones llevados en ésta Notaria. Actuaron como testigos instrumentales: ANA VILLARROEL Y OSCAR BARRETO titulares de las cédulas de identidad Nos. V-16.662.343 y V-9.969.753. Igualmente hace constar que una vez cumplido con lo estipulado en el Artículo 79 de la Ley de Registro y del Notariado y en especial con el ordinal 2do; el cual copiado a la letra dice:"...Informar a las partes del contenido, naturaleza, **trascendencia** y consecuencias legales de los actos o negocios jurídicos otorgados en su presencia, así como de las renuncias, reservas, gravámenes y cualquier otro elemento que afecten los bienes o derechos referidos en el acto o negocio jurídico. El Notario dejará constancia en el acto del cumplimiento de **esta** obligación y su omisión lo hace responsable civil, penal y administrativamente. lo declara legalmente Autenticado.- Igualmente certifica que tuvo a su vista 1) Documento Constitutivo y Estatutos Sociales de la Sociedad Mercantil CREDICAN C.A., inscrito por ante el Registro Mercantil Quinto de la circunscripción Judicial del Distrito Capital y Estado Miranda de 12-03-2002, anotado bajo el Nº 23, Tomo 662-A-Qto. 2) Documento Constitutivo y Estatutos Sociales de Banco Canarias de Venezuela, antes denominado La Margarita , Entidad de Ahorro y Préstamo C.A. anteriormente domiciliada en la Ciudad de Caracas, constituida por ante acta inscrita en la Oficina de Registro Publico Autónomo Mariño del Estado Nueva Esparta del Estado Nueva Esparta , el 28/11/1966, bajo el Nº 73. Tomo 2, Protocolo Primero, sucesor a título universal del patrimonio de la sociedad mercantil Banco Canarias C.A. la cual fue absorbida por fusión  y cuya ultima reforma de Estatutos sociales fue la realizada mediante Asamblea General de Accionistas, celebrada el 22/09/2004, inscrita por ante el Registro Mercantil V de la Circunscripción Judicial del Distrito Capital y Estado Miranda el 006/02/2006, bajo el Nº 69. Tomo 1258-A.2) Documento Constitutivo de la Sociedad Mercantil FACTOR AG SERVICIOS FINANCIEROS C.A. inscrito por ante el Registro Quinto de la Circunscripción Judicial del Distrito Capital y estado Miranda de fecha 10/12/1997, anotado bajo el Nº 97. Tomo 174-A-Qto.

LOS OTORGANTES                                              LOS TESTIGOS

1.

2.

LA NOTARIO PÚBLICO

Ligia Martina Maestre M.
BANCO CANARIAS
Inpreabogado Nº 36.853

Entre, la Sociedad Mercantil **"CREDICAN, C.A.",** inscrita por ante el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda el día doce (3) de enero de 2002 bajo el Nº 23, Tomo 662-A Qto., representada en este acto por los ciudadanos, **FELIPE GONZALEZ CAMACHO y ANICETO RAMOS DIAZ,** venezolanos, mayores de edad, de este domicilio y titulares de las cédulas de identidad números V- 2.988.376 y V. 4.851.652,   suficientemente autorizados por la Asamblea General Extraordinaria de Accionistas de fecha veintiseis (26) de diciembre de 2009, (en lo sucesivo denominada **"Credican"** y la entidad bancaria **BANCO CANARIAS DE VENEZUELA, BANCO UNIVERSAL, C.A.,** antes denominado LA MARGARITA, ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., Sociedad Mercantil anteriormente domiciliada en la ciudad de Porlamar, Municipio Autónomo Mariño del estado Nueva Esparta, actualmente domiciliada en la ciudad de Caracas, Torre Banco Canarias, Avenida Tamanaco, El Rosal, Teléfono: 2101313, inscrita por ante el Registro de Información Fiscal bajo el Nº J-08003532-1, constituida por Acta inscrita por ante la Oficina del Registro Publico del Municipio Autónomo Mariño del Estado Nueva Esparta, en fecha veintiocho (28) de noviembre de 1966, bajo el Nº 73, Folios 126 al 129, Protocolo Primero, Tomo Segundo, sucesor a título universal del patrimonio de la Sociedad Mercantil Banco Canarias de Venezuela, C.A., la cual fue absorbida por fusión, y cuya última reforma de Estatutos Sociales fue la realizada mediante Asamblea General Extraordinaria de Accionistas celebrada el veintidós (22) de septiembre de 2004, inscrita por ante el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha seis (6) de febrero de 2006 anotado bajo el Nº 69, Tomo 1258 A, representada en este acto por su presidente **ALVARO GORRIN,** venezolano,  mayor de edad, de este domicilio y portador de la cédula de identidad Nº V-5.406.105,  en lo sucesivo denominada **("EL Banco"):** Acuerdan celebrar el presente contrato de compraventa a tenor de lo siguiente:

### Considerando que:

La Superintendencia de Bancos y Otras Instituciones Financieras, mediante oficio signado con el número SBIF-DSB-II-GGI-G13-23420, de fecha  24 diciembre de 2008, autorizó expresamente a **"Credican"** a adquirir, mediante le pago en efectivo, las remanentes Notas Estructuradas propiedad del Banco.

Considerando que en Fecha 26 de diciembre de 2008, **"Credican"**, celebró una Asamblea Extraordinaria de Accionistas, la cual, resolvió la compra de la Nota Estructurada aquí vendida, en los términos en que se perfecciona la presente compraventa;

Se resolvió lo siguiente:

"El Banco" vende en este acto de manera irrevocable a "Credican" un Instrumento Financiero denominado Six-Year Callable Venezuelan Bolivar Portfolio Note (Nota Estructurada) con las siguientes características:

a) Número de Identificación: ISIN: XS0258731909
b) Ente Emisior: Lehman Brothers Treasury Co., BV
c) Agente Colocador: Lehman Brothers Iternational
d) Agente Custodio: Clearstream Banking
e) Tipo de Instrumento: Six-Year Callable Venezuelan Bolivar Portfolio Note
f) Cupón: 9,25% anual, Base 30/360 pagadero Semestral
g) Valor de Adquisición: 100%
h) Valor Nominal: VEF 306.375.000,00
i) Valor en Libros: VEF 306.375.000,00
j) Intereses Causados: VEF 14.169.843,75
**k) Precio de Venta:** **VEF 284.602.154,25**

El precio de esta compraventa es de **doscientos ochenta y cuatro millones seiscientos dos mil ciento cincuenta y cuatro bolívares con veinticinco céntimos (Bsf. 284.602.154,25)** el cual deberá ser pagado en efectivo y de manera indefectible por **"Credican"** a **"El Banco"**, en un plazo que en ningún caso excederá del día 31 de diciembre de 2008. Con el pago del precio aquí pactado, se garantiza que el Banco no sufra daño financiero ni patrimonial alguno, por el contrario, efectivamente se ratifica el compromiso de los accionistas de "El Banco" con el continuo desarrollo y fortalecimiento del Banco.

