# WHITE & WOLNERMAN, PLLC
Attorneys at Law

Direct Dial: (212) 308-0604
e-mail: rwhite@wwlawgroup.com

May 23, 2018

**Via E-Mail and Mail:**
Clearstream Banking AG
Mergenthalerallee 61
65760 Eschborn
Germany
xemac@clearstream.com
fab@clearstream.com

**Re: In re: Lehman Brothers Holdings Inc., Case No. 08-13555 (SCC)
Lehman Brothers Treasury Co., B.V.**

Dear Sir/Madam:

     We represent Fondo de Proteccion Social de los Depositos Bancarios, f/k/a Fondo de Proteccion Social de los Depositos Bancarios y Proteccion Bancaria ("FOGADE"). FOGADE is the Venezuelan authority responsible for the liquidation of failed financial institutions and in that capacity was appointed liquidator of Banco Canarias de Venezuela, C.A. ("Banco Canarias") and Banco Canarias' affiliate Credican, S.A. ("Credican"). It, as a result, is the owner of certain allowed claims in the Lehman Brothers Holdings Inc. ("LBH") case filed in the United States Bankruptcy Court Southern District of New York under Case # 08-13555 and in the Lehman Brothers, Inc. ("LBI") SIPA case filed in the United States Bankruptcy Court Southern District of New York under Case # 08-01420. Those claims involved certain structured notes owned by the failed institutions. My Client has received regular distributions, in varying amounts, on account of its allowed Claims in the LBH and LBI case.

     In that context we recently learned that Lehman Brothers Treasury Co. B.V. ("Treasury") has been making distributions in substantial amounts with respect to the same underlying securities that underlie FOGADE's allowed Claims in the LBH case. My Client needs to understand, without limitation, why this is taking place and to whom.

     By way of additional background, FOGADE was appointed to liquidate Credican by Superintendencia de las Instituciones del Sector Bancario ("Sudeban") several years after Subedan was appointed to supervise the bank. FOGADE then learned that Credican had filed Claim No. 62726 in the LBH case. Following Subedan's appointment, Claim 62726 was settled

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

pursuant to a Settlement Agreement dated as of June 5, 2013 (the "Settlement Agreement"). In addition, FOGADE became aware of an additional Credican claim, Claim 62722. As a result of the information recently received we now understand that Claim 62722 was allowed in accordance with the August 10, 2011 Order of the Bankruptcy Court and the Notice of Proposed Claim Amount dated August 24, 2011. By virtue of various applications made in the LBH and LBI cases FOGADE secured its right to the distributions made on account of these allowed claims.

In that regard, Claim 62726 was derived from the structured notes issued by Treasury bearing the following ISINs (International Securities Identification Numbers): ISIN XS0258731909 and ISIN XS0295087042. The Settlement Agreement further differentiated Claim 62726 into two parts so that the disbursements on them would match the structured notes from which they derived. Disbursements on account of the structured note ending in ISIN 1909 was denominated Claim number 62726.01, allowed in the amount of $26,260,692.08 and the one ending in ISIN 7042 was denominated Claim number 62726.02, allowed in the amount of $38,134,442.00. Finally, Claim 62722 corresponds to the structured note bearing ISIN XS0295087125 and was allowed in the amount of $7,999,762.50. The total allowed amount of the Claims is $72,394,896.58.

Following this my client has attempted to obtain full and complete information concerning the allowed Claims, as well as the underlying securities on which they were based. As a result we have learned about the Treasury Composition in the Netherlands and, to the point, that distributions have not only been made to FOGADE in the LBH and LBI cases, but that an additional stream of distributions have occurred and will continue to occur from Treasury on account of the identical securities on which FOGADE's allowed Claims are based.

In this regard, FOGADE has been aware of the following disbursements set out in the below chart from LBH on account of the Claims. FOGADE reasonably believed that those disbursements were the only ones made both on account of the Claims and with respect to the underlying securities.

| Date | Amount | Claim # | Recipient |
|---|---|---|---|
| 4/17/2012 | $288,729.74 | 62722 | Canarias |
| 10/1/2012 | $194,840.53 | 62722 | Chadbourne & Park |
| 4/4/2013 | $246,097.89 | 62722 | Alcantar Law |
| 10/3/2013 | $291,776.69 | 62722 | Alcantar Law |
| 10/3/2013 | $3,358,838.87 | 62726.01 | Alcantar Law |
| 10/3/2013 | $4,877,535.06 | 62726.02 | Alcantar Law |
| 4/2/2015 | $717,124.94 | 62722 | DRT |
| 4/2/2015 | $2,354,094.57 | 62726.01 | DRT |
| 4/2/2015 | $3,418,496.46 | 62726.02 | DRT |
| 10/1/2015 | $123,809.20 | 62722 | DRT |

