UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
In re :
: Adversary Proceeding
LEHMAN BROTHERS HOLDINGS INC., et al., :
:
Plaintiffs, : Adv. Pro. No. 13-01676 (SCC)
:
-against- :
:
CREDIT SUISSE AG, et al., :
:
Defendants. :
:
------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE
BANKRUPTCY CODE APPROVING SETTLEMENT AGREEMENT
AMONG CREDIT SUISSE AG AND CERTAIN OF ITS AFFILIATES, AND
LEHMAN BROTHERS HOLDINGS INC. AND CERTAIN OF ITS AFFILIATES**

Upon the motion (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commercial

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Corp. ("LBCC"), and Lehman Brothers Commodity Services Inc. ("LBCS" and, together with LBHI, LBSF, and LBCC, the "Lehman Entities"), seeking the entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the settlement agreement dated as of June 12, 2018, by and among the Lehman Entities, and Credit Suisse AG ("Credit Suisse") and the other CS Entities,[2] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for the Chapter 11 Cases [ECF No. 9635] and the order governing settlement of claims [ECF No. 29505]; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the Court having reviewed the Motion and having considered the entire record before the Court, including the Declarations of Steven Mullaney in Support of the Motion [ECF Nos. 58255 and 58365] and the Declaration of Diane L. Cafferata in Further Support of the Motion [ECF No. 58366]; and the Court having found that the relief requested in the Motion is in the best interests

---

[2] As used herein, the term "CS Entities" means Credit Suisse, Credit Suisse International ("CSI"), Credit Suisse Energy LLC ("CSE"), Credit Suisse Securities (Europe) Ltd. ("CSSE"), Credit Suisse Loan Funding LLC ("CSLF"), and Credit Suisse Securities (USA) LLC ("CSSU").

of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the Settlement is the product of good faith and arm's length negotiations, that the Settlement is fair and reasonable, that the Allowed Amount for each Settled Claim is fair and reasonable, and that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and for the reasons set forth in this Court's bench decision dictated on the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Settlement Agreement is approved and incorporated herein by reference as if set forth completely herein; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure, the Settlement is approved and the Lehman Entities are duly authorized to consummate the transactions contemplated under the Settlement Agreement, and to execute and deliver such documents and instruments, and take such other actions as may be reasonably necessary, to consummate the Settlement Agreement, it being understood that any actions described in this paragraph taken by the Lehman Entities may be taken without the necessity of any further Court proceedings or approval, or any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Settled Claims shall be, and hereby are, reduced and allowed as set forth in Schedule A to the Settlement Agreement; and it is further

ORDERED that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that any objections to the Motion that have not heretofore been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that the Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       July 25, 2018

                                        /S/ Shelley C. Chapman
                                        THE HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE