B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.,    Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **DEUTSCHE BANK AG, LONDON BRANCH** | **JADE TREE I, L.L.C.** |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): |
| c/o Deutsche Bank Securities Inc.<br>60 Wall Street<br>New York, NY 10005<br>Attn : Rich Vichaidith<br>Email : richard.vichaidith@db.com | As set forth in Schedule 1 to the Agreement and Evidence of Transfer of Claim attached hereto<br><br>Transferred Claim Amount:<br><br>As set forth in Schedule 1 to the Agreement and Evidence of Transfer of Claim attached hereto |
| Name and Address where transferee payments should be sent (if different from above): | Date Claim Filed:<br>Last Four Digits of Acct #: N/A |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
    Transferee/Transferee's Agent

By: _____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*Transfer of LBHI Claims*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **JADE TREE I, L.L.C.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **DEUTSCHE BANK AG, LONDON BRANCH** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 hereto, in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 hereto filed by Seller or Seller's predecessors-in-title (as applicable) (collectively, the "Proofs of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc. (the "Debtor"), as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion paid on or after February 16, 2018 (the "Trade Date"), whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims") paid on or after the Trade Date, and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 hereto. Except to the extent set forth herein, Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Transferred Claims, Purchased Securities or the Proceedings. For the avoidance of doubt, Seller shall retain all distributions paid with respect to the Transferred Claims and Purchased Security prior to the Trade Date.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Portion specified in Schedule 1 hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding claims of the same class and type; (g) (x) on or around the dates set forth in Schedule 2, Seller received the distributions in the amounts set forth in Schedule 2 made by the Debtor relating to the Transferred Claims, and (y) on or around the dates set forth in Schedule 3, Seller received the distributions in the amounts set forth in Schedule 3 made by Lehman Brothers Treasury Co. B.V. ("LBT") with respect to the Purchased Securities relating to the Purchased Portion; and (h) other than the distributions set out herein, Seller has not received any distributions in respect of the Transferred Claims and/or Purchased Securities.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of February 16, 2018, in respect of the Transferred Claims and Purchased Securities to Purchaser (including, for the avoidance of doubt, the distribution made by Debtor on or around April 5, 2018 and the distributions made by LBT on or around May 2, 2018). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. To the extent that Buyer enforces any remedy against Seller under this Agreement and receives payment or another remedy from Seller in respect of such remedy, the Seller and the Buyer agree that, to the extent permitted by law, without the need for further action on the part of either party, Seller shall be subrogated to the rights of Buyer against any other entity, including Seller's predecessors-in-title, with respect to such remedy to the extent that Buyer receives such payment or other remedy from Seller.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___2nd___ day of ___August___, 2018.

**JADE TREE I, L.L.C.**

By: _[signature]_
Name: Scott Esbin
Title: Authorized Signatory

c/o Esbin & Alter, LLP
497 South Main Street
New City, New York 10956

**DEUTSCHE BANK AG, LONDON BRANCH**

By:_____
Name:
Title:

By:_____
Name:
Title:

c/o Deutsche Bank Securities Inc.
60 Wall Street, 3rd Floor
New York, NY 10005
Attn: Rich Vichaidith
Email: Richard.vichaidith@db.com

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___2nd___ day of _____August_____, 2018.

**JADE TREE I, L.L.C.**

By:_____
Name: Scott Esbin
Title: Authorized Signatory

c/o Esbin & Alter, LLP
497 South Main Street
New City, New York 10956

**DEUTSCHE BANK AG, LONDON BRANCH**

By:_____
Name:
Title:

By:_____
Name:
Title:

c/o Deutsche Bank Securities Inc.
60 Wall Street, 3rd Floor
New York, NY 10005
Attn: Rich Vichaidith
Email: Richard.vichaidith@db.com

Schedule 1

Transferred Claims

Purchased Portion

As set forth below

| Proof of Claim | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of the Purchased Security | Purchased Portion of Allowed Claim Amount |
|---|---|---|---|---|---|
| 50717.02 | XS0243626123 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 20,000,000.00 | USD 20,156,216.15 |
| 49617.07 | XS0280164921 | | | EUR 10,000,000.00 | USD 14,191,057.71 |

Schedule 2

**LBHI Distributions**

*[See attached spreadsheet]*

Schedule 1

| ISIN | Claim Number | Claim Amount | 4/17/2012 | 10/1/2012 | 4/4/2013 | 10/3/2013 | 4/3/2014 | 10/2/2014 | 4/2/2015 | 10/1/2015 | 3/31/2016 | 6/16/2016 | 10/6/2016 | 4/6/2017 | 10/5/2017 | 12/7/2017 | 4/5/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0243626123 | 50717.02 | USD 20,156,216.15 | USD 727,483.99 | USD 490,920.56 | USD 620,068.70 | USD 735,161.09 | USD 798,556.22 | USD 599,315.86 | USD 408,997.23 | USD 311,949.89 | USD 86,566.71 | USD 128,909.08 | USD 226,634.88 | USD 172,611.58 | USD 110,425.62 | USD 157,145.72 | USD 63,420.52 |
| XS0280164921 | 49617.07 | USD 14,191,057.71 | USD 512,187.77 | USD 345,634.42 | USD 436,561.63 | USD 517,592.86 | USD 562,226.43 | USD 421,950.52 | USD 287,956.00 | USD 219,629.46 | USD 60,947.61 | USD 90,758.91 | USD 159,563.11 | USD 121,527.81 | USD 77,745.56 | USD 110,639.02 | USD 44,651.45 |

<u>Schedule 3</u>

**<u>LBT DISTRIBUTIONS</u>**

*[See attached spreadsheet]*

| ISIN | Notional Amount | 5/8/2013 | 10/24/2013 | 4/28/2014 | 10/28/2014 | 4/27/2015 | 10/29/2015 | 4/28/2016 | 7/14/2016 | 11/29/2016 | 5/4/2017 | 10/23/2017 | 1/16/2018 | 5/2/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0280164921 | EUR 10,000,000.00 | EUR 1,103,137.52 | EUR 432,164.81 | EUR 464,491.34 | EUR 384,024.14 | EUR 307,659.98 | EUR 223,852.05 | EUR 62,657.92 | EUR 93,831.12 | EUR 172,629.06 | EUR 127,414.26 | EUR 75,255.12 | EUR 105,790.13 | EUR 39,922.92 |
| XS0243626123 | USD 20,000,000.00 | USD 2,545,734.08 | USD 1,036,008.52 | USD 1,121,715.09 | USD 859,097.14 | USD 578,458.29 | USD 444,902.65 | USD 124,301.46 | USD 181,839.99 | USD 320,979.03 | USD 243,677.37 | USD 155,904.57 | USD 221,774.21 | USD 85,356.01 |