# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*         Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| Stonehill Institutional Partners, L.P. | Goldman, Sachs & Co. LLC |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York 10022<br>Telephone: 212 739 7474<br>Facsimile: 212-838-2291<br>Email: ops@stonehillcap.com<br>Attn: OPS Department<br><br>Last Four Digits of Acct. #: | Court Claim Nos. and Amount of Claims (as more specifically set forth on the attached Agreement and Evidence of Partial Transfer of Claim):<br><br>(1) with respect to Claim No. 67903, the sum of $6,577,182.79;<br>(2) with respect to Claim No. 67926, the sum of $29,863,966.75;<br>(3) with respect to Claim No. 68063, the sum of $910,850.99;<br><br>plus, in each case, all interest, fees and other recoveries due. |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**STONEHILL INSTITUTIONAL PARTNERS, L.P.**

By:   Stonehill Capital Management LLC,
      its Investment Adviser

By: _____[signature]_____                Date: 8/8/18
Name: Thomas Varkey
Title:                        AN AUTHORIZED SIGNATORY OF
                              STONEHILL CAPITAL MANAGEMENT LLC,
                              ITS ADVISER

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*　　　　Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM Nos. 67903, 67926 and 68063 were filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of the claims, the transferee filed a Partial Transfer of Claims other than for Security in the Clerk's office of this court on　　　.

| **Goldman, Sachs & Co. LLC** | **Stonehill Institutional Partners, L.P.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| 30 Hudson Street, 4th Floor<br>Jersey City, NJ 07302<br>Attn: Thierry C. Le Jouan<br>Email: gsd.link@gs.com<br>Tel: (212) 934-3921 | c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York 10022<br>Telephone: 212 739 7474<br>Facsimile: 212-838-2291<br>Email: ops@stonehillcap.com<br>Attn: OPS Department |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co. LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Stonehill Institutional Partners, L.P.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof:

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to the Proof of Claim Number(s) set forth in Schedule 1 attached hereto (the "Proofs of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc. (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (such undivided interest, the "Purchased Claim");

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements under which Seller or any prior seller (each a, "Prior Seller") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim (the "Predecessor Transfer Agreements");

(c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b) and (c), the "Transferred Claim"); and

(d) the commercial paper (the "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security specified in Schedule 1 attached to this Agreement and Evidence of Partial Transfer of Claim (this "Agreement") and made a part of this Agreement by reference ("Schedule 1"), (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, (ii) arising out of or in connection with the non-transferred portion of the Proof of Claim or the related commercial paper or (iii) that any party other than Seller or any Prior Seller might have or might pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

2.  Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Docket Number 4271 in the Proceedings); (b) Seller owns and has good and marketable title to the Transferred Claim and the Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller has not previously assigned, sold, factored, transferred, participated or

1014747v.3 3091/00722

pledged the Transferred Claim or the Purchased Security to any third party, in whole or in part; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement, and neither the execution, delivery or performance of this Agreement, nor the consummation of the transactions contemplated by this Agreement, will violate or contravene any law, rule, regulation, order, agreement or instrument by which Seller is bound or to which the Transferred Claim is subject; (e) the Proof of Claim includes the Purchased Claim; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than that received by other unsecured creditors of the Debtor; (g) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claim, other than the distributions set forth on Schedule 2 attached hereto; (h) Seller is not in breach of or in default pursuant to any Predecessor Transfer Agreement to which Seller is a party; and (i) Seller has delivered to Purchaser true and correct copies of the Predecessor Transfer Agreements to which Seller is party, including, without limitation, the Agreement and Evidence of Transfer of Claim dated October 11, 2017 between Seller, on the one hand as buyer, and Canyon-Blue Credit Investment Fund, L.P. Managed Fund / Canyon Value Realization Fund Limited, Canyon Balanced Master Fund, Ltd., Canyon Value Realization Mac 18 Ltd., The Canyon Value Realization Master Fund, L.P. and Canyon Value Realization Fund, L.P., on the other hand as seller, and Permal Canyon Fund Ltd., Canyon Distressed Opportunity Investing Fund, L.P, the Agreement and Evidence of Transfer of Claim dated December 5, 2016 between Seller, as buyer, and Canyon-GRF Master Fund II, L.P., as seller and the Agreement and Evidence of Transfer of Claim dated September 17, 2015 between Seller, as buyer, and PP Opportunities Ltd., as seller.

3. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights pursuant to this Agreement without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties and covenants made pursuant to this Agreement.

5. Seller has transferred, or shall transfer as soon as practicable after the date of this Agreement, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claim. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of the Purchased Security.

