**Objection Date and Time: September 12, 2018 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: September 20, 2018 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                                                          :    Chapter 11 Case No.
                                                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (SCC)
                                                                                                    :
                                              Debtors.                                 :    (Jointly Administered)
------------------------------------------------------------------x

# NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR EXTENSION OF THE PERIOD TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, for an extension of the period to file objections to and requests to estimate claims, all as more fully described in the Motion, will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 623, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **September 20, 2018, at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any responses to the Objection shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, must be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq. and Garrett A. Fail, Esq.; and (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq. and Andrea B. Schwartz, Esq., so as to be so filed and received by no later than **September 12, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  August 27, 2018
       New York, New York

*/s/ Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**Objection Date and Time: September 12, 2018 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: September 20, 2018 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** : | **08-13555 (SCC)** |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS**
**HOLDINGS INC. FOR EXTENSION OF THE PERIOD**
**TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, dated December 5, 2011 (ECF No. 22737) (the "Plan")[1], submits this motion for an order extending the period to file objections to and requests to estimate claims (the "Objection Deadline"), and respectfully represents:

**Preliminary Statement**

1.   The Plan Administrator's time to resolve claims against the Debtors' estates currently is limited by the Plan and Court orders to September 6, 2018, but may be

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Plan.

extended by the Court for cause shown. By this motion, the Plan Administrator seeks an eighteen-month extension of the Objection Deadline. Ample cause exists to grant the relief requested.

2. The Plan Administrator continues to make substantial progress resolving claims. In the aggregate, approximately 99.7% of the more than 69,000 claims asserted in these cases have been resolved. In the past eighteen months, the Plan Administrator resolved more than 77% of the approximately 750 claims then outstanding. After resolving approximately 580 claims during that period, approximately 170 proofs of claim currently remain unresolved. The majority of the remaining claims are (a) subject to pending or adjourned objections previously filed by the Plan Administrator; (b) subject to pending or adjourned litigation or appeals; (c) awaiting the outcomes of litigation in other jurisdictions which could obviate the need to file objections; or (d) subject to active settlement discussions. A handful of claims, however, involve unique facts and legal issues, requiring individual attention, which could require a fair amount of judicial resources and time, if settlements cannot be reached. The Plan Administrator continues to strike the necessary balance in settlement negotiations, taking into account the value of fair compromise, the cost of litigation, the benefit received by the estate's creditors from timely resolution, and the goal of ensuring that all creditors are treated fairly. All parties understand that judicial resources are not unlimited. If settlements cannot be reached, claim objections will need to be added to, or remain on, the Court's calendar. Filing additional—and all potential—objections at this time would not be efficient or necessarily productive. Practical realities prevent a final resolution of all claims by the current deadline in a manner fair to all of the Debtors' creditors.

3. Moreover, without the relief requested, all parties in interest and the Court

WEIL:\96660778\7\58399.0011

will be significantly prejudiced and inconvenienced. The Plan Administrator would be forced either to object to all of the remaining claims and to interpose further objections on alternative grounds to the disputed claims that are subject to pending and adjourned objections or appeals, simply to ensure no creditor receives a windfall at the expense of all holders of Allowed Claims, or to forego filing certain meritorious objections, which would substantially prejudice all holders of Allowed Claims.

## Jurisdiction

4.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.  Commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("the "Bankruptcy Rules").

6.  On December 6, 2011, the Court approved and entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012 (the "Effective Date").

7.  The Plan Administrator has the responsibility to "control and effectuate the Claims reconciliation process." Plan § 6.1(b)(i). *See also id.* § 9.4 (authorizing the Plan Administrator to "to compromise, settle or otherwise resolve or withdraw any objections to Claims and to compromise, settle or otherwise resolve any Disputed Claims"); *Order Modifying Certain Existing Claims Orders* (ECF No. 29505).

