**HEARING DATE AND TIME: November 13, 2018 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 17, 2018 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                    :   Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (SCC)
                                         :
                    Debtors.             :   (Jointly Administered)
------------------------------------------------------------x
```

# NOTICE OF PLAN ADMINISTRATOR'S
# OBJECTION TO PROOF OF CLAIM NUMBER 15035

**PLEASE TAKE NOTICE** that on September 20, 2018 Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection to proof of claim number 15035 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 13, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, if a response thereto is filed.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., and Jason Hufendick, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **October 17, 2018 at 4:00 p.m.** (**Eastern Time**) (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 20, 2018
     New York, New York     */s/ Garrett A. Fail*
                                                Garrett A. Fail

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007
                                                Garrett A. Fail

                                                Attorneys for Lehman Brothers Holdings Inc.
                                                and Certain of Its Affiliates

**HEARING DATE AND TIME:** November 13, 2018 at 10:00 a.m. (Eastern Time)
**RESPONSE DEADLINE:** October 17, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (SCC)
                                                   :
                    Debtors.                       :    (Jointly Administered)
-----------------------------------------------------------------x

### PLAN ADMINISTRATOR'S OBJECTION TO PROOF OF CLAIM NUMBER 15035

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), files this objection to proof of claim number 15035 (the "Disputed Claim") asserted by RGM Trading International Limited ("Claimant"), and respectfully represents:[1]

### RELIEF REQUESTED

1. The Disputed Claim is a Guarantee Claim asserted against LBHI that corresponds to a Primary Claim asserted against Lehman Brothers International (Europe) ("LBIE"), a non-debtor Primary Obligor under the Plan. LBIE has provided consideration on

---
[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Plan.

Primary Claims in excess of the amount required to render corresponding Guarantee Claims satisfied in full in accordance with Section 8.13 of the Plan.  Accordingly, pursuant to the Plan, no Distributions should be made by LBHI on account of the Disputed Claim.  Pursuant to sections 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Plan Administrator requests that the Court enter the proposed order attached hereto as Exhibit A (the "Proposed Order") deeming the Disputed Claim satisfied.

## JURISDICTION

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, those set forth in Article XIV of the Plan.  (Confirmation Order ¶ 77.)  Section 14.1 of the Plan, in turn, provides for the retention by the Court of exclusive jurisdiction to, among other things, "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code" and "enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce . . . the Plan, the Confirmation Order or any other order of the Bankruptcy Court."  (Plan § 14.1(e), (i).)

## BACKGROUND

4.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2

5. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

6. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## THE DISPUTED CLAIM

7. Claimant asserts LBHI is liable for a purported primary obligation of Lehman Brothers International (Europe) ("LBIE"). *See* Disputed Claim.

8. LBIE is a subsidiary of LBHI that is not a debtor in the Chapter 11 Cases. On September 15, 2008, LBIE entered English administration proceedings pursuant to the English Insolvency Act of 1986. LBIE's estate is currently being wound-up by certain joint administrators not controlled by the Plan Administrator (the "Joint Administrators").

9. By April 2014, LBIE had distributed to its unsecured creditors, with certain *de minimis* exceptions, 100% of the allowed amounts of their claims against LBIE.[2]

10. The Disputed Claim was one of approximately 1,150 LBIE based Guaranteed Claims that were the subject of the Plan Administrator's Motion Pursuant to Section 8.4, 9.3, 14.1 of the Plan to Estimate Claims for Reserve and Distribution Purposes, dated June 10, 2015. (ECF No. 49954, the "Estimation Motion"). On July 10, 2015, Claimant filed an objection to the Estimation Motion (ECF No. 50245, "Claimant's Estimation Objection"), arguing against estimation at the time and admitting that a portion of its claim had been satisfied in full. Nowhere did Claimant say that its Primary Claim would not receive or be entitled to additional consideration from LBIE. (*I*.e., Claimant provided no reason for the Plan Administrator or the Court to believe that Claimant's Primary Claim would not receive the

---

[2] *Declaration of Russell Downs in Support of Verified Chapter 15 Petition and Related Relief* at ¶11, Case No. 18-11470-(SCC) (Bankr. S.D.N.Y. May 14, 2018), ECF No. 4.

3

Subsequent LBIE Distribution (as defined below)). The hearing on the Estimation Motion, as it pertains to the Disputed Claim, was adjourned from time to time..[3]

11. On July 27, 2018, LBIE distributed additional consideration on Primary Claims equal to a minimum of 38.43% of such Primary Claims (the "Subsequent LBIE Distribution"), bringing the total consideration from LBIE to at least 138.43% on Primary Claims.[4] On August 15, 2018, this Court determined that the Subsequent LBIE Distribution was consideration on Primary Claims within the meaning of section 8.13(a) of the Plan. *See Order in Aid of Execution of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, ECF No. 58572 (appeal pending, ECF No. 58581, 58572). Additionally, this Court has entered numerous orders deeming claims satisfied based on consideration provided from other Primary Obligors. *See*, *e.g.*, ECF Nos. 47968, 48322, 50166, 52980, 56275, 57598, 57599, 58123, 58124, 58812.

12. The Plan Administrator has been informed that Claimant was dissolved after it objected to the Estimation Motion and after it sold its Primary Claim (but not the Disputed Claim). As a result, the Plan Administrator was unable to consensually resolve the Estimation Motion or have the Disputed Claim withdrawn.

---

[3] The Disputed Claim is the only claim against which the Estimation Motion is currently pending. *See* ECF No. 57641. Virtually all other claims subject to the Estimation Motion were either estimated to be zero on an uncontested basis or withdrawn consensually. *See*, *e.g.*, ECF Nos. 50298, 50824, 50948, 50977, 50978 (granting the Plan Administrator's motion to estimate on an uncontested basis).

[4] *See* Joint Administrators' Announcement of first scheme Distribution in relation to the scheme of arrangement, pursuant to Part 26 of the Companies Act 2006, dated July 25, 2018 (the "Notice of Surplus Distribution") ("the Joint Administrators are pleased to confirm that a first Scheme Distribution of over £4.03 billion (after provision of £0.97 billion for withholding tax) has been made to Scheme Creditors entitled to Statutory Interest pursuant to the terms of the Scheme."). The Notice of Surplus Distribution is available at https://www.pwc.co.uk/services/business-recovery/administrations/lehman/update-announcement-of-first-scheme-distribution-in-relation-to-the-scheme-of-arrangement-pursuant-to-part-26-of-the-companies-act-2006-25-july-2018.html.

**OBJECTION**

13. Section 8.13(a) of the Plan provides:

> An . . . (ii) Allowed Guarantee Claim that receives Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . equal the Allowed amount of such Guarantee Claim . . . shall . . . be deemed satisfied in full as to such . . . Allowed Guarantee Claim against the applicable Debtor.

Section 8.13(b) of the Plan further provides: "In no event shall . . . (ii) an Allowed Guarantee Claim receive Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . are in excess of the Allowed amount of the Guarantee Claim . . . ."

14. Here, Section 8.13 of the Plan limits recoveries on account of the same claim for damages from LBIE and LBHI as guarantor to a single satisfaction. Specifically, Section 8.13(a) of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives Distributions from LBHI that, combined with Distributions or consideration provided on account of the corresponding Primary Claim, equal the Allowed amount of such Guarantee Claim. Similarly, "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions that, combined with Distributions or consideration provided on account of the corresponding Primary Claim, exceed the Allowed amount of such Guarantee Claim. (*Id.* § 8.13(b).)[5] The Court has broad authority, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, over the property administered under the Plan and to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C.

---

[5] Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date."

5

§ 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act . . . that is necessary to the consummation of the plan[.]"); 11 U.S.C. § 105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.").

15. The Disputed Claim corresponds to a Primary Claim against LBIE that has been Allowed by and against LBIE. *See* Claimant's Estimation Objection. Following the Subsequent LBIE Distribution, LBIE has paid its creditors consideration in excess of the amount asserted in the Disputed Claim against LBHI. Accordingly, pursuant to the Plan 8.13(a) of the Plan, the Disputed Claim is thereby satisfied in full and LBHI has no liability to make Plan Distributions on account of the Disputed Claim.

## RESERVATION OF RIGHTS

16. The Plan Administrator reserves all rights to object to the Disputed Claim in the event the relief requested herein is not granted.

## **NOTICE**

17. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Claimant's address on its proof of claim and Claimant's last known attorney; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

Dated:  September 20, 2018
        New York, New York

                                        */s/ Garrett A. Fail*
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007
                                        Garrett A. Fail

                                        *Attorneys for Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

WEIL:\95707923\3\58399.0011

## **Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                                   :
                      Debtors.                                     :    (Jointly Administered)
                                                                   :
---------------------------------------------------------------- x

**ORDER GRANTING PLAN**
**ADMINISTRATOR'S OBJECTION TO CLAIM NUMBER 15035**

Upon the objection, dated September 20, 2018 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 105(a) and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking to expunge proof of claim number 15035, all as more fully described in the Objection; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, claim number 15035 is disallowed and expunged in its entirety in accordance with the Plan; and it is further

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2