**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| | : | Chapter 11 |
| In re: | : : | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | |
| | : | |
| Debtors. | : | |
| | x | |

| | | |
|---|---|---|
| | X | |
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **Case No. 08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | |
| | X | |

**AMENDED ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ~~ORDER~~ORDERS FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

Upon the motion, dated ~~May 29, 2014~~October 1, 2018 (the "Motion"),[1] of Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator, for the ~~establishment of alternative dispute resolution~~amendment of the (i) Alternative Dispute

Resolution Procedures Order for Indemnification Claims of Debtors Against Mortgage Loan

Sellers [Docket No. 45277] (the "ADR Order"), and (ii) the Alternative Dispute Resolution

Procedure Order for Indemnification Claims of the Debtors Against Certain Mortgage Loan

Sellers, dated July 28, 2015 [Docket No. 50465], Alternative Dispute Resolution Procedures

Order for Indemnification Claims of the Debtors Against Mortgage Loan Seller SecurityNational

Mortgage Company, dated Aug. 12, 2014 [Docket No. 45702], Alternative Dispute Resolution

Procedures Order For Indemnification Claims of the Debtors Against Mortgage Loan Sellers

Universal American Mortgage Company, LLC, Standard Pacific Mortgage, Inc., Shea Mortgage,

Inc., CTX Mortgage Company, LLC, PrimeLending, A PlainsCapital, Company, Allied Mortgage

Group, Inc., and DHI Mortgage Company, LTD., dated July 21, 2014 [Docket No.

45315], and Alternative Dispute Resolution Procedures Order for Indemnification Claims of the

Debtors Against Mortgage Loan Seller, Stearns Lending, LLC f/k/a Stearns Lending, Inc., dated

procedures for indemnification claims of the Debtors against mortgage loan sellers (the "Indemnification

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

July 21, 2014 [Docket No. 45314] (together, the "Modified ADR ProceduresOrders"), in the chapter 11

cases of LBHI and its affiliated debtors (collectively, the "Debtors"), all as more fully described

in the Motion, it is,

**HEREBY FOUND AND DETERMINED thatTHAT THE ADR ORDERS**

**ARE AMENDED AS FOLLOWS:**[2]

A.    The Court has jurisdiction to enter this Order as the matter has a close nexus to the

chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6,

2011 (the "Confirmation Order"). Pursuant to Paragraph 77 of the Confirmation Order and

Section 14.1 of the Plan, the Court retained jurisdiction over the matter. Venue in this Court for the

Motion is appropriate pursuant to 28 U.S.C. § 1408.

B.    Due and proper notice of the Motion has been provided in accordance with the

procedures set forth in the Court's amended Order entered June 17, 2010, governing case

management and administrative procedures [Docket No. 9635].

C.    LBHI holds contractual claims for indemnification and/or reimbursement against

approximately 3,0006,200 counterparties (the "Sellers") involving more than 11,00070,000

mortgage loans by

virtue of settlements between (i) LBHI and the Federal National Mortgage Association [Docket

No. 42153], and between(ii) LBHI and the Federal Home Loan Mortgage Corporation [Docket

No.

42754], this Court's estimation of certain RMBS Trustees' allowed claim in LBHI's bankruptcy

[Docket No. 57785] and the allowance of certain RMBS Trustees' claims that were settled in the

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of

ordinary course of business (the "Indemnification Claims"). All RMBS Indemnification Claims will be governed by this Amended ADR Order.

---

**law shall be construed as findings of fact, where appropriate.**

Certain common issues exist regarding the Indemnification Claims, including questions involving reimbursement and indemnification rights.

       D.     Substantial value may be recovered for the benefit of creditors and judicial efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can be achieved without the need for trial of adversary proceedings or other litigation.

       E.     Similar proceedings ordered in these and other complex chapter 11 cases have contributed to the effective administration of the proceedings and have reduced costs for all parties.

## RELIEF

The procedures described below are ORDERED to promote consensual recovery with respect to the Indemnification Claims, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation procedures between the affected parties.

       1.     <u>Standing Mediation Order</u>. All provisions of the General Order #M-452, adopted June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this order. To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

       2.     <u>Sellers</u>. To date, LBHI have identified approximately ~~3,000~~<u>6,200</u> Sellers involving more than ~~11,000~~<u>70,000</u> mortgage loans against whom there is reasonable cause for LBHI to believe that it holds Indemnification Claims.

Indemnification ADR Disputes. LBHI will designate a dispute (an

"Indemnification ADR Dispute") as to any Indemnification Claim by serving the following on a

Seller:

    a.      A copy of this Order; and

    b.      An Indemnification ADR Notice (as defined below) (collectively, the

          "Indemnification ADR Package").

For purposes of the Indemnification ADR Procedures, service on or notice to a Seller shall be

deemed adequate if such service or notice is provided to the Seller, the Seller's counsel, legal

guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or

(iii)    overnight mail.

    3.      Settlement of Disputes During the Indemnification ADR Procedures. Nothing

contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an

Indemnification ADR Dispute at any time before, during, or following the designation of an

Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of

the parties, provided that such settlement either (i) complies with any applicable orders in these

bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

    4.      Pre-Mediation Stage Confidentiality. All discussions between the parties and the

contents of any papers submitted prior to the Mediation Stage (as defined herein) shall remain

confidential and privileged in accordance with Paragraph 13 of this Order and shall not be

discoverable or admissible as evidence in any subsequent litigation of the Indemnification ADR

Dispute or elsewhere, except as provided by further order of this Court.

<u>Participation Mandatory</u>. Unless otherwise provided in a specific order applicable

to a particular Indemnification ADR Dispute or a particular Seller, after service of an ADR

Package on a Seller:

 a. Compliance with the Indemnification ADR Procedures in this Order is mandatory

  in the specified Indemnification ADR Disputes for both LBHI and the Seller; and

 b. No party is required to settle or compromise any dispute or enter into a particular

  settlement or compromise. However, once LBHI serves an Indemnification ADR

  Package upon a Seller, the Seller must serve the required responses. LBHI and the

  Seller must also engage in the specified communications to discuss settlement,

  participate in any mediation in good faith, follow the directions of the mediator, and

  otherwise comply with the Indemnification ADR Procedures specified below for all

  Indemnification ADR Disputes covered by such notice.

 5. <u>No Substitute for Claims Procedures</u>. The Indemnification ADR Procedures are

not intended and shall not be utilized as a substitute for chapter 11 claims procedures. Nothing

contained herein, however, shall prevent a Seller from asserting in any respect to an

Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute

a right to assert valid and enforceable setoff rights with respect to LBHI's claim of an

Indemnification Claim or any other valid defense to a LBHI demand thereunder.

## NOTICE/RESPONSE STAGE

 6. <u>Notice/Response</u>. The initial stage of the Indemnification ADR Procedures will

be a notice/response stage, providing the parties with an opportunity to exchange settlement offers,

schedule settlement meetings or conference calls, and, if possible, resolve an

Indemnification ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>"). The

Notice/Response Stage shall include:

a.    <u>Indemnification ADR Notice</u>. LBHI shall serve upon a Seller a notice containing

sufficient information regarding the Indemnification ADR Dispute to make the

Seller aware of the nature of LBHI's affirmative claim and of its demand for

settlement, including an amount of monetary recovery LBHI would accept in full

settlement and compromise (an "<u>Indemnification ADR Notice</u>").

b.    <u>Sellers's Response to Notice</u>. A Seller must respond to the Indemnification ADR

Notice in writing through a "Statement of Position" within ~~twenty~~<u>fifteen</u> (~~20~~15)

calendar days from the date of service of the Notice. The response options

available to a Seller are as follows (the "<u>Responses</u>"):

    i.    <u>Agreeing to Settle the Demand</u>. If a Seller agrees to settle the demand in

the Indemnification ADR Notice, the Seller shall state in writing that the

offer of settlement in the Indemnification ADR Notice is accepted. The

parties will then execute a settlement and general release (including a

confidentiality provision) and, if the matter is in litigation, LBHI shall

dismiss any applicable claims in a lawsuit or adversary proceeding with

prejudice upon execution of the release and receipt of the settlement

payment; or

    ii.    <u>Denying the Demand</u>. A Seller may decline to settle for the amount stated

in the demand in the Indemnification ADR Notice, in which case the Seller

must include a brief explanation in the Response to the Indemnification

ADR Notice setting forth the reason(s) for such denial. In addition, the

Seller may provide a counteroffer to the demand in the Indemnification

ADR Notice, in which case the Seller must include a brief explanation

setting forth the reason(s) for such counteroffer.

c.    <u>Failure to Respond</u>. Failure to provide a timely Response to the Indemnification

ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option of

LBHI, in an application to the Court for Sanctions as set forth below, including fees

and costs, termination of the mediation and, at LBHI's discretion, institution of an

action against the Seller, or immediate entry into the mediation stage.

d.    <u>Reply to Response</u>. ~~LBHI shall have~~<u>At the option of LBHI, LBHI may serve a reply
within</u> fifteen ~~(15)~~

<u>(15)</u>    days from the date of the receipt of the Response ~~to serve a reply to the
Response to the Indemnification ADR Notice~~, in which LBHI may (i) modify its

Demand, (ii) respond to any counteroffer, (iii) provide additional information or

briefing in support of its demands in the Indemnification ADR Dispute, or (iv)

reject any counteroffer in which case the Indemnification ADR Dispute will

automatically proceed to the Mediation Stage <u>within fifteen (15) calendar days</u>. If

LBHI ~~fails~~<u>chooses not</u> to ~~respond~~<u>serve a reply</u> within ~~this period~~<u>the above time
frame</u>, the Indemnification ADR Dispute will automatically proceed to the

Mediation Stage.

7.    <u>Request for Initial Settlement Conference</u>. At any time in the Notice/Response

Stage, either LBHI or a Seller may request an initial telephonic settlement conference by written

request, to be held within five (5) calendar days. Within two (2) calendar days of a receipt of such

a request, the other parties must respond by acceptance of one of the proposed dates and times or by

a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set

forth in the written request. If an acceptable date cannot be achieved through this

process, the parties shall immediately proceed to the Mediation Stage. At least one hour shall be

reserved for the initial conference to discuss settlement. No mediator or representative of the Court

will participate in this discussion, but the initial conference call specified in this Paragraph,

together with any continuations or rescheduled settlement calls or meetings arising from that initial

settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and

analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to

this call or series of calls as if a mediator were present. Settlement conferences during the

Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

8. <u>Mediation</u>. Indemnification ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

    a. <u>Initializing Mediation</u>. LBHI ~~and the Seller together~~ shall contact the mediator to
schedule the initial

mediation date.

    b. <u>Powers of Mediator</u>. The mediator shall have the broadest possible discretion

consistent with the Standing Order.

    c. <u>Choice of Mediator</u>. The mediators identified on Schedule A are APPOINTED as

the mediators for Indemnification ADR Disputes reaching the Mediation Stage.

LBHI shall select a mediator from the foregoing list. If the initially selected

mediator is unwilling and/or unavailable to serve, then LBHI shall select an

alternate mediator from Schedule A. If none of the foregoing are available to

serve as mediator, an alternate mediator shall be selected as mutually agreed in

writing by all parties to a specific Indemnification ADR Dispute or group of

related Indemnification ADR Disputes. Any such alternative shall be deemed to

have been appointed upon entry into a written stipulation to that effect by LBHI and

Sellers participating in the applicable Indemnification ADR Dispute or Disputes. If

the parties cannot agree upon a selection of mediator within ten (10) calendar days

of the completion of the Notice/Response Stage, the Court shall appoint one or more

mediators.

d.    <u>Mediation Sites</u>. All mediation proceedings will take place in New York, New

York.

e.    <u>Mediation Materials</u>. LBHI shall submit to the mediator the (i) Indemnification

ADR Package, (ii) Statement of Position, (iii) the Reply, if any, and (iv) any other

materials exchanged by the parties reflecting the parties' relative positions

("<u>Mediation Materials</u>"). No additional papers shall be submitted to the mediator

unless so requested by the mediator. All mediation materials will be delivered at

least ~~ten~~<u>seven</u> (~~10~~<u>7</u>) days prior to the scheduled mediation proceeding and will not

be filed with the Court.

f.    <u>Appearance at Mediations</u>. All participants in the mediation for the applicable

Indemnification ADR Dispute must appear in person at the designated mediation

location, which shall be the location set forth above unless otherwise agreed to by

the parties, with a business principal who has settlement authority. Counsel may

also be present and participate. <u>If the parties are unable to agree on a date for the

mediation, the mediator will fix a date at his or her discretion.</u>

**OTHER PROVISIONS**

9.    <u>Deadlines</u>. Notwithstanding any of the provisions set forth above, any of the

deadlines contained herein may be modified by: (i) the mutual consent of LBHI and the Seller or

(ii)    the Bankruptcy Court, for cause shown.

10.    <u>Sanctions for Parties</u>. LBHI and each Seller must participate in good faith with

these Indemnification ADR Procedures with regard to the ADR Disputes specified in the

applicable Indemnification ADR Notice. If, after notice and a hearing, the Court determines that

LBHI or the Seller have not complied with the Indemnification ADR Procedures in good faith in

connection with any Indemnification ADR Dispute, LBHI or the Seller may be subject to such

sanctions as the Court deems appropriate (the "<u>Sanctions</u>"). If a mediator reports to the Court

that any party subject to this Order is not cooperating in good faith with the mediation procedures,

the Court may, without the need for further motion by any party, schedule a hearing and order

Sanctions. Litigation with respect to the issuance of Sanctions shall not delay the commencement

of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.

Sanctions shall include, but are not limited to:

a.    <u>Against LBHI</u>: (i) attorneys' fees; (ii) fees and costs of the mediator; (iii)

termination of the Indemnification ADR Procedures as to one or more

Indemnification Claims; and/or (~~iii~~<u>iv</u>) rejection of some or all claims asserted

by LBHI in the applicable Indemnification ADR Dispute.

b.    <u>Against Sellers</u>: (i) attorneys' fees; (ii) fees and costs of the mediator; (iii)

immediate initiation of the mediation stage, provided the matter has not yet

reached that point; and/or (iv) termination of the mediation with the right for

LBHI to elect to commence an action against a defaulting Seller.

11.    <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing

Order are hereby incorporated by reference into this Order. No statements or arguments made or positions taken by the mediator, LBHI, or Sellers during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party. Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving is such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible. In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, the mediator may report to the Court the status of the mediation efforts but shall not disclose the content thereof. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Indemnification ADR Procedures including Settlement Conferences and the Mediation Stage.

12.    Removal. If a Seller has commenced any action or proceeding in any other court or forum, or commences any other action or proceeding in any other court or forum following service upon it of an Indemnification ADR Package, LBHI may seek to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect LBHI's creditors, despite the incomplete status of the steps prescribed under the Indemnification ADR Procedures.

13.    No Waiver of Defenses. The parties' participation in the Indemnification ADR Procedures set forth herein, including the Notice/Response Stage and the Mediation Stage, shall not cause either LBHI or any individual Seller to waive or release any claims, defenses, or remedies that the individual parties would otherwise hold, except to the extent that the parties

enter into a settlement providing for the consensual waiver or release of claims, defenses, and/or remedies.

14.    <u>Jury Trials Unaffected</u>. Except to the extent a Seller affirmatively chooses the mediation option set forth herein, participation in the Indemnification ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

15.    <u>Fees</u>. Except as otherwise provided herein, each party to the Mediation shall bear its own costs and counsel fees in connection with Mediation and share equally in the reasonable fees and costs charged by the Mediator.

~~18.Notwithstanding the foregoing, the Hearing Date for the Motion solely with respect to the objectors (identified in **Exhibit A** annexed hereto (the "<u>Objectors</u>")) is adjourneduntil **July 16, 2014, at 10:00 a.m. (E.S.T.)**.19.All of the Objectors' rights, defenses, remedies, and claims that they may hold with respect to the Motion are reserved, and this Order shall not have any res judicata or collateral estoppel effect as to the Objectors.~~ <u>Any deposit required by the mediator must be made within ten (10) days of the request and the failure to pay any such deposit may subject the party to the Sanctions described in Section 12. Any retainer not used will be held by the mediator through the conclusion of the mediation, as determined by the mediator.</u>

16.    <u>The Modified ADR Orders. For the avoidance of doubt, nothwithstanding anything in the foregoing, this Amended ADR Order does not change any of the procedures set forth in the Modified ADR Orders other than expand their scope to cover all RMBS Indemnification Claims.</u>

**IT IS SO~~-~~ ORDERED:**

~~June 24, 2014~~ _, 2018 New York, New York

~~/s/ Shelley C. Chapman~~

_____

~~HONORABLE SHELLEY C. CHAPMAN~~ UNITED
STATES BANKRUPTCY JUDGE

# ~~EXHIBIT A~~

### ~~Exhibit A – List of Objectors~~

~~1.Allied Mortgage Group, Inc., CTX Mortgage Company, LLC, Direct Mortgage, Corp., PrimeLending, a PlainsCapital Company, Shea Mortgage, Inc., Standard Pacific Mortgage, Inc., Universal American Mortgage Company, LLC [Dkt. No. 44680]~~

~~2.Amerifirst Financial Corp., First Options Mortgage, Broadview Mortgage Corporation, New FED Mortgage Corporation, Loan Simple, Inc. f/k/a Ascent Home Loans, Inc., Arlington Capital Mortgage Corporation, Gateway Funding Diversified Mortgage Services, L.P., WR Starkey Mortgage, LLP, Sterling National Mortgage Company, Inc., Sun American Mortgage Company [Dkt. No. 44684]~~

~~3.DHI Mortgage Company, Ltd. [Dkt. No. 44682]~~

~~4.First California Mortgage Corporation [Dkt. No. 44679]~~

~~5.MortgageIT, Inc. [Dkt. No. 44704]~~

~~6.Mountain West Financial, Inc. [Dkt. No. 44677]~~

~~7.PERL Mortgage, Inc. and Simonich Corporation d/b/a Commerce Mortgage [Dkt. No. 44740]~~

8.Republic Mortgage Home Loans, LLC [Dkt. No. 44681]

9.SecurityNational Mortgage Company [Dkt. No. 44672]

10.Stearns Lending, Inc. [Dkt. No. 44747]

# SCHEDULE A

| Mediator | Contact Information |
|---|---|
| Peter L. Borowitz | c/o Debevoise & Plimpton LLP 919 Third Avenue New York, NY ~~10022~~ Tel: 212~~.~~-909~~.~~-6525 Fax: 212~~.~~-521~~.~~-7525 ~~Email: plborowitz@debevoise.com~~Email: plborowtiz@debevoise.com |
| Timothy T. Brock | Satterlee Stephens ~~Burke & Burke,~~ LLP 230 Park Avenue, 11th Floor New York, NY 10169 Tel: 212~~.~~-818~~.~~-9200 ~~Ermail: tbrock@ssbb.com~~Email: tbrock@ssbb.com |
| Martin G. Bunin | ~~Alston & Bird, LLP~~ ~~90 Park~~Farrell Fritz, P.C. 622 Third Avenue, ~~15th Floor~~ Suite 37200 New York, NY ~~10016r138710017~~ Tel: 212~~r210r9492~~ ~~Ermail:~~-687-1230 ~~marty.bunin@alston.com~~Email: mbunin@farrellfritz.com |
| Keith N. Costa | ~~Dilworth Paxson~~ ~~LLP 99~~Otterbourg P.C. 230 Park Avenue ~~Suite 320~~ New York, NY ~~10016~~10169-0075 Tel: ~~917r675r4250~~212-905-3761 ~~Ermail: kcosta@dilworthlaw.com~~Email: kcosta@otterbourg.com |
| Melanie L. Cyganowski | Otterbourg P.C. 230 Park Avenue New York, NY 10169~~.~~-0075 Tel: 212~~.~~-905~~.~~-3677 ~~Ermail: mcyganowski@otterbourg.com~~Email: mcyganowski@otterbourg.com |
| Andrew B. Eckstein | ~~Blank Rome LLP~~ ~~The Chrysler Building 405~~ ~~Lexington Avenue~~Moritt Hock & Hamroff LLP 1407 Broadway, 39th Floor New York, NY ~~10174~~ 10018 Tel: 212~~r885r5505~~-239-2000 Fax: ~~917r332r3724~~ ~~Ermail: aeckstein@blankrome.com~~212-239-7277 Email: aeckstein@moritthock.com |

| | |
|---|---|
| Judith Elkin | ~~Haynes and Boone, LLP~~ ~~30 Rockefeller Plaza, 26th Floor~~23 Malysana Lane New ~~York~~Rochelle, NY ~~10112~~ 10805 Tel: ~~212r659r4968 Fax:~~ ~~212r884r8228~~ ~~Ermail: Judith.elkin@haynesboone.com~~917-671-8062 Email: elkinj@mac.com |
| Yann Geron | ~~Fox Rothschild LLP~~ ~~100 Park~~Reitler Kailas & Rosenblatt LLC 885 Third Avenue, ~~Suite 1500~~20th Floor New York, NY ~~10017~~10022  Tel: 212~~r878r7901 Fax: 212r692r0940~~ ~~Ermail: ygeron@foxrothschild.com~~-209-3050 Mobile: 914-582-6965 Email: ygeron@reitlerlaw.com |
| Eric Haber | Cooley LLP 1114 Avenue of Americas New York, NY 10036 Tel: 212-479-6144 Email: ehaber@cooley.com |
| Marc E. Hirschfield | Royer Cooper Cohen Braunfeld LLC 1120 Avenue of the Americas 4th Floor New York, NY 10036 Tel: 212-994-0451 Mobile: 917-273-2405 Email: mhirschfield@rccblaw.com |
| Norman N. Kinel | Squire Patton Boggs 30 Rockefeller Plaza New York, NY 10112 Tel: 212-407-0130 Mobile: 732-690-4822 Email: norman.kinel@squirepb.com |
| Tracy L. Klestadt | Klestadt Winters Jureller Southard & Stevens, LLP 200 West 41st Street 17th Floor New York, NY 10036-7203 Tel: 212-972-3000 ext 101 Fax: 212-972-2245 Email: tklestadt@klestadt.com |
| Kenneth M. Lewis | Whiteford Taylor Preston 444 Madison Avenue 4th Floor New York, NY 10022 Tel: 914-761-8400 Fax: 914-580-9177 Email: klewis@wtplaw.com |

| Joseph T. Moldovan | Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4784<br>Tel: 212-735-8603<br>Email: jmoldovan@morrisoncohen.com |
| Robert J. Rosenberg | 125 East 61st Street New York, NY 10065 Tel: 212-644-5758<br>Mobile: 917-273-5216 Email: robertrosenbe@gmail.com |

| Eric Haber | Cooley LLP<br>1114 Avenue of Americas<br>New York, NY 10036 Tel:<br>212r479r6144<br>Ermail: ehaber@cooley.com |
| Ira L. Herman | Thompson & Knight LLP<br>900 Third Avenue, 20th Floor<br>New York, NY 10022r3915 Tel:<br>212r751r3045<br>Fax: 214r999r9139<br>Ermail: Ira.herman@tklaw.com |
| Marc E. Hirschfield | BakerHostetler<br>45 Rockefeller Plaza<br>New York, NY 10111r0100<br>Tel: 212r589r4610<br>Fax: 212r589r4201<br>Email: mhirschfield@bakerlaw.com |
| Norman N. Kinel | Lowenstein Sandler LLP 1251<br>Avenue of the Americas<br>New York, NY 10020<br>Tel: 646r414r6878<br>Ermail: NKinel@lowenstein.com |
| Tracy L. Klestadt | Klestadt & Winters, LLP<br>570 Seventh Avenue, 17th Floor<br>New York, NY 10018<br>Tel: 212r972r3000<br>Fax: 212r972r2245<br>Ermail: tklestadt@klestadt.com |
| Kenneth M. Lewis | LEWIS LAW PLLC<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>Tel: 914r761r8400<br>Fax: 914r761r6316<br>Ermail: klewis@lewispllc.com |

| Joseph T. Moldovan | Morrison Cohen LLP |
| | 909 Third Avenue |
| | New York, NY 10022r4371 |
| | Tel: 212r735r8603 |
| | Ermail: jmoldovan@morrisoncohen.com |
| Robert J. Rosenberg | 125 East 61st Street |
| | New York, NY 10065 |
| | Tel: 917r273r5216 |
| | Ermail: robertrosenbe@gmail.com |

2