B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Financial Products Inc. | Scoggin International Fund, Ltd. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Financial Products Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Kenneth Keeley
Phone: 212-723-6501
Email: Kenneth.keeley@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Elanit A. Snow
Phone: 212-373-3000
Email: esnow@paulweiss.com

Court Claim # (if known): 59300
Amount of Claim Transferred: $3,750,000.00
ISIN/CUSIP: XS0277120027
Blocking Number: _____

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____*Joelle Gavlick*_____          Date: 4/13/2018
     DocuSigned by: 240CDA98C9F64D3...
     Transferee/Transferee's Agent

Joelle Gavlick – Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

EXECUTION COPY

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Scoggin International Fund, Ltd.** (the "Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Financial Products Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of Seller or Seller's predecessor in interest, as applicable (collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of the Seller's right, title and interest in, to and under the transfer agreements, if any, under which the Seller or any prior sellers (the "Predecessors in Interest") acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims (the "Predecessor Transfer Agreements"), (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that, in respect of the Transferred Claims and Purchased Securities sold by Seller hereunder that: (a) (i) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities", (ii) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009, (iii) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or any Predecessor in Interest or against Seller and any Predecessor in Interest, (iv) the Proofs of Claim include the respective Purchased Claims specified in Schedule 1 attached hereto, (b) Seller (i) is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer, (ii) has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated, (iii) has received, either directly or indirectly from the Debtor distributions in respect of the Transferred Claims on the dates and in the amounts proportional to distributions made generally to holders of claims against the Debtor of the same class, type and priority (including a distribution made on December 7, 2017 in the amount of $48,002.35 and a distribution made on April 5, 2018 in the amount of $14,139.02), (iv) has received, either directly or indirectly from Lehman Brothers Treasury Co. BV, distributions relating to the Purchased Securities on the dates and in the amounts proportional to distributions made generally to holders of securities issued by Lehman Brothers Treasury Co. BV of the same class, type and priority, and (v) has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities in excess of distributions made generally to holders of the Purchased Securities and (c) if all or any portion of a distribution received or applied by Seller (and not further transferred or credited to Purchaser) is required to be returned or disgorged by Purchaser to any entity, Seller shall promptly indemnify Purchaser for any such distribution (or portion thereof) together with all related interest and charges payable by Purchaser in respect thereof.

3. Purchaser hereby represents and warrants to Seller that, in respect of the Transferred Claims and Purchased Securities purchased by Purchaser hereunder that: (a) Purchaser is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer, and (b) if all or any portion of a distribution received by Purchaser is required to be returned or disgorged by Seller to any entity or erroneously paid or transferred to Purchaser, Purchaser shall promptly return such distribution (or portion thereof) to Seller together with all related interest and charges payable by Seller in respect thereof.

4. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the respective Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of such Transferred Claims, and directing that all payments or distributions of money or property in respect of such Transferred Claim be delivered or made to Purchaser.

5. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. Purchaser hereby agrees to indemnify, defend and hold Seller, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Purchaser's breach of its representations and warranties made herein.

6. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including the distributions received on or around December 7, 2017 and April 5, 2018) and true and correct copies of any statements received from the Debtor and or Epiq describing such distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Signature page follows]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **16th** day of April 2018.

| | |
|---|---|
| **CITIGROUP FINANCIAL PRODUCTS INC.,**<br>as Purchaser | **SCOGGIN INTERNATIONAL FUND, LTD.**<br>as Seller<br>By: Scoggin Management LP its investment manager<br>By: Scoggin GP LLC its General Partner |
| By: *(DocuSigned by: Joelle Gavlick, 240CDA98C9F64D3...)*<br>Name:<br>Title:  Joelle Gavlick - Authorized Signatory | By: *(signature)*<br>Name:<br>Title: |

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
Attn: Kenneth Keeley

[Signature Page for Scoggin to CFPI to Transfer Agreement]

Schedule 1

Transferred Claims

Purchased Claims and Lehman Programs Securities to which Transfer Relates

| POC | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | LBHI Claim Allowed Amount |
|---|---|---|---|---|---|
| 50315 | XS0228868195 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $600,000.00 | $600,000.00 |
| 50316 | XS0228868195 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $3,150,000.00 | $3,150,000.00 |
| 59300 | XS0277120027 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $3,750,000.00 | $3,750,000.00 |

4