Hearing Date: October 29, 2018
Response Deadline: October 15, 2018

COHNE KINGHORN, P.C.  
111 East Broadway, 11th Floor  
Salt Lake City, Utah 84111  
Telephone: (801) 363-4300  
Facsimile: (801) 363-4378  
George Hofmann  

LANI ADLER PARTNERS LLC  
277 West 96th Street  
Suite 15G  
New York, New York 10025  
Telephone (646) 732-3260  
Lani A. Adler  

*Attorneys for iFreedom Direct Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC) |

**iFREEDOM DIRECT CORPORATION'S OBJECTION AND RESERVATION OF RIGHTS CONCERNING MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR LEAVE TO AMEND AND EXTEND THE SCOPE OF THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDERS FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

**RESERVATION OF RIGHTS**

iFreedom Direct Corporation ("iFreedom") submits this pleading solely to object to the pending Motion for Leave to Amend and Extend the Scope of the Alternative Dispute Resolution Procedures (ECF No. 58858). Neither this Objection nor any subsequent appearance, pleading, proof of claim, or other writing or conduct shall constitute an admission or acknowledgement of the validity of alleged claims against iFreedom, the Court's jurisdiction over iFreedom or the subject matter of the claims being asserted against iFreedom by Lehman Brothers Holdings, Inc. ("LBHI"). This appearance shall not constitute a waiver of any: (a) rights to have any and all

final orders in any and all non-core matters entered only after de novo review by a United States District Court; (b) rights to trial by jury in any proceeding as to any and all matters so triable; (c) rights to have the reference withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; and (d) other rights, claims, actions, defenses, setoffs, recoupments, or other matters under any agreement, law or equity. All such rights hereby are reserved and preserved without exception and with no purpose of confessing or conceding jurisdiction in any way by this filing or by any other participation in this proceeding.

iFreedom has filed a Motion to Dismiss the adversary proceeding against it due to, *inter alia,* lack of subject matter jurisdiction[1]. *See* Adversary Proceeding No. 15-1426, ECF No. 16. This motion is pending and a resolution in iFreedom's favor would excuse it from participating in the proposed ADR process as LBHI would not have any colorable claims subject to the jurisdiction of this Court.

**PRELIMINARY STATEMENT**

LBHI should not be permitted to impose a mandatory ADR process on iFreedom that is patently one-sided. This is especially true when iFreedom has a dispositive motion pending that may eliminate any future proceedings in this Court. ADR is to be a consensual process in which all parties have equal choice and input. The framework proposed by LBHI vests it with improper unilateral authority, creates undue hardship for iFreedom, and is contrary to basic notions of ADR. Accordingly, the motion should be denied.

---

[1] LBHI has requested leave to amend the adversary complaint to include the alleged Indemnification Claims that would be covered by an extended ADR process. iFreedom has requested that the Court refrain from ruling on the request for leave to amend until its Motion to Dismiss has been decided.

{00406873.DOCX / 2}  2

**ARGUMENT**

The extended ADR Process proposed by LBHI is not a cooperative, consensual process that would be expected in a typical non-binding proceeding. Rather, it vests LBHI with the unilateral right to impose undue costs and burdens on iFreedom and purports to improperly create binding findings of fact and conclusions of law that are subject to iFreedom's pending motion to dismiss.

**A. The Proposed Procedures are Prejudicial and Unfair.**

LBHI not only seeks to extend the ADR process to cover the RMBS Indemnification claims, it also seeks to impose additional financial and other burdens on iFreedom that are unsustainable and unfair. For example:

a. Paragraph 6(b) shortens the time that iFreedom would have to respond to an Indemnification ADR Notice from 20 to 15 days. There is no legitimate basis for this reduction and, in fact, iFreedom should be afforded more than 20 days to formulate a response.

b. Paragraph 6(d) permits LBHI to unilaterally elect to cease "pre-mediation" communications and automatically force the parties into mediation.

c. Paragraph 8(a) authorizes LBHI to unilaterally contact a mediator.

d. Paragraph 8(c) allows LBHI to select the mediator and iFreedom is given no choice in the selection process. This paragraph further restricts the list of potential mediators to those pre-selected by LBHI. iFreedom has no idea how much these mediators cost or their qualifications and submits that it has access to numerous well-qualified

mediators, including retired Federal Judges, who may be more cost efficient.

e. Paragraph 8(d) states that the mediation shall only occur in New York, New York, even though iFreedom has no nexus to the State and the financial burden of participating in a mediation in New York would be substantial. It is reasonable and proper that LBHI should travel to Utah for the mediation as LBHI has vastly superior resources.

f. Paragraph 8(f) permits the mediator to unilaterally select a mediation date without regard to iFreedom's availability.

g. Paragraph 10 appears to permit the Court to enter sanctions without due process based solely on a "report" from the mediator.

h. Paragraph 12 may be construed to vest LBHI with unfettered ability to remove a proceeding to this Court without regard to applicable law. LBHI should not have any greater rights than those afforded under existing legal authority.

i. Paragraph 15 requires iFreedom to pay an unspecified deposit to the unilaterally selected mediator within 10 days and failure to do so would subject iFreedom to sanctions. This paragraph further requires that iFreedom share equally in the costs of the mediator, which is not equitable. LBHI is the party demanding the non-voluntary ADR process and has the resources to pay the mediators. iFreedom may be agreeable to sharing the mediator's costs for a mediation in Utah as those costs would be much more manageable.

**B. The ADR Order Contains Disputed Findings and Conclusions.**

Footnote 2 of the proposed order provides that the recitals contained in paragraphs A – E

are binding findings of fact and/or conclusions of law.[2] These recitals seek to establish that LBHI holds valid indemnification claims and that this Court has jurisdiction over those claims. iFreedom disputes both the existence of the claims and the Court's jurisdiction. Therefore, these recitals should be either stricken from the ADR order or re-stated as allegations, not findings and/or conclusions.

## CONCLUSION

For the foregoing reasons, iFreedom respectfully requests that this Court deny LBHI's motion.

Dated:  October 15, 2018
        Salt Lake City, Utah

Respectfully submitted,

/s/ George Hofmann
George Hofmann
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801-363-4378

-and-

Lani A. Adler
Lani Adler Partners LLC
275 West 96th Street
Suite 15G
New York, New York 10025

*Attorneys for iFreedom Direct Corporation*

---

[2] It appears that the numbering in the proposed order is incorrect so although iFreedom cites to the paragraph numbers as they appear in the proposed order, these may change once/if the numbering is corrected.