WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604
Tel: (914) 872-7104
Fax: (914) 323-7001
Attn:   David L. Tillem, Esq.
        Allison Holubis, Esq.
        *Attorneys for Response Mortgage Services, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.,*

            Debtors.

**Return Date:** Oct. 29, 2018

**Chapter 11**

**Case No. 08-13555 (SCC)**

LEHMAN BROTHERS HOLDINGS INC.,

            Plaintiff,

-against-

1ST ADVANTAGE MORTGAGE, L.L.C. *et al.*

            Defendants.

**Adv. Pro. No. 16-01019(SCC)**

LEHMAN BROTHERS HOLDINGS INC.,

            Plaintiff,

-against-

RESPONSE MORTGAGE SERVICES, INC.

            Defendant.

**Adv. Pro. No. 16-01343 (SCC)**

------------------------------------------------------------------ x

## LIMITED OBJECTION OF RESPONSE MORTGAGE SERVICES, INC. TO MOTION TO AMEND AND EXTEND ADR PROCEDURES

Defendant, Response Mortgage Services, Inc. ("RMS"), by its attorneys Wilson Elser Moskowitz Edelman & Dicker LLP, by David L. Tillem, Esq., respectfully submits this limited

7275132v.1

objection to the motion of Lehman Brothers Holdings Inc. ("LBHI") for leave to amend and extend the scope of the Alternative Dispute Resolution ("ADR") procedures, and states as follows:

1. RMS was one of the loan originators currently the subject of this adversary proceeding in which LBHI seeks indemnification for alleged breaches of warranty and other defects in the loans it assigned to Lehman Brothers. Upon information and belief, the loans and loan sales at issue date from probably 11 or 12 years ago.

2. RMS is currently defunct. It has no operations. It has not operated in quite some period of time. Its records are sparse. It has no employees.

3. The adversary proceeding against RMS identified seven (7) loans. While we have located files for some of these transactions, no information has been identified, and certainly LBHI has not provided any useful, meaningful information regarding the alleged breaches or defects. Schedule B, annexed to the adversary complaint, attached hereto as Exhibit "A," is utterly unenlightening.

4. RMS does not object to an ADR proceeding. But, absent the provision of meaningful information and documentation from LBHI, RMS objects to the current proposed procedure for ADR. The current proposal, if instituted, will ineluctably lead to a complete waste of time, money and resources. Simply put, at an ADR, a representative for RMS will ask counsel (likely the undersigned) for his recommendation. At present, my response will be, "I have none." As long as RMS has no detailed information, as will be set forth below, there can be and will be no recommendation from counsel. It is extremely unlikely that RMS will agree to pay anything without a recommendation from counsel.

5. As of this date, we have not located the Lehman/RMS Sellers' Guide. Nor have we seen the agreement and indemnification provisions entered into between Lehman and Fannie Mae,

7275132v.1

etc. Thus, neither RMS nor its counsel knows the standard to be applied. Providing the text of both agreements, if not the entire agreements themselves, would be a good start.

6. At Exhibit A, under "Claim Reason" we have: 1) misrepresentation of assets; 2) verification of assets; 3) income/employment misrepresentation; 4) misrepresentation of borrower's assets; and 5) ineligible for loan program. These conclusory statements are unsupported by any information, data, documents or facts.

7. On what basis, with what evidence, with what knowledge, does LBHI contend that there were misrepresentations regarding income, employment, or assets of the borrowers? Absent some evidentiary basis, RMS cannot ascertain and will not agree to assume any liability for these defaults of the notes and mortgages. As the Court itself noted at the status conference held October 2, 2018, borrowers may fall into default for a wide variety of reasons having nothing to do with a defect in the documentation or a misrepresentation as to assets or status. For example, the borrower may have lost his/her job; illness may have impaired the borrower's ability to pay; medical expenses may have led to the default; a change in marital status can (and frequently does) lead to financial distress. The list can go on for quite some length. These events have nothing to do with breaches of the agreements or defects in the underwriting or paperwork.

8. Absent reasonably detailed evidence of the nature of the alleged misrepresentations or defects in the documentation and the corollary basis and support for this contention, LBHI cannot make a prima facie case and RMS and its counsel cannot ascertain whether RMS indeed has any liability. Absent some reasonably solid basis to believe that RMS has genuine liability, there will be no resolution in an ADR.

9. LBHI may object that this is a back door to discovery. RMS will respond, "Does LBHI seek a resolution of this adversary through the ADR process?" If yes, LBHI will have to disclose the factual support for its claims.

7275132v.1

10. While the undersigned fully appreciates the Court's desire to move these matters to a prompt resolution, and LBHI's desire to bring these matters to a settlement in a cost efficient, expeditious manner, that goal cannot, and will not be reached by locking RMS and its counsel in a dark room with no lights. If LBHI, and this Court, seriously want to move these matters to a more prompt resolution, then we say to LBHI "show us what you've got." Provide us with the evidence, the backup for the conclusory statements found on Exhibit A.

11. RMS was not involved in any prior ADR. We fully understand that there were some settlements in the first ADR. RMS speaks only for itself. Absent a fairly detailed disclosure of the information and documentation identified above, there can be no resolution of the RMS adversary proceeding at an ADR.

12. Fundamental fairness and due process require not only notice and an opportunity to be heard, but the underlying information needed by a party to make an informed, intelligent decision based upon the facts. When the facts are hidden, fairness and due process are lacking. Decisions regarding economics and expediency cannot outweigh fundamental fairness and due process.

WHEREFORE, RMS respectfully requests that the Court either schedule ADR only after discovery has been completed, or that the Court direct LBHI to provide, in advance of an ADR, the information and documentation identified in this objection, together with such other and further relief as the Court deems just and proper.

Dated: October 15, 2018
White Plains, New York

_____
David L. Tillem

7275132v.1