Hearing Date:  October 29, 2018
Response Deadline:  October 23, 2108

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | |
| LEHMAN BROTHERS HOLDINGS INC., | Adv. Pro. No. 16-01019 (SCC) |
| Plaintiff, | |
| v. | |
| 1st ADVANTAGE MORTGAGE, L.L.C., *et al.*, | |
| Defendant. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO MOTION**
**OF LEHMAN BROTHERS HOLDINGS INC. FOR LEAVE TO AMEND**
**AND EXTEND THE SCOPE OF THE ALTERNATIVE DISPUTE**
**RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION**
**CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

The entities listed below (together, the "Objectors"), by and through their undersigned counsel, submit this limited objection and reservation of rights (the "Limited Objection") to the October 1, 2018 Motion of Lehman Brothers Holdings Inc. ("LBHI") for Leave to Amend and Extend the Scope of the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers [Dkt. No. 58858] (the "Motion"), without waiver of any rights, arguments or defenses, 2018.[1]

---

[1] The Objectors intend to proceed individually and hereby reserve all of their rights to assert individual objections to the Motion. Neither this Objection nor any subsequent appearance, pleading, or other writing or conduct shall constitute an admission or acknowledgement of the validity of alleged claims against any of the Objectors, the Court's jurisdiction over Objectors or the subject matter or personal jurisdiction of the claims being asserted against Objectors by Lehman Brothers Holdings, Inc. ("LBHI"). The Objectors do not consent to the entry of a final order by the bankruptcy court. All such rights hereby are reserved and preserved without exception and with no purpose of conceding jurisdiction in any way by this filing or by any other participation in this proceeding.

1

**INTRODUCTION**

LBHI's Motion seeks an order that purports to "amend and extend" the June 24, 2014 Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers [Dkt. No. 452777] (the "ADR Order") and the Alternative Dispute Resolution Procedure Order for Indemnification Claims of the Debtors Against Certain Mortgage Loan Sellers, dated July 28, 2015 [Docket No. 50465] ["Modified ADR Order"] to encompass new claims that LBHI and other un-named, and possibly unaffiliated entities, have yet to assert against certain alleged mortgage loan sellers (the "Sellers"). The original ADR Orders were utilized to mediate unrelated claims that LBHI ultimately asserted against some of the Objectors, some of whom resolved the disputes. Some of the Objectors are defendants in existing adversary proceedings that LBHI commenced in 2016 after unsuccessful mediations. Some of the Objectors were never subject to either original ADR Order. Accordingly, as set forth below, Objectors submit this Limited Objection to LBHI's Motion and LBHI's proposed "Amended Alternative Dispute Resolution Procedures Orders for Indemnification Claims of the Debtors Against Mortgage Loan Sellers" [Dkt. No. 53858-1] (the "Proposed ADR Order").

LBHI's unasserted claims against all Objectors stem from entirely different putative claims than those at issue in the pending adversary proceedings, and involve different investors, borrowers, contracts, agreements, sellers guides (if any), loans, transactions, settlements, breaches, facts, and legal issues. While LBHI baldly states that "[m]any common issues exist" between its claims against some Objectors in the existing adversary proceedings and its claims against all of the Objectors relating to the "RMBS Allowed Claims," LBHI has not provided any documents in support, specific facts or other information that substantiates or even more specifically describes, those purportedly "common issues." The paucity of information LBHI has provided to date for some of the Objectors is a vague list of loan numbers and does not explain those purportedly "common issues."

1.     Each of the Objectors is or was a mortgage originator or mortgage broker or other mortgage lending institution.

2

2. Some of the Objectors were subject to the ADR Order.

3. Some of the Objectors filed an objection to LBHI"s May 29, 2014 motion for the ADR Order and then negotiated separate orders with LBHI and were subject to the "Modified ADR Order."[2]

4. Some of the Objectors were not subject to either Order.[3]

5. Additionally, some of the Objectors were never even properly served this Motion as required pursuant to Federal Rule of Civil Procedure 5 made applicable per Federal Rule of Bankruptcy Procedure 7005.[4]

6. Although LBHI states it "does not seek to change the Modified ADR Orders' procedures other than expand their scope to cover the RMBS Allowed Claims" (Motion, at pp. 2-3), the Objectors who are subject to the Modified ADR Orders join in this Limited Objection to request further modifications aimed at making mediations more successful based on experience with many unsuccessful mediations.

7. LBHI generally asserts without providing particular facts that Objectors and potentially 6,000 other Sellers sold approximately 70,000 loans to non-specified entities, which loans were then packaged for securitization. Motion, at page 1, ¶1, page 7, ¶10, and page 8, ¶15. While the Motion states that, "[i]n connection with the securitizations, LBHI made certain representations and warranties regarding the quality and nature of the loans or the documents in

---

[2] Broadview Mortgage Corporation, Sun American Mortgage Corporation, Loan Simple, Inc. and Sterling National Mortgage Company., Gateway Funding Diversified Mortgage Services LP, Commerce Mortgage, Republic Mortgage Home Loans, WR Starkey Mortgage, LLP, Sierra

[3] Acre Mortgage & Financial, Inc.; Apex Home Loans, Inc.; Approved Funding Corp.; Bondcorp Realty Services Inc.; CapWest Mortgage Corporation; CMG Mortgage, Inc.; Congressional Bancshares, Inc.; Cranbrook Mortgage Corporation; Empire Financial Services, Inc.; Equity Financial; Farmers Bank and Trust, FBC Mortgage, LLC; First Equity Financial, LLC; First Mortgage Corporation; Greentree Mortgage Company, L.P.; Hartland Mortgage Centers, Inc.; Kings Mortgage Services, Inc.; LHM Financial Corporation dba CNN Mortgage; Luxury Mortgage Corp; Mega Capital Funding, Inc.; Michigan Mutual, Inc.; Millennium Mortgage Capital; Mortgage Access Corp. d/b/a Weichert Financial Services; Mortgage Network, Inc.; Neighbor's Financial Corporation; Oaktree Funding Corp.; Republic State Mortgage Co.; Residential Home Funding Corp.; Ross Mortgage Corporation; Security Home Mortgage LLC; Summit Mortgage Corporation; Warshaw Capital, LLC; Watson Mortgage Corp.; Windsor Capital Mortgage Corporation.

[4] On information and belief in consultation with the principal for each Objector, the following entities were not served the motion: Greentree Mortgage Company, L.P., Empire Financial Services, Apex Home Loans, Acre Mortgage and Financial, Inc., Summit Mortgage Corporation, Watson Mortgage Corp., First Equity, Millenium, Kings Mortgage, Mega Capital

the applicable loan files(s)," (Motion, at page 7, ¶10), nowhere does the Motion specifically explain why LBHI could be entitled to indemnification from the Objectors or Sellers as a consequence of LBHI's settlement with the RMBS Trustees. Yet, LBHI asks the Objectors to agree to mediate these unasserted and unsubstantiated claims before LBHI provides any meaningful or specific facts about its claims. At best, LBHI's Motion is premature because the Objectors lack enough information to respond to the Motion. Accordingly, the Court should not rule on the Motion, much less require the Objectors to participate in a mandatory form of alternative dispute resolution, on a record that is utterly devoid of any substantiating facts.

8. On or about October 10, 2018, LBHI, as directed by the Court in the recent October 2, 2018 status conference, provided some of the Objectors with only a list of loan numbers and unexplained, unintelligible dollar amounts, which do not correspond to any loan numbers recognized by Sellers. [5] Nothing in LBHI's list of "loan numbers and corresponding loan amounts" that LBHI "believed to be at issue" in the proposed Third Amended Complaints that LBHI seeks to allege against some of the Objectors indicated what amount LBHI paid to settle each loan, or stated why the loan allegedly was defective at the time it was sold by the Sellers.

9. In order to make any mediation actually worth the expense and time of preparation and attendance, and lead to a productive result, more documentation is required from LBHI to allow the Objectors and other Sellers to evaluate LBHI's purported claims. This additional information includes (i) the underlying and governing agreements relating to LBHI's alleged liability on the RMBS Allowed Claims and with respect to any other RMBS claims for which LBHI seeks indemnification; (ii) the agreements pursuant to which the allegedly at-issue loans were sold by the Objectors and other Sellers; (iii) the agreements by which these loans were sold or transferred to LBHI or some affiliated entity on their way to, and through securitization; (iv) the Trust Agreements applicable to each loan; (v) the loan and servicing files

---

[5] *See* Case No. 16-01317 (SCC) [Dkt. No. 38], for example.

4

for each loan; (vi) the guidelines under which the loans were originated; (vii) the proofs of claim that the RMBS Trustees filed with respect to each purportedly breaching loan; (viii) the documents evidencing any alleged breach of a representation or warranty; (ix) the documents reflecting when LBHI acquired the indemnification rights it purports to enforce; (x) the documents reflecting what representations and warranties the RMBS Trustees contended were breached, and who made what representations and warranties about those loans to whom, and when; (xi) the documents reflecting if/when the RMBS Trustees gave LBHI notice of a particular breach; (xii) the documents demonstrating how the breach materially and adversely affected the value of each mortgage loan; and (xii) and the documents showing what amount LBHI paid to settle each loan and how LBHI calculated that amount.

These documents were among those that LBHI itself deemed necessary to review in order to mediate the RMBS Trustees' claims about specific loans. *See* "Order Establishing a Protocol to Resolve Claims Filed by Trustees On Behalf of Certain Issues of Residential Mortgage-Backed Securities, *In re Lehman Brothers Holdings Inc., et al.*, Ch 11 Case No. 08-13555 [Dkt. No. 47569]. Objectors, if they must mediate, are entitled to nothing less. This documentation is necessary to establish whether the Objectors are obligated to indemnify LBHI. At this stage, there is no basis to presume that Objectors should even be subject to ADR. Without these documents, which LBHI has or has access to as a result of its litigation with the RMBS Trustees, the Objectors cannot realistically assess the strengths and weaknesses of the claims against them, which makes mediation without adequate information a waste of time and resources. Further, as discussed below, if no litigation "standstill" is ordered pending alternative dispute resolution, and the Objectors are only able to obtain the documents they need to assess their positions in discovery during litigation, there is little point in mediating now because Objectors will not have the materials necessary for them to engage in thoughtful or productive dispute resolution.

10. In any case, however, the Objectors are not properly subject to the Motion and the relief requested therein. Some of the Objectors are parties to settlement agreements with LBHI that resolved such Indemnification Claims (the "Settlement Agreements") or require claims be

5

litigated in different foras. Additionally, at this stage and absent the provision of more concrete facts, and without waiving any rights, it is the position of certain Objectors that the Court lacks the requisite subject matter jurisdiction over the putative new claims, such that any mandatory form of dispute resolution order pursuant to the Proposed ADR Order cannot be properly issued or imposed on them.[6]

11. Additionally, LBHI's reliance on Federal Rules of Bankruptcy Procedure ("FRBP") 9024 and 7015 and Federal Rules of Civil Procedure ("FRCP") 15 and 60 to support issuing the Proposed ADR Order is misplaced. Motion, at page 4, ¶¶4-5. FRBP 9024 merely provides that FRCP 60 "applies in cases under the Code," and FRCP 60 does not apply to this motion. FRBP 9024 does not provide the Court with the independent authority to "amend" or "extend" its prior ADR Order, and does not "expressly authorize[] this Court to modify its order in the interests of justice" as LBHI erroneously asserts. Motion, at page 4, ¶5. FRCP 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," provided certain grounds for relief stated in FRCP 60(b)(1)-(6) are demonstrated. FRCP 60 does not permit the Court to issue the Proposed ADR Order pursuant to LBHI's Motion, which does not assert any "clerical" or other "mistake" exists in the ADR Order. Even if FRCP 60 did apply, which it does not, FRCP 60(c) requires LBHI to bring a motion under FRCP 60 no more than a year after the entry of the judgment or order" was entered. LBHI's Motion, clearly was filed more than one year after the ADR Order was entered in June 2014 or the Modified Order was entered in July 2014. Nor does FRBP 7015, which provides in its entirety that FRCP 15 "applies in adversary proceedings," permit the Court to grant LBHI's Motion because FRCP 15 provides a party with a right to amend its pleadings and does not permit the Court to amend the ADR Order.

12. LBHI's reliance on section 105(a) of the Bankruptcy Code is likewise without merit. Motion, at page 12, ¶21. As this court recently explained [*see* Dkt. No. 58884, at page 7],

---

[6] Nonetheless, each Objector joins this Limited Objection and reserves all rights to further object on any basis.

6

section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Although section 105(a) grants a court broad equitable powers, courts have long recognized that section 105(a) does not confer on the court the power to create substantive rights not otherwise available under applicable law, nor does it "constitute a roving commission to do equity." *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 92 (2d Cir. 2003) (citing *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)). Instead, a court's equitable powers under section 105(a) must be exercised within the confines of the Bankruptcy Code. *Id.; In re Smart World Techs, LLC*, 423 F.3d 166, 183 (2d Cir. 2005) ("Section 105(a)'s equitable scope is plainly limited by the provisions of the Code.") Section 105 empowers bankruptcy courts "to exercise equity in carrying out the provisions of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing." *Id.*, at 184 (quoting *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc.* (*In re Dairy Mart Convenience Stores, Inc.*), 351 F.3d 86, 91-92 (2d Cir. 2003). Thus, "an exercise of § 105 power [must] be tied to another Bankruptcy code section and not merely to a general bankruptcy concept or objective." *Id.* LBHI, of course, identifies no specific Bankruptcy code section that authorizes the relief it seeks. There is none. LBHI relies on the paradigmatic "general bankruptcy concept" of maximizing recoveries for creditors. LBHI's attempt to rely on section 105(a) fails.

13.     General Order M-452 does not authorize the Court to issue the Proposed ADR Order against some of the Objectors. It provides that a motion to assign a matter to mediation "must be filed promptly **after filing the initial document in the matter**." M-452, §1.1 (emphasis added). M-452 plainly contemplates mediation for existing "matters" for which an "initial document" has been filed. Here, by contrast, LBHI is seeking to implement the Proposed ADR Order with respect to a vaguely-defined category of hypothetical claims against nonparties, without having commenced a "matter" by filing an "initial document" (*i.e.*, a complaint). While M-452 also provides that the Court may order mediation "on its own motion," this clearly does

7

not support the remarkable proposition that the Court may *sua sponte* order a party **not otherwise before the Court** to mediate. LBHI should not be permitted to hale nonparties into court by bringing a defective motion and "curing" the defect by claiming that its motion can somehow be deemed a *sua sponte* motion of the Court.

14. As fully set forth in several motions filed by Objectors in the United States District Court for the Southern District of New York including a pending Motion To Treat the August 13, 2018 Memorandum and Order referenced by LBHI as findings of fact and conclusions of law (the "Motion to Deem") [Case No. 18-MC-393] and now consolidated Requests for Leave to Appeal [Dkt. No. 18-CV-8986], pending resolution of the Motion to Deem and the appeals, this Court lacks subject matter jurisdiction to impose the Proposed ADR Order on all Objectors. LBHI effectively asks the Court to assert hypothetical subject matter jurisdiction, a practice explicitly rejected by the Supreme Court, in ordering ADR of hypothetical, not-yet asserted and factually insufficient, claims.

15. Further, and in any case, as set forth below, the procedures in the Proposed ADR Order are fundamentally unfair, unilaterally biased in favor of LBHI and unlikely to result in productive outcomes. In the event that the Court approves some of the procedures in the Proposed ADR Order, they should be modified, as described below.

16. Accordingly, the Objectors submit this Limited Objection and specifically reserve all of their rights to further object on any basis.

## LIMITED OBJECTION

### A.     The Objectors Are Not Properly Subject to the Relief Sought

17. In support of the Motion and the Proposed ADR Order, LBHI states that it "seeks to streamline the procedures in the existing ADR Order and to add to the ADR Order the Indemnification Claims arising out of the RMBS Allowed Claims." Motion, at page 4, ¶3. LBHI further states that "[r]equiring the Plan Administrator to *resort to litigation* would be expensive and time consuming, unduly delaying liquidation of the Plan Administrator's assets and increasing costs to the Plan Administrator." Motion, at page 12, ¶22 (emphasis added). Finally,

8

LBHI claims that the Motion should be granted because it seeks to add "additional Indemnification Claims and additional Sellers to the ADR Order rather than initiating a separate ADR process." Motion, at page 4, ¶5.

18. LBHI appears improperly to apply the Proposed ADR Order to those Objectors who are currently parties to adversary proceeding litigation pending in Bankruptcy Court and approximately an additional 6,200 entities again without establishing, through governing agreements or evidentiary support, that there are valid claims that even warrant mediation.

19. Additionally, this Court lacks subject matter jurisdiction to impose the Proposed ADR Order on these Objectors. As the issue of whether subject matter jurisdiction in this Court against any entity is pending before the United States District Court in the Southern District of New York, extending the ADR Order to 6,200 more entities is not only premature but contrary to law. LBHI has the affirmative obligation to establish subject matter jurisdiction with respect to each claim it would assert and/or mediate against the Objectors; at a minimum, LBHI has not proferred sufficient facts to meet its burden of establishing, *prima facie*, that there is subject matter jurisdiction with respect to the putative RMBS Allowed Claims LBHI seeks to mediate.

20. Further, imposing the Proposed ADR Order on Objectors who have already participated in unsuccessful mediations with LBHI, without providing the substantiating loan files, governing agreements and other documents identified in Paragraph 7 above, is highly inequitable and contrary to the purpose of alternative dispute resolution.

21. In order to make mediation meaningful, in addition to obtaining and reviewing the substantiating documentation, the Objectors need time to evaluate the claims, formulate defenses, *prior* to continuing with expensive litigation; otherwise, they are better off mediating *after* they have the information necessary to evaluate the strength of LBHI's cases and their defenses. There is little point to mediating without sufficient information, and none to mediating now – if some of the Objectors must engage in litigation and the expense of discovery in order to obtain the information they need to constructively consider settlement in mediation. Necessarily, then, for mediation to proceed in a fair and constructive manner, the Court should order a

9

litigation standstill until the parties have either settled in mediation or determined that no settlement is now possible.

22. Accordingly, the relief requested through the Motion and the Proposed ADR Order does not and should not apply to the Objectors, and, in the alternative, any order granting the Motion must specifically carve out the Objectors from the Proposed ADR Order.

**B.   The Proposed ADR Order Should Be Modified**

23. While the Objectors should not be subject to the Proposed ADR Order for the reasons set forth above, in its current form, the Proposed ADR Order provides unfair strategic and economic advantages to LBHI, which effectively inhibits any mediation process likely to be successful and from resulting in settlement. The Objectors' views are also informed by their experiences in mediating the claims that are the subject of the Second Amended Complaints in which LBHI has asserted it is entitled to indemnification for allegedly breaching loans as to which it settled with Fannie Mae and Freddie Mac.

Accordingly, to the extent the Proposed ADR Order is approved at all, it should be modified to provide a level playing field for all parties as follows:

- **A Standstill Agreement:** All other matters, including the pending litigation in Case No. 16-01019 and related adversary proceedings, and the Objector's responses to LBHI's motion for leave to serve a Third Amended Complaint, should be adjourned pending LBHI's production of the necessary documents, Objectors' consideration of those documents, and mediation. No party would waive any rights, arguments or defenses as a consequence of the standstill agreement. LBHI contends that the mediation is aimed at saving the cost and expense of litigation. In order for mediation to be meaningful and productive, and undertaken by both parties in good faith, and thereby cost-effective, the parties need time to assess the claims and defenses and reach resolution before proceeding to expensive litigation.

- **No party waives any rights, arguments or defenses:** The Proposed ADR Order must provide that no party waives any rights, arguments or defenses, including, but not limited to, with respect to subject matter jurisdiction and/or venue, improper and/or inconvenient forum. The Proposed ADR Order submitted by LBHI provides that the Court has jurisdiction to enter the Order and suggests that LBHI's claims are valid.

10

See Proposed ADR Order at page 2, ¶¶A and C. If the parties are to proceed to alternative dispute resolution at this juncture, the Proposed ADR Order will have to make clear that no party is waiving any rights, arguments or defenses to contest anything, including subject matter jurisdiction, venue and/or the viability of LBHI's claims. (Objectors point out that LBHI has the affirmative burden to allege facts sufficient to meet its burden of establishing a *prima facie* case of subject matter jurisdiction for each claim). Once LBHI provides additional facts, it may be that some or all of the Objectors determine that certain arguments and defenses are not available to them, but that cannot be determined at this time.

- **The Objectors Should Select the Mediator:** LBHI should not have unilateral authority to select the mediators. Motion, at pages 16-17, ¶33. Here, LBHI attempts to gain an unfair advantage by dictating: (1) the pool of available mediators (¶33); (2) the mediator who will preside over each mediation (¶33); and (3) an alternate mediator should the initially selected mediator be unwilling or unavailable to serve (¶ 34).

   General Order M-457 provides the "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings." It provides that the Clerk of this Court shall establish and maintain a register of qualified mediators. *Id.*, at §2.1. The current Mediation Register on the Court's website lists approximately 280 attorneys approved to serve as mediators. Ordinarily, the "parties" jointly choose a mediator from the Register or the Court will appoint one if the parties cannot agree. *Id.*, at §2.2. Instead of permitting the parties to select mediators from the list of approximately 280 names on the Register, LBHI improperly seeks to limit the pool of available mediators to 16 people <u>only it</u> has selected. Motion, at pages 16-17, ¶33 and Schedule A. There is no rational basis for limiting the selection of potential mediators to the tiny fraction of available mediators unilaterally selected by LBHI or to allow LBHI to unilaterally choose a particular mediator from that small group.

   Accordingly, the Proposed ADR Order should be modified to provide that the Objectors shall choose a mediator from the Register.

**\*\*\*This provision was included in the Modified ADR Order Section 10(c).**

- **LBHI Should Pay the Mediator's Costs and Fees:** Objectors do not consent to mandatory media*t*ion. Because LBHI has unilaterally requested mandatory mediation, and mediation is normally a process which parties undertake voluntarily, LBHI should pay all of the fees and expenses of the mediators in all cases. Motion, at pages 17-18, ¶37. It is hardly fair to compel Objectors and Sellers to pay costs for a procedure to which they have and could otherwise litigate (if there is subject matter jurisdiction and proper venue) without paying the mediator. Accordingly, the proposed

11

> ADR Procedures should be modified to provide that LBHI will be responsible for all fees and expenses of the mediators, especially if clients, who live and work hundreds of miles from New York, are required to attend mediation, and bear those attendant costs and expenses.

**\*\*\*This provision was included in the Modified ADR Order Section 17.**

- **There is no reason mediation must be held in New York, New York:** The Sellers should not be compelled to attend mediation in person in New York. Motion, at pages 16-17, ¶33, and page 17, ¶35. Many of the Sellers are not located in New York and New York may not be a mutually convenient location to hold the proposed mediations; and some of LBHI's business staff is located not in New York, but in Colorado. Indeed, General Order M-452 provides that upon consultation with all attorneys and parties to a mediation, "the mediator shall fix a *reasonable time and place* for the initial mediation conference." *Id.*, at §3.1 (emphasis added). It is unreasonable to allow LBHI to dictate that the mediations occur in New York because that is what it prefers, while requiring all out of town Objectors or Sellers to incur the time and expense of not only their attendance but as well the attendance of their out of state counsel, if they are represented by non-New York counsel.ng. Accordingly, the proposed ADR Procedures should provide that a mediator will choose a reasonable time and place mutually agreeable and/or that parties may attend the mediation telephonically or videgraphically, or may hold mediations in the Objector's or Seller's state.

Additionally, for those Objectors that have a small amount of loans or are a small business, telephonic mediations are more cost effective.

- **Since LBHI seeks to mediate multiple loans against many Objectors, the time for responding to the ADR Notice should be Not Less Than 30 days unless mutually agreed, and in no event should it be 15 days:** LBHI has proposed shortening the time an Objector or Seller would have to respond to its ADR Demand from 20 days to 15 days. Motion, at pages 14-15, ¶29. Objectors believe that there are far more loans at issue for each Objector in the proposed RMBS claims than there were when the alleged indemnification claims concerning the Fannie Mae and Freddie Mac settlements were mediated. Further, prior to the first round of mediation LBHI served Objectors with a letter **d**emanding payment/indemnification within 30 days *before* the Court's ADR Order would take effect, giving the Objections additional time to investigate LBHI's claims. By its terms, the demand letter was served separate and apart from the Indemnification ADR Notice contemplated by the ADR Order. LBHI's Motion is silent as to whether demand letters will be sent prior to commencing indemnification procedures and, therefore, Objectors' time to review documents may be significantly shorter this time than the last, even without the amendment shortening the response time from 20 to 15 days. Accordingly, if LBHI's

12

>   Motion is granted, the Objectors need more – not less – time to review the documents concerning the loans at issue with respect to the RMBS Allowed Claims and formulate a thoughtful response. Objectors' time to respond to the ADR Demand should be tied to the number of RMBS loans LBHI seeks to mediate, but in no event should that time be less than 30 days.

**\*\*\*This 30 day response time was included in the Modified ADR Order Section 8(b).**

- **Any Other Actions by Sellers in Other Courts Must be Governed by Applicable Law:** In paragraph 28 of the Motion, LBHI reserves to itself the "right to remove to this Court" any other action commenced by a Seller in another forum or court. The Proposed ADR Order may not be used to circumvent existing law with respect to any such other actions; and Paragraph 29 must be omitted.

24.   These and other modifications to the ADR Order will more fairly govern the anticipated mediations and facilitate a more constructive and unbiased mediation process, while reducing potential disputes between the parties.

25.   Accordingly, the Objectors respectfully request that any order approving the Motion and proposed ADR Procedures specifically carve out any applicability to the Objectors and the Prior Litigation. In addition, to the extent the Proposed ADR Procedures are approved, the Objectors request that they be modified as provided herein to cure the inequities specified above.

## RESERVATION OF RIGHTS

26.   Each of the Objectors specifically reserves all of its rights to amend this Limited Objection and/or further object to the Motion and the Proposed ADR Order on any basis at the hearing on the Motion or otherwise.

Dated: October 23, 2018                    AMERICAN MORTGAGE LAW GROUP, PC

                                           By: */s/* Tracy L. Henderson
                                               Tracy L. Henderson, Esq.
                                               Jack V. Valinoti, Esq.
                                               775 Baywood Drive, Suite 100
                                               Petaluma, CA 94954
                                               415-878-0030
                                               thenderson@americanmlg.com
                                               jvalinoti@americanmlg.com

13

*Counsel for Objectors Acre Mortgage & Financial, Inc., Apex Home Loans, Inc., Approved Funding Corp., Arlington Capital Mortgage Corporation, Bondcorp Realty Services Inc., Broadview Mortgage Corporation, Commerce Home Mortgage, Inc. f/k/a BWC Mortgage Services f/k/a Simonich Corp., CapWest Mortgage Corporation, CMG Mortgage, Inc. Congressional Bancshares, Inc., Cranbrook Mortgage Corporation, Empire Financial Services, Inc., Equity Resources, Inc., Farmers Bank and Trust, FBC Mortgage, LLC, First Equity Financial, LLC, First Mortgage Corporation, Gateway Funding Diversified Mortgage Services, L.P., Greentree Mortgage Company, L.P., Hartland Mortgage Centers, Inc., Kings Mortgage Services, Inc., LHM Financial Corporation dba CNN Mortgage, Loan Simple, Inc. f/k/a Ascent Home Loans Inc., Luxury Mortgage Corp, MC Advantage, LLC f/k/a Republic Mortgage Home Loans, LLC, Mega Capital Funding, Inc. Michigan Mutual, Inc., Millennium Mortgage Capital, Mortgage Access Corp. d/b/a Weichert Financial Services, Mortgage Network, Inc., Neighbor's Financial Corporation, New Fed Mortgage Corp. Oaktree Funding Corp., Republic State Mortgage Co., Residential Home Funding Corp., Ross Mortgage Corporation, Security Home Mortgage LLC, Sterling National Mortgage Company, Inc., Summit Mortgage Corporation, Sun American Mortgage Company, Warshaw Capital, LLC, Watson Mortgage Corp., Windsor Capital Mortgage Corporation, WR Starkey Mortgage, LLP*

By:    JENKINS KAYAYAN LLP
       By: /s/ Jonathan M. Jenkins
       Jonathan M. Jenkins (pro hac vice)
       jjenkins@jklitigators.com
       Lara Kayayan (pro hac vice)
       lkayayan@jjklitigators.com
       444 S. Flower St., Suite 1750
       Los Angeles, CA 90071
       (310) 984-6800

       Counsel for Sierra Pacific Mortgage Company, Inc.

14

LANI ADLER PARTNERS LLC
By: /s/ Lani A. Adler
Lani A. Adler
275 West 96th Street, Suite 15G
New York, New York 10025
Telephone: (646) 732 3260
Ladler@LaniAdlerPartners.com

*Attorneys for Suburban Mortgage, Inc. and Hometrust Mortgage Company*

ARMSTRONG TEASDALE LLP
By: /s/ Meshach Y. Rhoades
Meshach Y. Rhoades (pro hac vice)
Alec P. Harris (pro hac vice)
4643 South Ulster St., Ste. 800
Denver, CO 80237
Telephone: 720-200-0676
Fax: 720-200-0679
mrhoades@armstrongteasdale.com
aharris@armstrongteasdale.com

*Attorneys for Objectors America's Mortgage Alliance, Inc. and America's Mortgage, LLC*

15