LANI ADLER PARTNERS LLC
275 West 96th Street
Suite 15G
New York, New York 10025
Telephone: (646)7323260
Ladler@LaniAdlerPartners.com

*Attorneys for Suburban Mortgage, Inc. and
Hometrust Mortgage Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No.<br>08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>            Plaintiff,<br><br>- against -<br><br>1ST ADVANTAGE MORTGAGE, L.L.C. *et al.*,<br><br>            Defendants. | Adversary Proceeding<br>No. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>            Plaintiff,<br><br>- against -<br><br>SUBURBAN MORTGAGE, INC.,<br><br>            Defendant. | Adversary Proceeding<br>No. 16-01295 (SCC) |

**MEMORANDUM OF LAW OF SUBURBAN MORTGAGE, INC. AND
HOMETRUST MORTGAGE COMPANY IN OPPOSITION TO
OMNIBUS MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT**

Lehman Brothers Holdings Inc. ("LBHI") has already amended the complaint against Suburban Mortgage, Inc. ("SMI") twice. Subject to its reservation of all rights,[1] SMI objects to LBHI's motion for leave to file what LBHI mislabels a third "amended" complaint – the proposed complaint is actually a "supplemental" complaint – on the grounds that:

- the proposed state law indemnification claims LBHI seeks to add into the Second Amended Complaint are not related to the claims in it and involve some 11,000 different trusts with different loans, different alleged breaches, different borrowers, different liabilities, different agreements, different settlements with different parties – and likely different defenses;

- amendment would radically expand discovery and the additional discovery will involve wholly different issues, documents and witnesses;

- amendment would add thousands of additional defendants in what is not a class action but is treated by the Court as effectively one for "administrative" purposes, notwithstanding that the group of defendants against whom the Second Amended Complaints have been asserted are not monolithic and that the putative defendants in the proposed supplemental proceedings will have thousands, and likely hundreds of thousands, of different loans at issue, with different facts, trusts, defenses and legal issues;

---

[1] SMI reserves all rights with respect to all papers it has filed, and does not waive any of the arguments contained in those papers, including with respect to those applications it has filed for review of the Court's ruling on subject matter jurisdiction over the claims asserted against SMI in the Second Amended Complaint. Nor does SMI waive its objections to LBHI's order seeking to expand and modify ADR Procedures with respect to LBHI's claims for indemnification as a result of its settlements with RMBS Trustees. As set forth in those objections, SMI does not waive its position that the Court can properly require ADR with respect to the claims LBHI proposes to assert in the proposed third amended complaint only if, among other things, LBHI provides adequate information with respect to the proposed RMBS claims and if the Court enters a litigation standstill. If a litigation standstill is entered, SMI's view is that its response to the proposed Third Amended Complaint should be adjourned pending ADR. However, to protect itself and make certain the Court considers its objections to the proposed third amended complaint, if the Court does not enter a standstill agreement or order, SMI files this opposition to LBHI's motion for leave to file a third amended complaint.

- amendment will delay resolution of the claims in the Second Amended Complaint and presents the very real possibility of jury confusion. Amendment will not create greater efficiencies for any party or the Court; and indeed, will cause just the opposite to occur;

- and, given the absence of sufficiently pleaded specific facts in the proposed and largely conclusory template proposed third amended complaint, especially with respect to facts addressing how each defendant is liable, with respect to each loan, for LBHI's settlement of never-specified breaches of never-specified representations and warranties made by LBHI and/or by some other, never-specified entity, to the RMBS Trustees, it appears that amendment would be futile since the proposed complaint does not provide SMI (or any other defendant) with facts sufficient for LBHI to get past a motion to dismiss or to meet LBHI's burden to affirmatively allege *facts* to meet its prima facie burden of establishing subject matter jurisdiction and/or Article III standing. A plaintiff will not survive as 12(b)(6) motion "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, [but] stops short of the line between possibility and plausibility for entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (internal quotations omitted). In the proposed third amended complaint, there are few "well-pleaded facts," and because those facts, as opposed to the many conclusory statements in the proposed new pleading, "do not permit the court to infer more than the mere possibility of misconduct," *id*. at 679, LBHI has not shown that it is entitled to relief, or to proceed. *Id*.

2

In the alternative, at the very least, LBHI's motion is premature – since literally no specific facts addressing what SMI allegedly did which caused the losses LBHI settled with the RMBS trustees have been provided. Due process requires that, in order for SMI to respond to LBHI's motion, LBHI must provide adequate notice of, and specific facts supporting, what concrete actionable conduct SMI is alleged to have undertaken and how that conduct caused the RMBS Trustees' losses with respect to loans that SMI originated and as to which SMI purportedly breached, as well as what LBHI paid to settle the RMBS Trustee's claims concerning those particular loans. LBHI has not provided that notice to SMI. Absent such notice, at the very least, LBHI cannot properly and/or fully respond to LBHI's motion, which is premature.[2]

At a minimum, as discussed below, the Court should permit SMI to respond to LBHI's motion *after* LBHI provides SMI with concrete facts of how SMI breached particular loans; what representations and warranties LBHI (or another entity) made to the RMBS Trustees, pursuant to which agreements, what breaches of which representations and warranties with respect to particular loans were asserted by the RMBS Trustees, and when the RMBS Trustees alleged those breaches occurred[3]; who the RMBS Trustees sued when they filed the proofs of claim with respect to SMI's particular loans, and what the Trustees alleged with respect to the alleged

---

[2] LBHI's motion, as well as its motion concerning additional and modified ADR with respect to the claims it seeks to assert in the proposed third amended complaint, is premature for the additional and independent reason that Phase I as described in the Case Management Order concerning the Second Amended Complaint has not concluded.

[3] With respect to the representations and warranties made by LBHI to the RMBS Trusts, paragraph 40 of the proposed complaint alleges only that LBHI relied on the reps and warranties purportedly made by the defendant in the "exemplar" proposed complaint to LBB, and that LBHI based the representations that it, LBHI, made to the RMBS Trusts, "in part" on that defendant's representations to LBB. . *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not to be assumed as true and are insufficient to withstand a motion to dismiss). The proposed third amended complaint does not identify on what "part" or otherwise specify, at all, what reps and warranties LBHI made to the RMBS Trusts about seller-originated loans or what reps and warranties the RMBS Trustees claimed LBHI breached with respect to seller-originated loans or otherwise indicate how the reps and warranties made by SMI or another seller caused LBHI to have to settle with the RMBS Trustees.

3

breaching loans; and how and when LBHI was assigned the indemnification rights over which it purports to sue SMI. While Paragraph 13 of the Proposed Amended Complaint states that "[t]his dispute arises out of Defendant's sale of residential mortgage loans to LBHI's assignor . . . ," nowhere does the proposed complaint identify or allege *when* LBHI was assigned the indemnification rights it purports to enforce against SMI. LBHI has not alleged any facts which indicate that it received any rights, unmatured, contingent or otherwise, to sue SMI for indemnification before LBHI filed the bankruptcy petition.[4]

## Argument

**A.    Leave to File the Proposed Amended Complaint Should be Denied Because the RMBS Claim is Not Sufficiently *Related* to the Fannie/Freddie Claim**

LBHI erroneously styles its motion as one for leave to file an amended complaint, pursuant to Fed. R. Civ. Pro. 15(a)(2). Rather, because the proposed third amended complaint purports to add claims that presumably arose as a result of LBHI's settlements with the RMBS Trustees earlier this year, *see* Proposed Am. Compl. Para. 3 [Case No. 16-01019-scc, ECF Doc. No.636-3], LBHI's motion is actually one to file a supplemental pleading, pursuant to Rule 15(d), which alleges a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." *Id.*

However, though a motion for leave to file a supplemental pleading is evaluated under the same standards as a motion for leave to file an amended pleading, *Perron v. Dept. of Corrections,* No. 1:16-cv-05874, 2018 WL 3869878, at *1 (S.D.N.Y. July 11, 2018), "Rule 15(d) *limits* a supplemental pleading to the presentation of subsequent matter *related to* the claim

---

[4] Subject matter jurisdiction and Article III standing must be established for each claim. While SMI has argued that the Court lacked subject matter jurisdiction over the claims asserted against it in the Second Amended Complaint, and reserves all rights with respect to its position, regardless of whether the Court has subject matter jurisdiction over the claims in the Second Amended Complaint, LBHI must allege specific facts, as opposed to legal conclusions, to establish a prima facie case of subject matter jurisdiction with respect to the claim in the proposed Third Amended Complaint, as well as Article III standing.

4

or defense presented in the original pleading. Such relief may include the addition of new defendants *and new claims*, if *adequately related* to the originally stated claims." *Webster v. Himmelbach,* 271 F.Supp.3d 458, (W.D.N.Y. 2017) (emphasis in original) (*quoting McLean v. Scully*, No. 90 Civ. 2590, 1991 WL 274327, at *1 (S.D.N. Y. Dec. 9, 1991)). *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (leave to file a supplemental pleading permitted "when the supplemental facts connect it to the original pleading.") The proposed new claim "must be related to the allegations in the original complaint." *Webster*, 271 F.Supp.3d at 472. Where, as is the case here, the occurrences out of which the proposed supplemental pleading arises – LBHI's settlements with the RMBS Trustees – allegedly "took place years after" the occurrences out of which the claims in the earlier pleading occurred, leave to amend should be denied. [5]

Likewise where, as here, the proposed new claim concerns an "entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice," and/or the facts involved in the putative supplemental claim require a different analysis than those in the earlier complaint, leave to file the supplemental pleading is properly denied. *Portelos v. City of New York*, No. 12-CV-3141, 2015 WL 5475494, at * 4 (E.D.N.Y. Sept. 15, 2015). Here, notwithstanding the dearth of facts provided, the loans in the proposed additional claim are indisputably different than the loans at issue in the Second Amended Complaint, the breaches are different, the reps and warranties made and breached by LBHI are different, many of the critical governing documents are different – for example, the agreements with the RMBS Trustees are

---

[5] The proposed third amended complaint alleges, in Paragraph 3, that in addition to those RMBS Trustee claims it settled in the Estimation Proceeding, "LBHI also settled several other RMBS Trustee Proofs of Claim in the ordinary course of business . . . ." The third proposed amended complaint nowhere alleges when LBHI settled these other, non-Estimation Proceeding proofs of claim. If they were settled at the time or before LBHI filed the Second Amended Complaint against SMI, and these other settlements involve claims concerning SMI-originated loans, SMI objects to inclusion of claims concerning such loans in the proposed third amended complaint because LBHI was dilatory and not diligent in timely asserting them when they could have been included in the earlier complaint.

5

different than the agreements LBHI had with Fannie Mae and Freddie Mac, and, as well, each of the particular RMBS trust agreements is likely different than the other RMBS trust agreements, the borrowers are different, the actionable reps and warranties that SMI made are likely different, the settlements were different, with different parties, the proof will be wholly different, and there are no facts alleged which indicate that there are common issues of law or fact.

Since in the proposed third amended complaint, LBHI has failed to specify what reps and warranties it made, to whom, when, and which it breached, at this time, it is impossible to definitively quantify the differences between the reps and warranties LBHI made to Fannie and Freddie, and those it made to the various RMBS Trusts. However, LBHI should not be rewarded for its failure to allege adequate, specific facts nor should LBHI's factually impoverished pleading be permitted by the Court to hobble SMI's challenge to the proposed third amended complaint, especially since LBHI must know, and therefore could have alleged in the proposed third amended complaint, precisely what reps and warranties the RMBS Trustees believed that LBHI breached. If the Court does not deny LBHI's motion for leave to file the supplemental pleading, at the very least, the Court should require LBHI to plead a revised proposed pleading which contains facts sufficient to enable SMI and the Court to assess more concretely the extent of the differences between the Fannie/Freddie claim and the claims involving the RMBS Trustees.

Similarly, because, among other things, the proposed third amended complaint conspicuously fails to allege facts speaking to how the loans were ultimately transferred to the RMBS Trusts, and the chain of which entities transferred the loans to which other entities, en route to the RMBS Trusts, after LBHI acquired them, and under which agreements with what terms, SMI does not have enough information to assess whether liability and indemnification

6

issues overlap between the Fannie/Freddie indemnification claims and the RMBS Trustee indemnification claims. Accordingly, the motion should be denied because LBHI has not pleaded facts sufficient to demonstrate the requisite degree of relatedness. In the alternative, the Court should require LBHI to file a proposed supplemental pleading with sufficient facts for SMI to evaluate whether there is any overlap of any legal or factual issue, and the extent of the overlap, if there is any.

**B.    SMI Will Be Unduly Prejudiced if LBHI is Granted Leave to File the Proposed Supplemental Pleading**

Leave to file an amended or supplemental pleading is properly denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). In determining what constitutes "prejudice," courts consider "whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. N.Y.City Dept. of Correction*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks omitted). Since the loans at issue in the RMBS indemnification claim are different than the loans at issue in the Fannie/Freddie indemnification claim, the breaches are different, the borrowers are different, presumably the losses are different, the settlements are different, the governing agreements are different, the reps and warranties involved are different, the defenses are likely different, the witnesses will be different, discovery will be different and the trials will be different. It is therefore difficult, if not impossible, to see what efficiencies will be gained by granting leave to file the supplemental pleading, rather than having the indemnification claim proceed as a separate lawsuit, or how SMI will not be prejudiced by

7

having the very different claims lumped together. Prejudice, for purposes of evaluating whether leave to file an amended or supplemental pleading should be granted, is shown where the new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *Monahan v. N.Y.City Dept. of Correction,* 214 F.3d 275, 284 (2d Cir. 2000). Here, indubitably, inclusion of the RMBS Trustee claims as proposed in the supplemental pleading will not only involve radically different discovery, but a huge amount of additional and unrelated discovery involving the different RMBS claims, alleged breaches, reps and warranties, governing agreements, settlements, etc. For the Court to permit LBHI to file the proposed amended complaint will result in the opposite of promoting "the economic and speedy disposition of the controversy between the parties," *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) in that it will delay the discovery and thereafter the trial of the claims involving the Fannie Mae and Freddie Mac settlements.

Further, since the claims in the second amended complaint and those in the proposed third amended complaint involve different defenses, apparently different theories of liability, different damages, kinds of damages and likely different methods of calculating damages, as well as different breaches of different loans and conceivably different breaches by LBHI of different reps and warranties, those differences could well confuse or mislead the jury – and thereby prejudice SMI -- such that leave to file the supplemental pleading is properly denied. *See Darowski v. Wojewoda,* No. 3:15-Cv-803, 2018 WL 2122822, at *3 (D. Conn. May 8, 2018). *See also Blackrock Allocation Target Shares v. U.S. Bank Nat'l Assoc.*, No. 14-cv-9401, 2015 WL 2359319 at *4 (S.D.N.Y. May 18, 2015) (court will not exercise supplemental jurisdiction over state law claims filed by RMBS investors against RMBS trustee where the claims involved 843 different trusts, with different governing documents, different groups of loans and liability

8

had to be established loan-by-loan); *Lyons v. Litton Loan Servicing LP*, No. 1:13-cv-513, 2014 WL 5039458, at *6 (cases should be severed before discovery and trial where claims involved different witnesses and different proof); *Preferred Med. Imaging, P.C. v. Geico General Ins. Co.,* No. 03 Civ. 8726, 2004 WL 690735 at *1 (S.D.N.Y. Mar. 31, 2004) ("no efficiency to be gained by a joint adjudication" as where there is "no overlap in the specific legal issues raised by and the witnesses associated with each claim, a joint adjudication of these claims would not be more efficient than separate adjudications, and if anything, would be exceptionally unwieldy")). Here, LBHI has asserted that it must establish liability, on a loan-by-loan basis, on the RMBS Trustee indemnification claims. [Case No. 08-13555-scc , Doc no. 47185 at 16 ("For Lehman to obtain indemnification from downstream originators, it must enforce its right to loan-by-loan proof from the RMBS Trustees.")]

C.    **The Absence of Sufficient Facts in the Proposed Supplemental Pleading Makes Granting Leave to File it Futile**

Leave to file an amended or supplemental is also properly denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Barbosa v. City of New York, No. 16-CV-7340,* 2018 WL 4625620, at *5 (S.D.N.Y. Sept. 26, 2018). "Amendment is futile when the proposed supplement to the complaint could not withstand a motion to dismiss." *Islamic Community Center for Mid Westchester v. City of Yonkers Landmark Preservation Bd.*, 258 F.Supp.3d 405, 412 (S.D.N.Y. 2017). Here, as discussed above, the proposed supplemental complaint lacks *facts* indicating how or that SMI is liable for the losses for which LBHI compensated the RMBS Trustees or which meet LBHI's burden of alleging a prima facie case that the Court has subject matter jurisdiction over the proposed new claim or which indicate that LBHI had been assigned indemnification rights against SMI before the petition was filed. The facial plausibility requirement required to survive a motion made pursuant to Fed. R. Civ. Pro.

9

12(b)(6) requires "more than a sheer possibility that the defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 696. Because the proposed supplemental pleading does not meet this standard, amendment would be futile – and leave to file the supplemental pleading should be denied.[6]

### Conclusion

LBHI has already filed two amended complaints in this matter, the most recent one approximately two years ago. For all of the foregoing reasons, leave to amend should be denied. In the alternative, consideration of LBHI's motion should be deferred until mediation of the proposed supplemental pleading is concluded and/or until LBHI has filed a revised proposed supplemental pleading which contains sufficient facts for SMI to address the questions of relatedness, prejudice, including jury confusion, and futility on which resolution of the instant motion pivots.

Dated: New York, New York
October 23, 2018

LANI ADLER PARTNERS LLC

By: /s/ Lani A. Adler
　　Lani A. Adler
275 West 96th Street, Suite 15G
New York, NY 10025
646-732-3260
ladler@laniadlerpartners.com

*Attorneys for Suburban Mortgage, Inc. and Hometrust Mortgage Company*

---

[6] SMI does not waive any argument that the Court lacks subject matter jurisdiction over the proposed supplemental claim(s).