Hearing Date: October 29, 2018
Response Deadline: October 23, 2108

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>Case No. 08-13555 (SCC) |
| **LEHMAN BROTHERS HOLDINGS INC.**,<br><br>Plaintiff,<br>v.<br><br>**1st ADVANTAGE MORTGAGE, L.L.C.**, *et al.*,<br><br>Defendant. | Adv. Pro. No. 16-01019 (SCC) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO THE PLAN ADMINISTRATOR'S MOTION FOR LEAVE TO AMEND AND EXTEND THE SCOPE OF THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS (DOCKET NO. 58858)**

COME NOW Defendants Wintrust Mortgage Corporation, as successor by merger to SGB Corp. ("**SGB Corp.**"), and Cherry Creek Mortgage Co., Inc. ("**CCMC**") (collectively, the "**Objectors**"), by and through their undersigned counsel, for their Limited Objection and Reservation of Rights (the "**Limited Objection**") to the Plan Administrator's (the "**Plan Administrator**" or "**LBHI**") Motion for Leave to Amend and Extend the Scope of the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (Docket No. 58858) (the "**Motion**"). In support of the Limited Objection, the Objectors state as follows:

**Background**

1. On July 18, 2014, the Court entered its Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (Docket No.

45277) (the "**Original ADR Order**"). The Original ADR Order created procedures for the Plan Administrator to mediate (the "**Original Mediation Procedures**") with approximately 3,000 counterparties involving more than 11,000 mortgage loans regarding its purported indemnification and/or reimbursement claims it held in connection with its settlement agreements with the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation (the "**Fannie and Freddie Indemnification Claims**"). Under the Original ADR Order, all mortgage loan counterparties against whom the Plan Administrator held Fannie and Freddie Indemnification Claims were required to participate in mediation pursuant to the Original Mediation Procedures.

2.      Following numerous unsuccessful mediations,[1] the Plan Administrator commenced an adversary proceeding against nearly 150 mortgage loan originators and mortgage lenders, including the Objectors, seeking indemnification on account of Fannie and Freddie Indemnification Claims. (*See* Adv. Proc. No. 16-01019-SCC at Docket No. 1).

3.      Since entry of the Original ADR Order, the Plan Administrator has entered into other settlement agreements with RMBS Trustees to settle claims that certain of the "Private Label Trustees" have asserted against the estate, resulting in the RMBS Trustees having allowed claims for more than $2.45 billion. According to the Plan Administrator, these agreement give rise to additional claims for indemnification in favor of the Plan Administrator. According to the Plan Administrator, it now holds purported indemnification claims against 3,000 additional counterparties involving over 70,000 mortgage loans relating to the various settlement agreements

---

[1] The Objectors each participated in the Mediation Procedures and were unsuccessful in resolving the purported Fannie and Freddie Indemnification Claims.

2

with the "Private Label Trustees" (the "**RMBS Indemnification Claims**").  (Docket No. 58858 at ¶ 1).

4.   On October 1, 2018, the Plan Administrator filed the Motion requesting the following relief: (a) amending the Original ADR Order to include the RMBS Indemnification Claims and make them subject to the Mediation Procedures as modified in the Motion (the "**Amended ADR Order**"); and (b) extending the Original ADR Order's scope to those persons who the Plan Administrator holds RMBS Indemnification Claims against and were not initially included in the Original ADR Order to be subject to the Amended ADR Order.

### Limited Objection

5.   The Objectors acknowledge that a meaningful and open mediation is in the best interests of both the Objectors and the Plan Administrator to resolving potential liability, if any, on account of the RMBS Indemnification Claims.  However, in order to have a meaningful and productive mediation, the Amended ADR Order needs to be further amended to address four principal points: (i) the Plan Administrator should be required to disclose further information in connection with the mediation of any RMBS Indemnification Claims; (ii) the Objectors—and not the Plan Administrator—should be the party to select the particular mediator; (iii) the Plan Administrator—and not the Objectors—should bear the costs associated with the required mediations; and (iv) the mediator should be given authority to conduct mediations in the most cost-efficient manner including allowing parties residing outside of New York to participate in mediations telephonically and/or by video-conference.  Unless the Amended ADR Order is

3

modified consistent with this Objection, the Objectors are unfairly disadvantaged of being forced to participate in the mediations with little to no say in the procedural mechanisms thereof.

A. **The Court Should Require Additional Disclosure From the Plan Administrator so That any Mediations of the RMBS Indemnification Claims Will be Productive.**

6. Prior to any required mediations occurring on account of the RMBS Indemnification Claims, the Plan Administrator should be required to provide the Objectors with: (i) all governing agreements regarding any loans the Plan Administrator seeks indemnification; (ii) the loan and servicing files for each loan; (iii) the guidelines under which the loans were originated; (iv) any proofs of claim filed by the "Private Label Trustees" which the Plan Administrator seeks indemnification and all documents evidencing such breach; (v) the documents reflecting when the Plan Administrator acquired the indemnification rights it purports to enforce; (vi) the documents reflecting what representations and warranties the "Private Label Trustees" contended were breached, and who made what representations and warranties about the loans to whom, and when; (vii) the documents reflecting if/when the "Private Label Trustees" gave the Plan Administrator or LBHI notice of the particular breach; (viii) the documents demonstrating how the breach materially and adversely affected the value of each mortgage loan; (ix) the documents showing what amount the Plan Administrator or LBHI paid to settle each loan and how such amounts were calculated; and (x) a settlement demand that reflects a reasonable allocation of damages for each Seller, commensurate with and proportionate to LBHI's settlement with the RMBS Trustees, rather than seeking one hundred percent of the loan-level losses as damages from the Sellers and resulting in a windfall to the Trust.

7. Each of the foregoing documents were among those that the Plan Administrator deemed necessary to review in order to resolve the "Private Label Trustees'" claims about specific loans and are critical to establishing the Objectors' potential liability, if any, on any purported

RMBS Indemnification Claims. (*See* Docket No. 47569). Moreover, the Plan Administrator should have access to these specific documents as a result of settling with the "Private Label Trustees". Absent having these additional documents, the Objectors, and consequently the Plan Administrator, will not be able to critically assess the relative strength and weaknesses of the RMBS Indemnification Claims and defenses thereto. The entire point of participating in any mediation, either voluntary or mandatory, is to be able to fully explore in an informal yet confidential environment the numerous issues to be considered at a trial. Without having all necessary information to evaluate the various RMBS Indemnification Claims and defenses the mediation will almost certainly be set up for failure. Accordingly, the Amended ADR Order should be modified to require the Plan Administrator to provide the Objectors with the documents and information identified above.

B.  **The Objectors—and not the Plan Administrator—Should Select the Particular Mediator.**

8.  The Amended ADR Order should be amended to allow the Objectors to select the particular mediator. (*See* Docket No. 58858 at ¶ 33). As set forth in the Original ADR Order, the Plan Administrator has already chosen the roster of potential mediators. Presumably the Plan Administrator would agree that each of the chosen mediators is equally well qualified and capable of mediating the RMBS Indemnification Claims otherwise such mediators would have been removed from the Amended ADR Order when the Motion was filed. Because the Objectors are being compelled to mediate, it would be unfair for the Objectors to have no input in not only the selection of the panel of mediators but also the individual mediator. Allowing the Objectors to select one of the pre-approved mediators that the Plan Administrator has already chosen is a fair compromise. Moreover, the Plan Administrator has not set forth any reason as to why it should have sole decision making authority as to selection of the panel of mediators but also the individual

5

mediator, especially in light of this Court's Standing Order which requires the parties to jointly select a mediator. (*See* Standing Order at § 2.2). Accordingly, the Amended ADR Order should be further amended to allow the Objectors to select the particular mediator.

C.  **The Plan Administrator—and not the Objectors—Should Bear all Costs of the Mediations.**

9.  The Plan Administrator is the party that is requesting mandatory mediation of the RMBS Indemnification Claims because "[r]equiring the Plan Administrator to resort only to litigation against each Seller would be expensive and time consuming, unduly delaying liquidation of the Plan Administrator's assets and increasing costs to the Plan Administrator." (Docket No. 58858 at ¶ 22). The Motion—without any legal authority—seeks to unfairly shift half of the cost-burden upon the Objectors. While the Plan Administrator may have a tall task ahead in terms of resolving the thousands of RMBS Indemnification Claims, it is inequitable, and possibly even unconstitutional, for the Objectors to be forced to bear any portion of this expense solely in order to aid the Plan Administrator's desire to maximize the value of the estate. The Motion sets forth no justification for allowing the Plan Administrator to essentially have a "free look" at the validity of the potential claims and defenses related to the RMBS Indemnification Claims, and requiring the Objectors to pay for mediators chosen from a list they did not select and whose compensation they had no say in is in direct violation of the Court's Standing Order which requires the parties to agree on the proposed compensation of the mediator. (*See* Standing Order at § 4.0). Because the Plan Administrator is the party requesting mandatory mediation it should be the party to bear all such expenses, and the Amended ADR Order should be modified accordingly. Moreover, many of the Sellers, including Wintrust and Cherry Creek, were already compelled to mediate with LBHI previously pursuant to the Original ADR Order and found the process to be costly, ineffective and

6

biased. It is fundamentally unfair to require these Sellers to engage in yet another round of compulsory mediation and have to bear half the cost of the mediator yet again.

**D.     The Mediator Should be Authorized to Conduct Mediations in the Most Cost-Efficient Manner by Taking Into Consideration the Attendant Expense of out of State Parties.**

10.     The Amended ADR Order mandates that all mediations be held in New York City. (Docket No. 58858 at ¶ 36). However, there is no justification set forth in the Motion as to why all mediations must occur in New York City—especially in light of the Court's Standing Order that "the mediator shall fix a reasonable time and place for the initial mediation . . ." (*See* Standing Order at § 3.1). The Objectors are not located in New York City, and the requirement to mediate there only benefits the Plan Administrator. Moreover, in today's electronic and digital business climate, there is no reason that the particular mediation cannot efficiently occur *via* telephone or video conference. Allowing the parties to participate in mediations *via* remote access will promote greater flexibility amongst the parties because there will not need to be large chunks of time blocked off to travel to/from New York City, thus, allowing for easier scheduling decisions to be made resulting in quicker mediations. Also, allowing the mediator authority to dispense with the requirement that all parties be in New York City will save the parties expenses and costs which could be contributed to augment any settlement proposal. Accordingly, there is no reason that the

mediations must occur in New York City, and the Amended ADR Order should be revised accordingly.

## Reservation of Rights

11. Objectors hereby reserve all rights to supplement this Objection with any other arguments or facts prior to a hearing on the Motion. Furthermore, nothing in this Objection shall be considered a waiver of making, or joining, any argument at a hearing on the Motion.

Dated: October 23, 2018

REED SMITH LLP

*/s/* Michael S. Leib
Michael S. Leib (*pro hac vice*)
10 S. Wacker Drive, Suite 4000
Chicago, IL  60606-7507
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400

Lilit Asadourian (*pro hac vice*)
355 S Grand Ave # 2900
Los Angeles, CA  90071
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

*Counsel for SGB Corp.,
now known as Wintrust Mortgage*

MOYE WHITE LLP

By: *s/* Timothy M. Swanson
Paul R. Franke (admitted *pro hac vice*)
Timothy M. Swanson (admitted *pro hac vice*)
1400 16th Street, Suite 600
Denver, CO 80202
Telephone: (303) 292-2900
Fax: (303) 292-4510
paul.franke@moyewhite.com
tim.swanson@moyewhite.com

*Counsel for Cherry Creek Mortgage Company, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing **LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO THE PLAN ADMINISTRATOR'S MOTION FOR LEAVE TO AMEND AND EXTEND THE SCOPE OF THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS (DOCKET NO. 58858)**, was sent to all parties on ECF notice by electronic delivery by the clerk of the Bankruptcy Court on or about the time this notice was electronically filed on October 23, 2018.

/s/ Michael S. Leib