Hearing Date: October 29, 2018
Response Deadline: October 23, 2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (SCC) |
| | : | |
| Debtors. | : | |

--------------------------------------------------------------- x

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC., | : | |
| | : | |
| Plaintiff, | : | Central Adv. Pro. No. 16-01019 (SCC) |
| | : | |
| – against – | : | (Adv. Pro. No. 16-01325 (SCC)) |
| | : | (SecurityNational Mortgage |
| 1ST ADVANTAGE MORTGAGE, L.L.C., *et al.*, | : | Company, Defendant) |
| | : | |
| Defendants. | : | |

--------------------------------------------------------------- x

**RESPONSE OF SECURITYNATIONAL MORTGAGE COMPANY TO
THE MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR LEAVE TO
AMEND AND EXTEND THE SCOPE OF THE ALTERNATIVE
DISPUTE RESOLUTION PROCEDURE ORDERS FOR INDEMNIFICIATION
CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

DISCUSSION ..................................................................................................................... 2

    LBHI'S Preliminary Statement, Background, Triggering Indemnification Claims ........... 2

    Jurisdiction ................................................................................................................ 2

    LBHI's Proposed Amended Order Does Not Fully Track the August 12, 2014 ADR Order
    Involving LBHI and SNMC ........................................................................................ 3

        1. Standstill ...................................................................................................... 5

        2. Mediator List ............................................................................................... 6

        3. Documents .................................................................................................... 6

CONCLUSION ................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*United States v. Bond,*
 762 F.3d 255, 263 (2d Cir. 2014) ............................................................................. 3

*Steel Co. v. Citizens for a Better Env't,*
 523 U.S. 83, 88-89 (1998) ......................................................................................... 3


**Statute**

28 U.S.C. §§ 157 and 1334 ............................................................................................. 2

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

SecurityNational Mortgage Company ("SNMC") hereby responds to the above captioned

motion ("Motion") of Lehman Brothers Holdings Inc. ("LBHI") as follows:[1]

## **INTRODUCTION**

Months after "this Court entered the Order Estimating Allowed Claim Pursuant to RMBS

Settlement Agreement, dated March 15, 2018 [Docket No. 57785]" LBHI seeks to engage in

another Alternative Dispute Resolution Process ("ADR") including potential mediation. (Motion,

p. 1-3). This is far from being a small endeavor, as LBHI references "RMBS Trustees' having

allowed claims for more than $2.45 billion … resulting in potential additional Indemnification

Claims … by LBHI against approximately 3000 additional counterparties involving over 70,000

mortgage loans." (Motion, p.3). For whatever underlying intent, LBHI does not seek new ADR,

but rather seeks ADR by "amendment" to the prior ADR undertaking, i.e., stating that "the

proposed Amended Alternative Dispute Resolution Procedures Orders for Indemnification

Claims of the Debtors Against Mortgage Loan Sellers is attached as Exhibit A (the 'Amended

ADR Order')." Carrying out the required ADR in a meaningful manner would obviously entail

the investment of very substantial time and financial resources, e.g. preparation, including review

of numerous produced documents, discussions and potential formal mediation.

Under a reservation of rights, including as to the asserted lack of subject matter

jurisdiction, SNMC participated in ADR with LBHI in the past including mediation in January,

2016, which mediation was not successful. As to the propriety and usefulness of LBHI's

proposed ADR at this juncture, a number of serious issues exist. To avoid redundancy, reference

---

[1] It is not clear from LBHI's Motion whether ADR is requested only if it is permitted to "amend" ["supplement"] its second amended complaint, or if it is also requested even if "amendment" ["supplementation"] is denied.

is made to the "Introduction" and section A of the "Limited Objection And Reservation Of

Rights To Motion Of Lehman Brothers Holdings Inc. For Leave To Amend And Extend The

Scope Of The Alternative Dispute Resolution Procedures Order For Indemnification Claims Of

The Debtors Against Mortgage Loan Sellers" of American Mortgage Loan Group, PC, *et al*.

dated October 23, 2018.

## DISCUSSION

### LBHI'S Preliminary Statement, Background, Triggering Indemnification Claims

In its Motion, LBHI devotes several pages (3-8) pertaining to the above captioned topics.

Without waiving any rights, SNMC denies that it has any liability to LBHI, and without delving

into unnecessary specifics at this point, SNMC is not in agreement with all of LBHI's statements

and characterizations set forth. Not specifically referring to such should not be interpreted as

acquiescence or agreement.

### Jurisdiction

At pages 8-11, LBHI argues that the Bankruptcy Court purportedly has subject matter

jurisdiction over the referenced matters pursuant to 28 U.S.C. §§ 157 and 1334. SNMC denies

there is subject matter jurisdiction. Without unnecessarily encumbering this response, reference

should be made, *e.g.,* to SNMC's June 12, 2014 "Objection Of SecurityNational Mortgage

Company To Plan Administrator's Motion For Alternative Dispute Resolution And Procedure

Order For Indemnification Claims Of The Debtors Against Mortgage Loan Sellers" [Doc.

44672]" [Doc. 44672] and "Certain Defendants' Omnibus Motion To Dismiss For Lack Of

Subject Matter Jurisdiction And Improper Venue And Supporting Memorandum of Law" dated

March 31, 2017 [Doc. 413], and the "Reply Memorandum Of Law In Support Of Certain

Defendants' Omnibus Motion To Dismiss Plaintiff's Complaints For Lack Of Subject Matter Jurisdiction And Improper Venue" dated July 14, 2017 [Doc. 456].

In addition to the foregoing, LBHI specifically argues at pages 8 and 9 of its Motion that "importantly, this [Bankruptcy] Court recently ruled [August 13, 2018] that it has subject matter jurisdiction over the Indemnification Claims arising out of the Fannie Settlement and the Freddie Settlement." Even though a ruling was made, SNMC disputes that subject matter jurisdiction has been judicially "resolved" pursuant to statutory and constitutional law. The Bankruptcy Court cannot "resolve" subject matter jurisdiction in a non-core matter.[2] Resolution lies within the jurisdiction of an Article III court. Such "resolution" is necessary as the Second Circuit has clearly stated that subject matter jurisdiction "is a threshold question that *must* be *resolved …
before proceeding* on the merits. *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998))." (Emphasis added). Thus, it is asserted that "resolution" has yet to take place.[3]

### LBHI's Proposed Amended Order Does Not Fully Track the August 12, 2014 ADR Order Involving LBHI and SNMC

The information on pages 12-21 of LBHI's Motion is not fully agreed to, and not addressing any specific item is not deemed acquiescence or agreement with such. Without waiving the foregoing, should ADR be ordered, LBHI's seeking to amend the order dated June 24, 2014 is not relevant or material as to SNMC. The original ADR order involving SNMC is dated August 12, 2014 [Doc. 45702], a copy of which is attached hereto as Exhibit A.

---

[2] Further, SNMC does not consent to the entry of any final orders or judgments by the Bankruptcy Court.
[3] *See, e.g.* filing 18-MC-392, and *see* filings MC-CV-8986, 18-CV-9006 and 18-CV-9176 consolidated under 18-CV-8986, in the United States District Court, Southern District of New York.

LBHI's discussion about an amended order, and the proposed amended order attached to its Motion, *do not* fully track the August 12th order involving SNMC. For example, LBHI's proposed amended order omits the reservation and non-waiver language on the first page of the August 12th order.  Section 8.b. of the August 12th order provides that SNMC has "thirty (30) calendar days from the date of service" of the Indemnification ADR Notice to respond, not 15 calendar days as set forth in the proposed amended order. Paragraph 10.a. of the August 12th order provides that LBHI and SNMC together are to contact the mediator to schedule the initial mediation date. Paragraph 10.c. of the August 12th order provides that SNMC selects the mediator, contrary to the proposed amended order. Pursuant to paragraph 17 of the August 12th order, LBHI was required to pay the fees and costs of the mediator, contrary to what is now proposed. Paragraph 12 of LBHI's proposed amended order (¶28 of LBHI's Motion) is not part of the August 12th order.

At pages 2-3 of its Motion, LBHI recognizes that in 2014 there were "Modified ADR Orders" involving certain entities, including SNMC, and LBHI states that its "**Motion does not seek to change the Modified ADR Orders' procedures other than expand their scope to cover the RMBS Allowance Claims** ....*"* (Emphasis added.) Further, paragraph 18 of LBHI's proposed amended order states that it "**does not change any of the procedures set forth in the Modified ADR Orders** [including the August 12, 2014 order – Exhibit A] **other than expand their scope to cover all RMBS Claims**." (Emphasis added).

For the avoidance of any doubt in making sure that the foregoing provisions in the August 12, 2014 order, and any others not herein mentioned, which are different from LBHI's proposed amended order, are *not eliminated* as represented by LBHI. LBHI should be required to use the August 12, 2014 order as the *base agreement* involving SNMC, with LBHI only inserting and blacklining the references to RMBS and thereafter submit to SNMC the August 12th Order

with the backlined references to RMBS to be reviewed by SNMC for approval or any

disagreement as to the inserts.

The following are requirements in addition to others, *supra*, relative to SNMC being

required to participate in ADR should ADR be ordered:

### 1. <u>Standstill</u>[4]

SNMC **OBJECTS** to any allowed ADR to take place "simultaneously" with any

litigation going forward. A standstill should be required as to *any litigation proceeding* involving

LBHI and SNMC as well as other defendants if ADR is put in place. As to SNMC, and likely

with many, if not most other defendant parties, the original ADR concept in 2014 did not take

place simultaneously with litigation. There is no justification for the enormous expenditure of

funds and time in ADR – especially in a process that is proclaimed by LBHI to include efficiency

justification – and yet at the *same time* be required to expend time and funds in litigation. LBHI

may assert that not having simultaneous ADR and litigation unduly extends the time of litigation.

But upfront ADR is LBHI's request, and a dual track is simply not compatible with fairness and

proclaimed efficiency.

### 2. <u>Mediator List</u>

SNMC also **OBJECTS** to being tied to the list attached to the Motion for selection of a

mediator. SNMC recognizes that the list basically tracks the list in the August 12, 2014 order

involving LBHI and SNMC. However, the earlier mediation was concluded in early 2016, and

the parties should be entitled to have the opportunity to utilize an acceptable mediator who has

no previous involvement with mediating a matter involving LBHI relative to similar claims.

Thus, the list should be substantially expanded. This is fair, and proper as to both LBHI and

---

[4] *See, also e.g., "*A Standstill Agreement" in section B of the American Mortgage Law Group's *et al.* "Limited Objection …."

SNMC, as well as to other party defendants.  It can only add credibility to the process for both LBHI and other parties.

### 3. <u>Documents</u>

The ADR process is **OBJECTIONABLE** if there is not an acceptable arrangement as to the information to be made available by LBHI as part of ADR going forward. SNMC recognizes that the language is the same in the August 12, 2014 order and the proposed order, *to wit*, "LBHI shall serve upon SecurityNational [a Seller] a notice containing sufficient information regarding the Indemnification ADR Dispute to make SecurityNational [the Seller] aware of the nature of LBHI's affirmative claim …."  However, the foregoing language is not definitive or clear as to what will be provided. What is provided *needs* to be determined *before* proceeding to ADR in order to make the process meaningful. Required information should include that which is set forth in the Introduction of American Mortgage Law Group's *et al*. "Limited Objection …."

### <u>CONCLUSION</u>

SNMC reserves all of its rights to amend this response including further objections at the hearing on the Motion or otherwise.  Further, should ADR be ordered, including in accordance with the LBHI-SNMC August 12, 2014 order, as well as being in accord with other areas of concerns, *supra,* SNMC reserves all of its rights and waives none including, but not limited to, jurisdiction and other matters.

**[signatures are on the next page]**

Dated:  October 23, 2018                    MACKEY PRICE LAW, a Utah corporation

                                            By: /s/ Gifford W. Price
                                                GIFFORD W. PRICE (*pro hac vice*)
                                            350 American Plaza II
                                            57 West 200 South
                                            Salt Lake City, UT 84101
                                            801.575.5000
                                            gprice@mackeypricelaw.com

                                                   -and-

                                            RICH MICHAELSON MAGALIFF, LLP
                                            Howard P. Magaliff
                                            335 Madison Avenue, 9th Floor
                                            New York, NY 10017
                                            646.453.7851
                                            hmagaliff@r3mlaw.com

                                            *Attorneys for Security National Mortgage Company*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
                                                          :     Chapter 11
In re:                                                    :
                                                          :     Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :
                                                          :
                            Debtors.                      :
                                                          :
———————————————————————— x

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLER SECURITYNATIONAL MORTGAGE COMPANY

Upon the motion, dated May 29, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator, for the establishment of alternative dispute resolution

procedures for indemnification claims of the Debtors against mortgage loan sellers (the

"Indemnification ADR Procedures") in the chapter 11 cases of LBHI and its affiliated debtors

(collectively, the "Debtors"), all as more fully described in the Motion, and SecurityNational

Mortgage Company ("SecurityNational") having filed an objection, dated June 12, 2014 (the

"Objection"); and the hearing on SecurityNational's Objection having been adjourned until

August 12, 2014; and the parties have conferred and have agreed to the Indemnification ADR

Procedures set forth below; and Security National does not and has not waived its objections to

LBHI's Motion as set forth in its Objection, and SecurityNational does not stipulate to and

reserves its rights with respect to paragraphs A through F under the "Hereby Found And

Determined " heading, it is,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**HEREBY FOUND AND DETERMINED that:**[2]

A.    The Court has jurisdiction to enter this Order as the matter has a close nexus to the chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6, 2011 (the "Confirmation Order").  Pursuant to Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan, the Court retained jurisdiction over the matter.  Venue in this Court for the Motion is appropriate pursuant to 28 U.S.C. § 1408.

B.    Due and proper notice of the Motion has been provided in accordance with the procedures set forth in the Court's amended Order entered June 17, 2010, governing case management and administrative procedures [Docket No. 9635].

C.    LBHI asserts that it holds contractual claims for indemnification and/or reimbursement against approximately 3,000 counterparties (the "Sellers") involving more than 11,000 mortgage loans by virtue of settlements between LBHI and the Federal National Mortgage Association [Docket No. 42153] and between LBHI and the Federal Home Loan Mortgage Corporation [Docket No. 42754] (the "Indemnification Claims").  One of the counterparties is SecurityNational.

D.    Certain common issues exist regarding the Indemnification Claims, including questions involving reimbursement and indemnification rights.

E.    LBHI asserts that substantial value may be recovered for the benefit of creditors and judicial efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can be achieved without the need for trial of adversary proceedings or other litigation.

---

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

F.    Similar proceedings ordered in these and other complex chapter 11 cases have

contributed to the effective administration of the proceedings and have reduced costs for all

parties.

**RELIEF**

The procedures described below are ORDERED to promote consensual recovery with

respect to the Indemnification Claims, and to encourage effective communication, consultation,

negotiation, and, when necessary, mediation procedures between the affected parties.

1.    <u>Standing Mediation Order</u>.  All provisions of the General Order #M-452, adopted

June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the

Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and

Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all

existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to

be conducted under this order.  To the extent there is any conflict between the Standing Order

and this Order, the terms of this Order shall govern.

2.    <u>Sellers</u>.  To date, LBHI asserts that it has identified approximately 3,000 sellers,

including SecurityNational, involving more than 11,000 mortgage loans against whom LBHI

asserts there is reasonable cause for it to believe that it holds Indemnification Claims.

3.    <u>Indemnification ADR Disputes</u>.  LBHI will designate a dispute (an

"<u>Indemnification ADR Dispute</u>") as to any Indemnification Claim by serving the following on

SecurityNational:

a.    A copy of this Order; and

b.    An Indemnification ADR Notice (as defined below) (collectively, the

"<u>Indemnification ADR Package</u>").

3

For purposes of the Indemnification ADR Procedures, service on or notice to SecurityNational shall be deemed adequate if such service or notice is provided to SecurityNational, SecurityNational's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

4.    Settlement of Disputes During the Indemnification ADR Procedures.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Indemnification ADR Dispute at any time before, during, or following the designation of an Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

5.    Pre-Mediation Stage Confidentiality.  All discussions between the parties, and the contents of any papers submitted prior to the Mediation Stage (as defined herein), shall remain confidential and privileged in accordance with Paragraph 13 of this Order.

6.    Participation Mandatory.  Unless otherwise provided in a specific order applicable to a particular Indemnification ADR Dispute, after service of an ADR Package on SecurityNational:

a.    Compliance with the Indemnification ADR Procedures in this Order is mandatory in the specified Indemnification ADR Disputes for both LBHI and SecurityNational; and

b.    No party is required to settle or compromise any dispute or enter into a particular settlement or compromise.  However, once LBHI serves an Indemnification ADR Package upon SecurityNational, SecurityNational must serve the required responses.  LBHI and SecurityNational must also engage in the specified

4

communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Indemnification ADR Procedures specified below for all Indemnification ADR Disputes covered by such notice.

7.    No Substitute for Claims Procedures.  The Indemnification ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.  Nothing contained herein, however, shall prevent SecurityNational from asserting in any respect to an Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute a right to assert valid and enforceable setoff rights with respect to LBHI's claim of an Indemnification Claim or any other valid defense to a LBHI demand thereunder.

## NOTICE/RESPONSE STAGE

8.    Notice/Response.  The initial stage of the Indemnification ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve an Indemnification ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

a.    Indemnification ADR Notice.  LBHI shall serve upon SecurityNational a notice containing sufficient information regarding the Indemnification ADR Dispute to make SecurityNational aware of the nature of LBHI's affirmative claim and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise (an "Indemnification ADR Notice").

b.    SecurityNational's Response to Notice.  SecurityNational must respond to the Indemnification ADR Notice in writing through a "Statement of Position" within

thirty (30) calendar days from the date of service of the Notice.  The response

options available to SecurityNational are as follows (the "Responses"):

i.    Agreeing to Settle the Demand.  If SecurityNational agrees to settle the

demand in the Indemnification ADR Notice, SecurityNational shall state in

writing that the offer of settlement in the Indemnification ADR Notice is

accepted.  The parties will then execute a settlement and general release

(including a confidentiality provision) and, if the matter is in litigation,

LBHI shall dismiss any applicable claims in a lawsuit or adversary

proceeding with prejudice upon execution of the release and receipt of the

settlement payment; or

ii.    Denying the Demand.  SecurityNational may decline to settle for the

amount stated in the demand in the Indemnification ADR Notice, in which

case SecurityNational must include a brief explanation in the Response to

the Indemnification ADR Notice setting forth reason(s) for such denial.  In

addition, SecurityNational may provide a counteroffer to the demand in the

Indemnification ADR Notice, in which case SecurityNational must include

a brief explanation setting forth the reason(s) for such counteroffer.

c.    Failure to Respond.  Failure to provide a timely Response to the Indemnification

ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option

of LBHI, in an application to the Court for Sanctions as set forth below, including

fees and costs, termination of the mediation and, at LBHI's discretion, institution

of an action against SecurityNational, or immediate entry into the mediation stage.

6

d.    <u>Reply to Response</u>.  LBHI shall have fifteen (15) calendar days from the date of the receipt of the Response to serve a reply to the Response to the Indemnification ADR Notice, in which LBHI may (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information or briefing in support of its demands in the Indemnification ADR Dispute, or (iv) reject any counteroffer in which case the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.  If LBHI fails to respond within this period, the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either LBHI or SecurityNational may request an initial telephonic settlement conference by written request, to be held within fourteen (14) calendar days.  Within three (3) business days of a receipt of such a request, the other party must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than fourteen (14) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this Paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10.    Mediation. Indemnification ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").

    a.    Initializing Mediation. LBHI and SecurityNational together shall contact the mediator to schedule the initial mediation date.

    b.    Powers of Mediator. The mediator shall have the broadest possible discretion consistent with the Standing Order.

    c.    Choice of Mediator. The mediators identified on Schedule A are APPOINTED as the mediators for Indemnification ADR Disputes reaching the Mediation Stage. SecurityNational shall select a mediator from the foregoing list. If the initially selected mediator is unwilling and/or unavailable to serve, then SecurityNational shall select an alternate mediator from Schedule A. If none of the foregoing are available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Indemnification ADR Dispute or group of related Indemnification ADR Disputes. Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by LBHI and SecurityNational participating in the applicable Indemnification ADR Dispute or Disputes. If the parties cannot agree upon a selection of mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the Court shall appoint one or more mediators.

    d.    Mediation Sites. All mediation proceedings will take place in New York, New York.

8

    e.    <u>Mediation Materials</u>.  LBHI shall submit to the mediator the (i) Indemnification

ADR Package, (ii) Statement of Position, (iii) the Reply, if any, and (iv) any other

materials exchanged by the parties reflecting the parties' relative positions

("<u>Mediation Materials</u>").  No additional papers shall be submitted to the mediator

unless so requested by the mediator, or agreed to by the parties.  All mediation

materials will be delivered at least ten (10) days prior to the scheduled mediation

proceeding and will not be filed with the Court.

    f.    <u>Appearance at Mediations</u>.  All participants in the mediation for the applicable

Indemnification ADR Dispute must appear in person at the designated mediation

location, which shall be the location set forth above unless otherwise agreed to by

the parties, with a business principal who has settlement authority. Counsel may

also be present and participate.

## OTHER PROVISIONS

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the

deadlines contained herein may be modified by:  (i) the mutual consent of LBHI and

SecurityNational or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  LBHI and SecurityNational must participate in good faith

with these Indemnification ADR Procedures with regard to the ADR Disputes specified in the

applicable Indemnification ADR Notice.  If, after notice and a hearing, the Court determines that

LBHI or SecurityNational have not complied with the Indemnification ADR Procedures in good

faith in connection with any Indemnification ADR Dispute, LBHI or SecurityNational may be

subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports

to the Court that any party subject to this Order is not cooperating in good faith with the

9

mediation procedures, the Court may, without the need for further motion by any party, schedule

a hearing, and if the Court determines that LBHI or SecurityNational is not cooperating in good

faith with the mediation procedures, the Court may consider the imposition of Sanctions.

Litigation with respect to the issuance of Sanctions shall not delay the commencement of the

Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions

may include, but are not limited to:

a.    Against LBHI:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii)

termination of the Indemnification ADR Procedures as to one or more

Indemnification Claims; and/or (iii) rejection of some or all claims asserted by

LBHI in the applicable Indemnification ADR Dispute.

b.    Against SecurityNational:  (i) attorneys' fees; (ii) fees and costs of the mediator;

(iii) immediate initiation of the mediation stage, provided the matter has not yet

reached that point; and/or (iv) termination of the mediation with the right for

LBHI to elect to commence an action against a defaulting SecurityNational.

13.    Confidentiality. The confidentiality provisions of section 5.0 of the Standing

Order are hereby incorporated by reference into this Order.  No statements or arguments made or

positions taken by the mediator, LBHI, or SecurityNational during any part of the alternative

dispute resolution process, including Settlement Conferences and the Mediation Stage, may be

disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any

third party.  Similarly, all briefs, records, reports, and other documents received or made by the

mediator while serving in such capacity shall remain confidential and not be provided to the

Court, unless they would be otherwise admissible.  In addition, the mediator shall not be

compelled to disclose such records, reports, and other documents in connection with any hearing

held by the Court; provided, however, the mediator may report to the Court the status of the

mediation efforts but shall not disclose the content thereof. Rule 408 of the Federal Rules of

Evidence shall apply to all aspects of the Indemnification ADR Procedures including Settlement

Conferences and the Mediation Stage.

14.    <u>Removal</u>. This Order does not affect any rights of removal under applicable

statutory law including 28 U.S.C. § 1452, as well as any rights under any applicable Federal or

Bankruptcy Rules of Civil Procedure, and abstention requirements under 28 U.S.C. § 1334 are

not affected. Further, all defenses relative to removal are not affected.

15.    <u>No Waiver of Defenses</u>. The parties' participation in the Indemnification ADR

Procedures set forth herein, including the Notice/Response Stage and the Mediation Stage, shall

not cause either LBHI or SecurityNational to waive or release any claims, defenses, or remedies

that the individual parties would otherwise hold, except to the extent that the parties enter into a

settlement providing for the consensual waiver or release of claims, defenses, and/or remedies.

16.    <u>Jury Trials Unaffected</u>. Participation in the Indemnification ADR Procedures shall

not waive any right to a jury trial that might otherwise exist.

17.    <u>Fees</u>. Except as otherwise provided herein, each party to the Mediation shall bear

its own costs and counsel fees in connection with Mediation and LBHI shall pay the reasonable

fees and costs charged by the Mediator.

18.    For the avoidance of doubt, notwithstanding the foregoing, this Order shall only

apply to the Indemnification ADR Procedures between LBHI and SecurityNational and has no

impact on the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the

Debtors Against Mortgage Loan Sellers, dated June 24, 2014 [Docket No. 44846].

19.     For the avoidance of doubt, notwithstanding the foregoing, this Order shall not apply to loans at issue in SecurityNational v. Aurora Bank FSB (formerly known as Lehman Brothers Bank, FSB) and Aurora Loan Services LLC, Case No.: 2:11-cv-00434 (Nuffer) and Lehman Brothers Holdings Inc. v. SecurityNational Mortgage Company, Case No.: 2:11-cv-00519 (Stewart).

**SO ORDERED:**

August 12, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

12

# SCHEDULE A

| Mediator | Contact Information |
|---|---|
| Peter L. Borowitz | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212-909-6525<br>Fax: 212-521-7525<br>Email: plborowitz@debevoise.com |
| Timothy T. Brock | Satterlee Stephens Burke & Burke, LLP<br>230 Park Avenue, 11th Floor<br>New York, NY 10169<br>Tel: 212-818-9200<br>E-mail: tbrock@ssbb.com |
| Martin G. Bunin | Alston & Bird, LLP<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Tel: 212-210-9492<br>E-mail: marty.bunin@alston.com |
| Keith N. Costa | Dilworth Paxson LLP<br>99 Park Avenue<br>Suite 320<br>New York, NY 10016<br>Tel: 917-675-4250<br>E-mail: kcosta@dilworthlaw.com |
| Melanie L. Cyganowski | Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>Tel: 212-905-3677<br>E-mail: mcyganowski@otterbourg.com |
| Andrew B. Eckstein | Blank Rome LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174<br>Tel: 212-885-5505<br>Fax: 917-332-3724<br>E-mail: aeckstein@blankrome.com |
| Judith Elkin | Haynes and Boone, LLP<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Tel: 212-659-4968<br>Fax: 212-884-8228<br>E-mail: Judith.elkin@haynesboone.com |
| Yann Geron | Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>Tel: 212-878-7901<br>Fax: 212-692-0940<br>E-mail: ygeron@foxrothschild.com |

| Mediator | Contact Information |
|----------|---------------------|
| Eric Haber | Cooley LLP<br>1114 Avenue of Americas<br>New York, NY 10036<br>Tel: 212-479-6144<br>E-mail: ehaber@cooley.com |
| Ira L. Herman | Thompson & Knight LLP<br>900 Third Avenue, 20th Floor<br>New York, NY 10022-3915<br>Tel: 212-751-3045<br>Fax: 214-999-9139<br>E-mail: Ira.herman@tklaw.com |
| Marc E. Hirschfield | BakerHostetler<br>45 Rockefeller Plaza<br>New York, NY 10111-0100<br>Tel: 212-589-4610<br>Fax: 212-589-4201<br>Email: mhirschfield@bakerlaw.com |
| Norman N. Kinel | Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel: 646-414-6878<br>E-mail: NKinel@lowenstein.com |
| Tracy L. Klestadt | Klestadt & Winters, LLP<br>570 Seventh Avenue, 17th Floor<br>New York, NY 10018<br>Tel: 212-972-3000<br>Fax: 212-972-2245<br>E-mail: tklestadt@klestadt.com |
| Kenneth M. Lewis | LEWIS LAW PLLC<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>Tel: 914-761-8400<br>Fax: 914-761-6316<br>E-mail: klewis@lewispllc.com |
| Joseph T. Moldovan | Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4371<br>Tel: 212-735-8603<br>E-mail: jmoldovan@morrisoncohen.com |
| Robert J. Rosenberg | 125 East 61st Street<br>New York, NY 10065<br>Tel: 917-273-5216<br>E-mail: robertrosenbe@gmail.com |