# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*          Case No. 08-13555 (SCC) (Jointly Administered)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **Stonehill Master Fund Ltd.** | **Merrill Lynch, Pierce, Fenner & Smith Incorporated** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

c/o Stonehill Capital Management LLC
885 Third Avenue, 30ᵗʰ Floor
New York, New York  10022
Telephone:  212 739 7474
Facsimile:  212-838-2291
Email:  ops@stonehillcap.com
Attn:  OPS Department

Court Claim No. and Amount of Claims (as more specifically set forth on the attached Agreement and Evidence of Transfer of Claim):

(1)  with respect to Claim No. 55744 (relating to CUSIP XS0349911387), the sum of $8,811,030.74;
(2)  with respect to Claim No. 55744 (relating to CUSIP XS0349911387), the sum of $1,201,504.19;

plus, in each case, all interest, fees and other recoveries due.

Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**STONEHILL MASTER FUND LTD.**

By:     Stonehill Capital Management LLC,
        its Investment Adviser

By: _____          Date: _____November 27, 2018_____
Name: *Michael Stern*
Title:

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AN AUTHORIZED SIGNATORY OF
STONEHILL CAPITAL MANAGEMENT LLC,
ITS ADVISER

159-849/COURT/5670154.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*                Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 55744 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of the claims, the transferee filed a Partial Transfer of Claims other than for Security in the Clerk's office of this court on          .

| **Merrill Lynch, Pierce, Fenner & Smith Incorporated** | **Stonehill Master Fund Ltd.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| c/o 214 North Tyron Street<br>15th Floor<br>Charlotte, North Carolina 28255<br>Attn: Meredith r. Smith<br>Email: meredith.r.smith@baml.com<br>Tel: (980) 388-4526 | c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York 10022<br>Telephone: 212 739 7474<br>Facsimile: 212-838-2291<br>Email: ops@stonehillcap.com<br>Attn: OPS Department |

| DEADLINE TO OBJECT TO TRANSFER |
|---|

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                                                      CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Merrill Lynch, Pierce, Fenner & Smith Incorporated** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Stonehill Master Fund Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto  in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of a Predecessor-in-Interest (as defined below) (the "Proofs of Claim") against Lehman Brothers Holdings Inc., (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC)  (the "Purchased Claims") (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements (the "Predecessor Transfer Agreements"), if any, under which Seller or any prior seller (each, a "Predecessor-in-Interest") acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing  and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims").  Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Transferred Claims.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns, will deliver to Purchaser, and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the respective Purchased Claims specified in Schedule 1 attached hereto; (f) neither Seller nor any Predecessor-in-Interest has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller or a Predecessor-in-Interest has timely received the same *pro rata* amount of distributions (the "LBHI Distributions") as was received by other creditors of the same class and type as the Purchased Claims; (h) Seller or a Predecessor-in-Interest has timely received the same *pro rata* amount of distributions (the "LBT Distributions" and, together with the LBHI Distributions, the "Distributions") as was received by other creditors of the same class and type as the Purchased Securities;  (i)  other than the LBHI Distributions, neither Seller nor any Predecessor-in-Interest received any payment or distribution, whether directly or indirectly, on account of the Purchased Claims; (j) other than the LBT Distributions, neither Seller nor any Predecessor-in-Interest received any payment or distribution, whether directly or indirectly, on account of the Purchased Securities; (k) neither Seller nor its Predecessor-in-Interest is in breach of or default pursuant to any Predecessor Transfer Agreements to which they are a party; and (l) all Distributions were paid to Seller or a Predecessor-in-Interest  without any deduction, set-off, recoupment or deduction of any kind in accordance with the respective distribution factors applicable to all other creditors of the same class and type as the Purchased Securities or Purchased Claims (as applicable)

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims and the Purchased Securities to Purchaser (including, for the avoidance of doubt, any distributions Seller or a Predecessor-in-Interest received after the trade date of June 22, 2018, including, without limitation, the sixteenth  LBHI Distribution made by the Debtor on or around October, 4, 2018 and the fourteenth LBT Distribution made by Lehman B.V. on or around October 23, 2018.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendments to the Proofs of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below. This Agreement may be executed in one or more counterparts, and all counterparts taken together shall be deemed to constitute one and the same instrument.  Signatures may be exchange over email transmission.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **19** day of **November** 2018.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

STONEHILL MASTER FUND LTD.

By: Stonehill Capital Management LLC, its Investment Adviser

By: _____
Name: SETH DENSON
Title: DIRECTOR

By: _____
Name: Tom Varkey
Title: Authorized Signator

Address:
c/o 214 North Tryon Street,
15th Floor,
Charlotte, NC 28255
Attn: Meredith R. Smith
Tel: (980) 388-4526
Email: meredith.r.smith@baml.com

CREDIT CONTACT:

c/o Stonehill Capital Management LLC
885 Third Avenue, 30th Floor
New York, New York 10022
Attention: Tom Varkey
Telephone Number: +1-212-739-7474
Fax Number: +1-212-838-2291
E-Mail Address: tvarkey@stonehillcap.com

ADMINISTRATIVE CONTACT:

c/o Stonehill Capital Management LLC
885 Third Avenue, 30th Floor
New York, New York 10022
Attention: Steven D. Nelson
Telephone Number: +1-212-739-7470
Fax Number: +1-212-838-2291
E-Mail Address: snelson@stonehillcap.com/
ops@stonehillcap.com

**Schedule 1**

Transferred Claims

Purchased Claims

| Claim No. | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount (CCY) | Allowed Claim Amount (USD) |
|---|---|---|---|---|---|
| 55744.04 | XS0349911387 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 6,050,000.00 | USD 8,811,030.74 |
| 55744.05 | XS0349911387 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 825,000.00 | USD 1,201,504.19 |

Schedule 1–1