**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile:  (212) 506-5151

ATTORNEYS FOR TRANSFEROR
ICCREA BANCA S.p.A., as Agent

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR
SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE by ICCREA Banca S.p.A, as Agent

("ICCREA" or "Transferor") against Lehman Brothers Holdings Inc. (the "Debtor") in amount

of at least $190,423,075.43, which has been designated as claim no. 58221 (the "Claim").

Transferor hereby gives notice, pursuant to Fed. R. Bankr. P. 3001(E)(2), of the transfer, other

than for security, of a ratable portion of  0.396825% of XS0176153350 ($58,222.22 of

$14,672,000.39), the outstanding amount of XS0176153350 held by Transferor on behalf of

Banca di Credito Cooperativo di Brescia S.C., which itself was acting on behalf of one or more

of its customers with respect to that certain security bearing ISIN code XS0176153350.  A copy

of the evidence of transfer of claim (the "Evidence of Transfer") is attached hereto as Exhibit

"A" and is incorporated herein by this reference.

**Name of Assignee**: CASSA CENTRALE BANCA – CREDITO COOPERATIVO DEL NORD EST. S.P.A.

Name and Address Where
    Notices to Assignee Should be Sent:
    VIA G. SEGANTINI, 5
    38122 TRENTO
    ITALY
    ATTENTION:  MARCO MOSCON

**Name of Transferor**: ICCREA on behalf of Banca di Credito Cooperativo di Brescia S.C., as Agent

The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001(E)(2), to receive from the Clerk of the Court notice of the filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period.  The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the transferred portion as an unconditional transfer; and (ii) the Assignee is the valid owner of the Transferred Portion.

Dated:  New York, New York
       November 26, 2018

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Lorraine S. McGowen*
    Lorraine S. McGowen, Esquire
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile:  (212) 506-5151

    ATTORNEYS FOR TRANSFEROR
    ICCREA BANCA, S.p.A., as Agent

2

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged,  **BANCA DI CREDITO COOPERATIVO DI BRESCIA S.C.** (the "Beneficial Holder"), as agent on behalf of one or more of its customers, among others, hereby instructs ICCREA BANCA S.p.A. ("Seller"), as agent on behalf of Beneficial Holder, to unconditionally and  irrevocably sell, transfer and assign to CASSA  CENTRALE  BANCA – CREDITO COOPERATIVO DEL NORD EST S.p.A. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to the security identified in Schedule 1 (the "Purchased Claim") specified as being held by Beneficial Holder in Seller's proof of claim filed on 10/30/2009, on behalf of Beneficial Holder, among others, having Claim Number 58221 (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favourable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

1

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 6 day of June 2018

**ICCREA BANCA SPA**

Name: PIERFILIPPO VERZARO
Title: Responsabile del Legale
Via Lucrezia Romana 41/47
00178 Roma, Italy

Attn. Marianna Ventre
Phone +39 06 72075814
Fax
e-mail mventre@icccrea.bcc.it

**CASSA CENTRALE BANCA – CREDITO COOPERATIVO DEL NORD EST SPA**
Name: GIORGIO FRACALOSSI
Title: Chairman of the Board of Directors
Via G. Segantini, 5
38122 Trento, Italy

Attn. Marco Moscon
Phone +39 0461 313280
Fax +39 0461 236413
e-mail corporate.action@cassacentrale.it

**BANCA DI CREDITO COOPERATIVO DI BRESCIA S.C.**
Name: Dott. Zani Enrico
Title: Presidente

Attn. Fragomeno Nicola
Phone +39 030 2539380
Fax
e-mail fragomeno@bccbrescia.it

2

<u>Schedule 1</u>

<u>Transferred Claims</u>

<u>Purchased Claim</u>

0,396825 % of  XS0176153350 EUR 41,143.54 = USD 58,222.22 of USD 14,672,000.39 (i.e. the outstanding amount of XS0176153350 as described in the Proof of Claim dated 10/30/2009 and filled on 10/30/2009),

<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN/ CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROS TV% 03/13 ITAL | XS0176153350 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 40,000.00 (equivalent to USD 56,604.00) | 10/10/2013 | EUR 41,143.54 (equivalent to USD 58,222.22) |

**ICCREA BANCA SPA**

Name: PIERFILIPPO VERZARO
Title: Responsabile del Legale
Via Lucrezia Romana
00178 Roma, Italy

Attn. Ventre Marianna
Phone 0039 06/72075814
Fax 0039
e-mail mventre@iccrea.bcc.it

**CASSA CENTRALE BANCA – CREDITO COOPERATIVO DEL NORD EST SPA**
Name:  GIORGIO FRACALOSSI
Title:  Chairman of the Board of Directors
Via g. Segantini, 5
38122 Trento Italy

Attn. Marco Moscon
Phone 0039 0461 313280
Fax 0039 0461 236413
e-mail corporate.action@cassacentrale.it

**BANCA DI CREDITO COOPERATIVO DI BRESCIA S.C.**
Name: Dott. Zani Ennio
Title: Presidente

Attn.  Fragomeno Nicola
Phone +39 030 2539380
Fax
e-mail fragomeno@bccbrescia.it

3

OHSEUROPE 551259983 1

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

**Form 210A**

### United States Bankruptcy Court

### SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No.  08-13555   (JMP)
JOINTLY ADMINISTERED

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the
transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **CASSA CENTRALE BANCA CREDITO COOPERATIVO DEL NORD EST SPA** | **BANCA DI CREDITO COOPERATIVO DI BRESCIA (the "Beneficial Holder")** |
| | **ICCREA BANCA SpA ("Seller")** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee | Court Claim #:   58221 |
| | ISIN: XS0176153350 |
| should be sent:<br>Cassa Centrale Banca Credito Cooperativo del Nord Est Spa<br>Via G.Segantini, 5<br>38122 Trento, Italy | Date Claim Filed: 10/30/2009<br><br>Partial Claim Transferred: EUR 40,000.00 |
| Attn:<br>Marco Moscon<br>Email: corporate.action@cassacentrale.it | Attn:<br>Marianna Ventre<br>mventre@iccrea.bcc.it |
| PHONE: +39 0461 313280<br>Last Four Digits of Acct #: N/A   0374 | PHONE +39 06 72075814<br>Last Four Digits of Acct. #: N/A |

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my
knowledge and belief

By:_____

Giorgio Fracalossi
Chairman of the Board of Directors

Date: _6 June 2018_

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C.
§1152 & 3571.

1