**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

**LEHMAN BROTHERS HOLDINGS INC., et al.**

**Debtors.**
-----------------------------------------------------------------x

**Chapter 11**
**Case No. 08-13555 (SCC)**

## ORDER DIRECTING EXAMINATION AND PRODUCTION OF DOCUMENTS

Upon the Application, dated July 2, 2018 (the "Application")[1] of Fondo de Proteccion Social de los Depositos Bancarios, f/k/a Fondo de Proteccion Social de los Depositos Bancarios y Proteccion Bancaria ("FOGADE") pursuant to Bankruptcy Rule 2004, for entry of an order: (i) authorizing FOGADE, by its counsel, to issue subpoenas upon the Debtors, Epiq Systems ("Epiq"), and the plan administrator (the "Plan Administrator"), directing the production of documents identified in Exhibit "A" annexed to the Application, and further directing the oral examination of a representative of the Debtors, Epiq, and the Plan Administrator; (ii) authorizing the issuance of third party subpoenas (the "Third Party Subpoenas") related to the allowed claims and distributions made on account of the structured notes which are the basis for FOGADE's allowed distributions; and (iii) allowing, as may be necessary, for the submission of commissions to allow for the discovery outside of this District and overseas; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and whereas in connection with and following the filing of the Notice of Presentment of the Application, the Debtors and Lehman Brothers Treasury Co. BV ("Treasury"), by their counsel having provided voluntary discovery concerning the matters requested in the Application and having satisfied thereby FOGADE that the additional information related to the Treasury

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Distributions at issue are not available to the Debtors or Treasury and can only be obtained from Third Parties other than Treasury; and whereas as a consequence of the investigation resulting from the information thereby obtained and considered FOGADE has determined to limit the original Application with respect to the Debtors, Treasury and their representatives; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Application is in the best interests of the Debtor's estate, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the other proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

ORDERED, that the Application is granted on the terms set forth herein; and it is further

ORDERED, that, except as otherwise provided herein, FOGADE is authorized to issue the Subpoenas, directing the production of documents, including those requested in Exhibit A to the Application or which otherwise relate to the Treasury Distributions described in the Application; and it is further

ORDERED, that, except as otherwise provided herein, FOGADE is authorized to issue the Third Party Subpoenas related to the allowed claims and distributions made on account of the structured notes which are the basis for FOGADE's allowed distributions; and it is further

ORDERED, that, except as otherwise provided herein, FOGADE may submit commissions as may be necessary to allow for the discovery outside of this District and overseas; and it is further

ORDERED, that, except as otherwise provided herein, unless agreed to by FOGADE in writing, the above-named entities shall have thirty (30) days from the service of the Subpoenas to (1) produce to FOGADE all responsive documents requested in the Subpoenas and (2) serve FOGADE with its objections and responses to the Subpoenas; and it is further

ORDERED, that notwithstanding anything to the contrary herein, nothing in this Order authorizes FOGADE to issue any Subpoenas, requests for depositions, commissions for overseas discovery, or any other discovery-related requests directed at (i) the Debtors, (ii) Treasury, (iii) the Plan Administrator; (iv) Lehman Brothers Inc. ("LBI") and James W. Giddens as Trustee for LBI; or (v); or any of their respective attorneys, agents, employees or Representatives in their capacity as such; and it is further

ORDERED, that this Order is without prejudice to FOGADE's right to file, and any party's further applications seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law; and it is further

ORDERED, that this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: New York, New York
December 19, 2018

/S/ Shelley C. Chapman
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE