B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.    Case No. 08-13555 (SCC)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

**YORK EUROPEAN STRATEGIC METRIC MASTER, L.P.**
Name of Transferee

**YORK EUROPEAN OPPORTUNITIES INVESTMENTS MASTER FUND, L.P.**
Name of Transferor

York European Strategic Metric Master, L.P.
767 Fifth Avenue, 17th Floor
New York, NY 10153

Court Claim # (if known): See Schedule 1
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1

Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 12/21/2018
Transferee/Transferee's Agent
**Kevin M. Carr**

KL2 3104427.1

## Schedule 1

| ISIN/CUSIP | Proof of Claim | Allowed Amount of Claim Transferred | Aggregate Amount of Claim Transferred |
|---|---|---|---|
| XS0313198201 | 55537.01 | $473,981.33 | $2,080,434.82 |
| XS0287442692 | 55537.01 | $720,138.70 | |
| XS0289922113 | 55537.01 | $624,429.87 | |
| XS0285456140 | 55537.01 | $261,884.92 | |
| XS0368710082 | 58690.00 | $1,016,109.59 | $1,016,109.59 |

KL2 3104427.1

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **York European Opportunities Investments Master Fund, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **York European Strategic Metric Master, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers specified in Schedule 1 filed by or on behalf of Seller or Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) on April 17, 2012, Seller or its predecessor in interest received the first distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "First Distribution"), on October 1, 2012, Seller or its predecessor in interest received the second distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Second Distribution"), on April 4, 2013, Seller or its predecessor in interest received the third distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Third Distribution"), on October 3, 2013, Seller or its predecessor in interest received the fourth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Fourth Distribution"), on April 3, 2014, Seller or its predecessor in interest received the fifth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Fifth Distribution"), on October 2, 2014, Seller or its predecessor in interest received the sixth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Sixth Distribution"), on April 2, 2015, Seller or its predecessor in interest received the seventh distribution relating to the

Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Seventh Distribution"), on October 1, 2015, Seller or its predecessor in interest received the eighth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Eighth Distribution"), on March 31, 2016, Seller or its predecessor in interest received the ninth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Ninth Distribution"), on June 16, 2016, Seller or its predecessor in interest received the tenth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Tenth Distribution"), on October 06, 2016, Seller or its predecessor in interest received the eleventh distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Eleventh Distribution"), on April 06, 2017, Seller or its predecessor in interest received the Twelfth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Twelfth Distribution"), on October 05, 2017, Seller or its predecessor in interest received the Thirteenth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Thirteenth Distribution"), on December 07, 2017, Seller or its predecessor in interest received the Fourteenth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Fourteenth Distribution"), on April 05, 2018, Seller or its predecessor in interest received the Fifteenth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Fifteenth Distribution"), on October 05, 2018, Seller or its predecessor in interest received the Sixteenth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Sixteenth Distribution"), and together with the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution, Fifth Distribution, Sixth Distribution, Seventh Distribution, Eighth Distribution, Ninth Distribution, Tenth Distribution, Eleventh Distribution, Twelfth Distribution, Thirteen Distribution, Fourteenth Distribution, Fifteenth Distribution, and the Sixteenth Distribution (the "LBHI Distributions"); (h) on May 8, 2013, October 24, 2013, April 28, 2014, October 28, 2014, April 27, 2015, October 29, 2015, April 28, 2016 and July 14, 2016, November 29, 2016, May 4, 2017, October 23, 2017, January 16, 2018, May 02, 2018, October 23, 2018, Seller or its predecessor in interest received the distributions relating to the Purchased Securities in the amounts indicated on Schedule 1 attached hereto (collectively, the "BV Distribution," and together with the LBHI Distributions, the "Distributions"); and (i) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or

any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

  6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

  7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

KL2 3070731.3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of ~~May 2018~~ December 2018.

**Seller**
York European Opportunities Investments Master Fund, L.P.

By: _____
York Capital Management Global Adviser, LLC on behalf of York European Opportunities Investments Master Fund, L.P.
Name: John J. Fosina
Title: Chief Financial Officer
767 Fifth Avenue, 17th Floor
New York, NY 10153

**Buyer**
York European Strategic Metric Master, L.P.

By: _____
York Capital Management Global Adviser, LLC on behalf of York European Strategic Metric Master, L.P.
Name: John J. Fosina
Title: Chief Financial Officer
767 Fifth Avenue, 17TH Floor
New York, NY 10153

KL2 3070731.3

Schedule 1

## Transferred Claims

Purchased Claim

As set forth below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|
| 55537.01 | XS0313198201 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 334,000.00 | USD 473,981.33 |
| 55537.01 | XS0287442692 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 774,000.00 | USD 720,138.70 |
| 55537.01 | XS0289922113 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 700,000.00 | USD 624,429.87 |
| 55537.01 | XS0285456140 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 291,000.00 | USD 261,884.92 |
| 58690.00 | XS0368710082 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,000,000.00 | USD 1,016,109.59 |

LBHI Distributions

| ISIN/CUSIP | XS0313198201 | XS0287442692 | XS0289922113 | XS0285456140 | XS0368710082 |
|---|---|---|---|---|---|
| Proof of Claim Number | 55537.01 | 55537.01 | 55537.01 | 55537.01 | 55537.01 |
| Allowed Amount | $473,981.33 | $720,138.70 | $624,429.87 | $261,884.92 | $1,016,109.59 |
| First Distribution | $17,107.07 | $25,991.45 | $22,537.10 | $9,452.03 | $36,673.72 |
| Second Distribution | $11,544.19 | $17,539.55 | $15,208.48 | $6,378.41 | $24,748.15 |
| Third Distribution | $14,581.16 | $22,153.73 | $19,209.43 | $8,056.40 | $31,258.73 |
| Fourth Distribution | $17,287.60 | $26,265.74 | $22,774.94 | $9,551.77 | $37,060.74 |
| Fifth Distribution | $18,778.36 | $28,530.71 | $24,738.89 | $10,375.45 | $40,256.60 |
| Sixth Distribution | $14,093.15 | $21,412.28 | $18,566.52 | $7,786.77 | $30,212.55 |
| Seventh Distribution | $9,617.73 | $14,612.60 | $12,670.54 | $5,314.00 | $20,618.26 |

Schedule 1-1

KL2 3070731.3

| | | | | | |
|---|---|---|---|---|---|
| Eighth Distribution | $7,335.62 | $11,145.31 | $9,664.06 | $4,053.09 | $15,725.93 |
| Ninth Distribution | $2,035.65 | $3,092.84 | $2,681.80 | $1,124.74 | $4,363.98 |
| Tenth Distribution | $3,031.35 | $4,605.65 | $3,993.54 | $1,674.88 | $6,498.53 |
| Eleventh Distribution | $5,329.41 | $8,097.18 | $7,021.04 | $2,944.61 | $11,425.05 |
| Twelfth Distribution | $4,059.03 | $6,167.04 | $5,347.42 | $2,242.70 | $8,701.65 |
| Thirteenth Distribution | $2,596.70 | $3,945.27 | $3,420.93 | $1,434.73 | $5,566.75 |
| Fourteenth Distribution | $3,695.34 | $5,614.48 | $4,868.30 | $2,041.76 | $7,921.99 |
| Fifteenth Distribution | $1,491.36 | $2,265.88 | $1,964.74 | $824.01 | $3,197.14 |
| Sixteenth Distribution | $2,305.39 | $3,502.67 | $3,037.15 | $1,273.78 | $4,942.24 |

KL2 3070731.3

BV Distributions

| ISIN | Principal/Notional Amount | CCY | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-16 | 4-May-17 | 23-Oct-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0313198201 | 334,000.00 | EUR | 38,563.23 | 15,107.52 | 16,237.58 | 13,424.63 | 10,755.11 | 7,825.37 | 2,190.38 | 3,280.13 | 6,034.73 | 4,454.12 | 2,630.75 |
| | | | 16-Jan-18 | 2-May-18 | 23-Oct-18 | | | | | | | | |
| | | | 3,698.19 | 1,395.62 | 2,377.65 | | | | | | | | |
| ISIN | | | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-17 | 4-May-17 | 23-Oct-17 |
| XS0287442692 | 774,000.00 | EUR | 31,184.81 | 12,216.95 | 13,130.80 | 10,856.05 | 8,697.30 | 6,328.12 | 1,771.29 | 2,652.53 | 4,880.09 | 3,601.90 | 2,127.40 |
| | | | 16-Jan-18 | 2-May-18 | 23-Oct-18 | | | | | | | | |
| | | | 2,990.60 | 1,128.59 | 1,922.73 | | | | | | | | |
| ISIN | | | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-17 | 4-May-17 | 23-Oct-17 |
| XS0289922113 | 700,000.00 | CHF | 62,494.27 | 24,686.54 | 26,251.57 | 21,429.06 | 14,587.87 | 11,248.01 | 3,171.66 | 4,697.94 | 8,559.45 | 6,396.33 | 4,014.50 |
| | | | 16-Jan-18 | 2-May-18 | 23-Oct-18 | | | | | | | | |
| | | | 5,722.05 | 2,212.67 | 3,600.23 | | | | | | | | |
| ISIN | | | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-17 | 4-May-17 | 23-Oct-17 |
| XS0285456140 | 291,000.00 | CHF | 26,474.78 | 10,458.09 | 11,121.09 | 9,078.11 | 6,179.94 | 4,765.05 | 1,343.63 | 1,990.21 | 3,626.08 | 2,709.71 | 1,700.68 |
| | | | 16-Jan-18 | 2-May-18 | 23-Oct-18 | | | | | | | | |
| | | | 2,424.06 | 937.36 | 1,525.19 | | | | | | | | |
| ISIN | | | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 27-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-17 | 4-May-17 | 23-Oct-17 |
| XS0368710082 | 1,000,000.00 | USD | 111,693.22 | 45,454.52 | 49,214.87 | 37,692.60 | 25,379.66 | 19,519.95 | 5,453.68 | 7,978.17 | 14,082.85 | 10,691.26 | 6,840.26 |
| | | | 16-Jan-18 | 2-May-18 | 23-Oct-18 | | | | | | | | |
| | | | 9,730.27 | 3,744.97 | 6,052.10 | | | | | | | | |

KL2 3070731.3