# adnlaw



US Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
USA

Stockholm, December 21 2018

**Notice of transfer of claim other than for security**

Enclosed a transfer of claim other than for security in the Lehman Brothers Holding Inc, Case number 08-13555 as per below.

| | |
|---|---|
| TRANSFEROR: | Humle Kapitalförvaltning AB<br>Swedish registration number 556544-8015<br>Biblioteksgatan 29,<br>114 35 Stockholm,<br>Sweden<br>Phone +46 8 451 50 00 (Mr Arpi) |
| TRANSFEREE: | Söderberg & Partners Securities AB<br>Swedish registration number 556674-7456<br>Regeringsgatan 45,<br>111 56 Stockholm,<br>Sweden<br>Phone +46 8 407 35 50 (Mr Österlund) |
| BANKRUPTCY COURT: | The United States Bankruptcy Court for the Jurisdiction New York - Southern District |
| CLAIM: | The "**Claim**" shall be as collectively as registered on www. http://lehman-docket.com as described below |

| Claim # | Filed on | As registered as allowed unsecured |
|---|---|---|
| **39750** | Oct 13 2009 | 427,557.64 USD |
| **58649** | Oct 30 2009 | 494,667.06 USD |
| **67178** | Nov 01 2010 | 871.06 USD |
| **67178** | Nov 01 2010 | 878.84 USD |

The registration fee of 75 USD is enclosed, *please confirm the receipt of the fee*.

Any enquiries or requests for completion may be e-mailed to helene.holm@adnlaw.se

Sincerely, Helene Holm, Attorney

Appendix 1 – 75 USD
Appendix 2 - Transfer of claim
Appendix 3 – Cerfification regarding Status
Apppendix 4 – Transfer of Claim Agreement

ADN Law Advokatfirma KB  Address: P.O. Box 7641, SE-103 94 Stockholm Visiting address: Biblioteksgatan 29 VII
Telephone +46 (0) 8 440 30 30. Telefax +46 (0) 8 440 30 33. Reg.no. 969764 - 2073. www.adnlaw.se



B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

In re <u>Lehman Brothers Holdings Inc.</u>   Case No. <u>08-13555</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Söderberg & Partners Securities AB</u>   <u>Humle Kapitalförvaltning AB</u>
Name of Transferee   Name of Transferor

Name and Address where notices to transferee should be sent:
<u>Söderberg & Partners Securities AB
Regeringsgatan 45, 103 96 Stockholm
Sweden</u>
Phone: <u>+46 8 451 50 00</u>
Last Four Digits of Acct #: _____

Court Claim # (if known): <u>#39750</u>
Amount of Claim: <u>#58649</u>
Date Claim Filed: <u>Sept. 15 2008</u>  <u>#67178</u>
   <u>#67178</u>
Phone: <u>+46 8 407 35 50</u>
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: <u>12/12/2018</u>
   Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

14588

## CERTIFICATION REGARDING STATUS

Creditor Name: ~~HUMLE KAPITALFORVALTNING~~ Söderberg & Partners Securities AB
Claim Number(s): 39750

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "Creditor"), and hereby certify that neither the Creditor nor any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the OFAC sanctions regulations and the list of Specially Designated Nationals and Blocked Persons.

Dated: 12/12/2018

Signature

Jan Arpi
Print Name

Deputy CEO, Söderberg & Partners Securities AB
Title (if applicable)

14588

## TRANSFER OF CLAIM AGREEMENT

| | |
|---|---|
| TRANSFEROR: | Humle Kapitalförvaltning AB<br>Swedish registration number 556544-8015<br>Biblioteksgatan 29, 114 35 Stockholm, Sweden |
| TRANSFEREE: | Söderberg & Partners Securities AB<br>Swedish registration number 556674-7456<br>Regeringsgatan 45, 111 56 Stockholm, Sweden |
| DATE: | December 12 2018 |
| DEBTOR: | Lehman Brothers Holdings Inc. (Chapter 11) |
| BANKRUPTCY CASE: | Case # 08-13555<br>Filed on September 15 2008 |
| BANKRUPTCY COURT: | The United States Bankruptcy Court for the Jurisdiction New York - Southern District |
| CLAIM: | The "**Claim**" shall be as collectively as registered on www.http://lehman-docket.com as described below |

| Claim # | Filed on | As registered as allowed unsecured |
|---|---|---|
| 39750 | Oct 13 2009 | 427,557.64 USD |
| 58649 | Oct 30 2009 | 494,667.06 USD |
| 67178 | Nov 01 2010 | 871.06 USD |
| 67178 | Nov 01 2010 | 878.84 USD |

1. INFORAMTION FROM THE TRANSFEROR

The Transferor informs the Transferee that, as to the Transferors best knowledge:

   a) A proof of claim (the "**Proof of Claim**"), was duly and timely filed by Transferor against Debtor, prior to any bar date that may have been established by the Bankruptcy Court for filing such a proof of claim,
   b) the Transferor will upon request provided the Transferee a true and complete copy of the Proof of Claim,
   c) The Proof of Claim has not been revoked, withdrawn, amended or modified, and no rights thereunder have been waived, and
   d) All statements in the Proof of Claim are true and correct as of the date hereof.

2. THE TRANSFER

The Transferor hereby irrevocably transfers and assigns unto the Transferee all of Transferor's right, title and interest in, to and under the Claim against the Debtor in the above-referenced Bankruptcy Case, including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code, as amended, any and all right to receive principal, interest and other amounts in respect of the Claim (in each case whether accruing prior to, on or after the date of this Agreement), and, to the extent relating to the Claim, all accounts, accounts receivable and other rights and interest of Transferor against Debtor.

3. THE TRANSFERORS REPRESENTATIONS

The Transferor represents, to its best knowledge that:
   a) The claim is valid and allowed in the amount stated, and is not subject to any valid legal or equitable defenses.

b) The Transferor is duly organized, validly existing and in good standing under the laws of the jurisdiction of their formation.
c) The Transferor have the full power and authority to enter, deliver and perform their obligations under the agreement.
d) The Transferor have obtained all corporate and all other approvals required to enter, deliver and perform their obligations under the agreement.
e) No consents or approvals of any third party or governmental entity are required to enter, deliver or perform their obligations under the agreement.
f) The execution, delivery and performance of their obligations will not violate, conflict with, require consent under or result in any breach or default under their organizational documents, any applicable law or any of the provisions of any contract or agreement to which they are a party or to which any of their material assets are bound.
g) The agreement is legal, valid, binding and enforceable in accordance with its terms.

4. THE TRANSFEREES REPRESENTATIONS
The Transferee hereby represents and warrants to:
a) Cooperate by signing any additional documents that may be necessary to effectuate the transfer,
b) Forward any notices, including any objections, they may receive concerning the Claim,
c) Make full distributions of any distributions received regarding the claim to persons specified in appendix 1, typically within five to ten business days,
d) Fulfill any and all taxes, imposts and duties of any kind (excluding, for the avoidance of doubt, any income taxes to which Transferee or persons specified in appendix 1 may be subject in respect to the agreement).

5. ACKNOWLEDGES BY THE TRANSFEREE
The Transferee acknowledges that
a) the Transferor has to the Transferee provided true and complete copies of all claim documents (which are presented to the Transferee at the Transferees request), and other than the claim documents so provided, the stipulation, the Proof of Claim, and orders of general applicability in the bankruptcy case, there are no contracts, documents, stipulations or orders that could materially and adversely affect the assigned rights or Transferee's rights hereunder;
b) Transferor has agreed to no purchase price based on its own independent investigation,
c) The Transferor is aware that information that may be pertinent to Transferor's decision to transfer the assigned rights is available to Transferor and can be obtained from the Bankruptcy Court's files or other publicly available source,
d) The Transferor is aware that the consideration received herein for the transfer of the assigned rights may differ both in kind and amount from any distributions made pursuant to any plan or reorganization confirmed by the Bankruptcy Court in the bankruptcy case.

6. TRANSFERORS APPOINTMENT

Transferor hereby irrevocably appoints Transferee as its true and lawful attorney-in-fact with respect to the Claim and authorizes Transferee to act in Transferor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for, or on account of the Claim, to vote the Claim, to file proofs of claim with respect thereto or to otherwise effectuate the intent of this Agreement (including, without limitation, to exercise any subscription rights).



Transferor hereby grants unto Transferee full authority to do all things necessary to enforce the Claim and Transferor's and Transferee rights thereunder.

Transferor agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of Transferee.

Transferee shall have no obligation to, prove, defend, or take any affirmative action with respect to proving the validity of the Claim.

Transferor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action, as Transferee may reasonably request, promptly upon the request of Transferee, in order to effectuate the intent and purposes of, and to carry out the terms of, this Agreement, and to cause Transferee to become the legal and beneficial owner and holder of the assigned rights.

Without limiting the generality of the foregoing, to the extent that Transferor shall have the right to take any action or exercise any voting or other right in respect of the Claim, Transferor shall take or refrain from taking such action in accordance, and only in accordance, with Transferee's instructions.

7.  LIABILITY

The parties agrees to indemnify and hold the other party and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses

8.  SUBSTITUTION

The Transferor hereby waives any notice requirement imposed by bankruptcy rule 3001(e), and consents to the substitution of Transferee for Transferor for all purposes in the bankruptcy case, including, without limitation for voting and distribution purposes with respect to the claim. Transferor and Transferee agree that Transferee may file this agreement, the evidence of transfer of claim or other appropriate notice with the bankruptcy court pursuant to the United States federal rule of bankruptcy procedure 3001(e).

9.  GOVERNING LAW

This Agreement shall be construed in accordance with and be governed by the laws of Sweden

10. CONCLUTION

This contract has been executed in two copies of which the parties have taken one each.

TRANSFEROR

Stockholm on the 12/12/2018

_____
Lennart Österlund, CEO
Humle Kapitalförvaltning AB

TRANSFEREE

Stockholm on the 12/12/2018

_____
Jan Arpi, Deputy CEO
Söderberg & Partners Securities AB

## EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Jurisdiction New York - Southern District

**Humle Kapitalförvaltning AB**, a corporation organized under the laws of the Sweden, with offices located at Biblioteksgatan 29, Stockholm, Sweden ("Transferor"),

Hereby acknowledged, and pursuant to the terms of a Transfer of Claim Agreement, and certify that it has unconditionally and irrevocably transferred and assigned to

**Söderberg & Partners Securities AB**, with offices located at Regeringsgatan 45, Stockholm, Sweden ("Transferee"),

all right, title and interest in and to the claims as below

| | |
|---|---|
| DEBTOR: | Lehman Brothers Holdings Inc. (Chapter 11) |
| BANKRUPTCY CASE: | Case # 08-13555<br>Filed on September 15 2008 |
| BANKRUPTCY COURT: | The United States Bankruptcy Court for the Jurisdiction New York - Southern District |

CLAIM:

| Claim # | Filed on | As registered as allowed unsecured |
|---|---|---|
| 39750 | Oct 13 2009 | 427,557.64 USD |
| 58649 | Oct 30 2009 | 494,667.06 USD |
| 67178 | Nov 01 2010 | 871.06 USD |
| 67178 | Nov 01 2010 | 878.84 USD |

The Transferor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Transferee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Transferee.

IN WITNESS WHEREOF, dated as of the 12 day of December, 2018.

_____
Lennart Österlund, CEO
Humle Kapitalförvaltning AB

_____
Jan Arpi, Deputy CEO
Söderberg & Partners Securities AB

_____
Witness Helene Holm
Attorney, ADN Law
Phone +46 8 440 30 30

_____
Witness Nejra Poljo
Associate, AND Law
Phone +46 8 440 30 30