**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x
                                       :     **Chapter 11**

**In re:**                              :

                                         :     **Case No. 08-13555 (SCC)**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :

                                         :

                    **Debtors.**          :

———————————————————————— x

## MODIFIED AMENDED ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

Upon the motion, dated October 1, 2018 (the "Motion"),[1] of Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator, for the amendment of the Alternative Dispute Resolution

Procedures Order for Indemnification Claims of Debtors Against Mortgage Loan Sellers [Docket

No. 45277] (the "ADR Order"), in the chapter 11 cases of LBHI and its affiliated debtors, all as

more fully described in the Motion, and the Sellers listed on Schedule B (the "Objectors") having

filed multiple objections and/or joinders in objections on October 23, 2018 (collectively, the

"Objections"); and the hearing on the Motion and the Objections having concluded on October

29, 2018 it is,

**HEREBY FOUND AND DETERMINED THAT THE ADR ORDER IS AMENDED**

**AS TO THE OBJECTORS AS FOLLOWS:[2]**

A.      The Court has jurisdiction to enter this Order as the matter has a close nexus to the

chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

2011 (the "Confirmation Order").  Pursuant to Paragraph 77 of the Confirmation Order and

Section 14.1 of the Plan, the Court retained jurisdiction over the matter.  Venue in this Court for

the Motion is appropriate pursuant to 28 U.S.C. § 1408.

B.    Due and proper notice of the Motion has been provided in accordance with the

procedures set forth in the Court's amended Order entered June 17, 2010, governing case

management and administrative procedures [Docket No. 9635].

C.    LBHI holds contractual claims for indemnification and/or reimbursement against

approximately 6,200 counterparties (the "Sellers") involving more than 70,000 mortgage loans by

virtue of (a) settlements between (i) LBHI and the Federal National Mortgage Association

[Docket No. 42153], and (ii) LBHI and the Federal Home Loan Mortgage Corporation [Docket

No. 42754]; (b) this Court's estimation of certain RMBS Trustees' allowed claim in LBHI's

bankruptcy [Docket No. 57785]; and (c) the allowance of certain RMBS Trustees' claims that

were settled in the ordinary course of business (the "Indemnification Claims").

D.    Certain common issues exist regarding the Indemnification Claims, including

questions involving reimbursement and indemnification rights.

E.    Substantial value may be recovered for the benefit of creditors and judicial

efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can

be achieved without the need for trial or other litigation in adversary proceedings.

F.    Similar proceedings ordered in these and other complex chapter 11 cases have

contributed to the effective administration of the proceedings and have reduced costs for all

parties.

**RELIEF**

The procedures described below are ORDERED to promote consensual recovery with respect to the Indemnification Claims, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation procedures between the affected parties.

1. <u>Standing Mediation Order</u>.  All provisions of the General Order #M-452, adopted June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this order.  To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

2. <u>Sellers</u>.  To date, LBHI has identified approximately 6,200 Sellers involving more than 70,000 mortgage loans against whom there is reasonable cause for LBHI to believe that it holds Indemnification Claims.

3. <u>Indemnification ADR Disputes</u>.  LBHI will designate a dispute (an "<u>Indemnification ADR Dispute</u>") as to any Indemnification Claim by serving the following on a Seller:

a. A copy of this Order; and

b. An Indemnification ADR Notice (as defined below) (collectively, the "<u>Indemnification ADR Package</u>").

For purposes of the Indemnification ADR Procedures, service on or notice to a Seller shall be deemed adequate if such service or notice is provided to the Seller, the Seller's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, or (ii) overnight mail.

4.      <u>Settlement of Disputes During the Indemnification ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Indemnification ADR Dispute at any time before, during, or following the designation of an Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

5.      <u>Pre-Mediation Stage Confidentiality</u>.  All discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined below) shall remain confidential and privileged in accordance with Paragraph 13 of this Order and shall not be discoverable or admissible as evidence in any subsequent litigation of the Indemnification ADR Dispute or elsewhere, except as provided by further order of this Court.

6.      <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order applicable to a particular Indemnification ADR Dispute or a particular Seller, after service of an ADR Package on a Seller:

a.      Compliance with the Indemnification ADR Procedures in this Order is mandatory in the specified Indemnification ADR Disputes for both LBHI and the Seller; and

b.      No party is required to settle or compromise any dispute or enter into a particular settlement or compromise.  However, once LBHI serves an Indemnification ADR Package upon a Seller, the Seller must serve the required responses.  LBHI and the Seller must also engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Indemnification ADR Procedures specified below for all Indemnification ADR Disputes covered by such notice.

4

7.      <u>No Substitute for Claims Procedures</u>.  The Indemnification ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.  Nothing contained herein, however, shall prevent a Seller from asserting in any respect to an Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute a right to assert valid and enforceable setoff rights with respect to LBHI's claim of an Indemnification Claim or any other valid defense to a LBHI demand thereunder.

## NOTICE/RESPONSE STAGE

8.      <u>Notice/Response</u>.  The initial stage of the Indemnification ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve an Indemnification ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The Notice/Response Stage shall include:

a.      <u>Indemnification ADR Notice</u>.  LBHI shall serve upon a Seller a notice containing sufficient information regarding the Indemnification ADR Dispute to make the Seller aware of the nature of LBHI's affirmative claim and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise (an "<u>Indemnification ADR Notice</u>").

b.      <u>Sellers's Response to Notice</u>.  A Seller must respond to the Indemnification ADR Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of service of the Notice.  The response options available to a Seller are as follows (the "<u>Responses</u>"):

i.      <u>Agreeing to Settle the Demand</u>.  If a Seller agrees to settle the demand in the Indemnification ADR Notice, the Seller shall state in writing that the

offer of settlement in the Indemnification ADR Notice is accepted. The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, LBHI shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release and receipt of the settlement payment; or

ii.    <u>Denying the Demand</u>. A Seller may decline to settle for the amount stated in the demand in the Indemnification ADR Notice, in which case the Seller must include a brief explanation in the Response to the Indemnification ADR Notice setting forth the reason(s) for such denial. In addition, the Seller may provide a counteroffer to the demand in the Indemnification ADR Notice, in which case the Seller must include a brief explanation setting forth the reason(s) for such counteroffer.

c.    <u>Failure to Respond</u>. Failure to provide a timely Response to the Indemnification ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option of LBHI, (i) in an application to the Court for sanctions as set forth below, including fees and costs; (ii) termination of the mediation; and (iii) at LBHI's discretion, institution of an action against the Seller, or immediate entry into the Mediation Stage (as defined below).

d.    <u>Reply to Response</u>. At the option of LBHI, LBHI may serve a reply (the "<u>Reply</u>") within fifteen (15) days from the date of the receipt of the Response, in which LBHI may (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information or briefing in support of its demands in the Indemnification

ADR Dispute, or (iv) reject any counteroffer, in which case the Indemnification

ADR Dispute will automatically proceed to the Mediation Stage within fifteen

(15) calendar days.  If LBHI chooses not to serve a Reply within the above time

frame, the Indemnification ADR Dispute will automatically proceed to the

Mediation Stage.

9.      Request for Initial Settlement Conference.  At any time in the Notice/Response

Stage, either LBHI or a Seller may request an initial telephonic settlement conference by written

request, to be held within five (5) calendar days.  Within two (2) calendar days of a receipt of

such a request, the other parties must respond by acceptance of one of the proposed dates and

times or by a proposal for an initial settlement call no later than five (5) calendar days from the

earliest date set forth in the written request.  If an acceptable date cannot be achieved through this

process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be

reserved for the initial conference to discuss settlement.  No mediator or representative of the

Court will participate in this discussion, but the initial conference call specified in this Paragraph,

together with any continuations or rescheduled settlement calls or meetings arising from that

initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and

analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply

to this call or series of calls as if a mediator were present.  Settlement conferences during the

Notice/Response Stage may be held in person if both parties agree in writing.

**MEDIATION STAGE**

10.     Mediation.  Indemnification ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "Mediation Stage").

a.    <u>Initializing Mediation</u>.  LBHI shall contact the mediator to schedule the initial mediation date.

b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible discretion consistent with the Standing Order.

c.    <u>Choice of Mediator</u>.  The mediators identified on Schedule A are APPOINTED as the mediators for Indemnification ADR Disputes reaching the Mediation Stage. LBHI shall select a mediator from the foregoing list (the "<u>First Mediator</u>").  An Objector shall have five (5) calendar days to object to the First Mediator.  If an Objector objects to the First Mediator, LBHI shall have five (5) calendar days to select a new mediator from the foregoing list (the "<u>Second Mediator</u>").  If the First or Second Mediator is unwilling and/or unavailable to serve, then LBHI shall select an alternate mediator from Schedule A.  If none of the foregoing is available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Indemnification ADR Dispute or group of related Indemnification ADR Disputes.  Any such alternative mediator shall be deemed to have been appointed upon entry into a written stipulation to that effect by LBHI and Sellers participating in the applicable Indemnification ADR Dispute or Disputes.  If the parties cannot agree upon a selection of mediator within ten (10) calendar days of the completion of the Notice/Response Stage, the Court shall appoint one or more mediators.

d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York.

e.     <u>Mediation Materials</u>.  LBHI shall submit to the mediator the (i) Indemnification

ADR Package, (ii) the Response, (iii) the Reply, if any, and (iv) any other

materials exchanged by the parties reflecting the parties' relative positions

("<u>Mediation Materials</u>").  No additional papers shall be submitted to the mediator

unless so requested by the mediator.  All mediation materials will be delivered at

least seven (7) days prior to the scheduled mediation proceeding and will not be

filed with the Court.

f.     <u>Appearance at Mediations</u>.  All participants in the mediation for the applicable

Indemnification ADR Dispute must appear in person at the designated mediation

location, which shall be the location set forth above unless otherwise agreed to by

the parties, with a business principal who has settlement authority. Counsel may

also be present and participate.  If the parties are unable to agree on a date for the

mediation, the mediator will fix a date at his or her discretion.

### <u>OTHER PROVISIONS</u>

11.     <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the

deadlines contained herein may be modified by:  (i) the mutual consent of LBHI and the Seller or

(ii) the Bankruptcy Court, for cause shown.

12.     <u>Sanctions for Parties</u>.  LBHI and each Seller must participate in good faith with

these Indemnification ADR Procedures with regard to the ADR Disputes specified in the

applicable Indemnification ADR Notice.  If, after notice and a hearing, the Court determines that

LBHI or the Seller has not complied with the Indemnification ADR Procedures in good faith in

connection with any Indemnification ADR Dispute, LBHI or the Seller may be subject to such

sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court

that any party subject to this Order is not cooperating in good faith with the mediation

procedures, the Court may, without the need for further motion by any party, schedule a hearing

and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the

commencement of the Mediation Stage of these procedures upon completion of the

Notice/Response Stage. Sanctions shall include, but are not limited to:

      a.    <u>Against LBHI</u>:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii)

          termination of the Indemnification ADR Procedures as to one or more

          Indemnification Claims; and/or (iv) rejection of some or all claims asserted by

          LBHI in the applicable Indemnification ADR Dispute.

      b.    <u>Against Sellers</u>:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii)

          immediate initiation of the Mediation Stage, provided the matter has not yet

          reached that point; and/or (iv) termination of the mediation with the right for

          LBHI to elect to commence an action against a defaulting Seller.

    13.    <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing

Order are hereby incorporated by reference into this Order.  No statements or arguments made or

positions taken by the mediator, LBHI, or Sellers during any part of the alternative dispute

resolution process, including settlement conferences and the Mediation Stage, may be disclosed

by the mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving in such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

provided, however, the mediator may report to the Court the status of the mediation efforts but

shall not disclose the content thereof. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Indemnification ADR Procedures including settlement conferences and the Mediation Stage.

14.    <u>Removal</u>.  If a Seller has commenced any action or proceeding in any other court or forum, or commences any other action or proceeding in any other court or forum following service upon it of an Indemnification ADR Package, LBHI may seek to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect LBHI's creditors, despite the incomplete status of the steps prescribed under the Indemnification ADR Procedures.

15.    <u>No Waiver of Defenses</u>.  The parties' participation in the Indemnification ADR Procedures set forth herein, including the Notice/Response Stage and the Mediation Stage, shall not cause either LBHI or any individual Seller to waive or release any claims, defenses, or remedies that the individual parties would otherwise hold, except to the extent that the parties enter into a settlement providing for the consensual waiver or release of claims, defenses, and/or remedies.

16.    <u>Jury Trials Unaffected</u>.  Except to the extent a Seller affirmatively chooses the mediation option set forth herein, participation in the Indemnification ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

17.    <u>Fees</u>.  Except as otherwise provided herein, each party to the mediation shall bear its own costs and counsel fees in connection with mediation.  LBHI shall pay the reasonable fees and costs charged by the mediator for an Objector for which the total RMBS Indemnification Claim amount asserted by LBHI against such Objector is less than $500,000.  LBHI shall pay 75% and the Objector shall pay 25% of the reasonable fees and costs charged by the mediator for

an Objector for which the total RMBS Indemnification Claim amount asserted by LBHI against

such Objector is between $500,001 and $1.5mm.  LBHI and the Objector shall share equally in

the reasonable fees and costs charged by the mediator for an Objector for which the total RMBS

Indemnification Claim amount asserted by LBHI against such Objector exceeds $1.5mm.  Any

deposit required by the mediator must be made within ten (10) days of the request and the failure

to pay any such deposit may subject the party to the Sanctions described in Section 12.  Any

retainer not used will be held by the mediator through the conclusion of the mediation, as

determined by the mediator.

     18.    For the avoidance of doubt, this Order only applies to the Objectors identified in

Schedule B.


**IT IS SO ORDERED:**

January 14, 2019
New York, New York

                /S/ Shelley C. Chapman
                UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE A

| Mediator | Contact Information |
|---|---|
| Peter L. Borowitz | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY<br>Tel: 212-909-6525<br>Fax: 212-521-7525<br>Email: plborowtiz@debevoise.com |
| Timothy T. Brock | Satterlee Stephens LLP<br>230 Park Avenue, 11th Floor<br>New York, NY 10169<br>Tel: 212-818-9200<br>Email: tbrock@ssbb.com |
| Martin G. Bunin | Farrell Fritz, P.C.<br>622 Third Avenue<br>Suite 37200<br>New York, NY 10017<br>Tel: 212-687-1230<br>Email: mbunin@farrellfritz.com |
| Keith N. Costa | Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>Tel: 212-905-3761<br>Email: kcosta@otterbourg.com |
| Melanie L. Cyganowski | Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>Tel: 212-905-3677<br>Email: mcyganowski@otterbourg.com |
| Andrew B. Eckstein | Moritt Hock & Hamroff LLP<br>1407 Broadway, 39th Floor<br>New York, NY 10018<br>Tel: 212-239-2000<br>Fax: 212-239-7277<br>Email: aeckstein@moritthock.com |
| Judith Elkin | 23 Malysana Lane<br>New Rochelle, NY 10805<br>Tel: 917-671-8062<br>Email: elkinj@mac.com |
| Yann Geron | Reitler Kailas & Rosenblatt LLC<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>Tel: 212-209-3050<br>Mobile: 914-582-6965<br>Email: ygeron@reitlerlaw.com |

| Mediator | Contact Information |
| --- | --- |
| Eric Haber | Cooley LLP<br>1114 Avenue of Americas<br>New York, NY 10036<br>Tel: 212-479-6144<br>Email: ehaber@cooley.com |
| Marc E. Hirschfield | Royer Cooper Cohen Braunfeld LLC<br>1120 Avenue of the Americas<br>4th Floor<br>New York, NY 10036<br>Tel: 212-994-0451<br>Mobile: 917-273-2405<br>Email: mhirschfield@rccblaw.com |
| John Kenney | Hoguet Newman Regal & Kenney, LLP<br>One Grand Central Place<br>60 E 42nd St., 48th Floor<br>New York, New York 10017<br>Tel: (212) 689-8808<br>Email:  jkenney@hnrklaw.com |
| Norman N. Kinel | Squire Patton Boggs<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel: 212-407-0130<br>Mobile: 732-690-4822<br>Email: norman.kinel@squirepb.com |
| Tracy L. Klestadt | Klestadt Winters Jureller Southard & Stevens, LLP<br>200 West 41st Street<br>17th Floor<br>New York, NY 10036-7203<br>Tel: 212-972-3000 ext 101<br>Fax: 212-972-2245<br>Email: tklestadt@klestadt.com |
| Jon Landers | Scarola Zubatov Schaffzin PLLC<br>1700 Broadway, 41st floor<br>New York, New York 10019<br>Tel:  (212) 757-0007<br>Email:  jonathan.landers@szslaw.com |
| Kenneth M. Lewis | Whiteford Taylor Preston<br>444 Madison Avenue<br>4th Floor<br>New York, NY 10022<br>Tel: 914-761-8400<br>Fax: 914-580-9177<br>Email: klewis@wtplaw.com |

| Mediator | Contact Information |
|---|---|
| Monica McCabe | Phillips Nizer LLP<br>485 Lexington Avenue<br>New York, New York 10017<br>Tel:  (212) 841-0713<br>Email:  mmccabe@phillipsnizer.com |
| Joseph T. Moldovan | Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4784<br>Tel: 212-735-8603<br>Email: jmoldovan@morrisoncohen.com |
| Dan Murdock | Daniel R. Murdock, Esq.<br>90 Horton Street<br>City Island, New York  10464<br>Tel:  (914) 738-1486 (landline)<br>danielrmurdock@outlook.com |
| Debbie Reperowitz | Stradley Ronon<br>100 Park Avenue, Suite 2000<br>New York, New York 10017<br>Tel:  (212) 812-4138<br>Email:  dreperowitz@stradley.com |
| Robert J. Rosenberg | 125 East 61st Street<br>New York, NY 10065<br>Tel: 212-644-5758<br>Mobile: 917-273-5216<br>Email: robertrosenbe@gmail.com |
| Hon. Donald H. Steckroth<br><br>(Ret.) | Cole Schotz P.C.<br>1325 Avenue of the Americas<br>19th Floor<br>New York, New York 10019<br>Tel:  (212)-752-8000<br>Email:  dsteckroth@coleschotz.com |

3

# SCHEDULE B

| Party | Docket Number |
|---|---|
| Access National Mortgage Corporation | [Case No. 08-13555, Dkt. No. 58959] |
| Advisors Mortgage Group, LLC | [Case No. 08-13555, Dkt. No. 58959] |
| American Capital Corporation | [Case No. 08-13555, Dkt. No. 58959] |
| American Pacific Mortgage Corp | [Case No. 08-13555, Dkt. No. 58958] |
| Avenue Mortgage, Inc. | [Case No. 08-13555, Dkt. No. 58949] |
| Cherry Creek Mortgage Co., Inc. | [Case No. 08-13555, Dkt. No. 58955] |
| Cornerstone Mortgage, Inc | [Case No. 08-13555, Dkt. No. 58958] |
| First Savings Mortgage Corporation | [Case No. 08-13555, Dkt. No. 58949] |
| GMFS LLC | [Case No. 08-13555, Dkt. No. 58959] |
| Group 2000 Real Estate Services, Inc. | [Case No. 08-13555, Dkt. No. 58949] |
| Guild Mortgage Company | [Adv. Proc. No. 17-01001, Dkt. No. 63] |
| imortgage.com, Inc | [Adv. Proc. No. 16-01019, Dkt. No. 681] |
| Jersey Mortgage Company of New Jersey, Inc. | [Case No. 08-13555, Dkt. No. 58959] |
| Mason McDuffie Mortgage Corp. | [Case No. 08-13555, Dkt. No. 58959] |
| Merrimack Mortgage Company, Inc | [Case No. 08-13555, Dkt. No. 58959] |
| North American Savings Bank | [Case No. 08-13555, Dkt. No. 58961] |
| North Atlantic Mortgage Corporation | [Adv. Proc. No. 16-01019, Dkt. No. 672] |
| Nova Financial & Investment Corporation | [Case No. 08-13555, Dkt. No. 58959] |
| Parkside Lending, LLC | [Case No. 08-13555, Dkt. No. 58958] |
| Response Mortgage Services, Inc. | [Adv. Proc. No. 16-01019, Dkt. No. 662]; [Adv. Proc. No. 16-01019, Dkt. No. 682] |

| Party | Docket Number |
|---|---|
| Sacramento 1st individually and as successor by merger to Comstock Mortgage | [Case No. 08-13555, Dkt. No. 58958] |
| Sierra Pacific Mortgage Company, Inc | [Case No. 08-13555, Dkt. No. 58953] |
| Southern Fidelity Mortgage Corporation | [Case No. 08-13555, Dkt. No. 58949] |
| The Mortgage Link, Inc. | [Case No. 08-13555, Dkt. No. 58959] |