**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | |
| LEHMAN BROTHERS HOLDINGS INC., | Adv. Pro. No. 16-01019 (SCC) |
| Plaintiff, | |
| v. | |
| 1st ADVANTAGE MORTGAGE, L.L.C., *et al.*, | |
| Defendants. | |
| AND COORDINATED ADVERSARY PROCEEDINGS | |

## [PROPOSED] AMENDED CASE MANAGEMENT ORDER

The Court, having issued the November 1, 2016 Case Management Order [Adv. Proc. No. 16-01019, ECF No. 305] (the "Original CMO") and the December 13, 2018 Order binding certain defendants to the Original CMO and directing defendants and Lehman Brothers Holdings Inc. ("Plaintiff") to submit a revised CMO [Adv. Proc. No. 16-01019, ECF No. 709] (the "Order to Bind"), hereby orders as follows:

## I.    APPLICABILITY AND SCOPE

**A.**    This Amended Case Management Order (the "Order") hereby supersedes the Original CMO and the Order to Bind. This Order also applies to and governs the adversary proceedings identified on Exhibit 1. All such adversary proceedings are referred to collectively and individually herein as the "Coordinated Actions" and each of the defendants in the

Coordinated Actions is referred to herein individually as "Defendant" and collectively as "Defendants."

**B.**      In accordance with paragraph 6 of the Original CMO and paragraph 2 of the Order to Bind, the docket of *Lehman Brothers Holdings Inc. v. 1st Advantage Mortgage, L.L.C.*, *et al.*, Adv. Proc. No. 16-01019 (the "Central Docket") serves as the master docket for all Coordinated Actions.  A docket entry shall be made in each of the Coordinated Actions substantially in the form stated in paragraph 2 of the Order to Bind.

**C.**      With the exception of certain limitations set forth in this Order, Plaintiff and each Defendant (each, individually, a "Party," and collectively, the "Parties") are to conduct discovery in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Chambers' Rules of this Court (the "Chambers' Rules," with the Bankruptcy Rules and the Local Rules, and any other applicable laws or rules, the "Applicable Rules").  All discovery between the Parties will be served electronically in these Coordinated Actions.

**D.**      The Parties shall undertake best efforts to self-govern and coordinate their prosecution and defense efforts to minimize duplicative discovery and motion practice, in order to foster the efficient and prompt management of these Coordinated Actions.

## II.      DEFENDANTS' MOTIONS TO DISMISS

**A.**      Plaintiff recently filed additional complaints (the "Additional Complaints") against certain Defendants who filed motions for leave to appeal the denial of their motions to dismiss and/or Motion to Treat the Bankruptcy Court's Decision Dated August 13, 2018 (Central Adversary No. 16-01019) as Findings of Fact and Conclusions of Law and for a *De Novo* Review, Including Objections, as to Subject Matter Jurisdiction and filed supplemental complaints against

other Defendants who previously filed motions to dismiss but did not seek leave to appeal the

denial of those motions (the "Supplemental Complaints").  Plaintiff also recently filed complaints

against new Defendants against whom it has only asserted claims related to Plaintiff's settlement

with trustees for certain RMBS trusts (the "RMBS Trustees") (the "Newly-Filed Complaints," and

with the Additional Complaints and the Supplemental Complaints, the "Complaints").  The

Complaints relate to settlements that Plaintiff has entered into with the Federal National Mortgage

Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac") (the

"GSE Claims"), and/or the settlement with the RMBS Trustees (the "RMBS Claims").

B.    Within sixty (60) days after entry of this Order, any Defendant named in a

Complaint asserting RMBS Claims may file a single omnibus motion to dismiss such RMBS

Claims pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(3) (improper

venue), 12(b)(6) (failure to state a claim upon which relief can be granted), 12(b)(7) (failure to join

a party under Rule 19), 12(e) (for a more definitive statement), and 12(f) (to strike), each as made

applicable by Bankruptcy Rule 7012(b) (the "Omnibus Motion to Dismiss").  With respect to the

Omnibus Motion to Dismiss, to the extent the Defendants present the same arguments as motions

to dismiss previously filed and ruled upon in the Coordinated Actions [Adv. Proc. No. 16-01019,

ECF No. 606], any Party may request or the Court may decide *sua sponte* that the Court not hear

oral argument or rule on that portion of the Omnibus Motion until the later of the District Court

(i) denying certain Defendants' motions for leave to appeal and motion to deem and any appellate

or writ rights regarding such denial being exhausted, (ii) granting leave to appeal, ruling on the

appeal, and any appeal rights regarding the District Court's decision being exhausted, or

(iii) granting and ruling on the motion to deem, and any appeal rights or writ regarding the District

Court's decision have been exhausted.

**C.**     The Omnibus Motion to Dismiss shall not exceed seventy (70) pages.  Any brief in

opposition to any such Omnibus Motion to Dismiss shall not exceed seventy (70) pages, and shall

be filed within 60 days of the service of the Omnibus Motion to Dismiss.  Any reply brief in

support of the Omnibus Motion to Dismiss shall not exceed thirty (30) pages, and shall be filed

within 45 days of the service of the opposition. The page limits and briefing schedule in this

paragraph may be modified by an order of the Court.

**D.**     The page limitations set forth above with respect to the Omnibus Motion to Dismiss

and below with respect to other filings submitted in accordance with this Order shall not apply to

any exhibits that may otherwise properly be attached to or otherwise accompany any memoranda

of law or affidavit(s) in support of or in opposition to a motion or to the cover page, the table of

contents, table of authorities, or any signature blocks.

**E.**     If any Defendant permitted to file or join the Omnibus Motion to Dismiss contends

that it is able to present to the Court facts or issues that are unique to it as compared to the other

Defendants with respect to the subject matter and legal arguments made in the Omnibus Motion

to Dismiss, and were not previously raised with the Court, it may request permission from the

Court to file a supplemental brief ("Supplemental Brief") not to exceed ten (10) pages.  Any such

request shall be made by letter request ("Letter Request") filed on the appropriate Action's docket

and served on Plaintiff's counsel within five (5) business days after the filing of any Omnibus

Motion.  Any such Letter Request shall be no more than two (2) pages in length, and shall describe

the requesting Defendant's reasons for seeking permission to file such a Supplemental Brief.  Any

Party that opposes a Letter Request may respond in a letter ("Letter Response") to the Court filed

on the Central Docket and the appropriate individual' docket within seven (7) business days.  Any

Letter Response shall be no more than two (2) pages in length, and shall describe the opposing

Party's basis for its opposition.  For every five (5) Letter Requests that are filed, Plaintiff's time to file Letter Responses shall be extended an additional three (3) business days.

**F.**     If any Defendant contends that it needs more than ten (10) pages in a Supplemental Brief, it must include such request in the Letter Request.  Any Party may oppose a request for additional pages in its Letter Response.

**G.**     After the process set forth in paragraphs E and F above is complete, the Court shall rule on whether any such Supplemental Brief is appropriate.  Any Supplemental Brief shall be filed within thirty (30) business days of the Court's grant of permission to do so.  Plaintiff may reply to each Supplemental Brief with an answering brief not more than ten (10) pages in length briefed by the later of (i) the deadline for filing Plaintiff's opposition brief to any Omnibus Motion to Dismiss, or (ii) thirty (30) days after the filing of such Supplemental Brief.  Any reply brief in support of a Supplemental Brief shall not exceed five (5) pages, and shall be filed within fifteen (15) days after the service of the opposition brief.

**H.**     Plaintiff may (i) request that any one or more Supplemental Briefs be deemed consolidated on any common issues, and (ii) respond to such consolidated Supplemental Briefs in a single brief.  Such request shall be made by letter request to the Court of no more than two (2) pages. Each Defendant that intends to submit (or has submitted) a Supplemental Brief as to which Plaintiff seeks to consolidate under this paragraph may respond in a letter to the Court of no more than two (2) pages within seven (7) business days of receipt of Plaintiff's letter request.  In the event that the Court grants Plaintiff's request to consolidate one or more Supplemental Briefs, the Court shall determine the page limits for Plaintiff's consolidated brief and for any consolidated reply brief.  Nothing in this paragraph prevents Plaintiff from separately responding to the

Supplemental Briefs, unless otherwise ordered by the Court, or requires any Defendant to file a

consolidated reply brief, unless otherwise ordered by the Court.

**I.**     If any Newly-Added Defendant[1] or any Defendant who has been served with a

Supplemental or Additional Complaint[2] intends to file any threshold motion, including motions

under Fed. R. Civ. Proc. 12(b)(2) (lack of personal jurisdiction); 12(b)(4) (improper process);

12(b)(5) (insufficient service of process); and 28 U.S.C. § 1404 (change of venue), which arguably

address issues unique to that Defendant (the "Individual Jurisdiction/Venue Motion"), it shall

request a pre-motion conference within 60 days of entry of this Order.  To request a pre-motion

conference, such a Defendant shall file a letter request on the Central Docket and the appropriate

individual docket.  Any such letter request shall be no more than two (2) pages in length, and shall

describe the grounds for the proposed motion.  The Court shall schedule a pre-trial conference or

conferences to determine the appropriate way to handle any Individual Jurisdiction/Venue

Motion.[3]  Notwithstanding the foregoing, to the extent any existing Defendant filed a Rule 12

motion to dismiss or motion to transfer venue in connection with the GSE claims (either on an

omnibus or individual basis) that was denied, and seeks to file a motion seeking the same relief in

connection with a Supplemental or Additional Complaint solely in order to preserve its appellate

rights, if any, that Defendant may file a *pro forma* motion without leave of court (and without a

---

[1] The Newly-Added Defendants are those listed on Exhibit 2.

[2] Defendants who have been served with Supplemental or Additional Complaints are those listed on Exhibit 3.

[3] The foregoing requirements shall not apply to Home Capital Funding d/b/a Security One Lending, who shall be permitted to file a motion to dismiss and/or motion for summary judgment as to LBHI's claims based upon successor liability and/or alter ego pursuant to and in compliance with the requirements set forth in the Court's October 5, 2017 Scheduling Order Regarding Discovery and Briefing in Connection with Certain Defendants' Motions to Dismiss Based on Successor Liability Issues. *See* Adv Proc. 16-01344, ECF No. 33.

pre-motion conference) that states the relief sought and explains that it seeks the relief on the same

basis upon which it sought relief in its earlier motion.[4]

J.      If the Court wishes to have oral argument on the Omnibus Motion to Dismiss

(including any issues raised by Supplemental Briefs) and on any Individual Jurisdiction/Venue

Motions, it shall be conducted on a date or dates to be determined.  It is anticipated that, in advance

of any oral arguments on the Omnibus Motion to Dismiss and on any Individual

Jurisdiction/Venue Motions, the Court will advise the Parties how much time, in aggregate, the

Court will schedule for oral argument on the Omnibus Motion to Dismiss and Individual

Jurisdiction/Venue Motions, and of any allocation of time between the Parties.

K.      Discovery will not be stayed during the pendency of any motions to dismiss,

however, a Party may request a stay of discovery in accordance with Local Rule 7007-1 and/or

any other Applicable Rule.  Any briefing schedule on a motion to stay shall be set by Court order.

Discovery will not be stayed while a request for a stay is pending.

## III.    DEFENDANTS' ANSWERS

A.      Each Defendant shall file an Answer to the Complaint(s) against it within 45 days

from the entry of this Order unless such Complaint asserts RMBS Claims and such Defendant

intends to join the Omnibus Motion to Dismiss or to file an Individual Jurisdiction/Venue Motion

pursuant to Section II.

B.      If a Defendant against whom a Complaint has been filed joins the Omnibus Motion

to Dismiss or files an Individual Jurisdiction/Venue Motion, such Defendant shall file an Answer

---

[4] For the avoidance of doubt, this provision applies to Defendants Universal American Mortgage
Company and Eagle Home Mortgage, LLC, which shall be permitted to file *pro forma* motions to
dismiss the claims in the Supplemental Complaints on claim- and issue-preclusion grounds.

to the Complaint within 30 days after the Court rules on the Omnibus or Individual

Jurisdiction/Venue Motion, unless such motion is granted.

## IV.    <u>INITIAL DISCLOSURES</u>

**A.**    The Parties shall make the initial disclosures required by Fed. R. Civ. Proc. 26(a)(1)

within 30 days from the date of entry of this Order.

**B.**    In addition the information required in Fed. R. Civ. Proc. 26(a)(1), as made

applicable by Bankruptcy Rule 7026, on or before the later of (i) 45 days from the date of entry of

this Order or (ii) 15 days from the entry of a protective order pursuant Section VI.E of this Order,

Plaintiff shall provide, for each loan, the borrower name and address and the shelf and series of

the trust containing the loan.

**C.**    The Parties' initial disclosures shall be made in good faith and in the exercise of

reasonable diligence and shall be supplemented and corrected pursuant to and in accordance with

Fed. R. Civ. Proc. 26(e), as made applicable by Bankruptcy Rule 7026.

## V.    <u>MOTIONS TO AMEND OR SUPPLEMENT THE COMPLAINTS</u>

Nothing in this Order shall affect (i) Plaintiff's right to seek to amend or supplement any

of the Complaints pursuant to Bankruptcy Rule 7015 or otherwise, or (ii) the Defendants' right to

object to any such request for amendment or supplementation.

## VI.    <u>FACT DISCOVERY</u>

**A.    Written Discovery:**    Plaintiff's written discovery requests to Defendants on

common issues shall contain the same requests for all Defendants.  Defendants shall coordinate to

serve consolidated written discovery requests on Plaintiff as to common issues.  To be a common

issue does not require that the responsive information be identical, but rather that the request seeks

the same or a similar category of documents or information for multiple (but perhaps not all)

Defendants. Requests do not relate to Unique Issues merely because the specific responsive documents or information within a given category are different for each Defendant. Nothing in this paragraph shall prevent any Party from seeking permission from the Court to serve individual written discovery requests on another Party as to common issues for good cause shown. Any motion or request must comply with Local Rule 7007-1 and any other Applicable Rule. The limitations below may be modified by written consent of the applicable Parties without further Court order.

1. **Interrogatories:** Initial interrogatories shall be served no later than 65 days after the entry of this Order. As to common issues, the Plaintiff and all Defendants as a group shall serve no more than *[Plaintiff's Proposal: 30] [Defendants' Proposal: 120]* interrogatories per side, counted in accordance with Bankruptcy Rule 7033(a)(1). As to issues specific to a particular Defendant ("Unique Issues"), no Party shall serve more than *[Plaintiff's Proposal: 10] [Defendants' Proposal: 25]* interrogatories, except upon order of the Court (for good cause shown). Responses and objections to interrogatories shall be served within 45 days of receipt. Except as set forth herein, all interrogatories shall comply with Local Rule 7033-1.

2. **Requests for Production of Documents:** Initial requests for production of documents shall be served no later than 30 days after the entry of this Order. As to common issues, the number of requests for production shall not be limited, provided, however, that any Party may seek relief from the Court in the event that the number of requests propounded result in undue burden or are otherwise objectionable. As to Unique Issues, no Party shall serve more than 10 requests for the production of documents. Responses and objections to requests for the production of documents will be served within 30 days of receipt.

3. **Requests for Admission:** Initial requests for admission shall be served no later than 210 days after the entry of this Order. As to common issues, the Plaintiff and all Defendants as a group shall serve no more than 30 common requests for admission per side. As to Unique Issues, no Party shall serve more than 10 requests for admission. Responses and objections to requests for admission shall be served within 45 days of receipt. At the close of discovery, the Parties shall meet and confer as to the authentication of documents by stipulation or through additional requests for admission beyond those referenced in this paragraph.

4. **Timing of Document Production:**

a.  Within the later of (i) 60 days of the entry of this Order or (ii) 15 days after the entry of a protective order pursuant to Section VI.E, Plaintiff shall substantially complete production of loan files in Plaintiff's custody and/or control for mortgage loans at issue in the Coordinated Actions ("<u>Covered Loans</u>").

b.  The production of documents responsive to requests for production shall commence upon the later of (i) 45 days following the service of responses and objections to requests for the production of documents, or (ii) 15 days after the entry of a protective order pursuant to Section VI.E.  No Party shall be permitted to "end-load" the production of documents but rather must act in good faith and exercise reasonable diligence to produce documents on a rolling basis.

c.  The Parties will endeavor to resolve any disagreements regarding search terms and custodians for the collection and review of electronically stored information ("<u>ESI</u>") no later than 45 days following the service of responses to the first set of requests for production of documents and will, if necessary, bring such disputes to the Court's attention by motion or by way of a letter request for a conference as necessary.

d.  While the Parties are negotiating search terms and custodians, the Parties shall begin to collect and produce the following categories of documents: loan files, policies and procedures documents, documents regarding the Seller's Guide (as defined in the Complaints), servicing files, Claims Tracking Spreadsheets, applicable underwriting guidelines, hard copy communications regarding the Parties' contracts, organization charts, quality-control documents, and documents related to successor liability to the extent that such production is practical without the use of search terms.

e.  The deadline for the substantial completion of production of documents for all matters is thirteen months from the entry of this Order.

5.  **Privileged Material:**  The Parties shall meet and confer no later than 120 days before the date for substantial completion of the production of documents, as set forth in Section VI.A.4.e, regarding the form and content of logs of documents withheld on the basis of privilege or work product protection.  No later than 60 days before the deadline for substantial completion of fact discovery, the Parties shall submit to the Court either (i) an agreed-upon proposed order regarding such log of withheld documents withheld from production or (ii) if the Parties cannot reach agreement, separate letters to the Court describing the areas of agreement and disagreement.

**B.      Deposition Discovery:**  The Parties shall meet and confer no later than 120 days before the date for substantial completion of the production of documents, as set forth in Section VI.A.4.e, regarding a protocol for depositions of fact witnesses, which protocol shall include a deadline for the completion of depositions of fact witnesses.  If the Parties are unable to agree on such a protocol for depositions of fact witnesses, the Parties shall inform the Court of their respective positions no later than 60 days before the date for substantial completion of the production of documents.

**C.      Third-Party Discovery:**  Third-party discovery may proceed in all Coordinated Actions in accordance with the Federal Rules of Civil Procedure, provided that third-party depositions will not be noticed to occur within 180 days after the entry of this Order.

**D.      Secure File Transfer or Similar Secure "Dataroom" Protocol:**  The Parties shall meet and confer regarding the use of a secure file transfer protocol ("FTP") mechanism to produce documents to all Parties at once and/or to each Party individually.

**E.      Protective Order and ESI Protocol:**  The Parties shall meet and confer by no later than 15 days from the entry of this Order regarding a proposed protective order covering confidential material, and shall submit to the Court a proposed protective order or letters setting forth their proposed positions within 30 days after the entry of this Order.  The Parties shall meet and confer by no later than 30 days from the entry of this Order regarding an ESI Protocol covering the production of electronic documents, and shall submit to the Court an ESI Protocol or letters setting forth their proposed positions within 60 days after entry of this Order.

**F.      Loan-Level Contract, Guideline, and Exception Identification:**  The Parties shall meet and confer by no later than 120 days after the entry of this Order regarding a protocol, if any, to identify loan-level contracts, guidelines and exceptions.  Any disputes concerning a

protocol will be raised with the Court in accordance with Local Rule 7007-1 and any other

Applicable Rule.

## VII.    COMPLETION OF FACT DISCOVERY

Fact discovery shall be complete by the date set forth in the fact deposition protocol

provided for in Section VI.B of this Order.

## VIII.   EXPERT DISCOVERY

The Parties shall meet and confer regarding an appropriate schedule and protocol for expert

discovery no later than 120 days before the deadline to complete fact discovery.  No later than 60

days before the deadline to complete fact discovery, the Parties shall submit to the Court either (i)

an agreed-upon proposed scheduling order for expert discovery or (ii) if the Parties cannot reach

agreement, separate letters to the Court describing the areas of agreement and disagreement.

## IX.    NON-DISPOSITIVE MOTION PRACTICE

**A.    Pre-Motion Conferences:**  No non-dispositive motions shall be filed without first

filing a letter request with the Court, except with respect to non-dispositive motions addressed in

Section II (*i.e.*, motions regarding venue).  Except as set forth herein, prior to filing a letter request

for such a motion, the Parties must engage in a meet and confer to attempt to resolve their

differences in good faith.  Except as otherwise set forth in this order, all discovery disputes shall

be governed by Local Rule 7007-1 and any other Applicable Rule.

**B.    Coordination of Motion Practice:**  With respect to any non-dispositive motions

not addressed in Section II (*i.e.*, motions regarding venue), Defendants shall file an omnibus brief

addressing any common issues.  To the extent a Defendant contends that such common motion

raises a Unique Issue, such Defendant may apply to the Court for permission to file a supplemental

brief, but in no case shall such supplemental brief exceed 10 pages.  Plaintiff may file

corresponding oppositions to any such brief.

## X.    DISPOSITIVE MOTIONS AND TRIAL

**A.**    The Parties shall meet and confer regarding an appropriate schedule for any remaining dispositive motions and trial readiness no later than 120 days before the deadline to complete expert discovery.  No later than 60 days before the deadline to complete expert discovery, the Parties shall submit to the Court either (i) an agreed-upon proposed scheduling order for remaining dispositive motions and trial readiness or (ii) if the Parties cannot reach agreement, separate letters to the Court describing the areas of agreement and disagreement.

**B.**    If any party intends to file a dispositive motion before the conclusion of the process described in Paragraph X.A., the parties shall meet and confer regarding an appropriate schedule, page limits, and coordination.

## XI.    RESERVATIONS

**A.**    No Defendant shall be required to join, in whole or in part, any Omnibus Motion to Dismiss, any Individual Jurisdiction/Venue Motion, or any other motion in the Coordinated Actions.  Any Defendant who does not expressly join any motion, in whole or in part, shall not waive any rights in the subject motion.

**B.**    Subject to Local Rule 7056-1 and in accordance with any Applicable Rule, nothing in this Order prevents any Party from filing a motion for summary judgment at any time.

**C.**    Nothing in this Order or in the participation in the briefing or discovery contemplated herein shall constitute or will be construed as (i) a waiver of any subject-matter jurisdiction, personal jurisdiction, or venue issues in connection with the Coordinated Actions; (ii) a waiver of any right of any Party to a jury trial before a federal district court or state court on any of the claims asserted by Plaintiff against that Defendant; or (iii) submission to the Bankruptcy Court for final or dispositive adjudication of any order, judgment, motion or trial by any Party.

**D.**      Nothing in this Order will be construed to waive or limit any otherwise applicable right of any Party under the Federal Rules of Civil Procedure or other Applicable Rule.

**E.**      Nothing in this Order will be construed to waive or limit any otherwise applicable right of any Party to (i) seek immediate interlocutory appeal of any adverse Order or proposed finding of fact or law; (ii) object to any such interlocutory appeal; (iii) seek any review by another Court of any determination by the Bankruptcy Court; (iv) seek modification of this Order for good cause shown; or (v) move to withdraw the reference.

**F.**      All communications and documents (including drafts) exchanged between and among any current or former Defendants and/or their respective attorneys since (i) in the case of Defendants that were subject to the Original CMO either at the time it was entered or pursuant to the Court's order dated March 6, 2017 [Adv. Proc. No. 16-01019, ECF No. 398], February 3, 2016 and (ii) in the case of all other Defendants, October 1, 2018, solely in connection with the prosecution and defense of the Coordinated Actions, are deemed to be presumptively privileged communications subject to a joint defense privilege and/or attorney work product, as the case may be.  This paragraph is without prejudice to any other privilege that may apply.

**IT IS SO ORDERED.**


Dated: [_____], 2019                           s/  DRAFT_____
                                                                          Hon. Shelley C. Chapman
                                                                          United States Bankruptcy Court Judge

# EXHIBIT 1

| Defendant Name | Adversary Proceeding Number |
|---|---|
| 1AM, L.L.C. f/k/a 1st Advantage Mortgage, L.L.C. | 16-01377 |
| 1st 2nd Mortgage Company of N.J., Inc. (AKA Consumer Home Lending, LLC) | 18-01695 |
| Access National Bank, as successor to Access National Mortgage Corporation | 18-01757 |
| All Home Lending, Inc. | 18-01696 |
| Alliance Mortgage Banking Corp. | 18-01738 |
| American Bank | 16-01003 18-01867 |
| American Capital Mortgage, Inc. f/k/a American Capital Mortgage Bankers, LTD | 18-01697 |
| American Home Bank, N.A., a Division of Graystone Tower Bank | 18-01719 |
| American Home Equity Corporation | 16-01300 |
| American Interbanc Mortgage, LLC | 18-01698 |
| American Lending Network, Inc. | 16-01347 |
| American Pacific Mortgage Corporation, individually and as successor by merger to Diversified Capital Funding, Inc. | 16-01360 |
| America's Mortgage Alliance, Inc. | 16-01378 |
| America's Mortgage, LLC | 16-01378 |
| AMERIS BANK, as successor by merger to The Coastal Bank | 18-01760 |
| Approved Funding Corp. | 16-01284 18-01790 |
| Arlington Capital Mortgage Corporation | 16-01351 18-01840 |
| Atlantic Bay Mortgage Group, L.L.C. | 16-01311 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Aurora Financial, LLC f/k/a Aurora Mortgage, LLC | 16-01312 |
| Avonwood Capital Corporation | 16-01358 |
| Baltimore American Mortgage Corporation Inc. | 18-01724 |
| Banc of California, Inc., as successor by merger to Gateway Business Bank | 18-01713 |
| Banco Popular North America | 18-01761 |
| Bank of England | 16-01285 |
| Bondcorp Realty Services Inc. | 16-01302 18-01792 |
| Branch Banking and Trust Company, as successor by merger to National Penn Bank | 18-01755 |
| Broadview Mortgage Corporation | 16-01286 18-01793 |
| BWC Mortgage Services | 16-01376 18-01823 |
| BWC Real Estate Inc. | 16-01376 18-01823 |
| Capital Bank Corporation, as successor by merger to TIB Bank | 16-01367 |
| Cherry Creek Mortgage Co., Inc. | 16-01287 18-01795 |
| Choice Mortgage Bank, Inc. as successor to K & B Capital Corp. | 18-01753 |
| Circle One Mortgage Company | 16-01364 18-01829 |
| City First Mortgage Services, L.L.C. | 16-01303 |
| CMG Mortgage, Inc. | 16-01332 18-01796 |
| Colonial Savings, F.A. | 18-01699 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Colorado Federal Savings Bank | 18-01700 |
| Commerce Home Mortgage, Inc. f/k/a Simonich Corp. | 16-01376 18-01823 |
| Congressional Bancshares, Inc. (successor-in-interest) | 16-01003 18-01867 |
| Cornerstone Mortgage Corporation d/b/a Cornerstone Mortgage Company | 18-01703 |
| Cornerstone Mortgage, Inc. | 16-01288 |
| Covino & Company, Inc.(a/k/a Luxmac), as successor by merger to Resource Mortgage Banking, Ltd. | 18-01751 |
| Crestline Funding Corporation | 16-01306 |
| CTX Mortgage Company, LLC | 16-01359 |
| DHI Mortgage Company Ltd. | 16-01374 |
| Directors Mortgage, Inc. | 16-01345 |
| DITECH Financial LLC, as successor to merger to DITECH Mortgage Corp., f/k/a Home Capital Funding, d/b/a Security One Lending | 18-01830 |
| Diversified Capital Funding, Inc. | 16-01360 |
| Draper and Kramer Mortgage Corporation d/b/a 1st Advantage Mortgage | 16-01377 |
| Eagle Mortgage Holdings, LLC as successor by merger to Eagle Home Mortgage, Inc. | 16-01383 |
| E-Loan, Inc. | 18-01762 |
| Embrace Home Loans f/k/a Advanced Financial Services, Inc. and as successor by merger to Mason Dixon Funding, Inc. | 18-01756 |
| Equity Mortgage LLC | 18-01758 |
| Fairmount Funding Ltd. | 16-01385 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| First Bank | 16-01289 |
| First California Mortgage Company | 16-01313 18-01797 |
| First Capital Corporation of Los Angeles | 16-01379 |
| First Capital Group, L.P. | 16-01379 |
| First Credit Union | 18-01701 |
| First Equity Mortgage Bankers, Inc. | 16-01305 |
| First Guaranty Mortgage Corp. | 18-01702 |
| First Horizon Home Loans Corporation | 18-01759 |
| First Independent Mortgage Company | 18-01704 |
| First Mortgage Corporation | 16-01290 18-01798 |
| First National Bank | 16-01364 18-01829 |
| First National Bank of Omaha | 16-01364 |
| First Residential Mortgage Services Corporation | 16-01307 |
| First State Bank | 18-01766 |
| Flagstar Bank FSB | 18-01763 |
| Flagstar Capital Markets Corporation | 18-01763 |
| Freedom Mortgage Corporation | 16-01373 |
| Gateway Bank, F.S.B. | 16-01363 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Gateway Funding Diversified Mortgage Services, L.P. | 16-01351<br>18-01840 |
| Gateway Mortgage Group, LLC | 16-01291 |
| Genpact Mortgage Services, Inc. | 18-01705 |
| George Mason Mortgage LLC | 18-01707 |
| GFI Mortgage Bankers, Inc | 18-01708 |
| Goldwater Bank, N.A., as successor to Community Banks of Colorado | 18-01754 |
| Grand Bank, NA | 18-01711 |
| Greenwich Home Mortgage Corp. | 18-01744 |
| Group 2000 Real Estate Services, Inc. | 18-01733 |
| Guaranteed Rate, Inc. | 16-01292 |
| Guaranteed Rate, Inc. d/b/a GuaranteedRate.com | 18-01799 |
| Guild Mortgage Company individually and as successor in interest to Liberty Financial Group, Inc. | 17-01001<br>18-01866 |
| Hartland Mortgage Centers, Inc. | 16-01317<br>18-01800 |
| Home Capital Funding d/b/a Security One Lending | 16-01344 |
| Home Loan Center, Inc. | 16-01342 |
| Home Loan Mortgage Corporation | 16-01319 |
| Homeward Residential as successor to Lendia, Inc. and Lendia LLC | 18-01752 |
| iMortgage.com, Inc. | 16-01283<br>18-01839 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Jersey Mortgage Company of New Jersey, Inc. | 18-01731 |
| Just Mortgage, Inc. | 18-01750 |
| Lakeland Mortgage Corporation | 16-01320 |
| LendUS, LLC, as successor by merger to NL, Inc. | 18-01739 |
| LHM Financial Corporation | 18-01715 |
| Loan Correspondents, Inc. | 16-01337 |
| Loan Simple, Inc. f/k/a Ascent Home Loans, Inc. f/k/a Placer Financial Inc. | 16-01309 18-01791 |
| LoanDepot.com, LLC | 16-01283 |
| LoanDepot.com, LLC, as successor by merger to Mortgage Master, Inc. | 18-01725 |
| Luxury Mortgage Corp. | 18-01717 |
| Maribella Mortgage, LLC | 16-01322 |
| Market Street Mortgage Corp. | 18-01748 |
| Mason McDuffie Mortgage Corporation | 18-01709 |
| MC Advantage, LLC, f/k/a Republic Mortgage Home Loans, LLC | 16-01334 18-01811 |
| Mega Capital Funding, Inc. | 16-01304 18-01801 |
| MegaStar Financial Corp. | 16-01301 18-01804 |
| Merrimack Mortgage Company, Inc. | 18-01710 |
| Monarch Funding Corp. | 18-01737 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Mortgage Capital Associates, Inc. | 16-01318 |
| Mortgage Services III, LLC | 18-01766 |
| Mortgage World Bankers, Inc. | 18-01740 |
| Mountain America Credit Union | 18-01764 |
| Mountain America Financial Services, LLC | 18-01764 |
| Mountain West Financial, Inc. | 16-01349 |
| National Funding Company, LLC | 16-01327 |
| Network Mortgage Services, Inc. | 18-01712 |
| New Fed Mortgage, Corp. | 16-01299 18-01806 |
| North Atlantic Mortgage Corporation | 16-01339 |
| Nova Financial & Investment Corporation | 18-01714 |
| Oaktree Funding Corp. | 16-01298 18-01808 |
| On Q Financial, Inc. | 18-01716 |
| Oro Real, Inc. | 16-01330 |
| Paramount Residential Mortgage Group, Inc. | 16-01293 |
| Parkside Lending, LLC | 16-01308 |
| PMAC LENDING SERVICES, INC., individually and as successor by merger to PMC Bancorp, f/k/a Professional Mortgage Corp., and as successor by merger to Reliant Mortgage Company, LLC | 16-01353 18-01842 |
| PMC BANCORP, f/k/a Professional Mortgage Corp., individually | 16-01353 18-01842 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Popular Mortgage Corp. | 16-01335 |
| RBC Centura Bank | 18-01718 |
| RBC Mortgage Company | 18-01741 |
| Reliant Mortgage Company, LLC individually | 16-01353 18-01842 |
| Republic State Mortgage Co., individually and as successor by merger to Union Trust Mortgage Corporation | 16-01365 18-01813 |
| Residential Home Funding Corp. | 16-01361 18-01815 |
| Response Mortgage Services, Inc. | 16-01343 18-01818 |
| RMS & Associates | 18-01720 |
| Ross Mortgage Corporation | 16-01324 18-01831 |
| Sacramento 1st Mortgage, Inc. individually and as successor by merger to Comstock Mortgage | 16-01350 |
| Salem Five Mortgage Company, LLC | 18-01736 |
| Santander Bank, N.A., f/k/a Sovereign Bank, FSB | 16-01357 |
| Seattle Bank f/k/a Seattle Savings Bank | 18-01721 |
| Secured Capital Funding Corp., as successor by merger to WJ Capital Corporation | 16-01370 |
| Security One Lending | 16-01344 |
| SecurityNational Mortgage Company | 16-01325 18-01819 |
| Shea Mortgage Inc. | 16-01294 |
| Sierra Pacific Mortgage Company, Inc. | 16-0134 18-01821 |

| Defendant Name | Adversary Proceeding Number |
| --- | --- |
| Skyline Financial Corp. | 18-01722 |
| Southeast Funding Alliance, Inc. | 16-01314 |
| Southern Fidelity Mortgage, LLC | 18-01726 |
| Standard Pacific Mortgage, Inc. f/k/a Family Lending Services, Inc. | 16-01002 |
| Stearns Lending, LLC | 16-01001 |
| Sterling National Mortgage Company, Inc. | 16-01316<br>18-01824 |
| Suburban Mortgage, Inc. | 16-01295<br>18-01825 |
| Summit Funding, Inc. | 18-01742 |
| Sun American Mortgage Company | 16-01296<br>18-01826 |
| Sun West Mortgage Company, Inc. | 18-01735 |
| Sunset Mortgage Company L.P. | 16-01358 |
| Sutton Bank | 18-01743 |
| Synovus Mortgage Corp. | 18-01727 |
| TBI Mortgage Company f/k/a Westminster Mortgage Corporation | 18-01747 |
| Texas Capital Bank, NA | 18-01728 |
| The Lending Company, Inc. | 16-01331 |
| The Mortgage Firm, Inc. | 18-01745 |
| The Mortgage House, Inc. | 18-01729 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| The Mortgage Store Financial, Inc. | 16-01354 |
| Union Mortgage Group, Inc. | 18-01730 |
| United Bank | 18-01732 |
| Universal American Mortgage Company, LLC | 16-01297 16-01383 |
| Victoria Capital, Inc. | 18-01706 |
| Vitek Real Estate Industries Group, Inc. | 18-01734 |
| Wall Street Mortgage Bankers, Ltd. | 18-01746 |
| Webster Bank N.A. | 18-01723 |
| WEI Mortgage LLC f/k/a WEI Mortgage Corporation | 16-01346 |
| Windsor Capital Mortgage Corporation | 16-01333 18-01828 |
| Winstar Mortgage Partners, Inc. | 16-01371 |
| Wintrust Mortgage Corporation, as successor by merger to SGB Corp. | 16-01369 18-01820 |
| WJ Capital Corporation | 16-01370 |
| WR Starkey Mortgage, LLP | 16-01326 18-01827 |

# EXHIBIT 2

| Defendant Name | Adversary Proceeding Number |
|---|---|
| 1st 2nd Mortgage Company of N.J., Inc. (AKA Consumer Home Lending, LLC) | 18-01695 |
| Access National Bank, as successor to Access National Mortgage Corporation | 18-01757 |
| All Home Lending, Inc. | 18-01696 |
| Alliance Mortgage Banking Corp. | 18-01738 |
| AMERICAN CAPITAL MORTGAGE, INC. f/k/a American Capital Mortgage Bankers, LTD | 18-01697 |
| American Home Bank, N.A., a Division of Graystone Tower Bank | 18-01719 |
| American Interbanc Mortgage, LLC | 18-01698 |
| AMERIS BANK, as successor by merger to The Coastal Bank | 18-01760 |
| Baltimore American Mortgage Corporation Inc. | 18-01724 |
| Banc of California, Inc., as successor by merger to Gateway Business Bank | 18-01713 |
| Banco Popular North America | 18-01761 |
| Branch Banking and Trust Company, as successor by merger to National Penn Bank | 18-01755 |
| Choice Mortgage Bank, Inc. as successor to K & B Capital Corp. | 18-01753 |
| Colonial Savings, F.A. | 18-01699 |
| Colorado Federal Savings Bank | 18-01700 |
| Cornerstone Mortgage Corporation d/b/a Cornerstone Mortgage Company | 18-01703 |
| Covino & Company, Inc.(a/k/a Luxmac), as successor by merger to Resource Mortgage Banking, Ltd. | 18-01751 |
| DITECH Financial LLC, as successor to merger to DITECH Mortgage Corp., f/k/a Home Capital Funding, d/b/a Security One Lending | 18-01830 |

1

| Defendant Name | Adversary Proceeding Number |
| --- | --- |
| E-Loan, Inc. | 18-01762 |
| Embrace Home Loans f/k/a Advanced Financial Services, Inc. and as successor by merger to Mason Dixon Funding, Inc. | 18-01756 |
| Equity Mortgage LLC | 18-01758 |
| First Credit Union | 18-01701 |
| First Guaranty Mortgage Corp. | 18-01702 |
| First Horizon Home Loans Corporation | 18-01759 |
| First Independent Mortgage Company | 18-01704 |
| First State Bank | 18-01766 |
| Flagstar Bank FSB | 18-01763 |
| Flagstar Capital Markets Corporation | 18-01763 |
| Genpact Mortgage Services, Inc. | 18-01705 |
| George Mason Mortgage LLC | 18-01707 |
| GFI Mortgage Bankers, Inc | 18-01708 |
| Goldwater Bank, N.A., as successor to Community Banks of Colorado | 18-01754 |
| Grand Bank, NA | 18-01711 |
| Greenwich Home Mortgage Corp. | 18-01744 |
| Group 2000 Real Estate Services, Inc. | 18-01733 |
| Homeward Residential as successor to Lendia, Inc. and Lendia LLC | 18-01752 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Jersey Mortgage Company of New Jersey, Inc. | 18-01731 |
| Just Mortgage, Inc. | 18-01750 |
| LendUS, LLC, as successor by merger to NL, Inc. | 18-01739 |
| LHM Financial Corporation | 18-01715 |
| loanDepot.com, LLC, as successor by merger to Mortgage Master, Inc. | 18-01725 |
| Luxury Mortgage Corp. | 18-01717 |
| Market Street Mortgage Corp. | 18-01748 |
| Mason McDuffie Mortgage Corporation | 18-01709 |
| Merrimack Mortgage Company, Inc. | 18-01710 |
| Monarch Funding Corp. | 18-01737 |
| Mortgage Services III, LLC | 18-01766 |
| Mortgage World Bankers, Inc. | 18-01740 |
| Mountain America Credit Union | 18-01764 |
| Mountain America Financial Services, LLC | 18-01764 |
| Network Mortgage Services, Inc. | 18-01712 |
| Nova Financial & Investment Corporation | 18-01714 |
| On Q Financial, Inc. | 18-01716 |
| RBC Centura Bank | 18-01718 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| RBC Mortgage Company | 18-01741 |
| RMS & Associates | 18-01720 |
| Salem Five Mortgage Company, LLC | 18-01736 |
| Seattle Bank f/k/a Seattle Savings Bank | 18-01721 |
| Skyline Financial Corp. | 18-01722 |
| Southern Fidelity Mortgage, LLC | 18-01726 |
| Summit Funding, Inc. | 18-01742 |
| Sun West Mortgage Company, Inc. | 18-01735 |
| Sutton Bank | 18-01743 |
| Synovus Mortgage Corp. | 18-01727 |
| TBI Mortgage Company f/k/a Westminster Mortgage Corporation | 18-01747 |
| Texas Capital Bank, NA | 18-01728 |
| The Mortgage Firm, Inc. | 18-01745 |
| The Mortgage House, Inc. | 18-01729 |
| Union Mortgage Group, Inc. | 18-01730 |
| United Bank | 18-01732 |
| Victoria Capital, Inc. | 18-01706 |
| Vitek Real Estate Industries Group, Inc. | 18-01734 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Wall Street Mortgage Bankers, Ltd. | 18-01746 |
| Webster Bank N.A. | 18-01723 |

# EXHIBIT 3

| Defendant Name | Adversary Proceeding Number |
|---|---|
| 1AM, L.L.C. f/k/a 1st Advantage Mortgage, L.L.C. | 16-01377 |
| American Bank | 16-01003 18-01867 |
| American Home Equity Corporation | 16-01300 |
| American Lending Network, Inc. | 16-01347 |
| American Pacific Mortgage Corporation, individually and as successor by merger to Diversified Capital Funding, Inc. | 16-01360 |
| America's Mortgage Alliance, Inc. | 16-01378 |
| America's Mortgage, LLC | 16-01378 |
| Approved Funding Corp. | 16-01284 18-01790 |
| Arlington Capital Mortgage Corporation | 16-01351 18-01840 |
| Atlantic Bay Mortgage Group, L.L.C. | 16-01311 |
| Aurora Financial, LLC f/k/a Aurora Mortgage, LLC | 16-01312 |
| Avonwood Capital Corporation | 16-01358 |
| Bank of England | 16-01285 |
| Bondcorp Realty Services Inc. | 16-01302 18-01792 |
| Broadview Mortgage Corporation | 16-01286 18-01793 |
| BWC Mortgage Services | 16-01376 18-01823 |
| BWC Real Estate Inc. | 16-01376 18-01823 |
| Capital Bank Corporation, as successor by merger to TIB Bank | 16-01367 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Cherry Creek Mortgage Co., Inc. | 16-01287 18-01795 |
| Circle One Mortgage Company | 16-01364 18-01829 |
| City First Mortgage Services, L.L.C. | 16-01303 |
| CMG Mortgage, Inc. | 16-01332 18-01796 |
| Commerce Home Mortgage, Inc. f/k/a Simonich Corp. | 16-01376 18-01823 |
| Congressional Bancshares, Inc. (successor-in-interest) | 16-01003 18-01867 |
| Cornerstone Mortgage, Inc. | 16-01288 |
| Crestline Funding Corporation | 16-01306 |
| CTX Mortgage Company, LLC | 16-01359 |
| DHI Mortgage Company Ltd. | 16-01374 |
| Directors Mortgage, Inc. | 16-01345 |
| Diversified Capital Funding, Inc. | 16-01360 |
| Draper and Kramer Mortgage Corporation d/b/a 1st Advantage Mortgage | 16-01377 |
| Eagle Mortgage Holdings, LLC as successor by merger to Eagle Home Mortgage, Inc. | 16-01383 |
| Fairmount Funding Ltd. | 16-01385 |
| First Bank | 16-01289 |
| First California Mortgage Company | 16-01313 18-01797 |
| First Capital Corporation of Los Angeles | 16-01379 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| First Capital Group, L.P. | 16-01379 |
| First Equity Mortgage Bankers, Inc. | 16-01305 |
| First Mortgage Corporation | 16-01290 18-01798 |
| First National Bank | 16-01364 18-01829 |
| First National Bank of Omaha | 16-01364 |
| First Residential Mortgage Services Corporation | 16-01307 |
| Freedom Mortgage Corporation | 16-01373 |
| Gateway Bank, F.S.B. | 16-01363 |
| Gateway Funding Diversified Mortgage Services, L.P. | 16-01351 18-01840 |
| Gateway Mortgage Group, LLC | 16-01291 |
| Guaranteed Rate, Inc. | 16-01292 |
| Guaranteed Rate, Inc. d/b/a GuaranteedRate.com | 18-01799 |
| Guild Mortgage Company individually and as successor in interest to Liberty Financial Group, Inc. | 17-01001 18-01866 |
| Hartland Mortgage Centers, Inc. | 16-01317 18-01800 |
| Home Capital Funding d/b/a Security One Lending | 16-01344 |
| Home Loan Center, Inc. | 16-01342 |
| Home Loan Mortgage Corporation | 16-01319 |
| iMortgage.com, Inc. | 16-01283 18-01839 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Lakeland Mortgage Corporation | 16-01320 |
| Loan Correspondents, Inc. | 16-01337 |
| Loan Simple, Inc. f/k/a Ascent Home Loans, Inc. f/k/a Placer Financial Inc. | 16-01309 18-01791 |
| LoanDepot.com, LLC | 16-01283 |
| Maribella Mortgage, LLC | 16-01322 |
| MC Advantage, LLC, f/k/a Republic Mortgage Home Loans, LLC | 16-01334 18-01811 |
| Mega Capital Funding, Inc. | 16-01304 18-01801 |
| MegaStar Financial Corp. | 16-01301 18-01804 |
| Mortgage Capital Associates, Inc. | 16-01318 |
| Mountain West Financial, Inc. | 16-01349 |
| National Funding Company, LLC | 16-01327 |
| New Fed Mortgage, Corp. | 16-01299 18-01806 |
| North Atlantic Mortgage Corporation | 16-01339 |
| Oaktree Funding Corp. | 16-01298 18-01808 |
| Oro Real, Inc. | 16-01330 |
| Paramount Residential Mortgage Group, Inc. | 16-01293 |
| Parkside Lending, LLC | 16-01308 |
| PMAC LENDING SERVICES, INC., individually and as successor by merger to PMC Bancorp, f/k/a Professional Mortgage Corp., and as successor by merger to Reliant Mortgage Company, LLC | 16-01353 18-01842 |

| Defendant Name | Adversary Proceeding Number |
|---|---|
| PMC BANCORP, f/k/a Professional Mortgage Corp., individually | 16-01353 18-01842 |
| Popular Mortgage Corp. | 16-01335 |
| Reliant Mortgage Company, LLC individually | 16-01353 18-01842 |
| Republic State Mortgage Co., individually and as successor by merger to Union Trust Mortgage Corporation | 16-01365 18-01813 |
| Residential Home Funding Corp. | 16-01361 18-01815 |
| Response Mortgage Services, Inc. | 16-01343 18-01818 |
| Ross Mortgage Corporation | 16-01324 18-01831 |
| Sacramento 1st Mortgage, Inc. individually and as successor by merger to Comstock Mortgage | 16-01350 |
| Santander Bank, N.A., f/k/a Sovereign Bank, FSB | 16-01357 |
| Secured Capital Funding Corp., as successor by merger to WJ Capital Corporation | 16-01370 |
| Security One Lending | 16-01344 |
| SecurityNational Mortgage Company | 16-01325 18-01819 |
| Shea Mortgage Inc. | 16-01294 |
| Sierra Pacific Mortgage Company, Inc. | 16-0134 18-01821 |
| Southeast Funding Alliance, Inc. | 16-01314 |
| Standard Pacific Mortgage, Inc. f/k/a Family Lending Services, Inc. | 16-01002 |
| Stearns Lending, LLC | 16-01001 |
| Sterling National Mortgage Company, Inc. | 16-01316 18-01824 |

5

| Defendant Name | Adversary Proceeding Number |
|---|---|
| Suburban Mortgage, Inc. | 16-01295<br>18-01825 |
| Sun American Mortgage Company | 16-01296<br>18-01826 |
| Sunset Mortgage Company L.P. | 16-01358 |
| The Lending Company, Inc. | 16-01331 |
| The Mortgage Store Financial, Inc. | 16-01354 |
| Universal American Mortgage Company, LLC | 16-01297<br>16-01383 |
| WEI Mortgage LLC f/k/a WEI Mortgage Corporation | 16-01346 |
| Windsor Capital Mortgage Corporation | 16-01333<br>18-01828 |
| Winstar Mortgage Partners, Inc. | 16-01371 |
| Wintrust Mortgage Corporation, as successor by merger to SGB Corp. | 16-01369<br>18-01820 |
| WJ Capital Corporation | 16-01370 |
| WR Starkey Mortgage, LLP | 16-01326<br>18-01827 |