**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br>v.<br>1ST ADVANTAGE MORTGAGE, L.L.C., et al.,<br><br>Defendant. | Adv. Pro. No. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br>v.<br>BONDCORP REALTY SERVICES INC.,<br><br>Defendant. | Adv. Pro. No. 16-01302 (SCC) |

**NOTICE OF MOTION TO WITHDRAW AMERICAN MORTGAGE LAW GROUP, P.C. AS ATTORNEYS OF RECORD FOR DEFENDANT BONDCORP REALTY SERVICES INC. PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)**

**PLEASE TAKE NOTICE** that a motion has been made by AMERICAN MORTGAGE LAW GROUP, P.C. for the date, time, and relief set forth below.

| | |
|---|---|
| **RETURN DATE AND TIME:** | To Be Scheduled by the Court |
| **JUDGE:** | SHELLEY C. CHAPMAN |
| **COURTROOM:** | 1 Bowling Green – Courtroom 623<br>New York, New York 10004 |
| **RELIEF SOUGHT:** | MOTION FOR AN ORDER PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e) REMOVING AMERICAN MORTGAGE LAW GROUP, P.C. AS ATTORNEYS OF RECORD FOR DEFENDANT BONDCORP REALY SERVICES INC. |

1

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, must be filed with the Clerk of the United States Bankruptcy Court and must be served upon American Mortgage Law Group, P.C. at least five (5) days prior to the return date of this motion.

DATED:   February 19, 2019

        Respectfully submitted,

        **AMERICAN MORTGAGE LAW GROUP, P.C.**

        By: */s / Tracy L. Henderson*
        Tracy L. Henderson (*Pro Hac Vice*)
        775 Baywood Drive, Suite 100
        Petaluma, California 94954
        Telephone: (415) 878-0030
        Facsimile:  (415) 878-0035
        thenderson@americanmlg.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br><br>v.<br><br>1ST ADVANTAGE MORTGAGE, L.L.C., et al.,<br><br>Defendant. | ADV. PRO. NO. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>Plaintiff,<br><br>v.<br><br>BONDCORP REALTY SERVICES INC.,<br><br>Defendant. | Adv. Pro. No. 16-01302 (SCC) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AMERICAN**
**MORTGAGE LAW GROUP, P.C. TO WITHDRAW AS ATTORNEYS**
**OF RECORD FOR DEFENDANT BONDCORP REALTY SERVICES INC.**
**PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)**

Pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules of the United States District Court for the Southern District of New York ("Local Rule"), American Mortgage Law Group, P.C. ("AMLG") respectfully submits this Memorandum of Law in support of its Motion to Withdraw as Counsel of Record for Defendant Bondcorp Realty Service Inc. ("Bondcorp") in the above-referenced action ("Motion to Withdraw").

3

**PRELIMINARY STATEMENT AND BACKGROUND FACTS**

As set forth more fully in the declaration of Arthur J. Prieston filed contemporaneously herewith ("Prieston Dec."), AMLG, which is Bondcorp's attorneys of record, seeks leave of Court to withdraw as counsel for Bondcorp in this action. Despite that AMLG has provided agreed upon legal services to Bondcorp, Bondcorp has failed to satisfy its contractual obligation to AMLG to timely pay AMLG's invoices for legal fees and expenses. Communications with Bondcorp have made clear that Bondcorp does not intend to pay its legal fees, seriously impairing AMLG's ability to represent Bondcorp, and that Bondcorp consents to AMLG's Motion to Withdraw. Accordingly, AMLG seeks the Court's permission to terminate its representation of Bondcorp and withdraw as its counsel of record. AMLG's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action, as the Court has not entered an Amended Case Management Order in this action and there currently is a case status conference scheduled for March 7, 2019 in this action.

**ARGUMENT**

**I.    The Rules of Professional Conduct and Local Rules Permit the Court to Relieve AMLG as Bondcorp's Attorney of Record**

Pursuant to Local Rule 2090-1(e), "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Rule 1.16 of New York's Rules of Professional Conduct permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

4

## II. Bondcorp's Failure to Pay Its Legal Fees and Expenses Constitutes Sufficient Cause for Permitting AMLG to Withdraw as Bondcorp's Counsel

The Unites States Court of Appeals for the Second Circuit has acknowledged that, "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause to withdraw….'" *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson,* 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, courts have consistently found the client's failure to pay its legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See*, *e.g.*, *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.,* No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation, which is not present here).

Pursuant to these authorities, where, as here, a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future, withdrawal of

5

its counsel should be permitted. Thus, in light of Bondcorp's continued failure to honor its contractual obligations to pay AMLG's invoices for its legal fees and expenses, the Court should grant AMLG's Motion to Withdraw.

### III. Withdrawal of Counsel Will Not Prejudice Bondcorp

Bondcorp will not be prejudiced by AMLG's withdrawal as counsel. No dispositive motions are pending before this Court, the Court has not issued an Amended Case Management Order, and a case status conference is scheduled for March 7, 2019. There is sufficient time for Bondcorp to secure new representation prior to any upcoming deadline. To date, the deadline for Bondcorp to file an answer to the complaint has not been set and, therefore, any new counsel retained by Bondcorp will have ample time to familiarize itself with this case and assess the appropriate course of action. As set forth in the Prieston Dec., Bondcorp consents to AMLG's withdrawal as its counsel in this action.

### CONCLUSION

For the foregoing reasons, AMLG respectfully requests that the Court grant its Motion to Withdraw as counsel of record for Bondcorp. A [Proposed] Order granting the relief requested herein is annexed hereto as Exhibit A.

DATED: February 19, 2019

Respectfully submitted,

**AMERICAN MORTGAGE LAW GROUP, P.C.**

By: */s / Tracy L. Henderson*
Tracy L. Henderson (*Pro Hac Vice*)
775 Baywood Drive, Suite 100
Petaluma, California 94954
Telephone: (415) 878-0030
Facsimile: (415) 878-0035
thenderson@americanmlg.com