Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (JMP)
**(Jointly Administered)**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Name of Transferee</u>

Deutsche Bank AG, London Branch

<u>Name of Transferor</u>

Bank Hapoalim (Switzerland) Ltd.

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton
E-mail: Michael.sutton@db.com

Court Claim # (if known): 55855

Amount of Claim (transferred):

(i)    USD 100,000.00 of ISIN XS0346461634
       (plus all interest, costs and fees relating to
       this claim)

Date Claim Filed: 29 October 2009

Tel: N/A

Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Carlo Saba    Date: 20/2/2019
                            Director

Transferee/Transferee's Agent

Simon Glennie
Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*PARTIAL Transfer of LBHI Claim #55855*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANK HAPOLIM (SWITZERLAND) LTD.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **DEUTSCHE BANK AG, LONDON BRANCH** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 55855 filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller to or in connection with the Transferred Claim, the Purchased Securities or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller has been duly authorized to sell, transfer and assign the Transferred Claims by the owner of Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) neither Seller nor any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; (h) on April 17, 2012 Seller received the first distribution relating to the Transferred Claims totaling the amount of $3,609.22, on October 1, 2012 Seller received the second distribution relating to the Transferred Claims totaling the amount of $2,435.58, on April 4, 2013 Seller received the third distribution relating to the Transferred Claims totaling the amount of $3,076.32, on October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims totaling the amount of $3,647.32, on April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims totaling the amount of $3,961.84, on October 2, 2014 Seller received the sixth distribution relating to the Transferred Claims totaling the amount of $2,973.36, on April 2, 2015 Seller received the seventh distribution relating to the Transferred Claims totaling the amount of $2,029.14, on October 2, 2015 Seller received the eighth distribution relating to the Transferred Claims totaling the amount of $1,547.66, on March 31, 2016 Seller received the ninth distribution relating to the Transferred Claims

DB Ref: 23507(3)

totaling the amount of $429.48, on June 16, 2016 Seller received the tenth distribution relating to the Transferred Claims totaling the amount of $639.56, on October 6, 2016 Seller received an eleventh distribution relating to the Transferred Claims totaling the amount of $1,124.40, on April 6, 2017 Seller received a twelfth distribution relating to the Transferred Claims totaling the amount of $856.36, on October 5, 2017 Seller received a thirteenth distribution relating to the Transferred Claims totaling the amount of $547.84, on December 7, 2017 Seller received a fourteenth distribution relating to the Transferred Claims totaling the amount of $779.64, on April 5, 2018 Seller received a fifteenth distribution relating to the Transferred Claims totaling the amount of $314.64, on October 4, 2018 Seller received a sixteenth distribution relating to the Transferred Claims totaling the amount of $486.38 and Seller has received a distribution paid on or about May 8, 2013 in the amount of $10,903.58, a distribution paid on or about October 28, 2013 in the amount of $4,437.30, a distribution paid on or about April 28, 2014 in the amount of $4,804.40, a distribution paid on or about October 27, 2014 in the amount of $3,679.60, a distribution paid on or about April 28, 2015 in the amount of $2,477.60, a distribution paid on or about 30 October 2015 in the amount of $1,905.60, a distribution paid on or about April 28, 2016 in the amount of $532.40, a distribution paid on or about July 14, 2016 in the amount of $778.82, a distribution paid on or about November 29, 2016 in the amount of $1'374.80, a distribution paid on or about May 5, 2017 in the amount of $1,043.68, a distribution paid on or about October 9, 2017 in the amount of $667.74, a distribution paid on or about October 23, 2017 in the amount of $949.86, a distribution paid on or about May 2, 2018 in the amount of $365.58 and a distribution paid on or about October 23, 2018 in the amount of $590.80 by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims; and (i) other than the distributions set out herein, Seller has not received any distributions in respect of the Transferred Claims and/or Purchased Security.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and

DB Ref: 23507(3)

determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below, unless otherwise required by the international treaties governing the service of process to the parties.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _20_ day of February 2019.

**BANK HAPOLIM (SWITZERLAND) LTD**

By: _____
Name: S. Stotzer
Title: Dep.Mgr.

By: _____
Name: V. Dahinden
Title: Ass.Mgr.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name:
Title:       Carlo Saba
            Director                    Simon Glennie
                                         Director
Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

DB Ref: 23507(3)

Schedule 1

Transferred Claims

Purchased Portion

3.74% of the claim that is referenced in line item number 8 of the Proof of Claim (as highlighted in the copy of the Proof of Claim attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | Maturity |
|---|---|---|---|---|---|---|---|
| MTN9852 | XS0346461634 | 6052958 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 100,000.00 | USD 100,000.00 | 03/18/2011 |

DB Ref: 2350/7(3)

Schedule 2

Copy of Proof of Claim [ ]

DB Ref: 235073(3)

| *United States Bankruptcy Court/Southern District of New York* | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No 08-13555 (JMP) (Jointly Administered) | |
|---|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000055855

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Bank Hapoalim (Switzerland) Ltd.
Stockerstrasse 33
CH-8002 Zuerich, Switzerland
Attention: Brigitte Fotsch & Rudolf Brunner
With copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, Attention: Douglas R. Davis
Telephone number: (212) 373-3000    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:           Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $    Please See Attachment    (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN):    Please See Attachment    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

Please See Attachment    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

Please See Attachment    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

**FILED / RECEIVED**

OCT 2 9 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. October 16, 2009 | Signature: Brigitte Fotsch  Head of Internal Control Manager          Rudolf Brunner  Head of Treasury  Manager | |
|---|---|---|

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

**ATTACHMENT TO PROOF OF CLAIM OF
BANK HAPOALIM (SWITZERLAND) LTD.
AGAINST LEHMAN BROTHERS HOLDINGS INC.**

1.        Commencing on September 15, 2008 (the "Petition Date") and periodically

thereafter, Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI,

together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11

Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered under Chapter

11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.        On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to*

*Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the*

*Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and*

*Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among

other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the "Bar Date") for

each person or entity (including, without limitation, each individual, partnership, joint venture,

corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman

Programs Security, as identified on the Debtors' website, against the Debtors (the "Securities

Programs Bar Date").

3.        Bank Hapoalim (Switzerland) Ltd. (the "Claimant") accordingly files this

Lehman Programs Securities Proof of Claim (the "Proof of Claim") for various amounts owing

to Claimant by LBHI in respect of Lehman Programs Securities held by Claimant in a

proprietary capacity on Claimant's own behalf and/or in a custodial capacity on behalf of one or

more of Claimant's customers.[1]  As of the filing of this Proof of Claim, Claimant is the record

holder of or represents the record holder of the Lehman Programs Securities listed on Exhibit A

attached hereto.[2]

4.    Claimant is the record holder or representative of the record holder of Lehman

Programs Securities in the aggregate principal amount of USD 74,355,494 which may consist in

whole or in part of the US Dollar equivalent as of September 15, 2008 of the claims covered

hereby.  LBHI either issued, or guaranteed the full and punctual payment of all obligations

related to the Lehman Programs Securities.  Accordingly, LBHI remains liable to Claimant for

no less than USD 74,355,494 together with all accrued and unpaid interest or other return as of

September 15, 2008 (the "Lehman Programs Securities Claim").

5.    Additionally, Claimant may have acted as a direct or indirect distributor or broker

in connection with the sale and distribution of Lehman Programs Securities, including Lehman

Programs Securities not identified on Exhibit A (collectively, the "Lehman Program Securities

Issuances").  In connection with the Lehman Programs Securities Issuances, Claimant entered

into various indemnification and other agreements with the Debtors (collectively the

"Indemnification Agreements").

6.    LBHI guaranteed the obligations of numerous of LBHI's subsidiaries and

affiliates, some of which directly issued the Lehman Programs Securities.  Specifically, LBHI

issued the following guarantees:  (a) that certain Unanimous Written Consent of the Executive

---

[1]    The Bar Date Order provides "claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

[2]    The Bar Date Order provides "persons or entities that file claims based on any Lehman Program Security are not required to attach or submit any documentation supporting any claim based on such Lehman Program Security." Bar Date Order at p. 14

Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005, under which LBHI guaranteed payment of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the "LBHI Board Guarantee") and (b) that certain Guarantee of Lehman Brothers Holdings Inc. as addressed to Standard & Poor's Rating Services, dated January 4, 2008, under which LBHI guaranteed payment of all liabilities, obligations and commitments of LBIE (the "S&P Guarantee," and collectively, with the LBHI Board Guarantee, the "LBHI Guarantees").

7.    Claimant hereby asserts additional claims for contractual, statutory and common law rights of indemnity, contribution, reimbursement, set-off and liability against the Debtors and the subsidiaries and affiliates of the Debtors covered by the LBHI Guarantees arising from the Indemnification Agreements and/or from the Lehman Programs Securities Issuances (the "Indemnity Claims"). With respect to the Indemnity Claims, Claimant is entitled to reimbursement by the Debtors for any and all expenses incurred by Claimant in connection with any and all threatened, pending, completed and/or future claims, actions, suits or proceedings and any appeal therefrom, whether civil, criminal, administrative or investigative, involving or related to Claimant, or in which Claimant was, is or may be a party, or was, is or may become involved as a witness or third party, by reason of Claimant's participation in the Lehman Programs Securities Issuances.

8.    The amount of Claimant's contingent claims cannot be reasonably calculated or estimated at this time, but Claimant does not waive its right to seek payment from the Debtors by not currently stating a specific amount. Claimant reserves the right to assert additional claims including the right to claim that all or any portion of the losses, claims, damages, liabilities, legal

3

or other expenses incurred by Claimant after the Petition Date are administrative expenses entitled to priority treatment under Section 507(a)(2) of the Bankruptcy Code or otherwise.

9.      Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Securities Programs Bar Date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

10.     The filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

11.     Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, or other return, or the principal-protected amount, on any Lehman Program Security. Additionally, nothing contained in this Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on any valuation method that is ultimately used to value any Lehman Program Security.

12.     Claimant hereby expressly reserves the right to amend and/or supplement this

Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims

for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the

Petition Date; (b) claims for any future distributions or rights to distributions arising from any of

the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims

arising from the successful prosecution or settlement (if any) of any avoidance causes of action

(or any other cause of action seeking recovery of payments made to, or setoffs or nettings

effectuated by, Claimant) against Claimant whether or not related to or arising from the

transactions and agreements set forth herein.  Claimant further reserves the right to file additional

proofs of claim or applications for allowance of administrative expenses or other priority status

in this or any other proceeding arising from or related to the claims described herein, including

for treatment as provided in section 503(b) of the Bankruptcy Code.

13.     Without limiting the rights otherwise asserted in this Proof of Claim, Claimant

hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims

directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims

between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under

sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the

Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy

law or otherwise.

14.     In executing and filing this Proof of Claim, Claimant does not waive (a) any

obligation owed to Claimant under any contracts described herein and that may be attached as

exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or

5

any of their affiliates. Claimant further does not waive (and this Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the Debtors, Lehman Brothers Inc., Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

15.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals;  (f) a waiver of the right to move to withdraw the reference with respect to the subject

6

matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

16.    All notices regarding this Proof of Claim should be sent to: Bank Hapoalim (Switzerland) Ltd., Stockerstrasse 33, CH-8002 Zuerich, Switzerland, <u>Attention</u>: Brigitte Fotsch & Rudolf Brunner, with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone number: (212) 373-3000, <u>Attention</u>:  Douglas R. Davis.

**EXHIBIT A**

**LEHMAN PROGRAMS SECURITIES**

**EXHIBIT A**

**CREDITOR -**
**Bank Hapoalim (Switzerland) Ltd.**

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0205437527 | 91668 | EUROCLEAR | USD | 600,000 | $600,000 | 6052192 |
| XS0206245234 | 91668 | EUROCLEAR | USD | 960,000 | $960,000 | 6052200 |
| XS0207502781 | 91668 | EUROCLEAR | USD | 1,050,000 | $1,050,000 | 6052924 |
| XS0211092316 | 91668 | EUROCLEAR | USD | 4,100,000 | $4,100,000 | 6052925 |
| XS0216140094 | 91668 | EUROCLEAR | USD | 2,170,000 | $2,170,000 | 6052927 |
| XS0221564387 | 91668 | EUROCLEAR | USD | 220,000 | $220,000 | 6052928 |
| XS0229269856 | 91668 | EUROCLEAR | EUR | 518,000 | $735,612 | 6052930 |
| XS0257022714 | 91668 | EUROCLEAR | EUR | 210,000 | $298,221 | 6052931 |
| XS0276510111 | 91668 | EUROCLEAR | USD | 1,210,000 | $1,210,000 | 6052932 |
| XS0280241851 | 91668 | EUROCLEAR | USD | 2,450,000 | $2,450,000 | 6052933 |
| XS0301473327 | 91668 | EUROCLEAR | SEK | 225,000 | $33,274 | 6052934 |
| XS0301813522 | 91668 | EUROCLEAR | USD | 510,000 | $510,000 | 6052935 |
| XS0314889154 | 91668 | EUROCLEAR | USD | 920,000 | $920,000 | 6052936 |
| XS0318224598 | 91668 | EUROCLEAR | USD | 250,000 | $250,000 | 6052937 |
| XS0319211982 | 91668 | EUROCLEAR | USD | 1,300,000 | $1,300,000 | 6052938 |
| XS0319273404 | 91668 | EUROCLEAR | USD | 220,000 | $220,000 | 6052939 |
| XS0319610845 | 91668 | EUROCLEAR | EUR | 1,550,000 | $2,201,155 | 6052940 |
| XS0326215893 | 91668 | EUROCLEAR | USD | 150,000 | $150,000 | 6052941 |
| XS0327725528 | 91668 | EUROCLEAR | USD | 160,000 | $160,000 | 6052942 |
| XS0328596316 | 91668 | EUROCLEAR | USD | 120,000 | $120,000 | 6052943 |
| XS0332025120 | 91668 | EUROCLEAR | USD | 180,000 | $180,000 | 6052944 |
| XS0333420395 | 91668 | EUROCLEAR | USD | 400,000 | $400,000 | 6053994 |
| XS0334732491 | 91668 | EUROCLEAR | USD | 710,000 | $710,000 | 6052946 |
| XS0334918322 | 91668 | EUROCLEAR | USD | 2,400,000 | $2,400,000 | 6052948 |
| XS0336617625 | 91668 | EUROCLEAR | USD | 550,000 | $550,000 | 6052949 |
| XS0337787161 | 91668 | EUROCLEAR | USD | 1,350,000 | $1,350,000 | 6052950 |

## EXHIBIT A

### CREDITOR -
### Bank Hapoalim (Switzerland) Ltd.

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0339184615 | 91668 | EUROCLEAR | USD | 350,000 | $350,000 | 6052951 |
| XS0339215351 | 91668 | EUROCLEAR | USD | 540,000 | $540,000 | 6052952 |
| XS0339538448 | 91668 | EUROCLEAR | USD | 1,210,000 | $1,210,000 | 6052953 |
| XS0340222750 | 91668 | EUROCLEAR | USD | 700,000 | $700,000 | 6052954 |
| XS0340592681 | 91668 | EUROCLEAR | USD | 2,510,000 | $2,510,000 | 6052955 |
| XS0344095871 | 91668 | EUROCLEAR | USD | 1,280,000 | $1,280,000 | 6052956 |
| XS0346122343 | 91668 | EUROCLEAR | USD | 720,000 | $720,000 | 6052957 |
| XS0346461634 | 91668 | EUROCLEAR | USD | 2,670,000 | $2,670,000 | 6052958 |
| XS0346466781 | 91668 | EUROCLEAR | USD | 3,850,000 | $3,850,000 | 6052959 |
| XS0346859084 | 91668 | EUROCLEAR | USD | 680,000 | $680,000 | 6052960 |
| XS0347452855 | 91668 | EUROCLEAR | USD | 190,000 | $190,000 | 6052961 |
| XS0347872128 | 91668 | EUROCLEAR | USD | 1,000,000 | $1,000,000 | 6052962 |
| XS0347925264 | 91668 | EUROCLEAR | USD | 190,000 | $190,000 | 6052963 |
| XS0349904689 | 91668 | EUROCLEAR | USD | 500,000 | $500,000 | 6052964 |
| XS0351984827 | 91668 | EUROCLEAR | USD | 180,000 | $180,000 | 6052965 |
| XS0352917768 | 91668 | EUROCLEAR | USD | 2,000,000 | $2,000,000 | 6052966 |
| XS0362500380 | 91668 | EUROCLEAR | USD | 3,070,000 | $3,070,000 | 6052967 |
| XS0364167006 | 91668 | EUROCLEAR | USD | 2,390,000 | $2,390,000 | 6052968 |
| XS0366383387 | 91668 | EUROCLEAR | USD | 2,400,000 | $2,400,000 | 6052969 |
| XS0353780900 | 91668 | EUROCLEAR | USD | 2,000,000 | $2,000,000 | 6052970 |
| XS0128857413 | 91279 | EUROCLEAR | EUR | 130,000 | $184,613 | 6054090 |
| XS0206245234 | 91279 | EUROCLEAR | USD | 950,000 | $950,000 | 6054091 |
| XS0207502781 | 91279 | EUROCLEAR | USD | 50,000 | $50,000 | 6054092 |
| XS0216140094 | 91279 | EUROCLEAR | USD | 550,000 | $550,000 | 6054093 |
| XS0264674549 | 91279 | EUROCLEAR | GBP | 60,000 | $107,334 | 6054094 |
| XS0271141565 | 91279 | EUROCLEAR | GBP | 50,000 | $89,445 | 6054095 |

## EXHIBIT A

### CREDITOR -
### Bank Hapoalim (Switzerland) Ltd.

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0276510111 | 91279 | EUROCLEAR | USD | 1,940,000 | $1,940,000 | 6054096 |
| XS0276510111 | 91279 | EUROCLEAR | USD | 50,000 | $50,000 | 6054097 |
| XS0299141332 | 91279 | EUROCLEAR | GBP | 1,000,000 | $1,788,900 | 6054098 |
| XS0301813522 | 91279 | EUROCLEAR | USD | 400,000 | $400,000 | 6054099 |
| XS0314889154 | 91279 | EUROCLEAR | USD | 50,000 | $50,000 | 6054100 |
| XS0319211982 | 91279 | EUROCLEAR | USD | 430,000 | $430,000 | 6054101 |
| XS0319273404 | 91279 | EUROCLEAR | USD | 300,000 | $300,000 | 6054103 |
| XS0319610845 | 91279 | EUROCLEAR | EUR | 110,000 | $156,211 | 6054104 |
| XS0320655540 | 91279 | EUROCLEAR | USD | 1,000,000 | $1,000,000 | 6054105 |
| XS0326215893 | 91279 | EUROCLEAR | USD | 310,000 | $310,000 | 6054106 |
| XS0327725528 | 91279 | EUROCLEAR | USD | 260,000 | $260,000 | 6054107 |
| XS0332025120 | 91279 | EUROCLEAR | USD | 480,000 | $480,000 | 6054108 |
| XS0333117611 | 91279 | EUROCLEAR | USD | 950,000 | $950,000 | 6054109 |
| XS0333420395 | 91279 | EUROCLEAR | USD | 700,000 | $700,000 | 6054110 |
| XS0334918322 | 91279 | EUROCLEAR | USD | 910,000 | $910,000 | 6054111 |
| XS0337787161 | 91279 | EUROCLEAR | USD | 70,000 | $70,000 | 6054112 |
| XS0339184615 | 91279 | EUROCLEAR | USD | 500,000 | $500,000 | 6054113 |
| XS0339538448 | 91279 | EUROCLEAR | USD | 460,000 | $460,000 | 6054114 |
| XS0340592681 | 91279 | EUROCLEAR | USD | 2,770,000 | $2,770,000 | 6054115 |
| XS0344095871 | 91279 | EUROCLEAR | USD | 370,000 | $370,000 | 6054116 |
| XS0346461634 | 91279 | EUROCLEAR | USD | 1,100,000 | $1,100,000 | 6054117 |
| XS0346466781 | 91279 | EUROCLEAR | USD | 260,000 | $260,000 | 6054119 |
| XS0347229352 | 91279 | EUROCLEAR | CAD | 900,000 | $840,729 | 6054120 |
| XS0347872128 | 91279 | EUROCLEAR | USD | 100,000 | $100,000 | 6054121 |
| XS0349904689 | 91279 | EUROCLEAR | USD | 80,000 | $80,000 | 6054122 |
| XS0351984827 | 91279 | EUROCLEAR | USD | 1,080,000 | $1,080,000 | 6054123 |

## EXHIBIT A

### CREDITOR -
### Bank Hapoalim (Switzerland) Ltd.

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0364167006 | 91279 | EUROCLEAR | USD | 350,000 | $350,000 | 6054124 |
| XS0366383387 | 91279 | EUROCLEAR | USD | 700,000 | $700,000 | 6054125 |
| XS0277470943 | 91279 | EUROCLEAR | USD | 100,000 | $100,000 | 6054126 |
| XS0301519681 | 91279 | EUROCLEAR | USD | 240,000 | $240,000 | 6054127 |
| | | | | Total: | $74,355,494 | |

* Principal Amount in U.S. Dollars is based upon the exchange rates of 1.4201 U.S. Dollars per Euro, 1.7889 U.S. Dollars per British Pound, 1.0705 Canadian Dollars per U.S. Dollar and 6.7620 Swedish Krona per U.S. Dollar, as of September 15, 2008.

H
A
N
D

D
E
L
I
V
E
R
Y

TP
RECEIVED BY:

10-29-09
DATE

4:51 PM
TIME