**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR TRANSFEROR
ICCREA BANCA S.p.A., as Agent

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR
SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE by ICCREA Banca S.p.A, as Agent

("ICCREA" or "Transferor") against Lehman Brothers Holdings Inc. (the "Debtor") in amount

of at least $190,423,075.43, which has been designated as claim no. 58221 (the "Claim").

Transferor hereby gives notice, pursuant to Fed. R. Bankr. P. 3001(E)(2), of the transfer, other

than for security, of an undivided interest, to the extent of the nominal amount of $43,666.67 of

XS0176153350 held by Transferor on behalf of RomagnaBanca Credito Cooperativo Soc. Coop,

which itself was acting on behalf of one or more of its customers with respect to that certain

security bearing ISIN code XS0176153350.  A copy of the evidence of transfer of claim (the

"Evidence of Transfer") is attached hereto as Exhibit "A" and is incorporated herein by this

reference.

**Name of Assignee**: CASSA CENTRALE BANCA – CREDITO COOPERATIVO
DEL NORD EST. S.p.A.

Name and Address Where
    Notices to Assignee Should be Sent:
    VIA G. SEGANTINI, 5
    38122 TRENTO
    ITALY
    ATTENTION:  MARCO MOSCON

**Name of Transferor**: ICCREA on behalf of RomagnaBanca Credito Cooperativo Soc. Coop, as Agent

The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001(E)(2), to receive from the Clerk of the Court notice of the filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period.  The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the transferred portion as an unconditional transfer; and (ii) the Assignee is the valid owner of the Transferred Portion.

Dated:  New York, New York          **ORRICK, HERRINGTON & SUTCLIFFE LLP**
        February 20, 2019


By: */s/ Lorraine S. McGowen*
    Lorraine S. McGowen, Esquire
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile:  (212) 506-5151

    ATTORNEYS FOR TRANSFEROR
    ICCREA BANCA, S.p.A., as Agent

2

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed, R. Bankr. P., of the
transfer, other than for security, of the claim referenced in this evidence and notice.

CASSA CENTRALE BANCA CREDITO COOPERATIVO
DEL NORD EST SPA
Name of Transferee

ICCREA BANCA SpA

Name of Transferor

Name and Address where notices to transferee
should be sent:

Court Claim:   58221

Date Claim Filed: 30 OCTOBER 2009
Partial Claim Transferred:

CASSA CENTRALE BANCA CREDITO COOPERATIVO
DEL NORD EST SPA
Via G.Segantini, 5
38122 Trento, Italy
Responsabile Amministrazione Titoli
Marco Moscon

ICCREA BANCA S.P.A.

Via Lucrezia Romana 41/47
00178 Roma Italy
Responsabile del Legale
VERZARO PIERFILIPPO

PHONE: 0039.0461.313280

PHONE 00390672075814

Last Four Digits of Acct #: N/A   0374

Last Four Digits of Acct. #: N/A

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my
knowledge and belief.

By:_____
Transferee/Transferee's Agent

Date: 27th December 2018

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S C.
§1152 & 3571.

1

**AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY**

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, RomagnaBanca Credito Cooperativo Soc. Coop. (the "Beneficial Holder"), as agent on behalf of one or more of its customers, hereby instructs **ICCREA BANCA S.p.A.** ("Seller"), as agent on behalf of Beneficial Holder, to unconditionally and irrevocably sell, transfer and assign to CASSA CENTRALE BANCA — CREDITO COOPERATIVO DEL NORD EST S.p.A. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to the security identified in Schedule 1 (the "Purchased Claim") specified as being held by Beneficial Holder in Seller's proof of claim filed on 10/30/2009, on behalf of Beneficial Holder, among others, having Claim Number **58221** (the "Proof of Claim") against **Lehman Brothers Holdings, Inc.**, debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

1

OHSEUROPE:551259983.1

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this   day of  12/27/2018    .

ICCREA BANCA SPA

Name: PIERFILIPPO VERZARO
Title: Responsabile del Legale
Via Lucrezia Romana
00178 Roma, Italy

Attn. Ventre Marianna

Phone 0039 06/72075814
Fax 0039
e-mail mventre@crea.bcc.it

CR/BCC
Name: SANDRO BARDUCCI
Title: Vice Direttore Generale

Attn. Roberto Nori
Phone 0039 0547069650
Fax 0039
e-mail finanza@romagnabanca.it

CASSA   CENTRALE   BANCA   –   CREDITO COOPERATIVO DEL NORD EST SPA
Name:  GIORGIO FRACALOSSI
Title:  Chairman of the Board of Directors
Via g. Segantini, 5
38122 Trento Italy

Attn. Marco Moscon

Phone 0039 0461 313280
Fax 0039 0461 236413
e-mail corporate.action@cassacentrale.it

2

OHSEUROPE:551259983.1

Schedule 1

**Transferred Claims**

Purchased Claim

EUR 30,857.66 = USD 43,666.67

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/ CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROT. 10/10/03 10/10/13 TV | XS0176153350 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 30,000,00 (equivalent to USD 42,453,00) | 10/10/2013 | EUR 30,857.66 (equivalent to USD 43,666,67) |

ICCREA BANCA SPA

Name: PIERFILIPPO VERZARO
Title: Responsabile del Legale
Via Lucrezia Romana 41/47
00178 Roma, Italy

Attn. Ventre Marianna
Phone 0039 06/72075814
Fax 0039
e-mail mventreccrea.bcc.it

CASSA    CENTRALE    BANCA  –    CREDITO COOPERATIVO DEL NORD EST SPA
Name:  GIORGIO FRACALOSSI
Title:  Chairman of the Board of Directors
Via g. Segantini, 5
38122 Trento Italy

Attn. Marco Moscon
Phone 0039 0461 313280
Fax 0039 0461 236413
e-mail corporate.action@cassacentrale.it

3

OHSEUROPE:551259983.1