Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,      Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Deutsche Bank AG, London Branch | H.E.S.T. Australia Limited |

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton
E-mail: Michael.sutton@db.com

Court Claim # (if known): 64633

Amount of Claim (transferred):

(i) AUD 1,000,000.00 of ISIN AU300LBTC029 (plus all interest, costs and fees relating to this claim)

Date Claim Filed: 4 November 2009

Tel: N/A

Last Four Digits of Acct. #: N/A     Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: 21/02/2019
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Simon Glennie     Carlo Saba
Director     Director

*Transfer of LBHI Claim # 64633*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, H.E.S.T. AUSTRALIA LIMITED ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to DEUTSCHE BANK AG, LONDON BRANCH (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 64633 filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller to or in connection with the Transferred Claim, the Purchased Securities or the Proceedings.

2.      Except as otherwise provided herein, Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller has been duly authorized to sell, transfer and assign the Transferred Claims by the owner of Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) neither Seller nor any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; (h) the first distribution relating to the Transferred Claims totaling the amount of $29,341.53[1] was sent to the Seller on or about April 17, 2012 and subsequently received on or around April 17, 2012, the second distribution relating to the Transferred Claims totaling the amount of $19,800.25 was sent to the Seller on or about October 1, 2012 and subsequently received on or around October 1, 2012, the third distribution relating to the Transferred Claims totaling the amount of $25,009.16 was sent to the Seller on or about April 4, 2013 and subsequently received on or around April 4, 2013, the fourth distribution relating to the Transferred Claims totaling the amount of $29,651.17 was sent to the Seller on

---

[1] Please note that wire transfer and bank fees have not been subtracted from the amounts reflected herein for distributions.

DB Ref: 20201(3)

2

or about October 3, 2013 and subsequently received on or around October 3, 2013, the fifth distribution relating to the Transferred Claims totaling the amount of $32,208.08 was sent to the Seller on or about April 3, 2014 and subsequently received on or around April 3, 2014, a re-issuance of the sixth distribution relating to the Transferred Claims totaling the amount of $24,172.14 was sent to the Seller on or about October 28, 2014 and subsequently received on or around October 28, 2014, the seventh distribution relating to the Transferred Claims totaling the amount of $16,496.04 was sent to the Seller on or about April 2, 2015 and subsequently received on or around April 2, 2015, the eighth distribution relating to the Transferred Claims totaling the amount of $12,581.84 was sent to the Seller on or about October 1, 2015 and subsequently received on or around October 1, 2015, the ninth distribution relating to the Transferred Claims totaling the amount of $3,491.48 was sent to the Seller on or about March 31, 2016 and subsequently received on or around March 31, 2016, the tenth distribution relating to the Transferred Claims totaling the amount of $5,199.27 was sent to the Seller on or about June 16, 2016 and subsequently received on or around June 16, 2016, the eleventh distribution relating to the Transferred Claims totaling the amount of $9,140.84 was sent to the Seller on or about October 6, 2016 and subsequently received on or around October 6, 2016, the twelfth distribution relating to the Transferred Claims totaling the amount of $6,961.92 was sent to the Seller on or about April 6, 2017 and subsequently received on or around April 6, 2017, the thirteenth distribution relating to the Transferred Claims totaling the amount of $4,453.78 was sent to the Seller on or about October 5, 2017 and subsequently received on or around October 5, 2017, and the fourteenth distribution relating to the Transferred Claims totaling the amount of $6,338.14 was sent to the Seller on or about December 7, 2017 and subsequently received on or around December 7, 2017; and (i) other than the distributions set out herein, Seller has not received any distributions in respect of the Transferred Claims.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller with Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.   Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and

3

determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below, unless otherwise required by the international treaties governing the service of process to the parties.

DB Ref: 202013

Confidential

4

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 1 day of November 2018.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: *[signature]*
Name: Simon Glennie
Title: Director

By: *[signature]*
Name: Carlo Saba
Title: Director

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

**Executed** on behalf of **H.E.S.T. Australia Limited ACN 006 818 695 as trustee of Health Employees Superannuation Trust Australia** by its attorneys who state that at the time of executing this instrument they have no notice of the revocation of the Power of Attorney dated 28 March 2018, under which they have executed this instrument:

_____          _____
Signature of Attorney                            Signature of Attorney

JORDEN ??                                              ROBERT FOWLER
Full name (print)                                    Full name (print)

Nicholas Allingham                              Nicholas Allingham
Signature of Witness                           Signature of Witness

NICK ALLINGHAM                             NICK ALLINGHAM
Full name of Witness (print)                Full name of Witness (print)

Confidential
DB Ref: 202013

Schedule 1

Transferred Claims

Purchased Portion

100% of the claim that is referenced in the Proof of Claim (as highlighted in the copy of the Proof of Claim attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | Maturity |
|---|---|---|---|---|---|---|---|
| MTN4895 | AU300LBTC029 | 63543563 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | AUD 1,000,000.00 | USD 812,958.65 | 8/24/2011 |

Confidential

DB Ref: 20201(3)

Schedule 2

Copy of Proof of Claim 64633

Confidential

DB Ref: 20201(3)

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 || **LEHMAN SECURITIES PROGRAMS**<br>**PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000064633 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
H.E.S.T. AUSTRALIA LIMITED
ATTN: SCOTT HASTINGS
LEVEL 20 CASSELDEN PLACE
2 LONSDALE STREET
MELBOURNE VICTORIA AUSTRALIA 3000
Telephone number: +61 38660 1641  Email Address: shastings@hesta.com.au

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: 26/10/09

**Name and address where payment should be sent** (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ See Attached Schedule    (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Schedule    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Schedule    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
See Attached Schedule    (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>29/10/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY<br>FILED / RECEIVED<br>NOV 0 4 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

DENIS HOGG             ANNE-MARIE CORBOY
DIRECTOR-CHAIR         COMPANY SECRETARY

# Bond Exposure on Lehman Program Securities List

**Account Number(s):** 1023

**Bond Exposure**

**Account Number:** 1023

**Account Name:** Health Employees Superannuation Trust Australia

| ISIN | Security Description | Depository Participant Account Number[1] | | Depository Blocking Account Number | Trans Curr | Value in Trans Curr | Accrued Interest in Trans Curr | Total in Trans Curr | Value in USD[2] |
|---|---|---|---|---|---|---|---|---|---|
| | | Euroclear # | Austraclear # | | | | | | |
| AU300LBTC029 | LEHMAN BROTHERS HLDG NT **DEF 8/24/11** | 23868 | CMNL20 | 63543563 | AUD | 1,000,000 | 4,608 | 1,004,608 | 810,317 |
| | | | | | | | | **Claim Total** | **810,317** |

**Notes:**

1. An account may have both a Euroclear and an Austraclear number.

2. Conversion from transaction currency to USD reflects Fx rate from Bloomberg as of September 15th, 2008 close of NY market.

## ATTACHMENT TO PROOF OF CLAIM

1. Claimant is a client of Pacific Investment Management Company LLC, and its respective affiliates and subsidiaries (collectively, "PIMCO"), which acted as investment advisor to various clients.

### Reservation of Rights

2. Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, including, without limitation, with respect to pre-petition or post-petition interest, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, whether in respect of principal, interest or any other amount, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

3. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against LBHI and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

4. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

5. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

6. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

Notices

7. All notices, communications and distributions with respect to this Claim should be sent to PIMCO at:

> **Pacific Investment Management Company LLC**
> **840 Newport Center Drive, Suite 100**
> **Newport Beach, CA 92660**
> **Attn: Wesley Sasser**
> **Tel: 949 720 4716**
> **Fax: 949 719 2424**



