# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re: <u>Lehman Brothers Holdings Inc., et al.</u>   Case No. 08-13555 (SCC)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE OR IN THE CASE OF A JOINTLY-ADMINISTERED AFFILIATE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer of claim, other than for security, referenced in this evidence and notice.

<u>Goldman Sachs & Co. LLC</u>  
Name of Transferee

<u>Centerbridge Credit Partners, L.P.</u>  
Name of Transferor

Name and address where notices to transferee should be sent:

Case No.: 08-13555

30 Hudson Street, 4th Floor  
Jersey City, NJ 07302  
Attn: Thierry C. Le Jouan  
Email: gsd.link@gs.com  
Tel: (212) 934-3921

| Claim Number | Transferred Amount |
|---|---|
| 58980 | $15,267,775.82 |

Last Four Digits of Acct #: ____N/A____

(same as above)

Name and address where transferee payments  
Should be sent (if different from above):

(same as above)

Phone: _____  
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/_____   Date: __2/20/19__  
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Centerbridge Credit Partners, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Goldman Sachs & Co. LLC** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **allowed amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Number **58980** filed by or on behalf of Seller or Seller's predecessor-in-interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization. (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Transferred Claims; (g) Seller has timely received from the Debtor the distributions in the amounts set forth on Schedule 2 attached hereto which is the same *pro rata* amount of distributions (the "LBHI Distributions"), as was received by other creditors of the same class and type as the Purchased Claim; (h) Seller has timely received from Lehman Brothers Treasury Co. B.V. the distributions in the amounts set forth on Schedule 3 attached hereto which is the same *pro rata* amount of distributions as was received by other creditors of the same class and type as the Purchased Security (the "LBT Distributions" and, together with the LBHI Distributions, the "Distributions"); and (i) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims or any Purchased Security, other than the Distributions.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller

acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days after receipt) remit payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. For the avoidance of doubt, any distribution received by Seller on or after September 28, 2018 is for the benefit of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below. This Agreement and Evidence of Transfer of Claim may be executed in one or more counterparts, and all counterparts taken together shall be deemed to constitute one and the same instrument. Signatures may be exchanged through e-mail transmission.

[*Signatures follow*]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11 day of February, 2019.

| CENTERBRIDGE CREDIT PARTNERS, L.P. ✓ | GOLDMAN SACHS & CO. LLC |
|---|---|
| By: _____ | By: _____ |
| Name: | Name: |
| Title: **Aleksandra Markovic** | Title: |
| **Authorized Signatory** | |
| Centerbridge Credit Partners, L.P. | |
| c/o Centerbridge Capital Partners | 30 Hudson Street, 4th Floor |
| 375 Park Avenue. 13th Floor | Jersey City, NJ 07302 |
| New York, NY 10152 | Attn: Thierry C. Le Jouan |
| Email:loanadmin@centerbridge.com; | Email: gsd.link@gs.com |
| bankdebt@centerbridge.com | Tel: (212) 934-3921 |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20 day of February, 2019.

CENTERBRIDGE CREDIT PARTNERS, L.P.

By: _____
Name:
Title:

Centerbridge Credit Partners, L.P.
c/o Centerbridge Capital Partners
375 Park Avenue. 13th Floor
New York, NY 10152
Email:loanadmin@centerbridge.com;
bankdebt@centerbridge.com

GOLDMAN SACHS & CO. LLC

By: _____
Name:  Thomas Malafronte
Title: Managing Director

30 Hudson Street, 4th Floor
Jersey City, NJ 07302
Attn: Thierry C. Le Jouan
Email: gsd.link@gs.com
Tel: (212) 934-3921

[Signature Page to Transfer]

<u>Schedule 1</u>

<u>Transferred Claims</u>

Purchased Claim

The Purchased Claim represents:

1.      US$ 680,359.45 which is 100.00 % of the total Proposed Allowed Claim Amount with respect to ISIN XS0368926506 as set forth in the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011 (Claim Number 58980)

2.      US$ 360,639.91 which is 100.00 % of the total Proposed Allowed Claim Amount with respect to ISIN XS0300241923 as set forth in the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011 (Claim Number 58980)

3.      US$ 14,226,776.46 which is 100.00 % of the total Proposed Allowed Claim Amount with respect to ISIN AU300LBTC029 as set forth in the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011 (Claim Number 58980)

<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN /CUSIP | Issuer | Guarantor | Proof of Claim | Face Amount of Claim | Total Allowed Claim Amount* | Percentage of total Allowed Amount Claim Amount) | Purchased Amount of Allowed Amount |
|---|---|---|---|---|---|---|---|---|
| 12Y LEH Zero Notes | XS0368926506 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 58980 | EUR 473,000.00 | US$21,575,881.00 | 3.1533% | US$680,359.45 |
| 3YR Fixed Rate Note | XS0300241923 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 58980 | GBP 200,000.00 | US$72,127,981.68 | 0.5000% | US$360,639.91 |
| Fixed Rate Note | AU300LBTC029 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 58980 | AUD 17,500,000.00 | US$280,064,256.60 | 5.0798% | US$14,226,776.46 |

*Represents aggregate amount of distributable claims based on relevant ISIN

SCHEDULE 2

LBHI Distributions

| | ISIN | POC # | Allowed Amount | April 7, 2012 | October 1, 2012 | April 4, 2013 | October 3, 2013 | April 3, 2014 | October 2, 2014 | April 2, 2015 | October 1, 2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | XS0368926506 | 58980 | $680,359.45 | $24,555.73 | $16,570.69 | $20,930.00 | $24,814.87 | $26,954.73 | $20,229.50 | $13,805.43 | $10,529.66 |
| 2 | XS0300241923 | 58980 | $360,639.91 | $13,016.32 | $8,783.67 | $11,094.42 | $13,153.68 | $14,287.96 | $10,723.10 | $7,317.88 | $5,581.48 |
| 3 | AU300LBTC029 | 58980 | $14,226,776.46 | $513,476.94 | $346,504.38 | $437,660.46 | $518,895.64 | $563,641.55 | $423,012.57 | $288,680.79 | $220,182.27 |

| | ISIN | POC # | March 31, 2016 | June 16, 2016 | October 6, 2016 | April 6, 2017 | October 5, 2017 | December 7, 2017 | April 5, 2018 | October 4, 2018 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | XS0368926506 | 58980 | $2,922.00 | $4,351.24 | $7,649.91 | $5,826.39 | $3,727.34 | $5,304.35 | $2,140.72 | $3,309.19 |
| 2 | XS0300241923 | 58980 | $1,548.87 | $2,306.47 | $4,055.01 | $3,088.41 | $1,975.76 | $2,811.69 | $1,134.74 | $1,754.11 |
| 3 | AU300LBTC029 | 58980 | $61,101.02 | $90,987.35 | $159,964.74 | $121,833.70 | $77,941.25 | $110,917.50 | $44,763.84 | $69,197.33 |

SCHEDULE 3

LBT Distributions

| ISIN/CUSIP | Note Currency | Principal / Notional Amount | May 8, 2013 | October 24, 2013 | April 24, 2014 | October 28, 2014 | April 27, 2015 | October 29, 2015 | April 28, 2016 |
|---|---|---|---|---|---|---|---|---|---|
| XS0368926506 | EUR | 473,000 | 57,505.85 | 22,528.48 | 24,213.64 | 20,018.93 | 16,038.12 | 11,669.26 | 3,266.32 |
| XS0300241923 | GBP | 200,000 | 27,328.83 | 10,693.32 | 11,140.27 | 8,898.37 | 6,473.75 | 4,808.07 | 1,441.96 |
| AU300LBTC029 | AUD | 17,500,000 | 1,509,531.13 | 659,862.47 | 737,222.60 | 602,035.44 | 459,932.35 | 379,555.80 | 97,984.19 |

| ISIN/CUSIP | Note Currency | Principal / Notional Amount | July 14, 2016 | November 29, 2016 | May 4, 2017 | October 23, 2017 | January 16, 2018 | May 2, 2018 |
|---|---|---|---|---|---|---|---|---|
| XS0368926506 | EUR | 473,000 | 4,891.36 | 8,999.04 | 6,642.02 | 3,923.00 | 5,514.77 | 2,081.16 |
| XS0300241923 | GBP | 200,000 | 2,358.50 | 4,298.98 | 3,174.46 | 1,957.82 | 2,728.71 | 1,021.26 |
| AU300LBTC029 | AUD | 17,500,000 | 149,356.04 | 268,165.90 | 198,991.63 | 121,649.80 | 174,172.84 | 69,189.34 |