Hearing Date: March 7, 2019 at 11:00 a.m. ET
Response Date: February 28, 2019

ARMSTRONG TEASDALE LLP
4643 S. Ulster St., Ste. 800
Denver, CO 80237
Tel.: 720-200-0676
Fax: 720-200-0679
Meshach Y. Rhoades
Alec P. Harris
Martin J. Estevao
*Counsel for America's Mortgage, LLC and*
*America's Mortgage Alliance, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al*.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>1ST ADVANTAGE MORTGAGE, LLC *et al*.,<br><br>　　　　　　　　　　Defendants. | Central Adversary<br>Docket No. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br>AMERICA'S MORTGAGE ALLIANCE, INC.;<br>AMERICA'S MORTGAGE, LLC,<br>　　　　　　　　　　Defendants. | Individual Adversary<br>Docket No. 16-01378 (SCC) |

**NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR AMERICA'S**
**MORTGAGE, LLC AND AMERICA'S MORTGAGE ALLIANCE, INC. PURSUANT TO**
<u>**LOCAL RULE 2090-1(e)**</u>

1.     **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Armstrong Teasdale LLP to withdraw as counsel for America's Mortgage, LLC ("AML") and America's Mortgage Alliance, Inc. ("AMA") (collectively, "Defendants"), will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, on March 7, 2019 at 11:00 a.m. or as soon thereafter as counsel may be heard ("Hearing").

2.     **PLEASE TAKE FURTHER NOTICE** that answering papers, if any, must be filed with the Clerk of the United States Bankruptcy Court and must be served upon Armstrong Teasdale LLP at least five (5) days prior to the return date of this motion—February 28, 2019.

Dated: February 25, 2019

Respectfully submitted

*/s/ Meshach Y. Rhoades*
Meshach Y. Rhoades (*pro hac vice*)
Alec P. Harris (*pro hac vice*)
Martin J. Estevao (*pro hac vice*)
ARMSTRONG TEASDALE LLP
4643 South Ulster St., Ste. 800
Denver, CO 80237
Tel.: 720-200-0676
Fax: 720-200-0679
mrhoades@armstrongteasdale.com
aharris@armstrongteasdale.com
mestevao@armstrongteasdale.com

                             **Hearing Date: March 7, 2019 at 11:00 a.m. ET**
                                       **Response Date: February 28, 2019**

ARMSTRONG TEASDALE LLP
4643 S. Ulster St., Ste. 800
Denver, CO 80237
Tel.: 720-200-0676
Fax: 720-200-0679
Meshach Y. Rhoades
Alec P. Harris
Martin J. Estevao

*Counsel for America's Mortgage, LLC and*
*America's Mortgage Alliance, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>                      Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br><br>                      Plaintiff,<br><br>   v.<br><br>1ST ADVANTAGE MORTGAGE, LLC *et al.*,<br><br>                      Defendants. | Central Adversary<br>Docket No. 16-01019 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC.,<br>                      Plaintiff,<br><br>   v.<br>AMERICA'S MORTGAGE ALLIANCE, INC.;<br>AMERICA'S MORTGAGE, LLC,<br>                      Defendants. | Individual Adversary<br>Docket No. 16-01378 (SCC) |

**MOTION TO WITHDRAW AS COUNSEL FOR AMERICA'S MORTGAGE, LLC AND**
**AMERICA'S MORTGAGE ALLIANCE, INC. PURSUANT TO LOCAL RULE 2090-1(e)**

Pursuant to Local Rule 2090-1(e) and New York Rule of Professional Conduct 1.16, Armstrong Teasdale LLP ("Armstrong Teasdale") respectfully seeks leave to withdraw as counsel for America's Mortgage, LLC ("AML") and America's Mortgage Alliance, Inc. ("AMA").

## I. BACKGROUND

3. This adversary proceeding concerns claims for indemnification arising from loans allegedly sold by AML and AMA to Lehman Brothers Holdings Inc. ("LBHI"), which LBHI subsequently sold to the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation ("GSEs"). Having completed Chapter 11 proceedings, and having resolved the GSEs claims against it, LBHI now seeks, within the confines of the bankruptcy proceeding, indemnification from AML and AMA for the portion of those GSE claims allegedly attributable to loans sold by AML and AMA. LBHI is currently adding claims related to loans allegedly sold by AML and AMA to LBHI, which LHBI subsequently packaged as residential mortgage backed securities.

4. On February 3, 2016, LBHI filed its Adversary Complaint [Case No. 16-01019, Dkt. No. 1]. On November 1, 2016, the Court entered its Case Management Order [Case No. 16-01019, Dkt. No. 305]. On December 29, 2016, LBHI filed its Second Amended Adversary Complaint and initiated a separate adversary proceeding against AML and AMA [Case No. 16-01378, Dkt. No. 1].

5. On March 31, 2017, AML and AMA, along with other Defendants, filed an Omnibus Motion to Dismiss [Case No. 16-01378, Dkt. No. 15]. On August 7, 2017, AML and AMA, along with other Defendants, filed an Omnibus Motion to Transfer Venue [Case No. 16-01019, Dkt. No. 457; Case No. 16-01378, Dkt. No. 22]. On August 13, 2018, the Court Denied

the Motion to Dismiss [Case No. 16-01378, Dkt. No. 26]. On October 2, 2018, the Court Denied the Motion to Transfer [Case No. 16-01378, Dkt. No. 31].

6. On October 1, 2018, LBHI filed motions to amend the complaint and amend and extend the alternative dispute resolution order [Case No. 16-01378, Dkt. No. 30; Case No. 08-013555, Dkt. No. 58858]. Along with other Defendants, AML and AMA opposed both [Case No. 16-01378, Dkt. Nos. 34–35]. The Court granted that motion on November 30, 2018 [Case No. 16-01378, Dkt. No. 38]. LBHI filed a Supplemental Second Amended Adversary Complaint on December 9, 2018 [Case No. 16-01378, Dkt. No. 41].

## II.  RELIEF REQUESTED

7. Armstrong Teasdale seeks an order from the Court granting it leave to withdraw as counsel for AML and AMA in this case because (a) AML and AMA have deliberately disregarded an agreement or obligation to Armstrong Teasdale as to fees and expenses; (b) AML and AMA have failed to cooperate in the representation such that the attorney-client relationship has broken down, rendering it unreasonably difficult for Armstrong Teasdale to carry out its employment effectively and as a result, Armstrong Teasdale can no longer fulfill its obligations to AML and AMA; and (c) AML and AMA have consented to Armstrong Teasdale's withdrawal.

## III.  BASIS FOR RELIEF

8. Pursuant to Local Rule 2090-1(e), "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." S.D.N.Y. L.B.R. 2090-1(e).[1] In order to establish cause, "a lawyer appearing before this Court must make

---

[1] S.D.N.Y. Local Rule 1.4 "informs" this Court's interpretation of Local Rule 2090. *In re Albert*, 277 B.R. 38, 45 (Bankr. S.D.N.Y. 2002). That rule provides:

5

an application for withdrawal supported by affidavit or otherwise and a showing of satisfactory reasons sufficient to constitute cause for withdrawal." *In re Albert*, 277 B.R. 38, 45 (Bankr. S.D.N.Y. 2002). Cause for withdrawal exists if, *inter alia*, "in addition to nonpayment of fees . . . the attorney-client relationship has become unproductive." *Id.* at 46 (citing *Kolomick v. Kolomick*, 518 N.Y.S.2d 413, 414 (N.Y. App. Div. 1987)). A "breakdown of the attorney-client relationship" warranting withdrawal exists if counsel can "no longer fulfill [their] obligations" to their clients. *See In re Tosif*, No. 12-71932-AST, 2012 WL 4832335, at *3 (Bankr. E.D.N.Y. Oct. 10, 2012). There is good cause for withdrawal in this case for several reasons.

9. *First*, AML and AMA have refused to pay Armstrong Teasdale's legal bills.[2] New York Rule of Professional Conduct 1.16(c)(5) explicitly permits withdrawal from representation if a client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," which is the case here. Similarly, case law from this Court recognizes that nonpayment of fees supports withdrawal when it occurs in conjunction with other factors. *See In re Albert*, 277 B.R. at 45–46; *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *1–3 (S.D.N.Y. Feb. 17, 2011) (granting withdrawal where client failed to pay fees and did not communicate with attorney, and citing cases); *see also* Colo.

---

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

S.D.N.Y. L.R. 1.4.

[2] AML and AMA are defunct legal entities that have been dissolved since 2014 and 2012, respectively. Ex. 1, Rhoades Aff. ¶¶ 6–8. As described in the affidavit filed in support of this Motion, Armstrong Teasdale's representation of AML and AMA has been facilitated by the former officers of the companies. *See id.* ¶ 9.

6

R. Prof. Conduct 1.16(b)(5) (permitting withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"). In this case, AML and AMA have stated on multiple occasions that they will not pay any of Armstrong Teasdale's unpaid bills and will not pay any additional charges for legal services by Armstrong Teasdale in this case. Ex. 1, Rhoades Aff. ¶¶ 10–12.

10.    *Second*, AML and AMA refuse to follow Armstrong Teasdale's legal advice. A client's refusal to follow its attorney's legal advice warrants withdrawal. *See In re Tosif*, 2012 WL 4832335, at *1, *3, *5 (approving withdrawal where client refused counsel's instructions to appear for 2004 examination); *see also* N.Y. R. Prof. Conduct Rule 1.16(c)(4), (7) (permitting withdrawal when client "insists upon taking action with which the lawyer has a fundamental disagreement" or when client "fails to cooperate in the representation"); *see also* Colo. R. Prof. Conduct 1.16(b)(4) (similar). In the case at hand, AML and AMA refuse to follow Armstrong Teasdale's recommendations regarding how best to litigate this case and refuse to take any steps to effectuate that advice. Ex. 1, Rhoades Aff. ¶¶ 14–17. There is now a fundamental disagreement between Armstrong Teasdale and AML and AMA, such that Armstrong Teasdale can no longer fulfil its ethical obligations to AML and AMA. *Id.* ¶¶ 18–20. The disagreement between Armstrong Teasdale and AML and AMA and the clients' refusal to cooperate supports withdrawal.

11.    *Third*, Armstrong Teasdale can no longer effectively communicate with AML and AMA. Breakdown in communications between an attorney and her client warrants withdrawal. *See Statue of Liberty--Ellis Island Found., Inc. v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (permitting withdrawal where client "failed to answer . . . telephone calls and

7

letters regarding the conduct of the litigation"); *Fischer v. Biman Bangladesh Airlines*, No. 96 CIV. 3120 SHS AJP, 1997 WL 411446, at *2 (S.D.N.Y. July 18, 1997) (permitting withdrawal where client stopped paying fees communicating with counsel and citing cases); *see also* N.Y. R. Prof. Conduct Rule 1.16(c)(7) (permitting withdrawal if client "renders the representation unreasonably difficult for the lawyer to carry out employment effectively"); *cf.* Colo. R. Prof. Conduct 1.16(b)(7). In this case, over the course of several months, AML and AMA have repeatedly failed to respond to written and oral communications from Armstrong Teasdale regarding the progress and litigation of this case. Ex. 1, Rhoades Aff. ¶¶ 21–22. Although Armstrong Teasdale was able to speak to AML and AMA briefly at the end of 2018 about this case and the filing of this Motion, AML and AMA have again ceased communications. *Id.* ¶ 23. AML and AMA's level of responsiveness is insufficient to support a productive attorney-client relationship as this litigation continues because communication has become unreasonably difficult. *Id.* ¶¶ 23–24. This breakdown in communication supports withdrawal.

12.     *Fourth*, AML and AMA consent to withdrawal. A client's consent militates in favor of withdrawal. *See* N.Y. R. Prof. Conduct 1.16(c)(10) (permitting withdrawal if client "the client knowingly and freely assents to termination of the employment"); *cf.* Colo. R. Prof. Conduct 1.16(b)(7). AML and AMA have consented to withdrawal in this case. On January 15, 2019, Armstrong Teasdale notified AML and AMA of its intent to withdraw, and served AML and AMA with a copy of this Motion. Ex. 1, Rhoades Aff. ¶ 25. AML and AMA have informed Armstrong Teasdale that they no longer wish to be represented by Armstrong Teasdale in this matter and that they consent to withdrawal. *Id.* ¶ 26. AMA and AML's consent supports withdrawal.

13.     *Fifth,* AML and AMA will not be prejudiced by the withdrawal of Armstrong Teasdale, as they have sufficient time to retain replacement counsel.

14.     *Finally*, Armstrong Teasdale's withdrawal will not significantly disrupt further prosecution of this case. A motion to withdraw should be granted if withdrawal of counsel is unlikely to cause undue prejudice. *See Ameruso v. City of New York*, No. 15CV03381RABCM, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) (analyzing prejudice and granting withdrawal). Courts find no undue prejudice from withdrawal when a matter is not "trial-ready" or where discovery has not yet closed. *Id.* at *2–3 (permitting withdrawal and citing cases); *accord Genao v. City of New York*, No. 14CV8122ATJLC, 2017 WL 57886, at *3 (S.D.N.Y. Jan. 4, 2017) (permitting withdrawal because, *inter alia*, discovery had not begun and defendant had not answered complaint). Here, Armstrong Teasdale's withdrawal is unlikely to cause undue prejudice to the parties. Phase I of this case, which includes motions pursuant to Rule 12, is coming to a close [*See* Case No. 16-01019, Dkt. No. 305]. AML and AMA' Rule 12 motions have been briefed and ruled upon. [Case No. 16-01378, Dkt. Nos. 26 & 31.] Discovery has not yet commenced and a trial date has not been set. Because this case is still in its early stages and is not "trial-ready," neither AML and AMA nor the other parties will be unduly prejudiced by Armstrong Teasdale's withdrawal.

15.     Because AML and AMA have deliberately disregarded an agreement or obligation to the lawyer as to fees and expenses; the attorney-client relationship has broken down such that Armstrong Teasdale cannot fulfil its ethical obligations to AML and AMA; and because withdrawal will not unduly prejudice AML and AMA or the other parties in this case, Armstrong Teasdale respectfully requests leave to withdraw from this case.

**WHEREFORE,** for all of the above reasons, Armstrong Teasdale respectfully requests that the Court grant its motion to withdraw as counsel for America's Mortgage, LLC and America's Mortgage Alliance, Inc.

Dated: 25th day of February, 2019.

                Respectfully submitted

                /s/ *Meshach Y. Rhoades*
                Meshach Y. Rhoades (*pro hac vice*)
                Alec P. Harris (*pro hac vice*)
                Martin J. Estevao (*pro hac vice*)
                ARMSTRONG TEASDALE LLP
                4643 South Ulster St., Ste. 800
                Denver, CO 80237
                Tel.: 720-200-0676
                Fax: 720-200-0679
                mrhoades@armstrongteasdale.com
                aharris@armstrongteasdale.com
                mestevao@armstrongteasdale.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25th, 2019 a copy of the foregoing **NOTICE OF MOTION** and **MOTION TO WITHDRAW AS COUNSEL FOR AMERICA'S MORTGAGE, LLC AND AMERICA'S MORTGAGE ALLIANCE, INC. PURSUANT TO LOCAL RULE 2090-1(e)** was served via ECF on all parties to the master docket—No. 01019 (SCC)—as well as the individual adversary proceeding—No. 16-01378 (SCC)—for the above-captioned case.

I further certify that on February 25th, 2019, a copy of the foregoing **NOTICE OF MOTION** and **MOTION TO WITHDRAW AS COUNSEL FOR AMERICA'S MORTGAGE, LLC AND AMERICA'S MORTGAGE ALLIANCE, INC. PURSUANT TO LOCAL RULE 2090-1(e)** was served on America's Mortgage, LLC and America's Mortgage Alliance, Inc. via electronic and certified mail.

*/s/ Stephanie N. Hendrickson*
Stephanie N. Hendrickson