Objection Deadline: March 20, 2019 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: To be scheduled if an objection is filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
In re                                                  :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (SCC)**
:
Debtors.                          :    **(Jointly Administered)**
:
------------------------------------------------------------------------x

**NOTICE OF MOTION OF THE PLAN ADMINISTRATOR FOR
ENTRY OF AN ORDER RELIEVING THE PLAN ADMINISTRATOR AND THE
DEBTORS OF THEIR DUTY TO CONTINUE TO MAINTAIN THE EXAMINER
DATABASE IN ITS CURRENT FORM AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 27, 2019, Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed the annexed motion (the "Motion")[1] pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code for entry of an order relieving the Plan Administrator and the Debtors of their duty to continue to maintain the Examiner Database and granting related relief, all as more fully described in the Motion, and that a hearing to consider the Motion (the "Hearing") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623,

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on a date to be scheduled if any objection to the Motion is filed.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, attorneys for LBHI and certain of its affiliates; and (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq., so as to be so filed and received no later than **March 20, 2019 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

2

WEIL:\96645948\8\58399.0011

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 27, 2019
      New York, New York

                                        /s/ *Garrett A. Fail*
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007
                                        Jacqueline Marcus
                                        Garrett A. Fail

                                        *Attorneys for Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

Objection Deadline: March 20, 2019 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: To be scheduled if an objection is filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| Debtors. | : | (Jointly Administered) |

**MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF
AN ORDER RELIEVING THE PLAN ADMINISTRATOR AND THE
DEBTORS OF THEIR DUTY TO CONTINUE TO MAINTAIN THE EXAMINER
DATABASE IN ITS CURRENT FORM AND GRANTING RELATED RELIEF**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), files this motion and respectfully represents:

**Relief Requested**

1. By this Motion, pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code"), the Plan Administrator requests that this Court

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

(i) relieve the Plan Administrator and the Debtors of their duty to continue to maintain the Examiner Database (as defined herein) in its current form; (ii) instruct Micro Focus (as defined herein) to prepare a hard drive containing copies of all the documents housed in the Examiner Database, and the Plan Administrator to act as custodian of the hard drive; (iii) order that neither the Plan Administrator nor any party shall access the Examiner Database without prior order of this Court obtained upon notice to parties (as described herein); (iv) authorize the Plan Administrator to terminate the Agreement (as defined herein) with Micro Focus and relieve Micro Focus of its obligations under the Agreement; and (iv) grant related relief.

## Background

2.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (collectively, these "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.     On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012.

## Jurisdiction

4.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## The Examiner Database

5.     On January 16, 2009, the Court entered an order directing the appointment of an examiner in these chapter 11 cases to investigate certain specified issues [ECF No. 2569].

2

On January 20, 2009, the Court entered an order approving the appointment of Anton R. Valukas, Esq., as examiner (the "Examiner") [ECF No. 2583].

6. During the course of the Examiner's investigation, the Examiner collected and assembled a digital database, which contained approximately 6,000,000 documents, comprising an estimated 40,000,000 pages of documents. Approximately 5,400,000 of the 6,000,000 total documents consisted primarily of LBHI e-mails and attachments (the "LBHI Documents"). The other 600,000 (the "Additional Documents" and together with the LBHI Documents, the "Documents") were collected by the Examiner from LBHI and other third parties.

7. Originally, the Documents were stored in two separate platforms. The LBHI Documents, together with tagging and notes added by the Examiner, were housed on a searchable platform maintained by Stratify, Inc. (the "Stratify Database"). All of the LBHI Documents were subject to a confidentiality agreement between the Debtors and the Examiner. The Additional Documents were housed on a searchable platform called "CaseLogistix" maintained at the time by the Examiner's attorneys, Jenner & Block (the "CaseLogistix Database" and together with the Stratify Database, the "Examiner Database"). The Additional Documents were subject to various confidentiality agreements or stipulations between the Examiner and the producing parties.

8. The Examiner filed his report (the "Examiner's Report") under seal on February 8, 2010. The Examiner's Report was later unsealed by order of the Court and made publicly available on March 11, 2010 [ECF No. 7531]. Approximately 3,500 documents were cited in the Examiner's Report, all of which became publicly available when the Examiner's

3

Report was unsealed by this Court. With few exceptions, the remaining documents remain subject to confidentiality obligations owed to the producing parties.

9. Following the completion of the Examiner's duties, on July 13, 2010, this Court entered an order discharging the Examiner from further obligations [ECF No. 10169] (the "Examiner Discharge Order"). In the Examiner Discharge Order, the Court ordered the Debtors to continue to maintain the Stratify Database, until further order of the Court, upon notice and an opportunity to be heard by parties in interest. *See* Examiner Discharge Order at ¶5. The Court further ordered that the Examiner and the Debtors negotiate a contract with a neutral vendor to take custody and maintain the documents contained in the CaseLogistix Database. *See* Examiner Discharge Order at ¶6.

10. LBHI subsequently engaged Stratify, Inc. (n/k/a Micro Focus) ("Micro Focus") as a neutral vendor, on February 28, 2011, to maintain the CaseLogistix Database in a manner consistent with the Examiner Discharge Order (the "Agreement").

11. Micro Focus has since maintained the Examiner Database in exchange for a monthly fee of approximately $11,250. To date, the total cost of maintaining the Examiner Database since its creation has exceeded $1,000,000.

12. As noted above, many of the Documents in the Examiner Database remained subject to strict confidentiality obligations. In consideration of such confidentiality obligations, the Examiner Discharge Order provided a mechanism by which parties, including LBHI, could seek access to the database. Pursuant to the Examiner Discharge Order, any party seeking to access documents contained in the Examiner Database are permitted to make a "document request" ("Document Request") to Micro Focus. Prior to producing any Document, Micro Focus would promptly notify the original producing party. Other than LBHI, no party has

4

ever requested access to any of the non-public Documents contained in the Examiner Database. LBHI itself only requested access to its own documents contained in the Examiner Database because certain of those documents were organized and tagged in the Examiner Database in a manner that made them easily and readily available.

13. In light of the fact that LBHI has maintained and borne the cost of the Examiner Database for almost eight years, that no party other than LBHI has ever requested access to any of the non-public Documents contained in the Examiner Database, and that the salient documents, which were cited or referenced in the Examiner Report, have been made publicly available, the Plan Administrator submits that it has maintained the Examiner Database for more than a reasonable period of time and respectfully requests that this Court relieve the Plan Administrator and the Debtors of their duty to continue to maintain the Examiner Database in its current form.

14. The Plan Administrator further requests that, if this Motion is approved, Micro Focus be instructed to prepare a hard drive, which will contain copies of all the Documents previously housed in the Examiner Database, with such hard drive to be held by Plan Administrator as custodian. The Plan Administrator further requests that in the event the Plan Administrator or any other party requests access to the Additional Documents, such party shall file a motion with this Court for authority to access the Additional Documents. Under no circumstances shall access occur before an order granting such motion is entered, and the Plan Administrator's and all parties' rights to object to any motion are presented.

15. The Plan Administrator will pay any outstanding fees and expenses owed to Micro Focus in connection with maintaining the Examiner Database, and upon transfer of the

5

hard drive, will terminate the Agreement with Micro Focus, relieving Micro Focus of its obligations under the Agreement.

## The Court Has Broad Authority to Relieve the Plan Administrator of its Duty to Maintain the Examiner Database

16. The Court has broad authority, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act . . . that is necessary for the consummation of the plan."); 11 U.S.C. § 105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (holding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.") (internal citations and quotation marks omitted)).

17. Pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to these Chapter 11 Cases. *See* Confirmation Order ¶ 77. Section 14.1 of the Plan, in turn, provides for the retention by the Court of exclusive jurisdiction to, among other things, "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code" and "enter and implement other

6

orders, and take such other actions as may be necessary or appropriate to enforce . . . the Plan, the Confirmation Order or any other order of the Bankruptcy Court." (Plan § 14.1(e), (i).)

### The Plan Administrator Has Maintained the Examiner Database for More than a Reasonable Period of Time

18. The Plan Administrator respectfully submits that it has maintained the Examiner Database for more than a reasonable period of time, especially in light of the associated monthly cost of $11,250 and the fact that no third party has ever requested a search of the Examiner Database.

19. Courts have frequently permitted the destruction of the records collected by Examiners in significantly shorter periods of time. *See, e.g., In re Washington Mutual, Inc.*, Chapter 11 Case No. 08-12229 (MFW) (May 30, 2012) [ECF No. 10235] (authorizing the examiner to destroy all documents obtained during the course of its investigation, except to the extent the liquidation trustee objected to the destruction of specified documents within 30 days from date of entry of order); *In re Tribune Company*, Chapter 11 Case No. 08-13141 (KJC) (August 26, 2010) [ECF No. 5541] (instructing examiner to maintain documents for a period of two years, and authorizing examiner to destroy any such materials without further order of the court); *In re Semcrude, L.P.*, Chapter 11 Case No. 08-11525 (BLS) (July 28, 2009) [ECF No. 4766] (authorizing the examiner to either destroy the documents obtained during the course of its investigation or return such documents to the producing party).

20. For the reasons set forth above, the Plan Administrator requests that the Court enter an order in the form attached hereto as Exhibit A.

### Notice

21. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator, in accordance with the procedures set forth in the second amended order entered

7

on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], has served notice of this motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these Chapter 11 Cases; and (vi) all parties who have produced documents contained in the Examiner Database. The Plan Administrator submits that no other or further notice need be provided.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 27, 2019
      New York, New York

      */s/ Garrett A. Fail*
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007
      Jacqueline Marcus
      Garrett A. Fail

      *Attorneys for Lehman Brothers Holdings Inc.*
      *and Certain of Its Affiliates*

## Exhibit A

**Proposed Order**

WEIL:\96645948\8\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (SCC)
                                                                  :
              Debtors.                                            :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### ORDER RELIEVING THE PLAN ADMINISTRATOR AND THE DEBTORS OF THEIR DUTY TO CONTINUE TO MAINTAIN THE EXAMINER DATABASE IN ITS CURRENT FORM AND GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[1] dated February 27, 2019 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") for authority to cease maintenance of the Examiner Database, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have produced documents contained in the Examiner Database and (vi) all parties who have requested notice in these Chapter 11 Cases in accordance

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635); and it appearing that no other or further notice need be provided; and a hearing having been held, to the extent necessary, to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the Plan Administrator and the Debtors are hereby relieved of their obligation to continue to maintain to Examiner Database in its current form; and it is further

ORDERED that Micro Focus is hereby instructed to prepare a hard drive, which will contain all the Documents previously housed in the Examiner Database, with such hard drive to be held by the Plan Administrator as custodian; and it is further

ORDERED that in the event the Plan Administrator or any third party requests access to the Additional Documents, such party shall file a motion with this Court for authority to access the Additional Documents, and under no circumstances shall access occur before an order granting such motion is entered, and the Plan Administrator's and all parties' rights to object to any motion are presented; and it is further

ORDERED that the Plan Administrator may terminate the Agreement with Micro Focus and relieve Micro Focus of its obligations under the Agreement; and it is further

ORDERED that the Plan Administrator and any other party may take any other action that is necessary or appropriate to carry out this order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      _____, 2019

                                      Honorable Shelley C. Chapman
                                      United States Bankruptcy Judge

WEIL:\96645948\8\58399.0011