David R. Seligman, P.C.  
Joseph M. Graham (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone:     (312) 862-2000  
Facsimile:      (312) 862-2200  

Mark McKane, P.C. (admitted *pro hac vice*)  
Kevin Chang (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
555 California Street  
San Francisco, California 94104  
Telephone:     (415) 439-1400  
Facsimile:      (415) 439-1500  

*Counsel to the Joint Liquidators*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF LEXA HILLIARD QC IN SUPPORT**
**OF JOINT LIQUIDATORS' REPLY IN SUPPORT OF MOTION**
**FOR AN ORDER ENFORCING THE MODIFIED THIRD AMENDED**
**JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC.**
**AND ITS AFFILIATED DEBTORS FOR PURPOSES OF DISTRIBUTIONS**

I, Lexa Hilliard QC, pursuant to 28 U.S.C. § 1746, declare as follows.

1.     I am a barrister licensed to practise law in England and Wales. I am a Queen's Counsel (which is a senior barrister appointed on the recommendation of the Lord Chancellor). I am a member of a set of barristers' chambers known as Wilberforce Chambers of 8 New Square, Lincoln's Inn, London, WC2A 3QP. I am retained as counsel by Bruce Alexander Mackay and Matthew Robert Haw of RSM Restructuring Advisory LLP (the "*Joint Liquidators*") to advise and represent them in connection with their rights, duties and powers as joint liquidators of the General Partner and allied to that their rights, duties, and powers in the winding-up of the Partnerships, including LP IV and LP V. I respectfully submit this declaration in support of the reply of the *Joint Liquidators' Motion for an Order Enforcing the Modified Third Amended Joint*

*Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for Purposes of Distributions* [Dkt. No. 59409] (the "**Motion**") and in response to the *Plan Administrator's Objection to Motion to Allow Late Claim* [Dkt. No. 59549] (the "**Objection**").[1]

2. As counsel to the Joint Liquidators, I have personal knowledge of the claims, allegations, and issues asserted in the Motion and the facts described herein.

3. The Plan Administrator argues, among other things, that LP IV and LP V are "Debtor-Controlled Entities" and that under the Plan the claims of Debtor-Controlled Entities were disallowed unless specifically preserved in the Schedule of Claims of Debtor-Controlled Entities contained within the Plan Supplement.

4. Under the terms of the Plan, for any of the Partnerships to be a Debtor-Controlled Entity, the General Partner (which was the general partner directing the activities of each Partnership) would need to have been "managed and controlled" by a Debtor on the Plan's Effective Date of March 6, 2012. Plan, Art. 1.41.

5. Although pursuant to the Plan, "the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York," (*see* Plan, Art. 15.14), I submit this Declaration to assist the Court with the status of the General Partner under English law on March 6, 2012, being the Effective Date of the Plan. The General Partner is a company incorporated under the laws of England and Wales. On June 22, 2010, the Registrar of Companies of England and Wales, acting pursuant to section 1000(4) of the Companies Act 2006 (the "**CA 2006**"),[2] struck the name of the General Partner from the Register of Companies of England

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Objection (as applicable).

[2] A true and correct copy of the relevant sections of the CA 2006 cited herein are attached hereto as **Exhibit A**.

2

and Wales on the ground that the General Partner was not carrying on business or in operation. Pursuant to section 1000(5) of the CA 2006, the Registrar then published a notice of the strike off in the Gazette. The publication of the notice triggered the application of section 1000(6) of the CA 2006, which dissolved the General Partner. When a company is dissolved all property and rights of the company immediately before its dissolution vest in the Crown as *bona vacantia*, pursuant to section 1012 of the CA 2006. Section 1029(1)(c) of the CA 2006 permits an application to be made to court for restoration of a company to the register after it has been dissolved. The effect of section 1030(4) of the CA 2006 is that an application can be made for restoration of a dissolved company to the register at any time within 6 years from the date of dissolution. Section 1029(2) of the CA 2006 identifies a number of persons who have standing to make such an application including any person appearing to the court to have an interest in the matter. Section 1032(1) of the CA 2006 provides that the general effect of an order by the court for restoration to the register is that the company is deemed to have continued in existence as if the company had not been dissolved or struck off. Section 1032(3) of the CA 2006 also provides that the court may give such directions and make such provision as seems just for placing the company and all other persons in the same position (as nearly as may be) as if the company had not been dissolved or struck off the register.

6.      On January 20, 2017, the Honourable Mr. Justice Hildyard of the High Court of England & Wales made an order restoring the General Partner to the Register of Companies. The order was made pursuant to an application by Deutsche Bank AG (***"Deutsche Bank"***) as a person appearing to have an interest in the restoration of the General Partner to the register (within the meaning of section 1029(2) of the CA 2006) by reason of the status of Deutsche Bank as an investor in one or more of the Partnerships in respect of which the General Partner was the general

3

partner. At the hearing of the application by Deutsche Bank, LBHI, as the sole shareholder of the General Partner, gave an undertaking to the High Court that it would take the necessary steps to place the General Partner into creditors' voluntary liquidation if the court made an order to restore the General Partner to the register. The order of the High Court restoring the General Partner to the register took effect on February 3, 2017. On that date the property and rights of the General Partner that had passed to the Crown upon dissolution re-vested in the General Partner. Thereafter, on February 28, 2017, pursuant to its undertaking to the High Court, LBHI passed a resolution to place the General Partner into creditors' voluntary liquidation. The Joint Liquidators were appointed by LBHI as liquidators on the same day (which appointment was subsequently approved by the General Partner's then known creditors on April 12, 2017).

7.    Although, by reason of section 1032(1) of the CA 2006, the effect of the restoration of the General Partner to the register is that it is deemed to have continued in existence as if it had not been dissolved or struck off the register, the CA 2006 does not provide that the control and management by shareholders or a board of directors are deemed to continue during any period of dissolution. Given the wide jurisdiction given to the court by section 1032(4) of the CA 2006 to make such provision as seems just for placing the company and all other persons in the same position (as nearly as may be) as if the General Partner had not been dissolved or struck off the register, an order to the effect that the control and management by LBHI continued during the period of the dissolution might, theoretically, be possible. However, there is no reported case where an order in similar circumstances has been made and I am not aware of any (unreported) case where such an order has been made. Further, and more importantly, although LBHI appeared on the application by Deutsche Bank for the restoration of the General Partner to the register for the purposes of giving the undertaking to the High Court to place the General Partner into creditors'

4

voluntary liquidation, LBHI did not seek an order to the effect that the control and management by LBHI or its directors (all of whom had resigned before dissolution) should be deemed to have continued during the dissolution of the General Partner. Therefore, even if, which I doubt, such an order could, theoretically, be made, no order in respect of the General Partner was sought or made in this case. As a matter of English law, therefore, the control and management by LBHI of the General Partner did not continue during the period of the dissolution of the General Partner.

8. Further, section 4(2) of the Limited Partnership Act 1907,[3] pursuant to which the Partnerships were created, requires a limited partnership to consist of a general partner (who is liable for all debts and obligations of the limited partnership) and one or more limited partners. During the period of the General Partner's dissolution there was no general partner and therefore no limited partnership. LBHI could not manage and control a limited partnership which did not exist by operation of the statute.

9. Also, it is worth noting that LBHI did nothing to prevent the striking off and dissolution of LB Investment Holdings Limited (one of the two limited partners of the Partnerships) by the Registrar of Companies pursuant to section 1000(5) of the CA 2006 on May 17, 2011. LB Investment Holdings Limited was not restored to the register until February 22, 2018.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[3] A true and correct copy of the relevant section of the Limited Partnership Act 1907 cited herein is attached hereto as **Exhibit B**.

I have reviewed the Motion and Objection, and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 4, 2019, in London, England.

_____
Lexa Hilliard QC

**Exhibit A**

**Companies Act 2006**

# Companies Act 2006

## 2006 CHAPTER 46

Thomson Reuters (Legal) Limited.

UK Statutes Crown Copyright. Reproduced by permission of the Controller of Her Majesty's Stationery Office.

An Act to reform company law and restate the greater part of the enactments relating to companies; to make other provision relating to companies and other forms of business organisation; to make provision about directors' disqualification, business names, auditors and actuaries; to amend Part 9 of the Enterprise Act 2002; and for connected purposes.

[8th November 2006]

BE IT ENACTED by the Queen's most Excellent Majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the authority of the same, as follows:–

**Extent**

Preamble: United Kingdom

## PART 1

## GENERAL INTRODUCTORY PROVISIONS

*Companies and Companies Acts*

 Law In Force

### 1 Companies

(1) In the Companies Acts, unless the context otherwise requires–
    "company" means a company formed and registered under this Act, that is–
        (a) a company so formed and registered after the commencement of this Part, or
        (b) a company that immediately before the commencement of this Part–
            (i) was formed and registered under the Companies Act 1985 (c. 6) or the Companies (Northern Ireland) Order 1986 (S.I. 1986/1032 (N.I. 6)), or



(4) A person guilty of an offence under this section is liable on summary conviction to a fine not exceeding level 3 on the standard scale and, for continued contravention, a daily default fine not exceeding one-tenth of level 3 on the standard scale.

**Commencement**

Pt 30 s. 998(1)-(4):  October 1, 2007  (SI 2007/2194 art. 2(1)(j))

**Extent**

Pt 30 s. 998(1)-(4): United Kingdom

 Law In Force

### 999 Supplementary provisions where company's constitution altered

(1) This section applies where an order under this Part alters a company's constitution.

(2) If the order amends—
    (a) a company's articles, or
    (b) any resolution or agreement to which Chapter 3 of Part 3 applies (resolution or agreement affecting a company's constitution),
the copy of the order delivered to the registrar by the company under section 998 must be accompanied by a copy of the company's articles, or the resolution or agreement in question, as amended.

(3) Every copy of a company's articles issued by the company after the order is made must be accompanied by a copy of the order, unless the effect of the order has been incorporated into the articles by amendment.

(4) If a company makes default in complying with this section an offence is committed by—
    (a) the company, and
    (b) every officer of the company who is in default.

(5) A person guilty of an offence under this section is liable on summary conviction to a fine not exceeding level 3 on the standard scale.

**Commencement**

Pt 30 s. 999(1)-(5):  October 1, 2007  (SI 2007/2194 art. 2(1)(j))

**Extent**

Pt 30 s. 999(1)-(5): United Kingdom

# PART 31

## DISSOLUTION AND RESTORATION TO THE REGISTER



*Companies Act 2006*            Page 880

# CHAPTER 1

## STRIKING OFF

*Registrar's power to strike off defunct company*

✅ Law In Force

**1000 Power to strike off company not carrying on business or in operation**

(1) If the registrar has reasonable cause to believe that a company is not carrying on business or in operation, the registrar may send to the company [a communication]¹ inquiring whether the company is carrying on business or in operation.

(2) If the registrar does not within [14 days of sending]² [the communication]³ receive any answer to it, the registrar must within 14 days after the expiration of [that period]⁴ send to the company [a second communication referring to the first communication]³, and stating–
    (a) that no answer to it has been received, and
    (b) that if an answer is not received to the second [communication]⁵ within [14 days]⁶ from its date, a notice will be published in the Gazette with a view to striking the company's name off the register.

(3) If the registrar–
    (a) receives an answer to the effect that the company is not carrying on business or in operation, or
    (b) does not within [14 days]⁷ after sending the second [communication]⁸ receive any answer,
the registrar may publish in the Gazette, and send to the company [...]⁹, a notice that at the expiration of [2 months]¹⁰ from the date of the notice the name of the company mentioned in it will, unless cause is shown to the contrary, be struck off the register and the company will be dissolved.

(4) At the expiration of the time mentioned in the notice the registrar may, unless cause to the contrary is previously shown by the company, strike its name off the register.

(5) The registrar must publish notice in the Gazette of the company's name having been struck off the register.

(6) On the publication of the notice in the Gazette the company is dissolved.

(7) However–
    (a) the liability (if any) of every director, managing officer and member of the company continues and may be enforced as if the company had not been dissolved, and
    (b) nothing in this section affects the power of the court to wind up a company the name of which has been struck off the register.

**Notes**

¹ Words substituted by Companies (Striking Off) (Electronic Communications) Order 2014/1602 art.2(2)(a) (July 11, 2014)



2   Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 8 s.103(2)(a)(i) (October 10, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions as specified in 2015 c.26 s.103(5))
3   Words substituted by Companies (Striking Off) (Electronic Communications) Order 2014/1602 art.2(2)(b) (July 11, 2014)
4   Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 8 s.103(2)(a)(ii) (October 10, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions as specified in 2015 c.26 s.103(5))
5   Word substituted by Companies (Striking Off) (Electronic Communications) Order 2014/1602 art.2(2)(c) (July 11, 2014)
6   Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 8 s.103(2)(a)(iii) (October 10, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions as specified in 2015 c.26 s.103(5))
7   Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 8 s.103(2)(b)(i) (October 10, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions as specified in 2015 c.26 s.103(5))
8   Word substituted by Companies (Striking Off) (Electronic Communications) Order 2014/1602 art.2(2)(d) (July 11, 2014)
9   Words repealed by Companies (Striking Off) (Electronic Communications) Order 2014/1602 art.2(2)(e) (July 11, 2014)
10  Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 8 s.103(2)(b)(ii) (October 10, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions as specified in 2015 c.26 s.103(5))

**Commencement**

Pt 31 c. 1 s. 1000(1)-(7)(b):  October 1, 2009  (SI 2008/2860 art. 3(o))

**Extent**

Pt 31 c. 1 s. 1000(1)-(7)(b): United Kingdom

---

 Law In Force

### 1001 Duty to act in case of company being wound up

(1) If, in a case where a company is being wound up–
    (a) the registrar has reasonable cause to believe–
        (i) that no liquidator is acting, or
        (ii) that the affairs of the company are fully wound up, and
    (b) the returns required to be made by the liquidator have not been made for a period of six consecutive months,
the registrar must publish in the Gazette and send to the company or the liquidator (if any) a notice that at the expiration of [ 2 months ]¹ from the date of the notice the name of the company mentioned in it will, unless cause is shown to the contrary, be struck off the register and the company will be dissolved.

(2) At the expiration of the time mentioned in the notice the registrar may, unless cause to the contrary is previously shown by the company, strike its name off the register.

(3) The registrar must publish notice in the Gazette of the company's name having been struck off the register.

(4) On the publication of the notice in the Gazette the company is dissolved.

(5) However–



## CHAPTER 2

## PROPERTY OF DISSOLVED COMPANY

*Property vesting as bona vacantia*


Law In Force

### 1012    Property of dissolved company to be bona vacantia

(1) When a company is dissolved, all property and rights whatsoever vested in or held on trust for the company immediately before its dissolution (including leasehold property, but not including property held by the company on trust for another person) are deemed to be bona vacantia and–
> (a)    accordingly belong to the Crown, or to the Duchy of Lancaster or to the Duke of Cornwall for the time being (as the case may be), and
> (b)    vest and may be dealt with in the same manner as other bona vacantia accruing to the Crown, to the Duchy of Lancaster or to the Duke of Cornwall.

(2) Subsection (1) has effect subject to the possible restoration of the company to the register under Chapter 3 (see section 1034).

**Commencement**

Pt 31 c. 2 s. 1012(1)-(2):  October 1, 2009  (SI 2008/2860 art. 3(o), Sch. 2 para. 88(1))

**Extent**

Pt 31 c. 2 s. 1012-(2): United Kingdom


Law In Force

### 1013    Crown disclaimer of property vesting as bona vacantia

(1) Where property vests in the Crown under section 1012, the Crown's title to it under that section may be disclaimed by a notice signed by the Crown representative, that is to say the Treasury Solicitor, or, in relation to property in Scotland, the Queen's and Lord Treasurer's Remembrancer.

(2) The right to execute a notice of disclaimer under this section may be waived by or on behalf of the Crown either expressly or by taking possession.

(3) A notice of disclaimer must be executed within three years after–
> (a)    the date on which the fact that the property may have vested in the Crown under section 1012 first comes to the notice of the Crown representative, or
> (b)    if ownership of the property is not established at that date, the end of the period reasonably necessary for the Crown representative to establish the ownership of the property.

(4) If an application in writing is made to the Crown representative by a person interested in the property requiring him to decide whether he will or will not disclaim, any notice of disclaimer must



*Companies Act 2006*                                                                                                           *Page 903*

  Law In Force

**1029  Application to court for restoration to the register**

(1) An application may be made to the court to restore to the register a company–

    (a) that has been dissolved under Chapter 9 of Part 4 of the Insolvency Act 1986 (c. 45) or Chapter 9 of Part 5 of the Insolvency (Northern Ireland) Order 1989 (S.I. 1989/2405 (N.I. 19)) (dissolution of company after winding up),

    (b) that is deemed to have been dissolved under paragraph 84(6) of Schedule B1 to that Act or paragraph 85(6) of Schedule B1 to that Order (dissolution of company following administration), or

    (c) that has been struck off the register–

        (i) under section 1000 or 1001 (power of registrar to strike off defunct company), or

        (ii) under section 1003 (voluntary striking off),

whether or not the company has in consequence been dissolved.

(2) An application under this section may be made by–

    (a) the Secretary of State,

    (b) any former director of the company,

    (c) any person having an interest in land in which the company had a superior or derivative interest,

    (d) any person having an interest in land or other property–

        (i) that was subject to rights vested in the company, or

        (ii) that was benefited by obligations owed by the company,

    (e) any person who but for the company's dissolution would have been in a contractual relationship with it,

    (f) any person with a potential legal claim against the company,

    (g) any manager or trustee of a pension fund established for the benefit of employees of the company,

    (h) any former member of the company (or the personal representatives of such a person),

    (i) any person who was a creditor of the company at the time of its striking off or dissolution,

    (j) any former liquidator of the company,

    (k) where the company was struck off the register under section 1003 (voluntary striking off), any person of a description specified by regulations under section 1006(1)(f) or 1007(2)(f) (persons entitled to notice of application for voluntary striking off),

or by any other person appearing to the court to have an interest in the matter.

**Commencement**

Pt 31 c. 3 s. 1029(1)-(2)(k):  October 1, 2009  (SI 2008/2860 art. 3(o), Sch. 2 para. 91(2), Sch. 2 para. 91(3))

**Extent**

Pt 31 c. 3 s. 1029-(2)(k): United Kingdom



*Companies Act 2006*                                                                                              Page 904

 Law In Force

**1030   When application to the court may be made**

(1) An application to the court for restoration of a company to the register may be made at any time for the [purpose of—]¹
  [(a)  bringing proceedings against the company for damages for personal [injury;]²]¹
  [(b)  an insurer (within the meaning of the Third Parties (Rights Against Insurers) Act 2010) bringing proceedings against a third party in the name of that company in respect of that company's liability for damages for personal injury.]²

(2) No order shall be made on such an application if it appears to the court that the proceedings would fail by virtue of any enactment as to the time within which proceedings must be brought.

(3) In making that decision the court must have regard to its power under section 1032(3) (power to give consequential directions etc) to direct that the period between the dissolution (or striking off) of the company and the making of the order is not to count for the purposes of any such enactment.

(4) In any other case an application to the court for restoration of a company to the register may not be made after the end of the period of six years from the date of the dissolution of the company, subject as follows.

(5) In a case where–
  (a)  the company has been struck off the register under section 1000 or 1001 (power of registrar to strike off defunct company),
  (b)  an application to the registrar has been made under section 1024 (application for administrative restoration to the register) within the time allowed for making such an application, and
  (c)  the registrar has refused the application,
an application to the court under this section may be made within 28 days of notice of the registrar's decision being issued by the registrar, even if the period of six years mentioned in subsection (4) above has expired.

(6) For the purposes of this section–
  (a)  "personal injury" includes any disease and any impairment of a person's physical or mental condition; and
  (b)  references to damages for personal injury include–
    (i)  any sum claimed by virtue of section 1(2)(c) of the Law Reform (Miscellaneous Provisions) Act 1934 (c. 41) or section 14(2)(c) of the Law Reform (Miscellaneous Provisions) Act (Northern Ireland) 1937 (1937 c. 9 (N.I.)) (funeral expenses)), and
    (ii)  damages under the Fatal Accidents Act 1976 (c. 30), the [Damages (Scotland) Act 2011 (asp 7)]³ or the Fatal Accidents (Northern Ireland) Order 1977 (S.I. 1977/1251 (N.I. 18)).

**Notes**

¹   Words and s.1030(1)(a) substituted for words by Third Parties (Rights Against Insurers) Act 2010 (Consequential Amendment of Companies Act 2006) Regulations 2018/1162 reg.2(a) (November 23, 2018)
²   Words and s.1030(1)(b) substituted for words by Third Parties (Rights Against Insurers) Act 2010 (Consequential Amendment of Companies Act 2006) Regulations 2018/1162 reg.2(b) (November 23, 2018)
³   Words substituted by Damages (Scotland) Act 2011 asp 7 (Scottish Act) Sch.1 para.9 (July 7, 2011)



**Commencement**

Pt 31 c. 3 s. 1030(1)-(3), (5)-(6)(b)(ii): October 1, 2009 (SI 2008/2860 art. 3(o))

Pt 31 c. 3 s. 1030(4): October 1, 2009 subject to transitional and savings provisions specified in SI 2008/2860 Sch.2 para.91(4)-(5) (SI 2008/2860 art. 3(o), Sch. 2 para. 91(4), Sch. 2 para. 91(5))

**Extent**

Pt 31 c. 3 s. 1030(1)-(6)(b)(ii): United Kingdom

 Law In Force

### 1031 Decision on application for restoration by the court

(1) On an application under section 1029 the court may order the restoration of the company to the register–
>    (a) if the company was struck off the register under section 1000 or 1001 (power of registrar to strike off defunct companies) and the company was, at the time of the striking off, carrying on business or in operation;
>    (b) if the company was struck off the register under section 1003 (voluntary striking off) and any of the requirements of sections 1004 to 1009 was not complied with;
>    (c) if in any other case the court considers it just to do so.

(2) If the court orders restoration of the company to the register, the restoration takes effect on a copy of the court's order being delivered to the registrar.

(3) The registrar must cause to be published in the Gazette notice of the restoration of the company to the register.

(4) The notice must state–
>    (a) the name of the company or, if the company is restored to the register under a different name (see section 1033), that name and its former name,
>    (b) the company's registered number, and
>    (c) the date on which the restoration took effect.

**Commencement**

Pt 31 c. 3 s. 1031(1)-(4)(c): October 1, 2009 (SI 2008/2860 art. 3(o), Sch. 2 para. 90)

**Extent**

Pt 31 c. 3 s. 1031-(4)(c): United Kingdom

 Law In Force

### 1032 Effect of court order for restoration to the register

(1) The general effect of an order by the court for restoration to the register is that the company is deemed to have continued in existence as if it had not been dissolved or struck off the register.



(2) The company is not liable to a penalty under section 453 or any corresponding earlier provision (civil penalty for failure to deliver accounts) for a financial year in relation to which the period for filing accounts and reports ended–
  (a) after the date of dissolution or striking off, and
  (b) before the restoration of the company to the register.

(3) The court may give such directions and make such provision as seems just for placing the company and all other persons in the same position (as nearly as may be) as if the company had not been dissolved or struck off the register.

(4) The court may also give directions as to–
  (a) the delivery to the registrar of such documents relating to the company as are necessary to bring up to date the records kept by the registrar,
  (b) the payment of the costs (in Scotland, expenses) of the registrar in connection with the proceedings for the restoration of the company to the register,
  (c) where any property or right previously vested in or held on trust for the company has vested as *bona vacantia*, the payment of the costs (in Scotland, expenses) of the Crown representative–
    (i) in dealing with the property during the period of dissolution, or
    (ii) in connection with the proceedings on the application.

(5) In this section the "Crown representative" means–
  (a) in relation to property vested in the Duchy of Lancaster, the Solicitor to that Duchy;
  (b) in relation to property vested in the Duke of Cornwall, the Solicitor to the Duchy of Cornwall;
  (c) in relation to property in Scotland, the Queen's and Lord Treasurer's Remembrancer;
  (d) in relation to other property, the Treasury Solicitor.

**Commencement**

Pt 31 c. 3 s. 1032(1)-(5)(d): October 1, 2009 (SI 2008/2860 art. 3(o), Sch. 2 para. 90)

**Extent**

Pt 31 c. 3 s. 1032-(5)(d): United Kingdom

 Law In Force

**[1032A  Restoration by court of company with share warrants**

(1) This section applies in relation to a company falling within section 1029(1) if, at the time it was dissolved, deemed to be dissolved or (as the case may be) struck off, it had any share warrant in issue.

(2) If the court orders the restoration of the company to the register, the order must also cancel the share warrant and the shares specified in it with effect from the date the restoration takes effect.

(3) If as a result of subsection (2) the company has no issued share capital, the company must, before the end of the period of one month beginning with the date the restoration takes effect, allot at least one share in the company; and section 549(1) does not apply to such an allotment.



# Exhibit B

**Limited Partnership Act 1907**

# Limited Partnerships Act 1907

## 1907 (7 Edw. 7 C. 24)

Thomson Reuters (Legal) Limited.

UK Statutes Crown Copyright. Reproduced by permission of the Controller of Her Majesty's Stationery Office.

An Act to establish Limited Partnerships.

[28th August 1907]

1 2

**Notes**

1  Act excluded by S.I. 1990/1580, reg. 2(1) and Companies Act 1985 (c.6), s. 717(1)
2  Act ceases to have effect as it formally had effect in Northern Ireland by virtue of Companies Act 2006 (c. 46) s. 1286(2)(b) with effect from October 1, 2009 as specified by S.I. 2008/2860 art. 3(z)

**Extent**

Preamble: United Kingdom

 Law In Force

### 1. Short title.

This Act may be cited for all purposes as the Limited Partnerships Act 1907.
1 2

**Notes**

1  Act excluded by S.I. 1990/1580, reg. 2(1) and Companies Act 1985 (c.6), s. 717(1)
2  Act ceases to have effect as it formally had effect in Northern Ireland by virtue of Companies Act 2006 (c. 46) s. 1286(2)(b) with effect from October 1, 2009 as specified by S.I. 2008/2860 art. 3(z)

**Commencement**

s. 1: January 1, 1908  (1907 c. 24 s. 2)

**Extent**

s. 1: United Kingdom

 Repealed

### 2. [...]¹
2 3



**Notes**

1   Repealed by Statute Law Revision Act 1927 (c. 42)
2   Act excluded by S.I. 1990/1580, reg. 2(1) and Companies Act 1985 (c.6), s. 717(1)
3   Act ceases to have effect as it formally had effect in Northern Ireland by virtue of Companies Act 2006 (c. 46) s. 1286(2)(b) with effect from October 1, 2009 as specified by S.I. 2008/2860 art. 3(z)

 Law In Force

### 3. Interpretation of terms.

In the construction of this Act the following words and expressions shall have the meanings respectively assigned to them in this section, unless there be something in the subject or context repugnant to such construction:—

"Firm," "firm name," and "business" have the same meanings as in the Partnership Act 1890;

"General partner" shall mean any partner who is not a limited partner as defined by this Act [ ; ]¹

["Private fund limited partnership" means a limited partnership that is designated under section 8(2) as a private fund limited partnership.]¹

**Notes**

1   Definition inserted by Legislative Reform (Private Fund Limited Partnerships) Order 2017/514 art.2(2) (April 6, 2017)

**Commencement**

s. 3: January 1, 1908  (1907 c. 24 s. 2)

**Extent**

s. 3 definition of "Firm"- definition of "Private fund limited partnership": United Kingdom

 Law In Force

### 4.— Definition and constitution of limited partnership.

(1) [...]¹ limited partnerships may be formed in the manner and subject to the conditions by this Act provided.

(2) A limited partnership [...]² must consist of one or more persons called general partners, who shall be liable for all debts and obligations of the firm, and one or more persons to be called limited partners [...]³ .

[(2A) Each limited partner in a limited partnership that is not a private fund limited partnership shall, at the time of entering into the partnership, contribute to the partnership a sum or sums as capital or property valued at a stated amount, and shall not be liable for the debts or obligations of the firm beyond the amount so contributed.

(2B) A limited partner in a private fund limited partnership—

