Rex Wu
6315 N Campbell
Chicago, IL 60659
312-785-0348
REX-WU@LIVE.COM

RECEIVED

APR - 8 2019

U.S. BANKRUPTCY COURT, SDNY

### UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rex Wu, | ) Case No.: 08-13555 (SCC) |
| vs. | ) (Jointly Administered) |
| Lehman Brothers Holdings INC., | ) |
| et al, | ) |
| Debtors. | ) |

---

## NOTICE OF MOTION FOR AN ORDER ENFORCING THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS FOR PURPOSES OF DISTRIBUTIONS

Rex Wu (Pro Se) hereby file this motion for an order enforcing the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Docket#23023-1] (the "Plan") and the order confirming the Plan [Docket# 23023] (the "Confirmation Order") with respect to claims held by Lehman Brothers Holdings Capital Trust III ("LEHKQ"), Lehman Brothers Holdings Capital Trust IV ("LEHLQ"), Lehman Brothers Holdings Capital Trust V ("LHHMQ") and Lehman Brothers Holdings Capital Trust VI ("LEHNQ")for purposes of receiving distributions under the Plan. Rex Wu (Pro Se) respectfully state as follows:

1 of 41

## **Preliminary Statement**

1. Rex Wu purchased his Lehman Brothers Holdings Capital Trust preferred shares (LEHKQ, LEHLQ, LMMHQ, LEHNQ) from the open market.

2. The Lehman Brothers Holdings Capital Trusts Preferred Shares previously traded on the NASDAQ stock exchange and currently still trading on the OTC (Over the Counter) Pinksheets exchange.

3. Rex Wu researched each of the Prospectus of LEHKQ, LEHLQ, LHHMQ, LEHNQ and "The Plan" [Docket# 23023-1]. LEHKQ, LEHLQ, LHHMQ AND LEHNQ currently have an unsecured subordinate debt claim in Class 10B of "The Plan" with their distributions reallocated to higher classes and are stated as unlikely to receive any distributions under "The Plan."

4. LEHKQ, LEHLQ, LHHMQ AND LEHNQ also are entitled to file a claim to enforce the "GUARANTEE" as stated in the Prospectus of LEHKQ, LEHLQ, LHHMQ AND LEHNQ. The holders of LEHKQ, LEHLQ, LHHMQ AND LEHNQ are entitled to file a claim to enforce the "GUARANTEE" which the Guarantee Trustee failed to file. (**EXHIBIT A**). **"If the guarantee trustee fails to enforce the guarantee trustee's rights under the guarantee, any holder of related preferred securities may directly sue Lehman Brothers Holdings to enforce the guarantee trustee's rights under the guarantee without first suing the trust, the guarantee trustee or any other person."**

5. Rex Wu who is the owner of shares of LEHKQ, LEHLQ, LHHMQ AND LEHNQ is exercising his right under the Prospectus of LEHKQ, LEHLQ, LHHMQ AND LEHNQ and the "THE PLAN" [Docket# 23023-1] to enforce the "GUARANTEE."

6. LEHKQ, LEHLQ LHHMQ AND LEHNQ are:

   - "On a parity with the most senior preferreds or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred securities of any affiliate of Lehman Brothers Holdings, and
   - Senior to Lehman Brothers Holdings common stock……"

7. LBHI's Capital Trusts III, IV, V, and VI Global Guarantee/Resolution claims are in parity with or rank higher than LBHI's, LBSF's or LBCC's corresponding guaranteed debt claims that were paid in 2014. (Docket#46304)

8. LBHI and JPMCB/JPMSI are codebtors and thus affiliates in this bankruptcy via common control. JPMCB/JPMSI guaranteed the claims of all its affiliates with LBHI's September 9, 2008 Guarantee and Security Agreement. Therefore, my CTs guaranteed claims are parity with the CTs held by JPMSI or JPMCB affiliates per the CTs relevant prospectus. (Docket #59555)

9. Rex Wu seeks just payment from LBHI for any payments made to parity senior preferred or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred securities of any affiliate of Lehman Brothers Holdings.

10. Rex Wu seeks approval and granting of the Proof of Claim.   (Exhibit D)

### Jurisdiction and Venue

11. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. §§ 157(b).  The statutory bases for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

### Background

A. **Enforce Lehman Brothers Capital Trust III ("LEHKQ"), Lehman Brothers Capital Trust IV ("LEHLQ"), Lehman Brothers Capital Trust V ("LHHMQ") and Lehman Brothers Capital Trust VI's ("LEHNQ") Prospectus.**
   "If the guarantee trustee fails to enforce the guarantee trustee's rights under the guarantee, any holder of related preferred securities may directly sue Lehman Brothers Holdings to enforce the guarantee trustee's rights under the guarantee without first suing the trust, the guarantee trustee or any other person."

B. **The Chapter 11 Filing and Bar Date Order.**

12. On September 15, 2008, LBHI and, shortly thereafter, several of its subsidiaries (collectively, the "Debtors") commenced these chapter 11 cases, 2008 (the "Petition Date").  The Debtors' chapter 11 cases were consolidated for administrative purposes.

13. On July 2, 2009, the Court entered an order [Docket# 4271] (the "Bar Date Order"), which set September 22, 2009, as the general deadline by which to file proofs of claim (the "Bar Date"), with one exception pertinent here:  entities appearing on the "Exempt Entities List," **(Exhibit B)**, "are not required to file a Proof of Claim on or before the Bar Date."  The Four Capital Trusts at issue here, "Lehman Brothers Holdings Capital Trust III" (i.e., LEHKQ), "Lehman Brothers Holdings Capital Trust IV" (i.e. LEHLQ), Lehman Brothers Holdings Capital Trust V" (i.e. LHHMQ) and "Lehman Brothers Holdings Capital Trust VI" (i.e. LEHNQ), are identified on the Exempt Entities List.

14. Rex Wu's LEHKQ, LEHLQ, LHHMQ and LEHNQ are EXEMPTED from the Bar Date Order. **(Exhibit B)**

15. Based on each individual Prospectus, the Redemption Value is $25.   **(Exhibit C)**

16. Pursuant to Article 11.1 of the Plan, Class 10B or LEHKQ, LEHLQ, LHHMQ, AND LEHNQ were deemed rejected on the Effective Date, except as otherwise set forth in Article 11.1.  The Bar Date Exemptions exempts LEHKQ, LEHLQ, LHHMQ, and LEHNQ from the deadline to file a claim.  The LEHKQ, LEHLQ, LHHMQ AND LEHNQ PROSPECTUS entitles the holders of the exempted Capital Trusts to bring action to enforce the "Guarantee" and file the Guarantee Claim.

### The Plan and Confirmation Order

17. The Plan and the Confirmation Order entered on December 6, 2011, make no specific reference to the "Guarantee". The Guarantee Trustee have not enforced the Guarantee of the "Exempt Entities" LEHKQ, LEHLQ, LHHMQ AND LEHNQ. The Bar Date does not apply to "Exempt Entities." (Docket #59409)

### Argument

Rex Wu who is the owner of shares of LEHKQ, LEHLQ, LHHMQ AND LEHNQ is exercising his right under the Prospectus of LEHKQ, LEHLQ, LHHMQ AND LEHNQ and the "THE PLAN" [Docket# 23023-1] to enforce the "GUARANTEE" and Guarantee Claims.

Lehman Brothers Holdings Capital Trust III, Lehman Brothers Holdings Capital Trusts IV, Lehman Brothers Holdings Capital Trusts V and Lehman Brothers Holdings Capital Trusts VI are "Exempted Entities" on the "Exempted Entities" List and are not bound to the Bar Date Order.

With Respect to the Confirmation Order and the Bar Date Order. For all of the following reasons, I respectfully request that the Court grant this motion.

I. THE COURT SHOULD ENFORCE THE CONFIRMATION ORDER AND PLAN TO REQUIRE THE PLAN ADMINISTRATOR TO ACCEPT THE GUARANTEE CLAIMs AS CLASS 4B OR THE BEST CLASS DETERMINED.

### A. The Court Has Jurisdiction To Enforce The Plan.

18. Pursuant to the Confirmation Order, this Court retained exclusive jurisdiction to enforce the Confirmation Order and the Plan, and over all matters arising under or related to these chapter 11 cases. (See Confirmation Order, ¶ 77; Plan, Art. 14.1.) The Plan and the Confirmation Order contain mechanisms for the claims allowance process, including allowance, liquidation, reserves, and distribution procedures. (See Plan, Art. VIII ("Provisions Regarding … Distributions Under the Plan"), Art. IX ("Procedures for Treating Disputed Claims"); Confirmation Order, ¶¶ 40-45 ("Distributions and Reserves")). Moreover, any dispute over what claims needed to be filed (or did not need to be filed, as the case may be) pursuant to the Bar Date Order arises under the Bankruptcy Code because "it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." In re Leco Enters., 144 B.R. 244, 248-49 (S.D.N.Y. 1992). Moreover, the Court retains jurisdiction to enforce its own orders, including the Confirmation Order and the Bar Date Order. Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."). (Docket #59409)

### B. Applicable Law

19. Enforcing the Plan is appropriate because "a confirmed plan holds the status of a binding contract as between the debtor and its creditors." In re Victory Markets, Inc., 221 B.R. 298, 303 (B.A.P. 2d Cir. 1998) (citing McFarland v. Leyh (In re Texas Gen. Petroleum Corp.), 52 F.3d 1330, 1335 (5th Cir. 1995); In re Sugarhouse Realty, Inc., 192 B.R. 355, 362 (E.D. Pa. 1996)); see also 11 U.S.C. § 1141(a) ("[T]he provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity

acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor."). (Docket #59409)

**C. LEHKQ, LEHLQ, LHHMQ AND LEHNQ Were Not Required To File Proofs Of Claim To Preserve The Guarantee and Guarantee Claims**

20. The Plan contains various mechanisms and procedures regarding claims against any of the Debtors, including allowance, liquidation, reserve, and distribution provisions. (See Plan, Art. VIII ("Provisions Regarding … Distributions Under the Plan"), Art. IX ("Procedures for Treating Disputed Claims"); Confirmation Order, ¶¶ 40-45 ("Distributions and Reserves").) LBHI is required to maintain appropriate reserves for disputed claims and make distributions on account of allowed claims. (See Plan, Art. 8.4.) (Docket #59409)

21. LEHKQ, LEHLQ, LHHMQ and LEHNQ were not required to file proofs of claim against the Debtors under the Bar Date Order. The Bar Date Order includes a carve-out from the proof of claim filing requirements for entities listed on the *Exempt Entities List*, on which LEHKQ, LEHLQ, LHHMQ and LEHNQ appear. (See Bar Date Order  ("[T]he following persons or entities are not required to file a Proof of Claim on or before the Bar Date: [. . . ] any entity included on the Exempt Entities List[.]"). The Confirmation Order and the Plan do not specifically alter the carve-out included in the Bar Date Order with respect to the Guarantee and the Guarantee Claims.

22. In fact, the Plan and the Confirmation Order preserve the Guarantee Claims. A "Claim" under the Plan is as defined under the section 101(5) of the Bankruptcy Code, which does not require that a proof of claim be filed. (Plan, Art. 1.22.) The Plan's allowance and dispute provisions then address the treatment of various claims. (See Plan, Art. 1.4, Art. 1.46.) These provisions do not specifically state whether the claims of "Exempt Entities" are "allowed" or "disputed," where such claims were listed in the Schedules and where the Bar Date Order did not require the filing of a proof of claim. But certainly nothing in the Plan explicitly eliminates the Guarantee and the Guarantee Claims. (Docket #59409)

23. The Debtors' actions during the confirmation process illustrate that, when the Debtors wanted to, they knew how to require certain originally-denominated Exempt Entities to have to file a proof of claim after the Bar Date, but they did not impose that requirement on the "GUARANTEE" and Guarantee Claims of LEHKQ, LEHLQ, LHHMQ AND LEHNQ.

24. Because LEHKQ, LEHLQ, LHHMQ AND LEHNQ'S "GUARANTEE" and Guarantee claims were not expressly disallowed or extinguished by virtue of the Confirmation Order and the Plan, the Bar Date Order carve-out still controls with respect to the Guarantee Claims. Because LEHKQ, LEHLQ, LHHMQ AND LEHNQ are exempt from having to file a proof of claim under the Bar Date Order, their Guarantee Claims are preserved without having to file a proof of claim at any time, before or after the Bar Date. (See Plan, Art. 1.4. (a "Claim" is "Allowed" under the Plan if it "is not Disputed").)   The Court should accordingly enforce the Confirmation Order and the Plan with respect to the Guarantee Claims, which contain allowance, reserve, and distribution procedures regarding unresolved claims.

**D. The Plan Administrator Must Apply the Plan's Claim Provisions to Lehman Brothers Holding's Guarantee Claims.**

25. I believe that on a going-forward basis the Plan Administrator

must apply the Plan's claim provisions (including the dispute mechanism and reserve provisions) to LEHKQ, LEHLQ, LHHMQ, LEHNQ'S GUARANTEE Claims as timely filed claims, until such time as the parties can attempt to reach a consensual resolution of the Claims under the Guarantee or absent such resolution, seek adjudication of LEHKQ, LEHLQ, LHHMQ, and LEHNQ'S GUARANTEE Claims by the Court. Notably, I am not seeking that the Plan Administrator claw back any previous distribution to create a reserve for the Guarantee Claims, and instead are seeking solely to have the Guarantee Claims addressed (and, if necessary, appropriately reserved for) on a going-forward basis. (Docket #59409)

26. For example, the Confirmation Order provides that "pursuant to Section 8.4 of the Plan, the Debtors shall reserve an aggregate amount equal to the Pro Rata Share of the Distributions that would have been made to each holder of a Disputed claim if such Disputed claim were an Allowed Claim against such Debtor[.]"  (Confirmation Order ¶ 42; see also Plan, Art. 8.4.)  A "Claim" under the Plan is as defined under the section 101(5) of the Bankruptcy Code.  A Claim is "Allowed" under the Plan if it "is not Disputed."  (Plan, Art. 1.4.)  A Claim is "Disputed" if "any Claim proof of which was timely and properly filed . . . as to which a timely objection . . . has been interposed, which objection . . . has not been withdrawn or determined by a Final Order." (Plan, Art. 1.46.)  Here, no objection has been filed with respect to LEHKQ, LEHLQ, LHHMQ AND LEHNQ's Guarantee Claims, and no provision of the Plan or the Confirmation Order otherwise explicitly disallows them, notwithstanding the Bar Date Order. (Docket #59409)

**E. ENFORCING THE PLAN WILL NOT PREJUDICE THE PLAN ADMINISTRATOR'S ADMINISTRATION OF THE LBSF OR LBHI ESTATE.**

27. Although I request for relief is supported—and should be governed entirely—by the Bar Date Order, the Plan, and the Confirmation Order, I separately note that enforcement of the Plan's express provisions will not result in any prejudice to the Plan Administrators' administration of the LBHI estate.  The relief sought by me would only affect prospective distributions under the Plan. (Docket #59409)

28. Moreover, the failure of the Debtors to alter the 2009 Bar Date Order carve-out with respect to the claims of LP IV and LP V was entirely one of LBHI's own making.  After the Petition Date, the Partnerships (at that time ultimately controlled by LBHI) never commenced their own separate insolvency proceedings, unlike many of LBHI's other foreign affiliates and subsidiaries. (See Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, Art. VI.F.4 ("Cross-Border Insolvency Protocol / Negotiations With Foreign Debtors"). (Docket #59409)

29. As a result, I file this motion to seek direction and certainty from this Court as to the status of the Guarantee and the Guarantee Claims arising from LEHKQ, LEHLQ, LHHMQ AND LEHNQ.

WHEREFORE, subject to the conditions set forth herein, Rex Wu respectfully request that the Court enforce the provisions of the Confirmation Order and the Plan with respect to the Guarantee and the Guarantee Claims being requested in relations to LEHKQ, LEHLQ, LHHMQ AND LEHNQ against LBHI.

Dated this 5th day of July, 2019

Rex Wu
6315 N Campbell
Chicago, IL 60659

# Exhibit A

## Guarantee

## DESCRIPTION OF THE GUARANTEE

The guarantee to be executed and delivered by Lehman Brothers Holdings for the benefit of the holders of preferred securities will be qualified as an indenture under the Trust Indenture Act of 1939. The Chase Manhattan Bank will act as guarantee trustee for purposes of the Trust Indenture Act. The terms of the guarantee will include those set forth in the guarantee and those made part of the guarantee by the Trust Indenture Act. The following summary of the material terms of the guarantee is not intended to be complete and is qualified in all respects by the applicable prospectus supplement, the guarantee, the Trust Indenture Act and other applicable law. The guarantee will be filed as an exhibit to a Form 8-K or similar document incorporated by reference in the registration statement of which this prospectus forms a part. You can obtain a copy of this document by following the directions on page 7.

**General**

Pursuant to and to the extent set forth in the guarantee, Lehman Brothers Holdings will irrevocably and unconditionally agree to pay in full to the holders of the preferred securities and common securities, as and when due, regardless of any defense, right of set-off or counterclaim which the trust may have or assert, the following payments without duplication:

- any accrued and unpaid distributions that are required to be paid on the preferred securities, to the extent the trust has funds available for such distributions;

- the redemption price per preferred security, to the extent the trust has funds available for such redemptions; and

- upon a voluntary or involuntary dissolution, winding-up or liquidation of the trust, other than in connection with the distribution of junior subordinated debt securities to the holders of preferred securities, the lesser of

- the aggregate liquidation amount of the preferred securities and all accrued and unpaid distributions thereon, or

- the amount of assets of the trust remaining for distribution to holders of the preferred securities upon a liquidation of the trust.

## Status of the Guarantees

The guarantee will constitute an unsecured obligation of Lehman Brothers Holdings and will rank:

- subordinate and junior in right of payment to all other liabilities of Lehman Brothers Holdings,

- on a parity with the most senior preferred or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred securities of any affiliate of Lehman Brothers Holdings, and

- senior to Lehman Brothers Holding's common stock.

The guarantee will not place a limitation on the amount of additional senior debt that may be incurred by Lehman Brothers Holdings.

The guarantee will constitute a guarantee of payment and not of collection (that is, the guaranteed party may institute a legal proceeding directly against Lehman Brothers Holdings to enforce its rights under the guarantee without first instituting a legal proceeding against any other person or entity). The guarantee will not be discharged except by payment of the guarantee payments in full to the extent not

21

paid by the trust or upon distribution of the junior subordinated debt securities to the holders of the preferred securities in exchange for all such preferred securities.

The guarantee, when taken together with Lehman Brothers Holdings' obligations under the junior subordinated debt securities, the indenture and the declaration, including its obligations to pay costs, expenses, debts and liabilities of the trust, other than those relating to trust securities, will provide a full and unconditional guarantee on a subordinated basis by Lehman Brothers Holdings of payments due on the preferred securities. See "Effect of Obligations Under the Junior Subordinated Debt Securities and the Guarantee."

## Important Covenants Of Lehman Brothers Holdings

In the guarantee, Lehman Brothers Holdings will covenant that, so long as any trust securities remain outstanding, if:

- there shall have occurred any event of default under the indenture,

- Lehman Brothers Holdings shall be in default with respect to its payment of any obligations under the guarantee, or

- Lehman Brothers Holdings shall have given notice of its election to defer interest payments and shall not have rescinded such notice, and while such interest is deferred,

then Lehman Brothers Holdings will not, and will not permit any subsidiary to:

- declare or pay any dividends or distributions on, or redeem, purchase, acquire or make a liquidation payment with respect to, any of Lehman Brothers Holdings' capital stock, or

- make any payment of principal, interest or premium, if any, on or repay, repurchase or redeem any debt securities of Lehman Brothers Holdings that rank on a parity with or junior in interest to the junior subordinated debt securities or make any guarantee payments with respect to any guarantee by Lehman Brothers Holdings of the debt securities of any subsidiary of Lehman Brothers Holdings if such guarantee ranks on a parity with or junior in interest to such junior subordinated debt securities, other than

10. of 41

- dividends or distributions in common stock of Lehman Brothers Holdings,

- payments under the guarantee made by Lehman Brothers Holdings in respect of the trust securities of the trust,

- any declaration of a dividend in connection with the implementation of a shareholders' rights plan, or the issuance of stock under any such plan in the future, or the redemption or repurchase of any such rights pursuant thereto, and

- purchases of common stock related to the issuance of common stock or rights under any of Lehman Brothers Holdings' benefit plans.

## Events of Default

An event of default under the guarantee will occur upon the failure of Lehman Brothers Holdings to perform any of its payment or other obligations required by the guarantee. The holders of a majority in aggregate liquidation amount of the preferred securities have the right to direct the time, method and place of conducting any proceeding for any remedy available to the guarantee trustee in respect of the guarantee or to direct the exercise of any trust or power conferred upon the guarantee trustee under the guarantee.

Within 90 days after a default under the guarantee actually known to the trustee, the trustee will notify the holders by first-class mail of the default unless the default has been cured prior to sending

22

notice. The trustee may withhold a notice of default under the guarantee if the trustee determines in good faith that withholding the notice is in the interests of the holders of the preferred securities.

If the guarantee trustee fails to enforce the guarantee trustee's rights under the guarantee, any holder of related preferred securities may directly sue Lehman Brothers Holdings to enforce the guarantee trustee's rights under the guarantee without first suing the trust, the guarantee trustee or any other person or entity.

Lehman Brothers Holdings, as guarantor, will be required to file annually with the guarantee trustee a certificate as to whether or not Lehman Brothers Holdings is in compliance with all the conditions and covenants applicable to it under the guarantee.

## Modification of Guarantee; Assignment

The guarantee may be amended only with the prior approval of the holders of not less than $66^2/3\%$ in aggregate liquidation amount of the outstanding preferred and common securities. No vote will be required, however, for any changes that do not materially adversely affect the rights of holders of preferred securities. All guarantees and agreements contained in the guarantee shall bind the successors, assignees, receivers, trustees and representatives of Lehman Brothers Holdings and shall inure to the benefit of the holders of the preferred securities then outstanding.

## Information Concerning the Guarantee Trustee

Prior to the occurrence of a default relating to the guarantee, the guarantee trustee undertakes to perform only such duties as are specifically set forth in the guarantee. After such default, the guarantee trustee will exercise the same degree of care as a prudent individual would exercise in the conduct of his or her own affairs. Provided that the foregoing requirements have been met, the guarantee trustee is under no obligation to exercise any of the powers vested in it by the guarantee at the request of any holder of preferred securities unless it is offered reasonable indemnity against the costs, expenses and liabilities that might be incurred thereby.

## Termination Of The Guarantee

The guarantee will terminate as to the preferred securities upon full payment of the redemption price of all preferred securities, upon distribution of the junior subordinated debt securities to the holders of the preferred securities or upon full payment of the amounts payable upon liquidation of the trust. The guarantee will continue to be effective or will be reinstated, as the case may be, if at any time any holder of preferred securities must restore payment of any sums paid under the preferred securities or the guarantee.

## Governing Law

3/4/2019                              https://www.sec.gov/Archives/edgar/data/1053521/000104746903008715/a2105395z424b2.htm

The guarantee will be governed by and construed in accordance with the laws of New York.

23

## EFFECT OF OBLIGATIONS UNDER THE JUNIOR SUBORDINATED DEBT SECURITIES AND THE GUARANTEE

As set forth in the declaration, the sole purpose of the trust is to issue the trust securities in exchange for the junior subordinated debt securities. As long as payments of interest and other payments are made when due on the junior subordinated debt securities, such payments will be sufficient to cover the distributions and payments due on the trust securities. This is due to the following factors:

- the aggregate principal amount of junior subordinated debt securities will be equal to the sum of the aggregate stated liquidation amount of the trust securities;

- the interest rate and the interest and other payment dates on the junior subordinated debt securities will match the distribution rate and distribution and other payment dates for the preferred securities;

- under the indenture, Lehman Brothers Holdings will pay, and the trust will not be obligated to pay, directly or indirectly, all costs, expenses and obligations of the trust other than those relating to the trust securities; and

- the declaration further provides that the Lehman Brothers Holdings trustees may not cause or permit the trust to engage in any activity that is not consistent with the purposes of the trust.

Payments of distributions, to the extent there are available funds, and other payments due on the preferred securities, to the extent there are available funds, are guaranteed by Lehman Brothers Holdings to the extent described in this prospectus. If Lehman Brothers Holdings does not make interest payments on the junior subordinated debt securities, the trust will not have sufficient funds to pay distributions on the preferred securities. The guarantee is a subordinated guarantee in relation to the preferred securities. The guarantee does not apply to any payment of distributions unless and until the trust has sufficient funds for the payment of such distributions. See "Description of the Guarantee."

The guarantee covers the payment of distributions and other payments on the preferred securities only if and to the extent that Lehman Brothers Holdings has made a payment of interest or principal or other payments on the junior subordinated debt securities. The guarantee, when taken together with Lehman Brothers Holdings' obligations under the junior subordinated debt securities and the indenture and its obligations under the declaration, will provide a full and unconditional guarantee of distributions and all other amounts due on the preferred securities.

Lehman Brothers Holdings acknowledges that the guarantee trustee shall enforce the guarantee on behalf of the holders of the preferred securities. If Lehman Brothers Holdings fails to make payments under the guarantee, the guarantee allows the holders of the preferred securities to direct the guarantee trustee to enforce its rights thereunder. If the guarantee trustee fails to enforce the guarantee, any holder of preferred securities may directly sue Lehman Brothers Holdings to enforce the guarantee trustee's rights under the guarantee. Such holder need not first sue the trust, the guarantee trustee, or any other person or entity. A holder of preferred securities may also directly sue Lehman Brothers Holdings to enforce such holder' right to receive payment under the guarantee. Such holder need not first (1) direct the guarantee trustee to enforce the terms of the guarantee or (2) sue the trust or any other person or entity.

24

Exhibit B

Exempt Entities List

**EXEMPT ENTITIES LIST as of September 17, 2009**

### U.S. Entities

1271 LLC
306 W. Due West Ave Inc.
314 Commonwealth Ave. Inc.
ALI Laval Inc.
Appalachian Asset Management Corp.
Area GP Corporation
Aristos, LLC
ARS Holdings I LLC
Battle Station LHCI Inc.
Bethany 19 Lender LLC
Blixen U.S.A. Inc.
Brasstown LLC
Bromley LLC
Brookson Corp.
Brookwood Energy & Properties Inc.
CA II GP LLC (f/k/a Capital Analytics GP, LLC)
Canope Credit Corp.
Capital Analytics II, LP
CES Aviation LLC
CES Aviation II LLC
CES Aviation III LLC
CES Aviation IV LLC
CES Aviation V LLC
CES Aviation VI LLC
CES Aviation VII LLC
CES Aviation VIII LLC
CES Aviation IX LLC
CES Aviation X LLC
CES Aviation XI LLC
CES Aviation XII LLC
CES Aviation XIII LLC
CES Aviation XIV LLC
CES Aviation XV LLC
Clarks Summit I LLC
Clarks Summit II LLC
CMLF Inc.
Cohane Rafferty, LLC
Concord GP LLC
CP1 Real Estate Services Inc.
DA Group Holdings Inc.
Dimont Corporation

LB Harbison Court LLC
LB Hercules Asset Management, LLC (f/k/a Neuberger Berman Asset Management, LLC)
LB Hercules Holdings LLC (f/k/a Neuberger Berman Holdings LLC)
LB Horsehead 2124 Grand Central Avenue LLC
LB Hyderabad Investments I LLC
LB Kansas City Holdings LLC
LB Kauai II Inc.
LB Kelley House LLC
LB Keswick I Apartments LLC
LB Keswick II Apartments LLC
LB Lakeside I Inc.
LB Lakeside II Inc.
LB Lakeside III Inc.
LB Leasing Inc.
LB LHMD Sub-Mezz Acquisition LLC
LB LIH Corp.
LB Manager Greensbrook LLC
LB Manager Ravenwood LLC
LB Markets LLC
LB Meadowbrook at Clemmons LLC
LB Meadowbrook at Greensboro LLC
LB Memphis I Inc.
LB Military Housing LLC
LB Note Corp.
LB OWS Holdings L.L.C.
LB Pacific I Inc.
LB Pacific II Inc.
LB Pacific III Inc.
LB Private Wealth Management Inc. (f/k/a Executive Monetary Management Inc.)
LB PWM, LLC (f/k/a Sage Partners, LLC)
LB R3 Holdings GP LLC
LB R3 Holdings LP
LB Rector Inc.
LB Renar LPGA Inc.
LB Rose Ranch LLC
LB Rubicon Manager LLC
LB Russia Holdings Inc.
LB Russia Holdings LLC
LB Russia Inc.
LB Sarasota II Inc.
LB Skypower Inc.
LB Solstice One Condos Inc.
LB Southseas II Inc.
LB Starman Hotels LLC
LB Summit Trustee LLC
LB Telecom Inc.

Diogenes Holdings Inc.
Diogenes Management Company Inc.
DL Mortgage Corp.
Eagle Holdings I LLC
East Dover Limited
Equity Strategies Loans LLC
Equipment Management Inc.
Erin Asset Management I LLC
Falcon Holdings I LLC
FRAH Special Services Inc.
Fundo de Investimento Multimercado Credito Privado
GA Dekalb Inc.
Global Principal Strategies Loans Inc.
GT Investment Company I, LLC
Harbison LHCI Inc.
Heresford Street LLC
Hermitage LHCI Inc.
HY Investments Inc.
Industrial Holdings Corporation
Jet Partners, LLC
Kulo Corp.
Laminar Holdings LLC
LB I Group Inc.
LB 100 Arbor Gate Circle LLC
LB 100 Waverly Drive LLC
LB 1215 NE 34th Street LLC
LB 2100 North Pleasantburg LLC
LB 2902 Highway 31 Tyler LLC
LB 447 Atlanta Street LLC
LB 4816 University Court LLC
LB 6907 Tara Way LLC
LB 745 Leaseco I LLC
LB 745 Leaseco II LLC
LB 745 LLC
LB 9550 East Lincoln Wichita LLC
LB Acapulco I Inc.
LB Alberta Holdings Inc.
LB Aqua Vista Member LLC
LB Brickstone Inc.
LB Burrage House Inc.
LB Commodities Investments Inc.
LB Crescent City Manager LLC
LB Crescent Park LP
LB De Silva II Inc.
LB FLA Telecom Inc.
LB Funding Corp. II

LB The Lofts at Minneapolis LLC
LB Trade Corp.
LB Tri-Valley II Inc.
LB Tri-Valley III Inc.
LB Turkey Holdings I LLC
LB Turkey Holdings II LLC
LB Turkey Holdings III LLC
LB Turkey Holdings IV LLC
LB Van Buren Inc.
LB Verve Condos Inc.
LB Waterton II Inc.
LB West Bay Development LLC
LB Williamsburg 200 West Galbraith Road LLC
LB Windsor Capital One Bloor Street East Inc.
LB Windsor Pointz Avenue Inc.
LB Work Place Inc.
LBAC Holdings I Inc.
LBASC LLC
LBCCA Holdings I LLC
LBCCA Holdings II LLC
LBDI LLC
LB-GP Woodmont Fossil Inc.
LB-GP Woodmont Lakepointe Crossing Inc.
LCP LTU L.L.C
LCPI Properties Inc.
Lehman ABS Corporation
Lehman Aircraft Securitization Holdings Inc.
Lehman ALI Inc.
Lehman Brothers Asset Management Inc.
Lehman Brothers Asset Trading Inc.
Lehman Brothers Bancorp Inc.
Lehman Brothers Cayman GP Ltd.
Lehman Brothers Commercial Corporation
Lehman Brothers Commodity Services Inc.
Lehman Brothers Communications Associates Inc.
Lehman Brothers Derivative Finance LLC
Lehman Brothers Derivative Products Inc.
Lehman Brothers Europe Inc.
Lehman Brothers Finance (Japan) Inc.
Lehman Brothers Finance SA
Lehman Brothers Financial Products Inc.
Lehman Brothers Fund of Funds Associates LP
Lehman Brothers Fund of Funds LP
Lehman Brothers Futures Asset Management Corp.
Lehman Brothers Holdings Capital Trust III
Lehman Brothers Holdings Capital Trust IV

Lehman Brothers Holdings Capital Trust V
Lehman Brothers Holdings Capital Trust VI
Lehman Brothers Holdings Capital Trust VII
Lehman Brothers Holdings Capital Trust VIII
Lehman Brothers Holdings Capital Trust IX
Lehman Brothers Holdings Capital Trust X
Lehman Brothers Holdings Capital Trust XI
Lehman Brothers Holdings Capital Trust XII
Lehman Brothers Holdings E-Capital Trust I
Lehman Brothers Holdings Inc.
Lehman Brothers Holdings International Inc.
Lehman Brothers Holdings Plc
Lehman Brothers International Services Inc.
Lehman Brothers Investment Holding Company Inc.
Lehman Brothers Investments Japan Inc.
Lehman Brothers LBO Inc.
Lehman Brothers Loan Opportunity Associates (Cayman) LLC
Lehman Brothers Merchant Banking Associates III LLC
Lehman Brothers OTC Derivatives Inc.
Lehman Brothers Overseas Inc.
Lehman Brothers P.A. LLC
Lehman Brothers Partnership Account 2000/2001 LP
Lehman Brothers Pera Cable, Inc.
Lehman Brothers Pera Inc.
Lehman Brothers Private Equity Advisers LLC
Lehman Brothers Private Fund Advisers GP, LLC
Lehman Brothers Private Fund Management GP, LLC
Lehman Brothers Private Funds Investment Company GP, LLC
Lehman Brothers Private Funds Investment Company LP, LLC
Lehman Brothers Real Estate Holdings (Delaware) LLC
Lehman Brothers Senior Funding Inc.
Lehman Brothers Special Financing Inc.
Lehman Brothers Special Lending LLC
Lehman Brothers TB Inc.
Lehman Brothers Trust Company NA
Lehman Brothers Trust Company of Delaware
Lehman Brothers UK Holdings (Delaware) Inc.
Lehman Brothers Venture Associates Inc.
Lehman Brothers Venture Associates V LLC
Lehman Brothers WDC LLC
Lehman Brothers/MBGP, Inc.
Lehman Brothers/MBLP, Inc.
Lehman Commercial Paper Inc.
Lehman Housing Capital Inc.
Lehman Housing Lending Corp.
Lehman JFK MM Inc.

**Master List of Securities**, as of August 20, 2009

| Agent/Trustee Name | ISIN | CUSIP | Maturity Date | Coupon | Issue Amount | Currency | Description |
|---|---|---|---|---|---|---|---|
| Bank of New York, The | US524908UB47 | 524908UB4 | 1/3/2017 | 5.75% | 1,250,000,000. | USD | 5 3/4% Subordinated Notes Due 1/3/2017 |
| Bank of New York, The | US5249087M63 | 5249087M6 | 12/28/2017 | 6.75% | 1,500,000,000. | USD | 6 3/4% Subordinated Medium Term Notes Due 12/28/2017 |
| Bank of New York, The | US524908R366 | 524908R36 | 7/19/2017 | 6.50% | 2,000,000,000. | USD | 6 1/2% Jr. Subordinated Notes Due 7/19/2017 |
| Bank of New York, The | US524908WH98 | 524908WH9 | 5/3/2032 | 6.00% | 750,000,000. | USD | 6% Subordinated Medium Term Notes Due 5/3/2032 |
| Bank of New York, The | US5249087N47 | 5249087N4 | 5/11/2038 | 7.50% | 2,000,000,000. | USD | 7 1/2% Subordinated Notes Due 5/11/2038 |
| Bank of New York, The | US524908R440 | 524908R44 | 7/17/2037 | 6.88% | 1,500,000,000. | USD | 6 7/8% Subordinated Notes Due 7/17/2037 |
| Bank of New York, The | US52520YAB39 | 52520YAB3 | 8/19/2035 | Floating | 300,001,000. | USD | Floating Rate Jr Subordinated Deferrable Debenture due August 19, 2035 |
| Bank of New York, The |  | 52519Y209 | 3/15/2052 | 6.38% | 309,728,375. | USD | 6.375% Subordinated Deferrable Interest Debentures due 03/15/2052 |
| Bank of New York, The | US52520B2060 | 52520B206 | 10/31/2052 | 6.38% | 309,278,375. | USD | 6.375% Subordinated Deferrable Interest Debentures due 10/31/2052 |
| Bank of New York, The |  | 52520E200 | 4/22/2053 | 6.00% | 412,371,150. | USD | 6% Subordinated Deferrable Interest Debenture due 04/22/2053 |
| Bank of New York, The | US52520X2080 | 52520X208 | 1/18/2054 | 6.24% | 231,958,765. | USD | 6.24% Subordinated Deferrable Interest Debentures due 2054 |
| Wilmington Trust, as Indenture Trustee (a) | US524908AA83 | 524908AA8 | 3/1/2015 | 8.80% | 300,000,000.00 | USD | 8.8% Sr. Unsecured Notes Due 3/1/2015 |
| Wilmington Trust, as Indenture Trustee (a) | US524908BQ27 | 524908BQ2 | 8/15/2009 | 7.20% | 250,000,000.00 | USD | 7.2% Sr. Unsecured Notes Due 8/15/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US524908CF52 | 524908CF5 | 11/1/2009 | 7.88% | 400,000,000.00 | USD | 7 7/8% Sr. Unsecured Notes Due 11/1/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US524908CM04 | 524908CM0 | 8/15/2010 | 7.88% | 1,000,000,000.00 | USD | 7 7/8% Sr. Unsecured Notes Due 8/15/2010 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PSC67 | 52517PSC6 | 1/18/2012 | 6.63% | 1,500,000,000.00 | USD | 6 5/8% Sr. Unsecured Notes Due 1/18/2012 |
| Wilmington Trust, as Indenture Trustee (a) | US82087XAG40 | 82087XAG4 | 4/1/2011 | 6.00% | 26,000,000.00 | USD | 6% Sr. Unsecured Notes Due 4/1/2011 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PL336 | 52517PL33 | 11/24/2008 | 0.00% | 925,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 11/24/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US252M0DY09 | 5252M0DY0 | 3/20/2009 | 0.00% | 300,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 3/20/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517P5D90 | 52517P5D9 | 9/26/2008 | 0.00% | 590,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 9/26/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517P5E73 | 52517P5E7 | 9/26/2008 | 0.00% | 250,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 9/26/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517P5C18 | 52517P5C1 | 9/26/2008 | 0.00% | 220,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 9/26/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PE232 | 52517PE23 | 1/23/2009 | 0.00% | 500,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 1/23/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PC418 | 52517PC41 | 10/22/2008 | 0.00% | 150,000,000.00 | USD | 0% Sr. Unsecured Notes Due 10/22/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PG393 | 52517PG39 | 4/3/2009 | 0.00% | 350,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 4/3/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PG211 | 52517PG21 | 4/3/2009 | 0.00% | 1,000,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 4/3/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PK833 | 52517PK83 | 8/21/2009 | 0.00% | 950,000,000.00 | USD | 0% Sr. Unsecured Notes Due 8/21/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PVU29 | 52517PVU2 | 3/13/2009 | 3.60% | 500,000,000.00 | USD | 3.6% Sr. Unsecured Notes Due 3/13/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52520WDF59 | 52520WDF5 | 10/22/2008 | 0.00% | 175,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 10/22/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52520WDK45 | 52520WDK4 | 2/22/2009 | 0.00% | 272,200,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 2/22/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PQ467 | 52517PQ46 | 12/23/2008 | 0.00% | 1,000,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 12/23/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PQ616 | 52517PQ61 | 12/23/2008 | 0.00% | 400,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 12/23/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PQ533 | 52517PQ53 | 12/23/2008 | 0.00% | 650,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 12/23/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PW564 | 52517PW56 | 3/23/2009 | 0.00% | 650,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 3/23/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PW499 | 52517PW49 | 3/23/2009 | 0.00% | 250,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 3/23/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PW317 | 52517PW31 | 3/23/2009 | 0.00% | 1,600,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 3/23/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US52517PC582 | 52517PC58 | 10/22/2008 | 0.00% | 600,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 10/22/2008 |
| Wilmington Trust, as Indenture Trustee (a) | US524908S273 | 524908S27 | 3/27/2009 | 0.00% | 465,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 3/27/2009 |
| Wilmington Trust, as Indenture Trustee (a) | US524908R770 | 524908R77 | 12/29/2008 | 0.00% | 320,000,000.00 | USD | 0% Sr. Unsecured Medium Term Notes Due 12/29/2008 |

## Exhibit C

**Lehman Brothers Holdings Capital Trust III
Series K Prospectus**

**Link:**

https://www.sec.gov/Archives/edgar/data/1053521/000104746903008715/a2105395z424b2.htm

*Remainder of this page is intentionally left blank.*

3/4/2019                          https://www.sec.gov/Archives/edgar/data/1053521/000104746903008715/a2105395z424b2.htm

424B2 1 a2105395z424b2.htm 424B2
QuickLinks -- Click here to rapidly navigate through this document

Filed Pursuant to Rule 424(b)(2)
Registration Nos. 333-060474-01

PROSPECTUS SUPPLEMENT

(To prospectus dated June 5, 2001)

## 12,000,000 Preferred Securities

## LEHMAN BROTHERS HOLDINGS CAPITAL TRUST III

### 6.375% Preferred Securities, Series K

(Liquidation amount $25 per preferred security)

fully and unconditionally guaranteed, to the extent set forth herein, by

# LEHMAN BROTHERS HOLDINGS INC.

| | |
|---|---|
| **Maturity Date** | March 15, 2052 |
| **Distributions Payable** | Quarterly, beginning June 15, 2003. May be postponed for up to five years, but not past the maturity date. |
| **Subordination** | The preferred securities are effectively subordinated to all senior indebtedness of Lehman Brothers Holdings and all existing and future liabilities of its subsidiaries. |
| **Listing** | An application has been filed with The New York Stock Exchange for listing of the preferred securities. |
| **Issuer** | The trust that is issuing the preferred securities will have no assets other than subordinated debentures issued by Lehman Brothers Holdings. These debentures will have essentially the same terms as the preferred securities. Therefore, the trust can only make payments on the preferred securities if Lehman Brothers Holdings first makes payments on the subordinated debentures. |

*Investing in the preferred securities involves risks. Risk Factors begin on page 5 of the accompanying prospectus.*

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or determined that this prospectus supplement or the accompanying prospectus is truthful or complete. Any representation to the contrary is a criminal offense.

| | Per Preferred Security | | Total | |
|---|---|---|---|---|
| Public offering price | $ | 25.0000 | $ | 300,000,000 |
| Underwriting commission | $ | 0.7875 | $ | 9,450,000 |
| Proceeds, before expenses, to Lehman Brothers Holdings | $ | 24.2125 | $ | 290,550,000 |

Lehman Brothers Holdings and the trust have granted the underwriters a 30-day option to purchase up to 1,800,000 additional preferred securities on the same terms and conditions as set forth above solely to cover over-allotments, if any.

The preferred securities are expected to be ready for delivery in book-entry form only through The Depository Trust Company on or about March 17, 2003.

21 of 41

## Exhibit C

**Lehman Brothers Holdings Capital Trust IV
Series L Prospectus**

**Link:**

https://www.sec.gov/Archives/edgar/data/1083328/000104746903033240/a2119989z424b2.htm

*Remainder of this page is intentionally left
blank.*

424B2 1 a2119989z424b2.htm PROSPECTUS SUPPLEMENT
QuickLinks -- Click here to rapidly navigate through this document

Filed Pursuant to Rule 424(b)(2)
Registration Nos. 333-060474-03

PROSPECTUS SUPPLEMENT

(To prospectus dated June 5, 2001)

# 12,000,000 Preferred Securities

## LEHMAN BROTHERS HOLDINGS CAPITAL TRUST IV

### 6.375% Preferred Securities, Series L

(Liquidation amount $25 per preferred security)

fully and unconditionally guaranteed, to the extent set forth herein, by

# LEHMAN BROTHERS HOLDINGS INC.

| | |
|---|---|
| **Maturity Date** | October 31, 2052 |
| **Distributions Payable** | Quarterly, beginning January 31, 2004. May be postponed for up to five years, but not past the maturity date. |
| **Subordination** | The preferred securities are effectively subordinated to all senior indebtedness of Lehman Brothers Holdings and all existing and future liabilities of its subsidiaries. |
| **Listing** | An application will be filed with The New York Stock Exchange for listing of the preferred securities. |
| **Issuer** | The trust that is issuing the preferred securities will have no assets other than subordinated debentures issued by Lehman Brothers Holdings. These debentures will have essentially the same terms as the preferred securities. Therefore, the trust can only make payments on the preferred securities if Lehman Brothers Holdings first makes payments on the subordinated debentures. |

*Investing in the preferred securities involves risks. Risk Factors begin on page 5 of the accompanying prospectus.*

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or determined that this prospectus supplement or the accompanying prospectus is truthful or complete. Any representation to the contrary is a criminal offense.

| | Per Preferred Security | | Total |
|---|---|---|---|
| Public offering price | $ | 25.0000 | $ | 300,000,000 |
| Underwriting commission | $ | 0.7875 | $ | 9,450,000 |
| Proceeds, before expenses, to Lehman Brothers Holdings | $ | 24.2125 | $ | 290,550,000 |

Lehman Brothers Holdings and the trust have granted the underwriters a 30-day option to purchase up to 1,800,000 additional preferred securities on the same terms and conditions as set forth above solely to cover over-allotments, if any.

## <u>Exhibit C</u>

**Lehman Brothers Holdings Capital Trust V
Series M Prospectus**

**Link:**

https://www.sec.gov/Archives/edgar/data/806085/000104746904010912/a2132819z424b2.htm

*Remainder of this page is intentionally left
blank.*

424B2 1 a2132819z424b2.htm 424B2

QuickLinks -- Click here to rapidly navigate through this document

Filed Pursuant to Rule 424(b)(2)
Registration Nos. 333-060474

PROSPECTUS SUPPLEMENT

(To prospectus dated June 5, 2001)

## 16,000,000 Preferred Securities

## LEHMAN BROTHERS HOLDINGS CAPITAL TRUST V

## 6.00% Preferred Securities, Series M

(Liquidation amount $25 per preferred security)

fully and unconditionally guaranteed, to the extent set forth herein, by

# LEHMAN BROTHERS HOLDINGS INC.

| | |
|---|---|
| **Maturity Date** | April 22, 2053 |
| **Distributions Payable** | Quarterly, beginning July 22, 2004. May be postponed for up to five years, but not past the maturity date. |
| **Subordination** | The preferred securities are effectively subordinated to all senior indebtedness of Lehman Brothers Holdings and all existing and future liabilities of its subsidiaries. |
| **Listing** | An application will be filed with The New York Stock Exchange for listing of the preferred securities. |
| **Issuer** | The trust that is issuing the preferred securities will have no assets other than subordinated debentures issued by Lehman Brothers Holdings. These debentures will have essentially the same terms as the preferred securities. Therefore, the trust can only make payments on the preferred securities if Lehman Brothers Holdings first makes payments on the subordinated debentures. |

*Investing in the preferred securities involves risks. Risk Factors begin on page 5 of the accompanying prospectus.*

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or determined that this prospectus supplement or the accompanying prospectus is truthful or complete. Any representation to the contrary is a criminal offense.

| | Per Preferred Security | | Total | |
|---|---|---|---|---|
| Public offering price | $ | 25.0000 | $ | 400,000,000 |
| Underwriting commission | $ | 0.7875 | $ | 12,600,000 |
| Proceeds, before expenses, to Lehman Brothers Holdings | $ | 24.2125 | $ | 387,400,000 |

Lehman Brothers Holdings has granted the underwriters a 30-day option to purchase up to 2,400,000 additional preferred securities on the same terms and conditions as set forth above solely to cover over-allotments, if any.

25 OF 41

**<u>Exhibit C</u>**

**Lehman Brothers Holdings Capital Trust VI
Series N Prospectus**


**Link:**


https://www.sec.gov/Archives/edgar/data/806085/000104746905000357/a2149684z424b2.htm


*Remainder of this page is intentionally left
blank*

3/4/2019                               https://www.sec.gov/Archives/edgar/data/806085/000104746905000357/a2149684z424b2.htm

424B2 1 a2149684z424b2.htm 424B2

QuickLinks -- Click here to rapidly navigate through this document

Filed Pursuant to Rule 424(b)(2)
Registration No. 333-060474

PROSPECTUS SUPPLEMENT

(To prospectus dated June 5, 2001)

## 8,000,000 Preferred Securities

## LEHMAN BROTHERS HOLDINGS CAPITAL TRUST VI

### 6.24% Preferred Securities, Series N

(Liquidation amount $25 per preferred security)

fully and unconditionally guaranteed, to the extent set forth herein, by

# LEHMAN BROTHERS HOLDINGS INC.

| | |
|---|---|
| **Maturity Date** | January 18, 2054 |
| **Distributions Payable** | Quarterly, beginning April 18, 2005. May be postponed for up to five years, but not past the maturity date. |
| **Subordination** | The preferred securities are effectively subordinated to all senior indebtedness of Lehman Brothers Holdings and all existing and future liabilities of its subsidiaries. |
| **Listing** | An application will be filed with The New York Stock Exchange for listing of the preferred securities. |
| **Issuer** | The trust that is issuing the preferred securities will have no assets other than subordinated debentures issued by Lehman Brothers Holdings. These debentures will have essentially the same terms as the preferred securities. Therefore, the trust can only make payments on the preferred securities if Lehman Brothers Holdings first makes payments on the subordinated debentures. |

*Investing in the preferred securities involves risks. Risk Factors begin on page 5 of the accompanying prospectus.*

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or determined that this prospectus supplement or the accompanying prospectus is truthful or complete. Any representation to the contrary is a criminal offense.

| | Per Preferred Security | | Total |
|---|---|---|---|
| Public offering price | $ | 25.0000 | $    200,000,000 |
| Underwriting commission | $ | 0.7875 | $      6,300,000 |
| Proceeds, before expenses, to Lehman Brothers Holdings | $ | 24.2125 | $    193,700,000 |

Lehman Brothers Holdings has granted the underwriters a 30-day option to purchase up to 1,200,000 additional preferred securities on the same terms and conditions as set forth above solely to cover over-allotments, if any.

**Exhibit D**

**Proof of Claim**

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Lehman Brothers Holdings Inc |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 08-13555 (SCC) |

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:  Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor? | Rex Wu | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? | |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Rex Wu | |
| Name | Name |
| 6315 N Campbell | |
| Number     Street | Number     Street |
| Chicago          IL          60659 | |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone 312-785-0348 | Contact phone |
| Contact email rex-wu@live.com | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

| | | |
|---|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

29 of 41

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**    $_____662,780.77. Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Lehman Brothers Holdings Capital Trust III, IV, V, VI**

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

30 of 41

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/14/2019
                  MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:** |

| | | |
|---|---|---|
| Name | **Rex Wu** | |
| | First name          Middle name          Last name | |
| Title | | |
| Company | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | **6315 N Campbell** | |
| | Number          Street | |
| | **Chicago** | **IL**          **60659** |
| | City | State          ZIP Code |
| Contact phone | **312-785-0348** | Email **rex-wu@live.com** |

31 of 41

**PROOF OF CLAIM**

<u>Redemption Value</u>

| <u>Symbol</u> | <u>Name</u> | <u>Number of Shares</u> |
|---|---|---|
| LEHKQ | Lehman Brothers Holdings Capital Trust III | 8755 |
| LEHLQ | Lehman Brothers Holdings Capital Trust IV | 6806 |
| LHHMQ | Lehman Brothers Holdings Capital Trust V | 7340 |
| LEHNQ | Lehman Brothers Holdings Capital Trust VI | 1144 |

24,045 Total Shares

$601,125.00 Redemption Value

<u>Interest</u>

| <u>Symbol</u> | <u>Name</u> | <u>Number of Shares</u> | <u>Number of Quarters**</u> | <u>Interest Rate</u> | <u>Total Interest</u> |
|---|---|---|---|---|---|
| LEHKQ | Lehman Brothers Holdings Capital Trust III | 8755 | 41 | 0.06375 | $ 22,883.38 |
| LEHLQ | Lehman Brothers Holdings Capital Trust IV | 6806 | 41 | 0.06375 | $ 17,789.18 |
| LHHMQ | Lehman Brothers Holdings Capital Trust V | 7340 | 41 | 0.06 | $ 18,056.40 |
| LEHNQ | Lehman Brothers Holdings Capital Trust VI | 1144 | 41 | 0.0624 | $ 2,926.81 |

24,045 Total Shares

$61,655.77 Total Interest

*\* September 15, 2008 through March 14, 2019 = 41 Quarters*

662,780.77 **Total Proof of Claim**



*February 1, 2019 - March 31, 2019*

ally.

**Ally Invest Securities**
PO BOX 49050 Charlotte NC 28277
Phone: 855.880.2559 Fax: 866.699.0563
Member FINRA and SIPC · Ally.com/invest

PAGE 2 OF 7

ACCOUNT NUMBER

REX WII

I R A   A C C O U N T

## ▲ PORTFOLIO SUMMARY

| DESCRIPTION | SYMBOL/ CUSIP | ACCOUNT TYPE | QUANTITY | PRICE | MARKET VALUE | LAST PERIOD'S MARKET VALUE | % CHANGE | EST. ANNUAL INCOME | % OF TOTAL PORTFOLIO |
|---|---|---|---|---|---|---|---|---|---|
| **EQUITIES / OPTIONS** | | | | | | | | | |
| LEHMAN BRO HLD CP TR III PFD 6.375% SER K DUE 3/15/52 | LEHKQ | ▬ | 1,975 | ▬ | ▬ | ▬ | ▬ | ▬ | ▬ |
| LEHMAN BROTHERS HOLDINGS CAP TRUST IV 6.375 PFD SECS DUE 10/34/52 | LEHLQ | ▬ | 555 | ▬ | ▬ | ▬ | ▬ | ▬ | ▬ |
| LEHMAN BRO HLD CP TR V 6% PFD DUE 04/22/2053 | LHHMQ | ▬ | 7,022 | ▬ | ▬ | ▬ | | | ▬ |
| **Total Equities** | | | | | | | | | |
| **Total Cash (Net Portfolio Balance)** | | | | | | | | | |
| **TOTAL PRICED PORTFOLIO** | | | | | | | | | |

## ▲ RETIREMENT ACCOUNT INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| **CURRENT YEAR INFORMATION** | |
| PERIODIC DISTRB PREMATURE 2019 | ▬ |
| **PRIOR YEAR INFORMATION** | |
| ROTH OR ESA CONTRIBUTION 2018 | ▬ |
| PERIODIC DISTRB PREMATURE 2018 | ▬ |
| FAIR MARKET VALUE 12/31/18 ** | ▬ |

**I N D I V I D U A L   A C C O U N T**

*March 1, 2019 - March 31, 2019*

ACCOUNT NUMBER 

PAGE **2** OF 6

**REX WU**

# ally®

**Ally Invest Securities**
PO BOX 49050 Charlotte NC 28277
Phone: 855.880.2559 Fax: 866.699.0563
Member FINRA and SIPC - Ally.com/invest

▲ **PORTFOLIO SUMMARY**

| DESCRIPTION | SYMBOL/ CUSIP | ACCOUNT TYPE | QUANTITY | PRICE | MARKET VALUE | LAST PERIOD'S MARKET VALUE | % CHANGE | EST. ANNUAL INCOME | % OF TOTAL PORTFOLIO |
|---|---|---|---|---|---|---|---|---|---|
| **EQUITIES / OPTIONS** | | | | | | | | | |
| LEHMAN BRO HLD CP TR III PFD 6.375% SER K DUE 3 /15/52 | LEHKQ | | 80 | | | | | | |
| LEHMAN BROTHERS HOLDINGS CAP TRUST IV 6.375 PFD SECS DUE 10/31/52 | LEHLQ | | 100 | | | | | | |
| **Total Equities** | | | | | | | | | |
| **Total Cash (Net Portfolio Balance)** | | | | | | | | | |
| **TOTAL PRICED PORTFOLIO** | | | | | | | | | |

34 of 41

*March 1, 2019 - March 31, 2019*

PAGE 2 OF 6


**FIRSTRADE**

30-50 Whitestone Expressway
Ste. A301, Flushing, NY 11354
Client Services: (800) 869-8800
From Overseas: (718) 961-6600

ACCOUNT NUMBER ▮▮▮▮▮▮▮▮▮▮▮▮

**REX WU**
▮▮▮▮▮▮▮▮▮

► Tax Season is approaching soon,
It is time to plan.
Open an IRA and contribute to your retirement savings!

I R A  I N V E S T M E N T  A C C O U N T

## ► PORTFOLIO SUMMARY

| DESCRIPTION | SYMBOL/ CUSIP | ACCOUNT TYPE | QUANTITY | PRICE | MARKET VALUE | LAST PERIOD'S MARKET VALUE | % CHANGE | EST. ANNUAL INCOME | % OF TOTAL PORTFOLIO |
|---|---|---|---|---|---|---|---|---|---|
| **EQUITIES / OPTIONS** | | | | | | | | | |
| LEHMAN BRO HLD CP TR III PFD 6.375% SER K DUE 3/15/52 | LEHKQ | ▮ | 5,000 | ▮ | ▮ | ▮ | | | ▮ |
| LEHMAN BROTHERS HOLDINGS CAP TRUST IV 6.375 PFD SECS DUE 10/31/52 | LEHLQ | ▮ | 4,496 | ▮ | ▮ | ▮ | | | ▮ |
| LEHMAN BRO HLD CP TR V 6% PFD DUE 04/22/2053 | LHHMQ | ▮ | 144 | ▮ | ▮ | ▮ | | | ▮ |
| **Total Equities** | | | | | ▮ | | | | ▮ |
| **Total Cash (Net Portfolio Balance)** | | | | | ▮ | | | | ▮ |
| **TOTAL PRICED PORTFOLIO** | | | | | ▮ | | | | |

## ► RETIREMENT ACCOUNT INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| **PRIOR YEAR INFORMATION** | |
| FAIR MARKET VALUE 12/31/18 ** |  |

** THIS INFORMATION IS BEING PROVIDED TO THE IRS

**Statement for Account** ▮▮▮▮▮▮
03/01/19 - 03/31/19

## Account Positions

| Investment Description | Symbol/ CUSIP | Quantity | Current Price | Market Value | Purchase Date | Cost Basis | Average Cost | Unrealized Gain(Loss) | Estimated Income | Yield |
|---|---|---|---|---|---|---|---|---|---|---|
| **Stocks - Margin** | | | | | | | | | | |
| LEHMAN BROS HLDGS CAP TST V 6% PRF 22/04/2053 USD25 M | LHHMQ | 174 | ▮▮ | ▮▮ | ▮▮ | ▮3.00 | ▮.▮0 | $ (15.▮▮) | $ - | - |
| LEHMAN BROTHERS HLDGS CAP TRUS 6.24% PRF 18/1/54 SERN | LEHNQ | 525 | ▮▮ | ▮▮ | ▮▮ | ▮4.▮▮ | ▮.▮▮ | ▮.8▮ | - | - |
| LEHMAN BROTHERS HLDGS CAP TST 6.375% PRF 31/10/52 SERL | LEHLQ | 1,370 | ▮▮ | ▮▮ | ▮▮ | ▮03.▮▮ | ▮.1▮ | (26.8▮) | - | - |
| **Total Stocks** | | | | ▮▮ | | ▮92.8▮ | | (▮2.▮▮) | ▮0.0▮ | 0.0▮ |
| **Total Margin Account** | | | | ▮259.2▮ | | ▮252.85 | | ▮133.5▮ | ▮0.0▮ | 0.0% |

## Insured Deposit Account Interest Credited

| Begin Date | Balance | Number of Days | Interest Rate | Interest Accrued | MTD Accrued | MTD PAID |
|---|---|---|---|---|---|---|
| 03/01/19 | ▮▮ | ▮1 | 0.0▮0▮ | ▮▮ | ▮▮ | |
| **Total Interest Income** | | | | | | $0.00 |

## Insured Deposit Account Activity

| Date Cleared | Check Number | Date Written | Transaction | Description | Tracking Code | Expense Code | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| **Opening Balance** | | | | | | | | ▮▮ |
| **Closing Balance** | | | | | | | | ▮0.0▮ |
| **TD Bank NA** | | | | | | | ▮0.0▮ | |

FDIC Insured Deposit Account (IDA) balances reflected in your brokerage account are FDIC-insured up to applicable limits and held by one or more banks ("Program Banks"). Two of the Program Banks are TD Bank, N.A. and TD Bank USA, N.A., both affiliates of TD Ameritrade. The IDA balances are not covered by the Securities Investor Protection Corporation (SIPC) protection applicable to your brokerage account.

**Statement for Account** ▮▮▮▮
03/01/19 - 03/31/19

## Account Positions

| Investment Description | Symbol/ CUSIP | Quantity | Current Price | Market Value | Purchase Date | Cost Basis | Average Cost | Unrealized Gain(Loss) | Estimated Income | Yield |
|---|---|---|---|---|---|---|---|---|---|---|
| **Stocks - Cash** | | | | | | | | | | |
| LEHMAN BROTHERS HLDGS CAP TRUS 6.375% PRF K 15/3/52 USD | LEHKQ | 1,700 | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| LEHMAN BROTHERS HLDGS CAP TST 6.375% PRF 31/10/52 SERL | LEHLQ | 285 | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| **Total Stocks** | | | | ▮▮ | | ▮▮ | | | ▮▮ | ▮▮ |
| **Total Cash Account** | | | | ▮▮ | | | | ▮▮ | ▮▮ | ▮▮ |

## Insured Deposit Account Interest Credited

| Begin Date | Balance | Number of Days | Interest Rate | Interest Accrued | MTD Accrued | MTD Paid |
|---|---|---|---|---|---|---|
| 03/01/19 | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| **Total Interest Income** | | | | | | ▮▮ |

## Insured Deposit Account Activity

| Date Cleared | Check Number | Date Written | Transaction | Description | Tracking Code | Expense Code | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| Opening Balance | | | | | | | | |
| Closing Balance | | | | | | | | ▮▮ |

TD Bank NA ▮▮

FDIC Insured Deposit Account (IDA) balances reflected in your brokerage account are FDIC-insured up to applicable limits and held by one or more banks ("Program Banks"). Two of the Program Banks are TD Bank, N.A. and TD Bank USA, N.A., both affiliates of TD Ameritrade. The IDA balances are not covered by the Securities Investor Protection Corporation (SIPC) protection applicable to your brokerage account.

## Important Information

**PERIODIC DISTRIBUTION**

If you are currently receiving a periodic distribution from your IRA or you have a one-time distribution scheduled for more than six (6) months out from the date of this statement and you would like to change or revoke your current federal tax withholding elections on file, please visit www.tdameritrade.com and complete the Tax Withholding Update Form. Just click on "Forms & Agreements" (under Client Services), select "Retirement" and then scroll down to "IRA Update Tax Withholding". You can also contact an IRA Specialist at 888-723-8504 to have the form faxed, mailed, or e-mailed to you. Be sure to sign your name on the form exactly as it appears on your IRA, then return the form to TD Ameritrade using the address at the top. **Your current withholding will continue automatically if you do not specifically request a change.**



## Core Account and Credit Balance Cash Flow (continued)

*Core Account: FIDELITY GOVERNMENT MONEY MARKET*

REX W WU -

| | This Period | Year-to-Date |
|---|---|---|
| Exchanges In | | |
| Exchanges Out | | |
| **Total Investment Activity** | | |
| Cash Management Activity | | |
| Deposits | | |
| **Total Cash Management Activity** | | |
| **Ending Balance** | | |

D    *Includes dividend reinvestments.*

### Realized Gains and Losses from Sales
*(May not reflect all gains and losses due to incomplete cost basis)*

| | This Period | Year-to-Date |
|---|---|---|
| **Net Short-term Gain/Loss** | - | |
| Short-term Loss | - | |
| **Net Gain/Loss** | - | |

## Holdings

### Core Account

| Description | Beginning Market Value Mar 1, 2019 | Quantity Mar 31, 2019 | Price Per Unit Mar 31, 2019 | Ending Market Value Mar 31, 2019 | Total Cost Basis | Unrealized Gain/Loss Mar 31, 2019 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|
| **FIDELITY GOVERNMENT MONEY MARKET** (SPAXX) — 7-day yield: 2.07% | | | | | not applicable | not applicable | |
| **Total Core Account** (15% of account holdings) | | | | | | | |

### Stocks

| Description | Beginning Market Value Mar 1, 2019 | Quantity Mar 31, 2019 | Price Per Unit Mar 31, 2019 | Ending Market Value Mar 31, 2019 | Total Cost Basis | Unrealized Gain/Loss Mar 31, 2019 | EAI ($) / EY (%) |
|---|---|---|---|---|---|---|---|
| **Preferred Stock** | | | | | | | |
| **LEHMAN BROS HLDGS CAP TR VI** 6.24000% 01/18/2054 PFD (LEHNQ) | | 94.000 | | | | | - |
| **Total Preferred Stock** (85% of account holdings) | | | | | | | |
| **Total Stocks** (85% of account holdings) | | | | | | | |

**<u>Exhibit E</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Rex Wu, | ) Case No.: 08-13555 (SCC) |
| vs. | ) (Jointly Administered) |
| Lehman Brothers Holdings INC., | ) |
| et al, | ) |
| Debtors. | ) |

**ORDER ENFORCING THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS FOR PURPOSES OF DISTRIBUTIONS**

Upon the motion (the "Motion") of Rex Wu for entry of an order (this "Order"), enforcing the provisions of the Confirmation Order and Plan with respect to the Guarantee and Guarantee Claims held by LEHKQ, LEHLQ, LHHMQ AND LEHNQ, all as more fully set forth in the Motion and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Rex Wu's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this

Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein;

and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing

therefore, it is HEREBY ORDERED THAT:


1. The Motion is granted as set forth herein.


2. The Guarantee and the Guarantee Claims were not barred or disallowed by

the Plan or the Confirmation Order, and the Plan Administrator must comply

with the claims distribution and dispute provisions set forth in Articles

VIII and IX of the Plan with respect to the Guarantee Claims.


3. The Court retains exclusive jurisdiction with respect to all matters

arising from or related to the implementation, interpretation, and

enforcement of this Order.



New York, New York

Dated: _____, 2019        _____

                                  HONORABLE SHELLEY C. CHAPMAN

                                  UNITED STATES BANKRUPTCY JUDGE


41 of 41