UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

LEHMAN BROTHERS HOLDINGS INC.,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01019-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

1st ADVANTAGE MORTGAGE, L.L.C., et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 15-01426-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

iFREEDOM DIRECT CORPORATION (f/k/a NEW FREEDOM MORTGAGE),

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01001-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

STEARNS LENDING, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01002-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

STANDARD PACIFIC MORTGAGE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01003-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

AMERICAN BANK et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01283-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

IMORTGAGE.COM, INC., et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01284-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

APPROVED FUNDING CORP.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01285-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

BANK OF ENGLAND,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01286-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

BROADVIEW MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01287-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01288-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CORNERSTONE MORTGAGE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01289-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FIRST BANK,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01290-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FIRST MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01291-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

GATEWAY MORTGAGE GROUP, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01292-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

GUARANTEED RATE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01293-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01294-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SHEA MORTGAGE INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01295-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SUBURBAN MORTGAGE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01296-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SUN AMERICAN MORTGAGE COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01297-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01298-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

OAKTREE FUNDING CORP.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01299-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

NEW FED MORTGAGE CORP.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01300-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

AMERICAN HOME EQUITY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01301-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

MEGASTAR FINANCIAL CORP.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01302-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

BONDCORP REALTY SERVICES, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01303-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CITY FIRST MORTGAGE SERVICES, L.L.C.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01304-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

MEGA CAPITAL FUNDING, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01305-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FIRST EQUITY MORTGAGE BANKERS, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01306-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CRESTLINE FUNDING CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01307-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FIRST RESIDENTIAL MORTGAGE SERVICES CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01308-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

PARKSIDE LENDING, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01309-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

LOAN SIMPLE, INC. f/k/a ASCENT HOME LOANS INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01311-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

ATLANTIC BAY MORTGAGE GROUP, L.L.C.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01312-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

AURORA FINANCIAL, LLC f/k/a AURORA MORTGAGE, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01313-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FIRST CALIFORNIA MORTGAGE COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01314-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SOUTHEAST FUNDING ALLIANCE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01316-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

STERLING NATIONAL MORTGAGE COMPANY, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01317-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

HARTLAND MORTGAGE CENTERS, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01318-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

MORTGAGE CAPITAL ASSOCIATES, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01319-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

HOME LOAN MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01320-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

LAKELAND MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01322-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

MARIBELLA MORTGAGE, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01324-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

ROSS MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01325-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SECURITY NATIONAL MORTGAGE COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01326-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

WR STARKEY MORTGAGE , LLP,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01327-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

NATIONAL FUNDING COMPANY, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01330-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

ORO REAL, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01331-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

THE LENDING COMPANY, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01332-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CMG MORTGAGE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01333-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

WINDSOR CAPITAL MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01334-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

MC ADVANTAGE, LLC, f/k/a REPUBLIC MORTGAGE HOME LOANS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01335-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

POPULAR MORTGAGE CORP.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01337-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

LOAN CORRESPONDENTS, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01339-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

NORTH ATLANTIC MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01341-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SIERRA PACIFIC MORTGAGE COMPANY, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01342-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

HOME LOAN CENTER, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01343-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

RESPONSE MORTGAGE SERVICES, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01344-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

HOME CAPITAL FUNDING, d/b/a SECURITY ONE LENDING,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01345-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

DIRECTORS MORTGAGE, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01346-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

WEI MORTGAGE LLC, f/k/a/ WEI MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01347-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

AMERICAN LENDING NETWORK, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01349-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

MOUNTAIN WEST FINANCIAL, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01350-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SACRAMENTO 1st MORTGAGE, INC., INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO COMSTOCK MORTGAGE,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01351-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

ARLINGTON CAPITAL MORTGAGE CORPORATION et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01353-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

PMAC LENDING SERVICES, INC., INDIVIDUALLY AND AS S,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01354-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

THE MORTGAGE STORE FINANCIAL, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01358-sc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

SUNSET MORTGAGE COMPANY L.P. et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01359-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CTX MORTGAGE COMPANY, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01360-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

DIVERSIFIED CAPITAL FUNDING, INC., et al,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01361-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

RESIDENTIAL HOME FUNDING CORP.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01363-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

GATEWAY BANK, F.S.B.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01364-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CIRCLE ONE MORTGAGE COMPANY, et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01365-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

REPUBLIC STATE MORTGAGE CO.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01367-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

CAPITAL BANK CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01369-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

WINTRUST MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01370-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

WJ CAPITAL CORPORATION et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01371-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

WINSTAR MORTGAGE PARTNERS, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01373-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01374-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

DHI MORTGAGE COMPANY, LTD.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01376-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

BWC MORTGAGE SERVICES, et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01377-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

1 AM, LLC, f/k/a/ 1st ADVANTAGE MORTGAGE, et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01378-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

AMERICA’S MORTGAGE ALLIANCE, INC., et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01379-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FIRST CAPITAL GROUP, L.P., et al.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01382-sc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

FAIRMONT FUNDING, LTD.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 16-01383-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

EAGLE MORTGAGE HOLDINGS, LLC AS SUCCESSOR BY MERGER TO EAGLE HOME MORTGAGE, INC.

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 17-01001-scc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEHMAN BROTHERS HOLDINGS INC.,

Plaintiff,

v.

GUILD MORTGAGE COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court

One Bowling Green

New York, NY 10004

October 29, 2018

11:04 AM

B E F O R E :

HON SHELLEY C. CHAPMAN

U.S. BANKRUPTCY JUDGE

ECRO: F. FERGUSON

HEARING re Doc #58858 Motion to Amend and Extend the Scope of the Alternative Dispute Resolution Procedures Orders for Indemnification Claims of the Debtors Against Mortgage Loan Sellers

HEARING re Adversary proceeding: 16-01019-scc Lehman Brothers Holdings Inc, v, 1st Advantage Mortgage, LLC, et al Doc #636 LEHMAN BROTHERS HOLDINGS INC, MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 15-01426-scc Lehman Brothers Holdings Inc, v, iFreedom Direct Corporation (f/k/a New Freedom Mortgage) Doc #51 LEHMAN BROTHERS HOLDINGS INC, MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01001-scc Lehman Brothers Holdings Inc, v. Stearns Lending, LLC  Doc #51 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEA VE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01002-scc Lehman Brothers Holdings Inc, v. Standard Pacific Mortgage, Inc. Doc #74 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEA VE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01003-scc Lehman Brothers Holdings Inc. v. American Bank et al Doc #92 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01283-scc Lehman Brothers Holdings Inc. v. !mortgage.com, Inc. et al Doc #32 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01284-scc Lehman Brothers Holdings Inc. v. Approved Funding Corp. Doc #39 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01285-scc Lehman Brothers Holdings Inc. v. Bank of England Doc #20 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01286-scc Lehman Brothers Holdings Inc. v. Broadview Mortgage Corporation Doc #39 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01287-scc Lehman Brothers Holdings Inc. v. Cherry Creek Mortgage Co., Inc. Doc #35 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01288-scc Lehman Brothers Holdings Inc. v. Cornerstone Mortgage, Inc. Doc #28 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01289-scc Lehman Brothers Holdings Inc. v. First Bank Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01290-scc Lehman Brothers Holdings Inc. v. First Mortgage Corporation Doc #39 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01291-scc Lehman Brothers Holdings Inc. v. Gateway Mortgage Group, LLC Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01292-scc Lehman Brothers Holdings Inc. v. Guaranteed Rate, Inc. Doc #41 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01293-scc Lehman Brothers Holdings Inc. v. Paramount Residential Mortgage Group, Inc. Doc #20 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01294-scc Lehman Brothers Holdings Inc. v. Shea Mortgage Inc. Doc #20 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01295-scc Lehman Brothers Holdings Inc. v. Suburban Mortgage, Inc. Doc #39 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01296-scc Lehman Brothers Holdings Inc. v. Sun American Mortgage Company Doc #38 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01297-scc Lehman Brothers Holdings Inc. v. Universal American Mortgage Company, LLC Doc #33 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01298-scc Lehman Brothers Holdings Inc. v. Oaktree Funding Corp. Doc #38 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01299-scc Lehman Brothers Holdings Inc. v. New Fed Mortgage Corp. Doc #38 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEA VE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01300-scc Lehman Brothers Holdings Inc. v. American Home Equity Corporation Doc #15 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01301-scc Lehman Brothers Holdings Inc. v. MegaStar Financial Corp. Doc #24 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01302-scc Lehman Brothers Holdings Inc. v. Bondcorp Realty Services Inc. Doc #29 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01303-scc Lehman Brothers Holdings Inc. v. City First Mortgage Services, L.L.C. Doc #14 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01304-scc Lehman Brothers Holdings Inc. v. Mega Capital Funding, Inc. Doc #39 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01305-scc Lehman Brothers Holdings Inc. v. First Equity Mortgage Bankers, Inc. Doc #22 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01306-scc Lehman Brothers Holdings Inc. v. Crestline Funding Corporation Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01307-scc Lehman Brothers Holdings Inc. v. First Residential Mortgage Services Corporation Doc #14 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01308-scc Lehman Brothers Holdings Inc. v. Parkside Lending, LLC Doc #29 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01309-scc Lehman Brothers Holdings Inc. v. Loan Simple, Inc. f/k/a Ascent Home Loans Inc., Doc #42 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01311-scc Lehman Brothers Holdings Inc. v. Atlantic Bay Mortgage Group, L.L.C. Doc #13 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01312-scc Lehman Brothers Holdings Inc. v. Aurora Financial, LLC f/k/a Aurora Mortgage, LLC Doc #14 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01313-scc Lehman Brothers Holdings Inc. v. First California Mortgage Company Doc #36 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01314-scc Lehman Brothers Holdings Inc. v. Southeast Funding Alliance, Inc. Doc #19 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01316-scc Lehman Brothers Holdings Inc. v. Sterling National Mortgage Company, Inc. Doc #32 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01317-scc Lehman Brothers Holdings Inc. v. Hartland Mortgage Centers, Inc. Doc #36 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01318-scc Lehman Brothers Holdings Inc. v. Mortgage Capital Associates, Inc. Doc #24 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01319-scc Lehman Brothers Holdings Inc. v. Home Loan Mortgage Corporation Doc #14 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01320-scc Lehman Brothers Holdings Inc. v. Lakeland Mortgage Corporation Doc #12 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01322-scc Lehman Brothers Holdings Inc. v. Maribella Mortgage, LLC Doc #12 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01324-scc Lehman Brothers Holdings Inc. v. Ross Mortgage Corporation Doc #41 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01325-scc Lehman Brothers Holdings Inc. v. SecurityNational Mortgage Company Doc #28 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01326-scc Lehman Brothers Holdings Inc. v. WR Starkey Mortgage, LLP Doc #39 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01327-scc Lehman Brothers Holdings Inc. v. National Funding Company, LLC Doc #15 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01330-scc Lehman Brothers Holdings Inc. v. Oro Real, Inc. Doc #16 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01331-scc Lehman Brothers Holdings Inc. v. The Lending Company, Inc. Doc #13 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01332-scc Lehman Brothers Holdings Inc. v. CMG Mortgage, Inc. Doc #50 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01333-scc Lehman Brothers Holdings Inc. v. Windsor Capital Mortgage Corporation Doc #41 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01334-scc Lehman Brothers Holdings Inc. v. MC Advantage, LLC, f/k/a Republic Mortgage Home Lo Doc #42 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01335-scc Lehman Brothers Holdings Inc. v. Popular Mortgage Corp. Doc #16 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01337-scc Lehman Brothers Holdings Inc. v. Loan Correspondents, Inc. Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01339-scc Lehman Brothers Holdings Inc. v. North Atlantic Mortgage Corporation Doc #29 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01341-scc Lehman Brothers Holdings Inc. v. Sierra Pacific Mortgage Company, Inc. Doc #23 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01342-scc Lehman Brothers Holdings Inc. v. Home Loan Center, Inc. Doc #24 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01343-scc Lehman Brothers Holdings Inc. v. Response Mortgage Services, Inc. Doc #33 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01344-scc Lehman Brothers Holdings Inc. v. Home Capital Funding, d/b/a Security One Lending e Doc #46 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01345-scc Lehman Brothers Holdings Inc. v. Directors Mortgage, Inc. Doc #23 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01346-scc Lehman Brothers Holdings Inc. v. Wei Mortgage LLC f/k/a Wei Mortgage Corporation Doc #23 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEA VE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01347-scc Lehman Brothers Holdings Inc. v. American Lending Network, inc. Doc #13 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01349-scc Lehman Brothers Holdings Inc. v. Mountain West Financial, Inc. Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01350-scc Lehman Brothers Holdings Inc. v. Sacramento 1st Mortgage, Inc. individually and as Doc #28 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01351-scc Lehman Brothers Holdings Inc. v. Arlington Capital Mortgage Corporation et al Doc #59 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01353-scc Lehman Brothers Holdings Inc. v. PMAC Lending Services, Inc., individually and as s Doc #29 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01354-scc Lehman Brothers Holdings Inc. v. The Mortgage Store Financial, Inc. Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01358-scc Lehman Brothers Holdings Inc. v. Sunset Mortgage Company L.P. et al Doc #22 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01359-scc Lehman Brothers Holdings Inc. v. CTX Mortgage Company, LLC Doc #24 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01360-scc Lehman Brothers Holdings Inc. v. Diversified Capital Funding, Inc. et al Doc #37 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01361-scc Lehman Brothers Holdings Inc. v. Residential Home Funding Corp. Doc #36 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01363-scc Lehman Brothers Holdings Inc. v. Gateway Bank, F.S.B Doc #12 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01364-scc Lehman Brothers Holdings Inc. v. Circle One Mortgage Company et al Doc #41 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01365-scc Lehman Brothers Holdings Inc. v. Republic State Mortgage Co., individually and as s Doc #40 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01367-scc Lehman Brothers Holdings Inc. v. Capital Bank Corporation, as successor by merger t Doc #28 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01369-scc Lehman Brothers Holdings Inc. v. Wintrust Mortgage Corporation Doc #41 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01370-scc Lehman Brothers Holdings Inc. v. WJ Capital Corporation et al Doc #40 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01371-scc Lehman Brothers Holdings Inc. v. Winstar Mortgage Partners, Inc. Doc #12 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01373-scc Lehman Brothers Holdings Inc. v. Freedom Mortgage Corporation Doc #20 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01374-scc Lehman Brothers Holdings Inc. v. DHI Mortgage Company, Ltd. Doc #20 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01376-scc Lehman Brothers Holdings Inc. v. BWC Mortgage Services et al Doc #53 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01377-scc Lehman Brothers Holdings Inc. v. 1 AM, LLC f/k/a 1st Advantage Mortgage et al Doc #21 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01378-scc Lehman Brothers Holdings Inc. v. America's Mortgage Alliance, Inc. et al Doc #30 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01379-scc Lehman Brothers Holdings Inc. v. First Capital Group, L.P. et al Doc #18 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01382-scc Lehman Brothers Holdings Inc. v. Fairmont Funding Ltd. Doc #13 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 16-01383-scc Lehman Brothers Holdings Inc. v. Eagle Doc #35 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

HEARING re Adversary proceeding: 17-01001-scc Lehman Brothers Holdings Inc. v. Guild Mortgage Company Doc #58 LEHMAN BROTHERS HOLDINGS INC. MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS PURSUANT TO RULE 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Transcribed by: Sonya Ledanski Hyde

A P P E A R A N C E S :

WOLLMUTH MAHER & DEUTSCH LLP

Attorneys for the Debtors

500 Fifth Avenue

New York, NY 10110

BY: WILLIAM A. MAHER

ADAM M. BIALEK

JAMES N. LAWLOR

MARA R. LIEBER

LANI ADLER PARTNERS

Attorneys for Suburban Mortgage, Inc., Hometrust Mortgage Company, iFreedom

BY: LANI A. ADLER

AMERICAN MORTGAGE LAW GROUP, PC

775 Baywood Drive, Suite 100

Petaluma, CA 94954

BY: TRACY L. HENDERSON

RICH MICHAELSON MAGALIFF MOSER, LLP

Attorneys for Security National Mortgage Corp.

335 Madison Avenue, 9th Floor

New York, NY 10017

BY: HOWARD P. MAGALIFF

MORITT HOCK & HAMROFF LLP

Attorneys for North American Savings Bank, F.S.B.

1407 Broadway, 39th Floor

New York, NY 10018

BY: BRUCE A. SCHOENBERG

PINKS, LIPSHIE, WHITE & NEMETH

Attorneys for WEI Mortgage

140 Fell Court

Hauppauge, NY 11788

BY: JONATHAN W. LIPSHIE

REED SMITH LLP

Attorneys for Ditech Financial LLC

599 Lexington Avenue

New York, NY 10022

BY: MICHAEL J. VENDITTO

MOYE WHITE LLP

Attorneys for Cherry Creek Mtg. Co.

16 Market Square, 6th Floor

Denver, CO 80202

BY: PAUL R. FRANKE, III

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

Attorneys for Allied Mortgage Group, Inc., CTX Mortgage Company, LLC, Direct Mortgage, Corp., PrimeLending, a PlainsCapital Company, Shea Mortgage, Inc., Standard Pacific Mortgage, Inc., Universal American Mortgage Company, LLC.

1450 Brickell Avenue, 23rd Floor

Miami, FL 33131

BY: ENZA BODERONE

P R O C E E D I N G S

THE COURT: Please have a seat, everyone. All right, thank you everyone who has traveled to be here. We have a lot of folks on the phone, so we'll just see what happens. So we were -- many of us were together on October 2nd and at that time, I spoke at some length about my hopes that there could be constructive discussions so that we can move all this forward. And to be honest, it really doesn't appear that that happened.

And I read everything that was filed and some of the arguments were just, frankly, frivolous. Frivolous. Not the type of engagement reflective of what I believe is good faith effort to move this along, and it's a little ironic because many of the arguments speak to efficiencies and not making things more complicated than they need to be and yet virtually all the arguments seek to do just that.

When we talked in a preliminary way about the plan administrator's request to amend or supplement, as the case may be, because it's the same standard and I'm really not going to spend any more time than that 10 seconds talking about that distinction, I said they have the right to file an additional adversary proceeding so let's not spend a lot of time on this.

That was virtually completely unheeded. Separate adversary proceedings would do nothing to advance the cause

of efficiency. If anybody believes that there's some kind of an additional substantive argument that can be made in the context of a separate adversary proceeding as opposed to an amended/supplemented complaint, it's lost on me. Everybody will have the same rights to make additional motions and the same rules of the road will apply.

I am not going to redecide and rewrite hundreds of pages on literally the same issues. So to the extent that many of you don't like the rulings, it just kind of is what it is. I'm not going to abridge any of your rights. There is nothing in anything that's before me that's going to abridge any of your rights. That being said, I'm not going to redo everything that I've already done. So if there are real additional things that anybody wants to say, I'm happy to hear from you, but I'm very determined to move this forward. Let's focus on the underlying predicate facts.

In the early 2000s, there were mortgage loans that were originated and sold. I could practically take judicial notice of the fact that not every one of those loans was good. You have every right to defend the loans that were originated and sold by your clients. It is virtually impossible to believe, though, that every single one of those is good. Whether or not subsequently in the chain of events the loans that were originated and sold went the Fannie and Freddie route or went to the private RMBS route,

okay, if you have arguments about the nature of the indemnification claims as a result of where they ultimately ended up that's great. I'm happy to hear them as and when we get to it.

But the fact remains that these were all loans that were originated, by definition, by your clients. So there are unquestionably efficiencies to be maintained by having these complaints amended or supplemented. For example, let's take hypothetical loan seller originator A, for Fannie/Freddie loans, for RMBS loans.

Hypothetically, I would assume there would be evidence about the nature of the loan origination process, the underwriting standards, the type of information that the loan officers received, whether or not you relied on W-2s, income tax returns, whether they were stated income loans, what kind of proof you took as to outstanding debt at the time of origination. There will be commonalities and there will be commonalities about the type of proof that I think is good.

I'm not going to separately determine in one case that one type of proof -- verification of employment, for example -- is good in one set of cases and it not good in another. Sure, it's possible because it depends the way it was done, but as a general matter, there are efficiencies to be gained in these things proceeding ahead together.

So other than a decision to make this as hard as possible for the plan administrator, which is your right as a litigant, I really am having a hard time understanding why there is any opposition to the motion to amend. So that's my preliminary statement on the motion to amend. I'm happy to hear what folks have to say.

MR. HOFF: Your Honor, George Hoff, and I represent iFreedom. We filed a very brief objection. We didn't object on the grounds that many parties did.

THE COURT: You objected on the grounds that you have a motion to dismiss.

MR. HOFF: And we're simply asking that the decision on that be deferred pending the motion to dismiss. If that's granted, then there's nothing to amend. That's --

THE COURT: I don't think there's any basis in the law for that position, but I hear it and thank you.

MS. ADLER: Your Honor, I hear you, but I think --

THE COURT: Wait. Are you representing iFreedom, Ms. Adler?

MS. ADLER: No, I'm here -- Mr. (indiscernible) is here. I'm representing Suburban Mortgage and Home Trust Mortgage companies.

THE COURT: Okay.

MS. ADLER: And I want to make clear that there are concerns about the claims being handled all together.

THE COURT: What are those concerns?

MS. ADLER: The issues -- I hear you that you believe there are certain issues in common, but there are a number of issues that are profoundly different. There are different loans, different witnesses, different proofs, different all that stuff --

THE COURT: That's all --

MS. ADLER: -- piece one. Two, there are different governing documents. We don't know how the RMBS claims and those documents will or will not impact the defenses. Three, there --

THE COURT: Let me ask you something, Ms. Adler.

MS. ADLER: Yes, Judge.

THE COURT: If you take as a given, which it is, that the plan administrator can file a separate adversary proceeding --

MS. ADLER: Right.

THE COURT: -- what difference does it make?

MS. ADLER: Because there will be separate trials and because there will not be --

THE COURT: And the fact of the matter is that there could be separate trials later if as the cases develop and they don't settle there is a legitimate need for a separate trial, there can be separate trials. There is no situation in which all of the claims in the complaints --

it's not necessarily the case that when you have a complaint with multiple counts that there wouldn't be different types of proof. The fact that there are multiple mortgage loans involved does not -- it's not a difference that makes a difference. It simply does not.

MS. ADLER: Your Honor, there are --

THE COURT: You would have day one through three on one group of loans and day four through six on a separate group of loans. It's not a problem.

MS. ADLER: Your Honor, there are other issues that are not common. For example, one can anticipate -- we don't have enough facts in the proposed third amended complaint -- that the allocation issues are going to be different because the RMBS claims were settled --

THE COURT: I understand.

MS. ADLER: -- between the two numbers.

THE COURT: I understand.

MS. ADLER: Fannie and Freddie were settled on different grounds.

THE COURT: I understand. And the fact of the matter is, that you can -- if you have a case that has five loans that are Fannie/Freddie and five that are RMBS, it could be divided into two trials.

MS. ADLER: But there will also be different discovery --

THE COURT: So what?

MS. ADLER: -- obviously.

THE COURT: So what?

MS. ADLER: Well, but the point --

THE COURT: There would be different --

MS. ADLER: -- is if Your Honor wants to proceed efficiently, and I understand that we all share that objective --

THE COURT: No, we apparently don't share that objective because I have told you point blank, and there is no dispute, that the plan administrator could file a separate adversary proceeding and I would keep it on the same track. So it is not a difference that makes a difference.

MS. ADLER: But the discovery, Your Honor, is not overlapping. It's just not.

THE COURT: It does not matter. It does not matter. In a large, complex case, because there might be different sets of issues, it doesn't mean that you bifurcate it. You just have different numbered documents requests and you have more than one deposition. It literally does not matter.

MS. ADLER: Your Honor, the way that we read the standard for filing an amended or supplemental pleading, there has to be a minimum level of relatedness.

THE COURT: And there is a minimum level of relatedness. These were loans that were originated by your client in the same general period of time, period. And after that, they went -- they might've gone their separate ways, okay, and there might be differences down the path that you will illuminate me on, but that has nothing to do with this.

This is as if you're saying that if I were a buyer of widgets I would have to file separate lawsuits for each defective widget. That's not the way it works.

MS. ADLER: Well --

THE COURT: Ms. Adler --

MS. ADLER: That might be the way it works --

THE COURT: Ms. Adler, we're done.

MS. ADLER: Okay.

THE COURT: Okay.

MS. ADLER: Thank you.

MS. HENDERSON: Good morning, Your Honor. Tracy Henderson. I represent the defendants listed in the joinder file, Document Number 678.

THE COURT: Yes.

MS. HENDERSON: I'm prepared to submit on the pleadings on this issue, Your Honor. I would just say one brief thing, Judge. I understand from my colleague that Friday, Saturday, and even until 11:00 New York time Sunday

there were different complaints filed for different defendants, so --

THE COURT: I'm sorry. I don't know what you're talking about, Ms. Henderson.

MS. HENDERSON: I haven't looked at the docket, Your Honor --

THE COURT: Okay, well --

MS. HENDERSON: -- because I've been traveling.

THE COURT: I was traveling as well and maybe I should find out what you're talking about because --

MS. HENDERSON: Yeah, I was prepared to give LBHI the benefit of the doubt. I represent a group --

THE COURT: Could you just hold on a minute and just let me find out what you're talking about?

MS. HENDERSON: Absolutely, Your Honor.

THE COURT: Okay.

MR. MAHER: Your Honor, this is Bill Maher --

THE COURT: Yeah.

MR. MAHER: -- for the plan administrator, Lehman Brothers Holdings, Inc. We have a motion here today, Your Honor, on our request for leave to amend the existing complaints.

THE COURT: Right, so what's Ms. Henderson referring to?

MR. MAHER: What Ms. Henderson is referring to is

there -- as I indicated, I think on --

THE COURT: Yeah.

MR. MAHER: -- October 2 when we were here previously --

THE COURT: Additional defendants.

MR. MAHER: -- there are other defendants who did not -- we did not have claims against them for Fannie and Freddie --

THE COURT: Right.

MR. MAHER: -- or they had settled claims for Fannie and Freddie --

THE COURT: Okay.

MR. MAHER: -- but there are claims that we have for the originating defective loans that wound up to the private label Trustees.

THE COURT: Nothing to do with what’s before me today.

MR. MAHER: It has nothing to do with what’s before you, Your Honor.

THE COURT: So, Ms. Henderson, what are you trying to tell me?

MS. HENDERSON: Well, as I understand it, Your Honor, they’re RMBS claims and what they’re trying to add to the GSE complaint are RMBS claims.

THE COURT: No, no, no.

MS. HENDERSON: So my point --

THE COURT: Stop, stop, stop, stop. Okay. Mr. Maher just said what I was told earlier in the month. We have a group of defendants here who are defendants in existing complaints; right?

MS. HENDERSON: Yes, GSE related.

THE COURT: GSE related. Correct. The estate, subsequent to the RMBS settlement, has determined that it wishes to sue additional defendants and that's what has happened.

MS. HENDERSON: Correct, Your Honor. The defendants are different but the claims are going to be the same.

THE COURT: It does not matter. What's -- you're being asked to look at what's on your plate, not what's on your neighbor's plate. The fact that somebody else has been sued on a claim like yours that's being added to the existing complaint makes no difference.

MS. HENDERSON: I'm trying to make a very basic point, Judge. I'm really sorry if I'm confusing --

THE COURT: Okay, I'm sorry I'm just not understanding --

MS. HENDERSON: -- Your Honor, my apologies. My basic point was they had the wherewithal and the time and the energy to file those separate complaints articulating

more clearly, I assume, what the contracts where, what the loan level breaches are. I don't understand why LBHI just couldn't take the few defendants in -- GSE claims and add them to a new action. We wouldn't even be here.

THE COURT: No, no, no --

MS. HENDERSON: That's my only point, Your Honor.

THE COURT: I'm sorry, there are -- that's the entire ball of wax. They filed those complaints because there weren't existing complaints. Those are new defendants. What you and Ms. Adler are advocating for is that the plan administrator should file new complaints against the existing defendants because --

MS. HENDERSON: Because the current proposed amendment or supplement doesn't outline in detail the contracts at issue, the loan level breaches, that's the issue, Your Honor.

THE COURT: But that has nothing to do with whether or not they -- they're here asking leave to amend or supplement. Take your pick. Once they're granted leave, they're then going to do that and it's going to have the caption on it that it has now and it's going to say third amended complaint as opposed to new adversary number 18 dash whatever, whatever, with literally the same allegations.

Once they do that, you will be in the same place in terms of your knowledge as to their allegations -- which

loans, what the alleged breaches are, what the governing documents are -- and then we're going to go from there. The only thing that you gain by my agreeing with you is you make it harder for them. That's the only thing that you gain.

MS. HENDERSON: And, respectfully, Your Honor, my point is that they could've simply just added our clients to this new lawsuit. And with that, I submit, Your Honor.

THE COURT: They're separate lawsuits. Do you remember the whole thing about how they tried to do it in one and you folks insisted -- on a technical reading of the rules, which I backed you up on -- that they have to do separate adversaries? So there isn't just -- they could've just amended one document. They would've had to file additional individual adversaries against each and every one of you. And that's just a pure waste of resources.

You know, everybody's got their rights and I'm trying my level best to respect everyone's rights. They're fiduciaries. They have an extraordinary obligation to minimize costs. You representing your clients, you have an equal obligation to do everything you can in their interests. But I'm managing this litigation and I am not going to countenance wastefulness and with all due respect right back at all of you, that's what this has been about, this entire conversation around amending and supplementing; okay?

MS. HENDERSON: Thank you, Your Honor for listening. I appreciate it.

THE COURT: Okay.

MR. PRICE: Your Honor?

THE COURT: Yes. Yes, sir.

MR. PRICE: Gifford Price representing Security National Mortgage. Just a couple of comments with respect to what's been discussed. (Indiscernible) efficiency and we can argue lots of aspects of that. (Indiscernible) the point is we want to make sure if there were amendment and we file our objection, that's a record, of course.

THE COURT: I'm sorry, sir --

MR. PRICE: (Indiscernible).

THE COURT: I'm sorry, sir. Sir, I'm having a very hard time hearing you. So if you could pick up --

MR. PRICE: Can you hear me now?

THE COURT: Yeah, I'm just having a difficult time. Could you just say that again, please?

I can't hear him. I think he cut himself off. I think he cut his -- we'll figure it out and we'll get him back, but in the meantime, Mr. Leib is raising his hand to speak, so I'm going to hear from Mr. Leib.

There's a program we have, a dashboard, and we -- not me because I can only -- I can't walk, talk, and chew gum at the same time -- but Ms. Eisen has a screen where she

can see everyone and there's an icon that shows the person wanting to speak. And it's great for controlling and making this be efficient. So, Mr. Leib, are you there? We've opened your line.

MR. LEIB: I am here. Good morning, Your Honor.

THE COURT: Good morning.

MR. LEIB: I represent Home Trust formerly known as SGB. We did not file an objection. We filed a statement of nonobjection. There's a couple just brief points. One is a point and the other's a question.

One is, I know you don't want to spend much time on it, so I won't, but I do think that it should be these amendments, quote-unquote, should be done through supplemental pleadings under 15(b), and the reason just being that -- and we had put this in our papers, not about the 15(b), but that there needs to be some mechanism that ensures that we don't have to go through the whole process of objecting to subject matter jurisdiction and proper venue.

THE COURT: I would be delighted to make sure that that doesn't happen, but ironically, I thought that one of the things that was underlying some of the objections was the desire to preserve the ability to make the same objections. So I would be delighted to take you up on your offer in that regard. But I am -- it's unclear to me that

that is really what folks would like.

MR. LEIB: I don't know about the other defendants, Your Honor. I would say that the concern I have with amendment is technically an amendment would moot the prior complaint and so we have these motions for leave to appeal that are pending. I don't know what would happen in an amendment situation. Presumably, we'd have to refile --

THE COURT: I see.

MR. LEIB: -- (indiscernible) having to do the denials again pro forma for the same reasons as previously stated and then refile, pay new fees, get it back up there, get it assigned to a judge.

THE COURT: Yeah, I hear you. I hear you.

MR. LEIB: And I don't know -- I'll be honest, I haven't had the time, unfortunately, because of my schedule to -- and because I did realize this issue over the weekend -- to look at what happens in a supplemental pleading, whether we still preserve the right with regard to the new portion of the complaint.

But even if that were the case, it wouldn't moot the prior complaint and we could all figure out some mechanism whereby we preserved our rights (indiscernible) denied it and they were sort of -- the District Court was alerted that the complaints had been amended or supplemented and that the same issue exists. It just wouldn't moot the

prior complaint --

THE COURT: I --

MR. LEIB: -- which I think --

THE COURT: Look, I appreciate that. That raises a constructive and, I think, highly technical point that I think you could work out with the plan administrator. You have -- you should be able to go ahead with your existing appeal and not have the amendment negatively affect that in any way or cause you to incur additional expense.

I was being entirely honest when I said that I believe that one of the things that was of concern to folks in the amendment/supplement versus separate adversary issue was preserving the ability to -- for wont of a better expression -- raise the same arguments all over again which I'm not going to be a big fan of; raising new arguments on new things, sure. So I'll ask the plan administrator if you take any issue with what I think is a technical, practical point that Mr. Leib raised.

MR. MAHER: Your Honor, we had no intention to affect the current appeal that was pending before Judge Caproni in the Southern District. I had not, frankly, considered the point that counsel raised here on the phone. I'm happy to work out any kind of arrangement which preserves everybody's rights to pursue their appeal from Your Honor's subject matter jurisdiction issue.

THE COURT: Sure. Okay. Mr. Leib --

MR. LEIB: (Indiscernible).

THE COURT: I'm sorry. Go ahead.

MR. LEIB: So the other -- it's just a question for (indiscernible) which is, they have now filed, you know, over the weekend all these new complaints. Is it anybody's intention -- and I just don't know the answer to this -- to try and coordinate all those other cases with this case? If not, then we move forward as we had previously planned. If it is, then it just affects how we deal with the case management (indiscernible).

THE COURT: I'm not going to slow any of you folks down because there are new people who have joined the party.

MR. LEIB: So that would be in a separate coordinate proceeding, then?

THE COURT: Well, no. They won't but there's -- you're not going to be slowed down because of them. I mean, fundamentally is that your question?

MR. LEIB: Well, it is. I mean, if there are new complaints where people -- new parties have to answer or file motions or do whatever, then if the point -- and it's going to be coordinated with our case -- if the point is that we only go through discovery once on coordinate issues --

THE COURT: Here's the thing. We're about to get

to the end of the road with respect to the first round of motions. The only ones that remain sub judice are iFreedom and Universal Mortgage, okay, and those are soon not going to be sub judice; okay? And then we're at the end of that period and we talked about this on the 2nd, and discovery for that group of defendants is going to -- the next thing is going to start.

With respect to the new defendants, their whole thing is going to start from the beginning. One has nothing to do with the other. It's not going to slow you down. It's, frankly, Lehman's problem to deal with that. I'm ready to start giving out trial dates.

MR. LEIB: That's all I needed to know, Your Honor. Thank you.

THE COURT: Okay.

MR. PRICE: Your Honor?

THE COURT: Yes.

MR. PRICE: I'm sorry. There was a technical difficulty. This is Gifford Price for --

THE COURT: Welcome back.

MR. PRICE: -- mortgage.

THE COURT: Welcome back.

MR. PRICE: Yeah, sorry about that.

THE COURT: No problem.

MR. PRICE: Technology's great when it works.

Anyway, just a couple of observations because we are concerned with efficiency and due process obviously. One thing with the amendment that we want to make sure that -- of course, we've opposed it. We filed our paper. Appreciate that.

But one thing also is we don't want to claim with an amendment that there's some relation back claim with respect to -- when events took place that it relates back. That's obviously a concern (indiscernible) want to preserve. And secondly, I just think it's important --

THE COURT: Wait, wait, wait. Sir, hold on. I'm trying to understand what you're saying. You want to ensure that Lehman doesn't make a relation back argument or you want to --

MR. PRICE: We want to preserve the fact that (indiscernible) something an amendment that there will not be the argument well, because it's an amendment we get a relation back to the original complaint. Of course, that's an issue and we want to preserve our rights with respect to that and how you technically --

THE COURT: Let me -- let's drill down on that. Do you -- I just don't know what you mean by relation back. I mean, relation back is obviously at play when you have a statute of limitations that ran, for example, in between the original complaint and the complaint that is sought to be

amended, so the plaintiff would say, I'm amending, there's a relation back because it's all the same thing. That's not at play here. What's at play here is, I'm guessing, a number of the defendants would want to again make the argument that the new counts of the complaint in downstream indemnification claims on account of the RMBS settlements are barred by the statute of limitations realleging the arguments that the breaches occurred at origination.

That's got nothing to do with relation back. What that does have to do with is I'll call it law of the case -- I don't want to get into a technical argument about collateral estoppel or res judicata -- but I've ruled on that. It is what it is. I don't see the relation back issue.

MR. PRICE: Well, all I'm saying is that we want to make sure that the issue's preserved, obviously, because sometimes when you have technicalities we mentioned (indiscernible) technicalities about things, but someone comes in, an amended complaint and they say well, then this complaints amends -- is related back to the time of the filing of the original complaint and of course how well that shakes out people could argue, but we want to make sure that that point is preserved and not given up just because someone has a technical amendment to a complaint --

THE COURT: Well, let me give you --

MR. PRICE: -- rather than filing a new proceeding.

THE COURT: I hear you. I still don't see what the issue is, but I will give you the following assurance. Despite how you may feel are my substantive rulings, this is not a game of gotcha. Nobody's going to accidentally or sneakily give up or be deprived of any rights. So in the other motion with respect to ADR, there was a lot of concern about preserving defenses, et cetera, et cetera. Not a game of gotcha, so I have to be frank -- and maybe I'll ask Mr. Maher if you have a better sense of what Mr. Price is talking about, but I'm struggling to see the issue, but...

MR. MAHER: Your Honor, respectfully, this is not an issue on whether or not it's appropriate to grant a motion to amend. He's talking about what the legal effect may be in a subsequent application or motion of the leave to amend.

THE COURT: What's the relation back issue?

MR. MAHER: What he's concerned -- I don't know, but to be honest with you, our position is that we had contingent unmatured rights that matured upon the settlement in earlier 2018 --

THE COURT: Right.

MR. MAHER: -- on the private label Trustee claims and they are timely and you have so ruled previously with

respect to the Freddie and Fannie --

THE COURT: Right.

MR. MAHER: -- issues, and that was affirmed by Justice Pauley -- Judge Pauley.

THE COURT: Well, that's not accurate.

MR. MAHER: All right. It was --

THE COURT: It was --

MR. MAHER: He said there was no substantial doubt that your ruling was correct --

THE COURT: Yes.

MR. MAHER: -- and therefore denied leave to appeal.

THE COURT: Correct.

MR. MAHER: So what you have called law of the case, we believe would be applicable to the new claims for private label Trustees --

THE COURT: I just -- I'm still --

MR. MAHER: -- so there is no relation back issue under those circumstances.

THE COURT: So --

MR. MAHER: What he was concerned about, I believe, is his argument that the statute of limitations runs from the initial filing of the loans and there --

THE COURT: Sure, but --

MR. MAHER: -- or transfer of the loans.

THE COURT: Right, but that's why I don't see the relation back issue because it's not the passing of a statute of limitations that has occurred between the filing of the original complaint and the filing of the subsequent complaint which would be the classic law school hypothetical --

MR. MAHER: Yes.

THE COURT: -- about whether the amending claims relate back. That's not this case. Either I'm right --

MR. MAHER: Yes.

THE COURT: -- which is that the claims -- the statute of limitations doesn't bar these, or at some point someone's going to say that I'm wrong and I'm going to get reversed on that point. So I don't see it as an issue of relation back. I don't see a trap for the unwary here. I think we ought to move on.

MR. MAHER: Yes, Your Honor.

THE COURT: All right. Mr. Price, anything else?

MR. PRICE: Well, that's right. We just want to preserve that and we appreciate your comments about (indiscernible) and I think the point's been made in preservation. And with respect to the other thing, I don't think it's actually clear. I assume if they're amending that they're serve separate complaints on everyone and the point is we assume that there will be the same rights with

respect to responding by motions or whatever takes place, because that's just part of what happens when complaints are amended or supplemented and I assume that that's not going to be abridged if the Court decides to go that way.

THE COURT: Mr. Maher?

MR. MAHER: Your Honor, it's up to the Court as to how you handle responsive pleadings or motions with respect to amended or supplemental pleadings. From our perspective, we agree with Your Honor that it would be wasteful and duplicative for them to file the same motions they've already lost.

THE COURT: Here's the thing, though. They have rights; okay? You're alleging -- you're going to allege new --

MR. MAHER: Yes.

THE COURT: -- counts against them.

MR. MAHER: Yes.

THE COURT: New loans; right?

MR. MAHER: Yes.

THE COURT: And they should have all the rights that they would have if you were filing a separate adversary proceeding. That being said -- as I said half an hour ago -- I do not believe that I am required to redo --

MR. MAHER: Right.

THE COURT: -- exactly the same thing that I've

already done and I would again implore folks if you want to preserve appeal rights, that's fine, but there's literally -- I find it very hard to imagine that I'm going to redo hundreds of pages of decisions where there's no difference. If someone wants to take a fourth or fifth shot at convincing me that these claims accrued, the time of origination, I'm not going to hear that.

If there's something different that has to do with the fact that these arise out of the RMBS settlement, I'll hear that. I mean, I'll hear all of it, but I'm just basically appealing to everybody's common sense and ability to be constructive litigants that we're not going to unnecessarily go through stuff that we've already gone through and as to which there's no meaningful change, so I'm not abridging anybody's rights. I want to make that crystal clear.

MR. MAHER: Your Honor, if the defendants want to preserve their rights by saying they're going file the same motion, we'd be happy to stipulate with them that Your Honor would rule exact -- they make the motion, Your Honor will rule as it has ruled previously --

THE COURT: Well, they're not going to agree to that, Mr. Maher. They're -- and I'll say this. I am not rehearing individual venue motions. I would consider that frivolous in the extreme. Ms. Adler's about to tell me why

I'm wrong.

MS. ADLER: No, actually, I didn't hear the predicate. I was listening --

THE COURT: The predicate was that in my desire to ensure that all of your rights are preserved --

MS. ADLER: Yes.

THE COURT: -- limited by the commonsense notion that I ought not have to do -- redo hundreds of pages of decisions about the same issues, okay, my caveat was that I have no intention of redoing 50 individual venue motions.

MS. ADLER: Your Honor, if I may respond --

MR. PRICE: Your Honor -- excuse me. I'm sorry.

MS. ADLER: Go ahead. I'll wait.

MR. PRICE: Gifford Price again. I understand what's being said and what Your Honor has said. We all have important rights to protect here and to do it, and of course people have to pay attention to what's appropriate. All we're saying is because we don't know everything about the RMBS or reading papers or what kind of motions potentially can necessarily be brought at the time, all we're saying is if the Court is going to let them amend and they're going to do it, we assume there'll be the same rights that would be preserved as if they did file a new complaint. I think the defendants have done an excellent job of trying to comply with Your Honor's case management order. Timely

(indiscernible) were filed. We (indiscernible) operated for nearly two years under it. And all I'm saying is we shouldn't just skip past the important predicates.

THE COURT: Mr. Price, look.

MR. PRICE: -- and perhaps --

THE COURT: I sound like t --

MR. PRICE: -- that's what you said.

THE COURT: Excuse me. Excuse me. I sound like a broken record. I'm not going to abridge any of your rights. That being said, I'm appealing to all the defendants to not engage in frivolous, duplicative litigation of the same issues that were raised the first round. The only reason we're in this situation now is because the RMBS settlements happened later in time. This is not a case of the plan administrator having thought better of its original complaint and then decided to do more when it could've done that all along.

It couldn't have, and my caveat is that I hope and expect that I'm not going to see 50 individual motions to transfer venue again, because I've done that. I followed Ms. Adler's admonition to give everyone their individual due, and I did that. I'm not going to do it again, and I would consider the filing of individual motions to transfer venue to be arguably frivolous.

Ms. Adler.

MS. ADLER: Your Honor, what I wanted to say --

MR. PRICE: I understand that comment and appreciate it because we all have to be concerned with that.

THE COURT: Mr. Price, I'm going to ask you --

MR. PRICE: -- out because --

THE COURT: I'm just going to ask you to conclude. I've got a full courtroom, and I'd like to move on. I think I've given you ample time to be heard.

MR. PRICE: Thank you, Your Honor. Appreciated it.

THE COURT: All right, very good.

MS. ADLER: Your Honor, what I had wanted to say a moment ago is with respect to your concern about not having to redo what you view as identical motions again. It would be helpful if, assuming that you are going to grant leave to file a third amended/supplemental complaint, if that complaint contained sufficient facts so that the defendants could evaluate whether or not with respect to the additional claim or claims they thought a new motion was well founded and not frivolous.

THE COURT: I'm sorry, I don't understand what you just said.

MS. ADLER: So in other words, there are -- Mr. Maher just told Your Honor that consistent with some of Your Honor's prior rulings, that his view is that Lehman had

contingent unmatured claims prepetition which matured --

THE COURT: Right.

MS. ADLER: -- upon settlement --

THE COURT: Upon the settlement of the RMBS claims.

MS. ADLER: Right. But we don't -- we've never really seen the facts about when, for example, their indemnification rights were transferred with respect to the particular loans at issue or the particular defendants at issue or were assigned by Lehman Brothers Bank to them -- to LBHI, and that should be pleaded.

Similarly, we don't know enough about the chain of transfer of the loans as they got to the RMBS Trustees to understand what the contracts were, who made what representations to whom, and whether that, in fact, impacts subject matter jurisdiction. Possibly it makes it a far more attenuated issue. I don't know.

THE COURT: There -- I hear you.

MS. ADLER: I understand.

THE COURT: They'll amend and they will construct their complaint as they believe is legally sufficient and if you don't think it is, you're just doing to have to tell me. I can't write their complaint for them.

MS. ADLER: Understood, Your Honor.

THE COURT: They should --

MS. ADLER: I just want to make that point so it's on the record. I'm trying to address Your Honor's reasonable concerns, obviously.

THE COURT: Sure.

MS. ADLER: And we'd like enough facts so that we can make evaluations -- useful evaluations. Thank you.

THE COURT: Okay.

MR. MAGALIFF: Your Honor?

THE COURT: Yes.

MR. MAGALIFF: Howard Magaliff, Rich, Michaelson, Magaliff.

THE COURT: How are you?

MR. MAGALIFF: I'm okay. Thanks. I'm (indiscernible) counsel for Security National. I just have a suggestion.

THE COURT: Sure.

MR. MAGALIFF: I haven't discussed this with Mr. Price, so I'm hoping I don't get an angry phone call later. But to kind of accommodate all of the issues and especially the comments you've made, I might suggest that the parties consider that once the complaints are amended, there be a stipulation extending everybody's time to answer or make a motion because we wouldn't want to be in a position, for example, of filing an answer and then having the Appeals Court return and being precluded, perhaps, from making a

motion under Rule 12 for dismissal.

THE COURT: Wait, wait, wait, wait. Let me try to follow this. So I'm sorry, I can't even follow this possibility. The notion that -- are you suggesting that your time to answer be indefinitely suspended until there's a decision on the appeal before Judge Caproni?

MR. MAGALIFF: Well, I don't know that it's indefinite, but here's the concern. When we say --

THE COURT: No, no, no, no. Let's just be --

MR. MAGALIFF: Okay.

THE COURT: Let's really drill down.

MR. MAGALIFF: Okay.

THE COURT: That's what you're suggesting.

MR. MAGALIFF: Yeah, but let me tell you what my concern is.

THE COURT: No, but, Mr. Magaliff --

MR. MAGALIFF: Yes. That's what I'm suggesting, but there's a reason.

THE COURT: I'm not doing that. I'm not going to do that. Life is going to go on. You can go prosecute your appeal. If you want to be on a faster time schedule before Judge Caproni, you can bring that up with her.

MR. MAGALIFF: That's not the issue, Your Honor. The concern is a Rule 12(b) issue. If you're imploring the parties not to file motions to dismiss on the same grounds

that you've already decided, then the only alternative to an amended complaint, presuming the parties don't want to file those motions, is to file on answer. But if Judge Caproni overturns your decision and says there's no subject matter jurisdiction, an argument could be made that under Rule 12(b) our right to raise subject matter jurisdiction as a defense has been waived. This was just a suggestion for people to consider. I wasn't necessarily expecting a ruling on it or anything. I thought it might be helpful to accommodate some of the issues. That's all.

THE COURT: The net effect of what you're suggesting is that I effectively -- it is once again completely contrary to what we're trying to accomplish here, and in order to avoid that consequence, I'm guessing the plan administrator would say never mind, we're going to file separate adversary proceedings. So everyone has a different version of how best to avoid this litigation from going forward. This is a new one. Mr. Maher, do you want to address Mr. Magaliff's --

MR. MAGALIFF: That was not the issue, Your Honor --

THE COURT: Okay.

MR. MAGALIFF: -- to avoid the litigation going forward.

MR. MAHER: Your Honor, subject matter

jurisdiction is never waived.

THE COURT: It is never waived.

MR. MAHER: So the idea that you're waiving something through a 12(b) motion is ridiculous.

THE COURT: Look, if the parties were genuinely willing to constructively engage, this is all the types of things that could've been worked out among counsel. But no one is willing to do that. Instead, we have to spend time on amending versus supplementing and issues that literally you could get in a room and in an hour figure out. And instead of having to file all of this briefing that fills a binder, you could have spent more productive time, which is moving things forward.

So, I'm delighted to hear practical suggestions, but you're all smart lawyers and you could get together and come up with a game plan.

MR. MAGALIFF: Your Honor, I'd like to --

THE COURT: I just want to observe the disparate comments that have been made. Everybody has a different flavor of how to not move this forward in the most efficient way. In my view, the most efficient way is to grant leave to supplement or amend in a way that doesn't abridge your rights with respect to the appeal or with respect to your ability to raise defenses, file motions, et cetera, with respect to the new allegations, bearing in mind

fundamentally these are simply new loan files. They're new loan files with indemnification claims that arose as a result of a different settlement. That's it. That's it. It's no more or less than that. So, Mr. -- go ahead.

MR. MAHER: I just wanted to make one point, Your Honor, which is there are 87 defendants; 56 have raised no objection and, in fact, filed statements of no objection, some of them, with respect to the motion. You're hearing from 31 defendants, many of whom are represented by the same lawyer, recidivistly (sic) continuing to complain on every issue at every time. We're happy to work with them, but I wanted to make the point that that -- that the majority of the defendants did not object to this motion, Your Honor.

THE COURT: I understand. All right, does anyone else wish to be heard on the motion to supplement or amend? Yes.

MS. HENDERSON: Your Honor, I assume he's speaking about me, and I'm going my job and zealously representing my client.

THE COURT: We're not going to -- okay.

MS. HENDERSON: So, I don't appreciate that.

THE COURT: We're not going to engage in ad hominem attacks. I think recidivist is an unfortunate choice of words.

MR. MAHER: Yes, Your Honor. Thank you. I

withdraw it.

MR. LEIB: Your Honor, this is Michael Leib.

THE COURT: Yes.

MR. LEIB: Okay, just briefly. On the subject matter jurisdiction, I agree that that was preserved. On the improper venue, we can work out with Lehman's counsel some way to just file a one-page thing saying we're refiling the same 12(b) motion and Your Honor -- you know, we'll put in a one-line thing saying for same reasons as previously stated, the same ruling applies and that way we preserve the issue. (Indiscernible).

THE COURT: Okay. Look, I don't want to rule on things that aren't before me now. What's before me now is a motion to amend. A technical issue has been raised about amending versus supplementing. I'm going to grant the motion. I'm going to direct that the plan administrator work with the objecting parties or at least the ones who are concerned about the implications of whether it's an amended or a supplemental pleading to work together to cover all the bases so that everybody's rights are preserved no matter which way you decide you need to go. It's the same standard as far as I'm concerned, and I believe there's a basis to grant the motion either as a motion to amend or as a motion to supplement.

And then, as I said, we're going to slide into the

existing procedures. You're not going to be slowed down by the new complaints which I heard that first from Ms. Henderson this morning. I appreciate your pointing that out to me. And then I'm going to expect -- expect -- that you work together while representing your clients to make this efficient and to spare a waste of resources to have to redo things that ought not to be redone, and I will be on the lookout for things that I view as frivolous. All right?

So on that, we're going to move now to the motion to amend the ADR procedures and I'm going to leave it -- we're going to wait to have the plan administrator circulate -- reach out to you, circulate a form of order. Please don't give me competing orders. Please don't send me letters that say we can't agree on the form of order. Please. All right? All right.

THE COURT: Please don't give me competing orders. Please don't send me letters that say we can't agree on the form of order. Please. All right?

All right, next, ADR. So, if the motion for a leave to amend were not difficult enough, the ADR motion is even more difficult. I'm really at a loss to understand why I should do a reboot on many of the arguments that have been made.

I mean, when we were together on October 2nd and the prospect of this was raised, what the Plan Administrator

indicated was, notwithstanding that this didn't work well in every case before -- obviously not, because you're all still here -- now it's all in. All their cards are on the table because the private-label, the RMBS, settled. So now, the Plan Administrator is in a position to do global discussions with you.

Notwithstanding the degree of difficulty and the complicating factors that have been raised by many of you, fundamentally it gets down to there were loans that were originated. There were breaches that they're going to allege. They have to tell you what the breaches are. They have to tell you that. They have to tell you if it's an income breach. They have to tell you if it's a debt breach. They have to tell you what the breach is. They have to tell you what the loss is that was caused by the breach. They have to tell you why it's a material breach. All of that stuff. And that's what they're going to do.

What I'm not going to do is require them to produce the level of discovery that many of you noticed was done incident to the three-week RMBS trial surrounding 72,000 loans. That's not what you do before a mediation. It would be pointless for them to invite you to a mediation and say, guess what my claim is against you? It's just flat-out silly.

So, we've addressed all of this before, and this

continued concern about the picking the mediator. Mediator is not -- these mediators have familiarity with these issues. It's nonbinding mediation. You engage, you go get to hear what they have to say, they get to hear what you have to say, the mediator makes observations, you engage in good faith, and it either settles or it doesn't settle.

This subtext of... I don't know what. It just doesn't make any -- it doesn't make any sense to me. So, I don't know who wants to go first. You know, I've got a whole list of very granular issues that have been raised. You know, Lehman wants to start the clock because in the past the Defendants have dragged their feet. You know, some of the things -- there are just a laundry list of issues that have been raised. I'm not going to order a standstill. I'm not going to direct voluminous discovery.

MS. HENDERSON: Your Honor, may I respond?

THE COURT: Well, why don't you let Mr. Maher. It's his motion, so let's hear from him first and then you can, Ms. Henderson.

MR. MAHER: Your Honor, Bill Maher, on behalf of the Plan Administrator, Lehman Brothers Holdings, Inc. I just want to be brief because it's clear that Your Honor has read the papers and understands the issues.

There were, again, 3000 sellers who we believe were involved in what we consider to be Phase 3, the Private

Label RMBS trust settlement. And there are 14 objections that were lodged with respect to 76 sellers. So, Your Honor, with respect to all of the other sellers --

THE COURT: Yeah.

MR. MAHER: -- the motion should be granted.

With respect to the objections that have been filed, I just want to point out that thus far, the mediation process Your Honor ordered previously has been successful. We have, in fact, settled more than 100 separate disputes and taking in tens of millions of dollars as part of that process.

Now again, we were hampered to a degree because many of the counterparties would say, I want a general release --

THE COURT: Right.

MR. MAHER: -- in the discussions. And we weren't able to provide that because --

THE COURT: No.

MR. MAHER: -- we couldn't have the scope of liability fixed at that point because it was outstanding what the private-label Trustee settlement would be. We are now in a position to move forward and offer people global settlements on all of their claims in these mediations. And we think that will be a very positive and productive step going forward.

So, we have a lot of hope about the success, or the potential success of this process going forward. And it's not just in RMBS. Your Honor knows there have been many other mediations with respect to other cases, other disputes involved in this situation.

So, what we have been seeking, really, Your Honor, is just a slight modification of what Your Honor ordered in 2014. And slight, I mean, for example, instead of having 20 days to respond, they get 15 days, because we found that there was just delay in the process unnecessarily. And moving forward, there would be bottlenecks that we're trying to solve through some of these revisions. But they're minor adjustments. It's basically the same form previously, just applied to a new situation.

With respect to the objections, Your Honor, we've counted, I think, 17 different objections or types of objections that we have kind of summarized in our reply --

THE COURT: Yeah, yeah.

MR. MAHER: -- submission --

THE COURT: Mm hmm.

MR. MAHER: -- by category.

THE COURT: Right.

MR. MAHER: I don't propose to go through all of those, Your Honor, because I think some of them are self-evident. But I do want to address at least two, or several,

of them. They're claiming that you don't have jurisdiction to amend the order.

THE COURT: Okay. That's in the category of -- whatever is beyond frivolous, that's in that category. Okay? I have jurisdiction to modify my own order. I have jurisdiction to enter a new order. We're not going to talk about that one.

MR. MAHER: So, Your Honor, with respect to the other objections that, you know, the litigation should be stayed.

THE COURT: I'm not staying the litigation.

MR. MAHER: Again, there are -- I can go through each one of these, Your Honor.

THE COURT: Well --

MR. MAHER: There's really --

THE COURT: Look, the --

MR. MAHER: If you'd like me to address any particular one --

THE COURT: No. I mean, my concern about the 20 or 15 days is that in life, people could have things going on.

MR. MAHER: Mm hmm.

THE COURT: They could be away. They could have a family event. They could be ill. Let's keep it at 20 days.

MR. MAHER: That's fine, Your Honor.

THE COURT: Okay? We're going to keep it at 20 days. Ms. Henderson, are you going to object to my --

MS. HENDERSON: No.

THE COURT: -- keeping it at 20 days?

MS. HENDERSON: I just wanted to inquire, Your Honor. There were two orders that were set. It was a June order, 2018 or July order.

THE COURT: Yeah?

MS. HENDERSON: And in Document 50465, the objectors were actually given 30 days. I was just going to make that point.

MR. MAHER: Your Honor, there --

MS. ADLER: Excuse me, Mr. Maher --

THE COURT: Okay, but --

MS. ADLER: And Your Honor, there are 70,000 loans, which is substantially than the, I think, 11,000 loans involved in the Fannie and Freddie. And so, for most defendants, they will have whatever period of time to respond with respect to a substantially greater number of loans. That was the reason that some of us requested more time, because there's --

THE COURT: Okay. There are --

MS. ADLER: -- just a lot more work.

THE COURT: -- way too many of you standing. Okay? It's going to be 20 days. If you have -- if you are

particularly burdened and good faith cannot respond in the 20 days, the Plan Administrator's going to give you an extension of time. But we're going to start with the aspirational goal of 20 days. It's to respond to a request for mediation. That's all it is. Right?

MR. MAHER: Yes, Your Honor.

THE COURT: That's -- Ms. Henderson?

MS. HENDERSON: Respectfully, Your Honor, I did almost 40 of these. It's when you serve the formal ADR notice, it's more than just a request to respond. You need to take positions on the loan level analysis. So, if we're talking about 30 new loans, that requires our forensic investigator to forensically review the loan (indiscernible) very familiar with them, the RBS trials, in less than 30 days.

THE COURT: Is that -- Mr. -- is that true?

MS. HENDERSON: What was different --

MR. MAHER: It varies, depending upon what the response is. Some people have gone loan by loan and contested specific --

THE COURT: Right.

MR. MAHER: -- loans on specific issues.

THE COURT: Okay.

MR. MAHER: Some people have given a generic response that doesn't specify the loans, and then we address

-

THE COURT: Right.

MR. MAHER: -- at the mediation itself. People's response varies, so I can't say there's one way or another way. If they say that they want more time to do a forensic loan-by-loan analysis and are telling us they are going to do that, we would probably try to accommodate that, Your Honor. But sometimes it's just --

THE COURT: So --

MR. MAHER: -- there's delays for no purpose, and people don't want to mediate --

THE COURT: So, we're going to --

MR. MAHER: -- so they --

THE COURT: We're going to start with 20 days, and if you have -- if a particular defendant has an exceptionally large number of at-issue loans, that's something that can be addressed. Okay? So, we can enter an order that says, in good faith and for good cause shown, solely related to a large number of loans, and as to which the response will provide loan level forensic detail reflecting a review of the files, then you can have an extension. You're not going to get an extension just to generically say, we deny everything.

MS. HENDERSON: Your Honor, it's important to do -- from my perspective, having done a lot of these -- it's

important to do the forensic level analysis because it makes the mediation productive. It gives you something to talk about. So, I --

THE COURT: Ms. Henderson?

MS. HENDERSON: -- appreciate that, Your Honor, very much. Ver much.

THE COURT: I sat here for three weeks listening to evidence about 72,000 --

MS. HENDERSON: No.

THE COURT: -- loan files.

MS. HENDERSON: Yes, I understand.

THE COURT: I know all about forensic file reviews.

MS. HENDERSON: You understand that.

THE COURT: If that's what you wanted to do, I would be delighted, because that's what's going to get these cases to be done. You're going to review the loan files. You're going to tell them what you find. They're going to tell you why you're right, why they think you're right, or why they think you're wrong. Either it's going to settle or you're going to go to trial. And then at that point, you will have done a forensic review of the loan file, so that it then can proceed on a fast track. Right?

MS. HENDERSON: Well, to the extent we are given the full documentation. I don't --

THE COURT: Well, but here's --

MS. HENDERSON: Judge, I don't want to get into that fight, though --

THE COURT: But now you're raising one of my favorite --

MS. HENDERSON: -- right now.

THE COURT: -- one of my favorite arguments. Okay? You have the loan file.

MS. HENDERSON: Your Honor, no. State statutes have different retention deadlines and dates. We do -- some of our clients have them. Some of them do not.

THE COURT: But the --

MS. HENDERSON: Just think of it from a technological perspective. When you migrate technology, that alone --

THE COURT: Ms. Henderson, don't --

MS. HENDERSON: -- changes the situation.

THE COURT: Don't talk down to me.

MS. HENDERSON: I'm sorry. I didn't mean to, Your Honor. If I gave that impression, I apologize.

THE COURT: The question is whether they have documents that you don't. The distinction that I'm trying to draw is documents that you have that are within your control versus this sense that you need discovery from Lehman. Okay?

I understand fully some of the files have been digitized. One of the issues is when files are digitized, does everything make it from paper into the digital format. Okay? We'll face that delightful issue at some time down the road, maybe in 2020 or 2021. Okay? You have what you have. But it's not... It doesn't have any bearing.

MS. HENDERSON: Let me make it clear, Judge. I don't want full discovery. That is not our request for my --

THE COURT: But you're going to --

MS. HENDERSON: -- 43 clients.

THE COURT: My point is that if you... You're going to review what you have and you're going to take a petition in response to the ADR notice. You're going to go to the mediation. Lehman's going... They sure as heck better be able to say to you, on loan ending 2146, there is an income breach; we know this because of this piece of paper, or this fact. And you're going to be able to respond to that. That's what the mediation is going to -- that's what it's going to look like.

So, if they happen to have something that you don't have, they're going to give it to you. If you have something that they don't have, you're going to give it to them. Right?

MR. MAHER: That's been the practice, Your Honor.

THE COURT: Okay. So, we're all good.

MS. HENDERSON: Correct.

MR. MAHER: Very well, Your Honor.

MS. ADLER: Yes.

MR. MAHER: If you'd like me to address any of the other specific objections --

THE COURT: No. Ms. Adler wants to tell me something.

MS. ADLER: I do, Your Honor. Thanks. I think that everyone shares the objective of having the mediation be set up so that it is --

THE COURT: Successful.

MS. ADLER: -- it's likely to be as constructive as possible.

THE COURT: Sure.

MS. ADLER: So, for that reason, I think it's really important, not only about loan level breaches, but these are claims for indemnification. We need to understand what happened to these loans when we -- with respect to information we don't have. And I think that Lehman's reply was based on their experience of the mediation. But both Ms. Henderson and I, and probably others in the courtroom on behalf of Defendants, have tried to share some of our experiences with what was less than likely to be constructive the last time around.

And one of those things was for my clients, we did not get adequate information. So, for example, to me, when I am assessing a settlement on these claims, from the little I know from the proposed claim, it's not only whether there was a breach and what the -- and what evidence there is of the breach, and do I think the Plan Administrator has sufficient evidence to prove the breach, which is relevant --

THE COURT: Right.

MS. ADLER: -- right, not only what I have. But it's also what happened to this loan down the road, was there a material breach, when did it cease performing, what happened with the loan servicer; all of those kinds of issues, because they impact what arguably caused the --

THE COURT: Ms. Adler --

MS. ADLER: -- loss.

THE COURT: Ms. Adler, if you are really at a loss for something to do, you could read the trial transcript of the RMBS trial --

MS. ADLER: Well ---

THE COURT: -- where this issue was gone into in extensive detail. So the plan administrator is very familiar with this issue and you’re entitled to have a conversation with them around this issue.

MS. ADLER: I just want to point out for the

record that when -- before the estimation protocol, before things were at that stage, in 2014, when the Court issued an order that was a protocol reflecting what documents --

THE COURT: Ms. Adler, I'm going to ask you to stop.

MS. ADLER: Okay.

THE COURT: That was a protocol that had to do with at that time -- were over 90,000 claims. It does not have a relationship to dealing with a suite of individual breaches. You are entitled to understand from the standpoint of the elements of what the plan administrator has to prove, why they believe the loss that they incurred was caused by the material breach that they've identified.

They're not at a mediation, obligated to present the case that they would present at trial. So you're entitled to h have a conversation with them about that, you're entitled to have a conversation with them about the allocation issue because these are indemnification streams that arise as a result of the settlement. But I'm not going to --

MS. ADLER: I just -- Your Honor is right. What I was talking about was the documents that Your Honor thought Lehmann should get when it was going to mediate with the RMBS trustees.

THE COURT: The RMBS trustees were there

representing over 100,000 claims. I'm -- it's apples and oranges. I'm not -- I mean what you're doing is you're trying to impeach me with something that I've ordered before.

MS. ADLER: No, I'm not.

THE COURT: And I'm not interested in that, okay?

MS. ADLER: Your Honor, I wasn't trying to impeach you; I was trying to make the point that Lehman sought, when it was going to mediate many of these wounds, it needed certain kinds of information. And, therefore, it is not unreasonable for us to ask for similar kinds of information for this mediation.

THE COURT: Down the road, that's fine; for this mediation, I'm sorry but I disagree.

MS. ADLER: Thank you, Your Honor.

THE COURT: Anyone else in the courtroom? Ms. Henderson?

MS. HENDERSON: So, Judge, I just wanted to point out, kind of cutting to the chase, if it's okay with Your Honor --

THE COURT: Sure.

MS. HENDERSON: The July 28, 2015 order -- again, it's Document 50465 -- it provided -- several people objected last time. Your Honor found -- entered an order. And the concessions that were given in Section 10C was it

allowed the objectors to select the mediator. In Section 17, LBHI was to pay for the mediator. And I think it's an 8B, if I can read my own writing, we were given 30 days. We've already covered that, so I'll withdraw that.

I think -- Your Honor, I just want to make a brief point that having done 40 of these mediations, I still have one or two clients in this litigation that have one (indiscernible). It's an expensive exercise. And trust me, we came to the table in good faith. And I think one of the key things that will make these things productive, having done so many, is not only the documents but having a mediator that will bring both parties to the table. Judge, we (indiscernible) --

THE COURT: So, what magic wand do you have that enable -- is it just the optics of you selecting the mediator that will convince your client to engage more constructively? No, I am trying to understand... Ms. Henderson, we've been at this for a couple years now and I really do try to accommodate requests for bespoke treatment but I just am trying to understand, do you believe it will affect the outcome if you get to pick the mediator?

MS. HENDERSON: Let me give you an analogy, Judge. I -- during the 40 mediations over a few years, I did a mediation of a separate investor. We walked in the door, it was across the street from the governor's office in North

Carolina when that whole bathroom problem was happening. And I walked into that mediation and in less than two hours, we took a half a million dollar claim and sold it for $16,000. It gave me a piece of sanity.

And I just want to say, Your Honor, I've been waiting for the moment to come to you and say we want to mediate these. I have seen the course from --

THE COURT: I'm sorry --

MS. HENDERSON: Judge, I've seen what's happened.

THE COURT: So what (indiscernible) was that? So, I'm not following the example. Was that in this case?

MS. HENDERSON: No, but it was a productive mediation because the mediator brought both parties to the table.

THE COURT: Well, Ms. Henderson -- but I don't understand that.

MS. HENDERSON: I want that to happen here, Judge.

THE COURT: Okay, that's great, but we've got a cast of mediators who -- no, but see, you're making a face. Okay? You're making a face, which is indicating that somehow the notion of going to mediation with mediators who are familiar with these issues will inspire your client -- will cause the mediation to fail. And what you're saying is we want to pick, and then we're going to go in and then there's a higher probability that your clients...

And let me be frank, Ms. Henderson. You're a very good advocate, taking good care of your clients. You're going to have a big role in whether or not these cases settle. You're far more sophisticated about the impartiality of mediator than to think that there would be a different outcome in mediation because you're in North Carolina or you're in New York. I just --

MS. HENDERSON: Let me try a little example, if I may. I scrolled through the list of mediators, Judge, when we would have an experience with a mediator that was less than productive. We have clients that are from large banks to small mom and pop shops, okay?

THE COURT: Right.

MS. HENDERSON: In one of the small mom and shop mediations I chose a jurist, like Your Honor. Okay? That mediation did not move less than 10 percent. And it was for various reasons --

THE COURT: Oh, judges are terrible at those things, you know?

MS. HENDERSON: No. She was -- no, Judge. So I want -- the point is out of the mediators listed last time, I found one that could bring LBHI to the table. And I respectfully say that, Judge, because I've worked with these gentlemen for four years.

THE COURT: But what does that mean, bring LBHI to

the table? I just don't understand that. I mean, they settled through mediation through every means imaginable billions of dollars of claims just since I've had the case in the last five years. I don't understand.

MS. HENDERSON: That's one of the issues, Your Honor.

THE COURT: I just -- I really want to understand this. What do you mean, bring LBHI to the table? They're at the table.

MS. HENDERSON: But are they really at the table?

THE COURT: Ms. Adler, you're shaking your name.

MS. ADLER: Your Honor, I -- just a number of us were frustrated that we didn't feel like the mediators were listening to both sides with equally open ears. I don't know how else to say it. And it was frustrating for us.

THE COURT: And how would you -- so if you could dictate how this would work with respect to a pool of mediators --

MS. ADLER: I would have a --

THE COURT: -- what would your suggestion be?

MS. ADLER: It would be a larger pool of mediators, not people who do a great deal of work mediating necessarily for Lehman, not people who necessarily even practice in this court. It could be the pool at the Southern District. These are state law indemnification

claims. They can be assessed by independent mediators. And the mediator would be jointly chosen; it's what the general rule in the Southern District ADR protocol provides, or chosen by the Defendants. And I think that would help.

THE COURT: So, your idea, though, is to select someone who has no familiarity with loan origination --

MS. ADLER: Well, they might or might not have loan familiarity with it, but they would not be practicing in a way where they were doing a great deal for Lehman and getting a great deal of work from Lehman.

THE COURT: So you're not saying it out loud but, basically, your view is that the list of mediators, it's like mediating with Lehman -- that they're, in fact -- those highly respected professionals who are serving as mediators are not going to do their job in good faith?

MS. ADLER: I'm not saying that at all, Your Honor. I'm saying that I had two negative experiences.

THE COURT: Well --

MS. ADLER: And I tied it in part --

THE COURT: What's the N, Ms. Adler?

MS. ADLER: The N?

THE COURT: The N. Two out of how many? Just the fact that you had two negative experiences is not compelling evidence of the fact that the entire process is defective.

MS. ADLER: I'm not saying the entire process is

defective. I think, again, we want to set up the process so that everyone participating in it feels like it is A, impartial, and B, as likely to lead to constructive and productive results as possible. And I thought that was an objective everyone here shared.

THE COURT: It is, but I've now heard this for quite a long time and I still do not understand as a practical matter what the --

MR. PRICE: Your Honor?

THE COURT: Excuse me. Could you wait to be called on, please?

MR. PRICE: Yes, this is Gifford Price for Security National. We actually have an order in place with Lehman --

THE COURT: Mr. Price, I'm muting your line. I'm going to recognize you to speak; you're not just going to speak. Thank you.

I think we've talked about his one enough. I'm unconvinced, I'm unpersuaded that the mediations are destined to fail by Lehman by the mediators being selected from the pool that's been set up for this purpose. That being said, I would suggest to the plan administrator that you explore the possibility of expanding the pool to include some experienced individuals who may be familiar with the general subject matter, who participate in the Southern

District mediation program and give the Defendants some sense and the reality that there might be greater choice in an expanded pool.

To the extent that you do that, to the extent that you do that and somebody appeals to you, Ms. Adler, Ms. Henderson, or whomever, you can pick up the phone, you can send an email, and you can say, hey, I think it would be really good to use Mr. or Ms. So-and-So for the mediation with my client, and let them take that up.

The plan administrator should be incentivized, should have every incentive, as Ms. Henderson and Ms. Adler have been urging, to make it work. So in the spirit of moving this forward, would the plan administrator be amenable to proceeding in that way?

MR. MAHER: Yes, Your Honor.

THE COURT: Ms. Adler?

MS. ADLER: Thank you, Your Honor. I'm a little unclear on if that means that the mediator -- and I appreciate very much expanding the pool --

THE COURT: They're going to expand the pool, okay, and then when it comes time for them to select, okay, you can pick up the phone or send them an email and say, hey, we think we'd have a good experience with Mr. X or Ms. Y.

MS. ADLER: Why don't we agree that the mediator

will be jointly selected, which is --

THE COURT: Because joint selection --

MS. ADLER: Yeah?

THE COURT: -- is a bottleneck. It's a bottleneck, it's an unnecessary bottleneck.

MS. ADLER: Well, you know, it is what's provided in the general order -- the M352 I think, the ADR protocol under which this mediation -- or under which auspices this mediation will proceed. But, you know, if I felt confident, and I will try, that the selection of the mediator would be consensual, that would be fine.

THE COURT: How many loans are involved in the client that you're representing, Ms. Adler?

MS. ADLER: About I think between 30 and 40, Your Honor.

THE COURT: Why don't you take a shot at agreeing with Mr. Maher when they make the selection?

MS. ADLER: I will, Your Honor.

THE COURT: All right?

MR. HOFF: Very briefly, Your Honor?

MR. LEIB: Your Honor? This is Michael Leib, if I may be recognized? Up to you, obviously, Your Honor.

THE COURT: Mr. Leib, my technology allows me to see that you have your hand raised. I'm going to hear from the people in the courtroom first, and then I'm going to

release the line of everybody on the phone who wants to speak. All right?

MR. LEIB: Thank you, Your Honor.

THE COURT: So, if you would be patient, I would appreciate it. Thank you.

MR. HOFF: I'll be very brief, Your Honor. Substantively, we believe the order should not abridge any rights. I think that's consistent with what the Court said in terms of subject matter jurisdiction, in terms of whether LBHI has these loans.

THE COURT: Of course. That goes without saying.

MR. HOFF: Well, I agree but that's not what happened in the last round of motions to dismiss. LBHI attempted to use the ADR orders saying the Court has already found jurisdiction.

THE COURT: And I didn't buy that.

MR. HOFF: I appreciate that. Procedurally, the Court's going to order what it's going to order and we'll try to work with Lehman as best we can to work something out. But fundamentally mediation is a consensual process, and having one party dictate where the mediation will occur and who the mediator will be makes it not a consensual process. And I think it's appropriate that parties choose the mediator jointly and the place of mediation. It's also a very expensive place to be. Professional rates are much

higher in New York than they are in other parts of the country.

THE COURT: Wait, this one I don't understand.

MR. HOFF: Mm hmm.

THE COURT: Whose professional rates?

MR. HOFF: Mediators' professional rates.

THE COURT: So you're -- so we're not -- now, we're beyond, let's use the pool in the Southern District of New York. What you're suggesting is that we should use mediators who are local people around the country?

MR. HOFF: Well, I think it should be a consensual process, Your Honor. It might be in Utah. It might be in Colorado. It might be in New York.

THE COURT: How many loans do you have at issue?

MR. HOFF: Well, we now have about 70 loans at issue, Your Honor.

THE COURT: Anyone else in the courtroom want to speak? Okay. Mr. Leib, we're going to release your line now.

MR. LEIB: Thank you, Your Honor. I understand your concern about having the defendant select the mediator. I will say that the pool was (indiscernible) in by Lehman and their thoughts on the pool, but the list is chosen by (indiscernible) and I know they're going to scan the list now.

But one of the issues is, and we are one of the parties that had a bad experience in mediation. I mean, we did not find the mediator was constructive. And there was an issue of cost, let's just say that. And it would be helpful, I do think, from something that you had said at the very beginning, it's just a matter of trust.

I'm often somebody who in mediation tells the other side, you pick the mediators because you're going to trust them. And that's fine. I can mediate with anybody. In this particular situation, given that a number of these parties have already gone through the mediation process, and the ones who didn't settle, a fair number have expressed that they have bad experiences, and we're one of them.

It would be helpful, I do think, from a trust perspective, to either allow the defendants to take the mediator at a minimum, if Lehman selects somebody, give us one opportunity to say no to that one, and (indiscernible) go to a second person.

And I'm not saying we get completely to a power in that situation, I'm trying to come up with something creative that would solve the concerns of Lehman as well. But if we're forced to go to a mediation with specific mediators that Lehman's chosen that our client looked at and says, this is not somebody we want to be with, it's just going to make it less likely that it's going to succeed.

THE COURT: Okay. I think that that's an excellent and constructive suggestion, and I'm going to direct that the plan administrator incorporate right of first refusal, if you will. If Lehman selects a mediator, and in consultation with your clients, the client indicates that -- or you, or as counsel, you determine that for whatever reason, in good faith, you don't believe that that's likely going to succeed, let Lehman know and Lehman will select another choice. But we're not going to roll down a list of 15 names.

MR. LEIB: No.

THE COURT: And have you say no to every one. So you're -- you know, first, as you suggested, I'm going to adopt your suggestion literally. Lehman will pick. You'll get to say, no, we had a bad experience or, no, I heard that so and so had a bad experience.

You know, you all have phones and you all have email. So be constructive. Make suggestions. I'm just optimistic. I want to be optimistic that if you really want to try to settle these claims, one of these mediators could help you do it and it's not necessary to, you know, to expand the pool to 300 people all over the country. I am sensitive to the issue of cost. I'm sensitive to the issue of cost.

MR. LEIB: And not (indiscernible) of another

issue that we did raise, Your Honor, which is that we do believe that Lehman should be the one (indiscernible) for the mediator, so the theories in that -- Lehman is selecting the mediators. Lehman is the, you know, the parties request a mandatory mediation. It's not two parties coming together agreeing that this is the right time in the case to go to mediation.

And we're fine participating. But we've already participated once in a mediation, and ours did not fail, Your Honor, because of some global relief issue. Ours failed pretty, you know, didn't even come close to succeeding. And the -- if Lehman (indiscernible) mediation, it's fine, but we've already gone through a pretty extensive process in mediation the first time around, and now to have us have to go through a second one --

THE COURT: What did -- enlighten me. What did -- did you participate in mediation the first time around?

MR. LEIB: Wintrust did. It was not the Lehman attorneys to do so, but Wintrust did, yeah.

THE COURT: Well, are you familiar with what the cost was to your client?

MR. LEIB: It was significant, Your Honor, both from a perspective of the cost of the mediators, and then --

THE COURT: I'm asking you for a number. Do you know what the number is?

MR. LEIB: You know what, Your Honor? I just -- I did not come to this with the actual number. I apologize.

THE COURT: But you can't tell me it's significant and then not even give me a ballpark number. You can't. I --

MR. LEIB: Your Honor, while this hearing's going on, I can try and look it up, Your Honor.

THE COURT: Well, no, but you can't tell me that cost is a significant issue and not be able to give me a ballpark number, whether it's $500, $5,000, $50,000. So you know, that's great, but --

MS. HENDERSON: Your Honor, may I be helpful?

THE COURT: Sure.

MS. HENDERSON: Okay. For some of our clients, Lehman paid the mediation costs. For some of them that paid their own costs, it was originally a $10,000 retainer from our side. I understood that to be a split retainer. We negotiated a $5,000 retainer, because that was too cost prohibitive.

THE COURT: Mr. Maher, you want to give me some constructive suggestions on this one?

MR. MAHER: Your Honor, I'd like to note that there are 3,000 sellers. There are 76 people objecting to this process. There are 17 different objections. Your Honor, there is an efficiency to having mediators who are

familiar with these matters, as your recognized, be the parties who participate in the mediation process, because you don't have to reinvent the wheel, and it costs more time.

THE COURT: Right, okay. So I haven't done anything that undercuts that. I'm simply asking you to expand the pool. But now we're on the issue of cost. So circumstances that led to some shared cost, why could those not be applied to the new round of mediations?

MR. MAHER: Yeah, the costs are early split, Your Honor, with respect to the people who are objecting here. It's the American rule, and you basically bury your own costs. And any mediation I've been involved in, you always split the costs.

THE COURT: Okay. Then I don't understand what argument is being made.

MS. HENDERSON: In order, and 50465 Order, Your Honor, under Subsection 817, LBHI paid the mediation costs.

THE COURT: I don't --

MS. HENDERSON: For the objectors because it's involuntary. That was the basic argument, Judge.

MR. MAHER: Your Honor, there were some people who objected in 2014, and you asked us to work out separately our objections, their objections. We did work those out on a one-off basis to a particular counterparty who we were

dealing with. What I think Ms. Henderson is saying is, she wants the advantage of the negotiation that took place in 2014, now in 2016 for her clients. And that's inappropriate.

THE COURT: It's 2018 now.

MR. MAHER: 2018, Your Honor.

MS. HENDERSON: They were represented by our firm, Judge.

THE COURT: Yeah, you know, maybe we've been at this too long. It's already 12:30. But what -- I'm missing the point. She's making -- she's saying she wants the same treatment. She wants --

MR. MAHER: She's saying that --

THE COURT: -- to put, you know, favored nations treatment essentially.

MR. MAHER: Yeah, she's saying for the people who objected in 2014 --

THE COURT: Right.

MR. MAHER: -- and we -- Your Honor asked us to go outside the room and try to resolve their disputes, and we were able, ultimately, to resolve their objections consensually. Part of that involved who was going to pay what portion of the mediation costs.

THE COURT: Right.

MR. MAHER: And so, what I think Counsel is saying

today is, she wants the deal they negotiated in 2014 to apply to her clients in 2018.

THE COURT: But I'm sorry. I thought Ms. Henderson, you were telling me that that was the deal that you got for your clients then?

MS. HENDERSON: That's correct, yeah. We just have a few more, Judge. It made a difference for (indiscernible) --

MR. MAHER: Yeah, and so, for the ones who agreed -- we agreed to that deal in 2014 --

MS. HENDERSON: Yeah?

MR. MAHER: -- we said we'll live with that.

THE COURT: Okay.

MR. MAHER: That's fair. If you had that deal in 2014, you'll have the deal in 2018.

THE COURT: Okay.

MR. MAHER: What Ms. Henderson is saying is, I have 60 other clients and I want that deal for them.

THE COURT: 60 other clients?

MR. MAHER: Or however many.

MS. HENDERSON: Oh Judge, I don't have 60 other clients.

THE COURT: Well --

MR. MAHER: However many.

THE COURT: Talk to each other. Work this out. I

mean, there has to be some logic around this.

MS. HENDERSON: Well, I think, Your Honor, the logic is that it's involuntary mediation, so it's not something the defendants are necessarily choosing. Obviously, the Court is ordering it, and they're complying with that order.

THE COURT: Here's what we're going to do.

MS. HENDERSON: But they're --

THE COURT: Okay? Here's what we're going to do. We've been at this for almost two hours. I'm going to take a break. Plan administrator, you folks sitting here, you're going to go into that conference room for 15 minutes and see if you can work this out. Folks on the phone, you'll just have to hang out. Okay? I'm going to come -- I've got a large group coming in at two o'clock. I'm going to come back in in 15 minutes, and we're going to wrap this up, all right? If anyone needs a comfort break, you know where the facilities are, all right? We'll make sure that's -- it's open.

(Recess)

THE COURT: Okay.

MR. MAHER: Your Honor?

THE COURT: Yes?

MR. MAHER: We've had an opportunity to have discussions with some of the objectors separately.

THE COURT: Hold on a second.

MR. MAHER: Mm hmm.

THE COURT: Sorry. Yes?

MR. MAHER: So what we'd like to propose is there were 76 -- 14 objections joined by 76 sellers. With respect to all of the other people who are a part of this notice process, the 3,000 sellers --

THE COURT: Right.

MR. MAHER: -- we propose that the order be amended -- be entered as is, without objection. And as to the 76, we believe we've an agreement in principle that we'd like to document in the next several days --

THE COURT: Okay.

MR. MAHER: -- and submit to Your Honor on a consensual basis.

THE COURT: Sure.

MR. MAHER: There are one or two people on the phone who might be subject to that. We need to speak to them. They're a part of the 76 objector groups, so there wouldn't be an order entered as to their clients today.

THE COURT: Okay.

MR. MAHER: With respect to (indiscernible), they're doing to be separately carved out of the order on an individual basis.

THE COURT: Okay.

MR. MAHER: But I think there's a consensual deal that we will be able to document and submit to Your Honor in the next few days.

THE COURT: All right. Does anybody want to make a follow-up comment on that?

MS. HENDERSON: I apologize, Judge. I wasn't listening. I just want to make sure that he -- I'm sorry, Mr. Maher. He stated that the order that was entered did not change, you know, 50465, I think that's what he stated.

THE COURT: That's actually not what he stated at all. What he said was that with respect to --

MS. HENDERSON: We disagreed to that.

THE COURT: No, but he --

MS. HENDERSON: Okay, it says it in the motion.

THE COURT: That's not what was said.

MS. HENDERSON: Okay.

THE COURT: What was said was that with respect to those parties who have not lodged an objection, the order should be entered with respect to those parties. With respect to the objecting parties, there's going to be a separate order that's entered. The substance of that was not indicated.

MR. MAHER: And the one -- Ms. Henderson is correct. If there was an order previously entered in 2014, with respect to a particular client situation, we will honor

that order going forward.

THE COURT: Okay. You just didn't say that. So --

MR. MAHER: I didn't say that, but that was part of it.

MS. HENDERSON: Thank you very much for clarifying that.

MS. ADLER: And Your Honor, there may be a couple of other parties carved down, who objected, but we're talking.

THE COURT: But that's what I'm being told. I'm being told that the objecting parties are going to be subject to a separate order after further conversations with the plan administrator. Am I not right, Ms. Adler?

MR. MAHER: That is correct, Your Honor. It's what she's --

THE COURT: Even a broken clock is right at least once a day.

MR. MAHER: She is correct.

MS. ADLER: Your Honor, it might be one separate order. That was my point.

MR. MAHER: The point is, in order to unduly complicate this, we're talking about the 76 objectors and everybody else. There are a couple of other people who will be part of the 76 objectors' group, even though they haven't

formally objected, but they will be subject to the separate documentation, Your Honor. So it needn't -- we needn't address that with the Court right now.

MS. ADLER: I agree with that, Your Honor.

THE COURT: Okay. Okay. So okay. If you agree, then I will trust that at some later point, you'll explain it to me because what I'm hearing is that people who didn't object are now going to get some individualized treatment.

MR. MAHER: There is a few, Your Honor, but they're represented by current counsel who have objectors.

MS. HENDERSON: But the rest of the world, the rest of the planet that didn't join us today, Your Honor, in this fun exercise, are not (indiscernible) --

MR. MAHER: Your Honor, I'm trying to get a resolution. And we think we can do it with the 76 objectors and maybe a few more.

THE COURT: Okay. Could you approach, please?

AUTOMATED VOICE: Your line is muted.

THE COURT: Just to review for the record, I'm going to get an order with respect to parties, defending parties who have not objected to the requested relief. Then, I'm going to get an order or a series of orders with respect to what will be the procedure for ADR for the parties who have objected.

MR. MAHER: Yes, Your Honor.

THE COURT: Correct?

MS. ADLER: Yes, Your Honor.

MS. HENDERSON: Yes, Your Honor. Thank you.

THE COURT: All right. So we're going to do that. And then, I will also wait for an order with respect to the first motion that we heard, when we started at 11 o'clock this morning, the motion with respect to the additional pleadings. I want to -- I appreciate your efforts to resolve the remaining objections. I sound like a broken record, but I'm going to urge you again, I want this to move forward. It just cannot continue this way. I happen to believe, based on no evidence, but I happen to believe that the plan administrator must, at this point, be highly motivated to settle these claims.

And I would suggest that you take advantage of that, rather than spending time providing me with excessive pleadings. Not going to truncate any of your rights, never have and never will. You may not agree with my decisions, but it is what it is. So we're going to move forward, and I am imploring you again, please engage constructively. Let's move this forward.

Because at a certain point, I am going to start giving out trial dates. And you will have already reviewed the files in connection with the mediation. So that just puts us that much closer to being able to set trial dates.

So I kept you way too long. Thank you, everybody.

MS. ADLER: Thank you, Your Honor.

MR. MAHER: Thank you.

THE COURT: Safe travels home to those who came --

MAN: Thank you, Your Honor.

MS. HENDERSON: Thank you, Judge.

(Whereupon these proceedings were concluded at 1:12 PM)

I N D E X

RULINGS

| | Page | Line |
|---|---|---|
| Motion to Amend Granted | 91 | 15 |

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

Sonya Ledanski Hyde

Digitally signed by Sonya Ledanski Hyde
DN: cn=Sonya Ledanski Hyde, o, ou, email=digital@veritext.com, c=US
Date: 2018.10.31 15:41:59 -04'00'

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: October 31, 2018

**&**

**&** 53:3 54:8,15 55:15

**0**

**08-13555** 1:3

**1**

**1** 28:6 51:8
**10** 56:20 110:16
**10,000** 121:16
**100** 53:20 95:9
**100,000** 107:1
**10004** 30:3
**10017** 54:4
**10018** 54:11
**10022** 55:4
**10110** 53:6
**10c** 107:25
**11** 130:6
**11,000** 98:16
**11501** 133:23
**11788** 54:18
**11:00** 63:25
**11:04** 30:6
**12** 41:9,14 48:20 50:9 87:1,24 88:6 89:4 91:8
**12:30** 123:10
**13** 39:9 43:3 46:9 52:3
**14** 37:15 38:15 39:15 41:3 95:1 126:5
**140** 54:17
**1407** 54:10
**1450** 55:21
**15** 36:21 42:15 70:14,16 96:9 97:20 119:10 125:12,16 132:6
**15-01426** 1:18 31:12
**16** 42:20 44:2 55:10
**16,000** 109:4
**16-01001** 2:1 31:18
**16-01002** 2:9 32:1
**16-01003** 2:17 32:7
**16-01019** 1:10 31:6
**16-01283** 3:1 32:13
**16-01284** 3:9 32:19
**16-01285** 3:17 33:1
**16-01286** 4:1 33:7
**16-01287** 4:9 33:13
**16-01288** 4:17 33:19
**16-01289** 5:1 34:1
**16-01290** 5:9 34:7
**16-01291** 5:17 34:13
**16-01292** 6:1 34:19
**16-01293** 6:9 35:1
**16-01294** 6:17 35:7
**16-01295** 7:1 35:13
**16-01296** 7:9 35:19
**16-01297** 7:17 36:1
**16-01298** 8:1 36:7
**16-01299** 8:9 36:13
**16-01300** 8:17 36:19
**16-01301** 9:1 37:1
**16-01302** 9:9 37:7
**16-01303** 9:17 37:13
**16-01304** 10:1 37:19
**16-01305** 10:9 38:1
**16-01306** 10:17 38:7
**16-01307** 11:1 38:13
**16-01308** 11:9 38:19
**16-01309** 11:17 39:1
**16-01311** 12:1 39:7
**16-01312** 12:9 39:13
**16-01313** 12:17 39:19
**16-01314** 13:1 40:1
**16-01316** 13:9 40:7
**16-01317** 13:17 40:13
**16-01318** 14:1 40:19
**16-01319** 14:9 41:1
**16-01320** 14:17 41:7
**16-01322** 15:1 41:13
**16-01324** 15:9 41:19
**16-01325** 15:17 42:1
**16-01326** 16:1 42:7
**16-01327** 16:9 42:13
**16-01330** 16:17 42:19
**16-01331** 17:1 43:1
**16-01332** 17:9 43:7
**16-01333** 17:17 43:13
**16-01334** 18:1 43:19
**16-01335** 18:9 44:1
**16-01337** 18:17 44:7
**16-01339** 19:1 44:13
**16-01341** 19:9 44:19
**16-01342** 19:17 45:1
**16-01343** 20:1 45:7
**16-01344** 20:9 45:13
**16-01345** 20:17 45:19
**16-01346** 21:1 46:1
**16-01347** 21:9 46:7
**16-01349** 21:17 46:13
**16-01350** 22:1 46:19
**16-01351** 22:10 47:1
**16-01353** 22:18 47:7
**16-01354** 23:1 47:13
**16-01358** 23:9 47:19

**16-01359** 23:17 48:1
**16-01360** 24:1 48:7
**16-01361** 24:9 48:13
**16-01363** 24:17 48:19
**16-01364** 25:1 49:1
**16-01365** 25:9 49:7
**16-01367** 25:17 49:13
**16-01369** 26:1 49:19
**16-01370** 26:9 50:1
**16-01371** 26:17 50:7
**16-01373** 27:1 50:13
**16-01374** 27:9 50:19
**16-01376** 27:17 51:1
**16-01377** 28:1 51:7
**16-01378** 28:9 51:13
**16-01379** 28:17 51:19
**16-01382** 29:1 52:1
**16-01383** 29:9 52:7
**17** 96:16 108:2 121:24
**17-01001** 29:18 52:13
**18** 51:21 67:22
**19** 40:3
**1:12** 131:7
**1st** 1:15 22:6 28:6 31:7 46:20 51:8

**2**

**2** 65:3
**20** 33:2 35:3,8 50:15,21 96:8 97:19,24 98:1,4 98:25 99:2,4 100:14
**2000s** 57:17
**2014** 96:8 106:2 122:23 123:3,17 124:1,10,15 127:24
**2015** 107:22
**2016** 123:3
**2018** 30:5 77:22 98:7 123:5,6 124:2,15 133:25
**2020** 103:5
**2021** 103:5
**21** 34:2,15 38:9 44:8 46:15 47:15 51:9
**2146** 103:16
**22** 38:3 47:21
**23** 44:21 45:20 46:3
**23rd** 55:21
**24** 37:2 40:21 45:2 48:2
**28** 33:21 42:3 46:21 49:15 107:22
**29** 30:5 37:9 38:20 44:15 47:9
**2nd** 56:6 74:5 92:24
**2s** 58:14

**3**

**3** 94:25
**3,000** 121:23 126:7
**30** 51:15 98:10 99:12,14 108:3 115:14
**300** 119:22 133:22
**3000** 94:24
**31** 90:9 133:25
**32** 32:14 40:9
**33** 36:3 45:9
**330** 133:21
**33131** 55:22
**335** 54:3
**35** 33:15 52:8
**36** 39:21 40:15 48:15
**37** 48:9
**38** 35:21 36:8,14
**39** 32:20 33:9 34:9 35:14 37:21 42:8
**39th** 54:10

**4**

**40** 49:9 50:3 99:9 108:6,23 115:14
**41** 34:20 41:21 43:15 49:3,21
**42** 39:3 43:21
**43** 103:11
**46** 45:15

**5**

**5,000** 121:10,18
**50** 43:8 82:10 83:19
**50,000** 121:10
**500** 53:5 121:10
**50465** 98:9 107:23 122:17 127:9
**51** 31:14,19
**53** 51:3
**56** 90:6
**58** 52:15
**58858** 31:1
**59** 47:3
**599** 55:3

**6**

**60** 124:18,19,21
**636** 31:8
**678** 63:20
**6th** 55:10

**7**

**70** 117:15
**70,000** 98:15
**7015** 31:9,16,21 32:4,10,16,22 33:4,10,16,22 34:4,10,16,22 35:4,10,16,22 36:4,10,16,22 37:4,10,16,22 38:4,10,17,22 39:5,10,17,22 40:4,10,16,22 41:4,10,16,22 42:4,10,16,22 43:4,10,16,23 44:4,10,16,22 45:4,10,17,22 46:5,10,16,23 47:5,11,16,22 48:4,10,16,22 49:4,11,17,22 50:4,10,16,22 51:4,10,16,22 52:4,10,16
**72,000** 93:21 101:8
**74** 32:3
**76** 95:2 121:23 126:5,5,11,19 128:23,25 129:15
**775** 53:20

**8**

**80202** 55:11
**817** 122:18
**87** 90:6
**8b** 108:3

**9**

**90,000** 106:8
**91** 132:6
**92** 32:8
**94954** 53:21
**9th** 54:3

**a**

**ability** 70:23 72:13 81:11 89:24
**able** 72:7 95:17 103:16,18 121:9 123:21 127:2 130:25
**abridge** 57:10,12 83:9 89:22 116:7
**abridged** 80:4
**abridging** 81:15
**absolutely** 64:15
**accidentally** 77:6
**accommodate** 86:19 88:10 100:7 108:19
**accomplish** 88:13
**account** 76:6
**accrued** 81:6
**accurate** 78:5 133:4
**action** 67:4
**actual** 121:2
**ad** 90:22
**adam** 53:9
**add** 65:23 67:3
**added** 66:17 68:6
**additional** 56:22 57:2,5,14 65:5 66:9 68:14 72:9 84:18 130:7
**address** 86:2 88:19 96:25 97:17 99:25 104:5 129:3
**addressed** 93:25 100:17
**adequate** 105:2
**adjustments** 96:13
**adler** 53:13,17 59:17,19,20,24 60:2,8,12,13,17 60:19 61:6,10,16 61:18,24 62:2,4,6 62:15,23 63:11,12 63:13,14,15,17 67:10 82:2,6,11 82:13 83:25 84:1 84:12,23 85:3,6 85:19,24 86:1,5 98:13,15,23 104:4 104:7,9,13,16 105:10,15,16,17 105:20,25 106:4,6 106:21 107:5,7,15 111:11,12,19,21 112:7,16,19,20,21 112:25 114:5,11 114:16,17,25 115:3,6,13,14,18 128:8,14,20 129:4 130:2 131:2
**adler’s** 81:25 83:21
**administrator** 59:2 60:15 62:11 64:19 67:11 72:6 72:16 83:15 88:15 91:16 92:11,25 93:5 94:21 105:6 105:22 106:11 113:22 114:10,13 119:3 125:11 128:14 130:13
**administrator's** 99:2
**administrator’s** 56:18
**admonition** 83:21
**adopt** 119:14
**adr** 77:8 92:10,19 92:20 99:9 103:14 112:3 115:7 116:14 129:23
**adv** 1:10,18 2:1,9 2:17 3:1,9,17 4:1 4:9,17 5:1,9,17 6:1,9,17 7:1,9,17 8:1,9,17 9:1,9,17 10:1,9,17 11:1,9 11:17 12:1,9,17 13:1,9,17 14:1,9 14:17 15:1,9,17 16:1,9,17 17:1,9 17:17 18:1,9,17 19:1,9,17 20:1,9 20:17 21:1,9,17 22:1,10,18 23:1,9 23:17 24:1,9,17 25:1,9,17 26:1,9 26:17 27:1,9,17 28:1,9,17 29:1,9 29:18
**advance** 56:25
**advantage** 1:15 18:6 28:6 31:7 43:20 51:8 123:2 130:15
**adversaries** 68:12 68:14
**adversary** 31:6,12 31:18 32:1,7,13 32:19 33:1,7,13 33:19 34:1,7,13 34:19 35:1,7,13 35:19 36:1,7,13 36:19 37:1,7,13 37:19 38:1,7,13 38:19 39:1,7,13 39:19 40:1,7,13 40:19 41:1,7,13 41:19 42:1,7,13 42:19 43:1,7,13 43:19 44:1,7,13 44:19 45:1,7,13 45:19 46:1,7,13 46:19 47:1,7,13 47:19 48:1,7,13 48:19 49:1,7,13 49:19 50:1,7,13 50:19 51:1,7,13 51:19 52:1,7,13 56:22,25 57:3 60:15 62:12 67:22 72:12 80:21 88:16
**advocate** 110:2
**advocating** 67:10
**affect** 72:8,20 108:21
**affirmed** 78:3
**ago** 80:22 84:13
**agree** 80:9 81:22 91:5 92:14,17 114:25 116:12 129:4,5 130:18
**agreed** 124:9,10
**agreeing** 68:3 115:16 120:6
**agreement** 126:11
**ahead** 58:25 72:7 73:3 82:13 90:4
**al** 1:15 2:22 3:6 22:15 23:14 24:6 25:6 26:14 27:22 28:6,14,22 31:7 32:8,14 47:3,20 48:9 49:2 50:2 51:2,9,15,20
**alerted** 71:24

**allegations** 67:23 67:25 89:25
**allege** 80:13 93:11
**alleged** 68:1
**alleging** 80:13
**alliance** 13:6 28:14 40:2 51:14
**allied** 55:16
**allocation** 61:13 106:18
**allow** 118:15
**allowed** 108:1
**allows** 115:23
**alternative** 31:2 88:1
**amenable** 114:14
**amend** 31:1 56:18 59:4,5,14 64:21 67:18 77:15,17 82:21 85:20 89:22 90:15 91:14,23 92:10,20 97:2 132:6
**amended** 31:9,15 31:21 32:4,10,16 32:22 33:3,10,16 33:22 34:3,10,16 34:22 35:4,9,16 35:22 36:4,10,16 36:22 37:4,10,16 37:22 38:4,10,16 38:22 39:4,10,16 39:22 40:4,10,16 40:22 41:4,10,16 41:22 42:4,10,16 42:21 43:4,9,16 43:22 44:4,10,16 44:22 45:4,10,16 45:22 46:4,10,16 46:22 47:4,10,16 47:22 48:4,10,16 48:22 49:4,10,16 49:22 50:4,10,16 50:22 51:4,10,16 51:22 52:4,9,16 57:4 58:8 61:12 62:24 67:22 68:13 71:24 76:1,19 80:3,8 84:16 86:21 88:2 91:18 126:10
**amending** 68:24 76:1 79:8,23 89:9 91:15
**amendment** 67:14 69:10 71:4,4,7 72:8,12 75:3,7,16 75:17 76:24
**amendments** 70:13
**amends** 76:20
**america's** 51:14
**american** 2:22 7:14,22 8:22 21:14 32:8 35:20 36:2,20 46:8 53:19 54:9 55:19 122:12
**america’s** 28:14
**ample** 84:8
**analogy** 108:22
**analysis** 99:11 100:6 101:1
**angry** 86:18
**answer** 73:7,20 86:22,24 87:5 88:3
**anticipate** 61:11
**anybody** 57:1,14 118:9 127:4
**anybody’s** 73:6 81:15
**anyway** 75:1
**apologies** 66:23
**apologize** 102:20 121:2 127:6
**apparently** 62:9
**appeal** 71:6 72:8 72:20,24 78:12 81:2 87:6,21 89:23
**appealing** 81:11 83:10
**appeals** 86:24 114:5
**appear** 56:9
**apples** 107:1
**applicable** 78:15
**application** 77:16
**applied** 96:14 122:9
**applies** 91:10
**apply** 57:6 124:2
**appreciate** 69:2 72:4 75:5 79:20 84:3 90:21 92:3 101:5 114:19 116:5,17 130:8
**appreciated** 84:9
**approach** 129:17
**appropriate** 77:14 82:17 116:23
**approved** 3:14 32:20
**aren’t** 91:13
**arguably** 83:24 105:14
**argue** 69:9 76:22
**argument** 57:2 75:13,17 76:5,11 78:22 88:5 122:16 122:21
**arguments** 56:11 56:14,16 58:1 72:14,15 76:8 92:22 102:7
**arlington** 22:15 47:2
**arose** 90:2
**arrangement** 72:23
**articulating** 66:25
**ascent** 11:22 39:2
**asked** 66:15 122:23 123:19
**asking** 59:12 67:18 120:24 122:6
**aspects** 69:9
**aspirational** 99:4
**assessed** 112:1
**assessing** 105:3
**assigned** 71:12 85:10
**associates** 14:6 40:20
**assume** 58:11 67:1 79:23,25 80:3 82:22 90:17
**assuming** 84:15
**assurance** 77:4
**atlantic** 12:6 19:6 39:8 44:14
**attacks** 90:23
**attempted** 116:14
**attention** 82:17
**attenuated** 85:17
**attorneys** 53:4,14 54:2,9,16 55:2,9 55:16 120:19
**aurora** 12:14,14 39:14,15
**auspices** 115:8
**automated** 129:18
**avenue** 53:5 54:3 55:3,21
**avoid** 88:14,17,23
**axelrod** 55:15

**b**

**b** 20:14 30:21 45:14 70:14,16 87:24 88:6 89:4 91:8 113:3
**back** 68:23 69:21 71:11 74:20,22 75:7,8,13,18,22 75:23 76:2,9,13 76:20 77:18 78:18 79:2,9,15 125:16
**backed** 68:11
**bad** 118:2,13 119:15,16
**baena** 55:15
**ball** 67:8
**ballpark** 121:4,10
**bank** 2:22 3:22 5:6 24:22 25:22 32:8 33:2 34:2 48:20 49:14 54:9 85:10
**bankers** 10:14 38:2
**bankruptcy** 1:1 30:1,23 31:10,16 31:22 32:5,11,17 32:23 33:5,11,17 33:23 34:5,11,17 34:23 35:5,11,17 35:23 36:5,11,17 36:23 37:5,11,17 37:23 38:5,11,17 38:23 39:5,11,17 39:23 40:5,11,17 40:23 41:5,11,17 41:23 42:5,11,17 42:23 43:5,11,17 43:23 44:5,11,17 44:23 45:5,11,17 45:23 46:5,11,17 46:23 47:5,11,17 47:23 48:5,11,17 48:23 49:5,11,17 49:23 50:5,11,17 50:23 51:5,11,17 51:23 52:5,10,17
**banks** 110:11
**bar** 79:12
**barred** 76:7
**based** 104:21 130:12
**bases** 91:20
**basic** 66:19,24 122:21
**basically** 81:11 96:13 112:12 122:12
**basis** 59:15 91:22 122:25 126:15,24
**bathroom** 109:1
**bay** 12:6 39:8
**baywood** 53:20
**bearing** 89:25 103:6
**beginning** 74:9 118:6
**behalf** 94:20 104:23
**believe** 56:12 57:22 60:3 72:11 78:15,22 80:23 85:21 91:22 94:24 106:12 108:20 116:7 119:7 120:2 126:11 130:12,12
**believes** 57:1
**benefit** 64:12
**bespoke** 108:19
**best** 68:17 88:17 116:19
**better** 72:13 77:11 83:15 103:16
**beyond** 97:4 117:8
**bialek** 53:9
**bifurcate** 62:19
**big** 72:15 110:3
**bill** 64:17 94:20
**billions** 111:3
**bilzin** 55:15
**binder** 89:12
**blank** 62:10
**boderone** 55:24
**bondcorp** 9:14 37:8
**bottleneck** 115:4 115:5,5
**bottlenecks** 96:11
**bowling** 30:2
**breach** 93:13,13 93:14,15,16 103:17 105:5,6,7 105:12 106:13
**breaches** 67:2,15 68:1 76:8 93:10 93:11 104:17 106:10
**break** 125:11,17
**brickell** 55:21
**brief** 59:8 63:24 70:9 94:22 108:5 116:6
**briefing** 89:11
**briefly** 91:4 115:20
**bring** 87:22 108:12 110:22,25 111:8
**broadview** 4:6 33:8
**broadway** 54:10
**broken** 83:9 128:17 130:9
**brothers** 1:7,12 1:20 2:3,11,19 3:3 3:11,19 4:3,11,19 5:3,11,19 6:3,11 6:19 7:3,11,19 8:3 8:11,19 9:3,11,19 10:3,11,19 11:3 11:11,19 12:3,11 12:19 13:3,11,19 14:3,11,19 15:3 15:11,19 16:3,11 16:19 17:3,11,19 18:3,11,19 19:3 19:11,19 20:3,11 20:19 21:3,11,19 22:3,12,20 23:3 23:11,19 24:3,11 24:19 25:3,11,19 26:3,11,19 27:3 27:11,19 28:3,11 28:19 29:3,11,20 31:7,8,13,14,19 31:20 32:2,3,8,9 32:14,15,20,21 33:2,3,8,9,14,15 33:20,21 34:2,3,8 34:9,14,15,20,21 35:2,3,8,9,14,15 35:20,21 36:2,3,8 36:9,14,15,20,21 37:2,3,8,9,14,15 37:20,21 38:2,3,8 38:9,14,15,20,21 39:2,3,8,9,14,15 39:20,21 40:2,3,8 40:9,14,15,20,21 41:2,3,8,9,14,15 41:20,21 42:2,3,8 42:9,14,15,20,21 43:2,3,8,9,14,15 43:20,21 44:2,3,8 44:9,14,15,20,21 45:2,3,8,9,14,15 45:20,21 46:2,3,8 46:9,14,15,20,21 47:2,3,8,9,14,15 47:20,21 48:2,3,8

48:9,14,15,20,21 49:2,3,8,9,14,15 49:20,21 50:2,3,8 50:9,14,15,20,21 51:2,3,8,9,14,15 51:20,21 52:2,3,8 52:8,14,15 64:20 85:10 94:21
**brought** 82:20 109:13
**bruce** 54:13
**burdened** 99:1
**bury** 122:12
**buy** 116:16
**buyer** 63:8
**bwc** 27:22 51:2

**c**

**c** 30:22 53:1 56:1 133:1,1
**ca** 53:21
**california** 12:22 39:20
**call** 76:10 86:18
**called** 78:14 113:11
**can't** 69:19,24 85:23 87:3 92:14 121:3,4,8
**capital** 10:6 14:6 17:22 20:14 22:15 24:6 25:22 26:14 28:22 37:20 40:20 43:14 45:14 47:2 48:8 49:14 50:2 51:20
**caproni** 72:21 87:6,22 88:3
**caption** 67:21
**cards** 93:3
**care** 110:2
**carolina** 109:1 110:7
**carved** 126:23 128:9
**case** 1:3,10,18 2:1 2:9,17 3:1,9,17 4:1,9,17 5:1,9,17 6:1,9,17 7:1,9,17 8:1,9,17 9:1,9,17 10:1,9,17 11:1,9 11:17 12:1,9,17 13:1,9,17 14:1,9 14:17 15:1,9,17 16:1,9,17 17:1,9 17:17 18:1,9,17 19:1,9,17 20:1,9 20:17 21:1,9,17 22:1,10,18 23:1,9 23:17 24:1,9,17 25:1,9,17 26:1,9 26:17 27:1,9,17 28:1,9,17 29:1,9 29:18 56:18 58:20 61:1,21 62:18 71:20 73:8,10,22 76:10 78:15 79:9 82:25 83:14 93:2 106:15 109:11 111:3 120:6
**cases** 58:22 60:22 73:8 96:4 101:17 110:3
**cast** 109:19
**category** 96:21 97:3,4
**cause** 56:25 72:9 100:18 109:23
**caused** 93:15 105:14 106:13
**caveat** 82:9 83:18
**cease** 105:12
**center** 19:22 45:2
**centers** 13:22 40:14
**certain** 60:3 107:10 130:22
**certified** 133:3
**cetera** 77:9,9 89:24
**chain** 57:23 85:12
**change** 81:14 127:9
**changes** 102:17
**chapman** 30:22
**chase** 107:19
**cherry** 4:14 33:14 55:9
**chew** 69:24
**choice** 90:24 114:2 119:9
**choose** 116:23
**choosing** 125:4
**chose** 110:15
**chosen** 112:2,4 117:23 118:23
**circle** 25:6 49:2
**circulate** 92:11,12
**circumstances** 78:19 122:8
**city** 9:22 37:14
**claim** 66:17 75:6,7 84:19 93:23 105:4 109:3
**claiming** 97:1
**claims** 31:3 58:2 59:25 60:10,25 61:14 65:7,10,13 65:23,24 66:12 67:3 76:6 77:24 78:15 79:8,11 81:6 84:19 85:1,5 90:2 95:23 104:18 105:3 106:8 107:1 111:3 112:1 119:20 130:14
**clarifying** 128:6
**classic** 79:5
**clear** 59:24 79:23 81:16 94:22 103:7
**clearly** 67:1
**client** 63:3 90:19 108:16 109:22 114:9 115:13 118:23 119:5 120:21 127:25
**clients** 57:21 58:6 68:6,19 92:5 102:11 103:11 105:1 108:7 109:25 110:2,11 119:5 121:14 123:3 124:2,5,18 124:19,22 126:20
**clock** 94:11 128:17
**close** 120:11
**closer** 130:25
**cmg** 17:14 43:8
**collateral** 76:12
**colleague** 63:24
**colorado** 117:13
**come** 89:16 109:6 118:20 120:11 121:2 125:14,15
**comes** 76:19 114:21
**comfort** 125:17
**coming** 120:5 125:15
**comment** 84:2 127:5
**comments** 69:7 79:20 86:20 89:19
**common** 60:3 61:11 81:11
**commonalities** 58:17,18
**commonsense** 82:7

**companies** 59:22
**company** 7:14,22 12:22 13:14 15:22 16:14 17:6 19:14 23:14,22 25:6 27:14 29:23 35:20 36:3 39:20 40:9 42:2,14 43:2 44:20 47:20 48:2 49:2 50:20 52:14 53:15 55:17,18,20
**compelling** 112:23
**competing** 92:13 92:16
**complain** 90:10
**complaint** 57:4 61:1,13 65:24 66:18 67:22 71:5 71:19,21 72:1 75:18,25,25 76:5 76:19,21,24 79:4 79:5 82:23 83:16 84:16,17 85:21,23 88:2
**complaints** 31:9 31:15,21 32:4,10 32:16,22 33:4,10 33:16,22 34:4,10 34:16,22 35:4,10 35:16,22 36:4,10 36:16,22 37:4,10 37:16,22 38:4,10 38:16,22 39:4,10 39:16,22 40:4,10 40:16,22 41:4,10 41:16,22 42:4,10 42:16,22 43:4,10 43:16,22 44:4,10 44:16,22 45:4,10 45:16,22 46:4,10 46:16,22 47:4,10 47:16,22 48:4,10 48:16,22 49:4,10 49:16,22 50:4,10 50:16,22 51:4,10 51:16,22 52:4,9 52:16 58:8 60:25 64:1,22 66:5,25 67:8,9,11 71:24 73:6,20 76:20 79:24 80:2 86:21 92:2
**completely** 56:24 88:13 118:19
**complex** 62:18
**complicate** 128:23
**complicated** 56:15
**complicating** 93:8
**comply** 82:24
**complying** 125:5
**comstock** 22:7
**concern** 71:3 72:11 75:9 77:8 84:13 87:8,15,24 94:1 97:19 117:21
**concerned** 75:2 77:19 78:21 84:3 91:18,22
**concerns** 59:25 60:1 86:3 118:21
**concessions** 107:25
**conclude** 84:6
**concluded** 131:7
**conference** 125:12
**confident** 115:9
**confusing** 66:20
**connection** 130:24
**consensual** 115:11 116:20,22 117:11 126:15 127:1
**consensually** 123:22
**consequence** 88:14
**consider** 81:24 83:23 86:21 88:8 94:25
**considered** 72:22
**consistent** 84:24 116:8
**construct** 85:20
**constructive** 56:7 72:5 81:12 104:13 104:25 113:3 118:3 119:2,18 121:21
**constructively** 89:6 108:17 130:20
**consultation** 119:5
**contained** 84:17
**contested** 99:20
**context** 57:3
**contingent** 77:21 85:1
**continue** 130:11
**continued** 94:1
**continuing** 90:10
**contracts** 67:1,15 85:14
**contrary** 88:13
**control** 102:24
**controlling** 70:2
**conversation** 68:24 105:24 106:16,17
**conversations** 128:13
**convince** 108:16
**convincing** 81:6
**coordinate** 73:8 73:15,23
**coordinated** 73:22
**cornerstone** 4:22 33:20
**corp** 3:14 8:6,14 9:6 18:14 24:14 32:20 36:8,14 37:2 44:2 48:14 54:2 55:17
**corporation** 1:23 4:6 5:14 10:22 11:6 14:14,22 15:14 17:22 19:6 21:6 22:15 25:22 26:6,14 27:6 31:13 33:8 34:8 36:20 38:8,15 41:2,8,20 43:15 44:15 46:3 47:3 49:14,20 50:2,14
**correct** 66:7,11 78:9,13 104:2 124:6 127:24 128:15,19 130:1
**correspondents** 18:22 44:8
**cost** 118:4 119:23 119:24 120:21,23 121:9,18 122:7,8
**costs** 68:19 121:15 121:16 122:3,10 122:13,14,18 123:23
**couldn’t** 67:3 83:18
**could’ve** 68:6,12 83:16 89:7
**counsel** 72:22 86:14 89:7 91:6 119:6 123:25 129:10
**counted** 96:16

**countenance** 68:22
**counterparties** 95:13
**counterparty** 122:25
**country** 117:2,10 119:22 133:21
**counts** 61:2 76:5 80:16
**couple** 69:7 70:9 75:1 108:18 128:8 128:24
**course** 69:11 75:4 75:18 76:21 82:16 109:7 116:11
**court** 1:1 30:1 54:17 56:2 59:10 59:15,18,23 60:1 60:7,12,14,18,21 61:7,15,17,20 62:1,3,5,9,17 63:1 63:12,14,16,21 64:3,7,9,13,16,18 64:23 65:2,5,9,12 65:16,20,25 66:2 66:7,14,21 67:5,7 67:17 68:8 69:3,5 69:12,14,17 70:6 70:20 71:8,13,23 72:2,4 73:1,3,12 73:16,25 74:15,17 74:20,22,24 75:11 75:21 76:25 77:3 77:18,23 78:2,5,7 78:10,13,17,20,24 79:1,8,11,18 80:4 80:5,6,12,16,18 80:20,25 81:22 82:4,7,21 83:4,6,8 84:4,6,11,21 85:2 85:4,18,20,25 86:4,7,9,12,16,25 87:2,9,11,13,16 87:19 88:11,22 89:2,5,18 90:14 90:20,22 91:3,12 92:16 94:17 95:4 95:15,18 96:18,20 96:22 97:3,11,14 97:16,19,23 98:1 98:4,8,14,22,24 99:7,16,21,23 100:2,9,12,14 101:4,7,10,12,15 102:1,4,7,12,16 102:18,21 103:10 103:12 104:1,7,12 104:15 105:9,15 105:17,21 106:2,4 106:7,25 107:6,13 107:16,21 108:14 109:8,10,15,18 110:13,18,25 111:7,11,16,20,24 112:5,11,18,20,22 113:6,10,15 114:16,20 115:2,4 115:12,16,19,23 116:4,8,11,14,16 117:3,5,7,14,17 119:1,12 120:16 120:20,24 121:3,8 121:13,20 122:5 122:15,19 123:5,9 123:14,18,24 124:3,13,16,19,23 124:25 125:5,7,9 125:21,23 126:1,3 126:8,13,16,21,25 127:4,10,13,15,17 128:2,11,17 129:3 129:5,17,19 130:1 130:4 131:4
**courtroom** 84:7 104:22 107:16 115:25 117:17
**court's** 116:18
**cover** 91:19
**covered** 108:4
**creative** 118:21
**creek** 4:14 33:14 55:9
**crestline** 10:22 38:8
**crystal** 81:15
**ctx** 23:22 48:2 55:16
**current** 67:13 72:20 129:10
**cut** 69:19,20
**cutting** 107:19

**d**

**d** 20:14 45:14 56:1 132:1
**dash** 67:22
**dashboard** 69:23
**date** 133:25
**dates** 74:12 102:10 130:23,25
**day** 61:7,8 128:18
**days** 96:9,9 97:20 97:24 98:2,4,10 98:25 99:2,4,15 100:14 108:3 126:12 127:3
**deadlines** 102:10
**deal** 73:10 74:11 111:22 112:9,10 124:1,4,10,14,15 124:18 127:1
**dealing** 106:9 123:1
**debt** 58:16 93:13
**debtor** 1:8
**debtors** 31:3 53:4
**decide** 91:21
**decided** 83:16 88:1
**decides** 80:4
**decision** 59:1,13 87:6 88:4
**decisions** 81:4 82:9 130:18
**defective** 63:10 65:14 112:24 113:1
**defend** 57:20
**defendant** 1:24 2:7,15 3:15,23 4:7 4:15,23 5:7,15,23 6:7,15,23 7:7,15 7:23 8:15,23 9:7 9:15,23 10:7,15 10:23 11:7,15,23 12:7,15,23 13:7 13:15,23 14:7,15 14:23 15:7,15,23 16:7,15,23 17:7 17:15,23 18:7,15 18:23 19:7,15,23 20:7,15,23 21:7 21:15,23 22:8,16 22:24 23:7,15,23 24:7,15,23 25:7 25:15,23 26:7,15 26:23 27:7,15,23 28:7,15,23 29:7 29:16,24 100:15 117:21
**defendants** 1:16 2:23 3:7 8:7 63:19 64:2 65:5,6 66:4,4 66:9,12 67:3,10 67:12 71:3 74:6,8 76:4 81:17 82:24 83:10 84:17 85:9 90:6,9,13 94:12 98:18 104:23 112:4 114:1 118:15 125:4

**defending** 129:20
**defense** 88:7
**defenses** 60:11 77:9 89:24
**deferred** 59:13
**definition** 58:6
**degree** 93:7 95:12
**delay** 96:10
**delays** 100:10
**delighted** 70:20 70:24 89:14 101:16
**delightful** 103:4
**denials** 71:10
**denied** 71:23 78:11
**denver** 55:11
**deny** 100:23
**depending** 99:18
**depends** 58:23
**deposition** 62:21
**deprived** 77:7
**desire** 70:23 82:4
**despite** 77:5
**destined** 113:20
**detail** 67:14 100:20 105:22
**determine** 58:20 119:6
**determined** 57:15 66:8
**deutsch** 53:3
**develop** 60:22
**dhi** 27:14 50:20
**dictate** 111:17 116:21
**didn't** 59:9 82:2 111:13 116:16 118:12 120:11 128:2,4 129:7,12
**difference** 60:18 61:4,5 62:13,14 66:18 81:4 124:7
**differences** 63:5
**different** 60:4,5,5 60:5,6,9 61:2,14 61:19,24 62:5,19 62:20 64:1,1 66:12 81:8 88:16 89:19 90:3 96:16 99:17 102:10 110:6 121:24
**difficult** 69:17 92:20,21
**difficulty** 74:19 93:7
**digital** 103:3
**digitized** 103:2,2
**direct** 1:23 31:13 55:17 91:16 94:15 119:3
**directors** 20:22 45:20
**disagree** 107:14
**disagreed** 127:12
**discovery** 61:25 62:15 73:23 74:5 93:19 94:15 102:24 103:8
**discussed** 69:8 86:17
**discussions** 56:7 93:5 95:16 125:25
**dismiss** 59:11,13 87:25 116:13
**dismissal** 87:1
**disparate** 89:18
**dispute** 31:2 62:11
**disputes** 95:9 96:5 123:20
**distinction** 56:21 102:22
**district** 1:2 71:23 72:21 111:25 112:3 114:1 117:8
**ditech** 55:2
**diversified** 24:6 48:8
**divided** 61:23
**doc** 31:1,8,14,19 32:3,8,14,20 33:2 33:9,15,21 34:2,9 34:15,20 35:3,8 35:14,21 36:3,8 36:14,21 37:2,9 37:15,21 38:3,9 38:15,20 39:3,9 39:15,21 40:3,9 40:15,21 41:3,9 41:14,21 42:3,8 42:15,20 43:3,8 43:15,21 44:2,8 44:15,21 45:2,9 45:15,20 46:3,9 46:15,21 47:3,9 47:15,21 48:2,9 48:15,20 49:3,9 49:15,21 50:3,9 50:15,21 51:3,9 51:15,21 52:3,8 52:15
**docket** 64:5
**document** 63:20 68:13 98:9 107:23 126:12 127:2
**documentation** 101:25 129:2
**documents** 60:9 60:10 62:20 68:2 102:22,23 106:3 106:22 108:11
**doesn't** 56:8 62:19 67:14 70:21 75:13 79:12 89:22
**doing** 85:22 87:19 107:2 112:9 126:23
**dollar** 109:3
**dollars** 95:10 111:3
**don't** 57:9 59:15 60:9,23 61:12 62:9 64:3 67:2 70:11,17 71:2,6 71:14 73:7 75:6 75:22 76:11,13 77:3,19 79:1,14 79:15,22 82:18 84:21 85:6,12,17 85:22 86:18 87:7 88:2 90:21 91:12 92:13,13,17 109:15 111:1,4,14 114:25 115:16 117:3 119:7 122:3 122:15,19 124:21
**door** 108:24
**doubt** 64:12 78:8
**downstream** 76:5
**dragged** 94:12
**draw** 102:23
**drill** 75:21 87:11
**drive** 53:20
**due** 68:22 75:2 83:22
**duplicative** 80:10 83:11

**e**

**e** 30:21,21 45:15 53:1,1 56:1,1 132:1 133:1
**eagle** 29:14,14 52:8
**earlier** 66:3 77:22
**early** 57:17 122:10
**ears** 111:14
**ecro** 30:25
**effect** 77:15 88:11

**effectively** 88:12
**efficiencies** 56:14 58:7,24
**efficiency** 57:1 69:8 75:2 121:25
**efficient** 70:3 89:20,21 92:6
**efficiently** 62:7
**effort** 56:13
**efforts** 130:8
**eisen** 69:25
**either** 79:9 91:23 94:6 101:20 118:15
**elements** 106:11
**email** 114:7,22 119:18
**employment** 58:21
**enable** 108:15
**ended** 58:3
**energy** 66:25
**engage** 83:11 89:6 90:22 94:3,5 108:16 130:20
**engagement** 56:12
**england** 3:22 33:2
**enlighten** 120:16
**ensure** 75:12 82:5
**ensures** 70:17
**enter** 97:6 100:17
**entered** 107:24 126:10,20 127:8 127:19,21,24
**entire** 67:8 68:24 112:24,25
**entirely** 72:10
**entitled** 105:23 106:10,16,17
**enza** 55:24
**equal** 68:20
**equally** 111:14
**equity** 8:22 10:14 36:20 38:2
**especially** 86:19
**essentially** 123:15
**estate** 66:7
**estimation** 106:1
**estoppel** 76:12
**et** 1:15 2:22 3:6 22:15 23:14 24:6 25:6 26:14 27:22 28:6,14,22 31:7 32:8,14 47:3,20 48:9 49:2 50:2 51:2,9,15,20 77:9 77:9 89:24
**evaluate** 84:18
**evaluations** 86:6,6
**event** 97:24
**events** 57:24 75:8
**everybody** 57:5 89:19 116:1 128:24 131:1
**everybody's** 68:16 72:24 81:11 86:22 91:20
**everyone's** 68:17
**evidence** 58:12 101:8 105:5,7 112:24 130:12
**evident** 96:25
**exact** 81:20
**exactly** 80:25
**example** 58:9,22 61:11 75:24 85:7 86:24 96:8 105:2 109:11 110:8
**excellent** 82:24 119:2
**exceptionally** 100:16
**excessive** 130:16
**excuse** 82:12 83:8 83:8 98:13 113:10
**exercise** 108:8 129:13
**existing** 64:21 66:5,18 67:9,12 72:7 92:1
**exists** 71:25
**expand** 114:20 119:22 122:7
**expanded** 114:3
**expanding** 113:23 114:19
**expect** 83:19 92:4 92:4
**expecting** 88:8
**expense** 72:9
**expensive** 108:8 116:25
**experience** 104:21 110:10 114:23 118:2 119:15,16
**experienced** 113:24
**experiences** 104:24 112:17,23 118:13
**explain** 129:6
**explore** 113:23
**expressed** 118:12
**expression** 72:14
**extend** 31:1
**extending** 86:22
**extension** 99:3 100:22,22
**extensive** 105:22 120:13
**extent** 57:8 101:24 114:4,4
**extraordinary** 68:18
**extreme** 81:25

**f**

**f** 1:23 11:22 12:14 18:6 21:6 28:6 30:21,25 31:13 39:2,14 43:20 46:2 51:8 133:1
**f.s.b** 48:20
**f.s.b.** 24:22 54:9
**face** 103:4 109:19 109:20
**facilities** 125:18
**fact** 57:19 58:5 60:21 61:3,20 66:16 75:15 81:9 85:15 90:7 95:9 103:18 112:13,23 112:24
**factors** 93:8
**facts** 57:16 61:12 84:17 85:7 86:5
**fail** 109:23 113:20 120:9
**failed** 120:11
**fair** 118:12 124:14
**fairmont** 29:6 52:2
**faith** 56:13 94:6 99:1 100:18 108:9 112:15 119:7
**familiar** 99:14 105:23 109:22 113:24 120:20 122:1
**familiarity** 94:2 112:6,8
**family** 97:24
**fan** 72:15
**fannie** 57:25 58:10 61:18,22 65:7,11 78:1 98:17
**far** 85:16 91:22 95:7 110:4

**fast** 101:23
**faster** 87:21
**favored** 123:14
**favorite** 102:5,7
**fed** 8:14 36:14
**federal** 31:9,16,21 32:4,10,16,22 33:4,10,16,22 34:4,10,16,22 35:5,10,16,22 36:5,10,16,22 37:4,10,17,22 38:5,10,17,22 39:5,11,17,22 40:4,11,16,22 41:4,10,16,22 42:4,10,16,22 43:4,10,17,23 44:4,10,17,23 45:4,10,17,22 46:5,10,16,23 47:5,11,16,22 48:4,11,16,22 49:4,11,17,22 50:4,10,16,22 51:4,11,17,22 52:4,10,16
**feel** 77:5 111:13
**feels** 113:2
**fees** 71:11
**feet** 94:12
**fell** 54:17
**felt** 115:9
**ferguson** 30:25
**fiduciaries** 68:18
**fifth** 53:5 81:5
**fight** 102:3
**figure** 69:20 71:21 89:10
**file** 31:9,15,20 32:4,9,15,21 33:3 33:10,16,22 34:3 34:10,16,21 35:4 35:9,15,22 36:4,9 36:15,22 37:3,10 37:16,22 38:4,10 38:16,21 39:4,10 39:16,22 40:4,10 40:16,22 41:4,10 41:15,22 42:4,9 42:16,21 43:4,9 43:16,22 44:3,9 44:16,22 45:3,10 45:16,21 46:4,10 46:16,22 47:4,10 47:16,22 48:3,10 48:16,21 49:4,10 49:16,22 50:4,10 50:16,22 51:4,10 51:16,22 52:4,9 52:16 56:21 60:15 62:11 63:9,20 66:25 67:11 68:13 69:11 70:8 73:21 80:10 81:18 82:23 84:16 87:25 88:2 88:3,15 89:11,24 91:7 101:12,22 102:8
**filed** 56:10 59:8 64:1 67:8 70:8 73:5 75:4 83:1 90:7 95:7
**files** 90:1,2 100:21 101:10,17 103:1,2 130:24
**filing** 62:24 76:21 77:1 78:23 79:3,4 80:21 83:23 86:24
**fills** 89:11
**financial** 9:6 12:14 21:22 23:6 37:2 39:14 46:14 47:14 55:2
**find** 64:10,14 81:3 101:18 118:3
**fine** 81:2 97:25 107:13 115:11 118:9 120:8,13
**firm** 123:7
**first** 5:6,14 9:22 10:14 11:6 12:22 28:22 34:2,8 37:14 38:2,14 39:20 51:20 74:1 83:12 92:2 94:9 94:18 115:25 119:4,13 120:14 120:17 130:6
**five** 61:21,22 111:4
**fixed** 95:20
**fl** 55:22
**flat** 93:24
**flavor** 89:20
**floor** 54:3,10 55:10,21
**focus** 57:16
**folks** 56:4 59:6 68:10 71:1 72:11 73:12 81:1 125:11 125:13
**follow** 87:3,3 127:5
**followed** 83:20
**following** 77:4 109:11
**forced** 118:22
**foregoing** 133:3
**forensic** 99:12 100:5,20 101:1,12 101:22
**forensically** 99:13
**form** 92:12,14,18 96:13
**forma** 71:10
**formal** 99:9
**formally** 129:1
**format** 103:3
**formerly** 70:7
**forward** 56:8 57:16 73:9 88:18 88:24 89:13,20 95:22,25 96:2,11 114:13 128:1 130:11,19,21
**found** 96:9 107:24 110:22 116:15
**founded** 84:19
**four** 61:8 110:24
**fourth** 81:5
**frank** 77:10 110:1
**franke** 55:13
**frankly** 56:11 72:21 74:11
**freddie** 57:25 58:10 61:18,22 65:8,11 78:1 98:17
**freedom** 1:23 27:6 31:14 50:14
**friday** 63:25
**frivolous** 56:11,11 81:25 83:11,24 84:20 92:8 97:4
**frustrated** 111:13
**frustrating** 111:15
**full** 84:7 101:25 103:8
**fully** 103:1
**fun** 129:13
**fundamentally** 73:18 90:1 93:9 116:20
**funding** 3:14 8:6 10:6,22 13:6 16:14 20:14 24:6 24:14 29:6 32:20 36:8 37:20 38:8 40:2 42:14 45:14

48:8,14 52:2
**further** 128:13

**g**

**g** 56:1
**gain** 68:3,4
**gained** 58:25
**game** 77:6,9 89:16
**gateway** 5:22 24:22 34:14 48:20
**general** 58:24 63:3 95:13 112:2 113:25 115:7
**generic** 99:24
**generically** 100:23
**gentlemen** 110:24
**genuinely** 89:5
**george** 59:7
**getting** 112:10
**gifford** 69:6 74:19 82:14 113:12
**give** 64:11 76:25 77:4,7 83:21 92:13,16 99:2 103:22,23 108:22 114:1 118:16 121:4,9,20
**given** 60:14 76:23 84:8 98:10 99:24 101:24 107:25 108:3 118:10
**gives** 101:2
**giving** 74:12 130:23
**global** 93:5 95:22 120:10
**go** 68:2 70:17 72:7 73:3,23 80:4 81:13 82:13 87:20 87:20 90:4 91:21 94:3,9 96:23 97:12 101:21 103:14 109:24 118:18,22 120:6 120:15 123:19 125:12
**goal** 99:4
**goes** 116:11
**going** 56:20 57:7 57:10,11,12 58:20 61:13 66:12 67:20 67:20,21 68:2,22 69:22 72:15 73:12 73:17,22 74:3,6,7 74:9,10 77:6 79:13,13 80:3,13 81:3,7,12,18,22 82:21,21 83:9,19 83:22 84:4,6,15 87:19,20 88:15,17 88:23 90:18,20,22 91:15,16,25 92:1 92:4,9,10,11 93:10,17,18 94:14 94:15 95:25 96:2 97:6,20 98:1,2,10 98:25 99:2,3 100:6,12,14,22 101:16,17,18,18 101:20,21 103:10 103:13,13,14,15 103:18,19,20,22 103:23 106:4,19 106:23 107:9 109:21,24 110:3 112:15 113:16,16 114:20 115:24,25 116:18,18 117:18 117:24 118:8,25 118:25 119:2,8,9 119:13 121:6 123:22 125:7,9,10 125:12,14,15,16 127:20 128:1,12 129:8,20,22 130:4 130:10,17,19,22
**good** 56:13 57:20 57:23 58:19,22,22 63:18 70:5,6 84:11 94:6 99:1 100:18,18 104:1 108:9 110:2,2 112:15 114:8,23 119:7
**gotcha** 77:6,10
**governing** 60:9 68:1
**governor's** 108:25
**grant** 77:14 84:15 89:21 91:15,23
**granted** 59:14 67:19 95:5 132:6
**granular** 94:10
**great** 58:3 70:2 74:25 109:18 111:22 112:9,10 121:11
**greater** 98:19 114:2
**green** 30:2
**grounds** 59:9,10 61:19 87:25
**group** 5:22 6:14 12:6 28:22 34:14 35:3 39:8 51:20 53:19 55:16 61:8 61:9 64:12 66:4 74:6 125:15 128:25
**groups** 126:19
**gse** 65:24 66:6,7 67:3
**guaranteed** 6:6 34:20
**guess** 93:23
**guessing** 76:3 88:14
**guild** 29:23 52:14
**gum** 69:25

**h**

**h** 106:16
**half** 80:22 109:3
**hampered** 95:12
**hamroff** 54:8
**hand** 69:21 115:24
**handle** 80:7
**handled** 59:25
**hang** 125:14
**happen** 70:21 71:6 103:21 109:17 130:11,12
**happened** 56:9 66:10 83:14 104:19 105:11,13 109:9 116:13
**happening** 109:1
**happens** 56:5 71:17 80:2
**happy** 57:14 58:3 59:5 72:23 81:19 90:11
**hard** 59:1,3 69:15 81:3
**harder** 68:4
**hartland** 13:22 40:14
**hauppauge** 54:18
**haven't** 64:5 71:15 86:17 122:5 128:25
**hear** 57:15 58:3 59:6,16,17 60:2 69:16,19,22 71:13 71:13 77:3 81:7 81:10,10 82:2 85:18 89:14 94:4 94:4,18 115:24
**heard** 84:8 90:15 92:2 113:6 119:15

130:6
**hearing** 31:1,6,12
31:18 32:1,7,13
32:19 33:1,7,13
33:19 34:1,7,13
34:19 35:1,7,13
35:19 36:1,7,13
36:19 37:1,7,13
37:19 38:1,7,13
38:19 39:1,7,13
39:19 40:1,7,13
40:19 41:1,7,13
41:19 42:1,7,13
42:19 43:1,7,13
43:19 44:1,7,13
44:19 45:1,7,13
45:19 46:1,7,13
46:19 47:1,7,13
47:19 48:1,7,13
48:19 49:1,7,13
49:19 50:1,7,13
50:19 51:1,7,13
51:19 52:1,7,13
69:15 90:8 129:7
**hearing's** 121:6
**heck** 103:15
**help** 112:4 119:21
**helpful** 84:15 88:9
118:5,14 121:12
**henderson** 53:23
63:18,19,22 64:4
64:5,8,11,15,23
64:25 65:20,22
66:1,6,11,19,23
67:6,13 68:5 69:1
90:17,21 92:3
94:16,19 98:2,3,5
98:9 99:7,8,17
100:24 101:4,5,9
101:11,14,24
102:2,6,9,13,16
102:17,19 103:7
103:11 104:2,22

107:17,18,22
108:18,22 109:9
109:12,15,17
110:1,8,14,20
111:5,10 114:6,11
121:12,14 122:17
122:20 123:1,7
124:4,6,11,17,21
125:2,8 127:6,12
127:14,16,23
128:6 129:11
130:3 131:6
**here's** 73:25
80:12 87:8 125:7
125:9
**hey** 114:7,23
**he's** 77:15,19
90:17
**higher** 109:25
117:1
**highly** 72:5
112:14 130:13
**hmm** 96:20 97:22
117:4 126:2
**hock** 54:8
**hoff** 59:7,7,12
115:20 116:6,12
116:17 117:4,6,11
117:15
**hold** 64:13 75:11
126:1
**holdings** 1:7,12
1:20 2:3,11,19 3:3
3:11,19 4:3,11,19
5:3,11,19 6:3,11
6:19 7:3,11,19 8:3
8:11,19 9:3,11,19
10:3,11,19 11:3
11:11,19 12:3,11
12:19 13:3,11,19
14:3,11,19 15:3
15:11,19 16:3,11
16:19 17:3,11,19

18:3,11,19 19:3
19:11,19 20:3,11
20:19 21:3,11,19
22:3,12,20 23:3
23:11,19 24:3,11
24:19 25:3,11,19
26:3,11,19 27:3
27:11,19 28:3,11
28:19 29:3,11,14
29:20 31:7,8,13
31:14,19,20 32:2
32:3,8,9,14,15,20
32:21 33:2,3,8,9
33:14,15,20,21
34:2,3,8,9,14,15
34:20,21 35:2,3,8
35:9,14,15,20,21
36:2,3,8,9,14,15
36:20,21 37:2,3,8
37:9,14,15,20,21
38:2,3,8,9,14,15
38:20,21 39:2,3,8
39:9,14,15,20,21
40:2,3,8,9,14,15
40:20,21 41:2,3,8
41:9,14,15,20,21
42:2,3,8,9,14,15
42:20,21 43:2,3,8
43:9,14,15,20,21
44:2,3,8,9,14,15
44:20,21 45:2,3,8
45:9,14,15,20,21
46:2,3,8,9,14,15
46:20,21 47:2,3,8
47:9,14,15,20,21
48:2,3,8,9,14,15
48:20,21 49:2,3,8
49:9,14,15,20,21
50:2,3,8,9,14,15
50:20,21 51:2,3,8
51:9,14,15,20,21
52:2,3,8,9,14,15
64:20 94:21

**home** 8:22 11:22
14:14 18:6 19:22
20:14 24:14 29:15
36:20 39:3 41:2
43:21 45:2,14
48:14 59:21 70:7
131:4
**hometrust** 53:14
**hominem** 90:23
**hon** 30:22
**honest** 56:8 71:14
72:10 77:20
**honor** 59:7,17
61:6,10 62:6,15
62:23 63:18,23
64:6,15,17,21
65:19,23 66:11,23
67:6,16 68:5,7
69:1,4 70:5 71:3
72:19 74:14,16
77:13 79:17 80:6
80:9 81:17,19,20
82:11,12,15 84:1
84:9,12,24 85:24
86:8 87:23 88:20
88:25 89:17 90:6
90:13,17,25 91:2
91:8 94:16,20,22
95:3,8 96:3,6,7,15
96:24 97:8,13,25
98:6,12,15 99:6,8
100:8,24 101:5
102:9,20 103:25
104:3,9 106:21,22
107:7,15,20,24
108:5 109:5
110:15 111:6,12
112:17 113:9
114:15,17 115:15
115:18,20,21,22
116:3,6 117:12,16
117:20 120:1,10
120:22 121:1,6,7

121:12,22,25
122:11,18,22
123:6,19 125:2,22
126:14 127:2,25
128:8,15,20 129:2
129:4,9,12,14,25
130:2,3 131:2,5
**honor's** 72:25
82:25 84:25 86:2
**hope** 83:18 96:1
**hopes** 56:6
**hoping** 86:18
**hour** 80:22 89:10
**hours** 109:2
125:10
**howard** 54:6
86:10
**hundreds** 57:7
81:4 82:8
**hyde** 52:25 133:3
133:8
**hypothetical** 58:9
79:5
**hypothetically**
58:11

**i**

**icon** 70:1
**idea** 89:3 112:5
**identical** 84:14
**identified** 106:13
**ifreedom** 1:23
31:13 53:15 59:8
59:18 74:2
**iii** 55:13
**illuminate** 63:6
**imaginable** 111:2
**imagine** 81:3
**imortgage.com**
3:6
**impact** 60:10
105:14
**impacts** 85:15

**impartial** 113:3
**impartiality**
110:5
**impeach** 107:3,7
**implications**
91:18
**implore** 81:1
**imploring** 87:24
130:20
**important** 75:10
82:16 83:3 100:24
101:1 104:17
**impossible** 57:22
**impression**
102:20
**improper** 91:6
**inappropriate**
123:4
**incentive** 114:11
**incentivized**
114:10
**incident** 93:20
**include** 113:23
**income** 58:15,15
93:13 103:17
**incorporate** 119:3
**incur** 72:9
**incurred** 106:12
**indefinite** 87:8
**indefinitely** 87:5
**indemnification**
31:3 58:2 76:6
85:8 90:2 104:18
106:18 111:25
**independent**
112:1
**indicated** 65:1
93:1 127:22
**indicates** 119:5
**indicating** 109:20
**indiscernible**
59:20 69:8,9,13
71:9,22 73:2,5,11

75:9,16 76:18
79:21 83:1,1
86:14 91:11 99:13
108:8,13 109:10
117:22,24 118:17
119:25 120:2,12
124:8 126:22
129:13
**individual** 68:14
81:24 82:10 83:19
83:21,23 106:9
126:24
**individualized**
129:8
**individually** 22:6
22:23 46:21 47:9
49:9
**individuals**
113:24
**information** 58:13
104:20 105:2
107:10,11
**initial** 78:23
**inquire** 98:5
**insisted** 68:10
**inspire** 109:22
**intention** 72:19
73:7 82:10
**interested** 107:6
**interests** 68:21
**investigator** 99:13
**investor** 108:24
**invite** 93:22
**involuntary**
122:21 125:3
**involved** 61:4
94:25 96:5 98:17
115:12 122:13
123:22
**ironic** 56:14
**ironically** 70:21
**isn't** 68:12

**issue** 63:23 67:15
67:16 71:16,25
72:12,17,25 75:19
76:14 77:4,12,14
77:18 78:18 79:2
79:14 85:9,10,17
87:23,24 88:20
90:11 91:11,14
100:16 103:4
105:21,23,24
106:18 117:14,16
118:4 119:23,23
120:1,10 121:9
122:7
**issued** 106:2
**issues** 57:8 60:2,3
60:4 61:10,13
62:19 73:23 78:3
82:9 83:12 86:19
88:10 89:9 94:3
94:10,13,23 99:22
103:2 105:14
109:22 111:5
118:1
**issue's** 76:16
**it's** 56:13,19 57:4
58:23 61:1,4,9
62:16 67:20,21
70:2,25 73:4,21
74:10,11 75:10,17
76:2 77:14 79:2
79:23 80:6 86:1
87:7 90:4 91:18
91:21 107:1,19,23
108:2,8 112:2,12
115:4,5 116:18,23
116:24 118:6,24
118:25 119:21
120:5,13 121:3,10
122:12,20 123:5
123:10 125:3,3,18
128:15

**i'd** 84:7 89:17
121:22
**i'll** 71:14 72:16
76:10 77:10 81:9
81:10,23 82:13
108:4 116:6
**i'm** 56:19 57:10
57:12,14,15 58:3
58:20 59:5,20,21
63:22 64:3 66:19
66:20,20,21,21
67:7 68:16,21
69:12,14,14,17,22
72:15,23 73:3,12
74:11,18 75:11
76:1,3,15 77:12
78:17 79:9,13,13
81:3,7,10,14 82:1
82:12 83:2,9,10
83:19,22 84:4,6
84:21 86:2,13,13
86:18 87:3,17,19
87:19 88:14 89:14
90:18 91:15,16,22
92:4,10 106:4,19
107:1,2,5,6,14
109:8,11 112:16
112:17,25 113:15
113:15,18,19
114:17 115:24,25
118:7,19,20 119:2
119:13,18,23
120:24 122:6
123:10 124:3
125:10,14,15
127:7 128:11,11
129:7,14,19,22
130:10
**i've** 57:13 64:8
76:12 80:25 83:20
84:7,8 107:3
109:5,9 110:23
111:3 113:6

122:13 125:14

**j**

**j** 55:6
**james** 53:10
**job** 82:24 90:18
112:15
**join** 129:12
**joinder** 63:19
**joined** 73:13
126:5
**joint** 115:2
**jointly** 112:2
115:1 116:24
**jonathan** 54:20
**judge** 30:23 60:13
63:24 66:20 71:12
72:20 78:4 87:6
87:22 88:3 102:2
103:7 107:18
108:12,22 109:9
109:17 110:9,20
110:23 122:21
123:8 124:7,21
127:6 131:6
**judges** 110:18
**judicata** 76:12
**judice** 74:2,4
**judicial** 57:18
**july** 98:7 107:22
**june** 98:6
**jurisdiction** 70:18
72:25 85:16 88:5
88:6 89:1 91:5
97:1,5,6 116:9,15
**jurist** 110:15
**justice** 78:4

**k**

**k** 1:23 11:22
12:14 18:6 21:6
28:6 31:13 39:2
39:14 43:20 46:2
51:8

**keep** 62:12 97:24
98:1
**keeping** 98:4
**kept** 131:1
**key** 108:10
**kind** 57:1,9 58:16
72:23 82:19 86:19
96:17 107:19
**kinds** 105:13
107:10,11
**know** 60:9 64:3
68:16 70:11 71:2
71:6,14 73:5,7
74:13 75:22 77:19
82:18 85:12,17
87:7 91:8 94:7,9,9
94:11,12 97:9
101:12 103:17
105:4 110:19
111:15 115:6,9
117:24 119:8,13
119:17,21 120:4
120:11,25 121:1
121:11 123:9,14
125:17 127:9
**knowledge** 67:25
**known** 70:7
**knows** 96:3

**l**

**l** 53:23
**l.l.c.** 1:15 9:22
12:6 37:15 39:9
**l.p.** 23:14 28:22
47:20 51:20
**label** 65:15 77:24
78:16 93:4 95:1
95:21
**lakeland** 14:22
41:8
**lani** 53:13,17
**large** 62:18
100:16,19 110:11
125:15

**larger** 111:21
**laundry** 94:13
**law** 53:19 59:16
76:10 78:14 79:5
111:25
**lawlor** 53:10
**lawsuit** 68:7
**lawsuits** 63:9 68:8
**lawyer** 90:10
**lawyers** 89:15
**lbhi** 64:11 67:2
85:11 108:2
110:22,25 111:8
116:10,13 122:18
**lea** 31:20 32:3
36:15 46:4
**lead** 113:3
**leave** 31:8,15 32:9
32:15,21 33:3,9
33:15,21 34:3,9
34:15,21 35:4,9
35:15,21 36:4,9
36:21 37:3,9,16
37:21 38:3,9,16
38:21 39:4,10,16
39:21 40:3,10,15
40:21 41:3,9,15
41:21 42:3,9,15
42:21 43:3,9,16
43:22 44:3,9,16
44:21 45:3,9,16
45:21 46:9,15,22
47:4,10,15,21
48:3,10,15,21
49:3,10,16,21
50:3,9,15,21 51:3
51:10,16,21 52:3
52:9,15 64:21
67:18,19 71:5
77:16 78:11 84:15
89:21 92:10,20
**led** 122:8

**ledanski** 52:25 133:3,8
**legal** 77:15 133:20
**legally** 85:21
**legitimate** 60:23
**lehman** 1:7,12,20 2:3,11,19 3:3,11 3:19 4:3,11,19 5:3 5:11,19 6:3,11,19 7:3,11,19 8:3,11 8:19 9:3,11,19 10:3,11,19 11:3 11:11,19 12:3,11 12:19 13:3,11,19 14:3,11,19 15:3 15:11,19 16:3,11 16:19 17:3,11,19 18:3,11,19 19:3 19:11,19 20:3,11 20:19 21:3,11,19 22:3,12,20 23:3 23:11,19 24:3,11 24:19 25:3,11,19 26:3,11,19 27:3 27:11,19 28:3,11 28:19 29:3,11,20 31:6,8,12,14,18 31:20 32:1,3,7,9 32:13,15,19,21 33:1,2,7,9,13,15 33:19,21 34:1,2,7 34:9,13,15,19,21 35:1,3,7,8,13,15 35:19,21 36:1,3,7 36:9,13,15,19,21 37:1,3,7,9,13,15 37:19,21 38:1,3,7 38:9,13,15,19,21 39:1,3,7,9,13,15 39:19,21 40:1,3,7 40:9,13,15,19,21 41:1,3,7,9,13,15 41:19,21 42:1,3,7 42:9,13,15,19,20 43:1,3,7,8,13,15 43:19,21 44:1,3,7 44:9,13,15,19,21 45:1,3,7,9,13,15 45:19,21 46:1,3,7 46:9,13,15,19,21 47:1,3,7,9,13,15 47:19,21 48:1,3,7 48:9,13,15,19,21 49:1,3,7,9,13,15 49:19,21 50:1,3,7 50:9,13,15,19,21 51:1,3,7,9,13,15 51:19,21 52:1,3,7 52:8,13,15 64:19 75:13 84:25 85:10 94:11,21 102:25 107:8 111:23 112:9,10,13 113:14,20 116:19 117:22 118:16,21 119:4,8,8,14 120:2,3,4,12,18 121:15
**lehman's** 103:15 104:20
**lehmann** 106:23
**lehman’s** 74:11 91:6 118:23
**leib** 69:21,22 70:3 70:5,7 71:2,9,14 72:3,18 73:1,2,4 73:14,19 74:13 91:2,2,4 115:21 115:21,23 116:3 117:18,20 119:11 119:25 120:18,22 121:1,6
**lending** 2:6 11:14 17:6 20:14 21:14 22:23 31:19 38:20 43:2 45:15 46:8 47:8
**length** 56:6
**letters** 92:14,17
**let’s** 56:22 57:16 58:9 75:21 87:9 87:11 117:8 118:4 130:20
**level** 62:25 63:1 67:2,15 68:17 93:19 99:11 100:20 101:1 104:17
**lexington** 55:3
**liability** 95:20
**lieber** 53:11
**life** 87:20 97:20
**limitations** 75:24 76:7 78:22 79:3 79:12
**limited** 82:7
**line** 70:4 91:9 113:15 116:1 117:18 129:18 132:4
**lipshie** 54:15,20
**list** 94:10,13 110:9 112:12 117:23,24 119:10
**listed** 63:19 110:21
**listening** 69:2 82:3 101:7 111:14 127:7
**literally** 57:8 62:21 67:23 81:2 89:9 119:14
**litigant** 59:3
**litigants** 81:12
**litigation** 68:21 83:11 88:17,23 97:9,11 108:7
**little** 56:13 105:3 110:8 114:17
**live** 124:12
**llc** 2:6 5:22 7:22 11:14 12:14,14 15:6 16:14 18:6 21:6 23:22 28:6 29:14 31:7,19 34:14 36:3 38:20 39:14,15 41:14 42:14 43:20 46:2 48:2 51:8 55:2,17 55:20
**llp** 16:6 42:8 53:3 54:1,8 55:1,8,15
**lo** 43:21
**loan** 11:22 14:14 18:22 19:22 31:3 39:2 41:2 44:8 45:2 58:9,12,14 67:2,15 90:1,2 99:11,13,19,19 100:6,6,20 101:10 101:17,22 102:8 103:16 104:17 105:11,13 112:6,8
**loans** 11:22 18:6 39:3 57:17,19,20 57:24 58:5,10,10 58:15 60:5 61:3,8 61:9,22 63:2 65:14 68:1 78:23 78:25 80:18 85:9 85:13 93:9,21 98:16,17,20 99:12 99:22,25 100:16 100:19 104:19 115:12 116:10 117:14,15
**local** 117:10
**lodged** 95:2 127:18
**logic** 125:1,3
**long** 113:7 123:10 131:1

**look** 66:15 71:17
  72:4 83:4 89:5
  91:12 97:16
  103:20 121:7
**looked** 64:5
  118:23
**lookout** 92:8
**loss** 92:21 93:15
  105:16,17 106:12
**lost** 57:4 80:11
**lot** 56:4,22 77:8
  96:1 98:23 100:25
**lots** 69:9
**loud** 112:11

**m**

**m** 53:9
**m352** 115:7
**madison** 54:3
**magaliff** 54:1,6
  86:8,10,10,11,13
  86:17 87:7,10,12
  87:14,16,17,23
  88:20,23 89:17
**magaliff's** 88:19
**magic** 108:14
**maher** 53:3,8
  64:17,17,19,25
  65:3,6,10,13,18
  66:3 72:19 77:11
  77:13,19,24 78:3
  78:6,8,11,14,18
  78:21,25 79:7,10
  79:17 80:5,6,15
  80:17,19,24 81:17
  81:23 84:24 88:18
  88:25 89:3 90:5
  90:25 94:17,20,20
  95:5,16,19 96:19
  96:21,23 97:8,12
  97:15,17,22,25
  98:12,13 99:6,18
  99:22,24 100:3,10
  100:13 103:25

104:3,5 114:15
115:17 121:20,22
122:10,22 123:6
123:13,16,19,25
124:9,12,14,17,20
124:24 125:22,24
126:2,4,9,14,17
126:22 127:1,8,23
128:4,15,19,22
129:9,14,25 131:3
**maintained** 58:7
**majority** 90:12
**making** 56:15
  70:2 86:25 109:19
  109:20 123:11
**man** 131:5
**management**
  73:11 82:25
**managing** 68:21
**mandatory** 120:5
**mara** 53:11
**maribella** 15:6
  41:14
**market** 55:10
**material** 93:16
  105:12 106:13
**matter** 1:5 58:24
  60:21 61:21 62:17
  62:18,22 66:14
  70:18 72:25 85:16
  88:4,6,25 91:5,20
  113:8,25 116:9
  118:6
**matters** 122:1
**matured** 77:21
  85:1
**mc** 18:6 43:20
**mean** 62:19 73:17
  73:19 75:22,23
  81:10 92:24 96:8
  97:19 102:19
  107:2 110:25
  111:1,8 118:2

125:1
**meaningful** 81:14
**means** 111:2
  114:18
**mechanism** 70:16
  71:22
**mediate** 100:11
  106:23 107:9
  109:7 118:9
**mediating** 111:22
  112:13
**mediation** 93:21
  93:22 94:3 95:7
  99:5 100:3 101:2
  103:15,19 104:10
  104:21 106:14
  107:12,14 108:24
  109:2,13,21,23
  110:6,16 111:2
  114:1,8 115:8,9
  116:20,21,24
  118:2,7,11,22
  120:5,7,9,12,14
  120:17 121:15
  122:2,13,18
  123:23 125:3
  130:24
**mediations** 95:23
  96:4 108:6,23
  110:15 113:19
  122:9
**mediator** 94:1,1,5
  108:1,2,12,16,21
  109:13 110:5,10
  112:2 114:18,25
  115:10 116:22,24
  117:21 118:3,16
  119:4 120:3
**mediators** 94:2
  109:19,21 110:9
  110:21 111:13,18
  111:22 112:1,12
  112:14 113:20

117:10 118:8,23
119:20 120:4,23
121:25
**mediators'** 117:6
**mega** 10:6 37:20
**megastar** 9:6 37:2
**mentioned** 76:17
**merger** 22:7
  29:14 49:15
**miami** 55:22
**michael** 55:6 91:2
  115:21
**michaelson** 54:1
  86:10
**might've** 63:4
**migrate** 102:14
**million** 109:3
**millions** 95:10
**mind** 88:15 89:25
**mineola** 133:23
**minimize** 68:19
**minimum** 62:25
  63:1 118:16
**minor** 96:12
**minute** 64:13
**minutes** 125:12
  125:16
**missing** 123:10
**mm** 96:20 97:22
  117:4 126:2
**modification** 96:7
**modify** 97:5
**mom** 110:12,14
**moment** 84:13
  109:6
**month** 66:3
**moot** 71:4,20,25
**moritt** 54:8
**morning** 63:18
  70:5,6 92:3 130:7
**mortgage** 1:15,23
  2:14 4:6,14,22
  5:14,22 6:14,22

7:6,14,22 8:14 9:22 10:14 11:6 12:6,14,22 13:14 13:22 14:6,14,22 15:6,14,22 16:6 17:14,22 18:6,14 19:6,14 20:6,22 21:6,6 22:6,7,15 23:6,14,22 25:6 25:14 26:6,22 27:6,14,22 28:6 28:14 29:14,15,23 31:3,7,14 32:2 33:8,14,20 34:8 34:14 35:2,8,14 35:20 36:2,14 37:14 38:2,14 39:8,15,20 40:8 40:14,20 41:2,8 41:14,20 42:2,8 43:8,14,21 44:2 44:14,20 45:8,20 46:2,3,20 47:2,14 47:20 48:2 49:2,8 49:20 50:8,14,20 51:2,9,14 52:14 53:14,15,19 54:2 54:16 55:16,16,17 55:18,19,19 57:17 59:21,22 61:3 69:7 74:3,21

**mortgage.com** 32:14

**moser** 54:1

**motion** 31:1,8,15 31:20 32:3,9,15 32:21 33:3,9,15 33:21 34:3,9,15 34:21 35:3,9,15 35:21 36:3,9,15 36:21 37:3,9,15 37:21 38:3,9,16 38:21 39:4,9,16 39:21 40:3,9,15 40:21 41:3,9,15 41:21 42:3,9,15 42:21 43:3,9,15 43:22 44:3,9,15 44:21 45:3,9,16 45:21 46:4,9,15 46:22 47:4,10,15 47:21 48:3,9,15 48:21 49:3,10,16 49:21 50:3,9,15 50:21 51:3,9,15 51:21 52:3,9,15 59:4,5,11,13 64:20 77:8,15,16 81:19,20 84:19 86:23 87:1 89:4 90:8,13,15 91:8 91:14,16,23,23,23 92:9,19,20 94:18 95:5 127:14 130:6 130:7 132:6

**motions** 57:6 71:5 73:21 74:2 80:1,7 80:10 81:24 82:10 82:19 83:19,23 84:14 87:25 88:3 89:24 116:13

**motivated** 130:14

**mountain** 21:22 46:14

**move** 56:8,13 57:15 73:9 79:16 84:7 89:20 92:9 95:22 110:16 130:10,19,21

**moving** 89:13 96:11 114:13

**moye** 55:8

**mtg** 55:9

**multiple** 61:2,3

**muted** 129:18

**muting** 113:15

**n**

**n** 53:1,10 56:1 112:20,21,22 132:1 133:1

**name** 111:11

**names** 119:10

**national** 13:14 15:22 16:14 40:8 42:14 54:2 69:7 86:14 113:13

**nations** 123:14

**nature** 58:1,12

**nearly** 83:2

**necessarily** 61:1 82:20 88:8 111:23 111:23 125:4

**necessary** 119:21

**need** 56:15 60:23 91:21 99:10 102:24 104:18 126:18

**needed** 74:13 107:9

**needn't** 129:2,2

**needs** 70:16 125:17

**negative** 112:17 112:23

**negatively** 72:8

**negotiated** 121:18 124:1

**negotiation** 123:2

**neighbor's** 66:16

**nemeth** 54:15

**net** 88:11

**network** 21:14 46:8

**never** 85:6 88:15 89:1,2 130:17,18

**new** 1:2,23 8:14 30:3 31:14 36:14 53:6 54:4,11 55:4 63:25 67:4,9,11 67:22 68:7 71:11 71:18 72:15,16 73:6,13,19,20 74:8 76:5 77:1 78:15 80:13,18 82:23 84:19 88:18 89:25 90:1,1 92:2 96:14 97:6 99:12 110:7 117:1,9,13 122:9

**nobody's** 77:6

**nonbinding** 94:3

**nonobjection** 70:9

**north** 19:6 44:14 54:9 108:25 110:6

**note** 121:22

**notice** 57:19 99:10 103:14 126:6

**noticed** 93:19

**notion** 82:7 87:4 109:21

**notwithstanding** 93:1,7

**number** 60:4 63:20 67:22 76:4 98:19 100:16,19 111:12 118:10,12 120:24,25 121:2,4 121:10

**numbered** 62:20

**numbers** 61:16

**ny** 30:3 53:6 54:4 54:11,18 55:4 133:23

**o**

**o** 30:21 56:1 133:1

**oaktree** 8:6 36:8

**object** 59:9 90:13 98:2 129:8

**objected** 59:10 107:24 122:23 123:17 128:9

129:1,21,24
**objecting** 70:18 91:17 121:23 122:11 127:20 128:12
**objection** 59:8 69:11 70:8 90:7,7 126:10 127:18
**objections** 70:22 70:24 95:1,6 96:15,16,17 97:9 104:6 121:24 122:24,24 123:21 126:5 130:9
**objective** 62:8,10 104:10 113:5
**objector** 126:19
**objectors** 98:10 108:1 122:20 125:25 128:23 129:10,15
**objectors'** 128:25
**obligated** 106:14
**obligation** 68:18 68:20
**observations** 75:1 94:5
**observe** 89:18
**obviously** 62:2 75:2,9,23 76:16 86:3 93:2 115:22 125:5
**occur** 116:21
**occurred** 76:8 79:3
**october** 30:5 56:5 65:3 92:24 133:25
**offer** 70:25 95:22
**office** 108:25
**officers** 58:14
**oh** 110:18 124:21
**okay** 58:1 59:23 63:5,15,16 64:7 64:16 65:12 66:2 66:21 68:25 69:3 73:1 74:3,4,15 80:13 82:9 86:7 86:13 87:10,12 88:22 90:20 91:4 91:12 97:3,5 98:1 98:14,22,25 99:23 100:17 102:8,25 103:4,5 104:1 106:6 107:6,19 109:18,20 110:12 110:15 114:21,21 117:18 119:1 121:14 122:5,15 124:13,16 125:9 125:14,21 126:13 126:21,25 127:14 127:16 128:2 129:5,5,5,17
**old** 133:21
**once** 67:19,24 73:23 86:21 88:12 120:9 128:18
**ones** 74:2 91:17 118:12 124:9
**open** 111:14 125:19
**opened** 70:4
**operated** 83:1
**opportunity** 118:17 125:24
**opposed** 57:3 67:22 75:4
**opposition** 59:4
**optics** 108:15
**optimistic** 119:19 119:19
**oranges** 107:2
**order** 82:25 88:14 92:12,14,18 94:14 97:2,5,6 98:7,7 100:18 106:3 107:22,24 113:13 115:7 116:7,18,18 122:17,17 125:6 126:9,20,23 127:8 127:18,21,24 128:1,13,21,22 129:20,22 130:5
**ordered** 95:8 96:7 107:3
**ordering** 125:5
**orders** 31:2 92:13 92:16 98:6 116:14 129:22
**original** 75:18,25 76:21 79:4 83:15
**originally** 121:16
**originated** 57:18 57:21,24 58:6 63:2 93:10
**originating** 65:14
**origination** 58:12 58:17 76:8 81:7 112:6
**originator** 58:9
**oro** 16:22 42:20
**other's** 70:10
**ought** 79:16 82:8 92:7
**outcome** 108:21 110:6
**outline** 67:14
**outside** 123:20
**outstanding** 58:16 95:20
**overlapping** 62:16
**overturns** 88:4
**o'clock** 125:15 130:6

**p**

**p** 53:1,1 54:6 56:1
**pacific** 2:14 19:14 32:2 44:20 55:19
**page** 91:7 132:4
**pages** 57:8 81:4 82:8
**paid** 121:15,15 122:18
**paper** 75:4 103:3 103:18
**papers** 70:15 82:19 94:23
**paramount** 6:14 35:2
**parkside** 11:14 38:20
**part** 80:2 95:10 112:19 123:22 126:6,19 128:4,25
**participate** 113:25 120:17 122:2
**participated** 120:9
**participating** 113:2 120:8
**particular** 85:9,9 97:18 100:15 118:10 122:25 127:25
**particularly** 99:1
**parties** 59:9 73:20 86:20 87:25 88:2 89:5 91:17 108:12 109:13 116:23 118:2,11 120:4,5 122:2 127:18,19 127:20 128:9,12 129:20,21,24
**partners** 26:22 50:8 53:13
**parts** 117:1
**party** 73:13 116:21
**passing** 79:2

**path** 63:5
**patient** 116:4
**paul** 55:13
**pauley** 78:4,4
**pay** 71:11 82:17 108:2 123:22
**pc** 53:19
**pending** 59:13 71:6 72:20
**people** 73:13,20 76:22 82:17 88:8 95:22 97:20 99:19 99:24 100:11 107:23 111:22,23 115:25 117:10 119:22 121:23 122:11,22 123:16 126:6,17 128:24 129:7
**people's** 100:3
**percent** 110:16
**performing** 105:12
**period** 63:3,3 74:5 98:18
**person** 70:1 118:18
**perspective** 80:8 100:25 102:14 118:15 120:23
**petaluma** 53:21
**petition** 103:14
**phase** 94:25
**phone** 56:4 72:22 86:18 114:6,22 116:1 125:13 126:18
**phones** 119:17
**pick** 67:19 69:15 108:21 109:24 114:6,22 118:8 119:14
**picking** 94:1
**piece** 60:8 103:17 109:4
**pinks** 54:15
**place** 67:24 75:8 80:1 113:13 116:24,25 123:2
**plainscapital** 55:18
**plaintiff** 1:13,21 2:4,12,20 3:4,12 3:20 4:4,12,20 5:4 5:12,20 6:4,12,20 7:4,12,20 8:4,12 8:20 9:4,12,20 10:4,12,20 11:4 11:12,20 12:4,12 12:20 13:4,12,20 14:4,12,20 15:4 15:12,20 16:4,12 16:20 17:4,12,20 18:4,12,20 19:4 19:12,20 20:4,12 20:20 21:4,12,20 22:4,13,21 23:4 23:12,20 24:4,12 24:20 25:4,12,20 26:4,12,20 27:4 27:12,20 28:4,12 28:20 29:4,12,21 76:1
**plan** 56:17 59:2 60:15 62:11 64:19 67:11 72:6,16 83:14 88:15 89:16 91:16 92:11,25 93:5 94:21 99:2 105:6,22 106:11 113:22 114:10,13 119:3 125:11 128:14 130:13
**planet** 129:12
**planned** 73:9
**plate** 66:15,16
**play** 75:23 76:3,3
**pleaded** 85:11
**pleading** 62:24 71:17 91:19
**pleadings** 63:23 70:14 80:7,8 130:8,17
**please** 56:2 69:18 92:12,13,15,16,17 92:18 113:11 129:17 130:20
**pm** 131:7
**pmac** 22:23 47:8
**point** 62:4,10 66:1 66:20,24 67:6 68:6 69:10 70:10 72:5,18,22 73:21 73:22 76:23 79:12 79:14,25 86:1 90:5,12 95:7,20 98:11 101:21 103:12 105:25 107:8,18 108:6 110:21 123:11 128:21,22 129:6 130:13,22
**pointing** 92:3
**pointless** 93:22
**points** 70:9
**point’s** 79:21
**pool** 111:17,21,24 113:21,23 114:3 114:19,20 117:8 117:22,23 119:22 122:7
**pop** 110:12
**popular** 18:14 44:2
**portion** 71:19 123:23
**position** 59:16 77:20 86:23 93:5 95:22
**positions** 99:11
**positive** 95:24
**possibility** 87:4 113:23
**possible** 58:23 59:2 104:14 113:4
**possibly** 85:16
**potential** 96:2
**potentially** 82:19
**power** 118:19
**practical** 72:17 89:14 113:8
**practically** 57:18
**practice** 103:25 111:24
**practicing** 112:8
**precluded** 86:25
**predicate** 57:16 82:3,4
**predicates** 83:3
**preliminary** 56:17 59:5
**prepared** 63:22 64:11
**prepetition** 85:1
**present** 106:14,15
**preservation** 79:22
**preserve** 70:23 71:18 75:9,15,19 79:20 81:2,18 91:10
**preserved** 71:22 76:16,23 82:5,23 91:5,20
**preserves** 72:24
**preserving** 72:13 77:9
**presumably** 71:7

**presuming** 88:2
**pretty** 120:11,13
**previously** 65:4 71:10 73:9 77:25 81:21 91:9 95:8 96:13 127:24
**price** 55:15 69:4,6 69:6,13,16 74:16 74:18,19,21,23,25 75:15 76:15 77:1 77:11 79:18,19 82:12,14,14 83:4 83:5,7 84:2,4,5,9 86:18 113:9,12,12 113:15
**primelending** 55:17
**principle** 126:11
**prior** 71:5,21 72:1 84:25
**private** 57:25 65:15 77:24 78:16 93:4 94:25 95:21
**pro** 71:10
**probability** 109:25
**probably** 100:7 104:22
**problem** 61:9 74:11,24 109:1
**procedurally** 116:17
**procedure** 31:10 31:16,22 32:5,11 32:17,23 33:5,11 33:17,23 34:5,11 34:17,23 35:5,11 35:17,23 36:5,11 36:17,23 37:5,11 37:17,23 38:5,11 38:17,23 39:5,11 39:17,23 40:5,11 40:17,23 41:5,11 41:17,23 42:5,11 42:17,23 43:5,11 43:17,23 44:5,11 44:17,23 45:5,11 45:17,23 46:5,11 46:17,23 47:5,11 47:17,23 48:5,11 48:17,23 49:5,11 49:17,23 50:5,11 50:17,23 51:5,11 51:17,23 52:5,11 52:17 129:23
**procedures** 31:2 92:1,10
**proceed** 62:6 101:23 115:9
**proceeding** 31:6 31:12,18 32:1,7 32:13,19 33:1,7 33:13,19 34:1,7 34:13,19 35:1,7 35:13,19 36:1,7 36:13,19 37:1,7 37:13,19 38:1,7 38:13,19 39:1,7 39:13,19 40:1,7 40:13,19 41:1,7 41:13,19 42:1,7 42:13,19 43:1,7 43:13,19 44:1,7 44:13,19 45:1,7 45:13,19 46:1,7 46:13,19 47:1,7 47:13,19 48:1,7 48:13,19 49:1,7 49:13,19 50:1,7 50:13,19 51:1,7 51:13,19 52:1,7 52:13 56:22 57:3 58:25 60:16 62:12 73:15 77:2 80:22 114:14
**proceedings** 56:25 88:16 131:7 133:4
**process** 58:12 70:17 75:2 95:8 95:11 96:2,10 112:24,25 113:1 116:20,23 117:12 118:11 120:14 121:24 122:2 126:7
**produce** 93:19
**productive** 89:12 95:24 101:2 108:10 109:12 110:11 113:4
**professional** 116:25 117:5,6
**professionals** 112:14
**profoundly** 60:4
**program** 69:23 114:1
**prohibitive** 121:19
**proof** 58:16,18,21 61:3
**proofs** 60:5
**proper** 70:18
**propose** 96:23 126:4,9
**proposed** 61:12 67:13 105:4
**prosecute** 87:20
**prospect** 92:25
**protect** 82:16
**protocol** 106:1,3,7 112:3 115:7
**prove** 105:7 106:12
**provide** 95:17 100:20
**provided** 107:23 115:6
**provides** 112:3
**providing** 130:16
**pure** 68:15
**purpose** 100:10 113:21
**pursuant** 31:9,15 31:21 32:4,10,16 32:22 33:4,10,16 33:22 34:4,10,16 34:22 35:4,10,16 35:22 36:4,10,16 36:22 37:4,10,16 37:22 38:4,10,16 38:22 39:4,10,16 39:22 40:4,10,16 40:22 41:4,10,16 41:22 42:4,10,16 42:22 43:4,10,16 43:22 44:4,10,16 44:22 45:4,10,16 45:22 46:4,10,16 46:22 47:4,10,16 47:22 48:4,10,16 48:22 49:4,10,16 49:22 50:4,10,16 50:22 51:4,10,16 51:22 52:4,10,16
**pursue** 72:24
**put** 70:15 91:8 123:14
**puts** 130:25

**q**

**question** 70:10 73:4,18 102:21
**quite** 113:7
**quote** 70:13

**r**

**r** 30:21 53:1,11 55:13 56:1 133:1
**raise** 72:14 88:6 89:24 120:1

**raised** 72:18,22 83:12 90:6 91:14 92:25 93:8 94:10 94:14 115:24
**raises** 72:4
**raising** 69:21 72:15 102:4
**ran** 75:24
**rate** 6:6 34:20
**rates** 116:25 117:5,6
**rbs** 99:14
**reach** 92:12
**read** 56:10 62:23 94:23 105:18 108:3
**reading** 68:10 82:19
**ready** 74:12
**real** 16:22 42:20 57:14
**reality** 114:2
**realize** 71:16
**realleging** 76:7
**really** 56:8,19 59:3 66:20 71:1 85:7 87:11 92:21 96:6 97:15 104:17 105:17 108:19 111:7,10 114:8 119:19
**realty** 9:14 37:8
**reason** 70:14 83:12 87:18 98:20 104:16 119:7
**reasonable** 86:3
**reasons** 71:10 91:9 110:17
**reboot** 92:22
**received** 58:14
**recess** 125:20
**recidivist** 90:23
**recidivistly** 90:10
**recognize** 113:16
**recognized** 115:22 122:1
**record** 69:11 83:9 86:2 106:1 129:19 130:10 133:4
**redecide** 57:7
**redo** 57:13 80:23 81:3 82:8 84:14 92:6
**redoing** 82:10
**redone** 92:7
**reed** 55:1
**referring** 64:24 64:25
**refile** 71:7,11
**refiling** 91:7
**reflecting** 100:21 106:3
**reflective** 56:12
**refusal** 119:4
**regard** 70:25 71:18
**rehearing** 81:24
**reinvent** 122:3
**relate** 79:9
**related** 66:6,7 76:20 100:19
**relatedness** 62:25 63:2
**relates** 75:8
**relation** 75:7,13 75:18,22,23 76:2 76:9,13 77:18 78:18 79:2,15
**relationship** 106:9
**release** 95:14 116:1 117:18
**relevant** 105:7
**relied** 58:14
**relief** 120:10 129:21
**remain** 74:2
**remaining** 130:9
**remains** 58:5
**remember** 68:9
**reply** 96:17 104:20
**represent** 59:8 63:19 64:12 70:7
**representations** 85:15
**represented** 90:9 123:7 129:10
**representing** 59:18,21 68:19 69:6 90:18 92:5 107:1 115:13
**republic** 18:6 25:14 43:20 49:8
**request** 56:18 64:21 99:4,10 103:8 120:4
**requested** 98:20 129:21
**requests** 62:20 108:19
**require** 93:18
**required** 80:23
**requires** 99:12
**res** 76:12
**residential** 6:14 11:6 24:14 35:2 38:14 48:14
**resolution** 31:2 129:15
**resolve** 123:20,21 130:9
**resources** 68:15 92:6
**respect** 68:17,22 69:7 74:1,8 75:8 75:19 77:8 78:1 79:22 80:1,7 84:13,18 85:8 89:23,23,25 90:8 95:2,3,6 96:4,15 97:8 98:19 104:19 111:17 122:11 126:5,22 127:11 127:17,19,20,25 129:20,23 130:5,7
**respected** 112:14
**respectfully** 68:5 77:13 99:8 110:23
**respond** 82:11 94:16 96:9 98:19 99:1,4,10 103:18
**responding** 80:1
**response** 20:6 45:8 99:19,25 100:4,20 103:14
**responsive** 80:7
**rest** 129:11,12
**result** 58:2 90:3 106:19
**results** 113:4
**retainer** 121:16 121:17,18
**retention** 102:10
**return** 86:25
**returns** 58:15
**reversed** 79:14
**review** 99:13 100:21 101:17,22 103:13 129:19
**reviewed** 130:23
**reviews** 101:13
**revisions** 96:12
**rewrite** 57:7
**rich** 54:1 86:10
**ridiculous** 89:4
**right** 56:3,21 57:20 59:2 60:17 64:23 65:9 66:5 68:23 71:18 77:23

78:2,6 79:1,9,18
79:19 80:18,24
84:11 85:2,6 88:6
90:14 92:8,15,15
92:18,19 95:15
96:22 99:5,21
100:2 101:19,19
101:23 102:6
103:24 105:9,10
106:21 110:13
115:19 116:2
119:3 120:6 122:5
123:18,24 125:17
125:18 126:8
127:4 128:14,17
129:3 130:4
**rights**   57:5,10,12
68:16,17 71:22
72:24 75:19 77:7
77:21 79:25 80:13
80:20 81:2,15,18
82:5,16,22 83:9
85:8 89:23 91:20
116:8 130:17
**rmbs**   57:25 58:10
60:9 61:14,22
65:23,24 66:8
76:6 81:9 82:19
83:13 85:4,13
93:4,20 95:1 96:3
105:19 106:24,25
**road**   57:6 74:1
103:5 105:11
107:13 133:21
**role**   110:3
**roll**   119:9
**room**   89:10
123:20 125:12
**ross**   15:14 41:20
**round**   74:1 83:12
116:13 122:9
**route**   57:25,25

**rule**   31:9,15,21
32:4,10,16,22
33:4,10,16,22
34:4,10,16,22
35:4,10,16,22
36:4,10,16,22
37:4,10,16,22
38:4,10,16,22
39:4,10,16,22
40:4,10,16,22
41:4,10,16,22
42:4,10,16,22
43:4,10,16,22
44:4,10,16,22
45:4,10,16,22
46:5,10,16,22
47:4,10,16,22
48:4,10,16,22
49:4,10,16,22
50:4,10,16,22
51:4,10,16,22
52:4,10,16 81:20
81:21 87:1,24
88:5 91:12 112:3
122:12
**ruled**   76:12 77:25
81:21
**rules**   31:10,16,22
32:5,11,17,23
33:4,11,17,23
34:5,11,17,23
35:5,10,17,23
36:5,11,17,23
37:5,11,17,23
38:5,11,17,23
39:5,11,17,23
40:5,11,17,23
41:5,11,17,23
42:5,11,17,22
43:5,10,17,23
44:5,11,17,23
45:5,11,17,23
46:5,11,17,23

47:5,11,17,23
48:5,11,17,23
49:5,11,17,23
50:5,11,17,23
51:5,11,17,23
52:5,10,17 57:6
68:11
**ruling**   78:9 88:8
91:10
**rulings**   57:9 77:5
84:25 132:3
**runs**   78:23

**s**

**s**   22:23 47:9 49:9
53:1 56:1
**sacramento**   22:6
46:20
**safe**   131:4
**sanity**   109:4
**sat**   101:7
**saturday**   63:25
**savings**   54:9
**saying**   63:8 75:12
76:15 81:18 82:18
82:20 83:2 91:7,9
109:23 112:11,16
112:17,25 116:11
116:14 118:19
123:1,11,13,16,25
124:17
**says**   88:4 100:18
118:24 127:14
**sc**   23:9 29:1
**scan**   117:24
**scc**   1:3,10,18 2:1,9
2:17 3:1,9,17 4:1
4:9,17 5:1,9,17
6:1,9,17 7:1,9,17
8:1,9,17 9:1,9,17
10:1,9,17 11:1,9
11:17 12:1,9,17
13:1,9,17 14:1,9
14:17 15:1,9,17

16:1,9,17 17:1,9
17:17 18:1,9,17
19:1,9,17 20:1,9
20:17 21:1,9,17
22:1,10,18 23:1
23:17 24:1,9,17
25:1,9,17 26:1,9
26:17 27:1,9,17
28:1,9,17 29:9,18
31:6,12,18 32:1,7
32:13,19 33:1,7
33:13,19 34:1,7
34:13,19 35:1,7
35:13,19 36:1,7
36:13,19 37:1,7
37:13,19 38:1,7
38:13,19 39:1,7
39:13,19 40:1,7
40:13,19 41:1,7
41:13,19 42:1,7
42:13,19 43:1,7
43:13,19 44:1,7
44:13,19 45:1,7
45:13,19 46:1,7
46:13,19 47:1,7
47:13,19 48:1,7
48:13,19 49:1,7
49:13,19 50:1,7
50:13,19 51:1,7
51:13,19 52:1,7
52:13
**schedule**   71:15
87:21
**schoenberg**   54:13
**school**   79:5
**scope**   31:1 95:19
**screen**   69:25
**scrolled**   110:9
**seat**   56:2
**second**   118:18
120:15 126:1
**secondly**   75:10

**seconds** 56:20
**section** 107:25 108:1
**security** 15:22 20:14 45:15 54:2 69:6 86:14 113:13
**securitynational** 42:2
**see** 56:4 70:1 71:8 76:13 77:3,12 79:1,14,15 83:19 109:19 115:24 125:12
**seek** 56:16
**seeking** 96:6
**seen** 85:7 109:7,9
**select** 108:1 112:5 114:21 117:21 119:9
**selected** 113:20 115:1
**selecting** 108:15 120:3
**selection** 115:2,10 115:17
**selects** 118:16 119:4
**self** 96:24
**seller** 58:9
**sellers** 31:4 94:24 95:2,3 121:23 126:5,7
**send** 92:13,17 114:7,22
**sense** 77:11 81:11 94:8 102:24 114:2
**sensitive** 119:23 119:23
**separate** 56:24 57:3 60:15,19,22 60:24,24 61:8 62:12 63:4,9 66:25 68:8,12 72:12 73:14 79:24 80:21 88:16 95:9 108:24 127:21 128:13,20 129:1
**separately** 58:20 122:23 125:25 126:23
**series** 129:22
**serve** 79:24 99:9
**servicer** 105:13
**services** 9:14,22 11:6 20:6 22:23 27:22 37:8,14 38:15 45:8 47:8 51:2
**serving** 112:14
**set** 58:22 98:6 104:11 113:1,21 130:25
**sets** 62:19
**settle** 60:23 94:6 101:20 110:4 118:12 119:20 130:14
**settled** 61:14,18 65:10 93:4 95:9 111:2
**settlement** 66:8 77:21 81:9 85:3,4 90:3 95:1,21 105:3 106:19
**settlements** 76:6 83:13 95:23
**settles** 94:6
**sgb** 70:8
**shakes** 76:22
**shaking** 111:11
**share** 62:7,9 104:23
**shared** 113:5 122:8
**shares** 104:10
**shea** 6:22 35:8 55:18
**shelley** 30:22
**she's** 123:11,11 123:13,16 128:16
**shop** 110:14
**shops** 110:12
**shot** 81:5 115:16
**shouldn't** 83:3
**shown** 100:18
**shows** 70:1
**sic** 90:10
**side** 118:8 121:17
**sides** 111:14
**sierra** 19:14 44:20
**significant** 120:22 121:3,9
**silly** 93:24
**similar** 107:11
**similarly** 85:12
**simple** 11:22 39:2
**simply** 59:12 61:5 68:6 90:1 122:6
**single** 57:22
**sir** 69:5,12,14,14 75:11
**sitting** 125:11
**situation** 60:25 71:7 83:13 96:5 96:14 102:17 118:10,20 127:25
**six** 61:8
**skip** 83:3
**slide** 91:25
**slight** 96:7,8
**slow** 73:12 74:10
**slowed** 73:17 92:1
**small** 110:12,14
**smart** 89:15
**smith** 55:1
**sneakily** 77:7
**sold** 57:18,21,24 109:3
**solely** 100:19
**solutions** 133:20
**solve** 96:12 118:21
**somebody** 66:16 114:5 118:7,16,24
**someone's** 79:13
**sonya** 52:25 133:3 133:8
**soon** 74:3
**sophisticated** 110:4
**sorry** 64:3 66:20 66:21 67:7 69:12 69:14 73:3 74:18 74:23 82:12 84:21 87:3 102:19 107:14 109:8 124:3 126:3 127:7
**sort** 71:23
**sought** 75:25 107:8
**sound** 83:6,8 130:9
**southeast** 13:6 40:2
**southern** 1:2 72:21 111:25 112:3 113:25 117:8
**spare** 92:6
**speak** 56:14 69:22 70:2 113:16,17 116:2 117:18 126:18
**speaking** 90:17
**specific** 99:20,22 104:6 118:22
**specify** 99:25
**spend** 56:20,22 70:11 89:8
**spending** 130:16

**spent** 89:12
**spirit** 114:12
**split** 121:17
  122:10,14
**spoke** 56:6
**square** 55:10
**stage** 106:2
**standard** 2:14
  32:2 55:18 56:19
  62:24 91:21
**standards** 58:13
**standing** 98:24
**standpoint** 106:11
**standstill** 94:14
**starkey** 16:6 42:8
**start** 74:7,9,12
  94:11 99:3 100:14
  130:22
**started** 130:6
**state** 25:14 49:8
  102:9 111:25
**stated** 58:15 71:11
  91:10 127:8,9,10
**statement** 59:5
  70:8
**statements** 90:7
**states** 1:1 30:1
**statute** 75:24 76:7
  78:22 79:3,12
**statutes** 102:9
**stayed** 97:10
**staying** 97:11
**stearns** 2:6 31:19
**step** 95:24
**sterling** 13:14
  40:8
**stipulate** 81:19
**stipulation** 86:22
**stop** 66:2,2,2,2
  106:5
**store** 23:6 47:14
**streams** 106:18

**street** 108:25
**struggling** 77:12
**stuff** 60:6 81:13
  93:17
**sub** 74:2,4
**subject** 70:18
  72:25 85:16 88:4
  88:6,25 91:4
  113:25 116:9
  126:18 128:13
  129:1
**submission** 96:19
**submit** 63:22 68:7
  126:14 127:2
**subsection** 122:18
**subsequent** 66:8
  77:16 79:4
**subsequently**
  57:23
**substance** 127:21
**substantial** 78:8
**substantially**
  98:16,19
**substantive** 57:2
  77:5
**substantively**
  116:7
**subtext** 94:7
**suburban** 7:6
  35:14 53:14 59:21
**succeed** 118:25
  119:8
**succeeding**
  120:12
**success** 96:1,2
**successful** 95:8
  104:12
**successor** 22:6
  29:14 49:15
**sue** 66:9
**sued** 66:17
**sufficient** 84:17
  85:21 105:7

**suggest** 86:20
  113:22 130:15
**suggested** 119:13
**suggesting** 87:4
  87:13,17 88:12
  117:9
**suggestion** 86:15
  88:7 111:20 119:2
  119:14
**suggestions** 89:14
  119:18 121:21
**suite** 53:20 106:9
  133:22
**sumberg** 55:15
**summarized**
  96:17
**sun** 7:14 35:20
**sunday** 63:25
**sunset** 23:14
  47:20
**supplement** 56:18
  67:14,19 72:12
  89:22 90:15 91:24
**supplemental**
  62:24 70:14 71:17
  80:8 84:16 91:19
**supplemented**
  57:4 58:8 71:24
  80:3
**supplementing**
  68:24 89:9 91:15
**sure** 58:23 69:10
  70:20 72:16 73:1
  75:3 76:16,22
  78:24 86:4,16
  103:15 104:15
  107:21 121:13
  125:18 126:16
  127:7
**surrounding**
  93:20
**suspended** 87:5

**t**

**t** 49:15 83:6 133:1
  133:1
**table** 93:3 108:9
  108:12 109:14
  110:22 111:1,8,9
  111:10
**take** 57:18 58:9
  60:14 67:3,19
  70:24 72:17 81:5
  99:11 103:13
  114:9 115:16
  118:15 125:10
  130:15
**takes** 80:1
**talk** 69:24 97:6
  101:2 102:18
  124:25
**talked** 56:17 74:5
  113:18
**talking** 56:20 64:4
  64:10,14 77:12,15
  99:12 106:22
  128:10,23
**tax** 58:15
**technical** 68:10
  72:5,17 74:18
  76:11,24 91:14
**technicalities**
  76:17,18
**technically** 71:4
  75:20
**technological**
  102:14
**technology**
  102:14 115:23
**technology's**
  74:25
**tell** 65:21 81:25
  85:22 87:14 93:11
  93:12,12,13,14,14
  93:16 101:18,19
  104:7 121:3,8

**telling** 100:6 124:4
**tells** 118:7
**tens** 95:10
**terms** 67:25 116:9 116:9
**terrible** 110:18
**thank** 56:3 59:16 63:17 69:1 74:14 84:9 86:6 90:25 107:15 113:17 114:17 116:3,5 117:20 128:6 130:3 131:1,2,3,5 131:6
**thanks** 86:13 104:9
**that's** 57:11,11 58:3 59:4,14,14 60:7 63:10 66:9 66:17 67:6,7,15 68:4,15,23 69:11 74:13 75:9,18 76:2,9 78:5 79:1,9 79:19 80:2,3 81:2 83:7 87:13,17,23 88:10 90:3,3 107:13 109:18 111:5 113:21 116:8,12 118:9 119:1,8 121:11 123:3 124:6,14 125:18 127:9,10 127:15,21 128:11
**theories** 120:3
**there'll** 82:22
**there's** 57:1 59:14 59:15 69:23 70:1 70:9 73:16 75:7 76:1 81:2,4,8,14 87:5,18 88:4 91:22 109:25 127:1,20
**they'll** 85:20
**they're** 65:23,23 67:18,19,20 68:8 68:17 79:23,24 81:18,22,23 82:21 90:1 106:14 111:8 112:13 114:20 117:24 125:5,8 126:19,23 129:10
**they've** 80:10 106:13
**thing** 63:24 68:3,4 68:9 73:25 74:6,9 75:3,6 76:2 79:22 80:12,25 91:7,9
**things** 56:15 57:14 58:25 70:22 72:11,16 76:18 89:7,13 91:13 92:7,8 94:13 97:20 105:1 106:2 108:10,10 110:19
**think** 58:18 59:15 59:17 65:1 69:19 69:20 70:12 72:3 72:5,6,17 75:10 79:16,21,23 82:23 84:7 85:22 90:23 95:24 96:16,24 98:16 101:19,20 102:13 104:9,16 104:20 105:6 108:2,5,9 110:5 112:4 113:1,18 114:7,23 115:7,14 116:8,23 117:11 118:5,14 119:1 123:1,25 125:2 127:1,9 129:15
**third** 61:12 67:21 84:16
**thought** 70:21 83:15 84:19 88:9 106:22 113:4 124:3
**thoughts** 117:23
**three** 60:11 61:7 93:20 101:7
**tied** 112:19
**time** 56:6,20,23 58:17 59:3 63:3 63:25 66:24 69:15 69:18,25 70:11 71:15 76:20 81:6 82:20 83:14 84:8 86:22 87:5,21 89:8,12 90:11 98:18,21 99:3 100:5 103:4 104:25 106:8 107:24 110:21 113:7 114:21 120:6,14,17 122:4 130:16
**timely** 77:25 82:25
**today** 64:20 65:17 124:1 126:20 129:12
**told** 62:10 66:3 84:24 128:11,12
**track** 62:13 101:23
**tracy** 53:23 63:18
**transcribed** 52:25
**transcript** 105:18 133:4
**transfer** 78:25 83:20,23 85:13
**transferred** 85:8
**trap** 79:15
**traveled** 56:3
**traveling** 64:8,9
**travels** 131:4
**treatment** 108:19 123:12,15 129:8
**trial** 60:24 74:12 93:20 101:21 105:18,19 106:15 130:23,25
**trials** 60:19,22,24 61:23 99:14
**tried** 68:9 104:23
**true** 99:16 133:4
**truncate** 130:17
**trust** 59:21 70:7 95:1 108:8 118:6 118:9,14 129:6
**trustee** 77:24 95:21
**trustees** 65:15 78:16 85:13 106:24,25
**try** 73:8 87:2 100:7 108:19 110:8 115:10 116:19 119:20 121:7 123:20
**trying** 65:20,23 66:19 68:17 75:12 82:24 86:2 88:13 96:11 102:22 107:3,7,8 108:17 108:20 118:20 129:14
**two** 60:8 61:16,23 83:2 96:25 98:6 108:7 109:2 112:17,22,23 120:5 125:10,15 126:17
**type** 56:12 58:13 58:18,21
**types** 61:2 89:6 96:16

**u**

**u.s.** 30:23
**ultimately** 58:2 123:21

**unclear** 70:25 114:18
**unconvinced** 113:19
**undercuts** 122:6
**underlying** 57:16 70:22
**understand** 61:15 61:17,20 62:7 63:24 65:22 67:2 75:12 82:14 84:2 84:21 85:14,19 90:14 92:21 101:11,14 103:1 104:18 106:10 108:17,20 109:16 111:1,4,7 113:7 117:3,20 122:15
**understanding** 59:3 66:22
**understands** 94:23
**understood** 85:24 121:17
**underwriting** 58:13
**unduly** 128:22
**unfortunate** 90:23
**unfortunately** 71:15
**unheeded** 56:24
**united** 1:1 30:1
**universal** 7:22 36:2 55:19 74:3
**unmatured** 77:21 85:1
**unnecessarily** 81:13 96:10
**unnecessary** 115:5
**unpersuaded** 113:19

**unquestionably** 58:7
**unquote** 70:13
**unreasonable** 107:11
**unwary** 79:15
**urge** 130:10
**urging** 114:12
**use** 114:8 116:14 117:8,9
**useful** 86:6
**utah** 117:12

**v**

**v** 1:14,22 2:5,13 2:21 3:5,13,21 4:5 4:13,21 5:5,13,21 6:5,13,21 7:5,13 7:21 8:5,13,21 9:5 9:13,21 10:5,13 10:21 11:5,13,21 12:5,13,21 13:5 13:13,21 14:5,13 14:21 15:5,13,21 16:5,13,21 17:5 17:13,21 18:5,13 18:21 19:5,13,21 20:5,13,21 21:5 21:13,21 22:5,14 22:22 23:5,13,21 24:5,13,21 25:5 25:13,21 26:5,13 26:21 27:5,13,21 28:5,13,21 29:5 29:13,22 31:7,13 31:19 32:2,8,14 32:20 33:2,8,14 33:20 34:2,8,14 34:20 35:2,8,14 35:20 36:2,8,14 36:20 37:2,8,14 37:20 38:2,8,14 38:20 39:2,8,14 39:20 40:2,8,14

40:20 41:2,8,14 41:20 42:2,8,14 42:20 43:2,8,14 43:20 44:2,8,14 44:20 45:2,8,14 45:20 46:2,8,14 46:20 47:2,8,14 47:20 48:2,8,14 48:20 49:2,8,14 49:20 50:2,8,14 50:20 51:2,8,14 51:20 52:2,8,14
**varies** 99:18 100:4
**various** 110:17
**venditto** 55:6
**venue** 70:19 81:24 82:10 83:20,24 91:6
**ver** 101:6
**verification** 58:21
**veritext** 133:20
**version** 88:17
**versus** 72:12 89:9 91:15 102:24
**view** 84:14,25 89:21 92:8 112:12
**virtually** 56:16,24 57:21
**voice** 129:18
**voluminous** 94:15

**w**

**w** 54:20 58:14
**wait** 59:18 75:11 75:11,11 82:13 87:2,2,2,2 92:11 113:10 117:3 130:5
**waiting** 109:6
**waived** 88:7 89:1 89:2
**waiving** 89:3
**walk** 69:24

**walked** 108:24 109:2
**wand** 108:14
**want** 59:24 69:10 70:11 75:3,6,9,12 75:14,15,19 76:4 76:11,15,22 79:19 81:1,15,17 86:1 86:23 87:21 88:2 88:18 89:18 91:12 94:22 95:7,13 96:25 100:5,11 102:2 103:8 105:25 108:5 109:5,6,17,24 110:21 111:7 113:1 117:17 118:24 119:19,19 121:20 124:18 127:4,7 130:8,10
**wanted** 84:1,12 90:5,12 98:5 101:15 107:18
**wanting** 70:2
**wants** 57:14 62:6 81:5 94:9,11 104:7 116:1 123:2 123:11,12 124:1
**wasn't** 88:8 107:7 127:6
**waste** 68:15 92:6
**wasteful** 80:9
**wastefulness** 68:22
**wax** 67:8
**way** 56:17 58:23 62:23 63:10,13 72:9 80:4 89:21 89:21,22 91:7,10 91:21 98:24 100:4 100:5 112:9 114:14 130:11 131:1

**ways**  63:5
**we've**  93:25 96:15
**week**  93:20
**weekend**  71:16
  73:6
**weeks**  101:7
**wei**  21:6,6 46:2,2
  54:16
**welcome**  74:20,22
**went**  57:24,25
  63:4
**weren't**  67:9
**west**  21:22 46:14
**we'd**  71:7 81:19
  86:5 114:23 126:4
  126:11
**we'll**  56:4 69:20
  69:20 91:8 116:18
  124:12 125:18
**we're**  59:12 63:14
  68:2 73:25 74:4
  81:12 82:18,20
  83:13 88:13,15
  90:11,20,22 91:7
  91:25 92:9,11
  109:24 117:7,8,18
  118:13,22 119:9
  120:8 122:7 125:7
  125:9,16 128:9,23
  130:4,19
**we've**  70:3 75:4
  81:13 85:6 108:4
  108:18 109:18
  113:18 120:8,13
  123:9 125:10,24
  126:11
**what's**  64:23
  65:16,18 66:14,15
  66:15 69:8 76:3
  77:18 82:15,17
  91:13 109:9
  112:20 115:6

**wheel**  122:3
**wherewithal**
  66:24
**white**  54:15 55:8
**widget**  63:10
**widgets**  63:9
**william**  53:8
**willing**  89:6,8
**windsor**  17:22
  43:14
**winstar**  26:22
  50:8
**wintrust**  26:6
  49:20 120:18,19
**wish**  90:15
**wishes**  66:9
**withdraw**  91:1
  108:4
**witnesses**  60:5
**wj**  26:14 50:2
**wollmuth**  53:3
**won't**  70:12 73:16
**words**  84:23
  90:24
**work**  72:6,23
  90:11 91:6,17,19
  92:5 93:1 98:23
  111:17,22 112:10
  114:12 116:19,19
  122:23,24 124:25
  125:13
**worked**  89:7
  110:23
**works**  63:10,13
  74:25
**world**  129:11
**wouldn't**  61:2
  67:4 71:20,25
  86:23 126:20
**would've**  68:13
**wound**  65:14
**wounds**  107:9

**wr**  16:6 42:8
**wrap**  125:16
**write**  85:23
**writing**  108:3
**wrong**  79:13 82:1
  101:20

**x**

**x**  1:4,9,11,17,19
  1:25 2:2,8,10,16
  2:18,24 3:2,8,10
  3:16,18,24 4:2,8
  4:10,16,18,24 5:2
  5:8,10,16,18,24
  6:2,8,10,16,18,24
  7:2,8,10,16,18,24
  8:2,8,10,16,18,24
  9:2,8,10,16,18,24
  10:2,8,10,16,18
  10:24 11:2,8,10
  11:16,18,24 12:2
  12:8,10,16,18,24
  13:2,8,10,16,18
  13:24 14:2,8,10
  14:16,18,24 15:2
  15:8,10,16,18,24
  16:2,8,10,16,18
  16:24 17:2,8,10
  17:16,18,24 18:2
  18:8,10,16,18,24
  19:2,8,10,16,18
  19:24 20:2,8,10
  20:16,18,24 21:2
  21:8,10,16,18,24
  22:2,9,11,17,19
  22:25 23:2,8,10
  23:16,18,24 24:2
  24:8,10,16,18,24
  25:2,8,10,16,18
  25:24 26:2,8,10
  26:16,18,24 27:2
  27:8,10,16,18,24
  28:2,8,10,16,18
  28:24 29:2,8,10

  29:17,19,25
  114:23 132:1

**y**

**y**  114:24
**yeah**  64:11,18
  65:2 69:17 71:13
  74:23 87:14 95:4
  96:18,18 98:8
  115:3 120:19
  122:10 123:9,16
  124:6,9,11
**years**  83:2 108:18
  108:23 110:24
  111:4
**york**  1:2 30:3 53:6
  54:4,11 55:4
  63:25 110:7 117:1
  117:9,13
**you'll**  119:14
  124:15 125:13
  129:6
**you're**  63:8 64:3
  64:10,14 66:14
  73:17 75:12 80:13
  80:13 85:22 87:13
  87:24 88:11 89:3
  89:15 90:8 92:1
  105:23 106:15,17
  107:2,2 109:19,20
  109:23 110:1,2,4
  110:6,7 111:11
  112:11 113:16
  115:13 117:7,9
  118:8 119:13
  125:11
**you've**  86:20 88:1

**z**

**zealously**  90:18