**OBJECTION DEADLINE: May 17, 2019 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if an objection is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
```
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (SCC)
                                        :
                  Debtors.              :    (Jointly Administered)
                                        :
```
------------------------------------------------------------------x

### NOTICE OF HEARING ON PLAN ADMINISTRATOR'S OBJECTION TO CERTAIN AMENDED CLAIMS (REDUCE AND DISALLOW CLAIMS)

**PLEASE TAKE NOTICE** that on April 16, 2019, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third*

*Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*

(the "Plan"), on behalf of BNC Mortgage Inc. ("BNC"), filed an objection to certain amended

claims (the "Objection"), all as more fully described in the Objection, and that a hearing to

consider the Objection will be held before the Honorable Shelley C. Chapman, United States

Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy

Court"), on a date to be scheduled if an objection is filed (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **May 17, 2019 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if a response to the Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

WEIL:\96974461\6\58399.0011

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 16, 2019
     New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**OBJECTION DEADLINE: May 17, 2019 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if an objection is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                             :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (SCC)**
:
**Debtors.**                      :        **(Jointly Administered)**
:
-----------------------------------------------------------------x

## THE PLAN ADMINISTRATOR'S OBJECTION
## TO CERTAIN AMENDED CLAIMS (REDUCE AND DISALLOW CLAIMS)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

Jurisdiction................................................................................................................................2

Background................................................................................................................................2

The amended claims.................................................................................................................3

**STANDARD OF REVIEW** ..................................................................................................7

**CLAIMANTS HAVE FAILED TO STATE A CLAIM FOR DEFAMATION**.....................9

I.      Statements of Opinion ...................................................................................................9

II.     Common Interest Privilege .........................................................................................11

**PROCEDURES FOR REDUCTION OF AMENDED CLAIMS**..........................................13

**CONCLUSION** ....................................................................................................................14

**NOTICE** ..............................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..........................................................................................................7, 8

*Aviel v. Cal. State Univ.,*
  2003 Cal. App. Unpub. ..........................................................................................................9

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..........................................................................................................7

*Biggins v. Hanson,*
  252 Cal. App. 2d 16 (1967) ..........................................................................................................12

*Cortec Industries, Inc. v. Sum Holding L.P.,*
  949 F.2d 42 (2d Cir. 1991) ..........................................................................................................8

*Deaile v. General Tel. Co. of California,*
  40 Cal. App. 3d 841, 115 Cal. Rptr. 582 (1974)..................................................................11

*Decambre v. Rady Children's Hosp.-San Diego,*
  235 Cal. App. 4th 1 (2015) ..........................................................................................................10

*Ferlauto v. Hamsher,*
  74 Cal. App. 4th 1394 (1999) ..........................................................................................................10

*Gould v. Maryland Sound Indus., Inc.,*
  31 Cal. App. 4th 1137, 1154 (1995)..................................................................10

*Goyet v. Dean,*
  2003 Cal. App. Unpub. LEXIS 6255, *37 (June 26, 2003)....................................................9

*Gregory v. McDonnell Douglas Corp.,*
  17 Cal. 3d 596 (1976)..........................................................................................................9

*I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.,*
  936 F.2d 759, 762 (2d Cir. 1991)..................................................................8

*I.S. Sahini Inc., et al. v. Scirocco Financial Grp. Inc.,*
  2005 U.S. Dist. LEXIS 21876 (S.D.N.Y. 2005)..................................................................8

*Integrated Healthcare Holdings, Inc. v. Fitzgibbons,*
  140 Cal. App. 4th 515 (2006) ..........................................................................................................10

*Kacludis v. GTE Sprint Communications Corp.*,
  806 F. Supp. 866 (N.D. Cal. 1992) ...................................................................13

*Kelly v. General Tel. Co.*,
  136 Cal. App. 3d 278 (1982) ............................................................................12

*King v. UPS*,
  152 Cal. App. 4th 426 (2007) .....................................................................11, 12

*In re Lehman Bros. Holdings Inc.*,
  515 B.R. 171, 174 (Bankr. S.D.N.Y. 2014) (Chapman, J.) ........................................7

*In re Lehman Bros. Holdings Inc.*,
  No. 08-13555, 2014 WL 2766164 (Bankr. S.D.N.Y. June 18, 2014)
  (Chapman, J.) ..................................................................................................7

*McGrory v. Applied Signal Technology, Inc.*,
  212 Cal. App. 4th 1510 (2013) .........................................................................12

*Milkovich v. Lorain Journal Co.*,
  497 U.S. 1 (1990) ...........................................................................................9

*Pashman v. Aetna Ins. Co.*,
  2014 U.S. Dist. LEXIS 98190 (N.D. Cal. July 18, 2014) ........................................12

*Phila. Parking Auth. v. Fed. Ins. Co.*,
  385 F. Supp. 2d 280 (S.D.N.Y. 2005) .................................................................8

*Robomatic, Inc. v. Vetco Offshore*,
  225 Cal. App. 3d 270 (1990) ............................................................................12

*Sazerac Co. v. Falk*,
  861 F. Supp. 253 (S.D.N.Y. 1994) ....................................................................9

*Shively v. Bozanich*,
  31 Cal. 4th 1230 (2003) ...................................................................................9

*In re Spiegel, Inc.*,
  337 B.R. 821 (Bankr. S.D.N.Y. 2006) ................................................................7

*Taylor v. Vt. Dep't of Educ.*,
  313 F.3d 768, 776 (2d Cir. 2002) ......................................................................8

*Tellabs, Inc. v. Makor Issuers & Rights, Ltd.*,
  551 U.S. 308 (2007) ........................................................................................8

*ZL Technologies, Inc. v. Does 1-7*,
  13 Cal. App. 5th 603, 624 (2017) ......................................................................10

**Other Authorities**

28 U.S.C. § 157(b) ................................................................................................................2

28 U.S.C. § 1334 ..................................................................................................................2

United States Code title 11 chapter 11 ................................................................... 1, 2, 3, 5, 14

Bankruptcy Code Section 105 ................................................................................................2

Bankruptcy Rule 7012 ..........................................................................................................7

Bankruptcy Rule 7012(b) ......................................................................................................7

Bankruptcy Rule 9014 ..........................................................................................................2

Bankruptcy Rule 9014(c) ......................................................................................................7

Cal. Civ. Code § 47(c) .................................................................................................... 11, 12

Federal Rules of Bankruptcy Procedure Rule 1015(b) .............................................................2

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................................................7

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [ECF No. 22737] (the "Plan"), on behalf of BNC Mortgage Inc. ("BNC"), files this objection (the "Objection") to certain Amended Claims (as defined below) and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      By this Objection, the Plan Administrator objects to the amended proofs of claim (claim numbers 68258, 68259, 68260, 68261, 68262, and 68263, collectively, the "Amended Claims") filed against BNC by claimants Michelle Seymour, Sylvia Vega-Sutfin, Cheryl McNeil, Linda (Weeks) Howard-James, Isabel Guajardo, and Coleen Denise Colombo, respectively (collectively, the "Claimants").

2.      As the Court is well aware, the Debtors and the Plan Administrator have expended an inordinate amount of time, effort, and expense in trying to negotiate a settlement with the Claimants and reach a consensual resolution with respect to the Original Claims (as defined below) and the Amended Claims.  Unfortunately, such discussions have not been successful to date.

3.      Although the Amended Claims ostensibly were filed to take into account prior rulings of this Court with respect to the Original Claims, the Plan Administrator believes that the Amended Claims remain vastly overstated and without basis in the pleadings.

4.      Even assuming that all of the allegations in the Amended Claims are true and drawing all reasonable inferences in favor of the Claimants, it is clear that the Claimants have not made out a prima facie case that the Amended Claims should be allowed in the amounts

requested. Specifically, a substantial portion of each Amended Claim must be reduced and/or disallowed on account of the fact that the Claimants' defamation allegations fall on the grounds that they are (a) statements of opinion, and/or (b) covered by the common interest privilege, as set forth more fully below. Granting the relief requested herein will help to streamline the discovery process and to define issues for the trial, thereby reducing the expense and delay associated with liquidating the Amended Claims.

5.        For the foregoing reasons and as set forth more fully below, the Plan Administrator respectfully requests that the Court reduce and disallow the portion of each Amended Claim attributable to defamation allegations based on statements of opinion and/or covered by the common interest privilege.

## JURISDICTION

6.        This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

7.        Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). BNC commenced its Chapter 11 Case on January 9, 2009.

8.        On April 19, 2010, the Court entered the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for*

*Claims Against Debtors* (as amended and/or modified, the "Claims Procedures Order") [ECF No. 8474].

9.      On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator, among other things, is authorized to interpose and prosecute objections to claims filed against the chapter 11 estates of LBHI and its affiliates who commenced the Chapter 11 Cases (the "Chapter 11 Estates").

## THE AMENDED CLAIMS

10.     The Claimants are six former BNC employees who left BNC in 2005. Each Claimant filed a complaint against BNC with the California Department of Fair Employment and Housing ("DFEH") on September 7, 2005. Shortly after having filed the complaint with DFEH, five of the six Claimants orchestrated a mass resignation and simultaneously submitted virtually identical resignation letters to BNC.

11.     Approximately three months later, on November 18, 2005, the Claimants commenced an action in the Superior Court of the State of California, County of Sacramento, against BNC and three former BNC employees (the "California Action"), asserting claims for employment discrimination, harassment, failure to prevent discrimination, retaliation, intentional infliction of emotional distress, defamation, wrongful termination, breach of implied and/or express contract of continued employment, and breach of implied covenant of good faith and fair dealing. The parties were in the midst of depositions and document review, when the California Action was stayed by the commencement of BNC's Chapter 11 Case on January 9, 2009.

12.     On July 7, 2009, each Claimant filed a proof of claim (claim numbers 5222, 5223, 5224, 5225, 5226, and 5227 (collectively, the "Original Claims")) against BNC asserting both compensatory and punitive damages in the aggregate amount of $35 million.

Each Claimant (other than Claimant Howard-James) asserted an Original Claim in the amount of $5 million in damages, and Claimant Howard-James asserted an Original Claim in the amount of $10 million.  The only documentation supplied in support of each Claim is a copy of the complaint (the "Complaint") filed in the California Action.

13.    On August 20, 2013, the Plan Administrator filed the Four Hundred Thirty-First Omnibus Objection to Claims (Reduce and Allow Claims) [ECF No. 39569] (the "Omnibus Objection") seeking to reduce and allow, inter alia, the Original Claims.  The Plan Administrator denied liability and argued that the Original Claims were inflated and should be reduced to reflect a fair, accurate and true measure of each Claimant's damages.  A chart setting forth the amount of the Original Claims and the Plan Administrator's proposed treatment of the Original Claims is annexed hereto as Exhibit A.

14.    On October 31, 2013, the Plan Administrator filed the Notice of ADR Procedures and Scheduling of Claims Objection Hearing With Respect to Objection to Proof of Claim Nos. 5222, 5223, 5224, 5225, 5226 and 5227 [ECF No. 40923].  In accordance with the Claims Procedures Order, BNC and Claimants participated in mediation in San Francisco, California, on May 5, 2014, August 13, 2014, and April 2, 2015.  All three mediations concluded at an impasse.

15.    On June 24, 2014, Claimants filed the Motion for Relief from Stay and Injunction Provided Under Plan [ECF No. 4484] and, on August 28, 2014, filed the Supplemental Motion for Relief from Stay and Injunction Provided Under Plan [ECF No. 46189] (the "Stay Relief Motions").  The Court denied the relief requested in the Stay Relief Motions pursuant to an order entered on October 21, 2014 [ECF No. 46545].

16.    On June 22, 2015, the Plan Administrator filed the Plan Administrator's Supplemental Objection to the Four Hundred Thirty-First Omnibus Objection to Claims (Reduce and Allow Claims) [ECF No. 50054] (the "Supplemental Objection").   In the Supplemental Objection, the Plan Administrator argued that the Claimants have not made out a prima facie case that the Original Claims should be allowed in the amounts requested.   Specifically, the Plan Administrator argued that a substantial portion of each Claim must be reduced and/or disallowed on account of  the fact that (i) Claimants have patently failed to state a claim for defamation; (ii) BNC ceased operating on October 22, 2007 and, therefore, any claims for loss of income and benefits necessarily ended at such time; and (iii) the record before the Court and the circumstances of the Debtors' chapter 11 cases warrant disallowance of any claims asserted by the Claimants for punitive damages.

17.    On August 4, 2015, the Court held a hearing on the Omnibus Objection and the Supplemental Objection.  On April 13, 2017, following yet another attempt at settlement, the Court issued its ruling regarding the Plan Administrator's Omnibus Objection and Supplemental Objection (the "Ruling").   In its Ruling, the Court made the following findings of fact and law:

(A)    The Claimants have failed to state a claim of defamation against BNC. The Court, however, allowed the Claimants to amend their Original Claims to plead the substance of any allegedly defamatory statements made.

(B)    The Claimants are precluded from recovering lost wages from BNC for the period after BNC's closure on October 22, 2007.   The Court noted, however, that the Claimants are not precluded from seeking damages suffered on account of alleged loss of

earning capacity and allowed the Claimants to amend their Original Claims to plead the basis for any claim for lost earning capacity.

(C)    The Claimants' claims for punitive damages were denied, with prejudice.

18.    On May 30, 2017, the Claimants filed a motion seeking leave from the District Court to pursue an interlocutory appeal of the Court's Ruling with respect to the Claimants' punitive damages claims [CV-04034 (RJS) Vega-Sutfin v. Lehman Brothers Holdings, Inc., ECF No. 3].   On January 10, 2018, the District Court denied the Claimants' motion for leave to appeal [CV-04034 (RJS) Vega-Sutfin v. Lehman Brothers Holdings, Inc., ECF No. 11].

19.    Ostensibly in accordance with the Court's Ruling, on June 7, 2017, each Claimant filed its Amended Claim.  Each Claimant asserted an Amended Claim in the amount of $4.5 million in damages.  The breakdown of each Amended Claim was identical and included (i) $2 million in damages for emotional distress and general damages for defamation; (ii) $2 million in economic damages (past loss and loss of earning capacity); and (iii) $500,000 in attorney fees and costs.  In other words, each Amended Claim reflected a $500,000 deduction in comparison to the relevant Original Claim, with the exception of Amended Claim number 68216, which reflected a $5.5 million deduction in comparison to the relevant Original Claim.

20.    Each Amended Claim also attempted to plead the substance of the alleged defamatory statements, as required by the Ruling.  A chart setting forth the substance of the alleged defamatory statements pertaining to each Claimant is annexed hereto as Exhibit B.

21.    As set forth more fully below, the Plan Administrator submits that the Amended Claims do not reflect a good faith effort to amend the Original Claims pursuant to the

Court's Ruling.  Rather, the Amended Claims are yet again (albeit slightly less) inflated and do not reflect a fair, accurate and true measure of each Claimant's damages.

## STANDARD OF REVIEW

22.    Pursuant to the Claims Procedures Order, the standard of review to be applied at a non-evidentiary hearing addressing the legal sufficiency of a particular contested claim and whether the contested claim states a claim under Bankruptcy Rule 7012[1] is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim.  *See In re Lehman Bros. Holdings Inc.*, 515 B.R. 171, 174 (Bankr. S.D.N.Y. 2014) (Chapman, J.) (mem. decision sustaining Plan Administrator's objection to claims under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)")) (internal citations and quotation marks omitted); *accord In re Lehman Bros. Holdings Inc.*, No. 08-13555, 2014 WL 2766164 at *1–2 (Bankr. S.D.N.Y. June 18, 2014) (Chapman, J.); *see also In re Spiegel, Inc.*, 337 B.R. 821, 824–25 (Bankr. S.D.N.Y. 2006) (applying Rule 12(b)(6) to a claims objection pursuant to Bankruptcy Rule 9014(c)).

23.    A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules requires the court to assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party.  Moreover, the plaintiff is required to "set forth enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding plaintiffs' complaint must be dismissed because they have not nudged their claims across the line from conceivable to plausible); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009).  A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to

---

[1] Bankruptcy Rule 7012(b), which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), permits a bankruptcy court to dismiss an adversary proceeding if a plaintiff's complaint fails to state a claim upon which relief may be granted.

"unlock the doors of discovery." *Iqbal*, 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

24.    In addition to assuming the facts in a well pleaded complaint to be true, it is well settled that the Court may also rely upon any information of which the court can take judicial notice. *See Tellabs, Inc. v. Makor Issuers & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (determining that a reviewing court can consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and public records when considering a motion to dismiss).

25.    Additionally, in considering the sufficiency of a pleading, a court may consider documents referenced in the complaint, as well as information submitted by the defendant that contradicts the plaintiff's allegations. *See, e.g., I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir. 1991) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading") (citations omitted); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (holding that district court was entitled to consider documents submitted by the defendant in deciding the motion to dismiss because they were documents plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit); *I.S. Sahini Inc., et al. v. Scirocco Financial Grp. Inc.*, 2005 U.S. Dist. LEXIS 21876, at *11-12 (S.D.N.Y. 2005) (dismissing a claim for defamation based on defendant's submission that flatly contradicted plaintiff's allegations); *Phila. Parking Auth. v. Fed. Ins. Co.,* 385 F. Supp. 2d 280 (S.D.N.Y. 2005) (finding that even where documents are not explicitly incorporated, a court may consider them if they are integral to the complaint.).   When a defendant propounds such documentary evidence, the erroneous claims within a complaint are

not presumed to be true. *See Sazerac Co. v. Falk,* 861 F. Supp. 253, 257 (S.D.N.Y. 1994) ("If the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint.") (citations omitted).

## CLAIMANTS HAVE FAILED TO STATE A CLAIM FOR DEFAMATION

26.    In order to prevail on a defamation claim, California law requires a plaintiff must plead a defamatory statement concerning plaintiff that is published which causes harm to plaintiff. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003).

27.    Despite having been given an opportunity to re-plead their defamation claims, the Claimants' defamation allegations in the Amended Claims fail on the grounds that they are statements of opinion and are covered by the common interest privilege.

## I.    Statements of Opinion

28.    Under California law, an alleged defamatory statement – i.e., any form of communication or representation – must be of fact, not opinion. *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600 (1976). Statements of opinion are generally not actionable under California law. See *Aviel v. Cal. State Univ.*, 2003 Cal. App. Unpub. LEXIS 11173, at *31 n.6 (Nov. 25, 2003) (statement that an employee was a snake and a dishonest trouble maker was inactionable); *Goyet v. Dean*, 2003 Cal. App. Unpub. LEXIS 6255, *37 (June 26, 2003) ("[D]efendants' characterizations of Plaintiff as a 'trouble-maker,' a 'shady character,' a liar or a 'crook' and statements that Plaintiff would 'steal all of the Association's money' . . . are not actionable as false statements of fact but are instead 'broad, unfocused and wholly subjective' comments reflecting the defendants' personal opinions about Plaintiff and/or his conduct.").

29.    Opinions are actionable only if they can reasonably be understood as declaring or implying actual facts capable of being proven true or false. See *Milkovich v. Lorain*

*Journal Co.*, 497 U.S. 1, 20 (1990); *Integrated Healthcare Holdings, Inc. v. Fitzgibbons*, 140

Cal. App. 4th 515, 527 (2006); *Decambre v. Rady Children's Hosp.-San Diego*, 235 Cal. App.

4th 1, 27 (2015) (statement that doctor "was not a team player" was inactionable opinion); *Gould*

*v. Maryland Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1154 (1995) (statement accusing plaintiff

of "poor performance" is a statement of opinion and not actionable).   In the same vein, rhetoric,

epithets, "lusty and imaginative expressions of contempt and words used in a loose, figurative

sense" are not actionable statements of fact.   *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1401

(1999).   Further, a recent case has stated that

> Use of *hyperbolic, informal, crude or ungrammatical language,*
> *satirical tone, or vituperative, juvenile name-calling* provide
> support for the conclusion that offensive comments were
> nonactionable opinion.   Similarly, *overly vague statements, and*
> *generalized comments lacking any specificity as to the time or*
> *place* of alleged conduct may be a further signal to the reader there
> is no factual basis for the accusations.

*ZL Technologies, Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 624 (2017) (internal quotations and

citations omitted) (emphasis added).

> 30.    Here, the statements alleged in the Amended Claims pertaining to

Claimants Colombo, Howard-James, Guarjardo and McNeil are all inactionable statements of

opinion.   For example, the alleged statements included in the Amended Claims relating to

Claimants Colombo and Howard-James being "trouble makers" and other statements degrading

their skills and abilities, *see, e.g.,* Colombo Claim, Exhibit A at ¶147-148, and all of the

allegations included in the Amended Claims relating to Claimants Guarjardo and McNeil, *id.*, are

all statements of opinion.   As such, the Plan Administrator submits that such statements are not

actionable under California Law.

## II.    Common Interest Privilege

31.    California law grants employers a privilege to communicate without malice, with persons who have a "common interest" in the subject matter of the statements.  The "common interest privilege" goes to the publication element of defamation.  The common interest privilege protects certain communications from employers to employees under certain circumstances. Cal. Civ. Code § 47(c).  The privilege applies when communications are reasonably calculated to advance or protect the interests of the communicator or the person to whom the communication is made on a matter of "common interest." *Deaile v. General Tel. Co. of California*, 40 Cal. App. 3d 841, 846, 115 Cal. Rptr. 582 (1974).

32.    Because employers and employees have a common interest in preserving morale and job efficiency, an employer's statement to employees regarding the reasons for an employer's adverse employment action are generally privileged.  *King v. UPS*, 152 Cal. App. 4th 426, 440 (2007) (An employer may tell its employees that it fired an employee for falsifying timecards in order to communicate a legitimate interest: to make its employees aware of the penalties for falsifying records).

33.    Claimants' allegations that BNC made statements to BNC employees or to McNeil's prospective employer regarding Plaintiffs' incompetence or workplace misconduct may be protected by the "common interest privilege" because the communications were made for a legitimate purpose:

> The common interest privilege applies to statements by management and coworkers to other coworkers explaining why an employer disciplined an employee. Clearly, an employer is privileged in pursuing its own economic interests and that of its employees to ascertain whether an employee has breached his or her responsibilities of employment and if so, to communicate, in good faith, that fact to others within its employ so that (1) appropriate action may be taken against the employee; (2) the danger of such breaches occurring in the future may be minimized;

> and (3) present employees may not develop misconceptions that
> affect their employment with respect to certain conduct that was
> undertaken in the past.

*McGrory v. Applied Signal Technology, Inc*., 212 Cal. App. 4th 1510, 1538 (2013).

34.    Substantially all of the allegations in the Amended Claims refer to statements made to BNC employees.  *See, e.g.*, Colombo Claim, Exhibit A at ¶147-148.  As such, the Plan Administrator submits that substantially all such statements are subject to the common interest privilege and, therefore, are not actionable.[2]

35.    To defeat the application of the common interest privilege, Claimants must adequately allege specific facts that the statements by BNC were made with malice.  Cal. Civ. Code § 47(c).  "A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him."  *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990); *see also Kelly v. General Tel. Co*., 136 Cal. App. 3d 278, 285 (1982) (plaintiff must allege facts showing the publication was motivated by hatred or ill will toward plaintiff); *Biggins v. Hanson*, 252 Cal. App. 2d 16, 21 (1967) (plaintiff must allege facts showing the person uttering the defamation did not believe it to be true).

36.    The statements alleged in the Amended Claim pertaining to Claimants Colombo, Howard-James, Guarjardo, Seymour, and McNeil involve communications among BNC managers, officers and employees.  BNC and its managers, officers, and employees had a common interest in preserving morale and job efficiency.  See *King v. UPS*, 152 Cal. App. 4th 426, 440 (2007); *Pashman v. Aetna Ins. Co*., 2014 U.S. Dist. LEXIS 98190, at *61 (N.D. Cal. July 18, 2014) ("In fact, employers may share a common interest in an employee's or former

---

[2] The only allegations that defamatory statements were made to persons other than BNC employees relate to Claimant Vega-Sutfin, whose Amended Claim alleges that the manager of BNC communicated with her clients, and to Claimant McNeil, whose Amended Claim alleges that the manager of BNC communicated with a prospective employer.

employee's performance with not only a supervisory committee or board of directors, but also with other employees in the same company or even third parties."). As such, these statements could have been made for legitimate purposes of preserving morale and job efficiency, and the common interest privilege should apply.

37.     Furthermore, Plaintiffs' vague allegations of malice, *see, e.g.,* Colombo Claim, Exhibit A at ¶151, are not sufficient as the Amended Claims merely allege "Defendants' false publications about Plaintiffs were made with malice and with intent to injure Plaintiffs, damage their reputations, and interfere with their employment." *Kacludis v. GTE Sprint Communications Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (applying California law) (general allegations that statements were made "with malice" or with "no reason to believe the statements were true" are insufficient to` show "malice").

38.     As reflected on Exhibit B, substantially all of the alleged defamatory statements made regarding each Claimant (other than Claimant Vega-Sutfin) are not actionable under California law.

39.     In view of all the above, the Plan Administrator submits that the Claimants' defamation claims generally fail to state a claim upon which relief may be granted under California law.

## PROCEDURES FOR REDUCTION OF AMENDED CLAIMS

40.     In order to effectuate the relief requested, the Plan Administrator proposes implementation of the following procedures (the "Claim Reduction Procedures"):

- Each Claimant shall have thirty (30) calendar days from entry of an order granting the relief requested herein to deliver a written notice (a "Claim Reduction Notice") to the Plan Administrator (c/o Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq.) setting forth the remaining components of

her Claim and including a brief description of the basis for the amounts sought therein.

- Upon the Plan Administrator's timely receipt of a Claim Reduction Notice, the corresponding Claim listed on such notice shall be deemed amended and the claims agent for these Chapter 11 Cases, Epiq Bankruptcy Solutions LLC, shall be directed to update the claims register to reflect the reduced amount of the Claim.

- Notwithstanding anything contained in the Claim Reduction Procedures or a Claim Reduction Notice to the contrary, the Plan Administrator reserves all rights to object on any other basis to any of the Claims reduced pursuant to a Claim Reduction Notice.

- In the event that the Claim Reduction Notice is not timely submitted, absent an extension agreed upon between the Plan Administrator and the Claimant or an order entered by the Court, the corresponding Claim shall be expunged and disallowed in its entirety with prejudice.

## **CONCLUSION**

41.     For all the foregoing reasons, and accepting as true all allegations contained in the Claims that have not been refuted by this Objection, the Plan Administrator requests that the Court enter the attached proposed order (A) disallowing any damages for defamation included in the Amended Claims and (B) approving the Claim Reduction Procedures and directing the Claimants to comply with such procedures.

## **NOTICE**

42.     No trustee has been appointed in the Chapter 11 Cases.  Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Claimants; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

43.    Except as described above, no previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court enter an order, substantially in the form of order annexed hereto as <u>Exhibit C</u>, granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 16, 2019
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**EXHIBIT A**

| Claimant | Proof of Claim Number | Asserted Claim Amount | Proposed Claim Amount |
|---|---|---|---|
| Coleen Colombo | 5227 | $5,000,000 | $154,252.80 |
| Isabel Guajardo | 5226 | $5,000,000 | $58,240.00 |
| Linda Howard-James | 5225 | $10,000,000 | $154,502.40 |
| Cheryl McNeil | 5224 | $5,000,000 | $82,409.60 |
| Sylvia Vega-Sutfin | 5223 | $5,000,000 | $108,000.00 |
| Michelle Seymour | 5222 | $5,000,000 | $123,968.00 |

**EXHIBIT B**

| | Alleged Statement | Speaker | Recipient(s) | Inactionable Based On (1) Common Interest Privilege or (2) Opinion Statement |
|---|---|---|---|---|
| | **Concerning Claimant Colombo** | | | |
| 1 | *Colombo "was out to destroy [account managers'] ability to make loans and would find reasons to decline their loans"* | BNC Managers | BNC managers and corporate officers | Common Interest Privilege and Statement of opinion |
| 2 | *Colombo would "cuss [Defendant Linda Harris] out and throw violent fits in the office"* | BNC Managers | BNC managers and corporate officers | Common Interest Privilege and Statement of opinion |
| 3 | *Stay away from Colombo because she was a "trouble maker" and was "being watched"* | BNC Managers | BNC managers and corporate officers | Common Interest Privilege and Statement of opinion |
| 4 | *Statements degrading Colombo's underwriting abilities* | BNC Managers | BNC managers and corporate officers | Common Interest Privilege and Statement of opinion |
| 5 | Statement that "the problems in the office were the fault of the Claimants who were "complainers" | BNC Manager | Not alleged | |
| | **Concerning Claimant Howard-James** | | | |
| 1 | *Stay away from Howard-James because she was a "trouble maker" and was "being watched"* | BNC corporate officers | BNC employees | Common Interest Privilege and Statement of opinion |
| 2 | *Howard-James was "incompetent at her job and 'worthless' as an underwriter, did not know what she was doing and was a problem"* | BNC corporate officers | BNC employees | Common Interest Privilege and Statement of opinion |
|  | **Concerning Claimant Guarjardo** | | | |
| 1 | *Guarjardo "'had all them kids' and got 'birthing hips' because she wanted to have a 'drink after work'"* | BNC employee | BNC employees | Common Interest Privilege and Statement of opinion |
| 2 | *"she was 'stupid' for helping out her brother by loaning her the car"* | BNC employee | BNC employees | Common Interest Privilege and Statement of opinion |

| | | | | |
|---|---|---|---|---|
| | **Concerning Claimant Seymour** | | | |
| 1 | *Seymour was incompetent and did not know what she was doing* | BNC manager | BNC employees | Common Interest Privilege |
| | **Concerning Claimant Vega-Sutfin** | | | |
| 1 | Vega-Sutfin "had been fired by BNC" and was no longer with the company | BNC employee and managers | Client accounts | |
| 2 | Vega-Sutfin "lived out of State, and therefore was not able to adequately service the account" | BNC manager | Client accounts | |
| 3 | "[Manager Joe Pennington] would be taking over [Vega-Sutfin's] account[s] and that he would do a much better job than Vega-Sutfin would or could." | BNC manager | Client accounts | |
| 4 | Statements that "disparaged her competence" | BNC manager | Client accounts | |
| | **Concerning Claimant McNeil** | | | |
| 1 | *McNeil "was an 'alcoholic'"* | BNC manager | BNC employees | Common Interest Privilege and Statement of opinion |
| 2 | *Gave prospective employer a negative reference about her "stating that she was a poor performer and an incompetent employee"* | BNC manager | Prospective employer | Common Interest Privilege |

*\* Italicized statements marked in red
are unactionable under California law*

**EXHIBIT C**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                             :
                             **Debtors.**                    :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING PLAN ADMINISTRATOR'S OBJECTION TO CERTAIN AMENDED CLAIMS (REDUCE AND DISALLOW CLAIMS)

Upon the objection (the "Objection"),[1] dated April 16, 2019, of Lehman Brothers

Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan*

*of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, seeking to (A) disallow damages

for defamation asserted in proofs of claim numbers 68258, 68259, 68260, 68261, 68262, and

68263 (collectively, the "Amended Claims" and each a "Claim"), and (B) approve the Claim

Reduction Procedures and direct the Claimants to comply with such procedures, as more fully

described in the Objection; and the Court having held a hearing on the Objection on _____,

2019 (the "Hearing"); and due and proper notice of the Objection and the Hearing having been

provided, and it appearing that no other or further notice need be provided; and upon the Court's

consideration of the Objection and the record of the Hearing; and the Court having found and

determined that the relief requested in the Objection is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Supplemental Objection.

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and Rule 7012 of the Federal Rules of Bankruptcy Procedure, each Claim is disallowed to the degree and the extent of any asserted damages for defamation; and it is further

ORDERED that the following procedures (the "Claim Reduction Procedures") are approved:

- Each Claimant shall have thirty (30) calendar days from entry of an order granting the relief requested herein to deliver a written notice (a "Claim Reduction Notice") to the Plan Administrator (c/o Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq.) setting forth the remaining components of her Claim and including a brief description of the basis for the amounts sought therein.

- Upon the Plan Administrator's timely receipt of a Claim Reduction Notice, the corresponding Claim listed on such notice shall be deemed amended and the claims agent for these Chapter 11 Cases, Epiq Bankruptcy Solutions LLC, shall be directed to update the claims register to reflect the reduced amount of the Claim.

- Notwithstanding anything contained in the Claim Reduction Procedures or a Claim Reduction Notice to the contrary, the Plan Administrator reserves all rights to object on any other basis to any of the Claims reduced pursuant to a Claim Reduction Notice.

- In the event that the Claim Reduction Notice is not timely submitted, absent an extension agreed upon between the Plan Administrator and the Claimant or an order entered by the Court, the corresponding Claim shall be expunged and disallowed in its entirety with prejudice.

and it is further

ORDERED that the Claimants are directed to comply with the Claim Reduction Procedures; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2019
   New York, New York

           _____
           UNITED STATES BANKRUPTCY JUDGE