# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*                Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| **Stonehill Institutional Partners, L.P.** | **Seaport Global Securities LLC** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York 10022<br>Telephone: 212 739 7474<br>Facsimile: 212-838-2291<br>Email: ops@stonehillcap.com<br>Attn: OPS Department | Court Claim No. and Amount of Claims (as more specifically set forth on the attached Agreement and Evidence of Transfer of Claim):<br><br>with respect to Claim No. 62743 (relating to ISIN XS1932636159 which was received in exchange for XS0293892419), the sum of $19,583,659.65<br><br>plus, all interest, fees and other recoveries due. |

Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**STONEHILL INSTITUTIONAL PARTNERS, L.P.**

By:   Stonehill Capital Management LLC,
      its Investment Adviser

By: _____                    Date: _____May 8, 2019_____
Name: Michael Stern
Title: Authorized Signatory

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

159-885/COURT/5797256.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al*.        Case No. 08-13555 (SCC) (Jointly Administered)

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

CLAIM No. 62743 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of the claims, the transferee filed a Partial Transfer of Claims other than for Security in the Clerk's office of this court on          .

| **Seaport Global Securities LLC** | **Stonehill Institutional Partners, L.P.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Seaport Global Securities LLC<br>360 Madison Avenue, 22nd Floor<br>New York, NY 10017<br>Attention: Jonathan R. Silverman<br>Telephone: (212) 616-7700<br>Email: jsilverman@seaportglobal.com | c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York 10022<br>Telephone: 212 739 7474<br>Facsimile: 212-838-2291<br>Email: ops@stonehillcap.com<br>Attn: OPS Department |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                  _____
                                                                 CLERK OF THE COURT

159-885/COURT/5797256.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Seaport Global Securities LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns **to Stonehill Institutional Partners, L.P.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, solely to the extent of the Allowed Amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim specified by number in Schedule 1 attached hereto filed by or on behalf of Seller's predecessors in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on account of the Purchased Claims or on account of any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims (the "Predecessor Transfer Agreements"), but only to the extent relating to the Purchased Claims, (c) the security or securities relating to the Purchased Claims, solely in the quantities specified in Schedule 1 attached hereto (collectively, the "Purchased Securities") and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d) the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller that accrued prior to the trade date of March 28, 2019 related to or in connection with the Transferred Claims or Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim together include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claims; (g) Seller has not Received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims; (h) Seller has delivered to Purchaser a true and correct copy of the Predecessor Transfer Agreement under which Seller acquired the Transferred Claims and Seller has no knowledge that any representation contained therein is untrue or incomplete in any material respect; (i) to the extent delivered to it by Seller's predecessor-in-interest, Seller has delivered to Purchaser true and correct copies of the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, *Approving Procedures for Determining the Allowed Amount of Claim Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*) related to the Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Claim Amount nor has Seller taken any action with respect to any such Notice of Proposed Allowed Claim Amount; and (j) Seller has not received, nor is it aware of, any objection to the transfer of the Transferred Claim from the prior sellers to Seller.

3.       Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property on account of the Transferred Claims be delivered or made to Purchaser.

4.       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.       Seller shall promptly (but in any event no later than the later of (a) three (3) business days after receipt and (b) with respect to any payment, distribution or proceeds received both prior to the date hereof and on or after the Trade Date, three (3) business days after the date of this Agreement and Evidence of Transfer of Claim) remit to Purchaser any payments, distributions or proceeds received by Seller in respect of the Transferred Claims, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. For the avoidance of doubt, any distribution received by Seller on and after the trade date of March 28, 2019 on account of the Transferred Claims is for the benefit of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim.

7.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York, and each party hereto consents to service of process by certified mail at its address listed on the signature page below, with respect to any dispute arising hereunder. This Agreement and Evidence of Transfer of Claim may be executed in one or more counterparts, and all counterparts taken together shall be deemed to constitute one and the same instrument. Signatures may be exchanged through e-mail transmission.

*[remainder of page intentionally left blank; signatures follow.]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6th day of May, 2019.

| Seaport Global Securities LLC | Stonehill Institutional Partners, L.P. |
|---|---|
| | By: Stonehill Capital Management LLC, its Investment Adviser |
| By: *[signature]* | By: *[signature]* |
| Name: Jonathan Silverman | Name: Pete Sisitsky |
| Title: General Counsel | Title: Authorized Signatory |
| Address: | Address: |
| Seaport Global Securities LLC | c/o Stonehill Capital Management LLC |
| 360 Madison Avenue, 22nd Floor | 885 Third Avenue, 30th Floor |
| New York, NY 10017 | New York, New York 10022 |
| Attention: Jonathan R. Silverman | Telephone: 212 739 7474 |
| Telephone: (212) 616-7700 | Facsimile: 212-838-2291 |
| Email: jsilverman@seaportglobal.com | Email: ops@stonehillcap.com |
| | Attn: OPS Department |

159-885/AGR/5795444.2

## Schedule 1

**Seaport Global Securities LLC to Stonehill Institutional Partners, L.P.**

**Purchased Securities: ISIN XS1932636159 in the aggregate quantity USD 19,806,861.00, acquired in exchange for the following Exchanged Securities, which in turn correspond to the following Purchased Claims:**

| | Exchanged Securities | | Purchased Claims | |
|---|---|---|---|---|
| **XS193236159** | **ISIN** | **Currency/Quantity** | **Proof of Claim** | **Allowed Amount** |
| USD 19,806,861 | XS0293892419 | EUR 12,420,000 | 62743.39 | $10,575,176.22 |
| | | | 62743.40 | $7,050,117.46 |
| | | EUR 856,704 | 62743.41 | $1,215,753.59 |
| | | EUR 523,296 | 62743.42 | $742,612.38 |

159-885/AGR/5795444.2