B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Inc.,                    Case No. 08-13555 (SCC)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Name of Transferee** | **Name of Transferor** |
|---|---|
| Seaport Global Securities LLC<br>360 Madison Avenue<br>New York, NY 10022<br>Attn: Jonathan R. Silverman | Cyrus HCE Fund, SPC – Segregated Portfolio B |
| Last Four Digits of Acct #: N/A | Court Claim # (if known): *See attached.*<br>Transferred Claim Amount: *See attached.*<br>Last Four Digits of Acct #: N/A |

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: May 13, 2019
    Transferee/Transferee's Agent
    Jonathan Silverman
    General Counsel

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

SGL / TOC / 591-78 v.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Cyrus HCE Fund, SPC - Segregated Portfolio B** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Seaport Global Securities LLC** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, solely to the extent of the Allowed Amounts specified in Schedule 1 attached hereto (collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim specified by number in Schedule 1 attached hereto filed by or on behalf of Seller's predecessors in interest (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on account of the Purchased Claims or on account of any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims (the "Predecessor Transfer Agreements"), but only to the extent relating to the Purchased Claims, (c) the security or securities relating to the Purchased Claims, solely in the quantities specified in Schedule 1 attached hereto (collectively, the "Purchased Securities") and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d) the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of Seller that accrued prior to the trade date of March 28, 2019 related to or in connection with the Transferred Claims or Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim together include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claims; (g) since acquiring the Transferred Claims, Seller has timely received in respect of the Transferred Claims distributions in the same *pro rata* amounts as was received by other creditors generally of the same class and type as the Transferred Claims (collectively, the "Distributions"); (h) other than the Distributions, Seller has not received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims, (i) Seller has delivered to Purchaser a true and correct copy of the Predecessor Transfer Agreement under which Seller acquired the Transferred Claims and Seller has no knowledge that any representation contained therein is untrue or incomplete in any material respect; (j) to the extent delivered to it by Seller's predecessor-in-interest, Seller has delivered to Purchaser true and correct copies of the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, *Approving Procedures for Determining the Allowed Amount of Claim Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*) related to each Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Claim Amount nor has Seller taken any

action with respect to any such Notice of Proposed Allowed Claim Amount; (k) Seller has not received, nor is it aware of, any objection to the transfer of the Transferred Claim from the prior sellers to Seller and (l) any references to "Cyrus HCE Fund – Seg Portfolio B" or "Cyrus HCE Fund SPC for and on behalf of Segregated Portfolio B" that are included in the Predecessor Transfer Agreements (including any notices or filings related thereto) are, and shall for all purposes thereof be deemed to be, references to Seller.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property on account of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than the later of (a) three (3) business days after receipt and (b) with respect to any payment, distribution or proceeds received both prior to the date hereof and on or after the Trade Date, three (3) business days after the date of this Agreement and Evidence of Transfer of Claim) remit to Purchaser any payments, distributions or proceeds received by Seller in respect of the Transferred Claims, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. For the avoidance of doubt, any distribution received by Seller on and after the trade date of March 28, 2019 on account of the Transferred Claims is for the benefit of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York, and each party hereto consents to service of process by certified mail at its address listed on the signature page below, with respect to any dispute arising hereunder. This Agreement and Evidence of Transfer of Claim may be executed in one or more counterparts, and all counterparts taken together shall be deemed to constitute one and the same instrument. Signatures may be exchanged through e-mail transmission.

*[remainder of page intentionally left blank; signatures follow.]*

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6th day of May, 2019.

**Cyrus HCE Fund, SPC Segregated Portfolio B**

By: _[signature]_
Name: David A. Milich
Title: Pres & COO

Address:
Cyrus HCE Fund, SPC, for Segregated Portfolio B
c/o Cyrus Capital Partners, L.P.
65 East 55th Street, 35th Floor
New York, NY 10022
Attention: Svet Nikov
Telephone: (212) 380-5822
Email: snikov@cyruscapital.com

**Seaport Global Securities LLC**

By: _[signature]_
Name: Jonathan Silverman
Title: General Counsel

Address:
Seaport Global Securities LLC
360 Madison Avenue, 22nd Floor
New York, NY 10017
Attention: Jonathan R. Silverman
Telephone: (212) 616-7700
Email: jsilverman@seaportglobal.com

**Schedule 1**

**Cyrus HCE Fund, SPC - Segregated Portfolio B to Seaport Global Securities LLC**

**Purchased Securities: ISIN XS1932636159 in the aggregate quantity USD 4,123,417, acquired in exchange for the following Exchanged Securities, which in turn correspond to the following Purchased Claims:**

| | **Exchanged Securities** | | **Purchased Claims** | |
|---|---|---|---|---|
| **XS1932636159** | **ISIN** | **Currency/Quantity** | **Proof of Claim** | **Allowed Amount** |
| USD 2,227,554 | XS0293892419 | EUR 1,552,000 | 62743.41 | $2,202,452.16 |
| USD 761,709 | XS0248620899 | CHF 809,000 | [50]55829.31 | $721,662.52 |
| USD 279,803 | XS0364173665 | EUR 221,000 | 41359.02 | $269,766.07 |
| USD 251,227 | CH0027120903 | EUR 185,000 | [51]59233.46 [51]59233.47 [51]59233.72 | $96,499.19 $29,801.22 $136,234.15 |
| USD 244,798 | XS0315529312 | USD 301,000 | 55816.31 | $241,542.59 |
| USD 124,209 | XS0126892172 | EUR 55,000 | 56932.79 | $113,793.10 |
| USD 83,393 | XS0274443422 | EUR 68,000 | 55528.00 | $96,499.20 |
| USD 40,785 | CH0027120820 | EUR 32,000 | 55528.00 | $45,411.40 |
| USD 27,787 | XS0229584296 | EUR 30,000 | [5]59233.81 | $45,435.82 |
| USD 26,676 | CH0027120978 | EUR 21,000 | 55528.00 | $29,801.23 |
| USD 16,359 | XS0210433206 | EUR 19,000 | [51]59233.71 | $27,886.68 |
| USD 23,839 | XS0213416141 | EUR 17,000 | [5]59233.81 | $24,362.13 |
| USD 15,278 | CH0027120671 | CHF 19,000 | 55528.00 | $16,948.81 |