WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|  |  |
| :--- | :--- |
| **In re** | : |
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : |
|  | : |
| **Debtors.** | : |
|  | : |

| | |
| :--- |
| **Chapter 11 Case No.** |
| **08-13555 (SCC)** |
| **(Jointly Administered)** |

------------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION REGARDING MOTION**
**PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR**
**APPROVAL OF A SETTLEMENT AGREEMENT RELATING TO THE STONY**
**HILL CDO SPC INDENTURE AND CREDIT DEFAULT SWAP AGREEMENT**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of*

*the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and*

*Case Management Procedures* (the "Second Amended Case Management Order") [ECF No.

9635], the undersigned hereby certifies as follows:

1.      On April 8, 2019, Lehman Brothers Holdings Inc. (the "**Plan**

**Administrator**"), as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed with this

Court the *Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of a Settlement Agreement Relating to the Stony Hill CDO SPC Indenture and Credit Default Swap Agreement* (the "Motion") [ECF No. 59613].

2.      The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      In accordance with the Second Amended Case Management Order, May 8, 2019 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline").

4.      The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

5.      Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed order annexed hereto as **Exhibit A** which has not been modified in any material respects, be entered in accordance with the procedures described in the Second Amended Case Management Order. A redline of the Proposed Order against the proposed form of order attached to the Motion is annexed hereto as **Exhibit B**.

WEIL:\97027520\4\58399.0011

6.      I declare that the foregoing is true and correct.


Dated: May 15, 2019
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

WEIL:\97027520\4\58399.0011

## EXHIBIT A

## PROPOSED ORDER

WEIL:\97027520\4\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (SCC)**
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE AND**
**SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING**
**A SETTLEMENT AGREEMENT RELATING TO THE STONY HILL**
**CDO SPC INDENTURE AND CREDIT DEFAULT SWAP AGREEMENT**

Upon the motion, dated April 8, 2019 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified*

*Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated*

*Debtors*, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for

approval of the settlement agreement (the "Settlement Agreement") among (i) LBHI, (ii) U.S.

Bank National Association (the "Trustee"), solely in its capacity as trustee under the indenture

dated as of July 14, 2005 (the "Indenture" and the trust thereunder, the "Trust"), (iii) Stony Hill

CDO SPC for the account of the Series 2005-1 Segregated Portfolio, a segregated portfolio

company incorporated in the Cayman Islands with limited liability (the "Issuer"); and (iv) Stony

Hill CDO Series 2005-1 LLC (the "Co-Issuer"), all as more fully described in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and the Court having considered the notice provided to the Remaining Noteholder; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that the Plan Administrator is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to

2

consummate the Settlement Agreement and to perform any and all obligations contemplated therein, and, upon completion of all such actions, the Trustee is authorized to terminate the Trust; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, LBHI and its subsidiaries that commenced the Chapter 11 Cases (collectively, the "Chapter 11 Entities"), and the Trustee, as well as any successor trustees under the Indenture.  The Plan Administrator, the Chapter 11 Entities, the Trust, the Trustee, and all of their respective current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other or the Chapter 11 Entities or the Remaining Noteholder, arising out of, relating to, or in connection with the Motion, the Settlement Agreement or this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3

## **<u>EXHIBIT B</u>**

## **REDLINE OF PROPOSED ORDER**

WEIL:\97027520\4\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                 :

In re                          :          **Chapter 11 Case No.**
                                   :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :         **08-13555 (SCC)**
                                   :

            **Debtors.**         :          **(Jointly Administered)**
                                   :
-------------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE AND**
**SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING**
**A SETTLEMENT AGREEMENT RELATING TO THE STONY HILL**
**CDO SPC INDENTURE AND CREDIT DEFAULT SWAP AGREEMENT**

Upon the motion, dated April 8, 2019 (the "Motion"(,[1] of Lehman Brothers

Holdings Inc. )"LBHI" or the "Plan Administrator"( as Plan Administrator under the *Modified*

*Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated*

*Debtors*, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"( and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"( for

approval of the settlement agreement (the "Settlement Agreement"( among (i) LBHI, (ii) U.S.

Bank National Association (the "Trustee"(, solely in its capacity as trustee under the indenture

dated as of July 14, 2005 (the "Indenture" and the trust thereunder, the "Trust"(, (iii) Stony Hill

CDO SPC for the account of the Series 2005-1 Segregated Portfolio, a segregated portfolio

company incorporated in the Cayman Islands with limited liability (the "Issuer"(; and (iv) Stony

Hill CDO Series 2005-1 LLC (the "Co-Issuer"(, all as more fully described in the Motion; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and the Court having considered the notice provided to the Remaining Noteholder; and ~~a hearing having been held to consider the relief requested in the Motion; and~~ the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that the Plan Administrator is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

2

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein, and, upon completion of all such actions, the Trustee is authorized to terminate the Trust; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, LBHI and its subsidiaries that commenced the Chapter 11 Cases (collectively, the "Chapter 11 Entities"(, and the Trustee, as well as any successor trustees under the Indenture.  The Plan Administrator, the Chapter 11 Entities, the Trust, the Trustee, and all of their respective current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other or the Chapter 11 Entities or the Remaining Noteholder, arising out of, relating to, or in connection with the Motion, the Settlement Agreement or this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
      New York, New York

                                      _____
                                       UNITED STATES BANKRUPTCY JUDGE

WEIL:\97027520\4\58399.0011