**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|   |   |   |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|   | : |   |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (SCC)** |
|   | : |   |
| Debtors. | : | **(Jointly Administered)** |
|   | : |   |

------------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING A SETTLEMENT AGREEMENT RELATING TO THE STONY HILL CDO SPC INDENTURE AND CREDIT DEFAULT SWAP AGREEMENT

Upon the motion, dated April 8, 2019 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the settlement agreement (the "Settlement Agreement") among (i) LBHI, (ii) U.S. Bank National Association (the "Trustee"), solely in its capacity as trustee under the indenture dated as of July 14, 2005 (the "Indenture" and the trust thereunder, the "Trust"), (iii) Stony Hill CDO SPC for the account of the Series 2005-1 Segregated Portfolio, a segregated portfolio company incorporated in the Cayman Islands with limited liability (the "Issuer"); and (iv) Stony Hill CDO Series 2005-1 LLC (the "Co-Issuer"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and the Court having considered the notice provided to the Remaining Noteholder; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that the Plan Administrator is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to

WEIL:\97037216\1\58399.0011

consummate the Settlement Agreement and to perform any and all obligations contemplated therein, and, upon completion of all such actions, the Trustee is authorized to terminate the Trust; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, LBHI and its subsidiaries that commenced the Chapter 11 Cases (collectively, the "Chapter 11 Entities"), and the Trustee, as well as any successor trustees under the Indenture.  The Plan Administrator, the Chapter 11 Entities, the Trust, the Trustee, and all of their respective current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other or the Chapter 11 Entities or the Remaining Noteholder, arising out of, relating to, or in connection with the Motion, the Settlement Agreement or this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  May 16, 2019
        New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

3