Presentment Date and Time: June 24, 2019 at 12: 00 p.m. (Prevailing Eastern Time)
Objection Date and Time: June 21, 2019 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: To be scheduled if an Objection is filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re                                                              : Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,   : 08-13555 (SCC)
                                                                   :
                              Debtors.                             : (Jointly Administered)
------------------------------------------------------------------ x

### NOTICE OF PRESENTMENT OF MOTION OF PLAN ADMINISTRATOR FOR AN ORDER IN AID OF EXECUTION OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

**PLEASE TAKE NOTICE** that Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, will present the annexed Motion of Plan Administrator for an Order in Aid of Execution of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Motion") and proposed order (the "Proposed Order") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **June 24, 2019 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion and the Proposed Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned

WEIL:\97047443\4\58399.0011

so as to be received by **June 21, 2019 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Proposed Order may be signed. If a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Motion and the Proposed Order at a date and time to be determined before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Courtroom 623, One Bowling Green, New York, New York 10004. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: June 7, 2019
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.,
and Certain of Its Affiliates*

WEIL:\97047443\4\58399.0011

Presentment Date and Time: June 24, 2019 at 12: 00 p.m. (Prevailing Eastern Time)
Objection Date and Time: June 21, 2019 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: To be scheduled if an Objection is filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                   :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**        :    **08-13555 (SCC)**
                                                        :
                                    Debtors.            :    **(Jointly Administered)**
---------------------------------------------------------------- x

**MOTION OF PLAN ADMINISTRATOR FOR AN ORDER IN AID OF
EXECUTION OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11
PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

     Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan")[1] for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), files this motion and respectfully represents:

**Relief Requested**

     1.  The Plan Administrator expects to receive a significant amount of Available Cash from the LBF Planned Distribution (as defined below) by June 28, 2019.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Assuming the Plan Administrator will be in possession of Available Cash by June 28, 2019, and in an exercise of its reasonable business judgment, the Plan Administrator requests authority to **establish July 18, 2019 as a Distribution Date** to distribute this amount to the Debtors' creditors approximately seventy-five (75) days in advance of the next scheduled, semi-annual Distribution Date. The Plan Administrator further requests authority to **establish June 17, 2019 as the Record Date** for such Distribution. The Plan Administrator reserves the right to reschedule or cancel the Distribution Date if Available Cash from the LBF Planned Distribution (as defined below) is not received in the amount and/or within the timeframe expected.

### Background

2.   Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (collectively, these "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.   On December 6, 2011, the Court approved and entered an order confirming the Plan (ECF No. 23023) (the "Confirmation Order"). The Plan became effective on March 6, 2012.

4.   The Plan Administrator is authorized to make Plan Distributions semi-annually within five (5) business days of March 30 and September 30. *See* Plan § 8.3 and *Order in Aid of Execution of the Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 34348). The Plan Administrator is further authorized to establish a Record Date in advance of each Distribution Date to ensure that the

2

Plan Administrator can process claim transfers, make calculations, and arrange transactions to ensure accurate Distributions are made only to the proper holders of Allowed Claims. *See* Plan § 8.11; and ECF No. 34348. The Plan Administrator has provided creditors with one week's notice of the Record Date. *See* ECF No. 33676.

## Jurisdiction

5. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and Section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, those set forth in Article XIV of the Plan. (Conf'n Order ¶ 77.) Section 14.1 of the Plan, in turn, provides for the retention by the Court of exclusive jurisdiction to, among other things, "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code" and "enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce . . . the Plan, the Confirmation Order or any other order of the Bankruptcy Court." (Plan § 14.1(e), (i).)

## The Proposed Eighteenth Distribution Date

7. The Plan Administrator is authorized to exercise its reasonable business judgment to direct and control the wind down and liquidation of the assets of the Chapter 11 Estates as necessary to maximize Distributions to holders of Allowed Claims and to take such actions as are consistent with implementation of the Plan. *See* Plan § 6.1(b). The Plan Administrator has done so, distributing through seventeen Distributions more than $94.2 billion to third-party unsecured creditors of the Chapter 11 Estates to date.

3

8. The liquidator of Lehman Brothers Finance AG in Liquidation (the "Liquidator" and "LBF") informed LBF's creditors that it is planning a potential distribution to take place towards the end of June 2019 (the "LBF Planned Distribution").

9. Under these circumstances, the Plan Administrator requests authority to establish an eighteenth Distribution Date in advance of the next-scheduled Distribution Date, which will not otherwise occur until within five (5) business days of September 30, 2019.

**The Court May Authorize the Proposed Eighteenth Distribution Date**

10. The Court has broad authority, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, over the property administered under the Plan and to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act . . . that is necessary for the consummation of the plan."); 11 U.S.C. § 105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.") (internal quotation marks and citations omitted). In addition, as discussed above, both the Plan and the Confirmation Order provided for the Court's retention of jurisdiction over all matters arising under or related to, these Chapter 11 Cases.

4

11. This Court has already authorized Distribution Dates other than those explicitly provided for in the Plan, including on a one-off basis for the third Distribution Date, on a going-forward basis for all subsequent Distribution Dates, and under similar circumstances to those here for the tenth and fourteenth Distribution Dates. *See* ECF Nos. 34348, 52950, and 56904. For the same reasons that the Court granted such relief in the past, the relief requested herein falls squarely within the jurisdiction retained by the Court in the Plan and the Confirmation Order. Accordingly, Section 14.1(f) of the Plan, which expressly provides that the Bankruptcy Court shall retain exclusive jurisdiction to, among other things, "consider any modifications of the Plan," is not implicated. *See* Plan § 14.1(f). The relief requested herein does not materially alter the substantive rights of any party but, instead, merely accelerates the administration of these Chapter 11 Cases.[2]

12. The Court has approved LBHI's and the Plan Administrator's business judgment related to numerous issues that directly facilitated success in maximizing the size and speed of Distributions. Specifically, the Court approved an off-cycle Distribution Dates following the consummation of certain settlements with JPMorgan Chase Bank, N.A. and certain of its affiliates (ECF No. 52950) and with Citibank, N.A., and certain of its affiliates (ECF No.

---

[2] While section 1127(b) of the Bankruptcy Code governs modifications to a confirmed plan, *see, e.g. Indu Craft, Inc. v. Bank of Baroda (In re Indu Craft Inc.)*, 2012 WL 3070387 *9 (S.D.N.Y. 2012), the changes proposed by the Plan Administrator do not rise to the level of "modifications," as that term is used in Section 1127(b) of the Bankruptcy Code. In this District, courts have "found that a 'modification' occurred when there was an alteration of 'the legal relationships among the debtor and its creditors and other parties in interest' or when the change to the plan affected the legal relationship among them." *Id*. (quoting *Doral Ctr., Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*, 208 B.R. 812, 816 (S.D.N.Y.). *Compare with State Gov't. Creditors' Comm. for Prop. Damage Claims v. McKay (In re Johns-Manville Corp.)*, 920 F.2d 121, 122 (2d Cir. 1990) (affirming alteration of a confirmed plan to allow the temporary suspension of a claims resolution facility to prevent the needless accumulation of administrative expenses where the trust was not expected to have sufficient assets to make distributions for many years).

5

56904). In addition to countless rulings on Claims objections and estimation motions and in adversary proceedings, Court orders in aid of execution of the Plan also:

a. authorized the use of the Chapter 11 Estates' non-cash assets in lieu of cash as reserves for billions of dollars of Disputed Claims (ECF No. 25641);

b. authorized investments of large Disputed Claims reserves by Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Commercial Corporation in secured notes issued by LBHI (ECF No. 46276) and investments of another large Disputed Claim reserves by LBSF in a separate secured note issued by LBHI (ECF No. 50558);

c. authorized the Plan Administrator to delay by up to 30 days the third Distribution Date to enable the collection and distribution of proceeds from the Chapter 11 Estates' then-largest asset, so that distribution of such amounts would not be further delayed for months until the next Distribution Date (ECF No. 34348);

d. provided flexibility for the Plan Administrator to determine Distribution Dates around the semi-annual dates set forth in the Plan if, for example, the Plan Administrator expected that a significant amount of cash would become available on or shortly thereafter (*id.*); and

e. permitted Distributions on account of Affiliate Claims in advance of Distribution Dates to allow funds to be cycled through the intercompany claims matrix and be immediately included, in whole or in part, in the Distributions of the relevant Chapter 11 Estates (*id.*).

The Plan Administrator believes that similar relief is warranted here.

**The Proposed Eighteenth Distribution Date
Is in the Best Interests of the Chapter 11 Estates**

13. All holders of Allowed Claims should benefit from the relief requested herein, and the relief requested should not prejudice any party in interest. A Distribution Date on or about July 18, 2019 will enable the Plan Administrator to distribute Available Cash to creditors of the Chapter 11 Estates approximately seventy-five (75) days in advance of the next-scheduled Distribution Date.

14. All parties in interest will have the two-weeks notice of the establishment of the Record Date by virtue of notice of this Motion. The Court has previously approved a one-

6

week notice period prior to the occurrence of a Record Date.  (*See* ECF Nos. 52950 and 56904)  Accordingly, the Plan Administrator will provide more than forty-seven (47) days' notice of the Distribution Date, as required by this Court's previous orders.

## Conclusion

15. For the reasons set forth above, the Plan Administrator requests that the Court enter an order in the form attached hereto as Exhibit A to ensure implementation of the Plan in a manner that maximizes returns to holders of Allowed Claims.  The relief requested is consistent with the Plan Administrator's duties to maximize Distributions to creditors and with relief granted by the Court in these cases.

## Notice

16. No trustee has been appointed in the Chapter 11 Cases.  The Plan Administrator, in accordance with the procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* (ECF No. 9635), has served notice of this motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all parties who have requested notice in these chapter 11 cases.  The Plan Administrator submits that no other or further notice need be provided.

7

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 7, 2019
     New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

**<u>Exhibit A</u>**
**Proposed Order**

WEIL:\97047443\4\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :  08-13555 (SCC)
                                                     :
                             Debtors.            :  (Jointly Administered)
------------------------------------------------------------------x

## ORDER IN AID OF EXECUTION OF
## THE MODIFIED THIRD AMENDED CHAPTER 11 PLAN OF
## LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

WHEREAS by order, dated March 6, 2012 (ECF No. 23023) (the "Confirmation Order"), this Court approved and confirmed the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above referenced chapter 11 cases (the "Debtors"); and

WHEREAS on March 6, 2012, the Debtors filed a notice of the occurrence of the Effective Date of the Plan (ECF No. 26039) with the Court; and

WHEREAS, pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, to "enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce . . . the Plan, the Confirmation Order or any other order of the Bankruptcy Court"; and

WHEREAS, on June 7, 2019, the Plan Administrator filed a motion for an order in aid of execution of the Plan (ECF No. __) (the "Motion"), and provided due and proper notice thereof; and

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

WHEREAS the Court has found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Notwithstanding anything to the contrary in the Plan or a prior order of the Court:

    (A) the Plan Administrator is authorized, but not directed, to schedule the eighteenth Distribution Date on or about July 18, 2019; and

    (B) for the purposes of any such eighteenth Distribution Date, the Plan Administrator shall not be required to recognize any Claim transfer occurring during the period commencing after June 17, 2019, and any such Claim transfers shall, for Distribution purposes only, be deemed to have occurred immediately after such Distribution Date.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2019
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE