WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                  :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
:
Debtors.                        :    **(Jointly Administered)**
:
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING**
**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF**
**AN ORDER RELIEVING THE PLAN ADMINISTRATOR AND THE**
**DEBTORS OF THEIR DUTY TO CONTINUE TO MAINTAIN THE EXAMINER**
**DATABASE IN ITS CURRENT FORM AND GRANTING RELATED RELIEF**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* (the "Second Amended Case Management Order") [ECF No. 9635], the undersigned hereby certifies as follows:

1.    On January 10, 2019, Lehman Brothers Holdings Inc. (the "Plan Administrator" or "LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed

with this Court the *Motion of the Plan Administrator for Entry of an Order Relieving the Plan Administrator and the Debtors of their Duty to Continue to Maintain the Examiner Database in Its Current Form and Granting Related Relief* (the "Motion") [ECF No. 59556].[1]

2. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. In accordance with the Second Amended Case Management Order, March 20, 2019 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline").

4. On March 20, 2019, the *Limited Statement of Non-Objection and Reservation of Rights to LBHIs Motion for an Order Relieving LBHI of Its Duty to Continue to Maintain the Examiner Database in its Current Form* [ECF No. 59590] (the "Limited Statement of Non-Objection") was filed by certain parties to Adv. Proc. No. 16-01019 (SCC) (the "Defendants"). In the Limited Statement of Non-Objection, the Defendants stated that they do not object to the Motion as long as the Plan Administrator agrees that: (a) it will transfer all documents contained in the Examiner's Database and will not alter or eliminate any information, including all metadata and document properties, contained therein; (b) it will not assert burden objections arising from the transfer of the documents from the Database to a hard drive in the event the Defendants seek documents from the Database; (c) it will not refuse to search for or produce documents on the basis that the documents are archived; (d) it will not require the Defendants to pay for the search or production of documents from the archived hard drive; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(e) it will not produce documents on a delayed timeline because the documents have been migrated off the Database and into an archived hard drive (collectively, the "Defendants' Conditions").

5.     The Plan Administrator does not object to Defendants' Conditions as-referenced in paragraph 5 herein.  Nevertheless, in the event the Defendants seek access to or production of the Documents, the Plan Administrator fully reserves its right to object to such requests on any legal grounds, including, among other things, the relevance and/or proportionality of any such requests.

6.     The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading with respect to the Motion, other than the Limited Statement of Non-Objection, has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

7.     Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully requests that the proposed order annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

8. I declare that the foregoing is true and correct.

Dated: June 13, 2019
      New York, New York

*/s/ Garrett A. Fail*
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

# EXHIBIT A

**PROPOSED ORDER**

WEIL:\97062300\3\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

### ORDER RELIEVING THE PLAN ADMINISTRATOR AND THE DEBTORS OF THEIR DUTY TO CONTINUE TO MAINTAIN THE EXAMINER DATABASE IN ITS CURRENT FORM AND GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[1] dated February 27, 2019 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") for authority to cease maintenance of the Examiner Database, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have produced documents contained in the Examiner Database and (vi) all parties who have requested notice in these Chapter 11 Cases in accordance

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635); and it appearing that no other or further notice need be provided; and a hearing having been held, to the extent necessary, to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the Plan Administrator and the Debtors are hereby relieved of their obligation to continue to maintain to Examiner Database in its current form; and it is further

ORDERED that Micro Focus is hereby instructed to prepare a hard drive, which will contain all the Documents previously housed in the Examiner Database, with such hard drive to be held by the Plan Administrator as custodian; and it is further

ORDERED that in the event the Plan Administrator or any third party requests access to the Additional Documents, such party shall file a motion with this Court for authority to access the Additional Documents, and under no circumstances shall access occur before an order granting such motion is entered, and the Plan Administrator's and all parties' rights to object to any motion are presented; and it is further

ORDERED that the Plan Administrator may terminate the Agreement with Micro Focus and relieve Micro Focus of its obligations under the Agreement; and it is further

ORDERED that the Plan Administrator and any other party may take any other action that is necessary or appropriate to carry out this order; and it is further

WEIL:\97062300\3\58399.0011

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2019

_____
Honorable Shelley C. Chapman
United States Bankruptcy Judge