Rex Wu
6315 N Campbell
Chicago, IL 60659
312-785-0348
REX_WU@LIVE.COM

RECEIVED
JUN 13 2019
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rex Wu, | ) Case No.: 08-13555 (SCC) |
| vs. | ) (Jointly Administered) |
| Lehman Brothers Holdings INC., et al, | ) RE: DKT#59614 |
| Debtors. | ) |

## MOTION TO DEMAND SERVICE

TO THE HONORABLE SHELLEY C CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Rex Wu, as Pro Se, states and demands to be served the paperwork from the Debtor "OBJECTION TO MOTION TO ALLOW LATE CLAIM" (DKT#59738). Rex Wu has not received any service paperwork and if it were not for Rex Wu to check the dockets, Rex Wu would not have been able to respond to the "Objection." Rex Wu was anticipating the service paperwork which did not arrive and decided to respond to the "Objection" anyways.

### Argument

1. The Debtor committed Insufficient Service of Process. Rex Wu was not served the "Objection" which he is entitled to receive by law.

2. Rex Wu request the honorable court to deem the "Objection" invalid because of the Insufficient Service of Process.

3. The Debtor had enough time to prepare and serve the "Objection" since the original Hearing Date was moved to June 19th, 2019 from May 30th, 2019. It is believed by Rex Wu that the Insufficient Service of Process is intentionally committed by the Debtor to prevent Rex Wu from responding to the "Objection." Rex Wu would have been denied a chance to state his case, point and arguments like (Exhibit A)

4. Rex Wu is Pro Se.  If Rex Wu did not do his research onto the court proceedings, Rex Wu would have missed the "Objection" and the honorable court would have ruled for the Objection.  This would have been grossly unjust and unethical.

5. Rex Wu wants to inform the Honorable Court of the Insufficient Service of Process and seeks to expunge the "Objection" or the court to rule against it based on the Insufficient Service of Process.

## Reservations of Rights

6. Rex Wu reserves all his rights that he is entitled to.

Respectfully Submitted,

Dated this 11th day of June, 2019

Rex Wu
6315 N Campbell
Chicago, IL 60659

**EXHIBIT A**

"LBIE was incorporated on 10 September 1990 under the Companies Act 1985 as a company limited by shares. On 21 December 1992, it was re-registered as an unlimited company. It appears that this step was taken for US tax reasons. Re-registration of LBIE as an unlimited company enabled it to be treated as a branch of its then parent company for US tax purposes, thereby enabling losses in LBIE to be set off against profits in the parent.

The share capital of LBIE comprises 6,273,113,999 ordinary shares of $1 each, 2 million 5% redeemable Class A preference shares of $1000 each, and 5.1 million 5% redeemable Class B shares of £1000 each. All these shares, except for 1 ordinary share, are held by LBHI2. The two classes of preference shares result from capital restructurings of LBIE in 2006 and 2007, to which I shall refer below. The remaining ordinary share is held by LBL."

The sole function of LBHI2 was to act as the immediate holding company of LBIE.