Julie Ianello
PO Box 796
Granger, IN 46530
Telephone: (574)360-9056
Email: jnello23566@gmail.com
Pro-se

RECEIVED
JUN 1 8 2019
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT SOUTHERN DISCTRICT OF NEW YORK

| | | |
|---|---|---|
| Julie Ianello, | ) | Case No. 08-13555 (SCC) |
| Vs. | ) | (Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC., et al., | ) | |
| Debtors. | ) | |
| | ) | |

## MOTION TO DEMAND SERVICE

TO THE HONORABLE SHELLEY C CHAPMAN

UNITED STATES BANKRUPTCY JUDGE:

Julie Ianello, as Pro Se, states and demands to be served the paperwork from the Debtor "OBJECTION TO MOTION TO ALLOW LATE CLAIM" (Docket #59738). Julie Ianello has not received any service paperwork and if it were not for Julie Ianello to check the dockets, Julie Ianello would not have been able to respond to the "Objection". Julie Ianello was anticipating the service paperwork which did not arrive and decided to respond to the "Objection" on her own accord.

### ARGUMENT

1. The debtor committed Insufficient Service of Process. Julie Ianello was not served the "Objection" which she is entitled to receive by law.

2. Julie Ianello requests the honorable court to deem the "Objection" invalid due to Insufficient Service of Process.

3. The Debtor had sufficient time to prepare and serve the "Objection" due to the original Hearing Date being moved to June 19th, 2019 from May 30th, 2019. It is believed by Julie Ianello that the Insufficient Service of Process is intentionally committed by the Debtor to prevent Julie Ianello from responding to the "Objection". Julie Ianello would have been denied a chance to state her case, point and arguments like (Exhibit A)

4. Julie Ianello is Pro Se. If Julie Ianello did not do her research into the court proceedings, Julie Ianello would have missed the "Objection" and the Honorable Court would have ruled for the Objection. This would have been unethical.

5. Julie Ianello wants to inform the Honorable Court of the Insufficient Service of Process and seeks to expunge the "Objection" of the court to rule against it based on the Insufficient Service of Process.

### Reservation of Rights

6. Julie Ianello reserves all her rights that she is entitled to.

Respectfully submitted,

This June 15, 2019

Julie Ianello
By:/s/Julie Ianello
PO Box 796
Granger, IN 46530
Telephone: (574)360-9056
Email: jnello23566@gmail.com
Pro-se

## EXHIBIT A

"LBIE was incorporated on 10 September 1990 under the Companies Act 1985 as a company limited by shares. On 21 December 1992, it was re-registered as an unlimited company. It appears that this step was taken for US tax reasons. Re-registration of LBIE as an unlimited company enabled it to be treated as a branch of its then parent company for US tax purposes, thereby enabling losses in LBIE to be set off against profits in the parent.

The share capital of LBIE comprises 6,273,113,999 ordinary shares of $1 each, 2 million 5% redeemable Class A preference shares of $1000 each, and 5.1 million 5% redeemable Class B shares of $1000 each. All these shares, except for 1 ordinary share, are held by LBHI2. The two classes of preference shares result from capital restructurings of LBIE in 2006 and 2007, to which I shall refer below. The remaining ordinary shre is held by LBL."

The sole function of LBHI2 was to act as the immediate holding company of LBIE.