Dan Ianello
PO Box 796
Granger, IN 46530
Telephone: (574)514-7614
Email: dnello@yahoo.com
Pro-se

**RECEIVED**

JUN 1 8 2019

U.S. BANKRUPTCY COURT, SDNY

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISCTRICT OF NEW YORK**

| | | |
|---|---|---|
| Dan Ianello, | ) | Case No. 08-13555 (SCC) |
| Vs. | ) | (Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC., et al., | ) | |
| Debtors. | ) | |
| | ) | |

### MOTION TO DEMAND SERVICE

**TO THE HONORABLE SHELLEY C CHAPMAN**

**UNITED STATES BANKRUPTCY JUDGE:**

Dan Ianello, as Pro Se, states and demands to be served the paperwork from the Debtor "OBJECTION TO MOTION TO ALLOW LATE CLAIM" (Docket #59738). Dan Ianello has not received any service paperwork and if it were not for Dan Ianello to check the dockets, Dan Ianello would not have been able to respond to the "Objection". Dan Ianello was anticipating the service paperwork which did not arrive and decided to respond to the "Objection" on his own accord.

### ARGUMENT

1. The debtor committed Insufficient Service of Process. Dan Ianello was not served the "Objection" which she is entitled to receive by law.

2. Dan Ianello requests the honorable court to deem the "Objection" invalid due to Insufficient Service of Process.

3. The Debtor had sufficient time to prepare and serve the "Objection" due to the original Hearing Date being moved to June 19th, 2019 from May 30th, 2019. It is believed by Dan Ianello that the Insufficient Service of Process is intentionally committed by the Debtor to prevent Dan Ianello from responding to the "Objection". Dan Ianello would have been denied a chance to state his case, point and arguments like (Exhibit A)

4. Dan Ianello is Pro Se. If Dan Ianello did not do his research into the court proceedings, Dan Ianello would have missed the "Objection" and the Honorable Court would have ruled for the Objection. This would have been unethical.

5. Dan Ianello wants to inform the Honorable Court of the Insufficient Service of Process and seeks to expunge the "Objection" of the court to rule against it based on the Insufficient Service of Process.

### Reservation of Rights

6. Dan Ianello reserves all his rights that he is entitled to.

Respectfully submitted,

This June 15, 2019

Dan Ianello
By:/s/Dan Ianello
PO Box 796
Granger, IN 46530
Telephone: (574)514-7614
Email: dnello@yahoo.com
Pro-se

## EXHIBIT A

"LBIE was incorporated on 10 September 1990 under the Companies Act 1985 as a company limited by shares. On 21 December 1992, it was re-registered as an unlimited company. It appears that this step was taken for US tax reasons. Re-registration of LBIE as an unlimited company enabled it to be treated as a branch of its then parent company for US tax purposes, thereby enabling losses in LBIE to be set off against profits in the parent.

The share capital of LBIE comprises 6,273,113,999 ordinary shares of $1 each, 2 million 5% redeemable Class A preference shares of $1000 each, and 5.1 million 5% redeemable Class B shares of $1000 each. All these shares, except for 1 ordinary share, are held by LBHI2. The two classes of preference shares result from capital restructurings of LBIE in 2006 and 2007, to which I shall refer below. The remaining ordinary shre is held by LBL."

The sole function of LBHI2 was to act as the immediate holding company of LBIE.