Hearing Date and Time: July 18, 2019 at 2:00pm
Objection Deadline: July 11, 2019 at 4:00pm

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

Lehman Brothers Holdings Inc.

         Debtor.

**NOTICE OF MOTION FOR
TERMINATION OF AUTOMATIC STAY**

Case No.: 08-13555-scc
(Chapter 11)

Assigned to:
Hon. Shelley C. Chapman
Bankruptcy Judge

      PLEASE TAKE NOTICE Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT., a secured creditor of Debtor, by the undersigned attorneys, will move this Court on July 18, 2019 at 2:00pm or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, 6th Floor, New York, NY 10004 for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay as to movant's interest in real property commonly known as 9025 East 13th Street, Indianapolis, IN 46229 and for such other relief as the Court may deem proper.

      PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Motion shall be in writing, shall conform to the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court and the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated June 17, 2010 (the "Second Amended Case Management Order"), shall set forth the name of the objectant, the basis for the objection, and the specific grounds therefore, and shall be filed with the Bankruptcy Court in accordance with the electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242, and served upon the undersigned so as to actually be filed with the Court and received by the undersigned no later than July 11, 2019 at 4:00pm (prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that the relief requested in the Motion may be granted without a hearing if no objection is timely filed and served in accordance with the immediately preceding paragraph.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

DATED:  June 20, 2019
        Williamsville, New York

                                    Yours,
                                    By: _____
                                    Ehret Anne Van Horn, Esq.
                                    GROSS POLOWY, LLC
                                    Attorneys for Secured Creditor
                                    Rushmore Loan Management Services, LLC as
                                    servicing agent for U.S. Bank National
                                    Association, not in its individual capacity but
                                    solely as trustee for the RMAC Trust, Series
                                    2016-CTT
                                    1775 Wehrle Drive, Suite 100
                                    Williamsville, NY 14221
                                    Telephone (716)204-1700

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

Lehman Brothers Holdings Inc.
        Debtor.

**AFFIRMATION**

Case No.: 08-13555-scc
(Chapter 11)

Assigned to:
Hon Shelley C. Chapman
Bankruptcy Judge

    I, Ehret Anne Van Horn, Esq. am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

    1.    I submit the within Affirmation under penalty of perjury in support of the motion of Rushmore Loan Management Services, LLC ("Rushmore") as servicing agent for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank"), to terminate the automatic stay in this case with respect to the real property commonly known as 9025 East 13th Street, Indianapolis, IN 46229 ("Real Property").

### I.    INTRODUCTION

    A.  <u>Lehman Brothers Holdings, Inc. is included the chain of title for the Real Property</u>

    2.    U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT is the holder of a note executed by Virginia S. King on or about November 1, 1990 in the principal amount of $58,900.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Marion County Clerk on the 9th day of November, 1990 in Instrument Number 900117606 (the "Mortgage") covering the premises commonly known as 9025 East 13th Street, Indianapolis, IN 46229. A copy of the Note, Mortgage and Assignments, is annexed hereto as **Exhibit 'A'**.

    3.    The original lender on the Note and Mortgage is Merchants Mortgage Corporation. Merchants Mortgage Corporation assigned the mortgage to Wendover Funding by assignment dated September 6, 1995 and recorded September 25, 1995. Wendover Financial Services Corporation then *erroneously* assigned the mortgage

to the Debtor, Lehman Capital, a division of Lehman Brothers Holdings, Inc. This assignment was recorded on August 14, 2001. Wendover Financial Services Corporation, formerly known as Wendover Funding Inc. then assigned the mortgage to the Secretary of Housing and Urban Development of Washington, DC. The Secretary of Housing and Urban Development assigned the mortgage to U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT by assignment dated July 19, 2017.

4. On the 15th day of September, 2008 Lehman Brothers Holdings Inc. (the "Debtor") filed a Petition under Chapter 11 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

5. U.S. Bank commenced foreclosure proceedings on the Real Property in Marion County Superior Court in the State of Indiana on October 16, 2017. The foreclosure complaint is attached hereto as **Exhibit 'B'**.

## II.    RELIEF REQUESTED

B. <u>U.S. Bank seeks relief from the automatic stay in order to proceed with its foreclosure action</u>

6. In order for U.S. Bank to obtain a judgement of foreclosure and sale it must have a clear chain of title. As U.S. Bank has been unable to obtain a corrective assignment from Wendover Financial Services Corporation or from the Debtor, it now seeks an order granting relief from the automatic stay in this case in order to amend the foreclosure complaint to add a count naming Lehman Brothers Holdings, Inc. in the foreclosure action. This would remove the Debtor's interest in the Real Property at judgment. Bankruptcy Code Section 362(d)(1) provides that a court shall grant relief from the stay such as by "terminating, annulling, modifying, or conditioning" such stay, for "cause" or for other grounds. See *11 U.S.C. § 362(d)(1)*.

7. In the instant bankruptcy case, the Real Property is not an asset of the Debtor's bankruptcy estate and therefore the disposition of the foreclosure action is of no concern to the bankruptcy estate. U.S. Bank is the holder of the Note and Mortgage in regard to the Real Property and believes that the assignment into the Debtor was made in error. U.S. Bank now seeks relief from the automatic stay for cause, for the limited purpose of proceeding with its foreclosure action against the Real Property in the state of Indiana.

8.  The instant motion does not seek relief from the automatic stay in the bankruptcy case of an individual debtor that has defaulted on mortgage obligations. Therefore, it is respectfully submitted that the Court should waive its requirement of a worksheet under Local Bankruptcy Rule 4001-1 as there are no mortgage payment liabilities owed by the Debtor in the instant case.

9.  A copy of a proposed Order granting the relief sought by Rushmore is annexed hereto as **Exhibit 'C'**.

10. In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Rushmore as servicer for U.S. Bank hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

11. No prior application has been made for the relief requested herein.

**WHEREFORE**, Rushmore as servicer for U.S. Bank respectfully requests that an Order be granted terminating the automatic stay immediately as to U.S. Bank's interest in the Real Property together with such other, further and different relief as the Court may deem just in this matter.

DATED:  June 20, 2019
        Williamsville, New York

Yours,

By: _____
Ehret Anne Van Horn, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700