Objection Date and Time: August 16, 2019 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: To be scheduled if an Objection is filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.
and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
In re                                                                   :    Chapter 11 Case No.
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                                :    08-13555 (SCC)
                                                                        :
                    Debtors.                                            :    (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE
BANKRUPTCY CODE FOR APPROVAL OF RELEASE AGREEMENT
WITH U.S. BANK NATIONAL ASSOCIATION AND CERTAIN AFFILIATES**

PLEASE TAKE NOTICE that on July 17, 2019, Lehman Brothers Holdings Inc. ("LBHI" and, in its capacity as Plan Administrator, the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced chapter 11 cases, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), filed a motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of a certain release agreement among (i) LBSF, (ii) LBHI, (iii) U.S. Bank National Association ("U.S. Bank"), and (iv) U.S. Bank Trust National Association ("U.S. Bank Trust" and with U.S. Bank, the "U.S. Bank Entities"), as more fully described in the Motion, and that, if an objection to the

Motion is timely filed, a hearing (the "Hearing") to consider the Motion will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be scheduled.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at *www.nysb.uscourts.gov*) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq. and Andrea B. Schwartz, Esq.; and (iv) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: Franklin H. Top, III, Esq., attorneys for the U.S. Bank Entities, so as to be so filed and received no later than **August 16, 2019 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

2

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 17, 2019
      New York, New York

*/s/ Jacqueline Marcus*
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**Objection Date and Time: August 16, 2019 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: To be scheduled if an Objection is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**              :    08-13555 (SCC)
                                                              :
         Debtors.                                             :    (Jointly Administered)
                                                              :
------------------------------------------------------------------x

**MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES**
**OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE**
**BANKRUPTCY CODE FOR APPROVAL OF RELEASE AGREEMENT**
**WITH U.S. BANK NATIONAL ASSOCIATION AND CERTAIN AFFILIATES**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and, in its capacity as Plan Administrator, the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") for certain entities in the above-referenced chapter 11 cases, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), submits this motion (the "Motion") and respectfully represents:

**Relief Requested**

1. By this Motion, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Plan Administrator on behalf of itself, LBHI, and LBSF seeks approval of a release agreement, dated as of June 25, 2019 (the "Release Agreement"), among (i) LBHI, (ii) LBSF, (iii) U.S. Bank National Association ("U.S. Bank"), and (iv) U.S. Bank Trust National Association ("U.S. Bank Trust", and with U.S. Bank, the "U.S. Bank Entities" and, together with LBHI and LBSF, the "Parties"). The Release Agreement resolves certain disputes described more fully below.

**Background**

2. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LBSF, commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.

3. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

**Jurisdiction**

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**The Transactions Between the Parties**

5. On the Commencement Date, LBHI and LBSF were parties to numerous structured finance transactions for which the U.S. Bank Entities acted in various capacities, including as trustee, custodian or administrator.

2

6. The U.S. Bank Entities, acting in various capacities, including as trustees, custodians or administrators, have been actively involved in the Chapter 11 Cases, particularly with respect to LBSF's portfolio of derivatives transactions.

7. Since the Commencement Date, the vast majority of these structured finance transactions have been liquidated, terminated or otherwise resolved. A small number of transactions remain active.

8. The U.S. Bank Entities have filed certain proofs of claim through their corporate trust department against LBHI and/or LBSF in the Chapter 11 Cases, including among others, on account of transactions which were entered into with special purpose vehicles that were derivatives counterparties. The U.S. Bank Entities were also named as a defendants in various adversary proceedings relating thereto, and negotiated and executed many settlement agreements relating to the derivatives transactions. In many instances, LBHI and/or LBSF has provided indemnification to the U.S. Bank Entities in connection with resolutions of derivatives disputes.

9. Over the last several months, the Plan Administrator has reviewed its continuing relationship with the U.S. Bank Entities and engaged in discussions with the U.S. Bank Entities to reach a resolution of open issues between the parties.

10. On June 25, 2019, the Parties entered into the Release Agreement to address, among other things, (a) the withdrawal of certain proofs of claim filed by the U.S. Bank Entities against LBSF and/or LBHI, which have not been previously withdrawn, disallowed or expunged, as defined in the Release Agreement, including those set forth on Schedule C annexed to the Release Agreement (the "U.S. Bank Claims"); (b) the termination of certain indemnities provided by LBSF and/or LBHI to the U.S. Bank Entities, as defined in the Release Agreement,

3

including, without limitation, those indemnities set forth in Schedule B annexed to the Release Agreement (the "Indemnities"); (c) termination of any ongoing obligations of LBSF or LBHI to reimburse the costs, expenses and fees owed to the U.S. Bank Entities arising from their services as trustee, custodian and/or administrator in connection with certain of the transactions between the Parties; and (d) the dismissal of certain pending adversary proceedings between the Parties, as defined in the Release Agreement (the "Adversary Proceedings").

11.   The U.S. Bank Entities have conditioned the Release Agreement on the Court's approval of the terms of the Release Agreement pursuant to the terms of Bankruptcy Rule 9019. Entry of an order by this Court, in the form annexed hereto, is a condition precedent to the effectiveness of the Release Agreement.

### The Release Agreement[1]

12.   The salient terms of the Release Agreement are as follows:

   a. In consideration of the U.S. Bank Entities' execution of the Release Agreement, upon the Effective Date (as defined in the Release Agreement), U.S. Bank will receive (a) a Class 9A Third-Party Guarantee Claim (as defined in the Plan) against LBHI in the amount of $1,490,000, and (b) a Class 4A General Unsecured Claim (other than those of the Racers Trusts) (as defined in the Plan) against LBSF in an amount of $1,490,000, each of which will be treated as an Allowed Claim in accordance with Sections 1.4 and 9.4 of the Plan.[2]

   b. Upon the Effective Date, the U.S. Bank Claims shall be deemed withdrawn, and the U.S. Bank Entities shall file a notice of withdrawal

---

[1] In keeping with the confidentiality provisions of the Release Agreement, and due to the Parties' desire to keep terms that are material to pending litigation confidential, the Release Agreement has not been annexed hereto. The Plan Administrator will provide a copy of the Release Agreement to the Court and the Office of the United States Trustee prior to the hearing to consider the relief requested herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Release Agreement.

[2] U.S. Bank will be entitled to distributions with respect to the claims allowed pursuant to the Release Agreement in accordance with Section 8.4 of the Plan, which distributions shall commence when the Plan Administrator makes the next distribution pursuant to the Plan, provided that Court approval required by Section 9 of Release Agreement has been obtained at that time.

4

       with the Bankruptcy Court of all U.S. Bank Claims against LBSF and/or LBHI within five (5) business days of the Effective Date.

c. Upon the Effective Date, the Adversary Proceedings shall be deemed withdrawn as to U.S. Bank, and the Plan Administrator will dismiss with prejudice all claims asserted against the U.S. Bank Entities in the Adversary Proceedings within five (5) business days of the Effective Date.

d. Upon the Effective Date, certain reservations of rights and/or objections to the assumption of executory contracts pursuant to the Plan filed by the U.S. Bank Entities [ECF Nos. 21655, 21833, 21922, and 22281] (the "<u>U.S. Bank Objections</u>") shall be deemed withdrawn and the U.S. Bank Entities shall file a notice of withdrawal of the U.S. Bank Objections with the Bankruptcy Court within five (5) business days of the Effective Date.

e. Upon the Effective Date, any ongoing obligations of LBSF and LBHI to reimburse the costs, expenses and fees owed to the U.S. Bank Entities arising from their services as trustee, custodian and/or administrator in connection with the Transactions[3] will be terminated.

f. Upon the Effective Date, LBSF, LBHI and the Plan Administrator will generally release, discharge and acquit each of the U.S. Bank Entities and their respective affiliates from all Released Claims.[4]

g. Upon the Effective Date, each of the U.S. Bank Entities on behalf of itself and its Affiliates, will generally release, discharge and acquit LBSF, LBHI and the Plan Administrator from all Released Claims, including termination of the Indemnities, so as to leave them without force and effect.[5]

---

[3] "Transactions" means, certain transactions listed on or relating to the matters listed on Schedule B annexed to the Release Agreement, as well as any other transactions in which U.S. Bank Entities through their corporate trust departments served as the trustee and as to which LBSF was the swap counterparty.

[4] "Released Claims" means all manners of Actions existing as of the date hereof, of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, whether known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, arising under or related to (i) the Agreement Documents and the Transactions, and in each case including their negotiation, execution, performance, any breaches thereof, or their termination, (ii) the Adversary Proceedings, (iii) the Indemnities, (iv) the Transactions, and/or (v) the U.S. Bank Claims.

[5] Notwithstanding the release by U.S. Bank, U.S. Bank may be required by contract or applicable law to perform certain functions on behalf of investors and other parties, including LBHI and LBSF, under the terms of the relevant agreements, which actions shall not be precluded notwithstanding the release set forth above.

  h. The Parties have agreed to certain further assurances and mutual cooperation as set forth in the Release Agreement. For example, U.S. Bank has agreed that, notwithstanding the releases provided in Section 4 of the Release Agreement, it shall promptly deliver to the Plan Administrator any funds to which LBHI or LBSF is entitled under any applicable Agreement Documents (as defined in the Release Agreement).

13. The Plan Administrator has determined in its informed business judgment that the terms of the Release Agreement are in the best interests of LBSF and LBHI. Approval of the Release Agreement will enable LBSF and LBHI to resolve most of the remaining disputes with the U.S. Bank Entities and avoid expending further resources on litigation with the U.S. Bank Entities. It will also eliminate the outstanding Indemnities which, in many instances, are potential substantial long term obligations of the Debtors.

### The Release Agreement Is In The Best Interests of LBHI, LBSF, and Plan Administrator and Should Be Approved

14. The Plan Administrator on behalf of itself and LBSF submits that the Release Agreement is in the Debtors' best interests and should be approved under Rule 9019 of the Bankruptcy Rules. Bankruptcy Rule 9019(a) provides "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. R. 9019(a). This rule empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). The settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Id.*; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

15. Compromises are "a normal part of the process of reorganization." *Prot. Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

6

Compromises may be effected separately during the reorganization proceedings or in the body of the plan itself. *In re Drexel Burnham Lambert Group Inc.*, 138 B.R. at 758. The decision to approve a particular compromise lies within the sound discretion of the Court. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). The Court's discretion may be exercised "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998). A proposed compromise and settlement implicates the issue of whether it is "fair and equitable, and in the best interest of the [debtor's] estate." *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted). The court must apprise itself "of all relevant facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *Prot. Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424.

16.  Courts typically consider the following factors in determining whether a settlement should be approved: (i) the probability of success in litigation, with due consideration for the uncertainty in fact and law; (ii) the difficulties of collecting any litigated judgment; (iii) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; (iv) the proportion of creditors who do not object to, or who affirmatively support, the proposed settlement; (v) the competence and experience of counsel who support the settlement; (vi) the relative benefits to be received by members of any affected class; (vii) the extent to which the settlement is truly the product of arm's-length bargaining and not the product of fraud or collusion; and (viii) the debtor's informed judgment that the settlement is fair and reasonable. *See Id.*; *In re Ashford Hotels, Ltd.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998); *In re Best Prods. Co.*, 168 B.R. at 50.

08-13555-mg    Doc 59830    Filed 07/17/19    Entered 07/17/19 18:00:11    Main Document
Pg 11 of 17

17. While a court must "evaluate . . . all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. Moreover, in reviewing a global compromise, a court need not be aware of or decide the particulars of each individual claim resolved by the settlement or "assess the minutia of each and every claim"; rather, a court "need only canvass the issues and see whether the settlement falls 'below the lowest point in the range of reasonableness.'" *Shugrue*, 165 B.R. at 123. As one court explained in assessing a global settlement of claims, "[t]he appropriate inquiry is whether the Settlement Agreement *in its entirety* is appropriate for the . . . estate." *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 430 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1993) (emphasis added).

18. Here, the Release Agreement will benefit LBHI, LBSF, and their creditors. First, entry into the Release Agreement will avoid future disputes and litigation with the U.S. Bank Entities as it relates to the Adversary Proceedings and the U.S. Bank Objections. Second, entry into the Release Agreement will avoid future disputes, the need for further claims objections and potential litigation with the U.S. Bank Entities in connection with the U.S. Bank Claims. Finally, by terminating (a) the Lehman Indemnities and any other contingent obligations, and (b) LBHI's and/or LBSF's ongoing obligations to reimburse certain costs, expenses and fees owed to the U.S. Bank Entities arising from their services as trustee, custodian and/or administrator in connection with certain transactions, the Release Agreement will assist LBHI, LBSF, and the Plan Administrator in effectuating a wind-down of the Debtors' estates.

19. For the reasons stated above, and in the Plan Administrator's informed business judgment, the compromises set forth in the Release Agreement are a "fair and equitable" resolution of the parties' dispute, are well within the "range of reasonableness," and are in the best interests of LBHI, LBSF, and their respective estates and creditors. Accordingly, the Plan Administrator requests that the Release Agreement be approved, effective immediately upon entry of an Order granting the relief requested herein.

## The Bankruptcy Court Has Authority Pursuant to Section 105(a) of the Bankruptcy Code to Approve the Release Agreement

20. The Plan Administrator also seeks approval of the Release Agreement pursuant to section 105(a) of the Bankruptcy Code. This Court has authority under the broad equitable powers of the Bankruptcy Code, as set forth in section 105(a), to approve the Release Agreement. Courts have used their equitable powers to permit deviations in trust agreements in order to preserve and protect a trust or where circumstances exist that would defeat or substantially impair the accomplishment of the purposes of the trust. *See, e.g., In re A.H. Robbins*, 880 F.2d 769, 776 (4th Cir. 1989) (noting that section 105(a) authorizes the court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code and finding that matters relating to the control and supervision of trusts are within the equity jurisdiction of the court); *In re Joint Eastern and Southern Districts Asbestos Litigation*, 878 F. Supp 473 (E.D.N.Y. & S.D.N.Y. 1995) and 129 B.R. 710 (E.D.N.Y. & S.D.N.Y. 1991) (holding that section 105(a) authorizes the federal courts in bankruptcy cases to approve a settlement modifying distributions, obligations, and payment procedures under a trust). Accordingly, the Court has authority under section 105(a) of the Bankruptcy Code to direct the applicable U.S. Bank Entities to effectuate the terms of the Release Agreement where, in certain instances, strict adherence to the agreements, indentures, indemnities, or any other

9

underlying documents in connection with the Transactions (as defined in the Release Agreement) may frustrate the parties' efforts to reach a global resolution.

21. The Court has granted similar relief in these chapter 11 cases, pursuant to section 105(a) of the Bankruptcy Code. On March 6, 2018, the Court entered an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving a certain global release agreement among LBSF, LBHI, and the Bank of New York Mellon [ECF No. 57772]. The relief requested herein is similar, and reflects the Plan Administrator's continuing attempt to wind up pending matters in these cases.

### Waiver of Bankruptcy Rule 6004(h)

22. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Debtors seek a waiver of the 14-day stay extant in Bankruptcy Rule 6004(h) to avoid any delays in the their ability to effectuate the terms of the Release Agreement which, among other things, inure to the benefit of LBSF and LBHI.

### Notice

23. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the U.S. Bank Entities; and (vi) all parties who have requested notice in the Chapter 11 Cases. The Plan Administrator submits that no other or further notice need be provided.

WHEREFORE the Plan Administrator on behalf of itself, LBHI, and LBSF respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 17, 2019
      New York, New York

                */s/ Jacqueline Marcus*
                Jacqueline Marcus
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                *Attorneys for Lehman Brothers Holdings Inc.*
                *and Lehman Brothers Special Financing Inc.*

WEIL:\96648161\8\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE
BANKRUPTCY CODE APPROVING THE RELEASE AGREEMENT
WITH U.S. BANK NATIONAL ASSOCIATION AND CERTAIN AFFILIATES**

Upon the motion, dated July 17, 2019 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" and, in its capacity as Plan Administrator, the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the Release Agreement, dated as of June 25, 2019 (the "Release Agreement") among (i) LBSF, (ii) LBHI, (iii) U.S. Bank National Association ("U.S. Bank"), and (iv) U.S. Bank Trust National Association ("U.S. Bank Trust" and with U.S. Bank, the "U.S. Bank Entities") involving resolutions of certain issues and disputes, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the U.S. Bank Entities; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LBSF, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Release Agreement is approved; and it is further

ORDERED that LBSF and LBHI, acting through the Plan Administrator, are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Release Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the U.S. Bank Entities are authorized and directed to take such actions as they reasonably deem necessary or appropriate to consummate the Release Agreement and to perform any and all obligations contemplated therein; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, LBHI and its subsidiaries that commenced the Chapter 11 Cases, including LBSF (collectively, the "Chapter 11 Entities"), the U.S. Bank Entities, as well as any successor trustees under the Indentures.  The Plan Administrator, the Chapter 11 Entities, and the U.S. Bank Entities, in their capacities as trustees, custodian and/or administrator in connection with any of the Transactions (as defined in the Release Agreement), shall be and hereby are, fully exculpated and shall not have liability to each other or the Chapter 11 Entities, arising out of, relating to, or in connection with the Motion, the Release Agreement or this Order, except to the extent of any obligations set forth in the Release Agreement that have not been performed; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
       New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

WEIL:\96648161\8\58399.0011