**From:** rickey gregory
**Sent:** Sunday, July 7, 2019 4:46 PM
**To:** Garrett.Fail@weil.com
**Cc:** scc.chambers@nysb.uscourts.gov; jason.Hufendick@weil.com; dnello@yahoo.com; eharrison165@gmail.com; jnello23566@gmail.com; Eli.Blechman@weil.com; glennblaze2@gmail.com; olivo_alex@yahoo.com; rickeygregory4477@gmail.com; rex_wu@live.com; Jamie_Eisen@nysb.uscourts.gov
**Subject:** Possible date error in Order or Docket 59801 filed on July 2, 2019: Order Denying Motion for an Order Enforcing the Modified Third Amended Joint Chapter...

Dear Mr. Fail:

While going over the information below in exhibit A, I think that I have noticed an error in Order / Docket 59801 filed on July 2, 2019: Order Denying Motion for an Order Enforcing the Modified Third Amended Joint Chapter...

a)  Cutout from order 59801 below:

"and the Debtors having filed an objection to the Motion on April 12, 2019 [ECF No. 59738] (the "Objection")"

Docket 59738 was filed on May 29, 2019.

b) Cutout from docket 59738 below:

"08-13555-scc Doc 59738 Filed 05/29/19 Entered 05/29/19 11:47:27 Main Document "

Mr. Fail, if I am correct, you may need to file another order to correct this error and reset the clock for the time required to file an appeal to the District Court! I want you to be successful and have a July 18, 2019 distribution. Because, I hope that LBHI's Plan Trust will receive their first distribution in 2019. If I am wrong about the date. I apologize for not understanding where the April 12, 2019 date originated.

Best Regards,

Rickey M. Gregory
/s/ Rickey M. Gregory

*[Stamp: RECEIVED JUL 19 2019 U.S. BANKRUPTCY COURT SO DIST NY]*

Exhibit A

"From: Hufendick, Jason
Sent: Wednesday, June 26, 9:50 AM

Subject: Lehman - Proposed Order
To: Rex_Wu@Live.com
Cc: Fail, Garrett
Mr. Rex Wu,
As requested by the Bankruptcy Court at the hearing, please see attached a draft of the proposed order. Please let us know if you agree with the wording of the draft, or would like to propose any changes. If not, we will send the attached draft to the Bankruptcy Court. Thank you.
Best,
Jason"


1) Language to add to order:

ORDERED that LBHI's Capital Trust Preferred Securities are parity with the ECAPS' Preferred Securities per LBHI's relevant prospectuses and with a securities holder's, prior to purchase, knowledge of and reliance on the general guarantee.


Basis of language to add to order:

"5 Now, I didn't become aware of this until Docket
6 58763 was filed on August 27, 2018. It was a letter from
7 Mr. Fail that has a copy of the claims for Partnerships 1,
8 2, 3, 4 and 5, the ECAPS. And it also talks about how the
9 Lehman Brothers Special Financing guaranteed swap claims for
10 the (indiscernible) agreement for Partnerships 3, 4 and 5
11 are also guaranteed by the global agreement, even though the
12 Capital Trusts do not have a claim with Lehman Brothers
13 Special Financing, we still have a parity with the guarantee
14 for Lehman Brothers Special Financing.

.
.
.

Mr. Gregory also referred to, I believe, a 2005
6 written consent by the Board of Directors of LBHI that have
7 been referred to from time to time as the corporate
8 resolution. We've discussed that in numerous pleadings,
9 Your Honor, and I believe Your Honor referred to it in her
10 recent decision with SRM.
11 That guarantee has been argued that it guaranteed
12 the obligations, certain obligations, from PLC. Mr.
13 Gregory, and perhaps Mr. Wu, are trying to now say somehow

14 that this written consent gives a non-subordinated guarantee
15 because HI allegedly guaranteed PLC, which guaranteed
16 something else.
17 That argument fails by Mr. Gregory's admission
18 that he found out about the unanimous written consent on
19 August 2018, eight years after the bankruptcy and seven
20 years after the bar date.
21 THE COURT: So, what you're referring to is the
22 law that's clear and that I set forth in the recent SRM
23 decision, which I wouldn't charge Mr. Gregory or Mr. Wu with
24 being aware of. But the law is that when there is a general
25 guarantee, as opposed to a specific guarantee, and corporate
Page 81
Veritext Legal Solutions
212-267-6868 www.veritext.com 516-608-2400
1 resolution is a general guarantee, it's necessary to show
2 that one acted in reliance -- with knowledge of and in
3 reliance on the general guarantee. So, by definition,
4 that's not the case here.
5 THE COURT: It's impossible for Mr. Wu, who didn't
6 purchase it pre-petition. It was known to be impossible by
7 Mr. Gregory's admission. And certainly, the prospectus
8 which -- we've covered this in prior objections, perhaps
9 before Your Honor's taking over the case, or perhaps after -
10 - the prospectus and documents make it very clear that the
11 only guarantee issued was the limited one, the only
12 guaranteed issued here that's relevant. It's the very
13 limited, very subordinated guarantee of LBHI."

2) An item to add to the order:

ORDERED that LBHI's Capital Trust Preferred Securities are parity with LBIE's 5% redeemable Class A preference shares per LBHI's relevant prospectuses.

Basis of language to add to order:
A)
Quote:
---------------------------------------------------------------------------
LBIE was incorporated on 10 September 1990 under the Companies Act 1985 as a company limited by shares. On 21 December 1992, it was re-registered as an unlimited company. It appears that this step was taken for US tax reasons. Re-registration of LBIE as an unlimited company enabled it to be treated as a branch of its then parent company for US tax purposes, thereby enabling losses in LBIE to be set off against profits in the parent.

3 of 4

The share capital of LBIE comprises 6,273,113,999 ordinary shares of $1 each, 2 million 5% redeemable Class A preference shares of $1000 each, and 5.1 million 5% redeemable Class B shares of £1000 each. All these shares, except for 1 ordinary share, are held by LBHI2. The two classes of preference shares result from capital restructurings of LBIE in 2006 and 2007, to which I shall refer below. The remaining ordinary share is held by LBL. [Rickey, LBL eventually gave this one share to LBHI2]

The sole function of LBHI2 was to act as the immediate holding company of LBIE.

---

See attached file: Witness Statement of Russell Downs, Statement No: 4, Date 2 August 2013
B)
From Docket 59738
"08-13555-scc Doc 59738 Filed 05/29/19 Entered 05/29/19 11:47:27 Main Document
Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this objection to the Motion for an Order Enforcing the Modified Third Amended Joint Chapter 11
Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for Purposes of Distributions
filed last month by Rex Wu ("Wu") (ECF No. 59614) (the "Motion") and respectfully represents:
.
.
.
11.
The Subordinated Guarantees themselves likewise provide that:
[LBHI's] [g]uarantee will constitute unsecured obligations of [LBHI] and will rank
(i) subordinate and junior in right of payment to all other liabilities of [LBHI],
(ii) on a parity with the most senior preferred or preference stock...
and (iii) senior
to [LBHI's] common stock.9 "


Fail, Garrett <Garrett.Fail@weil.com>;

NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>;Hufendick, Jason <Jason.Hufendick@weil.com>;
 dnello@yahoo.com; eharrison165@gmail.com; jnello23566@gmail.com;
Blechman, Eli<Eli.Blechman@weil.com>; 'glennblaze2@gmail.com'
<glennblaze2@gmail.com>; 'olivo_alex@yahoo.com'<olivo_alex@yahoo.com>;
'rickeygregory4477@gmail.com';'Rex W' <rex_wu@live.com>;
Jamie_Eisen@nysb.uscourts.gov;

4 of 4