# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)     0000027696

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: Case No. 08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Maverick Neutral Levered Fund, Ltd.
c/o Maverick Capital, Ltd.
300 Crescent Court
18th Floor
Dallas, TX 75201
Attn: John T. McCafferty, General Counsel

Telephone number: 214-880-4000
Email address: John.McCafferty@maverickcap.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:
Email address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See attached.
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached.
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/21/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]  John T. McCafferty

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT A

## I. Introduction

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("Debtor") commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. This proof of claim (this "Proof of Claim")[1] is filed in Debtor's bankruptcy case by Maverick Neutral Levered Fund, Ltd. ("Maverick"). Maverick has a claim (the "Claim") against the Debtor on account of the Debtor's full guarantee, pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated as of June 9, 2005 (the "Guarantee"), of the payment of all liabilities, obligations and commitments of Lehman Brothers International (Europe) ("LBIE"), an affiliate of Debtor and certain other affiliates of Debtor (the "Guaranteed Affiliates").

3. Pursuant to the terms of each of (i) the Customer Account Agreement Prime Brokerage dated as of December 28, 2004 by and among Lehman Brothers Inc. ("LBI"), LBIE and each other of LBI's affiliates (each of LBI, LBIE and LBI's affiliates, the "Lehman Entities") and Maverick (the "Customer Account Agreement"), (ii) the Global Master Securities Lending Agreement dated as of December 28, 2004 by and between LBIE and Maverick (the "Lending Agreement"), and (iii) the Margin Lending Agreement dated as of December 28, 2004 by and between LBIE and Maverick (the "Margin Lending Agreement"), the Lehman Entities agreed to provide certain prime brokerage services to Maverick (each of the Customer Account

---

[1] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated as of July 2, 2009 (Docket No. 4271) (the "Bar Date Order").

Agreement, the Lending Agreement and the Margin Lending Agreement, as amended, restated, supplemented or otherwise modified from time to time, and the services and transactions contemplated thereunder, the "Prime Brokerage Documents"). Under the terms of the Prime Brokerage Documents, LBIE has a lien and first priority security interest in certain assets held or controlled by LBIE. Such assets are held as collateral by LBIE as agent and bailee for itself and all other affiliates of LBIE in connection with Maverick's obligations under the Prime Brokerage Documents. As such, Maverick believes that LBIE or another Guaranteed Affiliate may have custody of all or some of Maverick's assets or property transferred to the Lehman Entities in connection with the Prime Brokerage Documents. As of the Petition Date, the Lehman Entities had custody of Maverick's assets pursuant to the Prime Brokerage Documents in the amount of $5,116,894. This Proof of Claim constitutes a demand for payment under the Guarantee.

## II. The Claim

4. Maverick hereby asserts the Claim in the initial amount of $5,116,894[2] less any amounts owed by Maverick in connection with the Prime Brokerage Documents (the "Initial Claim Amount"[3] ). The Initial Claim Amount may change depending on the current value of the assets in custody until such time as Maverick exercises any remedies it may have to liquidate its claim.

5. In addition, the Claim includes (i) fees and expenses incurred by Maverick in connection with enforcement of its rights under the Prime Brokerage Documents (the "Enforcement Amount") and (ii) interest that has accrued on the amount of the Claim (the

---

[2] The amount will be revised on account of the Additional Claim Amounts.

[3] For the avoidance of doubt, the Initial Claim Amount is a gross claim and does not take into account any amounts or obligations that Maverick may owe to the Lehman Entities under the terms of the Prime Brokerage Documentation.

"Interest Amount" together with the Enforcement Amount, the "Additional Claim Amounts"). Such Additional Claim Amounts cannot be estimated or calculated reasonably at this time. Additional Claim Amounts will continue to accrue through the date on which the amount of the Claim is paid in full. Maverick does not waive its rights to any of the Additional Claim Amounts or to any future distributions under the Prime Brokerage Documents by not stating a specific figure therefor at this time, and, further, hereby reserves its right to amend and supplement this Proof of Claim to include any such Additional Claim Amounts.

    6.    Pursuant to the terms of the Bar Date Order, Maverick will file documentation supporting this Proof of Claim with the Guarantee Questionnaire, which will be filed on or before the Questionnaire Deadline.

### III. General

    7.    Maverick does not waive any right or rights of action that it has or may have against Debtor, LBIE or any other person or persons. Maverick reserves the right to amend or supplement this Proof of Claim in any manner.

    8.    By filing this Proof of Claim, Maverick does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

    9.    This Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Maverick's rights, remedies, claims or interests under applicable law against Debtor, LBIE or any other person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a waiver of any netting rights under applicable law; (vi) a waiver of any rights to assert that all or any portion of the amounts claimed for are being held by Debtor, as bailee, or in

constructive trust; (vii) a waiver of Maverick's property or ownership rights (legal or equitable); or (viii) a waiver of Maverick's legal, equitable or beneficial interests.

10. All notices and communications concerning this Proof of Claim should be addressed as follows:

> Maverick Neutral Levered Fund, Ltd.
> c/o Maverick Capital, Ltd.
> 300 Crescent Court
> 18th Floor
> Dallas, TX 75201
> Attn: John T. McCafferty, General Counsel
> John.McCafferty@maverickcap.com

and to:

> Donna Parisi Esq.
> Shearman & Sterling LLP
> 599 Lexington Avenue
> New York, New York 10022
> 212-848-4000
> dparisi@shearman.com

Dated as of September 21, 2009

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY: _____

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

DATE

2:35
TIME