WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                            :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (SCC)
                                                               :
    Debtors.                                     :    (Jointly Administered)
---------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING MOTION PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE
BANKRUPTCY CODE FOR APPROVAL OF RELEASE AGREEMENT
WITH U.S. BANK NATIONAL ASSOCIATION AND CERTAIN AFFILIATES**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [**ECF No. 9635**] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On July 17, 2019, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the *Motion Pursuant to*

*Rule 9019 of the Federal Rules of Bankruptcy Code for Approval of Release Agreement with U.S. Bank National Association and Certain Affiliates* [**ECF No. 59830**] (the "Motion") with the Court for hearing.

2. In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Objection Deadline") for parties to object or file responses to the Motion. The Objection Deadline was set for **August 16, 2019 at 4:00 p.m**. (Eastern Time). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed. To the best of my knowledge, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced chapter 11 cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Motion, annexed hereto as **Exhibit A**, be entered in accordance with the procedures described in the Second Amended Case Management Order.

WEIL:\97160990\1\58399.0011

I declare that the foregoing is true and correct.

Dated:   August 22, 2019
         New York, New York

*/s/ Jacqueline Marcus*
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

3

## **Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                               :      Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :      08-13555 (SCC)
:
Debtors.                                            :      (Jointly Administered)
:
------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING THE RELEASE AGREEMENT WITH U.S. BANK NATIONAL ASSOCIATION AND CERTAIN AFFILIATES

Upon the motion, dated July 17, 2019 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" and, in its capacity as Plan Administrator, the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the Release Agreement, dated as of June 25, 2019 (the "Release Agreement") among (i) LBSF, (ii) LBHI, (iii) U.S. Bank National Association ("U.S. Bank"), and (iv) U.S. Bank Trust National Association ("U.S. Bank Trust" and with U.S. Bank, the "U.S. Bank Entities") involving resolutions of certain issues and disputes, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the U.S. Bank Entities; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LBSF, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Release Agreement is approved; and it is further

ORDERED that LBSF and LBHI, acting through the Plan Administrator, are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Release Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the U.S. Bank Entities are authorized and directed to take such actions as they reasonably deem necessary or appropriate to consummate the Release Agreement and to perform any and all obligations contemplated therein; and it is further

WEIL:\96648161\8\58399.0011

ORDERED that this Order is binding and effective on the Plan Administrator, LBHI and its subsidiaries that commenced the Chapter 11 Cases, including LBSF (collectively, the "Chapter 11 Entities"), the U.S. Bank Entities, as well as any successor trustees under the Indentures. The Plan Administrator, the Chapter 11 Entities, and the U.S. Bank Entities, in their capacities as trustees, custodian and/or administrator in connection with any of the Transactions (as defined in the Release Agreement), shall be and hereby are, fully exculpated and shall not have liability to each other or the Chapter 11 Entities, arising out of, relating to, or in connection with the Motion, the Release Agreement or this Order, except to the extent of any obligations set forth in the Release Agreement that have not been performed; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
       New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE