B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Financial Products Inc. | Canyon Balanced Master Fund Ltd. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Financial Products Inc.
388 Greenwich Street, Trading Tower 6th fl
New York, New York 10013
Attn:  Kenneth Keeley
Phone:  212-723-6064
Email:  Kenneth.Keeley@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn:  Elanit Snow
Phone:  212-373-3000
Email:  esnow@paulweiss.com

Court Claim # (if known):  67871
Amount of Claim Transferred: $14,860,965.81
ISIN/CUSIP:  52525KAD4
Blocking Number:

Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

DocuSigned by:

By: _Joelle Gavlick_____    Date: _9/18/2019_____
240GDA08G9F64D3...
Transferee/Transferee's Agent

Joelle Gavlick – Authorized Signatory

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, each seller (severally, and not joint and several) as set forth on Schedule 1 attached hereto (each a "Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Financial Products Inc.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 67871 (the "Amended Proof of Claim"), as originally filed by or on behalf of Elliott Associates, L.P., and which Proof of Claim amended and superseded the originally filed claim number 29858 (the "Original Proof of Claim"), against Lehman Brothers Holdings, Inc., (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (SCC) (the "Purchased Claim"),

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) to the extent relating to the Purchased Claim, all of Seller's right, title and interest in, to and under the predecessor transfer agreements, under which Seller or any prior seller (each, a "Prior Seller") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, (the "Predecessor Transfer Agreements"),

(c) any and all proceeds of any of the foregoing, excluding any of the LBHI Distributions (as hereinafter defined) (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

(d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security described in Section 2 of the Original Proof of Claim and specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

2.      Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Original Proof of Claim was duly and timely filed and the Amended Proof of Claim was, or was deemed to be, duly and timely filed, in each case, in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances

created or incurred by Seller or against Seller; (c) Seller has not previously assigned, sold, factored, transferred, participated or pledged the Transferred Claim or the Purchased Security to any third party, in whole or in part; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim, and neither the execution, delivery or performance of this Agreement and Evidence of Transfer of Claim, nor the consummation of the transactions contemplated by this Agreement and Evidence of Transfer of Claim, will violate or contravene any law, rule, regulation, order, agreement or instrument by which Seller is bound or to which the Transferred Claims are subject; (e) the Amended Proof of Claim supersedes and replaces in its entirety the Original Proof of Claim and the Amended Proof of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor holding allowed LBHI Class 3 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023]; (g) to the best of Seller's knowledge, Seller's predecessor-in-interest has received distributions from the Debtor in respect of the Transferred Claims on or around April 17, 2012 and October 1, 2012, in each case in an amount proportional to distributions made generally to holders of allowed LBHI Class 3 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023]; (h) Seller's immediate prior seller received a distribution in the amount of $3,039,789.57 in respect of the Transferred Claims on or around April 4, 2013 (the distributions referenced in clauses (g) and (h), together, the "Prior Seller Distributions"), (i) Seller has received distributions from the Debtor in respect of the Transferred Claims on or around October 3, 2013, April 3, 2014, October 2, 2014, April 2, 2015, October 1, 2015, March 31, 2016, June 16, 2016, October 6, 2016, April 6, 2017, October 5, 2017, December 7, 2017, April 5, 2018, October 4, 2018, April 4, 2019 and July 17, 2019, in each case in an amount proportional to distributions made generally to holders of allowed LBHI Class 3 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023] (the "Retained Distributions") (j) Seller has received a distribution on or around July 17, 2019 in an amount proportional to distributions made generally to holders of allowed LBHI Class 3 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023] (and together with the Prior Seller Distributions and the Retained Distributions, the "LBHI Distributions"); (k) other than the LBHI Distributions, neither Seller nor Seller's predecessors-in-interest have received any payments or distributions in respect of the Purchased Claims; and (l) Seller is not in breach of or in default pursuant to any Predecessor Transfer Agreement to which Seller is a party.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.       As of the date hereof, Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds (except for the Retained Distributions, which, for the avoidance of debut, Seller shall retain) received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price.  This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Amended Proof of Claim.

7.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.       For the avoidance of doubt, each Seller and Purchaser acknowledge and understand that each Seller is executing this agreement solely in its individual capacity with respect to its Transferred Claim, and that all obligations and/or liabilities of each Seller hereunder with are enforceable solely against such Seller and such Seller's assets (severally, and not joint and severable).  The agreements made by each Seller hereunder and all obligations and liabilities of each Seller shall be several (and not joint and several) in accordance with each Seller's respective Transferred Claim.

[signature page follows]

3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of September, 2019.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____
DocuSigned by:
_B8 B1_
4D05618B5CD9437...

Name: _____

Title: Brian S. Broyles - Authorized Signatory

Address:
Citigroup Financial Products Inc.
388 Greenwich Street, Trading Tower 6th fl
New York, NY 10013
Attention: Kenneth Keeley
Email:      Kenneth.keeley@citi.com


**CANYON BALANCED MASTER FUND, LTD.**
By: Canyon Capital Advisors LLC, as its Investment Advisor


By: _____

Name: _____

Title: _____


**THE CANYON VALUE REALIZATION MASTER FUND, L.P.**
By: Canyon Capital Advisors LLC, as its Investment Advisor


By: _____

Name: _____

Title: _____

**CANYON BLUE CREDIT INVESTMENT FUND, L.P.**
By: Canyon Capital Advisors LLC, as its Investment Advisor


By: _____

Name: _____

Title: _____

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of September, 2019.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____
Name:
Title:

Address:
Citigroup Financial Products Inc.
388 Greenwich Street, Trading Tower 6th fl
New York, NY 10013
Attention:  Kenneth Keeley
Email:       Kenneth.keeley@citi.com

**CANYON BALANCED MASTER FUND, LTD.**
By: Canyon Capital Advisors LLC, as its Investment Advisor

By: _____

Name:____Jonathan M. Kaplan_____

Title: ____Authorized Signatory_____

**THE CANYON VALUE REALIZATION MASTER FUND, L.P.**
By: Canyon Capital Advisors LLC, as its Investment Advisor

By: _____

Name:____Jonathan M. Kaplan_____

Title: ____Authorized Signatory_____

**CANYON BLUE CREDIT INVESTMENT FUND, L.P.**
By: Canyon Capital Advisors LLC, as its Investment Advisor

By: _____

Name: ___Jonathan M. Kaplan_____

Title: ___Authorized Signatory_____


**CANYON VALUE REALIZATION MAC 18 LTD.**
By: Canyon Capital Advisors LLC, as its Investment Advisor

By: _____

Name: ___Jonathan M. Kaplan_____

Title: ___Authorized Signatory_____

Schedule 1

Transferred Claims

Purchased Claim

$48,236,000.00 of the principal face amount of CUSIP 52525KAD4 as described in the Proof of Claim, plus all interest related thereto, allocated among each Seller as set forth below.

Description of the Purchased Securities

| Seller | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Allowed Claim Amount |
|---|---|---|---|---|---|
| Canyon Balanced Master Fund, Ltd. | Commercial Paper | 52525KAD4 | Lehman Brothers Holdings Inc. | None | USD 14,860,965.81 |
| The Canyon Value Realization Master Fund, L.P. | Commercial Paper | 52525KAD4 | Lehman Brothers Holdings Inc. | None | USD 32,020,145.11 |
| Canyon Blue Credit Investment Fund L.P. | Commercial Paper | 52525KAD4 | Lehman Brothers Holdings Inc. | None | USD 757,921.48 |
| Canyon Value Realization MAC 18 Ltd. | Commercial Paper | 52525KAD4 | Lehman Brothers Holdings Inc. | None | USD 1,499,543.57 |