1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 08-13555-scc
4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
5  In the Matter of:
6
7  LEHMAN BROTHERS HOLDINGS INC.,
8
9            Debtor.
10 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
11
12                  United States Bankruptcy Court
13                  One Bowling Green
14                  New York, NY  10004
15
16                  August 12, 2019
17                  2:07 PM
18
19
20
21 B E F O R E :
22 HON SHELLEY C. CHAPMAN
23 U.S. BANKRUPTCY JUDGE
24
25 ECRO:  SHEA

Page 2

1  **HEARING re Doc #59622 Plan Administrators Objection to**
2  **Certain Amended Claims (Reduce and Disallow Claims).**

25  **Transcribed by:  Sonya Ledanski Hyde**

```
 1  A P P E A R A N C E S :

 2

 3  GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

 4       Attorneys for Claimants

 5       1999 Harrison Street

 6       Oakland, CA 94604

 7

 8  BY:  J. GARY GWILLIAM

 9

10  WEIL, GOTSHAL & MANGES LLP

11       Attorneys for B&C Holdings

12       767 Fifth Avenue

13       New York, NY 10153

14

15  BY:  JACQUELINE MARCUS

16       LISA BERTAIN

17

18

19

20

21

22

23

24

25
```

Page 4

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT: Please have a seat. How are you? |
| 3 | MR. GWILLIAM: Good, thank you. |
| 4 | THE COURT: So, here we are again and I've read |
| 5 | all the briefing, so I don't know how much there is to add. |
| 6 | I'm happy to hear from you. There has been a suggestion |
| 7 | that perhaps we ought to chat about an endgame to this saga |
| 8 | that is nearing 15 years, which I think would be an |
| 9 | excellent idea. Mr. Gwilliam, how are you? |
| 10 | MR. GWILLIAM: Good. Thank you, Your Honor. |
| 11 | THE COURT: Thank you for coming to New York. I |
| 12 | appreciate it. |
| 13 | MR. GWILLIAM: Well, I appreciate your taking the |
| 14 | time to help us on their case. Thanks. |
| 15 | THE COURT: Of course. Of course. I was hoping |
| 16 | that we could get this resolved, so... |
| 17 | MR. GWILLIAM: Okay. |
| 18 | THE COURT: I think that the current pending |
| 19 | motion doesn't do much toward the ultimate goal of getting |
| 20 | it resolved. So, I don't know that it's, you know, worth a |
| 21 | lot of time. |
| 22 | MR. GWILLIAM: May I just take maybe just a couple |
| 23 | of minutes? |
| 24 | THE COURT: Sure. |
| 25 | MR. GWILLIAM: Yeah. The only thing I'd like to |

1   say, Your Honor -- would you like me to step over here?

2           THE COURT: Whatever you're more comfortable with

3   is fine.

4           MR. GWILLIAM: I'll stand here.

5           THE COURT: Sure.

6           MR. GWILLIAM: I think both for the motion and

7   when we look at the context of this case you ask yourself

8   why were these vicious comments made to these women in the

9   workplace? Calling them alcoholics, and drunks, and

10  birthing hips, and incompetent. And I think it goes to

11  exactly what was going on there. These women were

12  complaining of mortgage fraud, they were complaining of --

13          THE COURT: Mr. Gwilliam, you know, I'm going to

14  cut you off.

15          MR. GWILLIAM: Okay.

16          THE COURT: Because what you're telling me is not

17  new. It's the same allegations.

18          MR. GWILLIAM: Right.

19          THE COURT: It's the same appeal to, you know, the

20  comments themselves, etc. You've added to the volume of

21  that by submitting this declaration of Mr. Obari, which

22  serves no purpose. It -- his opinion is of no moment. I

23  won't listen to another lawyer tell me how to apply the law.

24          Moreover, I found it somewhat offensive, to be

25  truthful, by his reference to the emotional distress

1    suffered by these ladies.  That's not an appropriate term.

2    They're women.  They're not ladies.  So, I found this very

3    un-useful but indicative of how you have approached this

4    case and continue to approach it.  This is a debtor entity.

5    You're asking for $5 million for each of your clients.  I

6    think that this has gone on for a very long time and that

7    expectations have surpassed reality.

8            So, what you're facing now is to have a meaningful

9    discussion with the Debtors about what recoveries are

10   available on these claims in an allowed amount, what that

11   would translate to into actual dollars -- versus, you're

12   going to have to go to trial.  And I think the challenges in

13   trying these claims -- and I'm not expressing any view on

14   the merits, if you will, other than to the extent that I

15   have ruled on a Motion to Dismiss basis.

16           But I'm not expressing any view on -- I haven't --

17   obviously have not met your clients, I can express no view

18   on what their lives have been like.  Taken at face value,

19   these are very unfortunate statements.  Do I know that they

20   were made?  No, I don't.  You've said that they were made

21   and I hear you.  I only rule on a record before me.  I -- if

22   I believed everything that I read in allegations, I -- I

23   think I would be fired from my job.

24           You're entitled to your day in court but I do

25   think that this has cried out for a resolution and yet, here

Page 7

1  we still are.  So, you're at a crossroads to either
2  meaningfully engage with the Debtors and come up with a
3  settlement...  And if all parties agree, I'm happy to -- you
4  know, to participate in that conversation.  If not, we're
5  just going to have to move on and you're going to have to
6  proceed to trial, which will be -- if you -- if you demand a
7  jury trial and there's no consent -- if there's consent it
8  would be a trial here, and if there's no consent it would be
9  a trial up the street.
10            MR. GWILLIAM:  Understood.
11            MS. MARCUS:  Good afternoon, Your Honor.
12            THE COURT:  Ms. Marcus, how are you?
13            MS. MARCUS:  Jacqueline Marcus, Weil, Gotshal &
14  Manges, on behalf of plan administrator for B&C Holdings.
15  We're fine with that, Your Honor, and the idea of meeting
16  with your help would be, I think, a very welcome progress
17  from our perspective.  We just have a little bit of a
18  logistical issue.
19            Ms. Bertain, who is here to argue -- to argue the
20  motion in terms of California law, needs to leave by I think
21  about 3:30.
22            THE COURT:  Oh, I think --
23            MS. MARCUS:  So, if you did want to hear argument
24  on the California issues in the motion, in the objection,
25  then we would need to do that pretty soon.

Page 8

```
 1              THE COURT:  Okay.  I think it might be...  I
 2   appreciate that.  I'm not sure that I need much more beyond
 3   what the papers...  But since she's here, I hear you.  Maybe
 4   we should -- you need to leave at 3:30?
 5              MS. BERTAIN:  Yes.
 6              THE COURT:  All right.  Well, so it's only 2:15,
 7   so that gives us a little bit of time.  So, why don't we go
 8   -- why don't we take a break and why don't we sit in the
 9   conference room for, you know, 15 minutes, a half an hour,
10   see where that goes.  If it seems like it's productive, we
11   can take a break, you can make your record, we can continue.
12   Do kind of six of one, half a dozen of the other.
13              Mr. Gwilliam, is that okay?  I mean, my
14   understanding --
15              MR. GWILLIAM:  No, no, we sent a letter to the
16   Court indicating that we --
17              THE COURT:  Yeah.  I -- that's why I thought I'd
18   bring it up.
19              MR. GWILLIAM:  And the insurance carrier
20   representative is also here.
21              THE COURT:  Okay.
22              MR. GWILLIAM:  So, that, I think, would be helpful
23   and we can --
24              THE COURT:  All right.  Well, perhaps they could
25   join.
```

Page 9

1        MR. GWILLIAM:  Okay.

2        THE COURT:  All right?  Okay.  All right, so let's

3   do that and then we'll come back in a little bit.

4        MS. MARCUS:  Thank you.

5        (Whereupon these proceedings were concluded at 2:14 PM)

1           C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6   *Sonya Landanski Hyde*

7   Digitally signed by Sonya Landanski Hyde
    DN: cn=Sonya Landanski Hyde, o, ou, email=digital1@veritext.com, c=US
    Date: 2019.08.13 16:26:57 -04'00'

8   **Sonya Ledanski Hyde**

20  **Veritext Legal Solutions**

21  330 Old Country Road

22  Suite 300

23  Mineola, NY 11501

25  Date:  August 13, 2019