# **EXHIBIT B**

734679114

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :    Chapter 11 Case
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    No. 08-13555 (SCC)
                                                       :
                       Debtors.                        :    (Jointly Administered)
------------------------------------------------------------x

### ORDER PURSUANT TO
### SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY
### CODE ESTABLISHING PROCEDURES FOR DISTRIBUTIONS ON
### ACCOUNT OF GUARANTEE CLAIMS CORRESPONDING TO CERTAIN
### PRIMARY CLAIMS AGAINST LEHMAN BROTHERS TREASURY CO. B.V.

Upon the motion (the "Motion"),[1] dated August 11, 2017, of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") to establish procedures governing Distributions on account of Guarantee Claims corresponding to certain Primary Claims against Lehman Brothers Treasury Co. B.V., all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the record holder of each ISIN Guarantee Claim; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635); and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the Motion is granted; and it is further
>
> ORDERED that the LBT Procedures shall be effective as of the date hereof:
>
> a. At least five business days prior to each Distribution, the Plan Administrator will file a notice listing the ISINs and ISIN Guarantee Claims that it estimates will be satisfied by the following distribution by LBT alone or the combination of that distribution and the next LBHI Plan Distribution (an "ISIN Notice").
>
> b. The Plan Administrator will withhold from LBHI's upcoming Distribution any amount that it believes would, together with its estimate of the following distribution from LBT, result in the holder of an ISIN Guarantee Claim receiving more consideration on account of such ISIN Guarantee Claim than is permitted by Section 8.13(b) of the Plan.
>
> c. Within 30 days after the following distribution by LBT, the Plan Administrator will file a claims objection seeking a determination by this Court that such ISIN Guarantee Claims have been satisfied and are entitled to no further Distributions by the Plan Administrator.
>
> d. Until the time at which an ISIN Guarantee Claim is deemed satisfied in full by an order of the Court, the Plan Administrator will reserve 100% of the Cash that would otherwise be distributable on account of such ISIN Guarantee Claim (such reserve, the "ISIN Reserve").
>
> e. If the distribution by LBT does not satisfy an ISIN Guarantee Claim identified on an ISIN Notice or the Court overrules an above-described claims objection with respect to such ISIN Guarantee Claim, LBHI will, within 30 days of such LBT distribution or entry of an order overruling such claims objection becoming a final order, distribute Cash held in the ISIN Reserve on account of such ISIN Guarantee Claim in the amount that is the lesser of (i) the amount necessary to

render such ISIN Guarantee Claim satisfied in full under Section 8.13 of the Plan and (ii) the amount that would otherwise have been distributable on account of such ISIN Guarantee Claim in the Plan Administrator's preceding Distribution.

; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
September 19, 2017

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge

3