UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re:                                                      :
                                                            :    Chapter 11
                                                            :
BNC MORTGAGE, LLC,                                          :    Case No: 09-10137-scc
                                                            :
            Debtor.                                         :    Hon. Shelley C. Chapman
                                                            :    Bankruptcy Judge
------------------------------------------------------------x

NOV - 1 2019

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TAKE LEAVE TO FILE LATE PROOF OF CLAIM

Tyrone Keith Armstrong, Pro Se ("Movant"), respectfully moves this Court for leave to file a late proof of claim pursuant to Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1), and the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

The Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

(1) *In General*. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The *Pioneer* Court established four factors to assist bankruptcy courts in evaluating excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Residential Capital, LLC*, 2014 Bankr. LEXIS 3262, *27-29 (Bankr. S.D.N.Y. July 31, 2014). The Second Circuit strictly observes bar dates and has adopted what has been characterized as a 'hard line' in applying the *Pioneer* test, meaning

that this Court should focus its analysis "primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *Lehman Bros.*, 433 B.R. at 119—20. The movant bears the burden of establishing excusable neglect. *See id.*

Under Nevada law, "a lien constitutes a monetary encumbrance that does not alter title when foreclosure proceedings have not been *initiated* on the lien." *Nev. Ass'n Servs. v. Eighth Judicial Dist. Court of Nev.*, 338 P.3d 1250, 1256, 2014 Nev. LEXIS 118, *15, 130 Nev. Adv. Rep. 94 (Nev. December 4, 2014); See also *Invest Vegas, LLC v. 21st Mortg. Corp. (In re Residential Capital, LLC)*, 556 B.R. 555, 556, 2016 Bankr. LEXIS 3170, *1, 76 Collier Bankr. Cas. 2d (MB) 308, 63 Bankr. Ct. Dec. 5 (Bankr. S.D.N.Y. August 30, 2016) ("Until foreclosure, the beneficiary retains only a lien interest in the property, not legal title."). A quiet title action under Nevada Revised Statute 40.010 requires an "adverse" claim to title to real property. A claim of wrongful foreclosure under Nevada law extends to the *exercise of the power of sale. Martinez v. Cent. Mortg. Co.*, 2016 U.S. Dist. LEXIS 29526, *10 (D. Nev. March 7, 2016) (the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when *the power of sale was exercised*.'" *In re Mortg. Electronic Registration Systems, Inc.*, 754 F.3d 772 (9th Cir. 2014) (quoting *Collins v. Union Fed. Savings & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610 (1983)).

"The bankruptcy court found that the state court quiet title action did not seek personal liability on a right to payment against the debtor, but only sought a determination of secured status with respect to the real property" *Martinez v. Olague (In re Martinez)*, 2011 Bankr. LEXIS 4833, *1 (B.A.P. 9th Cir. October 11, 2011).

Here, Movant argues that he has good cause for filing a late claim because (1) he did not receive Administrative Bar Date Notices prior to the Bar Date in 2009, (2) his state court claims were not ripe for determination until 2019, (3) he does not seek damages against the estate, but rather from Debtor's insurance coverage, and (4) a determination of title to the real property will not affect the bankruptcy estate since Debtor sold or assigned its purported lien to co-defendant(s) as part of the state court action. Debtor will suffer no prejudice by the length of delay as Movant filed the initial proof of claim against Debtor, there are no other creditors, and Debtor does not appear to have prosecuted its case to any meaningful extent in the ten (10) years since it was filed. The late proof of claim was not within the reasonable control of Movant as the state court claims were not ripe for determination until an adverse claim (i.e. notice of trustee sale) jeopardized the superiority of Movant's title to the real property. Movant acted in good faith by immediately conferring with Debtor's bankruptcy and state court counsels after receipt of the Bar Date notice in an attempt to reach stipulation to lift the automatic stay and, after a reasonable amount of time elapsed without resolution, Movant expeditiously moved for relief with this Court.

/ / /


/ / /


/ / /

## CONCLUSION

The Movant delayed in filing the proof of claim to this motion as a result of excusable neglect. Movant's proof of claim, if allowed, will not unduly prejudice Debtor and the delay in filing Movant's proof of claim will not substantially impact the judicial proceedings in either this Bankruptcy Court or the related action in the Eighth Judicial District Court of Clark County, Nevada, in which Debtor is already a named defendant. Movant respectfully requests an Order granting permission to accept his late proof of claim.

Dated: Clark County, Nevada
October 31, 2019

By: /s/ *Tyrone K. Armstrong*
TYRONE KEITH ARMSTRONG
3713 Brentcove Drive
North Las Vegas, Nevada 89032
(725) 212-1041
performanceoneautomotive@gmail.com
*Movant Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2019, I served a true and correct copy of the foregoing *Memorandum of Law in Support of Motion for Leave to File Late Proof of Claim* via U.S. Mail, first class postage prepaid, addressed to the following:

Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Weil Gotshal & Manges, LLP
767 5th Avenue
New York, NY 10153
USPS certified mail tracking: 7019 0160 0001 0602 9736

BNC Mortgage LLC
(f/k/a BNC Mortgage, Inc.)
1901 Main Street
Irvine, CA 92624
USPS certified mail tracking: 7019 0160 0001 0602 9743

United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
USPS certified mail tracking: 7019 0160 0001 0602 9750

Epiq Corporate Restructuring, LLC
777 Third Avenue, 12th Floor
New York, NY 10017
USPS certified mail tracking: 7019 0160 0001 0602 9767

By: */s/ Tyrone Keith Armstrong*
TYRONE KEITH ARMSTRONG
3713 Brentcove Drive
North Las Vegas, Nevada 89032
Telephone: (725) 212-1041
Email: performanceoneautomotive@gmail.com
*Movant Pro Se*