UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In Re:                                                           :
                                                                 :        Chapter 11
                                                                 :
BNC MORTGAGE, LLC,                                               :        Case No: 09-10137-scc
                                                                 :
            Debtor.                                              :        Hon. Shelley C. Chapman
                                                                 :        Bankruptcy Judge
-----------------------------------------------------------------x

NOV - 1 2019

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED

1.  Tyrone Keith Armstrong ("Movant"), Pro Se, is the plaintiff in a civil action filed against Debtor,[1] BNC Mortgage, LLC (f/k/a BNC Mortgage, Inc.), in a case styled, *Tyrone Keith Armstrong v. U.S. Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC3; Ocwen Loan Servicing, LLC; PHH Mortgage Corporation; Western Progressive-Nevada, Inc.; BNC Mortgage, Inc.; DOES 1 through 20; and Roe Business Entities 1 through 20*, Civil Action No. (A-19-796941-C), filed in the Eighth Judicial District Court of Clark County, Nevada ("the state court"), and is incorporated herein by reference. Movant defends against foreclosure proceedings in state court that stem from a mortgage originated by Debtor and Movant alleges the claims of (*i*) wrongful foreclosure; (*ii*) quiet title; (*iii*) declaratory relief; (*iv*) slander of title; (*v*) intentional infliction of emotional distress; and (*vi*) fraud.

2.  That on about January 09, 2009, BNC Mortgage, LLC filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, which case was assigned *Bankruptcy Case No. 09-10137-scc*, and No. 08-13555-scc.

---

[1] Exhibit "1" - State court complaint.

3. That upon information and belief, there is available insurance coverage by which to cover the claims of the Movant against the Debtor, and allowing the civil action litigation to proceed will cause no harm to the Debtor or the bankruptcy estate. In the event Debtor's insurance policy will not cover the claims, Movant seeks only judgment to be entered in the state court with enforcement left to the Bankruptcy Court.

4. That based on the foregoing, the Movant seeks relief from the automatic stay, retroactively, "for cause" under §362(d)(1) to obtain discovery from Debtor related to the origination of the mortgage, proceed to recover damages, if any, from Debtor's insurance coverage, and for the state court to determine title to a single asset real property occupied by Movant.

5. As the legislative history of §362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Project Orange Assocs., LLC*, 432 B.R. 89, 93, 2010 Bankr. LEXIS 1967, *1 (Bankr. S.D.N.Y. July 1, 2010); see also (Senate Report No., 989, 95th Cong., 2d Sess., 50) (emphasis added).

6. "The motion to lift the automatic stay was granted in part, to the extent that the consumer's counterclaims could be asserted as defenses to foreclosure under applicable state law. However, absent further stay relief, the consumer could not proceed with the counterclaims to the extent he sought relief in the form of affirmative damages from the debtors." *In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3726, *1, 2012 WL 3423285 (Bankr. S.D.N.Y. August 14, 2012).

7. "A creditor moving for *retroactive relief* from the automatic bankruptcy stay bears the burden of establishing cause for such relief. Bankruptcy courts should consider the following factors when determining whether to annul the stay: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the bankruptcy debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and [7] if the creditor has detrimentally changed its position on the basis of the action taken." *In re Killmer*, 513 B.R. 41, 43, 2014 Bankr. LEXIS 2878, *1, 2014 WL 2993655 (Bankr. S.D.N.Y. July 3, 2014).

8. A bankruptcy court considers the following twelve factors when deciding whether to annul the automatic bankruptcy stay: (1) number of filings; (2) whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; (3) a weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser; (4) the bankruptcy debtor's overall good faith (totality of circumstances test); (5) whether creditors knew of stay but nonetheless took action, thus compounding the problem; (6) whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules; (7) the relative ease of restoring parties to the status quo ante; (8) the costs of annulment to debtors and creditors; (9) how quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; (10) whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; (11) whether annulment of

the stay will cause irreparable injury to the debtor; and (12) whether stay relief will promote judicial economy or other efficiencies. *In re Killmer*, 513 B.R. 41, 43, 2014 Bankr. LEXIS 2878, *1, 2014 WL 2993655 (Bankr. S.D.N.Y. July 3, 2014).

9. That determining whether "cause" exists to permit the Movant to proceed with his civil litigation is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." *In re Indian River*, 293 B.R. at 433. Because no harm will befall the Debtor and Movant may effectively be prejudiced by delaying his real property-related claims in state court, a lift of the stay is appropriate.

In carrying out this balancing test, Courts have considered numerous factors including:

(a) Whether relief would result in partial or complete resolution of the issues;

(b) The lack of any connection with or interference with the bankruptcy case;

(c) Whether other proceeding involves the Debtor as a fiduciary;

(d) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(e) Whether the Debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

(f) Whether the action primarily involves third parties;

(g) Whether litigation in another forum would prejudice the interests of other creditors;

(h) Whether the judgment claim arising from the other action is subject to equitable subordination;

(i) Whether the Movant's success in the other proceeding would result in a judicial lien available by the Debtor;

(j) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(k) Whether the parties are ready for trial in the other proceeding;

(l) The impact of the stay on the parties and the balance of harm.

*In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); see also *Sonnax Industries, Inc. v. Tri Component Production Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *Goya Foods, Inc. v. Unanue-Casual, (In re Unanue-Casal)* 159 B.R. 90, 96 (D.P.R. 1993) aff'd 23 F.3d 395 (1st Cir. 1994); *In re Busch*, 294 B.R. 137, 141 n.4 (10th Cir. B.A.P. 2003); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In weighing these factors, Courts only consider those factors that are relevant to the particular case at issue and do not assign equal weight to each factor. *In re Mezzeo*, 167 F.3d 139, 143 (2d Cir. 1999). In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movant can proceed with his claims related to his real property in the District Court of Clark County, Nevada.

### A. LIFTING THE STAY TO ALLOW THE CIRCUIT COURT LITIGATIONS TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTOR AND THE MOVANT

This Court can completely resolve the issues between the parties by lifting the automatic stay. The only issue that exists between the Movant and the Debtor is the underlying action related to Movant's single asset real property. If the Court lifts the stay and allows the Movant to proceed and litigate his real property related claims to conclusion, the relationship between the Movant and the Debtor will be over.

/ / /

## B. LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPTCY ESTATE

Whether the state court proceedings are connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movant seeks to liquidate his claims in the Nevada District Court in order to recover under the applicable insurance policies and from other non-debtor sources. Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability and, as in these cases the Movant hereby stipulated that any recovery will be sought from the Debtor's insurer or co-defendant. *In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." *In re 15375 Memorial Corp.*, 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the Plaintiff has agreed that he will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus., Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); also see, *In re Todd Shipyards Corp.*, 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings."). "Considered a form of mortgage in Nevada, a deed of trust does not so convey as to allow the beneficiary to obtain the property without foreclosure and sale, but is considered merely a lien on the property as security for the debt, subject to the laws on foreclosure and sale. Until foreclosure, the beneficiary retains only a lien interest in the property, not legal title." *Invest Vegas, LLC v. 21st Mortg. Corp. (In re Residential Capital, LLC)*, 556 B.R. 555, 556, 2016 Bankr. LEXIS 3170, *1, 76 Collier Bankr. Cas. 2d (MB) 308, 63 Bankr. Ct. Dec. 5 (Bankr. S.D.N.Y. August 30, 2016). "The bankruptcy court found that

the state court quiet title action did not seek personal liability on a right to payment against the debtor, but only sought a determination of secured status with respect to the real property" <u>Martinez v. Olague (In re Martinez)</u>, 2011 Bankr. LEXIS 4833, *1 (B.A.P. 9th Cir. October 11, 2011).

### C. THE DEBTOR HAS AVAILABLE INSURANCE COVERAGE THROUGH ITS INSURANCE CARRIER

The next relevant factor is whether the Debtor has applicable insurance coverage and if an insurance carrier has assumed responsibility for defending the Nevada district court litigation. If so, then lifting the stay to allow the state court litigation to proceed will not prejudice the Debtor.

That upon information and belief, the Debtor has liability insurance coverage for the periods in which the claims filed by Tyrone K. Armstrong took place.

### D. LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS

Another factor that supports granting the motion to lift the stay is that the Nevada state court litigation will not prejudice the interests of other creditors. Movant will collect any judgment against the Debtors solely from the applicable insurance proceeds and/or other nondebtor sources. Since Movant has filed the first proof of claim against Debtor, no other creditors in the bankruptcy will be harmed by granting the motion. Moreover, Movant will not be able to enforce any judgment directly against the Debtor or its estate. <u>See R.J. Groover Construction</u>, 411 B.R. at 465; In re Loudon, 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); <u>In re; G.S. Distribution, Inc.</u>, 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to enforce judgment without permission of Bankruptcy Court); <u>In re 15375 Memorial Corp.</u>, 382 B.R. at 690 (lifting the stay because Movants "recovery

against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

### E. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANTS THAT FAR OUTWEIGH ANY HARDSHIPS ON THE DEBTORS

Movant may effectively be harmed by delay in the civil state court action. The mere existence of a bankruptcy action does not deny the Movant the opportunity to prosecute his case. *In re Brock Laundry Machine Co.*, 37 B.R. 564, 566-67 (Bankr. N.D. Ohio 1984). In fact, courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. *Id*. Therefore, courts lift the stay under §362(d) and allow Movant/Plaintiff to recover under any applicable insurance policy coverage. *Id*.

### CONCLUSION

"The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff-Creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of (their) claim. . . . In this respect, a relief from the stay will not violate the purpose for which it was imposed." *In re Brock Laundry Machine Co.*, 37 B.R. at 567. On the other hand, Movant believes the interest of judicial economy will be served by lifting the stay to permit the civil case related to Movant's real property to continue, and, if successful, proceed against the Debtor's insurance liability carrier for an award of damages, if any. For the reasons stated above, the Movant herein requests that this Court grant his Motion.

**WHEREFORE**, Movant hereby requests that this Court enter an Order granting retroactive relief from the automatic stay imposed by 11 U.S.C. §362; permit the Movant to proceed in the state court action as to a determination of title to real property and to proceed against any insurance coverage of the Debtor, BNC Mortgage, LLC; and any other relief the Court deems just and proper.

Dated: Clark County, Nevada
October 31, 2019

By: */s/ Tyrone K. Armstrong*
TYRONE KEITH ARMSTRONG
3713 Brentcove Drive
North Las Vegas, Nevada 89032
(725) 212-1041
performanceoneautomotive@gmail.com
*Movant Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2019, I served a true and correct copy of the foregoing *Memorandum of Law in Support of Motion for Relief from Automatic Stay to Allow Civil Litigation to Proceed* via the U.S. Mail, first class postage prepaid, addressed to the following:

Jacqueline Marcus, Esq.
Garrett A. Fail, Esq.
Weil Gotshal & Manges, LLP
767 5th Avenue
New York, NY 10153
USPS certified mail tracking: 7019 0160 0001 0602 9736

BNC Mortgage LLC
(f/k/a BNC Mortgage, Inc.)
1901 Main Street
Irvine, CA 92624
USPS certified mail tracking: 7019 0160 0001 0602 9743

United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
USPS certified mail tracking: 7019 0160 0001 0602 9750

Epiq Corporate Restructuring, LLC
777 Third Avenue, 12th Floor
New York, NY 10017
USPS certified mail tracking: 7019 0160 0001 0602 9767

By: */s/ Tyrone Keith Armstrong*
TYRONE KEITH ARMSTRONG
3713 Brentcove Drive
North Las Vegas, Nevada 89032
Telephone: (725) 212-1041
Email: performanceoneautomotive@gmail.com
*Movant Pro Se*