UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                         :

In re                                     :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (SCC)

                  Debtors.          :         (Jointly Administered)

------------------------------------------------------------------x

**ORDER AUTHORIZING PLAN ADMINISTRATOR
TO EFFECTUATE CLAIMS CONSOLIDATION AUCTION**

Upon the motion (the "Motion"),[1] dated August 23, 2019, of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") for an for entry of an order (the "Election Order") authorizing the Plan Administrator to proceed with presenting the Claims Consolidation Auction to Eligible Claimants; and the Bankruptcy Court having approved the Procedures, the Notice, the Election, Assignment, and Release, and the population of Eligible Claims by order dated September 11, 2019 (the "Procedures Order"); and the Plan Administrator having provided adequate and timely notice to all creditors and parties-in-interest of the Motion and the documents approved by the Procedures Order; and it appearing that each Sponsor submitted the highest and best offer to Electing Claimants for participation in the Claims Consolidation Auction; and the Plan Administrator having complied in all respects with the Procedures Order; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and a hearing having been held on November 12, 2019 (the "Hearing") to consider the relief requested in the Motion and the Court having considered any objections, and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

    A.    <u>Notice</u>.  Notice of the Procedures and the Purchase Price Notice was timely filed in accordance with the Procedures, was adequate and sufficient under the circumstances of these Chapter 11 Cases and this Court's Procedures Order.

    B.    <u>Selection of Sponsor</u>.  The Plan Administrator's solicitation and selection of each Sponsor was made in accordance with the Procedures, and each BKM Holdings (Cayman) Ltd. ("<u>BKM</u>"), Seaport Loan Products LLC ("<u>Seaport</u>"), and Emery 68, L.L.C. ("<u>Emery</u>"), as applicable, is capable to serve as Sponsor for its respective Eligible Class for the Claims Consolidation Auction.

C.    Rate.  The Rate is the highest and best offer that the Plan Administrator could obtain through the Procedures for payment by the Sponsor to Eligible Claimants for each Eligible Class, and the Rate for each Eligible Class is fair, reasonable, and appropriate in light of the circumstances of these Chapter 11 Cases, and payment of the Purchase Price Payment constitutes fair, full and adequate consideration to the Electing Claimants for their Electing Claims.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The relief requested in the Motion, as supplemented by the Purchase Price Notice, is granted as set forth in this Election Order.

2. Any objections to the entry of this Election Order or the relief granted herein that have not been withdrawn, waived, or settled, or otherwise resolved are hereby denied and overruled.

3. Provided that BKM remits the deposit required by Section VIII(a) of the Procedures, BKM shall serve as the Sponsor in the Claims Consolidation Auction for LBHI Class 3 – Senior Unsecured Claims, LBHI Class 4B – Senior Affiliate Guarantee Claims, and LBHI Class 8 – Affiliate Claims.

4. Provided that Seaport remits the deposit required by Section VIII(a) of the Procedures, Seaport shall serve as the Sponsor in the Claims Consolidation Auction for LBHI Class 4A – Senior Affiliate Claims and LBHI Class 5 – Senior Third-Party Guarantee Claims.

5. Provided that Emery remits the deposit required by Section VIII(a) of the Procedures, Emery shall serve as the Sponsor in the Claims Consolidation Auction for LBHI Class 7 – General Unsecured Claims and LBHI Class 9A – Third Party Guarantee Claims.

6. The Rate to be applied in the Claims Consolidation Auction for each respective Eligible Class is approved.

7. The Plan Administrator, the Election Agent, and the Sponsor are authorized to perform their obligations, comply with the terms of, and take all actions necessary to effectuate the Claims Consolidation Auction.

8. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Election Order.

9. Pursuant to sections 105(a) and 1141 of the Bankruptcy Code, to the maximum extent permitted by the Bankruptcy Code and applicable law, neither the Plan Administrator, nor the Election Agent, nor any of their respective representatives, agents, officers, directors, employees, partners, advisors, attorneys, or other professionals (the "Estate Parties"), shall have or incur any liability to, or be subject to any right of action for any act or omission in connection with, relating to, or arising out of the reasonable execution of the Claims Consolidation Auction.

10. Without limiting the foregoing, the Estate Parties shall not be liable to the Sponsor in connection with the Claims Consolidation Auction provided that the full amount of each Sponsor Payment is, as set forth in section VIII(b) of the Procedures, disbursed to the applicable Electing Claimants, returned to the applicable Sponsor, or retained by the Plan Administrator solely as set forth in section VII(d) of the Distribution Procedures.

11. Entry of this Election Order is without prejudice to the right of the Plan Administrator to seek a further order of this Court disallowing, expunging, objecting to, or otherwise resolving any unresolved claims.

12. This Election Order shall be immediately effective and enforceable upon its entry.

       13.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Election Order.

Dated:   New York, New York
           November 12, 2019

                                      /S/ Shelley C. Chapman
                                      HONORABLE SHELLEY C. CHAPMAN
                                      UNITED STATES BANKRUPTCY JUDGE