**RESPONSE DEADLINE: February 14, 2020 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if a response is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

## NOTICE OF HEARING ON PLAN ADMINISTRATOR'S OBJECTION TO CERTAIN CLAIMS FILED BY BANK OF AMERICA ON BEHALF OF PYXIS ABS CDO 2007-1 (NO LIABILITY)

**PLEASE TAKE NOTICE** that on January 15, 2020, Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection (the "Objection") to certain claims filed on behalf of Pyxis ABS CDO 2007-1 Ltd. (the "Issuer" or "Pyxis") by Bank of America, N.A. ("Bank of America"), all as more fully described in the Objection, and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be scheduled if a response is filed.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 14, 2020 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 15, 2020
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**RESPONSE DEADLINE: February 14, 2020 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if a response is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :   08-13555 (SCC)
                                               :
                    Debtors.                   :   (Jointly Administered)
------------------------------------------------------------x
```

### PLAN ADMINISTRATOR'S OBJECTION
### TO CERTAIN CLAIMS FILED BY BANK OF
### AMERICA ON BEHALF OF PYXIS ABS CDO 2007-1 (NO LIABILITY)

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

1.      The Plan Administrator files this objection (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking entry of an order disallowing

1

and expunging each of the following proofs of claim: (i) Claim No. 28327 filed by Bank of America, N.A., as successor by merger to LaSalle Bank National Association ("Bank of America") against Lehman Brothers Special Financing Inc. ("LBSF") and (ii) Claim No. 28328 filed by Bank of America against LBHI (collectively, the "Claims").

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On July 2, 2009, the Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order specifically requires that "each Proof of Claim *must*: . . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added)). Moreover, the Bar Date Order provides that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7). A copy of the Bar Date Order was made publicly available at http://lehman-docket.com. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which requires that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the

2

termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.

5. The Bar Date Notice also prominently states in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)." (*Id.* at 6 (emphasis in original)). To date, the Court has entered orders expunging hundreds of claims based on the fact that the claimants failed to provide a Derivatives Questionnaire or other supporting documentation, as required by the Bar Date Order.

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

8. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**THE CLAIMS**

9. On September 22, 2009, Bank of America, in its capacity as Indenture Trustee (as defined below) filed the Claims against LBSF and LBHI. The Claims, which were filed on behalf of Pyxis ABS CDO 2007-1 Ltd. (the "Issuer" or "Pyxis"), were filed in connection with (i) a certain credit default swap agreement, dated as of March 6, 2007 (the

3

"Credit Default Swap Agreement") between Pyxis and LBSF, (ii) a certain deemed floating asset hedge agreement, dated as of March 6, 2007 (the "Hedge Agreement") between Pyxis and LBSF, and (iii) that certain indenture, dated as of March 6, 2007 (the "Indenture") among Pyxis, as Issuer, Pyxis ABS CDO 2007-1, LLC, as Co-Issuer (the "Co-Issuer" and together with the Issuer, the "Issuers"), and Bank of America as trustee for Pyxis (in such capacity, the "Indenture Trustee").

10. The Claim filed against LBSF (Claim No. 28327) asserted that all outstanding transactions under the Credit Default Swap Agreement were validly and fully terminated, as prescribed by the Hedge Agreement, on September 24, 2008, because of LBHI's voluntary bankruptcy filing on September 15, 2008. Claim No. 28327 further stated that the proof of claim was filed to preserve the claim by Pyxis for reasonable out-of-pocket expenses, including legal fees, incurred by or on behalf of Pyxis, including by the Indenture Trustee as attorney-in-fact for Pyxis, by reason of enforcement and protection of its rights under the Credit Default Swap Agreement or by reason of termination of any transaction under the Credit Default Swap Agreement and/or the Hedge Agreement.

11. On September 14, 2010, LBSF filed a complaint against Bank of America in the United States Bankruptcy Court Southern District of New York asserting breach of contract claims pertaining to, among others, the CDS Agreement between LBSF and Pyxis (Adv. Pro. No. 10-03547). These claims were subsequently settled and LBSF's claims were dismissed with prejudice on June 12, 2018 [ECF No. 1438].

12. The Claim filed against LBHI (Claim No. 28328) was filed on account of a guarantee executed by LBHI as of March 6, 2007, pursuant to which LBHI guaranteed

4

payment of all amounts payable by LBSF under the Credit Default Swap Agreement and/or the Hedge Agreement.

13. Each of the Claims stated that it had been filed "under compulsion of the Bar Date Order, to protect [the claimant] from forfeiture of this claim by reason of the entry of the Bar Date Order." Each of the Claims listed the amount of the Claim as "unliquidated."

14. The Debtors believe that no further amounts are due to the Issuer or the Indenture Trustee.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

15. Proofs of claim are only entitled to *prima facie* validity if they meet certain minimum standards. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

16. As detailed above, the Claims were filed by Bank of America in its capacity as Indenture Trustee on behalf of the Issuer and Co-Issuer and asserted unliquidated claims against LBHI and LBSF. No sufficiently specific quantification of the alleged expenses was ever provided by the Indenture Trustee and/or the Issuers. The Indenture Trustee and/or the Issuers have not at any time since filing the Claims amended, modified or supplemented the Claims with sufficient specificity. The Derivatives Questionnaire filed by the Indenture Trustee

5

and/or the Issuers merely included two examples of expenses incurred. The failure to file a sufficiently specific Derivatives Questionnaire or valuation statement is a sufficient and independent basis for disallowing the Claims.

17. Accordingly, the Plan Administrator seeks to disallow and expunge the Claims.

**RESERVATION OF RIGHTS**

18. The Plan Administrator reserves all rights to object on any other bases to any Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to the Claims and any matters raised by the Indenture Trustee and/or the Issuers and to supplement this and other filings as a result thereof.

**NOTICE**

19. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Bank of America; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of the proposed order annexed hereto as <u>Exhibit A</u> and such other and further relief as is just.

Dated: January 15, 2020
      New York, New York

<u>/s/ Jacqueline Marcus</u>
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                      :     Chapter 11 Case No.
                                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :     08-13555 (SCC)
                                                                                 :
                                       Debtors.                       :     (Jointly Administered)
------------------------------------------------------------------x

# ORDER GRANTING PLAN ADMINISTRATOR'S
# OBJECTION TO CERTAIN CLAIMS FILED BY BANK OF
# AMERICA ON BEHALF OF PYXIS ABS CDO 2007-1 (NO LIABILITY)

Upon the objection to claims, dated January 15, 2020 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. ("LBHI") and its Affiliated Debtors, seeking entry of an order disallowing and expunging Claim No. 28327 filed by Bank of America, N.A., as successor by merger to LaSalle Bank National Association ("Bank of America") against Lehman Brothers Special Financing Inc. ("LBSF") and Claim No. 28328 filed by Bank of America against LBHI (collectively, the "Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Objection; and due and proper notice of the Objection having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2020
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE