RESPONSE DEADLINE: February 14, 2020 at 4:00 p.m. (Eastern Time)
HEARING DATE AND TIME: To be scheduled if a response is filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**                  :    08-13555 (SCC)
                                                                  :
                                          Debtors.                :    (Jointly Administered)
------------------------------------------------------------------x

# NOTICE OF HEARING ON PLAN ADMINISTRATOR'S OBJECTION TO CERTAIN CLAIMS FILED BY WELLS FARGO ON BEHALF OF BALLYROCK ABS CDO 2007-1 (NO LIABILITY)

**PLEASE TAKE NOTICE** that on January 15, 2020, Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection (the "Objection") to certain claims filed by Wells Fargo Bank, N.A. ("Wells Fargo") on behalf of Ballyrock ABS CDO 2007-1 Limited, as Issuer (the "Issuer" or "Ballyrock"), all as more fully described in the Objection, and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be scheduled if a response is filed.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

WEIL:\97284765\8\58399.0011

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 14, 2020 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 15, 2020
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**RESPONSE DEADLINE: February 14, 2020 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if a response is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                          :   Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :   08-13555 (SCC)
                                                               :
                              Debtors.                         :   (Jointly Administered)
------------------------------------------------------------------x

**PLAN ADMINISTRATOR'S OBJECTION**
**TO CERTAIN CLAIMS FILED BY WELLS FARGO ON**
**BEHALF OF BALLYROCK ABS CDO 2007-1 (NO LIABILITY)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

    1.  The Plan Administrator files this objection (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking entry of an order disallowing

1

08-13555-mg    Doc 60369    Filed 01/15/20    Entered 01/15/20 22:13:59    Main Document
                                    Pg 5 of 13

and expunging each of the following proofs of claim: (i) Claim No. 32714 filed by Wells Fargo Bank, National Association ("Wells Fargo") against Lehman Brothers Special Financing Inc. ("LBSF") and (ii) Claim No. 32715 filed by Wells Fargo against LBHI (collectively, the "Claims").

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On July 2, 2009, the Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [ECF No. 4271].  The Bar Date Order specifically requires that "each Proof of Claim *must*: . . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added)).  Moreover, the Bar Date Order provides that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7).  A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.  Exhibit C to the Bar Date Order is a version of the Derivative Questionnaire, which requires that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the

2

termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.

5. The Bar Date Notice also prominently states in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)." (*Id.* at 6 (emphasis in original)). To date, the Court has entered orders expunging hundreds of claims based on the fact that the claimants failed to provide a Derivatives Questionnaire or other supporting documentation, as required by the Bar Date Order.

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

8. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## THE CLAIMS

9. On September 21, 2009, Wells Fargo, in its capacity as Indenture Trustee (as defined below), filed the Claims against LBSF and LBHI. The Claims, which were filed on behalf of Ballyrock ABS CDO 2007-1 Limited, as Issuer (the "Issuer" or "Ballyrock"), were filed in connection with that certain indenture, dated as of July 12, 2007 (the "Indenture")

3

between Ballyrock, Ballyrock ABS CDO 2007-1 Inc., as Co-Issuer (the "Co-Issuer" and together with the Issuer, the "Issuers"), and Wells Fargo as Trustee for Ballyrock (in such capacity, the "Indenture Trustee").

10. The Claim filed against LBSF (Claim No. 32714) stated that the Issuer and LBSF are parties to that certain 1992 ISDA Master Agreement dated as of July 12, 2007 (the "Master Agreement"), as supplemented by the Schedule thereto (the "Schedule"), as further supplemented by the Confirmation (the "Confirmation" and together with the Master Agreement and the Schedule, the "Credit Default Swap Agreement"). Claim No. 32714 asserted that certain events of default have occurred under the Credit Default Swap Agreement, including, among others, events of default arising under the Master Agreement as a result of LBHI's voluntary bankruptcy filing on September 15, 2008 and LBSF's voluntary bankruptcy filing on October 3, 2008.

11. The Claim filed against LBHI (Claim No. 32715) was filed on account of a guarantee executed by LBHI as of July 12, 2007 pursuant to which LBHI guaranteed payment of all amounts payable by LBSF under each transaction entered into pursuant to the Master Agreement.

12. Each of the Claims states that it has been filed "to preserve the claim by the Issuer for reasonable out-of-pocket expenses, including legal fees, incurred by or on behalf of the Issuer, including by the Indenture Trustee, as attorney-in-fact for the Issuer, by reason of the enforcement and protection of its rights under the Credit Default Swap Agreement or by reason of the early termination of any transaction under the Credit Default Swap Agreement." Each of the Claims further states that it is filed "solely as a precautionary measure, to preserve any claim by or on behalf of the Issuer" and that "the amount of this claim is unliquidated."

4

13. Since the filing of the Claims, the adversary proceeding relating to the Indenture (Adv. Pro. No. 09-01032) has been settled or dismissed as to numerous defendants. The Trustee and the Issuer have been paid the fees they have incurred [*see, e.g.* ECF No. 171, 187] and the Debtors believe that no further amounts are due from the Chapter 11 Estates.

### THE CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

14. Proofs of claim are only entitled to *prima facie* validity if they meet certain minimum standards. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15. As detailed above, both Claims asserted contingent and unliquidated claims against LBHI and LBSF. No sufficiently specific quantification of the alleged legal fees or other expenses has been provided by the Indenture Trustee and/or the Issuers. The Indenture Trustee and/or the Issuers have not at any time since filing the Claims amended, modified or supplemented the Claims with sufficient specificity. The Derivatives Questionnaire filed by the Indenture Trustee and/or the Issuers merely noted that such amount is at least $260,000. The failure to file a sufficiently specific Derivatives Questionnaire or valuation statement is a sufficient and independent basis for disallowing the Claims.

5

16. Accordingly, the Plan Administrator seeks to disallow and expunge the Claims.

## RESERVATION OF RIGHTS

17. The Plan Administrator reserves all rights to object on any other bases to any of the Claims as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to the Claims and any matters raised by the Indenture Trustee and/or the Issuers and to supplement this and other filings as a result thereof.

## NOTICE

18. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Wells Fargo; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of the proposed order annexed hereto as <u>Exhibit A</u> and such other and further relief as is just.

Dated: January 15, 2020
      New York, New York

<u>/s/ Jacqueline Marcus</u>
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :    08-13555 (SCC)
                                             :
                    Debtors.                 :    (Jointly Administered)
------------------------------------------------------------x
```

### ORDER GRANTING PLAN ADMINISTRATOR'S OBJECTION TO CERTAIN CLAIMS FILED BY WELLS FARGO ON BEHALF OF BALLYROCK ABS CDO 2007-1 (NO LIABILITY)

Upon the objection to claims, dated January 15, 2020 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LHBI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking entry of an order disallowing and expunging Claim No. 32714 filed by Wells Fargo Bank, National Association ("Wells Fargo") against Lehman Brothers Special Financing Inc. ("LBSF") and Claim No. 32715 asserted by Wells Fargo against LBHI (collectively, the "Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Objection; and due and proper notice of the Objection having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2020
      New York, New York

                                                                  UNITED STATES BANKRUPTCY JUDGE

2