UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.                  :    08-13555 (SCC)
                                                       :
                    Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER DENYING MOTIONS OF TYRONE ARMSTRONG FOR (I) LEAVE TO FILE LATE PROOF OF CLAIM AND (II) RELIEF FROM THE AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED

Tyrone Armstrong ("Armstrong") having filed the *Motion to Take Leave to File Late Proof of Claim* [ECF No. 60011] (the "Motion to File Late Claim") and the *Motion for Relief from Automatic Stay to Allow Civil Litigation to Proceed* [ECF No. 60012] (the "Motion for Relief from Stay" and together with the Motion to File Late Claim, the "Motions"); and Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") having filed the *Plan Administrator's Objection to Motions of Tyrone Armstrong (I) to Take Leave to File Late Proof of Claim and (II) for Relief From Automatic Stay to Allow Civil Litigation to Proceed*, dated January 7, 2020 (the "Objection") [ECF No. 60342] and the *Declaration of Claire Leonard in Support of Objection to Motions of Tyrone Armstrong (I) to Take Leave to File Late Proof of Claim and (II) for Relief From Automatic Stay to Allow Civil Litigation to Proceed*, dated January 7, 2020 [ECF No. 60343] (the "Leonard Declaration"); and a hearing having been held on January 14, 2020 (the "Hearing"), at which Armstrong appeared telephonically and presented argument (through a representative); and upon consideration of the Motions, the Objection, the Leonard Declaration, the record of the proceedings in these cases, and the arguments presented at the Hearing, the Court has HEREBY FOUND AND DETERMINED AS FOLLOWS:

A.   **Jurisdiction and Venue:** The Court has jurisdiction over the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. **Notice and Hearing:**  Good and sufficient notice of the Objection has been given and no other or further notice is necessary.

C. **Judicial Notice**:  This Court may take judicial notice of pleadings filed in other actions.  The Court hereby takes judicial notice of the *Verified Complaint for: (1) Wrongful Foreclosure; (2) Quiet Title; (3) Declaratory Relief; (4) Slander of Title; (5) Intentional Infliction of Emotional Distress; and (6) Fraud* (the "State Court Complaint").

D. **The BNC Loan:**  On January 25, 2007, a deed of trust (the "Deed of Trust") was recorded against a residential real property located in Clark County, Nevada that is commonly known as 3713 Brentcove Drive, North Las Vegas, Nevada 89032 (the "Property").  The Deed of Trust identified BNC Mortgage, Inc. as "Lender" and Armstrong as "Borrower."  The Deed of Trust referenced a promissory note reflecting a signature of "Tyrone Armstrong", dated January 18, 2007, which stated that Armstrong owed BNC Mortgage LLC ("BNC") $237,000.00 plus interest (the "Loan").  The Loan was originally serviced by JP Morgan Chase Bank, National Association, and then the servicing transferred to Ocwen Loan Servicing LLC on or about April 30, 2012.  The Loan was sold by BNC to Lehman Brothers Bank, FSB ("LBB") shortly after origination and BNC retained no ownership interest in the Loan.  On or around March 30, 2007, LBB sold the Loan to LBHI, which then sold it to the Structured Asset Securities Corporation.  Armstrong alleges that he never signed the Deed of Trust and that the Loan is the product of fraud.

E. **Armstrong's Knowledge of the Deed of Trust:**  Armstrong has known about the Deed of Trust encumbering the Property since at least 2010.  On May 6, 2010, multiple defendants in the State Court Action (other than BNC) recorded a notice of default on the

Property premised on the Loan and specifically noting the existence of a promise to pay BNC. By his own admission, Armstrong was aware of the notice of default at or around the time of its recording.

F. **Armstrong's State Court Action:** On June 19, 2019, Armstrong filed the State Court Complaint in the Eighth Judicial District Court of Clark County, Nevada against various defendants, including BNC, alleging claims of wrongful foreclosure, quiet title, declaratory relief, slander of title, intentional infliction of emotional distress, and fraud (the "State Court Action"). On September 20, 2019, BNC filed a notice of bankruptcy with the Nevada state court, resulting in the State Court Action being stayed with respect to BNC pursuant to section 362 of chapter 11 of the United States Code on October 1, 2019.

G. **BNC's Chapter 11 Case and the Bar Date Order:** Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates, including BNC, each filed a voluntary petition commencing a chapter 11 case. Although BNC's chapter 11 case commenced on January 9, 2009, it ceased operating its business in November, 2007. On July 2, 2009, the Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [ECF No. 4271] (the "Bar Date Order") establishing September 22, 2009 (the "Bar Date") as the general deadline for filing proofs of claim in the chapter 11 cases. On August 4, 2009, notice of the Bar Date was published in the Wall Street Journal, the New York Times, the International Herald Tribune, and the Worldwide Editions of the Financial Times. Armstrong did not file a claim against BNC prior to the Bar Date.

H. On December 6, 2011, the Court entered the *Order Confirming Modified Third*

*Amended Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* [ECF No. 23023], which provided that all injunctions or stays arising under or entered during the chapter 11 cases and existing on that date, shall remain in full force and effect until the closing of the chapter 11 cases.

I.  **Consummation of BNC's Chapter 11 Plan:** All of the timely filed claims against BNC have been resolved and the Plan Administrator has made all distributions to BNC's creditors required under the chapter 11 plan.  The Plan Administrator expects to request a final decree closing BNC's chapter 11 case imminently.

J.  **The Motion to File Late Claim is Denied:**  This Court has repeatedly exercised its discretion to disallow late claims, based on its consideration of the following factors: (a) whether any delay in filing was in the creditor's control, (b) the impact on the administration of these mega cases, and (c) the impact on other creditors notwithstanding the potential validity of the late or new claims.  Consideration of each of these factors leads to the conclusion that the Motion to File Late Claim should be denied.

K.  Armstrong's claim against BNC is barred by the Bar Date Order.  The Plan Administrator provided adequate notice of the Bar Date to all known and unknown creditors in accordance with the Bar Date Order.

L.  Armstrong has not demonstrated that he should be granted relief from the Bar Date Order.  It is undisputed that Armstrong learned of the Deed of Trust encumbering the Property at least as early as 2010.  Nevertheless, Armstrong waited until 2019 to file the Motion for Relief from Stay, more than eleven years after BNC filed for bankruptcy, more than ten years after the Bar Date, and more than seven years after the effective date of BNC's chapter 11 plan.

M.  If Armstrong's claim were allowed, it might lead an unknown group of other

creditors to request authorization to file similar claims, severely interfering with the administration of BNC's chapter 11 case, now in its final stages.  In addition, other creditors would be impacted detrimentally by any recovery obtained on this claim but also from the Plan Administrator being forced to use the estate's limited remaining assets to dispute Armstrong's claim and any other late claims that may be filed.

N.    Armstrong's claim is also barred by the equitable doctrine of laches.  Despite his knowledge of the Deed of Trust, Armstrong waited until 2019 to file the Motion to File Late Claim and his proof of claim.  Armstrong knew about and had every opportunity to challenge the Deed of Trust for nearly a decade before filing the claim, during which time BNC's chapter 11 plan was confirmed and consummated.

O.    Moreover, it is likely that some or all of Armstrong's causes of action are barred by the applicable statutes of limitations under Nevada law.

P.    **The Motion for Relief From Stay is Denied:**  The Motion for Relief from Stay is denied because, given my prior ruling and the Bar Date Order, even if Armstrong were to prevail on any of his claims against BNC in the State Court Action, he would be barred from pursuing any resulting claim against BNC or its estate.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion to File Late Claim is denied in its entirety, with prejudice.

2.    The Motion for Relief from Stay is denied in its entirety, with prejudice.

3.    The Plan Administrator shall conduct a search of documents in its possession for materials relating to the Loan and produce to Armstrong any documents arising therefrom or, if no documents are located, provide confirmation to Armstrong that the Plan Administrator was unable to locate documents after diligent inquiry.  Specifically, the Plan Administrator's search

should include a search for a form of wire transfer and/or negotiated check in connection with the origination of the loan.

4.  Nothing contained in this Order shall preclude Armstrong from pursuing his claims against the other defendants in the State Court Action, including, without limitation, his claim to quiet title.

5.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: January 21, 2020
      New York, New York

      /S/ Shelley C. Chapman
      HONORABLE SHELLEY C. CHAPMAN
      UNITED STATES BANKRUPTCY JUDGE