Rex Wu
6315 N Campbell
Chicago, IL. 60659
312-785-0348
rex_wu@live.com



JAN 30 2020

January 26th, 2020

The Honorable Shelley C. Chapman
United States Bankruptcy Judge Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re: Lehman Brothers Holding, Inc. , Docket No. 08-13555-SCC (Bankr. S.D.N.Y.) - WASKE
Motion Docket # 60337

Dear Honorable Judge Chapman:

I am respectfully writing you this letter to reiterate to the honorable court that the LBIE Senior Preference Shares A and/or B are not subordinated debt. They are equity and equity is not debt. Therefore, they are not subordinate. The Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI are in parity with at least the LBIE Senior Preference Equity A and B securities.

The Guarantee in each of Lehman Brothers Holdings Inc's Capital Trusts III, IV, V and VI was written to reflect that the Capital Trust preferred securities are subordinate to all relevant debts of LBHI but are not subordinate to and are to be in parity with the most senior preference stock of LBHI or any of its Affiliates. The word Affiliates is key. Therefore, if LBIE's senior preference A and /or B shares or any other senior preference stock of LBHI's affiliates (foreign or domestic) received a payout or consideration from this Bankruptcy, the LBHI Capital Trusts III, IV, V and XI are entitled to parity treatment. That would mean the Capital Trusts will have to be reclassed to a higher class to match the affiliate(s)' parity because 10B is a subordinate class and would no longer be an appropriate class as the Lehman Brothers Holdings Inc Capital Trusts III, IV, V and VI are in parity with at least the LBIE senior preference shares A and/or B. As which the Waske motion identifies a reclassification is the only remedy.

I am currently a joinder in the Waske Motion to Reclassify. What is unique about the Waske Motion is that there are new important and vital facts that were discovered during the hearing on docket #59614 held on June 19th, 2019 in which it was ruled on the SRM Decision a few weeks earlier by this honorable court that in order to enforce the general guarantee a person had to have knowledge and had to rely on the general guarantee when purchasing their position. At the time, I did have knowledge of the general guarantee and did rely on it when purchasing my position or else I would not have brought on motion docket #59614. I also mentioned the general guarantee/global guarantee/BOD guarantees in my motion. The honorable court ruled on docket #59614 that I did not meet that knowledge and reliance criterias. Therefore, its the opinion of this honorable court that I did not have the information that I had to have knowledge and rely on the guarantee for it to be effective. To this date, I am not sure how the honorable court came to that decision when its brought up on the motion but I respect and disagree with its ruled opinion

and decided to join in its appeal to the district court. The honorable court somehow came to the ruling that I did not have the information of knowing that I had to have knowledge and rely on the general guarantee.

With my current position, I decided to again fulfill the requirements as the honorable court claim I did not have knowledge of the content of the general guarantee based on the timing of the ruling on the SRM Decision. I disagree with the honorable court's ruling on docket #59614. It is the official opinion of the honorable bankruptcy court and as stated on the results of the Docket #59614 ruling that I did not have knowledge that a person had to have knowledge and rely on the general guarantee for it to be enforceable.

Therefore, I declare since the June 19th ruling, I purchased a *new* position understanding the substance of the recent SRM Decision dated June 2019 and relied on the general guarantee, the prospectuses, contract law and bankruptcy laws and confidently made my recent purchases. I relied on the general guarantee based on the SRM decision discovered during the June 19th, 2019 Docket #59614 ruling. Therefore, a joinder is necessary to join the Waske "Motion to Recalssify" based on the *new* findings found with the SRM Decision. Anyone from June 19th, 2019 onward who have knowledge of the general guarantee and relied on it while understanding the terms of the prospectuses have a valid argument to establish against LBHI since now the Plan Administrator is aware of the parity obligations it has of at least LBIE's Senior Preference Shares A and/or B or any parity obligations LBHI have with any other LBHI's affiliates which their senior preference equity position received a benefit from this bankruptcy. The Debtor LBHI is now aware of their parity obligations filed on the Waske "Motion to Reclassify".

Thank you for your valuable time.

Respectfully Submitted,

_____
Rex Wu
Pro Se

2 of 2