Joseph J. Waske
22862 Via Genoa
Dana Point, CA 92629
949-517-8330
jwaske3@yahoo.com

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph J. Waske,<br><br>vs.<br><br>Lehman Brothers Holdings INC.,<br><br>et al,<br><br>Debtors. | ) Case No.: 08-13555 (SCC)<br>)<br>) (Jointly Administered)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
JAN 31 2020
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

RESPONSE TO PLAN ADMINISTRATOR'S OBJECTION TO MOTION TO RECLASSIFY

TO THE HONORABLE SHELLEY C CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Joseph J. Waske, as Pro Se, files this response to the *Plan Administrator's Objection to Motion to Reclassify* filed by Council for Lehman Brothers Holdings Inc ("LBHI") (ECF No. 60378)(the "Objection).

## Jurisdiction

The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§

1

157(b). The statutory basis for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**RESPONSE TO OBJECTION**

1. The original Motion to Reclassify (ECF No. 60337) requests the court to reclassify Joseph Waske's share of claims held in The Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI. The allowed claim numbers are 21805, 22122, 22123, and 67753. The Motion to Reclassify (ECF No. 60337) does not request a new claim. If a new claim is filed it would be expunged and deemed to be duplicate by the plan administrator because currently the Lehman Brother's Capital Trusts III, IV, V and VI are currently in 10B, which is a subordinated debt class. The LBIE senior preference A and B shares are not currently in class 10B. Therefore, to show parity with LBIE Senior Preferences shares A and B the Lehman Brothers Holdings Inc. Capital Trust III, IV, V and VI must be reclassified to the same class as these LBIE senior preference stock. Each LBHI Capital Trust Preferred share represents fractional ownership of the existing claims. All the preferred shares of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI have a claim and the rights to those claims are transferred to the rightful current and existing holder of the shares as dictated by securities and contract law (*Ritchie vs. Rupe*).

2. Joseph Waske does not dispute subordination in accordance with section 510(a) of the Bankruptcy Code and the Motion to Reclassify (ECF No. 60337) does not request a new claim. The reclassification relief requested seeks to place the Capital Trusts III, IV, V and VI preferred shares in parity with LBIE's Senior Preferred A and B class. Joseph Waske does not dispute Section 510(a) which states:

"A subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable non-bankruptcy law."

A. Joseph Waske does not dispute 510(a) because the LBHI Capital Trusts III, IV, V and VI preferred shares are not subordinate to the LBIE senior preference shares A and B. The Capital Trusts III, IV, V and VI preferred shares are in parity with any affiliates most senior preference shares of stock. Lehman Brothers Holdings Inc., as the plan administrator mentioned on objection, that the subordinate guarantee of the Lehman Brothers Holdings Inc. Capital Trusts are subordinate to all qualified liabilities of LBHI but, the plan administrator fails to point out that the Capital Trust Preferred securities are Equity and although equity is a liability, they are in parity with the most senior equity of LBHI and any of its affiliates. The question posed to the

honorable court – are the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI in parity with LBHI affiliate LBIE's senior preference shares A and B?  The answer is YES as written in the prospectus according to contract law which should have been respected, but has been neglected during the bankruptcy process. This neglect led to the error of placing the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI in class 10B. The Lehman Brothers Holdings Inc Capital Trusts III, IV, V and VI preferred shares are:

    a. **"On a parity with the most senior preferred or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred securities of any affiliate of Lehman Brothers Holdings,** and

    b. Senior to Lehman Brothers Holdings common stock……"

To further explain:

"The guarantee will constitute an unsecured obligation of Lehman Brothers Holdings and will rank:

    A) "subordinate and junior in right of payment to all other liabilities of Lehman Brothers Holdings,"
        a. The LBHI CT III, IV, V and VI are subordinate to all other LBHI liabilities. But not equity of its affiliates. The LBHI CT III, IV, V and VI are in parity with them.
        b. LBHI CT III, IV, V and VI preferred shares are not subordinated to LBIE's senior preference equity shares.

    B) "on a parity with the most senior preferred or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred

4

securities of <u>any affiliate of Lehman Brothers Holdings</u>, and"
   a. The LBHI CT III, IV, V and VI preference shares are in parity with the LBHI's affiliate LBIE's senior preference equity shares A and B.

   b. The LBIE senior equity preference shares A and B received a payout.

C) "Senior to Lehman Brothers Holding's common stock."
   a. Joseph Waske wants to bring to the attention of the court that if there is a future entity (investment trust) that uses (contributes) assets of LBHI, the reclassification and enforcement of the guarantee should grant the CT III, IV, V and VI a contribution percentage because the CT III, IV, V and VI preferred shares are senior to equity and in parity with at least LBIE's senior preference A and B shares.
3. Joseph Waske is relying on the SRM ruling issued on June 3rd 2019 and became aware of the ruling after reading the court transcripts of docket #59614. Joseph Waske had knowledge of the General Corporate guarantee and relied on the information to purchase preferred shares. This knowledge and reliance will continue if there should be future preferred shares being purchased.[1]

---

[1] A guarantee is a contractual promise by one party, the guarantor, to fulfill the debts or obligations of another party, the primary obligor, in the event of a default by such primary obligor. See Lakhaney v. Anzelone, 788 F. Supp. 160, 163 (S.D.N.Y. 1992); 38 AM. JUR. 2D Guaranty § 1 (2019). Under New York law, guarantees are governed by contract law and, like any other contract, a guarantee can only be made by mutual assent of the parties. See Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd., 117 F. Supp. 2d 394, 400 (S.D.N.Y. 2000); Davis Sewing-Mach. Co. v. Richards, 115 U.S. 524, 525 (1885). "Guaranties are distinguished in the law as being either general or special." Evansville Nat. Bank v. Kaufmann, 93 N.Y. 273, 276 (1883). A "special" or "specific" guarantee identifies the benefiting creditor or underlying agreement being guaranteed, whereas a "general" guarantee is addressed to persons generally and may be enforced by anyone to whom it is presented. Seeid.; 38 AM. JUR. 2D Guaranty § 14. To enforce a general guarantee, a creditor must demonstrate that it had definite knowledge of the existence of the guarantee and that it acted in reliance on it when entering

5

4. The Motion to Reclassify (ECF No. 60337) does not request a new claim and seeks parity relief to reclassify Joseph Waske's Capital Trusts III, VI, V, IV preferred shares within the same class as other Senior Preferred equity, including any Affiliates. LBHI has failed to show how the motion to reclassify would be "duplicative" as the motion to reclassify is not requesting a new claim and each preferred share represents fractional ownership of the existing allowed claims (21805, 22122, 22123,and 67753). To be in parity with the LBIE Senior Preference A and B Shares, there has to be a reclassification. This is the only option to show parity and the reclassification should be to the class where the LBIE Senior Preference Stock A and B are placed.

5. Accordingly, the Motion to Reclassify (ECF No. 60337) should be granted as it does not seek to file a new claim based on the Subordinate Guarantee. There is an error in the classification of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI. The error is neglecting word "affiliates" during the vetting. The word "affiliates" was not taken into consideration. The motion is timely based on the knowledge of the General Corporate guarantee and that the

---

into the transaction with the primary obligor. See Fed. Deposit Ins. Corp. v.Schuhmacher, 660 F. Supp. 6, 8 (E.D.N.Y. 1984) ("It is, of course, elementary that a creditor's right to enforce a contract of guaranty must be based upon knowledge of the existence of the guaranty and that the credit must be extended in reliance thereof.") (citation omitted); 38 AM.JUR. 2D Guaranty § 14." (Docket #59739)

6

Capital Trusts III, IV, V and VI are exempt entities with enforceable Senior Preferred equity parity rights. The request to reclassify is not subject to a bar date. Joseph Waske seeks to reclassify his share of the Lehman Brothers Holdings Inc Capital Trusts III, IV, V and VI out of class 10B. Any new claim filed would be considered duplicate to the four current 10B claims. The subordination of the Capital Trusts does not apply to LBIE's Senior preference equity A and B shares because those are senior preference shares of one of LBHI's affiliates. The Capital Trusts III, IV, V and VI preferred are in parity with LBHI's Affiliate LBIE senior preferred equity A and B class shares.

**The Trusts enforcement and parity rights**

6. The Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI preferred shares have preferred rights that have not been enforced by the Trustee. Within each Prospectus of Lehman Brothers Holdings Capital Trusts III, IV, V and VI preferred, Joseph J. Waske, as a holder, has the rights and standing to enforce "any guarantee now or hereafter" as if he were the Trustee, if the Trustee fails to enforce the guarantee." The guarantee was never filed and thereby the trustee failed its obligations to place the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI in its proper

class as entitled under the Prospectus. Joseph J. Waske argues that the Lehman Brothers Holdings Capital Trusts III, IV, V and VI preferred should be in the same class as LBIE's Senior Preferred Shares A or B, whichever class has the higher priority based on the preferred parity rights of the Guarantee listed in each of the issued Prospectus. There are other potential preference securities that were issued by Lehman Brothers Holdings Inc. that the Lehman Brothers Holding Inc. Capital Trusts III, IV, V and VI preferred may be in parity with. Only the debtor will have knowledge of this information.

7. Claims against LBHI on account of LBHI's Capital Trust III, IV, V and VI Preferred shares are incorrectly subordinated to Affiliate Senior preferred equity. LBIE's senior preferred equity was issued years after the issuance of the LBHI's Capital Trust III, IV, V and VI Preferred shares.[2]

> a. "The share capital of LBIE comprises 6,273,113,999 ordinary shares of $1 each, 2 million 5% redeemable Class A preference shares of $1000 each, and 5.1 million 5% redeemable Class B shares of £1000 each. All these shares, except for 1 ordinary share, are held by LBHI2. ***The two classes of preference shares result from capital restructurings of LBIE in 2006 and 2007***,...The remaining ordinary share is held by LBL."

8. The LBHI's Capital Trust III, IV, V and VI Preferred shares rank, "**On a parity with the most senior preferred or**

---

[2] LBH Capital Trust III prospectus, series K dated March 12, 2003. LBH Capital Trust IV, series L, dated October 9, 2003. LBH Capital Trust V prospectus, series M dated April 1, 2003. LBH Capital Trust VI, series N, dated January 5, 2005.

8

**preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred securities of any affiliate of Lehman Brothers Holdings."**[3]

9. Joseph Waske has acquired preferred securities of the four LBHI Capital Trusts III, IV, V, and VI. LBHI issued Senior preferred parity guarantees in connection with the issuance of the Trust Preferred Securities.

10. The relevant prospectuses for the Trust Preferred Securities referred to in the motion to reclassify (ECF No. 60337) made clear with reference that the guarantee will rank "on a parity with the most senior preferred or preference stock now or hereafter entered into by Lehman Brothers Holdings in respect of any preferred securities of any affiliate of Lehman Brothers Holdings, and senior to Lehman Brothers Holding's common stock."

11. The contractual preferred parity rank provides that the LBHI's Capital Trust III, IV, V and VI Preferred shares are not subordinate to LBIE's A and B class preferred shares.

12. If reclassification of the LBHI Capital Trusts III, IV, V and VI to be in parity with at least LBIE's senior preference equity shares A and B class is the right and legal

---

[3] LBH Capital Trust III prospectus, series K dated March 12, 2003. LBH Capital Trust IV, series L, dated October 9, 2003. LBH Capital Trust V prospectus, series M dated April 1, 2003. LBH Capital Trust VI, series N, dated January 5, 2005.

9

thing to do, then it should be done regardless of "opening flood gates." It should be allowed to show fairness to <u>all the creditors</u> involved regardless of how many others will follow suit.  Fairness in any bankruptcy including this one is crucial and key.

**<u>Bar dates and Relevant Claims</u>**

13. The Motion to Reclassify (ECF No. 60337) does not request a new claim. Each LBHI Capital Trust Preferred share represents fractional ownership of the existing allowed claims.

14. The indentured trustee failed to file a guarantee claim for the senior preferred parity rights provided in each of LBHI's Capital Trust III, IV, V and VI preferred securities prospectuses. Each preferred share represents a fractional portion of the allowed claims (21805, 22122, 22123, 67753) and are therefore not duplicative.

15. As a holder of the LBHI's Capital Trust III, IV, V and VI preferred securities, Joseph Waske is seeking to enforce the senior preferred parity rank and the guarantee trustee's rights provided in each securities prospectus.

16. The Motion to Reclassify (ECF No. 60337) does not request a new claim. Each LBHI Capital Trust Preferred share represents fractional ownership of the existing allowed claims (21805, 22122, 22123, 67753) and therefore are not duplicative.

**The motion to reclassify (ECF No. 60337) should be allowed**

17. The Motion to Reclassify (ECF No. 60337) does not request a new claim. Each LBHI Capital Trust Preferred share represents fractional ownership of the existing allowed claims (21805, 22122, 22123, 67753) and therefore are not duplicative.

18. The relief requested should have been filed by the Guarantee Trustee and the Plan Administrator should have disclosed the specific class where affiliate preferred equity was placed to the Guarantee Trustee. These facts were only found by Joseph Waske in recent court and affiliate filings. Additionally, when affiliate preferred security recoveries were documented. LBIE's senior preference shares A and B did receive a benefit and will continue receiving benefits from this bankruptcy.  The Lehman Brothers Holdings Capital Trusts III, IV, V and VI shares are in parity and should be classed alongside affiliate LBIE Senior preference shares A and B shares.

19. A late claim is not being requested, therefore the need to establish cause is unnecessary. The motion to reclassify (ECF No. 60337) seeks to reclassify the fractional ownership of the existing allowed claims (21805, 22122, 22123, 67753) out of 10B

and to the class where the parity exists with LBIE's Senior preference A and B shares.

20. Control: Joseph Waske has purchased shares over time and purchased recent shares based on knowledge of the General Corporate guarantee and relied on the information to purchase those preferred shares.

21. Impact on administration: New claims are not being requested. If the relief being requested is granted, then the other LBHI Capital Trust III, IV, V and VI preferred security holders should be granted the same relief under the fact that the plan administrator now has the knowledge of the classing error of 10B.

22. Impact on creditors: New claims are not being requested. If the relief being requested is granted, then the other LBHI Capital Trust III, IV, V and VI preferred security holders should be granted the same relief. The Capital Trust III, IV, V, VI, preferred securities are not subordinate to LBIE preferred class A and B. The impact to creditors would have been caused by the errors of the plan administrator and the Debtor.

**The Capital Trust Preferred shares are not subordinate to Sr. Preferred in LBHI or any Affiliate**

23. The court should allow the reclassification of the existing claims. The Lehman Brothers Capital Trusts III, IV, V, VI are intact entities with Senior Preferred parity rights that are a liability to LBHI. LBHI drafted each preferred security prospectus and the specific rights that are enforceable by holders of the trusts preferred securities. The Lehman Brothers Capital Trusts III, IV, V, VI preferred securities are not subordinate to LBIE preferred class A and B.

24. The Plan Administrator's objection is based on a late claim filing and that the motion to reclassify is entirely based on the subordinate guarantee. These objections do not address the Capital Trust preferred securities parity and each holder's trustee enforcement rights. The plan administrators objections fail to refute any of the original motion to reclassify allegations. The reclassification should be deemed allowed.

25. Each Capital Trust is an intact entity and the holders of each Trusts preferred securities have specific Senior preferred parity rights that the Plan Administrator fails to address. The holders of the preferred securities also have the rights to act on these senior preferred parity rights when the Guarantee Trustee has failed to act. There is no potential for duplicative recovery because the preferred securities represent fractional ownership of allowed existing claims (21805, 22122, 22123, 67753).

26. Keeping the existing claims in LBHI Class 10b and enforcement of a subordinate guarantee violates Lehman Brothers Capital Trusts III, IV, V, VI preferred securities rights and offends the policy of equal distribution of the bankrupt's estate. The Capital Trusts preferred securities contract is unambiguous in the Senior preferred parity rights and the allowed Trustee enforcement rights provided to each security holder.

27. The prospectus upon which Joseph Waske relied clearly provides a Senior preferred parity to each trusts preferred security holders. The LBHI's Capital Trust III, IV, V and VI Preferred shares rank, "**On a parity with the most senior preferred or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in <u>respect of any preferred securities of any affiliate of Lehman Brothers Holdings</u>.**"[4]

28. Recent court dockets have now shown that similarly situated senior preferred have received funds from LBHI or have been placed in a higher class with expected recovery in a joint venture. The following are specifics from court documents and

---

[4] LBH Capital Trust III prospectus, series K dated March 12, 2003. LBH Capital Trust IV, series L, dated October 9, 2003. LBH Capital Trust V prospectus, series M dated April 1, 2003. LBH Capital Trust VI, series N, dated January 5, 2005.

plan administrator filings. Capital Trusts are intact with specific rights detailed within each prospectus. Capital trust preferred stocks are designed to be hybrid securities that possess characteristics of both debt and equity.

29. ECAPS recovery (Docket 57493, page 4)-

*"The Partnerships, the GP and the ECAPS*

*23. On information and belief, LBHI has always been the sole member of the GP. Ex. A, § 3.1.*

*24. Each of the Partnerships issued ECAPS. Ex. A, § 3.7. LB UK I, LB UK II and LB UK III used the proceeds to purchase subordinated notes issued by LBH (the "LBH Sub Notes"). 1d., § 3.10. LB UK IV and LB UK V used the proceeds to purchase subordinated notes*

*25. The Liquidators have reported that **in October 2017**, after eight months of the Liquidators' efforts, **the Plan Administrator finally released the last of the Investment Proceeds**... to the GP, while purporting to reserve its rights and obtaining the Liquidators' agreement not to distribute the Investment Proceeds until all competing claims to them have been resolved, **in the amounts of €12.8 million, €10.8 million and $26.7 million, on behalf of LB UK III, LB UK IV and LB UK Y, respectively**. Ex. B, §§ 4.8-4.11."*

15

(Docket 57493, page 6). The holders of these Capital Trusts saw benefits from this bankruptcy. The Lehman Brothers Holdings Inc Capital Trusts III, IV, V and VI are in parity with these affiliate preference stock holders as well.

30. The plan administrator should provide the court and parties in interest detail of any Senior Preferred equity placed into a higher class and having parity with the LBHI Capital Trusts III, IV, V and VI preferred shares.

31. Lehman Capital Trusts III, IV, V, VI should be placed in the same class as the LBIE preferred A and B shares additionally ECaps recoveries violate the Sr. Preferred parity rights of the Capital Trust Preferred shares if a reclassification is not granted.

### RESERVATION OF RIGHTS

32. Joseph J. Waske reserves all his rights that he is entitled to.

WHEREFORE, subject to the conditions set forth herein, Joseph J. Waske respectfully requests that the Court enforce the Lehman Brothers Holding Inc. Capital Trusts III, IV, V and VI securities prospectus, recognize the rights and standing of Joseph J. Waske as if it were the rights of the Trustee to enforce the GUARANTEE and preferred parity rights for a reclassification of Joseph J. Waske's interests to be in parity

with LBIE's Senior Preference Shares A or B, whichever is more senior.

Respectfully Submitted,

Dated this 28th day of January 28, 2020

Joseph J. Waske
22862 Via Genoa
Dana Point, CA 92629