**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
David J. Molton, Esq.
D. Cameron Moxley, Esq.
Gerard T. Cicero, Esq.

*Counsel to Newport Global Opportunities Fund L.P. and Newport Global Credit Fund (Master) L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
**In re**                                                       :    Chapter 11
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :    Case No. 08-13555 (SCC)
:
Debtors.                                                :    (Jointly Administered)
------------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING MOTION OF NEWPORT GLOBAL OPPORTUNITIES FUND L.P. AND NEWPORT GLOBAL CREDIT FUND (MASTER) L.P. TO WITHDRAW AND EXPUNGE CLAIM NOS. 26372 AND 29235 IN THEIR ENTIRETY**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [**ECF No. 9635**] (the "Second Amended Case Management Order"), the undersigned hereby certified as follows:

1.    On January 7, 2020 Newport Global Opportunities Fund L.P. ("NGOF") and Newport Global Credit Fund (Master) L.P. ("NGCF," together with NGOF, the "Newport Funds"), filed their *Motion of Newport Global Opportunities Fund L.P. and Newport Global*

*Credit Fund (Master) L.P. to Withdraw and Expunge Claim Nos. 26372 and 29235* **[ECF No. 60344]** (the "Withdrawal Motion") with the Court and served the Withdrawal Motion in accordance with the Second Amended Case Management Order.

2. In accordance with the Second Amended Case Management Order, the Withdrawal Motion established a deadline (the "Objection Deadline") for parties to object or file responses to the Motion. The Objection deadline was set for **February 6, 2020 at 4:00 p.m.** (Eastern Time). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed. To the best of my knowledge, no responsive pleadings have been (a) filed with the Court on the docket of the above-referenced chapter 11 cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Newport Funds. Accordingly, the Newport Funds respectfully request that the proposed order granting the Motion, annexed hereto as **Exhibit A**, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: February 10, 2020
      New York, New York

By: /s/ *David J. Molton*
David J. Molton
D. Cameron Moxley
Gerard T. Cicero

**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Newport Global Opportunities Fund L.P. and Newport Global Credit Fund (Master) L.P.*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                  :
In re                                             :    Chapter 11
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    Case No. 08-13555 (SCC)
                                                  :
                          Debtors.                :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING MOTION OF NEWPORT GLOBAL OPPORTUNITIES FUND L.P. AND NEWPORT GLOBAL CREDIT FUND (MASTER) L.P. TO WITHDRAW AND EXPUNGE CLAIM NOS. 26372 AND 29235 IN THEIR ENTIRETY

Upon the Motion of Newport Global Opportunities Fund L.P. and Newport Global Credit Fund (Master) L.P. to Withdraw and Expunge Claim Nos. 26372 and 29235 in Their Entirety, dated January 7, 2020 (the "Withdrawal Motion"),[1] seeking, pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure, this Court's: (i) authorization that the Newport Funds may withdraw the Claims; (ii) disallowance and expungement of the Claims; and (iii) direction to the Clerk of this Court, or the duly appointed Claims Agent, to reflect the withdrawal, disallowance and expungement of the Claims on the official claims register for Debtors, all as more fully described in the Withdrawal Motion; and due and proper notice of the Withdrawal Motion having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Withdrawal Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the relief requested in the Withdrawal Motion is granted, as set forth herein, and it is further

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Withdrawal Motion.

ORDERED that, pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure, the Newport Funds are authorized to withdraw the Claims; and it is further

ORDERED that the Claims are hereby withdrawn, disallowed, and expunged in their entirety with prejudice, without any further Order of this Court; and it is further

ORDERED that the Clerk of the Court, or the duly appointed Claims Agent shall reflect the withdrawal and expungement of the Claims on the official claims register for the Debtors; and it is further

ORDERED that as of the date of the entry of this Order, the Supplemental Order Granting the Four Hundred Eighty-Eighth Omnibus Objection to Claims (No Liability Claims) [ECF No. 48761] shall become a final order for purposes of (i) any appeal under Bankruptcy Code Rule 8001, et seq., or (ii) any motion for rehearing or motion for relief under Federal Rule of Civil Procedure 60(b) and/or Bankruptcy Rule 9024; and it is further

ORDERED that the Plan Administrator is authorized to take all necessary steps to effectuate this Order with the Claims Agent; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2020
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE