B 2100A (Form 2100A) (12/15)

**FILED / RECEIVED**

FEB 2 0 2020

EPIQ

# UNITED STATES BANKRUPTCY COURT

For the Southern District of New York

In re Lehman Brothers Holdings Inc.,                    Case No. 08-13555(SCC)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Blue Daisy Co.,Ltd.** | **Sumitomo Mitsui Banking Corporation** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Blue Daisy Co., Ltd.
DECO TOKYO 4F,3-5-12
Nihonbashi Chuo-ku, Tokyo, 103-0027
Phone:   +81+3-5299-5333
Last Four Digits of Acct #:

Name and Address where transferee payments should be sent (if different from above):

Nozomi Servicing Co., Ltd.
Hulic Nihonbashi-honcho 1-chome building 5F,
1-9-4 Nihonbashi-honcho Chuo-ku, Tokyo,
103-0023
Phone:   +81+3-5299-5331
Email:   iwasaki@nozomi-serv.co.jp
Attn:   Iwasaki Takao

Court Claim # (if known):   65573 (amending Court Claim #26229
Amount of Claim:   $92,087,080.56
Date Claim Filed:   9/21/2009
Phone:   +81+3-4333-4533
Attn:   Sekino Ryohei
Last Four Digits of Acct #:

FEB 2 4 2020

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Blue Daisy Co., Ltd.

東京都中央区日本橋三丁目5番12号
DECO TOKYO4階

有限会社ブルーデージー

By: 取締役 伊藤修平      Date: _February 20. 2020_
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# 貸付債権等譲渡契約書

令和２年１月２９日

株式会社三井住友銀行
有限会社ブルーデージー

202001_KK125

## 貸付債権等讓渡契約書

株式会社三井住友銀行（以下、「甲」という。）及び有限会社ブルーデージー（以下、「乙」という。）は、甲保有に係る貸付債権等の乙に対する讓渡について、以下の通り本貸付債権等讓渡契約（以下、「本契約」という。）を締結する。

## 第1条（定義）
本契約において用いられる各用語は、以下に定める意味によるものとする。

(1)　「営業日」とは、銀行法（昭和56年6月1日法律第59号；改正されたものを含む。）上、日本において銀行の休日として定められた日以外の日をいう。

(2)　「開示済資料」とは、本件讓渡対象の譲渡に関連して、本契約締結日の前営業日以前に甲が乙若しくは乙の関連法人（大和PIパートナーズ株式会社）に交付した全ての書類をいう。

(3)　「回収関連費用」とは、本件讓渡対象の保全、行使、取立及び回収等に関連して又はこれらに起因して発生する費用のうち本件回収関連費用等償還請求権の対象となっている費用を除いたものをいう。これには本件債務者、本件保証人その他の関連当事者に対する督促若しくは訴訟提起、担保不動産の売却処分、本件担保権の実行、担保不動産上の占有者の立退き若しくは不法占有者の排除等に要する費用、鑑定費用、裁判所に納付を要する費用、保険料、担保不動産の任意売却の場合に後順位抵当権者に支払う承諾料、租税債務の立替払いに係る費用、印紙税その他の租税公課、弁護士・会計士・税理士・司法書士等の専門家費用等を含むものとする。

(4)　「貸金業法」とは、貸金業法（昭和58年5月13日法律第32号；改正されたものを含む。）をいう。

(5)　「管財人等」とは、本件債務者又は関連当事者について係属している法的倒産手続において、適用法令に従い選任された管財人、清算人又はその他同類の権限を有し義務を負う者をいう。

(6)　「関連契約」とは、本件貸付債権等の発生原因を構成し、これを規律する全ての諸契約（本件貸付契約、抵当権等設定契約及び保証契約等を含み、甲自らオリジネートしたものか甲以外の金融機関がオリジネートし甲が保証履行又は讓受けにより取得したものかを問わない。）をいう。

(7)　「関連書類資料」とは、関連契約、並びに、本件債務者と甲との間の通信・連絡記録、甲作成に係る報告書、鑑定書、抵当権目録又は担保不動産に係る不動産登記簿謄本、本件競売手続関係書類、本件債務者又は関連当事者について係属している法的倒産手続に関する書類、本件物上代位事件に関する書類等の、開示済資料をいう。

(8)　「関連当事者」とは、甲及び本件債務者を除く関連契約の当事者をいう。

(9)　「基準時」とは、令和2年1月8日の17時00分（日本時間）をいう。

(10)　「クロージング」とは、第5条に定めるところに従い、甲及び乙により行われる金員及び書類等の支払・引渡義務の履行をいう。

(11)　「クロージング日」とは、令和2年1月30日又は甲及び乙が別途合意する日をいう。

(12)　「讓渡価額」とは、第2条2項に定める金額をいう。

(13)　「讓渡通知書」とは、本契約に基づく本件貸付債権等の甲から乙への讓渡に関する、本件債務者又は本件債務者の管財人等に対する確定日付ある証書による通知書をいう。

(14)　「第三債務者」とは、別紙「担保物件・担保権目録」記載の担保債権の債務者をいう。

(15)　「担保債権」とは、本件貸付債権を被担保債権として甲のために質権、讓渡担保権その他の担保権が設定された、別紙「担保物件・担保権目録」記載の債権をいう。

(16)　「担保動産」とは、本件貸付債権を被担保債権として甲のために質権、讓渡担保権その他の担保権が設定された、別紙「担保物件・担保権目録」記載の動産をいう。

(17)　「担保不動産」とは、抵当権等の設定を受けた、別紙「担保物件・担保権目録」記載の不動産をいう。

－ 1 －

202001_KK125

(18)　「担保有価証券」とは、本件貸付債権を被担保債権として甲のために質権、譲渡担保権その他の担保権が設定された、別紙「担保物件・担保権目録」記載の有価証券をいう。

(19)　「抵当権等」とは、別紙「担保物件・担保権目録」記載の、本件貸付債権を被担保債権として本件債務者又は物上保証人により設定された抵当権及び根抵当権を総称したものをいう。

(20)　「物上保証人」とは、本件貸付債権に係る債務の支払の担保を目的として、自己保有の不動産上に抵当権等を設定した別紙「担保物件・担保権目録」記載の本件債務者以外の者を総称したものをいう。

(21)　「法的倒産手続」とは、会社法（平成17年7月26日法律第86号；改正されたものを含む。）に基づく特別清算手続、破産法（大正11年4月25日法律第71号、及び平成16年6月2日法律第75号；改正されたものを含む。）に基づく破産手続、会社更生法（昭和27年6月7日法律第172号、及び平成14年12月13日法律第154号；改正されたものを含む。）に基づく会社更生手続並びに民事再生法（平成11年12月22日法律第225号；改正されたものを含む。）に基づく民事再生手続並びにこれらに類似する日本国外の会社清算若しくは倒産処理手続を総称したものをいう。

(22)　「本件回収関連費用等償還請求権」とは、本件貸付債権等に係る債権の保全、行使、取立及び回収等に関連して又はこれらに起因して発生した費用等（これには、本件貸付債権等に係る担保権の競売事件等で裁判所等から償還を得られない費用等や弁護士費用等を含む。）のうち、甲が本件債務者及び本件保証人に対して有している償還請求権であって、別紙「貸付契約目録」に記載されているものをいう。

(23)　「本件貸付契約」とは、別紙「貸付契約目録」記載の金銭消費貸借契約、銀行取引約定書、外国為替取引約定書、甲を保証人とする保証委託契約（各々、その変更、修正に係る契約を含み、甲自らオリジネートしたものか甲以外の金融機関がオリジネートし甲が保証履行又は譲受けにより取得したものかを問わない。）等をいう。

(24)　「本件貸付債権」とは、本件貸付契約に基づく本件債務者に対する債権（貸付債権、手形債権、割引手形の買戻請求権、遡求権、求償権、外国為替取引に関する債権を含み、甲自らオリジネートしたものか甲以外の金融機関がオリジネートし甲が保証履行又は譲受けにより取得したものか問わない。）の元本、利息及び遅延損害金等並びに実質的に当該貸付債権の価値代替物たる債権をいい、本件貸付契約に定める期限の利益喪失条項その他の条項に基づく債権者としての権利をその一部として含むものとする。

(25)　「本件貸付債権等」とは、本件貸付債権、本件担保権及び本件保証を総称している。

(26)　「本件競売事件」とは、抵当権等に基づく別紙「担保物件・担保権目録」の「競売事件の表示」欄記載の競売事件をいう。

(27)　「本件競売手続関係書類」とは、本件競売事件に関する一切の書類をいう。

(28)　「本件競売手続費用」とは、本件競売事件に関連して、当該事件の申立人又はその承継人等が負担した費用（差押登記登録免許税、不動産評価料、現況調査費用、新聞紙掲載料等を含むが、これに限られない。）で、民事執行法（昭和54年3月30日法律第4号；改正されたものを含む。）及びその関連規則等の規定に基づき、その償還を受けることができるものをいう。

(29)　「本件個別保証」とは、本件貸付債権に係る債務の支払の担保を目的として締結された個別保証契約（根保証契約、包括保証契約を含まない。）に基づく保証債務履行請求権（甲自らオリジネートしたものか甲以外の金融機関がオリジネートし甲が保証履行又は譲受けにより取得したものかを問わない。）をいう。

(30)　「本件債務者」とは、本件貸付契約に基づき甲より貸付を受けた別紙「貸付契約目録」記載の本件貸付債権に係る債務者をいう。

(31)　「本件譲渡対象」とは、本件貸付債権等、本件回収関連費用等償還請求権及び本件費用等償還請求権を総称している。

(32)　「本件担保権」とは、別紙「担保物件・担保権目録」記載の、本件貸付債権を被担保債権として本件債務者又は物上保証人により設定された、抵当権等、担保付債権上の債

- 2 -

202001_KK125

権譲渡担保等、担保有価証券上の有価証券担保等、担保動産上の動産譲渡担保等、その他の物的担保権を総称したものをいう。

(33)  「本件根保証」とは、本件貸付債権に係る債務の支払の担保を目的として締結された根保証契約又は包括保証契約（個別保証契約を含まない。）に基づく保証債務履行請求権（甲自らオリジネートしたものか甲以外の金融機関がオリジネートし甲が保証履行又は譲受けにより取得したものかを問わない。）をいう。

(34)  「本件物上代位事件」とは、抵当権等に基づく別紙「担保物件・担保権目録」に注記された債権差押命令申立事件をいう。

(35)  「本件保証」とは、本件個別保証及び本件根保証を総称したものをいう。

(36)  「本件保証人」とは、本件保証に係る保証債務履行義務を負担する者をいう。

(37)  「本件費用等償還請求権」とは、甲の有する、(i)本件競売手続費用の償還請求権、(ii)本件予納金残額の返還請求権、(iii)本件予納郵券の残部の返還請求権を総称したものをいう。

(38)  「本件予納金」とは、本件競売事件に関連し、本件競売手続費用に充当する目的により、当該事件の申立人又はその承継人等により管轄裁判所に予納された金員をいう。

(39)  「本件予納郵券」とは、本件競売事件に関連し、当該事件の申立人又はその承継人等により管轄裁判所に予納された郵券をいう。

(40)  「割当価額」とは、別紙「売買代金内訳表」記載の本件債務者毎の譲渡価額をいう。

## 第2条（本件譲渡対象の譲渡等）

1.  甲及び乙は、本契約に定めるところに従い、クロージング日において、甲が本件譲渡対象を乙に売り渡し、乙がこれを買い受けることに合意する。

2.  乙は、本件譲渡対象の対価として、本契約の規定に従い、総額金 74,231,349 円（以下、「譲渡価額」という。）を甲に対してクロージング日に支払うものとする。かかる譲渡価額総額の本件債務者毎の内訳は、別紙「売買代金内訳表」に記載の通りとする。

3.  乙に移転後の本件担保権及び本件貸付債権は、それぞれ本件譲渡対象を担保するものとする。但し、本件貸付債権に付された担保のうち、本件譲渡対象に含まれない担保は、本契約に基づく甲から乙に対する本件貸付債権の譲渡に随伴しない。また、甲は、クロージング日以降、かかる随伴しない担保を免除、放棄、変更その他の処分ができ、乙は甲の処分に一切異議を述べない。

## 第3条（本件譲渡対象の相殺並びに回収）

1.  甲は、基準時まで（基準時を含む。）に基準時以降の日数に対応する本件譲渡対象の未経過利息を受領している場合には、かかる受領額を本件譲渡対象に充当するものとし、乙は、甲に対し、当該受領額を乙に支払うよう請求することはできないものとする。

2.  甲は、基準時後（基準時を含まない。）からクロージング日の前日までに、本件貸付債権が甲、本件債務者若しくはその他の者により対当額にて相殺された場合には、相殺金額を本件貸付債権に充当するものとし、乙は、甲に対し、当該相殺金額を乙に支払うよう請求することはできないものとする。甲は、基準時後（基準時を含まない。）からクロージング日の前日までに、本件譲渡対象を回収した場合には、甲は、回収金額を本件譲渡対象に充当しないものとし、乙は、クロージング日においてかかる金員を乙の指定の方法に従い、乙に支払うものとする。但し、別紙「甲が充当できる基準時後の回収金」に記載の回収金については、甲は、回収金額を本件譲渡対象に充当するものとし、乙は、甲に対し、当該回収金額を乙に支払うよう請求することはできないものとする。本項における「回収」とは、甲が本件譲渡対象の弁済として現金若しくは小切手その他現金以外の支払手段を受領し、又はその他の方法により本件譲渡対象の弁済を受けた場合をいい、本件譲渡対象の弁済として小切手その他現金以外の支払手段を受領した場合には、これを甲がクロージング日までに現金化した場合に限るものとする。

3.  本件譲渡対象が前二項に従い受領、相殺又は回収された場合であっても、譲渡価額はそれに伴って減額されることはないことを、甲乙相互に異議なく合意する。

4.　乙は、本件譲渡対象に関し、クロージング日以降に回収される一切の金員等（本件債務者により支払われる弁済金、本件競売事件における売却代金の配当、任意売却の場合の弁済充当を含むものとし、また、現金か現物かを問わない。）を収受する権利を有するものとする。

5.　甲がクロージング以降に本件譲渡対象の弁済として金員を受領した場合には、甲は、当該金員の受領後 5 営業日以内に、乙の指定に従い、当該受領した金員を、当該支払が行われた通貨により乙に支払うものとする。この場合、甲は、受領した金員等の明細を記載した書面を、当該金員等の引渡と共に乙に交付するものとする。但し、本項における甲の義務は、当該受領時点において、乙が本契約上の義務を重要な点において履行していることを条件とする。

## 第4条（クロージングの条件）

1.　クロージング日における本契約に基づく甲による本件譲渡対象の譲渡は、甲の書面による特段の意思表示のない限り、以下をその条件とする。

　(1)　クロージング日までに（同日を含む。）、乙の適法な設立及び存続を証する書面、定款等の認証された写しが甲に交付されていること。

　(2)　第 6 条に定める乙の表明及び保証が本契約締結日及びクロージング日において真実かつ正確であること。

　(3)　乙が本契約に基づき本契約締結時以降クロージング日までの間に（同日を含む。）履行、遵守すべき義務及び条件等を履行し若しくはこれを充足していること。

2.　クロージング日における本契約に基づく乙による本件譲渡対象の譲受け及び譲渡価額の支払は、乙の書面による特段の意思表示のない限り、以下をその条件とする。

　(1)　クロージング日までに（同日を含む。）、甲が本契約に基づいて乙に交付すべき書面（第 5 条第 4 項に定める書面を含む。）が乙に交付されていること。

　(2)　第 7 条に定める甲の表明及び保証が本契約締結日及びクロージング日において真実かつ正確であること。

　(3)　甲が本契約に基づき本契約締結時以降クロージング日までの間に（同日を含む。）履行、遵守すべき義務及び条件等を履行し若しくはこれを充足していること。

3.　甲又は乙は、本件譲渡対象の譲渡につき、相手方において本条第 1 項又は第 2 項に定める条件の全部又は一部が充足されていない場合においても、その選択によりかかる譲渡を実行することができるものとする。但し、甲又は乙によるかかる譲渡の実行の選択は、それぞれ、第 6 条に定める乙の表明及び保証又は第 7 条に定める甲の表明及び保証の違反を理由とする甲又は乙の本契約に基づく請求の放棄を意味するものではなく、かかる甲又は乙の権利に何らの影響を与えないものとする。

## 第5条（クロージングの準備作業；クロージング）

1.　甲及び乙は、クロージング日の 10 営業日前からクロージング日の 1 営業日前までの期間中、当事者間で別途合意された時間において、甲の本社又は甲及び乙が別途合意するその他の場所において、本条第 4 条に定める書類（とりわけ同項(i)号に定める関連契約の契約証書原本）の準備・作成状況の確認等、クロージング日におけるクロージングを円滑に行うために必要な準備作業を行うものとする。

2.　本契約に基づくクロージングは、クロージング日の甲乙間で別途合意する時刻において、甲の本社又は甲及び乙が別途合意したその他の場所において履行されるものとする。

3.　クロージング日において、乙は、譲渡価額を、クロージング日の午前 11 時までに即時使用可能な資金で以下の口座宛に振り込む方法により、甲に対し支払うものとする。

　　・ 銀 行 名：株式会社三井住友銀行
　　・ 支 店 名：東京営業部（店番号 211）
　　　口座種別：別段預金
　　　口座番号：911848
　　　口座名義人：融資管理部代理受領口

- 4 -

202001_KK125

4.　　クロージング日において、甲は、別紙「クロージング特殊取扱事項」に記載されているものを除き、前項に定める譲渡価額全額の受領と引換えに、乙に対し、以下の書類・資料を交付するものとする。

(i)　本件貸付債権等に関する関連契約に係る契約書証原本全部（但し、現状有姿のまま。この場合、(a)当該書類のうち甲が株式会社共同債権買取機構との契約又は関連する信用保証協会との合意に基づき原本の保管を義務づけられているものについては、甲はその写しを乙に対して交付するものとし、以後甲は当該原本を乙のためにも代理保管するものとする。また、(b)当該書類のうち甲が関連する信用保証協会との合意に基づき原本を当該信用保証協会に引渡しているものについては、甲はその写しを乙に対して交付すれば足りるものとする。）。

(ii)　その他の関連書類資料一式（但し、社内文書については写しを交付するものとする。）。

(iii)　担保不動産に係る抵当権等の登記済証あるいは登記識別情報（但し、現状有姿のまま。当該書類のうち甲が関連する信用保証協会との合意に基づき原本を当該信用保証協会に引渡しているものについては、甲はその写しを乙に対して交付すれば足りるものとする。）、並びに甲の記名押印済の抵当権等の移転登記手続に関する司法書士宛の委任状（乙の選定する司法書士に対して甲を代理して登記申請書その他の登記関係書類を作成・調印し、法務局等に提出することを明示に授権するものをいう。）（但し、登記申請書及び委任状については、乙が自己の費用と責任において事前に準備するものとする。）。

(iv)　担保有価証券の現物、及び本件貸付債権等につき手形、小切手等の有価証券が発行されている場合における当該有価証券に乙に対する無担保裏書を行ったもの（もしあれば）。

(v)　クロージング日前1ヶ月以内に発行された、甲乙が別途合意する通数の甲の資格証明書及び代表印に係る印鑑証明書。

5.　　甲が、クロージング日（同日を含む。）までに、(a)前項(i)に定める書類の全部又は一部を乙に交付できない場合、又は(b)本件譲渡対象に含まれる特定の債権を本契約に基づく譲渡の対象とすることが第7条に定める甲の表明又は保証に違反することになる場合には、甲は、その選択により、クロージング日の前営業日までに乙に書面で通知することにより、当該本件譲渡対象又は当該本件譲渡対象の債務者に対する全債権を、本契約に基づく譲渡対象から除外することができるものとする。この場合、当該本件譲渡対象又は当該本件譲渡対象の債務者に対する全債権に係る割当価額相当額は、第2条第2項に定める譲渡価額から控除すべき金額として扱われるものとする。

## 第6条（乙の表明及び保証）

乙は、甲に対し、以下の事項が、本契約締結日及びクロージング日において真実に相違ないことを表明及び保証するものとする。

(1)　乙は、日本法に基づき適法に設立された特例有限会社であり、同法の下で有効に存続しており、かつ、自己の財産を所有し、現在従事している事業を執り行い、本契約を締結し、本契約上の義務を履行する権限及び権利を有していること。

(2)　乙による本契約の締結及び履行は、乙の会社の目的の範囲内の行為であり、乙は本契約の締結及び履行につき法令上及び乙の内部規則上必要とされる一切の手続を履践していること。

(3)　乙による本契約の締結及び履行は、(i)乙又はその財産を拘束する法令、規則、通達、命令等に反することはなく、(ii)乙の定款その他の社内規則に反することはなく、又、(iii)乙を当事者とする若しくは乙が拘束される第三者との間の契約に反するものでないこと。乙は、乙の本契約上の義務の履行に重大かつ不利益な影響を与える第三者との間の契約の当事者ではなく、乙による本契約上の義務の履行に重大かつ不利益な影響を与える法令又は裁判所若しくは行政機関の命令に拘束されるものではないこと。

(4)　法的倒産手続その他債権者の権利行使に一般的に影響を与え又はこれに関連するその他の法令に基づく制限を受ける場合を除いて、本契約は、その締結により、乙の適法で有効かつ拘束力を有する義務を構成し、その条項に従い執行可能なものであること。

- 5 -

202001_KK125

(5)　本契約の締結及び履行並びに本件譲渡対象の譲受けにつき、抵当権等の移転の附記登記、本件競売事件、本件物上代位事件若しくは法的倒産手続における当事者たる地位承継手続に関連した管轄裁判所への届出、本件費用償還請求権の譲渡の管轄裁判所への届出、外国為替及び外国貿易法に基づく事後報告及び既に得られたものを除き、さらに行政機関等の同意、通知、登録、その他の行為を要するものでないこと。

(6)　乙の事業、資産、業務遂行若しくは財務状態又は乙による本契約上の義務の履行に重大な影響を与える若しくは与えうるいかなる司法あるいは行政上の訴訟ないし手続も乙に関し係属していないこと。

(7)　乙は、その有する金銭債権その他の資産に関し、当該債権の債務者その他の関連当事者を威迫し又はその私生活若しくは業務の平穏を害するような行為に一切従事していないこと。

(8)　乙は、貸金業法第24条第3項に規定される取立制限者に該当しないこと。

(9)　乙は、貸金業法（同法第12条の7、第16条の2第3項及び第4項、第16条の3、第17条（第6項を除く。）、第18条から第22条まで、第24条の6の10及び第24条第1項を含むが、これらに限られない。）の内容を熟知し、これを遵守する意思及び能力を有すること。

(10)　本件債務者の財産状態及び信用力、本件譲渡対象の内容、並びに乙の本契約締結及び本件譲渡対象の譲受に係る投資判断に関わるあらゆる要素につき、乙は、自ら十分な検討、調査を行い、本契約において別途明確に定める場合を除き、これらを評価し検討するにあたり、甲及び甲のアドバイザーに依拠したことはなく、また、今後も依拠するものでないこと。

(11)　乙は、前号記載の乙独自の検討・調査に基づき本契約を締結し、本件譲渡対象を譲り受けるものであること。乙は自己の営業規模、財務状況、投資経験等の事情に鑑み、かかる投資のリスクの適切性につき自ら判断しうる十分な知識、経験、能力を有し、本契約において別途明確に定める場合を除き、これらにつき、甲及び甲のアドバイザーに依拠したことはなく、また、今後も依拠するものでないこと。

(12)　乙は、本契約の締結及びこれに基づく本件譲渡対象の譲受けの法律、税務、会計、関連規制上の効果及び取扱いについて自己や自己のアドバイザーにのみ依拠して検討を行っており、かかる効果及び取扱いに関し、本契約において別途定める場合を除き、甲及び甲のアドバイザーに対し依拠したことはなく、また、今後も依拠するものでないこと。

(13)　甲は、乙のいかなる行為によっても、仲介者又はこれと同様な者に対し、本契約において別途定める場合を除き、報酬、手数料その他一切の対価を支払う義務を負うものでないこと。

**第7条（甲の表明及び保証）**

1.　甲は、乙に対し、以下の事項が、本契約締結日及びクロージング日において真実に相違ないことを表明及び保証するものとする。

(1)　甲は、日本法に基づき適法に設立された株式会社であり、同法の下で有効に存続しており、かつ、自己の財産を所有し、現在従事している事業を執り行い、本契約を締結し、本契約上の義務を履行する権限及び権利を有していること。

(2)　甲による本契約の締結及び履行は、甲の会社の目的の範囲内の行為であり、甲は本契約の締結及び履行につき法令上及び甲の内部規則上必要とされる一切の手続を完了していること。

(3)　甲による本契約の締結及び履行が、(i)甲又はその財産を拘束する法令、規則、通達、命令等に反することはなく、(ii)甲の定款その他の社内規則に反することはなく、また、(iii)甲を当事者とする若しくは甲が拘束される第三者との間の契約に反するものでないこと。甲は、甲の本契約上の義務の履行に重大かつ不利益な影響を与える第三者との間の契約の当事者ではなく、甲による本契約上の義務の履行に重大かつ不利益な影響を与える法令又は裁判所若しくは行政機関の命令に拘束されるものでないこと。

(4)　法的倒産手続その他債権者の権利行使に一般的に影響を与え又はこれに関連するその

- 6 -

202001_KK125

他の法令に基づく制限を受ける場合を除いて、本契約は、その締結により、甲の適法で有効かつ拘束力を有する義務を構成し、その条項に従い執行可能なものであること。

(5) 本契約の締結及び履行並びに本件譲渡対象の譲渡につき、抵当権等の移転の附記登記、本件競売事件、本件物上代位事件若しくは法的倒産手続における当事者たる地位承継手続に関連した管轄裁判所への届出、本件費用等償還請求権の譲渡の管轄裁判所への届出、外国為替及び外国貿易法に基づく事後報告及び既に得られたものを除き、さらに行政機関等の同意、通知、登録、その他の行為を要するものでないこと。

(6) 甲の事業、資産、業務遂行若しくは財務状態又は甲による本契約上の義務の履行に重大な影響を与える若しくは与えうるいかなる司法あるいは行政上の訴訟ないし手続も甲に関し係属していないこと。

2. 甲は、乙に対し、本件譲渡対象に関し、以下の事項が、開示済資料に含まれている文書に別途明記されているものを除き、本契約締結日及びクロージング日において真実に相違ないことを表明及び保証するものとする。

(1) 甲は、本件譲渡対象に関し、第三者に対する譲渡、担保設定入れ、参加利益の設定その他の処分を行っておらず、かつ、甲が第三者のために将来そのような処分を行う旨の義務を負っていないこと。本件譲渡対象は甲のみに帰属し、甲のみがこれに関する処分権限を有すること。

(2) 本件貸付債権の未払元本の残高が別紙「貸付契約目録」記載の元本残高の額を下回らないこと。

(3) 乙に交付された開示済資料に含まれる本件貸付債権等の成立を証する契約証書（もしあれば）の写しは、その原本の完全かつ真正な写しであること。

(4) 本件貸付契約その他の関連契約の条項の重要な点について、これを変更、修正し、又は放棄する旨の書面による同意は、甲と本件債務者、物上保証人、参加人等その他の関連当事者との間に一切存在しておらず、かつ、かかる本件貸付債権等に関する甲の権利を変更、修正、放棄その他制限するいかなる甲の作為又は不作為も存在しないこと。但し、甲が単に本件債務者、本件保証人、物上保証人その他の関連当事者に対し、本件貸付契約等に係る債務の履行等の請求を行わなかったのみで何ら法的効果を伴わない場合は、本号の規定に抵触するとはみなされない。

(5) 乙が、甲の依頼に基づく、本契約の締結に関する仲介者その他の者に対する報酬、手数料その他の対価を本契約締結日以降に支払う義務を一切負うものでないこと。

(6) 本件貸付債権等は適法有効に成立し存続しており、法的倒産手続、その他債権者の権利行使に一般的に影響を与え又はそれに関連するその他の法令に基づく制限を受ける場合（法的倒産手続終結若しくは廃止後のもの又は法的倒産手続において免責とされたものを含むがこれらに限られない。）を除いて、本件債務者、第三債務者、本件保証人及び物上保証人に対し、並びに本件担保権の目的物に関し、法的に執行可能であること。

(7) 甲が日本の金融機関における通常の債権管理に照らして合理的な範囲内で知りうる限り、本件譲渡対象につき、無効、取消、解除、更改、弁済、相殺、免除、時効による消滅、利息制限法違反、銀行法違反、貸金業法違反、その他本件譲渡対象の全部又は一部を消滅せしめ、又はその行使を妨げ若しくは制限する事由が何ら存在していないこと。

(8) 甲が日本の金融機関における通常の債権管理に照らして合理的な範囲内で知りうる限り、本件譲渡対象について、第三者による仮差押、保全差押、差押又は仮処分の執行が行われていないこと。

(9) 乙が本契約に基づく本件譲渡対象の買受けにより、本件債務者、管財人等及び担保債権の第三債務者又はその他の第三者に対して追加貸付義務又はその他の支払義務を負うことになるような約束その他の債務を甲は当該本件債務者、管財人等及び第三債務者又はその他の第三者に対して負っていないこと。

(10) 甲は、本件債務者に対し、本件貸付債権及び本件回収関連費用等償還請求権以外の債権を有しないこと。

(11) 本件貸付債権等の成立、存続、帰属、行使及び優先順位等について、本件債務者、本

- 7 -

202001_KK125

件保証人、物上保証人、管財人等その他の第三者がこれを争っておらず、かかる当事者との間で訴訟、仲裁、調停及び行政上の手続も係属しておらず、かつ、甲が日本の金融機関における通常の債権管理に照らして合理的な範囲内で知りうる限り、そのおそれも存しないこと。

(12) 本件貸付債権について、本件債務者との間で債権譲渡禁止特約が締結されていないこと、又は、かかる特約が存する場合には、本件債務者が書面でこれを放棄していること。また、担保債権について、第三債務者との間で債権譲渡禁止特約が締結されていないこと、又は、かかる特約が存する場合には、第三債務者が書面でこれを放棄していること。

(13) 本件担保権が本件貸付債権以外の甲の債権を担保するものではないこと。開示済資料に記載されたものを除き、本件担保権及び本件保証以外に、本件貸付債権に関する物的及び人的担保が存在しないこと。但し、開示済資料に含まれている文書の記載にかかわらず、本件保証のうち三生信用保証株式会社を保証人とするものは、本契約締結日時点で消滅済みであり、三生信用保証株式会社は本件貸付債権につき一切の責任を負わないこと。

(14) 甲が自ら行う通常の債権管理に照らして合理的な範囲内で知りうる限り、本件債務者、本件保証人又は物上保証人が第10条第1項柱書に定義する暴力団員等に該当しないこと。


**第8条（譲渡に際しての当事者の義務等）**

1.  甲は、本契約締結時からクロージング日までの間、善良なる管理者の注意をもって、自己の費用と責任において本件譲渡対象を管理及び保全するものとする。

2.  甲は、本契約締結時からクロージング日までの間、乙の書面による事前の同意がある場合を除き、本件譲渡対象につき、(i)本件貸付契約その他の関連契約の重要な条件及び内容の修正、改訂、変更、免除又は放棄（本件貸付債権の元本、利息、遅延損害金、その他本件貸付契約に基づき甲に支払われる金額の減額、弁済期限の延長を含むが、これらに限られない。）、(ii)本件譲渡対象に関する、本件債務者、物上保証人その他の関連当事者に対する訴訟提起、本件担保権の実行（競売申立及び私的実行の双方を含む。）、又は、かかる法的手続に関する和解若しくは合意の締結若しくは調停の申立、(iii)本件譲渡対象の第三者に対する譲渡、売却、担保権設定その他の処分、(iv)担保不動産の任意売却その他の処分に対する同意、及び(v)その他本件譲渡対象の内容及び条件に影響を与えるおそれのある行為を行わないものとする。

3.  甲は、本件債務者に対し、クロージング日以降速やかに、自己の費用と責任において、内容証明郵便の方法により譲渡通知書を発送し、当該債権譲渡通知書の配達証明を受領した場合には速やかにこれを内容証明郵便の控えとともに乙に交付する。但し、かかる譲渡通知書が本件債務者に到達しなかったときは、それ以降、甲は対抗要件具備のために別途の行為を行う義務を負わず、乙が自己の費用と責任において本件貸付債権及び本件回収関連費用等償還請求権の譲渡に関する対抗要件具備のために必要な行為（執行官送達及び公示による意思表示を含む。）を行うものとする。また、本件債務者又は本件債務者の管財人等に日本国以外に所在する者が含まれている場合、本件貸付契約の準拠法が外国法となる場合その他前二文に定める対抗要件具備方法が不適当であると甲が認める場合には、甲乙間で別途協議のうえ合意したところに従う。更に、本件債務者のうち、破産手続が終結若しくは廃止又は特別清算手続が終結した者、相続人が不存在（相続人全員が相続放棄した場合を含む。）で相続財産管理人も不存在の者については、そもそも甲は譲渡通知書を発送する義務を負わない。甲は乙に対し、本項内で上記に定める義務及び合理的な範囲内で必要な協力を行う義務を負う他、本件貸付債権及び本件回収関連費用等償還請求権の譲渡に関する対抗要件を具備させる義務（本件保証人に対し通知を行う義務及び本件保証人から承諾を取得する義務を含む。）を負担しない。

4.  甲は、抵当権等のうち元本確定前の根抵当権について、クロージング日まで（同日を

- 8 -

202001_KK125

含む。）に自己の費用と責任において、元本確定の登記申請手続の完了、当該根抵当権に係る競売開始決定の取得又はその他の方法により当該根抵当権の移転が可能となるようにするものとする。この場合、関連する信用保証協会の保証が付された貸付債権を甲に残存させ、乙に根抵当権を分割譲渡することが合意された場合には、かかる合意に基づく甲乙間の分割譲渡登記及び順位変更登記に係る一切の費用は乙の負担とするものとする。

5. 乙は、クロージング日以降直ちに、第5条第4項(iii)号に基づき甲から受領した審類に基づき、自己の費用と責任において、担保不動産に係る抵当権等の移転の附記登記手続を行う。但し、甲が関連する信用保証協会との合意に基づき担保不動産に係る抵当権等の登記済証あるいは登記識別情報の原本を当談信用保証協会に引渡している場合には、甲はクロージング日以降6ヶ月以内に当該信用保証協会から当該書類原本の貸与を受けさらに乙に当該審類原本を貸与する。乙は、甲から当該書類原本の貸与を受けて以降直ちに、自己の費用と責任において、担保不動産に係る抵当権等の移転の附記登記手続を行い、同手続完了後直ちに当該審類原本を甲に返却する。甲は乙に対し、本項内で上記に定める義務及び合理的な範囲内で必要な協力を行う義務を負う他、抵当権等の移転の対抗要件を具備させる義務を負担しない。

6. 甲は乙に対し、クロージング日以降速やかに、本件競売事件及び本件物上代位事件における当事者としての地位の承継を申し立てる旨の適式の様式による甲の記名押印済の文書、本件競売手続関係書類及び本件競売事件における領収印押印済の保管金受領証書を交付する。（但し、必要な文書については、乙が自己の費用と責任において事前に準備するものとする。）乙は、かかる文書に基づき、自己の費用と責任において、直ちに本件競売事件及び本件物上代位事件における当事者としての地位の承継手続（手数料の納付を含む。）を行う。この場合、万一乙が時宜通りにかかる承継手続を完了しなかった場合、甲は裁判所への債権届出書、債権計算書等の届出書類において届出債権額を零（ゼロ）として届け出るものとし、乙はこれに対し何ら異議を申し述べないものとする。甲は乙に対し、本項に定める書類を引き渡す義務及び合理的な範囲内で必要な協力を行う義務を負う他、抵当権等の競売手続における当事者としての地位の承継手続を行い又はこれに協力すべき義務を負担しない。

7. 甲は乙に対し、クロージング日以降速やかに、本件費用等償還請求権の譲渡を管轄裁判所に届け出る旨の適式の様式による甲の記名押印済の文書を交付する。（但し、必要な文書については、乙が自己の費用と責任において事前に準備するものとする。）乙は、かかる文書に基づき、自己の費用と責任において、遅滞なく本件費用等償還請求権の譲渡に伴う手続を行う。甲は乙に対し、本項の定める書類を引き渡す義務及び合理的な範囲内で必要な協力を行う義務を負う他、本件費用等償還請求権の譲渡に伴う手続に関する一切の義務を負担しない。

8. 甲は乙に対し、クロージング日後速やかに、本件譲渡対象に係る法的倒産手続における債権者名義変更のために必要な適式の様式による甲の記名押印済の文書を交付する。（但し、必要な文書については、乙が自己の費用と責任において事前に準備するものとする。）乙は、かかる文書に基づき、自己の費用と責任において、直ちに本件譲渡対象に係る法的倒産手続における債権者名義の甲から乙への変更手続（手数料の納付を含む。）を行う。この場合、万一乙が時宜通りにかかる承継手続を完了しなかった場合、甲は裁判所への債権届出書、債権計算書等の届出書類において届出債権額を零（ゼロ）として届け出るものとし、乙はこれに対し何ら異議を申し述べないものとする。甲は乙に対し、本項に定める書類を引き渡す義務及び合理的な範囲内で必要な協力を行う義務を負う他、本件譲渡対象に係る法的倒産手続における債権者名義の甲から乙への変更手続に関する一切の義務を負担しない。

9. 乙は、本件債務者、本件保証人、物上保証人その他の関連当事者を威迫し又はその私生活若しくは業務の平穏を害する行為に従事せず、その他本件譲渡対象に係る権利行使にあたり、何らの違法行為又は公序良俗に反する行為に従事しないものとする。

10. 乙は、本件根保証の譲渡に関連し本件保証人から何らかの請求（契約責任、不法行為

202001_KK125

貴任、不当利得返還請求その他請求原因の如何及び名称の如何を問わない。）がなされた場合、自己の費用と責任において当該請求に係る紛争を解決するものとし、甲に対し損害、損失又は費用を蒙らせた場合には、直ちにこれを補償するものとする。

11. 本件貸付債権につき団体信用生命保険が付保されている場合、乙は、クロージング日以降速やかに、甲及び甲の生命保険会社の協力を得て、かかる保険における保険金受取人たる地位を承継する手続を執り行い、又はかかる承継ができない場合には、本件債務者（その相続人を含む。）が本件貸付債権の譲渡により保険の取扱いにおいて不利益を蒙らないための措置（本件債務者に保険事故が発生した場合における当該本件債務者に係る本件貸付債権の放棄を含むが、これに限られない。）を講ずることをここに約する。

**第9条（費用）**

1. 乙は、本件譲渡対象の譲渡に関する対抗要件の具備及び承継手続に関連して発生しうる一切の費用のうち、本契約の個別条項において甲が負担すると明確に定められているものを除き、一切の費用（切手代、郵便代、印紙代、登録免許税、弁護士・会計士・税理士・司法書士等の専門家費用を含む。）を負担し支払うものとする。

2. 甲乙間で別途合意する場合を除いて、本件譲渡対象に関し基準時以降（基準時を含む。）に発生する回収関連費用は、乙の負担とし、基準時までに発生した回収関連費用は、甲の負担とする。

3. 甲及び乙は、本契約の作成・交渉に係る弁護士費用その他の専門家費用を、各自負担するものとする。

**第10条（反社会的勢力の排除）**

1. 乙は、甲に対し、本契約締結日及びクロージング日において、暴力団、暴力団員、暴力団員でなくなった時から5年を経過しない者、暴力団準構成員、暴力団関係企業、総会屋等、社会運動等標榜ゴロ又は特殊知能暴力集団等、その他これらに準ずる者（以下これらを「暴力団員等」という。）に該当しないこと、及び次の各号のいずれにも該当しないことを表明し、かつ将来にわたっても該当しないことを確約する。

(i) 暴力団員等が経営を支配していると認められる関係を有すること
(ii) 暴力団員等が経営に実質的に関与していると認められる関係を有すること
(iii) 自己、自社若しくは第三者の不正の利益を図る目的又は第三者に損害を加える目的をもってするなど、不当に暴力団員等を利用していると認められる関係を有すること
(iv) 暴力団員等に対して資金等を提供し、又は便宜を供与するなどの関与をしていると認められる関係を有すること
(v) 役員又は経営に実質的に関与している者が暴力団員等と社会的に非難されるべき関係を有していること
(vi) その他前各号に準ずる者

2. 乙は、甲に対し、自ら又は第三者を利用して、次の各号の一にでも該当する行為を行わないことを確約する。

(i) 暴力的な要求行為
(ii) 法的な責任を超えた不当な要求行為
(iii) 取引に関して、脅迫的な言動をし、又は暴力を用いる行為
(iv) 風説を流布し、偽計を用い又は威力を用いて取引の相手方の信用を毀損し、又は取引の相手方の業務を妨害する行為
(v) その他前各号に準ずる行為

3. 乙が暴力団員等若しくは第1項各号のいずれかに該当し、若しくは前項各号のいずれかに該当する行為をし、又は第1項の規定に基づく表明・確約に関して虚偽の申告をしたことが判明した場合には、甲は、乙に対して何らの催告することなく本契約を解除することができる。甲が本項に基づく本契約の解除を行った場合、乙は自己の費用と責任において、直ちに、本件譲渡対象を甲に帰属させ対抗要件を具備させるための一切の手続を執り行うものとする。乙は、かかる手続に関連して甲が損害（第三者か

- 10 -

らの請求による場合を含む。）、損失又は費用（合理的な額の弁護士費用を含むがこれ
に限られない。）を被らないように配慮し、甲がかかる損害、損失又は費用を被ったと
きは、甲に対し、直ちにこれを補償する。この場合、第 13 条に定める損害賠償請求の
方法の制限は適用されないものとする。

**第 11 条（秘密保持）**

1.　乙は、(i)本件債務者の名称その他の属性情報、本件譲渡対象の条件及び内容並びに関連
書類資料に含まれる情報、及び、(ii)甲、本件債務者、本件保証人、物上保証人その他
の関連当事者、並びに甲の他の本件債務者・顧客の財務状況、業務内容、経営計画、
従業員、投資、商品に関する情報（かかる情報が、クロージング日以前に受領された
か、その後に受領されたかを問わない。以下、「秘密情報」という。）が、高度の秘密
性を帯びているものであることを十分に理解し、認識している。乙は、甲の事前の書
面による同意がない限り、かかる秘密情報を、第三者に対して開示又は漏洩してはな
らず、また、かかる秘密情報を本件譲渡対象に基づく乙の権利を行使するのに必要な
限りでのみ使用することができるものとし、かかる制限に異議なく同意する。

2.　前項の規定にかかわらず、乙は、秘密情報のうち、本件譲渡対象の管理、回収、譲渡、
担保差入れ、その他の処分に合理的な関連性が存しない情報、本件債務者の所有に係
る情報（本件債務者に属する営業秘密を含むがこれに限られない。）及びプライバシー
に関わる情報を除いて、これを、乙及びその関連法人（大和 PI パートナーズ株式会
社を指す。）の、役員、従業員、又は乙及びその関連法人（大和 PI パートナーズ株式
会社を指す。）から委任を受けた弁護士、公認会計士、税理士、司法書士、不動産鑑定
士、アドバイザー、コンサルタント、債権回収会社（平成 10 年 10 月 16 日法律第 126
号に定められたものをいう。改正された本件譲渡対象に対する投
資家（潜在的投資家を含む。）及び本件譲渡対象の購入資金の融資を検討する金融機関
等（以下、「情報受領者」という。）に対して開示することができる。この場合、乙は、
情報受領者に対し、秘密情報の秘密性について十分にかつ適切に説明するものとする。
乙は、かかる情報受領者による開示又は不正使用等秘密保持契約違反の結果、甲に損
害、損失又は費用が生じた場合には、かかる損害、損失又は費用につき甲に対し直ち
にこれを補償するものとする。

3.　乙又は情報受領者が日本国における、(i)適用法令、(ii)裁判所の判決・決定・命令、(iii)
管轄官庁の命令・指示、又は(iv)金融商品取引業協会・金融商品取引所その他自主規制
機関の規則等（以下、「法令等」という。）に基づき秘密情報の開示を求められる場合
は、乙は、甲が差止命令その他の救済措置を求め、又は、かかる法令等において要求
される秘密情報開示の範囲及び当該情報の取扱いについて乙と協議することができる
ように、法令等において許される範囲内で、直ちにその旨甲に対し通知するものとす
る。上記差止命令その他の救済措置が得られない場合には、乙はかかる秘密情報を、
その秘密性を極力損なわないように適切かつ合理的な範囲・方法で、開示できるもの
とする。

4.　本条に定める乙の義務は、本契約上の地位の譲渡の有無にかかわらず、クロージング
日から 3 年間継続するものとする。但し、かかる乙の義務は、(i)公知情報（乙又は情報
受領者による開示その他の行為の結果公知となった場合を除く。）、(ii)受領時に乙が既
に秘密保持義務に服することなく文書により適法に入手していた情報、並びに、(iii)甲
以外の第三者で、甲との間の秘密保持契約により拘束されることのない者から秘密保
持義務を負うことなく入手した情報については及ばないものとする。

5.　甲及び乙は本契約の条件及び本契約に基づく取引の内容について相手方当事者の事前
の書面による同意のある場合を除き、これを第三者（本件債務者を含む。）に対し開示
又は漏洩しないものとする。但し、甲、乙及びそれらの関連法人（甲の場合は株式会
社三井住友フィナンシャルグループ及び SMBC 債権回収株式会社を指すがこれらに
限られない、乙の場合は大和 PI パートナーズ株式会社を指す。）並びにそれぞれの役
員、従業員、又は、甲若しくは乙から委任を受けた弁護士、公認会計士、税理士、司
法書士、不動産鑑定士に開示する場合、又は法令等に基づき開示を求められる場合は

- 11 -

この限りでない。

6. 甲及び乙による秘密情報の取扱い及び使用に関する、甲及び乙並びにその情報受領者の相手方当事者に対する義務については、本条に定めるところによるものとし、また、本条の定めは、本契約に先立って甲及び乙又は情報受領者との間で締結された秘密保持に関する定めに代わるものとする。

**第12条（個人情報保護法）**

乙は、本契約により企図された取引により取得した個人情報及び個人データ（いずれも個人情報の保護に関する法律（平成15年法律第57号、その後の改正を含む。）第2条に定義される意味による。）の取扱いに当たり、同法、同法施行令、乙に適用されるガイドライン、個人情報保護指針（もしあれば）及び乙が所属する団体が定めた情報の取扱いに関する自主ルール（もしあれば）を遵守しなければならない。

**第13条（損害賠償請求の方法）**

1. 甲及び乙は、以下に定義される相手方当事者の「契約違反」を直接の原因として損害、損失又は費用を被った場合に、相手方当事者に対しかかる損害、損失又は費用の賠償又は補償を求めることができる。但し、かかる賠償又は補償を求めるためには、相手方当事者の「契約違反」の内容及び自己の被った損害、損失又は費用の明細について具体的に記載した配達証明付内容証明郵便による文書を、クロージング日後2年以内に相手方当事者に到達させなければならない。本条にいう「契約違反」とは以下の各事由を意味するものとするが、第10条の違反はこれに含まれない。

   (1) 本契約に定める表明・保証が、本契約締結日及びクロージング日にその重大な点において虚偽又は誤解を生ぜしめるものであった場合で、相手方当事者が、本契約締結日又はクロージング日において、かかる表明・保証違反について知らなかった場合。

   又は

   (2) 本契約に定める重要な義務（第8条に定める義務を含む。）の不履行。

2. 甲及び乙は、相手方当事者が自己に対し本契約に定める損害賠償義務を負うこととなりうる訴訟、調停、その他の法的手続が開始され、又は第三者からかかる請求がなされたときは、相手方当事者に対し直ちに配達証明付内容証明郵便による文書をもって、その旨通知するものとする。この場合、当該文書による通知を受けた当事者は、任意の判断により、その費用と責任において、かかる法的手続、請求等に関して防御手段を採ることができる。

3. 甲及び乙は、互いに相手方当事者に対し、前二項に規定する方法及び手続を遵守しない限り、本契約に起因又は関連して自己に生じた損害、損失又は費用の賠償又は補償を請求すること（契約責任、不法行為責任、不当利得返還請求その他請求原因の如何及び名称の如何を問わない。）ができず、前二項に規定する方法及び手続を遵守しないときは、これらの請求権を喪失することに異議なく同意する。

**第14条（損害賠償額の制限）**

1. 甲又は乙が、本契約に起因又は関連して相手方当事者に対し負担する損害賠償義務（契約責任、不法行為責任、不当利得返還請求その他請求原因及び名称の如何を問わない。）の総額の上限は、譲渡価額に制限される。但し、乙が第10条の規定に違反した場合の甲に対する損害賠償義務、乙が第11条に定める秘密保持義務に違反した場合の甲に対する損害賠償義務、及び甲が第7条第2項第(9)号に定める表明保証義務の違反に基づく損害賠償義務については、この限りでない。

2. 甲又は乙は、本契約に起因又は関連して相手方当事者に対し負担する損害賠償義務（契約責任、不法行為責任、不当利得返還請求その他請求原因及び名称の如何を問わない。）の総額が、金300万円を下回るときは、損害賠償責任は免責される。但し、乙が第10条の規定に違反した場合の甲に対する損害賠償義務については、この限りでない。なお、前項と本項は重畳的に適用される。

- 12 -

202001_KK125

**第 15 条（甲の責任制限）**

　　1.　　甲は、乙に対し、第 13 条乃至前条に定められた要件・手続・方法・制限を充足するものを除き、民法第 570 条に規定される瑕疵担保責任を含め、本契約に起因又は関連して、何らの責任（契約責任、不法行為責任、不当利得返還請求その他請求原因及び名称の如何を問わない。）を負担しない。

　　2.　　本件譲渡対象の基準時以降に発生した火災、地震、景気変動等の甲乙いずれかの責めにもよらない事由による当該本件譲渡対象に対する一切の損害については、乙が負担するものとする。

**第 16 条（解除権の制限）**

　　甲及び乙は、相手方当事者に故意又は重大な過失がある場合を除き、相手方当事者による本契約上の義務違反を理由として、本契約を解除することはできない。但し、乙が第 2 条第 2 項、又は第 10 条の規定に違反した場合はこの限りでない。

**第 17 条（遅延損害金）**

　　甲及び乙は、いずれも、本契約に基づく相手方当事者に対する支払義務につき履行期を徒過した場合には、年 14％の割合（1 年に満たない期間については、1 年を 365 日とする日割計算による。）による遅延損害金を支払うものとする。

**第 18 条（本契約の可分性）**

　　裁判所の判決等により、本契約の条項の一部が無効あるいは執行不可能とされた場合、又は、本契約の条項が一定の者若しくは一定の事情に適用される場合には無効あるいは執行不可能とされる場合、当該条項等を有効とするために必要な最小限度の修正が加えられるものとする。この場合、かかる条項を除く本契約の他の条項に影響を及ぼすものでなく、また、上記の一定の者若しくは一定の事情以外の者若しくは事情に適用される限りは本契約の条項に影響が及ぶものではなくそれぞれ従前通りその効力を保持するものとする。

**第 19 条（追加の契約書類等への調印）**

　　甲及び乙は、何時でも相手方から要求ある場合において、本契約の目的を達成し、本契約に基づく取引を履行するために合理的に必要又は適切と認められる限り、更に追加の契約書類その他の書類に調印し、又はその他の必要な手続を執り行うものとする。

**第 20 条（譲渡・担保差入れ・その他の処分）**

　　甲及び乙は、本契約に基づく権利及び義務の全部又は一部並びに契約上の当事者としての地位につき、相手方当事者の書面による同意（かかる同意は不当に留保又は遅延してはならないものとする。）なくして、これを第三者に対し譲渡、担保差入れ、その他一切の処分を行うことができないものとする。

**第 21 条（準拠法・管轄裁判所）**

　　1.　　本契約は日本法（所轄行政機関の通達等を含む。）を準拠法とし、同法に従い解釈されるものとする。

　　2.　　甲及び乙は、本契約に関連するあらゆる裁判所に対する又は裁判所における法的申立て又は手続につき、東京地方裁判所を第一審の専属的合意管轄裁判所とすることに合意する。乙に対する送達は、第 24 条に定める送付先に対して行うものとする。

**第 22 条（修正・変更）**

　　本契約の条項は、甲及び乙の書面による合意によってのみ修正・変更されるものとする。

**第 23 条（完全合意）**

　　本契約は当事者間の本契約に規定する事項についての完全な合意を含むものであり、全ての従前の合意に代わるものである。

202001_KK125

第24条（通知）

1.　本契約に基づき当事者がなすべき通知は全て日本語の書面によるものとし、かつ、手交、郵便又はファクシミリによって以下の住所宛に行われるものとする。但し、相手方への通知により、住所の変更を行うことができる。

甲：株式会社三井住友銀行
　　東京都千代田区丸の内１－１－２
　　気付：融資管理部
　　電話：03－4333－4193
　　ファクシミリ：03－4333－9857

乙：有限会社ブルーデージー
　　東京都中央区日本橋三丁目５番１２号ＤＥＣＯ　ＴＯＫＹＯ４階
　　気付：のぞみ債権回収株式会社
　　電話：０３－５２９９－５３３３
　　ファクシミリ：０３－５２９９－５３９９

2.　前項所定の連絡先（前項但書による変更後の連絡先を含む。）に宛てて通知がなされたにもかかわらず、転出、連絡先変更手続の欠如、遅延その他これに類する理由によって、相手方当事者に対する意思表示・通知等が延着し又は到達しなかったときは、その意思表示・通知等は、通常到達すべき時に到達したものとみなす。

〔以下余白〕

- 14 -

202001_KK125

以上を証するため、甲及び乙は、本書２通を作成し、各自記名押印の上、各々１通を保持する。

令和２年１月２９日

甲：　東京都千代田区丸の内一丁目1番2号
株式会社三井住友銀行
代表取締役　髙島　誠

乙：　東京都中央区日本橋三丁目5番12号
DECO TOKYO 4階
有限会社ブルーデージー
取締役　伊藤修平



－ 15 －

売買代金内訳表



| | | | | | |
|---|---|---|---|---|---|
| KK125 | 0200 | 本店営業部 | 02000905 | リーマン・ブラザーズ・ホールディングス(株) | 74,231,349 |
| | | | | 合計 | 74,231,340 |

1/1 ページ

差入契約目録

| コード番号 | 番号 | 取引先名 | 取引先名称 | 商品番号 | 商品名称 | 締結年月日 | 満期年月日 | 区分 | 契約金額 | 基準年月日 R02/01/30 | クローズ日 R02/01/30 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| KK125 | 1 | 0200 | 高知県庁 | 02006905 | リーマン・ブラザーズ・ホールディングス(株) | 000091082 | 平成18.11.27 | 平成24.11.30 | ¥ | 10,000,000,000 | 2,309,063,046 | 2,309,063,046 |
| | | | | | 小計 | | | | | ( 2,309,063,046 ) | ( 2,309,063,046 ) |
| | | | | | 合計 | | | | | 2,309,063,046 | 2,309,063,046 |

1/1 ページ



