March 27, 2020

**BY ECF AND EMAIL**

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, NY 10004

RE:  *In re Lehman Bros. Holdings, Inc.*, Chapter 11 Case No. 08-13555
     Covered Loans and Transferor Loans Settlement Agreements

Dear Judge Chapman:

We write on behalf of U.S. Bank National Association, Wells Fargo Bank, National Association ("Wells Fargo"), Wilmington Trust, National Association, Wilmington Trust Company, and Citibank, N.A.,[1] each of which is a petitioner (collectively, the "Petitioners") in an Article 77 proceeding (the "Article 77 Proceeding") in the Supreme Court for the State of New York, County of New York, Commercial Division (the "Article 77 Court"), which was related to previous proceedings before Your Honor (*see, e.g.,* ECF No. 58047). As explained further below, the Article 77 Court has instructed the Petitioners to bring to the Bankruptcy Court's attention certain matters, consistent with a prior order of the Bankruptcy Court retaining jurisdiction over certain interpretative issues.

By way of background, on July 6, 2017, the Bankruptcy Court issued an order approving a Settlement Agreement dated as of November 30, 2016, and modified as of March 17, 2017 (the "Covered Loans Settlement Agreement"), among certain RMBS Trustees[2] and Lehman Brothers Holdings, Inc. and the other debtors in these chapter 11 proceedings (the "Debtors"). Certain of the RMBS Trustees[3] are also party to a settlement agreement dated as of September 5, 2017 (the "Transferor Loans Settlement Agreement" and together with the Covered Loan Settlement Agreement, the "Settlement Agreements").

On April 10, 2018, a group of investors (the "Institutional Investors") moved the Bankruptcy Court for an order enjoining the Article 77 Proceeding. On May 7, 2018, the Bankruptcy Court entered

---

[1] Citibank, N.A., is Paying Agent with respect to certain trusts at issue, but does not serve as a trustee as to those trusts.
[2] The RMBS Trustees party to the Covered Loan Settlement are U.S. Bank National Association, TMI Trust Company, as separate trustee for Wells Fargo Bank, National Association, Wilmington Trust, National Association, Wilmington Trust Company, and Deutsche Bank National Trust Company. Wells Fargo appointed Law Debenture Trust Company of New York ("Law Debenture") as separate trustee for identifying, pursuing, and resolving mortgage loan repurchase claims for the settlement trusts for which Wells Fargo acts as trustee. TMI Trust Company is the successor to Law Debenture.
[3] The RMBS Trustees party to the Transferor Loan Settlement are U.S. Bank, National Association, TMI Trust Company, as separate trustee for Wells Fargo Bank, National Association, Wilmington Trust, National Association, and Deutsche Bank National Trust Company.

an order denying the Institutional Investors' request and abstaining from exercising jurisdiction over the interpretation of any Governing Agreements (as defined in the Settlement Agreements), but retaining jurisdiction to hear any disputes regarding the interpretation of the Settlement Agreements. Since the filing of the Article 77 Proceeding, the majority of the trusts at issue have been the subject of agreed severance orders, pursuant to which disputed issues arising under the Governing Agreements have been consensually resolved and settlement funds distributed.

With respect to the remaining, unresolved trusts, on March 19, 2020, the Article 77 Court ordered that certain issues in the Article 77 proceeding requiring interpretation of the Settlement Agreements are to be referred to the Bankruptcy Court prior to the ultimate determination by the Article 77 Court of the methodology for distribution pursuant to the Governing Agreements (the "Referral Decision and Order").

In the Referral Decision and Order, the Article 77 Court notes that another Article 77 proceeding involving the JPMorgan Chase RMBS settlement agreement (the "JPM Settlement Agreement"), presented similar issues in a settlement agreement that contained similar distribution language as in the Settlement Agreements. In the case involving the JPM Settlement Agreement, the court entered an order that:
- the governing agreements controlled where they listed specific orders of operation, and
- the JPM Settlement Agreement only controlled where the governing agreements did not specify an order of operations (the "JPM Settlement Decision and Order").

That court also concluded that interpretation of the JPM Settlement Agreement was necessary to determine whether the write-up provisions in the JPM Settlement Agreement applied if they conflicted with the governing agreements.

In this case, the Article 77 Court further held that, because similar interpretive issues exist with respect to the Settlement Agreements here, and this Court has retained jurisdiction to hear any issues relating to the interpretation of the Settlement Agreements, the Article 77 Court will refer those issues to the Bankruptcy Court for interpretation. The Article 77 Court further ordered the Petitioners to advise the Bankruptcy Court of the Referral Decision and Order. (In light of the bar on non-emergency filings in state courts, no party has yet filed notice of entry.) Pursuant to the Referral Decision and Order, the Article 77 Proceeding is stayed pending hearing and determination by the Bankruptcy Court on these issues.

Accordingly, the Petitioners are providing the Bankruptcy Court with the Referral Decision and Order (attached hereto as Exhibit A) and the JPM Settlement Decision and Order (attached hereto as Exhibit B). The Petitioners can also provide copies of the filed competing investors' briefs in the Article 77 Proceeding upon request.

Respectfully submitted,

| | |
|---|---|
| ALSTON & BIRD LLP | MAYER BROWN LLP |
| */s/ Alexander S. Lorenzo* | */s/ Christopher J. Houpt* |
| Alexander S. Lorenzo | Christopher J. Houpt |

<div style="display: flex;">

<div>

90 Park Avenue
New York, New York 10016
Tel. 212.910.9400

*Attorneys for Wilmington Trust Company and Wilmington Trust, National Association, each acting solely in its trustee capacity of certain Accepting Trusts*

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Michael S. Kraut*
Glenn E. Siegel
Michael S. Kraut
101 Park Avenue
New York, New York 10178
Tel. 212.309.6000

*Attorneys for U.S. Bank National Association*

</div>

<div>

Jarman D. Russell
1221 Avenue of the Americas
New York, New York 10020-1001
Tel. 212.506.2500

*Attorneys for Citibank, N.A.*

HAHN & HESSEN LLP

*/s/ Zachary G. Newman*
Zachary G. Newman
Stephen J. Grable
Brigitte R. Rose
488 Madison Avenue
New York, New York 10022
Tel. 212.478.7200

*Of Counsel*:
FAEGRE DRINKER BIDDLE & REATH LLP
Stephen M. Mertz
Michael F. Doty
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402
Tel. 612.766.6000

*Attorneys for Wells Fargo Bank, National Association*

</div>

</div>

Attachments

cc:    All counsel in the Article 77 Proceeding (via email)