Presentment Date: **April 27, 2020, at 9:00 a.m. (Eastern Time)**
Objection Deadline: **April 24, 2020 at 4:00 p.m. (Eastern Time)**
Hearing Date and Time: To be Scheduled Only if an Objection is Filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.,
And Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
**In re**                                                        :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.,** :   **08 - 13555 (SCC)**
:
Debtors.                            :   **(Jointly Administered)**
:
------------------------------------------------------------ x

**NOTICE OF PRESENTMENT OF MOTION FOR FINAL DECREE CLOSING
CERTAIN CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE
<u>BANKRUPTCY CODE AND BANKRUPTCY RULE 3022</u>**

PLEASE TAKE NOTICE that Lehman Brothers Holdings Inc. ("**LBHI**" or the

"**Plan Administrator**"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, will present the annexed

Motion for Final Decree Closing Certain of the Debtors' Chapter 11 Cases Pursuant to Section

350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 (the "**Motion**") and proposed order

(the "**Proposed Order**") to the Honorable Shelley C. Chapman, United States Bankruptcy

Judge, for signature on **April 27, 2020 at 9:00 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the

Motion and the Proposed Order, with proof of service, is served and filed with the Clerk of the

Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned

WEIL:\97416197\6\58399.0011

so as to be received by **April 24, 2020 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Proposed Order may be signed. If a written objection is timely served and filed, a hearing (the "**Hearing**") will be scheduled to consider the Motion and the Proposed Order before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 623, One Bowling Green, New York, New York 10004. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: April 9, 2020
      New York, New York

/s/ *Garrett A. Fail*
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc., and Certain of Its Affiliates*

WEIL:\97416197\6\58399.0011

Presentment Date: **April 27, 2020, at 9:00 a.m. (Eastern Time)**
Objection Deadline: **April 24, 2020 at 4:00 p.m. (Eastern Time)**
Hearing Date and Time: To be Scheduled Only if an Objection is Filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.,*
*And Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, et al.,:    08 - 13555 (SCC)
                                                            :
       Debtors.                                             :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**MOTION FOR FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES
PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 3022**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator ("**LBHI**" or the "**Plan Administrator**") respectfully represents:

**Relief Requested**

1.     By this motion, the Plan Administrator requests entry of a final decree closing the chapter 11 cases of the three entities set forth on Exhibit A (the "**Closing Debtors**"), pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"). The Plan Administrator has been able to liquidate substantially all of the

Closing Debtors' assets and resolve all of their disputed claims. Closing their chapter 11 cases will allow these Closing Debtors to make final distributions to creditors and all to cease paying administrative fees. A closing report is attached hereto as <u>Exhibit B</u> (the "**Closing Report**"). A proposed form of final decree is attached hereto as <u>Exhibit C</u>.

## **Background**

2. Beginning on September 15, 2008, and on various dates thereafter (the "**Commencement Date**"), each of the debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Entities**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Chapter 11 Cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On December 6, 2011, this Court entered an order (the "**Confirmation Order**") [ECF No. 23023] confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [ECF No. 22973] (the "**Plan**"). The Plan became effective on March 6, 2012 (the "**Effective Date**").

4. Pursuant to the Plan, the Plan Administrator has the authority and right on behalf of each of the Chapter 11 Entities to carry out and implement all provisions of the Plan. The Plan Administrator has made significant progress in asset recovery and claims resolution for

---

[1] The twenty-three Chapter 11 Entities are: Lehman Brothers Holdings Inc., LB 745 LLC, PAMI Statler Arms LLC, Lehman Brothers Commodity Services Inc., Lehman Brothers Special Financing Inc., Lehman Brothers OTC Derivatives Inc., Lehman Brothers Derivatives Products Inc., Lehman Commercial Paper Inc., Lehman Brothers Commercial Corporation, Lehman Brothers Financial Products Inc., Lehman Scottish Finance L.P., CES Aviation LLC, CES Aviation V LLC, CES Aviation IX LLC, East Dover Limited, Luxembourg Residential Properties Loan Finance S.a.r.l., BNC Mortgage LLC, Structured Asset Securities Corporation, LB Rose Ranch LLC, LB 2080 Kalakaua Owners LLC, Merit LLC, LB Somerset LLC, and LB Preferred Somerset LLC. The cases of LB Rose Ranch LLC, Lehman Scottish Finance L.P., Lehman Brothers Financial Products Inc., and Lehman Brothers Derivatives Products Inc. were closed on June 14, 2018 [ECF No. 58257]. The cases of LB 2080 Kalakaua Owners LLC, LB Preferred Somerset LLC, LB Somerset LLC, LB 745 LLC, PAMI Statler Arms LLC, CES Aviation LLC, CES Aviation V LLC, and CES Aviation IX LLC were closed on January 28, 2016 [ECF No. 51920]. The cases of East Dover Limited, Luxembourg Residential Properties Loan Finance S.a.r.l., and Merit LLC were closed on December 15, 2016 [ECF No. 54163].

2

each of the Debtors. To date, the Plan Administrator has made distributions to creditors totaling approximately $128.1 billion, of which $95.2 billion were payments on account of third party claims against the Chapter 11 Entities. Since the Effective Date, eighteen of the twenty three Chapter 11 Cases were closed pursuant to final decrees issued by the Court on January 28, 2016 [ECF No. 51920], December 15, 2016 [ECF No. 54163], June 14, 2018 [ECF No. 58257] and January 10, 2019 [ECF No. 59383].

### Jurisdiction and Venue

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Basis for Relief Requested

6. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

7. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 provides, in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor [or its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

3

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

Fed. R. Bankr. P. 3022, Advisory Comm. Note.

8. Courts have generally used the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See, e.g., In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531 (Bankr. E.D.N.Y. 1999); *In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997); *In re Mold Makers, Inc.*, 124 B.R. 766 (Bankr. N.D. Ill. 1990). The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Mold Makers*, 124 B.R. at 768-69; *see also Walnut Associates v. Saidel*, 164 B.R 487 (E.D. Pa. 1994).

**The Closing Debtors' Chapter 11 Cases Have Been Fully Administered**

9. The Closing Debtors' chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing these cases. Specifically, with respect to each of the Closing Debtors:

- the Confirmation Order is final and non-appealable;

- the Plan has gone effective;

- the transactions contemplated by the Plan have been consummated;

- all claims filed against the Closing Debtors have been either allowed or disallowed;

- subject to completion of final distributions to be made upon Court approval of this Motion, all payments required under the Plan by the Closing Debtors to their Creditors have been made; and

- LOTC and LCPI are not parties in any adversary proceedings or contested matters pending before this Court. Two state court actions currently are

4

      pending against Debtor BNC Mortgage LLC ("BNC"), one commenced by Carolyn Robinson in the Superior Court of California and one commenced by James D. Robinson, in the Court of Common Pleas in Philadelphia, Pennsylvania (collectively, the "Complaints"). Given that the Complaints were filed in violation of the automatic stay and that neither of the plaintiffs in such actions filed a proof of claim against BNC prior to the September 22, 2009 bar date, the Plan Administrator submits that the pendency of the Complaints should not delay entry of the final decree for BNC. Nevertheless, out of an abundance of caution, the Plan Administrator has provided notice of this Motion to both plaintiffs.

- In addition, one adversary proceeding has been commenced against BNC by Cecil Fogg in the United States Bankruptcy Court for the Eastern District of New York. Given that this complaint was likewise filed in violation of the automatic stay and that the plaintiff did not file a proof of claim against BNC prior to the bar date, the Plan Administrator submits that the pendency of this complaint should not delay entry of the final decree for BNC. As with the Complaints filed against BNC in state court, the Plan Administrator has provided notice of this Motion to the plaintiff.

Based upon the foregoing, the Plan Administrator submits it is appropriate to close the Chapter 11 Cases of the Closing Debtors.

      10.      Section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the U.S. Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Unless and until the Court enters a final decree closing the Chapter 11 Cases of the Closing Debtors, quarterly fees will continue to accrue. Inasmuch as there are no further assets or liabilities for the Closing Debtors to administer in the Bankruptcy Court, the Plan Administrator has determined that it is prudent to close the Chapter 11 Cases of the Closing Debtors at this time to stop the accrual of further U.S. Trustee fees.

      11.      The Closing Debtors have made Distributions under the Plan of $20,956,504,630 in the aggregate, including payments of post-petition interest by certain of the Closing Debtors to creditors with allowed claims in accordance with the Plan. A breakdown of Distributions by each Closing Debtor made to date and the final distributions to be made by each Closing Debtor are included in the Closing Report.

5

12. The Closing Debtors will pay all outstanding U.S. Trustee fees due and owing for their Chapter 11 Cases.

13. Accordingly, the Plan Administrator submits ample justification exists for entry of a final decree closing the Chapter 11 Cases of the Closing Debtors.

### The Final Distribution

14. Under the Plan and the Order In Aid of Execution of The Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors, dated January 31, 2013 [ECF No. 34348] (the "**Order in Aid of Execution**"), Distributions of Available Cash are to be made semi-annually on or about March 30 and September 30 of each year. Plan, § 8.3.

15. The Plan Administrator seeks authorization to make final distributions from BNC Mortgage LLC and Lehman Brothers OTC Derivatives Inc. in order to close the cases, stop the accrual of additional professional fees and expenses, and provide distributions to various creditors.

16. If the Court grants the Motion, BNC Mortgage LLC and Lehman Brothers OTC Derivatives Inc. will distribute $2,015,206 and $246,098 respectively in additional distributions to holders of their equity.

17. Lehman Commercial Paper Inc. made its final distribution of $58,244,805 on the ordinary scheduled distribution date of April 2, 2020, and seeks authorization to close its chapter 11 case.

### The Closing Report

18. In accordance with the requirements of Local Bankruptcy Rule 3022-1, annexed hereto as <u>Exhibit B</u> is the Closing Report. The Closing Report has also been filed with the Clerk of the Court contemporaneously herewith.

**Notice**

19. Notice of this Motion has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the creditors of each of the Closing Debtors; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that such notice is sufficient and no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WEIL:\97416197\6\58399.0011

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 9, 2020
      New York, New York

          /s/ *Garrett A. Fail*
          Garrett A. Fail
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          *Attorneys for Lehman Brothers Holdings Inc.,*
          *and Certain of Its Affiliates*

# **EXHIBIT A**
## **CLOSING DEBTORS**

WEIL:\97416197\6\58399.0011

| Entity | Case Number |
|---|---|
| Lehman Brothers OTC Derivatives Inc. | 08-13893 |
| Lehman Commercial Paper Inc. | 08-13900 |
| BNC Mortgage LLC | 09-10137 |

# EXHIBIT B
## CLOSING REPORT

WEIL:\97416197\6\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC. et al.,       :    08 – 13555 (SCC)
                                            :
        Debtors.                            :    (Jointly Administered)
                                            :
-------------------------------------------------------------x
```

# CLOSING REPORT IN CHAPTER 11 CASES

To the best of my knowledge and belief, the following is a breakdown in the Closing Debtors' cases:

FEES AND EXPENSES (from case inception through the Effective Date of the Plan):

$838,466,000 (approximate) FEE for ATTORNEY for DEBTORS[1]

$988,769,000 (approximate) OTHER PROFESSIONAL FEES and EXPENSES for DEBTORS[2]

_____N/A_____ TRUSTEE FEE (if applicable)

_____N/A_____ FEE for ATTORNEY for TRUSTEE (if applicable)

Each Closing Debtor has made or will make the following distributions[3]:

---

[1] Professional fees for the Debtors' attorneys and other professionals have been reported in the aggregate amount for all Debtors, including the Closing Debtors. In accordance with the Plan, the Closing Debtors have been allocated their share of the professional fees and expenses, which share has been paid in full.

[2] *See supra* footnote 1.

[3] There were no allowed claims against any of the Closing Debtors other than claims in the classes reflected herein.

| DEBTOR BY PLAN CLASS | TOTAL % DISTRIBUTION | TOTAL INTERIM $ DISTRIBUTIONS | FINAL $ DISTRIBUTIONS | TOTAL $ DISTRIBUTIONS |
|---|---|---|---|---|
| **LEHMAN COMMERICAL PAPER INC** | | | | |
| LCPI CLASS 03 - GUC CONVENIENCE | 60% | $ 394,274 | | $ 394,274 |
| LCPI CLASS 4A - GUC NOT DESGINATED ENTITIES | 78% | 1,198,661,118 | 3,257,414 | 1,201,918,532 |
| LCPI CLASS 4B - GUC DESIGNATED ENTITIES | 66% | 3,452,636,643 | 10,300,658 | 3,462,937,301 |
| LCPI CLASS 05A - AFFILIATE CLAIMS OF LBHI | 82% | 11,236,517,021 | 33,821,683 | 11,270,338,704 |
| LCPI CLASS 05B - AFFILIATE CLAIMS PARTICIPATING SUBS | 66% | 3,606,112 | 10,759 | 3,616,870 |
| LCPI CLASS 05C - AFFILIATE CLAIMS | 71% | 3,656,069,817 | 10,854,291 | 3,666,924,108 |
| TAX | | 18,287 | | 18,287 |
| | | $ 19,547,903,272 | $ 58,244,805 | $ 19,606,148,077 |
| **BNC MORTGAGE LLC** | | | | |
| ADMIN | 100% | $ 3,511 | | $ 3,511 |
| ALL OTHER CLASS 03 - GUC | 100% | 3,495,429 | | 3,495,429 |
| ALL OTHER CLASS 04B - AFFILIATE CLAIMS | 100% | 1,005,362 | | 1,005,362 |
| TAX | 100% | 153,469 | | 153,469 |
| CLASS 6 Equity Interests | | | 2,015,216 | 2,015,216 |
| | | $ 4,657,770 | $ 2,015,216 | $ 6,672,987 |
| **LEHMAN BROTHERS OTC DERIVATIVES INC.** | | | | |
| LBCS/LBCC/LOTC CLASS 03 - GUC CONVENIENCE | 34% | $ 131,180 | | $ 131,180 |
| LBCS/LBCC/LOTC CLASS 04 - GUC | 100% | 313,736,716 | | 313,736,716 |
| LBCS/LBCC/LOTC CLASS 04A - GUC | 100% | 161,149,544 | | 161,149,544 |
| LBCS/LBCC/LOTC CLASS 05A - AFFILIATE CLAIMS OF LBHI | 100% | 184,523,834 | | 184,523,834 |
| LBCS/LBCC/LOTC CLASS 05B - AFFILIATE CLAIMS PARTICIPATING DEBTORS | 100% | 7,887,787 | | 7,887,787 |
| LBCS/LBCC/LOTC CLASS 05C - AFFILIATE CLAIMS | 100% | 384,394,526 | | 384,394,526 |
| CLASS 6 Equity Interests | | 352,120,000 | 246,098 | 352,366,098 |
| | | $ 1,403,943,588 | $ 246,098 | $ 1,404,189,686 |
| **Grand Total** | | $ 20,956,504,630 | $ 60,506,120 | $ 21,017,010,750 |

Dated: April 9, 2020
      New York, New York

                Lehman Brothers Holdings Inc., as Plan
                Administrators for the Closing Debtors

                By:    */s/ Kristine Dickson*
                      Name: Kristine Dickson
                      Title:  Chief Financial Officer

# EXHIBIT C
**PROPOSED FINAL DECREE**

3

WEIL:\97416197\6\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re                                          :        Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC.,                 :        08 - 13555 (SCC)
                                               :
    et al., Debtors.                           :        (Jointly Administered)
                                               :
---------------------------------------------------------------x

**FINAL DECREE CLOSING CERTAIN OF THE DEBTORS'
CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the motion, dated April 9, 2020 (the "**Motion**"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator (the "**Plan Administrator**"), pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 for entry of a final decree closing the chapter 11 cases of the Closing Debtors listed on Exhibit 1 hereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and no objections having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, the cases listed on <u>Exhibit 1</u> hereto are hereby closed effective as of the date hereof; provided, however, that the Court shall retain such jurisdiction as is provided in Article 14 of the Plan (Retention of Jurisdiction), and the entry of this Final Decree is without prejudice to the rights of the Closing Debtors or any party in interest to seek to reopen the Closing Debtors' chapter 11 cases for cause shown; and it is further

ORDERED that the Closing Debtors are authorized to make a final distribution upon entry of this order and the Plan Administrator shall not be required recognize any claim transfer occurring after April 9, 2020; and it is further

ORDERED that the Plan Administrator is not required to publish notice of the final distributions for the Closing Debtors; and it is further

ORDERED that all U.S. Trustee fees due and owing for the Closing Debtors shall be paid following entry of this Final Decree; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Decree.

Dated: _____, 2020
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97416197\6\58399.0011