**RESPONSE DEADLINE: May 26, 2020 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if a response is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

# NOTICE OF HEARING ON PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS FILED BY EXUM RIDGE CBO 2007-2, LTD (NO LIABILITY)

**PLEASE TAKE NOTICE** that on April 24, 2020, Lehman Brothers Holdings Inc., as Plan Administrator (the "**Plan Administrator**") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection (the "**Objection**") to certain claims filed by Exum Ridge CBO 2007-2, Ltd., all as more fully described in the Objection, and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be scheduled if a response is filed.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **May 26, 2020 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

*(Remainder of Page Intentionally Left Blank)*

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  April 24, 2020
       New York, New York

/s/ *Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**RESPONSE DEADLINE: May 26, 2020 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: To be scheduled if a response is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**PLAN ADMINISTRATOR'S**
**OBJECTION TO CLAIMS FILED BY**
**EXUM RIDGE CBO 2007-2, LTD (NO LIABILITY)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("**LBHI**" or the "**Plan Administrator**"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "**Plan**") for the entities in the above-referenced chapter 11 cases (collectively, the "**Chapter 11 Estates**"), respectfully represents as follows:

**RELIEF REQUESTED**

1.      The Plan Administrator files this objection (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [ECF No. 6664], seeking entry of an order

1

disallowing and expunging each of the following proofs of claim: (i) Claim No. 26461 filed by Exum Ridge CBO 2007-2 Ltd. (the "**Issuer**" or "**Exum Ridge**") against Lehman Brothers Special Financing Inc. ("**LBSF**") and (ii) Claim No. 26462 filed by Exum Ridge against LBHI (collectively, the "**Claims**").

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On July 2, 2009, the Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "**Bar Date Order**") [ECF No. 4271].  The Bar Date Order specifically requires that "each Proof of Claim *must*: . . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added)).  Pursuant to the Bar Date Order, claims arising from certain derivative transactions must be accompanied by a questionnaire (the "**Derivative Questionnaire**").  Specifically, the Bar Date Order provides that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7).  A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.  Exhibit C to the Bar Date Order was a

2

version of the Derivative Questionnaire, which requires that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.

5.  The Bar Date Order prominently states in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)." (*Id.* at 6 (emphasis in original)).  To date, the Court has entered orders expunging hundreds of claims based on the fact that the claimants failed to provide a Derivatives Questionnaire or other supporting documentation, as required by the Bar Date Order.

6.  On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.

7.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### THE CLAIMS

8.  On September 22, 2009, Exum Ridge CBO 2007-2 Ltd. (the "**Issuer**" or "**Exum Ridge**") filed the Claims against LBSF and LBHI.  The Claims were filed in connection with (i) a certain International Swap Dealers Association agreement ("**ISDA**"), dated as of May 2, 2007 (the "**Master Agreement**") between Exum Ridge and LBSF and (ii) that certain indenture, dated as of May 2, 2007 (the "**Indenture**") among Exum Ridge, as Issuer, Exum Ridge CBO 2007-2, Corp., as Co-Issuer (the "**Co-Issuer**" and together with the Issuer, the

3

"**Issuers**"), and U.S. Bank National Association ("**U.S. Bank**") as trustee for the Issuers (in such capacity, the "**Indenture Trustee**").

9. The Claim filed against LBSF (Claim No. 26461) asserted that all outstanding transactions under the ISDA were validly and fully terminated, as prescribed by the Master Agreement, on November 24, 2008. Claim No. 26461 further stated that the proof of claim was filed to preserve the claim by Exum Ridge for expenses, including legal fees, that exist or arise as of or after the date of the filing of the claim to the extent or as may be permitted under the Master Agreement.

10. On February 19, 2015, the United States Bankruptcy Court for the Southern District of New York entered an order [ECF No. 48318] approving a settlement agreement relating to Exum Ridge by and among the Issuers, LBHI, LBSF, and U.S Bank, as Indenture Trustee (the "**Settlement Agreement**").

11. The Claim filed against LBHI (Claim No. 26462) was filed on account of a certain Guarantee of LBHI, dated as of May 2, 2007 (the "**Guarantee Agreement**") between Exum Ridge and LBHI, pursuant to which LBHI guaranteed payment of all amounts payable by LBSF under the ISDA or the Master Agreement.

12. Each of the Claims described the amount of the Claim as "not currently capable of being calculated, including accrued interest as of the Petition Date, in the aggregate, plus contingent unliquidated claims not presently ascertainable as described herein." Further, the Issuer has not filed a Derivative Questionnaire as required by the Bar Date Order.

13. The Debtors believe that no further amounts are due to the Issuer or the Indenture Trustee.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

14. Proofs of claim are only entitled to *prima facie* validity if they meet certain minimum standards. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15. No sufficiently specific quantification of the amounts sought in the Claims was ever provided by the Issuer. The Issuer has not at any time since filing the Claims amended, modified or supplemented the Claims to reflect the consummation of the Settlement Agreement or to assert any other claims with sufficient specificity. The failure to file a Derivatives Questionnaire or valuation statement is a sufficient and independent basis for disallowing the Claims.

16. Accordingly, the Plan Administrator seeks to disallow and expunge the Claims.

## RESERVATION OF RIGHTS

17. The Plan Administrator reserves all rights to object on any other bases to any Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to the Claims and any matters raised by the Issuer and to supplement this and other filings as a result thereof.

WEIL:\97422356\6\58399.0011

**NOTICE**

18. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Issuer; (vi) U.S Bank, as Indenture Trustee for the Issuer; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of the proposed order annexed hereto as <u>Exhibit A</u> and such other and further relief as is just.

Dated: April 24, 2020
      New York, New York

      <u>/s/ *Jacqueline Marcus*</u>
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007
      Jacqueline Marcus
      Garrett A. Fail

      Attorneys for Lehman Brothers Holdings Inc.
      and Certain of Its Affiliates

# EXHIBIT A
**Proposed Order**

WEIL:\97422356\6\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                           :        Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :        08-13555 (SCC)
                                                                :
        Debtors.                                         :        (Jointly Administered)
------------------------------------------------------------------x

# ORDER GRANTING PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS FILED BY EXUM RIDGE CBO 2007-2, LTD (NO LIABILITY)

Upon the objection to claims, dated April 24, 2020 (the "**Objection**"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. ("**LBHI**") and its Affiliated Debtors, seeking entry of an order disallowing and expunging Claim No. 26461 filed by Exum Ridge CBO 2007-2 Ltd. (the "**Issuer**" or "**Exum Ridge**") against Lehman Brothers Special Financing Inc. ("**LBSF**") and (ii) Claim No. 26462 filed by Exum Ridge against LBHI (collectively, the "**Claims**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Objection; and due and proper notice of the Objection having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2020
       New York, New York

                                                                _____
                                                                UNITED STATES BANKRUPTCY JUDGE