WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (SCC)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION
UNDER 28 U.S.C. § 1746 REGARDING MOTION FOR FINAL
DECREE CLOSING CERTAIN CHAPTER 11 CASES PURSUANT TO
SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* (the "Second Amended Case Management Order") [ECF No. 9635], the undersigned hereby certifies as follows:

1. On April 9, 2020, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed with this

Court the *Motion for Final Decree Closing Certain Chapter 11 Cases Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022* (the "Motion") [ECF No. 60502].

2. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. In accordance with the Second Amended Case Management Order, April 24, 2020 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline").

4. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

5. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed final decree annexed hereto as Exhibit A be entered in accordance with the procedures described in the Second Amended Case Management Order.

6. I declare that the foregoing is true and correct.

Dated: April 28, 2020
New York, New York

*/s/ Garrett A. Fail*
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

# EXHIBIT A

**PROPOSED FINAL DECREE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                               :
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC.,                 :    08 - 13555 (SCC)
                                               :
     et al., Debtors.                          :    (Jointly Administered)
                                               :
------------------------------------------------------------x
```

**FINAL DECREE CLOSING CERTAIN OF THE DEBTORS'
CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

Upon the motion, dated April 9, 2020 (the "Motion"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator"), pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 for entry of a final decree closing the chapter 11 cases of the Closing Debtors listed on Exhibit 1 hereto, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and no objections having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, the cases listed on <u>Exhibit 1</u> hereto are hereby closed effective as of the date hereof; provided, however, that the Court shall retain such jurisdiction as is provided in Article 14 of the Plan (Retention of Jurisdiction), and the entry of this Final Decree is without prejudice to the rights of the Closing Debtors or any party in interest to seek to reopen the Closing Debtors' chapter 11 cases for cause shown; and it is further

ORDERED that the Closing Debtors are authorized to make a final distribution upon entry of this order and the Plan Administrator shall not be required recognize any claim transfer occurring after April 9, 2020; and it is further

ORDERED that the Plan Administrator is not required to publish notice of the final distributions for the Closing Debtors; and it is further

ORDERED that all U.S. Trustee fees due and owing for the Closing Debtors shall be paid following entry of this Final Decree; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Decree.

Dated: _____, 2020
      New York, New York

                                                               _____
                                                               UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1
## CLOSING DEBTORS

08-13555-mg Doc 60607 Filed 04/28/20 Entered 04/28/20 16:43:39 Main Document Pg 7 of 8

| Entity | Case Number |
|---|---|
| Lehman Brothers OTC Derivatives Inc. | 08-13893 |
| Lehman Commercial Paper Inc. | 08-13900 |
| BNC Mortgage LLC | 09-10137 |