B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**  Case No. 08-13555 (SCC)
**(jointly administered)**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Banc of America Credit Products, Inc.** | **York European Opportunities Investments Master Fund, L.P.** |
|---|---|
| Name of Transferee | Transferor |

Name and Address where notices to transferee should be sent:

Banc of America Credit Products, Inc.
c/o Bank of America Merrill Lynch
Bank of America Tower – 3rd Floor
One Bryant Park
New York, NY 10036
Attn: Ryan Weddle / Ante Jakic
Telephone: (646) 855-7450
Fax: (646) 834-9780 / (804) 264-1108
E-mail: ryan.weddle@baml.com / ante.jakic@baml.com
Email: bas.infomanager@bankofamerica.com

Court Claim # (if known): __see attached__
Total Amount of Claim Transferred:
USD $ __see attached__

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: __/s/Seth Denson__   Date: __5/1/2020__
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

EXECUTION COPY

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged **York European Opportunities Investments Master Fund, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Banc of America Credit Products, Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule I attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Number(s) set forth at Schedule I hereto (the "Proof of Claim") against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, and (c) any and all proceeds of any of the foregoing paid on or after February 13, 2020 (the "Trade Date") (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"); provided however that the parties agree that the Transferred Claims do not include any rights title or interest in or to the LBHI Distributions (as defined below) paid on or before the Trade Date. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings. On the date hereof, Purchaser shall pay the Purchase Price set forth on Schedule II hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (d) the Proofs of Claim include the Purchased Claim specified in Schedule I attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; and (f) Seller has timely received the same pro rata amount of distributions as was received by other creditors holding claims of the same type and class as the Transferred Claims (including the 20th Distribution made on April 2, 2020, which is reflected as a credit to the Purchase Price, as set forth on Schedule II hereto) (collectively, the "LBHI Distributions").

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement and Evidence of Transfer of Claim, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below. This Agreement may be executed in one or more counterparts, and all counterparts taken together shall be deemed to constitute one and the same instrument. Signatures may be exchange over email transmission.

144195738v3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is dated as of May  1 , 2020.

| YORK EUROPEAN OPPORTUNITIES INVESTMENTS MASTER FUND, L.P. | BANC OF AMERICA CREDIT PRODUCTS, INC. |
|---|---|
| By: */s/ K.M. Carr* <br> Name: Kevin Carr <br> Title: Director of Operations | By: _____ <br> Name: <br> Title: |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is dated as of May _1_, 2020.

| **YORK EUROPEAN OPPORTUNITIES INVESTMENTS MASTER FUND, L.P.** | **BANC OF AMERICA CREDIT PRODUCTS, INC.** |
|---|---|
| By:_____<br>Name:<br>Title: | By:_____<br>Name: Seth Denson<br>Title: Director |

3

144195738v3

**SCHEDULE I**

Transferred Claims

Purchased Claims

The Purchased Claims consist of the Allowed Amounts in U.S. Dollars of the Securities under the Proofs of Claim set forth below.

Description of Purchased Security

| ISIN/CUSIP of security related to Allowed Claim | Issuer | Guarantor | Proof of Claim# | Allowed Claim Amount being Transferred (USD) |
|---|---|---|---|---|
| XS0285456140 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 55537 | $1,388,620.01 |
| XS0313198201 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 55537 | $2,513,236.32 |
| XS0287442692 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 55537 | $3,811,896.95 |
| XS0289922113 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 55537 | $3,478,966.44 |

144195738v3