WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (SCC)
                                                :
                          Debtors.              :   (Jointly Administered)
-------------------------------------------------------------------x
```

**PLAN ADMINISTRATOR'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this objection to the *Motion to Summary Judgment* filed by Joseph J. Waske (ECF No. 60484) (the "Motion for Summary Judgment") and respectfully represents:

**OBJECTION**[1]

1. The Motion for Summary Judgment is Waske's third motion this year seeking relief from the Court related to various securities issued prior to LBHI's petition date. Waske filed his *Motion to Reclassify* (ECF No. 60337) on January 2, 2020 (the "Motion to Reclassify") and his *Motion to Reserve for Motion to Reclassify* on February 25, 2020 (ECF No. 60448) (the "Motion to Reserve," and with the Motion to Reclassify, the "Prior Motions").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Objections (defined below).

2. Contrary to assertions in the Motion for Summary Judgment, the Plan Administrator timely objected to each of the Prior Motions. *See Objection to Motion to Reclassify* (ECF No. 60378) ("Reclassification Objection"); *Objection to Motion to Reserve* (ECF No. 60482) (the "Reserve Objection," and with the Reclassification Objection, the "Objections")). Indeed, Waske filed a reply to each of the Objections. (ECF Nos. 60403 and 60542.)

3. The Plan Administrator thoroughly addressed in its Objections the lack of merits in the Prior Motions. As set forth in the Objections and other related pleadings,[2] the Plan does not require the Plan Administrator to establish a reserve for Waske, and Waske is not entitled to any recovery from LBHI. In closely related matters, this Court agreed with the Plan Administrator's positions,[3] which has become a final ruling following the dismissal of an appeal thereof by the District Court for the Southern District of New York.[4] Rather than repeat its arguments, the Plan Administrator hereby incorporates its Objections by reference as if fully set forth herein.

4. Like the substantive arguments raised in the Prior Motions, the procedural arguments raised in the Motion for Summary Judgment are without merit. The Motion for Summary Judgment should be denied for any or all of the independent reasons set forth below.

5. First, Waske's sole reliance on Rule 12 of the Federal Rules of Civil Procedure to obtain a default judgment against the Plan Administrator is misplaced. Rule 12 is not applicable in chapter 11 cases outside of an adversary proceeding. *Cf.* FED R. BANKR. P. 9014.

---

[2] *See e.g.*, Plan Administrator's Objection to Motion to Allow Late Claim (ECF No. 59738).

[3] *See Order Denying Motion for an Order Enforcing the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors for Purposes of Distribution Filed by Rex Wu (ECF No. 59614) and Overruling Related Objections to the Timing of the Eighteenth Distribution* (ECF No. 59801).

[4] *Ianello v. Lehman Brothers Holding Inc.*, Case No. 19-cv-06397 (ECF No. 15) (S.D.N.Y. March 30, 2020) (denying appeal of this Court's order sustaining the Plan Administrator's objection to Rex Wu's motion to file a late claim with respect to the trust preferred securities).

6. Second, this Court's case management order, governing these chapter 11 cases for more than a decade, makes clear that the Objections were filed timely. It provides: "[t]he deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "Objection Deadline") shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court . . ." (ECF No. 9635 at ¶32.) Waske did not purport to set an objection deadline for the Motion to Reserve or attempt to schedule the motion for a hearing. No objection was due until this Court scheduled the upcoming hearing on both the Prior Motions and the Motion for Summary Judgment and ordered any responses to be filed by May 18, 2020. (*See* ECF No. 60498.) The Reserve Objection was filed well before then – on March 24, 2020 – even before the Motion for Summary Judgment was docketed. (*Compare* ECF 60482 (Reserve Objection) with ECF 60484 (Motion for Summary Judgment).)

7. Third, because granting the Motion to Reserve would be akin to approving an amendment to the Plan (*see* Reserve Objection ¶ 2; Plan §8.4), Bankruptcy Rule 3019 requires the Court to hold a hearing to consider the Motion to Reserve (or to conclude that sufficient notice and opportunity for parties to object was provided such that a hearing need not be conducted). As noted above and is clear from the record, Waske did not set a hearing date for the Motion to Reserve. As such, the Motion to Reserve cannot be granted on default without an opportunity for parties in interest, such as the Plan Administrator, to be heard.

8. Fourth, even if the Reserve Objection was not timely, this Court can nonetheless consider it. The Court has wide latitude to extend filing deadlines and to consider pleadings that are filed subsequent to any deadlines. Here there is no prejudice to Waske, given

the Reserve Objection was filed 71 days before the hearing and Waske had sufficient time to file a reply in response to it. Under the circumstances, cause exists to consider the Reserve Objection.

9. Fifth, the Court can deny the Motion to Reserve upon its own review of Waske's pleadings and is not bound to grant the Motion for Summary Judgement on default. The Court is very familiar with arguments raised by Waske in the Prior Motions. (*See e.g.,* 59801 (order denying Rex Wu permission to file a late claim based on the trust preferred securities); Transcript from June 19, 2020 Hearing.)

10. For any or all of these reasons, the Motion for Summary Judgment should be denied. The Reserve Motion should not be granted upon a default and should be denied for all of the reasons set forth in the Reserve Objection.

## RESERVATION OF RIGHTS

11. LBHI reserves all rights to object to any claim that may be permitted to be asserted against any of the Debtors. The Plan Administrator reserves the right to conduct discovery as to Waske's claims and any matters related thereto and to supplement this and other filings as a result thereof.

Dated: May 18, 2020
New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates