Joseph Waske
22862 Via Genoa
Dana Point, CA 92629
949-517-8330
jwaske3@yahoo.com

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Joseph Waske,** | **Case No.: 08-13555 (SCC)** |
| **vs.** | **(Jointly Administered)** |
| **Lehman Brothers Holdings Inc.,** | **Docket #60448** |
| **et al,** | |
| **Debtors.** | |

**RESPONSE TO PLAN ADMINISTRATOR'S OBJECTION TO MOTION FOR SUMMARY JUDGEMENT**

**TO THE HONORABLE SHELLEY C. CHAPMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Joseph Waske in response to the Plan Administrator's Objection to Motion for Summary Judgement states as follows:

Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under

28 U.S.C. §§ 157(b). The statutory bases for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## Response

2. The Plan Administrator is in clear violation of the Federal Rules for Civil Procedures Pursuant to Rule 12(a)(1)(A)I as stated in the Motion for Summary Judgement. (Docket #60484).

3. The Plan Administrator is fully aware of the timeframe to respond to the Motion to Reserve (Docket #60484).

4. The Plan Administrator missed the opportunity to respond to the Motion to Reserve (Docket # 60448)and should be held accountable for the failed actions. The Plan Administrator should not be given a free pass for the failure to respond. Joseph Waske respectfully requests the court to enforce the motion for Summary Judgement.

5. The Plan Administrator was served with the Motion for Summary Judgement (Docket # 60484), on February 19th, which is 29 days after the Motion to Reserve (Docket #60448) was served. That is 8 days more than the 21 days allowed by Rule 12 of the Federal Rules for Civil Procedures.

6. The Plan Administrator filed the Objection to the Motion to Reserve on March 24th, 2020 which was four days after the Motion for Summary Judgement was filed on March 20th, 2020.

7. The Plan Administrator decided not to set aside a reserve on March 24th, 2020 with the response to the Motion to Reserve. That is nine days before LBHI's 12th distribution on April 2nd, 2020.

8. The Plan Administrator mentions another ruling and attempts to tie that proceeding to these motions. The Plan Administrator fails to provide what that ruling was or an order that was handed down, in detail, and how that is relevant to this Motion for Summary Judgement.

8. It is the Plan Administrator's duty and burden to explain to the court how any Rulings or Orders raised apply to the Motion for Summary Judgment.

9. Or any of Joseph Waske's filed Motions in detail and backed by evidence going forward.

10. The Plan Administrator's objection to Joseph Waske's motion to reserve does not respond or acknowledge the plain contract language regarding the Capital Trust III, IV, V, VI Preferred Securities "Affiliate" senior equity parity rights and the contractual prospectus covenants that LBHI wrote specifically to not allow any LBHI subsidiary parity stock payments.

11. Determining if the Plan Administrator is required to reserve for any motion is for the Honorable Court to decide.

Statement

12. Joseph Waske requested from the Honorable Court a hearing on the Motion for Summary Judgment only. Joseph Waske petitioned the Honorable Court to remove the Motion to Reserve (Docket #60448) (Exhibit A) from the hearing. The Honorable Court denied that request.

13. By adding the Motion to Reserve to the Hearing Date on June 3rd, 2020, that placed Joseph Waske in an unfair position because it gives the Plan Administrator a free pass argument for the failure to respond, even when procedures were followed by Joseph Waske.

14. The Motion to Reserve is based on the fact that the Plan Administrator and LBHI made a classification error and the Plan Administrator has not factually addressed the Affiliate senior equity parity and the payment stoppage covenants granted to the Capital Trust III, IV, V, VI preferred security holders. That is unjust if it is intentional.

## Conclusion

15. The Plan Administrator did violate Rule 12 of the Federal Rules for Civil Procedures. Joseph Waske asks the court to grant the Motion for Summary Judgement based on the Plan Administrator's violation of that rule. The Plan Administrator should not be given special privilege. Joseph Waske asks the court to consider that he did not request the court to add the Motion to Reserve to the Hearing on June 3rd, 2020 and specifically requested the court respectfully grant this Motion for Summary Judgement.

For all the reasons set forth herein and in the Motion, Joseph Waske respectfully requests that the Court grant the relief requested in the Motion, and grant such other relief as is just.

## RESERVATION OF RIGHTS

16. Joseph Waske reserves all his rights and reserves the right to conduct discovery as to the Plan Administrators filings and any matters related thereto and to supplement this and other filings as a result thereof.

Respectfully Submitted,
Dated this 18th day of May, 2020

Joseph Waske
22862 Via Genoa
Dana Point, CA 92629

Exhibit A

**From:** joseph waske <jwaske3@yahoo.com>
**Sent:** Thursday, April 9, 2020 6:34 PM
**To:** NYSBMID_CaseFiling <CaseFiling@nysb.uscourts.gov>
**Subject:** RE: Notice of Hearing Docket #60498 Consideration Case 08-13555 Lehman Brothers Holdings Inc.

Dear Honorable Judge Chapman,

I am writing you this electronic letter in regards to the "Notice of Hearing" with the date set for June 3rd, 2020 at 10am, docket #60498. My request was for a hearing regarding docket #60484 only, which is the Motion for Summary Judgment. When the Notice of Hearing was issued, docket #60448 "Motion to Reserve" is now included.

Additionally, within the "Notice of Hearing," responses for both motions are due by May 18th, 2020. The Plan Administrator failed to respond to the Motion to Reserve within the period of time of 21 days as per Federal Rules of Civil Procedures Pursuant to Rule 12(a)(1)(A)(i). The Plan Administrator was served on February 19th, 2020 (details on docket #60484) and responded to the Motion to Reserve on March 24th, 2020 which is 34 days from the date of service. The Plan Administrator should not be given the opportunity to respond to the Motion to Reserve because of the failure to act. Allowing the Plan Administrator to respond to the Motion to Reserve would trump the Motion for Summary Judgment and put my arguments at a disadvantage because it would equate to giving the Plan Administrator a free pass.

I request that the Honorable Court set the hearing as per my original request to only include docket # 60484, Motion for Summary Judgment and exclude docket #60448, Motion to Reserve. The Motion for Summary Judgment should be given priority given the Plan Administrator did not comply with Federal Rules of Civil Procedures Pursuant to Rule 12(a)(1)(A)(I).

Thank you for your consideration.

Respectfully and sincerely,

Joseph Waske

REQUEST DENIED. Hearing shall proceed as noticed per Docket 60498.

Date: April 14, 2020

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

7

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0208−1 | User: | Date Created: 4/14/2020 |
| Case: 08−13555−scc | Form ID: pdf001 | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

unk Joseph Waske 22862 Via Genoa Dana Point, CA 92629

TOTAL: 1

Exhibit A

8