LAW OFFICES
## McCABE, WEISBERG & CONWAY, LLC
SUITE 210
145 HUGUENOT STREET
NEW ROCHELLE, NY 10801
(914)-636-8900
**GENERAL FAX** (914) 636-8901
**MEDIATION ONLY FAX** (855) 427-1278

May 22, 2020

CLERK, UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
One Bowling Green
New York, New York 10004-1408

Re:        Lehman Brothers Holdings Inc.
Case No.   08-13555-scc

Dear Sir or Madam:

    Enclosed herewith please find a Chamber's Copy of a Notice of Amended Motion, Application, and Affidavit of Mailing of same filed by McCabe, Weisberg & Conway, LLC.

    Please note that the motion has been scheduled for June 17, 2020 at 11:00a.m. telephonically through Court Solutions, visit www.court-solutions.com to sign up per court instructions.

    The purpose of this letter is to confirm that the Secured Creditor is hereby waiving its rights under 11 U.S.C. Section 362(e) so that the Court may schedule a hearing on the Secured Creditor's motion for relief from the automatic stay even if such hearing is beyond the time-period prescribed within 11 U.S.C. Section 362(e).

    If you have any questions, please feel free to contact me at 914-636-8900.

                                              Very truly yours,

                                    By:      _/s/ Melissa S. DiCerbo_____
                                                      Melissa S. DiCerbo, Esq.
                                                       McCabe, Weisberg & Conway, LLC
                                                       Attorneys for Secured Creditor
                                                       145 Huguenot Street, Suite 210
                                                       New Rochelle, NY 10801
                                                       Telephone 914-636-8900

Enc.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Hearing Date: June 17, 2020<br>Hearing Time: 11:00a.m. |
| In Re:<br><br>Lehman Brothers Holdings Inc.,<br><br>Debtor | **NOTICE OF AMENDED MOTION**<br>**FOR TERMINATION OF**<br>**AUTOMATIC STAY**<br><br>Case No. 08-13555-scc<br>Chapter 11<br><br>Assigned to:<br>Hon. Shelley C. Chapman<br>Bankruptcy Judge |

Please take notice that Nationstar Mortgage LLC d/b/a Mr. Cooper, or successor or assigns, by the undersigned attorneys, will move this Court on June 17, 2020 at 11:00a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 for an Order pursuant to 11 U.S.C. §362(d)(1) terminating the automatic stay as to movant's, or successor or assigns, by interest in the real property commonly known as 8600 W Charleston Blvd. 2138, Las Vegas, Nevada 89117 and for such other relief as the Court may deem proper.

DATED:   May 22, 2020
         New Rochelle, New York

                                      Respectfully submitted,

                              By:     */s/ Melissa S. DiCerbo*_____
                                      Melissa S. DiCerbo, Esq.
                                      McCabe, Weisberg & Conway, LLC
                                      Attorneys for Secured Creditor
                                      145 Huguenot Street, Suite 210
                                      New Rochelle, NY 10801
                                      Telephone 914-636-8900

TO:

Lehman Brothers Holdings Inc.
745 Seventh Avenue
New York, NY 10019

Adam M. Bialek
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110

Jerrold Lyle Bregman
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

David S. Cohen
Milbank, Tweed, Hadley & McCloy LLP
International Square Building
1850 K Street, NW
Suite 1100
Washington, DC 20006

Todd G. Cosenza
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Christopher J. Cox
Hogan Lovells US LLP
4085 Campbell Avenue
Suite 100
Menlo Park, CA 94025

William F. Dahill
Dunnington, Bartholow & Miller LLP
230 Park Avenue
21st Floor
New York, NY 10169

Brijesh P. Dave
Lehman Brothers Holdings, Inc.
1271 Avenue of the Americas
New York, NY 10020

Scott I. Davidson
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Joseph G. Davis
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20006

Paul R. DeFilippo
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
12th Floor
New York, NY 10110

Joshua Dorchak
Morgan, Lewis & Bockius LLP
399 Park Avenue
New York, NY 10022

Sarah Efronson
Jones Day
222 E. 41 St.
New York, NY 10017

Garrett A. Fail
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

John D Giampolo
Ice Miller LLP
1500 Broadway, 29th Floor
New York, NY 10036

Cindi Giglio
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022

Lynn P. Harrison, III
Curtis, Mallet-Prevost, Colt &
Mosle,LLP
101 Park Avenue
New York, NY 10178-0061

Diane Harvey
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Jonathan S. Henes
Kirkland & Ellis LLP
601 Lexington Avenue

New York, NY 10022-4675

I-Heng Hsu
Jones Day
222 East 41st Street
New York, NY 10017

Thomas T. Janover
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

James N. Lawlor
Wollmuth Maher & Deutsch, LLP
One Gateway Center
9th Floor
Newark, NJ 07102

Robert J. Lemons
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

William A Maher
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
12th Floor
New York, NY 10110

Jacqueline Marcus
Weil Gotshal & Manges, LLP
767 5th Avenue
New York, NY 10153

Arthur J. Margulies
Jones Day
222 East 41st Street
New York, NY 10017

Harvey R. Miller
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

Ralph I. Miller
Weil, Gotshal & Manges, LLP
1300 Eye Street, N.W.
Suite 900
Washington, DC 20005

Thomas M. Mullaney

708 Third Avenue
Suite 2500
New York, NY 10017

Paul B. O'Neill
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Steven J. Reisman
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585

Michael A. Rollin
Fox Rothschild LLP
1225 17th Street
Suite 2200
Denver, CO 80202

Benjamin Rosenblum
Jones Day
250 Vesey Street
New York, NY 10281

Andrew J. Rossman
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010

Laura Washington Sawyer
Jones Day
250 Vesey St.
New York, NY 10281

Arthur Jay Steinberg
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Shai Waisman
Weil, Gotshal & Manges, LLP
767 5th Avenue
New York, NY 10153

Jane Rue Wittstein
Jones Day
250 Vesey Street, Floor 34
New York, NY 10281-1047

Jeffrey R. Coleman
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

James C. Fitzpatrick
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Christopher K. Kiplok
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Sarah K. Loomis Cave
Hughes Hubbard & Reed, LLP
One Battery Park Plaza

Daniel Steven Lubell
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004

William Maguire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10028

Jeffrey S. Margolin
Hughes Hubbard & Reed
1 Battery Park Plaza
New York, NY 10004

Neil J. Oxford
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Andrea Beth Schwartz
U.S. Department of Justice
Office of the U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Mark A. Speiser
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

David R. Seligman
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

James H.M. Sprayregen
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654

Robert K. Dakis
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022

Dennis F. Dunne
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Tyler Whitmer
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010

Eric D. Winston
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017

Bruce J. Duke
Bruce J. Duke, LLC
788 Shrewsbury Avenue
Suite 2220
648 Tabernacle Road
Tinton Falls, NJ 07747

Claims and Noticing Agent Epiq Corporate Restructuring, LLC Claims Agent (f/k/a Bankruptcy Services LLC)
777 Third Avenue, 12th Floor
New York, NY 10017

The Honorable Shelley C. Chapman
One Bowling Green
New York, New York 10004-1408

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Case No. 08-13555-scc<br>Chapter 11 |
| Lehman Brothers Holdings Inc., | Assigned to:<br>Hon. Shelley C. Chapman |
| Debtor | Bankruptcy Judge |

**AMENDED MOTION FOR ORDER PURSUANT TO SECTION 362(d) OF**
**THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY**

**INTRODUCTION**

Nationstar Mortgage LLC d/b/a Mr. Cooper, or successor or assigns, (the "Movant"), by and through its counsel, McCabe, Weisberg & Conway, LLC, as and for its motion (the "Motion") for an order pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting it relief from the automatic stay imposed by 11 U.S.C. § 362(a), and permitting the Secured Creditor to exercise all of its rights and remedies with respect to its security interest in the real property commonly known as 8600 W Charleston Blvd. 2138, Las Vegas, Nevada 89117 (the "Mortgaged Premises"), respectfully represents and states as follows:

**PROCEDURE**

1. On September 15, 2008, Lehman Brothers Holdings Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code with this Court, and an order for relief was duly entered.

**JURISDICTION**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

**BACKGROUND**

3. On or about December 7, 2005, Gilbert Ireland-Ashley (the "Borrower"), executed a Note and Mortgage original principal amount of $152,000.00. The Note is secured by a valid and perfected lien in and security interest against the Borrower's real property located at and commonly known as 8600 W. Charleston Blvd., 2138, Las Vegas, Nevada 89117 (the "Property"). Annexed hereto as Exhibit "A" is a copy of said Loan Documents.

4. Debtor is the Junior Lienholder to Movant's Mortgage and the Debtor is therefore named as a defendant in Movant's foreclosure action. Movant's foreclosure action does not seek any award against the Debtor or its successors in interest; Debtor is simply named as a Defendant in the foreclosure because of the Debtor's Judgment Lien on the Property.

5. Debtor has no ownership interest in the Property and allowing Movant to proceed with its foreclosure action will not harm the Debtor, its successors or assigns, and the foreclosure sale will allow the Debtor to immediately receive the value in the Property, if any, against which the Debtor's Judgment Lien is actually secured.

6. Movant has incurred attorneys' fees in the amount of $950.00 and costs in the amount of $181.00, for a total of $1,131.00 associated with the filing and prosecution of the Motion.

## **THE AUTOMATIC STAY SHOULD BE VACATED**

7. The Court may grant the relief requested herein pursuant to Bankruptcy Rules 2002(m), 9007, and 1015(c). Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed R. Bankr. P. 9007. Further, Bankruptcy Rule 1015(c) provides that when, as here, two or more cases are being administered jointly, the Court may enter orders "as may tend to avoid unnecessary costs and delay." Fed R. Bankr. P. 1015(c).

8. The relief requested herein is further supported by section 105(a) of the Bankruptcy Code which provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that implementation of the Case Management Procedures is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m), 9007, and 1015(c).

9. Section 362(d) of the United States Bankruptcy Code (the "Code") provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

    2) with respect to a stay of an act against property under subsection
        (a) of this section if-

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization.

10.    Section 362(d)(1) of the Code is applicable to applications to lift the automatic stay for cause. The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the movant, or successor or assigns, establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

11.    As set forth above, cause exists to vacate the automatic stay as the Debtor is in default under the terms and provisions of the Mortgage and Note, by, among other things, failing to make monthly post-petition mortgage payments to Secured Creditor. Under 11 U.S.C. § 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983).

12.    Further, it is respectfully submitted that Secured Creditor's interest in the Mortgaged Premises will not be adequately protected if the automatic stay is allowed to remain in effect.

13.    A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit "B"**.

## CONCLUSION

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order vacating the automatic stay pursuant to 11 U.S.C. § 362(d) as to Secured Creditor's interest in the Mortgaged Premises, together with such other, further and different relief as this Court deems just and proper.

DATED:   May 22, 2020
             New Rochelle, New York

By:   _/s/ Melissa S. DiCerbo_____
Melissa S. DiCerbo, Esq.
McCabe, Weisberg & Conway, LLC
Attorneys for Secured Creditor
145 Huguenot Street, Suite 210
New Rochelle, NY 10801
Telephone 914-636-8900