<u>United States Bankruptcy Court</u>
<u>Southern District of New York</u>

In re <u>Lehman Brothers Holdings Inc., et al.,</u>          Case No. <u>08-13555 (SCC)</u>

(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>BKM Holdings (Cayman) Ltd.</u>          <u>Deutsche Bank AG, London Branch</u>
Name of Transferee                    Name of Transferor

                                      Court Claim #: <u>see Schedule 1</u>
                                      Claim Amount: <u>see Schedule 1</u>

Name and Address where notices to Transferee
should be sent:

BKM Holdings (Cayman) Ltd.
c/o Davidson Kempner Capital Management
520 Madison Avenue, 30th Floor
New York, NY 10022
Attn.: Jennifer Donovan
(212) 446-4018
jdonovan@dkpartners.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By: Midtown Acquisitions L.P., its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By: _____AVRAM E FRIEDMAN_____          Date: _____June 5, 2020_____
         68BFAEC5AD054EA...
Name: _____
Title: _____Manager_____

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## Schedule 1

| ISIN/CUSIP | POC | Allowed Claim Amount | Aggregate Allowed Claim Amount |
|---|---|---|---|
| XS0358446275 | 40356 | $100,087.76 | $100,087.76 |

KL2 3168602.1

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Deutsche Bank AG, London Branch** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in Schedule 1 hereto, in Seller's right, title and interest in and to the Proof of Claim Numbers set forth in Schedule 1 filed by or on behalf of Seller (copies of which are attached at Schedule 4 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc. ("LBHI"), as guarantor of the Purchased Securities (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's rights, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities[1] (any such securities, the "Purchased Securities") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) neither Seller or any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) on or around the dates set forth in Schedule 2, Seller received  the distributions in the amounts set forth in Schedule 2 relating to the Transferred Claims; (h) on or about the dates set forth in Schedule 3, the Seller received the distributions in the amounts set forth in Schedule 3[2]made by Lehman Brothers Treasury Co. B.V. ("LBT"), with respect to the securities relating to the Transferred Claims; and (i) other than the distributions set out in Schedule 2 and Schedule 3, Seller has not received any distributions in respect of the Transferred Claims or the Purchased Securities.

---

[1] On or around April 1, 2019, the original purchased securities set forth in this agreement were exchanged for ISIN XS1932636159 pursuant to the Partial Wind-Down of LBT, as further described in the Information Notice on the Partial Wind-Down, dated as of January 24, 2019, and the Solicitation Memorandum, dated as of January 24, 2019.
[2] Distributions received from LBT on or before April 1, 2019 were based off the LBT acknowledged amount, in its original currency, for each of the original purchased securities.

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after the trade date of March 04, 2016 in respect of the Transferred Claims and Purchased Securities to Purchaser (including, for the avoidance of doubt, any distributions received by the Seller on or after the trade date of March 04, 2016, including, without limitation, the distributions made by the Debtor on or around March 31, 2016,  June 16, 2016, October 06, 2016, April 06, 2017, October 05, 2017, December 07, 2017, April 05, 2018, October 04, 2018, April 04, 2019, July 18, 2019, October 03, 2019 and April 02, 2020 and by LBT on or around April 28, 2016, July 14, 2016, November 29, 2016, May 04, 2017, October 23, 2017, January 16, 2018, May 02, 2018, October 23, 2018, May 02, 2019, July 30, 2019, October 08, 2019 and April 07, 2020).  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

    IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __5th__ day of ___June___ 2020.

**DEUTSCHE BANK AG, LONDON BRANCH**

By:_____
Name:
Title:

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

**BKM HOLDINGS (CAYMAN) LTD.**
By: Midtown Acquisitions L.P., its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By:_____
Name:
Title:

Address:
Davidson Kempner Capital Management,
520 Madison Avenue, 30th Floor,
New York, NY 10022

Tel: 212 446 4018
Fax: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

**DB Ref: 18108(21(a))**                    Confidential

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

   IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___5th___ day of ___June___ 2020.

**DEUTSCHE BANK AG, LONDON BRANCH**

By:_____
Name:
Title:

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

**BKM HOLDINGS (CAYMAN) LTD.**
By: Midtown Acquisitions L.P., its sole shareholder
By: Midtown Acquisitions GP LLC, its general partner

By:_____
Name: AVRAM Z FRIEDMAN
Title: Manager

Address:
Davidson Kempner Capital Management,
520 Madison Avenue, 30th Floor,
New York, NY 10022

Tel: 212 446 4018
Fax: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

**DB Ref: 18108(21(a))**       Confidential

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

Schedule 1

Transferred Claims

Lehman Programs Securities and Purchased Portion to which Transfer Relates

| ISIN / CUSIP3 | Blocking Number | Issuer | Guarantor | Principal / Notional Amount4 | ISIN CCY | POC # | USD Allowed Amount |
|---|---|---|---|---|---|---|---|
| XS0358446275 | CA27931 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 100,000.00 | USD | 40356 | $100,087.76 |

---

3 On or around April 1, 2019, the original purchased securities set forth in this column were exchanged for ISIN XS1932636159 pursuant to the Partial Wind-Down of LBT, as further described in the Information Notice on the Partial Wind-Down, dated as of January 24, 2019, and the Solicitation Memorandum, dated as of January 24, 2019.

4 Amount expressed in the quantity and denomination of currency of the security prior to its exchange.

Confidential

**DB Ref: 18108(21(a))**

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

Schedule 2

LBHI DISTRIBUTIONS

| ISIN / CUSIP[5] | POC # | USD Allowed Amount | 4-Apr-13 | 3-Oct-13 | 3-Apr-14 | 2-Oct-14 | 2-Apr-15 | 1-Oct-15 | 31-Mar-16 | 16-Jun-16 | 6-Oct-16 | 6-Apr-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0358446275 | 40356 | $100,087.76 | $3,079.01 | $3,650.51 | $3,965.31 | $2,975.96 | $2,030.91 | $1,549.01 | $429.85 | $640.11 | $1,125.37 | $857.12 |

| ISIN / CUSIP | POC # | USD Allowed Amount | 5-Oct-17 | 7-Dec-17 | 5-Apr-18 | 4-Oct-18 | 04-Apr-19 | 18-Jul-19 | 03-Oct-19 | 02-Apr-20 |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0358446275 | 40356 | $100,087.76 | $548.32 | $780.32 | $314.92 | $486.81 | $89.33 | $198.24 | $140.48 | $41.34 |

[5] On or around April 1, 2019, the original purchased securities set forth in this column were exchanged for ISIN XS1932636159 pursuant to the Partial Wind-Down of LBT, as further described in the Information Notice on the Partial Wind-Down, dated as of January 24, 2019, and the Solicitation Memorandum, dated as of January 24, 2019.

**DB Ref: 18I08t21(a))**

Confidential

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

Schedule 3

LBT DISTRIBUTIONS

| ISIN[6] | ISIN CCY | Principal / Notional Amount | 8-May-13 | 24-Oct-13 | 28-Apr-14 | 28-Oct-14 | 28-Apr-15 | 29-Oct-15 | 28-Apr-16 | 14-Jul-16 | 29-Nov-16 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0358446275 | USD | 100,000.00 | 12,254.55 | 4,987.10 | 5,399.70 | 4,135.50 | 2,784.60 | 2,141.70 | 598.40 | 875.33 | 1,545.12 |

| ISIN | ISIN CCY | Principal / Notional Amount | 4-May-17 | 23-Oct-17 | 16-Jan-18 | 2-May-18 | 23-Oct-18 | 2-May-19 | 30-Jul-19 | 08-Oct-19 | 07-Apr-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0358446275 | USD | 100,000.00 | 1,173.00 | 750.49 | 1,067.57 | 410.88 | 664.01 | 40.61 | 271.01 | 222.88 | 50.66 |

[6] On or around April 1, 2019, the original purchased securities set forth in this column were exchanged for ISIN XS1932636159 pursuant to the Partial Wind-Down of LBT, as further described in the Information Notice on the Partial Wind-Down, dated as of January 24, 2019, and the Solicitation Memorandum, dated as of January 24, 2019.

Confidential

**DB Ref: 18I08I21(a)**

*PARTIAL Transfer of LBHI Claim # 40356*

*PROGRAM SECURITY*

Schedule 4

PROOF OF CLAIM

Confidential

**DB Ref: 18I08(21(a))**