**Objection Deadline: July 2, 2020 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time: July 14, 2020 at 10:00 a.m. (Eastern Time)**

**REED SMITH LLP**
10 S. Wacker Dr., Suite 4000
Chicago, IL  60606
Telephone: (312) 207-3928
Facsimile: (312) 207-6400
Michael S. Leib (*pro hac vice*)

355 S Grand Ave # 2900
Los Angeles, CA  90071
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080
Lilit Asadourian (*pro hac vice*)

*Counsel for Wintrust Mortgage, a division of*
*Barrington Bank & Trust Company, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) |
| | ) Case No. 08-13555 (SCC) |
| | ) |
| Debtors. | ) |
| | ) |

**WINTRUST MORTGAGE'S RESPONSE AND OBJECTION TO**
**LEHMAN BROTHERS HOLDING INC.'S MOTION IN AID OF ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS**
**OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

BACKGROUND FACTS ............................................................................................ 3

ARGUMENT .............................................................................................................. 7

I.     THIS COURT HAS NEVER RULED THAT ALLEGED SUCCESSORS CAN BE ORDERED TO MEDIATION IF THEY OBJECT ON THE BASIS THAT THEY ARE NOT SUCCESSORS AND NO PROOF HAS BEEN PROVIDED TO SHOW THEY ARE SUCCESSORS ................................................................................................. 7

II.    BECAUSE LBHI HAS FAILED TO PROVIDE ANY EVIDENCE, LET ALONE MAKE A *PRIMA FACIE* CASE, THAT WINTRUST IS LIABLE AS AHM'S SUCCESSOR, LBHI HAS FAILED TO ESTABLISH A BASIS FOR THIS COURT ORDERING WINTRUST TO PARTICIPATE IN A MEDIATION ................................ 8

III.   TO THE EXTENT THE COURT DOES ENTER AN ADR ORDER AS TO WINTRUST AS ALLEGED SUCCESSOR TO AHM, IT SHOULD MODIFY THE PROPOSED ORDER REQUESTED BY LBHI ............................................................. 13

RESERVATION OF RIGHTS ................................................................................... 14

CONCLUSION .......................................................................................................... 14

Wintrust Mortgage, a division of Barrington Bank & Trust Company, N.A. ("Wintrust"), respectfully submits this Response and Objection (the "Objection") to Lehman Brothers Holding Inc.'s ("LBHI") Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") (Dkt. # 60632). In support of its Objection, Wintrust states as follows:

## INTRODUCTION

LBHI seeks to have this Court enter an order requiring Wintrust, as alleged successor to American Homestead Mortgage LLC ("AHM"), to mediate LBHI's indemnification claims against AHM at LBHI's request because LBHI claims it believes Wintrust "may be" AHM's successor. LBHI provides no evidence to support this belief; it merely states, without providing any proof (*i.e.*, a declaration), that it has learned that, in 2017, "Wintrust completed a purchase of AHM's mortgage operations and assumed certain of AHM's liabilities." Of course, LBHI fails to identify what those "certain liabilities" are. Nor does LBHI disclose to the Court that, over a year before LBHI filed the Motion, Wintrust provided LBHI with portions of the asset purchase agreement between Wintrust and AHM, which show that LBHI's alleged indemnification claims against AHM are "excluded liabilities," meaning that they stayed with AHM. LBHI never responded to the evidence Wintrust provided that Wintrust is not AHM's successor, nor, contrary to LBHI's claims in the Motion, did LBHI ever request that Wintrust mediate the AHM claims. Instead, after a year of silence, without warning, LBHI filed this Motion.

Having a "belief" that "there will be substantial evidence that" Wintrust "is liable for [any AHM] contractual indemnification obligations" is not the same as having evidentiary support, or even a factual basis for believing there will be evidentiary support, for such a belief. LBHI does not (and cannot) allege continuity of ownership between Wintrust and AHM, that there is the same management and shareholders, or that Wintrust received less than reasonable value or intended to

hinder, delay or defraud creditors. Indeed, given the evidence Wintrust presented to LBHI, and given LBHI's failure to provide any evidence to the contrary (or even disclose to the Court that Wintrust provided such evidence), it is doubtful LBHI could file an adversary proceeding against Wintrust and still meet its obligations under Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11.

This Court has previously found that it has jurisdiction to order an entity that sold loans to LBHI or its affiliate into pre-suit mediation at LBHI's request. While Wintrust disagrees with that ruling, it will not re-litigate that issue. But a Court certainly does not have jurisdiction to order an entity to pre-suit mediation based on a debtor's claimed belief that the entity is a successor with no evidence presented supporting the claimed belief. That is especially the case here, where LBHI admits that it "cannot conclusively determine the existence of successor liability prior to the ADR process or the initiation of litigation" and that it has only "discovered indicia giving rise to reasonable grounds to assert that certain Successors *may be* legally responsible for the liability of *certain* Sellers." (Mot., at 8 (emphasis added).) To order pre-suit mediation in such a circumstance would force Wintrust to spend time and money on a mediation process when LBHI does not have a basis for filing a complaint against Wintrust alleging it is AHM's successor.

LBHI's Motion tries to make it seem the order it is requesting would follow the Court's prior precedence in ordering entities alleged to be successors-in-interest to mediate. To the best of Wintrust's knowledge, however, this Court has never ordered an entity to mediate where, (i) there was no adversary proceeding filed against it, and (ii) the entity objected to LBHI's ADR Motion on the basis that LBHI was improperly claiming successor liability. Indeed, while the Court previously ordered those alleged successors who did not file objections to mediate at LBHI's request, as to those alleged successors that did object, LBHI voluntarily withdraw its request for

an order requiring the objectors to mediate. As such, the Court has never ruled on the issues raised in this Objection.

Given that LBHI has not filed an adversary proceeding against Wintrust, as successor to AHM, and given that LBHI has provided no evidence that Wintrust actually is AHM's successor, this Court should deny LBHI's Motion in full.

## **BACKGROUND FACTS**

1.      On May 29, 2014, LBHI filed its Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2014 ADR Motion"). (Dkt. # 44450.) The 2014 ADR Motion claimed that, because of LBHI's settlement with Fannie Mae and Freddie Mac, LBHI had the right to assert indemnification claims against certain entities that sold mortgages to LBHI or its affiliates. (*Id*. at 2.) LBHI sought an order from the Court allowing it to require that these sellers mediate with LBHI. (*Id*.)

2.      LBHI did not serve AHM with the 2014 ADR Motion. (Dkt. # 44559.) LBHI, however, did serve the 2014 ADR Motion on SGB Corp., a company which, by that time, had merged with Wintrust ("SGB Corp."). (*Id*. at 95.)

3.      On July 18, 2014, the Court entered an order granting the 2014 ADR Motion and approving the various ADR procedure (the "2014 ADR Order"). (Dkt. # 45277.) Because LBHI did not serve AHM with the 2014 ADR Motion, the 2014 Order did not bind AHM.

4.      On October 22, 2015, LBHI filed a Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2015 Motion in Aid"). (Dkt. # 51241.) The 2015 Motion in Aid sought an order binding certain entities to the 2014 ADR Order on the basis that LBHI believed that these entities "may be" successors to various loan sellers who had been served with the 2014 ADR Motion.

- 3 -

5.      A number of these alleged successors filed Objections with the Court (the "2015 Objectors"), in part on the basis that, (i) the Court did not have jurisdiction to order alleged successors to mediate; and (ii) LBHI had not provided any evidence that these entities were actually successors.  (Dkt. ## 51459 (Cherry Creek Mortgage Company, Inc.), 51462 (Freedom Mortgage Corporation), 51464 (Gateway Funding Diversified Mortgage Services, L.P., First Mortgage Corporation, Bank of Commerce Mortgage, Apex Home Loans, Inc., Hartland Mortgage Centers, Inc., and Pacor Mortgage Corporation).)

6.      On December 1, 2015, the Court granted the 2015 Motion in Aid as to the non-objectors and entered an Order that bound certain alleged successors to the 2014 ADR Order (the "2015 Order in Aid").  (Dkt. # 51575.)  The 2015 Order in Aid, however, expressly stated that it did not apply to the 2015 Objectors, and the Court set a hearing "solely with respect to the objectors." (*Id*. at 2 and Ex. A.)

7.      Subsequently, as LBHI admits in its Motion, LBHI withdrew its 2015 Motion in Aid with respect to 2015 Objectors.  (Dkt. ## 53495, 53499, 53570, 54995, 55022, 55057, 55058; Mot. at 5 n.2.)  As such, the Court never ruled on the objections filed by the 2015 Objectors, nor did it bind the 2015 Objectors to the 2014 ADR Order.

8.      In 2015, LBHI served Wintrust, as successor to SGB Corp., with an ADR package in relation to the Fannie Mae and Freddie Mac settlement.  The parties mediated unsuccessfully. On February 3, 2016, LBHI filed a Complaint against SGB Corp., among others.

9.      On October 1, 2018, LBHI filed another Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2018 ADR Motion").  (Dkt. # 58858.)  Through the 2018 ADR Motion, LBHI sought an order extending the 2014 ADR Order to cover claims related to LBHI's settlement with certain RMBS

Trustees.  (*Id*. at 4.)

10.    LBHI claims it attempted to serve AHM (but not Wintrust, as alleged successor to AHM) with the 2018 ADR Motion.  (Dkt. # 58876 at 19.)  According to LBHI's proof of service, however, LBHI sent the 2018 ADR Motion to an old AHM address.  (Decl. of C. Stuyvesant ¶ 8.) Wintrust is not aware of ever having received the package with the 2018 ADR Motion LBHI claims to have sent to AHM.  (*Id*.)  LBHI did serve the 2018 ADR Motion on Wintrust, but as the successor to SGB Corp.  (Dkt. # 58876 at 12, 75.)

11.    On October 23, 2018, SGB filed a Limited Objection and Reservation of Rights to the 2018 ADR Motion.  (Dkt # 58955).  Other entities filed Objections, as well.

12.    On November 14, 2018, the Court entered an amended ADR Order, but expressly stated that the Order did not apply to the entities filing Objections (the "2018 ADR Order").  (Dkt. # 59085 at 11.)  Although Wintrust is not aware that AHM served an Objection, because LBHI sent the 2018 ADR Motion to the wrong address, it is doubtful that the 2018 ADR Order applies to AHM.

13.    On January 14, 2019, the Court entered a different ADR Order with respect to certain of the entities that filed Objections (the "2019 ADR Order").  (Dkt. # 59387.)  Wintrust, as successor to SGB Corp., was not among those entities to which the 2019 ADR Order applied and, indeed, LBHI has never sought to have either the 2018 ADR Order or the 2019 ADR Order applied to Wintrust.  (*Id*. at 1 and Schedule B.)

14.    Around this time, LBHI filed complaints and amended complaints against various entities, including SGB Corp., related to the RMBS claims.  Wintrust, however, is not aware of LBHI having sued AHM for any indemnification claims related to LBHI's settlements with Fannie Mae, Freddie Mac, and the RMBS Trustees.  (Decl. of C. Stuyvesant ¶ 9.)

15.     On April 4, 2019, John Baker of LBHI sent an email to Wintrust's in-house counsel, Cindy Stuyvesant, stating that he had "recently learned that Wintrust acquired American Homestead Mortgage," and that LBHI would like to include claims related to AHM in the ongoing settlement discussions in which LBHI and Wintrust were engaged.  (Decl. of C. Stuyvesant ¶ 2, which is being filed contemporaneously with this Objection.)  Mr. Baker attached a demand letter from LBHI addressed to "Wintrust Mortgage Corporation as successor to American Homestead Mortgage LLC."  (*Id*.)

16.     Later that same day, Ms. Stuyvesant emailed Mr. Baker letting him know that, "unlike SGB, which Wintrust acquired in whole via a stock purchase transaction, Wintrust merely acquired certain assets of [AHM]."  (Stuyvesant Decl. ¶ 3)  Ms. Stuyvesant informed Mr. Baker that "Wintrust Mortgage did not assume any liability for any loans originated and sold by AHM prior to [Wintrust's] acquisition of those certain assets," and stated that it is Wintrust's position that it "is not legally responsible for any of AHM's obligations with respect to" the loans identified in LBHI's April 4, 2019 demand letter.  (*Id*.)

17.     Shortly thereafter, Mr. Baker emailed Ms. Stuyvesant requesting that Ms. Stuyvesant share with him any asset purchase agreement that governed Wintrust's purchase of certain AHM assets.  (Stuyvesant Decl. ¶ 4.)

18.     On April 8, 2019, Ms. Stuyvesant shared the relevant parts of the asset purchase agreement, "specifically the assets purchased/excluded and the liabilities assumed/excluded."  (*Id*. ¶ 5.)

19.     The next day, April 9, 2019, Mr. Baker requested that Ms. Stuyvesant send him a certain schedule in the asset purchase agreement that identified "Miscellaneous Contracts." (Stuyvesant Decl. ¶ 6.)  Later that day, Ms. Stuyvesant responded that she was out of the office

until April 22, 2019, but that the schedule Mr. Baker asked about had "a single software license agreement with AMOZ Group." (*Id.*)

20.    Neither Mr. Baker nor anyone else representing LBHI ever responded to Ms. Stuyvesant's April 9, 2019 email.  Nor has Mr. Baker or anyone else representing LBHI ever requested that Wintrust mediate as successor to AHM.

21.    Instead, thirteen months later, on May 12, 2020, without warning, LBHI filed the present Motion, which tries to create an image of the alleged successors as being uncooperative by refusing to participate in ADR "notwithstanding the terms of the ADR Order and the prior 2015 Order in Aid of ADR." (Mot. at 9.)  Nowhere in the Motion does LBHI disclose that Wintrust was cooperative by providing LBHI with evidence that Wintrust is, in fact, not the successor to AHM.

22.    The only basis asserted in the Motion for LBHI believing that Wintrust is AHM's successor is one sentence:

> Information obtained by LBHI indicates the following: On or about February 15, 2017, Wintrust completed a purchase of AHM's mortgage operations and assumed certain of AHM's liabilities.

(*See* Motion at Exhibit A, p. A-2.)  LBHI makes no other allegations or references regarding Wintrust, AHM, or Wintrust being a successor to AHM.  Nor does LBHI address, or even disclose to the Court, the evidence Wintrust provided to LBHI showing that Wintrust is not, in fact, AHM's successor.

## ARGUMENT

**I.    THIS COURT HAS NEVER RULED THAT ALLEGED SUCCESSORS CAN BE ORDERED TO MEDIATION IF THEY OBJECT ON THE BASIS THAT THEY ARE NOT SUCCESSORS AND NO PROOF HAS BEEN PROVIDED TO SHOW THEY ARE SUCCESSORS**

Through this Motion, LBHI seeks to have Wintrust bound by either the 2018 ADR Order or the 2019 ADR Order (the Motion is unclear as to which Order LBHI claims applies).  It argues

that "[t]he Court has previously granted a similar motion to this one," referring to the 2015 Order

in Aid, where the Court did order certain alleged successors to sellers against whom the 2014 ADR

Order applied to mediate if requested by LBHI.  (Mot., at 3.)  As shown in the fact section above,

however, the Court only entered the 2015 Order in Aid as to entities that did not object.  Indeed,

the 2015 Order in Aid expressly stated that it did not apply to the 2015 Objectors.  (Dkt. # 51575,

at 2, and Ex. A.)  Moreover, as LBHI admits in its Motion, LBHI withdrew its 2015 Motion in Aid

with respect to the 2015 Objectors.  (Dkt. ## 53495, 53499, 53570, 54995, 55022, 55057, 55058;

Mot., at 5 n.2.)  As such, the Court never ruled on the objections filed by the 2015 Objectors, nor

did it bind these entities to the 2014 ADR Order.  More importantly, the Court never ruled that it

could, or that it should, order entities to mediate that deny they are successors and object to being

required to mediate.  For the reasons stated below, with regard to Wintrust, as alleged successor to

AHM, the Court should not order mediation.

## II.    BECAUSE LBHI HAS FAILED TO PROVIDE ANY EVIDENCE, LET ALONE MAKE A *PRIMA FACIE* CASE, THAT WINTRUST IS LIABLE AS AHM'S SUCCESSOR, LBHI HAS FAILED TO ESTABLISH A BASIS FOR THIS COURT ORDERING WINTRUST TO PARTICIPATE IN A MEDIATION

Wintrust does not believe the Court has jurisdiction to order a third party to mediate that

has not been found to be a successor, and on which no evidence has been presented indicating that

it is a successor.  Indeed, whereas the Court previously found that there was jurisdiction to order

pre-suit mediation as to sellers in privity with LBHI or its affiliates, LBHI has presented no

statutory authority or case law for the proposition that the Court can order a third-party that LBHI

merely alleges "may be" a successor, but provides no evidence supporting that belief, into pre-

case mediation.  Nothing LBHI cites in the Plan allows for that either.

But even if the Court finds it has jurisdiction, given that LBHI has not provided any basis for believing Wintrust is a successor to AHM, the Court should not extend any of the ADR Orders to Wintrust, as alleged successor to AHM.[1]

In the Motion, LBHI fails to set forth any facts that would demonstrate that Wintrust is the successor to AHM.  In general, LBHI asserts vague allegations as to all 23 entities against whom it has brought the Motion.  Specifically, LBHI claims:

- Each "*may be* liable to LBHI" as a successor.  (Mot. at 5 (emphasis added).)

- "LBHI has discovered the [sic] *many of the Sellers* of the mortgage loans underlying the RMBS Claims had effectively transferred their businesses to another entity through a stock sale, a sale of substantially all of their assets to a third-party, reorganizing as a different corporate entity while continuing the normal business operations and the name, a third-party alter ego continuing the Seller's business operations, *and the like*."  (Mot. at 7-8 (emphasis added).)

- "Although LBHI *cannot conclusively determine the existence of successor liability*" against any of the 23 entities, "it has . . . discovered *indicia* giving rise to *reasonable grounds to assert* that certain Successors *may be* legally responsible for the liability of certain Sellers."  (Mot. at 23 (emphasis added).)

- "LBHI *believes that there will be* substantial evidence," not that there is substantial evidence, "that each of the Successors on Exhibit A is liable for the contractual indemnification obligations of a Seller."  (Mot. at 10 (emphasis added).)

In other words, LBHI lumps all 23 entities together and argues that one or more indicia of successor liability may or may not apply to any particular entity, including numerous qualifications.  To say that the Motion is low on specifics is a gross understatement.

As to Wintrust, the only factual allegation LBHI asserts is:

---

[1] AHM is actually not subject to any ADR Order.  As shown in the fact section, LBHI served the 2018 ADR Motion on AHM at the wrong address and there is no evidence the package with the 2018 ADR Motion was ever received.  (Decl. of C. Stuyvesant ¶ 8.)  Because due and proper notice was not given to AHM, neither the 2018 ADR Order or the 2019 ADR Order can apply to AHM.  As such, even if found to be a successor of AHM, there is no Order that applies to AHM to which the Court can extend to Wintrust.

> Information obtained by LBHI indicates the following: On or about February 15,
> 2017, Wintrust competed a purchase of AHM's mortgage operations and assumed
> certain of AHM's liabilities.

(*See* Mot. at Exhibit A, p. A-2). But what were the terms of Wintrust's allege "purchase of

AHM's mortgage operations"? And what AHM liabilities did Wintrust assume? What is

LBHI's basis for believing that, in Wintrust's particular case, it actually is AHM's successor?

LBHI not only fails to answer these important questions, but it does not even support its

conclusory allegation with a declaration. *See* Fitzgerald, Gonzalez, & Walrath, *Bankruptcy,*

*National ed.: The Rutter Group Practice Guide*, ¶¶ 19:40 ("all motions involving factual issues

must include a declaration proving the facts in issue by admissible evidence.").

What is particularly troublesome about the lack of factual allegations is that LBHI

actually knows the answer to these questions but fails to disclose them to the Court. As

described in the fact section, in April 2019, LBHI reached out to Wintrust claiming that it had

learned that Wintrust had "acquired" AHM and was AHM's successor. (Decl. of C. Stuyvesant

¶ 2.) Wintrust, however, responded by informing LBHI that Wintrust had merely acquired

certain of AHM's assets and "did not assume any liability for any loans originated and sold by

AHM prior to [Wintrust's] acquisition of those certain assets." (*Id*. ¶ 3.) At LBHI's request,

Wintrust even provided LBHI with the key provisions in the asset purchase agreement showing

that Wintrust is not AHM's successor as to the loans in question. (*Id*. ¶ 4.) While LBHI argues

that many of the alleged successors have refused to participate in ADR, while "[o]thers asserted

they had no liability for the debts or obligations of the applicable Seller and refused to negotiate

in good faith," (Mot. ¶¶ 14, 22, 25), LBHI never responded to the evidence Wintrust presented

to it, nor did it ever ask Wintrust to engage in mediation. (Decl. of C. Stuyvesant ¶ 7.) Instead

of disclosing to the Court that Wintrust presented it with evidence that Wintrust is not AHM's

successor, that LBHI never responded to such evidence, and that LBHI does not have any evidence to contradict the facts Wintrust disclosed to it, LBHI tries to paint Wintrust as not having acted in good faith and as being "recalcitrant." (Mot. ¶ 15.)  But if anyone is not acting in good faith here, it is LBHI.

Indeed, without taking a position on what state's law applies here, which is key because each state's law on successor liability differs, LBHI admits that, "as a general rule, successors are not liable for the debts and obligations of their predecessors."  (Mot. ¶ 27 (citation omitted).)  It also it argues that there are four exceptions to this rule.  (*Id*.)  LBHI, however, never attempts to show how any of these four exceptions apply to Wintrust.  And, indeed, there is no reason to believe they do.

The first exception LBHI cites is where the purchase agreement expressly or impliedly provides for the assumption of liabilities by the successor.  (Mot. ¶ 29.)  LBHI, however, fails to inform the Court that it has a copy of the key provisions of the Wintrust/AHM asset purchase agreement and those provisions expressly provides that Wintrust has no liability for the claims related to the loans at issue in this case.  (Decl. of C. Stuyvesant ¶ 5.)

The second exception LBHI cites is "*de facto* merger." (Mot. ¶ 34.)  For this exception, LBHI argues that "[t]he key factor is the continuity of ownership between the parties."  (*Id*. (citation omitted).)  But not only is there no evidence presented that there is a continuity of ownership between AHM and Wintrust, LBHI knows, based on having seen the key provisions of the asset purchase agreement that, in fact, there is no continuity of ownership.

The third exception LBHI cites is "mere continuation."  (Mot. ¶ 35.)  LBHI claims this exception "applies when the corporation merely changes its corporate form, but otherwise continues operations with the same management and shareholders."  (*Id*.)  Again, however,

- 11 -

LBHI cites to no evidence supporting that this exception applies to Wintrust's purchase of AHM assets.  Indeed, there is nothing in the provisions of the asset purchase agreement Wintrust provided to LBHI that would lead LBHI to believe that this exception could apply to Wintrust.  LBHI, however, does not disclose to the Court that it has a portion of the asset purchase agreement, nor does it argue how, based on the agreement, this exception could apply.

The fourth exception LBHI cites is actual and constructive fraudulent transfer.  (Mot. ¶¶ 38-42.)  LBHI, however, does not even try to argue that it has facts that lead to a reasonable belief that Wintrust paid less than reasonably equivalent value for AHM's assets at a time when AHM was insolvent or that the purchase rendered AHM insolvent.  (*Id*. ¶ 38.)  Nor does LBHI argue that it has facts that lead to a reasonable inference that the purchase was made "with the intent to hinder, delay or defraud" AHM's creditors."  (*Id*. ¶ 40.)  Indeed, LBHI only argues that it is "likely" many sellers received less than reasonably equivalent value and that "LBHI will be able to establish" actual fraudulent conveyance "where 'badges of fraud' are present," without indicating that any badges of fraud are present with regard to Wintrust.  (*Id*. ¶¶ 39, 41.)

LBHI's argument can be boiled down to the following:  Although LBHI has no proof that Wintrust is the successor to AHM and, indeed, Wintrust provided LBHI with proof that Wintrust is not AHM's successor, because LBHI has a belief that Wintrust may be liable as a successor, the Court should order Wintrust to spend time and money mediating.  Such an order would be a gross overreach.  It is evident based on the Motion and the Declaration of Cindy Stuyvestant, which is being filed contemporaneously with this Objection, that LBHI could not file a complaint against Wintrust as AHM's successor and still meet its obligations under Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11.  And, if it cannot do that, the Court should not give LBHI the unilateral right to force a mediation as to AHM and, thus,

- 12 -

create leverage in favor of LBHI during the parties' ongoing settlement negotiations relating

to SGB (of which Wintrust is the successor). While that certainly would not be the Court's

intention in entering such an order, it would be the effect.

An entity should not be forced to spend time and money on a mediation when there is

no evidence in the record that would lead the Court to believe the entity is a successor. The

Court should deny LBHI's Motion outright.

## III.    TO THE EXTENT THE COURT DOES ENTER AN ADR ORDER AS TO WINTRUST AS ALLEGED SUCCESSOR TO AHM, IT SHOULD MODIFY THE PROPOSED ORDER REQUESTED BY LBHI

Along with its Motion, LBHI submitted a proposed Order in Aid. (Dkt. # 60632-1.) In the

event the Court grants LBHI's Motion, it should modify the proposed order as to Wintrust as

follows:

1.    The Motion refers to the Court's 2018 ADR Order, which the Court entered as to all entities that did not object to the 2018 ADR Motion, and the 2019 ADR Order, which the Court entered as to some entities that objected to the 2018 ADR Motion. Wintrust did not have an opportunity to object to the ADR Motion on behalf of AHM because, (i) AHM was not served at the right AHM address, (ii) at the time, LBHI had not alleged that Wintrust is AHM's successor, and (iii) Wintrust does not believe it to be AHM's successor. But if required to respond on AHM's behalf, Wintrust would have objected, which can be seen by the fact that it did object in its capacity as successor to SGB Corp. Thus, the Court should use the 2019 ADR Order that it applied to certain objectors as the starting point for any order as to Wintrust.

2.    Because there is no evidence that Wintrust is AHM's successor and, indeed, Wintrust presented LBHI with evidence that Wintrust is not AHM's successor, Paragraph 17 of the 2019 ADR Order should be amended to required LBHI to pay for 100% of the mediator's fees. Requiring an entity against whom there is no evidence to indicate it may be liable to LBHI as a successor to pay for mediator fees would violate fundamental notions of fairness.

3.    LBHI should be ordered to provide a list of the "Big Four" loans at issue with regard to AHM, along with all known loan numbers, so that the parties know the true amount at issue and not the inflated amount contained in LBHI's demand.

4.    LBHI should be ordered to provide Wintrust with all evidence it has that Wintrust is AHM's successor so that a mediation would be meaningful.

5.    Given the COVID-19 pandemic, Paragraphs 10(d) and 10(f) of the 2019 ADR Order should be amended to provide that any mediation will take place via remote

- 13 -

means (as opposed to in New York) and that no one is required to appear live at the mediation.

## RESERVATION OF RIGHTS

Wintrust hereby reserve all rights to supplement this Objection with any other arguments or facts prior to a hearing on the Motion.  Furthermore, nothing in this Objection shall be considered a waiver of making, or joining, any argument at a hearing on the Motion.

## CONCLUSION

For the foregoing reasons, Wintrust requests that the Court deny the relief requested in the Motion, and grant such other and further relief as is just and proper.

Dated: July 2, 2020                    Respectfully submitted,

                                       REED SMITH LLP

                                       */s/* Michael S. Leib
                                       Michael S. Leib (*pro hac vice*)
                                       10 S. Wacker Drive, Suite 4000
                                       Chicago, IL  60606-7507
                                       Telephone:  (312) 207-1000
                                       Facsimile:  (312) 207-6400

                                       Lilit Asadourian (*pro hac vice*)
                                       355 S Grand Ave # 2900
                                       Los Angeles, CA  90071
                                       Telephone:  (213) 457-8000
                                       Facsimile:  (213) 457-8080

                                       *Counsel for Wintrust Mortgage, a division of Barrington Bank & Trust Company, N.A.*

- 14 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the (i) **RESPONSE AND OBJECTION TO LEHMAN BROTHERS HOLDING INC.'S MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS** and (ii) **DECLARATION OF CINDY STUYVESANT IN SUPPORT OF RESPONSE AND OBJECTION TO LEHMAN BROTHERS HOLDING INC.'S MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS** was sent to all parties on ECF notice by electronic delivery by the clerk of the Bankruptcy Court on or about the time this notice was electronically filed on July 2, 2020.

/s/ Michael S. Leib
Michael S. Leib (*pro hac vice*)
REED SMITH LLP
10 S. Wacker Drive, Suite 4000
Chicago, IL  60606-7507
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400