**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>           Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

**BAY EQUITY, LLC'S OBJECTION AND RESPONSE TO LEHMAN BROTHERS HOLDINGS, INC.'S MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE SELLERS**

Bay Equity, LLC ("Bay Equity") submits this Response and Objection to Lehman Brothers Holdings, Inc.'s ("LBHI") Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") (Dkt. #60632).

**I.    Introduction**

LBHI seeks to have this Court enter an order requiring Bay Equity, an alleged successor in interest to West Valley Enterprises, Inc. ("West Valley"), to participate in an ADR procedure established by an order of the Court related to indemnification claims against parties that signed contracts with LBHI's predecessors and sold and brokered loans to LBHI's predecessors. LBHI is not seeking to compel participation of Bay Equity based on any claim that it sold or brokered loans to LBHI's predecessors. LBHI's request is based on an unsupported paragraph of an

1

allegation that an employee of West Valley from sometime prior to Lehman filing bankruptcy is now an employee of Bay Equity.  Such a vague and unsupported claim of a connection between two entities is not sufficient to impose jurisdiction over a non-party to the litigation and a company that had no contractual relationship with LBHI.  In submitting this opposition, Bay Equity in no way submits to the jurisdiction of this Court to compel ADR against it, reserves all rights to supplement this Objection and is only specially appearing to object.

**II.     Background Facts**

Bay Equity joins in most of the factual recitations and conclusions raised in Wintrust Mortgage's Response and Objection filed on July 2, 2020, Dkt #60704.  Wintrust's posture is slightly different than Bay Equity's with regard to prior involvement of alleged successors in this litigation. So, not all of the recitations in its motion are relevant to Bay Equity. However, Bay Equity will state the relevant facts:

1. On May 29, 2014, LBHI filed its Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2014 ADR Motion"). (Dkt. # 44450.) The 2014 ADR Motion claimed that, because of LBHI's settlement with Fannie Mae and Freddie Mac, LBHI had the right to assert indemnification claims against certain entities that sold mortgages to LBHI or its affiliates. (Id. at 2.) LBHI sought an order from the Court allowing it to require that these sellers mediate with LBHI. (Id.)

2. LBHI did not serve Bay Equity with the 2014 ADR Motion (Dkt. # 44559).

3. On July 18, 2014, the Court entered an order granting the 2014 ADR Motion and

approving the various ADR procedure (the "2014 ADR Order"). (Dkt. # 45277.) Because LBHI did not serve Bay Equity with the 2014 ADR Motion, the 2014 Order did not bind Bay Equity.

4. A number of these alleged successors filed Objections with the Court (the "2015 Objectors"), in part on the basis that, (i) the Court did not have jurisdiction to order alleged successors to mediate; and (ii) LBHI had not provided any evidence that these entities were actually successors. (Dkt. ## 51459 (Cherry Creek Mortgage Company, Inc.), 51462 (Freedom Mortgage Corporation), 51464 (Gateway Funding Diversified Mortgage Services, L.P., First Mortgage Corporation, Bank of Commerce Mortgage, Apex Home Loans, Inc., Hartland Mortgage Centers, Inc., and Pacor Mortgage Corporation).

5. On December 1, 2015, the Court granted the 2015 Motion in Aid as to the non-objectors and entered an Order that bound certain alleged successors to the 2014 ADR Order (the "2015 Order in Aid"). (Dkt. # 51575.) The 2015 Order in Aid, however, expressly stated that it did not apply to the 2015 Objectors, and the Court set a hearing "solely with respect to the objectors." (Id. at 2 and Ex. A.)

6. Subsequently, as LBHI admits in its Motion, LBHI withdrew its 2015 Motion in Aid with respect to 2015 Objectors. (Dkt. ## 53495, 53499, 53570, 54995, 55022, 55057, 55058; Mot. at 5 n.2.) As such, the Court never ruled on the objections filed by the 2015 Objectors.

7. On October 1, 2018, LBHI filed another Motion for Alternative Dispute Resolution

Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2018 ADR Motion"). (Dkt. # 58858.) Through the 2018 ADR Motion, LBHI sought an order extending the 2014 ADR Order to cover claims related to LBHI's settlement with certain RMBS Trustees. (*Id.* At 4). This motion was also not served on Bay Equity. (Dkt. # 58876).

8. On November 14, 2018, the Court entered an amended ADR Order, but expressly stated that the Order did not apply to the entities filing Objections (the "2018 ADR Order"). (Dkt. # 59085 at 11.) This order also does not apply to Bay Equity, since it was not served on Bay Equity.

9. In or about the beginning of 2019, LBHI filed complaints and amended complaints against various entities related to the RMBS claims. Bay Equity was also not named as a defendant in connection with those claims.

10. The only basis asserted in the motion for LBHI asserting claims related to Bay Equity being the successor in interest to West Valley is:

> Information obtained by LBHI indicates the following: West Valley was dissolved on or about November 3, 2014 and then was reinstated on or about November 2, 2017. The principal is licensed with NMLS at Bay Equity. Bay Equity's address is the same as the registered address for West Valley and the principal's e-mail address with the Washington Secretary of State uses the Bay Equity domain.

(See Motion at Exhibit A, p. A-12). This is the only allegation or reference upon which LBHI seeks to bind Bay Equity to the ADR Order. Additionally, LBHI submits no evidence in support of this statement.

**ARGUMENT**

    **1.**    **Bay Equity Joins In Section 1 of Wintrust's Objection.**

4

Bay Equity joins in Wintrust's objection as to Section 1. (Dkt #60704, page 7-8). None of the previously entered ADR orders have been entered as to Bay Equity. LBHI claims that the Court has previously granted a similar motion to this one. However, the Court never ruled on whether it should be ordering entities to mediate that are alleged successors to entities that sold or brokered loans to LBHI's predecessors. Seeking to make non-parties to litigation mediate disputes for matters those parties were involved in is one thing. Seeking to make non-parties to litigation mediate claims against other non-parties based on unsubstantiated and legally unsupported arguments related to successor liability is another matter altogether. If the Court previously determined that it had the jurisdiction over a Mortgage Seller to order it to participate in an ADR proceeding because that Mortgage Seller was a party to a contract with LBHI's predecessors, that is simply not the case when LBHI asks the Court to extend the order to non-signatories to an agreement with LBHI's predecessors based on an unsupported and inadequate successor liability claim.

### 2. Bay Equity Joins In Section 2 of Wintrust's Objection.

Bay Equity joins in Section 2 of Wintrust's objection generally, as it agrees that LBHI has not provided any evidence or even made a prima facie case that Bay Equity is liable for loans originated by West Valley for the reasons alleged in Wintrust's Objection. As with Wintrust, LBHI made a one paragraph allegation regarding the reasons that it is seeking to have Bay Equity mediate claims related to West Valley. It provides no evidence in support of the allegations and it provides no legal argument that the facts alleged, if they were true, would be sufficient reason to hold Bay Equity liable for losses related to loans originated by West Valley. The lumping in of all 23 parties into one motion with no individual support when each of the

5

recitations in LBHI's Exhibit A seem very different underlines the failure of LBHI to support this argument.

There is not much case law regarding a Court's ability to compel non-parties to litigation to participate in mediation. But a number of Courts have either recognized that they don't have the authority to do so (Booth v. Davis, 2014 U.S. Dist. LEXIS 120553, 2014 WL 4284925, p.9- "Even assuming the court had the authority to require nonparty insurers to appear for mediation, their presence would not appear to serve any practical purpose if their position is that coverage does not exist for plaintiffs' claims. For these reasons, the court denies plaintiffs' motion to compel nonparty insurers to attend mediation.") and refused to do so as to non-parties (Marion County Jail Inmates v. Anderson, 2003 U.S. Dist. LEXIS 18950, 2003 WL 22425020).

A federal Court's jurisdiction is explained by, for example, the All Writs Act. The Act "'provides a tool courts need in cases over which jurisdiction is conferred by some other source.'" Sprint Spectrum LP v. Mills, 283 F.3d 404. 413 (2d Cir. 2002), quoting United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999). The Fifth Circuit "construe[s] the Act narrowly and appl[ies] it only under 'such extraordinary circumstances . . . that indisputably demand such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment.'" Singh v. Duane Morris LLP, 538 F.3d 334, fn 9 (5th Cir. 2008). These cases deal with even limitations regarding the Court's ability to enforce judgments. LBHI is asking the Court to make determinations regarding specious successor liability arguments based on no evidence before an action has even been filed.

LBHI is asking this Court to go further in exercising jurisdiction over non-parties than it has previously. In this case, LBHI is asking the Court to make Bay Equity expend its time, pay

6

its attorneys and pay for a mediator for loans originated by the former corporation of one of its current employees. LBHI states the reason for this extraordinary demand is:

> West Valley was dissolved on or about November 3, 2014 and then was reinstated on or about November 2, 2017. The principal is licensed with NMLS at Bay Equity. Bay Equity's address is the same as the registered address for West Valley and the principal's e-mail address with the Washington Secretary of State uses the Bay Equity domain.

All this demonstrates is that a principal of West Valley is now an employee of Bay Equity. LBHI does not appear to have looked at the NMLS entry for Bay Equity. See Declaration of Joshua A. Rosenthal, Exhibit 1. West Valley is not even a dba of Bay Equity. So, LBHI could not even make an argument that Bay Equity is benefitting from use of the name "West Valley." Based on the fact that West Valley was not even an active corporation for 3 years is a pretty good indication that there has not been any continuation of that business by anyone.

LBHI also did not refer to the NMLS listing for the alleged principal of West Valley, Melissa Solinsky (they didn't even list her name in the motion). It is attached to the declaration of Joshua A. Rosenthal, Exhibit 2. That listing indicates that the principal of West Valley worked with two other mortgage companies in between West Valley and Bay Equity. LBHI has no explanation for why Bay Equity is the party that is now responsible for the loans of its employee when it was the principal of another corporation as opposed to any other company she worked for prior to Bay Equity.

We will not go into a lengthy recitation of what LBHI needs to prove in order to demonstrate that Bay Equity should be responsible for the liabilities of West Valley. But the general rule in California is that where a corporation sells or otherwise transfers all of its assets, the transferee is not liable for the debts and liabilities of the transferor. <u>Freedom Conservancy,</u>

7

Inc. v. Best Buy Co., Inc. (2011) 783 F.Supp.2d 648, 653, citing Schwartz v. McGraw-Edison Co. (1971) 14 Cal.App.3d 767, 780).  California courts recognize only four exceptions to the general rule of non-liability:

>1. When the successor expressly or impliedly assumes the liabilities of the predecessor;
>
>2. When the underlying transaction was a de facto merger of the predecessor;
>
>3. When the purchasing corporation is merely a continuation of the selling corporation; and
>
>4. When the underlying transaction was a fraudulent attempt to escape liabilities.

In this case, LBHI does not allege there was an express or implied assumption of liabilities.  Ordinarily, this is where an analysis of the asset purchase agreement would come in. Franklin v USX Corp. (2001) 87 Cal.App.4th 615, 621-625.  However, there is no asset purchase agreement and LBHI doesn't allege the existence of one.  Based on the above factors, which LBHI does not try to address, there is no continuation of West Valley by Bay Equity.  The undisputed fact that West Valley wasn't an active corporation for three years and that the alleged principal has worked at two different places prior to coming to Bay Equity should preclude LBHI from making this argument at all.

The reason LBHI is seeking to drag Bay Equity into ADR is to create an incentive for a company that has no liability to pay anything to LBHI to make LBHI leave it alone.  The prospect of having to pay $10,000 per side to mediate the claim, pay counsel to review another company's loan files to assess any alleged misrepresentation by that company and to attend the mediation is enough to make many companies just offer the anticipated costs and fees to LBHI

8

through mediation to LBHI instead of going to the mediation and not settling. This is by design and it is an egregious abuse of the ADR process.

### 3. Bay Equity joins in Section 3 of Wintrust's Objection.

Bay Equity joins in Wintrust's Motion to the extent it is seeking a modification of the ADR Order if this Court does compel it to participate in the ADR process. Without any evidence of a valid successor liability claim, it would be patently unfair to compel Bay Equity to pay for the costs of mediating this claim. Thus, any ADR order related to this claim should require LBHI to pay all of the costs of the mediation. Similarly, based on basic fairness and the COVID-19 pandemic, any mediation should be conducted remotely so Bay Equity, based in California, does no have to travel to NY to mediate the matter. Finally, it should be provided with the loan files and damage calculations from LBHI, since it has no information related to LBHI's loan level claims.

### III. Conclusion

For the above stated reasons, Bay Equity respectfully requests that LBHI's Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers should be denied as to Bay Equity for its alleged liability for loans originated by an employee when she was the principal of another corporation over 10 years before she was hired by Bay Equity.

Dated: July 7, 2020

                          Respectfully submitted,

                          */s/      Joshua A. Rosenthal*

                          Joshua A. Rosenthal (CA SBN 190284)

                          HARGRAVE ROSENTHAL
A Professional Corporation
3562 Round Barn Circle, Suite 212
Santa Rosa, CA 95403
Telephone:  (707) 570-2200
Facsimile:   (707) 570-2201

Attorneys for BAY EQUITY, LLC