**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>        Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

**AMERICAN PACIFIC MORTGAGE CORPORATION'S OBJECTION AND RESPONSE TO LEHMAN BROTHERS HOLDINGS, INC.'S MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE SELLERS**

American Pacific Mortgage Corporation ("APMC") submits this Response and Objection to Lehman Brothers Holdings, Inc.'s ("LBHI") Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") (Dkt. #60632).

**I.      Introduction**

LBHI seeks to have this Court enter an order requiring APMC, an alleged successor in interest to All California Mortgage, Inc. ("ACMI"), to participate in an ADR procedure established by an order of the Court related to indemnification claims against parties that signed contracts with LBHI's predecessors and sold and brokered loans to LBHI's predecessors. APMC is already a party to this litigation based on loans it brokered to LBHI's predecessors pursuant to a contract it is a party to as well as loans originated by other companies that LBHI alleges it is successors to.

1

In connection with this motion, LBHI's request is based on an unsupported paragraph of an allegation that ACMI was dissolved in 2015 and now APMC is using a dba "All California Mortgage." Per LBHI, All California Mortgage is currently using a web site that indicates that it is a division of APMC. Such a vague and unsupported claim of a connection between two entities is not sufficient to impose jurisdiction over APMC related to the claims against another loan originator when APMC had no contractual relationship with LBHI related to loans sold to it by other companies. In submitting this opposition, APMC in no way submits to the jurisdiction of this Court to compel ADR against it related to loans originated by another corporation, reserves all rights to supplement this Objection and is only specially appearing to object.

## II.    Background Facts

APMC joins in most of the factual recitations and conclusions raised in Wintrust Mortgage's Response and Objection filed on July 2, 2020, Dkt #60704. Wintrust's posture is slightly different than APMC's with regard to prior involvement of alleged successors in this litigation. So, not all of the recitations in its motion are relevant to APMC. However, APMC will state the relevant facts:

1. On May 29, 2014, LBHI filed its Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2014 ADR Motion"). (Dkt. # 44450.) The 2014 ADR Motion claimed that, because of LBHI's settlement with Fannie Mae and Freddie Mac, LBHI had the right to assert indemnification claims against certain entities that sold mortgages to LBHI or its affiliates. (Id. at 2.) LBHI sought an order from the Court allowing it to require that these sellers mediate with LBHI. (Id.)

2. LBHI did not serve APMC with the 2014 ADR Motion (Dkt. # 44559) related to

loans originated by ACMI.

3. On July 18, 2014, the Court entered an order granting the 2014 ADR Motion and approving the various ADR procedure (the "2014 ADR Order"). (Dkt. # 45277.) Because LBHI did not serve APMC with the 2014 ADR Motion related to the ACMI, the 2014 Order did not bind APMC as to the loans at issue in this motion.

4. A number of these alleged successors filed Objections with the Court (the "2015 Objectors"), in part on the basis that, (i) the Court did not have jurisdiction to order alleged successors to mediate; and (ii) LBHI had not provided any evidence that these entities were actually successors. (Dkt. ## 51459 (Cherry Creek Mortgage Company, Inc.), 51462 (Freedom Mortgage Corporation), 51464 (Gateway Funding Diversified Mortgage Services, L.P., First Mortgage Corporation, Bank of Commerce Mortgage, Apex Home Loans, Inc., Hartland Mortgage Centers, Inc., and Pacor Mortgage Corporation).

5. On December 1, 2015, the Court granted the 2015 Motion in Aid as to the non-objectors and entered an Order that bound certain alleged successors to the 2014 ADR Order (the "2015 Order in Aid"). (Dkt. # 51575.) The 2015 Order in Aid, however, expressly stated that it did not apply to the 2015 Objectors, and the Court set a hearing "solely with respect to the objectors." (Id. at 2 and Ex. A.)

6. Subsequently, as LBHI admits in its Motion, LBHI withdrew its 2015 Motion in Aid with respect to 2015 Objectors. (Dkt. ## 53495, 53499, 53570, 54995, 55022, 55057, 55058;

Mot. at 5 n.2.) As such, the Court never ruled on the objections filed by the 2015 Objectors.

7. On October 1, 2018, LBHI filed another Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "2018 ADR Motion"). (Dkt. # 58858.) Through the 2018 ADR Motion, LBHI sought an order extending the 2014 ADR Order to cover claims related to LBHI's settlement with certain RMBS Trustees. (*Id.* At 4). This motion was also not served on APMC in connection with loans originated by ACMI. (Dkt. # 58876).

8. On November 14, 2018, the Court entered an amended ADR Order, but expressly stated that the Order did not apply to the entities filing Objections (the "2018 ADR Order"). (Dkt. # 59085 at 11.) This order also does not apply to APMC with respect to loans originated by ACMI.

9. In or about the beginning of 2019, LBHI filed complaints and amended complaints against various entities related to the RMBS claims. APMC was also not named as a defendant in connection with those claims related to loans originated by ACMI.

10. The only basis asserted in the motion for LBHI asserting claims related to APMC being the successor in interest to ACMI is:

> Information obtained by LBHI indicates the following: California Secretary of State shows that ACM was first registered in 1992 and was dissolved in 2015. Its website is still active and reflects that it was incorporated in 1992 and is now a division of American Pacific. The company timeline shows that ACM opened its doors in 1992, partnered with American Pacific in 2012 and does not note anything occurring in 2015.

4

(See Motion at Exhibit A, p. A-2). This is the only allegation or reference upon which LBHI seeks to bind APMC to the ADR Order with respect to loans originated by ACMI. Additionally, LBHI submits no evidence in support of this statement.

**ARGUMENT**

    **1.    APMC Joins In Section 1 of Wintrust's Objection.**

APMC joins in Wintrust's objection as to Section 1. (Dkt #60704, page 7-8). None of the previously entered ADR orders have been entered as to APMC with respect to loans originated by ACMI. LBHI claims that the Court has previously granted a similar motion to this one. However, the Court never ruled on whether it should be ordering entities to mediate that are alleged successors to entities that sold or brokered loans to LBHI's predecessors. Seeking to make non-parties to litigation mediate disputes for matters those parties were involved in is one thing. Seeking to make non-parties to litigation mediate claims against other non-parties based on unsubstantiated and legally unsupported arguments related to successor liability is another matter altogether. If the Court previously determined that it had the jurisdiction over a Mortgage Seller to order it to participate in an ADR proceeding because that Mortgage Seller was a party to a contract with LBHI's predecessors, that is simply not the case when LBHI asks the Court to extend the order to non-signatories to an agreement with LBHI's predecessors based on an unsupported and inadequate successor liability claim.

APMC is already a party to this action based on complaints filed against it by LBHI. But that should not be extended any further based on tenuous and unsupported successor liability claims that LBHI felt were so weak that it didn't even lump in with the other weak successor liability claims based on loans originated by Diversified Capital Funding and Santa Cruz Home

Finance that LBHI did sue APMC for. Not only should APMC not have to expend effort in defending these claims, resolution of the existing claims should not be made any more difficult by LBHI lumping more loans into the pot and driving up the settlement number based on loans that APMC has no connection to.

### 2. APMC Joins In Section 2 of Wintrust's Objection.

APMC joins in Section 2 of Wintrust's objection generally, as it agrees that LBHI has not provided any evidence or even made a prima facie case that APMC is liable for loans originated by ACMI for the reasons alleged in Wintrust's Objection. As with Wintrust, LBHI made a one paragraph allegation regarding the reasons that it is seeking to have APMC mediate claims related to ACMI. It provides no evidence in support of the allegations and it provides no legal argument that the facts alleged, if they were true, would be sufficient reason to hold APMC liable for losses related to loans originated by ACMI. The lumping in of all 23 parties into one motion with no individual support when each of the recitations in LBHI's Exhibit A seem very different underlines LBHI's failure to support this argument.

There is not much case law regarding a Court's ability to compel non-parties to litigation to participate in mediation. But a number of Courts have either recognized that they don't have the authority to do so (Booth v. Davis, 2014 U.S. Dist. LEXIS 120553, 2014 WL 4284925, p.9- "Even assuming the court had the authority to require nonparty insurers to appear for mediation, their presence would not appear to serve any practical purpose if their position is that coverage does not exist for plaintiffs' claims. For these reasons, the court denies plaintiffs' motion to compel nonparty insurers to attend mediation.") and refused to do so as to other non-parties to

litigation (Marion County Jail Inmates v. Anderson, 2003 U.S. Dist. LEXIS 18950, 2003 WL 22425020).

A federal Court's jurisdiction is explained by, for example, the All Writs Act. The Act "'provides a tool courts need in cases over which jurisdiction is conferred by some other source.'" Sprint Spectrum LP v. Mills, 283 F.3d 404. 413 (2d Cir. 2002), quoting United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999). The Fifth Circuit "construe[s] the Act narrowly and appl[ies] it only under 'such extraordinary circumstances . . . that indisputably demand such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment.'" Singh v. Duane Morris LLP, 538 F.3d 334, fn 9 (5th Cir. 2008). These cases deal with even limitations regarding the Court's ability to enforce judgments. LBHI is asking the Court to make determinations regarding specious successor liability arguments based on no evidence before an action has even been filed.

This Court already has jurisdiction over APMC because it was already sued by LBHI. However, the jurisdiction issue is still important with respect to compelling APMC to participate in ADR related to claims that LBHI deems so weak – due to the lack of a connection to ACMI and/or the weakness of the loan level claims – that they didn't add the claims to the existing lawsuits against APMC. It also is patently unfair to allow LBHI to make a factually unsupported claim that also does not meet the legal standard to allege successor liability in one paragraph as part of an omnibus motion against 23 parties that would result in the total dollar figure LBHI claims for purposes of settlement going up, making the existing dispute harder to resolve and increases the costs of litigation by requiring APMC to review another company's loan files to refute loan level claims that it had no involvement in at origination.

LBHI is asking this Court to go further in exercising jurisdiction over non-parties than it has previously. In this case, LBHI is asking the Court to make APMC expend its time, pay its attorneys and pay for a mediator for loans originated by another corporation. LBHI states the reason for this extraordinary demand is:

> California Secretary of State shows that ACM was first registered in 1992 and was dissolved in 2015. Its website is still active and reflects that it was incorporated in 1992 and is now a division of American Pacific. The company timeline shows that ACM opened its doors in 1992, partnered with American Pacific in 2012 and does not note anything occurring in 2015.

All this demonstrates is that a corporation (ACMI) that had a contract with an LBHI predecessor has a similar name to a fictitious business name that APMC is using. LBHI plays fast and loose with the facts and with corporate formalities. But ACMI was a corporation and isn't anymore. All California Mortgage is a fictitious business name used by APMC, a different corporation. See Declaration of Joshua A. Rosenthal, Exhibit 1. There are 2 different corporations that have no connection a well as a corporation with a dba of a different name than the corporation that signed the contract with Lehman's predecessor. This does not meet any of the requirements, even if supported, for alleging successor liability.

We will not go into a lengthy recitation of what LBHI needs to prove in order to demonstrate that APMC should be responsible for the liabilities of ACMI. But the general rule in California is that where a corporation sells or otherwise transfers all of its assets, the transferee is not liable for the debts and liabilities of the transferor. Freedom Conservancy, Inc. v. Best Buy Co., Inc. (2011) 783 F.Supp.2d 648, 653, citing Schwartz v. McGraw-Edison Co. (1971) 14 Cal.App.3d 767, 780). California courts recognize only four exceptions to the general rule of non-liability:

1. When the successor expressly or impliedly assumes the liabilities of the predecessor;

2. When the underlying transaction was a de facto merger of the predecessor;

3. When the purchasing corporation is merely a continuation of the selling corporation; and

4. When the underlying transaction was a fraudulent attempt to escape liabilities.

In this case, LBHI does not allege there was an express or implied assumption of liabilities. Ordinarily, this is where an analysis of the asset purchase agreement would come in. Franklin v USX Corp. (2001) 87 Cal.App.4th 615, 621-625. However, there is no asset purchase agreement and LBHI doesn't allege the existence of one. There isn't even an allegation that ACMI was an active corporation and then, without interruption in business or other lender affiliation, that the fictitious business name started being used by APMC (not that that would even meet the above stated successor liability test.) Based on the above factors, which LBHI does not try to address as to APMC, there is no continuation of ACMI by APMC.

The reason LBHI is seeking to drag APMC into ADR with respect to additional claims is to drive up the settlement demand to artificially drive up a settlement amount. APMC having to deal with an additional demand, pay counsel to review another company's loan files to assess any alleged misrepresentation by that company and to address claims at mediation regarding unsupported successor liability theories is not warranted based on the one paragraph explanation in LBHI's Exhibit A. This is by design and it is an egregious abuse of the ADR process.

### 3. APMC joins in Section 3 of Wintrust's Objection.

APMC joins in Wintrust's Motion to the extent it is seeking a modification of the ADR Order if this Court does compel it to participate in the ADR process with respect to ACMI loans.

Without any evidence of a valid successor liability claim, it would be patently unfair to compel APMC to pay for the costs of mediating this claim. Thus, any ADR order related to this claim should require LBHI to pay all of the costs of the mediation related to those claims. Similarly, based on basic fairness and the COVID-19 pandemic, any mediation should be conducted remotely so APMC, based in California, does no have to travel to NY to mediate the matter. Finally, it should be provided with the loan files and damage calculations from LBHI, since it has no information related to LBHI's loan level claims.

### III.   Conclusion

For the above stated reasons, APMC respectfully requests that LBHI's Motion in Aid of Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers should be denied as to APMC for its alleged liability for loans originated another corporation.

Dated: July 7, 2020

                                              Respectfully submitted,

                                              /s/    Joshua A. Rosenthal

                                              Joshua A. Rosenthal (CA SBN 190284)

                                              HARGRAVE ROSENTHAL
                                              A Professional Corporation
                                              3562 Round Barn Circle, Suite 212
                                              Santa Rosa, CA 95403
                                              Telephone:  (707) 570-2200
                                              Facsimile:   (707) 570-2201

                                              Attorneys for Defendant American Pacific
                                              Mortgage Corporation