UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Chapter 11<br>Case No. 08-13555 (SCC) |
| Debtors. | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF GOLDWATER BANK, N.A. TO MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

Goldwater Bank, N.A., as an alleged successor of Community Banks of Colorado ("**Goldwater**"), by and through their undersigned counsel, hereby files its Limited Objection and Reservation of Rights (the "**Limited Objection**") to the Plan Administrator's (the "**Plan Administrator**" or "**LBHI**") Motion in Aid of Alternative Dispute Resolution Procedures Order For Indemnification Claims of The Debtors Against Mortgage Loan Sellers (Docket No. 60632) (the "**Motion**"). In support of the Limited Objection, Goldwater states as follows:

**BACKGROUND**

The Plan Administrator seeks to enforce the Court's ADR Order[1], as defined in the Motion, against numerous entities, identified in Exhibit A, that LBHI believes are successors to parties against whom it holds claims for contractual indemnification. Goldwater is included in Exhibit A as alleged successor to Community Banks of Colorado ("CBC"). The Motion seeks to force Goldwater to mediate LBHI's indemnification claims against Community Banks of Colorado under a protocol applicable to companies that sold loans to LBHI and its affiliates.

---

[1] The ADR Order directs mortgage lenders (the "Sellers") who allegedly sold defective mortgages to LBHI's affiliates and who receive an ADR notice containing supporting information for LBHI's Indemnification Claims and settlement demand (an "ADR Package") to participate, in good faith, in mandatory mediation. The ADR Order provides, *inter alia*, that all such mediations are to be conducted in a confidential manner and that Sellers will waive no defenses they may have by participating in the mediations.

The mediation protocol assumes first-hand or institutional knowledge about the loans subject to the settlement with RMBS Trustees, where alleged successors like Goldwater lack such knowledge. While LBHI acknowledges that it only had a contractual relationship with CBC it seeks to extend to Goldwater the protocol because Goldwater "may be" CBC's successor. According to the Plan Administrator's own admission, it has not determined with any certainty that Goldwater is the successor of CBC. In Exhibit A, the Plan Administrator states:

> Information obtained by LBHI indicates the following: The original entity, CBC, is listed as delinquent by the Colorado Secretary of State. NBH acquired all or some of CBC's assets, and operates CBC as a division of NBH with mortgage lending operations. Alternatively, Goldwater may have continued CBC's mortgage operations, and is currently using the address of CBC as the headquarters for its mortgage lending business. Goldwater also uses Affiliated Financial Group as a trade name in Colorado, which CBC used as a d/b/a when signing the Loan Purchase Agreements.

The motion lumps twenty-three entities together without any specifics about the procedural posture of the dispute with each entity and LBHI's communications with them. The Plan Administrator makes broad brush allegations that purport to put all twenty-three entities in the same position and seeks the same relief against them. In particular, LBHI alleges that many alleged successors have refused to participate in non-binding mediation as provided in the ADR Order without providing any facts supporting this allegation. Without any factual support, LBHI requests that the Court enter an order clarifying, that the alleged successors are bound by the ADR Order.

**LIMITED OBJECTION**

Goldwater acknowledges that mediation may be in the best interests of the Parties and a potential avenue to resolving the dispute. However, LBHI has already brought an adversary proceeding against Goldwater and the parties are already litigating the alleged successor liability.

The adversary proceeding is subject to the Court's General Order M-390 regarding Adoption Of Procedures Governing Mediation Of Matters And The Use Of Early Neutral Evaluation And Mediation/ Voluntary Arbitration In Bankruptcy Cases And Adversary Proceedings. ("Mediation Order" or "General Order M-390"). While LBHI's successor claim against Goldwater has no merit, to the extent the Motion does not seek any specific findings with respect to the status of the alleged successors, Goldwater does not object to mediation. However Goldwater objects to the application of the protocol under the ADR Order and the factual premise of the Motion. First, LBHI's claim that the alleged successors have refused to participate in non-binding mediation is untrue. The Plan Administrator has not approached or even alleged to have approached Goldwater to mediate the dispute. Second, considering the unique issues of successor liability, the application of the standard mediation protocol for mortgage lenders who had a direct contractual relationship with LBHI and its affiliates, is inappropriate.

In order to have a meaningful and productive mediation, the ADR Order needs to be modified to address the alleged successors' right to select a mediator, agree on the most appropriate time and materials necessary to mediate the dispute and to provide for participation in the mediation by remote means in view of the ongoing COVID-19 pandemic. Pursuant to the General Order M-390, the parties in a litigation participate on an equal basis in the mediation and jointly select a mediator. If LBHI is interested in resolution through a productive mediation, there is no reason to deprive the successors that are in active litigation from their procedural rights.

## RESERVATION OF RIGHTS

Goldwater hereby reserve all rights to supplement this Limited Objection with any other arguments or facts prior to a hearing on the Motion, and nothing in this Limited Objection shall be considered a waiver of any rights or defenses.

## CONCLUSION

For the foregoing reasons, Goldwater requests that the Court deny the relief requested in the Motion, and grant such other and further relief as is just and proper.

Dated July 7, 2020

OFFIT KURMAN, P.A.

By: /s/ Albena Petrakov

Ari Karen
Albena Petrakov
Attorneys for Goldwater Bank, N.A.
10 East 40th Street
New York, New York 10016
Telephone: (212) 545-1900
Facsimile: (212) 545-1656