# Exhibit B

# MAYER·BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

February 22, 2019

Jennifer M. Rosa
Direct Tel +1 212 506 2374
Direct Fax +1 212 849 5874
jrosa@mayerbrown.com

**VIA ELECTRONIC MAIL**

Scot M. Osborne
Lehman Brothers Holdings Inc.
Scot.Osborne@lehmanholdings.com

Re:    Lehman Brothers Holdings Inc. Demand for Payment

Dear Mr. Osborne:

We represent Caliber Home Loans, Inc. ("Caliber") and write in response to your letter, dated January 25, 2019 (the "Demand Letter"), demanding payment to Lehman Brothers Holdings Inc. ("LBHI") based on its purported right to indemnification for losses LBHI claims it sustained as a result of alleged breaches of representations and warranties made in connection with certain loans identified in Schedule A to that letter (the "Loans"). Caliber squarely rejects LBHI's demand.

As an initial matter, Caliber is *not* the proper party to whom LBHI should be directing its Demand Letter. As the letter itself demonstrates, there is absolutely no basis for any "demand" to be made upon Caliber. LBHI's claims for indemnification are based on purported breaches by First Priority Financial, Inc. ("First Priority"), and are not based on any actions purportedly taken by Caliber. Caliber did not originate, sell, or otherwise have any involvement with any of the Loans, and did not make any representations and warranties regarding the Loans. Accordingly, Caliber has no responsibility for any alleged breaches by any party relating to the Loans. In fact, Caliber has no information regarding the Loans at all. Caliber is not a party to the Broker Agreements[1] that the Demand Letter seeks to enforce, which agreements were purportedly executed among Lehman Brothers Bank, FSB and First Priority in 2004 and 2005. Caliber does not have copies of those Broker Agreements, nor is it aware of their contents, including the nature of any representations and warranties purportedly made therein by First Priority.

LBHI's letter purports to be directed to Caliber as "successor" to First Priority. While the Demand Letter provides no further information in this regard, LBHI's assertion is incorrect. Caliber is *not* a "successor" to First Priority, as it simply purchased certain assets from First Priority pursuant to an asset purchase agreement in 2016 -- eight years or more after the Loans at

---

[1] Capitalized terms not defined herein have the same meanings ascribed to them in the Demand Letter.

Mayer Brown LLP

Scot M. Osborne
February 22, 2019
Page 2

issue presumably were sold by First Priority.[2] Caliber did not assume the Broker Agreements as part of its transaction with First Priority. Nor did it assume any liabilities of First Priority with respect to the Loans, any representations and warranties relating to the Loans, or any other liabilities relating in any way to the subject matter of the Demand Letter. The law is clear that an asset purchaser is not responsible for the seller's liabilities. A purchaser of assets is responsible for *only* those liabilities that it *expressly agrees* to assume. Because Caliber did not expressly assume any relevant liabilities in its asset purchase agreement with First Priority -- a distinct corporate entity that remains in existence -- it has no obligations to LBHI whatsoever with respect to the Loans, the Broker Agreements, or the subject matter of the Demand Letter, including any purported indemnification obligation.

Finally, even if a plausible argument existed that LBHI's purported claims are properly directed to Caliber -- they are not -- LBHI has not established that any valid indemnification claims exist. Caliber has no knowledge of the Assignment Agreement, purportedly executed between Aurora Bank FSB and LBHI in 2010, which LBHI claims gives rise to its right to seek indemnification here. Caliber is not a party to that agreement. LBHI has provided no information regarding the terms of that Agreement that would provide a basis for its conclusory assertion that it holds indemnification rights arising out of claims relating to purported breaches with respect to the Loans. LBHI also has failed to provide any explanation as to what "claims, losses, damages and/or judgments" it has allegedly suffered relating to the Loans that would give rise to its current claims. The Demand Letter also provides very little information about the Loans themselves or the alleged breaches. Therefore it is impossible (even if the letter were directed to the proper party) to evaluate the validity of LBHI's indemnification claims. LBHI is doing no more than demanding payment based on its own say so.

Regardless of whether LBHI may have valid indemnification rights against any party (which Caliber does not concede), it clearly does not have any such rights against Caliber. Caliber had no involvement with the Loans or the Broker Agreements, has no obligation to LBHI with respect to those Loans or Broker Agreements, has no contractual obligations to LBHI of any sort, whether indemnification of otherwise, and is not a successor to First Priority.[3] Caliber will not agree to pay the Demand Amount and denies that it has any obligation to do so. Caliber is prepared to vigorously contest any claims asserted against it by LBHI.

---

[2] While Caliber has no information on these Loans, it presumes based on the limited information provided in the Demand Letter that the Loans would have been accepted and funded by Lehman Bank in 2008 at the latest, before the Lehman bankruptcy proceedings commenced, and potentially much earlier.

[3] Moreover, LBHI's demand that "Seller indemnify it" as "a result of Seller's breaches of its obligations" is perplexing, as the Demand Letter fails to define the term "Seller," and Caliber has no indemnification obligation to LBHI nor any other contractual obligations to LBHI relating to the Loans or the subject matter of the Demand Letter at all.

Mayer Brown LLP

Scot M. Osborne
February 22, 2019
Page 3

Nothing in this letter should be construed as an admission or a waiver of any rights, remedies, or defenses by Caliber, at law, in equity, or otherwise, all of which are expressly reserved.

Please direct all further communications on this matter to me, rather than to Caliber. I can be reached at (212) 506-2374 or jrosa@mayerbrown.com.

Sincerely,

Jennifer M. Rosa