MAYER BROWN LLP
1221Avenue of the Americas
New York, New York 10020
Jennifer M. Rosa
Robert W. Hamburg

*Counsel for Nonparty Caliber Home Loans, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC) |

**DECLARATION OF CHRISTOPHER BASS IN SUPPORT OF CALIBER HOME LOANS, INC.'S OBJECTION TO MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

737520348.5 30-JUN-20 19:40

Pursuant to 28 U.S.C. § 1746, I, Christopher Bass, hereby declare as follows:

1. I am a Senior Vice President at Caliber Home Loans, Inc. ("Caliber").

2. I make this declaration based on my personal knowledge and expertise as an officer at Caliber.

3. Caliber is a mortgage lender headquartered in Coppell, Texas that was founded in 2013.

4. In September 2014, Caliber entered an agreement to purchase a discrete set of assets from Cobalt Mortgage, Inc. ("Cobalt"). Under the Cobalt asset purchase agreement, Caliber acquired a specifically listed set of Cobalt's assets. The agreement also set forth a specific list of excluded assets. Likewise, under the Cobalt agreement, Caliber acquired an itemized set of Cobalt's liabilities, and Cobalt expressly retained all other liabilities.

5. I understand that the Debtors in the above-captioned case (the "Debtors") purport to have indemnification claims against Cobalt arising from certain mortgage loans that Cobalt sold to the Debtors years before the 2014 asset purchase. Caliber did not assume any liabilities related to mortgage loans that Cobalt sold to Debtors before the 2014 asset purchase.

6. In May 2016, Caliber entered an agreement to purchase a discrete set of assets from First Priority Financial, Inc. ("First Priority"). Under the First Priority asset purchase agreement, Caliber acquired a specifically listed set of First Priority's assets, and only those assets. Likewise, under the First Priority agreement, Caliber acquired an itemized set of First Priority's liabilities, and First Priority expressly retained all other liabilities.

7. I understand that the Debtors purport to have indemnification claims against First Priority arising from certain mortgage loans that First Priority sold to the Debtors years before the 2016 asset purchase. Caliber did not assume any liabilities related to mortgage loans that First Priority sold to Debtors before the 2016 asset purchase.

ii

8. I understand that the Debtors ask the Court in the above-captioned case to order Caliber to participate in a mediation in New York City. Caliber's in-house legal team and employees with knowledge of the Cobalt and First Priority asset purchases reside in Texas, where Caliber is headquartered. To the extent that the mediation proceeds in person, participation would require Caliber employees to travel to New York from Texas. Whether in-person or virtual, preparation for, and participation in, a New York mediation would require Caliber personnel to expend substantial time and resources that they would otherwise dedicate to the conduct of Caliber's business.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2020
By:

*[signature]*

Southlake, Texas

Christopher Bass

iii