Amjad M. Khan
*amjad@bnsklaw.com*
BROWN NERI SMITH & KHAN, LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
F: (310) 593-9980

Attorneys for Defendants
PMAC LENDING SERVICES, INC.
and PMC BANCORP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>                Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (SCC)** |

**DEFENDANTS PMAC LENDING SERVICES, INC. AND PMC BANCORP F/K/A PROFESSIONAL MORTGAGE CORP.'S RESPONSE TO LEHMAN BROTHERS HOLDINGS INC.'S MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORER FOR INDEMNIFICATION CLAIMS OF THE <u>DEBTORS AGAINST MORTGAGE LOAN SELLERS</u>**

Defendants PMAC Lending Services, Inc. ("PMAC") and PMC Bancorp f/k/a Professional Mortgage Corp. ("PMC Bancorp") hereby submit the following response and objection to Lehman Brothers Holdings Inc.'s ("LBHI") motion in aid of alternative dispute resolution procedures order for indemnification claims of the debtors against mortgage loan sellers (the "ADR Motion") (ECF No. 60623).

## OBJECTION/RESPONSE

LBHI filed its ADR Motion to "enforce the Court's ADR Order against numerous entities that LBHI believes are Successors to parties against whom it holds claims for contractual indemnification[.]" (ADR Motion at 8, ¶ 1.) For purposes of this response and objection, LBHI wants an order to force PMC Bancorp to participate as a successor in interest to PMAC in the mediation procedures previously established.

In its ADR Motion, LBHI incorrectly claims—as it relates to PMAC and PMC Bancorp—that "many of these Successors to these additional Sellers who are encompassed by the amended ADR Order have refused to participate in non-binding mediation as provided in the ADR Order, including on the asserted grounds that they are not liable for the relevant Sellers' debts and obligations." (ADR Motion at 9, ¶ 4.)

LBHI did not contact PMAC to see if it would participate in mediation as a purported Successor to PMC Bancorp. (Declaration of Amjad M. Khan ("Khan Decl.") ¶ 2.) While LBHI had previously contacted PMAC to participate in ADR as a Successor to Reliant Mortgage Company, LLC ("Reliant"), LBHI's statement that PMAC has refused to participate in mediation is plainly untrue.

Had LBHI picked up the phone, none of this would be necessary. Had LBHI sent an ADR Notice as required by the Court's prior ADR Orders, none of this would be necessary. Attempting to eliminate the need to waste attorney's fees on a response and hearing for LBHI's ADR Motion, counsel for PMAC and PMC Bancorp sent LBHI a letter, in good faith, indicating that they are willing to mediate this case (without ever conceding Successor status for any entities), requested that LBHI initiate the ADR process, and requested that LBHI withdraw this motion as to PMAC and PMC Bancorp so that they would not need to file this response and objection. (Khan Decl. ¶ 3, Ex. A.)

In reply, counsel for LBHI sent a cursory email asking if PMAC and PMC Bancorp were willing to mediate – something that PMAC and PMC Bancorp had already expressly stated in their correspondence. (Khan Decl. ¶ 4, Ex. B.) But LBHI did not otherwise respond to counsel's letter or indicate whether they would withdraw this ADR Motion as to PMAC and PMC Bancorp.[1]

While PMAC and PMC Bancorp object to any characterization of the parties as "Successors," PMAC and PMC Bancorp believe that this issue of fact is immaterial for the purposes of mediation. LBHI has asserted claims against PMAC individually, PMC Bancorp individually, and PMC Bancorp as a purported successor to PMAC. In any event, LBHI will have to present evidence and argument as to PMC Bancorp's liability individually and PMAC's liability as PMC Bancorp's purported successor.

---

[1] Shortly before the filing of this motion, the parties did further meet and confer and preliminarily agree to participate in mediation, with the details to be worked out further. LBHI offered PMAC and PMC Bancorp additional time to file a response, with the potential that one would not be necessary, but LBHI did not agree to withdraw the motion as to PMAC and PMC Bancorp. (Khan Decl. ¶ 6.)

Since PMAC and PMC Bancorp have voluntarily agreed to participate in mediation, LBHI's ADR Motion is unnecessary and wasteful of judicial and party resources. There is no need for LBHI to maintain this ADR Motion. All they would need to do is send an ADR Notice.

PMAC and PMC Bancorp submit this response and objection to the extent LBHI seeks to establish Successor status of PMAC for PMC's liabilities without any presentation of facts or evidence. As has been made clear to LBHI, PMAC and PMC Bancorp are willing to participate in mediation.

Dated: July 7, 2020
Los Angeles, California

Respectfully submitted,

By: /s/ Amjad M. Khan

BROWN NERI SMITH & KHAN, LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890
amjad@bnsklaw.com

*Attorneys for Defendants*,
PMAC Lending Services, Inc. and PMC Bancorp f/k/a Professional Mortgage Corp.