# EXHIBIT A



June 23, 2020

**<u>Via Email</u>**

Joshua M. Slocum
jslocum@wmd-law.com
Wollmuth Maher & Deutsch LLP
500 Fifth Ave.
New York, NY 10110

      Re:  <u>In re: Lehman Brothers Holdings, Inc., et al.</u> (08-13555-SC) and <u>Lehman Brothers Holdings, Inc. v. PMAC Lending Services, et al.</u> (16-01353 & 18-1842)

Mr. Slocum:

    We write to meet and confer regarding Lehman Brothers Holdings, Inc.'s (LBHI) motion in aid of alternative dispute resolution procedures order for indemnification claims of the debtors against mortgage loan sellers (ECF 60632-1, Docket 08-13555-SC (the "Motion")).

    As indicated in the Motion, LBHI claims that "many Successors to these additional Sellers who are encompassed by the amended ADR Order have refused to participate in non-binding mediation as provided in the ADR Order, including on the asserted grounds that they are not liable for the relevant Sellers' debts and obligations. These entities are listed in Exhibit A." LBHI identifies our client PMAC Lending Services, Inc. ("PMAC") as a "Potential Successor" to our other client PMC Bancorp ("Bancorp"), who is identified as the "Counterparty/Seller."

    PMAC has never refused to participate in mediation for purported successor loans of Bancorp. As far as we can tell, LBHI sent PMAC an ADR Notice as a successor to Reliant Mortgage Company, LLC ("Reliant") on March 28, 2016, and an ADR Notice individually as to PMAC on April 15, 2016.[1] On April 18, 2016, PMAC responded indicating that it was unable to gain access to the documents LBHI provided through an FTP for its initial Statement of Position. The parties went back and forth for the next few months, with PMAC always indicating that it could not provide a counteroffer to settlement without gaining access to the documents LBHI attempted to provide through an FTP. On September 27, 2016, PMAC sent an email indicating such and LBHI did not respond. Of the two notices that PMAC received, both involved only GSE loans, and neither of them implicated Bancorp. To state that PMAC has refused to

---

[1] LBHI also sent a demand for payment to PMAC on September 4, 2015, but expressly indicated that the demand did not constitute the Indemnification ADR Notice.

11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025
tel. (310) 593-9890  fax (310) 593-9980

701 Palomar Airport Rd., Suite 300, Carlsbad, California 92011
tel. (619) 326-0611  fax (310) 593-9980

BNSKLAW.COM

**BROWN, NERI, SMITH & KHAN** LLP

June 23, 2020
Page 2

participate in the ADR process as a purported successor to Bancorp is incorrect, as PMAC has never been served with an ADR Notice as a successor to Bancorp.

      PMAC, Bancorp, and Reliant are fully willing to participate and always have been. Rather than incur the costs of responding to the Motion, correcting the record, and indicating that PMAC, Bancorp, and Reliant would have agreed to mediation had they been noticed, we would propose to initiate the mediation process.

      Please let us know whether you are willing to withdraw the motion as to PMAC and Bancorp. If so, please then provide us with an Indemnification ADR Notice as required by the order, to which we will provide the required response. We would propose the parties mutually agree upon a mediator rather than have LBHI unilaterally select one of its choosing. While LBHI is entitled to unilaterally select a mediator, we believe it will be more conducive to settlement for the parties to select one they both agree on.

      We are always available to discuss this further. Please provide us with a response by July 3, 2020.

                                          Very truly yours,

                                          Amjad M. Khan
                                  of BROWN, NERI, SMITH & KHAN LLP

cc (via email only):
William A. Maher (wmaher@wmd-law.com)
Brad J. Axelrod (baxelrod@wmd-law.com)
James N. Lawlor (jlawlor@wmd-law.com)
Adam M. Bialek (abialek@wmd-law.com)
Brant Kuehn (bkuehn@wmd-law.com)