UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                        :

In re:                                                                        Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,        Case No. 08-13555 (SCC)

                    Debtors.
------------------------------------------------------------x

**FINANCE OF AMERICA MORTGAGE, LLC'S RESPONSE TO MOTION IN AID OF ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST <u>MORTGAGE LOAN SELLERS</u>**

      Finance of America Mortgage, LLC ("FOA") hereby responds to the motion (the "Motion") [Dkt. No. 60632] filed by Lehman Brothers Holdings, Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, for LBHI and certain of its subsidiaries, seeking an order to enforce the Court's ADR Order[1] against FOA as an alleged successor to Delta Lending Group ("Delta"), and states as follows:

      FOA is not the successor to Delta and is not liable to LBHI for any claims asserted by LBHI against Delta.

      FOA is one of fifty-five entities that "LBHI believes are Successors" to entities LBHI allegedly holds claims for contractual indemnification. *See* Motion, p. 8, ¶ 1. However, LBHI admits that it "cannot conclusively determine the existence of successor liability prior to the ADR process or the initiation of litigation[.]" *See* Motion p. 15, ¶ 23. Without a sufficient basis to establish that FOA has successor liability, LBHI seeks a "comfort order" directing FOA to

---

[1] All capitalized terms not otherwise defined herein are defined in the Motion.

participate in ADR pursuant to the terms of the ADR Order. *See* Motion, p. 16, ¶ 25 ("While LBHI believes that the ADR Order and 2015 Order in Aid of ADR already require participation, an order expressly governing these Successors will remove any doubt.").

LBHI's Motion clearly acknowledges, as it must, that (1) successor liability is an issue that "need not—and should not—be decided now" [Motion, p. 18, ¶ 28]; (2) "sellers will waive no defenses they may have by participating in the mediations" [Motion, p. 8, ¶ 2]; (3) "[a]ll defenses that an ADR counterparty possesses, including that it is not liable for a Seller's obligations under applicable law, are expressly preserved in connection with the Court-ordered mediation" [Motion, p. 9-10, ¶ 5]; and (4) FOA "will continue to retain any and all defenses to LBHI's Indemnification Claims, including the defense that they are not successors to any particular Seller" [Motion, p. 16-17, ¶ 26].

Although FOA has made it clear to LBHI that it is not the successor entity to Delta, recognizing that this defense (along with all defenses that Delta may assert to LBHI's claims) is preserved, FOA has *no objection* to being bound by the ADR Order with respect to the claims asserted against Delta.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE
& AXELROD LLP**
*Attorneys for Finance of America Mortgage LLC*
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Jake M. Greenberg*
　　Philip R. Stein (FBN 67278)
　　pstein@bilzin.com
　　Jake M. Greenberg, (FBN 91118)
　　jgreenberg@bilzin.com

MIAMI 7070762 84974/91156

Case No. 16-01351 (SCC)

mavin@bilzin.com
eservice@bilzin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served electronically via the CM/ECF system this 14th day of July, 2020 upon all counsel of record.

*/s/ Jake M. Greenberg*
Jake M. Greenberg