```
 1  UNITED STATES BANKRUPTCY COURT

 2  SOUTHERN DISTRICT OF NEW YORK

 3  Case No. 08-13555

 4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 5  In the Matter of:

 6

 7  LEHMAN BROTHERS HOLDINGS INC. and

 8  PMC BANCORP

 9

10          Debtor.

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13              United States Bankruptcy Court

14              One Bowling Green

15              New York, NY  10004

16

17              July 14, 2020

18              10:01 a.m.

19

20

21  B E F O R E :

22  HON SHELLEY C. CHAPMAN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:   UNKNOWN
```

1  HEARING re Doc #60632 Motion in Aid of Alternative Dispute
2  Resolution Procedures Order for Indemnification claims of
3  the Debtors against Mortgage Loan Sellers

25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :
 2
 3   WOLLMUTH MAHER & DEUTSCH LLP
 4        Attorneys for the plan administrator
 5        500 5th Avenue
 6        New York, NY 10110
 7
 8   BY:  JOSHUA SLOCUM
 9        JAMES LAWLOR
10
11   REED SMITH LLP
12        Attorney for Wintrust Mortgage Corporation
13        599 Lexington Avenue
14        New York, NY 10022
15
16   BY:  MICHAEL S. LEIB
17
18
19
20
21
22
23
24
25
```

Page 4

1                    P R O C E E D I N G S

2              THE COURT:  Good morning.  This is Judge Chapman.

3    We are here this morning for a hearing -- excuse me -- in

4    the Lehman Brothers case.  This hearing is being conducted

5    entirely telephonically via the Court Solutions platform.  A

6    recording is being made of the proceedings and a transcript

7    will be made available.  No private recordings of the

8    hearing are permitted.

9              I have a roster of those who have signed up to

10   participate this morning.  I'm not going to take the time to

11   go through everyone's name.  I ask that anybody who speaks

12   on the record please identify yourself and identify the

13   party on whose behalf you are appearing, and that you do so

14   each time you speak so that we can create an accurate

15   record.

16             Who shall I hear from on behalf of Lehman?

17             MR. SLOCUM:  May it please the Court, good

18   morning.  This is Joshua Slocum on behalf of the plan

19   administrator, Lehman Brothers Holdings, Inc.  With me is my

20   colleague, James Lawlor, also on behalf of Lehman.

21             THE COURT:  All right, very well.  We -- perhaps

22   we should take the issue of Wintrust up first since there's

23   been some lively and late-breaking correspondence on that.

24   Mr. Leib, are you there?

25             MR. LEIB:  I am, Your Honor.  Good morning.

1           THE COURT:  All right, let me cut to the chase.
2   There was a back and forth that occurred with my chambers.
3   I am not involved in the nitty-gritty, pursuant to standard
4   operating procedure.  The bottom line was that I was
5   informed and understood that today's hearing was only
6   proceeding with respect to the portions of the -- the
7   parties who had not lodged an objection to the relief
8   requested by the plan administrator.  And the rest -- the
9   contested portion of the motion was adjourned to August
10  18th.
11          And that's where things stood until at some point
12  yesterday when Mr. Leib, I received a copy of your letter
13  and it appeared not everybody was on the same page and you
14  cited back to us our own chambers rules.  So, extra credit
15  points for that.
16          But be that as it may, I'm not prepared to go
17  forward on any contested portion of the motion today.  And I
18  don't -- I mean, certainly we can look at alternate dates.
19  That's not a problem.  And I've done this before in terms of
20  dealing with parties who were disinclined to participate in
21  mediation for one or another reason, and I have found that
22  discussions are useful.  I don't see any, you know, dark
23  ulterior motive here that Lehman is pursuing.  I'm not going
24  to direct that you do any mediation or ADR until we resolve
25  this.

```
 1            So, I'd like to not have an extended debate over
 2   whether or not it's going -- the hearing's going to go
 3   forward because, frankly, you can't have a hearing unless
 4   I'm willing to hear you.  So, I think we ought to focus on
 5   just picking an alternate date, which we can try to do now
 6   or you can separately reach out to Mr. Slocum and his
 7   colleagues to find a date that suits your schedule.
 8            MR. LEIB:  I understand, Your Honor.  And I'll
 9   give you 20 seconds and then I'll move on because I
10   understand that you want to.  We're just a little frustrated
11   because when you do read our objection, you'll find out that
12   over a year ago, we were sent a demand.  We did provide them
13   with information showing that we're not the successor.  We
14   provided them with a copy of the relevant portion of an
15   asset purchase agreement, and they never got back to us.
16   They never said anything, and they filed this motion and
17   tried to paint everybody as being recalcitrant and
18   uncooperative.  And that really -- that hit us the wrong
19   way.  And we wanted to go forward, get this behind us.
20            We're in settlement negotiations with the main
21   case that we actually are the successor for, and we didn't
22   want this issue clouding it, and that's why we wanted to get
23   it resolved.  I understand you're not prepared to move
24   forward but I also wanted to let Your Honor know that we
25   were very cooperative.  We provided them with information.
```

1   So, as you're reading the motion, don't think -- because we
2   are involved with you with other business, and we don't want
3   you to think that we were uncooperative.  We provided them
4   with the information.  They never got back to us, then they
5   filed this motion.  So, I'll move on.
6              THE COURT:  All right.  Well, I appreciate that.
7   I appreciate that.  Let me assure you that -- there are
8   always two sides of a story.  I would not be really
9   effective at my job if I believed everything that everybody
10  said.  So, I assure you that I will maintain an open mind
11  and, you know, we can take this up at the next juncture if
12  you don't -- if you aren't able to work something out.
13             There have in the past, when we -- and we've done
14  many of these -- that, you know, there are modifications
15  that satisfy the concerns.  I will say, though, that
16  something to think about is that the -- not many folks are -
17  - a fair number of folks are not very enthusiastic about
18  participating in ADR when their fundamental belief is that
19  they don't belong in one of these lawsuits.  Successor
20  defense seems to be something that people are particularly
21  keen on asserting as a Get-Out-of-Jail-Free card, so to
22  speak.  Similarly, we've had folks assert, you know, statute
23  of limitations or other things in the nature of defense that
24  they feel very strongly entitles them to not participate.
25             So, I hear you and why don't we just leave it at

1  that and see what you folks can work out?  Rather than take
2  up everyone else's time on this hearing, why don't you reach
3  out to the Lehman folks and try to work out a date that
4  works for you?  I would -- the reason that we opted for the
5  procedure that we did was because we find that it's helpful
6  to adjourn these matters all to the same date if they can't
7  be resolved.  But, look, if that's not possible, we'll give
8  you a date that works for you.
9           MR. LEIB:  I appreciate that, Your Honor.  I do
10 want to be clear that this is not an issue of -- you know,
11 trying to avoid something.  We did provide the information
12 to Lehman and they never got back to us in providing
13 contrary evidence.  They didn't tell Your Honor in the
14 motion that we had presented evidence that we were not the
15 successor.  And we did reach out --
16          THE COURT:  All right, let me stop you because if
17 you keep talking they're going to insist that they rebut
18 your statements, and I need to move on.  I've got a big
19 hearing in the queue for 11 o'clock.
20          MR. LEIB:  Okay.
21          THE COURT:  So, we'll leave it there.
22          MR. LEIB:  I'm happy with either picking a date
23 now or if it's more efficient to try and find a date that
24 all counsel -- or all the objectors can be involved in.
25 Then we can work with Lehman to find a date that everybody

1  can appear at.
2          THE COURT:  Okay, great.  Why don't you do that
3  offline so that I can keep going here?  You're welcome to
4  stay on or you can disconnect if you like.
5          MR. LEIB:  I appreciate that.  Thank you.
6          THE COURT:  Okay, thank you.  Mr. Slocum, let me
7  go back to you now and have you make a record with respect
8  to the uncontested portion of this motion.
9          MR. SLOCUM:  Thank you, Your Honor.  Again, Joshua
10  Slocum for Lehman.  This motion -- we served this motion on
11  upwards of 50 potential successors that have acquired or
12  purchased in some way an interest in mortgage loan sellers
13  that sold loans to Lehman Brothers.  Only eight successors
14  have objected.  And so, accordingly, yesterday I filed a
15  certificate of no objection for all of the -- lifting all of
16  the -- well, potential successors.  Again, this motion is
17  entirely without prejudice to the defense about whether
18  there actually is successor liability.  So when I say
19  successors I mean that without any prejudice to that
20  defense, which would be preserved by each of them.
21          But as to those potential successors who have not
22  objected, I filed a certificate of no objection.  For the
23  reasons state in our motion papers, we believe that the ADR
24  orders -- and there have been several over the years -- that
25  have been entered by this Court have been a resounding

1  success.  I would submit for all parties involved, Lehman
2  has been able to settle dozens of claims over the years much
3  more cheaply and efficiently than would've been possible
4  through litigation.  This benefits not only the Lehman
5  estate and its creditors but the counterparties as well.
6  Even in cases where the parties have been far apart at
7  first, having a neutral sophisticated third party involved
8  in the discussion has been a tremendous benefit in terms of
9  educating the parties about the strengths and weaknesses of
10 their case and bringing them together toward a resolution,
11 if that is possible.
12         We believe this motion in aid of ADR procedures is
13 a continuation of that.  The purpose of this motion is
14 because, as Your Honor is aware, this case has a long
15 procedural history.  Lehman resolved certain claims by
16 Fannie Mae and Freddie Mac back in 2014 and brought
17 indemnification claims against mortgage loan sellers in
18 connection with those settlements.
19         The Court previously entered an ADR order not only
20 for the mortgage loan sellers themselves but also for
21 potential successors to those loan sellers.  That order was
22 entered in late 2015.  And then in 2018, the Lehman estate
23 finally came to a resolution with the trustees of
24 residential mortgage-backed securities where Lehman had
25 purchased loans and then securitized them in various trusts.

Page 11

1  That also has a very long history but it ultimately ended
2  with this Court's order estimating Lehman's liability as to
3  those claims.  It was set at 2.38 billion.  Lehman,
4  accordingly, has pursued, since that time, indemnification
5  claims against mortgage loan sellers and potential
6  successors to mortgage loan sellers who sold loans that gave
7  rise to that liability.  This motion in aid of ADR is
8  targeted toward the latter group, the potential successors
9  to the mortgage loan sellers who sold loans that were
10 securitized in -- as residential mortgage-backed securities.
11          So, this is a very large volume of claims.  As the
12 Court knows, there are dozens and dozens of active cases
13 around and because of the efficiency that is provided by
14 mediation and the success that Lehman has seen over the
15 years in these ADR proceedings, we submit that this order
16 should be entered to facilitate organized settlement
17 discussions with experienced third party mediators that
18 could help to reduce the number of claims that Lehman has
19 out there, that would benefit creditors with a sooner payout
20 on the monies that are owed to them by the estate, and to
21 benefit the counterparties as well because mediation is a
22 much cheaper, more streamlined and more economical way to
23 resolve claims than active litigation, which can take years
24 and has taken years before this Court.  As we know, we are
25 sitting here in a bankruptcy that started in 2008.

1     So, that is an amplification of the reasons given
2  in our brief for why we believe this order should be entered
3  substantially in the form that was tendered to the Court,
4  putting aside the objecting parties.  And I would note that
5  Lehman is in discussions with those -- certain of those
6  objecting parties and is hopeful of resolving certain of
7  those objections as well.  So, that is merely a side note.
8  So, with that, I will pause, answer any questions Your Honor
9  may have.  But we submit that the order should be entered.
10 Thank you.
11     THE COURT:  All right, thank you very much for the
12 trip down Memory Lane.  We have been doing these cases for a
13 long time and I agree with your characterization of the
14 usefulness of the ADR procedures.  So, I don't have any
15 additional questions.  I'll just ask generally, since other
16 folks have signed up for the hearing, if anyone else wishes
17 to be heard with respect to the relief requested by the plan
18 administrator.  All right, very well.
19     I think we do have a copy in Word of the order and
20 the exhibit that we should enter.  Can you confirm that
21 that's the case, Mr. Slocum?
22     MR. SLOCUM:  If it is not, I will immediately
23 email a Word copy to your chambers.  I'm not sure
24 (indiscernible) provided with PDF or Word, so I don't want
25 to make that --

Page 13

1           THE COURT:  Yeah, yeah, why don't you -- why don't
2    you just go ahead and send it.  I don't think that we -- I
3    don't think that we have it.  So, get that sent over to us
4    and we'll get it on the docket ASAP.  And if you would,
5    after you talk to Mr. Leib -- you know, it may be hard to
6    get everybody together for the same date but, you know, do
7    your best and just reach out to chambers and we'll give you
8    whatever other dates that you need.  I will not take the
9    18th off the calendar yet, you know, and you can just let us
10   know as soon as you figure it out.
11           MR. SLOCUM:  Thank you, Your Honor.  We will do
12   that.
13           THE COURT:  All right.  Very well.  Thank you very
14   much, everyone.  Stay safe.  Have a good day.  This
15   concludes the hearing.  Thank you.
16
17           (Whereupon these proceedings were concluded at
18   10:17 AM)
19
20
21
22
23
24
25

1            C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    *[signature: Sonya M. Ledanski Hyde]*

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  July 16, 2020