UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., et al,<br><br>Debtor. | |
| REX WU<br>Appellant,<br><br>v.<br><br>LEHMAN BROTHERS HOLDINGS INC.<br>Appellee. | Bankr. No. 08-13555(SCC) |

### Designation of Items to be Included in the Record on Appeal

REX WU, pursuant to Federal Rule of Bankruptcy Procedure

8009(a), hereby designates the following items to be included in the record on appeal:

1. The Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [ECF No. 22737] (the "Plan")

2. Transcripts of Hearing June 3rd, 2020

3. Order Denying (I) Motion to Reclassify (Related Doc # [60337]); (II) Motion to Reserve for Motion to Reclassify (Related Doc # [60448]); and (III) Motion for Summary Judgment (Docket #60337)

4. Notice of Telephonic Hearing (Docket #60498)

5. Motion for Summary Judgement (Docket # 60484)

6. Motion to Reserve for Motion to Reclassify (Docket # 60448)

7. Objection to Motion / Plan Administrators Objection to Motion to Reserve (Docket #60482)

8. Memorandum Endorsed Order Denying Request signed on 4/14/2020 (Docket #60508)

1 of 2

9. Notice of Memorandum Endorsed Order Denying Request (Docket #60509)

10. Response to Objection to Motion to Reserve (Docket #60542)

11. Objection: Plan Administrators Objection to Motion for Summary Judgment (Docket #60641)

12. Response to Plan Administrators Objection to Motion for Summary Judgment (Docket #60642)

13. Notice of Agenda of Matters Scheduled for the Hearing on June 3rd, 2020 at 10am EST (Docket #60653)

14. Joinder of Rex Wu (Docket #60348)

15. Witness Statement of Russell Downs, 08.02.2013

16. Motion to Reclassify (Docket # 60448)

17. Lehman Brothers Holdings Inc Capital Trusts III Prospectus

18. Lehman Brothers Holdings Inc Capital Trusts IV Prospectus

19. Lehman Brothers Holdings Inc Capital Trusts V Prospectus

20. Lehman Brothers Holdings Inc Capital Trusts VI Prospectus

21. Witness Statement of Russell Downs

Respectfully Submitted,

Dated: July 27th, 2020
Rex Wu
6315 N Campbell
Chicago, IL 60659
312.785.0348
rex_wu@live.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., et al,<br>    Debtor. | |
| REX WU<br>    Appellant,<br><br>v.<br><br>LEHMAN BROTHERS HOLDINGS INC.<br>    Appellee. | Bankr. No.   08-13555(SCC) |

**Statement of Issues to Be Presented**

REX WU, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal:

1. Rex Wu did not plan to argue on the June 3rd, 2020 hearing but was fortunate to have called in because the Plan Administrator and Honorable Judge Chapman decided to add the Motion to Reclassify to the hearing. Rex Wu is a joinder to the Motion to Reclassify.

2. The Plan Administrator was dishonest about the Motion to Reclassify as a motion to be heard during the hearing when the Honorable Judge asked him what was on the agenda. The Motion to Reclassify was not on the "Agenda" nor was it scheduled to be heard during the "Hearing."

3. Rex Wu was not served on the hearing with the Motion to Reclassify to be heard and he was not given the proper time to prepare and argue the Motion to Reclassify. It was not scheduled to be heard on the hearing date.

4. The Honorable Judge then proceeded to focus an overwhelming majority of the hearing on the Motion to Reclassify and based the "ORDER" mainly on the Motion to Reclassify. Forcing Rex Wu to participate in the hearing unprepared.

5. Ex Parte was facilitated before the hearing between the Honorable Judge and the Plan Administrator.

6. The Neuberger Berman argument is the argument for the Motion to Reserve for the Motion to Reclassify. The Honorable Judge added the Motion to Reserve for the Motion to Reclassify to the hearing over the objection of Joseph Waske and then refused to hear the argument that makes up the the Motion to Reserve for the Motion to Reclassify. The honorable judge did not have any intentions of hearing the arguments for the two motions but instead added the Motion to Reserve for the Motion to Reclassify as cover for the Plan Administrator to defeat the Motion for Summary Judgement.

7. The Plan Administrator then proceeded to continue his deception during the hearing by saying he was not "aware" of the Important Covenant of Lehman Brothers Holdings when its argued for on dockets 60448, 60337, 60542 and 60642. Those dockets were all scheduled to be heard on the June 3rd hearing. If the Plan Administrator was unaware of the Important Covenants of Lehman Brothers Holdings, then he was not preparing for the Motion for Summary Judgement or the Motion to Reserve for the Motion to Reclassify that were rightfully scheduled to be heard on June 3rd but instead was prepared to argue the Motion to Reclassify which the Plan Administrator lied about it being on the "Agenda" and tried to deny Rex Wu of a proper hearing on the Motion to Reclassify.

8. If Rex Wu did not attend the June 3rd hearing, he would have been denied a chance to argue the Motion to Reclassify.

9. Rex Wu as a joinder had his rights and due process violated on the June 3rd Hearing and the Order that was issued by the Honorable Judge because he was not served and notified properly that the Motion to Reclassify would be added to the hearing. Rex Wu did not have time to prepare for the hearing while the Plan Administrator's plan was to have the entire hearing based mostly on the Motion to Reclassify.

10. Rex Wu request the Appeals Court to not remand the case back to the Honorable Judge Chapman's court because of the bias and Ex Parte the Honorable Judge have shown against Rex Wu, Joseph Waske and the Joinders. Honorable Judge Chapman denied Rex Wu of his constitutional right to due process and a fair hearing.

11. Rex Wu, Joseph Waske and the joinders have the standing and rights to file a lawsuit against LBHI to enforce the guarantee as if they are the Trustee upon the Trustee failing to enforce the Guarantee.

12. The bankruptcy court erred by not ruling on the merits of the Motion for Summary Judgement.

13. The bankruptcy court erred by refusing to hear arguments on Neuberger Berman when presented in court by Rex Wu. That argument would fall under the "parity with most senior preference shares" argument under the Motion to Reclassify.

14. The Bankruptcy court erred by not ruling if the rights of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI were violated under the guarantee and the "PLAN" and if the LBHI Capital Trusts have parity status with the Preferred Shares of Neuberger Berman that was redeemed.

15. The Bankruptcy court erred by not ruling if the rights of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI were violated under the guarantee

by the LBMB transaction or any other transaction of LBHI's affiliates or subsidiaries that involved equity or subordinated debt transactions.

Respectfully Submitted,

*[signature]*

Dated: July 27th, 2020
Rex Wu
6315 N Campbell
Chicago, IL 60659
312.785.0348
rex_wu@live.com

4 of 4