**SHEARMAN & STERLING LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

**By ECF**

September 14, 2020

Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, New York 10004-1408

**Re: Lehman Brothers Holdings, Inc., et al., Chapter 11 Case No. 08-13555 (SCC) –
<u>Maverick Claim Objections</u>**

Dear Judge Chapman:

We write on behalf of Maverick Long Enhanced Fund, Ltd., Maverick Neutral Levered Fund, Ltd., Maverick Neutrafpurportedl Fund, Ltd., Maverick Fund USA, Ltd., Maverick Fund II, Ltd. and Maverick Fund, L.D.C. (collectively, "**Maverick**"), to note for the Court's attention the relevance of certain aspects of the recent decision *Lehman Brothers Special Financing Inc. v. Bank of America N.A.*, Docket No. 18-1079 (2d Cir., August 11, 2020), a copy of which is attached hereto as <u>**Exhibit A**</u> (the "**Flip Clause Decision**").

Maverick respectfully submits that the Flip Clause Decision provides additional authority for denying the relief requested in the *Brief on Remand in Further Support of Plan Administrator's Five Hundred Nineteenth Omnibus Objection to Claims* (ECF No. 59807) ("**Second Motion to Dismiss the Maverick Claims**"), submitted by Lehman Brothers Holdings Inc. ("**LBHI**") on July 3, 2019.

As Your Honor will recall from oral argument conducted on September 10, 2019, just over one year ago, the chief remaining dispute between the parties in the above-referenced matter was whether LBHI could treat Maverick's claims as having been subject to a setoff (or "netting" in LBHI's preferred phrasing), even though the primary obligor ("**LBIE**") never took any action to exercise any alleged setoff rights.

Maverick argued that there could be no automatic setoff or netting, for two chief reasons. *First*, the parties' contract included a highly detailed contractual mechanism for precisely such an automatic setoff, but the parties amended the contract to ensure that such an automatic setoff

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

ERROR! REFERENCE SOURCE NOT FOUND.

Honorable Shelley C. Chapman                                                September 14, 2020

would be triggered *only* if Maverick defaulted (which never happened).  Maverick Opposition Brief, (ECF No. 59865) at ¶¶ 21-22; September 10, 2019 Hearing Transcript at 24-35.[1]  *Second*, the Supreme Court of the United States has held that a setoff can occur in a chapter 11 proceeding only when a party takes specific action to exercise setoff rights and then records the exercise of such setoff rights (neither of which ever occurred).  *Citizens Bank v. Strumpf*, 516 U.S. 16, 20 (1995).

In response, LBHI argued that the Court should nonetheless treat Maverick's assets and liabilities as having been subject to an automatic setoff, pointing to a set of provisions that suggested that, in specified circumstances (such as a default by Maverick), LBIE could elect to take action to liquidate Maverick's collateral and apply the proceeds to reduce any amounts owed by or to Maverick.  Relying on these discretionary remedies, LBHI argued that Maverick's claims should be subject to an automatic setoff, even though LBIE never took action to exercise any of these rights to liquidate or setoff the collateral posted by Maverick.  *See*, *e.g.*, LBHI Brief (ECF No. 59807), at ¶ 15 (relying on clauses that allowed—but did not require—LBIE to exercise "discretion" at a specific "time" to "use, apply, or transfer any and all collateral" or to "use, apply or transfer any and all securities and other property" , even where such rights had never been invoked or exercised by LBIE).

The Second Circuit's recent Flip Clause Ruling confirms that references to the "liquidation" of collateral in the context of securities contracts are best understood as referring to the act of monetizing *and distributing* collateral.  In arriving at that conclusion, the Second Circuit considered the parties' competing interpretations of the phrase "liquidation", as used in section 560 of the Bankruptcy Code.   Plaintiff Lehman Brothers Special Financing argued that "liquidation" referred to nothing more than the determination of the size of a claim (a position akin to that taken in this matter by LBHI).  Defendants, in turn, argued that the liquidation of collateral referred to *actions* taken to monetize and distribute the proceeds of collateral.  Consistent with Your Honor's original view of the matter, the Second Circuit concluded that defendants' interpretation was correct, and that the liquidation of collateral occurs when "the disbursement of proceeds from the liquidated Collateral" has been completed.  Flip Clause Ruling at 18.

Maverick's contracts with LBIE should be read the same way.  The clauses that LBHI relies on required LBIE to take affirmative action to effectuate any setoff or netting and to apply the proceeds of Maverick's collateral to reduce the amounts owed by or to Maverick.  Maverick has alleged, and LBHI does not and cannot dispute, that no such action was ever taken.  The Second

---

[1] "But the fundamental disagreement or dispute has to do with what it means that the collective documents….reflected [a] netting arrangement, right? And I think that the kryptonite point is the provision of the applicable agreement that says that netting or setoff only applies when Maverick is the party that's in default.  That's kind of it."

Page 2 of 3

ERROR! REFERENCE SOURCE NOT FOUND.

Honorable Shelley C. Chapman                                                September 14, 2020

Circuit's Flip Clause Ruling therefore provides another basis—in addition to the plain terms of the Maverick contracts and the Supreme Court's holding in *Strumpf*—to deny LBHI's Second Motion to Dismiss the Maverick Claims.

Respectfully submitted,

/s/ Randall Martin

Attachment