UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

In re:                                               :          **Chapter 11**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :          **Case No. 08-13555 (SCC)**
                                                     :
                                        **Debtors.**  :

------------------------------------------------------------------------X

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER IN CONNECTION WITH CLAIMS HELD BY LEHMAN BROTHERS HOLDINGS INC. REGARDING EXCESS PAYMENTS RECEIVED BY CLAIMANTS ON ACCOUNT OF GUARANTEE CLAIMS

Upon the motion, dated August 31, 2020 (the "**Motion**") [ECF NO. 60863],[1] of Lehman Brothers Holdings Inc. ("**LBHI**" or "**Plan Administrator**"), as Plan Administrator, for the establishment of alternative dispute resolution ("**ADR**") procedures with respect to LBHI's Excess Payment Claims against the Excess Payment Recipients (the "**Excess Payment ADR Procedures**") in the Chapter 11 Cases of LBHI and its affiliated debtors, all as more fully described in the Motion, and upon the Objection ("**Mizuho Objection**") [ECF No. 60881] to the Motion filed by Mizuho Securities Co., Ltd. ("**Mizuho**"), it is:

**HEREBY FOUND AND DETERMINED that:[2]**

A.      The Court has jurisdiction to enter this Order as the matter has a close nexus to the chapter 11 cases and the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "**Plan**"), confirmed by Order dated December 6, 2011 (the "**Confirmation Order**").  Pursuant to Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan, the Court retained jurisdiction over the matter.  Venue in this Court for the Motion

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.
[2]    Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

is appropriate pursuant to 28 U.S.C. § 1408.

  B.  Due and proper notice of the Motion has been provided in accordance with the Second Amended Order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635],

  C.  LBHI has asserted that it holds Excess Payment Claims against over 50 Excess Payment Recipients, involving approximately $17 million.

  D.  Certain common issues exist regarding the Excess Payment Claims, including , but not limited to (i) the basis to recover the Excess Payments under the Plan and the Bankruptcy Code, and (ii) the proper calculations for the Allowed Guarantee Claims under the Plan.

  E.  Substantial value may be recovered for the benefit of LBHI's creditors and judicial efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can be achieved without the need for trial of adversary proceedings, contested matters or other litigation.

  F.  Similar proceedings ordered in these and other complex chapter 11 cases have contributed to the effective administration of the proceedings and have reduced costs for all parties.

## **RELIEF**

  The procedures described below are ORDERED to promote consensual resolution with respect to the Excess Payment Claims, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation procedures between the affected parties, *provided however*, with respect to the Mizuho Objection, Mizuho agrees to participate in the Excess Payment ADR Procedures, and the issues raised in the Mizuho Objection with respect to the Excess Payment ADR Procedures have either been resolved  pursuant to the terms of a letter agreement executed by the Plan Administrator and Mizuho, or have been deferred to a later date; as a result

WORKAMER\20666\230003\37576445.v1-10/2/20

any hearing on the unresolved issues relating to the Mizuho Objection is adjourned without date, with the Plan Administrator and Mizuho reserving all rights and defenses relating to the unresolved issues raised in the Mizuho Objection.

1.    <u>Standing Mediation Order</u>. All provisions of the General Order M-452, adopted June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "**<u>Standing Order</u>**") shall apply to the mediations to be conducted under this Order.  To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

2.    <u>Excess Payment Recipients</u>.  To date, LBHI has identified over 50 Excess Payment Recipients involving more than $17 million against whom there is reasonable cause for LBHI to believe that it holds Excess Payment Claims.  To the extent an Excess Payment Recipient intends to argue that it does not have liability to return Excess Payments because it was a conduit that passed on the Excess Payment to one or more third parties, such third party recipients of such Excess Payment shall also be considered Excess Payment Recipients for purposes of the Excess Payment ADR Procedures and shall be required to cooperate fully in the Excess Payment ADR Procedures.  The Excess Payment Recipient that asserts that it was a conduit is directed to forward this Order to those third parties that it asserts are the recipients of the Excess Payments, and such forwarding shall constitute judicial notice to such recipients.

3.    <u>Excess Payment ADR Disputes</u>.  LBHI will designate a dispute (an "**<u>Excess Payment ADR Dispute</u>**") as to any Excess Payment Claim by serving the following on an Excess Payment Recipient:

WORKAMER\20666\230003\37576445.v1-10/2/20

a.      A copy of this Order; and

b.      An Excess Payment ADR Notice (as defined below) (collectively, the "**Excess Payment ADR Package**").  For purposes of the Excess Payment ADR Procedures, service on or notice to an Excess Payment Recipient shall be deemed adequate if such service or notice is provided to the Excess Payment Recipient, the Excess Payment Recipient's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

4.      <u>Settlement of Disputes During the Excess Payment ADR Procedures</u>.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Excess Payment ADR Dispute at any time before, during, or following the designation of an Excess Payment ADR Dispute to the Excess Payment ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable Orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

5.      <u>Pre-Mediation Stage Confidentiality</u>.  All discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined herein) shall remain confidential and privileged in accordance with Paragraph [12] of this Order and shall not be discoverable or admissible as evidence in any subsequent litigation of the Excess Payment ADR Dispute or elsewhere, except as provided by further order of this Court.

6.      <u>Participation Mandatory</u>. Unless otherwise provided in a specific order applicable to a particular Excess Payment ADR Dispute or a particular Excess Payment Recipient, after service of an ADR Package on an Excess Payment Recipient:

a.      Compliance with the Excess Payment ADR Procedures in this Order is mandatory

4

in the specified Excess Payment ADR Disputes for both LBHI and the Excess Payment Recipient; and

b.     No party is required to settle or compromise any dispute or enter into a particular settlement or compromise.  However, once LBHI serves an Excess Payment ADR Package upon an Excess Payment Recipient, the Excess Payment Recipient must serve the required responses.  LBHI and the Excess Payment Recipient must also engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Excess Payment ADR Procedures specified below for all Excess Payment ADR Disputes covered by such notice.

<u>**NOTICE/RESPONSE STAGE**</u>

7.     <u>Notice/Response</u>.  The initial stage of the Excess Payment ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve an Excess Payment ADR Dispute on a consensual basis (the "<u>**Notice/Response Stage**</u>").  The Notice/Response Stage shall include:

a.     <u>Excess Payment ADR Notice</u>.  LBHI shall serve upon an Excess Payment Recipient a notice containing sufficient information regarding the Excess Payment ADR Dispute to make the Excess Payment Recipient aware of the nature of LBHI's affirmative claim and of its demand for settlement, including an amount of monetary recovery LBHI would accept in full settlement and compromise (an "<u>**Excess Payment ADR Notice**</u>").

b.     <u>Excess Payment Recipients' Response to Notice</u>.  A Excess Payment Recipient

5

must respond to the Excess Payment ADR Notice in writing through a "Statement of Position" within twenty (20) calendar days from the date of service of the Notice. The response options available to an Excess Payment Recipient are as follows (the "**Responses**"):

i.    <u>Agreeing to Settle the Demand</u>. If an Excess Payment Recipient agrees to settle the demand in the Excess Payment ADR Notice, the Excess Payment Recipient shall state in writing that the offer of settlement in the Excess Payment ADR Notice is accepted. The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation or other contested matter, LBHI shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release and receipt of the settlement payment; or

ii.    <u>Denying the Demand</u>. An Excess Payment Recipient may decline to settle for the amount stated in the demand in the Excess Payment ADR Notice, in which case the Excess Payment Recipient must include a brief explanation in the Response to the Excess Payment ADR Notice setting forth the reason(s) for such denial. In addition, the Excess Payment Recipient may provide a counteroffer to the demand in the Excess Payment ADR Notice, in which case the Excess Payment Recipient must include a brief explanation setting forth the reason(s) for such counteroffer.

c.    <u>Failure to Respond</u>. Failure to provide a timely Response to the Excess Payment ADR Notice, as described in Paragraphs [7](b)(i) and (ii), may result, at the option of LBHI, in an application to the Court for Sanctions as set forth below, including

6

fees and costs, termination of the mediation and, at LBHI's discretion, institution

of an action against the Excess Payment Recipient, or immediate entry into the

mediation stage.

d.    <u>Reply to Response</u>.  LBHI shall have fifteen (15) days from the date of the receipt

of the Response to serve a reply to the Response to the Excess Payment ADR

Notice, in which LBHI may (i) modify its demand, (ii) respond to any counteroffer,

(iii) provide additional information or briefing in support of its demands in the

Excess Payment ADR Dispute, or (iv) reject any counteroffer in which case the

Excess Payment ADR Dispute will automatically proceed to the Mediation Stage.

If LBHI fails to respond within this period, the Excess Payment ADR Dispute will

automatically proceed to the Mediation Stage.

8.    <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response

Stage, either LBHI or an Excess Payment Recipient may request an initial telephonic settlement

conference by written request, to be held within five (5) calendar days.  Within two (2) calendar

days of a receipt of such a request, the other parties must respond by acceptance of one of the

proposed dates and times or by a proposal for an initial settlement call no later than five (5)

calendar days from the earliest date set forth in the written request.  If an acceptable date cannot

be achieved through this process, the parties shall immediately proceed to the Mediation Stage.

At least one hour shall be reserved for the initial conference to discuss settlement.  No mediator or

representative of the Court will participate in this discussion, but the initial conference call

specified in this Paragraph, together with any continuations or rescheduled settlement calls or

meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal

Rules of Evidence and analogous state evidentiary provisions; the confidentiality provisions of

this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

9.    <u>Mediation</u>. Excess Payment ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "**Mediation Stage**").

a.    <u>Initializing Mediation</u>.  LBHI and the Excess Payment Recipient together shall contact the mediator to schedule the initial mediation date.

b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible discretion consistent with the Standing Order, including the discretion to certify specific legal issues to the Court for decision.

c.    <u>Choice of Mediator</u>.  The mediators identified on the Court's register of mediators, found at http://www.nysb.uscourts.gov/register-mediators, are APPOINTED as the mediators for Excess Payment ADR Disputes reaching the Mediation Stage.  LBHI shall select a mediator from the foregoing list.  If the initially selected mediator is unwilling and/or unavailable to serve, then LBHI shall select an alternate mediator from the register of mediators.  If none of the foregoing are available to serve as mediator, an alternate mediator shall be selected as mutually agreed in writing by all parties to a specific Excess Payment ADR Dispute or group of related Excess Payment ADR Disputes.  Any such alternative shall be deemed to have been appointed upon entry into a written stipulation to that effect by LBHI and Excess Payment Recipients participating in the applicable Excess Payment ADR Dispute or Disputes.  If the parties cannot agree upon a selection of mediator within ten (10)

WORKAMER\20666\230003\37576445.v1-10/2/20

calendar days of the completion of the Notice/Response Stage, the Court shall appoint one or more mediators.

d.    <u>Mediation Materials</u>.  LBHI shall submit to the mediator (i) the Excess Payment ADR Package, (ii) the Statement of Position, (iii) the Reply, if any, and (iv) any other materials exchanged by the parties reflecting the parties' relative positions ("**<u>Mediation Materials</u>**").  No additional papers shall be submitted to the mediator unless so requested by the mediator.  All mediation materials will be delivered to the mediator at least ten (10) days prior to the scheduled mediation proceeding and will not be filed with the Court.

e.    <u>Appearance at Mediations</u>.  All participants in the mediation for the applicable Excess Payment ADR Dispute must appear by video conference or such other means as agreed to by the parties, with a business principal who has settlement authority.  Counsel may also be present and participate.

## **<u>OTHER PROVISIONS</u>**

10.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of LBHI and the Excess Payment Recipient, or (ii) the Bankruptcy Court, for cause shown.

11.    <u>Sanctions for Parties</u>.  LBHI and each Excess Payment Recipient must participate in good faith with these Excess Payment ADR Procedures with regard to the ADR Disputes specified in the applicable Excess Payment ADR Notice.  If, after notice and a hearing, the Court determines that LBHI or the Excess Payment Recipient have not complied with the Excess Payment ADR Procedures in good faith in connection with any Excess Payment ADR Dispute, LBHI or the Excess Payment Recipient may be subject to such sanctions as the Court deems

9

appropriate (the "**Sanctions**").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the mediation procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions shall include, but are not limited to:  (i) attorneys' fees; (ii) fees and costs of the mediator; and/or (iii) termination of the Excess Payment ADR Procedures with respect as the at issue Excess Payment Claim.

12.    Confidentiality.  The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No statements or arguments made or positions taken by the mediator, LBHI, or an Excess Payment Recipient during any part of the ADR process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, the mediator may report to the Court the status of the mediation efforts but shall not disclose the content thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Excess Payment ADR Procedures including Settlement Conferences and the Mediation Stage.

13.    Removal.  If an Excess Payment Recipient commences any action or proceeding in any other court or forum following service upon it of an Excess Payment ADR Package, LBHI may seek to remove to this Court any such lawsuit, proceeding, or claim and to defend or take

action in any such other court or proceeding to protect LBHI's creditors, despite the incomplete status of the steps prescribed under the Excess Payment ADR Procedures.

14.     <u>Jury Trials Unaffected</u>.    Except to the extent an Excess Payment Recipient affirmatively chooses the mediation option set forth herein, participation in the Excess Payment ADR Procedures shall not waive any right to a jury trial that might otherwise exist.

15.     <u>Fees</u>. Except as otherwise provided herein, each party to the Mediation shall bear its own costs and counsel fees in connection with Mediation and share equally in the reasonable fees and costs charged by the Mediator.

**SO ORDERED:**

October 5, 2020
New York, New York

<u>/S/ Shelley C. Chapman</u>
UNITED STATES BANKRUPTCY JUDGE

WORKAMER\20666\230003\37576445.v1-10/2/20