**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Garrett Fail**
+1 (212) 310-8451
Garrett.Fail@weil.com

October 19, 2020

Via E-mail and ECF

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 623
New York, New York 10004-1408
scc.chambers@nysb.uscourts.gov

Re: Lehman Brothers Holdings, Inc., et al., Chapter 11 Case No. 08-13555 (SCC) –
Objection to Maverick Claims

Dear Judge Chapman:

We write on behalf of Lehman Brothers Holdings Inc. ("LBHI") in response to the September 14, 2020, letter submitted on behalf of Maverick Long Enhanced Fund, Ltd., Maverick Neutral Levered Fund, Ltd., Maverick Neutrafpurportedl Fund, Ltd., Maverick Fund USA, Ltd., Maverick Fund II, Ltd. and Maverick Fund, L.D.C. (collectively, "Maverick").

Briefing and oral argument on LBHI's objections to Maverick's claims has been extensive, the issues have been submitted to the Court for consideration, and additional briefing was not requested, so we will be brief: the Second Circuit decision in *Lehman Brothers Special Financing Inc. v. Bank of America N.A.*, Docket No. 18-1079 (2d Cir., August 11, 2020) (the "Flip Clause Decision") is neither determinative nor instructive in the pending dispute.

Maverick misstates the issue pending before the Court in its latest letter. The issue raised in the *Brief on Remand in Further Support of Plan Administrator's Five Hundred Nineteenth Omnibus Objection to Claims* (ECF No. 59807) (the "Brief") is *not*, as Maverick suggests, *"whether LBHI could treat Maverick's claims as having been subject to a setoff."* Nor is the issue related to the use or meaning of the word "liquidation," which does not appear in the Brief or in LBHI's reply in further support of the Brief (ECF No. 59912) (the "Reply").

The narrow issue raised in the Brief is whether Maverick failed to state a valid guarantee claim when Maverick claimed the value of all of its posted collateral rather than the value of the guaranteed obligation that LBIE, the Primary Obligor, owed to Maverick, which was, pursuant to the relevant documents, only excess collateral. LBHI argued that Maverick failed to state a valid

The Honorable Shelley C. Chapman  
October 19, 2020  
Page 2

**Weil, Gotshal & Manges LLP**

claim for the overstated amount. In no circumstances could Maverick have established a claim against LBIE for the gross amount of the collateral.

Although LBHI argued, and this Court previously determined, that Bankruptcy Code section 562 should determine the value of Maverick's claims, Maverick argued, and the District Court ruled, otherwise. Under the District Court's ruling, this Court must measure the guarantee claims filed by Maverick against LBHI as of LBHI's chapter 11 petition date. "Liquidation," a concept used in Bankruptcy Code section 562, simply is not applicable in the current context. On the petition date, and, indeed, at any moment in time, LBIE's obligation to Maverick was only to return any excess collateral – the positive difference, if any, between the value of the posted collateral and the amount of Maverick's liabilities to LBIE. No party was required to take any act, including to monetize or distribute any collateral, for the Court to reach this conclusion.[1]

Respectfully submitted,

/s/ Garrett Fail

cc: Randall Martin, Shearman & Sterling LLP, counsel for Maverick

---

[1] If the Flip Clause Decision was relevant to the issue before the Court now for Maverick's claims, certainly Maverick's extensive prior briefing would have cited the District Court's decision in the flip clause litigation, as the District Court reached the same definition of "liquidation" in Section 560 of the Bankruptcy Code. *See In re Lehman Bros. Holdings Inc.*, No. 17 CIV. 1224 (LGS), 2018 WL 1322225, at *6 (S.D.N.Y. Mar. 14, 2018). Tellingly, it did not. Nonetheless, were the Court to consider the Flip Clause Decision in the context of the current dispute, the Court would find that the Second Circuit adopted a broad view of the meaning of "liquidate," whereas here, it appears that Maverick is suggesting the Court adopt a narrow interpretation. In short, the Second Circuit did not say in order to "liquidate," one has to monetize and distribute; it said that distribution would be included within the definition of liquidation.