**Christopher Wossilek**
**10687 Addison Ct**
**Highlands Ranch, CO 80126**
**303-330-9942**
**cwoss@protonmail.com**

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Christopher P. Wossilek, Phillip Wossilek** ) <br> ) <br> vs.  ) <br> ) <br> **Lehman Brothers Holdings INC., et al,** ) <br> ) <br> **Debtors.** ) <br> ) <br> ) | **Case No.: 08-13555 (SCC)** <br><br> **(Jointly Administered)** <br><br> **Docket #60984** |

**MOTION FOR SUMMARY JUDGMENT FOR THE MOTION TO COMPEL FILING OF THE IMPORTANT COVENANTS OF LBH ANNUAL CERTIFICATES**

**TO THE HONORABLE SHELLEY C CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE:**

Christopher P. Wossilek and Phillip Wossilek request the honorable court to grant this Motion for a Summary Judgment for the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates (Docket #60984). Christopher P Wossilek and Phillip Wossilek state as follows:

<u>Jurisdiction</u>

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b).  The statutory bases for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

1

Background

2. The Motion to Compel Filing of the Important Covenants of LBH Annual Certificates was filed to force LBHI to file all the missing Covenant Certificates since LBHI went into default. It is a motion to force action and compliance and not a motion to request information or disclosure of any type of information from LBHI. It is understood that the certificates were never filed and therefore, no information is needed.

3. On January 28th, 2021, the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates was received by the court. (Docket #60984)

4. Manual Service was sent but are not required because the Debtor is receiving Electronic Service from the United States Bankruptcy Court of the Southern District of New York. Manual Service was sent Via FedEx (Docket #60990).

5. On February 2nd, 2021, upon discovering that LBHI changed their address and an officer (Docket # 60985) on January 28th, 2021 a new manual service was sent but not required via FedEx with tracking #783189443408. (Docket #60991).

6. Federal Rules of Civil Procedures Pursuant to Rule 12(a)(1)(A)(i), the Debtor has twenty-one (21) days (including weekends and holidays) from service of this motion to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). See also SDNY Local Civil Rule 6.4.

7. Twenty-one days from the honorable court stamped "Received" date is February 18th, 2021.

Statement

8. It has been 4 days since the deadline passed from the honorable court dated "Received".

9. The Debtor has not filed a response to the Motion to Compel the Filing of the Important Covenants of LBH Annual Certificates as of today's date on the signature page.

10. The Motion to Compel the Filing of the Important Covenants of LBH Annual Certificates states clearly in the motion that Christopher P. Wossilek and Phillip Wossilek are seeking to enforce the requirement of LBHI to file all the unfiled Certificates since LBHI defaulted. The Motion to Compel the Filing of the Important Covenants of LBH Annual Certificates is not seeking any type of information or disclosure from LBHI. The use of the word Compel is justly used to "force and oblige" LBHI to file all the unfiled Covenant Certificates.

   A. Definition of "COMPEL" by: THELAW.COM LAW DICTIONARY & BLACK'S LAW

      DICTIONARY 2ND ED.
      1. To require something to be done.

Conclusion

11. Christopher P. Wossilek and Phillip Wossilek have given more than the required time for the Debtor to file a response.

12. Christopher P. Wossilek and Phillip Wossilek respectfully request the court to immediately grant the relief sought in the Motion to Compel the Filing of the Important Covenants of LBH Annual Certificates.

13. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the Debtor did not file any certificates upon default; and (2) The Debtor is required to file the certificates pursuant to the prospectuses of LBHI Capital Trusts III, IV, V and VI, and Bankruptcy Code 510(A). *Carpender v. Bendorf, 246 Neb. 77, 516 N.W.2d 619 (1994). Glen Park Terr. #1 Homeowners Assn. v. M. Timm, Inc., 230 Neb. 48, 430 N.W.2d 40 (1988).*

14. The Debtor has failed to respond or otherwise defend this action, and Christopher P. Wossilek and Phillip Wossilek are entitled to judgment by default against the debtor.

15. Pursuant to the provision of Rule 55(b)(2), Federal Rules of Civil Procedure, this court is empowered to enter a default judgment against the Debtor for relief sought by plaintiff in their complaint and a copy of this action has been given to the Debtor as set forth on in the attached affidavit.

For all the reasons set forth herein and, in the Motion, Christopher P. Wossilek and Phillip Wossilek respectfully request the Court grant the relief requested in the Motion, and grant such other relief as is just.

AFFIDAVIT

We, Christopher P. Wossilek and Phillip Wossilek, do hereby certify that the statements and allegations set forth in the foregoing Motion are true and accurate to the best of our knowledge and belief.

Respectfully Submitted,

Dated this 22nd day of February, 2021

/s/ Christopher P. Wossilek          /s/ Phillip Wossilek
Christopher P. Wossilek              Phillip Wossilek
10687 Addison Ct                     6833 South Harvest Ct
Highlands Ranch, CO 80126            Aurora, CO 80016