Objection Date and Time: March 16, 2021 at 4:00 p.m.
Hearing Date and Time: March 23, 2021 at 11:30 a.m.

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

*Attorneys for Lehman Brothers Holdings Inc.,
As Plan Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | Case No. 08-13555 (SCC) |
| | : | |
| Debtors. | : | |

------------------------------------------------------------------X

**NOTICE OF HEARING ON MOTION TO
COMPEL COMPLIANCE WITH ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES ORDER WITH
RESPECT TO CAPITAL PARTNERS SECURITIES CO., LTD.**

**PLEASE TAKE NOTICE** that on March 1, 2021, Lehman Brothers Holdings Inc. ("**LBHI**" or the "**Plan Administrator**"), as Plan Administrator for the entities in the above referenced chapter 11 cases, filed a motion ("**Motion**") seeking to compel Capital Partners Securities Co., Ltd. ("**CPS**") to comply with the procedures set forth in the *Alternative Dispute Resolution Procedures Order In Connection With Claims Held By Lehman Brothers Holdings Inc. Regarding Excess Payments Received By Claimants On Account Of Guarantee Claims*, entered by the Court on October 5, 2020 [ECF No. 60886] ("**ADR Order**"), and that a hearing ("**Hearing**") to consider the Motion will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern

District of New York (the "**Court**"), One Bowling Green, New York, New York 10004, on **March 23, 2021, at 11:30 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard. The Hearing will be held telephonically and parties may register to participate or listen in via Court Solutions at www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF) (with a hard copy delivered directly to Chambers), and shall be served upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; and (ii) counsel for LBHI, King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (attn.: Arthur Steinberg, Esq. and Scott Davidson, Esq.), so as to be so filed and received by no later than **March 16, 2021, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion or any relief requested therein, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed to the Motion as Exhibit "B," granting the relief requested in the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing telephonically, or as otherwise directed by the Court, and failure to appear may result in relief being granted upon default.

Dated: New York, New York
      March 1, 2021

    KING & SPALDING LLP

    By:   */s/ Arthur Steinberg*
        Arthur Steinberg
        Scott Davidson
    1185 Avenue of the Americas
    New York, NY  10036
    (212) 556-2100

    *Attorneys for Lehman Brothers Holdings Inc., as Plan Administrator*

WORKAMER\20666\230003\38214243.v1-3/1/21

**Objection Date and Time: March 16, 2021 at 4:00 p.m.**
**Hearing Date and Time: March 23, 2021 at 11:30 a.m.**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

*Attorneys for Lehman Brothers Holdings Inc.,*
*As Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
In re:                                                                            :        Chapter 11
                                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        Case No. 08-13555 (SCC)
                                                                                       :
                                                           Debtors.           :
---------------------------------------------------------------X

**MOTION TO COMPEL COMPLIANCE WITH ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES ORDER**
**WITH RESPECT TO CAPITAL PARTNERS SECURITIES CO., LTD.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("**LBHI**" or the "**Plan Administrator**"), as Plan Administrator pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* ("**Plan**"), for LBHI and certain of its subsidiaries, files this motion ("**Motion**") to compel Capital Partners Securities Co., Ltd. ("**CPS**") to comply with the procedures set forth in the *Alternative Dispute Resolution Procedures Order In Connection With Claims Held By Lehman Brothers Holdings Inc. Regarding Excess Payments Received By Claimants On Account Of Guarantee Claims*, entered by the Court on October 5, 2020 [ECF No.

60886] ("**ADR Order**").[1]  In support hereof, the Plan Administrator respectfully represents as follows:

### I.

### CPS SHOULD BE DIRECTED TO COMPLY WITH THE ADR ORDER IN GOOD FAITH

1. The ADR Order was entered because common issues exist regarding the Plan Administrator's Excess Payment Claims, including, but not limited to (i) the basis to recover the Excess Payments under the Plan and the Bankruptcy Code, and (ii) the proper calculations for the Allowed Guarantee Claims under the Plan.  The Excess Payment ADR Procedures were established by the ADR Order to promote expedient resolutions of disputes regarding the Excess Payment Claims without the need for adversary proceedings, contested matters or other litigation.

2. The ADR Order provides that "[c]ompliance with the Excess Payment ADR Procedures in this Order is ***mandatory*** in the specified Excess Payment ADR Disputes for both LBHI and the Excess Payment Recipient[.]" ADR Order, ¶ 6(a) (emphasis added).  In addition, paragraph 11 of the ADR Order provides that "LBHI and each Excess Payment Recipient ***must participate in good faith with these Excess Payment ADR Procedures*** with regard to the ADR Disputes specified in the applicable Excess Payment ADR Notice." (emphasis added).  CPS—one of the Excess Payment Recipients bound by the ADR Order—has not complied with these provisions of the ADR Order.

3. Prior to the entry of the ADR Order, the Plan Administrator filed a *Motion Of The Plan Administrator For An Order In Aid Of Execution Of The Modified Third Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. And Its Affiliated Debtors* [ECF No. 59936]

---

[1] A copy of the ADR Order is annexed hereto as **Exhibit "A."**  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the ADR Order.

2

("**CPS Motion**"), seeking to compel CPS to return the Excess Payment it received from LBHI. CPS, through its then counsel Mayer Brown LLP ("**MB**") opposed the CPS Motion, arguing among other things that it was merely a conduit for its customers and that those customers were the real parties in interest. The Plan Administrator did not agree with CPS' arguments but, nonetheless, it attempted to consensually resolve the matter. When that ultimately proved unsuccessful, the Plan Administrator sought and obtained the ADR Order after first discussing the matter with MB (who endorsed the concept of mediation). CPS was provided timely notice of the Plan Administrator's motion seeking entry of the ADR Order and it never filed any objection thereto or to the proposed ADR Order. Nor did it appeal the ADR Order.

4. After entry of the ADR Order, counsel for the Plan Administrator was informed that MB would no longer be representing CPS, and that CPS had retained Orrick Herrington & Sutcliffe LLP ("**Orrick**") in connection with the Excess Payment Dispute. The Plan Administrator's counsel thereafter discussed the ADR Order with Orrick. CPS has also utilized the services of Anderson Mori & Tomotsune ("**AM&T**")—a large, prominent law firm in Japan—in connection with issues relating to the Excess Payment Dispute.

5. CPS was sent an Excess Payment ADR Package, and its response came directly from CPS, not from its new counsel, Orrick, or from AM&T. The matter then proceeded to the mediation stage, whereupon Marc Hirschfield (the "**Mediator**") was appointed mediator by consent of the parties.

6. During the mediation, CPS has not complied with the ADR Order in good faith, which is demonstrated by, among other things, the following CPS actions:

    (i) Despite the Plan Administrator's urging, CPS has refused to engage its retained law firm, Orrick and/or AM&T in connection with the mediation process, and has sought to participate in the mediation on its own.

    (ii) CPS initially refused to pay its share of the mediation costs, which is contrary to

3

the ADR Order. To date, it still has not paid the Mediator.

(iii) Despite claiming English language difficulties, CPS has refused to engage a Japanese translator, or to use a bi-lingual lawyer at Orrick or AMT. The Mediator suggested that he would retain a translator but CPS has refused to pay any portion of that expense. At one point, CPS urged the Mediator to use an attorney from King & Spalding's Tokyo office even though King & Spalding is *the Plan Administrator's outside counsel*. Such a requested was summarily rejected.

(iv) CPS urged the Mediator to conduct the mediation in writing only, which is contrary to the ADR Order.

(v) While claiming it functioned merely as a conduit for its customers, CPS has refused to provide any information as to who received the money from it so that those entities could participate in the mediation, as required by the ADR Order.[2] The Plan Administrator previously served discovery requests on CPS seeking to obtain this information, which has not been received to date.

7. The foregoing examples of CPS' conduct to date amply demonstrate that it is not complying with the ADR Order in good faith, thus necessitating the filing of this Motion.

**Notice and No Prior Request**

8. The Plan Administrator has served notice of this Motion on CPS, Orrick and the Mediator. The Plan Administrator submits that no other notice need be provided.

9. Except for the relief requested in this Motion, no previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE, the Plan Administrator respectfully requests that the Court grant the relief requested herein, in the form of the order attached hereto as **Exhibit "B,"** and (ii) such other and further relief as it deems just and proper.

---

[2] *See* ADR Order, ¶ 2.

Dated: New York, New York
      March 1, 2021

KING & SPALDING LLP

By:   /s/ Arthur Steinberg
      Arthur Steinberg
      Scott Davidson
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

*Attorneys for Lehman Brothers Holdings Inc., as Plan Administrator*