WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,                            :   08-13555 (SCC)
                                                                  :
                              Debtors.                            :   (Jointly Administered)
------------------------------------------------------------------x

## PLAN ADMINISTRATOR'S OBJECTION TO
## MOTION TO COMPEL AND RELATED FILINGS

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") files this objection to the (i) *Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 60984, as amended at ECF No. 60986, the "Motion to Compel"), filed by Christopher P. Wossilek and Phillip Wossilek (the "Wossileks"), (ii) *Memorandum of Law in Support of Rex Wu to Join Their Motion Under Rule 19(a) of the Federal Rules of Civil Procedures* (ECF No. 61003), filed by the Wossileks (the "19(a) Motion"), (iii) *Motion for Summary Judgment for the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 61013), also filed by the Wossileks (the "Motion for Summary Judgment," and together with the Motion to Compel

and 19(a) Motion, the "Motions"), and (iv) various preceding letters and subsequent joinders,[1] and respectfully represents:

**OBJECTION**

1. The Wossileks' Motions are among the latest filings perpetuating a three-year-old wild-goose chase for a recovery on structurally-subordinated equity interests and contractually-subordinated guarantees issued prior to LBHI's bankruptcy filing. Demonstrably encouraged by Rex Wu's continuing letter campaign, the Wossileks and the rest of the Joinder Parties join (or rejoin) in formation the gaggle of non-parties-in-interest that preceded them, selectively quoting and misinterpreting documents out of context, and formulating unintelligible or self-defeating arguments that were rejected before and should be rejected again now.[2]

2. The Wossileks are shareholders – not of LBHI equity, but of equity of non-debtor trusts that issued certain structurally subordinated securities. (*See* Motion to Compel at ¶ 2.) The Wossileks never filed a proof of claim against LBHI and would have no entitlement to a claim if they did.[3] Accordingly, they have no standing to seek relief in LBHI's chapter 11

---

[1] On or about September 20, 2020, October 8, 2020, and January 19, 2021, Rex Wu sent letters to the Court, which were filed on the docket (ECF Nos. 60874, 60887 and 60976) (collectively, the "Letters"). Mr. Wu (ECF No. 60988), and then Alex Olivo (ECF No. 60992), Lisa Wilson (ECF No. 60993), Alvin Wilson (ECF Nos. 60994 and 60995), Elizabeth Harrison (ECF Nos. 61005 and 61006), Dan Ianello (ECF No. 61009), Glen Blaze (ECF No. 61012), and Robert Mangas (ECF Nos. 61061, 61062) (collectively with Mr. Wu, the "Joinder Parties") filed joinders to the Motion to Compel.

[2] The Wossileks' arguments are derived from the same misreading of the Subordinated Guarantee that was the premise of Rex Wu's and Joseph Waske's prior motions that this Court has previously heard and denied. (*See* ECF Nos. 59801; 60678.) Indeed, it's clear that the Wossileks copied and pasted from Mr. Wu's prior pleadings in filing the Motions. *See Notice of Errata* (ECF No. 60986) (striking inadvertent references to Mr. Wu from the original version of the Motion to Compel). *See also* 19(a) Motion at 2 ("Christopher P Wossilek and Phillip Wossilek further determined that the "Covenant Certificates" are required to be filed automatically upon default by Lehman Brothers Holdings as required by the ongoing execution of the "PLAN" and Bankruptcy Code 510(a) pertaining to the LBHI Capital Trust 3, 4, 5 and 6 Prospectuses after reading ECF #60976 and #60874 filed by Rex Wu.").

[3] As the Court has recognized, the trustee for the securities that the Wossileks and the Joinder Parties purport to own did not fail to enforce the Subordinated Guarantees. The beneficial interests of holders of the securities are represented by allowed claims that were filed by the trustee for the applicable trusts. *See* Claim Nos. 21805, 22122, 22123, and 67753.

case.[4]  *See In re Innkeepers USA Tr.*, 448 B.R. 131, 143 (Bankr. S.D.N.Y. 2011) (SCC) (finding that an investor in a creditor cannot be given "party in interest" standing to be heard in its capacity as an investor).  The Court need not address the merits of and can deny the Motions on this basis alone; the joinders will fall with the Motions.

3. If the Court were to consider the merits of the Motions, the Court would find the Motions suffer from obvious procedural and substantive flaws set forth more fully below.

4. LBHI presumes the Court's familiarity with the subject matter.  LBHI has been compelled to address most of the faulty premises and attempted arguments in prior pleadings and at prior hearings and shall not repeat them all here.[5]  Rather, LBHI incorporates by reference all of its prior arguments as if fully set forth herein.

A. **The Motion to Compel Should be Denied.**

5. The Wossileks' Motion to Compel seeks an order compelling LBHI to file certificates stating that LBHI has been and will remain in compliance with all of the conditions and covenants contained in certain prepetition guarantee agreements (the "Subordinated Guarantees").[6]  The Motion to Compel further seeks an order enjoining LBHI from making any further Plan distributions to creditors until LBHI files the requested certificates.  (*See* Motion to Compel at ¶ 9).  Bewilderingly, the Motion to Compel also seeks an order enjoining LBHI from

---

[4] The same is true of the Joinder Parties.

[5] (*Plan Administrator's Objection to Motion to Allow Late Claim* (ECF No. 59738) (Plan Administrator's objection to Mr. Wu's filing of proof of claim sustained by the Court at ECF No. 56801); *Plan Administrator's Objection to Motion to Reclassify* (ECF No. 60378) (Plan Administrator's objection to Mr. Waske's motion to reclassify/amend the Plan sustained by the Court at ECF No. 60678); *Plan Administrator's Objection to Motion to Reserve* (ECF No. 60482) (Plan Administrator's objection to Mr. Waske's motion to reserve sustained by the Court at ECF No. 60678); *Plan Administrator's Objection to Motion for Summary Judgment* (ECF No. 60641) (Plan Administrator's objection to Mr. Waske's motion for summary judgment sustained by the Court at ECF No. 60678), collectively, "LBHI's Prior Objections.")

[6] The Subordinated Guarantees are attached to, and the actual terms of the Subordinated Guarantee are described in great detail in, the Prior Objections.  (*See, e.g.*, ECF No. 59738 at 6-11; ECF No. 60378 at 6-11.)

*receiving* any distributions from its affiliates until LBHI files the requested certificates. (*Id.*)[7] In short, the relief sought in the Motion to Compel would harm LBHI's actual creditors and should be denied for that reason alone.

6. For their support, the Wossileks cite selectively from a prepetition prospectus and, curiously, to Bankruptcy Code Section 510(a). (*See* Motion to Compel at ¶ 4; 11 U.S.C. § 510(a).) But the Wossileks don't even try to explain how any prepetition contractual obligations could apply to LBHI today. Nor could they if they tried.

7. With few exceptions not relevant here, LBHI has not been bound to perform under prepetition agreements since September 15, 2008, and, since March 6, 2012, LBHI's only obligations to prepetition contract counterparties are those set forth or contemplated by LBHI's confirmed chapter 11 Plan.[8] Clearly, no provision in the Plan provides for the assumption of the Subordinated Guarantees or provides that LBHI would continue to perform under the guarantees into the future. It would be administratively impossible and prohibitively expensive for LBHI to continue to comply with all of its prepetition contracts in perpetuity. Compelling LBHI to comply with any of its rejected prepetition contracts would open the floodgates as LBHI attempts to wind down its estate. Such relief would not be in the interest of LBHI's creditors and finds no support in the Bankruptcy Code.

8. Moreover, the Motion to Compel should be denied because the relief requested is unnecessary. The parties now claiming to lack information can only do so as a result of either feigned or willful ignorance of the (i) the terms of the Subordinated Guarantees,

---

[7] The Wossileks' and the Joinder Parties' purported investments have nothing to do with LBHI's foreign affiliates. The trusts in which they purported to invest hold subordinated debt *from LBHI*, not of any affiliate of LBHI.

[8] *See, e.g.,* Plan §§ 11.1 ("[A]ll prepetition executory contracts and unexpired leases that exist between [LBHI] and any person or entity shall be deemed rejected by [LBHI]"); 13.1 ("[A]ll Property of the Estate of a [LBHI] shall vest in [LBHI] free and clear of all Claims, Liens, Encumbrances, charges, and other interests, except [as provided in the Plan]."); *see also* 11 U.S.C. §365.

(ii) the Plan, and (iii) information regularly made publicly available by LBHI.  Regardless, they must be charged with knowledge of the operative documents for their purported investments, the relevant Court documents governing these cases, and the relevant filings made by the Plan Administrator in these cases.  LBHI's filings demonstrate that LBHI did not make payments on account of LBHI's own equity or to holders of subordinated claims.  *See* ECF No. 60878 (disclosing cumulative distributions by LBHI by class pursuant to its Plan to date).  LBHI cannot do so under the Plan unless all senior classes of creditors are first satisfied in full.  LBHI is complying with the provisions of Bankruptcy Code section 510 as incorporated into and implemented by the Plan.

9. Finally, the Motion to Compel should be denied to the extent that it seeks relief that is impossible to grant, including LBHI's control and direction of all of its subsidiaries.  LBHI is not aware of any of its subsidiaries making any payments on account of *LBHI's* equity or on account of *LBHI's* subordinated claims.  LBHI is not aware of any motivation for any of its subsidiaries to do so.  (And neither the Wossileks nor the Joinder Parties have pointed to any past instance of such actions or any possible motivation for such actions in the future.)  But as the Court and the general public knows, LBHI does not and cannot control all of the subsidiaries that it controlled prior to the commencement of LBHI's chapter 11 case; many subsidiaries are under the control of foreign administrators and governed by the laws of foreign insolvency proceedings.  In any event, the Subordinated Guarantees do not purport to restrict any of LBHI's subsidiaries from making payments of claims against or equity in those subsidiaries, as the Wossileks and Joinder Parties seem to believe.  As noted above, the Wossileks and the Joinder Parties have no claims against LBHI's foreign affiliates.

**B.      The 19(a) Motion Should be Denied.**

10. Like a dog chasing its own tail, the 19(a) Motion seeks to join Rex Wu to his flawed and previously-denied arguments. In June 2020, the Court heard from Rex Wu and denied requests from Mr. Wu, certain of the Joinder Parties, and others, after argument at which parties repeated and sought to enforce the so-called "Important Covenants" at issue again now (the "June 2020 Hearing"). Following his filing of an appeal of the Court's June decision, Mr. Wu persisted, sending his Letters to the Court about the "Important Covenants" in September 2020, October 2020, and, most recently, January 19, 2021. One week after the last letter, on January 29, 2020, the Wossileks filed their Motion to Compel, cutting and pasting arguments from Mr. Wu's Letters. Later that same day, Mr. Wu filed his joinder to the Motion to Compel, literally joining in his own argument by doing so. Encouraged by Mr. Wu's self-affirmation, the Wossileks continue the loop, filing their 19(a) Motion to let the Court know:

> After discussion, Christopher P Wossilek does not object to the joinder. Phillip Wossilek also do not object to the joinder after consultation. … Joining Rex Wu as a Plaintiff under 19(a) of the Federal Rules of Civil Procedures is appropriate.

(Motion to Compel at 2.)

11. The Court can summarily deny the 19(a) Motion as moot upon denial of the Motion to Compel. But, obviously, Rule 19(a) is not applicable in chapter 11 cases outside of an adversary proceeding. *Cf.* FED R. BANKR. P. 9014. There is no adversary proceeding here. The Wossileks are not plaintiffs; Mr. Wu cannot be joined as one. The motion could be denied on this basis alone. In addition, motions that serve no purpose are discouraged and should be denied. *See* Federal Rule of Bankruptcy 1001 ("These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.").

## C. The Motion for Summary Judgment Should Be Denied.

12. Once again citing to legal rules clearly inapplicable here, the Wossileks filed the Motion for Summary Judgment seeking a default judgment against the Plan Administrator with respect to the Motion to Compel pursuant to rules 12(a)(1)(A)(i) and 56(a) of the Federal Rules of Civil Procedure. The Court previously addressed these copied and pasted arguments at the June 2019 Hearing and should deny them again here for the same reason: they are wholly inapplicable. *See* FED R. BANKR. P. 9014; Prior Objection at ECF 60641, ¶ 4-9 (explaining the procedure applicable to these chapter 11 cases); *Order Denying (I) Motion to Reclassify (ECF No. 60337); (II) Motion to Reserve for Motion to Reclassify (ECF No. 60448); and (III) Motion for Summary Judgment (ECF No. 60484)* (ECF No. 60678). Moreover, even if such rules did apply, summary judgment is inappropriate in the context of the Motion to Compel. The Court can deny the motion upon its own review of the Wossileks' pleadings and is not bound to grant the Motion for Summary Judgement on default.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

13.     For any or all of these reasons, all requests of the Wossileks and the Joinder Parties should be denied. LBHI requests the Court enter an order (i) denying all such requests and (ii) excusing LBHI from responding to future filings by the Wossileks, the Joinder Parties, or any other party on related matters absent further Order of or direction by the Court. A proposed order denying the Motions and granting such relief is attached hereto as **Exhibit A**. LBHI reserves all other rights, including to conduct discovery and to supplement this and other filings as necessary.

Dated: March 5, 2021
      New York, New York

                                         /s/ *Garrett A. Fail*
                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York 10153
                                         Telephone: (212) 310-8000
                                         Facsimile: (212) 310-8007
                                         Garrett A. Fail

                                         Attorneys for Lehman Brothers Holdings Inc.
                                         and Certain of Its Affiliates

**Exhibit A**

Proposed Order

WEIL:\97841486\4\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                             :     Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al*.     :     08-13555 (SCC)
                                                                  :
    Debtors.                                                 :     (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**ORDER DENYING (I) MOTION TO COMPEL (ECF NO. 60984);
(II) MOTION TO JOIN REX WU PURSUANT TO RULE 19(A) (ECF NO. 61003);
AND (III) MOTION FOR SUMMARY JUDGEMENT (ECF NO. 61013)**

The Court having considered the following motions filed by Christopher P. Wossilek and Phillip Wossilek (the "Wossileks"): (i) *Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 60984, as amended at ECF No. 60986, the "Motion to Compel"), (ii) *Memorandum of Law in Support of Rex Wu to Join Their Motion Under Rule 19(a) of the Federal Rules of Civil Procedures* (ECF No. 61003, the "19(a) Motion"), (iii) *Motion for Summary Judgment for the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 61013, the "Motion for Summary Judgment," and together with the Motion to Compel and 19(a) Motion, the "Motions"); and the Court having considered the timely objections by the Plan Administrator to the Motion to Compel, the 19(a) Motion, and the Motion for Summary Judgement; and the Court having considered all of the joinders and statements filed in connection with the Motions (collectively, the **"Joinders"**) [ECF Nos. 60874, 60887, 60976, 60988, 60992, 60993, 60994, 60995, 61005, 61006, 61009, 61012, 61061, and 61062]; and the Court having considered the prior proceedings in these chapter 11 cases, and the Court having jurisdiction to decide the Motions and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of*

*Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motions and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation, the Court having determined that no party established sufficient factual or legal basis for the requested relief in the Motions, it is hereby

      1.    ORDERED that each of the Motions is denied with prejudice; and it is further

      2.    ORDERED that any relief sought by the Motions or the Joinders is denied with prejudice.

      3.    ORDERED that that the Plan Administrator is hereby excused from responding to any further pleadings of the Wossileks, Rex Wu, or any other party (including those that filed the Joinders) on matters related to the Motions or the relief requested therein (including any future pleadings seeking to enforce the subordinated guarantee or the trust preferred securities described therein) absent further Order of or direction by the Court.

      4.    ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March __, 2021
       New York, New York

                                                 THE HONORABLE SHELLEY C. CHAPMAN
                                                 UNITED STATES BANKRUPTCY JUDGE