HEARING DATE AND TIME: March 23, 2021 at 11:30 a.m.

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

*Counsel for Lehman Brothers Holdings Inc.,*
*As Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : Case No.: 08-13555 (SCC) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**REPLY BY PLAN ADMINISTRATOR TO RESPONSE BY**
**CAPITAL PARTNERS SECURITIES CO., LTD TO**
**MOTION TO COMPEL COMPLIANCE WITH**
**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER**

Lehman Brothers Holdings Inc. ("**LBHI**" or the "**Plan Administrator**"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* ("**Plan**"), hereby submits this reply ("**Reply**") to the opposition ("**Opposition**") [ECF No. 61093] filed by Capital Partners Securities Co., Ltd. ("**CPS**") to the Motion ("**Motion to Compel**") by the Plan Administrator [ECF No. 61017] to compel CPS to comply with the procedures set forth in the *Alternative Dispute Resolution Procedures Order In Connection With Claims Held By Lehman Brothers Holdings Inc.*

1

*Regarding Excess Payments Received By Claimants On Account Of Guarantee Claims*, entered by the Court on October 5, 2020 [ECF No. 60886] ("**ADR Order**").[1]

A. **CPS' Opposition Highlights the Reason Why the Motion Was Brought**

1. Orrick is counsel of record for CPS in connection with the Excess Payment Dispute.[2] Before Orrick, Mayer Brown represented CPS and filed a substantial pleading in this Court for CPS with respect to the Excess Payment Dispute. CPS' failure to include Orrick in the mediation process, and to try and "do it alone," has caused many of the problems cited by the Plan Administrator in the Motion to Compel, and necessitated the filing of that Motion.

2. The Opposition was signed and filed by CPS' executive officer, Mitsugu Saito, and not Orrick. Entities such as CPS are only permitted to appear in federal court through licensed attorneys. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations omitted)). And, this rule applies whether the artificial entity is from the United States or a foreign jurisdiction. *See Chien v. Commonwealth Biotechnologies, Inc.*, 484 B.R. 659, 666 (E.D. Va. 2012) ("Moreover, neither Local Bankr.R. 9010–1 nor the long-standing principal that corporations must be represented by counsel makes any distinction between U.S. and foreign corporations. Whether or not a party is a natural person is a fixed reality, regardless of American or Chinese citizenship. Natural persons may appear pro se; corporations may not.").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Compel or the ADR Order, as applicable.

[2] Counsel for the Plan Administrator received CPS' Opposition from Orrick.

3. The reasons for requiring that a business entity appear through an attorney "'are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, [and] proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.'" *Sanchez v. Walentin*, No. 10 CV 7815(VB), 2012 WL 336159, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)).

4. That rationale applies to the situation outlined in the Motion to Compel, which would be substantially ameliorated if CPS involved Orrick in the mediation process.

B. **CPS Has Not Complied With the ADR Order**

5. CPS was sued by the Plan Administrator in this Court for having received in excess of $5 million in Excess Payments; substantially all of that amount has not been returned. This is, by far, the Plan Administrator's largest unresolved matter involving Excess Payments. The Plan Administrator's position is clear: CPS received the distributions from the Plan Administrator and has the obligation to return the Excess Payments.

6. CPS argues that it passed the distributions through to third parties and they, not it, should be required to return the Excess Payments. The Plan Administrator does not believe, under the circumstances of the CPS situation, that is a valid defense. In any event, the Plan Administrator has tried to be practical on this point. Someone needs to return the Excess Payments. If CPS believes the subsequent transferees should return the Excess Payments, CPS should take reasonable steps to ensure that such parties are part of the ADR process. The ADR

3

Order reflects that obligation for CPS and any other mediation party making the "conduit" argument. Paragraph 2 of the ADR Order provides, in relevant part as follows:

> To the extent an Excess Payment Recipient intends to argue that it does not have liability to return Excess Payments because it was a conduit that passed on the Excess Payment to one or more third parties, such third party recipients of such Excess Payment shall also be considered Excess Payment Recipients for purposes of the Excess Payment ADR Procedures and shall be required to cooperate fully in the Excess Payment ADR Procedures. The Excess Payment Recipient that asserts that it was a conduit is directed to forward this Order to those third parties that it asserts are the recipients of the Excess Payments, and such forwarding shall constitute judicial notice to such recipients.

7.  The Plan Administrator does not believe CPS has fulfilled its obligation under the ADR Order with respect to getting the subsequent transferees involved in the ADR. Nor has CPS presented a coherent reason why it has not fulfilled its obligation under the ADR Order. It should be noted that in the context of the ADR, the Plan Administrator has settled with another Japanese securities dealer who alleged the conduit defense. The impediments raised by CPS here did not impede that resolution.

8.  Moreover, the Plan Administrator understands the issues raised by the conduit argument. But the purpose of the ADR process is to negotiate the parties' competing positions to reach an amicable settlement.

9.  The Opposition highlights many of the issues that the Plan Administrator and the Mediator have dealt with regarding the mediation. Three of the issues that are still not resolved is CPS' insistence that (a) the mediation be conducted by email, (b) the Plan Administrator's counsel in Japan act as a free translator for them in the mediation, and (c) it is hamstrung by Japanese law from hiring an attorney for the ADR process. Again, these arguments highlight why CPS' attempt to "go it alone" without a lawyer has been detrimental to the process.

10. The ADR Order does not provide for a mediation by email. And no one other than CPS thinks that makes any sense at all. To state the obvious and as illustrated in this case,

email exchanges often lead to "two ships passing in the night." Personal interaction avoids misunderstandings, is more efficient, and leads to far better results.

11. In addition, the notion that the Plan Administrator's lawyer translates the private mediation sessions between the Mediator and CPS is unworkable. An adversary's counsel is never invited into the private mediation sessions with its opponent. Nor should it have to shoulder that cost. The Mediator offered to pay for a translator and make it a cost of the mediation, but CPS refused that proposal.

12. Further, the notion that CPS cannot retain an attorney because it is a conduit, and *it* cannot be viewed as bearing the costs of its customers is without merit.[3] *First*, it is belied by the fact that (i) Mayer, Brown, (ii) Orrick and (iii) the Japanese law firm Anderson Mori & Tomotsune, all have represented CPS in the Excess Payment Dispute. *Second*, the argument assumes the conclusion that CPS is a conduit and has no liability, which is certainly not the Plan Administrator's position, nor the basis of any Court ruling. Certainly, CPS has the right to defend itself and the ADR is an attempt to resolve a litigation brought solely against it.

13. Finally, the purpose of the ADR was to resolve matters without the need of getting the Court further involved. The Plan Administrator has been successful to date in resolving a number of Excess Payment Disputes through the ADR process. In this particular situation, however, the Plan Administrator believes that the Court's assistance (similar to seeking a status conference with the Court) would be helpful in putting this mediation "back on track."

---

[3] While CPS refers to the "Agreement Concerning Foreign Securities Transaction Account" (attached as Exhibit "A" to the Opposition) ("**Form Account Agreement**"), the Form Account Agreement is not signed, nor does it address the situation raised by the ADR Notice (*i.e.*, a situation where CPS received Excess Payments and a demand is made for repayment).

5

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the proposed order attached to the Motion as **Exhibit "B"** and grant it such other and further relief as it deems just and proper.

Dated: March 19, 2021
      New York, New York

                                                           /s/ Arthur Steinberg
                                            Arthur Steinberg
                                            Scott Davidson
                                            KING & SPALDING LLP
                                            1185 Avenue of the Americas
                                            New York, New York 10036
                                            Telephone: (212) 556-2100
                                            Facsimile: (212) 556-2222

                                            *Counsel for Lehman Brothers Holdings Inc.,*
                                            *As Plan Administrator*