**STEVEN COHN, P.C.**
One Old Country Road, Suite 420
Carle Place, New York 11514
(516) 294-6410 (telephone)
(516) 294-0094 (facsimile)
Steven Cohn, Esq.
Jeffrey H. Weinberger, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| Lehman Brothers Holdings, Inc., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | |

---------------------------------------------------------X

| | |
|---|---|
| Lehman Brothers Holdings, Inc., | Adv. Proc. No. 21-01071 |
| Plaintiff, | **ANSWER OF DEFENDANT UNITED NORTHERN MORTGAGE BANKERS, LTD.** |
| - against - | |
| United Northern Mortgage Bankers, Ltd., | **JURY TRIAL DEMANDED** |
| Defendant. | |

---------------------------------------------------------X

**DEFENDANT UNITED NORTHERN MORTGAGE BANKERS, LTD.** ("United Northern"), by its undersigned attorneys, as and for its Answer to the Amended Complaint of Plaintiff/Chapter 11 Debtor Lehman Brothers Holdings, Inc. (the "Complaint"), alleges as follows:

1. Does not respond to the statement of Plaintiff's objectives set forth in Paragraphs 1 and 3 of the Complaint, except: (i) denies selling "defective mortgage loans," and/or breaching any contractual "representations, warranties, obligations or covenants;" (ii) denies that Plaintiff is entitled to contractual indemnification from it on the loan transactions identified therein, and (iii) objects to Plaintiff's use of the defined term "Defective Loans" to describe those transactions.

1

2. With respect to the allegations set forth in Paragraph 2 of the Complaint: (i) denies having knowledge or information sufficient to form a belief as to what Plaintiff or its predecessors may have relied upon; (ii) admits to a general awareness that prior to filing for bankruptcy Plaintiff or its assignor Lehman Brothers Bank ("LBB") had "securitized certain loans … which were marketed and sold to third-party investors;" (iii) denies having knowledge or information sufficient to form a belief as to what representations or warranties were made by Plaintiff or LBB with regard to loans purchased from it; (iv) admits that Plaintiff has preserved the right to pursue indemnification with respect to loans purchased from it; (v) denies having knowledge or information sufficient to form a belief as to the appointment or actions of so-called "RMBS Trustees;" (vi) defers to the "RMBS Order" identified therein for an accurate recitation of its content; and (vii) denies having knowledge or information sufficient to form a belief as to Plaintiff's settlements of "other RMBS Trustee claims," including but not limited to those identified in footnote 1 thereto.

3. Denies having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraph 4 of the Complaint.

4. Admits the allegations set forth in Paragraph 5 of the Complaint.

5. Does not respond to the jurisdictional allegations set forth in Paragraphs 6-9 of the Complaint, all of which are stated as legal conclusions, except acknowledges the Court's subject matter and personal jurisdiction in this adversary proceeding.

6. Denies having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraph 10 of the Complaint.

7. Admits the allegations set forth in Paragraph 11 of the Complaint.

8. With respect to Paragraph 12 of the Complaint, admits that Plaintiffs' claims in this action arise from a certain Loan Purchase Agreement between it and LBB.

9. With respect to Paragraph 13 of the Complaint, respectfully refers to Exhibit A thereto for the correct dates of all relevant Loan Purchase Agreements.

10. With respect to Paragraphs 14-16 of the Complaint, respectfully refers to the Loan Purchase Agreement to which it and LBB were parties (the "Subject LPA") and to the Aurora Loan Services "Seller's Guide" referenced therein, a copy of which has not been provided, for an accurate recitation of their terms and conditions; and does not respond to the legal conclusion that the Seller's Guide is "valid and binding on Defendant," in whole or in part.

11. Denies the allegations set forth in Paragraph 17 of the Complaint.

12. With respect to Paragraph 18 of the Complaint, respectfully refers to the Subject LPA and the Seller's Guide for an accurate recitation of their terms, conditions and definitions.

13. Denies having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraph 19 of the Complaint.

14. With respect to Paragraph 20 of the Complaint, respectfully refers to the Seller's Guide for an accurate recitation of its terms.

15. Denies the allegations set forth in Paragraph 21 of the Complaint.

16. With respect to Paragraphs 22-25 of the Complaint: (i) admits that pursuant to the "Subject LPA" it made various representations and warranties to LBB regarding the transactions purchased thereunder, and respectfully refers to the Subject LPA itself for an accurate recitation of such representations and warranties.

17. With respect to Paragraphs 26-27 of the Complaint: (i) denies having knowledge or information sufficient to form a belief as to what LBB and/or Plaintiff may have relied upon; and (ii) respectfully refers to Section 711 of the Seller's Guide for an accurate recitation of its content.

18. Denies having knowledge or information sufficient to form a belief as to how LBB carried loans purchased under the Subject LPA on its books, as alleged in Paragraph 28 of the Complaint, and admits upon information and belief that some loans were eventually securitized.

19. Denies having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraphs 29-34 of the Complaint.

20. With respect to Paragraph 35 of the Complaint, respectfully refers to the settlement agreement and "RMBS Order" referenced therein for an accurate recitation of their respective terms and the events of the so-called "Estimation Proceeding;" and (ii) denies having knowledge or information sufficient to form a belief as to the terms of Plaintiff's alleged settlements of "other RMBA Trustee claims."

21. Denies having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraphs 36-37 of the Complaint.

22. Does not respond to the legal conclusions set forth in Paragraphs 38-40 of the Complaint.

23. Denies the allegations set forth in Paragraphs 41-42 of the Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in Paragraphs 43-45 of the Complaint.

25. With respect to Paragraph 46 of the Complaint, denies that the "at-issue loans" which LBB allegedly purchased from it were defective, generally or as indicated in Exhibit B thereto.

**Responding to the First Claim for Relief:**

26. With respect to paragraph 47 of the Complaint, incorporates by reference each and every response set forth above.

27. Does not respond to the legal conclusions set forth in Paragraph 48 of the Complaint.

28. Denies the allegations set forth in Paragraphs 49-51 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. The First Claim for Relief fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. If Plaintiff and/or LBB in fact sustained any losses arising from the loan transactions identified in Exhibit B to the Complaint, then such losses were caused solely by LBB's own reckless conduct in connection with those loans' securitization and resale, for which United Northern should not be held responsible.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Plaintiff has not sustained any injury as a proximate result of any actions on the part of United Northern.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred under the doctrines of waiver, consent and ratification.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred under the applicable statute of limitations

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by reason of its own unclean hands and the unclean hands of its assignor, LBB, and under the doctrine of *in pari delicto*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

35. Any financial injury purportedly sustained by Plaintiff or its assignor LBB arising out of conduct attributable to United Northern was caused by the intervening actions or omissions of persons other than United Northern (including but not limited to Aurora Loan Services, LLC), which superseded any conduct on the part of United Northern for which it might otherwise be potentially deemed accountable.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

36. Plaintiff has failed to mitigate its damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

37. Plaintiff's alleged damages must be reduced based upon its own comparative or contributory negligence.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

38. Should Plaintiff be awarded any damages herein, United Northern would be entitled to indemnification and/or contribution, in whole or in part, from any and all other persons or entities whose conduct may be found to have been the proximate cause of such damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

39. Upon information and belief, Plaintiff was fully paid with respect to loan No. ****7993 to Jesus Carillo identified on Exhibit B to the Complaint, and thus has incurred no damages on that transaction. Accordingly, the Complaint must be dismissed with respect to the Carillo loan.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

40. Upon information and belief, Plaintiff incurred no loss with respect to loan No. ****4705 to Donna Vitale. Further, as a "stated" (i.e., no income-verification) loan, the Vitale transaction could not have been subject to a misrepresentation of income, as Plaintiff has alleged.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41. Upon information and belief, Plaintiff incurred no loss with respect to loan No. ****3137 to Bernice Jackson (the "Jackson Loan"). Further, Plaintiff or its predecessor LBB accepted the borrower's representation of occupancy in lending her an additional $128,000, raising her total indebtedness to $500,097.82 while improperly subordinating United Northern's mortgage to a new restructured obligation, without notice.

42. Further upon information and belief, United Northern is not the proper party-defendant with respect to the Jackson Loan. Therefore, the Complaint must be dismissed with respect to the Jackson Loan for lack of a necessary party.

**Demand for Jury:**

43. Defendant United Northern hereby demands a trial by jury on all claims as against it, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, defendant United Northern Mortgage Bankers, Ltd. respectfully demands judgment dismissing the Complaint, with prejudice, and together with such other and further relief as the Court may deem just and proper.

Dated: Carle Place, NY
April 26, 2021

**STEVEN COHN, P.C.**
Attorneys for defendant United
Northern Mortgage Bankers, Ltd.

By: */s/ Jeffrey H. Weinberger*
**Jeffrey H. Weinberger**

One Old Country Road-Suite 420
Carle Place, New York 11514
(516) 294-6410