**Presentment Date: June 14, 2021, at 9:00 a.m. (Eastern Time)**
**Objection Deadline: June 11, 2021 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time: To be Scheduled Only if an Objection is Filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*And Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
:
In re                                                         :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.,** :   **08 - 13555 (SCC)**
:
Debtors.                                              :   **(Jointly Administered)**
:
------------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF MOTION FOR FINAL DECREE CLOSING
CERTAIN CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

PLEASE TAKE NOTICE that Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, will present the annexed Motion for Final Decree Closing Certain of the Debtors' Chapter 11 Cases Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 (the "Motion") and proposed order (the "Proposed Order") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **June 14, 2021 at 9:00 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the Motion and the Proposed Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned

so as to be received by **June 11, 2021 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Proposed Order may be signed. If a written objection is timely served and filed, a hearing (the "Hearing") will be scheduled to consider the Motion and the Proposed Order before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 623, One Bowling Green, New York, New York 10004. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: May 27, 2021
      New York, New York

/s/ Garrett A. Fail
Jacqueline Marcus
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

Presentment Date: June 14, 2021, at 9:00 a.m. (Eastern Time)
Objection Deadline: June 11, 2021 at 4:00 p.m. (Eastern Time)
Hearing Date and Time: To be Scheduled Only if an Objection is Filed

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
And Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                                      :       **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.,**:       **08 - 13555 (SCC)**
:
Debtors.                       :       **(Jointly Administered)**
:
------------------------------------------------------------x

**MOTION FOR FINAL DECREE CLOSING LEHMAN
BROTHERS SPECIAL FINANCING INC.'S CHAPTER 11 CASE PURSUANT TO
SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator"), respectfully represents:

**Relief Requested**

1. By this motion, the Plan Administrator requests entry of a final decree closing the chapter 11 case of Lehman Brothers Special Financing Inc. (Case No. 08-1388) (the "Closing Debtor"), pursuant to section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"). The Plan Administrator has liquidated all of the

Closing Debtor's assets, resolved all of its disputed claims, and made its final Plan Distribution. Closing this chapter 11 case is therefore appropriate and will allow this Closing Debtor to cease incurring administrative fees. A closing report is attached hereto as Exhibit A (the "Closing Report"). A proposed form of final decree is attached hereto as Exhibit B.

**Background**

2. Beginning on September 15, 2008, and on various dates thereafter (the "Commencement Date"), each of the debtors in the above-captioned chapter 11 cases (the "Chapter 11 Entities")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On December 6, 2011, this Court entered an order (the "Confirmation Order") [ECF No. 23023] confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [ECF No. 22973] (the "Plan"). The Plan became effective on March 6, 2012 (the "Effective Date").

---

[1] The twenty-three Chapter 11 Entities are: Lehman Brothers Holdings Inc., LB 745 LLC, PAMI Statler Arms LLC, Lehman Brothers Commodity Services Inc., Lehman Brothers Special Financing Inc., Lehman Brothers OTC Derivatives Inc., Lehman Brothers Derivatives Products Inc., Lehman Commercial Paper Inc., Lehman Brothers Commercial Corporation, Lehman Brothers Financial Products Inc., Lehman Scottish Finance L.P., CES Aviation LLC, CES Aviation V LLC, CES Aviation IX LLC, East Dover Limited, Luxembourg Residential Properties Loan Finance S.a.r.l., BNC Mortgage LLC, Structured Asset Securities Corporation, LB Rose Ranch LLC, LB 2080 Kalakaua Owners LLC, Merit LLC, LB Somerset LLC, and LB Preferred Somerset LLC. The cases of LB 2080 Kalakaua Owners LLC, LB Preferred Somerset LLC, LB Somerset LLC, LB 745 LLC, PAMI Statler Arms LLC, CES Aviation LLC, CES Aviation V LLC, and CES Aviation IX LLC were closed on January 28, 2016 [ECF No. 51920]. The cases of East Dover Limited, Luxembourg Residential Properties Loan Finance S.a.r.l., and Merit LLC were closed on December 15, 2016 [ECF No. 54163]. The cases of LB Rose Ranch LLC, Lehman Scottish Finance L.P., Lehman Brothers Financial Products Inc., and Lehman Brothers Derivatives Products Inc. were closed on June 14, 2018 [ECF No. 58257]. The cases of Lehman Brothers Commercial Corporation, Lehman Brothers Commodity Services Inc., and Structured Asset Sercurities Corporation were closed on February 11, 2019 [ECF No. 59472]. The cases of Lehman Brothers OTC Derivatives Inc., Lehman Commercial Paper Inc, and BNC Mortgage LLC were closed on May 4, 2020 [ECF No. 60623].

4.      Pursuant to the Plan, the Plan Administrator has the authority and right on behalf of each of the Chapter 11 Entities to carry out and implement all provisions of the Plan. The Plan Administrator has made significant progress in asset recovery and claims resolution for each of the Debtors. To date, the Plan Administrator has made distributions to creditors totaling approximately $128.8 billion, of which $95.8 billion were payments on account of third party claims against the Chapter 11 Entities. Since the Effective Date, twenty one of the twenty three Chapter 11 Cases were closed pursuant to final decrees issued by the Court on January 28, 2016 [ECF No. 51920], December 15, 2016 [ECF No. 54163], June 14, 2018 [ECF No. 58257], February 11, 2019 [ECF No. 59472] and May 4, 2020 [ECF No. 60623].

### Jurisdiction and Venue

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Basis for Relief Requested

6.      Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

7.      The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 provides, in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the

3

property proposed by the plan to be transferred has been transferred, (4) whether the debtor [or its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

Fed. R. Bankr. P. 3022, Advisory Comm. Note.

8.   Courts have generally used the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See, e.g., In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531 (Bankr. E.D.N.Y. 1999); *In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997); *In re Mold Makers, Inc.*, 124 B.R. 766 (Bankr. N.D. Ill. 1990). The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Mold Makers*, 124 B.R. at 768-69; *see also Walnut Associates v. Saidel*, 164 B.R 487 (E.D. Pa. 1994).

### The Closing Debtor's Chapter 11 Case Has Been Fully Administered

9.   The Closing Debtor's chapter 11 case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing this case. Specifically, with respect to the Closing Debtor:

- the Confirmation Order is final and non-appealable;
- the Plan has gone effective;
- the transactions contemplated by the Plan have been consummated;
- all claims filed against the Closing Debtor have been either allowed or disallowed;

4

- all payments required under the Plan by the Closing Debtor to its Creditors have been made; and

- the Closing Debtor is not party in any active adversary proceeding or contested matter pending before this Court.[2]

Based upon the foregoing, the Plan Administrator submits it is appropriate to close the chapter 11 case of this Closing Debtor.

10. Section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the U.S. Trustee after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Unless and until the Court enters a final decree closing the chapter 11 case of this Closing Debtor, quarterly fees will continue to accrue. Inasmuch as there are no further assets or liabilities for the Closing Debtor to administer in the Bankruptcy Court, the Plan Administrator has determined that it is prudent to close the chapter 11 case of the Closing Debtor at this time to stop the accrual of further U.S. Trustee fees.

11. The Closing Debtor has made Distributions under the Plan of $15,531,950,533 in the aggregate. A breakdown of Distributions by the Closing Debtor made to date and the final distribution made by the Closing Debtor are included in the Closing Report.

12. The Closing Debtor will pay all outstanding U.S. Trustee fees due and owing for their chapter 11 case.

13. Accordingly, the Plan Administrator submits ample justification exists for entry of a final decree closing the chapter 11 case of the Closing Debtor.

**The Final Distribution**

14. Under the Plan and the Order In Aid of Execution of The Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors, dated January 31, 2013 [ECF No. 34348] (the "<u>Order in Aid of Execution</u>"), Distributions of Available

---

[2] The Closing Debtor will work to administratively close any dockets that remain open.

5

Cash are to be made semi-annually on or about March 30 and September 30 of each year.  Plan, § 8.3.

15. The Closing Debtor made its final distribution of $14,674,433 on the ordinary scheduled distribution date of April 1, 2021, and seeks authorization to close its chapter 11 case.

**The Closing Report**

16. In accordance with the requirements of Local Bankruptcy Rule 3022-1, annexed hereto as <u>Exhibit A</u> is the Closing Report.  The Closing Report has also been filed with the Clerk of the Court contemporaneously herewith.

**Notice**

17. Notice of this Motion has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the creditors of the Closing Debtor; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 27, 2021
      New York, New York

    /s/ Garrett A. Fail
    Jacqueline Marcus
    Garrett A. Fail
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    *Attorneys for Lehman Brothers Holdings Inc.*
    *and Certain of Its Affiliates*

**EXHIBIT A**
**CLOSING REPORT**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                                                            :        Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC. et al.,    :        08 – 13555 (SCC)
:
    Debtors.                                                                 :        (Jointly Administered)
:
---------------------------------------------------------------x

# CLOSING REPORT IN LEHMAN BROTHERS SPECIAL FINANCING INC.'S CHAPTER 11 CASE

To the best of my knowledge and belief, the following is a breakdown in the Closing Debtor's case:

FEES AND EXPENSES (from case inception through the Effective Date of the Plan):

$838,466,000 (approximate) FEE for ATTORNEY for DEBTORS[1]

$988,769,000 (approximate) OTHER PROFESSIONAL FEES and EXPENSES for DEBTORS[2]

      N/A       TRUSTEE FEE (if applicable)

      N/A       FEE for ATTORNEY for TRUSTEE (if applicable)

    The Closing Debtor has made or will make the following distributions:

---

[1] Professional fees for the Debtors' attorneys and other professionals have been reported in the aggregate amount for all Debtors, including the Closing Debtor. In accordance with the Plan, the Closing Debtor has been allocated its share of the professional fees and expenses, which share has been paid in full.

[2] *See supra* footnote 1.

| Debtor | Plan Class | TOTAL % DISTRIBUTION | TOTAL INTERIM $ DISTRIBUTIONS | FINAL $ DISTRIBUTIONS | TOTAL $ DISTRIBUTIONS |
|---|---|---|---|---|---|
| **LEHMAN BROTHERS SPECIAL FINANCING INC.** | | | | | |
| | LBSF CLASS 03 - GUC CONVENIENCE | 32.00% | $ 1,812,842 | $ - | $ 1,812,842 |
| | LBSF CLASS 04A - GUC NOT RACERS TRUST | 40.40% | 8,068,633,930 | 7,458,617 | 8,076,092,547 |
| | LBSF CLASS 04B - GUC RACERS TRUST | 20.49% | 398,637,761 | 377,257 | 399,015,018 |
| | LBSF CLASS 05A - AFFILIATE CLAIMS OF LBHI | 40.99% | 6,213,766,898 | 6,039,739 | 6,219,806,637 |
| | LBSF CLASS 05B - AFFILIATE CLAIMS PARTICIPATING DEBTORS | 33.68% | 175,483,879 | 166,072 | 175,649,951 |
| | LBSF CLASS 05C - AFFILIATE CLAIMS | 39.90% | 673,615,223 | 632,758 | 674,247,981 |
| **Grand Total** | | | $ 15,531,950,533 | $ 14,674,443 | $ 15,546,624,976 |

Dated: May 27, 2021
      New York, New York

                       Lehman Brothers Holdings Inc., as Plan
                       Administrators for the Closing Debtor

By:    */s/ Kristine Dickson*
         Name: Kristine Dickson
         Title:  Chief Financial Officer

2

**EXHIBIT B**
**PROPOSED FINAL DECREE**

3

WEIL:\97992083\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                              :        Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC.,        :        08 - 13555 (SCC)
:
    et al., Debtors.                                       :        (Jointly Administered)
:
------------------------------------------------------------x

### FINAL DECREE CLOSING LEHMAN BROTHERS SPECIAL FINANCING INC.'S CHAPTER 11 CASE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

Upon the motion, dated May 27, 2021 (the "Motion"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator"), pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 for entry of a final decree closing the chapter 11 case of Lehman Brothers Special Financing Inc (the "Closing Debtor"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and no objections having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, the chapter 11 case of the Closing Debtor is hereby closed effective as of the date hereof; provided, however, that the Court shall retain such jurisdiction as is provided in Article 14 of the Plan (Retention of Jurisdiction), and the entry of this Final Decree is without prejudice to the rights of the Closing Debtor or any party in interest to seek to reopen the Closing Debtor's chapter 11 case for cause shown; and it is further

ORDERED that the Plan Administrator shall not be required to recognize any claim transfer occurring after June 11, 2021; and it is further

ORDERED that the Plan Administrator is not required to publish notice of the final distributions for the Closing Debtor; and it is further

ORDERED that all U.S. Trustee fees due and owing for the Closing Debtor shall be paid following entry of this Final Decree; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Decree.

Dated: May 27, 2021
      New York, New York

                                             UNITED STATES BANKRUPTCY JUDGE