**Presentment Date and Time: July 1, 2021 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 25, 2021 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time: To be scheduled if an Objection is filed**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*And Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
                                                                :
**In re**                                                       :        **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC., et al.,** :        **08 - 13555 (SCC)**
                                                                :
        **Debtors.**                                            :        **(Jointly Administered)**
                                                                :
--------------------------------------------------------------- x

## NOTICE OF PRESENTMENT OF MOTION OF THE PLAN ADMINISTRATOR FOR AN ORDER AUTHORIZING A VOLUNTARY FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF

PLEASE TAKE NOTICE that Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, will present the annexed *Motion of the Plan Administrator for an Order Authorizing a Voluntary Final Distribution For Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief* (the "Motion") and proposed order (the "Proposed Order") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **July 1, 2021 at 10:00 a.m. (Prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the Motion and the Proposed Order, with proof of service, is served and filed with the Clerk of the

Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **June 25, 2021 at 4:00 p.m. (Prevailing Eastern Time)**, there may not be a hearing and the Proposed Order may be signed.  If a written objection is timely served and filed or if otherwise requested by the Court, a hearing (the "Hearing") will be scheduled to consider the Motion and the Proposed Order.  Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: May 28, 2021
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (SCC)**
                                                       :
                        **Debtors.**                   :    **(Jointly Administered)**
-------------------------------------------------------------------x

## MOTION OF THE PLAN ADMINISTRATOR FOR AN ORDER AUTHORIZING A VOLUNTARY FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

*Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan"),[1] respectfully represents:

### Proposed Final Distribution

1.      The Plan charged the Plan Administrator with the obligation to maximize

the value of the Debtors' estates for holders of Allowed Claims – both the aggregate dollar value

of Plan Distributions over time and the time value based on the speed of Distributions.[2]   In

connection with that mandate, the Plan Administrator has overseen twenty-two Plan

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

[2] *See* Plan §6.1(b); Plan Trust Agreement §1.1 (Exhibit C, ECF No. 21254) (The Plan Administrator "shall . . . in an expeditious but orderly manner, make timely distributions . . . and not unduly prolong the duration of the Plan Trust.").

Distributions totaling approximately $96 billion to third-party creditors over nine-and-a-half years. It has made final distributions for twenty-two of the twenty-three Debtors in these cases, including 100% distributions to creditors of ten of the Debtors and final distributions on account of approximately 15,170 Allowed Claims.

2.    LBHI itself has made final Distributions to holders of 8,755 Allowed Claims in LBHI Class 1, LBHI Class 2, LBHI Class 6A, and LBHI Class 6B on or about the Plan Effective Date. Subsequently, LBHI satisfied in full 3,099 other Allowed Claims in accordance with the Plan. Most recently, LBHI facilitated final payments to 1,590 holders of 4,438 other Allowed Claims against LBHI through a Court-approved auction process. Notwithstanding the foregoing and the considerable creditor consolidation resulting from claims trading, LBHI continues to administer Distributions to approximately 12,479 Claims held by approximately 5,032 third-party creditors across six Plan Classes (LBHI Class 3, LBHI Class 4A, LBHI Class 4B, LBHI Class 5, LBHI Class 7, and LBHI Class 9A (collectively, the "Eligible Classes")). The aggregate amount of the remaining Claims in the Eligible Classes is approximately $181 billion.

3.    The Plan Administrator has published balance sheets and estimates of future cash flows for the Debtors since the Effective Date. It filed the most current balance sheets and estimates of future Distributions (by Eligible Class) contemporaneously with this Motion. *See* ECF No. 61142 (Quarterly Financial Report as of April 1, 2021 (Unaudited) (the "Q1 2021 Financial Report")). Three takeaways from the Plan Administrator's public reporting are important to highlight. First, the Plan Administrator estimates that its liquidation of LBHI's remaining assets will yield, over time, additional Distributions of approximately $1.1 billion, subject to various important notes, caveats, and considerations disclosed in the Q1 2021

Financial Report.[3]    Second, the Plan Administrator's estimate of LBHI's remaining assets is approximately 1.0% of LBHI's Distributions to third parties to date.    This estimate will yield additional Distributions of between 0.459% to 0.699% of the Allowed amount of Claims in the Eligible Classes, subject to the same notes, caveats, and considerations.[4]    Third, even at this late stage, the timing of LBHI's ultimate liquidation and the ultimate remaining amount available for Distribution cannot be determined with precision; both depend primarily on the inherently-uncertain resolution of various significant litigations in other courts and recoveries from a number of LBHI's foreign, non-controlled affiliates.

4.    The Plan Administrator estimates that creditors in the Eligible Classes will receive additional aggregate Cash Distributions that range from twelve cents ($0.12) to $122 million over time.    A stratification analysis of these creditors reveals that the overwhelming *majority in number* of creditors will recover the *overwhelming minority in amount* of future Distributions over time.    Specifically, 90% of remaining third-party creditors will recover less than 1% (approximately 0.71%) of all future Distributions.

5.    Most of LBHI's remaining creditors will receive the smallest Distributions.    More than 3,100 creditors (approximately 61% of all remaining holders of Allowed Claims) will receive less than $1,000 in aggregate additional semi-annual Distributions over time.    In total, approximately 4,523 creditors will receive less than $25,000.[5]    The number of creditors and the range of estimated future Distributions is illustrated in the following chart:

---

[3] *See* Q1 2021 Financial Report.

[4] The Claims pools are essentially stable at this point, as virtually all Disputed Claims have been resolved.

[5] Each creditor estimated to receive future Distributions totaling less than $25,000 on account of the aggregate of all of their Claims are referred to herein as the "Eligible Creditors," and their Allowed Claims, the "Eligible Claims."

| Number of Creditors | Range of Estimated Future Distributions | Percentage of Estimated Future Distributions |
|---|---|---|
| 1,942 | <$500 | 0.05% |
| 1,122 | $500 to $1,000 | 0.07% |
| 1,081 | $1,001 to $5,000 | 0.20% |
| 281 | $5,001 to $15,000 | 0.22% |
| 97 | $15,001 to $25,000 | 0.17% |
| **Total: 4,523** | | **0.71%** |

The remaining 509 creditors that represent 10% in number of LBHI's creditors are anticipated to recover in excess of $25,000 each and over 99% of all future Distributions in aggregate.

6.     Pursuant to its mandate to maximize the speed and amount of Distributions to creditors, and given the small proportion of remaining expected Distributions to the vast majority of creditors, the Plan Administrator hereby seeks authority to provide Eligible Creditors with a single, final Distribution on their Allowed Claims (the "Final Distribution"). The amount of the Final Distribution will be calculated based on LBHI's "Estimated Remaining Creditor Recoveries" disclosed in the Q1 2021 Financial Report. If the Final Distribution is approved, LBHI will be able to satisfy LBHI's obligations for up to 90% of remaining creditors and 46% of remaining Allowed Claims for an aggregate Final Distribution of approximately $8 million. Thereafter, as few as 509 third-party creditors holding 6,693 Allowed Claims would remain eligible for future Distributions.

7.     The proposed Final Distribution will be voluntary. The requested relief will provide Eligible Creditors with the opportunity to receive a Final Distribution potentially years ahead of when they otherwise would receive Distributions under the Plan. But Eligible Creditors that do not want to receive a Final Distribution may opt out. Eligible Creditors that opt out will continue to receive Distributions over time, subject to and in accordance with the Plan. Given the contingent nature of LBHI's remaining assets and fluctuations of foreign currency

exchange rates, the Plan Administrator cannot assure that a Final Distribution will be the same, greater, or less than the total of continued Plan Distributions over time. Actual Distributions may vary materially from estimates. Each Eligible Creditor can make its own decision with respect to its Eligible Claims.[6] Accordingly, no Eligible Creditor will be harmed by the relief requested.

8.      Likewise, a Final Distribution will not meaningfully impact the recovery of any creditor that is not an Eligible Creditor. As described below, such creditors will benefit from any reduced administrative costs associated with administering smaller claims and creditor populations. Moreover, in the context of LBHI's case, the amount of the Final Distribution is immaterial compared to the amount of LBHI's third-party Plan Distributions to date, LBHI's estimated future Distributions, and Allowed Claims eligible for Distributions.

9.      In addition, creditors with Allowed Claims that are not Eligible Claims because such creditors are anticipated to receive more than $25,000 in future Distributions on account of their Allowed Claims (collectively, the "Non-Eligible Creditors") will be permitted to become Eligible Creditors and participate in the Final Distribution by affirmatively opting in and agreeing to accept a $25,000 payment in full and final satisfaction of all of LBHI's future obligations to such creditor. Creditors that do not opt in to participate as Eligible Creditors will benefit from a reduced claims pool, including to the extent Non-Eligible Creditors affirmatively opt in to the Final Distribution.

---

[6] Eligible Creditors can weigh, among other considerations, certainty of the amount and time value of a Final Distribution against the potential for higher or lower and faster or slower Plan Distributions over time. Some Eligible Creditors may view a Final Distribution as forgoing potential upside on LBHI's asset recovery; others may view a Final Distribution as de-risking potential downside of holding its investment in LBHI's future cash flows, which are primarily dependent on the outcome of pending litigations. All Eligible Creditors should review carefully the Q1 2021 Financial Report, which identifies important assumptions, caveats, and notes underlying the "Estimated Remaining Recovery" percentages disclosed therein.

10.    The Plan Administrator proposes to make the Final Distribution to Eligible Creditors on the regularly-scheduled twenty-third Distribution Date ("D23"), expected to occur on October 7, 2021.   The Plan Administrator will continue to make Plan Distributions in accordance with the Plan to all other creditors on D23 and thereafter.

### Relief Requested

11.    Pursuant to sections 105(a), 1141(b) and 1142 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2002 of the Federal Rules of Bankruptcy Procedure, the Plan Administrator requests entry of an order substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"):

    a.    approving the population of creditors eligible to participate in and the procedures for the Final Distribution;

    b.    approving the form of notice of the Final Distribution that will be sent to Eligible Creditors (the "Final Distribution Notice"), a copy of which is attached as Exhibit-1 to the Proposed Order;

    c.    approving the form with which Eligible Creditors that do not want to receive a Final Distribution can opt out (the "Opt Out Form"), a copy of which is attached as Exhibit-1A to the Proposed Order;

    d.    approving the form of notice of the Final Distribution that will be sent to Non-Eligible Creditors (the "Non-Eligible Creditors Notice"), a copy of which is attached as Exhibit-2 to the Proposed Order;

    e.    approving the form with which Non-Eligible Creditors can opt-in to participate in the Final Distribution (the "Opt In Form"), a copy of which is attached as Exhibit-2A to the Proposed Order; and

    f.    authorizing the Plan Administrator to effectuate, cancel, or delay the Final Distribution in the Plan Administrator's sole discretion.

12.    In support of this Motion, the Plan Administrator has filed the *Declaration of Anton Kolev in Support of Motion of the Plan Administrator for an Order Authorizing Voluntary Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief*, attached hereto as **Exhibit A** (the "Kolev Declaration").

13.    A summary of the timeline of events proposed by this Motion is below:

| Date | Filing / Event / Deadline |
| --- | --- |
| June 25, 2021 at 4:00 p.m. (ET) | Deadline to object to this Motion.<br>**NOTE:  Eligible Creditors do <u>not</u> need to object to this Motion to opt out of the Final Distribution.** |
| To be scheduled on or around July 1, 2021 | If necessary, hearing to consider entry of Proposed Order. |
| July 1, 2021 | Record date for sending proposed notices and forms to Eligible Creditors and Non-Eligible Creditors. |
| July 7, 2021 | Plan Administrator to mail proposed notices and forms to Eligible Creditors and Non-Eligible Creditors. |
| August 28, 2021 | Record date for D23 and Final Distribution. |
| September 10, 2021 | Deadline for submission of completed Opt Out and Opt In Forms. |
| September 30, 2021 | Plan Administrator to disclose aggregate amount of Final Distribution. |
| On or around October 7, 2021 | D23 and Final Distribution. |

## **<u>Jurisdiction</u>**

14.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157. Pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to these chapter 11 cases, including, without limitation, those set forth in Article XIV of the Plan.  (Confirmation Order ¶ 77.)  Section 14.1 of the Plan, in turn, provides for the retention by the Court of exclusive jurisdiction to, among other things, "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code." (Plan § 14.1.)

## Background

15.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

16.     On December 6, 2011, the Court approved and entered an order confirming the Plan (ECF No. 23023) (the "Confirmation Order").  The Plan became effective on March 6, 2012.

17.     The Plan Administrator is authorized pursuant to the Plan to exercise its reasonable business judgment as necessary to maximize Distributions to holders of Allowed Claims.  (Plan § 6.1(b)(iii).)  The Plan Administrator is also authorized to "perform other duties and functions that are consistent with the implementation of the Plan."  (*Id.* § 6.1(b)(xiv).)

18.     The Plan provides for semi-annual Plan Distributions of Available Cash, subject to certain conditions and exceptions.  (*Id.* § 8.3 ("each Debtor shall make Distributions of Available Cash in accordance with the Plan to holders of Allowed Claims against such Debtor semi-annually"); *Id.* § 8.5 ("no payment of less than $500 shall be made by any Debtor to any holder of an Allowed Claim . . ."); *Id.* § 8.8 (the Plan Administrator "may require, as a condition to receipt of a Distribution, that the holder of an Allowed Claim . . . provide a completed Form W-8, W-9 and/or other tax information deemed necessary in the sole discretion of the Plan Administrator . . .").)  To date, the Plan Administrator has overseen twenty-two Plan Distributions.

19.     On May 28, 2021, the Plan Administrator filed the Q1 2021 Financial Report, which disclosed "Estimated Cash Available for Distributions" for LBHI as of April 1, 2021.  (*See* Q1 2021 Financial Report, pg. 6.)  The Q1 2021 Financial Report also disclosed "Estimated Future Recovery" percentages for, among others, each Class of Allowed Claims

against LBHI, again as of April 1, 2021.  (*Id.* at 10.)  Between April 1, 2021, and the date hereof, there have been no material changes to the Plan Administrator's estimates that were not disclosed in the Q1 2021 Financial Report.

20.    The Plan Administrator has scheduled D23 for on or about October 7, 2021.

## Notice Procedures and Record Dates

21.    The Plan Administrator proposes to send, by first class mail, the Final Distribution Notice to all Eligible Creditors and the Non-Eligible Creditors Notice to all Non-Eligible Creditors, in each case to the primary address provided by the holder of record as of July 1, 2021 (the "Mailing Record Date").  To the extent feasible, the Plan Administrator will also (a) send a copy of each notice by email to the applicable recipient and additional addresses, as applicable and (b) translate the Final Distribution Notices and Non-Eligible Creditors Notice into the most frequently spoken languages in the foreign jurisdictions that the Eligible Creditors and Non-Eligible Creditors most commonly reside.  A copy of the translated notices will be publicly available and posted to https://dm.epiq11.com/lehman.

22.    Recognizing that, upon receipt of the Non-Eligible Creditors Notice, Non-Eligible Creditors may find it desirable to transfer their claims so that the transferees may become Eligible Creditors, the Plan Administrator further proposes to use August 28, 2021 (the "Final Distribution Record Date") as the record date for determining final eligibility for the Final Distribution (the same record date that will be used for D23).  With respect to any transfers that occur after the Mailing Record Date and prior to or on the Final Distribution Record Date, the Plan Administrator will serve a supplemental notice on any transferee identified in a notice of transfer filed on the Court's docket to ensure that such transferee receives notice of the proposed Final Distribution and a copy of the Opt Out Form or the Opt In Form, as applicable.

## Basis for Relief

**A.    The Court Has Authority to Authorize a Voluntary Final Distribution**

23.    The Court has broad authority pursuant to sections 105(a) and 1142 of the Bankruptcy Code to issue orders in aid of implementing the Plan and provisions of the Bankruptcy Code.

24.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).  Under Section 105(a), the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See*, *e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his order to meet differing circumstances.");  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 474 B.R. 76, 85 (S.D.N.Y. 2012) ("[B]ankruptcy courts are empowered to utilize their equitable powers under section 105 where appropriate 'to facilitate the implementation of other Bankruptcy Code provisions.'" (internal citations omitted)).

25.    Section 1142(a) of the Bankruptcy Code provides, in relevant part, that, "any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court." 11 U.S.C. § 1142(a).  Section 1142(b) of the Bankruptcy Code provides: "The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan."  11 U.S.C. § 1142(b); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has continuing

10

responsibilities to satisfy itself that the [p]lan is being properly implemented.") (internal citations and quotation marks omitted)).

26.     This Court historically relied on the Plan Administrator's post-confirmation estimates of the Debtors' remaining assets when it entered an order authorizing the Plan Administrator to retain assets in lieu of Cash as Distribution reserves for Disputed Claims in accordance with the Plan, expediting Distributions to the Debtors' Allowed creditors over the past Plan Distributions.  *See* ECF No. 25641; *see also* ECF Nos. 46276 (authorizing investments of large Disputed Claims reserves by Lehman Brothers Special Financing Inc. and Lehman Brothers Commercial Corporation in secured notes issued by LBHI); 50558 (authorizing investment of separate large Disputed Claim reserve in a separate secured note issued by LBHI).

27.     This Court also entered orders post-confirmation enabling the Plan Administrator to improve the administrative efficiency of administering the Debtors' and one of their affiliate's separate estates.  As the Court acknowledged in September 2019 when it approved a third-party, claims-consolidation auction process (the "Claims Consolidation Auction"), reducing the number of claims and creditors can reduce the costs and complexities of administering these chapter 11 cases, and a single distribution – as opposed to multiple over time – can reduce the cost to creditors as a proportion of their overall recovery.  *See* ECF Nos. 59903 (Order approving the procedures for the Claims Consolidation Auction); 60221 (Order authorizing the Plan Administrator to implement the results of the Claims Consolidation Auction); 60231 (listing 4,438 claims that were consolidated for administrative and Distribution purposes).  The Court approved a similar process in the SIPA proceeding of LBHI's affiliate Lehman Brothers Inc. ("LBI").[7]

---

[7] *See Order Approving (I) Accelerated Final Distribution Procedures; (II) the Form of the Notice of such Procedures; (III) the Form of the Election, Assignment, and Release (IV) the Population of Eligible Claims; and (V)*

28.     The Plan itself permitted the Plan Administrator to make one-time Distributions to Convenience Claims and Convenience Guarantee Claims against LBHI and five other Debtors to "avoid the administrative burden of tracking the transfers of these Claims, repeating the calculations of the Distributions to holders of such Claims, providing notices to holders of such Claims and preparing and mailing or wiring Distributions to holders of such Claims on each Distribution Date."    Confirmation Order ¶M.(iii).    (The Plan authorized Distributions to Convenience Claims up to $30,000 (an amount greater than the $25,000 maximum proposed for Final Distributions). Plan ¶5.3.[8])

29.     Separately, on several occasions during the post-confirmation wind down of these cases, this Court authorized the Plan Administrator to deviate from the timing of and procedures for the Plan's proscribed semi-annual Distributions for the benefit of the Debtors' creditors.    *See, e.g.,* ECF No. 34348 (authorizing, *inter alia*, the Plan Administrator to delay a Distribution Date by up to 30 days to enable collection and distribution of proceeds from the Debtors' then-largest asset); ECF No. 49458 (establishing additional requirement and forfeiture mechanism for certain Distributions); ECF No. 52950 (authorizing an additional Distribution Date); ECF Nos. 56904 (authorizing Plan Administrator to establish a Distribution Date in

---

the Form of the Notice of Electing Claims, Case No. 08-01420-(SCC) (Bankr. S.D.N.Y. May 31, 2018); *Order Approving the Trustee to Effectuate the Accelerated Final Distribution Election*, Case No. 08-01420-(SCC) (Bankr. S.D.N.Y. June 25, 2018); *see Notice of Claims Electing to Participate in the Accelerated Final Distribution Election*, Case No. 08-01420-(SCC) (Bankr. S.D.N.Y. August 29, 2018) (illustrating robust participation by creditors).    Several of LBHI's affiliates in foreign jurisdictions similarly undertook processes to simply the administration of their estates.    These include Lehman Brothers International (Europe) and Lehman Brothers Treasury Co. B.V. (in liquidation).    *See* ECF No. 59903 at 27-28 for further details.

[8] The Debtors estimated in their Disclosure Statement that approximately 13,000 Allowed Claims would be included in the administrative Convenience Classes and that the aggregate Distributions on such Claims would be approximately $60 million.    At the time, the Debtors estimated the aggregate premium being offered to the Convenience Classes was $13 million higher compared to the Recovery Analysis (defined in the Disclosure Statement) estimate of what would be received by other creditors of the Debtors.    The Debtors stated: "In the context of the Debtors' Chapter 11 Cases, such amount is not significant in light of the administrative benefit the Debtors will receive."    Disclosure Statement X.B.6.    Ultimately, each of the Convenience Classes received Distributions ahead of other creditors, but each received less than other creditors of the Debtors received over time. *See* ECF No. 61102 Ex. A.

advance of date set forth in the Plan).  In each of those instances, the Court found that the changes to and deviations or exceptions from the Plan did not rise to a "modification" of the Plan for purposes of section 1127(b) of the Bankruptcy Code.

30.    Other courts have similarly found that modifications that do not alter creditors' substantive rights are permissible.  *See, e.g., In re Johns-Manville Corp.*, 920 F.2d 121 (2d Cir. 1990) (finding a Trustee's motion to establish procedures to reduce administrative costs was not a "modification" within the meaning of section 1127(b) where "substantive rights of the Creditors" remain unchanged).  Recently, in *In re Sears Holdings Corp., et al.,* the Bankruptcy Court authorized the debtors, post confirmation, to make a one-time final payment in lieu of pro rata payments over time to 72% in number of allowed administrative expense claims that represented only 5% of the amount of allowed administrative expense claims.  In that case, the Bankruptcy Court approved payments of up to $15,000 per creditor to approximately 1,200 creditors, ahead of payments to other creditors and despite uncertainty of the timing or certainty of recovery to other similarly-situated, but larger, creditors, based on the administrative savings that would benefit remaining creditors.  (*See In re Sears Holdings Corp.*, *et al.*, Case No. 18-23538 (Bankr. S.D.N.Y.) [ECF Nos. 7888] (Order approving one-time final payment in lieu of pro rata payments over time).)

**B.**    **The Court Should Authorize the Final Distribution**

31.    The Court should authorize the Final Distribution and allow the vast majority in number of LBHI's creditors to end their thirteen-year involvement in these cases. Authorization is an appropriate use of the Court's power under Section 105(a) and 1142(b) of the Bankruptcy Code and is consistent with the purposes of the Bankruptcy Code and Bankruptcy Rules to protect the interests of creditors through prompt and efficient administration of distributions to their claims.

32.     As LBHI enters the final stages of its wind down, the costs of administering Distributions to a large creditor base represent an increasingly larger percentage of LBHI's regularly-scheduled, semi-annual Distributions of remaining assets, as those Distributions decrease in size.  Likewise, the transactional costs of processing the receipt of Distributions for the majority of LBHI's creditors that are foreign persons increases as a percentage of remaining Distributions for those creditors that are unable to deposit checks in U.S. dollars and must incur expenses to receive wire payments or convert Plan Distributions from U.S. dollars into their respective foreign currencies.

33.     In addition to providing up to 90% of all third-party creditors eligible for future Distributions from LBHI with finality and the estimated value of what is left to be paid on their Claims, a Final Distribution will also reduce the number of Allowed Claims and holders of such Claims, thereby reducing administrative expense for the benefit of the remaining creditors. The Final Distribution also allows Eligible Creditors to monetize their Eligible Claims, many of which are illiquid, without the additional cost or complication of a sale transaction.  Eligible Creditors may also be able to recognize losses on their Claims for tax purposes.

34.     To the extent any substantive rights of an Eligible Creditor would be modified by the relief requested, it would be done on a fully-consensual, voluntary basis.[9]  No

---

[9] It is well established in this and other courts in various contexts that opt out relief is considered voluntary.  *See, e.g.*, *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2018) (ECF No. 765) (confirming plan approving third party releases as consensual where voting creditors were afforded the opportunity to opt out of such releases); *In re RFID Corp.*, Case No. 17-10870 (JLG) (Bankr. S.D.N.Y. Aug. 31, 2017) (ECF No. 544) (confirming plan approving third party releases as consensual where abstaining creditors were required to opt out of such releases); Hr'g Tr. 43:6-11, *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2018) (ECF No. 926) (confirming plan and approving third party releases on a consensual basis from creditors that abstained from voting or voted to reject the plan but did not opt out of the releases on their ballot); Hr'g Tr. 139:20-140:25, *In re BCBG Max Azria Glob. Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. July 25, 2017) (ECF No. 624) (approving third party releases on a consensual basis by creditors that either rejected the plan, abstained from voting on the plan, or were deemed to reject the plan and who did not opt out of the releases); *In re Calpine Corp.*, 2007 WL 4565223, at *10 (approving third party releases on a consensual basis where "[s]uch releases by Holders of Claims and Interests provide for the release by Holders of Claims and Interests

creditor is being forced to participate.  All creditors will have ample time (65 days) to make their decision to opt out or opt in, as applicable.  *Compare with* Bankruptcy Rules 2002 (providing 28 day objection period for plan provisions) and 2019 (providing twenty-one-day objection period for plan modifications).

35.    The Motion does not propose any action that involuntarily alters the payment rights of any creditor or party in interest derived from the Plan.  Non-Eligible Creditors or Eligible Creditors that elect not to participate in the Final Distribution will continue to be paid in accordance with the terms and priority outlined in the Plan.  In addition, they will benefit from reduced administrative costs resulting from the Final Distribution and any upside from LBHI's liquidation over time.  The magnitude of the Final Distribution is immaterial to the recovery to non-participating creditors and compared to both LBHI's Plan Distributions to date and LBHI's anticipated future Distributions.

### Notice

36.    No trustee has been appointed in these chapter 11 cases.  The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635), has served notice of this motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all parties who have requested notice in these chapter 11 cases.  The Plan Administrator submits that no other or further notice need be provided.

---

that vote in favor of the Plan, who abstain from voting and choose not to opt out of the releases" and finding that such releases are consensual).

## **No Prior Request**

37.     No prior motion for the relief requested herein has been made to this or any other court.

## **Conclusion**

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  May 28, 2021
       New York, New York

*/s/ Garrett A. Fail*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

16

## Exhibit A

**Kolev Declaration**

WEIL:\97962980\14\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                              :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (SCC)**
:
                         **Debtors.**               :        **(Jointly Administered)**
:
------------------------------------------------------------------x

**DECLARATION OF ANTON KOLEV IN SUPPORT OF**
**MOTION OF THE PLAN ADMINISTRATOR FOR AN ORDER AUTHORIZING A**
**VOLUNTARY FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF**
**LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Anton Kolev, hereby declare as follows:

1.      I submit this declaration in support of the *Motion of the Plan Administrator for an Order Authorizing a Voluntary Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief* (the "Motion").[1]

2.      I am a Treasurer of Lehman Brothers Holdings Inc. ("LBHI") and have served in this role since April 2013. My responsibilities include managing and overseeing the semi-annual distributions of funds to creditors pursuant to the *Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan").

3.      The statements set forth in this declaration are based upon my personal knowledge in my capacity as Treasurer, my review of certain documentation in connection with the Final Distribution, information provided to me by LBHI's employees or advisors, and my opinion based upon knowledge and experience as Treasurer.

4.      All information presented in this declaration is as of May 28, 2021, unless otherwise noted, and is based on information available at this time. The information presented in

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

this declaration, including corrections, if any, may be materially updated in the future, and I reserve all rights to do so. The selected balances and information contained herein have not been and will not be subject to audit or review by external accountants.

5.      The following chart shows the aggregate amounts of LBHI's twenty-two Plan Distributions to third-parties through April 2021 and the Plan Administrator's estimate for remaining future Plan Distributions from LBHI:



6.      After accounting for Allowed Claims that have been split among multiple creditors and excluding Allowed Claims held by LBHI, there are approximately 12,479 Allowed Claims held by a total of approximately 5032 third-party creditors in LBHI Class 3, LBHI Class

4A, LBHI Class 4B, LBHI Class 5, LBHI Class 7, and LBHI Class 9A (the "Eligible Classes").[2]
Such claims have a total Allowed amount of approximately $181 billion. The following chart
illustrates the breakdown of such claims and shows that approximately 10% of creditors are
entitled to approximately 99% of the future distributions that will be made by LBHI on account
of such claims:

**STRATIFICATION OF REMAINING RECOVERIES (BY CREDITOR)**
$ millions

| Range of Est. Remain. Recoveries [2] | Creditor Population [1] | | | | Claim Population [1] | | | | | Estimated Remaining Recoveries [2] | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | By Range | | Cumulative | | By Range | | Cumulative | | Claim Amt. | By Range | | Cumulative | | |
| | # | % | # | % | # | % | # | % | $ | $ | % | # | % | |
| > $5m | 14 | 0.3% | 5,032 | 100.0% | 3,317 | 26.6% | 12,479 | 100.0% | $148,270 | $ 946.6 | 84.5% | $1,120.3 | 100.0% | |
| $1m - $5m | 43 | 0.9% | 5,018 | 99.7% | 972 | 7.8% | 9,162 | 73.4% | 17,316 | 90.5 | 8.1% | 173.8 | 15.5% | |
| $100k - $1m | 204 | 4.1% | 4,975 | 98.9% | 1,527 | 12.2% | 8,190 | 65.6% | 11,712 | 62.0 | 5.5% | 83.3 | 7.4% | |
| $25k - $100k | 248 | 4.9% | 4,771 | 94.8% | 877 | 7.0% | 6,663 | 53.4% | 2,599 | 13.4 | 1.2% | 21.4 | 1.9% | |
| $15k - $25k | 97 | 1.9% | 4,523 | 89.9% | 251 | 2.0% | 5,786 | 46.4% | 376 | 1.9 | 0.2% | 8.0 | 0.7% | |
| $5k - $15k | 281 | 5.6% | 4,426 | 88.0% | 711 | 5.7% | 5,535 | 44.4% | 488 | 2.5 | 0.2% | 6.1 | 0.5% | |
| $1k - $5k | 1,081 | 21.5% | 4,145 | 82.4% | 1,476 | 11.8% | 4,824 | 38.7% | 453 | 2.3 | 0.2% | 3.7 | 0.3% | |
| $500 - 1k | 1,122 | 22.3% | 3,064 | 60.9% | 1,298 | 10.4% | 3,348 | 26.8% | 159 | 0.8 | 0.1% | 1.4 | 0.1% | |
| < $500 | 1,942 | 38.6% | 1,942 | 38.6% | 2,050 | 16.4% | 2,050 | 16.4% | 116 | 0.6 | 0.1% | 0.6 | 0.1% | |
| **Total** | **5,032** | **100.0%** | | | **12,479** | **100.0%** | | | **$181,490** | **$1,120.3** | **100.0%** | | | |

[1] Excludes claims LBHI holds against itself ($31 billion) and claims in Subordinated Classes LBHI-10A, LBHI-10B and LBHI-10C ($15 billion, collectively)
[2] Estimated Remaining Recovery based publicly disclosed amounts as shown in the Q1 2021 Financial Report

7.    The Final Distribution will benefit LBHI's estate by reducing ongoing
administrative obligations over time and the corresponding fees incurred in the performance of
such obligations. Distributions on the large volume of relatively smaller claims entails additional
administrative complexity, as the Plan Administrator must send individual wires or checks to
distribute to Eligible Creditors. In addition, even with the Plan Administrator's distribution
database storing historical distribution data for each claim, the Plan Administrator must still
periodically update and review submitted tax information, payment instructions or address
changes with respect to any holder of Eligible Claims and then apply these changes to the
corresponding claims. Bounced wires and returned or uncashed checks are common for small
Plan Distributions to the Eligible Creditor population and cause the Plan Administrator to follow
up with multiple notices to ensure Distributions are not unintentionally forfeited. In addition,

---

[2] Unless stated otherwise, the figures detailed herein treat each portion of a split claim held by different holders as a
separate claim.

many of these Eligible Creditors are foreign creditors, who incur high transaction costs to receive wire payments or to convert Plan Distributions from U.S. dollars into their respective foreign currencies and such transaction costs become a progressively larger proportion of their decreasing individual receipts. Distributions are sent to creditors in approximately 80 countries around the world. While the Plan provides that the Plan Administrator may hold, and not make distributions to creditors that are below $500.00, the creation of and accounting for these "allowed hold" reserves over time creates additional administrative burdens and costs. The Plan Administrator estimates that a Final Distribution on such claims will reduce the ongoing administrative burdens and costs associated with future Plan Distributions by approximately 40%.

8.      The Plan Administrator has elected to exclude participation of the creditors that are anticipated to receive Distributions in excess of $25,000 based on LBHI's future cash flow estimates disclosed in the Q1 2021 Financial Report. The Plan Administrator also excluded Allowed Claims held by LBHI. For the avoidance of doubt, individual holders of LBHI's bonds paid through the depository system through an indenture trustee or paying agent will not be Eligible Creditors on account of such bonds.

9.      Eligible Creditors' participation in the Final Distribution is entirely voluntary. While the Plan Administrator has provided its best estimate of future distributions, it cannot now know whether the amount of the Final Distribution calculated based on LBHI's publicly disclosed cash flow estimates will result in a payment that is the same, greater, or less than an amount the participating creditor would otherwise receive from the estate through its

4

regular Plan Distributions over time had the participating creditor not participated in the Final Distribution.[3]

10.    D23 will occur contemporaneously with the Final Distribution. Therefore, any Plan Distributions that were held by the Plan Administrator, but not forfeited by the creditor up to D23, will be made by LBHI as a "catch-up" payment to the record holder of all Eligible Claims.

11.    The amount of the Final Distribution will be calculated based on the "Estimated Cash Available for Distributions" and "Estimated Remaining Recovery % as of Apr 1, 2021", as shown in the Q1 2021 Financial Report (subject to important assumptions, caveats, and notes).  The "Estimated Remaining Recovery" percentage and estimated Final Distribution to Eligible Creditors by Plan Class is as follows:

**Estimated Final Distribution By Class**
*$ millions*

| Class | Claim Population # | Claim Population % | Claim Amount | Est. Remaining Recoveries % | Est. Remaining Recoveries $ |
|---|---|---|---|---|---|
| LBHI-03 | 38 | 0.7% | $ 22 | 0.699% | $ 0.2 |
| LBHI-04A | 64 | 1.1% | 7 | 0.624% | 0.0 |
| LBHI-04B | 1 | 0.0% | 0 | 0.610% | 0.0 |
| LBHI-05 | 4,677 | 80.8% | 1,090 | 0.488% | 5.3 |
| LBHI-07 | 665 | 11.5% | 184 | 0.648% | 1.2 |
| LBHI-09A | 341 | 5.9% | 288 | 0.459% | 1.3 |
| **Total** | **5,786** | **100.0%** | **$ 1,591** | | **$ 8.0** |

---

[3] The Q1 2021 Financial Report contains important notes, caveats, and considerations that should be considered by parties evaluating the information contained therein, including the cash flow estimates referred to in this Declaration.

12.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 28, 2021                          _/s/ Anton Kolev_____
New York, New York                           Anton Kolev

**<u>Exhibit B</u>**

**Proposed Order**

```
-------------------------------------------------------------------x
                                            :
In re                                       :     Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :     08-13555 (SCC)
                                            :
                       Debtors.             :     (Jointly Administered)
                                            :
-------------------------------------------------------------------x
```

## ORDER AUTHORIZING FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[1] dated May 28, 2021 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") for an order (a) approving the population of Eligible Creditors to participate in, and the procedures for, the Final Distribution; (b) approving the form of the Final Distribution Notice, attached hereto as Exhibit 1; (c) approving the form of the Opt Out Form, attached hereto as Exhibit 1-A; (d) approving the form of the Non-Eligible Creditors Notice, attached hereto as Exhibit 2; (e) approving the form of the Opt In Form, attached hereto as Exhibit 2-A; and (f) authorizing the Plan Administrator to effectuate, cancel, or delay the Final Distribution in the Plan Administrator's sole discretion, all as more fully described in the Motion; and upon consideration of the Kolev Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

due and proper notice of the Motion having been provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI's chapter 11 estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby DETERMINED, FOUND, ADJUDGED, AND DECREED:

## FINDINGS OF FACT

A.     Findings of Fact.   The findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B.     Procedures.  The procedures for the Final Distribution are fair, reasonable, and appropriate under the circumstances of these Chapter 11 Cases.

C.     Final Distribution Notice.  The Final Distribution Notice, together with the anticipated enclosures, is reasonably calculated to provide all Eligible Creditors with (i) timely and proper notice of the Final Distribution and (ii) sufficient information regarding participation in the Final Distribution, including the methods and deadline by which to opt out of the Final Distribution.

D.     Opt Out Form.  The Opt Out Form is (i) fair, reasonable and appropriate under the circumstances of these Chapter 11 Cases and (ii) sufficient for the purposes of permitting an Eligible Creditor to opt out of receiving the Final Distribution.

E.     Non-Eligible Creditor Notice.  The Non-Eligible Creditor Notice, together with the anticipated enclosures, is reasonably calculated to provide all holders of Allowed

WEIL:\97962980\14\58399.0011

Claims eligible to opt in with (i) timely and proper notice of the Final Distribution and (ii) sufficient information regarding participation in the Final Distribution, including the methods and deadline by which to opt in to the Final Distribution.

        F.        <u>Opt In Form</u>.  The Opt In Form is (i) fair, reasonable and appropriate under the circumstances of these Chapter 11 Cases and (ii) sufficient for the purposes of binding a non-Eligible Creditor to participate in the Final Distribution, including with respect to such creditor forever waiving all future distributions on account of their Allowed Claims on the properly executed and submitted Opt In Form.

        G.        <u>Eligible Claims</u>.  The Plan Administrator has articulated good and sufficient reasons for designating the Eligible Creditors as the creditors eligible to participate in the Final Distribution.

        H.        <u>Record Date</u>. The record date for purposes of determining the population of Eligible Creditors and making the Final Distribution authorized herein for all Eligible Creditors that do not submit an Opt Out Form (or for those non-Eligible Creditors that elect to opt in) is August 28, 2021 (the "<u>Record Date</u>").  Entry of this Order and the Plan Administrator's publication of notice of the establishment of the Record Date at https://dm.epiq11.com/lehman constitutes good and sufficient notice of the Record Date.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.        The Motion is granted.

2.        Any objections to the entry of this Order or the relief granted herein that have not been withdrawn, waived, or settled, or otherwise resolved are hereby denied and overruled;

WEIL:\97962980\14\58399.0011

3.     The Final Distribution and the procedures therefore are approved in their entirety and are incorporated herein by reference, having the full force and effect of an order of this Court.

4.     The Plan Administrator is authorized to proceed with the Final Distribution in accordance with the procedures set forth in the Motion, taking all actions appropriate for its effectuation.

5.     The Final Distribution shall be conducted in accordance with the provisions of this Order and the procedures set forth in the Motion.

6.     Neither the Plan Administrator nor any of their respective representatives, agents, officers, directors, employees, or professionals (collectively, the "Estate Parties") shall have or incur any liability, or be subject to any right of action for any act or omission in connection with, relating to, or arising out of the reasonable execution of the Final Distribution.  Without limiting the foregoing, the Estate Parties shall not be liable to any Creditor in connection with the Final Distribution and the Estate Parties are hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any conduct occurring in connection with the Final Distribution.  This release and exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Estate Parties from liability.

7.     The form of Final Distribution Notice is approved in its entirety.

8.     The form of Opt Out Form is approved in its entirety.

9.     The form of Non-Eligible Creditor Notice is approved in its entirety.

10.     The form of Opt In Form is approved in its entirety.

4

11.     Each and every Opt Out Form and Opt In Form, once received by and determined to be valid by the Plan Administrator, is binding on the Eligible Creditor (or non-Eligible Creditor that opts-in, as applicable) and irrevocable (except as otherwise permitted by the Plan Administrator in its sole discretion).

12.     The Plan Administrator may, in its sole discretion and for any reason, elect to cancel or delay the Final Distribution at any time prior to D23.

13.     The entry of this Order is without prejudice to the right of the Plan Administrator to seek a further order of this Court disallowing, expunging, objecting to, or otherwise resolving any unresolved claims.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Procedures Order.

Dated: New York, New York
_____, 2021

_____
Honorable Shelley C. Chapman
United States Bankruptcy Judge

5

## Exhibit-1

**Final Distribution Notice**

«Name» «User_Access_Code»

WEIL:\97962980\14\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**       :          **08-13555 (SCC)**
                                                    :
                        **Debtors.**                :          **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

<u>**NOTICE OF DEADLINE TO OPT OUT OF VOLUNTARY FINAL DISTRIBUTION**</u>

---

**Please review the following notice carefully.**

**Your participation in an upcoming one-time Final Distribution is voluntary.**

**If you do NOT want to receive a one-time Final Distribution now,**
**and you want to continue to receive distributions over time,**
**you must opt out of the Final Distribution by completing and returning the**
**form attached to this notice (which may be submitted online) <u>by no later than 6:00 pm</u>**
**<u>(ET) on September 10, 2021</u>.**

---

Dear Eligible Creditor,

　　You have received this notice because you are the record holder of the claim(s) identified in the chart attached as <u>Exhibit A</u> to the enclosed Opt Out Form (the "<u>Eligible Claim(s)</u>") in the chapter 11 case against Lehman Brothers Holdings Inc. ("<u>LBHI</u>") as of June 1, 2021.[1]

　　**The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has approved LBHI's payment of a one-time Final Distribution in October 2021 in full and final satisfaction of LBHI's obligations for your Eligible Claim(s), unless you timely opt out of receiving the Final Distribution.**

---

[1] Eligibility for the Final Distribution will be determined as of August 28, 2021. If you transfer any of your Eligible Claims or otherwise purchase any additional claims against LBHI between June 1, 2021 and August 28, 2021, it may have consequences with respect to whether your Eligible Claims (including those Eligible Claims that you did not transfer) are eligible to participate in the Final Distribution. If any such transfer or purchase occurs, the information provided in this notice may no longer be accurate with respect to any of your Eligible Claims.

7

**This Final Distribution will allow you to end your participation in LBHI's chapter 11 case in October 2021, rather than waiting for future distributions over time from LBHI.**

The amount of your Final Distribution is equal to your share of LBHI's estimated future distributions on account of all of your Eligible Claims.  Those estimates can be found in LBHI's Quarterly Financial Report as of April 1, 2021, which was filed with the Bankruptcy Court at Docket No. 61142 and can be accessed free of charge at the link provided below (the "Q1 2021 Financial Report").  **There is no guarantee that the Final Distribution will be more than, less than, or equal to the amount you would otherwise receive from LBHI over time if you elect to opt out.**  You are encouraged to review the Q1 2021 Financial Report.

**Your participation in the Final Distribution is <u>voluntary</u>.  If you wish to participate in the Final Distribution, you do not need to do anything further.**

**If you wish to continue to receive distributions over time in accordance with LBHI's chapter 11 plan and not receive a Final Distribution, you must complete the Opt Out Form attached hereto (which may be submitted online) and return it to the Plan Administrator by no later than <u>6:00 pm (ET) on September 10, 2021</u>.  Your response must be <u>received</u> by that time and date.**

Additional information regarding LBHI's chapter 11 case can be found at https://dm.epiq11.com/lehman including: a copy of the motion LBHI filed to seek approval of the Final Distribution; a copy of the order the Bankruptcy Court entered approving the Final Distribution; and LBHI's recent financial reports.

If you have any questions or would like copies of any materials, please contact the Plan Administrator's representatives by telephone at +1-503-597-7691 or toll free in the United States at 866-879-0688, by email at LBHIelection@epiqglobal.com, or by mail at the address set forth in the instructions to the Opt Out Form

If you have not submitted both the appropriate (i) Internal Revenue Service tax form ("Tax Form") and (ii) certification pertaining to Office of Foreign Assets Control compliance ("OFAC Certification") by 6:00 pm (ET) on September 10, 2021, you may not be able to receive the Final Distribution.  For further information concerning the Tax Form and OFAC Certification, please review the *Notice to Holders of Allowed Claims Regarding Plan Distributions*, dated February 15, 2012 [ECF No. 25392].  Copies of the Tax Form and form for OFAC Certification are available at https://dm.epiq11.com/lehman.  **Consult the claims register on this website to determine whether a Tax Form previously submitted is still valid.**

Dated:   New York, New York
         July 7, 2021

«Name» «User_Access_Code»

WEIL:\97962980\14\58399.0011

## **Exhibit 1-A**

**Opt Out Form**

«Name» «User_Access_Code»

## <u>OPT OUT FORM INSTRUCTIONS</u>

**If you wish to receive a Final Distribution in October 2021, you do not need to do anything upon receipt of this notice.**

**If you wish to opt out of the Final Distribution and to continue to receive distributions over time from LBHI in accordance with LBHI's chapter 11 plan, you must complete and submit the Opt Out Form using one of three methods below so that it is received by no later than 6:00 pm (ET) on September 10, 2021.**

(1) Online (preferred method): You may complete the Opt Out Form electronically on a secure site at: https://dm.epiq11.com/lehman using the following logon credentials:

- Creditor Name: «Name»
- Your <u>User Access Code</u>: «User_Access_Code»

(2) Via Email: You may scan a complete and executed copy of this Opt Out Form and email it to LBHIelection@epiqglobal.com; or

(3) Via Mail, Overnight Mail or Hand Delivery: You may send a complete and executed copy of this Opt Out Form to one of the addresses below:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| LBHI Final Distribution Processing c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | LBHI Final Distribution Processing c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

If you are completing the Opt Out Form, you are strongly encouraged to do so electronically.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                     :
In re                                                :         **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         :         **08-13555 (SCC)**
                                                     :
                              **Debtors.**           :         **(Jointly Administered)**
                                                     :
-------------------------------------------------------------------x

## OPT OUT FORM

By signing this Opt Out Form, the undersigned certifies that, with respect to the Eligible Claims on the schedule annexed hereto as Exhibit A, either: (i) the Eligible Creditor is the holder of the Eligible Claim(s) set forth or (ii) the Eligible Creditor is an authorized signatory for an entity that is a holder of the Eligible Claim(s) set forth, in each case as of the date this form is completed.

**By signing and returning this form, the undersigned elects to <u>opt out</u> of receiving the Final Distribution with respect to the claims identified in the attached Exhibit A.**

Name of Eligible Creditor:        _____

Signature:                        _____

Name and Title of Signatory
(if different than Holder):        _____

Street Address:                   _____

City, State, Zip Code:            _____

Telephone Number:                 _____

E-mail Address:                   _____

Date Completed:                   _____

**EXHIBIT A**

By signing and returning this form, I elect not to receive:

| | |
|---|---|
| **PROPOSED FINAL DISTRIBUTION AMOUNT ON ACCOUNT OF <u>ALL</u> CLAIMS SHOWN** | $ << >> |

| CLAIM NUMBER | PLAN CLASS | ALLOWED CLAIM AMOUNT |
|---|---|---|
| << >> | << >> | << >> |
| << >> | << >> | << >> |

2

## Exhibit 2

**Non-Eligible Creditor Notice**

WEIL:\97962980\14\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

## <u>NOTICE OF DEADLINE TO OPT IN TO VOLUNTARY FINAL DISTRIBUTION</u>

---

**Your participation in an upcoming one-time Final Distribution is voluntary.**

**<u>If you want to receive a one-time Final Distribution  of $25,000 now</u>,**
**<u>instead of continuing to receive distributions over time</u>,**
**<u>you must opt in</u> to the Final Distribution by completing and returning the**
**form attached to this notice (which may be submitted online) <u>by no later than 6:00 pm**
**(ET) on September 10, 2021</u>.**

---

Dear Creditor,

      You have received this notice because you are the record holder of the claim(s) identified in the chart as <u>Exhibit A</u> to the enclosed Opt In Form (the "<u>Claim(s)</u>") in the chapter 11 case against Lehman Brothers Holdings Inc. ("<u>LBHI</u>") as of June 1, 2021.[1]

      **The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has approved LBHI's payment of a one-time Final Distribution of $25,000 in October 2021 in full and final satisfaction of LBHI's obligations for all of your Claim(s) under LBHI's chapter 11 plan, if you elect to opt in to the Final Distribution.**

      **This Final Distribution will allow you to end your participation in LBHI's**

---

[1] Eligibility for the Final Distribution will be determined as of August 28, 2021.  If you transfer any of your Claims between or otherwise purchase any additional claims against LBHI June 1, 2021 and August 28, 2021, it may have consequences with respect to whether your Claims (including those Claims that you did not transfer) are eligible to participate in the Final Distribution.  If any such transfer occurs, the information provided in this notice may no longer be accurate with respect to any of your Claims.  If you intend to transfer any of your Claim(s) so that the transferee may become eligible to receive a Final Distribution in respect of the transferred Claim (including if you are a broker that holds Claims on behalf of multiple clients and would like to transfer such Claims to the applicable beneficial holder), you must do so prior to August 28, 2021.

4

chapter 11 case in October 2021, rather than waiting for future distributions over time from LBHI.

The Plan Administrator's estimates for remaining recoveries to be paid over time as Plan Distributions can be found in LBHI's Quarterly Financial Report as of April 1, 2021, which was filed with the Bankruptcy Court at Docket No. 61142 and can be accessed free of charge at the link provided below (the "Q1 2021 Financial Report").  There is no guarantee that the amount you will receive over time will be more than, less than, or equal to the amount you would otherwise receive from LBHI if you were to opt in to the Final Distribution ($25,000 total on account of all claims shown).  You are encouraged to review the Q1 2021 Financial Report.

Your participation in the Final Distribution is voluntary.  If you wish to participate in the Final Distribution, you must complete the Opt In Form attached hereto (which may be submitted online) and return it to the Plan Administrator by no later than 6:00 pm (ET) on September 10, 2021.  Your response must be received by that time and date.

If you do not wish to receive the Final Distribution, and you want to continue to receive distributions over time in accordance with LBHI's chapter 11 plan, you do not need to do anything.

Additional information regarding LBHI's chapter 11 case can be found at https://dm.epiq11.com/lehman including: a copy of the motion LBHI filed to seek approval of the Final Distribution; a copy of the order the Bankruptcy Court entered approving the Final Distribution; and LBHI's recent financial reports.

If you have any questions or would like copies of any materials, please contact the Plan Administrator's representatives by telephone at +1-503-597-7691or toll free in the United States at 866-879-0688, by email at LBHIelection@epiqglobal.com, or by mail at the address set forth above.

If you have not submitted both the appropriate (i) Internal Revenue Service tax form ("Tax Form") and (ii) certification pertaining to Office of Foreign Assets Control compliance ("OFAC Certification") by 6:00 pm (ET) on September 10, 2021, you may not be able to receive the Final Distribution.  For further information concerning the Tax Form and OFAC Certification, please review the *Notice to Holders of Allowed Claims Regarding Plan Distributions*, dated February 15, 2012 [ECF No. 25392].  Copies of the Tax Form and form for OFAC Certification are available at https://dm.epiq11.com/lehman  **Consult the claims register on this website to determine whether a Tax Form previously submitted is still valid.**

Dated:   New York, New York
             July 7, 2021

5

**Exhibit 2-A**

**Opt In Form**

## OPT IN FORM INSTRUCTIONS

If you wish to participate in the Final Distribution and receive $25,000 in full and final satisfaction of your claims against LBHI, you must sign the Opt In Form attached hereto (which may be submitted online) and return it to the Plan Administrator by no later than 6:00 pm (ET) on September 10, 2021. Your response must be received by that time and date.

If you wish to not receive the Final Distribution, and you want to continue to receive distributions over time in accordance with LBHI's chapter 11 plan, you do not need to do anything.

(1) **Online (preferred method)**: You may complete the Opt In Form electronically on a secure site at: https://dm.epiq11.com/lehman using the following logon credentials:

- Creditor Name: «Name»
- Your User Access Code: «User_Access_Code»

(2) **Via Email**: You may scan a complete and executed copy of this Opt In Form and email it to LBHIelection@epiqglobal.com; or

(3) **Via Mail, Overnight Mail or Hand Delivery**: You may send a complete and executed copy of this Opt In Form to one of the addresses below:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| LBHI Final Distribution Processing c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | LBHI Final Distribution Processing c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

If you are completing the Opt In Form, you are strongly encouraged to do so electronically.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*    :        **08-13555 (SCC)**
                                                  :
                        **Debtors.**              :        **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------x

## OPT IN FORM

By signing this Opt In Form, the undersigned certifies that, with respect to the Claims on the schedule annexed hereto as Exhibit A, either: (i) the Creditor is the holder of the Claim(s) set forth; or (ii) the Creditor is an authorized signatory for an entity that is a holder of the Claim(s) set forth, in each case as of the date this form is completed.

**By signing and returning this form, the undersigned elects to** <u>**opt in**</u> **to receiving the Final Distribution with respect to the claims identified in the attached Exhibit A.**

Name of Creditor:                    _____

Signature:                           _____

Name and Title of Signatory
(if different than Holder):          _____

Street Address:                      _____

City, State, Zip Code:               _____

Telephone Number:                    _____

E-mail Address:                      _____

Date Completed:                      _____

«Name» «User_Access_Code»

WEIL:\97962980\14\58399.0011

**EXHIBIT A**

By signing and returning this form, I elect to opt in and receive:

| PROPOSED FINAL DISTRIBUTION AMOUNT ON ACCOUNT OF **ALL** CLAIMS SHOWN | A single payment of $25,000.00 |
| --- | --- |

| CLAIM NUMBER | PLAN CLASS | ALLOWED AMOUNT |
| --- | --- | --- |
| << >> | << >> | << >> |
| << >> | << >> | << >> |

«Name» «User_Access_Code»

WEIL:\97962980\14\58399.0011