# LANI ADLER PARTNERS

(646) 732-3260 ♦ ladler@laniadlerpartners.com

**BY ECF and E-mail (E-Mail: SCC.Chambers@nysb.uscourts.gov)**

June 18, 2021

Honorable Shelly C. Chapman, United States Bankruptcy Judge
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 10004-1408

> In re Lehman Brothers Holdings, Inc., et al., Chapter 11, Case No. 08-13555 (scc)
> Lehman Brothers Holdings, Inc., v. 1st Advantage Mortgage, LLC, et al., Adv. Pro. 16-01019(scc) (Master Docket)
> Lehman Brothers Holdings, Inc., v. Suburban Mortgage, Inc.,
> Adv. Pro. Nos. 18-01825 (scc), 16-01295 (scc)
> Lehman Brothers Holdings, Inc. v. WR Starkey Mortgage, LLP
> Adv. Pro. No. 18-01827 (scc)
> Lehman Brothers Holdings, Inc. v. Approved Funding Corp.
> Adv. Pro. No. 18-01790 (scc)

Dear Judge Chapman:

We write on behalf of Suburban Mortgage, Inc., WR Starkey, LLP and Approved Funding Corp. (collectively, the "Moving Defendants"), which have moved to dismiss the respective complaints filed against them by Lehman Brothers Holdings, Inc. ("LBHI") seeking contractual indemnification in connection with LBHI's settlement with certain RMBS Trustees ("RMBS Claims") for lack of subject matter jurisdiction and/or because Plaintiff LBHI lacks standing. Adv. Pro. 16-01019, ECF Nos. 825, 915, 1236, 1258, 1259, 1260, 1261, 1284, 1299, 1134.

The motion to dismiss was argued and submitted to this Court on October 16, 2019.

The Moving Defendants' moving papers for this motion were filed on May 13, 2019. Adv. Pro. 16-01019, ECF No. 915. Shortly after, Ms. Adler wrote the Court, in a letter dated May 23, 2019 [Case No. 16-01019, Doc. 1134] ("the Letter"), concerning the possibility of moving to stay discovery pending resolution of the motion to dismiss. As pointed out in the Letter, discovery may be stayed for "good cause" where, as here, a motion to dismiss is pending, upon consideration of "(1) whether the defendants have made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and the risk of unfair prejudice to the party opposing the stay." *Josie-Delerme v. Am. Gen. Finance Corp.*, No. CV 2008-3166, 2009 WL 497609, *1 (E.D.N.Y., Feb. 26, 2009); *see Alapha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021).

Hon. Shelley C. Chapman
June 18, 2021

The Court is to "look to the particular circumstances and posture of each case." *Id.*  A stay is properly granted where the motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law." *Alapha View, id.; Negrete v. Citibank, N.A.*, No. 15 Civ. 7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 4, 2015).  Where, among other things, a motion to dismiss argues that the plaintiff lacks standing, as the Moving Defendants have argued in the pending motion, the stay may be granted because resolution of the motion to dismiss would dispose of the Moving Defendants' cases.  *See Haha Global, Inc. v. Barclays,* No. 1:19-cv-04749, 2020 WL 832341, *1 (S.D.N.Y. Feb. 20, 2020).

On June 19, 2019, after the Moving Defendants had filed their first set of moving papers, the Court heard argument from counsel for both LBHI and the Moving Defendants regarding the Letter and a potential stay of discovery pending a decision on the motion to dismiss. A copy of the June 19, 2019 transcript ("Tr.") is attached hereto.  At that time, neither LBHI's opposition papers nor the Moving Defendants' reply papers had been filed, and the next meaningful discovery deadline was not until April 2020.  The Court's position *at that time,* on June 19, 2019, was that a motion to stay discovery was unwarranted because the next serious discovery deadline for Defendants was not until April 2020, by which point the motion to dismiss, which was fully briefed in August 2019, would likely have been decided.  Tr. at 43-45.  While the Court acknowledged the Moving Defendants' concern "to avoid future burden" and expense, Tr. at 47, lines 7-9, the Court reasoned that the Moving Defendants would not incur substantial discovery expense warranting a stay while the motion to dismiss was pending because it was likely the Court would decide the motion to dismiss in advance of the then-applicable discovery deadline. *See* Tr. at page 42, lines 9-10, page 44, lines 10-12, page 48, lines 20-21. The Court also did not want to hold up discovery with respect to those defendants which did not move to dismiss. Tr. at 41.

Over the last two weeks, in violation of the Deposition Protocol [Adv. Pro. 16-01019, ECF No. 1697], LBHI has served five deposition notices on Suburban Mortgage, Inc. and one on Approved Funding.  The Deposition Protocol provides that, among other things, "each Defendants reserves all rights, including but not limited to, the rights of those Defendants that moved to dismiss the RMBS complaints with respect to proceeding with individual discovery pending resolution of their motion to dismiss." *Id*. ¶18.  In addition to the problems with these notices and their non-compliance with the Deposition Protocol, the Moving Defendants' position is that LBHI lacks standing to pursue such discovery and that given the due process issues involved here, the Moving Defendants should not have to incur the cost, expense and time of proceeding with individual discovery until after Court has issued findings of fact with respect to the standing arguments made by the Moving Defendants and until their motion to dismiss has been fully resolved.  Defense counsel have communicated this to counsel for LBHI, which, in response has stated that it might seek to hold Suburban Mortgage, Inc. and others in default absent a protective order.

Hon. Shelley C. Chapman
June 18, 2021

The circumstances are now profoundly different than they were two years ago, when the Court stated there would be no point to making a motion for a stay because, in view of the discovery deadlines that were then a year into the future, it would have no practical effect. Tr. 42. The motion to dismiss remains pending, and Plaintiff has noticed individual depositions to commence next week. The Moving Defendants have stated that, subject to their reservation of all rights, they will not object to any collective depositions taken by LBHI or by the Joint Defense Group on topics common to all defendants so the pace of the other parties' cases will not be impacted while the Moving Defendants' motion is adjudicated.

Where, as here, meritorious arguments for dismissal have been made, "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." *Haha Global*, *supra* at * 1 (internal citations omitted); *see Renois v. WVMF Funding*, 20cv09281, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (where the arguments made in a motion to dismiss "are colorable and raise threshold challenges" to the Plaintiff's standing to bring suit and/or to the Court's subject-matter jurisdiction, and "if granted, would result in the dismissal of the entire action," a stay or the kind of order Defendants propose is properly granted.) A stay is especially warranted where, as here, "the burden on Defendants" of the discovery Plaintiff has noticed is significant. *Id.*

LBHI, as Plan Administrator, has a fiduciary obligation to the estate's creditors to abstain from squandering resources pursuing discovery which may be mooted if the Court grants the Moving Defendants' motion. Likewise, the Moving Defendants should not be forced to incur the significant expense of defending against claims which LBHI lacks standing to bring. If the motion to dismiss is granted, the Moving Defendants' arguments would very likely also result in dismissal of the complaints brought by LBHI against the Moving Defendants for contractual indemnification based on LBHI's settlements with Fannie Mae and Freddie Mac. The earlier motion to dismiss the Fannie Mae and Freddie Mac complaints did not raise standing as an independent basis for dismissal; and the absence of a plaintiff's standing cannot be waived. *See Phoenix Light SF Limited v. Bank of New York Mellon,* 14-CV-10104, 2020 WL 2950799, at 81 (S.D.N.Y. June 3, 2020) (*citing Lewis v. Casey*, 518 U.S. 343, 349 &n.1 (1996)).

No party will be prejudiced by a stay of individual discovery as to the Moving Defendants, and all parties will be saved from expending the time and fees involved in taking depositions that will be unnecessary in the event the Motion is granted. *See Alapha View*, at *3 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.") (internal citation omitted).

For these reasons, the Moving Defendants respectfully request that, pending resolution of the pending motion to dismiss, the Court order LBHI to adjourn any individual depositions and

Hon. Shelley C. Chapman
June 18, 2021

additional discovery to be taken by or of the Moving Defendants.  LBHI has stated that it will not consent to such an adjournment.

                              Respectfully submitted,

| | |
|---|---|
| Lani Adler | Tracy Henderson |
| By: _____/s/_____ | By:_____ |
|     Lani A. Adler |     Tracy Henderson |
| 275 West 96th Street, Suite 15G | 444 Pearl Street STE C2 |
| New York, New York 10025 | Monterey CA 93940 |
| (646) 732-3260 | (831) 732-3260 |
| Ladler@LaniAdlerPartners.com | tracyhendersonlaw@gmail.com |
| *Attorneys for Suburban Mortgage, Inc.* | *Attorneys for WR Starkey Mortgage, LLP and Approved Funding Corp.* |

cc Joshua Slocum, Esq.