Rex Wu
6315 N Campbell
Chicago, IL 60659
312-785-0348
rex_wu@live.com

## UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lehman Brothers Holdings INC., et al, | ) Case No.: 08-13555 (SCC) |
| Debtors. | ) (Jointly Administered) |
| | ) Docket #61161 |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## MOTION FOR RECONSIDERATION ON A LIMITED BASIS FOR THE ORDER AUTHORIZING FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF

TO THE HONORABLE SHELLEY C CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Joseph Waske, Christopher Wossilek, Phillip Wossilek and Rex Wu referred to as "The

Shareholder Group" requests the Honorable Court to reconsider, on a limited basis, its July 1st,

2021, Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings I

Inc. and Granting Related Relief and in support thereof as follows:

<u>Jurisdiction</u>

1. The United States Bankruptcy Court for the Southern District of New York (the "Court")

   has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV,

   Section 14.1(h) of the Plan.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

   This is a core proceeding under 28 U.S.C. §§ 157(b).  The statutory bases for the relief

requested in this motion are sections 105(a) and 1141 of title 11 of the United States
Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

Statements

2.  This motion is timely filed.   Fed. R. Civ P. 60(c)

3.  The Shareholder Group requests the honorable court to reconsider order item six to
    protect LBHI and the Plan Administrator from any liability arising from the final
    distribution because of case number 20-cv-05083 and 20-cv-05823 currently pending in
    the New York Southern District Court.

    "6. Neither the Plan Administrator nor any of their respective representatives, agents,

    officers, directors, employees, or professionals (collectively, the "Estate Parties") shall

    have or incur any liability, or be subject to any right of action for any act or omission in

    connection with,relating to, or arising out of the reasonable execution of the Final

    Distribution. Without limiting the foregoing, the Estate Parties shall not be liable to any

    Creditor in connection with the Final Distribution and the Estate Parties are hereby

    released and exculpated from, any claim, obligation, suit, judgment, damage, demand,

    debt, right, cause of action, remedy, loss, and liability for any conduct occurring in

    connection with the Final Distribution. This release and exculpation shall be in addition

    to, and not in limitation of, all other releases, indemnities, exculpations, and any other

    applicable law or rules protecting such Estate Parties from liability.

    7. The form of Final Distribution Notice is approved in its entirety.

    8. The form of Opt Out Form is approved in its entirety.

    9. The form of Non-Eligible Creditor Notice is approved in its entirety.

    10. The form of Opt In Form is approved in its entirety."

2/28

4. The rights and provisions of the subordinated guarantees are protected by Bankruptcy Code 510(a).

5. Case numbers 20-cv-05083 and 20-cv-05823 before Honorable Judge Abrams provides documented proof that the Plan Administrator made misrepresentations in both your Honorable court and Honorable Judge Engelmayer's court. Both cases originated from this Honorable Court.

6. A "Final Distribution" by LBHI that involves funds from LBIE in which LBIE made payments to their preference shares are in violations of the subordinated guarantees which are protected by Bankruptcy Code 510(a)

7. A "Final Distribution" that involves any payments to the ECAPS add further evidence that LBHI and the Plan Administrator willfully violated the subordinated guarantees which are protected under Bankruptcy Code 510(a). (Docket #60984)

8. A Summary Judgement relating to Docket #60984 is before this Honorable Court.

9. Because of LBHI and the Plan Administrator's reluctance to abide by Bankruptcy Code 510(a) in regards to the Important Covenants of LBH, the filing of the subordinated guarantee certificates, and honoring all provisions of the subordinated guarantee, there is no way to tell if LBHI and the Plan Administrator are reallocating funds that should go to honor the subordinated guarantees of Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI.

10. By granting LBHI and the Plan Administrator this type of liability protection from the "Final Distribution," it will give the Plan Administrator, acting on behalf of LBHI, impunity to reallocate funds that should go to the subordinated guarantees which are protected by Bankruptcy Code 510(a).

11. The Liability Protection cannot give the Plan Administrator blanket protection on making a distribution with funds the Plan Administrator understands should go to the Lehman Brothers Holdings Inc Capital Trusts III, IV, V and VI subordinated guarantees. The Honorable Court should investigate the Subordinated Guarantees within this bankruptcy to assure that they are all in compliance with Bankruptcy Code 510(a) before a blanket liability protection is granted. The alternative is to have the Plan Administrator confirm to the Honorable Court that Bankruptcy Code 510(a) in regards the Lehman Brothers Holdings Inc Capital Trusts III, IV, V and VI subordinated guarantees are not being violated.

<u>Argument</u>

12. Fed. R. Civ P. 60(b) allows relief from an order under certain circumstances, Fed. R. Civ. P. 60(b)(3), (1).

13. With Fed. R. Civ P. 60(b)(3), what is under Appeals in Judge Abram's court is "misrepresentations" made by the Plan Administration during the hearing relating to the order issued on June 11th, 2020. (Docket #60678).

14. If a misrepresentation is deemed intentional, it can be fraud. There is a history of misrepresentations by the Plan Administrator as stated on the documents (Docket # 60542) submitted for review under Appeals in Honorable Judge Abrams' court. The misrepresentation also extends to Honorable Judge Engelmayer's court. (ECF 19-cv-06397-PAE) as stated on docket #60542)

15. The Plan Administrator made blatant misrepresentations in regards to the subordinated guarantee in Honorable Judge Engelmayer's court. The Plan Administrator misled Honorable Judge Engelmayer with a signed entry that the Lehman Brothers Holdings

DocuSign Envelope ID: 57157A4C1-A9B3-4485-90A3-F330E4D5D701

Capital Trusts III, IV, V and VI are "subordinated to the level of preferred equity interest of LBHI" when in fact the Plan Administrator has been aware for years that the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI preferred shares are in parity with the most senior preference shares of its LBHI's <u>affiliates</u> **(Exhibit A).** The preferred shares of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI <u>are not subordinated</u> to the level of preferred interest of LBHI. The Plan Administrator went as far as doctoring the quotations of the terms listed on the prospectuses to perpetuate the misrepresentation. This type of misrepresentation allows the Plan Administrator to violate Bankruptcy Code 510(a) and reallocate all funds that are in compliance with Bankruptcy Code 510(a) and the respective subordinated guarantees to the creditors he sees fit. At this point, the Plan Administrator has already violated the PLAN and his responsibility as an attorney.

16. There is a history of misrepresentations by the Plan Administrator that is documented and submitted to Honorable Judge Abrams' court which the Plan Administrator knows Bankruptcy Code 510(A) applies to the Lehman Brothers Holdings Inc. Capital Trust III, IV, V and VI in regards to their subordinated guarantee in which he misrepresented the facts.

17. There is currently a Summary Judgement (Docket # 61013) pending the Honorable Court's ruling on the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates (Docket #60984) that the Plan Administrator failed to file the annual subordinated guarantee certificates required with the subordinated guarantees are protected by Bankruptcy Code 510(A). It is LBHI's responsibility to file the subordinated guarantee certificates annually and LBHI has failed to do so. The Plan

Administrator had been aware of these certificate filing requirements for years and still neglected to file the subordinated guarantee certificates casting aside its responsibilities under Bankruptcy Code 510(A). This action alone should disallow the liability protection.

18. LBHI and the Plan Administrator should not be granted liability protection as long as issues of misrepresentations are pending in this Honorable Court and the Appellate Court.

19. Removing the liability protection from the "Final Distribution" order for LBHI will also hold LBHI and the Plan Administrator accountable for what funds will be used for the "Final Distribution" while protecting the rights of the subordinated guarantees which are protected under Bankruptcy Code 510(a).

20. The two cases before the Honorable Judge Abrams encompasses a time period of misrepresentations from before the "PLAN" was effective with the Neuberger Berman transaction to present which covers the "Final Distribution."

21. The Shareholder Group does not object to the final distribution as long as LBHI and the Plan Administrator are held responsible for not violating Bankruptcy Code 510(a). If LBHI and the Plan Administrator are allowed to violated Bankruptcy Code 510(a) with impunity in will set a dangerous precedent for future cases.

Conclusion

For all the reasons set forth herein and, in the Motions, The Shareholder Group respectfully requests that the Honorable Court reconsiders its order on July 1st 2021, and remove the liability protection for LBHI and the Plan Administrator for the "Final Distribution" and review the conduct of the Plan Administrator for misrepresentations he clearly made on behalf of LBHI on matters relating to this bankruptcy under your jurisdiction.

Respectfully Submitted,

DocuSigned by:

*Joseph Waske*

0028F3CDA38B4C0...

7/6/2021

------------------------------------   ------------------

**Joseph Waske**                       **Date**
**22862 Via Genoa**
**Dana Point, CA. 92629**
**949-517-8330**
**jwaske3@yahoo.com**


DocuSigned by:

*Christopher Wossilek*

E0F7E1064A4D4C0...

7/6/2021

------------------------------------   ------------------

**Christopher Wossilek**               **Date**
**10687 Addison Ct**
**Highlands Ranch, CO 80126**
**303-330-9942**
**cwoss@protonmail.com**


DocuSigned by:

*Phillip Wossilek*

F99BE8D02F314CA...

7/6/2021

------------------------------------   ------------------

**Phillip Wossilek**                   **Date**
**6833 South Harvest Ct**
**Aurora, CO 80016**
**Woz229@comcast.net**


DocuSigned by:

*Rex Wu*

A54C7208108E492...

7/5/2021

------------------------------------   ------------------

**Rex Wu**                             **Date**
**6315 N Campbell**
**Chicago, IL 60659**
**rex_wu@live.com**

7/28

DocuSign Envelope ID: 57E574C1-A9B8-4485-9D43-F330E4D5D704

08-13555-mg    Doc 61168    Filed 07/06/21    Entered 07/07/21 16:53:26    Main Document
Pg 8 of 28
08-13555-scc    Doc 60542    Filed 04/20/20    Entered 04/20/20 10:02:44    Main Document
Pg 8 of 26
08-13555-scc    Doc 59738    Filed 05/29/19    Entered 05/29/19 11:47:27    Main Document
Pg 10 of 11

*Exhibit A*

a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement. *In re Leasing Consultants, Inc.*, 2 B.R. at 169. This Court has enforced subordination provisions consistently in these cases, including through the classification and treatment of Subordinated Debt pursuant to the Plan.

27.    The prospectuses upon which Wu purports to have relied clearly provides that any liability that LBHI would have on the Subordinated Guarantee is subordinated to the level of preferred equity interests in LBHI:

> [LBHI's] [g]uarantee will constitute unsecured obligations of [LBHI] and will rank (i) subordinate and junior in right of payment to all other liabilities of [LBHI], (ii) on a parity with the most senior preferred or preference stock… and (iii) senior to [LBHI's] common stock.

[Prospectus IV at 21.]. Thus, if LBHI had any liability on account of the Subordinated Guarantee, such liability would be subordinate and junior in right of payment to all other liabilities of LBHI and *pari passu* with LBHI's preferred equity, which is not expected to recover from LBHI. Wu acknowledges this. [Mot. ¶6.]

28.    Wu's cites two letters filed on the docket by Mr. Rickey Gregory. [Mot. ¶¶ 7, 8, citing ECF Nos. 46304, 59555.] Neither Wu nor either of Mr. Gregory's letters is clear, but neither alters the clear fact that any liability under the Subordinated Guarantees is not entitled to recover as a claim against LBHI.

## JOINDERS

29.    Mr. Gregory filed a joinder to the Motion. [ECF No. 59659.] The joinder contains no substantive argument and alleges no new fact pertinent to the Motion. Wu subsequently filed a letter on the docket expressing his support for Mr. Gregory. [ECF No. 59715.] Subsequently, Dan Lanello and Julie Lanello each filed separate (but identical) joinders to the Motion. [ECF Nos. 59735, 59736.] Like Mr. Gregory's joinder, the Lanello joinders contain no

DocuSign Envelope ID: 571F74C1-A9B9-4485-9043-F330E4D5D701

08-13555-mfg    Doc 61168    Filed 07/06/21    Entered 07/07/21 16:53:26    Main Document
Pg 9 of 28

08-13555-scc    Doc 60542    Filed 04/20/20    Entered 04/20/20 10:02:44    Main Document

08-13555-scc    Doc 59738    Filed 05/29/19    Entered 05/29/19 11:47:27    Main Document
Pg 11 of 11

new substantive argument and allege no new fact pertinent to the Motion. The Court should not
grant any relief based on the joinders.

## <u>RESERVATION OF RIGHTS</u>

30.    LBHI reserves all rights to object to any claim that may be permitted to be
asserted against any of the Debtors.

Dated: May 29, 2019
      New York, New York

                                         /s/ Garrett A. Fail
                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York 10153
                                         Telephone: (212) 310-8000
                                         Facsimile: (212) 310-8007
                                         Garrett A. Fail

                                         Attorneys for Lehman Brothers Holdings Inc.
                                       and Certain of Its Affiliates

*17*

DocuSign Envelope ID: 571F74C1-A9B9-4485-9DA3-F330E4D5D701

```
------------------------------------------------------x
                                                      :
In re                                                 :     Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., et al.,                :     08-13555 (SCC)
                                                      :
                    Debtors.                          :     (Jointly Administered)
                                                      :
------------------------------------------------------x
```

## ORDER AUTHORIZING FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[1] dated May 28, 2021 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") for an order (a) approving the population of Eligible Creditors to participate in, and the procedures for, the Final Distribution; (b) approving the form of the Final Distribution Notice, attached hereto as Exhibit 1; (c) approving the form of the Opt Out Form, attached hereto as Exhibit 1-A; (d) approving the form of the Non-Eligible Creditors Notice, attached hereto as Exhibit 2; (e) approving the form of the Opt In Form, attached hereto as Exhibit 2-A; and (f) authorizing the Plan Administrator to effectuate, cancel, or delay the Final Distribution in the Plan Administrator's sole discretion, all as more fully described in the Motion; and upon consideration of the Kolev Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

10/28

due and proper notice of the Motion having been provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI's chapter 11 estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby DETERMINED, FOUND, ADJUDGED, AND DECREED:

## **FINDINGS OF FACT**

A.  _Findings of Fact_.  The findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B.  _Procedures_.  The procedures for the Final Distribution are fair, reasonable, and appropriate under the circumstances of these Chapter 11 Cases.

C.  _Final Distribution Notice_.  The Final Distribution Notice, together with the anticipated enclosures, is reasonably calculated to provide all Eligible Creditors with (i) timely and proper notice of the Final Distribution and (ii) sufficient information regarding participation in the Final Distribution, including the methods and deadline by which to opt out of the Final Distribution.

D.  _Opt Out Form_.  The Opt Out Form is (i) fair, reasonable and appropriate under the circumstances of these Chapter 11 Cases and (ii) sufficient for the purposes of permitting an Eligible Creditor to opt out of receiving the Final Distribution.

E.  _Non-Eligible Creditor Notice_.  The Non-Eligible Creditor Notice, together with the anticipated enclosures, is reasonably calculated to provide all holders of Allowed

WEIL:\97962980\14\58399.0011

11/28

Claims eligible to opt in with (i) timely and proper notice of the Final Distribution and (ii) sufficient information regarding participation in the Final Distribution, including the methods and deadline by which to opt in to the Final Distribution.

      F.    <u>Opt In Form</u>. The Opt In Form is (i) fair, reasonable and appropriate under the circumstances of these Chapter 11 Cases and (ii) sufficient for the purposes of binding a non-Eligible Creditor to participate in the Final Distribution, including with respect to such creditor forever waiving all future distributions on account of their Allowed Claims on the properly executed and submitted Opt In Form.

      G.    <u>Eligible Claims</u>. The Plan Administrator has articulated good and sufficient reasons for designating the Eligible Creditors as the creditors eligible to participate in the Final Distribution.

      H.    <u>Record Date</u>. The record date for purposes of determining the population of Eligible Creditors and making the Final Distribution authorized herein for all Eligible Creditors that do not submit an Opt Out Form (or for those non-Eligible Creditors that elect to opt in) is August 28, 2021 (the "<u>Record Date</u>"). Entry of this Order and the Plan Administrator's publication of notice of the establishment of the Record Date at https://dm.epiq11.com/lehman constitutes good and sufficient notice of the Record Date.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    The Motion is granted.

    2.    Any objections to the entry of this Order or the relief granted herein that have not been withdrawn, waived, or settled, or otherwise resolved are hereby denied and overruled;

12/28

DocuSign Envelope ID: 57AF74C1-A9B3-4485-90A3-F330E4D5D701

08-13555-mg    Doc 61168    Filed 07/06/21    Entered 07/07/21 16:53:26    Main Document
08-13555-scc    Doc 61161    Filed 07/01/21    Entered 07/01/21 09:59:10    Main Document
Pg 13 of 28
Pg 4 of 19

3.      The Final Distribution and the procedures therefore are approved in their entirety and are incorporated herein by reference, having the full force and effect of an order of this Court.

4.      The Plan Administrator is authorized to proceed with the Final Distribution in accordance with the procedures set forth in the Motion, taking all actions appropriate for its effectuation.

5.      The Final Distribution shall be conducted in accordance with the provisions of this Order and the procedures set forth in the Motion.

6.      Neither the Plan Administrator nor any of their respective representatives, agents, officers, directors, employees, or professionals (collectively, the "Estate Parties") shall have or incur any liability, or be subject to any right of action for any act or omission in connection with, relating to, or arising out of the reasonable execution of the Final Distribution. Without limiting the foregoing, the Estate Parties shall not be liable to any Creditor in connection with the Final Distribution and the Estate Parties are hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any conduct occurring in connection with the Final Distribution. This release and exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Estate Parties from liability.

7.      The form of Final Distribution Notice is approved in its entirety.

8.      The form of Opt Out Form is approved in its entirety.

9.      The form of Non-Eligible Creditor Notice is approved in its entirety.

10.     The form of Opt In Form is approved in its entirety.

13/28

DocuSign Envelope ID: 57EF74C1-A9B9-4485-90A3-F330E4D5D701

08-13555-mg    Doc 61168    Filed 07/06/21    Entered 07/07/21 16:53:26    Main Document
Pg 14 of 28
08-13555-scc    Doc 61161    Filed 07/01/21    Entered 07/01/21 09:59:10    Main Document
Pg 5 of 19

11.    Each and every Opt Out Form and Opt In Form, once received by and determined to be valid by the Plan Administrator, is binding on the Eligible Creditor (or non-Eligible Creditor that opts-in, as applicable) and irrevocable (except as otherwise permitted by the Plan Administrator in its sole discretion).

12.    The Plan Administrator may, in its sole discretion and for any reason, elect to cancel or delay the Final Distribution at any time prior to D23.

13.    The entry of this Order is without prejudice to the right of the Plan Administrator to seek a further order of this Court disallowing, expunging, objecting to, or otherwise resolving any unresolved claims.

14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Procedures Order.

Dated: New York, New York
        July 1, 2021

                                             /S/ Shelley C. Chapman
                                             Honorable Shelley C. Chapman
                                             United States Bankruptcy Judge

WEIL:\97962980\14\58399.0011

14/28

## Exhibit-1

### Final Distribution Notice

15/28

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                                      :        Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :        08-13555 (SCC)
                                                           :
                                          Debtors.         :        (Jointly Administered)
                                                           :
-----------------------------------------------------------x

### NOTICE OF DEADLINE TO OPT OUT OF VOLUNTARY FINAL DISTRIBUTION

> **Please review the following notice carefully.**
>
> **Your participation in an upcoming one-time Final Distribution is voluntary.**
>
> **If you do NOT want to receive a one-time Final Distribution now,
> and you want to continue to receive distributions over time,
> you must opt out of the Final Distribution by completing and returning the
> form attached to this notice (which may be submitted online) by no later than 6:00 pm
> (ET) on September 10, 2021.**

Dear Eligible Creditor,

     You have received this notice because you are the record holder of the claim(s) identified in the chart attached as Exhibit A to the enclosed Opt Out Form (the "Eligible Claim(s)") in the chapter 11 case against Lehman Brothers Holdings Inc. ("LBHI") as of June 1, 2021.[1]

     **The United States Bankruptcy Court for the Southern District of New York (the "Court") has approved LBHI's payment of a one-time Final Distribution in October 2021 in full and final satisfaction of LBHI's obligations for your Eligible Claim(s), unless you timely opt out of receiving the Final Distribution.**

---

[1] Eligibility for the Final Distribution will be determined as of August 28, 2021. If you transfer any of your Eligible Claims or otherwise purchase any additional claims against LBHI between June 1, 2021 and August 28, 2021, it may have consequences with respect to whether your Eligible Claims (including those Eligible Claims that you did not transfer) are eligible to participate in the Final Distribution. If any such transfer or purchase occurs, the information provided in this notice may no longer be accurate with respect to any of your Eligible Claims.

WEIL:\97962980\14\58399.0011

**This Final Distribution will allow you to end your participation in LBHI's chapter 11 case in October 2021, rather than waiting for future distributions over time from LBHI.**

The amount of your Final Distribution is equal to your share of LBHI's estimated future distributions on account of all of your Eligible Claims. Those estimates can be found in LBHI's Quarterly Financial Report as of April 1, 2021, which was filed with the Bankruptcy Court at Docket No. 61142 and can be accessed free of charge at the link provided below (the "Q1 2021 Financial Report"). **There is no guarantee that the Final Distribution will be more than, less than, or equal to the amount you would otherwise receive from LBHI over time if you elect to opt out.** You are encouraged to review the Q1 2021 Financial Report.

**Your participation in the Final Distribution is voluntary. If you wish to participate in the Final Distribution, you do not need to do anything further.**

**If you wish to continue to receive distributions over time in accordance with LBHI's chapter 11 plan and not receive a Final Distribution, you must complete the Opt Out Form attached hereto (which may be submitted online) and return it to the Plan Administrator by no later than 6:00 pm (ET) on September 10, 2021. Your response must be received by that time and date.**

Additional information regarding LBHI's chapter 11 case can be found at https://dm.epiq11.com/lehman including: a copy of the motion LBHI filed to seek approval of the Final Distribution; a copy of the order the Bankruptcy Court entered approving the Final Distribution; and LBHI's recent financial reports.

If you have any questions or would like copies of any materials, please contact the Plan Administrator's representatives by telephone at +1-503-597-7691 or toll free in the United States at 866-879-0688, by email at LBHIelection@epiqglobal.com, or by mail at the address set forth in the instructions to the Opt Out Form

If you have not submitted both the appropriate (i) Internal Revenue Service tax form ("Tax Form") and (ii) certification pertaining to Office of Foreign Assets Control compliance ("OFAC Certification") by 6:00 pm (ET) on September 10, 2021, you may not be able to receive the Final Distribution. For further information concerning the Tax Form and OFAC Certification, please review the *Notice to Holders of Allowed Claims Regarding Plan Distributions*, dated February 15, 2012 [ECF No. 25392]. Copies of the Tax Form and form for OFAC Certification are available at https://dm.epiq11.com/lehman. **Consult the claims register on this website to determine whether a Tax Form previously submitted is still valid.**

Dated:    New York, New York
          July 7, 2021

17/28

<u>**Exhibit 1-A**</u>

**Opt Out Form**

18/25

## OPT OUT FORM INSTRUCTIONS

**If you wish to receive a Final Distribution in October 2021, you do not need to do anything upon receipt of this notice.**

**If you wish to opt out of the Final Distribution and to continue to receive distributions over time from LBHI in accordance with LBHI's chapter 11 plan, you must complete and submit the Opt Out Form using one of three methods below so that it is received by no later than 6:00 pm (ET) on September 10, 2021.**

(1) Online (preferred method): You may complete the Opt Out Form electronically on a secure site at: https://dm.epiq11.com/lehman using the following logon credentials:

- Creditor Name: «Name»
- Your <u>User Access Code</u>: «User_Access_Code»

(2) Via Email: You may scan a complete and executed copy of this Opt Out Form and email it to LBHIelection@epiqglobal.com; or

(3) Via Mail, Overnight Mail or Hand Delivery: You may send a complete and executed copy of this Opt Out Form to one of the addresses below:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| LBHI Final Distribution Processing c/o Epiq Corporate Restructuring, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | LBHI Final Distribution Processing c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

If you are completing the Opt Out Form, you are strongly encouraged to do so electronically.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------x

## OPT OUT FORM

By signing this Opt Out Form, the undersigned certifies that, with respect to the Eligible Claims on the schedule annexed hereto as Exhibit A, either: (i) the Eligible Creditor is the holder of the Eligible Claim(s) set forth or (ii) the Eligible Creditor is an authorized signatory for an entity that is a holder of the Eligible Claim(s) set forth, in each case as of the date this form is completed.

**By signing and returning this form, the undersigned elects to opt out of receiving the Final Distribution with respect to the claims identified in the attached Exhibit A.**

Name of Eligible Creditor:        _____

Signature:        _____

Name and Title of Signatory
(if different than Holder):        _____

Street Address:        _____

City, State, Zip Code:        _____

Telephone Number:        _____

E-mail Address:        _____

Date Completed:        _____

20/28

## EXHIBIT A

By signing and returning this form, I elect not to receive:

| PROPOSED FINAL DISTRIBUTION AMOUNT ON ACCOUNT OF **ALL** CLAIMS SHOWN | $ << >> |
|---|---|

| CLAIM NUMBER | PLAN CLASS | ALLOWED CLAIM AMOUNT |
|---|---|---|
| << >> | << >> | << >> |
| << >> | << >> | << >> |

WEIL:\97962980\14\58399.0011

## Exhibit 2

### Non-Eligible Creditor Notice

WEIL:\97962980\14\58399.0011

DocuSign Envelope ID: 571F74C1-A9B3-4485-90A3-F330E4D5D704

08-13555-mg   Doc 61168   Filed 07/06/21   Entered 07/07/21 16:53:26   Main Document
                                    Pg 23 of 28
08-13555-scc   Doc 61161   Filed 07/01/21   Entered 07/01/21 09:59:10   Main Document
                                    Pg 14 of 19

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                                    :        Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             :        08-13555 (SCC)
                                                         :
                                    Debtors.             :        (Jointly Administered)
                                                         :

-------------------------------------------------------------x

## NOTICE OF DEADLINE TO OPT IN TO VOLUNTARY FINAL DISTRIBUTION

> **Your participation in an upcoming one-time Final Distribution is voluntary.**
>
> **If you want to receive a one-time Final Distribution of $25,000 now,**
> **instead of continuing to receive distributions over time,**
> **you must opt in to the Final Distribution by completing and returning the**
> **form attached to this notice (which may be submitted online) by no later than 6:00 pm**
> **(ET) on September 10, 2021.**

Dear Creditor,

        You have received this notice because you are the record holder of the claim(s) identified in the chart as <u>Exhibit A</u> to the enclosed Opt In Form (the "<u>Claim(s)</u>") in the chapter 11 case against Lehman Brothers Holdings Inc. ("<u>LBHI</u>") as of June 1, 2021.[1]

        **The United States Bankruptcy Court for the Southern District of New York (the "Court") has approved LBHI's payment of a one-time Final Distribution of $25,000 in October 2021 in full and final satisfaction of LBHI's obligations for all of your Claim(s) under LBHI's chapter 11 plan, if you elect to opt in to the Final Distribution.**

        **This Final Distribution will allow you to end your participation in LBHI's**

---

[1] Eligibility for the Final Distribution will be determined as of August 28, 2021. If you transfer any of your Claims between or otherwise purchase any additional claims against LBHI June 1, 2021 and August 28, 2021, it may have consequences with respect to whether your Claims (including those Claims that you did not transfer) are eligible to participate in the Final Distribution. If any such transfer occurs, the information provided in this notice may no longer be accurate with respect to any of your Claims. If you intend to transfer any of your Claim(s) so that the transferee may become eligible to receive a Final Distribution in respect of the transferred Claim (including if you are a broker that holds Claims on behalf of multiple clients and would like to transfer such Claims to the applicable beneficial holder), you must do so prior to August 28, 2021.

DocuSign Envelope ID: 5717574C1-A9B9-448F-9D43-F330E4D5D701

08-13555-mg    Doc 61168    Filed 07/06/21    Entered 07/07/21 16:53:26    Main Document
Pg 24 of 28
08-13555-scc    Doc 61161    Filed 07/01/21    Entered 07/01/21 09:59:10    Main Document
Pg 15 of 19

chapter 11 case in October 2021, rather than waiting for future distributions over time from LBHI.

The Plan Administrator's estimates for remaining recoveries to be paid over time as Plan Distributions can be found in LBHI's Quarterly Financial Report as of April 1, 2021, which was filed with the Bankruptcy Court at Docket No. 61142 and can be accessed free of charge at the link provided below (the "Q1 2021 Financial Report"). There is no guarantee that the amount you will receive over time will be more than, less than, or equal to the amount you would otherwise receive from LBHI if you were to opt in to the Final Distribution ($25,000 total on account of all claims shown). You are encouraged to review the Q1 2021 Financial Report.

Your participation in the Final Distribution is <u>voluntary</u>. If you wish to participate in the Final Distribution, you must complete the Opt In Form attached hereto (which may be submitted online) and return it to the Plan Administrator by no later than <u>6:00 pm (ET) on September 10, 2021</u>. Your response must be <u>received</u> by that time and date.

If you do not wish to receive the Final Distribution, and you want to continue to receive distributions over time in accordance with LBHI's chapter 11 plan, you do not need to do anything.

Additional information regarding LBHI's chapter 11 case can be found at https://dm.epiq11.com/lehman including: a copy of the motion LBHI filed to seek approval of the Final Distribution; a copy of the order the Bankruptcy Court entered approving the Final Distribution; and LBHI's recent financial reports.

If you have any questions or would like copies of any materials, please contact the Plan Administrator's representatives by telephone at +1-503-597-7691or toll free in the United States at 866-879-0688, by email at LBHIelection@epiqglobal.com, or by mail at the address set forth above.

If you have not submitted both the appropriate (i) Internal Revenue Service tax form ("Tax Form") and (ii) certification pertaining to Office of Foreign Assets Control compliance ("OFAC Certification") by 6:00 pm (ET) on September 10, 2021, you may not be able to receive the Final Distribution. For further information concerning the Tax Form and OFAC Certification, please review the *Notice to Holders of Allowed Claims Regarding Plan Distributions*, dated February 15, 2012 [ECF No. 25392]. Copies of the Tax Form and form for OFAC Certification are available at https://dm.epiq11.com/lehman. **Consult the claims register on this website to determine whether a Tax Form previously submitted is still valid.**

Dated:    New York, New York
          July 7, 2021

**Exhibit 2-A**

**Opt In Form**

WEIL:\97962980\14\58399.0011

25/28

DocuSign Envelope ID: 57E7F74C1-A9B9-448519D43-F330E4D5D701

08-13555-mg    Doc 61168    Filed 07/06/21    Entered 07/07/21 16:53:26    Main Document
08-13555-scc    Doc 61161    Filed 07/02/21    Entered 07/01/21 09:59:10    Main Document
Pg 26 of 28
Pg 17 of 19

## OPT IN FORM INSTRUCTIONS

**If you wish to participate in the Final Distribution and receive $25,000 in full and final satisfaction of your claims against LBHI, you must sign the Opt In Form attached hereto (which may be submitted online) and return it to the Plan Administrator by no later than <u>6:00 pm (ET) on September 10, 2021</u>.** Your response must be <u>**received**</u> by that time and date.

**If you wish to not receive the Final Distribution, and you want to continue to receive distributions over time in accordance with LBHI's chapter 11 plan, you do not need to do anything.**

(1) **Online (preferred method):** You may complete the Opt In Form electronically on a secure site at: https://dm.epiq11.com/lehman using the following logon credentials:

- Creditor Name: «Name»
- Your <u>User Access Code</u>: «User_Access_Code»

(2) **Via Email:** You may scan a complete and executed copy of this Opt In Form and email it to LBHIelection@epiqglobal.com; or

(3) **Via Mail, Overnight Mail or Hand Delivery:** You may send a complete and executed copy of this Opt In Form to one of the addresses below:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
| --- | --- |
| LBHI Final Distribution Processing<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | LBHI Final Distribution Processing<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**If you are completing the Opt In Form, you are strongly encouraged to do so electronically.**

26/28

DocuSign Envelope ID: 57457A61-A9B8-4485-90A3-F330E4D5D701

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

## OPT IN FORM

By signing this Opt In Form, the undersigned certifies that, with respect to the Claims on the schedule annexed hereto as Exhibit A, either: (i) the Creditor is the holder of the Claim(s) set forth; or (ii) the Creditor is an authorized signatory for an entity that is a holder of the Claim(s) set forth, in each case as of the date this form is completed.

**By signing and returning this form, the undersigned elects to <u>opt in</u> to receiving the Final Distribution with respect to the claims identified in the attached Exhibit A.**

Name of Creditor:                    _____

Signature:                           _____

Name and Title of Signatory
(if different than Holder):          _____

Street Address:                      _____

City, State, Zip Code:               _____

Telephone Number:                    _____

E-mail Address:                      _____

Date Completed:                      _____

WEIL:\97962980\14\58399.0011

## EXHIBIT A

By signing and returning this form, I elect to opt in and receive:

| PROPOSED FINAL DISTRIBUTION AMOUNT ON ACCOUNT OF **ALL** CLAIMS SHOWN | A single payment of $25,000.00 |
|---|---|

| CLAIM NUMBER | PLAN CLASS | ALLOWED AMOUNT |
|---|---|---|
| << >> | << >> | << >> |
| << >> | << >> | << >> |

WEIL:\97962980\14\58399.0011

28/28