# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al*.   Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| **Stonehill Institutional Partners, L.P.** | **PricewaterhouseCoopers AG, Zurich acting for Lehman Brothers Finance AG in Liquidation** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York  10022<br>Telephone:  212 739 7474<br>Facsimile:  212-838-2291<br>Email:  ops@stonehillcap.com<br>Attn:  OPS Department<br><br>Last Four Digits of Acct. #: | Court Claim Nos. and Amount of Claims (as more specifically set forth on the attached Agreement and Evidence of Transfer of Claim):<br><br>with respect to Claim No. 58911, the sum of $65,206,904.70<br><br>with respect to Claim No. 62779, the sum of $25,303,294.93<br><br>with respect to Claim No. 62781, the sum of $39,692.95<br><br>with respect to Claim No. 62783, the sum of $162,221,801.92<br><br>with respect to Claim No. 62785, the sum of $69,476.93<br><br>with respect to Claim No. 62786, the sum of $283,807,664.60<br><br>plus, in each case, all interest, fees and other recoveries due. |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**STONEHILL INSTITUTIONAL PARTNERS, L.P.**

**By:    Stonehill Capital Management LLC,
          its Investment Adviser**

By: _/s/ Steven Nelson_                                        Date:  8/4/21
Name:  Steven Nelson
Title:  CFO

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

159-1000/6472001.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al*.   Case No. 08-13555 (SCC) (Jointly Administered)

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

CLAIM Nos. 58911, 62779, 62781, 62783, 62785 and 62786 were filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of the claims, the transferee filed a Partial Transfer of Claims other than for Security in the Clerk's office of this court on          .

| **PricewaterhouseCoopers AG, Zurich acting for Lehman Brothers Finance AG in Liquidation**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br><br>Lehman Brothers Finance AG in Liquidation<br>c/o PricewaterhouseCoopers AG, Zurich<br>Stampfenbachstrasse 67<br>8006 Zurich, Switzerland<br>Attn: Christiana Suhr Brunner | **Stonehill Institutional Partners, L.P.**<br>Name of Transferee<br><br>Address of Transferee:<br><br>c/o Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, New York  10022<br>Telephone:  212 739 7474<br>Facsimile:  212-838-2291<br>Email:  ops@stonehillcap.com<br>Attn:  OPS Department |
|---|---|

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

159-1000/6472001.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Lehman Brothers Finance AG in Liquidation** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Stonehill Institutional Partners, L.P.**. (the "Purchaser"), and Purchaser hereby purchases, as of the date hereof, the Transferred Claims. The "Transferred Claims" shall mean (a) an undivided interest in the portion of the Seller's right, title, and interest in and to the Allowed Claim[1], as specified in Schedule 1 attached hereto (such portion of the Allowed Claim as specified on Schedule 1, the "Purchased Claim"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise (including the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 (the "Plan")), (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (c) any and all proceeds of any of the foregoing; provided that notwithstanding anything that may be construed to the contrary herein, the Transferred Claims shall not include and Seller shall not sell, assign, or transfer to Purchaser any right, title or interest in and to (i) any payments, distributions or other benefits, including those described in clauses (a)-(c) above, that were paid or received, directly or indirectly, by Seller in connection with the Transferred Claims prior to the date of this Agreement and (ii) those certain LBF Lehman Program Securities, as defined in the Settlement Agreement, as Seller has already received final distributions on account of those securities (collectively, the "Excluded Claims").

2.   Seller hereby represents and warrants to Purchaser that: (a) pursuant to the Settlement Order, the Purchased Claim is an allowed LBHI Class 4B claim (as defined in the Plan) under the Plan, but is classified and treated as if it were an LBHI Class 5 claim (as defined in the Plan) under the Plan; (b) the Settlement Agreement has been approved by the Bankruptcy Court by the Settlement Order, which is final and non-appealable, and the Settlement Agreement and the Settlement Order are in full force and effect as of the date hereof and Seller has not waived any of its rights thereunder; (c)  Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, or encumbrances; and (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim.

3.   Purchaser represents and warrants that: (a) Purchaser is duly authorized and empowered to execute and perform this Agreement and Evidence of Transfer of Claim; (b) neither the execution, delivery or performance of this Agreement and Evidence of Transfer of Claim will materially violate or contravene any law, rule, regulation, order, agreement, or instrument affecting Purchaser; and (c) in connection with purchase of the Transferred Claims and this Agreement, Purchaser has not relied on any representations or disclosures made by the Seller or its advisors

---

[1]   The "Allowed Claim" means Seller's LBHI Class 4B claims (to be treated as a single LBHI Class 5 claim) against Lehman Brothers Holdings, Inc., as debtor and debtor in possession ("Debtor"), in the aggregate allowed amount of $942,997,883.69, as evidenced by proofs of claim numbered 58911, 62779, 62781, 62783, 62785, and 62786, which was allowed in the Debtor's chapter 11 case pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), administered under Case No. 08-13555 (SCC), in connection with that certain Settlement Agreement, dated March 27, 2013 by and among Seller, the Debtor and certain of the Debtor's affiliates (the "Settlement Agreement") and approved by the Bankruptcy Court on April 25, 2013 (the "Settlement Order").

or representatives, including without limitation any information provided by such parties concerning the Debtor or its assets and liabilities, and Purchaser's decision to purchase the Transferred Claims is based solely on Purchaser's own diligence and evaluation. Purchaser agrees and acknowledges that any payments, distributions or other benefits, including those described in clauses (a)-(c) above, that were paid or received, directly or indirectly, by Seller in connection with the Transferred Claims prior to the date of this Agreement are not being transferred under this Agreement and are not part of the Transferred Claims.

4.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, and recognizing Purchaser as the sole owner and holder of the Transferred Claims. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claims, and all payments or distributions of money or property in respect of the Transferred Claims, shall be delivered or made to Purchaser.

5.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

6.   Except for the Excluded Claims, Seller shall promptly (but in any event no later than five (5) business days) remit to Purchaser any payments, distributions or proceeds received by Seller following the date of this Agreement in respect of the Transferred Claims.

7.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions, in each case, as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim. Purchaser hereby agrees that the terms of the Settlement Agreement shall be binding on Purchaser, with respect to the Transferred Claims, and any subsequent transferees of any portion or all of the Transferred Claims shall agree in writing to be bound by the terms of the Settlement Agreement.

8.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 26th day of July, 2021.

**Stonehill Institutional Partners, L.P.**
By: Stonehill Capital Management LLC

By: /s/ Paul Malek
Name: Paul Malek
Title: Authorized Signatory
c/o Stonehill Capital Management LLC
320 Park Ave., 26th Floor
New York, NY 10022

**Lehman Brothers Finance AG in Liquidation**
acting by PricewaterhouseCoopers AG, Zurich, as appointed bankruptcy liquidator without personal liability

By: /s/ C. Wiederkehr Müller
Name: Carole Wiederkehr Müller
Title: Senior Manager

By: *DP*
Name: DIETMAR PLATH
Title: SEN MANAGER

Stampfenbachstrasse 67
8006 Zurich, Switzerland

Schedule 1

Transferred Claims

Purchased Claim

| Proof of Claim # | Allowed Amount Transferred Hereunder |
|---|---|
| 58911, 62779, 62781, 62783, 62785, and 62786 | USD   518,648,835.97 |