WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail
Jason L. Hufendick

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                           :     Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,                          :     08-13555 (SCC)
                                                                :
                        Debtors.                                :     (Jointly Administered)
------------------------------------------------------------------x

### PLAN ADMINISTRATOR'S OBJECTION TO
### MOTION FOR RECONSIDERATION AND RELATED FILINGS

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") hereby objects to the *Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief* (ECF No. 61168, as amended,[1] the "Motion") filed jointly by Rex Wu, Joseph Waske, Christopher Wossilek, and Phillip Wossilek (collectively, the "Movants") and respectfully represents:

### OBJECTION[2]

1. The Plan Administrator has repeatedly explained the fundamental flaws underlying the Movants' latest request for relief. The Court sustained the Plan Administrator's

---

[1] The Motion was amended by (i) *Notice of Errata* filed by Christopher Wossilek (ECF No. 61173), (ii) Letter of Joseph Waske (ECF No. 61172) and (iii) Letter of Rex Wu (ECF No. 61180).

[2] Capitalized terms used herein but not otherwise defined shall have the meaning set forth on the Latest Objection (defined below).

position at every stage.³ Nonetheless, the Movants continued to litter the docket with pleadings that recycled the same, rejected arguments. The Movants now have put four new motions before the Court.⁴ The Plan Administrator has previously responded to the first three.⁵ The Plan Administrator incorporates those prior responses by reference as if fully set forth herein.⁶

        2.      While the Movants have not even attempted to satisfy the requirements for supporting the new Motion, if the Court were to consider the Motion, the Court would find the Motion must be denied because, among other reasons, the Movants lack standing to participate in LBHI's chapter 11 case (*see* Latest Objection at ¶2), and the Movants have failed (and not even attempted) to meet the well-established requirements for reconsideration of an order. *See* Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rule 59(e) of the Federal Rules of Civil Procedure (the "FRCP"); *In re Coudert Bros. LLP*, 2009 Bankr.LEXIS 2602, *5–*6 (Bankr.S.D.N.Y. Sept. 8, 2009), rev'd on other grounds, 673 F.3d 180, 2012 U.S.App. LEXIS 4019 (2d Cir.2012) (citing *In re Enron Corp.*, 352 B.R. 363, 367–68

---

³ *See* ECF Nos. 59801 (*Order Denying Motion for an Order Enforcing the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors for Purposes of Distributions Filed by Rex Wu and Overruling Related Objections to the Timing of Eighteenth Distribution* (Related Doc # 59614); 60678 (*Order Denying (I) Motion to Reclassify* (Related Doc # [60337]); *(II) Motion to Reserve for Motion to Reclassify* (Related Doc # [60448]); *and (III) Motion for Summary Judgment* (Related Doc # [60484]).

⁴ *See* (i) *Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 60984, as amended at ECF No. 60986, the "Motion to Compel"), filed by Christopher P. Wossilek and Phillip Wossilek (the "Wossileks") and joined by Mr. Rex Wu (ECF No. 60988), (ii) *Memorandum of Law in Support of Rex Wu to Join Their Motion Under Rule 19(a) of the Federal Rules of Civil Procedures* (ECF No. 61003), filed by the Wossileks (the "19(a) Motion"), (iii) *Motion for Summary Judgment for the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 61013), also filed by the Wossileks (the "Motion for Summary Judgment," and together with the Motion to Compel and 19(a) Motion, the "Pending Motions").

⁵ *See Plan Administrator's Objection to Motion to Compel and Related Pleadings* (ECF No. 61063, the "Latest Objection").

⁶ *See* Latest Objection; *Plan Administrator's Objection to Motion to Allow Late Claim* (ECF No. 59738) (Plan Administrator's objection to Mr. Wu's filing of proof of claim, sustained by the Court at ECF No. 59801); *Plan Administrator's Objection to Motion to Reclassify* (ECF No. 60378) (Plan Administrator's objection to Mr. Waske's motion to reclassify/amend the Plan, sustained by the Court at ECF No. 60678); *Plan Administrator's Objection to Motion to Reserve* (ECF No. 60482) (Plan Administrator's objection to Mr. Waske's motion to reserve, sustained by the Court at ECF No. 60678); *Plan Administrator's Objection to Motion for Summary Judgment* (ECF No. 60641) (Plan Administrator's objection to Mr. Waske's motion for summary judgment, sustained by the Court at ECF No. 60678).

(Bankr.S.D.N.Y.2006) (holding that, if a motion to reconsider an order is filed within ten days after entry of an order, it is analogous to a motion under Bankruptcy Rule 9023 and should be governed by the same principles as a motion under FRCP 59; if filed later, it should be considered as if it were a motion under FRCP 60).

3. As this Court has explained, "[t]he standard for granting a motion to alter or amend a judgment pursuant to Federal Rule 59(e) is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *In re Sabine Oil & Gas Corporation, et. al.*, Case No. 15-11835 (SCC) (ECF No. 1710) (citations omitted). "To obtain relief by motion to alter or amend a judgment pursuant to Federal Rule 59(e), the movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision or, alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Id.* (citations omitted).

4. The Movants have failed to meet this well-established standard. First, the Movants have not alleged a change in controlling law. Second, the facts that the Movants suggest the Court overlooked are the arguments that the Court previously considered and rejected. It is implausible that any statement of alleged fact repeated (or, even if first made) in the Motion "might materially have influenced" the Court's decision to approve a final distribution to certain creditors of LBHI. *See Sabine* at ¶ 2.[7] Indeed, the doctrine of reconsideration is designed to prevent the very scenario that the Movants are attempting to create: repetitive consideration of arguments and issues that have already been fully considered by the Court. *See In re AMR Corp.*, 2015 Bankr. LEXIS 2266 at *5 (Bankr. S.D.N.Y. July 10,

---

[7] The Plan Administrator notes that no party objected to entry of the order that the Movants now want reconsidered, and Movants have not provided any reason why they themselves failed to object to entry of the order. There are no arguments and no facts alleged in the Motion that were not known to the Movants prior to entry of the order.

2015) (stating that the criteria for reconsideration "are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court") (citations omitted).

## **CONCLUSION**

5. For any or all of these reasons, the Motion should be denied. The Plan Administrator respectfully requests the Court enter an order denying the Motion and the other Pending Motions. A proposed order is attached hereto as **Exhibit A**. The Plan Administrator reserves all other rights, including to conduct discovery and to supplement this and other filings as necessary.

Dated: August 4, 2021
      New York, New York

                                        */s/ Garrett A. Fail*
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007
                                        Garrett A. Fail
                                        Jason L. Hufendick

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

## Exhibit A

Proposed Order

WEIL:\98088625\3\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                  :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al*. | : | 08-13555 (SCC) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**ORDER DENYING (I) MOTION FOR RECONSIDERATION
(ECF NO. 61063), (II) MOTION TO COMPEL (ECF NO. 60984);
(III) MOTION TO JOIN REX WU PURSUANT TO RULE 19(A) (ECF NO.
61003); AND (IV) MOTION FOR SUMMARY JUDGEMENT (ECF NO. 61013)**

The Court having considered the following motions filed by Rex Wu, Joseph Waske, Christopher Wossilek, and Phillip Wossilek (collectively, the "Movants"): (i) *Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holding Inc. and Granting Related relief* (ECF No. 61168, as amended at ECF Nos. 61172, 61173, and 61180, the "Motion for Reconsideration"); (ii) *Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 60984, as amended at ECF No. 60986, the "Motion to Compel"), (iii) *Memorandum of Law in Support of Rex Wu to Join Their Motion Under Rule 19(a) of the Federal Rules of Civil Procedures* (ECF No. 61003, the "19(a) Motion"), and (iv) *Motion for Summary Judgment for the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 61013, the "Motion for Summary Judgment," and together with the Motion for Reconsideration, the Motion to Compel, and 19(a) Motion, the "Motions"); and the Court having considered the timely objections by the Plan Administrator to the Motion for Reconsideration, Motion to Compel, the 19(a) Motion, and the Motion for Summary Judgement; and the Court having considered all of the joinders and statements filed in connection with the Motions (collectively,

the "<u>Joinders</u>") [ECF Nos. 60874, 60887, 60976, 60988, 60992, 60993, 60994, 60995, 61005, 61006, 61009, 61012, 61061, and 61062]; and the Court having considered the prior proceedings in these chapter 11 cases, and the Court having jurisdiction to decide the Motions and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motions and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation, the Court having determined that no party established sufficient factual or legal basis for the requested relief in the Motions, it is hereby

      1.    ORDERED that each of the Motions is denied with prejudice; and it is further

      2.    ORDERED that any relief sought by the Motions or the Joinders is denied with prejudice.

      3.    ORDERED that that the Plan Administrator is hereby excused from responding to any further pleadings of the Movants, or any other party (including those that filed the Joinders) on matters related to the Motions or the relief requested therein (including any future pleadings seeking to enforce the subordinated guarantee or the trust preferred securities described therein) absent further Order of or direction by the Court.

      4.    ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2021
      New York, New York

                                      THE HONORABLE SHELLEY C. CHAPMAN
                                      UNITED STATES BANKRUPTCY JUDGE