DocuSign Envelope ID: B715A5F9-6F6F-4715-9857-DAF066B05016

Rex Wu
6315 N Campbell
Chicago, IL 60659
312-785-0348
rex_wu@live.com.com

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Lehman Brothers Holdings INC., et al,** <br> **Debtors.** | Case No.: 08-13555 (SCC) <br><br> (Jointly Administered) <br><br> Docket #61168 |

MOTION FOR SUMMARY JUDGMENT FOR THE MOTION FOR RECONSIDERATION ON A LIMITED BASIS FOR THE ORDER AUTHORIZING FINAL DISTRIBUTION FOR CERTAIN CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. AND GRANTING RELATED RELIEF

TO THE HONORABLE SHELLEY C CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Joseph Waske, Christopher P. Wossilek, Phillip Wossilek and Rex Wu referred to as the "Shareholder Group" request the honorable court to grant this Motion for a Summary Judgment for the Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief (Docket #61168). "The Notice of Errata…" (Docket #61173) is related to Docket #61168. The Shareholder Group state as follows:

<u>Jurisdiction</u>

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

This is a core proceeding under 28 U.S.C. §§ 157(b). The statutory bases for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

Background

1. The Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief was filed under Fed. R. Civ. P. 60(b)(3),(1) to deny the Plan Administrator and Lehman Brothers Holdings Inc. liability protection arising from the Final Distribution.

2. With Fed. R. Civ P. 60(b)(3), what is under Appeals in Judge Abram's court is (ECF # 20-cv-05083 and 20-cv-05823), "Misrepresentations" made by the Plan Administrator during the hearing relating to the order issued on June 11th, 2020. (Docket #60678)

3. The Plan Administrator made blatant misrepresentations in regards to the Subordinated Guarantee in Honorable Judge Engelmayer's court. The Plan Administrator misled Honorable Judge Engelmayer by a signed entry that the Lehman Brothers Holdings Capital Trusts III, IV, V and VI are "subordinated to the level of preferred equity interest of LBHI" when in fact the Plan Administrator has been aware for years that the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI preferred shares are in parity with the most senior preference shares of its LBHI's affiliates." (Docket 61168)

4. The preferred shares of the Lehman Brothers Capital Trusts <u>are not subordinated to the level</u> of preferred interest in LBHI. The Plan Administrator went as far as **doctoring the quotations** of the terms listed on the prospectuses to perpetuate the misrepresentation. (Docket 61168, Exhibit A). This type of misrepresentation allows the Plan Administrator

to violate Bankruptcy Code 510(a) by ignoring the parity rights under the LBHI Capital Trusts III, IV, V and VI subordinated guarantee in relation to LBHI's Affiliate's preference shares and thus ignoring the Guarantee Rights. The statement that the LBHI Capital Trusts III, IV, V and VI are "subordinated to the level of preferred equity interest of LBHI" followed by the doctoring of the terms of the subordinated guarantee and signed by the Plan Administrator proves that the misrepresentation is intentional. The Plan Administrator doctored the terms of the subordinated guarantee to exclude the guarantee rights of being in parity with the most senior preference shares of LBHI's Affiliates to support the statement. The combined values of the LBHI Capital Trusts III, IV, V and VI are about $1.2 billion. That is potential fraud under Fed. R. Civ. P. 60(b)(3), at a minimum an intentional misrepresentation and that is justification to file the "Motion to Reconsider on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief."

5. The rights and provisions of the Subordinated Guarantees are protected by Bankruptcy Code 510(a).

6. The Shareholder Group has standing under their respective Prospectuses and Bankruptcy Code 510(a) to file the Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution from Certain Creditors of Lehman Brothers Holdings Inc.and Granting Related Relief.

7. On July 7th, 2021, the Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief was filed and received by the honorable court. (Docket #61168)

8. Manual Service was sent but not required because the Debtor is receiving Electronic Service from the United States Bankruptcy Court of the Southern District of New York. Manual Service was sent Via USPS (Docket #61169).

9. Federal Rules of Civil Procedures Pursuant to Rule 12(a)(1)(A)(i), the Debtor has twenty-one (21) days (including weekends and holidays) from service of this motion to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). See also SDNY Local Civil Rule 6.4.

10. Lehman Brothers Holdings Inc. through the Plan Administrator filed its Objection on August 4th, 2021. (Docket #61194)

11. Twenty-one days from the honorable court stamped "Received" date is July 28th, 2021.

<u>Statement</u>

12. The Plan Administrator filed his Objection seven days after the deadline. The Plan Administrator's Objection (Docket #61194) is not in compliance with Federal Rules of Civil Procedures Pursuant to Rule 12(a)(1)(A)(i), the Debtor has twenty-one (21) days (including weekends and holidays) from service of this motion to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). See also SDNY Local Civil Rule 6.4.

13. The cases ECF # 20-cv-05083 and ECF #20-cv-05823 that are pending in Honorable Judge Abrams' Court and the Summary Judgement (Docket #61013) are directly impacted by LBHI's Final Distribution because the time period covered by the Subordinated Guarantee includes the time period of LBHI's Final Distribution. The Subordinated Guarantee Certificates that are required to be filed for YE 2021 in accordance with the Important Covenants of LBH within the Subordinated Guarantee and protected by Bankruptcy Code 510(a) will determine if LBH is in compliance or not with the Important Covenants of LBH. The Honorable Judge Abrams is also reviewing the Subordinated Guarantees that has yet to be ruled on by Judge Abrams' Honorable Court.

## Conclusion

14. The Plan Administrator was provided adequate time to file his Objection and failed to do so. The Plan Administrator's Objection is not in compliance with Federal Rules of Civil Procedures Pursuant to Rule 12(a)(1)(A)(i), Fed. R. Civ. P. 6(a), (b), (d) and SDNY Local Civil Rule 6.4.

15. The Shareholder Group respectfully request the court to immediately grant the relief sought in the Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief

16. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where 1) there are two cases in the Appellate Court that involves misconduct by the Plan Administrator 2) The Plan Administrator stated that the LBHI Capital Trusts III, IV, V and VI are "subordinated to the level of preferred equity interest of LBHI," which is false because the LBHI Capital Trusts III, IV, V and VI are not subordinated <u>to the level</u> of LBHI's preferred equity interest. They are in parity with the most senior preference shares of LBHI **and its affiliates**. The Plan Administrator then proceeded to doctored the terms of the Prospectuses to reflect his intentional misrepresentation and signed it.

17. Pursuant to the provision of Rule 55(b)(2), Federal Rules of Civil Procedure, this court is empowered to enter a default judgment against the Debtor for relief sought by plaintiff in their motion.

18. For all the reasons set forth herein and, in the Motion, the Shareholder Group respectfully request the Court grant the relief requested in the Motion, and grant such other relief as is just.

## AFFIDAVIT

The Shareholder Group, does hereby certify that the statements and allegations set forth in the foregoing Motion are true and accurate to the best of our knowledge and belief.

Respectfully Submitted,

Dated this 6th day of August, 2021

*Christopher Wossilek*
Christopher P. Wossilek
10687 Addison Ct
Highlands Ranch, CO 80126
303-330-9942
cwoss@protonmail.com

*Phillip Wossilek*
Phillip Wossilek
6833 South Harvest Ct
Aurora, CO 80016
woz229@comcast.net

*Rex Wu*
Rex Wu
6315 N Campbell
Chicago, IL 60659
312-785-0348
rex_wu@lvie.com

*joseph waske*
Joseph Waske
22862 Via Genoa
Dana Point, CA 92629
949-517-8330
jwaske3@yahoo.com