UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REX WU,

                Appellant,

      v.

LEHMAN BROTHERS HOLDINGS INC.,

                Appellee.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/30/21

20-CV-5823 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      As noted in another opinion, filed simultaneously with this one, *Waske v. Lehman Brothers Holdings Inc.*, No. 20 Civ. 5083, Dkt. No. 8 (S.D.N.Y. Sept. 30, 2021), a group of pro se litigants have filed a series of motions in the Lehman Brothers Chapter 11 case seeking to recover from Lehman Brothers based on a novel reading of a trust securities prospectus. Appellant Rex Wu is one such litigant, and his motion to file a late claim was denied by the bankruptcy court in 2019. *See In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555, Dkt. Nos. 59614, 59801 (Bankr. S.D.N.Y. April 8, 2019) (hereinafter "Lehman Dkt."). Mr. Wu did not appeal this decision. An appeal was filed, however, by another pro se litigant, Mr. Dan Ianello, who had joined Mr. Wu's motion in the underlying action, but had not filed a motion of his own in bankruptcy court. In a three-page order, Judge Engelmayer explained why Mr. Ianello did not have standing, and denied the appeal on that ground. *See Ianello v. Lehman Brothers Holdings Inc.*, No. 19 Civ. 06397, Dkt. No. 15 (S.D.N.Y. March 30, 2020) (Even "[i]f Wu's motion below had been granted by the Bankruptcy Court, it would not have given Ianello permission to file a proof or claim against LBHI.")

Mr. Wu is in the same position in the instant case. Mr. Wu joined a motion by another pro se litigant, Mr. Joseph Waske, without filing his own motion. *See* Lehman Dkt. 60337. When Mr. Waske's motions were denied—motions which were, substantively, the same as Mr. Wu's previous motions—Mr. Wu brought this appeal based on his joinder to Mr. Waske's motion. Having not made his own motion, Mr. Wu is now in the same position as Mr. Ianello was and for the reasons stated by Judge Engelmayer, Mr. Wu thus lacks standing to bring this claim. *See Ianello*, No. 19 Civ. 06397, Dkt. No. 15.

Even if Mr. Wu did have standing, his appeal would be denied for the reasons outlined in the Court's opinion and order denying Mr. Waske's appeal, which is incorporated herein. *See Waske v. Lehman Brothers Holdings Inc.*, No. 20 Civ. 5083, Dkt No. 8 (S.D.N.Y. September 30, 2021).

Not only are the legal issues the same, but like Mr. Waske, Mr. Wu was also given an opportunity to be heard, both in writing and briefly at oral argument. *See* Dkt. 7-2, App. Part II, A634–A636, Bankruptcy Court Hr'g Tr. 12:9-14:15. Mr. Wu objects, in particular, to the bankruptcy court's refusal to hear his arguments on the "Neuberger Berman" issue, but it was in the court's discretion to conclude that no oral argument was necessary on that issue. This proper exercise of discretion does not form the basis for a due process violation. *See Waske*, No. 20 Civ. 5083, Dkt. No. 8, at 11. Mr. Wu was thus not deprived of due process and his appeal on that ground is meritless.

## CONCLUSION

For the foregoing reasons, Mr. Wu's appeal is dismissed in its entirety, and Clerk of Court is respectfully directed to close this case.

Lehman Brothers Holdings Inc. is directed to serve a copy of this order on Mr. Wu and to file proof of service on the docket.

SO ORDERED.

Dated: September 30, 2021
New York, New York

RONNIE ABRAMS
United States District Judge

3