**Response Deadline: October 28, 2021, at 4:00 p.m. (Eastern Time)**

**Hearing Date: November 18, 2021, at 11:00 a.m. (Eastern Time)**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:  (212) 382-3300
Facsimile: (212) 382-0050
William A. Maher
Adam M. Bialek
Brant D. Kuehn
Christopher J. Lucht

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ————————————————————— x | |
| **In re:** : | **Chapter 11** |
| : | |
| : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | |
| : | |
| **Debtors.** : | |
| ————————————————————— x | |

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR
LEAVE TO AMEND AND EXTEND THE SCOPE OF THE ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION
CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Lehman

Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator for the entities

in the above referenced chapter 11 cases (the "Debtors"), for leave to amend and extend the scope of

the alternative dispute resolution procedures order for indemnification claims of the Debtors against

mortgage loan sellers, as more fully described in the Motion, will be held before the Honorable

Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York

10004, on November 18, 2021 **at 11:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may

1

be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion shall (a) be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court, with proof of service, electronically in accordance with General Order M-399 (available at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's electronic case filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, compact disk, or flash drive, preferably in text-searchable Portable Document Format (PDF) (with a hard copy delivered directly to Chambers), and shall be served upon (i) the Chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) special counsel for LBHI, Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, NewYork 10110 (Attn: Adam M. Bialek, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq. and Andrea B. Schwartz, Esq.), on or before October 28, 2021**, at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served regarding the Motion or any relief requested therein, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  New York, New York
        October 21, 2021

                                                                   */s/ Christopher J. Lucht*

William A. Maher
Adam M. Bialek
Brand D. Kuehn
Christopher J. Lucht

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:  (212) 382-3300
Facsimile: (212) 382-0050

*Counsel for Lehman Brothers Holdings Inc.*

3

**Response Deadline: October 28, 2021, at 4:00 p.m. (Eastern Time)**
**Hearing Date: November 18, 2021, at 11:00 a.m. (Eastern Time)**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:  (212) 382-3300
Facsimile: (212) 382-0050
William A. Maher
Adam M. Bialek
Brand D. Kuehn
Christopher J. Lucht

*Counsel for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| **In re:** | : | **Chapter 11** |
| | : | |
| | : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | |
| | : | |
| **Debtors.** | : | |
| | x | |

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR**
**LEAVE TO AMEND AND EXTEND THE SCOPE OF THE ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION**
**CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

JURISDICTION ................................................................................................................... 4

BACKGROUND ................................................................................................................. 5

A.    The Court Bound Thousands of Mortgage Loan Sellers to Mediate with the Plan
      Administrator Regarding Indemnification Claims That Were Triggered by
      Settlements with Fannie Mae, Freddie Mac, and the RMBS Trustees............................. 5

B.    Suburban Rejected the Plan Administrator's Attempts to Mediate Even Though the Plan
      Administrator (i) Permitted Suburban to Select the Mediator, (ii) Agreed to Pay the
      Mediator Fees; and (iii) Agreed to Mediate Remotely ...................................................... 7

C.    The Court Adjourned the Depositions of Suburban Until Further Court Order ................. 8

RELIEF REQUESTED .......................................................................................................... 9

ARGUMENT ....................................................................................................................... 9

A.    Suburban Should Be Bound to the Second Amended ADR Order ................................... 9

B.    Suburban Waives No Defenses by Participating in the ADR Process ............................ 13

C.    Requiring Suburban to Participate in the ADR Process Does Not Limit
      Suburban's Right to Due Process ................................................................................... 13

NOTICE ............................................................................................................................ 14

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                     **<u>Page(s)</u>**

*Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*,
    448 Fed. Appx. 134 (2d Cir. 2011) ........................................................................................4

*Degen v. U.S.*,
    517 U.S. 820 (1996) ..............................................................................................4, 12

*Fisher v. SmithKline Beecham Corp.*,
    2009 U.S. Dist. LEXIS 24543 (W.D.N.Y. Mar. 26, 2009) ...................................................10

*Grey v. F.D.I.C.*,
    2002 U.S. Dist. LEXIS 8277 (S.D.N.Y. May 8, 2002) .......................................................10

*In re Sosa*,
    443 B.R. 263 (Bankr. D.R.I. 2011) ..................................................................................9, 12

*Matter of Sargeant Farms, Inc.*,
    224 B.R. 842 (Bankr. M.D. Fla. 1998).............................................................................9, 12

*New Eng. Dairies, Inc. v. Dairy Mart Conv. Stores, Inc. (In re Dairy Mart Conv. Stores, Inc.)*,
    351 F.3d 86 (2d Cir. 2003) .............................................................................................9, 12

*Parklane Hosiery Co., Inc. v. Shore*,
    439 U.S. 322 (1979) .........................................................................................................13

*Woods v. Holy Cross Hospital*,
    591 F.2d 1164 (5th Cir. 1979) ..........................................................................................13

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .........................................................................................................13

## <u>Other Authorities</u>

11 U.S.C. § 105............................................................................................................8, 9, 12

28 U.S.C. § 157.....................................................................................................................4

28 U.S.C. § 1334...................................................................................................................4

Fed. R. Bankr. P. 7016 ..........................................................................................................9

Fed. R. Bankr. P. 9024 .......................................................................................................3, 4

Fed. R. Civ. P. 16.................................................................................................................9

Fed. R. Civ. P. 60.................................................................................................................4

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), the Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, for LBHI and certain of its subsidiaries, submits this Motion for Leave to Amend and Extend the Scope of the Alternative Dispute Resolution Procedures Orders for Indemnification Claims of the Debtors against Mortgage Loan Sellers (the "Motion"). The proposed Second Amended Order in Aid of Alternative Dispute Resolution Procedures Orders for Indemnification Claims of the Debtors Against Mortgage Loan Sellers is attached as Exhibit A (the "Second Amended ADR Order") to the Declaration of Christopher J. Lucht in Support of Plaintiff's Motion (the "Lucht Decl."). The Second Amended ADR Order binds Seller Suburban Mortgage, Inc. ("Suburban") to the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, dated July 18, 2014, as amended on November 14, 2018 [Dkt. No. 59085], January 14, 2019 [Dkt. No. 59387] and July 15, 2020 [Dkt. No. 60739] (as so amended, the "ADR Order") and sets forth certain procedures only meant for mediation with Suburban. This Motion does not seek to change the ADR Order's procedures as to any other Seller.

In support of its Motion, the Plan Administrator states:

## PRELIMINARY STATEMENT

1.      This Motion seeks to bind Suburban, against which the Plan Administrator holds contractual indemnification claims ("Indemnification Claims"), to the proposed Second Amended ADR Order.[1]

2.      The ADR Order established a mediation process to resolve the thousands of contractual Indemnification Claims that the Plan Administrator holds against loan originators and brokers ("Sellers") of allegedly defective residential mortgage loans. The ADR Order directs the

---

[1] All capitalized terms in the Preliminary Statement not otherwise defined herein or in the preamble above, are defined in the Background section below.

Sellers who receive an ADR notice containing supporting information for the Plan Administrator's Indemnification Claims and a settlement demand to participate, in good faith, in mandatory mediation. The ADR Order provides that all such mediations are to be conducted confidentially and that by participating in the mediations Sellers would waive *no defenses* they may have.

3.    The ADR process has succeeded. The Plan Administrator has successfully resolved over 90% of the number of active, coordinated cases, which represent over 95% of the damages sought. The Court's ADR Order has been a key tool driving that result. The Plan Administrator and over 40 defendants used the ADR procedures to resolve claims through settlement at or shortly following mediation without expending the time and resources of the Court. Although not every mediation has resulted in settlement, even those that did not often provided an opportunity for the parties to engage in open and frank discussions in good faith. Further, even the scheduling of mediations provided a useful catalyst for the Plan Administrator and its counterparties to meaningfully discuss settlement. In short, although not every mediation resulted in settlement, nearly all the Plan Administrator's counterparties participated in good faith and the vast majority did settle, tremendously benefiting all parties, including LBHI's creditors, the participating defendants, and the Court.

4.    Suburban is the *only* Seller that has refused to mediate. The Plan Administrator sought to bind Suburban to the 2018/2019 ADR Order regarding the RMBS Indemnification Claims, but "carved out" Suburban from the 2018/2019 ADR Order when Suburban agreed to attempt to resolve the case without formal mediation, and if that failed, through an agreed-upon mediation process.

5.    The parties failed to resolve the case consensually when material settlement discussions between the parties ceased in March 2019. In December 2020 and January 2021, the Plan Administrator proposed a mediation process to Suburban that mirrored the ADR Order but with several key exceptions, namely, that (i) Suburban could choose the mediator from the list of approved

2

mediators, (ii) the mediation did not need to be conducted in person and could proceed virtually, and (iii) the Plan Administrator would assume all the costs of the mediation.

6.      On or about January 29, 2021, Suburban agreed to mediate, but identified two mediators who are not on the list of approved mediators and are located in Texas and Illinois. In February, the Plan Administrator agreed to use one of Suburban's proposed mediators. Shortly thereafter, Suburban ceased responding to the Plan Administrator's efforts to schedule the mediation and informed the Plan Administrator on March 12, 2021, that Suburban was no longer interested in mediating the case. Suburban offered no credible explanation for the last-minute retraction.

7.      Mediation would be helpful in resolving this case and potentially reduce time and expenses for the parties and the Court. Moreover, the burden on Suburban is minimal as the Plan Administrator has offered to pay the entire cost of Suburban's chosen mediator and the mediation would take place remotely. Ordering mediation here would be similar to ordering a Rule 7016 pretrial conference to discuss settlement, and the Court has already determined on multiple occasions that it has the jurisdictional power to order potential and actual defendants such as Suburban to mediate, regardless of purported defenses that such parties may raise in a separate adversary proceeding.

8.      The Plan Administrator respectfully requests that the Court approve the proposed Second Amended ADR Order as to Suburban.

*      *      *

9.      The proposed Second Amended ADR Order does not materially change the procedures in the existing ADR Order, but rather simply seeks to bind Suburban to those procedures.

10.    Federal Rule of Bankruptcy Procedure 9024 authorizes the Court to amend the ADR Order because it incorporates by reference Fed. R. Civ. P. 60, which permits a party to seek to alter an order or judgement of the Court at any time "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Courts "have certain inherent authority to protect their proceedings and judgments

3

in the course of discharging their traditional responsibilities." *Degen v. U.S.*, 517 U.S. 820, 823 (1996).

11.     This Motion should be granted. The proposed Second Amended ADR Order binds Suburban to a modified, and more Seller-friendly ADR procedure. As resolution of claims and litigation is a traditional responsibility of this Court, the Court has the inherent authority to grant such relief. Bankruptcy Rule 9024 expressly authorizes this Court to modify its orders in the interest of justice. Fed. R. Bankr. P. 9024. Amending the ADR Order to include Suburban will benefit the Plan Administrator's creditors by potentially expediting the resolution and recovery on account of such claims and by increasing distributions to creditors.

## JURISDICTION

12.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and Section 14.1 of the Plan.

13.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).

14.     Importantly, this Court has already ruled that it has subject matter jurisdiction over the same procedure with respect to the ADR Order. 2014 ADR Order § A ("[t]he Court has jurisdiction to enter this Order"), Dkt. No. 44450; 2018/2019 ADR Order at § A (same), Nos. 59085, 59387; 2020 ADR Order at 1 ("the Court having jurisdiction to consider the Motion and the relief requested therein"), Dkt. No. 60739.  By this Motion, the Plan Administrator merely seeks to expand the successful ADR Order to one additional defendant, Suburban.

## BACKGROUND

**A.      The Court Bound Thousands of Mortgage Loan Sellers to Mediate with the Plan Administrator Regarding Indemnification Claims That Were Triggered by Settlements with Fannie Mae, Freddie Mac, and the RMBS Trustees**

15.     On January 22, 2014, LBHI and its affiliates settled claims asserted by Fannie Mae arising from allegedly defective mortgage loans it purchased from LBHI. Dkt. No. 42153. LBHI and

its affiliates settled similar claims asserted by Freddie Mac on February 12, 2014. Dkt. No. 42754].

These settlements were approved by Orders dated January 31, 2014 [Dkt. No. 42420] and February

19, 2014 [Dkt. No. 42918], respectively.

16.     On May 29, 2014, the Plan Administrator sought approval of the *Alternative Dispute*

*Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan*

*Sellers* [Dkt. No. 44450]   (the "2014 ADR Motion")   requesting the Court to require the Plan

Administrator and the Sellers of the mortgage loans underlying the claims that LBHI settled with

Fannie Mae and Freddie Mac to submit to non-binding mediation to attempt to resolve claims that

the Plan Administrator intended to assert for indemnification of the amounts it paid under those

settlements.

17.     The Court granted the 2014 ADR Motion on July 18, 2014 (the "2014 ADR Order").

Dkt. No. 45277. On October 28, 2014, several thousand Sellers, including Suburban, were served

with the Court's Alternative Dispute Resolution Procedures Order for Indemnification Claims of the

Debtors Against Mortgage Loan Sellers. Dkt. No. 46692.[2]

18.     The Plan Administrator has moved three times to bind additional parties to the 2014

ADR Order and the Court granted each request. Dkt. Nos. 51241; 58858; and 60632. On October 22,

2015, the Plan Administrator moved to bind alleged successors to the Sellers of loans underlying the

settled claims of Fannie Mae and Freddie Mac to participate in the mandatory mediation process,

notwithstanding any defenses that the parties may raise, including their purported lack of liability

under state successor liability law (the "First Motion in Aid"). Dkt. No. 51241. The Court granted the

First Motion in Aid on December 1, 2015 (the "2015 ADR Order"). Dkt. No. 51575.

19.     On October 1, 2018, the Plan Administrator filed another motion seeking to extend

---

[2] The Plan Administrator and Suburban mediated the Plan Administrator's GSE claims on May 14, 2015. The parties
did not reach resolution.

the scope of the 2014 ADR Order to bind Sellers who sold or delivered mortgage loans underlying the Plan Administrator's settlement with certain RMBS Trustees that resulted in the Court's March 15, 2018 order estimating the allowed RMBS claims at a total amount of $2.38 billion (the "2018 ADR Motion"). Dkt. No. 58858.

20.     Multiple parties objected to the Plan Administrator's 2018 ADR Motion. On October 28, 2018, Suburban filed a joint limited objection and reservation of rights. Dkt. No. 58955. The limited objection argued, among other things, that mediation was *premature* because the Plan Administrator had not provided the objectors with sufficient information showing they were potentially liable for LBHI's settlement with the RMBS Trustees. The objection also argued that the mediation procedures were *unfair* because (i) the Plan Administrator selected the mediators, (ii) mediations had to be held in New York, and (iii) the objectors had to pay their own share of the mediation fees. *Id.* at 4-5, 11-12.

21.     On October 29, 2018, the Court held a hearing on the 2018 ADR Motion. During that hearing, the Plan Administrator agreed to "carve out" Suburban from its 2018 ADR Motion. In exchange, Suburban agreed to engage in good-faith settlement discussions without formal mediation, but if that failed, through an agreed-upon mediation process.

22.     On November 14, 2018, the Court granted the 2018 ADR Motion regarding all Sellers who did not timely object. Dkt. No. 59085. On January 14, 2019, the Court entered an amended ADR Order regarding the objecting Sellers. Dkt. No. 59387. Both the November 14, 2018 and the January 14, 2019 amendments (together, the "2018/2019 ADR Order") to the 2014 ADR Order obligated Sellers and their successors to participate in non-binding mediation related to the Indemnification Claims. As agreed, the 2018/2019 ADR Order omitted Suburban.

23.     On May 12, 2020, the Plan Administrator filed its third motion, which sought to require alleged successors to Sellers of loans underlying the RMBS Trustees' $2.38 billion estimation

6

order to participate in the mandatory mediation process, notwithstanding any defenses that the parties may raise, including their purported lack of liability under state successor liability law. Dkt. No. 60632 (the "Third Motion in Aid"). The Court granted the Third Motion in Aid on July 15, 2020. Dkt. No. 60739 (the "2020 ADR Order," which, as stated above, together with the 2014 ADR Order, 2015 ADR Order, and the 2018/2019 ADR Order, means the "ADR Order").

**B.    Suburban Rejected the Plan Administrator's Attempts to Mediate Even Though the Plan Administrator (i) Permitted Suburban to Select the Mediator, (ii) Agreed to Pay the Mediator Fees; and (iii) Agreed to Mediate Remotely**

24.    Under the Plan Administrator and Suburban's agreement to carve Suburban out of the 2018/2019 ADR Order, the parties engaged in informal settlement discussions. The Plan Administrator's attempt to resolve this matter without formal mediation failed as material settlement discussions between the parties ceased in March 2019.

25.    In December 2020 and January 2021, the Plan Administrator contacted Suburban to propose formal mediation. The Plan Administrator proposed a mediation process that mirrored the ADR Order but with several key exceptions, namely, that (i) Suburban could choose the mediator from the list of approved mediators, (ii) the mediation did not need to be conducted in person and could proceed virtually, and (iii) the Plan Administrator would assume all the costs of the mediation.

26.    On January 29, 2021, Suburban agreed to the Plan Administrator's proposed mediation, but offered two mediators not on the list of approved mediators located in Texas and Illinois. In February, the Plan Administrator agreed to use one of Suburban's proposed mediators. Shortly thereafter, Suburban refused to schedule the mediation and on March 12, 2021, informed the Plan Administrator that Suburban was no longer interested in mediating the case.

**C.    The Court Adjourned the Depositions of Suburban Until Further Court Order**

27.    On June 18, 2021, Suburban asked the Court to adjourn any individual depositions and additional discovery pending resolution of its pending motion to dismiss regarding standing and

7

subject matter jurisdiction (the "Letter Request"). Dkt. No. 61153. As a result, the Court scheduled a

conference for September 10, 2021.

28.     On September 7, 2021, the Plan Administrator requested the Court adjourn the

September 10 conference to consider Suburban's Letter Request staying depositions until the Plan

Administrator mediated with Suburban.[3] The Plan Administrator stated that it believed the short

adjournment would allow the successful mediation program to work without burdening the Court

until absolutely necessary.

29.     The next day, on September 8, 2021, the Court (i) adjourned the Court Conference

regarding the Letter Request; (ii) adjourned the depositions of Suburban until further order; and (iii)

stated the "parties remain free to file whatever substantive motions they deem appropriate."

## RELIEF REQUESTED

30.     Given the refusal of Suburban to voluntarily participate in mediation, under section

105(a) of the Bankruptcy Code and the Court's General Order M-143 (the "Standing Order"), the

Plan Administrator requests that Suburban be bound by the proposed Second Amended ADR Order

and directed to mediate the Plan Administrator's RMBS Indemnification Claims.

## ARGUMENT

### A.     Suburban Should Be Bound to the Second Amended ADR Order

31.     Section 1 of the Standing Order permits the Court to assign a matter to mediation upon

the motion of a party in interest, the U.S. Trustee, or on its own motion. Further, Standing Order

section 1.3 permits the Court to assign an adversary proceeding, contested matter, or other dispute to

---

[3] As the Court will recall, the Plan Administrator also asked the Court to adjourn the court conference until the completion of the Approved Funding Corp. ("Approved") mediation. Once again, Approved unilaterally cancelled mediation on the morning of September 30, 2021 for a mediation scheduled that afternoon. Approved has not yet scheduled a new mediation date in violation of the ADR Order.

mediation. Section 105(a) of the Bankruptcy Code grants bankruptcy courts the "equitable power to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'" 11 U.S.C. § 105(a); *see also New Eng. Dairies, Inc. v. Dairy Mart Conv. Stores, Inc. (In re Dairy Mart Conv. Stores, Inc.)*, 351 F.3d 86, 91-92 (2d Cir. 2003) (*quoting* 11 U.S.C. § 105(a)); *In re Sosa*, 443 B.R. 263, 267 (Bankr. D.R.I. 2011) ("it is within a district court's inherent powers to order even non-consensual mediation in those cases in which the step seems reasonably likely to serve the interests of justice.") (citations omitted); *Matter of Sargeant Farms, Inc.*, 224 B.R. 842, 847 (Bankr. M.D. Fla. 1998) ("the bankruptcy court has the authority and power to promulgate rules associated with court-annexed mediation and, where necessary, to require the parties to participate in same."). Accordingly, the Court has the authority to expand the ADR Order as it relates to the Plan Administrator's RMBS Indemnification Claims against Suburban.[4]

32.    Thus, the Standing Order expresses the Court's intent to facilitate mediation in all matters. Consistent with that intent, the Plan Administrator respectfully requests that the Court implement the proposed Second Amended ADR Order regarding Suburban.

33.    Since the ADR Order was approved, LBHI has successfully resolved over 90% of the active, coordinated cases, which represent over 95% of the damages sought. The Court's ADR Order has been a key tool driving that result. The Plan Administrator and over 40 defendants have used the ADR procedures to settle claims at or shortly following mediation without expending the time and resources of the Court. Of the handful of active cases remaining, *only* Suburban refused to

---

[4] In the alternative, under Rule 16, made applicable here by Bankruptcy Rule 7016, the Court has the power to order parties to appear at one or more pre-trial conferences, specifically for purposes such as "facilitating settlement." Fed. R. Civ. Pro. 16(a)(5); *see also* Rule 16(c) ("the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."). The Plan Administrator's request that the Court order Suburban participate in a court-order mediation, especially where the Plan Administrator has offered to pay the cost of the mediator, is functionally equivalent to the Court ordering the parties to attend a pre-trial conference to "facilitate settlement."

mediate the RMBS Indemnification Claims.

34.    Given the Plan Administrator's success in implementing ADR Procedures with the Indemnification Claims, it is reasonable to believe that mediation could succeed here. Moreover, most of Suburban's purported concerns regarding cost, location, and mediator selection are addressed in Suburban's favor in the proposed Second Amended ADR Order.

35.    The alternative to mediation is to continue the on-going litigation between the Plan Administrator and Suburban which would be antithetical to the favored policy of utilizing the cost-effective and expedited alternative dispute resolution process. *See Fisher v. SmithKline Beecham Corp.*, 2009 U.S. Dist. LEXIS 24543, at *5-6 (W.D.N.Y. Mar. 26, 2009); *Grey v. F.D.I.C.*, 2002 U.S. Dist. LEXIS 8277, at *18 (S.D.N.Y. May 8, 2002). This Court should reject arguments by Suburban that it would be more cost-effective or less burdensome for the Court to first decide its Motion to Dismiss. Even if Suburban prevails, the Plan Administrator may either commence litigation against Suburban in another jurisdiction or appeal, which, either way, will be costly, time consuming, and wasteful if the case can be resolved short of that through mediation. Moreover, if this case is dismissed on Suburban's motion because the Court concludes it does not have subject matter jurisdiction, then the Plan Administrator will simply file the case in another court and pursue mediation there.

36.    Attempting to justify its last-minute about-face regarding participating in mediation, Suburban recently raised the arguments that (i) it is too late to require mediation according to the requirements of the Standing Order, which governs Court-ordered mediations, and (ii) as a matter of "fairness." Lucht Decl., Ex. B (Sept. 8, 2021 Email from L. Adler to Court). Both arguments fail.

37.    *First*, the Standing Order states:

> <u>By Court Order</u>. *The Court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest* or the U.S. Trustee. *The motion by a party in interest must be filed promptly after filing the initial document in the matter.* Notwithstanding assignment of a matter or proceeding to mediation, it shall be set for the next appropriate hearing on the Court docket in the normal

course of setting required for such a matter.

38.     Suburban's technical timeliness argument fails because the Plan Administrator filed the 2018 ADR Motion shortly after the RMBS Settlements and before commencing litigation against Suburban regarding the RMBS Indemnification Claims. It only carved out Suburban because Suburban agreed to resolve the case without formal mediation, and if that failed, through an agreed-upon mediation process.[5] Subsequently, however, Suburban refused to mediate. Suburban's gamesmanship should not be rewarded.

39.     Regardless, the Standing Order does not constrain a bankruptcy judge from assigning a matter to mediation upon its own motion. The prompt filing requirement only addresses the timing of a motion by a party in interest. Thus, even if the Court agrees there is a timing requirement, the Court remains free, upon its own motion, to assign the matter to mediation.

40.     *Second*, there is no merit to Suburban's argument that a mediation can only be "fair" if it occurs at the outset of a litigation. Common sense and the Plan Administrator's own experience in these proceedings demonstrate that mediation can succeed at any point during a case. In fact, mediation may not be worthwhile until the factual record has been substantially developed through discovery, permitting the parties to more accurately evaluate the strengths and weaknesses of the case. Suburban's argument is also belied by the practices of this and many other courts, where it is not uncommon for referral of matters to mediation on the eve of or even during hearings or trials.

41.     *Third*, apart from and in addition to the Standing Order, a court has the authority to order mediation at any point regardless of the timing provisions of the Standing Order. Courts "have

---

[5] At the time of the 2018 ADR Motion, Suburban argued that "[the Standing Order] does not authorize the Court to issue the Proposed Order" because it was premature because an "initial document" had not been filed. Dkt. No. 58955 (Suburban Opposition) at 7. Now, Suburban argues that the Plan Administrator's Motion is too late. Lucht Decl., Ex. B (Sept. 8, 2021 email from L. Adler to Court) at 1. Suburban cannot have it both ways. The Local Rule regarding timing of a mediation (which is favored by the courts because of its efficiency) is not so rigged. Indeed, that is why the Court can order mediation on its own at any time.

certain inherent authority to protect their proceeding and judgments in the course of discharging their traditional responsibilities." *Degen*, 517 U.S. at 823 (1996). Section 105(a) of the Bankruptcy Code grants bankruptcy courts the "equitable power to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'" 11 U.S.C. § 105(a); *see also In re Dairy Mart Conv. Stores, Inc.*, 351 F.3d at 91-92 (*quoting* 11 U.S.C. § 105(a)); *In re Sosa*, 443 B.R. at 267 ("it is within a district court's inherent powers to order even non-consensual mediation in those cases in which the step seems reasonably likely to serve the interests of justice.") (citations omitted); *Matter of Sargeant Farms, Inc.*, 224 B.R. at 847 ("the bankruptcy court has the authority and power to promulgate rules associated with court-annexed mediation and, where necessary, to require the parties to participate in same.").

**B.    Suburban Waives No Defenses by Participating in the ADR**

42.    The proposed Second Amended ADR Order mandates participation in ADR notwithstanding any defenses that the parties may purportedly hold. *See* Lucht Decl., Ex. A [Proposed] Second Amended ADR Order at 1 ("ORDERED that Suburban Mortgage, Inc. ("Suburban") is bound by the terms of the ADR Order and is thereby required to, among other things, participate in the mediation of LBHI's Indemnification Claims in good faith") (providing that upon receipt of ADR Package, participation in ADR is "mandatory"); 2018/2019 ADR Order at ¶15 ("No Waiver of Defenses"). Indeed, many of the original Sellers' objections to the ADR Motion were based upon alleged individual defenses, which the Sellers argued protected them from being forced to participate.[6] The Court rejected those arguments.

43.    Rather, the ADR Order expressly provides that participation in mediation would

---

[6] *See* Limited Objection and Reservation of Rights to Motion of Lehman Brothers Holdings Inc. for Leave to Amend and Extend the Scope of the Alternative Dispute Resolution Procedures Order for Indemnification Claims of Debtors Against Mortgage Loan Sellers at ¶10 ("[I]t is the position of certain Objectors that the Court lacks the requisite subject matter jurisdiction over the putative new claims, such that any mandatory form of dispute resolution order pursuant to the Proposed ADR Order cannot be properly issued or imposed on them."), Dkt. No. 58955.

prejudice no defense. *See* 2018/2019 ADR Order at ¶15 ("No Waiver of Defenses")), Dkt. No. 59387;

*see also* Lucht Decl., Ex. C, Hearing Tr. dated June 19, 2014, at 67 (Court stating that entry of ADR

Order would not "prejudice any arguments" raised by defendants concerning certain defenses); *Id.* at

68 ("you're not waiving any rights by participating in mediation").

## C.    Requiring Suburban to Participate in the ADR
##        Process Does Not Limit Suburban's Right to Due Process

44.    Requiring Suburban to participate in the ADR process comports with due process.

Due process concerns only arise upon the threat of a binding order or judgment on a party. *See World-*

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)(due process concerns arise in context

of "power to render a *valid judgment*" over out of state defendants) (emphasis added); *Parklane*

*Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a

*judgment to be binding on a litigant* who was not a party or a privy and therefore has never had an

opportunity to be heard.") (emphasis added); *Woods v. Holy Cross Hospital*, 591 F.2d 1164, 1176-

77 (5th Cir. 1979) (held mandatory mediation process "do not violate the federal right to due process

of law of law"). Here, mediation is non-binding, and the ADR Order explicitly states that the

Sellers/Defendants cannot be forced to accept any specific settlement or compromise. *See* 2018/2019

ADR Order at 6.b ("[n]o party is required to settle or compromise any dispute or enter into a particular

settlement or compromise").

## NOTICE

45.    No trustee has been appointed in these chapter 11 cases. The Plan Administrator,

under the procedures in the amended order entered on June 17, 2010 governing case management

and administrative procedures for these cases [Dkt. No. 9635], served notice of this Motion on (i) the

U.S. Trustee; (ii) Suburban; and (iii) all parties who requested notice in these chapter 11 cases. The

Plan Administrator submits that no other or further notice need be provided.

46.     While the Court entered the 2018/2019 ADR Order with respect to certain Sellers identified in that motion, the Plan Administrator withdrew its request that the Court order that Suburban be required to mediate under the ADR Order. Accordingly, no previous request for the relief sought herein against Suburban has been made by the Plan Administrator to this or any other Court.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court grant the relief requested by entering the proposed Second Amended ADR Order annexed as Exhibit A and grant such other and further relief as it deems just and proper.


Dated:   New York, New York
         October 21, 2021

                                    */s/ Christopher J. Lucht*
                                    William A. Maher
                                    Adam M. Bialek
                                    Brant D. Kuehn
                                    Christopher J. Lucht

                                    WOLLMUTH MAHER & DEUTSCH LLP
                                    500 Fifth Avenue
                                    New York, New York 10110
                                    Telephone:  (212) 382-3300
                                    Facsimile: (212) 382-0050

                                    *Counsel for Lehman Brothers Holdings Inc.*

14