# EXHIBIT B

**From:** Lani Adler <ladler@laniadlerpartners.com>
**Sent:** Wednesday, September 8, 2021 10:36 AM
**To:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>; Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Bialek, Adam <ABialek@WMD-LAW.COM>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Subject:** FW: Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, Adv. Pro. 16-01019 (scc) - September 10, 2021 Conference - Request for Adjournment

<mark>CAUTION - EXTERNAL:</mark>

Dear Judge Chapman:

I write, on behalf of Suburban Mortgage, Inc. ("SMI"), in response to Adam Bialek's email below, which was sent to me at 5 pm last evening – basically 48 hours before the scheduled conference. Though styled as a request to adjourn the conference *that the Court proposed and scheduled,* Mr. Bialek's email is a transparent stratagem designed to avoid having the Court decide the motion to dismiss for lack of subject matter jurisdiction and/or lack of standing brought by SMI and clients represented by Tracy Henderson in 2019, and argued on October 16, 2019. LBHI's adjournment request, seeks, through the back door, to unilaterally compel SMI to mediate a case that we have shown Plaintiff lacked standing to bring. Apparently, having sought to impose on SMI the costs of individual deposition discovery in order to force LBHI to settle a case that LBHI lacked standing to bring, Plaintiff has now determined to switch out whatever tactics it believes it can use to incentivize SMI to settle a case that Plaintiff lacked standing to bring in the first instance – and to avoid having the Court rule on the motion to dismiss that has been outstanding for almost two years – by asking the Court to compel SMI to mediate its contractual indemnification claim concerning the RMBS loans that Plaintiff filed against SMI three years ago, in 2018. SMI did mediate the GSE loans, to no avail, six years ago. In SMI's view, that mediation was not constructive and was not a worthwhile expenditure of time or resources. I am not aware of any authority to support any effort by LBHI to require SMI, involuntarily, to mediate the same claims again.

Plaintiff's effort, for which Mr. Bialek conspicuously offers literally no authority, is misplaced:

It is untimely in that such a motion, under the applicable "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings," applicable here pursuant to Local Bankruptcy

1

Rule 9019-1, must be made "by a party interest . . .promptly after filing the initial document in the matter." The initial document, the RMBS complaint, was filed by LBHI against SMI in 2018; the GSE complaint was filed in 2016. Any motion by LBHI to force mediation now is untimely.

More profoundly, LBHI appears to ignore, and effectively asks the Court to ignore, that standing "is an 'essential aspect' of Article III's imitation on the 'judicial Power' of the federal courts to 'Cases' and Controversies.' " *McFarlane v. Altice USA, Inc.*, 20-CV-1297, 2021 WL 860584, *3 (S.D.N.Y. Mar. 8, 2021) (*quoting Hollingsworth v. Perry,* 570 U.S. 693, 704, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013)). The requirement that a plaintiff have standing is an "irreducible constitutional minimum," *Spokeo v. Robins*, __U.S.__, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2106) (internal citation omitted), and "[a] party invoking the court's jurisdiction must have standing to sue." *Common Cause/New York v. Brehm*, 344 F. Supp.3d 542, 547 (S.D.N.Y. 2018). " Standing 'is an essential and unchanging part of the case-or-controversy requirement of Article III.' " *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care*, LLC, 433F.3d 181, 198 (2d Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). If, as SMI has demonstrated is the case here, a plaintiff lacks standing, the court does not have subject matter jurisdiction to hear the claim. *Id*. Accordingly, the Court could not issue an order to compel SMI to mediate if, as SMI has demonstrated, the Court lacks the ability to hear the claim because LBHI lacks standing since there is no constitutionally cognizable case or controversy. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 101 (1998); U.S. Const. Art. III, §2. LBHI's effort to circumvent the constitutionally mandated standing requirement here should not be condoned by the Court.

SMI will be prejudiced if the conference scheduled for this Friday, September 10, 2021, is adjourned for several reasons:

1. The law is clear that standing must be decided in advance of merits discovery and/or in advance of any motion by LBHI to force SMI to mediate. *Id*. If, as I argued twenty-three months ago at the hearing on the pending motion to dismiss, LBHI lacks standing to bring the claims against SMI, LBHI may not bring any kind of motion to compel mediation -- or to schedule a mediation for Approved Funding, Ms. Henderson's client, which has also moved to dismiss on, among other grounds, lack of standing – unless and until the question of whether Plaintiff has standing has been resolved. That is why courts grant stay motions – so that defendants as to whom the plaintiff lacks standing are not put to gratuitous expense or placed in situations, as would LBHI here, where those defendants' due process rights are jeopardized by having to address a case that does not constitute a case or controversy within the meaning of Article III. Any motion to compel mediation should not be made until the pending motion to dismiss has been resolved

2. In the email Mr. Bialek sent the Court a week ago, on August 31, 2021, attached in the email chain below, LBHI favored the conference and wrote Ms. Eisen that it did not agree with SMI that a reporter should be present during it -- after Mr. Bialek

recharacterized the written comments he sent to the Joint Defense Group counsel indicating that he believed that at the conference, the Court would decline to stay individual discovery with respect to SMI and Approved Funding, the defendants which brought the pending motion to dismiss (collectively, "the Moving Defendants"). Mr. Bialek's self-evident change of heart shows that his adjournment request is a tactical maneuver, not based on substance or authority, but rather intended to enlist the Court's participation in LBHI's attempts to force the Moving Defendants to have to spend money in order to incentivize them to settle cases as to which LBHI lacks standing. LBHI thought it could do this when it threatened my client and me with contempt after it untimely served deposition notices in June, which resulted in my initial June 18, 2021 letter to the Court [Adv. Pro. 16-01019, ECF No. 1701]. Such gamesmanship is improper and should not conceal the fact that LBHI has not met its burden of demonstrating standing. It also shows that the issues raised in the parties' letters to the Court are fundamentally do not involve simply a discovery motion, as has been suggested.

Given this context, the Court may now better appreciate why SMI believes a reporter should be present at the conference on Friday. In SMI's view, LBHI's effort to circumvent the standing challenge raised by the Moving Defendants in the pending motion to dismiss further highlights the reasons that any proceeding concerning that motion addresses substantive rights and should be on the record.

3. In order to protect parties from just this type of attempted strategic maneuvering, General Order M-390, this Court's "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings" requires that a party making a motion for mediation is make that motion "promptly after filing the initial document in the matter." That LBHI failed to timely make such a motion confirms the speciousness underlying Mr. Bialek's request that the conference be adjourned. The RMBS complaints were filed in 2018; the GSE complaints were filed in 2016. Notwithstanding SMI's failed mediation concerning the GSE loans six years ago, SMI subsequently had several unavailing settlement conversations with Defendants.

Perhaps because such a motion would be untimely, LBHI has not even requested permission to make this motion to compel, which appears to be an effort to make an end-run around the still-pending motion to dismiss.

4. This conference was proposed and scheduled by the Court in response to the parties' letters concerning the pending motion to dismiss. Mr. Bialek's email proposes effectively to disregard the way the Court thought would be best to handle the outstanding motion to dismiss and the parties' letter about it.

We urge the Court to proceed with the Conference on September 10, 2021 at noon EST as scheduled.

Respectfully submitted,

Lani Adler

Lani A. Adler
LANI ADLER PARTNERS
(646) 732-3260 ♦ ladler@laniadlerpartners.com

---

**From:** Bialek, Adam <ABialek@WMD-LAW.COM>
**Sent:** Tuesday, September 7, 2021 4:57 PM
**To:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>; Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>
**Cc:** Lani Adler <ladler@laniadlerpartners.com>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Subject:** Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, Adv. Pro. 16-01019 (scc) - September 10, 2021 Conference - Request for Adjournment

Dear Judge Chapman:

The Plan Administrator requests an adjournment of the court conference scheduled for Friday, September 10, 2021 until the later of (i) the completion of Approved Funding Corp. ("Approved")'s mediation and (ii) the Plan Administrator's filing of its motion to compel Suburban Mortgage, Inc. ("Suburban")'s mediation. During that time, the Plan Administrator agrees to Approved's and Surburban's request to stay individual discovery as to them. The Plan Administrator believes this short adjournment will allow the successful mediation program to work without burdening the court until absolutely necessary. Approved and Suburban will not be prejudiced as discovery as to them will be stayed.

Just for clarity, Approved's mediation was scheduled numerous times over the last two months, which has been postponed numerous times by Approved and once by the mediator. The Plan Administrator and mediator are waiting on Approved to confirm its availability for a mediation on September 14, 2021.

Respectfully submitted,

Adam Bialek

---

**From:** Lani Adler <ladler@laniadlerpartners.com>
**Sent:** Thursday, September 2, 2021 10:51 AM
**To:** Bialek, Adam <ABialek@WMD-LAW.COM>; Lani Adler <ladler@laniadlerpartners.com>; Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** FW: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Dear Ms. Eisen:

I write to follow up on the parties' correspondence below as to whether there should be a reporter present at the September 10, 2021 conference the Court has scheduled on the parties' letters concerning Plaintiff's threats with respect to pursuing individual depositions of my client, Suburban Mortgage, Inc., before resolution of the pending motion bought by my client and Ms. Henderson's clients in 2019 to dismiss for lack of subject matter jurisdiction and lack of standing. The pending motion for lack of standing (as well as that for lack of subject matter jurisdiction) raises issues of constitutional dimension which, from my perspective, informs why any statements made and/or concerns raised by counsel and/or the Court at the September 10 conference should be on the record -- so that they are preserved and there is no lack of clarity about them. I urge the Court to reconsider whether a reporter should be present during the Conference; at a minimum, if one turns out to be unnecessary, there will be no harm; but in the event that at the Conference, counsel and/or the Court address the underlying reasons that Ms. Henderson and I have requested that individual discovery with respect to the Moving Defendants be held in abeyance pending determination of the motion, there will be a clear record.

If the Court wishes me to arrange for a reporter, please let me know. Thank you.

Respectfully yours,

Lani Adler

Lani A. Adler
LANI ADLER PARTNERS
(646) 732-3260 ♦ ladler@laniadlerpartners.com

---

**From:** Bialek, Adam <ABialek@WMD-LAW.COM>
**Sent:** Tuesday, August 31, 2021 1:14 PM
**To:** Lani Adler <ladler@laniadlerpartners.com>; Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** RE: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Dear Ms. Eisen:

My statement in the August 24, 2021 email was not properly worded. I meant that I believed we would get some clarity or direction from the Court during the September 10th conference.
It is Lehman's position that a court reporter is unnecessary for the September 10th conference.

Respectfully submitted,

Adam Bialek

5

**From:** Lani Adler <ladler@laniadlerpartners.com>
**Sent:** Tuesday, August 31, 2021 11:09 AM
**To:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Bialek, Adam <ABialek@WMD-LAW.COM>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** RE: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Dear Ms. Eisen:

Thank you for your prompt response. In an email Adam Bialek sent to the Joint Defense Group ("the JDG") members on August 24, 2021, Mr. Bialek stated that the question of whether the Court stays discovery pending its ruling on the currently pending motion to dismiss brought by my client (and also by Ms. Henderson on behalf of a client of hers) "will likely be decided in a few weeks at the September 10th conference." I understood, based on other language in Mr. Bialek's email, that LBHI believes that the Court is likely to decide that discovery will not be stayed at the September 10 conference, even though the parties have not briefed the matter. (I have not included a copy of Mr. Bialek's email here since it was sent in connection with negotiations between LBHI and the JDG concerning language the parties are trying to agree upon in a deposition protocol). If Mr. Bialek is correct that the Court will deny the stay -- absent motions by the parties -- at the upcoming conference on September 10, then I believe it is appropriate for a reporter to make a record of the Court's reasoning, as was the case when the parties discussed a stay with the Court in June 2019. A copy of that June 19, 2019 transcript was attached to my letter to the Court filed June 18, 2021 [Adv. Pro. 16-01019, ECF No. 1701].

Respectfully yours,

Lani Adler


Lani A. Adler
LANI ADLER PARTNERS
(646) 732-3260 ♦ ladler@laniadlerpartners.com


**From:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>
**Sent:** Tuesday, August 31, 2021 9:54 AM
**To:** Lani Adler <ladler@laniadlerpartners.com>; Bialek, Adam <ABialek@WMD-LAW.COM>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** Re: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Ms. Adler,

The September 10, 2021 conference is a discovery conference. It is the Court's practice, in accordance with Local Rule 7007-1(b) (which provides that discovery conferences with the Court are informal conferences), to conduct discovery conferences off the record. Accordingly, in the absence of a compelling reason, the Court is not inclined to have a reporter present.

Thank you.

Jamie M. Eisen

Law Clerk to the Honorable Shelley C. Chapman

United States Bankruptcy Court for the Southern District of New York

One Bowling Green

New York, NY 10004

(212) 284-4033

Jamie_eisen@nysb.uscourts.gov

---

**From:** Lani Adler <ladler@laniadlerpartners.com>
**Sent:** Monday, August 30, 2021 11:50 AM
**To:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Bialek, Adam <ABialek@WMD-LAW.COM>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** RE: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

**CAUTION - EXTERNAL:**

Dear Ms. Eisen: With respect to the telephone conference scheduled for September 10, 2021 at noon EST in this matter, my client, Suburban Mortgage, Inc., asks that a reporter be present to make a record of the conference. Please let me know if I should arrange that with the reporters myself or whether that request gets processed through Chambers. Thank you.

Respectfully yours,

Lani Adler


Lani A. Adler
**LANI ADLER PARTNERS**
(646) 732-3260 ♦ ladler@laniadlerpartners.com

**From:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>
**Sent:** Wednesday, August 18, 2021 1:05 PM
**To:** Bialek, Adam <ABialek@WMD-LAW.COM>; Lani Adler <ladler@laniadlerpartners.com>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** Re: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Thank you. I understand that 10 am EST is early for Tracy, so if noon EST is better, we can hold the call at that time.

Adam, Brant,
If noon EST on 9/10/21 works for you, please confirm and send a dial in number to this group.

Thanks.

Jamie M. Eisen

Law Clerk to the Honorable Shelley C. Chapman

United States Bankruptcy Court for the Southern District of New York

One Bowling Green

New York, NY 10004

(212) 284-4033

Jamie_eisen@nysb.uscourts.gov

---

**From:** Bialek, Adam <ABialek@WMD-LAW.COM>
**Sent:** Wednesday, August 18, 2021 8:33 AM
**To:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Lani Adler <ladler@laniadlerpartners.com>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Kuehn, Brant <BKuehn@wmd-law.com>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** RE: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

**CAUTION - EXTERNAL:**

Dear Ms. Eisen:

Friday, September 10 at 10:00 am works for Lehman.

Respectfully submitted,

Adam Bialek

---

**From:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>
**Sent:** Monday, August 16, 2021 11:31 AM
**To:** Lani Adler <ladler@laniadlerpartners.com>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Bialek, Adam <ABialek@WMD-LAW.COM>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** Re: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Ms. Adler,

Thanks for getting back to me. Would Friday, September 10 at 10:00 am work for you? Mr. Bialek, would it work for Lehman?

Please let me know, thanks.


Jamie M. Eisen

Law Clerk to the Honorable Shelley C. Chapman

United States Bankruptcy Court for the Southern District of New York

One Bowling Green

New York, NY 10004

(212) 284-4033

Jamie_eisen@nysb.uscourts.gov


---

**From:** Lani Adler <ladler@laniadlerpartners.com>
**Sent:** Monday, August 16, 2021 9:42 AM
**To:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Bialek, Adam <ABialek@WMD-LAW.COM>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** RE: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

**CAUTION - EXTERNAL:**

Dear Ms. Eisen:

I am scheduled to be on vacation then. Does the Court have any time available the following week, which begins on Labor Day, September 6 (I note that Rosh Hashonah is also that week) or the week after that, which begins on Monday, September 13? Thank you.

Respectfully yours,

Lani Adler

Lani A. Adler
LANI ADLER PARTNERS
(646) 732-3260 ♦ ladler@laniadlerpartners.com

---

**From:** Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>
**Sent:** Wednesday, August 11, 2021 1:50 PM
**To:** Lani Adler <ladler@laniadlerpartners.com>; Tracy Henderson <tracyhendersonlaw@gmail.com>; Bialek, Adam <ABialek@WMD-LAW.COM>
**Cc:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>
**Subject:** Re: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

Good afternoon,
Judge Chapman would like to schedule a conference call regarding the letter sent by Ms. Adler/Ms. Henderson, Lehman's responsive letter, and the reply letter.

Please let me know by reply email whether 9:30 a.m. on August 31 would work for the parties.

Thank you.


Jamie M. Eisen

Law Clerk to the Honorable Shelley C. Chapman

United States Bankruptcy Court for the Southern District of New York

One Bowling Green

New York, NY 10004

(212) 284-4033

Jamie_eisen@nysb.uscourts.gov

---

**From:** Lani Adler <ladler@laniadlerpartners.com>
**Sent:** Friday, July 9, 2021 2:00 PM
**To:** NYSBml_Chapman's_Chambers <scc.chambers@nysb.uscourts.gov>; Jamie Eisen <Jamie_Eisen@nysb.uscourts.gov>
**Cc:** tracyhendersonlaw@gmail.com <tracyhendersonlaw@gmail.com>; Bialek, Adam <ABialek@WMD-LAW.COM>

10

Subject: Please see the attached letter filed on the Lehman Brothers Holdings, Inc. v. 1st Advantage Mortgage, LLC, et al, master docket, Adv. Pro. 16-01019(scc)

CAUTION - EXTERNAL:


Filed by counsel for Adversary Proceeding defendants Suburban Mortgage, Inc. and Approved Funding Corp, which moved to dismiss the complaints against them filed by Lehman Brothers Holdings, Inc. seeking indemnification for its settlement concerning certain loans it securitized and sold in RMBS trusts.

Respectfully submitted, Lani Adler

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.