# LANI ADLER PARTNERS

(646) 732-3260 ♦ ladler@laniadlerpartners.com

**BY ECF and E-mail (E-Mail: SCC.Chambers@nysb.uscourts.gov)**

October 26, 2021

Honorable Shelly C. Chapman, United States Bankruptcy Judge
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 10004-1408

> In re Lehman Brothers Holdings, Inc., et al., Chapter 11, Case No. 08-13555 (scc)
> Lehman Brothers Holdings, Inc., v. 1st Advantage Mortgage, LLC, et al., Adv. Pro. 16-01019(scc) (Master Docket)
> Lehman Brothers Holdings, Inc., v. Suburban Mortgage, Inc.,
> Adv. Pro. No. 16-01295(scc)

Dear Judge Chapman:

This firm represents  Suburban Mortgage, Inc. ("SMI"), which has moved to dismiss, for lack of subject matter jurisdiction and/or because Plaintiff LBHI lacks standing, the complaint filed against it by Lehman Brothers Holdings, Inc. ("LBHI") seeking contractual indemnification in connection with LBHI's settlement with certain RMBS Trustees ("RMBS Claims").  [Adv. Pro. 16-01019,  ECF Nos.  825, 915, 1236, 1258, 1259, 1260, 1261, 1284, 1299, 1134].  That motion was argued on October 16, 2019, and has not yet been decided.

I write with respect to the motion filed by LBHI against SMI, denominated as one "for leave to amend and extend the scope of alternative dispute resolution procedures," [Adv. Pro. 16-01295, ECF No. 72] with respect to SMI, apparently to compel SMI to mediate, a second time, LBHI's claims for indemnification against it as a consequence, or purportedly as a consequence, of LBHI's settlements with Fannie Mae and Freddie Mac. (LBHI did not file a similar motion in the separate case it brought against SMI for indemnification as a consequence, or purportedly as a consequence, of LBHI's settlements with the RMBS Trustees.)  LBHI's motion papers, which consist of hundreds of pages, were filed  last Thursday afternoon, October 21, 2021, and on their face state that the response deadline is October 28, 2021, six days (computed from the next day) later.  LBHI did not consult with me to work out an agreed-upon briefing schedule for this motion, though doing so has generally been the practice in this matter.  It appears that LBHI had at least seven weeks in which counsel could have discussed  a mutually acceptable briefing schedule with me, since the Court, on September 8, 2021, communicated to LBHI's counsel and to me that each party was free to file whatever substantive motion(s) it deemed appropriate.  To

Hon. Shelly C. Chapman
October 26, 2021
Page 2

my knowledge, LBHI's papers do not cite any authority for the  six day time frame they set forth for SMI's response to the LBHI motion.

Yesterday, I wrote LBHI's counsel proposing a standard 30 day adjournment, such that SMI's response to the motion – which will address a number of arguments -- would be due on November 22, 2021, and that Counsel work with me to agree on a timeframe acceptable to both parties for any LBHI reply; and asked counsel to get back to me about this by mid-day today.  I have not heard from counsel, and given the fact that absent an adjournment, SMI's response would be due two days from now, I have no alternative but to  respectfully request the Court to order that SMI's time to respond to LBHI's motion will be extended through November 22, 2021.  The six day time frame on LBHI's motion papers would prejudice and impede SMI's ability to respond to LBHI's motion.

I am aware and respect the Court's wish that the parties resolve between themselves this kind of issue, and regret having to involve the Court in it.

Thank you in advance for your attention to this matter.

Respectfully submitted,

/s/

Lani Adler

cc Monique Arrington, Esq.
    Christopher Lucht, Esq.
    Adam Bialek, Esq.
    Brant Kuehn, Esq.