**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.* : Case No. 08-13555 (SCC)
:
    Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**ORDER DENYING (I) MOTION FOR RECONSIDERATION
(ECF NO. 61168), (II) MOTION TO COMPEL (ECF NO. 60984);
(III) MOTION TO JOIN REX WU PURSUANT TO RULE 19(A) (ECF NO.
61003); AND (IV) MOTION FOR SUMMARY JUDGMENT (ECF NO. 61013)**

WHEREAS, the Court has considered the following motions: (i) *Motion for Reconsideration on a Limited Basis for the Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holding Inc. and Granting Related Relief* (ECF No. 61168, as amended at ECF Nos. 61172, 61173, and 61180, the "Motion for Reconsideration"), filed by Rex Wu, Joseph Waske, Christopher Wossilek, and Phillip Wossilek (collectively, the "Movants"); (ii) *Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* (ECF No. 60984, as amended at ECF No. 60986, the "Motion to Compel") filed by Christopher Wossilek and Phillip Wossilek (together, the "Wossileks"); (iii) *Memorandum of Law in Support of Rex Wu to Join Their Motion Under Rule 19(a) of the Federal Rules of Civil Procedures* (ECF No. 61003, the "19(a) Motion") filed by the Wossileks; and (iv) *Motion for Summary Judgment for the Motion to Compel Filing of the Important Covenants of LBH Annual Certificates* filed by the Wossileks (ECF No. 61013, the "Motion for Summary Judgment," and, together with the Motion for Reconsideration, the Motion to Compel, and the 19(a) Motion, the "Motions"); and

WHEREAS, the Court has considered (i) the timely objection filed by the Plan Administrator to the Motion for Reconsideration (ECF No. 61194) and (ii) the timely objection

08-13555-mg    Doc 61352    Filed 11/18/21    Entered 11/18/21 15:36:27    Main Document
                                    Pg 2 of 15

filed by the Plan Administrator to the Motion to Compel, the 19(a) Motion, and the Motion for Summary Judgment (ECF No. 61063);[1] and

WHEREAS, the Court has considered all the joinders and statements filed in connection with the Motions (collectively, the "Joinders") [ECF Nos. 60874, 60887, 60976, 60988, 60992, 60993, 60994, 60995, 61005, 61006, 61009, 61012, 61061, and 61062]; and

WHEREAS, the Court notes that the Movants and the parties who have filed Joinders (collectively, the "Litigants"), a group of *pro se* serial litigants, collectively have filed dozens of motions and joinders in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliates and are well known to this Court and to certain judges in the United States District Court for the Southern District of New York. By their filings, the Litigants have made and continue to make similar and, at times, repetitive arguments that are frivolous and/or nonsensical, and have now become vexatious, all in an apparent effort to obtain a recovery from LBHI on structurally-subordinated equity interests and contractually-subordinated guarantees issued prior to LBHI's bankruptcy filing; and

WHEREAS, the Court has considered the prior proceedings in these chapter 11 cases; the Court has jurisdiction to decide the Motions and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); consideration of the Motions and the relief requested therein is a

---

[1] In its objection, LBHI incorporates by reference all of the arguments contained in its prior objections to the Litigants' previously-filed pleadings. (*See* ECF No. 61063, n.5 (citing (i) Plan Administrator's Objection to Motion to Allow Late Claim (ECF No. 59738) (Plan Administrator's objection to Mr. Wu's filing of proof of claim sustained by the Court at ECF No. 59801); (ii) Plan Administrator's Objection to Motion to Reclassify (ECF No. 60378) (Plan Administrator's objection to Mr. Waske's motion to reclassify/amend the Plan sustained by the Court at ECF No. 60678); (iii) Plan Administrator's Objection to Motion to Reserve (ECF No. 60482) (Plan Administrator's objection to Mr. Waske's motion to reserve sustained by the Court at ECF No. 60678); and (iv) Plan Administrator's Objection to Motion for Summary Judgment (ECF No. 60641) (Plan Administrator's objection to Mr. Waske's motion for summary judgment sustained by the Court at ECF No. 60678) (collectively, "LBHI's Prior Objections")).

2

core proceeding pursuant to 28 U.S.C. § 157(b); and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

NOW, THEREFORE, after due deliberation and good cause appearing therefor, it is hereby DETERMINED, FOUND, ADJUDGED, AND DECREED that:

1. Prior to September 15, 2008 (the "Petition Date"), LBHI issued billions of dollars of subordinated notes (collectively, the "Subordinated Debt Securities"). Certain issuances of the Subordinated Debt Securities were, at various times, transferred to or acquired by trusts, including Lehman Brothers Holdings Capital Trust III, Lehman Brothers Holdings Capital Trust IV, Lehman Brothers Holdings Capital Trust V, and Lehman Brothers Holdings Capital Trust VI (collectively, the "Trusts"). Each Trust held a separate issuance of Subordinated Debt Securities; the only assets of each such Trusts were such Subordinated Debt Securities.

2. Each Trust issued preferred securities (the "Trust Preferred Securities"). Such Trust Preferred Securities were sold to third party investors.[2] In connection with the issuance of the Trust Preferred Securities by the Trusts, LBHI issued guarantees (the "Subordinated Guarantees").

3. The relevant prospectuses for the Trust Preferred Securities state that "the trust can only make payments on the preferred securities if Lehman Brothers Holdings first makes payments on the [Subordinated Debt Securities]."[3] With respect to the Subordinate Guarantees, the relevant prospectuses for the Trust Preferred Securities state that:

> The guarantee does not cover payments when the trust does not have sufficient funds to make payments on the preferred securities. In other words, if [LBHI] does

---

[2] Copies of the relevant prospectuses for the Trust Preferred Securities are attached to ECF No. 20107 as Exhibits B through E. Copies of the Subordinated Guarantees are attached to ECF No. 20107 as Exhibits F and G and are also attached to LBHI's Prior Objections.

[3] See, e.g., LBH Capital Trust III Prospectus Supplement for 6.375% Preferred Securities, Series K, dated March 12, 2003 ("Prospectus III") at s-1, s-5 ("[P]ayments under the subordinated debentures will be the sole source of income to the trust.").

3

not make a payment on the [Subordinated Debt Securities], the trust will not have sufficient funds to make payments on the preferred securities, and the guarantee will not obligate [LBHI] to make those payments on the trust's behalf. In addition, [LBHI]'s obligations under the guarantee are subordinate to its obligations under all of its other liabilities.[4]

LBHI's guarantee under the Subordinated Guarantees is an unsecured obligation of LBHI which ranks (i) subordinate and junior in right of payment to all other liabilities of LBHI, (ii) on a parity with the most senior preferred stock of LBHI, and (iii) senior to LBHI's common stock.[5]

4. On July 2, 2009, this Court entered an order (the "Bar Date Order") [ECF No. 4271] setting forth the procedures for and establishing September 22, 2009 as the general deadline for filing proofs of claim against LBHI and its affiliated debtors. The indenture trustee for the Subordinated Debt Securities timely filed global proofs of claim on behalf of all holders of such securities (*i.e.*, the Trusts). Such claims (Claim Nos. 21805, 22122, 22123, and 67753) were ultimately allowed against LBHI in the aggregate amount of over $1 billion as LBHI Class 10B claims under the Plan (as defined below). The beneficial interests of the Trusts and the holders of Trust Preferred Securities are represented by such allowed claims against LBHI.

5. On December 6, 2011, this Court entered an order confirming the plan (the "Plan") in these chapter 11 cases (ECF No. 23023, the "Confirmation Order"). The Confirmation Order provides that "[a]fter the Effective Date, . . . a proof of Claim relating to a prepetition Claim may not be filed . . . without the authority of the Court." (*See* Confirmation Order ¶ 86.)

6. As stated by LBHI in the Court-approved disclosure statement for solicitation of votes on the Plan, holders of claims against LBHI on account of LBHI's subordinated debt (claims classified in LBHI Class 10A, LBHI Class 10B, or LBHI Class 10C of the Plan) "are not expected to receive any Distributions on account of such Claims." (*See*

---

[4] *See*, *e.g.*, *Id.* at s-4.
[5] *See*, *e.g.*, *Id.* at p. 20 (Description of the Guarantee).

4

Disclosure Statement [ECF No. 19629].) "Any Distributions that would have been paid to such Claims are automatically redistributed to holders of [allowed senior unsecured claims against LBHI]." (*Id.*)

7.  In dozens of pleadings filed in the form of motions, joinders, and letters to this Court, the Movants (or a subset thereof) have alleged and continue to allege that they are entitled to payment from LBHI at this time on account of Trust Preferred Securities that they hold. The Movants have alleged, among other things, that (i) the Trust Preferred Securities rank higher than the Subordinated Debt Securities and, as such, they are entitled to payment from LBHI before holders of subordinated debt issued by LBHI; (ii) the equity issued by the Trusts is actually in parity with preferred equity of LBHI affiliates who received payment under the Plan; and (iii) the indenture trustees for the Subordinated Debt Securities purportedly failed holders of the Trust Preferred Securities by not properly enforcing the Subordinated Guarantees and, as such, this error should be corrected by reclassifying the Trusts' claims from Class 10B to Class 4 under the Plan. The majority of the Movants' assertions are based on recycled, cut-and-paste arguments that misinterpret LBHI's obligations under the Subordinated Guarantees and ignore the language of the relevant prospectuses for the Trust Preferred Securities, arguments which this Court and the United States District Court for the Southern District of New York have each previously heard and rejected several times.[6]

---

[6] *See* ECF No. 59801 (order denying Re Wu's motion to file late claim); *Ianello v. Lehman Bros. Holdings Inc.*, No. 19-cv-06397, Dkt. No. 15 (S.D.N.Y. Mar. 30, 2020) (order denying Dan Ianello's appeal of bankruptcy court's order at ECF No. 59801); ECF No. 60678 (order denying Joseph Waske's (a) motion to reclassify/amend Plan, (b) motion to reserve, and (c) motion for summary judgment); *Joseph Waske v. Lehman Bros. Holdings Inc.*, No. 20-cv-5083, Dkt No. 8 (S.D.N.Y. Sept. 30, 2021) (Memorandum Opinion and Order affirming bankruptcy court's order at ECF No. 60678); *Rex Wu v. Lehman Bros. Holdings Inc.*, No. 20-cv-5823, Dkt. No. 10 (S.D.N.Y. Sept. 30, 2021), (Memorandum Opinion and Order dismissing Rex Wu's appeal of bankruptcy court's order at ECF No. 60678).

8. Prior to considering the merits of the Motions, the Court concludes that each of the Motions should be denied on the basis of lack of standing. An investor holding a certificate evidencing a beneficial interest in a trust has a relationship with the trust holding the assets. The investor's right to payment comes from cash generated by the assets of the trust, not from the entity that may be the originator of the assets itself. Here, the investors in the Trusts hold Trust Preferred Securities, and their right to payment, if any, is from cash generated by the assets of each Trust, which assets consist of Subordinated Debt Securities issued by LBHI. Holders of Trust Preferred Securities do not have any direct interest in LBHI as originator of the Subordinated Debt Securities; rather, such holders' interests are in the assets of the Trusts, and the Trusts themselves are creditors of LBHI. Stated differently, holders of Trust Preferred Securities are creditors of a creditor of LBHI.

9. The Movants, to the extent that they are beneficial holders of the Trust Preferred Securities, have their interests represented by the global proofs of claim filed on behalf of the holders of the Subordinated Debt Securities by the indenture trustees for such securities. Those interests are represented by more than $1 billion in allowed claims against LBHI. Accordingly, none of the Movants holds a direct claim against LBHI or has an individual entitlement to an allowed claim against LBHI. As such, the Movants have no standing to seek relief in LBHI's bankruptcy case. Investors in creditors of a debtor do not have "party in interest" standing to be heard in a bankruptcy case in their capacity as investors. *See Krys. v. Official Comm. Of Unsecured Creditors of Refco, Inc. (In re Refco, Inc.)*, 505 F.3d. 109, 110 (2d Cir. 2007) (affirming lower courts' holding that a creditor of a creditor is not a "party in interest" within the meaning of section 1109(b) of the Bankruptcy Code); *In re Innkeepers USA Trust*, 448 B.R. 131, 143-44 (Bankr. S.D.N.Y. 2011).

10. The Motions are denied with prejudice based on the Movants' lack of standing. While the Court finds that lack of standing provides an independent basis for dismissal of each of the Motions, the Court will nonetheless address the merits of each of the Motions below.

11. <u>The Motion to Compel.</u>  By the Motion to Compel, the Wossileks seek an order from this Court compelling LBHI to file certificates stating that LBHI has been and will remain in compliance with all the conditions and covenants contained in the Subordinated Guarantees.  Additionally, the Motion to Compel seeks an order (i) enjoining LBHI from making further distributions under the Plan until LBHI files such certificates and (ii) enjoining LBHI from receiving any distributions from its affiliates until LBHI files such certificates.

12. LBHI, by its objection, submits that it is not bound today by any prepetition contractual obligations encompassed by the Subordinated Guarantees.  The Court agrees.

13. Section 365(a) of the Bankruptcy Code authorizes a debtor to assume or reject unexpired leases and executory contracts during the pendency of its bankruptcy case.  *See* 11 U.S.C. § 365(a).  Should the debtor elect to assume an executory contract, section 365(b) of the Bankruptcy Code expressly provides the debtor with the ability to cure any prepetition breaches and provide adequate protection of future performance.  *See* 11 U.S.C. § 365(b).

14. Here, LBHI's obligations with respect to prepetition contracts such as the Subordinated Guarantees are now governed by the confirmed Plan, which has long been effective. Specifically, on March 6, 2012, each of the conditions to the effectiveness of the Plan was satisfied, and the Effective Date occurred under the Plan.  Section 11.1 of the Plan provides that "[A]ll prepetition executory contracts and unexpired leases that exist between [LBHI] and any person or entity shall be deemed rejected by [LBHI]." (Plan § 11.1.)  As LBHI did not explicitly assume the Subordinated Guarantees under the Plan, the Subordinated Guarantees were deemed rejected

7

pursuant to the plain language of the Plan. As such, LBHI has no present, remaining obligation to perform under the Subordinated Guarantees or to cure any alleged breaches under these rejected agreements. For these reasons, the Court denies the Wossileks' request to compel LBHI to file certificates stating that LBHI has been and will remain in compliance with all the conditions and covenants contained in the Subordinated Guarantees.

15. With respective to the injunctive relief requested by the Motion to Compel, the Court similarly declines to grant such relief. The Wossileks have asked the Court to enjoin LBHI from making further distributions under the Plan and from receiving any distributions from its affiliates until LBHI files the requested certificates of compliance. As discussed, *supra*, claims filed by the indenture trustees for the Subordinated Debt Securities were allowed against LBHI and classified as LBHI Class 10B claims under the Plan. The beneficial interests of the Trusts and the holders of Trust Preferred Securities are represented by such allowed claims against LBHI.

16. Filings in this case by LBHI disclosing cumulative distributions made pursuant to the Plan to date indicate that LBHI has not made any payment on account of LBHI equity or to holders of subordinated claims in LBHI Class 10B. (*See*, *e.g.*, ECF No. 60878.) As correctly stated by LBHI in its objection to the Motion to Compel and related filings, LBHI cannot make any distributions to LBHI Class 10B under the Plan unless all senior classes of creditors are first satisfied in full. The Court finds that LBHI has complied and continues to comply with the provisions of the Bankruptcy Code by making distributions in order of class priority pursuant to the confirmed Plan, and no evidence has been presented in support of any finding to the contrary. Accordingly, no basis exists to enjoin LBHI from making further distributions in accordance with the Plan.

17. The Court also denies the request for injunctive relief requested by the Motion to Compel with respect to distributions, if any, received by LBHI from its affiliates. First, the Court has not been made aware of any claim held by the Wossileks against any of LBHI's foreign or domestic affiliates;[7] according to the Motion to Compel, the Wossileks are preferred shareholders of the Trusts. The Trusts hold Subordinated Debt Securities issued by LBHI only, not by any affiliate of LBHI. The Wossileks' purported investments in the Trusts have nothing to do with LBHI's affiliates. Moreover, LBHI has informed the Court that it is not aware of any of its subsidiaries having made any payments on account of *LBHI's* equity or on account of *LBHI's* subordinated claims, nor is LBHI aware of any motivation for any of its subsidiaries to do so. (*See* ECF No. 61063 ¶ 9.) The Wossileks' request for the Court to enjoin LBHI from receiving any affiliate distributions is unsupported by any basis in fact or law. The Motion to Compel is denied in its entirety, with prejudice.

18. <u>The 19a Motion.</u> By the 19a Motion, the Wossileks seek to join Rex Wu "as Plaintiff under 19(a) of the Federal Rules of Civil Procedure" because Mr. Wu and the Wossileks "share common grievances and arguments and all parties are seeking relief from the court to require LBHI to file the 'Covenant Certificates' . . . ." (19a Motion, 3-4.) The Wossileks submit that joining Rex Wu as a plaintiff "will allow the court to complete relief" regarding the Motion to Compel. (19a Motion, 2.)

19. This Court has denied the Motion to Compel; accordingly, the relief sought by the 19a Motion is now moot and is denied on that basis. Even assuming, *arguendo*, that the Motion to Compel had not been denied, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provide an independent basis for denial of the 19a Motion. Part VII of the Bankruptcy

---

[7] This Court also has found, *supra*, that none of the Movants holds a direct claim against LBHI or has an individual entitlement to an allowed claim against LBHI. *See* ¶ 9, *supra*.

9

Rules applies to adversary proceedings, and only certain of the rules contained in Part VII are applicable to contested matters in bankruptcy cases. In listing which of the Bankruptcy Rules contained in Part VII are applicable to contested matters in bankruptcy cases, Bankruptcy Rule 9014(c) states that, "[e]xcept as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071." Fed. R. Bankr. P. 9014(c). Not listed in Bankruptcy Rule 9014(c) is Bankruptcy Rule 7019, which provides that Rule 19 of the Federal Rules of Civil Procedure applies in adversary proceedings. While Federal Rule of Civil Procedure 19 may apply in adversary proceedings, no adversary proceeding exists here; this is a contested matter in a chapter 11 case. The 19a Motion also must be denied because Rule 19(a) of the Federal Rules of Civil Procedure is inapplicable to this proceeding.

20.     The 19a Motion is denied with prejudice.

21.     <u>Motion for Summary Judgment.</u>  By the Motion for Summary Judgment, the Wossileks ask this Court to immediately grant the relief requested by the Motion to Compel due to LBHI's purported failure to object to such motion within twenty-one days of service. In support of the Motion for Summary Judgment, the Wossileks cite briefly to Federal Rules of Civil Procedure 12(a)(1)(A)(i); 6(a), (b), and (d); 55(b)(2); and 56(a); the motion also cites to SDNY Local Civil Rule 6.4.

22.     This Court has previously addressed and rejected this exact argument when it was asserted by Mr. Waske, another of the Litigants, in his motion for summary judgment (ECF No. 60484) and responded to by LBHI in its objection to such motion (ECF No. 60641.). In addition, the District Court has affirmed on appeal this Court's denial of Mr. Waske's motion.[8] As the Court

---

[8] *See Joseph Waske v. Lehman Bros. Holdings Inc.*, No. 20-cv-5083, Dkt No. 8 (S.D.N.Y. Sept. 30, 2021) (Memorandum Opinion and Order affirming bankruptcy court's order at ECF No. 60678).

10

has previously found, briefing schedules in LBHI's chapter 11 case are governed by this Court's case management order (ECF No. 9635, the "Case Management Order") and deadlines found elsewhere are inapplicable unless otherwise provided by the Case Management Order. The Case Management Order provides, in pertinent part, that "[t]he deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "Objection Deadline") shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court . . . ." (ECF No. 9635 ¶ 32). The Motion to Compel did not set an objection deadline, nor did the Wossileks attempt to schedule the motion for a hearing. This Court has neither scheduled the Motion to Compel for a hearing nor has it set an objection deadline. As such, LBHI's objection to the Motion to Compel is not untimely under the Case Management Order. Even assuming, *arguendo*, that LBHI's objection to the Motion to Compel were untimely, this Court has latitude to consider any late responses and rule on a motion after its own review of the pleadings; it is not bound to grant the Motion for Summary Judgment on default. The Motion for Summary Judgment is denied with prejudice.

23.    The Motion for Reconsideration. By the Motion for Reconsideration,[9] the Movants request that the Court reconsider, on a limited basis, its July 1, 2021 Order Authorizing Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief (ECF No. 61161). The Motion for Reconsideration specifically asks this Court to reconsider "order item six to protect LBHI and the Plan Administrator from any liability arising from the final distribution because of case number 20-cv-05083 and 20-cv-05823 currently pending in the New

---

[9]    The Motion for Reconsideration was amended by (i) *Notice of Errata* filed by Christopher Wossilek (ECF No. 61173), (ii) Letter of Joseph Waske (ECF No. 61172), and (iii) Letter of Rex Wu (ECF No. 61180).

11

York Southern District Court." (Motion for Reconsideration ¶ 3.) The Movants request that, in reconsidering its prior order, this Court "remove the liability protection for LBHI and the Plan Administrator for the 'Final Distribution' and review the conduct of the Plan Administrator for misrepresentations . . . made on behalf of LBHI." (Motion for Reconsideration, 6.) The alleged misrepresentations, according to the motion, stem from LBHI's purported failure to comply with the covenants contained in the Subordinated Guarantees.

24. As an initial matter, the Court notes that no timely objections were filed to the Motion of the Plan Administrator for an Order Authorizing a Voluntary Final Distribution for Certain Creditors of Lehman Brothers Holdings Inc. and Granting Related Relief (ECF No. 61143) (the "Distribution Motion"). *See* Certificate of No Objection (ECF No. 61158). The Movants now seek reconsideration of the order granting the Distribution Motion, yet Movants have provided the Court with no reason for their failure to timely object when the motion was filed. In its objection to the Motion for Reconsideration, LBHI points out that there are no arguments or facts alleged in the Motion for Reconsideration that were not known to Movants prior to entry of the order granting the Distribution Motion.

25. The Court has already denied the Motion for Reconsideration on the grounds that the Movants lack standing to seek relief in LBHI's bankruptcy case. (*See* ¶¶ 8-10, *supra*.) Even assuming, *arguendo*, that the Movants had standing to seek the relief sought by the Motion for Reconsideration, the Court finds that the motion must be denied because the Movants have failed to meet the requirements for reconsideration of an order.

26. Federal Rule of Civil Procedure 59(e), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9023, provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.

59(e). The United States Court of Appeals for the Second Circuit has held that the standard for granting a motion for reconsideration is "strict" and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Courts in this District have recognized that reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence, *see Perez v. Terrestar Corp. (In re: Terrestar Corp.)*, No. 11-10612 (SHL), 2016 WL 197621, at *3 (Bankr. S.D.N.Y. Jan. 15, 2016); and Rule 59(e) does not provide grounds for a party to reargue legal or factual issues already considered by the court. *See Grabis v. Navient Sols., LLC (In re Grabis)*, No. 13-10669 (JLG), 2018 Bankr. LEXIS 3664, at *7 (Bankr. S.D.N.Y. Nov. 20, 2018). Reconsideration is an extraordinary remedy that must be employed sparingly. *See In re Loral Space & Communications Ltd.*, 346 B.R. 71 (S.D.N.Y. 2006). The criteria for reconsideration "are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *In re AMR Corp.*, 2015 Bankr. LEXIS 2266, at *5 (Bankr. S.D.N.Y. July 10, 2015).

27.     The Movants have not met the strict, well-established standard for demonstrating an entitlement to relief under Rule 59(e). They have failed to allege, let alone demonstrate, that the Court overlooked controlling law which might have materially influenced the Court's decision to grant the Distribution Motion or that there has been a change in controlling law. Instead, continuing their pattern of re-hashing arguments contained in prior pleadings, the Movants ask the Court to again consider arguments that have already been fully considered and ruled on by the Court. Additionally, in the Motion for Reconsideration, the Movants point to the pendency of certain appeals (20-cv-05083 and 20-cv-05823) before District Judge Abrams as an alleged basis for the Court to grant the motion. Even were this Court to consider this argument a valid basis for

13

reconsideration of a prior order not before the District Court on appeal (which the Court does not), each of the appeals referenced by the Movants has now been fully adjudicated. *See Joseph Waske v. Lehman Bros. Holdings Inc.*, No. 20-cv-5083, Dkt No. 8 (S.D.N.Y. Sept. 30, 2021) (Memorandum Opinion and Order affirming bankruptcy court's order at ECF No. 60678); *Rex Wu v. Lehman Bros. Holdings Inc.*, No. 20-cv-5823, Dkt. No. 10 (S.D.N.Y. Sept. 30, 2021) (Memorandum Opinion and Order dismissing Rex Wu's appeal of bankruptcy court's order at ECF No. 60678).

28.  For each of the foregoing reasons, the Motion for Reconsideration is denied with prejudice.

29.  Any relief sought by the Joinders is denied with prejudice based on lack of standing. *See Ianello v. Lehman Bros. Holdings Inc.*, No. 19-cv-06397, Dkt. No. 15 (S.D.N.Y. Mar. 30, 2020) (order dismissing Dan Ianello's appeal of bankruptcy court's order at ECF No. 59801 based on Mr. Ianello's lack of standing as a joinder party); *Rex Wu v. Lehman Bros. Holdings Inc.*, No. 20-cv-5823, Dkt. No. 10 (S.D.N.Y. Sept. 30, 2021) (Memorandum Opinion and Order dismissing Rex Wu's appeal of bankruptcy court's order at ECF No. 60678 based on Mr. Wu's lack of standing as a joinder party).

30.  By the proposed order annexed to its objection to the Motion for Reconsideration, LBHI asks this Court to order certain relief with respect to additional pleadings that may be filed by the Movants in the future, which the Court strongly discourages. The Court hereby orders that LBHI is excused from responding to any further pleadings filed by the Movants or by any other party (including those who filed the Joinders) on matters related to the Motions or to the relief requested therein (including any future pleadings seeking to enforce the Subordinated Guarantees or the Trust Preferred Securities described therein) absent further order of or direction by the Court.

In addition, entry of this Order shall not preclude or prejudice the rights of LBHI to seek monetary sanctions and/or injunctive relief if any of the Movants pursues frivolous and vexatious litigation against LBHI in the future.

31. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 18, 2021
      New York, New York

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE