Lani Adler Partners LLC
275 West 96th Street, Suite 15G
New York, New York  10025
Telephone (646) 3260
Ladler@LaniAdlerPartners.com

*Attorneys for Defendant Suburban Mortgage, Inc.*

**Reply Deadline: December 3, 2021**
**Hearing Date:  To be determined**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al*.,

                       Debtors.

_____

Chapter 11
Case No. 08-13555 (SCC)

LEHMAN BROTHERS HOLDINGS INC.,

                       Plaintiff,

       v.

1ST ADVANTAGE MORTGAGE, LLC *et al*.,

                       Defendants.

_____

Central Adversary
Docket No. 16-01019 (SCC)

LEHMAN BROTHERS HOLDINGS INC.,

                       Plaintiff,

       v.

SUBURBAN MORTGAGE, INC.,

                       Defendant.

_____

Adv. Pro. Nos. 16-01295 and
18-01825 (SCC)

**MEMORANDUM OF LAW OF SUBURBAN MORTGAGE, INC. IN OPPOSITION TO
MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR LEAVE TO AMEND
AND EXTEND THE SCOPE OF ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER TO SUBURBAN MORTGAGE, INC. AND TO COMPEL
SUBURBAN MORTGAGE TO MEDIATE**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................................1

ARGUMENT ........................................................................................................................................3

A.    The Question of Whether LBHI has Standing Must Be Resolved Before The Court May
      Consider This Motion ...........................................................................................................3

B.    LBHI's Mediation Efforts and Settlements With Others Are Irrelevant ...............................5

C.    LBHI's Motion is Untimely And Must Be Denied On that Ground Alone ..........................8

D.    No Authority Supports Compelling SMI to Mediate the GSE Claims a Second Time; and
      SMI Never Agreed – and There is No Evidence That It Did – To Formal Mediation of the
      RMBS Claims ......................................................................................................................10

E.    While Efficiency Cannot Override The Constitution's Irreducible Standing Requirement,
      Efficiency is Best Served by First Resolving The Motion to Dismiss Since Resolution of
      the Motion to Dismiss Could Moot this Motion ..................................................................11

F.    SMI Has A Right To Have Its Motion To Dismiss Decided; and Forcing SMI to Mediate
      at This Point in Time Would Be Improperly Coercive ........................................................15

G.    LBHI's Wholly Speculative Threats to Appeal or Sue Elsewhere If The Motion to Dismiss
      is Granted Do Not Overcome the Constitutional Requirement That
      Standing Be Shown Before The Court May Consider This Motion .....................................17

H.    LBHI Misconstrues the Authority It Contends Permits Granting This Motion ..................18

      1.    The Court's ADR Procedures and Standing Order M-352 Do Not Support
            Granting This Motion .................................................................................................21

      2.    Rule 60, Fed. R. Civ. P., Is Inapplicable; and LBHI Has Not Made Any Showing
            of Extraordinary Circumstances ................................................................................22

      3.    Section 105(a) Does Not Support Granting This Motion ...........................................22

CONCLUSION ..................................................................................................................................24

# **TABLE OF AUTHORITIES**

Page(s)

## **Cases**

*Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.*,
    524 F.3d 1235,1240 (11th Cir. 2008) ......................................................16

*Arch Ins. Co. v. Centerplan Constr. Co., LLC*,
    No. 3:16-CV-01891, 2019 WL 554868 (D. Conn. Feb. 12, 2019)..........................16

*Cacchillo v. Insmed, Inc.*,
    638 F.3d 401 (2d Cir. 2011)...............................................................3

*Carter v. HealthPort Technologies, LLC*,
    822 F.3d 47 (2d Cir. 2016)................................................................4

*Central Vt. Public Servc. Corp. v. Herbert*,
    342 F.3d 186 (2d Cir. 2003)..............................................................20

*Comer v. Cisneros*,
    37 F.3d 775 (2d Cir. 1994)................................................................7

*Cotto v. Fed. Nat'l Mortg. Ass'n*,
    1:20-cv-6487, 2021 WL 4340668 (S.D.N.Y. Sept. 22, 2021) ............................5, 20

*Dan River, Inc. v. Crown Crafts, Inc.*,
    No. 98-cv-3178, 1999 WL 287327 (S.D.N.Y. 1999) ...............................10

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006)...............................................................3

*Fisher v. SmithKline Beecham Corp.*,
    No. 07-CV-347A, 2009 WL 899433 (W.D.N.Y. Mar. 26, 2009)..........................20

*Grey v. F.D.I.C.*,
    No. 88 Civ. 7542, 2002 WL 959564 (S.D.N.Y. May 8, 2002)..............................20

*Hall v. Hall*,
    138 S. Ct. 1118 (2018)....................................................................6

*Hillside Metro Assocs., LLC. JP Morgan Chase Bank, Nat. Ass'n*,
    747 F.3d 44 (2d Cir. 2014)................................................................2

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013)......................................................................4

*In re A.T. Reynolds & Sons, Inc.*,
    452 B.R. 374 (S.D.N.Y. 2011)......................................................................... 15, 16-17

*In re Clinton Nurseries, Inc.*,
    998 F.3d 56 (2d Cir. May 24, 2021) ......................................................................24

*In re Ditech Holding Corp.*,
    Case No. 19-10412, 2021 WL 5225840 (Bankr. S.D.N.Y. Nov. 9, 2021) ............................19

*In re Kalikow*,
    602 F.3d 82 (2d Cir. 2010)..........................................................................................23

*In re NII Holdings, Inc.*,
    536 B.R. 61 (Bankr. S.D.N.Y. 2015)..........................................................................9

*I.N.S. v. Chadha*,
    462 U.S. 919 (1983)....................................................................................................18

*Lehman Brothers Holdings Inc. v. 1st Advantage Mortgage,* LLC, Case No. 08-13555,
    Adv. Pro. No. 16-01019, 2018 WL 3869606 (Bankr. SDNY Aug. 13, 2018) ........................6

*Lehman Brothers Holdings Inc. v. 1st Advantage Mortgage, LLC.*,
    594 B.R. 33 (Bankr. S.D.N.Y. 2018)........................................................................8

*Lujan v. Defs. Of Wildlife*,
    504 U.S. 555 (1992).............................................................................................4, 17

*Mahon v. Ticor Title Ins. Co.*,
    683 F.3d 59 (2d Cir. 2012)...........................................................................................3

*Massone v. Washington*,
    20-cv-7906, 2021 WL 3863081 (S.D.N.Y. Aug. 30, 2021 .......................................3

*Metzler Investment GMBH v. Chipotle Mexican Grill, Inc.*,
    970 F.3d 133 (2d Cir. 2020)........................................................................................20

*Miller v. Bright Star Asia*,
    No. 20 Civ. 4849, 2021 WL 4148896 (S.D.N.Y. Sept. 13, 2021) .............................4

*Miller v. Metropolitan Life Ins. Co.*,
    979 F.3d 118 (2d Cir. 2020)........................................................................................3

*Monbo v. Nathan*,
    No. 18-cv-5930, 2021 WL 2530710  (E.D.N.Y. June 21, 2021)....................................4-5, 15

*Phoenix Light SF Ltd v. U.S. Bank Nat'l Ass'n*,
    14-CV-10116, 2020 WL 1285783 (S.D.N.Y. Mar. 18, 2020),
    *reconsid. den.*, 2020 WL 469908 (S.D.N.Y. Aug. 12, 2020,
    *aff'd*, 2021 WL 4515256 (2d Cir. Oct. 4, 2021) ...................................................................2

*Raines v. Byrd*,
    521 U.S. 811 (1997).........................................................................................................4

*Ramirez v. NYP Holdings, Inc.*,
    No. 18 Civ. 12058, 2020 WL 470011 (S.D.N.Y. Jan. 20, 2020)........................................5, 20

*SM Kids, LLC v. Google LLC*,
    963 F.3d 206 (2d Cir. 2020)...............................................................................................3

*Steele Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998)...........................................................................................................3

*Sunny v. Biden*,
    21-cv-4661, 2021 WL 5294879 (E.D.N.Y. Nov. 15, 2021) .................................................3

*TransUnion LLC v. Ramirez*,
    __ U.S. __, 141 S. Ct. 2190 (June 25, 2021) ...............................................................1, 4, 18

*U.S. E. Telecomms., Inc.* v. *U.S. W. Info. Sys., Inc.*,
    15 F.3d 261 (2d Cir. 1994)..............................................................................................5, 15

*Warth v. Seldin*,
    422 U.S. 490 (1975).........................................................................................................4

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008)..............................................................................................2

## Rules and Statutes

11 U.S.C. §105.............................................................................................................22, 23, 24

28 U.S.C.§ 157(b) .........................................................................................................19

Fed. R. Bank. P. 9024 .....................................................................................................20

Fed. R. Civ. P. 60 ..........................................................................................................20

## PRELIMINARY STATEMENT

LBHI's motion "for leave to amend and extend the scope of the alternative dispute resolution procedures order for indemnification claims of the Debtors against Mortgage Loan Sellers" ("LBHI Mot."), directed only at Suburban Mortgage, Inc. (SMI"),[1] *which conspicuously makes no substantive mention of SMI's pending motion to dismiss*, is actually a misplaced, untimely motion to compel mediation dressed up in language borrowed from the Court's earlier ADR orders to conceal LBHI's transparent effort to make an end-run around SMI's demonstration that LBHI lacks standing to even bring the claims it seeks to mediate.  LBHI has admitted, that, notwithstanding the way it is styled, this motion constitutes a motion to compel. *See* Declaration of Christopher J. Lucht in Support of LBHI ADR Motion, dated Oct. 21, 2021 ("Lucht Dec."), Ex. B at 4, ECF 72-3 [No. 16-01295] (A. Bialek email to the Court, dated Sept. 7, 2021, requesting adjournment of then-scheduled court conference "until the later of . . . the Plan Administrator's filing of its motion to compel Suburban Mortgage, Inc.'s mediation.").

If it lacks standing to bring the claims against SMI, then not only does LBHI lack standing to bring the instant ADR motion, but the Court should not even adjudicate this motion. "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes.  Federal courts do not possess a roving commission to publicly opine on every legal question.  Federal court do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities.  And federal courts do not issue advisory opinions." *TransUnion LLC v. Ramirez,* __ U.S. __, 141 S. Ct. 2190, 2203 (June 25, 2021).

Based on unsubstantiated, inaccurate and irrelevant purported and sometimes

---

[1] See LBHI Mem. at 1 (the proposed amended ADR Order "sets forth certain procedures only meant for mediation with Suburban."), ECF No. 72 [Adv. Pro. No. 16-01295]

mischaracterized "facts,"[2] and inapposite authority, addressed to pre-litigation and/or early stage mediation, LBHI's motion necessarily asks the Court to ignore the question of whether it even has standing to bring this motion to compel – since obviously if, as SMI has demonstrated, LBHI lacked standing to bring the claims it seeks to force SMI to mediate, *a fortiori*, LBHI lacks standing to bring the instant motion.

Absent standing, LBHI is not entitled to have this or any other federal court entertain this motion, let alone its claims against SMI. *Hillside Metro Assocs., LLC. JP Morgan Chase Bank, Nat. Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014); *Phoenix Light SF Ltd v. U.S. Bank Nat'l Ass'n,* 14-CV-10116, 2020 WL 1285783, *9 (S.D.N.Y. Mar. 18, 2020), *reconsid. den.*, 2020 WL 469908 (S.D.N.Y. Aug. 12, 2020, *aff'd,* 2021 WL 4515256 (2d Cir. Oct. 4, 2021).

LBHI conspicuously fails to cite any authority which supports: a) compelling SMI to involuntarily mediate the GSE claims *a second time*, *six years* into the GSE litigation, or b) compelling SMI to mediate the RMBS claims, *three years* into the RMBS litigation, after LBHI has vigorously litigated both cases, and made SMI spend substantial amounts of time and money on extensive document production and motion practice, and after the Court has expended substantial resources overseeing the litigation and considering the various motions to dismiss and transfer venue SMI has made, including SMI's pending motion to dismiss the RMBS claims, argued October 16, 2019 – in which SMI has shown that LBHI lacked standing to even bring these claims in the first place.

---

[2] For example, Lucht Dec. ¶4 describes an email from SMI's counsel to the Court as "seeking withdrawal from mediation." That is inaccurate.  Review of the email, dated Sept. 8, 2021, attached as Ex. B to LBHI's moving Lucht Declaration, shows that the email was sent to inform the Court that SMI thought the Court conference scheduled for two days hence, on Sept. 10, 2021, should proceed – after LBHI, at the eleventh hour, requested that the Court adjourn the conference.

## **ARGUMENT**

### A.    The Question of Whether LBHI has Standing Must Be Resolved Before The Court May Consider This Motion

Resolution of whether the plaintiff, here LBHI, has sufficiently established standing is necessary to meet the Constitution's " 'bedrock' case or controversy requirement," *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008), in order for the Court to have "the power" "to entertain the suit." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). *See Massone v. Washington*, 20-cv-7906, 2021 WL 3863081, *3 (S.D.N.Y. Aug. 30, 2021). *See also SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) ("The standing doctrine, which emerges from Article III, is designed 'to ensure that federal courts do not exceed their authority as it has been traditionally understood.'" *(quoting Spokeo, Inv. v. Robins*, __ U.S.__, 136 S. Ct. 1540, 1547 (2016)).

Accordingly, since the Court may not exercise "hypothetical jurisdiction" over the instant motion to compel mediation, the pending motion to dismiss must be resolved first, so that the predicate question of whether the Court has the power to hear the case in the first instance is determined. *See Steele Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998); *cf. Miller v. Metropolitan Life Ins. Co.*, 979 F.3d 118, 123 (2d Cir. 2020). *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("if plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim."); *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("standing is a federal jurisdictional question determining the power of the court to entertain the suit." (internal citation omitted); *Sunny v. Biden*, 21-cv-4661, 2021 WL 5294879, *4 (E.D.N.Y. Nov. 15, 2021) ("Because Article III standing is always an antecedent question, the Court must address the issue of jurisdiction before turning, as necessary, to the parties' other positions.").

If, as SMI has shown, LBHI has not established standing, then there is no case or controversy between LBHI and SMI that the Court can resolve, such that under Article III of the Constitution, this motion must be denied. *TransUnion LLC*, 141 S. Ct. at 2203; *Miller v. Bright Star Asia*, No. 20 Civ. 4849, 2021 WL 4148896, *82 (S.D.N.Y. Sept. 13, 2021) ("Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it.") (internal citation omitted). *See Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013); *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 55 (2d Cir. 2016). The "irreducible constitutional minimum of standing," *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992), is a "threshold question in every federal case" and "determines the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

LBHI's failure to demonstrate standing precludes the instant motion – or at least requires that the standing issue be resolved in advance of any motion to compel SMI to mediate. Neither LBHI's nor the Court's conceivable desire to " 'settle' [this dispute] for the sake of convenience and efficiency," *Raines v. Byrd*, 521 U.S. 811, 820 (1997), can supersede the constitutional necessity for LBHI to establish standing and for SMI's fact-based challenge to LBHI's standing to be resolved before the Court may consider the instant motion. Obviously, if the Court lacks the power to adjudicate the lawsuit, the Court may not compel LBHI to mediate claims that the Court does not have the power to consider. LBHI has not provided any authority that requires non-consensual mediation where the parties have litigated for years, expending significant resources in doing so, and where, as in this situation, the party as to whom compelled mediation is sought, here SMI, has a pending dispositive motion to dismiss based on the movant's lack of standing.

"The right of litigants to have their motions decided is clear and indisputable," *Monbo v.*

*Nathan*, No. 18-cv-5930, 2021 WL 2530710, *3 (E.D.N.Y. June 21, 2021); *see U.S. E. Telecomms., Inc.* v. *U.S. W. Info. Sys., Inc.*, 15 F.3d 261, 263 (2d Cir. 1994). Where a party, such as SMI, has a motion to dismiss pending and prefers to test the sufficiency of Plaintiff's claim, before mediating – or before mediating the GSE claims again – that preference should be respected. *See Cotto v. Fed. Nat'l Mortg. Ass'n*, 1:20-cv-6487, 2021 WL 4340668, *4 (S.D.N.Y. Sept. 22, 2021) (denying one party's motion to compel mediation where "a motion to dismiss is pending and [the defendant] has expressed a strong preference to test the sufficiency of Plaintiff's claim before mediating."). Because, as in the instant case, one party "is not interested in exploring settlement at this time, referral to mediation at this state of litigation would likely be futile." *Cotto, id.; see Ramirez v. NYP Holdings, Inc.*, No. 18 Civ. 12058, 2020 WL 470011, at *2 (S.D.N.Y. Jan. 20, 2020).

### B.    LBHI's Mediation Efforts and Settlements With Others Are Irrelevant

That LBHI may have resolved other cases with other parties, involving different facts, loans, arguments and settlement considerations and analyses, is of no moment with respect to whether SMI, at this point in time, years into the litigations, can be forced to mediate. The administrative consolidation the Court has utilized with respect to the separate adversary proceedings initiated by LBHI against different mortgage originators does not enable LBHI to ignore SMI's pending motion or SMI's demonstration that LBHI lacks standing, or to simply lump SMI into the Court's earlier orders requiring pre-litigation or early-stage litigation mediation where LBHI's RMBS and GSE cases against SMI have been litigated for three and six years, respectively, so that those litigations are no longer in pre-litigation or early-stage litigation circumstances, extensive resources and time have been expended on the litigation and SMI's motion to dismiss for lack of standing was argued more than two years ago.

That LBHI has engaged in mediation in or settled other cases does not rob SMI of its

rights or require the conclusion that in view of the late stage of the LBHI cases against SMI, and

SMI's showing that LBHI has not met its obligation to establish standing, SMI can be forced,

involuntarily, to mediate the RMBS case, as to which the motion to dismiss is pending, or to

mediate, *again,* the GSE case.  *See Hall v. Hall*, 138 S. Ct. 1118, 1130-1131 (2018) ( "cases

'consolidated for administrative purposes at the execution stage . . .were not independent of the

original actions for damages and each claim retained its separate character.' " (*quoting Bank*

*Markazi v. Peterson*, 136 S. Ct. 1310, 1326-1327 (2016)).  Contrary to LBHI's suggestion that

because others have mediated, SMI should be forced to do so, " 'actions do not lose their

separate identity because of consolidation.' " *Hall v. Hall*, 138 S. Ct. at 1130 (*quoting* 9A C.

Wright & A. Miller, Federal Practice and Procedure §2382, p. 10 (3d ed. 2008)).  Rather,

" '[e]ach case . . . must be considered separately to determine whether or not [the] Court has

jurisdiction to consider its merits.' " *Hall v. Hall., id*. at 1130-1131 (*quoting Butler v. Dexter*,

425 U.S. 262, 266-67 (1976) *(per curiam)*).  *See Lehman Brothers Holdings Inc. v. 1ˢᵗ Advantage*

*Mortgage,* LLC, Case No. 08-13555, Adv. Pro. No. 16-01019, 2018 WL 3869606, *2-3 (Bankr.

SDNY Aug. 13, 2018 (noting that adversary proceedings, including those filed against SMI,

"have been coordinated for administrative purposes, including scheduling motions and discovery

procedures.")

Further, the ADR Procedures utilized by the Court cited by LBHI in Paragraph 3 of the

its instant motion as the source of the Court's authority to grant this motion contemplate

mediation in advance of litigation or in early stage litigation – something LBHI tellingly omits –

which is not the case here, where the GSE complaint against SMI was filed in February 2016 and

the RMBS complaint was filed against SMI in December 2018.  Accordingly, LBHI's reference

to "mediation without expending the time and resources of the Court," LBHI Mot. ¶3, is

inapposite here where there have been, to date, years of litigation requiring substantial

expenditure of time and resources by the Court, SMI and LBHI.

Moreover, these ADR Procedures, so far as SMI is aware, have never been used with any

other counter-party to require such a counter-party either to *non-consensually* mediate after that

counter-party had moved to dismiss the claims LBHI sought to mediate based on LBHI's lack of

standing, which is what LBHI is asking the Court for now with respect to the RMBS complaint

LBHI filed against SMI; or to require a counterparty to mediate, involuntarily, *a second time*

years after a first mediation failed, which is what LBHI now asks the Court to order with respect

to the GSE complaint LBHI filed against SMI almost six years ago. That LBHI has creditors,

LBHI Mot. ¶3, does not obviate its obligation to establish standing or SMI's right to have its

motion to dismiss for lack of standing adjudicated.

Contrary to LBHI's misleading and bald assertion in Paragraph 4 of its motion, SMI has

not refused to mediate.  As LBHI admits elsewhere in its motion papers, SMI did mediate the

GSE claims, after SMI was served with the Court's 2014 ADR motion (but before LBHI's GSE

complaint had been filed against SMI) , which mediation did not result in a settlement. LBHI

Mot. ¶17n.2.

LBHI's invocation of the two other ADR orders issued by the Court, LBHI Mot. ¶¶18-19,

is immaterial to its instant motion since those ADR procedures, consistent with Local

Bankruptcy Rule 9019-1 and Standing Order M-452 were ordered in pre-litigation or early-stage

litigation settings and, because no party had moved to dismiss for lack of standing at the time

LBHI asked the Court to order mandatory mediation procedures, the Court did not consider

whether LBHI had standing to bring the claims for which it sought mediation at the time the

Court issued those orders.

In any event, since the questions of whether a plaintiff has standing and whether a court has subject matter jurisdiction are never waived, that the Court determined it had jurisdiction to enter the earlier ADR Orders is not dispositive with respect to whether the instant motion should be granted.

### C.    LBHI's Motion is Untimely And Must Be Denied On that Ground Alone

Further, independent of the dispositive question whether LBHI lacks standing – which either precludes this motion to compel mediation, or at the very least, requires adjournment of the motion to compel pending resolution of SMI's motion to dismiss for lack of standing, the fatal untimeliness of LBHI's ADR motion is demonstrated by the ADR orders on which it relies and which it now asks the Court to extend and modify with respect to SMI.  Those orders were initiated before litigation and contemplated either pre-litigation mediation or that mediation would take place very early in the litigation.  Indeed, this Court characterized the ADR Orders that LBHI seeks to now extend and modify with respect to SMI as "*pre-litigation* mediation protocols."  *Lehman Brothers Holdings Inc. v. 1ˢᵗ Advantage Mortgage, LLC.*, 594 B.R. 33, 48 (Bankr. S.D.N.Y. 2018) (emphasis added) (describing mediation order pursuant to Alternative Dispute Resolution Procedures Order for Indemnification Claims of The Debtors Against Mortgage Loan Sellers, dated June 24, 2014 [Case No. 08-13555, Dkt. No. 45277]).

Similarly, this Court's "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings," pursuant to which alternate dispute resolution is to be conducted, Local Bankruptcy Rule 9019-1, and which is annexed to General Standing Order M-452, on which LBHI relied in moving for, and the Court relied in issuing, the ADR Orders that LBHI now seeks

to "amend and extend" with respect to SMI, *see* LBHI Mot. at page 1, explicitly provide that a motion to assign a matter to mediation made "by a party in interest," such as LBHI's instant motion, "*must be filed promptly after filing the initial document in the matter.*" *Id.* §1.1. LBHI filed the first GSE complaint against SMI in February 2016, almost *six years ago*, a second amended GSE complaint against SMI in December 2016 [ECF No. 1, 16-01295], *five years ago*, and the first RMBS complaint against SMI in November 2018*, three years ago*. Necessarily then, LBHI's ADR Motion is untimely since it was *not* "filed promptly after the initial document(s)" in this matter.

This Court has, in fact, denied one party's motion to compel mediation where, as here, the other party did not agree to it, and the motion was made significantly late in the litigation. *See In re NII Holdings, Inc.*, 536 B.R. 61, 83 (Bankr. S.D.N.Y. 2015) (Chapman, J.). There, the party opposing the motion to compel mediation, told the Court that "at this late stage in the game ... there's not going to a real benefit from forcing these parties" to mediate," and the Court noted that "it's highly unusual ... to force parties into mediation over strenuous objections." *In the Matter of NII Holdings, Inc.*, Case No. 14-12611 (SCC), March 31, 2015 Hearing Transcript, ECF 669 ("*NII Holdings* Tr.") at 16-17. (A copy of this transcript is attached as Exhibit A to accompanying Affirmation of Lani Adler in Opposition to LBHI Motion To Compel Late-Stage Mediation by "Extension" of Alternative Dispute Resolution Procedures for Indemnification Claims of Debtors Against Mortgage Loan Sellers to Suburban Mortgage, Inc., dated November 19, 2021 ("Adler Opp. Aff.")). The party that objected to mediation in the *NII* case also pointed out to the Court that other courts had denied motions to compel mediation where a party objected to mediation because "unless there is consensus and commitment to the process on all parts to order the parties to mediation," it was unlikely to be constructive. *In re Longview Power, LLC,*

Case No. 13-12211 (BLS) (Bankr. D. Del. Jan. 16, 2014) [cited in ECF 583, *Matter of NII*

*Holdings*, Case No. 14-12611].

### D.    No Authority Supports Compelling SMI to Mediate the GSE Claims a Second Time; and SMI Never Agreed – and There is No Evidence That It Did – To Formal Mediation of the RMBS Claims

As noted, SMI *did* mediate the GSE complaint – and LBHI has not cited any authority

enabling it or a Court to compel SMI to involuntarily mediate the GSE claims *a second time.*

*See Dan River, Inc. v. Crown Crafts, Inc.*, No. 98-cv-3178, 1999 WL 287327, *2 (S.D.N.Y.

1999) (court may require a party "to appear for at least one settlement conference.").  As to the

RMBS complaint, at no time did SMI agree to formal mediation, contrary to counsel's

completely unsupported assertion that "Suburban agreed to attempt to resolve the case without

formal mediation, and if that failed, through an agreed-upon mediation process."  LBHI Mot. ¶¶

4, 21.  No document reflects that SMI agreed to formally mediate if informal mediation failed;

and no party ever informed the Court (or SMI) of such an agreement.  Presumably LBHI has not

submitted any supporting document reflecting such an agreement because no such agreement

ever occurred.

SMI filed the motion to dismiss for lack of standing in May 2019.  The parties did engage

in unsuccessful settlement negotiations in February and/or March 2019, *before* SMI filed its

moving papers for the motion to dismiss.  The motion to dismiss was argued in October 2019.

If, as LBHI asserts, SMI agreed to formally mediate in the event that informal mediation failed,

why did LBHI wait *twenty-one* months after the March 2019 informal settlement conversations

ceased, until December 2020, during which time the parties expended substantial time and

resources on discovery, to contact SMI about formal mediation?  That time lapse necessarily

undermines the credibility of counsel's unsupported statement that SMI ever agreed to formal

mediation.  And why did LBHI wait nine more months after that, until September 2021, during

which time the parties spent additional resources on the litigation, to raise with the Court its

intention to move to compel mediation?  LBHI's motion, now, to force SMI to mediate based on

authority intended to conserve resources if the dispute could be settled either before litigation or

at a very early stage of litigation, is misplaced – especially given LBHI's strategy of requiring

the parties to devote the significant amount of time and resources over the years of litigation that

SMI has had to expend to date.

       **E.**      **While Efficiency Cannot Override The Constitution's Irreducible Standing Requirement, Efficiency is Best Served by First Resolving The Motion to Dismiss Since Resolution of the Motion to Dismiss Could Moot this Motion**

SMI is entitled to, and it plainly is more efficient to have, a ruling that could dispose of

this case *before* SMI is forced to spend more time and resources on claims it believes LBHI

lacked standing to bring.  If the motion to dismiss is granted, that will likely save both the Court

and LBHI (as well as SMI) from expending more litigation resources on the SMI cases.  LBHI's

unsubstantiated threat to appeal and/or file in another forum, LBHI Mot. ¶35, if the motion to

dismiss is granted, apparently misunderstands the arguments as to why it lacks standing, since

standing would likely be a problem for LBHI in any forum.  Presumably, LBHI, as the Plan

Administrator, has a fiduciary duty to expend future litigation resources in a thoughtful manner –

rather than just conclusorily threatening an appeal or another lawsuit before it learns the basis for

the Court's ruling.  In any event, the Court cannot be guided by LBHI's speculative threat – if

the Court does not have the power to entertain the claims LBHI has asserted against SMI because

LBHI lacks standing, that should be the end of the inquiry in this case.

With no substantiation or affidavit from anyone with knowledge, LBHI baldly states that:

"In exchange [for being carved out of the 2018 ADR Motion], Suburban agreed to engage in

good-faith settlement discussions without formal mediation but if that failed, through an agreed-

upon mediation process." LBHI Mot. ¶21.  While this statement, even if true, would likely

constitute a breach of the confidentiality of communications made with respect to settlement, *see* F.R.E. 408, no such agreement ever occurred, and LBHI proffers no written document memorializing or even referencing such an agreement – because, of course, there is none.  What is clear is that there was no ADR agreement in 2018 or any time after in which SMI agreed to mediate the RMBS claims.

LBHI's contention that SMI "cannot have it both ways" because SMI objected in 2018 to extending the ADR Order to SMI with respect to RMBS loans that LBHI had not even identified and over which LBHI had *not* then sued, while pointing out that LBHI did not promptly file a motion for mediation after it filed the initial document in the RMBS case, is nonsensical.  *See* LBHI Mot. ¶38n.5.  The Court should not be misled by such a rote soundbite.  At the time, in October 2018, that LBHI asked the Court for a general order for ADR with respect to various RMBS claims, LBHI had neither asserted any RMBS claim against SMI nor even specified to SMI the particular loans, identified by SMI loan number (so that SMI could tell which loans they were), that SMI originated or brokered, for which LBHI might seek mediation.  Obviously, SMI lacked any specific information in order to determine how to respond to LBHI's Oct. 2018 ADR motion.  How could it?  At a minimum, then, due process concerns with respect to adequate notice would necessarily be implicated with respect to an order for mandatory mediation of unknown, unidentified loans.  LBHI did not file any complaint against SMI or otherwise inform SMI which RMBS loans LBHI contended were actionable until December 2018, and even then, in that complaint, LBHI did not provide the information that would enable SMI (which did not then have access to the loan numbers LBHI had given to these loans) to identify which loans were the subject of LBHI's complaint, since the complaint listed loans by LBHI's loan number and not by SMI's loan number.  LBHI cannot seriously dispute that it did *not* file any motion for

mediation promptly after it filed the RMBS complaint against SMI in December 2018 – as required under the ADR Procedures annexed to Standing Order M-352; instead, LBHI waited almost *three years* to make a motion for such mediation; and LBHI waited twenty-one months after March 2019, when informal settlement conversations ceased, long after the parties had continuously engaged in expensive discovery and after the motion to dismiss had been pending for two years, until December 2020 to approach SMI about formal mediation; and then LBHI waited another nine or ten months after that, until September 2021 to inform the Court of its intent to move to compel mediation – which is why LBHI's motion, now, to compel mediation is untimely.  Again, one must ask why, if as LBHI baldly asserts, SMI agreed to formally mediate in the event that informal discussions failed, LBHI waited *twenty-one months* from March 2019, when those informal discussions, according to LBHI, failed, LBHI Mot. ¶17n.2, until December 2020, to approach SMI about formal mediation?  Presumably, if such an agreement actually existed – and it never did – LBHI would have moved to enforce it.  LBHI filed the instant motion almost three years *after* it filed the RMBS Complaint.  Whatever the reason for LBHI's delay, the instant motion to compel mediation was *not* made promptly after the filing of the initial document, as required under the ADR Procedures annexed to Standing Order M-352, and is therefore untimely.

Further, the ADR orders that LBHI invokes expressly specify that nothing communicated in connection with "any aspect of the mediation effort," including, but not limited to, "views expressed or suggestions made by any party with respect to a possible settlement of the dispute," may be relied upon or introduced "as evidence in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court in connection with the referred matter, any aspect of the mediation effort."  United States Bankruptcy Court, Southern

District of New York, "Procedures Governing Mediation of matters and the Use of Early Neutral

Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary

Proceedings," ¶ 5.2.  LBHI's desperate effort to rely on a non-existent agreement that SMI

supposedly made to engage in formal mediation if informal settlement conversations failed and

its mis-description of the parties' communications concerning mediation are, in addition to being

inaccurate, inadmissible in this proceeding. *Cf.* LBHI Mot. ¶¶ 4-6, 25-26.

Nor should SMI be forced to spend additional time and resources to mediate claims that

LBHI lacks standing to pursue.  The proposed "amended" ADR Procedures that LBHI asks the

Court to enter would affirmatively require SMI to provide a written "Statement of Position"

within seven days of service of a notice for ADR – though LBHI notably gives itself *the option,*

*but not the obligation it would lopsidedly impose on SMI*, to provide a Statement of Position

within 7 days.  Lucht Dec. Ex. A.  Preparation of such mediation statements, as the Court is

aware, is expensive and time-consuming.  *NII Holdings* Tr. at 38-39, Adler Opp. Aff. Ex. A.

Here, LBHI is already aware of SMI's views on the particular loans at issue and as to many other

issues and defenses SMI believes relate to analysis of any potential liability, because, during the

various settlement conversations the parties had in the past as well as at the GSE mediation, SMI

shared these views, including in the unsuccessful settlement conversations that took place in

March 2019 before SMI filed its first brief in support of the motion to dismiss.  Moreover, LBHI

has had the opportunity to understand SMI's arguments concerning standing from the multiple

briefs the parties have exchanged on the motion to dismiss and the oral argument on it.

Prior and subsequent to the time LBHI filed the motion to dismiss, SMI conveyed to

LBHI that it would consider the possibility of having informal discussions with LBHI that would

take into account these exchanges of perspective and information.  No such discussions occurred;

14

and SMI is not willing, at this late stage of the litigation, given that one possible outcome of the motion to dismiss is that the claims against SMI could be dismissed, to expend more time and money on a formal mediation with formal mediation statements.  *See NII Holdings* Tr. at 38-39, Adler Opp. Aff. Ex. A (noting possibility of information mediation without the "more traditional mediation statements, et cetera.").

### F.    SMI Has A Right To Have Its Motion To Dismiss Decided; and Forcing SMI to Mediate at This Point in Time Would Be Improperly Coercive

In this context, against this background, and in view of SMI's "clear" "right to have its motion decided," *U.S. E. Telecomms., Inc. v. U.S. W. Info. Systems, Inc.* 15 F.3d 261, 263 (2d Cir. 1994); *Monbo v. Nathan*, 18-CV-5930, 2021 WL 2530710, *3 (E.D.N.Y. June 21, 2021), SMI believes that mandating formal mediation at this juncture would be coercive.  "It is well-settled that a court cannot force a party to settle, nor may it invoke 'pressure tactics' designed to coerce a settlement."  *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011) (internal citation omitted).  For the Court to require SMI to expend time and resources to mediate claims as to which SMI believes LBHI lacks standing, especially given the number of years of litigation during which the parties have already expended substantial resources and in view of the pending motion to dismiss, would be functionally coercive.  *See A.T. Reynolds, id.* at 381 (court may not exercise "a coercive influence on the parties to settle.").  In addition to the expenses of preparing and reviewing mediation statements, the client and attorney time (and costs of it) to prepare for and attend a formal mediation are significant – even if LBHI were to pay for the mediator.  SMI is entitled to a decision on the motion to dismiss before it should conceivably be forced to incur such costs.

Moreover, such forced mediation is unlikely to be productive.  "[U]ltimately, mediation will only succeed if the parties themselves want it to, and a court's order to mediate – even in

good faith – will not change the mind of party who believes that settlement is not in their best

interest. . . . Such a case exists where . . . there exists a strong contested threshold issue . . . that

may be fully determinative of a party's liability." *Id.* at 382-383 ( and noting that a party's

analysis of risk may be rational even if party determines it is not liable).  Here, adjudication of

the standing issue may dispose of the case.

      " 'When mediation is forced upon unwilling litigants it stands to reason that the

likelihood of settlement is diminished.  Requiring parties to invest substantial amounts of time

and money in mediation under such circumstances may well be inefficient.' " *Arch Ins. Co. v.*

*Centerplan Constr. Co., LLC*, No. 3:16-CV-01891, 2019 WL 554868 *3 (D. Conn. Feb. 12,

2019) (*quoting In re Atlantic Pipe Corp.*, 304 F.3d 135, 144 (1st Cir. 2002)). *See Advanced*

*Bodycare Solutions, LLC v. Thione Intern., Inc.*, 524 F.3d 1235,1240 (11th Cir. 2008)

("compelling a party to submit to settlement talks it does not wish to enter and which cannot

resolve the dispute of their own force may well *increase* the time and treasure spent in

litigation.") (emphasis in original).

      That LBHI's true motive in bringing the instant motion is to try to coerce SMI to settle,

notwithstanding SMI's belief that LBHI lacks standing, and that LBHI seeks to enlist the Court's

support for doing so by asking the Court to grant this motion, is suggested by the fact that LBHI

has recently also moved for sanctions, purportedly for mediating in bad faith, against at least one

(and possibly more than one) mortgage originator who actually did mediate.  *See Lehman*

*Brothers Holdings Inc. v. Wall Street Mortgage Bankers, Inc.*, Case No. 08-13555, Adv. Pro. 18-

Nos. 16-01019, 18-01746 [ECF No. 61345-1, Case No. 08-13555, filed Nov. 10, 2021).  While

Judge Pauley has reversed a Bankruptcy Court's order for sanctions for failing to mediate in

good faith based on a party's failure to make an offer or reach a settlement, and noted that a party

is "free to adopt a 'no pay position,' " *A.T. Reynolds*, 452 B.R. at 382-382, 374 (*quoting Negron v. Woodhill Hosp*., 173 Fed. Appx. 77, 79 (2d Cir. 2006)), arguably LBHI's actions, in bringing the instant motion and in making the sanctions motion, suggest LBHI's tactics are intended to improperly coerce settlement.  In other words, in LBHI's eyes, apparently one is damned if one mediates or damned if one doesn't – if during the mediation the counterparty refuses to settle at a number LBHI unilaterally insists is appropriate.  It appears that even if SMI were to mediate, if SMI did not agree to a settlement number or range acceptable to LBHI, or if SMI determined to take a "no pay position," LBHI might well, improperly, move for and/or threaten sanctions against SMI for, in LBHI's view, mediating in bad faith because SMI did not agree with LBHI's settlement positions and could not work out a mutually acceptable resolution. *Cf. id.*

### G.    LBHI's Wholly Speculative Threats to Appeal or Sue Elsewhere If The Motion to Dismiss is Granted Do Not Overcome the Constitutional Requirement That Standing Be Shown Before The Court May Consider This Motion

LBHI's unavailing fallback position is that because *it* unilaterally wants to mediate now, two years after the parties briefed and argued the motion to dismiss and many years of expensive discovery disputes and exchanges later, notwithstanding the dearth of authority for this position, the Court "should reject arguments by Suburban that it would be more cost-effective or less burdensome for the court to first decide its Motion to Dismiss" because LBHI "may either commence litigation against Suburban in another jurisdiction or appeal."  LBHI Mem. ¶35. Obviously such speculation, unsupported by any affidavit, even if credited (which it should not be), cannot supersede the requirement that LBHI establish the "irreducible constitutional minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), in order to proceed with the case or as a prerequisite to compelling SMI to mediate at this stage, while the motion to dismiss is pending.

Neither efficiency nor LBHI's view of convenience may override the requirements of the Constitution, nor can LBHI's conjecture of what it may do circumvent its obligation to establish predicate standing. *TransUnion*, 141 S. Ct. at 2207*; see I.N.S. v. Chadha*, 462 U.S. 919, 944 (1983).

So far as SMI is aware, whether LBHI lacked standing to bring certain claims was not formally raised or briefed or considered by the Court in any of the hearings pursuant to which the Court has previously issued mandatory early-stage mediation orders. Further, while it is not the subject of this motion, if LBHI lacks standing because, as SMI has argued, it did not have the right to bring the indemnification claims in the GSE and RMBS complaints against SMI, then it is unlikely that LBHI would have standing to bring those indemnification claims against SMI in any other forum.

### H.    LBHI Misconstrues the Authority It Contends Permits Granting This Motion

LBHI's apparent presumption that the Court can simply expand the ADR motion to SMI when LBHI lacks standing is circular. LBHI's motion effectively asks the Court to assume that LBHI will prevail on the pending motion to dismiss in order to avoid addressing the predicate fundamental question of whether LBHI has standing.

As set forth in its moving and reply briefs in support of the motion to dismiss, SMI disputes that LBHI had "Litigation Claims" within the meaning of the Plan, because LBHI did not have contingent, unmatured, pre-petition rights against SMI and/or because LBHI was divested of any rights it may have had when it transferred, pre-petition, all right, title and interest in the loans when it sold them to third parties. SMI incorporates *all* of the arguments made in its motion to dismiss here (including but not limited to those summarized in the preceding sentence), and does not waive any of them. Accordingly, and, independently, because SMI does

not believe LBHI has adequately established standing, for the reasons set forth in the motion to dismiss, LBHI disputes the statements in Paragraph 12 of LBHI's motion that the Court has "jurisdiction to consider this matter."

SMI also disputes LBHI's statement, in Paragraph 13 of the instant motion, that "[t]his is a core proceeding pursuant to 28 U.S.C. § 157(b)." *See In re Ditech Holding Corp*., Case No. 19-10412, 2021 WL 5225840, *6 (Bankr. S.D.N.Y. Nov. 9, 2021). Subject to and without waiving any of the arguments in the pending motion to dismiss for lack of subject matter jurisdiction and/or for lack of standing, SMI's view is that this proceeding is non-core, assuming for purposes of argument only, that the Court has "related to" jurisdiction over it. *Id*. Because the question of whether this proceeding is core or non-core is, for now, immaterial to the outcome of this motion, SMI reserves all rights and does not waive any arguments with respect to that issue.

Because SMI has argued in the motion to dismiss that the claims LBHI seeks to force SMI to mediate are not "Litigation Claims" within the meaning of the Plan, SMI repeats and reincorporates all those arguments, and states that the instant motion to compel must be dismissed because the claims that LBHI seeks to force SMI to mediate are not "Litigation Claims" within the Plan and therefore the Court lacks the power to make any order with respect to them, including granting LBHI's motion to compel. *See* Adv. Pro. No. 18-01825, ECF No. 11 at 16-23. This further illustrates why the motion to dismiss should be resolved before this motion is considered since, if SMI prevails on one or more of the arguments in the motion to dismiss, that outcome may well moot or otherwise dispose of or impact this motion. For that reason, rather than repeat all of the arguments set forth in the motion to dismiss, SMI reincorporates them, and focuses here instead on the arguments that directly warrant denial of the instant motion to compel, or adjournment of it pending resolution of the motion to dismiss.

19

So far as SMI is aware, the Court has not previously entered any mandatory ADR motion while a fact-challenge to LBHI's standing to bring the claims LBHI sought to mediate was pending. All of the mandatory ADR orders previously entered by the Court have been entered when the individual actions were either pre-litigation, such as the 2014 Order pursuant to which SMI mediated the GSE claims, or in very early stage litigation. SMI is not aware of any authority, and LBHI cites none, pursuant to which this or any other Court entered an order in later-stage litigation, after the cases had been going on for years, requiring involuntary mediation by a party – and certainly when the party as to whom LBHI sought mediation which had a pending motion to dismiss based on LBHI's lack of standing. On the contrary, courts in this District have respected a movant's preference for the Court to decide a dispositive motion to dismiss prior to entering a mediation order. *Cotto,* 2021 WL 4340668, *4; *Ramirez v. NYP Holdings, Inc.*, 2020 WL 470011, at *2.

LBHI's styling of this motion as a motion to extend the mandatory ADR order to SMI rather than as a motion to compel mediation, which is what this motion actually is, reflects LBHI's misleading attempt to turn this motion into an inquiry into whether the Court has general authority to issue the kind of mandatory ADR orders it has in the past.[3] But the issue in this motion is not whether the Court has the general authority given to it by the ADR Procedures cited above which the Court has invoked in issuing the previous early stage or pre-litigation mandatory mediation orders. The issue here is the one LBHI tellingly tries to run around and asks the Court to ignore: whether LBHI even has standing to bring this motion given that the

---

[3] The two cases LBHI cites for the generic proposition that litigation between LBHI and SMI would be antithetical to policy favoring the utilization of ADR are inapposite. *See* LBHI Mot. ¶35. The first of these case, *Fisher v. SmithKline Beecham Corp.*, No. 07-CV-347A, 2009 WL 899433 (W.D.N.Y. Mar. 26, 2009) in which the motion for reconsideration of a party that was sanctioned for avoiding mediation was denied, was vacated six weeks later, on May 5, 2009. The second case, *Grey v. F.D.I.C.*, No. 88 Civ. 7542, 2002 WL 959564 (S.D.N.Y. May 8, 2002) involved interpretation of a contractually required ADR mechanism set forth in an employment agreement between the parties.

basic predicate question of whether LBHI has established standing sufficient to pursue its claims

against SMI remains pending.  The Court may not exercise "hypothetical jurisdiction"; and if, as

SMI has shown, LBHI lacks standing, then LBHI lacks standing to even bring the instant motion,

and there is no case or controversy the Court may entertain.

### 1. The Court's ADR Procedures and Standing Order M-352 Do Not Support Granting This Motion

As noted above, the ADR Orders the Court has previously entered in this case, were

requested by LBHI and entered either before litigation began or in the very early stages of

litigation. Since this case is now many years into expensive litigation, and there is a pending

motion to dismiss for lack of standing that once decided, could dispose of the claims, those ADR

Orders do not support compelling SMI to mediate at this point in time.  SMI has mediated, in a

pre-litigation setting, the GSE claims; and LBHI does not provide any authority supporting the

Court forcing SMI to mediate those claims a second time, just because LBHI may unilaterally

want to now.  So far as SMI is aware, the Court was not presented with a motion to dismiss for

LBHI's lack of standing when it issued any of those earlier ADR Orders, and so those earlier

ADR Orders do not provide authority for the Court to compel mediation of the RMBS claims

LBHI has filed against SMI – at least while SMI's motion to dismiss is pending – because if, as

SMI believes it has demonstrated, LBHI lacks standing, then the Court may not consider the

instant motion and LBHI is precluded from pursuing it.  While SMI believes that under Standing

Order M-352 and the Court's ADR Procedures, LBHI's motion here is untimely, at a minimum,

because resolution of the standing motion is antecedent to consideration of this motion, this

motion should be adjourned pending resolution of the standing motion to dismiss.

### 2.   Rule 60, Fed. R. Civ. P., Is Inapplicable; and LBHI Has Not Made Any Showing of Extraordinary Circumstances

LBHI also argues that this motion is properly before the Court pursuant to Federal Rule

of Bankruptcy Procedure 9024, because that rule incorporates by reference Rule 60, Fed. R. Civ.

P.  LBHI Mot. ¶10.  However, Rule 60, which speaks to "relief from a judgment or order," is

inapposite in that LBHI does not want relief from the ADR Order, and Rule 60(b)(6), the

provision LBHI relies upon, LBHI Mot. ¶10, "is properly invoked only when there are

extraordinary circumstances justifying relief, when the judgment may work an extreme and

under hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of

the Rule."  *Metzler Investment GMBH v. Chipotle Mexican Grill, Inc*., 970 F.3d 133, 143 (2d

Cir. 2020. *See Central Vt. Public Servc. Corp. v. Herbert*, 342 F.3d 186, 190 (2d Cir. 2003).

Independent of the fact that LBHI is not requesting the Court to set aside its earlier ADR Orders,

LBHI has not made the requisite showing of "extraordinary circumstances" for its motion to be

granted pursuant to Rule 60(b).

### 3.   Section 105(a) Does Not Support Granting This Motion

Finally, LBHI also references the Court's " 'inherent authority to protect their

proceedings and judgments in the course of discharging their traditional responsibilities.' "

LBHI Mot. ¶10 (*quoting Degen v. U.S.,* 517 U.S. 820, 823 (1996)), and states that the Court

should order SMI to non-consensual mediation pursuant to Section 105(a) of the Bankruptcy

Code and Standing Order M-143.  LBHI Mot. ¶¶30-31. LBHI's technical invocation of Standing

Order M-143 is misplaced; that order was superseded by and combined into General Order M-

452, which annexed the "Procedures Governing Mediation of Matters and the Use of Early

Neutral Evaluation and Mediation/voluntary Arbitration in Bankruptcy Cases and Adversary

Proceedings.  Section 1.1 of these procedures, like the superseded Standing Order M-143

referenced by LBHI, states unconditionally that "[t]he motion by a party in interest must be filed promptly after filing the initial document in the matter." The instant motion to compel SMI to mediate is a motion by LBHI, a party in interest. However, it was not filed promptly after LBHI filed the initial GSE complaint against SMI or after LBHI filed the initial RMBS complaint against SMI.

Not only is LBHI's motion untimely, but it is at odds with the objective of enabling mediation in order to conserve the parties' and Court's resources *before* they engage in and devote resources to the years of litigation that have occurred here. Section 105 "limits the bankruptcy court's equitable powers, which 'must and can only be exercised within the confines of the Bankruptcy Code.' " *In re Kalikow*, 602 F.3d 82, 96-97 (2d Cir. 2010) (*quoting In re Dairy Mart Convenience Stores*, 352 F.3d 86,92 (2d Cir. 2003)). "Section 105 'does not authorize bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.' " *Kalikow, id*. at 97 (internal citations omitted). The equitable power conferred on a bankruptcy court under Section 105 " 'is the power to exercise equity in carrying out the provisions of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing,' " *Kalikow, id.* at 97 (*quoting Dairy Mart*, 351 F.3d at 92). "This limitation 'suggests that an exercise of section 105 power be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective.' " *Kalikow, id*. (internal citation omitted). Further, " 'because of their very potency, inherent powers must be exercised with restraint and discretion.' " *Id*. (*quoting Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991)).

The relief LBHI seeks in this motion, to force SMI to mediate many years into the litigation, while what SMI believes to be a meritorious motion to dismiss based on LBHI's lack

of standing remains pending, is not equitable relief.  Section 105 does not permit the Court to

ignore the necessity of addressing " 'the threshold question in every federal case, determining the

power of the court to entertain the suit.' "  *In re Clinton Nurseries, Inc*., 998 F.3d 56, 63 (2d Cir.

May 24, 2021) (internal citations omitted).  The Court's exercise of its inherent powers may not

contravene the predicate constitutional requirement of addressing the antecedent standing issue.

The Court should deny the motion to compel SMI to mediate, at the very least pending resolution

of whether LBHI has standing.  In addition to complying with the constitutional mandate to

address standing before anything else, since resolution of the pending motion to dismiss may

cause dismissal of the claims LBHI seeks to mediate, the expeditious and economical handling

of the case, as provided under 11 U.S.C. §105, will be further served by denial of LBHI's

motion.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should deny LBHI's motion to compel SMI to

mediate.

Dated:  New York, New York
       November 19, 2021

           LANI ADLER PARTNERS LLC


           /s/Lani A. Adler
           Lani A. Adler
           275 West 96th Street, Suite 15G
           New York, New York  10025
           (646) 732-3260
           LAdler@LaniAdlerPartners.com

           *Attorneys for Defendant Suburban*
           *Mortgage, Inc.*