FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: (303) 333-9810
Michael A. Rollin
mrollin@fostergraham.com

*Attorneys for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In Re** ) | |
| ) | **Chapter 11 Case No.** |
| ) | |
| **Lehman Brothers Holdings Inc., et al.;** ) | **08-13555 (SCC)** |
| ) | |
| Debtors. ) | **Jointly Administered** |
| ) | |
| ) | |

**NOTICE OF MOTION OF THE PLAN ADMINISTRATOR FOR AN ORDER
AUTHORIZING THE ABANDONMENT OF DEBTOR RECORDS**

**PLEASE TAKE NOTICE** that, on August 10, 2022, Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), filed its Motion for an Order Authorizing the Abandonment of Debtor Records (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on the Motion before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Southern District of New York (the "Bankruptcy Court") on **September 15, 2022 at 11:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard. The hearing shall take place telephonically via Court Solutions LLC, and parties may register to participate in or listen to the hearing by registering with Court Solutions LLC at www.court-solutions.com.

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest, and be served in accordance with General Order M-399, and upon the following: (a) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 23; (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and Andrea B. Schwartz,, Esq.); and (c) Foster Graham Milstein & Calisher LLP, 360 S. Garfield Street, Sixth Floor, Denver Colorado 80209 (Attn: Michael A. Rollin, Esq.), attorneys for the Debtors, so as to be actually filed and received no later than August 29, 2022 at 4:00 p.m. **(prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Plan Administrator may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated : August 10, 2022

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

/s/ Michael A. Rollin
Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: (303) 333 -9810
mrollin@fostergraham.com

*Attorneys for the Plan Administrator*

Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)
Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)

FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: (303) 333-9810
Michael A. Rollin
mrollin@fostergraham.com

*Attorneys for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re ) | |
| ) | **Chapter 11 Case No.** |
| ) | |
| **Lehman Brothers Holdings Inc., et al.;** ) | **08-13555 (SCC)** |
| ) | |
| **Debtors.** ) | **Jointly Administered** |
| ) | |
| ) | |

**PLAN ADMINISTRATOR'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT OF DEBTOR RECORDS**

**TO THE HONORABLE SHELLEY C. CHAPMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator," and collectively with its affiliated debtors, Aurora Commercial Corp. and Aurora Loan Services LLC, in the above-captioned cases, the "Debtors"), submit this motion (the "Motion"), pursuant to (a) sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Section 6.1(b)(iii) of the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, dated August 31, 2011 (as subsequently supplemented, amended or modified, including by the Plan Supplement, the "Plan"), and Paragraph 6 of the *Order Confirming Modified Third Amended*

4

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

*Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, ECF 23023 (the "Confirmation Order"), seeking an order authorizing the abandonment of certain records. In support of this Motion, the Plan Administrator respectfully states as follows:

### PRELIMINARY STATEMENT

1. The Plan Administrator and its professionals continue to evaluate the pre- and post-Filing Date documents and data maintained by the Debtors' estates to determine whether such documents and data are necessary to effectuate the remaining estate work-streams. The Plan Administrator has concluded that it has no further business or wind down related need for any records pertaining to the origination, purchase, sale, securitization, servicing, or litigation of residential mortgage loans, including communications with trustees, depositors, sponsors, originators, brokers, servicers, and master servicers, among others (the "Records"). The volume of Records at issue is in the millions of documents and terabytes of electronically-stored data, and the Plan Administrator currently spends in excess of $70,000 each month to maintain them. To conserve estate assets for the benefit of creditors and in furtherance of the wind down of the Debtors' estates, the Plan Administrator seeks an order authorizing the abandonment of all such Records.

2. However, parties to two state court actions, *IKB Int'l, S.A. v. U.S. Bank*, N.A., Index No. 654442/2015, and *IKB Int'l. S.A. v. Deutsche Bank Nat'l Tr. Co.*, Index No. 654439/2015, both in the Supreme Court of the State of New York, County of New York (the "State Court Actions"), have issued third-party subpoenas to LBHI demanding production of large categories of documents and information from the Records. The Plan Administrator has explained to the requesting parties that the Debtors' estates have no further need for the Records

5

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

and that it plans to abandon and destroy them unless the requesting parties assume the expense to maintain and produce them, as required under New York law for parties seeking discovery from non-parties to the underlying litigation. To date, the requesting parties have not agreed to assume this expense and, therefore, the Plan Administrator seeks the relief requested herein. The relief requested will save the Debtors' estates more than $840,000 per year.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Article XIV of the Plan, and paragraph 77 of the Confirmation Order. This Motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has exclusive jurisdiction over the assets of the Debtors' estates. 28 U.S.C. § 1334(e).

### FACTUAL BACKGROUND

4. The Plan Administrator is responsible for the administration of the Debtors' estates. *See generally* Plan, Art. VI. The Plan Administrator's duties include the duty to:

> exercise its reasonable business judgment to direct and control the wind down, liquidation, sale and/or abandoning of the assets of the Debtors and/or Debtor-Controlled Entities under the Plan and in accordance with applicable law as necessary to maximize Distributions to holders of Allowed Claims.

Plan, § 6.1(b)(iii); *see also* Confirmation Order, ¶ 6 (authorizing the Plan Administrator to "take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan.").

5. Throughout these cases, the Plan Administrator has worked tirelessly to wind down the Debtors' estates efficiently to minimize costs and preserve assets for the benefit of

6

08-13555-mg    Doc 61483    Filed 08/10/22    Entered 08/10/22 17:54:43    Main Document
Pg 7 of 14

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

creditors. A significant portion of this effort has involved the management of claims related to the Debtors' origination, purchase, sale, securitization, and servicing of residential mortgage loans. These efforts are complete, and the Debtors have no further need for the voluminous records pertaining to these matters, including the Records.

6. Consistent with its responsibilities under the Plan, the Plan Administrator has determined that it is in the best interests of the estates to abandon and destroy the Records. In fact, it has negotiated a contract with its custodian of records vendor, Iron Mountain, Inc. ("Iron Mountain") for the disposal of these records. However, between May 2020 and July 2022, parties to the State Court Actions served subpoenas for documents on LBHI, Aurora Bank, and Aurora Loan Services LLC.[1] seeking broad categories of documents and information from the Records. **Composite Exhibit 1**.

7. Since at least December 2021, the Plan Administrator advised the requesting parties that the Debtors are in liquidating bankruptcies and that the Records at issue have no continuing business purpose and therefore, to the extent they wished to pursue discovery of these Records, they must bear all expenses associated with that process, including, but not limited to the costs of storage, retrieval, review, and production of responsive documents. **Exhibit 2**. This comports with New York law. *See* CPLR Rule 3111 ("The reasonable production expenses of a non-party witness shall be defrayed by the party seeking discovery."); CPLR Rule 3122(d) (same); *see also* 22 NY ADC 202.70 Rule 11-c(e) ("The requesting party shall promptly defray

---

[1] The subpoenas issued to Aurora Bank and Aurora Loan Services are the subject of a similar motion filed contemporaneously herewith in the Aurora Commercial Corp. case.

08-13555-mg    Doc 61483    Filed 08/10/22    Entered 08/10/22 17:54:43    Main Document
Pg 8 of 14

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

the reasonable expenses associated with a non-party's production of ESI, in accordance with CPLR 3111 and 3122(d).").

8.  In February 2022, the Plan Administrator held telephone conferences with all of the requesting parties to underscore this critical point as well as provide additional information that the requesting parties sought about the details of what information the Debtors may possess. At this time, one of the requesting parties informed the Plan Administrator that discovery in the State Court Actions would close on May 20, 2022. **Exhibit 3**.

9.  After the passage of what the Plan Administrator believed to be the state court discovery deadline and in light of the fact that it received no further communications from the requesting parties (including no commitment to bear the storage and discovery costs), the Plan Administrator negotiated an agreement with Iron Mountain to destroy the Records.

10. On July 18, 2022, the Plan Administrator emailed the requesting parties to confirm that they no longer sought the Records and to advise them of the Plan Administrator's intent to sign the Iron Mountain agreement on July 25, 2022. However, the Plan Administrator gave the requesting parties the opportunity to forestall this action if they agreed to indemnify the Debtors against the continuing cost of storage and of discovery. **Exhibit 2**.

11. Thereafter, the requesting parties objected to the destruction of the Records, but also refused to commit to cover the Debtors' costs in connection with the requested discovery, including the substantial costs of preserving the Records. *Id*.

12. As reflected in the attached correspondence, the Plan Administrator has no certainty as to whether or when it might receive a response from the requesting parties concerning their willingness to take financial responsibility for the discovery related to the

08-13555-mg    Doc 61483    Filed 08/10/22    Entered 08/10/22 17:54:43    Main Document
Pg 9 of 14

Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)
Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)

Records, and their responses indicate an intent to force the Debtors to retain the Records, perform various searches as directed by the requesting parties, and then produce the records—all at significant expense to the Debtors' estates. Remarkably, after the Debtors made clear their position that they would need such a financial commitment or they would be forced to move forward with its long-disclosed plan to dispose of the records, U.S. Bank served two additional subpoenas in connection with two other long standing state court proceedings without providing any such commitment.

## ARGUMENT

### I.  THE COURT SHOULD APPROVE THE PLAN ADMINISTRATOR'S REQUEST TO ABANDON THE RECORDS AS AN UNNECESSARY BURDEN TO THE DEBTORS' ESTATES.

13. Section 554 of the Bankruptcy Code provides, in relevant part, that "after notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F.Supp.2d 471, 475 (S.D.N.Y. 2005) (noting right of trustee [or Plan Administrator] to abandon burdensome property). The notice and hearing requirement ensures that interested parties have an opportunity to object to a proposed abandonment. 5 COLLIER ON BANKRUPTCY ¶ 554.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

14. Where requisite notice is given under Federal Rule of Bankruptcy Procedure 6007, "[t]he abandonment power embodied in Section 554 enables the [Plan Administrator] to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate .

9

08-13555-mg    Doc 61483    Filed 08/10/22    Entered 08/10/22 17:54:43    Main Document
Pg 10 of 14

Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)
Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)

. . and also protects the estate from diminution." *In re Quanta Res. Corp.*, 739 F.2d 912, 915 (3d Cir. 1984).

15. "[A]bandonment provisions are designed to allow the [Plan Administrator] to relinquish assets that would be a financial drain on the estate, or relieve [it] of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate." *Mele v. First Colony Life Ins. Co.*, 127 B.R. 82, 85 (D.D.C. 1991). A plan administrator's decision to abandon property of the estate is discretionary. *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (collecting authorities). Because the Plan Administrator enjoys the benefit of the business judgment rule, "[c]ourts defer to the [its] judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the [Plan Administrator's] discretion." *Id.* (citing *In re Interpictures, Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994)). The Court will uphold the Plan Administrator's decision making if it finds that the Plan Administrator "made 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within [its] scope of authority." *Id.* (citing COLLIER).[2]

16. The Court should approve the Plan Administrator's decision to abandon the Records. The decision whether to incur the cost to maintain the Records is a quintessential

---

[2] Section 105(a) of the Bankruptcy Code also provides in relevant part that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

08-13555-mg    Doc 61483    Filed 08/10/22    Entered 08/10/22 17:54:43    Main Document
Pg 11 of 14

Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)
Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)

business judgment within the Plan Administrator's discretion. Similar relief has been granted by this Court in the Lehman Brothers Inc. SIPA proceedings, as well. *See*, *e.g.*, Case No. 08-01420, ECF Nos. 11359, 13599, 13927, 14336, 14465, and 14662.

17. The Plan Administrator's decision is made in good faith on the reasonable basis that maintaining the Records will have no benefit to the Debtors' estates and will hinder the Plan Administrator's efforts to ultimately close the estates.

## II. ABANDONMENT WILL NOT PREJUDICE THE REQUESTING PARTIES' ABILITY TO LITIGATE THE STATE COURT ACTIONS.

18. Not only would grant of this Motion be in the best interests of the estates and their respective creditors, but it would not prejudice the requesting parties.

19. The requesting parties have the opportunity to take full custody of the Records and use them as they see fit in the State Court Actions by agreeing to taking financial responsibility for the records, as discussed above.

## RELIEF REQUESTED

20. Therefore, by this Motion, the Plan Administrator respectfully requests that the Court enter an order authorizing it to abandon the Records so that the estates may be wound down in an orderly fashion and to permit the estates to avoid the expense of the Records' continued storage unless the requesting parties take full financial responsibility for continued storage of the Records and the Debtors' cost to respond to the subpoenas, including reasonable attorney's fees. Such order would be consistent not only with the Plan Administrator's responsibility to preserve estate assets for the benefit of creditors, but with New York law providing that requesting parties bear the expenses associated with third-party discovery.

11

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

## NOTICE

21. No trustee has been appointed in these Chapter 11 cases. The Plan Administrator has or will provide notice of this Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 6007 on (i) the U.S. Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for each of the requesting parties; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the Second Amended Order, entered on June 17, 2010, governing case management and administrative procedures for these cases (ECF 9635). The Plan Administrator submits that no other or further notice is necessary or required.

22. Except as set forth herein, no previous request for the relief sought herein has been made to this or any other Court.

23. The Plan Administrator has cited to the authorities upon which it relies within the body of this Motion. Accordingly, the Plan Administrator respectfully submits that this Motion satisfies the requirement of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted herewith.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form of annexed hereto, granting the relief requested herein and such other and such other and further relief as the Court may deem just and proper.

Dated : August 10, 2022

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

> */s/ Michael A. Rollin*
> Michael A. Rollin
> FOSTER GRAHAM MILSTEIN & CALISHER, LLP
> 360 S. Garfield Street, 6th Floor
> Denver, Colorado 80209
> Telephone: (303)916-2839
> mrollin@fostergraham.com
>
> *Attorneys for the Plan Administrator*

13

4863-8951-6846, v. 1

**Hearing Date: September 15, 2022 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: August 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

## CERTIFICATE OF SERVICE

I, Michael A. Rollin, hereby certify that on this 10th day of August, 2022, I caused a true and correct copy of the **Notice of Motion Of The Plan Administrator For An Order Authorizing The Abandonment of Debtor Records, Plan Administrator's Motion For An Order Authorizing The Abandonment of Debtor Records,** and a **Proposed Order Regarding Plan Administrator's Motion For An Order Authorizing The Abandonment Of Debtor Records**, to be served on the parties listed in CM/ECF and below via first class mail:

U.S. Department of Justice
Office of the U.S. Trustee
Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and Andrea B. Schwartz, Esq.
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Robins Kaplan LLP
Attn: Michael A. Collyard and Peter C. Ihrig
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402

*/s/ Michael A. Rollin*
Michael A. Rollin

4863-8951-6846, v. 1