UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

LEHMAN BROTHERS HOLDINGS INC.,
et al,
    Debtor.

REX WU
    Appellant,

v.

LEHMAN BROTHERS HOLDINGS INC.
    Appellee.

Bankr. No.   08-13555(SCC)

Docket #61493

### Statement of Issues to Be Presented

REX WU, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal under the Federal Rules of Civil Procedure, Rule 60(d)(3) to vacate judgement for fraud on the bankruptcy court:

1. Did the Debtor through the Plan Administrator commit Fraud on the Court with the filing of the "Motion for Omnibus Objection to Claim(s) / Debtors Two Hundred and Eighteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim" resulting in the Order Signed on 12/7/2011, "Granting Debtors Two Hundred Eighteenth Omnibus Objection to Disallow and Expunge Certain Claim?"

2. Did the Debtor through the Plan Administrator make material misstatement(s) to the Honorable Judge to portray the Subordinate Guarantee(s) of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI as subordinated to the level of Lehman Brothers Holdings Inc. preferred stock?

3. Were the executory contract rights of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI's Subordinated Guarantee(s), which includes the Important Covenants of Lehman Brothers Holdings and the Non discharge provision violated because of the Expungement and Disallowance Order?

4. Are the executory contract rights of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI's Subordinated Guarantee(s), which includes the Important Covenants of Lehman Brothers Holdings and the Non discharge provision(s) subordinated to the level of Lehman Brothers Holdings Inc.'s equity?

5. Are the executory contract rights within the Prospectuses enforceable?

6. Did the Debtor through the Plan Administrator make material misstatements, misrepresent or concealed transactions relating to the Subordinated Debt Provisions within the Subordinated Debenture, the Lehman Brothers Holdings Indenture Contracts and the Trust Preferred stock which lead to the justification of the expungement and disallowance of the Subordinated Guarantee and the Subordinated Guarantee claims?

7. Did the Debtor through the Plan Administrator make a material misstatement by stating, "As discussed above, because the Trusts' only assets are Subordinated Debt Securities, and because LBHI will not make distributions or payments to holders of Subordinated Debt Securities pursuant to the Plan, the Trusts will not have sufficient funds to make payments on the Trust Preferred Securities. Accordingly, LBHI has no liability under the Subordinated Guarantee and the Subordinated Guarantee Claims should be disallowed and expunged in their entirety.", when in fact payments to holders of Subordinated Debt Securities were made.

8. Did the Debtor through the Plan Administrator make material misstatements to the Bankruptcy Court to lead the court to believe that the Subordinated Debt Provisions within the Subordinated Debentures under Bankruptcy Code 510(a) will be enforced under the Plan to justify the expungement and disallowance of the Subordinated Guarantee and the Subordinated Guarantee Claim?

Respectfully Submitted,

*[signature]*

Dated: September 16th, 2022
Rex Wu
6315 N Campbell
Chicago, IL 60659
312.785.0348
rex_wu@live.com