USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REX WU,

    Appellant,

  v.

LEHMAN BROTHERS HOLDINGS INC.,

    Appellee.

20-CV-5823 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

  On September 30, 2021, the Court issued a memorandum opinion and order dismissing *pro se* Appellant Rex Wu's bankruptcy appeal on the basis that he lacked standing to bring such an appeal in this Court, and that even if he had standing, his claims were meritless. *See Wu v. Lehman Bros. Holdings Inc.*, No. 20-CV-5823 (RA), 2021 WL 4523486 (S.D.N.Y. Sept. 30, 2021). Wu has now filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(3), 60(b)(6), 60(d)(1), and 60(d)(3). The primary basis for Wu's reconsideration motion is that Appellee Lehman Brothers Holdings Inc. purportedly committed "fraud" during the course of the bankruptcy proceeding and subsequent appeals. For the reasons that follow, the motion is denied.[1]

## LEGAL STANDARD

  As a general matter, motions for relief from judgment on any grounds are "not favored and [are] properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts generally . . . require that the evidence in support

---

[1] Due to a docketing error, the Court's Order of January 25, 2022, which stated that Lehman was not required to respond to Wu's reconsideration motion, closed the motion. Wu appealed that Order to the Second Circuit, at which point the Court clarified that the January 25, 2022 Order did not terminate his motion or address its merits. *See* February 1, 2022 Order. Wu then properly withdrew his appeal.

of the motion to vacate a final judgment be highly convincing." *Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017).[2]

Rule 60(b)(3) of the Federal Rules of Civil Procedure authorizes a district court to relieve a party from a final judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations, and to prevail a movant must show that the conduct complained of prevented [him] from fully and fairly presenting his case." *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008).

Rule 60(d)(3), in turn, provides that a court may "set aside a judgment for fraud on the court." "The type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion under Rule 60(b)(3) for fraud on an adverse party." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). Specifically, a fraud on the court consistent with Rule 60(d)(3) "is limited to fraud which seriously affects the integrity of the normal process of adjudication"; in other words, it "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id.* Examples of such conduct "include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge." *United States v. Bennett*, No. 97-CR-0639 (SAS), 2004 WL 736928, at *2 (S.D.N.Y. Apr. 5, 2004). *Accord Philips Lighting Co. v. Schneider*, No. 05-CV-4820 (SLT) (MDG), 2014 WL 4274182, at *6 (E.D.N.Y. Aug. 28, 2014). "To prevail on a Rule 60(d)(3) motion, the movant

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

must show fraud by clear and convincing evidence." *Muyet v. United States*, No. 01-CV-9371 (LAP), 2020 WL 1435028, at *1 (S.D.N.Y. Mar. 23, 2020).

## DISCUSSION

In light of Wu's *pro se* status, the Court has construed his motion as raising the strongest possible arguments that it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Nonetheless, there is no basis to overturn the Court's previous order, as the conduct alleged by Wu does not amount to fraud on the opposing party or on the Court.

Wu's central contention is that Lehman's repeated omission of language from the relevant trust prospectuses in its filings during the bankruptcy litigation misled the judges who have made rulings relevant to his present appeal, including this Court. In particular, Wu alleges that the language bolded below was repeatedly omitted from Lehman's filings when Lehman quoted the prospectuses: "[Lehman's] [g]uarantee will constitute unsecured obligations of [Lehman] and will rank (i) subordinate and junior in right of payment to all other liabilities of [Lehman], (ii) on a parity with the most senior preferred or preference stock **now or hereafter issued by [Lehman] and with any guarantee now or hereafter entered into by [Lehman] in respect of any preferred securities of any affiliate of [Lehman]** and (iii) senior to [Lehman] common stock." *See* Reconsideration Mem. at 5. According to Wu, this editing and omission of "critical words" from the prospectuses' Subordinate Guarantee Provisions, along with alleged misrepresentations Lehman made "to support th[ose] edits," misrepresented the nature of the Subordinated Guarantee.

Wu asserts that this purported fraud began as early as September 16, 2011, when "misrepresentations" made in Lehman's Two Hundred and Eighteenth Omnibus Objection led the Bankruptcy Court (Judge Peck, at the time) to "disallow and expunge the Guarantee." *id.* at 3, 6. He argues that similar misrepresentations were made to Judge Chapman, who assumed the case after Judge Peck retired, *id.* at 13-14, as well as Judge Engelmayer in a prior appeal from the

3

Bankruptcy Court, *id.* at 15-16. The Court assumes that Wu's argument regarding the fraudulent nature of these quotations applies to Lehman's description of the relevant portion of the prospectuses in its brief. *See* Lehman Mem. at 6 ("Each of the Trust Preferred Securities had a prospectus that repeatedly stated that any obligations [Lehman] did have under the Subordinated Guarantees would be subordinate to all of [Lehman's] other liabilities.").

Wu has failed to raise a colorable claim of fraud under either Rule 60(b)(3) or 60(d)(3). First and foremost, the content of the prospectuses had no bearing on any of the grounds for the Court's September 30, 2021 opinion. There, the Court held that Wu lacked appellate standing and that, even if he had such standing, his claims failed for the same reasons that a related appeal failed. *See* Sept. 30, 2021 Opinion (incorporating by reference *Waske v. Lehman Bros. Holdings Inc.*, No. 20-CV-5083 (RA), 2021 WL 4523495, at *1 (S.D.N.Y. Sept. 30, 2021)). None of these grounds related to, or depend on, the prospectus language that Wu cites in this motion.

In any event, even if the language of the prospectuses had some relevance to the Court's prior reasoning, Lehman's omission of the bolded language when quoting the prospectuses was not misleading. The quotation, in its entirety, establishes that the Subordinate Guarantees are (1) subordinate to Lehman's liabilities (that is, to general unsecured creditors in the bankruptcy); (2) in parity with Lehman's "most senior preferred or preference stock"; and (3) senior to Lehman's common stock. Nothing about the bolded passage changes this priority structure; rather, the bolded passage simply clarifies that the Subordinate Guarantees are in parity both with Lehman's "most senior preferred or preference stock" and with "with any guarantee now or hereafter entered into by [Lehman] in respect of any preferred securities of any affiliate of [Lehman]." Lehman's "claim[] that the Guarantee is Pari Passu with [Lehman's] preferred equity," Reconsideration Mem. at 6, is thus an accurate characterization of the full and unedited prospectus language. Even assuming further that Lehman's use of ellipses created a misleading impression as to the contents

4

of the prospectuses, a litigant's selective quotation of documents that are available in full on the public docket is far afield from the type of conduct that would constitute fraud under either Rule 60(b)(3) or 60(d)(3). *See, e.g.*, *Weldon v. United States*, 225 F.3d 647 (2d Cir. 2000) (summary order) (explaining that "general claim[s] that defense counsel mischaracterized the applicable law, and the evidence and affidavits submitted to the district court," do not constitute fraud on the court).[3]

Wu's remaining contentions regarding Lehman's bad motives or deliberate misrepresentations are wholly conclusory and cannot satisfy the substantial burden he bears of establishing fraud on the Court or on an opposing party.

Finally, the Court construes Wu's citation to additional authority—*Mission Products Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652 (2019)—in his December 31, 2021 and January 20, 2022 letters as a motion for reconsideration under Local Rule 6.3. A prior order may be reconsidered if a party can "point to controlling decisions . . . the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

---

[3] Relatedly, any concern that this Court—or any other court that considered this matter—was misled is ameliorated by the fact that the full trust prospectuses were repeatedly submitted to the Court and entered into the record as early as 2011, when they were attached as exhibits to the Two Hundred and Eighteenth Omnibus Objection. *See In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555, Dkt. 20107 (Bankr. S.D.N.Y. Sept. 16, 2011) (hereinafter "Lehman Dkt.") at 62, 123, 184, 247. Indeed, both parties designated the full versions of these documents as part of the appellate record. *See* Appellant's Designation of Bankruptcy Record on Appeal (Nos. 17-20); Appellee's Counter Designation of Bankruptcy Record on Appeal (No. 12). Moreover, this Court reviewed and explicitly cited the full versions of these prospectuses in connection with its disposition of Joseph Waske's appeal of the same underlying order. *See Waske*, 2021 WL 4523495, at *1 (citing Lehman Dkt. 20107 Exs. B-G). In addition to citing the prospectuses from the public docket before this Court, Wu also acknowledges that he highlighted the language he now claims was fraudulently excerpted when arguing his motion before the Bankruptcy Court. *See* Reconsideration Mem. at 14 ("Rex Wu provided the parity language in his motion prior to the Plan Administrator's response through his Objection.") (citing Lehman Dkt. 59614). Indeed, the Bankruptcy Court rejected Wu's reading of the prospectuses *after* Lehman had read the entirety of the relevant prospectus passage, including the clause regarding affiliates. *See* App'x Vol. 2 at A712-36. These repeated submissions of the full prospectus passage further undermine any fraud argument. *See Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir.), *on reh'g in part* 38 F.3d 648 (2d Cir. 1994) (holding that an adversary's "up-front submission of [the] documentary evidence [on which a party had based its claim of fraud to the district court] fundamentally undermines [the party's] claim of fraud on the court"). Accordingly, there is no indication that Lehman's quotations of the prospectuses ever prevented Wu "from fully and fairly presenting his case," *Entral Grp. Int'l, LLC*, 298 F. App'x at 44, either before this Court or before the Bankruptcy Court.

5

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration, however, is not a vehicle to "advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). Wu could have cited this case in his initial appeal, and thus reconsideration may be denied on that basis alone. But *Tempnology* is also irrelevant to the Court's prior dismissal of Wu's appeal. In that case, the Court held that a debtor-licensor's rejection of an executory trademark licensing agreement under section 365 of the Bankruptcy Code does not deprive a licensee of the rights to use the trademark. *See id.* at 1660-66. Wu does not explain, nor can this Court discern, how that holding relates to any of the grounds on which the Court based its September 30, 2021 opinion.

For the foregoing reasons, Wu's motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate the motion at docket number 12 and to mail a copy of this Order to Wu.[4]

SO ORDERED.

Dated: August 24, 2022
New York, New York

RONNIE ABRAMS
United States District Judge

---

[4] Wu has also moved for reconsideration pursuant to Rule 60(b)(6) and Rule 60(d)(1). Relief under either subsection would be improper here.

Rule 60(b)(6), which authorizes a court to grant relief from a final judgment for "any other reason that justifies relief," is a catch-all provision that may only be used where other, narrower provisions of Rule 60 do not apply. *See Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) ("[Rule] (b)(6) applies only when no other subsection is available."); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2d Cir. 1983) ("Rule 60(b)(6) is a broadly drafted 'umbrella provision,' which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply."). As Wu's motion demonstrates, another subsection of Rule 60 applies to his arguments.

Rule 60(d)(1), in turn, provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." "[I]ndependent actions under Rule 60(d)(1) are available only to prevent a grave miscarriage of justice." *Gottlieb v. S.E.C.*, 310 F. App'x 424, 425 (2d Cir. 2009). As the foregoing discussion demonstrates, there is no risk that maintaining the judgment here would constitute a grave miscarriage of justice.

6