# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

September 27, 2022

<u>VIA ECF/EMAIL</u>

The Honorable Shelley C. Chapman, U.S.B.J.
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

   Re: *In re Lehman Brothers Holdings Inc.*,
      Case No. 08-13555 (SCC)

      *Lehman Brothers Holdings Inc. v. 1st Advantage Mortgage. LLC, et al.*,
      Adv. Pro. No. 16-01019 (SCC)

      *Lehman Brothers Holdings Inc. v. Suburban Mortgage, Inc.*,
      Adv. Pro. No. 16-01295 (SCC)

Dear Judge Chapman:

  We represent the Plan Administrator and write regarding Suburban Mortgage, Inc.'s ("Suburban") September 21, 2022 letter to the court enclosing the *Objections of Suburban Mortgage, Inc. to the Bankruptcy Court's Findings of Fact and Conclusions of Law in Determining that Lehman Brothers Holdings Inc. Has Standing to Bring "Contractual Indemnification" Complaint* (the "Objection").[1] The Plan Administrator respectfully requests that the Court dismiss the Objection because it is procedurally improper and responding to the 38-page Objection (excluding exhibits) would be wasteful of the resources of both the Plan Administrator and the Court.

  Suburban has it backwards when it claims that the Court was obligated to make findings of fact and conclusions of law in *denying* its motion to dismiss. In *Carter v. HealthPort*, the Second Circuit addressed an appeal from a decision *granting* a motion to dismiss for lack of standing, which was thus a final order subject to review by the district court. 822 F.3d 47, 57 (2d Cir. 2016) (citing decisions granting summary judgment for defendant). Nothing in Rule 9033 obligates the Court to make findings of fact and conclusions of law in any particular order—rather, it specifies the procedures for objecting "[i]n a proceeding in which the bankruptcy court has issued proposed

---

[1] Case No. 08-13555, Dkt. No. 61499; Adv. Pro. No. 16-01019, Dkt. No. 1725; Adv. Pro. No. 16-01295, Dkt. No. 82.

findings of fact and conclusions of law….” The requirement that bankruptcy courts submit proposed findings of fact and conclusions of law in non-core matters to the district court applies only to final orders or judgments. *In re: Windstream Holdings v. Charter Communs., Inc.*, Nos. 19-22312 (RDD), 19-08246, 2020 Bankr. LEXIS 468, at *1 (Bankr. S.D.N.Y. Feb. 19, 2020) (citing 28 U.S.C.S. § 157(c)(1)). A denial of a motion to dismiss (or a motion for summary judgment) is not a "final order or judgment." *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 205 L.Ed.2d 419, 424, 2020 U.S. LEXIS 526 (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."); *O'Toole v. McTaggart (In re Trinsum Group, Inc.)*, 467 B.R. 734, 741 (Bankr. S.D.N.Y. 2012) ("[An] adversary proceeding being the relevant judicial unit, the order ending the adversary proceeding would generally be the only final order.").

The Objection requests that the District Court treat this Court's recent order as proposed findings of fact and conclusions of law, but no proposed order or motion on this issue is pending before the District Court. In 2018, when this Court denied Suburban's previous motion to dismiss, Suburban and SecurityNational Mortgage Company filed a motion *in the District Court* to treat that denial order as findings of fact and conclusions of law for *de novo* review. Case No. 18-00392 (VEC), Dkt. No. 1. That motion was denied. *See In re Lehman Bros. Holdings*, No. 18-CV-8986-VEC, 2019 U.S. Dist. LEXIS 77887, at *36-*40 (S.D.N.Y. May 8, 2019). Now, Suburban seeks an end run around a similar denial by filing the Objection in this Court without following the proper procedures to initiate a review by the District Court. Suburban fails to satisfy this procedural gating element and the Objection should be struck on that basis alone. Suburban is, in effect, demanding that this Court convert its Order on the motion to dismiss into a final order which it can then appeal.

Suburban's approach is contrary to the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, and the caselaw on point. Rule 9033 requires the Plan Administrator to respond within 14 days—*i.e.*, by October 5, 2022. Suburban's "Objection" runs to 38 pages, not including attachments, and responding would impose significant costs on the Plan Administrator. The "Objection" is without any merit under the Rules or the law and is nothing more than an effort to "multipl[y] the proceedings in [the] case unreasonably and vexatiously." 28 U.S.C. § 1927. The Court is empowered to dismiss the "Objection" *sua sponte*, and the Plan Administrator respectfully requests that the Court do so immediately to avoid incurring additional costs and expenses. *See, e.g., In re: Windstream*, 2020 Bankr. LEXIS at *5 (dismissing *sua sponte* "Objections" to interlocutory orders, and noting that "[b]ecause their Rule 9033 process is self-executing…the Defendants are trying to impose its unwarranted delay, uncertainty and cost…").

Respectfully submitted,

*/s/Brant Duncan Kuehn*
Brant Duncan Kuehn

2

The objection filed by Suburban Mortgage, Inc. [Case No. 08-13555, Dkt. No. 61499; Adv. Pro. No. 16-01019, Dkt. No. 1725; Adv. Pro. No. 16-01295, Dkt. No. 82] (the "Objection") is denied as procedurally improper and substantively without merit.  No further pleadings with respect to the Objection should be submitted by Lehman.

    Dated: September 28, 2022

                                    <u>/S/ Shelley C. Chapman</u>
                                    UNITED STATES BANKRUPTCY JUDGE