UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
REX WU,                                                             :
                                                                    :          22 Civ. 8021 (PAE)
                                        Appellant,                  :
                                                                    :          ORDER
                -v-                                                 :
                                                                    :
LEHMAN BROTHERS HOLDINGS INC.,                                      :
                                                                    :
                                        Appellee.                   :
                                                                    :
------------------------------------------------------------------- :
                                                                    X

PAUL A. ENGELMAYER, District Judge:

On September 20, 2022, a notice of appeal was filed by *pro se* appellant Rex Wu, who challenges a ruling of the U.S. Bankruptcy Court for this District. *See* Dkt. 1. The appeal arises out of the 2008 bankruptcy of appellee Lehman Brothers Holdings, Inc. ("LBHI") and its affiliates. The ruling that was challenged is an order denying Wu's motion filed on April 8, 2019, seeking leave to file a late claim against LBHI. *See id.* at 3. On June 19, 2019, after argument, the Bankruptcy Judge denied Wu's motion to file a late claim against LBHI. *See id.* at 3–4. On November 9, 2022, Wu filed his appellant's brief. Dkt. 6; *see also* Dkt. 9 (updated). On December 16, 2022, LBHI filed its appellee's brief. Dkt. 10. On December 29, 2022, Wu filed a response. Dkt. 12. On January 12, 2023, non-party Dan Ianello wrote an unauthorized letter to the Court in support of Wu's appeal. Dkt. 14. On January 27, 2023, LBHI wrote to the Court alerting to a recent decision in this District with possible relevance to this matter. Dkt. 15. On January 30, 2023, Wu wrote a letter to the Court in further support of his appeal. Dkt. 17.

Under the Bankruptcy Rules, a notice of appeal "shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from," Fed. R. Bankr. P.

8002(a), although "[t]he bankruptcy judge may extend the time for filing the notice of appeal by any party," *id.* 8002(c)(1). "[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (internal quotation marks omitted).

Without procuring any extension from the Bankruptcy Judge, Wu filed his notice of appeal from the June 2019 bankruptcy court order in September 2022, more than three years beyond the 14-day jurisdictional deadline. His appeal is thus untimely. In fact, Wu was put on notice by this Court more than two years ago in March 2020 that an appeal outside the 14-day window would be untimely. In an appeal by another individual involving the same bankruptcy action, Wu filed a *pro se* letter styled as a Motion for Joinder, in which he sought to join that action because he himself "was not able to file an appeal due to an illness." Dkt. 4. (19 Civ. 6397). The Court then instructed Wu that an attempt to join the appeal by joinder "cannot substitute for a timely filed notice of appeal"—that is, an appeal filed 14 days after the final order on June 19, 2019. Dkt. 15 (19 Civ. 6397).

To salvage his untimely appeal, Wu now asserts that an appeal is "timely filed as per [t]he Rules of Civil Procedure, Rule 60(d)(3)."[1] Dkt. 1. The requirements for relief under Rule 60(d)(3) are stringent. Only when fraud "seriously affects the integrity of the normal process of

---

[1] To the extent that Wu's arguments could be construed as a motion under Rule 60(b), that too, would be futile, given that a Rule 60(b) motion seeking relief from a judgment based on fraud "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). And a Rule 60(d)(3) motion "cannot be used to preserve an ordinary Rule 60(b)(3) fraud claim which could have been asserted in a timely manner." *In re Lawrence*, 293 F.3d 615, 622 n.5 (2d Cir. 2002).

2

adjudication" should a court provide relief under Rule 60(d)(3). *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir.), *cert. denied*, 537 U.S. 960 (2002). "Fraud upon the court should embrace 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" *Id.*

Examples of such conduct "include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing the judge." *United States v. Bennett*, No. 97 Crim. 0639 (SAS), 2004 WL 736928, at *2 (S.D.N.Y. Apr. 5, 2004); *accord Philips Lighting Co. v. Schneider*, No. 05 Civ. 4820 (SLT) (MDG), 2014 WL 4274182, at *6 (E.D.N.Y. Aug. 28, 2014). "To prevail on a Rule 60(d)(3) motion, the movant must show fraud by clear and convincing evidence." *Muyet v. United States*, No. 01 Civ. 9371 (LAP), 2020 WL 1435028, at *1 (S.D.N.Y. Mar. 23, 2020).

Even if his appeal were timely—which it is not—Wu does not allege any facts to support a claim of fraud upon the Court. And because the appeal is untimely, the Court lacks jurisdiction to consider the appeal. Accordingly, this matter is dismissed. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 21, 2023
New York, New York