## United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*    Case No. 08-13555 (SCC) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| **STONEHILL MASTER FUND LTD.** | **VÄRDE INVESTMENT PARTNERS, L.P.** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>Stonehill Master Fund Ltd.<br>c/o Stonehill Capital Management LLC<br>320 Park Avenue, 26h Floor<br>New York, New York  10022<br>Attention: General Counsel<br><br>Last Four Digits of Acct. #: N/A | Court Claim Nos.and Amount of Claims (as more specifically set forth on Schedule 1 to the attached Agreement and Evidence of Partial Transfer of Claim):<br><br>(1) with respect to Claim No. 15649, the sum of $109,959,931.40;<br>(2) with respect to Claim No. 32145, the sum of $19,619,743.00;<br>(3) with respect to Claim No. 33007, the sum of $9,501,762.00;<br>(4) with respect to Claim No. 67146, the sum of $136,000,060.37;<br>(5) with respect to Claim No. 67898, the sum of $31,202,171.00;<br>(6) with respect to Claim No. 67899, the sum of $16,801,169.00; and<br>(7) with respect to Claim No. 67902, the sum of $7,744,888.00.<br><br>Last Four Digits of Acct. #: N/A |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**STONEHILL MASTER FUND LTD.**
By:    STONEHILL CAPITAL MANAGEMENT LLC, its Investment Adviser

By: _____[signature]_____    Date: 8/2/23
Name:
Title: Authorized Signatory

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

159-1168/6881005.1

**Execution Version**

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM

     1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, VÄRDE INVESTMENT PARTNERS, L.P. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to STONEHILL MASTER FUND LTD.  ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof:

     (a)     an undivided interest, to the extent and relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) in the amounts as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to such related Proof of Claim Number as specified in Schedule 1 attached hereto (each a "Proof of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc. (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (such undivided interest to the extent of such amount as specified in Schedule 1,  each a "Purchased Claim"),

     (b)     all rights and benefits of Seller relating to each Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to each Purchased Claim or with respect to any of the documents, agreements, bills and/or  other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect each Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with each Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to each Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of each Purchased Claim, but only to the extent related to such Purchased Claim (the "Predecessor Transfer Agreements"),

     (c)     any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to each Purchased Security (as defined below) actually received by Seller prior to May 15, 2023 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claim"), and

     (d)     the commercial paper (the "Purchased Security") relating to each Purchased Claim and specified in Schedule 1 attached hereto.

     For the avoidance of doubt, the parties agree that (x) each Purchased Claim relates to a Purchased Security specified in Schedule 1 attached to this Agreement and Evidence of Partial Transfer of Claim (this "Agreement") and made a part of this Agreement by reference ("Schedule 1"), (y) this Agreement relates only to each Purchased Claim and each Purchased Security  set out on Schedule 1 and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, (ii) arising out of or in connection with the non-transferred portion of the Proof of Claim or the related commercial paper or (iii) that any party other than Seller or any prior seller might have or might pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

     2.     Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) each Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Docket Number 4271 in the Proceedings); (b)  Seller owns and has good and marketable title to the Transferred Claim and each Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller has not previously assigned, sold, factored, transferred, participated or pledged the Transferred Claim or any Purchased Security to any third party, in whole or in part; (d)

Seller is duly authorized and empowered to execute and perform its obligations under this Agreement, and neither the execution, delivery or performance of this Agreement, nor the consummation of the transactions contemplated by this Agreement, will violate or contravene any law, rule, regulation, order, agreement or instrument by which Seller is bound or to which the Transferred Claim is subject; (e) each Proof of Claim includes the applicable Purchased Claim; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than that received by other unsecured creditors of the Debtor holding unsubordinated claims of the same type and class as the Transferred Claim; (g) as and when each Purchased Claim was allowed, distributions related to such Purchased Claim were paid at the same time and in the same pro rata amount (including any catch up distributions) as was received by other creditors holding claims of the same type and class as Purchased Claim and, other than such distributions, no payment or other distribution has been received by or on behalf of any prior seller or Seller in full or partial satisfaction of the Transferred Claims that was not received by other creditors holding claims of the same type and class as each Purchased Claim; (h) Seller is not in breach of or in default pursuant to any Predecessor Transfer Agreement to which Seller is a party; and (i) neither any Purchased Claim nor any part of the Transferred Claim is subject to any counterclaim, defense or claim (including any preference or fraudulent conveyance claim) or right of set-off, reduction, offset, recoupment, disgorgement, impairment, avoidance, disallowance or subordination by Debtor or any other entity (including without limitation by any regulatory body or state or federal governmental agency or commission), nor are any distributions made or to be made in respect of the Transferred Claim subject to any of the foregoing (each such occurrence, an "Impairment").

3.     Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights pursuant to this Agreement without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties and covenants made pursuant to this Agreement.

5.     Seller has transferred, or shall transfer as soon as practicable after the date of this Agreement, where applicable and except as set out on Schedule 1, each Purchased Security to a DTC account designated in writing by Purchaser to Seller upon Seller's receipt of payment of the Purchase Price as set forth in that certain Multilateral Netting Letter among Seller, Purchaser and Seaport Loan Products LLC. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claim. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6.     Seller agrees that any distribution received by Seller on account of the Transferred Claim on or after the trade date as of which Seller and Purchaser confirmed the transaction contemplated pursuant to this Agreement, whether in the form of cash, securities, instruments or any other property, shall constitute property of Purchaser to which Purchaser has an absolute right and that Seller shall hold such property in trust and shall, at its own expense, deliver to Purchaser within three business days any such property in the same form received, together with any endorsement or documents necessary to transfer such property to Purchaser. If Seller fails to pay any such distribution to Purchaser when and as due, then Seller shall pay interest on such amount (including the market value of any

119-2499/6880372.1

securities, instruments or other non-cash property) from (and including) the date on which such distribution was required to be paid to (but excluding) the day such distribution actually is paid to Purchaser, at a rate equal to six percent *per annum* (the "Interest Rate").

7. If (i) all or any portion of any Purchased Claim, Transferred Claim, or related distributions is or becomes subject to an Impairment and/or (ii) Purchaser does not receive payment on account of any Purchased Claim pari passu (including, but not limited to, with respect to the amount or timing of payments) with other unsecured creditors of such Debtor holding claims of the same type and class as the Purchased Claim ((i) and (ii) collectively, a "Disallowance"), upon Purchaser's demand, Seller will pay to Purchaser in an amount equal to (A) the product of the portion of the Claim Amount subject to such Disallowance multiplied by the Purchase Rate set forth in the MLN plus (ii) interest on such product at the Interest Rate for the period between the Effective Date (as such term is defined below) and date such payment is made (a "Disallowance Payment"); provided that, Purchaser's demand for such payment will not be deemed an election of remedies or any limitation on any other rights that Purchaser may have hereunder or under applicable law. In the event an order is entered in the Proceedings disapproving the transfer of any of the Purchased Claims, or in the event that the Bankruptcy Court does not substitute Purchaser for Seller as owner of any of the Purchased Claims, Seller agrees to immediately repay, upon demand of Purchaser, the consideration paid by Purchaser for such Claim hereunder, plus interest at the Interest Rate from the date hereof to the date of repayment.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim and delivering any Predecessor Transfer Agreement and/or supporting documents evidencing or related to the Transferred Claim as Purchaser may reasonably request.

9. Seller's and Purchaser's rights and obligations pursuant to this Agreement are to be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the state and federal courts located in the County of New York in the State of New York with respect to any matter arising with respect to this Agreement, the Transferred Claim or the transaction contemplated pursuant to this Agreement. Each of Seller and Purchaser consents to service of process by certified mail at its address listed on the signature page below. With respect to any matter arising with respect to this Agreement, the Transferred Claim or the transaction contemplated pursuant to this Agreement, Seller and Purchaser waive any right to demand a trial by jury and also waive the defenses of improper venue and *forum non conveniens*.

**(signature page follows)**

- 3 -

IN WITNESS WHEREOF, this Agreement and Evidence of Partial Transfer of Claim is executed this  14  day of  August, 2023 (the "Effective Date").

**SELLER:**

**VÄRDE INVESTMENT PARTNERS, L.P.**
By: Värde Investment Partners G.P., L.P., Its General Partner
By: Värde Investment Partners UGP, LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: _____

Name: Matthew Mach

Title:   Managing Director

**PURCHASER:**

**STONEHILL MASTER FUND LTD.**

By:    STONEHILL CAPITAL
MANAGEMENT LLC, its Investment Adviser


By: _____

Name: _____

Title: _____

IN WITNESS WHEREOF, this Agreement and Evidence of Partial Transfer of Claim is executed this  14  day of August, 2023 (the "Effective Date").

**SELLER:**

**VÄRDE INVESTMENT PARTNERS, L.P.**
By: Värde Investment Partners G.P., L.P., Its General Partner
By: Värde Investment Partners UGP, LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: _____

Name: _____

Title: _____

**PURCHASER:**

**STONEHILL MASTER FUND LTD.**

By:    STONEHILL CAPITAL
MANAGEMENT LLC, its Investment Adviser

By: _____

Name: _____Paul Malek_____

Title: _____Authorized Signatory_____

- 4 -

Schedule 1

Transferred Claim

| Description of Purchased Security | ISIN/CUSIP | Issuer | Guarantor | Purchased Claim/Allowed Amount | Proof of Claim Number(s) |
|---|---|---|---|---|---|
| Lehman Commercial Paper 0 09/19/2008 | 52525MJK5 | Lehman Brothers Holdings Inc. | N/A | $109,959,931.40 | 15649* |
| Lehman Commercial Paper **2.8% 09/15/08** | **52525MJF6** | Lehman Brothers Holdings Inc. | N/A | $130,475,801.00 | With respect to $18,513,171.00 POC # 32145<br><br>$2,371,630.00 POC# 33007<br><br>$109,591,000.01 POC #67146 |
| Lehman Commercial Paper 3.71% 04/24/08 | 52525MKV9 | Lehman Brothers Holdings Inc. | N/A | $7,744,888.00 | 67902 |
| Lehman Commercial Paper FRN 03/11/09 | **52525KAB8** | Lehman Brothers Holdings Inc. | N/A | $34,645,764.36 | With respect to * $1,106,572.00 POC # 32145<br><br>$7,130,132.00 POC# 33007<br><br>$26,409,060.36 POC #67146 |
| Lehman Commercial Paper FRN 10/27/08 | 52525MKT4 | Lehman Brothers Holdings Inc. | N/A | $48,003,340.00 | With respect to $31,202,171.00  POC# 67898<br><br>$16,801,169.00  POC# 67899 |

*The Purchased Claims will be transferring on the claims register via a Bankruptcy Rule 3001(e) notice filed by the Purchaser, but the Purchase Security will not be transferring via DTC

119-2499/6880372.1