Para todos los efectos de este Contrato, las partes eligen como domicilio especial a la ciudad de Caracas, a la jurisdicción de cuyos Tribunales convienen en someterse. Se hacen dos (2) ejemplares de un mismo tenor y a un solo efecto, en Caracas, a los treinta (30) días del mes de diciembre de 2008.

POR CREDICAN                                         POR BANCO CANARIAS

FELIPE GONZALEZ CAMACHO                              ALVARO GORRIN

ANICETO RAMOS

[Header: Illegible]                No. A 313531

### BOLIVARIAN REPUBLIC OF VENEZUELA

FOURTH NOTARY PUBLIC OF THE AUTONOMOUS MUNICIPALITY OF CHACAO OF THE CAPITAL DISTRICT AND MIRANDA STATE, HEAD NOTARY MS. HERMELINDA RIVAS RODRÍGUEZ. El Rosai, March twenty-sixth of the year two thousand and nine (2009). 198 v 150. The foregoing document drafted by the Lawyer LIGIA MARTINA MAESTRE, registered with the Venezuelan Bar Association under No. 36.853, was submitted for Authentication and Return as per the table of fees No 031916 dated 03/26/2009. Its grantors were present who stated their names: **MANUEL HERRERA** CASTILLA and ALVARO GORRIN, of legal age and domiciled in **Caracas**, nationality, **VENEZUELAN**, marital status: **Widow, Married**, bearers of identity cards nos. **V-4-438-105, V-5-406-105**, respectively. Having read the document and compared it to its photocopies, and having signed these and this original copy in the presence of the Notary the grantors stated: "ITS CONTENT IS TRUE AND THE SIGNATURES THAT APPEAR AT THE END OF THE INSTRUMENT ARE OURS". The Notary consequently hereby attests, upon request of the interested parties, that the act or legal transaction granted in their presence, and the originally signed copies that will make up the Principal Volume and the Duplicate Volume, have been entered under **No. 02, VOLUME 82** of the Books of Authentications kept at this Notary Office. Acting as attesting witnesses were **ANA VILLARROEL AND OSCAR BARRETO**, bearers of identity card nos. V-16.662.343 and V-9.969.753. The Notary also records that having fulfilled the stipulations of Article 79 of the Records and Notaries Law, especially item 2, which textually states: "…Inform the parties of the content, nature, relevance and legal consequences of the acts or legal transactions granted in their presence, as well as waivers, reserves, levies and any other aspect that may affect the property or rights referred to in the act or legal transaction. The Notary must put the fulfillment of this obligation on the record in the act and its omission makes them liable in civil, criminal and administrative areas […]" it is declared legally Authenticated.- The Notary also certifies that they have seen 1) The Founding Document and the Corporate Bylaws of the Trading Company CREDICAN C.A., registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on 12-012002, noted under No. 23, Volume 662-A-Fifth. 2) The Founding Document and the Corporate Bylaws of Banco Canarias de Venezuela, previously named La Margarita, Entidad De Ahorro y Préstamo, C.A., a Trading Company previously domiciled in the city of Caracas, incorporated by a record registered in the Mariño Autonomous Public Records Office, Nueva Esparta State Nueva Esparta State [sic], on 11/28/1966, under number 73, Volume 2, First Protocol, universal successor of the assets of trading company Banco Canarias de Venezuela, C.A., which was acquired by a merger and whose most recent amendment to its corporate bylaws was that made during the Extraordinary General Meeting of Shareholders held on 09/22/2004, registered in the V Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on 006/02/2006[sic], under no. 69, Volume 1258 A. 2) [sic] The Founding Document of the Trading Company FACTOR AG SERVICIOS FINANCIEROS C.A., registered in the Fifth Registry of the Jurisdiction of the Capital District and the State of Miranda dated 12/10/1997, noted under No. 97, Volume 174-A-Fifth.

**THE GRANTORS**

1. [Signature]                    THE WITNESSES
2. [Signature]                    [2 Signatures]

**THE NOTARY PUBLIC** [Signature and 2 stamps – illegible]

[Signature]
*Ligia Martina Maestre M.*
BANCO CANARIAS
Venezuelan Bar Association No. 36,863

By and between the Trading Company "**CREDICAN, C.A.**", registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on January twelfth (3 [sic]), 2002, under No. 23, Volume 662-A 5th, represented in this act by the citizens **FELIPE GONZALEZ CAMACHO and ANICETO RAMOS DÍAZ**, Venezuelan, of legal age, domiciled here and bearers of identity card numbers V- 2.988.376 and V. 4.851.652, with sufficient authorization from the Extraordinary General Meeting of Shareholders on December twenty-sixth (26), 2009, (hereinafter known as "**Credican**") and the banking entity **BANCO CANARIAS DE VENEZUELA, BANCO UNIVERSAL, C.A.**, previously named LA MARGARITA, ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., a Trading Company previously domiciled in the city of Porlamar, Autonomous Municipality of Mariño, Nueva Esparta State, currently domiciled in the city of Caracas, Torre Banco Canarias, Avenida Tamanaco, El Rosal, Telephone: 2101313, registered in the Tax Information Register under No. J-08003532-1. incorporated by a record registered in the Public Records Office of the Autonomous Municipality of Mariño, Nueva Esparta State, dated November twenty-eighth (28), 1966, under number 73, folios 126 to 129, First Protocol, Second Volume, universal successor of the assets of trading company Banco Canarias de Venezuela, C.A., which was acquired by a merger and whose most recent amendment to its corporate bylaws was that made during the Extraordinary General Meeting of Shareholders held on September twenty-second (22), 2004, registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda, dated February sixth (6), 2006, noted under number 69, Volume 1258 A, represented in this act by its president **ÁLVARO GORRÍN**, Venezuelan, of legal age, domiciled here and bearer of Identity Card No. V-5.406.105, hereinafter known as ("**The Bank**"): hereby agreed to enter into this sale/purchase contract in accordance with the following:

### Whereas:

The Superintendency of Banks and Other Financial Institutions, by means of an official letter signed with number SBIF-DSB-II-GGI-G13-23420, dated December 24, 2008, expressly authorized "**Credican**" to acquire, through a cash payment, the remaining Structured Notes belonging to the Bank.

Whereas on December 26, 2008, "**Credican**" held an Extraordinary Meeting of Shareholders which, among other aspects, decided on the purchase of the Structured Note sold herein, under the terms set out in this sale/purchase agreement:

The following was decided:

In this act, "The Bank" hereby irrevocably sells to "Credican" a financial instrument known as a Six-Year Callable Venezuelan Bolivar Portfolio Note, (Structured Note) with the following characteristics:

a) Identification Number:     ISIN: XS0258731909

b) Issuing Body:     Lehman Brothers Treasury Co., BV

c) Investment Agent:     Lehman Brothers

d) Escrow Agent:     Clearstream Banking

e) Type of Instrument:     Six-Year Callable Venezuelan Bolivar Portfolio Note

f) Rate of Return:     9.25% annual, 30/360 base payable half yearly

g) Acquisition Value:     100%

h) Par Value:     VEF 306,375,000.00

i) Book Value:     VEF 306,375,000.00

j) Unpaid Accrued Interest:     VEF 14,169,843.75

k) **Sale Price:**     **VEF 284,602,154.25**

The price of this sale/purchase is **two hundred eighty-four million six hundred two thousand one hundred fifty-four Bolívares and twenty-five cents (Bsf. 284,602,154.25)**, which, in an unfailing manner, must be paid in cash by "**Credican**" to "**The Bank**" within a period that in no case shall not exceed December 31, 2008. With the payment of the price agreed herein, it is guaranteed that the Bank shall not suffer any financial or property damage; on the contrary, the commitment of the shareholders of "The Bank" to its ongoing development and strengthening is effectively ratified.

For all effects of this Agreement, the parties hereby choose the city of Caracas as a special domicile, the jurisdiction of whose Courts they hereby agree to submit themselves. This is made in two (2) counterparts and to one sole effect, in Caracas, on the thirtieth (30th) day of the month of December 2008.

FOR CREDICAN                                    FOR BANCO CANARIAS

[Signature]                                          [Signature]

FELIPE GONZALEZ CAMACHO            ALVARO GORRIN

[Signature]

ANICETO RAMOS

## EXHIBIT D

```
BANCO CANARIAS DE VENEZUELA, C.A. (01-01) Fecha 08/06/2012
DISPONIBLE PARA LA V ENTA              Pos   18528/No-08L21247105
                                       Ref   244105/244105
  ACTIVO                               Carga 31/12/2008

            DEAL   TICKET
            ----------------

  R. FIJA  (Venta)

ContraParte : CREDICAN, C.A.   (CRE001 )
Sucursal    :   1-TORRE FINANCIERA
Atencion    : LUIS EDUARDO FERNANDEZ          Fax  02127623290
Cedula/Rif  : J0000308814385/                 Tlf  00000709396
Inversion   : SIX YEAR VENEZUELAN BOLIVAR NOTES  (SIX1 )
Cupon %     :   9.2500  Dias    0 + 0
Rend        :  13.0264 %                  Base   30/360 ISMA
Cierre      :  31/12/2008                 Dias   1250
Valor       :  31/12/2008                 Venc   20/06/2012
Nominal VEB :  306,375,000.00             Precio %  :        88.2684
Ult Cupon   :  31/12/2008                 Capit VEB :   270,432,310.50
  teres VEB :           0.00              Total VEB :   270,432,310.50
-- ------------------------------------------------------------------
Venta                                     Hora   01:20: 31/12/2008
Precio Costo:    100.00000000  23/06/2006
Util Capital:  -35,942,689.50
Util Financi:    2,361,640.63
Cust/Comis  : 1-BCV 01400002 PROPIA /
Isin/C.Code : XS0258731909 / SICET / Origen: Deb
Observacion :
Forma  Pago : 2-NOTA DE DEBITO Cuenta No : 01400014310000026380
Div Efectiva: 0-VEB
```

```
Ing   999-CRUCE CONTABLE DEBIT                270,432,310.50  31/12 31/12
```

```
        --------------------              --------------------
            Operador                          Aprobado por
        SERAFINA SCANNELLA  VACANTE
```

BANCO CANARIAS

Junta Coordinadora de Liquidación
BANCO CANARIAS DE VENEZUELA
BANCO UNIVERSAL, C.A.

## CERTIFICATION

Pursuant to Resolution No. 058.11, dated February 15, 2011, I, Rosa María Jiménez Urrutia, was appointed to the position of Administrator of Credican, C.A. by the *Superintendencia de las Instituciones del Sector Bancario*, the Bolivarian Republic of Venezuela's Superintendent of Banking Institutions (Sudeban), and, as such, am duly authorized to execute this certification on behalf of Credican C.A. ("Credican"). Given my position as Administrator of Credican, I am familiar with the matters discussed in this certification. I make this certification under 28 U.S.C. § 1746, and state:

1.      Credican is the current and sole holder of the securities represented by ISIN Nos. XS0295087042 and XS0258731909 (the "Securities").

2.      Pursuant to the assignment agreement attached hereto as Exhibit A, Credican acquired the entirety of the security represented by ISIN No. XS0295087042 ("ISIN 7042") on or before April 15, 2009 from Banco Canarias de Venezuela, Banco Universal, C.A. ("Banco Canarias"). Additional evidence of the assignment of ISIN 7042 from Banco Canarias to Credican is attached hereto as Exhibit B. Since acquiring ISIN 7042 to the present, Credican has not sold, transferred, granted rights in or otherwise assigned any portion of ISIN 7042. No entity other than Credican has any right, title, or interest in any portion of ISIN 7042.

3.      Pursuant to the assignment agreement attached hereto as Exhibit C, Credican acquired the entirety of the security represented by ISIN No. XS0258731909 ("ISIN 1909") on or before December 31, 2008 from Banco Canarias. Additional evidence of the assignment of ISIN 1909 from Banco Canarias to Credican is attached hereto as Exhibit D. Since acquiring ISIN 1909 to the present, Credican has not sold,

transferred, granted rights in or otherwise assigned any portion of the Securities, and no one

other than Credican has any right, title, or interest in any portion of ISIN 1909.

4.      On November 2, 2009, Credican filed in Lehman Brothers Holdings Inc.'s

chapter 11 case, Case No. 08-13555, proof of claim number 62726, which seeks a

distribution on account of the Securities. I am not aware of any party, other than

Credican, that has filed a proof of claim against Lehman Brothers Holdings Inc.

("LBHI") on account of the Securities, and Credican did not authorize or direct any party,

other than its representatives, to file a proof of claim against LBHI on account of the

Securities.

5.      Since September 15, 2008, Credican has not received any distributions or

payments from LBHI, LBI, any broker, custodian, or agent, or any other party on account

of the Securities.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Dated this 5th day of June , 2013.

By: _____
Rosa María Jiménez Urrutia

US_ACTIVE:\44251717\2\58399.0011

## EXHIBIT A





SERVICIO AUTÓNOMO
**DE REGISTROS**
**Y NOTARÍAS**

MINISTERIO PARA EL PODER POPULAR PARA
RELACIONES INTERIORES Y JUSTICIA

# REPÚBLICA BOLIVARIANA DE VENEZUELA

# NOTARÍA PÚBLICA CUARTA

# DEL MUNICIPIO CHACAO DEL ESTADO MIRANDA

Dra. Hermelinda Rivas Rodriguez

NOTARIO TITULAR

URB. EL ROSAL CALLE ALAMEDA
(DETRAS DEL EDIFICIO EXA)
TELFS.: (0212) 953.68.67 FAX: 952.9578

Entre, la Sociedad Mercantil **"CREDICAN, C.A.",** inscrita por ante el Registro Mercantil

Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda el día doce (3)

de enero de 2002 bajo el Nº 23, Tomo 662-A Qto., representada en este acto por **MANUEL**

**HERRERA CASTILLA**, venezolano, mayor de edad, de este domicilio y titular de la

cédula de identidad número V- 4.438.105, suficientemente autorizado por la Asamblea

General Extraordinaria de Accionistas de fecha veinticinco (25) de Marzo de 2009, (en lo

sucesivo denominada **"Credican")** y la entidad bancaria **BANCO CANARIAS DE**

**VENEZUELA, BANCO UNIVERSAL, C.A.**, antes denominado LA MARGARITA,

ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., Sociedad Mercantil anteriormente

domiciliada en la ciudad de Porlamar, Municipio Autónomo Mariño del estado Nueva

Esparta, actualmente domiciliada en la ciudad de Caracas, Torre Banco Canarias, Avenida

Tamanaco, El Rosal, Teléfono: 2101313, inscrita por ante el Registro de Información Fiscal

bajo el Nº J-08003532-1, constituida por Acta inscrita por ante la Oficina del Registro

Publico del Municipio Autónomo Mariño del Estado Nueva Esparta, en fecha veintiocho

(28) de noviembre de 1966, bajo el Nº 73, Folios 126 al 129, Protocolo Primero, Tomo

Segundo, sucesor a título universal del patrimonio de la Sociedad Mercantil Banco Canarias

de Venezuela, C.A., la cual fue absorbida por fusión, y cuya última reforma de Estatutos

Sociales fue la realizada mediante Asamblea General Extraordinaria de Accionistas

celebrada el veintidós (22) de septiembre de 2004, inscrita por ante el Registro Mercantil

Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha seis

(6) de febrero de 2006 anotado bajo el Nº 69, Tomo 1258 A, representada en este acto por

su presidente **ALVARO GORRIN,** venezolano,  mayor de edad, de este domicilio y

portador de la cédula de identidad N° V-5.406.105, en lo sucesivo denominada ("**EL**

**Banco**"): Acuerdan celebrar el presente contrato de compraventa a tenor de lo siguiente:

**Considerando que:**

La Superintendencia de Bancos y Otras Instituciones Financieras, mediante oficio signado

con el número SBIF-DSB-II-GGI-G13-23420, de fecha 24 diciembre de2008, autorizó

expresamente a "**Credican**" a adquirir, mediante le pago en efectivo, las remanentes Notas

Estructuradas propiedad del Banco.

Considerando que en Fecha 25 de marzo de 2009, "**Credican**", celebró una Asamblea

Extraordinaria de Accionistas, la cual, entre otras cosas, resolvió la compra de la Nota

Estructurada aquí vendida, en los términos en que se perfecciona la presente compraventa;

Se resolvió lo siguiente:

"El Banco" vende en este acto de manera irrevocable a "Credican" un Instrumento

Financiero denominado TEN-Year Callable Venezuelan Bolivar Portfolio Note, (Nota

Estructurada) con las siguientes características:

- a) *Número de identificación:*   ISIN: XS0295087042
- b) *Ente emisor:*   Lehman Brothers Treasury Co., BV
- c) *Agente colocador:*   Lehman Brothers
- d) *Agente custodio:*   Clearstream Banking
- e) *Tipo de instrumento:*   Ten-Year Callable Venezuelan Bolivar Porfolio Note
- f) *Tasa de rendimiento:*   10% anual, base 30/360
- g) *Valor de adquisición:*   100%
- h) *Valor nominal:*   VEF537.500.000
- i) *Valor en libros:*   VEF537.500.000
- j) *Intereses Causados:*   VEF103.767.361,11
- k) *Precio de Venta:*   VEF526.786.877,36

El precio de esta compraventa es de Quinientos veintiséis millones setecientos ochenta y seis mil ochocientos setenta y siete Bolívares Fuertes con 36/100 (VEF526.786.877,36), el cual deberá ser pagado en efectivo y de manera indefectible por **"Credican"** a " **El Banco**", en un plazo que en ningún caso excederá del día 15 de abril de 2009.

Con el pago del precio aquí pactado, se garantiza que el Banco no sufra daño financiero ni patrimonial alguno, por el contrario, efectivamente se ratifica el compromiso de los accionistas de "El Banco" con el continuo desarrollo y fortalecimiento del Banco.

Para todos los efectos de este Contrato, las partes eligen como domicilio especial a la ciudad de Caracas, a la jurisdicción de cuyos Tribunales convienen en someterse. Se hacen dos (2) ejemplares de un mismo tenor y a un solo efecto, en Caracas, a la fecha de su otorgamiento

Ministry of Popular Power
Internal Relations and Justice

SAREN    AUTONOMOUS SERVICE
OF RECORDS AND NOTARIES
MINISTRY FOR POPULAR POWER
FOR INTERNAL RELATIONS AND JUSTICE

# BOLIVARIAN REPUBLIC OF VENEZUELA

# FOURTH NOTARY PUBLIC

# OF THE MUNICIPALITY OF CHACAO, MIRANDA STATE

Dr. Hermelinda Rivas Rodriguez

HEAD NOTARY

URB. EL ROSAL CALLE ALAMEDA
(BEHIND THE EXA BUILDING)
TELS: (0212) 953.68.67  FAX: 952.9578

*Luna Martina Maestre M.*
BANCO CANARIAS
Venezuelan Bar Association no. 36,863

By and between the Trading Company "**CREDICAN, C.A.**", registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on January twelfth (3[sic]), 2002, under No. 23, Volume 662-A 5th, represented in this act by **MANUEL HERRERA CASTILLA**, Venezuelan, of legal age, domiciled here and bearer of identity card number V- 4.438.105, with sufficient authorization from the Extraordinary General Meeting of Shareholders on March twenty-fifth (25), 2009, (hereinafter known as "**Credican**") and the banking entity **BANCO CANARIAS DE VENEZUELA, BANCO UNIVERSAL, C.A.**, previously named LA MARGARITA, ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., a Trading Company previously domiciled in the city of Porlamar, Autonomous Municipality of Mariño, Nueva Esparta State, currently domiciled in the city of Caracas, Torre Banco Canarias, Avenida Tamanaco, El Rosal, Telephone: 2101313, registered in the Tax Information Register under No. J-08003532-1. incorporated by a record registered in the Public Records Office of the Autonomous Municipality of Mariño, Nueva Esparta State, dated November twenty-eighth (28), 1966, under number 73, folios 126 to 129, First Protocol, Second Volume, Fourth Quarter of the aforementioned year, universal successor of the assets of trading company Banco Canarias de Venezuela, C.A., which was acquired by a merger and whose most recent amendment to its corporate bylaws was that made during the Extraordinary General Meeting of Shareholders held on March 31, 2004, registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda, dated February sixth (6), 2006, noted under number 69, Volume 1258 A, represented in this act by its president **ÁLVARO GORRÍN**, Venezuelan, of legal age, domiciled here and

bearer of Identity Card No. V-5.406.105, hereinafter known as ("**The Bank**"): hereby agreed to enter into this sale/purchase contract in accordance with the following:

### Whereas:

The Superintendency of Banks and Other Financial Institutions, by means of an official letter signed with number SBIF-DSB-II_GGI_G13-23420, dated December 24, 2008, expressly authorized "**Credican**" to acquire, through a cash payment, the remaining Structured Notes belonging to the Bank.

Whereas on March 25, 2009, "**Credican**", held an Extraordinary Meeting of Shareholders which, among other aspects, decided on the purchase of the Structured Note sold herein, under the terms set out in this sale/purchase agreement:

The following was decided:

In this act, "The Bank" hereby irrevocably sells to "Credican" a financial instrument known as a TEN-Year Callable Venezuelan Bolivar Portfolio Note, (Structured Note) with the following characteristics:

a) *Identification Number*:   ISIN: XS0295087042

b) *Issuing Body*:   Lehman Brothers Treasury Co., BV

c) Inve*stment Agent*:   Lehman Brothers

d) *Escrow Agent*:   Clearstream Banking

e) *Type of Instrument*:   Ten-Year Callable Venezuelan Bolivar Portfolio Note

f) *Rate of Return*:   10% annual, 30/360 base

g) *Acquisition Value*:   100%

h) *Par Value*:   VEF537,500,000

i) *Book Value*:   VEF537,500,000

j) *Unpaid Accrued Interest*:VEF103,767,361.11

k) *Sale Price*:   VEF526,786,877.36

[Stamp: Illegible]

The price of this sale/purchase is Five Hundred Twenty-Six Million Seven Hundred Eighty-Six Thousand Eight Hundred Seventy-Seven Bolívares Fuertes, 36/100 (VEF526,786,877.36), which, in an unfailing manner, must be paid in cash by **"Credican"** to **"The Bank"** within a period that in no case shall not exceed April 15, 2009.

With the payment of the price agreed herein, it is guaranteed that the Bank shall not suffer any financial or property damage; on the contrary, the commitment of the shareholders of "The Bank" to its ongoing development and strengthening is effectively ratified.

For all effects of this Agreement, the parties hereby choose the city of Caracas as a special domicile, the jurisdiction of whose Courts they hereby agree to submit themselves. This is made in two (2) counterparts and to one sole effect, in Caracas, on the date on which it is entered into

[Signature]          [Signature]

## EXHIBIT B

```
BANCO CANARIAS DE VENEZUELA, C.A. (01-01) Fecha 08/06/2012
DISPONIBLE PARA LA V ENTA              Pos   24047/No-09C21252896
                                       Ref   249896/249896
    ACTIVO                             Carga 27/03/2009


            DEAL   TICKET
            ----------------


  R. FIJA  (Venta)


  ContraParte : CREDICAN, C.A.   (CRE001 )
  Sucursal    :   1-TORRE FINANCIERA
  Atencion    : LUIS EDUARDO FERNANDEZ        Fax  02127623290
  Cedula/Rif  : J0000308814385/               Tlf  00000709396
  Inversion   : TEN YEAR CALLABLE VENEZUELAN BOLIVAR PORFOLIO NOTE  (TENYEA)
  Cupon %     :  10.0000  Dias  691 + 0
  Rend        :  11.3846 %                  Base  30/360 ISMA
  Cierre      :  27/03/2009                 Dias  2895
  Valor       :  27/03/2009                 Venc  12/04/2017
  Nominal VEB :  537,500,000.00             Precio %  :       78.8124
  Ult Cupon   :  26/04/2007                 Capit VEB :  423,616,650.00
     teres VEB :  103,170,138.89            Total VEB :   526,786,788.89
  -- ---------------------------------------------------------------------
  Venta                                 Hora  15:47: 27/03/2009
  Precio Costo:    100.00000000  26/04/2007
  Util Capital: -113,883,350.00
  Util Financi:    4,031,250.00
  Cust/Comis  : 1-BCV 01400002 PROPIA /
  Isin/C.Code : XS0295087042 / SICET / Origen: Deb
  Observacion :
                EL MONTO EFECTIVO ACORDADO CON LA
                CONTRAPARTE ES DE VEF 526,786,877.36 SIN
                EMBARGO EN DEAL REFLEJA UN MONTO
                MENOR YA QUE NO CABEN LOS DECIMALES EN
                EL PRECIO ACORDADO.
  Forma  Pago : 2-NOTA DE DEBITO Cuenta No : 01400014310000026380
  Div Efectiva: 0-VEB



Ing   999-CRUCE CONTABLE DEBIT                526,786,877.36  27/03 27/03



          --------------------                --------------------
             Operador                            Aprobado por
          SERAFINA SCANNELLA  VACANTE

                                        Junta Coordinadora de Liquidación
                                        BANCO CANARIAS DE VENEZUELA
  BANCO CANARIAS                          BANCO UNIVERSAL, C.A.
```

## EXHIBIT C

N° A 31.088

NOTARÍA PÚBLICA QUINTA DEL MUNICIPIO CHACAO DEL DISTRITO CAPITAL Y ESTADO MIRANDA, NOTARIO TITULAR DRA. GLORIA A. RIVAS RODRÍGUEZ. El Rosal, veintiséis (26) de Marzo del año Dos Mil Nueve (2009). El anterior documento redactado por el Abogado LIGIA MARTINA MAESTRE, inscrito en el inpreabogado bajo el N° 51.033 fue presentado para su Autenticación y Devolución según Planilla de Autenticación N° 33 de fecha 16/03/2009. Presentes sus otorgantes dijeron llamarse: **MANUEL HERRERA** CASTILLA Y ALVARO GUERIN mayores de edad y domiciliados en: Caracas de nacionalidad: **VENEZOLANOS**, de estado civil: **Viudo, Casado** titulares de la Cédula de Identidad Nos V-4.438.105, V-5.406.105, respectivamente. Leído y confrontado el documento con sus fotocopias y firmadas estas y el presente original en presencia del Notario los otorgantes expusieron: "SU CONTENIDO ES CIERTO y NUESTRAS LAS FIRMAS QUE APARECEN AL PIE DEL INSTRUMENTO". La Notario en tal virtud da FE PUBLICA, a solicitud de las partes interesadas del acto o negocio jurídico otorgado en su presencia y de las copias firmadas en original que formarán el Tomo Principal y el Tomo Duplicado, quedando inserto bajo el **N° 02 TOMO 82** de los Libros de Autenticaciones llevados en ésta Notaría. Actuaron como testigos instrumentales: **ANA VILLARROEL Y OSCAR BARRETO** titulares de las cédulas de identidad Nos.: V-16.662.343 y V-9.969.753. Igualmente hace constar que una vez cumplido con lo estipulado en el Artículo 79 de la Ley de Registro y del Notariado y en especial con el ordinal 2do; el cual copiado a la letra dice:"...Informar a las partes del contenido, naturaleza, **trascendencia** y consecuencias legales de los actos o negocios jurídicos otorgados en su presencia, así como de las renuncias, reservas, gravámenes y cualquier otro elemento que afecten los bienes o derechos referidos en el acto o negocio jurídico. El Notario dejará constancia en el acto del cumplimiento de **esta** obligación y su omisión lo hace responsable civil, penal y administrativamente. lo declara legalmente Autenticado.- Igualmente certifica que tuvo a su vista 1) Documento Constitutivo y Estatutos Sociales de la Sociedad Mercantil CREDICAN C.A., inscrito por ante el Registro Mercantil Quinto de la circunscripción Judicial del Distrito Capital y Estado Miranda de 12-01-2002, anotado bajo el N° 23, Tomo 662-A-Qto. 2) Documento Constitutivo y Estatutos Sociales de Banco Canarias de Venezuela, antes denominado La Margarita , Entidad de Ahorro y Préstamo C.A. anteriormente domiciliada en la Ciudad de Caracas, constituida por ante acta inscrita en la Oficina de Registro Publico Autónomo Mariño del Estado Nueva Esparta del Estado Nueva Esparta , el 28/11/1966, bajo el N° 73, Tomo 2, Protocolo Primero, sucesor a título universal del patrimonio de la sociedad mercantil Banco Canarias C.A. la cual fue absorbida por fusión y cuya ultima reforma de Estatutos sociales fue la realizada mediante Asamblea General de Extraordinaria de Accionistas. celebrada el 22/09/2004, inscrita por ante el Registro Mercantil V de la Circunscripción Judicial del Distrito Capital y Estado Miranda el 006/02/2006, bajo el N° 69, Tomo 1258-A.2) Documento Constitutivo de la Sociedad Mercantil FACTOR AG SERVICIOS FINANCIEROS C.A. inscrito por ante el Registro Quinto de la Circunscripción Judicial del Distrito Capital y estado Miranda de fecha 10/12/1997, anotado bajo el N° 97, Tomo 174-A-Qto.

LOS OTORGANTES

1.

2.

LOS TESTIGOS

LA NOTARIO PÚBLICO

*Ligia Martina Muestre M.*
BANCO CANARIAS
Inpreabogado N° 36.853

Entre, la Sociedad Mercantil **"CREDICAN, C.A.",** inscrita por ante el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda el día doce (3) de enero de 2002 bajo el N° 23, Tomo 662-A Qto., representada en este acto por los ciudadanos, **FELIPE GONZALEZ CAMACHO y ANICETO RAMOS DIAZ,** venezolanos, mayores de edad, de este domicilio y titulares de las cédulas de identidad números V- 2.988.376 y V. 4.851.652,   suficientemente autorizados por la Asamblea General Extraordinaria de Accionistas de fecha veintiseis (26) de diciembre de 2009, (en lo sucesivo denominada **"Credican"** y la entidad bancaria **BANCO CANARIAS DE VENEZUELA, BANCO UNIVERSAL, C.A.,** antes denominado LA MARGARITA, ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., Sociedad Mercantil anteriormente domiciliada en la ciudad de Porlamar, Municipio Autónomo Mariño del estado Nueva Esparta, actualmente domiciliada en la ciudad de Caracas, Torre Banco Canarias, Avenida Tamanaco, El Rosal, Teléfono: 2101313, inscrita por ante el Registro de Información Fiscal bajo el N° J-08003532-1, constituida por Acta inscrita por ante la Oficina del Registro Publico del Municipio Autónomo Mariño del Estado Nueva Esparta, en fecha veintiocho (28) de noviembre de 1966, bajo el N° 73, Folios 126 al 129, Protocolo Primero, Tomo Segundo, sucesor a título universal del patrimonio de la Sociedad Mercantil Banco Canarias de Venezuela, C.A., la cual fue absorbida por fusión, y cuya última reforma de Estatutos Sociales fue la realizada mediante Asamblea General Extraordinaria de Accionistas celebrada el veintidós (22) de septiembre de 2004, inscrita por ante el Registro Mercantil Quinto de la Circunscripción Judicial del Distrito Capital y Estado Miranda, en fecha seis (6) de febrero de 2006 anotado bajo el N° 69, Tomo 1258 A, representada en este acto por su presidente **ALVARO GORRIN,** venezolano,  mayor de edad, de este domicilio y portador de la cédula de identidad N° V-5.406.105,  en lo sucesivo denominada **("EL Banco"):** Acuerdan celebrar el presente contrato de compraventa a tenor de lo siguiente:

### Considerando que:

La Superintendencia de Bancos y Otras Instituciones Financieras, mediante oficio signado con el número SBIF-DSB-II-GGI-G13-23420, de fecha 24 diciembre de 2008, autorizó expresamente a **"Credican"** a adquirir, mediante le pago en efectivo, las remanentes Notas Estructuradas propiedad del Banco.

Considerando que en Fecha 26 de diciembre de 2008, **"Credican"**, celebró una Asamblea Extraordinaria de Accionistas, la cual, resolvió la compra de la Nota Estructurada aquí vendida, en los términos en que se perfecciona la presente compraventa;

Se resolvió lo siguiente:

"El Banco" vende en este acto de manera irrevocable a "Credican" un Instrumento Financiero denominado Six-Year Callable Venezuelan Bolivar Portfolio Note (Nota Estructurada) con las siguientes características:

a)  Número de Identificación: ISIN: XS0258731909
b)  Ente Emisior:            Lehman Brothers Treasury Co., BV
c)  Agente Colocador:        Lehman Brothers Iternational
d)  Agente Custodio:         Clearstream Banking
e)  Tipo de Instrumento:     Six-Year Callable Venezuelan Bolivar Portfolio Note
f)  Cupón:                   9,25% anual, Base 30/360 pagadero Semestral
g)  Valor de Adquisición:    100%
h)  Valor Nominal:           VEF 306.375.000,00
i)  Valor en Libros:         VEF 306.375.000,00
j)  Intereses Causados:      VEF 14.169.843,75
**k)  Precio de Venta:        VEF 284.602.154,25**

El precio de esta compraventa es de **doscientos ochenta y cuatro millones seiscientos dos mil ciento cincuenta y cuatro bolivares con veinticinco céntimos (Bsf. 284.602.154,25)** el cual deberá ser pagado en efectivo y de manera indefectible por **"Credican"** a **" El Banco"**, en un plazo que en ningún caso excederá del día 31 de diciembre de 2008. Con el pago del precio aquí pactado, se garantiza que el Banco no sufra daño financiero ni patrimonial alguno, por el contrario, efectivamente se ratifica el compromiso de los accionistas de "El Banco" con el continuo desarrollo y fortalecimiento del Banco.

Para todos los efectos de este Contrato, las partes eligen como domicilio especial a la ciudad de Caracas, a la jurisdicción de cuyos Tribunales convienen en someterse. Se hacen dos (2) ejemplares de un mismo tenor y a un solo efecto, en Caracas, a los treinta (30) días del mes de diciembre de 2008.

POR CREDICAN                                    POR BANCO CANARIAS

FELIPE GONZALEZ CAMACHO                         ALVARO GORRIN

ANICETO RAMOS

[Header: Illegible]                    No. A 313531

### BOLIVARIAN REPUBLIC OF VENEZUELA

FOURTH NOTARY PUBLIC OF THE AUTONOMOUS MUNICIPALITY OF CHACAO OF THE CAPITAL DISTRICT AND MIRANDA STATE, HEAD NOTARY MS. HERMELINDA RIVAS RODRÍGUEZ. El Rosai, March twenty-sixth of the year two thousand and nine (2009). 198 v 150. The foregoing document drafted by the Lawyer LIGIA MARTINA MAESTRE, registered with the Venezuelan Bar Association under No. 36.853, was submitted for Authentication and Return as per the table of fees No 031916 dated 03/26/2009. Its grantors were present who stated their names: **MANUEL HERRERA** CASTILLA and ALVARO GORRIN, of legal age and domiciled in **Caracas**, nationality, **VENEZUELAN**, marital status: **Widow, Married**, bearers of identity cards nos. **V-4-438-105, V-5-406-105**, respectively. Having read the document and compared it to its photocopies, and having signed these and this original copy in the presence of the Notary the grantors stated: "ITS CONTENT IS TRUE AND THE SIGNATURES THAT APPEAR AT THE END OF THE INSTRUMENT ARE OURS". The Notary consequently hereby attests, upon request of the interested parties, that the act or legal transaction granted in their presence, and the originally signed copies that will make up the Principal Volume and the Duplicate Volume, have been entered under **No. 02, VOLUME 82** of the Books of Authentications kept at this Notary Office. Acting as attesting witnesses were **ANA VILLARROEL AND OSCAR BARRETO**, bearers of identity card nos. V-16.662.343 and V-9.969.753. The Notary also records that having fulfilled the stipulations of Article 79 of the Records and Notaries Law, especially item 2, which textually states: "…Inform the parties of the content, nature, relevance and legal consequences of the acts or legal transactions granted in their presence, as well as waivers, reserves, levies and any other aspect that may affect the property or rights referred to in the act or legal transaction. The Notary must put the fulfillment of this obligation on the record in the act and its omission makes them liable in civil, criminal and administrative areas […]" it is declared legally Authenticated.- The Notary also certifies that they have seen 1) The Founding Document and the Corporate Bylaws of the Trading Company CREDICAN C.A., registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on 12-012002, noted under No. 23, Volume 662-A-Fifth. 2) The Founding Document and the Corporate Bylaws of Banco Canarias de Venezuela, previously named La Margarita, Entidad De Ahorro y Préstamo, C.A., a Trading Company previously domiciled in the city of Caracas, incorporated by a record registered in the Mariño Autonomous Public Records Office, Nueva Esparta State Nueva Esparta State [sic], on 11/28/1966, under number 73, Volume 2, First Protocol, universal successor of the assets of trading company Banco Canarias de Venezuela, C.A., which was acquired by a merger and whose most recent amendment to its corporate bylaws was that made during the Extraordinary General Meeting of Shareholders held on 09/22/2004, registered in the V Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on 006/02/2006[sic], under no. 69, Volume 1258 A. 2) [sic] The Founding Document of the Trading Company FACTOR AG SERVICIOS FINANCIEROS C.A., registered in the Fifth Registry of the Jurisdiction of the Capital District and the State of Miranda dated 12/10/1997, noted under No. 97, Volume 174-A-Fifth.

**THE GRANTORS**

1. [Signature]                    THE WITNESSES
2. [Signature]                    [2 Signatures]

**THE NOTARY PUBLIC** [Signature and 2 stamps – illegible]

[Signature]
*Ligia Martina Maestre M.*
BANCO CANARIAS
Venezuelan Bar Association No. 36,863

By and between the Trading Company "**CREDICAN, C.A.**", registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda on January twelfth (3 [sic]), 2002, under No. 23, Volume 662-A 5th, represented in this act by the citizens **FELIPE GONZALEZ CAMACHO and ANICETO RAMOS DÍAZ**, Venezuelan, of legal age, domiciled here and bearers of identity card numbers V- 2.988.376 and V. 4.851.652, with sufficient authorization from the Extraordinary General Meeting of Shareholders on December twenty-sixth (26), 2009, (hereinafter known as "**Credican**") and the banking entity **BANCO CANARIAS DE VENEZUELA, BANCO UNIVERSAL, C.A.**, previously named LA MARGARITA, ENTIDAD DE AHORRO Y PRÉSTAMO, C.A., a Trading Company previously domiciled in the city of Porlamar, Autonomous Municipality of Mariño, Nueva Esparta State, currently domiciled in the city of Caracas, Torre Banco Canarias, Avenida Tamanaco, El Rosal, Telephone: 2101313, registered in the Tax Information Register under No. J-08003532-1. incorporated by a record registered in the Public Records Office of the Autonomous Municipality of Mariño, Nueva Esparta State, dated November twenty-eighth (28), 1966, under number 73, folios 126 to 129, First Protocol, Second Volume, universal successor of the assets of trading company Banco Canarias de Venezuela, C.A., which was acquired by a merger and whose most recent amendment to its corporate bylaws was that made during the Extraordinary General Meeting of Shareholders held on September twenty-second (22), 2004, registered in the Fifth Commercial Registry of the Jurisdiction of the Capital District and the State of Miranda, dated February sixth (6), 2006, noted under number 69, Volume 1258 A, represented in this act by its president **ÁLVARO GORRÍN**, Venezuelan, of legal age, domiciled here and bearer of Identity Card No. V-5.406.105, hereinafter known as ("**The Bank**"): hereby agreed to enter into this sale/purchase contract in accordance with the following:

**Whereas:**

The Superintendency of Banks and Other Financial Institutions, by means of an official letter signed with number SBIF-DSB-II-GGI-G13-23420, dated December 24, 2008, expressly authorized "**Credican**" to acquire, through a cash payment, the remaining Structured Notes belonging to the Bank.

Whereas on December 26, 2008, "**Credican**" held an Extraordinary Meeting of Shareholders which, among other aspects, decided on the purchase of the Structured Note sold herein, under the terms set out in this sale/purchase agreement:

The following was decided:

In this act, "The Bank" hereby irrevocably sells to "Credican" a financial instrument known as a Six-Year Callable Venezuelan Bolivar Portfolio Note, (Structured Note) with the following characteristics:

| | | |
|---|---|---|
| a) | Identification Number: | ISIN: XS0258731909 |
| b) | Issuing Body: | Lehman Brothers Treasury Co., BV |
| c) | Investment Agent: | Lehman Brothers |
| d) | Escrow Agent: | Clearstream Banking |
| e) | Type of Instrument: | Six-Year Callable Venezuelan Bolivar Portfolio Note |
| f) | Rate of Return: | 9.25% annual, 30/360 base payable half yearly |
| g) | Acquisition Value: | 100% |
| h) | Par Value: | VEF 306,375,000.00 |
| i) | Book Value: | VEF 306,375,000.00 |
| j) | Unpaid Accrued Interest: | VEF 14,169,843.75 |
| k) | **Sale Price:** | **VEF 284,602,154.25** |

The price of this sale/purchase is **two hundred eighty-four million six hundred two thousand one hundred fifty-four Bolívares and twenty-five cents (Bsf. 284,602,154.25)**, which, in an unfailing manner, must be paid in cash by "**Credican**" to "**The Bank**" within a period that in no case shall not exceed December 31, 2008. With the payment of the price agreed herein, it is guaranteed that the Bank shall not suffer any financial or property damage; on the contrary, the commitment of the shareholders of "The Bank" to its ongoing development and strengthening is effectively ratified.

For all effects of this Agreement, the parties hereby choose the city of Caracas as a special domicile, the jurisdiction of whose Courts they hereby agree to submit themselves. This is made in two (2) counterparts and to one sole effect, in Caracas, on the thirtieth (30th) day of the month of December 2008.

FOR CREDICAN                                      FOR BANCO CANARIAS

[Signature]                                             [Signature]

FELIPE GONZALEZ CAMACHO              ALVARO GORRIN

[Signature]

ANICETO RAMOS

## EXHIBIT D

**BANCO CANARIAS DE VENEZUELA, C.A. (01-01)** Fecha 08/06/2012
DISPONIBLE PARA LA V ENTA                    Pos  **18528/No-08L21247105**
                                             Ref  **244105/244105**
 ACTIVO                                      Carga 31/12/2008

          **DEAL   TICKET**
          ----------------

**R. FIJA  (Venta)**

**ContraParte : CREDICAN, C.A.   (CRE001 )**
Sucursal    :   1-TORRE FINANCIERA
Atencion    : **LUIS EDUARDO FERNANDEZ**          Fax  02127623290
Cedula/Rif  : **J0000308814385/**                Tlf  00000709396
Inversion   : **SIX YEAR VENEZUELAN BOLIVAR NOTES  (SIX1 )**
Cupon %     :   9.2500  Dias    0 + 0
Rend        :  13.0264 %                  Base   30/360 ISMA
Cierre      :  **31/12/2008**             Dias   1250
Valor       :  **31/12/2008**             Venc   **20/06/2012**
Nominal VEB :  306,375,000.00             Precio % :        **88.2684**
Ult Cupon   : 31/12/2008                  Capit VEB :   270,432,310.50
  teres VEB :            0.00             Total VEB :   **270,432,310.50**
-- ----------------------------------------------------------------
Venta                                     Hora   **01:20:** 31/12/2008
Precio Costo:   100.00000000  23/06/2006
Util Capital:  -35,942,689.50
Util Financi:    2,361,640.63
Cust/Comis  : **1-BCV 01400002 PROPIA /**
Isin/C.Code : XS0258731909 / SICET / Origen: Deb
Observacion :
Forma  Pago : **2-NOTA DE DEBITO Cuenta No : 01400014310000026380**
**Div Efectiva:  0-VEB**


Ing   999-CRUCE CONTABLE DEBIT                  270,432,310.50  31/12 31/12


       --------------------                --------------------
         Operador                            Aprobado por
       **SERAFINA SCANNELLA  VACANTE**



 BANCO CANARIAS

Junta Coordinadora de Liquidación
BANCO CANARIAS DE VENEZUELA
BANCO UNIVERSAL, C.A.