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

| 10/1/2015 | $406,426.48 | 62726.01 | DRT |
| 10/1/2015 | $590,191.88 | 62726.02 | DRT |
| 3/31/2016 | $34,357.29 | 62722 | EJFSA(HBJ) |
| 3/31/2016 | $112,784.15 | 62726.01 | EJFSA(HBJ) |
| 3/31/2016 | $163,779.42 | 62726.02 | EJFSA(HBJ) |
| 6/16/2016 | $51,162.48 | 62722 | EJFSA(HBJ) |
| 6/16/2016 | $167,950.25 | 62726.01 | EJFSA(HBJ) |
| 6/16/2016 | $243,888.82 | 62726.02 | EJFSA(HBJ) |
| 10/6/2016 | $89,948.68 | 62722 | EJFSA(HBJ) |
| 10/6/2016 | $295,273.12 | 62726.01 | EJFSA(HBJ) |
| 10/6/2016 | $428,780.61 | 62726.02 | EJFSA(HBJ) |
| 4/6/2017 | $68,507.48 | 62722 | EJFSA(HBJ) |
| 4/6/2017 | $224,888.42 | 62726.01 | EJFSA(HBJ) |
| 4/6/2017 | $326,571.53 | 62726.02 | EJFSA(HBJ) |
| 10/5/2017 | $43,826.61 | 62722 | EJFSA(HBJ) |
| 10/5/2017 | $143,868.93 | 62726.01 | EJFSA(HBJ) |
| 10/5/2017 | $208,919.15 | 62726.02 | EJFSA(HBJ) |
| 12/7/2017 | $62,396.26 | 62722 | EJFSA(HBJ) |
| 12/7/2017 | $204,738.59 | 62726.01 | EJFSA(HBJ) |
| 12/7/2017 | $297,310.98 | 62726.02 | EJFSA(HBJ) |
| 4/5/2018 | $25,170.85 | 62722 | EJFSA |
| 4/5/2018 | $82,627.95 | 62726.01 | EJFSA |
| 4/5/2018 | $119,988.11 | 62726.02 | EJFSA |

The foregoing disbursements total $20,264,701.99 and are just shy of 28% of the Claims.

However, an investigation into the underlying securities revealed that during this same period of time that distributions were being made by LBH a parallel set of disbursements were being made by Treasury. None of these disbursements were received by FOGADE and the recipients are unknown. The information obtained is set out in the below chart:

| Date | Amount | ESIN | Recipient |
|---|---|---|---|
| 5/8/2013 | $924,278.89 | 7125 | ? |
| 5/8/2013 | $3,075,096.56 | 1909 | ? |
| 5/8/2013 | $4,401,154.60 | 7042 | ? |
| 4/24/2013 | $376,143.29 | 7125 | ? |
| 4/24/2013 | $1,251,437.17 | 1909 | ? |
| 4/24/2013 | $1,791,087.96 | 7042 | ? |
| 4/28/2014 | $407,260.75 | 7125 | ? |
| 4/28/2014 | $1,354,965.65 | 1909 | ? |
| 4/28/2014 | $1,939,260.50 | 7042 | ? |
| 10/28/2014 | $311,912.13 | 7125 | ? |
| 10/28/2014 | $1,037,738.66 | 1909 | ? |

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

| | | | |
|---|---|---|---|
| 10/28/2014 | $1,485,237.35 | 7042 | ? |
| 4/27/2015 | $210,020.67 | 7125 | ? |
| 4/27/2015 | $698,743.48 | 1909 | ? |
| 4/27/2015 | $1,000,059.03 | 7042 | ? |
| 10/29/2015 | $161,530.67 | 7125 | ? |
| 10/29/2015 | $537,416.15 | 1909 | ? |
| 10/29/2015 | $769,163.34 | 7042 | ? |
| 4/28/2016 | $45,130.09 | 7125 | ? |
| 4/28/2016 | $150,148.83 | 1909 | ? |
| 4/28/2016 | $214,896.73 | 7042 | ? |
| 7/14/2016 | $66,020.59 | 7125 | ? |
| 7/14/2016 | $219,651.98 | 1909 | ? |
| 7/14/2016 | $314,371.36 | 7042 | ? |
| 11/29/2016 | $116,537.76 | 7125 | ? |
| 11/29/2016 | $387,723.73 | 1909 | ? |
| 11/29/2016 | $554,919.84 | 7042 | ? |
| 5/4/2017 | $88,471.87 | 7125 | ? |
| 5/4/2017 | $294,347.89 | 1909 | ? |
| 5/4/2017 | $421,278.01 | 7042 | ? |
| 10/23/2017 | $56,604.22 | 7125 | ? |
| 10/23/2017 | $188,323.52 | 1909 | ? |
| 10/23/2017 | $269,533.30 | 7042 | ? |
| 1/16/2018 | $80,519.49 | 7125 | ? |
| 1/16/2018 | $267,890.16 | 1909 | ? |
| 1/16/2018 | $383,411.05 | 7042 | ? |

The foregoing disbursements total $25,852,287.27. As previously stated, my client was until very recently completely unaware that these disbursements took place.

Once having learned of the Distributions from Treasury we requested information from Epiq in the LBH case. That request remains unanswered, except that we were informed of the Treasury case and inquired of Houthoff concerning this. As a result we were advised as follows:

> LBT makes distributions on the notes it issued via clearing institutions such as Clearstream and Euroclear. Intermediate custodians hold the notes for noteholders either directly via an account at these clearing institutions or indirectly via one or more other intermediate custodians who in turn hold an account at these clearing institutions. The intermediate custodians arrange for the onwards distribution to noteholders of distributions received through the clearing institutions. Ultimately, distributions by LBT arrive at the securities accounts of the various noteholders on which they hold their respective notes.

4

# WHITE & WOLNERMAN, PLLC
Attorneys at Law

We were further advised that Treasury made distributions on these securities to Euroclear Brussels and Clearstream. Houthoff could not provide us, however, with the identity of the direct or indirect custodians of the securities, nor the identities of recipients of the distributions.

My Client, as set forth above, is the successor in interest to Banco Canarias and Credican. Accordingly, it is entitled to this information. Moreover, any individual or entity receiving such distributions on Banco Canarias' or Credican's account has received them in derogation of my Client's rights. To that extent as well, please consider this letter notice of my Client's right to all past present and future distributions on account of these securities.

Accordingly please confirm receipt of this letter and provide us with: (i) the identity of the custodian and any intermediate custodians of the securities; (ii) the identity of all individuals or entities receiving distributions on account of the securities; and (iii) the basis, including supporting documentation, for the distributions to those individuals or entities.

Your cooperation in responding to this request is appreciated.

Very truly yours,

Randolph E. White