6. Seller agrees that any distribution received by Seller on account of the Transferred Claim on or after the trade date as of which Seller and Purchaser confirmed the transaction contemplated pursuant to this Agreement, whether in the form of cash, securities, instruments or any other property, shall constitute property of Purchaser to which Purchaser has an absolute right and that Seller shall hold such property in trust and shall, at its own expense, deliver to Purchaser within three business days any such property in the same form received, together with any endorsement or documents necessary to transfer such property to Purchaser.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such

2

other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

        8.        Seller's and Purchaser's rights and obligations pursuant to this Agreement are to be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the state and federal courts located in the County of New York in the State of New York with respect to any matter arising with respect to this Agreement, the Transferred Claim or the transaction contemplated pursuant to this Agreement. Each of Seller and Purchaser consents to service of process by certified mail at its address listed on the signature page below. With respect to any matter arising with respect to this Agreement, the Transferred Claim or the transaction contemplated pursuant to this Agreement, Seller and Purchaser waive any right to demand a trial by jury.

        [Remainder of the page intentionally black]

IN WITNESS WHEREOF, this Agreement and Evidence of Partial Transfer of Claim is executed this 16th day of August, 2018.

**GOLDMAN, SACHS & CO. LLC**

By: _____
Name: Adam Savarese
Title: Managing Director

30 Hudson Street, 4th Floor
Jersey City, NJ 07302
Attn: Thierry C. Le Jouan
Email: gsd.link@gs.com
Tel: (212) 934-3921

**STONEHILL INSTITUTIONAL PARTNERS, L.P.**

By:   Stonehill Capital Management LLC, its
      Investment Adviser

By:_____
Name:
Title:  Authorized Signatory

CREDIT CONTACT:

c/o Stonehill Capital Management LLC
885 Third Avenue, 30th Floor
New York, New York  10022
Attention:  Tom Varkey
Telephone Number:  +1-212-739-7474
Fax Number:  +1-212-838-2291
E-Mail Address: tvarkey@stonehillcap.com

ADMINISTRATIVE CONTACT:

c/o Stonehill Capital Management LLC
885 Third Avenue, 30th Floor
New York, New York  10022
Attention:  OPS Department
Telephone Number:  +1-212-739-7474
Fax Number:  +1-212-838-2291
E-Mail Address: ops@stonehillcap.com

4

IN WITNESS WHEREOF, this Agreement and Evidence of Partial Transfer of Claim is executed this 16th day of August, 2018.

| | |
|---|---|
| **GOLDMAN, SACHS & CO. LLC** | **STONEHILL INSTITUTIONAL PARTNERS, L.P.** |
| | By: Stonehill Capital Management LLC, its Investment Adviser |
| By: _____ | By: *[signature]* |
| Name: | Name: Thomas Varkey |
| Title: | Title: Authorized Signatory |
| | |
| 30 Hudson Street, 4th Floor | CREDIT CONTACT: |
| Jersey City, NJ 07302 | |
| Attn: Thierry C. Le Jouan | c/o Stonehill Capital Management LLC |
| Email: gsd.link@gs.com | 885 Third Avenue, 30th Floor |
| Tel: (212) 934-3921 | New York, New York 10022 |
| | Attention: Tom Varkey |
| | Telephone Number: +1-212-739-7474 |
| | Fax Number: +1-212-838-2291 |
| | E-Mail Address: tvarkey@stonehillcap.com |
| | |
| | ADMINISTRATIVE CONTACT: |
| | |
| | c/o Stonehill Capital Management LLC |
| | 885 Third Avenue, 30th Floor |
| | New York, New York 10022 |
| | Attention: OPS Department |
| | Telephone Number: +1-212-739-7474 |
| | Fax Number: +1-212-838-2291 |
| | E-Mail Address: ops@stonehillcap.com |

4

Schedule 1

## Transferred Claim

Purchased Claim

The Purchased Claim consists of the Allowed Amounts in U.S. Dollars of the Securities under the Proofs of Claim set forth below.

Description of the Purchased Security:

|  | **Description of Security** | **CUSIP** | **Proof of Claim** | **Issuer** | **Guarantor** | **Principal/Notional Amount** | **Claimed/Allowed Amount** |
|---|---|---|---|---|---|---|---|
| 1. | Commercial Paper | 52525MKV9 | 67903.03 | LBHI | N/A | $475,981.96 | $473,823.79 |
| 2. | Commercial Paper | 52525MKV9 | 67903.04 | LBHI | N/A | $503,150.21 | $500,868.86 |
| 3. | Commercial Paper | 52525MKV9 | 67903.06 | LBHI | N/A | $80,855.52 | $80,488.91 |
| 4. | Commercial Paper | 52525MKV9 | 67903.13 | LBHI | N/A | $92,295.83 | $91,877.35 |
| 5. | Commercial Paper | 52525MKV9 | 67903.15 | LBHI | N/A | $454,858.48 | $452,796.09 |
| 6. | Commercial Paper | 52525MKV9 | 67903.25 | LBHI | N/A | $50,000.00 | $49,773.28 |
| 7. | Commercial Paper | 52525MKV9 | 67903.26 | LBHI | N/A | $261,787.00 | $260,599.94 |
| 8. | Commercial Paper | 52525MKV9 | 67903.28 | LBHI | N/A | $2,245,000.00 | $2,234,820.18 |
| 9. | Commercial Paper | 52525MKV9 | 67903.3 | LBHI | N/A | $40,000.00 | $39,818.62 |
| 10. | Commercial Paper | 52525MKV9 | 67903.32 | LBHI | N/A | $1,643,213.00 | $1,635,761.95 |
| 11. | Commercial Paper | 52525MKV9 | 67903.35 | LBHI | N/A | $760,000.00 | $756,553.82 |
| 12. | Commercial Paper | 52525MKV9 | 67926 | LBHI | N/A | $30,000,000.00 | $29,863,966.75 |
| 13. | Commercial Paper | 52525MKV9 | 68063.07 | LBHI | N/A | $915,000.00 | $910,850.99 |
|  |  |  |  |  | **TOTAL:** | **$37,522,142.00** | **$37,352,000.53** |

Schedule 2

Distributions

| Purchaser | ISIN | Proof of Claim | Claim Amount | 17-Apr-12 6.023822% | 1-Oct-12 3.814592% | 4-Apr-13 4.973258% | 3-Oct-13 5.741091% | 3-Apr-14 6.371619% | 2-Oct-14 4.631324% | 2-Apr-15 3.182633% | 1-Oct-15 2.381665% |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.03 | $473,823.79 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.04 | $500,868.86 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.06 | $80,488.91 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.13 | $91,877.35 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.15 | $452,796.09 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.25 | $49,773.28 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.26 | $260,599.94 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.28 | $2,234,820.18 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.3 | $39,818.62 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.32 | $1,635,761.95 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.35 | $756,553.82 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67926 | $29,863,966.75 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 68063.07 | $910,850.99 | N/A | N/A | N/A | N/A | N/A | N/A | N/A | $21,693.42 |

| Purchaser | ISIN | Proof of Claim | Claim Amount | 31-Mar-16 0.679760% | 16-Jun-16 0.996488% | 6-Oct-16 1.688364% | 6-Apr-17 1.305082% | 5-Oct-17 0.881386% | 7-Dec-17 1.179150% | 5-Apr-18 0.735060% |
|---|---|---|---|---|---|---|---|---|---|---|
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.03 | $473,823.79 | N/A | N/A | N/A | $6,183.79 | $4,176.22 | $5,587.09 | $3,482.89 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.04 | $500,868.86 | N/A | N/A | N/A | $6,536.75 | $4,414.59 | $5,906.00 | $3,681.69 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.06 | $80,488.91 | N/A | N/A | N/A | $1,050.45 | $709.42 | $949.08 | $591.64 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.13 | $91,877.35 | N/A | N/A | N/A | $1,199.07 | $809.79 | $1,083.37 | $675.35 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.15 | $452,796.09 | N/A | N/A | N/A | $5,909.36 | $3,990.88 | $5,339.15 | $3,328.32 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.25 | $49,773.28 | N/A | N/A | N/A | N/A | N/A | $586.90 | $365.86 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.26 | $260,599.94 | N/A | N/A | N/A | N/A | N/A | $3,072.86 | $1,915.57 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.28 | $2,234,820.18 | N/A | N/A | N/A | N/A | N/A | $26,351.88 | $16,427.27 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.3 | $39,818.62 | N/A | N/A | N/A | N/A | N/A | $469.52 | $292.69 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.32 | $1,635,761.95 | N/A | N/A | N/A | N/A | N/A | $19,288.09 | $12,023.83 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67903.35 | $756,553.82 | N/A | N/A | N/A | N/A | N/A | $8,920.90 | $5,561.12 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 67926 | $29,863,966.75 | N/A | N/A | N/A | N/A | N/A | $352,140.96 | $219,518.07 |
| Stonehill Institutional Partners, L.P. | 52525MKV9 | 68063.07 | $910,850.99 | $6,191.60 | $9,076.52 | $15,378.48 | $11,887.35 | $8,028.11 | $10,740.30 | $6,695.30 |