3

8. The Plan provides that "[o]bjections to and requests for estimation of Claims shall be filed with the Court and served on the claimant on or before the later of (a) the date that is 2 years after the Effective Date and (b) such later date as may be fixed by the Bankruptcy Court for cause shown." Plan § 9.1.

9. On November 25, 2013, the Court entered an order extending the Objection Deadline to September 6, 2015 (ECF No. 41286). On June 30, 2015, the Court entered an order further extending the Objection Deadline to March 6, 2017 (ECF No. 50165). On December 6, 2016, the Court entered an order further extending the Objection Deadline to September 6, 2018 (ECF No. 54122).

### Relief Requested

10. The Plan Administrator requests that the Court extend the Objection Deadline by eighteen (18) months to March 6, 2020, without prejudice to the ability of the Plan Administrator to request further extensions.

### Cause Exists to Extend the Objection Deadline

11. The Plan, the Bankruptcy Code, the Bankruptcy Rules, and case law provide ample authority on which the Court may grant the relief requested. Additionally, the facts and circumstances of these chapter 11 cases plainly demonstrate that cause exists to extend the Objection Deadline.

12. The Court has the express authority to extend the Objection Deadline "for cause shown." Plan § 9.1. Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration of such deadline." FED. R. BANKR. P. 9006(b)(1). Additionally, the Court has the inherent power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA,*

*Inc.*, 676 F.3d 83, 96–97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

13.  The authority to extend the Objection Deadline is consistent with the Court's broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. §1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

14.  As set forth above, this Court previously granted several extensions of the Objection Deadline, and extensions of the time to object to claims are routinely granted in other chapter 11 cases in this district. *See*, *e.g.*, *In re MF Global Holdings Ltd.*, No. 11-15059 (MG), ECF Nos. 1869, 2028, 2102, 2160, 2200, 2247, 2290 (Bankr. S.D.N.Y.) (extending deadline seven times); *In re Motors Liquidation Corp.*, No. 09-50026 (REG), ECF Nos. 10938, 11546, 12092, 12364, 12499, 12610 (Bankr. S.D.N.Y.) (extending deadline six times); *In re Refco Inc.*, No. 05-60006 (RDD), ECF Nos. 4936, 5498, 5882, 6260, 6384, 6614, 6729, 6801, 6865, 6929, 7021 (Bankr. S.D.N.Y.) (extending deadline eleven times).

15.  To date, the Debtors and their professionals have successfully resolved approximately 99.7% of the claims asserted in these chapter 11 cases. The claims reconciliation process has been significantly aided by the Plan Administrator's exclusive control over the order

5

and methods of reconciliation, and by the Court's entry of orders "designed to maximize the efficiency" of the process and "promote the fair resolution of the tens of thousands of filed claims," oftentimes without Court intervention. *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 120–21 (Bankr. S.D.N.Y. 2010), *aff'd*, 445 B.R. 137 (S.D.N.Y. 2011).

16. Certain of the remaining Disputed Claims involve unique facts and legal issues, requiring individual attention. Resolution of certain other large groups of claims may be addressed in an omnibus or summary fashion; however, even in such cases, reconciliation prior to an objection to such claims may be a time-consuming process. *See, e.g.*, *Order Establishing a Protocol to Resolve Claims Filed by Trustees on Behalf of Certain Issuers of Residential Mortgage-Backed Securities* (ECF No. 47569) (providing for the submission of information with respect to over 300 residential mortgage-backed security claims through March 2016).

17. The Plan Administrator has effectively managed the investment and wind down of the Debtors' assets while reconciling disputed claims. In aggregate, it facilitated the distribution of approximately $11 billion through four Plan distributions since the Court granted the last extension of the Objection Deadline. It has closed the chapter 11 cases of fifteen of the Debtors. Notably, during this period the Plan Administrator also resolved the following major disputes:

- On October 13, 2017, after 42 days of trial, the Court entered an order approving a settlement agreement among Citibank, N.A. and certain of its affiliates (collectively, "**Citibank**") and the Plan Administrator settling Citibank's derivative claim. Pursuant to the settlement agreement, Citibank received approximately $350 million and approximately $1.75 billion of the $2.1 billion cash reserved in connection with this dispute was returned to the Plan Administrator. *See Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code Approving Settlement Agreement Among Citibank, N.A., and Certain of Its Affiliates, and Lehman Brothers Holdings Inc., and Certain of Its Affiliates* [ECF No. 56466].

6

- On March 15, 2018, the Court entered an order estimating certain claims asserted by the trustees for trusts that issued residential mortgage-backed securities at approximately $2.4 billion. *See Order Estimating Allowed Claim Pursuant to RMBS Settlement Agreement* [ECF No. 57785] and *Bench Decision Regarding Estimation of RMBS Claims Pursuant to RMBS Settlement Agreement, as read into the record March 8, 2018* [attached as Exhibit A to ECF No. 57785].

- On July 24, 2018, the Court entered an order approving the Plan Administrator's settlement of certain derivatives claims asserted by Credit Suisse AG ("**Credit Suisse**"). Pursuant to the settlement, Credit Suisse's claims against certain Debtors were reduced by approximately $800 million and allowed in the aggregate amount of $385 million and Credit Suisse's guarantee claims against LBHI were also reduced by approximately $800 million and allowed in the aggregate amount of $364 million. *See Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code Approving Settlement Agreement Among Citibank, N.A., and Certain of Its Affiliates, and Lehman Brothers Holdings Inc., and Certain of Its Affiliates* [ECF No. 58434].

18. Extending the Objection Deadline will inure the benefit of all parties in interest. It will give the Plan Administrator the necessary time to discharge its duties to all holders of Allowed Claims against the Debtors, and to make the appropriate determination how to proceed with respect to the remaining Disputed Claims. It will also allow the Plan Administrator to continue to engage in negotiations and alternative dispute resolution proceedings to consensually resolve claims without judicial intervention.

19. Further, granting the relief requested will not prejudice any creditor because the Plan Administrator maintains reserves for liquidated Disputed Claims pending Distribution. *See* Plan § 8.4.

**Bankruptcy Rule 9006(b) and Local Rule 9006-2**

20. Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline." Fed. R. Bankr. P. 9006(b)(1). Furthermore, Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York provides that ". . . when a motion

to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, with a return date that is no later than fourteen (14) days after the date of such filing or, if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court, the time shall automatically be extended until the Court resolves the motion to extend the time. An automatic extension under this rule shall not require the issuance or entry of an order extending the time." Local R. Bankr. P. 9006-2.

21.     The Court is unable to schedule a return date on this Motion within fourteen days of the date hereof. Consequently, under Local Bankruptcy Rule 9006-2, the Objection Deadline should be extended until the Court rules on this Motion.

## Notice

22.     No trustee has been appointed in these chapter 11 cases. The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635), has served notice of this Motion on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these chapter 11 cases; and (vi) all holders of Disputed Claims.

## Conclusion

23.     For the reasons set forth herein, the Motion should be granted. The proposed extension of the Objection Deadline (i) is reasonable and fair, (ii) does not modify the substantive rights of any of the holders of Disputed Claims, and (iii) promotes consensual resolution of Disputed Claims at reduced costs to the Debtors as well as the holders of all claims.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 27, 2018
New York, New York

*/s/ Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (SCC)
                                                                 :
                                    Debtors.                     :    (Jointly Administered)
------------------------------------------------------------------ x

# ORDER EXTENDING THE PERIOD TO FILE
# OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS

Upon the motion, dated August 27, 2018 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York, to extend the Objection Deadline, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

these chapter 11 cases; and (vi) all holders of Disputed Claims, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Objection Deadline imposed by section 9.1 of the Plan is hereby extended for a period of eighteen (18) months to March 6, 2020, without prejudice to the ability of the Plan Administrator to request further extensions; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
       New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE